# EXHIBIT 5

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION; THE COMMISSIONER OF THE NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION; and THE ADMINISTRATOR OF THE NEW JERSEY SPILL COMPENSATION FUND,<br><br>Plaintiffs,<br><br>vs.<br><br>ATLANTIC RICHFIELD CO.; BP AMERICA, INC.; BP AMOCO CHEMICAL CO.; BP AMOCO CORP.; BP PRODUCTS NORTH AMERICA, INC.; CHEVRON CORP.; CHEVRON U.S.A., INC.; CITGO PETROLEUM CORP.; COASTAL EAGLE POINT OIL CO.; CONOCOPHILLIPS CO.; CROWN CENTRAL PETROLEUM CORP.; DUKE ENERGY MERCHANTS, LLC; EL PASO CORP.; EQUILON ENTERPRISES, LLC; EXXONMOBIL CORP.; EXXONMOBIL OIL CORP.; GEORGE E. WARREN CORP.; GETTY PETROLEUM MARKETING, INC.; GETTY PROPERTIES CORP.; GIANT YORKTOWN, INC.; GULF ACQUISITION LLC; GULF OIL LIMITED PARTNERSHIP; HESS CORP.; IRVING OIL CORP.; IRVING OIL LIMITED; KEWANEE INDUSTRIES, INC.; LYONDELL CHEMICAL CO.; LYONDELL-CITGO REFINING, LP; LUKOIL AMERICAS CORP.; MARATHON PETROLEUM CO., LLC; MARATHON OIL COMPANY; MOBIL CORP.; MOTIVA ENTERPRISES, LLC; THE PREMCOR REFINING GROUP, INC.; ROSEMORE, INC.; SHELL OIL CO.; SHELL OIL PRODUCTS CO. LLC; SHELL TRADING (US) CO.; SUNOCO, INC.; SUNOCO, INC. (R&M); TOTAL PETROCHEMICALS USA, INC; ULTRAMAR ENERGY, INC.; ULTRAMAR LIMITED; UNOCAL CORP.; VALERO ENERGY CORP.; VALERO MARKETING AND SUPPLY CO.; VALERO REFINING CO.-NEW JERSEY; VALERO REFINING & MARKETING CO.; VITOL S.A.; WESTERN REFINING, INC.; and "DOES" 1 -99 (Names Fictitious),<br><br>Defendants. | Removed from<br>Superior Court of New Jersey -<br>Law Division<br>Mercer County<br>Docket No. MER-L-1622-07<br><br>Civil No. _____<br><br>**NOTICE OF REMOVAL** |

## NOTICE OF REMOVAL

TO THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY:

PLEASE TAKE NOTICE that defendants, Exxon Mobil Corporation, Exxon Mobil Oil Corporation and Mobil Corporation (collectively "ExxonMobil"), hereby remove the above-captioned case from the Superior Court of New Jersey for Mercer County, where it was assigned Docket Number MER-L-1622-07, to the United States District Court for the District of New Jersey. The grounds for removal are as follows.

1.   On or about June 28, 2007, Plaintiffs filed a Complaint in this action in the Superior Court of New Jersey for Mercer County, but on information and belief Plaintiffs did not serve that Complaint on any Defendant. On or about September 28, 2007, Plaintiffs filed a Second Amended Complaint in this action in the Superior Court of New Jersey for Mercer County. On or about October 10, 2007, Plaintiffs caused the Second Amended Complaint and an accompanying Summons to be served on certain Defendants. On information and belief, Plaintiffs had not caused any Defendant in this action to be served with a Summons or Complaint prior to October 10, 2007. ExxonMobil is therefore removing this action within 30 days of the first date of service of the action on any Defendant, and thus the removal is timely pursuant to 28 U.S.C. § 1446(b).

2.   Copies of the Summons and the Second Amended Complaint are attached hereto as Exhibit 1, and copies of all other "process, pleadings, and orders" in the underlying action are attached hereto as Exhibit 2, in accordance with 28 U.S.C. § 1446(a).

3.   This Notice of Removal is filed in the District Court of the United States for the district in which this suit was filed.

4.     Pursuant to the requirements of 28 U.S.C. § 1446(d), ExxonMobil will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court of New Jersey for Mercer County, where the action was originally filed. ExxonMobil is also serving Plaintiffs with a copy of this Notice of Removal.

