UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
──────────────────────────────── X
:
IN RE: METHYL TERTIARY BUTYL :
ETHER ("MTBE") PRODUCTS :
LIABILITY LITIGATION : ORDER
:
──────────────────────────────── :
: Master File No. 1:00-1898
This document relates to: : MDL 1358 (SAS)
: M21-88
United Water of New York v. :
Amerada Hess Corp., et al, 04 Civ. 2389 :
:
Suffolk County Water Authority v. :
Amerada Hess Corp., et al, 04 Civ. 5424 :
:
City of New York v. Amerada Hess :
Corp., et al., 04 Civ. 3417 :
:
Orange County Water District v. :
Unocal Corp., et al., 04 Civ. 4968 :
:
City of Island Lake v. Amerada Hess :
Corp., et al. (f/k/a Crystal Lake, et al. :
v. Amerada Hess Corp., et al.), 04 Civ. :
2053 :
:
American Distilling & Manufacturing :
Co., Inc. v. Amerada Hess Corp., et al., :
04 Civ. 1719 :
:
Columbia Board of Education v. :
Amerada Hess Corp., et al., 04 Civ. 1716 :
:
Our Lady of the Rosary Chapel v. :
Amerada Hess Corp., et al., 04 Civ. 1718 :
:
Town of East Hampton v. Amerada Hess :

United Water CT, Inc. v. Amerada Hess
Corp., et al., 04 Civ. 1721
----------------------------------------------------X

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

<u>**CASE MANAGEMENT ORDER #17**</u>
(December 20, 2005 Status Conference Orders[1])

It is hereby ORDERED, that:

**I. DISCOVERY**

    **A. 30(b)(6) Depositions**

Documents to be produced by either party, in conjunction with Rule 30(b)(6) depositions and/or used to prepare the witness, should be produced ten calendar days in advance of the deposition. To the extent a supplemental production is needed due to continuing preparations of the witness, that supplemental production should be minimal and not disproportionate to the timely production of documents for the 30(b)(6) deposition. If a witness does not provide the required documents within the time frame ordered here, the party noticing the deposition may adjourn the deposition.

    **B. Threatened Well Discovery**

In *City of New York v. Amerada Hess Corp., et al.*, and *County of*

---

[1] This order sets out various rulings made at a status conference held on December 20, 2005. The order supplements but does not replace any ruling made at the hearing.

2

In *City of New York v. Amerada Hess Corp., et al.,* and *County of Suffolk and Suffolk County Water Authority v. Amerada Hess Corp., et al.*, the parties shall meet and confer before January 19, 2006 (but not January 11, 2006) under the supervision of Special Master Warner to discuss (1) the site remediation files still needed by the plaintiffs, (2) whether defendants should produce a chart listing all release and monitoring well data in the relevant geographic area, and (3) a schedule and plan for narrowing plaintiffs' discovery requests based on the chart. Counsel shall report to the Court at the next status conference on January 26, 2006 (pursuant to the schedule for pre-conference letters) as to the resolution of this dispute.

### C. Discovery of "Other Contaminants"

Disputes over defendants' requests and plaintiffs' objections with respect to discovery of "other contaminants" in *County of Suffolk and Suffolk County Water Authority v. Amerada Hess Corp., et al.* are referred to Special Master Warner.

### D. Discovery Scheduled for Dispositive Motions: Depositions and Responsive Documents

If any disputes arise as to production of documents identified by a witness or used to prepare a witness for deposition with respect to defendants' anticipated motions raising (1) statute of limitations, (2) primary jurisdiction, (3)

3

non-justiciable political question, and/or (4) standing, such disputes are referred to Special Master Warner, unless such issues arise in the case of *Orange County Water District v. Unocal Corp., et al.*

## II. MOTIONS

### A. Third-Party Complaints and Motions to Sever

There is no limitation to defendants' third-party pleading.[2] If plaintiffs intend to file motions to sever third-party complaints in the Illinois and/or Connecticut cases, they should file their motions for both states thirty days from the filing of the first third-party complaint in any Connecticut case. If third-party complaints are *not* filed in any Connecticut case by February 28, 2006, plaintiffs may then file motions to sever third-party complaints in the Illinois cases. Thereafter, plaintiffs may move to sever any third-party complaints as they deem appropriate.

