# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE: METHYL TERTIARY BUTYL ETHER ("MTBE") PRODUCTS LIABILITY LITIGATION | * * * | Master File No.: 00-Civ. 1898 MDL No.: 1358 (SAS) |
| This document relates to: | * | |
| Hope Koch, et. al. v. John R. Hicks, et. al., No. 05-cv-05745 SAS | * | |

\* \* \* \* \* \* \* \* \* \* \*

## DEFENDANT HICKS' RESPONSE TO THE MOTION FOR CLASS CERTIFICATION

John R. Hicks, by his undersigned counsel, files this Response to the Koch Plaintiffs' Motion for Class Certification, pursuant to Rule 23 and which sought the certification of two subclasses. Hicks relies on the accompanying Memorandum of Law to argue that the Motion for Class Certification be denied or that the number of subclasses be increased substantially and the area subject to the class certification be limited.

WHEREFORE, the Defendant, John R. Hicks, requests that this Court enter an Order:

a. That DENIES the Plaintiffs' Motion for Class Certification;

b. That, in the alternative to denial of the Plaintiffs' Motion for Class Certification, DENY the certification of only two subclasses;

c.     That, in the alternative to denial of the Plaintiffs' Motion for Class Certification, ENTER an Order that restricts the geographic size of the area subject to the class certification;

d.     That GRANTS the Defendant, John R. Hicks, such further relief as the Court deems appropriate.

 

 

__December 1, 2006__
Date

Paul W. Ishak, Esquire    Bar No. 06018
Stark and Keenan, P.A.
30 Office Street
Bel Air, Maryland 21014
(410) 879-2222/838-5522 (telephone)
(410) 879-0688 (facsimile)

Attorneys for John R. Hicks

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

IN RE: METHYL TERTIARY     *     Master File No.: 00-Civ. 1898
BUTYL ETHER ("MTBE")            MDL No.: 1358 (SAS)
PRODUCTS LIABILITY     *
LITIGATION
                    *

This document relates to:     *

Hope Koch, et. al. v. John R. Hicks,     *
et. al., No. 05-cv-05745 SAS
     *     *     *     *     *     *     *     *     *     *     *

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of December, 2006, service of Defendant Hicks' Response to the Motion for Class Certification and Memorandum of Law in Support of Defendant Hicks' Response to the Motion for Class Certification was sent via first-class mail, postage prepaid to:

| | |
|---|---|
| Charles J. Piven, Esquire<br>Marshall N. Perkins, Esquire<br>Law Offices of Charles J. Piven, P.A.<br>The World Trade Center<br>401 East Pratt Street<br>Suite 2525<br>Baltimore, Maryland 21202<br><br>Attorneys for Plaintiffs | Lon Engel, Esquire<br>Engel & Engel, P.A.<br>11 East Lexington Street<br>Suite 200<br>Baltimore, Maryland 21202<br><br>Attorneys for Plaintiffs |
| Scott D. Shellenberger, Esquire<br>Mary V. McNamara-Koch, Esquire<br>Karyn S. Bergmann, Esquire<br>Law Offices of Peter G. Angelos<br>Suite 2200<br>100 North Charles Street<br>Baltimore, Maryland 21201<br><br>Attorneys for Plaintiffs | Andrew Gendron, Esquire<br>Michael J. De Vinne, Esquire<br>Venable, LLP<br>Two Hopkins Place<br>Suite 1800<br>Baltimore, Maryland 21201<br><br>Attorneys for ExxonMobil<br>Corporation |

Robin Greenwald, Esquire
Robert Gordon, Esquire
C. Sanders McNew, Esquire
Weitz & Luxenberg, P.C.
1800 Maiden Lane
17th Floor
New York, New York 10038

Plaintiffs' Liaison Counsel

Peter J. Sacripanti, Esquire
McDermott, Will & Emery
50 Rockefeller Plaza
New York, New York 10020

