UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X
                                            :
IN RE: METHYL TERTIARY BUTYL               :   AMENDED
ETHER ("MTBE") PRODUCTS                    :   MEMORANDUM
LIABILITY LITIGATION                       :   OPINION AND ORDER
------------------------------------------------------- :
                                            :   Master File No. 1:00-1898
This document relates to:                  :   MDL 1358 (SAS)
                                            :   M21-88
City of New York v. Amerada Hess, et al.,  :
04 Civ. 3417 (SAS)                         :
                                            :
                                            :
------------------------------------------------------- X

SHIRA A. SCHEINDLIN, U.S.D.J.:

## I. BACKGROUND

In 2003, the City of New York ("the City"), filed a Summons with Notice in the New York State Supreme Court for Queens County, suing twenty-nine defendants.[1] The City later filed its original Complaint with the state court, suing thirteen additional defendants.[2] After the state action was removed to

---

[1] See *City of New York* Summons with Notice, dated October 31, 2003. All defendants discussed in this opinion are corporations that are involved in petroleum refining, blending, or distribution.

[2] See *City of New York* [original] Complaint, dated February 26, 2004.

1

federal court, plaintiffs filed four amended complaints, two of which added new defendants.[3]

In 2006, defendants filed summary judgment motions on statute of limitations grounds in three actions, the *Suffolk County* action, the *United Water New York* action, and the present action (the *City of New York* action). These three motions were consolidated for argument and decision. In the papers and arguments of the motion in the *Suffolk County* action, certain defendants who had not been named in the *Suffolk County* plaintiffs' earlier complaints (the "later-added" defendants) argued that their statute of limitations dates should be different. Specifically, those later-added defendants argued that for limitation purposes, the Court should apply the dates on which each later-added defendant was first named, rather than the date of an earlier complaint. Plaintiffs argued that because the later-added defendants were corporate entities that were affiliated with earlier-named entities, the claims against the later-named defendants relate back to claims against the earlier-named related entities under Federal Rule of Civil Procedure 15(c).

---

[3] *See City of New York* Second Amended Complaint, dated December 10, 2004; *City of New York* Third Amended Complaint, dated February 13, 2007.

2

Earlier this year, this Court issued an Opinion (the "Opinion") deciding the statute of limitations summary judgment motions.[4] The Opinion held, *inter alia*, that plaintiffs' claims against certain later-named defendants related back to claims asserted against certain affiliated defendants who had been named in earlier complaints.[5] Because the *Suffolk County* parties' relation-back arguments focused only on two groups of corporate defendants – the "Citgo defendants" and the "Valero defendants"[6] – the Opinion's relation-back holding addressed only the Citgo and Valero defendants. But that holding was not limited to the *Suffolk County* action. The rationale of the relation-back decision as to the Citgo and Valero defendants applied with equal force in the other two actions addressed in the statute of limitations Opinion. Thus, claims against the later-added Citgo and Valero defendants were held to relate back to claims against

---

[4] *See In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.* ("*In re MTBE*"), No. 00 Civ. 1898, MDL-1358, M21-88, 2007 WL 1601491 (S.D.N.Y. June 4, 2007) (addressing similar statute of limitations motions in three actions: *Suffolk County*, *United Water New York*, and the present action, the *City of New York* action).

[5] *See id.* at *20.

[6] *See id.* at *19. Each defendant in the Citgo and Valero groups of defendant-entities is a corporation that is affiliated with the other defendant-entities in that group.

3

earlier-named Citgo and Valero entities in the *Suffolk County* action, the *United Water New York* action, and the *City of New York* action.[7]

The City now moves for reconsideration of the Opinion, asking that the Court find that relation-back is appropriate for other groups of defendants not addressed in the Opinion.

## II. LEGAL STANDARD

### A. Motions for Reconsideration

Motions for reconsideration are governed by Local Civil Rule 6.3 and are committed to the sound discretion of the district court.[8] "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."[9] Reconsideration is an "extraordinary

---

[7] *See id.* at *20 n.165.

[8] *See Patterson v. United States*, No. 04 Civ. 3170, 2006 WL 2067036, at *1 (S.D.N.Y. July 26, 2006) ("The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court." (citing *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983))).

[9] *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). *Accord In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003); *Eisemann v. Greene*, 204 F.3d 393, 395 n.2 (2d Cir. 2000) ("To be entitled to reargument, a party must demonstrate that the Court overlooked controlling decisions or factual matters that

4

remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources."[10] In furtherance of the interest of finality,[11] Local Rule 6.3 requires that a motion for reconsideration "shall be served within ten (10) days after the entry of the court's determination of the original motion."

