UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X
**IN RE METHYL TERTIARY BUTYL ETHER PRODUCTS LIABILITY LITIGATION**

Master File No. 1:00-1898
MDL 1358 (SAS)
M21-88

**This document pertains to:**

*County of Suffolk, et al. v. Amerada Hess Corp., et al., Case No. 04-CIV-5424.*

------------------------------------X

# GULF OIL LIMITED PARTNERSHIP'S OBJECTIONS AND COUNTER-DESIGNATIONS TO PLAINTIFFS' PAGE AND LINE DESIGNATIONS

Gulf Oil Limited Partnership ("GOLP"), by and through its attorneys, hereby states the following objections and counter-designations to Plaintiffs' page and line designations ("Designations").

## GENERAL OBJECTIONS

1. To the extent that Plaintiffs' Designations are offered as evidence against all Defendants collectively, or to the extent Plaintiffs attempt to impute or attribute any designated testimony to a Defendant other than the party that produced the witness for deposition, GOLP objects to Plaintiffs' Designations on the grounds of relevance and that any probative value is substantially outweighed by the risk of prejudice, confusion of issues, and/or misleading the jury.

2. GOLP objects to Plaintiffs' Designations on the grounds that they constitute inadmissible hearsay with respect to GOLP and are not relevant to Plaintiffs' claims against GOLP. GOLP expressly reserves the right to object to the admission of

this evidence against GOLP at trial. Futhermore, in adopting and incorporating other Defendants' Objections and Counter-Designations ("Counter-Designations"), GOLP reserves the right to object the admission of those Counter-Designations at trial as inadmissible hearsay and as not relevant to any claims against GOLP.

3. GOLP objects to Plaintiffs' Designations to the extent that they do not include the full question asked or do not include the deponent's full response. Such partial designations are confusing, misleading and prejudicial, and therefore inadmissible under the Federal Rules of Evidence, subject to GOLP's objections to all or portions of a given answer on other grounds.

4. GOLP objects to Plaintiffs' Designations to the extent they may be imputed to a corporation, partnership, association or governmental agency ("organization"), including testimony regarding the purported knowledge, awareness or understanding of such an organization, if the deponent was not noticed for deposition as a designee of such organization pursuant to Federal Rule of Civil Procedure 30(b)(6). Furthermore, even if the deponent was noticed for deposition as an organizational designee, GOLP objects to the Designations to the extent they may be imputed to any other party, other than the party for which the witness was an organizational designee.

5. GOLP objects to Plaintiffs' Designations to the extent they refer to pages and lines of a deposition transcript that is a draft, preliminary or "rough" copy, not certified by the court reporter, not signed by the witness, or otherwise not in final form.

6. In addition to these General Objections and the specific objections made below, GOLP incorporates herein by reference all objections made during the deposition by any counsel defending the witness or otherwise present at the deposition.

7. Defendants object to the extent Plaintiffs have attempted to designate deposition transcripts for use at trial that they did not designate as required by Case Management Orders 4 and 6 in 2005, as no relevant court order, Federal Rule or authority permits Plaintiffs to offer testimony from such transcripts against Defendants that were not parties to the actions in which they were taken

8. In making the specific objections set forth below, GOLP responds only to Plaintiffs' Designations and expressly reserves its right to assert additional objections to the use or admission into evidence of any other portions of the deposition that Plaintiffs have not expressly designated.

9. GOLP objects to the extent Plaintiffs have designated deposition transcripts from actions other than those defined in Case Management Orders 4 and 6 as 'Prior MTBE Litigations,' as no relevant court order, Federal Rule or authority permits Plaintiffs to offer testimony from such actions against Defendants that were not parties to those actions.

10. GOLP does not waive (and expressly reserves) its right to make any additional or further objections that may become evident at trial.

## **SPECIFIC OBJECTIONS AND COUNTER-DESIGNATIONS**

GOLP incorporates by reference each of the General Objections set forth above with the same force and effect as if fully set forth at length. Subject to and without waiving the foregoing General Objections, GOLP adopts and incorporates the Objections and Counter-Designations set forth by the other Defendants to this action. In doing so, GOLP does not admit that any of those Counter-Designations are admissible against GOLP or that those Counter-Designations are relevant to any claims against GOLP. GOLP expressly reserves the right to object to the admission of Plaintiffs' Designations and other Defendants' Counter-Designations at trial.

Dated: November 15, 2007

By: /s/ Christopher J. Garvey
Christopher J. Garvey (CG 3323)
Goodwin | Procter LLP
599 Lexington Avenue
New York, NY 10022
(212) 813-8800 (tel.)
(212) 355-3333 (fax)

Mark E. Tully (admitted *pro hac vice*)
Goodwin | Procter LLP
Exchange Place
Boston, MA 02109
(617) 570-1000 (tel.)
(617) 523-1231 (fax)

*Attorneys for Defendant*
*Gulf Oil Limited Partnership*