UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

Master File No. : 1:00-1898 (SAS)

In Re: Methyl Tertiary Butyl Ether ("MTBE")
Product Liability Litigation

MDL 1358 (SAS)
M21-88

------------------------------------------------------------X

*This document relates to:*

*City of New York v. Amerada Hess Corp., et al.,*
(04 Civ. 0341)
*Suffolk County Water Authority v. Amerada Hess Corp., et al.,*
(04 Civ. 3417)
*United Water New York v. Amerada Hess Corp., et al.,*
(04 Civ. 2389)

------------------------------------------------------------X

RECEIVED
CHAMBERS OF
JAN 14 2008
JUDGE SCHEINDLIN

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/15/08

**STIPULATION AND ORDER DISMISSING
CERTAIN CLAIMS AGAINST
GULF OIL LIMITED PARTNERSHIP**

The undersigned counsel for Suffolk County, Suffolk County Water Authority, and United Water of New York and Defendant Gulf Oil Limited Partnership ("GOLP") hereby agree on behalf of the parties that:

1. Based on the admissions made by GOLP in its Responses to Its First Set of Requests for Admission to Plaintiffs County of Suffolk and Suffolk County Water Authority Pursuant to the Court's October 31, 2007 Order & Case Management Order No. 33 ("the Admissions"), Plaintiffs voluntarily dismiss without prejudice their conspiracy and/or concert in action claims ("conspiracy claims") as against defendant GOLP.

2. Plaintiffs voluntarily dismiss without prejudice their G.B.L. §349 claims against GOLP.

3. Plaintiffs voluntarily dismiss without prejudice their claims involving the wells that are the subject of CMO No. 34 (the "trial wells") to the extent the theory of liability as to those wells is based on a commingled product/joint industry liability theory and/or there are no GOLP owned, operated or controlled service stations in or in reasonable proximity to the capture zone of the well, as identified by experts in this matter, for the period 1980 through 2003.

4. Plaintiffs expressly reserve all remaining claims alleged in their complaint against GOLP and GOLP expressly reserves all defenses asserted in its Master Answer relating thereto.

LIBA/1851159.3

5.  Should Plaintiffs subsequently discover any inaccuracies in the Admissions and/or information that conflicts with the Admissions, then Defendant GOLP consents to allow Plaintiffs to amend their complaint to reinstate the said claims against GOLP. Reinstatement will not be a basis for the delay of the current trial date in the Suffolk County focus case. GOLP reserves all rights and defenses with respect thereto.

6.  Should any of the claims above be reinstated, then Defendant GOLP agrees that the statute of limitations is tolled with respect to said claims between the date of the filing of the *Suffolk County Water Authority* Summons with Notice on November 5, 2004 and the date of such reinstatement, and between the date of the filing of the *United Water New York* Summons with Notice on April 27, 2004 and the date of such reinstatement.

Dated: January 8th, 2008

By: _____

Robin Greenwald
WEITZ & LUXENBERG,
180 Maiden Lane
New York, NY 10038
(212) 558-5500

***Attorneys for County of Suffolk and Suffolk County Water Authority and United Water of New York***

Dated: January 8, 2008

By: _____

Christopher J. Garvey
GOODWIN PROCTER LLP
599 Lexington Ave.
New York, NY 10022
Telephone: (212) 813-8800
Facsimile: (212) 355-3333

***Attorneys for Gulf Oil Limited Partnership***

Dated: January 15, 2008

SO ORDERED:

_____
U.S.D.J

2

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of foregoing was served upon counsel for Plaintiffs and all other counsel of record via LexisNexis File & Serve on the ___ day of January, 2008.

*Christopher J. Garvey*

Christopher J. Garvey

LIBA/1851159.3