

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

In Re: Methyl Tertiary Butyl Ether (MTBE)     MDL 1358 (SAS)
Productions Liability Litigation     M21-88

This document relates to:
*County of Suffolk and Suffolk County Water
Authority v. Amerada Hess Corp., et al., No. 04 CIV 3417;
United Water New York v. Amerada Hess Corp., et al.,
No. 04 CIV 2389*

Master File No.: 1:00-1898 (SAS)

------------------------------------------------------------X

## STIPULATION AND ORDER DISMISSING
## CERTAIN CLAIMS AGAINST
## GETTY PROPERTIES CORP.

The undersigned counsel for Plaintiffs County of Suffolk, Suffolk County Water Authority, and United Water New York (collectively, "Plaintiffs") and Defendant Getty Properties Corp. ("Getty Properties") hereby agree on behalf of the parties that:

1. Based on the admissions made by Getty Properties its Answers and Objections to Plaintiffs' Request for Admissions Relating to Trade Association and Conspiracy Claims, dated October 12, 2007 (the "Getty Admissions"), Plaintiffs voluntarily dismiss without prejudice their conspiracy and/or concert in action claims ("conspiracy claims") as against defendant Getty Properties.

2. Plaintiffs voluntarily dismiss without prejudice their New York General Business Law § 349 claims against Getty Properties.

3. Plaintiffs voluntarily dismiss without prejudice their claims involving the wells that are subject to Case Management Order No. 34 (the "trial wells") to the extent the theory of liability as to those wells is based on a commingled product/joint industry liability theory and/or

50432

there are no Getty Properties owned, operated or controlled service stations in or in reasonable proximity to the capture zone of the well, as identified by plaintiffs' experts in *County of Suffolk and Suffolk County Water Authority v. Amerada Hess Corp., et al.*, No. 04 Civ. 3417.

4. Plaintiffs expressly reserve all remaining claims alleged in their complaints against Getty Properties, and Getty Properties expressly reserves all defenses asserted in its Master Answer relating thereto.

5. Should Plaintiff subsequently discover any inaccuracies in the Getty Admissions and/or information that conflicts with the Getty Admissions, then Defendant Getty Properties consents to allow Plaintiffs to amend their complaint to reinstate the said claims against Getty Properties. Reinstatement will not be a basis for the delay of the current trial date in the Suffolk County focus case. Getty Properties reserves all rights and defenses with respect thereto.

6. Should any of the claims above be reinstated for any reason, then Defendant Getty Properties agrees that the statute of limitations is tolled with respect to said claims between the filing of the *Suffolk County Water Authority* Summons with Notice on November 5, 2004, and the date of such reinstatement; and between the date of the filing of the *United Water New York* Summons with Notice on April 27, 2004, and the date of such reinstatement.

Dated: January 23, 2008

WEITZ & LUXENBERG, P.C.

BY: _____
Robin Greenwald (RG9205)
180 Maiden Lane
New York, New York 10038
(212) 558-5500

*Attorneys for Plaintiffs County of Suffolk, Suffolk County Water Authority and United Water of New York*

Dated: January 23, 2008

PATTON BOGGS LLP

50432

2

BY: _____
John McGahren (JM3568)
Daniel F. Mulvihill (DM7007)
One Riverfront Plaza, 6th Floor
Newark, New Jersey 07102
(973) 848-5600

*Attorneys for Defendant Getty Properties Corp.*

Dated: January 25, 2008

SO ORDERED:

_____
(U.S.D.J.)