

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/15/0?

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **IN RE: METHYL-TERTIARY BUTYL ETHER ("MTBE") PRODUCTS LIABILITY LITIGATION** | **MDL 1358**<br>**Master File C.A. No. 1:00-1898 (SAS)**<br>**M21 - 88** |

**This Document Relates to:**
*County of Suffolk, et al. v. Amerada Hess*
*Corp., et al.,* No. 04-CIV-5424

### Case Management Order No. 3 6
### (Application of Revised Confidentiality Order to
### Production of Documents or Things Pursuant to Terminal Subpoenas)

WHEREAS Plaintiffs in the above-captioned action ("Plaintiffs") have issued Rule 45

subpoenas on Northville Industries Corp.; Commander Terminals, LLC; Carbo Industries; and

Sprague Energy Corp. (collectively, the "Subpoenaed Parties") for documents, information or

other things relating to certain terminals (hereinafter the "Terminal Subpoenas"); and

In Re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation                    Doc. 1698

WHEREAS the documents, information or other things sought in the Terminal

Subpoenas may contain confidential information including, but not limited to, the location of

storage tanks and related assets, the nature, kind, quantity, owners, customers or routing of

petroleum products delivered to or lifted from certain terminals owned and/or operated by the

Subpoenaed Parties;

Therefore, it is hereby ORDERED that the provisions of the Revised Confidentiality

Order entered by the Court on September 24, 2004 in *In Re MTBE Products Liability Litigation,*

MDL No. 1358 ("RCO"), a true and correct copy of which is annexed hereto as Exhibit 1,

regarding the production and disclosure of confidential documents, information or other things

shall apply to the documents, information or other things produced or disclosed by the Subpoenaed Parties pursuant to the terms set forth below:

(1) Any documents, information or other things produced or disclosed by the Subpoenaed Parties pursuant to the Terminal Subpoenas may be produced or disclosed with the Confidentiality Designations set forth in the RCO (*i.e.*, "CONFIDENTIAL (per 2004 MDL 1358 Order)" or "CONFIDENTIAL MATERIALS (per 2004 MDL 1358 Order) -- FOR OUTSIDE COUNSEL ONLY") where those documents, information or other things contain a trade secret or other confidential research, development or commercial information as those terms are used in Rule 26(c)(7) of the Federal Rules of Civil Procedure, including but not limited to, the location of storage tanks and related assets, the nature, kind, quantity, owners, customers or routing of petroleum products delivered to or lifted from certain terminals owned and/or operated by the Subpoenaed Parties (collectively, "CONFIDENTIAL MATERIALS"); and

(2) The Subpoenaed Parties are deemed to be "parties" (or a "party") as that term is used in the RCO; and

(3) The Subpoenaed Parties need not abide by those portions of the RCO relating to "Approved Copying Service[s]," provided that the Subpoenaed Parties and the Plaintiffs make alternate, mutually agreeable arrangements for the copying of documents or things produced or disclosed pursuant to the Terminal Subpoenas; and

(4) Upon the Subpoenaed Parties and the Plaintiffs making alternate, mutually agreeable arrangements for the copying of documents or things produced or disclosed pursuant to the Terminal Subpoenas, the Subpoenaed Parties need only produce one set of documents or things to Plaintiffs' counsel; and

2

(5) Nothing in this Order shall restrict or apply to the use, maintenance or handling of their own CONFIDENTIAL MATERIALS by the Subpoenaed Parties in their normal business operations; and

(6) No party receiving CONFIDENTIAL MATERIALS that are PRODUCED OR DISCLOSED by the Subpoenaed Parties shall disclose those CONFIDENTIAL MATERIALS to any other PERSON, except as permitted by and in accordance with the RCO, this Order and for the purposes of this litigation only; and

(7) To the extent the parties who receive CONFIDENTIAL MATERIALS are required by subpoenas or by law or order in other legal or administrative proceedings to provide copies of CONFIDENTIAL MATERIALS produced by the Subpoenaed Parties, the parties must provide notice within 10 business days to the Subpoenaed Parties to permit the Subpoenaed Parties a reasonable opportunity to object to the disclosure of those CONFIDENTIAL MATERIALS; and

