USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/25/08

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**In re:  Methyl Tertiary Butyl Ether ("MTBE")**
**Products Liability Litigation**

MDL No. 1358
Master File C.A. No.
1:00-1898 (SAS)

---

This document relates to:

*Orange County Water District v. Unocal Corp., et al.*
04 Civ. 4968 (SAS)

STIPULATION TO
FILE THIRD AMENDED
COMPLAINT

---

1

The below-named parties hereby agree and stipulate that the attached Third Amended

Complaint (Exhibit 1), with amendments to paragraphs 104 and 106 only, may be filed without

opposition in the above case.

Dated: March 31st, 2008        By: _____

MILLER, AXLINE & SAWYER
Michael Axline (CA #229840)
1050 Fulton Avenue, Suite 100
Sacramento, California 95825-4225
Telephone: (916) 488-6688
Facsimile: (916) 488-4288
Counsel for Orange County Water District

Dated: March 21, 2008        By: _____

ARNOLD & PORTER LLP
Stephanie Weirick (CA #204790)
777 South Figueroa Street, 44th Floor
Los Angeles, California 90017-5844
Telephone: (213) 243-4000
Facsimile: (213) 243-4199
Attorneys for Defendants Atlantic Richfield Company, BP
Products North America Inc., and BP West Coast Products
LLC
and on behalf of:
Chevron Texaco Corporation, Chevron U.S.A. Inc.,
ConocoPhillips Company, individually and as successor-in-
interest to Defendant Tosco Corp., Equilon Enterprises
LLC, Exxon Mobil Corporation, Mobil Corporation, Shell
Oil Company, Tesoro Corporation, Tesoro Refining and
Marketing Company (Erroneously named as Tesoro
Refining and Marketing, Inc.), Texaco Refining &
Marketing Inc., Ultramar, Inc., Union Oil Company of
California, Unocal Corporation, Valero Marketing and
Supply Company, Valero Refining Company-California

So Ordered:

USDJ    3/24/08

2

# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------X

**In re: Methyl Tertiary Butyl Ether ("MTBE")**
**Products Liability Litigation**

**This Document Relates To:**

ORANGE COUNTY WATER DISTRICT,

Plaintiff,

vs.

UNOCAL CORPORATION, INDIVIDUALLY AND
FORMERLY KNOWN AS UNION OIL COMPANY
OF CALIFORNIA; UNION OIL COMPANY OF
CALIFORNIA, INDIVIDUALLY AND DBA
UNOCAL [DOE 1]; TOSCO CORPORATION;
CONOCOPHILLIPS COMPANY; CHEVRON
U.S.A. INC., individually and doing business as
CHEVRON PRODUCTS COMPANY AND
CHEVRON CHEMICAL COMPANY;
CHEVRONTEXACO
CORPORATION; TEXACO REFINING AND
MARKETING INC., now known as TMR
COMPANY; EQUILON ENTERPRISES
LLC; SHELL OIL COMPANY, individually and doing
business as SHELL OIL PRODUCTS US; EXXON
MOBIL CORPORATION, individually and formerly
known as EXXON CORPORATION, and doing
business as EXXONMOBIL REFINING AND
SUPPLY COMPANY, EXXON CHEMICAL U.S.A.,
and EXXONMOBIL CHEMICAL CORPORATION;
MOBIL CORPORATION; ULTRAMAR, INC;
VALERO REFINING
COMPANY - CALIFORNIA; VALERO
MARKETING AND SUPPLY COMPANY [DOE 2];
ATLANTIC RICHFIELD COMPANY, individually
and doing business as ARCO PRODUCTS
COMPANY (formerly known as ARCO
PETROLEUM COMPANY) and also known as

Master File C.A. No. 1:00-Civ.
1898

MDL No 1358 (SAS)

Case No. 04 Civ. 4968 (SAS)

Transferred from:
United States District Court for
the Central District of California,
Santa Ana Division,
Case No. SACV 03-1742 JVS
(ANx)

Removed from:
Superior Court of California,
County of Orange,
Case No. 03CC00176

**THIRD AMENDED**
**COMPLAINT**

**JURY TRIAL DEMANDED**

ARCO; BP PRODUCTS NORTH AMERICA, INC.;
BP WEST COAST LLC [DOE 3]; TESORO
PETROLEUM CORPORATION [DOE 4]; TESORO
REFINING AND MARKETING COMPANY, INC.
[DOE 5]; PETRO-DIAMOND, INC. [DOE 6];
SOUTHERN COUNTIES OIL CO. [DOE 7];
CITGO PETROLEUM CORPORATION [DOE 8];
ARCO CHEMICAL COMPANY [DOE 201];
LYONDELL CHEMICAL COMPANY,
INDIVIDUALLY AND FORMERLY KNOWN AS
ARCO CHEMICAL COMPANY; G&M OIL
COMPANY, INC.; 7-ELEVEN, INC.; USA
GASOLINE CORPORATION; DOES 9-200, AND
DOES 202-1000, INCLUSIVE.

Plaintiff Orange County Water District (the "District") alleges that at all relevant times:

## I. <u>SUMMARY OF THE CASE.</u>

1.     By this action the District seeks to protect the groundwater resources of northern

Orange County from oil industry pollution. The California State Legislature has charged the

District with preventing pollution and contamination of the water supply of the District. The

groundwater resources managed by the District supply approximately 75 percent of the water

needs to more than 2 million residents in the cities of Anaheim, Buena Park, Cypress, Costa

Mesa, Fountain Valley, Fullerton, Garden Grove, Huntington Beach, Irvine, La Palma, Los

Alamitos, Newport Beach, Orange, Placentia, Santa Ana, Seal Beach, Stanton, Tustin, Villa Park,

Westminster and Yorba Linda. However, expanding plumes of methyl tertiary butyl ether and its

degradation byproducts ("MTBE") and tertiary butyl alcohol ("TBA") contaminate the District's

groundwater resources, including various aquifers in various sub-basins, polluting in dispersed

locations, substantial portions of the common water supply managed by the District.

Groundwater typically occurs in the District service area at 20 to 100 feet or more below the

2

surface. Because of the distance, relatively low precipitation rates, and potential presence of intermittent clay layers which retard downward movement, there may be a significant delay between the release of gasoline and its occurrence in groundwater.

2.      The defendants in this action are the designers, formulators, manufacturers, refiners, promoters, marketers, distributors, suppliers, and retailers of the MTBE and TBA and gasoline containing MTBE and TBA that contaminates and pollutes groundwater resources replenished and managed by the District. Defendants knowingly and willfully promoted and marketed MTBE and TBA and gasoline containing MTBE and TBA, when they knew or reasonably should have known that these compounds would reach groundwater, pollute public water supplies, render drinking water unusable and unsafe, and threaten the public health and welfare as they have done within the District.

