USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/27/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In Re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation

Master File No. 1:00 – 1898
MDL 1358 (SAS)
M21-88

This document relates to:

*Basso, et al. v. Sunoco, Inc., et al.*, No. 03 Civ. 9050
*Tonneson, et al. v. Sunoco, Inc., et al.*, No. 03 Civ. 8248

### STIPULATION AND [PROPOSED] ORDER DISMISSING WITHOUT PREJUDICE THE TOWN OF HIGHLANDS' COUNTERCLAIMS AGAINST SUNOCO, INC. AND SUNOCO, INC. (R&M)

Pursuant to the stipulated agreement of counsel, attached hereto as Exhibit A, and subject to the approval and entry as an Order by the Court in accordance with Fed. R. Civ. P. 41(a)(2):

The counterclaims filed by Plaintiff and Third-Party Defendant Town of Highlands in the above-captioned actions against Defendants and Third-Party Plaintiffs Sunoco, Inc. and Sunoco, Inc. (R&M) are hereby dismissed without prejudice, with each party to bear its own attorneys' fees and costs.

SO ORDERED this 27 day of May, 2008

_____
Hon. Shira A. Scheindlin, U.S.D.J.

879227v1 Washington 011730

Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re: Methyl Tertiary butyl Ether ("MTBE")     Master File No. 1:00 - 1898
Products Liability Litigation     MDL 1358 (SAS)
    M21-88

This document relates to:
*Basso, et al. v. Sunoco, Inc., et al., 03 Civ. 9050*
*Tonneson, et al. v. Sunoco, Inc., et al., 03 Civ. 8248*

It is hereby stipulated and agreed by and between the undersigned counsel for the parties as follows:

1. Within 30 days following full execution of this agreement, Third Party Defendant the Town of Highlands (the "Town") and Defendants and Third Party Plaintiffs Sunoco, Inc. and Sunoco, Inc. (R&M) (collectively, "Sunoco") shall submit to the court a stipulation and proposed order pursuant to Fed. R. Civ. P. 41(a)(2) dismissing without prejudice the Town's counterclaims asserted in the above-captioned actions against Sunoco (the "Counterclaims").

2. The Town shall be permitted to reassert the Counterclaims in the action captioned *Abrevaya, et al. v. Sunoco, Inc. et al.*, Index No. 2003-7403 and in *Armstrong, et al. v. Sunoco, Inc., et al.*, Index No. 2003-3717, in the event the parties to the *Armstrong* action are realigned in such action pursuant to Sunoco's motion (the "State Court Actions"). Sunoco shall not oppose any motion by the Town in the State Court Actions to amend the Town's answers therein to interpose such counterclaims. In the

*Abrevaya* action, such amendment shall be accomplished by striking the second sentence of paragraph 2 of the Town's counterclaims therein.

3. In the event that the Town's motion to amend its answer in *Abrevaya* is denied and/or Sunoco's motion to realign the parties in *Armstrong* is denied, the Town shall be permitted to assert the Counterclaims as claims in a separate action against Sunoco, provided such action is brought within 120 days of the court's denial of such motion.

4. Sunoco waives any defense of statute of limitations or laches with respect to the Counterclaims, either as interposed in the State Court Actions or as set forth in a separate action, as permitted pursuant to paragraph 3, above, to the extent that the Counterclaims were not time-barred or subject to such defenses as counterclaims in the above-caption *Tonneson and Basso* actions (the "Instant Actions").

5. With respect to the Town's counterclaims for diminution in tax revenues from the private properties at issue in the Instant Actions whose private drinking water wells were allegedly contaminated (the "Tax Revenue Claims"), the Town shall not seek to assert such claims as counterclaims in the State Court Actions, but shall have three years from the date of this stipulation to assert such claims in a separate action against Sunoco, during which the limitations periods pertaining to such claims shall be tolled (the "Tolling Period").

6. So long as the Tax Revenue Claims are asserted by the Town within the Tolling Period, Sunoco waives any defense of statute of limitations or laches with respect

to the Tax Revenue Claims, to the extent that the Tax Revenue Claims were not time-barred or subject to such defenses as counterclaims in the Instant Actions.

By: _____
HELLER, HOROWITZ & FEIT, P.C.
*Attorneys for Plaintiff and Third-Party Defendant Town of Highlands*

Dated: **5/12/08**

By: _____
BEVERIDGE & DIAMOND, P.C.
*Attorney for Defendants Sunoco, Inc. and Sunoco, Inc. (R&M)*

Dated: 5/12/08