In Re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation															Doc. 1852

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------ X
                                                      :

IN RE: METHYL TERTIARY BUTYL   :
ETHER ("MTBE") PRODUCTS        :   **ORDER**
LIABILITY LITIGATION              :
---------------------------------------------------- :   Master File No. 1:00-1898
                                               :   MDL 1358 (SAS)
This document relates to:             :   M21-88
                                               :
*County of Suffolk v. Amerada Hess Corp., et* :
*al.,* 04 Civ. 5424                             :
------------------------------------------------------ X

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

        On May 13, 2008, I issued an opinion granting in part, and denying in part, various summary judgment motions filed by defendants in this litigation.[1] In particular, the defendants had "brought two omnibus motions for summary judgment on plaintiffs' tort claims based on inability to prove causation."[2] I had directed defendants to file omnibus motions because there are dozens of defendants and it would be a waste of judicial resources for the Court to resolve individual motions filed by each defendant on the same issues.

---

       [1]    *See In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.,* No. 1:00-1898, 2007 WL 1791258 (S.D.N.Y. June 15, 2007).

       [2]    *Id.* at *2.

1

At the same time, I allowed individual defendants to file "exculpation motions," which refers to "the fact that under the commingled product theory a defendant may exculpate itself from liability."[3] In other words, individual defendants were permitted to file individual motions arguing that plaintiffs' evidence would not support a jury verdict under the commingled product theory. However, I also warned the parties to "avoid making individual motions if the omnibus motion address[ed] the same issues."[4] Unfortunately, this admonition was largely ignored by the five defendants who chose to file individual motions and "many of defendants' arguments repeat[ed] those that [were] made in the omnibus motion, particularly about their liability as retailers."[5]

This was "especially true of the motion filed by Getty, which is only being sued as a retailer."[6] As Getty knew well, "plaintiffs agreed to dismiss claims against Getty to the extent they are based on commingled product theory because

---

[3] *Id.* at *11

[4] *Id.* at *12.

[5] *Id.*

[6] *Id.*

they are not being sued as a refiner of gasoline."[7] Thus, there was no need for Getty to file an exculpation motion.

Rather, Getty filed an individual motion as a way to raise facts and issues that should have been made in the omnibus motion.[8] I therefore granted plaintiffs' request to strike the individual motion filed by Getty.[9] In doing so, I reviewed Getty's motion and concluded that "[a]ll of the issues raised by Getty [were] made in the omnibus motion."[10] Finally, in resolving the omnibus motion, I granted summary judgment on claims against Getty with respect to several of the wells, and also denied summary judgment with respect to Broadway Well No. 2 and Oak Street Well No. 1.

Getty now files a motion for reconsideration pursuant to Local Civil Rule 6.3 seeking summary judgment on the remaining wells for which it may be held liable. This rule is strictly applied in order to avoid repetitive arguments

---

[7] *Id.* at *12 n.91.

[8] In fact, Getty originally filed *two* individual summary judgment motions, but later withdrew one of the motions when plaintiffs dismissed certain claims against it.

[9] *See id.* at *12.

[10] *Id.*

3

already considered by the Court.[11] A motion for reconsideration is neither a substitute for appeal nor "a second bite at the apple for a party dissatisfied with a court's ruling."[12] In its motion for reconsideration, Getty does not point to any controlling decision or information overlooked by the Court but merely disagrees with this Court's denial of summary judgment with respect to several wells.[13] Nor does Getty address the fact that the Court struck its motion because it was not a legitimate exculpation motion.

Nonetheless, the Court has reviewed the information in the motion for reconsideration and continues to conclude that a reasonable jury could hold Getty liable as a retailer and/or a discharger with respect to the two wells mentioned above, Broadway Well No. 2 and Oak Street Well No. 1. Disputed issues of fact

---

[11] *See Lichtenberg v. Besicorp Group Inc.*, 204 F.3d 397, 400 (2d Cir. 2000).

[12] *Pannonia Farms, Inc. v. USA Cable*, No. 03 Civ. 7841, 2004 WL 1794504, at *2 (S.D.N.Y. Aug. 10, 2004).

[13] The May 13 opinion did not discuss a Getty station that was listed by plaintiffs' expert as having spilled gasoline within the capture zone of College Road Well No. 2, because the expert report noted only that the New York State investigation file for the spill was incomplete. Plaintiffs did not provide any further information about this spill. Because plaintiffs offered no evidence about this spill, no reasonable jury could conclude that it was a cause of contamination in the College Road well. In addition, although plaintiffs' expert opined that a Getty station was the source of MTBE contamination in Kayron Drive Well No. 1, plaintiffs have dismissed claims against Getty Properties arising out of this well because Getty Properties never owned, operated or controlled this station.

exist as to whether gasoline spills at Getty stations caused the contamination in these two wells, based on the evidence submitted under the omnibus motions, the Navigation Law motions, and Getty's motion for summary judgment.[14] Getty's motion for reconsideration is therefore denied.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:    New York, New York
June 3, 2008

---

[14] No other Getty stations will be included in the bellwether trial.

**-Appearances-**

**Liaison Counsel for Plaintiffs:**

Robin Greenwald, Esq.
Robert Gordon, Esq.
Weitz & Luxenberg, P.C.
180 Maiden Lane
New York, New York 10038
Tel: (212) 558-5500
Fax: (212) 344-5461

**Liaison Counsel for Defendants:**

Peter John Sacripanti, Esq.
James A. Pardo, Esq.
McDermott Will & Emery LLP
50 Rockefeller Plaza, 11th Floor
New York, New York 10020
Tel: (212) 547-5583
Fax: (212) 547-5444

**Counsel for Defendants Getty Properties Corporation:**

John McGahren, Esq.
Daniel F. Mulvihill, Esq.
Patton Boggs LLP
One Riverfront Plaza, 6th Floor
Newark, New Jersey 07102
Tel: (973) 848-5600
Fax: (973) 848-5601