UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------ X
                                                       :
IN RE: METHYL TERTIARY BUTYL                           :
ETHER ("MTBE") PRODUCTS                                :   OPINION AND ORDER
LIABILITY LITIGATION                                   :
                                                       :   Master File No. 1:00-1898
------------------------------------------------------ :   MDL 1358 (SAS)
                                                       :   M21-88
This document relates to:                              :
                                                       :
*Commonwealth of Puerto Rico, et al. v.*               :
*Shell Oil Company, et al.*, 07 Civ. 10470             :
------------------------------------------------------ X

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I. INTRODUCTION

Plaintiff Commonwealth of Puerto Rico ("the Commonwealth") brings this action against numerous gasoline refiners and distributors, owners and operators of gasoline retail stations, and manufacturers of the gasoline additive methyl tertiary butyl ether ("MTBE") for contamination of its surface waters and groundwater with MTBE. The Commonwealth alleges that MTBE has leaked from facilities in Puerto Rico including retail gasoline stations and has entered surface and groundwater. In this action, which was transferred to this Court as part of a multi-district litigation ("MDL"), the Commonwealth asserts claims for strict products liability, public nuisance, trespass, negligence, violation of the Puerto Rico Public Policy Environmental Act, Water Pollution Control Act, and

1

Underground Storage Tank Control Regulations, cost recovery under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), violation of the Toxic Substances Control Act ("TSCA"), and violation of the Resource Conservation and Recovery Act ("RCRA").

Defendants[1] move for dismissal of the CERCLA claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a more definite statement pursuant to Federal Rule of Civil Procedure 12(e), and to strike the Commonwealth's demand for exemplary damages pursuant to Federal Rule of Civil Procedure 12(f). In response to the motion to strike, the Commonwealth has withdrawn its demand for exemplary damages. For the reasons that follow, the motion to dismiss the CERCLA claim is denied. The motion for a more definite statement is granted in part and denied in part.

---

[1] The instant motions are submitted on behalf of Chevron Caribbean, Inc., Chevron Estrella Puerto Rico, Inc., Chevron Phillips Chemical Puerto Rico Core, Inc., Chevron Puerto Rico LLC, Chevron, U.S.A., Inc., CITGO International P.R., CITGO Petroleum Corporation, CITGO Refining and Chemical Company LP, ConocoPhillips, Equilon Enterprises LLC, Esso Standard Oil (Puerto Rico), ExxonMobil Corporation, Hess Oil Virgin Islands Corp., HOVENSA LLC, Lyondell Chemical Company, Motiva Enterprises LLC, Puerto Rico Sun Oil Company LLC, Shell Chemical Yabucoa, Inc., Shell Company Puerto Rico Limited (n/k/a Sol Puerto Rico Limited), Shell Oil Company, Shell Trading (US) Company, Sunoco, Inc., Sunoco, Inc. (R&M), Texaco Petroleum, Inc., Texaco Puerto Rico, Inc., Texaco Refining and Marketing Inc., Total Oil, Inc., and Total Petroleum Puerto Rico Corporation.

## II. BACKGROUND

### A. General Allegations

In its forty-eight page Complaint, the Commonwealth alleges that "defendants' use of [MTBE] and its natural degradation byproducts, including tertiary butyl alcohol . . . in gasoline has created an unparalleled threat to both the surface and ground waters of the Commonwealth, including public and private drinking water supplies."[2] According to the complaint, MTBE "contaminates the environment through leaks and spills from gasoline delivery systems" and is currently contaminating and threatening to contaminate water resources within the Commonwealth.[3]

The Commonwealth alleges that, through the Environmental Quality Board, it "manages, controls, holds in trust, and owns the water resources within its boundaries" and has both its own property interest in these water resources as well as a "quasi-sovereign interest in protecting such waters from contamination."[4] As a result of the contamination and threatened contamination of the waters, the Commonwealth alleges that it must investigate all MTBE releases, assess its water

---

[2] First Amended Complaint ("Compl.") ¶ 5.

[3] *Id.* ¶ 60, ¶ 5.

[4] *Id.* ¶¶ 9-10.

3

resources, and "remove MTBE from groundwater resources within its territory."[5] It seeks damages for costs it will incur in conducting this investigation and remediation.

