UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X
                                                        :
IN RE: METHYL TERTIARY BUTYL                            :
ETHER ("MTBE") PRODUCTS                                 :   OPINION AND ORDER
LIABILITY LITIGATION                                    :
                                                        :   Master File No. 1:00-1898
-------------------------------------------------------     MDL 1358 (SAS)
                                                        :   M21-88
This document relates to:                               :
                                                        :
*New Jersey Department of Environmental*                :
*Protection v. Atlantic Richfield Co. et al.*, 08       :
Civ. 00312                                              :
                                                        :
------------------------------------------------------- X



SHIRA A. SCHEINDLIN, U.S.D.J.:

I.  INTRODUCTION

       The New Jersey Department of Environmental Protection ("DEP") brings this action against numerous oil and chemical companies for their use and handling of the gasoline additive methyl tertiary butyl ether ("MTBE"), claiming that MTBE has caused widespread contamination of the waters of the state of New Jersey. Defendants[1] now move for a more definite statement, pursuant to Federal

---

    [1]    The instant motion is submitted on behalf of the following defendants: Atlantic Richfield Company, BP America Inc., BP Amoco Chemical Company, BP Corporation North America, Inc., BP Products North America Inc., Chevron U.S.A. Inc., CITGO Petroleum Corporation, Coastal Eagle Point Oil Company, ConocoPhillips Company, Crown Central LLC, Duke Energy Merchants, LLC, El Paso Corporation, Equilon Enterprises LLC, ExxonMobil Corporation, ExxonMobil Oil Corporation, Getty Petroleum Marketing Inc., Getty Properties Corp., Gulf Oil Limited Partnership, Hess Corporation, Lyondell

1

Rule of Civil Procedure 12(e). For the reasons set forth below, defendants' motion is granted in part and denied in part.

## II. THE COMPLAINT

The DEP brings this action asserting its own property interest in the waters of New Jersey, and as a trustee of the waters and pursuant to its police power.[2] According to the Complaint, once MTBE is released into the environment it poses risks to water supplies and to human health.[3] Oil company defendants began using MTBE as a gasoline additive in the late 1970's, and expanded its use significantly in the 1990's after federal regulation required the use of fuel with higher oxygen content in certain high-smog areas including New Jersey.[4] Defendants knew of the risks MTBE posed to water supplies and potentially to

---

Chemical Company, LYONDELL-CITGO Refining LP, Marathon Oil Company, Marathon Petroleum Company LLC, Mobil Corporation, Motiva Enterprises LLC, Premcor Refining Croup, Inc. Shell Oil Company, Shell Oil Products Company LLC, Shell Trading (US) Company, Sunoco, Inc., Sunoco, Inc. (R&M), Total Petrochemicals USA, Inc., Unocal Corporation, Valero Energy Corporation, Valero Marketing and Supply Company, Valero Refining Company-New Jersey, Valero Refining and Marketing Company, Western Refining Yorktown, Inc.

[2]     *See* First Amended Complaint ("Compl.") ¶¶ 12-13.

[3]     *See id.* ¶¶ 76-80.

[4]     *See id.* ¶¶ 83-88.

2

human health, but used it in gasoline anyway and promoted it as a safe additive.⁵ MTBE has entered the waters of New Jersey through releases of gasoline containing MTBE, including discharges at gas stations owned and operated by certain defendants.⁶

The DEP asserts claims of strict products liability based on defective design, public nuisance, strict liability under the New Jersey Spill Act and Water Pollution Control Act, trespass, and negligence.⁷ It seeks, *inter alia*, the costs of investigation, monitoring, remediation and restoration of damaged natural resources, as well as compensation for their lost interim value.⁸

### III. RULE 12(e)

Federal Rule of Civil Procedure 12(e) allows a party to move for a more definite statement when a pleading is "so vague or ambiguous that the party cannot reasonably prepare a response."⁹ The Rule is "designed to remedy

---

⁵     *See id.* ¶¶ 102-113.

⁶     *See id.* ¶¶ 74, 110.

⁷     *See id.* ¶¶ 114-178.

⁸     *See id.*

⁹     Fed. R. Civ. P. 12(e).

