UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

In Re: Methyl Tertiary Butyl Ether ("MTBE")          Master File No. 1:00 – 01898
Products Liability Litigation                                     MDL 1358 (SAS): M21 – 88

_____

This document refers to:

*American Distilling and Manufacturing Co., Inc. v. Amerada Hess Corp., et al.*, No. 04 Civ. 1719
*Buchanan County School Board v. Amerada Hess Corp., et al.*, No. 04 Civ. 3418
*Carle Place Water District v. Agip, Inc., et al.*, No. 03 Civ. 10053
*Chisholm Creek Utility Authority v. Alon USA Energy, Inc., et al.*, No. 04 Civ. 2061
*City of Bel Aire v. Alon USA Energy, Inc., et al.*, No. 04 Civ. 2062
*City of Dodge City v. Alon USA Energy, Inc., et al.*, No. 04 Civ. 2060
*City of Galva, City of Ida Grove, and Sioux City v. Amerada Hess Corp., et al.*, No. 04 Civ. 1723
*City of Lowell v. Amerada Hess Corp., et al.*, No. 05 Civ. 4018
*City of Marksville v. Alon USA Energy, Inc., et al.*, No. 04 Civ. 3412
*City of Mishawaka v. Amerada Hess Corp., et al.*, No. 04 Civ. 2055
*City of New York v. Amerada Hess Corp., et al.*, No. 04 Civ. 3417
*City of Park City v. Alon USA Energy, Inc., et al.*, No. 04 Civ. 2059
*City of Rockport v. Amerada Hess Corp., et al.*, No. 04 Civ. 1724
*City of South Bend v. Amerada Hess Corp., et al.*, No. 04 Civ. 2056
*County of Nassau v. Amerada Hess Corp., et al.*, No. 03 Civ. 9543
*County of Suffolk, et al. v. Amerada Hess Corp., et al.*, No. 04 Civ. 5424
*Craftsbury Fire District #2 v. Amerada Hess Corp., et al.*, No. 04 Civ. 3419
*Franklin Square Water District v. Amerada Hess Corp., et al.*, No. 04 Civ. 5423
*Greensville County Water and Sewer Authority and County of Greensville v. Amerada Hess Corp., et al.*, No. 05 Civ. 1310
*Hicksville Water District v. Amerada Hess Corp., et al.*, No. 04 Civ. 5421
*Incorporated Village of Mineola, et al. v. Agip, Inc., et al.*, No. 03 Civ. 10051
*Incorporated Village of Sands Point v. Amerada Hess Corp., et al.*, No. 04 Civ. 3416
*Long Island Water Corp. v. Amerada Hess Corp., et al.*, No. 04 Civ. 2068
*New Jersey American Water Co., Inc., et al. v. Amerada Hess Corp., et al.*, No. 04 Civ. 1726
*New Jersey Dep't of Environmental Protection, et al. v. Atlantic Richfield Co., et al.*, No. 08 Civ. 00312
*Northampton, Bucks County Municipal Authority v. Amerada Hess Corp., et al.*, No. 04 Civ. 6993
*North Newton School Corp. v. Amerada Hess Corp., et al.*, No. 04 Civ. 2057
*Our Lady of the Rosary Chapel v. Amerada Hess Corp., et al.*, No. 04 Civ. 1718
*Patrick County School Board v. Amerada Hess Corp., et al.*, No. 04 Civ. 2070
*Port Washington Water District v. Amerada Hess Corp., et al.*, No. 04 Civ. 3415
*Roslyn Water District v. Amerada Hess Corp., et al.*, No. 04 Civ. 5422
*South Huntington Water District v. Agip Inc., et al.*, No. 06 Civ. 7657

*State of New Hampshire v. Amerada Hess Corp., et al.,* No. 04 Civ. 04976
*The City of Vineland Water-Sewer Utility v. Amerada Hess Corp., et al.*, No. 05 Civ. 9070
*Town of Campbellsburg v. Amerada Hess Corp., et al.,* No. 04 Civ. 4990
*Town of Duxbury, et al. v. Amerada Hess Corp., et al.,* No. 04 Civ. 1725
*Town of East Hampton v. Agip, Inc., et al.*, No. 03 Civ. 10056
*Town of East Hampton v. Amerada Hess Corp., et al.,* No. 04 Civ. 1720
*Town of Hartland v. Amerada Hess Corp., et al.,* No. 04 Civ. 2072
*Town of Matoaka v. Amerada Hess Corp., et al.,* No. 04 Civ. 3420
*Town of Rayville v. Alon USA Energy, Inc., et al.,* No. 04 Civ. 3413
*Town of Southampton v. Agip, Inc., et al.,* No. 03 Civ. 10054
*Town of Wappinger v. Amerada Hess Corp., et al.,* No. 04 Civ. 2388
*United Water Connecticut, Inc. v. Amerada Hess Corp., et al.,* No. 04 Civ. 1721
*United Water New York, Inc. v. Amerada Hess Corp., et al.,* No. 04 Civ. 2389
*Village of Hempstead v. Agip, Inc., et al.,* No. 03 Civ. 10055
*Village of Island Lake v. Amerada Hess Corp., et al.,* No. 04 Civ. 2053
*Village of Pawling v. Amerada Hess Corp., et al.,* No. 04 Civ. 2390
*Water Authority of Great Neck North v. Amerada Hess Corp., et al.*, No. 04 Civ. 1727
*Water Authority of Western Nassau County v. Amerada Hess Corp., et al.,* No. 03 Civ. 9544
*Westbury Water District v. Agip, Inc., et al.,* No. 03 Civ. 10057
*West Hempstead Water District v. Agip, Inc., et al.,* No. 03 Civ. 10052

_____

## DEFENDANT GULF OIL LIMITED PARTNERSHIP'S
## AMENDED MASTER ANSWER AND ADDITIONAL DEFENSES

Pursuant to the Master Answer Agreement among the parties, CMO #6 and the Court's instructions during the January 13, 2005 status conference, Defendant Gulf Oil Limited Partnership ("GOLP"), individually and formerly known as Catamount Petroleum LP, hereby answers the complaints ("Complaints") in MDL 1358 referenced above.  While this Amended Master Answer corresponds to the allegations contained in the Eighth Amended Complaint in *Town of Duxbury, et al. v. Amerada Hess Corp. et al.*, No. 04 Civ. 1725, it also is intended as a response to all Complaints in which GOLP has been named given that all of the Complaints in the cases contain substantially similar allegations, if not identical ones.  To the extent that the allegations contained in the other Complaints in MDL 1358 in which GOLP has been named differ from those contained in the *Town of Duxbury* complaint, GOLP denies such allegations.

2

## PRELIMINARY STATEMENT

Plaintiffs' Complaints are not susceptible to an answer as contemplated by Rule 8(b) of the Federal Rules of Civil Procedure. With the exception of one paragraph in each Complaint, which GOLP answers separately, no allegation is directed specifically to GOLP.  As a result, GOLP is unable to respond and should not be required to respond to Plaintiffs' allegations.  To the extent a response is required, GOLP denies Plaintiffs' allegations.

