UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

IN RE: METHYL TERTIARY BUTYL
ETHER ("MTBE") PRODUCTS
LIABILITY LITIGATION

Master File No. 1:00-1898
MDL 1358 (SAS)
M21-88

This document relates to:

City of Riverside v. Atlantic Richfield Co., et al, 04 Civ. 4969

Quincy Community Services District v. Atlantic Richfield Co., et al, 04 Civ. 4970

People of the State of California, et al v. Atlantic Richfield Co., et al, 04 Civ. 4972

California-American Water Co. v. Atlantic Richfield Co., et al, 04 Civ. 4974

Martin Silver, et al v. Alon USA Energy, Inc., et al, 04 Civ. 4975

Village of Island Lake v. Ashland Inc., et al, 04 Civ. 2053

------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/2/08

[PROPOSED] ORDER DETERMINING
THAT SETTLEMENT IS A GOOD
FAITH SETTLEMENT

Upon consideration of the unopposed Motion of Lyondell Chemical Company and Equistar Chemicals, LP (collectively, the "Settling Defendants") for Good Faith Settlement Determination, the memorandum of law submitted in support thereof and the accompanying Declaration and its exhibits, including the Settlement Agreement dated June 3, 2008, the Court hereby determines that:

1. The settlement reached between Lyondell Chemical Company and Equistar Chemicals LP, on one hand, and Plaintiffs City of Riverside, Quincy Community Services

District, People of the State of California, California-American Water Co., et al. and Martin Silver, et al., on the other hand, was made in good faith within the meaning of California Code of Civil Procedure §877 and §877.6, as well as the case law interpreting those sections, including *Tech-Bilt, Inc. v. Woodward-Clyde & Assoc.*, 38 Cal. 3d 488 (1985), entitling Settling Defendants to protection from contribution and equitable indemnity claims as provided by law; and

2. The settlement reached as between the Village of Island Lake, a municipal corporation, on one hand, and the Settling Defendants on the other hand, is made in good faith within the meaning of § 740 ILCS 100/2 and case law interpreting that section, including *Johnson v. United Airlines*, 784 N.E.2d 812, 818 (Ill. 2003), entitling Settling Defendants to protection from contribution and equitable indemnity claims as provided by law.

Accordingly, pursuant to Federal Rule of Civil Procedure 54(b), and there being no just cause for delay, the Motion of Settling Defendants is hereby Granted. The clerk is Ordered to enter judgment that the Settlement Agreement dated June 3, 2008 constitutes a good faith settlement under applicable laws and the Settling Defendants are thereby protected from joint tortfeasor claims as set forth above.

Dated: December 1, 2008

SO ORDERED:

_____
The Honorable Shira A. Scheindlin