UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation | Master File C.A. No. 1:00-1898 (SAS) MDL 1358 |

*This Document Relates to:*

*Basso, et al. v. Sunoco, Inc., et al.*, No. 03-Civ-9050
*Tonneson, et al. v. Sunoco, Inc., et al.*, No. 03-Civ-8248

# EXXON MOBIL CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT

## PRELIMINARY STATEMENT

Defendant Exxon Mobil Corporation ("ExxonMobil"), submits this memorandum of law in support of its motion for leave to file a Third-Party Complaint Fed. R. Civ. P. 14(a)(1). ExxonMobil's Proposed Third-Party Complaint is attached at Exhibit 1 hereto (without exhibits). For the reasons set forth below, ExxonMobil's motion should be granted.

## BACKGROUND

The *Tonneson* and *Basso* matters were commenced in this Court on or about October 17, 2003 and November 17, 2003, respectively. The Complaints were filed against Sunoco, Inc., Sunoco (R&M) (collectively, "Sunoco"), Mobil Corporation and Exxon Mobil Corporation (collectively "ExxonMobil"). By Summons and Third-Party Complaint, dated May 12, 2006, Sunoco implead Favre Bros. Land, Inc., LeRoy G. Favre Jr. and David J. Favre (collectively "Favre Bros.") into the instant matters. Since being

joined in the actions, Favre Bros., through counsel, have participated in all aspects of discovery and pre-trial phases.

## STANDARD

Federal Rule of Civil Procedure 14(a)(1) permits a defendant to implead others, not originally parties to the litigation:

> A defending party may, as a third-party plaintiff, serve a summons and complaint on a non-party who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 10 days after serving its original answer.

Fed. R. Civ. P. 14(a)(1).

Rule 14(a)(1) promotes judicial economy by eliminating the need for a defendant to file a separate action against entities that may be secondarily liable to the defendant for all or part of the plaintiff's original claim. District courts have broad discretion in determining a Rule 14(a)(1) motion. *State Mut. Life Assurance Co. of America v. Arthur Anderson & Co.*, 65 F.R.D. 518 (S.D.N.Y. 1975). In deciding the motion, the Court "must balance the benefits of judicial economy, consistency of results and the avoidance of circuity of action against the possible prejudice to the plaintiff and third-party defendants. *Id.* at 521.

Factors relevant to determining whether to grant a Rule 14(a)(1) motion include: (a) whether impleading would prejudice the plaintiffs and/or third-party defendant; (b) whether impleading would unduly delay or complicate the trial; (c) whether the moving party deliberately delayed or was derelict in filing the motion; and (d) whether the proposed third-party complaint states a claim upon which relief can be granted. See *Capitol Records, Inc. v. City Hall Records, Inc.*, 2008 U.S. Dist. LEXIS 55300, *7 (S.D.N.Y. July 18, 2008).

# ARGUMENT

I. <u>ExxonMobil's Motion For Leave to File a Third-Party Complaint Should be Granted</u>.

All of the relevant factors counsel in favor of granting ExxonMobil's motion. Indeed, Plaintiffs and Favre Bros. will not be prejudiced. Additionally, ExxonMobil's claims against Favre Bros. will not delay and/or complicate the trial. ExxonMobil did not delay the filing of the instant motion. Lastly, ExxonMobil's proposed Third-Party Complaint states a proper claim for Indemnification and Contribution.

    A. *Plaintiffs and Favre Bros. will not be Prejudiced by Granting ExxonMobil's Motion.*

Plaintiffs do not claim that they will be prejudiced by the instant motion and consented to its filing at the December 22, 2008 pre-trial conference. Nor is there any prejudice to Favre Bros. The claims ExxonMobil seeks to assert against Favre Bros. are identical to those filed by Sunoco. Favre Bros. has been a party to this action since May 2006 and has participated in all aspects of discovery and pretrial phases of the litigation. As there can be no credible claim of prejudice by Favre Bros., ExxonMobil's motion should be granted.

    B. *Impleading Favre Bros. will not Delay or Complicate the Pending Trial.*

ExxonMobil's claims will not delay the pending trial. Favre Bros has been a party to the action through the discovery process and pretrial phase of the litigation. Presumably it has been planning its defense of Sunoco's claims for the upcoming trial. ExxonMobil's proposed claims do not raise any new legal and factual issues. Because Favre will not need to develop additional evidence to defend against these claims, the trial will not be delayed.

Furthermore, the trial will not be complicated by ExxonMobil's third-party claims

3

against Favre Bros. Indeed, these claims will not require additional witnesses or evidence at trial. Because the trial will not be delayed and/or complicated, ExxonMobil's motion should be granted.

    C.    *ExxonMobil did not Deliberately Delay Filing the Instant Motion to Gain an Advantage by the Delay.*

In deciding Rule 14(a)(1) motions, the district court should consider whether any delay in filing the motion was a "result of [defendants'] careful consideration or some purpose or advantage that would be gained by a delay." *Capitol Records, Inc.*, at *9. Here, there is nothing to suggest that ExxonMobil delayed the filing of its motion to gain an advantage over Favre Bros. Indeed, because ExxonMobil's proposed claims are identical to those Favre Bros. has been defending for years, Favre Bros. will not be prejudiced in the upcoming trial. Accordingly, ExxonMobil's motion should be granted.

    D.    *ExxonMobil's Proposed Third-Party Complaint States a Claim Upon Which Relief can be Granted.*

Third-party complaints are subject to the liberal pleading requirements under Fed. R. Civ. P. 8(a)(2). Indeed, ExxonMobil's third-party complaint must contain "allegations of fact and state a claim for relief that is plausible on its face." *Id.* at 20; *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). ExxonMobil's proposed third-party complaint clearly meets this standard.

ExxonMobil's third-party complaint states a proper claim for contribution and indemnification. Indeed, ExxonMobil alleges that it was sued by Plaintiffs who claim they suffered damages as a result of a release of gasoline from the Mobil-branded service station in Fort Montgomery, New York. Further, ExxonMobil alleges that Favre Bros. was responsible for the day-to-day operations of the Mobil-branded service station, and that any

4

gasoline release from the Mobil station was a result of Favre Bros. conduct at the station. Accordingly, if ExxonMobil is found to be liable to Plaintiffs, Favre Bros. would be liable to ExxonMobil for all such damages.

## CONCLUSION

For the foregoing reasons, Defendant Exxon Mobil Corporation's motion for leave to file a third-party complaint should be granted.

Dated: New York, New York
December 24, 2008

                             Peter J. Sacripanti (PS 8968)
                             Stephen J. Riccardulli (SR 7784)
                             MCDERMOTT WILL & EMERY LLP
                             340 Madison Avenue
                             New York, NY 10173-1922
                             Tel: (212) 547-5400
                             Fax: (212) 547-5444

                             Anthony A. Bongiorno (*pro hac vice*)
                             MCDERMOTT WILL & EMERY LLP
                             28 State Street
                             Boston, MA 02109-1775

                             Jennifer Kalnins Temple (JK 3274)
                             MCDERMOTT WILL & EMERY LLP
                             18191 Von Karman Avenue, Suite 500
                             Irvine, CA 92612-7108

                             *Attorneys for Exxon Mobil Corporation*