EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

In Re: Methyl Tertiary Butyl Ether ("MTBE")
Products Liability Litigation

Master File C.A. No.
1:00-1898 (SAS)
MDL 1358

---

*This Document Relates to:*

*Basso, et al. v. Sunoco, Inc., et al.*, No. 03-Civ-9050
*Tonneson, et al. v. Sunoco, Inc., et al.*, No. 03-Civ-8248

---

## DEFENDANTS EXXON MOBIL CORPORATION'S PROPOSED THIRD-PARTY COMPLAINT AGAINST FAVRE BROS. LAND, INC., LeROY G. FAVRE JR. AND DAVID J. FAVRE

Defendant Exxon Mobil Corporation ("ExxonMobil"), by and through its attorneys, pursuant to Rule 14(a) of the Federal Rules of Civil Procedure, and for its Third-Party Complaint against Favre Bros. Land, Inc., LeRoy G, Favre Jr. and David J. Favre (collectively, "Third-Party Defendants") state as follows:

1.      On or about October 17, 2003, Donna Boyce and Anna T. Burley   filed suit against ExxonMobil and other purported manufactures, designers, refiners, formulators, distributors, suppliers, sellers, and marketers of the gasoline additive methyl tertiary butyl ether ("MTBE") and/or tert butyl alcohol ("TBA") and/or gasoline products containing MTBE and/or TBA for alleged damages resulting from environmental harm or threatened environmental harm to their groundwater or water systems from MTBE, TBA, and/or gasoline containing MTBE and/or TBA.[1] Exhibit A.

---

[1] Plaintiffs Dave Tonneson, Hudson Highlands Realty Restorations, LTD, Robert Gee, Edwina Gee, Denise Gibney, Pat Hannigan, Charles Hannigan, Ian Hay, June Hay, William J. Hubeny, Anna L. Hubeny, Theresa Stanley, John Zervas and Joanne Zervas were also plaintiffs in the *Tonneson* action. These Plaintiffs' claims were dismissed with prejudice against ExxonMobil on December 9, 2008. See *Opinion and Order* (Dec. 9, 2008).

2.      On or about November 17, 2003, a nearly identical complaint was filed by Keith Bogardus, Sandra Bogardus, Ronald Buchholz, Joan Buchholz, Eric Buchholz, Alexander Buchholz, Dylan Buchholz, Stacy Camacho, Elizabeth Guadalupe, Louis Guadalupe.[2] Exhibit B.

3.      The *Basso* and *Tonneson* Plaintiffs allege that ExxonMobil and other defendants named in their complaints (hereinafter, "Defendants") caused actual or threatened harm to their groundwater or water systems by manufacturing, designing, refining, releasing, formulating, distributing, supplying, selling and/or marketing MTBE, TBA, and/or gasoline containing MTBE and/or TBA, and that Defendants are liable to Plaintiffs for the damages allegedly resulting therefrom.

4.      Specifically, Plaintiffs assert claims against ExxonMobil and other defendants for strict liability – design defect and/or defective product, failure to warn, negligence, public nuisance, private nuisance, trespass, declaratory relief, intentional interference with the right to appropriate, unfair competition pursuant to New York General Business Law § 349, emotional distress, and Article 12 of the New York Navigation Law.

5.      Exxon Mobil Corporation is a New Jersey corporation with its principle place of business in Irving, Texas.

6.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1367 in that the claims set forth herein are so related to the claims in Plaintiffs' Complaints that they form part of the same case or controversy.

---

[2] Plaintiffs Robert Basso, M and R Market, Chris DeSpirito, Tracie DeSpirito, William DeSpirito, Denise Linderman, James Linderman, John Quattrocchi, Ann Quattrocchi, John T. Quattrocchi, Damon Quattrocchi, Elaina Quattrocchi, Carin Savage, Cheryl Shrieve, Michael Shrieve, Richard Shrieve and Derrike Shrieve were also plaintiffs in the *Basso* action. Their claims against ExxonMobil were dismissed with prejudice on December 9, 2008. See *Opinion and Order* (Dec. 9, 2008).

2

7.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and Federal Rules of Civil Procedure 13 and 14.

8.      ExxonMobil denies liability on Plaintiffs' claims and for Plaintiffs' alleged damages and incorporates by reference its operative Master Answer to Plaintiffs' Complaints. Exhibit C.

9.      Favre Bros. Land, Inc. is a corporation, organized and operating under the laws of the State of New York, and maintains its principal offices at Route 9W, Fort Montgomery, New York 10922.

10.     On information and belief, at all times relevant to this litigation, Favre Bros. Land, Inc. owned the premises located at 1086 Route 9W, Fort Montgomery, New York 10922, including all underground petroleum storage tanks and related piping and equipment necessary for the operation of the Mobil Station.

