UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE METHYL TERTIARY BUTYL ETHER ("MTBE") PRODUCTS LIABILITY LITIGATION<br><br>**This document relates to:**<br><br>*New Jersey Department of Environmental Protection, et al. v. Atlantic Richfield Co., et al.,* 08 Civ. 00312 | Master File No. 1:00-1898<br>MDL 1358 (SAS)<br>M21-88 |

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## CASE MANAGEMENT ORDER NO. 45

This Case Management Order defines the scope of initial electronic discovery in the above-captioned case (hereinafter the "*New Jersey* case"). Additional discovery will be addressed by subsequent orders.

I.  **INITIAL ELECTRONIC DISCOVERY**

   A.   By February 6, 2009, plaintiffs shall produce to defendants electronic data in the possession, custody or control of the plaintiffs regarding the following, to the extent such data are readily available in electronic format. Dates for the subsequent production of data in electronic format in the following categories that is not readily available will be set by agreement of the parties or by subsequent orders, subject to any objections.

   1.   the presence and levels or concentrations of MTBE in the waters of New Jersey;

   2.   releases or spills of gasoline containing MTBE into the waters of New Jersey, or the sources of MTBE in the waters of New Jersey;

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/29/08

3. the sites or locations where releases or spills of gasoline containing MTBE into the waters of New Jersey have occurred; and

4. the remediation, cleanup or treatment of MTBE in the waters of New Jersey.

B. Also by February 6, 2009 or such later date as the parties might set by mutual agreement, plaintiffs shall produce reports to defendants from files of the sites of releases or spills of gasoline containing MTBE into the waters of New Jersey which describe or provide summaries of the conditions, releases and remediation at such sites to the extent those reports are kept in electronic format. Such reports shall be produced by February 6, 2009 to the extent they are readily available. A date for completion of the production of such reports in electronic format that are not readily available shall be set by agreement of the parties or subsequent order, subject to any objections.

C. If any of the foregoing electronic files or the electronic files referenced in Section I.F.2 below also contain data or information about contaminants other than MTBE, such data or information shall be produced and not withheld or redacted.

D. By February 6, 2009, defendants shall produce to plaintiffs electronic data in the possession, custody or control of defendants regarding the following, to the extent such data are readily available in electronic format. Dates for the subsequent production of data in electronic format in the following categories that is not readily available will be set by agreement of the parties or by subsequent orders, subject to any objections.

1. locations and ownership interests in stations, USTs, terminals, refineries, pipelines, or delivery systems (including, but not limited to, tankers, tank trucks, railcars) in which any defendant has or has had an interest, and that is located in, or that serves, New Jersey;

2

2. identities, contact information, and locations of parties with whom defendants have or have had supply contracts to deliver gasoline containing MTBE or neat MTBE to New Jersey, including exclusive supply contracts, and contracts with delivery services, franchisees, lessees, lessors, jobbers, common carriers (including, but not limited to, pipelines), distributors, terminals, other refiners, or any other entities;

3. names, grades of products, product codes, blend information, and other identifying information for gasoline with MTBE or neat MTBE that was [~~had~~] or continues to be distributed in or intended for New Jersey; and

4. locations, dates, volumes and sources, and causes of spills or discharges of gasoline with MTBE or neat MTBE into soil, ground water or surface water within New Jersey or that migrated to soil, groundwater or surface water in New Jersey.

E. Also by February 6, 2009 or such later date as the parties might set by mutual agreement, defendants shall produce to plaintiffs site remediation reports related to releases of MTBE or gasoline with MTBE at sites that are or were owned and/or operated by defendants where there has been a confirmed release of MTBE or gasoline with MTBE which, to the best of defendants' knowledge, has impacted a water resource or is likely to impact a water resource, to the extent those reports are kept in electronic format. Such reports shall be produced by February 6, 2009 to the extent they are readily available. A date for completion of the production of such reports in electronic format that are not readily available shall be set by agreement of the parties or subsequent order, subject to any objections.

F. Following February 6, 2009, by a date to be determined by agreement of the parties or a subsequent order, (1) defendants shall produce to plaintiffs electronic data in the possession, custody or control of defendants regarding the following, to the extent such data are readily available in electronic format: the volumes of gasoline with MTBE, and neat MTBE, that

3

the responding defendant refined, distributed, stored, blended or sold in the State of New Jersey or refined elsewhere for distribution in the State of New Jersey; and (2) plaintiffs shall produce to defendants electronic data in the possession, custody or control of plaintiffs regarding the following, to the extent such data are readily available in electronic format: public funds used to pay for the remediation, cleanup or treatment of MTBE in the waters of New Jersey, and any costs, damages or alleged injury sustained by plaintiffs as a result of the presence of MTBE in the waters of New Jersey.

## II. DISCOVERY ON ALLEGED DAMAGES

A. The parties may engage in written discovery regarding the damages plaintiffs allege, subject to any and all appropriate objections. By February 6, 2009, the parties shall meet and confer over the nature and scope of such discovery. Any disputes over the scope and timing for the completion of such discovery shall be referred to Special Master Warner.

## III. FURTHER DISCOVERY REPORT AND PLANNING

A. The parties shall report to the Court on the status of discovery and proposals for additional discovery at a hearing scheduled for February 26, 2009. Between February 6 and 26, 2009, the parties shall meet and confer to discuss the timing for completion of the production of electronic files that are not readily available pursuant to paragraphs I.A, B, D, E and F, and the next stage of discovery they propose, taking account of the electronic data the parties produce pursuant to section I of this CMO.

B. To the extent practical, the parties shall endeavor to coordinate discovery requests so as to avoid duplicative requests by different parties on the same side. Nothing in this Order shall limit or preclude the ability and right of any party to take additional discovery after February 26, 2009, subject to any applicable orders of the Court or the Special Master.

## IV. EXCLUSIONS

  A.  The provisions of this Order allowing or requiring discovery shall not apply to any defendant that has filed, or timely does file, an objection to personal jurisdiction, while such objection is pending.

SO ORDERED:

*[signature]*

Dated: New York, New York
   December 26, 2008

Shira A. Scheindlin
U.S.D.J.