**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------X

**IN RE METHYL TERTIARY BUTYL ETHER PRODUCTS LIABILITY LITIGATION**

---------------------------------------------------------X

**Master File C.A. No. 1:00-1898**
**MDL 1358 (SAS)**
**M21-88**

**This document relates to the following cases:**

*Abrahamson v. Amerada Hess, et al.*, No. 06-cv-3753

*Albertson Water District v. Amerada Hess Corp., et al.*, No. 08-cv-9618

*American Distilling & Manufacturing Co., Inc. v. Amerada Hess Corp., et al.*, No. 04-cv-1719

*Buchanan County School Board v. Amerada Hess Corp., et al.*, No. 04-cv-03418

*California-American Water Co. v. Atlantic Richfield Co., et al.*, No. 04-cv-4974

*Capital Credit Union v. Atlantic Richfield Company, et al.*, No. 06-cv-3752

*Carle Place Water District v. Amerada Hess Corp., et al.*, No. 03-cv-10053

*Chisholm Creek Utility Authority v. Alon USA Energy, Inc., et al.*, No. 04-cv-02061

*City of Bel Aire, County of Sedgwick Water Authority v. Alon USA Energy, Inc., et al.*, No. 04-cv-02062

*City of Crystal River v. Amerada Hess Corp. et al.*, No. 07-cv-06848

*City of Dodge City, Kansas v. Alon USA Energy, Inc., et al.*, No. 04-cv-02060

*City of Fresno v. Chevron U.S.A., Inc., et al.*, No. 04-cv-04973

*City of Galva, et al. v. Alon USA Energy Inc., et al., No. 04-cv-01723*

*City of Glen Cove Water Department v. Amerada Hess Corp., et al.*, No. 08-cv-9622

*City of Homosassa Water District v. Amerada Hess, et al.*, MDLF No. 07-cv-00113

*City of Inverness Water District v. Amerada Hess Corp., et al.*, No. 07-cv-4011

*City of Lowell v. Amerada Hess Corp., et al.,* No. 05-cv-4018

*City of Marksville v. Alon USA Energy, Inc., et al.,* No. 04-cv-03412

*City of Mishawaka v. Amerada Hess Corp., et al.,* No. 04-cv-02055

*City of New York v. Amerada Hess Corp., et al,* No. 04-Civ-3417

*City of Park City, Kansas v. Alon USA Energy, Inc., et al.,* No. 04-cv-02059

*City of Riverside v. Atlantic Richfield Co., et al.,* No. 04-cv-4969

*City of Rockport v. Amerada Hess Corp., et al.,* No. 04-cv-01724

*City of Roseville v. Atlantic Richfield Co., et al.,* No. 04-cv-4971

*City of South Bend, Indiana v. Amerada Hess Corp., et al.,* No. 04-cv-02056

*City of Vineland Water-Sewer Utility v. Amerada Hess Corp., et al.,* No. 05-cv-9070

*Coffey Insurance Services v. Atlantic Richfield Company, et al.,* No. 06-cv-3570

*Commonwealth of Puerto Rico, et al. v. Shell Oil Co., et al.,* 07-cv-10470

*County of Nassau v. Amerada Hess Corp., et al.,* No. 03-cv-9543

*County of Suffolk and Suffolk County Water Authority v. Amerada Hess Corp., et al.,* No. 03-cv-5424

*Craftsbury Fire District #2 v. Amerada Hess Corp., et al.,* No. 04-cv-03419

*Crescenta Valley Water District v. Exxon Mobil Corporation, et al.,* 07-cv-9453

*Escambia County Utilities Authority v. Adcock Petroleum Inc., et al.,* No. 04-cv-1722

*Franklin Square Water District v. Amerada Hess Corp., et al.,* No. 04-cv-1281

*Freedom Sanitary District #1 v. Amerada Hess, et al.,* No. 06-cv-3751

*Greenlawn Water District v. Amerada Hess Corp., et al.*, No. 08-cv-9619

*Greensville County Water and Sewer Authority v. Amerada Hess Corp., et al.*, No. 04-cv-0854

