UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In Re: Methyl Tertiary Butyl Ether ("MTBE")      Master File C.A. No.
Products Liability Litigation                    1:00-1898 (SAS)
                                                 MDL 1358

This document refers to:

*New Jersey Department of Environmental Protection v. Amerada Hess Corp, et al*
1:08-CV-00312

## NOTICE OF VOLUNTARY DISMISSAL PURSUANT TO FED. R. CIV. P. 41(a)(1)(A)

## AND STIPULATION AS TO WESTERN REFINING, INC.

WHEREAS, Plaintiffs, the New Jersey Department of Environmental Protection, the

Commissioner of the New Jersey Department of Environmental Protection, and the

Administrator of the New Jersey Spill Compensation Fund ("the Plaintiffs") served Western

Refining, Inc. ("Western") with the Second Amended Complaint in the above-captioned action

("this Action") on October 16, 2007;

WHEREAS, Scott D. Weaver, Chief Administrative Officer of Western, executed a

Declaration on November 21, 2007 (the "Weaver Declaration," attached hereto as Exhibit A);

WHEREAS, the Weaver Declaration confirms, *inter alia*, that: (a) Western is a holding

company that has never manufactured, sold, or distributed methyl tertiary butyl ether ("MTBE")

or any products containing MTBE; (b) Western has never shipped any product through any

pipeline; (c) Western has never delivered any product to New Jersey; (d) Western has never had

employees, sales personnel, sales force, agents, or brokers in New Jersey; (e) Western has never

had bank accounts in New Jersey; (f) Western has never advertised in New Jersey; (g) Western

has never solicited business from residents in New Jersey; (h) Western has never been registered

or otherwise qualified to do business in New Jersey; (i) Western has never appointed an agent for service of process in New Jersey; (j) Western has never paid income, property, or use taxes to the State of New Jersey; and (k) Western has never sold any products or generated any revenue from sales to New Jersey companies or residents;

WHEREAS Western Refining filed a Motion to Dismiss currently pending before the Court.

IT IS HEREBY NOTICED THAT this Action as to Defendant Western is dismissed, without prejudice, pursuant to *Fed. R. Civ. P.* 41(a)(1)(A)(i); and

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned parties, that:

1. Western agrees to cooperate with, subject to proper objections, and timely respond to any subpoenas propounded upon Western by Plaintiffs.

2. The Plaintiffs reserve their right to further amend their complaint at any time to assert claims against Western, or to file a new judicial or administrative action to assert claims against Western arising out of allegations regarding MTBE contamination, if the Plaintiffs determine through discovery in this Action that any statement in the Weaver Declaration is materially false or inaccurate.

3. To the extent the Plaintiffs exercise their right to further amend the complaint in this Action against Western or to file a new judicial or administrative action to assert claims against Western, Western further covenants not to assert, plead, or raise in any fashion, whether by answer, motion, or otherwise, any defense or avoidance based on the statute of limitations, repose, laches, estoppel, preclusion, waiver, res judicata, Entire Controversy Doctrine, or other similar defenses

concerning timeliness of commencing or duplication of a judicial or
administrative action. Western expressly reserves the right to raise any defense
on the grounds of the running of the statute of limitations, repose, laches,
estoppel, preclusion, waiver, res judicata, Entire Controversy Doctrine, or other
similar defense(s) to the extent that such defense(s) would have been available to
Western as of the filing of the original complaint on June 28, 2007.

4. This Notice of Voluntary Dismissal and Stipulation does not in any way
   constitute, and shall not be construed as, an admission or acknowledgement by the
   Plaintiffs that any legal or equitable defense, including those based upon
   statute of limitations, repose or laches, is applicable to the Plaintiffs' claims
   that have been, or may be, asserted in this Action.

5. The Plaintiffs and Western agree that the Plaintiffs shall be responsible for
   their own costs and attorneys' fees based upon this Notice of Voluntary
   Dismissal and Stipulation regardless of whether the Plaintiffs further amend
   the complaint, or file a new judicial or administrative action to assert claims
   being voluntarily dismissed herein. If any court requires Plaintiffs to pay any
   costs and/or attorneys' fees of this Action to Western based upon this Notice
   of Voluntary Dismissal and Stipulation, Western agrees to indemnify and hold
   harmless the Plaintiffs for such costs and/or attorneys' fees.

6. Nothing herein shall preclude the commencement of any judicial or
   administrative action by the Plaintiffs under any federal or state law to protect
   public health and safety or the environment.

7. This Notice of Voluntary Dismissal and Stipulation does not limit in any way

the nature or scope of any claims that the Plaintiffs could bring in any future judicial or administrative action against Western.

