UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In Re: Methyl Tertiary Butyl Ether ("MTBE")
Products Liability Litigation

**This document pertains to:**

*City of Merced Redevelopment Agency v.
ExxonMobil Corp. et al.*, No. 08-CV-6306

Master File No. 1:00-1898
MDL 1358 (SAS)
M21-88

# DEFENDANTS' SUPPLEMENTAL BRIEF REQUESTING THAT THE COURT STAY ANY ORDER OF REMAND PENDING APPEAL

# TABLE OF AUTHORITIES

**CASES**

*Aliota v. Graham*, 984 F.2d 1350 (3d Cir. 1993) ................................................................. 3

*Bank of N.Y. Co. v. Northeast Bancorp., Inc.*, 9 F.3d 1065 (2d Cir. 1993) ........................ 5

*Brannon v. Babcock & Wilcox Co. (In re TMI Litig. Cases Consol. II)*, 940 F.2d 832 (3d Cir. 1991) ................................................................................................................. *passim*

*Daniels v. City of New York*, 138 F. Supp. 2d 562 (S.D.N.Y. 2001) ................................ 5

*McNally v. Port Auth. of N.Y. & N.J. (In re World Trade Ctr. Disaster Site)*, 414 F.3d 352 (2d Cir. 2005) .............................................................................................................. 2, 4

*Midland Asphalt Corp. v. United States*, 489 U.S. 794 (1989) ......................................... 4

*Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.2d 127 (2d Cir. 2006) ........ 1, 2, 3

*Nutter v. Monongahela Power Co.*, 4 F.3d 319 (4th Cir. 1993) ........................................ 2

*Osborn v. Haley*, 549 U.S. 225 (2007) .............................................................................. 2

*Rep. of Venezuela v. Philip Morris, Inc.*, 287 F.3d 192 (D.C. Cir. 2002) ......................... 3

*Ryan v. Dow Chem. Co.*, 781 F. Supp. 934 (E.D.N.Y. 1992) ........................................... 3

*Spagnuolo v. Port. Auth.*, 245 F. Supp. 2d 521 (S.D.N.Y. 2002) ..................................... 3

*Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336 (1976) ..................................... 2

**STATUTES**

28 U.S.C. § 2403(a) ............................................................................................................ 1

Energy Policy Act of 2005, Pub. L. No. 109-58, § 1503 ................................................ 1, 4

Federal Rule of Appellate Procedure 8(a)(1) .................................................................. 1, 5

The Court has suggested that Congress may have exceeded its constitutional authority by conferring federal jurisdiction over MTBE-based claims via the removal provision of the Energy Policy Act of 2005, Pub. L. No. 109-58, 119 Stat. 594 ("EPACT"). Defendants have shown that § 1503 of EPACT is constitutional and that remand to the state courts of California would be improper. At the MDL status conference on February 26, 2009, the Court afforded the parties an opportunity to address whether, if the Court orders remand, it "ought to stay [that order] for appellate review because it involves a constitutional question." *See* 2/26/09 Tr. at 33:3-6. The answer is "yes": if the Court remands, it should stay execution of any remand order so that Defendants may pursue appellate review. *See* Fed. R. App. P. 8(a)(1).

As Defendants explain below, a remand order in this case would be subject to immediate appellate review. *See Brannon v. Babcock & Wilcox Co. (In re TMI Litig. Cases Consol. II)*, 940 F.2d 832, 848 (3d Cir. 1991) (remand orders appealable if premised on the unconstitutionality of a statute purporting to confer federal jurisdiction); *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.2d 127, 130 n.1 (2d Cir. 2006) (appealable remand order is a collateral order under 28 U.S.C. § 1291). Ultimately, the propriety of appellate jurisdiction is for the Second Circuit to decide. But given the importance of the constitutional question, the Court should take all available steps to preserve the *status quo* and facilitate appellate review.[1] A stay does just that.

---

[1] As the Court correctly noted at the status conference, the Attorney General has a statutory right to intervene when, as here, "the constitutionality of any Act of Congress affecting the public interest is drawn in question." 28 U.S.C. § 2403(a). The Court already has placed the Attorney General on notice of the issue and invited his intervention. *See* 2/27/09 Letter from Court to E. Holder, Attorney General (Doc. No. 26).

