UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X
        :
IN RE: METHYL TERTIARY BUTYL  :
ETHER ("MTBE") PRODUCTS       :    CASE MANAGEMENT
LIABILITY LITIGATION               :    ORDER # 48
-------------------------------------------------------  :
        :    Master File No. 1:00-1898
This document relates to:          :    MDL 1358 (SAS)
        :    M21-88
*All Cases*                                     :
------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/16/09

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

        This Order memorializes the rulings made during the status conference held on February 26, 2009.

1.    In the *New Jersey* and *Puerto Rico* cases, the parties shall meet and confer in order to submit a joint pre-trial scheduling order at the next status conference.

2.    In the *City of New York* case, the City seeks an order from this Court finding a limited waiver of Shell's assertion of attorney-client privilege with respect to certain documents identified on its privilege logs. The City is directed to submit a proposed order and accompanying memorandum stating the history of Shell's various privilege logs and its erroneous assertions of privilege (or work product) and identifying by category the deficiencies in the logs

1

resulting in waiver. In addition, the City shall provide Shell and this Court with a list of the documents for which Shell's privilege will be waived if the proposed order is granted. Shell may respond to plaintiff's submission within ten (10) days of receipt.

3. In the *City of New York* case, Shell must produce the results of its ongoing toxicological study to the City in a searchable electronic format, if Shell has one, along with any indexes that Shell has created. Both Shell and the City agreed not to introduce this study into evidence, or mention or rely on it in any way during trial, other than to mention when the study was commenced.

4. In the *City of New York* case, no expert report is required for non-retained witnesses offering expert testimony at trial. However, defendants shall inform the City by letter, no later than March 16, 2009, of the identity of such witnesses who plan to testify at trial and the nature of the opinions each such witness will proffer at trial. Any dispute concerning the City's right to depose such a witness concerning the opinions he or she will offer is referred to Special Master Warner.

5. In the *City of Merced* case, the parties will submit simultaneous letter briefs, by March 11, 2009, on whether a remand would be subject to appellate review and, if so, whether this Court should stay any order to remand.

6. By consent of the parties, the *Village of Hempstead* and *West Hempstead Water District* cases are governed by Pre-Trial Order 19.

7. In the *Village of Hempstead* and *West Hempstead Water District* cases, all deadlines in the pre-trial schedules are extended by 60 days, beginning with the March 16, 2009 deadline for the completion of fact discovery.

8. In the *City of New York* case, defendants are granted a two-week extension of their time to file an expert report on water utility economics. The City will have a two-week extension to file its expert report in response. Defendants' time to file a dispositive motion based on this report will not be extended. By contrast, if the City states that it must rely on its expert's responsive report in order to respond to the motion, this Court may grant a two-week extension on the City's time to respond to the motion.

9. In the *City of New York* case, the City shall confirm, no later than March 12, 2009, that it has produced all records regarding leaks from City-owned and operated underground storage tanks.

10. In the *Orange County Water District* case, for those claims where the District derived the accrual date based on MTBE detections in offsite monitoring wells, the District must disclose, no later than March 12, 2009, the well at which the relevant detection was made, the date of the detection,

and the level of the detection. The parties shall jointly propose a schedule, no later than the next status conference, for any supplemental briefing on the pending statute of limitations motion.

11. The next status conference is scheduled for April 2, 2009 at 10 a.m.

SO ORDERED:

*signature*

Shira A. Scheindlin
U.S.D.J.

Dated: New York, New York
March 16, 2009

## -Appearances-

**Liaison Counsel for Plaintiffs:**

Robin Greenwald, Esq.
Robert Gordon, Esq.
Weitz & Luxenberg, P.C.
180 Maiden Lane
New York, New York  10038
Tel: (212) 558-5500
Fax: (212) 344-5461

**Liaison Counsel for Defendants:**

Peter John Sacripanti, Esq.
James A. Pardo, Esq.
McDermott Will & Emery LLP
50 Rockefeller Plaza, 11th Floor
New York, New York  10020
Tel: (212) 547-5583
Fax: (212) 547-5444