UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
In Re:  Methyl Tertiary Butyl Ether ("MTBE")                  Master File C.A. No.
       Products Liability Litigation                                    1:00-1898 (SAS)
-------------------------------------------------------------------X   MDL 1358
This document related to:

*City of New York v. Amerada Hess Corporation, et al.,*
[04 Civ. 3417]
*Suffolk County Water Authority v. Amerada Hess, et al.*
[04 Civ 5424]
*United Water New York Inc. v. Amerada Hess, et al*
[04 Civ. 2389]


-------------------------------------------------------------------X

### PLAINTIFFS' OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST JOINT INTERROGATORIES CONCERNING MARKET SHARE CLAIMS IN NEW YORK FOCUS CASES

Plaintiffs, by and through their attorneys, make the following Objections and Responses to Defendants' First Joint Interrogatories Concerning Market Share Claims in New York Focus Cases ("Defendants' Interrogatories"):

### **OBJECTIONS, LIMITATIONS AND RESERVATIONS**

1. Plaintiffs object to the "Definitions" and "Instructions" set forth in Defendants' Interrogatories to the extent they differ from the requirements set forth in the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York, including Local Rule 26.3 or any Order of this Court.

2. Plaintiffs object to Defendants' Interrogatories to the extent they seek information or documents outside the scope of discovery permissible under the Federal Rules of Civil Procedure or any Order of this Court.

1

3. Plaintiffs object to Defendants' Interrogatories to the extent that they seek documents or information covered by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. None of plaintiffs' responses are intended as, or should be construed as, a waiver of relinquishment of any part of the protections afforded by the attorney-client privilege, the work product doctrine, or any other applicable privileges or immunities.

4. Plaintiffs object to Defendants' Interrogatories to the extent they seek information or documents that are not in the possession, custody or control of plaintiffs.

5. Plaintiffs object to Defendants' Interrogatories to the extent that they contain vague or ambiguous terms or are overly broad, unduly burdensome and oppressive, and not reasonably calculated to lead to the discovery of admissible evidence.

6. Plaintiffs reserve their rights to supplement or amend its responses to include newly-found responsive information or documents, as provided for in Fed. R. Civ. P. 26 or any Order of this Court.

7. Plaintiffs object to Defendants' Interrogatories to the extent that they seek information and documents relating to the opinions of expert witnesses, whose disclosure is governed by Fed. R. Civ. P. 26, or any Order of this Court.

8. Plaintiffs provide these responses to Defendants' Interrogatories solely for purposes of this action. All responses are subject to the confidentiality agreement imposed by the Court.

9. Plaintiffs object to Defendants' Interrogatories to the extent that they seek Plaintiffs' knowledge, views, awareness or opinions without defining whose knowledge, views, awareness or opinions within the corporation they are seeking, on the grounds of

vagueness and on the grounds that such Interrogatory Request assumes and/or seeks to impute the knowledge, views, awareness, or opinions of a particular employee to plaintiff.

10.     These General Objections, Limitations and Reservations apply to each Interrogatory as though restated in full therein.

## INTERROGATORIES

### Interrogatory No. 1

**Identify all wells at issue in this case with respect to which you are seeking damages based on a theory of market share liability.**

### Response:

Plaintiffs object to this Interrogatory on the grounds that it is premature, calls for expert opinion, and seeks privileged attorney work product. Subject to these Objections and to the Objections set forth in paragraphs 1-10 above, plaintiffs respond as follows: Plaintiffs cannot respond to this Interrogatory until defendants first fully respond to outstanding and forthcoming discovery pertaining to market share liability, commingled product market share liability, alternative liability, and the proof standards set forth in the Court's August 2006 causation opinion. At this time plaintiffs may seek damages based on a theory of market share liability for any well contaminated with MTBE, or, in addition, the cases of *City of New York* or *United Water New York*, any wells threatened by MTBE contamination.

### Interrogatory No. 2

**For each well identified in response to the previous Interrogatory, identify each defendant that you contend is liable on a theory of market share liability.**

**Response:**

See Response to Interrogatory No. 1.

**Interrogatory No. 3**

**Identify all wells at issue in this case with respect to which you are seeking damages based on a theory of commingled product market share liability.**

**Response:**

Plaintiffs object to this Interrogatory on the grounds that it is premature, calls for expert opinion, and seeks privileged attorney work product. Subject to these Objections and to the Objections set forth in paragraphs 1-10 above, plaintiffs respond as follows: Plaintiffs cannot respond to this Interrogatory until defendants first fully respond to outstanding and forthcoming discovery pertaining to market share liability, commingled product market share liability, alternative liability, and the proof standards set forth in the Court's August 2006 causation opinion. At this time plaintiffs may seek damages based on a theory of commingled product market share liability for any well contaminated with MTBE, or, in addition, in the cases of *City of New York* or *United Water New York*, any wells threatened by MTBE contamination.

**Interrogatory No. 4**

**For each well identified in response to the previous Interrogatory, identify each defendant that you contend is liable on a theory of commingled product market share liability.**

**Response:**

See Response to Interrogatory No. 3.

**Interrogatory No. 5**

**For each well at issue in this case with respect to which you are seeking damages based on an alternative theory of liability, describe fully all efforts by you or on your behalf to identify the source of the contaminations and the persons**

4

responsible for the contamination. **In answering this Interrogatory, state the dates of all such efforts as to each well, and identify separately for each such well the Bates-numbers of all documents reflecting or memorializing any such efforts.**

Response:

See Response to Interrogatory No. 1.

