

20186623

Jun 10 2008
4:50PM

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

| | |
|---|---|
| IN RE:  METHYL TERTIARY BUTYL ETHER ("MTBE") PRODUCTS LIABILITY LITIGATION | **CITY OF NEW YORK'S REVISED SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST JOINT INTERROGATORY NOS. 1-7, 9, 12-13 CONCERNING MARKET SHARE CLAIMS IN NEW YORK FOCUS CASES** |
| This documents relates to: | |
| *City of New York v. Amerada Hess Corporation, et al.,* 04 Civ. 3417 (SDNY) | |
| | Master File No. 1:00-1898 |
| | MDL 1358 (SAS) |
| ------------------------------------------------------------------ x | M21-88 |

In light of the Court's Opinion and Order, dated May 13, 2008, published at 2008 U.S. Dist. LEXIS 38792 (the "Opinion"), the City of New York (the "City"), by and through its attorneys, makes the following Revised Supplemental Objections and Responses ("Revised Response") to Defendants' First Joint Interrogatories Concerning Market Share Claims in New York Focus Cases (collectively, "Defendants' Interrogatories" and, individually, an "Interrogatory"). These Revised Responses substitute entirely for the previously served City of New York's Supplemental Objections and Responses to Defendants' First Joint Interrogatories Concerning Market Share Claims in New York Focus Cases, dated February 5, 2008, and City of New York's Further Supplemental Response and Objections to Joint Interrogatory No. 7 Concerning Market Share Claims in New York Focus Cases, dated May 7, 2008.

## GENERAL STATEMENT

1.      By responding to any Interrogatory, the City does not concede the materiality of the subject to which it refers. The City's responses are made expressly subject to, and without waiving or intending to waive, any questions, or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the documents or information produced, or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

2.      The City objects to Defendants' Interrogatories to the extent that they demand documents and/or information which are protected by the attorney-client privilege, work-product privilege, or deliberative process privilege, or which constitute material prepared for litigation purposes.

3.      The term "Opinion" refers to the Court's Opinion and Order, dated May 13, 2008, published at 2008 U.S. Dist. LEXIS 38792.

4.      Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document or any other document, or its subject matter, or the information contained therein, or of the City's right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

5.      The City objects in the entirety to any request for information or production from entities not represented by the Corporation Counsel of the City of New York.

6.      The City objects to any request for information or production to the extent that such requests pertain to a time period prior to the City's acquisition of the Jamaica Water Supply Company and for which the City does not possess responsive historical information or

for which it would be unduly burdensome for the City to seek out and obtain responsive historical information.

7.     The City objects in the entirety to any request for information or production of documents outside the scope of discovery permissible under the Federal Rules of Civil Procedure or any order of this Court.

8.     The City reserves the right to further supplement and revise its responses to these requests with additional information, if and when such information becomes available to the City's counsel.  The City also reserves the right to object to the future disclosure of any such information.

## SUPPLEMENTAL INTERROGATORY RESPONSES

**Interrogatory No. 1:**

**Identify all wells at issue in this case with respect to which you are seeking damages based on a theory of market share liability.**

**Revised Supplemental Response No. 1:**

In light of the Opinion's statement that "market share liability need not be applied in this case to prove plaintiffs' claims, and indeed the theory may not even be applicable on these facts," the City is no longer seeking damages based on the theory of market share liability. *See* Opinion, 2008 U.S. Dist. LEXIS 38792, at * 17.

Interrogatory No. 2:

For each well identified in response to the previous Interrogatory, identify each defendant that you contend is liable on a theory of market share liability.

Revised Supplemental Response to Interrogatory No. 2:

Given that no wells were identified in the Further Supplemental Response to Interrogatory No. 1, this Interrogatory No. 2 is not applicable.

Interrogatory No. 3:

Identify all wells at issue in this case with respect to which you are seeking damages based on a theory of commingled product market share liability.

