LEXISNEXIS FILE & SERVE
23007455
Dec 19 2008
6:31PM

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x
In Re: Methyl Tertiary Butyl Ether ("MTBE")
Products Liability Litigation

---------------------------------------------------------------------- x

**This document relates to the following case:**

*City of New York* v. *Amerada Hess Corp., et al.*, 04 Civ. 3417

PLAINTIFF CITY OF NEW
YORK'S RESPONSES AND
OBJECTIONS TO
DEFENDANTS'
CONTENTION
INTERROGATORIES AND
DOCUMENT REQUESTS
ON CAUSATION,
THEORIES OF LIABILITY
AND APPORTIONMENT
OF DAMAGES

MDL No.1358
Master File C.A. No.
1:00-1898 (SAS)

Plaintiff City of New York ("the City"), by its attorneys, Michael A. Cardozo, Corporation Counsel of the City of New York, and Sher Leff LLP, hereby responds to Defendants' ("Defendants'") Contention Interrogatories and Document Requests on Causation, Theories of Liability and Apportionment of Damages, dated November 19, 2008, as follows:

## GENERAL OBJECTIONS AND LIMITATIONS

1. The City objects to this entire set of Contention Interrogatories and Document Requests as unduly burdensome, unreasonable and oppressive. This unreasonable set of contention interrogatories and document requests was served by Defendants simultaneously with 12 other sets of contention interrogatories, requests for admission and document requests served by other defendants in this case on November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable discovery contains over 240 separate contention interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City

22.     These General Objections and Limitations apply to each interrogatory and document request as though fully restated in the response thereto.

## RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 1

Identify which of the Defendants You contend caused the alleged Damages at each of the Wells at issue.

### RESPONSE TO INTERROGATORY NO. 1:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Interrogatory as unduly burdensome. Specifically, this Interrogatory was served by Defendants simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendants.

The City also objects to this Interrogatory to the extent that it calls for premature disclosure of expert opinion, and seeks privileged attorney work product. The City further objects to this Interrogatory to the extent that topics related to this Interrogatory will be the subjects of expert testimony, which is governed by the rules concerning expert disclosures, relevant Court Orders and the Parties' agreements. The City further objects to this Interrogatory on the grounds that it seeks information that is equally available to Defendants, including, but not limited to, information from publicly available reports and databases, information contained in Defendants' own discovery responses and/or testimony given by Defendants' own witnesses in connection with this and/or similar litigation to which Defendants were and/or are parties.

The City further objects to this Interrogatory on the ground that a complete and accurate response might require analyses of additional spill reports and records, site remediation files, groundwater and plume modeling, and Defendants' expert analyses, which have not been fully produced by Defendants. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of Defendants' responses to the City's discovery requests, including without limitation responses related to product distribution, commingled product liability, alternative liability and other proof standards set forth in the Court's Orders, including but not limited to the Court's May 13, 2008 Summary Judgment Opinion in *County of Suffolk*, et al., *v. Amerada Hess Corp.* et al, 04 Civ. 5424, which have not been fully produced by Defendants. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of Defendants' responses to Court-ordered disclosures regarding product distribution, successor liability and other matters, which

have not been fully responded to by Defendants. The City reserves its right to request that the Court order Defendants to answer their own Interrogatory to the extent it seeks information from the City which Defendants themselves have withheld. *See, e.g.*, Case Management Order # 31 in *County of Suffolk, et al., v. Amerada Hess Corp. et al*, 04 Civ. 5424 and the October 31, 2007 MDL Hearing Transcript at pp. 68-71. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of documents responsive to recently issued third-party subpoenas by certain defendants to pipeline companies and others, which have not yet been responded to by the relevant third-parties. The City reserves its right to amend this Response as it receives this information.

Subject to and without waiving its general and specific objections, the City responds as follows: the City refers Defendants to the Fourth Amended Complaint, which is incorporated by reference as if set forth in full here.

