UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE METHYL TERTIARY BUTYL ETHER PRODUCTS LIABILITY LITIGATION<br><br>This document pertains to:<br><br>*City of New York v. Hess Corp., et al.,*<br>**Case No. 04-CIV-3417** | Master File No. 1:00-1898<br>MDL 1358 (SAS), M21-88<br><br>**DEFENDANTS' RULE 56.1 STATEMENT IN SUPPORT OF THEIR MOTION TO BAR PUNITIVE DAMAGES BASED ON THE MARKET SHARE AND COMMINGLED PRODUCT THEORIES** |

Defendants submit this statement of material facts as to which there is no genuine issue to be tried pursuant to Local Rule 56.1 in support of their motion *in limine*, or in the alternative for summary judgment, to bar plaintiffs' claims for punitive damages based on the market share and commingled product theories of liability.

1.  The City of New York's latest complaint alleges that defendants are liable on a market share theory. The Fourth Amended Complaint alleges as follows:

Theories of Liability

> 64. Market share liability is an appropriate theory for liability in this case. Market share liability means that for all acts, omissions, and conduct set forth in this Complaint, and for all damages arising therefrom, each Defendant is liable to the City in an amount equal to its respective share of the United States national market for the Products defined in paragraph 54.
>
> 65. Market share liability applies to this case because identification of the manufacturer or manufacturers who produced the Products is impossible, because the MTBE in the Products is fungible, and because Defendants control a substantial share of the market for the Products.
>
> 66. Identification is impossible because Defendants trade, barter, or otherwise exchange their Products with one another such that even when the source of an MTBE plume is identified, the identity of the manufacturers or manufacturers of the products forming the plume cannot be determined.

*4th Am. Compl. p. 13.*

2.   The City states affirmatively that it "cannot" identify the defendants whose products caused the alleged harm. *Id.* ¶ 66. As noted, the City's latest complaint states: "identification of the manufacturer or manufacturers who produced the Products is <u>impossible</u>, because the MTBE in the Products is fungible ...." *Id.* ¶ 65 (emphasis added).

3.   In October 2006, the City along with the plaintiffs in two other cases (*Suffolk* and *United Water New York*) responded to interrogatories concerning market share issues by objecting that all of defendants' requests were "premature, call[ed] for expert opinion, and [sought] privileged attorney work product." *Plfs' Objections and Responses to Defs' Joint Interrogatories Concerning Market Share Claims in New York Focus Cases* (Oct. 25, 2006) (attached as Exhibit A to *Declaration of Richard Wallace with Exhibits in Support of Defendants' Motion To Bar Punitive Damages Based on the Market Share and Commingled Product Theories*). The City refused to provide any substantive answers.

4.   In June 2008, the City served supplemental responses that said, *inter alia*, "[i]n light of the Court's opinion [on the commingled product theory in the *Suffolk* case issued in May 2008], ... the City is no longer seeking damages based on the theory of market share liability" and that "[a]t this time, the City seeks damages for all wells at issue ... based on the commingled product theory...." *City of NY's Revised Supplemental Responses and Objections to Defs' First Joint Interrogatory Nos. 1-7, 9, 12-13* (June 10, 2008) (attached as Exhibit B to *Declaration of Richard Wallace with Exhibits in Support of Defendants' Motion To Bar Punitive Damages Based on the Market Share and Commingled Product Theories*).

5.   In December 2008, the City served responses to additional interrogatories and document requests regarding causation, market share liability and the commingled product theory. The City refused to provide substantive responses except to refer to the allegations set

forth in its latest complaint. *Plf City of NY's Responses and Objections to Defs' Contention Interrogatories and Doc. Requests on Causation, Theories of Liability and Apportionment of Damages* (Dec. 19, 2008) (attached as Exhibit C to *Declaration of Richard Wallace with Exhibits in Support of Defendants' Motion To Bar Punitive Damages Based on the Market Share and Commingled Product Theories*). In the December 2008 responses, the City answered a question asking which theory of liability it invokes by stating "the City refers Defendants to the Fourth Amended Complaint [which asserts the market share theory].... For further answer, the City's proof of Defendants' legal responsibility for damages will be consistent with the causation theories set forth in the Court's Orders ..., such further orders as the Court may issue and New York law." Exhibit C, Response 3. The City recently committed to supplement its latest discovery responses, but it has not done so yet.

6. The City's latest complaint prays for "a judgment against all Defendants awarding the City [*inter alia*] punitive damages in an amount to be determined at trial ...." *4th Am. Compl. pp. 36-37*.

7. In response to discovery requests for evidence that would support an award of punitive damages against any defendant, the City merely referred defendants to its latest complaint. *See Plf City of NY's Responses and Objections to Certain Defs' First Set of Interrogatories and Doc Requests Regarding Punitive Damages* (Dec. 19, 2008) (attached as Exhibit D to *Declaration of Richard Wallace with Exhibits in Support of Defendants' Motion To Bar Punitive Damages Based on the Market Share and Commingled Product Theories*).

Dated:   March 20, 2009

                        Respectfully submitted,

                        _____
                        Richard E. Wallace, Jr.
                        Peter C. Condron
                        WALLACE KING DOMIKE & REISKIN PLLC
                        2900 K Street, N.W.
                        Washington, D.C.  20007
                        Telephone:  (202) 204-1000
                        Facsimile:  (202) 204-1001

                        Attorneys for Defendants Equilon Enterprises LLC, Motiva Enterprises LLC, Shell Oil Company, Shell Oil Products Company LLC d/b/a Shell Oil Products Company, Shell Petroleum, Inc., Shell Trading (US) Company, TMR Company f/k/a Texaco Refining and Marketing Inc., Texaco Refining and Marketing (East) Inc., Texaco Inc., Chevron Environmental Corp. and Chevron U.S.A. Inc.

                        On behalf of Defendants listed on Appendix A