**UNITED STATES DISTRICT COURT**
**SOUTHERN  DISTRICT OF NEW YORK**
-------------------------------------------------- X
                                                    :
IN RE: METHYL TERTIARY BUTYL                        :
ETHER ("MTBE") PRODUCTS                             :     **CASE MANAGEMENT**
LIABILITY LITIGATION                                :     **ORDER # 52**
-------------------------------------------------- :
                                                    :     **Master File No. 1:00-1898**
This document relates to:                           :     **MDL 1358 (SAS)**
                                                    :     **M21-88**
*All Cases*                                         :
-------------------------------------------------- X

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

This Order memorializes the rulings made during the status

conference held on April 2, 2009.

1.    In the *New Jersey* case, plaintiff shall identify, not later than April 10, 2009,

      every discovery request to which it objects on the ground that the request

      calls for site-specific discovery.  If the parties are unable to resolve any

      dispute, they may bring the matter to this Court for resolution.  Plaintiff

      shall provide non-site-specific discovery by May 15, 2009.

2.    In the *City of New York* case, the City shall respond to Shell's motion to

      exclude punitive damages by April 30, 2009 and Shell shall reply by May

      11, 2009.  If the resolution of this motion does not exclude punitive

      damages from this case, the parties may submit letter briefs on whether to

1

bifurcate the trial into a liability phase and a punitive damages phase.

3.    In the *City of New York* case, the parties shall meet and confer to discuss

whether the City must conduct individualized searches of every City agency

to complete its discovery obligations.  If the parties are not able to resolve

any dispute, they may bring the matter to this Court.

4.    In the *City of New York* case, because CMOs #4 and #6 did not discuss the

admissibility of prior trial testimony, the Federal Rules of Evidence will

govern the admissibility of such testimony at trial.  Further, because CMOs

#4 and #6 addressed the admissibility of prior deposition testimony only

with respect to the three prior cases identified in CMO #4, the Federal Rules

of Evidence will govern the admissibility at trial of prior deposition

testimony from all other cases, including case-by-case objections defendants

may raise.

5.    In the *West Hempstead* and *Village f Hempstead* cases, plaintiffs'

unopposed requests for thirty-day extensions are granted.  The parties shall

submit joint proposed CMOs reflecting the extensions.

6.    In the City *of New York* case, plaintiffs shall make Dr. Whitelaw available

for an additional half-day deposition to discuss the new material in his

supplemental expert report.

2

7.    In the *City of New York* case, defendants shall submit a letter brief by April 9, 2009 in support of their contention that Dr. Terry's rebuttal report contains new material.  The City shall respond by April 15, 2009.  This Court will hold a hearing to discuss the matter on April 24, 2009 at 10.30 a.m.  Plaintiffs shall make Dr. Terry available for this hearing.  During Dr. Terry's deposition, defendants may limit the discussion to the sites Dr. Terry analyzed in his initial report.  Defendants may reserve discussion of the sites that Dr. Terry first analyzed in his rebuttal report for a future deposition, if necessary.

8.    In the *Orange County Water District* case, defendants may continue to rely on evidence relating to the four wells that have been dropped from the case in their statute of limitations motion.  Defendants shall file supplemental briefing on the statute of limitations motion by May 4, 2009; plaintiff shall respond by June 3, 2009; defendants shall reply by June 18, 2009.

9.    In the *Orange County Water District* case, defendants may move to preclude plaintiff from adding 17 new wells to the focus plume designations.  The parties shall meet and confer to propose a briefing schedule.  This Court will hold a hearing to discuss the matter on May 15, 2009 at 11 a.m.

10.  In the *Orange County Water District Case*, plaintiff shall provide accrual dates and supporting information for its non-focus plumes not later than July 1, 2009.

11.  In the recently filed *Oyster Bay* and *Garden City* cases, defendants' unopposed motion for this Court to decline to exercise supplemental jurisdiction over the state law claims is granted.  Defendants shall submit proposed Orders reflecting this ruling.

11.  When necessary, the parties shall contact this Court to schedule the next omnibus status conference.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:  New York, New York
        April 17, 2009

4

## -Appearances-

**Liaison Counsel for Plaintiffs:**

Robin Greenwald, Esq.
Robert Gordon, Esq.
Weitz & Luxenberg, P.C.
180 Maiden Lane
New York, New York  10038
Tel: (212) 558-5500
Fax: (212) 344-5461

**Liaison Counsel for Defendants:**

Peter John Sacripanti, Esq.
James A. Pardo, Esq.
McDermott Will & Emery LLP
50 Rockefeller Plaza, 11th Floor
New York, New York  10020
Tel: (212) 547-5583
Fax: (212) 547-5444