UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------X

IN RE METHYL TERTIARY BUTYL ETHER
PRODUCTS LIABILITY LITIGATION

This document pertains to:

*City of New York v. Amerada Hess Corp., et al.,*
Case No. 04-CV-3417

Master File No. 1:00-1898
MDL No. 1358 (SAS)
M21-88

--------------------------------------------------------X

### DEFENDANT GULF OIL LIMITED PARTNERSHIP'S LOCAL RULE 56.1 STATEMENT IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S CLAIMS

Pursuant to Local Rule 56.1, Defendant Gulf Oil Limited Partnership ("GOLP") submits this statement of material facts as to which there is no genuine issue to be tried in support of its motion for summary judgment on claims asserted by Plaintiff City of New York in the above-captioned matter:

1.    Plaintiff asserts nine causes of action against GOLP, including: (1) strict liability for defective design; (2) strict liability for failure to warn; (3) negligence; (4) civil conspiracy; (5) public nuisance; (6) private nuisance; (7) trespass; (8) violation of the New York Navigation Law; and (9) violation of New York General Business Law §349 ("GBL 349"). *See* Pl.'s Fourth Am. Compl. ("*4th Am. Compl.*"), Master File No. 1:00-cv-1898, Docket No. 1350.

2.    Plaintiff did not assert any claim against GOLP for violation of the Toxic Substances and Controls Act. *4th Am. Compl.*

3.    GOLP is a marketer and distribution of retail gasoline products, also known as "downstream handler." *Decl. of Christopher J. Garvey* ("*Garvey Decl.*"), Exhibit ["Ex."] 2 (*Aff. of Alice J. Kuhne to GOLP's Resp. to Pl's Prelim. Set of Interrogs Re: Def. Identification, ¶2*).

4.     As a downstream handler, GOLP does not and did not own, operate, lease or control any service stations or own any underground storage tanks within the Relevant Geographic Area ("RGA"). *Garvey Decl.*, Ex. 3 (*Decl. of Gulf Oil Limited Partnership Pursuant to Case Management Order No. 4 ("CMO 4 Decl.")*, ¶2).

5.     GOLP's business did not include the refining, manufacture, or production of MTBE or MTBE gasoline.  *Garvey Decl.*, Ex. 4 (*GOLP's Objections and Resps. to Pl. City of New York's First Set of Reqs. for Admis. and Related Interrogs. to All Defs.* at 4-5 (Sept. 29, 2008)).

6.     GOLP was never a member of the American Petroleum Institute, the Oxygenated Fuels Association, or the MTBE Committee.  *Garvey Decl.*, Ex. 5 (*GOLP's Disclosure Pursuant to June 9, 2005 Directive* (Sept. 15, 2005)); *Garvey Decl.*, Ex. 6 (*GOLP's Resps. to Interrogs. Nos. 42, 43, and 67 of Plaintiff's Second Set of Interrogs. and Reqs. for Produc. to All Defs.* (Sept. 10, 2007) ("*Resps. to 2nd RFPs*")).

7.     GOLP never lobbied Congress concerning MTBE or other oxygenates, never testified before Congress concerning MTBE, never represented to the public that MTBE was a safe gasoline additive, never advertised the use of the MTBE an oxygenate, and never conducted studies concerning MTBE.  *Garvey Decl.*, Ex. 6 (*Resps. to 2nd RFPs*).

8.      Plaintiff states that the expert reports of David Terry, Donald Cohen, G.D. Beckett, and Marcel Moreau identify the stations that Plaintiff claims have caused or will cause contamination to the Focus Wells.  *Garvey Decl.*, Ex. 1 (Apr. 13, 2009 letter from Susan Amron to James Pardo, Ex. A at 4 ("*Amron Causation Letter*").

9.     On March 9, 2009, John H. Guswa submitted an expert report on behalf of GOLP concerning Plaintiff's allegations about past and future sources of contamination to Well Nos. 5

and 22. *Garvey Decl.*, Ex. 7 (*Mar. 9, 2009 Expert Report of John H. Guswa* at 3 ("*Guswa Report*")).

10.     In response to GOLP's contention interrogatories concerning the conspiracy and GBL 349 claims, Plaintiff referred GOLP to the Fourth Amended Complaint and offered no admissible evidence in support of Plaintiff's position. *Garvey Decl.*, Ex. 9 (*City's Response to Interrogatory Nos. 2 and 3 of GOLP's Responses to Requests for Admission, Interrogatories, and Requests for Production*).

11.     Plaintiff limits its claims to releases of gasoline before 2004. *Garvey Decl.*, Ex. 1 (*Amron Causation Letter*, Ex. A. at 3).

12.     Plaintiff's expert, David Terry, modeled a 1999 release from 202-06 Hillside Avenue as contributing to potential future contamination at Well No. 5. *Garvey Decl.*, Ex. 10 (*Terry Report* at Table 5).

