# Exhibit 4

Case 1:00-cv-01898-VSB-VF   Document 2318-5   Filed 04/20/09   Page 2 of 9



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re:  Methyl Tertiary Butyl Ether
 ("MTBE") Products Liability Litigation

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

:

Master File No. 1:00-1898
MDL No. 1358 (SAS)
M21-88

**This Document Relates To:**

*City of New York v. Amerada Hess Corp., et al.*
Case No.  04-CV-3417

**DEFENDANT GULF OIL LIMITED PARTNERSHIP'S OBJECTIONS AND RESPONSES TO PLAINTIFF CITY OF NEW YORK'S FIRST SET OF REQUESTS FOR ADMISSIONS AND RELATED INTERROGATORIES TO ALL DEFENDANTS**

Defendant Gulf Oil Limited Partnership ("GOLP"), by and through its undersigned attorneys, provides the following Responses and Objections to Plaintiff City of New York's ("Plaintiff") First Set of Requests for Admissions and Related Interrogatories to All Defendants ("Requests").

## PRELIMINARY STATEMENT

GOLP  has never been in the business of manufacturing or formulating gasoline containing MTBE and has never manufactured MTBE.  GOLP does not explore for or extract crude oil, nor does GOLP own or operate any refineries, or bear successor responsibility for any refining liabilities.  Rather, GOLP is a limited form of a "Downstream Handler," *i.e.*, a "middleman" involved in the distribution of gasoline.

GOLP's answers to this set of Requests are based on the information available to and discovered by GOLP at this time. GOLP reserves the right to amend or supplement its answers to these requests at such time if additional information is discovered that is relevant to these

LIBA/1931912.2

requests. GOLP also specifically reserves the right at any hearing on this matter or at trial to make reference to information not identified in its answers to these requests, the existence or relevance of which is later discovered by GOLP or GOLP's counsel.

## GENERAL OBJECTIONS AND LIMITATIONS

1. GOLP is not now, nor has it ever been, a manufacturer of MTBE or a refiner of gasoline. GOLP never manufactured, sold, stored or purchased pure or neat MTBE, or otherwise blended or introduced MTBE into gasoline except for three previously disclosed de minimis incidents where the company added MTBE to increase the MTBE already in the gasoline at a few of its secondary distribution terminals. *See* Affidavit of Alice J. Kuhne, produced at Gulf MDL 000306-09; Gulf MDL 000310-34. These limited, de minimis incidents, occurring in 1992, 1994 and 1997 only, were outside the ordinary course of GOLP's business and much of the resulting gasoline is not reasonably likely to have been delivered to the relevant geographic area. The volume of gasoline yielded in these limited incidents is immaterial to any claims raised by the Plaintiff in this action. Accordingly, Plaintiff's Requests do not apply to GOLP.

2. GOLP objects to the instructions and definitions set forth in Plaintiff's discovery requests to the extent they deviate from or purport to impose requirements other than or in addition to those required by the Federal Rules of Civil Procedure and the Local Civil Rules for the Southern District of New York. The definitions provided in Local Civil Rule 26.3 are automatically incorporated into all discovery requests and "[n]o discovery request shall use broader definitions or rules of construction."

3. GOLP objects to Plaintiff's Requests to the extent they seek information outside the restricted scope of discovery permissible under the Local Civil Rules of this Court, and in particular Rule 36, which limits the types of requests that are permitted.

4.     GOLP objects to Plaintiff's Requests to the extent they purport to require GOLP to provide information or materials outside of its possession, custody, or control, and/or information that is equally available to Plaintiff.

5.     GOLP objects to Plaintiff's Requests to the extent they purport to require GOLP to provide information prior to GOLP's corporate existence.

6.     GOLP objects to Plaintiff's Requests to the extent they are vague, ambiguous, and/or not susceptible to a reasonably clear definition or interpretation.

7.     GOLP objects to Plaintiff's Requests to the extent they are unduly burdensome, oppressive, and overly broad.

8.     GOLP objects to Plaintiff's Requests to the extent they seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. No disclosure by GOLP of any information shall constitute a waiver of any objections.

9.     GOLP objects to Plaintiff's discovery requests to the extent they seek information that cannot be located after a reasonable search of its records reasonably believed most likely to contain the responsive information on the grounds that any such request to conduct further searches would be unduly burdensome and oppressive.

10.    GOLP objects to Plaintiff's discovery requests to the extent they request information beyond the limitations and parameters agreed to among the parties or imposed by the Court or Special Master. GOLP's responses are subject to all such limitations and parameters and incorporate by reference herein the discovery parameters imposed by the Court or Special Master.

11.    GOLP objects to Plaintiff's discovery requests to the extent they contain or are predicated upon legal or factual assumptions that are not correct.

3

12. GOLP objects to Plaintiff's discovery requests insofar as they purport to call for legal conclusions.

13. GOLP's responses are based on information available as a result of a good faith search in the time allowed before submitting the responses. GOLP reserves the right to supplement or modify these responses as appropriate in the event additional information becomes available.

17. GOLP's decision to provide information notwithstanding the objectionable nature of any of the discovery requests should not be construed as a stipulation that the information is relevant, a waiver of GOLP's general or specific objections, or an agreement that requests for similar discovery will be treated in a similar manner.

18. GOLP reserves the right to amend or supplement its responses as appropriate, as well as the right to object to other discovery directed to the subject matter of the Requests.

19. All responses are subject to appropriate confidentiality agreements negotiated, or to be negotiated, between the parties, or as may be imposed by the Court or Special Master.

