# Exhibit 6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
IN RE METHYL TERTIARY BUTYL ETHER
PRODUCTS LIABILITY LITIGATION

This document pertains to:

*City of New York v. Amerada Hess Corp., et al.,*
Case No. 04-CIV-3417

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Master File No. 1:00-1898
MDL 1358 (SAS)
M21-88

# GULF OIL LIMITED PARTNERSHIP'S RESPONSES TO PLAINTIFF CITY OF NEW YORK'S SECOND SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS

Defendant Gulf Oil Limited Partnership ("GOLP"), by and through its undersigned attorneys, provides the following Responses and Objections to Plaintiff City of New York's Second Set of Interrogatories and Requests for Production of Documents to All Defendants.

## PRELIMINARY STATEMENT

GOLP has never been in the business of manufacturing or formulating gasoline containing MTBE and has never manufactured MTBE. GOLP does not explore for or extract crude oil, nor does GOLP own or operate any refineries, or bear successor responsibility for any refining liabilities. As GOLP is neither a refiner nor a manufacturer of gasoline, GOLP does not belong to the American Petroleum Institute ("API") or the Oxygenated Fuels Association ("OFA"). GOLP did not lobby for or promote the acceptance of MTBE as a gasoline additive. Furthermore, as a non-refiner/non-manufacturer of gasoline, GOLP was not responsible for any decision to add MTBE, or any other oxygenate, to gasoline under the Reformulated Gasoline ("RFG") Program/Oxygenated Fuel Program. Finally, GOLP does not own, operate, or lease any service stations, nor own any underground storage tanks, in the Relevant Geographic Area

RESPONSE TO INTERROGATORY NO. 41:

GOLP adopts and reiterates the foregoing General Objections and Limitations with the same force and effect as if fully set forth at length. GOLP objects to this discovery request as seeking information outside the restricted scope of discovery permissible under Rule 33.3 of the Local Civil Rules of this Court. GOLP specifically and without limitation objects to this Interrogatory on the grounds that it is vague and ambiguous in that it fails to define the terms "warning," "advisory" or "cautionary statement." GOLP further objects to this Interrogatory on the grounds that it is overbroad in time, scope and subject matter, and is therefore unduly burdensome. GOLP further objects to this Interrogatory to the extent it requires GOLP to speculate to matters outside the scope of information within GOLP's possession, custody, or control. GOLP specifically objects that the request for information is overly broad and unduly burdensome in that it has no time limitation and does not limit the geographic scope to the RGA. GOLP also objects to this Interrogatory as seeking information not relevant to any issue in this lawsuit, and as not calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing General and Specific Objections and Limitations, GOLP responds to this Interrogatory by referring Plaintiff to business records already produced, including, but not limited to, those found at the following bates ranges: GULF MDL 075795-075866; 080749-080754; 080811-080814; 081698-081701; 081878-081982; 082721-082726; 082759-082761; 082908-082974, which may contain information responsive on this topic.

**INTERROGATORY NO. 42:**

Have you provided any information, statement, or written material regarding the benefits or potential benefits (including but not limited to health, environmental, and financial effects) of using MTBE as an octane enhancer or oxygenate to any entity or individual (including without limitation any federal, New York State, or City agency)? If the answer is affirmative:

53

a. Identify the person(s) or any industry association or committee responsible for having drafted or issued the information, statement, or written material;

b. State the date such information was first issued or distributed and the inclusive period during which it was used;

c. Identify all documents relating to such information, statement, or written material; and

d. Identify each entity or individual to whom you issued or distributed such information, statement, or written material.

RESPONSE TO INTERROGATORY NO. 42:

GOLP adopts and reiterates the foregoing General Objections and Limitations with the same force and effect as if fully set forth at length. GOLP objects to this discovery request as seeking information outside the restricted scope of discovery permissible under Rule 33.3 of the Local Civil Rules of this Court. GOLP specifically and without limitation objects to this Interrogatory on the grounds that it is vague and ambiguous in that it fails to define the terms "benefits or potential benefits," "effects," "entity or individual," "ever provided," and "information, statement, or written material." GOLP further objects to this Interrogatory on the grounds that it is overbroad in time, scope and subject matter, and is therefore unduly burdensome. GOLP specifically objects that the request for information provided to "any entity or individual," is without limitation, overly broad and unduly burdensome. GOLP also objects to this Interrogatory as seeking information not relevant to any issue in this lawsuit, and as not calculated to lead to the discovery of admissible evidence. GOLP further objects to this Interrogatory to the extent it requires GOLP to speculate to matters outside the scope of information within GOLP's possession, custody, or control. GOLP specifically objects that the request for information is overly broad and unduly burdensome in that it has no time limitation and does not limit the geographic scope to the RGA.

Subject to and without waiving the foregoing General and Specific Objections and Limitations, GOLP responds to this Interrogatory by stating that as a Downstream Handler or distributor of gasoline GOLP did not distinguish between gasoline containing MTBE and gasoline containing other oxygenates, so GOLP possesses no responsive information to this Interrogatory to the extent that it seeks information about warnings, advisories and cautionary statements specific to MTBE.

**INTERROGATORY NO. 43:**

Have you provided any information, statement, or written material regarding the detriments or potential detriments (including but not limited to health, environmental, and financial or economic effects) of using MTBE as an octane enhancer or oxygenate to any entity or individual (including without limitation any federal, New York State or local government agency, or the general public)? If the answer is affirmative:

   a.   Identify the person(s) or any industry association or committee responsible for having drafted or issued the information, statement, or written material;

   b.   State the date such information was first issued or distributed and the inclusive period during which it was used;

   c.   Identify all documents relating to such information, statement, or written material; and

   d.   Identify each entity or individual to whom you issued or distributed such warning, caution or advisory.

