# Exhibit 9

23008622

Dec 19 2008
7:13PM

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x

In Re: Methyl Tertiary Butyl Ether ("MTBE")
Products Liability Litigation

------------------------------------------------------------------------ x

This document relates to the following case:

*City of New York* v. *Amerada Hess Corp., et al.,*
Case No. 04 Civ. 3417

**PLAINTIFF CITY OF NEW
YORK'S RESPONSES AND
OBJECTIONS TO
DEFENDANT GULF OIL
LIMITED PARTNERSHIP'S
REQUESTS FOR
ADMISSION,
INTERROGATORIES AND
REQUESTS FOR
PRODUCTION**

MDL No. 1358
Master File C.A. No.
1:00-1898 (SAS)

Plaintiff City of New York ("the City"), by its attorneys, Michael A. Cardozo,

Corporation Counsel of the City of New York, and Sher Leff LLP, hereby responds to Defendant

Gulf Oil Limited Partnership's ("Defendant's") Requests for Admission, Interrogatories and

Requests for Production to Plaintiff City of New York, dated November 19, 2008, as follows:

## GENERAL OBJECTIONS AND LIMITATIONS

1.        The City objects to this entire set of Requests for Admission, Interrogatories

and Requests for Production as unduly burdensome, unreasonable and oppressive.  This

unreasonable set of requests for admission, contention interrogatories and document requests was

served by Defendant simultaneously with 12 other sets of contention interrogatories, requests for

admission and document requests served by other defendants in this case on November 18, 2008

and November 19, 2008.  Collectively, this massive and unreasonable discovery contains over

240 separate contention interrogatories, requests for admission and document requests, some of

which contain over 50 subparts each and which ask about facts contained in millions of pages of

documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of

deposition and other testimony. The City further objects that the undue burden imposed by this discovery is compounded by the fact that Defendant, via a December 16, 2008 email from Defendants' liaison counsel, Mr. James Pardo, Esq., denied the City's reasonable request for a one-month extension of the time to respond to January 19, 2009, despite the fact that parties had previously agreed to extend the fact discovery cutoff date for all previously-served discovery in this case to January 19.

2.      The City objects to this entire set of Requests for Admission, Interrogatories and Requests for Production as abusive of the discovery process and as creating needless friction among the parties and counsel. As evidenced by Local Civil Rule 33.3(c), contention interrogatories are appropriately served, if at all, at the "conclusion of other discovery." Even then, such Interrogatories are appropriate only if they are a practical method of obtaining the information sought. *See* Local Civil Rule 33.3(b). Where, as here, the Court has created a comprehensive case management approach not only to the present litigation, but also to the entire MDL 1358, that includes the mandatory disclosure of Deposition Designations, Exhibit Lists, and other Court-ordered disclosures, broad-brushed contention interrogatories of the kind in the Requests for Admission, Interrogatories and Requests for Production are not only an impractical method of obtaining the information sought; they are manifestly counterproductive and abusive.

3.      The City objects to the Requests for Admission, Interrogatories and Requests for Production to the extent that they seek to require the City to "to regurgitate all factual information obtained in discovery." *See Convolve, Inc. v. Compaq Computer Corp.,* 223 F.R.D. 162, 173 (S.D.N.Y. 2004).

4.        The City further objects to this discovery on the grounds that it seeks information that is equally available to Defendant, including, but not limited to, information from publicly available reports and databases, information contained in Defendant's own discovery responses and/or testimony given by Defendant's own witnesses in connection with this and/or similar litigation to which Defendant was and/or is a party.

5.        By responding to any request for admission, interrogatory or request for production, the City does not concede the materiality of the subject to which it refers. The City's responses are made expressly subject to, and without waiving or intending to waive, any questions or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence, or for any other purpose, of any of the documents or information produced, or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

6.        The City objects to the Requests for Admission, Interrogatories and Requests for Production to the extent that the Requests for Admission, Interrogatories and Requests for Production seek information or documents covered by attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. None of the City's responses is intended as, or should be construed as, a waiver or relinquishment of any part of the protections afforded by the attorney-client privilege, the work product doctrine or any other applicable privileges or immunities. The City reserves the right to withdraw and recover any documents or information covered by such privileges or immunities if the City inadvertently or mistakenly produces such document or information in response to the Requests for Admission, Interrogatories and Requests for Production.

