| | |
|---|---|
| UNITED STATES DISTRICT COURT      ) <br> SOUTHERN DISTRICT OF NEW YORK   ) <br> ────────────────────────────    ) <br>                                 ) <br>                                 ) <br> **In re: Methyl Tertiary Butyl Ether** ) <br> **("MTBE") Products Liability Litigation** ) <br>                                 ) <br> ────────────────────────────    ) <br>                                 ) <br>                                 ) <br> **This document relates to:**        ) <br> *City of New York v. Amerada Hess Corp., et* ) <br> *al.* **No. 04-CV-3417**             ) <br> ────────────────────────────    ) | **Master File No. 1:00-1898** <br> **MDL 1358 (SAS)** <br> **M21-88** |

## VALERO DEFENDANTS' AND PREMCOR'S
## TRIAL EXHIBIT LIST

Defendants Valero Energy Corporation, Valero Refining and Marketing Company and Valero Marketing and Supply Company (collectively "Valero Defendants"), and The Premcor Refining Group Inc. ("Premcor"), hereby make the following pre-trial disclosure of trial exhibits. Valero Defendants and Premcor expect that they may offer the exhibits listed on the attached Exhibit 1, Valero Defendants' and Premcor's Trial Exhibit Lists, depending, in part, on the proof offered at trial by Plaintiff and other Defendants, the Court's rulings on pre-trial motions and evidentiary and other motions made during trial, and on other factors, including the evidence adduced during ongoing depositions. Valero Defendants and Premcor anticipate that they may supplement the attached list with additional exhibits in light of: (1) the extension of the expert discovery cut-off to May 4, 2009; (2) Plaintiff's failure to fully respond to certain discovery requests by Defendants, including Plaintiff's failure to clearly define the scope and nature of its commingled product, market share, punitive damages and other theories in this case; and, (3) the pending depositions of certain experts and fact witnesses. With this filing Valero Defendants and Premcor do not waive any rights they may otherwise have to supplement or amend their

-2-

exhibit lists, including in response to any exhibits offered by Plaintiffs or other Defendants, any changes in Plaintiff's or other Defendants' exhibit lists, or facts adduced during ongoing discovery.

Valero Defendants and Premcor incorporate into the attached Exhibit 1 by reference any and all documents and exhibits included on Plaintiff's trial exhibit list or on any other Defendant's trial exhibit list.  Valero Defendants and Premcor also reserve the right to remove any exhibit(s) from the attached exhibit list prior to introduction of the exhibit at trial, to elect not to offer any of the exhibit(s) into evidence at trial, and/or to object to the admissibility of any exhibit(s) offered by Plaintiff or another Defendant at trial, regardless of whether the challenged exhibit is on the attached exhibit list.

Dated:  April 27, 2009

Respectfully submitted,

Bracewell & Giuliani LLP

_____s/    Andrew M. Taylor_____
J. Clifford Gunter III (JG 7794)
Andrew M. Taylor (AT 7255)
M. Coy Connelly (MC 9384)
BRACEWELL & GIULIANI LLP
711 Louisiana Street, Suite 2300
Houston, TX 77002-2770
Tel. (713) 221-1335
Fax (713) 221-2159

ATTORNEYS FOR VALERO DEFENDANTS AND
THE PREMCOR REFINING GROUP INC.

- 3 -

## PROOF OF SERVICE

I hereby certify that a true and correct copy of Valero Defendants' and Premcor's Trial Exhibit List was served upon all counsel of record via LexisNexis File & Serve on the 27th day of April, 2009.

        s/   Andrew M. Taylor
        Andrew M. Taylor