# Exhibit 3





24386348

Mar 25 2009
8:29PM

**WALLACE KING DOMIKE & REISKIN, PLLC**

| 2900 K STREET, NW | T: 202.204.1000 | RICHARD E. WALLACE, JR. |
| HARBOURSIDE, SUITE 500 | F: 202.204.1001 | 202.204.3710 |
| WASHINGTON, DC 20007 | www.wallaceking.com | rwallace@wallaceking.com |

March 25, 2009

*Via Email and LNFS*

Nicholas G. Campins, Esq.
Sher Leff
450 Mission Street, Suite 400
San Francisco, CA 94105

    Re:    City of New York v. Hess, No. 04-CIV-3417, MDL No. 1358
             *Defendants' Motion To Bar Punitive Damages*

Dear Mr. Campins:

This responds to your letter of March 24 regarding *Defendants' Motion To Bar Punitive Damages Based on the Market Share and Commingled Product Theories.*

We were previously advised by the Clerk's office that paper filings are still proper even after the case was set up for ECF filings. In fact, numerous paper filings have been submitted and accepted since CMO 41 was entered designating cases in MDL 1358 for ECF. Nonetheless, yesterday we re-filed the Motion via ECF. Therefore, whether ECF filing is necessary or not, the Motion is now properly filed by any standard.

You are correct to treat the Motion as a motion *in limine.* The Motion was submitted as a motion *in limine* because Judge Scheindlin stated in deciding the similar motion in the *Suffolk* case that she regards an *in limine* motion as the appropriate procedure for seeking to bar punitive damages. In an excess of caution, however, defendants also couched the motion in the alternative as a motion for summary judgment because, as explained in footnote 1 of both the Motion and supporting brief, that is the procedure the Second Circuit has previously employed. We see no reason to withdraw the Motion, as your letter suggested.

In our view, treating the Motion as a motion *in limine* does not mean the City can wait until May 25, 2009 to respond, as you state in your letter. Per CMO 47, motions in *limine* can be filed as late as May 11, and the response date for motions filed on that deadline would be May 25. For the Motion we just filed, however, we will ask Judge Scheindlin to set a briefing schedule. Defendants would like a ruling sooner rather than later. We also assume the Court would prefer to have the motion fully briefed promptly. Thus, we do not accept your position that the City can wait until four weeks before trial to respond. If you would like to suggest a briefing schedule before the April 2 conference, perhaps we can reach agreement and submit a joint proposal to the Court at that conference. Otherwise, we will simply ask the Court to set a schedule.



Very truly yours,

*Richard E. Wallace, Jr.*

cc: Liaison Counsel by email
    All Counsel by LNFS