UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X
IN RE: METHYL TERTIARY BUTYL ETHER
PRODUCTS LIABILITY LITIGATION
---------------------------------------------------------X
This document relates to the following cases:
*City of New York v. Amerada Hess Corp., et al.*,
04 Civ. 3417
---------------------------------------------------------X

Master File C.A. No. 1:00-1898
MDL 1358 (SAS)
M21-88

**MEMORANDUM OF LAW IN SUPPORT OF MOTION *IN LIMINE* OF LYONDELL CHEMICAL COMPANY TO EXCLUDE ANY ARGUMENT OR EVIDENCE ATTRIBUTING THE ACTS OR LIABILITY OF ATLANTIC RICHFIELD COMPANY TO ARCO CHEMICAL COMPANY OR LYONDELL CHEMICAL COMPANY**

**I.  PRELIMINARY STATEMENT**

The Delaware corporation known as "ARCO Chemical Company," to which Defendant Lyondell Chemical Company ("Lyondell") is successor-in-interest, and Atlantic Richfield Company ("Atlantic Richfield"), a co-defendant in this case, are and always have been distinct and separate corporate entities. Prior to June 4, 1987, there existed an unincorporated operating division of Atlantic Richfield known as "ARCO Chemical Company, a Division of Atlantic Richfield Company" (the "ARCO Chemical Division"). This division and its personnel acted solely for or on behalf of Atlantic Richfield. On June 9, 1987, Atlantic Richfield transferred virtually all of the assets and liabilities of the oxygenates and polystyrenics businesses of the ARCO Chemical Division to a Delaware corporation known as "ARCO Chemical Company," which until that time had been a shell or non-operating corporation. Lyondell acquired the Delaware corporation known as "ARCO Chemical Company" on July 28, 1998.

As wholly separate corporate entities, Atlantic Richfield, on the one hand, and ARCO Chemical Company/Lyondell, on the other hand, bear responsibility for their own respective obligations and conduct. Nevertheless, there is a substantial possibility that the two entities will

become confused in the minds of the jury. Indeed, Lyondell expects that, at trial in this case, Plaintiff City of New York ("Plaintiff"), and perhaps other parties, will seek to introduce irrelevant and highly prejudicial evidence of a single, unified enterprise encompassing Atlantic Richfield and ARCO Chemical Company/Lyondell, which are in reality two distinct defendants. Lyondell also expects Plaintiff, and perhaps others, to attempt to attribute the acts and liability of Atlantic Richfield before June 9, 1987 to ARCO Chemical Company, the Delaware corporation, and/or to Lyondell. Accordingly, Lyondell brings this motion to prevent such irrelevant and highly prejudicial argument and evidence. Such *in limine* relief is particularly appropriate now that Atlantic Richfield and Plaintiff have settled claims against Atlantic Richfield in this case.

## II. STATEMENT OF RELEVANT FACTS

Before June 4, 1987, there existed an unincorporated operating division of Atlantic Richfield known as "ARCO Chemical Company, a Division of Atlantic Richfield Company." *See* Declaration of Joseph T. Lee at ¶ 3. On June 9, 1987, Atlantic Richfield transferred virtually all of the assets and liabilities of the oxygenates (i.e., MTBE and other chemicals) and polystyrenics businesses of its ARCO Chemical Division to a Delaware corporation known as "ARCO Chemical Company," which corporation had been up to that time a shell corporation. *Id.* at ¶ 4. Atlantic Richfield and ARCO Chemical Company have operated as separate, unaffiliated corporations since the June 9, 1987 transfer.

On July 28, 1998, Lyondell acquired ARCO Chemical Company, the Delaware corporation, which became a wholly-owned subsidiary of Lyondell. *Id.* at ¶ 5. On January 1, 1999, the business unit that had been known as "ARCO Chemical Company" changed its name to "Lyondell Chemical Worldwide, Inc." *Id.* However, on December 31, 1999, Lyondell Chemical Worldwide, Inc. was merged into Lyondell, with Lyondell being the surviving entity.

*Id.* Since January 1, 1999, there has not been in existence any entity doing business under the name "ARCO Chemical Company." *Id.*

At all times since the June 9, 1987 transfer, ARCO Chemical Company/Lyondell and Atlantic Richfield have maintained entirely different business operations. Unlike Atlantic Richfield, a gasoline refiner, ARCO Chemical Company/Lyondell has never sold or delivered any gasoline (with or without MTBE) to any jobbers, brokers, traders, or service stations in Queens County, New York, and has not owned any gasoline storage terminals, service stations, or underground storage tanks in Queens County. *Id.* at ¶¶ 9-10. Rather, ARCO Chemical Company, the Delaware corporation, and Lyondell are and always have been in the business of, among other things, manufacturing and selling MTBE, which gasoline refiners such as Atlantic Richfield and others blend into their gasoline products. *Id.* at ¶ 8.

