UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE METHYL TERTIARY BUTYL ETHER PRODUCTS
LIABILITY LITIGATION

Master File No. 1:00-1898
MDL 1358 (SAS)
M21-88

This document relates to:

*City of New York v. Amerada Hess Corp., et al.*, No. 04-CIV-3417

# DEFENDANTS' JOINT MOTION *IN LIMINE* TO PRECLUDE PLAINTIFF FROM INTRODUCING EVIDENCE OR ARGUMENT: (1) RELATING TO NON-PARTIES AGAINST DEFENDANTS; OR (2) RELATING ONLY TO ONE DEFENDANT AGAINST MULTIPLE DEFENDANTS

Dockets.Justia.com

## INTRODUCTION

Defendants move to preclude Plaintiff from offering evidence or argument: (1) relating to non-parties against Defendants; or (2) relating only to one Defendant against multiple Defendants. Such evidence has no relevance to any material issue of fact for trial, and will confuse the issues and mislead the jury, cause undue delay, waste of time, and unfairly prejudice Defendants. By this Motion, Defendants also seek an instruction from this Court requiring that when Plaintiff introduces exhibits at trial, as well as when Plaintiff refers to exhibits during opening and closing statements, that Plaintiff specifies the Defendant(s) against whom each exhibit is offered.

## LEGAL STANDARD

Federal Rule of Evidence 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Under Federal Rule of Evidence 402, "[e]vidence which is not relevant is not admissible." Evidence is relevant if it "tends to prove or disprove a matter properly provable in the case." *United States v. Torniero*, 735 F.2d 725, 730 (2d Cir. 1984) (internal quotations omitted); *see also Bensen v. Amer. Ultramar*, No. 92 Civ. 4420, 1996 U.S. Dist. LEXIS 10647, at *14 (S.D.N.Y. July 26, 1996) ("[R]elevancy is a relationship between a proffered item of evidence and a fact that is of consequence to the determination of the action." (internal quotations omitted)). The party seeking to admit the evidence "has the burden of showing that the prerequisites for its admissibility are met." *Potamkin Cadillac Corp. v. B.R.I. Coverage Corp.*, 38 F.3d 627, 632 (2d Cir. 1994).

Even if relevant, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403; *Guidi v. Inter-Continental Hotels Corp.*, No. 95 Civ. 9006, 2003 U.S. Dist. LEXIS 6385, at *46 (S.D.N.Y. Apr. 16, 2003) (excluding evidence where "likelihood of jury confusion [was] great"). Indeed, the Court should exercise its discretion under Rule 403 to exclude evidence which, if admitted, essentially would create a "mini-trial" on a collateral issue. *See United States v. Bowe*, 360 F.2d 1, 15 (2d Cir. 1966); *see, e.g., United States v. Williams*, 464 F.3d 443, 448 (3d Cir. 2006) (excluding evidence of murder as non-probative of truthfulness and noting "potential for an unnecessary mini-trial on the issue"); *United States v. Chase*, 451 F.3d 474, 480 (8th Cir. 2006) (affirming exclusion of evidence that "would involve collateral mini trials . . . and would be prejudicial, confusing, and misleading.") (internal quotations omitted).

Even when evidence is admissible as to one party or for one purpose but not admissible as to another party or for another purpose, the Court, upon request, shall restrict the evidence to its proper scope and instruct the jury accordingly. Fed. R. Evid. 105; *In re Asbestos-Related Litig.*, No. CP-81-1, 1983 U.S. Dist. LEXIS 20340, *9 (E.D.N.C. June 29, 1983) (entering pretrial order requiring that when plaintiff presents its list of anticipated exhibits to defendants, plaintiff must "state which defendant or defendants the exhibit will be introduced against").

## ARGUMENT

The only evidence that is *potentially* relevant to each Defendant's alleged liability is that which relates to that Defendant's own knowledge and conduct during the time period at issue in this litigation. The alleged knowledge of independent entities never named in this matter, or of

any other named defendant remaining at trial,[2] is irrelevant to the claims and allegations asserted against each Defendant in this litigation. Aside from being irrelevant to any material fact bearing on the liability of a Defendant, the admission of such evidence would needlessly waste time, confuse the issues, and prejudice Defendants by forcing them to put on a "mini-trial" to defend against the putative knowledge and actions of unrelated entities from whom they took no discovery in this case. *Bowe*, 360 F.2d at 15; *Williams*, 464 F.3d at 448; *Chase*, 451 F.3d at 480.

Likewise, pursuant to Fed. R. Evid. 105, Defendants request that the admission of evidence relating to one Defendant only be clearly delineated as such prior to introduction at trial, lest it also needlessly waste time, confuse the issues, and prejudice Defendants, whose liability must be judged individually, not based on what a co-Defendant did or did not do or know. *See, e.g., In re Asbestos-Related Litig.*, 1983 U.S. Dist. LEXIS 20340, *9 (entering pretrial order requiring that when plaintiff presents its list of anticipated exhibits to defendants, plaintiff must "state which defendant or defendants the exhibit will be introduced against"); *State ex rel. Williams v. Mauer*, 722 S.W.2d 296, 306 (Mo. 1987) (requiring that when plaintiff produces its anticipated exhibit list, it must "state which defendant or defendants the exhibit will be introduced against").

Accordingly, Defendants specifically request that when Plaintiff offers an exhibit into evidence, as well as when referencing an exhibit during opening or closing statements, Plaintiff specifies the Defendant(s) against whom the exhibit will be offered. This procedure was ordered by the trial judge in the *Tahoe* case at the defendants' request. *See* Riccardulli Decl. Ex. A.

---

[2] To the extent that Plaintiff offers relevant, admissible evidence about the alleged conduct or knowledge of one Defendant, the Court should allow that evidence to be admitted only against that particular Defendant. Thus, for example, in determining ExxonMobil's potential liability, the jury should not consider evidence of another Defendant's knowledge or conduct, and *vice versa*.

(attaching relevant excerpt from 9/26/01 Trial Transcript at 93:22-25, 94:1-2) ("in the asbestos cases we always tell the plaintiffs don't refer to the asbestos industry, and refer to defendants individually, because they all have a right to have a case tried against them individually ... you can't tar all defendants with the same brush."); *Id.*, Ex. B. (Plaintiff's Opening Statement, *Tahoe* Trial Transcript at 480:2-5, 483:17-18; 485:10) ("This document is a Shell document, so this is going to be considered against Shell . . .").

## CONCLUSION

For the foregoing reasons, the Court should enter an Order precluding Plaintiff from introducing testimony, other evidence, or argument about the alleged conduct or knowledge of any non-party, or of any Defendant against another Defendant. The Court should further Order Plaintiff to identify against which Defendant(s) each piece of evidence is being offered before it is admitted into evidence.

Dated: New York, New York

May 11, 2009

Respectfully submitted,

Peter John Sacripanti (PS 8968)
James A. Pardo (JP 9018)
Stephen J. Riccardulli (SR 7784)
Lauren Handel (LH 0755)
McDERMOTT WILL & EMERY LLP
340 Madison Avenue
New York, New York 10173
*Attorneys for Exxon Mobil Corporation and on behalf of all remaining Defendants*