# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
In re: Methyl Tertiary Butyl Ether ("MTBE") Products
Liability Litigation
-------------------------------------------------------------- x
This Document Relates To:
-------------------------------------------------------------- x
CITY OF NEW YORK,

            Plaintiff,

-against-

AMERADA HESS CORPORATION; ATLANTIC RICHFIELD
COMPANY; BP AMERICA, INC.; BP AMOCO CHEMICAL
COMPANY, INC.; BP AMOCO CORPORATION; BP
PRODUCTS NORTH AMERICA, INC.; CHEVRONTEXACO
CORPORATION; CHEVRON USA, INC.; CITGO
PETROLEUM CORPORATION; CITGO REFINING AND
CHEMICAL COMPANY, LP; COASTAL EAGLE POINT OIL
COMPANY; CONOCOPHILLIPS COMPANY; CROWN
CENTRAL PETROLEUM CORPORATION; DUKE ENERGY
MERCHANTS, LLC; EL PASO MERCHANT ENERGY-
PETROLEUM COMPANY; EQUILON ENTERPRISES LLC;
EQUISTAR CHEMICALS, LP; EXXONMOBIL
CORPORATION; EXXONMOBIL OIL CORPORATION;
FLINT HILLS RESOURCES, LP; GEORGE E. WARREN
CORPORATION; GETTY PETROLEUM MARKETING INC.;
GETTY PROPERTIES CORP.; GIANT YORKTOWN, INC.;
GULF OIL LIMITED PARTNERSHIP; IRVING OIL
CORPORATION; IRVING OIL LIMITED; LYONDELL-
CITGO REFINING, LP; LYONDELL CHEMICAL
COMPANY; MARATHON ASHLAND PETROLEUM LLC;
MARATHON OIL COMPANY; MOBIL CORPORATION;
MOTIVA ENTERPRISES, LLC; THE PREMCOR REFINING
GROUP, INC.; SHELL OIL COMPANY; SHELL OIL
PRODUCTS COMPANY LLC; SHELL TRADING (US)
COMPANY; SUNOCO, INC.; SUNOCO INC. (R&M);
TEXACO, INC.; TEXACO REFINING AND MARKETING
(EAST); TEXACO REFINING AND MARKETING, INC.;
TMR COMPANY; TOSCO CORPORATION; TOSCO
REFINING COMPANY, INC.; TOTAL PETROCHEMICALS
USA, INC.; TRMI HOLDINGS INC.; ULTRAMAR ENERGY,
INC.; ULTRAMAR LIMITED; UNOCAL CORPORATION;
VALERO ENERGY CORPORATION; VALERO
MARKETING AND SUPPLY COMPANY; VALERO
REFINING AND MARKETING; VITOL S.A.; and DOES 1-77,
inclusive,

            Defendant(s).
-------------------------------------------------------------- x

MDL No. 1358

Master File No. 1:00-1898 (SAS)

Case No. 04-CV-3417 (SAS)

**FOURTH AMENDED COMPLAINT**

Venue changed to US District Court for the Southern District of New York

Transferred from US District Court for the Eastern District of New York, 04-CV-860(ADS)

Removed from Supreme Court of the State of New York, County of Queens, Index No. 25720/03

**(JURY TRIAL DEMANDED)**

Plaintiff the City of New York, by its attorney Michael Cardozo, Corporation Counsel of the City of New York, alleges as follows

### Preliminary Statement

1. The City of New York (the "City") brings this action to recover all costs and damages (collectively, "Costs and Damages") that it has incurred, is incurring, and will incur from investigating, cleaning, detecting, monitoring, preventing, abating, containing, removing, and remediating, among other things, the harm that methyl tertiary butyl ether ("MTBE") and other Products (as defined below), whether as defendants' product or as an additive to defendants' gasoline product, has caused to the City's groundwater well system as a result of contamination of the soil and/or the aquifer from which these wells draw water by MTBE and other Products (as defined below). The City's groundwater well system is located in and around Jamaica, in the County of Queens, City of New York, State of New York (the "Affected Area").

2. MTBE is a widely used gasoline additive with unique chemical properties that make it particularly dangerous to groundwater. MTBE spreads into groundwater far more quickly than other gasoline additives available on the market, and its chemical properties make it extremely difficult to treat and/or remove. Furthermore, scientific data indicates that MTBE may cause significant adverse health impacts, and it is well known that even small concentrations of MTBE renders drinking water unfit for human consumption. Tests performed by the New York City Department of Environmental Protection ("DEP") reveal significant concentrations of MTBE in groundwater drawn from a number of the City's wells in the Affected Area. In addition to the wells that already have drawn groundwater contaminated by MTBE, other wells in the City's groundwater well system in the Affected Area are imminently at risk of drawing at any moment groundwater contaminated by MTBE and other Products (as defined below).

