UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re: Methyl Tertiary Butyl Ether ("MTBE")
Products Liability Litigation

Master File No. 1:00-1898
MDL 1358 (SAS)
M21-88

This document pertains to:

*City of New York v. Amerada Hess Corp. et al.*,
Case No. NY-04-CV-03417

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' JOINT MOTION *IN LIMINE* TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING OTHER MTBE LITIGATION**

## INTRODUCTION

As the Court is aware, there have already been cases resolved, and there are other cases currently pending, that involve an allegation that MTBE has contaminated water supplies. To the extent Plaintiff City of New York may attempt to introduce evidence regarding or referring to other MTBE litigation, this evidence and any argument based thereon should be excluded from trial. These other MTBE cases have nothing to do with the case at hand. They involve different time period, different parties, different types of water systems, and certainly very different circumstances and background facts. There is no relevant connection between any evidence or argument relating to those other cases, and the issues to be tried in the case before this Court and a jury. In addition to being irrelevant, presentation of such evidence or argument would be unduly prejudicial to Defendants and would waste the Court's and the jury's time.

Therefore, the Court should exercise its discretion and exclude from trial all evidence and argument relating to other MTBE litigation. Specifically, the Court should exclude mention of the existence of other MTBE cases, the parties involved in other MTBE cases, the damages alleged in other MTBE cases, and the settlement amounts or verdicts in other MTBE cases. Defendants further requests that to the extent any party designates or uses testimony from other cases, that party be prohibited from referring to the details and circumstances of those other cases.

## LEGAL STANDARD

Federal Rule of Evidence 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Under Federal Rule of Evidence 402, "[e]vidence which is not relevant is not admissible." Evidence is relevant

if it "tends to prove or disprove a matter properly provable in the case." *United States v. Torniero*, 735 F.2d 725, 730 (2d Cir. 1984) (internal quotations omitted); *see also Bensen v. Amer. Ultramar*, No. 92 Civ. 4420, 1996 U.S. Dist. LEXIS 10647, at *14 (S.D.N.Y. July 26, 1996) ("[R]elevancy is a relationship between a proffered item of evidence and a fact that is of consequence to the determination of the action." (internal quotations omitted)). The party seeking to admit the evidence "has the burden of showing that the prerequisites for its admissibility are met." *Potamkin Cadillac Corp. v. B.R.I Coverage Corp.*, 38 F.3d 627, 632 (2d Cir. 1994).

Even if relevant, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403; *United States v. Royer*, 549 F.3d 886, 901 (2d Cir. 2008) ("Federal Rule of Evidence 403 allows relevant evidence to be excluded by the trial court if its probative value is substantially outweighed by such dangers as unfair prejudice." (internal quotations omitted)); *United States v. Bowe*, 360 F.2d 1, 15 (2d Cir. 1966) ("A trial judge has discretion to exclude evidence which is only slightly probative if its introduction would confuse and mislead the jury by focusing its attention on collateral issues and if it would unnecessarily delay the trial."); *Guidi v. Inter-Continental Hotels Corp.*, No. 95 Civ. 9006, 2003 U.S. Dist. LEXIS 6385, at *5-*6 (S.D.N.Y. Apr. 16, 2003) (excluding evidence where "likelihood of jury confusion [was] great"). "Unfair prejudice" in the context of Federal Rule of Evidence 403, "means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Bermudez*, 529 F.3d 158, 170 (2d Cir. 2008) (citing *Old Chief v. United States*, 519 U.S. 172, 180 (1997)).

## ARGUMENT

### A. Evidence Relating To Other MTBE Cases Is Not Relevant To Any Disputed Issue.

"Evidence which is not relevant is not admissible." Fed. R. Evid. 402. Evidence is relevant if it "tends to prove or disprove a matter properly provable in the case." *United States v. Torniero*, 735 F.2d at 730. Evidence of other MTBE cases does not have any tendency to "prove or disprove a matter properly provable in the case." The other MTBE cases involve different plaintiffs, with different water supply systems and very different water quality concerns. The time periods are different, the geography is different, and the possible sources and causes of alleged contamination are different. They raise different issues of hydrogeology and different issues relating to water distribution and plume migration. Other than the fact that the other MTBE cases and this case involve MTBE, the unique facts and circumstances of the other MTBE cases do not relate in any way to the unique facts and circumstances of this action.

