UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re: Methyl Tertiary Butyl Ether ("MTBE")  Master File No. 1:00-1898
Products Liability Litigation                MDL 1358 (SAS)
                                             M21-88

This document pertains to:

*City of New York v. Amerada Hess Corp. et al.*,
Case No. NY-04-CV-03417

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' JOINT MOTION *IN LIMINE* TO EXCLUDE EVIDENCE REGARDING MTBE CONTAMINATION IN NON-FOCUS WELLS

## INTRODUCTION

Plaintiff City of New York ("City") has included documents on its exhibit list relating to non-focus wells that are not the subject of this first trial. Any evidence of MTBE contamination in other wells, or of any Defendants' actions at service stations unrelated to the focus wells in this case has no relevance to the City's claimed injury or damage to the focus wells. The only possible purpose of introducing such evidence at trial would be to sway the jury into inflating any damage award for the focus wells and to bias the jury toward punishing Defendants for alleged conduct at service station sites having nothing to do with the City's claims as to the focus wells. The prejudicial effect of such evidence substantially outweighs any hypothetical probative value. Moreover, if permitted to present such evidence at trial, the City essentially would have "multiple bites at the apple" in that it can present claims in this action regarding the other wells, while not being bound by a judgment entered with respect to the focus wells. Such evidence should be excluded.

## LEGAL STANDARD

Federal Rule of Evidence 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Under Federal Rule of Evidence 402, "[e]vidence which is not relevant is not admissible." Evidence is relevant if it "tends to prove or disprove a matter properly provable in the case." *United States v. Torniero*, 735 F.2d 725, 730 (2d Cir. 1984) (internal quotations omitted); *see also Bensen v. Amer. Ultramar*, No. 92 Civ. 4420, 1996 U.S. Dist. LEXIS 10647, at *14 (S.D.N.Y. July 26, 1996) ("[R]elevancy is a relationship between a proffered item of evidence and a fact that is of consequence to the determination of the action." (internal quotations omitted)). The party

seeking to admit the evidence "has the burden of showing that the prerequisites for its admissibility are met." *Potamkin Cadillac Corp. v. B.R.I Coverage Corp.*, 38 F.3d 627, 632 (2d Cir. 1994).

Even if relevant, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403; *United States v. Royer*, 549 F.3d 886, 901 (2d Cir. 2008) ("Federal Rule of Evidence 403 allows relevant evidence to be excluded by the trial court if its probative value is substantially outweighed by such dangers as unfair prejudice." (internal quotations omitted)); *United States v. Bowe*, 360 F.2d 1, 15 (2d Cir. 1966) ("A trial judge has discretion to exclude evidence which is only slightly probative if its introduction would confuse and mislead the jury by focusing its attention on collateral issues and if it would unnecessarily delay the trial."); *Guidi v. Inter-Continental Hotels Corp.*, No. 95 Civ. 9006, 2003 U.S. Dist. LEXIS 6385, at *5-*6 (S.D.N.Y. Apr. 16, 2003) (excluding evidence where "likelihood of jury confusion [was] great"). "Unfair prejudice" in the context of Federal Rule of Evidence 403, "means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Bermudez*, 529 F.3d 158, 170 (2d Cir. 2008) (citing *Old Chief v. United States*, 519 U.S. 172, 180 (1997)).

## ARGUMENT

At conferences with the Court held on October 2 and 30, 2008, the City of New York proposed—and this court indicated a preference for—a trial plan involving ten "focus wells" analogous to the trial plan this Court adopted in *County of Suffolk v. Amerada Hess Corp (In re MTBE Prods. Liab. Litig.)*, No. 1:04-CV-5424, 2007 U.S. Dist. LEXIS 45543 (S.D.N.Y. June

15, 2007). The City proposed the five wells related to the City of New York's Station 6 (Wells 6, 6A, 6B, 6D, and 33). The Court ordered Defendants to also select five wells, which they did by letter to Plaintiff dated November 26, 2008.[1]

Both parties relied on the focus well approach in conducting both fact and expert discovery in this case. Evidence as to MTBE detections or alleged damages in non-focus wells is not relevant to any issue in this initial trial, and thus is not properly before the jury. "Discovery serves important purposes, such as avoiding surprise, fully disclosing the nature and scope of the controversy, narrowing, simplifying, and framing the issues involved, and enabling parties to obtain the factual information needed to prepare for trial." *Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 756 F.2d 230, 236 (2d Cir. N.Y. 1985), citing 8 C. Wright & A. Miller, Federal Practice and Procedure § 2001 (1970).

Even if the Court deemed evidence concerning non-focus wells relevant, it should be excluded because any probative value will be substantially outweighed by the probability that its admission will create the danger of undue prejudice, confusion of the issues, and the potential to mislead the jury as to the nature and amount of damages at issue. The only possible purpose for the City's use of such evidence would be to confuse and mislead the jury into considering other alleged damages and contamination when considering damages for the focus wells, so as to inflate any award of damages determined in the first trial. This error would have a compounding effect whereby any award of punitive damages would also be artificially inflated, possibly many times over. If permitted to use such evidence, the City would get multiple bites at the apple in attempting to prove damages for its allegedly contaminated well system. Defendants would be

---

[1] Defendants maintain their objections to this trial plan as outlined in *Defendants' Objection to Focus Trial Well Plan and Request for Single Trial of all Wells at Issue* filed January 16, 2009.

- 3 -

highly prejudiced by such a result and, therefore, evidence concerning non-focus wells should not be admitted at trial.

## CONCLUSION

For all the foregoing reasons, Defendants respectfully request the Court grant its motion *in limine* and preclude Plaintiff from presenting evidence of MTBE contamination in non-focus wells.

Dated: New York, New York
       May 11, 2009

Respectfully submitted,

_____
Jennifer Kalnins Temple (JK 3274)
MCDERMOTT WILL & EMERY LLP
18191 Von Karman Avenue, Suite 500
Irvine, CA 92612-7108
Tel: (949) 757-7128
Fax: (949) 851-9348

Peter J. Sacripanti (PS 8968)
James A. Pardo (JP 9018)
MCDERMOTT WILL & EMERY LLP
340 Madison Avenue
New York, NY 10173-1922

Attorneys for the Exxon Mobil Corporation Defendants and on behalf of all remaining Defendants