UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation<br><br>This document pertains to:<br><br>*City of New York v. Amerada Hess Corp. et al.*,<br>Case No. NY-04-CV-03417 | Master File No. 1:00-1898<br>MDL 1358 (SAS)<br>M21-88 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' JOINT MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF PAST COSTS OR INJURY ASSOCIATED WITH PLAINTIFF'S WELLS 5, 22, 26, 39 AND 45**

## INTRODUCTION

Defendants anticipate that Plaintiff City of New York ("City") may attempt to introduce evidence or present argument at trial relating to past damages associated with Wells 5, 22, 26, 39 and 45. The Court should exclude any such evidence because the City has expressly stated it is not claiming past damages for these wells. Accordingly, such evidence is irrelevant and its admission would only confuse the jury and unfairly prejudice Defendants.

## LEGAL STANDARD

Federal Rule of Evidence 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Under Federal Rule of Evidence 402, "[e]vidence which is not relevant is not admissible." Evidence is relevant if it "tends to prove or disprove a matter properly provable in the case." *United States v. Torniero*, 735 F.2d 725, 730 (2d Cir. 1984) (internal quotations omitted). The party seeking to admit the evidence "has the burden of showing that the prerequisites for its admissibility are met." *Potamkin Cadillac Corp. v. B.R.I Coverage Corp.*, 38 F.3d 627, 632 (2d Cir. 1994).

Even if relevant, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403; *United States v. Royer*, 549 F.3d 886, 901 (2d Cir. 2008) ("Federal Rule of Evidence 403 allows relevant evidence to be excluded by the trial court if its probative value is substantially outweighed by such dangers as unfair prejudice." (internal quotations omitted)); *United States v. Bowe*, 360 F.2d 1, 15 (2d Cir. 1966) ("A trial judge has discretion to exclude evidence which is only slightly probative if its introduction would confuse

and mislead the jury by focusing its attention on collateral issues and if it would unnecessarily delay the trial."); *Guidi v. Inter-Continental Hotels Corp.*, No. 95 Civ. 9006, 2003 U.S. Dist. LEXIS 6385, at *5-*6 (S.D.N.Y. Apr. 16, 2003) (excluding evidence where "likelihood of jury confusion [was] great"). "Unfair prejudice" in the context of Federal Rule of Evidence 403, "means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Bermudez*, 529 F.3d 158, 170 (2d Cir. 2008) (citing *Old Chief v. United States*, 519 U.S. 172, 180 (1997)).

## ARGUMENT

The City of New York admits it is not seeking past damages for wells 5, 22, 26, 39 or 45. *See Declaration of Jennifer Kalnins Temple* ("Kalnins Temple Decl."), Ex. A at 4, 72, 89, 169, 206 (*Plaintiff City of New York's Responses and Objections to Defendants' Well Specific Discovery Responses* (Oct. 24, 2008)) ("The City does not seek to recover past damages for Well No. [5, 22, 26, 39, 45]").[1] Accordingly, any evidence the City may seek to admit relating to, for example, past costs associated with treatment systems on these wells would be irrelevant given the City's disclaimer.

Even if such evidence is deemed marginally relevant (and Defendants cannot imagine how it could be), the probative value of such evidence would be substantially outweighed by the prejudice it would cause Defendants and the resultant jury confusion. For example, in 2002-2003, the City installed a filter on Well 22 for use in a drought emergency to supply water to Queens. If the City were to attempt to introduce evidence of the costs of a treatment system at

---

[1] In contrast, the City contends it has "already incurred" approximately $900,000 of damages relating to the Station 6 focus wells (wells 6, 6A, 6B and 6D). Kalnins Temple Decl., Ex. A at 24 (*Well Specific Discovery Responses*) (Oct. 24, 2008).

Well 22 even though the City is not seeking to recover those costs in this lawsuit, the jury will likely be confused as to whether that historic expenditure constitutes damage or injury to the City. *See Defendants Motion in Limine to Exclude Evidence Regarding Past and Future Costs for Investigation and Treatment of MTBE Unless and Until Plaintiff Establishes Actual Injury* (filed May 11, 2009). Moreover, if Defendants are found liable for any damages at trial, the introduction of that evidence may result in an erroneous and over-inflated damages award. Finally, Defendants reasonably relied on the City's representations that it was not seeking past damages as to these five wells in conducting discovery in this case, and would be unfairly prejudiced if the City was now allowed to admit such evidence at trial.

## CONCLUSION

For all the foregoing reasons, Defendant respectfully requests that the Court grant its motion to exclude evidence or argument relating to past costs or injury associated with Plaintiff's wells 5, 22, 26, 39 and 45.

Dated: New York, New York
         May 11, 2009

Respectfully submitted,

_____
Jennifer Kalnins Temple (JK 3274)
McDermott Will & Emery LLP
18191 Von Karman Avenue, Suite 500
Irvine, CA 92612-7108
Tel: (949) 757-7128
Fax: (949) 851-9348

Peter J. Sacripanti (PS 8968)
James A. Pardo (JP 9018)
McDermott Will & Emery LLP
340 Madison Avenue
New York, NY 10173-1922

*Attorneys for the Exxon Mobil Corporation Defendants and on behalf of all remaining Defendants*