Dockets.Justia.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE METHYL TERTIARY BUTYL ETHER
PRODUCTS LIABILITY LITIGATION

Master File No. 1:00-1898
MDL 1358 (SAS)
M21-88

**This document pertains to:**

*City of New York v. Amerada Hess Corp. et al.,*
Case No. NY-04-CV-03417

## DECLARATION OF JENNIFER KALNINS TEMPLE IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF PAST COSTS OR INJURY ASSOCIATED WITH PLAINTIFF'S WELLS 5, 22, 26, 39 AND 45

Jennifer Kalnins Temple, an attorney duly licensed to practice law in the State of New York and in the United States District Court for the Southern District of New York, hereby declares the following under penalties of perjury:

1. I am a member of the law firm McDermott Will & Emery LLP, counsel for defendant Exxon Mobil Corporation (hereinafter "Defendant") in the above-captioned case. I respectfully submit this Declaration in support of Defendants' Motion *in Limine* to Exclude Evidence of Past Costs or Injury Associated With Plaintiff's Wells 5, 22, 26, 39 and 45 (hereinafter "motion") that is being filed concurrently herewith in the above-captioned case. This Declaration authenticates the exhibit attached and referenced in Defendant's Motion. In accordance with this Court's Individual Rules and Procedures, only the relevant pages of the exhibit are attached.

2. Attached at Exhibit A are true and correct copies of relevant pages from Plaintiff City of New York's Responses and Objections to Defendants' Well Specific Discovery (October 24, 2008). The attached copies were made on or about May 11, 2008.

Dated: May 11, 2009

                                                                             _____
                                                                             JENNIFER KALNINS TEMPLE

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x

In Re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation

---------------------------------------------------------------- x

**This document relates to the following case:**

*City of New York v. Amerada Hess Corp., et al.*, 04 Civ. 3417

**PLAINTIFF CITY OF NEW YORK'S RESPONSES AND OBJECTIONS TO DEFENDANTS' WELL SPECIFIC DISCOVERY**

MDL No. 1358
Master File C.A. No. 1:00-1898 (SAS)



      Plaintiff City of New York ("the City"), by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, hereby responds to Defendants' Well Specific Interrogatories and Requests for Production ("Well Specific Discovery"), served from August 1 through August 26, 2008, as follows:

## GENERAL STATEMENT

    1.    By responding to the Well Specific Discovery, the City does not concede the materiality of the subject to which it refers. The City's responses are made expressly subject to, and without waiving or intending to waive, any questions or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence, or for any other purpose, of any of the documents or information produced, or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

    2.    The City objects to the Well Specific Discovery to the extent that it seeks information or documents outside the scope of discovery permissible under the Federal Rules of Civil Procedure.

    3.    The City objects to the Well Specific Discovery to the extent that the Well Specific Discovery seeks information or documents covered by attorney-client privilege, the

8. The City reserves the right to supplement or amend its responses to include additional responsive information, as governed by Rule 26 of the Federal Rules of Civil Procedure.

9. These General Objections and Reservations apply to each interrogatory as though fully restated in the response thereto.

## RESPONSES

## WELL NOS. 5 AND 5A (SERVED AUGUST 21, 2008)

### INTERROGATORY NO. 1:

If any of your responses to any of the foregoing requests for admissions was anything but an unqualified admission, please state in detail the basis for your denial.

### RESPONSE NO. 1:

Pursuant to an agreement reached September 19, 2008, the City refers Defendants to its responses to Defendants' Well Specific Requests to Admit, dated October 1, 2008.

### INTERROGATORY NO. 2:

Identify, in as much detail as is available, the damages you claim to have incurred as a result of MTBE detected at Well No. 5, identifying:

(a) the amount of damages incurred;

(b) the type of damages incurred (e.g., remediation, investigation, filtration, lost revenue, cost of alternative water, etc.);

(c) the date(s) on which the damages were incurred;

(d) all documents concerning such damages;

(e) identify each such person knowledgeable as to such damages; and

(f) if any such amounts are attributable, in whole or in part, to the presence of

analytes other than MTBE, identify such analytes and the amount of damages attributable to them.

