UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re: Methyl Tertiary Butyl Ether ("MTBE")
Products Liability Litigation

Master File No. 1:00-1898
MDL 1358 (SAS)
M21-88

This document pertains to:

*City of New York v. Amerada Hess Corp. et al.*,
Case No. NY-04-CV-03417

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' JOINT MOTION *IN LIMINE* TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING DAMAGE CAUSED BY TBA

## INTRODUCTION

In the upcoming trial, the jury will be required to determine whether Plaintiff has been injured due to alleged contamination with MTBE and "other products" of ten of its groundwater supply wells (the "focus wells"). "Other products" has been defined by Plaintiff to include tertiary butyl alcohol, or TBA. *4th Amend. Compl.* ¶ 68. However, Plaintiff's own experts have conceded that of these ten wells only one has had a detection of TBA, and this single detection was of such a "low level" they did not consider it necessary to account for the removal of TBA when designing treatment for the focus wells. *See Declaration of Jennifer Kalnins Temple* ("Kalnins Temple Decl."), Ex. A (*Expert Report Donald K. Cohen & Marnie A. Bell* (Feb. 7, 2009)), at 9-5. Because Plaintiff is unable, through reliance on its experts or otherwise, to connect TBA contamination to its alleged injuries, any evidence of damage caused by TBA is irrelevant and prejudicial, and it should be excluded at trial.

## LEGAL STANDARD

A motion *in limine* is a recognized "procedural device[] designed to narrow the issues to be presented to the jury," and stems from the "district court's inherent authority to manage the course of trials." *See In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 517 F. Supp. 2d 662, 666-67 (S.D.N.Y. 2007) (internal citations and quotation omitted). The motion *in limine* device may be used to limit the evidence permitted to be presented to the jury regarding damages. *See, e.g., United States ex rel. Anti-Discrimination Ctr. of Metro N.Y. v. Westchester Cty.*, 2009 U.S. Dist. LEXIS 35041, at *10-*11 (S.D.N.Y. Apr. 24, 2009) (granting motion *in limine* to preclude argument regarding reduction of damages); *Kolb v. Camilleri*, 2008 U.S. Dist. LEXIS 99013 (W.D.N.Y. Dec. 8, 2008) (granting motion *in limine* precluding presentation of evidence

regarding claim of constructive discharge and related damages where no rational fact finder could find for plaintiff on his claim).

Federal Rule of Evidence 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Under Federal Rule of Evidence 402, "[e]vidence which is not relevant is not admissible." Evidence is relevant if it "tends to prove or disprove a matter properly provable in the case." *United States v. Torniero*, 735 F.2d 725, 730 (2d Cir. 1984) (internal quotations omitted); *see also Bensen v. Amer. Ultramar*, No. 92 Civ. 4420, 1996 U.S. Dist. LEXIS 10647, at *14 (S.D.N.Y. July 26, 1996) ("[R]elevancy is a relationship between a proffered item of evidence and a fact that is of consequence to the determination of the action." (internal quotations omitted)). The party seeking to admit the evidence "has the burden of showing that the prerequisites for its admissibility are met." *Potamkin Cadillac Corp. v. B.R.I Coverage Corp.*, 38 F.3d 627, 632 (2d Cir. 1994).

Even if relevant, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403; *United States v. Royer*, 549 F.3d 886, 901 (2d Cir. 2008) ("Federal Rule of Evidence 403 allows relevant evidence to be excluded by the trial court if its probative value is substantially outweighed by such dangers as unfair prejudice." (internal quotations omitted)); *United States v. Bowe*, 360 F.2d 1, 15 (2d Cir. 1966) ("A trial judge has discretion to exclude evidence which is only slightly probative if its introduction would confuse

and mislead the jury by focusing its attention on collateral issues and if it would unnecessarily delay the trial.").

