UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re: Methyl Tertiary Butyl Ether ("MTBE")
Products Liability Litigation

Master File No. 1:00-1898
MDL 1358 (SAS)
M21-88

This document pertains to:

*City of New York v. Amerada Hess Corp. et al.*,
Case No. NY-04-CV-03417

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' JOINT MOTION
*IN LIMINE* TO EXCLUDE NON-EXPERT TESTIMONY OF
KATHLEEN BURNS AND MARCEL MOREAU

# TABLE OF CONTENTS

**Page**

INTRODUCTION ............................................................................................... 1

LEGAL STANDARD......................................................................................... 2

STATEMENT OF FACTS ................................................................................. 3

ARGUMENT ...................................................................................................... 5

I.    "EXPERT" TESTIMONY REGARDING A PARTY'S KNOWLEDGE,
      INTENT AND CONDUCT IS INADMISSIBLE ................................................. 5

II.   BURNS'S AND MOREAU'S TESTIMONY IS INADMISSIBLE
      ADVOCACY, NOT PROPER EXPERT TESTIMONY ...................................... 7

III.  BURNS'S AND MOREAU'S TESTIMONY ABOUT "INDUSTRY" IS
      IRRELEVANT AND PREJUDICIAL TO THE DEFENDANTS WHO
      WILL STAND FOR TRIAL............................................................................. 10

CONCLUSION.............................................................................................. 11

**TABLE OF AUTHORITIES**

**Page**

**CASES**

*Allen v. City of New York*, 466 F. Supp.2d 545 (S.D.N.Y. 2006)...........................................2, 7

*In re Baycol Products Litigation*, 532 F. Supp.2d 1029 (D. Minn. 2007)..........................6, 9

*Bensen v. American Ultramar*, No. 92 Civ. 4420, 1996 U.S. Dist. LEXIS 10647
(S.D.N.Y. July 26, 2006) .......................................................................................2

*Bracco Diagnostics, Inc. v. Amersham Health, Inc.*, No. 03-6025, 2009 U.S. Dist.
LEXIS 23560 (D.N.J. Mar. 25, 2009)...........................................................6, 9

*Guidi v. Inter-Continental Hotels Corp.*, No. 95 Civ. 9006, 2003 U.S. Dist. LEXIS
6385 (S.D.N.Y. Apr. 16, 2003)...............................................................................2

*Highland Capital Management, L.P. v. Schneider*, 379 F.Supp.2d 461 (S.D.N.Y.
2005) ....................................................................................................................5, 6

*Highland Capital Management, L.P. v. Schneider*, 551 F.Supp.2d 173 (S.D.N.Y.
2008) ....................................................................................................................6, 9

*Hutchinson v. Groskin*, 927 F.2d 722 (2d Cir. 1991) .......................................................7

*Nimely v. City of New York*, 414 F.3d 381 (2d Cir. 2005)...................................7, 10

*Potamkin Cadillac Corp. v. B.R.I Coverage Corp.*, 38 F.3d 627(2d Cir. 1994) ....................2

*In re Prempro Products Liability Litigation*, 554 F.Supp.2d 871
(E.D. Ark. 2008) ...........................................................................................5, 6, 7, 8

*In re Rezulin Products Liability Litigation*, 309 F.Supp.2d 531
(S.D.N.Y. 2004)......................................................................1, 3, 5, 6, 7, 8, 10

*United States v. Bilzerian*, 926 F.2d 1285 (2d Cir. 1991) .............................................6, 7, 10

*United States v. Royer*, 549 F.3d 886 (2d Cir. 2008)...............................................................2

*United States v. Torniero*, 735 F.2d 725 (2d Cir. 1984)........................................................2

*Wantanabe Realty Corp. v. City of New York*, 2004 U.S. Dist. LEXIS 1225
(S.D.N.Y. Feb. 2, 2004) ............................................................................................8

## <u>TABLE OF AUTHORITIES</u>
(continued)

**Page**

## RULES AND REGULATIONS

Federal Rule of Evidence 401 ................................................................2

Federal Rule of Evidence 402 ................................................................2

Federal Rule of Evidence 403 ................................................................2

Federal Rule of Evidence 702 ................................................................3

## INTRODUCTION

A practice reminiscent of wager of law has become fashionable among some well-financed litigants – the engagement of "expert" witnesses whose intended role is more to argue the client's cause from the witness stand than to bring to the fact-finder specialized knowledge or expertise that would be helpful in resolving the issues of fact presented by the lawsuit. These "experts" thus are loosely analogous to compurgators, also known as oath helpers, in that they lend their credentials and reputations to the party who calls them without bringing much if any relevant knowledge to bear on the facts actually at issue.

