UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE METHYL TERTIARY BUTYL ETHER
PRODUCTS LIABILITY LITIGATION

This document relates to:

*City of New York v. Amerada Hess Corporation, et al.,*
No. 04 Civ. 3417 (SAS)

Master File No. 1:00-1898
MDL 1358 (SAS)
M21-88

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' JOINT MOTION *IN LIMINE* TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING PLAINTIFF'S PAST AND FUTURE INVESTIGATION AND TREATMENT COSTS UNTIL IT PROVES ACTUAL INJURY**

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ...................................................................................................... ii

INTRODUCTION ........................................................................................................................ 1

LEGAL STANDARD .................................................................................................................. 2

ARGUMENT ................................................................................................................................ 3

I. PLAINTIFF MUST PROVE ACTUAL INJURY TO RECOVER ON ITS CLAIMS. ......................................................................................................................... 3

    A. Actual Injury Requires Impairment of Plaintiff's Usufructuary Rights to the Use of Groundwater. ................................................................................... 4

    B. For Its Public Nuisance Claim, Plaintiff Must Prove Substantial Injury to the Public's Interests. ........................................................................................... 5

    C. Plaintiff Cannot Recover for Threatened Future Harm Unless Actual Injury Is Imminent and Reasonably Certain to Occur. ........................................ 6

II. PLAINTIFF'S ALLEGED COSTS FOR INVESTIGATION AND TREATMENT DO NOT CONSTITUTE ACTUAL INJURY. ............................................................... 7

III. EVIDENCE OF PLAINTIFF'S ALLEGED INVESTIGATION AND TREATMENT COSTS SHOULD NOT BE ADMITTED UNLESS AND UNTIL PLAINTIFF PROVES ACTUAL INJURY ....................................................................... 9

    A. Plaintiff Will Have Difficulty Establishing the Actual Injury Element of Its Claims. ............................................................................................................. 9

    B. Plaintiff Will Present Evidence of Investigation and Treatment Costs That Is Irrelevant to Actual Injury, Will Mislead the Jury and Cause Unfair Prejudice to Defendants. .................................................................................................... 11

    C. Excluding Evidence of Investigation and Treatment Costs Until Plaintiff Proves Actual Injury Will Promote Efficiency Without Prejudice to Plaintiff. ...... 12

CONCLUSION .......................................................................................................................... 12

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Bensen v. American Ultramar*, No. 92 Civ. 4420, 1996 U.S.Dist. LEXIS 10647
(S.D.N.Y. July 26, 1996) ............................................................................................2

*Black Radio Network, Inc. v. Nynex Corp.*, 2000 U.S.Dist. LEXIS 594
(S.D.N.Y. Jan. 25, 2000) ............................................................................................8

*County of Suffolk v. Long Island Lighting Co.*, 728 F.2d 52 (2d Cir. N.Y. 1984) ............................7

*Gaffney v. Department of Information Technology*, 579 F.Supp.2d 455 (S.D.N.Y. 2008) ..............2

*Greater New York Automobile Dealers Association v. Environmental System Products, Inc.*, 211 F.R.D. 71 (E.D.N.Y. 2002) ............................................................................8

*Guidi v. Inter-Continental Hotels Corp.*, No. 95 Civ. 9006,
2003 U.S.Dist. LEXIS 6385 (S.D.N.Y. Apr. 16, 2003) ..............................................3

*Long Island Lighting Co. v. Stone & Webster Engineering Corp.*, 839 F.Supp. 183
(E.D.N.Y. 1993) .........................................................................................................7

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 ..........................................................................6, 7

*In re MTBE Products Liability Litigation*, 175 F.Supp.2d 593 (S.D.N.Y. 2001) ..........................6

*In re MTBE Products Liability Litigation*, 457 F.Supp.2d 298 (S.D.N.Y. 2006) .....................4, 8

*In re MTBE Products Liability Litigation*, 457 F.Supp.2d 455 (S.D.N.Y. 2006) .....................4, 8

