# EXHIBIT D



Oct 24 2008
9:11PM

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

In Re:  Methyl Tertiary Butyl Ether ("MTBE")
Products Liability Litigation

                                      x

**This document relates to the following case:**

*City of New York v. Amerada Hess Corp., et al.*, 04 Civ. 3417

**PLAINTIFF CITY OF NEW YORK'S RESPONSES AND OBJECTIONS TO DEFENDANTS' WELL SPECIFIC DISCOVERY**

MDL No. 1358
Master File C.A. No.
1:00-1898 (SAS)

Plaintiff City of New York ("the City"), by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, hereby responds to Defendants' Well Specific Interrogatories and Requests for Production ("Well Specific Discovery"), served from August 1 through August 26, 2008, as follows:

<u>**GENERAL STATEMENT**</u>

1.      By responding to the Well Specific Discovery, the City does not concede the materiality of the subject to which it refers.  The City's responses are made expressly subject to, and without waiving or intending to waive, any questions or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence, or for any other purpose, of any of the documents or information produced, or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

2.      The City objects to the Well Specific Discovery to the extent that it seeks information or documents outside the scope of discovery permissible under the Federal Rules of Civil Procedure.

3.      The City objects to the Well Specific Discovery to the extent that the Well Specific Discovery seeks information or documents covered by attorney-client privilege, the

analytes other than MTBE, identify such analytes and the amount of damages
attributable to them.

**RESPONSE NO.2:**

    The City objects to this request to the extent it implies that the presence of other
analytes in a well could reduce Defendants' liability for damages for the costs of addressing
MTBE in the well.  Nonetheless, notwithstanding and subject to this objection, the City responds
as follows:  The City does not seek to recover past damages for Well No. 5.

**INTERROGATORY NO.3:**

    Identify, in as much detail as is available, the damages you claim will be incurred
in the future as a result of MTBE detected at Well No. 5, identifying:

    (a)    the amount of damages alleged;

    (b)    the type of damages alleged (e.g., remediation, investigation, filtration, lost
        revenue, cost of alternative water, etc.);

    (c)    all documents concerning such damages;

    (d)    identify each Person knowledgeable as to such damages; and

    (e)    if any such amounts are attributable, in whole or in part, to the presence of
        analytes other than MTBE, identify such analytes and the amount of damages
        alleged which are attributable to them.

**RESPONSE NO.3:**

    The City objects to this interrogatory as it prematurely and improperly seeks
expert discovery in violation of Fed. R. Civ. P. 26, the Court's July 25, 2006 Order, and the
stipulation between the City and Defendants, as evidenced in the Defendants' August 17, 2006
72-hour letter to the Court, which states that expert discovery shall follow fact discovery in this
case.  The City further objects to this request to the extent it implies that the presence of other

-4-

revenue, cost of alternative water);

    (c)    the date(s) on which the damages were incurred;

    (d)    all documents concerning such damages;

    (e)    identify each Person knowledgeable as to such damages; and

    (f)    if any such amounts are attributable, in whole or in part, to the presence of analytes other than MTBE, identify such analytes and the amount of damages attributable to them.

**RESPONSE NO. 3:**

The City objects to this request to the extent it implies that the presence of other analytes in a well could reduce Defendants' liability for damages for the costs of addressing MTBE in the well. Nonetheless, notwithstanding and subject to this objection, the City responds as follows: Responsive information concerning costs incurred by the City as a result of MTBE in the Station 6 Wells can be obtained from documents that have previously been produced by the City, including documents concerning the Station 6 component of the Brooklyn Queens Aquifer Study (contract GE-328), documents Bates No. NYC0012226 through NYC0012232, NYC0012198 through NYC0012199, NYC0012392 through NYC0012394, NYC-0095422 through NYC-0095448, NYC-0095464 through NYC-0095506; NYC-0096036 through NYC-0096054, NYC-0096178 through NYC-0096210, NYC-0096450 through NYC-0096483, and documents that the City will be producing shortly. The damages the City has already incurred include approximately $900,000 related to the investigation of MTBE in the wells to be treated at the Station 6 treatment plant, including the Station 6 Wells, sampling, modeling, preliminary assessment of appropriate treatment alternatives, and conceptual design. The City has not allocated those damages among the individual wells to be treated by the Station 6 treatment plant.

-24-

MTBE in the well.  Nonetheless, notwithstanding and subject to this objection, the City responds as follows:  The City does not seek to recover past damages for Well No. 22.

**INTERROGATORY NO. 3:**

State in detail the amount of damages you claim you will incur in the future caused by the presence of MTBE in Well No. 22, by category (e.g., remediation, testing, investigation, filtration, lost revenue, cost of alternative water, expert assistance), identify all documents concerning such damages, and identify the person(s) knowledgeable about each category of damages. If any such amounts are attributable, in whole or in part, to the presence of contaminants other than MTBE, identify such other contaminants and the amounts attributable to such other contaminants.

**RESPONSE NO. 3**

The City objects to this interrogatory as it prematurely and improperly seeks expert discovery in violation of Fed. R. Civ. P. 26, the Court's July 25, 2006 Order, and the stipulation between the City and Defendants, as evidenced in the Defendants' August 17, 2006 72-hour letter to the Court, which states that expert discovery shall follow fact discovery in this case.  The City further objects to this request to the extent it implies that the presence of other contaminants in a well could reduce Defendants' liability for damages for the costs of addressing MTBE in the well.  Nonetheless, notwithstanding and subject to these objections, the City responds as follows:  Responsive information concerning costs incurred to install treatment on individual wells, including GAC systems, in the past, can be obtained from documents that have previously been produced by the City, including documents concerning contracts SYSOPS-08 and SYSOPS-09.

tested for MTBE and/or other analytes. Please also indicate whether, when, and how, the City

has produced in discovery the results of that testing.

