**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------- x

| | |
|---|---|
| In Re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation | Master File No. 1:00-1898 MDL 1358 (SAS) M21-88 |
| ---------------------------------------------------------------------- x | ECF Case |
| **This document relates to the following case:** | |
| *City of New York v. Amerada Hess Corp., et al.* Case No. 04 Civ. 3417 | |

---------------------------------------------------------------------- x

**PLAINTIFF CITY OF NEW YORK'S MEMORANDUM OF LAW IN SUPPORT OF MOTION *IN LIMINE* NO. 1 TO EXCLUDE EVIDENCE OR ARGUMENT THAT FEDERAL OR NEW YORK LAW EVER REQUIRED MTBE IN GASOLINE DELIVERED TO OR SOLD IN THE RGA**

I.     INTRODUCTION

Plaintiff the City of New York (the "City") hereby moves the Court *in limine* for an order that Defendants shall not make reference, offer any evidence, or make any argument that: (1) federal law ever required or necessitated the use of MTBE in gasoline delivered to or sold in the RGA;[1] or (2) New York law ever required or necessitated the use of MTBE in gasoline delivered to or sold in the RGA.

The Clean Air Act ("CAA") and its implementing regulations make clear that "MTBE is one of several different oxygenates that may be used to certify gasoline as reformulated," *see In re MTBE*, 488 F.3d 112, 114 (2d Cir. 2007); *In re MTBE*, 593 F.Supp.2d 549, 551 (S.D.N.Y. 2008). As detailed below, the Second Circuit considered and rejected each of Defendants' arguments that federal law required or necessitated the use of MTBE in gasoline. Among other things, the Second Circuit found that Defendants' allegation in a notice of removal that they were "required to blend oxygenates into gasoline" lacked a foundation in law. 488 F.3d at 126. Furthermore, in its 2006 opinion on preemption (decided before the Second Circuit decision), this Court held that "the CAA amendments only set minimum oxygenate requirements." *In re MTBE*, 457 F.Supp.2d 324, 335 (S.D.N.Y. 2006). Several other courts have reached the same conclusion. *See* Section II.D, *infra*. Likewise, New York law has never required or necessitated the use of MTBE in gasoline. The jury should not be allowed to reach a different conclusion on this matter of law based on Defendants' incorrect, prejudicial, confusing and misleading arguments and evidence on this point.

---

[1] The term "RGA" means the Relevant Geographic Area in *City of New York v. Amerada Hess Corp.*, et al., 04 Civ. 3417 (SDNY), specifically the physical area comprising United States of America ZIP code numbers 11001, 11003, 11004, 11355, 11364, 11365, 11366, 11367, 11368, 11374, 11375, 11385, 11411, 11412, 11413, 11414, 1l415, 11416, 11417, 11418, 11419, 11420, 11421, 11422, 11423, 11426, 11427, 11428, 11429, 11430, 11432, 11433, 11434, 11435, 11436, 11451, 11580.

**II.     ARGUMENT**

    **A.     Legal Standard**

Rule 403 "requires that evidence be excluded, even if relevant, if the jury will place undue weight on that evidence, to the neglect of their duty to evaluate the trial evidence for themselves." *U.S. v. Awadallah*, 401 F.Supp.2d 308, 318-19 (S.D.N.Y. 2005). Where, as here, a party seeks to present evidence and argument on an erroneous or inapplicable legal theory to the jury, such evidence should be excluded because its probative value, if any, is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. *See* Fed. R. Evid. 403; *Nationwide Transport Finance v. Cass Information Systems, Inc.*, 523 F.3d 1051, 1063 (9th Cir. 2008) (stating that "A party is not entitled to present evidence on an erroneous or inapplicable legal theory to the jury, even if the evidence might have been relevant in some conceivable manner" and affirming trial court's preclusion of any reference to same on Rule 403 grounds); *U.S. v. Mancebo-Santiago*, 875 F. Supp. 1030, 1035 n.3 (S.D.N.Y. 1995) (excluding evidence concerning erroneous legal theory on Rule 403 grounds); *see also U.S. v. Al-Moayad*, 545 F.3d 139, 159 (2d Cir. 2008) (Rule 403 generally).

