**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------- x

In Re: Methyl Tertiary Butyl Ether ("MTBE")      Master File No. 1:00-1898
Products Liability Litigation                             MDL 1358 (SAS)
                                                   M21-88

-------------------------------------------------------------------- x    ECF Case

**This document relates to the following case:**

*City of New York v. Amerada Hess Corp., et al.*
Case No. 04 Civ. 3417

-------------------------------------------------------------------- x

**MEMORANDUM OF LAW IN SUPPORRT OF PLAINTIFF CITY OF
NEW YORK'S MOTION *IN LIMINE* NO. 9 TO EXCLUDE EVIDENCE
OF SETTLEMENTS AND SETTLEMENT DISCUSSIONS**

# INTRODUCTION

Plaintiff the City of New York ("the City") hereby moves the Court *in limine* for an Order prohibiting Defendants ExxonMobil Corporation, ExxonMobil Oil Corporation, Crown Central Petroleum Corporation, Lyondell Chemical Company, Lyondell-Citgo Refining LP, Equistar Chemicals LP, and Total PetroChemicals USA, Inc., (collectively, "Trial Defendants") from introducing evidence at trial relating to settlements and settlement discussions with Defendants in this case. Such evidence is prohibited by the Federal Rules of Evidence 402, 403 and 408.

As the Court knows, pursuant to court-ordered mediation with David Geronemus (and otherwise), the City engaged in extensive settlement discussions with all of the Defendants in this action. During these discussions, the City settled with several Defendants and, as of this writing, has reached agreement on a proposed settlement with numerous other Defendants. The Court stayed the action with respect to those parties. The Trial Defendants did not agree to settle with the City and trial with the parties remaining in the action will begin on or around July 7, 2009. At trial, the Trial Defendants likely will attempt to introduce evidence of the City's settlements and settlement discussions with Defendants in this case.

# ARGUMENT

## I.    Legal Standard

Federal Rule of Evidence 408(a) prohibits the admission of evidence of "furnishing or offering or promising to furnish -- or accepting or offering or promising to accept -- a valuable consideration in compromising or attempting to compromise a claim" to prove "liability for, invalidity of, or amount of a claim that was disputed as to either liability or amount, or to impeach through prior inconsistent statement or contradiction." Fed.R.Evid. 408(a)(1); *Highland*

*Capital Mgmt., L.P. v. Schneider*, 551 F.Supp.2d 173, 196-98 (S.D.N.Y. 2008).  Evidence of conduct or statements made in compromise negotiations is similarly not admissible.  *See* Fed.R.Evid. 408(a)(2); *Highland Capital Mgmt.,* 551 F.Supp.2d at 196-98.  Rule 408 "embodies the strong federal policy favoring settlement of disputes by precluding the use of settlement-related materials as a means of establishing or disproving liability." *See* Fed.R.Evid. 408, advisory committee's note; *Highland Capital Mgmt.,* 551 F.Supp.2d at 196-97 (S.D.N.Y. 2008) (internal citations omitted).

Under Federal Rule of Evidence 402, "evidence which is not relevant is not admissible." Fed.R.Evid. 402.   Federal Rule of Evidence 403 provides:  "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  Fed.R.Evid. 403.

## II.     This Court Should Exclude Evidence of Settlements and Settlement Discussions Under Federal Rules of Evidence 408(a), 402 and 403

This Court should exclude at trial any and all evidence of settlements and settlement discussions with Defendants in this action.  No valid basis exists for the Trial Defendants to reference in any way the City's having considered settling, promised to settle or settled any claims against any Defendants in this action.  As an initial matter, the Court must exclude evidence relating to settlements and settlement discussions with any Defendants in this case because such information falls under Federal Rule of Evidence 408(a)'s prohibition on use of settlement-related materials as a means of establishing or disproving liability or for impeachment.  *See Highland Capital Mgmt.,* 551 F.Supp.2d at 196-98.

This Court also must exclude evidence relating to settlements and settlement discussions under Federal Rule of Evidence 402, because such information is irrelevant to the jury's

determination of the Trial Defendants' liability for their own conduct on the City's claims for strict liability for design defect and/or defective product, failure to warn, negligence, civil conspiracy, public nuisance, private nuisance, trespass, violation of the New York Navigation Law, and violation of Section 8(e) of the Toxic Substances Control Act. *See* Fed.R.Evid 402; *Highland Capital Mgmt.,* 551 F.Supp.2d at 196-97.

Additionally, even if it considers information relating to settlements and settlement discussions relevant, the Court must exclude such information under Federal Rule of Evidence 403 because it will confuse the jury and lead to an inappropriate verdict, and, any possible probative value of such information is substantially outweighed by its prejudicial effects. *See* Fed.R.Evid 403.

//

//

## CONCLUSION

For the foregoing reasons, this Court should prohibit the Trial Defendants from introducing any evidence at trial relating to the City's settlements or settlement discussions with any Defendants in this case.

Dated: San Francisco, California
      May 11, 2009

                                  MICHAEL A. CARDOZO
                                  Corporation Counsel of the City of New York
                                  Attorney for Plaintiff City of New York
                                  100 Church Street
                                  New York, New York 10007
                                  (212) 788-1568

                                _/s/ LESLEY E. WILLIAMS_
                                VICTOR M. SHER *(pro hac vice)*
                                TODD E. ROBINS *(pro hac vice)*
                                JOSHUA G. STEIN *(pro hac vice)*
                                LESLEY E. WILLIAMS (LW8392)
                                NICHOLAS G. CAMPINS *(pro hac vice)*
                                MARNIE E. RIDDLE *(pro hac vice)*

                                SHER LEFF LLP
                                450 Mission Street, Suite 400
                                San Francisco, CA 94105
                                (415) 348-8300

                                *Attorneys for Plaintiff City of New York*