

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------ x

In Re: Methyl Tertiary Butyl Ether ("MTBE")          Master File No. 1:00-1898
Products Liability Litigation                                    MDL 1358 (SAS)
                                                                          M21-88
------------------------------------------------------------------ x          ECF Case

**This document relates to the following case:**

*City of New York v. Amerada Hess Corp., et al.*
Case No. 04 Civ. 3417

------------------------------------------------------------------ x

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFF CITY OF NEW
YORK'S MOTION *IN LIMINE* NO. 1 TO EXCLUDE EVIDENCE OR ARGUMENT
THAT FEDERAL OR NEW YORK LAW EVER REQUIRED MTBE IN GASOLINE
DELIVERED TO OR SOLD IN THE RGA**

Plaintiff the City of New York ("Plaintiff") hereby requests that the Court take judicial

notice pursuant to Federal Rule of Evidence 201 of the federal and New York State legislative

and regulatory materials listed below as Exhibits in support of its Motion *In Limine* No. 1 to

Exclude Evidence or Argument that Federal or New York Law Ever Required MTBE in

Gasoline Delivered to or Sold in the RGA.

In accordance with this Court's Individual Rules and Procedures, the exhibits have been

excerpted to include only the relevant material.  True and correct copies of the following

legislative and regulatory materials attached hereto were made by me or at my direction on or

about May 9, 2009:

1.  Attached as Exhibit 1 is true and correct copy of an excerpt of United States Public Law

Number 101-549, Section 219.  Exhibit 1 was downloaded from Westlaw.  *See* 104 Stat 2399,

2492-2499.

Dockets.Justia.com

2.   Attached as Exhibit 2 is true and correct copy of an excerpt of the February 16, 1994 Issue of the Federal Register.  *See* 59 Fed. Reg. 7716, 7826-7833.  Exhibit 2 was downloaded from HeinOnline.

3.   Attached as Exhibit 3 is true and correct copy of an excerpt of the New York State Clean Air Compliance Act.  *See* 1993 Sess. Law News of N.Y. Ch. 608 (A. 8517-B).  Exhibit 3 was downloaded from Westlaw.

4.   Attached as Exhibit 4 is true and correct copy of an excerpt of the August 25, 1993 Issue of the New York State Register.  Exhibit 4 was downloaded from the New York State Library Digital Collections.

5.   Attached as Exhibit 5 is true and correct copy of an excerpt of the June 27, 2001 Issue of the New York State Register.  Exhibit 5 was downloaded from the New York State Library Digital Collections.

6.   Attached as Exhibit 6 is true and correct copy of an excerpt of the October 24, 2001 Issue of the New York State Register.  Exhibit 6 was downloaded from the New York State Library Digital Collections.

Federal Rule of Evidence 201 provides that a court shall take judicial notice of facts that are "not subject to reasonable dispute" in that they are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned" if requested to do so by a party and supplied with the necessary information.  Fed. R. Evid. 201.  Exhibits 1-6 are relevant and are capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned.  Fed. R. Evid. § 201(b).  Federal courts routinely take judicial notice of government regulations and actions of administrative agencies, *see, e.g.*, *Roemer v. Bd. of Pub. Works*, 426 U.S. 736, 742 n. 4, (1976) (state regulations); *Goldstein v.*

*Pataki*, 516 F.3d 50, 60 n. 7 (2d Cir. 2008) (state board resolution), and of government publications, *see, e.g., Oregon Natural Desert Ass'n v. Bureau of Land Management*, 531 F.3d 1114, 1134 n. 14 (9th Cir. 2008) (BLM's planning handbook) and public statutes, *see, e.g., Demos v. City of Indianapolis*, 302 F.3d 698, 706 (7th Cir. 2002) (district court properly took notice of state statutes, city charters and other materials).

For the foregoing reasons, Plaintiff respectfully requests that the Court take judicial notice of the federal and state regulatory materials attached hereto as Exhibits 1-6.

Dated: San Francisco, California
      May 11, 2009

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
Attorney for Plaintiff City of New York
100 Church Street
New York, New York 10007
(212) 788-1568


 /s/ *NICHOLAS G. CAMPINS*
VICTOR M. SHER *(pro hac vice)*
TODD E. ROBINS *(pro hac vice)*
JOSHUA G. STEIN *(pro hac vice)*
LESLEY E. WILLIAMS (LW8392)
NICHOLAS G. CAMPINS *(pro hac vice)*
MARNIE E. RIDDLE *(pro hac vice)*

SHER LEFF LLP
450 Mission Street, Suite 400
San Francisco, CA 94105
(415) 348-8300

*Attorneys for Plaintiff City of New York*