UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x

| | |
|---|---|
| In Re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation | Master File No. 1:00-1898<br>MDL 1358 (SAS)<br>M21-88 |

------------------------------------------------------------------- x   ECF Case

**This document relates to the following case:**

*City of New York v. Amerada Hess Corp., et al.*
Case No. 04 Civ. 3417

------------------------------------------------------------------- x

**PLAINTIFF CITY OF NEW YORK'S MEMORANDUM OF LAW IN SUPPORT OF MOTION *IN LIMINE* NO. 2 TO EXCLUDE EVIDENCE OR ARGUMENT THAT FEDERAL AGENCIES ENDORSED OR APPROVED THE USE OF MTBE IN GASOLINE**

I.      INTRODUCTION

Plaintiff the City of New York (the "City") hereby moves the Court *in limine* for an order that Defendants shall not make reference, offer any evidence, or make any argument that the federal government has endorsed or approved the use of MTBE in gasoline.

The United States Environmental Protection Agency ("EPA") has never endorsed or approved MTBE as environmentally sound or toxicologically safe.  Instead, EPA has only *registered* MTBE as a fuel additive and certified it as one of several oxygenates that could potentially be used to meet air quality standards in reformulated gasoline.  Registration of additives and fuels is required by regulations promulgated by the EPA pursuant to 42 U.S.C. § 7545(b).  *See* 40 C.F.R. § 79.1 *et seq*.  The act of registration in no way implies that the EPA approves of or endorses the additive or fuel as environmentally or toxicologically safe.  To the contrary, as part of the registration application, federal regulations expressly require additive and fuel manufacturers to provide specific assurances that they will not represent, directly or indirectly, that registration of the additive or fuel constitutes endorsement, certification, or approval by any agency of the United States.  *See* 40 C.F.R. § 79.11(h) (fuel); 40 C.F.R. 79.21(g) (additive).  Likewise, under the RFG Program, certification has a very narrow meaning.  Section 7545(k)(4)(B) instructs EPA to certify a fuel formulation "as complying with this subsection" if it satisfies the conditions set forth in section 7545(k)(2) and (3), both of which concern only the effectiveness of the formulation in reducing air pollution and do not consider any non air-quality concerns.

Defendants should be prohibited from misleading or confusing the jury by presenting evidence or argument to the jury that the federal government has endorsed or approved the use of MTBE in gasoline.

## II.     ARGUMENT

### A.  Legal Standard

"Evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury."  Fed. R. Evid. 403.  Misleading statements concerning governmental approval or endorsement of a product liability defendant's product are highly prejudicial and have a strong propensity to confuse or mislead the jury.  Such statements are rightfully excluded under Rule 403.  *See Zemaitatis v. Innovasive Devices, Inc.*, 90 F.Supp.2d 631, 634 (E.D.Pa. 2000) (excluding evidence regarding FDA's approval of product as substantially equivalent to approved products on the ground that "testimony of FDA approval was likely to lead the jury to believe the FDA conducted substantial testing" and give the product at issue "an unearned stamp of approval."); *see also United States v. Duggan*, 743 F.2d 59, 85 (2d Cir. 1984) (exclusion of former FBI informant's testimony as to CIA approval of arms shipments on Rule 403 grounds was not an abuse of discretion).

### B.     Registration of MTBE for Purposes of the CAA Does Not Constitute Federal "Endorsement, Certification or Approval"

The EPA registered MTBE at various concentrations in gasoline pursuant to 42 U.S.C. § 7545(b) and 40 C.F.R. § 79.1 *et seq*.  EPA registration does not constitute endorsement, certification, and/or approval of MTBE (or any other fuel additive) by the EPA.  Registration determines *only* that a fuel or fuel additive is "substantially similar" to certain baseline gasoline and if not, that it "will not cause or contribute to the failure of any emission control device or system." 42 U.S.C. § 7545(f).

When the EPA initially adopted the implementing regulations pursuant to 42 U.S.C. § 7545 (*i.e.* 40 C.F.R. 79 *et. seq.*), the Agency explained that the primary purpose of registering fuel

additives is to provide the EPA with information on the product so that potential problems can be monitored and regulated accordingly. *See, e.g.*, 40 Fed. Reg. 52009, 52009 ("[t]he principal purpose of 211(a) [42 U.S.C. § 7545(a)] is to provide the Agency with information on fuel or additive composition before the emission products of such materials develop into a problem possibly requiring regulation under section 211(c)").[1] Registration serves as a precautionary measure that could lead to regulation or even a ban on the additive; and in no way reflects the federal government's endorsement, certification or approval of MTBE.

Indeed, applicable federal regulations specifically require additive manufacturers to provide:

Assurances that the additive manufacturer *will not represent, directly or indirectly, in any* notice, circular, letter, or other written communication or any written, oral, or pictorial notice or other announcement in any publication or by radio or television, *that registration of the additive constitutes endorsement, certification, or approval by any agency of the United States*.

40 C.F.R. 79.21(g)(emphasis added).[2] An almost identically worded regulation applies to fuel manufacturers. *See* 40 C.F.R. § 79.11(h).[3] This language was contained in both regulations when they were promulgated in 1975. 40 Fed. Reg. 52009, 52011-52013.[4]

---

[1] Attached as Exhibit 1 to the Request for Judicial Notice in support of this motion. *See* second full sentence in right-hand column on 52009.

