**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------- x

In Re: Methyl Tertiary Butyl Ether ("MTBE")         Master File No. 1:00-1898
Products Liability Litigation                        MDL 1358 (SAS)
                                                     M21-88
---------------------------------------------------------------------- x    ECF Case

**This document relates to the following case:**

*City of New York v. Amerada Hess Corp., et al.*
Case No. 04 Civ. 3417

---------------------------------------------------------------------- x

**MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFF CITY OF NEW YORK'S MOTION IN LIMINE NO. 7**
**TO EXCLUDE EVIDENCE OF RELATIVE TOXICITY OF OTHER CONTAMINANTS**
**AS COMPARED TO MTBE**

## INTRODUCTION

Plaintiff the City of New York (the "City") hereby moves the Court in limine for an order that Defendants may not introduce evidence, argument or commentary by defendants regarding the relative toxicity of other contaminants as compared to MTBE. The dangers of unfair prejudice, confusion of the issues, or misleading the jury, or considerations of undue delay, waste of time, or needless presentation of cumulative evidence associated with such evidence and argument substantially outweigh their probative value, in violation of Federal Rules of Evidence, Rule 403.

Defendants will seek to introduce evidence in support of an argument that their culpability for contamination of the City's groundwater with MTBE is somehow relieved or diminished by the alleged presence of other contaminants in the groundwater that are allegedly more toxic or present in greater concentrations than MTBE. But any such other contaminants are not the subject of this action. The City's claims arise solely from contamination with MTBE, and liability in the case does not turn on the presence or absence of other contaminants. Accordingly, information regarding other contaminants, including relative toxicity, is irrelevant and inadmissible here. Fed. R. Evid. 401, 402.

Evidence regarding the toxicity of compounds other than MTBE will create substantial undue prejudice to plaintiff and will confuse the jury, who may mistakenly believe that there is some legal import to the relationship between the toxicity of other contaminants and the presence or toxicity of MTBE. Allowing defendants to present such evidence would require the City to present counter-evidence, resulting in a trial within the trial about compounds that are not the subject of the litigation. Evidence regarding toxicity of other contaminants would therefore unnecessarily prolong what already promises to be a lengthy trial proceeding.

This is not a personal injury case and plaintiff need not show that any particular individuals have suffered illness nor that a specific combination of compounds caused any such injury.  The City's right to relief from the presence of MTBE in its water does not turn on the relative toxicity of MTBE compared to other VOCs or any other contaminants.  Indeed, MTBE's aesthetic properties (i.e., foul taste and smell) render drinking water unsuitable for consumption at levels even below health-based regulatory standards.[1]

Whether MTBE is more or less toxic than other chemicals therefore has no bearing on the issues in this case, and evidence on this issue would only confuse the issues and prolong trial. This Court therefore should exclude any reference to groundwater contaminants other than MTBE, including any evidence regarding MTBE's toxicity relative to other contaminants.

## ARGUMENT

The questions of liability and damages at issue in this case concern MTBE contamination of groundwater and do not turn on contamination by any other substance.  Accordingly, evidence concerning the toxicity or relative toxicity of these other contaminants has no tendency to prove or disprove any disputed fact material to this case.  The evidence is therefore irrelevant and should be precluded.  Fed. R. Evid. 401, 402.  Furthermore, the Court is authorized to exclude evidence that threatens to consume an undue amount of time, or that will create a substantial danger of undue prejudice, confusing the issues or misleading the jury.  Fed. R. Evid. 403; *see U.S. v. Fonseca*, 435 F.3d 369, 375 (D.C. Cir. 2006) (evidence regarding collateral matters likely to implicate Rule 403 problems of confusing or misleading the jury or wasting time).

---

[1] Even with respect to toxicity, moreover, as this Court previously recognized, MCLs do not immunize polluters against claims based on contamination below MCLs.  *In re Methyl Tertiary Butyl Ether Products Liability Litigation* (*In re MTBE*), 458 F.Supp.2d 149, 155-158 (S.D.N.Y. 2006).

That other groundwater contaminants may be more or less toxic to humans than MTBE at levels found in groundwater is simply irrelevant here.  The only constituent at issue is MTBE; there are no claims in this case relating to contamination with any other chemical.  MTBE's toxicity relative to other chemicals is irrelevant, furthermore, because this is not a personal injury action in which detailed toxicological evidence (of causation of injury) might be central to any claim. Here, there are no claims regarding contamination by any substance other than MTBE.  Accordingly, evidence concerning the presence or comparative toxicity of other contaminants simply has no relevance to this action.  *See U.S. v. Daas,* 198 F.3d 1167, 1175 (9th Cir. 1999) (presence of other ingredients in matrix in which chemicals at issue "are contained is irrelevant because they do not disappear, become different chemicals, or become useless when combined with other substances"); *Savage v. Union Pacific R. Co.*, 67 F.Supp.2d 1021, 1031 (E.D. Ark. 1999) (where causation analysis was limited to a single chemical, "the presence of *any* other chemicals is completely irrelevant") (emphasis in original).

Even if there were some marginal relevance of the relative toxicity of MTBE as compared with other contaminants, such evidence would be likely to mislead the jury and confuse the true issues in this case.  Since this is not a personal injury action and since plaintiff is not seeking damages for contamination by any substance other than MTBE, the jury will surely wonder why it is hearing expert testimony comparing the health risks of MTBE with several other contaminants which are not at issue.  Such speculation would undoubtedly prejudice the City.  The jury will have more than enough complex issues to consider without injecting an unnecessary comparative toxicology analysis.  Introduction of such evidence would not only mislead the jury, but would consume an undue amount of time.

Evidence regarding other toxic substances is properly excluded in part due to a practical consideration:  each time a Defendant introduces evidence relating to a non-MTBE substance, the City is entitled to present rebuttal evidence or evidence that contextualizes this non-MTBE substance.  This process will consume substantial trial time, and an elaborate discussion of the relative risks and dangers posed by non-MTBE contaminants will only serve to confuse and distract the jury from the only relevant chemical at issue.  The City's claims in this action relate solely to groundwater contamination with MTBE, and the fact that certain other contaminants have been occasionally detected in the City's wells has no significance to this action.

The Court has the discretion to exclude evidence that is irrelevant, or that creates a substantial danger of undue prejudice, of confusing the issues or of misleading the jury, or that threatens to consume an undue amount of time.   Fed. R. Evid. 403.  The presentation of evidence regarding contaminants other than MTBE would do all of the above.  Accordingly, such evidence should be excluded.

## CONCLUSION

For each of the reasons set forth above, the City requests that this Motion be granted and the Court preclude evidence, argument or comment concerning the toxicity of other alleged contaminants.

//

//

//

Dated: San Francisco, California
     May 11, 2009

                                   MICHAEL A. CARDOZO
                                   Corporation Counsel of the City of New York
                                   Attorney for Plaintiff City of New York
                                   100 Church Street
                                   New York, New York 10007
                                   (212) 788-1568


                                     /s/ *MARNIE E. RIDDLE*
                                   VICTOR M. SHER *(pro hac vice)*
                                   TODD E. ROBINS *(pro hac vice)*
                                   JOSHUA G. STEIN *(pro hac vice)*
                                   NICHOLAS G. CAMPINS *(pro hac vice)*
                                   MARNIE E. RIDDLE *(pro hac vice)*

                                   SHER LEFF LLP
                                   450 Mission Street, Suite 400
                                   San Francisco, CA 94105
                                   (415) 348-8300

                                   *Attorneys for Plaintiff City of New York*