**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------- x

In Re: Methyl Tertiary Butyl Ether ("MTBE")　　　　Master File No. 1:00-1898
Products Liability Litigation　　　　　　　　　　　　　MDL 1358 (SAS)
　　　　　　　　　　　　　　　　　　　　　　　　　　　　M21-88
------------------------------------------------------------------- x　ECF Case

**This document relates to the following case:**

*City of New York v. Amerada Hess Corp., et al.*
Case No. 04 Civ. 3417

------------------------------------------------------------------- x

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF CITY OF NEW YORK'S MOTION *IN LIMINE* NO. 6
TO EXCLUDE EVIDENCE AND ARGUMENT CONCERNING THE LIABILITY OF
NON-DEFENDANT OWNERS/OPERATORS OF UNDERGROUND STORAGE TANKS**

**INTRODUCTION**

Plaintiff the City of New York (the "City") hereby moves this Court in limine for an order that Defendants may not introduce evidence or argument regarding the liability of non-defendant owners/operators of underground storage tanks ("USTs"). This case concerns the City's claims against Defendants – vertically integrated gasoline companies and manufacturers of MTBE – for the contamination of groundwater in Queens with the volatile organic compound ("VOC") MTBE.

The City anticipates that Defendants will attempt to introduce evidence concerning the contribution of unnamed third-party owners/operators of USTs, and make an argument, supported by such evidence, that the jury should consider the possible contribution of such third-parties to the damages suffered by the City. By doing so, Defendants hope to mislead the jury into reducing Defendants' liability by the amount allegedly contributed by these unnamed owner/operators of USTs.

Because Defendants' liability is several as among defendants who are manufacturers of gasoline and MTBE, but *joint and several* as between manufacturer defendants and retailers, Defendants should not be permitted to introduce evidence or argument suggesting that unnamed third-party owners/operators of USTs contributed an amount to the City's damages that should be subtracted from Defendants' total liability. Because it has no bearing on the amount of Defendants' total liability, evidence of these unnamed third-parties' possible contribution is highly likely to confuse the issues, mislead the jury, or waste substantial amounts of time at trial, and should therefore be excluded. Fed. R. Evid. 403.

Defendants could have filed indemnity claims in this case and brought third-party owners/operators of USTs before the Court; they chose not to do so. If Defendants wish to claim

contribution from such third-party owners/operators with whom they are jointly and severally liable, they may, but any such contribution will have no bearing on the amount for which Defendants are liable now, and it is therefore irrelevant (and may be excluded on that ground). Fed.R.Evid. 401, 402. Nevertheless, on the eve of trial, Defendants seek to obfuscate and complicate the issues before the Court, hoping to confuse the jury into relieving Defendants of some of their own liability by laying it at the feet of parties who are neither present nor represented in this proceeding. Such gamesmanship should not be permitted.

For all of these reasons, evidence concerning the alleged liability of unnamed third-party owners and operators of USTs should be excluded from trial.

## ARGUMENT

### A. Evidence Concerning the Alleged Liability of Unnamed Third-Party Owners and Operators of USTs Is Irrelevant and Should be Excluded from Trial.

Defendants have asked for a jury instruction that would permit the jury to allocate fault and liability to unnamed parties, including "non-party station owners and operators." (Defendants' Memorandum of Law in Support of Motion in Limine Regarding Application of the Commingled Product Theory, Consideration of Fault of Nonparties by Jury, and Proof of Date of Harm, filed April 27, 2009, at p. 10.) In support of that jury instruction, Defendants argue that because liability under the commingled product theory is several, the jury should have the opportunity to apportion some of Defendants' total liability to non-party station owners and operators. (*Id.* at 10-14.) Under this Court's prior rulings and established law, however, liability is several only as between those gasoline refiners who contributed to the commingled product at issue. *See In re MTBE*, 447 F.Supp.2d 289, 301 (S.D.N.Y. 2006) (under the commingled product theory, "each *refiner* or *manufacturer* is deemed to have caused the harm" and "plaintiffs may sue any entity that

*contributed to the commingled product* that caused their injury" (emphasis added)). Unnamed third-party owners and operators of USTs who were not refiners or manufacturers of gasoline could not have contributed to the commingled product, and therefore they cannot be severally liable under the commingled product theory along with the manufacturer defendants. Thus, only "the manufacturer defendants," not third-party owners and operators, "could be held [severally] liable under the commingled product theory." *In re MTBE*, 591 F.Supp.2d 259, 275 (S.D.N.Y. 2008). Indeed, "[i]f the jury finds that more than one spill contaminated a particular well, the retailer defendants may be held *jointly and severally* liable under the theory of concurrent wrongdoing." *Id.* at 290, emphasis added.

Any evidence of unnamed third parties' contribution to the harm will not reduce the liability of *already-named* defendants who are *jointly and severally* liable with those third-party owners/operators of USTs. As this Court has previously held in *In re MTBE*, 591 F.Supp.2d at 266, each defendant whose conduct is proven to have been a substantial factor in producing the City's injury is liable for that injury regardless of whether there are others who also may have contributed to the injury:

> [O]ften many acts can be said to have caused a particular injury, and [proof of causation] requires only that defendant's actions be a substantial factor in producing the injury. A plaintiff need not eliminate every other possible cause, and the fact 'that another possible cause concurs with defendant's negligent act or omission to produce an injury does not relieve defendant from liability.

