**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------- x

In Re: Methyl Tertiary Butyl Ether ("MTBE")     Master File No. 1:00-1898
Products Liability Litigation                                MDL 1358 (SAS)
                                                                          M21-88
------------------------------------------------------------------- x   ECF Case

**This document relates to the following case:**

*City of New York v. Amerada Hess Corp., et al.*
Case No. 04 Civ. 3417

------------------------------------------------------------------- x

# MEMORANDUM OF LAW IN SUPPORT OF
# PLAINTIFF CITY OF NEW YORK'S MOTION IN LIMINE NO. 5
# TO EXCLUDE EVIDENCE OR ARGUMENT THAT MTBE DOES NOT REQUIRE
# REMEDIATION AT LEVELS ABOVE THE MCL

## INTRODUCTION

Plaintiff the City of New York (the "City") hereby moves the Court *in limine* for an order that Defendants shall not make any argument or offer any evidence that the presence of MTBE in drinking water wells at levels above the maximum contaminant level ("MCL") of 10 parts per billion ("ppb") does not require treatment.

The probative value of such evidence, if any, is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury, because the question of whether MTBE in drinking water must be remediated has already been answered in the affirmative by the State of New York and is not a question for trial. *See* Fed. R. Evid. 403. Thus, Defendants may not present evidence in support of the erroneous theory that the presence of MTBE in drinking water at levels above the MCL does not require the City to take action.[1] *See Nationwide Transport Finance v. Cass Information Systems, Inc.*, 523 F.3d 1051, 1063 (9th Cir. 2008) ("A party is not entitled to present evidence on an erroneous or inapplicable legal theory to the jury, even if the evidence might have been relevant in some conceivable manner" and affirming trial court's preclusion of any reference to same on Rule 403 grounds). Defendants should not be permitted to distract and confuse the jury by raising this collateral argument lacking a basis in law, and all evidence proffered in support of such an argument should be excluded.

## ARGUMENT

For purposes of summary adjudication at the very least, "the MCL may serve as a convenient guidepost in determining that a particular level of contamination has likely caused an injury." 458 F.Supp.2d 149, 158. Argument that MTBE contamination *above* the MCL is not

---

[1] By making this motion, the City is not suggesting that MTBE contamination *below* the MCL does not also require treatment.

harmful or does not engender a duty to act on the City's part, for whatever reasons Defendants may proffer in support, is simply collateral and will only serve to distract the jury. It is not relevant, because the State has already promulgated regulations addressing the presence of MTBE at levels above the MCL, and such evidence may be excluded on that ground. Fed. R. Evid. 402. Even if such evidence is relevant to any argument that may be raised at trial, Rule 403 "requires that evidence be excluded . . . if the jury will place undue weight on that evidence, to the neglect of their duty to evaluate the trial evidence for themselves." *U.S. v. Awadallah*, 401 F.Supp.2d 308, 318 -19 (S.D.N.Y. 2005); Fed. R. Evid. 403; *see Nationwide Transport Finance v. Cass Information Systems, Inc.*, 523 F.3d at 1063; *U.S. v. Mancebo-Santiago*, 875 F. Supp. 1030, 1035 n.3 (S.D.N.Y. 1995) (excluding evidence concerning erroneous legal theory on relevance and Rule 403 grounds); *see also U.S. v. Al-Moayad*, 545 F.3d 139, 159 (2d Cir. 2008) (Rule 403 generally).

**A.    Defendants May Not Argue That the City Need Not Remediate MTBE at Levels Above the MCL**

As this Court has explained, "[i]n order to ensure public safety, state and federal regulatory authorities promulgate water quality standards – known as the 'Maximum Contaminant Level ("MCL") – which establish the highest amount of any contaminant that may be present in drinking water provided to the public." *In re Methyl Tertiary Butyl Ether Products Liability Litigation* (*In re MTBE*), 458 F.Supp.2d 149, 154 (S.D.N.Y. 2006) (*citing* 10 N.Y. Comp.Codes R. & Regs. § 5-1.1(a1) (2006) ("MCL means the maximum permissible level of a contaminant in water which is delivered to any user of a public water system.")). The New York State Department of Health ("NYSDOH") has set the current MCL for MTBE in drinking water in the State of New York at 10 parts per billion ("ppb"). *Id.* (*citing* 10 N.Y. Comp.Codes R. & Regs. § 5-1.52, Table 3).

