# EXHIBIT 7

Westlaw.

**Effective: April 1, 2008**

Mckinney's Consolidated Laws of New York Annotated Currentness
   Public Health Law (Refs & Annos)
      Chapter 45. Of the Consolidated Laws (Refs & Annos)
         ↖▤ Article 1. Short Title And Definitions: General Provisions
            ↖▤ Title II. General Provisions
               ➡ **§ 12. Violations of health laws or regulations; penalties and injunctions**

1. [Eff. until April 1, 2011, pursuant to L.2008, c. 58, pt. A, § 32. See, also, subd. 1 below.] (a) Except as provided in paragraphs (b) and (c) of this subdivision, any person who violates, disobeys or disregards any term or provision of this chapter or of any lawful notice, order or regulation pursuant thereto for which a civil penalty is not otherwise expressly prescribed by law, shall be liable to the people of the state for a civil penalty of not to exceed two thousand dollars for every such violation.

(b) The penalty provided for in paragraph (a) of this subdivision may be increased to an amount not to exceed five thousand dollars for a subsequent violation if the person committed the same violation, with respect to the same or any other person or persons, within twelve months of the initial violation for which a penalty was assessed pursuant to paragraph (a) of this subdivision and said violations were a serious threat to the health and safety of an individual or individuals.

(c) The penalty provided for in paragraph (a) of this subdivision may be increased to an amount not to exceed ten thousand dollars if the violation directly results in serious physical harm to any patient or patients.

Effective on and after April first, two thousand eight the comptroller is hereby authorized and directed to deposit amounts collected in excess of two thousand dollars per violation to the patient safety center account to be used for purposes of the patient safety center created by title two of article twenty-nine-D of this chapter.

1. [Eff. April 1, 2011. See, also, subd. 1 above.] Any person who violates, disobeys or disregards any term or provision of this chapter or of any lawful notice, order or regulation pursuant thereto for which a civil penalty is not otherwise expressly prescribed by law, shall be liable to the people of the state for a civil penalty of not to exceed two thousand dollars for every such violation.

2. The penalty provided for in subdivision one of this section may be recovered by an action brought by the commissioner in any court of competent jurisdiction.

3. Nothing in this section contained shall be construed to alter or repeal any existing provision of law declaring such violations or any of them to be misdemeanors or felonies or prescribing the penalty therefor.

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Case 1:00-cv-01898-VSB-VF   Document 2422-8   Filed 05/11/09   Page 3 of 8

4. Such civil penalty may be released or compromised by the commissioner before the matter has been referred to the attorney general, and where such matter has been referred to the attorney general, any such penalty may be released or compromised and any action commenced to recover the same may be settled and discontinued by the attorney general with the consent of the commissioner.

5. It shall be the duty of the attorney general upon the request of the commissioner to bring an action for an injunction against any person who violates, disobeys or disregards any term or provision of this chapter or of any lawful notice, order or regulation pursuant thereto; provided, however, that the commissioner shall furnish the attorney general with such material, evidentiary matter or proof as may be requested by the attorney general for the prosecution of such an action.

6. It is the purpose of this section to provide additional and cumulative remedies, and nothing herein contained shall abridge or alter rights of action or remedies now or hereafter existing, nor shall any provision of this section, nor any action done by virtue of this section, be construed as estopping the state, persons or municipalities in the exercising of their respective rights to suppress nuisances or to prevent or abate pollution.

CREDIT(S)

(L.1953, c. 879; amended L.1957, c. 166, § 1; L.1971, c. 950, § 1; L.1974, c. 856, § 1; L.1990, c. 190, § 268; L.2008, c. 58, pt. A, § 16, eff. April 23, 2008, deemed eff. April 1, 2008.)

HISTORICAL AND STATUTORY NOTES

2009 Electronic Update

L.2008, c. 58 legislation

Subd. 1. L.2008, c. 58, pt. A, § 16, rewrote subd. 1, which had read:

"Any person who violates, disobeys or disregards any term or provision of this chapter or of any lawful notice, order or regulation pursuant thereto for which a civil penalty is not otherwise expressly prescribed by law, shall be liable to the people of the state for a civil penalty of not to exceed two thousand dollars for every such violation."

