# EXHIBIT 9

**Effective: April 1, 2008**

Mckinney's Consolidated Laws of New York Annotated Currentness
  Public Health Law (Refs & Annos)
    Chapter 45. Of the Consolidated Laws (Refs & Annos)
      Article 1. Short Title And Definitions: General Provisions
        Title II. General Provisions
          → § 12-b. Wilful violation of health laws

1. A person who wilfully violates or refuses or omits to comply with any lawful order or regulation prescribed by any local board of health or local health officer, is guilty of a misdemeanor; except, however, that where such order or regulation applies to a tenant with respect to his own dwelling unit or to an owner occupied one or two family dwelling, such person is guilty of an offense for the first violation punishable by a fine not to exceed fifty dollars and for a second or subsequent violation is guilty of a misdemeanor punishable by a fine not to exceed five hundred dollars or by imprisonment not to exceed six months or by both such fine and imprisonment.

2. [Eff. until April 1, 2011, pursuant to L.2008, c. 58, § 32. See, also, subd. 2 below.] A person who wilfully violates any provision of this chapter, or any regulation lawfully made or established by any public officer or board under authority of this chapter, the punishment for violating which is not otherwise prescribed by this chapter or any other law, is punishable by imprisonment not exceeding one year, or by a fine not exceeding ten thousand dollars or by both. Effective on and after April first, two thousand eight the comptroller is hereby authorized and directed to deposit amounts collected in excess of two thousand dollars per violation to the patient safety center account to be used for purposes of the patient safety center created by title two of article twenty-nine-D of this chapter.

2. [Eff. April 1, 2011. See, also, subd. 2 above.] A person who wilfully violates any provision of this chapter, or any regulation lawfully made or established by any public officer or board under authority of this chapter, the punishment for violating which is not otherwise prescribed by this chapter or any other law, is punishable by imprisonment not exceeding one year, or by a fine not exceeding two thousand dollars or by both.

CREDIT(S)

(Added L.1965, c. 1031, § 164; amended L.1969, c. 463, § 1; L.2008, c. 58, pt. A, § 17, eff. April 23, 2008, deemed eff. April 1, 2008.)

HISTORICAL AND STATUTORY NOTES

2009 Electronic Update

L.2008, c. 58 legislation

Subd. 2. L.2008, c. 58, pt. A, § 17, rewrote subd. 2, which had read:

"A person who wilfully violates any provision of this chapter, or any regulation lawfully made or established by any public officer or board under authority of this chapter, the punishment for violating which is not otherwise prescribed by this chapter or any other law, is punishable by imprisonment not exceeding one year, or by a fine not exceeding two thousand dollars or by both."

"This act shall take effect immediately and shall be deemed to have been in full force and effect on and after April 1, 2008; provided however, that sections one, six-a, nineteen, twenty, twenty-four, and twenty-five of this act shall take effect July 1, 2008; provided however that sections sixteen, seventeen and eighteen of this act [amending Public Health Law §§ 12 and 12-b and adding State Finance Law § 97-iiii] shall expire April 1, 2011; provided, however, that the amendments made by section twenty-eight of this act shall take effect on the same date [Sept. 1, 2008] as section 1 of chapter 281 of the laws of 2007 takes effect; provided further, that sections twenty-nine, thirty, and thirty-one of this act shall take effect October 1, 2008; provided further, that section twenty-seven of this act shall take effect January 1, 2009; and provided further, that section twenty-seven of this act [adding Elder Law § 215-b] shall expire and be deemed repealed March 31, 2011; and provided, further, however, that the amendments to subdivision 1 of section 241 of the education law made by section twenty-nine of this act shall not affect the expiration of such subdivision and shall be deemed to expire therewith and provided that the amendments to section 272 of the public health law made by section thirty of this act shall not affect the repeal of such section and shall be deemed repealed therewith."

L.2008, c. 58, pt. A, § 32, as amended L.2008, c. 57, pt. OO, § 20, eff. April 23, 2008, deemed eff. April 1, 2008, provides:

"This act shall take effect immediately and shall be deemed to have been in full force and effect on and after April 1, 2008; provided however, that sections one, six-a, nineteen, twenty, twenty-four, and twenty-five of this act shall take effect July 1, 2008; provided however that sections sixteen, seventeen and eighteen of this act [amending Public Health Law §§ 12 and 12-b and adding State Finance Law § 97-iiii] shall expire April 1, 2011; provided, however, that the amendments made by section twenty-eight of this act shall take effect on the same date [Sept. 1, 2008] as section 1 of chapter 281 of the laws of 2007 takes effect; provided further, that sections twenty-nine, thirty, and thirty-one of this act shall take effect October 1, 2008; provided further, that section twenty-seven of this act shall take effect January 1, 2009; and provided further, that section twenty-seven of this act [adding Elder Law § 215-b] shall expire and be deemed repealed March 31, 2011; and provided, further, however, that the amendments to subdivision 1 of section 241 of the education law made by section twenty-nine of this act [section 29 of the act amended subd. 1 of Elder Law § 241] shall not affect the expiration of such subdivision and shall be deemed to expire therewith and provided that the amendments to section 272 of the public health law made by section thirty of this act shall not affect the repeal of such section and shall be deemed repealed therewith."

