UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- x

| | |
|---|---|
| In Re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation | Master File No. 1:00-1898 MDL 1358 (SAS) M21-88 |
| ---------------------------------------------------------------------- x | ECF Case |
| **This document relates to the following case:** | |
| *City of New York v. Amerada Hess Corp., et al.* Case No. 04 Civ. 3417 | |

---------------------------------------------------------------------- x

### PLAINTIFF CITY OF NEW YORK'S CONDITIONAL NON-OPPOSITION TO DEFENDANTS' JOINT MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF CUSTOMER TASTE AND ODOR COMPLAINTS

Plaintiff City of New York ("the City") hereby submits this response to Defendants' Motion *in Limine* to Exclude Evidence of Customer Taste and Odor Complaints. The City vigorously disagrees with the legal premise of Defendants' motion. Evidence of past taste and odor complaints linked to MTBE is *not* the only way to demonstrate taste-and-odor-related injuries. That said, however, the City has no intention of pursuing any claims based on evidence of past customer complaints, and thus has no objection to the Court excluding such evidence and any testimony related thereto – so long as any such Order applies equally to all parties.

**I.      Past Customer Complaints Linked to MTBE Are Not Necessary To Prove a Taste-and-Odor Related Injury**

The legal premise of Defendants' motion – *i.e.*, that "absent proof of a nexus between taste and odor complaints and MTBE as the cause of the complaints, Plaintiff cannot go to the jury with its claimed injuries relating to taste and odor" – is dead wrong. (*See* Defs' Mem. at 5.) To the contrary, the question of when sub-MCL concentrations of MTBE cause a legally

cognizable taste-and-odor related injury to a water supply is a "fact-specific" inquiry that requires the jury to determine (a) what portion of the population can detect MTBE in water at the sub-MCL levels in question, and (b) whether, based "on the particular circumstances of the case," it is reasonable for a water supplier to take steps to remove MTBE from the water in order to protect that portion of the population. *See In re MTBE*, 593 F.Supp.2d 549, 551-53 (S.D.N.Y. 2008).[1] Thus, while past taste and odor complaints linked to MTBE would certainly be relevant, they are by no means necessary – especially in a case like this one where most of the wells in question have never or barely been used during the relevant time period.

Defendants' only support for their erroneous statement of the law is a comment from the section of the Court's October 10, 2006, Opinion and Order denying Defendants' Motion for Summary Judgment for Lack of Justiciability entitled "Summary Judgment Is Premature." *In re MTBE*, 458 F.Supp.2d 149, 159 (S.D.N.Y. 2006). Specifically, based on an incomplete factual record long before expert discovery, the Court advised that "speculation" regarding the linkage between customer complaints and MTBE contamination would be "insufficient to defeat summary judgment." *Id*. But the Court did *not* hold, as Defendants contend, that customer complaints linked to MTBE are the *only* viable means of proving injuries related to taste and odor. *Id*.[2] They are not.

---

[1] Please note, however, that the City is not required to prove "actual injury" to sustain its trespass claim. *See Burger v. Singh*, 816 N.Y.S.2d 478, 480 (App. Div. 2006) ("nominal damages are presumed from a trespass *even where the owner has suffered no actual injury* to his or her possessory interest"); 75 Am. Jur. 2d Trespass § 186 (same). Nor is there any requirement that the City "prove actual, as opposed to threatened, harm" to prove its public nuisance claim. *New York State Nat. Organization for Women v. Terry*, 886 F.2d 1339, 1361 (2d Cir. 1989) (public nuisance plaintiff "need not prove that it has suffered any actual, as opposed to threatened, harm"); *State of N.Y. v. Shore Realty Corp.* 759 F.2d 1032, 1051 (2d Cir. 1985) (collecting N.Y. state cases).

[2] None of the customer complaint information before the Court at the time of the Court's October 10, 2006 "justiciability" Opinion was information produced by the City.

More than a year and a half later, in its May 7, 2008, Opinion and Order granting defendants' motion to exclude the testimony of William Cane in the *Suffolk* and *United Water* cases, the Court did what it did not set out to do in its earlier "justiciability" opinion: it articulated the basic boundaries of a viable taste-and-odor-related claim for contamination below the MCL.  *See In re MTBE*, 593 F.Supp.2d at 552-53.  The Court began by emphasizing what does not constitute a legally cognizable claim for injury related to taste and odor: (1) "as a matter of law, plaintiffs' water is not harmed merely because its water contains a minuscule amount of MTBE;" and (2) "the fact that one person in the population can taste or smell MTBE does not mean that plaintiffs' water supplies have been harmed." *Id*. at 552.  With that framing in place, the Court left the door wide open:

> The jury must consider the variation in the population's ability to detect MTBE when determining the extent to which plaintiffs have been harmed.  For example, it is conceivable that a jury would conclude that a reasonable company would not take steps to remove MTBE from the water if only 0.1%, 1%, 10%, or even 25% of the population found it unpleasant to drink <u>depending on the particular circumstances of the case</u>.
>
> In the end, the issue of when the water suppliers are harmed by MTBE contamination is <u>fact-specific</u> in a variety of ways not discussed here.  Nonetheless, the fact that there is a wide variation within the population of the ability to detect the chemical must be considered by the jury when it determines whether plaintiffs were harmed.

*Id.* at 552-53 (emphasis added).

