UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation<br><br>This document pertains to:<br><br>*City of New York v. Amerada Hess Corp. et al.*,<br>Case No. NY-04-CV-03417 | Master File No. 1:00-1898<br>MDL 1358 (SAS)<br>M21-88 |

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* NO. 1 TO EXCLUDE EVIDENCE OR ARGUMENT THAT FEDERAL OR NEW YORK LAW EVER REQUIRED MTBE IN GASOLINE DELIVERED TO OR SOLD IN THE RGA

## INTRODUCTION

Plaintiff City of New York ("Plaintiff") has moved to preclude Defendants from presenting evidence or argument that federal or state law "required or necessitated" the use of MTBE in gasoline. (Plaintiff City of New York's Memorandum of Law in Support of Motion in Limine No. 1 to Exclude Evidence or Argument that Federal or New York Law Ever Required MTBE in Gasoline Delivered to or Sold in the RGA ("Pl. Mem."), at 1.) To be clear, Defendants have no intention of arguing that the federal Clean Air Act or New York law *expressly* required the use of MTBE as opposed to other oxygenates, and they have no intention of usurping the Court's role in deciding or instructing the jury on issues of law. Defendants do intend – and should be allowed – to present evidence and argument that, as a matter of *fact*, the oxygen content requirements of the Clean Air Act *effectively* required and necessitated the use of MTBE because no feasible alternative was available. Such evidence and argument will not confuse or mislead jurors, but rather will help them to understand the factual context in which Defendants chose to use MTBE in gasoline. Moreover, such evidence is directly relevant to the jury's determination of Plaintiff's product liability claim.

## LEGAL STANDARD

A motion *in limine* refers to "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). Evidence should be excluded on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds. *Command Cinema Corp. v. VCA Labs, Inc.*, 464 F. Supp. 2d 191, 200 (S.D.N.Y. 2006). Courts considering a motion *in limine* may reserve judgment until trial, when admission of particular pieces of evidence can be placed in the

appropriate factual context. *Nat'l Union Fire Ins. Co. v. L.E. Myers Co. Group*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996).

As a general rule, "[a]ll relevant evidence is admissible." Fed. R. Evid. 402. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401; *see also United States v. Torniero*, 735 F.2d 725, 730 (2d Cir. 1984) (evidence is relevant if it "tends to prove or disprove a matter properly provable in the case" (internal quotations omitted)). Evidence relevant to the determination of an action *may* be ruled inadmissible under Federal Rule of Evidence 403, but only if certain risks, such as unfair prejudice, confusion or undue delay, *substantially outweigh* the probative value of such evidence. *See* Fed. R. Evid. 403; *see also Baker v. Canadian National/Illinois Cent. R.R.*, 536 F.3d 357, 369 (5th Cir. 2008) (unfair prejudice does not mean evidence that is "merely adverse to the opposing party" and "district courts should apply Rule 403 sparingly"); *George v. Celotex Corp.*, 914 F.2d 26, 30 (2d Cir. 1990) ("Because Rule 403 permits the exclusion of probative evidence, it is an extraordinary remedy that must be used sparingly.").

## ARGUMENT

Plaintiff wrongly characterizes the evidence and argument that Defendants intend to present as "legal theories." (Pl. Mem. at 7.) Whether the use of MTBE was "necessitated" by the Clean Air Act is an issue of fact, not one of legal interpretation. Defendants will not present evidence or argue to the jury that, as a matter of *law*, they were required to use MTBE in gasoline. There is no dispute that the Clean Air Act and New York's implementing regulations required that gasoline sold in certain areas, including the New York metropolitan area, to contain 2.7 percent oxygen by weight in winter months and, later, to be reformulated and contain 2

percent oxygen by weight year-round. 42 U.S.C. §§ 7545(k)(2)(B), 7545(m)(2) (2000); *In re MTBE Prods. Liab. Litig.*, 488 F.3d 112, 114 (2d Cir. 2007). The jury should be aware of these legal requirements – because they are an important part of the factual context in which Defendants used MTBE – but Defendants will not ask the jury to interpret their meaning. Rather, Defendants will present evidence and argument that, as a matter of *fact*, the only practical way to comply with the oxygen content requirements in the New York area was to use MTBE. This evidence is highly probative of the factual issue to be decided by the jury as to whether there was a feasible alternative to MTBE.

Contrary to Plaintiff's assertion, the Second Circuit and other federal courts have not decided this issue. At most, the cases cited by Plaintiff (*see* Pl. Mem. at 5-6) stand for the proposition that the Clean Air Act did not *legally* require the blending of MTBE to the exclusion of all other oxygenates. *See In re MTBE Prods. Liab. Litig.*, 488 F.3d 112, 130 (2d Cir. 2007) (defendants' removal notice did not sufficiently allege "that they were acting under federal officers when they added MTBE, and not some approved alternative, to their reformulated gasoline."); *In re MTBE Prods. Liab. Litig.*, 457 F. Supp. 2d 324, 334-335 (S.D.N.Y. 2006) (plaintiffs' claims not preempted "because, even if state tort law demands that defendants not use MTBE, the federal law did not *require* the use of MTBE."); *Oxygenated Fuels Ass'n v. Pataki*, 158 F. Supp. 2d 248, 259 (N.D.N.Y 2001) ("In urging that conflict preemption exists, plaintiff does not contend that compliance with both [the Clean Air Act] and [New York's MTBE ban] is impossible; obviously, compliance with both may be achieved through the use of oxygenates other than MTBE."); *Oxygenated Fuels Ass'n v. Davis*, 163 F. Supp. 2d 1182, 1187 (E.D. Cal. 2001) (California's MTBE ban not preempted by federal law because "national standards do not require the use of any particular oxygenate."). None of these cases decided the factual issue of

