UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re: Methyl Tertiary Butyl Ether ("MTBE")
Products Liability Litigation

Master File No. 1:00-1898
MDL 1358 (SAS)
M21-88

This document pertains to:

*City of New York v. Amerada Hess Corp. et al.*,
Case No. NY-04-CV-03417

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION *IN LIMINE* NO. 2 TO EXCLUDE
EVIDENCE OR ARGUMENT THAT FEDERAL AGENCIES ENDORSED OR
APPROVED THE USE OF MTBE IN GASOLINE

## INTRODUCTION

Plaintiff has moved to prevent Defendants from arguing that federal agencies, specifically the U.S. Environmental Protection Agency ("EPA"), "endorsed or approved" the use of MTBE in gasoline. It is clear that Plaintiff's concern is not with the words Defendants will use to describe EPA's "approval" of MTBE. Rather, Plaintiff wants to prevent the jury from hearing highly relevant evidence and argument that, in fact, the EPA approved the use of MTBE with knowledge that it would be one of two primary oxygenates used to comply with the Clean Air Act, and that Defendants' allegedly defective product was, at all relevant times (and even to this day), fully compliant with federal law. This evidence is relevant to Defendants' defense of Plaintiff's product liability and negligence claims, as well as Plaintiff's demand for punitive damages. Plaintiff wants the jury to hear only its version of the facts – that Defendants acted unlawfully and somehow duped the government. Defendants should be permitted to counter Plaintiff's evidence and argument with factual, relevant evidence that EPA has permitted the use of MTBE in gasoline since the 1970s and that MTBE was expressly approved for use as an oxygenate by EPA with full knowledge that it would be widely used.

## LEGAL STANDARD

A motion *in limine* refers to "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). Evidence should be excluded on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds. *Command Cinema Corp. v. VCA Labs, Inc.*, 464 F. Supp. 2d 191, 200 (S.D.N.Y. 2006). Courts considering a motion *in limine* may reserve judgment until trial, when admission of particular pieces of evidence can be placed in the

appropriate factual context. *Nat'l Union Fire Ins. Co. v. L.E. Myers Co. Group*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996).

As a general rule, "[a]ll relevant evidence is admissible." Fed. R. Evid. 402. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401; *see also United States v. Torniero*, 735 F.2d 725, 730 (2d Cir. 1984) (evidence is relevant if it "tends to prove or disprove a matter properly provable in the case" (internal quotations omitted)). Relevant evidence may be excluded only in those rare instances where the risk of unfair prejudice, confusion of the jury or undue delay, *substantially outweigh* the probative value of such evidence. *See* Fed. R. Evid. 403 (emphasis added); *see also Baker v. Canadian National/Illinois Cent. R.R.*, 536 F.3d 357, 369 (5th Cir. 2008) (unfair prejudice does not mean evidence that is "merely adverse to the opposing party" and "district courts should apply Rule 403 sparingly"); *George v. Celotex Corp.*, 914 F.2d 26, 30 (2d Cir. 1990) ("Because Rule 403 permits the exclusion of probative evidence, it is an extraordinary remedy that must be used sparingly.").

## ARGUMENT

Although Plaintiff's negligence, strict liability and other causes of action vary in their respective elements, at bottom Plaintiff's accusation is the same – *i.e.*, that Defendants wrongfully used MTBE in gasoline. (*See* 4th Am. Complaint at ¶¶ 3-4.) For that alleged "willful, negligent and irresponsible" conduct (*id.* at ¶ 4), Plaintiff is requesting that the jury award not only compensatory, but punitive damages. (*Id.* at 37.) In deciding Plaintiff's claims, evidence that EPA permitted the use of MTBE in gasoline since 1979 and approved MTBE for use in complying with federal oxygen content requirements will not mislead and confuse the jury

(Pl. Mem. at 1), but rather will help the jury to understand the context in which Defendants used and sold MTBE. Indeed, the jury would be misled if it did not hear this evidence.

