UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re: Methyl Tertiary Butyl Ether ("MTBE")
Products Liability Litigation

Master File No. 1:00-1898
MDL 1358 (SAS)
M21-88

This document pertains to:

*City of New York v. Amerada Hess Corp. et al.,*
Case No. NY-04-CV-03417

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION *IN LIMINE* NO. 3 TO EXCLUDE EXPERT TESTIMONY
CONSISTING OF LEGAL CONCLUSIONS, INTERPRETING THE LAW, OR
REGARDING LEGISLATIVE OR AGENCY MOTIVE OR INTENT

## TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS.................................................................................................... i

TABLE OF AUTHORITIES ............................................................................................ ii

INTRODUCTION ............................................................................................................ 1

LEGAL STANDARD ....................................................................................................... 1

ARGUMENT .................................................................................................................... 3

I.      DEFENDANTS' EXPERTS WILL PROVIDE RELEVANT TESTIMONY ................. 3

II.     DEFENDANTS' EXPERTS ARE QUALIFIED BY SPECIALIZED
        KNOWLEDGE AND PERSONAL EXPERIENCE ......................................... 4

III.    DEFENDANTS' EXPERTS WILL NOT OFFER IMPERMISSIBLE
        INTERPRETATIONS OF LAW ...................................................................... 7

IV.     DEFENDANTS' EXPERTS' TESTIMONY OF THE KNOWLEDGE AND
        INTENT OF LAWMAKERS AND REGULATORS IS ADMISSIBLE ...................... 9

CONCLUSION ............................................................................................................... 11

# TABLE OF AUTHORITIES

**Page**

## FEDERAL CASES

*AstraZeneca LP v. TAP Pharm. Products*, 444 F. Supp. 2d 278 (D. Del. 2006)..............................9

*Baker v. Canadian National/Illinois Central R.R.*, 536 F.3d 357.......................................................2

*In re Baycol Products Litigation*, 532 F. Supp. 2d 1029 (D. Minn. 2007)........................................9

*In re Blech Sec. Litigation*, 2003 U.S. Dist. LEXIS 4650 (S.D.N.Y. Mar. 26, 2003) .....................7

*Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402 (1971)................................................10

*Colon v. Molina*, 199 F. Supp. 2d 53 (S.D.N.Y. 2001) ....................................................................6

*Command Cinema Corp. v. VCA Labs., Inc.*, 464 F. Supp. 2d 191 (S.D.N.Y. 2006) ....................1

*FAA v. Landy*, 705 F.2d 624 (2d Cir. 1983) .....................................................................................8

*George v. Celotex Corp.*, 914 F.2d 26 (2d Cir. 1990) ......................................................................2

*Highland Capital Management, L.P. v. Schneider*, 379 F. Supp. 2d 461 (S.D.N.Y. 2005)............8

*Highland Capital Management, L.P. v. Schneider*, 551 F. Supp. 2d 173 (S.D.N.Y. 2008) ........7, 9

*Hygh v. Jacobs*, 961 F.2d 359 (2d Cir. 1992) ..................................................................................8

*Katt v. City of New York*, 151 F. Supp. 2d 313 (S.D.N.Y. 2001) ..................................................6, 8

*Lippe v. Bairnco Corp.*, 288 B.R. 678 (S.D.N.Y. 2003)....................................................................9

*Louis Vuitton Malletier v. Dooney & Bourke, Inc.*, 525 F. Supp. 2d 558 (S.D.N.Y. 2007)............8

*Luce v. United States*, 469 U.S. 38 (1984)........................................................................................1

*National Union Fire Insurance Co. v. L.E. Myers Co. Group*, 937 F. Supp. 276
    (S.D.N.Y. 1996).............................................................................................................................2

*New York v. St. Francis Hospital*, 94 F. Supp. 2d 423 (S.D.N.Y. 2000)..........................................7

*In re Rezulin Products Liability Litigation*, 309 F. Supp. 2d 531 (S.D.N.Y. 2004)..............*passim*

## TABLE OF AUTHORITIES
(continued)

Page

*Soon Hing v. Crowley*, 113 U.S. 703 (1885) ...................................................................10

*United States v. American Telegraph and Telegraph Co.*, 524 F. Supp. 1381
    (D.D.C. 1981) ..........................................................................................................10

*United States v. Ortiz*, 1997 U.S. App. LEXIS 9841 (2d Cir. May 5, 1997)..................7

