UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re: Methyl Tertiary Butyl Ether ("MTBE")
Products Liability Litigation

This document pertains to:

*City of New York v. Amerada Hess Corp. et al.,*
Case No. NY-04-CV-03417

Master File No. 1:00-1898
MDL 1358 (SAS)
M21-88

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION *IN LIMINE* NO. 6 TO EXCLUDE EVIDENCE AND
ARGUMENT CONCERNING THE LIABILITY OF NON-DEFENDANT
OWNERS/OPERATORS OF UNDERGROUND STORAGE TANKS**

## I.   PRELIMINARY STATEMENT

In its Motion *In Limine* No. 6, Plaintiff City of New York seeks an order prohibiting Defendants from introducing evidence or argument regarding the liability of non-defendant owners/operators ("Non-Defendants") of underground storage tanks ("USTs"). Specifically, Plaintiff contends Defendants will introduce evidence of such third-parties' liability and make argument "that the jury should consider the possible contribution of such third-parties to the damages suffered by the City," and in doing so, Defendants "will mislead the jury into reducing Defendants' liability by the amount allegedly contributed by these unnamed owner/operators of USTs." Plt's Mem., p. 1. Plaintiff contends that such evidence is irrelevant to the question of Defendants' liability because – under this Court's prior rulings – liability as between manufacturer Defendants and the unnamed retailers is joint and several, and therefore, not relevant to Defendants' liability. *Id.* at 1, 3. What Plaintiff fails to recognize, however, is that aside from apportioning liability,[1] the conduct and liability of third-party owners/operators is relevant to Plaintiff's claims against Defendants. Because a jury must consider such evidence to determine Plaintiff's claims, Plaintiff's motion must be denied.

## II.   ARGUMENT

### A.   **Legal Standard**

Evidence should be excluded based on a motion *in limine* only when it is clearly inadmissible on all potential grounds. *See Feitshans v. Kahn*, 06 Civ. 2125 (SAS), 2008 U.S. Dist. LEXIS 11330, *2 (S.D.N.Y. February 6, 2008) (Scheindlin, J.). As a general rule, "[a]ll

---

[1] Plaintiffs' arguments regarding allocation of fault and liability of non-parties respond to issues raised in Defendants' April 27, 2009 *Motion in Limine Regarding Application of the Commingled Product Theory, Consideration of Fault of Nonparties by Jury, and Proof of Date of Harm.* Defendants will respond to Plaintiffs' arguments regarding those issues in accordance with the briefing schedule for Defendants' April 27th motion.

relevant evidence is admissible." FED. R. EVID. 402.  Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  FED. R. EVID. 401; *see also U.S. v. Torniero*, 735 F.2d 725, 730 (2d Cir. 1984) (evidence is relevant if it "tends to prove or disprove a matter properly provable in the case") (internal citations omitted).

Evidence that is relevant to the determination of an action may be ruled inadmissible under Federal Rule of Evidence 403, but only if certain risks, such as unfair prejudice, confusion, or delay, substantially outweigh the probative value of such evidence. *See* FED. R. EVID. 403.  As the Second Circuit has noted, "for relevant evidence to be excluded on this basis, the imbalance must be substantial, and the prejudice must be unfair." *Perry v. Ethan Allen, Inc.*, 115 F.3d 143, 151 (2d Cir. 1997).  Of course, all testimony has the potential to be damaging, but that is not in and of itself grounds for exclusion under Rule 403.  *See e.g., Abdus-Sabur v. Port Auth. of New York and New Jersey*, 00 Civ. 5496, 2001 U.S. Dist. LEXIS 14745, * 8 (S.D.N.Y. September 20, 2001).  Indeed, prejudice is only unfair if it has an "undue tendency to suggest decision on an improper basis." FED. R. EVID. 403 advisory committee's note (1973).

**B.** **Evidence Concerning the Liability of Non-Defendant Owners/Operators is Relevant and Necessary for the Jury to Determine Certain of Plaintiff's Claims.**

At trial, the City of New York ("City") will attempt to prove its claims for strict product liability (design defect and failure to warn), negligence (product liability), trespass, and violation of the Navigation Law.  In large part, these claims are not based on Defendants' alleged mishandling of gasoline containing MTBE.  Indeed, Plaintiff seeks to hold Defendants liable for releases from UST systems that are owned and/or operated by entities other than Defendants – *i.e.*, those defendants that recently settled the City's claims and entities never named as

defendants in the instant matter.  In order for the jury to determine Plaintiff's claims, the jury must consider these entities' liability and conduct with respect to the UST systems they owned or operated.

