**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------- x

In Re: Methyl Tertiary Butyl Ether ("MTBE")　　　　Master File No. 1:00-1898
Products Liability Litigation　　　　　　　　　　　　MDL 1358 (SAS)
　　　　　　　　　　　　　　　　　　　　　　　　　　M21-88
------------------------------------------------------------------- x　ECF Case

**This document relates to the following case:**

*City of New York v. Amerada Hess Corp., et al.*
Case No. 04 Civ. 3417

------------------------------------------------------------------- x

# PLAINTIFF CITY OF NEW YORK'S OPPOSITION TO DEFENDANTS' JOINT MOTION *IN LIMINE* TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING OTHER MTBE LITIGATION

**I.      INTRODUCTION**

Plaintiff the City of New York ("the City") hereby submits its opposition to Defendants' joint motion *in limine* to exclude evidence or argument regarding other MTBE litigation. This Court should deny Defendants' motion in its entirety. Defendants' motion is overbroad and its contention that the other MTBE cases that have been resolved or are pending across the country have nothing to do with the case at hand lacks merit.

This case is closely related to the other MTBE litigation. It involves the same volatile organic compound: MTBE. It involves the same industry: gasoline manufacturers and refiners. It involves the same state of the art. It involves the same over-arching issues: MTBE contamination of ground water or drinking water supplies. It even involves the same Defendants. Evidence of other MTBE litigation is relevant to the City's claims including those for strict liability for product defect/design defect, failure to warn, negligence and violation of the Toxic Substances Control Act ("TSCA"). The City should be permitted to introduce evidence of other MTBE litigation at trial because its probative value far outweighs any prejudice to the Defendants. At minimum, the Court should deny Defendants motion because it is overbroad and evidence of other MTBE litigation should be dealt with on a case by case basis at trial.

**II.     ARGUMENT**

Relevant evidence is admissible under the Federal Rules of Evidence unless specifically excluded. Fed.R.Evid. 402; *United States v. Perez*, 387 F.3d 201, 209 (2d Cir. 2004); *Ventura Assocs. v. Int'l Outsourcing Servs.*, 2009 WL 691066, *2 (S.D.N.Y. 2009). Evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence" is relevant. *See* Fed. R. Evid.

401 (emphasis added). In order for evidence or testimony to be relevant, "it must relate to an issue in the case or be sufficiently pertinent to a material fact in the case." *See Allstate Ins. Co. v. Gonyo*, 2009 WL 1212481, *3 (N.D.N.Y 2009).

Relevant evidence may be excluded only if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *See* Fed. R. Evid. 403 (emphasis added). The rule affords the trial court broad discretion, but the balancing test is designed to favor admission of relevant evidence. *See PRL USA Holdings, Inc. v. United States Polo Ass'n*, 520 F.3d 109, 119 (2d Cir. 2008).

### A. Evidence and Argument Regarding Other MTBE Litigation is Relevant and Probative

Defendants broadly argue that *all* evidence and argument regarding other MTBE litigation is irrelevant and prejudicial. (MIL at 4.) Without clarification or pointing to specific pieces of evidence they find objectionable, Defendants claim that the Court should exclude *all* evidence of *all* other MTBE litigation including the mere existence of the other cases, the parties involved, the damages alleged and the settlement amounts and verdicts in the other cases. (MIL at 4.) Seeking such a blanket exclusion of evidence is improper use of a motion *in limine*. *See TVT Records v. Island Def Jam Music Group*, 250 F.Supp.2d 341, 344-45 (S.D.N.Y. 2003) ("The purpose of in limine motions is to enable the Court to rule on disputes over the admissibility of discrete items of evidence."). There is no blanket exclusion of evidence of prior litigation, especially where, as here, evidence and argument regarding other MTBE litigation is relevant to plaintiffs claims and defendants' affirmative defenses. *See, e.g., Buckley v. Mukasey*, 538 F.3d 306, 317-18 (4th Cir. 2008) (trial court erred in excluding evidence of prior litigation in employment discrimination case where employee wanted to use such evidence to show retaliatory animus). For example, evidence

of other MTBE litigation is relevant to state of the art in the gasoline refining and manufacturing industry, as well as what defendants knew or should have known, or what was reasonable, regarding the hazards associated with the use of MTBE in gasoline. Such information supports the City's claims for strict liability for design/product defect, failure to warn and negligence; at a minimum, earlier cases (and the testimony in them) bears on the defendants' notice and knowledge as of the time of the litigation. *See In re Fosamax Products liability Litigation* 2008 WL 2345877 (S.D.N.Y. 2008) (what drug manufacturer knew or should have known about particular risks associated with drug is directly relevant to plaintiffs' strict liability and negligence claims); *Humphrey v. Diamant Boart, Inc.*, 556 F.Supp.2d 167, 179 (E.D.N.Y. 2008) ("It is well-settled that a manufacturer has a duty to warn (1) against latent dangers resulting from foreseeable uses of its product of which it knew or should have known and (2) of the danger of unintended uses of a product providing that these uses are reasonably foreseeable."). In addition, evidence of other MTBE litigation is relevant to the City's claim for violation of the TSCA because such evidence shows notice of studies or other information showing adverse environmental or health impacts of MTBE and because the allegations of the complaint constitute information that defendants were obligated to pass on to the EPA. *See* 15 U.S.C. § 2614(3)(B); *In re MTBE Products Liability Litigation*, 559 F.Supp.2d 424, 438 (S.D.N.Y. 2008).

