**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------- x

In Re: Methyl Tertiary Butyl Ether ("MTBE")          Master File No. 1:00-1898
Products Liability Litigation                                      MDL 1358 (SAS)
                                                                           M21-88
------------------------------------------------------------------- x    ECF Case

**This document relates to the following case:**

*City of New York v. Amerada Hess Corp., et al.*
Case No. 04 Civ. 3417

------------------------------------------------------------------- x

**PLAINTIFF CITY OF NEW YORK'S OPPOSITION TO DEFENDANTS' JOINT MOTION *IN LIMINE* TO PRECLUDE PLAINTIFF FROM INTRODUCING EVIDENCE OR ARGUMENT: (1) RELATING TO NON-PARTIES AGAINST DEFENDANTS; OR (2) RELATING ONLY TO ONE DEFENDANT AGAINST MULTIPLE DEFENDANTS**

## I.   INTRODUCTION

Plaintiff the City of New York ("the City") hereby submits its opposition to Defendants' joint motion *in limine* to preclude the City from introducing evidence or argument: (1) relating to non-parties against defendants; or (2) relating only to one defendant against multiple defendants. This Court should deny Defendants' motion in its entirety. The City will, however, agree to specify the defendant or defendants against whom an exhibit is offered when entering exhibits into evidence or referring to them in argument, as long as Defendants agree to the same practice as to all parties.

## II.   ARGUMENT

Relevant evidence is admissible under the Federal Rules of Evidence unless specifically excluded. Fed.R.Evid. 402; *United States v. Perez*, 387 F.3d 201, 209 (2d Cir. 2004); *Ventura Assocs. v. Int'l Outsourcing Servs.*, 2009 WL 691066, *2 (S.D.N.Y. March 17, 2009). Evidence

"having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence" is relevant. *See* Fed. R. Evid. 401 (emphasis added). In order for evidence or testimony to be relevant, "it must relate to an issue in the case or be sufficiently pertinent to a material fact in the case." *See Allstate Ins. Co. v. Gonyo*, 2009 WL 1212481, *3 (N.D.N.Y April 30, 2009).

Relevant evidence may be excluded only if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *See* Fed. R. Evid. 403 (emphasis added). The rule affords the trial court broad discretion, but the balancing test is designed to favor admission of relevant evidence. *See PRL USA Holdings, Inc. v. United States Polo Ass'n*, 520 F.3d 109, 119 (2d Cir. 2008).

**A. Documents and Testimony from Non-Parties and Other Defendant Are Relevant to Establish What Defendants Should Have Known About the Environmental Risks of MTBE**

Defendants argue that evidence of "knowledge of independent entities never named in this matter, or of another defendant remaining at trial" is "irrelevant to the claims and allegations against each defendant in this litigation." (MIL at 3.) Defendants' argument is unavailing. Evidence of knowledge of non-parties and other defendants is relevant to the City's claims for strict liability for design defect/product defect, failure to warn, negligence and violation of the Toxic Substances Control Act ("TSCA"). What Defendants should have known -- in other words, what was knowable to them -- is relevant to the City's claims for strict liability for design/product defect and failure to warn. *See In re Fosamax Products liability Litigation* 2008 WL 2345877 (S.D.N.Y. 2008) (what drug manufacturer knew or should have known about particular risks associated with drug is directly relevant to plaintiffs' strict liability and

negligence claims); *Humphrey v. Diamant Boart, Inc.*, 556 F.Supp.2d 167, 178-79 (E.D.N.Y. 2008) ("It is well-settled that a manufacturer has a duty to warn (1) against latent dangers resulting from foreseeable uses of its product of which it knew or should have known and (2) of the danger of unintended uses of a product providing that these uses are reasonably foreseeable.").

Similarly, the state of the art in the Defendants' industry is relevant to the City's failure to warn claim. *See, George v. Celotex Corp.*, 914 F.2d 26, 28-31 (2d Cir.1990), (holding that a decades-old asbestos report was relevant to the issue of the defendant's notice of the possible dangers of asbestos even though the defendant had not seen the unpublished report because the jury could use the report in deciding whether the defendant "should have known of the information comprising the contents of the report."). *See, e.g., Dunn v. HOVIC*, 1 F.3d 1362, 1369-70 (3d Cir.1993) (reports and documents of manufacturers not seen by other manufacturers have been held to be relevant for purposes of showing that possible dangers of a product were discoverable by the manufacturer either before or at the time of the plaintiff's injuries); *King v. Armstrong World Industries, Inc.*, 906 F.2d 1022, 1025 (5th Cir.1990) (same); *Dartez v. Fibreboard Corp.*, 765 F.2d 456, 465 (5th Cir.1985) (minutes of committee meetings of Asbestos Textile Institute admissible to show "state of the art," absent showing that defendant either was a member of the institute or had knowledge of its meetings); *cf. In re New York Asbestos Litigation*, 847 F.Supp. 1086, 1095 (S.D.N.Y.1994) (regarding state of the art evidence: "Scientific discoverability, rather than actual knowledge, is the standard by which the relevancy of such evidence is to be judged."), *aff'd in part and vacated in part*, 72 F.3d 1003 (2d Cir.1995), *vacated on other grounds*, 518 U.S. 1031, 116 S.Ct. 2576, 135 L.Ed.2d 1091 (1996).

A manufacturer "has a duty to keep abreast of scientific knowledge, discoveries, and advances and is presumed to know what is imparted thereby." *See, e.g., George v. Celotex Corp.*, 914 F.2d 26, 28 (2d Cir.1990) (internal citations omitted); *Gonzalez v. Digital Equipment Corp.* 8 F.Supp.2d 194, 197 -198 (E.D.N.Y. 1998).

