UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE METHYL TERTIARY BUTYL ETHER
PRODUCTS LIABILITY LITIGATION

This document pertains to:

*City of New York v. Amerada Hess Corporation, et
al.,* No. 04-CV-3417 (SAS)

Master File No. 1:00-1898
MDL 1358 (SAS)
M21-88

DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S
MOTION *IN LIMINE* NO. 9 TO EXCLUDE EVIDENCE OF SETTLEMENTS AND
SETTLEMENT DISCUSSIONS

## INTRODUCTION

Plaintiff City of New York ( "Plaintiff") seeks to preclude Defendants from introducing evidence of settlement evidence at trial, based on the Federal Rules of Evidence. As demonstrated below, Plaintiff (i) fails to fully define the scope of Fed. R. Evid. 408; and (ii) fails to explain how the introduction of such evidence would be either irrelevant or unduly prejudicial. As such, Plaintiff's Motion overreaches, and thus should be denied or otherwise limited.

## LEGAL STANDARD

A motion *in limine* refers to "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). Evidence should be excluded on a motion *in limine* only when the evidence is "clearly inadmissible on all potential grounds." *Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993); see also *S.E.C. v. U.S. Environmental, Inc.*, 94 Civ. 6608 (PKL)(AJP), 2002 WL 3 1323832 at *2 (S.D.N.Y. Oct. 16, 2002). Courts considering a motion *in limine* may reserve judgment until trial, so that the motion is placed in the appropriate factual context. *U.S. Environmental, Inc.*, 2002 WL 3 1323832 at *2.

Federal Rule of Evidence 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Under Federal Rule of Evidence 402, "[e]vidence which is not relevant is not admissible." Evidence is relevant if it "tends to prove or disprove a matter properly provable in the case." *United States v. Torniero*, 735 F.2d 725, 730 (2d Cir. 1984) (internal quotations omitted). Even if relevant, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue

delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403; *Guidi v. Inter-Continental Hotels Corp.*, No. 95 Civ. 9006, 2003 U.S. Dist. LEXIS 6385, at *2-6 (S.D.N.Y. Apr. 16, 2003).

Federal Rule of Evidence 408 prohibits the admission of evidence regarding the compromise of a claim "when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction." Fed. R. Evid. 408 (a). However, Rule 408 "does not require exclusion if the evidence is offered for purposes" other than those described above. Fed. R. Evid. 408 (b).

## ARGUMENT

Generally speaking, Defendants do not dispute the central point of Plaintiff's motion – *i.e.*, that evidence of other parties' settlement(s) in this case, and evidence of any discussions had in connection with that settlement, are inadmissible at trial for the purposes enunciated in (and prohibited by) Fed. R. Evid. 408. To this extent, Plaintiff's motion is not disputed.

However, the *potential* problem with Plaintiff's motion is that its aim *may* be too broad. As the Court knows, Fed. R. Evid. 408 does not create an absolute prohibition on all "settlement" related evidence. Rule 408 excludes "settlement" evidence when it is being offered to prove up the validity or invalidity of a claim, or its amount, or to impeach through a prior inconsistent statement or contradiction. But the rule also makes clear that "settlement" evidence may be introduced for "other purposes." For example, such evidence may be offered to prove bias or prejudice. Fed. R. Evid. 408(b); see also *Highland Capital Mgmt., L.P. v. Schneider*, 551 F.Supp.2d 173, 197 (S.D.N.Y. 2008). Or it may be introduced at trial to prove notice, knowledge, motive, intent, state of mind, or estoppel. *See e.g. ESPN, Inc. v. Office of the Commissioner of Baseball*, 76 F. Supp.2d 383, 412-13 (S.D.N.Y. 1999) (Scheindlin, J.)

(settlement evidence admissible to show pretext or improper motive); *Dimino v. New York City Transit Auth.*, 64 F. Supp. 2d 136, 163 (E.D.N.Y. 1999) (settlement evidence admissible to show pretext); *Bruno v. Sonalysts, Inc.*, No. 3:01CV1501 (MRK), 2004 U.S. Dist. LEXIS 23848 at *28 (D. Conn. Nov. 23, 2004) (settlement evidence admissible to show state of mind); accord *United States v. Hauert*, 40 F.3d 197, 200 (7th Cir. 1994); *Zurich*, 417 F.3d at 689 (settlement evidence admissible to show knowledge, intent, estoppel and continuing course of reckless conduct); *Alexander v. Philip Morris United States, Inc.*, No. 06-CV-50-GKF-FHM, 2008 U.S. Dist. LEXIS 51359 at *5-*6 (N.D. Okla. July 3, 208) (settlement evidence admissible to show notice – citing Advisory Committee notes to 2006 amendments to Rule 408); *Towerridge, Inc. v. T.A.O., Inc.*, 111 F.3d 758, 770 (10th Cir. 1997) (settlement evidence admissible to show party acted in bad faith); *Stockman v. Oakcrest Dental Ctr., P.C.*, 480 F.3d 791, 798 (6th Cir. 2007) ("We have also viewed 'another purpose' as including the use of settlement agreements to prove facts unrelated to the subject matter of the negotiations…").

