**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------- x

In Re: Methyl Tertiary Butyl Ether ("MTBE")   Master File No. 1:00-1898
Products Liability Litigation                 MDL 1358 (SAS)
                                              M21-88
---------------------------------------------------------------------- x   ECF Case

**This document relates to the following case:**

*City of New York v. Amerada Hess Corp., et al.*
Case No. 04 Civ. 3417

---------------------------------------------------------------------- x

**PLAINTIFF CITY OF NEW YORK'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION *IN LIMINE* NO. 1 TO EXCLUDE EVIDENCE OR ARGUMENT THAT FEDERAL OR NEW YORK LAW EVER REQUIRED MTBE IN GASOLINE DELIVERED TO OR SOLD IN THE RGA**

## I. INTRODUCTION

Plaintiff the City of New York ("the City") hereby submits this Reply Memorandum in further support of its Motion *in Limine* to exclude evidence or argument that Federal or New York Law ever required MTBE in Gasoline delivered to or sold in the RGA.

## II. ARGUMENT

Defendants concede that the Clean Air Act did not, as a matter of law, require that they use MTBE in gasoline. (Memorandum of Law in Support of Defendants' Opposition to Plaintiff's Motion *in Limine* No. 1 To Exclude Evidence or Argument That Federal or New York Law Ever Required MTBE in Gasoline Delivered to or Sold in the RGA, filed in 1:00-cv-01898, Dkt # 2477 (May 26, 2009) ("Opp."), at 2.) As noted in the City's opening brief, the Second Circuit found that the EPA identified six other additives, besides MTBE, that could be blended into reformulated gasoline to meet the requirements imposed by the Clean Air Act and held that Defendants' contention that the Clean Air Act and regulations promulgated pursuant to it required Defendants to use MTBE lacked a foundation in law. *In re MTBE*, 488 F.3d 112, 126 (2007). In addition, the Second Circuit noted its approval of this Court's decision rejecting Defendants' motion for summary judgment on their conflict and obstacle preemption affirmative defenses on the basis that federal law did not require the use of MTBE. *See id.* at 135-36 (citing *In re MTBE*, 457 F.Supp.2d 324 (S.D.N.Y. 2006)). In its preemption opinion, this Court held that the Clean Air Act amendments only set minimum oxygenate requirements and did not mandate the use of MTBE. *In re MTBE*, 457 F.Supp.2d at 335; *see also In re MTBE*, 175 F.Supp.2d 593, 615 (S.D.N.Y. 2001). Other courts that have visited the issue have reached the same conclusion. *See, e.g., Oxygenated Fuels Ass'n v. Davis,* 163 F. Supp. 2d 1182, 1187 (E.D. Cal. 2001) (upholding California's ban of MTBE on grounds that the CAA "does not require that MTBE be

1

made available to refiners"), *aff'd* at 331 F.3d 665.  Defendants now apparently agree that these cases stand for the proposition that the "Clean Air Act did not legally require the blending of MTBE to the exclusion of all other oxygenates."[1]  (Opp. at 3.)

Defendants represent that they will not present evidence or argue to the jury that, as a matter of law, they were required to use MTBE in gasoline.  (Opp. at 1.)  Defendants contend, however, that they should be able to present evidence that, as a matter of fact, "the only practical way to comply with the oxygen content requirements in the New York area was to use MTBE."  (Opp. at 3.)  Defendants further argue that this evidence is highly probative to the "factual issue to be decided by the jury as to whether there was a feasible alternative to MTBE." (Opp. at 3.)  But, this requirement of proof does not call for the conflation of the legal requirements of the Clean Air Act and New York regulations and the presentation of evidence of any cost benefit analysis that Defendants performed to decide which oxygenate to add to gasoline to meet the oxygen-content requirements.  Defendants contend that they should be able to argue that there was no commercially practicable or viable alternative to MTBE and thus the facts required the use of MTBE even if the law did not.  (Opp. at 5.)  Defendants contend that neither the Second Circuit nor other federal courts have decided this issue.  (Opp. At 3.)  But, in the context of the pre-emption opinion, the Second Circuit held that Defendants' argument lacks merit: "That it may have been

---

[1] The New York State Department of Environmental Conservation's regulations concerning fuel composition, including oxygen content regulations are consistent with the federal RFG standards and, thus, throughout the relevant time period, such regulations have neither required nor necessitated the use of MTBE in gasoline. (*See* Plaintiff's Memorandum of Law in Support of its Motion *in Limine* No. 1 To Exclude Evidence or Argument That Federal or New York Law Ever Required MTBE in Gasoline Delivered to or Sold in the RGA, filed in 1:00-cv-01898, Dkt # 2399 (May 11, 2009) at 2.)

more convenient or less expensive for the defendants to use MTBE does not mean it would have been impossible for them to use other, less-polluting additives." *In re MTBE*, 488 F.3d at 129-30. [2]

