UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- x

In Re: Methyl Tertiary Butyl Ether ("MTBE")   Master File No. 1:00-1898
Products Liability Litigation                 MDL 1358 (SAS)
                                              M21-88
---------------------------------------------------------------------- x   ECF Case
**This document relates to the following case:**

*City of New York v. Amerada Hess Corp., et al.*
Case No. 04 Civ. 3417

---------------------------------------------------------------------- x

**PLAINTIFF CITY OF NEW YORK'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION *IN LIMINE* NO. 3 TO EXCLUDE EXPERT TESTIMONY CONSISTING OF LEGAL CONCLUSIONS, INTERPRETING THE LAW, OR REGARDING LEGISLATIVE OR AGENCY MOTIVE OR INTENT**

## I. INTRODUCTION

The City of New York ("the City") has brought a motion *in limine* to prevent Defendants' experts from testifying impermissibly as to the meaning of statutes and regulations, or to the intent of government agencies because several of those experts, in their expert reports and deposition testimony, have already proffered legal conclusions that clearly should be excluded at trial. Defendants' assurance in their Opposition that "none of these witnesses will offer impermissible opinion testimony on the meaning of statutes or regulations" is therefore implausible. (*See* Defendants' Opposition to Plaintiff's Motion in Limine No. 3 ("Defs' Opp.") at 1). Contrary to Defendants' argument, "government laws and regulations" are not part of the "factual context," but rather the *legal* context of this case. (*See* Defs' Opp. at 3.) These laws and regulations are not proper subjects of expert testimony.

Nor are the intentions, motives, or state of mind of any government agency or lawmaking body susceptible to expert testimony. *See In re Rezulin Products Liability Litigation*, 309 F.Supp.2d 531, 547 (S.D.N.Y. 2004). Finally, Defendants' suggestion that "specialized knowledge" or "personal knowledge" renders otherwise-inadmissible testimony admissible has already been addressed and rejected by the courts. In short, Defendants have offered no new argument in their Opposition that would make the legal conclusions and interpretations of their experts properly admissible, and the City's Motion in Limine No. 3 should therefore be granted.

## II. ARGUMENT

### A. Expert Testimony Consisting of Legal Conclusions and Interpreting or Applying Laws or Regulations Should Be Excluded

Given the statements that Defendants' experts have already made (discussed in specific detail in the City's Motion in Limine No. 3) Defendants plainly intend to mislead the jury into

1

believing that the Clean Air Act ("CAA") and its implementing regulations, as well as members of Congress and state and federal agencies, mandated or favored the use of MTBE in gasoline to meet state and federal oxygenate requirements.  In other words, Defendants will offer testimony from these witnesses that federal and state law mandated the use of MTBE, and that the federal government endorsed, certified or approved MTBE.  Such testimony amounts to impermissible conclusions of law, as well as impermissible testimony as to the motives of government agencies and legislatures, and should be excluded at trial.

Defendants' own description of the testimony in question demonstrates that Defendants intend to offer impermissible interpretations of law.  For instance, Defendants state in their Opposition that their expert witnesses will offer testimony that will "assist the jury in understanding the statutory and regulatory framework under which Defendants operated in deciding to manufacture and market gasoline containing MTBE." (Defs' Opp. at 1.)  But only the Court, not an expert, may "instruct[] the jury as to the applicable law." *United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir. 1991), cited in *Malletier v. Dooney & Bourke, Inc.*, 525 F.Supp.2d 558, 566 (S.D.N.Y. 2007).   Defendants also state that "experts Austin, Stavins, and Wilson will offer testimony regarding the development, implementation, and requirements of the Clean Air Act Amendments of 1990 and related regulations of the U.S. Environmental Protection Agency ("EPA") pertaining to oxygenated and reformulated gasoline." (Defs' Opp. at 3.)  Moreover, Defendants are offering Marcia Williams to "testify about regulatory requirements pertaining to underground storage tanks."  (*Id.*)  And Defendants admit that "Anthony Taverni will explain New York's statutory and regulatory framework under the Oil Spill Prevention, Control and Compensation Act."  (*Id.*)  *All* of this testimony is inadmissible and runs directly counter to controlling case law holding that an expert may not explain the law to the

