**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------- x

In Re: Methyl Tertiary Butyl Ether ("MTBE")          Master File No. 1:00-1898
Products Liability Litigation                                   MDL 1358 (SAS)
                                                                                 M21-88
------------------------------------------------------------------- x     ECF Case

**This document relates to the following case:**

*City of New York v. Amerada Hess Corp., et al.*
Case No. 04 Civ. 3417

------------------------------------------------------------------- x

**PLAINTIFF CITY OF NEW YORK'S REPLY MEMORANDUM IN SUPPORT
OF ITS MOTION *IN LIMINE* NO. 4 TO EXCLUDE EVIDENCE OR ARGUMENT
RELATING TO THE RISKS, TOXICITY OR ANY OTHER PROPERTIES OF ANY
NON-MTBE SUBSTANCES**

# I. INTRODUCTION

In order to avoid the risk of unnecessary detours at trial into detailed examinations of the risks and toxicological properties of substances that are not at issue in this lawsuit, Plaintiff the City of New York ("the City") filed its Motion in Limine No. 4 to exclude evidence and argument that would inevitably lead to such detours. Defendants' response, that the evidence the City "really seeks to exclude" is relevant, misses the mark. The City intends to preclude evidence and argument that draws false equivalencies between the toxicological properties of MTBE and a host of unrelated substances that are used, absorbed by human beings, and distributed in the environment very differently. Should Defendants introduce such evidence or argument, the City will have no choice but to present potentially lengthy rebuttal evidence and argument explaining the differences between MTBE and these substances in how they are used, absorbed by human beings, and distributed in the environment. For this reason, in toxic tort cases where the hazards posed by specific chemicals are placed at issue, courts have been reluctant to allow the introduction of irrelevant evidence pertaining to other substances. Such evidence tends to be more prejudicial than probative, and should be barred.

# II. ARGUMENT

Contrary to Defendants' claim, the City is not attempting to exclude all evidence of the differences between MTBE and non-MTBE gasoline, nor evidence relating to "well-accepted principles of toxicology." (*See* Defendants' Opposition to Motion in Limine No. 4 ("Defs' Opp.") at 2.) Instead, the City has moved to exclude the prejudicial use of "explanatory" examples involving, for instance, the health risks of alcohol (as a beverage) and acetaminophen, because Defendants have provided no evidence to suggest that these substances share any relevant characteristics with MTBE – and if they did, the City would be entitled to present

1

rebuttal testimony and witnesses to counter that contention, which would unnecessarily lengthen this trial for the sake of a minor detour. If allowed to stand without lengthy and elaborate rebuttal, these examples may very well mislead the jury into thinking that MTBE shares relevant toxicological traits with substances like acetaminophen or alcohol. The relevance of such evidence is simply vastly outweighed by the prospect of undue delay and confusion that Rule 403 was intended to prevent. Fed. R. Evid. 403.

Defendants have argued that the City's motion should be denied in part because they wish to introduce evidence relating to the similar handling of MTBE gasoline and non-MTBE gasoline. (Defendants' Opposition at 1-2.) But the toxicity of gasoline components that are not present in the City's groundwater is simply not relevant to this case, and moreover, testimony as to *handling* differences between the two types of gasoline does not require a detailed explanation of the toxicological properties of every component in each type – if it does, the City submits that such a lengthy detour is exactly the kind of side trip discouraged by the court in *City of Greenville v. W.R. Grace & Company,* 640 F.Supp. 559, 571-572 (D.S.C. 1986), *aff'd* 827 F.2d 975 (4th Cir. 1987). Furthermore, the City has never contended that gasoline "would be a perfectly safe product" if it did not contain MTBE, and Defendants' claim that they must defend against such a contention is no more than a straw man.[1] Evidence regarding the toxicity of ethanol when used *as a gasoline additive* is distinct from evidence regarding the toxicity of ethanol when used *as a beverage*, because the concentrations and the routes and frequency of exposure differ significantly between the two. The City has moved to exclude portions of the testimony of Defendants' expert Dr. Rodricks, who discusses the adverse effects of alcoholic

---

[1] Additional discussion of this issue, as it relates to specific non-MTBE gasoline components, is contained in Plaintiff the City of New York's Reply in Support of Motion in Limine No. 7 to Exclude Evidence of Relative Toxicity of Other Contaminants as Compared to MTBE, filed June 2, 2009.

beverages, because a lengthy trial detour would be required to fully address whether or not MTBE in gasoline is toxicologically comparable to ethanol consumed as a beverage.

