**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------- x

In Re: Methyl Tertiary Butyl Ether ("MTBE")     Master File No. 1:00-1898
Products Liability Litigation                                    MDL 1358 (SAS)
                                                                                M21-88
------------------------------------------------------------------- x    ECF Case

**This document relates to the following case:**

*City of New York v. Amerada Hess Corp., et al.*
Case No. 04 Civ. 3417

------------------------------------------------------------------- x

# PLAINTIFF CITY OF NEW YORK'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION *IN LIMINE* NO. 2 TO EXCLUDE EVIDENCE OR ARGUMENT THAT FEDERAL AGENCIES ENDORSED OR APPROVED THE USE OF MTBE IN GASOLINE

# I. INTRODUCTION

Plaintiff the City of New York ("the City") hereby submits this Reply Memorandum in further support of its Motion *in Limine* No. 2 to exclude evidence or argument that Federal agencies endorsed or approved the use of MTBE in Gasoline.

# II. ARGUMENT

The Court should reject Defendants' contention that because their use of MTBE "complied with the law" they therefore should be allowed to present evidence and argument that the EPA "permitted" and "approved" the use of MTBE in gasoline. (Memorandum of Law in Support of Defendants Opposition to Plaintiff's Motion *in Limine* No. 2 To Exclude Evidence or Argument that Federal Agencies Endorsed or Approved the Use of MTBE in Gasoline, filed in 1:00-cv-01898, Dkt # 2478 (May 26, 2009) ("Opp."), at 3.) Defendants ignore the fact that simply because the EPA registered MTBE for use in gasoline and certified MTBE as one of six oxygenates for use in reformulated gasoline does not mean that the EPA "approved" of or "endorsed" MTBE, or approved it as environmentally safe; indeed, government regulations specifically reject any such approval or endorsement, and this Court has so recognized. 40 C.F.R. 79.21(g)(emphasis added) (requiring additive manufacturers to provide: "Assurances that the additive manufacturer *will not represent, directly or indirectly, in any* notice, circular, letter, or other written communication or any written, oral, or pictorial notice or other announcement in any publication or by radio or television, *that registration of the additive constitutes endorsement, certification, or approval by any agency of the United States"*); 40 C.F.R. § 79.11(h) (requiring fuel manufacturers to provide: "Assurances that the fuel manufacturer will not represent, directly or indirectly, in any notice, circular, letter, or other written communication, or any written, oral, or pictorial notice or other announcement in any publication or by radio or television, that registration

1

of the fuel constitutes endorsement, certification, or approval by any agency of the United States;);

*In re MTBE*, 457 F.Supp.2d 324, 327 n. 14 (S.D.N.Y. 2006) ("In addition, while MTBE has been registered for use by the EPA pursuant to section 7545(a) and (b), such registration does not constitute an endorsement, certification or approval by any agency of the United States. 40 C.F.R. § 79.11(h)."); *see also In re MTBE*, 175 F.Supp.2d 593, 615 n. 38 (S.D.N.Y. 2001) (same).

Defendants concede that they "will not present evidence or argument that the EPA endorsed or approved MTBE as environmentally sound or toxicologically safe." (Opp at 6.) However, in the same breathe Defendants state that they plan to introduce evidence that EPA "understood that MTBE would be widely used and, in fact, relied on this expectation in developing regulations." (Opp. at 4). In other words, Defendants wish to introduce evidence and argument to mislead the jury into believing that the EPA placed its imprimatur on MTBE when, as a matter of law, it did no such thing. Because of risk that the jury will be misled by such arguments substantially outweighs its probative value, the Court should prohibit Defendants from presenting any argument that the EPA permitted or endorsed the use MTBE.

This Court has twice confirmed that MTBE's registration under 40 CFR § 79.11 did not imply approval, endorsement or certification of MTBE by any federal agency. *In re MTBE*, 457 F.Supp.2d 324, 327 n.14 (S.D.N.Y. 2006) ("In addition, while MTBE has been registered for use by the EPA pursuant to section 7545(a) and (b), such registration does not constitute an endorsement, certification or approval by any agency of the United States. 40 C.F.R. § 79.11(h)."); *In re MTBE*, 175 F.Supp.2d 593, 615 n.38 (S.D.N.Y. 2001) (same). Indeed, even the registration implementing regulations promulgated by the EPA require assurances from fuel manufacturers and additive manufacturers that they will not represent in any way in any context that registration

of the additive constitutes endorsement, certification or approval by any agency of the United States. *See* 40 CFR § 79.21(g), § 79.11(h).

Instead, the EPA's registration of MTBE pursuant to 42 USC § 7545(b) and 40 C.F.R. § 79.1 *et seq* does not constitute an endorsement, certification, and/or approval of MTBE or any other any other fuel additive by the EPA. Registration determines only that a fuel additive is substantially similar to certain baseline gasoline and if not, that it will not cause or contribute to the failure of any emission control device or system. *See* 42 USC § 7545(f). The purpose of registration is to provide the EPA with information about certain substances so that the agency can monitor the substances, address potential problems and regulate effectively. Registration is a precautionary measure. (Plaintiff's Memorandum of Law in Support of its Motion *in Limine* No. 2 To Exclude Evidence or Argument that Federal Agencies Endorsed or Approved the Use of MTBE in Gasoline ("MIL"), filed in 1:00-cv-01898, Dkt 2406 (May 11, 2009), at 4).

