**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------- x

| | |
|---|---|
| In Re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation | Master File No. 1:00-1898<br>MDL 1358 (SAS)<br>M21-88 |
| ------------------------------------------------------------------- x | ECF Case |
| **This document relates to the following case:** | |
| *City of New York v. Amerada Hess Corp., et al.*<br>Case No. 04 Civ. 3417 | |

------------------------------------------------------------------- x

**PLAINTIFF CITY OF NEW YORK'S REPLY MEMORANDUM IN
SUPPORT OF ITS MOTION *IN LIMINE* NO. 5 TO EXCLUDE EVIDENCE OR
ARGUMENT THAT MTBE DOES NOT REQUIRE REMEDIATION AT LEVELS
ABOVE THE MCL**

# I. INTRODUCTION

Because Defendants are likely to argue "that remediation of MTBE concentrations at levels above the New York State Maximum Contaminant Level ('MCL') is not required" (*see* Defendants' Opposition to Motion in Limine No. 5 ("Defs' Opp.") at 1), and – given the requirements of New York State law – such argument is likely to prejudicially mislead and confuse the jury, the City of New York ("the City") has brought a motion *in limine* to exclude such argument. Defendants are splitting hairs in an attempt to mislead the jury into believing that an MCL violation does not engender any responsibility to act on the City's part – a conclusion inconsistent with the requirements of New York law, as the City explained in its motion *in limine.*

Defendants' argument in opposition rests on the false assumption that an MCL *exceedance* that does not subsequently lead to an MCL *violation* creates no obligation to do anything on the City's part, but the text of the law clearly indicates that an MCL exceedance gives rise to additional testing and monitoring requirements, as reiterated below – and if additional testing reveals an MCL violation, the City must do whatever is necessary to "ensure the protection of public health." 10 N.Y. Comp. Codes R. & Regs. § 5-1.51(a). Allowing Defendants to present their argument will only mislead and confuse the jury, and the City's motion to exclude the argument should accordingly be granted.

# II. ARGUMENT

Defendants beg the question by claiming that "evidence that remediation is not required for MTBE concentrations at levels above the MCL is critical to the jury's determination of damages." (Defs' Opp. at 2.) This argument presupposes – and feeds directly to the jury – the false premise that "remediation is not required for MTBE concentrations at levels above the

MCL." But it is simply not true that, as Defendants claim, "Plaintiff is not required under New York law to take any action when MTBE is detected above the MCL on isolated occasions." Defs' Opp. at 4. To the contrary, under New York law, *any* detection of MTBE in a monitoring sample above the MCL requires the detecting water supplier to – at the very least – collect additional samples (and expend additional costs in doing so). 10 N.Y. Comp. Codes R. & Regs. § 5-1.52, Table 3. If an MCL violation occurs as a result of those additional samples, the water supplier is then required to take whatever steps are necessary "to ensure the protection of public health" and, *at the very least,* make sure that no water served to the public exceeds the MCL. *Id.* at § 5-1.51(a). Furthermore, the mere *possibility* of an MCL violation leaves the City vulnerable to significant penalties (see New York Public Health Law §§ 12, 12-b, 229, 1103), suspension or closure (see 10 N.Y. Comp. Codes R. & Regs. § 76.8(8)). Thus, even a one-time MCL exceedance is a call to action by any reasonable water provider, so that no outright MCL violation is allowed to occur. Thus, as this Court pointed out, water purveyors like the City "have a duty to take action – be it testing, monitoring, or treating contaminated wells – *before* that contamination reaches the applicable MCL." *In re Methyl Tertiary Butyl Ether (MTBE) Products Liability Litigation*, 458 F.Supp.2d 149, 154 (S.D.N.Y. 2006).

Defendants' argument that MCL exceedances do *not* require action on the City's part is therefore directly contrary to the law discussed above. Because it mischaracterizes the law's requirements, prejudicially misconstrues the City's obligations, and may thereby mislead the jury, it should be excluded. The City's motion to exclude this argument does not ask "the Court to disregard New York law and fashion new legal requirements," contrary to Defendants' suggestion (Defs' Opp. at 5); instead, it ensures that the jury is not misled as to what the law in fact requires. Defendants have pointed to no law governing water treatment that the City did not

discuss in its Motion in Limine No. 5, and no law that allows the City to sit back and do nothing in the face of an MCL exceedance or violation. The City is not asking that the Court disregard any of these laws, but rather that the Court exclude Defendants' attempts to misconstrue them for the jury.

Defendants' argument plainly prejudices the jury, because it deliberately suggests that the jury base its decision on a misreading of the law and of a reasonable water provider's obligations under that law. Defendants' counterfactual theory that a reasonable water provider has *no* obligations, and suffers no damages, until a frank MCL violation occurs, is not at all probative of any damages-related issue because it simply lies outside the real-world regulatory framework outlined above and in the City's Motion in Limine No. 5.

Finally, Defendants allege in their Opposition that "evidence regarding any standard for treating MTBE to a level below the MCL" should be excluded. The City addresses this argument in full in its Opposition to Defendants' Joint Motion in Limine to Preclude Plaintiff from Offering Evidence or Argument Concerning Any Policy or Requirement to Treat MTBE Contamination to Any Level Other Than the New York State Maximum Contaminant Level, filed (corrected) on May 27, 2009. In short, 10 parts per billion is not the *only* "allowable level of MTBE in drinking water" (*see* Defs' Opp. at 5). Rather, it is the *maximum* level allowed. Defendants have no basis for their argument that treating MTBE to a level below the maximum allowable level is not the basis for an injury, and the argument should be excluded.

Thus, detections of MTBE above the MCL – and even detections below the MCL to forestall possible MCL exceedances – require at least some further action by the City, and MCL violations, as defined by New York law, require whatever remediation is necessary to protect

public health and, moreover, expose the City to penalties.  Any attempt to argue otherwise on Defendants' part should be excluded at trial as prejudicially misleading.  Fed. R. Evid. 403.

### III. CONCLUSION

For the foregoing reasons, this Court should grant the City's Motion in Limine No. 5 to exclude evidence or argument that MTBE does not require remediation at levels above the MCL.

Dated: San Francisco, California
       June 2, 2009

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
Attorney for Plaintiff City of New York
100 Church Street
New York, New York 10007
(212) 788-1568


/s/ *MARNIE E. RIDDLE*
VICTOR M. SHER *(pro hac vice)*
TODD E. ROBINS *(pro hac vice)*
JOSHUA STEIN *(pro hac vice)*
LESLEY E. WILLIAMS (LW8392)
NICHOLAS G. CAMPINS *(pro hac vice)*
MARNIE E. RIDDLE *(pro hac vice)*

SHER LEFF LLP
450 Mission Street, Suite 400
San Francisco, CA 94105
(415) 348-8300

*Attorneys for Plaintiff City of New York*

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the following document was served on Liaison Counsel via Electronic Mail, and on all counsel of record by posting it directly to CM/ECF and LexisNexis File & Serve on the 2nd day of June, 2009:

**PLAINTIFF CITY OF NEW YORK'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION *IN LIMINE* NO. 5 TO EXCLUDE EVIDENCE OR ARGUMENT THAT MTBE DOES NOT REQUIRE REMEDIATION AT LEVELS ABOVE THE MCL**

*/s/ Kristin Meyers*
KRISTIN MEYERS