UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x

In Re: Methyl Tertiary Butyl Ether ("MTBE")   Master File No. 1:00-1898
Products Liability Litigation                MDL 1358 (SAS)
                                             M21-88
------------------------------------------------------------------- x   ECF Case
**This document relates to the following case:**

*City of New York v. Amerada Hess Corp., et al.*
Case No. 04 Civ. 3417

------------------------------------------------------------------- x

**PLAINTIFF CITY OF NEW YORK'S REPLY MEMORANDUM IN SUPPORT
OF ITS MOTION *IN LIMINE* NO. 8 TO EXCLUDE EVIDENCE OR
ARGUMENT CONCERNING THE TREATMENT COSTS ASSOCIATED WITH
OTHER VOCS**

## I.  INTRODUCTION

Plaintiff the City of New York ("the City") hereby submits this Reply Memorandum in further support of its Motion *in Limine* to exclude evidence or argument concerning treatment costs associated with other VOCs.

## II.  ARGUMENT

This Court should reject Defendants' argument that evidence concerning *costs* to clean up other VOCs is necessary so that the jury can assess the "credibility" of the City's claims. (Memorandum of Law in Support of Defendants' Opposition to Plaintiff's Motion *in Limine* No. 8 to Exclude Evidence or Argument Concerning Treatment Costs Associated with Other VOCs, filed in 1:00-cv-01898, Dkt # 2488 (May 26, 2009) ("Opp."), at 1-2.)  Defendants misunderstand the nature of the relief sought in the City's Motion.  The City does not seek to exclude all evidence of other VOCs which may be present in the wells, but rather evidence of the *costs* associated with the treatment of such VOCs.  For example, the costs associated with the removal of PCE from groundwater are not relevant because MTBE removal, which Defendants "do not dispute" is more expensive (Opp. at 6), will control treatment costs at each wells.  (Plaintiff City of New York's Memorandum of Law in Support of its Motion *in Limine* To Exclude Evidence or Argument Concerning Treatment Costs Associated with Other VOCs, filed in 1:00-cv-01898, Dkt # 2412 (May 11, 2009) ("MIL"), at 2.)

The Court should not allow Defendants to unjustly benefit from the fact that treatment installed to remove MTBE also removes PCE (or any other VOC).  Similarly, Defendants cannot benefit because if the water in Queens County New York also happens to be contaminated with PCE or if the City ever had a plan to address said contamination.  As this Court has previously held, each defendant whose conduct is proven to have been a substantial factor in producing a

1

water-provider plaintiff's injury, MTBE contamination of the groundwater, is liable for that injury regardless of whether there are others who also may have contributed to the injury. *In re MTBE*, 591 F.Supp.2d 259, 266 (S.D.N.Y. 2008).  "A plaintiff need not eliminate every other possible cause, and the fact that another possible cause concurs with defendant's negligent act or omission to produce an injury does not relieve defendant from liability." *Id.*

The City was injured by MTBE contamination in the ground water and drinking water supplies in Queens County, New York.  There are no claims regarding contamination by other VOCs, no defendant or cross-defendant named in connection with such contamination of the groundwater and the City is not required to name any such defendant.  *See id.*  For these reasons, evidence concerning treatment costs associated with VOCs other then MTBE should be excluded from trial.

In the Opposition, Defendants level numerous strong and unsubstantiated charges against the City.  For example, Defendants state that the City's statement that "Defendants have no evidence suggesting that treatment was or will be installed *solely* to remove other VOCs" is "blatantly false and misleading."  (Opp. at 1; *see also* Opp. at 6 n. 3 (accusing water-provider Plaintiffs' generally with "subterfuge")). Importantly, such charges lack any factual basis. Specifically, Defendants spend a great deal of time arguing that wells were removed from treatment because of other VOCs.  (Opp. at 3-6).  That discussion, and the evidence cited by Defendants in the Declaration of J. Kalnins Temple, is irrelevant to the issue addressed by this Motion, the *costs* associated with *future* treatment of such wells, when they return to operation. With regard to that salient point, Defendants do not cite *any* evidence that treatment will be installed *solely* to remove other VOCs but instead expressly "do not dispute that treatment of MTBE may be more expensive than treatment for other VOCs."  (Opp. at 6).

This Court also should reject Defendants argument that evidence concerning costs to clean up other VOCs is relevant to the amount of damages the City may recover.  (Opp. at 8)  That removal of MTBE may also result in the removal of other VOCs, does not permit Defendants to argue for, or obtain, any offset or diminution to the City's damage claim.  Whether defendants may have a claim for contribution from the parties responsible for other VOC contamination is not part of this case and should not and cannot affect the City's rights to recover damages when proven in the present action.  *See Schauer v. Joyce,* 54 N.Y.2d 1, 5, 444 N.Y.S.2d 564 (N.Y. 1981) ("two or more persons who are subject to liability for damages for the same [injury] may claim contribution among them whether or not an action has been brought or a judgment has been rendered against the person from whom contribution is sought."); *see Stein v. Whitehead*, 337 N.Y.S.2d 821 (App. Div. 2d Dept. 1972) (if all joint tortfeasors have not been sued and the one sued has paid the full amount of plaintiff's damages, he can bring an independent action against other tortfeasors to recover their shares of the damages, and in that action the court will determine the proportions of the tortfeasors' liability).  *See Ravo by Ravo v. Rogatnick*, 70 N.Y.2d 305, 310–13 (N.Y. 1987) (all defendants whose conduct was a substantial factor in causing the injury will be held jointly and severally liable to the plaintiff for the entire harm).  Any "apportionment of fault … does not alter the joint and several liability of defendants for the single indivisible injury. . . [but] … merely defines the amount of contribution defendants may claim from each other."  *Id.*, at p. 313;  *see also, Valencia v. Sung M. Lee*, 123 F.Supp.2d 666, 682 (E.D.N.Y. 2000), *rev'd on other grounds* 316 F.3d 299 (2d Cir. 2003) (same); s*ee Board of Ed. v. Sargent, Webster, Crenshaw & Folley*, 71 N.Y.2d 21, 27 (N.Y. 1987) (noting that N.Y. Civ. Prac. L. & R. § 1401 applies not only to joint tortfeasors, but also to concurrent, successive, independent, alternative, and even intentional tortfeasors); *Georges v. Hennessey*, 545 F.Supp. 1264, 1266

