**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------- x

In Re: Methyl Tertiary Butyl Ether ("MTBE")　　　　Master File No. 1:00-1898
Products Liability Litigation　　　　　　　　　　　　MDL 1358 (SAS)
　　　　　　　　　　　　　　　　　　　　　　　　　　M21-88
------------------------------------------------------------------- x　ECF Case

**This document relates to the following case:**

*City of New York v. Amerada Hess Corp., et al.*
Case No. 04 Civ. 3417

------------------------------------------------------------------- x

# PLAINTIFF CITY OF NEW YORK'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION *IN LIMINE* NO. 6 TO EXCLUDE EVIDENCE AND ARGUMENT CONCERNING THE LIABILITY OF NON-DEFENDANT OWNERS/OPERATORS OF UNDERGROUND STORAGE TANKS

## I. INTRODUCTION

Because Defendants may attempt to convince the jury that owners/operators of USTs who have not been named in this case should be held liable for a portion of the City of New York's ("the City's") damages, the City has brought a motion *in limine* to exclude evidence or argument regarding such owners/operators' liability. Defendants' opposition fails to establish the necessity of such evidence or argument or its relevance to any issue to be decided at trial. Even if such evidence had any relevance – and it does not – it should be excluded on the grounds that it will mislead the jury, confuse the issues, and needlessly prolong trial. *See* Fed. R. Evid. 403. For these reasons, as explained in further detail below, the City's Motion in Limine No. 6 should be granted.

## II. ARGUMENT

In their Opposition to the City's Motion *in Limine* No. 6 ("Defs' Opp."), Defendants punt all of the issues raised by the City, proposing instead to address them in briefing Defendants' April 27, 2009 motion *in limine*. (Defs' Opp. at 1, n. 1.) Defendants argue instead that the evidence they wish to offer regarding "the conduct and liability of third-party owners/operators is relevant to Plaintiff's claims against Defendants." (Defs' Opp. at 1.) But Defendants have identified no support for this position, and have done nothing to rebut the City's arguments that such evidence is irrelevant and highly likely to prejudice the City, confuse the jury, and waste time.

The City's motion is intended to exclude evidence and argument allocating fault and liability to unnamed parties – an allocation *specifically requested* by Defendants, who argued in their Motion in Limine Regarding Application of the Commingled Product Theory,

1

Consideration of Fault of Nonparties by Jury, and Proof of Date of Harm (filed April 27, 2009) that the jury should have the opportunity to *apportion liability* to owners and operators of USTs who have not been named in this lawsuit. (*See id.* at pp. 10-14.) Defendants' claim that they "only seek to introduce evidence of the Non-Defendants' liability that is relevant to defend against Plaintiff's claims" (Defs' Opp. at 4) is disingenuous and misleading, in light of Defendants' requested jury instruction.

Defendants' argument is both unresponsive and incorrect. It is simply not true that "[i]n order for the jury to determine Plaintiff's claims," which were brought against *Defendants* and concern *Defendants'* actions, not the non-defendant owner/operators, "the jury must consider these entities' liability and conduct with respect to the UST systems they owned or operated." (*See* Defs' Opp. at 3.) Defendants have identified no authority supporting their argument that non-party evidence is needed to establish any of the City's claims that *Defendants* should be held liable for a tort. The conduct of a UST owner/operator is simply not an element of any of the City's claims. For instance, the City's design defect claims turn on Defendants' tortious conduct in *designing* the product long before it ever reached a UST. Conduct by a non-defendant that "was foreseeable or a superseding intervening cause of the harm" (Defs' Opp. at 3) is not an element of a design defect claim, and Defendants' cited authority does not hold otherwise. In *Sheppard v. Charles A. Smith Well Drilling and Water Systems*, 463 N.Y.S.2d 546 (App. Div. 3d Dept. 1983), the defendant "commenced a third-party action" and plaintiff amended his complaint to incorporate similar causes of action against that third-party defendant, who mishandled the product at issue. *Id.* at 547. Here, Defendants have never brought an action against third-party owners/operators of USTs so as to reassign fault or claim contribution. They cannot now assign fault in those non-defendants' absence from the case.

