**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------- x

In Re: Methyl Tertiary Butyl Ether ("MTBE")　　　Master File No. 1:00-1898
Products Liability Litigation　　　　　　　　　　　MDL 1358 (SAS)
　　　　　　　　　　　　　　　　　　　　　　　　M21-88
---------------------------------------------------------------------- x　ECF Case

**This document relates to the following case:**

*City of New York v. Amerada Hess Corp., et al.*
Case No. 04 Civ. 3417

---------------------------------------------------------------------- x

**PLAINTIFF CITY OF NEW YORK'S REPLY MEMORANDUM IN SUPPORT**
**OF ITS MOTION *IN LIMINE* NO. 9 TO EXCLUDE EVIDENCE OF**
**SETTLEMENT DISCUSSIONS**

## I.   INTRODUCTION

Plaintiff the City of New York ("the City") hereby submits this Reply Memorandum in further support of its Motion *in Limine* to exclude evidence of settlements or settlement discussions in this case.

## II.   ARGUMENT

Defendants do not dispute that evidence of the present and former parties' settlements in this case and evidence of any discussions had in connection with those settlements are inadmissible at trial for the purposes enunciated in Federal Rule of Evidence 408 (a)—i.e., when offered to prove the validity or invalidity of a claim, or its amount, or to impeach through prior inconsistent statement.  (Memorandum of Law in Support of Defendants' Opposition to Plaintiff City of New York's Motion *in Limine* No. 9 To Exclude Evidence of Settlement Discussions, filed in 1:00-cv-01898, Dkt # 2491 (May 26, 2009), at 2.)  The City does not seek an exclusion that is any broader than what is set forth in Rule 408.  Thus, evidence of settlements and settlement discussions in this case is permissible for the purposes enunciated in Rule 408(b), for example to prove bias or prejudice.  *See* Fed.R.Evid. 408(b); *see, e.g., ESPN, Inc. v. Office of the Commissioner of Baseball*, 76 F.Supp.2d 38, 412-13 (S.D.N.Y. 1999) (Scheindlin, J.).

//


//

### III. CONCLUSION

For the foregoing reasons, the City respectfully requests that the Court issue an order excluding evidence of settlements or settlement discussions in this case when offered to prove the validity or invalidity of a claim, or its amount, or to impeach through prior inconsistent statement.

Dated: San Francisco, California
June 2, 2009

        MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
Attorney for Plaintiff City of New York
100 Church Street
New York, New York 10007
(212) 788-1568

/s/ *LESLEY E. WILLIAMS*
VICTOR M. SHER *(pro hac vice)*
TODD E. ROBINS *(pro hac vice)*
JOSHUA STEIN *(pro hac vice)*
LESLEY E. WILLIAMS (LW8392)
NICHOLAS G. CAMPINS *(pro hac vice)*
MARNIE E. RIDDLE *(pro hac vice)*

SHER LEFF LLP
450 Mission Street, Suite 400
San Francisco, CA 94105
(415) 348-8300

*Attorneys for Plaintiff City of New York*

3

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the following document was served on Liaison Counsel via Electronic Mail, and on all counsel of record by posting it directly to CM/ECF and LexisNexis File & Serve on the 2nd day of June, 2009:

**PLAINTIFF CITY OF NEW YORK'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION *IN LIMINE* NO. 9 TO EXCLUDE EVIDENCE OF SETTLEMENT DISCUSSIONS**

KRISTIN MEYERS