**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------- x

In Re: Methyl Tertiary Butyl Ether ("MTBE")      Master File No. 1:00-1898
Products Liability Litigation     MDL 1358 (SAS)
    M21-88
------------------------------------------------------------------- x     ECF Case

**This document relates to the following case:**

*City of New York v. Amerada Hess Corp., et al.*
Case No. 04 Civ. 3417

------------------------------------------------------------------- x

**PLAINTIFF CITY OF NEW YORK'S REPLY MEMORANDUM IN
SUPPORT OF ITS MOTION *IN LIMINE* NO. 7 TO EXCLUDE EVIDENCE
OF THE RELATIVE TOXICITY OF OTHER CONTAMINANTS AS
COMPARED TO MTBE**

# I. INTRODUCTION

In order to prevent undue delay and waste of time, the City of New York ("the City") brought a motion *in limine* to bar needless and cumulative evidence regarding the toxicity of other contaminants relative to MTBE. In their Opposition to Plaintiff's Motion in Limine No. 7 ("Defs' Opp."), Defendants argue both that "evidence concerning the *presence* of other contaminants is relevant" and that "evidence of the relative toxicity of other contaminants as compared to MTBE is relevant and otherwise admissible to rebut Plaintiff's argument that its alleged treatment damages stem, in part, from the toxicity of MTBE." (Defs' Opp. at 7.) The first argument is not directly responsive to the motion *in limine* brought by the City, which sought to exclude relative toxicity evidence, not evidence of the "presence" of other contaminants. However, in pursuing this point Defendants argue that the City's damages should be significantly reduced because other toxic contaminants are already present in the water. (Defs. Opp. at 7-8.) Given the City's interest in preserving the water it uses from any degradation, regardless of the initial quality, Defendants' argument that MTBE contamination somehow causes less damage to water that is not completely pure has no support and carries no weight. Furthermore, introducing evidence of other contaminants' toxicity relative to MTBE will only open the trial to the risk of undue delay and waste of time, as the validity and weight of such comparisons are argued at length. For these reasons, the Court should grant the City's motion *in limine* to exclude evidence and argument concerning the relative toxicity of other groundwater contaminants.

# I. ARGUMENT

Defendants state that "the overall condition of Plaintiff's water is firmly at issue in this case." (Defs' Opp. at 7.) In Defendants' view, the City's water was already dirty by the time

Defendants arrived to add MTBE to the mix, and evidence thereof "is directly relevant to rebut Plaintiff's claim that it has been damaged at all or at the very least to rebut the extent of Plaintiff's claimed damages." (Defs' Opp. at 7-8.) But nowhere in New York law is a tortfeasor given license to pollute subterranean waters as much as it likes, as long as another polluter got there first. The City has vested property rights in the groundwater supplying its wells and has the right to protect even slightly degraded water from further degradation. *See In re MTBE*, 2005 WL 1500893, * 3 (S.D.N.Y. June 24, 2005) (conduct that interferes with a water provider plaintiff's ability to comply with its statutory obligations or causes it to expend resources to investigate or remediate contamination results in cognizable harm); *see also In re MTBE*, 2007 WL 700819, * 2-3 (S.D.N.Y. March 7, 2007) (discussing California water district's statutory rights). For example, in 1937, the New York State Legislature expressly provided the City with the right "to preserve the purity of all waters from which any part of the city water supply is drawn, and to protect such supply and the lands adjacent thereto from injury or nuisance." *See People v. Van Buren*, 4 N.Y.3d 640, 645 (2005). This right has been codified as New York City Administrative Code Section 24-302.

Moreover, state regulations require the City to monitor and treat contamination whenever there are any "deleterious changes in raw water quality":

> (a) Whenever the supplier of water determines or is advised by the State that one or more of the MCLs set forth in this Subpart are *or may be exceeded*; . . . *or that any deleterious changes in raw water quality have occurred*; *or that a change in the character of the . . . or aquifer has been observed which may affect water quality*; or that any combination of the preceding exists, *the supplier of water shall notify the State and do the following*:
>
> (1) undertake a study to determine the cause or causes of such conditions, independent of known or anticipated treatment technology;
>
> (2) modify existing or install treatment to comply, to the extent practicable, with sections 5-1.30, 5-1.50, 5-1.51 and 5-1.60 of this Subpart;

2

(3) initiate water sampling as needed to delineate the extent and nature of the cause of concern;

(4) investigate all or part of the watershed or aquifer to verify any existing or potential changes in the character of the sources of water supply; . . .

