UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re: Methyl Tertiary Butyl Ether ("MTBE")
Products Liability Litigation

This document pertains to:

*City of New York v. Amerada Hess Corp. et al.,*
Case No. NY-04-CV-03417

Master File No. 1:00-1898
MDL 1358 (SAS)
M21-88

# REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING OTHER MTBE LITIGATION

## INTRODUCTION

Plaintiff's opposition proffers a series of (weak) reasons why evidence about the existence of other MTBE actions is relevant to the present case, but makes only a superficial attempt to explain how such evidence will not unfairly prejudice ExxonMobil. Plaintiff ignores the risk that such evidence will mislead and inflame the jury, stating merely (and without any support) that said risk does not outweigh probative value. *See Plaintiff City of New York's Opposition to Defendants' Joint Motion in Limine to Exclude Evidence and Argument Regarding Other MTBE Litigation* ("Pl.'s Mem."), at 4-5. ExxonMobil maintains that any probative value of the jury hearing about the existence of "other litigation" is marginal, at best, and that in any event Plaintiff's contentions about relevance are predicated on a misunderstanding (or, perhaps, a mischaracterization) of the evidence that Plaintiff will try to offer at trial.

It is not the existence of other litigation—*e.g.* information about the filing and adjudication of other claims relating to MTBE—that is possibly relevant here. Rather, the only *possibly* relevant information, and that which ExxonMobil believes Plaintiff truly intends to try to offer at trial, is the underlying evidence that was presented and/or discovered during the course of that other litigation. Plaintiff may do so (subject, of course, to the Court's prior Orders, ExxonMobil's individual objections, and other pending motions *in limine*) without reference to the other litigation. In fact, this Court sanctioned the use of evidence from certain "Prior MTBE Litigation" matters in Case Management Orders 4 and 6. Because the risk of unfair prejudice to ExxonMobil substantially outweighs the probative value of plaintiff referring to the existence, or alleged facts, of other MTBE cases at this trial, ExxonMobil's motion *in limine* to exclude such evidence (or references to, or argument about such other litigation) should be granted.

# ARGUMENT

## I. Evidence About The Existence Of Other MTBE Cases Is Highly Prejudicial Because It Is Likely To Inflame Emotions, Confuse And Prejudice The Jury.

Federal Rule of Evidence 403 permits the exclusion of evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence." FED. R. EVID. 403; *United States v. Royer*, 549 F.3d 886, 901 (2d Cir. 2008) ("Federal Rule of Evidence 403 allows relevant evidence to be excluded by the trial court if its probative value is substantially outweighed by such dangers as unfair prejudice." (internal quotations omitted)). Evidence about the existence of other MTBE cases – many of which, as the Court is aware, are the subject of a pending settlement between plaintiffs' counsel (Mr. Gordon and Mr. Summy) and ExxonMobil – is just the type of evidence that Rule 403 was intended to exclude. Such evidence has an undue tendency to elicit an improper and emotional response from jurors, potentially clouding the judgment of jurors by improperly suggesting (without any proof) that the extent of alleged damages from MTBE is widespread – a suggestion that, of course, ExxonMobil would dispute. *See, e.g., United States v. Bermudez*, 529 F.3d 158, 170 (2d Cir. 2008) (citing *Old Chief v. United States*, 519 U.S. 172, 180 (1997)).

Plaintiff argues that there is no blanket exclusion of evidence or argument about other existing (or prior) litigation. *See Pl.'s Mem.* at 2. But ExxonMobil has not suggested the existence of a "blanket" exclusion. Rather, ExxonMobil has requested exclusion here because of the extreme risk of prejudice that arises if a jury is allowed to hear about the existence of dozens of other MTBE cases across the country. The Fourth Circuit decision on which Plaintiff relies, *Buckley v. Mukasey*, is distinguishable and highlights the need for a case-specific analysis of exclusion. In *Buckley* the plaintiff brought a claim for retaliation under Title VII of the Civil

