UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation<br><br>This document pertains to:<br><br>*City of New York v. Amerada Hess Corp. et al.,*<br>Case No. NY-04-CV-03417 | Master File No. 1:00-1898<br>MDL 1358 (SAS)<br>M21-88 |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE PLAINTIFF FROM OFFERING EVIDENCE OR ARGUMENT CONCERNING ANY POLICY OR REQUIREMENT TO TREAT MTBE CONTAMINATION TO ANY LEVEL OTHER THAN THE NEW YORK STATE <u>MAXIMUM CONTAMINANT LEVEL</u>**

## INTRODUCTION

Defendant Exxon Mobil Corporation ("Defendant") is not attempting to "pre-argue" the question of whether the City may be injured by MTBE detections below the MCL. *See Plaintiff City of New York's Corrected Memorandum of Law in Opposition to Defendants' Joint Motion in Limine to Preclude Plaintiff from Offering Evidence or Argument Concerning any Policy or Requirement to Treat MTBE Contamination to any Level Other than the New York State Maximum Contaminant Level* ("*Pl.'s Mem.*") at 3. Defendant is well aware of this Court's October 2006 decision on standing and its ruling that a plaintiff may be injured by low-level MTBE detections leading to (1) taste or order complaints, and/or (2) monitoring and treatment costs to prevent MCL violations. *See In re MTBE Prods. Liab. Litig.*, 458 F. Supp. 2d 149, 159 (S.D.N.Y. 2006). Plaintiff City of New York ("City") has no evidence of either and, therefore, in the eleventh hour it has concocted a new requirement—to treat MTBE to the "lowest practical level" or on the order of 1-2 parts per billion ("ppb"). *Pl.'s Mem.* at 6-7. This new "requirement" has no support whatsoever under any applicable law.

The City's Opposition to Defendant's motion is based upon counsel's creative reading of *recommended* and undefined standards that even the Plaintiff's witnesses were unaware of. The City's Director of Water Quality, identified by the City as a witness who will give opinion testimony on the "quality of water delivered to City consumers" had never seen the standards on which Plaintiff predominantly bases its argument prior to being shown them by counsel the night before his deposition. *See Reply Declaration of Jennifer Kalnins Temple* ("Kalnins Temple Reply Decl."), Ex. 1 (*Deposition of Steven Schindler* (Apr. 23, 2009)) at 59:1-23.

Plaintiff's newly stated goal to "achieve concentrations [of MTBE] below 1-2 ppb in order to ensure public acceptance" will certainly resonate with jurors. *Pl.'s Mem.* at 7.

However, legal injury in this case is defined by State regulations as well as by this Court's prior holdings. It is *not* defined by the Plaintiff's aspirational policies. To permit the jury to hear these policies described as "required" or "necessary" is confusing and misleading. And the risk of prejudice inherent in such testimony is enhanced by Plaintiff's position as a governmental entity.

## ARGUMENT

Evidence that has a high potential to confuse or mislead the jury, or to suggest decision on an improper basis, may be excluded at the Court's discretion although it has some probative value. *See* FED. R. EVID. 403; *United States v. Bermudez*, 529 F.3d 158, 170 (2d Cir. 2008) ("Unfair prejudice" in the context of Federal Rule of Evidence 403, "means an undue tendency to suggest decision on an improper basis...."); *United States v. Bowe*, 360 F.2d 1, 15 (2d Cir. 1966) ("A trial judge has discretion to exclude evidence which is only slightly probative if its introduction would confuse and mislead the jury ...."); *Guidi v. Inter-Continental Hotels Corp.*, No. 95 Civ. 9006, 2003 U.S. Dist. LEXIS 6385, at *5-*6 (S.D.N.Y. Apr. 16, 2003) (excluding evidence where "likelihood of jury confusion [was] great").

Plaintiff's Opposition cites New York State regulations that refer to "Recommended Standards" for treatment to "the lowest practical level." *See, e.g. Pl.'s Mem.* at 5-6 (discussing 10 N.Y. Comp. Codes R. & Regs §§ 5-1.12, 5-1.22, 5-6.5). To be clear, Defendant's present motion is not directed at the exclusion of New York State laws or regulations.[1] Rather,

---

[1] Defendant does not concede that any of these sections is applicable here, nor does it agree with Plaintiff's interpretation of the same. Furthermore, Plaintiff's reference to 10 N.Y.C.R.R. § 5-6.5 is perplexing as this section applies to "bottled and bulk water," neither of which is at issue in this case. *See* 10 N.Y.C.R.R. §§ 5-6.1, 5-6.3 (discussing applicability and defining "bulk water" as "water intended for potable uses which is *transported by tank trucks*") (emphasis added).

