UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re: Methyl Tertiary Butyl Ether ("MTBE")
Products Liability Litigation

This document pertains to:

*City of New York v. Amerada Hess Corp. et al.*,
Case No. NY-04-CV-03417

Master File No. 1:00-1898
MDL 1358 (SAS)
M21-88

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING DAMAGE CAUSED BY TBA**

## INTRODUCTION

Plaintiff City of New York has disclaimed any intention of submitting evidence or argument "regarding damage caused by the presence of TBA" within its case-in-chief and has conceded that "the cost of treating for TBA is not relevant to the City's damage calculation."[1] *Plaintiff's Memorandum of Law in Opposition to Defendants' Motion in Limine to Exclude Evidence and Argument Regarding Damage Caused by TBA* ("Pl. Mem."), at 2. In other words, the City has conceded that (1) it has no present damages caused by TBA and (2) that the cost of treating TBA is *"not relevant,"* yet the City claims such evidence should be admitted anyway. The City cannot escape its admission that TBA is irrelevant to this trial by suggesting that it should be permitted to present speculation of possible, future increased costs due to TBA when its own expert explicitly stated that she did not formulate an opinion on TBA treatment costs precisely because *there is no evidence* to support any past, present or future damages to the City due to TBA. The City is wasting the Court's time in opposing this motion—it should not be permitted to present speculative, unsubstantiated evidence to the jury in order to cause confusion about the nature and extent of the damages it seeks in this lawsuit (*i.e.*, damages allegedly caused by MTBE, not TBA).

## ARGUMENT

It is apparently the City's position that if ExxonMobil should tell the jury that MTBE biodegrades—a position Plaintiff has been well aware of and will aggressively dispute—Plaintiff should be permitted to retract its concession that it has no damage due to TBA and present evidence that uncertain and speculative damages may result (from TBA) at some time in the

---

[1] At minimum, Plaintiff's concession that evidence of TBA is irrelevant to its case-in-chief warrants an order from this Court excluding any such evidence during that part of the trial.

future. Under New York law, however, a jury may not consider evidence of future consequences of present damage unless such future consequences "are *reasonably certain* to ensue." *See Strohm v. New York, L.E. & W.R. Co.*, 96 N.Y. 305, 306-07 (1884) (emphasis added) (ordering new trial where "the door was opened for the jury in estimating the damages, to include compensation for the mere hazard to which the plaintiff was claimed to be exposed.... It is impossible ... to say that the error could not have prejudiced the defendant, or influenced the amount of the verdict."); *see also Caudle v. Towers, Perrin, Forster & Crosby, Inc.*, 580 F. Supp. 2d 273, 281 (S.D.N.Y. 2008) (dismissing claims for negligence and breach of fiduciary duty based on future risk of identity theft and stating that New York "has required a high degree of probability that a future injury will occur before allowing a plaintiff to recover damages for the potential injury."); *Askey v. Occidental Chem. Corp.*, 477 N.Y.S.2d 242, 247 (4th Dep't 1984) ("Damages for the prospective consequences of a tortious injury are recoverable only if the prospective consequences may with reasonable probability be expected to flow from the past harm."); *cf. Jenkins v. Etlinger, et al.*, 55 N.Y.2d 35, 40 (1982) (award for replacement cost of damaged trees improperly predicated on speculation where plaintiff failed to offer evidence of precise number of trees destroyed).

Plaintiff points to no evidence of past TBA contamination requiring treatment. Moreover, it points to no evidence that concentrations of TBA will be detected in its wells in the future, never mind evidence of the measure of increased treatment costs that might materialize *if* such detections occur *and* require treatment. In fact, Plaintiff's experts have declined to make such predictions or calculations. *See generally Cohen-Bell Report* (Feb. 7, 2009); *Second Errata to February 6, 2008 Expert Report of David B. Terry, P.G.* (Apr. 20, 2009). The City's expert on treatment costs, Marnie Bell, explicitly stated that she did not form an opinion that the City

