UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation | Master File No. 1:00-1898 MDL 1358 (SAS) M21-88 |
| This document pertains to: *City of New York v. Amerada Hess Corp, et al.,* Case No. NY-04-CV-03417 | |

**DEFENDANT'S REPLY IN FURTHER SUPPORT OF ITS MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF PAST COSTS OR INJURY ASSOCIATED WITH PLAINTIFF'S WELLS 5, 22, 26, 39 AND 45**

## INTRODUCTION

Plaintiff City of New York ("City") admits that it is not seeking to recover any past costs incurred for the MTBE alleged to have been detected in Wells 5, 22, 29, 36 and 45, and it will not introduce any evidence for that purpose. *Plaintiff City of New York's Memorandum of Law in Opposition to Defendants' Joint Motion in Limine to Exclude Evidence of Past Cost or Injury Associated With Wells 5, 22, 26, 39, and 45* (May 26, 2009) ("*Pl. Mem.*") at 2. Undoubtedly, this is because these wells are now out of service for reasons wholly unrelated to MTBE and the levels of MTBE allegedly detected when the wells were in service in no way impacted the City's use of these wells. Yet, the City argues that it should be permitted to introduce evidence of money spent on maintenance or treatment systems for these wells to refute the anticipated argument from ExxonMobil that the City has abandoned its well system. ExxonMobil does not dispute the relevance of evidence that may show the City's intent to use its well system at some indefinite point in the future. However, ExxonMobil respectfully requests that the Court grant its motion to the following extent: (1) the City may not make any argument that it has incurred any past costs relating to MTBE allegedly detected in Defendants' focus wells; and (2) while the City may enter evidence that it maintains its well system and has installed improvements or equipment on these wells to refute any argument that the City has abandoned them, the City may not enter any evidence of actual monies spent for this purpose because the risk of jury confusion outweighs the probative value of such evidence.

## ARGUMENT

The City admits that it "will not claim that it should be compensated for [past costs]" in connection with wells 5, 22, 26, 39 and 45. *Pl. Mem.* at 3. Therefore, ExxonMobil respectfully submits that the Court should enter an order barring the City from making any argument to the contrary at trial. *See* May 21, 2009, Conference Transcript at 35:2-6 (THE COURT: I can do

that right now.  Mr. Sher, are there past costs with respect to the defense selected wells?  MR. SHER:  No, there aren't, your Honor, and we have stated it on the record.")

In addition, the Court should also enter an order limiting the use of evidence that the City has spent money to maintain or upgrade its now idle well system.  Even if relevant, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence."  FED. R. EVID. 403; *United States v. Royer*, 549 F.3d 886, 901 (2d Cir. 2008) ("Federal Rule of Evidence 403 allows relevant evidence to be excluded by the trial court if its probative value is substantially outweighed by such dangers as unfair prejudice." (internal quotations omitted)); *United States v. Bowe*, 360 F.2d 1, 15 (2d Cir. 1966) ("A trial judge has discretion to exclude evidence which is only slightly probative if its introduction would confuse and mislead the jury by focusing its attention on collateral issues and if it would unnecessarily delay the trial.").  The City states that evidence of past monies spent to maintain and improve its wells is necessary to rebut the argument that it has abandoned these wells.  Evidence that the City has maintained its wells (*e.g.,* by installing upgrades to the electrical system on a well pump) *may* be relevant for that limited purpose, but the City wants to go further and enter evidence of the "significant monies" it has spent, for example, to install treatment at well 22 in anticipation of a drought emergency that never came to pass.  *Pl. Mem.* at 3.  Given the City's concession that any such money spent is wholly unrelated to MTBE, any reference at trial to dollar figures relating to maintenance or installation of treatment systems unrelated to MTBE risks the jury being confused as to whether any potential award of damages in this case should account for such expenditures.  While the maintenance efforts may be relevant, the associated dollar figures are not.  Even if they are

relevant, the probative value is outweighed by the potential prejudice and jury confusion. *Royer*, 549 F.3d at 901.   Accordingly, the City should be barred from entering evidence of pasts monies spent in connection with wells 5, 22, 26, 39 and 45.

ExxonMobil need not respond here to the City's arguments about whether or not the historic low levels of MTBE detected in wells 5, 22, 26, 39 and 45 amount to legal injury. *Pl. Mem.* at 3-4. As the City states, the issue of whether the City must present evidence sufficient to show "injury" prior to evidence purporting to quantify the "damage" associated with any alleged injury is not the focus of this Motion. *See Defendants' Motion in Limine to Exclude Evidence and Argument Regarding Plaintiff's Past and Future Investigation and Treatment Costs Until it Proves Actual Injury* (May 11, 2009) and *Defendants' Motion in Limine to Exclude Evidence of Future Injury or Damage to Wells 5, 22, 26, 39 and 45* (May 11, 2009).   Indeed, the jury will consider whether these past low level MTBE detections could have caused injury or damage to the City when it admits that: (1) it has incurred no historic costs associated with these detections; (2) the majority of these wells have never pumped to its system (except for wells 5 and 45); and (3) even for those wells that once pumped, the City has no evidence that even one customer complained about the quality of the water delivered to these wells due to the alleged presence of MTBE. *See City of New York's Opposition to Defendants' Motion in Limine to Exclude Evidence of Customer Taste and Odor Complaints* (May 26, 2009) at 2 ("most of the wells in question have never or barely been used during the relevant time period.").

## CONCLUSION

For the reasons stated above, Defendants respectfully request the Court to enter an Order barring the City from (1) making any argument that it has incurred past costs relating to MTBE allegedly detected in Defendants' focus wells; and (2) entering any evidence of past monies spent in connection with the maintenance of Defendants' focus wells.

Dated: New York, New York
      June 2, 2009

Respectfully submitted,

_____

Jennifer Kalnins Temple (JK 3274)
MCDERMOTT WILL & EMERY LLP
18191 Von Karman Avenue, Suite 500
Irvine, CA 92612-7108
Tel: (949) 757-7128
Fax: (949) 851-9348

Peter J. Sacripanti (PS 8968)
James A. Pardo (JP 9018)
Stephen J. Riccardulli (SR 7784)
340 Madison Avenue
New York, NY 10173-1922

*Attorneys for the Exxon Mobil Corporation*
*Defendants*