UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation<br><br>This document pertains to:<br><br>*City of New York v. Amerada Hess Corp. et al.*, Case No. NY-04-CV-03417 | Master File No. 1:00-1898<br>MDL 1358 (SAS)<br>M21-88 |

### DEFENDANTS' REPLY IN FURTHER SUPPORT OF DEFENDANTS' JOINT MOTION *IN LIMINE* TO PRECLUDE PLAINTIFF FROM INTRODUCING EVIDENCE OR ARGUMENT: (1) RELATING TO NON-PARTIES AGAINST DEFENDANTS; OR (2) RELATING ONLY TO ONE DEFENDANT AGAINST MULTIPLE DEFENDANTS

## INTRODUCTION

Plaintiff's opposition fails to establish that evidence and argument about non-parties is relevant to any issue to be decided at trial. Even if such evidence had any relevance – and it does not – it should be excluded on the grounds that it is unfairly prejudicial to ExxonMobil and will only mislead the jury, confuse the issues, and needlessly prolong the trial. *See* Fed. R. Evid. 403.

## ARGUMENT

I.  **Evidence of Non-Parties Is Not Relevant to What Defendants Knew or Should Have Known About the Risks of MTBE.**

Plaintiff is correct that, to prove its strict liability, failure to warn, negligence and Toxic Substances Control Act claims, it must establish what ExxonMobil "knew or should have known" about the risks of MTBE at the relevant time. *See Burke v. Spartanics, Ltd.*, 252 F.3d 131, 137-40 (2d Cir. 2001); *Colon ex rel. Molina v. BIC USA, Inc.*, 199 F. Supp. 2d 53, 84 (S.D.N.Y. 2001). However, evidence of non-parties is not probative of either the ExxonMobil's actual knowledge or what was knowable to ExxonMobil at the time. Plaintiff has identified no authority supporting the use of testimony and internal documents of a non-party against a defendant for purposes of establishing what that defendant knew or should have known. Furthermore, although Plaintiff claims that it "must be permitted to introduce evidence of what other similarly situated manufacturers or refiners knew or were doing at the same time," (Pl. Opp. at 4), the cases it relies on do not discuss the admissibility of such evidence. While some of the cases suggest that "industry knowledge" may be relevant in some circumstances to establish what a defendant should have known, none of them imply that unpublished, internal memoranda or information known within non-party companies constitutes "industry knowledge" that is knowable to a different manufacturer. *See In re Fosamax Prods. Liab. Litig.*, No. 1789 (JFK), 2008 WL 2345877, at *9 (S.D.N.Y. June 5, 2008) (media report that other manufacturer had

knowledge at a particular time supported plaintiffs' request for documents from defendant covering the same period of time as "reasonably calculated to produce evidence of [defendant's] knowledge"); *Amatulli v. Delhi Constr. Corp.*, 77 N.Y.2d 525, 533 (N.Y. 1991) (expert's affidavit stating "bare conclusory assertions in respect to industry-wide knowledge" was insufficient to defeat summary judgment); *Kriz v. Schum*, 75 N.Y.2d 25, 35-36 (N.Y. 1989) (summary judgment properly denied where headfirst use of pool slide was known to manufacturer and industry based on expert testimony and Consumer Product Safety Commission standard); *Cover v. Cohen*, 61 N.Y.2d 261, 274 (N.Y. 1984) (stating that manufacturer is expected to "stay abreast" of "advancements in the state of the art").

To the contrary, the cases on which Plaintiff relies suggest that appropriate evidence of "industry knowledge" – or what a defendant should have known – is based on sources available to the defendant or the public, as well as expert opinion. *See Kriz*, 75 N.Y.2d at 35 (evidence of industry knowledge based on CPSC standards and expert testimony); *Cooley v. Carter-Wallace, Inc.*, 102 A.D.2d 642, 649 (4th Dep't 1984) (question as to whether defendant knew or should have known of injuries "from independent testing or experiment prior to placing its product on the market or from knowledge gained from research, adverse reaction reports, scientific reports or some other source.").

Further, the cases on which Plaintiff relies demonstrate the importance of evidence about what the defendant actually knew. *See In re Fosamax Prods. Liab. Litig.*, 2008 WL 2345877 at *9 (ordering production of documents appearing "reasonably calculated to produce evidence of [defendant's] knowledge"); *Kriz*, 75 N.Y.2d at 35 (where manufacturer admitted to knowing of the risk, industry knowledge was cited as additional evidence against defendant). For example, in *Kosmynka v. Polaris Indus.*, 462 F.3d 74 (2d Cir. 2006), the court found it relevant that "while

- 3 -

Polaris knew of the potential of similar four-wheel drive ATVs climbing walls and flipping over, they . . . had no reports of their demand four-wheel drives doing so." *Id.* at 81. Thus, the relevant evidence in *Kosmynka* was what the defendant itself knew about the risks of similar products made by other manufacturers. *Id.* Moreover, the *Kosmynka* court placed much weight on the fact that the defendant did not have actual knowledge that the same risk existed in its own product. *Id.* Although Plaintiff cites *Kosmynka* in support of its assertion that "information concerning a manufacturer's product . . . generally known to the industry[] is relevant and admissible as circumstantial evidence of what was known or knowable by the manufacturer" (Pl. Opp. at 4), in fact, the case says nothing about the relevance of industry knowledge.

II.  **Whatever Probative Value Evidence Regarding Non-Parties Could Have Is Substantially Outweighed by Dangers of Unfair Prejudice, Misleading the Jury, Confusing the Issues, and Prolonging the Trial.**

Rather than rely on relevant evidence of what ExxonMobil actually knew, Plaintiff cannot cherry pick statements by non-parties that its feels are most inflammatory as evidence of supposed "industry knowledge." Evidence of non-parties should be excluded because its probative value is vastly outweighed by the dangers of unfair prejudice to ExxonMobil, misleading the jury, confusing the issues, and needlessly prolonging the trial. *See* Fed. R. Evid. 403. If Plaintiff is allowed to introduce such evidence, ExxonMobil will be unfairly prejudiced – and excessive trial time will be consumed – because ExxonMobil will have to defend against statements made by non-parties it has not questioned and from whom it has taken no discovery. Moreover, there is a substantial risk that jurors will inappropriately attribute the statements, knowledge, and actions of non-parties to ExxonMobil in determining its liability.

## CONCLUSION

For the foregoing reasons, ExxonMobil respectfully submits that that their motion should be granted in its entirety.

Dated: New York, New York
June 2, 2009

Respectfully submitted,

MCDERMOTT WILL & EMERY LLP
Peter J. Sacripanti (PS 8968)
James A. Pardo (JP 9018)
Stephen J. Riccardulli (SR 7784)
Lauren E. Handel (LH 0755)
340 Madison Avenue
New York, NY 10173-1922
Tel: (212) 547-5400
Fax: (212) 547-5444

Jennifer Kalnins Temple (JK 3274)
18191 Von Karman Avenue, Suite 500
Irvine, CA 92612-7108
Tel: (949) 757-7128
Fax: (949) 851-9348

*Attorneys for the Exxon Mobil Corporation Defendants*