**EXHIBIT C**

**CONSENT DECREE**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - x
                              :
UNITED STATES OF AMERICA,     :
                              :
            Plaintiff,        :
                              :   02 Civ. 9653 (RJH) (KNF)
      - against -             :
                              :   CONSENT DECREE
CITY OF NEW YORK,             :
                              :
            Defendant.        :
                              :
- - - - - - - - - - - - - - - x

York City area, including, but not limited to, the Bronx, Brooklyn, Manhattan, Queens and Staten Island, and Westchester counties;

  g. "Interest" shall mean interest at the rate specified in 28 U.S.C. § 1961 as of the date the Consent Decree is lodged with the Court.

  h. "Paragraph" shall mean a portion of this Decree identified by an arabic numeral;

  i. "Parties" shall mean the United States and the City;

  j. "Section" shall mean a portion of this Decree identified by a roman numeral;

  k. "State" shall mean the State of New York.

  l. "United States" shall mean the United States of America, acting on behalf of EPA;

  m. "UST" shall have the meaning defined in Section 9001(1), 42 U.S.C. § 6991(1), and in 40 C.F.R. § 280.12.

  n. "UST system" shall have the meaning defined in 40 C.F.R. § 280.12.

### IV. CIVIL PENALTY

  8. Within sixty (60) days after the Effective Date of this Consent Decree, the City shall pay the sum of $1,300,000.00 as a civil penalty. Payment shall be made by FedWire Electronic

-6-

Funds Transfer ("EFT") to the U.S. Department of Justice in accordance with instructions to be provided to the City, following lodging of the Consent Decree, by the Financial Litigation Unit of the U.S. Attorney's Office for the Southern District of New York. Within two days of the date of payment, the City shall send written notice of payment (which should reference DOJ case number 90-7-1-07807; U.S. Attorney's Office case number 2002V00476; and the civil action number of this case) to the United States in accordance with Section XIV of this Decree (Notices). The City shall pay interest at the rate specified in 28 U.S.C. § 1961 on any portion of the civil penalty that is not paid within sixty (60) days after the Effective Date of this Consent Decree.

## V. COMPLIANCE REQUIREMENTS

9. Within 30 days after the Effective Date of this Consent Decree, the City shall comply with all applicable provisions of Sections 9001-9010 of the Act, 42 U.S.C. §§ 6991-6991i, and its implementing regulation, 40 C.F.R. Part 280, with respect to the Facilities, except as specifically provided in Paragraph 10.

10. The City shall:

    a. Except as provided in paragraph 10(b), comply with upgrade requirements set forth at 40 C.F.R. § 280.21 or

-7-

permanent closure requirements set forth at 40 C.F.R. § 280.71 no later than one (1) year from the Effective Date of this Consent Decree. If the City elects to close USTs permanently, it shall comply with temporary closure requirements set forth at 40 C.F.R. § 280.70 no later than ninety (90) days from the Effective Date of this Consent Decree; and

    b.   For those USTs listed in Appendix A to this Consent Decree, comply with upgrade requirements set forth at 40 C.F.R. § 280.21 in accordance with the schedule set forth in Appendix A; and

    c.   Comply with release detection requirements set forth at 40 C.F.R. Part 280, subpart D, no later than thirty (30) days from the Effective Date of this Consent Decree; and

    d.   Comply with notification requirements set forth at 40 C.F.R. § 280.22, as well as Section 9002(a)(1) of the Act, 42 U.S.C. 6991a(a)(1), no later than thirty (30) days from the Effective Date of this Consent Decree.

### VI. CENTRALIZED MONITORING PROGRAM

11. The City shall implement a program to monitor, from a central location or central locations, release detection at all of the Facilities with USTs subject to the release detection requirements set forth at 40 C.F.R. Part 280, subpart D, owned and/or operated by three City agencies: the Fire

Department of New York ("FDNY"), the Department of Transportation ("DOT"), and the New York Police Department ("NYPD") (collectively, the "Three City Agencies") in accordance with this Section of the Consent Decree (the "Centralized Monitoring Program" or "CMP"). The CMP shall require the Three City Agencies to monitor, from a central location or central locations, all of the Three City Agencies' Facilities with USTs subject to the release detection requirements set forth at 40 C.F.R. Part 280, subpart D, for actual and potential releases, and for alarms, for a period of at least three years. The City must install release detection equipment compatible for the CMP at the Three City Agencies' facilities, or upgrade substandard release detection equipment and/or equipment that is not compatible with the CMP, as necessary.

