**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------- x

In Re: Methyl Tertiary Butyl Ether ("MTBE")       Master File No. 1:00-1898
Products Liability Litigation                            MDL 1358 (SAS)
                                                     M21-88

------------------------------------------------------------------- x    ECF Case

**This document relates to the following case:**

*City of New York v. Amerada Hess Corp., et al.*
Case No. 04 Civ. 3417

------------------------------------------------------------------- x

### PLAINTIFF CITY OF NEW YORK'S PROPOSED JURY INSTRUCTIONS FOR PHASE ONE (EXHIBIT 5 OF THE PROPOSED PRETRIAL ORDER)

Plaintiff the City of New York (the "City") hereby submits its Proposed Jury Instructions for

Phase One of this trial. The City's proposed preliminary instructions are set forth in Section I.

Proposed final instructions are set forth in Section II. The City reserves the right to amend these

proposed preliminary and final jury instructions.

Dockets.Justia.com

## I.    Proposed Preliminary Instructions

The City proposes that the following preliminary jury instructions be read to the jury before the commencement of trial:

### PROPOSED PRELIMINARY INSTRUCTION NO.1

### <u>Opening instructions</u>

We are about to begin the trial of the case you heard about during the jury selection. Before the trial begins, I am going to give you instructions that will help you to understand what will be presented to you and how you should conduct yourself during the trial. During the trial you will hear me use a few terms that you may not have heard before. Let me briefly explain some of the most common to you.

The party who sues is called the plaintiff. In this action, the plaintiff is the City of New York ("the City"). The parties being sued are called the defendants. In this action, the defendants are ExxonMobil Corporation, ExxonMobil Oil Corporation, and Mobil Corporation ("ExxonMobil").

In this case the City claims that ExxonMobil has contaminated certain ground water and drinking water supplies in Queens County, New York with a gasoline additive called MTBE. The City has brought claims for strict liability for design defect and/or defective product, failure to warn, negligence, civil conspiracy, public nuisance, private nuisance, trespass, violation of the New York Navigation Law, and violation of Section 8(e) of the Toxic Substances Control Act against ExxonMobil. ExxonMobil denies all of the City's claims.

This is a long and complex case. To facilitate your understanding of the issues, I have divided this case into four phases. At the close of the parties' evidence in each phase, I will ask you to answer a question or questions about the evidence presented to you in that phase. In this first

phase, you will be asked to answer a discrete question about whether the City would build a water treatment facility in a site called Station 6 within 15 years, assuming it had the money necessary to do so. The City says that it will build this treatment facility if it has the money, while ExxonMobil argues the City will not.

You will sometimes hear me refer to "counsel." "Counsel" is another way of saying "lawyer" or "attorney." I will sometimes refer to myself as the "Court."

When I "sustain" an objection, I am excluding that evidence from this trial for a good reason. When you hear that I have "overruled" an objection, I am permitting that evidence to be admitted.

When I say "admitted into evidence" or "received in to evidence," I mean that this particular statement or the particular exhibit may be considered by you in making the decisions you must make at the end of the case.

You will decide disputed issues of fact. I will decide all questions of law that arise during the trial. Before you begin your deliberation at the close of the case, I will instruct you in more detail on the law that you must follow and apply.

Because you will be asked to decide the facts of this case, you should give careful attention to the testimony and evidence presented. Keep in mind that I will instruct you at the end of the trial about determining the credibility or "believability" of the witnesses. During the trial you should keep an open mind and should not form or express any opinion about the case until you have heard all of the testimony and evidence, the lawyers' closing arguments, and my instructions to you on the law.

While the trial is in progress, you must not discuss the case in any manner among yourselves or with anyone else. In addition, you should not permit anyone to discuss the case in your presence.

You should avoid reading any news articles that might be published about the case. You should also avoid watching or listening to any television or radio comments about the trial.

From time-to-time during the trial, I may make rulings on objections or motions made by the lawyers. It is a lawyer's duty to object when the other side offers testimony or other evidence that the lawyer believes is not admissible. You should not be unfair or partial against a lawyer or the lawyer's client because the lawyer has made objections. If I sustain or uphold an objection to a question that goes unanswered by the witness, you should not draw any inferences or conclusions from the question. You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other. I do not favor one side or the other.

