**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------- x

In Re: Methyl Tertiary Butyl Ether ("MTBE")          Master File No. 1:00-1898
Products Liability Litigation                        MDL 1358 (SAS)
                                                     M21-88
-------------------------------------------------------------------- x   ECF Case

**This document relates to the following case:**

*City of New York v. Amerada Hess Corp., et al.*
Case No. 04 Civ. 3417

-------------------------------------------------------------------- x

### PLAINTIFF CITY OF NEW YORK'S OBJECTIONS TO EXXON MOBIL CORPORATION'S PROPOSED PHASE I JURY INSTRUCTIONS

Plaintiff, the City of New York ("the City") hereby submits its objections to Defendant

ExxonMobil Corporation's ("ExxonMobil") proposed jury instructions.

**PROPOSED PRELIMINARY JURY INSTRUCTION NO.1**

<u>Introduction</u>

Members of the jury, we are about to start the trial of this case, about which you have heard some details during jury selection. Before the trial begins, however, there are certain instructions you should have in order to understand what you will hear and see and how you should conduct yourself during the trial.

Authority: N.Y. Pattern Jury Instructions I: I

**OBJECTIONS TO PROPOSED PRELIMINARY JURY INSTRUCTION NO. 1**

The City has no objection to this instruction, but prefers its opening instruction.

## PROPOSED PRELIMINARY JURY INSTRUCTION NO.2

### Parties

The party who brings a lawsuit is called the plaintiff. In this action the plaintiff is the City of New York. The party against whom the suit is brought is called the defendant. In this action the defendant is Exxon Mobil Corporation.

Authority: N.Y. Pattern Jury Instructions 1:2 (as modified)

## OBJECTIONS TO PROPOSED PRELIMINARY JURY INSTRUCTION NO.2

The City objects to this instruction to the extent that the only defendant mentioned is Exxon Mobil Corporation.  The City named three affiliated entities in its complaint: ExxonMobil Corporation, ExxonMobil Oil Corporation, and Mobil Corporation.

## PROPOSED PRELIMINARY JURY INSTRUCTION NO.3

### Openings and Evidence

When I have completed these opening instructions to you, the attorneys will make Opening Statements to you in which each will outline for you what they expect to prove during trial. The purpose of such Opening Statements is to tell you about each party's claims so that you will have a better understanding of the evidence as it is introduced. What is said in the Opening Statements by counsel is not evidence. The evidence upon which you will base your decision will come from the testimony of witnesses here in court in the form of photographs, documents, or other exhibits introduced as evidence. The City makes an opening statement first. ExxonMobil will make its opening after the City.

After the Opening Statements, plaintiff will introduce evidence in support of its claim. Normally a plaintiff must produce all of its witnesses and complete its entire case before the defendant introduces any evidence.

This trial will be divided into different phases. At the end of each phase, I will ask you to answer certain questions. Additionally, within each phase, I may ask to you answer certain questions.

After the City has completed the introduction of all of its evidence, ExxonMobil may present witnesses and exhibits. If it does so, the City may be permitted to offer additional evidence for the purpose of rebutting ExxonMobil' s evidence. Each witness is first examined by the party who calls that witness to testify, and then the opposing party is permitted to question the witness.

Authority: N.Y. Pattern Jury Instructions 1: 3.

**OBJECTIONS TO PROPOSED PRELIMINARY JURY INSTRUCTION NO.3**

The City objects to this instruction to the extent that the only defendant mentioned is Exxon Mobil Corporation.  The City named three affiliated entities in its complaint: ExxonMobil Corporation, ExxonMobil Oil Corporation, and Mobil Corporation.

**PROPOSED PRELIMINARY JURY INSTRUCTION NO.4**

<u>Summations</u>

Upon completion of the introduction of evidence, the attorneys will again speak to you in a closing statement or summation. In summing up, the lawyers will point out what they believe the evidence has shown, what inferences or conclusions they believe you should draw from the evidence and what conclusions they believe you should reach as your verdict. What is said by the attorneys in summation, like what is said by them in their opening statements, or in the making of objections or motions during the trial, is not evidence. Summations are intended to present the arguments of the parties based on the evidence. Under our legal system, the defendant will sum up first, followed by the plaintiff. In this case, I will permit counsel to give a Closing Statement or Summation at the end of each phase of the trial.

Authority: N.Y. Pattern Jury Instructions 1:5.

**OBJECTIONS TO PROPOSED PRELIMINARY JURY INSTRUCTION NO. 4**

The City does not object to this instruction but notes that it prefers its Proposed Preliminary Jury Instruction No. 1-2, Opening instructions, Order of Trial.

## PROPOSED PRELIMINARY JURY INSTRUCTION NO.5

<u>Objections</u>

During the course of the trial, it may happen that counsel for the plaintiff or the defendant may ask a question or offer an exhibit into evidence, and the other party may object to the question or the offer of that exhibit into evidence. When an objection is made, it is my duty to rule on that objection according to the law. If I overrule the objection, the question may be answered or the exhibit received into evidence. If I sustain the objection, the question cannot be answered and the exhibit cannot be received into evidence. In either case, the mere fact that the plaintiff's or the defendants' counsel has made an objection should not influence you in any way.

