**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------- x

In Re: Methyl Tertiary Butyl Ether ("MTBE")     Master File No. 1:00-1898
Products Liability Litigation                      MDL 1358 (SAS)

                                                        M21-88

------------------------------------------------------------------- x    ECF Case

**This document relates to the following case:**

*City of New York v. Amerada Hess Corp., et al.*
Case No. 04 Civ. 3417

------------------------------------------------------------------- x

**PLAINTIFF CITY OF NEW YORK'S OBJECTIONS TO DEFENDANT EXXON MOBIL**
**CORPORATION'S PROPOSED PHASE I VERDICT FORM**

Plaintiff the City of New York ("the City") hereby submits its objections to Defendant's

proposed phase one verdict form.

**Proposed Question No. 1**

According to the principles of law as charged by the Court and the facts as you

find them, please answer the following questions:

1. Has the City proven by clear and convincing evidence that it will fund, design,
construct and activate the Station 6 facility in the future?

            YES _____             NO _____

*If your answer is "Yes," to question* 1, *continue to question* 2. *If your answer to*
*question* 1 *was "No," proceed no further and have the foreperson sign on the last page of the*
*verdict sheet.*

**OBJECTIONS TO PROPOSED QUESTION NO. 1**

The City objects to this question in its entirety.  The appropriate burden of proof in this

case is preponderance of the evidence.  Opinion and Order in this Action, Scheindlin, S. (June 9,

2009) at 18-19 ("Rather, the City must prove, by a preponderance of the evidence, that MTBE of the particular defendant was actually in the commingled product that caused the contamination."). *See also Glew v. Cigna Group Ins.*, 590 F.Supp.2d 395 (E.D.N.Y. 2008) ("While there has been some dispute as to the burden of proof, in this Court's view, the proper standard is the same as other civil cases in the federal court, namely, by a preponderance of the evidence."); *Yi v. Sterling Collision Centers, Inc.*, 480 F.3d 505, 507 (7th Cir. 2007) (presumption that preponderance standard applies in federal civil cases); *Mathis v. Hargrove*, 888 A.2d 377, 391 n. 5, 166 Md.App. 286 (Md. 2005) (preponderance of the evidence is the proper standard for civil action); *Rixmann v. City of Prior Lake*, 723 N.W.2d 493, 495 (Minn.App. 2006); *Mutual of Enumclaw Ins. Co. v. McBride*, 667 P.2d 494, 295 Or. 398 (Or. 1982) (burden of proof on issue of fraud to void a fire insurance policy is by a preponderance of the evidence; it does not require clear and convincing proof). *See also Ramsey v. United Mine Workers of America*, 401 U.S. 302 (1971) (plaintiff in an antitrust action against a labor union need only prove his case by a preponderance of the evidence; pro-vision of 29 U.S.C.A. § 106 requiring "clear proof" only applies to question of authorization, participation or ratification of acts); *Ellis v. Brotherhood of Railway Clerks*, 685 F.2d 1065, 1071 (9th Cir. 1982) (in a civil case, the party with the burden of proof must persuade the trier of fact by a preponderance of the evidence; no higher standard is required simply because a constitutional issue is involved). *See, e.g., Nissho-Iwai Co. v. M/T Stolt Lion*, 719 F.2d 34, 38 (2d Cir.1983) ("preponderance" means that "upon all the evidence í the facts asserted by the plaintiff are more probably true than false"), *quoting Porter v. American Export Lines, Inc.*, 387 F.2d 409, 410–411 (3d Cir.1968). *See also South-East Coal Co. v. Consolidation Coal Co.*, 434 F.2d 767, 777–778 (6th Cir.1970), cert. denied, 402 U.S. 983 (1971); *Henry v. Dept. Corrections*, 131 Fed.Appx. 847, 850 (3d Cir. 2005)

("more likely than not"; quoting Black's Law Dictionary); *Mathis v. Hargrove*, 2005, 888 A.2d 377, 391 n. 5, 166 Md.App. 286 ("evidence which, when considered and compared with the evidence opposed to it, has more convincing force and produces in the mind of the trier of fact a belief that it is more likely true than not); *Ralston Oil & Gas Co. v. July Corp.*, 719 P.2d 334 (Colo.App.1985) (proof by a preponderance of the evidence means evidence that leads the trier of fact to find that the existence of the fact is more probable than not).

The City also objects to this question to the extent that it suggests that the City must show anything more than that it is more likely than not that it will build Station 6 within the timeframe. In the status conference on June 2, 2009, the Court made it clear that the parties were to assume adequate funding is available for the purposes of building Station 6. *See* Transcript of Hearing in this action dated June 2, 2009 at ___ Thus, it is erroneous for Defendant to suggest that the City must show in this Phase that the City will "fund" the project during the timeframe. Similarly, because the Court analogized having Station 6 available in the event that there is a draught or water outage to having a backup generator at a hospital, it is erroneous to suggest that the City must show that it will "activate" the system for purposes of providing drinking water to its customers within the timeframe. *See id.* at __.

The appropriate question to ask the jury at the end of Phase One is: Do you find that is more likely than not that the City of New York will build Station 6 sometime within the next 15 years, assuming it has the money necessary to do so immediately available?

## Proposed Question No. 2

2. If you answered "yes" to question 1, please indicate the year in which you determine the City will activate Station 6:

*Please have the foreperson sign and date this Verdict Sheet, and advise the Court by note that you have reached a verdict.*

## OBJECTIONS TO PROPOSED QUESTION NO. 2

The City objects to this question in its entirety. The question is irrelevant and beyond the scope of the Court's instructions for this phase. Furthermore, the City objects to this question on the ground that it employs the incorrect standard of proof. The appropriate burden of proof in this case is preponderance of the evidence. *See supra* Objections to Proposed Question No. 1.

The City also objects to this instruction to the extent that it suggests that the City must show anything more than that it is more likely than not that it will build Station 6 within the timeframe. In the status conference on June 2, 2009, the Court made it clear that the parties were to assume adequate funding is available for the purposes of building Station 6. *See* Transcript of Hearing in this action dated June 2, 2009 at ___ Thus, it is erroneous for Defendant to suggest that the City must show in this Phase that the City will "fund" the project during the timeframe. Similarly, because the Court analogized having Station 6 available in the event that there is a draught or water outage to having a backup generator at a hospital, it is erroneous to suggest that the City must show that it will "activate" the system for purposes of providing drinking water to its customers within the timeframe. *See id.* at __.

Finally, the City objects to this question on the ground that it should not be asked regardless of the jury's response to the first question.

Dated: San Francisco, California
June 15, 2009

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
Attorney for Plaintiff City of New York
100 Church Street
New York, New York 10007
(212) 788-1568

/s/ *LESLEY E. WILLIAMS*
VICTOR M. SHER *(pro hac vice)*
TODD E. ROBINS *(pro hac vice)*
JOSHUA STEIN (*pro hac vice*)
LESLEY E. WILLIAMS (LW8392)
NICHOLAS G. CAMPINS *(pro hac vice)*
MARNIE E. RIDDLE *(pro hac vice)*

SHER LEFF LLP
450 Mission Street, Suite 400
San Francisco, CA 94105
(415) 348-8300
*Attorneys for Plaintiff City of New York*