**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------- x

In Re: Methyl Tertiary Butyl Ether ("MTBE")               Master File No. 1:00-1898
Products Liability Litigation                                        MDL 1358 (SAS)
                                                                               M21-88
-------------------------------------------------------------------- x   ECF Case

**This document relates to the following case:**

*City of New York v. Amerada Hess Corp., et al.*
Case No. 04 Civ. 3417

-------------------------------------------------------------------- x

# PLAINTIFF CITY OF NEW YORK'S OPPOSITION TO DEFENDANTS' TRIAL MEMORANDUM FOR PHASE ONE

Plaintiff the City of New York (the "City") hereby submits its Opposition to Defendant's[1] Trial Memorandum for Phase One of this trial.

## I. ARGUMENT

The proper standard of proof in Phase One is preponderance of the evidence. Defendant's argument that the City must prove its future conduct to a "reasonable certainty" and with "clear and convincing evidence" is wrong because it rests on the incorrect legal assumption that the standard of proof required to prove damages in civil cases is the same as the standard of proof required for defendants in personal injury cases to prove collateral source set-offs. The Court should reject Defendant's attempt to raise the burden of proof for the City in this civil case involving issues of tort law and violations of federal and state statutes as unfair and legally meritless.

The City seeks damages and injunctive relief based on present injury. There is nothing speculative about the presence of MTBE in the City's water supply, nor about the City's plans to build Station 6. The City will prove at trial that its injury and plans to build Station 6 are certain, not merely "reasonably certain" "highly probable" or "certainly impending." But, this does not mean that the proper *standard of proof* in this case should be different from the normal "preponderance of the evidence" standard that generally applies to civil cases.

Defendant misconstrues and mischaracterizes virtually every document and portion of testimony it cites in support of its arguments in its Phase One Memorandum. Rather than

---

[1] We will refer to the three remaining corporate defendants collectively as "ExxonMobil" or "Defendant."

1

burdening the Court with a lengthy factual refutation here, the City will address Defendant's factual errors at trial.[2]

The Court has made clear that the parties should assume in Phase I that adequate funding is available for the purposes of building Station 6. *See* Transcript of Hearing in this Action dated June 2, 2009 at 87. Defendant's suggestion that the City must show in this Phase that the City will "fund" the project during the timeframe is therefore contrary to the express direction of the Court and should be rejected. Similarly, because (as the Court acknowledged) having Station 6 available in the event that there is a drought or water outage is akin to having a backup generator at a hospital, Defendant's suggestion that the City must show that it will "activate" the system for purposes of providing drinking water to its customers within the timeframe is also wrong. *See id.* at 53-56.

Defendant's proposed jury question and standard of proof for Phase One should be rejected in their entirety. The proper question to ask the jury in Phase One is: "is it more likely than not that the City of New York will build Station 6 sometime within the next 15 years, assuming it has the money necessary to do so immediately available?" Because they violate the express direction of the Court, the Court should reject Defendant's incorrect suggestion that the City needs to show that it will fund the project or and that Station 6 will be activated to serve water in the timeframe in question.

### A. The Appropriate Burden of Proof for Phase One is Preponderance of the Evidence

The appropriate burden of proof for the City of New York ("the City") in Phase One is proof of the facts at issue to a preponderance of the evidence standard. As the Court has pointed

---

[2] Among other things, the City will show at trial: (1) funding for Station 6 is in the most recent budget for more than $160 million; and (2) the Station 6 plant is not part of the dependability study, and its construction does not depend on decisions to be made under the dependability study.

