|  |  | remediation at this station. The most recent remediation reports for the Chevron #9-5401 site do not indicate that further efforts to define the plume or expand the area of remediation are underway or anticipated. Therefore, in my opinion, the first real hydrogeologic evidence that MTBE had escaped was when MTBE had been detected in the production well associated with Plume 9. (Bolin Decl., ¶ 42.)<br><br>Defendants' contention that MTBE was "not detected" on the District's accrual date appears to be based on the distinction between detections of MTBE for purposes of accrual dates and for regulatory submissions. The District has already explained this distinction supra. Nonetheless, defendants' contention that MTBE has not been detected in HB-13 operates as an admission that the District's claims with respect to HB-13 and associated Plume 9 stations are not time-barred. | To justify the District's reliance on purported MTBE detections in a production well to establish its accrual date, Mr. Bolin's declaration asserts that there is no other "indicat[ion] that MTBE has escaped remediation" at #Chevron #9-5401. (Bolin 2009 Decl. ¶ 42.) However, in deposition testimony, Mr. Bolin claimed that "there hasn't been remediation, unless there is some going on now. But the contamination is already off the site. So ... it's escaped remediation." (Bolin Dep. 1326:10-18.)<br><br>Mr. Bolin is mistaken in claiming that there are no "further efforts to define the plume or expand the area of remediation ... underway or anticipated." (Bolin Decl. ¶ 42.) Consultants and/or regulators may determine that additional monitoring wells or different remediation is necessary, often many years after the last monitoring well was drilled. Where new information developed from one or more wells at the site indicates that an adjustment to the remediation measures should be made, appropriate action can be taken. For instance, Chevron is now proposing to the Orange County Health Care Agency that eight additional Enhanced Fluid Recovery events take place at this site. (Molla Decl. ¶¶ 3-5, Ex.1.)<br><br>Although Mr. Bolin |

| | | | |
|---|---|---|---|
| | | | purports to offer his "opinion as a hydrogeologist with extensive experience in remediation," he testified during his deposition that he is "not an expert in remediation," "remedial technologies," or "fate and transport analysis." (See discussion in ¶ 2 above.) |
| Unocal #5123 14972 Springdale St. Huntington Beach | 43. The MTBE detection in well MW-15 on which OCWD's date is based was at 15 ppb. (Costley 2009 Decl. Ex. 1A.)<br><br>Prior to May 6, 2000, MTBE was detected at this station in at least three offsite monitoring wells at levels greater than the California Secondary MCL: MW-4, MW-14, and MW-17 as follows:<br><br>MTBE was detected in MW-4 on January 28, 1997 at a level of 16 ppb. (OCWD-MTBE-001-184537.) MTBE was detected in MW-14 on November 25, 1996, and in a subsequent testing event prior to May 6, 2000, peaking at 9 ppb. (OCWD-MTBE-001-184547.) MTBE was detected in MW-17 on February 29, 1996 at 910 ppb, and in seven subsequent testing events through May 6, 2000. (OCWD-MTBE-001-184550.) | 43. Mr. Costley cites MW-4, MW-14 and MW-17 at the Unocal #5123 station associated with Plume 9 as examples of where "off-site" wells showed detections of MTBE prior to May 6, 2000. See Costley Decl., Ex. 1A. These wells, however, do not indicate that MTBE has escaped remediation at this site. Groundwater contour maps demonstrate that the shallow groundwater flow is principally to the Southwest at this station. (Bolin Decl., Ex. 22.) MW-4 and MW-17 are not downgradient from the release site. MW-14 is located fairly close to the station at approximately 50 feet from the release, but this well is not the furthest downgradient monitoring wells associated with remediation at the Unocal #5123 station. By contrast, MW-15 is located 135 feet directly downgradient from the release site, is the furthest downgradient well and showed an MTBE detection of 15 | 43. As discussed in ¶ 41 *supra*, the District offers no evidentiary basis to support its claim that MTBE was actually detected in well HB-13. Under the District's position, therefore, its claims at this station have never accrued, and should now be dismissed from its lawsuit.<br><br>When deposed as the District's Rule 30(b)(6) representative last year, Mr. Bolin unequivocally defined "off-site contamination" as "[d]etections of MTBE in a well outside the boundaries of the property." (Bolin Dep. 356:2-22; *see also id.* 1888:25-1890:3; 1933:12-1934:3.) Mr. Bolin also testified that an MTBE detection in a monitoring well "near the site boundary... indicate[s] there is off-site contamination." (*Id.* 357:4-16.)<br><br>Although now asserting that detections in MW-4, MW-14, and MW-17 "do not indicate that MTBE has escaped remediation at this site," (Bolin 2009 Decl. ¶ 46) Mr. Bolin previously testified that contamination |

