**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------- x

In Re: Methyl Tertiary Butyl Ether (õMTBEö)         Master File No. 1:00-1898
Products Liability Litigation                                  MDL 1358 (SAS)
                                                                         M21-88
------------------------------------------------------------------- x   ECF Case

**This document relates to the following case:**

*City of New York v. Amerada Hess Corp., et al.*
Case No. 04 Civ. 3417

------------------------------------------------------------------- x

**PLAINTIFF CITY OF NEW YORK'S OBJECTIONS TO DEFENDANT EXXON MOBIL
CORPORATION'S PROPOSED PHASE II JURY INSTRUCTIONS**

Plaintiff, the City of New York (õthe Cityö) hereby submits its objections to Defendant

Exxon Mobil Corporationøs (õExxonMobilö) proposed jury instructions.

# PROPOSED FINAL JURY INSTRUCTION NO.1

## Burden of Proof - Clear and Convincing Evidence

In this action, the City claims MTBE will be detected in the Station 6 wells when they are put in service. The City has the burden of proof. That is - the City must prove by clear and convincing evidence that MTBE will be detected in each of the Station 6 wells when they are used in the future. This means the evidence satisfies you that it is highly probable that MTBE will be detected in each of the Station 6 wells when they are used in the future.

To prevail, the City must prove that it is "certainly impending" that MTBE will be detected in the Station 6 wells when they are used at some future date. Put another way, it is not enough for the City to establish that there is MTBE in the groundwater beneath Queens or in the zone of capture for the Station 6 wells. Nor is it enough that it is merely possibly, speculative or contingent that MTBE will be detected in the Station 6 wells when they are activated. Indeed, it is not enough for the City to prove that MTBE õmayö be detected in the Station 6 wells.

It is not enough to find that a preponderance of the evidence is in the plaintiff's favor. A preponderance of the evidence means that a party only needs to prove that the evidence supporting its case more nearly represents what actually will happen than the evidence which is opposed to it. Here, the City must establish its case by clear and convincing evidence and satisfy you that the evidence makes it highly probable that what it claims will occur is actually going to happen.

If, upon heating all of the evidence, you are satisfied that by clear and convincing evidence there is a high probability that MTBE will be detected in each of the Station 6 wells when they are used in the future, you must decode for the City. If you are not satisfied that there is such a high probability, you must decide for ExxonMobil.

Authority: N.Y. Pattern Jury Instmctions 1:64 (as modified); *Askey* v. *Occidental Chern. Corp.,* 477 N.Y.S.2d 242 (4th Dept 1984); *Caudle* v. *Towers, Perrin, Forster & Crosby, Inc.,* 580 F. Supp. 2d 273 (S.D.N.Y. 2008); *Schultz* v. *Harrison Radiator,* 660 N.Y.S.2d 685 (N.Y. 1997); *Kihl* v. *Pfeffer,* 47 AD.3d 154 (2d Dept 2007); *Finnes* v. *Chase Manhattan Auto. Fin. Corp.,* 50 AD.3d 18 (2d Dep't 2008); *Lujan* v. *Defenders o.f Wildlife,* 504 U.S. 555 (1993); *Whitmore* v. *Arkansas,* 495 U.S. 149 (1990).

## OBJECTIONS TO PROPOSED FINAL JURY INSTRUCTION NO.1

The City objects to this instruction in its entirety on the grounds that it employs the incorrect standard of proof in this case is confusing to the jurors and misstates the law. Clear and convincing evidence is not the appropriate burden in any phase of this case. Rather, the appropriate burden of proof for Plaintiff, the City of New York (õthe Cityö) in Phase II is preponderance of the evidence, which is the standard burden of proof in a civil case such as this.

