UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x

In Re: Methyl Tertiary Butyl Ether ("MTBE")   Master File No. 1:00-1898
Products Liability Litigation                MDL 1358 (SAS)
                                             M21-88
------------------------------------------------------------------- x   ECF Case

**This document relates to the following case:**

*City of New York v. Amerada Hess Corp., et al.*
Case No. 04 Civ. 3417


------------------------------------------------------------------- x

# PLAINTIFF CITY OF NEW YORK'S OBJECTIONS TO DEFENDANT EXXON MOBIL CORPORATION'S PROPOSED PHASE II VERDICT FORM

Plaintiff the City of New York ("the City") hereby submits its objections to Defendant's

proposed phase II verdict form.

## Proposed Question Nos. 1-6

1. Has the City proven by clear and convincing evidence that MTBE will be present in Well. No. 6 when it is used in year [year X]?
        YES _____    NO _____

2. Has the City proven by clear and convincing evidence that MTBE will be present in Well. No. 6A when it is used in year [year X]?
        YES _____    NO _____

3. Has the City proven by clear and convincing evidence that MTBE will be present in Well. No. 6B when it is used in year [year X]?
        YES _____    NO _____

4. Has the City proven by clear and convincing evidence that MTBE will be present in Well. No. 6D when it is used in year [year X]?
        YES _____    NO _____

5. Has the City proven by clear and convincing evidence that MTBE will be present in Well. No. 33 when it is used in year [year X]?
        YES _____    NO _____

6. If you answered "yes" to question 1, 2, 3, 4, and/or 5, please indicate the concentration of MTBE that will be detected in each of the Station 6 wells when they are used in year X?

Well No 6: _____ppb
Well No. 6A: _____ppb
Well No. 6B: _____ppb
Well No. 6D: _____ppb
Well No. 33: _____ppb

**OBJECTIONS TO PROPOSED QUESTION NOS. 1-6**

The City objects to these questions in their entirety. The appropriate burden of proof in this case is preponderance of the evidence. Opinion and Order in this Action, Scheindlin, S. (June 9, 2009) at 18-19 ("Rather, the City must prove, by a preponderance of the evidence, that MTBE of the particular defendant was actually in the commingled product that caused the contamination."); *In re Methyl Tertiary Butyl Ether (MTBE) Products Liability Litigation,* Slip Copy, 2008 WL 5188193 (S.D.N.Y., Dec. 09, 2008) (Plaintiffs bear the burden of proving elements of a prima facie case, by a preponderance of the evidence.); *In re MTBE*, 591 F.Supp.2d 259, 266 (S.D.N.Y. 2008) (same); Restatement (Second) of Torts § 433 (1977). *See also Glew v. Cigna Group Ins.*, 590 F.Supp.2d 395 (E.D.N.Y. 2008) ("While there has been some dispute as to the burden of proof, in this Court's view, the proper standard is the same as other civil cases in the federal court, namely, by a preponderance of the evidence."); 16 Lee S. Kreindler, Blanca I. Rodriguez, David Beekman & David C. Cook, *New York Law of Torts*, § 20.2 (as a general rule, plaintiff in a tort case (including product liability) has the burden of proving each element of the tort by preponderance of the evidence; plaintiff in a tort case must also establish damages by a preponderance of the evidence— this includes punitive damages, as New York does not require a higher burden of proof on punitive damages); *Yi v. Sterling Collision Centers, Inc.*, 480 F.3d 505, 507 (7th Cir. 2007) (presumption that preponderance standard applies in federal civil cases); *Mathis v. Hargrove*, 888 A.2d 377, 391 n. 5, 166

