**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------ x

| | |
|---|---|
| In Re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation | Master File No. 1:00-1898<br>MDL 1358 (SAS)<br>M21-88<br>ECF Case |

------------------------------------------------------------------ x

**This document relates to the following case:**

*City of New York v. Amerada Hess Corp., et al.*
Case No. 04 Civ. 3417

------------------------------------------------------------------ x

### PLAINTIFF CITY OF NEW YORK'S OBJECTIONS TO DEFENDANT'S JURY QUESTIONNAIRE

　　　　Plaintiff the City of New York (the "City") hereby submits its objections to Defendant's

Jury Questionnaire.

Dockets.Justia.com

21. Please complete the following sentence: to the best of my knowledge, the current primary water source for New York City is _____?

    A. Upstate Aquifers    B. Undergrounds wells in the metropolitan area or    C. Other/Unsure

    Objection: The question seeks to precondition the jury with respect to Exxon's case and/or to discern a result of the case in advance of the presentation of evidence by implying that since the current water supply is from upstate aquifers the jury should be less concerned about contamination in local wells. *U.S. v. Barnes*, 604 F.2d 121, 138 (2d Cir. 1979) ("[T]he purpose of the voir dire is to ascertain disqualifications, not to afford individual analysis in depth to permit a party to choose a jury that fits into some mold that he believes appropriate for his case."); *U.S. v. Lawes*, 292 F.3d 123, 128 (2d Cir. 2002) (trial court has discretion to refuse to ask defendant's proposed questions which sought to press his view of the case to potential jurors); *Stephan v. Marlin Firearms Co.*, 353 F.2d 819, 822 (2d Cir. 1965) (proper for trial court to refuse counsel's request for general inquiry into jurors' experience with guns); *DeLaCruz v. Atchinson Topeka and S.F. Ry. Co.*, 405 F.2d 459, 462 (5th Circuit, 1968) ("There was no need for the court to put to the jury on the voir dire questions as to whether they would be impressed by certain types of damage testimony. . . . Rather, the district court, whose discretion is broad in this area, might well feel that this was but a subtle attempt on counsel's part to lay a foundation for his case."); *Sandidge v. Salem Offshore Drilling Co.*, 764 F.2d 252, 258 (5th Circuit, 1985) (prohibiting questions designed to determine the potential result of the case before the presentation of evidence).

22.    Do you believe New York City will need to reopen previously abandoned water wells in the foreseeable future?

    A. Highly Likely        B. Somewhat Likely        C. Not at all Likely

Please explain your answer: _____

_____

_____

    Objection: The question seeks to precondition the jury with respect to Exxon's case and/or to discern a result of the case in advance of the presentation of evidence in that it seeks to have the jurors conclude that the wells at issue have been "previously abandoned" when that determination is at issue in the case. *U.S. v. Barnes*, 604 F.2d 121, 138 (2d Cir. 1979) ("[T]he purpose of the voir dire is to ascertain disqualifications, not to afford individual analysis in depth to permit a party to choose a jury that fits into some mold that he believes appropriate for his case."); *U.S. v. Lawes*, 292 F.3d 123, 128 (2d Cir. 2002) (trial court has discretion to refuse to ask defendant's proposed questions which sought to press his view of the case to potential jurors); *Stephan v. Marlin Firearms Co.*, 353 F.2d 819, 822 (2d Cir. 1965) (proper for trial court to refuse counsel's request for general inquiry into jurors' experience with guns); *DeLaCruz v. Atchinson Topeka and S.F. Ry. Co.*, 405 F.2d 459, 462 (5th Circuit, 1968) ("There was no need for the court to put to the jury on the voir dire questions as to whether they would be impressed

by certain types of damage testimony. . . . Rather, the district court, whose discretion is broad in this area, might well feel that this was but a subtle attempt on counsel's part to lay a foundation for his case."); *Sandidge v. Salem Offshore Drilling Co.*, 764 F.2d 252, 258 (5th Circuit, 1985) (prohibiting questions designed to determine the potential result of the case before the presentation of evidence).

