UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

                                       :

In re: METHYL TERTIARY BUTYL ETHER    :      Master File No. 1:00-1898
("MTBE") PRODUCTS LIABILITY         :      MDL 1358 (SAS)
LITIGATION                           :      M21-88

                                         :

------------------------------------------------------------- x

                                       :

**This document relates to:**              :

                                       :

*City of Merced Redevelopment Agency v.*    :
*ExxonMobil Corp. et al.*, No. 08 Civ. 6306 (SAS)  :

                                       :

------------------------------------------------------------- x

## UNITED STATES OF AMERICA'S MEMORANDUM OF LAW
## IN SUPPORT OF THE CONSTITUTIONALITY OF SECTION 1503
## OF THE ENERGY POLICY ACT OF 2005

 

LEV L. DASSIN
Acting United States Attorney for the
Southern District of New York
Attorney for United States as Intervenor
86 Chambers Street, Third Floor
New York, New York 10007
Telephone:  (212) 637-2709
Facsimile:  (212) 637-2702

SARAH S. NORMAND
Assistant United States Attorney

    - Of Counsel -

Dockets.Justia.com

# TABLE OF CONTENTS

Preliminary Statement..................................................................................................... 1

BACKGROUND. ............................................................................................................. 2

ARGUMENT—SECTION 1503 OF THE EPACT PROPERLY GRANTS FEDERAL
REMOVAL JURISDICTION UNDER ARTICLE III OF THE U.S. CONSTITUTION ............. 4

    A.    The Court May Exercise Article III "Arising Under" Jurisdiction
          Based on Defendants' Assertion of Federal Defenses. ........................................... 5

    B.    Alternatively, the Parties' Minimal Diversity Affords a Constitutional
          Basis for the Court to Exercise Jurisdiction in This Case....................................... 9

CONCLUSION. ............................................................................................................. 10

**TABLE OF AUTHORITIES**

Cases:                                                                                           Page

California v. Atl. Richfield Co., 488 F.3d 112 (2d Cir. 2007)........................................... 6, 8

Caterpillar Inc. v. Lewis, 519 U.S. 61 (1996) ........................................................ 6, 7, 9

In re MTBE Products Liab. Litig., 342 F. Supp. 2d 147 (S.D.N.Y. 2004), rev'd,
    488 F.3d 112 (2d Cir. 2007) ...................................................................... 6

Mesa v. California, 489 U.S. 121 (1989). ........................................................... passim

State Farm Fire & Casualty Co. v. Tashire, 396 U.S. 523 (1967). ................................ 9

Strawbridge v. Curtiss, 3 Cranch 267, 2 L. Ed. 435 (1806)........................................... 9

Verlinden B.V. v. Central Bank of Nigeria, 461 U.S. 480 (1983). ............................. 4, 5


Constitution:

U.S. Const., Art. III, § 2, cl. 1 .......................................................................... 5, 9


Statutes & Rules:

28 U.S.C. § 1332............................................................................................... 7, 9

28 U.S.C. § 1441................................................................................................... 7

28 U.S.C. § 1442(a). ........................................................................................... 6

28 U.S.C. § 1447(c). ............................................................................................ 7

28 U.S.C. § 2403(a). .......................................................................................... 1, 4

Energy Policy Act of 2005, Pub. L. No. 109-58, § 1503, 119 Stat. 594, 1076 (2005). ........ passim

Federal Rule of Civil Procedure 5.1....................................................................... 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
                           :

In re: METHYL TERTIARY BUTYL ETHER   :     Master File No. 1:00-1898
("MTBE") PRODUCTS LIABILITY          :     MDL 1358 (SAS)
LITIGATION                             :     M21-88

------------------------------------------------------------ x
                           :

**This document relates to:**         :

*City of Merced Redevelopment Agency v.*  :
*ExxonMobil Corp. et al.*, No. 08 Civ. 6306 (SAS) :
                           :

------------------------------------------------------------ x

**UNITED STATES OF AMERICA'S MEMORANDUM OF LAW
IN SUPPORT OF THE CONSTITUTIONALITY OF SECTION 1503
OF THE ENERGY POLICY ACT OF 2005**

**Preliminary Statement**

The United States of America respectfully submits this memorandum of law in

support of its intervention in this action, pursuant to 28 U.S.C. § 2403(a), to defend the

constitutionality of Section 1503 of the Energy Policy Act of 2005, Pub. L. No. 109-58, 119 Stat.

594, 1076 (2005) ("EPACT"). Section 1503 authorizes the removal to federal district court of

claims and legal actions related to allegations of actual or threatened contamination by methyl

tertiary butyl ether ("MTBE").

