# EXHIBIT A

Duane C. Miller, #57812
Michael D. Axline, #229840
A. Curtis Sawyer, Jr., #101324
Tracey L. O'Reilly, #206230
Tamarin E. Austin, #207903
Evan Eickmeyer, #166652
Daniel Boone, #148841
**MILLER, AXLINE & SAWYER**
A Professional Corporation
1050 Fulton Avenue, Suite 100
Sacramento, CA  95825-4225
Telephone:  (916) 488-6688
Facsimile:  (916) 488-4288

Gregory G. Diaz, City Attorney, #156318
Jeanne E. Schechter, Chief Deputy City Attorney, #149457
M. Steven Wang, Deputy City Attorney III, #191168
City of Merced
**OFFICE OF THE CITY ATTORNEY**
678 West 18th Street
Merced, CA  95340
Telephone:  (209) 385-6868
Facsimile:  (209) 723-1780

Attorneys for Plaintiff
City of Merced Redevelopment Agency

Exempt from Filing Fee
[Govt. Code, § 6103]

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF MERCED

| | |
|---|---|
| CITY OF MERCED REDEVELOPMENT AGENCY,<br><br>Plaintiff,<br><br>v.<br><br>EXXON MOBIL CORPORATION; EXXON CORPORATION; CHEVRON U.S.A. INC.; CONOCOPHILLIPS COMPANY, F/K/A PHILLIPS PETROLEUM COMPANY, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST BY MERGER TO TOSCO CORPORATION ; SHELL OIL COMPANY; KINDER MORGAN ENERGY PARTNERS, L.P.; EQUILON ENTERPRISES LLC; SFPP, L.P.; TESORO CORPORATION; TESORO REFINING AND MARKETING COMPANY;  and DOES 1 THROUGH 200, inclusive,<br><br>Defendants. | CASE NO. **151145**<br><br>**COMPLAINT FOR DAMAGES AND OTHER RELIEF FOR:**<br><br>**(1) COST RECOVERY UNDER THE POLANCO REDEVELOPMENT ACT;**<br>**(2) PRODUCTS LIABILITY;**<br>**(3) NEGLIGENCE;**<br>**(4) TRESPASS;  AND**<br>**(5) NUISANCE** |

1
Complaint for Damages and Other Relief

Plaintiff City of Merced Redevelopment Agency hereby alleges as follows:

## I. PLAINTIFF.

1. Plaintiff City of Merced Redevelopment Agency ("Merced RDA" or "plaintiff") is an "agency" within the meaning of California Health and Safety Code section 33003, with the power to sue under Health and Safety Code section 33125, subdivision (a), and charged with the statutory power to alter, improve, reconstruct, rehabilitate, modernize, and clean up property in the blighted Merced Redevelopment Project Area ("project area") in the interests of the health, safety, and general welfare of the people. Generally, plaintiff alleges and contends that each of the named and DOE defendants is legally responsible for the costs and damages relating to the presence and abatement of gasoline, hydrocarbons, and MTBE located in or about the project area which blight the project area, adversely impact the use of the project area, depreciate or stagnate property values, and adversely affect the interests of the health, safety, and welfare of the people.

2. Environmental investigation and testing of the project area determined that the redevelopment area was contaminated with gasoline, hydrocarbons, and MTBE.

## II. DEFENDANTS.

3. The defendants in this action are corporate members of the gasoline industry. As described below, defendants (other than Kinder Morgan and SFPP) sold gasoline containing MTBE and/or TBA to Merced gasoline stations that released gasoline containing MTBE and/or TBA into the environment. Gasoline containing MTBE and/or TBA has contaminated, polluted, and threatened, and continues to contaminate, pollute, and threaten, the Merced RDA project area.

4. When this complaint refers to any act or omission of the defendants, such reference shall be deemed to mean that the officers, directors, agents, employees, or representatives of the defendants committed or authorized such act or omission, or failed to adequately supervise or properly control or direct their employees while engaged in the management, direction, operation, or control of the affairs of defendants, and did so while acting within the scope of their employment or agency.

