# EXHIBIT B

1  WILLIAM D. TEMKO (State Bar No. 098858)
   William.Temko@mto.com
2  WESLEY T. SHIH (State Bar No. 233531)
   Wesley.Shih@mto.com
3  MUNGER, TOLLES & OLSON LLP
   355 South Grand Ave., 35th Floor
4  Los Angeles, California  90071-1560
   Telephone:  (213) 683-9100
5  Facsimile:  (213) 687-3702

6  PATRICK J. CAFFERTY, JR (State Bar No. 103417)
   Patrick.Cafferty@mto.com
7  HOJOON HWANG (State Bar No. 184950)
   Hojoon.Hwang@mto.com
8  MUNGER, TOLLES & OLSON  LLP
   560 Mission Street, 27th Floor
9  San Francisco, CA 94105-2907
   Telephone:  (415) 512-4000
10 Facsimile:  (415) 512-4077

11 Attorneys for Defendants
   SHELL OIL COMPANY AND EQUILON
12 ENTERPRISES LLC

13

14                 UNITED  STATES  DISTRICT  COURT

15             EASTERN  DISTRICT  OF  CALIFORNIA

16

17 CITY OF MERCED REDEVELOPMENT      )   Case No.
   AGENCY,                          )
18                                  )   [Merced County Superior Court Case No.
                 Plaintiff,         )   151145]
19                                  )
          v.                        )   NOTICE OF REMOVAL
20                                  )
   EXXON MOBIL CORPORATION; EXXON   )
21 CORPORATION; CHEVRON U.S.A. INC.; )
   CONOCOPHILLIPS COMPANY, F/K/A    )
22 PHILLIPS PETROLEUM COMPANY,      )
   INDIVIDUALLY AND AS SUCCESSOR-   )
23 IN-INTEREST BY MERGER TO TOSCO   )
   CORPORATION; SHELL OIL COMPANY;  )
24 KINDER MORGAN ENERGY PARTNERS,   )
   L.P.; EQUILON ENTERPRISES LLC; SFPP, )
25 L.P.; TESORO CORPORATION; TESORO )
   REFINING AND MARKETING COMPANY   )
26 and DOES 1 THROUGH 200, inclusive, )
                                    )
27                Defendants.       )
   _____ )

28

5094399.3                                      NOTICE OF REMOVAL

1

**NOTICE OF REMOVAL**

2

TO THE HONORABLE JUDGE OF THIS COURT:

3      The undersigned defendants ("Defendants"), by their attorneys and pursuant to the Energy

4  Policy Act of 2005, Pub. L. 109-58, Title XV, § 1503, Aug. 8, 2005, 119 Stat. 1076, 42 U.S.C. §

5  7545 (nt), and 28 U.S.C. § 1446, file their Notice of Removal of this action captioned as *City of*

6  *Merced Redevelopment Agency v. Exxon Mobil Corporation , et al.*, Case No. 151145, from the

7  Superior Court of the State of California in and for the County of Merced, to the United States

8  District Court for the Eastern District of California.  The basis for removal is as follows:

9      1.      On April 7, 2008, Plaintiff City of Merced Redevelopment Agency ("Merced

10  RDA" or "Plaintiff") filed this action in the Merced Superior Court.  A copy of the Complaint is

11  attached hereto as Exhibit 1.  A copy of all other "process, pleadings, and orders" in the

12  underlying action are attached hereto as Exhibit 2.  *See* 28 U.S.C. § 1446(a).

13      2.      Defendants remove this action on the basis of the Energy Policy Act of 2005,

14  which includes an express provision allowing for the removal of claims and legal actions related

15  to allegations involving actual or threatened contamination of methyl tertiary butyl ether

16  ("MTBE") to the appropriate United States District Court.  This law was enacted on August 8,

17  2005.  *See* 42 U.S.C. §§ 7545, *et seq.,* Pub.L. 109-58, Title XV, § 1503.  Removal is appropriate

18  here pursuant to the Energy Policy Act because, as described in greater detail below, Plaintiff's

19  claims relate to alleged MTBE contamination.

20      3.      This Notice of Removal is filed in the District Court of the United States for the

21  district in which this suit was filed.

22      4.      No Defendant was served prior to April 22, 2008.  Accordingly, this Notice of

23  Removal is filed within the time frame provided by 28 U.S.C. § 1446(b).

24      5.      All Defendants have joined in this Notice or otherwise consented to this removal.

25  For obvious reasons, the law is clear that fictitious or non-existent parties, including Doe

26  defendants, are not required to join in or consent to the removal.[1]

27  ---

[1] *United Computer Sys., Inc. v. AMT Corp.*, 298 F.3d 756, 762 (9th Cir. 2002) ("nominal"

28  defendants need not consent to removal); *Steel Valley Auth. V. Union Switch & Signal Div.*, 809

(Footnote Cont'd on Following Page)

1   6.   Pursuant to the requirements of 28 U.S.C. § 1446(d), Defendants will promptly file

2   a copy of this Notice of Removal with the Clerk of the Superior Court in and for the County of

3   Merced, where the action was originally filed.  Defendants have also served Plaintiff with this

4   Notice of Removal.

5   **ALLEGATIONS OF PLAINTIFF'S COMPLAINT**

6   7.   The plaintiff, City of Merced Redevelopment Agency ("Merced RDA" or

7   "Plaintiff") is a California state agency charged with the power to alter, improve, reconstruct,

8   rehabilitate, modernize, and clean property located in the Merced Redevelopment Project Area

9   ("project area").  (Exhibit 1, ¶1)  Plaintiff alleges that the named defendants, corporate members

10  of the gasoline industry, are responsible for the costs and damages relating to the presence and

11  abatement of gasoline and MTBE located in or about the project area.  (*Id.*, ¶¶3-15).  Plaintiff's

12  causes of action are based on state statutory and common law.  (*Id.*, ¶¶32-67).

13  8.   Plaintiff further alleges that Defendants, *inter alia*, supplied gasoline containing

14  MTBE to stations in Merced from 1992 to at least 2002, such that releases of gasoline to the

15  subsurface contaminated and polluted the project area.  (Exhibit 1, ¶15).  Plaintiff also brings

16  allegations that Defendants, *inter alia*, sold and distributed MTBE; owned and operated gasoline

17  delivery systems in areas affecting the project area; and failed to take the appropriate remedial

18  action to abate MTBE that escaped from gasoline delivery systems.  (*Id.*).

19  9.   The Complaint also contains specific allegations that Defendants concealed or

20  failed to disclose their knowledge that MTBE would contaminate soil and groundwater in

21  particular.  (Exhibit 1, ¶¶24-25).  Additionally, Plaintiff contends that Defendants chose not to

22  take precautions in light of their knowledge of the possibility of discharges of MTBE into the soil

23  and groundwater.  (*Id.*, ¶¶26-27).

24  10.   Plaintiff brings one statutorily based cause of action—cost recovery under the

25  Polanco Redevelopment Act (California Health & Safety Code §§ 33459-33459.8).  (Exhibit 1,

26  _____

(Footnote Cont'd From Previous Page)

27  F.2d 1006, 1009 n.2 (3d Cir. 1987) ("nominal" parties are disregarded in determining whether all defendants consent to removal).

28

NOTICE OF REMOVAL

1   ¶¶32-34).  Plaintiff also brings state common law causes of action for products liability,

2   negligence, trespass, and nuisance.  (*Id.*, ¶¶35-67).  All causes of action are based on the harm

3   allegedly caused by the presence of MTBE in the soil and groundwater within the project area.

4   (*Id.*, ¶¶35-67).

5                                    **JURISDICTION AND BASIS FOR REMOVAL**

6             11.      Defendants remove this case on the basis of the Energy Policy Act of 2005, which

7   specifies that "Claims and legal actions filed after the date of enactment of this Act [Aug. 8,

8   2005] related to allegations involving actual or threatened contamination of methyl tertiary butyl

9   ether (MTBE) may be removed to the appropriate United States district court."  Pub.L. 109-58,

10  Title XV, § 1503, Aug. 8, 2005, 119 Stat. 1076.  As this action was filed on April 7, 2008 and

11  includes allegations regarding MTBE contamination, this action is properly removed under the

12  Energy Policy Act.

13            12.      In addition to the jurisdiction over the claims against Defendants, as set forth

14  above, this Court has supplemental jurisdiction over the remainder of the state court claims

15  pursuant to 28 U.S.C. § 1367.

