# EXHIBIT C

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
JEFFREY J. PARKER, Cal. Bar No. 155377
WHITNEY JONES ROY, Cal. Bar No. 211541
333 South Hope Street, 48th Floor
Los Angeles, California  90071-1448
Telephone:  213-620-1780
Facsimile:   213-620-1398
jparker@sheppardmullin.com
wroy@sheppardmullin.com

Attorneys for Defendant
EXXON MOBIL CORPORATION

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| CITY OF MERCED REDEVELOPMENT AGENCY, | Case No. 1:08-CV-00714-LJO-GSA |
| Plaintiff, | **DEFENDANT EXXON MOBIL CORPORATION'S ANSWER TO COMPLAINT** |
| v. | |
| EXXON MOBIL CORPORATION; EXXON CORPORATION; CHEVRON U.S.A., INC.; CONOCOPHILLIPS COMPANY, F/K/A PHILLIPS PETROLEUM COMPANY, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST BY MERGER TO TOSCO CORPORATION; SHELL OIL COMPANY; KINDER MORGAN ENERGY PARTNERS, L.P.; EQUILON ENTERPRISES LLC; SFPP, L.P.; TESORO CORPORATION; TESORO REFINING AND MARKETING COMPANY and DOES 1 THROUGH 200, inclusive, | Complaint Filed:  January 7, 2008 |
| | Discovery Cutoff:     None Set |
| | Motion Cutoff:        None Set |
| | Trial Date:           None Set |
| Defendants. | |

-1-

Defendant Exxon Mobil Corporation, sued as Exxon Mobil Corporation, as well as erroneously sued under its former name, Exxon Corporation ("ExxonMobil"), for itself alone, answers the unverified Complaint of plaintiff City of Merced Redevelopment Agency ("Merced RDA" or "Plaintiff") and admits, denies and alleges as follows:

## GENERAL ALLEGATIONS

1.      To the extent that paragraph 1 of the Complaint sets forth allegations concerning Plaintiff's legal status or powers, ExxonMobil lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis denies each and every such allegation.  To the extent that paragraph 1 contains allegations specific to ExxonMobil, ExxonMobil denies those allegations.  ExxonMobil lacks knowledge or information sufficient to admit or deny the allegations of said paragraph as they pertain to other defendants and on that basis denies them.

2.      ExxonMobil lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Complaint, and on that basis denies each and every allegation contained therein.

3.      To the extent that paragraph 3 contains a legal conclusion or legal conclusions, ExxonMobil need not respond.  ExxonMobil admits that it is a corporation and that its business involves gasoline.  Except as specifically admitted in the foregoing, ExxonMobil denies all other allegations of said paragraph as they pertain to ExxonMobil.  ExxonMobil lacks knowledge or information sufficient to admit or deny the allegations of said paragraph as they pertain to other defendants and on that basis denies them.

-2-

4.      Paragraph 4 contains no factual allegations.  To the extent paragraph 4 contains any allegations or inferences of fact as to ExxonMobil, ExxonMobil denies each and every such allegation or inference.  ExxonMobil lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of said paragraph, and on that basis denies each and every remaining allegation contained therein.

5.      ExxonMobil lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the Complaint, and on that basis denies each and every allegation contained therein.

6.      ExxonMobil lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the Complaint, and on that basis denies each and every allegation contained therein.

7.      ExxonMobil admits that it is a New Jersey corporation doing business in California.  Mobil Corporation merged with Lion Acquisition Corporation, a wholly owned subsidiary of Exxon Corporation.  The surviving entity is called Mobil Corporation.  Exxon Corporation then changed its name to Exxon Mobil Corporation.  ExxonMobil denies the remaining allegations in paragraph 7 of the Complaint.

8.      Exxon Corporation changed its name to Exxon Mobil Corporation and it, therefore, no longer exists.

9.      ExxonMobil lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the Complaint, and on that basis denies each and every allegation contained therein.

10.    ExxonMobil lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Complaint, and on that basis denies each and every allegation contained therein.

11.    ExxonMobil lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Complaint, and on that basis denies each and every allegation contained therein.

12.    ExxonMobil lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Complaint, and on that basis denies each and every allegation contained therein.

13.    ExxonMobil lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the Complaint, and on that basis denies each and every allegation contained therein.

14.    ExxonMobil lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the Complaint, and on that basis denies each and every allegation contained therein.

15.    To the extent that paragraph 15 contains a legal conclusion or legal conclusions, to which ExxonMobil need not respond.  To the extent Paragraph 15 contains allegations or inferences of fact as to ExxonMobil, ExxonMobil denies each and every such allegation.  ExxonMobil lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 15 of the Complaint, and on that basis denies each and every allegation contained therein.

