# EXHIBIT H

LEV L. DASSIN
Acting United States Attorney for the
Southern District of New York
By: SARAH S. NORMAND
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2709
Facsimile: (212) 637-2702
sarah.normand@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
:
In re: METHYL TERTIARY BUTYL ETHER    :    Master File No. 1:00-1898
("MTBE") PRODUCTS LIABILITY           :    MDL 1358 (SAS)
LITIGATION                            :    M21-88
:
---------------------------------------------------------------- x
:
**This document relates to:**                :    **COMPLAINT IN INTERVENTION**
:
*City of Merced Redevelopment Agency v.*     :
*ExxonMobil Corp. et al.*, No. 08 Civ. 6306 (SAS) :
:
---------------------------------------------------------------- x

Intervenor the United States of America ("United States"), by its attorney Lev. L. Dassin, Acting United States Attorney for the Southern District of New York, alleges for its complaint in intervention as follows:

1. This lawsuit was filed by plaintiff the City of Merced Redevelopment Agency against several gasoline industry defendants on or about April 7, 2008, in the Superior Court of California for the County of Merced.

2. The action seeks cost recovery under California's Polanco Redevelopment Act, Cal. Health & Safety Code §§ 33459-33459.8, and asserts state common law causes of action for products liability, negligence, trespass and nuisance, based on alleged methyl tertiary butyl ether

("MTBE") and other environmental contamination of a blighted redevelopment area within the City of Merced, California.

3. On or about May 21, 2008, defendants removed this case to the United States District Court for the Eastern District of California.

4. The removal petition invoked as the basis for removal Section 1503 of the Energy Policy Act of 2005, Pub. L. No. 109-58, 119 Stat. 594, 1076 (2005) ("EPACT"), which provides:

> Claims and legal actions filed after the date of enactment of this Act related to allegations involving actual or threatened contamination of [MTBE] may be removed to the appropriate United States district court.

EPACT § 1503, 119 Stat. at 1076.

5. Defendants' notice of removal did not assert any federal defenses to plaintiff's claims. In their answers filed on or about June 27, 2008, however, defendants asserted several affirmative defenses based on federal law, including preemption.

6. On July 9, 2008, the United States Judicial Panel on Multidistrict Litigation transferred the case to the Southern District of New York, to be consolidated with the MDL proceeding pending before this Court.

7. On November 12, 2008, the Court ordered the parties to show cause "why this action should not be remanded to state court because it does not 'aris[e] under' federal law within the meaning of Article III of the Constitution, given that no federal issue appears to be stated in the complaint or the removal petition."

8. In response to the Court's Order to Show Cause, plaintiff argued that the case should be remanded to California state court. Among other things, plaintiff asserted that EPACT § 1503 improperly "grant[s] jurisdiction over a particular class of cases that do not 'aris[e] under'

the Constitution, law or treaties of the United States."

9. On February 27, 2009, the Court certified to the Attorney General, pursuant to 28 U.S.C. § 2403(a), that the constitutionality of EPACT § 1503 had been called into question in the litigation. The Court afforded the Attorney General an opportunity to intervene in this action within sixty days, pursuant to Federal Rule of Civil Procedure 5.1.

10. By Order dated April 24, 2009, the Court extended the United States' time to intervene from April 28, 2009, to June 28, 2009.

11. For the reasons stated in the United States of America's Memorandum of Law in Support of the Constitutionality of Section 1503 of the Energy Policy Act of 2005, filed herewith, Section 1503 of the EPACT is constitutional.

## PRAYER FOR RELIEF

WHEREFORE, Intervenor the United States of America prays that the Court enter an Order:

A. Upholding the constitutionality of Section 1503 of the EPACT; and

B.   Granting such further relief as the Court may deem just.

Dated: New York, New York
       June 29, 2009

>                                   Respectfully submitted,
>
>                                   LEV L. DASSIN
>                                   Acting United States Attorney for the
>                                   Southern District of New York
>                                   Attorney for the United States of America
>
> By:   _____
>                                   SARAH S. NORMAND
>                                   Assistant United States Attorney
>                                   86 Chambers Street, Third Floor
>                                   New York, New York 10007
>                                   Telephone: (212) 637-2709
>                                   Facsimile: (212) 637-2702
>                                   sarah.normand@usdoj.gov

4