UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------ X

IN RE METHYL TERTIARY BUTYL
ETHER ("MTBE") PRODUCTS
LIABILITY LITIGATION

**MEMORANDUM
OPINION AND ORDER**

00 MDL 1898 (SAS)

------------------------------------------------------ X

This Document Relates to:

------------------------------------------------------ X

**CITY OF NEW YORK,**

    Plaintiff,

 - against -

**AMERADA HESS CORP.,** *et al.*,

    **Defendants.**

------------------------------------------------------ X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/30/09
```

04 Civ. 3417 (SAS)

In Re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation   Doc. 2589

SHIRA A. SCHEINDLIN, U.S.D.J.:

I.   INTRODUCTION

    In 2003, the City of New York (the "City") filed a Complaint against various corporations for their use and handling of the gasoline additive methyl tertiary butyl ether ("MTBE"), alleging that MTBE contaminated – or threatened

1

to contaminate – the City's groundwater.[1] Defendant Exxon Mobil Corporation ("Exxon") now brings a motion to compel the production of documents received or produced by the City's testifying experts, which the City claims are not subject to expert discovery and are protected attorney work-product. For the reasons that follow, the City must produce some – but not all – of the disputed documents.

## II. BACKGROUND

On or about December 19, 2008, the parties entered into an agreement concerning expert discovery. Specifically, the parties agreed to "[p]roduce all expert files, documents, texts and data reviewed or relied on for their opinions."[2] However, the parties also agreed that "drafts of expert reports and of materials attached to expert reports" as well as "all drafts of any reports, affidavits, and/or declarations to be submitted by testifying experts" are not subject to discovery and need not be produced.[3] The agreement notes that this limitation "does not include

---

[1] This Opinion assumes familiarity with facts discussed in this Court's previous opinions in this case. For a general discussion of the MTBE litigation, see *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 379 F. Supp. 2d 348, 364-67 (S.D.N.Y. 2005).

[2] 12/19/08 Letter from J. Andrew Langan, counsel for defendant BP Products North America, Inc., to Susan E. Amron, counsel for the City, at 1, Ex. 1 to 6/9/09 Letter from Ramin Pejan, counsel for the City, to the Court ("Pl. Let.").

[3] *Id.* at 2.

otherwise discoverable documents relied upon by any testifying expert."[4]

The City has retained numerous experts in this case. In February 2007, the City hired the environmental engineering firm Malcolm Pirnie as a non-testifying litigation consultant.[5] In November 2007, the City retained Malcolm Pirnie as a testifying expert.[6] Two Malcolm Pirnie engineers – Marnie Bell and Donald Cohen – have now produced expert reports.[7] Their reports address

> a range of issues related to the identification of potential sources of MTBE contamination detected in selected focus wells in the City's groundwater system in Jamaica, Queens including evaluation of the past, current, and long term future impacts of that contamination; evaluation of the treatment processes necessary to remove the MTBE contamination from the drinking water; and analyzing costs associated with the removal of the MTBE contamination from the drinking water.[8]

The City has also retained David Terry of Leggette, Brashears & Graham – a

---

[4] *Id.*

[5] *See* 6/8/09 Declaration of Marnie A. Bell, plaintiff's expert ("Bell Decl."), ¶ 1, Ex. 6 to Pl. Let.

[6] *See id.*

[7] *See id.*; 6/8/09 Declaration of Donald K. Cohen, plaintiff's expert ("Cohen Decl."), ¶ 1, Ex. 5 to Pl. Let.

[8] Cohen Decl. ¶ 1; Bell Decl. ¶ 1.

groundwater consulting firm – as a testifying expert.[9] Terry has written on the potential future MTBE impact at the Station 6 well cluster and at defendants' focus wells, as well as an appropriate design for potable water treatment at these locations.[10]

While preparing their reports, plaintiff's experts received numerous materials from plaintiff's attorneys. Specifically, the experts received e-mails including discussions of particular wells, PowerPoint presentations concerning scientific matters, and specific queries concerning draft reports.[11] The experts state that some documents pre-date their retention as testifying experts,[12] some concern matter distinct from the subject of their expert reports,[13] some concern drafts of expert reports,[14] and some were simply not relied upon by the experts.[15]

## III. APPLICABLE LAW

---

[9] *See* 6/8/09 Declaration of David B. Terry, plaintiff's expert ("Terry Decl."), ¶ 1, Ex. 4 to Pl. Let.

[10] *See id.*

[11] *See* Bell Decl. ¶¶ 3-7; Cohen Decl. ¶¶ 4-11; Terry Decl. ¶ 3.

[12] *See* Cohen Decl. ¶¶ 4, 10.

[13] *See, e.g.*, Bell Decl. ¶ 3.

[14] *See* Cohen Decl. ¶ 8.

[15] *See id.*; Bell Decl. ¶ 4.

Expert discovery includes a burden to produce "the data or other information considered by the witness in forming" his or her expert opinion.[16]

> Given this obligation of disclosure, litigants should no longer be able to argue that materials furnished to their experts to be used in forming their opinions – whether or not ultimately relied upon by the expert – are privileged or otherwise protected from disclosure . . . .[17]

