UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- x

| | |
|---|---|
| In Re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation | Master File No. 1:00-1898 MDL 1358 (SAS) M21-88 |

---------------------------------------------------------------------- x    ECF Case

**This document relates to the following case:**

*City of New York v. Amerada Hess Corp., et al.*
Case No. 04 Civ. 3417

---------------------------------------------------------------------- x

# PLAINTIFF CITY OF NEW YORK'S OBJECTIONS TO EXXONMOBIL'S WITNESS LIST FOR PHASE III

Plaintiff the City of New York (the "City") hereby submits its objections to ExxonMobil's Witness List for Phase III.

Plaintiff the City of New York ("the City") hereby objects to ExxonMobil's witness list for Phase III as follows:

1. Plaintiff objects to ExxonMobil calling witness Jim Burke. Jim Burke was identified in a March 16, 2009 letter disclosing employee experts, but was not subsequently made available for deposition testimony by ExxonMobil. A Notice of Deposition was served by Plaintiff on ExxonMobil for Jim Burke on April 1, 2009, but was withdrawn based on the express representations of ExxonMobil that he would not be called live at trial. In addition, during a June 5, 2009 telephone call, the Court directed ExxonMobil to state the witnesses that it would make available for live testimony at trial. Mr. James Pardo emailed Mr. Nicholas Campins on June 9, 2009 and identified Sullivan Curran, Barbara Mickelson, Victor Dugan, Brian Harney, Ray McGraw, Jeff Schmidt, Robert Biles, Thomas Eizember, Andy Madden, David McWilliams, Charles Schleyer, William Stone and Dr. Robert Scala. Mr. Pardo did not identify Mr. Burke as a witness who would be testifying live at trial. ExxonMobil did not designate any deposition testimony for Mr. Burke. ExxonMobil waived its right to call Mr. Burke in its case-in-chief at trial.

2. Plaintiff objects to ExxonMobil calling witness Richard Hilchey. Richard Hilchey was identified in a March 16, 2009 letter disclosing employee experts, but was not subsequently made available for deposition testimony by ExxonMobil. A Notice for Deposition was served by Plaintiff on ExxonMobil for Mr. Hilchey on April 1, 2009, but was withdrawn based on the express representations of ExxonMobil that he would not be called live at trial. In addition, during a June 5, 2009 telephone call, the Court directed ExxonMobil to state the witnesses that it would make available for live testimony at trial. Mr. James Pardo emailed Mr. Nicholas Campins on June 9, 2009 and identified Sullivan Curran, Barbara Mickelson, Victor

Dugan, Brian Harney, Ray McGraw, Jeff Schmidt, Robert Biles, Thomas Eizember, Andy Madden, David McWilliams, Charles Schleyer, William Stone and Dr. Robert Scala.  Mr. Pardo did not identify Mr. Hilchey as a witness who would be testifying live at trial.  ExxonMobil did not designate any deposition testimony for Mr. Hilchey.  ExxonMobil waived its right to call Mr. Hilchey in its case-in-chief at trial.

3.  Plaintiff objects to ExxonMobil calling witness Gerry Raabe.  Gerry Raabe was identified in a March 16, 2009 letter disclosing employee experts, but was not subsequently made available for deposition testimony by ExxonMobil.  A Notice for Deposition was served by Plaintiff on ExxonMobil for Mr. Raabe on April 1, 2009, but was withdrawn based on the express representations of ExxonMobil that he would not be called live at trial.  In addition, during a June 5, 2009 telephone call, the Court directed ExxonMobil to state the witnesses that it would make available for live testimony at trial.  Mr. James Pardo emailed Mr. Nicholas Campins on June 9, 2009 and identified Sullivan Curran, Barbara Mickelson, Victor Dugan, Brian Harney, Ray McGraw, Jeff Schmidt, Robert Biles, Thomas Eizember, Andy Madden, David McWilliams, Charles Schleyer, William Stone and Dr. Robert Scala.  Mr. Pardo did not identify Mr. Raabe as a witness who would be testifying live at trial.  ExxonMobil did not designate any deposition testimony for Mr. Raabe.   ExxonMobil waived its right to call Mr. Raabe in its case-in-chief at trial.

4.  Plaintiff objects to ExxonMobil calling witness Paul Bettencourt and not making him available for Plaintiff to do the same.  In a June 5, 2009 telephone call, the Court directed ExxonMobil to state the witnesses that it would make available for live testimony at trial.  Mr. James Pardo emailed Mr. Nicholas Campins on June 9, 2009 and identified Sullivan Curran, Barbara Mickelson, Victor Dugan, Brian Harney, Ray McGraw, Jeff Schmidt, Robert Biles,

3

Thomas Eizember, Andy Madden, David McWilliams, Charles Schleyer, William Stone and Dr. Robert Scala. Mr. Pardo did not identify Mr. Bettencourt as a witness who would be testifying live at trial. ExxonMobil did not designate any deposition testimony for Mr. Bettencourt. ExxonMobil waived its right to call Mr. Bettencourt in its case-in-chief at trial and it should not be allowed to examine him unless he is made available for Plaintiff's case-in-chief.

