# EXHIBIT B

# EXHIBIT 5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

In Re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation

Master File C.A. No.
1:00-1898 (SAS)
MDL 1358

---

*This Document Relates to:*

*City of New York v. Amerada Hess Corp., et al.*
(No. 04-CIV-3417)

---

## DECLARATION OF GARY STUMPF

Gary Stumpf hereby declares:

1. I have been employed in the position of Senior Project Manager, Global Remediation by ExxonMobil Refining & Supply Company located at 3225 Gallows Road in Fairfax, Virginia, (although my current position is Commercial Advisor, Claims and Litigation, for ExxonMobil Environmental Services Company), and I have knowledge of the facts set forth herein.

2. I make this declaration in support of the Motion to Quash Plaintiffs' Trial Subpoenas in the above-captioned matter.

3. I live in Fairfax, Virginia and work in Fairfax, Virginia. I conduct no regular business within 100 miles of New York City.

4. On or about August 22, 2006, Exxon Mobil Corporation was served with *Plaintiffs' Notice of Deposition of Mobil Corporation re: Communications with Interagency Testing Committee and EPA, with Production of Documents and Videotaping.* Copy attached at

Exhibit ("Ex.") A. This notice of deposition was served in all of the cases consolidated in MDL 1358, including the *City of New York* matter.

5. On or about October 4, 2006, Exxon Mobil Corporation was served with *Plaintiffs' Notice of Deposition of Defendant Mobil Corporation re: Investigation, Reporting, Remediation, and Use of Consultants, with Production of Documents and Videotaping.* Ex. B. This notice of deposition was served in all of the cases consolidated in MDL 1358, including the *City of New York* matter.

6. Thereafter, I was asked to testify regarding certain of the "Designated Issues" identified in each of the Notices of Deposition. It was explained to me at that time that I was not testifying as to my personal knowledge. Instead, I would be testifying on behalf of Exxon Mobil Corporation and that my answers would be binding on the corporation. With that understanding, I agreed to testify on behalf of Exxon Mobil Corporation.

7. Following my agreeing to testify on behalf of Exxon Mobil Corporation, I prepared to testify on behalf of the corporation.

8. On March 22, 2007, I appeared for the deposition at the offices of McDermott Will & Emery LLP, 600 13th Street, N.W., Washington, D.C. During the deposition plaintiffs' counsel confirmed that I was testifying on behalf of Mobil and Mobil Oil Corporation and that my answers were binding on and represented the "Corporation's position." *March 22, 2007 Deposition of Gary A. Stumpf*, Tr. at 7:5 – 7:10. The deposition was not completed on March 22, 2007.

9. The second day of the deposition was held on June 28, 2007 at McDermott Will & Emery's Washington, D.C. office. When the deposition ended, I understood that I would not be required to provide any additional testimony regarding the Designated Issues.

2 of 3

10. For approximately two years following the deposition, I had not been contacted regarding my testimony in MDL 1358. Then, on or about June 29, 2009 I was informed by counsel for Exxon Mobil Corporation that the City of New York was going to serve a subpoena requiring me to appear in New York City to testify at trial in the *City of New York* matter.

11. I was informed that the Court had ruled that because I had agreed to testify on behalf of Exxon Mobil Corporation in 2007, I was considered a "party" to the litigation for purposes of being subpoenaed to testify at trial. I was also informed that because of the Court's ruling, I might be called to testify at trial in any of the other MTBE MDL cases that will be tried in different states across the country.

12. I have never held the position of an officer or director of Exxon Mobil Corporation or any of the heritage companies.

13. I would not have agreed to testify on behalf of Exxon Mobil Corporation in 2007 if I had understood that I would be required to testify at trial in New York or in matters across the country. It was my understanding that my testimony was being provided in connection with the deposition only, and that I would not be required to testify thereafter.

July 13, 2009
Fairfax, Virginia

Gary Stumpf