# EXHIBIT 1

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/24/09
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X
                                                        :
IN RE: METHYL TERTIARY BUTYL                            :
ETHER ("MTBE") PRODUCTS                                 :    **ORDER**
LIABILITY LITIGATION                                    :
                                                        :    **Master File No. 1:00-1898**
------------------------------------------------------- :    **MDL 1358 (SAS)**
                                                        :    **M21-88**
**This document relates to:**                           :
                                                        :
*City of New York v. Amerada Hess*                      :
*Corp., et al.*, 04-CV-3417                             :
                                                        :
------------------------------------------------------- :
                                                        X

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

The City of New York seeks leave to serve trial subpoenas on 189 individuals outside the 100 mile radius of this court. These individuals fall into two categories. *First*, the City seeks to subpoena individuals who have or will appear as corporate representatives of defendant ExxonMobil. *Second*, the City seeks to subpoena other witnesses to appear at locations, within 100 miles of the place of service, in order to testify via "contemporaneous transmissions" (i.e., remote video testimony), pursuant to Federal Rule of Civil Procedure 43. For the following reasons, the City's request is granted in part and denied in part.

Federal Rule of Civil Procedure 45 provides that a court must quash or modify a subpoena that "requires a person who is neither a party nor a party's

-1-

officer to travel more than 100 miles from where that person resides."[1] The majority of courts to reach the issue have determined that this rule, by reverse inference, permits the service of a subpoena on a party or a party's officer who is beyond the 100 mile radius, provided no undue prejudice results.[2] This Court agrees. Accordingly, plaintiffs may serve subpoenas on ExxonMobil or its officers.[3] This includes any 30(b)(6) witnesses designated by ExxonMobil and directors of the corporation, but no others.[4]

However, the City may not subpoena witnesses, who are otherwise outside this Court's subpoena power, to testify via contemporaneous transmission. Rule 45(b)(2) describes the circumstances under which a subpoena may be served.

---

[1] Fed. R. Civ. Pr. 45(c)(3)(A)(ii).

[2] See In re Vioxx Prods. Liab. Lit., 438 F. Supp. 2d 664, 666 (E.D. La. 2006) (collecting cases).

[3] The individuals may move to quash or modify the subpoenas under any of the terms specified in Rule 45.

[4] The City's proposed subpoena list included some individuals affiliated with settling defendants. However, in a letter to this Court, the City stated that it "notified counsel for Settling Defendants that the City would not be serving any subpoenas on their clients or their clients' employees until the City had a chance to discuss the details with them and see if they would accept service of such subpoenas." 6/17/09 Letter from Nicholas G. Campins on behalf of the City of New York at 2. Accordingly, this Court makes no determination with respect to the City's right to subpoena corporate officers or 30(b)(6) witnesses of settling defendants.

This rule is exhaustive and a district court is not empowered to permit service in a manner that would circumvent this rule.[5] The City argues that two subsections of Rule 45(b)(2) permit service in these circumstances.

*First*, the City points to subsection (B), which provides that a subpoena may be served "outside the district but within 100 miles of the place specified for the deposition, hearing, trial, production, or inspection." The City argues that the place specified on the subpoena – namely, the place of the remote contemporaneous transmission – will be within 100 miles of where it is served. However, these are trial subpoenas and the trial will be held in New York, so "the place specified for the . . . trial" is the Southern District of New York, which, *ex hypothesi*, is more than 100 miles from the place of service. Hence, subsection (B) does not apply.

*Second*, the City points to subsection (D), which provides that a subpoena may be served at a place "the court authorizes on motion and for good cause, *if a federal statute so provides*."[6] The City argues that Rule 43, which permits contemporaneous transmission, is a federal statute that "so provides" for

---

[5] *See Carlisle v. United States*, 517 U.S. 416, 446 (1996) ("Whatever the scope of [a federal court's] 'inherent power,' . . . it does not include the power to develop rules that circumvent or conflict with the Federal Rules . . . .").

[6] The emphasis is added.

-3-

service of these subpoenas, but the City fails to note that (a) Rule 43 says nothing whatsoever about serving subpoenas and (b) Rule 43 is not a federal *statute*. Hence, subsection (D) does not apply.[7]

For the foregoing reasons, the City may serve a subpoena on an individual who is more than 100 miles outside the district and outside the State of New York if, but only if, the individual is a corporate director or a 30(b)(6) witness of defendant ExxonMobil.

SO ORDERED:

Dated:	New York, New York
	June 24, 2009

Shira A. Scheindlin
U.S.D.J.

---

[7] If any of these individuals are within 100 miles of this district or within the state of New York and subject to service under subsection (C), then the City may, of course, serve subpoenas on those individuals.

-4-

## -Appearances-

**Liaison Counsel for Plaintiffs:**

Robin Greenwald, Esq.
Robert Gordon, Esq.
Weitz & Luxenberg, P.C.
180 Maiden Lane
New York, New York 10038
Tel: (212) 558-5500

**Counsel for Plaintiff City of New York:**

Victor M. Sher, Esq.
Todd E. Robbins, Esq.
Joshua G. Stein, Esq.
Nicholas G. Campins, Esq.
Marnie E. Riddle, Esq.
Sher Leff LLP
450 Mission Street, Suite 400
San Francisco, California 94105
Tel: (415) 348-1568

Susan Amron
Assistant Corporation Counsel
100 Church Street
New York, New York 10007
Tel: (212) 788-1568

**Liaison Counsel for Defendants and Counsel for ExxonMobil:**

Peter John Sacripanti, Esq.
James A. Pardo, Esq.
McDermott Will & Emery LLP
340 Madison Avenue
New York, New York 10173
Tel: (212) 547-5583