# EXHIBIT 2

```
                               06-25-09.txt
                                                                             1
         96PFMTBC
    1    UNITED STATES DISTRICT COURT
    1    SOUTHERN DISTRICT OF NEW YORK
    2    ------------------------------x
    2
    3    IN RE:  MTBE, et al.                     00 MDL 1358 (SAS)
    3    ------------------------------x
    4                                              New York, N.Y.
    4                                              June 25, 2009
    5                                              5:30 p.m.
    5
    6    Before:
    6
    7                       HON. SHIRA A. SCHEINDLIN,
    7
    8                                              District Judge
    8
    9                            APPEARANCES
    9
   10    MICHAEL A. CARDOZO
   10         Corporation Counsel of the City of New York
   11         Attorneys for City Plaintiffs
   11    BY   SUSAN E. AMRON
   12         WILLIAM PLACHE
   12         JOSHUA STEIN
   13             -and-
   14    SHER LEFF LLP
   14    BY: VICTOR M. SHER
   15
   16    GREENBERG GLUSKER
   16         Attorneys for Plaintiffs
   17    BY: ROBERT S. CHAPMAN
   17
   18    MCDERMOTT, WILL & EMERY
   18         Attorneys for Defendant Exxon Mobil
   19    BY:  PETER JOHN SACRIPANTI
   19         JAMES PARDO
   20         WILLIAM STACK
   20         STEPHEN RICCARDULLI
   21         JENNIFER KALNINS TEMPLE
   21
   22
   23
   24
   25
                          SOUTHERN DISTRICT REPORTERS, P.C.
                                   (212) 805-0300
                                                                             2
         96PFMTBC
    1              (Case called)
    2              (In open court)
    3              THE COURT:  Okay, there were two items that were
    4    placed on today's agenda, so to speak, through some letters.  I
    5    don't think we satisfied the 48-hour rule.  The plaintiffs here
    6    obviously didn't hear about the 48-hour rule.  It arose in a
    7    conference on the Napoli Bern case decision.  I was very
    8    annoyed with them, because the letters were flying in midnight
    9    the night before and 10:00 the day of, and, you know, the judge
   10    is on trial in a seven-week never-ending saga, and I can't read
   11    the letters that are prepared improperly for the conference
   12    that people are writing at the last minute.
                                    Page 1
```

```
                                06-25-09.txt
19              THE COURT:  Isn't the letter good enough?  Can't I
20      decide on the letter?
21              MR. SHER:  I think not.
22              THE COURT:  It's late.  Is this a phase 1 expert?
23              MR. SHER:  No, phase 2.
24              MR. SACRIPANTI:  I think the way your Honor has
25      described phase 1, it's a phase 2 expert, but --
                        SOUTHERN DISTRICT REPORTERS, P.C.
                                  (212) 805-0300
                                                                        81
        96PFMTBC
1               THE COURT:  Of course.  I didn't realize.  I thought
2       we were going to do it on letters.  Can you do it
3       expeditiously?
4               MR. SACRIPANTI:  Your Honor, let me add another one to
5       the pot.  If you will recall, the Terry deposition, you allowed
6       us to take that after he amended his report.
7               THE COURT:  Yes, right.
8               MR. SACRIPANTI:  And we said if, if, and we understand
9       we don't file Daubert motions for the fun of it, but if we
10      thought we had a true Daubert issue we would do it.  We have
11      that depo scheduled for Wednesday of next week.  Your Honor
12      could get within that ten-day period a Daubert motion.  I just
13      want to put it on your radar.  I don't know, but you could.
14              THE COURT:  Okay.  Anyway, please take care of this
15      McGuire person right away.  Please keep it as short as you can
16      and as pointed as you can.
17              MR. SACRIPANTI:  The Daubert motion.
18              THE COURT:  The one that Mr. Sher is speaking of.
19              MR. SACRIPANTI:  He's moving.
20              MR. SHER:  We'll do our best to keep it brief, but
21      persuasive.  Two questions about your rulings on subpoenas from
22      yesterday.
23              THE COURT:  Yes.
24              MR. SHER:  First, we assumed that the 30(b)(6)
25      subpoenas will be for attendance at trial here?
