# EXHIBIT 4



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X   Master File No. 1:00-1898
                                                                                  MDL No. 1358 (SAS)

In re: Methyl Tertiary Butyl Ether          M21-88
("MTBE") Products Liability Litigation

------------------------------------------------------X   PLAINTIFFS' SECOND AMENDED
                                                                                  NOTICE OF
                                                                                  DEPOSITION OF MICHAEL ROMAN
This Document Relates To:   All Cases         RE:  WARNINGS,
                                                                                  WITH PRODUCTION OF
------------------------------------------------------X   DOCUMENTS AND VIDEOTAPING

**TO ALL PARTIES AND THEIR ATTORNEY(S) OF RECORD:**

**PLEASE TAKE NOTICE** that, under Federal Rule of Civil Procedure 30(b)(6), Plaintiffs[1] will continue the deposition of **Michael Roman, as corporate representative for Exxon Mobil Corporation, with respect to warnings provided by heritage Mobil Corporation and Exxon Mobil Corporation ("Defendant"), on March 28, 2007 at 9:30am at the law offices of McDermott, Will & Emery, 600 13th Street, N.W., Washington, D.C. 20005-3096.**

Pursuant to Federal Rule of Civil Procedure 30(b)(6), the deponent shall designate and produce at the deposition those of its officers, directors, managing agents, employees, or agents who are most qualified to testify on its behalf as to those matters set forth in the notice under the heading "designated issues" to the extent of any information known or reasonably available to the deponent.

---

[1] This Amended Notice of Deposition is served on behalf of all Plaintiffs in the MDL, except for the State of New Hampshire and the People of the State of California, hereinafter "Plaintiffs."

- 1 -



In addition, the deponent must produce documents described in the section of this notice entitled "request for production of documents." Pursuant to Honorable Shira A. Scheindlin's Suggested Rules of Discovery Practice No. 7 governing Document Production at Depositions, Plaintiffs request that Defendant produce the requested documents no later than ten (10) days prior to the deposition.

Plaintiffs request that ten (10) days prior to the deposition, Defendant provide: (1) the names and titles of the persons it will designate to give testimony; and (2) summaries of the area in which each designated person will give testimony.

It is intended that this deposition will be videotaped and may be used at trial. It is further intended that instant visual display and streaming internet technology will be utilized to stenographically record and convey the testimony. The stenographic recording will be taken before Golkow Litigation Technologies, 1880 John F. Kennedy Blvd., Suite 760, Philadelphia, PA 19103.

## DEFINITIONS

1. "CHARACTERISTICS" means any and all issues related to the solubility, degradation, biodegradation, remediation issues and/or all other reference to how MTBE or gasoline containing MTBE reacts in groundwater.

2. "DOCUMENT" or "DOCUMENTS" are defined to include any and all manner of electronic, written, typed, printed, reproduced, filmed or recorded material, and all photographs, pictures, plans, drawings, or other representations of any kind of anything pertaining, describing, or concerning, directly or indirectly, in whole or in part, the subject matter of each designated issue and request, and document(s) includes, without limitation,

    a.    papers, books, journals, handbooks, manuals, ledgers, statements, memoranda, reports, invoices, worksheets, work papers, notes, transcription of notes, letters, correspondence, abstracts, diagrams, plans, blueprints, specifications, pictures, drawings, films, photographs, graphic representations, diaries, calendars, desk calendars, lists, logs, publications, advertisements, instructions, minutes, orders, messages, résumés, summaries, agreements, contracts, telegrams, telexes, cables, recordings, electronic mail, audio tapes, transcriptions of tapes or recordings, or any other writings or tangible things in which any forms of communication are recorded or reproduced, as well as all notations on the foregoing; and

    b.    original and all other copies not absolutely identical; and

    c.    all drafts and notes (whether typed or handwritten or otherwise) made or prepared in connection with each such document, whether used or not.

3. "FATE AND TRANSPORT" means any and all ways that MTBE and/or gasoline containing MTBE reacts in the subsurface, including but not limited to its tendency to degrade or biodegrade, its solubility, mobility, volatility, and persistence.

4. "MTBE" means Methyl Tertiary Butyl Ether.

5. "RELEASE" or "RELEASED" means any spilling, leaking, emitting, discharging, escaping, leaching, or disposing into or on land, water, or subsurface soil, including vapor releases, and continuous, low-level and/or unreported releases.

6. "RELEVANT GEOGRAPHICAL AREA" means the Relevant Geographic area as defined in Case Management Order #4, IIC(1)-(4), including any subsequent modifications.

7. "TBA" means Tertiary Butyl Alcohol.

