# EXHIBIT 7

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------X   Master File No. 1:00-1898
                                                          MDL No. 1358 (SAS)
**In re: Methyl Tertiary Butyl Ether**                    M21-88
**("MTBE") Products Liability Litigation**

                                                          PLAINTIFFS' NOTICE OF DEPOSITION
------------------------------------------------------X   OF MOBIL CORPORATION RE:
                                                          COMMUNICATIONS WITH
**This Document Relates To:   All Cases**                 INTERAGENCY TESTING COMMITTEE
                                                          AND EPA, WITH PRODUCTION OF
                                                          DOCUMENTS AND VIDEOTAPING
------------------------------------------------------X

**TO ALL PARTIES AND THEIR ATTORNEY(S) OF RECORD:**

**PLEASE TAKE NOTICE** that, under Federal Rule of Civil Procedure 30(b)(6), Plaintiffs[1] will take the oral deposition of Defendant Mobil Corporation ("Defendant"), on October 17, 2006 at 10 a.m. at the law offices of Weitz & Luxenberg, P.C., 180 Maiden Lane, 17th Floor, New York, New York 10038-4925.

Pursuant to Federal Rule of Civil Procedure 30(b)(6), the deponent shall designate and produce at the deposition those of its officers, directors, managing agents, employees, or agents who are most qualified to testify on its behalf as to those matters set forth in the notice under the heading "designated issues" to the extent of any information known or reasonably available to the deponent.

In addition, the deponent must produce documents described in the section of this notice entitled "request for production of documents." Pursuant to Honorable Shira A. Scheindlin's Suggested Rules of Discovery Practice No. 7 governing Document Production at Depositions,

---

[1] This Amended Notice of Deposition is served on behalf of all Plaintiffs in the MDL, except for the State of New Hampshire and the People of the State of California, hereinafter "Plaintiffs."

- 1 -



Plaintiffs request that Defendant produce the requested documents no later than ten (10) days prior to the deposition.

Plaintiffs request that ten (10) days prior to the deposition, Defendant provide: (1) the names and titles of the persons it will designate to give testimony; and (2) summaries of the areas in which each designated person will give testimony.

It is intended that this deposition will be videotaped and may be used at trial. It is further intended that instant visual display and streaming internet technology will be utilized to stenographically record and convey the testimony. The stenographic recording will be taken before Esquire Deposition Services, 1880 John F. Kennedy Boulevard, 15th Floor, Philadelphia, PA 19103.

## DEFINITIONS

1. "BTEX" means the gasoline constituents benzene, toluene, ethyl-benzene and xylene.

2. "DOCUMENT" or "DOCUMENTS" are defined to include any and all manner of electronic, written, typed, printed, reproduced, filmed or recorded material, and all photographs, pictures, plans, drawings, or other representations of any kind of anything pertaining, describing, or concerning, directly or indirectly, in whole or in part, the subject matter of each designated issue and request, and document(s) includes, without limitation,

   a. papers, books, journals, handbooks, manuals, ledgers, statements, memoranda, reports, invoices, worksheets, work papers, notes, transcription of notes, letters, correspondence, abstracts, diagrams, plans, blueprints, specifications, pictures, drawings, films, photographs, graphic representations, diaries, calendars, desk calendars, lists, logs, publications, advertisements, instructions, minutes, orders, messages, résumés, summaries, agreements, contracts, telegrams, telexes, cables, recordings, electronic mail, audio tapes, transcriptions of tapes or recordings, or any other writings or tangible things in which any forms of communication are recorded or reproduced, as well as all notations on the foregoing; and

   b. original and all other copies not absolutely identical; and

      c.      all drafts and notes (whether typed or handwritten or otherwise) made or prepared in connection with each such document, whether used or not.

3.      "MTBE" means Methyl Tertiary Butyl Ether.

4.      "RELEASE" or "RELEASED" means any spilling, leaking, emitting, discharging, escaping, leaching, or disposing into or onto land, water, or subsurface material, including vapor releases, and continuous, low-level and/or unreported releases.

5.      "TBA" means Tertiary Butyl Alcohol.

6.      "YOU," "YOUR," or "DEFENDANT" means responding defendant and its officers, directors, employees, partners, corporate parents, subsidiaries, affiliates, agents and representatives, and any of its affiliates, subsidiaries, predecessors, agents, or employees.

