# EXHIBIT 8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X     Master File No. 1:00-1898
                                                            MDL No. 1358 (SAS)
In re: Methyl Tertiary Butyl Ether                          M21-88
("MTBE") Products Liability Litigation
                                                            PLAINTIFFS' NOTICE OF
------------------------------------------------------X     DEPOSITION OF DEFENDANT
                                                            MOBIL CORPORATION
                                                            RE: INVESTIGATION, REPORTING,
This Document Relates To:   All Cases                       REMEDIATION, AND USE OF
                                                            CONSULTANTS, WITH PRODUCTION
                                                            OF DOCUMENTS AND VIDEOTAPING

------------------------------------------------------X

**TO ALL PARTIES AND THEIR ATTORNEY(S) OF RECORD:**

**PLEASE TAKE NOTICE** that, under Federal Rule of Civil Procedure 30(b)(6), Plaintiffs[1]

will take the oral deposition of Defendant Mobil Corporation ("Defendant"), on November 28, 2006

at 10 a.m. at the law offices of  Weitz & Luxenberg, P.C., 180 Maiden Lane, 17th Floor, New York,

New York 10038-4925.

Pursuant to Federal Rule of Civil Procedure 30(b)(6), the deponent shall designate and

produce at the deposition those of its officers, directors, managing agents, employees, or agents who

are most qualified to testify on its behalf as to those matters set forth in the notice under the heading

"designated issues" to the extent of any information known or reasonably available to the deponent.

In addition, the deponent must produce documents described in the section of this notice

entitled "request for production of documents." Pursuant to Honorable Shira A. Scheindlin's

Suggested Rules of Discovery Practice No. 7 governing Document Production at Depositions,

---

[1]     This Notice of Deposition is served on behalf of all Plaintiffs in the MDL, except
for the State of New Hampshire and the People of the State of California, hereinafter
"Plaintiffs."



Plaintiffs request that Defendant produce the requested documents no later than ten (10) days prior to the deposition.

Plaintiffs request that ten (10) days prior to the deposition, Defendant provide: (1) the names and titles of the persons it will designate to give testimony; and (2) summaries of the areas in which each designated person will give testimony.

It is intended that this deposition will be videotaped and may be used at trial. It is further intended that instant visual display and streaming internet technology will be utilized to stenographically record and convey the testimony. The stenographic recording will be taken before Esquire Deposition Services, 1880 John F. Kennedy Boulevard, 15th Floor, Philadelphia, PA 19103.

## DEFINITIONS

1.  "AGENCY(IES)" means any and all government agencies or entities which regulate aspects of the gasoline industry, including but not limited to US, federal, and state environmental protection and conservation departments.

2.  "CHARACTERISTICS" means any and all issues related to the solubility, degradation, biodegradation, REMEDIATION issues and/or all other reference to how MTBE or gasoline containing MTBE reacts in groundwater.

3.  "DOCUMENT" or "DOCUMENTS" are defined to include any and all manner of electronic, written, typed, printed, reproduced, filmed or recorded material, and all photographs, pictures, plans, drawings, or other representations of any kind of anything pertaining, describing, or concerning, directly or indirectly, in whole or in part, the subject matter of each designated issue and request, and document(s) includes, without limitation,

    a.  papers, books, journals, handbooks, manuals, ledgers, statements, memoranda, reports, invoices, worksheets, work papers, notes, transcription of notes, letters,

-2-

correspondence, abstracts, diagrams, plans, blueprints, specifications, pictures, drawings, films, photographs, graphic representations, diaries, calendars, desk calendars, lists, logs, publications, advertisements, instructions, minutes, orders, messages, résumés, summaries, agreements, contracts, telegrams, telexes, cables, recordings, electronic mail, audio tapes, transcriptions of tapes or recordings, or any other writings or tangible things in which any forms of communication are recorded or reproduced, as well as all notations on the foregoing; and

b.     original and all other copies not absolutely identical; and

c.     all drafts and notes (whether typed or handwritten or otherwise) made or prepared in connection with each such document, whether used or not.

