# EXHIBIT 22

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------X   **Master File No. 1:00-1898**
                                                           **MDL No. 1358 (SAS)**
In re: Methyl Tertiary Butyl Ether                         **M21-88**
("MTBE") Products Liability Litigation

-------------------------------------------------------X   **PLAINTIFFS' AMENDED NOTICE OF**
                                                           **DEPOSITION OF MOBIL CORP.**
                                                           **DEFENDANTS**
                                                           **RE:  RELEASE AND**
This Document Relates To:   All Cases                      **CONTAMINATION, WITH**
                                                           **PRODUCTION OF DOCUMENTS**
                                                           **AND VIDEOTAPING**

-------------------------------------------------------X

**TO ALL PARTIES AND THEIR ATTORNEY(S) OF RECORD:**

**PLEASE TAKE NOTICE** that, under Federal Rule of Civil Procedure 30(b)(6),

Plaintiffs[1] will take the oral deposition of **Defendant Mobil Corporation ("Defendant"), on**

**March 30, 2007 at 9:30 am at the law offices of McDermott, Will & Emery, 600 13th Street,**

**N.W., Washington, D.C.  20005-3096.**

Pursuant to Federal Rule of Civil Procedure 30(b)(6), the deponent shall designate and

produce at the deposition those of its officers, directors, managing agents, employees, or agents

who are most qualified to testify on its behalf as to those matters set forth in the notice under the

heading "designated issues" to the extent of any information known or reasonably available to the

deponent.

---

[1]      This Amended Notice of Deposition is served on behalf of all Plaintiffs in the
MDL, except for the State of New Hampshire and the People of the State of California,
hereinafter "Plaintiffs."

- 1 -



In addition, the deponent must produce documents described in the section of this notice entitled "request for production of documents." Pursuant to Honorable Shira A. Scheindlin's Suggested Rules of Discovery Practice No. 7 governing Document Production at Depositions, Plaintiffs request that Defendant produce the requested documents no later than ten (10) days prior to the deposition.

Plaintiffs request that ten (10) days prior to the deposition, Defendant provide: (1) the names and titles of the persons it will designate to give testimony; and (2) summaries of the area in which each designated person will give testimony.

It is intended that this deposition will be videotaped and may be used at trial. It is further intended that instant visual display and streaming internet technology will be utilized to stenographically record and convey the testimony. The stenographic recording will be taken before Golkow Litigation Technologies, 1880 John F. Kennedy Blvd., Suite 760, Philadelphia, PA 19103.

## DEFINITIONS

1.    "DOCUMENT" or "DOCUMENTS" are defined to include any and all manner of electronic, written, typed, printed, reproduced, filmed or recorded material, and all photographs, pictures, plans, drawings, or other representations of any kind of anything pertaining, describing, or concerning, directly or indirectly, in whole or in part, the subject matter of each designated issue and request, and document(s) includes, without limitation,

    a.    papers, books, journals, handbooks, manuals, ledgers, statements, memoranda, reports, invoices, worksheets, work papers, notes, transcription of notes, letters, correspondence, abstracts, diagrams, plans, blueprints, specifications, pictures, drawings, films, photographs, graphic representations, diaries, calendars, desk calendars, lists, logs, publications, advertisements, instructions, minutes, orders,

- 2 -

messages, résumés, summaries, agreements, contracts, telegrams, telexes, cables, recordings, electronic mail, audio tapes, transcriptions of tapes or recordings, or any other writings or tangible things in which any forms of communication are recorded or reproduced, as well as all notations on the foregoing; and

b.    original and all other copies not absolutely identical; and

c.    all drafts and notes (whether typed or handwritten or otherwise) made or prepared in connection with each such document, whether used or not.

2.    "LEAK" means the inadvertent or accidental release of gasoline outside USTs.

3.    "MTBE" means Methyl Tertiary Butyl Ether.

4.    RELEASE" or "RELEASED" means any spilling, leaking, emitting, discharging, escaping, leaching, or disposing into or onto land, water, or subsurface material, including vapor releases, and continuous, low-level and/or unreported releases.

5.    "STUDY" or "STUDIES" includes all internal and external studies and all research, surveys, tests, investigations, assessments, drafts and summaries of same and all communications concerning each such study or studies.

6.    The term "TANK" or "UST" shall mean the entire UNDERGROUND STORAGE TANK system and all its required equipment, including but not limited to piping, dispensers, walls, the TANK itself, valves, and all appurtenances thereto.

