# EXHIBIT 25

# W E I T Z
# &
# L U X E N B E R G

A PROFESSIONAL CORPORATION

· LAW OFFICES ·

180 MAIDEN LANE • NEW YORK, N.Y. 10038-4925
TEL. 212-558-5500          FAX 212-344-5461

December 1, 2006

**VIA ELECTRONIC MAIL**
Anthony A. Bongiorno, Esq.
McDermott Will & Emery
28 State Street
Boston, MA 02109

    Re: *Notices of Deposition*

Dear Tony,

  I write in connection with the two accompanying Notices of Deposition of Mobil Corporation.

  Plaintiffs believe and maintain that Mobil Corporation, as a defendant in this litigation, is the proper recipient for all discovery demands. In light of your firm's position and the immediate need for the instant deposition, however, plaintiffs are providing a second notice for the FRCP 30(b)(6) deposition to cover Mobil Corporation's corporate structure, aspects of its merger with Exxon Corporation and its status as a properly named party to this litigation. Defendants should not construe the Notice of Deposition as an agreement with or acceptance of your position.

               Very truly yours,

               William A. Walsh

cc: Peter J. Sacripanti, Esq. (as liaison counsel)



51 HADDONFIELD ROAD, SUITE 160 • CHERRY HILL, NJ 08002 • TEL. 856-488-9001 • FAX 856-488-9077
76 SOUTH ORANGE AVENUE, SUITE 201 • SOUTH ORANGE, NJ 07079 • TEL. 973-761-8995 • FAX 973-763-4020



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

In re: Methyl Tertiary Butyl Ether
("MTBE") Products Liability Litigation

-----------------------------------------------------------X

This Document Relates To:   All Cases

-----------------------------------------------------------X

Master File No. 1:00-1898
MDL No. 1358 (SAS)
M21-88

PLAINTIFFS' NOTICE OF
DEPOSITION OF MOBIL
CORPORATION RE:
CORPORATE STRUCTURE,
MERGER & LIABILITY

**TO ALL PARTIES AND THEIR ATTORNEY(S) OF RECORD:**

**PLEASE TAKE NOTICE** that, under Federal Rule of Civil Procedure 30(b)(6), Plaintiffs[1] will take the oral deposition of Defendant Mobil Corporation ("Defendant"), on December 21, 2006 at 10 a.m. at the law offices of Weitz & Luxenberg, P.C., 180 Maiden Lane, 17th Floor, New York, New York 10038-4925.

Pursuant to Federal Rule of Civil Procedure 30(b)(6), the deponent shall designate and produce at the deposition those of its officers, directors, managing agents, employees, or agents who are most qualified to testify on its behalf as to those matters set forth in the notice under the heading "designated issues" to the extent of any information known or reasonably available to the deponent.

In addition, the deponent must produce documents described in the section of this notice entitled "Request for Production of Documents." Pursuant to Honorable Shira A. Scheindlin's Suggested Rules of Discovery Practice No. 7 governing Document Production at Depositions,

---

[1] This Notice of Deposition is served on behalf of all Plaintiffs in the MDL, except for the State of New Hampshire and the People of the State of California, hereinafter "Plaintiffs."

- 1 -

Plaintiffs request that Defendant produce the requested documents no later than ten (10) days prior to the deposition.

Plaintiffs request that ten (10) days prior to the deposition, Defendant provide: (1) the names and titles of the persons it will designate to give testimony; and (2) summaries of the areas in which each designated person will give testimony.

This deposition will be videotaped and may be used at trial. Instant visual display and streaming internet technology will also be utilized to stenographically record and convey the testimony. The stenographic recording will be taken before Esquire Deposition Services, 1880 John F. Kennedy Boulevard, 15th Floor, Philadelphia, PA 19103.

## DEFINITIONS

1. "DOCUMENT" or "DOCUMENTS" are defined to include any and all manner of electronic, written, typed, printed, reproduced, filmed or recorded material, and all photographs, pictures, plans, drawings, or other representations of any kind of anything pertaining, describing, or concerning, directly or indirectly, in whole or in part, the subject matter of each designated issue and request, and document(s) includes, without limitation,

    a. papers, books, journals, handbooks, manuals, ledgers, statements, memoranda, reports, invoices, worksheets, work papers, notes, transcription of notes, letters, correspondence, abstracts, diagrams, plans, blueprints, specifications, pictures, drawings, films, photographs, graphic representations, diaries, calendars, desk calendars, lists, logs, publications, advertisements, instructions, minutes, orders, messages, résumés, summaries, agreements, contracts, telegrams, telexes, cables, recordings, electronic mail, audio tapes, transcriptions of tapes or recordings, or any other writings or tangible things in which any forms of communication are recorded or reproduced, as well as all notations on the foregoing;

    b. original and all other copies not absolutely identical; and

    c. all drafts and notes (whether typed, handwritten or otherwise) made or prepared in connection with each such document, whether used or not.

