# EXHIBIT 29



SHER·LEFF llp

Nicholas G. Campins
ncampins@sherleff.com
415.348.8300 x202

June 15, 2009

*Via Email & Hand Delivery*

Hon. Shira A. Scheindlin
United States District Judge
U.S. District Court, Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *City of New York v. Amerada Hess*, et al., 04 CV 3417 (SDNY)
           *In re MTBE Products Liability Litigation*, MDL 1358

Dear Judge Scheindlin:

The City of New York ("the City") writes to request the Court's assistance in resolving a dispute regarding its ability to call witnesses at trial via "contemporaneous transmission" from remote locations. The City's position is that it should be allowed to call Defendants' current and former employees and Rule 30(b)(6) designees live at trial via contemporaneous transmission. Defendants take the position that the Court's subpoena power is inadequate to compel such testimony and that the City cannot make the "good cause" showing required for such testimony. After Defendants threatened to seek sanctions if it served subpoenas on their current or former employees, the City instructed its process servers to withhold service of such subpoenas on witnesses who are not parties or officers of parties and who are located more than 100 miles from the district until this matter is resolved by the Court. [1]

The City therefore requests permission from the Court to serve subpoenas on witnesses located more than 100 miles from the district for live testimony at trial via contemporaneous transmission from locations near their homes. For the reasons explained below, the Court's subpoena power is sufficient to compel such witnesses to provide contemporaneous live testimony from nearby locations and "good cause" and "compelling circumstances" exist such that contemporaneous transmission is appropriate.

**The Court May Compel Witnesses to Testify at Locations Near Their Homes**

Federal Rule of Civil Procedure 45(a)(2)(A) provides that a subpoena "for attendance at a hearing or trial," is to be issued by the trial court. *Id.* Pursuant to Rule 45(b)(2), a subpoena may be served at any place: "(B) outside that district but *within 100 miles of the place specified for the* deposition, *hearing, trial*, production, or inspection" or "(D) that the court authorizes on motion and for good cause, if a federal statute so provides." *Id.* (emphasis added).

---

[1] *See* Email Correspondence with Defendants attached as Exhibit A.

Hon. Shira A. Scheindlin
June 15, 2009
Page 2

The 100 mile limitation in Rule 45(b)(2)(B) seeks to forestall hardship to witnesses in situations where they might be required to travel to a distant courthouse. *Id.* This concern is expressly articulated in Rule 45(c)(3)(A)(ii), which requires that an issuing court quash subpoenas in the event they require "a person who is neither a party nor a party's officer *to travel* more than 100 miles from where that person resides, is employed, or regularly transacts business in person." *Id.* (emphasis added). Accordingly, if the specified location for testimony is not more than 100 miles away from the subpoenaed witnesses' homes, the subpoena is valid and the Court may properly compel remote attendance at trial.[2] The City may therefore validly subpoena witnesses to remotely appear at trial at a location near their home.

As an independent and equally sufficient basis, the City may validly subpoena witnesses to appear live at trial via contemporaneous transmission pursuant to Rule 45(b)(2)(D). Rule 45(b)(2)(D) merely requires that the Court authorize such subpoenas upon a showing of good cause and that a federal statute permits it. Here, Rule 43(a) provides the requisite statutory authorization. *See* Fed. R. Civ. Pro. 43(a). Finally, the Court could use its inherent supervisory authority to require Defendants to produce these party-affiliated witnesses. *See* 28 Fed. Proc., L. Ed. § 65:232 ("a subpoena is not necessary when the person to be examined is a party").

The Court's authority to compel remote attendance of witnesses via contemporaneous transmission is therefore beyond dispute. *See In re Vioxx Products Liability Litigation*, 439 F.Supp.2d 640, 642 (E.D. La. 2006) (collecting cases approving of the use of simultaneous transmission and noting one court "even allowed an entire trial to be conducted by contemporaneous transmission"); Ann. Manual Complex Lit. § 12.334, n. 344 (4th ed.) (noting that "[t]his technique was used *in San Juan Dupont Plaza Hotel Fire Litigation*, MDL 721, and in *In re Washington Public Power Supply System Securities Litigation*, MDL 551").

