UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x

| | |
|---|---|
| In Re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation | Master File No. 1:00-1898 MDL 1358 (SAS) M21-88 |
| ------------------------------------------------------------------- x | ECF Case |

**This document relates to the following case:**

*City of New York v. Amerada Hess Corp., et al.*
Case No. 04 Civ. 3417

------------------------------------------------------------------- x

### PLAINTIFF CITY OF NEW YORK'S OBJECTIONS TO THE LATE-FILED DECLARATIONS OF GARY STUMPF AND MICHAEL ROMAN

### I. OBJECTIONS TO LATE-FILED DECLARATION OF GARY STUMPF

Plaintiff the City of New York ("the City") hereby objects to late-filed Declaration of Gary Stumpf, No. 1:04-CV-3417, Dkt. # 373-2 (S.D.N.Y. July 22, 2009) as follows:

1. The City objects that Movants have violated Federal Rule of Civil Procedure 6(c)(2) which provides, "Any affidavit supporting a motion must be served with the motion." Fed. R. Civ. Pro. 6(c)(2). Mr. Stumpf's late-filed declaration should be disregarded by the Court.

2. The City objects that Movants violated Federal Rule of Civil Procedure 6(b) which provides that an extension of time may only be granted "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. Pro. 6(b)(1)(B). Movants neither filed the requisite motion nor filed a declaration establishing the circumstances of excusable neglect. Fed. R. Civ. Pro. 6(b)(1)(B). Mr. Stumpf's late-filed declaration should be disregarded by the Court.

3. The City objects that the declaration was filed 9 days after the July 13, 2009 deadline for

Movants' papers and should be disregarded. Because it was late-filed the City did not have an opportunity to address it in its opposition brief on the merits of Movants' motion and the City has been prejudiced. Moreover, far from the "completely technical, procedural defect" Movants' claim it to be, the fact that the unsworn declaration is now made under penalty of perjury changes the entire substantive character of the declaration. *See* 28 U.S.C. § 1746; *see Gotlin v. Lederman*, 616 F. Supp. 2d 376, 389 n.7 (E.D.N.Y. 2009) (declaration that did not state that it is "true and correct" and made under "penalty of perjury" inadmissible); *Sterling Fifth Assoc. v. Carpentile Corp., Inc.*, 2003 WL 22227960, at *5 (S.D.N.Y. Sept. 26, 2003) (holding that where declaration contained the statement it was made under penalty of perjury but failed to state that its contents were "true and correct" that it was "is hard if not impossible" "to rely on the language" it contained). Mr. Stumpf's late-filed declaration should be disregarded by the Court.

4. The City also provides the following additional specific objections to paragraphs contained in Mr. Stumpf's late-filed declaration:

| **Paragraph Number** | **City's Objections** |
|---|---|
| Paragraph 9 | (1) Whether Mr. Stumpf believed he would have to provide "additional testimony" is irrelevant to his motion. Fed. R.Evid. 401-403. |
| Paragraph 11 | (1) The entire paragraph constitutes inadmissible hearsay. Fed. R. Evid. 802. The unidentified declarant's |

|  | interpretation is being offered for its truth.<br><br>(2) What Mr. Stumpf was "informed by an unidentified declarant" is irrelevant to his motion.  Fed. R. Evid. 401-403.<br><br>(3) Mr. Stumpf lacks personal knowledge regarding the legal effect of the Court's ruling.  Fed. R. Evid. 602. |
|---|---|
| Paragraph 12 | (1) The question of whether one is an officer or director of a company is a legal question.  There is no foundation laid establishing Mr. Stumpf's purported legal knowledge.  Fed. R. Evid. 602. |
| Paragraph 13 | (1) What Mr. Stumpf "understood in 2007" is irrelevant to his Motion.  Fed. R. Evid. 401-403.<br><br>(2) Mr. Stumpf lacks personal knowledge regarding the legal effect of the Court's ruling.  Fed. R. Evid. 602. |

## II.  OBJECTIONS TO DECLARATION OF MICHAEL J. ROMAN

Plaintiff the City of New York ("the City") hereby objects to late-filed Declaration of Michael J. Roman, No. 1:04-CV-3417, Dkt. # 373-3 (S.D.N.Y. July 22, 2009) as follows:

3

1. The City objects that Movants have violated Federal Rule of Civil Procedure 6(c)(2) which provides, "Any affidavit supporting a motion must be served with the motion." Fed. R. Civ. Pro. 6(c)(2). Mr. Roman's late-filed declarations should be disregarded by the Court.

