# EXHIBIT G

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------- x

In Re: Methyl Tertiary Butyl Ether ("MTBE")          Master File No. 1:00-1898
Products Liability Litigation                                    MDL 1358 (SAS)
                                                                           M21-88
------------------------------------------------------------- x    ECF Case

**This document relates to the following case:**

*City of New York v. Amerada Hess Corp., et al.*
Case No. 04 Civ. 3417

------------------------------------------------------------- x

**PLAINTIFF CITY OF NEW YORK'S MEMORANDUM OF LAW IN**
**SUPPORT OF MOTION IN LIMINE NO. 10**
**TO EXCLUDE EVIDENCE AND ARGUMENT RELATING TO PRIOR**
**REGULATORY ENFORCEMENT ACTIONS AGAINST THE CITY**
**CONCERNING CITY-OWNED UNDERGROUND GASOLINE**
**STORAGE TANKS**

relevant to MTBE contamination of the City's wells.  While evidence of releases from USTs, whether owned by the City or by others, may be relevant under certain circumstances, evidence concerning the complaint and consent orders would serve no purpose other than to prejudice the City.  *See Yanaki v. Daniel*, 2009 U.S. Dist. LEXIS 38800 (D. Utah 2009) (in fraud case, court excluded evidence and testimony concerning prior litigation over stealing trade secrets where lawsuit was settled without determination of liability and, in any event, probative value "would be substantially outweighed by the danger of unfair prejudice and confusion").

Further, allowing defendants to divert the jury with evidence concerning the enforcement actions would force the City to respond with evidence of its UST upgrade program and leak detection systems.  For example, to respond to the issues raised by defendants during Dr. Walsh's deposition, the City would need to offer evidence explaining the federal complaint, comparing penalties under the orders with penalties under other orders, and establishing the DEC policy concerning monitors under consent orders.  To provide balance, the City would also seek to offer evidence of similar complaints and/or orders involving defendants, including particularly litigation and enforcement actions against ExxonMobil for its violation of UST and other petroleum regulations within and around the City.   All of this would accomplish little other than to unnecessarily add days of irrelevant testimony to an already lengthy trial.

It is important to note that the City is not seeking to exclude evidence concerning releases from City-owned USTs, to the extent such releases are relevant to the issues in this litigation, but only evidence concerning regulatory enforcement proceedings related to USTs.  Such evidence would be unduly prejudicial, misleading and distracting and should not be allowed.