**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------- x

In Re: Methyl Tertiary Butyl Ether ("MTBE")          Master File No. 1:00-1898
Products Liability Litigation                        MDL 1358 (SAS)
                                                     M21-88
-------------------------------------------------------------------- x   ECF Case
**This document relates to the following case:**

*City of New York v. Amerada Hess Corp., et al.*
Case No. 04 Civ. 3417

-------------------------------------------------------------------- x

**PLAINTIFF'S RULE 56.1 STATEMENT IN OPPOSITION TO DEFENDANTS'**
**MOTION FOR SUMMARY JUDGMENT OF PLAINTIFF'S CLAIMS RELATED**
**TO STATION 6 BASED ON THE STATUTE OF LIMITATIONS**

Pursuant to Local Rule 56.1(b), and in opposition to Defendant Exxon Mobil

Corporation's ("ExxonMobil's") Motion for Summary Judgment, Plaintiff City of New

York ("the City") hereby submits this response to ExxonMobil's Rule 56.1 Statement:

1.      Admit.

2.      Admit.

3.      Admit.

4.      Admit.

5.      Admit.

6.      Deny.   The Technical Memorandum referred to in ExxonMobil's

paragraph 6 was not "issued . . . for the City of New York" in September 1999.

7.      Admit.

8.      Admit.

9.      Admit.

10.    Admit.

11.    Admit.

12.    Deny.  The Issues Paper referred to in ExxonMobil's paragraph 12 was not "issued . . . for the City of New York" in May 2000.

13.    Admit.

14.    Admit.

15.    Admit.

16.    Admit.

17.    Admit.

## STATEMENT OF ADDITIONAL FACTS

Pursuant to Local Rule 56.1(b), the City of New York hereby submits the following additional material facts as to which there exists a genuine issue to be tried:

18.    On February 22, 2006, William A. Yulinsky submitted a declaration in support of Plaintiffs' Opposition to the Defendants' Motion to Dismiss or Stay Plaintiffs' Claim for Injunctive and Declaratory Relief Based on the Doctrine of Primary Jurisdiction, in this action (hereinafter "Yulinsky Decl.").  (*Declaration of Marnie Riddle* ("*Riddle Dec.*"), Exhibit ("Ex.") 1.)

19.    In his declaration, Mr. Yulinsky stated that "[i]n 1999, the City and Malcolm Pirnie initiated a plan to upgrade the existing groundwater treatment facility" at Station 6.  (*Riddle Dec.,* Ex. 1 at ¶ 4.)

20.    In his declaration, Mr. Yulinsky stated that "[d]uring the course of the Station 6 project, the City's consultants, Malcolm Pirnie, identified MTBE contamination in both the new and old Well 6D."  (*Riddle Dec.,* Ex. 1 at ¶ 6.)

21.     In his declaration, Mr. Yulinsky stated that "Well 6D is one of many wells in the City's groundwater system where neither NYSDEC, nor any other regulatory agency for that matter, has been able to locate a source for the MTBE contamination, and therefore has not ordered any formal remediation of the offending plume."  (*Riddle Dec., Ex. 1 at ¶ 7).*

22.     On February 21, 2006, Michael A. Principe submitted a declaration in support of Plaintiffs' Opposition to Defendants' Motion for Summary Judgment on All Claims for Lack of Justiciability in this case.  (*Riddle Dec.*, Ex. 2.)

23.     In his declaration, Mr. Principe stated that "it is imperative that the City [of New York] engage in proactive measures to control, track, or reduce levels of contamination well before such levels exceed, or even approach, the MCL prescribed by NYSDOH."  (*Riddle Dec.,* Ex. 2 at ¶ 4).

24.     In his declaration, Mr. Principe stated that "[t]his combination of public notification, monitoring, and treatment on tight timetables makes reaching or exceeding an MCL in public drinking water supplies an expensive, resource-intensive event that the City must make every effort to avoid.  Consequently, the City routinely takes action to address the contamination if potential exists for the contaminant to reach or exceed the MCL."  (*Riddle Dec.,* Ex. 2 at ¶ 8).

25.     Pursuant to this Court's ruling of June 9, 2005 in this case, a chart was prepared for Defendants' reference in preparing a motion pertaining to the statute of limitations, Bates-stamped NYC-12053, and introduced as Exhibit 6 at the 3/13/2007 deposition of William Yulinsky in this matter.  (*Riddle Dec.*, Ex. 3.)

26.     The chart described in Paragraph 25 is a "[c]ompilation of the earliest and latest confirmed MTBE contamination hits of City of New York groundwater wells" as of the time it was prepared.  (*Riddle Dec.,* Ex. 3.)

27.     On February 10, 2009, the City served the Expert Report of Donald K. Cohen, CPG, and Marnie A. Bell, P.E., of Malcolm Pirnie, Inc. ("Cohen and Bell Report").  (*Riddle Dec.,* Ex. 4.)

28.     The Cohen and Bell Report states the earliest and latest MTBE detections at Station 6 wells as of 2008.  (*Riddle Dec.,* Ex. 4.)

29.     Donald K. Cohen was deposed in this matter on January 13, 2009.  (*Riddle Dec.,* Ex. 5.)

30.     At his deposition, Mr. Cohen confirmed that Well 6C is "screened in the Lloyd Aquifer."  (*Riddle Dec.*, Ex. 5, at p. 156:13-23.)

31.  At his deposition, Mr. Cohen stated that Well 6C "has no MTBE or PCE." (*Riddle Dec.*, Ex. 5, at p. 252:4-18.)

32.  William Yulinsky was deposed in this matter on March 13, 2007.  (*Riddle Dec.*, Ex. 6.)

33.  At his deposition, Mr. Yulinsky stated that Well 6C "was a Lloyd well, which is a very deep well."  (*Riddle Dec.*, Ex. 6, at p. 149:10-150:2.)

34.     At his deposition, Mr. Yulinsky confirmed that the water from Well 6C is "part of the overall Station 6 project" and could be "treated in the Station 6 treatment facility."  (*Riddle Dec.*, Ex. 6, at p. 150:9-15.)


Dated: July 29, 2009                              Respectfully submitted,

/s/ *MARNIE E. RIDDLE*
VICTOR M. SHER *(pro hac vice)*
TODD E. ROBINS *(pro hac vice)*
JOSHUA G. STEIN *(pro hac vice)*
LESLEY E. WILLIAMS (LW8392)
NICHOLAS G. CAMPINS *(pro hac vice)*
MARNIE E. RIDDLE *(pro hac vice)*

SHER LEFF LLP
450 Mission Street, Suite 400
San Francisco, CA 94105
(415) 348-8300

MICHAEL A. CARDOZO
Corporation Counsel, City of New York
100 Church Street
New York, New York 10007
(212) 788-1568

*Attorneys for Plaintiff City of New York*