**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------- x

In Re: Methyl Tertiary Butyl Ether ("MTBE")          Master File No. 1:00-1898
Products Liability Litigation                                    MDL 1358 (SAS)
                                                                             M21-88
-------------------------------------------------------------------- x   ECF Case

**This document relates to the following case:**

*City of New York v. Amerada Hess Corp., et al.*
Case No. 04 Civ. 3417


-------------------------------------------------------------------- x


### PLAINTIFF CITY OF NEW YORK'S REVISED PROPOSED JURY INSTRUCTIONS FOR PHASE II


Plaintiff the City of New York (the "City") hereby submits its Proposed Jury Instructions for

Phase II of this trial.  The City's proposed preliminary instructions are set forth in Section I.

Proposed final instructions are set forth in Section II.  The City reserves the right to amend these

proposed preliminary and final jury instructions.

## I.      Proposed Preliminary Instructions

The City proposes that the following preliminary jury instructions be read to the jury before the commencement of Phase II:

### PROPOSED PRELIMINARY INSTRUCTION NO.1

#### Opening instructions

We are about to resume the trial of the case you heard about in Phase One.  Before Phase Two of the trial begins, I am going to remind you about the issues in this case and of a few basic instructions I gave you in Phase One.

In this case, the plaintiff, the City of New York ("the City"), claims that ExxonMobil contaminated certain ground water and drinking water supplies in Queens County, New York with a gasoline additive called MTBE.  The City has brought claims for strict liability for design defect and/or defective product, failure to warn, negligence, civil conspiracy, public nuisance, private nuisance, trespass, violation of the New York Navigation Law, and violation of Section 8(e) of the Toxic Substances Control Act against ExxonMobil.  ExxonMobil denies all of the City's claims.

I have divided this case into phases.  At the close of the parties' evidence in this phase, I will ask you to answer a certain questions about whether, absent treatment, MTBE will be present in the ground or water near Station 6 in the future.  The City says that it will, while ExxonMobil argues that it will not.

When I "sustain" an objection, I am excluding that evidence from this trial for a good reason. When you hear that I have "overruled" an objection, I am permitting that evidence to be admitted.

When I say "admitted into evidence" or "received into evidence," I mean that this particular

statement or the particular exhibit may be considered by you in making the decisions you must make at the end of the case.

You will decide disputed issues of fact.  I will decide all questions of law that arise during the trial.  Before you begin your deliberation at the close of the case, I will instruct you in more detail on the law that you must follow and apply.

Because you will be asked to decide the facts of this case, you should give careful attention to the testimony and evidence presented.  Keep in mind that I will instruct you at the end of the trial about determining the credibility or "believability" of the witnesses.  During the trial you should keep an open mind and should not form or express any opinion about the case until you have heard all of the testimony and evidence, the lawyers' closing arguments, and my instructions to you on the law.

While the trial is in progress, you must not discuss the case in any manner among yourselves or with anyone else.  In addition, you should not permit anyone to discuss the case in your presence. You should avoid reading any news articles that might be published about the case.  You should also avoid watching or listening to any television or radio comments about the trial.

From time-to-time during the trial, I may make rulings on objections or motions made by the lawyers.  It is a lawyer's duty to object when the other side offers testimony or other evidence that the lawyer believes is not admissible.  You should not be unfair or partial against a lawyer or the lawyer's client because the lawyer has made objections.  If I sustain or uphold an objection to a question that goes unanswered by the witness, you should not draw any inferences or conclusions from the question.  You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other.  I do not favor one side or the other.

The trial lawyers are not allowed to speak with you during this case.  When you see them at a recess or pass them in the halls and they do not speak to you, they are not being rude or unfriendly; they are simply following the law.

During the trial, it may be necessary for me to talk with the lawyers out of your hearing about questions of law or procedure.  Sometimes, you may be excused from the courtroom during these discussions.  I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

Authority:  3 Kevin F. O'Malley, Jay E. Grenig, Hon. William C. Lee, *Federal Jury Practice & Instructions*, § 101.01 (5th Ed., 2000 & rev. 2009) (as modified).

## PROPOSED PRELIMINARY INSTRUCTION NO. 2

### Stipulations at pretrial conference

Before the trial of this case, the court held a conference with the lawyers for all the parties. At this conference, the parties entered into certain stipulations or agreements in which they agreed that facts could be taken as true without further proof.

