UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In Re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation

Master File C.A. No. 1:00-1898 (SAS)
MDL No. 1358
M21-88

This document relates to the following case:

*City of Merced Redevelopment Agency v. ExxonMobil Corp. et al.*, No. 08-CV-6306

# DEFENDANTS' REPLY TO PLAINTIFF CITY OF MERCED REDEVELOPMENT AGENCY'S BRIEF IN RESPONSE TO UNITED STATES OF AMERICA'S MEMORANDUM OF LAW IN SUPPORT OF THE CONSTITUTIONALITY OF SECTION 1503 OF THE ENERGY POLICY ACT OF 2005

In responding to the United States' Memorandum ("U.S. Memo."), Plaintiff makes two mistakes that result in a fundamentally unsound interpretation of § 1503 of the Energy Policy Act of 2005. ***First***, Plaintiff utilizes the wrong rule of statutory construction. Longstanding rules of statutory construction "***require*** [the Court] to find a federal statute constitutional whenever possible." *United States v. Hassan*, 542 F.3d 968, 979 (2d Cir. 2008); *see also Mesa v. California*, 489 U.S. 121, 136 (1989) (applying rule when giving constitutional interpretation to a removal statute). Plaintiff's result-driven approach ignores that time-honored rule in favor of an entirely inapplicable rule of "strictly construing" the breadth of removal statutes. But the Court inquired into the constitutionality—not the breadth—of § 1503.

***Second***, Plaintiff then uses that wrong standard to urge the Court not to "write" a federal-defense provision into a removal provision. But the Supreme Court in *Mesa* did exactly what Plaintiff says this Court cannot do. It held that a removal statute need not include an express reference to a federal defense in order to survive a constitutional challenge. To the contrary,

*Mesa* recognized that requiring explicit reference to a federal defense would conflict with the Court's obligation to construe removal statutes broadly to *avoid* constitutional problems.[1]

## LAW AND ARGUMENT

### I. PLAINTIFF DOOMS ITS INTERPRETATION OF § 1503 FROM THE OUTSET BY ADVOCATING THE WRONG RULE OF STATUTORY CONSTRUCTION.

Plaintiff argues against the constitutionality of § 1503 by urging a strict construction of statutory removal provisions. (Pl's Response to U.S. Memo., at 3-4). But the cases on which Plaintiff relies for that argument are inapposite, because they ignore that the issue the Court has raised in this case is *constitutionality*, not the general breadth of removal statutes. For example, in *Somlyo v. J. Lu-Rob Enterprises, Inc.*, 932 F.2d 1043 (2d Cir. 1991), the court addressed whether a notice of removal that did not comply with a local filing requirement was filed within the 30-day period prescribed for diversity jurisdiction. *Id.* at 1044. But *Somlyo* did not address a constitutional challenge to the statute conferring federal courts with diversity jurisdiction.[2]

Ultimately, then, Plaintiff seeks more than a "strict construction" of § 1503; it seeks a holding that Congress had no constitutional authority to adopt § 1503 in the first place. And in

---

[1] Plaintiff also unnecessarily argues that Congress cannot grant jurisdiction over cases "that are not listed in Article III." (*See* Pl's Response to U.S. Memo, at 7). Neither the Government nor Defendants have suggested § 1503 should be upheld if it falls outside of Article III. Rather, the Court asked whether § 1503 falls within Article III's "arising under" jurisdiction. As explained in Defendants' Response to Order to Show Cause Why This Action Should Not Be Remanded, filed November 26, 2008, the Supreme Court holds that purely jurisdictional statutes should be given any reasonable interpretation that allows the statute to fall within Article III's "arising under" jurisdiction.

[2] Plaintiff also misplaces reliance on *Louisville & Nashville Railroad Co. v. Mottley*, 211 U.S 149 (1908). In *Mottley*, the Supreme Court held that "federal question" jurisdiction did not exist when plaintiff's complaint asserted only state-law claims even if the plaintiff alleges, for the purpose of establishing jurisdiction, that a defendant will assert a federal defense. *Id.* at 152-53. *Mottley* correctly stands for the "'well-pleaded complaint' rule, which would otherwise preclude removal even if a federal defense were alleged." *Mesa*, 489 U.S. at 136-37 (citing *Mottley*). But Congress has the power to enact a statutory removal procedure that operates as an exception to the "well-pleaded complaint" rule. *See Mesa*, 489 U.S. at 137. That is precisely what Congress did in enacting § 1442(a), *see id.*, and the same rule applies for § 1503.

