# Will&Emery

Boston Brussels Chicago Dusseldorf London Los Angeles Miami Munich
New York Orange County Rome San Diego Silicon Valley Washington, D.C.

**MEMO ENDORSED**

Lauren E. Handel
Attorney at Law
lhandel@mwe.com
212.547.5631

August 7, 2009

**BY FACSIMILE (212-805-7930)**

The Honorable James C. Francis IV
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007-1312

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/10/09

*ALSO DOCKET IN MASTER FILE 00 CIV 1898 & IN 04 CIV 3417*

Re: City of New York v. Amerada Hess Corp, et al., Case No. 04-Civ. 3417
In re: MTBE Products Liability Litigation, MDL 1358

Dear Judge Francis:

We write on behalf of Exxon Mobil Corporation ("ExxonMobil") to seek clarification of the Court's rulings of August 4, 2009, on the objections to Plaintiff's designations from the October 2001 trial testimony of Curtis Stanley. It appears that no ruling was made on ExxonMobil's general objection that all testimony Plaintiff has designated from the trial in *South Tahoe Public Utility District v. Atlantic Richfield* ("*South Tahoe*") is inadmissible hearsay not permitted by Federal Rule of Evidence 804(b)(2).

ExxonMobil has not asserted blanket objections on hearsay grounds to Plaintiff's designations of *deposition* testimony of witnesses not affiliated with ExxonMobil from prior cases because Case Management Orders 4 and 6 permitted Plaintiff to use at trial in this matter certain deposition testimony taken in "Prior MTBE Litigations," including the *South Tahoe* case. However, Judge Scheindlin ruled that those Case Management Orders did not apply to Plaintiff's designations of prior *trial* testimony and, therefore, the admissibility of such prior trial testimony is governed by the Federal Rules of Evidence. See Case Management Order 52 ¶ 4 (attached as Exhibit A). As stated in ExxonMobil's general objections to Plaintiff's designations from the *South Tahoe* trial testimony of Mr. Stanley and other witnesses, such testimony is inadmissible because ExxonMobil was not a party to that case at the time of trial and neither ExxonMobil nor a predecessor in interest had an opportunity and similar motive to develop the testimony by direct, cross or redirect examination.

We respectfully request that the Court issue a ruling on ExxonMobil's general hearsay objection to all of Plaintiff's designations of prior trial testimony. If additional information is

U.S. practice conducted through McDermott Will & Emery LLP.
340 Madison Avenue New York New York 10173 Telephone: 212.547.5400 Facsimile: 212.547.5444 www.mwe.com

needed, we are available for a telephonic or in-person conference at the Court's convenience or can provide briefing, if that is desired.

Thank you for your attention to this matter.

Respectfully submitted,

*Lauren Handel*

Lauren E. Handel

cc: The Honorable Henry Pitman (by e-mail to Daniel Ortiz)
Nicholas Campins, Esq.

---

8/10/09

Application for reconsideration granted and prior decision adhered to. The interests of the defendant in the current litigation and the defendant in the prior trial were sufficiently similar to warrant admission of the testimony under F. R. Evid. 804(b)(1). See Clay v. Johns-Manville Sales Corp., 722 F.2d 1289, 1295 (6th Cir. 1983); Santrayall v. Burrell, No. 91 Civ. 3166, 1998 WL 60926, at *2-3 (S.D.N.Y. Jan. 21, 1998); Construction Technology, Inc. v. Cybermation, Inc., No. 91 Civ. 7474, 1996 WL 374601 (S.D.N.Y. April 30, 1996).

SO ORDERED.

*James C. Francis IV*
USMJ