**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| **In Re:  Methyl Tertiary Butyl Ether ("MTBE")** **Products Liability Litigation** | **Master File No. 1:00 – 1898** **MDL 1358 (SAS)** **M21-88** |

---

**This document refers to:**

*City of Crystal River v. Amerada Hess Corporation et al.,* No. 07-CV-00120
*City of Inverness Water District v. Amerada Hess Corp.,* No. 07-CV-00114
*City of Tampa Bay Water District v. Amerada Hess Corp.,* No. 07-CV-00516
*Homosassa Water District v. Amerada Hess Corp., et al.,* No. 07-CV-00113
*New Jersey Dept. of Environmental Protection v. Amerada Hess Corp. et al.,* No. 08-CV-0312
*Carle Place Water District v. Atlantic Richfield Co., et al.,* No. 03-Civ-10053
*Incorporated Village of Mineola, et al. v. AGIP, Inc., et al.,* No. 03-Civ-10051
*Town of East Hampton, et al. v. AGIP, Inc., et al.,* No. 03-Civ-10056
*Town of Southampton v. AGIP, Inc., et al.,* No. 03-Civ-10054
*Village of Hempstead v. AGIP, Inc., et al.,* No. 03-Civ-10055
*Village of Roanoke v. Ashland, Inc., et al.,* Case No. 09-L-9[*]
*West Hempstead Water District v. AGIP, Inc., et al.,* No. 03-Civ-10052
*Westbury Water District v. AGIP, Inc., et al.,* No. 03-Civ-10057

---

**DEFENDANT THE PREMCOR REFINING GROUP INC.'S FOURTH AMENDED**
**MASTER ANSWER, AFFIRMATIVE DEFENSES, MASTER CROSS-COMPLAINT**
**AGAINST DEFENDANTS, AND MASTER THIRD-PARTY COMPLAINT**
**AGAINST JOHN AND JANE DOES NO. 1-500**

Pursuant to the Master Answer agreement among the parties, Case Management Order #6, and the Court's instructions during the January 13, 2005, status conference, Defendant, The Premcor Refining Group Inc., hereby serves the following Fourth Amended Master Answer, Affirmative Defenses, Master Cross-Complaint Against Defendants and Master Third-Party

---

[*] PRG is not submitting a formal motion to dismiss those cases not expressly covered by the Court's Order dated April 20, 2005, denying in part and granting in part Defendants' motions to dismiss filed in other cases to this MDL proceeding.  PRG expressly reserves the arguments that were rejected by the Court in its rulings on the motions to dismiss.  PRG requests that this Court enter an order deeming the motion to dismiss to have been filed in all such cases.  Compare Manual for Complex Litigation sec. 11.32, at 43 (4th ed. 2004) ("The judge . . . should consider ordering that specified pleadings, motions, and other court orders (unless specifically disavowed by a party) are 'deemed' filed in cases later brought, transferred, or removed, without actually filing the documents (see Sample Order, section 40.42).").

Dockets.Justia.com

Complaint Against John and Jane Does No. 1-500 ("Master Answer"), in the above captioned cases:

**MASTER ANSWER**

## I.     ADMISSIONS AND STATEMENTS REGARDING COMMON ALLEGATIONS

1.     The Premcor Refining Group Inc. ("PRG") is a Delaware corporation which was incorporated on February 8, 1988, under the name AOC Acquisition Corporation ("AOC").  On November 22, 1988, AOC changed its name to Clark Oil & Refining Corporation.  On September 13, 1993, Clark Oil & Refining Corporation changed its name to Clark Refining & Marketing Inc.  On May 10, 2000, Clark Refining & Marketing Inc. changed its name to The Premcor Refining Group Inc.

2.     PRG purchased its first refineries located in Hartford, Illinois and Blue Island, Illinois on November 22, 1988, through the bankruptcy proceedings of Apex Oil Company and its subsidiaries.  PRG also purchased the following refineries: Port Arthur Refinery, Port Arthur, Texas (purchased 1995); Lima Refinery, Lima, Ohio (purchased 1998); Memphis Refinery, Memphis, Tennessee (purchased March, 2003); and Delaware City Refinery, Delaware City, Delaware (purchased May 1, 2004).

## II.    ALLEGATIONS PURPORTING TO QUOTE OR REFERENCE DOCUMENTS, STATUTES AND REGULATIONS

3.     Numerous paragraphs in each complaint purport to quote from, analyze or summarize documents, statutes, and regulations.  The documents, statutes, and regulations referenced by Plaintiffs are not attached to the Complaints.  PRG denies Plaintiffs' attempts to summarize or characterize the contents of any documents, statues or regulations identified in the Complaints and further avers that any statutes and regulations present matters of law for interpretation by the Court and/or appropriate administrative agency.  PRG further denies that

any documents, statutes or regulations cited in the Complaints give rise to liability on the part of PRG and leaves Plaintiffs to their proof.

## III.     ALLEGATIONS AGAINST OTHER DEFENDANTS UNRELATED TO PRG

4.     PRG is without knowledge or information sufficient to form a belief as to the truth of the matters averred in the complaints regarding the specific statements, acts or omissions of any defendant unrelated to PRG.

## IV.     DENIALS

### A.     Specific Denials

5.     PRG denies that it was in existence prior to February 8, 1988, and denies that it participated in any activities alleged by Plaintiffs in the complaints to have occurred prior to February 8, 1988.

6.     PRG denies that it acted in concert, conspired, or had any agreement with another defendant to withhold from plaintiffs or government regulators information concerning methyl tertiary butyl ether ("MTBE") or tertiary butyl alcohol ("TBA").

