UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x

| | |
|---|---|
| In Re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation | Master File No. 1:00-1898<br>MDL 1358 (SAS)<br>M21-88 |
| ------------------------------------------------------------------- x | ECF Case |// 
**This document relates to the following case:**

*City of New York, et. al., v. Amerada Hess Corp., et al.*
Case No. 04 Civ. 3417

------------------------------------------------------------------- x

## PLAINTIFF CITY OF NEW YORK'S REQUEST FOR JUDICIAL NOTICE OF STATE REGULATIONS

Plaintiff the City of New York ("City") hereby requests that the Court take judicial notice pursuant to Federal Rule of Evidence 201 of the North Carolina and Illinois State legislative and regulatory materials listed below as Exhibits.

True and correct copies of the following legislative and regulatory materials attached hereto were made by me or at my direction on or about August 31, 2009:

1. Attached as Exhibit 1 is a true and correct copy of Title 15A of the North Carolina Administrative Code, Section 2L.0202. Exhibit 1 was downloaded from Westlaw.

2. Attached as Exhibit 2 is a true and correct copy of Title 35 of the Illinois Administrative Code, Section 620.420. Exhibit 2 was downloaded from Westlaw.

Federal Rule of Evidence 201 provides that a court shall take judicial notice of facts that are "not subject to reasonable dispute" in that they are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned" if requested to do so by a party and supplied with the necessary information. Fed. R. Evid. 201. Exhibits 1-2, which state adopted groundwater standards in North Carolina and Illinois, are relevant and are

capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned.  Fed. R. Evid. § 201(b). Federal courts routinely take judicial notice of government regulations and actions of administrative agencies, *see, e.g.*, *Roemer v. Bd. of Pub. Works*, 426 U.S. 736, 742 n. 4, (1976) (state regulations); *Goldstein v. Pataki*, 516 F.3d 50, 60 n. 7 (2d Cir. 2008) (state board resolution), and of government publications, *see, e.g., Oregon Natural Desert Ass'n v. Bureau of Land Management*, 531 F.3d 1114, 1134 n. 14 (9th Cir. 2008) (BLM's planning handbook) and public statutes, *see, e.g., Demos v. City of Indianapolis*, 302 F.3d 698, 706 (7th Cir. 2002) (district court properly took notice of state statutes, city charters and other materials).

     For the foregoing reasons, the City respectfully requests that the Court take judicial notice of the state regulatory materials attached hereto as Exhibits 1-2.

Dated: New York, New York
       August 31, 2009

                              MICHAEL A. CARDOZO
                              Corporation Counsel of the City of New York
                              Attorney for Plaintiff City of New York
                              100 Church Street
                              New York, New York 10007
                              (212) 788-1568

                              */S/ MARNIE E. RIDDLE*
                              VICTOR M. SHER *(pro hac vice)*
                              TODD E. ROBINS *(pro hac vice)*
                              JOSHUA G. STEIN *(pro hac vice)*
                              LESLEY E. WILLIAMS (LW8392)
                              NICHOLAS G. CAMPINS *(pro hac vice)*
                              MARNIE E. RIDDLE (*pro hac vice*)

                              SHER LEFF LLP
                              450 Mission Street, Suite 400
                              San Francisco, CA 94105
                              (415) 348-8300

                              *Attorneys for Plaintiff City of New York*