# EXHIBIT H

```
                                97F9MTBN.txt
                                                                            1
     97F9MTBN
 1   UNITED STATES DISTRICT COURT
 1   SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x
 2
 3   IN RE:  METHYL TERTIARY BUTYL          00 MDL 1358
 3        ETHER ("MTBE") PRODUCTS           Master File C.A.
 4        LIABILITY LITIGATION              No. 1:00-1898(SAS)
 4
 5   ------------------------------x
 5
 6                                          July 15, 2009
 6                                          11:11 a.m.
 7
 7   Before:
 8
 8                     HON. SHIRA A. SCHEINDLIN
 9
 9                                          District Judge
10
10                             APPEARANCES
11
11
12   MICHAEL A. CARDOZO
12        Corporation Counsel of the
13        City of New York
13        Attorney for City Plaintiffs
14   BY:  SUSAN E. AMRON
14        WILLIAM PLACHE
15        -and-
15   SHER LEFF LLP
16   BY:  VICTOR M. SHER
16        -and-
17   GREENBERG GLUSKER
17   BY:  ROBERT S. CHAPMAN
18
18   McDERMOTT, WILL & EMERY
19        Attorneys for Defendant Exxon Mobil Corp.
19   BY:  PETER JOHN SACRIPANTI
20        JAMES PARDO
20        STEPHEN RICCARDULLI
21        BRIAN McGILL
21        WILLIAM STACK
22
23
24
25
                     SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
                                                                            2
     97F9MTBN
 1             (In open court)
 2             THE COURT:  Mr. Sher.  Ms. Amron, Mr. Chapman, are you
 3   Mr. Plache.  Is that how you say it?
 4             MR. PLACHE:  Yes, your Honor.
 5             THE COURT:  Mr. Sacripanti, Mr. Pardo,
 6   Mr. Riccardulli, Ms. Kalnins Temple.
 7             A new face.  Are you Mr. McGill?
 8             MR. McGILL:  Yes, your Honor.
 9             THE COURT:  Where are you from?
10             MR. McGILL:  I'm from McDermott, Will & Emery.
11             THE COURT:  You're with them?
                                 Page 1
```

```
                        97F9MTBN.txt
                        (212) 805-0300
                                                                        9
     97F9MTBN
 1   certification somehow equal approval is unsupported.  The EPA
 2   specifically rejected the suggestion that registration should
 3   only be required if it has reason to believe that a product
 4   "impairs the effectiveness of emission control devices or
 5   endangers public health and welfare."
 6           The EPA explained that the "principal purpose of
 7   requiring registration is to provide the EPA with information
 8   on fuel or additive composition before the emission products of
 9   such materials develop into a problem."
10           This passage makes clear that registration of a fuel
11   additive by the EPA is not the equivalent to a determination by
12   the agency as to its efficacy or health effects.  Instead,
13   registration is required for the purpose of aiding the EPA in
14   its monitoring of such products.  In addition, as this court
15   has held, certification of MTBE by the EPA means only that the
16   EPA determined that MTBE satisfied the requirements of the
17   Clean Air Act.  The EPA made no formal assessment as to its
18   danger with respect to its effects on air quality or its
19   unsuitability in groundwater or any other issues there as
20   stated in this case.  Exxon is, therefore, precluded from
21   arguing that the EPA approved the use of MTBE because it is
22   simply untrue.
23           Nevertheless, Exxon is allowed to present evidence
24   that the EPA required the registration and certification of
25   MTBE as one of several oxygenates.  And then the city, in turn,
                    SOUTHERN DISTRICT REPORTERS, P.C.
                             (212) 805-0300
                                                                       10
     97F9MTBN
 1   is permitted to argue that when the EPA was certifying the use
 2   of MTBE in gasoline, it was misled by defendants about the
 3   harmful properties of MTBE and it's potential danger to
 4   groundwater and drinking water.  In any event, such evidence
 5   may be relevant to whether Exxon was reasonable in using MTBE
 6   and whether MTBE was the only feasible alternative.  I'm sorry.
 7   And that's back to the sentence that said Exxon is allowed to
 8   present evidence that the EPA required the registration and
 9   certification of MTBE as one of several oxygenates.  It is that
10   evidence that I may be relevant to whether Exxon was reasonable
11   in using MTBE and whether MTBE was the only feasible
12   alternative.
13           However, should Exxon advance such argument at trial,
14   an appropriate instruction will be given to the jury that the
15   EPA's registration and certification of MTBE does not
16   constitute its endorsement or approval.
17           For the reasons just stated, the city's motion in
18   limine No. 1 to exclude evidence or argument that federal or
19   state law required the use of MTBE is granted in part and
20   denied in part.  And the city's motion in limine No. 2 to
21   exclude evidence or argument that federal agencies endorsed or
22   approved the use of MTBE is granted.
23           Okay.  So that's two more.  The rest are coming your
24   way.  We're going to set a scheduled meeting hopefully a week
25   from now and then hopefully a week after that.  And by the
                    SOUTHERN DISTRICT REPORTERS, P.C.
                             (212) 805-0300
                                                                       11
     97F9MTBN
 1   second of those two weeks from today you'll have all MIL
 2   rulings in advance of trial.
                              Page 5
```