UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE METHYL TERTIARY BUTYL ETHER PRODUCTS LIABILITY LITIGATION<br><br>**This document relates to:**<br><br>*City of New York v. Amerada Hess Corporation, et al.*, No. 04 Civ. 3417 (SAS) | Master File No. 1:00-1898<br>MDL 1358 (SAS)<br>M21-88 |

# EXXON MOBIL DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW

Pursuant to Rule 50(a) of the Federal Rules of Civil Procedure, and for the reasons stated below, Defendants Exxon Mobil Corporation, ExxonMobil Chemical Company, Inc., Exxon Mobil Oil Corporation, and Mobil Corporation (collectively "ExxonMobil") move for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(a) on all claims of the Plaintiffs City of New York, New York City Water Board and the New York City Municipal Water Finance Authority (collectively "the City" or "Plaintiffs"). As explained more fully in the memorandum supporting this motion, and in the arguments and analysis which are incorporated by reference in that memorandum,[1] no legally sufficient basis exists for a reasonable jury to find in favor of the City in Phase 3 of the trial of this action for the following reasons:

1) All of the City's claims fail due to lack of sufficient proof that it has incurred an actual and imminent legally cognizable injury to its property interest;

2) All of the City's claims fail due to lack of sufficient proof that ExxonMobil caused the City's alleged damages or injury;

- The City failed to prove "direct spiller" causation;

- The City failed to prove "traditional" causation;

- The City failed to prove "commingled product" causation;

3) All of the City's claims are preempted by federal law;

4) The City failed to prove its design defect claim;

- The City failed to prove that ethanol was a feasible, safer alternative to MTBE;

---

[1] The Court has instructed the parties to disclose when they are raising issues on which the Court has previously ruled. With a few exceptions, the Court has ruled on all of the issues raised in this motion, but ExxonMobil raises in this motion all of the issues as to which it believes it is entitled to judgment as a matter of law, as the case law under Rule 50(a) requires.

The sheer number of issues that ExxonMobil intends to preserve for appellate review precludes us from briefing all of them in the single, twenty-five (25) page memorandum permitted by the Court. Accordingly, where applicable, we have incorporated by reference prior arguments and analysis on particular issues that ExxonMobil intends to preserve for appeal and, of course, have also cited to the Court's prior ruling(s) on those issues.

- The City failed to prove that its alleged harm was caused by a foreseeable "use" of the product;

5) The City failed to prove its failure to warn claim;

6) The evidence proves that all of the City's claims are time-barred by the applicable statute of limitations;

7) The City failed to prove its negligence claim;

8) The City failed to prove its private nuisance claim;

9) The City failed to prove its public nuisance claim; and

10) The City failed to prove its trespass claim.

DATED: October 1, 2009

Respectfully submitted,

*[signature]*

Peter John Sacripanti (PS 8968)
James A. Pardo (JP 9018)
Stephen J. Riccardulli (SR 7784)
Lauren E. Handel (LH 0755)
McDermott Will & Emery LLP
340 Madison Avenue
New York, NY 10017-4613
Tel. (212) 547-5400
Fax (212) 547-5444

*Counsel for Defendant Exxon Mobil Corporation*