**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------- x

| | |
|---|---|
| In Re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation | Master File No. 1:00-1898 MDL 1358 (SAS) M21-88 |

------------------------------------------------------------------- x   ECF Case

**This document relates to the following case:**

*City of New York, et al. v. Amerada Hess Corp., et al.*
Case No. 04 Civ. 3417

------------------------------------------------------------------- x

# PLAINTIFFS' MEMORANDUM IN OPPOSITION TO EXXON MOBIL CORPORATION'S MOTION *IN LIMINE* TO PRECLUDE THE TESTIMONY OF MR. BURKE IN PHASE IV

## I. INTRODUCTION

ExxonMobil's motion is based on incorrect legal and factual assumptions and it should be denied for several reasons. *First*, ExxonMobil failed to timely and appropriately object to Mr. Burke's testimony and it has waived many of the objections it makes in its motion. *Second*, Mr. Burke's testimony consists of *facts* and rests on his personal knowledge gained as a result of his thirty years of experience in the petroleum industry. ExxonMobil's assertion that the testimony is thinly veiled expert *opinion* testimony lacks any merit. *Third*, Mr. Burke's testimony does not recite inadmissible hearsay.

*Fourth*, Mr. Burke's testimony is relevant because it helps demonstrate that ExxonMobil's conduct involved repeated actions and, thus, is more reprehensible than if it were an isolated incident. *Fifth*, there is no requirement that the City prove its entire reprehensibility case through one witness. Instead, if the Court has any doubts about the relevance of Mr. Burke's testimony, the Court should conditionally admit it and evaluate its relevance in light of all of the evidence. *Sixth*, Mr. Burke's testimony is highly probative of the issue of reprehensibility and because the testimony is being offered in a special punitive damages phase, moreover, any risk of *unfair* prejudice has been ameliorated. *Finally*, in making a determination under Federal Rule of Evidence 403, the Court should consider the available evidentiary alternatives. In this case, the City offered to stipulate to the facts that were the subject matter of Mr. Burke's testimony but ExxonMobil did not accept.

## II. LEGAL STANDARDS

Objections to lack of foundation and other curable defects are waived if they are not timely made during a deposition. Fed. R. Civ. Pro. 32(d)(3); 8A Fed. Prac. & Proc. Civ.2d § 2153 (Wright & Miller). Only objections as to "competency, relevancy, or materiality" that

1

could not have been cured are excepted from this broad rule.  *See* Fed. Prac. & Proc. Civ.2d § 2153 (Wright & Miller).

To qualify as expert *opinion* testimony under Federal Rule of Evidence 702, an *opinion* must be expressed.  *See Santoro ex rel. Santoro v. Donnelly*, 340 F.Supp.2d 464, 481 n. 125 (S.D.N.Y. 2004) (J. Scheindlin); Fed. R. Evid. 702.  A "simple recitation of an observed phenomenon" is "not opinion testimony." *United States v. Kayne*, 90 F.3d 7, 12 (1st Cir. 1996); *see also United States v. Giovannetti*, 919 F.2d 1223, 1226 (7th Cir. 1990) ("All knowledge is inferential, and the combined effect of Rules 602 and 701 is to recognize this epistemological verity," where jury was not "asked to draw an inference for the jury's benefit-to formulate an opinion in litigation-but rather to explain the basis on which he had drawn an inference in the past" the witness was not stating an opinion); *United States v. Morton*, 391 F.3d 274, 277 (D.C. Cir. 2004) (accord).

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401; *see also In re MTBE*, 2008 WL 1971538, * 4 (S.D.N.Y. May 7, 2008).  Under this "liberal standard," all relevant evidence is admissible unless it is expressly precluded by federal law or contrary federal rule.  *See In re MTBE*, 2008 WL 1971538, * 4; Fed. R. Evid. 402.  "When the relevancy of evidence depends upon the fulfillment of a condition of fact, the court shall admit it upon, or subject to, the introduction of evidence sufficient to support a finding of the fulfillment of the condition."  Fed. R. Evid. 104(b).  In assessing the sufficiency of the evidence under Rule 104(b), "the trial court must consider all evidence presented to the jury." *Huddleston v. United States*, 485 U.S. 681, 690-91 (1988).  This

is because the "sum of an evidentiary presentation may well be greater than its constituent parts." *Id.*

Evidence may be excluded under Federal Rule of Evidence 403 only if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. *Id.* "Because virtually all evidence is prejudicial to one party or another," to justify exclusion "the prejudice must be *unfair*" and must involve adverse effects beyond tending to prove a fact or issue that justifies admission. *Costantino v. David M. Herzog, M.D., P.C.*, 203 F.3d 164, 174-75 (2d Cir. 2000); *United States v. Massino*, 546 F.3d 123, 132 (2d Cir. 2008) (accord). Evidence is not confusing if it aids the jury in making its "ultimate determination." *See United States v. Blum*, 62 F.3d 63, 68 (2d Cir. 1995). In making a determination under Rule 403, a Court should consider the available evidentiary alternatives. *See Old Chief v. United States*, 519 U.S. 172, 184-85 (1997); *Massino*, 546 F.3d at 133.

