UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
IN RE METHYL TERTIARY BUTYL ETHER                            :
PRODUCTS LIABILITY LITIGATION                                :
                                                             :   Master File No. 1:00-1898
------------------------------------------------------------ X   MDL 1358 (SAS), M21-88
                                                             :
This document relates to:                                    :
                                                             :   [PROPOSED] ORDER
*Village of Island Lake v. Amerada Hess Corp., et*           :   DETERMINING THAT
*al. (f/k/a City of Crystal Lake, et al.), Case No. 04-*     :   SETTLEMENT IS A GOOD
*CV-02053*                                                   :   FAITH SETTLEMENT
                                                             :
------------------------------------------------------------ X

      The Court held a hearing on notice on November ___, 2009 regarding the Settling Defendants' Motion for a determination that the Settlement Agreement dated as of September 1, 2009 ("Settlement Agreement") is a Good Faith Settlement, and having considered the memorandum submitted in support, the accompanying declarations and other evidence, including the Settlement Agreement and its exhibits, all of the pleadings, filings, and proceedings in these cases and in the MDL 1358, and the arguments of counsel at the hearing, the Court makes the findings and enters the Orders as follows:

      1.     This Court has jurisdiction over these cases and the determination of this motion regarding the good faith nature of the Settlement Agreement.

      2.     The laws of the transferor states apply to the state law claims subject to this motion. There are no federal claims currently at issue giving rise to contribution or equitable indemnity claims.

      3.     The mediation and settlement negotiations involved in the negotiation of the Settlement Agreement were lengthy and were conducted at arm's length.

4. The Settlement Agreement dated as of September 1, 2009, in the aggregate and as applied to the Plaintiffs captioned above, was negotiated in good faith by competent counsel for both Plaintiffs and Settling Defendants, and without any evidence of bad faith, fraud, collusion or an intent to unfairly impact the rights of non-settling defendants or prejudice the litigation positions of the non-settling defendants on the part of the Settling Defendants, Plaintiffs, or their respective counsel. Indeed, there are no provisions in the Settlement Agreement or any of its exhibits that unfairly impact or interfere with the ability of the Defendants who have not settled with Plaintiffs to litigate their positions or settle with Plaintiffs in the future.

5. The Settlement Agreement is a comprehensive resolution of the claims between Plaintiffs and Settling Defendants. It provides both a substantial cash payment and a future treatment obligation under certain circumstances. There are no firm guidelines that define whether the amount of a settlement is reasonable or grossly disproportionate.

6. The Settlement Agreement as between the Illinois Plaintiffs in the case captioned above, on the one hand, and the Settling Defendants, on the other hand, is made in good faith within the meaning of Illinois law. *See* 740 ILCS 100/2 (a tortfeasor who settles with a claimant in good faith "is discharged from all liability for any contribution to any other tortfeasor"); *see also Johnson v. United Airlines*, 784 N.E.2d 812, 818 (Ill. 2003); *In re Nutraquest, Inc.*, 434 F.3d 639, 648 (3d Cir. 2006) (applying Illinois law).

7. Further, the Settlement Agreement dated as of September 1, 2009 between Plaintiffs, on the one hand, and Settling Defendants, on the other hand, is made in good faith within the context of Federal precedent. *See Sabater v. Lead Indus. Ass'n, Inc.*, No. 00 CIV. 8026, 2001 WL 1111505, at *5 (S.D.N.Y. Sept. 21, 2001).

8. The settlement value of the aggregate settlement is reasonable under the circumstances. The future treatment obligation adds some value to these settlements; that value, however, is (1) limited to wells that do not now contain (and that have never contained) MTBE and/or TBA, and (2) is not capable of being quantified now in connection with any particular well or plaintiff in any specific case.

9. Any current or future action or claim for contribution or equitable indemnity by any party, including any defendant, cross-complainant, former defendant, and/or former cross-complainant to this case, is barred in its entirety as to the Settling Defendants and Released Parties as both terms are defined in the Settlement Agreement dated as of September 1, 2009 and its exhibits.

10. Pursuant to FRCP 54(b), the Court determines that there is no just cause for delay and expressly DIRECTS the ENTRY OF JUDGMENT on the issue of the determination that the Settlement Agreement dated as of September 1, 2009 is a good faith settlement under applicable laws and that Settling Defendants are protected from joint tortfeasor claims as set forth in this Order.

New York, New York
Dated: November ___, 2009

SO ORDERED:

_____
The Honorable Shira A. Scheindlin