USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/16/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re: Methyl Tertiary Ether ("MTBE")
Products Liability Litigation

Master File No. 1:00-1898
MDL No. 1358 (SAS)
M21-88

[PROPOSED] ORDER DETERMINING
THAT SETTLEMENT IS A GOOD
FAITH SETTLEMENT

This Document Relates To:

*Quincy Community Services District v. Atlantic Richfield Company, et al*
No. CIV S-04-CV04970

Defendants have submitted a ~~The Court held a hearing on notice on November ___, 2009 of Defendants Toms Sierra Company, Inc. and Sierra Energy's (collectively "TSC")~~ Motion for Determination of Good Faith Settlement, that the Settlement Agreement dated of October 8, 2009 ("Settlement Agreement") is a Good Faith Settlement, and The Court ~~having~~ considered the memorandum submitted in support, the accompanying declaration and other evidence, including the Settlement Agreement and all its exhibits, all of the pleadings, filings, and proceedings in these cases and in the MDL 1358, ~~and the arguments of counsel at the hearing,~~ the Court makes the findings and enters the Order as follows:

1. This Court has jurisdiction over this case and the determination of this motion on the good faith nature of the Settlement Agreement.

2. The laws of the transferor states apply to the state law claims subject to this motion. There are no federal claims currently at issue giving rise to contribution or equitable indemnity claims.

3. The Settlement Agreement dated as of October 8, 2009, as applied to the Plaintiff captioned above, was negotiated in good faith by competent counsel for both Plaintiff and TSC and without any evidence of bad faith, fraud, collusion or an intent to unfairly impact the rights of non-settling defendants or prejudice the litigation positions of the non-settling defendants on the

In Re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation    Doc. 2883

– 1 –
[PROPOSED] ORDER DETERMINING THAT SETTLEMENT IS A GOOD FAITH SETTLEMENT

part of TSC, Plaintiff or their respective counsel. Indeed, there are no provisions in the Settlement Agreement or any of its exhibits that unfairly impact or interfere with the ability of Defendants who have not settled with Plaintiff to litigate their positions or settle with Plaintiff in the future.

4. The Settlement Agreement as between the Plaintiff in the case captioned above, on the one hand, and TSC on the other hand, is made in good faith within the meaning of California Code of Civil Procedure §§ 877 and 877.6, as well as the case law interpreting those sections, including *Tech-Bilt, Inc. v. Woodward-Clyde & Assoc.*, 38 Cal.3d 488 (1985), entitling TSC to protection from contribution and equitable indemnity claims as provided by law.

5. The Settlement Agreement is a comprehensive resolution of the claims between Plaintiff and TSC. It provides both a cash payment and other non-cash consideration. There are no firm guidelines that define whether the amount of a settlement is reasonable or grossly disproportionate; the law requires only that the settlement amount by "in the ballpark," with any party challenging in a settlement having the burden of establishing that it is so far "out of the ballpark" that the equitable objectives of *Section 877* are not satisfied. *Tech-Bilt*, 38 Cal.3d at 500. Here, the settlement compensation reflected in the Settlement Agreement is unquestionably "in the ballpark" as applied to this Plaintiff; therefore, it is a reasonable settlement.

6. Further, the Settlement Agreement dated as of October 8, 2009 between Plaintiff, on the one hand, and TSC, on the other hand, is made in goof faith within the meaning of federal precedent. *See, Sabater v. Lead Indus. Ass'n, Inc.*, No. 00 CIV. 8026, 2001 WL 1111505, at *5 (S.D.N.Y. Sept. 21, 2001).

7. Any current or future action or claim for contribution or equitable indemnity by any party, including any defendant, cross-complainant, former defendant, and/or former cross-complainant to this case, are barred in their entirely as to TSC.

///

///

///

8. Pursuant to FRCP 54(b), the Court determines that there is no just cause for delay and expressly DIRECTS the ENTRY OF JUDGMENT on the issue of the determination that the Settlement Agreement dated as of October 8, 2009 is a good faith settlement under applicable laws and that TSC is protected from joint tortfeasor claims as set forth in this Order.

New York, New York,

Dated: November 13, 2009

SO ORDERED:

*[signature]*

THE HONORABLE SHIRA A. SCHEINDLIN,
JUDGE PRESIDING

12090386.1