# WEITZ & LUXENBERG

A PROFESSIONAL CORPORATION

• LAW OFFICES •

180 MAIDEN LANE    •    NEW YORK, NY 10038-4925
TEL. 212-558-5500        FAX 212-344-5461
WWW.WEITZLUX.COM

August 7, 2008

**VIA HAND DELIVERY &
ELECTRONIC MAIL**

The Honorable Shira A. Scheindlin
United States District Court
Southern District of New York
500 Pearl Street — Room 1620
New York, New York 10007

         Re:    *Plaintiffs' Reply to Defendants' Pre-Conference Letter*

Dear Judge Scheindlin:

     Plaintiffs respectfully submit this reply pre-conference letter in advance of the August 12, 2008, status conference.

**Reply to Defendants' Agenda Items**

**1.    Preliminary Discovery in Napoli Bern Cases**

     As of August 7, 2008, the Napoli Bern Plaintiffs will have served all outstanding discovery on defendants.

**2.    GBL claims in Napoli Bern cases and** *City of New York*

     The City of New York has decided to withdraw its claim of a violation of Section 349 of the General Business Law. Napoli Bern intends to pursue this claim in its cases.

**Additional Submission on Plaintiffs' Agenda Item:**

**1.    Settlement of remaining cases**

     The City respectfully requests that it be included in any new or continued settlement process established for the remaining MDL cases.

Honorable Shira A. Scheindlin
August 7, 2008

**Additional Item:**

1. **Selection of Focus Wells in *Suffolk County Water Authority* relating to remaining defendants Getty Properties and Golf Oil Limited Partnership**

In light of the Court's opinion and order of August 6, 2008, denying Getty Properties motion for summary judgment, plaintiff Suffolk County Water Authority would like to add an agenda item to the August 12, 2008 conference. There now remains only two defendants in the SCWA case that have not settled: Golf Oil Limited Partnership ("GOLP") and Getty Properties. Neither of these defendants is a refiner of gasoline; therefore, the only claims remaining against these defendants relate to releases of gasoline from stations they own, operate or control or where their brand was or is sold.

As the Court might recall, GOLP was not part of the first SCWA trial because none of the focus wells involved a spill from a GOLP station. There are, however, numerous GOLP stations in Suffolk County in the vicinity of many of the other SCWA wells that are contaminated with MTBE. Moreover, there are numerous other Getty stations that were in the vicinity of the SCWA wells that are contaminated with MTBE during the time when Getty Properties would be legally responsible for spills from the stations. Therefore, plaintiffs would like the opportunity to select SCWA wells in which GOLP and Getty Properties have identified spills in the capture zones of the wells. Once those wells are selected, we will attempt to work with counsel for GOLP and Getty Properties to establish a schedule for completing necessary discovery and the submission of expert reports with the goal of proposing an agreed upon order to the Court. We expect that the work necessary to complete the well selection, discovery and expert report exchanges should take no more than nine months. Moreover, because the trial against these two defendants will involve the release of gasoline, but not the products liability claims, the trial will be considerably shorter than was expected for the September 15, 2008, trial against ExxonMobil.

Respectfully submitted,

WEITZ & LUXENBERG, P.C.

By: *Robin L. Greenwald*

Robin Greenwald (RG-9205)
*Plaintiffs' Liaison Counsel*
180 Maiden Lane, 17th Floor
New York, New York 10038
(212) 558-5500

cc: All Counsel of Record

2