

# WEITZ & LUXENBERG

A PROFESSIONAL CORPORATION
• LAW OFFICES •

180 MAIDEN LANE   •   NEW YORK, NY 10038-4925
TEL. 212-558-5500      FAX 212-344-5461
WWW.WEITZLUX.COM

October 27, 2008

**VIA HAND DELIVERY &**
**ELECTRONIC MAIL**

The Honorable Shira A. Scheindlin
United States District Court
Southern District of New York
500 Pearl Street — Room 1620
New York, New York 10007

                Re:     *Plaintiffs' Reply to Defendants' Pre-Conference Letter*

Dear Judge Scheindlin:

       Plaintiffs respectfully submit this reply pre-conference letter in advance of the October 30, 2008, status conference.

**Joint Agenda Items**

I.     Bellwether Selection and Pre-Trial Schedule in *City of New York*

       At the October 2nd status conference, the Court set a June 22 trial date for the City of New York's case and directed the parties to discuss focusing the trial on a reasonable number of representative wells. The City has conferred with Defendants on the selection of bellwether wells, but Defendants have been unwilling to discuss the number or types of wells that should be tried first or identify specific wells. Given the short eight months before trial, the City believes this issue needs to be resolved quickly and requests the Court's assistance.

       In the absence of agreement with Defendants, the City proposes that trial proceed on five wells that the City is proposing to treat together in a treatment facility known as Station 6. Those five wells (Wells 6, 6A, 6B, 6D and 33) are representative of the range of wells that have been contaminated with MTBE, and will appropriately narrow the issues and provide guidance to the parties for subsequent trials or assist in settlement. They included wells with MTBE concentrations both above and below the New York State maximum contaminant limit, wells where MTBE was first detected both before and after the statute of limitations period, and wells

210 LAKE DRIVE EAST, SUITE 101 • CHERRY HILL, NJ 08002 • TEL 856-755-1115 • FAX 856-755-1995
215 MONARCH STREET, SUITE 202 • ASPEN, CO 81611 • TEL 970-925-6101 • FAX 970-925-6035

where the likely sources of MTBE include gasoline stations that operate under various Defendants' names as well as independently operated stations. Equally important, the Station 6 facility is triable in June as the City's planning for the facility is comparatively advanced and the Defendants have had information about the facility for years and ample opportunity to obtain any needed discovery.

Still objecting to a bellwether trial, Defendants propose to defer any agreement on wells until after the conclusion of expert discovery, tentatively proposed for the end of March. Not only does this ignore the Court's admonition to resolve this issue quickly; it also ignores the clear need to focus now on the issues to be tried. The parties' experts must know what wells will be tried in order to prepare their reports; they should not be required to waste time and effort during the next 3-4 months assessing 55 wells when only a small representative subset will be tried in June.

Proceeding to trial first on fewer than the 20 wells first proposed in the Suffolk case is appropriate in the City's case, as it has many fewer wells and only eight months remaining until trial. Indeed, at the October 2 conference, the Court noted that 20 wells "seemed overwhelming" in Suffolk. (Tr. at 22). Accordingly, the City requests that the Court set the five Station 6 facility wells as the bellwether wells for trial in June.

**Defendants' Agenda Items**

III. <u>The City of New York's Identification of Stations That Threaten Its Threatened Wells</u>

The City has agreed to provide Defendants with a list of stations by November 1, 2008, as requested.

IV. <u>The City of New York's Taste and Odor Complaints</u>

Defendants overstate the issues regarding the City's taste and odor complaints. First, the City did not just produce 30,000 taste and odor complaints to the Defendants without explanation. As far back as 2005, the City provided Defendants with concise spreadsheets of taste and odor complaints pertaining to the Queens groundwater system. These spreadsheets, which collectively cover the periods between 1994 through 2008, contain approximately 1500 taste and odor complaints. The documents that Defendants are referring to are backup files for the taste and odor complaints contained in the spreadsheet. Defendants requested this information even after the City warned them about the size and scope of the production because, in the ordinary course of business, the backup information is stored by year and information from the groundwater system is not separated from information from the City's surface water system. The City offered the Defendants an opportunity and office space to review the documents and to take relevant files offsite for copying; the Defendants instead elected to copy both responsive and non-responsive materials. Defendants' decision to copy all of these materials without first reviewing them is not the fault of the City.

Second, the letter that the City sent to Defendants in advance of the taste and odor deposition was not intended to shift the burden on identifying taste and odor complaints, but simply to ensure the utility of the upcoming 30(b)(6) deposition on taste and odor. The City

2

merely wanted to ensure that its witness was fully prepared to testify about any specific complaints on which Defendants seek to question the witness. Defendants have refused to identify the complaints of interest to them, even though they recently agreed to a similar process with respect to the 30(b)(6) deposition on the City's water quality data.

Ultimately, Defendants' request that the City identify taste and odor complaints pertaining to a specific well or to MTBE asks for information that the City does not have. As the City has informed Defendants, the City does not keep records of which wells generated specific taste and odor complaints and the City has no record of any consumer calling to complain that his or her water tastes like MTBE. To conduct the correlative analysis that Defendants demand would require an expert to review the information and draw new conclusions from the existing factual information. The City does not believe it is required to provide the Defendants with such information in response to an interrogatory during fact discovery. Notably, however, the City has identified certain wells that the City admits have not caused any taste and odor complaints. The City has also produced information that demonstrates a circumstantial correlation, including tap samples taken from complainants' homes that indicate detectable levels of MTBE. Thus, Defendants have enough information to conduct their own expert analysis, and the City should not be required to conduct such an analysis to respond to Defendants' fact interrogatories.

Respectfully submitted,

WEITZ & LUXENBERG, P.C.

By: /s/ Robin Greenwald

Robin Greenwald (RG-9205)
*Plaintiffs' Liaison Counsel*
180 Maiden Lane, 17th Floor
New York, New York 10038
(212) 558-5500

cc: All Counsel of Record