

# WEITZ & LUXENBERG

A PROFESSIONAL CORPORATION
• LAW OFFICES •

180 MAIDEN LANE • NEW YORK, NY 10038-4925
TEL. 212-558-5500    FAX 212-344-5461
WWW.WEITZLUX.COM

December 4, 2008

**VIA HAND DELIVERY &
ELECTRONIC MAIL**

The Honorable Shira A. Scheindlin
United States District Court
Southern District of New York
500 Pearl Street — Room 1620
New York, New York 10007

Re:  *Plaintiffs' Pre-Conference Letter*

Dear Judge Scheindlin:

Plaintiffs respectfully submit this pre-conference letter in advance of the December 11, 2008, status conference.

## Joint Agenda Items

1. <u>CMO's For New Jersey and Puerto Rico Cases</u>

The parties in the New Jersey and Puerto Rico cases have engaged in an extensive meet and confer process following the last status conference, with the goal of producing proposed CMO's. The parties have reached agreement on several provisions for CMO's for these cases, but remain divided on other provisions.

Late in the meet and confer process, and without prior notice to the New Jersey plaintiffs, defendants unilaterally served broad written discovery on such plaintiffs. See Exhibit A, attached. Although defendants subsequently indicated a willingness to be "flexible" with respect to the time for responding to this written discovery, they refused to withdraw the discovery pending entry of a CMO. See Exhibit B, attached. Unilateral service of broad written discovery while ostensibly involved in developing a CMO to govern discovery is highly objectionable. Plaintiffs will request at the status conference that defendants be directed to withdraw this written discovery and to proceed with discovery pursuant to the terms of a CMO entered by the Court.

The parties disagree as to whether there should be a single CMO to govern both the Puerto Rico case and the New Jersey case, or separate CMO's for each case. Plaintiffs propose separate CMO's for two reasons.

210 LAKE DRIVE EAST, SUITE 101 • CHERRY HILL, NJ 08002 • TEL 856-755-1115 • FAX 856-755-1995
76 SOUTH ORANGE AVENUE, SUITE 201 • SOUTH ORANGE NJ 07079 • TEL 973-761-8995 • FAX 973-763-4020
215 MONARCH STREET, SUITE 202 • ASPEN, CO 81611 • TEL 970-925-6101 • FAX 970-925-6035
100 E. 15TH STREET, SUITE 400 • FORT WORTH, TX 76102 • TEL 817-885-7815 • FAX 817-882-8585

First, case development in each case will necessarily proceed along different time lines. Although an initial CMO could acknowledge and accommodate this fact, subsequent case specific amendments or additions to a single CMO would make it increasingly difficult to track case specific developments. Separate CMO's for each case will avoid this problem.

Second, recent elections in Puerto Rico have resulted in a change in Administrations. As a matter of both comity and pragmatism, the incoming administration should be provided an opportunity to be informed about and comment upon proposed time lines and substantive provisions in any CMO that will govern the Puerto Rico case. Moreover, the parties have already exchanged extensive damages discovery in the Puerto Rico case. The facts, issues, and scale of the two cases are so different that they require separate CMOs. The Puerto Rico Plaintiffs propose continuing the meet and confer process in January once the new administration takes office.

The second area of disagreement is whether, following an initial exchange of readily available electronic information, broader site-specific discovery should proceed on a bellwether (as opposed to a state-wide) basis. Both sides acknowledged during the meet and confer process that simply allowing full, un-managed discovery for such a large and complex case is unworkable.

Plaintiffs proposed an initial exchange of readily available electronic information on sites in New Jersey where MTBE has been released, followed by selection of bellwether, or "focus" sites that would be subject to full discovery. The Plaintiffs believe that an exchange of such electronic information should be sufficient to narrow the universe of potential bellwether sites. Plaintiffs and Defendants do not agree on whether such electronic information should concern contaminants other than MTBE and TBA. Defendants wish to receive data concerning all contamination in the State of New Jersey. Plaintiffs propose that each side select ten (10) bellwether sites based upon the MTBE/TBA-specific electronic information. Defendants agreed to an initial exchange of readily available electronic information, but oppose a bellwether approach. Defendants, however, have not articulated a manageable alternative.

Plaintiffs are amenable to proceeding on state-wide discovery where practicable. For example, the electronic production would be on a state-wide basis. Additionally, Plaintiffs are willing to engage in the exchange of documents concerning Plaintiffs' policies and procedures that are relevant to the issues in the case. Plaintiffs also are willing to produce past settlements concerning natural resource damages. These are but a few examples. The Plaintiffs' concern, however, is that the Defendants wish to take broad discovery on each of the thousands of potentially relevant sites. In fact, this is apparent from Defendants' discovery requests they served last week, which would require the production and review of 25,000 to 30,000 boxes of site files. Furthermore, Defendants wish to take discovery on approaches to damages for each of these thousands of sites. Plaintiffs believe that the use of bellwether ("focus") sites is the more prudent and manageable approach.

