

# WEITZ & LUXENBERG
### A PROFESSIONAL CORPORATION
### • LAW OFFICES •

180 MAIDEN LANE • NEW YORK, NY 10038-4925
TEL. 212-558-5500    FAX 212-344-5461
WWW.WEITZLUX.COM

February 23, 2009

**VIA HAND DELIVERY & ELECTRONIC MAIL**

The Honorable Shira A. Scheindlin
United States District Court
Southern District of New York
500 Pearl Street — Room 1620
New York, New York 10007

Dear Judge Scheindlin:

Plaintiffs respectfully submit this reply letter in advance of the February 26, 2009, status conference.

**Defendants' Request for an Extension of Time to File Damages Expert Report in *City of NY***

Although both the City and defendants have accommodated each other's requests for additional time to submit various expert reports, in light of the extremely tight pre-trial schedule agreed to by the parties and ordered by the Court, an extra three weeks for defendants' expert report on damages will unacceptably delay later deadlines. The requested extension will require comparable extensions to the deadlines for the City to submit rebuttal reports and for the parties to complete expert discovery, submit and brief summary judgment motions, submit witness and exhibit lists, exchange draft pre-trial orders, and file a joint pre-trial order. There is simply no flexibility in the schedule to allow defendants an extra three weeks.

### Plaintiffs Village of Hempstead and West Hempstead Water District Respond To Defendants' claims of discovery deficiencies

I. **Crystal River's Discovery Responses**

Plaintiff Crystal River's response to the Defendants' First Set of Interrogatories and First Set of Requests for production of Documents and Things will be served on all defendants on February 23, 2009.

II. **Status of Discovery in West Hempstead and Village of Hempstead**

(1) **Plaintiffs West Hempstead Water District and Village of Hempstead have each met their Discovery Obligations**

Defendants stated that they intend to take depositions of the superintendents of Plaintiffs Village of Hempstead and West Hempstead Water District. Defendants are scheduled to take a

deposition of Mr. York (West Hempstead Water District's Superintendent) on Tuesday, February 24, 2009. Plaintiff provided defendants with dates when Mr. Taylor was available for deposition. As of this writing Mr. Taylor's deposition remains to be scheduled.

Defendants' claims that Plaintiff West Hempstead Water District "has failed to produce any documents concerning: 1) two known gasoline spills at the West Hempstead Water District Birch Street well field; 2) NYSDEC's installation of monitoring wells in the district on or after June 2006; and 3) Plaintiff's April 2008 commission of H2M to develop a water treatment design report for the district."

    a)    *Gasoline Spills At The West Hempstead Water District Birch Street Well Field*

Defendants' do not specify the "two known gasoline spills" in West Hempstead Water District Birch Street well field. Plaintiff West Hempstead Water District has produced all documents in its possession that are related to the investigation of MTBE contamination of its Birch Street well field supply wells. Plaintiff West Hempstead Water District is neither aware of, nor in possession of any other documents related to gasoline spills at the Birch Street Well field.

    b)    *NYSDEC's Installation Of Monitoring Wells In West Hempstead Water District*

West Hempstead Water District is not in possession of any NYSDEC documents related to the installation of monitoring wells in the district following the June 2006 detection of MTBE in the West Hempstead Water District supply wells. Any and all documents that could be located by Plaintiff were produced to the Defendants. The investigation following the June 2006 MTBE detection has been and continues to be conducted by the NYSDEC contractors. Pursuant to a subpoena issued by Plaintiff's counsel to NYSDEC, NYSDEC produced certain site data regarding the investigation of MTBE release(s) in the West Hempstead area that may have contributed to the MTBE detection in the West Hempstead Water District's supply wells. These documents (Bates range MDL1358-DEC-00001 – MDL1358-DEC-06036) were forwarded to the Defendants' counsel on February 10, 2009. *See Letter to C. Garvey* (February 10, 2009), annexed as Exhibit A. Following that production, Plaintiffs received additional NYSDEC documents and produced them to Defendants' counsel on February 20, 2009. *See Letter to C. Garvey* (February 20, 2009) also annexed as Exhibit B.

    c)    *Water Treatment Design Report For West Hempstead Water District*

West Hempstead Water District commissioned H2M to develop a water treatment design report for the District. However, as of today, H2M has not submitted a report to the District. In addition, with regard to the Defendants' claim that Plaintiffs failed to produce complete water quality data or complete information concerning the drilling an permitting of their supply wells, Plaintiffs produced ***all*** such documentation in their possession that could be located. A supplemental production of documents for each district which contains latest water quality data and certain documents related to supply wells information is being forwarded to Defendants today.

