

**SHER · LEFF** LLP
LAWYERS PROTECTING WATER

Nicholas G. Campins
ncampins@sherleff.com
415.348.8300 x202

March 10, 2009

<u>Via Email & Hand Delivery</u>

Hon. Shira A. Scheindlin
United States District Judge
U.S. District Court, Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:   *City of New York v. Amerada Hess*, et al., 04 CV 3417 (SDNY)
              *In re MTBE Products Liability Litigation*, MDL 1358

Dear Judge Scheindlin:

The City of New York ("the City") writes to request the Court's assistance in resolving a discovery dispute regarding its obligations, if any, to further respond to 11 sets of unduly burdensome contention discovery served by Defendants on November 18, 2008 and November 19, 2008 ("Contention Discovery"), *see* Exhibits A1-A11, which the City responded to on December 18, 2008 and December 19, 2008, *see* Exhibits B1-B11 ("Responses and Objections").[1]

**Background**
The 11 sets of Contention Discovery contain approximately 1,260 separate discovery requests (accounting for subparts). One set asks the City to state its causation theory for *every* well at issue (not just focus wells) and to apportion liability among every defendant in the case. *See* Exhibit A3. Four sets ask the City whether it contends certain defendants delivered "MTBE gasoline" to the RGA, had releases in the RGA, made misrepresentations and other defendant-specific liability questions (including punitive damages). *See* Exhibits A2, A6, A7, A9. Another set asks the City to identify *all* facts that support an award of punitive damages against numerous defendants. *See* Exhibit A1. Five sets ask for a combination of the above. *See* Exhibits A4, A5, A8, A10, A11.

The City began meeting and conferring with Defendants in December when we asked for a reasonable 30 day extension. *See* Exhibit C1. Despite the fact that parties had agreed to extend

---

[1] The City recognizes that the Court prefers not to address disputes such as this between status conferences. However, the City believes that the Court's early assistance with this dispute will avoid delay as the parties prepare for trial. The City also notes that Defendants did not initiate a meet and confer discussion until March 3, 2009 (3 business days after the February 26, 2009 status conference). The City therefore respectfully requests that the Court consider this letter despite the timing of this request.

450 Mission Street, Suite 400 • San Francisco, California 94105 **tel** (415) 348-8300 **fax** (415) 348-8333

Dockets.Justia.com

the fact discovery cutoff to January 19, 2009, Defendants rejected the City's request and offered only a 7 business day extension over the December holidays. *See* Exhibit C2. The City expressed its disappointment to Defendants and filed its Responses and Objections in mid-December without any extension. *See* Exhibits C3, B1-B11. The City did not hear from Defendants again until March 3, 2009 – two and half months later – when Defendants sent the City a letter demanding that it supplement its responses by March 16, 2009 or face sanctions including "preclusion of evidence." *See* Exhibit C4. The City asked Defendants to withdraw their late demands and they refused. *See* Exhibits C5-C6.

**Argument**
For the following reasons, each of which is independently sufficient, the City respectfully requests that the Court issue an order shielding the City from any duty to further respond to the Contention Discovery. *First*, the Contention Discovery is fundamentally at odds with the Court's case management approach in this case and MDL 1358 as a whole. *See* 10/31/2007 Hearing Transcript at pp. 68-71 (finding that similar discovery was "contentious and time-consuming and unnecessary and distracting and harassing" and directing defendants to "to answer their own requests to admit and their own contention interrogatories") (attached as Exhibit D); *see also* Case Management Order # 31 (attached as Exhibit E). The goal of discovery is to provide a practical method of obtaining the information sought. *See* Local Civil Rule 33.3(b). Where, as here, the Court has created a comprehensive case management approach that includes both the mandatory disclosure of deposition designations, exhibit lists, witness lists, expert opinions and testimony, *see* Case Management Order No. 47 (Dkt. # 2265), and a bellwether trial approach focused on 10 specific wells, the broad-brushed Contention Discovery is not only an impractical method of obtaining the information sought, it is also counterproductive and creates needless friction among the parties. The parties have selected focus wells and the City provided Defendants with deposition designations on February 27, 2009 and will provide Defendants with exhibit lists, witness lists, and complete expert discovery by April 13, 2009. *Id.* Requiring the City to answer contention discovery about every well at issue, *see* Exhibits A3, A4, A5, A8, A10, A11, to disclose other information prematurely, and "to regurgitate all factual information obtained in discovery," *Convolve, Inc. v. Compaq Computer Corp.*, 223 F.R.D. 162, 173 (S.D.N.Y. 2004), would be impractical and contrary to the Court's case management approach.

