

24130694

Mar 10 2009
11:30AM

# EXHIBIT A1



22527268

Nov 18 2008
5:56PM

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**IN RE METHYL TERTIARY BUTYL ETHER**
**PRODUCTS LIABILITY LITIGATION**

**This document pertains to:**

*City of New York v. Amerada Hess Corp., et al.,*
**Case No. 04-CIV-3417**

Master File No. 1:00-1898
MDL 1358 (SAS)
M21-88

<u>**CERTAIN DEFENDANTS' FIRST SET OF INTERROGATORIES AND**</u>
<u>**DOCUMENT REQUESTS REGARDING PUNITIVE DAMAGES**</u>

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, certain Defendants hereby request The City of New York ("Plaintiff") to respond to the following interrogatories and requests for production within 30 days of the service hereof.

<u>**DEFINITIONS AND INSTRUCTIONS**</u>

1.      All definitions contained in Local Civil Rule 26.3 of the United States District Court for the Southern District of New York apply to these interrogatories and are incorporated by reference.

2.      "Plaintiff", "you" or "your" means plaintiff City of New York and any and all of its agencies and instrumentalities, and any of its past and present officers, employees, agents, and anyone acting on its behalf.

3.      "Defendants" shall mean any party named as a defendant in the above-captioned litigation.

4.      "MTBE" shall mean methyl tertiary-butyl ether and its natural degradation products, such as tertiary butyl alcohol.

5.      "Document" shall mean all written, typed, printed, recorded or graphic matter of every type and description, disseminated or made, in any form, such as electronically stored

information, now or formerly in the possession, custody, or control of Plaintiff, its agents, attorneys, representatives, advisors, consultants, or experts, including, but not limited to, letters correspondence, telegrams, memoranda, records, minutes of all types of meetings, contracts, subcontracts, agreements, intra- and inter-office communications, purchase orders, requisitions, plans, studies, summaries, analyses, results of investigations, reviews, bulletins, proposals, estimates, appraisals, recommendations, critiques, trip reports, engineering calculations, bills of materials, drawings, sketches, blueprints, charts, notices, diaries, books, desk calendars, appointment books, messages, instructions, work assignments, notes, notebooks, drafts, data sheets, specifications, statistical records, tapes, tape recordings, partial or complete reports of telephone conversations, photographs, slides, public statements, newspaper or other media releases, public and governmental filings, opinions, maps, and any other writings, drawings or recordings. If any documents was, but is no longer in Plaintiff's possession or subject to Plaintiff's custody or control, identify the document and state its present location or the disposition which was made of it and the date thereof.

6.      The interrogatories and document requests that follow are addressed to Plaintiff as a party to this action. Plaintiff's answers shall be based upon information known to Plaintiff, or within Plaintiff's possession, custody or control, whether it is based on Plaintiff's personal knowledge or that of Plaintiff's agents or attorneys, on or after January 1, 1979, unless a different time frame is specified in a request.

7.      To the extent you are withholding any information under claim of privilege, please provide  the information required by Local Rule 26.2 of the United States District Court for the Southern District of New York.

# INTERROGATORIES

## INTERROGATORY NO. 1:

Identify any and all documents and any other facts or evidence that you contend or believe supports the award of punitive damages against Marathon Petroleum Company LLC.

## INTERROGATORY NO. 2:

Identify any and all documents and any other facts or evidence that you contend or believe supports the award of punitive damages against Marathon Oil Company.

## INTERROGATORY NO. 3:

Identify any and all documents and any other facts or evidence that you contend or believe supports the award of punitive damages against Hess Corporation.

## INTERROGATORY NO. 4:

Identify any and all documents and any other facts or evidence that you contend or believe supports the award of punitive damages against Valero Energy Corporation.

## INTERROGATORY NO. 5:

Identify any and all documents and any other facts or evidence that you contend or believe supports the award of punitive damages against Valero Marketing and Supply Company.

**INTERROGATORY NO. 6:**

Identify any and all documents and any other facts or evidence that you contend or believe supports the award of punitive damages against Valero Refining and Marketing Company.

**INTERROGATORY NO. 7:**

Identify any and all documents and any other facts or evidence that you contend or believe supports the award of punitive damages against The Premcor Refining Group Inc.

**INTERROGATORY NO. 8:**

Identify any and all documents and any other facts or evidence that you contend or believe supports the award of punitive damages against Ultramar Energy, Inc.

**INTERROGATORY NO. 9:**

Identify any and all documents and any other facts or evidence that you contend or believe supports the award of punitive damages against Ultramar Limited.

**INTERROGATORY NO. 10:**

Identify any and all documents and any other facts or evidence that you contend or believe supports the award of punitive damages against Chevron U.S.A. Inc.

**INTERROGATORY NO. 11:**

Identify any and all documents and any other facts or evidence that you contend or believe supports the award of punitive damages against Texaco Inc.

**INTERROGATORY NO. 12:**

Identify any and all documents and any other facts or evidence that you contend or believe supports the award of punitive damages against Union Oil Company of California.

**INTERROGATORY NO. 13:**

Identify any and all documents and any other facts or evidence that you contend or believe supports the award of punitive damages against TRMI Holdings Inc. (n/k/a TRMI-H LLC).

**INTERROGATORY NO. 14:**

Identify any and all documents and any other facts or evidence that you contend or believe supports the award of punitive damages against Crown Central LLC.

**INTERROGATORY NO. 15:**

Identify any and all documents and any other facts or evidence that you contend or believe supports the award of punitive damages against BP Products North America Inc.

**INTERROGATORY NO. 16:**

Identify any and all documents and any other facts or evidence that you contend or believe supports the award of punitive damages against Atlantic Richfield Company.

**INTERROGATORY NO. 17:**

Identify any and all documents and any other facts or evidence that you contend or believe supports the award of punitive damages against Flint Hills Resources, LP.

**INTERROGATORY NO. 18:**

Identify any and all documents and any other facts or evidence that you contend or believe supports the award of punitive damages against Getty Properties Corp.

**INTERROGATORY NO. 19:**

Identify any and all documents and any other facts or evidence that you contend or believe supports the award of punitive damages against Sunoco, Inc.

**INTERROGATORY NO. 20:**

Identify any and all documents and any other facts or evidence that you contend or believe supports the award of punitive damages against Sunoco, Inc. (R&M).

**INTERROGATORY NO. 21:**

Identify any and all documents and any other facts or evidence that you contend or believe supports the award of punitive damages against Giant Yorktown, Inc.

**INTERROGATORY NO. 22:**

Identify any and all documents and any other facts or evidence that you contend or believe supports the award of punitive damages against El Paso Merchant Energy-Petroleum Company.


**INTERROGATORY NO. 23:**

Identify any and all documents and any other facts or evidence that you contend or believe supports the award of punitive damages against ConocoPhillips Company.


**INTERROGATORY NO. 24:**

Identify any and all documents and any other facts or evidence that you contend or believe supports the award of punitive damages against Getty Petroleum Marketing Inc.


## REQUESTS FOR PRODUCTION


**DOCUMENT REQUEST NO. 1:**

Please provide any document identified, referred to, or relied upon in responses to the interrogatories set forth above.


Dated:  November 18, 2008


/s/ *Steven L. Leifer*

Steven L. Leifer
BAKER BOTTS, L.L.P.
The Warner Building
1299 Pennsylvania Ave., N.W.

Washington, DC 20004-2402
(202) 639-7723
(202) 585-1040 (fax)

*Attorney for Defendants Hess Corporation, Marathon Oil Company, and Marathon Petroleum Company LLC and on behalf of certain other Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2008, a true and correct copy of CERTAIN DEFENDANTS' FIRST SET OF INTERROGATORIES AND DOCUMENT REQUESTS REGARDING PUNITIVE DAMAGES was electronically served on counsel of record for Plaintiff and Defendants in MDL No. 1358 via Lexis Nexis File & Serve.


/s/ *Chris Danley*
Christopher Danley

**EXHIBIT A2**



22526555

Nov 18 2008
5:37PM

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE METHYL TERTIARY BUTYL ETHER
PRODUCTS LIABILITY LITIGATION

This document pertains to:

*City of New York v. Amerada Hess Corp., et al.,*
Case No. 04-CIV-3417

Master File No. 1:00-1898
MDL 1358 (SAS)
M21-88

**CITGO DEFENDANTS' FIRST SET
OF COMPANY-SPECIFIC
INTERROGATORIES AND
DOCUMENT REQUESTS**

## INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendants CITGO

Petroleum Corporation ("CITGO") and CITGO Refining & Chemicals Company L.P. ("CRCC")

hereby request The City of New York ("Plaintiff") to respond to the following interrogatories

within 30 days of the service hereof.

## DEFINITIONS AND INSTRUCTIONS

1.      All definitions contained in Local Civil Rule 26.3 of the United States District

Court for the Southern District of New York apply to these interrogatories and are incorporated

by reference.

2.      "Plaintiff", "you" or "your" means plaintiff City of New York and any and all of

its agencies and instrumentalities, and any of its past and present officers, employees, agents, and

anyone acting on its behalf.

3.      "MTBE" shall mean methyl tertiary-butyl ether.

4.      "RGA" shall refer the definition of Relevant Geographic Area established for this

case in Case Management Order #4, §II.C.3.

5.      "Manufacture" means the refining or actual production of gasoline.

6.	"MTBE gasoline" means motor gasoline containing MTBE in any concentration.

7.	"Document" shall mean all written, typed, printed, recorded or graphic matter of every type and description, disseminated or made, in any form, such as electronically stored information, now or formerly in the possession, custody, or control of Plaintiff, its agents, attorneys, representatives, advisors, consultants, or experts, including, but not limited to, letters correspondence, telegrams, memoranda, records, minutes of all types of meetings, contracts, subcontracts, agreements, intra- and inter-office communications, purchase orders, requisitions, plans, studies, summaries, analyses, results of investigations, reviews, bulletins, proposals, estimates, appraisals, recommendations, critiques, trip reports, engineering calculations, bills of materials, drawings, sketches, blueprints, charts, notices, diaries, books, desk calendars, appointment books, messages, instructions, work assignments, notes, notebooks, drafts, data sheets, specifications, statistical records, tapes, tape recordings, partial or complete reports of telephone conversations, photographs, slides, public statements, newspaper or other media releases, public and governmental filings, opinions, maps, and any other writings, drawings or recordings.  If any documents was, but is no longer in Plaintiff's possession or subject to Plaintiff's custody or control, identify the document and state its present location or the disposition which was made of it and the date thereof.

8.	The interrogatories and document requests that follow are addressed to Plaintiff as a party to this action.  Plaintiff's answers shall be based upon information known to Plaintiff, or within Plaintiff's possession, custody or control, whether it is based on Plaintiff's personal knowledge or that of Plaintiff's agents or attorneys, on or after January 1, 1979, unless a different time frame is specified in a request.

9.    To the extent you are withholding any information under claim of privilege, please provide the information required by Local Rule 26.2 of the United States District Court for the Southern District of New York.

