not limited to, electronic mail, memoranda, notes, minutes, records, photographs, correspondence, studies, reports, chars, graphs, statements, notebooks, handwritten notes, applications, books, pamphlets, periodicals, notes, records, recordings of oral conversations, and work papers, and also including, but not limited to, originals and all copies that are different in any way from the original, that are in your possession, custody, or control, or in the possession, custody, or control of any of your present or former agents, representatives, or attorneys, or any and all persons acting on your behalf, including documents at any time in the possession, custody, or control of such individuals or entities known by you to exist.

12.     Unless otherwise established by context, the plural shall be construed to include the singular and the singular shall be construed to include the plural to bring within the scope of the discovery sought all responses which might otherwise be construed to be outside its scope.

13.     "Relating to," "relates to," "related to," or "regarding" means anything that constitutes, contains, evidences, embodies, reflects, identifies, states, refers to, deals with, comments on, responds to, describes, analyzes, or is in any way relevant to that subject.

14.     "And" as well as "or" shall be construed disjunctively or conjunctively as necessary in order to bring within the scope of the discovery sought all responses which might otherwise be construed to be outside its scope.

15.     The word "including" shall be construed to mean "including, but not limited to" to bring within the scope of the discovery sought all responses which might otherwise be construed to be outside its scope.

16.     "Any" refers to any and all documents, persons, or entities inclusively, not the option of responding as to some but not others.

Dockets.Justia.com

17.     "RGA" shall mean the Relevant Geographic Area for City of New York case as defined by the Court in Case Management Order No. 4, dated October 19, 2004.

## **INSTRUCTIONS**

18.     The interrogatories that follow cover all information in the City's possession, custody, or control on or after January 1, 1979, unless a different time frame is specified in a particular interrogatory.

19.     To the extent the City is withholding any information in answer to any interrogatory herein under a claim of privilege, please provide a log of privileged documents that complies with Local Rule 26.2 of the United States District Court for the Southern District of New York.

20.     These Interrogatories and Requests for Production are continuing in character so as to require you to supplement your responses.

21.     Where knowledge, information or documents in your possession are requested, the request includes knowledge of your agents, representatives, and, unless privileged, your attorneys, as well as those under your custody or control.

22.     If you elect to answer an Interrogatory by identifying or producing documents pursuant to Rule 33(d) of the FEDERAL RULES OF CIVIL PROCEDURE, identify such documents specifically by Bates number and by production date.

23.     In the event you decline to produce any document requested on the basis of a claim of privilege or claim of work product protection, please identify and describe the document (by date, author, addressee, signatory, subject, and length), state the privilege relied upon and the facts supporting such claim, and identify all persons who have or have had access to or received a copy of the document or any portion thereof.

24.     In the event you file a proper and timely objection to a portion of any discovery request, please respond to all portions of the discovery request that do not fall within the ambit of your objection. For example, if you object to a discovery request on the grounds that it is too broad insofar as it covers time periods that you contend are not relevant to this litigation, you should answer as to all time periods which you contend are relevant.

25.     For each of the document requests listed below, please indicate in your written response whether documents exist that are responsive to the request.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Do you contend that gasoline containing MTBE manufactured or blended by Premcor caused or contributed to any of the alleged actual or threatened MTBE contamination at issue in this case?

### ANSWER:

### INTERROGATORY NO. 2:

If your answer to Interrogatory No. 1 is anything other than an unqualified "no," please state the factual basis for your contention.

### ANSWER:

### INTERROGATORY NO. 3:

If your answer to Interrogatory No. 1 is anything other than an unqualified "no," for each of the following wells in the Jamaica Water System geographic area, please state whether you contend the well has been contaminated, or is threatened with contamination, by gasoline containing MTBE manufactured or blended by Premcor, and state the factual basis for your contention.

| | | | | | |
|---|---|---|---|---|---|
| a. | Well No. 5 | g. | Well No. 7 | m. | Well No. 18 |
| b. | Well No. 5A | h. | Well No. 7B | n. | Well No. 21 |
| c. | Well No. 6 | i. | Well No. 10 | o. | Well No. 21A |
| d. | Well No. 6A | j. | Well No. 10A | p. | Well No. 22 |
| e. | Well No. 6B | k. | Well No. 13 | q. | Well No. 23 |
| f. | Well No. 6D | l. | Well No. 13A | r. | Well No. 26 |

| s. | Well No. 26A | ff. | Well No. 42A | rr. | Well No. 51 |
| t. | Well No. 27 | gg. | Well No. 43 | ss. | Well No. 52 |
| u. | Well No. 29 | hh. | Well No. 43A | tt. | Well No. 53 |
| v. | Well No. 29A | ii. | Well No. 45 | uu. | Well No. 53A |
| w. | Well No. 31 | jj. | Well No. 47 | vv. | Well No. 54 |
| x. | Well No. 32 | kk. | Well No. 47A | ww. | Well No. 54A |
| y. | Well No. 33 | ll. | Well No. 48 | xx. | Well No. 55 |
| z. | Well No. 36 | mm. | Well No. 48A | yy. | Well No. 56 |
| aa. | Well No. 37 | nn. | Well No. 49 | zz. | Well No. 58 |
| bb. | Well No. 39 | oo. | Well No. 49A | aaa. | Well No. 59 |
| cc. | Well No. 39A | pp. | Well No. 50 | | |
| dd. | Well No. 41 | qq. | Well No. 50A | | |
| ee. | Well No. 42 | | | | |

**ANSWER:**

**INTERROGATORY NO. 4:**

Do you contend that gasoline containing MTBE either sold or distributed by Premcor caused or contributed to any of the alleged actual or threatened MTBE contamination at issue in this case?

**ANSWER:**

**INTERROGATORY NO. 5:**

If your answer to Interrogatory No. 4 is anything other than an unqualified "no," please state the factual basis for your contention.

**ANSWER:**

**INTERROGATORY NO. 6:**

If your answer to Interrogatory No. 4 is anything other than an unqualified "no," for each of the following wells in the Jamaica Water System geographic area, please state whether you contend the well has been contaminated, or is threatened with contamination, by gasoline containing MTBE either sold or distributed by Premcor, and state the factual basis for your contention.

| a. | Well No. 5 | g. | Well No. 7 | m. | Well No. 18 |
| b. | Well No. 5A | h. | Well No. 7B | n. | Well No. 21 |
| c. | Well No. 6 | i. | Well No. 10 | o. | Well No. 21A |
| d. | Well No. 6A | j. | Well No. 10A | p. | Well No. 22 |
| e. | Well No. 6B | k. | Well No. 13 | q. | Well No. 23 |
| f. | Well No. 6D | l. | Well No. 13A | r. | Well No. 26 |

| s. | Well No. 26A | ee. | Well No. 42 | qq. | Well No. 50A |
|----|--------------|-----|-------------|-----|--------------|
| t. | Well No. 27 | ff. | Well No. 42A | rr. | Well No. 51 |
| u. | Well No. 29 | gg. | Well No. 43 | ss. | Well No. 52 |
| v. | Well No. 29A | hh. | Well No. 43A | tt. | Well No. 53 |
| w. | Well No. 31 | ii. | Well No. 45 | uu. | Well No. 53A |
| x. | Well No. 32 | jj. | Well No. 47 | vv. | Well No. 54 |
| y. | Well No. 33 | kk. | Well No. 47A | ww. | Well No. 54A |
| z. | Well No. 36 | ll. | Well No. 48 | xx. | Well No. 55 |
| aa. | Well No. 37 | mm. | Well No. 48A | yy. | Well No. 56 |
| bb. | Well No. 39 | nn. | Well No. 49 | zz. | Well No. 58 |
| cc. | Well No. 39A | oo. | Well No. 49A | aaa. | Well No. 59 |
| dd. | Well No. 41 | pp. | Well No. 50 | | |

**ANSWER:**


**INTERROGATORY NO. 7:**

Do you contend that Premcor caused a release of gasoline containing MTBE that contributed to any of the alleged actual or threatened MTBE contamination at issue in this case?

**ANSWER:**


**INTERROGATORY NO. 8:**

If your answer to Interrogatory No. 7 is anything other than an unqualified "no," please state the factual basis for your contention.

**ANSWER:**


**INTERROGATORY NO. 9:**

If your answer to Interrogatory No. 7 is anything other than an unqualified "no," for each of the following wells in the Jamaica Water System geographic area, please state whether you contend Premcor caused a release of gasoline containing MTBE that contributed to any of the alleged actual or threatened contamination at each such well, and state the factual basis for your contention.

| a. | Well No. 5 | g. | Well No. 7 | m. | Well No. 18 |
|----|-----------|-----|-----------|-----|------------|
| b. | Well No. 5A | h. | Well No. 7B | n. | Well No. 21 |
| c. | Well No. 6 | i. | Well No. 10 | o. | Well No. 21A |
| d. | Well No. 6A | j. | Well No. 10A | p. | Well No. 22 |
| e. | Well No. 6B | k. | Well No. 13 | q. | Well No. 23 |
| f. | Well No. 6D | l. | Well No. 13A | r. | Well No. 26 |

| s. | Well No. 26A | dd. | Well No. 41 | pp. | Well No. 50 |
|----|--------------|-----|-------------|-----|-------------|
| t. | Well No. 27 | ee. | Well No. 42 | qq. | Well No. 50A |
| u. | Well No. 29 | ff. | Well No. 42A | rr. | Well No. 51 |
| v. | Well No. 29A | gg. | Well No. 43 | ss. | Well No. 52 |
| w. | Well No. 31 | hh. | Well No. 43A | tt. | Well No. 53 |
| x. | Well No. 32 | ii. | Well No. 45 | uu. | Well No. 53A |
| y. | Well No. 33 | jj. | Well No. 47 | vv. | Well No. 54 |
| z. | Well No. 36 | kk. | Well No. 47A | ww. | Well No. 54A |
| aa. | Well No. 37 | ll. | Well No. 48 | xx. | Well No. 55 |
| bb. | Well No. 39 | mm. | Well No. 48A | yy. | Well No. 56 |
| cc. | Well No. 39A | nn. | Well No. 49 | zz. | Well No. 58 |
|  |  | oo. | Well No. 49A | aaa. | Well No. 59 |

**ANSWER:**

**INTERROGATORY NO. 10:**

Do you contend that gasoline containing MTBE manufactured or blended by Premcor was delivered to any retail service stations within the RGA?

