

24130694

Mar 10 2009
11:30AM

# EXHIBIT C1

**Nick Campins**

| | |
|---|---|
| **From:** | Nick Campins |
| **Sent:** | Monday, December 15, 2008 10:13 AM |
| **To:** | 'sleifer@bakerbotts.com'; 'alangan@kirkland.com'; 'phanebutt@eimerstahl.com'; 'EllisonD@howrey.com'; 'cgarvey@goodwinprocter.com'; 'coy.connelly@bgllp.com'; 'rwallace@wallaceking.com'; 'dkrainin@bdlaw.com' |
| **Cc:** | 'jpardo@mwe.com'; 'Pejan, Ramin'; Todd Robins; Jeff Osbun |
| **Subject:** | City of New York vs Amerada Hess Corp et al Case #: NY-04-CV-03417 |

Counsel:

I was recently admitted *pro hac vice* as counsel for Plaintiff City of New York ("the City") in the above-captioned action.  I write to request an extension until __January 19, 2009__ for the City to respond to the following contention interrogatories served by you on behalf of your clients:

1. Certain Defendants' First Set of Interrogatories and Document Requests Regarding Punitive Damages

2.  Atlantic Richfield Company's First Set of Interrogatories and Requests for Production of Documents to Plaintiff City of New York

3.  BP Products North America Inc.'s First Set of Interrogatories and Requests for Production of Documents to Plaintiff City of New York

4.  CITGO Defendants' First Set of Company-Specific Interrogatories and Document Requests

5.  Defendants El Paso Merchant Energy-Petroleum Company's and Coastal Eagle Point Oil Company's First Set of Company-Specific Interrogatories and Document Requests

6. Defendant Gulf Oil Limited Partnership's Requests for Admission, Interrogatories and Requests for Production to Plaintiff City of New York

7.  The Premcor Refining Group Inc.'s First Set of Interrogatories and Requests for Production of Documents to Plaintiff City of New York

8.  The Shell Defendants' First Set of Interrogatories and Document Requests Regarding Punitive Damages

9.  Defendants Sunoco, Inc. and Sunoco, Inc. (R&M)'s First Set of Company-Specific Interrogatories and Document Requests

10.  Total Petrochemicals USA, Inc.'s First Set of Interrogatories and Requests for Production of Documents to Plaintiff City of New York

11.  Valero Defendants and Ultramar Defendants' First Set of Interrogatories and Requests for Production of Documents to Plaintiff City of New York

This extension request is consistent with the parties' agreement to extend the fact-discovery cutoff for already-served discovery by 30 days.

Please indicate whether you consent to this extension by reply email by the close of business on Tuesday, December 16.    Thank you in advance for your professional courtesy.


Best regards,


Nick Campins

Sher Leff LLP
450 Mission Street, Suite 400
San Francisco, CA  94105
(415) 348-8300 x202 (phone)
(415) 348-8333 (fax)

ncampins@sherleff.com

The information in this E-mail message is legally privileged and confidential information intended only for the use of the individual(s) named above. If you, the reader of this message, are not the intended recipient, you are hereby notified that you should not further disseminate, distribute, or forward this E-mail message. If you have received this E-mail in error, please notify the sender. Thank you.

**EXHIBIT C2**

**From:** Pardo, James [jpardo@mwe.com]

**Sent:** Tuesday, December 16, 2008 10:34 AM

**To:** Nick Campins

**Cc:** Pejan, Ramin; Todd Robins; Jeff Osbun; sleifer@bakerbotts.com; alangan@kirkland.com; phanebutt@EimerStahl.com; ellisonD@howrey.com; cgarvey@goodwinprocter.com; coy.connelly@bgllp.com; rwallace@wallaceking.com; dkrainin@bdlaw.com

**Subject:** RE: City of New York vs Amerada Hess Corp et al Case #: NY-04-CV-03417

Mr. Campins,

The defendants to whom you made this extension request have asked me to forward this single response on their behalf.

The pre-trial schedule has both sides on several very tight deadlines -- a fact the City emphasized last week when a few defendants requested one additional week (7 calendar days total) to prepare their respective responses to the City's pipeline RFAs and Interrogatories. Given the very tight schedule that both sides have negotiated, agreed to and jointly proposed for the Court, Defendants cannot agree to the 30+ day extension you have requested. Defendants will agree to an extension of seven (7) business days for the City to prepare and serve its responses. Please confirm.

- Jim

**From:** Nick Campins [mailto:ncampins@sherleff.com]
**Sent:** Monday, December 15, 2008 1:13 PM
**To:** sleifer@bakerbotts.com; alangan@kirkland.com; phanebutt@EimerStahl.com; ellisonD@howrey.com; cgarvey@goodwinprocter.com; coy.connelly@bgllp.com; rwallace@wallaceking.com; dkrainin@bdlaw.com
**Cc:** Pardo, James; Pejan, Ramin; Todd Robins; Jeff Osbun
**Subject:** City of New York vs Amerada Hess Corp et al Case #: NY-04-CV-03417

Counsel:

I was recently admitted *pro hac vice* as counsel for Plaintiff City of New York ("the City") in the above-captioned action. I write to request an extension until **January 19, 2009** for the City to respond to the following contention interrogatories served by you on behalf of your clients:

1. Certain Defendants' First Set of Interrogatories and Document Requests Regarding Punitive Damages

2. Atlantic Richfield Company's First Set of Interrogatories and Requests for Production of Documents to Plaintiff City of New York

3. BP Products North America Inc.'s First Set of Interrogatories and Requests for Production of Documents to Plaintiff City of New York

4. CITGO Defendants' First Set of Company-Specific Interrogatories and Document Requests

5. Defendants El Paso Merchant Energy-Petroleum Company's and Coastal Eagle Point Oil Company's First Set of Company-Specific Interrogatories and Document Requests

6. Defendant Gulf Oil Limited Partnership's Requests for Admission, Interrogatories and Requests for Production to Plaintiff City of New York

7. The Premcor Refining Group Inc.'s First Set of Interrogatories and Requests for Production of Documents to Plaintiff City of New York

8. The Shell Defendants' First Set of Interrogatories and Document Requests Regarding Punitive Damages

9. Defendants Sunoco, Inc. and Sunoco, Inc. (R&M)'s First Set of Company-Specific Interrogatories and Document Requests

10. Total Petrochemicals USA, Inc.'s First Set of Interrogatories and Requests for Production of Documents to Plaintiff City of New York

11. Valero Defendants and Ultramar Defendants' First Set of Interrogatories and Requests for Production of Documents to Plaintiff City of New York

This extension request is consistent with the parties' agreement to extend the fact-discovery cutoff for already-served discovery by 30 days.

