
Mar 10 2009
11:30AM

# EXHIBIT D

**Excerpt from October 31, 2007 MDL Status Conference**

00068

…

THE COURT: All right. We're ready to do the requests
  6 to strike certain defendants' discovery.
  7     Oh, yes. This doesn't make any sense to me. This is
  8 the one where the defendants are asking plaintiffs questions
  9 that the defendants have in their own control. And it's just
 10 contentious and time-consuming and unnecessary and distracting
 11 and harassing, and I don't know why you're doing it.
 12     Mr. Garvey, do you want to risk your good name, with
 13 that introduction?
 14     MR. GARVEY: I'll give it that shot, your Honor.
 15     Believe it or not, this issue is related in a way to
 16 number 4 that I stood to address earlier, which is why I've
 17 drawn both today.
 18     THE COURT: I figured that. I did figure that. And
 19 they're going to work with you on that.
 20     MR. GARVEY: Right.
 21     THE COURT: But you have the information. It seems to
 22 me if you want to get dismissed, you make a little presentation
 23 like you would to a prosecutor in a case, you make a proffer
 24 and you say, you can't really need me, let me out. So you tell
 25 them things like, Atlantic Richfield never owned a UST that or

00069
  1 MTBE release. Instead of asking them for information to that
  2 effect, just say there is no such thing, I want to be let out.
  3     MR. GARVEY: There are --
  4     THE COURT: That was just one example. I picked ARCO,
  5 I could have picked others. You know, Chevron never sold in
  6 Philadelphia, fine. You want to say it, say it.
  7     MR. GARVEY: Sure. Or we can take my client, a
  8 regional distributor, and say, admit that they didn't operate a
  9 refinery. I sort of --
 10     THE COURT: I'm not going to allow these
 11 interrogatories. Just come in and tell them you didn't, and
 12 then if they don't have any proof to the contrary, they ought
 13 to let you out.
 14     MR. GARVEY: I see where your Honor's going with this.
 15 The purpose behind all of them was simply -- we agree that in
 16 many instances this is our information.
 17     THE COURT: It is.
 18     MR. GARVEY: What we'd like from them is a
 19 confirmation, they don't have anything else beyond that.

20    THE COURT:  Go to them.  I know there's not a lot of
 21 time.  And you do have more troops than they do, just by
 22 definition, I mean, just, you know, 13 times, minimum.  But in
 23 any event, go to them and say, we know of no proof, we doubt
 24 you have any proof that so-and-so ever owned an underground
 25 storage tank in that area.  Say it.  And if they don't have any

00070
  1 proof, they ought to say, we dismiss.
  2    MR. GARVEY:  I understand.  My interrogatories, which
  3 are 15 RFAs, three contention interrogatories, which, again,
  4 our Southern District local rules say, please do those near the
  5 end of discovery, it's a more appropriate time for that.
  6    THE COURT:  True.  Requests to admit or contention
  7 that you know, that's in your control, that's data you gave
  8 them or information you gave them, is really a waste of time
  9 and it's overlawyering and it's tricky.  And let's move on.
 10    MR. GARVEY:  Trying not to overlawyer.  Ours were
 11 modeled on the Getty conspiracy interrogatories, which the
 12 plaintiffs actually turned around and served on Getty.  Getty
 13 answered them, which resulted in the resolution of an agenda
 14 item this morning.
 15    THE COURT:  And that makes sense, you see, if Getty
 16 answers them, it makes perfect sense to me.  If you want to
 17 answer your own requests to admit -- no, no, it's a great
 18 idea -- and your own contention interrogatories, come in to the
 19 plaintiffs and say, here's the answers to the questions we
 20 pose.  If you have no other evidence, let me out.  Okay.  All
 21 defendants are directed to answer their own requests to admit
 22 and their own contention interrogatories, and I mean it.  You
 23 spend time drafting them, now you answer them and give the
 24 information to the plaintiffs.  Now we're ready for well
 25 contention interrogatories.

00071
  1    MR. GARVEY:  Your Honor, may I --
  2    THE COURT:  I'm done.  I'm moving on to well
  3 contention interrogatories.
  4    No, defendants do not have to point the finger and
  5 tell you who they can -- no, no, that's over too.  We've solved
  6 another waste of time.  Do you want to still be heard,
  7 Mr. Walsh?
  8    MR. WALSH:  No, your Honor, I'm going to follow
  9 Mr. Garvey's roll and retreat.
 10    THE COURT:  That's good.  So now we actually have a
 11 couple real questions and then we just get to the schedule.