

Mar 10 2009
11:30AM

# EXHIBIT E

shall include the date of each taste and odor complaint, the address of the complaint, the well from which the water in question originated, and the lab test data, including the location and date of the test. SCWA shall not be required to provide the name of the person making the complaint in this report. However, SCWA shall provide this information (but not produce the actual complaints) for a random sample of ten percent of the ninety-five taste and odor complaints.

3. *Fact Sheets*. By November 30, 2007, plaintiffs shall produce amended fact sheets for the forty-eight focus wells.

4. *Request for Leave to Amend Complaint*. By November 30, 2007, plaintiffs shall submit a request for leave to amend the Complaint along with the proposed Amended Complaint. Defendants shall then submit any objections to the request for leave to amend within two weeks of the request. The Court will then determine whether plaintiffs will be granted leave to amend.

5. *Privilege Log Disputes*. The parties have until November 30, 2007, to resolve any outstanding privilege log disputes. After that date, no further challenges to designations on the privilege log may be made.

6. *Depositions of Defendants' Witnesses*. By December 14, 2007, defendants shall produce the four witnesses in dispute for deposition: Dennis Wagner (Sunoco), Ed Galante (Exxon), Lee Raymond (Exxon), and Larry McPhearson (CITGO).

2

shall clearly specify the complaint for which each set of data was produced. Also by November 8, SCWA shall produce an affidavit from its laboratory explaining why it did not generate complaint cards for certain complaints, and representing that all complaint cards that were generated have been produced to defendants.

3. *Certain Defendants' Contention Interrogatories and Requests for Admission.* Defendants Chevron, Atlantic Richfield, Total Petrochemical, Gulf Oil Limited Partnership, Valero, and Crown Central are directed to answer the requests for admission and contention interrogatories previously served on plaintiffs, and to provide the responses to the plaintiffs.

4. *Location of Deposition of Plaintiffs' Dr. Belpoggi.* The parties shall confer in an effort to resolve the question of the location of Dr. Belpoggi's deposition. If the deposition is held in New York, it shall be limited to two days and defendants shall pay all of Dr. Belpoggi's travel expenses.

5. *Inspection of Dr. Belpoggi's Laboratory.* Defendants may send a pathologist to inspect the laboratory of plaintiffs' expert Dr. Belpoggi at the Ramazzini Foundation in Bologna, Italy.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated: New York, New York
November 6, 2007

2

## -Appearances-

### Liaison Counsel for Plaintiffs:

Robin Greenwald, Esq.
Robert Gordon, Esq.
Weitz & Luxenberg, P.C.
180 Maiden Lane
New York, New York 10038
Tel: (212) 558-5500
Fax: (212) 344-5461

### Liaison Counsel for Defendants:

Peter John Sacripanti, Esq.
James A. Pardo, Esq.
McDermott Will & Emery LLP
50 Rockefeller Plaza, 11th Floor
New York, New York 10020
Tel: (212) 547-5583
Fax: (212) 547-5444