

Mar 10 2009
11:30AM

# EXHIBIT G1

produced by Defendants. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of Defendants' responses to the City's discovery requests, including without limitation responses related to product distribution, commingled product liability, alternative liability and other proof standards set forth in the Court's Orders, including but not limited to the Court's May 13, 2008 Summary Judgment Opinion in *County of Suffolk*, et al., *v. Amerada Hess Corp.* et al, 04 Civ. 5424, which have not been fully produced by Defendants. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of Defendants' responses to Court-ordered disclosures regarding product distribution, successor liability and other matters, which have not been fully responded to by Defendants. The City reserves its right to request that the Court order Defendants to answer their own Interrogatory to the extent it seeks information from the City which Defendants themselves have withheld. *See, e.g.*, Case Management Order # 31 in *County of Suffolk*, et al., *v. Amerada Hess Corp.* et al, 04 Civ. 5424 and the October 31, 2007 MDL Hearing Transcript at pp. 68-71. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of documents responsive to recently issued third-party subpoenas by certain defendants to pipeline companies and others, which have not yet been responded to by the relevant third-parties. The City reserves its right to amend this Response as it receives this information.

The City further objects to this Interrogatory on the ground that it seeks the premature disclosure of the City's Exhibit Lists and Deposition Designations, before such disclosure is due in circumvention of Court Orders and the Parties' agreements and is also unduly burdensome and oppressive for that reason. The City also objects to this Interrogatory on the basis that it seeks "all facts" as being unduly burdensome, over broad, oppressive and not generally within the practical capabilities of a party to respond.

Subject to and without waiving its general and specific objections, the City responds as follows: the City refers Defendants to the Fourth Amended Complaint, which is incorporated by reference as if set forth in full here.

### INTERROGATORY NO. 3

State whether You invoke or rely on any or all of the following theories of alternative liability to prove causation or to establish that any or all Defendants are liable for the alleged Damages at any or all of the Wells at issue:

- A. the market share theory of liability;
- B. the commingled product theory of liability; and/or
- C. some other theory of alternative liability.

### RESPONSE TO INTERROGATORY NO. 3:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Interrogatory as unduly burdensome. Specifically, this Interrogatory was served by Defendants simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and

November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendants.

The City also objects to this Interrogatory to the extent that it calls for premature disclosure of expert opinion, and seeks privileged attorney work product. The City further objects to this Interrogatory to the extent that topics related to this Interrogatory will be the subjects of expert testimony, which is governed by the rules concerning expert disclosures, relevant Court Orders and the Parties' agreements. The City further objects to this Interrogatory on the grounds that it seeks information that is equally available to Defendants, including, but not limited to, information from publicly available reports and databases, information contained in Defendants' own discovery responses and/or testimony given by Defendants' own witnesses in connection with this and/or similar litigation to which Defendants were and/or are parties.

The City further objects to this Interrogatory on the ground that a complete and accurate response might require analyses of additional spill reports and records, site remediation files, groundwater and plume modeling, and Defendants' expert analyses, which have not been fully produced by Defendants. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of Defendants' responses to the City's discovery requests, including without limitation responses related to product distribution, commingled product liability, alternative liability and other proof standards set forth in the Court's Orders, including but not limited to the Court's May 13, 2008 Summary Judgment Opinion in *County of Suffolk*, et al., v. *Amerada Hess Corp.* et al, 04 Civ. 5424, which have not been fully produced by Defendants. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of Defendants' responses to Court-ordered disclosures regarding product distribution, successor liability and other matters, which have not been fully responded to by Defendants. The City reserves its right to request that the Court order Defendants to answer their own Interrogatory to the extent it seeks information from the City which Defendants themselves have withheld. *See, e.g.*, Case Management Order # 31 in *County of Suffolk*, et al., v. *Amerada Hess Corp.* et al, 04 Civ. 5424 and the October 31, 2007 MDL Hearing Transcript at pp. 68-71. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of documents responsive to recently issued third-party subpoenas by certain defendants to pipeline companies and others, which have not yet been responded to by the relevant third-parties. The City reserves its right to amend this Response as it receives this information.

Furthermore, the City objects to this Interrogatory as based on legally erroneous assumptions and as mischaracterizing the Court's orders and New York law. Specifically, the Interrogatory equates "market share liability" with "commingled product theory." As stated in the Court's Orders, including its May 13, 2008 Summary Judgment Opinion in *County of Suffolk*, et al., v. *Amerada Hess Corp.* et al, 04 Civ. 5424, "while still an alternative means of proving causation," *id.* at 14, "the commingled product theory is far closer to traditional causation principles than market share liability," *id* at 34.

Subject to and without waiving its general and specific objections, the City responds as follows: the City refers Defendants to the Fourth Amended Complaint, which is incorporated by reference as if set forth in full here. For further answer, the City's proof of Defendants' legal responsibility for damages will be consistent with the causation theories set forth in the Court's Orders, including without limitation the Court's May 13, 2008 Summary Judgment Opinion in *County of Suffolk*, et al., *v. Amerada Hess Corp.* et al, 04 Civ. 5424 such further Orders as the Court may issue and New York law. Consistent with the Court's Orders, the City reserves its rights to demonstrate that Defendants, and each of them, are legally responsible for the damages it suffered based on theories of alternative liability, "traditional causation principles," and/or conspiracy and concert of action.

## INTERROGATORY NO. 4

If You invoke or rely on any of the theories of alternative liability listed in Interrogatory 3, state for each theory of alternative liability the following:

A. which Defendants You contend are liable under each theory of liability for the alleged Damages at each specific Well (please use the attached chart for Your response); and

B. the percentage or apportionment of the alleged Damages that You contend each of the Defendants should bear or should pay under each theory of liability for each specific Well (please use the attached chart for Your response).

## RESPONSE TO INTERROGATORY NO. 4:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Interrogatory as unduly burdensome. Specifically, this Interrogatory was served by Defendants simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendants.

The City also objects to this Interrogatory to the extent that it calls for premature disclosure of expert opinion, and seeks privileged attorney work product. The City further objects to this Interrogatory to the extent that topics related to this Interrogatory will be the subjects of expert testimony, which is governed by the rules concerning expert disclosures, relevant Court Orders and the Parties' agreements. The City further objects to this Interrogatory on the grounds that it seeks information that is equally available to Defendants, including, but not limited to, information from publicly available reports and databases, information contained in Defendants'