

24130694

Mar 10 2009
11:30AM

# EXHIBIT B1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x

In Re: Methyl Tertiary Butyl Ether ("MTBE")
Products Liability Litigation

------------------------------------------------------------------------ x

**This document relates to the following case:**

*City of New York* v. *Amerada Hess Corp., et al.,*
Case No. 04 Civ. 3417



22988340

Dec 18 2008
8:00PM

**PLAINTIFF CITY OF NEW
YORK'S RESPONSES AND
OBJECTIONS TO
CERTAIN DEFENDANTS'
FIRST SET OF
INTERROGATORIES AND
DOCUMENT REQUESTS
REGARDING PUNITIVE
DAMAGES**

MDL No. 1358
Master File C.A. No.
1:00-1898 (SAS)

Plaintiff City of New York ("the City"), by its attorney, Michael A. Cardozo,

Corporation Counsel of the City of New York, and Sher Leff LLP, hereby responds to Certain

Defendants' ("Defendants'") First Set of Interrogatories and Document Requests Regarding

Punitive Damages, dated November 18, 2008, as follows:

## GENERAL OBJECTIONS AND LIMITATIONS

1.      The City objects to this entire set of Interrogatories and Document Requests as

unduly burdensome, unreasonable and oppressive.  This unreasonable set of contention

interrogatories and document requests was served by Defendants simultaneously with 12 other

sets of contention interrogatories, requests for admission and document requests served by other

defendants in this case on November 18, 2008 and November 19, 2008.  Collectively, this

massive and unreasonable discovery contains over 240 separate contention interrogatories,

requests for admission and document requests, some of which contain over 50 subparts each and

which ask about facts contained in millions of pages of documents and the testimony of hundreds

of witnesses, comprising tens of thousands of pages of deposition and other testimony.  The City

further objects that the undue burden imposed by this discovery is compounded by the fact that

Defendants, via a December 16, 2008, email from Defendants' liaison counsel, Mr. James Pardo, Esq., denied the City's reasonable request for a one-month extension of the time to respond to January 19, 2009, despite the fact that parties had previously agreed to extend the fact discovery cutoff date for all previously-served discovery in this case to January 19.

2. The City objects to this entire set of Interrogatories and Document Requests as abusive of the discovery process and as creating needless friction among the parties and counsel. As evidenced by Local Civil Rule 33.3(c), contention interrogatories are appropriately served, if at all, at the "conclusion of other discovery." Even then, such Interrogatories are appropriate only if they are a practical method of obtaining the information sought. *See* Local Civil Rule 33.3(b). Where, as here, the Court has created a comprehensive case management approach not only to the present litigation, but also to the entire MDL 1358, that includes the mandatory disclosure of Deposition Designations, Exhibit Lists, and other Court-ordered disclosures, broad-brushed contention interrogatories of the kind in the Interrogatories and Document Requests are not only an impractical method of obtaining the information sought; they are manifestly counterproductive and abusive.

3. The City objects to the Interrogatories and Document Requests as improperly requiring the City "to regurgitate all factual information obtained in discovery," *see Convolve, Inc. v. Compaq Computer Corp.,* 223 F.R.D. 162, 173 (S.D.N.Y. 2004), to the extent that they seek to require the City to cite "any and all documents" and "any other facts or evidence" relating to Defendants' liability.

4. The City further objects to this discovery on the grounds that it seeks information that is equally available to Defendants, including, but not limited to, information from publicly available reports and databases, information contained in Defendants' own

discovery responses and/or testimony given by Defendants' own witnesses in connection with this and/or similar litigation to which Defendants were and/or are parties.

5.      By responding to any interrogatory or request for production, the City does not concede the materiality of the subject to which it refers. The City's responses are made expressly subject to, and without waiving or intending to waive, any questions or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence, or for any other purpose, of any of the documents or information produced, or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

6.      The City objects to the Interrogatories and Document Requests to the extent that the Interrogatories and Document Requests seek information or documents covered by attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. None of the City's responses is intended as, or should be construed as, a waiver or relinquishment of any part of the protections afforded by the attorney-client privilege, the work product doctrine or any other applicable privileges or immunities. The City reserves the right to withdraw and recover any documents or information covered by such privileges or immunities if the City inadvertently or mistakenly produces such document or information in response to the Contention Interrogatories and Document Requests.

7.      The City objects to each Interrogatory and Document Request as unduly burdensome, overly broad, oppressive, harassing and not reasonably calculated to lead to the discovery of admissible evidence to the extent it calls for the disclosure of the City's theories and mental impressions regarding how it intends to prove its contentions and allegations at trial, and to the extent it calls for the City to respond to an affirmative defense that Defendants have yet to fully articulate and that Defendants bear the burden to present. The City explicitly reserves the right to move for a protective order or seek other relief from the Court in the event Defendants

- 3 -

request that the City supplement these responses, move to compel responses, or serve additional interrogatories.

8.     The City objects to Defendants' definitions of the terms "Plaintiff," "You," "Your," "Document," on the ground that they differ from the terms as defined in Local Civil Rule 26.3(c). Defendants claim to incorporate such definitions by reference, but then proffer alternative definitions. Thus, Defendants would require the City to refer to two sets of conflicting definitions. The City will follow Local Civil Rule 26.3, which states that definitions are automatically incorporated into all discovery requests and "No discovery request shall use broader definitions or rules of construction than those set forth in paragraphs (c) and (d)." Narrower definitions are allowed. *See* Local Civil Rule 26.3(a). The City will use the definitions provided in Local Civil Rule 26.3(c) in answering the Interrogatories and Document Requests, except to the extent that Defendants' definitions are *narrower* than the Local Civil Rule 26.3 definitions, in which case the City will use Defendants' definitions.

9.     The City objects to the Instruction in paragraph 6 to the extent that it attempts to impose an obligation on the City to ascertain the knowledge of nonparties and to the extent it seeks to require the production of information or documents that are privileged or are not in the possession, custody or control of the City.