5.     ExxonMobil removes this action pursuant to 28 U.S.C. § 1441 and the Energy Policy Act of 2005. The Energy Policy Act expressly authorizes the removal of claims and legal actions related to allegations involving actual or threatened contamination of methyl tertiary butyl ether ("MTBE") to the appropriate United States District Court. This law was enacted on August 8, 2005. See 42 U.S.C. §§ 7545, *et seq.*, Pub.L. 109-58, Title XV, § 1503. The Energy Policy Act states in relevant part as follows: "Claims and legal actions filed after the date of enactment of this Act [August 8, 2005] related to allegations involving actual or threatened contamination of methyl tertiary butyl ether (MTBE) may be removed to the appropriate United States district court." Pub.L. 109-58, Title XV, § 1503, Aug. 8, 2005, 119 Stat. 1076. Removal is appropriate here pursuant to the Energy Policy Act because, as described in greater detail below, Plaintiffs' claims relate to alleged MTBE contamination.

6.     Plaintiffs allege that they "bring[] this action ... in order to protect and remedy important state interests affected by widespread contamination of the waters of the State of New Jersey with methyl tertiary butyl ether ('MTBE'), a chemical used in gasoline." (Second Amended Complaint ¶1 p. 3.)

7.     Plaintiffs allege that "Defendants in this action are major oil and chemical companies that designed and/or manufactured MTBE and/or supplied gasoline containing MTBE within the State ...." (*Id.* ¶4 p. 4.)

8. Plaintiffs assert numerous allegations about the properties of MTBE, about the Defendants' use of MTBE, and about alleged contamination from spills or releases of MTBE. (*Id.* ¶¶72-102 pp. 15-25.)

9. Plaintiffs assert six counts, all of which are based on allegations of MTBE contamination:

   I. "Strict Product Liability Based on Defective Design" which alleges that MTBE and gasoline with MTBE are defective products. (*Id.* pp. 26-30.)

   II. "Public Nuisance" which alleges that the use and sale of MTBE or gasoline with MTBE created a nuisance. (*Id.* pp. 30-35.)

   III. "Strict Liability Under N.J.S.A. 58:10-23.11 to -23.24" which alleges that Defendants are responsible for discharges of MTBE into the environment. (*Id.* pp. 36-39.)

   IV. "Strict Liability Under N.J.S.A. 58:10A-1 to -35" which also alleges that Defendants are responsible for discharges of MTBE into the environment. (*Id.* pp. 40-44.)

   V. "Trespass" which alleges that MTBE contamination invaded property of the State. (*Id.* pp. 44-49.)

   VI. "Negligence" which alleges that Defendants were negligent in making and marketing MTBE or gasoline with MTBE. (*Id.* pp. 50-55.)

10. Removal of this action is proper under the Energy Policy Act of 2005 because that Act expressly authorizes removal of cases related to MTBE contamination and this action is not just related to MTBE contamination, it is all about MTBE contamination. This is precisely the sort of case Congress provided could be removed under the Energy Policy Act.

11. All Defendants that have been have been served with a Summons and Second Amended Complaint have been consulted by ExxonMobil and consent to ExxonMobil's removal of this action.

12. Copies of Consent to Removal Forms executed by Defendants are attached hereto as Exhibit 3.

WHEREFORE ExxonMobil hereby removes this action from the Superior Court of New Jersey for Mercer County, where it was assigned Docket Number MER-L-1622-07, to the United States District Court for the District of New Jersey.

Dated: November 2, 2007

Respectfully Submitted,

**ARCHER & GREINER, P.C.**

By: _____
Marc A. Rollo (MR3110)
Daniel J. Bitonti (DB5734)

One Centennial Square
Haddonfield, New Jersey 08033
(856) 795-2121
(856) 795-0574 (facsimile)

and

**McDERMOTT, WILL & EMERY LLP**

Peter J. Sacripanti
James A. Pardo
340 Madison Avenue
New York, New York 10173-1922
(212) 547-5400
(212) 547-5444 (facsimile)

Attorneys for Defendants Exxon Mobil Corporation, Exxon Mobil Oil Corporation and Mobil Corporation