### B. Statute of Limitations

#### 1. *Orange County Water District v. Unocal Corp., et al.; City of New York v. Amerada Hess Corp., et al.*

If defendants intend to file a case-dispositive motion based on the statute of limitations they should do so by February 15, 2006. Plaintiffs'

---

[2] The extent of discovery allowed in the third-party actions is not affected by this order.

-4-

opposition to this motion is due March 15, 2006. Defendants' reply is due April 14, 2006. This does not preclude defendants from making limited statute of limitations motions at a later date.

> 2. *County of Suffolk and Suffolk County Water Authority v. Amerada Hess Corp., et al.; United Water New York Inc. v. Amerada Hess Corp, et al.*

If defendants intend to file a case-dispositive motion based on the statute of limitations they should do so by February 27, 2006. Plaintiffs' opposition to this motion is due March 27, 2006. Defendants' reply is due April 27, 2006. This does not preclude defendants from making limited statute of limitations motions at a later date.

### C. Primary Jurisdiction

> 1. *County of Suffolk and Suffolk County Water Authority v. Amerada Hess Corp., et al.; City of New York v. Amerada Hess Corp., et al.; United Water New York Inc. v. Amerada Hess Corp, et al.*

Defendants shall serve plaintiffs with a list of three sites on which they intend to base their primary jurisdiction motion by December 24, 2005. Plaintiffs and defendants shall meet and confer on the defendants' need for site remediation files and other records which may be in the plaintiffs' custody or control with respect to those three sites. Plaintiffs will then provide the relevant documents to defendants within one week of the meeting and will make best

efforts to expedite obtaining records from the New York State Department of Environmental Conservation.

If defendants intend to file a primary jurisdiction motion they must do so by January 27, 2006. Plaintiffs' opposition to this motion is due February 24, 2006. Defendants' reply is due March 20, 2006.

### 2. *Orange County Water District v. Unocal Corp., et al.*

Counsel shall schedule the continuation of Mr. Roy Herndon's deposition during the second week of January. This deposition shall be supervised by a court-appointed Special Master. If defendants intend to file a motion based on primary jurisdiction they should do so by January 27, 2006. Plaintiffs' opposition to this motion is due February 24, 2006. Defendants' reply is due March 20, 2006.

### D. Non-Justiciable Political Question

If defendants intend to make a non-justiciability motion ("political question") in any or all of the four focus cases, they should do so by January 23, 2006. Plaintiffs' opposition to this motion is due February 23, 2006. Defendants' reply is due March 17, 2006.

### E. Justiciability/No Impact/Lack of Imminent Threat/Lack of Standing

If defendants intend to make a motion in any or all of the four focuses

6

that plaintiffs lack standing because (1) the plaintiff has not sustained injuries or damages for which it is *entitled* to recover under California law, (2) the known contamination is below the state's maximum contaminant levels, and/or (3) no contamination has yet occurred, defendants must do so by January 23, 2006. Plaintiffs' opposition to these motions is due February 23, 2006. Defendants' reply is due March 17, 2006.

F.   **Motion to Apply Causation Theories**

Defendants shall serve plaintiffs with the list of two sites they intend to rely on in opposing plaintiffs' Motion to Apply Causation Theories in *County of Suffolk and Suffolk County Water Authority v. Amerada Hess Corp., et al.* by January 10, 2006. The following schedule shall be followed for fully submitting the motion:

| | |
|---|---|
| Plaintiffs' motion: | December 16, 2005 (done) |
| Defendants' opposition: | March 7, 2006 |
| Plaintiffs' reply: | April 7, 2006 |

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:   New York, New York
         December 22, 2005

## -Appearances-

**Liaison Counsel for Plaintiffs:**

Robin Greenwald, Esq.
Robert Gordon, Esq.
C. Sanders McNew, Esq.
Weitz & Luxenberg, P.C.
180 Maiden Lane
New York, NY 10038
Tel: (212) 558-5500
Fax: (212) 344-5461

**Liaison Counsel for Defendants:**

Peter John Sacripanti, Esq.
James A. Pardo, Esq.
Stephen J. Riccardulli, Esq.
McDermott, Will & Emery LLP
50 Rockefeller Plaza, 11th Floor
New York, NY 10020
Tel: (212) 547-5583
Fax: (212) 547-5444