Defendants' Liaison Counsel

_____
Paul W. Ishak, Esquire

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

IN RE: METHYL TERTIARY     *     Master File No.: 00-Civ. 1898
BUTYL ETHER ("MTBE")        MDL No.: 1358 (SAS)
PRODUCTS LIABILITY         *
LITIGATION

                            *

This document relates to:        *

Hope Koch, et. al. v. John R. Hicks,    *
et. al., No. 05-cv-05745 SAS
     *     *     *     *     *     *     *     *     *     *

## <u>ORDER</u>

The Court having considered the Motion for Class Certification does on this

____ day of _____, 2006:

    a.     DENIES the Plaintiffs' Motion for Class Certification;

    b.     DENIES the certification of only two subclasses and ORDERS that

          more than two subclasses be certified;

    c.     ORDERS that the geographic size of the area subject to the class

          certification be limited to a 0.5 mile radius surrounding the Crossroads

          Exxon;

    d.     GRANTS the Defendant, John R. Hicks, such further relief as the Court

          deems appropriate.

        SO ORDERED:       _____

                                   Shira A. Scheindlin, Judge,
                                   United States District Court,
                                   Southern District of New York

cc: Paul W. Ishak, Esquire
Andrew Gendron, Esquire
Michael J. De Vinne, Esquire
Robert Gordon, Esquire
Robin Greenwald, Esquire
C. Sanders McNew, Esquire
Lon C. Engel, Esquire
Scott Shellenberger, Esquire
Mary V. McNamara-Koch, Esquire
Karyn Bergmann, Esquire
Charles Piven, Esquire
Marshall N. Perkins, Esquire
Peter Sacripanti, Esquire

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE: METHYL TERTIARY BUTYL ETHER ("MTBE") PRODUCTS LIABILITY LITIGATION | * * * | Master File No.: 00-Civ. 1898 MDL No.: 1358 (SAS) |
| This document relates to: | * | |
| Hope Koch, et. al. v. John R. Hicks, et. al., No. 05-cv-05745 SAS | * | |

\* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT HICKS' RESPONSE TO THE MOTION FOR CLASS CERTIFICATION

John R. Hicks, Defendant, by his undersigned counsel submits this Memorandum of Law in Support of his Response to the Plaintiffs' Motion for Class Certification.

  December 1, 2006  
        Date

Paul W. Ishak, Esquire    Bar No. 06018
Stark and Keenan, P.A.
30 Office Street
Bel Air, Maryland 21014
(410) 879-2222/838-5522 (telephone)
(410) 879-0688 (facsimile)

Attorneys for John R. Hicks

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION                                                    1

II.  APPLICABLE LAW                                                  3

III. ARGUMENT                                                        4

    A.   The Plaintiffs' requested class members are unable to be defined and cannot be properly notified of the claim.

    B.   In the alternative to an outright denial of class certification, the Court should Order more than two subclasses.

    C.   In the alternative to an outright denial of class certification, the Court should enter an Order that restricts that geographic size of the area subject to class certification.

IV.  CONCLUSION                                                      14

# TABLE OF AUTHORITIES
## CASES

Page

Brady v. Ralph M. Parsons Co., 327 Md. 275, 609 A.2d 297 (1992).          3

Campbell v. Baltimore Gas and Electric Company, 95 Md.App. 86,          3
619 A.2d 213 (1993).

Creveling v. GEICO, 376 Md. 72, 828 A.2d. 229 (2003).          3

Faith v. Keefer, 127 Md.App. 706, 736 A.2d 422 (1999).          3

Gregory v. Finova, 442 F.3d 188, 191 n. 3 (4th Cir. 2006).          10

Jacobs v. Flynn, 131 Md.App. 342, 749 A.2d 174 (2000).          9

Johnson v. Chrysler Credit Corp., 26 Md.App. 122,          4
337 A.2d 210 *cert. denied*, 275 Md. 748 (1975).