Local Civil Rule 6.3 is narrowly construed and strictly applied in order to avoid repetitive arguments already considered by the Court.[12] A motion for reconsideration is not a substitute for appeal.[13] Nor is it "a 'second bite at the apple' for a party dissatisfied with a court's ruling."[14] Accordingly, the moving

---

were put before it on the underlying motion." (quotation omitted)).

[10] *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (quotation omitted).

[11] *See, e.g., Carolco Pictures, Inc. v. Sirota*, 700 F. Supp. 169, 170 (S.D.N.Y. 1988).

[12] *See Lichtenberg v. Besicorp Group Inc.*, 204 F.3d 397, 400 (2d Cir. 2000). *See also DGM Invs., Inc. v. New York Futures Exch., Inc.*, 288 F. Supp. 2d 519, 523 (S.D.N.Y. 2003) (Local Rule 6.3 must be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court" (quotation omitted)).

[13] *See RMED Int'l, Inc. v. Sloan's Supermarkets, Inc.*, 207 F. Supp. 2d 292, 296 (S.D.N.Y. 2002).

[14] *Pannonia Farms, Inc. v. USA Cable*, No. 03 Civ. 7841, 2004 WL 1794504, at *2 (S.D.N.Y. Aug. 10, 2004). *Accord Shrader*, 70 F.3d at 257 (stating that a court should deny a motion for reconsideration when the movant "seeks solely to relitigate an issue already decided").

5

party may not "advance new facts, issues or arguments not previously presented to the Court."[15] The restrictive application of Local Rule 6.3 helps "to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters."[16]

B. **Relation Back**

> Rule 15(c) provides that an amendment to change the parties against whom a claim is asserted "relates back to the original pleading" if three conditions are met: (1) "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading;" (2) "within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment . . . has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits;" and (3) within this same period, this party "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party."[17]

III. **DISCUSSION**

A. **Reconsideration Is Granted**

---

[15] *Caribbean Trading & Fid. Corp. v. Nigerian Nat'l Petroleum Corp.*, 948 F.2d 111, 115 (2d Cir. 1991) (quotation omitted).

[16] *Naiman v. New York Univ. Hosps. Ctr.*, No. 95 Civ. 6469, 2005 WL 926904, at *1 (S.D.N.Y. Apr. 1, 2005) (quotation omitted).

[17] *In re MTBE*, 2007 WL 1601491 at *19 (quoting *Ish Yerushalayim v. United States*, 374 F.3d 89, 91 (2d Cir. 2004)).

6

With this motion for reconsideration, the City is not "advanc[ing] new facts, issues or arguments not previously presented." The instant motion seeks to bring to this Court's attention facts that were already in the record, but were eclipsed by the volume of data presented in the submissions for defendants' motions[18] and in these actions in general.

Moreover, plaintiffs did not "lose" on defendants' statute of limitations motion with respect to those defendants not discussed in the Opinion. This Court held that relation-back applies to two groups of defendants without passing on its broader applicability.

Nor is this a situation where plaintiffs raise a new argument after a decision is issued. At the time of the Opinion, this Court was well aware that plaintiffs' relation-back arguments might apply to other later-named defendants, but limited judicial resources precluded an investigation into which other defendants might have corporate affiliations, common legal representation, or be otherwise related.

---

[18] The record associated with defendants' statute of limitations summary judgment motions spanned several thousand pages. It included three full briefs in each of three actions, plus supplemental briefs, sur-replies, replies to the sur-replies, numerous letters on subsidiary issues, and the exhibits attached to all of the aforementioned papers. The record also included full oral arguments, which were held twice on this motion. The 6/4/07 Opinion included several tables summarizing the dates on which defendants were first named.

Further, the relation-back issue was a relatively minor one, raised late in the briefing of the statute of limitations motion, which primarily dealt with how the statutes of limitations for various claims should be applied in those actions. It would have further complicated an already-complex motion for plaintiffs to have addressed relation-back as to all defendants at that time. And it would be inefficient for the parties to file an entirely new motion dealing with relation-back issues now. Therefore, in light of the extraordinary size of the record on this motion and the complexities inherent in this MDL, reconsideration is appropriate.