(8) For any challenge to and dispute about confidentiality under Section K of the RCO, in lieu of a motion for protective order by the Subpoenaed Parties, Plaintiffs or Defendants shall have the burden to move to remove the Confidentiality Designations and compel production of Confidential Materials produced by the Subpoenaed Parties; and

(9) For any CONFIDENTIAL MATERIALS filed or to be filed under seal under Subsection a of Section L of the RCO, in lieu of a motion for a sealing order by the Subpoenaed Parties, Plaintiffs or Defendants shall have the burden to move to file publically CONFIDENTIAL MATERIALS without seal; and

(10) The terms of this Order and the RCO with respect to any documents, information or other things produced or disclosed by the Subpoenaed Parties pursuant to the Terminal

3

Subpoenas shall be binding upon all parties to the above-captioned action and any other persons

who have agreed to be bound by the RCO.

Dated: February 15, 2008
New York, New York

IT IS SO ORDERED:

HONORABLE SHIRA A. SCHEINDLIN
United States District Court (S.D.N.Y.)

372

U.S. DISTRICT COURT
FILED
SEP 2 4 2004
S. D. OF N.Y.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x

IN RE: METHYL TERTIARY BUTYL
ETHER ("MTBE") PRODUCTS LIABILITY
LITIGATION

This Document Relates To: All Cases

------------------------------------------------------x

Master File C.A.
No. 00 Civ. 1898

MDL No. 1358(SAS)

**REVISED
CONFIDENTIALITY ORDER**

## INTRODUCTION

This Court signed a Confidentiality Agreement and Order herein on May 30, 2001,

which was entered in the office of the Clerk on June 1, 2001 (the "Agreement and Order").

This Revised Confidentiality Order ("Order") supersedes that Agreement and Order; provided,

however, that the Agreement and Order will remain enforceable as regards any violations

thereof during its effective period (i.e., from May 30, 2001 until the effective date hereof) and

concerning the confidentiality of document(s), information or other thing(s) produced or

disclosed pursuant thereto, except as otherwise provided in this Order.

## I. DEFINITIONS

A.      This Action

As used in this Order, the term "THIS ACTION" refers to MDL No. 1358, In re: Methyl

Tertiary Butyl Ether ("MTBE") Products Liability Litigation and cases currently consolidated in

same, or to be consolidated under this MDL, including any retrial or appeal of the cases.

B.      Document(s), Information or Other Thing(s)

MICROFILM
SEP 2 4 2004     -3 00 PM

As used in this Order, the term "DOCUMENT(S)," INFORMATION OR OTHER THING(S)" includes, but is not limited to, interrogatory responses, responses to requests for production of documents and things, responses to requests for admissions, deposition testimony upon oral or written examination, deposition exhibits, motions, affidavits, exhibits, and any other "writings and recordings," as defined in Rule 1001(1) of the Federal Rules of Evidence, made available or produced by the parties and/or submitted to the Court during THIS ACTION. "DOCUMENT(S), INFORMATION OR OTHER THING(S)" also includes data that is available electronically on computer systems.

C.      Days

As used in this Order, the terms "DAY" or "DAYS" shall mean court days.

D.      Produced or Disclosed

As used in this Order, the term "PRODUCED OR DISCLOSED" includes, without limitation, all DOCUMENT(S), INFORMATION OR OTHER THING(S) made available for inspection and/or copying by any party and/or submitted to the Court in THIS ACTION.

E.      Persons

The terms "PERSON" or "PERSONS" include a natural person, firm, association, organization, partnership, business trust, corporation or public entity.

F.      Approved Copying Service

As used in this Order, the term "APPROVED COPYING SERVICE" means any one of the three copying services that the parties, at a conference before the Special Master, agreed to identify and select among, for the purpose of copying documents PRODUCED OR DISCLOSED in THIS

2

ACTION.

### G. Producing and Receiving Parties

As used in this Order, a "PRODUCING PARTY" is a party producing or disclosing DOCUMENT(S), INFORMATION OR OTHER THING(S) in THIS ACTION, and a "RECEIVING PARTY" is a party to which such DOCUMENT(S), INFORMATION OR OTHER THING(S) are produced or disclosed in THIS ACTION.