3.      The District files this lawsuit to recover compensatory and all other damages, including all necessary funds to investigate, monitor, prevent, abate, or contain any contamination of, or pollution to, groundwaters within the District from MTBE and TBA; to protect the quality of the common water supplies of the District; to prevent pollution or contamination of that water supply; and to assure that the responsible parties -- and not the District nor the public -- bear the expense.

## II. **PLAINTIFF.**

4.      The District is a special water agency created by the Legislature in 1933 to maintain, replenish, and manage groundwater resources. The Legislature expressly granted the District the right, and duty, among other things, to conduct any investigations of the quality of the groundwaters within the district to determine whether those waters are contaminated or polluted,

and to perform any necessary investigation, cleanup, abatement, or remedial work to prevent, abate, or contain any threatened or existing contamination or pollution of the surface or groundwaters of the district, and recover the costs of any such activities from the persons responsible for the contamination or threatened contamination. (Cal. Water Code App. § 40-8). The District has suffered injury in fact, including expending funds necessary to investigate, clean up, abate, and/or remediate the MTBE and/or TBA contamination caused by Defendants.

5.    The Legislature has also expressly granted the District the right, and duty, among other things, to litigate in order to protect groundwater resources and to represent the rights of water users within its territory. In particular, the District has the right, and duty, to commence, maintain, intervene in and compromise any and all actions and proceedings to prevent interference with water or water rights used or useful to lands within the district, or diminution of the quantity or pollution or contamination of the water supply of the district, or to prevent any interference with the water or water rights used or useful in the district which may endanger or damage the inhabitants, lands or use of water in the district. (Cal. Water Code App. § 40-2). The District owns land overlying groundwater at various locations within the District and has water rights therein. Water users within the District pump at least 320,000 acre-feet of groundwater each year. There are over four hundred confirmed MTBE release sites in the District contaminating and threatening the water supplies of overlying owners and other water users within the District. The District and the water users it represents have suffered injury in fact as a result of MTBE and/or TBA contamination and threat of contamination in water supply wells in the District's groundwater resources.

6.      The District has protectable legal interests in the groundwaters within the District's territory, including the right to extract groundwater, which have been injured as a result of contamination of such groundwaters by MTBE and/or TBA. The relief sought in this action will remedy the injury suffered by the District.

## III. DEFENDANTS.

7.      The defendants in this action are all corporate members of the petroleum industry. As described below, defendants include refiners of gasoline containing MTBE and/or TBA that contaminates and pollutes groundwaters within the District; manufacturers and promoters of MTBE and/or TBA; suppliers of gasoline containing MTBE and/or TBA that contaminates and pollutes groundwaters within the District; and owners and operators of gasoline facilities that have released MTBE and/or TBA that contaminates and pollutes groundwaters within the District;.

8.      When reference in this complaint is made to any act or omission of the defendants, it shall be deemed to mean that the officers, directors, agents, employees, or representatives of the defendants committed or authorized such act or omission, or failed to adequately supervise or properly control or direct their employees while engaged in the management, direction, operation or control of the affairs of defendants, and did so while acting within the scope of their employment or agency.

9.      Plaintiff is ignorant of the true names and/or capacities of the defendants sued herein under the fictitious names DOES 9 through 200 and 202 through 1000, inclusive.

## A.  Refiner Defendants.

10.    The following defendants owned and operated gasoline refineries in Southern California that have provided, at all times relevant to this complaint, gasoline containing MTBE and/or TBA to areas affecting the District's groundwater supplies:

11.    Unocal Corporation ("Unocal"), individually and formerly known as Union Oil Company of California, is a Delaware corporation with its principal place of business in El Segundo, California, doing business in California.  Plaintiff is informed and believes that Unocal Corporation is a successor in interest to Union Oil Company of California.  Plaintiff is informed and believes that Unocal holds a patent for reformulated gasoline containing MTBE used in California.

12.    Union Oil Company of California ("Union Oil") is a California corporation with its principal place of business in El Segundo, California.  Plaintiff is informed and believes that since approximately 1985 this defendant has done business under the name "Unocal," and that Unocal is a wholly-owned, operating subsidiary of Unocal Corporation, a holding company incorporated in Delaware.  Union Oil Company of California is named in place of DOE 1.

13.    Tosco Corporation ("Tosco") is a Nevada corporation with its principal place of business in Bartlesville, Oklahoma, and doing business in California.

14.    ConocoPhillips Company ("ConocoPhillips Co.") is a Delaware corporation with its principal place of business in Houston, Texas, and doing business in California.  Plaintiff is informed and believes that ConocoPhillips Co. is the successor in interest to Tosco.

15.    Chevron U.S.A. Inc., individually and doing business as Chevron Products Company and Chevron Chemical Company ("Chevron U.S.A."), is a Pennsylvania corporation

6

with its principal place of business in San Ramon, California, and doing business in California.

16.    ChevronTexaco Corporation ("ChevronTexaco") is a Delaware corporation with its principal place of business in San Ramon, California, doing business in California.

17.    Texaco Refining and Marketing Inc., now known as TMR Company ("Texaco"), is a Delaware corporation with its principal place of business in Houston, Texas, and doing business in California.

18.    Equilon Enterprises LLC, ("Equilon") is a Delaware company with its principal place of business in Houston, Texas and doing business in California. Plaintiff is informed and believes that Equilon is a successor in interest to certain Shell-related and Texaco-related entities.

19.    Shell Oil Company, individually and doing business as Shell Oil Products US ("Shell") is a Delaware corporation with its principal place of business in Houston, Texas, and doing business in California.

20.    Exxon Mobil Corporation, individually and formerly known as Exxon Corporation and doing business as ExxonMobil Refining and Supply Company, Exxon Chemical U.S.A., and ExxonMobil Chemical Corporation ("Exxon Mobil"), is a New Jersey corporation with its principal place of business in Houston, Texas and doing business in California. Plaintiff is informed and believes that Exxon Mobil was formed as a result of a merger in 1999 of Mobil Corporation and Exxon Corporation. Plaintiff is informed and believes that Exxon Mobil Corporation is the successor corporation to Exxon Corporation, which prior to the merger with Mobil Corporation in 1999 supplied, exchanged and/or otherwise provided gasoline containing MTBE and/or TBA to gasoline stations in Southern California.

21.     Mobil Corporation ("Mobil") is a Nevada corporation with its principal place of business in Houston, Texas, and doing business in California.

22.     Ultramar, Inc. ("Ultramar") is a Nevada corporation with its principal place of business in San Antonio, Texas, and doing business in California, and is a successor in interest to Beacon Oil Company.

23.     Valero Refining Company - California (erroneously named as "Valero Refining Company" in the original complaint, hereafter abbreviated as "Valero") is a Delaware corporation with its principal place of business in San Antonio, Texas, and doing business in California.