Defendants include refiners and suppliers of gasoline and/or other products containing MTBE that were delivered into the Commonwealth, manufacturers and suppliers of MTBE, owners and operators of facilities that have released MTBE into the waters of the Commonwealth, and owners and operators of gasoline service stations and/or underground storage tanks that leaked gasoline containing MTBE into the environment.[6]

The Complaint alleges facts regarding the properties of MTBE, including its solubility in water; defendants' promotion of MTBE for use as a gasoline oxygenate and alleged knowledge of the risk of pollution posed by such use; releases of gasoline containing MTBE from underground storage tanks; and MTBE's migration through groundwater in the Commonwealth.[7] It then goes on

---

[5] *Id.* ¶ 83.

[6] *See id.* ¶¶ 7, 18, 50, 53.

[7] *See id.* ¶¶ 58-74. The Complaint is similar to those filed in other actions in the MDL, whose allegations are set forth in more detail in prior opinions. *See, e.g., In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 379 F. Supp. 2d 348, 364-67 (S.D.N.Y. 2005).

4

to allege facts specific to each claim.

### B. The CERCLA Claim

The Commonwealth's claim for damages under CERCLA alleges that "there have been releases or threatened releases . . . of MTBE, which is a 'hazardous substance' as defined under CERCLA [], at or from facilities within the Commonwealth."[8] It names Chevron PR, Chevron Phillips, ESSORICO, Shell Company PR, Texaco PR, and Does 1 through 99 as "CERCLA Defendants" and alleges that they are liable persons within the meaning of the statute. Finally, it alleges that the Commonwealth is entitled to recover "costs of removal or remedial action incurred by the Commonwealth," costs of assessing injury to natural resources, and damages for injury to natural resources resulting from releases or threatened releases of MTBE.[9]

## III. APPLICABLE LAW

### A. Motion to Dismiss

"Federal Rule of Civil Procedure 8(a)(2) requires . . . 'a short and

---

[8] Compl. ¶ 138.

[9] *Id.* ¶ 141; ¶¶ 142-144.

5

plain statement of the claim showing that the pleader is entitled to relief.'"[10] When deciding a defendant's motion to dismiss under Rule 12(b)(6), courts must "accept as true all of the factual allegations contained in the complaint"[11] and "draw all reasonable inferences in plaintiff's favor."[12] Likewise, when deciding a motion for judgment on the pleadings, a court "must accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor."[13]

Nevertheless, to survive a 12(b)(6) motion to dismiss, the allegations in the complaint must meet the standard of "plausibility."[14] Although the complaint need not provide "detailed factual allegations,"[15] it must "amplify a

---

[10] *Erickson v. Pardus*, — U.S. —, 127 S. Ct. 2197, 2200 (2007) (quoting Fed. R. Civ. P. 8(a)(2)).

[11] *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1964 (2007).

[12] *Ofori-Tenkorang v. American Int'l Group, Inc.*, 460 F.3d 296, 298 (2d Cir. 2006).

[13] *Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001) (citing *Irish Lesbian & Gay Org. v. Giuliani*, 143 F.3d 638, 644 (2d Cir. 1998)).

[14] *Twombly*, 127 S. Ct. at 1970.

[15] *Id.* at 1964. *See also ATSI Commc'ns v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 n.2 (2d Cir. 2007) (applying the standard of plausibility outside *Twombly*'s anti-trust context).

claim with some factual allegations . . . to render the claim *plausible*."[16] The test is no longer whether there is "'no set of facts [that plaintiff could prove] which would entitle him to relief.'"[17] Rather, the complaint must provide "the grounds upon which [the plaintiff's] claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'"[18]

Although this Court must take the plaintiff's allegations as true, "the claim may still fail as a matter of law . . . if the claim is not legally feasible."[19] In addition, "bald assertions and conclusions of law will not suffice."[20]

### B. Motion for a More Definite Statement

Federal Rule of Civil Procedure 12(e) allows a party to move for a more definite statement when a pleading is "so vague or ambiguous that the party

---

[16] *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) (holding that the plaintiff's complaint adequately alleged the personal involvement of the Attorney General because it was plausible that officials of the Department of Justice would be aware of policies concerning individuals arrested after the events of September 11, 2001).