3

unintelligible pleadings, not to correct for lack of detail."[10] Motions under Rule 12(e) are disfavored because of their dilatory nature.[11] "The preferred course is to encourage the use of discovery procedures to apprise the parties of the factual basis of the claims made in the pleadings."[12] However, Rule 12(e) can be an "appropriate vehicle to pare down 'shotgun' pleadings" as long as its "exercise [is] cast in the mold of strictest necessity."[13] The decision to grant a motion for a more definite statement is within the discretion of the trial court.[14]

## IV. DISCUSSION

Defendants move for an order requiring the DEP to identify "(1) each natural resource [it] claims has been injured; (2) the location of each resource; and (3) the location of each MTBE and/or gasoline release" alleged to have caused

---

[10] *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, No. 00 Civ. 1898, MDL 1358, 2005 WL 1500893, at *2 (S.D.N.Y. June 24, 2005).

[11] *See In re European Rail Pass Antitrust Litig.*, 166 F. Supp. 2d 836, 844 (S.D.N.Y. 2001).

[12] *Tagare v. NYNEX Network Sys. Co.*, 921 F. Supp. 1146, 1153 (S.D.N.Y. 1996).

[13] *Clark v. McDonald's Corp.*, 213 F.R.D. 198, 233 (D.N.J. 2003).

[14] *See Vaden v. Lantz*, 459 F. Supp. 2d 149, 150 (D. Conn. 2006).

4

contamination.[15] The DEP makes detailed allegations about the nature of MTBE and defendants' decision to use it in gasoline despite their knowledge of the risks it posed to water supplies. Yet the allegations regarding the injury caused by MTBE are extremely vague. The Complaint states that MTBE has caused injury to "the waters of the State," which are defined as "the ocean and its estuaries, all springs, streams and bodies of surface or ground water, whether natural or artificial, within the boundaries of the State or subject to its jurisdiction."[16]

The DEP alleges an extraordinarily broad injury. The breadth of its claim of injury to the "waters of the State" is further muddied by the allegations under the subheading "Impact of MTBE on the Waters of the State." That portion of the Complaint states that MTBE contamination affects fifteen percent of *public water supplies* statewide, ninety-three percent of *domestic wells* in the Cranberry Lake area, forty-three percent of *domestic wells* in the Highlands area, and twenty-

---

[15] Reply Memorandum in Support of Defendants' Motion for a More Definite Statement Pursuant to F.R.C.P. 12(e) ("Reply Mem.") at 2. Although defendants argue they do not know what natural resource the DEP alleges has been damaged, the complaint makes clear that the DEP alleges injury to water.

[16] Compl. ¶ 2. The Complaint specifically excludes claims for natural resource damages at sites where the DEP has previously settled with one or more defendants for that particular damage. *See id.* ¶ 15. Defendants' argument that the DEP must identify these sites has no merit, because the identity and location of these sites is within defendants' knowledge.

5

nine percent of *domestic wells* in the Piedmont area.[17] Nowhere does the Complaint specify any particular ocean, estuary, spring, stream, or body of surface water that has been contaminated with MTBE.[18] Yet throughout the Complaint the DEP consistently claims injury to the "waters of the State," a far broader category than the water found in "public water supplies" or "private wells."[19]

The DEP argues that because this action is similar to many others in this multi-district litigation ("MDL"), and because there is a Master Answer on file, defendants have sufficient notice of the claims against them. Yet other actions in the MDL allege injury to different bodies of water, and are therefore no help to defendants in discerning the scope of the DEP's claims. As defendants note, "previous MDL complaints were more limited in geographic scope" and "alleged that MTBE had caused injury to specific drinking water supplies owned or operated by [the] plaintiffs."[20]

Without a more circumscribed identification of the claimed injuries, defendants lack sufficient notice of the claims against them, and may be unable to

---

[17] *See* Compl. ¶¶ 94-96 (emphasis added).

[18] *See id.* ¶ 2.

[19] *See, e.g., id.* ¶¶ 10, 11, 89, 97, 105.