The Complaints improperly mix factual averments with argumentative rhetoric so as to make admissions or denials of such allegations difficult or impossible.  Embedded in those allegations are a wide array of scientific premises and conclusions, few of which are identified as to source or supported by relevant information.  Additionally, those allegations contain numerous purported quotes from various sources, some identified and some not.  It is not reasonably possible to identify the sources of such allegations so as to meaningfully respond.  To the extent that any such allegations are directed to GOLP, they are expressly denied.

The Complaints further allege that all defendants named in this action are equally liable as manufacturers, distributors, suppliers, designers, refiners, marketers, or sellers of gasoline containing MTBE, without any distinction between the actions of individual defendants. Throughout the Complaints, Plaintiffs attempt to treat all named and unnamed defendants as one entity by referring to them collectively as "Defendants," and by alleging that all of them were members of certain organizations, including the "American Petroleum Institute ("API")," the "Oxygenated Fuels Association" and the "MTBE Committee," which organizations allegedly acted on behalf of all named and unnamed defendants.  In doing so, Plaintiffs fail to identify a single action by GOLP.  GOLP generally denies that it acts or has acted in concert with any of the other defendants, that any of these entities was an agent of GOLP, or that any of these entities spoke on behalf of GOLP.

3

Plaintiffs also contend that the collective factual allegations give rise to identical collective liabilities.  However, the Complaints fail to separate the different industries and/or business activities represented by the various defendants, and fail to distinguish which causes of action apply to which industry or business activity.  Such an amalgamation of factual allegations and legal theories is not susceptible to a response.  For example, in several instances, Plaintiffs allege that GOLP knew or should have known certain facts (e.g., a range of facts about the characteristics of MTBE), but at the same time allege that these were "not the sort of facts" that GOLP as a Downstream Handler knew or could have discovered.  *See, e.g., Town of Duxbury* Complaint  ¶¶ 263, 271, 287.  Similarly, Plaintiffs allege that the Defendants, including GOLP, misled and failed to warn a range of people, **including GOLP**.  *See, e.g., id.* ¶¶ 264, 272, 287. GOLP, who is a Downstream Handler, is therefore unable to respond to the contradictory factual assertions and legal conclusions, and generally denies all of the allegations in Plaintiffs' Complaints.

Finally, Plaintiffs' Ninth Cause of Action alleging a citizen's suit pursuant to the Toxic Substances Control Act ("TSCA") does not name GOLP as a "TSCA Defendant" and thus is not directed at GOLP.  Accordingly, GOLP is neither able nor required to respond to Plaintiffs' allegations concerning the TSCA.

This Preliminary Statement and the objections contained herein are incorporated, to the extent appropriate, into each numbered paragraph of this Amended Master Answer.

## <u>NATURE OF THE CASE</u>

1.           The allegations in paragraph 1 are not susceptible to being admitted or denied for the reasons stated in the Preliminary Statement.  GOLP is therefore unable to respond to the allegations in paragraph 1.  To the extent that a response is required, GOLP is without

4

sufficient knowledge or information to admit or deny the allegations in paragraph 1, and therefore denies same.

**PARTIES**

**Plaintiffs**

2-60.        GOLP is without sufficient knowledge or information to admit or deny the allegations in paragraphs 2-60, and therefore denies same.

**Defendants**

61-65.        The allegations in paragraphs 61-65 are not susceptible to being admitted or denied for the reasons stated in the Preliminary Statement.  GOLP is therefore unable to respond to the allegations in paragraphs 61-65.  To the extent that a response is required, GOLP is without sufficient knowledge or information to admit or deny the allegations in paragraphs 61-65, and therefore denies same.

66-91.        GOLP is without sufficient knowledge of information to admit or deny the allegations in paragraphs 66-91, and therefore denies same.

92.        GOLP admits that it is a Delaware limited partnership with its principal place of business at 90 Everett Avenue, Chelsea, Massachusetts 02150, doing business in the Commonwealth of Massachusetts.  GOLP admits that it may be served with process through its registered agent, CT Corporation System, 101 Federal Street, Boston, Massachusetts 02110.

93-117.        GOLP is without sufficient knowledge or information to admit or deny the allegations in paragraphs 93-117, and therefore denies same.

**Jurisdiction and Venue**

118.        The allegations in paragraph 118 do not require a response as they merely purport to state a legal conclusion.  To the extent a response is required, GOLP is without sufficient knowledge or information to admit or deny the allegations, and therefore denies same.

5

## MTBE Facts

119-121.        GOLP is without sufficient knowledge or information to admit or deny the

allegations in paragraphs 119-121, and therefore denies same.

122.        The allegations in paragraph 122 are not susceptible to being admitted or

denied for the reasons stated in the Preliminary Statement.  GOLP is therefore unable to respond

to the allegations in paragraph 122.  To the extent that a response is required, GOLP is without

sufficient knowledge or information to admit or deny the allegations in paragraph 122, and

therefore denies same.

## Why Defendants Add MTBE to Gasoline: Profit

123-126.        The allegations in paragraphs 123-126 are not susceptible to being

admitted or denied for the reasons stated in the Preliminary Statement.  GOLP is therefore unable

to respond to the allegations in paragraphs 123-126.  To the extent that a response is required,

GOLP is without sufficient knowledge or information to admit or deny the allegations in

paragraphs 123-126, and therefore denies same.

127-129.        GOLP is without sufficient knowledge or information to admit or deny the

allegations in paragraphs 127-129, and therefore denies same.

## Gasoline containing MTBE has widely contaminated and continues to pose a threat to groundwater.

130-135.        GOLP is without sufficient knowledge or information to admit or deny the

allegations in paragraphs 130-135, and therefore denies same.

## The longstanding prevalence of unintended gasoline discharges ensures that gasoline with MTBE will contaminate groundwater.

136-137.        The allegations in paragraphs 136-137 are not susceptible to being

admitted or denied for the reasons stated in the Preliminary Statement.  GOLP is therefore unable

to respond to the allegations in paragraphs 136-137.  To the extent that a response is required,

6

GOLP is without sufficient knowledge or information to admit or deny the allegations in paragraphs 136-137, and therefore denies same.

## Defendants have known all along that adding MTBE to gasoline would result in massive groundwater contamination.

138-142.    The allegations in paragraphs 138-142 are not susceptible to being admitted or denied for the reasons stated in the Preliminary Statement.  GOLP is therefore unable to respond to the allegations in paragraphs 138-142.  To the extent that a response is required, GOLP is without sufficient knowledge or information to admit or deny the allegations in paragraphs 138-142, and therefore denies same.

## Defendants' knowledge of the threat to groundwater as a result of unintended discharge of gasoline blended with MTBE.

**I.    Defendants' constructive knowledge of MTBE's threat to groundwater.**

143-144.    The allegations in paragraphs 143-144 are not susceptible to being admitted or denied for the reasons stated in the Preliminary Statement.  GOLP is therefore unable to respond to the allegations in paragraphs 143-144.  To the extent that a response is required, GOLP is without sufficient knowledge or information to admit or deny the allegations in paragraphs 143-144, and therefore denies same.