11.     LeRoy G. Favre Jr. is an individual residing at 24 Drew Road, Fort Montgomery, New York, 10922.

12.     David J. Favre is an individual residing at 20 West Street, Highland Falls, New York 10928.

13.     On information and belief, at all times relevant to this litigation, LeRoy G. Favre Jr. and David J. Favre were the corporate shareholders and executives of Favre Bros. Land, Inc., and were directly, actively and knowingly involved in the day-to-day operations, activities and decision-making of Favre Bros. Land, Inc. with respect to the property located at 1086 Route 9W, Fort Montgomery, New York 10922.

14.     Plaintiffs are specifically seeking damages resulting from the alleged contamination of their groundwater by MTBE and/or TBA.

3

15.     Plaintiffs' wells and the associated aquifer and/or groundwater are located near the Mobil Station.

16.     On information and belief, MTBE, TBA, and/or gasoline containing MTBE and/or TBA, and/or other contaminants have been released from the underground storage tanks, piping, lines and/or equipment at the Mobil Station, or during the filling of underground storage tanks, piping, lines, equipment and/or vehicles, or during the maintenance of vehicles and/or equipment at the Mobil Station, and began to migrate underground, eventually reaching Plaintiffs' groundwater or water systems.

17.     If ExxonMobil is found to be liable to Plaintiffs for the allegations made against it, then ExxonMobil is entitled to indemnification and/or contribution from the Third-Party Defendants.

## COUNT ONE

### (Indemnity and Contribution)

18.     At all relevant times each Third-Party Defendant had a duty to:

a.     safely and properly use, handle, or store petroleum products, including gasoline containing MTBE and/or TBA;

b.     safely and properly receive or accept delivery or transfer of petroleum products, including gasoline containing MTBE and/or TBA;

c.     install, remove, replace, excavate, inspect, repair, monitor, test, examine or maintain its underground storage tanks, piping, lines and equipment, so as not to allow a release of product from the underground storage tanks, piping, lines and equipment;

d.     timely, safely and properly clean up, remediate, mitigate, eliminate or control releases, spills or leaks of petroleum products, including gasoline containing MTBE and/or TBA;

e.     institute measures to prevent spills of petroleum products, including gasoline containing MTBE anchor TBA;

4

f.   safely and properly dispense or pump petroleum products, including gasoline containing MTBE and/or TBA into automobiles and other vehicles and equipment; or

g.   adhere to applicable laws, rules, regulations, guidelines or procedures relating to the use, handling or storage of petroleum products, including gasoline containing MTBE and/or TBA.

19.   Each Third-Party Defendant breached one or more of these duties by allowing: releases, spills or overflows of petroleum products, including gasoline containing MTBE and/or TBA from the Mobil Station; the soil and/or groundwater at the Mobil Station to become contaminated by petroleum products, including gasoline containing MTBE and/or TBA; and/or allowing petroleum products, including gasoline containing MTBE and/or TBA, to reach Plaintiffs' groundwater and/or water systems.

20.   As a direct and proximate result of the Third-Party Defendants' actions and inaction, the Third-Party Defendants either caused or contributed to the alleged harm or threatened harm to Plaintiffs' groundwater or water systems and any and all resulting damages to Plaintiffs as alleged in their Complaints, and thus, the Third-Party Defendants are liable to ExxonMobil for all or part of Plaintiffs' claims against Sunoco.

21.   To the extent that ExxonMobil is found liable to Plaintiffs in any way, ExxonMobil is entitled to indemnity or contribution from the Third-Party Defendants pursuant to New York law.

22.   In the event that any Third-Party Defendant is found not to have been wholly responsible for any Plaintiff's loss or damage, the relative culpability of each Third-Party Defendant must be compared by the trier of fact in this matter in its assessment of the relative fault for Plaintiffs' injuries, if any.

5

## PRAYER FOR RELIEF

ExxonMobil respectfully requests that to the extent it is held liable for damages to Plaintiffs:

a)   That it be granted full indemnity and/or contribution from Third-Party Defendant Favre Bros. Land, Inc.;

b)   That is be granted full indemnity and/or contribution from Third-Party Defendant LeRoy G. Favre Jr.; and

c)   That it be granted full indemnity and/or contribution from Third-Party Defendant David J. Favre.

Dated: New York, New York
       December 24, 2008

Peter J. Sacripanti (PS 8968)
Stephen J. Riccardulli (SR 7784)
MCDERMOTT WILL & EMERY LLP
340 Madison Avenue
New York, NY 10173-1922
Tel: (212) 547-5400
Fax: (212) 547-5444

Anthony A. Bongiorno (*pro hac vice*)
MCDERMOTT WILL & EMERY LLP
28 State Street
Boston, MA 02109-1775

Jennifer Kalnins Temple (JK 3274)
MCDERMOTT WILL & EMERY LLP
18191 Von Karman Avenue, Suite 500
Irvine, CA 92612-7108

*Attorneys for Exxon Mobil Corporation*