*Hicksville Water District v. Amerada Hess Corp., et al.*, No. 04-cv-1278

*Incorporated Village of Mineola v. AGIP Inc., et al.*, No. 03-cv-10051

*Incorporated Village of Sands Point v. Amerada Hess Corp., et al.*, No. 04-cv-3416

*Long Island Water Corp. v. Amerada Hess Corp., et al.*, No. 04-cv-02068

*Manhasset-Lakeville Water District v. Amerada Hess Corporation., et al.*, No. 08-cv-7764

*Martin Silver, et al. v. Alon USA Energy, Inc., et al.*, No. 04-cv-4975

*New Jersey American Water Company, et al. v. Amerada Hess Corp., et al.*, No. 04-cv-1726

*New Jersey Department of Environmental Protection, et al. v. Atlantic Richfield Co., et al.*, No. 08 Civ. 00312

*North Newton School Corp., v. Amerada Hess Corp., et al.*, No. 04-cv-02057

*Northampton Buck County Municipal Authority v. Amerada Hess Corp., et al.*, No. 04-cv-1781

*Orange County Water District v. Unocal Corp., et al.*, 04 Civ. 4968

*Our Lady of the Rosary Chapel v. Amerada Hess Corp., et al.*, No. 04-cv-1718

*Oyster Bay Water District v. Amerada Hess Corporation., et al.*, No. 08-cv-9994

*Patrick County School Board v. Amerada Hess Corp., et al.*, No. 04-cv-02070

*People of the State of California, et al. v. Atlantic Richfield Co., et al.*, No. 04-cv-4972

*Plainview Water District v. Amerada Hess Corp., et al.*, No. 08-cv-0278

*Port Washington Water District v. Amerada Hess Corp., et al.*, No. 04-cv-03415

*Quincy Community Services District v. Atlantic Richfield Co., et al.*, No. 04-cv-4970

*Riverhead Water District v. Amerada Hess Corporation, et al.*, No. 08-cv-7766

*Roslyn Water District v. Amerada Hess Corp., et al.*, No. 04-cv-5422

*South Huntington Water District v. Amerada Hess Corp., et al.*, No. 08-cv-9621

*St. Nicholas Parish v. Atlantic Richfield Company, et al.*, No. 06-cv-3742

*State of New Mexico ex re. Patricia A. Madrid, Attorney General v. Atlantic Richfield, et al.*, No. 06-cv-380

*Tampa Bay Water v. Amerada Hess Corp., et al.*, No 07-cv-4012

*Town of Billerica, et al. v. Amerada Hess Corp., et al.*, No. 06-cv-1381

*Town of Campbellsburg v. Amerada Hess Corp., et al.*, No. 04-cv-04990

*Town of Duxbury, et al. v. Amerada Hess Corp., et al.*, No. 04-cv-01725

*Town of East Hampton v. Amerada Hess Corp., et al.*, No. 04-cv-1720

*Town of East Hampton v. Amerada Hess Corp., et al.*, No. 03-cv-10056

*Town of Freedom v. Amerada Hess, et al.*, No. 06-cv-3754

*Town of Hartland, County of Windsor v. Amerada Hess Corp., et al.*, No. 04-cv-2072

*Town of Huntington/Dix Hills Water District v. Amerada Hess Corp., et al.*, No. 08-cv-9620

*Town of Lakeville, et al. v. Atlantic Richfield Company, et al.*, No. 07-cv-8360

*Town of Matoaka, West Virginia & Matoaka Water Systems v. Amerada Hess Corp., et al.*, No. 04-cv-03420