8. This Notice of Voluntary Dismissal and Stipulation is not intended to and shall not affect any claims by or against any parties other than the Plaintiffs and Western.

9. The Plaintiffs and Western agree that the covenants under this Notice of Voluntary Dismissal and Stipulation constitute adequate and sufficient consideration.

10. This Notice of Voluntary Dismissal and Stipulation contains the entire agreement between the Plaintiffs and Western, and no statements, promises, or conditions made by any party or agent of any party to this Notice of Voluntary Dismissal and Stipulation that is not contained herein shall be valid or binding. This Notice of Voluntary Dismissal and Stipulation may not be modified except by written agreement signed by all the Plaintiffs and Western.

11. This Notice of Voluntary Dismissal and Stipulation shall be governed by the laws of the State of New Jersey.

12. The undersigned representatives of the Plaintiffs and Western certify that they are fully authorized to enter into the terms and conditions of this Notice of Voluntary Dismissal and Stipulation, and to execute and bind such parties to this Notice of Voluntary Dismissal and Stipulation.

4

COHN, LIFLAND, PEARLMAN, HERMANN
& KNOPF, L.L.P.
Attorneys for Plaintiffs
Special Counsel to the Attorney General

By:_____/s/_____

Barry A. Knopf, Esq.
Special Counsel to the
Attorney General

Dated: January 23, 2009

ANNE MILGRAM
ATTORNEY GENERAL OF NEW JERSEY
Attorney for Plaintiffs

By:_____/s/_____

Richard F. Engel
Deputy Attorney General

Dated: January 23, 2009

LAW OFFICES OF JOHN K. DEMA, P.C.
Attorneys for Plaintiffs
Special Counsel to the Attorney General

By:_____/s/_____

Scott E. Kauff, Esq.
Special Counsel to the
Attorney General

Dated: January 23, 2009

WILLIAMS MULLEN, P.C.

By:_____/s/_____

Clement D. Carter, Esq.
Counsel for Defendant Western Refining, Inc.

Dated: January 23, 2009

**SO ORDERED:**

_____
**U.S.D.J.**

5

## **DECLARATION OF SERVICE**

I, Clement D. Carter, hereby declare under penalty and perjury of law that a true copy of

the foregoing Notice of Voluntary Dismissal Pursuant Fed. R. Civ. P. 41(a)(1)(A) was served

upon all counsel via Lexis Nexis File & Serve in MDL 1358, on this the 23rd day of January,

2009.

/s/

Clement D. Carter

# EXHIBIT A

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION, et al., | ) Civil Action No.: 07-5284 (AET)(JJH) )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) |
| ATLANTIC RICHFIELD CO., et al., | )<br>) |
| Defendants | )<br>) |

## DECLARATION OF SCOTT D. WEAVER

I, Scott D. Weaver, being duly sworn, depose and state as follows:

1.    I am the Chief Administrative Officer of Western Refining, Inc. ("Western Refining"). I am authorized to make this Declaration on behalf of Western Refining in my corporate capacity and as a result of my personal knowledge.

2.    The statements made herein are based upon my personal knowledge.

3.    I am knowledgeable concerning current and historic business operations and the organizational structure of Western Refining. This information is accurate to the best of my knowledge and understanding.

4.    Western Refining is a corporation organized on September 19, 2005, and existing under the laws of the State of Delaware, having its principal and sole place of business in El Paso, Texas.

5.    Western Refining is a holding company which has never manufactured, sold or distributed any products, including MTBE or products containing MTBE.

1

6. Western Refining does not and has never shipped any product through any pipeline.

7. Western Refining has never delivered any product to New Jersey.

8. Western Refining does not have and has never had offices, facilities, property, a mailing address, or a telephone number in New Jersey.

9. Western Refining does not have and has never had employees, sales personnel, sales force, agents or brokers in New Jersey.

10. Western Refining does not have and has never had bank accounts in New Jersey.

11. Western Refining does not advertise and has never advertised in New Jersey.

12. Western Refining does not solicit and has never solicited business from residents of New Jersey.

13. Western Refining is not and has never been registered or otherwise qualified to do business in New Jersey.

14. Western Refining has not appointed an agent for service of process in New Jersey.

15. Western Refining has not paid income, property or use taxes to the State of New Jersey.

16. Western Refining has not sold *any* products or generated *any* revenue from sales to New Jersey companies or residents.

2

I, Scott D. Weaver, declare under penalty of perjury, as provided for by the laws of the

United States, 28 U.S.C. § 1746, that the foregoing statements are true and correct.

Executed in El Paso, Texas on November 21, 2007.

Scott D. Weaver
Chief Administrative Officer

3