I.  **ANY REMAND ORDER WOULD INVOLVE A CONSTITUTIONALITY DETERMINATION AND, AS SUCH, WOULD BE APPEALABLE.**

    A.  **28 U.S.C. § 1447(d)'s Prohibition on Appeals of Remand Orders Extends Only to Remand Orders Under 28 U.S.C. § 1447(c).**

Both the Supreme Court and Second Circuit recognize that 28 U.S.C. § 1447(d) "precludes appeal only of remand orders authorized by section 1447(c)." *Mitskovski*, 435 F.2d at 131 (citing *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 711-12 (1996)). Congress did not "intend[] to extend carte blanche authority to the district courts to revise the federal statutes governing removal by remanding cases on grounds that seemed justifiable to them but which are not recognized by the controlling statute." *Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 351 (1976) (holding that § 1447(d) did not preclude appellate review of an order remanding a case solely because of the district court's crowded docket).

    B.  **A Remand Order Based on the Unconstitutionality of Congress's Explicit Grant of Jurisdiction in EPACT Would Not Fall Under § 1447(c).**

"Ordinarily, when the plaintiff moves to remand a removed case for lack of subject-matter jurisdiction, the federal district court undertakes a threshold inquiry; typically the court determines whether complete diversity exists or whether the complaint raises a federal question." *Osborn v. Haley*, 549 U.S. 225, 243 (2007). In those instances, § 1447(d) bars appeal. But when a jurisdictional challenge presents "extraordinary circumstances" – a challenge to the congressional authority to establish a federal question, for example – the "seemingly unequivocal language of section 1447(d), may . . . give way to permit appellate consideration . . . ." *TMI*, 940 F.2d at 841; *see also McNally v. Port Auth. of N.Y. & N.J. (In re World Trade Ctr. Disaster Site)*, 414 F.3d 352, 369-70 (2d Cir. 2005) (recognizing *TMI* holding but finding it inapplicable to case involving no challenge to constitutionality of jurisdictional statute).[2]

---

[2] Other courts analyzing §§ 1447(c) and (d) recognize *TMI's* holding as a "recognized exception[] to § 1447(d)." *Nutter v. Monongahela Power Co.*, 4 F.3d 319, 323 (4th Cir. 1993);

In *TMI*, the district court remanded certain removed actions to state court despite a federal statute, the Price-Anderson Amendments Act of 1988, 42 U.S.C. §§ 2011, *et seq.* (the "Amendments Act"), that conferred federal district courts with subject-matter jurisdiction. 940 F.2d at 835. "The district court's determination with respect to subject matter jurisdiction rested not on any failure to satisfy the jurisdictional requirements of the Amendments Act but upon the court's conclusion that the Amendments Act itself was unconstitutional." *Id.* "Underlying the remand order was the district court's holding that Congress, in purporting to create a federal forum for public liability actions through the Amendments Act, exceeded the authority granted to it by Article III, Section 2 of the United States Constitution." *Id.*

The Third Circuit held that "despite its jurisdictional component," the district court's ruling was not the type of jurisdictional determination encompassed by § 1447(c). *Id.* at 844. In contrast to routine determinations of whether Congress intended to convey subject-matter jurisdiction over a particular action, "[i]t could not be clearer that Congress intended that there be federal jurisdiction over" the claims at issue in *TMI*. *Id.* The *TMI* court thus drew a sharp distinction between remand orders that avoid appellate review and remand orders that are subject to appellate review: "In order to fall within sections 1447(c) and 1447(d), a remand order must be based upon a finding that removal was ***not authorized*** by Congress." *Id.* at 845 (emphasis added). But when jurisdiction *is* authorized by Congress, and the dispute turns on a conflict between the jurisdictional statute and Article III, the dispute does not implicate § 1447(c), so § 1447(d) does not prohibit an appeal. *Id.*

The *TMI* court recognized that a contrary result "would produce an unacceptable and unintended shift in the allocation of judicial power between federal and state courts." *Id.* It

---

see also *Rep. of Venezuela v. Philip Morris, Inc.*, 287 F.3d 192, 197 (D.C. Cir. 2002); *Aliota v. Graham*, 984 F.2d 1350, 1357 (3d Cir. 1993); *Spagnuolo v. Port Auth.*, 245 F. Supp. 2d 521, 522 (S.D.N.Y. 2002); *Ryan v. Dow Chem. Co.*, 781 F. Supp. 934, 952-53 (E.D.N.Y. 1992).

would "assault[] the orderly review process of the federal courts which Congress established so long ago" by making "district courts the final arbiters of the constitutionality of federal statutes." *Id.* at 846. "Because remand orders premised upon section 1447(c) are absolutely unreviewable, on appeal or otherwise, a district court's constitutional determination, if couched in terms of section 1447(c) and followed by a remand order, could *never* be reviewed," and there would be no vehicle for reaching a judicial consensus on the constitutionality question. *Id.* (emphasis in original). It is simply "inconceivable" that "congress intended that a party be entitled to review a district court's order remanding a case . . . on the grounds that its own docket is overcrowded," as was the case in *Thermtron*, "but be unable to challenge a district court ruling that the statute which specifically provides for federal jurisdiction is unconstitutional." *Id.*