**Interrogatory No. 6:**

**For each well with respect to which you are seeking damages based on an alternative theory of liability, explain fully why you have been unable to recover compensation or the damages you have incurred.**

Response:

Plaintiffs object to this Interrogatory on the grounds that it is premature, calls for expert opinion, and seeks privileged attorney work product. Subject to these Objections and to the Objections set forth in paragraphs 1-10 above, plaintiffs respond as follows: Plaintiffs cannot respond to this Interrogatory until defendants first fully respond to outstanding and forthcoming discovery pertaining to market share liability, commingled product market share liability, alternative liability, and the proof standards set forth in the Court's August 2006 causation opinion. At this time plaintiffs may seek damages based on theories of alternative liability for any well contaminated with MTBE, or, in addition, in the cases of *City of New York* or *United Water New York*, any wells threatened by MTBE contamination.

**Interrogatory No. 7:**

**With respect to each well identified in response to Interrogatory No. 1, describe and define what you contend is the relevant market. In answering this Interrogatory:**

- **Define the relevant geographical dimensions of the market (e.g., is the capture zone of the well, the outer geographic perimeters of your service area, New York Harbor, the State of New York, etc.?);**

5

- **Describe the vertical dimensions of the market (e.g., does the market include companies at every level of the distribution chain, such as neat MTBE-producers, refiners, importers, blenders, distributors, pipeline operators, terminal operators, rack-marketers, jobbers, and service station operators, etc.?); and**

- **Identify the relevant time frame for the market (e.g., is it the entire period 1979-2004, the period during which a gasoline release occurred that contaminated each well, the period that detections were reported in a well, etc.?).**

<u>Response:</u>

See Response to Interrogatory No. 1.

<u>**Interrogatory No. 8**</u>

With respect to each market or markets described in response to the previous Interrogatory, identify (by name, address and telephone number) all persons and entities at each level of the distribution chain for gasoline, and state the dates that each person or entity was a participant in the market.

<u>Response:</u>

See Response to Interrogatory No. 7.

<u>**Interrogatory No. 9**</u>

With respect to the market you described in response to Interrogatory No. 7, explain fully how to calculate a company's market share for purposes of imposing market share liability. In answering this Interrogatory No. 1, explain how to take into account the geographic, temporal and vertical dimensions of the market, and whether and how to account for different percentages of MTBE and TBA contained in the gasoline produced by different companies.

<u>Response:</u>

See Response to Interrogatory No. 7.

<u>**Interrogatories No. 10**</u>

For each well identified in response to Interrogatory No. 1, state each defendant's market share based on your definition of the relevant market and your methodology for computing market share. Show your computations.

**Response:**

See Response to Interrogatory No. 1.

**Interrogatories No. 11**

For each well identified in response to Interrogatory No. 3, state each defendant's market share based on your definition of the relevant market and your methodology for computing market share. Show your computations.

**Response:**

See Response to Interrogatory No. 3.

**Interrogatory No. 12**

The Court stated in its August 16, 2006 opinion: "if plaintiffs can identify the actual parties that contaminated a particular well, they may be able to rely on the traditional theory of concurrent wrongdoing, including joint and several liability, when seeking to recover damages for injuries to that well." *In Re MTBE Prod. Liab. Litig.*, MDL 1358, Slip Op. at 28 n.68(S.D.N.Y. Aug 16, 2006). Identify all wells at issue in this case with respect to which you are seeking damages on this basis.

**Response:**

Plaintiffs object to this Interrogatory on the grounds that it is premature, calls for expert opinion, and seeks privileged attorney work product. Subject to these Objections and to the Objections set forth in paragraphs 1-10 above, plaintiffs respond as follows: Plaintiffs cannot respond to this Interrogatory until defendants first fully respond to outstanding and forthcoming discovery pertaining to market share liability, commingled product market share liability, alternative liability, and the proof standards set forth in the Court's August 2006 causation opinion. At this time plaintiffs may seek damages based on traditional theories of concurrent wrong, including joint and several liability for any

7

well contaminated with MTBE, or, in addition, in the cases of *City of New York* or *United Water New York*, any wells threatened by MTBE contamination.

**Interrogatory No. 13**

For each well identified in response to Interrogatory No. 12, identify each defendant whom you contend contaminated the well and, for each defendant so identified, describe the factual basis for your claim that the defendant contaminated the well. Answer separately for each well.

**Response:**

See Response to Interrogatory No. 12.

Dated: October 25, 2006
       New York, New York

*/s/ Steven J. German*
Steven J. German (SG-9876)
Robin L. Greenwald
WEITZ & LUXENBERG, P.C.
180 Maiden Lane, 17th Floor
New York, New York 10038
(212) 558-5500

Scott Summy
Cary McDougal
BARON & BUDD, P.C.
3102 Oak Lawn Avenue
Suite 1100
Dallas TX 75219-4281

Scott Pasternack
Environmental Division
New York City Law Department
100 Church Street
New York, New York 10007-2601

**ATTORNEYS FOR PLAINTIFFS**

## DECLARATION OF SERVICE

I, April J. Warner, hereby declare under perjury of law that a true copy of Plaintiffs'

**PLAINTIFFS' OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST JOINT INTERROGATORIES CONCERNING MARKET SHARE CLAIMS IN NEW YORK FOCUS CASES**

was served via e-mail, pursuant to Judge Shira A. Schiendlin's Case Management Order dated April 1, 2004 [Section IV], upon Bethany Davis Noll, Court Clerk, and Peter Sacripanti, Esq., to serve upon the defense attorneys in his capacity as liaison counsel and via LNFS, on the 25th day of October, 2006.

_____
APRIL J. WARNER