Revised Supplemental Response to Interrogatory No. 3:

The City replies to this interrogatory as if the term "commingled product market share liability" now refers to the term "commingled product theory" set forth in the Opinion. At this time, the City seeks damages for all wells at issue in *City of New York v. Amerada Hess, et al.*, 04 Civ. 3417 (SAS) (the "City's Case") based on the commingled product theory espoused in the Opinion from which defendants have the ability and burden to exculpate themselves.

Interrogatory No. 4:

For each well identified in response to the previous Interrogatory, identify each defendant that you contend is liable on a theory of commingled product market share liability.

Revised Supplemental Response to Interrogatory No. 4:

The City replies to this interrogatory as if "commingled product market share liability" now refers to the term "commingled product theory" set forth in the Opinion. At this time, the

City contends that all defendants named in the Fourth Amended Complaint in the City's Case are liable on the commingled product theory set forth in the Opinion unless a defendant can exculpate itself in accordance with the Opinion.

**Interrogatory No. 5:**

**For each well at issue in this case with respect to which you are seeking damages based on an alternative theory of liability, describe fully all efforts by you or on your behalf to identify the source of the contaminations and the persons responsible for the contamination. In answering this Interrogatory, state the dates of all such efforts as to each well, and identify separately for each such well the Bates-numbers of all documents reflecting or memorializing any such efforts.**

**Revised Supplemental Response to Interrogatory No. 5:**

The City objects to this Interrogatory as seeking privileged attorney work product and prematurely calling for an expert report on product tracing before an expert discovery schedule has been negotiated among the parties.

**Interrogatory No. 6:**

**For each well with respect to which you are seeking damages based on an alternative theory of liability, explain fully why you have been unable to recover compensation or the damages you have incurred.**

**Revised Supplemental Response to Interrogatory No. 6:**

The City objects to this Interrogatory on the grounds that it seeks privileged attorney work product, is not reasonably calculated to lead to the discovery of admissible evidence, and calls for speculation. The City further objects to the Interrogatory because it implies that the City has an obligation to seek compensation or damages in a manner other than through the City's Case when no such obligation exists. Subject to these specific objections and the General Statement set forth in paragraphs 1-8 above, the City responds as follows:

The City has been unable to recover compensation or the damages it has incurred because the City's Case is still ongoing.

## Interrogatory No. 7:

**With respect to each well identified in response to Interrogatory No. 1, describe and define what you contend is the relevant market. In answering this Interrogatory:**

- **Define the relevant geographical dimensions of the market (e.g., is the capture zone of the well, the outer geographic perimeters of your service area, New York Harbor, the State of New York, etc.?);**

- **Describe the vertical dimensions of the market (e.g., does the market include companies at every level of the distribution chain, such as neat MTBE-producers, refiners, importers, blenders, distributors, pipeline operators, terminal operators, rack-marketers, jobbers, and service station operators, etc.?); and**

- **Identify the relevant time frame for the market (e.g., is it the entire period 1979-2004, the period during which a gasoline release occurred that contaminated each well, the period that detections were reported in a well, etc.?).**

## Revised Supplemental Response to Interrogatory No. 7:

The City objects to this Interrogatory as seeking privileged attorney work product and prematurely calling for an expert report before an expert discovery schedule has been negotiated among the parties. Subject to these specific objections and the General Objections set forth in paragraphs 1-8 above, the City responds as follows:

The City adopts the definition of the market set forth in the Opinion. However, because the Court has indicated at note 72 of the Opinion that apportionment by proof of a defendant's share of the market at the time of injury is premature, the City continues to need to seek responses to market allocation discovery served in November 2006. *See City of New York's*