### INTERROGATORY NO. 2

For each Defendant You contend caused the alleged Damages at each of the Wells at issue, identify all facts that you contend prove that the particular Defendant caused the alleged Damages at each specific Well.

### RESPONSE TO INTERROGATORY NO. 2:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Interrogatory as unduly burdensome. Specifically, this Interrogatory was served by Defendants simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendants.

The City also objects to this Interrogatory to the extent that it calls for premature disclosure of expert opinion, and seeks privileged attorney work product. The City further objects to this Interrogatory to the extent that topics related to this Interrogatory will be the subjects of expert testimony, which is governed by the rules concerning expert disclosures, relevant Court Orders and the Parties' agreements. The City further objects to this Interrogatory on the grounds that it seeks information that is equally available to Defendants, including, but not limited to, information from publicly available reports and databases, information contained in Defendants' own discovery responses and/or testimony given by Defendants' own witnesses in connection with this and/or similar litigation to which Defendants were and/or are parties.

The City further objects to this Interrogatory on the ground that a complete and accurate response might require analyses of additional spill reports and records, site remediation files, groundwater and plume modeling, and Defendants' expert analyses, which have not been fully

produced by Defendants. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of Defendants' responses to the City's discovery requests, including without limitation responses related to product distribution, commingled product liability, alternative liability and other proof standards set forth in the Court's Orders, including but not limited to the Court's May 13, 2008 Summary Judgment Opinion in *County of Suffolk*, et al., *v. Amerada Hess Corp.* et al, 04 Civ. 5424, which have not been fully produced by Defendants. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of Defendants' responses to Court-ordered disclosures regarding product distribution, successor liability and other matters, which have not been fully responded to by Defendants. The City reserves its right to request that the Court order Defendants to answer their own Interrogatory to the extent it seeks information from the City which Defendants themselves have withheld. *See, e.g.*, Case Management Order # 31 in *County of Suffolk*, et al., *v. Amerada Hess Corp.* et al, 04 Civ. 5424 and the October 31, 2007 MDL Hearing Transcript at pp. 68-71. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of documents responsive to recently issued third-party subpoenas by certain defendants to pipeline companies and others, which have not yet been responded to by the relevant third-parties. The City reserves its right to amend this Response as it receives this information.

The City further objects to this Interrogatory on the ground that it seeks the premature disclosure of the City's Exhibit Lists and Deposition Designations, before such disclosure is due in circumvention of Court Orders and the Parties' agreements and is also unduly burdensome and oppressive for that reason. The City also objects to this Interrogatory on the basis that it seeks "all facts" as being unduly burdensome, over broad, oppressive and not generally within the practical capabilities of a party to respond.

Subject to and without waiving its general and specific objections, the City responds as follows: the City refers Defendants to the Fourth Amended Complaint, which is incorporated by reference as if set forth in full here.

### INTERROGATORY NO. 3

State whether You invoke or rely on any or all of the following theories of alternative liability to prove causation or to establish that any or all Defendants are liable for the alleged Damages at any or all of the Wells at issue:

    A.    the market share theory of liability;
    B.    the commingled product theory of liability; and/or
    C.    some other theory of alternative liability.

### RESPONSE TO INTERROGATORY NO. 3:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Interrogatory as unduly burdensome. Specifically, this Interrogatory was served by Defendants simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and

November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendants.

The City also objects to this Interrogatory to the extent that it calls for premature disclosure of expert opinion, and seeks privileged attorney work product. The City further objects to this Interrogatory to the extent that topics related to this Interrogatory will be the subjects of expert testimony, which is governed by the rules concerning expert disclosures, relevant Court Orders and the Parties' agreements. The City further objects to this Interrogatory on the grounds that it seeks information that is equally available to Defendants, including, but not limited to, information from publicly available reports and databases, information contained in Defendants' own discovery responses and/or testimony given by Defendants' own witnesses in connection with this and/or similar litigation to which Defendants were and/or are parties.