13.     Plaintiff's expert, David Terry introduced additional modeled releases and release locations in his Rebuttal Report that he contends may have contributed to contamination at Well 5, including the service station at 241-15 Hillside Avenue, from which Mr. Terry models a 1999 release of gasoline. *Garvey Decl.,* Ex. 8 (*Pardo Letter to the Court* at Ex. D); *Garvey Decl.*, Ex. 11 (*Terry Rebuttal Report* at Table 3).

14.     GOLP began supplying the service station at 241-15 Hillside Avenue on or about March 25, 2004, after the ban on MTBE gasoline went into effect and several years after Mr. Terry's modeled release from this location. *Garvey Decl.,* Ex. 12 (*Affidavit of Craig D. Byerlee*)

15.     GOLP supplied gasoline to the service station at 202-06 Hillside Avenue starting in September 2003. *Garvey Decl.*, Ex. 7 (*Guswa Report* at 10); *Garvey Decl.*, Ex. 13 (*Tr. of Dep. of GOLP Rule 30(b)(6) Deponent Ronald R. Sabia ("Sabia Tr."*) at 21:21-22-10).

16.     Plaintiff's expert, Donald Cohen, states that "[a]lthough a distinct source or sources cannot be clearly identified, several sites as previously discussed, have the potential to have impacted Well 5," including the service station locations at 211-60 Hillside Avenue, 202-06 Hillside Avenue, 211-02 Jamaica Avenue, 188-06 Hillside Avenue, and 206-06 Jamaica Avenue. *Garvey Decl.*, Ex. 14 (*Cohen Report* at 7-64).

17.     Plaintiff's expert, Donald Cohen's report summarizes documentation concerning the station located at 202-06 Hillside Avenue, but does not reference any release of gasoline between September 2003 and December 2003.  *Garvey Decl.*, Ex. 14 *(Cohen Report* at 7-44 to 7-49)*.

18.     Plaintiff's expert, Marcel Moreau, summarizes certain information concerning underground storage tanks within the RGA, but to the extent his report references gasoline releases at stations, none are linked to the capture zone of any Focus Well.  *Garvey Decl.*, Ex. 15 (*Moreau Site-Specific Report*, at 1-7).

19.     Mr. Moreau summarizes various station records for the station at 202-06 Hillside Avenue, but does not reference any gasoline releases at this location other than a spill in 1997. *Garvey Decl.*, Ex. 15 (*Moreau Site-Specific Report Appendix B: Site Summary for 202-06 Hillside Avenue*).

20.     Plaintiff's expert, Gary Beckett does not identify any specific releases as potential sources of contamination to any Focus Well.  *Garvey Decl.*, Ex. 16 (*Tr. of Dep. of Gary Beckett* at 96:16-97:5).

21.     For the service station located at 202-06 Hillside Avenue, Mr. Beckett states that the "1st potential release issue" occurred in September 7, 1990, but he cites no evidence of nor references any subsequent release of gasoline from this location during the time period when

GOLP supplied this location. *Garvey Decl.*, Ex. 17 (*Beckett Report* at Table 1).

22.      GOLP's retained expert John H. Guswa opined in his report that there is no record evidence indicating that any release of gasoline from the 202-06 Hillside Avenue station occurred between September 2003 and December 2003, the limited time frame in which GOLP supplied MTBE gasoline to that particular station. *Garvey Decl.*, Ex. 7 (*Guswa Report* at 10-11).

23.      Plaintiff's expert, David Terry, models releases from the retail service station at 241-15 Hillside Avenue retail service station occurred in 1989, 1999, and 2005. *Garvey Decl.*, Ex. 10 (*Terry Report* at Table 5).

24.      Plaintiff's expert, Gary Beckett, states that the "1st potential release issue" at the 241-15 Hillside Avenue retail service station occurred on July 19, 1989. *Garvey Decl.*, Ex. 17 (*Beckett Report* at Table 1) (emphasis added).

25.      Plaintiff's expert, Marcel Moreau, discusses release events at the 241-15 Hillside Avenue retail service station in 1989, 1999, and 2005. *Garvey Decl.*, Ex. 15 (*Moreau Site-Specific Report Appendix B: Site Summary for 241-15 Hillside Avenue*).

26.      Plaintiff's expert, David Terry, models 37 releases from 22 service stations as potential contributors to future MTBE contamination at Station 6 in his initial report, including 1997 and 2000 modeled releases from the service station at 131-07 Merrick Boulevard. *Garvey Decl*, Ex. 10 (*Terry Report* at Table 4).

27.      GOLP supplied gasoline to the retail service station at 131-07 Merrick Boulevard from 2002 through the present. *Garvey Decl.*, Ex. 3 ("*CMO 4 Decl.*").

28.      The retail service station at 131-07 Merrick Boulevard is not located within the Malcolm Pirnie Wellhead Protection Plan ("WHPP") ten-year model capture zone or the Cohen historic capture zone. *Garvey Decl.*, Ex. 18 (*WHPP* at 7); *Garvey Decl.*, Ex. 14(*Cohen Report,*

*Figure 17* at 7-17).

29.     In his Rebuttal Report, Plaintiff expert David Terry models a release from the retail service stations at 82-48 Woodhaven Boulevard in 1993, a release from the retail service station at 178-02 Union Turnpike in 1994, and a release from the retail service station at 166-06 Hillside Avenue in 1998. *Garvey Decl.*, Ex.11 (*Terry Rebuttal* at Table 2).