20. These General Objections and Limitations apply to each discovery request as though restated in full therein.

### REQUESTS FOR ADMISSION AND SPECIFIC OBJECTIONS AND RESPONSES

**REQUESTS NOS. 1, 3, 5, 7, 9, 11, 13, 15, 17**:

During the Year [1979-1987], for each of the addresses of the gasoline service stations listed on Attachment A, admit or deny that none of the MTBE gasoline that you produced was ever delivered to a gasoline service station at that address.[1]

**REQUESTS NOS. 2, 4, 6, 8, 10, 12, 14, 16, 18**:

---

[1] Request No. 18 states that it relates to the year "1986," but based on placement it appears that Plaintiff intended it to relate to the year 1987. GOLP therefore interprets that Interrogatory to relate to 1987.

4

During the year [1979-1987], for each of the addresses of the gasoline service stations listed on Attachment A, admit or deny that some of the MTBE gasoline that you produced was delivered to a gasoline service station at that address.

**RESPONSE TO REQUESTS NOS. 1-18**

GOLP objects to these Requests for Admission as vague and ambiguous. Subject to and without waiving the foregoing General and Specific Objections and Limitations, GOLP responds to these Requests for Admission by stating that GOLP did not exist prior to 1988. Accordingly, these Requests for Admission, which relate to the years 1979-1988, are inapplicable to GOLP. Further answering, GOLP responds by stating that GOLP's business did not include the production of MTBE gasoline and that its activities are limited to those of a Downstream Handler or distributor of gasoline.

**REQUESTS NOS. 19. 21, 23, 25, 27, 29, 31, 33, 35, 37, 39, 41, 43, 45, 47**:

During the year [1988-2003], for each of the addresses of the gasoline service stations listed on Attachment A, admit or deny that none of the MTBE gasoline that you produced was delivered to a gasoline service station at that address.

**REQUESTS NOS. 20, 22, 24, 26, 28, 30, 32, 34, 36, 38, 40, 42, 44, 46, 48**:

During the year [1988-2003], for each of the addresses of the gasoline service stations listed on Attachment A, admit or deny that some of the MTBE gasoline that you produced was delivered to a gasoline service station at that address.

**RESPONSE TO REQUESTS NOS. 19-48**

GOLP objects to these Requests for Admission as vague and ambiguous. Subject to and without waiving the foregoing General and specific Objections and Limitations, GOLP responds to these Requests for Admission by stating that GOLP's business did not include the production of MTBE gasoline and that its activities are limited to those of a Downstream Handler or distributor of gasoline. Accordingly, these Requests for Admission are inapplicable to GOLP.

5

## INTERROGATORIES AND SPECIFIC OBJECTIONS AND RESPONSES

**INTERROGATORY NO. 1**

Please state in detail the basis for each of your responses to each of the Requests for Admission ("RFA") above.

RESPONSE TO REQUEST NO. 1:

Subject to and without waiving the foregoing General Objections and Limitations, GOLP responds as follows: with respect to Requests for Admission Nos. 1-18, GOLP refers Plaintiff to GOLP's Response to Requests Nos. 1-18; with respect to Requests for Admission Nos. 19-48, GOLP refers Plaintiff to GOLP's Response to Requests Nos. 19-48.

**INTERROGATORY NO. 2:**

Identify each person who assisted in the preparation of the responses to these RFAs and specify for which RFAs that person assisted.

RESPONSE TO INTERROGATORY NO. 2:

GOLP objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege or the work product doctrine. Subject and without waiving the foregoing General Objections and Limitations, GOLP responds by stating that Ronald Sabia participated in the preparation of a responses to these Requests.

**INTERROGATORY NO. 3**

Identify each witness who may be called upon at trial to testify regarding the delivery of your product to any of the addresses of the gasoline service stations listed in Attachment A. For each such person, state with specificity the facts to which you anticipate that person testifying.

RESPONSE TO INTERROGATORY NO. 3:

GOLP objects to this Interrogatory as premature. GOLP objects to this Interrogatory on the grounds that it is vague and ambiguous, particularly with respect to the term "your product," which for purposes of responding to this Interrogatory GOLP interprets to mean MTBE gasoline

6

that a defendant produced under Plaintiff's definition of "produce" as set forth in its Requests. GOLP also objects to this Interrogatory to the extent it seeks the disclosure of information which relates to or contains research, investigation or analysis prepared under the supervision and/or direction of GOLP's attorneys in the anticipation of, or in preparation for, litigation. GOLP expressly reserves the right to amend its response to this Interrogatory subject to further discovery.

Subject to and without waiving the foregoing General and specific Objections and Limitations, GOLP responds by stating that the foregoing Requests for Admission are inapplicable to GOLP, as set forth in GOLP's Response to Requests Nos. 1-18 and GOLP's Response to Requests Nos. 19-48, which GOLP incorporates as if set forth fully herein. Accordingly, this Interrogatory is inapplicable to GOLP.

Dated: September 29, 2008

As to objections,

/s/*Christopher J. Garvey*
Christopher J. Garvey
Goodwin Procter LLP
The New York Time Building
620 Eighth Avenue
New York, NY 10018
Telephone:  (212) 813-8800
Facsimile:  (212) 355-3333
Email: cgarvey@goodwinprocter.com

## Certificate of Service

  I hereby certify that on September 29, 2008, a true, correct, and exact copy of the foregoing document was served on all counsel via LexisNexis File & Serve.

                /s/*Christopher J. Garvey*
                Christopher J. Garvey