RESPONSE TO INTERROGATORY NO. 43:

GOLP adopts and reiterates the foregoing General Objections and Limitations with the same force and effect as if fully set forth at length. GOLP objects to this discovery request as seeking information outside the restricted scope of discovery permissible under Rule 33.3 of the Local Civil Rules of this Court. GOLP specifically and without limitation objects to this Interrogatory on the grounds that it is vague and ambiguous in that it fails to define the terms "detriments or potential detriments," "effects," "entity or individual," "ever provided," and "information, statement, or written material." GOLP further objects to this Interrogatory on the

55

grounds that it is overbroad in time, scope and subject matter, and is therefore unduly burdensome. GOLP specifically objects that the request for information provided to "any entity or individual," is without limitation, overly broad and unduly burdensome. GOLP further objects to the extent this Interrogatory requires GOLP to speculate to matters outside the scope of information within GOLP's possession, custody, or control. Additionally, GOLP objects that this Interrogatory requires GOLP to identify those responsible for creating certain information, and thus requires GOLP to speculate to matters outside GOLP's possession, custody, or control.

Subject to and without waiving the foregoing General and Specific Objections and Limitations, GOLP responds to this Interrogatory by stating as follows: No.

**INTERROGATORY NO. 44:**

Have you provided any warning, advisory or cautionary statement concerning the diligence necessary for handling and storing gasoline containing MTBE (e.g., cleaning up spilled product, conducting inventory reconciliation, pipe testing, testing and monitoring) to any owner or operator of a retail outlet in the RGA where your gasoline containing MTBE was sold? If the answer is affirmative:

    a.    Identify the person(s) responsible for having drafted or issued the warning, advisory or cautionary statement;

    b.    State the date such warning, advisory or cautionary statement was first issued or distributed and the inclusive period during which it was used;

    c.    Identify all documents relating to such warning, advisory or cautionary statement; and

    d.    Identify each entity or individual to whom you issued or distributed such warning, advisory or cautionary statement.

RESPONSE TO INTERROGATORY NO. 44:

GOLP adopts and reiterates the foregoing General Objections and Limitations with the same force and effect as if fully set forth at length. GOLP objects to this discovery request as seeking information outside the restricted scope of discovery permissible under Rule 33.3 of the Local Civil Rules of this Court. GOLP specifically and without limitation objects to this

Corrosion Protection for Piping Committee; the MTBE Committee; the MTBE Technical Subcommittee) that you have participated in. For each committee and/or task force that you have participated in, identify:

    a.    Each person who participated in the committee/task force on your behalf. For any such person(s) who is not currently employed by you, provide their last known home and business addresses; and

    b.    Each meeting and communication that the committee/task force or any representative thereof had with the EPA or any other environmental or regulatory agency on issues concerning the use or regulation of MTBE, and explain the position concerning the use or regulation of MTBE taken by the committee/task force at the meeting or communication;

RESPONSE TO INTERROGATORY NO. 66:

GOLP adopts and reiterates the foregoing General Objections and Limitations with the same force and effect as if fully set forth at length. GOLP objects to this Interrogatory as seeking information outside the restricted scope of discovery permissible under Rule 33.3 of the Local Civil Rules of this Court. GOLP specifically objects to this Interrogatory on the grounds that it is vague and ambiguous in that it fails to define the terms "using gasoline" and "participating in," so as to render these terms incomprehensible within the context of this Interrogatory.

Subject to and without waiving the foregoing General and Specific Objections and Limitations, GOLP responds to this Interrogatory by stating that GOLP did not participate in any organizations responsive to this Interrogatory. In the interest of completeness, GOLP refers Plaintiff to GOLP's Disclosure Pursuant to August 12, 2005 Order, produced to Plaintiffs on October 17, 2005.

**INTERROGATORY NO. 67:**

State whether the committee/task force or its representative was involved with lobbying the EPA or any other environmental or regulatory agency on issues concerning the use or regulation of MTBE, and if so, explain the position concerning the use or regulation of MTBE taken by the committee/task force in its lobbying.

RESPONSE TO INTERROGATORY NO. 67:

GOLP adopts and reiterates the foregoing General Objections and Limitations with the same force and effect as if fully set forth at length. GOLP specifically objects to this Interrogatory on the grounds that it is vague and ambiguous in that it fails to define the terms "involved with," so as to render this terms incomprehensible within the context of this Interrogatory. GOLP objects to this discovery request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome.

Subject to and without waiving the foregoing General and Specific Objections and Limitations, GOLP states that it did not engage in lobbying and has no direct knowledge of any lobbying efforts made on its behalf. In the interest of completeness, GOLP refers Plaintiff to GOLP's Disclosure Pursuant to August 12, 2005 Order, produced to Plaintiffs on October 17, 2005.

**INTERROGATORY NO. 68:**

Identify each person employed by you who provided comments or testimony to any governmental agency during the legislative or rulemaking process for the Clean Air Act Amendments of 1990 regarding oxygenated fuels (MTBE, ETBE, TAME, TBA, DIPS, ethanol), and/or non-petroleum fuel alternatives, and identify all documents relating to such comments.

RESPONSE TO INTERROGATORY NO. 68:

GOLP adopts and reiterates the foregoing General Objections and Limitations with the same force and effect as if fully set forth at length. GOLP objects to this discovery request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome. Specifically and without limitations, GOLP objects to this Interrogatory on the grounds that it is vague and ambiguous, in that it fails to define the terms "comments or testimony," and "legislative and rulemaking process," so as to render these terms incomprehensible within the context of this Interrogatory.