7.        The City objects to each Request for Admission, Interrogatory and Request

for Production as unduly burdensome, overly broad, oppressive, harassing and not reasonably

calculated to lead to the discovery of admissible evidence to the extent it calls for the disclosure

of the City's theories and mental impressions regarding how it intends to prove its contentions

and allegations at trial, and to the extent it calls for the City to respond to an affirmative defense

that Defendant has yet to fully articulate and that Defendant bears the burden to present.  The

City explicitly reserves the right to move for a protective order or seek other relief from the

Court in the event Defendant requests that the City supplement these responses, move to compel

responses, or serve additional interrogatories.

8.        The City objects to Defendant's definitions of the terms "City," "Plaintiff,"

"You," "Your," "Yours," "document," "documents," "Identify," "Concerning (*see* definition

paragraph 8), "And," "or," and "Number (*see* definition paragraph 6) on the ground that they

differ from the terms as defined in Local Civil Rule 26.3(c).  Defendant claims to incorporate

such definitions by reference, but then proffers alternative definitions.  Thus, Defendant would

require the City to refer to two sets of conflicting definitions.  The City will follow Local Civil

Rule 26.3, which states that definitions are automatically incorporated into all discovery requests

and "No discovery request shall use broader definitions or rules of construction than those set

forth in paragraphs (c) and (d)."  Narrower definitions are allowed.  *See* Local Civil Rule 26.3(a).

The City will use the definitions provided in Local Civil Rule 26.3(c) in answering the Requests

for Admission, Interrogatories and Requests for Production, except to the extent that Defendant's

definitions are *narrower* than the Local Civil Rule 26.3 definitions, in which case the City will

use Defendant's definitions.

- 4 -

9.      The City objects to Defendant's definition of the word "including" on the grounds that it is confusing and indefinite, in that it attempts to "bring within scope of the discovery sought all responses which might otherwise be construed to be outside its scope." Such definition is so indefinite that it renders any question containing it indefinite and unanswerable.

10.     The City objects to the Instruction in paragraph 1 to the Requests for Admission, Interrogatories and Requests for Production to the extent that it attempts to impose any obligation to supplement responses in excess of the Court's orders, Local Civil Rules, and the Federal Rules of Civil Procedure.

11.     The City objects to the Instruction in paragraph 2 to the extent that it attempts to impose an obligation on the City to ascertain the knowledge of nonparties and to the extent it seeks to require the production of information or documents that are privileged or are not in the possession, custody or control of the City.

12.     The City objects to the Instruction in paragraph 3 to the extent that it attempts to circumvent and impose obligations that do not exist under Local Civil Rule 33.1(a).

13.     The City objects to the Requests for Admission, Interrogatories and Requests for Production to the extent that they seek information or documents outside the scope of discovery permissible under the Court's Orders, Federal Rules of Civil Procedure and Local Civil Rules.

14.     The City objects to the Requests for Admission, Interrogatories and Requests for Production to the extent that the Requests for Admission, Interrogatories and Requests for Production seek information that is not in the possession, custody, or control of the City and to the extent that the Requests for Admission, Interrogatories and Requests for Production request

- 5 -

information and/or documents equally available to the propounding parties, including information and/or documents previously produced to Defendant, obtainable from some other source, already in Defendant's possession, and/or available as a public record.

15.     The City objects to the Requests for Admission, Interrogatories and Requests for Production to the extent that the Requests for Admission, Interrogatories and Requests for Production contain vague or ambiguous phrases or are overly broad, unduly burdensome and oppressive, or not reasonably calculated to lead to the discovery of admissible evidence.

16.     The City objects to the Requests for Admission, Interrogatories and Requests for Production to the extent that the Requests for Admission, Interrogatories and Requests for Production seek information relating to the subject matter and opinions of expert witnesses, whose disclosure is governed by Federal Rule of Civil Procedure 26, the Orders of this Court, and the Parties' agreements.  To the extent that the Requests for Admission, Interrogatories and Requests for Production seek documents and/or information governed by the rules concerning expert disclosures, the City's responses and production will not include materials covered by the expert disclosures.

17.     The City provides these responses to the Requests for Admission, Interrogatories and Requests for Production solely for the purposes of this action.  All responses are subject to appropriate confidentiality agreements negotiated, or to be negotiated, between the parties, or as may be imposed by the Court.