### III. ARGUMENT

#### A. Any Argument or Evidence Attributing the Acts or Liability of Atlantic Richfield before June 9, 1987 to ARCO Chemical Company/Lyondell or Disregarding the Corporate Separateness of ARCO Chemical Company/Lyondell and Atlantic Richfield Is Not Relevant and Should Be Excluded under Fed. R. Evid. 402.

Rule 402 of the Federal Rules of Evidence provides that "[e]vidence which is not relevant is not admissible." Fed. R. Evid. 402; *see also Figueroa v. City of New York*, No. 00 Civ. 7559 (SAS), 2002 U.S. Dist. LEXIS 18340, at *16, *19 (S.D.N.Y. Sept. 24, 2002) (Scheindlin, J.). Under Fed. R. Evid. 401, the term "relevant evidence" is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Courts are afforded the discretion to determine the relevance of evidence. *See United States v. Han*, 230 F.3d 560, 564 (2d Cir. 2000) (citing *United States v. Lumpkin*, 192 F.3d 280, 287 (2d Cir. 1999)).

It is well-established under New York law that corporate entities are presumed to have separate existences. *See Kalin v. Xanboo, Inc.*, 526 F. Supp. 2d 392, 403 (S.D.N.Y. 2007) (citing *Prescient Acquisition Group, Inc. v. MJ Pub. Trust.*, No. 05 Civ. 6298, 2006 WL 2136293, at *4 (S.D.N.Y. July 31, 2006)); *American Protein Corp. v. AB Volvo*, 844 F.2d 56, 60 (2d Cir. 1988) (citing *Crown Cent. Petroleum v. Cosmopolitan Shipping Co.*, 602 F.2d 474, 476 (2d Cir. 1979)). In addition, each discrete corporate entity bears responsibility for its own actions. *See, e.g., Dolori Fabrics, Inc. v. The Limited, Inc.*, 662 F. Supp. 1347, 1352 (S.D.N.Y. 1987); *Daley v. Related Cos., Inc.*, 198 A.D.2d 118, 118-19 (N.Y. App. Div. 1993); *Derso v. Volkswagen of America, Inc.*, 159 A.D.2d 937, 938-39 (N.Y. App. Div. 1990); *see also Cascade Energy & Metals Corp. v. Banks*, 896 F.2d 1557, 1576 (10th Cir. 1990) ("The law permits the incorporation of businesses for the very purpose of isolating liabilities among separate entities.").

Here, the Delaware corporation known as "ARCO Chemical Company" and Lyondell, on the one hand, and Atlantic Richfield, on the other hand, are and always have been distinct and separate corporate entities. At all times since June 9, 1987, ARCO Chemical Company/Lyondell and Atlantic Richfield have maintained completely different business operations, with ARCO Chemical Company/Lyondell, on the one hand, manufacturing and selling neat MTBE, and Atlantic Richfield, on the other hand, refining and selling gasoline, including MTBE-gasoline. As such, Atlantic Richfield is responsible for the conduct of its agents and employees, including any of its divisions, before June 9, 1987, and ARCO Chemical Company/Lyondell is accountable for its own respective agents' and employees' actions thereafter.

Therefore, any argument or evidence attributing the acts or liability of Atlantic Richfield before June 9, 1987 to ARCO Chemical Company/Lyondell, or ignoring the corporate separateness of ARCO Chemical Company/Lyondell and Atlantic Richfield, is simply not

relevant to this case. Such evidence lacks any tendency to prove or disprove a disputed fact that is of consequence to the determination of this action. Likewise, it is not probative of any fact bearing upon any issue in this case, such as the performance by Lyondell of its duty to warn customers concerning the risks involved in the transportation, storage, use, and handling of MTBE, or Lyondell's actions in connection with the sale of MTBE for use in gasoline. This Court should exclude this irrelevant evidence at trial under Fed. R. Evid. 402.

### B. Any Argument or Evidence Disregarding the Corporate Separateness of ARCO Chemical Company/Lyondell and Atlantic Richfield Is Substantially More Prejudicial than Probative and Should Be Excluded under Fed. R. Evid. 403.