3. Defendants are major petroleum and petrochemical companies that designed, manufactured, and/or sold MTBE and major petroleum companies that used MTBE as a gasoline additive in the petroleum products that they distributed, and are still distributing in the Affected Area. Defendants distributed, sold, manufactured, supplied, marketed, and designed MTBE and other Products (as defined below) when they knew or reasonably should have known that MTBE and other Products (as defined below) would cause damage to the groundwater in the Affected Area. As a result of these actions, MTBE and other Products (as defined below) have caused, is causing, and will continue to cause harm to the Affected Area. Remedying such harm has cost, is costing, and will cost the City a tremendous amount of resources that ultimately will adversely impact the City's water policy for years to come.

4. Because of Defendants' willful, negligent, and irresponsible acts, the City seeks a judgment compensating it for all the Costs and Damages related to contamination by MTBE and other Products (as defined below) in the Affected Area.

5. Apart from Costs and Damages, the City also seeks all appropriate injunctive relief to abate and/or mitigate, among other things, the contamination by MTBE and other Products (as defined below) in the wells in the Affected Area; all appropriate declaratory relief, all appropriate attorneys fees, and such other further relief as justice requires.

## Jurisdiction

6. Jurisdiction lies in this Court pursuant to 15 U.S.C. § 2619 and 28 U.S.C. § 1367.

## Venue

7. Venue is proper in this Court because one or more defendants reside within the judicial district within the meaning of 15 U.S.C. § 2619 and 28 U.S.C. § 1391; and/or one or more defendants maintain a registered office or principal place of business in the judicial

201. TSCA Defendants are "persons" within the meaning of Section 20(a)(1) of TSCA, 15 U.S.C. § 2619(a)(1), who are alleged to be in violation of Chapter 53 of TSCA.

202. The City is a "person" within the meaning of Section 20(a) of TSCA, 15 U.S.C. § 2619(a), that has been harmed, and continues to be harmed, as a direct result of TSCA Defendants' ongoing failure to inform the EPA of the Substantial Risk Information that TSCA Defendants have obtained. That information, if disclosed to EPA, would be accessible to the City and would provide the City with information material for discharging its duties of providing the public with an adequate supply of potable water, including, among other things, information concerning the scope of contaminated and threatened groundwater resources, effective and ineffective methods of remediating MTBE contamination in groundwater, remediation time frames and costs, and taste and odor information. The harm to the City is directly redressable by an injunction compelling TSCA Defendants to provide to the EPA the Substantial Risk Information in TSCA Defendants' possession, custody or control. The City has no adequate remedy at law for TSCA Defendants' violations of TSCA.

203. The City duly served TSCA Defendants and the EPA Administrator with proper notices of City's intention to file a TSCA citizen suit claim ("the Notices"), as set forth herein, on or about December 9, 2006.

204. At least 60 days have elapsed since the City served the Notices. During the 60 day period, the EPA Administrator did not commence a proceeding against TSCA Defendants to require their compliance with TSCA, as set forth herein. TSCA Defendants did not provide to EPA or to the City the Substantial Risk Information in TSCA Defendants' possession, custody, or control.

**WHEREFORE**, the City respectfully requests a judgment against all Defendants awarding the City:

(1) compensatory damages in an amount equal to or in excess of $300,000,000;

(2) punitive damages in amount to be determined at trial;

(3) all appropriate injunctive relief to abate the public nuisance and trespass including, but not limited to, the installation of remediation technologies on all City wells in the Affected Area that are currently drawing water contaminated by MTBE and/or the Products, as well as the undertaking of prophylactic measures designed to abate the imminent harm that the Products pose to all other wells in the Affected Area for so long as the Products cause harm and are present in groundwater and soil in the Affected Area;

(4) all appropriate declaratory relief;

(5) attorneys fees for its General Business Law claim, treble damages, attorneys fees, and all necessary injunctive relief under §349(h) of the General Business Law because Defendants willfully and/or knowingly violated this provision;

(6) costs and disbursements of this action; and

(7) all other relief this Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury of all claims asserted in this Complaint.

Dated:     March 6, 2007
           New York, New York

                                        MICHAEL A. CARDOZO
                                        Corporation Counsel of the
                                        City of New York
                                        Attorney for Plaintiff

                                        _____
                                        Scott Pasternack (SP3293)
                                        Senior Counsel
                                        Environmental Law Division

                                        New York City Law Department
                                        100 Church Street, Room 6-145
                                        New York, New York 10007-2601
                                        (212) 676-8517

Of Counsel
    Susan E. Amron
    Daniel Greene
    Ramin Pejan
    Amanda Goad

-38-