The Court should exercise its discretion to exclude evidence that is clearly irrelevant and that would waste time and resources by focusing the Court and jury on collateral issues. Fed. R. Evid. 403; *Bowe*, 360 F.2d at 15.

### B. Any Probative Value Of Evidence Relating To Other MTBE Cases Is Far Outweighed By Its Prejudicial Nature.

Even if relevant, evidence regarding other MTBE litigation should be excluded because its probative value is substantially outweighed by the dangers of unfair prejudice and confusion of the issues, and in consideration of the likelihood that inclusion of such evidence will result in undue delay and waste of time. *See* Fed. R. Evid. 403; *Royer*, 549 F.3d at 901; *Bowe*, 360 F.2d at 15; *Guidi*, No. 95 Civ. 9006, 2003 U.S. Dist. LEXIS 6385, at *5-*6. Evidence or argument relating to other MTBE cases would be unduly prejudicial to Defendants. The only conceivable use that Plaintiff could make of such irrelevant evidence is to bias the jury against Defendants by

suggesting that because Defendants have been involved in other litigation concerning MTBE, they must be liable here, or by suggesting that MTBE contamination is a wide-spread problem that extends beyond the present litigation and for which Defendants are responsible. Such suggestions would be completely improper under Rule 403 because of the "undue tendency to suggest decision on an improper basis." *See Bermudez*, 529 F.3d at 170. Plaintiff may argue that such evidence is probative of Defendants' prior knowledge and conduct. However, discovery in the present case has been extensive, spanning many years. Plaintiff has had sufficient time and opportunity to explore all areas and topics addressed in other MTBE litigation and, therefore, need not rely on documents or testimony from that other MTBE litigation to prove its claims in the current action.

Jurors would also be confused and misled if they were presented with evidence relating to other MTBE cases. This case is already complicated and will involve a large amount of evidence relating to complex issues of hydrogeology, water distribution, gasoline manufacturing, the sale of gasoline, and industry practices. As is, this case involved multiple defendants, multiple service stations, and multiple supply wells. The jury will already be asked to segregate and attribute the actions of multiple defendants and to distinguish between which defendant's or defendants' conduct, if any, caused impacts to Plaintiff's well(s). If Plaintiff were allowed to introduce evidence of *other* MTBE litigation, this evidence would only compound the complicated nature of the case and lead to unnecessary jury confusion. Accordingly, the likelihood of prejudice and confusion that evidence of other MTBE litigation will cause greatly outweighs any probative value the evidence might have, and should therefore be excluded.

C.  **Presentation Of Evidence Relating To Other MTBE Cases Would Result In An Unjustified Waste Of Time For The Court And For The Jury.**

Federal Rule of Evidence 403 authorizes the Court to exclude evidence it is "probative value is substantially outweighed .. by consideration of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Even if the Court were to find that evidence of other MTBE litigation were in some way relevant to this case and that the probative value of this evidence were not substantially outweighed by it prejudicial value, the Court should nonetheless exclude the evidence because its presentation would unduly waste the Court's and the jury's time.

If Plaintiff were allowed to introduce evidence of other MTBE litigation, Defendants would be entitled to offer further evidence of the specific facts and circumstances at issue in each of the other cases. The presentation of this evidence would lead to potentially numerous, complicated mini-trials within this trial. Presentation of evidence and counter-evidence concerning other MTBE litigation would consumer many days of the Court's and jury's time without leading to the resolution of any issue in this litigation. It is exactly this type of evidence that Rule 403 is designed to keep out. *See Bowe*, 360 F.2d at 15 (stating that it is within the trial judge's discretion to exclude evidence "if its introduction would confuse and mislead the jury by focusing its attention on collateral issues and if it would unnecessarily delay the trial.").

## CONCLUSION

For all of the foregoing reasons, Defendants' motion to exclude from trial all evidence and argument relating to other MTBE litigation should be granted.

Dated: New York, New York
May 11, 2009

Respectfully submitted,

Peter John Sacripanti (PS 8968)
James A. Pardo (JP 9018)
Stephen J. Riccardulli (7784)
MCDERMOTT WILL & EMERY LLP
340 Madison Avenue
New York, New York 10173

*Attorneys for the Exxon Mobil Corporation Defendants and on behalf of all remaining Defendants.*