**RESPONSE NO. 2:**

The City objects to this request to the extent it implies that the presence of other analytes in a well could reduce Defendants' liability for damages for the costs of addressing MTBE in the well. Nonetheless, notwithstanding and subject to this objection, the City responds as follows: The City does not seek to recover past damages for Well No. 5.

**INTERROGATORY NO. 3:**

Identify, in as much detail as is available, the damages you claim will be incurred in the future as a result of MTBE detected at Well No. 5, identifying:

    (a)    the amount of damages alleged;

    (b)    the type of damages alleged (e.g., remediation, investigation, filtration, lost revenue, cost of alternative water, etc.);

    (c)    all documents concerning such damages;

    (d)    identify each Person knowledgeable as to such damages; and

    (e)    if any such amounts are attributable, in whole or in part, to the presence of analytes other than MTBE, identify such analytes and the amount of damages alleged which are attributable to them.

**RESPONSE NO. 3:**

The City objects to this interrogatory as it prematurely and improperly seeks expert discovery in violation of Fed. R. Civ. P. 26, the Court's July 25, 2006 Order, and the stipulation between the City and Defendants, as evidenced in the Defendants' August 17, 2006 72-hour letter to the Court, which states that expert discovery shall follow fact discovery in this case. The City further objects to this request to the extent it implies that the presence of other

# WELL NO. 6 (SERVED AUGUST 22, 2008)

## INTERROGATORY NO. 1.

If any of your responses to any of the foregoing requests for admission were anything other than an unqualified "admit," please state in detail the basis for your denial.

## RESPONSE NO. 1

Pursuant to an agreement reached September 19, 2008, the City refers Defendants to its responses to Defendants' Well Specific Requests to Admit, dated October 1, 2008.

## INTERROGATORY NO. 2.

Identify the pressure zone or zones in which Wells 6, 6A, 6B, and 6D are located.

## RESPONSE NO. 2

The City refers Defendants to Exhibits 10 through 13 to the deposition of Thomas Tengelsen ("Tengelsen Deposition"), taken on October 6 and 11, 2005, and to the previously produced maps of the City's drinking water distribution system, Bates-stamped NYC-MAP-000001 *et seq*. The City also refers Defendants to the following deposition transcripts:

- Tengelsen Deposition, at pages 85 through 152; 285 through 290; 401 through 425; and 475 through 489;

- Deposition of John Dydland ("Dydland Deposition"), taken on October 20, 2005, at pages 60 through 81, and pages 167 through 168; and

- Deposition of William Yulinsky ("Yulinsky Deposition"), taken on January 30, 2006, at pages 300 through 303.

## INTERROGATORY NO. 3.

Identify, in as much detail as is available, the damages you claim to have incurred as a result of MTBE detected at the Station 6 wells, identifying for each well:

(a) the amount of damages incurred;

(b) the type of damage incurred (e.g., remediation, investigation, filtration, lost

revenue, cost of alternative water);

(c) the date(s) on which the damages were incurred;

(d) all documents concerning such damages;

(e) identify each Person knowledgeable as to such damages; and

(f) if any such amounts are attributable, in whole or in part, to the presence of analytes other than MTBE, identify such analytes and the amount of damages attributable to them.

**RESPONSE NO. 3:**

The City objects to this request to the extent it implies that the presence of other analytes in a well could reduce Defendants' liability for damages for the costs of addressing MTBE in the well. Nonetheless, notwithstanding and subject to this objection, the City responds as follows: Responsive information concerning costs incurred by the City as a result of MTBE in the Station 6 Wells can be obtained from documents that have previously been produced by the City, including documents concerning the Station 6 component of the Brooklyn Queens Aquifer Study (contract GE-328), documents Bates No. NYC0012226 through NYC0012232, NYC0012198 through NYC0012199, NYC0012392 through NYC0012394, NYC-0095422 through NYC-0095448, NYC-0095464 through NYC-0095506; NYC-0096036 through NYC-0096054, NYC-0096178 through NYC-0096210, NYC-0096450 through NYC-0096483, and documents that the City will be producing shortly. The damages the City has already incurred include approximately $900,000 related to the investigation of MTBE in the wells to be treated at the Station 6 treatment plant, including the Station 6 Wells, sampling, modeling, preliminary assessment of appropriate treatment alternatives, and conceptual design. The City has not allocated those damages among the individual wells to be treated by the Station 6 treatment plant.