## ARGUMENT

Evidence is relevant if it "tends to prove or disprove a matter properly provable in the case," *Torniero*, 735 F.2d at 730, and "[e]vidence which is not relevant is not admissible." Fed. R. Evid. 402. It is New York black letter law that to succeed on any of its claims against defendant for purported TBA contamination, TBA must have caused Plaintiff damage. *See, e.g. Akins v. Glens Falls City Sch. Dist.*, 441 N.Y.S.2d 644, 648 (1981) (negligence claim requires proof of causation); *Howard et al. v. Poseidon Pools, Inc. et al.*, 72 N.Y.2d 972, 975 (1988) (failure to warn claim requires proof of causation); *Voss v. Black & Decker Mfg. Co.*, 59 N.Y.2d 102, 106 (1983) (defective design claim requires proof of causation); *Copart Indus., Inc. v. Consol. Edison Co. of N.Y., Inc.*, 394 N.Y.S.2d 169, 173 (1977) (private nuisance claim requires proof of causation); *DeStefano et al. v. Emergency Hous. Group, Inc.*, 722 N.Y.S.2d 35, 37 (2d Dep't 2001) (public nuisance claim requires proof of causation); *Phillips v. Sun Oil Co.*, 307 N.Y. 328 (1954) (trespass claim requires proof of causation); *Lowenthal v. Perkins*, 626 N.Y.S.2d 358, 361 (N.Y. Sup. Ct. 1995) (Navigation Law § 181 claim requires proof of causation). However, it is clear from the Cohen-Bell Report, as well as from Ms. Bell's testimony, that Plaintiff has no evidence that TBA caused its alleged damages.

The City of New York is not required to test for or monitor TBA under New York law. *See generally* 10 NYCRR § 5-1.50, 5-1.51, 5-1.52. Plaintiff undertook testing nonetheless, and what it found was one "very low level" detection in a single focus well. Kalnins Temple Decl., Ex. A, at 9-5. Ms. Bell later confirmed at her deposition that because of this single, low detection, treatment for TBA would not be required. *See* Kalnins Temple Decl., Ex. B

(*Deposition of Marnie Bell* (Apr. 20, 2009)), at 265:10-14 ("based on the fact that it was only detected in one sample at one of the station 6 wells, we did not plan for T.B.A treatment at station 6."). With the City's own experts disclaiming treatment costs for TBA, any mention at trial of damage caused by TBA would be irrelevant to any "matter properly provable in the case." *See Torniero*, 735 F.2d at 730.

Furthermore, even if the Court were to find some slight probative value to evidence regarding damage due to TBA, this value would be substantially outweighed by the risks associated with confusing and misleading the jury and wasting the court's and the jury's time. *See* Fed. R. Evid. 403. Because evidence of TBA contamination would merely focus the jury's attention on collateral issues not relevant to the matters properly provable in the case, a motion *in limine* is the proper vehicle for limiting this evidence and the overall scope of this trial. *See In re MTBE Prods. Liab. Litig.*, 517 F. Supp. 2d at 666-67; *Anti-Discrimination Ctr. of Metro N.Y.*, 2009 U.S. Dist. LEXIS 35041, at *10-*11; *Kolb v. Camilleri*, 2008 U.S. Dist. LEXIS 99013.

## CONCLUSION

For all the foregoing reasons, Defendants' motion to exclude from trial all evidence and argument relating to damage caused by TBA should be granted.

Dated: New York, New York
May 11, 2009

Respectfully submitted,

*[signature]*

Jennifer Kalnins Temple (JK 3274)
McDermott Will & Emery LLP
18191 Von Karman Avenue, Suite 500
Irvine, CA 92612-7108
Tel: (949) 757-7128
Fax: (949) 851-9348

Peter J. Sacripanti (PS 8968)
James A. Pardo (JP 9018)
McDermott Will & Emery LLP
340 Madison Avenue
New York, NY 10173-1922

*Attorneys for the Exxon Mobil Corporation Defendants and on behalf of all remaining Defendants*