*In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d 531, 538 (S.D.N.Y. 2004).

The above quote from *In re: Rezulin Products Liability Litigation* describes exactly the type of impermissible non-expert testimony that Plaintiff intends to introduce through its "expert" witnesses Dr. Kathleen Burns and Marcel Moreau. Both Burns and Moreau will offer non-technical, non-scientific testimony regarding the knowledge, intent and conduct of the MTBE/petroleum "industry" based on their review of documents and deposition testimony provided to them by plaintiffs' counsel in this and other MTBE cases. Neither Burns nor Moreau has any personal knowledge of the "facts" they will recount regarding what the industry knew, did and intended. Nor have they applied any type of expert methodology to determine the "facts" about which they will testify. Relying largely on inadmissible hearsay documents produced in litigation by companies who will not stand trial in this case, these witnesses will draw biased conclusions about the facts to suit Plaintiff's theories of the case. Dr. Burns will also provide impermissible opinion testimony about whether Defendants' and Plaintiff's conduct with regard to MTBE is responsible and reasonable. Rather than introduce the testimony of fact witnesses with first-hand knowledge of what the petroleum industry knew and did with regard to MTBE, Plaintiff hopes to admit this evidence through "experts" without having to lay a proper foundation for admissibility. Plaintiff must not be permitted to circumvent the rules of evidence through such inappropriate use of "expert" testimony.

## **LEGAL STANDARD**

Under Federal Rule of Evidence 402, "[e]vidence which is not relevant is not admissible." Federal Rule of Evidence 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evidence is relevant if it "tends to prove or disprove a matter properly provable in the case." *United States v. Torniero*, 735 F.2d 725, 730 (2d Cir. 1984) (internal quotations omitted); *see also Bensen v. Amer. Ultramar*, No. 92 Civ. 4420, 1996 U.S. Dist. LEXIS 10647, at *14 (S.D.N.Y. July 26, 1996) ("[R]elevancy is a relationship between a proffered item of evidence and a fact that is of consequence to the determination of the action." (internal quotations omitted)). The party seeking to admit evidence "has the burden of showing that the prerequisites for its admissibility are met." *Potamkin Cadillac Corp. v. B.R.I Coverage Corp.*, 38 F.3d 627, 632 (2d Cir. 1994).

Even if relevant, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403; *United States v. Royer*, 549 F.3d 886, 901 (2d Cir. 2008) ("Federal Rule of Evidence 403 allows relevant evidence to be excluded by the trial court if its probative value is substantially outweighed by such dangers as unfair prejudice." (internal quotations omitted)); *Allen v. City of New York*, 466 F. Supp. 2d 545, 549 (S.D.N.Y. 2006) ("[A]s with all testimony, the expert's testimony must be relevant under Fed. R. Evid. 401, and may be excluded under Fed. R. Evid. 403 where its probative value is substantially outweighed by the danger of unfair prejudice and other factors." (internal citations omitted)); *Guidi v. Inter-*

*Continental Hotels Corp.*, No. 95 Civ. 9006, 2003 U.S. Dist. LEXIS 6385, at *5-*6 (S.D.N.Y. Apr. 16, 2003) (excluding evidence where "likelihood of jury confusion [was] great").

Regardless of relevance, expert testimony may be admitted only where it is based on "scientific, technical, or other specialized knowledge" and will "assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. Moreover, a witness may provide expert opinion testimony only if he or she is "qualified as an expert by knowledge, skill, experience, training, or education" and "if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." *Id.* "In deciding whether the proposed testimony will be helpful to the factfinder, courts in this Circuit analyze the testimony to determine whether it 'usurps either the role of the trial judge in instructing the jury as to the applicable law or the role of the jury in applying that law to the facts before it.'" *In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d 531, 541 (S.D.N.Y. 2004) (quoting *United States v. Lumpkin*, 192 F.3d 280, 290 (2d Cir. 1999).