*In re MTBE Products Liability Litigation*, 458 F.Supp.2d 149 (S.D.N.Y. 2006) ..........................4

*In re MTBE Products Liability Litigation*, 593 F.Supp.2d 540 (S.D.N.Y. 2008) ..........................5

*In re MTBE Products Liability Litigation*, 2007 U.S.Dist. LEXIS 40484
(S.D.N.Y. June 4, 2007) .............................................................................................5

*In re Methyl Tertiary Butyl Ether (MTBE) Products Liability Litigation*,
517 F.Supp.2d 662 (S.D.N.Y. 2007) ..........................................................................2

*Niagara Mohawk Power Corp. v. Stone & Webster Engineering Corp.*,
725 F.Supp. 656 (N.D.N.Y. 1989) .............................................................................8

*Potamkin Cadillac Corp. v. B.R.I Coverage Corp.*, 38 F.3d 627 (2d Cir. 1994) ...........................2

*Shafran v. Harley-Davidson*, No. 07 Civ. 013652008, U.S. Dist. LEXIS 22494 ..........................7

*United States v. Bermudez*, 529 F.3d 158 (2d Cir. 2008) ...............................................................3

*United States v. Bowe*, 360 F.2d 1 (2d Cir. 1966) ..........................................................................3

*United States v. Royer*, 549 F.3d 886 (2d Cir. 2008).....................................................................3

*United States v. Torniero*, 735 F.2d 725 (2d Cir. 1984) .................................................................2

*United States v. Valencia*, 826 F.2d 169 (2d Cir. N.Y. 1987) ........................................................2

## STATE CASES

*532 Madison Avenue Gourmet Foods, Inc. v. Finlandia Center, Inc.*,
    96 N.Y.2d 280 (N.Y. 2001) ......................................................................................................8

*Askey v. Occidental Chemical Corp.*, 477 N.Y.S.2d 242 (N.Y. App. Div. 1984) ...........................6

*Copart Industrial v. Consolidated Edison Co.*, 41 N.Y.2d 564 (N.Y. 1977) ...........................3, 5

*Frank v. DaimlerChrysler Corp.*, 741 N.Y.S.2d 9 (N.Y. App. Div. 2002) ..............................3, 7, 8

*Friedland v. State*, 314 N.Y.S.2d 935 (N.Y. App. Div. 1970) ........................................................4

*New York v. Fermenta ASC Corp.*, 630 N.Y.S.2d 884 (N.Y. Sup. Ct. 1995)..................................6

*Niagra Mohawk Power Corp. v. Ferranti-Packard Transformers, Inc.*,
    607 N.Y.S.2d 808 (N.Y. App. Div. 1994) ............................................................................7, 8

*People v. Jing Xiong*, 832 N.Y.S.2d 646 (N.Y. App. Div. 2007).....................................................6

*Plainview Water District v. Exxon Mobil Corp.*, 2006 N.Y.Misc. LEXIS 3730 (N.Y.
    Sup. Ct. 2006) ..........................................................................................................................4

*Plainview Water District v. Exxon Mobil Corp.*, 856 N.Y.S.2d 502 (N.Y. Sup. Ct. 2008).............7

*Shared Communications Services of ESR, Inc. v Goldman Sachs & Co.*,
    803 N.Y.S.2d 512 (N.Y. App. Div. 2005) ...............................................................................3

*Sweet v. Syracuse*, 129 N.Y. 316 (N.Y. 1891)................................................................................4

*Westphal v. New York*, 78 N.Y.S. 56, 75 A.D. 252 (N.Y. App. Div. 1902) ....................................4

- iv -

## FEDERAL RULES

Federal Rule of Civil Procedure 42 ...................................................................................................2

Federal Rule of Evidence 401 ...........................................................................................................2

Federal Rule of Evidence 402 ......................................................................................................2, 11

Federal Rule of Evidence 403 ......................................................................................................3, 12

## STATE STATUTES

N.Y. Nav. Law § 181 ....................................................................................................................4, 8