**RESPONSE NO. 4:**

   The City has not pumped Well No. 26 to the distribution system since acquiring it

in 1996 and therefore does not have point of entry sampling information for this well.

**INTERROGATORY NO. 5:**

  Identify, in as much detail as is available, the damages you claim to have incurred as a

result of MTBE detected at Well No. 26, identifying:

    (a)  the amount of damages incurred;

    (b)  the type of damage incurred (e.g., remediation, investigation, filtration,

       lost revenue, cost of alternative water);

    (c)  the date(s) on which the damages were incurred;

    (d)  all documents concerning such damages;

    (e)  each Person knowledgeable as to such damages; and

    (f)  if any such amounts are attributable, in whole or in part, to the presence of

       analytes other than MTBE, identify such analytes and the amount of

       damages attributable to them.

**RESPONSE NO.5:**

   The City objects to this request to the extent it implies that the presence of other

contaminants in a well could reduce Defendants' liability for damages for the costs of addressing

MTBE in the well.  Nonetheless, notwithstanding and subject to this objection, the City responds

as follows:  The City does not seek to recover past damages for Well No. 26.

**INTERROGATORY NO. 6:**

in the Well No. 33 can be obtained from documents that have previously been produced by the City, including documents concerning the Station 6 treatment plant component of the Brooklyn Queens Aquifer Study (contract GE-328), documents Bates No. NYC0012226 through NYC0012232, NYC0012198 through NYC0012199, NYC0012392 through NYC0012394, NYC-0095422 through NYC-0095448, NYC-0095464 through NYC-0095506; NYC-0096036 through NYC-0096054, NYC-0096178 through NYC-0096210, NYC-0096450 through NYC-0096483, and documents that the City will be producing shortly.  The damages the City has already incurred include approximately $900,000 related to the investigation of MTBE in the wells to be treated by the Station 6 treatment plant, including Well No. 33, sampling, modeling, preliminary assessment of appropriate treatment alternatives, and conceptual design.  The City has not allocated those damages among the individual wells to be treated by the Station 6 treatment plant.

Persons most knowledgeable include William Yulinsky, New York City Department of Environmental Protection, William Meakin, New York City Department of Environmental Protection, Venetia Barnes, New York City Department of Environmental Protection, Donald Cohen, Malcolm Pirnie, and Nabeel Mishalami, Malcolm Pirnie

**INTERROGATORY NO. 4.**

Identify in as much detail as is available, the damages you claim will be incurred in the future as a result of MTBE detected at Well No. 33, identifying:

    (a)    the amount of damages alleged;

    (b)    the type of damages alleged (e.g., remediation, investigation, filtration, lost revenue, cost of alternative water);

    (c)    all documents concerning such damages;

    (d)    identify each Person knowledgeable as to such damages; and

(d)     all documents concerning such damages;

(e)     identify each person knowledgeable as to such damages; and

(f)     identify whether the alleged damages are attributable, in whole or in part, to the presence of analytes other than MTBE, and identify such analytes and the amount of damages attributable to them.

## RESPONSE NO. 5:

The City objects to this request to the extent it implies that the presence of other analytes in a well could reduce Defendants' liability for damages for the costs of addressing MTBE in the well.  Nonetheless, notwithstanding and subject to this objection, the City responds as follows:  The City does not seek to recover past damages for Well No. 39.  With respect to Well 39A, the City estimates its current and ongoing costs for facility planning for the 55 million gallon/day groundwater component of the City's Dependability Strategy (Project GW-BQ-01a) as approximately $11.5 million.  Responsive information concerning cost estimates for facility planning can be obtained from documents that have previously been produced by the City, including documents Bates No. NYC-DS-001196 through NYC-DS-001199 and documents that the City will be producing shortly.  Responsive information concerning the presence of analytes other than MTBE in Well No. 39A can be obtained from documents that have previously been produced by the City, including DEP's and Malcolm Pirnie's sampling databases.  The City has not further allocated costs or updated its estimates of costs, and will do so, as appropriate, during expert discovery.

Persons most knowledgeable:  William Meakin, NYCDEP; Gary Kroll, Camp, Dresser & McKee; Richard Peters, Hazen & Sawyer.

## INTERROGATORY NO. 6:

-169-

# WELL NO. 45 (SERVED ON AUGUST 22, 2008)

**INTERROGATORY NO. 1:**

If any of your responses to any of the foregoing requests for admissions was anything but an unqualified admission, please state in detail the basis for your denial.

**RESPONSE NO. 1**

Pursuant to an agreement reached September 19, 2008, the City refers Defendants to its responses to Defendants Well Specific Requests to Admit, dated October 1, 2008.

**INTERROGATORY NO. 2:**

State in detail the amount of damages you claim to have incurred caused by the presence of MTBE in Well No, 45, by category (e.g., remediation, testing, investigation, filtration, lost revenue, cost of alternative water), identify for each category the date(s) on which such damages were incurred, identify all documents concerning such damages, and identify each person knowledgeable concerning such damages. If any such amounts are attributable, in whole or in part, to the presence of contaminants other than MTBE, identify such other contaminants and the amounts attributable to such other contaminants.

**RESPONSE NO. 2:**

The City objects to this request to the extent it implies that the presence of other contaminants in a well could reduce Defendants' liability for damages for the costs of addressing MTBE in the well. Nonetheless, notwithstanding and subject to this objection, the City responds as follows: The City does not seek to recover past damages for Well No. 45.

**INTERROGATORY NO. 3:**

State in detail the amount of damages you claim you will incur in the future caused by the presence of MTBE in Well No. 45, by category (e.g., remediation, testing,