    **B.     Federal Law Did Not Require or Necessitate the Use of MTBE in Gasoline**

Congress enacted the reformulated gasoline ("RFG") program amendments to the CAA in 1990. Section 7545(k) (CAA § 211(k)) directed EPA to promulgate regulations "establishing requirements for reformulated gasoline to be used in gasoline-fueled vehicles." 42 U.S.C. § 7545(k)(1).[2] EPA published its final RFG regulations in the Federal Register on February 16, 1994. *See* 59 Fed. Reg. 7716. At that time and throughout the relevant time period, EPA

---

[2] *See* Pub. L. No. 101-549, § 219, 104 Stat 2399, 2492-2499. An excerpt is attached as Exhibit 1 to the Request for Judicial Notice in support of this motion.

certified various blends of gasoline for use in the RFG program[3] and identified several different additives (including MTBE) that may be used to certify fuel as RFG.  *See* 40 C.F.R. §80.46(g)(2)(i).[4]  The regulations gave refiners the flexibility to develop new formulas for meeting RFG specifications.  40 C.F.R. §80.40(b).  Therefore, the CAA mandated *oxygen* content, not MTBE, and specifically gave refiners additive options to choose from.  *See* 42 U.S.C. §7545(k)(2)(B); 40 C.F.R. §80.46(g)(2)(i); 40 C.F.R. §80.40(b).[5]

### C.   The Second Circuit Rejected Defendants' Arguments that Federal Law Required or Necessitated the Use of MTBE in Gasoline

In its decision concerning subject matter jurisdiction in the *New Hampshire* and *California* cases, the Second Circuit considered and rejected each of Defendants' arguments in support of their contention that the CAA and regulations promulgated pursuant to it required or necessitated the use of MTBE in gasoline.  *In re MTBE*, 488 F.3d at 126-35.  As an initial matter, the Second Circuit summarily rejected Defendants' contention that the CAA and regulations promulgated pursuant to it required them to use MTBE in gasoline, finding that "the EPA identified six other additives, besides MTBE, that could be blended into reformulated gasoline to meet the requirements imposed by the CAA and the regulations promulgated thereunder" and held that Defendants' allegation to the contrary lacked a foundation in law.  488 F.3d at 126.

---

[3] Under the RFG Program, "certification" of a fuel means it satisfies certain conditions regarding its effectiveness in reducing air pollution *without* consideration of any non air-quality concerns. *See In re MTBE*, 457 F.Supp.2d 324, 327 n. 14 (S.D.N.Y. 2006).

[4] *See* 59 Fed. Reg. 7716, 7826-7833 (adopting 40 C.F.R. §80.46).  The text of what became 40 C.F.R. §80.46(g)(2)(i) is the first full paragraph in the left column of page 7833.  A relevant excerpt is attached as Exhibit 2 to the Request for Judicial Notice in support of this motion.

[5] In the Energy Policy Act of 2005, Pub. L. No. 109-58, §1504, enacted on August 8, 2005, Congress eliminated the oxygen standard from the RFG program.

Defendants' argument that Congress and EPA were aware that Defendants had to use MTBE in gasoline and therefore intended that MTBE be used to comply with the CAA fared no better.  After analyzing the Congressional Record, the Second Circuit found that "any reasonable reading of the floor debate establishes, if anything, that many of the Senators engaged in the debate believed that ethanol production would expand to meet increased demand and that the 3.1 percent standard would operate to the severe detriment of those who manufactured or wished to use MTBE."  *Id.* at 128.  The Second Circuit went on to hold that:

> While the legislation that emerged from the House-Senate Conference suggests that the large oil companies ultimately obtained the result they allegedly sought, namely, the reduction of the oxygenation requirement to 2.7 percent, this proves little more than that they achieved the goal of ensuring that MTBE would be used widely as an oxygenate. It does not establish, however, that the defendants were required to use MTBE or that, if MTBE were not used, ethanol producers would have been unable to meet the expected demand in the few years before the fuel-oxygenation requirements took effect.