[2] *See also* 40 C.F.R. § 79.2(f) (defining additive manufacturer in pertinent part as "any person who produces, manufactures, or imports an additive for use as an additive and/or sells or imports for sale such additive"); 40 C.F.R. § 79.4(b) (requiring registration); 40 C.F.R. § 79.20 (requiring application).

[3] *See also* 40 C.F.R. § 79.2(d) (defining fuel manufacturer in pertinent part as "any person who, for sale or introduction into commerce, produces, manufactures, or imports a fuel or causes or directs the alteration of the chemical composition of a bulk fuel, or the mixture of chemical compounds in a bulk fuel, by adding to it an additive"); 40 C.F.R. § 79.4(a) (requiring registration); 40 C.F.R. § 79.10 (requiring application).

[4] *See* Exhibit 1 to the Request for Judicial Notice the Request for Judicial Notice in support of this motion.

This Court has twice cited to this language to affirm, as a matter of law, that registration under 40 C.F.R. § 79.11 did not imply approval, endorsement of certification of MTBE by any agency of the United States:

> In addition, while MTBE has been registered for use by the EPA pursuant to section 7545(a) and (b), such registration does not constitute an endorsement, certification or approval by any agency of the United States. 40 C.F.R. § 79.11(h).

*In re MTBE*, 457 F.Supp.2d 324, 327 n. 14 (S.D.N.Y. 2006); *see also In re MTBE*, 175 F.Supp.2d 593, 615 n. 38 (S.D.N.Y. 2001) (same).

### C. Certification of Reformulated Gasoline Containing MTBE Does Not Constitute Federal Endorsement Or Approval of MTBE's Environmental Soundness or Toxicological Safety

Pursuant to regulations promulgated by EPA in 1991, MTBE is one of several different oxygenates that may be used to certify gasoline as reformulated. *In re MTBE*, 488 F.3d 112, 114 (2d Cir. 2007) (citing 40 C.F.R. § 80.46(g)(2)(i)); *In re MTBE*, 593 F.Supp.2d 549, 551 (S.D.N.Y. 2008). These provisions of the RFG Program took effect in 1995. *Id.* at 114 (citing 42 U.S.C. § 7545(k)(5)). This Court has held that certification under Section 7545(k) of an additive or fuel mixture in no way implies approval or endorsement by the EPA:

> Under the RFG Program, certification has a narrow meaning. Section 7545(k)(4)(B) states that the EPA "shall certify a fuel formulation ... as complying with this subsection" if it satisfies the conditions set forth in section 7545(k)(2) and (3), both of which concern only the effectiveness of the formulation in reducing air pollution and do not consider non air-quality concerns.

*In re MTBE*, 457 F.Supp.2d at 327 n. 14; *see also In re MTBE*, 175 F.Supp.2d at 615 n. 38 (same).[5]

---

[5] The relevant language existed in the text of Section 7545(k) that was enacted in 1990 as part of the CAA Amendments. *See* Pub. L. No. 101-549, § 219, 104 Stat 2399, 2492-2499. An excerpt is attached as Exhibit 2 to the Request for Judicial Notice in support of this motion.

### D. The Court Should Preclude Defendants From Presenting Prejudicial, Misleading, Confusing, and Irrelevant Evidence Concerning Purported Federal Endorsement or Approval of MTBE's Use in Gasoline

The Court should not allow argument or evidence that the federal government somehow approved of or endorsed the use of MTBE in gasoline. Such evidence is highly prejudicial and is likely to confuse or mislead the jury into believing that the EPA conducted substantial testing and gave MTBE "an unearned stamp of approval." *See Zemaitatis*, 90 F.Supp.2d at 634. In fact, as demonstrated above, EPA did not approve or endorse the use of MTBE in gasoline. Evidence concerning the registration of MTBE as an additive and evidence concerning the narrow certification provided under Section 7545 – which relates entirely to its effectiveness in a fuel formulation in reducing air pollution and does not consider non air-quality concerns – is therefore of very little, if any, probative value. *See id*. Accordingly, its probative value, if any, is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury and it should be excluded by the Court.

//

//

**III.     CONCLUSION**

For the foregoing reasons, the City respectfully requests that the Court issue an order excluding any argument or evidence regarding the federal government has endorsed or approved the use of MTBE in gasoline.

Dated: San Francisco, California
       May 11, 2009

                               MICHAEL A. CARDOZO
                               Corporation Counsel of the City of New York
                               Attorney for Plaintiff City of New York
                               100 Church Street
                               New York, New York 10007
                               (212) 788-1568


                               /s/ *NICHOLAS G. CAMPINS*
                               VICTOR M. SHER *(pro hac vice)*
                               TODD E. ROBINS *(pro hac vice)*
                               JOSHUA G. STEIN *(pro hac vice)*
                               LESLEY E. WILLIAMS (LW8392)
                               NICHOLAS G. CAMPINS *(pro hac vice)*
                               MARNIE E. RIDDLE *(pro hac vice)*

                               SHER LEFF LLP
                               450 Mission Street, Suite 400
                               San Francisco, CA 94105
                               (415) 348-8300

                               *Attorneys for Plaintiff City of New York*