*Id.* at 266. Under these circumstances, all defendants whose conduct was a substantial factor in causing the injury will be held jointly and severally liable to the plaintiff for the entire harm. *Ravo by Ravo v. Rogatnick*, 70 N.Y.2d 305, 310–13 (N.Y. 1987). Moreover, "two or more persons who are subject to liability for damages for the same [injury] may claim contribution among them whether or not an action has been brought or a judgment has been rendered against the person from

whom contribution is sought." *Schauer v. Joyce,* 54 N.Y.2d 1, 5, 444 N.Y.S.2d 564 (N.Y. 1981); *see Stein v. Whitehead*, 337 N.Y.S.2d 821 (App. Div. 2d Dept. 1972) (if all joint tortfeasors have not been sued and the one sued has paid the full amount of plaintiff's damages, he can bring an independent action against other tortfeasors to recover their shares of the damages, and in that action the court will determine the proportions of the tortfeasors' liability). Any "apportionment of fault … does not alter the joint and several liability of defendants for the single indivisible injury. . . [but] … merely defines the amount of contribution defendants may claim from each other." *Id.*, at p. 313; *see also, Valencia v. Sung M. Lee*, 123 F.Supp.2d 666, 682 (E.D.N.Y. 2000), *rev'd on other grounds* 316 F.3d 299 (2d Cir. 2003) (same). Whether or not individual Defendants attempt to claim contribution from third-party owners and operators of USTs who have not been named in this litigation, that claim will not affect the apportionment of the City's damages among Defendants who have been named.

Simply put, whether Defendants' liability for the MTBE contamination should be reduced because another tortfeasor, who has not been named as a party in this case, may also be responsible for the contamination has no bearing on the City's right to a recovery, the amount of that recovery, or the amount for which Defendants may be held liable in this action. *See Board of Ed. v. Sargent, Webster, Crenshaw & Folley*, 71 N.Y.2d 21, 27 (N.Y. 1987) (noting that N.Y. Civ. Prac. L. & R. § 1401 applies not only to joint tortfeasors, but also to concurrent, successive, independent, alternative, and even intentional tortfeasors); *Georges v. Hennessey*, 545 F.Supp. 1264, 1266 (E.D.N.Y. 1982) ("[S]uch rights of contribution have no bearing on the rights of the plaintiff. They are solely *inter se* the defendants."). The rules of contribution among jointly and severally liable defendants, therefore, have no effect on the City's rights to recover; the City as plaintiff may "recover against any joint tortfeasor . . . the total amount of his damage suffered and not

compensated." *Kelly v. Long Island Lighting Co.*, 334 N.Y.S.2d 81, 855 (1972) (codified at N.Y. Civ. Prac. L. & R. § 1404(a)). The possible contribution of potential unnamed third-party owners and operators of USTs, who might be deemed jointly liable with the manufacturer Defendants, will not reduce the manufacturer Defendants' total liability.

**B. Evidence Regarding The Alleged Liability of Unnamed Third-Party Owners and Operators of Retail Gasoline Stations Will Cause Undue Prejudice, Confuse the Jury and Unnecessarily Lengthen the Trial.**

Even if the alleged contribution of unnamed third-party retailers were relevant to any issue now before the jury, which it is not, the probative value of any such evidence is substantially outweighed by the probability that introduction of the evidence would result in substantial undue prejudice to the City and confusion of the jury, and such evidence would result in an unnecessary waste of the Court's time.

Introduction of such evidence would confuse the jury by introducing issues regarding the apportionment of fault which have no bearing on this case, and will distract the jury from its task of determining the City's damages. As discussed above, the apportionment of fault among jointly liable tortfeasors is only an issue as between those tortfeasors, and not between unnamed third-party tortfeasors and the City. Therefore, the jury will rightly wonder why it is hearing evidence of the alleged liability of other parties who are neither present nor represented in court.

In the course of trial, if evidence regarding the conduct and culpability of unnamed third parties arises, substantial additional trial time would be required to hear evidence on and fully evaluate such conduct and determine culpability – a delay that is entirely unnecessary, since the conduct of third parties is relevant to no matter at issue between the City and Defendants. This significant delay, as well as the potential to confuse and mislead the jury discussed above, creates a

substantial risk of undue prejudice to the City.  Fed. R. Evid. 403.  Accordingly, the Court should exercise its discretion and exclude evidence concerning the alleged liability of unnamed parties.

## CONCLUSION

For each of the reasons set forth above, the City requests that this Motion be granted and the Court preclude evidence, argument or comment concerning the alleged liability of unnamed third party owners and operators of USTs for the MTBE contamination at issue.

Dated: San Francisco, California
       May 11, 2009

    MICHAEL A. CARDOZO
    Corporation Counsel of the City of New York
    Attorney for Plaintiff City of New York
    100 Church Street
    New York, New York 10007
    (212) 788-1568

    /s/ *MARNIE E. RIDDLE*
    VICTOR M. SHER *(pro hac vice)*
    TODD E. ROBINS *(pro hac vice)*
    JOSHUA G. STEIN *(pro hac vice)*
    LESLEY E. WILLIAMS (LW8392)
    NICHOLAS G. CAMPINS *(pro hac vice)*
    MARNIE E. RIDDLE *(pro hac vice)*

    SHER LEFF LLP
    450 Mission Street, Suite 400
    San Francisco, CA 94105
    (415) 348-8300

    *Attorneys for Plaintiff City of New York*