Under state law, "[t]he supplier of water and the person or persons operating the public water system shall exercise due care and diligence in the maintenance and supervision of all sources of the public water system to prevent, so far as possible, their pollution and depletion" 10 N.Y. Comp.Codes R. & Regs. § 5-1.71(a). Similarly, "[t]he supplier of water and the person or persons operating a water treatment plant or distribution system shall exercise due care and diligence in the operation and maintenance of these facilities and their appurtenances to ensure continued compliance with the provisions of [10 N.Y. Comp.Codes R. & Regs. Subpart 5-1]." 10 N.Y. Comp.Codes R. & Regs. § 5-1.72(b). As a result of these regulations, water purveyors like the City "have a duty to take action – be it testing, monitoring, or treating contaminated wells – *before* that contamination reaches the applicable MCL." *In re MTBE, supra*, 458 F.Supp.2d at 154. "In the case where an MCL . . . is exceeded,[2] . . . the supplier of water will take the necessary steps to comply with this section, to ensure the protection of public health, including the undertaking of remedial feasibility studies *and the installation of a suitable treatment process*." 10 N.Y. Comp.Codes R. & Regs. § 5-1.51(a), emphasis added. A violation of these regulations by exceedance of an MCL could expose the City to penalties (see New York Public Health Law §§ 12, 12-b, 229, 1103) or permit suspension or closure (see 10 N.Y. Comp.Codes R. & Regs. § 76.8(8)).

Under state law, therefore, the City is required to take action if the MCL for MTBE is exceeded, and may be required to test, monitor, or treat contaminated wells even *before* the contamination reaches the MCL. *In re MTBE, supra*, 458 F.Supp.2d at 155. Furthermore, other

---

[2] Under New York State law, an MCL "violation" is identified using the following process: "If the results of a monitoring sample analysis exceed the MCL, the supplier of water shall collect one to three more samples from the same sampling point, as soon as practical, but within 30 days. An MCL violation occurs when at least one of the confirming samples is positive and the average of the initial sample and all confirming samples exceeds the MCL." 10 N.Y. Comp.Codes R. & Regs. § 5-1.52, Table 3.

provisions of New York law require the City to monitor and treat contamination not only where the MCL is exceeded, but where there is "any deleterious change in raw water quality." 10 N.Y. Comp.Codes R. & Regs. § 5-1.12.

Any argument (or supporting evidence) on Defendants' part that the City has no duty to comply with these sections by taking steps to protect the public health, including installing a suitable treatment process, is therefore irrelevant to this action, will only serve to confuse and distract the jury, and should be excluded at trial.

## CONCLUSION

The State of New York requires the City to take action to remediate MTBE in drinking water when an MCL violation occurs. Therefore, any argument on Defendants' part that MTBE contamination at levels above the MCL requires no action by the City is irrelevant and will serve only to confuse and distract the jury. For these reasons, the City respectfully requests that the Court issue an order excluding any argument or evidence that the presence of MTBE in drinking water at levels above the MCL requires no action by the City.

Dated: San Francisco, California
May 11, 2009

        MICHAEL A. CARDOZO
        Corporation Counsel of the City of New York
        Attorney for Plaintiff City of New York
        100 Church Street
        New York, New York 10007
        (212) 788-1568

        /s/ *MARNIE E. RIDDLE*
        VICTOR M. SHER *(pro hac vice)*
        TODD E. ROBINS *(pro hac vice)*
        JOSHUA G. STEIN *(pro hac vice)*

NICHOLAS G. CAMPINS *(pro hac vice)*
MARNIE E. RIDDLE *(pro hac vice)*

SHER LEFF LLP
450 Mission Street, Suite 400
San Francisco, CA 94105
(415) 348-8300

*Attorneys for Plaintiff City of New York*