L.2008, c. 58, pt. A, § 32, as amended L.2008, c. 57, pt. OO, § 20, eff. April 23, 2008, deemed eff. April 1, 2008, provides:

"This act shall take effect immediately and shall be deemed to have been in full force and effect on and after April 1, 2008; provided however, that sections one, six-a, nineteen, twenty, twenty-four, and twenty-five of this act shall take effect July 1, 2008; provided however that sections sixteen, seventeen and eighteen of this act [amending Public Health Law §§ 12 and 12-b and adding State Finance Law § 97-iiii] shall expire April 1, 2011; provided, however, that the amendments made by section twenty-eight of this act shall take effect on the same date [Sept. 1, 2008] as section 1 of chapter 281 of the laws of 2007 takes effect; provided further, that sections twenty-nine, thirty, and thirty-one of this act shall take effect October 1, 2008; provided further, that section twenty-seven of this act shall take effect January 1, 2009; and provided further, that section twenty-seven of this

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Case 1:00-cv-01898-VSB-VF   Document 2422-8   Filed 05/11/09   Page 4 of 8

act [adding Elder Law § 215-b] shall expire and be deemed repealed March 31, 2011; and provided, further, however, that the amendments to subdivision 1 of section 241 of the education law made by section twenty-nine of this act [section 29 of the act amended subd. 1 of Elder Law § 241] shall not affect the expiration of such subdivision and shall be deemed to expire therewith and provided that the amendments to section 272 of the public health law made by section thirty of this act shall not affect the repeal of such section and shall be deemed repealed therewith."

2001 Main Volume

L.1990, c. 190 legislation

Subd. 1. L.1990, c. 190, § 268, eff. May 25, 1990, increased maximum penalty from $1000 to $2000 per violation.

The adjudication as invalid or unconstitutional of any provision of L.1990, c. 190, or the application thereof, not to affect, impair or invalidate the remainder of such Act pursuant to L.1990, c. 190, § 384, set out as a note under Tax Law § 951.

Derivation

Section 17 of Public Health Law of 1909, added L.1915, c. 384, § 1; amended L.1916, c. 372; L.1942, c. 66; repealed by § 5002 of this chapter.

CROSS REFERENCES

    Action for penalty or forfeiture to people, see CPLR 7201 et seq.
    Wilful violation of health law, see Public Health Law § 12-b.

NEW YORK CODES, RULES AND REGULATIONS

2001 Main Volume

    Noncompliance or nonconformance, penalties, see 10 NYCRR 1.21.

    Penalties, residential health care facilities, see 10 NYCRR 414.1 et seq.

RULES OF THE CITY OF NEW YORK

2001 Main Volume

Sanctions and enforcement, health code, see 24 RCNY §§ 3.12 and 3.13.

LAW REVIEW AND JOURNAL COMMENTARIES

Confidentiality of medical records--Part I. Francis J. Serbaroli, 211 N.Y.L.J. 3 (June 1, 1994).

Health care anti-referral laws effective in 1995. Melvyn B. Ruskin and Ellen F. Kessler, 213 N.Y.L.J. 1 (Jan. 5,

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

1995).

Hospitals' duty to report patient harm. Francis J. Serbaroli, 223 N.Y.L.J. 3 (March 30, 2000).

LIBRARY REFERENCES

2001 Main Volume

> Health and Environment ⚷ 25.15(2), 38.
> C.J.S. Health and Environment §§ 49 to 50, 88, 90, 104 to 105, 113, 134, 139, 151 to 154, 156.
> In a caselaw database, run TO(199) or 199k[add key number] to retrieve cases related to Health and Environment.

RESEARCH REFERENCES

2009 Electronic Update

Encyclopedias

NY Jur. 2d, Compromise, Accord, & Release § 65, Authority of Party to Grant Release of Claim.

NY Jur. 2d, Death § 26, Disclosure of Information; Penalties.

NY Jur. 2d, Forfeitures & Penalties § 119, Effect of Repeal or Amendment.