2001 Main Volume

Derivation

Penal Law of 1909, § 1740; repealed by Penal Law of 1965, § 500.05. Said § 1740 was from Penal Code § 397, added L.1881, c. 676; amended L.1905, c. 443, § 1.

CROSS REFERENCES

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

> Abandoned infant protection act, dissemination of information, application of this section, see Public Health § 2803-r.
> Misdemeanor, definition, see Penal Law § 10.00.

RULES OF THE CITY OF NEW YORK

2001 Main Volume

Sanctions and enforcement, health code, see 24 RCNY §§ 3.12 and 3.13.

LAW REVIEW AND JOURNAL COMMENTARIES

Confidentiality of medical records--Part I. Francis J. Serbaroli, 211 N.Y.L.J. 3 (June 1, 1994).

Criminalization of medical malpractice. Joel Cohen and Randy Shapiro, 214 N.Y.L.J. 1 (August 28, 1995).

Health care anti-referral laws effective in 1995. Melvyn B. Ruskin and Ellen F. Kessler, 213 N.Y.L.J. 1 (Jan. 5, 1995).

LIBRARY REFERENCES

2001 Main Volume

> Health and Environment ⚷ 37.
> C.J.S. Health and Environment §§ 48, 113 to 114, 141, 143, 148 to 149, 155.
> In a caselaw database, run TO(199) or 199k[add key number] to retrieve cases related to Health and Environment.

RESEARCH REFERENCES

2009 Electronic Update

Encyclopedias

NY Jur. 2d, Criminal Law § 2440, Application of Law to Facts; Marshalling Evidence.

NY Jur. 2d, Food, Drugs, Poisons, & Haz. Substances § 134, Violations; Penalties.

NY Jur. 2d, Health & Sanitation § 86, Cancer and Other Malignant Diseases.

NY Jur. 2d, Health & Sanitation § 158, Civil and Criminal Liability for Violations.

NY Jur. 2d, Health & Sanitation § 162, Burden of Proof.

NY Jur. 2d, Hosp. & Related Hlth. Care Facil. § 103, Required and Prohibited Activities.

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

NY Jur. 2d, Insurance § 1787, Medical Expenses as Element of Basic Economic Loss.

NY Jur. 2d, Water § 730, Generally; Filing of Plans for Approval--Purpose and Construction.

Forms

Carmody-Wait, 2d § 42:252, Materiality in Reference to Issues Raised by Pleadings--Matters Pertaining to Defense.

McKinney's Forms, Selected Consol. Law, Public Health Law § 2897 Form 1, Petition in Article 78 Proceeding to Review Determination Forfeiting Nursing Home Administrator's License.

Treatises and Practice Aids

New York Practice, Landlord & Tenant Practice in New York § 12:113, Generally--Window Guards: New York City--Penalties for Violation: New York State.

New York Practice, New York Criminal Law § 1:3, Culpable Mental States.

NOTES OF DECISIONS

>    Chemical contaminations 6
>    Construction and application 2
>    Sanctions 5
>    Validity 1
>    Violations 4
>    Willful 3

1. Validity

New York statutes proscribing reckless endangerment and willful patient neglect provided defendant physician adequate notice that his conduct in failing to timely transfer patient to hospital might be criminal; statutes' language and definitions to which they referred were not vague in that they were clearly meant to apply to situations such as instant one, and statutes included scienter requirement, i.e., that endangerment be reckless and that neglect be knowing. Einaugler v. Supreme Court of State of N.Y., C.A.2 (N.Y.)1997, 109 F.3d 836. Negligence ⚷ 1801

2. Construction and application

Physician's convictions under New York law for reckless endangerment and willful patient neglect, arising from his failure to timely transfer patient to hospital, did not punish him for exercising his medical judgment; to convict, jury was required to find, and did find, that physician was aware that patient required course of treatment that he did not provide. Einaugler v. Supreme Court of State of N.Y., C.A.2 (N.Y.)1997, 109 F.3d 836. Negligence ⚷ 1803

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Insurers were not precluded, in action to recover assigned first-party no-fault benefits, from raising defense based on improper self-referral, and thus could conduct discovery on issue, even if defense was not interposed in timely denial. Fair Price Medical Supply Corp. v. Elrac Inc., 2006, 12 Misc.3d 119, 820 N.Y.S.2d 679. Pretrial Procedure ⚷ 37

3. Willful

The legislature, in using the term "wilfully" in Public Health Law violation provision, intended a culpable mental state generally equivalent to that required by the term "knowingly." McKinney's Public Health Law §§ 12-b, People v. Spence (2 Dept. 1996) 232 A.D.2d 434, 648 N.Y.S.2d 636. Health ⚷ 986