Defendants' overly narrow formulation, whereby evidence of actual past complaints that can be linked to MTBE is the <u>only</u> means of proving injury related to taste and odor, cannot be reconciled with the Court's statements in the Cain Opinion.  A "fact-specific" inquiry that "depend[s] on the particular circumstances of the case," and which "must" include consideration of "the variation in the population's ability to detect MTBE," by definition contemplates a range of possible taste-and-odor-related harms far broader than the simplistic complaints-only rule

Defendants urge.[3]  The City, therefore, requests that the Court expressly reject Defendants' unsupported proposal to limit proof of taste-and-odor related injuries to evidence of past customer complaints linked to MTBE.

## II. The City Has No Intention of Relying On Evidence of Past Customer Complaints and Supports An Order Excluding Such Evidence Equally Applicable to *All* Parties

As explained in the City's Opposition to Defendants' Joint Motion and Motion In Limine To Exclude the Opinion of Plaintiff's Expert Harry T. Lawless, the City has no intention of pursuing any claims based on past customer complaints, as it cannot be determined from the City's complaints data whether past taste and odor complaints are attributable to the presence of MTBE.  Accordingly, the City has no objection to entry of an Order excluding the City's "customer complaint cards (including derivative databases and spreadsheets) and any testimony relating thereto" (*see* Def's Mem. at 2) – subject to one important, but eminently fair condition: the Order should apply equally to all parties.

In their motion, Defendants purport to seek a generic "Order excluding evidence of customer taste and odor complaints," because, as they concede, "*any* assessment of past taste and odor damages based on the complaint cards would be purely speculative."  (Defs' Motion; Defs' Mem. at 7 (emphasis added).)  Yet, in his expert report, Defendants' taste and odor expert, Irwin "Mel" Suffet, Ph.D., attempts to analyze "existing data to try and relate customer complaints from the Jamaica Queens area to MTBE data provided by plaintiffs in space in and time."

---

[3] The City's Memorandum of Law in Opposition to Defendants' Joint Motion and Motion In Limine To Exclude the Opinion of Plaintiff's Expert Harry T. Lawless (filed May 14, 2009) contains an extensive discussion of the City's claimed injuries related to MTBE's taste and odor and the evidentiary support for those claims.  The City incorporates that discussion by reference herein.

(Suffet Expert Report at 18.)[4]  Dr. Suffet concludes that complaints reflected in the City's database "are likely describing taste and odor problems that have nothing to do with MTBE." (*Id*.)

If the City is going to be precluded from introducing evidence related to customer complaints, Defendants' taste and odor expert should likewise be precluded from doing so – for two reasons.  First, as a matter of logic, it would make no sense to prevent the City, on the one hand, from relying on past customer complaints because "any assessment of past taste and odor damages based on the complaint cards would be purely speculative" (*see* Def's Mem. at 7), while permitting Defendants' expert, on the other, to claim that the City's damages "have nothing to do with MTBE" based on the very same speculative evidence.  Second, and more importantly, it would be unfair and prejudicial to the City to allow Defendants to present the jury with their (bogus) interpretation of the City's complaints data while preventing the City from rebutting that interpretation.  Indeed, allowing Defendants to use the admittedly speculative complaints data to create the impression that low levels of MTBE are inoffensive to water users and therefore harmless to the City's water supply will lead to <u>exactly</u> the kind of "impermissible jury speculation" and "resulting unfair prejudice" Defendants agree this Court should prevent.  (*See* Defs' Mem. at 7.)

In short, the customer complaint issue is a two-way street.  Now that Defendants have started down that road and requested "an Order excluding evidence of customer taste and odor complaints," that Order should, in all fairness, apply equally to both sides.

---

[4] A copy of the Expert Report of I.H. Suffet, Ph.D is attached to the Declaration of Todd E. Robins as Exhibit 1.

### III. Conclusion

For the reasons set forth in § I, *supra*, the City requests that the Court reject Defendants' legal argument that taste and odor complaints are the *sine qua non* of a taste-and-odor-related injury in this case. For the reasons set forth in § II, *supra*, the City does not object to entry of an Order excluding evidence related to past taste and odor complaints so long as such Order applies equally to all parties.

Dated: San Francisco, California
       May 26, 2009

                                          MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
Attorney for Plaintiff City of New York
100 Church Street
New York, New York 10007
(212) 788-1568


 */s/ TODD E. ROBINS*
VICTOR M. SHER *(pro hac vice)*
TODD E. ROBINS *(pro hac vice)*
JOSHUA G. STEIN *(pro hac vice)*
LESLEY E. WILLIAMS (LW8392)
NICHOLAS G. CAMPINS *(pro hac vice)*
MARNIE E. RIDDLE *(pro hac vice)*

SHER LEFF LLP
450 Mission Street, Suite 400
San Francisco, CA 94105
(415) 348-8300

*Attorneys for Plaintiff City of New York*

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the following documents were served on Liaison Counsel via Electronic Mail, and on all counsel of record by posting them directly to CM/ECF and LexisNexis File & Serve on the 26th day of May, 2009:

1. **PLAINTIFF CITY OF NEW YORK'S CONDITIONAL NON-OPPOSITION TO DEFENDANTS' JOINT MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF CUSTOMER TASTE AND ODOR COMPLAINTS**

2. **DECLARATION OF TODD E. ROBINS IN SUPPORT OF PLAINTIFF CITY OF NEW YORK'S CONDITIONAL NON-OPPOSITION TO DEFENDANTS' JOINT MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF CUSTOMER TASTE AND ODOR COMPLAINTS**

*/s/ Kristin Meyers*

KRISTIN MEYERS