whether, *as a practical matter*, refiners could have used oxygenates other than MTBE to comply with the oxygen content requirements for gasoline sold in the New York area during the time period relevant to this case. *See Exxon Mobil Corp. v. United States EPA*, 217 F.3d 1246 (9th Cir. 2000) (deciding unrelated issue of whether minimum oxygen content requirements of Clean Air Act preempt state requirements for higher oxygen content); *In re MTBE Prods. Liab. Litig.*, 457 F. Supp. 2d at 334-335 ("The question of whether defendants could have used an oxygenate other than MTBE is beyond the scope of this motion."); *Pataki*, 158 F. Supp. 2d at 260 (finding factual record insufficient to determine whether New York MTBE ban "stands as an obstacle to the accomplishment and execution of the goals of the [federal reformulated gasoline] program.") It will be for the jury, as the trier of fact in this case, to decide whether, for example, there was a sufficient supply of ethanol or other alternative oxygenates during the relevant period of time, such that Defendants had any realistic choice not to use MTBE.

Indeed, as this Court has recognized, it will be Plaintiff's burden at trial to establish that there was a safer, feasible alternative to MTBE for purposes of complying with federal and state oxygen content requirements. *In re MTBE Prods. Liab. Litig.*, 457 F. Supp. 2d at 335 (plaintiffs "need to prove that a viable alternative to MTBE existed to succeed in their design defect claims.") "To prevail on a claim for design defect under New York law, a plaintiff must demonstrate that ... there was a safer, feasible alternative design at the time of manufacture." *Santoro v. Donnelly*, 340 F. Supp. 2d 464, 484 (S.D.N.Y. 2004) (Scheindlin, J.); *see also Urena v. Biro Mfg. Co.*, 114 F.3d 359, 364 (2d Cir. 1997) ("The burden of presenting evidence that the product, as designed, presented a substantial likelihood of harm and *could have been designed more safely*, is with the plaintiff." (emphasis added)); *Guarascio v. Drake Assoc., Inc.*, 582 F. Supp. 2d 459, 463 (S.D.N.Y. 2008) (plaintiff must prove "that there exists a technologically

feasible and commercially practicable alternative design"); *Clinton v. Brown & Williamson Holdings, Inc.*, 498 F. Supp. 2d 639, 646 (S.D.N.Y. 2007) ("proof of a feasible alternative design is a prerequisite to establish a prima facie design defect claim under New York law"); *Smith v. Herman Miller, Inc.*, 2005 U.S. Dist. LEXIS 38398, at *7 (E.D.N.Y. Dec. 20, 2005) ("In a design defect case the plaintiff must prove that ... there was a feasible alternative design for the product which would have been safer and that would have prevented plaintiff's injury"); *Colon ex rel. Molina v. BIC USA, Inc.*, 199 F. Supp. 2d 53, 83 (S.D.N.Y. 2001) ("The plaintiff bears the burden of presenting evidence that (1) the product as designed posed a substantial likelihood of harm, (2) *no feasible alternative existed*, and (3) the defective design caused plaintiff's injury." (emphasis added)).

Therefore, Defendants anticipate that Plaintiff will offer evidence and argument that Defendants could have blended gasoline with oxygenates other than MTBE, such as ethanol. Defendants should be permitted to refute Plaintiff by offering their own evidence and argument that there was no commercially practicable or viable alternative to MTBE and, therefore, the *facts* required the use of MTBE, even if the *law* expressly did not. Such evidence from both sides is highly relevant to the jury's determination of Plaintiff's design defect claims and should not be excluded.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to exclude evidence or argument that federal or New York law ever required MTBE in gasoline delivered to or sold in the relevant geographic area should be denied.

Dated: New York, New York
May 26, 2009

Respectfully submitted,

McDERMOTT WILL & EMERY LLP
Peter J. Sacripanti (PS 8968)
James A. Pardo (JP 9018)
Stephen J. Riccardulli (SR 7784)
Lauren E. Handel (LH 0755)
340 Madison Avenue
New York, NY 10173-1922

Jennifer Kalnins Temple (JK 3274)
18191 Von Karman Avenue, Suite 500
Irvine, CA 92612-7108
Tel: (949) 757-7128
Fax: (949) 851-9348

*Attorneys for the Exxon Mobil Corporation Defendants*


BLANK ROME LLP
Alan J. Hoffman
Jeffrey S. Moller
Beth L. Haas
John J. DiChello
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
(212) 885-5000

*Attorneys for Defendants Lyondell Chemical Company and Equistar Chemicals, LP*

## CERTIFICATE OF SERVICE

Lisa A. Gerson, pursuant to 28 U.S.C. 1746, hereby declares under penalty of perjury, that on the 26th day of May, 2009, I caused to be served by electronic means upon counsel for plaintiff, a true and correct copy of the foregoing MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* NO. 1 TO EXCLUDE EVIDENCE OR ARGUMENT THAT FEDERAL OR NEW YORK LAW EVER REQUIRED MTBE IN GASOLINE DELIVERED TO OR SOLD IN THE RGA.

Lisa A. Gerson