Plaintiff wrongly asserts that EPA's registration of MTBE as a fuel additive and certification of MTBE for use as an oxygenate is "of very little, if any, probative value." (Pl. Mem. at 5.) That Defendants' use of MTBE complied with the law most certainly is relevant to their defense against Plaintiff's accusations that Defendants' conduct was negligent and warrants punitive damages. *See Rogensky v. Richardson-Merrell, Inc.*, 378 F.2d 832, 842 (2d Cir. 1967) ("the recklessness that will give rise to punitive damages must be close to criminality"); *Sundbom v. Erik Riebling Co.*, No. 89 Civ. 4660, 1990 U.S. Dist. LEXIS 11297, *2-*3 (S.D.N.Y. Aug. 28, 1990) (admitting evidence of compliance with OSHA regulations as some evidence relevant to defense of negligence); *Gellman v. Seawane Golf & Country Club*, 805 N.Y.S.2d 411, 418 (N.Y. App. Div. 2005) (requiring demonstration of "quasicriminal" behavior to support award of punitive damages); *Tyree Org., Ltd. v. Cashin Assoc's*, 836 N.Y.S.2d 490, 2007 NY Slip Op 50097U, *7 (N.Y. Sup. Ct. 2007) ("Compliance with relevant industry standards, be they derived from customary business practice or government regulation, is some evidence that the defendant exercised due care and was not negligent."(citing *Trimarco v. Klein*, 56 N.Y.2d 98, 105-6, 436 N.E.2d 502, 451 N.Y.S.2d 52 (1982)).

Furthermore, that EPA certified MTBE for use as an oxygenate pursuant to Congress's directive that its regulations "require the greatest reduction in [air polluting] emissions ... taking into consideration the cost of achieving such emission reductions, *any nonair-quality* and other air-quality related *health and environmental impacts* and energy requirements," 42 U.S.C. §7545(k)(1) (emphasis added), is directly relevant to the jury's determination of whether the risks of MTBE outweighed its utility. *See Voss v. Black & Decker Mfg. Co.*, 59 N.Y.2d 102, 107

(N.Y. 1983) (defectively designed product "is one whose utility does not outweigh the danger inherent in its introduction into the stream of commerce").

For these reasons, Defendants should be permitted to present evidence and argument to the jury demonstrating that EPA did, in fact, permit and approve the use of MTBE in gasoline. The Clean Air Act gives EPA the authority to control or prohibit the manufacture and sale of fuel or fuel additives, and forbids the sale of fuels and additives unless they are registered with the EPA. 42 U.S.C. § 7545(c)(1); 40 C.F.R. § 79.4. Pursuant to the registration process, EPA permitted the use of MTBE in gasoline beginning in 1979, and has never prohibited its use. *See* 44 Fed. Reg. 12242-46 (March 6, 1979) (granting waiver application for use of up to 7% MTBE in gasoline); 53 Fed. Reg. 33846 (Sept. 1, 1988) (granting waiver application for 15% MTBE in gasoline and stating "[MTBE] is already permitted in gasoline in volumes up to approximately 11 percent under EPA's substantially similar interpretive rule"). As this Court has recognized, while the language of EPA's registration regulations "prevents MTBE manufacturers from representing, for *commercial purposes*, that the EPA (or any federal agency) endorses the manufacturer's product ... [n]othing contained in Section 79.21(g) prohibits defendants from making this argument" in litigation. *In re MTBE Prods. Liab. Litig.*, Order dated March 29, 2004, at 3 (emphasis added).

In addition, the evidence will show that, when EPA certified MTBE for use as an oxygenate, it understood that MTBE would be widely used and, in fact, relied on this expectation in developing its regulations. For example, in its regulatory impact analysis of the reformulated gasoline regulations, EPA stated, "...MTBE is believed to be the oxygenate likely to be used in reformulated gasoline in the largest volumes (given the current market conditions) ...." EPA, Final Regulatory Impact Analysis for Reformulated Gasoline, Appendix I.B., at 28 (Dec. 1993)

(excerpts at Exhibit A to Declaration of Lauren Handel ("Handel Dec.")); *see also id.* at 7 (recognizing that demand for oxygenates in early years of RFG program "cannot be met through the use of MTBE alone."). In addition, in its notice of final rulemaking for the reformulated gasoline regulations, EPA stated, "[g]iven present and projected conditions, EPA also expects that MTBE and ethanol will be the most commonly used oxygenates during Phase I of the reformulated gasoline program." 59 Fed. Reg. 7716, 7732 (Feb. 16, 1994). EPA's expectation that MTBE would be one of two most commonly used oxygenates, and the implied acceptance of that fact, came after years of collecting information on MTBE's effects on human health and the environment. *See, e.g.* 53 Fed. Reg. 10391 (Mar. 31, 1988) (announcing testing consent order between EPA and five MTBE manufacturers agreeing to perform certain health effects tests); Handel Dec., Ex. B (Collection of Letters from Northeast States to EPA, 1987, responding to request from EPA with information on incidence of MTBE detections in ground and drinking water).