*United States v. Salameh*, 152 F.3d 88 (2d Cir. 1998)....................................................8

*United States v. Torniero*, 735 F.2d 725 (2d Cir. 1984) ................................................2

*U.S. Oil Co. v. Koch Ref'g Co.*, No. 79-C-659, 1986 U.S. Dist. LEXIS 19110
    (E.D. Wis. Oct. 15, 1986) .......................................................................................7

## FEDERAL STATUTES

Fed. R. Evid. 401 .............................................................................................................2

Fed. R. Evid. 402 .............................................................................................................2

Fed. R. Evid. 403 .............................................................................................................2

Fed. R. Evid. 602 .............................................................................................................7

Fed. R. Evid. 701 .............................................................................................................7

Fed. R. Evid. 702 .............................................................................................................2

## INTRODUCTION

Contrary to Plaintiff's assertion, the proposed testimony of Defendants' expert witnesses, Anthony Taverni, Robert Stavins, Richard Wilson, Thomas Austin, and Marcia Williams (collectively "Defendants' experts"), is both appropriate and admissible. None of these witnesses will offer impermissible opinion testimony on the meaning of statutes or regulations. Instead, their testimony will assist the jury in understanding the statutory and regulatory framework under which the Defendants operated in deciding to manufacture and market gasoline containing MTBE.[1] To the extent that these witnesses will testify about the knowledge or intent of government agencies, such testimony is based on specialized knowledge, including first-hand personal knowledge and expert analysis of the rulemaking record. This testimony is directly relevant to the reasonableness of the Defendants' decision to use MTBE. It also is directly relevant to refuting Plaintiff's contention that Defendants somehow duped the federal government into approving the use of MTBE.

## LEGAL STANDARD

A motion *in limine* refers to "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). Evidence should be excluded on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds. *Command Cinema Corp. v. VCA Labs,*

---

[1] Neither Lyondell nor Equistar manufactured or sold MTBE-gasoline. To the contrary, they manufactured neat MTBE and sold it for blending to sophisticated users, all of whom acknowledge that they were aware of MTBE's chemical characteristics at all relevant times. Nonetheless, Lyondell and Equistar join in this Opposition because the proffered testimony of Defendants' experts is directly relevant to the EPA's vast knowledge of leaking underground storage tanks and the risks and benefits of MTBE. It is also relevant to refuting Plaintiff's assertion that the Defendants intentionally withheld pertinent information from the government.

*Inc.*, 464 F. Supp. 2d 191, 200 (S.D.N.Y. 2006).  Courts considering a motion *in limine* may reserve judgment until trial, when admission of particular pieces of evidence can be placed in the appropriate factual context.  *Nat'l Union Fire Ins. Co. v. L.E. Myers Co. Group*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996).

As a general rule, "[a]ll relevant evidence is admissible."  Fed. R. Evid. 402.  Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401; *see also United States v. Torniero*, 735 F.2d 725, 730 (2d Cir. 1984) (evidence is relevant if it "tends to prove or disprove a matter properly provable in the case" (internal quotations omitted)).  Evidence relevant to the determination of an action *may* be ruled inadmissible under Federal Rule of Evidence 403, but only if certain risks, such as unfair prejudice, confusion or undue delay, *substantially outweigh* the probative value of such evidence.  *See* Fed. R. Evid. 403; *see also Baker v. Canadian National/Illinois Cent. R.R.*, 536 F.3d 357, 369 (5th Cir. 2008) (unfair prejudice does not mean evidence that is "merely adverse to the opposing party" and "district courts should apply Rule 403 sparingly"); *George v. Celotex Corp.*, 914 F.2d 26, 30 (2d Cir. 1990) ("Because Rule 403 permits the exclusion of probative evidence, it is an extraordinary remedy that must be used sparingly.").

Expert testimony is admissible where it is based on "scientific, technical, or other specialized knowledge" and will "assist the trier of fact to understand the evidence or to determine a fact in issue."  Fed. R. Evid. 702.  "In deciding whether the proposed testimony will be helpful to the factfinder, courts in this Circuit analyze the testimony to determine whether it 'usurps either the role of the trial judge in instructing the jury as to the applicable law or the role of the jury in applying that law to the facts before it.'"  *In re Rezulin Prods Liab. Litig.*, 309 F.