For example, in determining Plaintiff's product liability claims for design defect – sounding in strict liability and negligence – the jury must consider the manner in which the MTBE was released into the environment by the Non-Defendants, and whether their conduct was foreseeable or a superseding intervening cause of the harm.  *Sheppard v. Charles A. Smith Well Drilling and Water Sys*, 93 A.D.2d 474, 478 (N.Y. App. Div. 3d Dep't. 1983).

Similarly, Plaintiff's failure to warn claim is premised on Defendants' alleged failure to warn "local gasoline station owners" of the alleged harmful characteristics of MTBE-blended gasoline.  4th Amended Complaint, ¶138.  To determine this claim, the jury must consider the manner in which the MTBE was released by the Non-Defendants, and whether Defendants' alleged failure to warn the Non-Defendants was a substantial factor in causing the Plaintiff's harm and whether the warning would have prevented the release.  N.Y. Pattern Jury Instructions 2:120; *McMurry v. Inmont Corp.*, 264 A.D.2d 470, 471-72 (N.Y. App. Div. 2d Dep't. 1999).

The jury will also have to consider this evidence to decide Plaintiff's trespass and Navigation Law claims.  Indeed, under both claims, Plaintiff seeks to hold Defendants liable for releases of MTBE from USTs owned and/or operated by Non-Defendants.  The Non-Defendants' liability and conduct is clearly relevant and necessary to determine these claims.  Indeed, to find Defendants liable for trespass, the jury will need to consider the manner in which the MTBE was released from the UST system, and whether Defendants intentionally caused the release and intended for the MTBE to impact the City's wells.  *See Snyder v. Jessie*, 164 A.D.2d 405, 412 (N.Y. App. Div. 4th Dep't. 1990).  This same evidence is relevant as to whether the Defendants'

caused the release and are liable under the Navigation Law. *State v. Avery Hall Corp.*, 279 A.D.2d 199, 201 (N.Y. App. Div. 3d Dep't. 2001); *State v. Cronin*, 186 Misc. 2d 809, 812-813 (N.Y. Sup. Ct., Albany County 2000). Unless the jury considers evidence regarding the Non-Defendant's conduct, the jury cannot determine Plaintiff's claims.

Because the jury must consider liability and actions of the Non-Defendant owner/operators of UST's in determining Plaintiff's claims, Plaintiff's motion must be denied.

C.    **The Introduction of Evidence Concerning the Liability of Non-Defendant Owners/Operators Will Not Mislead the Jury or Result in Unreasonable Delay.**

Plaintiff's contention that evidence concerning the liability of Non-Defendants should be excluded pursuant to Federal Rule of Evidence 403 because it will mislead the jury and result in undue delay is without merit. Once again, Plaintiff's argument in this regard is premised on a distortion of Defendants' evidence.

Defendants do not seek to place the Non-Defendants "on trial." Defendants only seek to introduce evidence of the Non-Defendants' liability that is relevant to defend against Plaintiff's claims. Moreover, Plaintiff's purported fear of jury confusion and delay is unfounded. As discussed above, the jury must consider the liability and conduct of the Non-Defendants to determine Plaintiff's claims. It is Plaintiff's claims – not Defendants – that put the Non-Defendants' conduct at issue. Accordingly, Plaintiff's motion should be denied.

## CONCLUSION

For all the foregoing reasons, Defendants' respectfully request that the Court deny Plaintiff's Motion *in Limine* No. 6 to exclude evidence or argument concerning the liability of non-defendant owners/operators of underground storage tanks ("USTs").

Dated: New York, New York
     May 26, 2009

Respectfully submitted,

Peter J. Sacripanti (PS 8968)
James A. Pardo (JP 9018)
Stephen J. Riccardulli (SR 7784)
McDermott Will & Emery LLP
340 Madison Avenue
New York, NY 10173-1922

*Attorneys for the Exxon Mobil Corporation
Defendants*

Blank Rome LLP
Alan J. Hoffman
Jeffrey S. Moller
Beth L. Haas
John J. DiChello

The Chrysler Building
405 Lexington Avenue
New York, New York 10174
(212) 885-5000

*Attorneys for Defendants Lyondell Chemical
Company and Equistar Chemicals, LP*

## CERTIFICATE OF SERVICE

Lisa A. Gerson, pursuant to 28 U.S.C. 1746, hereby declares under penalty of perjury, that on the 26th day of May, 2009, I caused to be served by electronic means upon counsel for plaintiff, a true and correct copy of the MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* NO. 6 TO EXCLUDE EVIDENCE AND ARGUMENT CONCERNING THE LIABILITY OF NON-DEFENDANT OWNERS/OPERATORS OF UNDERGROUND STORAGE TANKS.

Lisa A. Gerson