Evidence of other MTBE litigation may also be appropriate to show bias or for impeachment. Indeed, contrary to Defendants' assertion that prior MTBE litigation involved different parties, Defendants have been and are parties in other MTBE cases across the country. Many of the witnesses in this case have been witnesses in other MTBE cases. Thus, prior litigation regarding MTBE will come up in the examination and the playing of videotaped testimony of witnesses for all parties. Evidence of prior MTBE litigation is crucial to put such testimony into

perspective.  Evidence and argument of a witness' prior work and testimony in other MTBE lawsuits, as well as the number of times a witness has testified in prior MTBE litigation are relevant and probative for these reasons.   For example, at his deposition in this case, when asked what role other litigation over MTBE contamination played in ExxonMobil's decision to remove MTBE from its gasoline, Andrew Madden testified that ExxonMobil was concerned about customer concerns, and highly publicized litigation feeding into those concerns.  (Declaration of Lesley E. Williams, sworn to on May 26, 2009, at ¶ 2 (Deposition of Andrew Madden, dated August 22, 2007, at 170:14-174:20.))  Madden further testified that Exxon believed that once the oxygenate mandate was gone, the company could eliminate MTBE.  *See id.*  According to Madden, it was the public and political concern, fed by litigation, that played into Exxon's decision, but concerns about liability did not play a role in the company's decision.  *See id.*

Defendants' motion seeks to exclude the introduction of any evidence that mentions or refers to other MTBE litigation.  The simple mention of other MTBE litigation does not automatically make an otherwise relevant document or other piece of evidence prejudicial.  The Court should reject such an over-reaching motion.  At minimum, the Court should consider on an individual basis at trial the admission of relevant evidence and argument that relates to or mentions other MTBE litigation.

**B.     The Introduction of Evidence and Argument Relating to Other MTBE Litigation Will Not Prejudice Defendants**

Defendants' argument that the probative value of evidence relating to other MTBE cases is far outweighed by the risk of unfair prejudice to Defendants is without merit.  As noted above, evidence of prior MTBE cases is directly relevant to the City's claims.  Even where both the danger of unfair prejudice and the probative value are high, the court should admit the evidence, *see Leopold v. Baccarat*, 174 F.3d 261, 270 (2d Cir. 1999), unless the danger of unfair prejudice

outweighs the probative value of the evidence. *See PRL USA Holdings*, 520 F.3d at 119. Here, it does not. Similarly, Defendants' contentions that the presentation of evidence of other MTBE cases will result in juror confusion or in numerous mini-trials within the trial is unavailing. The City has no intention of presenting days and days of evidence and testimony concerning other MTBE litigation.

### III. CONCLUSION

For the foregoing reasons, the Court should deny Defendants' motion in its entirety.


Dated: San Francisco, California
      May 26, 2009

    MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
Attorney for Plaintiff City of New York
100 Church Street
New York, New York 10007
(212) 788-1568


/s/ *LESLEY E. WILLIAMS*
VICTOR M. SHER (*pro hac vice*)
TODD E. ROBINS (*pro hac vice*)
JOSHUA STEIN (*pro hac vice*)
LESLEY E. WILLIAMS (LW8392)
NICHOLAS G. CAMPINS (*pro hac vice*)
MARNIE E. RIDDLE (*pro hac vice*)

SHER LEFF LLP
450 Mission Street, Suite 400
San Francisco, CA 94105
(415) 348-8300

*Attorneys for Plaintiff City of New York*

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the following documents were served on Liaison Counsel via Electronic Mail, and on all counsel of record by posting them directly to CM/ECF and LexisNexis File & Serve on the 26th day of May, 2009:

1. **PLAINTIFF CITY OF NEW YORK'S OPPOSITION TO DEFENDANTS' JOINT MOTION *IN LIMINE* TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING OTHER MTBE LITIGATION**

2. **DECLARATION OF LESLEY E. WILLIAMS IN SUPPORT OF PLAINTIFF CITY OF NEW YORK'S OPPOSITION TO DEFENDANTS' JOINT MOTION *IN LIMINE* TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING OTHER MTBE LITIGATION**

/s/ Kristin Meyers
KRISTIN MEYERS