The reasonableness of Defendants' conduct when compared to a reasonably prudent manufacturer is relevant to the City's negligence claim. *See Saunders, V. Farm Fans, Division Of FFI Corporation*, 807 N.Y.S.2d 24, (N.Y. App. Div. 4th Dep't 2005.) ("Manufacturers and sellers in normal course of business are liable for injuries caused by ordinary negligence, and are therefore under duty to exercise reasonable care so as to avoid occurrence of injuries by any product that can reasonably be expected to be dangerous if negligently manufactured or sold.")

To prove these elements, the City must be permitted to introduce evidence of what other similarly situated manufacturers or refiners knew or were doing at the same time as Defendants were developing and using MTBE and gasoline containing MTBE. *See*, *e.g., George*, 914 F.2d at 28-31; *In re Fosamax,* 2008 WL 2345877; *Humphrey*, 556 F.Supp.2d at 172, 178-79. Information concerning a manufacturer's product, including hazards and risks of injury generally known to the industry, is relevant and admissible as circumstantial evidence of what was known or knowable by the manufacturer. *Kriz v. Schum*, 75 N.Y.2d 25, 35 (N.Y. 1989) (evidence of industry knowledge of head first use of pool slides by consumers admissible to show individual slide manufacturer had knowledge of use and associated risk and therefore had duty to warn); *Kosmynka v. Polaris Industries, Inc.*, 462 F.3d 74, 81 (2d Cir, 2006) (evidence that ATV manufacturer knew of the potential of a similar ATV climbing walls and flipping over constituted circumstantial evidence that manufacturer did not provide adequate warnings); *Topliff v. Wallmart Stores East LLP*, 2007 WL 911891, *35 (N.D.N.Y. 2007) (evidence of other

accidents involving same product by other manufacturers relevant and admissible to show notice and knowledge). Documents and testimony showing other gasoline refiners' and manufacturers' experience with incidents of MTBE groundwater and drinking water contamination is also relevant to show industry knowledge of the environmental risks of MTBE and state of the art in the field. *See, e.g., Cooley v. Carter-Wallace*, *Inc.,* 102 A.D.2d 642, 648-49 (N.Y. App. Div. 4th Dep't 1984) (plaintiff was permitted to demonstrate whether defendant was, or would have been aware of risks inherent in the product from independent testing or experiment prior to placing its product on the market or from knowledge gained from research, adverse action reports, scientific reports etc.).

Finally, evidence of knowledge of non-parties and other defendants is relevant to the City's claim for violation of the Toxic Substances Control Act because such evidence shows notice of studies or other information showing adverse environmental or health impacts of MTBE. *See* 15 U.S.C. § 2614(3)(B); *In re MTBE Products Liability Litigation*, 559 F.Supp.2d 424, 438 (S.D.N.Y. 2008).

**B. The Introduction of Documents and Testimony from Non-Parties or Other Defendants Will Not Result in Prejudice to the Defendants or a Waste of Time**

Defendants argue that evidence of knowledge of non-parties and other Defendants should be excluded in this case pursuant to Rule 403 because the introduction of such evidence would require defendants to "put on a mini-trial to defend against the putative knowledge and actions of unrelated entities from whom they took no discovery in this case" (MIL at 3.) Defendants fail to explain how this would happen. The City seeks to introduce evidence that will show other gasoline refiners' and manufacturers' knowledge of MTBE's environmental risks. This is targeted evidence directly relevant to the City's claims for strict liability for product defect/design defect, failure to warn and negligence, and violation of the TSCA, among others. The City has no intention of

presenting days and days of evidence and testimony showing extraneous knowledge of non-parties and other Defendants. Regardless, where both the danger of unfair prejudice and the probative value are high, the court should admit the evidence, *see Leopold v. Baccarat*, 174 F.3d 261, 270 (2d Cir. 1999), unless the danger of unfair prejudice outweighs the probative value of the evidence. *See PRL USA Holdings*, 520 F.3d at 119. Here, it does not.

### III.  CONCLUSION

For the foregoing reasons, the Court should deny Defendants' motion in its entirety. The City will, however, agree to specify the defendant or defendants against whom an exhibit is offered when entering exhibits into evidence or referring to them in argument, as long as Defendants agree to the same practice as to all parties.

Dated: San Francisco, California
         May 26, 2009

                                  MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
Attorney for Plaintiff City of New York
100 Church Street
New York, New York 10007
(212) 788-1568

*/s/ LESLEY E. WILLIAMS*
VICTOR M. SHER *(pro hac vice)*
TODD E. ROBINS *(pro hac vice)*
JOSHUA STEIN *(pro hac vice)*
LESLEY E. WILLIAMS (LW8392)
NICHOLAS G. CAMPINS *(pro hac vice)*
MARNIE E. RIDDLE *(pro hac vice)*

SHER LEFF LLP
450 Mission Street, Suite 400
San Francisco, CA 94105
(415) 348-8300

*Attorneys for Plaintiff City of New York*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the following document was served on Liaison Counsel via Electronic Mail, and on all counsel of record by posting it directly to CM/ECF and LexisNexis File & Serve on the 26th day of May, 2009:

1. **PLAINTIFF CITY OF NEW YORK'S OPPOSITION TO DEFENDANTS' JOINT MOTION *IN LIMINE* TO PRECLUDE PLAINTIFF FROM INTRODUCING EVIDENCE OR ARGUMENT: (1) RELATING TO NON-PARTIES AGAINST DEFENDANTS; OR (2) RELATING ONLY TO ONE DEFENDANT AGAINST MULTIPLE DEFENDANTS**

KRISTIN MEYERS