Obviously, the fact of settlement (and the amount) may also be introduced at trial – if necessary, and then only to the Court – for purposes of determining any set-off under New York's General Obligations Law § 15-108.

The key point is that there is no *absolute* prohibition on "settlement" evidence. To the extent such a broad prohibition is what is sought by Plaintiff's motion, Defendants submit that the motion fails under the straightforward terms of Fed. R. Evid. 408 and the case law cited above.

Defendants have no intention of offering "settlement" evidence at trial for any purpose precluded by Fed. R. Evid. 408. At this time, however, without having yet seen all of the evidence and/or arguments that Plaintiff may seek to put before the jury, it is impossible to say

whether "settlement" evidence may be relevant and admissible at trial for any of the "other purposes" contemplated by Fed. R. Evid. 408, and a blanket exclusion of settlement evidence would be premature. *Stacey v. Bangor Punta Corp.*, 620 F. Supp. 636, 637 (D. Me 1985) ("[I]t is only in light of evidence actually presented at trial that the [c]ourt can determine relevance..."); see also *U.S. v. Posner*, No. 87 CR 59, 1987 U.S. Dist. LEXIS 8458 at *23 (N.D. Ill. Sept. 15, 1987).

Therefore, while Defendants do not dispute the general point made by Plaintiff's motion *in limine*, we reserve our right to seek to introduce certain "settlement" related evidence to the extent it becomes relevant at trial for any of the "other purposes" enunciated by Fed. R. Evid. 408 and the applicable case law. We respectfully ask the Court to condition any Order on this motion *in limine* accordingly.

Furthermore, Plaintiff's conclusory charge that relevant settlement evidence should be excluded under Fed. R. Evid. 403 is meritless. Plaintiff suggests – without explaining how it is so – that relevant settlement information "will confuse the jury," and that its "probative value...is substantially outweighed by its prejudicial effects." (Pl. Memo at 3.) Plaintiff's mere recitation of Rule 403 – without more – does not suffice to establish the grounds for exclusion of relevant evidence. Evidence should be excluded on a motion *in limine* only when the evidence is "clearly inadmissible on all potential grounds." *Hawthorne*, 831 F. Supp. at 1400; *S.E.C. v. U.S. Environmental, Inc.*, 2002 WL 3 1323832 at *2. Even where "the competing factors...are in equipoise, Rule 403 clearly requires admission, since it cannot then be said that the probative value 'is substantially outweighed.'" C. McCormick, <u>McCormick On Evidence</u> §185, n. 66, Kenneth S. Brown et al. eds. (6th ed. 2006). Plaintiff has made no attempt to demonstrate how

relevant settlement evidence "fits" under Rule 403; and, as such, is not entitled to the relief it

seeks on this basis.

## CONCLUSION

For all the foregoing reasons, Defendants respectfully request that this Court deny

Plaintiff's motion to exclude evidence of "settlement" evidence, and/or condition any Order on

this Motion accordingly.

Dated: New York, New York
      May 26, 2009

Respectfully submitted,

Peter J. Sacripanti (PS 8968)
James A. Pardo (JP 9018)
Stephen J. Riccardulli (SR 7784)
MCDERMOTT WILL & EMERY LLP
340 Madison Avenue
New York, NY 10173-1922

*Attorneys for the Exxon Mobil Corporation
Defendants*

BLANK ROME LLP
Alan J. Hoffman
Jeffrey S. Moller
Beth L. Haas
John J. DiChello

The Chrysler Building
405 Lexington Avenue
New York, New York 10174
(212) 885-5000

*Attorneys for Defendants Lyondell Chemical
Company and Equistar Chemicals, LP*

-5-

## CERTIFICATE OF SERVICE

Lisa A. Gerson, pursuant to 28 U.S.C. 1746, hereby declares under penalty of perjury, that on the 26th day of May, 2009, I caused to be served by electronic means upon counsel for plaintiff, a true and correct copy of DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* NO. 9 TO EXCLUDE EVIDENCE OF SETTLEMENT AND SETTLEMENT DISCUSSIONS.

Lisa A. Gerson