The Court should exclude evidence and argument that federal or New York law required the use of MTBE in gasoline delivered to or sold in the RGA because neither the federal RFG Program nor New York law ever required the use of MTBE in gasoline.  This Court should also prohibit Defendants from arguing that as a factual matter it was necessary that they use MTBE in gasoline to meet the Clean Air Act's oxygenate requirements because that Defendants performed a cost benefit analysis and decided that it was more convenient or less expensive to use MTBE does not mean that it was impossible to use another oxygenate or that use of MTBE was necessary.  *See In re MTBE*, 488 F.3d at 129-30.  Admission of such evidence would be contrary to the rulings of the Second Circuit, this Court, and other courts that have considered the issue, as well as contrary to the text of the Clean Air Act and New York regulations.  There is a world of difference between Defendants' explaining to the jury that, in light of the oxygenate requirements in the Clean Air Act, they chose to use MTBE instead of ethanol or another oxygenate because of whatever variables drove their

---

[2] Defendants' statement that the use of MTBE was the only practical response to the EPA's implementation of oxygen content requirements in gasoline is belied by their own evidence.  For example, Defendant ExxonMobil considered using ethanol in gasoline and had an ethanol contingency plan for the North East United States as early as 1991.  (*See* Declaration of Lesley E. Williams, sworn to June 2, 2009, ("Williams Decl."), Exs. 1 & 2, (Deposition of Eugene Renna ("Renna Deposition"), April 23, 2008, at 156:3-157:18; Oxygenated/Reformulated Gasoline Management Review, Renna Deposition Ex. 22 (Bates No. MDL1358hM-0167458-66)).  A few years later, MTBE supplier Archer Daniels Midland approached ExxonMobil urging it to switch to ethanol in RFG areas because use of ethanol would result in a "substantial savings" over use of MTBE.  (*See* Williams Decl. Ex. 3 (Letter from M. Lyons, ADM, to T.Martenak, Mobil, dated December 28, 1994, Renna Deposition Exhibit 18 (Bates No. MDL 1358hM-0166523-5)).  An attached newspaper article from the *Oil Daily,* dated Dec. 20, 1994, notes that ethanol has gained such a price advantage over MTBE that refiners such as Amoco Ashland and possibly Shell and Mobil in the Midwest United States are preparing to switch to ethanol for reformulated and other oxygenated gasoline. (*See id.* at MDL1358hM-0166524.)  It is worth noting that, instead of using ethanol, ExxonMobil chose to partner with a Saudi entity in the early 90s to build an MTBE plant in Saudi Arabia to create more capacity for MTBE.  (*See* Williams Decl. Ex. 1 (Renna Deposition at 142:3-144:25.))

decisions and their arguing or presenting evidence that "as a practical matter" the Clean Air Act or New York law "required" or "necessitated" the use of MTBE. The latter would confuse the jury and prejudice the City because it would misstate the law and mischaracterize the facts.

## I.  CONCLUSION

For the foregoing reasons, the City respectfully requests that the Court issue an order excluding any argument or evidence that federal or New York law required or necessitated the use of MTBE in gasoline in the RGA—whether as a matter of law or a matter of fact.

Dated: San Francisco, California
           June 2, 2009

           MICHAEL A. CARDOZO
           Corporation Counsel of the City of New York
           Attorney for Plaintiff City of New York
           100 Church Street
           New York, New York 10007
           (212) 788-1568


/s/ *LESLEY E. WILLIAMS*
VICTOR M. SHER *(pro hac vice)*
TODD E. ROBINS *(pro hac vice)*
JOSHUA STEIN *(pro hac vice)*
LESLEY E. WILLIAMS (LW8392)
NICHOLAS G. CAMPINS *(pro hac vice)*
MARNIE E. RIDDLE *(pro hac vice)*

SHER LEFF LLP
450 Mission Street, Suite 400
San Francisco, CA 94105
(415) 348-8300

*Attorneys for Plaintiff City of New York*

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the following documents were served on Liaison Counsel via Electronic Mail, and on all counsel of record by posting them directly to CM/ECF and LexisNexis File & Serve on the 2nd day of June, 2009:

1. PLAINTIFF CITY OF NEW YORK'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION *IN LIMINE* NO. 1 TO EXCLUDE EVIDENCE OR ARGUMENT THAT FEDERAL OR NEW YORK LAW EVER REQUIRED MTBE IN GASOLINE DELIVERED TO OR SOLD IN THE RGA

2. DECLARATION OF LESLEY E. WILLIAMS IN SUPPORT OF PLAINTIFF CITY OF NEW YORK'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION *IN LIMINE* NO. 1 TO EXCLUDE EVIDENCE OR ARGUMENT THAT FEDERAL OR NEW YORK LAW EVER REQUIRED MTBE IN GASOLINE DELIVERED TO OR SOLD IN THE RGA

*/s/ Kristin Meyers*

KRISTIN MEYERS