jury, because such testimony impinges directly on the trial court's function. *FAA v. Landy*, 705 F.2d 624, 632 (2d Cir.), *cert. den.,* 464 U.S. 895 (1983) (holding that an expert may not testify as to his understanding of the law, because such testimony would impinge on the trial court's function); *Hygh v. Jacobs*, 981 F.2d 359, 363 (2d Cir. 1992) (excluding "expert testimony that expresses a legal conclusion"); *Marx & Co. v. Diner's Club, Inc.,* 550 F.2d 505, 510 (2d Cir.), *cert. den.,* 434 U.S. 861 (1977). ("The special legal knowledge of the judge makes the witness' testimony superfluous. . . . The admission of such testimony would give the appearance that the court was shifting to witnesses the responsibility to decide the case.")

Not only "ultimate legal conclusions," but statements and descriptions of the applicable law are improper subjects of expert testimony. *Stobie Creek Investments, LLC v. U.S.*, 81 Fed. Cl. 358, 360 (Fed. Cl. 2008) ("Expert testimony that testifies about what the law is . . . does not 'assist the trier of fact to understand the evidence or to determine a fact in issue' within the contemplation of Fed. R. Evid. 702"); *Specht v. Jensen,* 853 F.2d 805, 807 (10th Cir.1988) ("To allow anyone other than the judge to state the law would violate the basic concept").

Defendants' claim that their experts' opinions about the meaning of statutes and regulations is admissible "specialized knowledge" fails, because information about regulatory processes is not "scientific, technical or other specialized knowledge" within the purview of Rule 702.  Fed. R. Evid. 702; *see Burkhart v. Wash. Metro. Area Transit Auth.,* 112 F.3d 1207, 1213 (D.C.Cir.1997) (observing that "[e]ach courtroom comes equipped with a 'legal expert,' called a judge, and it is his or her province alone to instruct the jury on the relevant legal standards"); *Nichols v. Continental Airlines*, 2002 WL 1724017, *3 (D.Me. 2002) (finding expert's purported "specialized knowledge" regarding FAA regulations of little assistance to the jury and noting that "[i]nstructions on the law are the trial judge's obligation").

3

Striking a pair of reports that purported to use the authoring experts' "specialized knowledge" to interpret sections of the Internal Revenue Code and IRS Private Letter Rulings, the Northern District of Illinois addressed the same Rule 702 argument Defendants now raise and held that purported "specialized knowledge" did not render expert opinions on regulatory processes admissible:

> Rule 702 allows a qualified expert to give both factual and opinion testimony only if the testimony will help in understanding the factual issues in the case. A well-settled corollary is that the Rule does not contemplate expert assistance on legal questions. *See United States v. Sinclair,* 74 F.3d 753, 757-58 n. 1 (7th Cir.1996) (Rules "702 and 704 prohibit experts from offering opinions about legal issues that will determine the outcome of a case."); *Hygh v. Jacobs,* 961 F.2d 359, 363 (2d Cir.1992) ("This circuit is in accord with other circuits in requiring exclusion of expert testimony that expresses a legal conclusion."); *Aguilar v. Int'l Longshoremen's Union Local # 10,* 966 F.2d 443, 447 (9th Cir.1992) ("matters of law [are] for the court's determination .... [and] they were inappropriate subjects for expert testimony.")  This prohibition is not limited to expert testimony on pure legal matters, but also on mixed questions of law and fact, *i.e.,* application of law to facts.  *See Haley v. Gross,* 86 F.3d 630, 645 (7th Cir.1996) (expert may not "improperly tell[ ] the jury why [a party's] conduct was illegal"); *United States v. Baskes,* 649 F.2d 471, 479 (7th Cir.1980) ( "[W]itnesses' opinions as to the legal implications of conduct are [not] admissible."); *Central Die Casting and Manufacturing Co., Inc. v. Tokheim Corp.,* No. 93 C 7692, 1998 U.S. Dist. LEXIS 18472, at *27-28 (N.D.Ill. Nov. 19, 1998) ("the interpretation of federal regulations is in all instances for the district court" and an "expert should not be allowed to opine as to whether [a party] violated a statute or regulation because he would be determining a question of law.")