While it may indeed be convenient to "use examples of other common compounds to illustrate [toxicological concepts] to the jury" (Defs' Opp. at 5), such shortcuts are impermissible at trial, because doing so places the toxicological properties of those familiar substances at issue – and necessitates lengthy, distracting and unnecessary rebuttal testimony and argument to ensure that the jury is not misled. A statement, for instance, claiming that the very low level of aflatoxin present in peanuts poses a negligible risk of cancer – or at least a risk that many people willingly accept – will call for substantial rebuttal argument to ensure that the jury does not prejudicially conflate the risks of aflatoxin and MTBE. Dr. Mohr's use of "alcohol and acetaminophen as easy-to-understand examples" to illustrate a toxicological principle opens a can of worms, to put it bluntly, because *substantial* expert testimony will be needed to explore the question of whether or not MTBE acts the same way as alcohol and acetaminophen at low doses. Dr. Mohr cannot argue *by analogy* that low-dose exposure to MTBE will have no toxicological effect, as Defendants propose. (Defs' Opp. at 5.) Doing so is a very quick way to mislead and confuse the jury.

Moreover, testimony about the toxicity of non-MTBE substances, which have not appeared in the City's groundwater, is irrelevant. The test for relevance is whether evidence has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. None of Dr. Mohr's examples involving the toxicity at low levels of alcohol or acetaminophen has any tendency to make any fact about *MTBE* any more or less probable. The defendant in *Rowan County Bd. of Educ. v. U.S. Gypsum Co.*, 103 N.C.App. 288, 307 (N.C.

App., 1991) proffered an expert who intended to compare the risk of asbestos in schools to the risks of "smoking cigarettes," "having a chest x-ray," and "playing high school football." But the court rejected all such comparisons. Even "[a]ssuming, for the sake of argument, that this evidence was admissible as having some relevance (which we find dubious)," the court held that it should be excluded "on the grounds that its probative value was substantially outweighed by the danger of confusion of the issues, or misleading the jury, or by considerations of undue delay or waste of time." *Id.*, internal citations omitted.

Dr. Rodricks' and Dr. McGregor's comparisons between the risks posed by MTBE and a number of everyday substances are, like Dr. Mohr's, confusing, misleading, and waste time, and should therefore be excluded. Defendants claim that Dr. McGregor's testimony about toluene is "vital to the jury's ability to evaluate Plaintiff's claim that non-MTBE gasoline, which always contains toluene, is safer, toxicologically, than MTBE gasoline," but this argument overlooks the fact that MTBE gasoline *also* always contains toluene. The only relevant comparison is therefore *not* between a toluene-containing and a toluene-free product, but between an MTBE-containing and an MTBE-free product. Dr. McGregor's testimony regarding toluene is therefore likely to be more confusing than helpful to the trier of fact – and such testimony, like Dr. Mohr's, will generate the need for substantial expert rebuttal testimony about the properties of toluene, a chemical not at issue in this case.

//

//

## III. CONCLUSION

For the foregoing reasons, this Court should grant the City's Motion in Limine No. 4 to exclude evidence or argument relating to the risks, toxicity, or any other properties of any non-MTBE substances.

Dated: San Francisco, California
       June 2, 2009

       MICHAEL A. CARDOZO
       Corporation Counsel of the City of New York
       Attorney for Plaintiff City of New York
       100 Church Street
       New York, New York 10007
       (212) 788-1568


       /s/ *MARNIE E. RIDDLE*
       VICTOR M. SHER *(pro hac vice)*
       TODD E. ROBINS *(pro hac vice)*
       JOSHUA STEIN *(pro hac vice)*
       LESLEY E. WILLIAMS (LW8392)
       NICHOLAS G. CAMPINS *(pro hac vice)*
       MARNIE E. RIDDLE *(pro hac vice)*

       SHER LEFF LLP
       450 Mission Street, Suite 400
       San Francisco, CA 94105
       (415) 348-8300

       *Attorneys for Plaintiff City of New York*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the following document was served on Liaison Counsel via Electronic Mail, and on all counsel of record by posting them directly to CM/ECF and LexisNexis File & Serve on the 2nd day of June, 2009:

**PLAINTIFF CITY OF NEW YORK'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION *IN LIMINE* NO. 4 TO EXCLUDE EVIDENCE OR ARGUMENT RELATING TO THE RISKS, TOXICITY OR ANY OTHER PROPERTIES OF ANY NON-MTBE SUBSTANCES**

*/s/ Kristin Meyers*
KRISTIN MEYERS