Defendants contend that when the EPA certified MTBE for use as an oxygenate, it understood that MTBE would be widely used and relied on this expectation in developing its regulations. (Opp. At 4.) However, MTBE is one of several different oxygenates that may be used to certify gasoline as reformulated. *In re MTBE* 488 F.3d 112, 114 (2d Cir. 2007); *In re MTBE*, 593 F.Supp.2d 594, 551 (S.D.N.Y. 2008). This Court has held that certification under section 7545(k) of an additive or fuel mixture in no way implies endorsement of the EPA, because certification under this section has a narrow meaning that concerns the effectiveness of the formulation in reducing air pollution and does not consider non-air quality concerns. *In re MTBE*, 457 F.Supp.2d 324, 327 n.14 (S.D.N.Y. 2006); *In re MTBE*, 175 F.Supp.2d 593, 615 n.38 (S.D.N.Y. 2001).

Moreover, Defendants' argument ignores the fact that the EPA, in registering MTBE and certifying its use in gasoline, was misled by Defendants about the harmful properties of MTBE and its potential danger to groundwater and drinking water. *See, e.g.,* Plaintiff's Opposition to Defendants Motion in Limine to Exclude Evidence of Trade Association Activities Until and Unless Plaintiff Establishes Predicate Facts, filed on May 26, 2008, at 5-7 (listing examples of defendants' misstatements and omissions to EPA).

Argument or evidence that the federal government somehow approved or endorsed the use of MTBE in gasoline would be highly prejudicial and likely to confuse the jury into believing that EPA conducted substantial testing and gave MTBE an unearned stamp of approval. *See Zemaitatis v. Innovasive Devices, Inc.*, 90 F.Supp.2d 631, 634 (E.D. Pa. 2000) ("Testimony of FDA approval was likely to lead the jury to believe the FDA conducted substantial testing of the [product]; it would give the product an unearned stamp of approval. The court determined the evidence, if admitted, would unduly prejudice the jury.");[1] *see also United States v. Duggan*, 743 F.2d 59, 85 (2d Cir. 1984).[2] Accordingly, the probative value of such evidence is substantially outweighed by the danger of unfair prejudice and misleading or confusing the jury. Fed. R. Evid. 403. The Court should not allow it.

---

[1] By Defendants' own logic, *Zemaitatis* is directly on point. As Defendants point out, *Zemaitatis* excluded evidence because the EPA had approved a medical device as substantially equivalent and not conducted a de novo review. (Opp. at 5-6) The same is true here, as registration determines only that a fuel additive is "substantially similar" to certain baseline gasoline and will not cause or contribute to the failure of any emission control device or system. *See* 42 USC § 7545(f). Accordingly, any attempt to place the EPA's imprimatur on MTBE is exactly the same as the situation in *Zemaitatis.*

[2] Likewise, Defendants' attempt to distinguish *Duggan* fails. The point of *Duggan* is that evidence or argument that the United States Government approved of an activity, when it did not is highly prejudicial and that a Court may rightly excluded it pursuant to Federal Rule of Evidence 403. 743 F.2d at 85.

### III. CONCLUSION

For the foregoing reasons, the City respectfully requests that the Court issue an order excluding any argument or evidence that federal agencies endorsed or approved the use of MTBE in gasoline.

Dated: San Francisco, California
       June 2, 2009

    MICHAEL A. CARDOZO
    Corporation Counsel of the City of New York
    Attorney for Plaintiff City of New York
    100 Church Street
    New York, New York 10007
    (212) 788-1568


    /s/ *LESLEY E. WILLIAMS*
    VICTOR M. SHER *(pro hac vice)*
    TODD E. ROBINS *(pro hac vice)*
    JOSHUA STEIN *(pro hac vice)*
    LESLEY E. WILLIAMS (LW8392)
    NICHOLAS G. CAMPINS *(pro hac vice)*
    MARNIE E. RIDDLE *(pro hac vice)*

    SHER LEFF LLP
    450 Mission Street, Suite 400
    San Francisco, CA 94105
    (415) 348-8300

    *Attorneys for Plaintiff City of New York*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the following document was served on Liaison Counsel via Electronic Mail, and on all counsel of record by posting it directly to CM/ECF and LexisNexis File & Serve on the 2nd day of June, 2009:

1. **PLAINTIFF CITY OF NEW YORK'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION *IN LIMINE* NO. 2 TO EXCLUDE EVIDENCE OR ARGUMENT THAT FEDERAL AGENCIES ENDORSED OR APPROVED THE USE OF MTBE IN GASOLINE**

*/s/ Kristin Meyers*
KRISTIN MEYERS