(E.D.N.Y. 1982) ("[S]uch rights of contribution have no bearing on the rights of the plaintiff. They are solely *inter se* the defendants."). The rules of contribution among jointly and severally liable defendants, therefore, have no effect on the City's rights to recover; the City as plaintiff may "recover against any joint tortfeasor . . . the total amount of his damage suffered and not compensated." *Kelly v. Long Island Lighting Co.*, 334 N.Y.S.2d 81, 855 (1972) (codified at N.Y. Civ. Prac. L. & R. § 1404(a)).

Defendants' statement that the City is engaging in a "cash grab on the deep-pocketed oil industry for costs to address PCE contamination" lacks merit because it is inconsistent with prior rulings of this Court and the policy favoring the innocent plaintiff underlying New York tort law:

> "It would be inconsistent with the reasonable expectations of a modern society to say to these plaintiffs that because of the insidious nature of an injury that long remains dormant, and because so many manufacturers, each behind a curtain, contributed to the devastation, the cost of injury should be borne by the innocent and not the wrongdoers."

*See Hymowitz v. Eli Lilly and Co.*, 73 N.Y.2d 487, 507 (1989). As this Court has held, "if defendants breached a duty to avoid an unreasonable risk of harm resulting from the use of their products, innocent water providers-and ultimately innocent water users- should not be denied relief from the contamination of their water supply because they cannot identify the producer, refiner, or supplier of the MTBE-containing gasoline that caused the contamination." *In re MTBE*, 447 F.Supp.2d 289, 302 (S.D.N.Y. 2006)).[1]

Finally, presentation of evidence concerning the collateral issue of the costs of treatment of other VOCs would be prejudicial, confusing, misleading and a waste of time. The Court should exercise its discretion under Federal Rule of Evidence 403 to exclude

---

[1] Attached as Exhibit 1 to Declaration of Lesley E. Williams is an excerpt from the final version of Dr. Hand's deposition transcript. This is a replacement for the excerpt from the rough transcript that the City cited in its Motion on May 11, 2009.

it.  *See U.S. v. Townsend*, 987 F.2d 927, 930-31 (2d. Cir. 1993); *U.S. v. Schatzle*, 901 F.2d 252, 256 (2d Cir. 1990).  Moreover, because there will invariably be disputes concerning the costs to treat other VOCs in groundwater, the jury will have to sit through one or more mini-trials on such issues.  Unnecessary trial time will be wasted with these side issues even though they are not probative of the actual issues in dispute.  The Court should exercise its discretion to exclude evidence of these collateral issues, which would waste time and result in undue delay.  *See Schatzle*, 901 F.2d at 256.

### III.  CONCLUSION

For the foregoing reasons, the City respectfully requests that the Court issue an order excluding any argument or evidence concerning treatment costs associated with other VOCs.

Dated: San Francisco, California
        June 2, 2009

>MICHAEL A. CARDOZO
>Corporation Counsel of the City of New York
>Attorney for Plaintiff City of New York
>100 Church Street
>New York, New York 10007
>(212) 788-1568
>
>/s/ *LESLEY E. WILLIAMS*
>VICTOR M. SHER *(pro hac vice)*
>TODD E. ROBINS *(pro hac vice)*
>JOSHUA STEIN *(pro hac vice)*
>LESLEY E. WILLIAMS (LW8392)
>NICHOLAS G. CAMPINS *(pro hac vice)*
>MARNIE E. RIDDLE *(pro hac vice)*
>
>SHER LEFF LLP
>450 Mission Street, Suite 400
>San Francisco, CA 94105
>(415) 348-8300
>
>*Attorneys for Plaintiff City of New York*

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the following documents were served on Liaison Counsel via Electronic Mail, and on all counsel of record by posting them directly to CM/ECF and LexisNexis File & Serve on the 2nd day of June, 2009:

1. **PLAINTIFF CITY OF NEW YORK'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION *IN LIMINE* NO. 8 TO EXCLUDE EVIDENCE OR ARGUMENT CONCERNING THE TREATMENT COSTS ASSOCIATED WITH OTHER VOCS**

2. **DECLARATION OF LESLEY E. WILLIAMS IN SUPPORT OF PLAINTIFF CITY OF NEW YORK'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION *IN LIMINE* NO. 8 TO EXCLUDE EVIDENCE OR ARGUMENT CONCERNING THE TREATMENT COSTS ASSOCIATED WITH OTHER VOCS**

*/s/ Kristin Meyers*

KRISTIN MEYERS