Nor can Defendants support their argument that non-defendants' actions are relevant to the City's failure to warn claim. (Defs' Opp. at 3.) *McMurry v. Inmont Corp.*, 694 N.Y.S.2d 157 (App. Div. 2d Dept. 1999) involved the actions of a third-party defendant, not a non-party – and even the *defense* at issue in that case concerned the *plaintiff's* awareness of risk, not the knowledge of any third party or non-defendant. *Id.* at 158-159. Furthermore, the admissibility of non-party evidence was never addressed in *McMurry v. Inmont Corp. Id.*

*Snyder v. Jessie*, 565 N.Y.S.2d 924, 929 (App. Div. 4th Dept. 1990), also cited by Defendants in support of their argument, has even less relevance than the foregoing cases. No non-party conduct was at issue in *Snyder v. Jessie*, and at Defendants' citation, the court addressed (1) whether the plaintiff had alleged sufficient facts supporting a cause of action for trespass and (2) whether residential storage and delivery of heating oil was an ultrahazardous activity – not whether third-party conduct was relevant to any claim in the case. *Id.* at 929. Nothing in *Snyder v. Jessie* supports the argument that the City's trespass claim turns on non-defendants' conduct. (*See* Defs' Opp. at 3.)

Finally, none of the City's Navigation Law claims turn on any non-defendant conduct, and Defendants' Navigation Law cases are equally unavailing. *See State v. Avery-Hall Corp.*, 719 N.Y.S.2d 735, 736-737 (App. Div. 3d Dept., 2001) (holding that third-party delivery does *not* affect a defendant's liability for a discharge under the Navigation Law); *State v. Cronin*, 717 N.Y.S.2d 828, 830-831 (Sup. Ct. 2000) (holding that a supplier cannot be held liable without evidence that *the supplier* – not third parties or non-defendants – caused or contributed to the discharge).

Here, Defendants have brought no third-party action, nor have they ever attempted to claim contribution from owner/operators of USTs. They cannot now introduce evidence of such

owner/operators' liability to minimize their own liability in the jury's eyes. Even if Defendants were to present evidence suggesting that some unnamed non-defendant's actions were an intervening and superseding cause of the City's injury, Defendants cannot argue that such a non-defendant is therefore *liable*.

As the City explained in its Motion *in Limine* No. 6, even if Defendants were to argue that non-defendant owners/operators of USTs share liability with Defendants, such evidence and argument would have no relevance to this case because Defendants are *jointly and severally* liable with those owners/operators. In the absence of a third-party action naming owners/operators of USTs, Defendants are responsible for the entirety of the City's damages. Whether or not Defendants later choose to pursue an indemnity action against or seek contribution from owners/operators of USTs, that claim will not affect how the City's damages are apportioned *now*.

Even if the evidence Defendants intend to present had any relevance – and it does not – it should be excluded because its probative value is vastly outweighed by the dangers of unfair prejudice to the City, misleading the jury, confusing the issues, and needlessly prolonging the trial. *See* Fed. R. Evid. 403. If Defendants are allowed to introduce this evidence, the City will be unfairly prejudiced – and excessive trial time will be consumed – because it will have to rebut statements made by non-party owners and operators of USTs that it has not questioned and from whom it has taken no discovery. Moreover, there is a substantial risk that the jury will improperly conclude that evidence of owner/operators' liability should be subtracted from Defendants' total liability – and given that Defendants' liability is joint and several, not merely several, such a result would be incorrect.

## III. CONCLUSION

For the foregoing reasons, this Court should grant the City's Motion in Limine No. 6 to exclude evidence and argument concerning the liability of non-defendant owners and operators of underground storage tanks.

Dated: San Francisco, California
       June 2, 2009

       MICHAEL A. CARDOZO
       Corporation Counsel of the City of New York
       Attorney for Plaintiff City of New York
       100 Church Street
       New York, New York 10007
       (212) 788-1568


       /s/ *MARNIE E. RIDDLE*
       VICTOR M. SHER *(pro hac vice)*
       TODD E. ROBINS *(pro hac vice)*
       JOSHUA STEIN *(pro hac vice)*
       LESLEY E. WILLIAMS (LW8392)
       NICHOLAS G. CAMPINS *(pro hac vice)*
       MARNIE E. RIDDLE *(pro hac vice)*

       SHER LEFF LLP
       450 Mission Street, Suite 400
       San Francisco, CA 94105
       (415) 348-8300

       *Attorneys for Plaintiff City of New York*

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the following document was served on Liaison Counsel via Electronic Mail, and on all counsel of record by posting it directly to CM/ECF and LexisNexis File & Serve on the 2nd day of June, 2009:

**PLAINTIFF CITY OF NEW YORK'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION *IN LIMINE* NO. 6 TO EXCLUDE EVIDENCE AND ARGUMENT CONCERNING THE LIABILITY OF NON-DEFENDANT OWNERS/OPERATORS OF UNDERGROUND STORAGE TANKS**

*/s/ Kristin Meyers*
KRISTIN MEYERS