N.Y. Comp. Codes R. & Regs. tit. 10, § 5-1.12 (emphasis added); *see also* N.Y. Comp. Codes R. & Regs. tit. 10, § 5-1.71 (duty to prevent contamination). Given the City's interest in keeping its water free from "deleterious changes in raw water quality," regardless of the starting water quality, Defendants cannot maintain the argument that the presence of *other* contaminants should reduce the City's *MTBE*-related damages. Whether "the City's water would be otherwise pristine" is not the issue. (*See* Defs' Opp. at 8.)

Any possible differences in *treatment costs* or *treatment techniques* are not the same as differences in the *toxicity*, relative to MTBE, of other contaminants that may be present in the groundwater. Only the toxicity of MTBE is at issue in this case because the City has not alleged that its damages are caused by any other groundwater contaminant. Evidence that other contaminants that may be present in the groundwater are more or less toxic than MTBE is irrelevant because it does not tend to make any fact at issue in the case – which concerns the damage caused by MTBE only – more or less probable than it would be without the evidence, and should therefore be excluded. Fed.R.Evid. 402.

Furthermore, there is no reason whatsoever why the jury should have to sit through lengthy discussions of the toxicity or lack thereof of contaminants that are not at issue in this case and not related to MTBE, especially when such contaminants may require completely different treatment processes than MTBE or are not constituents of gasoline. PCE and TCE, for instance, mentioned by Defendants in their Opposition (p. 3-4, 7) have nothing to do with releases from gasoline stations. Furthermore, the toxicity of such chemicals has no tendency to

3

make any fact at issue in this case more or less probable, because the City's injury stems from the presence and toxicity of MTBE in its wells. Permitting Defendants to mount a lengthy discussion of the relative toxicity of such chemicals at trial would consume undue amounts of time and would only confuse and mislead the jury with respect to *MTBE's* toxicity – the only contaminant at issue here. For this reason, evidence of the relative toxicity of non-MTBE contaminants, a collateral matter, should be excluded. Fed. R. Evid. 403; *see U.S. v. Fonseca*, 435 F.3d 369, 375 (D.C. Cir. 2006) (evidence regarding collateral matters likely to implicate Rule 403 problems of confusing or misleading the jury or wasting time).

### III. CONCLUSION

For the foregoing reasons, this Court should grant the City's Motion in Limine No. 7 to exclude evidence of the relative toxicity of other contaminants as compared to MTBE.

Dated: San Francisco, California
       June 2, 2009

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
Attorney for Plaintiff City of New York
100 Church Street
New York, New York 10007
(212) 788-1568

/s/ *MARNIE E. RIDDLE*
VICTOR M. SHER (*pro hac vice*)
TODD E. ROBINS (*pro hac vice*)
JOSHUA STEIN (*pro hac vice*)
LESLEY E. WILLIAMS (LW8392)
NICHOLAS G. CAMPINS (*pro hac vice*)
MARNIE E. RIDDLE (*pro hac vice*)

SHER LEFF LLP
450 Mission Street, Suite 400
San Francisco, CA 94105
(415) 348-8300

*Attorneys for Plaintiff City of New York*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the following document was served on Liaison Counsel via Electronic Mail, and on all counsel of record by posting it directly to CM/ECF and LexisNexis File & Serve on the 2nd day of June, 2009:

**PLAINTIFF CITY OF NEW YORK'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION *IN LIMINE* NO. 7 TO EXCLUDE EVIDENCE OF THE RELATIVE TOXICITY OF OTHER CONTAMINANTS AS COMPARED TO MTBE**

*/s/ Kristin Meyers*
KRISTIN MEYERS