Rights Act of 1964. 538 F.3d 306, 308 (4th Cir. 2008). The plaintiff alleged that she was not promoted because of her involvement in an earlier discrimination action against her employer. *Id.* at 318. In that specific situation, the Fourth Circuit held that evidence of this prior litigation was relevant because it was necessary to the plaintiff's showing of retaliatory animus, a required element of her claim. *Id.* Obviously, Plaintiff is *not* in the same position here – *i.e.*, it does not need (and should not be permitted) to tell the jury about the existence of other MTBE cases to prove up any of its claims in this particular case. Plaintiff's only possible reason for wanting to tell the jury about the existence of other MTBE cases is to convey to the jurors, improperly, the misimpression that the City's alleged "MTBE problem" is shared by others – an ironic goal given the wholesale lack of evidence of any "MTBE problem" in the City's own wells here. The point is that, even if such an "MTBE problem" existed here (and it does not), evidence of other MTBE cases in Kansas, Illinois or some other far-flung part of the country has no relevance and would be highly prejudicial.

The balancing of probative value versus prejudicial risk about prior (or existing) litigation is case specific, and, in fact, this Court has excluded such evidence on at least one occasion. *See Union Carbide Corp. v. Montell N.V.*, 28 F. Supp. 2d 833, 838-39 (S.D.N.Y. 1998) (Scheindlin, J.) (excluding evidence of other litigation previously filed by plaintiff where risk of prejudice substantially outweighed probative value). As discussed below, evidence of other MTBE litigation has extremely limited probative value to the present action, if any, and therefore should be excluded under Federal Rule of Evidence 403.

II. **Evidence *From* Other Litigation, Not Evidence *Of* Other Litigation, Is The Only Possibly Relevant Evidence To This Case.**

Relevant evidence is that which has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would

be without the evidence." FED. R. EVID. 401. Plaintiff has argued that evidence of other MTBE litigation is relevant to several of its claims because it demonstrates "what defendants knew or should have known, or what was reasonable, regarding the hazards associated with the use of MTBE in gasoline." *See Pl.'s Mem.* at 3. For example, Plaintiff argues that evidence of other MTBE litigation is relevant to its TSCA cause of action because such evidence demonstrates knowledge of health studies that ExxonMobil was obligated to submit to EPA and the timing of such knowledge. *Id.* Also probative of this point, however, are the actual studies and employee deposition testimony discussing them. In other words, it is the evidence *from* other litigation (and, more to the point, the evidence from *this* litigation), not evidence *of* other litigation, that is possibly relevant and admissible in this case. Plaintiff will not be prejudiced by the exclusion of "other litigation" evidence because the Court has specifically allowed for (subject to evidentiary objections) the use of documents and deposition testimony taken in certain prior MTBE cases. *See, e.g. Case Management Order # 4 (Oct. 19, 2004)* (permitting written discovery only as to defendants who were not party to *South Tahoe Public Utilities District v. Atlantic Richfield Co.* or *Communities for a Better Environment v. Unocal Corp., et al.*); *see also Memorandum of Law in Support of Defendants' Joint Motion in Limine to Exclude Evidence and Argument Regarding Other MTBE Litigation*, at 1 (requesting limitation on discussion of circumstances surrounding prior MTBE testimony offered at trial, but not requesting exclusion of testimony).

Plaintiff's argument that the mention of other MTBE litigation cannot be avoided, *see Pl.'s Mem.* at 3-4, is unpersuasive. Use of prior testimony for impeachment or other purposes does not require an introductory statement by counsel explaining the circumstances surrounding such testimony. The single, hand-picked example Plaintiff offers is the deposition testimony of ExxonMobil employee Andrew Madden. While it is true that at Mr. Madden's deposition he

was questioned about the effect that litigation may have played in ExxonMobil's decision to remove MTBE from gasoline, *see id.* at 4, it cannot be said that this line of questioning is at all relevant or likely to be admitted at trial. First, the topics for which Mr. Madden was designated to offer deposition testimony on behalf of ExxonMobil specifically *excluded* "the removal of MTBE from gasoline for California, New York, or Connecticut." *Declaration of Stephen J. Riccardulli in Support of Defendants' Motion in Limine to Exclude Evidence and Argument Regarding Other MTBE Litigation* ("Riccardulli Decl."), Ex. 1 (*Deposition of A. Madden (Aug. 22, 2007)*) at 15:12-23. And second, a witness adequately prepared to discuss this issue will present testimony that ExxonMobil removed MTBE from gasoline in New York because of the State ban, not because of pending litigation. *See Riccardulli Decl.*, Ex. 2 (*Deposition of T. Eizember (May 21, 2007)*) at 14:2-5, 108:1-3 (as the "designee ... for the response to the New York state ban," Mr. Eizember testified that the conversion from MTBE to ethanol in the New York market was "driven by the legislative ban[] in ... New York."). The existence of litigation against ExxonMobil (now or in the past) does not become relevant to the issues in this case simply because Plaintiff's counsel inquired about such litigation at a deposition. Stretching to offer an example of how evidence of other MTBE litigation may come into play at trial, Plaintiff has only highlighted the absence of probative value to this evidence.