Defendant's motion seeks to prevent Plaintiff's witnesses from presenting the extremely prejudicial testimony that it *must* treat MTBE to 1 ppb or lower pursuant to City *policy*. *See Def.'s Mem.* at 4-5. A jury, hearing testimony from a governmental entity, will take "policy" to mean "law," and will find injury at 1 ppb or less on that basis alone. *Cf. United States v. Casas*, 356 F.3d 104, 120 (1st Cir. 2004) ("Overview testimony by government agents is especially problematic because juries may place greater weight on evidence perceived to have the imprimatur of the government.") However, legal injury is not defined by the MTBE levels the City aspires to achieve, and Defendant will be unfairly prejudiced by any suggestion to the contrary. *Cf. Thompson v. City of Chicago*, 472 F.3d 444, 457 (7th Cir. 2006) (officer's failure to adhere to internal policies irrelevant to issue of breach of duty of care).

The City's Director of Water Quality, Steven Schindler, has stated "[i]t is the policy of NYCDEP that, to the extent feasible, water provided in the future from any wells within the groundwater system ... be as pure and clean, in terms of toxic chemical contaminants, as the water from the surface supply system," *Pl.'s Mem.* at 7, and that it is the City's "goal to achieve less than one part per billion of MTBE." Kalnins Temple Reply Decl., Ex. 1, at 123:7-8. Aspiring to provide "pure and clean" water certainly seems like a valid and worthy goal. The problem is that such testimony will improperly lead a jury to conclude that Plaintiff has been injured upon a showing of nothing more than its inability to achieve that goal. But even Mr. Schindler agreed "that it isn't possible to deliver water to consumers with zero contaminants," *id.* at 119:17-19, and he conceded that MTBE has been detected in the surface supply system above 1 ppb on multiple occasions. *Id.* at 195:10-19; 202:6-10; 203:15-21; 204:16-21.

In support of its policy, Plaintiff refers to the "Recommended Standards for Water Works," and argues that these standards require it to treat MTBE to the "lowest practical level."

*See Pl.'s Mem.* at 6. But nowhere in the New York State Regulations is the term "lowest practical level" defined. *See* Kalnins Temple Reply Decl., Ex. 2 (*Deposition of Marnie Bell* (Apr. 20-21, 2009)), at 244:23-245:2. Even Plaintiff's expert, Marnie Bell, described her understanding of the "lowest practical level," as "incorporat[ing] what's technologically feasible" and conceded that "[c]osts must also be considered as well." *Id.* at 645:1-4. At trial Plaintiff will creatively try to put meat on this bone by referring to this recommended standard in one breath and by then referring to its policy of treating MTBE to 1 ppb. Such testimony is unfairly prejudicial because it will mislead the jury as to what is legally required, or even what is feasibly attainable.

## CONCLUSION

For the foregoing reasons, ExxonMobil's motion to exclude evidence or argument of Plaintiff's internal policies regarding detections of MTBE below the MCL should be granted.

Dated: New York, New York  
      June 2, 2009

Respectfully submitted,

_____  
Jennifer Kalnins Temple (JK 3274)  
MCDERMOTT WILL & EMERY LLP  
18191 Von Karman Avenue, Suite 500  
Irvine, CA 92612-7108  
Tel: (949) 757-7128  
Fax: (949) 851-9348

MCDERMOTT WILL & EMERY LLP  
Peter J. Sacripanti (PS 8968)  
James A. Pardo (JP 9018)  
Stephen J. Riccardulli (SR 7784)  
340 Madison Avenue  
New York, NY 10173-1922

*Attorneys for the Exxon Mobil Corporation Defendants*

## **CERTIFICATE OF SERVICE**

Lisa A. Gerson, pursuant to 28 U.S.C. 1746, hereby declares under penalty of perjury, that on the 2nd day of June, 2009, I caused to be served by electronic means upon counsel for plaintiff, a true and correct copy of REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE PLAINTIFF FROM OFFERING EVIDENCE OR ARGUMENT CONCERNING ANY POLICY OR REQUIREMENT TO TREAT MTBE CONTAMINATION TO ANY LEVEL OTHER THAN THE NEW YORK STATE MAXIMUM CONTAMINANT LEVEL.

Lisa A. Gerson