had to spend any money to treat TBA contamination. The City's Opposition makes clear that both sides are aware that MTBE can biodegrade to TBA. *Pl. Mem.* at 2. Ms. Bell could have addressed this issue in her Rebuttal Report, but she did not. In fact, as Ms. Bell admitted in her Report, there is no basis on which she could project future TBA treatment costs since there is no evidence that TBA has been detected or will ever be detected in the City's wells at levels requiring treatment, or at any level. *Def. Mem.* at 3-4. Therefore, the statement that MTBE's degradation to TBA "will create an entirely new set of treatment issues and costs" is patently false. *Pl. Mem.* at 3. Even if MTBE degraded to TBA here, there is absolutely no evidence that TBA would then be detected in any of Plaintiff's wells, or (if detected) at a level requiring action by Plaintiff. Statements, arguments or representations to the contrary would be purely speculative. Likewise, the jury would have nothing but speculation on which to base any increase in its award of damages, to account for TBA, and such a result would be impermissible. *See Strohm*, 96 N.Y. at 306 ("Consequences which are contingent, speculative, or merely possible, are not proper to be considered in ascertaining the damages."); *Jenkins*, 55 N.Y.2d at 40 ("plaintiffs were never able to state the precise number of trees that were present on their property and destroyed .... Inasmuch as recovery for this loss would necessarily be predicated on speculation, the Appellate Division's award must be reversed.")

The City first detected MTBE in a focus well more than twelve years ago, s*ee Reply Declaration of Jennifer Kalnins Temple in Further Support of Defendants' Motion in Limine to Exclude Evidence and Argument Regarding Damage Caused by TBA*, Ex. 1 (*Plaintiff's Proposed Pre-Trial Order* (May 8, 2009)), at ¶ 89 (MTBE first detected in well 5 in January 1997), and observed its highest MTBE detection more than six years ago. *Id.* at ¶ 248 (MTBE purportedly detected in well 6D at 350 ppb on January 28, 2003). Despite these findings, the City has had

but one TBA detection, and that detection was at such a low concentration that Plaintiff has renounced present damage from TBA. *See Declaration of Jennifer Kalnins Temple in Support of Defendants' Joint Motion in Limine to Exclude Evidence and Argument Regarding Damage Caused by TBA*, Ex. A (Expert Report of D. Cohen and M. Bell), Ex. B. (Deposition of M. Bell); *see also* Pl. Mem. at 2. If the City was going to have a problem with TBA contamination caused by MTBE biodegradation, the evidence would exist to support that theory. But it does not exist. Furthermore, the City's experts were free to so opine, particularly in response to the opinions put forth by the defense experts, but they declined to do so.

Lastly, admitting any argument (there is no evidence) that Plaintiff may incur future costs because of TBA would unfairly prejudice ExxonMobil because any such argument is, by definition, speculative and unsupported and thus likely to improperly influence the jury's award of damages. *See* FED. R. EVID. 403; *United States v. Royer*, 549 F.3d 886, 901 (2d Cir. 2008) ("Federal Rule of Evidence 403 allows relevant evidence to be excluded by the trial court if its probative value is substantially outweighed by such dangers as unfair prejudice." (internal quotations omitted)); *United States v. Bermudez*, 529 F.3d 158, 170 (2d Cir. 2008) ("unfair prejudice" in the context of Federal Rule of Evidence 403, "means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." (citing *Old Chief v. United States*, 519 U.S. 172, 180 (1997)); *Strohm*, 96 N.Y. at 306-07. Because there is no evidence that the City has or will suffer damage caused by TBA, any argument or representation to the contrary at trial would be unfairly prejudicial and should be excluded.

## CONCLUSION

For the foregoing reasons, ExxonMobil's motion *in limine* to exclude evidence or argument regarding damage caused by TBA should be granted.

- 5 -

Dated: New York, New York  
       June 2, 2009

Respectfully submitted,

*/s/ Jennifer Kalnins Temple*  
Jennifer Kalnins Temple (JK 3274)  
MCDERMOTT WILL & EMERY LLP  
18191 Von Karman Avenue, Suite 500  
Irvine, CA 92612-7108  
Tel: (949) 757-7128  
Fax: (949) 851-9348

Peter J. Sacripanti (PS 8968)  
James A. Pardo (JP 9018)  
MCDERMOTT WILL & EMERY LLP  
340 Madison Avenue  
New York, NY 10173-1922

*Attorneys for the Exxon Mobil Corporation Defendants*

## CERTIFICATE OF SERVICE

Lisa A. Gerson, pursuant to 28 U.S.C. 1746, hereby declares under penalty of perjury, that on the 2nd day of June, 2009, I caused to be served by electronic means upon counsel for plaintiff, a true and correct copy of REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING DAMAGE CAUSED BY TBA.

Lisa A. Gerson