12. The CMP shall be satisfactorily implemented within eighteen (18) months after approval by EPA of the Plans and Specifications for implementation of the CMP, or in accordance with the schedule proposed by the City and approved by EPA, as set forth in Paragraph 13, below. "Satisfactory implementation" means that the City shall complete the work on capital improvements required for the CMP, and have a fully operational monitoring system in place for all of the Facilities with USTs subject to the release-detection requirements set forth at 40

CMP under this Decree shall include the following language: "This project was undertaken in connection with the settlement of an enforcement action, United States v. City of New York, taken on behalf of the U.S. Environmental Protection Agency under the Resource Conservation and Recovery Act."

## VII. REPORTING REQUIREMENTS

23. The City shall submit the following reports:

a. Within 30 days after the end of each calendar-year quarter (i.e., by April 30, July 31, October 31, and January 31) after lodging of this Consent Decree, until termination of this Decree pursuant to Section XVIII, the City shall submit in writing a quarterly report for the preceding quarter that shall include: status of any upgrades, closure or replacement of the USTs and/or UST systems subject to the regulations set forth in 40 C.F.R. Part 280, including completion of milestones; problems encountered or anticipated, together with implemented or proposed solutions; a description of operation and maintenance activities; and copies of any reports submitted to state agencies (the "Upgrade Report").

b. Within 30 days after the end of each calendar-year quarter (i.e., by April 30, July 31, October 31, and January 31) after lodging of this Consent Decree, until termination of this Decree pursuant to Section XVIII, the City

-14-

shall submit in writing a CMP quarterly report for each of the Three City Agencies for the preceding quarter that shall include: status of any CMP-related construction or compliance measures; completion of milestones; problems encountered or anticipated, together with implemented or proposed solutions; monthly Site Compliance Reports generated by a contractor/consultant for each of the Three City Agencies pursuant to the CMP showing status of operation of the CMP and status of monitoring under the CMP once implemented; agency facility reports providing a description of operation and maintenance activities; and copies of any reports submitted to state agencies (the "CMP Quarterly Report").

    c. If the City violates, or has reason to believe that it may violate, any requirement of this Consent Decree, the City shall notify the United States of such violation and its likely duration, in writing, within fifteen (15) days of the day the City first becomes aware of the violation, with an explanation of the violation's likely cause and of the remedial steps taken, or to be taken, to prevent or minimize such violation. If the cause of a violation cannot be fully explained at the time the report is due, the City shall so state in the report. The City shall investigate the cause of the violation and shall then submit an amendment to the report, including a full explanation of the cause of the violation, within 30 days of

-15-

the day the City becomes aware of the cause of the violation. Nothing in this Paragraph or the following Paragraph relieves the City of its obligation to provide the notice required by Section IX of this Consent Decree (Force Majeure).

24. Whenever any violation of this Consent Decree or any other event affecting the City's performance under this Decree, or the performance of its Facilities, may pose an immediate threat to the public health or welfare or the environment, the City shall notify EPA orally or by electronic or facsimile transmission as soon as possible, but no later than 24 hours after the City first knew of, or should have known of, the violation or event. This procedure is in addition to the requirements set forth in the preceding Paragraph. EPA may require or order the City to take action or EPA may itself take action it deems appropriate to the extent authorized by law.

25. All reports shall be submitted to the persons designated in Section XIV of this Consent Decree (Notices).

26. Each report submitted by the City under this Section shall be signed by an official of the submitting party and include the following certification:

> I certify under penalty of law that I have examined and am familiar with the information submitted in this document and all attachments and that this document and its attachments were prepared either by me personally or under my direction or supervision in a

-16-