The trial lawyers are not allowed to speak with you during this case. When you see them at a recess or pass them in the halls and they do not speak to you, they are not being rude or unfriendly; they are simply following the law.

During the trial, it may be necessary for me to talk with the lawyers out of your hearing about questions of law or procedure. Sometimes, you may be excused from the courtroom during these discussions. I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

Authority: 3 Kevin F. O'Malley, Jay E. Grenig, Hon. William C. Lee, *Federal Jury Practice & Instructions*, § 101.01 (5th Ed., 2000 & rev. 2009) (as modified).

## PROPOSED PRELIMINARY INSTRUCTION NO. 2

### Order of trial

The case will proceed as follows:

First, the lawyers for each side may make opening statements. What is said in the opening statements is not evidence, but is simply an outline to help you understand what each party expects the evidence to show. A party is not required to make an opening statement.

After the opening statements, the plaintiff, the City, will present evidence in support of its claims and the defendant's lawyers may cross-examine the City's witnesses. At the conclusion of the plaintiff's case, ExxonMobil may introduce evidence and the plaintiff's lawyers may cross-examine the ExxonMobil's witnesses. The defendant is not required to introduce any evidence or to call any witnesses. If the defendant introduces evidence, the plaintiff may then present evidence in response.

After the evidence is presented, the parties' lawyers make closing arguments explaining what they believe the evidence has shown. What is said in the closing arguments is not evidence.

Finally, I will instruct you on the law that you are to apply in answering the question I pose to you. You will then deliberate and answer the question.

Authority: 3 Kevin F. O'Malley, Jay E. Grenig, Hon. William C. Lee, *Federal Jury Practice & Instructions*, § 101.02 (5th Ed., 2000 & rev. 2009) (as modified).

## PROPOSED PRELIMINARY INSTRUCTION NO. 3

### Province of judge and jury

After all the evidence has been heard and arguments and instructions are finished, you will meet to deliberate and answer the question. You will determine the facts from all the testimony and other evidence that is presented. You are the sole and exclusive judge of the facts. I must stress that you are required to accept the rules of law that I give you, whether or not you agree with them.

The law permits me to comment on the evidence in the case during the trial or while instructing the jury. Such comments are only expressions of my opinion as to the facts. You may disregard these comments entirely, because you are to determine for yourself the weight of the evidence and the credibility of each of the witnesses.

Authority: 3 Kevin F. O'Malley, Jay E. Grenig, Hon. William C. Lee, *Federal Jury Practice & Instructions*, § 101.10 (5th Ed., 2000 & rev. 2009) (as modified).

# PROPOSED PRELIMINARY INSTRUCTION NO. 4

## Jury conduct

To insure fairness, you must obey the following rules:

1.      Do not talk to each other about this case or about anyone involved with this case until the end of the trial when you go to the jury room to decide on your answer.

2.      Do not talk with anyone else about this case or about anyone involved with this case until the trial has ended and you have been discharged as jurors. "Anyone else" includes members of your family and your friends. You may tell people you are a juror, but do not tell them anything else about the case.

3.      Outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended. If someone should try to talk to you about the case during the trial, please report it to me immediately.

4.      During the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case—you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice.

5.      Do not read any news stories or articles about the case, or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it.

6.      Do not do any research, such as checking dictionaries, or make any investigation about the case on your own.

7.      Do not make up your mind during the trial about what the answer should be. Keep an open mind until after you have gone to the jury room to decide the case and you and the other

jurors have discussed all the evidence.

8.    If you need to tell me something, simply give a signed note to the [marshal] [bailiff]

[clerk] to give to me.

Authority:  3 Kevin F. O'Malley, Jay E. Grenig, Hon. William C. Lee, *Federal Jury Practice & Instructions*, § 101.11 (5th Ed., 2000 & rev. 2009).

## PROPOSED PRELIMINARY INSTRUCTION NO. 5

### <u>Note-taking—permitted</u>

During this trial, you may take notes.  Of course, you are not obliged to take notes.  If you do not take notes, you should not be influenced by the notes of another juror, but should rely upon your own recollection of the evidence.