By overruling an objection and allowing evidence to be introduced over the objection of an attorney, the Court does not, unless expressly stated, indicate any opinion as to the weight or effect of such evidence. You, the jurors, are the sole judges of the credibility of all witnesses and the weight and effect of all of the evidence.

On the other hand, if I sustain an objection to a question or the admission of an exhibit, you must ignore that question and must not guess what the answer to the question might have been. In addition, you must not consider any evidence that I have ordered stricken from the record.

Authority: 3 O'Malley, Grenig & Lee, Federal Jury Practice & Instructions, § 101.49 (5th ed. 2000) (as modified).

## OBJECTIONS TO PROPOSED PRELIMINARY JURY INSTRUCTION NO.5

The City objects to this instruction to the extent that the only defendant mentioned is Exxon Mobil Corporation. The City named three affiliated entities in its complaint: ExxonMobilCorporation, ExxonMobil Oil Corporation, and Mobil Corporation.

**PROPOSED PRELIMINARY JURY INSTRUCTION NO.6**

<u>Depositions - Use As Evidence</u>

During the trial of this case, certain testimony may be presented to you by way of deposition, consisting of sworn recorded answers to questions asked of the witness in advance of the trial by one or more of the attorneys for the parties to the case. Such testimony is entitled to the same consideration, and is to be judged as to credibility, and weighed, and otherwise considered by you, the jury, insofar as possible, in the same way as if the witness had been present, and had testified from the witness stand.

Authority: 3 O'Malley, Grenig & Lee, Federal Jury Practice & Instructions, § 105.02 (5th ed. 2000) (as modified).

**OBJECTIONS TO PROPOSED PRELIMINARY JURY INSTRUCTION NO.6**

The City has no objection to this instruction.

**PROPOSED PRELIMINARY JURY INSTRUCTION NO.7**

<u>Stipulations of Fact</u>

The City and ExxonMobil have agreed that certain facts are as counsel have stated. Thus, when I or counsel state that "the following facts have been stipulated to by the parties," You should treat those facts as having been proved and in evidence for your deliberations.

Authority: Model Jury Instructions (Civil) Eight Circuit § 2.3 (1999) (as modified).

**OBJECTIONS TO PROPOSED PRELIMINARY JURY INSTRUCTION NO.7**

The City objects to this instruction on the ground that it is confusing and vague. The City objects to this instruction to the extent that the only defendant mentioned is Exxon Mobil Corporation. The City named three affiliated entities in its complaint: ExxonMobil Corporation, ExxonMobil Oil Corporation, and Mobil Corporation.

## PROPOSED PRELIMINARY JURY INSTRUCTION NO.8

### What Is Not Evidence

I instruct you that in deciding the facts of this case, you are not to consider any of the following as evidence: statements and arguments of counsel for the City or ExxonMobil; questions and objections of counsel for the City or ExxonMobil; any testimony that I instruct you to disregard, and anything that you may see or hear when the Court is not in session, even if what you see or hear is done or said by one of the parties or by one of the witnesses.

Authority: 3 O'Malley, Grenig & Lee, Federal Jury Practice & Instructions, § 101.44 (5th ed. 2000) (as modified).

## OBJECTIONS TO PRELIMINARY JURY INSTRUCTION NO.8

The City objects to this instruction to the extent that ExxonMobil is defined as only one defendant and not the three corporate entities listed in the complaint: ExxonMobil Corporation, ExxonMobil Oil Corporation, and Mobil Corporation.

**PROPOSED PRELIMINARY JURY INSTRUCTION NO.9**

<u>Jury Conduct</u>

You will not be required to remain together while the Court is in recess. It is important, however, that you obey the following instructions during the recesses of the Court:

1. Do not talk to each other about this case or about anyone involved with this case until the end of the trial when you go to the jury room to decide on your verdict.

2. Do not talk with anyone else about this case or about anyone involved with this case until the trial has ended and you have been discharged as jurors. "Anyone else" includes members of your family and your friends. You may tell people you are a juror, but do not tell them anything else about the case.

3. Outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended. If someone should try to talk to you about the case during the trial, please report it to me immediately.

4. During the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case - you should not even pass the time of day with any of them. Please do not consider it rude because they do not speak to you. It is important not only that you do justice in this case, but that you also give the appearance of doing justice.

5. It is possible that this case will be covered by the media or receive publicity. Therefore, I instruct you that you are not to read any news stories or articles about the case, or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it. Similarly, if you are contacted by the media regarding this case, I instruct you not to talk to the media before reaching a verdict.

6. Do not do any research, such as checking dictionaries, reference books or the

Internet, or make any investigation about the case on your own.