2

out, such standard is the appropriate standard of proof in civil tort cases involving environmental contamination which assert defective product claims, property tort claims, negligence claims and claims based on statutory violations. Opinion and Order in this Action, Scheindlin, S. (June 9, 2009) at 18-19 ("Rather, the City must prove, by a preponderance of the evidence, that MTBE of the particular defendant was actually in the commingled product that caused the contamination."); *In re MTBE*, 591 F.Supp.2d 259, 289 (S.D.N.Y. 2008) ("Defendants' argument ignores the fact that the burden of proof in civil cases is only a preponderance of the evidence."); *Glew v. Cigna Group Ins.*, 590 F.Supp.2d 395 (E.D.N.Y. 2008) ("While there has been some dispute as to the burden of proof, in this Court's view, the proper standard is the same as other civil cases in the federal court, namely, by a preponderance of the evidence."); *Seneca Meadows, Inc. v. ECI Liquidating, Inc.* 427 F.Supp.2d 279 (W.D.N.Y. 2006) (preponderance of the evidence is plaintiff's burden of proof in TCE contamination case involving CERCLA); 16 Lee S. Kreindler, Blanca I. Rodriguez, David Beekman & David C. Cook, *New York Law of Torts*, § 20.2 (as a general rule, plaintiff in a tort case (including product liability) has the burden of proving each element of the tort by preponderance of the evidence; plaintiff in a tort case must also establish damages by a preponderance of the evidence— this includes punitive damages, as New York does not require a higher burden of proof on punitive damages).[3]

---

[3] *See also Yi v. Sterling Collision Centers, Inc.*, 480 F.3d 505, 507 (7th Cir. 2007) (presumption that preponderance standard applies in federal civil cases); *Mathis v. Hargrove*, 888 A.2d 377, 391 n. 5, 166 Md.App. 286 (Md. 2005) (preponderance of the evidence is the proper standard for civil action); *Rixmann v. City of Prior Lake*, 723 N.W.2d 493, 495 (Minn. App. 2006); *Mutual of Enumclaw Ins. Co. v. McBride*, 667 P.2d 494, 295 Or. 398 (Or. 1982) (burden of proof on issue of fraud to void a fire insurance policy is by a preponderance of the evidence; it does not require clear and convincing proof). *See also Ramsey v. United Mine Workers of America*, 401 U.S. 302 (1971) (plaintiff in an antitrust action against a labor union need only prove his case by a preponderance of the evidence; pro-vision of 29 U.S.C.A. § 106 requiring "clear proof" only applies to question of authorization, participation or ratification of acts); *Ellis v. Brotherhood of Railway Clerks*, 685 F.2d 1065, 1071 (9th Cir. 1982) (in a civil case, the party with the burden of

To prove a disputed factual issue or claim "by a preponderance of the evidence" means to show that something is more likely than not true. *See, e.g., Nissho-Iwai Co. v. M/T Stolt Lion*, 719 F.2d 34, 38 (2d Cir.1983) ("preponderance" means that "upon all the evidence … the facts asserted by the plaintiff are more probably true than false"), *quoting Porter v. American Export Lines, Inc.*, 387 F.2d 409, 410–411 (3d Cir.1968).[4]

Thus, in Phase One, the City's proper requirement of proof is to show that it is more likely than not that it will build Station 6 sometime within the next 15 years, assuming it has the money necessary to do so immediately available. *See, e.g., In re Methyl Tertiary Butyl Ether (MTBE) Products Liability Litigation* Slip Copy, 2008 WL 5188193 (S.D.N.Y., Dec. 09, 2008) (plaintiffs bear the burden of proving elements of a prima facie case, by a preponderance of the evidence.); *In re MTBE*, 591 F.Supp.2d 259, 266 (S.D.N.Y. 2008) (same); Restatement (Second) of Torts § 433 (1977).

### B. <u>Clear and Convincing Evidence and Reasonable Certainty Are Not Appropriate for this Case</u>

The "reasonable certainty" or "clear and convincing evidence" standards are inappropriate for Phase One. This phase will answer a threshold question relevant to the City's tort claims and claims related to violations of federal and state statutes. The City alleges present injuries. The injuries are ongoing, and the City will continue to be damaged in the future. The

---

proof must persuade the trier of fact by a preponderance of the evidence; no higher standard is required simply because a constitutional issue is involved).

[4] *See also South-East Coal Co. v. Consolidation Coal Co.*, 434 F.2d 767, 777–678 (6th Cir.1970), cert. denied, 402 U.S. 983 (1971); *Henry v. Dept. Corrections*, 131 Fed.Appx. 847, 850 (3d Cir. 2005) ("more likely than not"; quoting Black's Law Dictionary); *Mathis v. Hargrove*, 2005, 888 A.2d 377, 391 n. 5, 166 Md.App. 286 ("evidence which, when considered and compared with the evidence opposed to it, has more convincing force and produces in the mind of the trier of fact a belief that it is more likely true than not); *Ralston Oil & Gas Co. v. July Corp.*, 719 P.2d 334 (Colo.App.1985) (proof by a preponderance of the evidence means evidence that leads the trier of fact to find that the existence of the fact is more probable than not).