- 55 -

| | | | |
|---|---|---|---|
| | | ppb in 2003. The most recent remediation reports for the Unocal #5123 do not indicate that further efforts to define the plume or expand the area of remediation are underway or anticipated. In my opinion as a hydrogeologist with extensive experience in remediation, this detection in MW-5 is the first real indication at this site that MTBE has escaped active remediation efforts and is threatening drinking water sources. (Bolin Decl., ¶ 46.)<br><br>Defendants' contention that MTBE was "not detected" on the District's accrual date appears to be based on the distinction between detections of MTBE for purposes of accrual dates and for regulatory submissions. The District has already explained this distinction supra. Nonetheless, defendants' contention that MTBE has not been detected in HB-13 operates as an admission that the District's claims with respect to HB-13 and associated Plume 9 stations are not time-barred. | was "outside the site boundary. It's escaped the site." (Bolin Dep. 1138:14-15; see also id. 1140:3-7 (I don't think [MTBE] can be captured by an on-site remediation system now…. I think it's escaped. It's gone too far.").) Similarly, Bolin now asserts that "MW-4 and MW-17 are not downgradient from the release site," (Bolin 2009 Decl. ¶ 46) however he identifies no other source that could explain the detection.<br><br>Mr. Bolin is mistaken in claiming that there are no "further efforts to define the plume or expand the area of remediation … underway or anticipated." (Bolin Decl. ¶ 46.) Consultants and/or regulators may determine that additional monitoring wells or different remediation is necessary, often many years after the last monitoring well was drilled. Where new information developed from one or more wells at the site indicates that an adjustment to the remediation measures should be made, appropriate action can be taken. (Molla Decl. ¶¶ 3-5, Ex.1.)<br><br>Although Mr. Bolin purports to offer his "opinion as a hydrogeologist with extensive experience in remediation," he testified during his deposition that he is "not an expert in remediation," "remedial technologies," or "fate and transport analysis." (See |

- 56 -

| | | | discussion in ¶ 2 above.) |
|---|---|---|---|
| Shell #6502 6502 Bolsa Ave. Huntington Beach | 44. MTBE was not detected in monitoring well "B-46" on the District's purported date of accrual. However MTBE was detected in this monitoring well on June 6, 2000, at 10 ppb. (Costley 2009 Decl. Ex. 1A.) MTBE was not again detected in B-46 above the California Secondary MCL until November 16, 2005 at 5.7 ppb.<br><br>Prior to May 6, 2000, MTBE was detected at this station in at least four off-site monitoring wells at levels greater than the California Secondary MCL: B-7, B-8, B-11, and B-21, as follows:<br><br>MTBE was detected in B-7 at a level of 1,300 ppb on December 13, 1996, and in all subsequent sampling events prior to May 6, 2000, including at a level of 4,100 ppb on December 1, 1997. (OCWD-MTBE-001-183201-02.) MTBE was detected in well B-8 at a level of 89 ppb on December 13, 1996, and in nine of the eleven subsequent sampling events prior to May 6, 2000. (OCWD-MTBE-001-183203.) MTBE was detected in well B-11 at a level of 100 ppb on December 13, 1996, and in five of the six subsequent sampling events prior to May 6, 2000. OCWD-MTBE-001-183206-7.) MTBE was detected in well B-21 at a level of 60 ppb on March 27, 1996, and in fourteen of the fifteen subsequent sampling | 44. Mr. Costley cites four monitoring wells at the Shell #6502 station associated with Plume 9 (B-7, B-8, B-11 and B-21) as examples of where "off-site" wells showed detections of MTBE prior to May 6, 2000. *See* Costley Decl., Table 1A. These wells, however, do not indicate that MTBE has escaped remediation at this site. Each of these wells is located less than 100 feet from the boundary of the site where the release occurred. Groundwater contour maps demonstrate that the shallow groundwater flow is principally to the Northwest to Southwest at this station. (Ex. 20.) None of the wells are downgradient of the release and each appears to be part of remedial efforts to characterize the extent of the plume. Well B-46, in contrast, is 145 feet from the property boundary, is the furthest downgradient well from the release site and showed a detection of 5.8 ppb of MTBE in 2006. The most recent remediation reports for the Shell #6502 do not indicate that further efforts to define the plume are underway or anticipated. In my opinion as a hydrogeologist with extensive experience in remediation, this | 44. As discussed in ¶ 41 *supra*, the District offers no evidentiary basis to support its claim that MTBE was actually detected in well HB-13. Under the District's position, therefore, its claims at this station have never accrued, and should now be dismissed from its lawsuit.<br><br>When deposed as the District's Rule 30(b)(6) representative last year, Mr. Bolin unequivocally defined "off-site contamination" as "[d]etections of MTBE in a well outside the boundaries of the property." (Bolin Dep. 356:2-22; *see also id.* 1888:25-1890:3; 1933:12-1934:3.) Mr. Bolin also testified that an MTBE detection in a monitoring well "near the site boundary… indicate[s] there is off-site contamination." (*Id.* 357:4-16.)<br><br>Although now asserting that detections in B-7, B-8, B-11 and B-21 "do not indicate that MTBE has escaped remediation at this site," (Bolin 2009 Decl. ¶ 44) Mr. Bolin previously testified that "wells B-11, B-8, and B-7 are off site." (Bolin Dep. 1501:12-13.) Mr. Bolin further explained that the basis for OCWD's contention that contamination had escaped remediation at this station is that it "had been detected in off-site wells." (*Id.* 1526:20-24.) Mr. Bolin's |