Opinion and Order in this Action, Scheindlin, S. (June 9, 2009) at 18-19 ("Rather, the City must prove, by a preponderance of the evidence, that MTBE of the particular defendant was actually in the commingled product that caused the contamination."). *Glew v. Cigna Group Ins.*, 590 F.Supp.2d 395 (E.D.N.Y. 2008) ("While there has been some dispute as to the burden of proof, in this Court's view, the proper standard is the same as other civil cases in the federal court, namely, by a preponderance of the evidence."); *Seneca Meadows, Inc. v. ECI Liquidating, Inc.* 427 F.Supp.2d 279 (W.D.N.Y. 2006) (preponderance of the evidence is plaintiff's burden of proof in TCE contamination case involving CERCLA); 16 Lee S. Kreindler, Blanca I. Rodriguez, David Beekman & David C. Cook, *New York Law of Torts*, § 20.2 (as a general rule, plaintiff in a tort case (including product liability) has the burden of proving each element of the tort by preponderance of the evidence; plaintiff in a tort case must also establish damages by a preponderance of the evidence— this includes punitive damages, as New York does not require a higher burden of proof on punitive damages). *Yi v. Sterling Collision Centers, Inc.*, 480 F.3d 505, 507 (7th Cir. 2007) (presumption that preponderance standard applies in federal civil cases); *Mathis v. Hargrove*, 888 A.2d 377, 391 n. 5, 166 Md.App. 286 (Md. 2005) (preponderance of the evidence is the proper standard for civil action); *Rixmann v. City of Prior Lake*, 723 N.W.2d 493, 495 (Minn.App. 2006); *Mutual of Enumclaw Ins. Co. v. McBride*, 667 P.2d 494, 295 Or. 398 (Or. 1982) (burden of proof on issue of fraud to void a fire insurance policy is by a preponderance of the evidence; it does not require clear and convincing proof). *See also Ramsey v. United Mine Workers of America*, 401 U.S. 302 (1971) (plaintiff in an antitrust action against a labor union need only prove his case by a preponderance of the evidence; pro-vision of 29 U.S.C.A. § 106 requiring "clear proof" only applies to question of authorization, participation or ratification of acts); *Ellis v. Brotherhood of Railway Clerks*, 685 F.2d 1065, 1071 (9th Cir. 1982)

(in a civil case, the party with the burden of proof must persuade the trier of fact by a preponderance of the evidence; no higher standard is required simply because a constitutional issue is involved).[1]

As noted in the City's Opposition to Defendant's Phase One Pretrial Memorandum, clear and convincing and reasonable certainty are not appropriate in this action, a civil tort case involving environmental contamination that asserts defective product claims, property tort claims, negligence claims and claims based on statutory violations. *See* Plaintiff's Opposition, filed in 00-1898 Dkt# 2550 (June 15, 2009) at 1-10.

Thus, in Phase II, the City's proper requirement of proof is to show that it is more likely than not that, absent treatment, MTBE still will be in the ground or water of Station 6 in 15 years. *See, e.g., In re Methyl Tertiary Butyl Ether (MTBE) Products Liability Litigation* Slip Copy, 2008 WL 5188193 (S.D.N.Y., Dec. 09, 2008) (Plaintiffs bear the burden of proving elements of a prima facie case, by a preponderance of the evidence.); *In re MTBE*, 591 F.Supp.2d 259, 266 (S.D.N.Y. 2008) (same); Restatement (Second) of Torts § 433 (1977).

The City also objects to this instruction because it is beyond the scope of the Court's instruction for Phase II to the extent that it ties the proof of MTBE presence to specific wells,

---

[1] To "establish by a preponderance of the evidence" means to prove that something is more likely than not. *See, e.g., Nissho-Iwai Co. v. M/T Stolt Lion*, 719 F.2d 34, 38 (2d Cir.1983) ("preponderance" means that "upon all the evidence … the facts asserted by the plaintiff are more probably true than false"), *quoting Porter v. American Export Lines, Inc.*, 387 F.2d 409, 410–411 (3d Cir.1968). *See also South-East Coal Co. v. Consolidation Coal Co.*, 434 F.2d 767, 777–778 (6th Cir.1970), cert. denied, 402 U.S. 983 (1971); *Henry v. Dept. Corrections*, 131 Fed.Appx. 847, 850 (3d Cir. 2005) ("more likely than not"; quoting Black's Law Dictionary); *Mathis v. Hargrove*, 2005, 888 A.2d 377, 391 n. 5, 166 Md.App. 286 ("evidence which, when considered and compared with the evidence opposed to it, has more convincing force and produces in the mind of the trier of fact a belief that it is more likely true than not); *Ralston Oil & Gas Co. v. July Corp.*, 719 P.2d 334 (Colo.App.1985) (proof by a preponderance of the evidence means evidence that leads the trier of fact to find that the existence of the fact is more probable than not).

4

requires the City to prove and the jury to discern specific levels of MTBE in each well, or suggests that the City must show anything more than, absent treatment, MTBE still will be in the ground or water of Station 6 in 15 years. In the status conference on June 2, 2009, the Court made it clear that the parties were to focus on the presence of MTBE in the ground or water of station 6 and not in specific wells. *See* Transcript of Hearing in this Action (June 2, 2009) at 87-89. Phase II goes to the persistence of MTBE, rather than the specific impacts on the City's wells. For instance, suppose (using the Court's backup generator analogy) the City builds Station 6 (per Phase I) but it's never turned on because it's not needed, or it's turned on later than the City's experts have assumed in their modeling exercises. If MTBE is still in the "ground or water" the City still should prevail in Phase II, regardless of whether MTBE has been drawn into the well(s) -- which depends on when Station 6 is built and how the wells actually operate. Thus, it is erroneous for Defendant to suggest that the City must show in this Phase that MTBE will be present in specific wells in 15 years.