2

Md.App. 286 (Md. 2005) (preponderance of the evidence is the proper standard for civil action); *Rixmann v. City of Prior Lake*, 723 N.W.2d 493, 495 (Minn.App. 2006); *Mutual of Enumclaw Ins. Co. v. McBride*, 667 P.2d 494, 295 Or. 398 (Or. 1982) (burden of proof on issue of fraud to void a fire insurance policy is by a preponderance of the evidence; it does not require clear and convincing proof). *See also Ramsey v. United Mine Workers of America*, 401 U.S. 302 (1971) (plaintiff in an antitrust action against a labor union need only prove his case by a preponderance of the evidence; pro-vision of 29 U.S.C.A. § 106 requiring "clear proof" only applies to question of authorization, participation or ratification of acts); *Ellis v. Brotherhood of Railway Clerks*, 685 F.2d 1065, 1071 (9th Cir. 1982) (in a civil case, the party with the burden of proof must persuade the trier of fact by a preponderance of the evidence; no higher standard is required simply because a constitutional issue is involved). *See, e.g., Nissho-Iwai Co. v. M/T Stolt Lion*, 719 F.2d 34, 38 (2d Cir.1983) ("preponderance" means that "upon all the evidence … the facts asserted by the plaintiff are more probably true than false"), *quoting Porter v. American Export Lines, Inc.*, 387 F.2d 409, 410–411 (3d Cir.1968). *See also South-East Coal Co. v. Consolidation Coal Co.*, 434 F.2d 767, 777–78 (6th Cir.1970), cert. denied, 402 U.S. 983 (1971); *Henry v. Dept. Corrections*, 131 Fed.Appx. 847, 850 (3d Cir. 2005) ("more likely than not"; quoting Black's Law Dictionary); *Mathis v. Hargrove*, 2005, 888 A.2d 377, 391 n. 5, 166 Md.App. 286 ("evidence which, when considered and compared with the evidence opposed to it, has more convincing force and produces in the mind of the trier of fact a belief that it is more likely true than not); *Ralston Oil & Gas Co. v. July Corp.*, 719 P.2d 334 (Colo.App.1985) (proof by a preponderance of the evidence means evidence that leads the trier of fact to find that the existence of the fact is more probable than not).

As noted in the City's Opposition to Defendant's Phase One Pretrial Memorandum, clear and convincing and reasonable certainty are not appropriate in this action, a civil tort case involving environmental contamination that asserts defective product claims, property tort claims, negligence claims and claims based on statutory violations. *See* Plaintiff's Opposition, filed in 00-1898 Dkt# 2550 (June 15, 2009) at 1-10.

The City also objects to these questions because they are beyond the scope of the Court's instructions for Phase II to the extent that they tie proof of MTBE presence to specific wells, require the City to prove and the jury to discern specific levels of MTBE in each well, or suggest that the City must show anything more than it is more likely than not that, absent treatment, MTBE still will be in the water or ground of Station 6 it in 15 years. In the status conference on June 2, 2009, the Court made it clear that the parties were to focus on the presence of MTBE in the ground or water of Station 6, not the presence of MTBE in specific wells. *See* Transcript of Hearing in this action dated June 2, 2009 at 87-89. Phase II goes to the persistence of MTBE, rather than the specific impacts on the City's wells. For instance, suppose (using the Court's backup generator analogy) the City builds Station 6 (per Phase I) but it's never turned on because it's not needed, or it's turned on later than the City's experts have assumed in their modeling exercises. If MTBE is still in the "ground or water" the City still should prevail in Phase II, regardless of whether MTBE has been drawn into the well(s) -- which depends on when Station 6 is built and how the wells actually operate. Thus, it is erroneous for Defendant to suggest that the City must show in this Phase that MTBE will be present in specific wells in 15 years.

Furthermore, requiring the City to tie proof of the presence of MTBE to specific wells does not make sense as a matter of reality. The treatment facility treats the combined influent from all the Station 6 wells. Even assuming Defendant were correct that the issue were wells as

4

opposed to ground or water (which Defendant is not), the focus would still be on the need for the treatment facility -- which just means that MTBE is entering via one or more wells, not "each."

Finally, the City objects to question 6 for the additional reason that it is irrelevant and beyond the scope of the Court's instructions for this phase. *See id.* The jurors should not answer this question regardless of their response to the questions that precede it.

Dated: San Francisco, California
       June 22, 2009

        MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
Attorney for Plaintiff City of New York
100 Church Street
New York, New York 10007
(212) 788-1568

/s/ *LESLEY E. WILLIAMS*
VICTOR M. SHER (*pro hac vice*)
TODD E. ROBINS (*pro hac vice*)
JOSHUA STEIN (*pro hac vice*)
LESLEY E. WILLIAMS (LW8392)
NICHOLAS G. CAMPINS (*pro hac vice*)
MARNIE E. RIDDLE (*pro hac vice*)

SHER LEFF LLP
450 Mission Street, Suite 400
San Francisco, CA 94105
(415) 348-8300
*Attorneys for Plaintiff City of New York*