      24.     Which of the following statements comes closer to what you believe?  (Circle one)

          A.     Any amount of man-made chemicals in the soil or water will cause harm sooner or later

      **OR**

          B.     Through state or federal regulation it is possible to limit man-made chemicals in the environment to safe levels.

Objection:  The question seeks to precondition the jury with respect to Exxon's case and/or to discern a result of the case in advance of the presentation of evidence in that the issue of what level of contamination triggers a liability obligation on the party responsible for the contamination is an issue in the case.  *U.S. v. Barnes*, 604 F.2d 121, 138 (2d Cir. 1979) ("[T]he purpose of the voir dire is to ascertain disqualifications, not to afford individual analysis in depth to permit a party to choose a jury that fits into some mold that he believes appropriate for his case."); *U.S. v. Lawes*, 292 F.3d 123, 128 (2d Cir. 2002) (trial court has discretion to refuse to ask defendant's proposed questions which sought to press his view of the case to potential jurors); *Stephan v. Marlin Firearms Co.*, 353 F.2d 819, 822 (2d Cir. 1965) (proper for trial court to refuse counsel's request for general inquiry into jurors' experience with guns); *DeLaCruz v. Atchinson Topeka and S.F. Ry. Co.*, 405 F.2d 459, 462 (5th Circuit, 1968) ("There was no need for the court to put to the jury on the voir dire questions as to whether they would be impressed by certain types of damage testimony. . . . Rather, the district court, whose discretion is broad in this area, might well feel that this was but a subtle attempt on counsel's part to lay a foundation for his case."); *Sandidge v. Salem Offshore Drilling Co.*, 764 F.2d 252, 258 (5th Circuit, 1985) (prohibiting questions designed to determine the potential result of the case before the presentation of evidence).

      35.     How would you rate the safety standards and practices at your current workplace?

     A. Better than average    B. Average    C. Below Average

Objection:  Seeks to precondition the jury to accepting an argument that if safety standards are in place then liability is somehow relieved by equating the safety standards at the juror's workplace with safety standards that will be at issue in the case.  *U.S. v. Barnes*, 604 F.2d 121, 138 (2d Cir. 1979) ("[T]he purpose of the voir dire is to ascertain disqualifications, not to afford individual analysis in depth to permit a party to choose a jury that fits into some mold that

he believes appropriate for his case."); *U.S. v. Lawes*, 292 F.3d 123, 128 (2d Cir. 2002) (trial court has discretion to refuse to ask defendant's proposed questions which sought to press his view of the case to potential jurors); *Stephan v. Marlin Firearms Co.*, 353 F.2d 819, 822 (2d Cir. 1965) (proper for trial court to refuse counsel's request for general inquiry into jurors' experience with guns); *DeLaCruz v. Atchinson Topeka and S.F. Ry. Co.*, 405 F.2d 459, 462 (5th Circuit, 1968) ("There was no need for the court to put to the jury on the voir dire questions as to whether they would be impressed by certain types of damage testimony. . . . Rather, the district court, whose discretion is broad in this area, might well feel that this was but a subtle attempt on counsel's part to lay a foundation for his case."); *Sandidge v. Salem Offshore Drilling Co.*, 764 F.2d 252, 258 (5th Circuit, 1985) (prohibiting questions designed to determine the potential result of the case before the presentation of evidence).

36. Have you, or anyone close to you, ever been employed by, or connected with, any federal, state or local regulatory agency (e.g. Environmental Protection Agency, Municipal Water District, State of New York)? Yes _____ No. _____

If YES, who? (circle all that apply)
A. Self   B. Spouse/Significant Other   C. Family   D. Friend

Please describe your/their responsibilities: _____

_____

_____

Objection: To the inclusion of õState of New Yorkö in the parenthetical. The question inquires as to employment with a õfederal, state or local regulatory agencyö; the State of New York is none of these things.