The Court may exercise jurisdiction in this case in accordance with Article III of

the United States Constitution. There is no genuine dispute that Section 1503 of the EPACT

constitutionally confers federal question jurisdiction in cases in which a federal defense is

alleged. Here, defendants have alleged defenses based on federal law. The case therefore

"aris[es] under" federal law for purposes of Article III. Although plaintiff contends that

defendants should have asserted their federal defenses in their notice of removal, rather than in their later-filed answers, nothing in Article III requires that the basis for federal question jurisdiction be set forth in the removal petition rather than a responsive pleading. Accordingly, the Court constitutionally may exercise federal question jurisdiction in this case.

The diversity clause of Article III provides an additional basis for the Court to exercise jurisdiction here. The diversity clause, which provides that the federal judicial power may extend to controversies "between citizens of different States," requires only "minimal diversity" between the parties. Thus, so long as plaintiff is diverse from at least one defendant—and the allegations in the complaint suggest that is the case—the Court may exercise jurisdiction consistent with Article III.

For at least these reasons, Section 1503 of the EPACT constitutionally confers federal removal jurisdiction in this case. The Court accordingly need not reach defendants' further arguments that Section 1503 validly grants federal question jurisdiction because it is part of a comprehensive federal regulatory scheme, or that the Court may exercise "protective jurisdiction" in light of the asserted federal interests implicated by cases alleging MTBE contamination.

**BACKGROUND**

This lawsuit was filed by plaintiff the City of Merced Redevelopment Agency against several gasoline industry defendants on or about April 7, 2008, in the Superior Court of California for the County of Merced. See Normand Decl., Exh. A. The action seeks cost recovery under California's Polanco Redevelopment Act, Cal. Health & Safety Code §§ 33459-33459.8, and asserts state common law causes of action for products liability, negligence,

trespass and nuisance, based on alleged MTBE and other environmental contamination of a blighted redevelopment area within the City of Merced, California.  See Normand Decl., Exh. A, ¶¶ 32-67.

On or about May 21, 2008, defendants removed this case to the United States District Court for the Eastern District of California.  See Normand Decl., Exh. B.  Defendants' notice of removal invoked as the basis for removal Section 1503 of the EPACT, which provides:

> Claims and legal actions filed after the date of enactment of this Act related to allegations involving actual or threatened contamination of [MTBE] may be removed to the appropriate United States district court.

EPACT § 1503, 119 Stat. at 1076; Normand Decl., Exh. B, ¶¶ 2, 11.  Defendants' notice of removal did not assert any federal defenses to plaintiff's claims.  See Normand Decl., Exh. B.  In their answers filed on or about June 27, 2008, however, defendants asserted several affirmative defenses based on federal law, including preemption.  See, e.g., Normand Decl., Exh. C, ¶¶ 73, 84, 86, 93.  On July 9, 2008, the United States Judicial Panel on Multidistrict Litigation transferred the case to the Southern District of New York, to be consolidated with the MDL proceeding pending before this Court.  See Normand Decl., Exh. D.

On November 12, 2008, the Court ordered the parties to show cause "why this action should not be remanded to state court because it does not 'aris[e] under' federal law within the meaning of Article III of the Constitution, given that no federal issue appears to be stated in the complaint or the removal petition."  Normand Decl., Exh. E.  In response to the Court's Order to Show Cause, plaintiff argued that the case should be remanded to California state court.  See Plaintiff City of Merced Redevelopment Agency's Response to Defendant's Response to Order to Show Cause Why This Action Should Not Be Remanded, Dkt. No. 19 ("Pl. Resp.").

3

Among other things, plaintiff asserted that EPACT § 1503 improperly "grant[s] jurisdiction over a particular class of cases that do not 'aris[e] under' the Constitution, law or treaties of the United States." Pl. Resp. at 3.

On February 27, 2009, the Court certified to the Attorney General of the United States, pursuant to 28 U.S.C. § 2403(a), that the constitutionality of EPACT § 1503 had been called into question in the litigation. See Normand Decl., Exh. F. The Court afforded the Attorney General an opportunity to intervene in this action within sixty days, pursuant to Federal Rule of Civil Procedure 5.1. See id.[1]

## ARGUMENT

### SECTION 1503 OF THE EPACT PROPERLY GRANTS FEDERAL REMOVAL JURISDICTION UNDER ARTICLE III OF THE U.S. CONSTITUTION

Defendants contend that the Court may exercise removal jurisdiction in this case, consistent with Article III, for three reasons. First, defendants argue that EPACT § 1503 is part of a comprehensive federal regulatory scheme and therefore validly confers federal "arising under" jurisdiction under the Supreme Court's decision in Verlinden B.V. v. Central Bank of Nigeria, 461 U.S. 480 (1983). See Defendants' Response to Order to Show Cause Why This Action Should Not Be Remanded, Dkt. No. 14 ("Def. Resp."), at Point I. Second, defendants assert that the Court has "arising under" jurisdiction because they have asserted federal defenses. See id. at Point II. Finally, defendants contend that the Court may assert "protective jurisdiction," as Congress in enacting the EPACT could have displaced state law entirely in cases

---

[1]    By Order dated April 24, 2009, the Court extended the Government's time to intervene from April 28, 2009, to June 28, 2009. See Normand Decl., Exh. G. As June 28, 2009, was a Sunday, this memorandum of law is being filed on June 29, 2009.

alleging actual or threatened MTBE contamination, and the case implicates substantial federal interests.  See id. at Point III.