5. Defendant Chevron U.S.A. Inc. ("Chevron") is a Pennsylvania corporation whose corporate headquarters and principal place of business is in San Ramon, California.

6. Defendant Shell Oil Company ("Shell") is a Delaware corporation doing business in California.

7. Defendant Exxon Mobil Corporation ("Exxon Mobil") is a New Jersey corporation doing business in California. Plaintiff is informed and believes that Exxon Mobil was formed on or about November 30, 1999, as a result of a merger of Mobil Corporation and Exxon Corporation, and is a successor-in-interest to Exxon Corporation and Mobil Corporation.

8. Defendant Exxon Corporation ("Exxon") is a New Jersey corporation doing business in California.

9. Defendant Kinder Morgan Energy Partners, L.P. ("Kinder Morgan"), is a Delaware limited partnership doing business in California.

10. Defendant SFPP, L.P. ("SFPP"), is a Delaware limited partnership doing business in California.

11. Defendant ConocoPhillips Company, f/k/a Phillips Petroleum Company, individually and as successor-in-interest by merger to Tosco Corporation ("Conoco"), is a Delaware corporation doing business in California. Plaintiff is informed and believes that ConocoPhillips Company is the successor in interest to Tosco Corporation.

12. Defendant Equilon Enterprises LLC ("Equilon") is a Delaware Limited Liability Company doing business in California. Plaintiff is informed and believes that Equilon Enterprises LLC was a joint venture formed in July 1997, as the successor-in-interest to certain Shell- and Texaco-branded retail gasoline stations and sold branded gasoline. Shell owned 56% of the joint venture.

13. Defendant Tesoro Corporation ("Tesoro") is a Delaware corporation doing business in California.

14. Defendant Tesoro Refining and Marketing Company ("TRMC") is a Delaware corporation doing business in California.

15. Defendants Chevron, Shell, Exxon Mobil, Exxon, Kinder Morgan, SFPP, Conoco, Equilon, Tesoro, TRMC, and DOES 1 through 200 will be collectively referred to hereafter as the "Defendants." The Defendants, and each of them, supplied their branded gasoline containing

MTBE and/or TBA, from 1992 to at least 2002, to stations in Merced, such that releases of gasoline to the subsurface contaminated and polluted the Merced RDA's project area. Among other things, these Defendants: (1) sold, promoted, marketed, distributed, transported, and/or exchanged gasoline containing MTBE and/or TBA, which is contaminating, polluting, and threatening Merced RDA's project area; (2) owned, operated, and/or controlled gasoline delivery systems including, but not limited to, gasoline stations, gasoline storage, transfer, delivery, and dispensing systems (collectively herein "gasoline delivery systems") in areas affecting Merced RDA's project area; (3) were legally responsible for and committed each of the multiple tortious and ongoing wrongful acts alleged in this complaint; (4) negligently constructed, installed, fabricated, owned, operated, controlled, inspected, and/or repaired gasoline delivery systems and/or pipelines from which MTBE and/or TBA is contaminating, polluting, and threatening Merced RDA's project area; (5) negligently and/or intentionally failed and refused to take appropriate remediation action to abate MTBE and/or TBA plumes when MTBE and/or TBA escaped from the gasoline delivery systems; and (6) in doing the tortious and wrongful acts alleged in this complaint, acted in the capacity of aider, abettor, joint-venturer, partner, agent, principal, successor-in-interest, surviving corporation, controller, alter-ego, licensee, licensor, patent holder, and/or indemnitor of each of the remaining DOE and named defendants.

### III. ALLEGATIONS APPLICABLE TO ALL CAUSES OF ACTION.

#### A.     The Contaminants: MTBE and TBA.

16. MTBE is an additive to gasoline. Wherever referred to in this complaint, MTBE means not only methyl tertiary butyl ether, but also the contaminants in commercial grade MTBE.