16            WHEREFORE, Defendants hereby remove to this Court the action captioned *City of*

17  *Merced Redevelopment Agency v. Exxon Mobil Corporation, et al.*, Case No. 151145 from the

18  Superior Court of the State of California in and for the County of Merced.

19

20  Dated:  May 21, 2008                                    MUNGER, TOLLES & OLSON LLP

21

22

23                                                  By:  /s/
                                                         _____
                                                         PATRICK J. CAFFERTY, JR
24                                                       Attorneys for Defendants Shell Oil
                                                         Company and Equilon Enterprises LLC
25

26

27

28

5094399.3                                      - 4 -

# Exhibit 1

1 | Duane C. Miller, #57812
Michael D. Axline, #229840
2 | A. Curtis Sawyer, Jr., #101324
Tracey L. O'Reilly, #206230
3 | Tamarin E. Austin, #207903
Evan Eickmeyer, #166652
4 | Daniel Boone, #148841
**MILLER, AXLINE & SAWYER**
5 | A Professional Corporation
1050 Fulton Avenue, Suite 100
6 | Sacramento, CA  95825-4225
Telephone:  (916) 488-6688
7 | Facsimile:  (916) 488-4288

8 | Gregory G. Diaz, City Attorney, #156318
Jeanne E. Schechter, Chief Deputy City Attorney, #149457
9 | M. Steven Wang, Deputy City Attorney III, #191168
City of Merced
10 | **OFFICE OF THE CITY ATTORNEY**
678 West 18th Street
11 | Merced, CA  95340
Telephone:  (209) 385-6868
12 | Facsimile:  (209) 723-1780

13 | Attorneys for Plaintiff
City of Merced Redevelopment Agency

Exempt from Filing Fee
[Govt. Code, § 6103]

14 |
15 | SUPERIOR COURT OF THE STATE OF CALIFORNIA
16 | IN AND FOR THE COUNTY OF MERCED

17 | CITY OF MERCED REDEVELOPMENT AGENCY,    )  CASE NO.  **151145**
   )
18 |                Plaintiff,                )  **COMPLAINT FOR DAMAGES AND OTHER**
   )  **RELIEF FOR:**
19 |        v.                                )
   )  **(1) COST RECOVERY UNDER THE**
20 | EXXON MOBIL CORPORATION;               )     **POLANCO REDEVELOPMENT ACT;**
   EXXON CORPORATION; CHEVRON           )  **(2) PRODUCTS LIABILITY;**
21 | U.S.A. INC.; CONOCOPHILLIPS            )  **(3) NEGLIGENCE;**
   COMPANY, F/K/A PHILLIPS               )  **(4) TRESPASS;  AND**
22 | PETROLEUM COMPANY,                     )  **(5) NUISANCE**
   INDIVIDUALLY AND AS SUCCESSOR-        )
23 | IN-INTEREST BY MERGER TO TOSCO         )
   CORPORATION ;  SHELL OIL              )
24 | COMPANY;  KINDER MORGAN               )
   ENERGY PARTNERS, L.P.;  EQUILON       )
25 | ENTERPRISES LLC;  SFPP, L.P.;          )
   TESORO CORPORATION;  TESORO           )
26 | REFINING AND MARKETING                 )
   COMPANY;  and DOES 1 THROUGH          )
27 | 200, inclusive,                         )
   )
28 |                Defendants.              )
   )

---

1

Complaint for Damages and Other Relief

1    Plaintiff City of Merced Redevelopment Agency hereby alleges as follows:

2                                    **I. PLAINTIFF.**

3    1. Plaintiff City of Merced Redevelopment Agency ("Merced RDA" or "plaintiff") is an

4    "agency" within the meaning of California Health and Safety Code section 33003, with the power

5    to sue under Health and Safety Code section 33125, subdivision (a), and charged with the

6    statutory power to alter, improve, reconstruct, rehabilitate, modernize, and clean up property in the

7    blighted Merced Redevelopment Project Area ("project area") in the interests of the health, safety,

8    and general welfare of the people.  Generally, plaintiff alleges and contends that each of the

9    named and DOE defendants is legally responsible for the costs and damages relating to the

10   presence and abatement of gasoline, hydrocarbons, and MTBE located in or about the project area

11   which blight the project area, adversely impact the use of the project area, depreciate or stagnate

12   property values, and adversely affect the interests of the health, safety, and welfare of the people.

13   2. Environmental investigation and testing of the project area determined that the

14   redevelopment area was contaminated with gasoline, hydrocarbons, and MTBE.

15                                   **II. DEFENDANTS.**

16   3. The defendants in this action are corporate members of the gasoline industry.  As

17   described below, defendants (other than Kinder Morgan and SFPP) sold gasoline containing

18   MTBE and/or TBA to Merced gasoline stations that released gasoline containing MTBE and/or

19   TBA into the environment.  Gasoline containing MTBE and/or TBA has contaminated, polluted,

20   and threatened, and continues to contaminate, pollute, and threaten, the Merced RDA project area.

21   4. When this complaint refers to any act or omission of the defendants, such reference

22   shall be deemed to mean that the officers, directors, agents, employees, or representatives of the

23   defendants committed or authorized such act or omission, or failed to adequately supervise or

24   properly control or direct their employees while engaged in the management, direction, operation,

25   or control of the affairs of defendants, and did so while acting within the scope of their

26   employment or agency.

27   5. Defendant Chevron U.S.A. Inc. ("Chevron") is a Pennsylvania corporation whose

28   corporate headquarters and principal place of business is in San Ramon, California.

Complaint for Damages and Other Relief

1     6. Defendant Shell Oil Company ("Shell") is a Delaware corporation doing business in

2 California.

3     7. Defendant Exxon Mobil Corporation ("Exxon Mobil") is a New Jersey corporation

4 doing business in California. Plaintiff is informed and believes that Exxon Mobil was formed on

5 or about November 30, 1999, as a result of a merger of Mobil Corporation and Exxon

6 Corporation, and is a successor-in-interest to Exxon Corporation and Mobil Corporation.

7     8. Defendant Exxon Corporation ("Exxon") is a New Jersey corporation doing business in

8 California.

9     9. Defendant Kinder Morgan Energy Partners, L.P. ("Kinder Morgan"), is a Delaware

10 limited partnership doing business in California.

11     10. Defendant SFPP, L.P. ("SFPP"), is a Delaware limited partnership doing business in

12 California.

13     11. Defendant ConocoPhillips Company, f/k/a Phillips Petroleum Company, individually

14 and as successor-in-interest by merger to Tosco Corporation ("Conoco"), is a Delaware

15 corporation doing business in California. Plaintiff is informed and believes that ConocoPhillips

16 Company is the successor in interest to Tosco Corporation.

17     12. Defendant Equilon Enterprises LLC ("Equilon") is a Delaware Limited Liability

18 Company doing business in California. Plaintiff is informed and believes that Equilon Enterprises

19 LLC was a joint venture formed in July 1997, as the successor-in-interest to certain Shell- and

20 Texaco-branded retail gasoline stations and sold branded gasoline. Shell owned 56% of the joint

21 venture.

22     13. Defendant Tesoro Corporation ("Tesoro") is a Delaware corporation doing business in

23 California.

24     14. Defendant Tesoro Refining and Marketing Company ("TRMC") is a Delaware

25 corporation doing business in California.

26     15. Defendants Chevron, Shell, Exxon Mobil, Exxon, Kinder Morgan, SFPP, Conoco,

27 Equilon, Tesoro, TRMC, and DOES 1 through 200 will be collectively referred to hereafter as the

28 "Defendants." The Defendants, and each of them, supplied their branded gasoline containing

1 MTBE and/or TBA, from 1992 to at least 2002, to stations in Merced, such that releases of

2 gasoline to the subsurface contaminated and polluted the Merced RDA's project area.  Among

3 other things, these Defendants:  (1) sold, promoted, marketed, distributed, transported, and/or

4 exchanged gasoline containing MTBE and/or TBA, which is contaminating, polluting, and

5 threatening Merced RDA's project area;  (2) owned, operated, and/or controlled gasoline delivery

6 systems including, but not limited to, gasoline stations, gasoline storage, transfer, delivery, and

7 dispensing systems (collectively herein "gasoline delivery systems") in areas affecting Merced

8 RDA's project area;  (3) were legally responsible for and committed each of the multiple tortious

9 and ongoing wrongful acts alleged in this complaint;  (4) negligently constructed, installed,

10 fabricated, owned, operated, controlled, inspected, and/or repaired gasoline delivery systems

11 and/or pipelines from which MTBE and/or TBA is contaminating, polluting, and threatening

12 Merced RDA's project area;  (5) negligently and/or intentionally failed and refused to take

13 appropriate remediation action to abate MTBE and/or TBA plumes when MTBE and/or TBA

14 escaped from the gasoline delivery systems;  and (6) in doing the tortious and wrongful acts

15 alleged in this complaint, acted in the capacity of aider, abettor, joint-venturer, partner, agent,

16 principal, successor-in-interest, surviving corporation, controller, alter-ego, licensee, licensor,

17 patent holder, and/or indemnitor of each of the remaining DOE and named defendants.