1    16.    ExxonMobil admits that MTBE is an oxygenate that was added
2  to gasoline in California.  ExxonMobil lacks knowledge or information sufficient to
3  form a belief as to the truth of the remaining allegations of paragraph 16 of the
4  Complaint, and on that basis denies each and every allegation contained therein.
5
6    17.    ExxonMobil admits that TBA can be present in some gasoline.
7  ExxonMobil is informed and believes that TBA has been used as an oxygenate, can
8  be an impurity in commercial grade MTBE, and is a degradation or breakdown
9  product of MTBE.
10
11    18.    ExxonMobil admits that MTBE and TBA are more soluble and
12  mobile in water than BTEX compounds and can be introduced into the environment
13  from gasoline delivery systems.  Except as specifically admitted, ExxonMobil
14  denies each and every allegation in paragraph 18 of the Complaint.
15
16    19.    To the extent that paragraph 19 calls for a legal conclusion and
17  interpretation of a myriad of state and federal regulations, ExxonMobil need not
18  respond.  ExxonMobil denies that the use of MTBE was not effectively required
19  under the state and federal regulatory schemes.
20
21    20.    ExxonMobil admits that the State of California established a
22  secondary maximum contaminant level ("MCL") for MTBE of 5 parts per billion
23  ("ppb").  ExxonMobil denies the remaining allegations of paragraph 20 of the
24  Complaint.
25
26    21.    ExxonMobil admits that the State of California has established a
27  primary MCL for MTBE of 13 ppb.  To the extent the remaining allegations in
28  paragraph 21 call for legal conclusions, ExxonMobil need not respond.  To the

-5-

DEFENDANT EXXON MOBIL CORPORATION'S
ANSWER TO COMPLAINT

1  extent that Paragraph 21 contains other allegations of fact, ExxonMobil denies

2  remaining allegations of paragraph 21 of the Complaint.

3

4       22.    ExxonMobil admits that the State of California has set an action

5  level for TBA of 12 ppb in water.  Any assessment by the California OEHHA is the

6  best evidence of the matters stated therein.  ExxonMobil lacks knowledge or

7  information sufficient to form a belief as to the truth of the remaining allegations of

8  paragraph 22 of the Complaint, and on that basis denies each and every allegation

9  contained therein.

10

11      23.    ExxonMobil admits that California Governor Gray Davis

12  ordered state agencies to phase out MTBE use in motor fuel in California and to

13  achieve 100% removal no later than December 31, 2003.  ExxonMobil lacks

14  knowledge or information sufficient to form a belief as to the truth of the remaining

15  allegations of paragraph 23 of the Complaint, and on that basis denies each and

16  every allegation contained therein.

17

18      24.    To the extent that paragraph 24 contains a legal conclusion or

19  legal conclusions, ExxonMobil need not respond.  To the extent paragraph 24

20  contains allegations specific to ExxonMobil, ExxonMobil denies those allegations.

21  ExxonMobil lacks knowledge or information sufficient to form a belief as to the

22  truth of the remaining allegations of paragraph 24 of the Complaint, and on that

23  basis denies each and every allegation contained therein.

24

25      25.    To the extent paragraph 25 contains allegations specific to

26  ExxonMobil, ExxonMobil denies those allegations.  ExxonMobil lacks knowledge

27  or information sufficient to form a belief as to the truth of the remaining allegations

28

W02-WEST:LWJ\400844775.1

DEFENDANT EXXON MOBIL CORPORATION'S
ANSWER TO COMPLAINT

of paragraph 25 of the Complaint, and on that basis denies each and every allegation contained therein.

26.    To the extent that paragraph 26 contains a legal conclusion or legal conclusions, ExxonMobil need not respond.  To the extent paragraph 26 contains allegations specific to ExxonMobil, ExxonMobil denies those allegations. ExxonMobil lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 26 of the Complaint, and on that basis denies each and every allegation contained therein.

27.    To the extent that paragraph 27 contains a legal conclusion or legal conclusions, ExxonMobil need not respond.  To the extent paragraph 27 contains allegations specific to ExxonMobil, ExxonMobil denies those allegations. ExxonMobil lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 27 of the Complaint, and on that basis denies each and every allegation contained therein.

28.    To the extent that paragraph 28 contains a legal conclusion or legal conclusions, ExxonMobil need not respond.  To the extent paragraph 28 contains allegations specific to ExxonMobil, ExxonMobil denies those allegations. ExxonMobil lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 28 of the Complaint, and on that basis denies each and every allegation contained therein.

29.    ExxonMobil lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 29 of the Complaint, and on that basis denies each and every allegation contained therein.

1            30.    To the extent that paragraph 30 contains a legal conclusion or

2   legal conclusions, ExxonMobil need not respond.  ExxonMobil lacks knowledge or

3   information sufficient to form a belief as to the truth of any remaining allegations in

4   paragraph 30 and on that basis denies such allegations contained therein.

5

6            31.    Paragraph 31 merely describes the relief sought by the Merced

7   RDA and requires no response.

8

9   **FIRST CAUSE OF ACTION**

10   **(Cost Recovery Under the Polanco Redevelopment Act)**

11

12            32.    Paragraph 32 merely describes the contents of the Complaint and

13   requires no response.

14

15            33.    ExxonMobil admits that it received a notice from Plaintiff

16   purporting to be sent under the Polanco Redevelopment Act.  Except as explicitly

17   admitted in the foregoing, ExxonMobil denies all other allegations of said

18   paragraphs as they pertain to ExxonMobil.  ExxonMobil lacks knowledge or

19   information sufficient to form a belief as to the truth of the remaining allegations of

20   paragraph 33 of the Complaint, and on that basis denies each and every allegation

21   contained therein.

22

23            34.    To the extent that paragraph 34 contains a legal conclusion or

24   legal conclusions, ExxonMobil need not respond.  To the extent paragraph 34

25   contains allegations specific to ExxonMobil, ExxonMobil denies those allegations.