Specifically, "the disclosure requirements of Rule 26(a)(2)(B) take precedence over the work-product doctrine."[18]

When an expert serves as both a testifying witness and a litigation consultant,

> "even if the expert avers under oath that he [or she] did not actually consider certain materials in forming his [or her] opinion, that will not control. Rather, the courts have embraced an objective test that defines 'considered' as anything received, reviewed, read, or authored by the expert, before or in connection with the forming of his [or her] opinion, if the subject matter relates to the facts or opinions expressed."[19]

---

[16] Fed R. Civ. P. 26(a)(2)(B)(ii).

[17] Fed. R. Civ. P. 26(a)(2)(B)(ii) 1993 Advisory Committee Note.

[18] *Zheng v. Liberty Apparel Co.*, No. 99 Civ. 9033, 2004 WL 1746772, at *2 (S.D.N.Y. Aug. 3, 2004).

[19] *Employees Committed for Justice v. Eastman Kodak Co.*, 251 F.R.D. 101, 104 (W.D.N.Y. 2008) (quoting *Euclid Chem. Co. v. Vector Corrosion Techs., Inc.*, No. 05 Civ. 80, 2007 WL 1560277, at *3-*4 (N.D. Ohio May 29, 2007)).

"[A]ny ambiguity as to the role played by the expert when reviewing or generating documents should be resolved in favor of the party seeking discovery."[20]

## IV. DISCUSSION

It is not possible for the Court truly to know what material an expert has relied on in formulating his or her opinion. Nor can an expert truly know that he or she has banished from consideration information previously received from counsel. Thus this Court must read the term "considered" broadly. Nor does the use of the phrase "reviewed or relied upon" in the parties' expert protocol alter this conclusion, as "review" and "consider" are essentially synonymous.[21] Therefore, any document received, reviewed, read, or authored by the City's experts is subject to disclosure, regardless of any claim of protected attorney work-product.

That is not the end of the inquiry however. If a document received or authored by an expert is not relevant to the subject matter of the expert's report, it is not subject to disclosure. To that end, the Court has reviewed the complete set of documents provided by the City to its experts that the City has withheld. The

---

[20] *B.C.F. Oil Refining, Inc. v. Consolidated Edison Co.*, 171 F.R.D. 57, 62 (S.D.N.Y. 1997).

[21] *See* Black's Law Dictionary 1345 (8th ed. 2004) (defining "review" as "consideration, inspection, or reexamination of a subject or thing").

following documents must be produced:

- Document 156949. This document concerns costs associated with remediation of MTBE pollution and proper assessment of treatment costs, a subject of Cohen's report.

- Documents 401188, 401189 (except the attached spreadsheet), 401191, and 284079. These documents concern Station 6 wells and water travel patterns in the relevant aquifer, a subject of Cohen's report.

- Document NYC MPEXP-E0267073 to 268218. This document was generated by Bell, and the City has not provided sufficient information for the Court to determine that the redacted portion of the document is not relevant to the subject matter of the expert's report. Ambiguity must be resolved in favor of disclosure.

- Documents DEP2-E00317723 and 102. These documents concern the cost estimates to bring Station 6 on line, a subject of Bell and Cohen's report.

- Document 126. This document concerns the detection of MTBE in Station 6, a subject of Cohen's report.

- Documents NYC-LBG-E0082136 and 82137. These documents concern counsel's views regarding the usefulness of particular data concerning cost estimates, a subject of Terry's report.

The following documents need not be produced:

- Documents 185161 and 185162. These documents concern general litigation planning, which is not the subject matter of any expert report.

- Documents 116386, 156998, 461507, 461509, and 156999. These documents concern wells that are not addressed by any expert's report.

- Document 401189 (attachment only). This document concerns a different project conducted by Malcolm Pirnie and is not relevant to this litigation.

- Document 129. This document concerns the use of relevant data for a project distinct from the one at issue in this litigation, rather than in an expert report.

- Documents NYC-LBG-E0082138 and 82139. The material redacted from these pages is irrelevant teleconferencing information and an expert's earliest formulation of a draft. Draft reports are expressly excluded from production by the parties' expert witness protocol.

## V. CONCLUSION

For the reasons previously stated, the City must produce the documents designated above to Exxon in unredacted form.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated: New York, New York
June 30, 2009

## - Appearances -

### For Plaintiff:

Victor M. Sher, Esq.
Todd E. Robins, Esq.
Joshua G. Stein, Esq.
Nicholas G. Campins, Esq.
Marnie E. Riddle, Esq.
Sher Leff LLP
450 Mission Street, Suite 400
San Francisco, California 94105
(415) 348-1568

Susan E. Amron
Ramin Pejan
Assistant Corporation Counsel
100 Church Street
New York, New York
(212) 788-1568

### For Defendant Exxon Mobil Corp.

James Anthony Pardo, Esq.
Peter John Sacripanti, Esq.
Lauren Erica Handel, Esq.
Inbal Paz, Esq.
Stephen Joseph Riccardulli, Esq.
McDermott, Will & Emery
50 Rockefeller Plaza
New York, New York 10020
(212) 547-5444