5.   Plaintiff objects to ExxonMobil calling witness Gary Stumpf in its case-in-chief and not making him available for Plaintiff to do the same. In a June 5, 2009 telephone call, the Court directed ExxonMobil to state the witnesses that it would make available for live testimony at trial. Mr. James Pardo emailed Mr. Nicholas Campins on June 9, 2009 and identified Sullivan Curran, Barbara Mickelson, Victor Dugan, Brian Harney, Ray McGraw, Jeff Schmidt, Robert Biles, Thomas Eizember, Andy Madden, David McWilliams, Charles Schleyer, William Stone and Dr. Robert Scala. In an email sent on June 9, 2009 Mr. Pardo specifically stated "we will not be bringing Mr. Stumpf live." Indeed, Mr. Stumpf has retained counsel paid for by ExxonMobil to resist a trial subpoena served on him by Plaintiffs. ExxonMobil waived its right to call Mr. Stumpf in its case-in-chief at trial and it should not be allowed to examine him unless he is made available for Plaintiff's case-in-chief.

6.   Plaintiff objects to ExxonMobil calling witness Tracey Gardiner. In a June 5, 2009 telephone call, the Court directed ExxonMobil to state the witnesses that it would make available for live testimony at trial. Mr. James Pardo emailed Mr. Nicholas Campins on June 9, 2009 and identified Sullivan Curran, Barbara Mickelson, Victor Dugan, Brian Harney, Ray McGraw, Jeff Schmidt, Robert Biles, Thomas Eizember, Andy Madden, David McWilliams, Charles Schleyer, William Stone and Dr. Robert Scala. Mr. Pardo did not identify Ms. Gardiner as a witness who would be testifying live at trial. ExxonMobil did not designate any deposition

testimony for Ms. Gardiner. ExxonMobil waived its right to call Ms. Gardiner in its case-in-chief at trial.

7. Plaintiff objects to ExxonMobil calling witness Wyn Gomez. In a June 5, 2009 telephone call, the Court directed ExxonMobil to state the witnesses that it would make available for live testimony at trial. Mr. James Pardo emailed Mr. Nicholas Campins on June 9, 2009 and identified Sullivan Curran, Barbara Mickelson, Victor Dugan, Brian Harney, Ray McGraw, Jeff Schmidt, Robert Biles, Thomas Eizember, Andy Madden, David McWilliams, Charles Schleyer, William Stone and Dr. Robert Scala. Mr. Pardo did not identify Wyn Gomez as a witness who would be testifying live at trial. ExxonMobil did not designate any deposition testimony for Wyn Gomez. ExxonMobil waived its right to call Wyn Gomez in its case-in-chief at trial.

8. Plaintiff objects to ExxonMobil calling witness Judith Schultz. In a June 5, 2009 telephone call, the Court directed ExxonMobil to state the witnesses that it would make available for live testimony at trial. Mr. James Pardo emailed Mr. Nicholas Campins on June 9, 2009 and identified Sullivan Curran, Barbara Mickelson, Victor Dugan, Brian Harney, Ray McGraw, Jeff Schmidt, Robert Biles, Thomas Eizember, Andy Madden, David McWilliams, Charles Schleyer, William Stone and Dr. Robert Scala. Mr. Pardo did not identify Judith Schultz as a witness who would be testifying live at trial. ExxonMobil did not designate any deposition testimony for Judith Schultz. ExxonMobil waived its right to call Judith Schultz in its case-in-chief at trial.

9. Plaintiff objects to ExxonMobil calling Mr. Larkins via video to the extent Mr. Larkins is available to testify at trial.

10. Plaintiff objects to using live or deposition testimony of experts from whom it has pending motions to exclude the witnesses' testimony, including Fletcher Driscoll and Thomas Maguire.

11. Plaintiff expressly incorporates its objection to certain of Defendants' witness testimony based on the grounds explained in the City's pending Motions In Limine Numbers 1-10.

12. The City does not waive (and expressly reserves) the right to make any additional or further objections that may become evident at trial or after service of these objections.

Dated: San Francisco, California
July 17, 2009

           MICHAEL A. CARDOZO
           Corporation Counsel of the City of New York
           Attorney for Plaintiff City of New York
           100 Church Street
           New York, New York 10007
           (212) 788-1568


           /s/ *NICHOLAS G. CAMPINS*
           VICTOR M. SHER *(pro hac vice)*
           TODD E. ROBINS *(pro hac vice)*
           JOSHUA G. STEIN *(pro hac vice)*
           LESLEY E. WILLIAMS (LW8392)
           NICHOLAS G. CAMPINS *(pro hac vice)*
           MARNIE E. RIDDLE *(pro hac vice)*

           SHER LEFF LLP
           450 Mission Street, Suite 400
           San Francisco, CA 94105
           (415) 348-8300

           *Attorneys for Plaintiff City of New York*