                        SOUTHERN DISTRICT REPORTERS, P.C.
                                  (212) 805-0300
                                                                        82
        96PFMTBC
1               THE COURT:  Yes, with an option.  I mean, in other
2       words, if the parties want to agree on a video transmission,
3       that's up to them.
4               MR. SHER:  But the subpoena will be for here.
5               THE COURT:  For a 30(b)(6), yes.
6               MR. SACRIPANTI:  We're happy to produce him.  Our
7       30(b)(6)'s that are outside New York State or a hundred miles
8       we will produce at wherever Mr. Sher says and he can do it by
9       video.
10              THE COURT:  No, he wants them live in New York and I
11      said 30(b)(6) for this purpose is a party, it's Exxon.
12              MR. SACRIPANTI:  I'm behind in your Honor's rulings.
13      Forgive me.
14              THE COURT:  You haven't read that one yet?
15              MR. SACRIPANTI:  That's what I mean by it.
16              THE COURT:  Take a look at it.  That's what I meant.
17      Unless there's an agreement to do it by video.
18              MR. SHER:  There's a handful, and I believe that it is
19      less than five of Exxon Mobil related witnesses who were
20      produced as the equivalent of 30(b)(6)'s in prior state court
21      actions and we assume we can treat them, because under the
22      deposition protocol of CMO6 --
23              THE COURT:  You're using them.  Their testimony is
                                    Page 38
```

```
                                  06-25-09.txt
 24     standing as 30(b)(6).
 25             MR. SHER:  Right.  So to the extent we subpoena those
                     SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
                                                                        83
        96PFMTBC
  1     witnesses as well, it would be for appearance here.
  2             THE COURT:  If you're using the transcript or the
  3     testimony they gave in another matter where they were produced
  4     by Exxon as 30(b)(6), that only seems fair again.
  5             MR. PARDO:  They're not 30(b)(6) in this case.
  6             THE COURT:  But Mr. Pardo, the testimony they gave --
  7     we have a CMO that says we don't want to repeat things that
  8     have been done in other actions.  If they are speaking for
  9     Exxon, if they're speaking as a corporation with a voice, they
 10     should be here.
 11             MR. SACRIPANTI:  I have to ask who they are.  In some
 12     circumstances, they may be retired.
 13             THE COURT:  Of course.  You have to talk to each
 14     other.
 15             MR. SHER:  I can't remember the names.
 16             THE COURT:  You have to tee this up.
 17             MR. PARDO:  I believe Mr. Sacripanti is right, several
 18     of these people are retired.
 19             THE COURT:  They may have to do it by video near their
 20     place of residence, if they don't feel like traveling to New
 21     York.  But, I don't know, an all-expenses-paid by Exxon trip to
 22     New York?  Not a bad deal.  Anyway, go ahead.
 23             MR. SHER:  I wanted to turn back to the formulation of
 24     the phase 1 question.
 25             THE COURT:  Okay.  You're finished your
                     SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
                                                                        84
        96PFMTBC
  1     administrative?
  2             MR. SHER:  Yes, thank you.
  3             THE COURT:  Okay, I'm ready.
  4             MR. SHER:  This one has to do with the time frame
  5     posed by the question to the jury.
  6             THE COURT:  You mean 15?  Did we agree?
  7             MR. SHER:  We did, but there was an important caveat,
  8     assuming funding is available.
  9             THE COURT:  Assuming funding is available.
 10             MR. SHER:  That's an important qualification on the
 11     question, precisely because of the budget issues that have been
 12     discussed.
 13             MR. SACRIPANTI:  That's -- sorry, when you're ready
 14     I'll speak.
 15             THE COURT:  I have to think about that.  I understood
 16     that language was in there, but you have to prove something.
 17     Otherwise, you really can't prove intent, a good faith intent
 18     to do it.  I mean, at some point it becomes a permanent
 19     speculation as to if and when.  If and when.  And we don't want
 20     an if and when charge.  At some point you have to prove that
 21     the City or the Water Financial Board or somebody is willing to
 22     fund a project, somebody is willing to go out and fund a
 23     project, I guess.
 24             MR. SHER:  If that's the case, then we have to have a
 25     longer period than 15 years.
                     SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
                                                                        85
                                   Page 39
```