8. "USTs" means underground gasoline storage tank systems, including but not limited to tanks, piping, dispensers, valves, and all appurtenances thereto.

9. "YOU," "YOUR," or "DEFENDANT" means responding defendant and its officers, directors, employees, partners, corporate parents, subsidiaries, affiliates, agents and representatives, and any of its affiliates, subsidiaries, predecessors, agents, or employees.

**NOTICE IS FURTHER GIVEN** that the deponent(s) will be deposed concerning the following issues:

## DESIGNATED ISSUES

1. Whether any DOCUMENTS described in the Request to Produce Documents, which is a part of this notice, were destroyed. If so, when were said documents destroyed and by whom?

2. Authentication of all DOCUMENTS produced at the deposition.

3. What efforts were made to locate the DOCUMENTS described in the request to produce documents that accompanies this deposition notice, who performed the search, and when and what was found.

4. Whether, when, where, and under what circumstances YOU notified service station owners, downstream handlers, and/or any other customers in writing or otherwise that:

    a. They should test for the presence of MTBE when gasoline contamination is discovered at a site;

    b. That MTBE can contaminate groundwater;

    c. That when RELEASED to the subsurface, MTBE travels further and faster than other gasoline constituents;

    d. That MTBE is relatively difficult and expensive to clean up or remediate;

    e.     That MTBE can render drinking water unusable because it creates an unpleasant taste or odor;

    f.     That prompt remedial efforts are required to remediate any MTBE contamination of soil or groundwater to prevent the spread of MTBE contamination beyond the RELEASE site;

    g.     That MTBE may cause cancer in humans;

    h.     That MTBE is difficult and expensive to remove from drinking water;

    i.     That gasoline containing MTBE should be handled differently than gasoline without MTBE;

    j.     That MTBE was in the gasoline they were selling;

    k.     Of the need to install monitoring wells in the vicinity of the USTs to ensure that MTBE was not RELEASED from the tanks without knowledge; or

    l.     Any other relevant information relating to MTBE.

5.     Whether, when, where, and under what circumstances YOU supplied a Material Safety Data Sheet (MSDS) to YOUR customers who purchased gasoline containing MTBE which advised them that:

    a.     They should test for the presence of MTBE when gasoline contamination is discovered at a site;

    b.     That MTBE was in the gasoline they were selling;

    c.     That MTBE can contaminate groundwater;

    d.     That when RELEASED to the subsurface, MTBE travels father and faster than other gasoline constituents;

e. That MTBE is relatively difficult and expensive to clean up or remediate;

f. That MTBE can render drinking water unusable because it creates an unpleasant taste or odor;

g. That prompt remedial efforts are required to remediate any MTBE contamination of soil or groundwater to prevent the spread of MTBE contamination beyond the RELEASE site;

h. That MTBE may cause cancer in humans;

i. That MTBE is difficult and expensive to remove from drinking water;

j. That gasoline containing MTBE should be handled differently than gasoline without MTBE;

k. Of the need to install monitoring wells in the vicinity of the USTs to ensure that MTBE was not RELEASED from the tanks without knowledge; or

l. Any other relevant information relating to MTBE.

6. Whether, when, where, and under what circumstances YOU notified service station owners, operators, downstream handlers, or other customers in writing or otherwise that:

a. TBA can contaminate groundwater;

b. TBA was in the gasoline they were selling;

c. TBA is difficult and expensive to remediate;

d. TBA is difficult and expensive to remove from drinking water;

e. TBA may cause cancer in humans; or

f. Any other relevant information relating to TBA.

7. When YOU first notified Plaintiffs in particular, water providers in general, or the general public in writing or otherwise that:

   a. MTBE and/or TBA can contaminate groundwater;

   b. When RELEASED to the subsurface, MTBE travels further and faster than other gasoline constituents;

   c. MTBE and/or TBA is difficult and expensive to remediate;

   d. MTBE and/or TBA is difficult and expensive to remove from drinking water;

   e. MTBE and/or TBA may cause cancer in humans;

   f. That gasoline containing MTBE and/or TBA was shipped to service stations in the vicinity of Plaintiffs wells;

   g. What precautions Plaintiffs should have taken to avoid having their wells contaminated with MTBE and/or TBA;

   h. That Plaintiffs should test their wells for the presence of MTBE and/or TBA; or

   i. Any other relevant information regarding MTBE and/or TBA.

8. The circumstances surrounding YOUR decision to provide or not to provide warnings regarding MTBE, TBA and/or gasoline containing MTBE and/or TBA.

9. Identify the individuals involved in the consideration, development, adoption and circulation of any warnings regarding MTBE, TBA and/or gasoline containing MTBE and/or TBA.