**NOTICE IS FURTHER GIVEN** that the deponent(s) will be deposed concerning the following issues:

## DESIGNATED ISSUES

1.      Whether any DOCUMENTS described in the Request to Produce Documents, which is a part of this notice, were destroyed. If so, when were said documents destroyed and by whom?

2.      Authentication of all DOCUMENTS produced at the deposition.

3.      What efforts were made to locate the DOCUMENTS described in the request to produce documents that accompanies this deposition notice, who performed the search, and when and what was found.

4.      The Defendant's early knowledge and understanding of MTBE and/or TBA's characteristics, their impacts on gasoline, their impact on automobile emission and efficiency and their impact on the environment, and how that knowledge has evolved over time. For example,

the deponent should be prepared to discuss the first several instances in which Defendant dealt with MTBE and/or TBA contamination, the first several instances it was provided information from others in the industry about their early experiences with MTBE and/or TBA contamination, and should be able to identify with specificity when and how Defendant first became aware of the following: MTBE's low taste and odor threshold, MTBE's resistance to biodegradation; that MTBE flows further and faster than BTEX when RELEASED into the environment; that MTBE is more soluble in water than the BTEX constituents; that MTBE is more difficult and costly to remediate than the BTEX constituents; and that a RELEASE of MTBE gasoline is more likely to cause contamination of a nearby drinking water well than a RELEASE of conventional gasoline.

## **REQUEST FOR PRODUCTION OF DOCUMENTS**

**NOTICE IS FURTHER GIVEN** that Defendant and its counsel are required by Federal Rules of Civil Procedure Rule 34 and Honorable Shira A. Scheindlin's Suggested Rule of Discovery Practice No. 7 to produce ten days prior to the deposition the following:

1. All DOCUMENTS reviewed, considered, and/or used by the deponent to determine the facts related to any issue set forth above and/or to prepare for this deposition.

2. All DOCUMENTS in the deponent's possession or personal file relating in any way to MTBE including any and all documents, correspondence, verbal communications, notes, e-mails, etc. regarding same, other than Attorney-Client communications.

3. The deponent's complete file relating to this lawsuit and all documents provided, reviewed, received, written or prepared relating to any aspect of this lawsuit, to include pleadings,

- 4 -

depositions, correspondence, time records or time sheets, billing statements, handwritten notes, telephone call slips, and e-mails, other than Attorney-Client communications.

4. Deponent's current résumé, curriculum vitae and bibliography.

5. All DOCUMENTS relating to when your management first became aware that MTBE and/or TBA had caused contamination to (1) a drinking water well and (2) groundwater.

6. All DOCUMENTS relating to Defendant's early knowledge and understanding of MTBE and/or TBA's characteristics and impact on the environment, including documents relating to the first several instances in which Defendant dealt with MTBE and/or TBA contamination, or were provided information from others in the industry about their early experiences with MTBE and/or TBA contamination, and documents identifying when and how Defendant first became aware of the following: MTBE's low taste and odor threshold, MTBE's resistance to biodegradation; the fact that MTBE flows further and faster than BTEX when RELEASED into the environment; the fact that MTBE is more soluble in water than the BTEX constituents; the fact that MTBE is more difficult and costly to remediate than the BTEX constituents; and the fact that a RELEASE of MTBE gasoline is more likely to cause contamination of a nearby drinking water well than a RELEASE of conventional gasoline.

Dated: New York, New York
August 22, 2006

_[signature]_

William A. Walsh (WW-3301)
Robin Greenwald, Esq. (RG-9205)
Robert Gordon, Esq. (RG-3408)
WEITZ & LUXENBERG, P.C.
180 Maiden Lane, 17th Floor
New York, New York 10038-4925
Telephone: (212) 558-5500
Facsimile: (212) 558-5506

***On behalf of Plaintiffs***

- 6 -

## DECLARATION OF SERVICE

I, April J. Warner, hereby declare under perjury of law that a true copy of the foregoing

**PLAINTIFFS' NOTICE OF DEPOSITION UPON MOBIL CORPORATION**

was served via LexisNexis File & Serve in MDL No. 1358 and upon Peter J. Sacripanti in his capacity as liaison counsel in this matter on this, the 22nd day of August, 2006.

*April J. Warner*
APRIL J. WARNER