4.    "MTBE" means Methyl Tertiary Butyl Ether.

5.    "RELEASE" or "RELEASED" means any spilling, leaking, emitting, discharging, escaping, leaching, or disposing into or onto land, water, or subsurface material, including vapor RELEASES, and continuous, low-level and/or unreported RELEASES.

6.    "RELEVANT GEOGRAPHICAL AREA" means the Relevant Geographic area as defined in Case Management Order #4, IIC(1)-(4), including any subsequent modifications.

7.    "REMEDIATE" and "REMEDIATION" mean action to clean up, mitigate, correct, abate, minimize, eliminate, control, or prevent the presence, spreading, migration, leaking, leaching, volatilization, spilling, or transport of hazardous substance or further RELEASE of a hazardous substance into the environment.

8.    "TBA" means Tertiary Butyl Alcohol.

9.    "USTs" means underground gasoline storage tank systems, including but not limited to tanks, piping, dispensers, valves, and all appurtenances thereto.

10.    "YOU," "YOUR," or "DEFENDANT" means responding defendant and its officers, directors, employees, partners, corporate parents, subsidiaries, affiliates, agents and representatives, and any of its affiliates, subsidiaries, predecessors, agents, or employees.

- 3 -

**NOTICE IS FURTHER GIVEN** that the deponent(s) will be deposed concerning the following issues:

### DESIGNATED ISSUES

1.   Whether any DOCUMENTS described in the Request to Produce Documents, which is a part of this notice, were destroyed.  Who destroyed those DOCUMENTS, why and when.

2.   Authentication of all DOCUMENTS produced at the deposition.

3.   What efforts were made to locate the DOCUMENTS described in the request to produce documents that accompanies this deposition notice, who performed the search, and when and what was found.

4.   When YOU first began testing for the presence of MTBE and/or TBA in soil at service stations owned, operated, leased or otherwise controlled by YOU and the circumstances surrounding the decision to test or not to test.  When you began such testing in the Relevant Geographic Areas and the circumstances surrounding the decision to test or not to test.

5.   When YOU first began reporting to the regulatory agencies the results of testing for the presence of MTBE and/or TBA in soil at service stations owned, operated, leased or otherwise controlled by YOU and the circumstances surrounding the decision to report or not report the results.  When you began such reporting in the Relevant Geographic Areas and the circumstances surrounding the decision to report or not report the results.

6.   When YOU first began testing for the presence of MTBE and/or TBA in groundwater at stations owned, operated, leased or otherwise controlled by YOU and the circumstances surrounding the decision to test or not to test.  When you first began such testing in the

- 4 -

Relevant Geographic Areas or any area that Defendant distributes gasoline containing MTBE to and the circumstances surrounding the decision to test or not to test.

7.    When YOU first began reporting to the regulatory agencies the results of testing for the presence of MTBE and/or TBA in groundwater at service stations owned, operated, leased or otherwise controlled by YOU and the circumstances surrounding the decision to report or not report the results. When you first began such reporting to the regulatory agencies in the Relevant Geographic Areas or any area and the circumstances surrounding the decision to report or not report the results.

8.    Whether, when, where, why, and under what circumstances did YOU first instruct any environmental consulting firm or other person retained by YOU to investigate or REMEDIATE a RELEASE of gasoline containing MTBE to test samples for the presence of MTBE.  Whether, when, where, why, and under what circumstances did YOU first instruct any environmental consulting firm or other person retained by YOU to investigate or REMEDIATE a RELEASE of gasoline containing MTBE to test samples for the presence of MTBE in the Relevant Geographic Areas or any area.