7.    "YOU," "YOUR," or "DEFENDANT" means responding defendant and its officers, directors, employees, partners, corporate parents, subsidiaries, affiliates, agents and representatives, and any of its affiliates, subsidiaries, predecessors, agents, or employees.

**NOTICE IS FURTHER GIVEN** that the deponent(s) will be deposed concerning the following issues:

## DESIGNATED ISSUES

- 3 -

1.   Whether any DOCUMENTS described in the Request to Produce Documents, which is a part of this notice, were destroyed.  Who destroyed those DOCUMENTS and when.

2.   Authentication of all DOCUMENTS produced at the deposition.

3.   What efforts were made to locate the DOCUMENTS described in the request to produce documents that accompanies this deposition notice and who performed the search.

4.   What internal STUDIES or surveys were done by Defendant or at its direction in order to determine what percentage of Defendant's USTs LEAK and whether Defendant ever considered doing such a STUDY.

5.   What vulnerability or sensitive receptor surveys or STUDIES were done by Defendant, at its direction or that Defendant is aware of, and whether Defendant ever considered doing such a STUDY.

6.   What STUDIES or surveys did Defendant fund, obtain or review that determined what percentage of USTs LEAK.

7.   What STUDIES or surveys did Defendant fund, obtain or review regarding vapor RELEASES of MTBE and/or TBA from USTs.

8.   What internal STUDIES or surveys were done by Defendant or at its direction to determine what percentage of its UST's suffer vapor releases and whether Defendant ever considered doing such a STUDY.

9.   What STUDIES or surveys did Defendant fund, obtain or review that determined what percentage of upgraded tanks LEAK.

10.   What internal STUDIES or surveys were done by Defendant or at its direction to determine what percentage of its upgraded tanks LEAK and whether Defendant ever considered doing such a STUDY.

11.   What internal STUDIES or surveys were done by Defendant or at its direction to determine what percentage of its leaking UST sites have MTBE contamination and whether Defendant ever considered doing such a STUDY.

12.   What STUDIES or surveys did Defendant fund, obtain or review that determined what percentage of leaking UST sites have MTBE contamination.

13.   What STUDIES or surveys did Defendant fund, obtain or review that determined at what rate USTs suffer continuous or long-term low-level releases.

14.   What internal STUDIES or surveys were done by Defendant or at its direction to determine whether its USTs suffer continuous or long-term low-level releases and whether Defendant ever considered doing such a STUDY.

15.   When and how Defendant first became aware that USTs LEAK.

16.   The various methods used by station owners to determine when a tank is leaking, including the various methods' "allowable LEAK rate."

17.   What support did Defendant provide to station owners for monitoring the area near USTs to identify LEAKs.

18.   What system of tank reconciliation did Defendant utilize for it service stations and how did Defendant oversee that system.

19.   What internal STUDIES or surveys were done by Defendant or at its direction to determine whether service station owners selling Defendant's gasoline are complying with

LEAK detection requirements and whether Defendant ever considered doing such a
STUDY.

20.     What internal STUDIES or surveys were done by Defendant or at its direction to
        determine what percentage of service stations selling Defendant's gasoline have leaking
        USTs and whether Defedant ever considered doing such a STUDY.

21.     What internal STUDIES or surveys were done by Defendant or at its direction to
        determine how to better prevent LEAKS from USTs and whether Defendant ever
        considered doing such a STUDY.

22.     What STUDIES or surveys did Defendant fund, obtain or review that determined how to
        better prevent LEAKS from USTs.

23.     What STUDIES or surveys did Defendant fund, obtain or review that determined the
        impact on public drinking water supplies and/or wells caused by MTBE contamination.


## **REQUEST FOR PRODUCTION OF DOCUMENTS**

        **NOTICE IS FURTHER GIVEN** that Defendant and its counsel are required by Federal
Rules of Civil Procedure Rule 34 and Honorable Shira A. Scheindlin's Suggested Rule of
Discovery Practice No. 7 to produce ten days prior to the deposition the following:

1.      All DOCUMENTS reviewed, considered, and/or used by the deponent to determine the
        facts related to any issue set forth above and/or to prepare for this deposition.

2.      All DOCUMENTS in the deponent's possession or personal file relating in any way to
        MTBE including any and all documents, correspondence, verbal communications, notes,
        e-mails, etc. regarding same, other than Attorney-Client communications.

3.      The deponent's complete file relating to this lawsuit and all documents provided, reviewed, received, written or prepared relating to any aspect of this lawsuit, to include pleadings, depositions, correspondence, time records or time sheets, billing statements, handwritten notes, telephone call slips, and e-mails, other than Attorney-Client communications.