2. "MTBE" means Methyl Tertiary Butyl Ether.

3. "RELEVANT GEOGRAPHICAL AREA" means the Relevant Geographic area as defined in Case Management Order #4, IIC(1)-(4), including any subsequent modifications.

4. "STATE AGENCY(IES)" means any and all agencies which regulate aspects of the gasoline industry, including but not limited to that state's Departments of Environmental Protection and/or Conservation.

5. "USTs" means underground gasoline storage tank systems, including but not limited to tanks, piping, dispensers, valves, and all appurtenances thereto.

6. "YOU," "YOUR," or "DEFENDANT" means responding defendant and its officers, directors, employees, partners, corporate parents, subsidiaries, affiliates, agents and representatives, and any of its predecessors.

**NOTICE IS FURTHER GIVEN** that the deponent(s) will be deposed concerning the following issues:

## DESIGNATED ISSUES

1. Whether any DOCUMENTS described in the Request for Production of Documents, which is a part of this notice, were destroyed. If so, when were those documents destroyed and by whom?

2. Authentication of all DOCUMENTS produced at the deposition.

3. What efforts were made to locate the DOCUMENTS described in the request to produce documents that accompanies this deposition notice, who performed the search, and when and what was found.

4. The corporate structure of Mobil Corporation during the time period of 1979 through 1999, including any wholly or partially owned subsidiaries of the corporation.

5. Identification of all corporations, limited liability companies, partnerships, joint ventures, or other business operations or companies involved in the petrochemical industry in which Mobil Corporation directly or indirectly held an interest at any time between 1979 and 1999.

6. Identification of each officer and member of the Board of Directors of Mobil Corporation, as well as the individual heads of each division, department, operating group or other subdivision of the corporation for the period running from 1979 to 1999.

7. The individuals and departments within Mobil Corporation or any other wholly or partially owned Mobil Corporation subsidiary, partnership, joint venture, or other business entity responsible for the evaluation, performance assessment, manufacturing, marketing or purchase of MTBE, ethanol and other potential oxygenates for the period running from 1979 to 1999.

8. The individuals and departments within Mobil Corporation or any other wholly or partially owned Mobil Corporation subsidiary, partnership, joint venture, or other business entity responsible for oversight of environmental contamination and remediation for the period running from 1979 to 1999.

9. The current status of Mobil Corporation, including its date and place of incorporation, the assets and liabilities of the corporation, the number of employees of the corporation and the corporation's present structure.

10. Any obligation of Exxon Mobil Corporation or any of its wholly or partially owned subsidiaries, to assume, indemnify, or otherwise satisfy any judicial finding of liability assessed against Mobil Corporation, or any of its wholly or partially owned subsidiaries.

11. Any transfer of assets from Mobil Corporation or any of its wholly or partially owned subsidiaries to Exxon Corporation or any of its wholly or partially owned subsidiaries, whether performed pursuant to the terms of the 1999 merger or at any time following the completion of the merger.

12. Any assumption by Exxon Mobil Corporation or any of its wholly or partially owned subsidiaries, (whether unconditional or contingent), of liability for any pre-1999 merger activities of Mobil Corporation or the operations of any wholly or partially owned Mobil Corporation subsidiary, partnership, joint venture, or other business entity.

13. Mobil Corporation's status as a properly named and properly served party in the MDL 1358 cases.

### REQUEST FOR PRODUCTION OF DOCUMENTS

**NOTICE IS FURTHER GIVEN** that Defendant and its counsel are required by Federal Rules of Civil Procedure Rule 34 and Honorable Shira A. Scheindlin's Suggested Rule of Discovery Practice No. 7 to produce ten days prior to the deposition the following:

1. All DOCUMENTS reviewed, considered, and/or used by the deponent to determine the facts related to any issue set forth above and/or to prepare for this deposition.

2. All DOCUMENTS in the deponent's possession or personal file relating in any way to MTBE, other than Attorney-Client communications.

3. The deponent's complete file relating to this lawsuit and all Documents provided, reviewed, received, written or prepared relating to any aspect of this lawsuit, other than Attorney-Client communications.

4. Deponent's current résumé, curriculum vitae and bibliography.

5. ALL DOCUMENTS relating to Mobil Corporation's corporate structure, including but not limited to corporate charts, on an annual basis for the period from 1979 through 1999.