"Good Cause" Exists

Federal Rule of Civil Procedure 43(a), requires a demonstration of "good cause in compelling circumstances" and "appropriate safeguards" before a witness testifies "by contemporaneous transmission from a different location." *See El-Hadad v. United Arab Emirates*, 496 F.3d 658, 668-69 (D.C. Cir. 2007). In *In re Vioxx Products Liability Litigation*, the court applied a five part test for "good cause" and "compelling circumstances" in MDL cases:

> In *Washington Public*, although analyzing the case under the then-current Rule 45(e), the court fashioned a five-prong test for determining whether the use of videoconferencing was permitted at trial. 1988 WL 525314, at *2-3. The five factors were: (1) the control exerted over the witness by the defendant; (2) the complex, multi-party, multi-state nature of the litigation; (3) the apparent tactical

---

[2] The City acknowledges that one of the subpoenas attached as an example to its notice (that was never served) appeared to require in person testimony at the courthouse. The City will revise the subpoenas so that it is very clear to the witnesses that they will be expected to testify near their homes, not at the courthouse. The City will use its best efforts to ensure that the specified location is as close as possible to the witnesses' homes.

Hon. Shira A. Scheindlin
June 15, 2009
Page 3

> advantage, as opposed to any real inconvenience to the witness, that the defendant
> is seeking by not producing the witness voluntarily; (4) the lack of any true
> prejudice to the defendant; and (5) the flexibility needed to manage a complex
> multi-district litigation. *Id.* This same five-prong test was adopted and used by
> the court in *San Juan Dupont*, 129 F.R.D. at 426. For the present case, the Court
> finds that this five-prong test may also be employed to determine the existence of
> "good cause" and "compelling circumstances" under Rule 43.

*In re Vioxx Products Liability Litigation*, 439 F.Supp.2d at 643 (emphasis added).

Applying these factors, "good cause" and "compelling circumstances" exist justifying the use of contemporaneous transmission in this case. *First*, Defendants have control over all or substantially all of the witnesses whom the City seeks to compel the remote attendance of at trial. Specifically, the witnesses are current or former employees of Defendants and several were FRCP 30(b)(6) designees of Defendants: Thomas M. Milton, Michael Roman, Albert Liguori, Paul Bettencourt, Robert Larkins, Eugene Renna, Joseph D'Ambrisi, Wayne Daughtrey, Robert Ganz, Robert G. Weeks, J.M.E Mixter, S.S. Hetrick, Gary Stumpf, Jack Spell, Paul Naro, Frederick Anderson, M.W. Sprigg, David Hayward, Bruce Macklin, Meena Nainan, Norman Novick, Henry Thomassen and Steven Lewis.[3][4] For example, on information and belief, Mr. Roman is a current employee of Defendants and he offered 30(b)(6) testimony on behalf of Defendants relating to warnings and other matters important to the City's claims. Mr. Roman resides in the Metro Washington D.C. area, a short train ride away, but Defendants have refused to make him available for in-person live testimony.

*Second,* this is a focus case in a large multidistrict, multi-state litigation involving numerous cases and defendants. *Third,* Defendants' refusal to produce these witnesses is merely for tactical advantage. For example, on information and belief, Ms. Nainan and Messrs. Roman, Bettencourt, Hayward, Liguori, Milton, Mixter, Novick, Anderson, Thomassen, and Stumpf all reside or regularly transact business in the Metro Washington, D.C. area, a mere three hour and fifteen minute train ride and even shorter airplane flight to New York. *See* Exhibit B. Defendants cannot demonstrate that it would substantially inconvenience these witnesses to testify live. Their refusal to produce them for in-person testimony at trial is solely for tactical reasons.

*Fourth,* Defendants cannot show how they will be prejudiced by having these witnesses testify

---

[3] Defendants have indicated that they will make the following witnesses available for in-person testimony at trial: Sullivan Curran, Barbara Mickelson, Victor Dugan, Brian Harney, Ray McGraw, Jeff Schmidt, Robert Biles, Thomas Eizember, Andrew Madden, David McWilliams, Robert Scala, Charles Schleyer and William Stone.

[4] The City does not concede that each of these witnesses cannot be compelled to testify live at trial. For example, on information and belief, at least Messrs. D'Ambrisi, Daughtrey, Hetrick, Lewis, Liguori, Naro, Renna, Schmidt, McWilliams and Weeks may have residences or regularly conduct business within 100 miles of the district.