2. The City objects that Movants have further violated Federal Rule of Civil Procedure 6(b) which provides that an extension of time may only be granted "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. Pro. 6(b)(1)(B). Movants neither filed the requisite motion nor filed a declaration establishing the circumstances of excusable neglect. Fed. R. Civ. Pro. 6(b)(1)(B). Mr. Roman's late-filed declarations should be disregarded by the Court.

3. The City objects that the declaration was filed 9 days after the July 13, 2009 deadline for Movants' papers and should be disregarded. Because it was late-filed the City did not have an opportunity to address it in its opposition brief on the merits of Movants' motion and the City has been prejudiced. Moreover, far from the "completely technical, procedural defect" Movants' claim it to be, the fact that the unsworn declaration is now made under penalty of perjury changes the entire substantive character of the declaration. *See* 28 U.S.C. § 1746; *see Gotlin v. Lederman*, 616 F. Supp. 2d 376, 389 n.7 (E.D.N.Y. 2009) (declaration that did not state that it is "true and correct" and made under "penalty of perjury" inadmissible); *Sterling Fifth Assoc. v. Carpentile Corp., Inc.*, 2003 WL 22227960, at *5 (S.D.N.Y. Sept. 26, 2003) (holding that where declaration contained the statement it was made under penalty of perjury but failed to state that its contents were "true and correct" that it was "is hard if not impossible" "to rely on the language" it contained). Mr. Roman's late-filed declaration should be disregarded by the

4

Court.

4. The City also provides the following additional specific objections to paragraphs contained in Mr. Roman's late-filed declaration:

| **Paragraph Number** | **City's Objections** |
|---|---|
| Paragraph 6 | (1) The fact that Mr. Roman purportedly conditioned his agreement to testify on the deposition taking place in Washington, DC is irrelevant. There is no evidence that he ever informed plaintiffs of this fact. Fed. R. Evid. 401-403. |
| Paragraph 11 | (1) The entire paragraph constitutes inadmissible hearsay. Fed. R. Evid. 802. The unidentified declarant's interpretation is being offered for its truth.<br>(2) What Mr. Roman was "informed by an unidentified declarant" is irrelevant to his motion. Fed. R. Evid. 401-403.<br>(3) Mr. Roman lacks personal knowledge regarding the legal effect of the Court's ruling. Fed. R. Evid. 602. |
| Paragraph 12 | (1) The question of whether one is an officer |

| | |
|---|---|
| | or director of a company is a legal question.  There is no foundation laid establishing Mr. Roman's purported legal knowledge.  Fed. R. Evid. 602. |
| Paragraph 13 | (1) What Mr. Roman "understood in 2007" is irrelevant to his Motion.  Fed. R. Evid. 401-403.<br><br>(2) Mr. Roman lacks personal knowledge regarding the legal effect of the Court's ruling.  Fed. R. Evid. 602. |

Dated: New York, New York
July 22, 2009

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
Attorney for Plaintiff City of New York
100 Church Street
New York, New York 10007
(212) 788-1568


/s/ *NICHOLAS G. CAMPINS*
VICTOR M. SHER *(pro hac vice)*
TODD E. ROBINS *(pro hac vice)*
JOSHUA G. STEIN *(pro hac vice)*
LESLEY E. WILLIAMS (LW8392)
NICHOLAS G. CAMPINS *(pro hac vice)*
MARNIE E. RIDDLE *(pro hac vice)*

SHER LEFF LLP
450 Mission Street, Suite 400
San Francisco, CA 94105
(415) 348-8300

*Attorneys for Plaintiff City of New York*

6