The stipulated facts are as follows:

[Read stipulations.]

Since the parties have stipulated to these facts and do not dispute them, you are to take these facts as true for purposes of this case.

Authority:  3 Kevin F. O'Malley, Jay E. Grenig, Hon. William C. Lee, *Federal Jury Practice & Instructions*, § 101.47 (5th Ed., 2000 & rev. 2009).

## PROPOSED PRELIMINARY INSTRUCTION NO. 3

### **Ruling on objections**

When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received into evidence.  If I sustain the objection, the question cannot be answered and the exhibit cannot be received into evidence.

If I sustain an objection to a question or the admission of an exhibit, you must ignore the question and must not guess what the answer to the question might have been.  In addition, you must not consider evidence that I have ordered stricken from the record.

Authority:  3 Kevin F. O'Malley, Jay E. Grenig, Hon. William C. Lee, *Federal Jury Practice & Instructions*, § 101.49 (5th Ed., 2000 & rev. 2009).

**PROPOSED PRELIMINARY INSTRUCTION NO. 4**

**<u>Evidence of MTBE Degradation Products</u>**

The City intends to introduce evidence of the presence or absence of TBA, a degradation product of MTBE, if Exxon argues that MTBE will biodegrade prior to the time that the Station 6 treatment facility is completed.   If necessary, the question you must answer at the end of this Phase will be amended to provide an opportunity for you to indicate that TBA, instead of or in addition to MTBE, is present in one or more of the wells.

Authority:  7/29/09 Pre-Trial Conference and Ruling on Motions in Limine

II.      **Proposed Final Instructions**

The City proposes that the following final jury instructions be read to the jury following closing statements and before deliberation in Phase II:

**PROPOSED FINAL INSTRUCTION NO. 1**

**<u>General introduction</u>**

Now that you have heard the evidence and the argument in Phase II, it is my duty to instruct you about the applicable law. It is your duty to follow the law as I will state it and to apply it to the facts as you find them from the evidence in the case. Do not single out one instruction as stating the law, but consider the instructions as a whole. You are not to be concerned about the wisdom of any rule of law stated by me. You must follow and apply the law.

The lawyers have properly referred to some of the governing rules of law in their arguments. If there is any difference between the law stated by the lawyers and as stated in these instructions, you are governed by my instructions.

Nothing I say in these instructions indicates that I have any opinion about the facts. You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party.

Authority:  3 Kevin F. O'Malley, Jay E. Grenig, Hon. William C. Lee, *Federal Jury Practice & Instructions*, § 103.01 (5th Ed., 2000 & rev. 2009) (as modified).

**PROPOSED FINAL INSTRUCTION NO. 2**

**<u>Use of notes</u>**


You may use the notes taken by you during the trial.  However, the notes should not be substituted for your memory.  Remember, notes are not evidence.  If your memory should differ from your notes, then you should rely on your memory and not on your notes.


Authority:  3 Kevin F. O'Malley, Jay E. Grenig, Hon. William C. Lee, *Federal Jury Practice & Instructions*, § 103.02 (5th Ed., 2000 & rev. 2009).

**PROPOSED FINAL INSTRUCTION NO. 3**

**All persons equal before the law—Organizations**

A corporation, city or city agency is entitled to the same fair trial as a private individual.  All persons, including corporations, cities, city agencies and other organizations stand equal before the law, and are to be treated as equals.

Authority:  3 Kevin F. O'Malley, Jay E. Grenig, Hon. William C. Lee, *Federal Jury Practice & Instructions*, § 103.12 (5th Ed., 2000 & rev. 2009) (as modified).

## PROPOSED FINAL INSTRUCTION NO. 4

### Evidence in the case

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted or stipulated to and all facts and events that may have been judicially noticed.

Statements and arguments by the lawyers are not evidence.  The lawyers are not witnesses. What they have said in their opening statement, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  However, when the lawyers on both sides stipulate or agree on the existence of a fact, you must, unless otherwise instructed, accept the stipulation and regard that fact as proved.

I may take judicial notice of certain facts or events.  When I declare that I will take judicial notice of some fact or event, you must, unless otherwise instructed, accept my declaration as evidence and regard as proved the fact or event that has been judicially noticed.

Any evidence to which I have sustained an objection and evidence that I have ordered stricken must be entirely disregarded.