2

the face of such a constitutional challenge, a different rule of construction applies: "[I]f 'a construction of the statute is fairly possible by which [a serious doubt of constitutionality] may be avoided,' *Crowell v. Benson*, 285 U.S. 22, 62 (1932), a court should adopt that construction." *Mesa*, 489 U.S. at 137 (quoting *Califano v. Yamasaki*, 442 U.S. 682, 693 (1979) (brackets in *Califano*)). The Second Circuit recognizes that courts are "required to find a federal statute constitutional whenever possible." *Hassan*, 542 F.3d at 979. The Supreme Court "made clear that 'when the validity of an act of the Congress is drawn in question, and even if a serious doubt of constitutionality is raised, it is a cardinal principle that this Court will first ascertain whether a construction is fairly possible by which the question may be avoided." *Id.* at 978-79 (quoting *Crowell*, 285 U.S. at 62).

Thus, since Plaintiff challenges the constitutionality of § 1503, the Court should utilize the appropriate rules of construction set forth in *Mesa*.

## II. PLAINTIFF'S ARGUMENT THAT THE COURT SHOULD NOT "WRITE" A FEDERAL-DEFENSE PROVISION INTO § 1503 IS PREMISED ON THAT WRONG STANDARD.

Plaintiff argues that the absence of an express reference to a federal defense "in the text of § 1503 precludes any implication that Congress intended" § 1503 to fall within the range of Article III jurisdiction. (*See* Pl's Response to U.S. Memo., at 6). But that argument contradicts traditional rules of statutory construction. The Supreme Court held that the appropriate rule of construction requires the Court to carry out Congress' intent in conferring federal jurisdiction by upholding "federal defense" removal provisions even if express "federal defense" language does not appear in the statute's text. *Mesa*, 489 U.S. at 136-37.

In *Mesa*, the Supreme Court found the federal-officer removal statute, 28 U.S.C. § 1442(a), constitutional. That statute provides for removal jurisdiction over any civil or criminal case against "any officer of the United States or any agency thereof, or person acting

3

under him, for any act under color of such office . . . ."[3] Like § 1503, nothing in § 1442(a) explicitly refers to a "federal defense." Thus, based on the "*plain language* of the removal statute," the United States argued that § 1442(a) permitted removal even without the assertion of a federal defense. *Mesa*, 489 U.S. at 134 (emphasis added). The Supreme Court rejected the Government's interpretation, because it "unnecessarily present[ed] grave constitutional problems." *Id.* at 137.[4] Rather, the Supreme Court held that § 1442(a) contained an implicit requirement that the defendant have a colorable federal defense. So construing the statute, the Court explained that § 1442(a) "merely serves to overcome the 'well-pleaded complaint' rule which would otherwise preclude removal even if a federal defense were alleged." *Id.* at 136. That interpretation "clearly preserves [the removal statute's] constitutionality . . . ." *Id.* at 137 (citing *Califano*, 442 U.S. at 693).

---

[3] In its entirety, § 1442(a) provides:

> (a) a civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an office or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.
>
> (2) A property holder whose title is derived from any such officer, where such action or prosecution affects the validity of any law of the United States.
>
> (3) Any officer of the courts of the United States, for any act under color of office or in the performance of his duties;
>
> (4) Any officer of either House of Congress, for any act in the discharge of his official duty under an order of such House.

28 U.S.C. § 1442(a).

[4] Plaintiff misplaces reliance on this quotation as the "central holding of *Mesa*," which Plaintiff contends supports its argument against the constitutionality of § 1503. (*See* Pl's Response to U.S Memo, at 7) The Supreme Court's way of avoiding "grave constitutional problems" was the adoption of a "federal defense" exception to the well-pleaded complaint rule. Hence, the quotation supports an interpretation that *avoids* unnecessary constitutional concerns, rather than the interpretation Plaintiff urges, which arguably would render § 1503 unconstitutional.