7.     PRG denies that it was a member of the American Petroleum Institute ("API"), any API committee dedicated to MTBE, or the Oxygenated Fuels Association, and further denies that any such purported association could give rise to liability as plaintiffs allege.

8.     PRG denies that it manufactured MTBE or TBA.

### B.     General Denial of Remaining Allegations

9.     Except as admitted to or responded to herein, PRG denies each and every remaining allegation in the Complaints in the above referenced matter.

## V. CAUSES OF ACTION ALLEGED

10. To the extent that any operative complaint in the above captioned matters incorporates prior allegations in any particular cause of action, PRG incorporates by reference its responses to said prior allegations as if fully set forth herein.

11. PRG denies that it is liable to the plaintiff(s) under any cause of action asserted in the Complaints in any of the above captioned matters. PRG denies that it violated the product liability law of any state, whether statutory or common law. PRG denies that it failed to warn of the allegedly dangerous, defective properties of gasoline containing MTBE. PRG denies that it was negligent, engaged in a so-called "civil conspiracy," created a nuisance, engaged in a trespass, committed fraud or misrepresentation, and/or violated any state statute or regulation.

12. PRG denies that Plaintiffs are entitled to any relief requested in the Complaints in the above captioned matters.

## VI. PLAINTIFFS' DEMAND FOR A JURY TRIAL

13. PRG admits that Plaintiffs have demanded a jury trial, but denies that Plaintiffs are entitled to a jury trial on all claims for relief set forth in the Complaints.

## VII. RESERVATION OF RIGHT TO AMEND

14. PRG reserves the right to amend this Master Answer.

<u>AFFIRMATIVE DEFENSES</u>

## I. AFFIRMATIVE DEFENSES APPLICABLE TO ALL CASES

PRG sets forth the following separate defenses, which shall not constitute or be construed as any undertaking by PRG of any burden which would otherwise be that of the Plaintiffs in the above captioned cases:

15.     Plaintiffs' claims are barred in whole or in part by the doctrine of federal preemption, including conflict preemption and field preemption.

16.     Plaintiffs' claims are barred in whole or in part, because at all relevant times, PRG's actions and their products complied with and were undertaken pursuant to applicable federal, state, and local laws, rules, regulations and specifications.

17.     Plaintiffs' claims are barred in whole or in part because federal, state and/or local authorities and agencies have mandated, directed, approved and/or ratified the alleged actions or omissions of PRG.

18.     All acts and conduct of PRG, as alleged in the complaints, conformed to and were pursuant to statutes, government regulations and industry standards, and were based upon the state of knowledge existing at all materials times alleged in the complaints.

19.     The relief sought by plaintiffs' complaints is, in whole or in part, within the particular expertise of and is being addressed by federal and state governments, and their relevant agencies, and thus this Court should decline to exercise jurisdiction over this matter pursuant to the doctrine of primary jurisdiction.

20.     Plaintiffs have failed to exhaust their administrative remedies.  All proceedings before this Court should be stayed pending administrative resolution of the issues presented herein.

21.     Plaintiffs have a plain, common, adequate and speedy remedy at law.  The equitable causes of action alleged in the complaints are thus barred.

22.     Plaintiffs are barred from seeking strict liability for design defect as any attempt to reexamine the mandatory cost-benefit analysis delegated to and performed by the EPA pursuant to its obligations under the Clean Air Act (CAA) would be impermissible given that

Congress, through Section 211 of the CAA, authorized the EPA, and not the courts, to perform the cost-benefit analysis.

23.     If it is determined that plaintiffs or anyone on whose behalf plaintiffs are allegedly suing, was injured, as set forth in the complaints, which PRG denies, PRG alleges that such hardship is outweighed by the convenience and public service rendered by PRG's actions.

24.     Each purported cause of action asserted in the complaints is barred under the doctrine of primary assumption of the risk in that the general public, by and through its elected representatives and their appointees, knew and understood the alleged risks of harm presented by the use of MTBE, if any, and elected nevertheless to proceed to require the use of gasoline oxygenates and to specifically permit the use of MTBE.

25.     To the extent that plaintiffs have received or may receive the requested relief from a governmental agency, PRG asserts its entitlement to an appropriate set-off or reduction of any judgment(s) against them.

26.     The appropriate forum for plaintiffs' claims is an administrative agency, and therefore all proceedings before this Court should be stayed pending administrative resolution of the issues.

27.     The claims set forth in the complaints fail, in whole or in part, based on the doctrine of election of remedies.

28.     Each purported cause of action in the complaints as applied to PRG is barred because the relief sought therein would pose unreasonable barriers and substantial burdens on interstate and/or international commerce in violation of the Commerce Clause of the United States Constitution and/or the North American Free Trade Agreement.

29.     The complaints fail to state a claim upon which relief may be granted and should, therefore, be dismissed pursuant Fed. R. Civ. P. 12(b)(6).  Without limiting the general application of the foregoing, the "commingled product theory" of market share liability has not been adopted by the highest state court of any state implicated by this litigation.  Any causes of action based upon such a theory are legally insufficient and fail to state a claim upon which relief may be granted.  PRG further states that to the extent that the highest state court of any state implicated by this litigation would, in fact, adopt a "commingled product theory" of market share liability, it would not do so in the circumstances of this case, where plaintiffs have made no efforts to identify the source(s) of their alleged property damage and/or contamination.

30.     Because plaintiffs have not suffered any cognizable harm and have not incurred any present damages, there is no current case or controversy and thus, plaintiffs' claims are not ripe for adjudication.

31.     Plaintiffs have failed to state a cause of action for nuisance because they have neither alleged nor suffered any particularized injury.