**III.   ARGUMENT**

    **A.   MR. BURKE'S TESTIMONY IS FACTUAL, PERCIPIENT WITNESS TESTIMONY BASED ON HIS PERSONAL KNOWLEDGE**

Mr. Burke's testimony consists entirely of facts and rests on his personal knowledge gained as a result of his thirty years of experience in the petroleum industry. The Court should reject ExxonMobil's attempts to revive objections it has forfeited under Federal Rule of Civil Procedure 32(d)(3) and should likewise reject ExxonMobil's objections – which inexplicably conflate Federal Rules of Evidence 602 (personal knowledge), 701 (lay opinion), 702 (expert opinion), 801 (hearsay defined), 802 (hearsay rule) into one incoherent standard – as legally unsupportable. Deft's Memo. at p. 3-6.

3

1.   **ExxonMobil Failed to Preserve Its Objection that the Entirety of Mr. Burke's Testimony Lacks Foundation.**

In essence, ExxonMobil asserts that Mr. Burke lacked personal knowledge for all of his testimony.  By failing to timely object on that ground to each question, however, ExxonMobil waived its right to make such an argument.  Instead, the Court must examine the foundation for Mr. Burke's testimony on a question by question basis only where such objections were timely made and preserved.  *See* Fed. R. Civ. Pro. 32(d)(3).

2.   **Mr. Burke's Testimony is Factual and Does Not Express Any Opinions – Expert or Otherwise.**

Mr. Burke's testimony concerns *facts* within his personal knowledge.  For example, he testified regarding:  (1) the location of ExxonMobil refineries; (2) the refining capacity of pre-merger Exxon and Mobil; (3) the refining capacity of post-merger ExxonMobil; (4) the fact that ExxonMobil manufactured gasoline containing MTBE at its Torrance and Benicia refineries; (5) the location and operation of the Kinder Morgan pipeline systems in California; (6) the fact that the Kinder Morgan systems were common carrier pipelines; (7) pre-merger Exxon's and Mobil's relative retail market position; (8) post-merger ExxonMobil's relative retail market position.  Exhibit 1 to the Declaration of Nicholas G. Campins in Opposition to Exxon Mobil Corporation's Motion *In Limine* to Preclude the Testimony of Mr. Burke in Phase IV ("Campins Decl.") at p. 13:6 – 43:16.  All of this testimony consists of facts.  *See Kayne*, 90 F.3d at 12 (a "simple recitation of an observed phenomenon" is "not opinion"); *see also Giovannetti*, 919 F.2d at 1226; *Morton*, 391 F.3d at 277.  At no point did he express any opinions – expert or otherwise -- concerning such matters.  *See id.*

Because he expressed no opinions, Mr. Burke's testimony is not expert *opinion* testimony under Federal Rule of Evidence 702.  *See Santoro*, 340 F.Supp.2d at 481 n. 125; Fed. R. Evid. 702.  In *Santoro*, this Court precluded an expert's *opinion* that a "fireplace heater was defective

4

because it lacked a guard" but allowed the same expert to testify concerning the "lack of guards" on the heater and "that engineers follow a hierarchy in designing out hazards," because the latter was "not opinion evidence." *Santoro*, 340 F.Supp.2d at 481 n. 125.  This case is legally indistinguishable from *Santoro*.  Like the testimony permitted in *Santoro*, Mr. Burke's testimony regarding the location of refineries and pipelines, the refining capacity of ExxonMobil and its retail market share, whether ExxonMobil manufactured gasoline containing MTBE, and whether the Kinder Morgan pipeline systems are common carrier systems consists entirely of facts.