Plaintiffs attach as Exhibit C a draft CMO for New Jersey that would govern initial discovery. The parties have agreed to continue discussions in an attempt to submit a single draft CMO with their reply papers that will identify areas of agreement and areas of disagreement.

2.  Pre-Trial Schedule in *Sands Point* and *New Jersey American Water* matters

Counsel for American Water New Jersey and Sands Point and counsel for ExxonMobil have exchanged proposed CMOs for discovery and pre-trial proceedings in these two focus cases. We believe we will have an agreed upon CMO to submit to Your Honor prior to the conference.

**Plaintiffs' Agenda Items**

1.  Trial Schedule for *City of New York*

The parties have agreed on all but two issues -- both of which relate to dates for expert reports -- for the trial schedule. We are attempting to resolve these last two issues prior to the conference and submit a proposed trial order for Your Honor to so order

2.  Trial in Tonneson & Basso

Plaintiffs request a continuation of the trial date in the Tonneson and Basso cases currently set for January 19, 2009, based upon an unavoidable conflict in the trial schedule of lead trial counsel for plaintiffs, Duane Miller. At the time trial in the Tonneson and Basso cases was originally scheduled, Mr. Miller would have concluded a jury trial in San Francisco. Jury selection and opening statements in the San Francisco trial, however, were delayed for well over a month due to circumstances beyond counsel's control. Just prior to the date initially scheduled for jury selection, several defense counsel from Houston, Texas, sought and received a delay of several weeks in the San Francisco case when Hurricane Ike hit their homes and offices in Houston. On the subsequently scheduled day for beginning jury selection the trial judge for the San Francisco case was informed by the Jury Commissioner that, due to the simultaneous start of two first degree murder cases, there were not enough jurors in the jury pool. The trial judge then further postponed jury selection in order to avoid interrupting the trial for a previously scheduled vacation the judge had set for the following week. As a consequence, Mr. Miller is simply not available for the start of the Tonneson and Basso cases.

Defense counsel has been aware of this possibility for some time, and in fact raised the possibility at a prior status conference. At the time, plaintiffs asked the Court to hold the trial date because settlement discussions were pending. One of the defendants in Tonneson and Basso subsequently settled, and there are active pending settlement discussions with the major remaining defendant in Tonneson and Basso. For these reasons, plaintiffs now respectfully request a continuation of the trial date to allow participation of lead trial counsel in the trial, should a settlement not be reached. A continuation would also allow additional time to attempt to reach settlement.

3.  Expert protocol for *City of New York*

Expert protocol – durational limit on depositions of experts deposed in *Suffolk*

The parties are in the process of negotiating a stipulated "expert protocol" to govern certain aspects of expert discovery. We have made significant progress and expect to reach agreement on most of the remaining issues shortly. However, plaintiff and defendants appear to be at an impasse on one key issue: the durational limit on depositions of non-well-specific experts who were deposed regarding substantially the same topics in *Suffolk*.

Plaintiff proposes that if a non-well specific expert in *City of New York* provided a report on substantially the same topic and was deposed in *Suffolk*, the *Suffolk* deposition may be used as if taken in this case. Plaintiff also proposes a one-day durational limit (as opposed to the two-day default limit on expert depositions the parties have tentatively agreed to). Based on meet-and-confer discussions with a subset of defendants, defendants are amenable to having expert depositions from *Suffolk* "used as if taken" in this case, but oppose any shortening of the durational limit.

This is an important issue for the Court to address now because it will likely have a significant impact on expert deposition scheduling, which will begin shortly. Plaintiff urges the Court to adopt its proposed one-day durational limit for depositions of common-issue experts deposed in *Suffolk*, as it will help avoid duplicative discovery, *see* FRCP 26(b), and make efficient use of very limited time for expert discovery in this case. Plaintiff's proposed approach is also wholly consistent with the focus-case concept, whereby common-issue discovery completed in the first case set for trial creates efficiencies for those that follow.

4.  Unresolved Shell Privilege Log Issue

Rather than burden the Court with a separate letter, the City thought this pre-motion conference letter an appropriate way to notify Your Honor about an unresolved issue: whether the Shell Defendants are required, consistent with PTO 38, to produce numerous documents for which they waived assertions of privilege by failing to provide adequate privilege logs to the plaintiffs in this MDL over a period of years. The City's Motion to Compel Discovery of the Shell Defendants is currently pending. Depending on when and how that motion is decided, the City may need to ask the Court for immediate assistance in assuring production of these documents as the cut-off for fact discovery draws near.

Respectfully submitted,

WEITZ & LUXENBERG, P.C.

By: *[signature]*

Robin Greenwald (RG-9205)
*Plaintiffs' Liaison Counsel*
180 Maiden Lane, 17th Floor
New York, New York 10038
(212) 558-5500

cc: All Counsel of Record