    (2)    **Plaintiffs' Responses With Regard To Supply Well & Retail Station Locations**

Defendants' February 19, 2009 pre-conference letter claims that Plaintiffs discovery responses contain inaccurate supply well and retail gasoline stations information Any and all discrepancies between the coordinates produced by Plaintiffs on November 7, 2008 in their Responses to Defendants' First Sets of Interrogatories have been cured. Both Village of

Hempstead's and West Hempstead Water District's Corrected and Supplemental Responses to Defendants First Sets of Interrogatories will be served on all defendants on February 23, 2009. These responses also contain the corrected lists of names and locations of defendants' retail gasoline outlets that impacted or threaten to impact Plaintiffs' supply wells.

Defendants claim that Village of Hempstead and West Hempstead Water Districts disclosed the capital cost damages estimates without supporting documentation. However, such supporting documentation is subject to the work-product doctrine privilege and as such is not discoverable. Such information may be a proper inquiry for the expert witness discovery that has not yet commenced in these cases.

With regard to Plaintiffs' responses to Defendants' joint discovery requests regarding punitive damages, causation, liability and apportionment of damages, and company-specific interrogatories and document requests, Plaintiffs will amend and supplement their responses within two weeks of the February 26, 2009 Status Conference.

(3) **Plaintiff's Non-Party Subpoenas**

In a letter to Mr. Garvey dated February 10, 2009, Plaintiff's counsel acknowledged that Plaintiffs inadvertently failed to serve the Defendants with copies of non-party 30(b)(6) deposition and document subpoenas. The Plaintiffs, however, notified the Defendants' counsel of the upcoming depositions and associated document requests by serving deposition notices via LNFS on or about the dates when the subpoenas were served. *Id.* Also on February 10, 2009, Plaintiffs served copies on the Defendants of the documents produced by NYSDEC and non-party witnesses Phoenix Environmental and Kleinfelder pursuant to their respective subpoenas. *Id.* Due to the technical difficulties associated with Bates-stamping of the documents, the documents produced by non-party witnesses LBG, Tyree and Fenley Nicol were not served on the Defendants' counsel until February 19, 2009. *See Letter to C. Garvey* (February 19, 2009), annexed as Exhibit C. Plaintiffs after meeting and conferring with the Coastal and Valero defendants have resolved the outstanding discovery issues and accordingly remove those items from Plaintiffs' agenda items.

### *City of New York's* Production of Underground Storage Tank Documents

As a result of the site assessment document introduced at the Cohen deposition, and in response to defendants' February 6, 2009 letter, the City re-opened its search for documents relating to remediation of City underground storage tanks in the City's RGA. As a result, the City discovered some additional potentially responsive documents archived in New Jersey. The City has already begun producing these additional documents to defendants on a rolling basis, and expects to complete this production within the next two weeks. The City's production of these documents is similar to supplemental productions the City has recently received from various defendants, including Shell.

### *OCWD*'s failure to comply with Court's Directives

Defendants' pre-conference letter complains that the Orange County Water District (OCWD) failed to provide the "criteria" used to develop the accrual chart submitted by OCWD on February 6, 2009. The letter accompanying the accrual chart, however, explained in straightforward terms that the criteria used to determine the earliest dates that OCWD would have experienced "appreciable harm" from a release of MTBE at a given station is the date on which MTBE was first detected at off-site monitoring wells at levels indicating that MTBE had escaped remedial efforts at levels consistent with the MCL. For stations with no off-site

monitoring wells, the date reflects the first detection of MTBE in a drinking water production well associated with the station.