*Second*, the Contention Discovery is unduly burdensome and the Court should use its broad authority under Federal Rule of Civil Procedure 26 to protect the City from having to further respond to it. *See Application of Malev Hungarian Airlines*, 964 F.2d 97, 102 (2d Cir. 1992). The Contention Discovery is unduly burdensome because (a) it is overly voluminous (it contains approximately 1,260 discovery requests asking about facts contained in millions of pages of documents and the testimony of hundreds of witnesses); (b) it seeks information that is equally or better available to Defendants (*see* Exhibit A2 at p.3: "State whether Plaintiff contends that CITGO manufactured MTBE gasoline ... that was delivered to the RGA ... identify any ... facts or evidence that supports your contention"); (c) it requests "all facts" regarding complex issues (*see* Exhibit A3 at p.5: *e.g.* "identify all facts that ... prove that the particular Defendant caused the alleged Damages at each specific Well"); (d) it is unreasonably duplicative; (e) it seeks information that has not been fully produced by Defendants (*e.g.* the City received amended

Hon. Shira A. Scheindlin
March 10, 2009
Page 3

responses from CITGO to its Fourth Set of Interrogatories re Pipelines on March 4, *see* Exhibit F); and (f) it seeks the premature disclosure of exhibit lists, witness lists, and remaining expert discovery.

*Third*, Defendants' failure to diligently pursue the Contention Discovery precludes their current demands. Defendants waited over two and a half months after service of the Responses and Objections to begin the meet and confer process. Given the proximity to trial and dispositive motion practice and that fact discovery closed six weeks ago, the Court should not excuse this unwarranted delay. Instead, where, as here, a propounding party fails to act with "appropriate diligence," the responding party has no obligation to amend its responses beyond the general obligation imposed by Federal Rule of Civil Procedure 26(e). *See DC Comics v. Kryptonite Corp.*, 2002 WL 31159121, *3-4 (S.D.N.Y. Sept. 26, 2002) (refusing to compel a party to "respond more fully" to "earlier-served demands" when the propounding party failed to demonstrate that it "acted with appropriate diligence"). Also, as the City has disclosed its deposition designations and will timely disclose its exhibit lists, witness lists and expert discovery in accordance with Case Management Order No. 47, the City seeks an order declaring that it is under no obligation to further amend its Responses and Objections under Rule 26(e). *See id.* (supplementation not required where information is "made known to the other parties during the discovery process or in writing").

*Finally*, the City made well-considered, valid, and specific legal objections in response to each discovery request contained in the Contention Discovery. For example, the City objected to individual discovery requests on the ground that they are predicated on invalid legal assumptions, that they seek attorney work product, that they seek information within the exclusive control of defendants, and that they are vague and ambiguous. *See* Exhibit G (examples) and Exhibits B1 - B11. Instead of addressing the specific objections made to each discovery request, however, Defendants have inaccurately stated that the City served "blanket objections." Exhibit C4. Because Defendants have failed to articulate why the specific, tailored objections made in response to each discovery request are not well taken, the Court should sustain the City's objections and order that no further supplementation is required.

## Conclusion

For the foregoing reasons, the City respectfully requests that the Court issue an order shielding it from any obligation to further respond to the Contention Discovery. Please contact me if the Court requires any additional information. The City appreciates your Honor's attention to this matter.

Respectfully submitted,

Nicholas G. Campins

Cc: All Counsel via LNFS & Email