**INTERROGATORY NO. 1:**

State whether Plaintiff seeks to recover punitive damages from CITGO. If your answer is anything other than an unqualified "no," identify any and all documents and any other facts or evidence that you contend or believe supports an award of punitive damages against CITGO.

**INTERROGATORY NO. 2:**

State whether Plaintiff seeks to recover punitive damages from CRCC. If your answer is anything other than an unqualified "no," identify any and all documents and any other facts or evidence that you contend or believe supports an award of punitive damages against CRCC.

**INTERROGATORY NO. 3:**

State whether Plaintiff contends that CITGO manufactured MTBE gasoline before 1986 that was delivered to the RGA. If your answer is anything other than an unqualified "no," identify any and all documents and any other facts or evidence that supports your contention.

**INTERROGATORY NO. 4:**

State whether Plaintiff contends that CITGO manufactured MTBE gasoline after 1986 that was delivered to the RGA. If your answer is anything other than an unqualified "no," identify any and all documents and any other facts or evidence that supports your contention.

**INTERROGATORY NO. 5:**

State whether Plaintiff contends that CRCC manufactured MTBE gasoline before 1994 that was delivered to the RGA. If your answer is anything other than an unqualified "no," identify any and all documents and any other facts or evidence that supports your contention.

**INTERROGATORY NO. 6:**

State whether Plaintiff contends that CRCC manufactured MTBE gasoline after 1994 that was delivered to the RGA. If your answer is anything other than an unqualified "no," identify any and all documents and any other facts or evidence that supports your contention.

**INTERROGATORY NO. 7:**

State whether Plaintiff contends that releases or spills from a CITGO-branded retail station in the RGA have resulted in MTBE impacts or threatened impacts to the Plaintiff's wells. If your answer is anything other than an unqualified "no," please identify any and all documents and any other facts or evidence that supports your contention, including without limitation the location of the retail location from which Plaintiff contends such a release or spill occurred and the well(s) that Plaintiff contends were impacted.

**INTERROGATORY NO. 8:**

State whether Plaintiff contends that CITGO participated in a civil conspiracy as alleged in the Fourth Cause of Action in the Fourth Amended Complaint. If your answer is anything other than an unqualified "no," please identify any and all documents and any other facts or evidence that supports your contention.

**INTERROGATORY NO. 9:**

State whether Plaintiff contends that CRCC participated in a civil conspiracy as alleged in the Fourth Cause of Action in the Fourth Amended Complaint. If your answer is anything other than an unqualified "no," please identify any and all documents and any other facts or evidence that supports your contention.

**INTERROGATORY NO. 10:**

State whether Plaintiff contends that CITGO made any of the misrepresentations or engaged in the deceptive practices that are the subject of the allegations of the Ninth Cause of Action in the Fourth Amended Complaint. If your answer is anything other than an unqualified "no," please identify any and all documents and any other facts or evidence that supports your contention.

**INTERROGATORY NO. 11:**

State whether Plaintiff contends that CRCC made any of the misrepresentations or engaged in the deceptive practices that are the subject of the allegations of the Ninth Cause of Action in the Fourth Amended Complaint. If your answer is anything other than an unqualified "no," please identify any and all documents and any other facts or evidence that supports your contention.

## REQUESTS FOR PRODUCTION

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, CITGO and CRCC hereby request The City of New York ("Plaintiff") to respond to the following requests for production within 30 days of the service hereof.

**DOCUMENT REQUEST NO. 1:**

Please provide any document identified, referred to, or relied upon in responses to the interrogatories set forth above.

Dated: November 18, 2008

*Pamela R Hanebutt*

Nathan P. Eimer (neimer@eimerstahl.com)
 (New York Bar No. 1976067)
Pamela R. Hanebutt (phanebutt@eimerstahl.com)
Lisa S. Meyer (lmeyer@eimerstahl.com)
EIMER STAHL KLEVORN & SOLBERG LLP
224 South Michigan Avenue, Suite 1100
Chicago, Illinois 60604
(312) 660-7600
(312) 692-1718 (fax)

Attorneys for Defendants CITGO Petroleum
Corporation and CITGO Refining & Chemicals
Company L.P.

## CERTIFICATE OF SERVICE

I, Pamela R. Hanebutt, an attorney, hereby certify that on this 18th day of November, 2008, a true and correct copy of CITGO DEFENDANTS' FIRST SET OF COMPANY-SPECIFIC INTERROGATORIES AND DOCUMENT REQUESTS was electronically served on all counsel of record for Plaintiffs and Defendants in MDL No. 1358 via LexisNexis File & Serve.

Pamela R. Hanebutt

**EXHIBIT A3**


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE METHYL TERTIARY BUTYL ETHER
PRODUCTS LIABILITY LITIGATION

This document pertains to:

*City of New York v. Hess Corp., et al.,*
**Case No. 04-CIV-3417**

Master File No. 1:00-1898
MDL 1358 (SAS), M21-88

### DEFENDANTS' CONTENTION INTERROGATORIES
### AND DOCUMENT REQUESTS ON CAUSATION,
### THEORIES OF LIABILITY AND APPORTIONMENT OF DAMAGES

The Defendants listed at the end of this submission, by and through counsel and pursuant

to Rules 26, 33 and 34 of the FEDERAL RULES OF CIVIL PROCEDURE, hereby propound on

Plaintiff The City of New York the following interrogatories and requests for the production of

documents on causation, theories of liability and apportionment of damages, to be answered and

responded to within 30 days of service in accordance with the FEDERAL RULES OF CIVIL

PROCEDURE:

### INSTRUCTIONS

1.      These interrogatories are continuing in character so as to require supplementation

of responses when necessary.

2.      Where knowledge, information or documents in your possession are requested,

the request includes knowledge of your agents, representatives and, unless privileged, your

attorneys, as well as those under your custody or control.

3.      If you elect to answer an interrogatory by identifying or producing documents pursuant to Rule 33(d) of the FEDERAL RULES OF CIVIL PROCEDURE, identify such documents specifically by Bates number and production date.

4.      In the event you file a proper and timely objection to any portion of any interrogatory herein, please respond to all portions of the interrogatory that do not fall within the ambit of your objection.

5.      To the extent the City is withholding any information in answer to any interrogatory herein under a claim of privilege, please provide a log of relevant, privileged documents that complies with Local Rule 26.2 of the United States District Court for the Southern District of New York.

6.      Instructions for completing the chart attached to these interrogatories:  Please complete a separate chart for each well at issue.  Insert the name or number of the well in place of the blank in the title line at the top of each chart.  Insert information in the chart as indicated in the form chart and in Interrogatory 4.

**DEFINITIONS**

1.      All definitions contained in Local Civil Rule 26.3 of the United States District Court for the Southern District of New York apply to the within interrogatories.

2.      "City" shall mean Plaintiff, City of New York, and any of its departments, agencies, bureaus, commissioners, officers, employees or agents, and anyone acting on its behalf.

3.      "Damages" shall mean any and all injuries, physical damages, contamination to groundwater or any other damage the City contends it has incurred or that it seeks to recover from any or all Defendants in this action.

4.     "Defendants" shall mean any party named as a defendant in the above-captioned litigation.

5.     "Document" shall mean all written, typed, printed, recorded or graphic matter of every type and description, disseminated or made, in any form, such as electronically stored information, now or formerly in the possession, custody, or control of Plaintiff, its agents, attorneys, representatives, advisors, consultants, or experts, including, but not limited to, letters correspondence, telegrams, memoranda, records, minutes of all types of meetings, contracts, subcontracts, agreements, intra- and inter-office communications, purchase orders, requisitions, plans, studies, summaries, analyses, results of investigations, reviews, bulletins, proposals, estimates, appraisals, recommendations, critiques, trip reports, engineering calculations, bills of materials, drawings, sketches, blueprints, charts, notices, diaries, books, desk calendars, appointment books, messages, instructions, work assignments, notes, notebooks, drafts, data sheets, specifications, statistical records, tapes, tape recordings, partial or complete reports of telephone conversations, photographs, slides, public statements, newspaper or other media releases, public and governmental filings, opinions, maps, and any other writings, drawings or recordings.  If any documents was, but is no longer in Plaintiff's possession or subject to Plaintiff's custody or control, identify the document and state its present location or the disposition which was made of it and the date thereof.

6.     "Identify," when used in reference to a fact, means to state the date and source of the fact, including, where available, any and all documents evidencing that fact (listed by Bates number and date of production), and any and all witnesses with knowledge of that fact, and any and all witnesses Plaintiff intends to call at trial to establish that fact.

7.     "MTBE" shall mean methyl tertiary-butyl ether.

8.      "Person" shall mean any commissioner, officer, employee or agent of the City, or anyone acting on the City's behalf, including any consultant or contractor engaged or employed by the City.

9.      "Relating to," "relates to," "related to" or "regarding" means anything that constitutes, contains, evidences, embodies, reflects, identifies, states, refers to, deals with, comments on, responds to, describes, analyzes, or is in any way relevant to that subject.

10.      "Well" and/or "well at issue" shall mean each and every drinking water well which the City alleges has been damaged, or for which the City seeks damages or any other form of relief in this action.  If the City states in response to these interrogatories that it will not seek damages or any other form of relief in the initial trial in this action for wells that are allegedly "threatened" by MTBE but have not previously been impacted by any detectable level of MTBE, the City may exclude such allegedly "threatened" wells from its responses to these interrogatories.

11.      "You," "your" and "yours" shall mean Plaintiff, City of New York, and any of its departments, agencies, bureaus, commissioners, officers, employees or agents, and anyone acting on its behalf.


**INTERROGATORIES**

**Interrogatory 1.**  Identify which of the Defendants You contend caused the alleged Damages at each of the Wells at issue.

**Interrogatory 2.** For each Defendant You contend caused the alleged Damages at each of the Wells at issue, identify all facts that you contend prove that the particular Defendant caused the alleged Damages at each specific Well.

**Interrogatory 3.** State whether You invoke or rely on any or all of the following theories of alternative liability to prove causation or to establish that any or all Defendants are liable for the alleged Damages at any or all of the Wells at issue:

    A.     the market share theory of liability;

    B.     the commingled product theory of liability; and/or

    C.     some other theory of alternative liability.

**Interrogatory 4.** If You invoke or rely on any of the theories of alternative liability listed in Interrogatory 3, state for each theory of alternative liability the following:

    A.     which Defendants You contend are liable under each theory of liability for the alleged Damages at each specific Well (please use the attached chart for Your response); and

    B.     the percentage or apportionment of the alleged Damages that You contend each of the Defendants should bear or should pay under each theory of liability for each specific Well (please use the attached chart for Your response).

**Interrogatory 5.** Explain specifically how You calculate the percentage or apportionment of the alleged Damages that You contend each of the Defendants should bear or should pay for each

specific Well, including all facts, factors or variables You use in the calculation and whether and how you weigh each factor or variable.