**ANSWER:**

**INTERROGATORY NO. 11:**

If your answer to Interrogatory No. 10 is anything other than an unqualified "no," please state the factual basis for your contention. Please include in your answer all modes or routes of transportation you contend were used to deliver any such gasoline to the RGA. Also, please identify each retail service station you contend received a shipment of gasoline containing MTBE that was manufactured or blended by Premcor.

**ANSWER:**

**INTERROGATORY NO. 12:**

Do you contend that Premcor ever sold, distributed, or otherwise held title to any gasoline containing MTBE that was delivered to any retail stations within the RGA?

**ANSWER:**

**INTERROGATORY NO. 13:**

If your answer to Interrogatory No. 12 is anything other than an unqualified "no," please state the factual basis for your contention. Please include in your answer all modes or routes of transportation you contend were used by Premcor to sell or distribute gasoline containing MTBE either directly to retail stations within the RGA or to distributors who ultimately delivered such gasoline to retail stations within the RGA. Also, please identify each delivery point or retail service station you contend received a shipment of gasoline containing MTBE that was sold or distributed by Premcor, or to which Premcor otherwise ever held title.

**ANSWER:**

**INTERROGATORY NO. 14:**

Do you contend that Premcor had either an express agreement or tacit understanding with any Defendant or third party to manufacture or distribute gasoline containing MTBE for an unlawful purpose?

**ANSWER:**

**INTERROGATORY NO. 15:**

If your answer to Interrogatory No. 14 is anything other than an unqualified "no," please provide the factual basis for your contention that Premcor had either an express agreement or tacit understanding with any Defendant or third party to accomplish an unlawful purpose by manufacturing or distributing gasoline containing MTBE. Please identify in your answer:

    a.      every piece of evidence you believe substantiates your contention that Premcor had either an express agreement or tacit understanding with any Defendant or third party

    b.      each Defendant or third party with whom you contend Premcor had such an express agreement or tacit understanding

    c.      each unlawful purpose you contend Premcor sought to achieve by means of such agreement or understanding

    d.      each intentional act you contend was performed by Premcor in furtherance of such agreement or understanding

    e.      all damages you contend you suffered as a result of such agreement or understanding.

**ANSWER:**

**INTERROGATORY NO. 16:**

Do you contend that Premcor misrepresented any facts concerning MTBE and/or TBA?

**ANSWER:**


**INTERROGATORY NO. 17:**

If your answer to Interrogatory No. 16 is anything other than an unqualified "no," please state the factual basis for your contention. In your answer please identify each such alleged misrepresentation made by Premcor, including the individual(s) making the statement, the individual(s) to whom the statement was made, the date of the statement, and the Bates number or deposition transcript citation of any evidence supporting your contention.

**ANSWER:**


**INTERROGATORY NO. 18:**

Do you contend that Premcor improperly withheld any information concerning MTBE and/or TBA from any federal, state, or local government entity or agency?

**ANSWER:**


**INTERROGATORY NO. 19:**

If your answer to Interrogatory No. 18 is anything other than an unqualified "no," please state the factual basis for your contention. In your answer please identify the information that was improperly withheld, the employees or agents of Premcor with knowledge of such information, the date(s) on which such knowledge was acquired, the government entities or agencies to whom you contend such information should have been disclosed, and the date on which such disclosure should have taken place.

**ANSWER:**


**INTERROGATORY NO. 20:**

Do you contend that Premcor failed to issue adequate warnings to its customers or downstream handlers regarding the characteristics of MTBE?

**ANSWER:**

**INTERROGATORY NO. 21:**

If your answer to Interrogatory No. 20 is anything other than an unqualified "no," please state the factual basis for your contention that warnings issued by Premcor were inadequate. Please include in your answer each warning that you contend Premcor should have provided, the persons or entities to which you contend the warning should have been provided, and the date on which such warning should have been provided.

**ANSWER:**


**INTERROGATORY NO. 22:**

For each warning identified in response to Interrogatory No. 21, do you contend that each such warning would have altered the behavior of the recipient? If your answer is anything other than an unqualified "no," please state the factual basis for your contention. Include in your answer the precise means by which you contend the recipient of the warning would have altered their behavior.

**ANSWER:**


**INTERROGATORY NO. 23:**

Identify all persons with knowledge of any factual information included in your responses to The Premcor Refining Group Inc.'s First Set of Interrogatories and Requests for Production of Documents to Plaintiff City of New York.

**ANSWER:**

# REQUESTS FOR PRODUCTION

## REQUEST FOR PRODUCTION NO. 1:

Produce all documents supporting your assertion that gasoline containing MTBE that was manufactured, blended, distributed, or sold by Premcor could have reached, or did in fact reach, the RGA.

## RESPONSE:

## REQUEST FOR PRODUCTION NO. 2:

Produce all documents supporting your assertion, if any, that gasoline containing MTBE that was manufactured, blended, distributed, or sold by Premcor could have reached, or did in fact reach, any service station in the RGA.

## RESPONSE:

## REQUEST FOR PRODUCTION NO. 3:

Produce all documents supporting your assertion, if any, that gasoline containing MTBE that was manufactured, blended, distributed, or sold by Premcor could have caused or contributed to, or did in fact cause or contribute to, any of the alleged contamination present at any of the City's wells listed in Interrogatory No. 3.

## RESPONSE:

## REQUEST FOR PRODUCTION NO. 4:

Produce all documents you obtained from sources other than Premcor from which you intend to calculate Premcor's regional or national share of the market for crude refining capacity, gasoline production generally, production of gasoline containing MTBE, or retail sales of gasoline products.

## RESPONSE:

**REQUEST FOR PRODUCTION NO. 5:**

Produce all documents you relied upon in answering the Interrogatories set forth above.

**RESPONSE:**

Dated: November 18, 2008

J. Clifford Gunter III
Andrew M. Taylor
M. Coy Connelly

BRACEWELL & GIULIANI LLP
711 Louisiana St., Suite 2300
Houston, Texas 77002-2770
Telephone: (713) 221-1335
Telecopier: (713) 221-2159

ATTORNEYS FOR THE PREMCOR REFINING GROUP INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of The Premcor Refining Group Inc.'s First Set of Interrogatories and Requests for Production of Documents to Plaintiff City of New York was served upon counsel for the City of New York by e-mail, and upon all other counsel of record via LexisNexis File & Serve on the 19th day of November, 2008.

M. Coy Connelly

**EXHIBIT A9**



22548871

Nov 19 2008
6:02PM

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------ X

**IN RE METHYL TERTIARY BUTYL
ETHER PRODUCTS LIABILITY
LITIGATION**

Master File No. 1:00-1898
MDL 1358 (SAS)
M21-88

**This document relates to:**

*City of New York v. Amerada Hess Corp., et
al.,* 04 Civ. 3417

------------------------------------------------ X

## DEFENDANTS SUNOCO, INC. AND SUNOCO, INC. (R&M)'S FIRST SET OF COMPANY-SPECIFIC INTERROGATORIES AND DOCUMENT REQUESTS

### INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendants Sunoco, Inc. and Sunoco, Inc. (R&M) (collectively "Sunoco") hereby request that Plaintiff City of New York ("Plaintiff") respond to the following interrogatories within 30 days of the service hereof.

### DEFINITIONS AND INSTRUCTIONS

1.     All definitions contained in Local Civil Rule 26.3 of the United States District Court for the Southern District of New York apply to these interrogatories and are incorporated by reference.

2.     "Plaintiff", "you" or "your" means Plaintiff City of New York and any and all of the its agencies and instrumentalities, and any of its past and present officers, employees ,agents, and anyone acting on its behalf.

3.     "MTBE" shall mean methyl tertiary-butyl ether.

4. "RGA" shall refer the definition of Relevant Geographic Area established for this case in Case Management Order #4, § II.C.3.

5. "Manufacture" means the refining or actual production of gasoline.

6. "MTBE gasoline" means motor gasoline containing MTBE in any concentration.

7. "Document" shall mean all written, typed, printed, recorded or graphic matter of every type and description, disseminated or made, in any form, such as electronically stored information, now or formerly in the possession, custody, or control of Plaintiff, its agents, attorneys, representatives, advisors, consultants, or experts, including, but not limited to, letters correspondence, telegrams, memoranda, records, minutes of all types of meetings, contracts, subcontracts, agreements, intra- and inter-office communications, purchase orders, requisitions, plans, studies, summaries, analyses, results of investigations, reviews, bulletins, proposals, estimates, appraisals, recommendations, critiques, trip reports, engineering calculations, bills of materials, drawings, sketches, blueprints, charts, notices, diaries, books, desk calendars, appointment books, messages, instructions, work assignments, notes, notebooks, drafts, data sheets, specifications, statistical records, tapes, tape recordings, partial or complete reports of telephone conversations, photographs, slides, public statements, newspaper or other media releases, public and governmental filings, opinions, maps, and any other writings, drawings or recordings. If any documents was, but :is no longer in Plaintiff's possession or subject to Plaintiff's custody or control, identify the document and state its present location or the disposition which was made of it and the date thereof.