Please indicate whether you consent to this extension by reply email by the close of business on Tuesday, December 16. Thank you in advance for your professional courtesy.


Best regards,


Nick Campins

Sher Leff LLP
450 Mission Street, Suite 400
San Francisco, CA  94105
(415) 348-8300 x202 (phone)
(415) 348-8333 (fax)

ncampins@sherleff.com

The information in this E-mail message is legally privileged and confidential information intended only for the use of the individual(s) named above. If you, the reader of this message, are not the intended recipient, you are hereby notified that you should not further disseminate, distribute, or forward this E-mail message. If you have received this E-mail in error, please notify the sender. Thank you.



*******************************************************************************************************
IRS Circular 230 Disclosure: To comply with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained herein (including any attachments), unless specifically stated otherwise, is not intended or written to be used, and cannot be used, for the purposes of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter herein.
_____

This message is a PRIVILEGED AND CONFIDENTIAL communication. This message and all attachments are a private communication sent by a law firm and may be confidential or protected by privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information contained in or attached to this message is strictly prohibited. Please notify the sender of the delivery error by replying to this message, and then delete it from your system. Thank you.
*******************************************************************************************************

Please visit http://www.mwe.com/ for more information about our Firm.

**EXHIBIT C3**

# Nick Campins

**From:** Nick Campins
**Sent:** Wednesday, December 17, 2008 9:57 AM
**To:** 'Pardo, James'
**Cc:** sleifer@bakerbotts.com; alangan@kirkland.com; phanebutt@EimerStahl.com; ellisonD@howrey.com; cgarvey@goodwinprocter.com; coy.connelly@bgllp.com; rwallace@wallaceking.com; dkrainin@bdlaw.com; Pejan, Ramin; Todd Robins; Jeff Osbun
**Subject:** RE: City of New York vs Amerada Hess Corp et al Case #: NY-04-CV-03417

Mr. Pardo:

I am disappointed to hear that defendants are unwilling to provide the City with a sufficient extension to respond to the massive and unreasonable volume of discovery served by defendants, which includes 12 separate sets of Contention Interrogatories, Requests for Admissions, and Document Requests, containing over 240 separate interrogatories and requests, some of which contain over 50 subparts each, and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, with tens of thousands of pages of deposition and other testimony. As you know, the parties' counsel in this litigation have always been able to accommodate one another's discovery adjournment requests in good faith. Your unreasonable offer to provide only an additional week that coincides with the December holidays hardly conforms to past practice.

Defendants' refusal to grant a longer extension based on a "tight schedule" is all the more disappointing in light of the parties' recent extension of the fact discovery cut-off, which expressly contemplated an extension of already-served discovery until January 19, 2009. As you are well aware, the City worked in good faith with Defendants and gave them the requested extension to complete their 30(b)(6) depositions of the City and other discovery.

Finally, the City further disagrees with your mischaracterization of the City's response to Certain Defendants' request for a one week extension regarding the City's Requests for Admissions to all Defendants regarding Pipelines and the City's Fourth Set of Interrogatories Regarding Pipelines. In fact, as you are well aware, the City agreed to such an extension in a December 12, 2008 e-mail to you, asking only that Defendants not object to its supplementation of reports with any additional data, saying:

> As per our conversation this morning, the City does not oppose granting a one week extension to the Sunoco, Coastal and Marathon defendants to respond to the City's outstanding interrogatories regarding pipelines (and RFAs with respect to Coastal) on the condition that the City reserves its rights to enable the City's product distribution expert to submit a supplement to his expert report to respond to this new information on or before December 31, 2008.

*Id.*

In light of the above, the City will file Responses and Objections on December 18 and 19.
Sincerely,

Nick Campins

Sher Leff LLP
450 Mission Street, Suite 400
San Francisco, CA 94105
(415) 348-8300 x202 (phone)
(415) 348-8333 (fax)

ncampins@sherleff.com

The information in this E-mail message is legally privileged and confidential information intended only for the use of the individual(s) named above. If you, the reader of this message, are not the intended recipient, you are hereby notified that you should not further disseminate, distribute, or forward this E-mail message. If you have received this E-mail in error, please notify the sender. Thank you.

**From:** Pardo, James [mailto:jpardo@mwe.com]
**Sent:** Tuesday, December 16, 2008 10:34 AM
**To:** Nick Campins
**Cc:** Pejan, Ramin; Todd Robins; Jeff Osbun; sleifer@bakerbotts.com; alangan@kirkland.com; phanebutt@EimerStahl.com;

ellisonD@howrey.com; cgarvey@goodwinprocter.com; coy.connelly@bgllp.com; rwallace@wallaceking.com; dkrainin@bdlaw.com
**Subject:** RE: City of New York vs Amerada Hess Corp et al Case #: NY-04-CV-03417

Mr. Campins,

The defendants to whom you made this extension request have asked me to forward this single response on their behalf.

The pre-trial schedule has both sides on several very tight deadlines -- a fact the City emphasized last week when a few defendants requested one additional week (7 calendar days total) to prepare their respective responses to the City's pipeline RFAs and Interrogatories.  Given the very tight schedule that both sides have negotiated, agreed to and jointly proposed for the Court, Defendants cannot agree to the 30+ day extension you have requested.  Defendants will agree to an extension of seven (7) business days for the City to prepare and serve its responses.  Please confirm.