10.     The City objects to the Instruction in paragraph 7 to the extent that it attempts to impose any obligations in excess of the Court's Orders, Local Civil Rules 26.2, and the Federal Rules of Civil Procedure.

11.     The City objects to the Interrogatories and Document Requests to the extent that they seek information or documents outside the scope of discovery permissible under the Court's Orders, Federal Rules of Civil Procedure and Local Civil Rules.

- 4 -

12.     The City objects to the Interrogatories and Document Requests to the extent that the Interrogatories and Document Requests seek information that is not in the possession, custody, or control of the City and to the extent that the Interrogatories and Document Requests request information and/or documents equally available to the propounding parties, including information and/or documents previously produced to Defendants, obtainable from some other source, already in Defendants' possession, and/or available as a public record.

13.     The City objects to the Interrogatories and Document Requests to the extent that the Interrogatories and Document Requests contain vague or ambiguous phrases or are overly broad, unduly burdensome and oppressive, or not reasonably calculated to lead to the discovery of admissible evidence.

14.     The City objects to the Interrogatories and Document Requests to the extent that the Interrogatories and Document Requests seek information relating to the subject matter and opinions of expert witnesses, whose disclosure is governed by Federal Rule of Civil Procedure 26, the Orders of this Court, and the Parties' agreements. To the extent that the Contention Interrogatories and Document Requests seek documents and/or information governed by the rules concerning expert disclosures, the City's responses and production will not include materials covered by the expert disclosures.

15.     The City provides these responses to the Interrogatories and Document Requests solely for the purposes of this action. All responses are subject to appropriate confidentiality agreements negotiated, or to be negotiated, between the parties, or as may be imposed by the Court.

16.     These responses are based solely on the information and documents possessed by or obtained by the City to date. The City reserves the right to supplement or amend its

responses to include additional responsive information, as governed by Rule 26 of the Federal Rules of Civil Procedure, Local Rules and the Court's Orders.

17.     These General Objections and Limitations apply to each interrogatory and document request as though fully restated in the response thereto.

## RESPONSES TO INTERROGATORIES

## INTERROGATORY NO. 1

Identify any and all documents and any other facts or evidence that you contend or believe supports the award of punitive damages against Marathon Petroleum Company LLC.

## RESPONSE TO INTERROGATORY NO. 1:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Interrogatory as unduly burdensome. Specifically, this Interrogatory was served by Defendants simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendants.

The City also objects to this Interrogatory to the extent that it calls for premature disclosure of expert opinion, and seeks privileged attorney work product. The City further objects to this Interrogatory to the extent that topics related to this Interrogatory will be the subjects of expert testimony, which is governed by the rules concerning expert disclosures, relevant Court Orders and the Parties' agreements. The City further objects to this Interrogatory on the grounds that it seeks information that is equally available to Defendants, including, but not limited to, information from publicly available reports and databases, information contained in Defendants' own discovery responses and/or testimony given by Defendants' own witnesses in connection with this and/or similar litigation to which Defendants were and/or are parties.

The City further objects to this Interrogatory on the ground that it seeks the premature disclosure of the City's Exhibit Lists and Deposition Designations, before such disclosure is due in circumvention of Court Orders and the Parties' agreements and is also unduly burdensome and oppressive for that reason. The City also objects to this Interrogatory on the basis that it seeks "any and all documents" and "any other facts or evidence" as being unduly burdensome, over broad, oppressive and not generally within the practical capabilities of a party to respond.

Subject to and without waiving its general and specific objections, the City responds as follows: the City refers Defendants to the Fourth Amended Complaint, which is incorporated by reference as if set forth in full here.

## INTERROGATORY NO. 2

Identify any and all documents and any other facts or evidence that you contend or believe supports the award of punitive damages against Marathon Oil Company.

## RESPONSE TO INTERROGATORY NO. 2:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Interrogatory as unduly burdensome. Specifically, this Interrogatory was served by Defendants simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendants.

The City also objects to this Interrogatory to the extent that it calls for premature disclosure of expert opinion, and seeks privileged attorney work product. The City further objects to this Interrogatory to the extent that topics related to this Interrogatory will be the subjects of expert testimony, which is governed by the rules concerning expert disclosures, relevant Court Orders and the Parties' agreements. The City further objects to this Interrogatory on the grounds that it seeks information that is equally available to Defendants, including, but not limited to, information from publicly available reports and databases, information contained in Defendants' own discovery responses and/or testimony given by Defendants' own witnesses in connection with this and/or similar litigation to which Defendants were and/or are parties.

The City further objects to this Interrogatory on the ground that it seeks the premature disclosure of the City's Exhibit Lists and Deposition Designations, before such disclosure is due in circumvention of Court Orders and the Parties' agreements and is also unduly burdensome and oppressive for that reason. The City also objects to this Interrogatory on the basis that it seeks "any and all documents" and "any other facts or evidence" as being unduly burdensome, over broad, oppressive and not generally within the practical capabilities of a party to respond.

Subject to and without waiving its general and specific objections, the City responds as follows: the City refers Defendants to the Fourth Amended Complaint, which is incorporated by reference as if set forth in full here.

## INTERROGATORY NO. 3

Identify any and all documents and any other facts or evidence that you contend or believe supports the award of punitive damages against Hess Corporation.

## RESPONSE TO INTERROGATORY NO. 3:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Interrogatory as unduly burdensome. Specifically, this Interrogatory was served by Defendants simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendants.

The City also objects to this Interrogatory to the extent that it calls for premature disclosure of expert opinion, and seeks privileged attorney work product. The City further objects to this Interrogatory to the extent that topics related to this Interrogatory will be the subjects of expert testimony, which is governed by the rules concerning expert disclosures, relevant Court Orders and the Parties' agreements. The City further objects to this Interrogatory on the grounds that it seeks information that is equally available to Defendants, including, but not limited to, information from publicly available reports and databases, information contained in Defendants' own discovery responses and/or testimony given by Defendants' own witnesses in connection with this and/or similar litigation to which Defendants were and/or are parties.