# EXHIBIT 6

**A CERTIFIED TRUE COPY**

JAN - 3 2008

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

08 CV 0312

JUDGE SCHEINDLIN

# 1

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 18 2007

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: METHYL TERTIARY BUTYL ETHER ("MTBE")
PRODUCTS LIABILITY LITIGATION

New Jersey Department of Environmental Protection v.
Amerada Hess Corp., et al., D. New Jersey,
No. 3:07-5284

RUBY J. KRAJICK
CLERK OF COURT

BY
Deputy Clerk

MDL No. 1358

**CONDITIONAL TRANSFER ORDER (CTO-31)**

On October 10, 2000, the Panel transferred two civil actions to the United States District Court for the Southern District of New York for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. Since that time, 150 additional actions have been transferred to the Southern District of New York. With the consent of that court, all such actions have been assigned to the Honorable Shira Ann Scheindlin.

It appears that the action on this conditional transfer order involves questions of fact that are common to the actions previously transferred to the Southern District of New York and assigned to Judge Scheindlin.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), this action is transferred under 28 U.S.C. § 1407 to the Southern District of New York for the reasons stated in the order of October 10, 2000, and, with the consent of that court, assigned to the Honorable Shira Ann Scheindlin.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Southern District of New York. The transmittal of this order to said Clerk shall be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 15-day period, the stay will be continued until further order of the Panel.

Inasmuch as no objection is
pending at this time, the
stay is lifted.

JAN - 3 2008

CLERK'S OFFICE
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

A CERTIFIED COPY
J. MICHAEL McMAHON

BY

# EXHIBIT 7

**UNITED STATES JUDICIAL PANEL**
on
**MULTIDISTRICT LITIGATION**

IN RE: METHYL TERTIARY BUTYL ETHER ("MTBE")
PRODUCTS LIABILITY LITIGATION
New Jersey Department of Environmental Protection v.   )
    Amerada Hess Corp.,   )   MDL No. 1358
    S.D. New York, C.A. No. 1:08-00312   )
    (D. New Jersey, C.A. No. 3:07-05284)   )

**SEPARATION OF CLAIMS AND
CONDITIONAL REMAND ORDER**

The transferee court in this litigation has advised the Panel that coordinated or consolidated pretrial proceedings regarding certain claims in the action on this conditional remand order have been completed as to nineteen allegedly contaminated sites (Trial Sites) listed in the suggestion of remand, and that remand of those claims against the referenced non-settling defendants to the transferor court, as provided in 28 U.S.C. §1407(a), is appropriate. *See* Suggestion of Remand (S.D.N.Y. filed Feb. 24, 2015) (Attachment A).[1]

IT IS THEREFORE ORDERED that the claims concerning the nineteen Trial Sites in the above-captioned civil action be separated and remanded to the transferor court, as to the following defendants: Sunoco, Inc.; Sunoco, Inc.(R&M); ExxonMobil Corporation; Mobil Corporation; ExxonMobil Oil Corporation; Getty Petroleum Marketing, Inc.; Getty Properties Corp.; Gulf Acquisition LLC; Gulf Oil Limited Partnership; Cumberland Farms, Inc.; Shell Oil Company; Shell Oil Products Company LLC; Shell Trading (US) Company; BP America, Inc.; BP Amoco Chemical Company; BP Amoco Corporation; BP Products North America, Inc.; and ConocoPhillips Company.

IT IS ALSO ORDERED that, pursuant to Rule 10.2 of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, the transmittal of this order to the transferee clerk for filing shall be stayed 7 days from the date of this order. If any party files a notice of opposition with the Clerk of the Panel within this 7-day period, the stay will be continued until further order of the Panel. This order does not become effective until it is filed in the office of the Clerk for the United States District Court for the Southern District of New York.

---

[1] The suggestion of remand states that, due to settlements and certain pretrial rulings, "the only defendants remaining at the trial sites are: Sunoco, Mobil, ExxonMobil, Getty Properties Corp., Getty Petroleum Marketing Inc., Gulf Oil Ltd. Partnership, Cumberland Farms, Shell, BP, and ConocoPhillips."

IT IS FURTHER ORDERED that, pursuant to Rule 10.4(a), the parties shall furnish the Clerk for the Southern District of New York with a stipulation or designation of the contents of the record to be remanded.

FOR THE PANEL:

Jeffery N. Luthi
Clerk of the Panel