Philip Morris v. Angeletti, 358 Md. 689, 752 A.2d 200 (2000).          7, 12

Rosenblatt v. Exxon Co., 335 Md. 58, 642 A.2d 180 (1994).          8

Thelen v. Mass. Mut. Life, 111 F.Supp.2d 688 (2000).          4, 9

Weyerhaeuser v. Koppers, 771 F.Supp 1406 (D.Md. 1991).          9

Wilson v. LeMoyne, 204 F. 726 (4th Circ. 1913).          9

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

IN RE: METHYL TERTIARY      *     Master File No.: 00-Civ. 1898
BUTYL ETHER ("MTBE")           MDL No.: 1358 (SAS)
PRODUCTS LIABILITY        *
LITIGATION

                              *

This document relates to:        *

Hope Koch, et. al. v. John R. Hicks,    *
et. al., No. 05-cv-05745 SAS
     *     *     *     *     *     *     *     *     *     *     *

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT HICKS' RESPONSE TO THE MOTION FOR CLASS CERTIFICATION

Defendant, John R. Hicks, by his undersigned counsel, files this Memorandum of Law in Support of his Response to Motion for Class Certification and says:

### I
### INTRODUCTION

The Plaintiffs' action broadly alleges that the Defendant, John R. Hicks ("Hicks"), operated the Crossroads Exxon and had the same knowledge that the Defendant, Exxon Mobil Corporation ("Exxon"), had regarding the use of MTBE in gasoline and the nature and level of MTBE contamination in the area surrounding the Crossroads Exxon. Repeatedly in its current Motion for Class Certification, the Plaintiffs advance the theory that a series of test results taken from wells and soil surrounding the Crossroads Exxon were delivered to and shared with Hicks. In addition, the Plaintiffs state that the various government agencies that became involved in the testing, the Maryland Department of the Environment ("MDE") and

the Harford County Health Department ("HCHD"), required Hicks to do investigations at the site. Those factual allegations in the Complaint and the new factual statements made in the Motion for Class Certification ("Motion") are denied by Hicks. At no time was Hicks an owner of the real property or the tanks at the Crossroads Exxon.

While Hicks understands that the Court will, at this stage of the proceedings, continue to accept as true the Plaintiffs' allegations in the Complaint, the new factual statements in the Motion do not receive that benefit. Based on the allegations in the Complaint and their Motion, the Plaintiffs seek class certification of only the following two subclasses:

1.  A homeowner subclass for all persons owning real property in the vicinity; vicinity being left undefined other than a contamination area plus a buffer zone "less than 20 square miles in size."

2.  A medical monitoring subclass for all persons residing in and who consumed groundwater drawn from a well in the vicinity from 1989 to the present.

No other guidance was provided to the Court concerning the definition of the subclasses other than the allegation that wells in a 1.5 mile radius around the Crossroads Exxon have tested positive for MTBE. At deposition, the class representatives sought a class certified for a three-mile radius. See Deposition of Jennifer Stevens at p. 160, attached as Exhibit A.

Some of the facts advanced by the Plaintiffs in support of their claim regarding

MTBE are:

1. MTBE is highly soluble and travels faster and further in groundwater than do other gasoline components.

2. MTBE persists in underground aquifers for long periods of time.

3. The wells of the proposed class members draw from the same aquifer.

4. The safest allowable MTBE level in drinking water for humans is zero.

5. The proximity of hazardous substances negatively impacts property values.

## II
## APPLICABLE LAW

The Court has previously ruled that in this case Maryland law shall apply. The Plaintiffs are entitled to the same treatment they would receive in state court — no more and no less. In Maryland, a complete bar to a plaintiff's recovery is contributory negligence or assumption of the risk. Campbell v. Baltimore Gas and Electric Company, 95 Md.App. 86, 619 A.2d 213 (1993). The members of the two proposed classes will not share common issues of liability where members, by their own conduct, contributed to their alleged damages or assumed the risk of injury or damage. See Faith v. Keefer, 127 Md.App. 706, 736 A.2d 422 (1999); Brady v. Ralph M. Parsons Co., 327 Md. 275, 609 A.2d 297 (1992). Where issues of fact show a lack of commonality in advancing the litigation of the entire case, a class action may not be appropriate. Creveling v. GEICO, 376 Md. 72, 828 A.2d. 229 (2003). Regarding