### B. Relation-Back as to Particular Defendants

The City argues that for each of the following groups of defendants, the earlier- and later-named defendants were sufficiently related for the claims against the later-named defendants to relate back to the claims against the earlier-named defendants. As with the Citgo and Valero defendants in the prior holding on relation-back, each later-named defendant is an entity that is related to the other defendant-entities in its group. Plaintiffs mistakenly named entities that they later learned were not the appropriate entities within that group's constellation of entities. For the reasons stated, I conclude that the later-named

> entities are not prejudiced by their later addition to this action. They were on notice of potential suit when their affiliates were named in [a prior filing], which alleged facts and causes of action

8

very similar to those in [later complaints] .... Moreover, their common counsel should have made the related entities aware of the action.[19]

### 1. The Shell Defendants

The City named three of the Shell defendants – Shell Oil Company, Motiva Enterprises LLC, and Texaco Refining and Mining, Inc. – in its Summons with Notice on October 31, 2003. In subsequent filings, the City named five other related entities: Equilon Enterprises LLC, Shell Oil Products Company LLC, Shell Trading (US) Co., Texaco Refining and Marketing (East), and TMR Company. Equilon Enterprises LLC, Motiva Enterprises LLC, Shell Oil Company, Shell Oil Products Company LLC, Shell Trading (US) Co., and TMR Company are all related as affiliates or subsidiaries of Royal Dutch Shell PLC, an alien corporation. TMR Company was formerly known as Texaco Refining and Marketing Inc., which merged with Texaco Refining and Marketing (East) in late 2002. These entities filed a common answer, and are all represented by the same law firm, Wallace King Domike & Reiskin PLLC.

### 2. The Chevron Defendants

The City named Chevron Texaco Corp. in its Summons with Notice and added Texaco Inc. and TRMI Holdings Inc. in later complaints. Texaco Inc.

---

[19] *In re MTBE*, 2007 WL 1601491, at *20.

9

is a parent of TRMI Holdings Inc. Chevron Texaco Corp. resulted from a merger of Texaco Inc. and Chevron Corporation. These entities also filed a common answer, and are also represented by the law firm of Wallace King Domike & Reiskin PLLC.

### 3. The BP Defendants

The City named BP Amoco Corporation in its Summons with Notice. In later complaints, the City added BP America, Inc., BP Amoco Chemical Company, Inc., and BP Products North America, Inc., each of which is affiliated with BP Amoco Corporation. These defendants filed a common answer and are all represented by Kirkland & Ellis LLP.

### 4. Exxon Mobil Corporation and Mobil Corporation

The City named Exxon Mobil Corporation in its Summons with Notice. Mobil Corporation, which was named in a later complaint, is a wholly-owned subsidiary of Exxon Mobil Corporation.[20] Both defendants are represented by McDermott, Will & Emery LLP, defense liaison counsel in this multi-district litigation.

---

[20] *See* Defendant Exxon Mobil Corporation's Fifth Amended Master Answer and Affirmative Defenses, dated March 8, 2007, Attachment 6 to Plaintiff City of New York's Memorandum of Law in Support of Its Motion for Reconsideration ("Pl. Mem."), at 4.

### 5. The Lyondell Defendants

The City named Lyondell Chemical Company in its Summons with Notice, and named Equistar Chemicals LP and Lyondell-Citgo Refining LP in a later complaint. Blank Rome LLP represents both Lyondell Chemical Company and Equistar Chemicals. This Court has previously noted that all three entities are a part of "the Lyondell 'enterprise.'"[21]

### 6. The Flint Hills Defendants

The City named Koch Industries Inc. in its original Complaint, filed on February 26, 2004. The City named Flint Hills Resources LP, a wholly-owned subsidiary of Koch Industries Inc., in a later complaint. Both are represented by the law firm of Hunton & Williams LLP.

### 7. The Getty Defendants

The City named Getty Petroleum Marketing Inc. ("GPMI") in its original Complaint and added Getty Properties Corp. in a later complaint. From 1955 until 1997, these two corporations were part of the same entity, Getty Petroleum Corporation, which was engaged, *inter alia*, in petroleum distribution and marketing. In 1997, Getty Petroleum spun off its petroleum distribution and marketing business, forming GPMI, which was initially owned by the shareholders

---

[21] *In re MTBE*, 399 F. Supp. 2d 325, 328 (S.D.N.Y. 2005).

of Getty Petroleum. Getty Petroleum later changed its name to Getty Properties. In 2000, GPMI was purchased by Lukoil, thereby severing GPMI's ties to Getty Properties (formerly Getty Petroleum). The 1997 spin-off agreement divided certain liabilities between GPMI and Getty Properties, and both defendants assert that the other retained liability for any damages plaintiffs may have sustained as a result of the marketing and handling of MTBE. Indeed, the discovery Special Master has encountered the issue of liability allocation between the Getty defendants and decided that at this point, it appears that both defendants could be liable.[22]