### H. Court

As used in this Order, references to the "COURT" shall include the Special Master if the matter referred to has been referred to the Special Master for any purpose by the Court in its Order of June 18, 2004 or in any subsequent order. Otherwise it will mean the District Judge to whom THIS ACTION has been assigned.

## II. **PROTECTIVE ORDER**

With respect to DOCUMENT(S), INFORMATION OR OTHER THING(S) that are PRODUCED OR DISCLOSED by Plaintiffs in THIS ACTION or Defendants in THIS ACTION, the following terms, conditions and restrictions shall govern:

A. This Order shall apply to all DOCUMENT(S), INFORMATION OR OTHER THING(S) that are PRODUCED OR DISCLOSED in THIS ACTION by Plaintiffs or Defendants.

B. Production of Documents and Copying Costs.

a. Subject to the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, and the terms of this Order, Plaintiffs and Defendants shall produce at their discretion original documents or legible and accurate copies of original documents. To the

3

extent the RECEIVING PARTY requests a copy of any such documents, the RECEIVING PARTY shall bear the costs of reproduction. This fee is intended and construed only as payment for reproduction. It does not indicate any transfer of ownership in the reproduced documents.

   b.   Each PRODUCING PARTY has the right to have persons present in the inspection room at all times during the other party's inspection of documents and materials PRODUCED OR DISCLOSED pursuant hereto. The original documents and materials PRODUCED OR DISCLOSED under the terms of this Order shall remain in the custody and control of the PRODUCING PARTY at all times, except as otherwise provided herein.

   C.   Confidential Document(s), Information or Other Thing(s)

   a.   (i)   All DOCUMENT(S), INFORMATION OR OTHER THING(S) PRODUCED OR DISCLOSED in THIS ACTION by Plaintiffs or Defendants which are stamped, written or printed (collectively, "stamped") on each page, in accordance with this Section, with at least one of the two following Confidentiality Designations -- "CONFIDENTIAL (per 2004 MDL 1358 Order)" or "CONFIDENTIAL MATERIALS (per 2004 MDL 1358 Order) – FOR OUTSIDE COUNSEL ONLY" -- shall be deemed confidential subject to this Order, until such time as they are deemed by the Court pursuant to the provisions of this Order (see paras. K and L(a), *infra*), or by consent of the PRODUCING PARTY, to be not confidential. From and after the date of this Order, the parties are to use the aforementioned Confidentiality Designations to designate DOCUMENT(S), INFORMATION AND OTHER THING(S) as confidential. However, with respect to DOCUMENT(S), INFORMATION AND OTHER THING(S) that were PRODUCED OR DISCLOSED under the Agreement and Order and on which the Confidentiality Designations

4

contained therein were used – i.e., "CONFIDENTIAL," "PROPRIETARY" and "CONFIDENTIAL MATERIALS - FOR OUTSIDE COUNSEL ONLY" -- those Designations shall remain effective in accordance with the Agreement and Order and need not be re-stamped or changed; provided, however, that the validity of such Designations from the Agreement and Order will be subject to challenge hereunder in accordance with paras. K and L(a), *infra.*

(ii)    For purposes of this Order, "CONFIDENTIAL DOCUMENT(S), INFORMATION OR OTHER THING(S)" are DOCUMENT(S), INFORMATION OR OTHER THING(S) that are PRODUCED OR DISCLOSED in THIS ACTION with Confidentiality Designations in accordance with this Section and:

(1) that are PRODUCED OR DISCLOSED by any party and which are or contain a trade secret or other confidential research, development or commercial information, as those terms are used in Rule 26(c)(7) of the Federal Rules of Civil Procedure, including also any copies, summaries, portions or abstracts thereof; provided, however, that DOCUMENT(S), INFORMATION OR OTHER THING(S) that are PRODUCED OR DISCLOSED pursuant to this Order and stamped "CONFIDENTIAL MATERIALS (per 2004 MDL 1358 Order) – FOR OUTSIDE COUNSEL ONLY" shall mean, and be limited to, CONFIDENTIAL DOCUMENT(S), INFORMATION OR OTHER THING(S) which pertain to: (i) recent and future business and marketing plans and activities; and (ii) recent and future research and development activities; or