24.     Valero Marketing and Supply Company ("VMSC") is a Delaware corporation with its principal place of business in San Antonio, Texas, and doing business in California. VMSC is named in place of DOE 2.

25.     Atlantic Richfield Company, individually and doing business as ARCO Products Company (formerly known as ARCO Petroleum Company) and also known as ARCO ("ARCO"), is a Delaware corporation, with its principal place of business in Los Angeles, California, and doing business in California. Among other things, ARCO undertook a national campaign extolling the purported environmental benefits of MTBE-based gasoline, including providing its formulas for such gasoline to other refiners.

26.     BP Products North America, Inc. ("BP") is a Delaware Corporation with its principal place of business in Chicago, Illinois, and doing business in California.

27.     BP West Coast LLC ("BP West Coast") is a Delaware limited liability company with its headquarters in Los Angeles, California. BP West Coast is named in place of DOE 3.

28.     Tesoro Petroleum Corporation ("Tesoro") is a Delaware corporation with its principal place of business in San Antonio, Texas, and doing business in California. Tesoro is named in place of DOE 4.

29.     Tesoro Refining and Marketing Company, Inc. ("Tesoro Refining"), is a wholly owned subsidiary of Tesoro, is a Delaware corporation with its principal place of business in San Antonio, Texas, doing business in California. Tesoro Refining is named in place of DOE 5.

**B.      Supplier Defendants.**

30.     At all times relevant herein the following defendants supplied gasoline containing MTBE and/or TBA which affected the District's groundwater supplies:

31.     Petro-Diamond, Inc., ("Petro-Diamond") is a Delaware Corporation with its principal place of business in Irvine, California. Petro Diamond is named in place of DOE 6.

32.     Southern Counties Oil Co. ("Southern Counties"), is a California Corporation with its principal place of business in Orange, California. Southern Counties is named in place of DOE 7.

33.     Citgo Petroleum Corporation ("Citgo") is a Delaware corporation with its principal place of business in Tulsa, Oklahoma, and doing business in California. Citgo is named in place of DOE 8.

34.     The defendants identified in paragraphs 10 through 33 and DOES 9 through 200 will be collectively referred to as the "Refiner/Supplier Defendants." Among other things, these defendants (1) designed, formulated, manufactured, compounded, refined, provided product information and/or instructions for use, packaged, promoted, marketed, distributed, transported, exchanged and/or sold gasoline containing MTBE and/or TBA in the State of California that is

9

contaminating and polluting groundwaters within the District; (2) negligently designed, constructed, fabricated, installed, owned, operated, controlled, inspected, and/or repaired gasoline delivery systems (defined wherever used in this Complaint as including, but not limited to, gasoline stations and other gasoline storage, transfer, delivery and dispensing systems) from which MTBE and/or TBA is contaminating or polluting groundwaters within the District; (3) were legally responsible for and committed each of the multiple tortious and ongoing wrongful acts alleged in this Complaint; (4) participated in one or more enterprises to promote MTBE and/or TBA and/or gasoline containing MTBE and/or TBA; (5) negligently and/or intentionally failed and refused to take appropriate remediation action to abate MTBE and/or TBA plumes formed after MTBE and/or TBA escaped from their gasoline delivery systems; and (6) in doing the tortious and wrongful acts alleged in this Complaint, acted in the capacity of aider, abettor, co-conspirator, joint-venturer, partner, agent, principal, successor-in-interest, surviving corporation, fraudulent transferee, fraudulent transferor, controller, alter-ego, licensee, licensor, patent holder and/or indemnitor of each of the other defendants.

## C. MTBE/TBA Manufacturer and Supplier Defendants.

35. The following defendants manufactured and/or supplied MTBE and/or TBA which was added to gasoline that was distributed to and sold in areas affecting the District's groundwater resources:

36. ARCO Chemical Company is a corporation with its principal place of business in Los Angeles, California. ARCO Chemical Company is named in place of DOE 201.

37. Lyondell Chemical Company, individually and formerly known as ARCO Chemical Company (collectively, "Lyondell") is a corporation with its headquarters in Houston,

Texas, and doing business in California. Plaintiff is informed and believes that Lyondell is a successor in interest to ARCO Chemical Company.

38.     Defendants BP, BP West Coast, Chevron U.S.A., CITGO, ConocoPhillips Co., Equilon, ExxonMobil, Shell, Tesoro, Tesoro Refining, Tosco, Valero Refining Company - California, Valero Marketing and Supply Company, and Petro-Diamond also manufactured and/or supplied MTBE and/or TBA for use in gasoline.

39.     The defendants identified in paragraphs 35 through 38 and DOES 202 through 250 will be collectively referred to as the "Manufacturer/Supplier Defendants." The Manufacturer/ Supplier Defendants, and each of them: (1) designed, formulated, manufactured, compounded, refined, provided product information and/or instructions for use, packaged, promoted, marketed, distributed, transported, exchanged and/or sold MTBE and/or TBA in the State of California that is contaminating and polluting the groundwaters within the District; (2) were legally responsible for and committed each of the multiple tortious and ongoing wrongful acts alleged in this Complaint; (3) participated in one or more enterprises to promote MTBE and/or TBA and/or gasoline containing MTBE and/or TBA; and (4) in doing the tortious and wrongful acts alleged in this Complaint, acted in the capacity of aider, abettor, co-conspirator, joint-venturer, partner, agent, principal, successor-in-interest, surviving corporation, fraudulent transferee, fraudulent transferor, controller, alter-ego, licensee, licensor, patent holder and/or indemnitor of each of the other defendants.

**D.     Owner/Operator Defendants.**

40.     The following defendants own and operate gasoline delivery systems (as defined above) in areas affecting the District:

41. G&M Oil Company, Inc. is a California Corporation, with its principal place of business in Huntington Beach, California, doing business in California.

42. 7-Eleven, Inc. is a Texas corporation with its principal place of business in Dallas, Texas, doing business in California.

43. USA Gasoline Corporation is a California corporation with its principal place of business in Agoura, California, doing business in California.

44. The Refiner/Supplier Defendants, and each of them, also owned and operated gasoline delivery systems.

45. The defendants identified in paragraphs 40 through 44 and DOES 251 through 1000 will be collectively referred to as the "Owner/Operator Defendants." The Owner/Operator Defendants, and each of them, (1) negligently designed, constructed, fabricated, installed, owned, operated, controlled, inspected, and/or repaired gasoline delivery systems from which MTBE and/or TBA is contaminating or polluting groundwaters within the District; (2) were legally responsible for and committed each of the multiple tortious and ongoing wrongful acts alleged in this Complaint; (3) participated in one or more enterprises to promote, market, distribute, and sell MTBE and/or TBA and/or gasoline containing MTBE and/or TBA; and (4) in doing the tortious and wrongful acts alleged in this Complaint, acted in the capacity of aider, abettor, co-conspirator, joint-venturer, partner, agent, principal, successor-in-interest, surviving corporation, fraudulent transferee, fraudulent transferor, controller, alter-ego, licensee, licensor, patent holder and/or indemnitor of each of the other defendants.