[17] *Twombly*, 127 S. Ct. at 1968 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

[18] *ATSI Commc'ns*, 493 F.3d at 98 (quoting *Twombly*, 127 S. Ct. at 1965).

[19] *Allaire Corp. v. Okumus*, 433 F.3d 248, 250 (2d Cir. 2006).

[20] *Law Offices of Curtis V. Trinko, L.L.P. v. Bell Atlantic Corp.*, 309 F.3d 71, 74 (2d Cir. 2002) (quotation omitted).

7

cannot reasonably prepare a response."[21] The Rule is "designed to remedy unintelligible pleadings, not to correct for lack of detail."[22] Motions under Rule 12(e) are disfavored because of their dilatory nature.[23] "The preferred course is to encourage the use of discovery procedures to apprise the parties of the factual basis of the claims made in the pleadings."[24] However, Rule 12(e) can be an "appropriate vehicle to pare down 'shotgun' pleadings" as long as its "exercise [is] cast in the mold of strictest necessity."[25] The decision to grant a motion for a more definite statement is within the discretion of the trial court.[26]

### C. CERCLA

Congress enacted CERCLA to "'provide for liability, compensation, cleanup and emergency response for hazardous substances released into the

---

[21] Fed. R. Civ. P. 12(e).

[22] *In re MTBE Prods. Liab. Litig.*, No. 00 Civ. 1898, MDL 1358, 2005 WL 1500893, at *2 (S.D.N.Y. June 24, 2005).

[23] *See In re European Rail Pass Antitrust Litig.*, 166 F. Supp. 2d 836, 844 (S.D.N.Y. 2001).

[24] *Tagare v. NYNEX Network Sys. Co.*, 921 F. Supp. 1146, 1153 (S.D.N.Y. 1996).

[25] *Clark v. McDonald's Corp.*, 213 F.R.D. 198, 233 (D.N.J. 2003).

[26] *See Vaden v. Lantz*, 459 F. Supp. 2d 149, 150 (D. Conn. 2006).

8

environment and the cleanup of inactive hazardous waste disposal sites.'"[27]

Section 107(a) of CERCLA authorizes private suits against parties responsible for the release or threatened release of a hazardous substance to recover costs the plaintiff has incurred in assessing and responding to the release.[28] To establish a prima facie case under section 107(a), a plaintiff must show that:

> (1) the site is a "facility" as defined in CERCLA; (2) a release or threatened release of a hazardous substance has occurred; (3) the release or threatened release has caused the plaintiff to incur response costs that were necessary and consistent with the National Contingency Plan set up by CERCLA; and (4) defendants fall within one or more of the four classes of responsible persons.[29]

Congress intended that the statute "be construed liberally in order to accomplish [its] goals."[30]

The elements are defined by the statute. Responsible persons include (1) owners or operators of a facility or vessel from which the hazardous substance was released, (2) owners or operators of a facility where a hazardous substance was disposed of, (3) persons who arranged for the treatment or disposal of

---

[27] *Freeman v. Glaxo Wellcome, Inc.*, 189 F.3d 160, 163 (2d Cir. 1999) (quoting Pub. L. No. 96-510, 94 Stat. 2767 (1980)).

[28] *See* 42 U.S.C. § 9607(a).

[29] *Freeman*, 189 F.3d at 163.

[30] *Id.*

9

hazardous substances, (4) and/or persons who accept hazardous substances for transport to any facility from which they were released.[31] A "facility" is broadly defined, and includes "any building, structure, installation, equipment, pipe or pipeline . . . well, pit, pond, lagoon, impoundment, ditch, landfill, storage container, motor vehicle, rolling stock, or aircraft" as well as any "site or area" where hazardous wastes have been released, disposed of, or deposited.[32]

Petroleum and petroleum products are explicitly excluded from the definition of hazardous substances under CERCLA.[33] MTBE, however, is listed as a hazardous substance under CERCLA.[34]

## IV. DISCUSSION

### A. Motion to Dismiss the CERCLA Claim

The initial ground for defendants' motion to dismiss the CERCLA claim was that MTBE released into the environment as a component of gasoline falls under CERCLA's petroleum exclusion.[35] Acknowledging that many courts

---

[31] *See* 42 U.S.C. § 9607(a).