[20] Reply Mem. at 2.

formulate a responsive pleading, especially as to claims for trespass requiring allegations of property invasion. Therefore the DEP is ordered to amend its Complaint to identify the particular water resources it alleges are injured. For example, the DEP should specify whether its injury arises from contamination of public drinking water supplies, private wells, or both. It should also clarify whether its injury arises from contamination of other "waters of the State" such as oceans, estuaries, rivers or lakes that do not directly supply drinking water, and if so, it should identify which of these waters are contaminated. Finally, the DEP must amend its Complaint to identify the approximate location of the injured water resources.[21]

The DEP need not, however, identify the discharges of MTBE and/or gasoline containing MTBE, because as I have ruled previously "defendants are in the best position to identify when and where gasoline releases occurred to cause these injuries."[22] The DEP has alleged that certain defendants discharged gasoline

---

[21] In a similar ruling on a Rule 12(e) motion, a New Jersey court required plaintiffs to identify the locations of certain McDonald's restaurants it alleged were not wheelchair accessible, in violation of the Americans with Disabilities Act. *See Clark*, 213 F.R.D. at 233-34 (noting that without the amendment, "McDonald's is simply left to guess as to which of its remaining 2945 restaurants are alleged to violate the ADA").

[22] *In re MTBE Prods. Liab. Litig.*, 415 F. Supp. 2d 261, 279 (S.D.N.Y. 2005).

7

containing MTBE from gas stations that they owned and/or operated.[23] Once the DEP identifies with more specificity the location of the water it alleges to be contaminated with or threatened by MTBE, defendants will have sufficient information to determine where the relevant discharges occurred.[24]

V. **CONCLUSION**

Defendants' motion is granted in part and denied in part. The Clerk of the Court is directed to close this motion.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated: New York, New York
August 4, 2008

---

[23] *See* Compl. ¶ 110.

[24] As demonstrated by other cases in the MDL, determining which gasoline or MTBE releases have caused contamination is a highly fact-intensive endeavor, and it would be unrealistic to ask the DEP to identify release sites in its pleading.

8

**-Appearances-**

**Liaison Counsel for Plaintiffs:**

Robin Greenwald, Esq.
Robert Gordon, Esq.
Weitz & Luxenberg, P.C.
180 Maiden Lane
New York, New York 10038
Tel: (212) 558-5500
Fax: (212) 344-5461

**Counsel for Plaintiff New Jersey Department of Environmental Protection:**

Anne Milgram
Attorney General of New Jersey
Richard F. Engel
Deputy Attorney General
Richard J. Hughes Justice Complex
25 Market Street
Trenton, New Jersey 08625
Tel: (609) 292-4925
Fax: (609) 292-3508

Michael D. Axline, Esq.
Tracey L. O'Reilly, Esq.
Miller, Axline & Sawyer
1050 Fulton Avenue, Suite 100
Sacramento, California 95825
Tel: (916) 488-6688
Fax: (916) 488-4288

Barry A. Knopf, Esq.
Leonard Z. Kaufman, Esq.
Cohn, Lifland, Pearlman, Herrmann & Knopf, L.L.P.
Park 80 Plaza West-One
Saddle Brook, New Jersey 07663
Tel: (201) 845-9600

Fax: (201) 845-9423

John K. Dema, Esq.
Scott E. Kauff, Esq.
Law Offices of John K. Dema, P.C.
1236 Strand Street, Suite 103
Christiansted, St. Croix
U.S. Virgin Islands 00820-5008
Tel: (340) 773-6142
Fax: (340) 773-3944

Gordon C. Rhea, Esq.
Aaron R. Dias, Esq.
Richardson, Patrick, Westbrook & Brickman, L.L.C.
1037 Chuck Dawley Blvd., Bldg. A
Mt. Pleasant, South Carolina 29465
Tel: (843) 727-6509
Fax: (843) 216-6509

**Liaison Counsel for Defendants, Counsel for ExxonMobil and on Behalf of all Defendants:**

Peter John Sacripanti, Esq.
James A. Pardo, Esq.
McDermott Will & Emery LLP
50 Rockefeller Plaza, 11th Floor
New York, New York 10020
Tel: (212) 547-5583
Fax: (212) 547-5444