145.    GOLP is without sufficient knowledge or information to admit or deny the allegations in paragraph 145, and therefore denies same.

146-148.    The allegations in paragraphs 146-148 are not susceptible to being admitted or denied for the reasons stated in the Preliminary Statement.  GOLP is therefore unable to respond to the allegations in paragraphs 146-148.  To the extent that a response is required, GOLP is without sufficient knowledge or information to admit or deny the allegations in paragraphs 146-148, and therefore denies same.

II.     **Defendants' early knowledge of specific instances of MTBE contamination of groundwater.**

149-150.     The allegations in paragraphs 149-150 are not susceptible to being admitted or denied for the reasons stated in the Preliminary Statement.  GOLP is therefore unable to respond to the allegations in paragraphs 149-150.  To the extent that a response is required, GOLP is without sufficient knowledge or information to admit or deny the allegations in paragraphs 149-150, and therefore denies same.

151.     GOLP is without sufficient knowledge or information to admit or deny the allegations in paragraph 151, and therefore denies same.

152.     The allegations in paragraph 152 are not susceptible to being admitted or denied for the reasons stated in the Preliminary Statement.  GOLP is therefore unable to respond to the allegations in paragraph 152.  To the extent that a response is required, GOLP is without sufficient knowledge or information to admit or deny the allegations in paragraph 152, and therefore denies same.

153-156.     GOLP is without sufficient knowledge or information to admit or deny the allegations in paragraphs 153-156, and therefore denies same.

III.     **Defendants' awareness of the 1986 Garrett Report specifically warning of inevitable MTBE contamination of groundwater.**

157-158.     GOLP is without sufficient knowledge or information to admit or deny the allegations in paragraphs 157-158, and therefore denies same.

159.     The allegations in paragraph 159 are not susceptible to being admitted or denied for the reasons stated in the Preliminary Statement.  GOLP is therefore unable to respond to the allegations in paragraph 159.  To the extent that a response is required, GOLP is without sufficient knowledge or information to admit or deny the allegations in paragraph 159, and therefore denies same.

8

160-164.          GOLP is without sufficient knowledge or information to admit or deny the allegations in paragraphs 160-164, and therefore denies same.

**IV.    Defendants' internal documents demonstrating their awareness of MTBE Contamination of groundwater.**

165.          The allegations in paragraph 165 are not susceptible to being admitted or denied for the reasons stated in the Preliminary Statement.  GOLP is therefore unable to respond to the allegations in paragraph 165.  To the extent that a response is required, GOLP is without sufficient knowledge or information to admit or deny the allegations in paragraph 165, and therefore denies same.

166-171.          GOLP is without sufficient knowledge or information to admit or deny the allegations in paragraphs 166-171, and therefore denies same.

**V.    Defendants' knowledge that no adequate toxicity studies had been done prior to Defendants' decision to add MTBE to gasoline.**

172.          The allegations in paragraph 172 are not susceptible to being admitted or denied for the reasons stated in the Preliminary Statement.  GOLP is therefore unable to respond to the allegations in paragraph 172.  To the extent that a response is required, GOLP is without sufficient knowledge or information to admit or deny the allegations in paragraph 172, and therefore denies same.

**VI.    Despite knowing that adding MTBE to gasoline inevitably results in widespread MTBE groundwater contamination, Defendants conspired to mislead the EPA and the public about the hazards of adding MTBE to gasoline.**

173.          The allegations in paragraph 173 are not susceptible to being admitted or denied for the reasons stated in the Preliminary Statement.  GOLP is therefore unable to respond to the allegations in paragraph 173.  To the extent that a response is required, GOLP is without

9

sufficient knowledge or information to admit or deny the allegations in paragraph 173, and therefore denies same.

**A.   Defendants misled the EPA into not testing MTBE under the Toxic Substances Control Act (TSCA) in the late 1980's.**

174.     GOLP is without sufficient knowledge or information to admit or deny the allegations in paragraph 174, and therefore denies same.

175-189.     The allegations in paragraphs 175-189 are not susceptible to being admitted or denied for the reasons stated in the Preliminary Statement.  GOLP is therefore unable to respond to the allegations in paragraphs 175-189.  To the extent that a response is required, GOLP is without sufficient knowledge or information to admit or deny the allegations in paragraphs 175-189, and therefore denies same.

**B.   Defendants misled Congress into effectively broadening the market for MTBE by including oxygenate requirements in the Reformulated Gasoline ("RFG") Program adopted in the 1990 amendments to the Clean Air Act.**

190.     GOLP is without sufficient knowledge or information to admit or deny the allegations in paragraph 190, and therefore denies same.

191-192.     The allegations in paragraphs 191-192 are not susceptible to being admitted or denied for the reasons stated in the Preliminary Statement.  GOLP is therefore unable to respond to the allegations in paragraphs 191-192.  To the extent that a response is required, GOLP is without sufficient knowledge or information to admit or deny the allegations in paragraphs 191-192, and therefore denies same.

193-194.     GOLP is without sufficient knowledge or information to admit or deny the allegations in paragraphs 193-194, and therefore denies same.

195.     The allegations in paragraph 195 are not susceptible to being admitted or denied for the reasons stated in the Preliminary Statement.  GOLP is therefore unable to respond

10

to the allegations in paragraph 195. To the extent that a response is required, GOLP is without

sufficient knowledge or information to admit or deny the allegations in paragraph 195, and

therefore denies same.

196.         GOLP is without sufficient knowledge or information to admit or deny the

allegations in paragraph 196, and therefore denies same.

**C.     Defendants misled the Plaintiffs and public, including all downstream gasoline handlers, about the hazards of gasoline with MTBE.**

197-200.         The allegations in paragraphs 197-200 are not susceptible to being

admitted or denied for the reasons stated in the Preliminary Statement. GOLP is therefore unable

to respond to the allegations in paragraphs 197-200. To the extent that a response is required,

GOLP is without sufficient knowledge or information to admit or deny the allegations in

paragraphs 197-200, and therefore denies same.

201.         GOLP is without sufficient knowledge or information to admit or deny the

allegations of paragraph 201, and therefore denies same.

202-204.         The allegations in paragraphs 202-204 are not susceptible to being

admitted or denied for the reasons stated in the Preliminary Statement. GOLP is therefore unable

to respond to the allegations in paragraphs 202-204. To the extent that a response is required,

GOLP is without sufficient knowledge or information to admit or deny the allegations in

paragraphs 202-204, and therefore denies same.

**VII.    Defendants dramatically increased their use of MTBE in gasoline after the creation of the RFG program.**

205-206.         GOLP is without sufficient knowledge or information to admit or deny the

allegations in paragraphs 205-206, and therefore denies same.

207-211.         The allegations in paragraphs 207-211 are not susceptible to being

admitted or denied for the reasons stated in the Preliminary Statement. GOLP is therefore unable

LIBA/1741880.5

to respond to the allegations in paragraphs 207-211.  To the extent that a response is required, GOLP is without sufficient knowledge or information to admit or deny the allegations in paragraphs 207-211, and therefore denies same.