*Town of Middleborough, et al. v. Amerada Hess Corp., et al.*, No. 06-cv-3741

*Town of Rayville v. Alon USA Energy, Inc., et al.*, No. 04-cv-03413

*Town of Southampton, the Trustees of the Freeholders and Commonality of the Town of Southampton v. AGIP Inc., et al.*, No. 03-cv-10054

*Town of Wappinger v. Amerada Hess Corp., et al.*, No. 04-cv-2388

*United Water Connecticut v. Amerada Hess Corp., et al.*, No. 04-cv-1721

*United Water New York v. Amerada Hess Corp., et al.*, No. 04-cv-2389

*Village of Hempstead v. AGIP Inc.*, et al., No. 03-cv-10055

*Village of Island Lake v. Amerada Hess Corp., et al. (f/k/a City of Crystal Lake, et al.)*, No. 04-cv-02053

*Village of Pawling v. Amerada Hess Corp., et al.*, No. 04-cv-2390

*Water Authority of Great Neck North v. Amerada Hess Corp., et al.*, No. 04-cv-01727

*Water Authority of Western Nassau v. Amerada Hess Corp., et al.*, No. 03-cv-9544

*West Hempstead Water District v. AGIP Inc., et al.*, No. 03-cv-10052

*Westbury Water District v. AGIP Inc., et al.*, No. 03-cv-10057

## SUGGESTION OF BANKRUPTCY

**TO THE COURT, ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE BE ADVISED** that on January 6, 2009, Defendants Lyondell Chemical Company and Equistar Chemicals, LP (collectively, the "Lyondell Defendants") and each of their affiliates listed in the attached Schedule 1 (collectively, the "Debtors") commenced a bankruptcy reorganization case in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") by filing a voluntary petition under chapter 11 of title 11

of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"). The Debtors' chapter 11 cases are now pending before the Honorable Robert E. Gerber, United States Bankruptcy Judge, and are being jointly administered under the caption *In re Lyondell Chemical Company*, Chapter 11 Case No. 09-10023(REG).

**PLEASE BE FURTHER ADVISED** that as of the commencement of the Debtors' chapter 11 cases, this action has been automatically stayed as against Lyondell Defendants. Pursuant to section 362 of the Bankruptcy Code, the filing of a bankruptcy petition automatically stays, "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under [chapter 11], or to recover a claim against the debtor that arose before the commencement of the case under [chapter 11]" and "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the [bankruptcy case]." 11 U.S.C. § 362(a)(1), (6).

**PLEASE BE FURTHER ADVISED** that on January 7, 2009, the Bankruptcy Court entered an *Order Pursuant to Sections 105(a), 362 and 365 of the Bankruptcy Code Enforcing and Restating Automatic Stay and Ipso Facto Provisions* [Docket No. 64], a copy of which is attached as Exhibit A, staying, restraining and enjoining all persons (including individuals, partnerships, corporations, and other entities and all those acting on their behalf) and governmental units (whether of the United States, any state or locality therein) from, among other things, commencing or continuing any judicial, administrative, or other action or proceeding against the Debtors that was or could have been commenced before the commencement of the Debtors' chapter 11 cases or recovering a claim against the Debtors that

arose before the commencement of the Debtors' chapter 11 cases, or enforcing, against the Debtors or against property of their estates, a judgment or order obtained before the commencement of the Debtors' chapter 11 cases.

**PLEASE BE FURTHER ADVISED** that additional information regarding the status of the Debtors' chapter 11 cases may be obtained by visiting the website maintained by the claims and noticing agent retained by the Debtors, at http://chapter11.epiqsystems.com, or by contacting counsel for the Debtors, Cadwalader, Wickersham & Taft LLP, One World Financial Center, New York, New York 10281, (212) 504-6000 (Attn: Andrew M. Troop, Esq. and Peter M. Friedman, Esq.).