Here, there is no dispute that Congress conferred jurisdiction over claims, such as those alleged in this case, "related to allegations involving actual or threatened contamination of" MTBE. *See* § 1503 of EPACT. Thus, if the Court were to hold that it lacks jurisdiction, its holding would necessarily be premised on a constitutionality determination, which falls outside the appellate bar of § 1447(d). Defendants would have the right to appeal that holding.[3]

## II. EVEN IF THIS COURT QUESTIONS THE RIGHT TO APPEAL, IT SHOULD STAY ANY REMAND ORDER SO THE SECOND CIRCUIT CAN DECIDE.

Of course, whether Defendants may appeal is for the Second Circuit to decide. *See McNally*, 414 F.3d at 370. While the Second Circuit has expressed approval of *TMI*, *see id.* at 369-70, it has not squarely addressed the issue. But given the significance of the constitutional question, this Court should stay any remand order in order to facilitate appellate review. *See*

---

[3] In *TMI*, the district court certified the issue for interlocutory appeal under 28 U.S.C. § 1292(b). *See* 940 F.2d at 836. But later cases establish that certification would be unnecessary here: "If an order granting a remand is subject to appellate review, it is now clear that review may be obtained by appeal under the collateral order doctrine." *Mitskovski*, 435 F.3d at 130 n.1 (citing *Quackenbush*, 517 U.S. at 711-14). A "collateral order" constitutes a "final order" for purposes of 28 U.S.C. § 1291. *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798 (1989).

Fed. R. App. P. 8(a)(1).

Defendants meet the four criteria for a stay under Rule 8(a)(1).[4]  First, if the Court remands this case before the Second Circuit can review that remand, it may be difficult (or even impossible) to implement an appellate mandate reversing it, thus establishing the irreparable harm that Defendants may suffer in the absence of a stay.  *Cf., e.g., Bank of N.Y. Co. v. Northeast Bancorp., Inc.*, 9 F.3d 1065, 1067 (2d Cir. 1993) (focusing on ability to "restore the *status quo*"). Defendants have found no cases addressing the power of a federal appellate court to order a state court to return a remanded action to a federal district court, but the problem is eminently avoidable through a stay.  Second, a stay will cause injury to no party; to the contrary, a stay will preserve the *status quo* and avoid the legal wrangling that might otherwise result.  Third, Defendants have a substantial possibility of success on appeal, for the reasons expressed in their response to the Court's Order to Show Cause.

Finally, a stay also is in the public interest, as it will obviate any concerns about the potential waste of state-court resources.  Indeed, in *TMI*, the district court stayed the remand order "in order to maximize the opportunity for appellate review," and by doing so ensured that there would be "no interference with the expenditure of state judicial resources." *See* 940 F.2d at 847.  This Court should do the same.

## CONCLUSION

As Defendants have explained, the Court has jurisdiction under EPACT and should not remand this case to the California state courts.  But if the Court holds otherwise, then it should stay execution of any remand order pending Defendants' appeal.

---

[4] In deciding whether to grant a stay, the courts within this district consider: (1) whether the movant will suffer irreparable injury absent a stay, (2) whether a party will suffer substantial injury if a stay is issued, (3) whether the movant has demonstrated a substantial possibility, although less than a likelihood, of success on appeal, and (4) the public interests that may be affected. *See Daniels v. City of New York*, 138 F. Supp. 2d 562, 564 (S.D.N.Y. 2001).

DATED: March 11, 2009                    Respectfully submitted,

*[signature]*

Peter John Sacripanti (PS 8968)
James A. Pardo (JP 9018)
Stephen J. Riccardulli (SR 7784)
Lauren E. Handel (LH 0755)
McDermott Will & Emery LLP
340 Madison Avenue
New York, NY 10017-4613
Tel. (212) 547-5400
Fax (212) 547-5444

*Counsel for Defendant Exxon Mobil Corporation and on behalf of all named defendants.*

## CERTIFICATE OF SERVICE

Lisa A. Gerson, pursuant to 28 U.S.C. 1746, hereby declares under penalty of perjury, that on the 11th day of March, 2009, I caused to be served by electronic means upon Plaintiff's liaison counsel and all counsel via Lexis Nexis File and Serve, a true and correct copy of *DEFENDANTS' SUPPLEMENTAL BRIEF REQUESTING THAT THE COURT STAY ANY ORDER OF REMAND PENDING APPEAL.*

_____
Lisa A. Gerson