-6-

*Second Set of Interrogatories and Requests for Production of Documents to All Defendants*, dated November 14, 2006 ("City's Second Interrogatories"), at Interrogatory Nos. 1-13. Most defendants with relevant information in their possession, custody, or control either (a) did not provide full responses and reserved the right to supplement but have yet to supplement or (b) referred the City to voluminous pages of documents with which those defendants are far more familiar than the City and, therefore, would have a much lesser burden citing the specific pages that provide the information requested in the City's Second Interrogatories. Throughout 2007, the parties in the Suffolk matter pursued several approach to obtaining such market share discovery. Among the avenues pursued – a discovery conference before Special Master Warner that led to revised interrogatories from the Suffolk County plaintiffs to which defendants did not fully cure prior problems with their responses; a chart requesting barrels of gasoline delivered in and out of certain Suffolk County terminals by each defendant; a Court order for defendants to disclose market share reports including certain documents provided confidentially to the Energy Information Administration and Environmental Protection Agency; a chart requesting whether each defendant was part of the Suffolk County market during certain years (the "yes/no" chart); and a Court order for defendants to provide certain volume information – the most promising avenues appear to have been the "yes/no" chart and volume information set forth in the two different Court orders.

In the Supplemental Interrogatory Responses, dated February 5, 2008, the City provided a chart at Attachment A that sought to combine these requests, thereby simplifying responses to the aforementioned Interrogatory Nos. 1-13 and avoiding unnecessary motion practice. However, following a subsequent meet-and-confer process with defense counsel from February 2008 to April 2008, the City agreed to draft production-focused interrogatories instead of using

the chart to obtain the information. The City further revised those interrogatories in June 2008 in

response to the Opinion and a request from defense counsel.

**Interrogatory No. 9:**

**With respect to the market you described in response to Interrogatory No. 7, explain fully how to calculate a company's market share for purposes of imposing market share liability. In answering this Interrogatory No. 9, explain how to take into account the geographic, temporal and vertical dimensions of the market, and whether and how to account for different percentages of MTBE and TBA contained in the gasoline produced by different companies.**

**Revised Supplemental Response to Interrogatory No. 9:**

Given that the City states above in its Revised Supplemental Response to Interrogatory

No. 1 that the City no longer seeks damages on the basis of market share liability, this

Interrogatory No. 9 is not applicable.

**Interrogatory No. 12:**

**The Court stated in its August 16, 2006 opinion: "if plaintiffs can identify the actual parties that contaminated a particular well, they may be able to rely on the traditional theory of concurrent wrongdoing, including joint and several liability, when seeking to recover damages for injuries to that well."** *In Re MTBE Prod. Liab. Litig.,* **MDL 1358, Slip Op. at 28 n.68(S.D.N.Y. Aug 16, 2006). Identify all wells at issue in this case with respect to which you are seeking damages on this basis.**

**Revised Supplemental Response to Interrogatory No. 12:**

The City objects to this Interrogatory as seeking privileged attorney work product and

prematurely calling for an expert report on product tracing before an expert discovery schedule

has been negotiated among the parties.

**Interrogatory No. 13:**

For each well identified in response to Interrogatory No. 12, identify each defendant whom you contend contaminated the well and, for each defendant so identified, describe the factual basis for your claim that the defendant contaminated the well. Answer separately for each well.

**Revised Supplemental Response to Interrogatory No. 13:**

As the City has not yet identified any wells in response to Interrogatory No. 12, this

Interrogatory No. 13 is not applicable at this time.

Dated: New York, New York
       June 10, 2008

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
Attorney for Plaintiff City of New York
100 Church Street, Room 6-145
New York, New York 10007
(212) 676-8517

By: _____
     SCOTT PASTERNACK (SP3293)
     Senior Counsel

## CERTIFICATE OF SERVICE VIA LEXISNEXIS FILE & SERVE

I, Scott Pasternack, hereby declare under penalty of perjury under the laws of the State of New York that a true copy of **PLAINTIFF CITY OF NEW YORK'S REVISED SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST JOINT INTERROGATORY NOS. 1-7, 9, 12-13 CONCERNING MARKET SHARE CLAIMS IN NEW YORK FOCUS CASES** is being served via LexisNexis File & Serve on all parties on this 10th day of June, 2008.

SCOTT PASTERNACK