The City further objects to this Interrogatory on the ground that a complete and accurate response might require analyses of additional spill reports and records, site remediation files, groundwater and plume modeling, and Defendants' expert analyses, which have not been fully produced by Defendants. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of Defendants' responses to the City's discovery requests, including without limitation responses related to product distribution, commingled product liability, alternative liability and other proof standards set forth in the Court's Orders, including but not limited to the Court's May 13, 2008 Summary Judgment Opinion in *County of Suffolk*, et al., v. *Amerada Hess Corp.* et al, 04 Civ. 5424, which have not been fully produced by Defendants. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of Defendants' responses to Court-ordered disclosures regarding product distribution, successor liability and other matters, which have not been fully responded to by Defendants. The City reserves its right to request that the Court order Defendants to answer their own Interrogatory to the extent it seeks information from the City which Defendants themselves have withheld. *See, e.g.*, Case Management Order # 31 in *County of Suffolk*, et al., v. *Amerada Hess Corp.* et al, 04 Civ. 5424 and the October 31, 2007 MDL Hearing Transcript at pp. 68-71. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of documents responsive to recently issued third-party subpoenas by certain defendants to pipeline companies and others, which have not yet been responded to by the relevant third-parties. The City reserves its right to amend this Response as it receives this information.

Furthermore, the City objects to this Interrogatory as based on legally erroneous assumptions and as mischaracterizing the Court's orders and New York law. Specifically, the Interrogatory equates "market share liability" with "commingled product theory." As stated in the Court's Orders, including its May 13, 2008 Summary Judgment Opinion in *County of Suffolk*, et al., v. *Amerada Hess Corp.* et al, 04 Civ. 5424, "while still an alternative means of proving causation," *id.* at 14, "the commingled product theory is far closer to traditional causation principles than market share liability," *id* at 34.

Subject to and without waiving its general and specific objections, the City responds as follows: the City refers Defendants to the Fourth Amended Complaint, which is incorporated by reference as if set forth in full here. For further answer, the City's proof of Defendants' legal responsibility for damages will be consistent with the causation theories set forth in the Court's Orders, including without limitation the Court's May 13, 2008 Summary Judgment Opinion in *County of Suffolk*, et al., *v. Amerada Hess Corp.* et al, 04 Civ. 5424 such further Orders as the Court may issue and New York law. Consistent with the Court's Orders, the City reserves its rights to demonstrate that Defendants, and each of them, are legally responsible for the damages it suffered based on theories of alternative liability, "traditional causation principles," and/or conspiracy and concert of action.

## INTERROGATORY NO. 4

If You invoke or rely on any of the theories of alternative liability listed in Interrogatory 3, state for each theory of alternative liability the following:

- A. which Defendants You contend are liable under each theory of liability for the alleged Damages at each specific Well (please use the attached chart for Your response); and

- B. the percentage or apportionment of the alleged Damages that You contend each of the Defendants should bear or should pay under each theory of liability for each specific Well (please use the attached chart for Your response).

## RESPONSE TO INTERROGATORY NO. 4:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Interrogatory as unduly burdensome. Specifically, this Interrogatory was served by Defendants simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendants.

The City also objects to this Interrogatory to the extent that it calls for premature disclosure of expert opinion, and seeks privileged attorney work product. The City further objects to this Interrogatory to the extent that topics related to this Interrogatory will be the subjects of expert testimony, which is governed by the rules concerning expert disclosures, relevant Court Orders and the Parties' agreements. The City further objects to this Interrogatory on the grounds that it seeks information that is equally available to Defendants, including, but not limited to, information from publicly available reports and databases, information contained in Defendants'

own discovery responses and/or testimony given by Defendants' own witnesses in connection with this and/or similar litigation to which Defendants were and/or are parties.