30.     In his Rebuttal Report, Mr. Terry for models a 2005 release of gasoline from the service station at 131-07 Merrick Boulevard that was not modeled in his Initial Report. *Garvey Decl.*, Ex. 11 (*Terry Rebuttal* at Table 4).

31.     GOLP supplied the retail service station locations at 82-48 Woodhaven Boulevard and 178-02 Union Turpike starting in September 2003. *Garvey Decl.*, Ex. 13 (*Tr. of Dep. of GOLP Rule 30(b)(6) Deponent Ronald R. Sabia ("Sabia Tr.")* at 21:21-22:10)

32.     The service station locations at 82-48 Woodhaven Boulevard and 178-02 Union Turnpike are located miles outside of the Cohen historic capture zone and the WHPP 10-year capture zone. *Garvey Decl.*, Ex. 18 (*WHPP* at 7); and *Garvey Decl.*, Ex. 14 (*Cohen Report, Figure 17* at 7-17).

33.     The retail service station at 166-06 Hillside Avenue is located outside the Cohen Station 6 historic capture zone and the WHPP 10-year capture zone. *Garvey Decl.*, Ex. 18 (*WHPP* at 7); *Garvey Decl.*, Ex. 14 (*Cohen Report, Figure 17* at 7-17).

34.     Mr. Moreau summarizes certain records concerning underground storage tanks at the retail service station located at 131-07 Merrick Boulevard, but does not describe any release of gasoline from 2002 forward. L.R. 56.1 ¶27; *Garvey Decl.*, Ex. 15 (*Appendix B to Moreau Site-Specific Report, Site Summary for 131-07 Merrick Boulevard*).

35.     Plaintiff's expert, Mr. Beckett, summarizes information concerning various

service stations identified by Messrs. Cohen and Terry in their Initial Reports, but does not

identify any specific releases as potential sources of contamination to Station 6 or any other

Focus Well. *Garvey Decl.*, Ex. 16 (*Beckett Tr.* at 96:16-97:5).

36.     Mr. Beckett notes that the "1st potential release issue" at 131-07 Merrick

Boulevard occurred on January 17, 1996, but describes no subsequent release events at this

location. L.R. 56.1 ¶36; *Garvey Decl.*, Ex.17 (*Beckett Report* at Table #1).

37.     Mr. Terry models a 1993 release from the retail service station at 118-02/118-10

Queens Boulevard as a potential source of future contamination to Well 22. *Garvey Decl.*, Ex.

10 (*Terry Report* at Table 5).

38.     The service station at 118-02/118-10 is located outside of the Cohen Well 22

historic capture zone—within which Mr. Cohen found "no reported releases"—and outside of

the WHPP 10-year capture zone prepared by Malcolm Pirnie. L.R. 56.1 ¶32; *Garvey Decl.*, Ex.

14 (*Cohen Report* at 7-65) (emphasis added).

39.     In his expert report, Mr. Cohen concluded that "there are no reported releases

from gasoline stations within the historical capture zone of Well 22." *Garvey Decl.*, Ex.

14(*Cohen Report* at 7-65).

40.     Mr. Moreau in initial Site-Specific Report summarizes station records for the

retail service stations located at 138-19 Hillside Avenue and 236-01 Linden Boulevard. *Garvey

Decl.*, Ex. 15 (*Moreau Site-Specific Report Appendix B: Site Summaries for 138-19 Hillside

Avenue and 236-01 Linden Boulevard*).

41.     GOLP supplied gasoline to the retail service station at 138-19 Hillside Avenue

starting in September 2003. *Garvey Decl.*, Ex. 13 (*Sabia Tr.* at 21:21-22:10).

42.     In his initial Site-Specific Report, Mr. Moreau does not reference any release

from September 2003 forward at the retail service station at 138-19 Hillside Avenue.

43.   In his initial Site-Specific Report, Mr. Moreau does not state that MTBE was ever detected at the retail service station at 138-19 Hillside Avenue  or that the service station caused contamination at any particular Focus Well.  L.R. 56.1 ¶42; *Garvey Decl.*, Ex. 15 (*Moreau Site-Specific Report Appendix B: Site Specific Summary for 138-19 Hillside Avenue*).

44.   Mr. Moreau does not discuss any spill events at the 236-01 Linden Boulevard station after 1986, does not state that MTBE was ever detected at this site, and does not allege that this station caused contamination to any Focus Well.  L.R. 56.1 ¶44; *Garvey Decl.*, Ex. 15 (*Moreau Site-Specific Report Appendix B: Site Summary for 236-01 Linden Boulevard*).


Dated: New York, NY
     April 20, 2009

Respectfully submitted,


By:
/s/ Christopher J. Garvey (ecm)
Christopher J. Garvey (CG 3323)
Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, New York  10018
Tel.:  212.813.8800
Fax:  212.355.3333
E-Mail:  cgarvey@goodwinprocter.com

*Attorney for Defendant Gulf Oil Limited Partnership*