18.     These responses are based solely on the information and documents possessed by or obtained by the City to date.  The City reserves the right to supplement or amend its responses to include additional responsive information, as governed by Rule 26 of the Federal Rules of Civil Procedure, Local Rules and the Court's Orders.

19.     These General Objections and Limitations apply to each interrogatory, request

for production, and request for admission as though fully restated in the response thereto.

## RESPONSES TO REQUESTS FOR ADMISSION

### REQUEST FOR ADMISSION NO. 1

Admit that Catamount Petroleum Limited Partnership ("CPLP") was formed in 1988.

### RESPONSE TO REQUEST FOR ADMISSION NO. 1:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Request for Admission as unduly burdensome. Specifically, this Request for Admission was served by Defendant simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendant.

The City further objects to this Request for Admission on the ground that it is vague and ambiguous and does not define the word "formed." The City further objects to this Request for Admission on the ground that it seeks an admission regarding facts that are equally available to and/or within the exclusive knowledge and control of Defendant.

### REQUEST FOR ADMISSION NO. 2

Admit that from 1988 to 1993, CPLP engaged in distribution of unbranded gasoline.

### RESPONSE TO REQUEST FOR ADMISSION NO. 2:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Request for Admission as unduly burdensome. Specifically, this Request for Admission was served by Defendant simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further

objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendant.

The City further objects to this Request for Admission on the ground that it is vague and ambiguous and does not define the words "distribution" or "engaged." The City further objects to this Request for Admission on the ground that it seeks an admission regarding facts that are equally available to and/or within the exclusive knowledge and control of Defendant.

## REQUEST FOR ADMISSION NO. 3

Admit that in 1993, CPLP changed its name to Gulf Oil Limited Partnership ("GOLP").

## RESPONSE TO REQUEST FOR ADMISSION NO. 3:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Request for Admission as unduly burdensome. Specifically, this Request for Admission was served by Defendant simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendant.

The City further objects to this Request for Admission on the ground that it is vague and ambiguous and does not define the phrase "changed its name." The City further objects to this Request for Admission on the ground that it seeks an admission regarding facts that are equally available to and/or within the exclusive knowledge and control of Defendant.

## REQUEST FOR ADMISSION NO. 4

Admit that since January 1, 2004, GOLP has not distributed or sold gasoline containing MTBE in New York State.

## RESPONSE TO REQUEST FOR ADMISSION NO. 4:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Request for Admission as unduly burdensome. Specifically, this Request for Admission was served by Defendant simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts

contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendant.

The City further objects to this Request for Admission on the ground that it is vague and ambiguous and does not define the words "distributed" or "sold" or the phrase "gasoline containing MTBE." The City further objects to this Request for Admission on the ground that it seeks an admission regarding facts that are equally available to and/or within the exclusive knowledge and control of Defendant.

## REQUEST FOR ADMISSION NO. 5

Admit that GOLP has never been a "refiner," as that term is defined in Plaintiff's Revised Third Set of Interrogatories to All Defendants, dated June 10, 2008.

## RESPONSE TO REQUEST FOR ADMISSION NO. 5:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Request for Admission as unduly burdensome. Specifically, this Request for Admission was served by Defendant simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendant.

The City further objects to this Request for Admission on the ground that it seeks an admission regarding facts that are equally available to and/or within the exclusive knowledge and control of Defendant.

## REQUEST FOR ADMISSION NO. 6

Admit that GOLP has never owned or operated a "refinery," as that term is defined in Plaintiff's Revised Third Set of Interrogatories to All Defendants, dated June 10, 2008.

## RESPONSE TO REQUEST FOR ADMISSION NO 6:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Request for Admission as unduly burdensome. Specifically, this Request for Admission was served by Defendant simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on

November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendant.

The City further objects to this Request for Admission on the ground that it seeks an admission regarding facts that are equally available to and/or within the exclusive knowledge and control of Defendant.

### REQUEST FOR ADMISSION NO. 7

Admit that, with the exception of the only known GOLP activities related to MTBE described in the August 2, 2000 affidavit of Alice Kuhne and the November 6, 2007 30(b)(6) deposition of GOLP, since 1979 GOLP has never owned, operated or leased any "blending facility," as that term is defined in Plaintiff's Revised Third Set of Interrogatories to All Defendants, dated June 10, 2008.