Under Fed. R. Evid. 403, the Court may exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Trial courts "are accorded wide latitude in excluding evidence that poses an undue risk of harassment, prejudice [or] confusion of the issues or evidence that is repetitive or only marginally relevant." *United States v. Purdy*, 144 F.3d 241, 246 (2d Cir. 1998), *cert. denied*, 525 U.S. 1020 (1998) (quoting *United States v. Blum*, 62 F.3d 63, 67 (2d Cir. 1995), and citing Fed. R. Evid. 403); *see also Han*, 230 F.3d at 564 (same). Courts, therefore, may "place reasonable restrictions on the admission of evidence based on the concerns as to prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." *United States v. Pascarella*, 84 F.3d 61, 70 (2d Cir. 1996) (quoting *United States v. Holmes*, 44 F.3d 1150, 1157 (2d Cir. 1995)). Significantly, courts have recognized that the "unfair prejudice" contemplated by Fed. R. Evid. 403 is that a jury may "base its decision on an improper basis" or will confuse the issues. *United States v.*

*Siegel*, 717 F.2d 9, 17 (2d Cir. 1983) (citations omitted); *Smith v. NBC Universal*, No. 06 Civ. 5350 (SAS), 2008 U.S. Dist. LEXIS 13280, at *10 (S.D.N.Y. Feb. 22, 2008) (Scheindlin, J.).

This Court should exercise its discretion under Rule 403 to exclude any argument or evidence attributing the acts or liability of Atlantic Richfield before June 9, 1987 to ARCO Chemical Company/Lyondell, or that is inconsistent with the corporate separateness of ARCO Chemical Company/Lyondell and Atlantic Richfield. The admission of such evidence would create a substantial risk that Lyondell will be unduly prejudiced because it is likely that the jury will mistakenly believe that ARCO Chemical Company/Lyondell and Atlantic Richfield are the same or are part of a single enterprise, when, in fact, they are not. This is precisely the type of "improper basis" upon which a jury may rely and confusion of the issues that courts in this Circuit seek to prevent.

Likewise, if such evidence is admitted, the jury may incorrectly assume that ARCO Chemical Company/Lyondell sold or delivered gasoline or MTBE-gasoline to jobbers, brokers, traders, or service stations in Queens County – which Atlantic Richfield may have done, but ARCO Chemical Company/Lyondell did not do. This prejudice will occur if Plaintiff inappropriately refers to ARCO Chemical Company/Lyondell as, among other things, "ARCO," "a division of ARCO (or Atlantic Richfield)," or "part of ARCO (or Atlantic Richfield)." Plaintiff also will confuse and mislead the jury by introducing or referring to correspondence involving agents, employees, or representatives of Atlantic Richfield or its divisions *before* June 9, 1987 (i.e., before ARCO Chemical Company, the Delaware corporation, came into existence) and while such persons were employed solely as agents of *Atlantic Richfield*, with the intent that the jury impute any knowledge or facts reflected in the documents to ARCO Chemical Company/Lyondell. If such evidence were admitted, the jury could wrongly hold Lyondell, as

successor-in-interest to ARCO Chemical Company, the Delaware corporation, accountable for the acts or omissions of Atlantic Richfield before June 9, 1987. Accordingly, such argument or evidence should be excluded at trial under Rule 403.

## IV. <u>CONCLUSION</u>

For each of the foregoing reasons, Lyondell respectfully requests that this Court issue an order excluding at trial any argument or evidence (including, but not limited to, memoranda, correspondence, communications, and other documents) involving agents, employees, or representatives of Atlantic Richfield or any of its divisions before June 9, 1987 that purports to show or suggests to the jury: (i) that any act or omission of Atlantic Richfield before June 9, 1987 was an act or omission of the Delaware corporation known as "ARCO Chemical Company" or Lyondell; (ii) that the Delaware corporation known as "ARCO Chemical Company" or Lyondell is or may be liable for any act or omission of Atlantic Richfield before June 9, 1987; or (iii) that Atlantic Richfield, on the one hand, and the Delaware corporation known as ARCO Chemical Company and Lyondell, on the other hand, were not separate and distinct corporate entities.

Dated: May 11, 2009

**BLANK ROME LLP**

/s/ Jeffrey S. Moller
Alan J. Hoffman
Jeffrey S. Moller
John J. DiChello
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
(212) 885-5000

*Attorneys for Defendant,
Lyondell Chemical Company*