Without waiving any objection, the City answers as follows: The City refers Defendants to the previously produced Phase I, Phase II, and the Wellhead Protection Plan. The City continues to search its records and, if additional documents are discovered, the City will produce them to Defendants in a reasonable timeframe.

## WELL NO. 22 (SERVED ON AUGUST 1, 2008)

### INTERROGATORY NO. 1:

If any of your responses to any of the foregoing requests for admissions was anything but an unqualified admission, please state in detail the basis for your denial.

### RESPONSE NO. 1

Pursuant to an agreement reached September 19, 2008, the City refers Defendants to its responses to Defendants Well Specific Requests to Admit, dated October 1, 2008.

### INTERROGATORY NO. 2:

State in detail the amount of damages you claim to have incurred caused by the presence of MTBE in Well No. 22, by category (e.g., remediation, testing, investigation, filtration, lost revenue, cost of alternative water, expert assistance), identify for each category the date(s) on which such damages were incurred, identify all documents concerning such damages, and identify the person(s) knowledgeable about each category of damages. If any such amounts are attributable, in whole or in part, to the presence of contaminants other than MTBE, identify such other contaminants and the amounts attributable to such other contaminants.

### RESPONSE NO. 2

The City objects to this request to the extent it implies that the presence of other contaminants in a well could reduce Defendants' liability for damages for the costs of addressing

MTBE in the well. Nonetheless, notwithstanding and subject to this objection, the City responds as follows: The City does not seek to recover past damages for Well No. 22.

**INTERROGATORY NO. 3:**

State in detail the amount of damages you claim you will incur in the future caused by the presence of MTBE in Well No. 22, by category (e.g., remediation, testing, investigation, filtration, lost revenue, cost of alternative water, expert assistance), identify all documents concerning such damages, and identify the person(s) knowledgeable about each category of damages. If any such amounts are attributable, in whole or in part, to the presence of contaminants other than MTBE, identify such other contaminants and the amounts attributable to such other contaminants.

**RESPONSE NO. 3**

The City objects to this interrogatory as it prematurely and improperly seeks expert discovery in violation of Fed. R. Civ. P. 26, the Court's July 25, 2006 Order, and the stipulation between the City and Defendants, as evidenced in the Defendants' August 17, 2006 72-hour letter to the Court, which states that expert discovery shall follow fact discovery in this case. The City further objects to this request to the extent it implies that the presence of other contaminants in a well could reduce Defendants' liability for damages for the costs of addressing MTBE in the well. Nonetheless, notwithstanding and subject to these objections, the City responds as follows: Responsive information concerning costs incurred to install treatment on individual wells, including GAC systems, in the past, can be obtained from documents that have previously been produced by the City, including documents concerning contracts SYSOPS-08 and SYSOPS-09.

tested for MTBE and/or other analytes. Please also indicate whether, when, and how, the City has produced in discovery the results of that testing.

**RESPONSE NO. 4:**

The City has not pumped Well No. 26 to the distribution system since acquiring it in 1996 and therefore does not have point of entry sampling information for this well.

**INTERROGATORY NO. 5:**

Identify, in as much detail as is available, the damages you claim to have incurred as a result of MTBE detected at Well No. 26, identifying:

    (a)    the amount of damages incurred;

    (b)    the type of damage incurred (e.g., remediation, investigation, filtration, lost revenue, cost of alternative water);

    (c)    the date(s) on which the damages were incurred;

    (d)    all documents concerning such damages;

    (e)    each Person knowledgeable as to such damages; and

    (f)    if any such amounts are attributable, in whole or in part, to the presence of analytes other than MTBE, identify such analytes and the amount of damages attributable to them.

**RESPONSE NO. 5:**

The City objects to this request to the extent it implies that the presence of other contaminants in a well could reduce Defendants' liability for damages for the costs of addressing MTBE in the well. Nonetheless, notwithstanding and subject to this objection, the City responds as follows: The City does not seek to recover past damages for Well No. 26.