## STATEMENT OF FACTS

Among the topics for which Plaintiff's "expert" witnesses Burns and Moreau have been designated to testify include historical facts and opinions regarding the MTBE/petroleum "industry's" actions, knowledge and intent with regard to the use of MTBE in gasoline. According to her expert report, Dr. Burns will testify: (1) that "industry" – defined to mean the originally named defendants in this action – had knowledge that MTBE could cause serious health effects when it decided to use MTBE in gasoline; (2) that "industry failed to act as good

product stewards"[2]; and (3) that water providers, including Plaintiff, act responsibly in seeking to minimize public exposure to MTBE.  (Declaration of Lauren Handel (Handel Decl.) Ex. A, Excerpts from Expert Report of Kathleen M. Burns, Ph.D. (Feb. 6, 2009) at 5-6.)  Mr. Moreau will testify about: (1) the petroleum marketing industry's knowledge concerning the integrity of underground storage systems at the time when gasoline containing MTBE was first introduced; (2) industry knowledge "about the MtBE problem" in the 1980s and 1990s; and (3) industry actions and warnings in response to the "MtBE problem."  (Handel Decl. Ex. B, Excerpts from Expert Report of Marcel Moreau (Dec. 19, 2008) at 3.)

Both Dr. Burns and Mr. Moreau will testify about the knowledge, communications, and actions of petroleum/MTBE companies and industry trade associations, including the American Petroleum Institute and the Oxygenated Fuels Association.  (See e.g., Handel Decl. Ex. A at 5, 7; Ex. B at 53-55.)  Dr. Burns and Mr. Moreau base this testimony on their review of internal company documents and trade association documents produced in discovery in this and other MTBE cases, as well as depositions given in MTBE litigation, which were provided to them by plaintiffs' counsel.  Dr. Burns's and Mr. Moreau's testimony about "industry" knowledge and conduct will include discussions of companies who will not stand trial as defendants in this action, including Shell, Chevron, ARCO, and Amoco.  (See, e.g., Handel Decl. Ex. A at 48-49; Ex. B at 53, 65-66.)

Burns and Moreau have no personal experience in the petroleum or MTBE "industry." Dr. Burns's training and experience is in toxicology, epidemiology and public health.  (See Handel Decl. Ex. C, Curriculum Vitae of Kathleen Burns, Ph.D.)  Mr. Moreau's experience is in

---

[2]  As explained by Dr. Burns, "product stewardship" relates to "overall social responsibility and corporate responsibility, indicating that there is a need for the private sector to consider their actions in the context of broader social needs and well-being."  (Handel Decl. Ex. A at 47.)

the design and regulation of underground storage tanks. (*See* Handel Decl. Ex. D, Curriculum Vitae of Marcel Moreau.) Neither Burns nor Moreau is a trained historian. Neither Burns nor Moreau has ever been: employed by any Defendant; employed by any oil company; employed by any petroleum industry association; in attendance at meetings of Defendants' employees about which they will offer testimony; in attendance at the industry association meetings about which they will offer testimony; or privy to any of the communications referred to in their expert reports.

## ARGUMENT

**I.    "EXPERT" TESTIMONY REGARDING A PARTY'S KNOWLEDGE, INTENT AND CONDUCT IS INADMISSIBLE.**

"Expert opinion must be just that – expert opinion drawn from a special expertise. Opinion given through the mouth of an expert does not necessarily make it expert opinion." *In re Prempro Prods Liab. Litig.*, 554 F. Supp. 2d 871, 887 (E.D. Ark. 2008). Expert testimony is "inadmissible when it addresses lay matters which a jury is capable of understanding and deciding without the expert's help." *Highland Capital Mgmt., L.P. v. Schneider*, 379 F. Supp. 2d 461, 468 (S.D.N.Y. 2005); *In re Rezulin Prods Liab. Litig.*, 309 F. Supp. 2d at 541 ("[I]n requiring that expert testimony be directed to scientific, technical or specialized knowledge, Rule 702 ensures that expert witnesses will not testify about lay matters which a jury is capable of understanding and deciding without the expert's help." (internal quotations omitted)).

Thus, "experts" may not be used to simply narrate facts that should be admitted through witnesses having personal knowledge and properly admissible documentary evidence. *In re Prempro Prods Liab. Litig.*, 554 F. Supp. 2d at 887 ("Having an expert witness simply summarize a document (which is just as easily summarized by a jury) with a tilt favoring a

litigant, without more, does not amount to expert testimony.")  Nor may an expert witness act as an advocate for the party sponsoring his or her testimony.  *Highland Capital Mgmt., L.P. v. Schneider*, 379 F. Supp. 2d at 469 ("[N]o expert may supplant the role of counsel in making argument at trial, and the role of the jury [in] interpreting the evidence." (internal quotations omitted)); *In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d at 546 ("[P]laintiffs' experts propose improperly to assume the role of advocates for the plaintiffs' case . . . a transgression that has resulted in the exclusion of 'expert' testimony ….").