# **INTRODUCTION**

Defendants expect that, at trial, Plaintiff City of New York ("Plaintiff") will argue and present evidence that it has incurred and will incur costs for investigation of MTBE contamination and treatment of its wells and, therefore, is harmed by MTBE. Without a doubt, injury is an essential element of each and every one of Plaintiff's claims. However, Plaintiff's expenditures for investigation and treatment are "economic damages" that do not establish the injury necessary to prove its claims. Rather, Plaintiff must prove actual injury to its property interests – *i.e.*, impairment of its usufructuary rights to use the water in its wells – or, for its public nuisance claim, substantial harm or endangerment to the public. Plaintiff will be entitled to compensatory damages for its alleged investigation and treatment costs and other claimed relief only if it proves actual injury, as well as all other required elements of its claims.

For this reason, evidence of such economic damages evidence will only be relevant to establish the amount of compensatory damages in the event that Plaintiff independently proves actual injury. If Plaintiff cannot meet its burden of proof, evidence of its past and future costs will only needlessly prolong the trial and prejudice Defendants. Furthermore, if presented with evidence and argument that Plaintiff has spent or will spend money on investigation of MTBE contamination or design and construction of wellhead treatment, the jury is likely to confuse such economic costs with injuries satisfying the harm element of Plaintiff's claims. The risk of confusion here is great because Plaintiff's alleged damages rest entirely on speculative claims that it may some day use its wells to serve water to customers. To prevent confusion of the issues and misleading the jury, avoid prejudice to the Defendants, and promote efficiency, the Court should structure the trial to require Plaintiff to first prove actual injury before allowing any evidence or argument regarding investigation and treatment costs.

## **LEGAL STANDARD**

A motion *in limine* is a recognized "procedural device[] designed to narrow the issues to be presented to the jury," and stems from the "district court's inherent authority to manage the course of trials." *In re MTBE Prods. Liab. Litig.*, 517 F. Supp. 2d 662, 666-67 (S.D.N.Y. 2007) (internal citations and quotation omitted); *see also United States v. Valencia*, 826 F.2d 169, 171 (2d Cir. N.Y. 1987) (citing *Luce v. United States*, 469 U.S. 38, 41 n.4, 83 L. Ed. 2d 443, 105 S. Ct. 460 (1984)). The Court's discretion to manage trials includes its authority, pursuant to Federal Rule of Civil Procedure 42(b), to order separate trials of separate issues "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b); *see also Gaffney v. Dep't of Info. Tech.*, 579 F. Supp. 2d 455, 459 (S.D.N.Y. 2008).

"Evidence which is not relevant is not admissible." Fed. R. Evid. 402. Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401; *see also United States v. Torniero*, 735 F.2d 725, 730 (2d Cir. 1984); *Bensen v. Amer. Ultramar*, No. 92 Civ. 4420, 1996 U.S. Dist. LEXIS 10647, *14 (S.D.N.Y. July 26, 1996) ("[R]elevancy is a relationship between a proffered item of evidence and a fact that is of consequence to the determination of the action." (internal quotations omitted)). The party seeking to admit evidence "has the burden of showing that the prerequisites for its admissibility are met." *Potamkin Cadillac Corp. v. B.R.I Coverage Corp.*, 38 F.3d 627, 632 (2d Cir. 1994).

Even if relevant, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative

evidence." Fed. R. Evid. 403; *United States v. Royer*, 549 F.3d 886, 901 (2d Cir. 2008); *United States v. Bowe*, 360 F.2d 1, 15 (2d Cir. 1966) ("A trial judge has discretion to exclude evidence which is only slightly probative if its introduction would confuse and mislead the jury by focusing its attention on collateral issues and if it would unnecessarily delay the trial."); *Guidi v. Inter-Continental Hotels Corp.*, No. 95 Civ. 9006, 2003 U.S. Dist. LEXIS 6385, *5-*6 (S.D.N.Y. Apr. 16, 2003) (excluding evidence where "likelihood of jury confusion [was] great"). "Unfair prejudice" in the context of Federal Rule of Evidence 403, "means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Bermudez*, 529 F.3d 158, 170 (2d Cir. 2008) (citing *Old Chief v. United States*, 519 U.S. 172, 180 (1997)).