*Id.* at 129.  The Second Circuit has therefore held as a matter of law that Congress did not intend to require the use of MTBE in gasoline.  The Second Circuit also considered and rejected Defendants' related argument that "EPA knew there was not a sufficient capacity of ethanol, on a nationwide basis, nor sufficient infrastructure for ethanol, to comply with the regulation."  *Id.*  Holding that Defendants' allegations did "not support the conclusion that had the defendants decided to use ethanol (or some other oxygenate) instead of MTBE, it would have been impossible for the supply of ethanol to have grown to meet that demand before the EPA regulations implementing the CAA amendments took effect."  *Id.*  In doing so, the Second Circuit noted that "plaintiffs argue persuasively, and without contradiction, that the defendants' argument that ethanol capacity was insufficient is a classic example of confusing the cart with the horse: ethanol supplies were low because the oil industry chose not to use it, not the other way around."  *Id*.

With regard to Defendants' remaining argument, that MTBE is the only approved oxygenate that is available in quantities sufficient to comply with the Act and regulations, the Second Circuit similarly held that it lacked merit: "That it may have been more convenient or less expensive for the defendants to use MTBE does not mean it would have been impossible for them to use other, less-polluting additives." 488 F.3d at 129-30. Finally, the Second Circuit cited with approval this Court's decision rejecting Defendants' motion for summary judgment on their conflict and obstacle preemption affirmative defenses on the basis that federal law did not require the use of MTBE. 488 F.3d at 135-36 (citing *In re MTBE*, 457 F.Supp.2d 324 (S.D.N.Y. 2006)).

The Second Circuit has expressly considered and rejected each of Defendants' arguments that federal law required or necessitated the use of MTBE in gasoline as a matter of law. The jury should not be allowed to reach a conclusion that differs from this precedent based on Defendants' incorrect, prejudicial and misleading arguments and evidence on this point.

### D. This Court and Others Expressly Rejected Defendants' Arguments That the CAA Required the Use Of MTBE in Gasoline

In its 2006 opinion on preemption (published before the Second Circuit's decision), this Court held that "the CAA amendments only set minimum oxygenate requirements." *In re MTBE*, 457 F.Supp.2d at 335; *see also In re MTBE*, 175 F.Supp.2d 593, 615 (S.D.N.Y. 2001) (RFG Program does not mandate the use of MTBE). The Court held as a matter of law that the text of the CAA is clear and unambiguous and the legislative history is irrelevant, *id*. at 336-37 and that the legislative history and regulatory history do not support any of Defendants' arguments that federal law required the use of MTBE in gasoline, *id*. at 337-42. Other courts that have visited the issue have reached the same conclusion. *See, e.g., Oxygenated Fuels Ass'n v. Davis,* 163 F. Supp. 2d 1182, 1187 (E.D. Cal. 2001) (upholding California's ban of MTBE on grounds that the CAA "does not require that MTBE be made available to refiners"), *aff'd* at 331

F.3d 665; *ExxonMobil Corp. v. U.S.E.P.A,* (9th Cir. 2000) 217 F.3d 1246, 1252-53 (citing with approval legislative history stating that CAA "does not mandate a 'recipe' or so-called government gas"); *Oxygenated Fuels Ass'n, Inc. v. Pataki* (N.D.N.Y. 2001) 158 F. Supp.2d 248, 259 ("obviously, compliance with both [state and federal requirements] may be achieved through the use of oxygenates other than MTBE").  The jury should not be allowed to reach a conclusion that differs from the well-considered opinions of this Court and other courts that have considered the issue based on Defendants' incorrect, prejudicial and misleading arguments and evidence.