NY Jur. 2d, Forfeitures & Penalties § 125, Persons Subject to Penalties.

NY Jur. 2d, Health & Sanitation § 156, Authority, Duty to Enforce; Generally.

NY Jur. 2d, Health & Sanitation § 158, Civil and Criminal Liability for Violations.

NY Jur. 2d, Health & Sanitation § 167, Power and Duty of State Authorities.

NY Jur. 2d, Insurance § 1787, Medical Expenses as Element of Basic Economic Loss.

NY Jur. 2d, Water § 730, Generally; Filing of Plans for Approval--Purpose and Construction.

Forms

Carmody-Wait, 2d § 135:12, Compromise, Settlement, and Discontinuance.

Carmody-Wait, 2d § 42:252, Materiality in Reference to Issues Raised by Pleadings--Matters Pertaining to De-

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Case 1:00-cv-01898-VSB-VF   Document 2422-8   Filed 05/11/09   Page 6 of 8

fense.

NOTES OF DECISIONS

Defenses 2
Estoppel 8
Fines 5
Injunctions 4
Notice 6
Power of commissioner 1
Questions for determination 3
Trespass 7

1. Power of commissioner

Authority of Commissioner of Health to impose fine upon pharmacist for alleged violations of law governing sale and distribution of controlled substances derived from provision of Public Health Law governing violations of health laws or regulations, not from provision of Public Health Law permitting Commissioner to impose civil penalty in lieu of license revocation, where Commissioner expressly invoked his authority under Public Health Law governing violations of law, and $12,000 fine exceeded limits of statute permitting Commissioner to impose civil penalty in lieu of license revocation. Rakstis v. Axelrod, 1986, 68 N.Y.2d 987, 510 N.Y.S.2d 555, 503 N.E.2d 111, on remand 126 A.D.2d 901, 511 N.Y.S.2d 426. Health ⛌ 211

Even prior to April 6, 1961, it was within competence of Commissioner to institute proceeding against violator of this chapter and to make a determination as to whether such chapter had been violated and assess penalties. Grossman v. Hilleboe (1 Dept. 1962) 16 A.D.2d 893, 228 N.Y.S.2d 835. Health ⛌ 366; Health ⛌ 378

2. Defenses

Limitation governing civil actions for penalties was inapplicable to proceeding instituted by Health Commissioner to assess penalties against alleged violator of this chapter. Grossman v. Hilleboe (1 Dept. 1962) 16 A.D.2d 893, 228 N.Y.S.2d 835. Limitation Of Actions ⛌ 35(1)

Insurers were not precluded, in action to recover assigned first-party no-fault benefits, from raising defense based on improper self-referral, and thus could conduct discovery on issue, even if defense was not interposed in timely denial. Fair Price Medical Supply Corp. v. Elrac Inc., 2006, 12 Misc.3d 119, 820 N.Y.S.2d 679. Pretrial Procedure ⛌ 37

3. Questions for determination

In proceeding to recover a penalty for a violation of an order or regulation of the State Commissioner of Health, it is not open to a judge or jury in considering the proceeding, to determine that the violation of the permit or order has not occurred or that the penalty imposed or demanded is excessive or unreasonable and the only question open is a failure of jurisdiction, and furthermore, proceedings of the State Health Department enforcing this chapter and Sanitary Code being judicial in nature, are not open to collateral attack in an action to recover a penalty for violation of an order of the Commissioner of Health. Godfrey v. Winona Lake Development Co., 1946, 194 Misc. 905, 88 N.Y.S.2d 531. Administrative Law And Procedure ⛌ 496; Constitutional Law ⛌

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Case 1:00-cv-01898-VSB-VF   Document 2422-8   Filed 05/11/09   Page 7 of 8

2516(1); Health 🗝 382

### 4. Injunctions

Even assuming, arguendo, this section, clearly constituting the gravamen of New York Attorney General's complaint seeking to enjoin union from carrying out threatened strike against employer-operators of New York nursing homes, has been preempted, there was no basis for concluding that the Attorney General's claim had therefore been converted into one arising under federal law for removal purposes, since nowhere in the federal scheme is there a procedure relating to a state, as a party, intervening in a labor dispute in the exercise of its police power, and thus the Attorney General's right to relief in the instant action depended solely on the continued vitality of this section. State of N. Y. v. Local 1115 Joint Bd., Nursing Home and Hosp. Employees Div., 1976, 412 F.Supp. 720. Removal Of Cases 🗝 101.1