For purpose of misdemeanor of willful violation of health laws, the term "willfully" applies to culpable mental state generally equivalent to that required by term "knowingly." People v. Einaugler (2 Dept. 1994) 208 A.D.2d 946, 618 N.Y.S.2d 414, appeal denied 84 N.Y.2d 1031, 623 N.Y.S.2d 187, 647 N.E.2d 459, on reconsideration 85 N.Y.2d 908, 627 N.Y.S.2d 331, 650 N.E.2d 1333, habeas corpus denied in part, dismissed in part 918 F.Supp. 619, affirmed 109 F.3d 836. Health ⚷ 975

Term "wilful" as used in statute making wilful violations of Public Health law criminal does not connote bad intention, but simply that act which is in violation of Public Health Law is deliberate and voluntary as opposed to accidental. People v. Coe, 1986, 131 Misc.2d 807, 501 N.Y.S.2d 997, affirmed and remanded 126 A.D.2d 436, 510 N.Y.S.2d 470, appeal granted 69 N.Y.2d 878, 515 N.Y.S.2d 1026, 507 N.E.2d 1096, affirmed 71 N.Y.2d 852, 527 N.Y.S.2d 741, 522 N.E.2d 1039. Health ⚷ 975

The word "willful," within this section which is to be read in conjunction with section 2805-b making it a misdemeanor for hospital to deny emergency care and treatment, means no more than that the denial be a deliberate and voluntary act of a person acting as the agent of the hospital. People v. Flushing Hosp. & Medical Center, 1983, 122 Misc.2d 260, 471 N.Y.S.2d 745. Health ⚷ 986

While the violation of the provisions of the sanitary code of a city may constitute a violation of subdivision 1 of former § 397 of the former Penal Code [now this section], the violation must be wilful to be within the section. People ex rel. Maher v. Potter, 1907, 112 N.Y.S. 298.

4. Violations

Evidence supported physician's conviction under New York law for willfully violating public health law by neglecting patient; defendant mistakenly ordered that feeding solution be administered through patient's kidney dialysis catheter, resulting in peritonitis, defendant failed to timely transfer patient to hospital once his mistake was discovered, and defendant stipulated his awareness that neglecting patient was illegal. Einaugler v. Supreme Court of State of N.Y., C.A.2 (N.Y.)1997, 109 F.3d 836. Negligence ⚷ 1807

Defendants' convictions for accepting specimen for laboratory examination without permit constituted "crime"; punishment for offense was not otherwise prescribed by Public Health Law or any other law and, thus, was punishable by imprisonment not exceeding one year or fine not exceeding $2,000 or both, and, accordingly, was deemed "unclassified misdemeanor." People v. Savage (2 Dept. 1991) 176 A.D.2d 831, 575 N.Y.S.2d 158, appeal denied 79 N.Y.2d 827, 580 N.Y.S.2d 207, 588 N.E.2d 105, appeal denied 79 N.Y.2d 832, 580 N.Y.S.2d 212, 588 N.E.2d 110, on reconsideration, appeal denied 79 N.Y.2d 856, 580 N.Y.S.2d 728, 588 N.E.2d 763. Health ⚷ 990

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

A physician who fails to make return of vital statistics or violates rules of the local board of health is liable to prosecution under former § 1740 of the former Penal Law of 1909 [now this section]. 1911, Op.Atty.Gen. 477.

5. Sanctions

Permanent disqualification of physician from participation in medicaid program for violating provision expressly forbidding letting of space to providers in shared health facility on basis of percentage of earnings was excessive penalty where physician pleaded guilty to four counts of violation of law and paid fine of $7,500; rather, suspension from participation in medicaid program for period of one year was sufficiently severe. De La Cadena v. Perales (1 Dept. 1985) 114 A.D.2d 797, 495 N.Y.S.2d 383. Health ⚖ 489

6. Chemical contaminations

County water authority established claim of trespass against manufacturers and distributors of herbicide which degraded into tetrachloroterephthalic acid (TCPA), based on unlawful invasion of TCPA into groundwater in amount exceeding 50 parts per billion (PPB); defendants advised consumers to apply herbicide to soil, and authority's taking well out of service upon second TCPA sample in excess of 50 PPB until remediated by installation of granular activated carbon filtration system was consistent with regulatory scheme and authority's obligations thereunder, such that authority was tangibly and appreciably damaged by TCPA in groundwater. State v. Fermenta ASC Corp., 1995, 166 Misc.2d 524, 630 N.Y.S.2d 884, affirmed in part 238 A.D.2d 400, 656 N.Y.S.2d 342, leave to appeal denied 90 N.Y.2d 810, 664 N.Y.S.2d 271, 686 N.E.2d 1366. Waters And Water Courses ⚖ 104

McKinney's Public Health Law § 12-b, NY PUB HEALTH § 12-b
Current through L.2009, chapters 1 to 14, 16, 17 and 50 to 55.

Copr (c) 2009 Thomson Reuters.

END OF DOCUMENT

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.