The highly probative nature of this evidence – that EPA not only permitted, but assumed the use of MTBE – is not nearly outweighed by any possible risk of confusion of the jury. The Eastern District of Pennsylvania case cited by Plaintiff, *Zemaitatis v. Innovasive Devices, Inc.*, 90 F. Supp. 2d 631 (E.D. Pa. 2000) (*see* Pl. Mem. at 2, 5), does not compel any different conclusion.[1] In *Zemaitatis*, the defendant sought to introduce evidence of FDA's approval of its

---

[1] Plaintiff also cites to *United States v. Duggan*, 743 F.2d 59 (2d Cir. 1984) in support of its argument that statements of government approval "are rightfully excluded under Rule 403" (Pl. Mem. at 2). The Second Circuit's summary finding in this case, without analysis, that the district court did not abuse its discretion in excluding under Rule 403 criminal defendants' proffered evidence about CIA approval of arms shipments provides no useful guidance to the Court here. *See* 743 F.2d at 85. Moreover, the *Duggan* case is inapposite because the CIA's purported approval of illegal activity has nothing in common with the EPA's approval of MTBE in exercise of its lawful powers under the Clean Air Act.

medical device as proof that the product was safe. 90 F. Supp. 2d at 633. The court in *Zemaitatis* excluded the evidence of FDA approval because it was irrelevant and unduly prejudicial, given that the FDA had not conducted a *de novo* review of the device's safety, but merely approved it as "substantially equivalent" to other devices already on the market. *Id.* Here, in contrast, the EPA's approval of MTBE is relevant to the material issue of whether Defendants' conduct was reasonable and lawful. Furthermore, unlike in *Zemaitatis*, the Defendants have no intention of using evidence of EPA's approval of MTBE as proof that the product is safe. Defendants will not present evidence or argument that EPA "endorsed or approved MTBE as environmentally sound or toxicologically safe" as Plaintiff suggests they will do. (Pl. Mem. at 1.) Also, unlike the jury in *Zemaitatis*, which might have assumed that FDA's approval of a medical device constituted verification of the product's safety, there is no reason to expect that the jury here will have similar (or any) expectations of EPA's fuel registration and certification processes. Therefore, there is little, if any, risk that the jury will be confused by factual evidence that EPA approved the use of MTBE.

Plaintiff unreasonably fears that the jury will be confused or misled if it hears testimony or argument that EPA "approved" MTBE.[2] The jury is perfectly capable of understanding, after hearing all of the evidence, what action EPA took (and did not take) with regard to the use of MTBE in gasoline. The probative value of the evidence Defendants intend to present is not substantially outweighed by any risk of confusion or prejudice to Plaintiff. *See* Fed. R. Evid. 403; *George v. Celotex Corp.*, 914 F.2d at 30; *Baker*, 536 F.3d at 369 (unfair prejudice does not mean evidence that is "merely adverse to the opposing party" and "district courts should apply

---

[2] To the extent Plaintiff's argument is one of semantics, Defendants note that synonyms for "certify" include "approve." *Merriam-Webster Thesaurus* (1989).

Rule 403 sparingly"). Therefore, Defendants should be permitted to present evidence and argument regarding EPA's approval of MTBE.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to exclude evidence or argument that federal agencies endorsed or approved the use of MTBE in gasoline should be denied.

Dated: New York, New York
       May 26, 2009

Respectfully submitted,

McDERMOTT WILL & EMERY LLP
Peter J. Sacripanti (PS 8968)
James A. Pardo (JP 9018)
Stephen J. Riccardulli (SR 7784)
Lauren E. Handel (LH 0755)
340 Madison Avenue
New York, NY 10173-1922

Jennifer Kalnins Temple (JK 3274)
18191 Von Karman Avenue, Suite 500
Irvine, CA 92612-7108
Tel: (949) 757-7128
Fax: (949) 851-9348

*Attorneys for the Exxon Mobil Corporation Defendants*

BLANK ROME LLP
Alan J. Hoffman
Jeffrey S. Moller
Beth L. Haas
John J. DiChello
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
(212) 885-5000

*Attorneys for Defendants Lyondell Chemical Company and Equistar Chemicals, LP*

# CERTIFICATE OF SERVICE

Lisa A. Gerson, pursuant to 28 U.S.C. 1746, hereby declares under penalty of perjury, that on the 27th day of May, 2009, I caused to be served by electronic means upon counsel for plaintiff, a true and correct copy of the following:

DECLARATION OF LAUREN HANDEL IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* NO. 2 TO EXCLUDE EVIDENCE OR ARGUMENT THAT FEDERAL AGENCIES ENDORSED OR APPROVED THE USE OF MTBE IN GASOLINE

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* NO. 2 TO EXCLUDE EVIDENCE OR ARGUMENT THAT FEDERAL AGENCIES ENDORSED OR APPROVED THE USE OF MTBE IN GASOLINE

/s/ Lisa A. Gerson
Lisa A. Gerson