Supp. 2d 531, 541 (S.D.N.Y. 2004) (quoting *United States v. Lumpkin*, 192 F.3d 280, 290 (2d

Cir. 1999).  In addition, Rule 702 requires "a finding that the proposed witness be qualified by

virtue of specialized knowledge, skill, experience, training, or education."  *Id.*, 309 F. Supp. 2d at

540.

## ARGUMENT

### I.   Defendants' Experts Will Provide Relevant Testimony.

Plaintiff's motion seeks to exclude relevant testimony regarding the legal and regulatory

setting in which Defendants manufactured and sold gasoline containing MTBE.  Every aspect of

Defendants' conduct at issue in this case – from the manufacture and sale of gasoline and MTBE

to its storage in underground tanks and the cleanup of releases – is highly regulated by federal

and state environmental governments.  Therefore, government laws and regulations are an

important piece of the factual context in which Defendants' conduct will be judged.[2]  Each of

Defendants' experts will offer testimony about legal requirements bearing on the reasonableness

(or wrongfulness) of Defendants' conduct at issue in this case.  Specifically, Defendants' experts

Austin, Stavins, and Wilson will offer testimony regarding the development, implementation,

and requirements of the Clean Air Act Amendments of 1990 and related regulations of the U.S.

Environmental Protection Agency ("EPA") pertaining to oxygenated and reformulated gasoline.

Defendants' expert Marcia Williams will testify about regulatory requirements pertaining to

underground storage tanks.  And Anthony Taverni will explain New York's statutory and

regulatory framework under the Oil Spill Prevention, Control and Compensation Act for

---

[2] Defendants incorporate by reference the arguments made in their Opposition to Plaintiff's
Motion *In Limine* No. 1 to Exclude Evidence or Argument That Federal or New York Law Ever
Required MTBE in Gasoline Delivered to or Sold in the RGA and in their Opposition to
Plaintiff's Motion *In Limine* No. 2 to Exclude Evidence or Argument That Federal Agencies
Endorsed or Approved the Use of MTBE in Gasoline.

ensuring that financial resources are available to clean up petroleum spills and compensate persons damaged by such spills.

Some of Defendants' experts also will offer relevant testimony of the knowledge and intent of members of Congress and EPA regulators. Such testimony is relevant to refuting Plaintiff's accusations that Defendants hid information about the risks of MTBE and leaking underground storage tanks from the government. (*See* 4th Am Complaint ¶¶ 95-113.) Plaintiff intends to present testimony of its experts, Marcel Moreau and Kathleen Burns, that Defendants and the "industry" intentionally concealed such information from the EPA. (*See* Defendants' Joint Motion *In Limine* to Exclude Non-Expert Testimony of Kathleen Burns and Marcel Moreau.) If the Court allows such evidence, Defendants should be permitted to present their own evidence that, for example, EPA knew that MTBE would be widely used to comply with the oxygen content requirements of the Clean Air Act, had knowledge of the risks of MTBE in groundwater, and understood the hazards of leaks from underground storage tanks. Plaintiff has put the government's state of mind at issue and, therefore, Defendants' proofs are entirely relevant and appropriate.

## II.    Defendants' Experts Are Qualified by Specialized Knowledge and Personal Experience.

Plaintiff cites *In re Rezulin Products*, 309 F. Supp. 2d 531 (S.D.N.Y. 2004), for the proposition that expert testimony regarding laws and regulations is inadmissible. (Pl. Mem. at 3.) That case is distinguishable because, unlike Defendants' experts, the experts at issue in *Rezulin Products* had no relevant expertise or personal knowledge. In *Rezulin Products*, the court held that the plaintiffs' experts could not testify about FDA procedures and regulations and defendant's disclosures to the FDA because the experts admitted that they had no expertise on FDA regulations and had no first-hand knowledge. 309 F. Supp. 2d 531, 549. Here, in contrast,

Defendants' experts have specialized knowledge and personal experience that qualifies them to give their proffered testimony.

Thomas Austin is an expert on the control of motor vehicle emissions. He is a founding Senior Partner at Sierra Research and a former Deputy Executive Officer of the California Air Resources Board. Mr. Austin's testimony will focus primarily on the emission reduction benefits of the use of MTBE in gasoline pursuant to the federal oxygenated fuels and reformulated gasoline programs. (*See* Declaration of Lauren Handel ("Handel Dec."), Ex. A, Excerpts from Expert Report of Thomas C. Austin.)