*RLJCS Enterprises, Inc. v. Professional Benefit Trust, Inc.*, 2005 WL 3019398, *3 (N.D. Ill. 2005) (rejecting expert reports testifying as to the meaning of regulations).

The cases Defendants cite do not support their contrary argument, because none of them involved an expert purporting to possess "specialized knowledge" of an agency's state of mind or of the meaning of regulations or laws.  *See Katt v. City of New York*, 151 F.Supp.2d 313, 355 (S.D.N.Y. 2001) (expert qualified to testify regarding "the culture of police departments"); *Colon ex rel. Molina v. BIC USA, Inc.*, 199 F.Supp.2d 53, 69-70 ("Expert *engineering* testimony may

rest on scientific foundations or the personal knowledge or experience *of the engineer*")

(emphasis added); *New York ex rel. Spitzer v. Saint Francis Hosp.*, 94 F.Supp.2d 423, 425

(restating Fed. R. Evid. 602 ("[a] witness may not testify to a matter unless evidence is

introduced sufficient to support a finding that the witness has personal knowledge of the

matter,") and involving no expert testimony).

The cases Defendants cite for the proposition that "expert testimony explaining statutory

and regulatory requirements" is allowed "where such testimony assists the trier of fact in

understanding issues not within the common understanding of lay persons," (Defs' Opp. at 7)

explicitly make two points:  first, that the subject matter must be demonstrably "not within the

common understanding of lay persons," and second, that while descriptive testimony may be

allowed, interpretive testimony is not. *United States v. Ortiz*, 112 F.3d 506, 1997 WL 225108,

\*5 (Table) (2d Cir. 1997) (expert testimony covered topics having "*esoteric* aspects … beyond

the ken of the jury") (emphasis added); *Highland Capital Management, L.P. v. Schneider*, 551

F.Supp.2d 173, 179 (while an expert "may testify to an ultimate fact, and to the practices and

usages of a trade, we think care must be taken lest, in the field of securities law, he be allowed to

usurp the function of the judge") (quoting *Marx & Co., Inc. v. Diners' Club, Inc.,* 550 F.2d 505,

511 (2d Cir.1977), *cert. denied,* 434 U.S. 861 (1977)).  Or, as in *In re Blech Sec. Litig.*, the cited

cases do not specifically address whether experts may testify regarding the meaning of

regulations.  *In re Blech*, 2003 WL 1610775, \*3-4 (S.D.N.Y., March 26, 2003)  (denying motion

to exclude testimony about whether a party had *complied* with Self-Regulatory Organizations

rules; no expert had offered testimony about those rules' meaning); *United States v. Salameh,*

152 F.3d 88, 129 (2d Cir. 1998) (expert testimony permitted regarding fingerprint identification,

not regulations); *Katt v. City of New York*, 151 F.Supp.2d 313, 358 (S.D.N.Y. 2001) (expert

5

testimony on police culture, not regulations, permitted).  Defendants have offered no reason for this Court to determine that the Clean Air Act regulations at issue here are "beyond the ken of the jury," and expert testimony interpreting those regulations should be excluded.

### B. Expert Testimony Regarding the Motives or Intentions of Lawmakers or Agencies Should Be Excluded

The "knowledge and intent of members of Congress and EPA regulators" (Defs' Opp. at 4) is simply not susceptible to expert testimony.  *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 420 (1971) ("inquiry into mental processes of administrative decisionmakers is usually to be avoided"); *In re Rezulin Products Liability Litigation*, 309 F.Supp.2d 531, 547 (S.D.N.Y. 2004) ("[i]nferences about the intent or motive of parties or others lie outside the bounds of expert testimony").  Therefore, Defendants cannot present expert evidence purporting to show, for instance, what EPA knew when it promulgated regulations.  (*See* Defs' Opp. at 4.)