### III. Admission of Other Litigation Evidence Will Unnecessarily Delay Trial By Requiring ExxonMobil to Offer Evidence to "Complete the Picture" Presented by Plaintiff.

Finally, Plaintiff's apparent desire to tell the jury about the mere existence of other "MTBE" cases certainly would distract – and arguably may overwhelm – the important issues for trial in this matter. If Plaintiff is permitted to tell the jury about any of the dozens of other MTBE cases (past or present), ExxonMobil may have no choice but to respond with its own

proofs about those cases – *e.g.*, what types of wells or resources were effected; what claims were asserted; or, as reported extensively in the public record, to what purposes any particular relief might have been directed. By way of example only, if Plaintiff here is permitted to tell the jury about the *City of Park City v. Alon USA Energy, Inc., et al.* case, ExxonMobil arguably should be permitted to tell the jury that plaintiff City of Park City reportedly used more than half of the money it received from this "other MTBE case" not to address MTBE contamination, but instead to construct a bridge, upgrade fire hydrants, undertake "street beautification," and build a city library. *See Park City to Spend Settlement Money*, Jan. 29, 2009 (*available at* http://www.ark valleynews.com/web/isite.dll?1233271589156). Or, if Plaintiff is permitted to offer evidence regarding the multi-plaintiff *Town of Duxbury* case out of Massachusetts, ExxonMobil should be permitted to inform the jury that one plaintiff, the Town of Dover, reportedly voted to use the proceeds it received from this "other MTBE case" not to address MTBE contamination, but to fund non-pension benefits for retirees. *See Dover Contamination Lawsuit: Settlement Money to Fund Retiree Benefits*, May 12, 2009 (*available at* http://www.wickedlocal.com/dover/news/ x362993817/Dover-contamination-lawsuit-settlement-money-to-fund-retiree-benefits). In short: Plaintiff should not be permitted to leave the impression that any particular case was about an "MTBE problem" (or a broader MTBE problem) when, in fact, there are other facts in the record (public or otherwise) which suggest otherwise and may be required to put the "other MTBE case" into a fair context.

The bottom line is that permitting evidence (or argument, or references) about the mere existence of other MTBE cases likely will give rise to the proverbial "trial within a trial," as the jury will need to understand the complete "story" of what each such case actually entailed. The

results are inefficiency and prejudice (perhaps to both sides), with no commensurate return in terms of relevance or probative value.

## CONCLUSION

For the foregoing reasons, ExxonMobil's motion *in limine* to exclude evidence or argument regarding other MTBE litigation should be granted.

Dated: New York, New York
       June 2, 2009

Respectfully submitted,

MCDERMOTT WILL & EMERY LLP
Peter J. Sacripanti (PS 8968)
James A. Pardo (JP 9018)
Stephen J. Riccardulli (SR 7784)
Lauren E. Handel (LH 0755)
340 Madison Avenue
New York, NY 10173-1922
Tel: (212) 547-5400
Fax: (212) 547-5444

Jennifer Kalnins Temple (JK 3274)
18191 Von Karman Avenue, Suite 500
Irvine, CA 92612-7108
Tel: (949) 757-7128
Fax: (949) 851-9348

*Attorneys for the Exxon Mobil Corporation Defendants*

## CERTIFICATE OF SERVICE

Lisa A. Gerson, pursuant to 28 U.S.C. 1746, hereby declares under penalty of perjury, that on the 2nd day of June, 2009, I caused to be served by electronic means upon counsel for plaintiff, a true and correct copy of REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING OTHER MTBE LITIGATION.

_____
Lisa A. Gerson