Because many courts do not permit note-taking by jurors, a word of caution is in order.  You must not allow your note-taking to distract you from the proceedings.

Frequently, there is a tendency to attach too much importance to what a person writes down.  Some testimony that is considered unimportant at the time presented, and thus not written down, may take on greater importance later in the trial in light of all the evidence presented, the final arguments, and my instructions on the law.

Accordingly, you are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence.  Your notes are not evidence, and are by no means a complete outline of the proceedings or a list of the highlights of the trial.  Your memory should be your greatest asset when it comes time to deciding this case.


Authority:  3 Kevin F. O'Malley, Jay E. Grenig, Hon. William C. Lee, *Federal Jury Practice & Instructions*, § 101.13 (5th Ed., 2000 & rev. 2009) (as modified).

**PROPOSED PRELIMINARY INSTRUCTION NO. 6**

**<u>Publicity during trial</u>**


If there is publicity about this trial, you must ignore it.  Do not read anything or listen to any television or radio programs about the case.  You must decide this case only from the evidence presented in the trial.


Authority:  3 Kevin F. O'Malley, Jay E. Grenig, Hon. William C. Lee, *Federal Jury Practice & Instructions*, § 101.19 (5th Ed., 2000 & rev. 2009).

**PROPOSED PRELIMINARY INSTRUCTION NO. 7**

**<u>Judge's questions to witnesses</u>**


During the trial, I may sometimes ask a witness questions.  Please do not assume that I have any opinion about the subject matter of my questions.



Authority:  3 Kevin F. O'Malley, Jay E. Grenig, Hon. William C. Lee, *Federal Jury Practice & Instructions*, § 101.30 (5th Ed., 2000 & rev. 2009).

## PROPOSED PRELIMINARY INSTRUCTION NO. 8

### Evidence in the case

The evidence in the case will consist of the following:

1. The sworn testimony of the witnesses, no matter who called a witness.

2. All exhibits received in evidence, regardless of who may have produced the exhibits.

3. All facts that may have been judicially noticed and that you must take as true for purposes of this case.

Depositions may also be received in evidence. Depositions contain sworn testimony, with the lawyers for each party being entitled to ask questions. In some cases, a deposition may be played for you on video. Deposition testimony may be accepted by you, subject to the same instructions that apply to witnesses testifying in open court.

Statements and arguments of the lawyers are not evidence in the case, unless made as an admission or stipulation of fact. A "stipulation" is an agreement between both sides that certain facts are true or that a person would have given certain testimony. When the lawyers on both sides stipulate or agree to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence, and regard that fact as proved.

I may take judicial notice of certain facts or events. When I declare that I will take judicial notice of some fact or event, you must accept that fact as true.

If I sustain an objection to any evidence or if I order evidence stricken, that evidence must be entirely ignored.

Some evidence is admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose

and for no other purpose.

You are to consider only the evidence in the case. But in your consideration of the evidence you are not limited to the statements of the witness. In other words, you are not limited solely to what you see and hear as the witnesses testified. You may draw from the facts that you find have been proved, such reasonable inferences or conclusions as you feel are justified in light of your experience.

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript to consult, and it is difficult and time consuming for the reporter to read back lengthy testimony. I urge you to pay close attention to the testimony as it is given.

Authority: 3 Kevin F. O'Malley, Jay E. Grenig, Hon. William C. Lee, *Federal Jury Practice & Instructions*, § 101.40 (5th Ed., 2000 & rev. 2009).

**PROPOSED PRELIMINARY INSTRUCTION NO. 9**

**Burden of proof**


When a party has the burden to prove a matter by a preponderance of the evidence, it means that you must be persuaded by the testimony and exhibits that the matter sought to be proved is more probably true than not true.  You should base your decision on all of the evidence, regardless of which party presented it.  I will explain more about how that applies to this case after you have heard the evidence.


Authority:  3 Kevin F. O'Malley, Jay E. Grenig, Hon. William C. Lee, *Federal Jury Practice & Instructions*, § 101.15 (5th Ed., 2000 & rev. 2009) (as modified).