  7. Do not make up your mind during the trial about what the verdict should be.

Keep an open mind until after you have gone to the jury room to decide the case and you and the

other jurors have discussed all the evidence.

  8. If any of you individually or all of you collectively need to ask me a question or

tell me something, simply give a signed note to the marshal to give to me.

Authority: 3 O'Malley, Grenig & Lee, Federal Jury Practice & Instructions, § 101.11 (5th ed. 2000) (as modified).

## OBJECTIONS TO PROPOSED PRELIMINARY JURY INSTRUCTION NO.9

  The City does not object to this instruction.

## PROPOSED PRELIMINARY JURY INSTRUCTION NO. 10

<u>Province of Judge and Jury</u>

After all the evidence has been heard and arguments and instructions are finished, you will meet to make your decision. You will determine the facts from all the testimony and other evidence that is presented. The conclusion that you reach will be your verdict. You are the sole and exclusive judge of the facts. Neither I nor anyone else may invade your province.

I shall endeavor to preside impartially and not to express any opinion concerning the facts. The law permits me to comment on the evidence in the case during the trial or while instructing the jury. Such comments are only expressions of my opinion as to the facts. Any views of mine on the facts are totally irrelevant. You may disregard these comments entirely, because you are to determine for yourself the weight of the evidence and the credibility of the witnesses,

On the other hand, and with equal emphasis, I instruct you that you are bound to accept the rules of law that I will give you whether you agree with them or not.

Authority: 3 O'Malley, Grenig & Lee, Federal Jury Practice & Instructions, § 101.10 (5th ed, 2000) (as modified).

## OBJECTIONS TO PROPOSED PRELIMINARY JURY INSTRUCTION NO.10

The City objects to this instruction on the ground that the sentence õThe conclusion you reach will be your verdictö is confusing and misleading. The jury in phase one is answering a question.  As noted by this Court, õI am going to allow interim openings, interim summations and interim partial jury questionnairesô  I wouldnøt call them partial verdicts, they are not that but a verdict sheet.  In other words, jury interrogatoriesô  I like jury interrogatories.ö  Transcript of Hearing in this Action (June 2, 2009), at 96:5-9.

13

**PROPOSED PRELIMINARY JURY INSTRUCTION NO. 11**

<u>Weighing Testimony</u>

The law does not require you to accept all of the evidence I shall admit, even though that evidence may be competent. In determining what evidence you will accept, you must make your own evaluation of the testimony given by each of the witnesses, and determine the degree of weight you choose to give to his or her testimony. The testimony of a witness may fail to conform to the facts as they occurred because he or she is intentionally telling a falsehood, because he or she did not accurately see or hear that about which he or she testifies, because his or her recollection of the event is faulty, or because he or she has not expressed himself or herself clearly in giving his or her testimony.

There is no magical formula by which one may evaluate testimony. You bring to this courtroom all of the experience and background of your lives. In your everyday affairs you determine for yourselves the reliability or unreliability of statements made to you by others. The same tests that you use in your everyday dealings are the tests which you apply in your deliberations. The interest or lack of interest of any witness in the outcome of this case, the bias or prejudice of a witness, if there be any, the appearance or manner in which the witness gives his testimony on the stand, the opportunity that the witness had to observe the facts concerning which he testifies, the probability or improbability of the witness testimony when viewed in the light of all of the other evidence in the case, are all items for you to consider in determining the weight, if any, you will assign to that witness' testimony.

If such considerations make it appear that there is a discrepancy in the evidence, you will have to consider whether the apparent discrepancy may be reconciled by fitting the two stories

together. If, however, that is not possible, you will then have to determine which of the conflicting versions you will accept.

Authority: N.Y. Pattern Jury Instructions 1: 8.

### OBJECTIONS TO PROPOSED PRELIMINARY JURY INSTRUCTION NO.11

The City does not object to this instruction.

## PROPOSED PRELIMINARY JURY INSTRUCTION NO. 12

<u>Use of Notes</u>

You may take notes and then use the notes taken by you during the trial. However, the notes should not be substituted for your memory. Remember, notes are not evidence. If your memory should differ from your notes, then you should rely on your memory and not on your notes.

Authority: 3 O'Malley, Grenig & Lee, Federal Jury Practice & Instructions, § 103.02 (5th ed. 2000) (as modified).

## OBJECTIONS TO PROPOSED PRELIMINARY JURY INSTRUCTION NO.12

The City does not object to this instruction.

## II.   OBJECTIONS TO PROPOSED FINAL JURY INSTRUCTIONS

### PROPOSED FINAL JURY INSTRUCTION NO.1

<u>Province of the Court and Jury</u>

Now that you have heard the evidence and the arguments of the parties, it becomes my duty to instruct you as to the applicable law.