City seeks to build Station 6 to address all of those injuries. Defendant's suggestion that the fact that Station 6 will address future injuries as well as present injuries renders the City's proof indeterminate and somehow subjects it to a higher standard of proof is legally insupportable. *See* 16 Lee S. Kreindler, Blanca I. Rodriguez, David Beekman & David C. Cook, *New York Law of Torts*, § 20.2 (as a general rule, plaintiff in a tort case (including product liability) has the burden of proving each element of the tort by preponderance of the evidence; plaintiff in a tort case must also establish damages by a preponderance of the evidence— this includes punitive damages, as New York does not require a higher burden of proof on punitive damages).

Specifically, the cases cited by Defendant do not support the proposition that the City should have clear and convincing evidence or reasonable certainty as a burden of proof in this phase or any other part of this case, for that matter. *Caudle v. Towers, Perrin, Forster & Crosby, Inc., Lujan v. Defenders of Wildlife, Whitmore v Arkansas* and the *In re MTBE* (2001 opinion) are inapposite because they relate to Article III standing, which has nothing to do with proving the elements of plaintiff's prima facie case here. As the City has indicated in other briefing, it will have no trouble proving actual injury in its various claims against Defendant. *See* Plaintiff's Opposition to Defendant's Motion in Limine re: Actual Injury filed in 00-1898 Dkt # 2473 (May 26, 2009) ("Injury MIL Opp.").[5]

---

[5] As owner of the wells 6, 6A, 6B, 6D 33, 5, 22, 26, 39, 45, the City has substantial possessory property rights to water drawn from them. *See, e.g., In Re MTBE*, 457 F.Supp. 455, 462 (S.D.N.Y. 2006) ("usufructuary interests are possessory property rights"). The City also has a statutory right and obligation to preserve the purity of water from which any part of the City's water supply is drawn. *See* Plaintiff's Opposition to Defendant's Motion in Limine to Exclude Evidence and Argument Regarding Plaintiff's Past and Future Investigation and Treatment Costs Until It Proves Actual Injury, filed in 00-1898, Dkt. # 2473 (May 26, 2009), at 7. In addition, state regulations require the City to monitor and treat contamination even in instances where contamination is present below the MCL where there are any deleterious changes in raw water quality." *See id*. at 8. similarly, because the it provides drinking water to the public, the City has an interest in providing potable water— e.g., water that does not have offensive taste and odor or

Nothing in the cases cited by Defendant suggests, much less requires, a departure from the normal preponderance of the evidence standard in a civil case. For example, in *Caudle v. Towers, Perrin, Forster & Crosby, Inc.*, 580 F.Supp. 273 (S.D.N.Y. 2008), a case relied on by Defendant, a former employee sued his employer's pension consultant, Towers Perrin, to recover the cost he spent on a credit monitoring program to prevent identity theft after his laptop containing significant personal data had been stolen out of the pension consultant's offices. *See id.* at 278-80. The court analogized to medical monitoring cases in New York and found the cost was not recoverable. *See id.* In that case the "apprehended future consequences" involved someone misusing the data found on the laptop to steal the plaintiff's identity. *See id.* at 281-82. The Court found it significant that the data was password protected and that someone would have to consciously make the determination to misuse the data before plaintiff would be harmed. *See id.* at 282. Here, however, there are present injuries to the City. MTBE has been found in the wells of Station 6 and Well 6D has had detections well in excess of the Maximum Contaminant Level (MCL) and is therefore injured as a matter of law. The City has been damaged by incurring costs to treat MTBE. In addition, the City has been injured because Defendant has interfered with the City's statutory rights and obligations. *See* Injury MIL Opp. at 7-8.