| | | | |
|---|---|---|---|
| | events prior to May 6, 2000. OCWD-MTBE-001-183215-16.) | detection in well B-46 is the first real indication at this site that MTBE has escaped active remediation efforts and is threatening drinking water sources. (Bolin Decl., ¶ 44.) | deposition notes identify wells B-7, B-8 and B-11 as "off site." (*Id.* 1500:4-17, Ex. 91.) <br><br> Although Mr. Bolin purports to offer his "opinion as a hydrogeologist with extensive experience in remediation," he testified during his deposition that he is "not an expert in remediation," "remedial technologies," or "fate and transport analysis." (See discussion in ¶ 2 above.) |
| Thrifty #368 (aka Arco #9734) 6311 Westminster Blvd. Westminster | 45. MTBE was not detected in well HB-13 on the District's purported date of accrual. (Costley 2009 Decl. Ex. 1B; *see also* ¶ 41 *supra*.) HB-13 was not tested for MTBE until January 2002. (OCWD-MTBE-001-188803; OCWD-MTBE-001-188808). Furthermore, under the District's accrual criteria, accrual may rest on an MTBE detection in a water production well *only* "[f]or stations where no off-site monitoring wells were installed." (Feb. 6, 2009, Letter from M. Axline to The Hon. Shira Scheindlin.) <br><br> Prior to May 6, 2000, MTBE was detected at this station in at least two off-site monitoring wells at levels greater than the California Secondary MCL of 5 ppb: MW-9 and MW-12 as follows: <br><br> MTBE was detected in MW-9 at levels exceeding 5 ppb beginning on August 13, 1998, and in six subsequent | 45. Mr. Costley cites MW-9 and MW-12 at the Thrifty #368 station associated with Plume 9 as examples of where "off-site" wells showed detections of MTBE prior to May 6, 2000, at a site where the District concluded there were no off-site wells, and therefore detections of MTBE in the nearest production well provided the date on which the District's cause of action accrued for releases from the station. *See* Costley Decl., Ex. 1B. These wells, however, do not indicate that MTBE has escaped remediation at this site. Groundwater contour maps demonstrate that the shallow groundwater flow is principally to the South at this station. (Bolin Decl., Ex. 21.) MW-9 and MW-12 are located in close proximity to the release at the station. The most | 45. As discussed in ¶ 41 *supra*, the District offers no evidentiary basis to support its claim that MTBE was actually detected in well HB-13. Under the District's position, therefore, its claims at this station have never accrued, and should now be dismissed from its lawsuit. <br><br> When deposed as the District's Rule 30(b)(6) representative last year, Mr. Bolin unequivocally defined "off-site contamination" as "[d]etections of MTBE in a well outside the boundaries of the property." (Bolin Dep. 356:2-22; *see also id.* 1888:25-1890:3; 1933:12-1934:3.) Mr. Bolin also testified that an MTBE detection in a monitoring well "near the site boundary… indicate[s] there is off-site contamination." (*Id.* 357:4-16.) <br><br> Mr. Bolin's notes prepared for his deposition identified |

- 58 -

| | | | |
|---|---|---|---|
| | testing events, as high as 77.6 ppb, prior to May 6, 2000. (OCWD-MTBE-001-188614-15.) MTBE was also detected in MW-12 at levels exceeding 5 ppb from the initial testing of that well on March 24, 1999, and in all four subsequent testing events prior to May 6, 2000, at levels as high as 35 ppb. (OCWD-MTBE-001-188618.) | recent remediation reports for the Thrifty #368 site do not indicate that further efforts to define the plume or expand the area of remediation are underway or anticipated. In my opinion as a hydrogeologist with extensive experience in remediation, these wells are associated with the core remedial activities at this station. Therefore, the first real hydrogeologic evidence that MTBE had escaped was when MTBE had been detected in a production well. (Bolin Decl., ¶ 45.)<br><br>Defendants' contention that MTBE was "not detected" on the District's accrual date appears to be based on the distinction between detections of MTBE for purposes of accrual dates and for regulatory submissions. The District has already explained this distinction supra. Nonetheless, defendants' contention that MTBE has not been detected in HB-13 operates as an admission that the District's claims with respect to HB-13 and associated Plume 9 stations are not time-barred. | MW-9 as the "farthest downgradient well" at the station. (Bolin Dep. 616:1-10, 618:22-619:25, Ex. 22.)<br><br>Although Mr. Bolin purports to offer his "opinion as a hydrogeologist with extensive experience in remediation," he testified during his deposition that he is "not an expert in remediation," "remedial technologies," or "fate and transport analysis." (See discussion in ¶ 2 above.) |
| Unocal #5226 (aka Circle K #5226) 6322 Westminster | 46. The MTBE detection in well MW-16 on which OCWD's date is based was at 1.5 ppb. (Costley 2009 Decl. Ex. 1D.) This detection is | 46. Mr. Costley's accrual date is based solely on detections of MTBE in monitoring wells that are "on site" | 46. Because MTBE was not detected in MW-16 at a level equal to or above California's 5 ppb secondary MCL, the |