Furthermore, requiring the City to tie proof of the presence of MTBE to specific wells does not make sense as a matter of reality. The treatment facility treats the combined influent from all the Station 6 wells. Even assuming Defendant were correct that the issue were wells as opposed to ground or water (which Defendant is not), the focus would still be on the need for the treatment facility -- which just means that MTBE is entering via one or more wells, not "each".

**PROPOSED FINAL JURY INSTRUCTION NO. 12**

<u>City's Future Use of Station 6 Wells</u>

In this action, the City contends that MTBE will be detected in the Station 6 wells when they are placed in service. ExxonMobil contends that the City will not. The City has the burden of proving by clear and convincing evidence that MTBE will be detected in each of the Station 6 wells when they are used in the future.

Unless you find that it is reasonably certain or highly probable that MTBE will be detected in each of the Station 6 wells, you must find for ExxonMobil. If the City has met its burden of proof, then you must find for the City.

Authority: N.Y. Pattern Jury Instructions 1:64 (as modified); *Askey v. Occidental Chem. Corp.,* 477 N.Y.S.2d 242 (4th Dept 1984); *Caudle v. Towers, Perrin, Forster & Crosby, Inc.,* 580 F. Supp. 2d 273 (S.D.N.Y. 2008); *Schultz v. Harrison Radiator,* 660 N.Y.S.2d 685 (N.Y. 1997); *Kihl v. Pfeffer,* 47 A.D.3d 154 (2d Dept 2007); *Firmes v. Chase Manhattan Auto. Fin. Corp., 50* A.D.3d 18 (2d Dep't 2008); *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 564 n.2 (1993); *Whitmore v. Arkansas,* 495 U.S. 149, 158 (1990).

**OBJECTIONS TO PROPOSED FINAL JURY INSTRUCTION NO.2**

The City objects to this instruction in its entirety on the grounds that it employs the incorrect standard of proof in this case is confusing to the jurors and misstates the law. Clear and convincing evidence is not the appropriate burden in any phase of this case. *See supra*, Objections to Proposed Final Instruction No. 1. Rather, the appropriate burden of proof for the City in Phase II is preponderance of the evidence, which is the standard burden of proof in a civil case such as this. *See supra*, Objections to Proposed Final Instruction No. 1. In addition, the City objects to this instruction on the grounds that is it unnecessary and nearly duplicate of Instruction No. 1.

The City also objects to this instruction to the extent that it suggests that the City must show anything more than it is more likely than not that, absent treatment, MTBE still will be present in the ground or water of Station 6 in 15 years. In the status conference on June 2, 2009, the Court made it clear that the parties were to focus on the ground or water of Station 6 and not the presence of MTBE in specific wells. *See* Transcript of Hearing in this action dated June 2, 2009 at 87-89. Phase II goes to the persistence of MTBE, rather than the specific impacts on the City's wells. For instance, suppose (using the Court's backup generator analogy) the City builds Station 6 (per Phase I) but it's never turned on because it's not needed, or it's turned on later than

the City's experts have assumed in their modeling exercises.  If MTBE is still in the "ground or water" the City still should prevail in Phase II, regardless of whether MTBE has been drawn into the well(s) -- which depends on when Station 6 is built and how the wells actually operate.  Thus, it is erroneous for Defendant to suggest that the City must show in this Phase that MTBE will be present in specific wells in 15 years.

Furthermore, requiring the City to tie proof of the presence of MTBE to specific wells does not make sense as a matter of reality.  The treatment facility treats the combined influent from all the Station 6 wells.  Even assuming Defendant were correct that the issue were wells as opposed to ground or water (which Defendant is not), the focus would still be on the need for the treatment facility -- which just means that MTBE is entering via one or more wells, not "each".

Dated: San Francisco, California

June 22, 2009

                                MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
Attorney for Plaintiff City of New York
100 Church Street
New York, New York 10007
(212) 788-1568

/s/ *LESLEY E. WILLIAMS*
VICTOR M. SHER *(pro hac vice)*
TODD E. ROBINS *(pro hac vice)*
JOSHUA STEIN *(pro hac vice)*
LESLEY E. WILLIAMS (LW8392)
NICHOLAS G. CAMPINS *(pro hac vice)*
MARNIE E. RIDDLE *(pro hac vice)*

SHER LEFF LLP
450 Mission Street, Suite 400
San Francisco, CA 94105
(415) 348-8300

*Attorneys for Plaintiff City of New York*