38   Have you, or has anyone close to you, ever worked for an oil/gas company?

Yes _____ No _____

If YES, who? (circle all that apply)
A. Self   B. Spouse/Significant Other   C. Family   D. Friend

Please describe your/their responsibilities: _____

_____

_____

Objection: The wording is inconsistent with similar questions 36 and 37. Question 38 should be conformed to questions 36 and 37 so that it elicits the same scope of information. The question should therefore read: õHave you, or has anyone close to you, ever been employed by

4

or connected with an oil/gas company?"

53. How has the media reported on the following health issues:
(Please circle one response for each question

a. MTBE:
A. Overestimated health risks  B. Underestimated health risks  C. Reported Correctly  D. Unsure

b. Asbestos:
A. Overestimated health risks  B. Underestimated health risks  C. Reported Correctly  D. Unsure

c. World Trade Center Toxins:
A. Overestimated health risks  B. Underestimated health risks  C. Reported Correctly  D. Unsure

Objection: The question seeks to precondition the jurors in that it equates the "health issues" and "health risks" of MTBE with asbestos and the World Trade Center toxins issues, neither of which are at issue here, where MTBE as a health risk will be at issue. *U.S. v. Barnes*, 604 F.2d 121, 138 (2d Cir. 1979) ("[T]he purpose of the voir dire is to ascertain disqualifications, not to afford individual analysis in depth to permit a party to choose a jury that fits into some mold that he believes appropriate for his case."); *U.S. v. Lawes*, 292 F.3d 123, 128 (2d Cir. 2002) (trial court has discretion to refuse to ask defendant's proposed questions which sought to press his view of the case to potential jurors); *Stephan v. Marlin Firearms Co.*, 353 F.2d 819, 822 (2d Cir. 1965) (proper for trial court to refuse counsel's request for general inquiry into jurors' experience with guns); *DeLaCruz v. Atchinson Topeka and S.F. Ry. Co.*, 405 F.2d 459, 462 (5th Circuit, 1968) ("There was no need for the court to put to the jury on the voir dire questions as to whether they would be impressed by certain types of damage testimony. . . . Rather, the district court, whose discretion is broad in this area, might well feel that this was but a subtle attempt on counsel's part to lay a foundation for his case."); *Sandidge v. Salem Offshore Drilling Co.*, 764 F.2d 252, 258 (5th Circuit, 1985) (prohibiting questions designed to determine the potential result of the case before the presentation of evidence).

56. Please use the following scale to indicate the extent to which you agree or disagree with each of the following statement. There are no right or wrong answers; we are simply interested in your opinions.

SD = Strongly Disagree  D = Disagree  U = Undecided  A = Agree  SA - Strongly Agree

A. Higher gas prices are the result of oil-gas companies making
high profits. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .SD D U A SA

B. Awards for pain and suffering, should be limited
by states in all cases. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .SD D U A SA

5

C. Every illness has a readily identifiable cause. . . . . . . . . . . . . . . . .SD D U A SA

D. The threat of large damage awards is the best way to ensure
that corporations will meet safety standards. . . . . . . . . . . . . . . . .SD D U A SA

E. First and foremost, a trial should be a
search for the truth. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .SD D U A SA

F. When a human life is damaged, someone should pay,
regardless of the circumstances. . . . . . . . . . . . . . . . . . . . . . . . . . .SD D U A SA

G. Any amount of MTBE exposure, no matter how small,
poses a threat to your future health . . . . . . . . . . . . . . . . . . . . . . . .SD D U A SA

H. The government should provide free health care
for all citizens. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .SD D U A SA

I. Unlimited damage awards are to blame
for the high cost of insurance. . . . . . . . . . . . . . . . . . . . . . . . . . . .SD D U A SA

Objections to subparts of Question 56:

F. Objection: Seeks to precondition the jury in that the determination of whether there has been, or will be damage to human life will be an issue in dispute in the case. *U.S. v. Barnes*, 604 F.2d 121, 138 (2d Cir. 1979) ("[T]he purpose of the voir dire is to ascertain disqualifications, not to afford individual analysis in depth to permit a party to choose a jury that fits into some mold that he believes appropriate for his case."); *U.S. v. Lawes*, 292 F.3d 123, 128 (2d Cir. 2002) (trial court has discretion to refuse to ask defendant's proposed questions which sought to press his view of the case to potential jurors); *Stephan v. Marlin Firearms Co.*, 353 F.2d 819, 822 (2d Cir. 1965) (proper for trial court to refuse counsel's request for general inquiry into jurors' experience with guns); *DeLaCruz v. Atchinson Topeka and S.F. Ry. Co.*, 405 F.2d 459, 462 (5th Circuit, 1968) ("There was no need for the court to put to the jury on the voir dire questions as to whether they would be impressed by certain types of damage testimony. . . . Rather, the district court, whose discretion is broad in this area, might well feel that this was but a subtle attempt on counsel's part to lay a foundation for his case."); *Sandidge v. Salem Offshore Drilling Co.*, 764 F.2d 252, 258 (5th Circuit, 1985) (prohibiting questions designed to determine the potential result of the case before the presentation of evidence).

G. Objection: Seeks to discern the results of the case before the presentation of evidence and seeks to precondition in that the level of MTBE contamination that õposes a threat to your future healthö will be a contested issue at trial. *U.S. v. Barnes*, 604 F.2d 121, 138 (2d Cir. 1979) ("[T]he purpose of the voir dire is to ascertain disqualifications, not to afford individual analysis in depth to permit a party to choose a jury that fits into some mold that he believes appropriate for his case."); *U.S. v. Lawes*, 292 F.3d 123, 128 (2d Cir. 2002) (trial court has discretion to refuse to ask defendant's proposed questions which sought to press his view of the case to potential jurors); *Stephan v. Marlin Firearms Co.*, 353 F.2d 819, 822 (2d Cir. 1965) (proper for trial court to refuse counsel's request for general inquiry into jurors' experience with guns); *DeLaCruz v. Atchinson Topeka and S.F. Ry. Co.*, 405 F.2d 459, 462 (5th Circuit, 1968)

("There was no need for the court to put to the jury on the voir dire questions as to whether they would be impressed by certain types of damage testimony. . . . Rather, the district court, whose discretion is broad in this area, might well feel that this was but a subtle attempt on counsel's part to lay a foundation for his case."); *Sandidge v. Salem Offshore Drilling Co.*, 764 F.2d 252, 258 (5th Circuit, 1985) (prohibiting questions designed to determine the potential result of the case before the presentation of evidence).

I. Objection: Seeks to precondition the jury against a large damage award. *U.S. v. Barnes*, 604 F.2d 121, 138 (2d Cir. 1979) ("[T]he purpose of the voir dire is to ascertain disqualifications, not to afford individual analysis in depth to permit a party to choose a jury that fits into some mold that he believes appropriate for his case."); *U.S. v. Lawes*, 292 F.3d 123, 128 (2d Cir. 2002) (trial court has discretion to refuse to ask defendant's proposed questions which sought to press his view of the case to potential jurors); *Stephan v. Marlin Firearms Co.*, 353 F.2d 819, 822 (2d Cir. 1965) (proper for trial court to refuse counsel's request for general inquiry into jurors' experience with guns); *DeLaCruz v. Atchinson Topeka and S.F. Ry. Co.*, 405 F.2d 459, 462 (5th Circuit, 1968) ("There was no need for the court to put to the jury on the voir dire questions as to whether they would be impressed by certain types of damage testimony. . . . Rather, the district court, whose discretion is broad in this area, might well feel that this was but a subtle attempt on counsel's part to lay a foundation for his case."); *Sandidge v. Salem Offshore Drilling Co.*, 764 F.2d 252, 258 (5th Circuit, 1985) (prohibiting questions designed to determine the potential result of the case before the presentation of evidence).