The Court need not decide whether it has jurisdiction under the "comprehensive scheme" or "protective jurisdiction" theories urged by defendants, as the Court constitutionally may exercise jurisdiction over this case because defendants have asserted defenses based on federal law, and because there is minimal diversity between the parties.  Article III accordingly is satisfied here.  Even if the Court concludes that defendants may not cure any jurisdictional defect that may have existed at the time of removal through the assertion of federal defenses in their answers, the impediment to federal jurisdiction would be based on a failure to meet statutory requirements; the removal statute itself is not subject to constitutional challenge.

A.      **The Court May Exercise Article III "Arising Under" Jurisdiction Based on Defendants' Assertion of Federal Defenses**

Article III of the United States Constitution provides that "[t]he judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority . . . ." U.S. Const., Art. III, § 2, cl. 1.  While the Supreme Court has recognized that "pure jurisdictional statutes," which "seek to do nothing more than grant jurisdiction over a particular class of cases," "cannot support Art. III 'arising under' jurisdiction," Mesa v. California, 489 U.S. 121, 136 (1989) (quoting Verlinden, 461 U.S. at 491) (internal quotation marks omitted), there is no question that Congress constitutionally may grant federal removal jurisdiction in cases implicating federal defenses.  In such cases, "it is the raising of a federal question in the [defendant's] removal petition that constitutes the federal law under which the action . . . arises

5

for Art. III purposes." Id.  As the Supreme Court concluded in Mesa, which involved the federal

officer removal statute, 28 U.S.C. 1442(a), construing the statute to require the averment of a

defense based on federal law "clearly preserves [the statute's] constitutionality."  Mesa, 489 U.S.

at 137.

Similarly here, Section 1503 of the EPACT is "clearly . . . constitutional[]" if

construed to require the assertion of a federal defense.  Id.  Indeed, plaintiff does not contend that

Congress cannot constitutionally grant federal removal jurisdiction in cases implicating federal

defenses.  Rather, plaintiff argues that defendants waived their ability to secure federal

jurisdiction in this case, because their notice of removal merely invoked Section 1503, and they

asserted federal defenses only in their answers filed after removal.  See Pl. Resp. at 7-10.[2]

There is no reason, however, why defendants' failure to raise federal defenses in

their notice of removal should deprive this Court of jurisdiction as a constitutional matter.

Article III contains no requirement that the federal defense on which federal question jurisdiction

is premised be stated in the removal petition.  And to the extent Section 1503 is construed to

impose such a requirement, there is no constitutional reason why the failure to raise a federal

defense could not be cured in a subsequently-filed answer.

The Supreme Court has held, in other contexts, that a defendant may cure a

jurisdictional defect in a removal petition at a later date.  In Caterpillar Inc. v. Lewis, 519 U.S. 61

---

[2]        Plaintiff does not contend that the federal defenses asserted in defendants'
answers—including express and conflict preemption, conformity with applicable statutes, and
primary agency jurisdiction, see, e.g., Normand Decl., Exh. C, ¶¶ 73, 84, 86; Def. Resp. at 10-11
& n.2—are not "colorable" under Mesa.  See Pl. Resp. at 7-10.  This Court has held that similar
preemption defenses were colorable for purposes of removal under 28 U.S.C. § 1442(a).  See In
re MTBE Products Liab. Litig., 342 F. Supp. 2d 147, 157-58 (S.D.N.Y. 2004), rev'd on other
grounds, 488 F.3d 112 (2d Cir. 2007).

(1996), the Court held that a district court properly could proceed to final judgment in a case

removed to federal court under 28 U.S.C. § 1441 based on diversity of citizenship, even though

the complete diversity required under 28 U.S.C. § 1332 did not exist at the time the case was

removed.  Because the lack of complete diversity was cured before the entry of final judgment,

the statutory defect—the lack of complete diversity at the time of removal—did not deprive the

Court of jurisdiction.

As Caterpillar demonstrates, the Constitution itself does not require that the

jurisdiction-conferring element (in that case, complete diversity) be set forth in the removal

petition, so long as it exists at a later, relevant time.  Here, defendants raised federal

defenses—the element that confers federal question jurisdiction under Mesa—in their answers.