17. TBA is present in some gasoline. TBA is a gasoline constituent, an impurity in commercial grade MTBE, and a degradation or breakdown product of MTBE.

18. MTBE and TBA contaminate the environment through leaks and spills from gasoline delivery systems. Once released to the environment, MTBE and TBA are more mobile, soluble, and persistent than other gasoline constituents that have historically been of environmental and/or toxicological concern, specifically the "BTEX compounds" (benzene, toluene, ethylbenzene, and xylene). MTBE and TBA spread farther and faster than other components of gasoline, and are

difficult and costly to remove from groundwater and drinking water supplies.

### B. Regulatory Standards Applicable to MTBE and TBA.

19. No federal or state agency has approved either MTBE or TBA as an additive to drinking water. No federal or state agency has approved releasing MTBE or TBA into groundwater. No federal or state agency has ever required that gasoline contain MTBE and/or TBA.

20. Along with its other properties, MTBE can render water supplies undrinkable by changing the taste and odor of water into a foul smelling liquid with a turpentine odor and chemical taste unfit for human consumption. The State of California established a secondary maximum contaminant level ("MCL") for MTBE of 5 parts per billion ("ppb"). This means that the law prohibits using water containing MTBE at or above this level in public drinking water because of MTBE's aesthetic properties. Many individuals, however, can smell and taste MTBE in water, even when the concentration of MTBE is less than 1 ppb.

21. MTBE also presents a significant public health threat. Because of MTBE's potential for causing cancer, the State of California has established a primary (health) MCL for MTBE of 13 ppb. This means that the law prohibits using water containing MTBE at or above this level in public drinking water because of MTBE's threat to public health.

22. TBA also presents a significant threat to public health. The State of California has set an action level for TBA of 12 ppb in water, based on an interim assessment performed by the California Office of Environmental Health Hazard Assessment. The interim assessment concluded that exposure to TBA at levels above 12 ppb in water creates an unacceptable public health risk of cancer.

23. California Governor Gray Davis ordered state agencies to phase out MTBE use in motor fuel in California, and to achieve 100% removal no later than December 31, 2003. Eighteen states, including California, have either banned or are phasing out the use of MTBE in gasoline.

### C. Defendants' Promotion of MTBE and TBA.

24. The Defendants promoted the use of gasoline containing MTBE and/or TBA by

claiming that it was environmentally beneficial and would improve air quality. At the same time, Defendants concealed and/or failed to disclose that MTBE would contaminate groundwater and render it not potable.

25. The widespread problems of leaking gasoline delivery systems were well known to the Defendants prior to the introduction of MTBE and TBA. At least as early as the mid-1960's these Defendants knew, or reasonably should have known, that gasoline delivery systems frequently leak and release gasoline into the environment, including into groundwater.

26. Despite knowing that a substantial percentage of Merced gasoline stations would utilize gasoline storage and distribution facilities which were inadequate and leaking, and without taking reasonable, appropriate, or special measures to monitor, detect, and respond to releases of MTBE and/or TBA to soil and/or groundwater, and without taking reasonable, appropriate, or special precautions to investigate, contain, and cleanup releases of these compounds, and despite the availability of reasonable alternatives (including adequate warnings), Defendants chose not to warn customers, retailers, environmental consultants, regulators, or public officials, including the Merced RDA. At all times, Defendants represented to purchasers of MTBE, TBA, and/or gasoline containing MTBE and/or TBA, as well as to the public and government agencies, that such products were environmentally sound and appropriate for distribution, sale, and use. Indeed, Defendants represented that gasoline containing MTBE could be handled the same as ordinary gasoline, and required no special measures to protect against or respond to suspected releases to the subsurface.

27. The Defendants further exacerbated the situation by, among other things, negligently, carelessly, recklessly, and/or intentionally failing to: (1) prevent leaks of MTBE and/or TBA through the use of appropriate technology; (2) install and maintain gasoline delivery systems that prevent leaks and facilitate prompt detection and containment of any leaks; (3) monitor and discover leaks as soon as possible; (4) warn those who may be injured as a result of the leak(s); and (5) clean up and abate MTBE and/or TBA spill(s) as thoroughly and as soon as reasonably possible and in a manner necessary to prevent harm and injury.