18       **III.  ALLEGATIONS APPLICABLE TO ALL CAUSES OF ACTION.**

19     **A.**     **The Contaminants:  MTBE and TBA.**

20     16.  MTBE is an additive to gasoline.  Wherever referred to in this complaint, MTBE

21 means not only methyl tertiary butyl ether, but also the contaminants in commercial grade MTBE.

22     17.  TBA is present in some gasoline.  TBA is a gasoline constituent, an impurity in

23 commercial grade MTBE, and a degradation or breakdown product of MTBE.

24     18.  MTBE and TBA contaminate the environment through leaks and spills from gasoline

25 delivery systems.  Once released to the environment, MTBE and TBA are more mobile, soluble,

26 and persistent than other gasoline constituents that have historically been of environmental and/or

27 toxicological concern, specifically the "BTEX compounds" (benzene, toluene, ethylbenzene, and

28 xylene).  MTBE and TBA spread farther and faster than other components of gasoline, and are

1   difficult and costly to remove from groundwater and drinking water supplies.

2       **B.**    <u>**Regulatory Standards Applicable to MTBE and TBA.**</u>

3       19.  No federal or state agency has approved either MTBE or TBA as an additive to

4   drinking water.  No federal or state agency has approved releasing MTBE or TBA into

5   groundwater.  No federal or state agency has ever required that gasoline contain MTBE and/or

6   TBA.

7       20.  Along with its other properties, MTBE can render water supplies undrinkable by

8   changing the taste and odor of water into a foul smelling liquid with a turpentine odor and

9   chemical taste unfit for human consumption.  The State of California established a secondary

10  maximum contaminant level ("MCL") for MTBE of 5 parts per billion ("ppb").  This means that

11  the law prohibits using water containing MTBE at or above this level in public drinking water

12  because of MTBE's aesthetic properties.  Many individuals, however, can smell and taste MTBE

13  in water, even when the concentration of MTBE is less than 1 ppb.

14      21.  MTBE also presents a significant public health threat.  Because of MTBE's potential

15  for causing cancer, the State of California has established a primary (health) MCL for MTBE of

16  13 ppb.  This means that the law prohibits using water containing MTBE at or above this level in

17  public drinking water because of MTBE's threat to public health.

18      22.  TBA also presents a significant threat to public health.  The State of California has set

19  an action level for TBA of 12 ppb in water, based on an interim assessment performed by the

20  California Office of Environmental Health Hazard Assessment.  The interim assessment

21  concluded that exposure to TBA at levels above 12 ppb in water creates an unacceptable public

22  health risk of cancer.

23      23.  California Governor Gray Davis ordered state agencies to phase out MTBE use in

24  motor fuel in California, and to achieve 100% removal no later than December 31, 2003.

25  Eighteen states, including California, have either banned or are phasing out the use of MTBE in

26  gasoline.

27      **C.**    <u>**Defendants' Promotion of MTBE and TBA.**</u>

28      24.  The Defendants promoted the use of gasoline containing MTBE and/or TBA by

1 claiming that it was environmentally beneficial and would improve air quality. At the same time,

2 Defendants concealed and/or failed to disclose that MTBE would contaminate groundwater and

3 render it not potable.

4    25. The widespread problems of leaking gasoline delivery systems were well known to

5 the Defendants prior to the introduction of MTBE and TBA. At least as early as the mid-1960's

6 these Defendants knew, or reasonably should have known, that gasoline delivery systems

7 frequently leak and release gasoline into the environment, including into groundwater.

8    26. Despite knowing that a substantial percentage of Merced gasoline stations would

9 utilize gasoline storage and distribution facilities which were inadequate and leaking, and without

10 taking reasonable, appropriate, or special measures to monitor, detect, and respond to releases of

11 MTBE and/or TBA to soil and/or groundwater, and without taking reasonable, appropriate, or

12 special precautions to investigate, contain, and cleanup releases of these compounds, and despite

13 the availability of reasonable alternatives (including adequate warnings), Defendants chose not to

14 warn customers, retailers, environmental consultants, regulators, or public officials, including the

15 Merced RDA. At all times, Defendants represented to purchasers of MTBE, TBA, and/or

16 gasoline containing MTBE and/or TBA, as well as to the public and government agencies, that

17 such products were environmentally sound and appropriate for distribution, sale, and use. Indeed,

18 Defendants represented that gasoline containing MTBE could be handled the same as ordinary

19 gasoline, and required no special measures to protect against or respond to suspected releases to

20 the subsurface.

21    27. The Defendants further exacerbated the situation by, among other things, negligently,

22 carelessly, recklessly, and/or intentionally failing to: (1) prevent leaks of MTBE and/or TBA

23 through the use of appropriate technology; (2) install and maintain gasoline delivery systems that

24 prevent leaks and facilitate prompt detection and containment of any leaks; (3) monitor and

25 discover leaks as soon as possible; (4) warn those who may be injured as a result of the leak(s);

26 and (5) clean up and abate MTBE and/or TBA spill(s) as thoroughly and as soon as reasonably

27 possible and in a manner necessary to prevent harm and injury.

28    28. Plaintiff is informed the Defendants exercised control over use of gasoline containing

1  MTBE and/or TBA through a variety of means, including written agreements, inspection rights,

2  prescribing certain procedures and operating practices, training, sale of branded goods, and

3  agreements obligating the users of MTBE and/or TBA to acquire, store, and sell gasoline

4  containing MTBE and/or TBA.  Therefore, the Defendants had actual control over leaking

5  gasoline delivery systems and/or were vicariously liable for the acts, omissions, and conduct of

6  the owners and operators of Merced gasoline stations and pipelines which released MTBE into the

7  environment.

8      29.  The Defendants further advised consultants who conduct environmental investigations

9  and cleanups that gasoline with MTBE could be remediated using the same practices and

10  procedures used for conventional gasoline.

11      30.  Gasoline containing MTBE and/or TBA was released from gasoline delivery systems

12  in Merced until at least 1997 from gasoline retail stations and, Plaintiff is informed, a pipeline

13  operated by Defendants Kinder Morgan and SFPP.  Over time, MTBE and TBA migrated down to

14  groundwater and, after several years elapsed, traveled to the project area causing pollution,

15  contamination, and interference with the Merced RDA's project area.  This appreciable injury and

16  damage occurred for the first time in July 2006, when the Regional Water Quality Control Board

17  determined that the parties responsible for releases at 1415 "R" Street and 1455 "R" Street in

18  Merced were not taking appropriate and timely action to abate the plume, and the Merced RDA

19  was asked to manage the project.

20      31.  The City of Merced Redevelopment Agency seeks compensatory damages needed to

21  investigate, remediate, and remove gasoline, hydrocarbons, MTBE and/or TBA contamination,

22  and for past, present, and future remediation, and/or investigation costs incurred in or after August

23  2006.

24                    **FIRST CAUSE OF ACTION**

25          **(Cost Recovery under the Polanco Redevelopment Act)**

26      32.  Merced RDA refers to paragraphs 1 through 31 above, and by this reference

27  incorporates them into this cause of action as though fully set forth herein.

28      33.  Prior to the commencement of ths action Plaintiff served all legally required notices

1  under the Polanco Redevelopment Act (Health & Saf. Code, §§ 33459-33459.8) ("Polanco Act")

2  on each of the Defendants.  None of the Defendants submitted a proposed remedial action plan or

3  took any other action as required by the Polanco Act;  instead, some Defendants denied that they

4  had any responsibility to remediate the project area.  At all times relevant herein, Defendants, and

5  each of them, have failed and refused to remediate the gasoline and MTBE contamination

6  described herein.