26   ExxonMobil lacks knowledge or information sufficient to form a belief as to the

27   truth of the remaining allegations of paragraph 34 of the Complaint, and on that

28   basis denies each and every allegation contained therein.

-8-

## SECOND CAUSE OF ACTION

### (Products Liability)

35.   Paragraph 35 merely describes the contents of the Complaint and requires no response.

36.   ExxonMobil admits that it sold or distributed gasoline containing MTBE in California at certain times.  ExxonMobil lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 36 of the Complaint, and on that basis denies each and every remaining allegation contained therein.

37.   To the extent paragraph 37 contains allegations specific to ExxonMobil, ExxonMobil denies those allegations.  ExxonMobil lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 37 of the Complaint, and on that basis denies each and every allegation contained therein.

38.   To the extent paragraph 38 contains allegations specific to ExxonMobil, ExxonMobil denies those allegations.  ExxonMobil lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 38 of the Complaint, and on that basis denies each and every allegation contained therein.

39.   To the extent that paragraph 39 contains a legal conclusion or legal conclusions, ExxonMobil need not respond.  To the extent paragraph 39 contains allegations specific to ExxonMobil, ExxonMobil denies those allegations. ExxonMobil lacks knowledge or information sufficient to form a belief as to the

-9-

DEFENDANT EXXON MOBIL CORPORATION'S
ANSWER TO COMPLAINT

1 truth of the remaining allegations of paragraph 39 of the Complaint, and on that

2 basis denies each and every allegation contained therein.

3

4       40.   To the extent that paragraph 40 contains a legal conclusion or

5 legal conclusions, ExxonMobil need not respond.  To the extent that paragraph 40

6 merely describes the relief sought by the Merced RDA, ExxonMobil need not

7 respond.  To the extent paragraph 40 contains allegations specific to ExxonMobil,

8 ExxonMobil denies those allegations.  ExxonMobil lacks knowledge or information

9 sufficient to form a belief as to the truth of the remaining allegations of paragraph

10 40 of the Complaint, and on that basis denies each and every allegation contained

11 therein.

12

13       41.   To the extent that paragraph 41 contains a legal conclusion or

14 legal conclusions, ExxonMobil need not respond.  ExxonMobil lacks knowledge or

15 information sufficient to form a belief as to the truth of any remaining allegations in

16 paragraph 41 and on that basis denies such allegations contained therein.

17

18       42.   To the extent that paragraph 42 contains a legal conclusion or

19 legal conclusions, ExxonMobil need not respond.  To the extent that paragraph 42

20 merely describes the relief sought by the Merced RDA, ExxonMobil need not

21 respond.  To the extent paragraph 42 contains allegations specific to ExxonMobil,

22 ExxonMobil denies those allegations.  ExxonMobil lacks knowledge or information

23 sufficient to form a belief as to the truth of the remaining allegations of paragraph

24 42 of the Complaint, and on that basis denies each and every allegation contained

25 therein.

26

27       43.   To the extent that paragraph 43 contains a legal conclusion or

28 legal conclusions, ExxonMobil need not respond.  To the extent paragraph 43

-10-

1  contains allegations specific to ExxonMobil, ExxonMobil denies those allegations.

2  ExxonMobil lacks knowledge or information sufficient to form a belief as to the

3  truth of the remaining allegations of paragraph 43 of the Complaint, and on that

4  basis denies each and every allegation contained therein.

5

6          44.    To the extent that paragraph 44 contains a legal conclusion or

7  legal conclusions, ExxonMobil need not respond.  To the extent paragraph 44

8  contains allegations specific to ExxonMobil, ExxonMobil denies those allegations.

9  The remainder of paragraph 44 merely describes the intentions of the Merced RDA

10  and ExxonMobil need not respond.

11

12                  **THIRD CAUSE OF ACTION**

13                  **(Negligence Against All Defendants)**

14

15          45.    Paragraph 45 merely describes the contents of the Complaint and

16  requires no response.

17

18          46.    To the extent that paragraph 46 contains a legal conclusion or

19  legal conclusions, ExxonMobil need not respond.  To the extent paragraph 46

20  contains allegations specific to ExxonMobil, ExxonMobil denies those allegations.

21  ExxonMobil lacks knowledge or information sufficient to form a belief as to the

22  truth of the remaining allegations of paragraph 46 of the Complaint, and on that

23  basis denies each and every allegation contained therein.

24

25          47.    To the extent that paragraph 47 contains a legal conclusion or

26  legal conclusions, ExxonMobil need not respond.  To the extent paragraph 47

27  contains allegations specific to ExxonMobil, ExxonMobil denies those allegations.

28  ExxonMobil lacks knowledge or information sufficient to form a belief as to the

-11-

1  truth of the remaining allegations of paragraph 47 of the Complaint, and on that

2  basis denies each and every allegation contained therein.

3

4      48.    To the extent that paragraph 48 contains a legal conclusion or

5  legal conclusions, ExxonMobil need not respond.  To the extent paragraph 48

6  contains allegations specific to ExxonMobil, ExxonMobil denies those allegations.

7  ExxonMobil lacks knowledge or information sufficient to form a belief as to the

8  truth of the remaining allegations of paragraph 48 of the Complaint, and on that

9  basis denies each and every allegation contained therein.

10

11      49.    To the extent that paragraph 49 contains a legal conclusion or

12  legal conclusions, ExxonMobil need not respond.  To the extent paragraph 49

13  contains allegations specific to ExxonMobil, ExxonMobil denies those allegations.