10. Identify the individuals who had final approval of any warnings regarding MTBE, TBA and/or gasoline containing MTBE and/or TBA.

11. The content and appearance of the aforementioned warnings and how they were communicated.

## REQUEST FOR PRODUCTION OF DOCUMENTS

**NOTICE IS FURTHER GIVEN** that Defendant and its counsel are required by Federal Rules of Civil Procedure Rule 34 and Honorable Shira A. Scheindlin's Suggested Rule of Discovery Practice No. 7 to produce ten days prior to the deposition the following:

1. All DOCUMENTS reviewed, considered, and/or used by the deponent to determine the facts related to any issue set forth above and/or to prepare for this deposition.

2. All DOCUMENTS in the deponent's possession or personal file relating in any way to MTBE including any and all documents, correspondence, verbal communications, notes, e-mails, etc. regarding same, other than Attorney-Client communications.

3. The deponent's complete file relating to this lawsuit and all documents provided, reviewed, received, written or prepared relating to any aspect of this lawsuit, to include pleadings, depositions, correspondence, time records or time sheets, billing statements, handwritten notes, telephone call slips, and e-mails, other than Attorney-Client communications.

4. Deponent's current résumé, curriculum vitae and bibliography.

5. A copy of each Material Safety Data Sheet, Product Brochure, Product Safety Bulletin and/or any other DOCUMENT YOU supplied to service stations owners/operators, downstream handlers or other customers containing any warning or other statement that:

a. They should test for the presence of MTBE when gasoline contamination is discovered at a site;

b. That MTBE can contaminate groundwater;

c. That when RELEASED to the subsurface, MTBE travels further and faster than other gasoline constituents;

d. That MTBE is relatively difficult and expensive to clean up or remediate;

e. That MTBE can render drinking water unusable because it creates an unpleasant taste or odor;

f. That prompt remedial efforts are required to remediate any MTBE contamination of soil or groundwater to prevent the spread of MTBE contamination beyond the RELEASE site;

g. That MTBE may cause cancer in humans;

h. That MTBE is difficult and expensive to remove from drinking water;

i. That gasoline containing MTBE should be handled differently than gasoline without MTBE;

j. That MTBE was in the gasoline they were selling;

k. Of the need to install monitoring wells in the vicinity of the USTs to ensure that MTBE was not RELEASED from the tanks without knowledge; or

l. Any other relevant information relating to MTBE.

6. A copy of each Material Safety Data Sheet, Product Brochure, Product Safety Bulletin and/or any other DOCUMENT YOU supplied to service station owners/operators, downstream handlers, and other customers that:

- 9 -

a. TBA can contaminate groundwater;

b. TBA is difficult and expensive to remediate;

c. TBA is difficult and expensive to remove from drinking water;

d. TBA may cause cancer in humans; or

e. any other relevant information relating to TBA.

7. A copy of each Material Safety Data Sheet, Product Brochure, Product Safety Bulletin and/or any other DOCUMENT YOU supplied to any Plaintiff, or water providers in general, which contains any warning or other statement that:

a. MTBE and/or TBA can contaminate groundwater;

b. When RELEASED to the subsurface, MTBE travels further and faster than other gasoline constituents;

c. MTBE and/or TBA is difficult and expensive to remediate;

d. MTBE and/or TBA is difficult and expensive to remove from drinking water;

e. MTBE and/or TBA may cause cancer in humans;

f. That gasoline containing MTBE and/or TBA was shipped to service stations in the vicinity of Plaintiffs wells;

g. What precautions Plaintiffs should have taken to avoid having their wells contaminated with MTBE and/or TBA;

h. That Plaintiffs should test their wells for the presence of MTBE and/or TBA

i. Any other relevant information relating to MTBE and/or TBA.

Dated: March 20, 2007
Dallas, Texas

_____
Celeste Evangelisti
M. Cristina Sanchez
BARON & BUDD, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas 75219-4281
Telephone: (214) 521-3605
Facsimile: (214) 520-1181

Robert J. Gordon
Robin Greenwald
WEITZ & LUXENBERG, P.C.
180 Maiden Lane, 17th Floor
New York, New York 10038-4925
Telephone: (212) 558-5500
Facsimile: (212) 558-5506

***On behalf of Plaintiffs***

## DECLARATION OF SERVICE

I, Ashli Taquino, hereby declare under perjury of law that a true copy of the foregoing

### PLAINTIFFS' SECOND AMENDED NOTICE OF DEPOSITION OF MICHAEL ROMAN

was served via LexisNexis File & Serve in MDL No. 1358 and upon Peter J. Sacripanti and Robin Greenwald in their capacity as liaison counsel in this matter on this, the 20th day of March, 2007.

_____
ASHLI TAQUINO