9.    Whether, when, where, why, and under what circumstances did YOU ever provide any instruction (in writing or otherwise), to any environmental consulting firm or other person retained by YOU to investigate or REMEDIATE a RELEASE of gasoline containing MTBE not to test samples for the presence of MTBE. Whether, when, where, why, and under what circumstances did YOU ever provide any instruction (in writing or otherwise), to any environmental consulting firm or other person retained by YOU to investigate or

REMEDIATE a RELEASE of gasoline containing MTBE in the Relevant Geographic Areas or any area not to test samples for the presence of MTBE.

10.     Whether, when, where, why, and under what circumstances did YOU ever instruct (in writing or otherwise), any environmental consulting firm or other person retained by YOU to investigate or REMEDIATE a RELEASE of gasoline containing MTBE not to provide representatives of any governmental agency with the results of any samples which tested for the presence of MTBE. Whether, when, where, why, and under what circumstances did YOU ever instruct (in writing or otherwise), any environmental consulting firm or other person retained by YOU to investigate or REMEDIATE a RELEASE of gasoline containing MTBE in the Relevant Geographic Areas or any area not to provide representatives of any governmental agency with the results of any samples which tested for the presence of MTBE.

11.     Whether, when, where, why, and under what circumstances did YOU ever instruct (in writing or otherwise), any environmental consulting firm or other person retained by YOU to investigate or REMEDIATE a RELEASE of gasoline containing MTBE to prepare a separate report without the MTBE analytical data for submission to any governmental agency. Whether, when, where, why, and under what circumstances did YOU ever instruct (in writing or otherwise), any environmental consulting firm or other person retained by YOU to investigate or REMEDIATE a RELEASE of gasoline containing MTBE in the Relevant Geographic Areas or any area to prepare a separate report without the MTBE analytical data for submission to any governmental agency.

12.    Whether on or about July 1997 YOU received a letter from Stephen J. Morse, Chief, Toxics Division, San Francisco Regional Water Quality Control Board. If so, whether YOU provided a response to Mr. Morse.

13.    Whether on or about May 1996 YOU received a letter from the Los Angeles Regional Water Quality Control Board from Dr. Robert Ghirelli and/or Karen Haynes. If so, whether YOU provided a response.

14.    Any instructions or information provided by YOU to YOUR environmental engineers, environmental consultants, or any other contractor or consultant retained by YOU to investigate or REMEDIATE gasoline RELEASES at service stations owned, operated, leased or otherwise controlled by YOU regarding whether or not to test for the presence of MTBE and/or TBA in soil or groundwater, and whether or not to report the results to the regulatory agency. Any instructions or information provided by YOU to YOUR environmental engineers, environmental consultants, or any other contractor or consultant retained by YOU to investigate or REMEDIATE gasoline RELEASES at service stations owned, operated, leased or otherwise controlled by YOU in the Relevant Geographic Areas or any area regarding whether or not to test for the presence of MTBE and/or TBA in soil or groundwater, and whether or not to report the results to the regulatory agency.

15.    Any instructions or information provided by YOU to YOUR environmental engineers, environmental consultants, or any other contractor or consultant retained by YOU to investigate or REMEDIATE gasoline RELEASES at service stations owned, operated, leased or otherwise controlled by YOU regarding the use, development, or promotion of Risk-Based Corrective Action as a strategy for remediating MTBE and/or TBA. Any

- 7 -

instructions or information provided by YOU to YOUR environmental engineers, environmental consultants, or any other contractor or consultant retained by YOU to investigate or REMEDIATE gasoline RELEASES at service stations owned, operated, leased or otherwise controlled by YOU in the Relevant Geographic Areas or any area regarding the use, development, or promotion of Risk-Based Corrective Action as a strategy for remediating MTBE and/or TBA.

16.   What warnings (written or otherwise), handbooks or manuals are provided to environmental consultants hired to investigate or REMEDIATE MTBE and/or TBA contamination at service stations owned, operated, leased or otherwise controlled by YOU.

17.   The decision making process behind whether such warnings, information, handbooks or manuals should be given to environmental consultants hired to investigate or REMEDIATE MTBE and/or TBA contamination at service stations owned, operated, leased or otherwise controlled by YOU.