4.      Deponent's current résumé, curriculum vitae and bibliography.

5.      All DOCUMENTS that refer or relate to STUDIES or surveys done in order to determine what percentage of Defendant's USTs LEAK and documents that indicate whether Defendant ever considered doing such a STUDY.

6.      All DOCUMENTS that refer or relate to STUDIES or surveys done or obtained or reviewed by Defendant in order to determine what percentage of USTs LEAK.

7.      All DOCUMENTS that refer or relate to vulnerability or sensitive receptor surveys or STUDIES and documents that would indicate whether Defendant ever considered doing such a STUDY.

8.      All DOCUMENTS that refer or relate to STUDIES or surveys done or obtained or reviewed by Defendant in order to determine whether and to what extent USTs suffer vapor releases.

9.      All DOCUMENTS that refer or relate to STUDIES or surveys done or obtained or reviewed by Defendant to determine what percentage of Defendant's UST's suffer vapor releases and documents that indicate whether Defendant ever considered doing such a STUDY.

10. All DOCUMENTS that refer or relate to STUDIES or surveys that were done or obtained or reviewed by Defendant in order to determine what percentage of upgraded tanks LEAK.

11. All DOCUMENTS that refer or relate to internal STUDIES or surveys done or obtained or reviewed by Defendant to determine what percentage of Defendant's upgraded tanks LEAK and documents which would indicate whether Defendant ever considered doing such a STUDY.

12. All DOCUMENTS that refer or relate to internal STUDIES or surveys done or obtained or reviewed by Defendant or at its direction to determine what percentage of its leaking UST sites have MTBE contamination and documents that would indicate whether Defendant ever considered doing such a STUDY.

13. All DOCUMENTS that refer or relate to STUDIES or surveys that were done or obtained or reviewed by Defendant in order to determine what percentage of leaking UST sites have MTBE contamination.

14. All DOCUMENTS that refer or relate to STUDIES or surveys that were done or obtained or reviewed by Defendant in order to determine whether or at what rate USTs suffer continuous or long-term low-level releases.

15. All DOCUMENTS that refer or relate to internal STUDIES or surveys done by Defendant or at its direction to determine whether its USTs suffer continuous or long-term low-level releases and documents that would indicate whether Defendant ever considered doing such a STUDY.

16. All DOCUMENTS that refer or relate to when and how Defendant first became aware that USTs LEAK.

17. All DOCUMENTS that refer or relate to internal STUDIES or surveys done by Defendant or at its direction to determine whether service station owners selling Defendant's gasoline are complying with LEAK detection requirements and documents that would indicate whether Defendant ever considered doing such a STUDY.

18. All DOCUMENTS that refer or relate to internal STUDIES or surveys were done by Defendant or at its direction to determine what percentage of service stations selling Defendant's gasoline have leaking USTs and documents that would indicate whether Defendant ever considered doing such a STUDY.

19. All DOCUMENTS that refer or relate to internal STUDIES or surveys were done by Defendant or at its direction to determine how to better prevent LEAKS from USTs and documents that would indicate whether Defendant ever considered doing such a STUDY.

20. All DOCUMENTS that refer or relate to STUDIES or surveys that were done or obtained or reviewed by Defendant in order to determine how to better prevent LEAKS from USTs.

21. All DOCUMENTS that refer or relate to STUDIES or surveys that were done or obtained or reviewed by Defendant in order to determine the impact on public drinking water supplies and/or wells caused by MTBE contamination.

Dated: March 14, 2007
     Dallas, Texas

                Celeste Evangelisti (New York Bar No. 4168399)
                M. Cristina Sanchez
                BARON & BUDD, P.C.
                3102 Oak Lawn Avenue, Suite 1100
                Dallas, Texas  75219-4281
                Telephone:  (214) 521-3605
                Facsimile:  (214) 520-1181

                Robert J. Gordon
                Robin Greenwald
                WEITZ & LUXENBERG, P.C.
                180 Maiden Lane, 17th Floor
                New York, New York  10038-4925
                Telephone:  (212) 558-5500
                Facsimile:  (212) 558-5506

                *On behalf of Plaintiffs*

## DECLARATION OF SERVICE

l, Ashli Taquino, hereby declare under perjury of law that a true copy of the foregoing

### PLAINTIFFS' AMENDED NOTICE OF DEPOSITION OF MOBIL CORP.
### DEFENDANTS

was served via LexisNexis File & Serve in MDL No. 1358 and upon Peter J. Sacripanti and Robin Greenwald in their capacity as liaison counsel in this matter on this, the 14th day of March, 2007.

ASHLI TAQUINO