6. ALL DOCUMENTS relating to the final merger agreement between Mobil Corporation and Exxon Corporation.

7. A copy of each 10-k filing that Mobil Corporation submitted to the Securities and Exchange Commission between 1979 and 2000.

Dated: New York, New York
December 1, 2006

William A. Walsh (WW-3301)
Robin Greenwald, Esq. (RG-9205)
Robert Gordon, Esq. (RG-3408)
WEITZ & LUXENBERG, P.C.
180 Maiden Lane, 17th Floor
New York, New York 10038-4925
Telephone: (212) 558-5500
Facsimile: (212) 558-5506

*On behalf of Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re: Methyl Tertiary Butyl Ether
("MTBE") Products Liability Litigation

-----------------------------------------------------------X

This Document Relates To:   All Cases

-----------------------------------------------------------X

Master File No. 1:00-1898
MDL No. 1358 (SAS)
M21-88

PLAINTIFFS' NOTICE OF
DEPOSITION OF MOBIL
CORPORATION RE:
CORPORATE STRUCTURE,
MERGER & LIABILITY

**TO ALL PARTIES AND THEIR ATTORNEY(S) OF RECORD:**

**PLEASE TAKE NOTICE** that, under Federal Rule of Civil Procedure 30(b)(6), Plaintiffs[1] will take the oral deposition of Defendant Exxon Mobil Corporation, as the purported successor in interest of Mobil Corporation (together "Defendant"), on December 21, 2006 at 10 a.m. at the law offices of Weitz & Luxenberg, P.C., 180 Maiden Lane, 17th Floor, New York, New York 10038-4925.

Pursuant to Federal Rule of Civil Procedure 30(b)(6), the deponent shall designate and produce at the deposition those of its officers, directors, managing agents, employees, or agents who are most qualified to testify on its behalf as to those matters set forth in the notice under the heading "designated issues" to the extent of any information known or reasonably available to the deponent.

In addition, the deponent must produce documents described in the section of this notice entitled "Request for Production of Documents." Pursuant to Honorable Shira A. Scheindlin's Suggested Rules of Discovery Practice No. 7 governing Document Production at Depositions,

---

[1] This Notice of Deposition is served on behalf of all Plaintiffs in the MDL, except for the State of New Hampshire and the People of the State of California, hereinafter "Plaintiffs."

- 1 -

Plaintiffs request that Defendant produce the requested documents no later than ten (10) days prior to the deposition.

Plaintiffs request that ten (10) days prior to the deposition, Defendant provide: (1) the names and titles of the persons it will designate to give testimony; and (2) summaries of the areas in which each designated person will give testimony.

This deposition will be videotaped and may be used at trial. Instant visual display and streaming internet technology will also be utilized to stenographically record and convey the testimony. The stenographic recording will be taken before Esquire Deposition Services, 1880 John F. Kennedy Boulevard, 15th Floor, Philadelphia, PA 19103.

## **DEFINITIONS**

1.  "DOCUMENT" or "DOCUMENTS" are defined to include any and all manner of electronic, written, typed, printed, reproduced, filmed or recorded material, and all photographs, pictures, plans, drawings, or other representations of any kind of anything pertaining, describing, or concerning, directly or indirectly, in whole or in part, the subject matter of each designated issue and request, and document(s) includes, without limitation,

    a.  papers, books, journals, handbooks, manuals, ledgers, statements, memoranda, reports, invoices, worksheets, work papers, notes, transcription of notes, letters, correspondence, abstracts, diagrams, plans, blueprints, specifications, pictures, drawings, films, photographs, graphic representations, diaries, calendars, desk calendars, lists, logs, publications, advertisements, instructions, minutes, orders, messages, résumés, summaries, agreements, contracts, telegrams, telexes, cables, recordings, electronic mail, audio tapes, transcriptions of tapes or recordings, or any other writings or tangible things in which any forms of communication are recorded or reproduced, as well as all notations on the foregoing;

    b.  original and all other copies not absolutely identical; and

    c.  all drafts and notes (whether typed, handwritten or otherwise) made or prepared in connection with each such document, whether used or not.

2. "MTBE" means Methyl Tertiary Butyl Ether.

3. "RELEVANT GEOGRAPHICAL AREA" means the Relevant Geographic area as defined in Case Management Order #4, IIC(1)-(4), including any subsequent modifications.

4. "STATE AGENCY(IES)" means any and all agencies which regulate aspects of the gasoline industry, including but not limited to that state's Departments of Environmental Protection and/or Conservation.