Hon. Shira A. Scheindlin
June 15, 2009
Page 4

remotely at trial. Defendants have known for months that the City intended to call these witnesses. Defendants' statement that the City should have taken a trial deposition of such witnesses rings hollow. *See* Exhibit A. Defendants would likely have objected vociferously to any attempt to take such depositions – and will undoubtedly object to such depositions in future MDL cases if the Court refuses the City's request– and Defendants would likely have served hundreds of objections to the admissibility of the testimony taken at such depositions.

*Fifth*, the Court needs flexibility in managing cases like this one, a focus case in complex multidistrict litigation. In this regard, live testimony would be far superior to monotonous and choppy videotaped deposition testimony, several of which were filmed a decade ago, when video technology was far less advanced. The City notes that this solution would relieve much of the burden on the United States Magistrate Judges charged with resolving objections to the City's deposition designations. For each witness the City is allowed to call live, it will withdraw such designations from consideration, substantially easing the burden on the United States Magistrate Judges.

## Appropriate Safeguards Will Be Used

The City notes that the technology for contemporaneous transmission of live testimony is excellent and the City intends to use the vendor Courtroom Connect, the same vendor that Defendants recently asked for permission to use themselves. *See* Exhibit C. Information about this vendor is available at http://courtroomconnect.com/.

## Conclusion

For the foregoing reasons, the City respectfully requests permission from the Court to serve subpoenas on witnesses located more than 100 miles from the district for live testimony at trial via contemporaneous transmission from locations near their homes. Please contact me if the Court requires any additional information. The City appreciates your Honor's attention to this matter.

Respectfully submitted,

Nicholas G. Campins

Cc: All Counsel via LNFS & Email

EXHIBIT A

Nick Campins.

| From: | Nick Campins |
|---|---|
| Sent: | Saturday, June 13, 2009 12:07 PM |
| To: | Bongiorno, Anthony |
| Cc: | Gerson, Lisa; Joshua Stein; Pardo, James; Kalnins Temple, Jennifer; Riccardulli, Stephen; Handel, Lauren |
| Subject: | RE: City of NY: Trial Subpoenas |

Mr. Bongiorno:

The City disagrees wholeheartedly with your assessment of the state of the law. In addition, I have not "admitted" anything. For example, a party or a party's officer can be forced to travel more than 100 miles.

Nevertheless, in the interests of avoiding further incivility (your threat of sanctions is both uncalled for and legally specious), the City will direct its process server to withhold service to witnesses located more than 100 miles from the Court and who are not parties or officers of parties. The City will then raise this issue with the Court early next week for resolution.

The City trusts that you will not object that you have a lack of notice of such subpoenas pending resolution by the Court.

Sincerely,


Nick Campins

Sher Leff LLP
450 Mission Street, Suite 400
San Francisco, CA 94105
(415) 348-8300 x202 (phone)
(415) 348-8333 (fax)


ncampins@sherleff.com


The information in this E-mail message is legally privileged and confidential information intended only for the use of the individual(s) named above. If you, the reader of this message, are not the intended recipient, you are hereby notified that you should not further disseminate, distribute, or forward this E-mail message. If you have received this E-mail in error, please notify the sender. Thank you.


**From:** Bongiorno, Anthony [mailto:abongiorno@mwe.com]
**Sent:** Saturday, June 13, 2009 11:08 AM
**To:** Nick Campins
**Cc:** Gerson, Lisa; Joshua Stein; Pardo, James; Kalnins Temple, Jennifer; Riccardulli, Stephen; Handel, Lauren
**Subject:** Re: City of NY: Trial Subpoenas


Mr. Campins: I have read Rule 43a, and you are comparing apples to oranges. Your subpoenas seek to compel attendance live in NY by those outside the subpoena power of the court. The rule talks about "contemporaneous transmission from a different location." In all events, there are certainly no "compelling circumstances" here nor is there "good cause." Everyone's deposition has been taken, or you have had the opportunity to do so. Also, just to clarify, you keep mentioning our potential motion to quash. Please be advised it is likely to be a motion for sanctions. You have just

1

admitted that you cannot subpoena someone to come to NY from outside the subpoena power of the court. Yet the subpoenas you sent to us purport to do just that. If you attempt to serve them, we will move for sanctions. If you want the court to "permit testimony in open court by contemporaneous transmission from a different location," you would have to file a motion first and show good cause and compelling circumstance. Then, at the very least, we will oppose, as there will be no subpoenas to quash. We will show that there is no good cause and/or that there are no compelling circumstances. I hope this clarifies our position. Feel free to proceed as you wish.