Authority:  3 Kevin F. O'Malley, Jay E. Grenig, Hon. William C. Lee, *Federal Jury Practice & Instructions*, § 103.30 (5th Ed., 2000 & rev. 2009).

## PROPOSED FINAL INSTRUCTION NO. 5

## <u>Preponderance of the evidence</u>

Plaintiff the City has the burden in a civil action, such as this, to prove its claims regarding Station 6 by a preponderance of the evidence.  If the City should prove its claims regarding Station 6 by by a preponderance of the evidence, you should find for ExxonMobil as to that claim.

The defendant ExxonMobil has the burden of establishing the essential elements of certain affirmative defenses.

"Establish by a preponderance of the evidence" means to prove that something is more likely so than not so.   In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true.

Thus, in this phase, the City must prove that it is more likely than not that, absent treatment, MTBE still will be present in the ground or water within the capture zone of Station 6 in 15 years to 20 years and if so, at what peak concentration it will be present in the influent.

This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

Authority:  3 Kevin F. O'Malley, Jay E. Grenig, Hon. William C. Lee, *Federal Jury Practice & Instructions*, § 104.01 (5th Ed., 2000 & rev. 2009) (as modified); Opinion and Order in this Action,

Scheindlin, S. (June 9, 2009) at 18-19 ("Rather, the City must prove, by a preponderance of the evidence, that MTBE of the particular defendant was actually in the commingled product that caused the contamination.").

**PROPOSED FINAL INSTRUCTION NO. 6**

**"Direct" and "circumstantial" evidence—Defined**

Generally speaking, there are two types of evidence that are generally presented during a trial—direct evidence and circumstantial evidence.  "Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. "Indirect or circumstantial" evidence is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact.

As a general rule, the law makes no distinction between the weight or value to be given to either direct or circumstantial evidence.  Nor is a greater degree of certainty required of circumstantial evidence. You are simply required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

Authority:  3 Kevin F. O'Malley, Jay E. Grenig, Hon. William C. Lee, *Federal Jury Practice & Instructions*, § 104.05 (5th Ed., 2000 & rev. 2009).

## PROPOSED FINAL INSTRUCTION NO. 7

### Expert witnesses

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions.  An exception to this rule exists for "expert witnesses."  An expert witness is a person who, by education and experience has become expert in some art, science, profession, or calling.  Expert witnesses may state their opinions as to matters in which they profess to be expert, and may also state their reasons for their opinions.

You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves.  If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by other evidence, you may disregard the opinion entirely.

Along with their knowledge, experts bring biases and strong opinions concerning the legal inferences that should be drawn from their testimony.  An expert may opine that a defendant had access to information, but he or she may not opine that the defendant knew that information or that the information was sufficient for or material to a legal purpose.  An expert may not draw the final inference between relevant evidence and the ultimate conclusion that the jury will be asked to make.

Authority:  3 Kevin F. O'Malley, Jay E. Grenig, Hon. William C. Lee, *Federal Jury Practice & Instructions*, § 104.40 (5th Ed., 2000 & rev. 2009); Slip Opinion, 7/21/2009 (Case 1:04-cv-03417-SAS, Docket No. 368)

**PROPOSED FINAL INSTRUCTION NO. 8**

**<u>Discrepancies in testimony</u>**

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves.  You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief.  Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters.  Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the decision in this case, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony.  Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such

weight, if any, that you may think it deserves.  In short, you may accept or reject the testimony of any witness, in whole or in part.

In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact.  You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

Authority:  3 Kevin F. O'Malley, Jay E. Grenig, Hon. William C. Lee, *Federal Jury Practice & Instructions*, § 105.01 (5th Ed., 2000 & rev. 2009).

**PROPOSED FINAL INSTRUCTION NO. 9**

**Use of depositions as evidence**

During the trial, certain testimony has been presented by way of deposition.  The

deposition consisted of sworn, recorded answers to questions asked of the witness in advance of

the trial by one or more of the attorneys for the parties to the case.  The testimony of a witness

who, for some reason is not present to testify from the witness stand may be presented in writing

under oath or on a video recording.  Such testimony is entitled to the same consideration and is

to be judged as to credibility, and weighed, and otherwise considered by you, insofar as possible,

in the same way as if the witness had been present and had testified from the witness stand.

Authority:  3 Kevin F. O'Malley, Jay E. Grenig, Hon. William C. Lee, *Federal Jury Practice & Instructions*, § 105.02 (5th Ed., 2000 & rev. 2009) (as modified).