4

Since *Mesa*, courts recognize that § 1442(a) "*implicitly* contains the related requirement that removal be predicated on the existence of a federal defense . . . ." *De Masi v. Schumer*, 608 F. Supp. 2d 516, 523 (S.D.N.Y. 2009) (emphasis added); *see also Williams v. Brooks*, 945 F.2d 1322, 1324 n.2 (5th Cir. 1991) (federal removal statute "*implicitly* contains the related requirement of assertion of a colorable federal defense . . . .") (emphasis added).

Likewise, the Second Circuit suggested it would preserve the constitutionality of another removal statute, 12 U.S.C. § 1819(b)(2), by broadly interpreting the statute as supporting jurisdiction whenever a party asserts a federal defense. *Mizuna, Ltd. v. Crossland Fed. Sav. Bank*, 90 F.3d 650, 655 (2d Cir. 1996). Section 1819(b)(2), like § 1442(a), contains no explicit "federal defense provision":

> Except as provided in subparagraph (D), the [FDIC] may . . . remove any action, suit, or proceeding from a State court to the appropriate United States district court . . . .

12 U.S.C. § 1819(b)(2). Despite the lack of an express reference to a federal defense, the Second Circuit examined whether the defendant had asserted a federal defense that supported federal jurisdiction. The defendant had asserted "no federal defense," *see id.* at 655, so the *Mesa* rule did not apply.[5] The corollary, then, is that a federal defense triggers the *Mesa* rule and supports removal jurisdiction in the face of a removal statute like § 1503.

By enacting § 1503, Congress allowed for the removal of "[c]laims and legal actions . . . related to allegations involving actual or threatened contamination of methyl tertiary butyl ether (MTBE) . . . ." The Court should hold that § 1503 independently supports "arising under" jurisdiction; or, in the alternative, that "arising under" jurisdiction applies because § 1503 is part

---

[5] Ultimately, the Second Circuit held § 1819(b)(2) supported Article III "arising under" jurisdiction because it was part of a larger enactment reflecting an overall statutory scheme that supported "arising under" jurisdiction. *Id.* at 656-57. The same would be true here even if Defendants had not asserted federal defenses.

5

of an overall statutory scheme; or in the second alternative, that the Court may assert protective jurisdiction over MTBE cases. (*See* Defendants' Response to Order to Show Cause Why This Action Should Not Be Remanded (11/26/08)). But if the Court declines to make these holdings, then it should do what the Supreme Court did in *Mesa*: construe a removal statute in a way that avoids constitutional deficiencies. Similar to federal-officer removal in *Mesa*, "claims and legal actions" related to MTBE can and should be interpreted as an exception to the well-pleaded complaint rule that allows for removal of actions when a party asserts a federal defense.

## CONCLUSION

For the foregoing reasons, along with those reasons set forth in Defendants' and the United States' prior briefing supporting the constitutionality of § 1503, the Court should conclude that § 1503 of the Energy Policy Act of 2005 falls within Article III's "arising under" jurisdiction.

DATED: August 10, 2009
New York, NY

Respectfully submitted,

*James A. Pardo*
Peter John Sacripanti (PS 8968)
James A. Pardo (JP 9018)
Stephen J. Riccardulli (SR 7784)
Lauren E. Handel (LH 0755)
McDermott Will & Emery LLP
340 Madison Avenue
New York, NY 10017-4613
Tel. (212) 547-5400
Fax (212) 547-5444

Counsel for Defendant Exxon Mobil Corporation

## CERTIFICATE OF SERVICE

Lisa A. Gerson, pursuant to 28 U.S.C. 1746, hereby declares under penalty of perjury, that on the 10th day of August, 2009, I caused to be served by electronic means upon Plaintiffs' liaison counsel, a true and correct copy of: DEFENDANTS' REPLY TO PLAINTIFF CITY OF MERCED REDEVELOPMENT AGENCY'S BRIEF IN RESPONSE TO UNITED STATES OF AMERICA'S MEMORANDUM OF LAW IN SUPPORT OF THE CONSTITUTIONALITY OF SECTION 1503 OF THE ENERGY POLICY ACT OF 2005.

_____
Lisa A. Gerson