32.     The alleged injuries and damages, if any, suffered as a result of conduct legally attributable to PRG is *de minimis* and therefore any injunction would pose a disproportionate hardship on PRG, as well as on the public, in comparison to the injury and or damages allegedly suffered by plaintiffs.  Accordingly, plaintiffs are not entitled to injunctive relief against PRG as a matter of law.

33.     Plaintiffs do not have a legally cognizable injury unless or until the alleged MTBE contamination exceeds state action levels.

34.     Plaintiffs may not seek attorneys' fees as an element of relief.

35.     Alternatively, plaintiffs have failed to properly present any claim for attorneys' fees.

36.     To the extent attorneys' fees are either allowed or recoverable, plaintiffs have sued multiple parties, under multiple causes of action, with divisible damages, and thus, the claim for attorneys' fees must be proportioned between the same.

37.     The claims set forth in the complaints are barred, in whole or in part, by the mootness doctrine.

38.     The complaints and each purported cause of action are barred, in whole or in part, by the defense of laches.  Plaintiff's unreasonable and inexcusable delay in filing these actions caused substantial prejudice to PRG.

39.     The complaints and each purported cause of action are barred by the applicable provisions of the pertinent statutes of limitations.

40.     The complaints and each purported cause of action are barred by the applicable provisions of the pertinent statutes of repose.

41.     Plaintiffs are estopped by their conduct from asserting any of the purported claims alleged against PRG in the complaints.

42.     Plaintiffs have not investigated the cause of the alleged harm or attempted to identify the actual responsible party or parties, thereby precluding any recovery of damages under the common law, for statutory violations, or under any market share or collective liability theory.

43.     Plaintiffs cannot establish the required predicates for their theories of collective liability, and therefore their defendant-identification burden remains.  In the event that the

defendant-identification burden were shifted in the future, PRG denies that it contributed to the environmental impact at issue.

44.     Because the highest state courts of any state implicated by this litigation have not recognized a "commingled product theory" of market share liability and/or would not do so under the circumstances of this case, the burden of proof of causation has not shifted to PRG and/or any other Defendant.  Plaintiffs retain the burden of pleading and proving that PRG or other Defendants proximately caused their alleged property damage and/or environmental harm.

45.     To the extent that any state implicated by this litigation does recognize market share or collective liability in any form, and plaintiffs have met their burden shifting requirements, PRG is not liable to Plaintiffs as it did not supply any product to the relevant market during the relevant time period and/or supplied only a *de minimis* or inconsequential amount of product.

46.     Because Plaintiffs have not suffered any cognizable harm and have not incurred any present damages, there is no current case or controversy, and thus, Plaintiffs' claims are not ripe for adjudication.

47.     Plaintiffs' claims are barred in whole or in part by the doctrine of waiver.

48.     Plaintiffs' failure to even attempt to identify the actual source(s) of their alleged property damage or contamination prior to bringing suit against Defendants such as PRG amounts to conduct involving unclean hands.  Consequently, Plaintiffs' claims for equitable relief are barred.

49.     PRG relied upon the approval of government agencies such as the Environmental Protection Agency in using MTBE as a gasoline additive; consequently, Plaintiffs are estopped

by operation of common law or through the doctrine of regulatory estoppel from maintaining their causes of action against PRG.

50.     Plaintiffs assumed the risk of all acts, injuries, and damages that plaintiffs now assert against PRG.

51.     PRG is entitled to total or partial indemnity from those individuals or entities who are responsible for plaintiffs' injuries or damages, if any, in an amount in direct proportion to their relative culpability.

52.     Plaintiffs lack the capacity to sue.

53.     Plaintiffs lack standing to sue.

54.     There is a defect or misjoinder of parties, in that plaintiffs have failed to join indispensable or necessary parties.

55.     Plaintiffs' claimed injuries were caused in whole or in part by others, whose actions were not controlled by or related to PRG.  To the extent that this is deemed to be an affirmative defense, such actions are the superseding, supervening and/or intervening cause of plaintiffs' injuries and therefore plaintiffs may not recover from PRG as a matter of law.

56.     At no time did PRG exercise control over the persons or entities responsible for actual or threatened releases of MTBE, if any, alleged in the complaints.

57.     To the extent required, PRG provided proper warnings, information, and instructions relating to its products pursuant to generally recognized and prevailing standards in existence at the time.

58.     The plaintiffs' claims against PRG are barred by the bulk supplier doctrine.

59.     PRG sold its products to knowledgeable and sophisticated purchasers, and any injury alleged by plaintiffs was caused by such purchasers' failure to observe known standards of care.

60.     Any injury, damage or loss sustained by the plaintiffs was proximately caused by and/or contributed to by plaintiffs' own negligence, carelessness, and/or omissions. Consequently, Plaintiffs' claims must be dismissed or their recovery reduced in whole or in part due to the percentage of fault attributable to the Plaintiffs' negligence, carelessness, and/or omissions in accordance with the common law or statutes of the states implicated by this litigation.

61.     If it is determined that Plaintiffs or anyone on whose behalf Plaintiffs are allegedly suing, was injured, as set forth in the complaints, which PRG denies, PRG alleges that any award of damages shall be reduced in proportion to the percentage of fault attributable to the Plaintiffs.

62.     Plaintiffs' claims are barred pursuant to the learned intermediary doctrine.

63.     If any damages or injuries alleged in the complaints occurred because of leaks in the gasoline storage tanks and associated piping, PRG is not liable for those damages and/or injuries because the gasoline storage tanks and associated piping, when manufactured and distributed, conformed to the then current state of scientific and industrial knowledge, and the tanks and associated piping were used for their intended purpose.