### 3. Mr. Burke's Testimony Rests on Personal Knowledge

Whether testimony rests on personal knowledge and whether it recites inadmissible hearsay are two distinct legal inquiries.  *See*, *e.g.*, *United States v. Stratton*, 779 F.2d 820, 829 (2d Cir. 1985) ("appellants misconceive the nature of the personal knowledge requirement, in the hearsay context. When A testifies that B told him of an event, A usually has personal knowledge only of B's report. It is B who has personal knowledge of the event.").  Regarding personal knowledge, the controlling rule of evidence is Federal Rule of Evidence 602.  *See Folio Impressions, Inc. v. Byer California*, 937 F.2d 759, 763-64 (2d Cir. 1991).  Under Rule 602, the "test is whether a reasonable trier of fact could believe the witness had personal knowledge." *Id.*

Here, Mr. Burke's testimony is based on his personal knowledge as derived from his more than 30 years of experience in the petroleum industry.  *See* Exhibit 2 to Campins Decl. at 169:20 – 170:1.  For example, Mr. Burke explained the basis for his personal knowledge of the location of refineries as follows:

> Well, it's part of my job to be familiar with the assets of my clients.  So during the course of monitoring the industry and working for clients, I'm either working with specific facilities or I need to keep track of what refiners are doing to make changes.  So during the course of monitoring the industry, I have become aware of the locations and relative capabilities of most of the refineries in the States.

5

Exhibit 3 to Campins Decl. at 7:22-8:9.  With regard to the location of ExxonMobil refineries specifically, he testified that his personal knowledge was based on his company's maintenance of a database of all refineries and on his experience "over the course" of his career.  Exhibit 4 to Campins Decl. at 9:21-10:18.  Likewise, his testimony concerning the other factual matters discussed above is likewise based on his personal knowledge.  *See, e.g.*, Exhibit 1 to Campins Decl. at 19:9 – 21:3 (knowledge that ExxonMobil produced gasoline containing MTBE at its Benicia and Torrance refineries based on experience in industry and monitoring of quarterly reports issued by the California Energy Commission); Exhibit 1 to Campins Decl. at 26:11 – 27:6, 32:7-32:18 (familiarity with Kinder Morgan California pipelines based on engagement where he examined Kinder Morgan assets and on his work for the State Department);  Exhibit 1 to Campins Decl. at 36:18 – 37:12 (familiarity with retail sales based on his work monitoring the industry).

ExxonMobil's related argument that Mr. Burke somehow lost his preexisting personal knowledge because he prepared a certain tables is unsupported by any legal authority and is wrong as a matter of fact.  When asked by Mr. Stack about what he did "to expunge, remove everything" he learned while preparing the tables, Mr. Burke testified as follows:

> Well, I guess it is a little hard to expunge things.  But I reviewed in my mind the -- my experience in these areas in terms of, you know, over the course of this time period, what I have done in terms of working with the industry, you know.  Over this time period Exxon Mobil repeatedly, as I've checked it through the years, has always ranked at the top in both refining capacity and retail market share.  So, I mean, it wasn't too hard.  The tables in Exhibit 8 largely confirmed what I had already known.  It just put some numbers behind it.

Exhibit 5 to Campins Decl. at 165:18 -166:19.  Mr. Burke's testimony is admissible pursuant to Rule 602.  *See id.*

6

### 4. Mr. Burke's Testimony is Not Based on Hearsay

ExxonMobil's blunderbuss assertion that the entirety of Mr. Burke's testimony is predicated on inadmissible hearsay sources fares no better. *See* Deft's Memo at p. 3-4. "Hearsay is a statement, *other than one* made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c) (emphasis added). To say that the entirety of Mr. Burke's trial testimony is hearsay without identifying the specific testimony and relevant out-of-court statements simply makes no sense. Of necessity, such testimony must be evaluated in context on a case-by-case basis and only then where hearsay objections have been properly made and preserved.

For example, ExxonMobil objects that Mr. Burke's "knowledge of the common carrier pipelines is based on analyses he performed as a consultant; but he never worked for Kinder Morgan" and that means that the knowledge is somehow not "first hand." *See* Deft's Memo at p. 4. This argument is incongruous. Just because Mr. Burke did not work for Kinder Morgan, does not mean that the personal knowledge he gained from his experience evaluating Kinder Morgan assets as a consultant for other clients, *see* Exhibit 1 to Campins Decl. at 26:11 – 27:6, 32:7-32:18, is somehow not "first hand" or is predicated on inadmissible hearsay.

The Court should reject ExxonMobil's invitation to commit legal error by making a blanket determination as to the admissibility of Mr. Burke's testimony on hearsay grounds and should evaluate ExxonMobil's specific objections only if such objections were properly preserved.