Defendants immediately demanded "clarification" and complained that the dates in the accrual chart were not consistent with application of the criteria to some (unidentified) sites on the chart, at least in defendants' opinion. See, Defendants' 72 hour letter, Exh. P. Defendants demanded that OCWD immediately provide all documents supporting the dates on the accrual chart. Id. This, of course, is not a complaint based on a lack of criteria, but rather a complaint based upon the application of that criteria at certain locations, and would require extensive additional effort on the part of OCWD, at least if it had to be performed for all of the 40-some stations on the chart. See, Defendants' 72 hour letter, Exh. Q (OCWD's responses). OCWD offered to answer specific questions with respect to specific stations, but pointed out that it was attempting at the same time to complete an accrual chart for remaining stations. Id. OCWD believes this item can and should be resolved through a meet and confer process between the parties.

Respectfully submitted,

WEITZ & LUXENBERG, P.C.

By: *[signature]*

Robin Greenwald (RG-9205)
*Plaintiffs' Liaison Counsel*
180 Maiden Lane, 17th Floor
New York, New York 10038

cc: All Counsel of Record

EXHIBIT A

# NAPOLI BERN RIPKA LLP
Attorneys·At·Law

ROBERT GITELMAN
ASSOCIATE
RGITELMAN@NAPOLIBERN.COM

February 10, 2009

<u>Via E-Mail and LNFS</u>

Christopher J. Garvey, Esq.
Goodwin Procter
The New York Times Building
620 Eighth Avenue
New York, NY 10018

> Re: *Village of Hempstead v. AGIP, et al.*, No. 03CV10055
> *West Hempstead Water District v. AGIP, et al.*, No. 03CV10052
> *West Hempstead Water District v. Merit Oil Corp., et al.* No. 08CV4290

Dear Mr. Garvey:

I am writing in response to your February 9, 2009 email. While it is true that Plaintiffs inadvertently failed to serve defendants with copies of non-party subpoenas in the above-referenced cases, we disagree that this failure was prejudicial to defendants or that it prevented defendants from electing to represent any of the subpoenaed consultants.

Plaintiffs notified defendants of the upcoming depositions of the non-party witnesses by serving notices of the depositions on all counsel of record *via* LNFS.[1] The deposition notices requested the witness to produce documents in advance of the depositions.

Several defendants' attorneys notified our firm that they would represent their clients' consultants at the deposition pursuant to the non-party subpoenas (*i.e.,* Daniel Krainin, Esq. of Beveridge & Diamond who represents Sunoco and Jonathan Kolbrener, Esq. of Braverman & Associates who represents OK Petroleum contacted our office and indicated that they will represent the consulting firms Environmental Assessment & Remediation and Preferred Environmental Services, respectively).

Furthermore, it appears that ExxonMobil's counsel has *not* elected to represent Kleinfelder (ExxonMobil's consultants), as Mr. Ricardulli's January 14, 2009 letter to Mr.

---

[1] Notices of deposition of LBG, Preferred Environmental Services, Kleinfelder, Fenley & Nicol, Phoenix Environmental, and Tyree were served on all MDL1358 counsel *via* LNFS on December 19, 2009 (LNFS transactions IDs: 23006251, 23006562, 23005679, 23006652, 23006753, 23006032, respectively); Amended Notice of Deposition to Phoenix Environmental was served on all counsel on December 22 (LNFS transaction ID 23031312); Notices of deposition to Gannett Fleming and Beringer Environmental were served on Defendants' counsel *via* LNFS on January 5, 2009. (LNFS transaction ID: 23153232).

Dubanevich clearly indicates that he was aware of the subpoena served on Kleinfelder, but made no representation that he would so appear on Kleinfelder's behalf.

Most notably, Mr. Higgins indicated that your firm was aware of these subpoenas as he inquired, as early as January 16, 2009, whether any of the noticed depositions at issue have been confirmed.

Therefore, your claims that defendants have been prejudiced because they did not have notices of the deposition to elect to represent contractors is meritless. While copies of the subpoenas were not served on the defendants at the time they were issued, it has not interfered with any of defendants' rights, as evidenced by the fact that other defendants have been able to arrange coverage for the depositions without incident.

Please note that the deposition of Phoenix Environmental is scheduled for Friday, February 13 at our offices at 9:30 a.m. A separate notice to that effect will be served on all counsel *via* LexisNexis today.