**Interrogatory 6.** If You invoke or rely on any of the theories of alternative liability listed in Interrogatory 3, state for each theory of alternative liability the method or formula, including all factors and variables, that You contend should be used to calculate the percentage or apportionment of the alleged Damages that You contend each of the Defendants should bear or should pay under each theory of liability for each specific Well, including but not limited to the following factors and variables:

    A.    the temporal factor, meaning for each specific Well, the beginning and end of the timeframe when the conduct of Defendants that You contend makes them liable occurred;

    B.    the geographic factor, meaning the places or locations where conduct occurred that You contend makes Defendants liable, and specifically the geographic scope of the manufacturing or marketing activities You contend should be used to assess or calculate liability of Defendants, whether a global market, a national market, a statewide market, or some smaller regional market;

    C.    the vertical factor, meaning the levels or nature of the manufacturing, distribution and/or marketing conduct that You contend makes Defendants liable, and specifically the nature of the manufacturing, distribution and/or marketing activities You contend should be used to assess or calculate liability of Defendants, whether manufacturing of neat MTBE, manufacturing of gasoline

with MTBE, wholesale distribution of gasoline with MTBE, and/or retail sales of gasoline with MTBE; and

D.     the allocation of liability to owners or operators of underground storage tanks, pipelines or other gasoline containers or conveyances from which spills or releases of MTBE occurred and which You allege caused the alleged Damages or impacted the Wells at issue in this action.

**Interrogatory 7.**  State whether You contend that any Defendant is jointly and severally liable for any Damages you allege in this action, or if the conduct of any Defendant gives rise to joint and several liability for any such Damages.  If so, identify each Defendant you contend is jointly and severally liable for the alleged Damages, specify the Damages to each Well for which You contend the Defendant is allegedly jointly and severally liable, and explain the facts that You allege make that Defendant jointly and severally liable.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**Document Request 1.**  For each Defendant You contend caused or is liable for the alleged Damages at each of the Wells at issue, produce any and all documents that you contend prove, indicate or show that the particular Defendant caused or is liable for the alleged Damages at each specific Well.

**Document Request 2.**  Produce any and all documents that you contend prove, indicate or show the percentage or apportionment of the alleged Damages that You contend each of the Defendants should bear or should pay under any theory of liability for each specific Well.

**Document Request 3.** Produce any and all documents that refer, relate or pertain to the responses to the foregoing interrogatories, or on which You relied to prepare those responses.

Dated November 19, 2008

_/S/ Richard E. Wallace, Jr._
Richard E. Wallace, Jr.
WALLACE KING DOMIKE & REISKIN, PLLC
2900 K Street, NW, Suite 500
Washington, DC 20007
Tel.: (202) 204-1000
Fax: (202) 204-1001

Attorneys for Defendants Chevron U.S.A. Inc.,
Shell Oil Company, and others, and on behalf of
the following Defendants:

Hess Corporation
Atlantic Richfield Company
BP Products North America, Inc.
Chevron USA Inc.
Citgo Petroleum Corporation
Citgo Refining and Chemical Company, LP
Coastal Eagle Point Oil Company
ConocoPhillips Company
Crown Central LLC, successor by merger to
   Crown Central Petroleum Corporation
El Paso Merchant Energy-Petroleum Company
Equilon Enterprises, LLC
ExxonMobil Corporation
ExxonMobil Oil Corporation
Flint Hills Resources, LP
Getty Properties Corp.
Giant Yorktown, Inc.
Marathon Petroleum Company LLC
Marathon Oil Company
Mobil Corporation
Motiva Enterprises, LLC
The Premcor Refining Group, Inc.
Shell Oil Company
Shell Oil Products Company LLC

Shell Trading (US) Company
Sunoco, Inc.
Sunoco Inc. (R&M)
Texaco Inc.
Texaco Refining and Marketing (East) Inc.
Texaco Refining and Marketing Inc.
Tosco Corporation
Tosco Refining Company, Inc.
Total Petrochemicals USA, Inc.
TMR Company
TRMI Holdings Inc.
Ultramar Energy, Inc.
Ultramar Limited
Unocal Corporation
Valero Energy Corporation
Valero Marketing and Supply Company
Valero Refining and Marketing Company

| Name of Defendant | Theory of Alternative Liability, If Any | Percent of Liability, If Any |
|---|---|---|
| Hess Corporation | | |
| Atlantic Richfield Company | | |
| BP America, Inc. | | |
| BP Amoco Chemical Company, Inc. | | |
| BP Amoco Corporation | | |
| BP Products North America, Inc. | | |
| ChevronTexaco Corporation | | |
| Chevron USA Inc. | | |
| Citgo Petroleum Corporation | | |
| Citgo Refining and Chemical Company, LP | | |
| Coastal Eagle Point Oil Company | | |
| ConocoPhillips Company | | |
| Crown Central Petroleum Corporation | | |
| Duke Energy Merchants, LLC | | |
| El Paso Merchant Energy-Petroleum Company | | |
| Equilon Enterprises, LLC | | |
| Equistar Chemicals, LP | | |
| ExxonMobil Corporation | | |
| ExxonMobil Oil Corporation | | |
| Flint Hills Resources, LP | | |
| George E. Warren Corporation | | |
| Getty Petroleum Marketing Inc. | | |
| Getty Properties Corp. | | |
| Giant Yorktown, Inc. | | |
| Gulf Oil Limited Partnership | | |
| Irving Oil Corporation | | |
| Irving Oil Limited | | |
| Lyondell Chemical Company | | |

| Name of Defendant | Theory of Alternative Liability, If Any | Percent of Liability, If Any |
|---|---|---|
| Lyondell-Citgo Refining, LP | | |
| Marathon Petroleum LLC | | |
| Marathon Oil Company | | |
| Mobil Corporation | | |
| Motiva Enterprises, LLC | | |
| The Premcor Refining Group, Inc. | | |
| Shell Oil Company | | |
| Shell Oil Products Company LLC | | |
| Shell Trading (US) Company | | |
| Sunoco, Inc. | | |
| Sunoco Inc. (R&M) | | |
| Texaco, Inc. | | |
| Texaco Refining and Marketing (East) | | |
| Texaco Refining and Marketing, Inc. | | |
| TMR Company | | |
| Tosco Corporation | | |
| Tosco Refining Company, Inc. | | |
| Total Petrochemicals USA, Inc. | | |
| TRMI Holdings Inc. | | |
| Ultramar Energy, Inc. | | |
| Ultramar Limited | | |
| Unocal Corporation | | |
| Valero Energy Corporation | | |
| Valero Marketing and Supply Company | | |
| Valero Refining and Marketing Company | | |
| Vitol S.A. | | |
| Does 1 – 77 | | |

## CERTIFICATION OF SERVICE

The undersigned hereby certifies that, on November 19, 2008, a true and correct copy of the within and foregoing was served upon counsel for Plaintiff via electronic mail and first-class U.S. Mail, postage prepaid and sent to the address listed below. Copies were also served on all counsel of record via Lexis-Nexis File and Serve.

Counsel for Plaintiff:

Scott Pasternack, Esq.
City of New York Law Department
100 Church Street, 6-134
New York, NY 10007-2601
spasternack@nyc.law.gov

_____/S/ Alexander Mesmer_____
Alexander Mesmer

**EXHIBIT A4**

22551341

Nov 19 2008
10:20PM

| | | |
|---|---|---|
| **UNITED STATES DISTRICT COURT** | ) | **Master File C.A. No. 1:00-1898** |
| **SOUTHERN DISTRICT OF NEW YORK** | ) | |
| | ) | **MDL 1358 (SAS)** |
| | ) | **No. M21-88** |
| **In re Methyl Tertiary-Butyl Ether** | ) | |
| **("MTBE") Products Liability Litigation** | ) | **ATLANTIC RICHFIELD COMPANY'S** |
| | ) | **FIRST SET OF INTERROGATORIES** |
| | ) | **AND REQUESTS FOR PRODUCTION** |
| **This document relates to:** | ) | **OF DOCUMENTS TO PLAINTIFF** |
| | ) | **CITY OF NEW YORK** |
| *City of New York v. Amerada Hess Corp.,* | ) | |
| *et al.,* **04 Civ. 3417** | ) | |
| | ) | |

Pursuant to FEDERAL RULES OF CIVIL PROCEDURE 26, 33, and 34, Defendant

Atlantic Richfield Company ("Atlantic Richfield") hereby propounds the following

interrogatories and requests for production of documents to Plaintiff City of New York, to be

answered and responded to under oath within 30 days of service in accordance with the FEDERAL

RULES OF CIVIL PROCEDURE and the Rules of this Court.

## DEFINITIONS

1.      All definitions contained in Local Civil Rule 26.3 of the United States

District Court for the Southern District of New York apply to these interrogatories and are

incorporated herein by reference.

2.      "City", "you," "your," "yours," or "Plaintiff" shall mean or refer to Plaintiff City

of New York and any of its present or former departments, agencies, bureaus, commissioners,

officers, employees, or agents, and anyone controlled by or acting on its behalf.

3.      "Person" shall mean any commissioner, officer, employee, or agent of the City, or

anyone acting on the City's behalf, including any consultant or contractor engaged or employed

by the City.

4. "Defendant" or "Defendants" shall mean any party named as a defendant in the above-captioned litigation.

5. "MTBE" shall mean methyl tertiary-butyl ether.

6. "TBA" shall mean tertiary-butyl alcohol.

7. "Customer" shall mean any person to whom the City has provided water since 1979.

8. "Jamaica Water System geographic area" shall include the area in which all of the City's groundwater supply wells are located, and all portions of the City's water supply and distribution system that are connected to those wells, or used for transporting, distributing, or delivering water from the groundwater supply wells to the City's water customers.

9. "Identify" when used in reference to a document or a tangible thing means to state: (a) the name of the person who prepared it; (b) the name of the person who signed it or over whose name it was issued; (c) the name of each person to whom it was addressed and/or distributed; (d) the nature and substance of the document with sufficient particularity to enable it to be identified; (e) its date, or, if it bears no date, the date when it was prepared; and (f) the physical location of the document and the name of its custodian or custodians.

10. "Identify" when used in reference to a person other than a natural person, shall mean to specifically state the full name of each entity, its form of organization, its present address, and the telephone number of its principal address.

11. As used in these requests, the terms "document" and "documents" have the broadest possible meaning allowed under the FEDERAL RULES OF CIVIL PROCEDURE. The definition includes, without limitation, any written, recorded, filmed, or graphic matter, whether produced, reproduced, or on paper, computer storage devices, or any other media, including, but

not limited to, electronic mail, memoranda, notes, minutes, records, photographs, correspondence, studies, reports, charts, graphs, statements, notebooks, handwritten notes, applications, books, pamphlets, periodicals, notes, records, recordings of oral conversations, and work papers, and also including, but not limited to, originals and all copies that are different in any way from the original, that are in your possession, custody, or control, or in the possession, custody, or control of any of your present or former agents, representatives, or attorneys, or any and all persons acting on your behalf, including documents at any time in the possession, custody, or control of such individuals or entities known by you to exist.

12.    Unless otherwise established by context, the plural shall be construed to include the singular and the singular shall be construed to include the plural to bring within the scope of the discovery sought all responses which might otherwise be construed to be outside its scope.