8. The interrogatories and document requests that follow are addressed to Plaintiff as a party to this action. Plaintiff's answers shall be based upon information known to Plaintiff, or within Plaintiff's possession, custody or control, whether it is based on Plaintiff's personal knowledge or that of Plaintiffs agents or attorneys, on or after January 1, 1979, unless a different time frame is specified in a request.

9. To the extent you are withholding any information under claim of privilege, please provide the information required by Local Rule 26.2 of the United States District Court for the Southern District of New York.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

State whether Plaintiff contends that Sunoco, Inc. manufactured MTBE gasoline that was delivered to the RGA from 1979 - present. If your answer is anything other than an unqualified "no," identify any and all documents and any other facts or evidence that support your contention.

**INTERROGATORY NO. 2:**

State whether Plaintiff contends that Sunoco, Inc. (R&M) manufactured MTBE gasoline that was delivered to the RGA from 1979 - 1984. If your answer is anything other than an unqualified "no," identify any and all documents and any other facts or evidence that support your contention.

**INTERROGATORY NO. 3:**

State whether Plaintiff contends that Sunoco, Inc. (R&M) manufactured MTBE gasoline that was delivered to the RGA after 1984. If your answer is anything other than an unqualified "no," identify any and all documents and any other facts or evidence that support your contention.

**INTERROGATORY NO. 4:**

State whether Plaintiff contends that releases or spills from any Sunoco-branded retail station in the RGA have resulted in MTBE impacts or threatened impacts to the Plaintiff's wells. If your answer is anything other than an unqualified "no," please identify any and all documents and any other facts or evidence that supports your contention, including without

limitation the location of the retail location from which Plaintiff contends such a release or spill occurred and the well(s) that Plaintiff contends were impacted.

**INTERROGATORY NO. 5:**

State whether Plaintiff contends that Sunoco, Inc. made any of the misrepresentations or engaged in the deceptive practices that are the subject of the allegations of the Ninth Cause of Action in the Fourth Amended Complaint. If your answer is anything other than an unqualified "no," please identify any and all documents and any other facts or evidence that supports your contention.

**INTERROGATORY NO. 6:**

State whether Plaintiff contends that Sunoco, Inc. (R&M) made any of the misrepresentations or engaged in the deceptive practices that are the subject of the allegations of the Ninth Cause of Action in the Fourth Amended Complaint. If your answer is anything other than an unqualified "no," please identify any and all documents and any other facts or evidence that supports your contention.

## REQUESTS FOR PRODUCTION

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendants Sunoco, Inc. and Sunoco, Inc. (R&M) hereby request Plaintiff City of New York ("Plaintiff") respond to the following request for production within 30 days of the service hereof.

## DOCUMENT REQUEST NO. 1:

Please provide any document identified, referred to, or relied upon in response to the interrogatories set forth above.

Dated: November 19, 2008

Daniel M. Krainin (DK 1128)
Paula J. Schauwecker (PS 3449)
BEVERIDGE & DIAMOND, P.C.
477 Madison Avenue, 15th Floor
New York, NY 10022
(212) 702-5400

John S. Guttmann (JG 7601)
Nessa E. Horewitch (*pro hac vice*)
BEVERIDGE & DIAMOND, P.C.
1350 I Street, N.W., Suite 700
Washington, DC 20005
(202) 789-6000

*Attorneys for Defendants Sunoco, Inc. and Sunoco, Inc. (R&M)*

## CERTIFICATE OF SERVICE

This is to certify that on November 19, 2008, Defendants Sunoco, Inc. and Sunoco, Inc. (R&M)'s First Set of Company-Specific Interrogatories and Document Requests to Plaintiff City of New York was served electronically on all counsel of record via Lexis Nexis File and Serve.

Daniel M. Krainin

1140585v1 Washington 011786

**EXHIBIT A10**



22550553

Nov 19 2008
6:55PM

**UNITED STATES DISTRICT COURT**　)　**Master File C.A. No. 1:00-1898**
**SOUTHERN DISTRICT OF NEW YORK**　)
　　　　　　　　　　　　　　　　　　)　**MDL 1358 (SAS)**
―――――――――――――――――　)　**No. M21-88**
　　　　　　　　　　　　　　　　　　)
**In re Methyl Tertiary-Butyl Ether**　)　**TOTAL PETROCHEMICALS USA,**
**("MTBE") Products Liability Litigation**　)　**INC.'S FIRST SET OF**
　　　　　　　　　　　　　　　　　　)　**INTERROGATORIES AND**
―――――――――――――――――　)　**REQUESTS FOR PRODUCTION OF**
　　　　　　　　　　　　　　　　　　)　**DOCUMENTS TO PLAINTIFF CITY**
**This document relates to:**　　　　　　)　**OF NEW YORK**
　　　　　　　　　　　　　　　　　　)
*City of New York v. Amerada Hess Corp., et*　)
*al.,* **04 Civ. 3417**　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
―――――――――――――――――　)

　　　　Pursuant to Federal Rule of Civil Procedure 26, 33, and 34, Defendant TOTAL

PETROCHEMICALS USA, INC. ("TOTAL") hereby propounds the following interrogatories

and requests for production of documents to Plaintiff City of New York, to be answered and

responded to under oath within 30 days of service in accordance with the Federal Rules of Civil

Procedure and the Local Civil Rules of this Court.

Dated: November 19, 2008

　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　M. Coy Connelly
　　　　　　　　　　　　　　　　Amy E. Parker

　　　　　　　　　　　　　　　　BRACEWELL & GIULIANI LLP
　　　　　　　　　　　　　　　　711 Louisiana Street, Suite 2300
　　　　　　　　　　　　　　　　Houston, TX 77002-2770
　　　　　　　　　　　　　　　　Tel. (713) 221-1335
　　　　　　　　　　　　　　　　Fax (713) 221-2159

　　　　　　　　　　　　　　　　ATTORNEYS FOR DEFENDANT TOTAL
　　　　　　　　　　　　　　　　PETROCHEMICALS USA, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of TOTAL PETROCHEMICALS USA, INC.'s First Set of Interrogatories and Requests for Production of Documents to Plaintiff City of New York was served upon counsel for Plaintiffs and all other counsel of record via LexisNexis File & Serve on the 19th day of November, 2008.

M. Coy Connelly

## DEFINITIONS

1.    All definitions contained in Local Civil Rule 26.3 of the United States District Court for the Southern District of New York apply to these interrogatories and are incorporated herein by reference.

2.    "City", "you," "your," "yours," or "Plaintiff" shall mean or refer to Plaintiff City of New York and any of its present or former departments, agencies, bureaus, commissioners, officers, employees, or agents, and anyone controlled by or acting on its behalf.

3.    "Person" shall mean any commissioner, officer, employee, or agent of the City, or anyone acting on the City's behalf, including any consultant or contractor engaged or employed by the City.

4.    "Defendant" or "Defendants" shall mean any party named as a defendant in the above-captioned litigation.

5.    "MTBE" shall mean methyl tertiary-butyl ether.

6.    "TBA" shall mean tertiary-butyl alcohol.

7.    "Jamaica Water System geographic area" shall include the area in which all of the City's groundwater supply wells are located, and all portions of the City's water supply and distribution system that are connected to those wells, or used for transporting, distributing, or delivering water from the groundwater water supply wells to the City's water customers.

8.    "Identify" when used in reference to a document or a tangible thing means to state: (a) the name of the person who prepared it; (b) the name of the person who signed it or over whose name it was issued; (c) the name of each person to whom it was addressed and/or distributed; (d) the nature and substance of the document with sufficient particularity to enable it to be identified; (e) its date, or, if it bears no date, the date when it was prepared; and (f) the physical location of the document and the name of its custodian or custodians.

9. "Identify" when used in reference to a person other than a natural person, shall mean to specifically state the full name of each entity, its form of organization, its present address, and the telephone number of its principal address.

10. As used in these requests, the terms "document" and "documents" have the broadest possible meaning allowed under the Federal Rules of Civil Procedure. The definition includes, without limitation, any written, recorded, filmed, or graphic matter, whether produced, reproduced, or on paper, computer storage devices, or any other media, including, but not limited to, electronic mail, memoranda, notes, minutes, records, photographs, correspondence, studies, reports, chars, graphs, statements, notebooks, handwritten notes, applications, books, pamphlets, periodicals, notes, records, recordings of oral conversations, and work papers, and also including, but not limited to, originals and all copies that are different in any way from the original, that are in your possession, custody, or control, or in the possession, custody, or control of any of your present or former agents, representatives, or attorneys, or any and all persons acting on your behalf, including documents at any time in the possession, custody, or control of such individuals or entities known by you to exist.

11. Unless otherwise established by context, the plural shall be construed to include the singular and the singular shall be construed to include the plural to bring within the scope of the discovery sought all responses which might otherwise be construed to be outside its scope.

12. "Relating to," "relates to," "related to," or "regarding" means anything that constitutes, contains, evidences, embodies, reflects, identifies, states, refers to, deals with, comments on, responds to, describes, analyzes, or is in any way relevant to that subject.

13. "And" as well as "or" shall be construed disjunctively or conjunctively as necessary in order to bring within the scope of the discovery sought all responses which might otherwise be construed to be outside its scope.

14. The word "including" shall be construed to mean "including, but not limited to" to bring within the scope of the discovery sought all responses which might otherwise be construed to be outside its scope.

15. "Any" refers to any and all documents, persons, or entities inclusively, not the option of responding as to some but not others.

16. "RGA" shall mean the Relevant Geographic Area for City of New York case as defined by the Court in Case Management Order No. 4, dated October 19, 2004.

17. The phrase "Port Arthur Refinery" shall mean the refinery owned by TOTAL from 1979 through the present located at Highway 366 and 32nd Street, Port Arthur, Texas 77642.