- Jim

---

**From:** Nick Campins [mailto:ncampins@sherleff.com]
**Sent:** Monday, December 15, 2008 1:13 PM
**To:** sleifer@bakerbotts.com; alangan@kirkland.com; phanebutt@EimerStahl.com; ellisonD@howrey.com; cgarvey@goodwinprocter.com; coy.connelly@bgllp.com; rwallace@wallaceking.com; dkrainin@bdlaw.com
**Cc:** Pardo, James; Pejan, Ramin; Todd Robins; Jeff Osbun
**Subject:** City of New York vs Amerada Hess Corp et al Case #: NY-04-CV-03417

Counsel:

I was recently admitted *pro hac vice* as counsel for Plaintiff City of New York ("the City") in the above-captioned action.  I write to request an extension until <u>January 19, 2009</u> for the City to respond to the following contention interrogatories served by you on behalf of your clients:

1. Certain Defendants' First Set of Interrogatories and Document Requests Regarding Punitive Damages

2. Atlantic Richfield Company's First Set of Interrogatories and Requests for Production of Documents to Plaintiff City of New York

3. BP Products North America Inc.'s First Set of Interrogatories and Requests for Production of Documents to Plaintiff City of New York

4. CITGO Defendants' First Set of Company-Specific Interrogatories and Document Requests

5. Defendants El Paso Merchant Energy-Petroleum Company's and Coastal Eagle Point Oil Company's First Set of Company-Specific Interrogatories and Document Requests

6. Defendant Gulf Oil Limited Partnership's Requests for Admission, Interrogatories and Requests for Production to Plaintiff City of New York

7. The Premcor Refining Group Inc.'s First Set of Interrogatories and Requests for Production of Documents to Plaintiff City of New York

8. The Shell Defendants' First Set of Interrogatories and Document Requests Regarding Punitive Damages

9. Defendants Sunoco, Inc. and Sunoco, Inc. (R&M)'s First Set of Company-Specific Interrogatories and Document Requests

10. Total Petrochemicals USA, Inc.'s First Set of Interrogatories and Requests for Production of Documents to Plaintiff City of New York

11. Valero Defendants and Ultramar Defendants' First Set of Interrogatories and Requests for Production of Documents to Plaintiff City of New York

This extension request is consistent with the parties' agreement to extend the fact-discovery cutoff for already-served discovery by 30 days.

Please indicate whether you consent to this extension by reply email by the close of business on Tuesday, December 16. Thank you in advance for your professional courtesy.

Best regards,

Nick Campins

Sher Leff LLP
450 Mission Street, Suite 400
San Francisco, CA  94105
(415) 348-8300 x202 (phone)
(415) 348-8333 (fax)


ncampins@sherleff.com

The information in this E-mail message is legally privileged and confidential information intended only for the use of the individual(s) named above. If you, the reader of this message, are not the intended recipient, you are hereby notified that you should not further disseminate, distribute, or forward this E-mail message. If you have received this E-mail in error, please notify the sender. Thank you.


*************************************************************************************************************
IRS Circular 230 Disclosure: To comply with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained herein (including any attachments), unless specifically stated otherwise, is not intended or written to be used, and cannot be used, for the purposes of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter herein.
_____

This message is a PRIVILEGED AND CONFIDENTIAL communication. This message and all attachments are a private communication sent by a law firm and may be confidential or protected by privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information contained in or attached to this message is strictly prohibited. Please notify the sender of the delivery error by replying to this message, and then delete it from your system. Thank you.
*************************************************************************************************************

Please visit http://www.mwe.com/ for more information about our Firm.

**EXHIBIT C4**

# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS



200 East Randolph Drive
Chicago, Illinois 60601

J. Andrew Langan, P.C.
To Call Writer Directly:
(312) 861-2064
alangan@kirkland.com

(312) 861-2000

www.kirkland.com

Facsimile:
(312) 861-2200

March 3, 2009


Via Email and LNFS

Susan E. Amron, Deputy Chief
Environmental Law Division
New York City Law Department
100 Church Street
New York, New York 10007

      Re:    MDL 1358 - *City of New York v. Amerada Hess et al*
             No. 04-CV-3417

Dear Susan:

    I am writing on behalf of the defendants listed in footnote 1.[1] Each of the defendants served on the City of New York ("CNY") interrogatories and document requests on or about November 18 and 19, 2008. A complete list of these discovery responses is set forth in Attachment A. This letter is an attempt to confer in good faith before any motion practice.

    In December 2008, CNY responded to these requests by serving blanket objections and offering, in essence, no substantive responses beyond referring defendants to the Fourth Amended Complaint. CNY also took the position that discovery was continuing and CNY might serve supplemental responses later. Please confirm that no responsive information was withheld based on CNY's various objections.

---

[1] Atlantic Richfield Company; BP Products North America Inc.; Chevron Environmental Corp.; Chevron U.S.A. Inc.; CITGO Petroleum Corporation; CITGO Refining & Chemicals Company L.P.; Coastal Eagle Point Oil Company; ConocoPhillips Company; El Paso Merchant Energy-Petroleum Company; Equilon Enterprises LLC; ExxonMobil Corporation; Flint Hills Resources, LP; Gulf Oil Limited Partnership; Motiva Enterprises LLC; The Premcor Refining Group Inc.; Shell Oil Company; Shell Oil Products Company LLC d/b/a Shell Oil Products Company; Shell Petroleum, Inc.; Shell Trading (US) Company; Sunoco Inc.; Sunoco Inc. (R&M); TMR Company f/k/a Texaco Refining and Marketing Inc.; Texaco Refining and Marketing (East) Inc.; Texaco Inc.; TOTAL Petrochemicals USA, Inc.; Ultramar Energy Inc.; Ultramar Ltd.; Valero Energy Corporation; Valero Marketing and Supply Company; Valero Refining and Marketing Company; and XOM.

Fact discovery has now closed and the trial date is approaching as are motion deadlines.
Please let us know whether CNY intends to supplement these discovery responses. If CNY
intends to supplement its responses, it should do so by a date certain and no later than March 16,
2009. Defendants reserve their rights to seek preclusion of any evidence or other matters not
specifically identified in response to these discovery requests and all other appropriate sanctions
for failing to disclose discoverable information.

Sincerely,

J. Andrew Langan, P.C.

JAL/mcs
cc      Liaison Counsel
        All Counsel of Record - via LNFS

# ATTACHMENT A

| DISCOVERY REQUEST | DATE OF REQUEST |
|---|---|
| Citgo Defendants' First Set of Company-Specific Interrogatories and Document Requests | 11/18/2008 |
| Atlantic Richfield Company's First Set of Interrogatories and Requests for Production of Documents to Plaintiff City of New York | 11/19/2008 |
| BP Products North America Inc.'s First Set of Interrogatories and Requests for Production of Documents to Plaintiff City of New York | 11/19/2008 |
| Certain Defendants' First Set of Interrogatories and Requests for Production of Documents to Plaintiff City of New York | 11/19/2008 |
| Defendant El Paso Merchant Energy-Petroleum Company's and Coastal Eagle Point Oil Company's First Set of Company-Specific Interrogatories and Document Requests | 11/19/2008 |
| Defendant Gulf Oil Limited Partnership's Requests for Admission, Interrogatories and Requests for Production to Plaintiff City of New York | 11/19/2008 |
| Defendants Sunoco, Inc. and Sunoco, Inc. (R&M)'s First Set of Interrogatories and Requests for Production of Documents to Plaintiff City of New York | 11/19/2008 |
| Defendants' Contention Interrogatories and Document Requests on Causation, Theories of Liability and Apportionment of Damages | 11/19/2008 |
| The Premcor Refining Group Inc.'s First Set of Interrogatories and Requests for Production of Documents to Plaintiff City of New York | 11/19/2008 |
| Total Petrochemicals USA, Inc.'s First Set of Interrogatories and Requests for Production of Documents to Plaintiff City of New York | 11/19/2008 |
| Valero Defendants and Ultramar Defendants' First Set of Interrogatories and Requests for Production of Documents to Plaintiff City of New York | 11/19/2008 |