The City further objects to this Interrogatory on the ground that it seeks the premature disclosure of the City's Exhibit Lists and Deposition Designations, before such disclosure is due in circumvention of Court Orders and the Parties' agreements and is also unduly burdensome and oppressive for that reason. The City also objects to this Interrogatory on the basis that it seeks "any and all documents" and "any other facts or evidence" as being unduly burdensome, over broad, oppressive and not generally within the practical capabilities of a party to respond.

Subject to and without waiving its general and specific objections, the City responds as follows: the City refers Defendants to the Fourth Amended Complaint, which is incorporated by reference as if set forth in full here.

## INTERROGATORY NO. 4

Identify any and all documents and any other facts or evidence that you contend or believe supports the award of punitive damages against Valero Energy Corporation.

## RESPONSE TO INTERROGATORY NO. 4:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Interrogatory as unduly burdensome. Specifically, this Interrogatory was served by Defendants simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable volume of the discovery

contains over 240 separate interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendants.

The City also objects to this Interrogatory to the extent that it calls for premature disclosure of expert opinion, and seeks privileged attorney work product. The City further objects to this Interrogatory to the extent that topics related to this Interrogatory will be the subjects of expert testimony, which is governed by the rules concerning expert disclosures, relevant Court Orders and the Parties' agreements. The City further objects to this Interrogatory on the grounds that it seeks information that is equally available to Defendants, including, but not limited to, information from publicly available reports and databases, information contained in Defendants' own discovery responses and/or testimony given by Defendants' own witnesses in connection with this and/or similar litigation to which Defendants were and/or are parties.

The City further objects to this Interrogatory on the ground that it seeks the premature disclosure of the City's Exhibit Lists and Deposition Designations, before such disclosure is due in circumvention of Court Orders and the Parties' agreements and is also unduly burdensome and oppressive for that reason. The City also objects to this Interrogatory on the basis that it seeks "any and all documents" and "any other facts or evidence" as being unduly burdensome, over broad, oppressive and not generally within the practical capabilities of a party to respond.

Subject to and without waiving its general and specific objections, the City responds as follows: the City refers Defendants to the Fourth Amended Complaint, which is incorporated by reference as if set forth in full here.

## INTERROGATORY NO. 5

Identify any and all documents and any other facts or evidence that you contend or believe supports the award of punitive damages against Valero Marketing and Supply Company.

## RESPONSE TO INTERROGATORY NO. 5:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Interrogatory as unduly burdensome. Specifically, this Interrogatory was served by Defendants simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendants.

The City also objects to this Interrogatory to the extent that it calls for premature disclosure of expert opinion, and seeks privileged attorney work product. The City further objects to this Interrogatory to the extent that topics related to this Interrogatory will be the subjects of expert testimony, which is governed by the rules concerning expert disclosures, relevant Court Orders and the Parties' agreements. The City further objects to this Interrogatory on the grounds that it seeks information that is equally available to Defendants, including, but not limited to, information from publicly available reports and databases, information contained in Defendants' own discovery responses and/or testimony given by Defendants' own witnesses in connection with this and/or similar litigation to which Defendants were and/or are parties.

The City further objects to this Interrogatory on the ground that it seeks the premature disclosure of the City's Exhibit Lists and Deposition Designations, before such disclosure is due in circumvention of Court Orders and the Parties' agreements and is also unduly burdensome and oppressive for that reason. The City also objects to this Interrogatory on the basis that it seeks "any and all documents" and "any other facts or evidence" as being unduly burdensome, over broad, oppressive and not generally within the practical capabilities of a party to respond.

Subject to and without waiving its general and specific objections, the City responds as follows: the City refers Defendants to the Fourth Amended Complaint, which is incorporated by reference as if set forth in full here.

## INTERROGATORY NO. 6

Identify any and all documents and any other facts or evidence that you contend or believe supports the award of punitive damages against Valero Refining and Marketing Company.

## RESPONSE TO INTERROGATORY NO. 6:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Interrogatory as unduly burdensome. Specifically, this Interrogatory was served by Defendants simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendants.

The City also objects to this Interrogatory to the extent that it calls for premature disclosure of expert opinion, and seeks privileged attorney work product. The City further objects to this Interrogatory to the extent that topics related to this Interrogatory will be the subjects of expert testimony, which is governed by the rules concerning expert disclosures, relevant Court Orders and the Parties' agreements. The City further objects to this Interrogatory on the grounds that it seeks information that is equally available to Defendants, including, but not limited to, information from publicly available reports and databases, information contained in Defendants'

own discovery responses and/or testimony given by Defendants' own witnesses in connection with this and/or similar litigation to which Defendants were and/or are parties.

The City further objects to this Interrogatory on the ground that it seeks the premature disclosure of the City's Exhibit Lists and Deposition Designations, before such disclosure is due in circumvention of Court Orders and the Parties' agreements and is also unduly burdensome and oppressive for that reason. The City also objects to this Interrogatory on the basis that it seeks "any and all documents" and "any other facts or evidence" as being unduly burdensome, over broad, oppressive and not generally within the practical capabilities of a party to respond.

Subject to and without waiving its general and specific objections, the City responds as follows: the City refers Defendants to the Fourth Amended Complaint, which is incorporated by reference as if set forth in full here.

## INTERROGATORY NO. 7

        Identify any and all documents and any other facts or evidence that you contend or believe supports the award of punitive damages against The Premcor Refining Group Inc.

## RESPONSE TO INTERROGATORY NO. 7:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Interrogatory as unduly burdensome. Specifically, this Interrogatory was served by Defendants simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendants.