notice to proposed class members, the Plaintiffs bear the burden of paying the costs of any notice to class members. <u>Johnson v. Chrysler Credit Corp.</u>, 26 Md.App. 122, 337 A.2d 210 *cert. denied*, 275 Md. 748 (1975). Lastly, with regard to the tolling of limitations, in Maryland the filing of similar class actions does not toll the statute of limitations. <u>Thelen v. Mass. Mut. Life</u>, 111 F.Supp.2d 688 (2000).

## III
## ARGUMENT

### A.   <u>The Plaintiffs' requested class members are unable to be defined and cannot be properly notified of the claim.</u>

As noted, the Plaintiffs have requested that the class members in this case be homeowners in the "vicinity" and claim that the vicinity is the contaminated area without defining that area, along with a buffer zone of less than twenty square miles. While the Plaintiffs seem to define this class as persons who are current homeowners and not past owners, it is not clear whether the Plaintiffs are including only land that is used for a single family residence.  For example, the Plaintiffs' requested class could include a home on land that is used for farming operations, many of which operations routinely use underground storage tanks. Or, the Plaintiffs' requested class could include a home on land that was not subdivided, but which also had a commercial use thereon.

The Order that the Court may enter must define the class.  However, it is not entirely clear who the Plaintiffs seek to represent in their claim against Hicks, the

4

station operator. On one hand, the Plaintiffs advise that 180 households have retained Plaintiffs' counsel and that they presumably live within 1.5 miles of the Crossroads Exxon; but on the other hand, the Plaintiffs seek a buffer zone of "less than 20 miles." Would homeowners in the buffer zone also be class members?

In light of the Plaintiffs' allegations regarding the properties of MTBE, it is not likely that the Plaintiffs seek to limit the class to an area of 1.5 miles surrounding the Crossroads Exxon. However, the proposed buffer zone would include all of Harford County, including the municipalities of Bel Air, Aberdeen and Havre de Grace, the Aberdeen Proving Ground, portions of Cecil County, Maryland, including the municipality of Port Deposit, large portions of Baltimore County, and portions of Baltimore City and southern Pennsylvania. Significantly, another recent discovery of MTBE in a public school well in Harford County has been made public by media reports. That school was located next to another gasoline station unrelated to the Defendants. That school and gasoline station were less than six miles away from the Crossroads Exxon in Forest Hill. Yet, the Plaintiffs' overbroad request for a subclass would include in their claim against Hicks the homeowners who reside near or next to this unrelated gasoline station six miles away. See Copy of The Aegis, June 28, 2006, attached hereto and marked Exhibit B.

Of even more significance is the fact that within the 1.5 mile radius of the Crossroads Exxon described by the Plaintiffs lies the Colonial Pipeline. This pipeline,

which the U.S. Government maintains suffers from corrosion, cracks and mechanical damage, delivers 83 million to 100 million gallons of gasoline daily. The Colonial Pipeline is checked for leaks by aerial observation. The Bel Air Station facility had a documented leak in 1998, and the Aberdeen Junction facility had a leak in 1994. The Bel Air Station is less than 1.5 miles from the Crossroads Exxon. See Press Release, October 21, 1997, Site Map, Home Page, EPA Settlement; Press Release, November 28, 2000; Department of Justice and EPA Press Release; ADC Map and Tax Map, and MDE Fact Sheet Summary of Pipeline Protection, MDEF008978/79 collectively marked Exhibit C and which shows the proximity of the line to the Crossroads Exxon. The Colonial Pipeline rests above the same aquifer described by the Plaintiffs. Both the aquifer and the Colonial Pipeline traverse Harford County. Despite the existence of this potential source of contamination recognized by MDE in this case, the Plaintiffs would include as class members against Hicks all of the households that border the Colonial Pipeline in Harford County.