This lawsuit alleges that defendants used MTBE for twenty-five years: from 1979 until 2003. For at least eighteen of these years, Getty Petroleum participated in the petroleum distribution and marketing business. When Getty Petroluem spun off GPMI in 1997 and ceased to be affiliated with GPMI in 2000, both parties arguably retained certain liabilities. Thus, although Getty Properties – as the former Getty Petroleum is now known – no longer participates in the allegedly-culpable conduct of using MTBE in gasoline, it did so for the majority of the time period at issue, and should not have been surprised to be named as a defendant in this lawsuit. Moreover, Getty Properties was named as a defendant in

---

[22] *See* Pre-Trial Order Number 29, dated February 28, 2007.

other suits in this multi-district litigation. Thus, even though GPMI and Getty Properties have different counsel, Getty Properties cannot claim prejudice resulting from a lack of notice. Accordingly, the City's claims against Getty Properties relate back to the earlier-filed claims against GPMI.

### 8. Other Defendants

In a short argument, and without further explanation, the City requests that this Court measure limitations dates against all other defendants who were first named in the Second Amended Complaint from July 29, 2004 (the date of Case Management Order ("CMO") 3, which set a date for plaintiffs in several actions, including the *City of New York* action, to file amended complaints), rather than December 10, 2004 (the date on which the City filed its Second Amended Complaint).[23] The Second Circuit has endorsed the rule that "'[w]hen a plaintiff seeks to add a new defendant in an existing action, the date of the filing of the motion to amend constitutes the date the action was commenced for statute of limitations purposes.'"[24] The theory underlying this rule is that a newly-named

---

[23] *See* P. Mem. at 8 (citing *In re Integrated Res. Real Estate Ltd. P'ships Sec. Litig.*, 815 F. Supp. 620, 645 (S.D.N.Y. 1993) (citing *Northwestern Nat. Ins. Inc. v. Roberts*, 769 F. Supp. 498, 510 (S.D.N.Y. 1991) (citing *Derdiarian v. Futterman Corp.*, 36 F.R.D. 192, 194 (S.D.N.Y. 1964)))).

[24] *Rothman v. Gregor*, 220 F.3d 81, 96 (2d Cir. 2000) (quoting *Northwestern Nat. Ins.*, 769 F. Supp. at 510).

13

defendant is on notice at the time a plaintiff files its motion because the plaintiff attached the proposed amended complaint to the motion. The City does not give the date on which it moved to amend, but rather proposes to use the date on which this Court granted leave to amend, a date which does not necessarily correspond to the date on which defendants had notice. Accordingly, the date for calculation of the statute of limitations period for defendants who were first named in the Second Amended Complaint is the earliest date on which those defendants had notice that they were to be named in a subsequent complaint. Specifically, the date of commencement of suit against those defendants is (1) the date on which the City's *proposed* Second Amended Complaint naming a new defendant was served on existing defendants, or (2) the date on which the City's Second Amended Complaint was filed, whichever occurred first.

### C. This Ruling Is Limited to the *City of New York* Action

This Court's holding on relation-back in the *Suffolk County* action also applied to the *United Water New York* and *City of New York* actions. Only the plaintiff in the *City of New York* action brings this motion for reconsideration. Plaintiffs in the *Suffolk County* and *United Water New York* actions were aware of the City's motion, but have not joined it. Given the limited nature of motions for

reconsideration, I decline to apply the present holding – in the *City of New York* action – to the other two actions.

## IV. CONCLUSION

For the foregoing reasons, the City's Motion is GRANTED. The Clerk of the Court is directed to close this motion (Doc. Nos. 1428, 1432).

SO ORDERED:

Dated: New York, New York
October 5, 2007

Shira A. Scheindlin
U.S.D.J.

-Appearances-

**Liaison Counsel for Plaintiffs:**

Robin Greenwald, Esq.
Robert Gordon, Esq.
Weitz & Luxenberg, P.C.
180 Maiden Lane
New York, New York 10038
Tel: (212) 558-5500
Fax: (212) 344-5461

**Liaison Counsel for Defendants:**

Peter John Sacripanti, Esq.
James A. Pardo, Esq.
McDermott Will & Emery LLP
50 Rockefeller Plaza, 11th Floor
New York, New York 10020
Tel: (212) 547-5583
Fax: (212) 547-5444

**Counsel for Plaintiff City of New York:**

Ramin Pejan, Assistant Corporation Counsel
Of Counsel: Susan E. Amron, Scott Pasternack
New York City Law Department
100 Church Street, Room 6-132
New York, New York 10007-2601
Tel: (212) 788-1586