(2) that are PRODUCED OR DISCLOSED by any plaintiff or any federal, state or local regulatory agencies, and which disclose or constitute:

Λ.    The physical address or geographic location of public

5

drinking water wells, storage facilities, pumping stations, and water treatment facilities;

> B. Water system schematics and facility maps;
>
> C. Pipeline maps;
>
> D. Facility plans and specifications;
>
> E. Documents that discuss water system vulnerabilities which have not been publicly disclosed;
>
> F. Documents that explain water system hydraulics or operational practices;
>
> G. Emergency operations and response plans;
>
> H. Operation and maintenance manuals;
>
> I. Documents that disclose water system security plans, practices, and/or precautions, including planned security enhancements; or
>
> J. Personal information about employees, such as home phone numbers or addresses; or

(3) that are required to be PRODUCED OR DISCLOSED by any defendant and which said defendant believes should receive a Confidentiality Designation (i.e., "CONFIDENTIAL (per 2004 MDL 1358 Order)") in the interest of public safety; provided, however, and notwithstanding anything in this Order to the contrary or otherwise, no such DOCUMENT(S), INFORMATION OR OTHER THING(S) may be stamped with a Confidentiality Designation or accorded confidential treatment under this Order in the interest of public safety unless and until said defendant first applies for and receives from the Special Master an order permitting it to receive such confidential treatment for said DOCUMENT(S), INFORMATION OR OTHER THING(S) in the interest of public safety.

6

(iii)     DOCUMENT(S), INFORMATION OR OTHER THING(S) may only

be designated with a Confidentiality Designation if they have been reviewed by an attorney and if that

attorney entertains a good faith belief that the DOCUMENT(S), INFORMATION OR OTHER

THING(S) are entitled to confidentiality. Only those portions of the DOCUMENT(S),

INFORMATION OR OTHER THING(S) deemed by counsel to be confidential shall be so

designated.

b.     CONFIDENTIAL DOCUMENT(S), INFORMATION OR OTHER

THING(S) do not include DOCUMENT(S), INFORMATION OR OTHER THING(S)

> (i) which are available or become available to the public, except if that occurs
> through violation of this Order;
>
> (ii) that, at the time of production, the RECEIVING PARTY already
> possesses (for documents and things) or knows (for information), as
> evidenced by written documentation, and were rightfully obtained by that
> party without an obligation of confidentiality;
>
> (iii) that, at the time of production, are stamped with a Confidentiality
> Designation but that subsequently the RECEIVING PARTY rightfully
> receives copies of without an obligation of confidentiality;
>
> (iv) that the RECEIVING PARTY develops independently through
> PERSONS who have had no access to CONFIDENTIAL DOCUMENT(S),
> INFORMATION OR OTHER THING(S); and
>
> (v) that are produced in THIS ACTION without a stamped Confidentiality
> Designation, except as otherwise provided herein or unless otherwise agreed
> by the parties.

The PRODUCING PARTY shall make a good faith effort to notify the RECEIVING PARTY in

writing of the production of CONFIDENTIAL DOCUMENT(S), INFORMATION OR OTHER

THING(S) and the location of such materials if possible to denote.

7

D.    Notwithstanding any provisions herein to the contrary, in light of the large volume of documents to be produced in THIS ACTION, certain of such documents may not have been reviewed for confidentiality purposes at the time that the RECEIVING PARTY performs its initial review thereof. Therefore, the PRODUCING PARTY has the right to designate confidential documents after they are selected by the RECEIVING PARTY for copying, in accordance with the following procedure:

a.    Upon selection for copying, the documents will be promptly picked up, Bates stamped and copied by the APPROVED COPYING SERVICE selected by the RECEIVING PARTY. At the PRODUCING PARTY'S option, either one or two Bates-stamped copies will be made -- one for the RECEIVING PARTY and (if requested) one for the PRODUCING PARTY (each side to pay for the cost of making its copy).