## IV. ALLEGATIONS APPLICABLE TO ALL CAUSES OF ACTION.

### A.    The Contaminants: MTBE and TBA.

46.    MTBE is an additive to gasoline. As used herein, MTBE consists not only of methyl tertiary butyl ether, but also the contaminants in commercial grade MTBE as well as the following oxygenates and ethers, including, but not limited to, TAME, DIPE, and ETBE.

47.    TBA is present in some gasoline. TBA is variously a gasoline constituent, an impurity in commercial grade MTBE, and a degradation or breakdown product of MTBE.

48.    MTBE and TBA contaminate the environment through leaks and spills from gasoline delivery systems. Once released to the environment from gasoline delivery systems, MTBE and TBA have unique characteristics that cause extensive environmental contamination and a corresponding threat to the public health and welfare. In particular, the fate and transport of MTBE and TBA in the subsurface differs significantly from that of gasoline constituents that have historically been of environmental and/or toxicological concern, specifically the "BTEX compounds" (benzene, toluene, ethylbenzene, and xylene).

49.    Once released into the subsurface, MTBE and TBA separate from other gasoline constituents in the presence of moisture. In contrast to the BTEX compounds, MTBE and TBA have a strong affinity for water. If MTBE and/or TBA are released into the environment in sufficient quantities, MTBE and/or TBA have the capacity to migrate through the soil, the groundwater, penetrate deeper within the aquifer, and cause persistent contamination that can threaten the potability of drinking water wells. There is a potentially lengthy delay, based on site specific factors, between the time MTBE and/or TBA are released and the time they accumulate

13

in potentially usable ground water in sufficient quantities to contaminate public drinking water resources.

50. MTBE and TBA spread farther and faster than other components of gasoline, resist biodegradation, and are difficult and costly to remove from groundwater and drinking water supplies.

**B. Regulatory Standards Applicable to MTBE and TBA.**

51. No federal or state agency has approved either MTBE or TBA as an additive to drinking water. No federal or state agency has approved releasing MTBE or TBA to groundwater.

52. Along with its other vile properties, MTBE can render water supplies undrinkable by changing the taste and odor of water into a foul smelling liquid with a turpentine odor and chemical taste unfit for human consumption. The State of California has established a Secondary Maximum Contaminant Level ("MCL") for MTBE of 5 parts per billion ("ppb"). This means that the law prohibits using water containing MTBE at or above this level for public drinking water systems because of MTBE's aesthetic properties. Some individuals, however, can smell and taste MTBE in water at significantly lower levels.

53. MTBE also presents a significant public health threat. Because of MTBE's potential for causing cancer, the State of California has established a Primary (health) MCL for MTBE of 13 ppb. This means that the law prohibits using water containing MTBE at or above this level for public drinking water systems because of MTBE's threat to public health.

54. TBA also presents a significant threat to public health. The State of California has set an Action Level for TBA of 12 parts per billion in water, based on an interim assessment

14

performed by the California Office of Environmental Health Hazard Assessment. The interim assessment concluded that exposure to TBA at levels above 12 ppb in water creates an unacceptable public health risk of cancer.

55. Former California Governor Gray Davis ordered state agencies to phase out MTBE use in motor fuel in California, to achieve 100% removal no later than December 31, 2003. Because of MTBE's threat to drinking water, the federal government has also announced its intent to "significantly reduce or eliminate" MTBE from gasoline in an Advance Notice of Proposed Rulemaking published in the Federal Register.

## C. Defendants' Promotion of MTBE and TBA.

56. The Refiner/Supplier and Manufacturer/Supplier Defendants, all of whom have promoted the use of gasoline containing MTBE and/or TBA for its purported environmental benefits, knew or should have known of the grave harm and threat to the public health and welfare represented by the proliferating use of this compound, including (among other things): widespread pollution of groundwater with MTBE and/or TBA, contamination of public drinking water by these compounds, drinking water supplies rendered unfit and unusable for consumption, public health threatened, and increased costs to public water suppliers and their customers.

57. Despite knowing that MTBE and/or TBA pollution was inevitable unless adequate precautions were taken, and despite the availability of reasonable alternatives (including but not limited to adequate warnings) defendants chose not to warn customers, retailers, regulators or public officials, including the District. As production and sales of these compounds and gasoline containing them increased, defendants failed to take any reasonable, appropriate, and special precautions to store gasoline containing MTBE and/or TBA safely, or to prevent, detect and

15

clean-up spills and leaks of gasoline containing this product. Despite knowing the risk of harm posed by MTBE and/or TBA, defendants also failed to warn purchasers, the public, regulators, and/or the District that without such precautions more and more MTBE and/or TBA would be released into the environment and cause, among other significant adverse effects, long term groundwater contamination, pollution of water supplies, and threats to public health and safety.

     58.    The Refiner/Supplier Defendants further exacerbated the situation by continuing unreasonable and negligent acts, including providing gasoline containing MTBE and/or TBA to gasoline stations without either providing appropriate warnings or taking other precautions adequate to prevent releases of MTBE and/or TBA to the subsurface, knowing that release to the environment of this compound would be inevitable because a substantial percentage of those gasoline stations would store such gasoline without taking reasonable, appropriate or special precautions, including by placing the gasoline in inadequate and leaking gasoline delivery systems, and without taking reasonable, appropriate, or special measures to monitor, detect, and respond to releases of MTBE and/or TBA to soil and/or groundwater, and without taking reasonable, appropriate or special precautions to investigate, contain and clean up releases of these compounds.

     59.    The Refiner/Supplier and Manufacturer/Supplier Defendants took affirmative actions that led to the contamination of the District's groundwater resources with MTBE and/or TBA, including but not limited to, making representations to downstream users of MTBE, TBA and/or gasoline containing MTBE and/or TBA, as well as to the public and government agencies, that such products were environmentally sound and appropriate for widespread production, distribution, sale and use. Indeed, defendants represented that gasoline containing MTBE could

16

be handled the same as ordinary gasoline, and required no special measures to protect against or respond to suspected releases to the subsurface.

60.     The manufacturers, refiners, and suppliers of MTBE, TBA, and gasoline containing MTBE and/or TBA had a duty (which they breached) to test MTBE and TBA thoroughly to determine their environmental fate and transport characteristics, and potential human health impacts before they sold MTBE, TBA and/or gasoline containing MTBE and/or TBA, and had a further duty (which they also breached) to take precautions necessary to assure that gasoline containing MTBE and/or TBA was properly stored and instituted all necessary measures to contain and promptly abate the inevitable spills and leaks. Nonetheless, the defendants, and each of them, failed adequately to test, store, warn about, or control gasoline containing MTBE and/or TBA, and, among other things, failed to abate groundwater contamination caused by MTBE and/or TBA, including contamination in and pollution to the District's groundwater resources.