[32] *Id.* § 9601(9).

[33] *See id.* § 9601(14).

[34] *See* 40 C.F.R. § 302.4 Table 302.4.

[35] Defendants cite numerous cases for the proposition that gasoline components, although classified as hazardous substances themselves, fall under

10

have interpreted the statute to exclude gasoline containing MTBE and other constituents listed as hazardous substances,[36] the Commonwealth pointed out in its opposition that its CERCLA claim pertains only to the release of MTBE itself, not to the release of gasoline containing MTBE. Indeed, Count VI of the Commonwealth's Complaint alleges that there have been "releases or threatened releases . . . of MTBE,"[37] while other parts of the Complaint refer to either both MTBE and "[g]asoline containing MTBE," or simply to gasoline containing MTBE.[38]

---

the petroleum exclusion if the release at issue was a release of gasoline containing those components. *See, e.g., Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1153 (8th Cir. 1999) (petroleum exception applies to gasoline constituents); (*Wilshire Westwood Assoc. v. Atlantic Richfield Corp.*, 881 F.2d 801, 810 (9th Cir. 1989) (benzene, toluene, lead, ethylbenzene not hazardous substances when released as constituents of gasoline); *Two Rivers Terminal v. Chevron USA, Inc.*, 96 F. Supp. 2d 432, 443 (M.D. Pa. 2000). They also rely on a non-binding "guidance" document issued by the EPA stating that oxygenated gasoline, even though it may contain hazardous substances under CERCLA, falls under the petroleum exclusion. *See* USEPA, "Petroleum Exclusion, Frequently Asked Questions," http://www.epa.gov/superfund/programs/er/triggers/haztrigs/whatsub3.htm.

[36] The Commonwealth does not concede that this is the correct interpretation of the law, however. It notes specifically that the EPA guidance document's interpretation may not have the force of law, as it has not been subject to notice and comment rulemaking. *See* Plaintiff's Opposition to Defendants' Motion to Dismiss Count VI and Response to Defendants' Motion to Strike Plaintiff's Demand for Exemplary Damages at 4 n.4.

[37] Compl. ¶ 138.

[38] *See, e.g., id.* ¶¶ 8, 74(b).

11

Undeniably, the release of MTBE *not* found in gasoline is a valid basis for a CERCLA claim. Nevertheless, defendants' reply brief argues that the CERCLA claim must be dismissed for another reason: the Commonwealth has not alleged sufficient facts supporting the claim's requisite elements. Defendants argue that the Commonwealth has failed to:

> a) identify specific sites and to allege facts to show that those sites are "facilities" as defined in section 101(9) of CERCLA; b) identify the grounds for asserting that "releases" or "threatened releases" as defined in section 101(22) of CERCLA have occurred; (c) identify the costs it has incurred prior to filing its Complaint; and d) identify the basis for its averment that Defendants are "liable persons" as defined in section 107(a)(1)-(3).[39]

Without these factual allegations, defendants argue, the Complaint does not give "fair notice" of the nature of the claim nor of the "grounds upon which it rests."[40]

Defendants rely on the pleading standard announced by the Supreme Court last year in *Bell Atlantic Corp. v. Twombly*, which states that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level."[41] In that case, however, the Court stated that "a complaint

---

[39] Defendants' Reply in Further Support of Their Motion to Dismiss Count VI, at 4.

[40] *See id.* at 3 (citing *Twombly*, 127 S. Ct. at 1965 n.3).

[41] *Twombly*, 127 S. Ct. at 1965.

12

attacked by a Rule 12(b)(6) motion does not need detailed factual allegations."[42] The defect in the complaint in *Twombly* was its failure to allege *any* facts that could give rise to an inference that the defendants had an agreement, a necessary element of the plaintiff's claim under section 1 of the Sherman Act.[43] In other words, further factual allegations were necessary "to render the claim *plausible*."[44]

In the instant case, defendants do not argue that the CERCLA claim is not *plausible* as pled in the Complaint. Taking the allegations in the Complaint as true, the Commonwealth states a plausible, and legally feasible, CERCLA claim: MTBE, a hazardous substance, has been released from facilities within the Commonwealth, certain defendants are responsible for those releases, and the Commonwealth has incurred costs in assessing and/or responding to those releases. Rather, the defect in the pleading of Count VI is that without identifying which facilities are alleged to have released MTBE or which natural resources are alleged to be damaged due to those releases, it fails to give defendants notice of the grounds for the claim.