### VIII.   MTBE's degradation product: TBA

212-215.         GOLP is without sufficient knowledge or information to admit or deny the allegations in paragraphs 212-215 and therefore denies same.

216.         The allegations in paragraph 216 are not susceptible to being admitted or denied for the reasons stated in the Preliminary Statement.  GOLP is therefore unable to respond to the allegations in paragraph 216.  To the extent that a response is required, GOLP is without sufficient knowledge or information to admit or deny the allegations in paragraph 216, and therefore denies same.

217.         GOLP is without sufficient knowledge or information to admit or deny the allegations in paragraph 217, and therefore denies same.

### IX.   MTBE has had a predictably catastrophic effect upon groundwater and groundwater wells.

218-225.         GOLP is without sufficient knowledge or information to admit or deny the allegations in paragraphs 218-225, and therefore denies same.

### X.   It is impossible to identify which manufacturer's gasoline poses a threat of MTBE and/or TBA contamination or has already caused MTBE and/or TBA contamination of any particular aquifer or well.

226.         GOLP is without sufficient information or knowledge to admit or deny the allegations in paragraph 226, and therefore denies same.

227.         The allegations in paragraph 227 are not susceptible to being admitted or denied for the reasons stated in the Preliminary Statement.  GOLP is therefore unable to respond to the allegations in paragraph 227.  To the extent that a response is required, GOLP is without

sufficient knowledge or information to admit or deny the allegations in paragraph 227, and therefore denies same.

228-229.     GOLP is without sufficient information or knowledge to admit or deny the allegations in paragraphs 228-229, and therefore denies same.

230-231.     The allegations in paragraphs 230-231 are not susceptible to being admitted or denied for the reasons stated in the Preliminary Statement.  GOLP is therefore unable to respond to the allegations in paragraphs 230-231.  To the extent that a response is required, GOLP is without sufficient knowledge or information to admit or deny the allegations in paragraphs 230-231, and therefore denies same.

## MARKET SHARE LIABILITY, ALTERNATIVE LIABILITY, CONCERT OF ACTION, AND ENTERPRISE LIABILITY

232-235.     The allegations in paragraphs 232-235 are not susceptible to being admitted or denied for the reasons stated in the Preliminary Statement.  GOLP is therefore unable to respond to the allegations in paragraphs 232-235.  To the extent that a response is required, GOLP is without sufficient knowledge or information to admit or deny the allegations in paragraphs 232-235, and therefore denies same.

## FIRST CAUSE OF ACTION
### Public Nuisance

236.     GOLP incorporates by reference its responses to all preceding paragraphs.

237-241.     The allegations in paragraphs 237-241 are not susceptible to being admitted or denied for the reasons stated in the Preliminary Statement.  GOLP is therefore unable to respond to the allegations in paragraphs 237-241.  To the extent that a response is required, GOLP is without sufficient knowledge or information to admit or deny the allegations in paragraphs 237-241, and therefore denies same.

242-244.        GOLP is without sufficient knowledge or information to admit or deny the allegations in paragraph 242-244, and therefore denies same.

245-246.        The allegations in paragraphs 245-246 are not susceptible to being admitted or denied for the reasons stated in the Preliminary Statement.  GOLP is therefore unable to respond to the allegations in paragraphs 245-246.  To the extent that a response is required, GOLP is without sufficient knowledge or information to admit or deny the allegations in paragraphs 245-246, and therefore denies same.

**SECOND CAUSE OF ACTION**
**<u>Breach of Warranty for Design Defect and/or Defective Product</u>**

247.        GOLP incorporates by reference its responses to all preceding paragraphs.

248-252.        The allegations in paragraphs 248-252 are not susceptible to being admitted or denied for the reasons stated in the Preliminary Statement.  GOLP is therefore unable to respond to the allegations in paragraphs 248-252.  To the extent that a response is required, GOLP is without sufficient knowledge or information to admit or deny the allegations in paragraphs 248-252, and therefore denies same.

253.        GOLP is without sufficient knowledge or information to admit or deny the allegations in paragraph 253, and therefore denies same.

254.        The allegations in paragraph 254 are not susceptible to being admitted or denied for the reasons stated in the Preliminary Statement.  GOLP is therefore unable to respond to the allegations in paragraph 254.  To the extent that a response is required, GOLP is without sufficient knowledge or information to admit or deny the allegations in paragraph 254, and therefore denies same.

255.        GOLP is without sufficient knowledge or information to admit or deny the allegations in paragraph 255, and therefore denies same.

14

256-259.      The allegations in paragraphs 256-259 are not susceptible to being admitted or denied for the reasons stated in the Preliminary Statement.  GOLP is therefore unable to respond to the allegations in paragraphs 256-259.  To the extent that a response is required, GOLP is without sufficient knowledge or information to admit or deny the allegations in paragraphs 256-259 and therefore denies same.

**THIRD CAUSE OF ACTION**
**Breach of Warranty: Failure to Warn**

260.      GOLP incorporates by reference its responses to all preceding paragraphs.

261-267.      The allegations in paragraphs 261-267 are not susceptible to being admitted or denied for the reasons stated in the Preliminary Statement.  GOLP is therefore unable to respond to the allegations in paragraphs 261-267.  To the extent that a response is required, GOLP is without sufficient knowledge or information to admit or deny the allegations in paragraphs 261-267, and therefore denies same.

**FOURTH CAUSE OF ACTION**
**Negligence**

268.      GOLP incorporates by reference its responses to all preceding paragraphs.

269-273.      The allegations in paragraphs 269-273 are not susceptible to being admitted or denied for the reasons stated in the Preliminary Statement.  GOLP is therefore unable to respond to the allegations in paragraphs 269-273.  To the extent that a response is required, GOLP is without sufficient knowledge or information to admit or deny the allegations in paragraphs 269-273, and therefore denies same.

**FIFTH CAUSE OF ACTION**
**Private Nuisance**

274.      GOLP incorporates by reference its responses to all preceding paragraphs.

LIBA/1741880.5

275-277.       The allegations in paragraphs 275-277 are not susceptible to being admitted or denied for the reasons stated in the Preliminary Statement.  GOLP is therefore unable to respond to the allegations in paragraphs 275-277.  To the extent that a response is required, GOLP is without sufficient knowledge or information to admit or deny the allegations in paragraphs 275-277, and therefore denies same.

## SIXTH CAUSE OF ACTION
### Trespass

278.       GOLP incorporates by reference its responses to all preceding paragraphs.

279-280.       The allegations in paragraphs 279-280 are not susceptible to being admitted or denied for the reasons stated in the Preliminary Statement.  GOLP is therefore unable to respond to the allegations in paragraphs 279-280.  To the extent that a response is required, GOLP is without sufficient knowledge or information to admit or deny the allegations in paragraphs 279-280, and therefore denies same.

281.       GOLP is without sufficient knowledge or information to admit or deny the allegations in paragraph 281, and therefore denies same.

282.       The allegations in paragraph 282 are not susceptible to being admitted or denied for the reasons stated in the Preliminary Statement.  GOLP is therefore unable to respond to the allegations in paragraph 282.  To the extent that a response is required, GOLP is without sufficient knowledge or information to admit or deny the allegations in paragraph 282, and therefore denies same.