Dated: January 9, 2009

**BLANK ROME LLP**

Alan J. Hoffman (AH 1658)
Jeffrey S. Moller (JM 0711)
John J. DiChello (JD 2567)
One Logan Square
18th and Cherry Streets
Philadelphia, Pennsylvania 19103
(215) 569-5500

*Attorneys for Defendants, Lyondell Chemical Company and Equistar Chemicals, LP*

**SCHEDULE 1**

**Chapter 11 Case No. 09-10023 (REG)**

**List of Debtors**

Basell Finance USA Inc.
Basell Germany Holdings GmbH
Basell North America Inc.
Basell USA Inc.
Circle Steel Corporation
Duke City Lumber Company, Inc.
Equistar Chemicals, LP
Equistar Transportation Company, LLC
Glidco Leasing, Inc.
Glidden Latin America Holdings Inc.
HOISU Ltd.
Houston Refining LP
HPT 28 Inc.
HPT 29 Inc.
H.W. Loud Co.
IMWA Equities II, Co., L.P.
ISB Liquidating Company
LBI Acquisition LLC
LBIH LLC
LeMean Property Holdings Corporation
Lyondell (Pelican) Petrochemical L.P. 1, Inc.
Lyondell Asia Pacific, Ltd.
Lyondell Chemical Company
Lyondell Chemical Delaware Company
Lyondell Chemical Espana Co.
Lyondell Chemical Europe, Inc.
Lyondell Chemical International Co.
Lyondell Chemical Nederland, Ltd.
Lyondell Chemical Products Europe, LLC
Lyondell Chemical Properties, L.P.
Lyondell Chemical Technology Management, Inc.
Lyondell Chemical Technology 1 Inc.
Lyondell Chemical Technology, L.P.
Lyondell Chimie France LLC
Lyondell-Equistar Holdings Partners
Lyondell Europe Holdings Inc.
Lyondell Greater China, Ltd.
Lyondell Houston Refinery Inc.
Lyondell LP3 GP, LLC
Lyondell LP3 Partners, LP
Lyondell LP4 Inc.
Lyondell Petrochemical L.P. Inc.
Lyondell Refining Company LLC
Lyondell Refining I LLC
LyondellBasell Advanced Polyolefins USA Inc.
LyondellBasell Finance Company
MHC Inc.
Millennium America Holdings Inc.
Millennium America Inc.
Millennium Chemicals Inc.
Millennium Holdings, LLC
Millennium Petrochemicals GP LLC
Millennium Petrochemicals Inc.
Millennium Petrochemicals LP LLC
Millennium Petrochemicals Partners, LP
Millennium Realty Inc.
Millennium Specialty Chemicals Inc.
Millennium US Op Co LLC
Millennium Worldwide Holdings I Inc.
MWH South America LLC
National Distillers & Chemical Corporation
NDCC International II Inc.
Nell Acquisition (US) LLC
Penn Export Company, Inc.
Penn Navigation Company
Penn Shipping Company, Inc.
Penntrans Company
PH Burbank Holdings, Inc.
Power Liquidating Company, Inc.
Quantum Acceptance Corporation
SCM Plants, Inc.
Suburban Propane GP, Inc.
Tiona, Ltd.
UAR Liquidating Inc.
USI Chemicals International, Inc.
USI Credit Corp.
USI Puerto Rico Properties, Inc.
Walter Kidde & Company, Inc.
Wyatt Industries, Inc.

**CERTIFICATE OF SERVICE**

I, Alan J. Hoffman, hereby declare under penalty of perjury that a true and correct copy of the foregoing Suggestion of Bankruptcy was served this 9th day of January, 2009, upon liaison counsel for Plaintiffs and Defendants by electronic mail and upon all other counsel via Lexis-Nexis File and Serve.