The City further objects to this Interrogatory on the ground that a complete and accurate response might require analyses of additional spill reports and records, site remediation files, groundwater and plume modeling, and Defendants' expert analyses, which have not been fully produced by Defendants. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of Defendants' responses to the City's discovery requests, including without limitation responses related to product distribution, commingled product liability, alternative liability and other proof standards set forth in the Court's Orders, including but not limited to the Court's May 13, 2008 Summary Judgment Opinion in *County of Suffolk*, et al., v. *Amerada Hess Corp.* et al, 04 Civ. 5424, which have not been fully produced by Defendants. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of Defendants' responses to Court-ordered disclosures regarding product distribution, successor liability and other matters, which have not been fully responded to by Defendants. The City reserves its right to request that the Court order Defendants to answer their own Interrogatory to the extent it seeks information from the City which Defendants themselves have withheld. *See, e.g.*, Case Management Order # 31 in *County of Suffolk*, et al., v. *Amerada Hess Corp.* et al, 04 Civ. 5424 and the October 31, 2007 MDL Hearing Transcript at pp. 68-71. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of documents responsive to recently issued third-party subpoenas by certain defendants to pipeline companies and others, which have not yet been responded to by the relevant third-parties. The City reserves its right to amend this Response as it receives this information.

Furthermore, the City objects to this Interrogatory as based on legally erroneous assumptions. As stated in the Court's Orders, including its May 13, 2008 Summary Judgment Opinion in *County of Suffolk*, et al., v. *Amerada Hess Corp.* et al, 04 Civ. 5424, alternative liability and "traditional causation principles" are not mutually exclusive – that is to say that even if a jury determines under traditional causation principles that an identified Defendant caused the contamination in a "Well at issue," for example by owning or controlling a leaking tank that spilled gasoline into a well's capture zone, the City may still pursue "product liability or negligence claims against manufacturers for placing a dangerous product into the stream of commerce." *Id.* 33-34. Indeed, a manufacturer defendant that is also an owner/retailer defendant may be liable for damages suffered under traditional causation theories for its tortious conduct as an owner/retailer and still be liable under one or more alternative liability theories for its conduct as the manufacturer of a defective product. *See id.* The Interrogatory also incorrectly assumes that, should the City proceed under a commingled product liability theory as to a "Well at issue" it would be the City's burden to apportion fault and to exculpate Defendants who allegedly "could not have been part of the commingled gasoline spilled" at a Well at issue. As stated in the Court's May 13, 2008 Summary Judgment Opinion in *County of Suffolk*, et al., v. *Amerada Hess Corp.* et al, 04 Civ. 5424 Order, New York substantive law does not impose such an obligation. *See id.* at 14.

- 12 -

The City also objects to the instruction to "use the attached chart for Your response" as unduly burdensome, oppressive, beyond the scope of discovery permissible pursuant to this Court's orders, Local Civil Rules, and the Federal Rules of Civil Procedure.

Subject to and without waiving its general and specific objections, the City responds as follows: the City refers Defendants to the Fourth Amended Complaint, which is incorporated by reference as if set forth in full here. For further answer, the City's proof of Defendants' legal responsibility for damages will be consistent with the causation theories set forth in the Court's Orders, including without limitation the Court's May 13, 2008 Summary Judgment Opinion in *County of Suffolk*, et al., *v. Amerada Hess Corp.* et al, 04 Civ. 5424 such further Orders as the Court may issue and New York law. Consistent with the Court's Orders, the City reserves its rights to demonstrate that Defendants, and each of them, are legally responsible for the damages it suffered based on theories of alternative liability, "traditional causation principles," and/or conspiracy and concert of action.

### INTERROGATORY NO. 5

Explain specifically how You calculate the percentage or apportionment of the alleged Damages that You contend each of the Defendants should bear or should pay for each specific Well, including all facts, factors or variables You use in the calculation and whether and how you weigh each factor or variable.

### RESPONSE TO INTERROGATORY NO. 5:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Interrogatory as unduly burdensome. Specifically, this Interrogatory was served by Defendants simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendants.

The City also objects to this Interrogatory to the extent that it calls for premature disclosure of expert opinion, and seeks privileged attorney work product. The City further objects to this Interrogatory to the extent that topics related to this Interrogatory will be the subjects of expert testimony, which is governed by the rules concerning expert disclosures, relevant Court Orders and the Parties' agreements. The City further objects to this Interrogatory on the grounds that it seeks information that is equally available to Defendants, including, but not limited to, information from publicly available reports and databases, information contained in Defendants' own discovery responses and/or testimony given by Defendants' own witnesses in connection with this and/or similar litigation to which Defendants were and/or are parties.