### RESPONSE TO REQUEST FOR ADMISSION NO. 7:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Request for Admission as unduly burdensome. Specifically, this Request for Admission was served by Defendant simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendant.

The City further objects to this Request for Admission on the ground that it seeks an admission regarding facts that are equally available to and/or within the exclusive knowledge and control of Defendant. The City further objects to this Request for Admission on the ground that it is vague and ambiguous and does not define the words "owned," "operated," or "leased." The City also objects that as evidenced by the qualifier "only known," Defendant unreasonably asks the City to admit to a matter about which it is itself uncertain.

### REQUEST FOR ADMISSION NO. 8

Admit that, with the exception of the only known GOLP activities related to MTBE described in the August 2, 2000 affidavit of Alice Kuhne and the November 6, 2007 30(b)(6) deposition of GOLP, since 1979 GOLP has never engaged in "blending" of MTBE into

gasoline, as that term is defined in Plaintiff's Revised Third Set of Interrogatories to All Defendants, dated June 10, 2008.

## RESPONSE TO REQUEST FOR ADMISSION NO. 8:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Request for Admission as unduly burdensome. Specifically, this Request for Admission was served by Defendant simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendant.

The City further objects to this Request for Admission on the ground that it seeks an admission regarding facts that are equally available to and/or within the exclusive knowledge and control of Defendant. The City also objects that as evidenced by the qualifier "only known," Defendant unreasonably asks the City to admit to a matter about which it is itself uncertain.

## REQUEST FOR ADMISSION NO. 9

Admit that, with the exception of the only known GOLP activities related to MTBE described in the August 2, 2000 affidavit of Alice Kuhne and the November 6, 2007 30(b)(6) deposition of GOLP, since 1979 GOLP has never "produced" MTBE gasoline, as that term is defined in Plaintiff's Revised Third Set of Interrogatories to All Defendants, dated June 10, 2008.

## RESPONSE TO REQUEST FOR ADMISSION NO. 9:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Request for Admission as unduly burdensome. Specifically, this Request for Admission was served by Defendant simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendant.

The City further objects to this Request for Admission on the ground that it seeks an admission regarding facts that are equally available to and/or within the exclusive knowledge and control of

Defendant. The City also objects that as evidence by the qualifier "only known," Defendant unreasonably asks the City to admit to a matter about which it is itself uncertain.

## REQUEST FOR ADMISSION NO. 10

Admit that with respect to the three blending incidents described in the August 2, 2000 Affidavit of Alice Kuhne and the November 6, 2007 30(b)(6) deposition of GOLP, the limited amount of gasoline blended at those times and in those locations is not part of the product that Plaintiff alleges has caused or will cause injury to Plaintiff's production wells.

## RESPONSE TO REQUEST FOR ADMISSION NO. 10:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Request for Admission as unduly burdensome. Specifically, this Request for Admission was served by Defendant simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendant.

The City further objects to this Request for Admission on the ground that it seeks an admission regarding facts that are equally available to and/or within the exclusive knowledge and control of Defendant. The City further objects to this Request for Admission on the ground that it is vague and ambiguous and does not define the phrases "limited amount," "blending incidents," or "those locations."

## REQUEST FOR ADMISSION NO. 11

Admit that GOLP has never explored for or extracted crude oil.

## RESPONSE TO REQUEST FOR ADMISSION NO. 11:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Request for Admission as unduly burdensome. Specifically, this Request for Admission was served by Defendant simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further

objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendant.

The City further objects to this Request for Admission on the ground that it seeks an admission regarding facts that are equally available to and/or the exclusive knowledge and control of Defendant. The City further objects to this Request for Admission on the ground that it is vague and ambiguous and does not define the phrases "explored for," or "extracted." The City further objects on the grounds that this Request is irrelevant and not reasonably calculated to lead the discovery of admissible evidence.

## REQUEST FOR ADMISSION NO. 12

Admit that GOLP did not and does not own, operate or lease any service stations in the RGA.

## RESPONSE TO REQUEST FOR ADMISSION NO. 12:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Request for Admission as unduly burdensome. Specifically, this Request for Admission was served by Defendant simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendant.

The City further objects to this Request for Admission on the ground that it seeks an admission regarding facts that are equally available to and/or within the exclusive knowledge and control of Defendant. The City further objects to this Request for Admission on the ground that it is vague and ambiguous and does not define the terms "operate" or "lease."