**INTERROGATORY NO. 6:**

Identify the points of entry to New York City's distribution system for Well Nos. 39 and 39A and state whether, and on what frequency, those points of entry have been or are tested for MTBE and/or other analytes. Please also indicate whether, when, and how, New York City has produced in discovery the results of that testing.

**RESPONSE NO. 4**

The City has not pumped Well No. 39 into the distribution system since the City acquired it in 1996. Therefore, the City does not have point of entry sampling information for this well.

The point of entry sampling point for Well No. 39A is at the point after the raw water receives which treatment (disinfection, pH adjustment), and is located on the Station 39 property. Point of entry samples for VOCs at Well No. 39A were taken by DEP on a quarterly basis while the well was pumping into the distribution system. The City has produced the results of the point of entry samples from Well No. 39A in the DEP electronic database in 2008 and, long prior to that, in hard copy format. The City has also produced QA/QC results for point of entry samples for Well No. 39A. Point of entry samples are denoted by the "Well 39AT" designation.

**INTERROGATORY NO. 5:**

Identify, in as much detail as is available, the damages you claim to have incurred as a result of MTBE detected at Well Nos. 39 and 39A, identifying:

(a) the amount of damages incurred;

(b) the type of damages incurred (e.g., remediation, investigation, filtration, lost revenue, cost of alternative water);

(c) the date(s) on which the damages were incurred;

(d) all documents concerning such damages;

(e) identify each person knowledgeable as to such damages; and

(f) identify whether the alleged damages are attributable, in whole or in part, to the presence of analytes other than MTBE, and identify such analytes and the amount of damages attributable to them.

**RESPONSE NO. 5:**

The City objects to this request to the extent it implies that the presence of other analytes in a well could reduce Defendants' liability for damages for the costs of addressing MTBE in the well. Nonetheless, notwithstanding and subject to this objection, the City responds as follows: The City does not seek to recover past damages for Well No. 39. With respect to Well 39A, the City estimates its current and ongoing costs for facility planning for the 55 million gallon/day groundwater component of the City's Dependability Strategy (Project GW-BQ-01a) as approximately $11.5 million. Responsive information concerning cost estimates for facility planning can be obtained from documents that have previously been produced by the City, including documents Bates No. NYC-DS-001196 through NYC-DS-001199 and documents that the City will be producing shortly. Responsive information concerning the presence of analytes other than MTBE in Well No. 39A can be obtained from documents that have previously been produced by the City, including DEP's and Malcolm Pirnie's sampling databases. The City has not further allocated costs or updated its estimates of costs, and will do so, as appropriate, during expert discovery.

Persons most knowledgeable: William Meakin, NYCDEP; Gary Kroll, Camp, Dresser & McKee; Richard Peters, Hazen & Sawyer.

**INTERROGATORY NO. 6:**

# WELL NO. 45 (SERVED ON AUGUST 22, 2008)

## INTERROGATORY NO. 1:

If any of your responses to any of the foregoing requests for admissions was anything but an unqualified admission, please state in detail the basis for your denial.

## RESPONSE NO. 1

Pursuant to an agreement reached September 19, 2008, the City refers Defendants to its responses to Defendants Well Specific Requests to Admit, dated October 1, 2008.

## INTERROGATORY NO. 2:

State in detail the amount of damages you claim to have incurred caused by the presence of MTBE in Well No. 45, by category (e.g., remediation, testing, investigation, filtration, lost revenue, cost of alternative water), identify for each category the date(s) on which such damages were incurred, identify all documents concerning such damages, and identify each person knowledgeable concerning such damages. If any such amounts are attributable, in whole or in part, to the presence of contaminants other than MTBE, identify such other contaminants and the amounts attributable to such other contaminants.

## RESPONSE NO. 2:

The City objects to this request to the extent it implies that the presence of other contaminants in a well could reduce Defendants' liability for damages for the costs of addressing MTBE in the well. Nonetheless, notwithstanding and subject to this objection, the City responds as follows: The City does not seek to recover past damages for Well No. 45.

## INTERROGATORY NO. 3:

State in detail the amount of damages you claim you will incur in the future caused by the presence of MTBE in Well No. 45, by category (e.g., remediation, testing,