It logically follows that expert witnesses may not testify as to a party's intent or state of mind.  *Bracco Diagnostics, Inc. v. Amersham Health, Inc.*, No. 03-6025, 2009 U.S. Dist. LEXIS 23560, at *124 (D.N.J. Mar. 25, 2009) ("[E]xperts cannot opine on intent."); *Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 182-83 (S.D.N.Y. 2008) ("Opining about a party's state of mind … is impermissible.  [The expert's] belief about a party's state of mind is an improper subject for expert testimony and cannot be saved by couching his opinion as industry custom and practice." (internal quotations omitted)); *In re Baycol Prods. Litig.*, 532 F. Supp. 2d 1029, 1069 (D. Minn. 2007) ("The question of corporate intent is one for the jury, not for an expert."); *In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d at 547 ("Inferences about the intent or motive of parties or others lie outside the bounds of expert testimony.").

In addition, an expert may not usurp the roles of the Court and the jury by opining on "ultimate legal conclusions."  *United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir. 1991); *see also Nimely v. City of New York*, 414 F.3d 381, 397 (2d Cir. 2005) ("expert testimony that usurp[s] either the role of the trial judge in instructing the jury as to the applicable law or the role of the jury in applying that law to the facts before it, by definition does not aid the jury in making a decision; rather, it undertakes to tell the jury what result to reach …." (internal quotations and

citations omitted)); *Allen*, 466 F. Supp. 2d at 548.  An expert witness may not tell the jury what conclusion to reach.  *See Nimely*, 414 F.3d at 397-98 (expert conclusion that police officers were telling the truth was improperly admitted because it "essentially instructed the jury as to an ultimate determination" and, therefore, did not assist the trier of fact); *Bilzerian*, 926 F.2d 1285, 1294-95 (affirming limitation on expert testimony and stating, "testimony encompassing an ultimate legal conclusion based upon the facts of the case is not admissible, and may not be made so simply because it is presented in terms of industry practice.").

## II.   BURNS'S AND MOREAU'S TESTIMONY IS INADMISSIBLE ADVOCACY, NOT PROPER EXPERT TESTIMONY.

Both Burns and Moreau will testify about unscientific, historical facts of which they have no personal knowledge or expertise.  In large part, they will summarize documentary evidence, much of which is inadmissible hearsay, and which could just as easily be understood and summarized by the jury.  (*See, e.g.*, Handel Decl. Ex. A at 7-8, 48-49, 51-52; Ex. B at 52-55.).  Such testimony does not assist the trier of fact and is plainly inadmissible.  *In re Prempro Prods Liab. Litig.*, 554 F. Supp. 2d at 880 (excluding expert testimony that "was simply a regurgitation of an exhibit" and was something "any layperson could have done.").  *In re Rezulin Prods Liab. Litig.*, 309 F. Supp. 2d at 551 (holding inadmissible expert "narrative [drawing] simple inferences . . . from uncomplicated facts that serve only to buttress plaintiffs' theory of the case.")  Plaintiff should not be permitted to use Dr. Burns and Mr. Moreau as a conduit for the admission of hearsay evidence.  *See Hutchinson v. Groskin*, 927 F.2d 722, 725 (2d Cir. 1991) (recitation of doctors' letters by expert was improper where used "as a conduit for hearsay testimony"); *Wantanabe Realty Corp. v. City of New York*, 2004 U.S. Dist. LEXIS 1225, at *9 (S.D.N.Y. Feb. 2, 2004) (excluding expert testimony that was "a mere conduit for the hearsay of another." (internal quotations omitted)).

Dr. Burns and Mr. Moreau will go beyond mere recitation of "facts" to state impermissible opinions about the "industry's" knowledge and intent.  For example, Dr. Burns will opine that:

- "Industry was neither a good product steward nor behaving in a socially responsible manner when they elected to add MTBE to gasoline and greatly increase its use.  Industry did not act with sufficient responsible care to prevent public exposure."  (Handel Decl, Ex. A at 48.)

- "The reality of the situation [the results of health effects testing] did not suit the needs of the Defendants and so was not disclosed in the journal articles that were published....  [Defendants] did not take seriously the information coming out in the developmental, reproductive, or other studies when electing to commercialize MTBE." (*Id.* at 25-26.)

- "A major goal of industry appears to have been to ensure acceptance of MTBE by the public and by regulators." *Id.* at 54.

Similarly, as stated in his expert report, Mr. Moreau will offer the following opinions:

- "Clearly, in carrying out its mission to represent the interests of MtBE producers and users to EPA, the MtBE Committee was not about to let a few inconvenient facts stand in the way of painting a very rosy picture to EPA." (Handel Decl. Ex. B at 64.)