## ARGUMENT

### I.  PLAINTIFF MUST PROVE ACTUAL INJURY TO RECOVER ON ITS CLAIMS.

Plaintiff has alleged claims for damages[1] based on strict liability for defective design and failure to warn, negligence, civil conspiracy,[2] public nuisance, private nuisance, trespass, and New York Navigation Law § 181. (Fourth Amended Complaint.) Actual injury is an essential element of every one of these claims. *Frank v. DaimlerChrysler Corp.*, 741 N.Y.S.2d 9, 12 (N.Y. App. Div. 2002) (strict liability, negligence); *Copart Indus. v. Consol. Edison Co.*, 41 N.Y.2d 564, 568 (N.Y. 1977) (public nuisance "consists of conduct or omissions which offend, interfere with or cause damage to the public ...."); *id.*, 41 N.Y.2d at 570 (private nuisance

---

[1] Plaintiff also asserts a citizen suit claim under the Toxic Substances Control Act, for which the only relief sought (and permitted) is injunctive.

[2] New York does not recognize civil conspiracy as an independent tort, *Shared Communications Servs. of ESR, Inc. v Goldman Sachs & Co.*, 803 N.Y.S.2d 512, 613 (N.Y. App. Div. 2005).

requires "an interference substantial in nature" with the plaintiff's property interests); N.Y. Nav. Law § 181(5) (authorizing "any injured person" to bring claim against discharger).

### A. Actual Injury Requires Impairment of Plaintiff's Usufructuary Rights to the Use of Groundwater.

Because Plaintiff does not own the groundwater that supplies its wells, its only relevant property interest is the usufructuary right to make reasonable use of the groundwater. *See Sweet v. Syracuse*, 129 N.Y. 316, 335 (N.Y. 1891) ("Neither sovereign nor subject can acquire anything more than a mere usufructuary right [in waters]"); *Friedland v. State*, 314 N.Y.S.2d 935, 937 (N.Y. App. Div. 1970) ("As to the use of percolating waters, a land owner has the right upon its own lands to make use of them as he reasonably can...."); *Westphal v. New York*, 78 N.Y.S. 56, 75 A.D. 252, 256 (N.Y. App. Div. 1902) (plaintiff "has the right to use the water, but he has no property in the water as such"); *see also In re MTBE Prods Liab. Litig.*, 457 F. Supp. 2d 455, 460-61 (S.D.N.Y. 2006) (usufructuary rights under California law); *In re MTBE Prods Liab. Litig.*, 457 F. Supp. 2d 298, 310 (S.D.N.Y. 2006) (usufructuary rights under Maryland law). A usufructuary right is a right acquired by action a landowner takes to make use of the water, not a right in the water itself. *Westphal*, 75 A.D. at 256; *see also In re MTBE Prods Liab. Litig.*, 457 F. Supp. 2d at 461 ("Usufructuary rights generally arise from 'some physical act with respect to the water by the appropriator to manifest the possessory right.'" (quoting *Fullerton v. State Water Res. Control Bd.*, 90 Cal. App. 3d 590, 598 (Cal. Ct. App. 1990)).

To establish actual injury to Plaintiff's usufructuary interest, Plaintiff must establish that the presence of MTBE in the groundwater drawn by its wells impairs its reasonable use of the water. This Court has held that "plaintiffs' protected interests may be interfered with whenever contamination affects the quality of the water from which they supply the public ...." *In re MTBE Prods Liab. Litig.*, 458 F. Supp. 2d 149, 155-56 (S.D.N.Y. 2006); *see also Plainview*