### E. New York Law Did Not Require or Necessitate the Use of MTBE in Gasoline

In 1993, New York enacted the New York State Clean Air Compliance Act.[6]  As a result of amendments in the 1993 legislation, New York Environmental Conservation Law Section 19-0301 largely prohibits the New York State Department of Environmental Conservation ("NYSDEC") from adopting any regulation which would require the use or sale of any type of reformulated gasoline other than the federal reformulated gasoline that is certified by the administrator pursuant to 42 U.S.C. § 7545(k) and provides NYSDEC with only limited authority to regulate the composition of gasoline.  *See* NY Envir. Conser. § 19-0301 at ¶ 3.[7]  Pursuant to such authority, NYSDEC has promulgated limited regulations concerning fuel composition, including oxygen content regulations consistent with the federal RFG standards. *See* N.Y. Comp. Codes R. & Regs. tit. 6, § 225-3.1 *et seq*.  Throughout the relevant time period, such regulations have neither required nor necessitated the use of MTBE in gasoline. *See, e.g.*

---

[6] *See* 1993 Sess. Law News of N.Y. Ch. 608 (A. 8517-B).  A relevant excerpt is attached as Exhibit 3 to the Request for Judicial Notice in support of this motion.

[7] The operative language was present at enactment.  *See* Exhibit 3 to Request for Judicial Notice in support of this motion.

Vol. XV N.Y. Reg. 10-15 (August 25, 1993) (adopting emergency rule regarding oxygenated gasoline); Vol. XXIII N.Y. Reg. 12-18 (June 27, 2001) (proposed rulemaking regarding oxygenated fuels); Vol. XXIII N.Y. Reg. 18-19 (October 24, 2001) (rulemaking regarding oxygenated fuels).[8]  New York law did not require or necessitate the use of MTBE in gasoline. The jury should not be misled into believing that it did based on Defendants' incorrect, prejudicial and misleading arguments and evidence.

### F. The Court Should Exclude Evidence or Argument By Defendants that Federal or New York Law Required or Necessitated the Use of MTBE As Irrelevant, Prejudicial, Misleading and Confusing

The Court should preclude Defendants from presenting evidence or argument that federal or New York law ever required or necessitated the use of MTBE in gasoline delivered to or sold in the RGA.  Neither the federal RFG Program nor New York law ever required or necessitated the use of MTBE in gasoline.  Defendants' erroneous legal theories in this regard are unsupported by the statutes and implementing regulations and have been considered and rejected by the Second Circuit, this Court and other courts that have addressed the issue.  *See* Sections II.B-D (federal law) and Section II.E (New York law), *supra*.  Fundamentally, the jury should not be allowed to reach a different conclusion on this matter of law based on Defendants' incorrect or misleading arguments and evidence on this point.  *See* Section II.A, *supra*.  Such evidence should be excluded because its probative value, if any, is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury.

//


//

---

[8] Attached as Exhibits 4, 5 and 6 to the Request for Judicial Notice in support of this motion.

**III.     CONCLUSION**

For the foregoing reasons, the City respectfully requests that the Court issue an order excluding any argument or evidence that federal or New York law ever required or necessitated the use of MTBE in gasoline in the RGA.

Dated: San Francisco, California
         May 11, 2009

         MICHAEL A. CARDOZO
         Corporation Counsel of the City of New York
         Attorney for Plaintiff City of New York
         100 Church Street
         New York, New York 10007
         (212) 788-1568


         /s/ *NICHOLAS G. CAMPINS*
         VICTOR M. SHER *(pro hac vice)*
         TODD E. ROBINS *(pro hac vice)*
         JOSHUA G. STEIN *(pro hac vice)*
         LESLEY E. WILLIAMS (LW8392)
         NICHOLAS G. CAMPINS *(pro hac vice)*
         MARNIE E. RIDDLE *(pro hac vice)*

         SHER LEFF LLP
         450 Mission Street, Suite 400
         San Francisco, CA 94105
         (415) 348-8300

         *Attorneys for Plaintiff City of New York*