Attorney-general, acting under proper instructions from State Commissioner of Health, may, in case in which it is determined that state interests in promoting and protecting health and its inhabitants are seriously threatened by strike, seek injunction and, on such showing, Supreme Court may grant injunction against strike. State v. Local 1115 Joint Bd., Nursing Home and Hospital Emp. Division (2 Dept. 1977) 56 A.D.2d 310, 392 N.Y.S.2d 884. Labor And Employment 🗝 2041

### 5. Fines

Civil money penalties imposed on nursing home by New York State Department of Health (DOH) for noncompliance with Medicare and Medicaid program requirements were not federal remedies entitling nursing home to a federal administrative appeal; penalties were imposed under state law, and were neither explicitly nor implicitly approved by Centers for Medicare and Medicaid Services (CMS), nor imposed by DOH on behalf of CMS, and nursing home had a meaningful state remedy available to challenge the state actions. Beechwood Restorative Care Center v. Thompson, 2007, 494 F.Supp.2d 181. Health 🗝 505(2); Health 🗝 553

A violation of this section can subject a person to a civil penalty not to exceed $1,000 and under certain circumstances might constitute a penal violation, but loss of custody of one's children is not a recognized penalty for a violation of the law. Matter of Thomson (4 Dept. 1980) 79 A.D.2d 880, 434 N.Y.S.2d 538. Health 🗝 378

Power vested in Commissioner to impose fines against hospitals was not intended to be restricted by section 2803 governing assessment of penalties for violations of rules and regulations governing residential health care facilities. Town of Massena v. Whalen (3 Dept. 1979) 72 A.D.2d 838, 421 N.Y.S.2d 708. Health 🗝 232

### 6. Notice

Under this section and sections 206 and 2083 governing penalties for violations of health laws and powers of Commissioner to assess penalties, Commissioner was authorized to impose fine after hearing on violations by hospital of health regulations without complying with notice requirements of section 2083 governing power to assess penalties for violations of rules and regulations governing residential health care facilities. Town of Massena v. Whalen (3 Dept. 1979) 72 A.D.2d 838, 421 N.Y.S.2d 708. Health 🗝 256

### 7. Trespass

County water authority established claim of trespass against manufacturers and distributors of herbicide which degraded into tetrachloroterephthalic acid (TCPA), based on unlawful invasion of TCPA into groundwater in

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Case 1:00-cv-01898-VSB-VF   Document 2422-8   Filed 05/11/09   Page 8 of 8

amount exceeding 50 parts per billion (PPB); defendants advised consumers to apply herbicide to soil, and authority's taking well out of service upon second TCPA sample in excess of 50 PPB until remediated by installation of granular activated carbon filtration system was consistent with regulatory scheme and authority's obligations thereunder, such that authority was tangibly and appreciably damaged by TCPA in groundwater. State v. Fermenta ASC Corp., 1995, 166 Misc.2d 524, 630 N.Y.S.2d 884, affirmed in part 238 A.D.2d 400, 656 N.Y.S.2d 342, leave to appeal denied 90 N.Y.2d 810, 664 N.Y.S.2d 271, 686 N.E.2d 1366. Waters And Water Courses ⟳ 104

8. Estoppel

No evidence showed that state acted wrongfully or negligently or omitted to act where it had a duty to do so, as required to support public water system's claim that state should be estopped from enforcing water filtration requirements upon public water system. State of New York v. Westchester Joint Water Works (2 Dept. 2003) 304 A.D.2d 646, 757 N.Y.S.2d 601. Estoppel ⟳ 62.2(2)

McKinney's Public Health Law § 12, NY PUB HEALTH § 12
Current through L.2009, chapters 1 to 14, 16, 17 and 50 to 55.

Copr (c) 2009 Thomson Reuters.

END OF DOCUMENT

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.