Robert N. Stavins, Ph.D., is an expert on the role of economic analysis in environmental policymaking. He is the Albert Pratt Professor of Business and Government and Chairman of the Environment and Natural Resources Faculty Group at the John F. Kennedy School of Government at Harvard University. In the past, Dr. Stavins served as Chairman of the EPA's Environmental Economics Advisory Committee, which advised EPA on economic issues related to environmental decision making. Dr. Stavins will offer testimony regarding the role MTBE played in EPA's development of reformulated gasoline regulations based on his specialized knowledge of environmental rulemaking processes. (*See* Handel Dec., Ex. B, Excerpts from Expert Report of Robert N. Stavins.)

Anthony Taverni was New York's Deputy Comptroller from 1987 to 1999. In that capacity, he served as the Administrator of the New York Environmental Protection and Spill Compensation Fund. Mr. Taverni will testify based on his first-hand, specialized knowledge about the operation of the Spill Fund and the availability of financial resources for the cleanup of spills and compensation to persons injured by petroleum releases. (Declaration of Marnie E. Riddle in Support of Plaintiff's Motion, Ex. 1.)

Marcia Williams is an expert on environmental legislation and regulations, particularly with regard to chemicals and hazardous waste management. She is a former EPA officer with personal experience in EPA's rulemaking and activities under the Toxic Substances Control Act, the Resource Conservation and Recovery Act, and other laws implemented by EPA. Ms. Williams's testimony will be offered primarily to rebut that of Plaintiff's expert Marcel Moreau. In particular, Williams will testify based on her personal and specialized knowledge that EPA designed and implemented its underground storage tank regulations to protect human health and the environment with knowledge of the presence and risks of MTBE in gasoline. (Handel Dec., Ex. C, Excerpts from Expert Report of Marcia E. Williams.)

Richard Wilson has 31 years of experience at the EPA, including as Director of the Office of Mobile Sources, in which he personally participated in the Administration's negotiations with Congress leading to the enactment of the Clean Air Act Amendments of 1990 and the EPA's subsequent implementation of that legislation. Mr. Wilson will offer testimony based on his specialized and first-hand knowledge of historical facts pertaining to the federal government's enactment of oxygen content mandates in the Clean Air Act Amendments of 1990, as well as EPA's development and implementation of regulations for the oxygenated fuel and reformulated gasoline programs. (Handel Dec, Ex. D, Excerpts from Expert Report of Richard D. Wilson.)

Because all of Defendants' experts have specialized knowledge relevant to their testimony, they are qualified under Federal Rule of Evidence 702. *See, e.g., Katt v. City of New York*, 151 F. Supp. 2d 313, 355 (S.D.N.Y. 2001) (finding expert qualified by academic study and personal experience of social pressures in police work); *Colon v. Molina*, 199 F. Supp. 2d 53, 69-70 (S.D.N.Y. 2001) ("Expert . . . testimony may rest on . . . personal knowledge or experience").

- 6 -

In addition, Defendants' experts are competent to testify about facts of which they have first-hand knowledge. *See* Fed. R. Evid. 602 and 701; *New York v. St. Francis Hosp.*, 94 F. Supp. 2d 423, 425 (S.D.N.Y. 2000) ("A witness's conclusions based on personal observations over time may constitute personal knowledge. The test for admissibility is whether a reasonable trier of fact could believe the witness had personal knowledge." (citing Fed R. Evid. 602 and *Securities and Exchange Comm'n v. Singer*, 786 F. Supp. 1158, 1167 (S.D.N.Y. 1992)).

### III.   Defendants' Experts Will Not Offer Impermissible Interpretations of Law.

Throughout its Motion, Plaintiff wrongly suggests that expert testimony regarding statutes and regulations is *per se* inadmissible. In fact, federal courts have allowed expert testimony explaining statutory and regulatory requirements where such testimony assists the trier of fact in understanding issues not within the common understanding of lay persons. *See, e.g., United States v. Ortiz*, 1997 U.S. App. LEXIS 9841, *14-*15 (2d Cir. May 5, 1997) (expert testimony of IRS Special Agent regarding "complex statutory and regulatory requirements imposed by the currency transaction reporting laws" was properly admitted); *Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 178-79 (S.D.N.Y. 2008) (stating that federal courts have admitted expert testimony about securities regulations to assist the trier of fact (citing *United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir. 1991); *S.E.C. v. Lorin*, 877 F. Supp. 192, 196 (S.D.N.Y. 1995); *Marx & Co. v. Diner's Club, Inc.*, 550 F.2d 505, 511 (2d Cir. 1977)); *In re Blech Sec. Litig.*, 2003 U.S. Dist. LEXIS 4650 (S.D.N.Y. Mar. 26, 2003) (denying motion to exclude testimony regarding Self-Regulatory Organizations regulatory provisions); *U.S. Oil Co. v. Koch Ref'g Co.*, No. 79-C-659, 1986 U.S. Dist. LEXIS 19110, *22 (E.D. Wis. Oct. 15, 1986) (permitting testimony of former U.S. Department of Energy official to testify "regarding the operation and interrelationship of the various regulations at issue"). Here, Defendants'