It is simply not true that the City has "put the *government's* state of mind at issue" (Defs' Opp. at 4, emphasis added) by presenting testimony as to *Defendants*' behavior.  Testimony by Defendants' experts purporting to show the *government's* state of mind does not exonerate Defendants or form the basis for a defense, and is therefore irrelevant, as well as inadmissible. *See In re Rezulin Products, supra,* 309 F.Supp.2d at 550) (holding that "[e]xpert testimony interpreting [defendant's] conduct in disclosing information to the FDA therefore will not assist the fact-finder in these cases," because the contention that defendant failed to disclose information to the agency was a matter for lay testimony).

Defendants fail to distinguish *In re Rezulin Products*, *supra*, on the ground that the experts in that case "admitted that they had no expertise on FDA regulations and had no first-hand knowledge" (Defs' Opp. at 4, citing 309 F.Supp.2d at 549).   As the City explained in its

6

motion *in limine,* the Court barred expert testimony "on the intent, motives or states of mind of . . . regulatory agencies" (309 F.Supp.2d at 546), in the section of its opinion *preceding* the one Defendants cite.  Defendants have pointed to a section of *In re Rezulin Products* that *barred* experts from testifying as to whether a defendant had complied with FDA regulations in making disclosures to the FDA, because they lacked first-hand knowledge, *not* of the FDA's regulations, but rather of "the *facts* of Warner-Lambert's disclosures to the FDA."  *Id.* at 549, emphasis in original.  The section cited by the City expressly excludes expert testimony on agency intent, and on different grounds (namely, that "[i]nferences about the intent or motives of parties or others lie outside the bounds of expert testimony, regardless of qualifications or first-hand knowledge.") *Id.* at 547.  Only after so holding did the Court turn to matters on which the experts at issue disavowed any expertise.  *Id.* at 549.

Defendants cannot now recharacterize the contents of their experts' reports as first-hand lay testimony and thereby render their experts' opinions as to agencies' or lawmakers' states of mind admissible.  Even if first-hand knowledge can support testimony as to another *person*'s stated intentions, courts have been particularly loath to permit a jury to speculate about the decision making processes of governmental bodies, including the subjective intent and motivation of government decision makers.  *See McKesson Corp. v. Div. of Alcoholic Beverages*, 496 U.S. 18, 41-42,  n. 24 (1990) (rejecting an argument depending on "assumptions regarding the many complex variables that affect legislative judgment"); *Buckman v. Plaintiffs' Legal Committee,* 531 U.S. 341, 354 (2001) (same); *Board of Supervisors v. Super. Ct.*, 32 Cal.App.4[th] 1616, 1624 (1995) ("An individual legislator may respond to diverse influences and act from various motives, making it difficult to determine whether an improper influence or motive actually determined a legislator's vote.  The collective nature of the legislative process

7

compounds the difficulty of determining what influences and motives . . . are responsible for a statute"). Such testimony should therefore be excluded.

### III.  CONCLUSION

For the foregoing reasons, this Court should grant the City's Motion in Limine No. 3 to exclude expert testimony consisting of legal conclusions, interpreting the law, or regarding legislative or agency motive or intent.

Dated: San Francisco, California
       June 2, 2009

    MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
Attorney for Plaintiff City of New York
100 Church Street
New York, New York 10007
(212) 788-1568


/s/ *MARNIE E. RIDDLE*
VICTOR M. SHER *(pro hac vice)*
TODD E. ROBINS *(pro hac vice)*
JOSHUA STEIN *(pro hac vice)*
LESLEY E. WILLIAMS (LW8392)
NICHOLAS G. CAMPINS *(pro hac vice)*
MARNIE E. RIDDLE *(pro hac vice)*

SHER LEFF LLP
450 Mission Street, Suite 400
San Francisco, CA 94105
(415) 348-8300

*Attorneys for Plaintiff City of New York*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the following document was served on Liaison Counsel via Electronic Mail, and on all counsel of record by posting it directly to CM/ECF and LexisNexis File & Serve on the 2nd day of June, 2009:

**PLAINTIFF CITY OF NEW YORK'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION *IN LIMINE* NO. 3 TO EXCLUDE EXPERT TESTIMONY CONSISTING OF LEGAL CONCLUSIONS, INTERPRETING THE LAW, OR REGARDING LEGISLATIVE OR AGENCY MOTIVE OR INTENT**

*/s/ Kristin Meyers*

KRISTIN MEYERS