## PROPOSED PRELIMINARY INSTRUCTION NO. 10

### <u>Direct and circumstantial evidence</u>

"Direct evidence" is direct proof of a fact, such as testimony by a witness about what the witness said or heard or did. "Circumstantial evidence" is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You are to decide how much weight to give any evidence.

Authority: 3 Kevin F. O'Malley, Jay E. Grenig, Hon. William C. Lee, *Federal Jury Practice & Instructions*, § 101.42 (5th Ed., 2000 & rev. 2009).

**PROPOSED PRELIMINARY INSTRUCTION NO. 11**

**<u>Credibility of witnesses</u>**


In deciding the facts, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. In considering the testimony of any witness, you may take into account many factors, including the witness' opportunity and ability to see or hear or know the things the witness testified about; the quality of the witness' memory; the witness' appearance and manner while testifying; the witness' interest in the outcome of the case; any bias or prejudice the witness may have; other evidence that may have contradicted the witness' testimony; and the reasonableness of the witness' testimony in light of all the evidence. The weight of the evidence does not necessarily depend upon the number of witnesses who testify.


Authority: 3 Kevin F. O'Malley, Jay E. Grenig, Hon. William C. Lee, *Federal Jury Practice & Instructions*, § 101.43 (5th Ed., 2000 & rev. 2009).

**PROPOSED PRELIMINARY INSTRUCTION NO. 12**

**<u>What is not evidence</u>**


In deciding the facts of this case, you are not to consider the following as evidence:

statements and arguments of the lawyers, questions and objections of the lawyers, testimony that I

instruct you to disregard, and anything you may see or hear when the court is not in session even if

what you see or hear is done or said by one of the parties or by one of the witnesses.


Authority:  3 Kevin F. O'Malley, Jay E. Grenig, Hon. William C. Lee, *Federal Jury Practice & Instructions*, § 101.44 (5th Ed., 2000 & rev. 2009).

## PROPOSED PRELIMINARY INSTRUCTION NO. 13

### Stipulations at pretrial conference

Before the trial of this case, the court held a conference with the lawyers for all the parties. At this conference, the parties entered into certain stipulations or agreements in which they agreed that facts could be taken as true without further proof.

The stipulated facts are as follows:

[Read stipulations.]

Since the parties have stipulated to these facts and do not dispute them, you are to take these facts as true for purposes of this case.

Authority:  3 Kevin F. O'Malley, Jay E. Grenig, Hon. William C. Lee, *Federal Jury Practice & Instructions*, § 101.47 (5th Ed., 2000 & rev. 2009).

## PROPOSED PRELIMINARY INSTRUCTION NO. 14

### Ruling on objections

When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received into evidence.  If I sustain the objection, the question cannot be answered and the exhibit cannot be received into evidence.

If I sustain an objection to a question or the admission of an exhibit, you must ignore the question and must not guess what the answer to the question might have been.  In addition, you must not consider evidence that I have ordered stricken from the record.

Authority:  3 Kevin F. O'Malley, Jay E. Grenig, Hon. William C. Lee, *Federal Jury Practice & Instructions*, § 101.49 (5th Ed., 2000 & rev. 2009).

## II.    Proposed Final Instructions

The City proposes that the following final jury instructions be read to the jury following closing statements and before deliberation:

## PROPOSED FINAL INSTRUCTION NO. 1

## <u>General introduction</u>

Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law.  It is your duty to follow the law as I will state it and to apply it to the facts as you find them from the evidence in the case.  Do not single out one instruction as stating the law, but consider the instructions as a whole.  You are not to be concerned about the wisdom of any rule of law stated by me.  You must follow and apply the law.

The lawyers have properly referred to some of the governing rules of law in their arguments. If there is any difference between the law stated by the lawyers and as stated in these instructions, you are governed by my instructions.

Nothing I say in these instructions indicates that I have any opinion about the facts.  You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party.  The law does not permit you to be controlled by sympathy, prejudice, or public opinion.  All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just decision, regardless of the consequences.

Authority:  3 Kevin F. O'Malley, Jay E. Grenig, Hon. William C. Lee, *Federal Jury Practice & Instructions*, § 103.01 (5th Ed., 2000 & rev. 2009).