It is your duty as jurors to follow the law as I will state it, and to apply that law to the facts as you find them from the evidence in this case. Do not single out one instruction as stating the law, but consider the instructions as a whole. You are not to be concerned with the wisdom of any rule of law stated by me, or whether you agree or disagree with any rule of law stated by me. You must follow and apply the law as I give it to you.

Nothing I say in these instructions is to be taken as an indication that I have an opinion about the facts of the case. You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be governed by sympathy, prejudice, or public opinion. The parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

Authority: 3 O'Malley, Grenig & Lee, Federal Jury Practice & Instructions, § 103.01 (5th ed. 2000) (as modified).

## OBJECTIONS TO PROPOSED FINAL JURY INSTRUCTION NO.1

The City does not object to this instruction.

## PROPOSED FINAL JURY INSTRUCTION NO.2

<u>Role of the Jury</u>

As members of the jury, your role is to decide and pass upon the fact issues in the case. You are the sole judges of the facts. Because that is so important, you may hear me repeat it more than once. You must determine the facts from what you consider to be the believable or credible evidence. You must determine the weight and significance of the evidence, both the testimony and the exhibits. You must decide the credibility and truthfulness of the witnesses. You must draw whatever reasonable inferences may be drawn from the facts as you find them. And you have the job of resolving whatever conflicts may exist in the evidence.

With respect to any factual matters, you must rely upon your own recollection of the evidence. What the parties or attorneys may have said with respect to matters in evidence, whether in questioning witnesses or in argument, is not to be substituted for your own recollection or evaluations of the evidence. Similarly, anything that I may have said during the trial or during these instructions as to any factual matter is not to be substituted for your own recollection or judgment.

During the trial, I have been called upon to make rulings on various questions. There may have been objections or motions may have been made to strike answers. These are matters of law and you should not consider them. It is the duty of the attorneys on each side of the case to object when the other side offers testimony or evidence that the attorney believes is not properly admissible. Therefore, you should draw no inference from the fact that the attorneys objected to specific testimony or evidence. Nor should you draw any inference from the fact that I may have sustained or overruled an objection.

If at any time I instructed you to disregard anything that was said, you must follow that

instruction. If at any time I instructed you that the parties stipulated that a fact was true, you must accept that fact as true. You should not draw any inference from the fact that upon occasion I asked questions of certain witnesses. Those questions were intended only to clarify or speed up matters and were not intended to suggest any opinions on my part as to the verdict that you should render or as to the credibility of any witness.

From time to time, the attorneys and I may have had side bar conferences and other conferences out of your hearing. None of these conferences should enter into your deliberations at all.

You are to conduct your duty as jurors in an atmosphere of complete fairness and impartiality, without, bias, prejudice or sympathy for or against the City of New York or ExxonMobil. You are to evaluate the evidence calmly and objectively. Your verdict must be based solely upon the evidence, or lack of evidence, developed at this trial.

Authority: MFH, Instructions 71-3, 71-4 and 71-10 (as modified).

### OBJECTIONS TO PROPOSED FINAL JURY INSTRUCTION NO.2

The City objects to this instruction on the grounds that is uses the word verdict in the last sentence which is confusing and misleading.  The jury in phase one is answering a question.  As noted by this Court, "I am going to allow interim openings, interim summations and interim partial jury questionnaires"  I wouldn't call them partial verdicts, they are not that but a verdict sheet.  In other words, jury interrogatories"  I like jury interrogatories."  Transcript of Hearing in this Action (June 2, 2009, at 96:5-9.

## PROPOSED FINAL JURY INSTRUCTION NO.3

Evidence

What then, does the evidence that you are about to consider consist of? It is the testimony of witnesses who appeared before you, together with documents and other objects that may have been received into evidence. Evidence is also admissions and stipulations of fact. Statements and arguments of counsel are not evidence. The law recognizes two types of evidence, direct and circumstantial evidence. Direct evidence is where a person testifies as to what they themselves saw or heard or that which they have knowledge of by virtue of their own senses. Circumstantial evidence consists of proof of facts and circumstances from which, in terms of common experience, one may reasonably infer the ultimate fact sought to be established. Such evidence, if believed, is of no less value that direct evidence.

The evidence in this case consists of the sworn testimony of all the witnesses, no matter which side called them, together with the exhibits which I have admitted in evidence. Now, questions are not evidence. The evidence is the answers. The questions are useful only to the extent that they permit you to understand the meaning and significance of the answers. The exhibits received in evidence are also evidence. Any evidence as to which an objection was sustained by me and any answers or argument that I ordered to be stricken out and disregarded by you must be disregarded by you entirely because I have ruled that as a matter of law it is not evidence in this case.

Now, in assessing whether any party proved something, you are instructed that you need not rely totally on direct evidence, or statements by a witness that he knows something by virtue of his own senses - because he saw, felt or heard something. The law also permits inferences to

be drawn by you from all the surrounding facts of a given situation. This is referred to as circumstantial evidence, as distinguished from direct evidence.