In *Lujan v. Defenders of Wildlife*, various environmental groups brought an action challenging a regulation of the Secretary of the Interior that interpreted the Endangered Species Act. 504 U.S. 555, 558-59 (1992). The Supreme Court in that case held that plaintiff

---

contain VOCs such as MTBE. *See id.* at 8. Conduct that interferes with the City's statutory rights and obligations rights injures the City and constitutes actionable harm. Furthermore, the City's trespass and nuisance claims do not require actual injury to find Defendant liable. The Second Circuit's decision in *Olin Corporarion v. Certain Underwriters at Llyod's London*, 468 F.3d 120, 130 (2d Cir. 2006) shows that property damage includes "continuing migration of chemicals in groundwater." *Id.* at 130.

environmental groups had no standing because they had no injury in fact. That is, the harm they alleged (which was cognizable injury) was not imminent enough, nor were plaintiffs among the group of the injured. *See id.* at 566-67. Here, the City alleges far more than injury at some indefinite point in time. The City alleges that it has already been harmed and that it will continue to be harmed.[6]

Similarly in *In re MTBE* opinion, 175 F.Supp.2d 593, 606-09 (S.D.N.Y. 2001), this Court dismissed various individual well-owners because they had found no MTBE in their wells. Here, however, there is MTBE in the wells in Station 6; indeed, Well 6D is injured as a matter of law by virtue of contamination that is multiples of the Maximum Contaminant Level (MCL) for MTBE. None of the Defendant's standing cases supports deviating from preponderance of the evidence, the normal burden of proof in civil cases, in this case. *See, e.g., In re Methyl Tertiary Butyl Ether (MTBE) Products Liability Litigation* Slip Copy, 2008 WL 5188193 (S.D.N.Y., Dec. 09, 2008) (Plaintiffs bear the burden of proving elements of a prima facie case, by a preponderance of the evidence.); *In re MTBE*, 591 F.Supp.2d 259, 266 (S.D.N.Y. 2008) (same); Restatement (Second) of Torts § 433 (1977).

Furthermore, the New York cases cited by Defendant supporting the definition of reasonable certainty are inapposite because they all involve defendants' burden of proof on collateral source setoff in personal injury actions. For example, in *Firmes v. Chase Manhattan Automotive Finance, Corp.*, 50 A.D.3d 18, 33 (App. Div. 2008) it was the Defendant who bore the burden of proof of proving entitlement to collateral source set-off. *Accord Ruby v. Budget Rent a Car*, 23 A.D.3d 257, 258 ((App.Div. 1st Dep't 2005); *Sternfeld v. Forcier*, 248 A.D.2d 14,

---

[6] *Whitmore v. Arkansas*, 495 U.S. 149 (1990) is inapposite because it is a death row case holding that a death row inmate did not have individual standing to challenge the validity of a death sentence imposed on a capital defendant.

7

16-18 (App.Div 3d Dept. 1998); *Kihl v. Pfeffer*, 47 A.D.3d 154, 167-68 (N.Y. App. Div. 2007). These cases simply have nothing to do with this case.

Several cases cited by Defendant support the proposition that future damages must be proved by a reasonable certainty standard in certain cases, but these cases again do not suggest or require that such a standard is appropriate in this case, which involves present injury and the prima facie elements of a tort and violations of federal and state statutes. For example, in *Schultz v. Harrison Radiator Division General Motors Corp.*, 90 N.Y.2d 311, 315-16 (N.Y. 1997), the New York Court of Appeals held that the trial court in a damages trial should have instructed the jury that future damages for loss of household services should be awarded only for those services which are reasonably certain to be incurred and necessitated by plaintiff's injuries. *Id.* at 320. This was a personal injury case involving a fall from scaffolding on a site owned by the defendant from which the plaintiff was seriously injured. Part of damages plaintiff sought was for household services he could no longer perform and was relying on friends and relatives to perform for him after his injury. According to the Court of Appeals, the award of damages was not compensatory because plaintiff never really hired someone to do those tasks -- he relied on people to do them for free. Here, however, the City already has incurred damages addressing the MTBE in its wells and in the water and groundwater in and around Station 6.