- 59 -

| | | | |
|---|---|---|---|
| Ave. Westminster | less than one-third of the California Secondary MCL and therefore well below the level at which the District's claims accrued, based on their own criteria. In fact, MW-16 has never had a detection at or over the MCL. (OCHCA-MTBE-002758 - 59.)<br><br>Prior to May 6, 2000, MTBE was detected at this station in on-site monitoring wells from at least May 11, 1998, at 480,000 ppb. (OCHCA-MTBE-002718; Costley 2009 Decl. Ex. 1D.) The District concedes these detections. (*See* OCWD-MTBE-001-192569.) These early on-site and high-level MTBE detections prompted the District's representative to conclude that, "[C]ontamination … left the site probably sometime between '98 and 2004." (Bolin Dep. 491:14-21.) | under even Mr. Costley's definition of that term. *See* Costley Decl., Ex. 1D. Levels of contamination reflected in the monitoring well data cited by Mr. Costley are consistent with core remedial activities at almost any site. Because these wells are part of the remedial activities, they do not provide any indication as to whether MTBE has escaped remediation at this station. The most recent remediation reports for the Unocal #5226 do not indicate that further efforts to define the plume or expand the area of remediation are underway or anticipated. Therefore, in my opinion, the first real hydrogeologic evidence that MTBE had escaped was when MTBE had been detected in monitoring well MW-16. (Bolin Decl., ¶ 47.)<br><br>Defendants cite to several of my responses to questions during depositions to critique the monitoring wells that I selected for purposes of determining an accrual date. Remedial systems are developed over time, and monitoring wells can convey different information at different times. In responding to defendants' deposition questions I was merely observing that particular monitoring wells referenced by defendants | District's own accrual criteria are not satisfied, and this station should at a minimum be dismissed without prejudice.<br><br>Mr. Bolin's admissions regarding the on-site detections cited in defendants' May 2009 Rule 56.1 statement contradict his assertions in his declarations.<br><br>Mr. Bolin is mistaken in claiming that there are no "further efforts to define the plume or expand the area of remediation … underway or anticipated" at this station. (Bolin Decl. ¶ 32.) This assertion is contradicted by his own deposition testimony, in which he admitted that "[t]o my knowledge, there is still some ongoing remediation activities at the site." (Bolin Dep. 1792:19-20.) Whenever new information becomes available during the remediation process, consultants and/or regulators evaluate what additional or different investigation or remedial actions, if any, are required. (London Decl. ¶ 4.) In this way, appropriate action can and has been taken at any stage in the remediation process leading up to final case closure. (London Decl. ¶ 6.)<br><br>Although Mr. Bolin purports to offer his "opinion as a hydrogeologist with extensive experience in remediation," he testified |

| | | indicated that MTBE had gone beyond the then existing remedial systems between the monitoring well and the release point. I was not addressing in my deposition statements the issue of whether there was hydrogeologic evidence of the type addressed in the accrual chart, which was used to determine both when MTBE could be said to be beyond the scope of any remediation system associated with the site and a current threat to drinking water. (Bolin Decl., ¶ 56.) | during his deposition that he is "not an expert in remediation," "remedial technologies," or "fate and transport analysis." (See discussion in ¶ 2 above.) |
|---|---|---|---|
| Westminster Shell 5981 Westminster Ave. Westminster | 47. MTBE was not detected in well HB-13 on the District's purported date of accrual. (Costley 2009 Decl. Ex. 1B; see also ¶ 41 supra.) Furthermore, under the District's accrual criteria, accrual may rest on an MTBE detection in a water production well *only* "[f]or stations where no off-site monitoring wells were installed." (Feb. 6, 2009, Letter from M. Axline to The Hon. Shira Scheindlin.)