61. Under the law, a defendant does not bear the burden of proof. The burden of proof is always on the Plaintiff (here the City of New York) to prove its case. Would you have any difficulty following this rule of law?

Yes _____ No _____

Objection: The question misstates the law. Each party has the burden of proof as to each of its affirmative claims. Defendant here bears the burden of proof as to each of its affirmative defenses as well as to the extent it is permitted to argue that any damage is the fault of another party. The question could state: õUnder the law, each party has the burden of proof as to each of its affirmative claims. The Plaintiff, City of New York will have the burden to prove its case against the defendant, Exxon Mobil, and Exxon Mobil will have the burden to prove any defense it asserts to those claims. Would you have any difficulty following this rule?ö

62. If you are selected as a juror in this case, will you have any difficulty basing your decision on whether the defendant is responsible or not responsible for liability and damages solely on the evidence or lack of evidence presented to you during trial, and without regard to pre-existing opinion, bias, prejudice, suspicion, or sympathy?

Yes _____ No _____

Objection: The phrase õlack of evidenceö is unnecessary and improperly preconditions

the jury to defendant's case. *U.S. v. Barnes*, 604 F.2d 121, 138 (2d Cir. 1979) ("[T]he purpose of the voir dire is to ascertain disqualifications, not to afford individual analysis in depth to permit a party to choose a jury that fits into some mold that he believes appropriate for his case."); *U.S. v. Lawes*, 292 F.3d 123, 128 (2d Cir. 2002) (trial court has discretion to refuse to ask defendant's proposed questions which sought to press his view of the case to potential jurors); *Stephan v. Marlin Firearms Co.*, 353 F.2d 819, 822 (2d Cir. 1965) (proper for trial court to refuse counsel's request for general inquiry into jurors' experience with guns); *DeLaCruz v. Atchinson Topeka and S.F. Ry. Co.*, 405 F.2d 459, 462 (5th Circuit, 1968) ("There was no need for the court to put to the jury on the voir dire questions as to whether they would be impressed by certain types of damage testimony. . . . Rather, the district court, whose discretion is broad in this area, might well feel that this was but a subtle attempt on counsel's part to lay a foundation for his case."); *Sandidge v. Salem Offshore Drilling Co.*, 764 F.2d 252, 258 (5th Circuit, 1985) (prohibiting questions designed to determine the potential result of the case before the presentation of evidence).

63.  Do you have any ides or prejudices that would hinder you from following the instructions that I will give as to the law?

Yes _____  No _____

Objection:  The question is misstated.  It should read: "Do you have any ides or prejudices that would hinder you from following the instructions that the Court will give as to the law?"

72.  Do you have any personal knowledge of the charges in this case as I have described them?

Yes _____  No _____

If yes, explain: _____

_____

_____

Objection:  The question is misstated and the term "charges" is inappropriate in a civil case.  It should read: "Do you have any personal knowledge of the issues in this case as the Court has described them?"

Dated:  San Francisco, California

      June 22, 2009

                                      MICHAEL A. CARDOZO
                                      Corporation Counsel of the City of New York
                                      Attorney for Plaintiff City of New York

100 Church Street
New York, New York 10007
(212) 788-1568


<u>/s/ *VICTOR M. SHER*</u>
VICTOR M. SHER *(pro hac vice)*
TODD E. ROBINS *(pro hac vice)*
JOSHUA G. STEIN *(pro hac vice)*
LESLEY E. WILLIAMS (LW8392)
NICHOLAS G. CAMPINS *(pro hac vice)*
MARNIE E. RIDDLE *(pro hac vice)*

SHER LEFF LLP
450 Mission Street, Suite 400
San Francisco, CA 94105
(415) 348-8300

*Attorneys for Plaintiff City of New York*