Plaintiff did not file a motion to remand when the removal petition was filed; indeed, it never

has.  Instead, the Court raised the issue of jurisdiction sua sponte in its Order to Show Cause,

which was issued several months after defendants filed their allegedly defective notice of

removal, and well beyond the thirty-day period for plaintiff to challenge defects in the removal

petition other than lack of jurisdiction.  See 28 U.S.C. § 1447(c).

At the time the Court issued the Order to Show Cause, moreover, defendants had

asserted their federal defenses, and a basis for subject matter jurisdiction existed.  Under 28

U.S.C. § 1447(c), a removed case shall be remanded if at any time before final judgment it

appears that the district court "lacks" subject matter jurisdiction.  The statute's use of the present

tense ("lacks") suggests that remand is required at a later time (i.e., beyond the initial thirty-day

period provided in § 1447(c)) only if subject matter jurisdiction is lacking at that time.  Nothing

in Article III bars the Court from exercising federal question jurisdiction over the case now, even

if the Court could not have done so before defendants had raised their federal defenses.

While the Supreme Court in <u>Mesa</u> referred to the "raising of a federal question in the . . . removal petition," 489 U.S. at 136, the defendants in that case had no federal defenses to the state law charges, <u>id.</u> at 138-39. Thus, the Supreme Court had no occasion to decide whether the raising of a federal defense in a responsive pleading would be constitutionally sufficient. Similarly, the Second Circuit's statement that "[i]n determining whether jurisdiction is proper, we look only to the jurisdictional facts alleged in the Notices of Removal," <u>California v. Atl. Richfield Co.</u>, 488 F.3d 112, 124 (2d Cir. 2007), sheds no light on whether a federal defense raised in a subsequently-filed answer may satisfy Article III. The Second Circuit there was considering whether removal jurisdiction was proper under the statutes invoked by the defendants, not Article III, and was assessing the sufficiency of the jurisdictional facts that defendants had alleged in their notices of removal. <u>See id.</u> at 124-32.

In sum, under <u>Mesa</u>, Section 1503 of the EPACT should be construed to require the assertion of a federal defense. Nothing in Article III requires that the federal defense be asserted in the removal petition. Any such requirement derives, if at all, from Section 1503. At most, then, there was a statutory defect in defendants' removal petition. And even assuming defendants did not cure that defect in time (by filing their answer before plaintiff objected or this Court issued its Order to Show Cause), that is not a basis for declaring Section 1503 unconstitutional. Section 1503, just like Section 1442(a) in <u>Mesa</u>, is constitutional— regardless of whether defendants asserted their federal defenses in the way that Section 1503 requires.

**B.** **Alternatively, the Parties' Minimal Diversity Affords a Constitutional Basis for the Court to Exercise Jurisdiction in This Case**

In addition to recognizing federal "arising under" jurisdiction, Article III provides that "[t]he judicial Power shall extend . . . to Controversies . . . between citizens of different States." U.S. Const., Art. III, § 2, cl. 1. Although the general diversity jurisdiction statute, 28 U.S.C. § 1332, has been interpreted to require complete diversity between the parties, see Caterpillar, 519 U.S. at 68 (citing Strawbridge v. Curtiss, 3 Cranch 267, 2 L. Ed. 435 (1806)), the Supreme Court has held that Article III itself requires only "minimal diversity." See id. at 68 n.3 ("This 'complete diversity' interpretation of the general-diversity provision is a matter of statutory construction. 'Article III poses no obstacle to the legislative extension of federal jurisdiction, founded on diversity, so long as any two adverse parties are not co-citizens.'" (quoting State Farm Fire & Casualty Co. v. Tashire, 396 U.S. 523, 531 (1967)). Thus, so long as plaintiff is diverse from at least one defendant in this case, there is a constitutional basis for the Court to exercise removal jurisdiction.

Although not entirely clear on this point, a fair reading of the complaint indicates the presence of minimal diversity. According to the complaint, all of the defendants are incorporated outside of California, and only Chevron is alleged to have its principal place of business in California. See Normand Decl., Exh. A, ¶¶ 5-14. Thus, it appears that plaintiff, a California municipal agency, id. ¶ 1, is diverse from all defendants other than Chevron. Because it appears that there is minimal diversity between the parties, Article III permits the Court to exercise jurisdiction, even apart from any federal question that may be implicated in the case.

**CONCLUSION**

For the foregoing reasons, Section 1503 of the EPACT is constitutional.

Dated:  New York, New York
          June 29, 2009

                                    Respectfully submitted,

                                    LEV L. DASSIN
                                    Acting United States Attorney for the
                                    Southern District of New York
                                    Attorney for the United States of America

                By:       s/ Sarah S. Normand
                                    SARAH S. NORMAND
                                    Assistant United States Attorney
                                    86 Chambers Street, Third Floor
                                    New York, New York 10007
                                    Telephone: (212) 637-2709
                                    Facsimile: (212) 637-2702
                                    sarah.normand@usdoj.gov