28. Plaintiff is informed the Defendants exercised control over use of gasoline containing

MTBE and/or TBA through a variety of means, including written agreements, inspection rights, prescribing certain procedures and operating practices, training, sale of branded goods, and agreements obligating the users of MTBE and/or TBA to acquire, store, and sell gasoline containing MTBE and/or TBA. Therefore, the Defendants had actual control over leaking gasoline delivery systems and/or were vicariously liable for the acts, omissions, and conduct of the owners and operators of Merced gasoline stations and pipelines which released MTBE into the environment.

29. The Defendants further advised consultants who conduct environmental investigations and cleanups that gasoline with MTBE could be remediated using the same practices and procedures used for conventional gasoline.

30. Gasoline containing MTBE and/or TBA was released from gasoline delivery systems in Merced until at least 1997 from gasoline retail stations and, Plaintiff is informed, a pipeline operated by Defendants Kinder Morgan and SFPP. Over time, MTBE and TBA migrated down to groundwater and, after several years elapsed, traveled to the project area causing pollution, contamination, and interference with the Merced RDA's project area. This appreciable injury and damage occurred for the first time in July 2006, when the Regional Water Quality Control Board determined that the parties responsible for releases at 1415 "R" Street and 1455 "R" Street in Merced were not taking appropriate and timely action to abate the plume, and the Merced RDA was asked to manage the project.

31. The City of Merced Redevelopment Agency seeks compensatory damages needed to investigate, remediate, and remove gasoline, hydrocarbons, MTBE and/or TBA contamination, and for past, present, and future remediation, and/or investigation costs incurred in or after August 2006.

## FIRST CAUSE OF ACTION

**(Cost Recovery under the Polanco Redevelopment Act)**

32. Merced RDA refers to paragraphs 1 through 31 above, and by this reference incorporates them into this cause of action as though fully set forth herein.

33. Prior to the commencement of ths action Plaintiff served all legally required notices

under the Polanco Redevelopment Act (Health & Saf. Code, §§ 33459-33459.8) ("Polanco Act") on each of the Defendants. None of the Defendants submitted a proposed remedial action plan or took any other action as required by the Polanco Act; instead, some Defendants denied that they had any responsibility to remediate the project area. At all times relevant herein, Defendants, and each of them, have failed and refused to remediate the gasoline and MTBE contamination described herein.

34. As a direct result of the Defendants' acts alleged in this Complaint, the project area, including soil, groundwater, and improvements, has been contaminated, and will continue to be contaminated with gasoline, hydrocarbons, MTBE, and TBA which create a public health hazard unless abated. As a direct and proximate result thereof, plaintiff must initiate a remedial program to assess, evaluate, investigate, monitor, remove, clean up, correct, and abate such contamination in the project area and to restore the project area at significant expense, loss, and damage. Costs incurred within the past three years of the filing of the Complaint, or that are to be incurred in the future, include: loss of use of property, loss of tax revenues, property damage, restoration costs incurred within the past three years of the filing of the Complaint or that are to be incurred in the future, delay damages, property devaluation, interim and permanent remedial measures to control releases and potential releases of gasoline, hydrocarbons, MTBE, and TBA, cleanup costs, potential installation and maintenance of interceptor wells, and water treatment facilities, all in an amount to be proved at trial.

## SECOND CAUSE OF ACTION

### (Products Liability)

35. Merced RDA refers to paragraphs 1 through 34 above, and by this reference incorporates them into this cause of action as though fully set forth herein.

36. Defendants formulated, manufactured, compounded, refined, provided product information and/or instructions for use, promoted, marketed, distributed, transported, exchanged, and/or sold gasoline containing MTBE.

37. Defendants, and each of them, represented, asserted, claimed, and warranted that gasoline containing MTBE could be used in the same manner as gasoline not containing these

compounds, and/or that gasoline containing MTBE did not require any different or special handling or precautions.