7      34.  As a direct result of the Defendants' acts alleged in this Complaint, the project area,

8  including soil, groundwater, and improvements, has been contaminated, and will continue to be

9  contaminated with gasoline, hydrocarbons, MTBE, and TBA which create a public health hazard

10  unless abated.  As a direct and proximate result thereof, plaintiff must initiate a remedial program

11  to assess, evaluate, investigate, monitor, remove, clean up, correct, and abate such contamination

12  in the project area and to restore the project area at significant expense, loss, and damage.  Costs

13  incurred within the past three years of the filing of the Complaint, or that are to be incurred in the

14  future, include:  loss of use of property, loss of tax revenues, property damage, restoration costs

15  incurred within the past three years of the filing of the Complaint or that are to be incurred in the

16  future, delay damages, property devaluation, interim and permanent remedial measures to control

17  releases and potential releases of gasoline, hydrocarbons, MTBE, and TBA, cleanup costs,

18  potential installation and maintenance of interceptor wells, and water treatment facilities, all in an

19  amount to be proved at trial.

20                     **SECOND CAUSE OF ACTION**

21                        **(Products Liability)**

22      35.  Merced RDA refers to paragraphs 1 through 34 above, and by this reference

23  incorporates them into this cause of action as though fully set forth herein.

24      36.  Defendants formulated, manufactured, compounded, refined, provided product

25  information and/or instructions for use, promoted, marketed, distributed, transported, exchanged,

26  and/or sold gasoline containing MTBE.

27      37.  Defendants, and each of them, represented, asserted, claimed, and warranted that

28  gasoline containing MTBE could be used in the same manner as gasoline not containing these

---

8

Complaint for Damages and Other Relief

1  compounds, and/or that gasoline containing MTBE did not require any different or special

2  handling or precautions.

3      38. Defendants, and each of them, knew that said product(s) were to be purchased and

4  used without inspection for defects.

5      39. MTBE, and gasoline containing MTBE, are defective products because, among other

6  things:

7      (a)   The design of these products was defective;

8      (b)   The benefits of using MTBE in gasoline, if any, are greatly outweighed by the

9            associated costs and negative impacts imposed on society, consumers, and the

10           environment, and on groundwater used for public water supplies within the Merced

11           RDA;

12     (c)   They cause extensive groundwater contamination by MTBE even when used in

13           their foreseeable and intended manner;

14     (d)   Even at extremely low levels, MTBE renders drinking water putrid, foul, and unfit

15           for purveying as drinking water to the public, and TBA also renders drinking water

16           unfit for purveying as drinking water to the public;

17     (e)   MTBE and TBA pose significant threats to the public health and welfare;

18     (f)   The Defendants failed to provide adequate warnings of the known and foreseeable

19           risks of MTBE and/or gasoline containing MTBE, including, but not limited to,

20           groundwater contamination with MTBE;

21     (g)   The Defendants failed to conduct reasonable, appropriate, or adequate scientific

22           studies to evaluate the environmental fate and transport and potential human health

23           effects of MTBE;  and

24     (h)   Commercial grade MTBE is defectively manufactured when it contains

25           unnecessary but environmentally harmful impurities such as TBA.

26     40. MTBE and/or gasoline containing MTBE were used in a manner in which they were

27  foreseeably intended to be used, and as a proximate result of the defects previously described,

28  MTBE directly and proximately caused the Merced RDA to sustain the injuries and damages set

1    forth in this Complaint within the past three years.

2        41.  As a direct and proximate result of the acts and omissions of the Defendants alleged

3    herein, the Merced RDA has initiated a remedial program to assess, evaluate, investigate, monitor,

4    abate, clean-up, correct, contain, and remove MTBE contamination in the source area and project

5    area, all at significant expense, loss, and damage.

6        42.  As a further direct and proximate result of the acts and omissions of the Defendants

7    alleged in this Complaint, the Merced RDA has and will sustain substantially increased expenses,

8    all to the plaintiff's damage, in an amount within the jurisdiction of this court.  The Merced RDA

9    has and will also incur costs and attorneys' fees in prosecuting this action.  The Merced RDA is

10   entitled to recover all such damages, together with court costs and reasonable attorneys' fees, in

11   this action.

12       43.  Defendants Chevron, Shell, Exxon Mobil, Exxon, Conoco, Tosco, Equilon, and

13   DOES 1 through 50 knew that it was substantially certain that their alleged acts and omissions

14   described above would threaten public health and cause extensive contamination of common

15   water supplies, public drinking water supplies, and property damage.  These defendants

16   committed each of the above described acts and omissions knowingly, willfully, and with

17   oppression, fraud, and/or malice, and with conscious disregard of the health and safety of others,

18   and of plaintiff's rights.

19       44.  This conduct is reprehensible, despicable, and was performed to promote sales of

20   MTBE and/or gasoline containing MTBE in conscious disregard of the known risks of injury to

21   health and property.  Defendants acted with willful and conscious disregard of the probable

22   dangerous consequences of that conduct and its foreseeable impact upon the Merced RDA.

23   Therefore, the Merced RDA requests an award of exemplary damages in an amount sufficient to

24   punish defendants Chevron, Shell, Exxon Mobil, Exxon, Conoco, Tosco, Equilon, and DOES 1

25   through 50.  After the completion of additional investigation and discovery, Merced RDA may

26   seek leave of court to amend this Complaint to allege a claim for exemplary damages against

27   additional defendants if warranted by the facts.

28

## THIRD CAUSE OF ACTION

### (Negligence Against All Defendants)

45.  Merced RDA refers to paragraphs 1 through 44 above, and by this reference incorporates them into this cause of action as though fully set forth herein.

46.  Defendants had a duty to use due care in the sale, labeling, warnings, use, and instructions for use of MTBE and TBA, and gasoline containing MTBE and/or TBA, and gasoline delivery systems.  Defendants Kinder Morgan, SFPP, and Does 48 through 60, inclusive, had a duty to properly operate, maintain, and inspect their pipeline and prevent and clean up releases of gasoline containing MTBE and/or TBA.

47.  Defendants so negligently, carelessly, and/or recklessly sold, handled, labeled, instructed, controlled (or the lack thereof), tested (or the lack thereof), released, spilled, failed to warn, and/or sold gasoline containing MTBE and/or TBA, and/or so negligently, carelessly and recklessly handled, instructed, entrusted, controlled (or the lack thereof), tested (or the lack thereof), released, spilled, failed to warn, dispensed, and/or sold gasoline containing MTBE and/or TBA, and/or so negligently, carelessly, and recklessly dispensed MTBE and/or TBA and/or gasoline containing MTBE and/or TBA into gasoline delivery systems, and/or so negligently, carelessly, and/or recklessly constructed, installed, failed to warn, operated, and/or maintained gasoline delivery systems for use with gasoline containing MTBE and/or TBA, that they breached their duties to plaintiff and directly and proximately caused MTBE and/or TBA to contaminate, pollute, and threaten Merced RDA's project area, resulting in the harm which warrants the award of compensatory and punitive damages as prayed for in this Complaint.

48.  Defendants, and each of them, among other things, negligently, carelessly, and/or recklessly failed to: (1) use appropriate technology to prevent leaks of gasoline containing MTBE and/or TBA;  (2) install and maintain gasoline delivery systems that prevented leaks and facilitated prompt detection and containment of any leaks;  (3) monitor and discover leaks as soon as possible;  (4) warn those who may be injured as a result of the leaks;  (5) warn those who handled MTBE of its properties;  and/or (6) clean up and abate spills of gasoline containing MTBE and/or TBA as thoroughly and as soon as reasonably possible and in a manner necessary to

1  prevent harm and injury.

2      49. Defendants had actual control over the owners and operators of Merced gasoline
3  stations through a variety of means, including, but not limited to, written agreements, inspection
4  rights, prescribing certain procedures and operating practices, training, sale of branded goods, and
5  agreements obligating the respective owners and/or operators to acquire, store, and sell gasoline
6  containing MTBE and/or TBA. Therefore, Defendants had actual control over the owners and
7  operators with leaking gasoline delivery systems and/or were vicariously liable for the acts and
8  conduct of the owners and/or operators.

9      50. Defendants also undertook tank system testing, tank integrity testing, inventory
10 reconciliation, and testing, thereby affirmatively undertaking the duty to prevent releases of
11 gasoline containing MTBE and/or TBA from gasoline delivery systems, but they negligently
12 failed to properly discharge these duties.

13     51. Defendants further undertook to retain consultants to conduct environmental
14 investigations and cleanups, thereby affirmatively undertaking the duty to detect and remediate
15 releases of gasoline containing MTBE and/or TBA from gasoline delivery systems, but they
16 negligently failed to properly discharge these duties.