14  ExxonMobil lacks knowledge or information sufficient to form a belief as to the

15  truth of the remaining allegations of paragraph 49 of the Complaint, and on that

16  basis denies each and every allegation contained therein.

17

18      50.    To the extent that paragraph 50 contains a legal conclusion or

19  legal conclusions, ExxonMobil need not respond.  To the extent paragraph 50

20  contains allegations specific to ExxonMobil, ExxonMobil denies those allegations.

21  ExxonMobil lacks knowledge or information sufficient to form a belief as to the

22  truth of the remaining allegations of paragraph 50 of the Complaint, and on that

23  basis denies each and every allegation contained therein.

24

25      51.    To the extent that paragraph 51 contains a legal conclusion or

26  legal conclusions, ExxonMobil need not respond.  To the extent paragraph 51

27  contains allegations specific to ExxonMobil, ExxonMobil denies those allegations.

28  ExxonMobil lacks knowledge or information sufficient to form a belief as to the

-12-

1   truth of the remaining allegations of paragraph 51 of the Complaint, and on that

2   basis denies each and every allegation contained therein.

3

4        52.     To the extent that paragraph 52 contains a legal conclusion or

5   legal conclusions, ExxonMobil need not respond.  To the extent paragraph 52

6   contains allegations specific to ExxonMobil, ExxonMobil denies those allegations.

7   ExxonMobil lacks knowledge or information sufficient to form a belief as to the

8   truth of the remaining allegations of paragraph 52 of the Complaint, and on that

9   basis denies each and every allegation contained therein.

10

11       53.     To the extent that paragraph 53 contains a legal conclusion or

12   legal conclusions, ExxonMobil need not respond.  To the extent paragraph 53

13   contains allegations specific to ExxonMobil, ExxonMobil denies those allegations.

14   ExxonMobil lacks knowledge or information sufficient to form a belief as to the

15   truth of the remaining allegations of paragraph 53 of the Complaint, and on that

16   basis denies each and every allegation contained therein.

17

18       54.     To the extent that paragraph 54 contains a legal conclusion or

19   legal conclusions, ExxonMobil need not respond.  To the extent paragraph 54

20   contains allegations specific to ExxonMobil, ExxonMobil denies those allegations.

21   ExxonMobil lacks knowledge or information sufficient to form a belief as to the

22   truth of the remaining allegations of paragraph 54 of the Complaint, and on that

23   basis denies each and every allegation contained therein.

24

25       55.     To the extent that paragraph 55 contains a legal conclusion or

26   legal conclusions, ExxonMobil need not respond.  To the extent paragraph 55

27   contains allegations specific to ExxonMobil, ExxonMobil denies those allegations.

28

1  The remainder of paragraph 55 merely describes the intentions of the Merced RDA
2  and ExxonMobil need not respond.

3

4                    **FOURTH CAUSE OF ACTION**
5                    **(Trespass Against All Defendants)**

6

7           56.    Paragraph 56 merely describes the contents of the Complaint and
8  requires no response.

9

10          57.    To the extent that paragraph 57 contains a legal conclusion or
11 legal conclusions, ExxonMobil need not respond.  To the extent paragraph 57
12 contains allegations specific to ExxonMobil, ExxonMobil denies those allegations.
13 ExxonMobil lacks knowledge or information sufficient to form a belief as to the
14 truth of the remaining allegations of paragraph 57 of the Complaint, and on that
15 basis denies each and every allegation contained therein.

16

17          58.    To the extent that paragraph 58 contains a legal conclusion or
18 legal conclusions, ExxonMobil need not respond.  To the extent paragraph 58
19 contains allegations specific to ExxonMobil, ExxonMobil denies those allegations.
20 ExxonMobil lacks knowledge or information sufficient to form a belief as to the
21 truth of the remaining allegations of paragraph 58 of the Complaint, and on that
22 basis denies each and every allegation contained therein.

23

24          59.    To the extent that paragraph 59 contains a legal conclusion or
25 legal conclusions, ExxonMobil need not respond.  To the extent paragraph 59
26 contains allegations specific to ExxonMobil, ExxonMobil denies those allegations.
27 ExxonMobil lacks knowledge or information sufficient to form a belief as to the

28

-14-

truth of the remaining allegations of paragraph 59 of the Complaint, and on that
basis denies each and every allegation contained therein.

60.    To the extent that paragraph 60 contains a legal conclusion or
legal conclusions, ExxonMobil need not respond.  ExxonMobil lacks knowledge or
information sufficient to form a belief as to the truth of the remaining allegations of
paragraph 60 of the Complaint, and on that basis denies each and every allegation
contained therein.

61.    To the extent that paragraph 61 contains a legal conclusion or
legal conclusions, ExxonMobil need not respond.  To the extent that paragraph 61
merely describes the intentions of the Merced RDA, ExxonMobil need not respond.
To the extent paragraph 61 contains allegations specific to ExxonMobil,
ExxonMobil denies those allegations.  ExxonMobil lacks knowledge or information
sufficient to form a belief as to the truth of the remaining allegations of paragraph
61 of the Complaint, and on that basis denies each and every allegation contained
therein.