18.   Identify the group or department that had final approval of the aforementioned warnings, handbooks, manuals or other information given to environmental consultants hired to investigate or REMEDIATE MTBE and/or TBA contamination at service stations owned, operated, leased, have a retail agreement with or otherwise controlled by YOU.

19.   Any and all warnings or information of any kind or form provided by YOU to governmental regulators, including those governmental regulators with authority over service stations located in the RELEVANT GEOGRAPHICAL AREAS or any area, regarding MTBE and/or TBA and gasoline containing MTBE and/or TBA. These warnings may include (but are not limited to) information about: MTBE and/or TBA's existence in gasoline being delivered to

- 8 -

these area;  whether YOU tested for or quantified MTBE and/or TBA's existence in the soil

or groundwater at service stations owned, operated, leased or otherwise controlled by YOU;

MTBE and/or TBA's characteristics; MTBE and/or TBA's risks to the environment.

20.  The decision making process behind whether warnings or information should be given to

governmental regulators.

21.  Identify the group or department that had the responsibility of final approval for any of the

aforementioned warnings.

22.  Whether, when, where, and under what circumstances, if ever, did YOU suggest, promote,

or advocate to any regulatory agencies that natural attenuation is an acceptable method of

remediating MTBE contamination.

23.  Whether, when, where, and under what circumstances, if ever, did YOU suggest, promote,

or advocate to any regulatory agency the use of Risk-Based Corrective Action as a strategy

for remediating MTBE and/or TBA.

24.  Any internal discussions regarding the use of Risk-Based Corrective Action as a strategy for

remediating MTBE and/or TBA.

25.  Any internal discussions regarding the use of natural attenuation as a strategy for remediating

MTBE and/or TBA.

## REQUEST FOR PRODUCTION OF DOCUMENTS

**NOTICE IS FURTHER GIVEN** that Defendant and its counsel are required by Federal Rules of Civil Procedure Rule 34 and Honorable Shira A. Scheindlin's Suggested Rule of Discovery Practice No. 7 to produce ten days prior to the deposition the following:i)ii)

1.     All DOCUMENTS reviewed, considered, and/or used by the deponent to determine the facts related to any issue set forth above and/or to prepare for this deposition.

2.     All DOCUMENTS in the deponent's possession or personal file relating in any way to MTBE including any and all documents, correspondence, verbal communications, notes, e-mails, etc. regarding same, other than Attorney-Client communications.

3.     The deponent's complete file relating to this lawsuit and all documents provided, reviewed, received, written or prepared relating to any aspect of this lawsuit, to include pleadings, depositions, correspondence, time records or time sheets, billing statements, handwritten notes, telephone call slips, and e-mails, other than Attorney-Client communications.

4.     Deponent's current résumé, curriculum vitae and bibliography.

5.     ALL DOCUMENTS which evidence when YOU first began testing for the presence of MTBE and/or TBA in soil at service stations owned, operated, leased or otherwise controlled by YOU, as well as all documents relating to the circumstances surrounding the decision to test or not to test.

6.     ALL DOCUMENTS which evidence when YOU first began reporting to any regulatory agency the results of testing for the presence of MTBE and/or TBA in soil at service stations owned, operated, leased or otherwise controlled by YOU, as well as all documents relating to the circumstances surrounding the decision to report or not report the results.

7.    ALL DOCUMENTS which evidence when YOU first began testing for the presence of MTBE and/or TBA in groundwater at stations owned, operated, leased or otherwise controlled by YOU, as well as all documents relating to the circumstances surrounding the decision to test or not to test.

8.    ALL DOCUMENTS which evidence when YOU first began reporting to any regulatory agency the results of testing for the presence of MTBE and/or TBA in groundwater at service stations owned, operated, leased or otherwise controlled by YOU, as well as all documents relating to the circumstances surrounding the decision to report or not report the results.