5. "USTs" means underground gasoline storage tank systems, including but not limited to tanks, piping, dispensers, valves, and all appurtenances thereto.

6. "YOU," "YOUR," or "DEFENDANT" means responding defendant and its officers, directors, employees, partners, corporate parents, subsidiaries, affiliates, agents and representatives, and any of its predecessors.

**NOTICE IS FURTHER GIVEN** that the deponent(s) will be deposed concerning the following issues:

### DESIGNATED ISSUES

1. Whether any DOCUMENTS described in the Request for Production of Documents, which is a part of this notice, were destroyed. If so, when were those documents destroyed and by whom?

2. Authentication of all DOCUMENTS produced at the deposition.

3. What efforts were made to locate the DOCUMENTS described in the request to produce documents that accompanies this deposition notice, who performed the search, and when and what was found.

4. The corporate structure of Mobil Corporation during the time period of 1979 through 1999, including any wholly or partially owned subsidiaries of the corporation.

5. Identification of all corporations, limited liability companies, partnerships, joint ventures, or other business operations or companies involved in the petrochemical industry in which Mobil Corporation directly or indirectly held an interest at any time between 1979 and 1999.

6. Identification of each officer and member of the Board of Directors of Mobil Corporation, as well as the individual heads of each division, department, operating group or other subdivision of the corporation for the period running from 1979 to 1999.

7. The individuals and departments within Mobil Corporation or any other wholly or partially owned Mobil Corporation subsidiary, partnership, joint venture, or other business entity responsible for the evaluation, performance assessment, manufacturing, marketing or purchase of MTBE, ethanol and other potential oxygenates for the period running from 1979 to 1999.

8. The individuals and departments within Mobil Corporation or any other wholly or partially owned Mobil Corporation subsidiary, partnership, joint venture, or other business entity responsible for oversight of environmental contamination and remediation for the period running from 1979 to 1999.

9. The current status of Mobil Corporation, including its date and place of incorporation, the assets and liabilities of the corporation, the number of employees of the corporation and the corporation's present structure.

10. Any obligation of Exxon Mobil Corporation or any of its wholly or partially owned subsidiaries, to assume, indemnify, or otherwise satisfy any judicial finding of liability assessed against Mobil Corporation, or any of its wholly or partially owned subsidiaries.

11. Any transfer of assets from Mobil Corporation or any of its wholly or partially owned subsidiaries to Exxon Corporation or any of its wholly or partially owned subsidiaries, whether performed pursuant to the terms of the 1999 merger or at any time following the completion of the merger.

12. Any assumption by Exxon Mobil Corporation or any of its wholly or partially owned subsidiaries, (whether unconditional or contingent), of liability for any pre-1999 merger activities of Mobil Corporation or the operations of any wholly or partially owned Mobil Corporation subsidiary, partnership, joint venture, or other business entity.

13. Mobil Corporation's status as a properly named and properly served party in the MDL 1358 cases.

## REQUEST FOR PRODUCTION OF DOCUMENTS

**NOTICE IS FURTHER GIVEN** that Defendant and its counsel are required by Federal Rules of Civil Procedure Rule 34 and Honorable Shira A. Scheindlin's Suggested Rule of Discovery Practice No. 7 to produce ten days prior to the deposition the following:

1. All DOCUMENTS reviewed, considered, and/or used by the deponent to determine the facts related to any issue set forth above and/or to prepare for this deposition.

2. All DOCUMENTS in the deponent's possession or personal file relating in any way to MTBE, other than Attorney-Client communications.

3. The deponent's complete file relating to this lawsuit and all Documents provided, reviewed, received, written or prepared relating to any aspect of this lawsuit, other than Attorney-Client communications.

4. Deponent's current résumé, curriculum vitae and bibliography.

5. ALL DOCUMENTS relating to Mobil Corporation's corporate structure, including but not limited to corporate charts, on an annual basis for the period from 1979 through 1999.

6. ALL DOCUMENTS relating to the final merger agreement between Mobil Corporation and Exxon Corporation.

7. A copy of each 10-k filing that Mobil Corporation submitted to the Securities and Exchange Commission between 1979 and 2000.

Dated: New York, New York
December 1, 2006

*[signature]*
William A. Walsh (WW-3301)
Robin Greenwald, Esq. (RG-9205)
Robert Gordon, Esq. (RG-3408)
WEITZ & LUXENBERG, P.C.
180 Maiden Lane, 17th Floor
New York, New York 10038-4925
Telephone: (212) 558-5500
Facsimile: (212) 558-5506

***On behalf of Plaintiffs***