**From:** Nick Campins
**To:** Bongiorno, Anthony
**Cc:** Gerson, Lisa; Joshua Stein
**Sent:** Sat Jun 13 12:34:09 2009
**Subject:** RE: City of NY: Letter from A. Bongiorno re Notice of Trial Subpoenas
If memory serves, the Court noted on the record at an MDL status conference or on a teleconference that live testimony by contemporaneous transmission may be appropriate in this case.

I would also direct you to FRCP 43(a) which expressly provides for such testimony.  As I said, when the time comes to oppose your motions to quash, we will brief it and let the Court decide.

Nick Campins

Sher Leff LLP
450 Mission Street, Suite 400
San Francisco, CA  94105
(415) 348-8300 x202 (phone)
(415) 348-8333 (fax)

ncampins@sherleff.com

The information in this E-mail message is legally privileged and confidential information intended only for the use of the individual(s) named above. If you, the reader of this message, are not the intended recipient, you are hereby notified that you should not further disseminate, distribute, or forward this E-mail message. If you have received this E-mail in error, please notify the sender. Thank you.

**From:** Bongiorno, Anthony [mailto:abongiorno@mwe.com]
**Sent:** Friday, June 12, 2009 5:45 PM
**To:** Nick Campins
**Cc:** Gerson, Lisa; Joshua Stein
**Subject:** Re: City of NY: Letter from A. Bongiorno re Notice of Trial Subpoenas

Nick: we can and will disagree. To what are you referring when you say the "as the court has noted on the record,the court has authority to subpoena witnesses to appear remotely." What court, what record and when?

**From:** Nick Campins
**To:** Bongiorno, Anthony
**Cc:** Gerson, Lisa; Joshua Stein
**Sent:** Fri Jun 12 16:47:15 2009
**Subject:** RE: City of NY: Letter from A. Bongiorno re Notice of Trial Subpoenas

Of course the City does not intend to impose an undue burden on any witness. You are incorrect with regard to the extent of the Court's subpoena power. As the Court has noted on the record, the Court has the authority to subpoena witnesses to appear remotely nationwide.

The City will save any further response for its opposition to your motion to quash once service is established.

Nick Campins

Sher Leff LLP
450 Mission Street, Suite 400
San Francisco, CA 94105
(415) 348-8300 x202 (phone)
(415) 348-8333 (fax)


ncampins@sherleff.com


The information in this E-mail message is legally privileged and confidential information intended only for the use of the individual(s) named above. If you, the reader of this message, are not the intended recipient, you are hereby notified that you should not further disseminate, distribute, or forward this E-mail message. If you have received this E-mail in error, please notify the sender. Thank you.


**From:** Joshua Stein
**Sent:** Friday, June 12, 2009 2:20 PM
**To:** Anthony A. Bongiorno (abongiorno@mwe.com)
**Cc:** Nick Campins; Lisa Gerson (lgerson@mwe.com)
**Subject:** RE: City of NY: Letter from A. Bongiorno re Notice of Trial Subpoenas

Tony --

I received your letter, thank you for your correspondence. As you noted in your letter, Nick Campins is coordinating the service of process for the City of New York. I have forwarded your letter to him for response as necessary.

Have a great weekend,

Josh


Joshua Stein
Attorney, Sher Leff LLP
450 Mission St. Suite 400
San Francisco, CA 94105
Tel. (415) 348-8300 x107

**CONFIDENTIAL:** This email may implicate **ATTORNEY-CLIENT PRIVILEGE** and **ATTORNEY WORK PRODUCT** protections. If you received this email in error, please notify me immediately and delete it. Thank you.


NY-MTBE 1041

**From:** Gerson, Lisa [mailto:LGerson@mwe.com]
**Sent:** Friday, June 12, 2009 2:16 PM
**To:** Joshua Stein

Cc: MDL1358; mdl1358@weitzlux.com
Subject: City of NY: Letter from A. Bongiorno re Notice of Trial Subpoenas

Mr. Stein,

Please see the attached letter from Tony Bongiorno.

Regards,

Lisa A. Gerson
McDermott Will & Emery LLP
340 Madison Avenue
New York, New York 10173
T: (212) 547-5769
F: (212) 547-5444
Email: lgerson@mwe.com


***********************************************************************************************************

IRS Circular 230 Disclosure: To comply with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained herein (including any attachments), unless specifically stated otherwise, is not intended or written to be used, and cannot be used, for the purposes of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter herein.