18

**PROPOSED FINAL INSTRUCTION NO. 10**

**Impeachment—Inconsistent statements or conduct**


A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if voluntarily and intentionally, and not because of mistake or accident or other innocent reason.


Authority:  3 Kevin F. O'Malley, Jay E. Grenig, Hon. William C. Lee, *Federal Jury Practice & Instructions*, § 105.04 (5th Ed., 2000 & rev. 2009).

## PROPOSED FINAL INSTRUCTION NO. 11

### <u>Duty to deliberate</u>

Your answer to the question I pose to you must represent the considered judgment of each of you.  In order to return an answer, it is necessary that each juror agree.  Your answer must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without disregard of individual judgment.  You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning an answer.

Remember at all times that you are not partisans.  You are judges—judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Authority:  3 Kevin F. O'Malley, Jay E. Grenig, Hon. William C. Lee, *Federal Jury Practice & Instructions*, § 106.01 (5th Ed., 2000 & rev. 2009) (as modified).

## PROPOSED FINAL INSTRUCTION NO. 12

### Election of foreperson & Jury interrogatory

Upon retiring to the jury room, you will select one of your number to act as your foreperson. The foreperson will preside over your deliberations, and will be your spokesperson here in Court.

Forms for your answer have been prepared for your convenience. The question you must answer is: "Assuming that the wells in Station 6 will be capable of operation within the next fifteen (15) to twenty (20) years, has the City proved, by a fair preponderance of the credible evidence, that MTBE will be in the capture zone of the wells at that time, absent treatment?"

You will note that this question calls for a "Yes" or "No" answer. The answer to this question must be the unanimous answer of the jury. You will take these forms to the jury room and, when you have reached unanimous agreement as to your answer, you will have your foreperson fill in, date and sign the form that sets forth the decision upon which you unanimously agree; and then return with your answer to the courtroom.

If you answer the foregoing question with a "Yes" answer, you may then be asked to answer, for each of the wells and for all of the wells combined, the following question: "If so, at what peak level will it be present within the next fifteen (15) to twenty (20) years, absent treatment, in each of the following wells?" The choices for your answer will include the following: "less than 1 ppb; 1-3 ppb; 3-5 ppb; 5-10 ppb; more than 10 ppb."

The answer to this question for each well must be the unanimous answer of the jury. You will take these forms to the jury room and, when you have reached unanimous agreement as to your answer, you will have your foreperson fill in, date and sign the form that sets forth the

decision upon which you unanimously agree; and then return with your answer to the courtroom.

Authority:  3 Kevin F. O'Malley, Jay E. Grenig, Hon. William C. Lee, *Federal Jury Practice & Instructions*, § 106.04 (5th Ed., 2000 & rev. 2009) (as modified).

## PROPOSED FINAL INSTRUCTION NO. 13

### Communications between court and jury during jury's deliberations

If it becomes necessary during your deliberations to communicate with me, you may send a note by a bailiff, signed by your foreperson or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me by any means other than a signed writing, and I will never communicate with any member of the jury on any subject touching the merits of the case otherwise than in writing, or orally here in open court.

You will note from the oath about to be taken by the bailiffs that they too, as well as all other persons, are for-bidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person—not even to me—how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous answer.

Authority:  3 Kevin F. O'Malley, Jay E. Grenig, Hon. William C. Lee, *Federal Jury Practice & Instructions*, § 106.08 (5th Ed., 2000 & rev. 2009).

Dated: San Francisco, California

      August 5, 2009

                                        MICHAEL A. CARDOZO
                                        Corporation Counsel of the City of New York
                                        Attorney for Plaintiff City of New York
                                        100 Church Street
                                        New York, New York 10007
                                        (212) 788-1568


                                        /s/ *MARNIE E. RIDDLE*
                                        VICTOR M. SHER *(pro hac vice)*
                                        TODD E. ROBINS *(pro hac vice)*
                                        JOSHUA G. STEIN *(pro hac vice)*
                                        LESLEY E. WILLIAMS (LW8392)
                                        NICHOLAS G. CAMPINS *(pro hac vice)*
                                        MARNIE E. RIDDLE *(pro hac vice)*

                                        SHER LEFF LLP
                                        450 Mission Street, Suite 400
                                        San Francisco, CA 94105
                                        (415) 348-8300

                                        *Attorneys for Plaintiff City of New York*