64.     Plaintiffs' claims are barred to the extent the conduct complained of is protected by the First Amendment to the United States Constitution.

65.     Plaintiffs' claims are barred since the federal government and/or a federal agency has in effect mandated the use of MTBE, and thus, plaintiffs' claims violate PRG's rights,

including its right to substantive due process, under the United States Constitutions and the Constitutions of the State of Delaware and the States of Florida, Illinois, New Jersey, and New York.

66.    Plaintiffs' claims are time and otherwise barred, in whole or in part, based on plaintiffs' actual or constructive notice of reported spills or releases, if any, from publicly available records.

67.    The injuries and damages, if any, alleged by plaintiffs are caused in whole or in part to the presence of compounds other than MTBE. Under plaintiffs own legal theories, PRG is not liable for damages caused by compounds other than MTBE. In the event liability is assessed against PRGs, such liability must be reduced, in whole or in part, where, and to the extent that, other compounds – about which plaintiffs do not complain – contributed to the alleged injury.

68.    PRG is not liable for environmental harm where chemical compounds other than MTBE exceed state actions levels or standards, requiring cleanup or regardless of the presence of MTBE (particularly, but not exclusively, where MTBE is present below state action levels or standards).

69.    If it is determined that plaintiffs or anyone on whose behalf plaintiffs are allegedly suing, was injured, as set forth in the complaints, which PRG denies, PRG alleges that any award of damages shall be reduced in proportion to the percentage of fault attributable to third parties (including but not limited to persons or entitles responsible for gasoline leaks or spills).

70.    The injuries alleged in the complaints, if any, should be reasonably apportioned among the defendants, as each defendant's alleged acts and omissions is divisible and distinct.

Therefore, no defendant is jointly and severally liable to plaintiffs for any claim alleged in the complaints.

71.     Plaintiffs have unreasonably failed to mitigate their damages, if any.

72.     To the extent that any party has settled or may settle in the future with plaintiffs, PRG asserts their entitlement to an appropriate credit or reduction of any judgment(s) against them.

73.     Plaintiffs' claim for punitive damages violates the provisions of the U.S. Constitution, including but not limited to those provisions requiring due process of law and prohibiting excessive fines, as well as the Constitutions of the State of Delaware and the States of Florida, Illinois, New Jersey, and New York.

74.     Plaintiffs are public entities and/or authorities seeking compensation for alleged damages to natural resources allegedly under their jurisdiction or purview.  These public entity/authority plaintiffs have improperly delegated the power to prosecute these cases to private attorneys on a contingent fee basis.  Such delegation is against public policy.

75.     Plaintiffs' claims are barred, in whole or in part, by any provision of state law allowing for the reimbursement of costs and expenses associated with remediation of environmental property damage and/or Defendants are entitled to a set off for any recovery Plaintiffs obtain from any governmental agency as a result of the alleged environmental harm and/or property damage.

76.     PRG incorporates by reference any affirmative allegations pleaded by any Co-Defendant that are consistent with Plaintiffs' claims and which, notwithstanding, preclude a recovery in whole or in part by Plaintiffs.

## II. AFFIRMATIVE DEFENSES APPLICABLE TO PARTICULAR STATES

PRG sets forth the following separate defenses for cases pending in particular states, which separate defenses shall not constitute or be construed as an undertaking by PRG of any burden which would otherwise be that of the Plaintiffs in the above captioned cases:

### A. FLORIDA COMPLAINTS

77. The Complaints and each purported cause of action are barred by the applicable provisions of the pertinent statutes of limitations, including but not limited to, Fla. Stat. Ann. § 95.11 (West 2001).

78. Plaintiffs' strict liability claims are barred in whole or in part by the Government Rules Defense as set forth in Fla. Stat. Ann. § 768.1256.

79. Plaintiffs' strict liability claims are barred in whole or in part by the State-of-the Art Defense for products liability as set forth in Fla. Stat. Ann. § 768.1257.

80. Plaintiffs' strict liability claims fail, in whole or in part, because Florida law only permits such claims when a product is used as intended.

81. Plaintiffs' claims are barred, in whole or in part, by Section 376.308(5), Florida Statutes, if they relate to any discharge or environmental harm eligible for restoration funding from the Inland Protection Trust Fund.

82. Recovery is barred or must be reduced, in whole or in part, based on the doctrine of comparative negligence.

83. Plaintiffs' claims fail, in whole or in part, based on the doctrine of *in pari delicto*.

84. Plaintiffs' claims fail, in whole or in part, based on the doctrine of unjust enrichment.

## B.     ILLINOIS COMPLAINT

85.     The complaint and each purported cause of action are barred by the applicable provisions of the pertinent statutes of limitations, including but not limited to, 735 ILCS 5/13-205.

86.     Plaintiffs' recovery is barred, in whole or in part, due to their contributory fault, pursuant to 735 ILCS 5/2-1116.

## C.     NEW JERSEY COMPLAINT

87.     The complaints and each purported cause of action are barred by the applicable provisions of the pertinent statutes of limitations, including but not limited to, N.J. Stat. Ann. § 2A:14-2 and N.J. Stat. Ann § 58:10B-17.1(a), which requires the State to commence any civil action concerning the remediation of a contaminated site within three years after the accrual of the cause of action.

88.     Plaintiff's claims for natural resource damages under either the New Jersey Spill Compensation and Control Act ("Spill Act") or the Water Pollution Control Act ("WPCA") are specifically barred by the applicable provisions of the pertinent statutes of limitations including N.J. Stat. Ann. 58:10B-17.1(b), which requires the State to commence any action "concerning the payment of compensation for damage to, or loss of, natural resources due to the discharge of a hazardous substance . . .within five years and six months next after the cause of action shall have accrued."