### B. MR. BURKE'S TESTIMONY IS RELEVANT AND SHOULD BE ADMITTED.

To demonstrate that a defendant's conduct involved repeated actions and, thus, is more reprehensible than if it were an isolated incident, a plaintiff may introduce evidence of out-of-

state conduct provided that conduct has a sufficient nexus to the specific harm suffered by the plaintiff.  *State Farm Mutual Automobile Insurance Company v. Campbell*, 538 U.S. 408, 422 (2003).  "Evidence of actual harm to nonparties can help to show that the conduct that harmed the plaintiff also posed a substantial risk of harm to the general public, and so was particularly reprehensible." *Philip Morris USA v. Williams*, 549 U.S. 346, 355 (2007).  Evidence of supply to regions other than the New York City area therefore tends "to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence" and it is admissible under Rules 401 and 402.  Fed. R. Evid. 401; *see also In re MTBE*, 2008 WL 1971538, * 4 (S.D.N.Y. May 7, 2008).

ExxonMobil's argument that Mr. Burke's testimony is irrelevant because it supposedly fails to establish a causal link between ExxonMobil's refining and sale of gasoline and groundwater contamination in California is incorrect.  Mr. Burke testified that the Kinder Morgan pipeline system in California was a common carrier system that distributed commingled gasoline containing MTBE.  *See, e.g.* Exhibit 1 to Campins Decl. at 20:4 –  23:10; 29:18 – 31:5; 34:3 – 35:12.  The jury can infer from this evidence that ExxonMobil gasoline reached leaking underground storage tanks throughout California.  Furthermore, on cross, Mr. Stack opened the door to limited opinion testimony by specifically asking whether Mr. Burke had any information that the Benicia refinery had contributed to specific groundwater contamination incidents and Mr. Burke testified that because gasoline was commingled in the distribution system it was reasonable to assume that to the extent there were "leaks that were supplied by that system, I would say that it is my opinion that it's reasonable to assume that some gasoline produced by Benicia got into those service stations and into those leaks." Exhibit 6 to Campins Decl. at 158:14 – 159:15.

8

Nor must a party prove its entire case through one witness. The City can appropriately rely on Mr. Burke to supply evidence concerning the gasoline distribution system in California and rely on other evidence such as documentary evidence, *see* Exhibits 7-9 to Campins Decl., or testimony by Dr. Fogg to discuss specific incidents of MTBE contamination in California. If the Court has any doubts concerning the relevance of Mr. Burke's testimony in isolation, the Court should err on the side of conditionally admitting the evidence. *See* Fed. R. Evid. 104(b). The Court can then consider it in the context of "all evidence presented to the jury." *See Huddleston*, 485 U.S. at 690-91.

**C.  THE PROBATIVE VALUE OF MR. BURKE'S TESTIMONY IS NOT SUBSTANTIALLY OUTWEIGHED BY THE DANGER OF UNFAIR PREJUDICE, CONFUSION OF THE ISSUES, OR WASTE OF TIME.**

For the reasons discussed above, Mr. Burke's testimony is probative of the issue of reprehensibility. Because the testimony is being offered in a special punitive damages phase, moreover, any risk of *unfair* prejudice has been ameliorated. *See Costantino*, 203 F.3d at 174-75; *Massino*, 546 F.3d at 132 (accord). Likewise, the evidence is not confusing or a waste of time because it aids the jury in making its "ultimate determination" concerning reprehensibility. *See Blum*, 62 F.3d at 68.

Finally, in making a determination under Rule 403, a Court should consider the available evidentiary alternatives. *See Old Chief v. United States*, 519 U.S. 172, 184-85 (1997); *Massino*, 546 F.3d at 133. The City offered in good faith to stipulate to the facts that were the subject matter of Mr. Burke's testimony. *See* Exhibit 10. ExxonMobil never responded and should therefore be estopped from arguing that a less prejudicial evidentiary alternative exists.

9

**IV.     CONCLUSION**

For each of the foregoing reasons, the City respectfully requests that Exxon Mobil Corporation's Motion *In Limine* to Preclude the Testimony of Mr. Burke in Phase IV be denied in its entirety.

Dated:  October 14, 2009

          MICHAEL A. CARDOZO
          Corporation Counsel of the City of New York
          Attorney for Plaintiff City of New York
          100 Church Street
          New York, New York 10007
          (212) 788-1568


          /s/ *NICHOLAS G. CAMPINS*
          VICTOR M. SHER *(pro hac vice)*
          TODD E. ROBINS *(pro hac vice)*
          NICHOLAS G. CAMPINS *(pro hac vice)*
          MARNIE E. RIDDLE (*pro hac vice*)

          SHER LEFF LLP
          450 Mission Street, Suite 400
          San Francisco, CA 94105
          (415) 348-8300

          ROBERT S. CHAPMAN *(pro hac vice)*
          GREENBERG, GLUSKER, FIELDS,
          CLAMAN & MACHTINGER LLP
          1900 Ave. of Stars, 21st Floor
          Los Angeles, CA 92886
          (310) 553-3610