Pursuant to your request, enclosed you will find a CD-ROM containing documents produced by the following entities in response to the subpoenas:

- Phoenix Environmental (whose deposition is scheduled for February 13, 2009 at our offices), Bates MDL1358-PHX-00001 – MDL1358-PHX-00033.[2]

- Kleinfelder, Bates MDL1358-KLEIN-00001 – MDL1358-KLEIN-00182.

- New York State Department of Environmental Conservation ("NYSDEC"), Bates MDL1358-DEC-00001 – MDL1358-DEC-06036

Please note that the January 8, 2009 subpoena to the New York State Department of Environmental Conservation ("NYSDEC") incorrectly referred to the documents in Schedule II as the "documents already in Plaintiff's possession" when in fact these documents were obtained by Napoli Bern Ripka & Associates from NYSDEC under the Freedom of Information Law Request. As such, absent agreement to the contrary, we are not obligated to exchange these documents with the defendants.

Finally, we will attempt to produce LBG and Tyree's documents by the end of the week.

Very truly yours,

Robert Gitelman

---

[2] We are also serving Phoenix Documents via E-Mail.

cc: All counsel of record *via* LNFS (w/o enclosures)

      James Pardo (w/ enclosures)

# EXHIBIT B

# NAPOLI BERN RIPKA LLP
Attorneys·At·Law

ROBERT GITELMAN
ASSOCIATE
RGITELMAN@NAPOLIBERN.COM

February 20, 2009

*Via Federal Express and LNFS*

Christopher J. Garvey, Esq.
Goodwin Procter
The New York Times Building
620 Eighth Avenue
New York, NY 10018

Re: *Village of Hempstead v. AGIP, et al.*, No. 03-10055
*West Hempstead Water District v. AGIP, et al.*, No. 03-10052
DEC Documents

Dear Mr. Garvey:

Enclosed please find a CD-ROM containing additional documents by New York State Department of Environmental Conservation ("NYSDEC"):

- MDL1358-DEC-06037 – MDL1358-DEC-13559

Should you have any questions, please do not hesitate to contact me at your convenience.

Very truly yours,

Robert Gitelman

Enclosures

cc: J. Pardo, Esq. (w/ enclosure)
All MDL1358 via LNF&S (w/o enclosure)

# EXHIBIT C

# NAPOLI BERN RIPKA
Attorneys·At·Law

ROBERT GITELMAN
ASSOCIATE
RGITELMAN@NAPOLIBERN.COM

February 19, 2009

*Via Federal Express and LNFS*

Christopher J. Garvey, Esq.
Goodwin Procter
The New York Times Building
620 Eighth Avenue
New York, NY 10018

Re:   *Village of Hempstead v. AGIP, et al.,* No. 03-10055
      *West Hempstead Water District v. AGIP, et al.,* No. 03-10052

Dear Mr. Garvey:

Enclosed as per your request, please find a CD-ROM containing documents produced to date by non-party witnesses LBG, Tyree and Environmental Assessment and Remediation ("EAR") as follows:

- LBG, Bates MDL1358LBG-00001 – MDL1358LBG-00632
- Tyree, Bates MDL1358-TYREE-00001 – MDL1358-TYREE-00224
- EAR (produced by Sunoco counsel), Bates MDL-EAR-000001 – MDL-EAR-001897

Please also note that the following depositions have been scheduled for the following week:

- February 24, 2009 – Sunoco corporate witness 30(b)(6) deposition
- February 25, 2009 – EAR 30(b)(6) deposition
- February 27, 2009 – LBG 30(b)(6) deposition

All depositions are scheduled to begin at 10:00 am (EST) at the offices of Plaintiff's counsel at:

Napoli Bern Ripka & Associates
Empire State Building
350 Fifth Avenue, Suite 7413
New York, New York 10018

NAPOLI BERN RIPKA & ASSOCIATES LLP

New York | New Jersey | Pennsylvania | Oklahoma
www.nbrlawfirm.com

Should you have any questions, please do not hesitate to contact me at your convenience.

Very truly yours,

Robert Gitelman

Enclosures

cc:     J. Pardo, Esq. (w/ enclosure)
         All MDL1358 via LNF&S (w/o enclosure)