13.    "Relating to," "relates to," "related to," or "regarding" means anything that constitutes, contains, evidences, embodies, reflects, identifies, states, refers to, deals with, comments on, responds to, describes, analyzes, or is in any way relevant to that subject.

14.    "And" as well as "or" shall be construed disjunctively or conjunctively as necessary in order to bring within the scope of the discovery sought all responses which might otherwise be construed to be outside its scope.

15.    The word "including" shall be construed to mean "including, but not limited to" to bring within the scope of the discovery sought all responses which might otherwise be construed to be outside its scope.

16.    "Any" refers to any and all documents, persons, or entities inclusively, not the option of responding as to some but not others.

17. "RGA" shall mean the Relevant Geographic Area for City of New York case as defined by the Court in Case Management Order No. 4, dated October 19, 2004.

## **INSTRUCTIONS**

18. The interrogatories that follow cover all information in the City's possession, custody, or control on or after January 1, 1979, unless a different time frame is specified in a particular interrogatory.

19. To the extent the City is withholding any information in answer to any interrogatory herein under a claim of privilege, please provide a log of privileged documents that complies with Local Rule 26.2 of the United States District Court for the Southern District of New York.

20. These Interrogatories and Requests for Production are continuing in character so as to require you to supplement your responses.

21. Where knowledge, information or documents in your possession are requested, the request includes knowledge of your agents, representatives, and, unless privileged, your attorneys, as well as those under your custody or control.

22. If you elect to answer an Interrogatory by identifying or producing documents pursuant to Rule 33(d) of the FEDERAL RULES OF CIVIL PROCEDURE, identify such documents specifically by Bates number and by production date.

23. In the event you decline to produce any document requested on the basis of a claim of privilege or claim of work product protection, please identify and describe the document (by date, author, addressee, signatory, subject, and length), state the privilege relied upon and the facts supporting such claim, and identify all persons who have or have had access to or received a copy of the document or any portion thereof.

24. In the event you file a proper and timely objection to a portion of any discovery request, please respond to all portions of the discovery request that do not fall within the ambit of your objection. For example, if you object to a discovery request on the grounds that it is too broad insofar as it covers time periods that you contend are not relevant to this litigation, you should answer as to all time periods which you contend are relevant.

25. For each of the document requests listed below, please indicate in your written response whether documents exist that are responsive to the request.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Do you contend that gasoline containing MTBE manufactured or blended by Atlantic Richfield caused or contributed to any of the alleged actual or threatened MTBE contamination at issue in this case?

### ANSWER:

### INTERROGATORY NO. 2:

If your answer to Interrogatory No. 1 is anything other than an unqualified "no," please state the factual basis for your contention.

### ANSWER:

### INTERROGATORY NO. 3:

If your answer to Interrogatory No. 1 is anything other than an unqualified "no," for each of the following wells in the Jamaica Water System geographic area, please state whether you contend the well has been contaminated, or is threatened with contamination, by gasoline containing MTBE manufactured or blended by Atlantic Richfield, and state the factual basis for your contention.

| | | | | | |
|---|---|---|---|---|---|
| a. | Well No. 5 | s. | Well No. 26A | kk. | Well No. 47A |
| b. | Well No. 5A | t. | Well No. 27 | 11. | Well No. 48 |
| c. | Well No. 6 | u. | Well No. 29 | mm. | Well No. 48A |
| d. | Well No. 6A | v. | Well No. 29A | nn. | Well No. 49 |
| e. | Well No. 6B | w. | Well No. 31 | oo. | Well No. 49A |
| f. | Well No. 6D | x. | Well No. 32 | pp. | Well No. 50 |
| g. | Well No. 7 | y. | Well No. 33 | qq. | Well No. 50A |
| h. | Well No. 7B | z. | Well No. 36 | rr. | Well No. 51 |
| i. | Well No. 10 | aa. | Well No. 37 | ss. | Well No. 52 |
| j. | Well No. 10A | bb. | Well No. 39 | tt. | Well No. 53 |
| k. | Well No. 13 | cc. | Well No. 39A | uu. | Well No. 53A |
| 1. | Well No. 13A | dd. | Well No. 41 | vv. | Well No. 54 |
| m. | Well No. 18 | ee. | Well No. 42 | ww. | Well No. 54A |
| n. | Well No. 21 | ff. | Well No. 42A | xx. | Well No. 55 |
| o. | Well No. 21A | gg. | Well No. 43 | yy. | Well No. 56 |
| p. | Well No. 22 | hh. | Well No. 43A | zz. | Well No. 58 |
| q. | Well No. 23 | ii. | Well No. 45 | aaa. | Well No. 59 |
| r. | Well No. 26 | jj. | Well No. 47 | | |

**ANSWER:**

**INTERROGATORY NO. 4:**

Do you contend that gasoline containing MTBE either sold or distributed by Atlantic Richfield caused or contributed to any of the alleged actual or threatened MTBE contamination at issue in this case?

**ANSWER:**

**INTERROGATORY NO. 5:**

If your answer to Interrogatory No. 4 is anything other than an unqualified "no," please state the factual basis for your contention.

**ANSWER:**

**INTERROGATORY NO. 6:**

If your answer to Interrogatory No. 4 is anything other than an unqualified "no," for each of the following wells in the Jamaica Water System geographic area, please state whether you contend the well has been contaminated, or is threatened with contamination, by gasoline containing MTBE either sold or distributed by Atlantic Richfield, and state the factual basis for your contention.

| | | | | | |
|---|---|---|---|---|---|
| a. | Well No. 5 | s. | Well No. 26A | kk. | Well No. 47A |
| b. | Well No. 5A | t. | Well No. 27 | ll. | Well No. 48 |
| c. | Well No. 6 | u. | Well No. 29 | mm. | Well No. 48A |
| d. | Well No. 6A | v. | Well No. 29A | nn. | Well No. 49 |
| e. | Well No. 6B | w. | Well No. 31 | oo. | Well No. 49A |
| f. | Well No. 6D | x. | Well No. 32 | pp. | Well No. 50 |
| g. | Well No. 7 | y. | Well No. 33 | qq. | Well No. 50A |
| h. | Well No. 7B | z. | Well No. 36 | rr. | Well No. 51 |
| i. | Well No. 10 | aa. | Well No. 37 | ss. | Well No. 52 |
| j. | Well No. 10A | bb. | Well No. 39 | tt. | Well No. 53 |
| k. | Well No. 13 | cc. | Well No. 39A | uu. | Well No. 53A |
| l. | Well No. 13A | dd. | Well No. 41 | vv. | Well No. 54 |
| m. | Well No. 18 | ee. | Well No. 42 | ww. | Well No. 54A |
| n. | Well No. 21 | ff. | Well No. 42A | xx. | Well No. 55 |
| o. | Well No. 21A | gg. | Well No. 43 | yy. | Well No. 56 |
| p. | Well No. 22 | hh. | Well No. 43A | zz. | Well No. 58 |
| q. | Well No. 23 | ii. | Well No. 45 | aaa. | Well No. 59 |
| r. | Well No. 26 | jj. | Well No. 47 | | |

**ANSWER:**


**INTERROGATORY NO. 7:**

Do you contend that Atlantic Richfield caused a release of gasoline containing MTBE that contributed to any of the alleged actual or threatened MTBE contamination at issue in this case?

**ANSWER:**


**INTERROGATORY NO. 8:**

If your answer to Interrogatory No. 7 is anything other than an unqualified "no," please state the factual basis for your contention.

**ANSWER:**


**INTERROGATORY NO. 9:**

If your answer to Interrogatory No. 7 is anything other than an unqualified "no," for each of the following wells in the Jamaica Water System geographic area, please state whether you contend Atlantic Richfield caused a release of gasoline containing MTBE that contributed to any of the alleged actual or threatened contamination at each such well, and state the factual basis for your contention.

| | | | | | |
|---|---|---|---|---|---|
| a. | Well No. 5 | s. | Well No. 26A | kk. | Well No. 47A |
| b. | Well No. 5A | t. | Well No. 27 | 11. | Well No. 48 |
| c. | Well No. 6 | u. | Well No. 29 | mm. | Well No. 48A |
| d. | Well No. 6A | v. | Well No. 29A | nn. | Well No. 49 |
| e. | Well No. 6B | w. | Well No. 31 | oo. | Well No. 49A |
| f. | Well No. 6D | x. | Well No. 32 | pp. | Well No. 50 |
| g. | Well No. 7 | y. | Well No. 33 | qq. | Well No. 50A |
| h. | Well No. 7B | z. | Well No. 36 | rr. | Well No. 51 |
| i. | Well No. 10 | aa. | Well No. 37 | ss. | Well No. 52 |
| j. | Well No. 10A | bb. | Well No. 39 | tt. | Well No. 53 |
| k. | Well No. 13 | cc. | Well No. 39A | uu. | Well No. 53A |
| l. | Well No. 13A | dd. | Well No. 41 | vv. | Well No. 54 |
| m. | Well No. 18 | ee. | Well No. 42 | ww. | Well No. 54A |
| n. | Well No. 21 | ff. | Well No. 42A | xx. | Well No. 55 |
| o. | Well No. 21A | gg. | Well No. 43 | yy. | Well No. 56 |
| p. | Well No. 22 | hh. | Well No. 43A | zz. | Well No. 58 |
| q. | Well No. 23 | ii. | Well No. 45 | aaa. | Well No. 59 |
| r. | Well No. 26 | jj. | Well No. 47 | | |

**ANSWER:**


**INTERROGATORY NO. 10:**

Do you contend that gasoline containing MTBE manufactured or blended by Atlantic Richfield was delivered to any retail service stations within the RGA?

**ANSWER:**

## INTERROGATORY NO. 11:

If your answer to Interrogatory No. 10 is anything other than an unqualified "no," please state the factual basis for your contention. Please include in your answer all modes or routes of transportation you contend were used to deliver any such gasoline to the RGA. Also, please identify each retail service station you contend received a shipment of gasoline containing MTBE that was manufactured or blended by Atlantic Richfield.

## ANSWER:

## INTERROGATORY NO. 12:

Do you contend that Atlantic Richfield ever sold, distributed, or otherwise held title to any gasoline containing MTBE that was delivered to any retail stations within the RGA?

## ANSWER:

## INTERROGATORY NO. 13:

If your answer to Interrogatory No. 12 is anything other than an unqualified "no," please state the factual basis for your contention. Please include in your answer all modes or routes of transportation you contend were used by Atlantic Richfield to sell or distribute gasoline containing MTBE either directly to retail stations within the RGA or to distributors who ultimately delivered such gasoline to retail stations within the RGA. Also, please identify each delivery point or retail service station you contend received a shipment of gasoline containing MTBE that was sold or distributed by Atlantic Richfield, or to which Atlantic Richfield otherwise ever held title.

## ANSWER:

## INTERROGATORY NO. 14:

Do you contend that Atlantic Richfield had either an express agreement or tacit understanding with any Defendant or third party to manufacture or distribute gasoline containing MTBE for an unlawful purpose?