18. The phrase "Big Spring Refinery" shall mean the refinery which TOTAL owned from April 29, 1983 through August, 31 2000 located at East I-20 and Refinery Road, Big Spring, Texas 79720.

19. The phrase "New Jersey Operations" shall mean the storage tanks TOTAL leased at the Northville Terminal (located at 4501 Tremly Point Road, Linden, New Jersey 07036) from 1987 through 1995 and at the GATX Terminal (located at One Terminal Road, Carteret, New Jersey 07008) from 1995 through 1996.

## INSTRUCTIONS

1. The interrogatories that follow cover all information in the City's possession, custody, or control on or after January 1, 1979, unless a different time frame is specified in a particular interrogatory.

2. To the extent the City is withholding any information in answer to any interrogatory herein under a claim of privilege; please provide a log of privileged documents that complies with Local Rule 26.2 of the United States District Court for the Southern District of New York.

3. These Interrogatories and Requests for Production are continuing in character so as to require you to supplement your responses.

4. Where knowledge, information or documents in your possession are requested, the request includes knowledge of your agents, representatives, and, unless privileged, your attorneys, as well as those under your custody or control.

5. If you elect to answer an Interrogatory by identifying or producing documents pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, identify such documents specifically by Bates number and by production date.

6. In the event you decline to produce any document requested on the basis of a claim of privilege or claim of work product protection, please identify and describe the document (by date, author, addressee, signatory, subject, and length), state the privilege relied upon and the facts supporting such claim, and identify all persons who have or have had access to or received a copy of the document or any portion thereof.

7. In the event you file a proper and timely objection to a portion of any discovery request, please respond to all portions of the discovery request that do not fall within the ambit of your objection. For example, if you object to a discovery request on the grounds that it is too

8. broad insofar as it covers time periods that you contend are not relevant to this litigation, you should answer as to all time periods which you contend are relevant.

9. For each of the document requests listed below, please indicate in your written response whether documents exist that are responsive to the request.

## INTERROGATORIES

## INTERROGATORY NO. 1:

Do you contend that gasoline containing MTBE manufactured by TOTAL at its Port Arthur Refinery either could have or actually did cause or contribute to any of the alleged actual or threatened MTBE contamination at issue in this case? If your answer is anything other than an unqualified "no," please state the factual basis for your contention.

## ANSWER:

## INTERROGATORY NO. 2:

If your answer to Interrogatory No. 1 is anything other than an unqualified "no," for each of the following wells in the Jamaica Water System geographic area, please state whether you contend the well either has been or could have been contaminated or threatened with contamination by gasoline containing MTBE manufactured by TOTAL at its Port Arthur Refinery, and state the factual basis for your contention.

| | | | | | |
|---|---|---|---|---|---|
| a. | Well No. 5 | s. | Well No. 26A | kk. | Well No. 47A |
| b. | Well No. 5A | t. | Well No. 27 | ll. | Well No. 48 |
| c. | Well No. 6 | u. | Well No. 29 | mm. | Well No. 48A |
| d. | Well No. 6A | v. | Well No. 29A | nn. | Well No. 49 |
| e. | Well No. 6B | w. | Well No. 31 | oo. | Well No. 49A |
| f. | Well No. 6D | x. | Well No. 32 | pp. | Well No. 50 |
| g. | Well No. 7 | y. | Well No. 33 | qq. | Well No. 50A |
| h. | Well No. 7B | z. | Well No. 36 | rr. | Well No. 51 |
| i. | Well No. 10 | aa. | Well No. 37 | ss. | Well No. 52 |
| j. | Well No. 10A | bb. | Well No. 39 | tt. | Well No. 53 |
| k. | Well No. 13 | cc. | Well No. 39A | uu. | Well No. 53A |
| l. | Well No. 13A | dd. | Well No. 41 | vv. | Well No. 54 |
| m. | Well No. 18 | ee. | Well No. 42 | ww. | Well No. 54A |
| n. | Well No. 21 | ff. | Well No. 42A | xx. | Well No. 55 |
| o. | Well No. 21A | gg. | Well No. 43 | yy. | Well No. 56 |
| p. | Well No. 22 | hh. | Well No. 43A | zz. | Well No. 58 |
| q. | Well No. 23 | ii. | Well No. 45 | aaa. | Well No. 59 |
| r. | Well No. 26 | jj. | Well No. 47 | | |

**ANSWER:**

**INTERROGATORY NO. 3:**

Do you contend that gasoline containing MTBE manufactured by TOTAL at its Big Spring Refinery either could have or actually did cause or contribute to any of the alleged actual or threatened MTBE contamination at issue in this case? If your answer is anything other than an unqualified "no," please state the factual basis for your contention.

**ANSWER:**

**INTERROGATORY NO. 4:**

If your answer to Interrogatory No. 3 is anything other than an unqualified "no," for each of the following wells in the Jamaica Water System geographic area, please state whether you contend the well has been or could have been contaminated or threatened with contamination by gasoline containing MTBE manufactured by TOTAL at its Big Spring Refinery, and state the factual basis for your contention.

| | | | | | |
|---|---|---|---|---|---|
| a. | Well No. 5 | s. | Well No. 26A | kk. | Well No. 47A |
| b. | Well No. 5A | t. | Well No. 27 | ll. | Well No. 48 |
| c. | Well No. 6 | u. | Well No. 29 | mm. | Well No. 48A |
| d. | Well No. 6A | v. | Well No. 29A | nn. | Well No. 49 |
| e. | Well No. 6B | w. | Well No. 31 | oo. | Well No. 49A |
| f. | Well No. 6D | x. | Well No. 32 | pp. | Well No. 50 |
| g. | Well No. 7 | y. | Well No. 33 | qq. | Well No. 50A |
| h. | Well No. 7B | z. | Well No. 36 | rr. | Well No. 51 |
| i. | Well No. 10 | aa. | Well No. 37 | ss. | Well No. 52 |
| j. | Well No. 10A | bb. | Well No. 39 | tt. | Well No. 53 |
| k. | Well No. 13 | cc. | Well No. 39A | uu. | Well No. 53A |
| l. | Well No. 13A | dd. | Well No. 41 | vv. | Well No. 54 |
| m. | Well No. 18 | ee. | Well No. 42 | ww. | Well No. 54A |
| n. | Well No. 21 | ff. | Well No. 42A | xx. | Well No. 55 |
| o. | Well No. 21A | gg. | Well No. 43 | yy. | Well No. 56 |
| p. | Well No. 22 | hh. | Well No. 43A | zz. | Well No. 58 |
| q. | Well No. 23 | ii. | Well No. 45 | aaa. | Well No. 59 |
| r. | Well No. 26 | jj. | Well No. 47 | | |

**ANSWER:**

## INTERROGATORY NO. 5:

Do you contend that gasoline containing MTBE blended by TOTAL at its New Jersey Operations either could have or actually did cause or contribute to any of the alleged actual or threatened MTBE contamination at issue in this case? If your answer is anything other than an unqualified "no," please state the factual basis for your contention.

## ANSWER:

## INTERROGATORY NO. 6:

If your answer to Interrogatory No. 5 is anything other than an unqualified "no," for each of the following wells in the Jamaica Water System geographic area, please state whether you contend the well has been or could have been contaminated or threatened with contamination by gasoline containing MTBE blended by TOTAL at its New Jersey Operations, and state the factual basis for your contention.

| | | | | | |
|---|---|---|---|---|---|
| a. | Well No. 5 | s. | Well No. 26A | kk. | Well No. 47A |
| b. | Well No. 5A | t. | Well No. 27 | ll. | Well No. 48 |
| c. | Well No. 6 | u. | Well No. 29 | mm. | Well No. 48A |
| d. | Well No. 6A | v. | Well No. 29A | nn. | Well No. 49 |
| e. | Well No. 6B | w. | Well No. 31 | oo. | Well No. 49A |
| f. | Well No. 6D | x. | Well No. 32 | pp. | Well No. 50 |
| g. | Well No. 7 | y. | Well No. 33 | qq. | Well No. 50A |
| h. | Well No. 7B | z. | Well No. 36 | rr. | Well No. 51 |
| i. | Well No. 10 | aa. | Well No. 37 | ss. | Well No. 52 |
| j. | Well No. 10A | bb. | Well No. 39 | tt. | Well No. 53 |
| k. | Well No. 13 | cc. | Well No. 39A | uu. | Well No. 53A |
| l. | Well No. 13A | dd. | Well No. 41 | vv. | Well No. 54 |
| m. | Well No. 18 | ee. | Well No. 42 | ww. | Well No. 54A |
| n. | Well No. 21 | ff. | Well No. 42A | xx. | Well No. 55 |
| o. | Well No. 21A | gg. | Well No. 43 | yy. | Well No. 56 |
| p. | Well No. 22 | hh. | Well No. 43A | zz. | Well No. 58 |
| q. | Well No. 23 | ii. | Well No. 45 | aaa. | Well No. 59 |
| r. | Well No. 26 | jj. | Well No. 47 | | |

## ANSWER:

## INTERROGATORY NO. 7:

Do you contend that gasoline containing MTBE imported by TOTAL at its New Jersey Operations either could have or actually did cause or contribute to any of the alleged actual or threatened MTBE contamination at issue in this case? If your answer is anything other than an unqualified "no," please state the factual basis for your contention.