**EXHIBIT C5**


**SHER·LEFF**LLP

LAWYERS PROTECTING WATER

Nicholas G. Campins
ncampins@sherleff.com
415.348.8300 x202

March 4, 2009

<u>*Via Electronic Mail & LNFS*</u>

J. Andrew Langan, P.C.
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, Illinois 60601

Re: *City of New York v. Amerada Hess*, et al., 04 CV 3417 (SDNY)
     *In re MTBE Products Liability Litigation*, MDL 1358

Dear Mr. Langan:

Plaintiff the City of New York ("the City") writes in response to your March 3, 2009 letter written on behalf of certain defendants ("Defendants").[1] *See* Exhibit A. In that letter, Defendants demand that the City supplement its responses to 11 sets of unduly burdensome requests for admission, contention interrogatories and document requests that were served simultaneously by Defendants on November 18, 2008 and November 19, 2008 (collectively, "Discovery Requests"). Defendants further threaten to "seek preclusion of evidence or other matters not specifically identified in response" to the discovery requests and other "sanctions" if their unreasonable demands are not met by March 16, 2009. The City will not comply with Defendants' abusive and untimely demands. Unless Defendants withdraw their demands and threats by the close of business on Friday, the City will seek immediate protection from the Court.

In your letter, you state that the letter is an attempt "to confer in good faith" before any motion practice. As the following discussion of the parties' communications regarding the Discovery Requests illustrates, however, Defendants have long since abandoned any

---

[1] Atlantic Richfield Company; BP Products North America Inc.; Chevron Environmental Corp.; Chevron U.S.A. Inc.; CITGO Petroleum Corporation; CITGO Refining & Chemicals Company L.P.; Coastal Eagle Point Oil Company; ConocoPhillips Company; El Paso Merchant Energy-Petroleum Company; Equilon Enterprises LLC; ExxonMobil Corporation; Flint Hills Resources, LP; Gulf Oil Limited Partnership; Motiva Enterprises LLC; The Premcor Refining Group Inc.; Shell Oil Company; Shell Oil Products Company LLC d/b/a Shell Oil Products Company; Shell Petroleum, Inc.; Shell Trading (US) Company; Sunoco Inc.; Sunoco Inc. (R&M); TMR Company f/k/a Texaco Refining and Marketing Inc.; Texaco Refining and Marketing (East) Inc.; Texaco Inc.; TOTAL Petrochemicals USA, Inc.; Ultramar Energy Inc.; U1tramar Ltd.; Valero Energy Corporation; Valero Marketing and Supply Company; Valero Refining and Marketing Company; and XOM.

pretense at "good faith." As an initial matter, the City notes that Defendants' demands and threats come over two and a half months after the City served Responses and Objections to the Discovery Requests on December 18, 2008 and December 19, 2008 and more than six weeks after the fact discovery cut-off on January 19, 2009. During this time period, Defendants have not once called or written the City in any attempt to meet and confer about this discovery. Instead, in a transparent effort to avoid the Court's scrutiny, Defendants chose to wait to issue their demands and threats until March 3, 2009, less than 3 business days after the February 26, 2009 status conference.

The prejudicial impact of this unwarranted delay is all the more serious in light of Defendants' past record regarding the Discovery Requests. On November 18, 2008 and November 19, 2008, Defendants served 12 sets of massive, unduly burdensome, unreasonable discovery containing over 240 separate contention interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. On December 15, 2008, the City emailed Defendants (*via* Mr. Pardo) asking for a reasonable extension to January 19, 2009, so that the City could provide more detailed responses. *See* Exhibit B. On December 16, 2008, Defendants denied the City's extension request, despite the fact that parties had previously agreed to extend the fact discovery cutoff date for all previously-served discovery in this case to January 19 and instead offered only a 7 business day extension that coincided with the December holidays. *See* Exhibit C. On December 17, 2008, the City emailed Defendants (again *via* Mr. Pardo) expressing the City's disappointment with the Defendants' abusive behavior and stating that the City would file its Responses and Objections on December 18, 2008 and December 19, 2008. *See* Exhibit D. Defendants never replied.

Finally, Defendants' failure to diligently pursue the Discovery Requests precludes their current demands. Defendants had the City's Responses and Objections to the Discovery Requests over 30 days before the fact discovery cut-off. Where, as here, a party propounding discovery fails to act with "appropriate diligence," the responding party has no obligation to amend its responses beyond that imposed by Federal Rule of Civil Procedure 26(e). *See DC Comics v. Kryptonite Corp.*, 2002 WL 31159121, *3-4 (S.D.N.Y. Sept. 26, 2002); *see also Harris v. Comp. Assoc. Intern., Inc.*, 204 F.R.D. 44, 46 (E.D.N.Y. 2001); *WorldCom Network Servs., Inc. v. Metro Access, Inc.*, 205 F.R.D. 136, 144 (S.D.N.Y. 2002); *c.f.* Local Civil Rule 33.3 (C) (interrogatories seeking "claims and contentions" must be served *at least* 30 days prior to discovery cut-off). By waiting until over six weeks after fact discovery cut-off and over two and a half months after the Responses and Objections were served to issue their demands and threats, Defendants therefore waived any right they may have had to contest the legal adequacy of the City's Responses and Objections. *See DC Comics*, 2002 WL 31159121 at *3-4. Furthermore, because Defendants are in possession of almost all of the information they request and because the City has already disclosed and plans to timely disclose its deposition designations, exhibit lists, witness lists and expert materials in accordance with Case Management Order 47, the City is currently under no obligation to further amend its

Responses and Objections.  *See* Fed. R. Civ. Pro. 26(e).[2]

Please inform the City by no later than the close of business on Friday whether Defendants will withdraw their untimely and legally meritless demand that the City supplement its Responses and Objections to Defendants' unduly burdensome Discovery Requests.  Thank you for your prompt attention to this matter.