The City also objects to this Interrogatory to the extent that it calls for premature disclosure of expert opinion, and seeks privileged attorney work product. The City further objects to this Interrogatory to the extent that topics related to this Interrogatory will be the subjects of expert testimony, which is governed by the rules concerning expert disclosures, relevant Court Orders and the Parties' agreements. The City further objects to this Interrogatory on the grounds that it seeks information that is equally available to Defendants, including, but not limited to, information from publicly available reports and databases, information contained in Defendants' own discovery responses and/or testimony given by Defendants' own witnesses in connection with this and/or similar litigation to which Defendants were and/or are parties.

The City further objects to this Interrogatory on the ground that it seeks the premature disclosure of the City's Exhibit Lists and Deposition Designations, before such disclosure is due in circumvention of Court Orders and the Parties' agreements and is also unduly burdensome and oppressive for that reason. The City also objects to this Interrogatory on the basis that it seeks

"any and all documents" and "any other facts or evidence" as being unduly burdensome, over broad, oppressive and not generally within the practical capabilities of a party to respond.

Subject to and without waiving its general and specific objections, the City responds as follows: the City refers Defendants to the Fourth Amended Complaint, which is incorporated by reference as if set forth in full here.

## INTERROGATORY NO. 8

Identify any and all documents and any other facts or evidence that you contend or believe supports the award of punitive damages against Ultramar Energy, Inc.

## RESPONSE TO INTERROGATORY NO. 8:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Interrogatory as unduly burdensome. Specifically, this Interrogatory was served by Defendants simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendants.

The City also objects to this Interrogatory to the extent that it calls for premature disclosure of expert opinion, and seeks privileged attorney work product. The City further objects to this Interrogatory to the extent that topics related to this Interrogatory will be the subjects of expert testimony, which is governed by the rules concerning expert disclosures, relevant Court Orders and the Parties' agreements. The City further objects to this Interrogatory on the grounds that it seeks information that is equally available to Defendants, including, but not limited to, information from publicly available reports and databases, information contained in Defendants' own discovery responses and/or testimony given by Defendants' own witnesses in connection with this and/or similar litigation to which Defendants were and/or are parties.

The City further objects to this Interrogatory on the ground that it seeks the premature disclosure of the City's Exhibit Lists and Deposition Designations, before such disclosure is due in circumvention of Court Orders and the Parties' agreements and is also unduly burdensome and oppressive for that reason. The City also objects to this Interrogatory on the basis that it seeks "any and all documents" and "any other facts or evidence" as being unduly burdensome, over broad, oppressive and not generally within the practical capabilities of a party to respond.

Subject to and without waiving its general and specific objections, the City responds as follows: the City refers Defendants to the Fourth Amended Complaint, which is incorporated by reference as if set forth in full here.

## INTERROGATORY NO. 9

Identify any and all documents and any other facts or evidence that you contend or believe supports the award of punitive damages against Ultramar Limited.

## RESPONSE TO INTERROGATORY NO. 9:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Interrogatory as unduly burdensome. Specifically, this Interrogatory was served by Defendants simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendants.

The City also objects to this Interrogatory to the extent that it calls for premature disclosure of expert opinion, and seeks privileged attorney work product. The City further objects to this Interrogatory to the extent that topics related to this Interrogatory will be the subjects of expert testimony, which is governed by the rules concerning expert disclosures, relevant Court Orders and the Parties' agreements. The City further objects to this Interrogatory on the grounds that it seeks information that is equally available to Defendants, including, but not limited to, information from publicly available reports and databases, information contained in Defendants' own discovery responses and/or testimony given by Defendants' own witnesses in connection with this and/or similar litigation to which Defendants were and/or are parties.

The City further objects to this Interrogatory on the ground that it seeks the premature disclosure of the City's Exhibit Lists and Deposition Designations, before such disclosure is due in circumvention of Court Orders and the Parties' agreements and is also unduly burdensome and oppressive for that reason. The City also objects to this Interrogatory on the basis that it seeks "any and all documents" and "any other facts or evidence" as being unduly burdensome, over broad, oppressive and not generally within the practical capabilities of a party to respond.

Subject to and without waiving its general and specific objections, the City responds as follows: the City refers Defendants to the Fourth Amended Complaint, which is incorporated by reference as if set forth in full here.

## INTERROGATORY NO. 10

Identify any and all documents and any other facts or evidence that you contend or believe supports the award of punitive damages against Chevron U.S.A. Inc.

## RESPONSE TO INTERROGATORY NO. 10:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Interrogatory as unduly burdensome. Specifically, this Interrogatory was served by Defendants simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendants.

The City also objects to this Interrogatory to the extent that it calls for premature disclosure of expert opinion, and seeks privileged attorney work product. The City further objects to this Interrogatory to the extent that topics related to this Interrogatory will be the subjects of expert testimony, which is governed by the rules concerning expert disclosures, relevant Court Orders and the Parties' agreements. The City further objects to this Interrogatory on the grounds that it seeks information that is equally available to Defendants, including, but not limited to, information from publicly available reports and databases, information contained in Defendants' own discovery responses and/or testimony given by Defendants' own witnesses in connection with this and/or similar litigation to which Defendants were and/or are parties.

The City further objects to this Interrogatory on the ground that it seeks the premature disclosure of the City's Exhibit Lists and Deposition Designations, before such disclosure is due in circumvention of Court Orders and the Parties' agreements and is also unduly burdensome and oppressive for that reason. The City also objects to this Interrogatory on the basis that it seeks "any and all documents" and "any other facts or evidence" as being unduly burdensome, over broad, oppressive and not generally within the practical capabilities of a party to respond.

Subject to and without waiving its general and specific objections, the City responds as follows: the City refers Defendants to the Fourth Amended Complaint, which is incorporated by reference as if set forth in full here.

## INTERROGATORY NO. 11

Identify any and all documents and any other facts or evidence that you contend or believe supports the award of punitive damages against Texaco Inc.

## RESPONSE TO INTERROGATORY NO. 11:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Interrogatory as unduly burdensome. Specifically, this Interrogatory was served by Defendants simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some

of which contain over 50 subparts each and which ask about facts contained in millions of pages
of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages
of deposition and other testimony. The City further objects that it requested a reasonable
extension that was inappropriately and unreasonably refused by Defendants.