In summary, the geographic size of the class advanced by the Plaintiffs is too large, and the persons of interest in the claim too vaguely defined. Since adequate notice cannot be properly provided to these proposed class members, the Court should deny the request for class certification outright.

The other class advanced by the Plaintiffs is one for medical monitoring for those who reside in and who consumed groundwater from wells in the "vicinity" from

6

1989 to the present. This group has the same geographic issues as the homeowner group; however, this group has the added problem of determining residency, length of residency and how residency will be proven. Another issue is how is consumption of water in this area going to be proven or verified? What if class members consumed water from other areas which may have MTBE contamination? Some class members have more than one home. See Deposition of Hope Koch at pages 300-301 attached hereto as Exhibit D, where Koch admits that her property on Franklin's Chance is not her principal residence. The Plaintiffs have given the Court no guidance on how they will define this group and provide class members with adequate notice. This group also presents a potential for conflict of interest, since "residents" could include tenants who drank water where the homeowner or landlord knew of the alleged contamination, but were not warned of the MTBE, may have a claim against the homeowner. This issue raises the concern of the typicality requirement, which sees to make certain that the representative parties be squarely aligned with all class members. Philip Morris v. Angeletti, 358 Md. 689, 752 A.2d 200 (2000). The same concerns factor into whether a court is convinced that the class members have adequate representation. Id. For these reasons, the request for medical monitoring should be denied as requested.

This Defendant should not have to guess who the Plaintiffs seek to represent in their class certification request. The Plaintiffs have the burden to show the Court

that they can define who the class members are, and that they can provide adequate notice to them and that they will be adequately represented without conflicts of interest. The Plaintiffs cannot do so, and as a result their Motion for Class Certification as requested should be denied.

**B.** **In the alternative to an outright denial of class certification, the Court should Order more than two subclasses.**

The basis for the Plaintiffs' claim against Hicks is that Hicks was a gasoline station operator working in conjunction with Exxon and with full knowledge of MTBE. The Plaintiffs cite to <u>Rosenblatt v. Exxon Co.</u>, 335 Md. 58, 642 A.2d 180 (1994) for the proposition that Hicks should be liable, even though <u>Rosenblatt</u> dealt with a gasoline station owner who owned the leaking tanks in question. Hicks has never owned the real property or the tanks at the Crossroads Exxon. His level of knowledge was limited and not that of a property owner. The reports from MDE and HCHD, though public documents, were not given to him. MDE and HCHD did not direct Hicks to conduct investigations as a property owner. Instead, it is the Plaintiffs who are the property owners. Some of the proposed class members owned their property before Exxon opened the station in or about 1987. Some of the proposed class members purchased their property after the station was built. <u>See</u> Stevens Deposition, <u>Exhibit A</u>.

For all of these individuals, there were a series of public reports available for

review. Using the Plaintiffs' logic, that those reports put Hicks on notice, even though he never saw them, then the Plaintiffs should be on notice of their existence as they were property owners or purchasers of property in the vicinity. Such knowledge on the Plaintiffs' part would bring into question the statute of limitations or other defenses like estoppel, contributory negligence and assumption of the risk. See Jacobs v. Flynn, 131 Md.App. 342, 749 A.2d 174 (2000); Weyerhaeuser v. Koppers, 771 F.Supp 1406 (D.Md. 1991); Wilson v. LeMoyne, 204 F. 726 (4th Circ. 1913); Thelen, *supra*.