b.    The APPROVED COPYING SERVICE will return the original documents to the PRODUCING PARTY promptly after the copying is complete, together with Bates-stamped copies thereof for the PRODUCING PARTY (if such copies have not been requested, then the originals shall be Bates-stamped). "Original documents" as used herein mean the documents picked up by the APPROVED COPYING SERVICE for copying.

c.    The APPROVED COPYING SERVICE shall also deliver to the PRODUCING PARTY, in boxes taped shut, the copies that were made for the RECEIVING PARTY. Prior to said delivery the APPROVED COPYING SERVICE shall make a record of the Bates numbers of the copies and supply same to the PRODUCING and to the RECEIVING PARTIES. The PRODUCING PARTY shall not open the taped boxes of the RECEIVING

8

PARTY'S copies, except in the presence of the RECEIVING PARTY, as described *infra*;

        d.     The PRODUCING PARTY shall have 15 days from its receipt of its Bates-stamped copies to review such copies to determine if any of the produced documents are confidential. By or before the expiration of such 15-day period, the PRODUCING PARTY shall notify the RECEIVING PARTY, in writing by Bates number reference, of any documents to which the PRODUCING PARTY wishes to apply a Confidentiality Designation. The parties shall work out a mutually acceptable and expeditious procedure by which that is done in the presence of both parties, after which the copies shall be promptly delivered to the RECEIVING PARTY.

        e.     The "clawback" procedure described above regarding confidential documents is based on the assumption that document productions will be responsive and focused and not what is colloquially called a "document dump," i.e., a bad faith, indiscriminate production of large quantities of documents without regard to responsiveness in order to bury responsive documents beneath a mountain of non-responsive ones. Complaints of a document dump, if any and by either side, shall be brought to the attention of the Court, which may result *inter alia* in this "clawback" procedure being modified or eliminated in the Court's discretion.

        E.     The parties and their counsel in THIS ACTION, and any other persons who agree to be bound by this Order, may not use, disseminate or disclose any CONFIDENTIAL DOCUMENT(S), INFORMATION OR OTHER THING(S), except as set forth in Paragraphs F and G, *infra*.

        F.     Subject to Paragraph G, *infra*, CONFIDENTIAL DOCUMENT(S), INFORMATION OR OTHER THING(S) that are PRODUCED OR DISCLOSED in THIS ACTION shall not be

9

disseminated or disclosed to any PERSON except:

a.     Plaintiffs, their respective counsel and employees including stenographic and clerical personnel, whose advice, consultation or assistance are being or will be used by Plaintiffs in connection with the prosecution and preparation for trial of THIS ACTION, or Defendants, their respective counsel and employees, including stenographic and clerical personnel, whose advice, consultation or assistance are being or will be used by Defendants in connection with the defense and preparation for trial of THIS ACTION;

b.     An attorney of record in an action (including any of the Plaintiffs' counsel in THIS ACTION) where the complaint alleges that the manufacture, distribution or sale of gasoline containing MTBE violates statutory or common law ("OTHER MTBE ACTIONS") and where the attorney provides written assurance to counsel representing the party whose CONFIDENTIAL DOCUMENT(S), INFORMATION OR OTHER THING(S) are being reviewed that:

> (i) he/she has read this Order and agrees to be bound by its terms, by executing the Agreement attached as Exhibit A;
>
> (ii) he/she identifies the CONFIDENTIAL DOCUMENT(S), INFORMATION OR OTHER THING(S) reviewed;
>
> (iii) he/she agrees to treat all CONFIDENTIAL DOCUMENT(S), INFORMATION OR OTHER THING(S) according to the terms of this Order, and agrees to submit to the jurisdiction of this Court in the Southern District of New York if any disputes arise under this Order;
>
> (iv) if the OTHER MTBE ACTION continues after THIS ACTION terminates, the Court in the Southern District of New York shall maintain continuing jurisdiction to enforce this Order until the end of the OTHER MTBE ACTION; and
>
> (v) he/she agrees to comply with the return or destroy provision of Paragraph