61.     The Refiner/Supplier and Manufacturer/Supplier Defendants, their agents and employees created, participated in, and/or facilitated the flow of MTBE, TBA and/or gasoline containing one or more such compounds into gasoline distribution, storage, and dispensing systems that they knew could not safely contain such products. The widespread problems of leaking gasoline delivery systems were well known to the defendants prior to the introduction of MTBE and TBA. At least as early as the mid-1960's, these defendants knew, or reasonably should have known, that gasoline delivery systems suffer significant and widespread leaks and failures, and release gasoline products into the environment, including into groundwater.

17

62.     Before introducing MTBE and/or TBA into gasoline delivery systems, the Refiner/Supplier and Manufacturer/Supplier Defendants knew, or reasonably should have known, among other things, that MTBE and/or TBA released into the environment would mix easily with groundwater, move great distances, resist biodegradation and/or bioremediation, render drinking water unsafe and/or non-potable, cause significant expenses to remove from public drinking water supplies, and otherwise threaten the public health and welfare. The defendants knew, or they reasonably should have known, that the gasoline distribution and retail system statewide – and in the vicinity of the District – contained leaking gasoline delivery systems. They knew, or they reasonably should have known, that gasoline facilities, including those in the vicinity of the District, commonly lacked adequate storage facilities for gasoline containing MTBE and/or TBA, and that the operators of these facilities were unaware of either the special hazards of MTBE and/or TBA or the steps necessary to eliminate or mitigate those hazards.

63.     At all times relevant to this action:

(a)     the Manufacturer/Supplier Defendants, and each of them, sold, exchanged, supplied, distributed, delivered and/or otherwise provided MTBE and/or TBA to the Refiner/Supplier Defendants, the Refiner/Supplier Defendants, and each of them, sold, exchanged, supplied, distributed, delivered and/or otherwise provided gasoline containing MTBE and/or TBA to retail gasoline stations and/or other gasoline delivery systems within or near the District's boundaries. Such sales, exchanges, supplies, distributions, deliveries and/or other provisions of gasoline containing MTBE and/or TBA to such facilities occurred over time through the

end of 2002 and, for at least certain defendants, beyond;

(b)      gasoline containing MTBE and/or TBA was released to the subsurface from retail gasoline facilities owned and/or operated by the Owner/Operator Defendants, and each of them, and from other facilities at dispersed locations within or near the District's boundaries. Such releases of gasoline containing MTBE and/or TBA have occurred over time, have been discovered or have become discoverable at various times, and are still occurring, all in varying amounts at different locations, impacting various aquifers in various sub-basins within the District; and

(c)      MTBE and TBA take time to migrate from release points to locations within the subsurface at which they have an appreciable impact on groundwater resources. MTBE and TBA have over time migrated in the subsurface from dispersed release points at or near the surface at retail gasoline facilities within or near the District's boundaries, causing pollution, contamination, and substantial damage to the District's groundwater resources, causing appreciable injury to the District within the three years before the filing of this Complaint, and damaging the District at such times and in amounts to be proved at trial.

## FIRST CAUSE OF ACTION

### (Strict Liability Against All Defendants)

64.      The District refers to paragraphs 1 through 63 above, and by this reference incorporates them as though set forth in full.

65.      The Refiner/Supplier Defendants, and each of them, designed, formulated, manufactured, compounded, refined, provided product information and/or instructions for use,

19

packaged, labeled, promoted, marketed, distributed, transported, exchanged and/or sold gasoline containing MTBE and/or TBA.

66.     The Refiner/Supplier and Manufacturer/Supplier Defendants, and each of them, designed, formulated, manufactured, compounded, refined, provided product information and/or instructions for use, packaged, labeled, promoted, marketed, distributed, transported, exchanged and/or sold MTBE and/or TBA, which was intended by said defendants, and each of them, to be used as a gasoline additive.

67.     The Owner/Operator Defendants took delivery of, stored and sold the gasoline containing MTBE and/or TBA which is contaminating and polluting groundwater in and near the District.

68.     The Refiner/Supplier and Manufacturer/Supplier Defendants, and each of them, represented, asserted, claimed and warranted that gasoline containing MTBE and/or TBA could be used in the same manner as gasoline not containing these compounds, and/or that gasoline containing MTBE and/or TBA did not require any different or special handling or precautions.

69.     Defendants, and each of them, knew that said product(s) were to be purchased and used without inspection for defects.

70.     MTBE and/or TBA, and gasoline containing MTBE and/or TBA, are defective products because, among other things:

    (a)     The design and manufacture of these products was defective;

    (b)     The benefits of using MTBE and/or TBA in gasoline, if any, are greatly outweighed by the associated costs and negative impacts imposed on society, consumers, and the environment, and on groundwater resources within the

20

District;

(c)     They cause extensive groundwater contamination by MTBE and/or TBA even when used in their foreseeable and intended manner;

(d)     Even at extremely low levels, MTBE renders drinking water putrid, foul, and unfit for purveying as drinking water to the public, and TBA also renders drinking water unfit for purveying as drinking water to the public;

(e)     MTBE and TBA pose significant threats to the public health and welfare;

(f)     The Refiner/Supplier and Manufacturer/Supplier Defendants failed to provide adequate warnings of the known and foreseeable risks of MTBE and/or TBA and/or gasoline containing MTBE and/or TBA, including but not limited to groundwater contamination with MTBE and/or TBA;

(g)     The Refiner/Supplier and Manufacturer/Supplier Defendants failed to conduct reasonable, appropriate or adequate scientific studies to evaluate the environmental fate and transport and potential human health effects of MTBE and/or TBA; and

(h)     Commercial grade MTBE is defectively manufactured when it contains unnecessary but environmentally harmful impurities such as TBA.

71.     MTBE and/or TBA and/or gasoline containing MTBE and/or TBA were used in a manner in which they were foreseeably intended to be used, and as a proximate result of the defects previously described, MTBE and/or TBA directly and proximately caused the District to sustain the injuries and damages set forth in this Complaint within the past three years.

72.     As a direct and proximate result of the acts and omissions of the Refiner/Supplier
and Manufacturer/Supplier Defendants alleged herein, the District has initiated a remedial
program to assess, evaluate, investigate, monitor, abate, clean-up, correct, contain, and remove
MTBE and/or TBA from groundwater resources within its territory, all at significant expense,
loss, and damage. In particular, the District must investigate MTBE releases from all
underground gasoline storage tanks within its territory, including those that have never been
reported to regulators as known or suspected sources of releases.