---

[42] *Id.* at 1964.

[43] *Id.* at 1965-66 (allegations of parallel conduct in the complaint not sufficient to allege an agreement).

[44] *Iqbal*, 490 F.3d at 158 (discussing in detail the meaning and applicability of the *Twombly* pleading standard outside the Sherman Act context).

13

The Supreme Court has instructed that "[i]f a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e)."[45] This is just what defendants have already done with respect to the allegations in the Complaint as a whole.[46] Because a more definite statement under Rule 12(e) will resolve the lack of specificity in the CERCLA claim, the motion to dismiss the CERCLA claim under Rule 12(b)(6) is denied.

## B. Motion for a More Definite Statement

Defendants argue in their motion for a more definite statement under Rule 12(e) that the Complaint as a whole "suffers several manifest deficiencies."[47] Specifically, the Complaint fails to (1) identify the location of the allegedly damaged natural resources; (2) identify the specific releases of MTBE or gasoline containing MTBE that caused the damage; and (3) specify what kinds of natural

---

[45] *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

[46] In fact, in a brief supporting their separate motion under Rule 12(e), defendants cite the ambiguity of the CERCLA claim as an example of the need for a more definite statement. *See* Reply Memorandum in Support of Defendants' Motion for a More Definite Statement at 7.

[47] Memorandum of Law in Support of Defendants' Motion for a More Definite Statement Pursuant to F.R.C.P. 12(e) at 6.

14

resources have been damaged.[48]

While I recognize that Rule 12(e) motions are discouraged and that "[t]he preferred course is to encourage the use of discovery procedures" to obtain more details regarding factual allegations in the pleadings,[49] the Commonwealth has not provided sufficient detail about the location of the water it alleges to be harmed or threatened by MTBE.[50] It is unclear from the pleadings whether the Commonwealth alleges that *all* surface and groundwater in Puerto Rico is contaminated or threatened by MTBE, or whether the contamination affects only certain geographical areas. It is also unclear whether the Commonwealth is claiming that it is injured by contamination of *any* ground or surface water *anywhere* within the Commonwealth, or that it is injured only by contamination of, for example, groundwater that is used in a particular way, such as supplying

---

[48] *See id.* at 6-7.

[49] *Tagare*, 921 F. Supp. at 1153.

[50] From the face of the complaint, it is clear to the Court and should be clear to defendants, many if not all of whom have been named in over one hundred similar actions stemming from MTBE contamination of groundwater throughout the United States, that the Commonwealth alleges injury to ground and surface water. Therefore I will not require the Commonwealth to further specify the type of "natural resources" it alleges have been injured, unless and to the extent it claims that resources *other* than ground and surface water have been contaminated with or threatened by MTBE.

15

public drinking water wells.[51]

The Commonwealth argues that its pleading complies with Rule 8(a), and that defendants are in no way prejudiced by any lack of specificity. However, the lack of clarity regarding the location or boundaries of the water alleged to be contaminated or threatened with MTBE can impede the ability of the defendants to properly formulate a responsive pleading and may unnecessarily broaden the scope of future discovery in this action.

The Complaint's allegation of injury to the "waters of the Commonwealth," an extremely broad category, is so lacking in specificity that it fails to give defendants sufficient notice of the grounds for the claim and renders the pleadings inherently ambiguous.[52] The Commonwealth must therefore identify the type, the approximate boundaries, and the approximate locations of the allegedly contaminated bodies of water.[53] The Commonwealth is not required,

---

[51] In other similar actions filed in this multi-district litigation, for example, plaintiffs' claims arose from injury to more discretely identified bodies of water such as public or private drinking wells in named towns, cities or counties.

[52] Compl. ¶¶ 7, 14. *See also* Compl. ¶ 74(c) ("the Commonwealth's groundwater resources").