## SEVENTH CAUSE OF ACTION
### Civil Conspiracy

283.       GOLP incorporates by reference its responses to all preceding paragraphs.

284-290.       The allegations in paragraphs 284-290 are not susceptible to being admitted or denied for the reasons stated in the Preliminary Statement.  GOLP is therefore unable

16

to respond to the allegations in paragraphs 284-290.  To the extent that a response is required, GOLP is without sufficient knowledge or information to admit or deny the allegations in paragraphs 284-290, and therefore denies same.

**EIGHTH CAUSE OF ACTION**
**Violation of the Massachusetts Oil and Hazardous Material**
**Release Prevention and Response Act**

291.        GOLP incorporates by reference its responses to all preceding paragraphs.

292-295.        The allegations in paragraphs 292-295 are not susceptible to being admitted or denied for the reasons stated in the Preliminary Statement.  GOLP is therefore unable to respond to the allegations in paragraphs 292-295.  To the extent that a response is required, GOLP is without sufficient knowledge or information to admit or deny the allegations in paragraphs 292-295, and therefore denies same.

**NINTH CAUSE OF ACTION**
**Citizen's Suit Pursuant to TSCA §§ 8(e) and 20(a)(1)**

296-313.        The allegations in paragraphs 296-313 are not directed at GOLP for the reasons stated in the Preliminary Statement, and thus require no response by GOLP.

**PRAYER FOR RELIEF**

GOLP denies that Plaintiffs are entitled to the relief requested.

**ADDITIONAL DEFENSES APPLICABLE TO ALL CASES**

**First Defense**

Plaintiffs' claims are barred for failure to state a claim upon which relief can be granted.

**Second Defense**

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

17

### Third Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, release, merger, abandonment, consent, collateral estoppel, laches and/or res judicata..

### Fourth Defense

Plaintiffs' claims are barred, in whole or in part, for failure to join indispensable parties.

### Fifth Defense

Plaintiffs' claims are barred to the extent that Plaintiffs' claimed injuries and damages were not proximately caused by any act or omission of GOLP.

### Sixth Defense

Plaintiffs' injuries, if any, were solely caused by matters or conditions not under the control of GOLP, or by conduct by parties over which GOLP had no control, including Plaintiffs.

### Seventh Defense

GOLP is not liable to Plaintiffs because it had no legal duty to disclose any of the information allegedly not disclosed.

### Eighth Defense

Plaintiffs have failed to take reasonable steps to mitigate their damages, if any, and as a result of such failure, Plaintiffs' claims against GOLP much be reduced, excused and/or discharged.

### Ninth Defense

GOLP invokes each and every federal and/or state common law, statutory, and constitutional defense available to it.

18

### Tenth Defense

Plaintiffs' claims are barred, in whole or in part, because any alleged damages sustained by Plaintiffs' were caused, in whole or in part, by Plaintiffs' contributory or comparative negligence, responsibility or causation and want of due care.

### Eleventh Defense

Plaintiffs' injuries, if any, are the result, in whole or in part, of Plaintiffs' assumption of risk.

### Twelfth Defense

Plaintiffs' claims are barred, in whole or in part, because any injuries and damages incurred by Plaintiffs were the result of independent, intervening, and/or superseding events, factors, occurrences or conditions, which were in no way caused by GOLP and for which GOLP is not liable.

### Thirteenth Defense

MTBE conformed to the state of the art at the time of sale and was designed, manufactured and tested pursuant to generally recognized and prevailing standards and in conformance with the statutes, regulations and requirements that govern the product at the time of design, manufacture and sale.

### Fourteenth Defense

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs seeks to impose liability and/or penalties on GOLP retroactively or for conduct that was not actionable at the time it occurred.

### Fifteenth Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrine of preemption.

LIBA/1741880.5

## Sixteenth Defense

Plaintiffs' claims are barred, in whole or in part, by the use or misuse of the product by a party other than GOLP.

## Seventeenth Defense

Plaintiffs' claims are barred, in whole or in part, because as a matter of law Plaintiffs cannot establish that GOLP assumed any duty to Plaintiffs.

## Eighteenth Defense

Plaintiffs' claims are barred because they violate the due process and takings provisions of the United States Constitution to the extent that they seek to impose liability on GOLP without establishing the legal elements of, or negating the available defenses to, liability on the part of GOLP to particular individuals.

## Nineteenth Defense

Plaintiffs' claim for punitive damages is barred because an award of punitive damages would violate GOLP's right to due process and equal protection.

## Twentieth Defense

Plaintiffs' claims are barred to the extent they seek to impose liability on GOLP based upon GOLP's participation in the petroleum business without establishing that any actions by GOLP have proximately caused the alleged injuries, if any.

## Twenty-First Defense

Plaintiffs' claims against GOLP are barred, in whole or in part because, if GOLP provided the products alleged to have been defective in Plaintiffs' Complaints, it provided such products to other intermediaries which were knowledgeable, informed and sophisticated concerning the use and alleged risks of the products from the use of said products.

**Twenty-Second Defense**

Plaintiffs' claims are barred, in whole or in part, by the First and Fourteenth Amendments to the United States Constitution.

**Twenty-Third Defense**

GOLP avers that it did not know, and in light of the existing reasonably available scientific and technological knowledge, could not have known of, (1) the design characteristics, if any, that allegedly caused the injuries and damages complained of herein or the alleged danger of such characteristics, or (2) any alternative design referred to by Plaintiffs.

**Twenty-Fourth Defense**

Plaintiffs' claims are barred, in whole or in part, because the damages they seek are too speculative and too remote.

**Twenty-Fifth Defense**

Plaintiffs' claims are barred, in whole or in part, by the Noerr-Pennington Doctrine to the extent that Plaintiffs' claims are premised, in whole or in part, on alleged statements or conduct in relation to judicial, legislative, or administrative proceedings of any kind or at any level of government or in connection with any activity involving petitioning of government.

**Twenty-Sixth Defense**

Plaintiffs' claims for strict liability is barred because of the principles embodied in Section 402A of the Restatement (Second) of Torts, comment (i), namely that GOLP did not sell any product that was unreasonably dangerous beyond the contemplation of the ordinary consumer.

**Twenty-Seventh Defense**

Plaintiffs' claim of strict liability for failure to warn is barred because Plaintiffs do not allege that the failure to warn proximately caused their injury.

### Twenty-Eighth Defense

Plaintiffs' claim of failure to warn is barred because GOLP had no duty to warn Plaintiffs of the alleged dangers of MTBE because Plaintiffs were not foreseeable users of MTBE.

### Twenty-Ninth Defense

Plaintiffs' claim of design defect is barred because they do not allege the MTBE found in their wells was being used in its intended manner.

### Thirtieth Defense

Plaintiffs' claim of negligence is barred because Plaintiffs do not allege any causal connection between their alleged injury and the alleged negligent conduct of GOLP.

### Thirty-First Defense

Plaintiffs' public nuisance claim is barred because they lack standing to bring such a claim since they do not allege the requisite special damages.