ALAN J. HOFFMAN

**EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| LYONDELL CHEMICAL COMPANY, et al., | Case No. 09-10023 (REG) |
| Debtors. | Jointly Administered |

**ORDER PURSUANT TO SECTIONS 105(a), 362 AND 365 OF THE BANKRUPTCY CODE ENFORCING AND RESTATING AUTOMATIC STAY AND IPSO FACTO PROVISIONS**

Upon the motion (the "Motion") of Lyondell Chemical Company and certain of its subsidiaries and affiliates, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), for an order pursuant to sections 105(a), 362 and 365 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), enforcing and restating the automatic stay and ipso facto provisions of the Bankruptcy Code; and upon consideration of the Affidavit of Alan S. Bigman pursuant to rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York, sworn to on January 6, 2009; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and the relief being requested being in the best interests of the Debtors and their estates and creditors; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at the hearing before the Court (the "Hearing"); and the Court having

determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor; it is hereby

**ORDERED** that the Motion is granted as set forth herein; and it is further

**ORDERED** that, subject to the exceptions to the automatic stay contained in section 362(b) of the Bankruptcy Code and the right of any party in interest to seek relief from the automatic stay in accordance with section 362(d) of the Bankruptcy Code, all persons (including individuals, partnerships, corporations, and other entities and all those acting on their behalf) and governmental units, whether of the United States, any state or locality therein or any territory or possession thereof, or any foreign country (including any division, department, agency, instrumentality or service thereof and all those acting on their behalf), are hereby stayed, restrained and enjoined from:

(a) commencing or continuing (including the issuance or employment of process) any judicial, administrative, or other action or proceeding against the Debtors that was or could have been commenced before the commencement of the Debtors' chapter 11 cases or recovering a claim against the Debtors that arose before the commencement of the Debtors' chapter 11 cases;

(b) enforcing, against the Debtors or against property of their estates, a judgment or order obtained before the commencement of the Debtors' chapter 11 cases;

(c) taking any action to obtain possession of property of the Debtors' estates or to exercise control over property of the estates or interfere in any way with the conduct by the Debtors of their businesses, including, without limitation, attempts to interfere with deliveries or events or attempts to seize or reclaim any equipment, supplies or other assets the Debtors use in their businesses;

(d) taking any action to create, perfect, or enforce any lien against property of the Debtors' estates;

(e) taking any action to create, perfect, or enforce against property of the Debtors any lien to the extent that such lien secures a claim that arose prior to the commencement of the Debtors' chapter 11 cases;

(f) taking any action to collect, assess, or recover a claim against the Debtors that arose prior to the commencement of the Debtors' chapter 11 cases;

(g) offsetting any debt owing to the Debtors that arose before the commencement of the Debtors' chapter 11 cases against any claim against the Debtors; and

(h) commencing or continuing any proceeding before the United States Tax Court concerning the Debtors, subject to the provisions of 11 U.S.C. § 362(b);

and it is further

**ORDERED** that, pursuant to sections 362 and 365 of the Bankruptcy Code, and subject to any relevant provisions or exceptions provided for in the Bankruptcy Code, notwithstanding a provision in a contract ("Contract") or lease ("Lease") or any applicable law, all persons are hereby stayed, restrained and enjoined from terminating or modifying any and all Contracts and Leases to which the Debtors are party or signatory, at any time after the commencement of these cases because of a provision in such Contract or Lease that is conditioned on the (i) insolvency or financial condition of the Debtors at any time before the closing of these cases; or (ii) commencement of these cases under the Bankruptcy Code. Accordingly, all such persons are required to continue to perform their obligations under such Leases and Contracts during the postpetition period; and it is further

**ORDERED** that nothing in this Order or the Motion shall constitute a rejection or assumption by the Debtors, as debtors-in-possession, of any executory contract or unexpired lease; and it is further

**ORDERED** that, in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and applicable law, upon request of a party in interest, and after notice and a hearing, this Court may grant relief from the restraints imposed herein in the event that it is necessary, appropriate and warranted to terminate, annul, modify or condition the injunctive relief herein.

Dated: New York, New York
*January 7, 2009*

*S/ Robert E. Gerber*
UNITED STATES BANKRUPTCY JUDGE