- 13 -

The City further objects to this Interrogatory on the ground that a complete and accurate response might require analyses of additional spill reports and records, site remediation files, groundwater and plume modeling, and Defendants' expert analyses, which have not been fully produced by Defendants. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of Defendants' responses to the City's discovery requests, including without limitation responses related to product distribution, commingled product liability, alternative liability and other proof standards set forth in the Court's Orders, including but not limited to the Court's May 13, 2008 Summary Judgment Opinion in *County of Suffolk*, et al., *v. Amerada Hess Corp.* et al, 04 Civ. 5424, which have not been fully produced by Defendants. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of Defendants' responses to Court-ordered disclosures regarding product distribution, successor liability and other matters, which have not been fully responded to by Defendants. The City reserves its right to request that the Court order Defendants to answer their own Interrogatory to the extent it seeks information from the City which Defendants themselves have withheld. *See, e.g.*, Case Management Order # 31 in *County of Suffolk*, et al., *v. Amerada Hess Corp.* et al, 04 Civ. 5424 and the October 31, 2007 MDL Hearing Transcript at pp. 68-71. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of documents responsive to recently issued third-party subpoenas by certain defendants to pipeline companies and others, which have not yet been responded to by the relevant third-parties. The City reserves its right to amend this Response as it receives this information.

Furthermore, the City objects to this Interrogatory as based on legally erroneous assumptions. As stated in the Court's Orders, including its May 13, 2008 Summary Judgment Opinion in *County of Suffolk*, et al., *v. Amerada Hess Corp.* et al, 04 Civ. 5424, alternative liability and "traditional causation principles" are not mutually exclusive – that is to say that even if a jury determines under traditional causation principles that an identified Defendant caused the contamination in a "Well at issue," for example by owning or controlling a leaking tank that spilled gasoline into a well's capture zone, the City may still pursue "product liability or negligence claims against manufacturers for placing a dangerous product into the stream of commerce." *Id.* 33-34. Indeed, a manufacturer defendant that is also an owner/retailer defendant may be liable for damages suffered under traditional causation theories for its tortious conduct as an owner/retailer and still be liable under one or more alternative liability theories for its conduct as the manufacturer of a defective product. *See id.* The Interrogatory also incorrectly assumes that, should the City proceed under a commingled product liability theory as to a "Well at issue" it would be the City's burden to apportion fault and to exculpate Defendants who allegedly "could not have been part of the commingled gasoline spilled" at a Well at issue. As stated in the Court's May 13, 2008 Summary Judgment Opinion in *County of Suffolk*, et al., *v. Amerada Hess Corp.* et al, 04 Civ. 5424 Order, New York substantive law does not impose such an obligation. *See id.* at 14.

The City further objects to this Interrogatory on the ground that it seeks the premature disclosure of the City's Exhibit Lists and Deposition Designations, before such disclosure is due in circumvention of Court Orders and the Parties' agreements and is also unduly burdensome and oppressive for that reason. The City also objects to this Interrogatory on the basis that it seeks

- 14 -

"all facts, factors or variables" as being unduly burdensome, over broad, oppressive and not generally within the practical capabilities of a party to respond.

Subject to and without waiving its general and specific objections, the City responds as follows: the City refers Defendants to the Fourth Amended Complaint, which is incorporated by reference as if set forth in full here. For further answer, the City's proof of Defendants' legal responsibility for damages will be consistent with the causation theories set forth in the Court's Orders, including without limitation the Court's May 13, 2008 Summary Judgment Opinion in *County of Suffolk*, et al., *v. Amerada Hess Corp.* et al, 04 Civ. 5424 such further Orders as the Court may issue and New York law. Consistent with the Court's Orders, the City reserves its rights to demonstrate that Defendants, and each of them, are legally responsible for the damages it suffered based on theories of alternative liability, "traditional causation principles," and/or conspiracy and concert of action.