## REQUEST FOR ADMISSION NO. 13

Admit that GOLP was never a member of the American Petroleum Institute ("API").

## RESPONSE TO REQUEST FOR ADMISSION NO. 13:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Request for Admission as unduly burdensome. Specifically, this Request for Admission was served by Defendant simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable

volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendant.

The City further objects to this Request for Admission on the ground that it seeks an admission regarding facts that are equally available to and/or within the exclusive knowledge and control of Defendant. The City further objects to this Request for Admission on the ground that it is vague and ambiguous and does not define the term "member."

## REQUEST FOR ADMISSION NO. 14

Admit that GOLP was never a member of Oxygenated Fuels Association ("OFA").

## RESPONSE TO REQUEST FOR ADMISSION NO. 14:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Request for Admission as unduly burdensome. Specifically, this Request for Admission was served by Defendant simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendant.

The City further objects to this Request for Admission on the ground that it seeks an admission regarding facts that are equally available to and/or within the exclusive knowledge and control of Defendant. The City further objects to this Request for Admission on the ground that it is vague and ambiguous and does not define the term "member."

## REQUEST FOR ADMISSION NO. 15

Admit that GOLP was never a member of the MTBE Committee.

## RESPONSE TO REQUEST FOR ADMISSION NO. 15:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Request for Admission as unduly burdensome. Specifically, this Request for Admission was served by Defendant simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on

November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendant.

The City further objects to this Request for Admission on the ground that it seeks an admission regarding facts that are equally available to and/or within the exclusive knowledge and control of Defendant. The City further objects to this Request for Admission on the ground that it is vague and ambiguous and does not define the term "member."

## REQUEST FOR ADMISSION NO. 16

Admit that GOLP has never manufactured MTBE.

## RESPONSE TO REQUEST FOR ADMISSION NO. 16:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Request for Admission as unduly burdensome. Specifically, this Request for Admission was served by Defendant simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendant.

The City further objects to this Request for Admission on the ground that it seeks an admission regarding facts that are equally available to and/or within the exclusive knowledge and control of Defendant.

## REQUEST FOR ADMISSION NO. 17

Admit GOLP has never been a member of any industry associations or committees with the exception of the Independent Fuel Terminal Operators Association ("IFTOA") and the Society of Independent Gasoline Marketers of America ("SIGMA").

## RESPONSE TO REQUEST FOR ADMISSION NO. 17:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Request for Admission as unduly burdensome. Specifically, this Request for Admission was served by Defendant simultaneously with 12 other sets of Contention

Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendant.

The City further objects to this Request for Admission on the ground that it seeks an admission regarding facts that are equally available to and/or within the exclusive knowledge and control of Defendant. The City further objects to this Request for Admission on the ground that it is vague and ambiguous and does not define the terms "industry associations," "committees," "member."

## RESPONSES TO INTERROGATORIES

## INTERROGATORY NO. 1

If the answer to any of the foregoing requests to admit is anything other than an unqualified ADMIT, state in detail all facts upon which you base your denial or failure to admit. Identify all witnesses with knowledge or information related to your denial or failure to admit.

## RESPONSE TO INTERROGATORY NO. 1:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Interrogatory as unduly burdensome. Specifically, this Interrogatory was served by Defendant simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendant. The City also incorporates by reference its specific objections to each of the foregoing requests to admit.

The City also objects to this Interrogatory to the extent that it calls for premature disclosure of expert opinion, and seeks privileged attorney work product. The City further objects to this Interrogatory to the extent that topics related to this Interrogatory will be the subjects of expert testimony, which is governed by the rules concerning expert disclosures, relevant Court Orders and the Parties' agreements. The City further objects to this Interrogatory on the grounds that it seeks information that is equally available to Defendant, including, but not limited to, information from publicly available reports and databases, information contained in Defendant's own discovery responses and/or testimony given by Defendant's own witnesses in connection with this and/or similar litigation to which Defendant was and/or is a party.