- "Clearly, Amoco Oil was well aware of the environmental hazards posed by MtBE and recognized that extra care would be required in its storage and handling.....  If Amoco Oil could reach these conclusions, then other oil companies, who knew or should have known the same information regarding the physical properties of MtBE, should have come to the same conclusions." (*Id.* at 67.)

- "[W]hat happened in the United States in the 1980's and 1990's with regard to the leakage and spillage of gasoline was no accident.  It was conscious, callous disregard for human health and the environment."  (*Id.* at 71.)

Dr. Burns will also testify that "water providers are acting in a responsible and reasonable manner in seeking to minimize public exposure to MTBE," and that Plaintiff "is making a responsible and reasonable choice when they  seek to minimize the exposure of the public to MTBE to the best of their ability."  (Handel Decl., Ex. A at 6, 71. )

As these few examples show, the testimony of Dr. Burns and Mr. Moreau does not require "scientific, technical, or other specialized knowledge" as required by Federal Rule of Evidence 702 for the admission of expert testimony.  Any layperson could understand the facts on which such conclusions are based and form their own opinions.  For example, it is apparent that Dr. Burns's opinions regarding "product stewardship" are merely personal, rather than expert opinions, because she was unable to articulate any objective criteria she employed in reaching this conclusion.  (Handel Decl., Ex. E, Excerpts from Deposition of Kathleen Burns (Apr. 29, 2009) at 145:20-146:5; 147:5-9.)

The few examples above of Dr. Burns's and Mr. Moreau's opinions also demonstrate that they will offer inadmissible testimony on the parties' state of mind.  *See Bracco Diagnostics,* 2009 U.S. Dist. LEXIS 23560, at *124; *Highland Capital Mgmt.,* 551 F. Supp. 2d at 182-83; *In re Baycol Prods. Litig.,* 532 F. Supp. 2d at 1069; *In re Rezulin Prods. Liab. Litig.,* 309 F. Supp. 2d at 547.  Moreover, their opinions will impermissibly tell the jury what to conclude – namely, that Defendants were not only negligent, but intentionally wrongful, and that Plaintiff's planned mitigation efforts are reasonable.  Such testimony fails to assist the trier of fact and is, therefore, inadmissible.  *See Nimely,* 414 F.3d at 397-98; *Bilzerian,* 926 F.2d 1285, 1294-95.

### III.   BURNS'S AND MOREAU'S TESTIMONY ABOUT "INDUSTRY" IS IRRELEVANT AND PREJUDICIAL TO THE DEFENDANTS WHO WILL STAND FOR TRIAL.

Even if Dr. Burns and Mr. Moreau were competent to testify as expert or fact witnesses on "industry" state of mind and conduct, the vast majority of their testimony has no relevance to this case and, thus, should be excluded from trial for that independent reason. Both Burns and Moreau attribute the knowledge and actions of select companies and groups to "industry" generally without examining the relationships between companies or their participation in trade groups. In her own words, Dr. Burns "didn't look at the behavior of specific companies." (Handel Decl., Ex. E at 162:8-9.) Most of the company documents and deposition testimony that Burns and Moreau reference in their expert reports relate to companies that will not stand for trial as defendants in this action. Many of these documents are internal company memoranda for which there is no evidence that they were shared with Defendants or anyone outside the company until they were produced in discovery. As explained in Defendants' Motion *In Limine* to Preclude Plaintiff From Introducing Evidence or Argument: (1) Relating to Non-parties Against Defendants; or (2) Relating Only to one Defendant Against Multiple Defendants, the only evidence relevant to the Defendants' potential liability in this case is that related to their own knowledge and conduct. The admission of irrelevant evidence about what other companies knew and did will only serve to confuse and mislead the jury and unfairly prejudice Defendants by forcing them to put on evidence to distinguish themselves from the state of mind and conduct Burns and Moreau attribute to the "industry" generally.

## CONCLUSION

For the foregoing reasons, Defendants' motion to exclude from trial the non-expert

testimony and opinions of Plaintiff's experts Kathleen Burns and Marcel Moreau should be

granted.

Dated: New York, New York
        May 11, 2009

Respectfully submitted,

Peter John Sacripanti (PS 8968)
James A. Pardo (JP 9018)
Stephen J. Riccardulli (SR 7784)
Lauren Handel (LH 0755)
McDermott Will & Emery LLP
340 Madison Avenue
New York, New York 10173

*Attorneys for Exxon Mobil Corporation and
on behalf of all remaining Defendants*