*Water Dist. v. Exxon Mobil Corp.*, 2006 N.Y. Misc. LEXIS 3730, *16-*17 (N.Y. Sup. Ct. 2006) (adopting same). The mere presence of MTBE at a detectable level in a well does not constitute actionable injury. *In re MTBE Prods Liab. Litig.*, 2007 U.S. Dist. LEXIS 40484, *26-*27 (S.D.N.Y. June 4, 2007). Rather, "[t]he level at which MTBE contamination has become so significant as to harm plaintiffs' wells is an issue of fact for the jury to resolve." *In re MTBE Prods Liab. Litig.*, 593 F. Supp. 2d 540, 544 (S.D.N.Y. 2008). Although a plaintiff may be injured by MTBE concentrations below the State's maximum contaminant level ("MCL"), this Court has recognized that "it may eventually be determined that some levels of contamination below the applicable MCLs do not injure plaintiffs' protected interests ...." *In re MTBE Prods Liab. Litig.*, 458 F. Supp. 2d at 158; *see also In re MTBE Prods Liab. Litig.*, 2007 U.S. Dist. LEXIS 40484, *32 n.57 ("claims based on detections so low that they do not constitute an injury are not actionable."). Specifically, this Court has ruled that MTBE concentrations below the MCL do not constitute an injury unless the plaintiff can establish, for example, evidence that its customers have made taste and odor complaints due to MTBE contamination. *In re MTBE Prods Liab. Litig.*, 458 F. Supp. 2d at 158.

### B. For Its Public Nuisance Claim, Plaintiff Must Prove Substantial Injury to the Public's Interests.

Unlike Plaintiff's other claims, which are based on an alleged injury to Plaintiff's interests as a property owner, public nuisance "is an offense against the State" requiring proof of injury to a public interest. *Copart Indus.*, 41 N.Y.2d at 568. To prove public nuisance, Plaintiff must meet the high burden of establishing by clear evidence that MTBE contamination of the groundwater "offend[s], interfere[s] with or cause[s] damage to the public in the exercise of rights common to all ... in a manner such as to offend public morals, ... or endanger or injure the property, health, safety or comfort of a considerable number of persons." *Id.* Moreover, "the

annoyance, discomfort or interference experienced by a considerable number of persons must be substantial." *New York v. Fermenta ASC Corp.*, 630 N.Y.S.2d 884, 890 (N.Y. Sup. Ct. 1995). The presence of regulated chemicals in groundwater, even at concentrations above applicable MCLs, does not constitute a public nuisance unless the contamination has caused actual harm to humans or is reasonably certain to cause such harm imminently. *Fermenta ASC Corp.*, 630 N.Y.S.2d at 890-91, *aff'd*, 656 N.Y.S.2d 342, 346 (N.Y. App. Div. 1997).

### C. Plaintiff Cannot Recover for Threatened Future Harm Unless Actual Injury Is Imminent and Reasonably Certain to Occur.

Plaintiff's claims are based on the premise that MTBE will impair its ability to use its wells in the future. A threat of future injury can satisfy the actual injury element of Plaintiff's claims only if the threat is both real and imminent. *In re MTBE Prods Liab. Litig.*, 175 F. Supp. 2d 593, 609 (S.D.N.Y. 2001) ("threat" claim must fail if "the alleged injury is merely 'an ingenious academic exercise in the conceivable.'" (quoting *Friends of the Earth, Inc. v. Gaston Copper Recycling Corp.*, 204 F.3d 149, 156 (4th Cir. 2000)); *id.* at 610 ("A court must distinguish between a threat that 'may' pose an imminent endangerment and a threat that is 'certainly impending.'" (quoting *Citizens for a Better Env't v. Caterpillar, Inc.*, 30 F. Supp. 2d 1053, 1064 (C.D. Ill. 1998))). According to the U.S. Supreme Court, a threatened injury that might occur "some day" in the future without "any specification of *when* the some day will be" is not imminent. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 564 (1992). New York law is in accord. *People v. Jing Xiong,* 832 N.Y.S.2d 646, 647 (N.Y. App. Div. 2007) ("imminent" means "impending harm which constitutes a present, immediate threat i.e., a danger that is actual and at hand, not one that is speculative, abstract or remote." (quoting *People v. Craig*, 78 N.Y.2d 616, 624 (N.Y. 1991))); *Askey v. Occidental Chem. Corp.*, 477 N.Y.S.2d 242, 247 (N.Y. App. Div. 1984) ("Consequences which are contingent, speculative or merely possible are not properly