experts will assist the jury in understanding the complex legal and regulatory frameworks that are relevant facts and not within the common knowledge of lay persons. *See United States v. Salameh*, 152 F.3d 88, 129 (2d Cir. 1998) ("expert testimony is proper under Rule 702 if it illuminates matters 'not within the common knowledge of the average juror'"); *Katt v. City of New York*, 151 F. Supp. 2d 313, 358 (S.D.N.Y. 2001) ("[E]xpert testimony is helpful even where the jury might have general knowledge of the subject at issue, so long as such knowledge may be incomplete or inaccurate given the particular facts and circumstances relevant to the particular case for which expert testimony is offered.")  Furthermore, Defendants' experts will not opine on the meaning of laws and regulations, but will merely explain their undisputed, express requirements.

The cases on which Plaintiff relies for its blanket assertion that expert testimony on the meaning of laws is inadmissible stand only for the rule that expert testimony stating an "ultimate legal conclusion" on an issue to be decided by the jury is not admissible. *See Hygh v. Jacobs*, 961 F.2d 359, 364 (2d Cir. 1992) (expert opinion that defendant's use of force was not warranted was "testimony regarding the ultimate legal conclusion entrusted to the jury [that] crossed the line and should have been excluded."); *FAA v. Landy*, 705 F.2d 624, 632 (2d Cir. 1983) (testimony of former FAA employee on the meaning of regulations alleged to be violated in regulatory enforcement action properly excluded); *Louis Vuitton Malletier v. Dooney & Bourke, Inc.*, 525 F. Supp. 2d 558, 566 (S.D.N.Y. 2007) ("Expert testimony may not usurp the role of the court in determining the applicable law. Although an expert 'may opine on an issue of fact,' an expert 'may not give testimony stating ultimate legal conclusions based on those facts.'"); *Highland Capital Mgmt., L.P. v. Schneider*, 379 F. Supp. 2d 461, (S.D.N.Y. 2005) (expert testimony that securities laws were violated not admissible).  In contrast, Defendants' experts

will not opine on "ultimate legal conclusions" of the case or "usurp either the role of the trial

judge in instructing the jury as to the applicable law or the role of the jury in applying that law to

the facts before it." *Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d at 178-79

(S.D.N.Y. 2008) (citing *United States v. Lumpkin*, 192 F.3d 280, 289 (2d Cir. 1999); *United

States v. Duncan*, 42 F.3d 97, 101 (2d Cir. 1994)).  Defendants' experts will testify about

provisions of the Clean Air Act, underground storage tank regulations, and the New York Oil

Spill Act.  These laws have nothing to do with the legal standards to be applied by the jury in

deciding Plaintiff's claims.  Therefore, Defendants' experts' testimony about them is

permissible.

## IV.    Defendants' Experts' Testimony of the Knowledge and Intent of Lawmakers and Regulators is Admissible.

The "state of mind" evidence that Plaintiff seeks to exclude is admissible because

Defendants' experts are qualified to give such testimony and it will assist the trier of fact.  Expert

testimony regarding the state of mind of a party or other person is inadmissible where the expert

lacks first-hand or specialized knowledge.  *Highland Capital Mgmt., L.P.*, 551 F. Supp. 2d at 188

(expert with no personal knowledge could not testify about defendant's knowledge and intent);

*In re Rezulin Prods Liab. Litig.*, 309 F. Supp. 2d at 546 ("the opinions of these witnesses on the

intent, motives or states of mind of corporations, regulatory agencies and others have no basis an

any relevant body of knowledge or expertise."); *In re Baycol Prods. Litig.*, 532 F. Supp. 2d 1029,