**PROPOSED FINAL INSTRUCTION NO. 2**

**<u>Use of notes</u>**


You may use the notes taken by you during the trial.  However, the notes should not be substituted for your memory.  Remember, notes are not evidence.  If your memory should differ from your notes, then you should rely on your memory and not on your notes.


Authority:  3 Kevin F. O'Malley, Jay E. Grenig, Hon. William C. Lee, *Federal Jury Practice & Instructions*, § 103.02 (5th Ed., 2000 & rev. 2009).

**PROPOSED FINAL INSTRUCTION NO. 3**

**<u>All persons equal before the law—Organizations</u>**


A corporation, city or city agency is entitled to the same fair trial as a private individual. All persons, including corporations, cities, city agencies and other organizations stand equal before the law, and are to be treated as equals.


Authority: 3 Kevin F. O'Malley, Jay E. Grenig, Hon. William C. Lee, *Federal Jury Practice & Instructions*, § 103.12 (5th Ed., 2000 & rev. 2009) (as modified).

## PROPOSED FINAL INSTRUCTION NO. 4

### Evidence in the case

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted or stipulated to and all facts and events that may have been judicially noticed.

Statements and arguments by the lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statement, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. However, when the lawyers on both sides stipulate or agree on the existence of a fact, you must, unless otherwise instructed, accept the stipulation and regard that fact as proved.

I may take judicial notice of certain facts or events. When I declare that I will take judicial notice of some fact or event, you must, unless otherwise instructed, accept my declaration as evidence and regard as proved the fact or event that has been judicially noticed.

Any evidence to which I have sustained an objection and evidence that I have ordered stricken must be entirely disregarded.

Authority: 3 Kevin F. O'Malley, Jay E. Grenig, Hon. William C. Lee, *Federal Jury Practice & Instructions*, § 103.30 (5th Ed., 2000 & rev. 2009).

## PROPOSED FINAL INSTRUCTION NO. 5

### <u>Preponderance of the evidence</u>

Plaintiff the City has the burden in a civil action, such as this, to prove every essential element of the City's claims by a preponderance of the evidence. If plaintiff the City should fail to establish any essential element of the City's claims by a preponderance of the evidence, you should find for ExxonMobil as to that claim.

The defendant has the burden of establishing the essential elements of certain affirmative defenses.

"Establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true.

This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard that applies in criminal cases. It does not apply in civil cases such as this. You should, therefore, put it out of your minds.

Authority: 3 Kevin F. O'Malley, Jay E. Grenig, Hon. William C. Lee, *Federal Jury Practice & Instructions*, § 104.01 (5th Ed., 2000 & rev. 2009) (as modified).

**PROPOSED FINAL INSTRUCTION NO. 6**

**"Direct" and "circumstantial" evidence—Defined**

      Generally speaking, there are two types of evidence that are generally presented during a trial—direct evidence and circumstantial evidence. "Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. "Indirect or circumstantial" evidence is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact.

      As a general rule, the law makes no distinction between the weight or value to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence. You are simply required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

Authority:  3 Kevin F. O'Malley, Jay E. Grenig, Hon. William C. Lee, *Federal Jury Practice & Instructions*, § 104.05 (5th Ed., 2000 & rev. 2009).

**PROPOSED FINAL INSTRUCTION NO. 7**

**<u>Expert witness</u>**


The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions.  An exception to this rule exists for "expert witnesses."  An expert witness is a person who, by education and experience has become expert in some art, science, profession, or calling.  Expert witnesses may state their opinions as to matters in which they profess to be expert, and may also state their reasons for their opinions.

You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves.  If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by other evidence, you may disregard the opinion entirely.


Authority:  3 Kevin F. O'Malley, Jay E. Grenig, Hon. William C. Lee, *Federal Jury Practice & Instructions*, § 104.40 (5th Ed., 2000 & rev. 2009).

**PROPOSED FINAL INSTRUCTION NO. 8**

**Discrepancies in testimony**

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters. Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the decision in this case, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony. Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such

weight, if any, that you may think it deserves.  In short, you may accept or reject the testimony of any witness, in whole or in part.