In the case of circumstantial evidence, proof is given of facts and circumstances, from which one may infer other connected facts that reasonably follow in our common experience as inhabitants of this earth. It is applying reason and common sense based upon facts established to your satisfaction. In simple terms, you reason from an established fact to another fact as a logical consequence.

I will give you an example of circumstantial evidence. Assume that when you came into the courthouse this morning, the sun was shining and it was a nice day. Assume that the courtroom blinds are drawn and you cannot look outside. As you are sitting here, someone walks in with an umbrella which is dripping wet. Somebody else then walks in with a raincoat which is dripping wet. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that between the time you arrived at the courthouse and the time these people walked in, it had started to rain.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from an established fact the existence or the nonexistence of some other fact. All evidence is important, and you should, of course, consider all evidence whether direct or circumstantial, in making your decision.

Authority: MFH, Instructions 74-1 and 74-2; *United States Postal Servo Bd. of Governors V. Aikens,* 460 U.S. 711 (1983).

**OBJECTIONS TO PROPOSED FINAL JURY INSTRUCTION NO.3**

The City objects to this instruction on the grounds that the penultimate paragraph is confusing and irrelevant.

## PROPOSED FINAL JURY INSTRUCTION NO.4

<u>Competent Evidence</u>

Any evidence to which I have sustained an objection and evidence that I have ordered stricken is not evidence and must be entirely disregarded. Also, if certain testimony was received for a limited purpose - such as for the purpose of assessing a witness's credibility - you must follow the limiting instructions I have given.

Authority: 3 O'Malley, Grenig & Lee, Federal Jury Practice & Instructions § 103.30; MFH, Instruction 74-1 (as modified).

## OBJECTIONS TO PROPOSED FINAL JURY INSTRUCTION NO.4

The City objects to this instruction on the ground that it is confusing and incomplete.

## PROPOSED FINAL JURY INSTRUCTION NO.5

<u>Credibility of Witnesses</u>

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves.  You may be guided by the appearance and conduct of the witnesses, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worth of belief. Consider each witness' intelligence, motive, state of mind, and demeanor or manner while testifying.

Consider the witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters. Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses mayor may not cause you to discredit such testimony. Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, as you may think it deserves. In short, you may accept or reject the testimony of

any witness, in whole or in part.

Authority: 3 O'Malley, Grenig & Lee, Federal Jury Practice & Instructions § 105.01 (5th ed. 2000) (as modified).

## OBJECTIONS TO PROPOSED FINAL JURY INSTRUCTION NO.5

The City objects to this to the instruction on the grounds that the use of the word õverdictö is confusing and misleading to the jurors.  The jury in phase one is answering a question.  As noted by this Court, õI am going to allow interim openings, interim summations and interim partial jury questionnairesô I wouldnøt call them partial verdicts, they are not that but a verdict sheet.  In other words, jury interrogatoriesô I like jury interrogatories.ö  Transcript of Hearing in this Action (June 2, 2009, at 96:5-9.)

## PROPOSED FINAL JURY INSTRUCTION NO.6

### Impeachment

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something, that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give such credibility as you may think it deserves.

An act or omission is "knowingly" done, if voluntary and intentionally, and not because of mistake or accident or other innocent reason.

Authority: 3 O'Malley, Grenig & Lee, Federal Jury Practice & Instructions § 103.30 (5th ed. 2000) (as modified).

## OBJECTIONS TO PROPOSED FINAL JURY INSTRUCTION NO.6

The City does not object to this instruction.

## PROPOSED FINAL JURY INSTRUCTION NO.7

### Prior Inconsistent Statement

Evidence that, at some other time while not under oath a witness who is not a party to this action has said or done something inconsistent with the witness' testimony at trial, may be considered for the sole purpose of judging the credibility of the witness. However, such evidence may never be considered as evidence of proof of the truth of any such statement.

Where the witness is a party to the case, and by such statement or other conduct admits some fact or facts against the witness' interest, then such statement or other conduct, if knowingly made or done, may be considered as evidence of the truth of the fact or facts so admitted by such party, as well as for the purpose of judging the credibility of the party as a witness. An act or admission is "knowingly" done, if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

Authority: 3 O'Malley, Grenig & Lee, Federal Jury Practice & Instructions § 105.09 (5th ed.2000).

## OBJECTIONS TO PROPOSED FINAL JURY INSTRUCTION NO.7

The City does not object to this instruction.

## PROPOSED FINAL JURY INSTRUCTION NO.8

### All Persons Equal Before the Law

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. This action is between the City of New York and ExxonMobil.

Do not let bias, prejudice or sympathy play any part in your deliberations. The City and ExxonMobil and all other persons are equal before the law and must be treated as equals in a court of justice.

The mere fact that ExxonMobil is a corporation does not mean it is entitled to any lesser consideration by you. All litigants are equal before the law, and corporations, big or small, are entitled to the same fair consideration as you would give any other individual party.