Similarly, in *Askey v. Occidental Chemical Corp.*, 102 A.D.2d 130, 135-37 (N.Y. App. Div. 1984), which was a suit by residents of the area around the former Love Canal landfill against the successor owner the landfill for damage by exposure to a toxic waste landfill and increased likelihood of future medical problems. The court held that plaintiffs could recover for potential injuries with which they might be affected in the future but that damages for prospective consequences of tortious injury were recoverable only if they showed a high

8

probability of their occurrence as to amount to a reasonable certainty they will result. But, this case is not akin to situations involving future medical conditions that require monitoring. Here, MTBE already has contaminated the water or ground in Station 6. Here, there are not only prospective consequences of Defendant's tortious activity, there are present consequences of it.

Neither reasonable certainty nor clear and convincing evidence are appropriate standards of proof, here, where the City is addressing elements of its prima facie case that sound in tort and violation of Federal and State statute. *See, e.g., In re Methyl Tertiary Butyl Ether (MTBE) Products Liability Litigation* Slip Copy, 2008 WL 5188193 (S.D.N.Y. Dec. 09, 2008) (plaintiffs bear the burden of proving elements of a prima facie case, by a preponderance of the evidence.); *In re MTBE*, 591 F.Supp.2d 259, 266 (S.D.N.Y. 2008) (same). *See also Ramsey v. United Mine Workers of America*, 401 U.S. 302 (1971) (plaintiff in an antitrust action against a labor union need only prove his case by a preponderance of the evidence; pro-vision of 29 U.S.C.A. § 106 requiring "clear proof" only applies to question of authorization, participation or ratification of acts). Indeed, the City seeks damages and injunctive relief based on present injury. Defendant already has contaminated the water and ground in and around Station 6 with MTBE. Defendant's gasoline containing MTBE already is a defective product. The water will continue to be contaminated in the future, without treatment for the MTBE contamination, but it is contaminated now. Defendant already has violated the Toxic Substances Control Act. It already has misrepresented the properties of MTBE to the EPA, to state and federal legislatures and the public. Defendant already has violated its duty to warn the City and others about the defective nature of MTBE and gasoline containing MTBE and its danger to ground water and drinking water supplies. Defendant already has violated its standard of care with respect to the City. The City already has run certain wells in Station 6 for pilot testing and found them contaminated with

MTBE. Well 6D is injured as a matter of law. The City already has been injured in its ability to provide clean water to its population and to have a backup system, akin to a hospital generator, that would provide sources of clean drinking water in time of drought or outage in the system. And, finally, the City's trespass and nuisance claims do not even require proof of actual injury. *See* Injury MIL Opp. at 7-8.

Furthermore, because clear and convincing evidence and reasonable certainty are higher standards of proof than preponderance of the evidence, the City would be prejudiced by the requirement of any such a heightened burden in this case. *See Mask v. McGinnis,* 233 F.3d 132 (2d Cir. 2000) (certainty is "an even higher standard than preponderance of the evidence")(citations omitted); *Lillian F. v. Superior Court*, 206 Cal. Rptr. 603, 606, 160 Cal.App.3d 314 (Cal. App. 1984) (clear and convincing evidence requires a finding of high probability and evidence so clear as to leave no substantial doubt, while preponderance merely requires that existence of fact be more probable than its nonexistence).

## II. CONCLUSION

For the foregoing reasons this Court should disregard Defendant's proposed jury questions for phase one in their entirety and should rule that the burden of proof for the City in Phase One of this case is preponderance of the evidence.

Dated:  San Francisco, California

    June 15, 2009

                                        MICHAEL A. CARDOZO
                                        Corporation Counsel of the City of New York
                                        Attorney for Plaintiff City of New York
                                        100 Church Street
                                        New York, New York 10007
                                        (212) 788-1568

/s/ *LESLEY E. WILLIAMS*
VICTOR M. SHER *(pro hac vice)*
TODD E. ROBINS *(pro hac vice)*
JOSHUA STEIN *(pro hac vice)*
LESLEY E. WILLIAMS (LW8392)
NICHOLAS G. CAMPINS *(pro hac vice)*
MARNIE E. RIDDLE *(pro hac vice)*

SHER LEFF LLP
450 Mission Street, Suite 400
San Francisco, CA 94105
(415) 348-8300

*Attorneys for Plaintiff City of New York*