Prior to May 6, 2000, MTBE was detected at this station in at least four off-site monitoring wells at levels greater than the California Secondary MCL of 5 ppb: MW-5, MW-8, MW-9 and MW-11 as follows:

MTBE was detected in MW-5 at a level of 44 ppb on February 11, 2000. (OCWD- | 47. Mr. Costley cites MW-5, MW-8, MW-9 and MW-11 at the Westminster Shell station associated with Plume 1 as examples of where "off-site" wells showed detections of MTBE prior to May 6, 2000, at a site where the District concluded there were no off-site wells, and therefore detections of MTBE in the nearest production well provided the date on which the District's cause of action accrued for releases from the station. See Costley Decl., Ex. 1B. These wells, however, do not indicate that MTBE has escaped remediation at this site. Groundwater contour maps demonstrate that the shallow groundwater flow is principally to the | 47. As discussed in ¶ 41 *supra*, the District offers no evidentiary basis to support its claim that MTBE was actually detected in well HB-13. Under the District's position, therefore, its claims at this station have never accrued, and should now be dismissed from its lawsuit.

When deposed as the District's Rule 30(b)(6) representative last year, Mr. Bolin unequivocally defined "off-site contamination" as "[d]etections of MTBE in a well outside the boundaries of the property." (Bolin Dep. 356:2-22; *see also id.* 1888:25-1890:3; 1933:12-1934:3.) Mr. Bolin also testified that an MTBE detection in a monitoring well "near the site boundary... indicate[s] there is off-site |

| | | |
|---|---|---|
| | MTBE-001-184143.) MTBE was detected in well MW-8 at a level of 60 ppb on April 22, 1997, and in ten out of twelve subsequent testing events through May 6, 2000. (OCWD-MTBE-001-184147.) MTBE was detected in well MW-9 at a level of 90 ppb on August 8, 1997, and again at a level of 11 ppb on November 2, 1998. (OCWD-MTBE-001-184148.) MTBE was also detected in MW-11 at 87 ppb on November 12, 1999 and in both subsequent testing events prior to May 6, 2000 at a minimum of 29 ppb. (OCWD-MTBE-001-184151.) | South to Southwest at this station. (Bolin Decl., Ex. 23.) MW-5, MW-8, MW-9 and MW-11 are located in close proximity to the release at the station. In my opinion as a hydrogeologist with extensive experience in remediation, these wells are associated with the core remedial activities at this station. The most recent remediation reports for the Westminster Shell do not indicate that further efforts to define the plume or expand the area of remediation are underway or anticipated. Therefore, the first real hydrogeologic evidence that MTBE had escaped was when MTBE had been detected in a production well. (Bolin Decl., ¶ 48.)<br><br>Defendants' contention that MTBE was "not detected" on the District's accrual date appears to be based on the distinction between detections of MTBE for purposes of accrual dates and for regulatory submissions. The District has already explained this distinction supra. Nonetheless, defendants' contention that MTBE has not been detected in HB-13 operates as an admission that the District's claims with respect to HB-13 and associated Plume 9 stations are not time- | contamination." (*Id.* 357:4-16.)<br><br>To justify the District's reliance upon a purported MTBE detection in production well HB-13, Mr. Bolin's declaration asserts that "the District concluded there were no off-site wells" at this station. (Bolin Decl. ¶ 48.) However during his deposition, Mr. Bolin identified MW-8 as an "off site" well. (Bolin Dep. 1544:4-8.) Mr. Bolin's deposition notes identify an August 8, 1997 detection of MTBE at 90 ppb in MW-9 as the "furthest off-site downgrad[ient] well." (*Id.* 1541:10-22, Ex. 93.)<br><br>Although Mr. Bolin purports to offer his "opinion as a hydrogeologist with extensive experience in remediation," he testified during his deposition that he is "not an expert in remediation," "remedial technologies," or "fate and transport analysis." (See discussion in ¶ 2 above.) |