38. Defendants, and each of them, knew that said product(s) were to be purchased and used without inspection for defects.

39. MTBE, and gasoline containing MTBE, are defective products because, among other things:

    (a)    The design of these products was defective;

    (b)    The benefits of using MTBE in gasoline, if any, are greatly outweighed by the associated costs and negative impacts imposed on society, consumers, and the environment, and on groundwater used for public water supplies within the Merced RDA;

    (c)    They cause extensive groundwater contamination by MTBE even when used in their foreseeable and intended manner;

    (d)    Even at extremely low levels, MTBE renders drinking water putrid, foul, and unfit for purveying as drinking water to the public, and TBA also renders drinking water unfit for purveying as drinking water to the public;

    (e)    MTBE and TBA pose significant threats to the public health and welfare;

    (f)    The Defendants failed to provide adequate warnings of the known and foreseeable risks of MTBE and/or gasoline containing MTBE, including, but not limited to, groundwater contamination with MTBE;

    (g)    The Defendants failed to conduct reasonable, appropriate, or adequate scientific studies to evaluate the environmental fate and transport and potential human health effects of MTBE; and

    (h)    Commercial grade MTBE is defectively manufactured when it contains unnecessary but environmentally harmful impurities such as TBA.

40. MTBE and/or gasoline containing MTBE were used in a manner in which they were foreseeably intended to be used, and as a proximate result of the defects previously described, MTBE directly and proximately caused the Merced RDA to sustain the injuries and damages set

9
Complaint for Damages and Other Relief

forth in this Complaint within the past three years.

41. As a direct and proximate result of the acts and omissions of the Defendants alleged herein, the Merced RDA has initiated a remedial program to assess, evaluate, investigate, monitor, abate, clean-up, correct, contain, and remove MTBE contamination in the source area and project area, all at significant expense, loss, and damage.

42. As a further direct and proximate result of the acts and omissions of the Defendants alleged in this Complaint, the Merced RDA has and will sustain substantially increased expenses, all to the plaintiff's damage, in an amount within the jurisdiction of this court. The Merced RDA has and will also incur costs and attorneys' fees in prosecuting this action. The Merced RDA is entitled to recover all such damages, together with court costs and reasonable attorneys' fees, in this action.

43. Defendants Chevron, Shell, Exxon Mobil, Exxon, Conoco, Tosco, Equilon, and DOES 1 through 50 knew that it was substantially certain that their alleged acts and omissions described above would threaten public health and cause extensive contamination of common water supplies, public drinking water supplies, and property damage. These defendants committed each of the above described acts and omissions knowingly, willfully, and with oppression, fraud, and/or malice, and with conscious disregard of the health and safety of others, and of plaintiff's rights.

44. This conduct is reprehensible, despicable, and was performed to promote sales of MTBE and/or gasoline containing MTBE in conscious disregard of the known risks of injury to health and property. Defendants acted with willful and conscious disregard of the probable dangerous consequences of that conduct and its foreseeable impact upon the Merced RDA. Therefore, the Merced RDA requests an award of exemplary damages in an amount sufficient to punish defendants Chevron, Shell, Exxon Mobil, Exxon, Conoco, Tosco, Equilon, and DOES 1 through 50. After the completion of additional investigation and discovery, Merced RDA may seek leave of court to amend this Complaint to allege a claim for exemplary damages against additional defendants if warranted by the facts.

## THIRD CAUSE OF ACTION

### (Negligence Against All Defendants)

45. Merced RDA refers to paragraphs 1 through 44 above, and by this reference incorporates them into this cause of action as though fully set forth herein.

46. Defendants had a duty to use due care in the sale, labeling, warnings, use, and instructions for use of MTBE and TBA, and gasoline containing MTBE and/or TBA, and gasoline delivery systems. Defendants Kinder Morgan, SFPP, and Does 48 through 60, inclusive, had a duty to properly operate, maintain, and inspect their pipeline and prevent and clean up releases of gasoline containing MTBE and/or TBA.