17     52. Defendants knew, or should have known, that the owners and operators of Merced
18 gasoline stations had leaking gasoline delivery systems with few, if any, containment systems
19 which should have been, but were not, upgraded or repaired. Defendants nonetheless negligently
20 supplied, sold, and/or entrusted gasoline containing MTBE and/or TBA to these owners and
21 operators knowing that MTBE and/or TBA would leak into the soil and contaminate groundwater.

22     53. By their conduct, Defendants, and each of them, among other things, are:

23     (a)   committing, authorizing, aiding, and/or abetting the tampering with property
24           owned and/or used by Merced RDA as a public agency to provide water to its
25           water customers within the meaning of Civil Code section 1882 et seq.;

26     (b)   interfering with Merced RDA's vested water rights;  and

27     (c)   impairing Merced RDA's right to appropriate water whose quality is not
28           diminished.

Complaint for Damages and Other Relief

54.  As a direct and proximate result of Defendants' acts and omissions as alleged herein, Merced RDA has incurred, is incurring, and will continue to incur MTBE and/or TBA investigation, remediation, and abatement costs and expenses required to restore the project area, and other damages, in an amount to be proved at trial.

55.  For the reasons alleged herein, Merced RDA is entitled to an award of exemplary damages against defendants Chevron, Shell, Exxon Mobil, Exxon, Conoco, Tosco, Equilon, and DOES 1 through 50.  After the completion of additional investigation and discovery, Merced RDA may seek leave of court to amend this complaint to allege a claim for exemplary damages against additional defendants if warranted by the facts.

## FOURTH CAUSE OF ACTION

### (Trespass Against All Defendants)

56.  Merced RDA refers to paragraphs 1 through 55 above, and by this reference incorporates them into this cause of action as though fully set forth herein.

57.  Merced RDA is the owner and/or actual possessor of property rights and interests. Defendants, their agents and employees, knew, or in the exercise of reasonable care should have known, that MTBE and TBA and gasoline containing MTBE and/or TBA are extremely hazardous to groundwater and to public water systems, including the property and other rights of the Merced RDA.

58.  The Defendants so negligently, recklessly, and/or intentionally released, spilled, and/or failed to properly control, handle, store, contain, and use gasoline containing MTBE and/or TBA, and/or failed to clean up spills and leaks of gasoline containing MTBE and/or TBA, that they directly and proximately caused MTBE and/or TBA to contaminate Merced RDA's project area as follows:

(a)     The Defendants participated in the use, storage, and release of gasoline containing MTBE and/or TBA by owning, controlling, regulating, constructing, installing, operating, monitoring, inspecting, and testing, or by failing to do so, the gasoline delivery systems and thereby proximately caused gasoline containing MTBE and/or TBA to be released into the environment and groundwater.

Complaint for Damages and Other Relief

(b)   The Defendants negligently provided instructions and/or warnings to their customers and others concerning MTBE and/or TBA, knowing that there was a substantial danger that if their instructions and/or warnings were followed that gasoline containing MTBE and/or TBA dispensed into gasoline delivery systems would escape into the environment and contaminate groundwater and would not be appropriately remediated.

(c)   The Defendants negligently delivered (directly or indirectly) gasoline containing MTBE and/or TBA into gasoline delivery systems which they knew, or should have known, were inadequate, old, leaking, and/or defective, and thereby created a substantial known danger that MTBE and TBA would be released into the environment and contaminate groundwater; and negligently provided instructions and/or warnings to their customers and others concerning MTBE and TBA, knowing that there was a substantial danger that if their instructions and/or warnings were followed that gasoline containing MTBE and/or TBA dispensed into gasoline delivery systems would escape into the environment and contaminate groundwater.

(d)   Defendants retained consultants and negligently controlled and/or directed their cleanup and remediation activities (or the lack thereof) at gasoline station sites, thereby causing and permitting MTBE and/or TBA to contaminate and threaten Merced RDA's project area, and Defendants failed to warn the appropriate entities and individuals, including Merced RDA, of known risks, spills, releases, and/or leaks, and/or failed to undertake reasonable, appropriate, or necessary action to reduce, remediate, or abate MTBE and/or TBA groundwater contamination.

(e)   Defendants and their agents negligently overfilled gasoline delivery systems with gasoline containing MTBE and/or TBA, and/or spilled or released it at gasoline facilities near Merced RDA's project area.

(f)   When Defendants learned, or reasonably should have learned, that MTBE and/or TBA were persistent, significant, and/or widespread sources of groundwater

contamination, or threatened to be so, Defendants failed to warn the appropriate
entities and individuals, including Merced RDA, of known risks, spills, releases,
and/or leaks, and/or failed to undertake reasonable, appropriate, or necessary action
to reduce, remediate, or abate MTBE and/or TBA groundwater contamination.

59.   Defendants had actual control over Merced gasoline stations through a variety of
means, including, but not limited to, written agreements, inspection rights, prescribing certain
procedures and operating practices, sale of branded goods, agreements obligating the respective
owners and/or operators to acquire, store, and sell gasoline containing MTBE and/or TBA, and
training.  Therefore, Defendants had actual control over the Merced gasoline stations with leaking
gasoline delivery systems and/or were vicariously liable for the acts and conduct of the owners
and operators of those stations.

60.   The MTBE and TBA contamination of Merced RDA's project area has varied and
will vary over time and requires investigation, remediation, abatement, and/or treatment.  The
Merced RDA has engaged, or will engage, in remediation, abatement, investigation, and/or
treatment programs, and thereby has sustained, is sustaining, and will sustain, the damages alleged
herein.

61.   For the reasons alleged herein, Merced RDA is entitled to an award of exemplary
damages against defendants Chevron, Shell, Exxon Mobil, Exxon, Conoco, Tosco, Equilon, and
DOES 1 through 50.  After the completion of additional investigation and discovery, Merced
RDA may seek leave of court to amend this complaint to allege a claim for exemplary damages
against additional defendants if warranted by the facts.

### FIFTH CAUSE OF ACTION

### (Nuisance Against All Defendants)

62.   Merced RDA refers to paragraphs 1 through 61 above, and by this reference
incorporates them into this cause of action as though fully set forth herein.

63.   The negligent, reckless, intentional, and ultrahazardous activity of Defendants, and
each of them, as alleged herein, has resulted in the contamination and pollution of and threats to
Merced RDA's project area and thereby constitutes a nuisance.  The contamination, pollution, and

1 threats to Merced RDA's project area from gasoline containing MTBE and/or TBA is a public
2 nuisance as defined in Civil Code section 3479, Civil Code section 3480, Health and Safety Code
3 section 5410, and Water Code section 13050, as it is injurious to health, indecent, and offensive to
4 the senses and has substantially interfered with and obstructed Merced RDA's project area and
5 property rights.

6     64. The Defendants' negligent failure to warn that:

7         (a)    MTBE and TBA are more soluble, mobile, and persistent than other
8               components of conventional gasoline and, therefore, have a unique and
9               greater potential to contaminate groundwater and drinking water supplies;

10         (b)    special precautions should be taken to prevent, contain, limit, detect, and
11               cleanup releases of gasoline containing MTBE and TBA;

12         (c)    gasoline delivery systems should be upgraded and improved to prevent
13               releases of gasoline containing MTBE;

14         (d)    any release of MTBE and TBA must be detected and remediated as soon as
15               possible to avoid contamination of wells and drinking water;

16         (e)    handling gasoline containing MTBE and TBA in the same manner as
17               conventional gasoline can cause environmental contamination which is
18               difficult and expensive to cleanup;  and

19         (f)    even small spills of gasoline containing MTBE (including a cup spilled on
20               the pavement by the customer) can cause environmental contamination if it
21               is not promptly cleaned up;

22 was a substantial factor in the creation of the nuisance.

23     65. Merced RDA owns and holds property rights and interests damaged by the nuisance.
24 Merced RDA's injury is separate and distinct from that of the public.

25     66. Merced RDA has not consented to and does not consent to this nuisance.  Defendants,
26 and each of them, knew, or should have known, that Merced RDA would not consent to this
27 nuisance.

28     67. As a direct and proximate result of the nuisance, Merced RDA has been damaged and

1   is entitled to the compensatory and exemplary damages alleged herein, or to such other

2   appropriate relief as Merced RDA may elect at trial, including, but not limited to, equitable relief

3   in the form of an order requiring the Defendants to abate the nuisance injuring Merced RDA and

4   the project area.