## FIFTH CAUSE OF ACTION

### (Nuisance Against All Defendants)

62.    Paragraph 62 merely describes the contents of the Complaint and
requires no response.

63.    To the extent that paragraph 63 contains a legal conclusion or
legal conclusions, ExxonMobil need not respond.  To the extent that paragraph 63
contains allegations specific to ExxonMobil, ExxonMobil denies those allegations.
ExxonMobil lacks knowledge or information sufficient to form a belief as to the

-15-

1 truth of the remaining allegations of paragraph 63 of the Complaint, and on that

2 basis denies each and every allegation contained therein.

3

4        64.    To the extent that paragraph 64 contains a legal conclusion or

5 legal conclusions, ExxonMobil need not respond.  To the extent that paragraph 64

6 contains allegations specific to ExxonMobil, ExxonMobil denies those allegations.

7 ExxonMobil lacks knowledge or information sufficient to form a belief as to the

8 truth of the remaining allegations of paragraph 64 of the Complaint, and on that

9 basis denies each and every allegation contained therein.

10

11        65.    To the extent that paragraph 65 contains a legal conclusion or

12 legal conclusions, ExxonMobil need not respond.  ExxonMobil lacks knowledge or

13 information sufficient to form a belief as to the truth of the remaining allegations of

14 paragraph 65 of the Complaint, and on that basis denies each and every allegation

15 contained therein.

16

17        66.    To the extent that paragraph 66 contains a legal conclusion or

18 legal conclusions, ExxonMobil need not respond.  To the extent that paragraph 66

19 contains allegations specific to ExxonMobil, ExxonMobil denies those allegations.

20 ExxonMobil lacks knowledge or information sufficient to form a belief as to the

21 truth of the remaining allegations of paragraph 66 of the Complaint, and on that

22 basis denies each and every allegation contained therein.

23

24        67.    To the extent that paragraph 67 contains a legal conclusion or

25 legal conclusions, ExxonMobil need not respond.  To the extent that paragraph 67

26 merely describes the intentions of the Merced RDA, ExxonMobil need not respond.

27 ExxonMobil lacks knowledge or information sufficient to form a belief as to the

28

-16-

                   DEFENDANT EXXON MOBIL CORPORATION'S
ANSWER TO COMPLAINT

1 | truth of the remaining allegations of paragraph 67 of the Complaint, and on that
2 | basis denies each and every allegation contained therein.

3

4 | **AFFIRMATIVE DEFENSES**

5 | ExxonMobil asserts the following affirmative defenses upon
6 | information and belief:

7

8 | **FIRST AFFIRMATIVE DEFENSE**
9 | **(Failure To State A Cause Of Action)**

10

11 | 68.    The Complaint, and each purported cause of action contained
12 | therein, fail to state facts sufficient to constitute a cause of action against
13 | ExxonMobil.

14

15 | **SECOND AFFIRMATIVE DEFENSE**
16 | **(Statutes Of Limitations)**

17 | 69.    The Complaint, and each purported cause of action contained
18 | therein, are barred by the applicable statutes of limitations, including, but not limited
19 | to, California Code of Civil Procedure §§ 337.1, 337.15, 338, 340, 343 and 345.

20

21 | **THIRD AFFIRMATIVE DEFENSE**
22 | **(Laches)**

23 | 70.    The Complaint, and each purported cause of action contained
24 | therein, are barred by the doctrine of laches by reason of inexcusable and
25 | unreasonable delay in commencing this action.

26

27

28

DEFENDANT EXXON MOBIL CORPORATION'S
ANSWER TO COMPLAINT

## FOURTH AFFIRMATIVE DEFENSE

### (Lack Of Standing)

71.     Plaintiff lacks standing to bring claims for relief under the causes of action alleged in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

### (Comparative Fault/Fault Of Plaintiff And Others)

72.     If any violations of law, losses or damages as alleged or referred to in the Complaint occurred, they were proximately caused by persons or entities other than ExxonMobil (including Plaintiff), and the liability of such persons or entities should be apportioned according to the relative degrees of fault, and the liability of ExxonMobil, if any, should be reduced accordingly or barred.

## SIXTH AFFIRMATIVE DEFENSE

### (Compliance With Laws, Orders, Duties And Standards)

73.     All conduct and activity of ExxonMobil alleged in the Complaint conformed to all statutes, government regulations, permits, requirements, orders, contractual duties, other duties, and industry standards applicable at the time of said conduct and activity, or was undertaken at the mandate, direction, or sufferance of local, state, or federal authorities or with their permission, approval or ratification.

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure To Join Necessary Parties)

74.     Plaintiff has failed to join all persons and entities necessary for a full and just adjudication of each cause of action asserted in the Complaint, and ExxonMobil alleges that if Plaintiff sustained any injury at all, it was caused, in whole or in part, by the negligence or wrongful conduct of other persons or entities not named in the Complaint.

-18-

## EIGHTH AFFIRMATIVE DEFENSE

### (Lack Of Reasonable Care)

75.     Plaintiff's lack of reasonable care for its own well-being was the sole cause of, or contributed to, the injuries, losses, and/or damages alleged in the Complaint, and by reason thereon, Plaintiff must be barred from recovering all or that portion of any damages attributable to its lack of reasonable care.