9.    Any and all copies of a May 1996 letter from the Los Angeles Regional Water Quality Control Board from Dr. Robert Ghirelli and/or Karen Haynes, and copies of any DOCUMENTS which mention, concern, and/or refer to this letter.

10.    Any and all copies of a July 1997, letter from Stephen J. Morse, Chief, Toxics Division, San Francisco Regional Water Quality Control Board, and copies of any DOCUMENTS which mention, concern, and/or refer to this letter.

11.    ALL DOCUMENTS which consist of instructions or information provided by YOU to YOUR environmental engineers, environmental consultants, or any other contractor or consultant retained by YOU to investigate or REMEDIATE gasoline RELEASES at service stations owned, operated, leased or otherwise controlled by YOU regarding whether or not to test for the presence of MTBE and/or TBA in soil or groundwater, and whether or not to report the results to the regulatory agency, as well as all documents relating to YOUR decision whether or not to provide such information or instruction.

- 11 -

12. ALL DOCUMENTS which consist of instructions or information provided by YOU to YOUR environmental engineers, environmental consultants, or any other contractor or consultant retained by YOU to investigate or REMEDIATE gasoline RELEASES at service stations owned, operated, leased or otherwise controlled by YOU regarding the use, development, or promotion of Risk-Based Corrective Action as a strategy for remediating MTBE and/or TBA, as well as all documents relating to YOUR decision whether or not to provide such information or instruction.

13. All warnings, handbooks or manuals provided to environmental consultants hired to investigate or REMEDIATE MTBE and/or TBA contamination at service stations owned, operated, leased or otherwise controlled by YOU.

14. ALL DOCUMENTS regarding YOUR decision whether or not to provide such warnings to environmental consultants.

15. ALL DOCUMENTS consisting of warnings or communications of any kind or form provided by YOU to any government regulator, regarding MTBE and/or TBA and gasoline containing MTBE and/or TBA. These warnings or communications may include (but are not limited to) information relating to: MTBE and/or TBA's existence in gasoline being delivered to the area; whether YOU tested for or quantified MTBE and/or TBA's existence in the soil or groundwater at service stations owned, operated, leased or otherwise controlled by YOU; MTBE and/or TBA's characteristics; MTBE and/or TBA's risks to the environment; and/or information about the regulator's need to require that MTBE and/or TBA be taken into consideration when overseeing testing and clean up.

- 12 -

16. ALL DOCUMENTS regarding YOUR decision whether or not to provide warnings to governmental regulators.

17. ALL DOCUMENTS relating to any suggestion by YOU to any regulatory agency that natural attenuation is an acceptable method of remediating MTBE contamination.

18. ALL DOCUMENTS relating to any suggestion by YOU to any regulatory agency for the use of Risk-Based Corrective Action as a strategy for remediating MTBE and/or TBA.

19. ALL DOCUMENTS relating to any and all types of remediation that Defendant considered or utilized to remove MTBE from groundwater and soil and any and ALL STUDIES or surveys YOU used in determining the pros and cons of each of these methods.

Dated: New York, New York
October 4, 2006

William A. Walsh (WW-3301)
Robin Greenwald, Esq. (RG-9205)
Robert Gordon, Esq. (RG-3408)
WEITZ & LUXENBERG, P.C.
180 Maiden Lane, 17th Floor
New York, New York 10038-4925
Telephone: (212) 558-5500
Facsimile: (212) 558-5506

*On behalf of Plaintiffs*

- 13 -

## DECLARATION OF SERVICE

I, April J. Warner, hereby declare under perjury of law that a true copy of the foregoing

**PLAINTIFFS' NOTICE OF DEPOSITION UPON MOBIL CORPORATION**

was served via LexisNexis File & Serve in MDL No. 1358 and upon Peter J. Sacripanti in his capacity as liaison counsel in this matter on this, the 4th day of October, 2006.

*April J. Warner*
APRIL J. WARNER