---

This message is a PRIVILEGED AND CONFIDENTIAL communication. This message and all attachments are a private communication sent by a law firm and may be confidential or protected by privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information contained in or attached to this message is strictly prohibited. Please notify the sender of the delivery error by replying to this message, and then delete it from your system. Thank you.
***********************************************************************************************************

Please visit http://www.mwe.com/ for more information about our Firm.

# EXHIBIT B

    Español   Deutsch        Home   Help   Contact Us   Search   

| Reservations | Schedules | Routes | Stations | Hot Deals | Traveling With Amtrak | Earn Rewards |

**AMTRAK.COM LOGIN**

User ID

Password

☐ Remember Me

Register
Forgot Password?
Help

**RESERVATION OPTIONS**

Fare Finder »
USA Rail Passes
Multi-Ride Tickets
Weekly Specials
Multi-City Tickets
Auto Train Tickets
Group Travel Request
Redeem Rewards Points
Hotels and Rental Cars

**Fare Finder** 

**Departs**

Washington - U   Station List

**Arrives**

New York - Per   Station List

◉ One-Way
◯ Round-Trip

**Departure Date**

Jul   13   📅

**Time** (optional)

Anytime

**Passengers** (Max. of 8)

Adults   Children   Infants

1   0   0

**SUBMIT**

---

① Fare Finder — ② Select Train — ③ View Fare — ④ Passenger Info — ⑤ Payment — ⑥ Confirmation

② *Select Train*

To use this page, first select the itinerary that best matches your travel needs by clicking on the option button in the left column. Then, if you want to change your seating or sleeping accommodations, click the 'View Upgrade Options' button. Next, if you qualify for a passenger discount, select from the options presented near the bottom of the page. You may also enter any valid Promotion Code here. Finally, click the 'View Fare' button to go to the next step.

The fare displayed is one-way and is based on the number and type of passengers you select. Fares are not guaranteed until we provide you with a reservation confirmation.

**Service Alerts**

» Schedule Changes for Northeast Trains: *Acela Express, Northeast Regional, Adirondack, Empire Service, Ethan Allen Express, Maple Leaf, Keystone Service, Pennsylvanian and Vermonter*

**Station News**

» Washington, DC Union Station — Ticket Sales and Boarding Gates Close Earlier

**Promotions**

» *Acela Express* — Buy Early and Save. Including New York to Boston for $79; New York to Washington for $99 (14-day advance purchase, limited availability, non-refundable, exchanges permitted; see full terms and sample prices)

» *Northeast Regional* — Buy Early and Save: New York - Boston for $49; New York - Washington for $49 (14-day advance purchase, limited availability, non-refundable, exchanges permitted; see full terms and sample prices)