89.     Plaintiff's claim for relief under the Spill Act is barred to the extent Plaintiff has already received "compensation for damages or cleanup costs pursuant to any other State or Federal Law."  N.J. Stat. Ann. § 58:10-23.11v. (2009).

90.	Plaintiffs' claims are barred by the statutory defenses to liability provided by the Spill Act and the WPCA.

91.	Plaintiffs' claims under the Spill Act and WPCA are barred to the extent plaintiffs seek relief for conduct occurring or damages incurred prior to the effective date of the Spill Act and/or WPCA.

92.	Plaintiff's claims for natural resource damages under either the New Jersey Spill Compensation and Control Act or the Water Pollution Control Act are barred in whole or in part to the extent the New Jersey Department of Environmental Protection has already recovered damages from or otherwise released the responsible parties.

93.	Plaintiffs' claims against Valero Defendants are barred by the New Jersey entire controversy doctrine, doctrine of *res judicata* and/or similar doctrines, and because of plaintiffs' failure to comply with New Jersey Court Rule 4:5-1 in prior litigations.

94.	Plaintiffs' claims are barred by the doctrine of primary jurisdiction insofar as the NJDEP is responsible for directing and allocating responsibility for investigation and remediation of the environmental condition alleged in the complaints.

95.	Plaintiffs' claims are barred, in whole or in part, by plaintiffs' failure to comply with the prerequisites to liability under the Spill Act, including without limitation plaintiffs' incurring of costs not authorized by the Spill Act and plaintiffs' failure to direct clean up and remediation operations in accordance with the National Contingency Plan to the greatest extent possible.

96.	Plaintiffs' claims for natural resource damages are barred because the State's method of assessing natural resource damages was not adopted in a manner consistent with the Administrative Procedures Act, N.J.S.A. § 52:14B-2(e).

97.     Any injury or damages suffered by plaintiffs have been increased by plaintiffs' failure to mitigate their damages, in that (1) the policies and activities of the State of New Jersey and its agencies during the period of time for which plaintiffs seek damages have caused damage to natural resources greater than that would otherwise have occurred; and (2) the State and its agencies have failed to take reasonable measures available to them to reduce damages.

98.     Plaintiffs' claims against Valero Defendants are barred, in whole or in part, by the prior settlement with certain MDL plaintiffs in New Jersey.

## C.     NEW YORK COMPLAINTS

99.     The Complaints and each purported cause of action are barred by the applicable provisions of the pertinent statues of limitations, including but not limited to, N.Y. Civ. Prac. L. & R. § 214.

100.     Plaintiffs' claims pursuant to New York General Business Law § 349 should be dismissed for failure to plead facts sufficient to show that defendants engaged in "consumer-oriented" conduct that had a broad impact on consumers at large which injured the plaintiffs as within the intended ambit of the statue.

101.     Plaintiffs' claims pursuant to New York General Business Law § 349 should be dismissed because plaintiffs are not consumers under § 349.

102.     Plaintiffs' claims pursuant to New York General Business Law § 349 should be dismissed because the alleged deceptive conduct for which the plaintiffs seek redress does not fall within the ambit of the statute, as the plaintiffs' injuries did not arise by reason of any alleged violation of GBL § 349.

103.     Plaintiffs' claims pursuant to New York General Business Law § 349 should be dismissed as compliance with the Federal Trade Commission Act, 15 U.S.C.A. § 45 is a complete defense to an action brought under GBL § 349.

104.     Plaintiffs' claims pursuant to New York General Business Law § 349 should be dismissed because any act or practice of PRG complied with the rules and regulations of, and the statutes administered by, the Federal Trade Commission, or any official department, division, commission or agency of the United States.

105.     Plaintiffs' claims pursuant to New York General Business Law § 349 should be dismissed because PRG did not sell gasoline in New York prior to September, 2002.

106.     If PRG is found liable for any non-economic loss allegedly suffered by plaintiffs, and such liability equals fifty percent or less of the total liability of all persons liable, and the aggregate liability of such other persons equals or exceeds fifty percent of the total liability, then, pursuant to Civil Practice Law and Rules Article 16, that PRG's liability to plaintiffs for non-economic loss shall not exceed PRG's equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for such non-economic loss.

**WHEREFORE,** The Premcor Refining Group Inc. requests entry of judgment dismissing the complaints with prejudice, and awarding The Premcor Refining Group Inc. its costs and attorneys' fees, and such other relief as the Court may deem just and proper.

## <u>MASTER CROSS-COMPLAINT AGAINST DEFENDANTS</u>

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, The Premcor Refining Group Inc. ("PRG") hereby brings this Cross-Complaint against certain yet unidentified Co-

Defendants ("Cross-Defendants"), in the above captioned cases, and in support thereof, avers as follows:

## I. BACKGROUND

1. Plaintiffs commenced civil actions in Florida, Illinois, New Jersey, and New York against PRG and other purported manufacturers, designers, refiners, formulators, distributors, suppliers, sellers, and marketers of the gasoline additive methyl tertiary butyl ether ("MTBE") and/or gasoline products containing MTBE for alleged damages resulting from environmental harm or threatened environmental harm to plaintiffs' groundwater or water systems from MTBE and/or gasoline containing MTBE. Certain of the complaints also contain similar allegations relating to TBA.

2. Specifically, plaintiffs allege negligence, public and private nuisance, trespass, civil conspiracy, breach of warranty, violation of state environmental/spill acts and a variety of product liability theories against PRG and the other named Defendants.