## ANSWER:

**INTERROGATORY NO. 15:**

If your answer to Interrogatory No. 14 is anything other than an unqualified "no," please provide the factual basis for your contention that Atlantic Richfield had either an express agreement or tacit understanding with any Defendant or third party to accomplish an unlawful purpose by manufacturing or distributing gasoline containing MTBE. Please identify in your answer:

     a.     every piece of evidence you believe substantiates your contention that Atlantic Richfield had either an express agreement or tacit understanding with any Defendant or third party

     b.     each Defendant or third party with whom you contend Atlantic Richfield had such an express agreement or tacit understanding

     c.     each unlawful purpose you contend Atlantic Richfield sought to achieve by means of such agreement or understanding

     d.     each intentional act you contend was performed by Atlantic Richfield in furtherance of such agreement or understanding

     e.     all damages you contend you suffered as a result of such agreement or understanding.

**ANSWER:**


**INTERROGATORY NO. 16:**

Do you contend that Atlantic Richfield misrepresented any facts concerning MTBE and/or TBA?

**ANSWER:**


**INTERROGATORY NO. 17:**

If your answer to Interrogatory No. 16 is anything other than an unqualified "no," please state the factual basis for your contention. In your answer please identify each such alleged misrepresentation made by Atlantic Richfield, including the individual(s) making the statement, the individual(s) to whom the statement was made, the date of the statement, and the Bates number or deposition transcript citation of any evidence supporting your contention.

**ANSWER:**

**INTERROGATORY NO. 18:**

Do you contend that Atlantic Richfield improperly withheld any information concerning MTBE and/or TBA from any federal, state, or local government entity or agency?

**ANSWER:**

**INTERROGATORY NO. 19:**

If your answer to Interrogatory No. 18 is anything other than an unqualified "no," please state the factual basis for your contention. In your answer please identify the information that was improperly withheld, the employees or agents of Atlantic Richfield with knowledge of such information, the date(s) on which such knowledge was acquired, the government entities or agencies to whom you contend such information should have been disclosed, and the date on which such disclosure should have taken place.

**ANSWER:**

**INTERROGATORY NO. 20:**

Do you contend that Atlantic Richfield failed to issue adequate warnings to its customers or downstream handlers regarding the characteristics of MTBE?

**ANSWER:**

**INTERROGATORY NO. 21:**

If your answer to Interrogatory No. 20 is anything other than an unqualified "no," please state the factual basis for your contention that warnings issued by Atlantic Richfield were inadequate. Please include in your answer each warning that you contend Atlantic Richfield should have provided, the persons or entities to which you contend the warning should have been provided, and the date on which such warning should have been provided.

**ANSWER:**

**INTERROGATORY NO. 22:**

For each warning identified in response to Interrogatory No. 21, do you contend that each such warning would have altered the behavior of the recipient? If your answer is anything other than an unqualified "no," please state the factual basis for your contention, Include in your answer the precise means by which you contend the recipient of the warning would have altered their behavior.

**ANSWER:**


**INTERROGATORY NO. 23:**

Identify all persons with knowledge of any factual information included in your responses to the Atlantic Richfield's First Set of Interrogatories and Requests for Production of Documents to Plaintiff City of New York.

**ANSWER:**


## REQUESTS FOR PRODUCTION


**REQUEST FOR PRODUCTION NO. 1:**

Produce all documents supporting your assertion that gasoline containing MTBE that was manufactured, blended, distributed, or sold by Atlantic Richfield could have reached, or did in fact reach, the RGA.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 2:**

Produce all documents supporting your assertion, if any, that gasoline containing MTBE that was manufactured, blended, distributed, or sold by Atlantic Richfield could have reached, or did in fact reach, any service station in the RGA.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:**

Produce all documents supporting your assertion, if any, that gasoline containing MTBE that was manufactured, blended, distributed, or sold by Atlantic Richfield could have caused or contributed to, or did in fact cause or contribute to, any of the alleged contamination present at any of the City's wells listed in Interrogatory No. 3.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 4:**

Produce all documents you obtained from sources other than Atlantic Richfield from which you intend to calculate Atlantic Richfield's regional or national share of the market for crude refining capacity, gasoline production generally, production of gasoline containing MTBE, or retail sales of gasoline products.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 5:**

Produce all documents you relied upon in answering the Interrogatories set forth above.

**RESPONSE:**


Dated: November 19, 2008

Respectfully submitted,

J. Andrew Langan, P.C.
Wendy L. Bloom
John J. Amberg
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL 60601
Telephone:   (312) 861-2000
Telecopier:   (312) 861-2200

*Attorneys for Defendant*
*Atlantic Richfield Company*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Atlantic Richfield Company's First Set of Interrogatories and Requests for Production of Documents to Plaintiff City of New York was served upon counsel for the City of New York by e-mail and upon all other counsel of record via LexisNexis File & Serve on the 19th day of November 2008

One of the Attorneys for Defendant
Atlantic Richfield Company

**EXHIBIT A5**



22551351

Nov 19 2008
10:25PM

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**In re Methyl Tertiary-Butyl Ether**
**("MTBE") Products Liability Litigation**

**This document relates to:**

*City of New York v. Amerada Hess Corp.,*
*et al.,* 04 Civ. 3417

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**Master File C.A. No. 1:00-1898**

**MDL 1358 (SAS)**
**No. M21-88**

**BP PRODUCTS NORTH AMERICA**
**INC.'S FIRST SET OF**
**INTERROGATORIES AND**
**REQUESTS FOR PRODUCTION**
**OF DOCUMENTS TO PLAINTIFF**
**CITY OF NEW YORK**

Pursuant to FEDERAL RULES OF CIVIL PROCEDURE 26, 33, and 34, Defendant BP Products

North America Inc. ("BP Products") hereby propounds the following interrogatories and requests

for production of documents to Plaintiff City of New York, to be answered and responded to

under oath within 30 days of service in accordance with the FEDERAL RULES OF CIVIL

PROCEDURE and the Rules of this Court.

## DEFINITIONS

1.      All   definitions   contained   in   Local Civil Rule 26.3   of   the   United States

District Court   for   the   Southern District of   New York apply to these interrogatories and are

incorporated herein by reference.

2.      "City", "you," "your," "yours," or "Plaintiff" shall mean or refer to Plaintiff City

of New York and any of its present or former departments, agencies, bureaus, commissioners,

officers, employees, or agents, and anyone controlled by or acting on its behalf.

3.      "Person" shall mean any commissioner, officer, employee, or agent of the City, or

anyone acting on the City's behalf, including any consultant or contractor engaged or employed

by the City.

4. "Defendant" or "Defendants" shall mean any party named as a defendant in the above-captioned litigation.

5. "MTBE" shall mean methyl tertiary-butyl ether.

6. "TBA" shall mean tertiary-butyl alcohol.

7. "Customer" shall mean any person to whom the City has provided water since 1979.

8. "Jamaica Water System geographic area" shall include the area in which all of the City's groundwater supply wells are located, and all portions of the City's water supply and distribution system that are connected to those wells, or used for transporting, distributing, or delivering water from the groundwater supply wells to the City's water customers.

9. "Identify" when used in reference to a document or a tangible thing means to state: (a) the name of the person who prepared it; (b) the name of the person who signed it or over whose name it was issued; (c) the name of each person to whom it was addressed and/or distributed; (d) the nature and substance of the document with sufficient particularity to enable it to be identified; (e) its date, or, if it bears no date, the date when it was prepared; and (f) the physical location of the document and the name of its custodian or custodians.

10. "Identify" when used in reference to a person other than a natural person, shall mean to specifically state the full name of each entity, its form of organization, its present address, and the telephone number of its principal address.

11. As used in these requests, the terms "document" and "documents" have the broadest possible meaning allowed under the FEDERAL RULES OF CIVIL PROCEDURE. The definition includes, without limitation, any written, recorded, filmed, or graphic matter, whether produced, reproduced, or on paper, computer storage devices, or any other media, including, but

not limited to, electronic mail, memoranda, notes, minutes, records, photographs, correspondence, studies, reports, charts, graphs, statements, notebooks, handwritten notes, applications, books, pamphlets, periodicals, notes, records, recordings of oral conversations, and work papers, and also including, but not limited to, originals and all copies that are different in any way from the original, that are in your possession, custody, or control, or in the possession, custody, or control of any of your present or former agents, representatives, or attorneys, or any and all persons acting on your behalf, including documents at any time in the possession, custody, or control of such individuals or entities known by you to exist.

12.     Unless otherwise established by context, the plural shall be construed to include the singular and the singular shall be construed to include the plural to bring within the scope of the discovery sought all responses which might otherwise be construed to be outside its scope.

13.     "Relating to," "relates to," "related to," or "regarding" means anything that constitutes, contains, evidences, embodies, reflects, identifies, states, refers to, deals with, comments on, responds to, describes, analyzes, or is in any way relevant to that subject.

14.     "And" as well as "or" shall be construed disjunctively or conjunctively as necessary in order to bring within the scope of the discovery sought all responses which might otherwise be construed to be outside its scope.

15.     The word "including" shall be construed to mean "including, but not limited to" to bring within the scope of the discovery sought all responses which might otherwise be construed to be outside its scope.

16.     "Any" refers to any and all documents, persons, or entities inclusively, not the option of responding as to some but not others.

17. "RGA" shall mean the Relevant Geographic Area for City of New York case as defined by the Court in Case Management Order No. 4, dated October 19, 2004.

## **INSTRUCTIONS**

18. The interrogatories that follow cover all information in the City's possession, custody, or control on or after January 1, 1979, unless a different time frame is specified in a particular interrogatory.

19. To the extent the City is withholding any information in answer to any interrogatory herein under a claim of privilege, please provide a log of privileged documents that complies with Local Rule 26.2 of the United States District Court for the Southern District of New York.

20. These Interrogatories and Requests for Production are continuing in character so as to require you to supplement your responses.

21. Where knowledge, information or documents in your possession are requested, the request includes knowledge of your agents, representatives, and, unless privileged, your attorneys, as well as those under your custody or control.

22. If you elect to answer an Interrogatory by identifying or producing documents pursuant to Rule 33(d) of the FEDERAL RULES OF CIVIL PROCEDURE, identify such documents specifically by Bates number and by production date.

23. In the event you decline to produce any document requested on the basis of a claim of privilege or claim of work product protection, please identify and describe the document (by date, author, addressee, signatory, subject, and length), state the privilege relied upon and the facts supporting such claim, and identify all persons who have or have had access to or received a copy of the document or any portion thereof.

24.     In the event you file a proper and timely objection to a portion of any discovery request, please respond to all portions of the discovery request that do not fall within the ambit of your objection. For example, if you object to a discovery request on the grounds that it is too broad insofar as it covers time periods that you contend are not relevant to this litigation, you should answer as to all time periods which you contend are relevant.

25.     For each of the document requests listed below, please indicate in your written response whether documents exist that are responsive to the request.

## INTERROGATORIES

## INTERROGATORY NO. 1:

Do you contend that gasoline containing MTBE manufactured or blended by BP Products caused or contributed to any of the alleged actual or threatened MTBE contamination at issue in this case?