**ANSWER:**

**INTERROGATORY NO. 8:**

If your answer to Interrogatory No. 7 is anything other than an unqualified "no," for each of the following wells in the Jamaica Water System geographic area, please state whether you contend the well has been or could have been contaminated or threatened with contamination by gasoline containing MTBE imported by TOTAL at its New Jersey Operations, and state the factual basis for your contention.

| | | | | | | |
|---|---|---|---|---|---|---|
| a. | Well No. 5 | s. | Well No. 26A | kk. | Well No. 47A |
| b. | Well No. 5A | t. | Well No. 27 | ll. | Well No. 48 |
| c. | Well No. 6 | u. | Well No. 29 | mm. | Well No. 48A |
| d. | Well No. 6A | v. | Well No. 29A | nn. | Well No. 49 |
| e. | Well No. 6B | w. | Well No. 31 | oo. | Well No. 49A |
| f. | Well No. 6D | x. | Well No. 32 | pp. | Well No. 50 |
| g. | Well No. 7 | y. | Well No. 33 | qq. | Well No. 50A |
| h. | Well No. 7B | z. | Well No. 36 | rr. | Well No. 51 |
| i. | Well No. 10 | aa. | Well No. 37 | ss. | Well No. 52 |
| j. | Well No. 10A | bb. | Well No. 39 | tt. | Well No. 53 |
| k. | Well No. 13 | cc. | Well No. 39A | uu. | Well No. 53A |
| l. | Well No. 13A | dd. | Well No. 41 | vv. | Well No. 54 |
| m. | Well No. 18 | ee. | Well No. 42 | ww. | Well No. 54A |
| n. | Well No. 21 | ff. | Well No. 42A | xx. | Well No. 55 |
| o. | Well No. 21A | gg. | Well No. 43 | yy. | Well No. 56 |
| p. | Well No. 22 | hh. | Well No. 43A | zz. | Well No. 58 |
| q. | Well No. 23 | ii. | Well No. 45 | aaa. | Well No. 59 |
| r. | Well No. 26 | jj. | Well No. 47 | | |

**INTERROGATORY NO. 9:**

Do you contend that gasoline containing MTBE either sold or distributed by TOTAL either could have or actually did cause or contribute to any of the alleged actual or threatened MTBE contamination at issue in this case? If your answer is anything other than an unqualified "no," please state the factual basis for your contention.

**ANSWER:**

**INTERROGATORY NO. 10:**

If your answer to Interrogatory No. 9 is anything other than an unqualified "no," for each of the following wells in the Jamaica Water System geographic area, please state whether you contend the well has been or could have been contaminated or threatened with contamination by gasoline containing MTBE either sold or distributed by TOTAL Defendants, and state the factual basis

for your contention.

| | | | | | |
|---|---|---|---|---|---|
| a. | Well No. 5 | s. | Well No. 26A | kk. | Well No. 47A |
| b. | Well No. 5A | t. | Well No. 27 | ll. | Well No. 48 |
| c. | Well No. 6 | u. | Well No. 29 | mm. | Well No. 48A |
| d. | Well No. 6A | v. | Well No. 29A | nn. | Well No. 49 |
| e. | Well No. 6B | w. | Well No. 31 | oo. | Well No. 49A |
| f. | Well No. 6D | x. | Well No. 32 | pp. | Well No. 50 |
| g. | Well No. 7 | y. | Well No. 33 | qq. | Well No. 50A |
| h. | Well No. 7B | z. | Well No. 36 | rr. | Well No. 51 |
| i. | Well No. 10 | aa. | Well No. 37 | ss. | Well No. 52 |
| j. | Well No. 10A | bb. | Well No. 39 | tt. | Well No. 53 |
| k. | Well No. 13 | cc. | Well No. 39A | uu. | Well No. 53A |
| l. | Well No. 13A | dd. | Well No. 41 | vv. | Well No. 54 |
| m. | Well No. 18 | ee. | Well No. 42 | ww. | Well No. 54A |
| n. | Well No. 21 | ff. | Well No. 42A | xx. | Well No. 55 |
| o. | Well No. 21A | gg. | Well No. 43 | yy. | Well No. 56 |
| p. | Well No. 22 | hh. | Well No. 43A | zz. | Well No. 58 |
| q. | Well No. 23 | ii. | Well No. 45 | aaa. | Well No. 59 |
| r. | Well No. 26 | jj. | Well No. 47 | | |

**ANSWER:**


**INTERROGATORY NO. 11:**

Do you contend that TOTAL ever owned or operated a retail service station in the RGA? If your answer is anything other than an unqualified "no," please state the factual basis for your contention.

**ANSWER:**


**INTERROGATORY NO. 12:**

Do you contend that TOTAL has owned or operated an underground storage tank in the RGA? If your answer is anything other than an unqualified "no," please state the factual basis for your contention.

**ANSWER:**


**INTERROGATORY NO. 13:**

Do you contend that TOTAL ever owned or operated a terminal or other gasoline storage/distribution facility in the RGA? If your answer is anything other than an unqualified "no," please state the factual basis for your contention.

**ANSWER:**


**INTERROGATORY NO. 14:**

Do you contend that TOTAL ever distributed or sold gasoline containing MTBE within the RGA? If your answer is anything other than an unqualified "no," please state the factual basis for your contention.

**ANSWER:**


**INTERROGATORY NO. 15:**

Do you contend that TOTAL ever held title to any gasoline containing MTBE while it was physically present in the RGA? If your answer is anything other than an unqualified "no," please state the factual basis for your contention.

**ANSWER:**


**INTERROGATORY NO. 16:**

Do you contend that TOTAL ever caused a release of gasoline containing MTBE that either could have or actually did contribute to any of the alleged actual or threatened contamination at issue in this case? If your answer is anything other than an unqualified "no," please state the factual basis for your contention.

**ANSWER:**


**INTERROGATORY NO. 17:**

If your answer to Interrogatory No. 16 is anything other than an unqualified "no," for each of the following wells in the Jamaica Water System geographic area, please state whether you contend TOTAL caused a release of gasoline containing MTBE that either could have contributed or actually did contribute to any of the alleged actual or threatened contamination present at each such well, and state the factual basis for your contention.

| | | | | | |
|---|---|---|---|---|---|
| a. | Well No. 5 | s. | Well No. 26A | kk. | Well No. 47A |
| b. | Well No. 5A | t. | Well No. 27 | ll. | Well No. 48 |
| c. | Well No. 6 | u. | Well No. 29 | mm. | Well No. 48A |
| d. | Well No. 6A | v. | Well No. 29A | nn. | Well No. 49 |
| e. | Well No. 6B | w. | Well No. 31 | oo. | Well No. 49A |
| f. | Well No. 6D | x. | Well No. 32 | pp. | Well No. 50 |
| g. | Well No. 7 | y. | Well No. 33 | qq. | Well No. 50A |

| | | | | | | |
|---|---|---|---|---|---|---|
| h. | Well No. 7B | z. | Well No. 36 | rr. | Well No. 51 |
| i. | Well No. 10 | aa. | Well No. 37 | ss. | Well No. 52 |
| j. | Well No. 10A | bb. | Well No. 39 | tt. | Well No. 53 |
| k. | Well No. 13 | cc. | Well No. 39A | uu. | Well No. 53A |
| l. | Well No. 13A | dd. | Well No. 41 | vv. | Well No. 54 |
| m. | Well No. 18 | ee. | Well No. 42 | ww. | Well No. 54A |
| n. | Well No. 21 | ff. | Well No. 42A | xx. | Well No. 55 |
| o. | Well No. 21A | gg. | Well No. 43 | yy. | Well No. 56 |
| p. | Well No. 22 | hh. | Well No. 43A | zz. | Well No. 58 |
| q. | Well No. 23 | ii. | Well No. 45 | aaa. | Well No. 59 |
| r. | Well No. 26 | jj. | Well No. 47 | | |

**ANSWER:**


**INTERROGATORY NO. 18:**

Do you contend that gasoline containing MTBE manufactured by TOTAL at its Port Arthur Refinery was actually delivered to any retail service stations within the RGA? If your answer is anything other than an unqualified "no," please state the factual basis for your contention. Please include in your answer all modes or routes of transportation you contend were used to deliver any such gasoline to the RGA. Also, please identify each retail service station you contend actually received a shipment of gasoline containing MTBE that was manufactured by TOTAL at its Port Arthur Refinery.

**ANSWER:**


**INTERROGATORY NO. 19:**

Do you contend that gasoline containing MTBE manufactured by TOTAL at its Big Spring Refinery was actually delivered to any retail service stations within the RGA? If your answer is anything other than an unqualified "no," please state the factual basis for your contention. Please include in your answer all modes or routes of transportation you contend were used to deliver any such gasoline to the RGA. Also, please identify each retail service station you contend actually received a shipment of gasoline containing MTBE that was manufactured by TOTAL at its Big Spring Refinery.

**ANSWER:**


**INTERROGATORY NO. 20:**

Do you contend that gasoline containing MTBE either blended or imported by TOTAL at its New Jersey Operations was actually delivered to any retail service stations within the RGA? If your answer is anything other than an unqualified "no," please state the factual basis for your

contention. Please include in your answer all modes or routes of transportation you contend were used to deliver any such gasoline to the RGA. Also, please identify each retail service station you contend actually received a shipment of gasoline containing MTBE that was manufactured by TOTAL at its Big Spring Refinery.

**ANSWER:**


## INTERROGATORY NO. 21:

Do you contend that TOTAL ever sold, distributed, or otherwise held title to any gasoline containing MTBE that was actually delivered to any retail stations within the RGA? If your answer is anything other than an unqualified "no," please state the factual basis for your contention. Please include in your answer all modes or routes of transportation you contend were used by TOTAL to sell or distribute gasoline containing MTBE either directly to retail stations within the RGA or to distributors who ultimately delivered such gasoline to retail stations within the RGA. Also, please identify each delivery point or retail service station you contend actually received a shipment of gasoline containing MTBE that was sold or distributed by TOTAL, or to which TOTAL otherwise ever held title.