Sincerely,

*Nicholas G. Campins*

Nicholas G. Campins

---

[2] The City reiterates its Responses and Objections to the Discovery Requests and each of them.  For example, the City provided Defendants with deposition designations on February 27, 2009 and the City will provide Defendants with exhibit lists, witness lists and all relevant expert reports and data by April 13, 2009.  Requiring the City to prematurely disclose this information and "to regurgitate all factual information obtained in discovery" is counterproductive, inefficient and contrary to the Court's orders.  *See Convolve, Inc. v. Compaq Computer Corp.*, 223 F.R.D. 162, 173 (S.D.N.Y. 2004).

Exhibit A



200 East Randolph Drive
Chicago, Illinois 60601

J. Andrew Langan, P.C.
To Call Writer Directly:
(312) 861-2064
alangan@kirkland.com

(312) 861-2000

www.kirkland.com

Facsimile:
(312) 861-2200

March 3, 2009

Via Email and LNFS

Susan E. Amron, Deputy Chief
Environmental Law Division
New York City Law Department
100 Church Street
New York, New York 10007

      Re:    MDL 1358 - *City of New York v. Amerada Hess et al*
            No. 04-CV-3417

Dear Susan:

      I am writing on behalf of the defendants listed in footnote 1.[1] Each of the defendants served on the City of New York ("CNY") interrogatories and document requests on or about November 18 and 19, 2008. A complete list of these discovery responses is set forth in Attachment A. This letter is an attempt to confer in good faith before any motion practice.

      In December 2008, CNY responded to these requests by serving blanket objections and offering, in essence, no substantive responses beyond referring defendants to the Fourth Amended Complaint. CNY also took the position that discovery was continuing and CNY might serve supplemental responses later. Please confirm that no responsive information was withheld based on CNY's various objections.

---

[1] Atlantic Richfield Company; BP Products North America Inc.; Chevron Environmental Corp.; Chevron U.S.A. Inc.; CITGO Petroleum Corporation; CITGO Refining & Chemicals Company L.P.; Coastal Eagle Point Oil Company; ConocoPhillips Company; El Paso Merchant Energy-Petroleum Company; Equilon Enterprises LLC; ExxonMobil Corporation; Flint Hills Resources, LP; Gulf Oil Limited Partnership; Motiva Enterprises LLC; The Premcor Refining Group Inc.; Shell Oil Company; Shell Oil Products Company LLC d/b/a Shell Oil Products Company; Shell Petroleum, Inc.; Shell Trading (US) Company; Sunoco Inc.; Sunoco Inc. (R&M); TMR Company f/k/a Texaco Refining and Marketing Inc.; Texaco Refining and Marketing (East) Inc.; Texaco Inc.; TOTAL Petrochemicals USA, Inc.; Ultramar Energy Inc.; Ultramar Ltd.; Valero Energy Corporation; Valero Marketing and Supply Company; Valero Refining and Marketing Company; and XOM.

Fact discovery has now closed and the trial date is approaching as are motion deadlines. Please let us know whether CNY intends to supplement these discovery responses. If CNY intends to supplement its responses, it should do so by a date certain and no later than March 16, 2009. Defendants reserve their rights to seek preclusion of any evidence or other matters not specifically identified in response to these discovery requests and all other appropriate sanctions for failing to disclose discoverable information.

Sincerely,

*Andrew Langan*

J. Andrew Langan, P.C.

JAL/mcs
cc      Liaison Counsel
        All Counsel of Record - via LNFS

## ATTACHMENT A

| DISCOVERY REQUEST | DATE OF REQUEST |
|---|---|
| Citgo Defendants' First Set of Company-Specific Interrogatories and Document Requests | 11/18/2008 |
| Atlantic Richfield Company's First Set of Interrogatories and Requests for Production of Documents to Plaintiff City of New York | 11/19/2008 |
| BP Products North America Inc.'s First Set of Interrogatories and Requests for Production of Documents to Plaintiff City of New York | 11/19/2008 |
| Certain Defendants' First Set of Interrogatories and Requests for Production of Documents to Plaintiff City of New York | 11/19/2008 |
| Defendant El Paso Merchant Energy-Petroleum Company's and Coastal Eagle Point Oil Company's First Set of Company-Specific Interrogatories and Document Requests | 11/19/2008 |
| Defendant Gulf Oil Limited Partnership's Requests for Admission, Interrogatories and Requests for Production to Plaintiff City of New York | 11/19/2008 |
| Defendants Sunoco, Inc. and Sunoco, Inc. (R&M)'s First Set of Interrogatories and Requests for Production of Documents to Plaintiff City of New York | 11/19/2008 |
| Defendants' Contention Interrogatories and Document Requests on Causation, Theories of Liability and Apportionment of Damages | 11/19/2008 |
| The Premcor Refining Group Inc.'s First Set of Interrogatories and Requests for Production of Documents to Plaintiff City of New York | 11/19/2008 |
| Total Petrochemicals USA, Inc.'s First Set of Interrogatories and Requests for Production of Documents to Plaintiff City of New York | 11/19/2008 |
| Valero Defendants and Ultramar Defendants' First Set of Interrogatories and Requests for Production of Documents to Plaintiff City of New York | 11/19/2008 |



Exhibit B

**Nick Campins**

**From:** Nick Campins
**Sent:** Monday, December 15, 2008 10:13 AM
**To:** 'sleifer@bakerbotts.com'; 'alangan@kirkland.com'; 'phanebutt@eimerstahl.com'; 'EllisonD@howrey.com'; 'cgarvey@goodwinprocter.com'; 'coy.connelly@bgllp.com'; 'rwallace@wallaceking.com'; 'dkrainin@bdlaw.com'
**Cc:** 'jpardo@mwe.com'; 'Pejan, Ramin'; Todd Robins; Jeff Osbun
**Subject:** City of New York vs Amerada Hess Corp et al Case #: NY-04-CV-03417

Counsel:

I was recently admitted *pro hac vice* as counsel for Plaintiff City of New York ("the City") in the above-captioned action. I write to request an extension until **January 19, 2009** for the City to respond to the following contention interrogatories served by you on behalf of your clients:

1. Certain Defendants' First Set of Interrogatories and Document Requests Regarding Punitive Damages

2. Atlantic Richfield Company's First Set of Interrogatories and Requests for Production of Documents to Plaintiff City of New York

3. BP Products North America Inc.'s First Set of Interrogatories and Requests for Production of Documents to Plaintiff City of New York