The City also objects to this Interrogatory to the extent that it calls for premature disclosure of
expert opinion, and seeks privileged attorney work product. The City further objects to this
Interrogatory to the extent that topics related to this Interrogatory will be the subjects of expert
testimony, which is governed by the rules concerning expert disclosures, relevant Court Orders
and the Parties' agreements. The City further objects to this Interrogatory on the grounds that it
seeks information that is equally available to Defendants, including, but not limited to,
information from publicly available reports and databases, information contained in Defendants'
own discovery responses and/or testimony given by Defendants' own witnesses in connection
with this and/or similar litigation to which Defendants were and/or are parties.

The City further objects to this Interrogatory on the ground that it seeks the premature disclosure
of the City's Exhibit Lists and Deposition Designations, before such disclosure is due in
circumvention of Court Orders and the Parties' agreements and is also unduly burdensome and
oppressive for that reason. The City also objects to this Interrogatory on the basis that it seeks
"any and all documents" and "any other facts or evidence" as being unduly burdensome, over
broad, oppressive and not generally within the practical capabilities of a party to respond.

Subject to and without waiving its general and specific objections, the City responds as follows:
the City refers Defendants to the Fourth Amended Complaint, which is incorporated by reference
as if set forth in full here.

## INTERROGATORY NO. 12

Identify any and all documents and any other facts or evidence that you contend
or believe supports the award of punitive damages against Union Oil Company of California.

## RESPONSE TO INTERROGATORY NO. 12:

In addition to its General Objections and Limitations which are incorporated herein by reference,
the City objects to this Interrogatory as unduly burdensome. Specifically, this Interrogatory was
served by Defendants simultaneously with 12 other sets of Contention Interrogatories, Requests
for Admission and Document Requests served by other defendants on November 18, 2008 and
November 19, 2008. Collectively, this massive and unreasonable volume of the discovery
contains over 240 separate interrogatories, requests for admission and document requests, some
of which contain over 50 subparts each and which ask about facts contained in millions of pages
of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages
of deposition and other testimony. The City further objects that it requested a reasonable
extension that was inappropriately and unreasonably refused by Defendants.

The City also objects to this Interrogatory to the extent that it calls for premature disclosure of
expert opinion, and seeks privileged attorney work product. The City further objects to this
Interrogatory to the extent that topics related to this Interrogatory will be the subjects of expert

testimony, which is governed by the rules concerning expert disclosures, relevant Court Orders and the Parties' agreements. The City further objects to this Interrogatory on the grounds that it seeks information that is equally available to Defendants, including, but not limited to, information from publicly available reports and databases, information contained in Defendants' own discovery responses and/or testimony given by Defendants' own witnesses in connection with this and/or similar litigation to which Defendants were and/or are parties.

The City further objects to this Interrogatory on the ground that it seeks the premature disclosure of the City's Exhibit Lists and Deposition Designations, before such disclosure is due in circumvention of Court Orders and the Parties' agreements and is also unduly burdensome and oppressive for that reason. The City also objects to this Interrogatory on the basis that it seeks "any and all documents" and "any other facts or evidence" as being unduly burdensome, over broad, oppressive and not generally within the practical capabilities of a party to respond.

Subject to and without waiving its general and specific objections, the City responds as follows: the City refers Defendants to the Fourth Amended Complaint, which is incorporated by reference as if set forth in full here.

## INTERROGATORY NO. 13

Identify any and all documents and any other facts or evidence that you contend or believe supports the award of punitive damages against TRMI Holdings Inc. (n/k/a TRMI-H LLC).

## RESPONSE TO INTERROGATORY NO. 13:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Interrogatory as unduly burdensome. Specifically, this Interrogatory was served by Defendants simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendants.

The City also objects to this Interrogatory to the extent that it calls for premature disclosure of expert opinion, and seeks privileged attorney work product. The City further objects to this Interrogatory to the extent that topics related to this Interrogatory will be the subjects of expert testimony, which is governed by the rules concerning expert disclosures, relevant Court Orders and the Parties' agreements. The City further objects to this Interrogatory on the grounds that it seeks information that is equally available to Defendants, including, but not limited to, information from publicly available reports and databases, information contained in Defendants' own discovery responses and/or testimony given by Defendants' own witnesses in connection with this and/or similar litigation to which Defendants were and/or are parties.

The City further objects to this Interrogatory on the ground that it seeks the premature disclosure of the City's Exhibit Lists and Deposition Designations, before such disclosure is due in circumvention of Court Orders and the Parties' agreements and is also unduly burdensome and oppressive for that reason. The City also objects to this Interrogatory on the basis that it seeks "any and all documents" and "any other facts or evidence" as being unduly burdensome, over broad, oppressive and not generally within the practical capabilities of a party to respond.

Subject to and without waiving its general and specific objections, the City responds as follows: the City refers Defendants to the Fourth Amended Complaint, which is incorporated by reference as if set forth in full here.

## INTERROGATORY NO. 14

Identify any and all documents and any other facts or evidence that you contend or believe supports the award of punitive damages against Crown Central LLC.

## RESPONSE TO INTERROGATORY NO. 14:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Interrogatory as unduly burdensome. Specifically, this Interrogatory was served by Defendants simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendants.

The City also objects to this Interrogatory to the extent that it calls for premature disclosure of expert opinion, and seeks privileged attorney work product. The City further objects to this Interrogatory to the extent that topics related to this Interrogatory will be the subjects of expert testimony, which is governed by the rules concerning expert disclosures, relevant Court Orders and the Parties' agreements. The City further objects to this Interrogatory on the grounds that it seeks information that is equally available to Defendants, including, but not limited to, information from publicly available reports and databases, information contained in Defendants' own discovery responses and/or testimony given by Defendants' own witnesses in connection with this and/or similar litigation to which Defendants were and/or are parties.