Even if the Plaintiffs attempt to argue that they did not have actual knowledge, such knowledge can be imputed to them as property owners where they did not make a reasonable inquiry. See Wilson v. LeMoyne where a purchaser had the opportunity to discover the condition of his property and failed to ascertain the true condition of his property. In such a case, the statute of limitations will bar a recovery. In Weyerhaeuser v. Koppers, even an ambiguous identification of a contaminated property can put a property owner on notice of a potential claim.

Another subclass of homeowners would be those who purchased after the media reports surfaced about the alleged contamination at the Crossroads Exxon. Even one of the class representatives has indicated that those who purchased after the media reports surfaced are not likely to be able to make a claim. See Deposition of Timothy Stevens at pages 203 and 204 marked and attached hereto as Exhibit E.

Maryland law would prevent their recovery based on a number of grounds, like assumption of risk and estoppel.

Yet another class of homeowners are those who do not reside on a lot where the sole use is residential. For example, some homeowners conduct farming operations and small businesses on their properties. See Timothy Stevens Deposition at Page 205, Exhibit E. Many had underground storage tanks or other sources of contamination. There are a series of defenses that, under Maryland law, would exclude their recovery, like contributory negligence or estoppel.

Another class of homeowners are those who have underground storage tanks on their own property, as opposed to those without such devices. Where those tanks have leaked or been accidentally overfilled, the defenses of contributory negligence or estoppel could prevent a recovery.

The favored position is to not have small numbers of classes, but instead numerous subclasses, so that the issues of commonality, typicality and adequate representation will be met. Gregory v. Finova, 442 F.3d 188, 191 n. 3 (4th Cir. 2006). Based on the unique facts of this case, the Plaintiffs' request for only one subclass of homeowners should be denied. More numerous subclasses should be required if a class certification is to be approved.

As to the number of subclasses for medical monitoring, the exact same issues apply. In addition to the homeowner issues, however, this proposed class could

include persons like tenants who may have potential claims against the homeowners. In light of that potential conflict of interest or concerns about adequacy of representation, the Court should, if it approves such a class, limit the class to homeowners and their immediate family members.

C.   **In the alternative to an outright denial of class certification, the Court should enter an Order that restricts that geographic size of the area subject to class certification.**

As argued above, the Plaintiffs seek an undefined area to subject to the class certification. Rule 23 requires that the Court define the class. Thus, leaving the area to a vague description advanced by the Plaintiffs is not advisable. Instead, the area should be set by a clear, readily identifiable measure like a measured radius from the Crossroads Exxon.

The Plaintiffs have advanced the notion that in a 1.5 mile radius or three mile radius they have potential clients with wells with MTBE contamination. The Plaintiffs seek to expand that buffer out to "less than 20 miles." The Plaintiffs' request is overbroad and overlooks the fact that within that 1.5 mile radius is a gasoline transmission line owned by Colonial Pipeline delivering 83 to 100 million gallons of gasoline every day. Two documented leaks have occurred with that facility. Based on the past performance of that pipeline in other areas of the country and the weak review of its operations, it is a strong potential source of contamination

11

of the aquifer in question.

Yet, some of the representative class members have restricted their claim to the named Defendants. <u>See</u> Deposition of Drake Roche at pages 121-122 attached and marked <u>Exhibit F</u>. They appear unwilling to add additional Defendants. While at the same time, the Plaintiffs seek so broad an area subject to the class certification that it would include members in several different counties, different states and an Army base. The overbroad area requested by the Plaintiffs includes all properties bordering the Colonial Pipeline in Harford County, yet these same parties want to narrowly focus the case solely against Exxon and Defendant Hicks. That lack of vigor by the class representatives, from Hicks' vantage point, calls into question the adequacy of the class representatives. <u>See</u> <u>Philip Morris</u>, *supra*. It also calls into question whether the typicality requirement is met, as the class representatives do not appear to be protecting the best interests of the proposed class members. <u>Id</u>.