10

M of this Order at the conclusion of the OTHER MTBE ACTION.
Such attorney may then make use of the CONFIDENTIAL DOCUMENTS, INFORMATION OR
OTHER THING(S) consistent with all limitations and controls set forth herein;

      c.      The Court, and those employed by the Court, in which event the
CONFIDENTIAL DOCUMENT(S), INFORMATION OR OTHER THING(S) shall be filed under
seal consistent with Paragraph L(a) of this Order, and kept under seal in accordance with this Order;

      d.      Court reporters who record the depositions or other testimony in THIS
ACTION;

      e.      Outside experts, consultants, witnesses or potential witnesses for Plaintiffs or
Defendants, including their stenographic and clerical personnel, whose advice and consultation are
being or will or may be used by any party in connection with the prosecution or defense of THIS
ACTION, or their preparation for trial of THIS ACTION, and who have agreed in writing, prior to
their review of any CONFIDENTIAL DOCUMENT(S), INFORMATION OR OTHER THING(S),
to be bound by this Order by signing the Agreement attached as Exhibit A;

      f.      A deponent and the deponent's counsel who have agreed in writing to be
bound by this Order by signing the Agreement attached as Exhibit A, but only during the course of
the deposition in THIS ACTION, or to the extent reasonably necessary in the preparation for such
deposition; and

      g.      Any other PERSON or entity upon order of the Court, upon stipulation of the
parties or upon the express written agreement of the PRODUCING PARTY.

    G. CONFIDENTIAL DOCUMENT(S), INFORMATION OR OTHER THING(S) that are

designated CONFIDENTIAL MATERIALS (per 2004 MDL 1358 Order) – FOR OUTSIDE COUNSEL ONLY and that are PRODUCED OR DISCLOSED in THIS ACTION may be disclosed to the PERSONS referred to in Paragraph F *supra* in accordance with the procedure therein; provided, however, that notwithstanding anything contained in Paragraph F *supra* to the contrary, they may not be disclosed to any of the other Defendants in THIS ACTION or in any OTHER MTBE ACTIONS or to their in-house counsel.

H.     Nothing in this Order shall require Plaintiffs or Defendants, or their respective counsel and employees, including stenographic and clerical personnel, to sign a copy of Exhibit A when testifying as to their own CONFIDENTIAL DOCUMENT(S), INFORMATION OR OTHER THING(S). Also, nothing in this Order shall restrict or apply to the use, maintenance or handling of their own CONFIDENTIAL DOCUMENT(S), INFORMATION OR OTHER THING(S) by Plaintiffs or Defendants in their normal business operations.

I.     Nothing in this Order shall prohibit a PERSON from releasing its own CONFIDENTIAL DOCUMENT(S), INFORMATION OR OTHER THING(S) as it sees fit, and such release shall not constitute a waiver of any of the terms of this Order, unless the release is made to the public domain.

J.     No PERSON receiving CONFIDENTIAL DOCUMENT(S), INFORMATION OR OTHER THING(S) that are PRODUCED OR DISCLOSED pursuant to this Order shall disclose said CONFIDENTIAL DOCUMENT(S), INFORMATION OR OTHER THING(S) to any other PERSON, except as permitted by and in accordance with this Order.

K.     Any party hereto may challenge the claim of confidentiality of any DOCUMENT(S),

12

INFORMATION OR OTHER THING(S) by notifying counsel for the party claiming confidentiality, in writing, of the basis for its challenge to the claim. Counsel for the party claiming confidentiality must respond in writing within ten (10) DAYS from receipt of said written challenge (unless that time is extended by court order or by written agreement of the parties), and the parties should then meet and confer promptly to try to resolve the dispute. If the parties cannot resolve the dispute, and if the party claiming confidentiality does not bring a motion for protection of the DOCUMENT(S), INFORMATION OR OTHER THING(S) within 30 days after said party receives notice of the challenge (unless that time is extended by court order or by written agreement of the parties), then the confidentiality claim to such DOCUMENT(S), INFORMATION OR OTHER THING(S) shall be deemed waived. The DOCUMENT(S), INFORMATION OR OTHER THING(S) shall then be treated as any other non-confidential DOCUMENT(S), INFORMATION OR OTHER THING(S) produced in THIS ACTION and their Confidentiality Designations may be removed or replaced with "Confidentiality Waived (per 2004 MDL 1358 Order)." Until the earlier of (a) the expiration of the 30-day period set forth above (or any extension thereof) with no motion for protection being made, or (b) the date the Court issues a ruling on the dispute, and until any and all proceedings and interlocutory appeals challenging such decision have been concluded, the CONFIDENTIAL DOCUMENT(S), INFORMATION OR OTHER THING(S) shall continue to be deemed confidential under the terms of this Order. This Order does not affect the burden of proof, which remains with the party seeking the confidentiality protection.