73.     As a further direct and proximate result of the acts and omissions of the
Refiner/Supplier and Manufacturer/Supplier Defendants alleged in this Complaint, the District
has and will sustain substantially increased expenses, all to the District's damage in an amount
within the jurisdiction of this court. The District has and will also incur costs and attorneys' fees
in prosecuting this action. The District is entitled to recover all such damages, together with
court costs and reasonable attorneys' fees, in this action.

74.     Defendants Chevron U.S.A. Inc.; ChevronTexaco Corporation; Texaco Refining
and Marketing Inc.; Equilon Enterprises LLC; Shell Oil Company; ConocoPhillips Company;
Unocal Corporation; Union Oil Company of California; Tosco Corporation (after 1996); Exxon
Mobil Corporation; Mobil Corporation; Ultramar, Inc. (after 1996); Valero Refining Company -
California; Valero Marketing and Supply Company; Atlantic Richfield Company; BP Products
North America, Inc.; Arco Chemical Company; and Lyondell Chemical Company knew that it
was substantially certain that their alleged acts and omissions described above would threaten
public health and cause extensive contamination of common water supplies, public drinking
water supplies, and property damage. These defendants committed each of the above described

22

acts and omissions knowingly, willfully, and with oppression, fraud, and/or malice and with conscious disregard of the health and safety of others, and of plaintiff's rights.

75.     This conduct is reprehensible, despicable, and was performed to promote sales of MTBE and/or TBA and/or gasoline containing MTBE and/or TBA in conscious disregard of the known risks of injury to health and property. Defendants acted with willful and conscious disregard of the probable dangerous consequences of that conduct and its foreseeable impact upon the District. Therefore, the District requests an award of exemplary damages in an amount sufficient to punish defendants Chevron U.S.A. Inc.; ChevronTexaco Corporation; Texaco Refining and Marketing Inc.; Equilon Enterprises LLC; Shell Oil Company; ConocoPhillips Company; Unocal Corporation; Union Oil Company of California; Tosco Corporation; Exxon Mobil Corporation; Mobil Corporation; Ultramar, Inc.; Valero Refining Company - California; Valero Marketing and Supply Company; Atlantic Richfield Company; BP Products North America, Inc.; ARCO Chemical Company; and Lyondell Chemical Company. After the completion of additional investigation and discovery, the District may seek leave of court to amend this Complaint to allege a claim for exemplary damages against additional defendants if warranted by the facts.

## SECOND CAUSE OF ACTION

### (Negligence Against All Defendants)

76.     The District refers to paragraphs 1 through 75 above, and by this reference incorporates them as though set forth in full.

77.     Defendants had a duty to use due care in the design, formulation, manufacture, handling, control, disposal, promotion, marketing, distribution, sale, testing, labeling, use, and

23

provision of product information and/or instructions for use of gasoline containing MTBE and/or TBA and gasoline delivery systems.

78.     The defendants named herein so negligently, carelessly, and/or recklessly designed, formulated, manufactured, handled, controlled (or the lack thereof), disposed, promoted, marketed, distributed, sold, tested (or the lack thereof), labeled, used, provided product information and/or instructions for use, released and/or spilled MTBE and/or TBA, and/or so negligently, carelessly and recklessly dispensed, spilled, and released gasoline containing MTBE and/or TBA and/or so negligently, carelessly, and recklessly dispensed MTBE and/or TBA into gasoline delivery systems, and/or so negligently, carelessly and/or recklessly designed, installed, operated and/or maintained gasoline pipelines and/or gasoline delivery systems for use with gasoline containing MTBE and/or TBA, that they breached their duties and directly and proximately caused MTBE and/or TBA to contaminate and pollute groundwater resources within the District resulting in the compensatory and punitive damages alleged in this complaint.

79.     Defendants, and each of them, among other things, negligently, carelessly, and/or recklessly failed to: (1) prevent leaks of MTBE and/or TBA through the use of appropriate technology; (2) install and maintain gasoline delivery systems that prevented leaks and facilitated prompt detection and containment of any leaks; (3) monitor and discover leaks as soon as possible; (4) warn those who may be injured as a result of the leak(s); and (5) clean up and abate MTBE and/or TBA spill(s) as thoroughly and as soon as reasonably possible and in a manner necessary to prevent harm and injury.

80.     The Refiner/Supplier Defendants exercised control over the Owner/Operator
Defendants through a variety of means, including but not limited to, written agreements,
inspection rights, prescribing certain procedures and operating practices, training, sale of branded
goods, and agreements obligating the respective Owner/Operator Defendants to acquire, store
and sell gasoline containing MTBE and/or TBA. Therefore, the Refiner/Supplier Defendants had
actual control over the Owner/Operator Defendants with leaking gasoline delivery systems and/or
were vicariously liable for the acts and conduct of the Owner/Operator Defendants.

81.     The Refiner/Supplier Defendants and Owner/Operator Defendants also undertook
tank system testing, tank integrity testing, inventory reconciliation and testing thereby
affirmatively undertaking the duty to prevent releases of MTBE and/or TBA from gasoline
delivery systems, but they negligently failed to properly discharge these duties.

82.     The Refiner/Supplier Defendants and Owner/Operator Defendants further
undertook to retain consultants to conduct environmental investigations and cleanups, thereby
affirmatively undertaking the duty to detect and remediate releases of MTBE and/or TBA from
gasoline delivery systems, but they negligently failed to properly discharge these duties.

83.     The Refiner/Supplier Defendants knew, or should have known, that certain of the
Owner/Operator Defendants had leaking gasoline delivery systems, but nonetheless negligently
supplied, sold, and/or entrusted gasoline containing MTBE and/or TBA to these owner/operator
defendants knowing that MTBE and/or TBA would leak into the soil and contaminate
groundwater.

84.     By their conduct defendants, and each of them, among other things, are:

(a)     Causing and/or permitting the discharge of wastes into groundwater resources,

25

creating conditions of pollution and/or nuisance within the meaning of California Water Code section 13050;

(b)     Using groundwaters in the District for waste disposal, an unreasonable and nonbeneficial use, in violation of California Constitution Article 10, Section 2; and

(c)     Impairing the District's rights to maintain water whose quality is not impaired.

85.     As a direct and proximate result of defendants' acts and omissions as alleged herein, the District has incurred within the past three years, is incurring, and will continue to incur, MTBE and/or TBA investigation, remediation and treatment costs and expenses required to restore its groundwater resources, and other damages, in an amount to be proved at trial.

86.     For the reasons alleged in paragraphs 74 through 75, the District is entitled to an award of exemplary and punitive damages against defendants Chevron U.S.A. Inc.; ChevronTexaco Corporation; Texaco Refining and Marketing Inc.; Equilon Enterprises LLC; Shell Oil Company; ConocoPhillips Company; Unocal Corporation; Union Oil Company of California; Tosco Corporation; Exxon Mobil Corporation; Mobil Corporation; Ultramar, Inc.; Valero Refining Company - California; Valero Marketing and Supply Company; Atlantic Richfield Company; BP Products North America, Inc.; ARCO Chemical Company; and Lyondell Chemical Company.