[53] In a similar ruling on a Rule 12(e) motion, a New Jersey court required plaintiffs to amend their complaint to identify the locations of certain McDonald's restaurants it alleged were not wheelchair accessible in violation of the Americans with Disabilities Act. *See Clark*, 213 F.R.D. at 233-34 (noting that

however, to identify the time, place, or other circumstances of the *gasoline* releases that allegedly caused the contamination, because "defendants are in the best position to identify when and where gasoline releases occurred to cause these injuries."[54] Once the Commonwealth identifies with more specificity the location of the ground and surface waters it alleges to be contaminated with or threatened by MTBE, defendants will have sufficient information to determine which facilities and/or gasoline stations in the relevant area may have released the MTBE or the gasoline containing MTBE now contaminating the water.[55]

With respect to the CERCLA claim, the Commonwealth must amend its Complaint to identify the alleged *MTBE* releases on which its claim is based

---

without the amendment, "McDonald's is simply left to guess as to which of its remaining 2945 restaurants are alleged to violate the ADA"). The ruling here is also in accordance with a prior opinion issued in this MDL, in which I denied a motion to dismiss MTBE contamination claims but held that defendants could elicit more specific allegations through a motion for a more definite statement under Rule 12(e). In response to such a motion, I held that "[p]laintiffs will likely be required to identify the approximate location of contaminated or threatened water wells and the plumes of MTBE that contaminated those wells." *In re MTBE Prods. Liab. Litig.*, 415 F. Supp. 2d 261, 279 (S.D.N.Y. 2005).

[54]    *In re MTBE*, 415 F. Supp. 2d at 279.

[55]    As litigation of the focus cases in the MDL has shown, determining which gasoline or MTBE releases have caused contamination is a highly fact-intensive endeavor, and it would be unrealistic to ask the Commonwealth to identify release sites in its pleading.

and the facilities where those releases occurred, because the release of MTBE is a statutory element of the claim.[56] The Commonwealth need not provide detailed factual allegations about these releases such as dates or the manner in which the release occurred. It must simply provide some identifying information such as the approximate location of the facilities and/or the type of facilities it claims has released MTBE into its waters.

## V. CONCLUSION

Defendants' motion to dismiss the CERCLA claim is denied. Defendants' motion for a more definite statement is granted in part and denied in part. The Clerk of the Court is directed to close these motions (docket # 1796).

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated: New York, New York
July 7, 2007

---

[56] *See* 42 U.S.C. § 9607(a); *Freeman*, 189 F.3d at 163.

18

**-Appearances-**

**Liaison Counsel for Plaintiffs:**

Robin Greenwald, Esq.
Robert Gordon, Esq.
Weitz & Luxenberg, P.C.
180 Maiden Lane
New York, New York 10038
Tel: (212) 558-5500
Fax: (212) 344-5461

**Counsel for Plaintiff Commonwealth of Puerto Rico:**

John K. Dema, Esq.
Scott E. Kauff, Esq.
Law Offices of John K. Dema, P.C.
1236 Strand Street, Suite 103
Christiansted, St. Croix
U.S. Virgin Islands 00820-5008
Tel: (340) 773-6142
Fax: (340) 773-3944

Roberto Sanchez Ramos
Secretary of Justice
Commonwealth of Puerto Rico

Orlando H. Martinez, Esq.
Orlando H. Martinez Law Offices
Centro de Seguros, Suite 413
701 Ponce de Leon Avenue
San Juan, Puerto Rico 00907

Michael D. Axline, Esq.
Tracey L. O'Reilly, Esq.
Miller, Axline & Sawyer
1050 Fulton Avenue, Suite 100

Sacramento, California 95825
Tel: (916) 488-6688
Fax: (916) 488-4288

Gordon C. Rhea, Esq.
Aaron R. Dias, Esq.
Richardson, Patrick, Westbrook & Brickman, L.L.C.
1037 Chuck Dawley Blvd., Bldg. A
Mt. Pleasant, South Carolina 29465

**Liaison Counsel for Defendants, Counsel for ExxonMobil and on Behalf of all Defendants:**

Peter John Sacripanti, Esq.
James A. Pardo, Esq.
McDermott Will & Emery LLP
50 Rockefeller Plaza, 11th Floor
New York, New York 10020
Tel: (212) 547-5583
Fax: (212) 547-5444