### Thirty-Second Defense

Plaintiffs' private nuisance claim is barred because the conduct alleged in the Complaints does not constitute a "private" nuisance.

### Thirty-Third Defense

Any additional defenses pleaded by the other Defendants and not pled by GOLP are hereby incorporated herein to the extent that they do not conflict with GOLP's additional defenses.

### Thirty-Fourth Defense

GOLP intends to rely upon and reserve its right to assert other any related defenses as may become available depending upon any determination in the future of the applicable choice of law.

LIBA/1741880.5

**Thirty-Fifth Defense**

At all relevant times, GOLP complied with applicable federal, state, and local laws, rules, regulations and specifications, and all acts and conduct of GOLP, as alleged in the Complaints, conformed to and were pursuant to statutes, government regulations and industry standards, based upon the state of knowledge existing at all material times alleged in the Complaints.  If Plaintiffs have sustained damages as alleged, then said damages are not the result of GOLP's actions or inactions because GOLP complied at all times with all industry/governmental standards relating to service station operations.

**Thirty-Sixth Defense**

If any damages or injuries alleged in the Complaints occurred because of leaks in the gasoline storage tanks and associated piping, GOLP is not liable for those damages and/or injuries because the gasoline storage tanks and associated piping, when manufactured and distributed, conformed to the then current state of scientific and industrial knowledge, and the tanks and associated piping were used for their intended purpose.

**Thirty-Seventh Defense**

While continuing to deny any liability as to the allegations in the Complaints, should GOLP be held liable for any alleged damages of Plaintiffs, then GOLP's liability should be limited to its proportionate contribution to such alleged damage, taking into consideration the proportionate contribution of any and all other parties or entities, including Plaintiffs.

**Thirty-Eighth Defense**

Any injury, damage or loss sustained by Plaintiffs was proximately caused by and/or contributed to by its or their own negligence, carelessness, and/or omissions.

LIBA/1741880.5

### Thirty-Ninth Defense

Each purported cause of action asserted in the Complaints is barred under the doctrine of primary assumption of risk in that the general public, by and through its elected representatives and their appointees, knew and understood the alleged risks of harm presented by use of MTBE, if any, and elected nevertheless to proceed to require the use of gasoline oxygenates and to permit the use of MTBE as a gasoline oxygenate.

### Fortieth Defense

The alleged injuries alleged in Complaints, if any, which GOLP deny exists, could be reasonably apportioned among the defendants, as each defendants' alleged acts and omissions, including GOLP's, are divisible and distinct.  Therefore, no defendants are jointly and severally liable to Plaintiffs for any claim alleged in the Complaints.

### Forty-First Defense

If Plaintiffs sustained any injury or incurred any loss or damages as alleged in the Complaints, the same were caused in whole or in part by acts or omissions of another or others over whom GOLP neither exercised nor had any right of control, for which GOLP is and was not responsible, and whose conduct GOLP had no duty or reason to anticipate or control.

### Forty-Second Defense

The Court lacks power and/or subject matter jurisdiction to enter some or all of the relief Plaintiffs seek.

### Forty-Third Defense

GOLP hereby give notice that it intends to rely upon any other defense that may become available or appear during the discovery proceedings in this case, and GOLP hereby reserves its right to amend its Answer to assert such defenses.

## ADDITIONAL DEFENSES APPLICABLE TO SPECIFIC CASES

**CONNECTICUT**

1.      The Complaints and each purported cause of action are barred by the applicable provisions of the pertinent statutes of limitations, including but not limited to, Conn. Gen. Stat. Ann. §§ 2A, 52-577, 52-777a (West 2001).

2.      Plaintiffs' product liability claims are barred because the Plaintiffs' alleged harm is outside the scope of allowable product liability claims pursuant to Connecticut's Product Liability Act, as set forth in Conn. Gen. Stat. Ann §§ 52-572 (m) and 52-572(n) (West 2001).

3.      Plaintiffs' failure to warn claims are barred in whole or in part because the alleged failure to provide adequate warnings for which Plaintiffs seek redress does not give rise to liability within the ambit of the Connecticut Product Liability Act, as the Plaintiffs' injuries did not arise by reason of any alleged violation of adequate warnings or instructions pursuant to Conn. Gen. Stat. Ann § 52-572(q) (West 2001).

**ILLINOIS**

1.      The Complaints and each purported cause of action are barred by the applicable provisions of the pertinent statutes of limitations, including but not limited to, 735 ILCS 5/13 205.

2.      Plaintiffs' recovery is barred, in whole or in part, due to their contributory fault, pursuant to 735 ILCS 5/2 1116.

3.      In the alternative, if Plaintiffs' action is not barred by 735 ILCS 5/2-1116 and 735 ILCS 5/2-1117, then GOLP is entitled to a reduction in damages in proportion to Plaintiffs' fault in the event that it is found to be liable, which liability has been denied.

4.      This defendant is not jointly and severally liable in that its fault, if any, was less than 25% of the total fault attributable to all parties.  35 ILCS 5/2-1116 and 735 ILCS 5/2-1117.

25

5.      Plaintiffs' claims are barred by the provisions of 735 ILCS 5/13-213, to the extent that they are predicated upon the delivery of MTBE by GOLP to one of its customers more than 10 years prior to the filing of this case.

**INDIANA**

1.      The Complaints and each purported cause of action are barred by the applicable provisions of the pertinent statutes of limitations, including but not limited to, Ind. Code. Ann. 34-20-3-1.

2.      Plaintiffs' product liability design defect claims are barred, in whole or in part, because no alleged act or omission by GOLP gave rise to design defect liability pursuant to Indiana's Product Liability Act, as set forth in Ind. Code. Ann. 34-20-2-1.

3.      Plaintiffs' product liability claims fail because GOLP had no duty to warn Plaintiffs, as Plaintiffs knew or should have known of the alleged danger.  Ind. Code. Ann. 34-20-6-1 and 34-20-6-3.

4.      Plaintiffs' product liability claims fail because GOLP's products were in conformity with generally recognized state of the art.  Ind. Code. Ann. 34-20-6-1 and 34-20-5-1.

5.      Any duty to warn, if one existed at all, was discharged pursuant to Ind. Code. Ann. 34-20-6-1 and 34-20-6-3 because the alleged defects, if any, were open and obvious to Plaintiffs.

6.      Plaintiffs voluntarily and unreasonably assumed the risk of injury, thereby relieving GOLP of liability.  Ind. Code. Ann. 34-20-6-1 and 34-20-6-3.

7.      Any alleged design defect was not the proximate cause of the Plaintiffs' injuries or harm, pursuant to Ind. Code. Ann. 34 20 6 1 (West 2001).

8.      Plaintiffs' alleged injuries, if any, resulted from the misuse of the product by the Plaintiffs or other persons, and such misuse was not reasonably expected by GOLP at the time that it sold or otherwise conveyed the product to the other party.  Ind. Code. Ann. 34-20-6-4.

9.      Plaintiffs' claims for public nuisance should be dismissed because at no time did any act or omission attributable to GOLP or its products interfere with the Plaintiffs' comfortable enjoyment of life or property.  Ind. Code. Ann. 34-19-1-1.