### INTERROGATORY NO. 6

If You invoke or rely on any of the theories of alternative liability listed in Interrogatory 3, state for each theory of alternative liability the method or formula, including all factors and variables, that You contend should be used to calculate the percentage or apportionment of the alleged Damages that You contend each of the Defendants should bear or should pay under each theory of liability for each specific Well, including but not limited to the following factors and variables:

A. the temporal factor, meaning for each specific Well, the beginning and end of the timeframe when the conduct of Defendants that You contend makes them liable occurred;

B. the geographic factor, meaning the places or locations where conduct occurred that You contend makes Defendants liable, and specifically the geographic scope of the manufacturing or marketing activities You contend should be used to assess or calculate liability of Defendants, whether a global market, a national market, a statewide market, or some smaller regional market;

C. the vertical factor, meaning the levels or nature of the manufacturing, distribution and/or marketing conduct that You contend makes Defendants liable, and specifically the nature of the manufacturing, distribution and/or marketing activities You contend should be used to assess or calculate liability of Defendants, whether manufacturing of neat MTBE, manufacturing of gasoline with MTBE, wholesale distribution of gasoline with MTBE, and/or retail sales of gasoline with MTBE; and

D. the allocation of liability to owners or operators of underground storage tanks, pipelines or other gasoline containers or conveyances from which spills or releases of MTBE occurred and which You allege caused the alleged Damages or impacted the Wells at issue in this action.

### RESPONSE TO INTERROGATORY NO. 6:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Interrogatory as unduly burdensome. Specifically, this Interrogatory was

served by Defendants simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendants. The City objects to this Interrogatory on the basis that it is unreasonably duplicative of Interrogatory 5.

The City also objects to this Interrogatory to the extent that it calls for premature disclosure of expert opinion, and seeks privileged attorney work product. The City further objects to this Interrogatory to the extent that topics related to this Interrogatory will be the subjects of expert testimony, which is governed by the rules concerning expert disclosures, relevant Court Orders and the Parties' agreements. The City further objects to this Interrogatory on the grounds that it seeks information that is equally available to Defendants, including, but not limited to, information from publicly available reports and databases, information contained in Defendants' own discovery responses and/or testimony given by Defendants' own witnesses in connection with this and/or similar litigation to which Defendants were and/or are parties.

The City further objects to this Interrogatory on the ground that a complete and accurate response might require analyses of additional spill reports and records, site remediation files, groundwater and plume modeling, and Defendants' expert analyses, which have not been fully produced by Defendants. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of Defendants' responses to the City's discovery requests, including without limitation responses related to product distribution, commingled product liability, alternative liability and other proof standards set forth in the Court's Orders, including but not limited to the Court's May 13, 2008 Summary Judgment Opinion in *County of Suffolk*, et al., *v. Amerada Hess Corp.* et al, 04 Civ. 5424, which have not been fully produced by Defendants. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of Defendants' responses to Court-ordered disclosures regarding product distribution, successor liability and other matters, which have not been fully responded to by Defendants. The City reserves its right to request that the Court order Defendants to answer their own Interrogatory to the extent it seeks information from the City which Defendants themselves have withheld. *See, e.g.*, Case Management Order # 31 in *County of Suffolk*, et al., *v. Amerada Hess Corp.* et al, 04 Civ. 5424 and the October 31, 2007 MDL Hearing Transcript at pp. 68-71. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of documents responsive to recently issued third-party subpoenas by certain defendants to pipeline companies and others, which have not yet been responded to by the relevant third-parties. The City reserves its right to amend this Response as it receives this information.