The City further objects to this Interrogatory on the ground that a complete and accurate response might require analyses of additional spill reports and records, site remediation files, groundwater and plume modeling, and Defendant's expert analyses, which have not been fully produced by Defendant. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of Defendant's responses to the City's discovery requests, including without limitation responses related to product distribution, commingled product liability, alternative liability and other proof standards set forth in the Court's Orders, including but not limited to the Court's May 13, 2008 Summary Judgment Opinion in *County of Suffolk*, et al., *v. Amerada Hess Corp.* et al, 04 Civ. 5424, which have not been fully produced by Defendant. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of Defendant's responses to Court-ordered disclosures regarding product distribution, successor liability and other matters, which have not been fully responded to by Defendant. The City reserves its right to request that the Court order Defendant to answer its own Interrogatory to the extent it seeks information from the City which Defendant itself has withheld. *See, e.g.*, Case Management Order # 31 in *County of Suffolk*, et al., *v. Amerada Hess Corp.* et al, 04 Civ. 5424 and the October 31, 2007 MDL Hearing Transcript at pp. 68-71. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of documents responsive to recently issued third-party subpoenas by certain defendants to pipeline companies and others, which have not yet been responded to by the relevant third-parties. The City reserves its right to amend this Response as it receives this information.

The City further objects to this Interrogatory on the ground that it seeks the premature disclosure of the City's Exhibit Lists and Deposition Designations, before such disclosure is due in circumvention of Court Orders and the Parties' agreements and is also unduly burdensome and oppressive for that reason.

## INTERROGATORY NO. 2

Do you contend that GOLP engaged in a conspiracy to distribute gasoline containing MTBE? If so, state all facts in support of this contention, and identify all witnesses who you contend have information in support of this contention.

## RESPONSE TO INTERROGATORY NO. 2:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Interrogatory as unduly burdensome. Specifically, this Interrogatory was served by Defendant simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendant.

The City also objects to this Interrogatory to the extent that it calls for premature disclosure of expert opinion, and seeks privileged attorney work product. The City further objects to this Interrogatory to the extent that topics related to this Interrogatory will be the subjects of expert testimony, which is governed by the rules concerning expert disclosures, relevant Court Orders and the Parties' agreements. The City further objects to this Interrogatory on the grounds that it seeks information that is equally available to Defendant, including, but not limited to, information from publicly available reports and databases, information contained in Defendant's own discovery responses and/or testimony given by Defendant's own witnesses in connection with this and/or similar litigation to which Defendant was and/or is a party.

The City further objects to this Interrogatory on the ground that it seeks the premature disclosure of the City's Exhibit Lists and Deposition Designations, before such disclosure is due in circumvention of Court Orders and the Parties' agreements and is also unduly burdensome and oppressive for that reason. The City also objects to this Interrogatory on the basis that it seeks "all facts" as being unduly burdensome, over broad, oppressive and not generally within the practical capabilities of a party to respond.

Subject to and without waiving its general and specific objections, the City responds as follows: the City refers Defendant to the Fourth Amended Complaint, which is incorporated by reference as if set forth in full here.

## INTERROGATORY NO. 3

Do you contend that GOLP engaged in any activity in violation of NY General Business Law § 349? If so, state all facts in support of this contention, and identify all witnesses who you contend have information in support of this contention.

## RESPONSE TO INTERROGATORY NO. 3:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Interrogatory as unduly burdensome. Specifically, this Interrogatory was served by Defendant simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendant.

The City also objects to this Interrogatory to the extent that it calls for premature disclosure of expert opinion, and seeks privileged attorney work product. The City further objects to this Interrogatory to the extent that topics related to this Interrogatory will be the subjects of expert testimony, which is governed by the rules concerning expert disclosures, relevant Court Orders and the Parties' agreements. The City further objects to this Interrogatory on the grounds that it seeks information that is equally available to Defendant, including, but not limited to,

information from publicly available reports and databases, information contained in Defendant's own discovery responses and/or testimony given by Defendant's own witnesses in connection with this and/or similar litigation to which Defendant was and/or is a party.

The City further objects to this Interrogatory on the ground that it seeks the premature disclosure of the City's Exhibit Lists and Deposition Designations, before such disclosure is due in circumvention of Court Orders and the Parties' agreements and is also unduly burdensome and oppressive for that reason.  The City also objects to this Interrogatory on the basis that it seeks "all facts" as being unduly burdensome, over broad, oppressive and not generally within the practical capabilities of a party to respond.  The City objects on the grounds that this Interrogatory improperly calls for a legal conclusion.

Subject to and without waiving its general and specific objections, the City responds as follows: the City refers Defendant to the Fourth Amended Complaint, which is incorporated by reference as if set forth in full here.