considered in ascertaining injury, damages and appropriate remedy."); *Plainview Water Dist. v. Exxon Mobil Corp.*, 856 N.Y.S.2d 502, 2008 NY Slip Op 50152U, *26 (N.Y. Sup. Ct. 2008) (holding that the plaintiff failed to prove that threatened MTBE impacts are "'certainly impending,' 'actual and at hand' and 'real and immediate' as required by New York law" and finding no imminent threat as a matter of law where over 6 years had elapsed without the threat occurring). In addition, the U.S. Supreme Court has found that the concept of imminent harm "has been stretched beyond the breaking point when, as here, the plaintiff alleges only an injury at some indefinite future time, and the acts necessary to make the injury happen are at least partly within the plaintiff's own control." *Lujan*, 504 U.S. at 563 n.2.

## II. PLAINTIFF'S ALLEGED COSTS FOR INVESTIGATION AND TREATMENT DO NOT CONSTITUTE ACTUAL INJURY.

Plaintiff's claimed past and future costs for investigation and remediation are recoverable only if it proves actual injury to its usufructuary interests or to the public. Under New York law, a plaintiff's costs to investigate, cure or prevent harm do not constitute damages satisfying the actual injury element of tort claims. *See Frank*, 741 N.Y.S.2d 9 (claims for costs to correct alleged product defect not compensable because plaintiffs had not alleged actual injury); *see also Shafran v. Harley-Davidson*, No. 07 Civ. 013652008, U.S. Dist. LEXIS 22494, *8-*9 (S.D.N.Y. Mar. 24, 2008) (costs for credit monitoring to protect against identify theft not actual injury); *Niagra Mohawk Power Corp. v. Ferranti-Packard Transformers, Inc.*, 607 N.Y.S.2d 808, 810 (N.Y. App. Div. 1994) (costs to replace allegedly defective transformers not actual injury); *Long Island Lighting Co. v. Stone & Webster Eng'g Corp.*, 839 F. Supp. 183, 185 (E.D.N.Y. 1993) (costs for investigating and curing problems caused by defects were economic damages, not property damage). Such "economic losses" are not compensable in tort without actual injury to a plaintiff's person or property. *County of Suffolk v. Long Island Lighting Co.*, 728 F.2d 52, 62-63

(2d Cir. N.Y. 1984); *Greater New York Auto. Dealers Assoc. v. Envtl. Sys. Prods., Inc.*, 211 F.R.D. 71, 82 (E.D.N.Y. 2002); *Black Radio Network, Inc. v. Nynex Corp.*, 2000 U.S. Dist. LEXIS 594, *10 (S.D.N.Y. Jan. 25, 2000); *Niagara Mohawk Power Corp. v. Stone & Webster Eng'g Corp.*, 725 F. Supp. 656, 665 (N.D.N.Y. 1989); *532 Madison Ave. Gourmet Foods, Inc. v. Finlandia Center, Inc.*, 96 N.Y.2d 280, 291-92 (N.Y. 2001); *Frank*, 741 N.Y.S.2d at 17; *Niagra Mohawk Power Corp.*, 607 N.Y.S.2d at 810; *see also In re MTBE Prods Liab. Litig.*, 457 F. Supp. 2d at 462 (applying California law and stating, "In the *absence of physical injury to property*, a plaintiff's economic losses cannot support a claim for negligence or products liability." (emphasis in original)); *In re MTBE Prods Liab. Litig.*, 457 F. Supp. 2d at 317-18 (discussing economic loss under Maryland law and finding claims not barred where plaintiffs also alleged personal injury and property damage).