1054 (D. Minn. 2007) (expert speculation regarding state of mind of defendant and FDA

inadmissible); *Lippe v. Bairnco Corp.*, 288 B.R. 678, 688 (S.D.N.Y. 2003) (expert testimony

regarding defendant's motivations based on facts of which he had no personal knowledge was

inadmissible); *AstraZeneca LP v. TAP Pharm. Prods.*, 444 F. Supp. 2d 278, 293 (D. Del. 2006)

(excluding expert testimony regarding defendant's state of mind based on her review of

documents). In addition, such evidence has been excluded on the grounds that it usurped the role of the jury in interpreting facts that the jury was capable of understanding and provided ultimate legal conclusions. *In re Rezulin Prods Liab. Litig.*, 309 F. Supp. 2d at 546-47.

Here, in contrast, the testimony of Defendants' experts Stavins, Williams, and Wilson is based on their specialized knowledge and experience, which qualifies them to testify about the knowledge and intent of legislators and regulators. Williams's and Wilson's testimony is largely fact testimony based on their personal knowledge and experiences at EPA. Dr. Stavins's testimony is based on his specialized knowledge of economic analysis in environmental policymaking and his expert analysis of EPA's rulemaking record. Furthermore, the testimony of Defendants' experts regarding what lawmakers and regulators knew and intended will assist the jury in understanding the complex legislative and regulatory history of the Clean Air Act Amendments and federal regulation of underground storage tanks, which is outside the understanding of average jurors.

Cases cited by Plaintiff for the proposition that courts should not consider the motives or intentions of lawmakers have no relevance to the testimony Defendants intend to present. (*See* Pl. Mem. at 10-11.) These cases address inapposite legal issues, including judicial review of agency actions under the Administrative Procedure Act, *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402 (1971); the deliberative process privilege, *U.S. v. American Tel. and Tel. Co.*, 524 F. Supp. 1381 (D.D.C. 1981); and the validity of an ordinance, *Soon Hing v. Crowley*, 113 U.S. 703 (1885). Here, for the reasons discussed above, Defendants' evidence regarding what lawmakers and EPA regulators knew about Defendants' use of MTBE, the risks of MTBE, and the potential for releases from underground storage tanks is relevant to Defendants' proofs

that their conduct was not wrongful and, in particular, to their defenses against Plaintiff's

assertions that Defendants deceived the government.

## CONCLUSION

For the foregoing reasons, Plaintiff's "Motion In Limine to Exclude Expert Testimony

Consisting of Legal Conclusions, Interpreting the Law, or Regarding Legislative or Agency

Motive or Intent" should be denied.

Dated: New York, New York                    Respectfully submitted,
      May 26, 2009

                                        McDERMOTT WILL & EMERY LLP
                                        Peter J. Sacripanti (PS 8968)
                                        James A. Pardo (JP 9018)
                                        Stephen J. Riccardulli (SR 7784)
                                        Lauren E. Handel (LH 0755)
                                        340 Madison Avenue
                                        New York, NY 10173-1922

                                        Jennifer Kalnins Temple (JK 3274)
                                        18191 Von Karman Avenue, Suite 500
                                        Irvine, CA 92612-7108
                                        Tel: (949) 757-7128
                                        Fax: (949) 851-9348
                                        *Attorneys for the Exxon Mobil Corporation*
                                        *Defendants*

BLANK ROME LLP
Alan J. Hoffman
Jeffrey S. Moller
Beth L. Haas
John J. DiChello
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
(212) 885-5000
*Attorneys for Defendants Lyondell Chemical*
*Company and Equistar Chemicals, LP*

## CERTIFICATE OF SERVICE

Lisa A. Gerson, pursuant to 28 U.S.C. 1746, hereby declares under penalty of perjury, that on the 26th day of May, 2009, I caused to be served by electronic means upon counsel for plaintiff, a true and correct copy of the following:

DECLARATION OF LAUREN HANDEL IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* NO. 3 TO EXCLUDE EXPERT TESTIMONY CONSISTING OF LEGAL CONCLUSIONS, INTERPRETING THE LAW, OR REGARDING LEGISLATIVE OR AGENCY MOTIVE OR INTENT

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* NO. 3 TO EXCLUDE EXPERT TESTIMONY CONSISTING OF LEGAL CONCLUSIONS, INTERPRETING THE LAW, OR REGARDING LEGISLATIVE OR AGENCY MOTIVE OR INTENT

Lisa A. Gerson