In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact.  You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

Authority:  3 Kevin F. O'Malley, Jay E. Grenig, Hon. William C. Lee, *Federal Jury Practice & Instructions*, § 105.01 (5th Ed., 2000 & rev. 2009).

## PROPOSED FINAL INSTRUCTION NO. 9

### Use of depositions as evidence

During the trial, certain testimony has been presented by way of deposition. The deposition consisted of sworn, recorded answers to questions asked of the witness in advance of the trial by one or more of the attorneys for the parties to the case. The testimony of a witness who, for some reason is not present to testify from the witness stand may be presented in writing under oath or on a video recording. Such testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.

Authority:  3 Kevin F. O'Malley, Jay E. Grenig, Hon. William C. Lee, *Federal Jury Practice & Instructions*, § 105.02 (5th Ed., 2000 & rev. 2009) (as modified).

## PROPOSED FINAL INSTRUCTION NO. 10

### Impeachment—Inconsistent statement or conduct

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

Authority:  3 Kevin F. O'Malley, Jay E. Grenig, Hon. William C. Lee, *Federal Jury Practice & Instructions*, § 105.04 (5th Ed., 2000 & rev. 2009).

## PROPOSED FINAL INSTRUCTION NO. 11

### <u>Duty to deliberate</u>

Your answer to the question I pose to you must represent the considered judgment of each of you.  In order to return an answer, it is necessary that each juror agree.  Your answer must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without disregard of individual judgment.  You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning an answer.

Remember at all times that you are not partisans.  You are judges—judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

Authority:  3 Kevin F. O'Malley, Jay E. Grenig, Hon. William C. Lee, *Federal Jury Practice & Instructions*, § 106.01 (5th Ed., 2000 & rev. 2009) (as modified).

## PROPOSED FINAL INSTRUCTION NO. 12

### Election of foreperson & Jury interrogatory

Upon retiring to the jury room, you will select one of your number to act as your foreperson.  The foreperson will preside over your deliberations, and will be your spokesperson here in Court.

Forms for your answer have been prepared for your convenience.  The question you must answer is:  "Do you find that is more likely than not that the City of New York will build Station 6 sometime within the next 15 years, assuming it has the money necessary to do so immediately available."

You will note that this question calls for a "Yes" or "No" answer.  The answer to this question must be the unanimous answer of the jury.  You will take these forms to the jury room and, when you have reached unanimous agreement as to your answer, you will have your foreperson fill in, date and sign the form that sets forth the decision upon which you unanimously agree; and then return with your answer to the courtroom.

Authority:  3 Kevin F. O'Malley, Jay E. Grenig, Hon. William C. Lee, *Federal Jury Practice & Instructions*, § 106.04 (5th Ed., 2000 & rev. 2009) (as modified).

**PROPOSED FINAL INSTRUCTION NO. 13**

**Communications between court and jury during jury's deliberations**


      If it becomes necessary during your deliberations to communicate with me, you may send a note by a bailiff, signed by your foreperson or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me by any means other than a signed writing, and I will never communicate with any member of the jury on any subject touching the merits of the case otherwise than in writing, or orally here in open court.

      You will note from the oath about to be taken by the bailiffs that they too, as well as all other persons, are for-bidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

      Bear in mind also that you are never to reveal to any person—not even to me—how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous answer.


Authority:  3 Kevin F. O'Malley, Jay E. Grenig, Hon. William C. Lee, *Federal Jury Practice & Instructions*, § 106.08 (5th Ed., 2000 & rev. 2009).

Dated: San Francisco, California

June 8, 2009

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
Attorney for Plaintiff City of New York
100 Church Street
New York, New York 10007
(212) 788-1568


/s/ *LESLEY E. WILLIAMS*
VICTOR M. SHER *(pro hac vice)*
TODD E. ROBINS *(pro hac vice)*
JOSHUA G. STEIN *(pro hac vice)*
LESLEY E. WILLIAMS (LW8392)
NICHOLAS G. CAMPINS *(pro hac vice)*
MARNIE E. RIDDLE *(pro hac vice)*

SHER LEFF LLP
450 Mission Street, Suite 400
San Francisco, CA 94105
(415) 348-8300

*Attorneys for Plaintiff City of New York*