Authority: 3 O'Malley, Grenig & Lee, Federal Jury Practice & Instructions § 103.30 (5th ed.2000); MFH, Instruction 72-1 (as modified).

## OBJECTIONS TO PROPOSED FINAL JURY INSTRUCTION NO.8

The City objects to this instruction on the grounds that the last paragraph is unnecessary, cumulative and one-sided in that it does not also ask for fair treatment on behalf of the City.  Jury instructions are meant to be impartial and even-handed and are not the place for argument or advocacy.   The City objects to this instruction to the extent that the only defendant mentioned is Exxon Mobil Corporation.  The City named three affiliated entities in its complaint: ExxonMobil Corporation, ExxonMobil Oil Corporation, and Mobil Corporation.

**PROPOSED FINAL JURY INSTRUCTION NO.9**

<u>Duty to Deliberate - Unanimous Verdict</u>

The verdict must represent the considered judgment of each of you. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without disregarding individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all time that you are not partisians. You are judges - judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

Authority: 3 O'Malley, Grenig & Lee, Federal Jury Practice & Instructions § 106.01 (5th ed.*2000); United States* v. *Silvern,* 484 F.2d 879,883 (7th Cir. 1973).

**OBJECTIONS TO PROPOSED FINAL INSTRUCTION NO.9**

The City objects to this to the instruction on the grounds that the use of the word õverdictö is confusing and misleading to the jurors.  The jury in phase one is answering a question.  As noted by this Court, õI am going to allow interim openings, interim summations and interim partial jury questionnairesô I wouldnφt call them partial verdicts, they are not that but a verdict sheet.  In other words, jury interrogatoriesô I like jury interrogatories.ö  Transcript of Hearing in this Action (June 2, 2009, at 96:5-9.)

**PROPOSED FINAL JURY INSTRUCTION NO. 10**

<u>Communications Between Court and Jury</u>

If it becomes necessary during your deliberations to communicate with the Court, you may send me a note through the marshal, signed by your foreperson or by one or more of the members of the jury. I will then respond as promptly as possible, either in writing or by having you return to the courtroom so I can address you orally. No member of the jury should attempt to communicate with the Court by any means other than a signed note, and the Court will never communicate with any member of the jury on any subject touching the merits of the case other than in writing, or orally here in open Court.

Bear in mind also that you are never to reveal to any person - not even to the Court - how the jury stands, numerically or otherwise, on the questions before you, until you have reached a unanimous verdict in this case.

Authority: 3 O'Malley, Grenig & Lee, Federal Jury Practice & Instructions § 106.08 (5th ed. 2000) (as modified).

**OBJECTIONS TO PROPOSED FINAL INSTRUCTION NO.10**

The City objects to this to the instruction on the grounds that the use of the word õverdictö is confusing and misleading to the jurors. The jury in phase one is answering a question. As noted by this Court, õI am going to allow interim openings, interim summations and interim partial jury questionnairesô I wouldnøt call them partial verdicts, they are not that but a verdict sheet. In other words, jury interrogatoriesô I like jury interrogatories.ö Transcript of Hearing in this Action (June 2, 2009, at 96:5-9.)

## PROPOSED FINAL JURY INSTRUCTION NO. 11

<u>Burden of Proof - Clear and Convincing Evidence</u>

The party with the burden of proof has the burden of proving every issue related to its claim. If you conclude that the party beating the burden of proof has failed to establish his or her claim, you must decide against that patty on the claim.

In this action, the City claims it will, in fact, fund, design, construct and activate the Station 6 facility. The City has the burden of proof. That is - the City must prove by clear and convincing evidence that it will fund, design, construct and activate the Station 6 facility. This means the evidence satisfies you that it is highly probable that Station 6 will be funded, designed, constructed and activated.

To prevail, the City must prove to you that each of these discrete activities for Station 6 is "certainly impending." Put another way, it is not enough for the City to establish that it plans or intends to fund, design, construct and activate the Station 6 facility. It is not enough for the City to establish that the funding, design, construction and activation of Station 6 is merely possible, speculative or contingent. Indeed, it is not enough for the City to prove that it "may" activate Station 6.

It is not enough to find that a preponderance of the evidence is in the plaintiff's favor. A preponderance of the evidence means that a party only needs to prove that the evidence supporting its case more nearly represents what actually will happen than the evidence which is opposed to it. To find for the City in this case, it must establish its case by clear and convincing evidence and satisfy you that the evidence makes it highly probable that what it claims will occur is actually going to happen.

If, upon heating all of the evidence, you are satisfied that by clear and convincing

evidence there is a high probability that the City will fund, design, construct and activate the

Station 6 facility, you must decide for the City. If you are not satisfied that there is clear and

convincing evidence of such a high probability, you must decide for ExxonMobil.