- 62 -

| | | barred. | |
|---|---|---|---|
| Huntington Beach Arco 6002 Bolsa Ave. Huntington Beach | 48. MTBE was not detected in well HB-13 on the District's purported date of accrual. (Costley 2009 Decl. Ex. 1D; *see also* ¶ 41 *supra*.) HB-13 was not tested for MTBE until January 2002. (OCWD-MTBE-001-188803; OCWD-MTBE-001-188808).<br><br>Prior to May 6, 2000, MTBE was detected at this station in on-site monitoring wells from at least March 20, 2000, at 76,000 ppb. (Costley 2009 Decl. Ex. 1D.) | 48. Mr. Costley's accrual date is based solely on detections of MTBE in monitoring wells that are "on site" under even Mr. Costley's definition of that term. *See* Costley Decl., Ex. 1D. Levels of contamination reflected in the monitoring well data cited by Mr. Costley are consistent with core remedial activities at almost any site. Because these wells are part of the remedial activities, they do not provide any indication as to whether MTBE has escaped remediation at this station. The most recent remediation reports for the Huntington Beach Arco site do not indicate that further efforts to define the plume or expand the area of remediation are underway or anticipated. Therefore, in my opinion, the first real hydrogeologic evidence that MTBE had escaped was when MTBE had been detected in the production well associated with Plume 9. (Bolin Decl., ¶ 43.)<br><br>Defendants' contention that MTBE was "not detected" on the District's accrual date appears to be based on the distinction between detections of MTBE for purposes of accrual dates and for regulatory | 48. As discussed in ¶ 41 *supra*, the District offers no evidentiary basis to support its claim that MTBE was actually detected in well HB-13. Under the District's position, therefore, its claims at this station have never accrued, and should now be dismissed from its lawsuit.<br><br>Mr. Bolin testified that an MTBE detection in a monitoring well "near the site boundary… indicate[s] there is off-site contamination." (Bolin Dep. 357:4-16.)<br><br>Mr. Bolin is mistaken in claiming that there are no "further efforts to define the plume or expand the area of remediation … underway or anticipated" at this station. (Bolin Decl. ¶ 43.) At each stage in the remediation process, and whenever new information becomes available, BP, its consultants, and the regulators, evaluate what additional or different actions, if any may be required. (Fah Decl. ¶¶ 3-4.) When new information becomes available indicating that a modification to the remediation measures being taken at a site is called for, appropriate action will be taken at any stage in the process, even years after an initial remediation program is commenced. (*Id.* ¶¶ 4-5.) (See discussion of new remedial technology |

- 63 -

| | | | |
|---|---|---|---|
| | | submissions. The District has already explained this distinction supra. Nonetheless, defendants' contention that MTBE has not been detected in HB-13 operates as an admission that the District's claims with respect to HB-13 and associated Plume 9 stations are not time-barred. | proposed in January 2009 at station ARCO # 1887, ¶ 3 above.) Although Mr. Bolin purports to offer his "opinion as a hydrogeologist with extensive experience in remediation," he testified during his deposition that he is "not an expert in remediation," "remedial technologies," or "fate and transport analysis." (See discussion in ¶ 2 above.) |
| USA Gasoline #141 14600 Edwards St. Westminster | 49. MTBE was not detected in well HB-13 on the District's purported date of accrual. (Costley 2009 Decl. Ex. 1D; see also ¶ 41 supra.) Prior to May 6, 2000, MTBE was detected at this station in on-site monitoring wells from at least June 6, 1996, at 510 ppb, and in subsequent testing events. (Costley 2009 Decl. Ex. 1D.) | 49. Mr. Costley's accrual date is based solely on detections of MTBE in monitoring wells that are "on site" under even Mr. Costley's definition of that term. See Costley Decl., Ex. 1D. Levels of contamination reflected in the monitoring well data cited by Mr. Costley are consistent with core remedial activities at almost any site. Because these wells are part of the remedial activities, they do not provide any indication as to whether MTBE has escaped remediation at this station. The most recent remediation reports for the USA Gasoline #141 do not indicate that further efforts to define the plume or expand the area of remediation are underway or anticipated. Therefore, in my opinion, the first real hydrogeologic evidence that MTBE had escaped was when MTBE had | 49. As discussed in ¶ 41 supra, the District offers no evidentiary basis to support its claim that MTBE was actually detected in well HB-13. Under the District's position, therefore, its claims at this station have never accrued, and should now be dismissed from its lawsuit. Although Mr. Bolin purports to offer his "opinion as a hydrogeologist with extensive experience in remediation," he testified during his deposition that he is "not an expert in remediation," "remedial technologies," or "fate and transport analysis." (See discussion in ¶ 2 above.) |

| | | | |
|---|---|---|---|
| | | been detected in the production well associated with Plume 9. (Bolin Decl., ¶ 49.)<br><br>Defendants' contention that MTBE was "not detected" on the District's accrual date appears to be based on the distinction between detections of MTBE for purposes of accrual dates and for regulatory submissions. The District has already explained this distinction supra. Nonetheless, defendants' contention that MTBE has not been detected in HB-13 operates as an admission that the District's claims with respect to HB-13 and associated Plume 9 stations are not time-barred. | |
| **PLUME NO. 10**<br>**WM-22** | 50. Plume 10 was previously addressed in the 2008 round of supplemental briefing, and Defendants' undisputed facts supporting their position regarding this plume can be found in their 56.1 statement submitted in that briefing at ¶¶ 67-71. | 50. Defendants' prior response asserts that the lack of an MTBE detection in WM-22 designated for Plume 10 and the fact that WM-22 has now been destroyed means that District has not yet suffered a cognizable injury. While defendants' prior response is irrelevant for purposes of statue of limitations, it also operates as an admission that the District's claims with respect to Plume 10 are not time-barred. | |
| Shell # 8990 Westminster Blvd. | 51. The MTBE detection in well B-22 on which OCWD's date is based was at 14 ppb. (Costley 2009 Decl. Ex. 1A.) | 51. Mr. Costley cites B-14, B-15, and B-16 at the Shell #8990 station associated with Plume 10 | 51. When deposed as the District's Rule 30(b)(6) representative last year, Mr. Bolin unequivocally defined |