47. Defendants so negligently, carelessly, and/or recklessly sold, handled, labeled, instructed, controlled (or the lack thereof), tested (or the lack thereof), released, spilled, failed to warn, and/or sold gasoline containing MTBE and/or TBA, and/or so negligently, carelessly and recklessly handled, instructed, entrusted, controlled (or the lack thereof), tested (or the lack thereof), released, spilled, failed to warn, dispensed, and/or sold gasoline containing MTBE and/or TBA, and/or so negligently, carelessly, and recklessly dispensed MTBE and/or TBA and/or gasoline containing MTBE and/or TBA into gasoline delivery systems, and/or so negligently, carelessly, and/or recklessly constructed, installed, failed to warn, operated, and/or maintained gasoline delivery systems for use with gasoline containing MTBE and/or TBA, that they breached their duties to plaintiff and directly and proximately caused MTBE and/or TBA to contaminate, pollute, and threaten Merced RDA's project area, resulting in the harm which warrants the award of compensatory and punitive damages as prayed for in this Complaint.

48. Defendants, and each of them, among other things, negligently, carelessly, and/or recklessly failed to: (1) use appropriate technology to prevent leaks of gasoline containing MTBE and/or TBA; (2) install and maintain gasoline delivery systems that prevented leaks and facilitated prompt detection and containment of any leaks; (3) monitor and discover leaks as soon as possible; (4) warn those who may be injured as a result of the leaks; (5) warn those who handled MTBE of its properties; and/or (6) clean up and abate spills of gasoline containing MTBE and/or TBA as thoroughly and as soon as reasonably possible and in a manner necessary to

prevent harm and injury.

49. Defendants had actual control over the owners and operators of Merced gasoline stations through a variety of means, including, but not limited to, written agreements, inspection rights, prescribing certain procedures and operating practices, training, sale of branded goods, and agreements obligating the respective owners and/or operators to acquire, store, and sell gasoline containing MTBE and/or TBA. Therefore, Defendants had actual control over the owners and operators with leaking gasoline delivery systems and/or were vicariously liable for the acts and conduct of the owners and/or operators.

50. Defendants also undertook tank system testing, tank integrity testing, inventory reconciliation, and testing, thereby affirmatively undertaking the duty to prevent releases of gasoline containing MTBE and/or TBA from gasoline delivery systems, but they negligently failed to properly discharge these duties.

51. Defendants further undertook to retain consultants to conduct environmental investigations and cleanups, thereby affirmatively undertaking the duty to detect and remediate releases of gasoline containing MTBE and/or TBA from gasoline delivery systems, but they negligently failed to properly discharge these duties.

52. Defendants knew, or should have known, that the owners and operators of Merced gasoline stations had leaking gasoline delivery systems with few, if any, containment systems which should have been, but were not, upgraded or repaired. Defendants nonetheless negligently supplied, sold, and/or entrusted gasoline containing MTBE and/or TBA to these owners and operators knowing that MTBE and/or TBA would leak into the soil and contaminate groundwater.

53. By their conduct, Defendants, and each of them, among other things, are:
   (a)  committing, authorizing, aiding, and/or abetting the tampering with property owned and/or used by Merced RDA as a public agency to provide water to its water customers within the meaning of Civil Code section 1882 et seq.;
   (b)  interfering with Merced RDA's vested water rights; and
   (c)  impairing Merced RDA's right to appropriate water whose quality is not diminished.

54. As a direct and proximate result of Defendants' acts and omissions as alleged herein, Merced RDA has incurred, is incurring, and will continue to incur MTBE and/or TBA investigation, remediation, and abatement costs and expenses required to restore the project area, and other damages, in an amount to be proved at trial.

55. For the reasons alleged herein, Merced RDA is entitled to an award of exemplary damages against defendants Chevron, Shell, Exxon Mobil, Exxon, Conoco, Tosco, Equilon, and DOES 1 through 50. After the completion of additional investigation and discovery, Merced RDA may seek leave of court to amend this complaint to allege a claim for exemplary damages against additional defendants if warranted by the facts.