5   **PRAYER**

6       **WHEREFORE**, the City of Merced Redevelopment Agency requests judgment against

7   Defendants, and each of them, for:

8       1.  Compensatory damages according to proof;

9       2.  Exemplary damages in an amount sufficient to punish defendants Chevron, Shell,

10  Exxon Mobil, Exxon, Conoco, Tosco, Equilon, and DOES 1 through 50, inclusive, and to deter

11  those defendants from ever committing the same or similar acts;

12      3.  An Order declaring that the Defendants have created a nuisance, and compelling

13  Defendants to abate that nuisance;

14      4.  Pursuant to Civil Code section 1882.2, three times the amount of actual damages, plus

15  the cost of the suit and reasonable attorneys' fees;

16      5.  Reasonable attorneys' fees, pursuant to Code of Civil Procedure section 1021.5 or

17  otherwise, and costs incurred in prosecuting this action, and prejudgment interest to the full extent

18  permitted by law;  and

19      6.  Such and other further relief as the court may deem just and proper.

20  Dated: April _3_, 2008          **MILLER, AXLINE & SAWYER**
                                    A Professional Corporation

21

22                                  By:
                                    DUANE C. MILLER

23                                  Attorneys for Plaintiff

24

25

26

27

28

17
Complaint for Damages and Other Relief

# Exhibit 2



FILED
MERCED COUNTY

08 APR 25 AM 9: 58

CLERK OF THE SUPERIOR COURT
BY: _____
                        DEPUTY

SUPERIOR COURT OF CALIFORNIA

COUNTY OF MERCED

| | |
|---|---|
| CITY OF MERCED REDEVELOPMENT AGENCY, | Case Nos.: 148451/151145 |
| Plaintiff, | **NOTICE OF CASE MANAGEMENT CONFERENCE** |
| vs. | |
| EXXON MOBIL CORPORATION; EXXON CORPORATION; CHEVERON U.S.A. INC.; CONOCOPHILLIPS COMPANY, F/K/A PHILLIPS PETROLEUM COMPANY, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST BY MERGER TO TOSCO CORPORATION; SHELL OIL COMPANY, KINDER MORGAN ENERGY PARTNERS, L.P.; EQUILON ENTERPRISES LLC; SFPP, L.P.; TESORO CORPORATION; TESORO REFINING AND MARKETING COMPANY; and DOES 1 THROUGH 200, inclusive, | |
| Defendant. | |
| CITY OF MERCED, | |
| Plaintiff, | |
| vs. | |
| CHEVRON U.S.A., INC., SHELL OIL COMPANY; EXXONMOBIL CORPORATION; KINDER MORGAN ENERGY PARTNERS L.P.; EQUILON ENTERPRISES LLC; SFPP, L.P. and DOES 1 THROUGH 200, inclusive, | |
| Defendant. | |

Notice is hereby given that a case management conference in the above-entitled matters will be held on July 24, 2008, at 9:00 a.m. in Courtroom 4 of the above Court. Plaintiff shall complete service of process on all defendants by June 20, 2008 and shall serve all defendants with a copy of this Case Management Conference Notice.

The parties may appear by Court Call or by personal appearance.  The parties are to file a case management statement no later than 10 days prior to the conference addressing all of the following issues:

1.    Appropriateness of consolidation of Case No. 148451 and 151145 for any or all of the following purposes and issues:

    a.  Discovery Regarding liability;

    b.  Discovery regarding damages;

    c.  Trial regarding liability;

    d.  Trial regarding damages;

2.    Pleadings and Parties;

    a.  Deadlines and limits on joinder of parties and for filing amended or additional pleadings;

3.    Feasibility of resolution by mediation and, if so, nomination and appointment of mediator.

4.    Discovery;

    a.  Proposals for preliminary informal discovery orders;

    b.  If any party intends to assert privilege or the need for protective orders regarding any documents, studies, or other anticipated discovery, proposals for protective orders.

    c.  Appointment of Special Master to resolve discovery disputes.

    d.  Proposals regarding early disclosure of experts and completion of expert discovery.

5.  Anticipated law and motion, i.e. any dispositive motions.


6.    Dates for further Case Management.

7.    Trial dates and estimated length of trial.

DATED: April 24, 2008

RONALD W. HANSEN
Judge of the Superior Court

# CLERK'S PROOF OF SERVICE BY MAIL

## (CCP 1012, 1013a (4), 2015.5)

STATE OF CALIFORNIA          )                              Case#:  148451

COUNTY OF MERCED             )

     I am a citizen of the United States of the County aforesaid and a deputy clerk with the California Superior Court of California of Merced County.  I am over the age of eighteen years and not a party to the above-entitled action.  My business address is Superior Court of California County of Merced, Clerk's Office, 2260 N Street, Merced, CA 95340.

     On **April 25, 2008,** I served the within **NOTICE OF CASE MANAGEMENT CONFERENCE** on the following parties in said action, by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid with the United States Postal Service at Merced, California addressed as follows:

| | |
|---|---|
| Duane C. Miller<br>MILLER, AXLINE & SAWYER<br>1050 Fulton Ave., Suite 100<br>Sacramento, CA 95825-4272 | Gregory G. Diaz, City Attorney<br>CITY OF MERCED<br>678 West 18th Street<br>Merced, CA 95340 |
| William D. Temko, Esq.<br>MUNGER, TOLLES & OLSEN LLP<br>355 South Grand Avenue, 35th Floor<br>Los Angles, CA 90071-1560 | Patrick J. Cafferty, Jr., Esq.<br>MUNGER, TOLLES & OLSEN LLP<br>560 Mission Street, 27th Floor<br>San Francisco, CA 94105-2907 |
| Peter A. Strotz, Esq.<br>FILICE, BROWN, EASSA & MECLEOD LLP<br>1999 Harrison Street, Suite 1800<br>Oakland, CA 94612-0850 | Charles C. Correll, Jr., Esq.<br>KING & SPALDING LLP<br>1100 Louisiana Street, Suite 4000<br>Houston, TX 77002 |
| Jeffery J. Parker, Esq.<br>SHEPPARD, MULLIN, RICHTER & HAMPTON LLP<br>333 South Hope Street, 48th Floor<br>Los Angles, CA 90071-1448 | John Lynn Smith, Esq.<br>REED SMITH LLP<br>1999 Harrison, Street, Suite 2400<br>Oakland, CA 94612-3572 |
| Jon D. Anderson, Esq.<br>LATHAM & WATKINS LLP<br>650 Town Center Drive, 20th Floor<br>Costa Mesa, CA 92626-1925 | |

## NOTICE OF CASE MANAGEMENT CONFERENCE

### City of Merced v. Chevron U.S.A., et al. – Case No. 148451

1   I declare under penalty of perjury that the foregoing is true and correct.  Executed on **April 25, 2008,** at

2   Merced, California.

3

4                                                                    Deputy Clerk of Court

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF CASE MANAGEMENT CONFERENCE**
City of Merced v. Chevron U.S.A., et al. – Case No. 148451

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Duane C. Miller, SBN 57812<br>Miller Axline & Sawyer<br>1050 Fulton Ave, Ste. 100<br>Sacramento, CA 95825 | FILED<br>MERCED COUNTY<br>2008 APR 14 PM 4:44<br>CLERK OF THE SUPERIOR<br>BY<br>PATRICIA A. PIETRO<br>DEPUTY |

TELEPHONE NO: 916-488-6688    FAX NO.: 916-488-4288
ATTORNEY FOR *(Name)*: Plaintiff, City of Merced Redevelopment Agency

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Merced
STREET ADDRESS: 2260 N. Street
MAILING ADDRESS: 2260 N. Street
CITY AND ZIP CODE: Merced, CA 95340
BRANCH NAME:

CASE NAME:
City of Merced Redevelopment Agency v. Exxon Mobil Corp., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ✓ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 151145 |
| | | | | JUDGE: |
| | | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
✓ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ✓ is ☐ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ✓ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ✓ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ✓ punitive
4. Number of causes of action *(specify)*: 5
5. This case ☐ is ✓ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 3, 2008
Duane C. Miller
_____
(TYPE OR PRINT NAME)

*Evan Eickmeyer for Duane C. Miller*
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**Amended** CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

WILLIAM D. TEMKO (State Bar No. 098858)
William.Temko@mto.com
WESLEY T. SHIH (State Bar No. 233531)
Wesley.Shih@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Ave., 35th Floor
Los Angeles, California 90071-1560
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

PATRICK J. CAFFERTY, JR (State Bar No. 103417)
Patrick.Cafferty@mto.com
HOJOON HWANG (State Bar No. 184950)
Hojoon.Hwang@mto.com
MUNGER, TOLLES & OLSON  LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105-2907
Telephone: (415) 512-4000
Facsimile: (415) 512-4077