## NINTH AFFIRMATIVE DEFENSE

### (Failure To Mitigate)

76.     Plaintiff has unreasonably failed to mitigate, prevent and/or reduce its damages and injuries, if any.

## TENTH AFFIRMATIVE DEFENSE

### (Waiver, Estoppel, And Abandonment)

77.     The Complaint, and each cause of action asserted therein, are barred by equitable doctrines of waiver, estoppel, and/or abandonment.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Intervening And Superseding Cause)

78.     The Complaint, and each cause of action contained therein, are barred, in whole or in part, by virtue of an independent intervening or superseding cause over which ExxonMobil had no control.

## TWELFTH AFFIRMATIVE DEFENSE

### (Assumption Of Risk)

79.     The Complaint, and each cause of action asserted therein, is barred because Plaintiff's injury, if any, is the result, in whole or in part, of its assumption of risk.

-19-

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Adequate Warnings)

80.   The Complaint, and each purported cause of action contained therein, are barred because the products or materials, if any, supplied by ExxonMobil to any parties or intermediaries were, to the extent required, accompanied by adequate warnings associated with the foreseeable use of such products and materials and in accordance with generally recognized and prevailing standards in existence at the time.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

81.   The Complaint, and each purported cause of action contained therein, are barred by the doctrine of unclean hands.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

82.   The Complaint, and each purported cause of action contained therein, are barred, in whole or in part, because Plaintiff would be unjustly enriched if it were to prevail on any of the causes of action.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Justification/Excuse)

83.   ExxonMobil's actions, at all relevant times and places as mentioned or referred to in the Complaint, were necessary to the competitive operation of its business, and Plaintiff's alleged injury, if any, is outweighed by the commercial benefit to the public of ExxonMobil's actions.

W02-WEST:LWJ\400844775.1

DEFENDANT EXXON MOBIL CORPORATION'S
ANSWER TO COMPLAINT

<strong>SEVENTEENTH AFFIRMATIVE DEFENSE</strong>

<strong>(Judicial Restraint And Deferral To Regulatory Process/Primary Jurisdiction)</strong>

84.     The Complaint, and the purported causes of action and claims for relief asserted therein, are subject to a specific regulatory scheme or schemes that require resolution of issues within the special expertise of administrative agencies, and there is a paramount need for specialized and consistent agency fact-finding and oversight in this regard.  Therefore, this action should be dismissed or stayed, in whole or in part, pending determinations by relevant administrative agencies.

<strong>EIGHTEENTH AFFIRMATIVE DEFENSE</strong>

<strong>(Utility Of Conduct)</strong>

85.     The benefit from the utility of the products, materials, and substances identified in the Complaint outweighs the risks of harm, if any, inherent in their use.

<strong>NINETEENTH AFFIRMATIVE DEFENSE</strong>

<strong>(Federal Preemption)</strong>

86.     The Complaint, and the purported causes of action and claims for relief asserted therein, are barred in whole or in part by federal and state law, including without limitation, the Supremacy Clause of the United States Constitution, U.S. Const. art. VI, cl. 2; the Clean Air Act, 42 U.S.C. Section 7401, et seq.; the Toxic Substances Control Act, 15 U.S.C. Section 2601, et seq.; and rules, regulations, and decisions thereunder.

<strong>TWENTIETH AFFIRMATIVE DEFENSE</strong>

<strong>(State-Of-The-Art)</strong>

87.     The product(s) described in the Complaint conformed to the state-of-the-art at the time of manufacture, design, testing and distribution, and were

-21-

1 | manufactured, designed, tested and distributed pursuant to generally-recognized and
2 | prevailing standards and in conformance with all statutes, regulations, doctrines,
3 | and/or other requirements that governed the product(s) at the time of said activities.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Exhaustion)

88.   Plaintiff failed to exhaust the administrative remedies available to it, and therefore Plaintiff is not entitled to relief in this Court.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Sophisticated Intermediaries)

89.   If ExxonMobil provided any product or products alleged to have been defective, it provided such products to refiners, distributors or other intermediaries that were knowledgeable, informed and sophisticated concerning the use and alleged risks of the product or products, and any injury to Plaintiff from the use of said products was caused by such intermediaries' failure to observe applicable standards of care.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Lack Of Particularity)

90.   Plaintiff has failed to allege its causes of action with particularity to enable ExxonMobil to raise all appropriate defenses and, therefore, ExxonMobil reserves the right to add additional defenses as the factual basis for each defense becomes known.

-22-

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Bulk Supplier)

91.  The Complaint, and each cause of action asserted therein, are barred because ExxonMobil sold the product(s) alleged in the Complaint, if any, in bulk to an intermediary and accompanied by adequate warnings, and therefore had no duty to warn Plaintiff or others of any risks concerning the product(s).

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Set-Off)

92.  To the extent that any party has settled or may settle with Plaintiff, and to the extent that Plaintiff has received or may receive any requested relief from a governmental agency, ExxonMobil is entitled to an appropriate set-off, credit or reduction of any judgment against it.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Water Quality Standards)

93.  The Complaint, and each cause of action asserted therein, is barred to the extent any relief sought is based on the presence of MTBE and/or TBA at amounts within applicable federal, state and/or local water quality standards.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (No Joint Liability)

94.  ExxonMobil is not jointly and severally liable for any damage alleged in the Complaint because any effect of any act or omission of ExxonMobil is divisible and distinct.