**SELECT A DEPARTING TRAIN**

**Washington - Union Station, DC (WAS) To New York - Penn Station, NY (NYP)**

| Select | Service | Departs | Arrives | Duration | Amenities | Seats/ Rooms |
|---|---|---|---|---|---|---|
| ◉ $49.00 | 190 Northeast Regional | **Washington, DC** - Union Station (WAS) **3:15 am** 13-JUL-09 | **New York, NY** - Penn Station (NYP) **6:44 am** 13-JUL-09 | 3h 29m | Snack car | 1 Reserved Coach Seat **VIEW UPGRADE OPTIONS** |
| ◯ $49.00 | 110 Northeast Regional | **Washington, DC** - Union Station (WAS) **4:00 am** 13-JUL-09 | **New York, NY** - Penn Station (NYP) **7:21 am** 13-JUL-09 | 3h 21m | Snack car | 1 Reserved Coach Seat **VIEW UPGRADE OPTIONS** |
| ◯ $99.00 | 2150 Acela Express | **Washington, DC** - Union Station (WAS) **5:00 am** 13-JUL-09 | **New York, NY** - Penn Station (NYP) **7:49 am** 13-JUL-09 | 2h 49m | Snack car | 1 Business Class Seat **VIEW UPGRADE OPTIONS** |
| ◯ $49.00 | 170 Northeast Regional | **Washington, DC** - Union Station (WAS) **5:02 am** 13-JUL-09 | **New York, NY** - Penn Station (NYP) **8:16 am** 13-JUL-09 | 3h 14m | Snack car | 1 Reserved Coach Seat **VIEW UPGRADE OPTIONS** |
| | 180 Northeast | **Washington, DC** - Union Station | **New York, NY** - Penn Station | 3h 16m | Snack car | 1 Reserved Coach Seat |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ○ $49.00 | Regional | (WAS) 5:30 am 13-JUL-09 | (NYP) 8:46 am 13-JUL-09 | | | | VIEW UPGRADE OPTIONS |
| ○ $99.00 | 2100 Acela Express | Washington, DC - Union Station (WAS) 6:00 am 13-JUL-09 | New York, NY - Penn Station (NYP) 8:54 am 13-JUL-09 | 2h 54m | Snack car | 1 Business Class Seat | VIEW UPGRADE OPTIONS |
| ○ $49.00 | 130 Northeast Regional | Washington, DC - Union Station (WAS) 6:35 am 13-JUL-09 | New York, NY - Penn Station (NYP) 10:03 am 13-JUL-09 | 3h 28m | Snack car | 1 Reserved Coach Seat | VIEW UPGRADE OPTIONS |
| ○ $155.00 | 2154 Acela Express | Washington, DC - Union Station (WAS) 7:00 am 13-JUL-09 | New York, NY - Penn Station (NYP) 9:49 am 13-JUL-09 | 2h 49m | Snack car | 1 Business Class Seat | VIEW UPGRADE OPTIONS |
| ○ $49.00 | 172 Northeast Regional | Washington, DC - Union Station (WAS) 7:25 am 13-JUL-09 | New York, NY - Penn Station (NYP) 10:47 am 13-JUL-09 | 3h 22m | Snack car | 1 Reserved Coach Seat | VIEW UPGRADE OPTIONS |
| ○ $99.00 | 2104 Acela Express | Washington, DC - Union Station (WAS) 8:00 am 13-JUL-09 | New York, NY - Penn Station (NYP) 10:49 am 13-JUL-09 | 2h 49m | Snack car | 1 Business Class Seat | VIEW UPGRADE OPTIONS |

## PASSENGER DISCOUNTS

Select a passenger type/discount for each traveler. Some passenger discounts are not valid on all trains and may not be used with some promotions. You will need to provide discount ID numbers during Step 4 of the reservation booking process.

**Passenger Type Comparison Chart**
**Information for People with Disabilities**

### Passenger Types

| | |
|---|---|
| Adult | Student Advantage |
| AAA Adult | ISIC |
| Senior (62+) | Child |
| Military Adult | AAA Child |
| NARP | Military Child |
| Veterans Advantage | Infant |

**Passenger 1: Adult**

Select 

## PROMOTION CODE

If you have a Promotion Code you would like to use with this reservation, please enter it in the box below. To learn more about Amtrak promotions, please click here.

**Promotion Code:**

VIEW FARE >>

# EXHIBIT C

Nick Campins

Subject:                    FW: SDNY Technology Officer


From: Kalnins Temple, Jennifer [mailto:jkalnins@mwe.com]
Sent: Wednesday, June 03, 2009 11:28 AM
To: Seth Ard
Cc: Pardo, James; Sacripanti, Peter; Vic Sher; Susan Amron
Subject: RE: SDNY Technology Officer

Seth,

Our technology consultants for the *City of New York* trial have been in touch with the Court's technology officer Mr. Blum and the company that provides connectivity to the SDNY -- Courtroom Connect. In order to proceed with any further logistics, Courtroom Connect has indicated that they need a written Order from Judge Scheindlin stating that connectivity can be run to her courtroom. Do you know if there is a form or standing order that applies to this particular request, or should we submit a proposed order to you?

Thanks in advance,

Jennifer Kalnins Temple
McDermott Will & Emery LLP
18191 Von Karman Avenue, Suite 500
Irvine, California 92612-7108
Telephone: 949.757.7128
Facsimile: 949.851.9348

 *Please consider the environment before printing this email.*




*************************************************************************************************
************************

IRS Circular 230 Disclosure: To comply with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained herein (including any attachments), unless specifically stated otherwise, is not intended or written to be used, and cannot be used, for the purposes of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter herein.

---

This message is a PRIVILEGED AND CONFIDENTIAL communication. This message and all attachments are a private communication sent by a law firm and may be confidential or protected by privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information contained in or attached to this message is strictly prohibited. Please notify the sender of the delivery error by replying to this message, and then delete it from your system. Thank you.
*************************************************************************************************

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Please visit http://www.mwe.com/ for more information about our Firm.