3. In virtually all instances, plaintiffs' complaints fail to identify – or even name as defendants – the entities or persons responsible for spilling, leaking, or otherwise releasing into the environment MTBE, TBA, or gasoline containing MTBE or TBA that led to the environmental harm or threatened environmental harm which plaintiffs' allege. Nor have plaintiffs identified the location of each well they allege is harmed or threatened.

## II. PARTIES, JURISDICTION, AND VENUE

4. PRG is a corporation organized and existing under the laws of Delaware.

5. Cross-Defendants are certain individuals and/or entities who are Defendants in the above captioned actions, but whose exact identities, locations and actions are presently unknown to PRG and who are responsible for any and all damages allegedly sustained by plaintiffs. The

exact identities, locations and actions of the Cross-Defendants depend on further discovery and/or determinations regarding, among other things, the locations of the wells plaintiffs allege are impacted or threatened to be impacted.

6.      Cross-Defendants' offending conduct, as described herein, took place in substantial part in Florida, Illinois, New Jersey, and New York in relative proximity to the allegedly impacted or threatened groundwater or water systems in which plaintiffs claim to have an interest.

7.      Jurisdiction is proper in this Court under 28 U.S.C. § 1367, in that the claims set forth herein are so related to the claims in plaintiffs' Complaints that they form part of the same case or controversy.

8.      Venue is proper in this Court under 28 U.S.C. § 1391 and Fed. R. Civ. P. 13.

## III.      CROSS-DEFENDANTS UNLAWFUL CONDUCT

9.      Plaintiffs allege that PRG and the other named Defendants caused harm or threatened harm to plaintiffs' groundwater or water systems in manufacturing, designing, refining, formulating, distributing, supplying, selling, or marketing MTBE or gasoline containing MTBE and are liable to Plaintiffs for the damages allegedly resulting therefrom.  Certain of the complaints also contain allegations regarding TBA.

10.     PRG denies any and all liability whatsoever on plaintiffs' claims and for plaintiffs' alleged damages and incorporates its Master Answer to plaintiffs' Complaints by reference.

11.     PRG is not responsible for the actual or threatened releases, spills, or leaks of MTBE or gasoline containing MTBE into plaintiffs' groundwater or water systems.  On information and belief, PRG does not own or operate any of the service stations, USTs, or other

instrumentalities from which gasoline was leaked or spilled by Cross-Defendants and which allegedly impacted plaintiffs' wells.

12. The harm allegedly sustained by plaintiffs is a direct result of the actions and inaction of Cross-Defendants, the exact identities of which are unknown to PRG, and over whom PRG has no control and for whom PRG is not responsible. If PRG has or had any relationship, contractual or otherwise with one or more Cross-Defendants, such relationships required these entities to refrain from the offending activity described herein and/or to assume full responsibility for damages resulting therefrom.

13. At all applicable and relevant times, Cross-Defendants: were aware of the need to properly use, handle, or store gasoline, gasoline containing MTBE or MTBE; were aware of the proper methods to use, handle, or store gasoline, gasoline containing MTBE or MTBE; were aware of the proper procedures to install, remove, or inspect USTs containing such products; and were aware of the proper procedures to remediate or mitigate the harm caused by MTBE or gasoline containing MTBE.

14. At all applicable and relevant times, Cross-Defendants owed a duty to PRG to: properly use, handle, or store gasoline, gasoline containing MTBE or MTBE; properly install, remove, or inspect USTs containing such products; and properly remediate or mitigate the harm caused by MTBE or gasoline containing MTBE.

15. Cross-Defendants breached their aforementioned duty in, *inter alia*, the following regards:

a. By failing to safely and properly handle, use, or store MTBE or gasoline containing MTBE;

b.	By failing to safely and properly transport, haul, deliver, or transfer MTBE or gasoline containing MTBE;

c.	By failing to safely and properly receive or accept delivery or transfers of MTBE or gasoline containing MTBE;

d.	By failing to safely and properly remediate, mitigate, clean-up, eliminate, or control releases, spills, or leaks of MTBE or gasoline containing MTBE, and/or by failing to properly consult or advise Plaintiffs regarding same, including by, *inter alia*, failing to timely commence remediation or mitigation efforts, or improperly drilling or establishing monitoring wells during remediation or mitigation, thereby causing harm;

e.	By failing to safely and properly service, repair, maintain, monitor, inspect, test, or examine USTs or any associated piping or equipment;

f.	By failing to safely and properly install, replace, excavate, or remove USTs or any associated piping or equipment;

g.	By failing to safely and properly dispense or pump gasoline into trucks, tankers, automobiles, or any other vehicles;

h.	By failing to adhere to applicable laws, rules, regulations, guidelines, or procedures relating to the use, handling, or storage of MTBE or gasoline containing MTBE; the installation, removal, or inspection of USTs; or the remediation or mitigation of the harm caused by MTBE or gasoline containing MTBE; and

i.	By otherwise failing to act with due care in using, handling, or storing MTBE or gasoline containing MTBE; installing, removing, or inspecting USTs; or remediating or mitigating the harm caused by MTBE or gasoline containing MTBE.

16. The actions and inaction of Cross-Defendants were negligent, careless, reckless, and in derogation of their duty to Plaintiffs and/or PRG.

17. As a direct and proximate result of Cross-Defendants actions and inaction, Cross-Defendants were the sole cause of and/or contributed to the alleged harm or threatened harm to plaintiffs' groundwater or water systems and any and all resulting damages to plaintiffs alleged in the Complaints, and are directly liable to plaintiffs. Alternatively, Cross-Defendants are liable to PRG for all or part of plaintiffs' claims against PRG.