## ANSWER:

## INTERROGATORY NO. 2:

If your answer to Interrogatory No. 1 is anything other than an unqualified "no," please state the factual basis for your contention.

## ANSWER:

## INTERROGATORY NO. 3:

If your answer to Interrogatory No. 1 is anything other than an unqualified "no," for each of the following wells in the Jamaica Water System geographic area, please state whether you contend the well has been contaminated, or is threatened with contamination, by gasoline containing MTBE manufactured or blended by BP Products, and state the factual basis for your contention.

| | | | | | |
|---|---|---|---|---|---|
| a. | Well No. 5 | s. | Well No. 26A | kk. | Well No. 47A |
| b. | Well No. 5A | t. | Well No. 27 | ll. | Well No. 48 |
| c. | Well No. 6 | u. | Well No. 29 | mm. | Well No. 48A |
| d. | Well No. 6A | v. | Well No. 29A | nn. | Well No. 49 |
| e. | Well No. 6B | w. | Well No. 31 | oo. | Well No. 49A |
| f. | Well No. 6D | x. | Well No. 32 | pp. | Well No. 50 |
| g. | Well No. 7 | y. | Well No. 33 | qq. | Well No. 50A |
| h. | Well No. 7B | z. | Well No. 36 | rr. | Well No. 51 |
| i. | Well No. 10 | aa. | Well No. 37 | ss. | Well No. 52 |
| j. | Well No. 10A | bb. | Well No. 39 | tt. | Well No. 53 |
| k. | Well No. 13 | cc. | Well No. 39A | uu. | Well No. 53A |
| l. | Well No. 13A | dd. | Well No. 41 | vv. | Well No. 54 |
| m. | Well No. 18 | ee. | Well No. 42 | ww. | Well No. 54A |
| n. | Well No. 21 | ff. | Well No. 42A | xx. | Well No. 55 |
| o. | Well No. 21A | gg. | Well No. 43 | yy. | Well No. 56 |
| p. | Well No. 22 | hh. | Well No. 43A | zz. | Well No. 58 |
| q. | Well No. 23 | ii. | Well No. 45 | aaa. | Well No. 59 |
| r. | Well No. 26 | jj. | Well No. 47 | | |

**ANSWER:**




**INTERROGATORY NO. 4:**

Do you contend that gasoline containing MTBE either sold or distributed by BP Products caused or contributed to any of the alleged actual or threatened MTBE contamination at issue in this case?

**ANSWER:**




**INTERROGATORY NO. 5:**

If your answer to Interrogatory No. 4 is anything other than an unqualified "no," please state the factual basis for your contention.

**ANSWER:**

## INTERROGATORY NO. 6:

If your answer to Interrogatory No. 4 is anything other than an unqualified "no," for each of the following wells in the Jamaica Water System geographic area, please state whether you contend the well has been contaminated, or is threatened with contamination, by gasoline containing MTBE either sold or distributed by BP Products, and state the factual basis for your contention.

| | | | | | |
|---|---|---|---|---|---|
| a. | Well No. 5 | s. | Well No. 26A | kk. | Well No. 47A |
| b. | Well No. 5A | t. | Well No. 27 | ll. | Well No. 48 |
| c. | Well No. 6 | u. | Well No. 29 | mm. | Well No. 48A |
| d. | Well No. 6A | v. | Well No. 29A | nn. | Well No. 49 |
| e. | Well No. 6B | w. | Well No. 31 | oo. | Well No. 49A |
| f. | Well No. 6D | x. | Well No. 32 | pp. | Well No. 50 |
| g. | Well No. 7 | y. | Well No. 33 | qq. | Well No. 50A |
| h. | Well No. 7B | z. | Well No. 36 | rr. | Well No. 51 |
| i. | Well No. 10 | aa. | Well No. 37 | ss. | Well No. 52 |
| j. | Well No. 10A | bb. | Well No. 39 | tt. | Well No. 53 |
| k. | Well No. 13 | cc. | Well No. 39A | uu. | Well No. 53A |
| l. | Well No. 13A | dd. | Well No. 41 | vv. | Well No. 54 |
| m. | Well No. 18 | ee. | Well No. 42 | ww. | Well No. 54A |
| n. | Well No. 21 | ff. | Well No. 42A | xx. | Well No. 55 |
| o. | Well No. 21A | gg. | Well No. 43 | yy. | Well No. 56 |
| p. | Well No. 22 | hh. | Well No. 43A | zz. | Well No. 58 |
| q. | Well No. 23 | ii. | Well No. 45 | aaa. | Well No. 59 |
| r. | Well No. 26 | jj. | Well No. 47 | | |

**ANSWER:**

## INTERROGATORY NO. 7:

Do you contend that BP Products caused a release of gasoline containing MTBE that contributed to any of the alleged actual or threatened MTBE contamination at issue in this case?

**ANSWER:**

## INTERROGATORY NO. 8:

If your answer to Interrogatory No. 7 is anything other than an unqualified "no," please state the factual basis for your contention.

**ANSWER:**


**INTERROGATORY NO. 9:**

If your answer to Interrogatory No. 7 is anything other than an unqualified "no," for each of the following wells in the Jamaica Water System geographic area, please state whether you contend BP Products caused a release of gasoline containing MTBE that contributed to any of the alleged actual or threatened contamination at each such well, and state the factual basis for your contention.

| | | | | | |
|---|---|---|---|---|---|
| a. | Well No. 5 | s. | Well No. 26A | kk. | Well No. 47A |
| b. | Well No. 5A | t. | Well No. 27 | ll. | Well No. 48 |
| c. | Well No. 6 | u. | Well No. 29 | mm. | Well No. 48A |
| d. | Well No. 6A | v. | Well No. 29A | nn. | Well No. 49 |
| e. | Well No. 6B | w. | Well No. 31 | oo. | Well No. 49A |
| f. | Well No. 6D | x. | Well No. 32 | pp. | Well No. 50 |
| g. | Well No. 7 | y. | Well No. 33 | qq. | Well No. 50A |
| h. | Well No. 7B | z. | Well No. 36 | rr. | Well No. 51 |
| i. | Well No. 10 | aa. | Well No. 37 | ss. | Well No. 52 |
| j. | Well No. 10A | bb. | Well No. 39 | tt. | Well No. 53 |
| k. | Well No. 13 | cc. | Well No. 39A | uu. | Well No. 53A |
| l. | Well No. 13A | dd. | Well No. 41 | vv. | Well No. 54 |
| m. | Well No. 18 | ee. | Well No. 42 | ww. | Well No. 54A |
| n. | Well No. 21 | ff. | Well No. 42A | xx. | Well No. 55 |
| o. | Well No. 21A | gg. | Well No. 43 | yy. | Well No. 56 |
| p. | Well No. 22 | hh. | Well No. 43A | zz. | Well No. 58 |
| q. | Well No. 23 | ii. | Well No. 45 | aaa. | Well No. 59 |
| r. | Well No. 26 | jj. | Well No. 47 | | |

**ANSWER:**


**INTERROGATORY NO. 10:**

Do you contend that gasoline containing MTBE manufactured or blended by BP Products was delivered to any retail service stations within the RGA?

**ANSWER:**

**INTERROGATORY NO. 11:**

If your answer to Interrogatory No. 10 is anything other than an unqualified "no," please state the factual basis for your contention. Please include in your answer all modes or routes of transportation you contend were used to deliver any such gasoline to the RGA. Also, please identify each retail service station you contend received a shipment of gasoline containing MTBE that was manufactured or blended by BP Products.

**ANSWER:**

**INTERROGATORY NO. 12:**

Do you contend that BP Products ever sold, distributed, or otherwise held title to any gasoline containing MTBE that was delivered to any retail stations within the RGA?

**ANSWER:**

**INTERROGATORY NO. 13:**

If your answer to Interrogatory No. 12 is anything other than an unqualified "no," please state the factual basis for your contention. Please include in your answer all modes or routes of transportation you contend were used by BP Products to sell or distribute gasoline containing MTBE either directly to retail stations within the RGA or to distributors who ultimately delivered such gasoline to retail stations within the RGA. Also, please identify each delivery point or retail service station you contend received a shipment of gasoline containing MTBE that was sold or distributed by BP Products, or to which BP Products otherwise ever held title.

**ANSWER:**

**INTERROGATORY NO. 14:**

Do you contend that BP Products had either an express agreement or tacit understanding with any Defendant or third party to manufacture or distribute gasoline containing MTBE for an unlawful purpose?

**ANSWER:**

**INTERROGATORY NO. 15:**

If your answer to Interrogatory No. 14 is anything other than an unqualified "no," please provide the factual basis for your contention that BP Products had either an express agreement or tacit understanding with any Defendant or third party to accomplish an unlawful purpose by manufacturing or distributing gasoline containing MTBE. Please identify in your answer:

- a. every piece of evidence you believe substantiates your contention that BP Products had either an express agreement or tacit understanding with any Defendant or third party
- b. each Defendant or third party with whom you contend BP Products had such an express agreement or tacit understanding
- c. each unlawful purpose you contend BP Products sought to achieve by means of such agreement or understanding
- d. each intentional act you contend was performed by BP Products in furtherance of such agreement or understanding
- e. all damages you contend you suffered as a result of such agreement or understanding.

**ANSWER:**


**INTERROGATORY NO. 16:**

Do you contend that BP Products misrepresented any facts concerning MTBE and/or TBA?

**ANSWER:**


**INTERROGATORY NO. 17:**

If your answer to Interrogatory No. 16 is anything other than an unqualified "no," please state the factual basis for your contention. In your answer please identify each such alleged misrepresentation made by BP Products, including the individual(s) making the statement, the individual(s) to whom the statement was made, the date of the statement, and the Bates number or deposition transcript citation of any evidence supporting your contention.

**ANSWER:**

**INTERROGATORY NO. 18:**

Do you contend that BP Products improperly withheld any information concerning MTBE and/or TBA from any federal, state, or local government entity or agency?

**ANSWER:**


**INTERROGATORY NO. 19:**

If your answer to Interrogatory No. 18 is anything other than an unqualified "no," please state the factual basis for your contention. In your answer please identify the information that was improperly withheld, the employees or agents of BP Products with knowledge of such information, the date(s) on which such knowledge was acquired, the government entities or agencies to whom you contend such information should have been disclosed, and the date on which such disclosure should have taken place.

**ANSWER:**


**INTERROGATORY NO. 20:**

Do you contend that BP Products failed to issue adequate warnings to its customers or downstream handlers regarding the characteristics of MTBE?

**ANSWER:**


**INTERROGATORY NO. 21:**

If your answer to Interrogatory No. 20 is anything other than an unqualified "no," please state the factual basis for your contention that warnings issued by BP Products were inadequate. Please include in your answer each warning that you contend BP Products should have provided, the persons or entities to which you contend the warning should have been provided, and the date on which such warning should have been provided.