**ANSWER:**


## INTERROGATORY NO. 22:

Do you contend that TOTAL had either an express agreement or tacit understanding with any Defendant or third party to manufacture or distribute gasoline containing MTBE for an unlawful purpose? If your answer is anything other than an unqualified "no," please provide the factual basis for your contention that TOTAL had either an express agreement or tacit understanding with any Defendant or third party to accomplish an unlawful purpose by manufacturing or distributing gasoline containing MTBE. Please identify in your answer:

- a.  every piece of evidence you believe substantiates your contention that TOTAL had either an express agreement or tacit understanding with any Defendant or third party
- b.  each Defendant or third party with whom you contend TOTAL had such an express agreement or tacit understanding
- c.  each unlawful purpose you contend TOTAL sought to achieve by means of such agreement or understanding
- d.  each intentional act you contend was performed by TOTAL furtherance of such agreement or understanding all damages you contend you suffered as a result of such agreement or understanding.

**ANSWER:**

**INTERROGATORY NO. 23:**

Do you contend that TOTAL misrepresented any facts concerning MTBE and/or TBA? If your answer anything other than an unqualified "no," please state the factual basis for your contention. In your answer please identify each such alleged misrepresentation made by TOTAL, including the individual(s) making the statement, the individual(s) to whom the statement was made, the date of the statement, and the Bates number or deposition transcript citation of any evidence supporting your contention.

**ANSWER:**


**INTERROGATORY NO. 24:**

Do you contend that TOTAL improperly withheld any information concerning MTBE and/or TBA from any federal, state, or local government entity or agency? If your answer is anything other than an unqualified "no," please state the factual basis for your contention. In your answer please identify the information that was improperly withheld, the employees or agents of TOTAL with knowledge of such information, the date(s) on which such knowledge was acquired, the government entities or agencies to whom you contend such information should have been disclosed, and the date on which such disclosure should have taken place.

**ANSWER:**


**INTERROGATORY NO. 25:**

Please identify each fact you contend "Defendants secretly shared with [TOTAL regarding] the dangers and risks posed by manufacturing, marketing, distributing, designing, supplying, and selling [MTBE and gasoline containing MTBE]."

**ANSWER:**


**INTERROGATORY NO. 26:**

Please identify each fact you contend Defendants secretly shared with TOTAL regarding Defendants' "knowledge of leaking underground storage tanks."

**ANSWER:**


**INTERROGATORY NO. 27:**

Please identify each statement you contend was made either by TOTAL or on TOTAL's behalf which denied information contained in the "1986 public report issued by the Maine Department

of Environmental Protection."

**ANSWER:**


**INTERROGATORY NO. 28:**

Please state the date on which you contend the United States Environmental Protection Agency received a copy of the "1986 public report issued by the Maine Department of Environmental Protection."

**ANSWER:**


**INTERROGATORY NO. 29:**

Please state each fact upon which you base your contention that TOTAL "privately possessed knowledge that validated the Maine Report's findings."

**ANSWER:**


**INTERROGATORY NO. 30:**

Please state each fact upon which you base your contention that TOTAL "intentionally withheld information, suppressed industry research, and/or intentionally made misrepresentations about MTBE's safety."

**ANSWER:**


**INTERROGATORY NO. 31:**

Do you contend that TOTAL failed to issue adequate warnings to their customers or downstream handlers regarding the characteristics of MTBE? If your answer is anything other than an unqualified "no," please state the factual basis for your contention that warnings issued by TOTAL were inadequate. Please include in your answer each warning that you contend TOTAL should have provided, the persons or entities to which you contend the warning should have been provided, and the date on which such warning should have been provided.

**ANSWER:**


**INTERROGATORY NO. 32:**

For each warning identified in response to Interrogatory No. 31, do you contend that each such

warning would have altered the behavior of the recipient? If your answer is anything other than an unqualified "no," please state the factual basis for your contention. Include in your answer the precise means by which you contend the recipient of the warning would have altered their behavior.

**ANSWER:**


**INTERROGATORY NO. 33:**

Identify all persons with knowledge of any factual information included in your responses to TOTAL's First Set of Interrogatories and Requests for Production of Documents to Plaintiff City of New York.

**ANSWER:**

# REQUESTS FOR PRODUCTION

## REQUEST FOR PRODUCTION NO. 1:

Produce all documents supporting your assertion, if any, that gasoline containing MTBE that was manufactured, blended, distributed, or sold by TOTAL could have reached, or did in fact reach, the RGA.

**RESPONSE:**


## REQUEST FOR PRODUCTION NO. 2:

Produce all documents supporting your assertion, if any, that gasoline containing MTBE that was manufactured, blended, distributed, or sold by TOTAL could have reached, or did in fact reach, any service station in the RGA.

**RESPONSE:**


## REQUEST FOR PRODUCTION NO. 3:

Produce all documents supporting your assertion, if any, that gasoline containing MTBE that was manufactured, blended, distributed, or sold by TOTAL could have caused or contributed to, or did in fact cause or contribute to, any of the alleged contamination present at any of the City's wells listed in Interrogatory No. 2.

**RESPONSE:**


## REQUEST FOR PRODUCTION NO. 4:

Produce all documents you obtained from sources other than TOTAL from which you intend to calculate TOTAL's regional or national share of the market for crude refining capacity, gasoline production generally, production of gasoline containing MTBE, or retail sales of gasoline products.

**RESPONSE:**


## REQUEST FOR PRODUCTION NO. 5:

Produce all documents you relied upon in answering the Interrogatories set forth above.

**RESPONSE:**

**EXHIBIT A11**



22543155

Nov 19 2008
4:04PM

UNITED STATES DISTRICT COURT   )
SOUTHERN DISTRICT OF NEW YORK  )

   )

_____ )

   )

In re Methyl Tertiary-Butyl Ether   )
("MTBE") Products Liability Litigation  )

   )

_____ )

   )

This document relates to:    )

   )

*City of New York v. Amerada Hess Corp., et*  )
*al.,* 04 Civ. 3417    )

   )

_____ )

Master File C.A. No. 1:00-1898

MDL 1358 (SAS)
No. M21-88

VALERO DEFENDANTS AND
ULTRAMAR DEFENDANTS'
FIRST SET OF INTERROGATORIES
AND REQUESTS FOR PRODUCTION
OF DOCUMENTS TO PLAINTIFF
CITY OF NEW YORK

Pursuant to FEDERAL RULES OF CIVIL PROCEDURE 26, 33, and 34, Defendants Valero

Energy Corporation ("VEC"), Valero Marketing and Supply Company ("VMSC"), and Valero

Refining and Marketing Company ("VRMC") (collectively the "Valero Defendants"); and

Ultramar Energy Inc. ("Ultramar Energy") and Ultramar Ltd. (collectively "Ultramar

Defendants") hereby propound the following interrogatories and requests for production of

documents to Plaintiff City of New York, to be answered and responded to under oath within 30

days of service in accordance with the FEDERAL RULES OF CIVIL PROCEDURE and the Rules of

this Court.

## DEFINITIONS

1. All definitions contained in Local Civil Rule 26.3 of the United States District

Court for the Southern District of New York apply to these interrogatories and are incorporated

herein by reference.

2. "City", "you," "your," "yours," or "Plaintiff" shall mean or refer to Plaintiff City

of New York and any of its present or former departments, agencies, bureaus, commissioners,

officers, employees, or agents, and anyone controlled by or acting on its behalf.

3. "Person" shall mean any commissioner, officer, employee, or agent of the City, or anyone acting on the City's behalf, including any consultant or contractor engaged or employed by the City.

4. "Defendant" or "Defendants" shall mean any party named as a defendant in the above-captioned litigation.

5. "MTBE" shall mean methyl tertiary-butyl ether.

6. "TBA" shall mean tertiary-butyl alcohol.

7. "Customer" shall mean any person to whom the City has provided water since 1979.

8. "Jamaica Water System geographic area" shall include the area in which all of the City's groundwater supply wells are located, and all portions of the City's water supply and distribution system that are connected to those wells, or used for transporting, distributing, or delivering water from the groundwater water supply wells to the City's water customers.

9. "Identify" when used in reference to a document or a tangible thing means to state: (a) the name of the person who prepared it; (b) the name of the person who signed it or over whose name it was issued; (c) the name of each person to whom it was addressed and/or distributed; (d) the nature and substance of the document with sufficient particularity to enable it to be identified; (e) its date, or, if it bears no date, the date when it was prepared; and (f) the physical location of the document and the name of its custodian or custodians.

10. "Identify" when used in reference to a person other than a natural person, shall mean to specifically state the full name of each entity, its form of organization, its present address, and the telephone number of its principal address.

11. As used in these requests, the terms "document" and "documents" have the broadest possible meaning allowed under the FEDERAL RULES OF CIVIL PROCEDURE. The definition includes, without limitation, any written, recorded, filmed, or graphic matter, whether produced, reproduced, or on paper, computer storage devices, or any other media, including, but not limited to, electronic mail, memoranda, notes, minutes, records, photographs, correspondence, studies, reports, chars, graphs, statements, notebooks, handwritten notes, applications, books, pamphlets, periodicals, notes, records, recordings of oral conversations, and work papers, and also including, but not limited to, originals and all copies that are different in any way from the original, that are in your possession, custody, or control, or in the possession, custody, or control of any of your present or former agents, representatives, or attorneys, or any and all persons acting on your behalf, including documents at any time in the possession, custody, or control of such individuals or entities known by you to exist.

12. Unless otherwise established by context, the plural shall be construed to include the singular and the singular shall be construed to include the plural to bring within the scope of the discovery sought all responses which might otherwise be construed to be outside its scope.

13. "Relating to," "relates to," "related to," or "regarding" means anything that constitutes, contains, evidences, embodies, reflects, identifies, states, refers to, deals with, comments on, responds to, describes, analyzes, or is in any way relevant to that subject.

14. "And" as well as "or" shall be construed disjunctively or conjunctively as necessary in order to bring within the scope of the discovery sought all responses which might otherwise be construed to be outside its scope.