4. CITGO Defendants' First Set of Company-Specific Interrogatories and Document Requests

5. Defendants El Paso Merchant Energy-Petroleum Company's and Coastal Eagle Point Oil Company's First Set of Company-Specific Interrogatories and Document Requests

6. Defendant Gulf Oil Limited Partnership's Requests for Admission, Interrogatories and Requests for Production to Plaintiff City of New York

7. The Premcor Refining Group Inc.'s First Set of Interrogatories and Requests for Production of Documents to Plaintiff City of New York

8. The Shell Defendants' First Set of Interrogatories and Document Requests Regarding Punitive Damages

9. Defendants Sunoco, Inc. and Sunoco, Inc. (R&M)'s First Set of Company-Specific Interrogatories and Document Requests

10. Total Petrochemicals USA, Inc.'s First Set of Interrogatories and Requests for Production of Documents to Plaintiff City of New York

11. Valero Defendants and Ultramar Defendants' First Set of Interrogatories and Requests for Production of Documents to Plaintiff City of New York

This extension request is consistent with the parties' agreement to extend the fact-discovery cutoff for already-served discovery by 30 days.

Please indicate whether you consent to this extension by reply email by the close of business on Tuesday, December 16. Thank you in advance for your professional courtesy.

Best regards,

Nick Campins

Sher Leff LLP
450 Mission Street, Suite 400
San Francisco, CA 94105
(415) 348-8300 x202 (phone)
(415) 348-8333 (fax)

3/4/2009

The information in this E-mail message is legally privileged and confidential information intended only for the use of the individual(s) named above. If you, the reader of this message, are not the intended recipient, you are hereby notified that you should not further disseminate, distribute, or forward this E-mail message. If you have received this E-mail in error, please notify the sender. Thank you.


Exhibit C

**Nick Campins**

| | |
|---|---|
| **From:** | Pardo, James [jpardo@mwe.com] |
| **Sent:** | Tuesday, December 16, 2008 10:34 AM |
| **To:** | Nick Campins |
| **Cc:** | Pejan, Ramin; Todd Robins; Jeff Osbun; sleifer@bakerbotts.com; alangan@kirkland.com; phanebutt@EimerStahl.com; ellisonD@howrey.com; cgarvey@goodwinprocter.com; coy.connelly@bgllp.com; rwallace@wallaceking.com; dkrainin@bdlaw.com |

**Subject:** RE: City of New York vs Amerada Hess Corp et al Case #: NY-04-CV-03417

Mr. Campins,

The defendants to whom you made this extension request have asked me to forward this single response on their behalf.

The pre-trial schedule has both sides on several very tight deadlines -- a fact the City emphasized last week when a few defendants requested one additional week (7 calendar days total) to prepare their respective responses to the City's pipeline RFAs and Interrogatories. Given the very tight schedule that both sides have negotiated, agreed to and jointly proposed for the Court, Defendants cannot agree to the 30+ day extension you have requested. Defendants will agree to an extension of seven (7) business days for the City to prepare and serve its responses. Please confirm.

- Jim

**From:** Nick Campins [mailto:ncampins@sherleff.com]
**Sent:** Monday, December 15, 2008 1:13 PM
**To:** sleifer@bakerbotts.com; alangan@kirkland.com; phanebutt@EimerStahl.com; ellisonD@howrey.com; cgarvey@goodwinprocter.com; coy.connelly@bgllp.com; rwallace@wallaceking.com; dkrainin@bdlaw.com
**Cc:** Pardo, James; Pejan, Ramin; Todd Robins; Jeff Osbun
**Subject:** City of New York vs Amerada Hess Corp et al Case #: NY-04-CV-03417

Counsel:

I was recently admitted *pro hac vice* as counsel for Plaintiff City of New York ("the City") in the above-captioned action. I write to request an extension until **January 19, 2009** for the City to respond to the following contention interrogatories served by you on behalf of your clients:

1. Certain Defendants' First Set of Interrogatories and Document Requests Regarding Punitive Damages

2. Atlantic Richfield Company's First Set of Interrogatories and Requests for Production of Documents to Plaintiff City of New York

3. BP Products North America Inc.'s First Set of Interrogatories and Requests for Production of Documents to Plaintiff City of New York

4. CITGO Defendants' First Set of Company-Specific Interrogatories and Document Requests

5. Defendants El Paso Merchant Energy-Petroleum Company's and Coastal Eagle Point Oil Company's First Set of Company-Specific Interrogatories and Document Requests

6. Defendant Gulf Oil Limited Partnership's Requests for Admission, Interrogatories and Requests for Production to Plaintiff City of New York

7. The Premcor Refining Group Inc.'s First Set of Interrogatories and Requests for Production of Documents to Plaintiff City of New York

8. The Shell Defendants' First Set of Interrogatories and Document Requests Regarding Punitive Damages

9. Defendants Sunoco, Inc. and Sunoco, Inc. (R&M)'s First Set of Company-Specific Interrogatories and Document Requests

10. Total Petrochemicals USA, Inc.'s First Set of Interrogatories and Requests for Production of Documents to Plaintiff City of New York

11.  Valero Defendants and Ultramar Defendants' First Set of Interrogatories and Requests for Production of Documents to Plaintiff City of New York

This extension request is consistent with the parties' agreement to extend the fact-discovery cutoff for already-served discovery by 30 days.

Please indicate whether you consent to this extension by reply email by the close of business on Tuesday, December 16. Thank you in advance for your professional courtesy.


Best regards,


Nick Campins

Sher Leff LLP
450 Mission Street, Suite 400
San Francisco, CA  94105
(415) 348-8300 x202 (phone)
(415) 348-8333 (fax)

ncampins@sherleff.com

The information in this E-mail message is legally privileged and confidential information intended only for the use of the individual(s) named above. If you, the reader of this message, are not the intended recipient, you are hereby notified that you should not further disseminate, distribute, or forward this E-mail message. If you have received this E-mail in error, please notify the sender. Thank you.

*****************************************************************************************************
IRS Circular 230 Disclosure: To comply with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained herein (including any attachments), unless specifically stated otherwise, is not intended or written to be used, and cannot be used, for the purposes of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter herein.

This message is a PRIVILEGED AND CONFIDENTIAL communication. This message and all attachments are a private communication sent by a law firm and may be confidential or protected by privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information contained in or attached to this message is strictly prohibited. Please notify the sender of the delivery error by replying to this message, and then delete it from your system. Thank you.
*****************************************************************************************************

Please visit http://www.mwe.com/ for more information about our Firm.