The City further objects to this Interrogatory on the ground that it seeks the premature disclosure of the City's Exhibit Lists and Deposition Designations, before such disclosure is due in circumvention of Court Orders and the Parties' agreements and is also unduly burdensome and oppressive for that reason. The City also objects to this Interrogatory on the basis that it seeks "any and all documents" and "any other facts or evidence" as being unduly burdensome, over broad, oppressive and not generally within the practical capabilities of a party to respond.

Subject to and without waiving its general and specific objections, the City responds as follows: the City refers Defendants to the Fourth Amended Complaint, which is incorporated by reference as if set forth in full here.

## INTERROGATORY NO. 15.

Identify any and all documents and any other facts or evidence that you contend or believe supports the award of punitive damages against BP Products North America Inc.

## RESPONSE TO INTERROGATORY NO. 15:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Interrogatory as unduly burdensome. Specifically, this Interrogatory was served by Defendants simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendants.

The City also objects to this Interrogatory to the extent that it calls for premature disclosure of expert opinion, and seeks privileged attorney work product. The City further objects to this Interrogatory to the extent that topics related to this Interrogatory will be the subjects of expert testimony, which is governed by the rules concerning expert disclosures, relevant Court Orders and the Parties' agreements. The City further objects to this Interrogatory on the grounds that it seeks information that is equally available to Defendants, including, but not limited to, information from publicly available reports and databases, information contained in Defendants' own discovery responses and/or testimony given by Defendants' own witnesses in connection with this and/or similar litigation to which Defendants were and/or are parties.

The City further objects to this Interrogatory on the ground that it seeks the premature disclosure of the City's Exhibit Lists and Deposition Designations, before such disclosure is due in circumvention of Court Orders and the Parties' agreements and is also unduly burdensome and oppressive for that reason. The City also objects to this Interrogatory on the basis that it seeks "any and all documents" and "any other facts or evidence" as being unduly burdensome, over broad, oppressive and not generally within the practical capabilities of a party to respond.

Subject to and without waiving its general and specific objections, the City responds as follows: the City refers Defendants to the Fourth Amended Complaint, which is incorporated by reference as if set forth in full here.

## INTERROGATORY NO. 16

Identify any and all documents and any other facts or evidence that you contend or believe supports the award of punitive damages against Atlantic Richfield Company.

## RESPONSE TO INTERROGATORY NO. 16:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Interrogatory as unduly burdensome. Specifically, this Interrogatory was served by Defendants simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendants.

The City also objects to this Interrogatory to the extent that it calls for premature disclosure of expert opinion, and seeks privileged attorney work product. The City further objects to this Interrogatory to the extent that topics related to this Interrogatory will be the subjects of expert testimony, which is governed by the rules concerning expert disclosures, relevant Court Orders and the Parties' agreements. The City further objects to this Interrogatory on the grounds that it seeks information that is equally available to Defendants, including, but not limited to, information from publicly available reports and databases, information contained in Defendants' own discovery responses and/or testimony given by Defendants' own witnesses in connection with this and/or similar litigation to which Defendants were and/or are parties.

The City further objects to this Interrogatory on the ground that it seeks the premature disclosure of the City's Exhibit Lists and Deposition Designations, before such disclosure is due in circumvention of Court Orders and the Parties' agreements and is also unduly burdensome and oppressive for that reason. The City also objects to this Interrogatory on the basis that it seeks "any and all documents" and "any other facts or evidence" as being unduly burdensome, over broad, oppressive and not generally within the practical capabilities of a party to respond.

Subject to and without waiving its general and specific objections, the City responds as follows: the City refers Defendants to the Fourth Amended Complaint, which is incorporated by reference as if set forth in full here.

## INTERROGATORY NO. 17

Identify any and all documents and any other facts or evidence that you contend or believe supports the award of punitive damages against Flint Hills Resources, LP.

## RESPONSE TO INTERROGATORY NO. 17:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Interrogatory as unduly burdensome. Specifically, this Interrogatory was served by Defendants simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable volume of the discovery

contains over 240 separate interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendants.

The City also objects to this Interrogatory to the extent that it calls for premature disclosure of expert opinion, and seeks privileged attorney work product. The City further objects to this Interrogatory to the extent that topics related to this Interrogatory will be the subjects of expert testimony, which is governed by the rules concerning expert disclosures, relevant Court Orders and the Parties' agreements. The City further objects to this Interrogatory on the grounds that it seeks information that is equally available to Defendants, including, but not limited to, information from publicly available reports and databases, information contained in Defendants' own discovery responses and/or testimony given by Defendants' own witnesses in connection with this and/or similar litigation to which Defendants were and/or are parties.

The City further objects to this Interrogatory on the ground that it seeks the premature disclosure of the City's Exhibit Lists and Deposition Designations, before such disclosure is due in circumvention of Court Orders and the Parties' agreements and is also unduly burdensome and oppressive for that reason. The City also objects to this Interrogatory on the basis that it seeks "any and all documents" and "any other facts or evidence" as being unduly burdensome, over broad, oppressive and not generally within the practical capabilities of a party to respond.

Subject to and without waiving its general and specific objections, the City responds as follows: the City refers Defendants to the Fourth Amended Complaint, which is incorporated by reference as if set forth in full here.

## INTERROGATORY NO. 18

   Identify any and all documents and any other facts or evidence that you contend or believe supports the award of punitive damages against Getty Properties Corp.

## RESPONSE TO INTERROGATORY NO. 18:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Interrogatory as unduly burdensome. Specifically, this Interrogatory was served by Defendants simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendants.

The City also objects to this Interrogatory to the extent that it calls for premature disclosure of expert opinion, and seeks privileged attorney work product. The City further objects to this

Interrogatory to the extent that topics related to this Interrogatory will be the subjects of expert testimony, which is governed by the rules concerning expert disclosures, relevant Court Orders and the Parties' agreements. The City further objects to this Interrogatory on the grounds that it seeks information that is equally available to Defendants, including, but not limited to, information from publicly available reports and databases, information contained in Defendants' own discovery responses and/or testimony given by Defendants' own witnesses in connection with this and/or similar litigation to which Defendants were and/or are parties.