Since the Plaintiffs are unwilling to add additional parties and narrowly focus the case, then the geographic area for the class representation should also be narrowly focused. With the other gasoline stations in the area and with the Colonial Pipeline in such close proximity, Hicks requests that the Court consider the area subject to class certification be within a 0.5 mile radius of the Crossroads Exxon.

The Plaintiffs' own expert, Richard K. Spruill, Ph.D., during his deposition admitted that the radius of effect of the alleged leak at the Crossroads Exxon station

was four to five hundred feet and not the 1.5 mile radius advanced by the Plaintiffs. See Deposition Transcript, Spruill, at pages 632-636 attached hereto as Exhibit G.

The Plaintiffs' own expert, Richard K. Spruill, Ph.D., during his deposition admitted that he felt additional testing in the area of Rutledge Road was needed. See Deposition Transcript of Spruill at pages 245-246 attached hereto as Exhibit H.

When confronted with the fact that not only the Colonial Pipeline crosses Rutledge Road, but that the Colonial Pipeline Transmission Corporation owns a transmission facility near Rutledge Road, Dr. Spruill admitted that if the Colonial Pipeline ran parallel to Baldwin Mill Road and if it had documented releases, he would be interested in knowing that. See Deposition Transcript, Spruill, at pages 639-642 attached hereto and marked Exhibit I. The Colonial Pipeline does run parallel with Baldwin Mill Road, as shown on Exhibit C, and instead of turning westward away from Baldwin Mill Road as Dr. Spruill believed, See Exhibit I at 641, the Colonial Pipeline actually crosses Baldwin Mill Road at Parkwood Drive as shown in Exhibit C. The Colonial Pipeline's transmission facility is located on a twenty-nine acre parcel near the end of Rutledge Road within a mile and a quarter of the Crossroads Exxon. Upon information and belief, the Colonial Pipeline has been in operation since 1982. See State Department of Assessment and Taxation Records marked as Exhibit J. According to MDE's own Fact Sheet Summary, the Colonial Pipeline in Harford County has had two documented releases of gasoline. The

13

pipeline's observation of leaks is done partially by aerial observation. Based on Dr. Spruill's own stated concerns with the Colonial Pipeline and whether it had documented releases and its proximity to Rutledge Road and Baldwin Mill Road, the geographic size of the class should not be granted as requested by the Plaintiffs to a size of a three mile radius from the Crossroads Exxon. Instead, the current information would indicate that no class certification be granted due to the other potential sources of contamination of the aquifer, or the geographic size of the area subject to class certification should be restricted to a 0.5 mile radius around the Crossroads Exxon for both the proposed homeowners class and medical monitoring class.

## CONCLUSION

The Plaintiffs have advanced the notion that MTBE travels faster and further in ground water than other compounds and remains in the aquifer for many years. The Plaintiffs have advanced the notion that the aquifer which traverses Harford County is to be considered contaminated even with 1 ppb of MTBE. The Plaintiffs would have the Court ignore all of the other potential sources of contamination of this aquifer. At the same time, the Plaintiffs request a class certification naming all of the persons using the aquifer for a distance of "less than 20 miles" from the gasoline station as the Plaintiffs against the station operator, Rick Hicks. The Plaintiffs' request is vague and overbroad and should be denied. In the alternative, the Court

should consider a limited geographic size of the class area to an area that would not include the Colonial Pipeline which is less than 1.5 miles from the Crossroads Exxon. This Defendant respectfully requests that the area subject to class certification be limited to a 0.5 mile radius from the Crossroads Exxon.

__December 1, 2006__
Date

Paul W. Ishak, Esquire     Bar No. 06018
Stark and Keenan, P.A.
30 Office Street
Bel Air, Maryland 21014
(410) 879-2222/838-5522 (telephone)
(410) 879-0688 (facsimile)

Attorneys for John R. Hicks