      L.      The following court procedures shall apply with respect to the use of CONFIDENTIAL DOCUMENT(S), INFORMATION OR OTHER THING(S) or portions thereof

13

that are PRODUCED OR DISCLOSED in THIS ACTION:

     a.    In order to file CONFIDENTIAL DOCUMENT(S), INFORMATION OR OTHER THING(S) or confidential portions of CONFIDENTIAL DOCUMENT(S), INFORMATION OR OTHER THING(S) under seal with the Court, the filing party must (i) concurrently file redacted copies, (ii) lodge unredacted originals with the court in an envelope labeled "CONDITIONALLY UNDER SEAL" and, (iii) if the CONFIDENTIAL DOCUMENT(S), INFORMATION OR OTHER THING(S) were designated confidential by another party, give written notice to that party that the DOCUMENT(S), INFORMATION OR OTHER THING(S) will be placed in the public file, unless within 30 days of the notice such party files a motion for a sealing order. If the party that so designated the DOCUMENT(S), INFORMATION OR OTHER THING(S) fails to file such a motion within 30 days (unless extended by the Court for good cause or by written agreement between the parties), that party shall be deemed to have consented to the public filing of the DOCUMENT(S), INFORMATION OR OTHER THING(S). In that event, the clerk shall remove the originals from the envelope labeled "CONDITIONALLY UNDER SEAL" and file the complete DOCUMENT(S), INFORMATION OR OTHER THING(S) along with the related pleading, memorandum of points and authorities, or affidavit or declaration in the public file. However, if the party that designated the DOCUMENT(S), INFORMATION OR OTHER THING(S) confidential files such a motion within 30 days (or within any extension ordered by the Court or agreed to in writing by the parties), the materials shall remain conditionally under seal until the Court rules on the motion, and thereafter shall be filed in the manner directed by the Court.

     b.    In the case of depositions upon oral examination, if counsel for a party has a

14

reasonable and good faith belief that any question or answer contains or refers to CONFIDENTIAL DOCUMENT(S), INFORMATION OR OTHER THING(S), counsel shall so state on the record, and shall request that those pages that include such CONFIDENTIAL DOCUMENT(S), INFORMATION OR OTHER THING(S) be marked confidential. When testimony designated confidential is elicited during a deposition, persons not entitled to receive such information under the terms of this Order shall be excluded from the deposition. Transcripts containing testimony or exhibits designated as containing CONFIDENTIAL DOCUMENT(S), INFORMATION OR OTHER THING(S) shall be marked by the court reporter, prior to transcript distribution, with the legend "THIS TRANSCRIPT CONTAINS CONFIDENTIAL DOCUMENT(S), INFORMATION OR OTHER THING(S)," and those pages of the deposition transcript (and referenced exhibits) that are designated confidential shall be treated as such in accordance with this Order. In addition to designating, during the deposition, any question or answer as confidential, counsel may designate any portion of the deposition transcript as a CONFIDENTIAL DOCUMENT(S), INFORMATION OR OTHER THING(S) at any time within ten (10) DAYS of receiving the deposition transcript from the court reporter. Notice of such designation shall be made in writing to the court reporter, with copies to all counsel in THIS ACTION, specifying the portion(s) of the transcript and exhibits that constitute or contain CONFIDENTIAL DOCUMENT(S), INFORMATION OR OTHER THING(S). Such designation shall be made in conformity with Section II, C *supra*. Counsel receiving such a written designation shall be responsible for exercising their best efforts to ensure that the CONFIDENTIAL DOCUMENT(S), INFORMATION OR OTHER THING(S) so designated are not disclosed to persons not entitled to receive such CONFIDENTIAL DOCUMENT(S), INFORMATION OR

15

OTHER THING(S) under the terms of this Order. Until expiration of the ten (10) DAY period described above, all deposition transcripts shall be considered and treated as though containing CONFIDENTIAL DOCUMENT(S), INFORMATION OR OTHER THING(S), unless otherwise agreed on the record at the deposition.