## THIRD CAUSE OF ACTION

### (Trespass Against All Defendants)

87.     The District realleges paragraphs 1 through 86, inclusive, of this complaint and incorporates them herein by reference.

88.     The District is the owner, actual possessor, and/or represents the interests of the owners and/or actual possessors of property rights and interests in the groundwaters within its territory, including the right to appropriate and regulate the use of water and the right to protect such groundwaters from contamination and pollution.  Defendants, their agents and employees, knew or in the exercise of reasonable care should have known, that MTBE and/or TBA is extremely hazardous to groundwater and public water supplies, including the property and other rights of the District and the water users it represents.

89.     The defendants so negligently, recklessly and/or intentionally released, spilled, and/or failed to properly control, handle, store, contain, and use gasoline containing MTBE and/or TBA, and/or clean up spills and leaks of MTBE and/or TBA, that they directly and proximately caused MTBE and/or TBA to contaminate the District's property as follows:

(a)     The defendants participated in the use, storage, and release of MTBE and/or TBA by owning, controlling, regulating, designing, installing, operating, monitoring, inspecting and testing, or by failing to do so, the pipelines and/or gasoline delivery systems and thereby proximately caused gasoline containing MTBE and/or TBA to be released into groundwater;

(b)     The Manufacturer/Supplier Defendants negligently provided instructions and/or warnings to the Refiner/Supplier and Owner/Operator Defendants concerning MTBE and/or TBA, knowing that there was a substantial danger that if their instructions and/or warnings were followed that gasoline containing MTBE and/or TBA dispensed into gasoline delivery systems and pipelines would escape into the environment and contaminate groundwater;

(c)     The Refiner/Supplier Defendants negligently delivered (directly or indirectly) gasoline containing MTBE and/or TBA into gasoline delivery systems which they knew, or should have known, were inadequate, old, leaking, and/or defective, and thereby created a substantial known danger that MTBE and/or TBA would be released into the environment and contaminate groundwater; and negligently provided instructions and/or warnings to the Owner/Operator Defendants concerning MTBE and/or TBA, knowing that there was a substantial danger that if their instructions and/or warnings were followed that gasoline containing MTBE and/or TBA dispensed into gasoline delivery systems would escape into the environment and contaminate groundwater;

(d)     Defendants retained consultants and negligently controlled and/or directed their cleanup and remediation activities (or the lack thereof) at gasoline station sites and pipelines, thereby causing and permitting MTBE and/or TBA to contaminate and pollute the District's property, and defendants failed to warn the appropriate entities and individuals, including the District, of known risks, spills, releases and/or leaks, and/or failed to undertake reasonable, appropriate or necessary action to reduce, remediate, or abate MTBE and/or TBA groundwater contamination.

(e)     Defendants negligently overfilled gasoline delivery systems with gasoline containing MTBE and/or TBA, and/or spilled or released it at gasoline facilities near the District.

(f)     When defendants learned, or reasonably should have learned, that MTBE and/or

TBA was a persistent, significant and/or widespread source of groundwater contamination, or threatened to become so, defendants failed to warn the appropriate entities and individuals, including the District, of known risks, spills, releases and/or leaks, and/or failed to undertake reasonable, appropriate or necessary action to reduce, remediate, or abate MTBE and/or TBA groundwater contamination.

90.     The MTBE and/or TBA contamination of groundwaters within the District has varied and will vary over time and requires investigation, remediation, abatement, and/or treatment. The District has engaged, is engaging and will engage, in remediation, abatement, investigation, and/or treatment programs and/or in securing replacement water supplies, and has thereby sustained within the past three years, and still is sustaining, and will sustain, the damages alleged herein.

91.     The defendants, and each of them, caused, created, and/or assisted in the creation of the trespass alleged herein.

92.     For the reasons alleged in paragraphs 74 through 75, the District is entitled to an award of exemplary and punitive damages against defendants Chevron U.S.A. Inc.; ChevronTexaco Corporation; Texaco Refining and Marketing Inc.; Equilon Enterprises LLC; Shell Oil Company; ConocoPhillips Company; Unocal Corporation; Union Oil Company of California; Tosco Corporation; Exxon Mobil Corporation; Mobil Corporation; Ultramar, Inc.; Valero Refining Company - California; Valero Marketing and Supply Company; Atlantic Richfield Company; BP Products North America, Inc.; ARCO Chemical Company; and Lyondell Chemical Company.

## FOURTH CAUSE OF ACTION

### (Nuisance Against All Defendants)

93.     The District realleges paragraphs 1 through 92 of this complaint and incorporates them herein by reference.

94.     The negligent, reckless, intentional and ultrahazardous activity of the defendants, and each of them, alleged herein has resulted in the contamination of and pollution of groundwaters within the District as alleged herein and constitutes a nuisance. The contamination and pollution of such groundwaters with gasoline and MTBE and/or TBA is a public nuisance as defined in Civil Code section 3479, Civil Code section 3480, Health and Safety Code section 5410, and Water Code section 13050, and is abatable. The defendants, and each of them, caused, created, and/or assisted in the creation of the nuisance alleged herein.

95.     The Manufacturer/Supplier and Refiner/Supplier Defendants, their agents and employees marketed, distributed, promoted, and/or sold their products with reckless disregard for human health, the environment, and for the peace, tranquility, and economic well-being of the public, resulting in the nuisance alleged herein.

96.     The District is specially and adversely affected by the nuisance.

97.     The nuisance caused by defendants, and each of them, has substantially interfered with and obstructed the District's ability to provide a water supply free from unacceptable health risk, taste, odor, color, pollution and contamination, and to protect groundwaters within its territory from such harm.

98.     The District owns, holds and/or represents property rights and interests damaged by the nuisance. The District's injury is separate and distinct from that of the public.

30

99.     The District has not consented to and does not consent to this nuisance. Defendants, and each of them, knew or should have known, that the District would not consent to this nuisance.

100.    As a direct and proximate result of the nuisance, the District has been damaged within the past three years and is entitled to the compensatory and exemplary damages alleged herein, or to such other appropriate relief the District may elect at trial, including, but not limited to, equitable relief in the form of an order requiring Defendants to abate the nuisance properly as to the District.

101.    For the reasons alleged in paragraphs 74 through 75, the District is entitled to an award of exemplary and punitive damages against defendants Chevron U.S.A. Inc.; ChevronTexaco Corporation; Texaco Refining and Marketing Inc.; Equilon Enterprises LLC; Shell Oil Company; ConocoPhillips Company; Unocal Corporation; Union Oil Company of California; Tosco Corporation; Exxon Mobil Corporation; Mobil Corporation; Ultramar, Inc.; Valero Refining Company - California; Valero Marketing and Supply Company; Atlantic Richfield Company; BP Products North America, Inc.; ARCO Chemical Company; and Lyondell Chemical Company.