10.      Plaintiffs have failed to state a cause of action for public nuisance because GOLP's alleged conduct is not unreasonable upon comparison of its alleged conduct with Plaintiffs' competing interests.  Ind. Code. Ann. 34-19-1-1.

11.      Plaintiffs' recovery is barred by their contributory fault, which is greater than the fault of all persons whose fault may have proximately contributed to Plaintiffs' damages.  Ind. Code. Ann. § 34-51-2-6.

12.      Plaintiffs' claims under the Indiana Environmental Legal Action statute fail because GOLP did not "cause or contribute to the release" of gasoline.

**IOWA**

1.      The Complaints and each purported cause of action are barred by the applicable provisions of the pertinent statutes of limitations, including but not limited to, Iowa Code Ann. §§ 614.1(2) and 614.1(4).

2.      Plaintiffs' recovery is barred by their contributory fault, which is greater than the fault of all persons whose fault may have proximately contributed to Plaintiffs' damages.  Iowa Stat. Ann. § 668.3.

3.      Recovery is barred or must be reduced, in whole or in part, based on the doctrine of comparative negligence.

4.     GOLP is not jointly and severally liable because it bears less than fifty percent of the total fault of all parties.  Iowa Stat. Ann. § 668.4.

5.     Plaintiffs assumed the risk of any alleged injury.

6.     GOLP's products "conformed to the state of the art in existence at the time." Iowa Stat. Ann. § 668.12(1).

7.     GOLP cannot be liable for failure to warn because the alleged "risks and risk-avoidance measures…should be obvious to, or generally known by, foreseeable product users."  Iowa Stat. Ann. § 668.12(3).

8.     GOLP cannot be liable because "a product bearing or accompanied by a reasonable and visible warning or instruction that is reasonably safe for use if the warning or instruction is followed shall not be deemed defective or unreasonably dangerous on the basis of failure to warn or instruct."  Iowa Stat. Ann. § 668.12(4).

**KANSAS**

1.     The Complaints and each purported cause of action are barred by the applicable provisions of the pertinent statutes of limitations and statutes of repose, including but not limited to, Kansas Stat. Ann. §§ 60-512, 60-513, 60-3303.

2.     Plaintiffs' recovery is barred by their contributory fault, which is greater than the fault of all persons whose fault may have proximately contributed to Plaintiffs' damages. Kansas Stat. Ann. § 60-258a.

3.     Recovery is barred or must be reduced, in whole or in part, based on the doctrine of comparative negligence.

4.     Recovery is barred because GOLP's products were, "at the time of manufacture, in compliance with legislative regulatory standards or administrative regulatory safety standards relating to design or performance…."  Kansas Stat. Ann. § 60-3304.

28

5.      GOLP is not liable because it had no duty to warn, protect against or instruct "with regard to those safeguards, precautions and actions which a reasonable user or consumer of the product, with the training, experience, education and any special knowledge the user or consumer did, should or was required to possess, could and should have taken for such user or consumer or others, under all the facts and circumstances."  Kansas Stat. Ann. § 60-3305(a).

6.      GOLP is not liable because it had no duty to warn "where the safeguards, precautions and actions would or should have been taken by a reasonable user or consumer of the product similarly situated exercising reasonable care, caution and procedure."  Kansas Stat. Ann. § 60-3305(b).

7.      GOLP is not liable because it had no duty to warn, protect against or instruct "with regard to dangers, hazards or risks which are patent, open or obvious and which should have been realized by a reasonable user or consumer of the product."  Kansas Stat. Ann. § 60-3305(c).

8.      Plaintiffs' recovery is barred under Kansas Stat. Ann. § 60-3306 because GOLP had no knowledge of the alleged defect in the product, could not have discovered the alleged defect while exercising reasonable care, and/or was not a manufacturer of the defective product.

9.      Plaintiffs' recovery is barred under Kansas Stat. Ann. § 60-3303 because any harm to Plaintiffs was caused after the product's useful safe life had expired, and GOLP did not expressly or impliedly warrant the product for a longer period of time.

10.     Plaintiffs' recovery is barred under Kansas Stat. Ann. § 60-3304 because the product was, at the time of manufacture, in compliance with any applicable legislative regulatory standards or administrative regulatory safety standards relating to design, performance,

LIBA/1741880.5

warnings, or instructions, and/or any applicable mandatory government specification relation to design.

**LOUISIANA**

1.      The Complaints and each purported cause of action are barred by the applicable provisions of the pertinent statutes of limitations, including but not limited to, LSA-C.C. Art. 3492.

2.      GOLP is not liable because "[t]he product is not dangerous to an extent beyond that which would be contemplated by the ordinary user or handler of the product, with the ordinary knowledge common to the community as to the product's characteristics." LSA-R.S. 9:2800.57.

3.      GOLP is not liable because "[t]he user or handler of the product already knows or reasonably should be expected to know of the characteristic of the product that may cause damage and the danger of such characteristic." LSA-R.S. 9:2800.57.

4.      GOLP is not liable because it "did not know and, in light of then-existing reasonably available scientific and technological knowledge, could not have known of the design characteristic that caused the damage or the danger of such characteristic." LSA-R.S. 9:2800.59(1).

5.      GOLP is not liable because it "did not know and, in light of then-existing reasonably available scientific and technological knowledge, could not have known of the alternative design identified by the claimant under R.S. 9:2800.56(1)." LSA-R.S. 9:2800.59(2).

6.      GOLP is not liable because "[t]he alternative design identified by the claimant under R.S. 9:2800.56(1) was not feasible, in light of then-existing reasonably available scientific and technological knowledge or then-existing economic practicality." LSA-R.S. 9:2800.59(3).

30

7.      Punitive damages are not authorized by the Louisiana Products Liability Act.
LSA-R.S. 9:2800.53(5).

8.      Attorney's fees are not recoverable under the Louisiana Products Liability Act.
LSA-R.S. 9:2800.53(5).

**MASSACHUSETTS**

1.      The Complaints and each purported cause of action are barred by the applicable
provisions of the pertinent statutes of limitations, including but not limited to Mass. Gen. Laws
Ann. Ch. 260 § 2A.

2.      Plaintiffs' claims are barred because their negligence is greater than the alleged
negligence of GOLP.  Mass. Gen. Laws Ann. Ch. 231 § 85.

**NEW HAMPSHIRE**

1.      The Complaints and each purported cause of action are barred by the applicable
provisions of the pertinent statutes of limitations, including but not limited to N.H. Rev. Stat.
§ 507 D:2.

2.      Plaintiffs' product liability claims are barred in whole or in part by the
State-of-the-Art Defense.  N.H. Rev. Stat. § 507:8-g.

3.      GOLP's conduct did not meet the minimum requirements of culpability with
respect to each material element of the alleged offenses of civil conspiracy, public nuisance, and
negligence, according to the applicable provision of N.H. Rev. Stat. § 626:2, and therefore,
Plaintiffs' claims on these counts should be dismissed.