Furthermore, the City objects to this Interrogatory as based on legally erroneous assumptions. As stated in the Court's Orders, including its May 13, 2008 Summary Judgment Opinion in *County of Suffolk*, et al., *v. Amerada Hess Corp.* et al, 04 Civ. 5424, alternative liability and "traditional causation principles" are not mutually exclusive – that is to say that even if a jury

determines under traditional causation principles that an identified Defendant caused the contamination in a "Well at issue," for example by owning or controlling a leaking tank that spilled gasoline into a well's capture zone, the City may still pursue "product liability or negligence claims against manufacturers for placing a dangerous product into the stream of commerce." *Id.* 33-34. Indeed, a manufacturer defendant that is also an owner/retailer defendant may be liable for damages suffered under traditional causation theories for its tortious conduct as an owner/retailer and still be liable under one or more alternative liability theories for its conduct as the manufacturer of a defective product. *See id.* The Interrogatory also incorrectly assumes that, should the City proceed under a commingled product liability theory as to a "Well at issue" it would be the City's burden to apportion fault and to exculpate Defendants who allegedly "could not have been part of the commingled gasoline spilled" at a Well at issue. As stated in the Court's May 13, 2008 Summary Judgment Opinion in *County of Suffolk*, et al., *v. Amerada Hess Corp.* et al, 04 Civ. 5424 Order, New York substantive law does not impose such an obligation. *See id.* at 14. The City also objects to this Interrogatory as based on legally erroneous assumptions and as mischaracterizing the Court's orders and New York law. Specifically, the Interrogatory equates "market share liability" with "commingled product theory." As stated in the Court's Orders, including its May 13, 2008 Summary Judgment Opinion in *County of Suffolk*, et al., *v. Amerada Hess Corp.* et al, 04 Civ. 5424, "while still an alternative means of proving causation," *id.* at 14, "the commingled product theory is far closer to traditional causation principles than market share liability," *id* at 34.

The City further objects to this Interrogatory on the ground that it seeks the premature disclosure of the City's Exhibit Lists and Deposition Designations, before such disclosure is due in circumvention of Court Orders and the Parties' agreements and is also unduly burdensome and oppressive for that reason. The City also objects to this Interrogatory on the basis that it seeks "all facts, factors or variables" as being unduly burdensome, over broad, oppressive and not generally within the practical capabilities of a party to respond.

Subject to and without waiving its general and specific objections, the City responds as follows: the City refers Defendants to the Fourth Amended Complaint, which is incorporated by reference as if set forth in full here. For further answer, the City's proof of Defendants' legal responsibility for damages will be consistent with the causation theories set forth in the Court's Orders, including without limitation the Court's May 13, 2008 Summary Judgment Opinion in *County of Suffolk*, et al., *v. Amerada Hess Corp.* et al, 04 Civ. 5424 such further Orders as the Court may issue and New York law. Consistent with the Court's Orders, the City reserves its rights to demonstrate that Defendants, and each of them, are legally responsible for the damages it suffered based on theories of alternative liability, "traditional causation principles," and/or conspiracy and concert of action.

## INTERROGATORY NO. 7

State whether You contend that any Defendant is jointly and severally liable for any Damages you allege in this action, or if the conduct of any Defendant gives rise to joint and several liability for any such Damages. If so, identify each Defendant you contend is jointly and severally liable for the alleged Damages, specify the Damages to each Well for which You

contend the Defendant is allegedly jointly and severally liable, and explain the facts that You allege make that Defendant jointly and severally liable.

**RESPONSE TO INTERROGATORY NO. 7:**

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Interrogatory as unduly burdensome. Specifically, this Interrogatory was served by Defendants simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendants.

The City also objects to this Interrogatory to the extent that it calls for premature disclosure of expert opinion, and seeks privileged attorney work product. The City further objects to this Interrogatory to the extent that topics related to this Interrogatory will be the subjects of expert testimony, which is governed by the rules concerning expert disclosures, relevant Court Orders and the Parties' agreements. The City further objects to this Interrogatory on the grounds that it seeks information that is equally available to Defendants, including, but not limited to, information from publicly available reports and databases, information contained in Defendants' own discovery responses and/or testimony given by Defendants' own witnesses in connection with this and/or similar litigation to which Defendants were and/or are parties.