## RESPONSES TO REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1

If the answer to any of the foregoing requests to admit is anything other than an unqualified ADMIT, produce all documents that support your response.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Request for Production as unduly burdensome.  Specifically, this Request for Production was served by Defendant simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and November 19, 2008.  Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony.  The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendant.  The City also incorporates by reference its specific objections to each of the foregoing requests to admit.

The City further objects to this Request for Production on the ground that it seeks the premature disclosure of the City's Exhibit Lists and Deposition Designations before such disclosure is due in circumvention of Court Orders and is also unduly burdensome for that reason.  Furthermore, City objects to this Request for Production on the ground that it seeks the premature disclosure of expert-related documents, in violation of relevant Court Orders and the Parties' agreements.  The City will not produce documents in response to this Request, but will instead disclose its Exhibit Lists, Deposition Designations and expert-related documents to Defendant at the appropriate times as set forth in the relevant Court Orders and in accordance with the Parties' agreements.

## REQUEST FOR PRODUCTION NO. 2

Produce all documents in support of your contention that GOLP engaged in a conspiracy to distribute gasoline containing MTBE.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Request for Production as unduly burdensome. Specifically, this Request for Production was served by Defendant simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendant.

The City further objects to this Request for Production on the ground that it seeks the premature disclosure of the City's Exhibit Lists and Deposition Designations before such disclosure is due in circumvention of Court Orders and is also unduly burdensome for that reason. Furthermore, City objects to this Request for Production on the ground that it seeks the premature disclosure of expert-related documents, in violation of relevant Court Orders and the Parties' agreements. The City will not produce documents in response to this Request, but will instead disclose its Exhibit Lists, Deposition Designations and expert-related documents to Defendant at the appropriate times as set forth in the relevant Court Orders and in accordance with the Parties' agreements.

## REQUEST FOR PRODUCTION NO. 3

Produce all documents in support of your contention that GOLP engaged in any activity in violation of New York General Business Law § 349.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Request for Production as unduly burdensome. Specifically, this Request for Production was served by Defendant simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendant.

The City further objects to this Request for Production on the ground that it seeks the premature disclosure of the City's Exhibit Lists and Deposition Designations before such disclosure is due in circumvention of Court Orders and is also unduly burdensome for that reason. Furthermore, City objects to this Request for Production on the ground that it seeks the premature disclosure of expert-related documents, in violation of relevant Court Orders and the Parties' agreements. The City also objects that this Request improperly calls for a legal conclusion. The City will not produce documents in response to this Request, but will instead disclose its Exhibit Lists, Deposition Designations and expert-related documents to Defendant at the appropriate times as set forth in the relevant Court Orders and in accordance with the Parties' agreements.

## REQUEST FOR PRODUCTION NO. 4

Produce all documents that you identified in your responses to the foregoing Interrogatories.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Request for Production as unduly burdensome. Specifically, this Request for Production was served by Defendant simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendant.

//

//

//

//

//

//

//

//

The City further objects to this Request for Production on the ground that it seeks the premature disclosure of the City's Exhibit Lists and Deposition Designations before such disclosure is due in circumvention of Court Orders and is also unduly burdensome for that reason.  Furthermore, City objects to this Request for Production on the ground that it seeks the premature disclosure of expert-related documents, in violation of relevant Court Orders and the Parties' agreements.  The City will not produce documents in response to this Request, but will instead disclose its Exhibit Lists, Deposition Designations and expert-related documents to Defendant at the appropriate times as set forth in the relevant Court Orders and in accordance with the Parties' agreements.

Dated: San Francisco, California
December 19, 2008

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
Attorney for Plaintiff City of New York
100 Church Street
New York, New York 10007
(212) 788-1568

SHER LEFF LLP
450 Mission Street, Suite 400
San Francisco, CA 94105
(415) 348-8300

By:  _____

VICTOR M. SHER *(pro hac vice)*
TODD E. ROBINS *(pro hac vice)*
NICHOLAS G. CAMPINS *(pro hac vice)*

*Attorneys for Plaintiff City of New York*

## CERTIFICATE OF SERVICE

I, Kristin Meyers, hereby certify that on December 19, 2008, a true and correct copy of

the foregoing Plaintiff City of New York's Responses and Objections to Defendant Gulf Oil

Limited Partnership's Requests for Admission, Interrogatories and Requests for Production was

served via Lexis Nexis File & Serve on all counsel of record in this action.

Kristin Meyers