Similarly, Plaintiff may not recover its alleged investigation and treatment costs under its Navigation Law claim unless it establishes actual damage to its property resulting from Defendants' discharge of petroleum, or that such costs were "cleanup and removal costs" approved by the New York State Department of Environmental Conservation. N.Y. Nav. Law §§ 181(2) (recoverable costs and damages include "cost of restoring, repairing, or replacing any real or personal property *damaged or destroyed* by a discharge" (emphasis added)); *see also* § 172(5) (defining "cleanup and removal costs" as "all costs associated with cleanup and removal of a discharge . . . *with approval* of [the Department of Environmental Conservation]."(emphasis added)).

### III. EVIDENCE OF PLAINTIFF'S ALLEGED INVESTIGATION AND TREATMENT COSTS SHOULD NOT BE ADMITTED UNLESS AND UNTIL PLAINTIFF PROVES ACTUAL INJURY.

#### A. Plaintiff Will Have Difficulty Establishing the Actual Injury Element of Its Claims.

There is good reason to doubt that Plaintiff will prove actual injury on the facts of this case because there is no evidence that MTBE has interfered with Plaintiff's use of its wells in the past and its claims of threatened future harm are highly speculative.[3] None of the wells at issue for trial are presently in service. None of the wells were taken out of service because of MTBE. Most of the wells have *never* been used by Plaintiff to serve water since it acquired the well system in 1996. For example, the wells chosen by Plaintiff for trial have not been in service since 1982 (Wells 6, 6A, 6B and 6D) and 1993 (Well 33) and had no MTBE detections until 2000, at the earliest. Furthermore, MTBE concentrations in all but one of the wells (Well 6D) have never reached the MCL, and the one well with detections at or above the MCL has been out of service (like the others at Station 6) since 1982, long before Plaintiff acquired the well system. (Declaration of Lauren Handel ("Handel Decl."), Ex. A, Excerpts from *Plaintiff City of New York's Collective Responses and Objections to Defendants' August 2008 Well Specific Discovery Requests* (Oct. 1, 2008) at 22).

Plaintiff's alleged injuries are based only on speculation that MTBE will interfere with its use of the wells at some time in the future, in the event that the wells are re-activated. In the

---

[3] Defendants have separately moved to exclude any evidence of damages to Defendants' selected focus wells (Wells 5, 22, 26, 39, and 45) on the grounds that Plaintiff does not seek past damages for such wells, it has no evidence of past or present injury with regard to these wells, and its evidence of future injury is remote and speculative. In the event that the Court does not grant those motions, it should not allow evidence of Plaintiff's claimed future investigation and treatment costs for those wells (or any wells) unless and until Plaintiff proves that the wells are threatened by an imminent and certainly impending harm constituting actual injury.

event that Plaintiff decides to re-activate any of the focus wells – which is by no means certain – the wells chosen by Plaintiff would not come online until 2018 at the earliest, (*see* Handel Decl. Ex. B, Excerpt from Deposition of Donald Cohen (April 14, 2009) 696:19 – 697:24), and the wells chosen by Defendants would not be used until at least 2020 (*see* Handel Decl. Ex C, Excerpt from Rule 30(b)(6) Deposition of William Meakin (Apr. 23, 2009) at 365-68). Plaintiff claims no past damages for the five wells selected by Defendants for trial (Wells 5, 22, 26, 39, and 45 (hereinafter "Defendants' focus wells"). (Handel Decl. Ex. D, Excerpts from *Plaintiff City of New York's Responses and Objections to Defendants' Well Specific Discovery* (Oct. 24, 2008) at 4, 72, 89, 169, 206 ("The City does not seek to recover past damages for Well No. [5, 22, 26, 39, 45].").) Thus, by its own admission, Plaintiff's claims for the Defendants' focus wells are based entirely on a "threat" of future injury. Although Plaintiff claims to have already incurred damages for the wells it selected for trial (Wells 6, 6A, 6B, 6D and 33 (collectively "Station 6 Wells")), it admits that it has never lost revenue or curtailed service as a result of the MTBE in those wells. (Handel Decl. Ex. E, Excerpts from *Plaintiff City of New York's Responses to First Set of Well Specific Requests to Admit* (Nov. 14, 2006), Nos. 30, 31, 43, 44, 56, 57, 69, 70, 173, 175.) Indeed Plaintiff *cannot* have suffered past or present injury for the Station 6 Wells because, as noted above, for reasons unrelated to MTBE, they have never been in active service since Plaintiff acquired them. Moreover, Plaintiff's alleged past damages for the Station 6 Wells relate only to costs incurred for investigation and design of a prospective treatment plant for use *if* Plaintiff decides to re-activate the Station 6 Wells in the future and *if* MTBE is present at that time at levels requiring treatment. (Handel Decl. Ex. D at 24, 146 ("The damages the City has already incurred include approximately $900,000 related to the investigation of MTBE in the wells to be treated at the Station 6 treatment plant, … sampling,