Authority: N.Y. Pattern Jury Instmctions 1:64 (as modified); *Askey* v. *Occidental Chern. Corp.,* 477 N.Y.S.2d 242 (4th Dept 1984); *Caudle* v. *Towers, Perrin, Forster* & *Crosby, Inc.,* 580 F. Supp. 2d 273 (S.D.N.Y. 2008); *Schultz* v. *Harrison Radiator,* 660 N.Y.S.2d 685 (N.Y. 1997); *Kihl* v. *Pfeffer,* 47 AD.3d 154 (2d Dept 2007); *Finnes* v. *Chase Manhattan Auto. Fin. Corp., 50* AD.3d 18 (2d Dep't 2008); *Lujan* v. *Defenders o.f Wildlife,* 504 U.S. 555 (1993); *Whitmore* v. *Arkansas,* 495 U.S. 149 (1990).

### OBJECTIONS TO PROPOSED FINAL JURY INSTRUCTION NO.11

The City objects to this instruction in its entirely on the grounds that it employs the

incorrect standard of proof in this case is confusing to the jurors and misstates the law.  Clear and

convincing evidence is not the appropriate burden in any phase of this case.  Rather, the

appropriate burden of proof for Plaintiff, the City of New York (öthe Cityö) in Phase One is

preponderance of the evidence, which is the standard burden of proof in a civil case such as this.

Opinion and Order in this Action, Scheindlin, S. (June 9, 2009) at 18-19 (öRather, the City must

prove, by a preponderance of the evidence, that MTBE of the particular defendant was actually in

the commingled product that caused the contamination.ö).  *Glew v. Cigna Group Ins.*, 590

F.Supp.2d 395 (E.D.N.Y. 2008) (öWhile there has been some dispute as to the burden of proof,

in this Court's view, the proper standard is the same as other civil cases in the federal court,

namely, by a preponderance of the evidence.ö); *Yi v. Sterling Collision Centers, Inc.*, 480 F.3d

505, 507 (7th Cir. 2007) (presumption that preponderance standard applies in federal civil cases);

*Mathis v. Hargrove*, 888 A.2d 377, 391 n. 5, 166 Md.App. 286 (Md. 2005) (preponderance of

the evidence is the proper standard for civil action); *Rixmann v. City of Prior Lake*, 723 N.W.2d

493, 495 (Minn.App. 2006); *Mutual of Enumclaw Ins. Co. v. McBride*, 667 P.2d 494, 295 Or.

398 (Or. 1982) (burden of proof on issue of fraud to void a fire insurance policy is by a preponderance of the evidence; it does not require clear and convincing proof). *See also Ramsey v. United Mine Workers of America*, 401 U.S. 302 (1971) (plaintiff in an antitrust action against a labor union need only prove his case by a preponderance of the evidence; pro-vision of 29 U.S.C.A. § 106 requiring õclear proofö only applies to question of authorization, participation or ratification of acts); *Ellis v. Brotherhood of Railway Clerks*, 685 F.2d 1065, 1071 (9th Cir. 1982) (in a civil case, the party with the burden of proof must persuade the trier of fact by a preponderance of the evidence; no higher standard is required simply because a constitutional issue is involved).

To õestablish by a preponderance of the evidenceö means to prove that something is more likely than not. *See, e.g., Nissho-Iwai Co. v. M/T Stolt Lion*, 719 F.2d 34, 38 (2d Cir.1983) (õpreponderanceö means that õupon all the evidence í the facts asserted by the plaintiff are more probably true than falseö), *quoting Porter v. American Export Lines, Inc.*, 387 F.2d 409, 410ô411 (3d Cir.1968). *See also South-East Coal Co. v. Consolidation Coal Co.*, 434 F.2d 767, 777ô678 (6th Cir.1970), cert. denied, 402 U.S. 983 (1971); *Henry v. Dept. Corrections*, 131 Fed.Appx. 847, 850 (3d Cir. 2005) (õmore likely than notö; quoting Black's Law Dictionary); *Mathis v. Hargrove*, 2005, 888 A.2d 377, 391 n. 5, 166 Md.App. 286 (õevidence which, when considered and compared with the evidence opposed to it, has more convincing force and produces in the mind of the trier of fact a belief that it is more likely true than not); *Ralston Oil & Gas Co. v. July Corp.*, 719 P.2d 334 (Colo.App.1985) (proof by a preponderance of the evidence means evidence that leads the trier of fact to find that the existence of the fact is more probable than not).

Thus, in Phase One, the City's proper requirement of proof is to show that it is more likely than not that it will build Station 6 sometime within the next 15 years, assuming it has the money necessary to do so immediately available.  *See, e.g., In re Methyl Tertiary Butyl Ether (MTBE) Products Liability Litigation* Slip Copy, 2008 WL 5188193 (S.D.N.Y., Dec. 09, 2008) (Plaintiffs bear the burden of proving elements of a prima facie case, by a preponderance of the evidence.); *In re MTBE*, 591 F.Supp.2d 259, 266 (S.D.N.Y. 2008) (same); Restatement (Second) of Torts § 433 (1977).