| | | | |
|---|---|---|---|
| Westminster | Prior to May 6, 2000, MTBE was detected at this station in at least three offsite monitoring wells at levels greater than the California Secondary MCL: B-14, B-15, and B-16, as follows:<br><br>MTBE was detected in B-14 at a level of 17 ppb on July 13, 1998. (OCWD-MTBE-001-261012.) MTBE was detected in well B-15 at a level of 10 ppb on July 13, 1998. (OCWD-MTBE-001-261014.) MTBE was detected in well B-16 at a level of 11 ppb on July 13, 1998, and again at 13 ppb in July 28, 1999. (OCWD-MTBE-001-261016.) | as examples of where "off-site" wells showed detections of MTBE prior to May 6, 2000. *See* Costley Decl., Ex. 1A. These wells, however, do not indicate that MTBE has escaped remediation at this site. Groundwater contour maps demonstrate that the shallow groundwater flow is principally to the East - Southeast at this station. (Bolin Decl., Ex. 25.) B-14, B-15, and B-16 are upgradient from the release site. By contrast, B-22 is located a sufficient distance downgradient from the release site and is the furthest downgradient well at this site. The most recent remediation reports for the Shell #8990 station do not indicate that further efforts to define the plume or expand the area of remediation are underway or anticipated. In my opinion as a hydrogeologist with extensive experience in remediation, this detection in B-22 is the first real indication at this site that MTBE has escaped active remediation efforts and is threatening drinking water sources. (Bolin Decl., ¶ 51.) | "off-site contamination" as "[d]etections of MTBE in a well outside the boundaries of the property." (Bolin Dep. 356:2-22; *see also id.* 1888:25-1890:3; 1933:12-1934:3.) Mr. Bolin also testified that an MTBE detection in a monitoring well "near the site boundary… indicate[s] there is off-site contamination." (*Id.* 357:4-16.)<br><br>Although now asserting that detections in B-14, B-15, and B-16 "do not indicate that MTBE has escaped remediation at this site," (Bolin 2009 Decl. ¶ 51) Mr. Bolin previously identified MW-15 as an "off-site" well. (Bolin Dep. 3218:17-20.)<br><br>Although Mr. Bolin purports to offer his "opinion as a hydrogeologist with extensive experience in remediation," he testified during his deposition that he is "not an expert in remediation," "remedial technologies," or "fate and transport analysis." (See discussion in ¶ 2 above.) |
| Four Star Ventures 9356 Westminster Blvd. Westminster | 52. The MTBE detection in well S-1B on which OCWD's date is based was at 19 ppb. (Costley 2009 Decl. Ex. 1A.)<br><br>Prior to May 6, 2000, MTBE | 52. Mr. Costley cites MW-13 and MW-14 at the Four Star Ventures station associated with Plume 10 as examples of where "off-site" wells | 52. When deposed as the District's Rule 30(b)(6) representative last year, Mr. Bolin unequivocally defined "off-site contamination" as "[d]etections of MTBE in a |

| | | |
|---|---|---|
| | was detected at this station in at least two offsite monitoring wells at levels greater than the California Secondary MCL: MW-13 and MW-14 as follows:<br><br>MTBE was detected in MW-13 beginning on September 1, 1999 at 1,500 ppb, and was detected in that monitoring well during the other monitoring event prior to May 6, 2000, on March 2, 2000 at 1,100 ppb. (OCHCA-MTBE-079830.) MTBE was detected in MW-14 beginning on September 1, 1999 at 920 ppb, and was detected in that monitoring again on March 2, 2000 at 590 ppb. (OCHCA-MTBE-079831.) | showed detections of MTBE prior to May 6, 2000. *See* Costley Decl., Ex. 1A. These wells, however, do not indicate that MTBE has escaped remediation at this site. Groundwater contour maps demonstrate that the shallow groundwater flow is principally to the Southwest at this station. (Bolin Decl., Ex. 24.) MW-13 and MW-14 are upgradient from the release site. In fact, MW-13 and MW-14 have been used by Four Star Venture's consultant to remediate contamination at this site. By contrast, S-1B is located approximately 200 feet downgradient from the release site, is the furthest downgradient well, and is located directly between the release site and a nearby production well. The most recent remediation reports for the Four Star Ventures station do not indicate that further efforts to define the plume or expand the area of remediation are underway or anticipated. In my opinion as a hydrogeologist with extensive experience in remediation, this detection in S-1B is the first real indication at this site that MTBE has escaped active remediation efforts and is threatening drinking water sources. (Bolin Decl., ¶ 50.) | well outside the boundaries of the property." (Bolin Dep. 356:2-22; *see also id.* 1888:25-1890:3; 1933:12-1934:3.) Mr. Bolin also testified that an MTBE detection in a monitoring well "near the site boundary… indicate[s] there is off-site contamination." (*Id.* 357:4-16.)<br><br>Although Mr. Bolin purports to offer his "opinion as a hydrogeologist with extensive experience in remediation," he testified during his deposition that he is "not an expert in remediation," "remedial technologies," or "fate and transport analysis." (See discussion in ¶ 2 above.) |