## FOURTH CAUSE OF ACTION

### (Trespass Against All Defendants)

56. Merced RDA refers to paragraphs 1 through 55 above, and by this reference incorporates them into this cause of action as though fully set forth herein.

57. Merced RDA is the owner and/or actual possessor of property rights and interests. Defendants, their agents and employees, knew, or in the exercise of reasonable care should have known, that MTBE and TBA and gasoline containing MTBE and/or TBA are extremely hazardous to groundwater and to public water systems, including the property and other rights of the Merced RDA.

58. The Defendants so negligently, recklessly, and/or intentionally released, spilled, and/or failed to properly control, handle, store, contain, and use gasoline containing MTBE and/or TBA, and/or failed to clean up spills and leaks of gasoline containing MTBE and/or TBA, that they directly and proximately caused MTBE and/or TBA to contaminate Merced RDA's project area as follows:

(a) The Defendants participated in the use, storage, and release of gasoline containing MTBE and/or TBA by owning, controlling, regulating, constructing, installing, operating, monitoring, inspecting, and testing, or by failing to do so, the gasoline delivery systems and thereby proximately caused gasoline containing MTBE and/or TBA to be released into the environment and groundwater.

(b) The Defendants negligently provided instructions and/or warnings to their customers and others concerning MTBE and/or TBA, knowing that there was a substantial danger that if their instructions and/or warnings were followed that gasoline containing MTBE and/or TBA dispensed into gasoline delivery systems would escape into the environment and contaminate groundwater and would not be appropriately remediated.

(c) The Defendants negligently delivered (directly or indirectly) gasoline containing MTBE and/or TBA into gasoline delivery systems which they knew, or should have known, were inadequate, old, leaking, and/or defective, and thereby created a substantial known danger that MTBE and TBA would be released into the environment and contaminate groundwater; and negligently provided instructions and/or warnings to their customers and others concerning MTBE and TBA, knowing that there was a substantial danger that if their instructions and/or warnings were followed that gasoline containing MTBE and/or TBA dispensed into gasoline delivery systems would escape into the environment and contaminate groundwater.

(d) Defendants retained consultants and negligently controlled and/or directed their cleanup and remediation activities (or the lack thereof) at gasoline station sites, thereby causing and permitting MTBE and/or TBA to contaminate and threaten Merced RDA's project area, and Defendants failed to warn the appropriate entities and individuals, including Merced RDA, of known risks, spills, releases, and/or leaks, and/or failed to undertake reasonable, appropriate, or necessary action to reduce, remediate, or abate MTBE and/or TBA groundwater contamination.

(e) Defendants and their agents negligently overfilled gasoline delivery systems with gasoline containing MTBE and/or TBA, and/or spilled or released it at gasoline facilities near Merced RDA's project area.

(f) When Defendants learned, or reasonably should have learned, that MTBE and/or TBA were persistent, significant, and/or widespread sources of groundwater

contamination, or threatened to be so, Defendants failed to warn the appropriate entities and individuals, including Merced RDA, of known risks, spills, releases, and/or leaks, and/or failed to undertake reasonable, appropriate, or necessary action to reduce, remediate, or abate MTBE and/or TBA groundwater contamination.

59. Defendants had actual control over Merced gasoline stations through a variety of means, including, but not limited to, written agreements, inspection rights, prescribing certain procedures and operating practices, sale of branded goods, agreements obligating the respective owners and/or operators to acquire, store, and sell gasoline containing MTBE and/or TBA, and training. Therefore, Defendants had actual control over the Merced gasoline stations with leaking gasoline delivery systems and/or were vicariously liable for the acts and conduct of the owners and operators of those stations.