Attorneys for Defendants
SHELL OIL COMPANY AND EQUILON
ENTERPRISES LLC

UNITED  STATES  DISTRICT  COURT

EASTERN  DISTRICT  OF  CALIFORNIA

| | |
|---|---|
| CITY OF MERCED REDEVELOPMENT AGENCY, )<br><br>Plaintiff, )<br><br>v. )<br><br>EXXON MOBIL CORPORATION; )<br>EXXON CORPORATION; )<br>CHEVRON U.S.A. INC.; )<br>CONOCOPHILLIPS COMPANY, )<br>F/K/A PHILLIPS PETROLEUM )<br>COMPANY, INDIVIDUALLY AND )<br>AS SUCCESSOR-IN-INTEREST BY )<br>MERGER TO TOSCO )<br>CORPORATION; SHELL OIL )<br>COMPANY; KINDER MORGAN )<br>ENERGY PARTNERS, L.P.; )<br>EQUILON ENTERPRISES LLC; )<br>SFPP, L.P.; TESORO )<br>CORPORATION; TESORO )   | Case No.  151145<br><br>NOTICE OF REMOVAL |

1  REFINING AND MARKETING        )
   COMPANY and DOES 1 THROUGH   )
2  200, inclusive,              )
3              Defendants.      )
                                )
4                               )
5                               )
6                               )
7                               )
8                               )
9                               )
10                              )
11                              )

12                    **NOTICE OF REMOVAL**

13    TO THE HONORABLE JUDGE OF THIS COURT:

14         The undersigned defendants ("Defendants"), by their attorneys and pursuant to

15  the Energy Policy Act of 2005, Pub. L. 109-58, Title XV, § 1503, Aug. 8, 2005, 119

16  Stat. 1076, 42 U.S.C. § 7545 (nt), and 28 U.S.C. § 1446, file their Notice of Removal

17  of this action captioned as *City of Merced Redevelopment Agency v. Exxon Mobil*

18  *Corporation , et al.*, Case No. 151145, from the Superior Court of the State of

19  California in and for the County of Merced, to the United States District Court for the

20  Eastern District of California.  The basis for removal is as follows:

21         1.     On April 7, 2008, Plaintiff City of Merced Redevelopment Agency

22  ("Merced RDA" or "Plaintiff") filed this action in the Merced Superior Court.  A

23  copy of the Complaint is attached hereto as Exhibit 1.  A copy of all other "process,

24  pleadings, and orders" in the underlying action are attached hereto as Exhibit 2.  *See*

25  28 U.S.C. § 1446(a).

26         2.     Defendants remove this action on the basis of the Energy Policy Act of

27  2005, which includes an express provision allowing for the removal of claims and

28                                    2

5094399.2

1   legal actions related to allegations involving actual or threatened contamination of

2   methyl tertiary butyl ether ("MTBE") to the appropriate United States District Court.

3   This law was enacted on August 8, 2005.  *See* 42 U.S.C. §§ 7545, *et seq.,* Pub.L. 109-

4   58, Title XV, § 1503.  Removal is appropriate here pursuant to the Energy Policy Act

5   because, as described in greater detail below, Plaintiff's claims relate to alleged

6   MTBE contamination.

7         3.     This Notice of Removal is filed in the District Court of the United States

8   for the district in which this suit was filed.

9         4.     No Defendant was served prior to April 22, 2008.  Accordingly, this

10  Notice of Removal is filed within the time frame provided by 28 U.S.C. § 1446(b).

11        5.     All Defendants have joined in this Notice or otherwise consented to this

12  removal.  For obvious reasons, the law is clear that fictitious or non-existent parties,

13  including Doe defendants, are not required to join in or consent to the removal.[1]

14        6.     Pursuant to the requirements of 28 U.S.C. § 1446(d), Defendants will

15  promptly file a copy of this Notice of Removal with the Clerk of the Superior Court

16  in and for the County of Merced, where the action was originally filed.  Defendants

17  have also served Plaintiff with this Notice of Removal.

18           **ALLEGATIONS OF PLAINTIFF'S COMPLAINT**

19        7.     The plaintiff, City of Merced Redevelopment Agency ("Merced RDA"

20  or "Plaintiff") is a California state agency charged with the power to alter, improve,

21  reconstruct, rehabilitate, modernize, and clean property located in the Merced

22  Redevelopment Project Area ("project area").  (Exhibit 1, ¶1)  Plaintiff alleges that

23  the named defendants, corporate members of the gasoline industry, are responsible

24  for the costs and damages relating to the presence and abatement of gasoline and

25

26  [1] *United Computer Sys., Inc. v. AMT Corp.*, 298 F.3d 756, 762 (9th Cir. 2002)
    ("nominal" defendants need not consent to removal); *Steel Valley Auth. V. Union*

27  *Switch & Signal Div.*, 809 F.2d 1006, 1009 n.2 (3d Cir. 1987) ("nominal" parties are
    disregarded in determining whether all defendants consent to removal).

28

               3

1     MTBE located in or about the project area. (*Id.*, ¶¶3-15). Plaintiff's causes of action

2     are based on state statutory and common law. (*Id.*, ¶¶32-67).

3         8.      Plaintiff further alleges that Defendants, *inter alia*, supplied gasoline

4     containing MTBE to stations in Merced from 1992 to at least 2002, such that releases

5     of gasoline to the subsurface contaminated and polluted the project area. (Exhibit 1,

6     ¶15). Plaintiff also brings allegations that Defendants, *inter alia*, sold and distributed

7     MTBE; owned and operated gasoline delivery systems in areas affecting the project

8     area; and failed to take the appropriate remedial action to abate MTBE that escaped

9     from gasoline delivery systems. (*Id.*).

10        9.      The Complaint also contains specific allegations that Defendants

11    concealed or failed to disclose their knowledge that MTBE would contaminate soil

12    and groundwater in particular. (Exhibit 1, ¶¶24-25). Additionally, Plaintiff contends

13    that Defendants chose not to take precautions in light of their knowledge of the

14    possibility of discharges of MTBE into the soil and groundwater. (*Id.*, ¶¶26-27).

15        10.     Plaintiff brings one statutorily based cause of action—cost recovery

16    under the Polanco Redevelopment Act (California Health & Safety Code §§ 33459-

17    33459.8). (Exhibit 1, ¶¶32-34). Plaintiff also brings state common law causes of

18    action for products liability, negligence, trespass, and nuisance. (*Id.*, ¶¶35-67). All

19    causes of action are based on the harm allegedly caused by the presence of MTBE in

20    the soil and groundwater within the project area. (*Id.*, ¶¶35-67).

21                     **JURISDICTION AND BASIS FOR REMOVAL**

22        11.     Defendants remove this case on the basis of the Energy Policy Act of

23    2005, which specifies that "Claims and legal actions filed after the date of enactment

24    of this Act [Aug. 8, 2005] related to allegations involving actual or threatened

25    contamination of methyl tertiary butyl ether (MTBE) may be removed to the

26    appropriate United States district court." Pub.L. 109-58, Title XV, § 1503, Aug. 8,

27    2005, 119 Stat. 1076. As this action was filed on April 7, 2008 and includes

28

1   allegations regarding MTBE contamination, this action is properly removed under the

2   Energy Policy Act.

3        12.    In addition to the jurisdiction over the claims against Defendants, as set

4   forth above, this Court has supplemental jurisdiction over the remainder of the state

5   court claims pursuant to 28 U.S.C. § 1367.

6        WHEREFORE, Defendants hereby remove to this Court the action captioned

7   *City of Merced Redevelopment Agency v. Exxon Mobil Corporation, et al.*, Case No.

8   151145 from the Superior Court of the State of California in and for the County of

9   Merced.

10

11  Dated:  May 20, 2008                    MUNGER, TOLLES & OLSON LLP

12

13

14                                 By: _____
                                       PATRICK J. CAFFERTY, JR
15                                     Attorneys for Defendants Shell
                                       Oil Company and Equilon
16                                     Enterprises LLC

17

18

19

20

21

22

23

24

25

26

27

28

5

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Exxon Mobil Corporation; Exxon Corporation; Chevron U.S.A., Inc.;
"Additional Parties Attachment form attached"

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
City of Merced Redevelopment Agency



*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

C.N. JUAREZ

---

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

---

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Merced County Superior Court<br>627 W. 21st Street<br>Merced, CA 95340 | CASE NUMBER:<br>*(Número del Caso):*<br>**151145** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Duane C. Miller; Miller Axline & Sawyer
1050 Fulton Avenue, Suite 100, Sacramento, CA 95825          (916) 488-6688

DATE: **APR 0 7 2008   KATHLEEN GOETSCH**  Clerk, by _C.N. JUAREZ_ , Deputy
*(Fecha)*                              *(Secretario)*                    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Shell Oil Company

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):* 4/25/08 @ 12:35 p.m.