W02-WEST:LWJ\400844775.1

DEFENDANT EXXON MOBIL CORPORATION'S
ANSWER TO COMPLAINT

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Open And Obvious Danger)

95.     The risks of injury and damages inherent in utilizing the products described in the Complaint, if any, were open and obvious.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (First Amendment Rights)

96.     The Complaint, and each cause of action therein, is barred to the extent that the conduct complained of is protected by the First Amendment to the United States Constitution.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Consent To Entry)

97.     ExxonMobil is not liable for any alleged wrongful entry upon land because Plaintiff and/or Plaintiff's predecessors-in-interest or assignors expressly or impliedly consented to, or had knowledge of, all such activities or conditions.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (No Alternate Design)

98.     If there was a less dangerous alternate design for the product at issue, without admitting that there was and without assuming the burden of proof on this issue, ExxonMobil did not and could not have known of such alternate design at the time or such alternate design was not feasible.

-24-

1

## THIRTY-SECOND AFFIRMATIVE DEFENSE

2

**(Misuse)**

3      99.     The products alleged to have been defective, were misused or

4  modified by others without the knowledge or consent of ExxonMobil and in a

5  manner not reasonably foreseeable by ExxonMobil.

6

7

## THIRTY-THIRD AFFIRMATIVE DEFENSE

8

**(No Right To Punitive Or Exemplary Damages)**

9      100.   Plaintiff is not entitled to punitive or exemplary damages on any

10  cause of action or ground alleged in the Complaint.  Any award of punitive or

11  exemplary damages would violate those provisions in the California and United

12  States constitutions requiring due process of law and equal protection and

13  prohibiting excessive fines.

14

15

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

16

**(Inadequate Procedural Protections Against An Arbitrary Or Erroneous Award)**

17      101.   Plaintiff's claims for punitive damages are barred by the Due

18  Process Clause of the U.S. Constitution, amend. V and XIV, Section 1 and by the

19  Due Process Clause of the Constitution of the State of California because the law of

20  California governing punitive damages provides inadequate procedural protections

21  against arbitrary or erroneous awards of such damages.  A State may

22  constitutionally award punitive damages only if the law of that State provides

23  significant and effective procedural protections, which the laws of the State of

24  California do not.

25

26

27

28

-25-

1

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

2

### (Lack Of Fair Notice)

3      102.   Plaintiff's claim for punitive damages is barred by the Due

4   Process Clause of the U.S. Constitution, amend. V and XIV, Section 1 and by the

5   Due Process Clause of the Constitution of the State of California because

6   ExxonMobil lacked adequate notice either of the type of conduct that could warrant

7   an award of punitive damages under the law of the State of California, or of the

8   amount of such damages that could be awarded.  The lack of fair notice bars any

9   award of punitive damages.

10

11

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

12

### (No Relationship To Civil Fines Or Penalties)

13      103.   Plaintiff's claim for punitive damages is barred by the Due

14   Process Clause of the U.S. Constitution, amend. V and XIV, Section 1 and by the

15   Due Process Clause of the Constitution of the State of California because the laws of

16   the State of California fail to require that any award of punitive damages bear a

17   close relationship to appropriate civil fines or penalties established by the State of

18   California legislature, or by the administrative agencies under authority delegated by

19   the State of California legislature.

20

21

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

22

### (Discrimination Against Nonresident Corporation Defendant)

23      104.   Plaintiff's claim for punitive damages is barred by the Due

24   Process Clause of the U.S. Constitution, amend. V and XIV, Section 1 and by the

25   Due Process Clause of the Constitution of the State of California because punitive

26   damages, as awarded in the State of California, impermissibly discriminate against

27   corporate defendants, including ExxonMobil, that are organized under the laws of

28   other states and that maintain their principal places of business in other states.

-26-

DEFENDANT EXXON MOBIL CORPORATION'S
ANSWER TO COMPLAINT

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (Extraterritorial Conduct)

105.   Plaintiff's claim for punitive damages is barred by the Due Process Clause of the U.S. Constitution, amend. V and XIV, Section 1, the Commerce Clause of the United States Constitution, Article I, Section 8, clause 3, and by the principles of federalism embodied in the Constitution, to the extent that the claim is based on any conduct by ExxonMobil that occurred outside the State of California.  No legitimate interest of the State of California can be served by the imposition of punitive damages based on conduct that occurred outside this State; therefore, the limitations on state power in the Due Process and Commerce Clauses prohibit any award of punitive damages based on such conduct.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

### (Evidence Of Defendant's Financial Condition/Net Worth)

106.   Plaintiff's claim for punitive damages is barred by the Due Process Clause of the U.S. Constitution, amend. V and XIV, Section 1 and by the Due Process Clause of the Constitution of the State of California because the laws of the State of California may permit the introduction of 'net worth' with respect to the quantum of punitive damages.  The introduction of such evidence violates Due Process by inviting the jury to award an arbitrary amount of punitive damages based on ExxonMobil's status as an industrial enterprise.

## FORTIETH AFFIRMATIVE DEFENSE

### (Excessive Fines)

107.   Plaintiff's claims for punitive damages is barred by the Excessive Fines Clause of the United State Constitution (amend. VIII).  To the extent that the law of the State of California may require that a portion of any award of punitive damages be paid to the Sate, any award of punitive damages constitutes

-27-

1 | a "fine" subject to the Excessive Fines Clause.  Under those circumstances, any

2 | amount of punitive damages would be excessive in violation of the Excessive Fines

3 | Clause.