18. Without admitting any of the allegations made against PRG in Plaintiffs' Complaints, PRG incorporates Plaintiffs' allegations by reference and asserts them against Cross-Defendants. Without limitation, PRG specifically asserts that Cross-Defendants are liable to plaintiffs on, among other claims, their negligence, trespass, and nuisance claims, and any claims premised on statute statutes or regulations which apply, in whole or in part, to owners and operators of gasoline stations, USTs, or other gasoline storage facilities.

19. If the allegations contained in plaintiffs' Complaints are correct, which is specifically denied as to PRG, then Cross-Defendants are liable solely and directly to plaintiffs for the incidents complained of and any and all damages sought by plaintiffs.

20. Alternatively, if the allegations contained in plaintiffs' Complaints are correct, which is specifically denied as to PRG, and it is judicially determined that plaintiffs are entitled to damages from PRG, then Cross-Defendants are liable over to PRG, and PRG is entitled to express, implied, or equitable indemnification and/or contribution from Cross-Defendants for all losses, damages, and costs, including attorneys' fees, that PRG incurs as a result of this action.

**WHEREFORE**, Defendant/Cross-Plaintiff, The Premcor Refining Group Inc. demands entry of judgment in its favor and against certain yet unidentified Cross-Defendants for all sums

that may be awarded in favor of plaintiffs and against The Premcor Refining Group Inc., together with interest, costs, reasonable attorneys' fees, and such other relief as this Court deems just and proper.

**MASTER THIRD-PARTY COMPLAINT
AGAINST JOHN AND JANE DOES NO. 1-500**

Pursuant to Rule 14(a) of the Federal Rules of Civil Procedure, The Premcor Refining Group Inc. ("PRG") hereby brings this Third-Party Complaint against certain yet unidentified John and Jane Does Nos. 1-500 ("Third-Party Defendants"), in the above captioned cases, and in support thereof, avers as follows:

## I.      BACKGROUND

1.      Plaintiffs commenced civil actions in Florida, Illinois, New Jersey, and New York against PRG and other purported manufacturers, designers, refiners, formulators, distributors, suppliers, sellers, and marketers of the gasoline additive methyl tertiary butyl ether ("MTBE") and/or gasoline products containing MTBE for alleged damages resulting from environmental harm or threatened environmental harm to plaintiffs' groundwater or water systems from MTBE and/or gasoline containing MTBE.  Certain of the complaints also contain similar allegations relating to TBA.

2.      Specifically, plaintiffs allege negligence, public and private nuisance, trespass, civil conspiracy, breach of warranty, violation of state environmental/spill acts and a variety of product liability theories against PRG and the other named Defendants.

3.      In virtually all instances, plaintiffs' complaints fail to identify – or even name as defendants – the entities or persons responsible for spilling, leaking, or otherwise releasing into the environment MTBE, TBA, or gasoline containing MTBE or TBA that led to the

environmental harm or threatened environmental harm which plaintiffs' allege. Nor have plaintiffs identified the location of each well they allege is harmed or threatened.

## II. PARTIES, JURISDICTION, AND VENUE

4. PRG is a corporation organized and existing under the laws of Delaware.

5. Third-Party Defendants are individuals and/or entities, the exact identities and locations of which are presently unknown, consisting of: (a) retail gasoline service station owners and operators; (b) jobbers and wholesalers; (c) trucking and tanking companies; (d) drivers and operators of vehicles used by trucking and tanking companies; (e) motorists; (f) remediation and environmental consultants and engineers; (g) contractors, excavators, and others engaged in the installation, removal, repair, or examination of underground storage tanks ("USTs") or associated piping or equipment; and (h) others whose actions or inaction caused or threatens to cause releases, spills, or leaks of MTBE or gasoline containing MTBE in plaintiffs' groundwater or water systems, and who are thereby responsible for any and all damages allegedly sustained by plaintiffs. The exact identities, locations and actions of the Third-Party Defendants depend on further discovery and/or determinations regarding, among other things, the locations of the wells plaintiffs allege are impacted or threatened to be impacted.

6. Third-Party Defendants' offending conduct, as described herein, took place in substantial part in Florida, Illinois, New Jersey, and New York in relative proximity to the allegedly impacted or threatened groundwater or water systems in which plaintiffs claim to have an interest.

7. Jurisdiction is proper in this Court under 28 U.S.C. § 1367, in that the claims set forth herein are so related to the claims in plaintiffs' Complaints that they form part of the same case or controversy.

8.      Venue is proper in this Court under 28 U.S.C. § 1391 and Fed. R. Civ. P. 13 and 14.

## III.     THIRD-PARTY DEFENDANTS' UNLAWFUL CONDUCT

9.      Plaintiffs allege that PRG and the other named Defendants caused the harm or threatened harm to plaintiffs' groundwater or water systems in manufacturing, designing, refining, formulating, distributing, supplying, selling, or marketing MTBE or gasoline containing MTBE and are liable to Plaintiffs for the damages allegedly resulting therefrom.  Certain of the complaints also contain allegations regarding TBA.

10.     PRG denies any and all liability whatsoever on plaintiffs' claims and for plaintiffs' alleged damages and incorporates its Master Answer to Plaintiffs' Complaints by reference.

11.     PRG is not responsible for the actual or threatened releases, spills, or leaks of MTBE or gasoline containing MTBE into Plaintiffs' groundwater or water systems.   On information and belief, PRG does not own or operate any of the service stations, USTs, or other instrumentalities from which gasoline was leaked or spilled by Third-Party Defendants and which allegedly impacted plaintiffs' wells.

12.     The harm allegedly sustained by plaintiffs is a direct result of the actions and inaction of Third-Party Defendants, the exact identities of which are unknown to PRG, and over whom PRG has no control and for whom PRG is not responsible.  If PRG has or had any relationship, contractual or otherwise with one or more Third-Party Defendants, such relationships required these entities to refrain from the offending activity described herein and/or to assume full responsibility for damages resulting therefrom.