**ANSWER:**

**INTERROGATORY NO. 22:**

For each warning identified in response to Interrogatory No. 21, do you contend that each such warning would have altered the behavior of the recipient? If your answer is anything other than an unqualified "no," please state the factual basis for your contention, Include in your answer the precise means by which you contend the recipient of the warning would have altered their behavior.

**ANSWER:**

**INTERROGATORY NO. 23:**

Identify all persons with knowledge of any factual information included in your responses to the BP Products' First Set of Interrogatories and Requests for Production of Documents to Plaintiff City of New York.

**ANSWER:**

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Produce all documents supporting your assertion that gasoline containing MTBE that was manufactured, blended, distributed, or sold by BP Products could have reached, or did in fact reach, the RGA.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:**

Produce all documents supporting your assertion, if any, that gasoline containing MTBE that was manufactured, blended, distributed, or sold by BP Products could have reached, or did in fact reach, any service station in the RGA.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:**

Produce all documents supporting your assertion, if any, that gasoline containing MTBE that was manufactured, blended, distributed, or sold by BP Products could have caused or contributed to, or did in fact cause or contribute to, any of the alleged contamination present at any of the City's wells listed in Interrogatory No. 3.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:**

Produce all documents you obtained from sources other than BP Products from which you intend to calculate BP Products' regional or national share of the market for crude refining capacity, gasoline production generally, production of gasoline containing MTBE, or retail sales of gasoline products.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:**

Produce all documents you relied upon in answering the Interrogatories set forth above.

**RESPONSE:**

Dated: November 19, 2008

Respectfully submitted,

J. Andrew Langan, P.C.
Wendy L. Bloom
John J. Amberg
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL 60601
Telephone:    (312) 861-2000
Telecopier:    (312) 861-2200

*Attorneys for Defendant*
*BP Products North America, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of BP Products North America Inc.'s First Set of Interrogatories and Requests for Production of Documents to Plaintiff City of New York was served upon counsel for the City of New York by e-mail, and upon all other counsel of record via LexisNexis File & Serve on the 19th day of November 2008.

_____
One of the Attorneys for Defendant
BP Products North America, Inc.

**EXHIBIT A6**


22550377

Nov 19 2008
6:49PM

| | |
|---|---|
| **UNITED STATES DISTRICT COURT**<br>**SOUTHERN DISTRICT OF NEW YORK**<br>───────────────────────────<br>In re Methyl Tertiary-Butyl Ether<br>("MTBE") Products Liability Litigation<br>───────────────────────────<br>This document relates to:<br>*City of New York v. Amerada Hess Corp., et*<br>*al.,* 04 Civ. 3417<br>─────────────────────────── | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Master File C.A. No. 1:00-1898**<br><br>**MDL 1358 (SAS)**<br>**No. M21-88**<br><br>**DEFENDANTS EL PASO MERCHANT**<br>**ENERGY-PETROLEUM COMPANY'S**<br>**AND COASTAL EAGLE POINT OIL**<br>**COMPANY'S FIRST SET OF**<br>**COMPANY-SPECIFIC**<br>**INTERROGATORIES AND**<br>**DOCUMENT REQUESTS** |

## INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendants El Paso Merchant Energy-Petroleum Company ("EPME-PC") and Coastal Eagle Point Oil Company ("CEPOC") hereby request The City of New York ("Plaintiff") to respond to the following interrogatories within 30 days of the service hereof.

## DEFINITIONS AND INSTRUCTIONS

1.      All definitions contained in Local Civil Rule 26.3 of the United States District Court for the Southern District of New York apply to these interrogatories and are incorporated by reference.

2.      "Plaintiff," "you" or "your" means plaintiff City of New York and any and all of its agencies and instrumentalities, and any of its past and present officers, employees, agents and anyone acting on its behalf.

3.      "MTBE" means methyl tertiary-butyl ether.

4.      "RGA" refers to the definition of Relevant Geographic Area established for this case in Case Management Order #4, § II.C.3.

5.      "Manufacture" means the refining or actual production of gasoline.

6.      "MTBE gasoline" means motor gasoline containing MTBE in any concentration.

7.     "Document" means all written, typed, printed, recorded or graphic matter of every type and description, disseminated or made, in any form, such as electronically stored information, now or formerly in the possession, custody, or control of Plaintiff, its agents, attorneys, representatives, advisors, consultants, or experts, including, but not limited to, letters correspondence, telegrams, memoranda, records, minutes of all types of meetings, contracts, subcontracts, agreements, intra- and inter-office communications, purchase orders, requisitions, plans, studies, summaries, analyses, results of investigations, reviews, bulletins, proposals, estimates, appraisals, recommendations, critiques, trip reports, engineering calculations, bills of materials, drawings, sketches, blueprints, charts, notices, diaries, books, desk calendars, appointment books, messages, instructions, work assignments, notes, notebooks, drafts, data sheets, specifications, statistical records, tapes, tape recordings, partial or complete reports of telephone conversations, photographs, slides, public statements, newspaper or other media releases, public and governmental filings, opinions, maps, and any other writings, drawings or recordings. If any documents was, but is no longer in Plaintiff's possession or subject to Plaintiff's custody or control, identify the document and state its present location or the disposition which was made of it and the date thereof.

8.     The interrogatories and document requests that follow are addressed to Plaintiff as a party to this action.  Plaintiff's answers shall be based upon information known to Plaintiff, or within Plaintiff's possession, custody or control, whether it is based on Plaintiff's personal knowledge or that of Plaintiffs agents or attorneys, on or after January 1, 1979, unless a different time frame is specified in a request.

9.     To the extent you are withholding any information under claim of privilege, please provide the information required by Local Rule 26.2 of the United States District Court for the Southern District of New York.

# INTERROGATORIES

**INTERROGATORY NO. 1:**

State whether Plaintiff seeks to recover punitive damages from CEPOC. If your answer is anything other than an unqualified "no," identify any and all documents and any other facts or evidence that you contend or believe support an award of punitive damages against CEPOC.

**INTERROGATORY NO. 2:**

State whether Plaintiff contends that EPME-PC manufactured MTBE gasoline that was delivered to the RGA from 1979 - 1994. If your answer is anything other than an unqualified "no," identify any and all documents and any other facts or evidence that support your contention.

**INTERROGATORY NO. 3:**

State whether Plaintiff contends that EPME-PC manufactured MTBE gasoline that was delivered to the RGA after 1994. If your answer is anything other than an unqualified "no," identify any and all documents and any other facts or evidence that support your contention.

**INTERROGATORY NO. 4:**

State whether Plaintiff contends that releases or spills from a Coastal-branded retail station in the RGA have resulted in MTBE impacts or threatened impacts to the Plaintiff's wells. If your answer is anything other than an unqualified "no," please identify any and all documents and any other facts or evidence that support your contention, including without limitation, the location of the retail location from which Plaintiff contends such a release or spill occurred and the well(s) that Plaintiff contends were impacted.

**INTERROGATORY NO 5:**

State whether Plaintiff contends that EPME-PC made any of the misrepresentations or engaged in the deceptive practices that are the subject of the allegations of the Ninth Cause of

Action in the Fourth Amended Complaint. If your answer is anything other than an unqualified "no," please identify any and all documents and any other facts or evidence that support your contention.

**INTERROGATORY NO. 6:**

State whether Plaintiff contends that CEPOC made any of the misrepresentations or engaged in the deceptive practices that are the subject of the allegations of the Ninth Cause of Action in the Fourth Amended Complaint. If your answer is anything other than an unqualified "no," please identify any and all documents and any other facts or evidence that support your contention.

**REQUESTS FOR PRODUCTION**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, EPME-PC and CEPOC hereby request The City of New York ("Plaintiff") to respond to the following requests for production within 30 days of the service hereof.

**DOCUMENT REQUEST NO. 1:**

Please provide any document identified, referred to, or relied upon in responses to the interrogatories set forth above.

4

Dated: November 19, 2008

_Dawn A Ellison_

Brent H. Allen (D.C. Bar #464934)
Admitted pro hac vice
Arden B. Levy (D.C. Bar #451115)
Admitted pro hac vice
Dawn A. Ellison (D.C. Bar #464296)
Admitted pro hac vice
HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2402
(202) 783-0800
(202) 383-6610 (Fax)

*Attorneys for Defendants El Paso Merchant Energy-Petroleum Company (f/k/a Coastal Refining & Marketing, Inc.) and Coastal Eagle Point Oil Company*

5

## CERTIFICATE OF SERVICE

This is to certify that on November 19, 2008, Defendants El Paso Merchant Energy-Petroleum Company's and Coastal Eagle Point Oil Company's First Set of Company-Specific Interrogatories and Requests for Production to Plaintiff City of New York was served electronically on all counsel of record via Lexis Nexis File and Serve.

Dawn A. Ellison

Dawn A. Ellison

**EXHIBIT A7**



22550992

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x   **Master File No. 1:00-1898**
  **In re: Methyl Tertiary Butyl Ether**    :  **MDL No. 1358 (SAS)**
  **("MTBE") Products Liability Litigation**      **M21-88**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**This Document Relates To:**

*City of New York v. Amerada Hess Corp., et al.*
*Case No. 04-CV-3417*

**DEFENDANT GULF OIL LIMITED**
**PARTNERSHIP'S REQUESTS FOR**
**ADMISSION, INTERROGATORIES**
**AND REQUESTS FOR**
**PRODUCTION TO PLAINTIFF**
**CITY OF NEW YORK**

      Pursuant to Federal Rules of Civil Procedure 33, 34, and 36, Defendant Gulf Oil Limited

Partnership ("GOLP") requests that Plaintiff answer the following Requests for Admission,

Interrogatories, and Requests for Production within thirty (30) days or as otherwise required.

Dated: November 19, 2008

                         Respectfully submitted,

                         *Christopher J. Garvey*
                         Christopher J. Garvey (CG 3323)
                         Goodwin | Procter LLP
                         The New York Times Building
                         620 Eighth Avenue
                         New York, NY 10022
                         (212) 813-8800 (tel.)
                         (212) 355-3333 (fax)
                         cgarvey@goodwinprocter.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of GULF OIL LIMITED PARTNERSHIP'S FIRST SET OF REQUESTS FOR ADMISSION, INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF CITY OF NEW YORK was served upon counsel for Plaintiff and all other counsel of record via LexisNexis File & Serve on November 19, 2008.

*Christopher J. Garvey*

Christopher J. Garvey

LIBA/1948454.1

# INSTRUCTIONS

1. These Requests for Admission, Interrogatories, and Requests for Production are continuing in character so as to require you to supplement your responses.

2. Where knowledge, information or documents in your possession are requested, the request includes knowledge of your agents, representatives, and unless privileged, your attorneys, as well as those under your custody or control.

3. If you elect to answer an Interrogatory by identifying or producing documents pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, identify such documents specifically by bates number and by production date.

4. In the event that you file a proper and timely objection to a portion of any discovery request, please respond to all portions of the discovery request that do not fall within the ambit of your objection. For example, if you object to a discovery request on the grounds that it is too broad insofar as it covers time periods that you contend are not relevant to this litigation, you should answer as to all time periods that you contend are relevant.