15.     The word "including" shall be construed to mean "including, but not limited to" to bring within the scope of the discovery sought all responses which might otherwise be construed to be outside its scope.

16.     "Any" refers to any and all documents, persons, or entities inclusively, not the option of responding as to some but not others.

17.     "RGA" shall mean the Relevant Geographic Area for City of New York case as defined by the Court in Case Management Order No. 4, dated October 19, 2004.

## INSTRUCTIONS

18.     The interrogatories that follow cover all information in the City's possession, custody, or control on or after January 1, 1979, unless a different time frame is specified in a particular interrogatory.

19.     To the extent the City is withholding any information in answer to any interrogatory herein under a claim of privilege, please provide a log of privileged documents that complies with Local Rule 26.2 of the United States District Court for the Southern District of New York.

20.     These Interrogatories and Requests for Production are continuing in character so as to require you to supplement your responses.

21.     Where knowledge, information or documents in your possession are requested, the request includes knowledge of your agents, representatives, and, unless privileged, your attorneys, as well as those under your custody or control.

22.     If you elect to answer an Interrogatory by identifying or producing documents pursuant to Rule 33(d) of the FEDERAL RULES OF CIVIL PROCEDURE, identify such documents specifically by Bates number and by production date.

23. In the event you decline to produce any document requested on the basis of a claim of privilege or claim of work product protection, please identify and describe the document (by date, author, addressee, signatory, subject, and length), state the privilege relied upon and the facts supporting such claim, and identify all persons who have or have had access to or received a copy of the document or any portion thereof.

24. In the event you file a proper and timely objection to a portion of any discovery request, please respond to all portions of the discovery request that do not fall within the ambit of your objection. For example, if you object to a discovery request on the grounds that it is too broad insofar as it covers time periods that you contend are not relevant to this litigation, you should answer as to all time periods which you contend are relevant.

25. For each of the document requests listed below, please indicate in your written response whether documents exist that are responsive to the request.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Do you contend that gasoline containing MTBE manufactured by Ultramar Defendants caused or contributed to any of the alleged actual or threatened MTBE contamination at issue in this case?

### ANSWER:


### INTERROGATORY NO. 2:

If your answer to Interrogatory No. 1 is anything other than an unqualified "no," please state the factual basis for your contention.

### ANSWER:

## INTERROGATORY NO. 3:

If your answer to Interrogatory No. 1 is anything other than an unqualified "no," for each of the following wells in the Jamaica Water System geographic area, please state whether you contend the well has been contaminated, or is threatened with contamination, by gasoline containing MTBE manufactured by Ultramar Defendants, and state the factual basis for your contention.

| | | | | | |
|---|---|---|---|---|---|
| a. | Well No. 5 | s. | Well No. 26A | kk. | Well No. 47A |
| b. | Well No. 5A | t. | Well No. 27 | ll. | Well No. 48 |
| c. | Well No. 6 | u. | Well No. 29 | mm. | Well No. 48A |
| d. | Well No. 6A | v. | Well No. 29A | nn. | Well No. 49 |
| e. | Well No. 6B | w. | Well No. 31 | oo. | Well No. 49A |
| f. | Well No. 6D | x. | Well No. 32 | pp. | Well No. 50 |
| g. | Well No. 7 | y. | Well No. 33 | qq. | Well No. 50A |
| h. | Well No. 7B | z. | Well No. 36 | rr. | Well No. 51 |
| i. | Well No. 10 | aa. | Well No. 37 | ss. | Well No. 52 |
| j. | Well No. 10A | bb. | Well No. 39 | tt. | Well No. 53 |
| k. | Well No. 13 | cc. | Well No. 39A | uu. | Well No. 53A |
| l. | Well No. 13A | dd. | Well No. 41 | vv. | Well No. 54 |
| m. | Well No. 18 | ee. | Well No. 42 | ww. | Well No. 54A |
| n. | Well No. 21 | ff. | Well No. 42A | xx. | Well No. 55 |
| o. | Well No. 21A | gg. | Well No. 43 | yy. | Well No. 56 |
| p. | Well No. 22 | hh. | Well No. 43A | zz. | Well No. 58 |
| q. | Well No. 23 | ii. | Well No. 45 | aaa. | Well No. 59 |
| r. | Well No. 26 | jj. | Well No. 47 | | |

## ANSWER:


## INTERROGATORY NO. 4:

Do you contend that gasoline containing MTBE blended by VMSC caused or contributed to any of the alleged actual or threatened MTBE contamination at issue in this case?

## ANSWER:


## INTERROGATORY NO. 5:

If your answer to Interrogatory No. 4 is anything other than an unqualified "no," please state the factual basis for your contention.

## ANSWER:

## INTERROGATORY NO. 6:

If your answer to Interrogatory No. 4 is anything other than an unqualified "no," for each of the following wells in the Jamaica Water System geographic area, please state whether you contend the well has been contaminated, or is threatened with contamination, by gasoline containing MTBE blended by VMSC, and state the factual basis for your contention.

| | | | | | |
|---|---|---|---|---|---|
| a. | Well No. 5 | s. | Well No. 26A | kk. | Well No. 47A |
| b. | Well No. 5A | t. | Well No. 27 | ll. | Well No. 48 |
| c. | Well No. 6 | u. | Well No. 29 | mm. | Well No. 48A |
| d. | Well No. 6A | v. | Well No. 29A | nn. | Well No. 49 |
| e. | Well No. 6B | w. | Well No. 31 | oo. | Well No. 49A |
| f. | Well No. 6D | x. | Well No. 32 | pp. | Well No. 50 |
| g. | Well No. 7 | y. | Well No. 33 | qq. | Well No. 50A |
| h. | Well No. 7B | z. | Well No. 36 | rr. | Well No. 51 |
| i. | Well No. 10 | aa. | Well No. 37 | ss. | Well No. 52 |
| j. | Well No. 10A | bb. | Well No. 39 | tt. | Well No. 53 |
| k. | Well No. 13 | cc. | Well No. 39A | uu. | Well No. 53A |
| l. | Well No. 13A | dd. | Well No. 41 | vv. | Well No. 54 |
| m. | Well No. 18 | ee. | Well No. 42 | ww. | Well No. 54A |
| n. | Well No. 21 | ff. | Well No. 42A | xx. | Well No. 55 |
| o. | Well No. 21A | gg. | Well No. 43 | yy. | Well No. 56 |
| p. | Well No. 22 | hh. | Well No. 43A | zz. | Well No. 58 |
| q. | Well No. 23 | ii. | Well No. 45 | aaa. | Well No. 59 |
| r. | Well No. 26 | jj. | Well No. 47 | | |

## ANSWER:


## INTERROGATORY NO. 7:

Do you contend that gasoline containing MTBE either sold or distributed by VMSC or by Ultramar Defendants caused or contributed to any of the alleged actual or threatened MTBE contamination at issue in this case?

## ANSWER:


## INTERROGATORY NO. 8:

If your answer to Interrogatory No. 7 is anything other than an unqualified "no," please state the factual basis for your contention.

## ANSWER:

**INTERROGATORY NO. 9:**

If your answer to Interrogatory No. 7 is anything other than an unqualified "no," for each of the following wells in the Jamaica Water System geographic area, please state whether you contend the well has been contaminated, or is threatened with contamination, by gasoline containing MTBE either sold or distributed by VMSC or by Ultramar Defendants, and state the factual basis for your contention.

| | | | | | |
|---|---|---|---|---|---|
| a. | Well No. 5 | s. | Well No. 26A | kk. | Well No. 47A |
| b. | Well No. 5A | t. | Well No. 27 | ll. | Well No. 48 |
| c. | Well No. 6 | u. | Well No. 29 | mm. | Well No. 48A |
| d. | Well No. 6A | v. | Well No. 29A | nn. | Well No. 49 |
| e. | Well No. 6B | w. | Well No. 31 | oo. | Well No. 49A |
| f. | Well No. 6D | x. | Well No. 32 | pp. | Well No. 50 |
| g. | Well No. 7 | y. | Well No. 33 | qq. | Well No. 50A |
| h. | Well No. 7B | z. | Well No. 36 | rr. | Well No. 51 |
| i. | Well No. 10 | aa. | Well No. 37 | ss. | Well No. 52 |
| j. | Well No. 10A | bb. | Well No. 39 | tt. | Well No. 53 |
| k. | Well No. 13 | cc. | Well No. 39A | uu. | Well No. 53A |
| l. | Well No. 13A | dd. | Well No. 41 | vv. | Well No. 54 |
| m. | Well No. 18 | ee. | Well No. 42 | ww. | Well No. 54A |
| n. | Well No. 21 | ff. | Well No. 42A | xx. | Well No. 55 |
| o. | Well No. 21A | gg. | Well No. 43 | yy. | Well No. 56 |
| p. | Well No. 22 | hh. | Well No. 43A | zz. | Well No. 58 |
| q. | Well No. 23 | ii. | Well No. 45 | aaa. | Well No. 59 |
| r. | Well No. 26 | jj. | Well No. 47 | | |

**ANSWER:**


**INTERROGATORY NO. 10:**

Do you contend that Valero Defendants or Ultramar Defendants caused a release of gasoline containing MTBE that contributed to any of the alleged actual or threatened MTBE contamination at issue in this case, or that any release or spill of gasoline containing MTBE from a Valero-branded service station in the RGA has resulted in or contributed to any actual or threatened MTBE contamination of any of the wells in the Jamaica Water System geographic area?

**ANSWER:**


**INTERROGATORY NO. 11:**

If your answer to Interrogatory No. 10 is anything other than an unqualified "no," please state the factual basis for your contention, including the address of the service station at which you

contend such a release or spill occurred, the date when you contend such a release or spill occurred, and the New York State Department of Environmental Conservation Spill Identification Number of such release or spill.