3/4/2009

Exhibit D

**Nick Campins**

**From:** Nick Campins
**Sent:** Wednesday, December 17, 2008 9:57 AM
**To:** 'Pardo, James'
**Cc:** sleifer@bakerbotts.com; alangan@kirkland.com; phanebutt@EimerStahl.com; ellisonD@howrey.com; cgarvey@goodwinprocter.com; coy.connelly@bgllp.com; rwallace@wallaceking.com; dkrainin@bdlaw.com; Pejan, Ramin; Todd Robins; Jeff Osbun
**Subject:** RE: City of New York vs Amerada Hess Corp et al Case #: NY-04-CV-03417

Mr. Pardo:

I am disappointed to hear that defendants are unwilling to provide the City with a sufficient extension to respond to the massive and unreasonable volume of discovery served by defendants, which includes 12 separate sets of Contention Interrogatories, Requests for Admissions, and Document Requests, containing over 240 separate interrogatories and requests, some of which contain over 50 subparts each, and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, with tens of thousands of pages of deposition and other testimony. As you know, the parties' counsel in this litigation have always been able to accommodate one another's discovery adjournment requests in good faith. Your unreasonable offer to provide only an additional week that coincides with the December holidays hardly conforms to past practice.

Defendants' refusal to grant a longer extension based on a "tight schedule" is all the more disappointing in light of the parties' recent extension of the fact discovery cut-off, which expressly contemplated an extension of already-served discovery until January 19, 2009. As you are well aware, the City worked in good faith with Defendants and gave them the requested extension to complete their 30(b)(6) depositions of the City and other discovery.

Finally, the City further disagrees with your mischaracterization of the City's response to Certain Defendants' request for a one week extension regarding the City's Requests for Admissions to all Defendants regarding Pipelines and the City's Fourth Set of Interrogatories Regarding Pipelines. In fact, as you are well aware, the City agreed to such an extension in a December 12, 2008 e-mail to you, asking only that Defendants not object to its supplementation of reports with any additional data, saying:

> As per our conversation this morning, the City does not oppose granting a one week extension to the Sunoco, Coastal and Marathon defendants to respond to the City's outstanding interrogatories regarding pipelines (and RFAs with respect to Coastal) on the condition that the City reserves its rights to enable the City's product distribution expert to submit a supplement to his expert report to respond to this new information on or before December 31, 2008.

*Id.*

In light of the above, the City will file Responses and Objections on December 18 and 19.
Sincerely,

Nick Campins

Sher Leff LLP
450 Mission Street, Suite 400
San Francisco, CA 94105
(415) 348-8300 x202 (phone)
(415) 348-8333 (fax)

ncampins@sherleff.com

The information in this E-mail message is legally privileged and confidential information intended only for the use of the individual(s) named above. If you, the reader of this message, are not the intended recipient, you are hereby notified that you should not further disseminate, distribute, or forward this E-mail message. If you have received this E-mail in error, please notify the sender. Thank you.

**From:** Pardo, James [mailto:jpardo@mwe.com]
**Sent:** Tuesday, December 16, 2008 10:34 AM
**To:** Nick Campins

3/4/2009

Mr. Campins,

The defendants to whom you made this extension request have asked me to forward this single response on their behalf.

The pre-trial schedule has both sides on several very tight deadlines -- a fact the City emphasized last week when a few defendants requested one additional week (7 calendar days total) to prepare their respective responses to the City's pipeline RFAs and Interrogatories. Given the very tight schedule that both sides have negotiated, agreed to and jointly proposed for the Court, Defendants cannot agree to the 30+ day extension you have requested. Defendants will agree to an extension of seven (7) business days for the City to prepare and serve its responses. Please confirm.

- Jim

**From:** Nick Campins [mailto:ncampins@sherleff.com]
**Sent:** Monday, December 15, 2008 1:13 PM
**To:** sleifer@bakerbotts.com; alangan@kirkland.com; phanebutt@EimerStahl.com; ellisonD@howrey.com; cgarvey@goodwinprocter.com; coy.connelly@bgllp.com; rwallace@wallaceking.com; dkrainin@bdlaw.com
**Cc:** Pardo, James; Pejan, Ramin; Todd Robins; Jeff Osbun
**Subject:** City of New York vs Amerada Hess Corp et al Case #: NY-04-CV-03417

Counsel:

I was recently admitted *pro hac vice* as counsel for Plaintiff City of New York ("the City") in the above-captioned action. I write to request an extension until **January 19, 2009** for the City to respond to the following contention interrogatories served by you on behalf of your clients:

1. Certain Defendants' First Set of Interrogatories and Document Requests Regarding Punitive Damages

2. Atlantic Richfield Company's First Set of Interrogatories and Requests for Production of Documents to Plaintiff City of New York

3. BP Products North America Inc.'s First Set of Interrogatories and Requests for Production of Documents to Plaintiff City of New York

4. CITGO Defendants' First Set of Company-Specific Interrogatories and Document Requests

5. Defendants El Paso Merchant Energy-Petroleum Company's and Coastal Eagle Point Oil Company's First Set of Company-Specific Interrogatories and Document Requests

6. Defendant Gulf Oil Limited Partnership's Requests for Admission, Interrogatories and Requests for Production to Plaintiff City of New York

7. The Premcor Refining Group Inc.'s First Set of Interrogatories and Requests for Production of Documents to Plaintiff City of New York

8. The Shell Defendants' First Set of Interrogatories and Document Requests Regarding Punitive Damages

9. Defendants Sunoco, Inc. and Sunoco, Inc. (R&M)'s First Set of Company-Specific Interrogatories and Document Requests

10. Total Petrochemicals USA, Inc.'s First Set of Interrogatories and Requests for Production of Documents to Plaintiff City of New York

11. Valero Defendants and Ultramar Defendants' First Set of Interrogatories and Requests for Production of Documents to Plaintiff City of New York

This extension request is consistent with the parties' agreement to extend the fact-discovery cutoff for already-served discovery by 30 days.

Please indicate whether you consent to this extension by reply email by the close of business on Tuesday, December 16. Thank you in advance for your professional courtesy.

Best regards,


Nick Campins

Sher Leff LLP
450 Mission Street, Suite 400
San Francisco, CA  94105
(415) 348-8300 x202 (phone)
(415) 348-8333 (fax)


ncampins@sherleff.com


The information in this E-mail message is legally privileged and confidential information intended only for the use of the individual(s) named above. If you, the reader of this message, are not the intended recipient, you are hereby notified that you should not further disseminate, distribute, or forward this E-mail message. If you have received this E-mail in error, please notify the sender. Thank you.