The City further objects to this Interrogatory on the ground that it seeks the premature disclosure of the City's Exhibit Lists and Deposition Designations, before such disclosure is due in circumvention of Court Orders and the Parties' agreements and is also unduly burdensome and oppressive for that reason. The City also objects to this Interrogatory on the basis that it seeks "any and all documents" and "any other facts or evidence" as being unduly burdensome, over broad, oppressive and not generally within the practical capabilities of a party to respond.

Subject to and without waiving its general and specific objections, the City responds as follows: the City refers Defendants to the Fourth Amended Complaint, which is incorporated by reference as if set forth in full here.

### INTERROGATORY NO. 19

Identify any and all documents and any other facts or evidence that you contend or believe supports the award of punitive damages against Sunoco, Inc.

### RESPONSE TO INTERROGATORY NO. 19:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Interrogatory as unduly burdensome. Specifically, this Interrogatory was served by Defendants simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendants.

The City also objects to this Interrogatory to the extent that it calls for premature disclosure of expert opinion, and seeks privileged attorney work product. The City further objects to this Interrogatory to the extent that topics related to this Interrogatory will be the subjects of expert testimony, which is governed by the rules concerning expert disclosures, relevant Court Orders and the Parties' agreements. The City further objects to this Interrogatory on the grounds that it seeks information that is equally available to Defendants, including, but not limited to, information from publicly available reports and databases, information contained in Defendants' own discovery responses and/or testimony given by Defendants' own witnesses in connection with this and/or similar litigation to which Defendants were and/or are parties.

The City further objects to this Interrogatory on the ground that it seeks the premature disclosure of the City's Exhibit Lists and Deposition Designations, before such disclosure is due in circumvention of Court Orders and the Parties' agreements and is also unduly burdensome and oppressive for that reason. The City also objects to this Interrogatory on the basis that it seeks "any and all documents" and "any other facts or evidence" as being unduly burdensome, over broad, oppressive and not generally within the practical capabilities of a party to respond.

Subject to and without waiving its general and specific objections, the City responds as follows: the City refers Defendants to the Fourth Amended Complaint, which is incorporated by reference as if set forth in full here.

## INTERROGATORY NO. 20

Identify any and all documents and any other facts or evidence that you contend or believe supports the award of punitive damages against Sunoco, Inc. (R&M).

## RESPONSE TO INTERROGATORY NO. 20:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Interrogatory as unduly burdensome. Specifically, this Interrogatory was served by Defendants simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendants.

The City also objects to this Interrogatory to the extent that it calls for premature disclosure of expert opinion, and seeks privileged attorney work product. The City further objects to this Interrogatory to the extent that topics related to this Interrogatory will be the subjects of expert testimony, which is governed by the rules concerning expert disclosures, relevant Court Orders and the Parties' agreements. The City further objects to this Interrogatory on the grounds that it seeks information that is equally available to Defendants, including, but not limited to, information from publicly available reports and databases, information contained in Defendants' own discovery responses and/or testimony given by Defendants' own witnesses in connection with this and/or similar litigation to which Defendants were and/or are parties.

The City further objects to this Interrogatory on the ground that it seeks the premature disclosure of the City's Exhibit Lists and Deposition Designations, before such disclosure is due in circumvention of Court Orders and the Parties' agreements and is also unduly burdensome and oppressive for that reason. The City also objects to this Interrogatory on the basis that it seeks "any and all documents" and "any other facts or evidence" as being unduly burdensome, over broad, oppressive and not generally within the practical capabilities of a party to respond.

Subject to and without waiving its general and specific objections, the City responds as follows: the City refers Defendants to the Fourth Amended Complaint, which is incorporated by reference as if set forth in full here.

**INTERROGATORY NO. 21**

Identify any and all documents and any other facts or evidence that you contend or believe supports the award of punitive damages against Giant Yorktown, Inc.

**RESPONSE TO INTERROGATORY NO. 21:**

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Interrogatory as unduly burdensome. Specifically, this Interrogatory was served by Defendants simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendants.

The City also objects to this Interrogatory to the extent that it calls for premature disclosure of expert opinion, and seeks privileged attorney work product. The City further objects to this Interrogatory to the extent that topics related to this Interrogatory will be the subjects of expert testimony, which is governed by the rules concerning expert disclosures, relevant Court Orders and the Parties' agreements. The City further objects to this Interrogatory on the grounds that it seeks information that is equally available to Defendants, including, but not limited to, information from publicly available reports and databases, information contained in Defendants' own discovery responses and/or testimony given by Defendants' own witnesses in connection with this and/or similar litigation to which Defendants were and/or are parties.

The City further objects to this Interrogatory on the ground that it seeks the premature disclosure of the City's Exhibit Lists and Deposition Designations, before such disclosure is due in circumvention of Court Orders and the Parties' agreements and is also unduly burdensome and oppressive for that reason. The City also objects to this Interrogatory on the basis that it seeks "any and all documents" and "any other facts or evidence" as being unduly burdensome, over broad, oppressive and not generally within the practical capabilities of a party to respond.

Subject to and without waiving its general and specific objections, the City responds as follows: the City refers Defendants to the Fourth Amended Complaint, which is incorporated by reference as if set forth in full here.

## INTERROGATORY NO. 22

Identify any and all documents and any other facts or evidence that you contend or believe supports the award of punitive damages against El Paso Merchant Energy-Petroleum Company.

## RESPONSE TO INTERROGATORY NO. 22:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Interrogatory as unduly burdensome. Specifically, this Interrogatory was served by Defendants simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendants.