M. Within thirty (30) DAYS after the expiration of the last applicable deadline for the last permitted appeal, rehearing or reconsideration related to THIS ACTION, CONFIDENTIAL DOCUMENT(S), INFORMATION OR OTHER THING(S) that are PRODUCED OR DISCLOSED pursuant to this Order shall be returned to counsel of record of the party who PRODUCED OR DISCLOSED them. Alternatively, the party receiving CONFIDENTIAL DOCUMENT(S), INFORMATION OR OTHER THING(S) shall have the option of destroying all CONFIDENTIAL DOCUMENT(S), INFORMATION OR OTHER THING(S) and providing an affidavit from its counsel of record to the party in THIS ACTION who PRODUCED OR DISCLOSED the CONFIDENTIAL DOCUMENT(S), INFORMATION OR OTHER THING(S) that the party in possession thereof has destroyed them.

N. No party shall disclose any CONFIDENTIAL DOCUMENT(S), INFORMATION OR OTHER THING(S) to any other party except as provided herein, and except as may be required by applicable law or legal process. All parties shall take reasonable steps to keep an accurate record of the location of and insure proper and secure storage of all CONFIDENTIAL DOCUMENT(S), INFORMATION OR OTHER THING(S).

O. An inadvertent disclosure of any CONFIDENTIAL DOCUMENT(S), INFORMATION OR OTHER THING(S) shall not be a violation of this Order. If any party is

16

responsible for any inadvertent disclosure, that party will take all reasonable steps to remedy the inadvertent disclosure, including, but not limited to, retrieving all copies of CONFIDENTIAL DOCUMENT(S), INFORMATION OR OTHER THING(S), informing the recipients of such DOCUMENT(S), INFORMATION OR OTHER THING(S) of their confidential nature and informing the PRODUCING PARTY as well

P.     Any party hereto that claims improper disclosure of CONFIDENTIAL DOCUMENT(S), INFORMATION OR OTHER THING(S) or any other violation of this Order shall notify counsel for the party making the alleged improper disclosure, or other alleged violation of this Order, in writing of the basis of its claim.  Counsel for the party making the alleged improper disclosure or other alleged violation of this Order will respond in writing within ten (10) DAYS and the parties will meet and confer to try to resolve the dispute.  If the parties cannot resolve the dispute, the matter will be brought before the Court for resolution.  Until the Court issues a ruling on the dispute, and until any and all proceedings and interlocutory appeals challenging such alleged violations have been concluded, the CONFIDENTIAL DOCUMENT(S), INFORMATION OR OTHER THING(S) at issue in the dispute shall continue to be deemed confidential under the terms of this Order.  This Order does not affect the burden of proof, which remains with the party seeking to protect or preserve confidentiality and/or otherwise remedy the alleged violation of this Order.

Q.     It will be in the Court's discretion to award costs and appropriate attorney's fees to the prevailing party in any dispute over alleged improper and knowing and/or intentional disclosure of CONFIDENTIAL DOCUMENTS, INFORMATION OR OTHER THING(S), alleged bad faith designations of documents with Confidentiality Designations or any other matters arising under this

17

Order which constitute knowing and/or intentional violations.

R.      The Court shall retain jurisdiction over the enforcement of this Order notwithstanding the termination of MDL No. 1358.

S.      Within 10 DAYS of the filing of this Order, counsel for each of the parties to THIS ACTION shall acknowledge in writing that they have received and reviewed a copy of this Order and shall promptly file said acknowledgment with the Clerk of the Court. Attached are lists of all current plaintiffs and their counsel (Exhibit B) and of all defendants and their counsel (Exhibit C) in THIS ACTION

Dated: September $\underline{23}$, 2004

SO ORDERED:

HON. SHIRA A. SCHEINDLIN
United States District Court
Southern District of New York