## FIFTH CAUSE OF ACTION

### (Orange County Water District Act Claim Against All Defendants)

102.    The District refers to paragraphs 1 through 101 above, and by this reference incorporates them as though set forth in full.

103.    Defendants, and each of them, have caused and are causing the District to conduct investigations of the quality of the groundwaters within the District to determine whether those

31

waters are contaminated or polluted with MTBE and/or TBA, at substantial cost to the District in an amount to be proved at trial.

104. Defendants, and each of them, have caused and are causing the District to perform cleanup, abatement, and/or remedial work needed to prevent, abate, and/or contain threatened or existing contamination of, or pollution to, the groundwaters of the District, all at substantial cost to the District in an amount to be proved at trial.

105. Defendants, and each of them, are causing or threatening to cause MTBE and/or TBA contamination or pollution of groundwater resources within the District. As a direct and proximate result of the acts and omissions of the defendants alleged in this Complaint, the District must initiate a remedial program to assess, evaluate, investigate, monitor, abate, clean up, correct, contain, and/or take other necessary remedial action, all at significant expense, loss, and damage in amounts to be proved at trial.

106. As a further direct and proximate result of the acts and omissions of the defendants alleged in this Complaint, the District, since May 6, 2000, has sustained substantially increased expenses, all to the District's damage in an amount within the jurisdiction of this court. Under Section 8 of the Orange County Water District Act, California Water Code Appendix 40-8, the District is entitled to recover 'reasonable costs actually incurred' since May 6, 2000, together with court costs and reasonable attorneys' fees in this action. The District also seeks declaratory relief with respect to future expenses it may incur.

107. Defendants Chevron U.S.A. Inc.; ChevronTexaco Corporation; Texaco Refining and Marketing Inc.; Equilon Enterprises LLC; Shell Oil Company; ConocoPhillips Company; Unocal Corporation; Union Oil Company of California; Tosco Corporation (after 1996); Exxon

32

Mobil Corporation; Mobil Corporation; Ultramar, Inc. (after 1996); Valero Refining Company - California; Valero Marketing and Supply Company; Atlantic Richfield Company; BP Products North America, Inc.; ARCO Chemical Company; and Lyondell Chemical Company knew that it was substantially certain that their alleged acts and omissions described above would threaten public health and cause extensive contamination of common water supplies, public drinking water supplies, and property damage. These defendants committed each of the above described acts and omissions knowingly, willfully, and with oppression, fraud, and/or malice and with conscious disregard of the health and safety of others, and of plaintiff's rights.

108.    This conduct is reprehensible, despicable, and was performed to promote sales of MTBE and/or TBA and/or gasoline containing MTBE and/or TBA in conscious disregard of the known risks of injury to health and property. Defendants acted with willful and conscious disregard of the probable dangerous consequences of that conduct and its foreseeable impact upon the District. Therefore, the District requests an award of exemplary damages in an amount sufficient to punish defendants Chevron U.S.A. Inc.; ChevronTexaco Corporation; Texaco Refining and Marketing Inc.; Equilon Enterprises LLC; Shell Oil Company; ConocoPhillips Company; Unocal Corporation; Union Oil Company of California; Tosco Corporation; Exxon Mobil Corporation; Mobil Corporation; Ultramar, Inc.; Valero Refining Company - California; Valero Marketing and Supply Company; Atlantic Richfield Company; BP Products North America, Inc.; ARCO Chemical Company; and Lyondell Chemical Company. After the completion of additional investigation and discovery, the District may seek leave of court to amend this Complaint to allege a claim for exemplary damages against additional defendants if warranted by the facts.

## SIXTH CAUSE OF ACTION

### (Declaratory Relief Against All Defendants)

109.    The District realleges paragraphs 1 through 108, inclusive, and incorporates them herein by reference.

110.    Defendants knew, or should have known, that if gasoline containing MTBE and/or TBA was used in a foreseeable and intended manner that MTBE and/or TBA was dangerous and created an unreasonable and excessive risk of harm to human health and the environment.

111.    The defendants intentionally, willfully, deliberately and/or negligently failed to properly design, manufacture, distribute, design, control, test, sell, and/or provide accurate product information and/or instructions for use of MTBE and/or TBA and/or gasoline delivery systems and warn users of the substantial and unreasonable threats to human health and safety and the environment which results from the foreseeable and intended use and storage of MTBE and/or TBA.

112.    Among other things, the District must take costly remedial action to remove MTBE and/or TBA contamination and secure alternative water supplies which will result in substantial costs, expenses and damages within the jurisdiction of this court.

113.    Defendants, and each of them, have failed to reimburse the District for their MTBE and/or TBA-related investigation, remediation and clean-up costs and deny any responsibility or liability for these damages and expenses the District will incur in the future.

114.    An actual controversy exists concerning who is responsible for any liability arising out of actual or threatened pollution or contamination of groundwater resources within the

District by MTBE and/or TBA.

115. In order to resolve this controversy, Plaintiff seeks an adjudication of the respective rights and obligations of the parties, in conjunction with an award of damages, to the extent necessary to provide full relief to the plaintiff.

## PRAYER

WHEREFORE, the District requests judgment against defendants, and each of them, for:

1. Compensatory damages according to proof;

2. Exemplary damages in an amount sufficient to punish defendants Chevron U.S.A. Inc.; ChevronTexaco Corporation; Texaco Refining and Marketing Inc.; Equilon Enterprises LLC; Shell Oil Company; ConocoPhillips Company; Unocal Corporation; Union Oil Company of California; Tosco Corporation; Exxon Mobil Corporation; Mobil Corporation; Ultramar, Inc.; Valero Refining Company - California; Valero Marketing and Supply Company; Atlantic Richfield Company; BP Products North America, Inc.; ARCO Chemical Company; and Lyondell Chemical Company, and to deter those defendants from ever committing the same or similar acts;

3. An order declaring that defendants are liable for the full cost of all remedial and other actions necessary to abate and remove MTBE and/or TBA which is contaminating and threatening the District's property, and for such orders as may be necessary to provide full relief to the plaintiff;

4. An Order declaring that the Owner/Operator Defendants' gasoline delivery systems constitute a nuisance in the manner they are maintained and operated, and compelling them to abate that nuisance;

5. An Order compelling Defendants and each of them to abate the public nuisance proximately caused by their conduct as alleged herein;

6. Attorneys' fees to the full extent permitted by law;

7. Costs incurred in prosecuting this action, and prejudgment interest to the full extent permitted by law; and

8. For such and other further relief as the court may deem just and proper.

Dated: January 31, 2008

MILLER, AXLINE & SAWYER
A Professional Corporation

By:

MICHAEL AXLINE (CA SBN #229840)
Attorneys for Plaintiff:
ORANGE COUNTY WATER DISTRICT