**NEW JERSEY**

1.      The Complaints and each purported cause of action are barred by the applicable
provisions of the pertinent statutes of limitations, including but not limited to, N.J. Stat. Ann.
§ 2A:14 2 and/or the doctrine of laches or any other applicable law, rule, statute or regulation

31

controlling or requiring the institution of suit within a certain period of time following its accrual.

2.      GOLP's conduct did not meet the minimum requirements of culpability with respect to each material element of the alleged offenses of civil conspiracy, public nuisance, and negligence, according to the applicable provision of N.J. Stat. Ann. § 2C:2-2, and, therefore, Plaintiffs' claims on these counts should be dismissed.

3.      GOLP is not "in any way responsible" for a hazardous substance as is required under the New Jersey Spill Compensation and Control Act ("Spill Act").

4.      GOLP did not "discharge" a hazardous substance as required under the Spill Act.

5.      Plaintiffs have not incurred "cleanup and removal costs" under the Spill Act.

6.      Plaintiffs' claim for treble damages under the Spill Act is barred as GOLP had good cause for not entering into a settlement agreement with Plaintiffs and because principles of fundamental fairness will be violated by such an award.

7.      Plaintiffs' claims are barred by the doctrine of primary jurisdiction in that the New Jersey Department of Environmental Protection ("NJDEP") is responsible for directing and allocating responsibility for investigation and remediation of the environmental condition alleged in the Complaint.

8.      Plaintiffs' claims are barred in that GOLP has complied with, and satisfied, all applicable laws, regulations, rules, orders, directives and/or other requirements of the NJDEP and/or other state or federal agencies regarding the environmental condition alleged in the Complaint

9.      Any recovery against GOLP for the damages claimed would be unlawful double recovery and/or multiple compensation for the same alleged damages or injuries.

10.     Plaintiffs' claims are not ripe and accordingly should be dismissed.

11      Plaintiffs were contributorily negligent and comparatively negligent and therefore their claims are barred or diminished by such negligence under the Comparative Negligence Act and common law.

12.     Plaintiffs' claims are barred to the extent plaintiffs seek relief for conduct occurring or damages incurred prior to the effective date of the Spill Act.

13      Plaintiffs' claims are barred to the extent that Plaintiffs did not comply with the requirements or prerequisites of the Spill Act.

14.     Plaintiffs' claims are frivolous and GOLP reserves the right to move at any time for attorneys' fees and costs in accordance with the New Jersey Frivolous Claims Statute, or pursuant to R.1:4-8.


**NEW YORK**

1.      The Complaints and each purported cause of action are barred by the applicable provisions of the pertinent statutes of limitations, including but not limited to, N.Y. Civ. Prac. L. & R. § 214.

2.      Plaintiffs' claims pursuant to New York General Business Law § 349 should be dismissed for failure to plead facts sufficient to show that defendants engaged in "consumer-oriented" conduct that had a broad impact on consumers at large which injured the plaintiffs as within the intended ambit of the statute.

3.      Plaintiffs' claims pursuant to New York General Business Law § 349 should be dismissed because Plaintiffs are not consumers under § 349.

LIBA/1741880.5

4.     Plaintiffs' claims pursuant to New York General Business Law § 349 should be dismissed because the alleged deceptive conduct for which the Plaintiffs seek redress does not fall within the ambit of the statute, as the Plaintiffs' injuries did not arise by reason of any alleged violation of GBL § 349.

5.     Plaintiffs' claims pursuant to New York General Business Law § 349 should be dismissed as compliance with the Federal Trade Commission Act, 15 U.S.C.A. § 45 is a complete defense to an action brought under GBL § 349.

6.     Plaintiffs' claims pursuant to New York General Business Law § 349 should be dismissed because any act or practice of GOLP complied with the rules and regulations of, and the statutes administered by, the Federal Trade Commission, or any official department, division, commission or agency of the United States.

7.     If GOLP is found liable for any non-economic loss allegedly suffered by Plaintiffs, and such liability equals fifty percent or less of the total liability of all persons liable, and the aggregate liability of such other persons equals or exceeds fifty percent of the total liability, then, pursuant to Civil Practice Law and Rules Article 16, GOLP's liability to Plaintiffs for non-economic loss shall not exceed GOLP's equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for such non-economic loss.

**PENNSYLVANIA**

1.     The Complaints and each purported cause of action are barred by the applicable provisions of the pertinent statutes of limitations, including but not limited to, 42 Pa. Cons. Stat. Ann. § 5524.

2.     GOLP's conduct did not meet the minimum requirements of culpability with respect to each material element of the alleged offenses of civil conspiracy, public nuisance, and

34

negligence in order to be found liable according to the applicable provision of 18 Pa. Cons. Stat. Ann. § 302, and, therefore, Plaintiffs' claims on these counts should be dismissed.

3.      Plaintiffs' claims for public nuisance are barred because at all relevant times, neither GOLP nor its products violated any orders or regulations adopted by the Pennsylvania Department of Environmental Resources.  35 Pa. Cons. Stat. Ann. § 691.503.

**VERMONT**

1.      The Complaints and each purported cause of action are barred by the applicable provisions of the pertinent statutes of limitations, including but not limited to, 12 Vermont Stat. Ann. §§ 511, 512(4), 512(5).

2.      Plaintiffs' recovery is barred by their contributory fault, which is greater than the causal total negligence of the defendant or defendants.  12 Vermont Stat. Ann. § 1036.

3.      Recovery is barred or must be reduced, in whole or in part, based on the doctrine of comparative negligence.  12 Vermont Stat. Ann. § 1036.

**VIRGINIA**

1.      The Complaints and each purported cause of action are barred by the applicable provisions of the pertinent statutes of limitations, including but not limited to, Va. Code Ann. §§ 8.01-243, 8.01-248.

**WEST VIRGINIA**

1.      The Complaints and each purported cause of action are barred by the applicable provisions of the pertinent statutes of limitations, including but not limited to, W. Va. Code Ann. § 55-2-12.

*      *      *

For each State described above, GOLP incorporates by reference any additional defense, whether general or specific to another State, alleged herein or by other defendants in MDL 1358.

The pleading of the defenses described above shall not be construed as an undertaking by GOLP of any burden which would otherwise be the responsibility of Plaintiffs.

GULF OIL LIMITED PARTNERSHIP,

By its attorneys,

*/s/Christopher J. Garvey* _____
Christopher J. Garvey (CG 3323)
GOODWIN PROCTER LLP
599 Lexington Ave.
New York, NY  10022
Telephone:  (212) 813-8000
Facsimile:   (212) 355-3333
Email: cgarvey@goodwinprocter.com


Mark E. Tully
GOODWIN PROCTER LLP
Exchange Place
Boston, MA  02109
Telephone:  (617) 570-1000
Facsimile:   (617) 523-1231
Email: mtully@goodwinprocter.com

Dated:  October 30, 2008

## <u>CERTIFICATE OF SERVICE</u>

I certify that on October 30, 2008, a true and correct copy of this Amended Master Answer was electronically served on counsel of record by electronic filing via LexisNexis File & Serve to counsel for Plaintiffs and Defendants in MDL 1358.

*/s/Christopher J. Garvey* _____
Christopher J. Garvey

LIBA/1741880.5