The City further objects to this Interrogatory on the ground that a complete and accurate response might require analyses of additional spill reports and records, site remediation files, groundwater and plume modeling, and Defendants' expert analyses, which have not been fully produced by Defendants. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of Defendants' responses to the City's discovery requests, including without limitation responses related to product distribution, commingled product liability, alternative liability and other proof standards set forth in the Court's Orders, including but not limited to the Court's May 13, 2008 Summary Judgment Opinion in *County of Suffolk*, et al., *v. Amerada Hess Corp.* et al, 04 Civ. 5424, which have not been fully produced by Defendants. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of Defendants' responses to Court-ordered disclosures regarding product distribution, successor liability and other matters, which have not been fully responded to by Defendants. The City reserves its right to request that the Court order Defendants to answer their own Interrogatory to the extent it seeks information from the City which Defendants themselves have withheld. *See, e.g.*, Case Management Order # 31 in *County of Suffolk*, et al., *v. Amerada Hess Corp.* et al, 04 Civ. 5424 and the October 31, 2007 MDL Hearing Transcript at pp. 68-71. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of documents responsive to recently issued third-party subpoenas by certain defendants to pipeline companies and others,

which have not yet been responded to by the relevant third-parties. The City reserves its right to amend this Response as it receives this information.

The City further objects to this Interrogatory on the ground that it seeks the premature disclosure of the City's Exhibit Lists and Deposition Designations, before such disclosure is due in circumvention of Court Orders and the Parties' agreements and is also unduly burdensome and oppressive for that reason.

Subject to and without waiving its general and specific objections, the City responds as follows: the City refers Defendants to the Fourth Amended Complaint, which is incorporated by reference as if set forth in full here. For further answer, the City's proof of Defendants' legal responsibility for damages, including whether particular Defendants are jointly and severally liable for damages at particular wells, will be consistent with the causation theories set forth in the Court's Orders, including without limitation the Court's May 13, 2008 Summary Judgment Opinion in *County of Suffolk*, et al., *v. Amerada Hess Corp.* et al, 04 Civ. 5424 such further Orders as the Court may issue and New York law. Consistent with the Court's Orders, the City reserves its rights to demonstrate that Defendants, and each of them, are legally responsible for the damages it suffered based on theories of alternative liability, "traditional causation principles," and/or conspiracy and concert of action.

## RESPONSES TO REQUESTS FOR PRODUCTION

### DOCUMENT REQUEST NO. 1

For each Defendant You contend caused or is liable for the alleged Damages at each of the Wells at issue, produce any and all documents that you contend prove, indicate or show that the particular Defendant caused or is liable for the alleged Damages at each specific Well.

### RESPONSE TO DOCUMENT REQUEST NO. 1:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Document Request as unduly burdensome. Specifically, this Document Request was served by Defendants simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendants.

The City also objects to this Document Request on the basis that it seeks "any and all documents that you contend prove, indicate or show that the particular Defendant caused or is liable for the

The City further objects to this Document Request on the ground that it seeks the premature disclosure of the City's Exhibit Lists and Deposition Designations before such disclosure is due in circumvention of Court Orders and is also unduly burdensome for that reason. Furthermore, City objects to this Document Request on the ground that it seeks the premature disclosure of expert-related documents, in violation of relevant Court Orders and the Parties' agreements. The City will not produce documents in response to this Request, but will instead disclose its Exhibit Lists, Deposition Designations and expert-related documents to Defendants at the appropriate times as set forth in the relevant Court Orders and in accordance with the Parties' agreements.

Dated: San Francisco, California
December 19, 2008

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
Attorney for Plaintiff City of New York
100 Church Street
New York, New York 10007
(212) 788-1568

SHER LEFF LLP
450 Mission Street, Suite 400
San Francisco, CA 94105
(415) 348-8300

By: /s/ Victor M. Sher

VICTOR M. SHER *(pro hac vice)*
TODD E. ROBINS *(pro hac vice)*
NICHOLAS G. CAMPINS *(pro hac vice)*

*Attorneys for Plaintiff City of New York*