modeling, preliminary assessment of appropriate treatment alternatives, and conceptual design.")).

### B. Plaintiff Will Present Evidence of Investigation and Treatment Costs That Is Irrelevant to Actual Injury, Will Mislead the Jury and Cause Unfair Prejudice to Defendants.

Defendants expect that Plaintiff will put on evidence and make arguments at trial regarding its claimed past and future costs for investigation of MTBE contamination, and for design, construction and operation of wellhead treatment systems. In addition to the $900,000 in costs Plaintiff claims to have already incurred for investigation and design of a treatment system for the Station 6 Wells, Plaintiff also claims that it will be required to incur future costs for treatment of all ten focus wells. Specifically, Plaintiff will present evidence, through the testimony of its experts Donald Cohen and Marnie Bell, that it will be required to spend hundreds of millions of dollars to treat its wells.

Presented with evidence that the Plaintiff will incur such exorbitant costs to treat MTBE, jurors are likely to be misled into believing that the Plaintiff must have actual injuries. (Why else would it have to spend so much money?) The prejudicial effect this evidence will have on Defendants cannot be corrected by an instruction from the Court not to consider Plaintiff's evidence of investigation and treatment costs in deciding whether or not Plaintiff has proven the actual injury element of its claims. The idea that the City needs this money will have been planted in the jurors' minds and will skew their judgment toward finding actual injury where none exists. Moreover, because Plaintiff can recover investigation and treatment costs only if it establishes actual injury (*see* discussion at pp. 8-9 *supra*), such evidence is irrelevant – and, therefore, inadmissible under Federal Rule of Evidence 402 – until Plaintiff meets that burden. Even if such evidence had some probative value before Plaintiff proves actual injury – and it

does not – it should be excluded to guard against the risk of confusing the jury, as well as the resulting prejudice to Defendants. *See* Fed. R. Ev. 403.

### C. Excluding Evidence of Investigation and Treatment Costs Until Plaintiff Proves Actual Injury Will Promote Efficiency Without Prejudice to Plaintiff.

Evidence of investigation and treatment costs will needlessly prolong the trial and waste the Court's, jurors' and the parties' time in the event that Plaintiff fails to prove actual injury. However, if Plaintiff succeeds in proving actual injury, it will be able to proceed with the presentation of such evidence. Plaintiff does not need evidence of its costs to prove any aspect of its claims other than the amount of compensatory damages that might be awarded *if* Plaintiff proves all essential elements of its claims. Therefore, Plaintiff will suffer no prejudice from the exclusion of such evidence until it proves actual injury.

## CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that the Court order that the issue of Plaintiff's actual damages be tried separately and prior to trial on the issue of the amount of Plaintiff's damages. The Court should also prohibit Plaintiff from introducing any evidence or argument regarding its claimed past or future costs for investigation of MTBE contamination or for treatment of its wells until after the jury decides that Plaintiff has met its burden to prove the actual injury element of at least one of its claims.

Dated: New York, New York
      May 11, 2009

Respectfully submitted,

*/s/ Lauren Handel*

Peter John Sacripanti (PS 8968)
James A. Pardo (JP 9018)
Stephen J. Riccardulli (SR 7784)
Lauren Handel (LH 0755)
MCDERMOTT WILL & EMERY LLP
340 Madison Avenue
New York, New York 10173

*Attorneys for the Exxon Mobil Corporation Defendants and on behalf of all remaining Defendants*