The City also objects to this instruction to the extent that it suggests that the City must show anything more than that it is more likely than not that it will build Station 6 within the timeframe.  In the status conference on June 2, 2009, the Court made it clear that the parties were to assume adequate funding is available for the purposes of building Station 6.  Thus, it is erroneous for Defendant to suggest that the City must show in this Phase that the City will "fund" the project during the timeframe.  Similarly, because the Court analogized having Station 6 available in the event that there is a draught or water outage to having a backup generator at a hospital, it is erroneous to suggest that the City must show that it will "activate" the system for purposes of providing drinking water to its customers within the timeframe.

## PROPOSED FINAL JURY INSTRUCTION NO. 12

### City's Future Use of Station 6 Wells

In this action, the City contends that it will fund, design, construct and activate the Station 6 facility. ExxonMobil contends that the City will not. The City has the burden of proving by clear and convincing evidence that the City will fund, design, construct and activate the Station 6 facility.

Unless you find that it is reasonably certain or highly probable that the City will fund, design, construct and activate the Station 6 facility in the future, you must find for ExxonMobil. If the City has met its burden of proof, then you must find for the City.

Authority: N.Y. Pattern Jury Instructions 1:64 (as modified); *Askey v. Occidental Chem. Corp.,* 477 N.Y.S.2d 242 (4th Dept 1984); *Caudle v. Towers, Perrin, Forster & Crosby, Inc.,* 580 F. Supp. 2d 273 (S.D.N.Y. 2008); *Schultz v. Harrison Radiator,* 660 N.Y.S.2d 685 (N.Y. 1997); *Kihl v. Pfeffer,* 47 A.D.3d 154 (2d Dept 2007); *Firmes v. Chase Manhattan Auto. Fin. Corp., 50* A.D.3d 18 (2d Dep't 2008); *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 564 n.2 (1993); *Whitmore v. Arkansas,* 495 U.S. 149, 158 (1990).


## OBJECTIONS TO PROPOSED FINAL JURY INSTRUCTION NO.12

The City objects to this instruction in its entirely on the grounds that it employs the incorrect standard of proof in this case is confusing to the jurors and misstates the law.  Clear and convincing evidence is not the appropriate burden in any phase of this case.  *See supra*, Objections to Proposed Final Instruction No. 11.  Rather, the appropriate burden of proof for Plaintiff, the City of New York (õthe Cityö) in Phase One is preponderance of the evidence, which is the standard burden of proof in a civil case such as this.  *See supra*, Objections to Proposed Final Instruction No. 11.  In addition, the City objects to this instruction on the grounds that is it unnecessary and nearly duplicate of Instruction No. 11.

The City also objects to this instruction to the extent that it suggests that the City must show anything more than that it is more likely than not that it will build Station 6 within the timeframe.  In the status conference on June 2, 2009, the Court made it clear that the parties were to assume adequate funding is available for the purposes of building Station 6.  Thus, it is erroneous for Defendant to suggest that the City must show in this Phase that the City will õfundö the project during the timeframe.  Similarly, because the Court analogized having Station 6 available in the event that there is a draught or water outage to having a backup generator at a hospital, it is erroneous to suggest that the City must show that it will õactivateö the system for purposes of providing drinking water to its customers within the timeframe.

## PROPOSED FINAL JURY INSTRUCTION NO. 13

<u>Verdict Forms - Jury Responsibility</u>

I caution you that nothing said in these instructions and nothing in any form of verdict prepared for your convenience is meant to suggest or convey in any way or manner what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

You will be provided with a verdict form. You must follow the form's instructions.

Authority: 3 O'Malley, Grenig & Lee, Federal Jury Practice & Instructions § 106.07 (5th ed. 2000).

## OBJECTIONS TO PROPOSED FINAL JURY INSTRUCTION NO.13

The City objects to this to the instruction on the grounds that the use of the word õverdictö is confusing and misleading to the jurors. The jury in phase one is answering a question. As noted by this Court, õI am going to allow interim openings, interim summations and interim partial jury questionnairesô I wouldnøt call them partial verdicts, they are not that but a verdict sheet. In other words, jury interrogatoriesô I like jury interrogatories.ö Transcript of Hearing in this Action (June 2, 2009, at 96:5-9.)

Dated:  San Francisco, California

June 15, 2009

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
Attorney for Plaintiff City of New York
100 Church Street
New York, New York 10007
(212) 788-1568


/s/ *LESLEY E. WILLIAMS*
VICTOR M. SHER *(pro hac vice)*
TODD E. ROBINS *(pro hac vice)*
JOSHUA STEIN *(pro hac vice)*
LESLEY E. WILLIAMS (LW8392)
NICHOLAS G. CAMPINS *(pro hac vice)*
MARNIE E. RIDDLE *(pro hac vice)*

SHER LEFF LLP
450 Mission Street, Suite 400
San Francisco, CA 94105
(415) 348-8300

*Attorneys for Plaintiff City of New York*