- 67 -

| | | | |
|---|---|---|---|
| **DEFS.' PLUME NO. 1** <br> **WM-22** | 53. The District's accrual dates for Defendants' Plume 1 fail to recognize the off-site monitoring wells for Shell #4001 / Shell #135218, and Unocal #4727 that had detections of MTBE above 5 ppb prior to May 6, 2000. (Costley 2009 Decl. Ex. 1E.) | 53. Exhibit 1E to Mr. Costley's Declaration identifies five stations at which the District concluded that its claims were not ripe. Mr. Costley identifies "off-site" wells with pre-May 6, 2000, MTBE detections above 5 ppb, but does not address the fact that the District's injury does not accrue unless and until there is evidence both that MTBE has escaped remediation *and* that the escaped MTBE has contaminated or threatens to contaminate drinking water. The District's conclusion that its claims with respect to stations listed in Costley Exhibit 1E are not ripe was based upon absence of current evidence that MTBE released from these stations has contaminated or threatens to contaminate drinking water. Mr. Costley simply does not address this necessary element of a claim by the District. (Bolin Decl., ¶ 13.) | 53. Accrual defines when a claim comes into being. If the District's accrual criteria were satisfied for the stations in this plume before May 6, 2000, its claims have come into being and are now time-barred. |
| Shell #4001/ Shell #135218 4001 Ball St. Cypress | 54. The District contends that its claims at this station are not ripe (Costley 2009 Decl. Ex. 1E.) <br><br> Prior to May 6, 2000, MTBE was detected at this station in an offsite monitoring well, B-13, at up to 1,090 ppb, greater than the California Secondary MCL of 5 ppb. (*Id.*) | 54. Exhibit 1E to Mr. Costley's Declaration identifies five stations at which the District concluded that its claims were not ripe. Mr. Costley identifies "off-site" wells with pre-May 6, 2000, MTBE detections above 5 ppb, but does not address the fact that the District's injury does not accrue | *See* discussion of the District's accrual criteria in ¶ 53 *supra*. <br><br> Although Mr. Bolin purports to offer his "opinion as a hydrogeologist with extensive experience in remediation," he testified during his deposition that he is "not an expert in remediation," "remedial |

| | | | |
|---|---|---|---|
| | | unless and until there is evidence *both* that MTBE has escaped remediation *and* that the escaped MTBE has contaminated or threatens to contaminate drinking water. The District's conclusion that its claims with respect to stations listed in Costley Exhibit 1E are not ripe was based upon absence of current evidence that MTBE released from these stations has contaminated or threatens to contaminate drinking water. Mr. Costley simply does not address this necessary element of a claim by the District. (Bolin Decl., ¶ 13.) | technologies," or "fate and transport analysis." (See discussion in ¶ 2 above.) |
| Texaco #3311 3311 Katella Ave. Los Alamitos | 55. The District asserts accrual at this station based on a detection in monitoring well MW-6 at a level of 23.5 ppb on January 27, 1999. (Costley 2009 Decl. Ex. 1A.) By so stating, the District concedes its claims at this site accrued prior to May 6, 2000, and are barred by the statute of limitations. | 55. No response necessary. | |
| Unocal #5792 4002 Ball St. Cypress | 56. The MTBE detection in well MW-7D on which OCWD's date is based was at 4 ppb. (Costley 2009 Decl. Ex. 1D.) This detection is less than the California Secondary MCL and therefore below the level at which the District's claims accrued, based on their own criteria.<br><br>Prior to May 6, 2000, MTBE was detected at this station in | 56. Mr. Costley's accrual date is based solely on detections of MTBE in monitoring wells that are "on site" under even Mr. Costley's definition of that term. *See* Costley Decl., Ex. 1D. Levels of contamination reflected in the monitoring well data cited by Mr. Costley are consistent with core remedial activities at | 56. Because MTBE was not detected in MW-7D at a level equal to or above California's 5 ppb secondary MCL, the District's own accrual criteria are not satisfied, and this station should at a minimum be dismissed without prejudice.<br><br>Mr. Bolin testified that an MTBE detection in a monitoring well "near the |