60. The MTBE and TBA contamination of Merced RDA's project area has varied and will vary over time and requires investigation, remediation, abatement, and/or treatment. The Merced RDA has engaged, or will engage, in remediation, abatement, investigation, and/or treatment programs, and thereby has sustained, is sustaining, and will sustain, the damages alleged herein.

61. For the reasons alleged herein, Merced RDA is entitled to an award of exemplary damages against defendants Chevron, Shell, Exxon Mobil, Exxon, Conoco, Tosco, Equilon, and DOES 1 through 50. After the completion of additional investigation and discovery, Merced RDA may seek leave of court to amend this complaint to allege a claim for exemplary damages against additional defendants if warranted by the facts.

## FIFTH CAUSE OF ACTION

### (Nuisance Against All Defendants)

62. Merced RDA refers to paragraphs 1 through 61 above, and by this reference incorporates them into this cause of action as though fully set forth herein.

63. The negligent, reckless, intentional, and ultrahazardous activity of Defendants, and each of them, as alleged herein, has resulted in the contamination and pollution of and threats to Merced RDA's project area and thereby constitutes a nuisance. The contamination, pollution, and

threats to Merced RDA's project area from gasoline containing MTBE and/or TBA is a public nuisance as defined in Civil Code section 3479, Civil Code section 3480, Health and Safety Code section 5410, and Water Code section 13050, as it is injurious to health, indecent, and offensive to the senses and has substantially interfered with and obstructed Merced RDA's project area and property rights.

64. The Defendants' negligent failure to warn that:

    (a)    MTBE and TBA are more soluble, mobile, and persistent than other components of conventional gasoline and, therefore, have a unique and greater potential to contaminate groundwater and drinking water supplies;

    (b)    special precautions should be taken to prevent, contain, limit, detect, and cleanup releases of gasoline containing MTBE and TBA;

    (c)    gasoline delivery systems should be upgraded and improved to prevent releases of gasoline containing MTBE;

    (d)    any release of MTBE and TBA must be detected and remediated as soon as possible to avoid contamination of wells and drinking water;

    (e)    handling gasoline containing MTBE and TBA in the same manner as conventional gasoline can cause environmental contamination which is difficult and expensive to cleanup; and

    (f)    even small spills of gasoline containing MTBE (including a cup spilled on the pavement by the customer) can cause environmental contamination if it is not promptly cleaned up;

was a substantial factor in the creation of the nuisance.

65. Merced RDA owns and holds property rights and interests damaged by the nuisance. Merced RDA's injury is separate and distinct from that of the public.

66. Merced RDA has not consented to and does not consent to this nuisance. Defendants, and each of them, knew, or should have known, that Merced RDA would not consent to this nuisance.

67. As a direct and proximate result of the nuisance, Merced RDA has been damaged and

1 is entitled to the compensatory and exemplary damages alleged herein, or to such other
2 appropriate relief as Merced RDA may elect at trial, including, but not limited to, equitable relief
3 in the form of an order requiring the Defendants to abate the nuisance injuring Merced RDA and
4 the project area.

## PRAYER

WHEREFORE, the City of Merced Redevelopment Agency requests judgment against Defendants, and each of them, for:

1. Compensatory damages according to proof;

2. Exemplary damages in an amount sufficient to punish defendants Chevron, Shell, Exxon Mobil, Exxon, Conoco, Tosco, Equilon, and DOES 1 through 50, inclusive, and to deter those defendants from ever committing the same or similar acts;

3. An Order declaring that the Defendants have created a nuisance, and compelling Defendants to abate that nuisance;

4. Pursuant to Civil Code section 1882.2, three times the amount of actual damages, plus the cost of the suit and reasonable attorneys' fees;

5. Reasonable attorneys' fees, pursuant to Code of Civil Procedure section 1021.5 or otherwise, and costs incurred in prosecuting this action, and prejudgment interest to the full extent permitted by law; and

6. Such and other further relief as the court may deem just and proper.

Dated: April 3, 2008

MILLER, AXLINE & SAWYER
A Professional Corporation

By: _____
DUANE C. MILLER
Attorneys for Plaintiff