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. January 1, 2004)

SUMMONS

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc.
www.USCourtForms.com

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| City of Merced Redevelopment Agency v. Exxon Mobil Corp., et al. | |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (*Check only one box. Use a separate page for each type of party.*):

[  ] Plaintiff     [✓] Defendant     [  ] Cross-Complainant     [  ] Cross-Defendant

ConocoPhillips Company, F/K/A Phillips Petroleum Company, individually and as Successor-in-Interest by Merger to Tosco Corporation; Shell Oil Company; Kinder Morgan Energy Partners, L.P.; Equilon Enterprises LLC; SFPP, L.P.; Tesoro Corporation; Tesoro Refining and Marketing Company; and DOES 1 through 200, inclusive.

Page __2__ of __2__

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

American LegalNet, Inc.
www.FormsWorkflow.com

SUM-100

# SUMMONS
## (CITACION JUDICIAL)



FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

NOTICE TO DEFENDANT:
(AVISO AL DEMANDADO):
Exxon Mobil Corporation; Exxon Corporation; Chevron U.S.A, Inc.;
"Additional Parties Attachment form attached"

YOU ARE BEING SUED BY PLAINTIFF:
(LO ESTÁ DEMANDANDO EL DEMANDANTE):
City of Merced Redevelopment Agency

---

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.   If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
    There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.  Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
    Hay otros requisitos legales.  Es recomendable que llame a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.  Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

---

| The name and address of the court is: (El nombre y dirección de la corte es): Merced County Superior Court 627 W. 21st Street Merced, CA 95340 | CASE NUMBER: (Número del Caso): **151145** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Duane C. Miller;  Miller Axline & Sawyer
1050 Fulton Avenue, Suite. 100, Sacramento, CA 95825                    (916) 488-6688

DATE:  APR 0 7 2008   KATHLEEN GOETSCH   Clerk, by _____ C.N. JUAREZ _____, Deputy
(Fecha)                                    (Secretario)                                      (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify):  *Equilon Enterprises, LLC*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☒ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):  4/25/08 @ 12:35 pm

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

## SUMMONS

Code of Civil Procedure §§ 412.20, 465

American LegalNet, Inc.
www.USCourtForms.com

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| City of Merced Redevelopment Agency v. Exxon Mobil Corp., et al. | |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

ConocoPhillips Company, F/K/A Phillips Petroleum Company, individually and as Successor-in-Interest by Merger to Tosco Corporation; Shell Oil Company; Kinder Morgan Energy Partners, L.P.; Equilon Enterprises LLC; SFPP, L.P.; Tesoro Corporation; Tesoro Refining and Marketing Company; and DOES 1 through 200, inclusive.

Page ___2___ of ___2___

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

American LegalNet, Inc.
www.FormsWorkflow.com

POS-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Duane C. Miller<br>Miller Axline & Sawyer<br>1050 Fulton Ave, Ste. 100<br>Sacramento, CA 95825<br>   TELEPHONE NO.: 916-488-6688   FAX NO. (Optional): 916-488-4288<br>E-MAIL ADDRESS (Optional):<br>  ATTORNEY FOR (Name): Plaintiff, City of Merced Redevelopment Agency | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Merced
   STREET ADDRESS: 2260 N. Street
   MAILING ADDRESS: 627 W. 21st Street
   CITY AND ZIP CODE: Merced, CA 95340
   BRANCH NAME:

| | |
|---|---|
| PLAINTIFF/PETITIONER: City of Merced Redevelopment Agency | CASE NUMBER:<br>   151145 |
| DEFENDANT/RESPONDENT: Exxon Mobil Corporation, et al. | |
| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☐ summons
   b. ☐ complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☐ other *(specify documents)*:

3. a. Party served *(specify name of party as shown on documents served)*:

   b. ☐ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:

4. Address where the party was served:

5. I served the party *(check proper box)*
   a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*:   (2) at *(time)*:
   b. ☐ **by substituted service.** On *(date)*:   at *(time)*:   I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:   from *(city)*:   or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| PLAINTIFF/PETITIONER: City of Merced Redevelopment Agency | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Exxon Mobil Corporation, et al. | 151145 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date)*:               (2) from *(city)*:

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section)*:

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐ as an individual defendant
  b. ☐ as the person sued under the fictitious name of *(specify)*:
  c. ☐ as occupant.
  d. ☐ On behalf of *(specify)*:
    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**
  a. Name:
  b. Address:
  c. Telephone number:
  d. The fee for service was: $
  e. I am:
    (1) ☐ not a registered California process server
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☐ a registered California process server:
      (i) ☐ owner ☐ employee ☐ independent contractor
      (ii) Registration No.:
      (iii) County:

8. ☐ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date:

_____   ▶   _____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)       (SIGNATURE )

POS-010 [Rev. January 1, 2007]         **PROOF OF SERVICE OF SUMMONS**        Page 2 of 2

NOTICE OF INCLUSION IN THE COURT'
EARLY MEDIATION PROGRAM,
CASE MANAGEMENT CONFERENCE PROGRAM
AND TRIAL COURT DELAY REDUCTION ACT PROGRAM

SUPERIOR COURT OF CALIFORNIA, COUNTY OF MERCED
2260 "N" Street, Merced, CA 95340

FILED
MERCED COUNTY

2008 APR -7 PM 1: 37

CLERK OF THE SUPERIOR COURT
BY
DEPUTY

*City of Merced Redev. Agency*

File No. **151145**

vs.

*Exxon Mobil Corp, et al.*

NOTICE OF INCLUSION IN THE COURT'S
1. EARLY MEDIATION PROGRAM ("EMP");
2. CASE MANAGEMENT CONFERENCE
   ("CMC") PROGRAM; and
3. TRIAL COURT DELAY REDUCTION
   PROGRAM

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE THAT:

1.       This action is included in the Court's **EARLY MEDIATION PROGRAM ("EMP")**. Parties may opt-out of the EMP, without cause, by written notice to the Court within the first 120 days the action is pending. **PARTIES ARE OTHERWISE TO PAY THE REQUIRED $300 FEE AND MEDIATE THE CASE PRIOR TO THE FIRST SCHEDULED CMC.** Please see the ADR Guide for complete instructions.

2.       A **CASE MANAGEMENT CONFERENCE ("CMC")** in the above action has been scheduled, per Local Rule 4(b)(1)(a), on:

____SEPTEMBER   2____, 2008   at   _____3:00 PM_____   in Room:   ____1202____

Pursuant to Cal. Rules of Court, Rule 3.724, the Parties must **MEET AND CONFER** no later than **30 days prior** to the Case Management Conference. A **CASE MANAGEMENT STATEMENT** shall be filed with the Court no later than **15 days prior** to the Case Management Conference. Parties shall use **Judicial Council form CM-110**, available at the Civil Clerk's Office or at: www.courtinfo.ca.gov. A Temporary Judge will likely be assigned to hear the CMC. You have the **right to object** to having a Temporary Judge hear the CMC; if you intend to object, please do so at the earliest possible time *before the hearing commences*. Otherwise, Parties will be deemed to have consented to having a Temporary Judge hear the CMC.

Parties desiring to appear telephonically at the Case Management Conference ("CMC") shall comply with Cal. Rules of Court, Rule 3.670, Local Rule 4, and are responsible for making timely arrangements with CourtCall, LLC. CourtCall, LLC may be reached at: **(888) 882-6878**. Notices of Telephonic Appearance may be placed on the CMC Statement itself, or may be filed independently with the Court NOT LESS THAN THREE (3) COURT DAYS prior to the Case Management Conference. A Notice of Telephonic Appearance is deemed valid on any continued CMCs.

3.       This action is included in the **TRIAL COURT DELAY REDUCTION ACT PROGRAM**. You are required to comply with Local Rule 4 and California Rules of Court, Rules 3.720-3.730. Merced Superior Court's Local Rules are available at: www.mercedcourt.org.

**Plaintiff must serve this Notice along with the Summons, Complaint and ADR Packet on all parties to this action.** Failure to do so may cause delay to this action.

DATED: ____APR 0 7 2008____

KATHLEEN GOETSCH, COURT EXECUTIVE OFFICER

C.N. JUAREZ

By Deputy of the Superior Court

X:EMP/CMC/DelayNotice