4 |

5 | **FORTY-FIRST AFFIRMATIVE DEFENSE**

6 | **(Insufficient Nexus Between Defendant's Conduct And Alleged Harm)**

7 | 108.   Plaintiff's claim for punitive damages is barred by the Due

8 | Process Clause of the U.S. Constitution, amend. V and XIV, Section 1 and by the

9 | Due Process Clause of the Constitution of the State of California because

10 | ExxonMobil's conduct that is alleged to warrant punitive damages is unrelated to

11 | Plaintiff's harm.  Punitive damages may not be awarded to punish and deter conduct

12 | that bears no relation to Plaintiff's harm.

13 |

14 | **FORTY-SECOND AFFIRMATIVE DEFENSE**

15 | **(Failure To Satisfy Reprehensibility Factors)**

16 | 109.   Plaintiff's claim for punitive damages is barred by the Due

17 | Process Clause of the U.S. Constitution, amend. V and XIV, Section 1 and by the

18 | Due Process Clause of the Constitution of the State of California because the law of

19 | this State governing punitive damages does not require that the jury be instructed

20 | upon, and make specific findings of fact with respect to each of the five

21 | reprehensibility factors set out in *State Farm Mutual Automobile Ins. Co. v.*

22 | *Campbell*, 538 U.S. 424 (2001).

23 |

24 | **FORTY-THIRD AFFIRMATIVE DEFENSE**

25 | **(Failure To Consider Permissible Ratio)**

26 | 110.   Plaintiff's claim for punitive damages is barred by the Due

27 | Process Clause of the U.S. Constitution, amend. V and XIV, Section 1 and by the

28 | Due Process Clause of the Constitution of the State of California because the law of

-28-

1  this State governing punitive damages does not require that the jury be instructed

2  upon, and make specific findings of fact with respect to the constitutional factors

3  that govern the permissible ratio of punitive damages to compensatory damages.

4

5  ### FORTY-FOURTH AFFIRMATIVE DEFENSE

6  **(Failure To Make Civil Fines Comparison)**

7       111.   Plaintiff's claim for punitive damages is barred by the Due

8  Process Clause of the U.S. Constitution, amend. V and XIV, Section 1 and by the

9  Due Process Clause of the Constitution of the State of California because the law of

10  this State governing punitive damages does not require that the jury be instructed

11  upon, and make specific findings of fact with respect to the comparable civil fine

12  that could be imposed on ExxonMobil for the conduct in question.

13

14  ### FORTY-FIFTH AFFIRMATIVE DEFENSE

15  **(Failure To Use Relationship Test)**

16       112.   Plaintiff's claim for punitive damages is barred by the Due

17  Process Clause of the U.S. Constitution, amend. V and XIV, Section 1 and by the

18  Due Process Clause of the Constitution of the State of California because the law of

19  this State governing punitive damages does not require that the jury be instructed

20  upon, and make specific findings of fact with respect to the direct relationship

21  between ExxonMobil's alleged conduct and the specific injury suffered by Plaintiff.

22

23  ### FORTY-SIXTH AFFIRMATIVE DEFENSE

24  **(Double-Counting)**

25       113.   Plaintiff's claim for punitive damages is barred by the Due

26  Process Clause of the U.S. Constitution, amend. V and XIV, Section 1 and by the

27  Due Process Clause of the Constitution of the State of California because the law of

28  this State governing punitive damages does not require that the jury be instructed

-29-

upon, and make specific findings of fact with respect to the exclusion of all items of compensatory damage from the quantum of punitive damages.

### FORTY-SEVENTH AFFIRMATIVE DEFENSE
#### (Failure to Comply with Health & Safety Code § 33459.1 Regarding Remedy or Removal Within Project Area)

114.   Plaintiff has failed to take certain actions pursuant to the Health & Safety Code § 33459.1, including (but not limited to) failing to give adequate notice; and any actions which may have been taken by Plaintiff are in contravention of legal requirements.

### FORTY-EIGHTH AFFIRMATIVE DEFENSE
#### (Failure to Comply with Health & Safety Code § 33459.4 Regarding Costs of Remedy or Removal)

115.   Plaintiff has not incurred recoverable costs pursuant to Health & Safety Code § 33459.4, and Plaintiff has not otherwise satisfied the requirements of this section.

### FORTY-NINTH AFFIRMATIVE DEFENSE
#### (Other Applicable Affirmative Defenses)

116.   ExxonMobil hereby adopts and incorporates by reference any and all other affirmative defenses asserted or to be asserted by any other defendant to the extent ExxonMobil may share in such affirmative defenses.

-30-

DEFENDANT EXXON MOBIL CORPORATION'S
ANSWER TO COMPLAINT

# **PRAYER FOR RELIEF**

WHEREFORE, ExxonMobil prays as follows:

1.  That Plaintiff take nothing by reason of its Complaint, and that its Complaint be dismissed with prejudice;

2.  That ExxonMobil be awarded its costs and expenses of suit, including attorneys' fees to the extent allowed by the law;

3.  That judgment be entered in favor of ExxonMobil; and

4.  For such other and further relief as the Court may deem just and proper.

Dated:  June 27, 2008

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____
JEFFREY PARKER
WHITNEY JONES ROY

Attorneys for Defendant
EXXON MOBIL CORPORATION

W02-WEST:LWJ\400844775.1

DEFENDANT EXXON MOBIL CORPORATION'S
ANSWER TO COMPLAINT