13.     At all applicable and relevant times, Third-Party Defendants: were aware of the need to properly use, handle, or store gasoline, gasoline containing MTBE or MTBE; were aware

of the proper methods to use, handle, or store gasoline, gasoline containing MTBE or MTBE; were aware of the proper procedures to install, remove, or inspect USTs containing such products; and were aware of the proper procedures to remediate or mitigate the harm caused by MTBE or gasoline containing MTBE.

14.     At all applicable and relevant times, Third-Party Defendants owed a duty to PRG to: properly use, handle, or store gasoline, gasoline containing MTBE or MTBE;  properly install, remove, or inspect USTs containing such products; and properly remediate or mitigate the harm caused by MTBE or gasoline containing MTBE.

15.     Third-Party Defendants breached their aforementioned duty in, *inter alia*, the following regards:

     a.     By failing to safely and properly handle, use, or store MTBE or gasoline containing MTBE;

     b.     By failing to safely and properly transport, haul, deliver, or transfer MTBE or gasoline containing MTBE;

     c.     By failing to safely and properly receive or accept delivery or transfers of MTBE or gasoline containing MTBE;

     d.     By failing to safely and properly remediate, mitigate, clean-up, eliminate, or control releases, spills, or leaks of MTBE or gasoline containing MTBE, and/or by failing to properly consult or advise Plaintiffs regarding same, including by, *inter alia*, failing to timely commence remediation or mitigation efforts, or improperly drilling or establishing monitoring wells during remediation or mitigation, thereby causing harm;

     e.     By failing to safely and properly service, repair, maintain, monitor, inspect, test, or examine USTs or any associated piping or equipment;

f. By failing to safely and properly install, replace, excavate, or remove USTs or any associated piping or equipment;

g. By failing to safely and properly dispense or pump gasoline into trucks, tankers, automobiles, or any other vehicles;

h. By failing to adhere to applicable laws, rules, regulations, guidelines, or procedures relating to the use, handling, or storage of MTBE or gasoline containing MTBE; the installation, removal, or inspection of USTs; or the remediation or mitigation of environmental harm caused by MTBE or gasoline containing MTBE; and

i. By otherwise failing to act with due care in using, handling, or storing MTBE or gasoline containing MTBE; installing, removing, or inspecting USTs; or remediating or mitigating the harm caused by MTBE or gasoline containing MTBE.

16. The actions and inaction of Third-Party Defendants were negligent, careless, reckless, and in derogation of their duty to Plaintiffs and/or PRG.

17. As a direct and proximate result of Third-Party Defendants' actions and inaction, Third-Party Defendants were the sole cause of and/or contributed to the alleged harm or threatened harm of plaintiffs' groundwater or water systems and any and all resulting damages to plaintiffs alleged in the Complaints, and are directly liable to Plaintiffs. Alternatively, Third-Party Defendants are liable to PRG for all or part of plaintiffs' claims against PRG.

18. Without admitting any of the allegations made against PRG in Plaintiffs' Complaints, PRG incorporates Plaintiffs' allegations by reference and asserts them against Third-Party Defendants. Without limitation, PRG specifically asserts that Third-Party Defendants are liable to plaintiffs on, among other claims, their negligence, trespass, and nuisance claims, and

any claims premised on statute statutes or regulations which apply, in whole or in part, to owners and operators of gasoline stations, USTs, or other gasoline storage facilities.

19.     If the allegations contained in plaintiffs' Complaints are correct, which is specifically denied as to PRG, then Third-Party Defendants are liable solely and directly to plaintiffs for the incidents complained of and any and all damages sought by plaintiffs.

20.     Alternatively, if the allegations contained in plaintiffs' Complaints are correct, which is specifically denied as to PRG, and it is judicially determined that plaintiffs are entitled to damages from PRG, then Third-Party Defendants are liable over to PRG, and PRG is entitled to express, implied, or equitable indemnification and/or contribution from Third-Party Defendants for all losses, damages, and costs, including attorneys' fees, that PRG incurs as a result of this action.

**WHEREFORE**, Defendant/Third-Party Plaintiff, The Premcor Refining Group Inc. demands entry of judgment in its favor and against Third-Party Defendants John and Jane Does Nos. 1-500 for all sums that may be awarded in favor of plaintiffs and against The Premcor Refining Group Inc., together with interest, costs, reasonable attorneys' fees, and such other relief as this Court deems just and proper.

Dated:  August 18, 2009                    Respectfully submitted,


By: _____s/M. Coy Connelly_____
        J. Clifford Gunter III (admitted *pro hac vice*)
        Andrew M. Taylor (admitted *pro hac vice*)
        M. Coy Connelly (admitted *pro hac vice*)

BRACEWELL & GIULIANI LLP
711 Louisiana St., Suite 2300
Houston, Texas  77002
(713) 223-2300 (telephone)
(713) 221-1212 (fax)

Daniel C. Nester (admitted *pro hac vice*)
BRYAN CAVE LLP
One Metropolitan Square Building
211 N. Broadway, Suite 3600
St. Louis, Missouri 63102
(314) 259-2000 (telephone)
(314) 259-2020 (fax)


ATTORNEYS FOR DEFENDANT
THE PREMCOR REFINING GROUP INC.


## CERTIFICATE OF SERVICE

This is to certify that on this 18th day of August, 2009, the foregoing pleading was served on all counsel of record electronically via CM/ECF and LexisNexis File and Serve.


_____
s/M. Coy Connelly
M. Coy Connelly