# DEFINITIONS

1. All definitions contained in Local Rule 26.3 of the United States District Court for the Southern District of New York are incorporated herein by reference.

2. "MTBE" means methyl tertiary butyl ether.

3. "Identify" when used in reference to a document or tangible thing means to state: (a) the name or the person who prepared it; (b) the name of the person who signed it or over whose name it was issued; (c) the name of each person to whom it was addressed and/or distributed; (d) the nature and substance of the document with sufficient particularity to enable it to be identified; (e) its date, or, if it bears no date, the date when it was prepared; and (f) the physical location of the document and the name of its custodian or custodians.

4. "Identify" when used in reference to a person other than a natural person, shall mean to specifically state the full name of each entity, its form of organization, its present address, and the telephone number of its principal address.

5. As used in these requests, the term "document" and "documents" have the broadest possible meaning allowed under the Federal Rules of Civil Procedure. The definition includes, without limitation, any written, recorded, filmed or graphic matter, whether produced, reproduced or on paper, computer storage devices or any other media, including, but not limited to, electronic mail, memoranda, notes, minutes, records, photographs, correspondence, studies, reports, charts, graphs, statements, notebooks, handwritten notes, applications, books, pamphlets, periodicals, notes, records, recordings of oral conversations, work papers, and also including, but not limited to, originals and all copies that are different in any way from the original, that are in your possession, custody, or control, or in the possession, custody, or control of any of your present or former agents, representatives, or attorneys, or any and all persons acting on your behalf,

including documents at any time in the possession, custody or control of such individuals or entities known by you to exist.

6.     Unless otherwise established by the context, the plural shall be construed to include the singular and the singular shall be construed to include the plural to bring within the scope of the discovery sought all responses which might otherwise be construed to be outside of its scope.

7.     "You," "your," "yours" and "Plaintiff" means the City of New York, as well as any of its present and former agents, employees, independent contractors, associates, attorneys, representatives, and all other persons or entities controlled by or acting on its behalf.

8.     "Relating to," "related to," or "regarding" means anything that constitutes, contains, evidences, embodies, reflects, identifies, states, refers to, deals with, comments on, responds to, describes, analyzes, or is in any way relevant to that subject.

9.     "And" as well as "or" shall be construed disjunctively or conjunctively as necessary in order to bring within the scope of the discovery sought all responses which might otherwise be construed to be outside its scope.

10.    The word "including" shall be construed to mean "including, but not limited to" to bring within the scope of the discovery sought all responses which might otherwise be construed to be outside the its scope.

11.    "Any" refers to any and all documents, persons, or entities inclusively, not the option of responding as to some but not others.

12.    "RGA" shall mean the Relevant Geographic Area for the City of New York as defined by the Court in Case Management Order No. 4, dated October 19, 2004.

13.    "GOLP" Refers to Gulf Oil Limited Partnership.


## REQUESTS FOR ADMISSION

### REQUEST FOR ADMISSION NO. 1

Admit that Catamount Petroleum Limited Partnership ("CPLP") was formed in 1988.

### REQUEST FOR ADMISSION NO. 2

Admit that from 1988 to 1993, CPLP engaged in distribution of unbranded gasoline.

### REQUEST FOR ADMISSION NO. 3

Admit that in 1993, CPLP changed its name to Gulf Oil Limited Partnership ("GOLP").

LIBA/1948454.1

**REQUEST FOR ADMISSION NO. 4**

Admit that since January 1, 2004, GOLP has not distributed or sold gasoline containing MTBE in New York State.

**REQUEST FOR ADMISSION NO. 5**

Admit that GOLP has never been a "refiner," as that term is defined in Plaintiff's Revised Third Set of Interrogatories to All Defendants, dated June 10, 2008.

**REQUEST FOR ADMISSION NO. 6**

Admit that GOLP has never owned or operated a "refinery," as that term is defined in Plaintiff's Revised Third Set of Interrogatories to All Defendants, dated June 10, 2008.

**REQUEST FOR ADMISSION NO. 7**

Admit that, with the exception of the only known GOLP activities related to MTBE described in the August 2, 2000 affidavit of Alice Kuhne and the November 6, 2007 30(b)(6) deposition of GOLP, since 1979 GOLP has never owned, operated or leased any "blending facility," as that term is defined in Plaintiff's Revised Third Set of Interrogatories to All Defendants, dated June 10, 2008.

**REQUEST FOR ADMISSION NO. 8**

Admit that, with the exception of the only known GOLP activities related to MTBE described in the August 2, 2000 affidavit of Alice Kuhne and the November 6, 2007 30(b)(6) deposition of GOLP, since 1979 GOLP has never engaged in "blending" of MTBE into gasoline, as that term is defined in Plaintiff's Revised Third Set of Interrogatories to All Defendants, dated June 10, 2008.

**REQUEST FOR ADMISSION NO. 9**

Admit that, with the exception of the only known GOLP activities related to MTBE described in the August 2, 2000 affidavit of Alice Kuhne and the November 6, 2007 30(b)(6) deposition of GOLP, since 1979 GOLP has never "produced" MTBE gasoline, as that term is defined in Plaintiff's Revised Third Set of Interrogatories to All Defendants, dated June 10, 2008.

**REQUEST FOR ADMISSION NO. 10**

Admit that with respect to the three blending incidents described in the August 2, 2000 Affidavit of Alice Kuhne and the November 6, 2007 30(b)(6) deposition of GOLP, the limited amount of gasoline blended at those times and in those locations is not part of the product that Plaintiff alleges has caused or will cause injury to Plaintiff's production wells.

LIBA/1948454.1

**REQUEST FOR ADMISSION NO. 11**

Admit that GOLP has never explored for or extracted crude oil.

**REQUEST FOR ADMISSION NO. 12**

Admit that GOLP did not and does not own, operate or lease any service stations in the RGA.

**REQUEST FOR ADMISSION NO. 13**

Admit that GOLP was never a member of the American Petroleum Institute ("API").

**REQUEST FOR ADMISSION NO. 14**

Admit that GOLP was never a member of Oxygenated Fuels Association ("OFA").

**REQUEST FOR ADMISSION NO. 15**

Admit that GOLP was never a member of the MTBE Committee.

**REQUEST FOR ADMISSION NO. 16**

Admit that GOLP has never manufactured MTBE.

**REQUEST FOR ADMISSION NO. 17**

Admit GOLP has never been a member of any industry associations or committees with the exception of the Independent Fuel Terminal Operators Association ("IFTOA") and the Society of Independent Gasoline Marketers of America ("SIGMA").

LIBA/1948454.1

# INTERROGATORIES

## INTERROGATORY NO. 1

If the answer to any of the foregoing requests to admit is anything other than an unqualified ADMIT, state in detail all facts upon which you base your denial or failure to admit. Identify all witnesses with knowledge or information related to your denial or failure to admit.

## INTERROGATORY NO. 2

Do you contend that GOLP engaged in a conspiracy to distribute gasoline containing MTBE? If so, state all facts in support of this contention, and identify all witnesses who you contend have information in support of this contention.

## INTERROGATORY NO. 3

Do you contend that GOLP engaged in any activity in violation of NY General Business Law § 349? If so, state all facts in support of this contention, and identify all witnesses who you contend have information in support of this contention.

LIBA/1948454.1

# REQUESTS FOR PRODUCTION

## REQUEST FOR PRODUCTION NO. 1

If the answer to any of the foregoing requests to admit is anything other than an unqualified ADMIT, produce all documents that support your response.

## REQUEST FOR PRODUCTION NO. 2

Produce all documents in support of your contention that GOLP engaged in a conspiracy to distribute gasoline containing MTBE.

## REQUEST FOR PRODUCTION NO. 3

Produce all documents in support of your contention that GOLP engaged in any activity in violation of New York General Business Law § 349.

## REQUEST FOR PRODUCTION NO. 4

Produce all documents that you identified in your responses to the foregoing Interrogatories.

LIBA/1948454.1

**EXHIBIT A8**


UNITED STATES DISTRICT COURT    )    **Master File C.A. No. 1:00-1898**
SOUTHERN DISTRICT OF NEW YORK   )
          )    **MDL 1358 (SAS)**
_____  )    **No. M21-88**
          )
**In re Methyl Tertiary-Butyl Ether**  )
**("MTBE") Products Liability Litigation** )    **THE PREMCOR REFINING**
          )    **GROUP INC.'S FIRST SET OF**
_____  )    **INTERROGATORIES AND**
          )    **REQUESTS FOR PRODUCTION OF**
**This document relates to:**      )    **DOCUMENTS TO PLAINTIFF CITY**
          )    **OF NEW YORK**
*City of New York v. Amerada Hess Corp., et* )
*al.,* **04 Civ. 3417**          )
          )
_____  )

Pursuant to FEDERAL RULES OF CIVIL PROCEDURE 26, 33, and 34, Defendant The Premcor Refining Group Inc. ("Premcor") hereby propounds the following interrogatories and requests for production of documents to Plaintiff City of New York, to be answered and responded to under oath within 30 days of service in accordance with the FEDERAL RULES OF CIVIL PROCEDURE and the Rules of this Court.

## DEFINITIONS

1.    All definitions contained in Local Civil Rule 26.3 of the United States District Court for the Southern District of New York apply to these interrogatories and are incorporated herein by reference.

2.    "City", "you," "your," "yours," or "Plaintiff" shall mean or refer to Plaintiff City of New York and any of its present or former departments, agencies, bureaus, commissioners, officers, employees, or agents, and anyone controlled by or acting on its behalf.

3.    "Person" shall mean any commissioner, officer, employee, or agent of the City, or anyone acting on the City's behalf, including any consultant or contractor engaged or employed by the City.

4.     "Defendant" or "Defendants" shall mean any party named as a defendant in the above-captioned litigation.

5.     "MTBE" shall mean methyl tertiary-butyl ether.

6.     "TBA" shall mean tertiary-butyl alcohol.

7.     "Customer" shall mean any person to whom the City has provided water since 1979.

8.     "Jamaica Water System geographic area" shall include the area in which all of the City's groundwater supply wells are located, and all portions of the City's water supply and distribution system that are connected to those wells, or used for transporting, distributing, or delivering water from the groundwater water supply wells to the City's water customers.

9.     "Identify" when used in reference to a document or a tangible thing means to state: (a) the name of the person who prepared it; (b) the name of the person who signed it or over whose name it was issued; (c) the name of each person to whom it was addressed and/or distributed; (d) the nature and substance of the document with sufficient particularity to enable it to be identified; (e) its date, or, if it bears no date, the date when it was prepared; and (f) the physical location of the document and the name of its custodian or custodians.

10.     "Identify" when used in reference to a person other than a natural person, shall mean to specifically state the full name of each entity, its form of organization, its present address, and the telephone number of its principal address.

11.     As used in these requests, the terms "document" and "documents" have the broadest possible meaning allowed under the FEDERAL RULES OF CIVIL PROCEDURE. The definition includes, without limitation, any written, recorded, filmed, or graphic matter, whether produced, reproduced, or on paper, computer storage devices, or any other media, including, but