**ANSWER:**


**INTERROGATORY NO. 12:**

If your answer to Interrogatory No. 10 is anything other than an unqualified "no," for each of the following wells in the Jamaica Water System geographic area, please state whether you contend that Valero Defendants or Ultramar Defendants caused a release of gasoline containing MTBE, or that such a release occurred at a Valero-branded service station, that contributed to any of the alleged actual or threatened contamination at each such well, and state the factual basis for your contention.

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| a. | Well No. 5 | s. | Well No. 26A | kk. | Well No. 47A |
| b. | Well No. 5A | t. | Well No. 27 | ll. | Well No. 48 |
| c. | Well No. 6 | u. | Well No. 29 | mm. | Well No. 48A |
| d. | Well No. 6A | v. | Well No. 29A | nn. | Well No. 49 |
| e. | Well No. 6B | w. | Well No. 31 | oo. | Well No. 49A |
| f. | Well No. 6D | x. | Well No. 32 | pp. | Well No. 50 |
| g. | Well No. 7 | y. | Well No. 33 | qq. | Well No. 50A |
| h. | Well No. 7B | z. | Well No. 36 | rr. | Well No. 51 |
| i. | Well No. 10 | aa. | Well No. 37 | ss. | Well No. 52 |
| j. | Well No. 10A | bb. | Well No. 39 | tt. | Well No. 53 |
| k. | Well No. 13 | cc. | Well No. 39A | uu. | Well No. 53A |
| l. | Well No. 13A | dd. | Well No. 41 | vv. | Well No. 54 |
| m. | Well No. 18 | ee. | Well No. 42 | ww. | Well No. 54A |
| n. | Well No. 21 | ff. | Well No. 42A | xx. | Well No. 55 |
| o. | Well No. 21A | gg. | Well No. 43 | yy. | Well No. 56 |
| p. | Well No. 22 | hh. | Well No. 43A | zz. | Well No. 58 |
| q. | Well No. 23 | ii. | Well No. 45 | aaa. | Well No. 59 |
| r. | Well No. 26 | jj. | Well No. 47 | | |

**ANSWER:**


**INTERROGATORY NO. 13:**

Do you contend that gasoline containing MTBE manufactured by Ultramar Defendants was delivered to any retail service stations within the RGA?

**ANSWER:**

**INTERROGATORY NO. 14:**

If your answer to Interrogatory No. 13 is anything other than an unqualified "no," please state the factual basis for your contention. Please include in your answer all modes or routes of transportation you contend were used to deliver any such gasoline to the RGA. Also, please identify each retail service station you contend received a shipment of gasoline containing MTBE that was manufactured by Ultramar Defendants.

**ANSWER:**


**INTERROGATORY NO. 15:**

Do you contend that gasoline containing MTBE blended by VMSC was delivered to any retail service stations within the RGA?

**ANSWER:**


**INTERROGATORY NO. 16:**

If your answer to Interrogatory No. 15 is anything other than an unqualified "no," please state the factual basis for your contention. Please include in your answer all modes or routes of transportation you contend were used to deliver any such gasoline to the RGA. Also, please identify each retail service station you contend received a shipment of gasoline containing MTBE that was blended by VMSC.

**ANSWER:**


**INTERROGATORY NO. 17:**

Do you contend that VMSC or Ultramar Defendants ever sold, distributed, or otherwise held title to any gasoline containing MTBE that was delivered to any retail stations within the RGA?

**ANSWER:**


**INTERROGATORY NO. 18:**

If your answer to Interrogatory No. 17 is anything other than an unqualified "no," please state the factual basis for your contention. Please include in your answer all modes or routes of transportation you contend were used by VMSC or Ultramar Defendants to sell or distribute gasoline containing MTBE either directly to retail stations within the RGA or to distributors who ultimately delivered such gasoline to retail stations within the RGA. Also, please identify each delivery point or retail service station you contend received a shipment of gasoline containing

MTBE that was sold or distributed by VMSC or Ultramar Defendants, or to which VMSC or Ultramar Defendants otherwise ever held title.

**ANSWER:**


**INTERROGATORY NO. 19:**

Do you contend that Valero Defendants or Ultramar Defendants had either an express agreement or tacit understanding with any Defendant or third party to manufacture or distribute gasoline containing MTBE for an unlawful purpose?

**ANSWER:**


**INTERROGATORY NO. 20:**

If your answer to Interrogatory No. 19 is anything other than an unqualified "no," please provide the factual basis for your contention that Valero Defendants or Ultramar Defendants had either an express agreement or tacit understanding with any Defendant or third party to accomplish an unlawful purpose by manufacturing or distributing gasoline containing MTBE. Please identify in your answer:

    a.    every piece of evidence you believe substantiates your contention that Valero Defendants or Ultramar Defendants had either an express agreement or tacit understanding with any Defendant or third party

    b.    each Defendant or third party with whom you contend Valero Defendants or Ultramar Defendants had such an express agreement or tacit understanding

    c.    each unlawful purpose you contend Valero Defendants or Ultramar Defendants sought to achieve by means of such agreement or understanding

    d.    each intentional act you contend was performed by Valero Defendants or Ultramar Defendants in furtherance of such agreement or understanding

    e.    all damages you contend you suffered as a result of such agreement or understanding.

**ANSWER:**


**INTERROGATORY NO. 21:**

Do you contend that Valero Defendants or Ultramar Defendants misrepresented any facts concerning MTBE and/or TBA?

**ANSWER:**

**INTERROGATORY NO. 22:**

If your answer to Interrogatory No. 21 is anything other than an unqualified "no," please state the factual basis for your contention. In your answer please identify each such alleged misrepresentation made by Valero Defendants or Ultramar Defendants, including the individual(s) making the statement, the individual(s) to whom the statement was made, the date of the statement, and the Bates number or deposition transcript citation of any evidence supporting your contention.

**ANSWER:**

**INTERROGATORY NO. 23:**

Do you contend that Valero Defendants or Ultramar Defendants improperly withheld any information concerning MTBE and/or TBA from any federal, state, or local government entity or agency?

**ANSWER:**

**INTERROGATORY NO. 24:**

If your answer to Interrogatory No. 23 is anything other than an unqualified "no," please state the factual basis for your contention. In your answer please identify the information that was improperly withheld, the employees or agents of Valero Defendants or Ultramar Defendants with knowledge of such information, the date(s) on which such knowledge was acquired, the government entities or agencies to whom you contend such information should have been disclosed, and the date on which such disclosure should have taken place.

**ANSWER:**

**INTERROGATORY NO. 25:**

Do you contend that Valero Defendants or Ultramar Defendants failed to issue adequate warnings to their customers or downstream handlers regarding the characteristics of MTBE?

**ANSWER:**

**INTERROGATORY NO. 26:**

If your answer to Interrogatory No. 25 is anything other than an unqualified "no," please state the factual basis for your contention that warnings issued by Valero Defendants or Ultramar Defendants were inadequate. Please include in your answer each warning that you contend Valero Defendants or Ultramar Defendants should have provided, the persons or entities to which you contend the warning should have been provided, and the date on which such warning should have been provided.

**ANSWER:**


**INTERROGATORY NO. 27:**

For each warning identified in response to Interrogatory No. 26, do you contend that each such warning would have altered the behavior of the recipient? If your answer is anything other than an unqualified "no," please state the factual basis for your contention. Include in your answer the precise means by which you contend the recipient of the warning would have altered their behavior.

**ANSWER:**


**INTERROGATORY NO. 28:**

Identify all persons with knowledge of any factual information included in your responses to Valero Defendants and Ultramar Defendants' First Set of Interrogatories and Requests for Production of Documents to Plaintiff City of New York.

**ANSWER:**

# REQUESTS FOR PRODUCTION

## REQUEST FOR PRODUCTION NO. 1:

Produce all documents supporting your assertion that gasoline containing MTBE that was manufactured, blended, distributed, or sold by Valero Defendants or Ultramar Defendants could have reached, or did in fact reach, the RGA.

**RESPONSE:**


## REQUEST FOR PRODUCTION NO. 2:

Produce all documents supporting your assertion, if any, that gasoline containing MTBE that was manufactured, blended, distributed, or sold by VMSC or Ultramar Defendants could have reached, or did in fact reach, any service station in the RGA.

**RESPONSE:**


## REQUEST FOR PRODUCTION NO. 3:

Produce all documents supporting your assertion, if any, that gasoline containing MTBE that was manufactured, blended, distributed, or sold by VMSC or Ultramar Defendants could have caused or contributed to, or did in fact cause or contribute to, any of the alleged contamination present at any of the City's wells listed in Interrogatory No. 3.

**RESPONSE:**


## REQUEST FOR PRODUCTION NO. 4:

Produce all documents you obtained from sources other than Valero Defendants or Ultramar Defendants from which you intend to calculate Valero Defendants' or Ultramar Defendants' regional or national share of the market for crude refining capacity, gasoline production generally, production of gasoline containing MTBE, or retail sales of gasoline products.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:**

Produce all documents you relied upon in answering the Interrogatories set forth above.

**RESPONSE:**

Dated: November 19, 2008

_signature_

J. Clifford Gunter III
Andrew M. Taylor
M. Coy Connelly

BRACEWELL & GIULIANI LLP
711 Louisiana St., Suite 2300
Houston, Texas 77002-2770
Telephone: (713) 221-1335
Telecopier: (713) 221-2159

ATTORNEYS FOR VALERO DEFENDANTS AND
ULTRAMAR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Valero Defendants and Ultramar Defendants' First Set of Interrogatories and Requests for Production of Documents to Plaintiff City of New York was served upon counsel for the City of New York by e-mail, and upon all other counsel of record via LexisNexis File & Serve on the 19th day of November 2008.

_signature_

M. Coy Connelly