******************************************************************************************************
IRS Circular 230 Disclosure: To comply with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained herein (including any attachments), unless specifically stated otherwise, is not intended or written to be used, and cannot be used, for the purposes of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter herein.

This message is a PRIVILEGED AND CONFIDENTIAL communication. This message and all attachments are a private communication sent by a law firm and may be confidential or protected by privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information contained in or attached to this message is strictly prohibited. Please notify the sender of the delivery error by replying to this message, and then delete it from your system. Thank you.
******************************************************************************************************

Please visit http://www.mwe.com/ for more information about our Firm.


3/4/2009

**EXHIBIT C6**

J. Andrew Langan, P.C.
To Call Writer Directly:
(312) 861-2064
alangan@kirkland.com

(312) 861-2000

www.kirkland.com

Facsimile:
(312) 861-2200
Dir. Fax: (312) 861-2200

March 6, 2009

**Via Electronic Mail & LNFS**

Nicholas G. Campins, Esq.
Sher Leff
450 Mission Street, Suite 400
San Francisco, California

Re: *City of New York v. Amerada Hess, et al*, 04 CV 3417 (SDNY)
*In re MTBE Products Liability Litigation*, MDL 1358

Dear Mr. Campins:

We wrote Susan Amron on March 3 asking if the City of New York ("CNY") intended to supplement its incomplete answers to written discovery requests that were timely served last November. Those responses consisted of pages of objections and repeated references to the Fourth Amended Complaint -- not evidence. We asked a straightforward question: "Please let us know whether CNY intends to supplement these discovery responses."

Your March 4 response is long on rhetoric and short on substance. You complain about a long extension CNY requested last December, and you apparently remain unhappy that defendants only offered an extension shorter than CNY demanded; yet CNY never sought relief from the Court. Your one-sided recitation of history is not relevant to CNY's obligations to provide discovery, or to our simple request for information.

Ironically, on the one hand, CNY claimed in its December objections that it was too early for it to provide substantive responses to contention interrogatories because CNY's investigation was continuing, and stated that CNY reserved the right to supplement. On the other hand, more than two months later and after the close of fact discovery, you say it is now too late to request supplemental substantive responses. And yet, your December responses say the contention interrogatories should not have been served until the "conclusion of other discovery." (Objection 2.) We doubt that CNY's inconsistent stances will survive scrutiny -- especially since SDNY LR 33.3(c) expressly allows service of contention interrogatories "at the conclusion of discovery" -- as defendants did here. The fact that the discovery deadline has passed does not relieve CNY of its obligation to supplement responses to timely-served interrogatories under Rule 26(e), especially when its earlier responses were obviously "incomplete" when made under Rule 26(e)(1), because the CNY did no more than refer to the Fourth Amended Complaint.

# KIRKLAND & ELLIS LLP

The end of fact discovery does not insulate CNY from its supplementation obligations. "[Plaintiffs'] reading of *Rule 26(e)* is plainly wrong. The rule, on its face, makes no distinction between information -- including documents -- acquired prior to and after the conclusion of fact discovery (or indeed of any discovery)." *Pizza Public Co., Ltd. v. Tricon Global Restaurants, Inc.*, No. 99-12056, 2000 WL 1457010, at *1-2 (S.D.N.Y Sept. 29, 2000) (holding "in view of defendants' untenable position as to the limited scope of *Rule 26(e)*, we direct that if defendants are aware of any . . . documents that they have created or acquired since the conclusion of fact discovery that would make any of their prior responses in some material respect incomplete of inaccurate, they are to produce those documents"); *see also Coregis Ins. Co. v. Lewis, Johs, Avallone, Aviles and Kaufman, LLP*, No. 01-3844, 2006 WL 2135782, at *8 (E.D.N.Y. July 28, 2006) ("Rule 37(c) provides an almost automatic sanction for a failure . . . to amend a prior response to discovery as required by Rule 26(e)(2).").[1]

Let me provide you one example (I could cite many more) of why CNY's position that it can stand on form objections with no substance, other than repeated references to the Fourth Amended Complaint, is untenable. I represent Atlantic Richfield Company, which (it is undisputed) withdrew from all east coast retail gasoline and related operations by the mid 1980s, long before any RFG containing MTBE was ever used in New York. Atlantic Richfield's interrogatories sought, among other things, the following basic information about CNY's claims against it:

- which of CNY's wells that CNY claims Atlantic Richfield's gasoline had impacted. (INT. 1, 2, 3, 4.)

- whether CNY claims that Atlantic Richfield caused a release of gasoline that contributed to MTBE contamination at issue in this case. (INT. 7, 8, 9.)

---

[1] The cases you cite are off point. In *DC Comics*, the issue was an interrogatory served for the first time more than a year after the close of fact discovery and followed by a request to supplement a previous duplicative interrogatory more than 15 months after the close of fact discovery. The court's ruling also recognized Rule 26(e)(1)'s supplementation requirement regardless of a motion to compel. The *Harris* case is irrelevant as it relates to depositions, not written discovery subject to Rule 26(e). And the *Worldcom* case involved document demands served improperly and only received for the first time about 4 months after the close of discovery.

- whether CNY contends that Atlantic Richfield supplied gasoline to any station in the RGA. (INT. 10,11.)

In response, all we received were objections and references to the Fourth Amended Complaint, a pleading which tells us nothing about the claims specific to Atlantic Richfield. And no part of the discovery record in this case makes information about what wells CNY contends were impacted by Atlantic Richfield known to Atlantic Richfield. *See* Rule 26(e)(1)(A).

Your March 4 letter proclaims that CNY will not supplement and indeed you will rush to Court if we dare to ask for supplementation. When you do, please plan to explain where in the record we will find the details of CNY's claims against Atlantic Richfield -- which CNY trial wells were impacted by gasoline refined, distributed, or released by Atlantic Richfield, and when.

The Atlantic Richfield example above is illustrative. The same point is applicable to the other discovery requests identified in Attachment A to my March 3, 2009 letter.

CNY fails to supplement at its own risk, and we reserve the right to seek appropriate relief.

Sincerely,

*Andrew Langan*

J. Andrew Langan, P.C.

JAL/mcs

cc     Susan Amron
       Liaison Counsel
       All Counsel of Record via LNFS