The City also objects to this Interrogatory to the extent that it calls for premature disclosure of expert opinion, and seeks privileged attorney work product. The City further objects to this Interrogatory to the extent that topics related to this Interrogatory will be the subjects of expert testimony, which is governed by the rules concerning expert disclosures, relevant Court Orders and the Parties' agreements. The City further objects to this Interrogatory on the grounds that it seeks information that is equally available to Defendants, including, but not limited to, information from publicly available reports and databases, information contained in Defendants' own discovery responses and/or testimony given by Defendants' own witnesses in connection with this and/or similar litigation to which Defendants were and/or are parties.

The City further objects to this Interrogatory on the ground that it seeks the premature disclosure of the City's Exhibit Lists and Deposition Designations, before such disclosure is due in circumvention of Court Orders and the Parties' agreements and is also unduly burdensome and oppressive for that reason. The City also objects to this Interrogatory on the basis that it seeks "any and all documents" and "any other facts or evidence" as being unduly burdensome, over broad, oppressive and not generally within the practical capabilities of a party to respond.

Subject to and without waiving its general and specific objections, the City responds as follows: the City refers Defendants to the Fourth Amended Complaint, which is incorporated by reference as if set forth in full here.

## INTERROGATORY NO. 23

Identify any and all documents and any other facts or evidence that you contend or believe supports the award of punitive damages against ConocoPhillips Company.

## RESPONSE TO INTERROGATORY NO. 23:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Interrogatory as unduly burdensome. Specifically, this Interrogatory was served by Defendants simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendants.

The City also objects to this Interrogatory to the extent that it calls for premature disclosure of expert opinion, and seeks privileged attorney work product. The City further objects to this Interrogatory to the extent that topics related to this Interrogatory will be the subjects of expert testimony, which is governed by the rules concerning expert disclosures, relevant Court Orders and the Parties' agreements. The City further objects to this Interrogatory on the grounds that it seeks information that is equally available to Defendants, including, but not limited to, information from publicly available reports and databases, information contained in Defendants' own discovery responses and/or testimony given by Defendants' own witnesses in connection with this and/or similar litigation to which Defendants were and/or are parties.

The City further objects to this Interrogatory on the ground that it seeks the premature disclosure of the City's Exhibit Lists and Deposition Designations, before such disclosure is due in circumvention of Court Orders and the Parties' agreements and is also unduly burdensome and oppressive for that reason. The City also objects to this Interrogatory on the basis that it seeks "any and all documents" and "any other facts or evidence" as being unduly burdensome, over broad, oppressive and not generally within the practical capabilities of a party to respond.

Subject to and without waiving its general and specific objections, the City responds as follows: the City refers Defendants to the Fourth Amended Complaint, which is incorporated by reference as if set forth in full here.

## INTERROGATORY NO. 24

Identify any and all documents and any other facts or evidence that you contend or believe supports the award of punitive damages against Getty Petroleum Marketing Inc.

## RESPONSE TO INTERROGATORY NO. 24:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Interrogatory as unduly burdensome. Specifically, this Interrogatory was served by Defendants simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some

of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendants.

The City also objects to this Interrogatory to the extent that it calls for premature disclosure of expert opinion, and seeks privileged attorney work product. The City further objects to this Interrogatory to the extent that topics related to this Interrogatory will be the subjects of expert testimony, which is governed by the rules concerning expert disclosures, relevant Court Orders and the Parties' agreements. The City further objects to this Interrogatory on the grounds that it seeks information that is equally available to Defendants, including, but not limited to, information from publicly available reports and databases, information contained in Defendants' own discovery responses and/or testimony given by Defendants' own witnesses in connection with this and/or similar litigation to which Defendants were and/or are parties.

The City further objects to this Interrogatory on the ground that it seeks the premature disclosure of the City's Exhibit Lists and Deposition Designations, before such disclosure is due in circumvention of Court Orders and the Parties' agreements and is also unduly burdensome and oppressive for that reason. The City also objects to this Interrogatory on the basis that it seeks "any and all documents" and "any other facts or evidence" as being unduly burdensome, over broad, oppressive and not generally within the practical capabilities of a party to respond.

Subject to and without waiving its general and specific objections, the City responds as follows: the City refers Defendants to the Fourth Amended Complaint, which is incorporated by reference as if set forth in full here.

## RESPONSES TO REQUESTS FOR PRODUCTION DOCUMENT REQUEST NO. 1

Please provide any document identified, referred to, or relied upon in responses to the interrogatories set forth above.

## RESPONSE TO DOCUMENT REQUEST NO. 1:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Document Request as unduly burdensome. Specifically, this Document Request was served by Defendants simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendants.

The City further objects to this Document Request on the ground that it seeks the premature disclosure of the City's Exhibit Lists and Deposition Designations before such disclosure is due

in circumvention of Court Orders and is also unduly burdensome for that reason. Furthermore, City objects to this Document Request on the ground that it seeks the premature disclosure of expert-related documents, in violation of relevant Court Orders and the Parties' agreements. The City will not produce documents in response to this Request, but will instead disclose its Exhibit Lists, Deposition Designations and expert-related documents to Defendants at the appropriate times as set forth in the relevant Court Orders and in accordance with the Parties' agreements.

Dated: San Francisco, California
December 18, 2008

> MICHAEL A. CARDOZO
> Corporation Counsel of the City of New York
> Attorney for Plaintiff City of New York
> 100 Church Street
> New York, New York 10007
> (212) 788-1568

By: _____

> VICTOR M. SHER *(pro hac vice)*
> TODD E. ROBINS *(pro hac vice)*
> NICHOLAS D. CAMPINS *(pro hac vice)*
>
> SHER LEFF LLP
> 450 Mission Street, Suite 400
> San Francisco, CA 94105
>
> *Attorneys for Plaintiff City of New York*

## CERTIFICATE OF SERVICE

I, Kristin Meyers, hereby certify that on December 18, 2008, a true and correct copy of the foregoing Plaintiff City of New York's Responses and Objections to Certain Defendants' First Set of Interrogatories and Document Requests Regarding Punitive Damages was served via Lexis Nexis File & Serve on all counsel of record in this action.

Kristin Meyers

**EXHIBIT B2**