

24130694

Mar 10 2009
11:30AM

# EXHIBIT B4


LEXISNEXIS FILE & SERVE
E-SERVICE
23008276
Dec 19 2008
6:56PM

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x

In Re: Methyl Tertiary Butyl Ether ("MTBE")
Products Liability Litigation

------------------------------------------------------------------------ x

**This document relates to the following case:**

*City of New York* v. *Amerada Hess Corp., et al.,*
Case No. 04 Civ. 3417

**PLAINTIFF CITY OF NEW YORK'S RESPONSES AND OBJECTIONS TO ATLANTIC RICHFIELD COMPANY'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

MDL No. 1358
Master File C.A. No.
1:00-1898 (SAS)

Plaintiff City of New York ("the City"), by its attorneys, Michael A. Cardozo,

Corporation Counsel of the City of New York, and Sher Leff LLP, hereby responds to Atlantic

Richfield Company's ("Defendant's") First Set of Interrogatories and Requests for Production of

Documents to Plaintiff City of New York, dated November 19, 2008, as follows:

## GENERAL OBJECTIONS AND LIMITATIONS

1.        The City objects to this entire set of Interrogatories and Requests for

Production as unduly burdensome, unreasonable and oppressive. This unreasonable set of

contention interrogatories and document requests was served by Defendant simultaneously with

12 other sets of contention interrogatories, requests for admission and document requests served

by other defendants in this case on November 18, 2008 and November 19, 2008. Collectively,

this massive and unreasonable discovery contains over 240 separate contention interrogatories,

requests for admission and document requests, some of which contain over 50 subparts each and

which ask about facts contained in millions of pages of documents and the testimony of hundreds

of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City

further objects that the undue burden imposed by this discovery is compounded by the fact that

Defendant, via a December 16, 2008 email from Defendants' liaison counsel, Mr. James Pardo, Esq., denied the City's reasonable request for a one-month extension of the time to respond to January 19, 2009, despite the fact that parties had previously agreed to extend the fact discovery cutoff date for all previously-served discovery in this case to January 19.

2.      The City objects to this entire set of Interrogatories and Requests for Production as abusive of the discovery process and as creating needless friction among the parties and counsel. As evidenced by Local Civil Rule 33.3(c), contention interrogatories are appropriately served, if at all, at the "conclusion of other discovery." Even then, such Interrogatories are appropriate only if they are a practical method of obtaining the information sought. *See* Local Civil Rule 33.3(b). Where, as here, the Court has created a comprehensive case management approach not only to the present litigation, but also to the entire MDL 1358, that includes the mandatory disclosure of Deposition Designations, Exhibit Lists, and other Court-ordered disclosures, broad-brushed contention interrogatories of the kind in the Interrogatories and Requests for Production are not only an impractical method of obtaining the information sought; they are manifestly counterproductive and abusive.

3.      The City objects to the Interrogatories and Requests for Production to the extent that they seek to require the City to "to regurgitate all factual information obtained in discovery." *See Convolve, Inc. v. Compaq Computer Corp.*, 223 F.R.D. 162, 173 (S.D.N.Y. 2004).

4.      The City further objects to this discovery on the grounds that it seeks information that is equally available to Defendant, including, but not limited to, information from publicly available reports and databases, information contained in Defendant's own discovery

responses and/or testimony given by Defendant's own witnesses in connection with this and/or similar litigation to which Defendant was and/or is a party.

5.     By responding to any interrogatory or request for production, the City does not concede the materiality of the subject to which it refers. The City's responses are made expressly subject to, and without waiving or intending to waive, any questions or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence, or for any other purpose, of any of the documents or information produced, or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

6.     The City objects to the Interrogatories and Requests for Production to the extent that the Interrogatories and Requests for Production seek information or documents covered by attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. None of the City's responses is intended as, or should be construed as, a waiver or relinquishment of any part of the protections afforded by the attorney-client privilege, the work product doctrine or any other applicable privileges or immunities. The City reserves the right to withdraw and recover any documents or information covered by such privileges or immunities if the City inadvertently or mistakenly produces such document or information in response to the Interrogatories and Requests for Production.

7.     The City objects to each Interrogatory and Request for Production as unduly burdensome, overly broad, oppressive, harassing and not reasonably calculated to lead to the discovery of admissible evidence to the extent it calls for the disclosure of the City's theories and mental impressions regarding how it intends to prove its contentions and allegations at trial, and to the extent it calls for the City to respond to an affirmative defense that Defendant has yet to fully articulate and that Defendant bears the burden to present. The City explicitly reserves the

right to move for a protective order or seek other relief from the Court in the event Defendant requests that the City supplement these responses, move to compel responses, or serve additional interrogatories.

8.        The City objects to Defendant's definitions of the terms "City," "Plaintiff," "You," "Your," "Yours," "document," "documents," "Identify," "Person," "Concerning (*see* definition paragraph 13), "And," and "or" on the ground that they differ from the terms as defined in Local Civil Rule 26.3(c). Defendant claims to incorporate such definitions by reference, but then proffers alternative definitions. Thus, Defendant would require the City to refer to two sets of conflicting definitions. The City will follow Local Civil Rule 26.3, which states that definitions are automatically incorporated into all discovery requests and "No discovery request shall use broader definitions or rules of construction than those set forth in paragraphs (c) and (d)." Narrower definitions are allowed. *See* Local Civil Rule 26.3(a). The City will use the definitions provided in Local Civil Rule 26.3(c) in answering the Interrogatories and Requests for Production, except to the extent that Defendant's definitions are *narrower* than the Local Civil Rule 26.3 definitions, in which case the City will use Defendant's definitions.

9.        The City objects to Defendant's definition of the word "including" on the grounds that it is confusing and indefinite, in that it attempts to "bring within scope of the discovery sought all responses which might otherwise be construed to be outside its scope." Such definition is so indefinite that it renders any question containing it indefinite and unanswerable.

10.       The City objects to Defendant's definition of the term "Customer" on the ground that it is confusing, in that the term "customer" purportedly applies only to the *City's* customers. The City also objects to Defendant's definition of the term "Customer" on the

ground that it is as overbroad, as it purportedly applies to "any person to whom the City has provided water since 1979."

11.     The City objects to Defendant's definition of the term "Jamaica Water System" on the grounds that it is vague, ambiguous, confusing, irrelevant and overbroad in that it purportedly extends to "all of the City's ground water supply wells," even those which are not the subject of this litigation.

12.     The City objects to the Instruction in paragraph 19 to the extent that it attempts to impose any obligations in excess of the Court's orders, Local Civil Rules 26.2, and the Federal Rules of Civil Procedure.

13.     The City objects to the Instruction in paragraph 20 to the Interrogatories and Requests for Production to the extent that it attempts to impose any obligation to supplement responses in excess of the Court's orders, Local Civil Rules, and the Federal Rules of Civil Procedure.

14.     The City objects to the Instruction in paragraph 21 to the extent that it attempts to impose an obligation on the City to ascertain the knowledge of nonparties and to the extent it seeks to require the production of information or documents that are privileged or are not in the possession, custody or control of the City.

15.     The City objects to the Instruction in paragraph 22 to the extent that it attempts to circumvent and impose obligations that do not exist under Local Civil Rule 33.1(a).

16.     The City objects to the Instruction in paragraph 23 to the extent that it attempts to impose any obligations in excess of the Court's orders, Local Civil Rules 26.2, and the Federal Rules of Civil Procedure.

17.     The City objects to the Interrogatories and Requests for Production to the extent that they seek information or documents outside the scope of discovery permissible under the Court's Orders, Federal Rules of Civil Procedure and Local Civil Rules.

18.     The City objects to the Interrogatories and Requests for Production to the extent that the Interrogatories and Requests for Production seek information that is not in the possession, custody, or control of the City and to the extent that the Interrogatories and Requests for Production request information and/or documents equally available to the propounding parties, including information and/or documents previously produced to Defendant, obtainable from some other source, already in Defendant's possession, and/or available as a public record.

19.     The City objects to the Interrogatories and Requests for Production to the extent that the Interrogatories and Requests for Production contain vague or ambiguous phrases or are overly broad, unduly burdensome and oppressive, or not reasonably calculated to lead to the discovery of admissible evidence.

20.     The City objects to the Interrogatories and Requests for Production to the extent that the Interrogatories and Requests for Production seek information relating to the subject matter and opinions of expert witnesses, whose disclosure is governed by Federal Rule of Civil Procedure 26, the Orders of this Court, and the Parties' agreements. To the extent that the Interrogatories and Requests for Production seek documents and/or information governed by the rules concerning expert disclosures, the City's responses and production will not include materials covered by the expert disclosures.

21.     The City provides these responses to the Interrogatories and Requests for Production solely for the purposes of this action. All responses are subject to appropriate

confidentiality agreements negotiated, or to be negotiated, between the parties, or as may be imposed by the Court.

22.     These responses are based solely on the information and documents possessed by or obtained by the City to date. The City reserves the right to supplement or amend its responses to include additional responsive information, as governed by Rule 26 of the Federal Rules of Civil Procedure, Local Rules and the Court's Orders.

23.     These General Objections and Limitations apply to each interrogatory and document request as though fully restated in the response thereto.

## RESPONSES TO INTERROGATORIES

## INTERROGATORY NO. 1

Do you contend that gasoline containing MTBE manufactured or blended by Atlantic Richfield caused or contributed to any of the alleged actual or threatened MTBE contamination at issue in this case?

## RESPONSE TO INTERROGATORY NO. 1:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Interrogatory as unduly burdensome. Specifically, this Interrogatory was served by Defendant simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendant. The City also objects that this Interrogatory is unreasonably duplicative of similar interrogatories served on November 19, 2008 on behalf of Defendant titled *Defendants' Contention Interrogatories and Document Requests on Causation, Theories of Liability and Apportionment of Damages.*

The City also objects to this Interrogatory to the extent that it calls for premature disclosure of expert opinion, and seeks privileged attorney work product. The City further objects to this Interrogatory to the extent that topics related to this Interrogatory will be the subjects of expert testimony, which is governed by the rules concerning expert disclosures, relevant Court Orders and the Parties' agreements. The City further objects to this Interrogatory on the grounds that it seeks information that is equally available to Defendant, including, but not limited to,

information from publicly available reports and databases, information contained in Defendant's own discovery responses and/or testimony given by Defendant's own witnesses in connection with this and/or similar litigation to which Defendant was and/or is a party.

The City further objects to this Interrogatory on the ground that a complete and accurate response might require analyses of additional spill reports and records, site remediation files, groundwater and plume modeling, and Defendant's expert analyses, which have not been fully produced by Defendant. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of Defendant's responses to the City's discovery requests, including without limitation responses related to product distribution, commingled product liability, alternative liability and other proof standards set forth in the Court's Orders, including but not limited to the Court's May 13, 2008 Summary Judgment Opinion in *County of Suffolk*, et al., *v. Amerada Hess Corp.* et al, 04 Civ. 5424, which have not been fully produced by Defendant. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of Defendant's responses to Court-ordered disclosures regarding product distribution, successor liability and other matters, which have not been fully responded to by Defendant. The City reserves its right to request that the Court order Defendant to answer its own Interrogatory to the extent it seeks information from the City which Defendant itself has withheld. *See, e.g.*, Case Management Order # 31 in *County of Suffolk*, et al., *v. Amerada Hess Corp.* et al, 04 Civ. 5424 and the October 31, 2007 MDL Hearing Transcript at pp. 68-71. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of documents responsive to recently issued third-party subpoenas by certain defendants to pipeline companies and others, which have not yet been responded to by the relevant third-parties. The City reserves its right to amend this Response as it receives this information.

Subject to and without waiving its general and specific objections, the City responds as follows: the City refers Defendant to the Fourth Amended Complaint, which is incorporated by reference as if set forth in full here.

## INTERROGATORY NO. 2

        If your answer to Interrogatory No. 1 is anything other than an unqualified "no," please state the factual basis for your contention.

## RESPONSE TO INTERROGATORY NO. 2:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Interrogatory as unduly burdensome. Specifically, this Interrogatory was served by Defendant simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable

extension that was inappropriately and unreasonably refused by Defendant. The City also objects that this Interrogatory is unreasonably duplicative of similar interrogatories served on November 19, 2008 on behalf of Defendant titled *Defendants' Contention Interrogatories and Document Requests on Causation, Theories of Liability and Apportionment of Damages.*

The City also objects to this Interrogatory to the extent that it calls for premature disclosure of expert opinion, and seeks privileged attorney work product. The City further objects to this Interrogatory to the extent that topics related to this Interrogatory will be the subjects of expert testimony, which is governed by the rules concerning expert disclosures, relevant Court Orders and the Parties' agreements. The City further objects to this Interrogatory on the grounds that it seeks information that is equally available to Defendant, including, but not limited to, information from publicly available reports and databases, information contained in Defendant's own discovery responses and/or testimony given by Defendant's own witnesses in connection with this and/or similar litigation to which Defendant was and/or is a party.

The City further objects to this Interrogatory on the ground that a complete and accurate response might require analyses of additional spill reports and records, site remediation files, groundwater and plume modeling, and Defendant's expert analyses, which have not been fully produced by Defendant. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of Defendant's responses to the City's discovery requests, including without limitation responses related to product distribution, commingled product liability, alternative liability and other proof standards set forth in the Court's Orders, including but not limited to the Court's May 13, 2008 Summary Judgment Opinion in *County of Suffolk*, et al., *v. Amerada Hess Corp.* et al, 04 Civ. 5424, which have not been fully produced by Defendant. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of Defendant's responses to Court-ordered disclosures regarding product distribution, successor liability and other matters, which have not been fully responded to by Defendant. The City reserves its right to request that the Court order Defendant to answer its own Interrogatory to the extent it seeks information from the City which Defendant itself has withheld. *See, e.g.*, Case Management Order # 31 in *County of Suffolk*, et al., *v. Amerada Hess Corp.* et al, 04 Civ. 5424 and the October 31, 2007 MDL Hearing Transcript at pp. 68-71. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of documents responsive to recently issued third-party subpoenas by certain defendants to pipeline companies and others, which have not yet been responded to by the relevant third-parties. The City reserves its right to amend this Response as it receives this information.

The City further objects to this Interrogatory on the ground that it seeks the premature disclosure of the City's Exhibit Lists and Deposition Designations, before such disclosure is due in circumvention of Court Orders and the Parties' agreements and is also unduly burdensome and oppressive for that reason.

Subject to and without waiving its general and specific objections, the City responds as follows: the City refers Defendant to the Fourth Amended Complaint, which is incorporated by reference as if set forth in full here.

## INTERROGATORY NO. 3

If your answer to Interrogatory No. 1 is anything other than an unqualified "no," for each of the following wells in the Jamaica Water System geographic area, please state whether you contend the well has been contaminated, or is threatened with contamination, by gasoline containing MTBE manufactured or blended by Atlantic Richfield, and state the factual basis for your contention.

| | | | | | |
|---|---|---|---|---|---|
| a. | Well No. 5 | s. | Well No. 26A | kk. | Well No. 47A |
| b. | Well No. 5A | t. | Well No. 27 | ll. | Well No. 48 |
| c. | Well No. 6 | u. | Well No. 29 | mm. | Well No. 48A. |
| d. | Well No. 6A | v. | Well No. 29A | nn. | Well No. 49 |
| e. | Well No. 6B | w. | Well No. 31 | oo. | Well No. 49A |
| f. | Well No. 6D | x. | Well No. 32 | pp. | Well No. 50 |
| g. | Well No. 7 | y. | Well No. 33 | qq. | Well No. 50A |
| h. | Well No. 7B | z. | Well No. 36 | rr. | Well No. 51 |
| i. | Well No. 10 | aa. | Well No. 37 | ss. | Well No. 52 |
| j. | Well No. 10A | bb. | Well No. 39 | tt. | Well No. 53 |
| k. | Well No. 13 | cc. | Well No. 39A | uu. | Well No. 53A |
| l. | Well No. 13A | dd. | Well No. 41 | vv. | Well No. 54 |
| m. | Well No. 18 | ee. | Well No. 42 | ww. | Well No. 54A |
| n. | Well No. 21 | ff. | Well No. 42A | xx. | Well No. 55 |
| o. | Well No. 21A | gg. | Well No. 43 | yy. | Well No. 56 |
| p. | Well No. 22 | hh. | Well No. 43A | zz. | Well No. 58 |
| q. | Well No. 23 | ii. | Well No. 45 | aaa. | Well No. 59 |
| r. | Well No. 26 | jj. | Well No. 47 | | |

## RESPONSE TO INTERROGATORY NO. 3:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Interrogatory as unduly burdensome. Specifically, this Interrogatory was served by Defendant simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendant. The City also objects that this Interrogatory is unreasonably duplicative of Interrogatory No. 2. The City further objects that this Interrogatory is unreasonably duplicative of similar interrogatories served on November 19, 2008 on behalf of Defendant titled *Defendants' Contention Interrogatories and Document Requests on Causation, Theories of Liability and Apportionment of Damages.*

The City also objects to this Interrogatory to the extent that it calls for premature disclosure of expert opinion, and seeks privileged attorney work product. The City further objects to this Interrogatory to the extent that topics related to this Interrogatory will be the subjects of expert testimony, which is governed by the rules concerning expert disclosures, relevant Court Orders and the Parties' agreements. The City further objects to this Interrogatory on the grounds that it seeks information that is equally available to Defendant, including, but not limited to, information from publicly available reports and databases, information contained in Defendant's own discovery responses and/or testimony given by Defendant's own witnesses in connection with this and/or similar litigation to which Defendant was and/or is a party.

The City further objects to this Interrogatory on the ground that a complete and accurate response might require analyses of additional spill reports and records, site remediation files, groundwater and plume modeling, and Defendant's expert analyses, which have not been fully produced by Defendant. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of Defendant's responses to the City's discovery requests, including without limitation responses related to product distribution, commingled product liability, alternative liability and other proof standards set forth in the Court's Orders, including but not limited to the Court's May 13, 2008 Summary Judgment Opinion in *County of Suffolk*, et al., *v. Amerada Hess Corp.* et al, 04 Civ. 5424, which have not been fully produced by Defendant. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of Defendant's responses to Court-ordered disclosures regarding product distribution, successor liability and other matters, which have not been fully responded to by Defendant. The City reserves its right to request that the Court order Defendant to answer its own Interrogatory to the extent it seeks information from the City which Defendant itself has withheld. *See, e.g.*, Case Management Order # 31 in *County of Suffolk*, et al., *v. Amerada Hess Corp.* et al, 04 Civ. 5424 and the October 31, 2007 MDL Hearing Transcript at pp. 68-71. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of documents responsive to recently issued third-party subpoenas by certain defendants to pipeline companies and others, which have not yet been responded to by the relevant third-parties. The City reserves its right to amend this Response as it receives this information.

The City further objects to this Interrogatory on the ground that it seeks the premature disclosure of the City's Exhibit Lists and Deposition Designations, before such disclosure is due in circumvention of Court Orders and the Parties' agreements and is also unduly burdensome and oppressive for that reason.

Subject to and without waiving its general and specific objections, the City responds as follows: the City refers Defendant to the Fourth Amended Complaint, which is incorporated by reference as if set forth in full here.

## INTERROGATORY NO. 4

Do you contend that gasoline containing MTBE either sold or distributed by Atlantic Richfield caused or contributed to any of the alleged actual or threatened MTBE contamination at issue in this case?

## RESPONSE TO INTERROGATORY NO. 4:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Interrogatory as unduly burdensome. Specifically, this Interrogatory was served by Defendant simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendant. The City also objects that this Interrogatory is unreasonably duplicative of similar interrogatories served on November 19, 2008 on behalf of Defendant titled *Defendants' Contention Interrogatories and Document Requests on Causation, Theories of Liability and Apportionment of Damages*.

The City also objects to this Interrogatory to the extent that it calls for premature disclosure of expert opinion, and seeks privileged attorney work product. The City further objects to this Interrogatory to the extent that topics related to this Interrogatory will be the subjects of expert testimony, which is governed by the rules concerning expert disclosures, relevant Court Orders and the Parties' agreements. The City further objects to this Interrogatory on the grounds that it seeks information that is equally available to Defendant, including, but not limited to, information from publicly available reports and databases, information contained in Defendant's own discovery responses and/or testimony given by Defendant's own witnesses in connection with this and/or similar litigation to which Defendant was and/or is a party.
The City further objects to this Interrogatory on the ground that a complete and accurate response might require analyses of additional spill reports and records, site remediation files, groundwater and plume modeling, and Defendant's expert analyses, which have not been fully produced by Defendant. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of Defendant's responses to the City's discovery requests, including without limitation responses related to product distribution, commingled product liability, alternative liability and other proof standards set forth in the Court's Orders, including but not limited to the Court's May 13, 2008 Summary Judgment Opinion in *County of Suffolk*, et al., *v. Amerada Hess Corp.* et al, 04 Civ. 5424, which have not been fully produced by Defendant. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of Defendant's responses to Court-ordered disclosures regarding product distribution, successor liability and other matters, which have not been fully responded to by Defendant. The City reserves its right to request that the Court order Defendant to answer its own Interrogatory to the extent it seeks information from the City which Defendant itself has withheld. *See, e.g.*, Case Management Order # 31 in *County of Suffolk*, et al., *v. Amerada Hess Corp.* et al, 04 Civ. 5424 and the October 31, 2007 MDL Hearing Transcript at pp. 68-71. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of documents responsive to recently issued third-party subpoenas by certain defendants to pipeline companies and others, which have

not yet been responded to by the relevant third-parties. The City reserves its right to amend this Response as it receives this information.

Subject to and without waiving its general and specific objections, the City responds as follows: the City refers Defendant to the Fourth Amended Complaint, which is incorporated by reference as if set forth in full here.

## INTERROGATORY NO. 5

        If your answer to Interrogatory No. 4 is anything other than an unqualified "no," please state the factual basis for your contention.

## RESPONSE TO INTERROGATORY NO. 5:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Interrogatory as unduly burdensome. Specifically, this Interrogatory was served by Defendant simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendant. The City also objects that this Interrogatory is unreasonably duplicative of similar interrogatories served on November 19, 2008 on behalf of Defendant titled *Defendants' Contention Interrogatories and Document Requests on Causation, Theories of Liability and Apportionment of Damages.*

The City also objects to this Interrogatory to the extent that it calls for premature disclosure of expert opinion, and seeks privileged attorney work product. The City further objects to this Interrogatory to the extent that topics related to this Interrogatory will be the subjects of expert testimony, which is governed by the rules concerning expert disclosures, relevant Court Orders and the Parties' agreements. The City further objects to this Interrogatory on the grounds that it seeks information that is equally available to Defendant, including, but not limited to, information from publicly available reports and databases, information contained in Defendant's own discovery responses and/or testimony given by Defendant's own witnesses in connection with this and/or similar litigation to which Defendant was and/or is a party.

The City further objects to this Interrogatory on the ground that a complete and accurate response might require analyses of additional spill reports and records, site remediation files, groundwater and plume modeling, and Defendant's expert analyses, which have not been fully produced by Defendant. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of Defendant's responses to the City's discovery requests, including without limitation responses related to product distribution, commingled product liability, alternative liability and other proof standards set forth in the Court's Orders, including but not limited to the Court's May 13, 2008 Summary Judgment

Opinion in *County of Suffolk*, et al., *v. Amerada Hess Corp.* et al, 04 Civ. 5424, which have not been fully produced by Defendant. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of Defendant's responses to Court-ordered disclosures regarding product distribution, successor liability and other matters, which have not been fully responded to by Defendant. The City reserves its right to request that the Court order Defendant to answer its own Interrogatory to the extent it seeks information from the City which Defendant itself has withheld. *See, e.g.*, Case Management Order # 31 in *County of Suffolk*, et al., *v. Amerada Hess Corp.* et al, 04 Civ. 5424 and the October 31, 2007 MDL Hearing Transcript at pp. 68-71. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of documents responsive to recently issued third-party subpoenas by certain defendants to pipeline companies and others, which have not yet been responded to by the relevant third-parties. The City reserves its right to amend this Response as it receives this information.

The City further objects to this Interrogatory on the ground that it seeks the premature disclosure of the City's Exhibit Lists and Deposition Designations, before such disclosure is due in circumvention of Court Orders and the Parties' agreements and is also unduly burdensome and oppressive for that reason.

Subject to and without waiving its general and specific objections, the City responds as follows: the City refers Defendant to the Fourth Amended Complaint, which is incorporated by reference as if set forth in full here.

## INTERROGATORY NO. 6

If your answer to Interrogatory No. 4 is anything other than an unqualified "no," for each of the following wells in the Jamaica Water System geographic area, please state whether you contend the well has been contaminated, or is threatened with contamination, by gasoline containing MTBE either sold or distributed by Atlantic Richfield, and state the factual basis for your contention.

| | | | | | |
|---|---|---|---|---|---|
| a. | Well No. 5 | p. | Well No. 22 | ee. | Well No. 42 |
| b. | Well No. 5A | q. | Well No. 23 | ff. | Well No. 42A |
| c. | Well No. 6 | r. | Well No. 26 | gg. | Well No. 43 |
| d. | Well No. 6A | s. | Well No. 26A | hh. | Well No. 43A |
| e. | Well No. 6B | t. | Well No. 27 | ii. | Well No. 45 |
| f. | Well No. 6D | u. | Well No. 29 | jj. | Well No. 47 |
| g. | Well No. 7 | v. | Well No. 29A | kk. | Well No. 47A |
| h. | Well No. 7B | w. | Well No. 31 | ll. | Well No. 48 |
| i. | Well No. 10 | x. | Well No. 32 | mm. | Well No. 48A. |
| j. | Well No. 10A | y. | Well No. 33 | nn. | Well No. 49 |
| k. | Well No. 13 | z. | Well No. 36 | oo. | Well No. 49A |
| l. | Well No. 13A | aa. | Well No. 37 | pp. | Well No. 50 |
| m. | Well No. 18 | bb. | Well No. 39 | qq. | Well No. 50A |
| n. | Well No. 21 | cc. | Well No. 39A | rr. | Well No. 51 |
| o. | Well No. 21A | dd. | Well No. 41 | ss. | Well No. 52 |

| tt. | Well No. 53 | ww. | Well No. 54A | zz. | Well No. 58 |
|-----|-------------|-----|--------------|------|-------------|
| uu. | Well No. 53A | xx. | Well No. 55 | aaa. | Well No. 59 |
| vv. | Well No. 54 | yy. | Well No. 56 | | |

## RESPONSE TO INTERROGATORY NO. 6:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Interrogatory as unduly burdensome. Specifically, this Interrogatory was served by Defendant simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendant. The City also objects that this Interrogatory is unreasonably duplicative of Interrogatory No. 5. The City further objects that this Interrogatory is unreasonably duplicative of similar interrogatories served on November 19, 2008 on behalf of Defendant titled *Defendants' Contention Interrogatories and Document Requests on Causation, Theories of Liability and Apportionment of Damages.*

The City also objects to this Interrogatory to the extent that it calls for premature disclosure of expert opinion, and seeks privileged attorney work product. The City further objects to this Interrogatory to the extent that topics related to this Interrogatory will be the subjects of expert testimony, which is governed by the rules concerning expert disclosures, relevant Court Orders and the Parties' agreements. The City further objects to this Interrogatory on the grounds that it seeks information that is equally available to Defendant, including, but not limited to, information from publicly available reports and databases, information contained in Defendant's own discovery responses and/or testimony given by Defendant's own witnesses in connection with this and/or similar litigation to which Defendant was and/or is a party.

The City further objects to this Interrogatory on the ground that a complete and accurate response might require analyses of additional spill reports and records, site remediation files, groundwater and plume modeling, and Defendant's expert analyses, which have not been fully produced by Defendant. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of Defendant's responses to the City's discovery requests, including without limitation responses related to product distribution, commingled product liability, alternative liability and other proof standards set forth in the Court's Orders, including but not limited to the Court's May 13, 2008 Summary Judgment Opinion in *County of Suffolk,* et al., *v. Amerada Hess Corp.* et al, 04 Civ. 5424, which have not been fully produced by Defendant. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of Defendant's responses to Court-ordered disclosures regarding product distribution, successor liability and other matters, which have not been fully responded to by Defendant. The City reserves its right to request that the Court order Defendant to answer its own Interrogatory to the extent it seeks information from the

City which Defendant itself has withheld. *See, e.g.*, Case Management Order # 31 in *County of Suffolk*, et al., *v. Amerada Hess Corp.* et al, 04 Civ. 5424 and the October 31, 2007 MDL Hearing Transcript at pp. 68-71. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of documents responsive to recently issued third-party subpoenas by certain defendants to pipeline companies and others, which have not yet been responded to by the relevant third-parties. The City reserves its right to amend this Response as it receives this information.

The City further objects to this Interrogatory on the ground that it seeks the premature disclosure of the City's Exhibit Lists and Deposition Designations, before such disclosure is due in circumvention of Court Orders and the Parties' agreements and is also unduly burdensome and oppressive for that reason.

Subject to and without waiving its general and specific objections, the City responds as follows: the City refers Defendant to the Fourth Amended Complaint, which is incorporated by reference as if set forth in full here.

## INTERROGATORY NO. 7

Do you contend that Atlantic Richfield caused a release of gasoline containing MTBE that contributed to any of the alleged actual or threatened MTBE contamination at issue in this case?

## RESPONSE TO INTERROGATORY NO. 7:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Interrogatory as unduly burdensome. Specifically, this Interrogatory was served by Defendant simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendant. The City also objects that this Interrogatory is unreasonably duplicative of similar interrogatories served on November 19, 2008 on behalf of Defendant titled *Defendants' Contention Interrogatories and Document Requests on Causation, Theories of Liability and Apportionment of Damages.*

The City also objects to this Interrogatory to the extent that it calls for premature disclosure of expert opinion, and seeks privileged attorney work product. The City further objects to this Interrogatory to the extent that topics related to this Interrogatory will be the subjects of expert testimony, which is governed by the rules concerning expert disclosures, relevant Court Orders and the Parties' agreements. The City further objects to this Interrogatory on the grounds that it seeks information that is equally available to Defendant, including, but not limited to, information from publicly available reports and databases, information contained in Defendant's

own discovery responses and/or testimony given by Defendant's own witnesses in connection with this and/or similar litigation to which Defendant was and/or is a party.

The City further objects to this Interrogatory on the ground that a complete and accurate response might require analyses of additional spill reports and records, site remediation files, groundwater and plume modeling, and Defendant's expert analyses, which have not been fully produced by Defendant. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of Defendant's responses to the City's discovery requests, including without limitation responses related to product distribution, commingled product liability, alternative liability and other proof standards set forth in the Court's Orders, including but not limited to the Court's May 13, 2008 Summary Judgment Opinion in *County of Suffolk*, et al., *v. Amerada Hess Corp.* et al, 04 Civ. 5424, which have not been fully produced by Defendant. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of Defendant's responses to Court-ordered disclosures regarding product distribution, successor liability and other matters, which have not been fully responded to by Defendant. The City reserves its right to request that the Court order Defendant to answer its own Interrogatory to the extent it seeks information from the City which Defendant itself has withheld. *See, e.g.*, Case Management Order # 31 in *County of Suffolk*, et al., *v. Amerada Hess Corp.* et al, 04 Civ. 5424 and the October 31, 2007 MDL Hearing Transcript at pp. 68-71. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of documents responsive to recently issued third-party subpoenas by certain defendants to pipeline companies and others, which have not yet been responded to by the relevant third-parties. The City reserves its right to amend this Response as it receives this information.

Subject to and without waiving its general and specific objections, the City responds as follows: the City refers Defendant to the Fourth Amended Complaint, which is incorporated by reference as if set forth in full here.

## INTERROGATORY NO. 8

If your answer to Interrogatory No. 7 is anything other than an unqualified "no," please state the factual basis for your contention.

## RESPONSE TO INTERROGATORY NO. 8:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Interrogatory as unduly burdensome. Specifically, this Interrogatory was served by Defendant simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendant. The City also

objects that this Interrogatory is unreasonably duplicative of similar interrogatories served on November 19, 2008 on behalf of Defendant titled *Defendants' Contention Interrogatories and Document Requests on Causation, Theories of Liability and Apportionment of Damages.*

The City also objects to this Interrogatory to the extent that it calls for premature disclosure of expert opinion, and seeks privileged attorney work product. The City further objects to this Interrogatory to the extent that topics related to this Interrogatory will be the subjects of expert testimony, which is governed by the rules concerning expert disclosures, relevant Court Orders and the Parties' agreements. The City further objects to this Interrogatory on the grounds that it seeks information that is equally available to Defendant, including, but not limited to, information from publicly available reports and databases, information contained in Defendant's own discovery responses and/or testimony given by Defendant's own witnesses in connection with this and/or similar litigation to which Defendant was and/or is a party.

The City further objects to this Interrogatory on the ground that a complete and accurate response might require analyses of additional spill reports and records, site remediation files, groundwater and plume modeling, and Defendant's expert analyses, which have not been fully produced by Defendant. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of Defendant's responses to the City's discovery requests, including without limitation responses related to product distribution, commingled product liability, alternative liability and other proof standards set forth in the Court's Orders, including but not limited to the Court's May 13, 2008 Summary Judgment Opinion in *County of Suffolk*, et al., *v. Amerada Hess Corp.* et al, 04 Civ. 5424, which have not been fully produced by Defendant. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of Defendant's responses to Court-ordered disclosures regarding product distribution, successor liability and other matters, which have not been fully responded to by Defendant. The City reserves its right to request that the Court order Defendant to answer its own Interrogatory to the extent it seeks information from the City which Defendant itself has withheld. *See, e.g.*, Case Management Order # 31 in *County of Suffolk*, et al., *v. Amerada Hess Corp.* et al, 04 Civ. 5424 and the October 31, 2007 MDL Hearing Transcript at pp. 68-71. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of documents responsive to recently issued third-party subpoenas by certain defendants to pipeline companies and others, which have not yet been responded to by the relevant third-parties. The City reserves its right to amend this Response as it receives this information.

The City further objects to this Interrogatory on the ground that it seeks the premature disclosure of the City's Exhibit Lists and Deposition Designations, before such disclosure is due in circumvention of Court Orders and the Parties' agreements and is also unduly burdensome and oppressive for that reason.

Subject to and without waiving its general and specific objections, the City responds as follows: the City refers Defendant to the Fourth Amended Complaint, which is incorporated by reference as if set forth in full here.

## INTERROGATORY NO. 9

If your answer to Interrogatory No. 7 is anything other than an unqualified "no," for each of the following wells in the Jamaica Water System geographic area, please state whether you contend Atlantic Richfield caused a release of gasoline containing MTBE that contributed to any of the alleged actual or threatened contamination at each such well, and state the factual basis for your contention.

| | | | | | |
|---|---|---|---|---|---|
| a. | Well No. 5 | s. | Well No. 26A | kk. | Well No. 47A |
| b. | Well No. 5A | t. | Well No. 27 | ll. | Well No. 48 |
| c. | Well No. 6 | u. | Well No. 29 | mm. | Well No. 48A. |
| d. | Well No. 6A | v. | Well No. 29A | nn. | Well No. 49 |
| e. | Well No. 6B | w. | Well No. 31 | oo. | Well No. 49A |
| f. | Well No. 6D | x. | Well No. 32 | pp. | Well No. 50 |
| g. | Well No. 7 | y. | Well No. 33 | qq. | Well No. 50A |
| h. | Well No. 7B | z. | Well No. 36 | rr. | Well No. 51 |
| i. | Well No. 10 | aa. | Well No. 37 | ss. | Well No. 52 |
| j. | Well No. 10A | bb. | Well No. 39 | tt. | Well No. 53 |
| k. | Well No. 13 | cc. | Well No. 39A | uu. | Well No. 53A |
| l. | Well No. 13A | dd. | Well No. 41 | vv. | Well No. 54 |
| m. | Well No. 18 | ee. | Well No. 42 | ww. | Well No. 54A |
| n. | Well No. 21 | ff. | Well No. 42A | xx. | Well No. 55 |
| o. | Well No. 21A | gg. | Well No. 43 | yy. | Well No. 56 |
| p. | Well No. 22 | hh. | Well No. 43A | zz. | Well No. 58 |
| q. | Well No. 23 | ii. | Well No. 45 | aaa. | Well No. 59 |
| r. | Well No. 26 | jj. | Well No. 47 | | |

## RESPONSE TO INTERROGATORY NO. 9:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Interrogatory as unduly burdensome. Specifically, this Interrogatory was served by Defendant simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendant. The City also objects that this Interrogatory is unreasonably duplicative of Interrogatory No. 8. The City further objects that this Interrogatory is unreasonably duplicative of similar interrogatories served on November 19, 2008 on behalf of Defendant titled *Defendants' Contention Interrogatories and Document Requests on Causation, Theories of Liability and Apportionment of Damages.*

The City also objects to this Interrogatory to the extent that it calls for premature disclosure of expert opinion, and seeks privileged attorney work product. The City further objects to this Interrogatory to the extent that topics related to this Interrogatory will be the subjects of expert testimony, which is governed by the rules concerning expert disclosures, relevant Court Orders and the Parties' agreements. The City further objects to this Interrogatory on the grounds that it seeks information that is equally available to Defendant, including, but not limited to, information from publicly available reports and databases, information contained in Defendant's own discovery responses and/or testimony given by Defendant's own witnesses in connection with this and/or similar litigation to which Defendant was and/or is a party.

The City further objects to this Interrogatory on the ground that a complete and accurate response might require analyses of additional spill reports and records, site remediation files, groundwater and plume modeling, and Defendant's expert analyses, which have not been fully produced by Defendant. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of Defendant's responses to the City's discovery requests, including without limitation responses related to product distribution, commingled product liability, alternative liability and other proof standards set forth in the Court's Orders, including but not limited to the Court's May 13, 2008 Summary Judgment Opinion in *County of Suffolk*, et al., *v. Amerada Hess Corp.* et al, 04 Civ. 5424, which have not been fully produced by Defendant. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of Defendant's responses to Court-ordered disclosures regarding product distribution, successor liability and other matters, which have not been fully responded to by Defendant. The City reserves its right to request that the Court order Defendant to answer its own Interrogatory to the extent it seeks information from the City which Defendant itself has withheld. *See, e.g.*, Case Management Order # 31 in *County of Suffolk*, et al., *v. Amerada Hess Corp.* et al, 04 Civ. 5424 and the October 31, 2007 MDL Hearing Transcript at pp. 68-71. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of documents responsive to recently issued third-party subpoenas by certain defendants to pipeline companies and others, which have not yet been responded to by the relevant third-parties. The City reserves its right to amend this Response as it receives this information.

The City further objects to this Interrogatory on the ground that it seeks the premature disclosure of the City's Exhibit Lists and Deposition Designations, before such disclosure is due in circumvention of Court Orders and the Parties' agreements and is also unduly burdensome and oppressive for that reason.

Subject to and without waiving its general and specific objections, the City responds as follows: the City refers Defendant to the Fourth Amended Complaint, which is incorporated by reference as if set forth in full here.

## INTERROGATORY NO. 10

Do you contend that gasoline containing MTBE manufactured or blended by Atlantic Richfield was delivered to any retail service stations within the RGA?

## RESPONSE TO INTERROGATORY NO. 10:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Interrogatory as unduly burdensome. Specifically, this Interrogatory was served by Defendant simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendant.

The City also objects to this Interrogatory to the extent that it calls for premature disclosure of expert opinion, and seeks privileged attorney work product. The City further objects to this Interrogatory to the extent that topics related to this Interrogatory will be the subjects of expert testimony, which is governed by the rules concerning expert disclosures, relevant Court Orders and the Parties' agreements. The City further objects to this Interrogatory on the grounds that it seeks information that is equally available to Defendant, including, but not limited to, information from publicly available reports and databases, information contained in Defendant's own discovery responses and/or testimony given by Defendant's own witnesses in connection with this and/or similar litigation to which Defendant was and/or is a party.

The City further objects to this Interrogatory on the ground that a complete and accurate response might require analyses of additional spill reports and records, site remediation files, groundwater and plume modeling, and Defendant's expert analyses, which have not been fully produced by Defendant. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of Defendant's responses to the City's discovery requests, including without limitation responses related to product distribution, commingled product liability, alternative liability and other proof standards set forth in the Court's Orders, including but not limited to the Court's May 13, 2008 Summary Judgment Opinion in *County of Suffolk*, et al., *v. Amerada Hess Corp.* et al, 04 Civ. 5424, which have not been fully produced by Defendant. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of Defendant's responses to Court-ordered disclosures regarding product distribution, successor liability and other matters, which have not been fully responded to by Defendant. The City reserves its right to request that the Court order Defendant to answer its own Interrogatory to the extent it seeks information from the City which Defendant itself has withheld. *See, e.g.*, Case Management Order # 31 in *County of Suffolk*, et al., *v. Amerada Hess Corp.* et al, 04 Civ. 5424 and the October 31, 2007 MDL Hearing Transcript at pp. 68-71. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of documents responsive to recently issued third-party subpoenas by certain defendants to pipeline companies and others, which have not yet been responded to by the relevant third-parties. The City reserves its right to amend this Response as it receives this information.

Subject to and without waiving its general and specific objections, the City responds as follows: the City refers Defendant to the Fourth Amended Complaint, which is incorporated by reference as if set forth in full here.

## INTERROGATORY NO. 11

If your answer to Interrogatory No. 10 is anything other than an unqualified "no," please state the factual basis for your contention. Please include in your answer all modes or routes of transportation you contend were used to deliver any such gasoline to the RGA. Also, please identify each retail service station you contend received a shipment of gasoline containing MTBE that was manufactured or blended by Atlantic Richfield.

## RESPONSE TO INTERROGATORY NO. 11:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Interrogatory as unduly burdensome. Specifically, this Interrogatory was served by Defendant simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendant.

The City also objects to this Interrogatory to the extent that it calls for premature disclosure of expert opinion, and seeks privileged attorney work product. The City further objects to this Interrogatory to the extent that topics related to this Interrogatory will be the subjects of expert testimony, which is governed by the rules concerning expert disclosures, relevant Court Orders and the Parties' agreements. The City further objects to this Interrogatory on the grounds that it seeks information that is equally available to Defendant, including, but not limited to, information from publicly available reports and databases, information contained in Defendant's own discovery responses and/or testimony given by Defendant's own witnesses in connection with this and/or similar litigation to which Defendant was and/or is a party.

The City further objects to this Interrogatory on the ground that a complete and accurate response might require analyses of additional spill reports and records, site remediation files, groundwater and plume modeling, and Defendant's expert analyses, which have not been fully produced by Defendant. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of Defendant's responses to the City's discovery requests, including without limitation responses related to product distribution, commingled product liability, alternative liability and other proof standards set forth in the Court's Orders, including but not limited to the Court's May 13, 2008 Summary Judgment Opinion in *County of Suffolk*, et al., *v. Amerada Hess Corp.* et al, 04 Civ. 5424, which have not been fully produced by Defendant. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of Defendant's responses to Court-

ordered disclosures regarding product distribution, successor liability and other matters, which have not been fully responded to by Defendant. The City reserves its right to request that the Court order Defendant to answer its own Interrogatory to the extent it seeks information from the City which Defendant itself has withheld. *See, e.g.*, Case Management Order # 31 in *County of Suffolk*, et al., *v. Amerada Hess Corp.* et al, 04 Civ. 5424 and the October 31, 2007 MDL Hearing Transcript at pp. 68-71. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of documents responsive to recently issued third-party subpoenas by certain defendants to pipeline companies and others, which have not yet been responded to by the relevant third-parties. The City reserves its right to amend this Response as it receives this information.

The City further objects to this Interrogatory on the ground that it seeks the premature disclosure of the City's Exhibit Lists and Deposition Designations, before such disclosure is due in circumvention of Court Orders and the Parties' agreements and is also unduly burdensome and oppressive for that reason.

Subject to and without waiving its general and specific objections, the City responds as follows: the City refers Defendant to the Fourth Amended Complaint, which is incorporated by reference as if set forth in full here.

## INTERROGATORY NO. 12

Do you contend that Atlantic Richfield ever sold, distributed, or otherwise held title to any gasoline containing MTBE that was delivered to any retail stations within the RGA?

## RESPONSE TO INTERROGATORY NO. 12:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Interrogatory as unduly burdensome. Specifically, this Interrogatory was served by Defendant simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendant.

The City also objects to this Interrogatory to the extent that it calls for premature disclosure of expert opinion, and seeks privileged attorney work product. The City further objects to this Interrogatory to the extent that topics related to this Interrogatory will be the subjects of expert testimony, which is governed by the rules concerning expert disclosures, relevant Court Orders and the Parties' agreements. The City further objects to this Interrogatory on the grounds that it seeks information that is equally available to Defendant, including, but not limited to, information from publicly available reports and databases, information contained in Defendant's

own discovery responses and/or testimony given by Defendant's own witnesses in connection with this and/or similar litigation to which Defendant was and/or is a party.

The City further objects to this Interrogatory on the ground that a complete and accurate response might require analyses of additional spill reports and records, site remediation files, groundwater and plume modeling, and Defendant's expert analyses, which have not been fully produced by Defendant. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of Defendant's responses to the City's discovery requests, including without limitation responses related to product distribution, commingled product liability, alternative liability and other proof standards set forth in the Court's Orders, including but not limited to the Court's May 13, 2008 Summary Judgment Opinion in *County of Suffolk*, et al., *v. Amerada Hess Corp.* et al, 04 Civ. 5424, which have not been fully produced by Defendant. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of Defendant's responses to Court-ordered disclosures regarding product distribution, successor liability and other matters, which have not been fully responded to by Defendant. The City reserves its right to request that the Court order Defendant to answer its own Interrogatory to the extent it seeks information from the City which Defendant itself has withheld. *See, e.g.*, Case Management Order # 31 in *County of Suffolk*, et al., *v. Amerada Hess Corp.* et al, 04 Civ. 5424 and the October 31, 2007 MDL Hearing Transcript at pp. 68-71. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of documents responsive to recently issued third-party subpoenas by certain defendants to pipeline companies and others, which have not yet been responded to by the relevant third-parties. The City reserves its right to amend this Response as it receives this information.

Subject to and without waiving its general and specific objections, the City responds as follows: the City refers Defendant to the Fourth Amended Complaint, which is incorporated by reference as if set forth in full here.

## INTERROGATORY NO. 13

If your answer to Interrogatory No. 12 is anything other than an unqualified "no," please state the factual basis for your contention. Please include in your answer all modes or routes of transportation you contend were used by Atlantic Richfield to sell or distribute gasoline containing MTBE either directly to retail stations within the RGA or to distributors who ultimately delivered such gasoline to retail stations within the RGA. Also, please identify each delivery point or retail service station you contend received a shipment of gasoline containing MTBE that was sold or distributed by Atlantic Richfield, or to which Atlantic Richfield otherwise ever held title.

## RESPONSE TO INTERROGATORY NO. 13:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Interrogatory as unduly burdensome. Specifically, this Interrogatory was served by Defendant simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and

November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendant.

The City also objects to this Interrogatory to the extent that it calls for premature disclosure of expert opinion, and seeks privileged attorney work product. The City further objects to this Interrogatory to the extent that topics related to this Interrogatory will be the subjects of expert testimony, which is governed by the rules concerning expert disclosures, relevant Court Orders and the Parties' agreements. The City further objects to this Interrogatory on the grounds that it seeks information that is equally available to Defendant, including, but not limited to, information from publicly available reports and databases, information contained in Defendant's own discovery responses and/or testimony given by Defendant's own witnesses in connection with this and/or similar litigation to which Defendant was and/or is a party.

The City further objects to this Interrogatory on the ground that a complete and accurate response might require analyses of additional spill reports and records, site remediation files, groundwater and plume modeling, and Defendant's expert analyses, which have not been fully produced by Defendant. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of Defendant's responses to the City's discovery requests, including without limitation responses related to product distribution, commingled product liability, alternative liability and other proof standards set forth in the Court's Orders, including but not limited to the Court's May 13, 2008 Summary Judgment Opinion in *County of Suffolk*, et al., *v. Amerada Hess Corp.* et al, 04 Civ. 5424, which have not been fully produced by Defendant. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of Defendant's responses to Court-ordered disclosures regarding product distribution, successor liability and other matters, which have not been fully responded to by Defendant. The City reserves its right to request that the Court order Defendant to answer its own Interrogatory to the extent it seeks information from the City which Defendant itself has withheld. *See, e.g.*, Case Management Order # 31 in *County of Suffolk*, et al., *v. Amerada Hess Corp.* et al, 04 Civ. 5424 and the October 31, 2007 MDL Hearing Transcript at pp. 68-71. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of documents responsive to recently issued third-party subpoenas by certain defendants to pipeline companies and others, which have not yet been responded to by the relevant third-parties. The City reserves its right to amend this Response as it receives this information.

The City further objects to this Interrogatory on the ground that it seeks the premature disclosure of the City's Exhibit Lists and Deposition Designations, before such disclosure is due in circumvention of Court Orders and the Parties' agreements and is also unduly burdensome and oppressive for that reason.

Subject to and without waiving its general and specific objections, the City responds as follows: the City refers Defendant to the Fourth Amended Complaint, which is incorporated by reference as if set forth in full here.

## INTERROGATORY NO. 14

Do you contend that Atlantic Richfield had either an express agreement or tacit understanding with any Defendant or third party to manufacture or distribute gasoline containing MTBE for an unlawful purpose?

## RESPONSE TO INTERROGATORY NO. 14:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Interrogatory as unduly burdensome. Specifically, this Interrogatory was served by Defendant simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendant.

The City also objects to this Interrogatory to the extent that it calls for premature disclosure of expert opinion, and seeks privileged attorney work product. The City further objects to this Interrogatory to the extent that topics related to this Interrogatory will be the subjects of expert testimony, which is governed by the rules concerning expert disclosures, relevant Court Orders and the Parties' agreements. The City further objects to this Interrogatory on the grounds that it seeks information that is equally available to Defendant, including, but not limited to, information from publicly available reports and databases, information contained in Defendant's own discovery responses and/or testimony given by Defendant's own witnesses in connection with this and/or similar litigation to which Defendant was and/or is a party.

Subject to and without waiving its general and specific objections, the City responds as follows: the City refers Defendant to the Fourth Amended Complaint, which is incorporated by reference as if set forth in full here.

## INTERROGATORY NO. 15.

If your answer to Interrogatory No. 14 is anything other than an unqualified "no," please provide the factual basis for your contention that Atlantic Richfield had either an express agreement or tacit understanding with any Defendant or third party to accomplish an unlawful purpose by manufacturing or distributing gasoline containing MTBE. Please identify in your answer:

A.    every piece of evidence you believe substantiates your contention that Atlantic Richfield had either an express agreement or tacit understanding with any Defendant or third party

B.    each Defendant or third party with whom you contend Atlantic Richfield had such an express agreement or tacit understanding

C.    each unlawful purpose you contend Atlantic Richfield sought to achieve by means of such agreement or understanding

D.    each intentional act you contend was performed by Atlantic Richfield furtherance of such agreement or understanding

E.    all damages you contend you suffered as a result of such agreement or understanding.

## RESPONSE TO INTERROGATORY NO. 15:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Interrogatory as unduly burdensome. Specifically, this Interrogatory was served by Defendant simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendant.

The City also objects to this Interrogatory to the extent that it calls for premature disclosure of expert opinion, and seeks privileged attorney work product. The City further objects to this Interrogatory to the extent that topics related to this Interrogatory will be the subjects of expert testimony, which is governed by the rules concerning expert disclosures, relevant Court Orders and the Parties' agreements. The City further objects to this Interrogatory on the grounds that it seeks information that is equally available to Defendant, including, but not limited to, information from publicly available reports and databases, information contained in Defendant's own discovery responses and/or testimony given by Defendant's own witnesses in connection with this and/or similar litigation to which Defendant was and/or is a party.

The City further objects to this Interrogatory on the ground that it seeks the premature disclosure of the City's Exhibit Lists and Deposition Designations, before such disclosure is due in circumvention of Court Orders and the Parties' agreements and is also unduly burdensome and oppressive for that reason. The City also objects to this Interrogatory on the basis that it seeks "every piece of evidence" as being unduly burdensome, over broad, oppressive and not generally within the practical capabilities of a party to respond.

Subject to and without waiving its general and specific objections, the City responds as follows: the City refers Defendant to the Fourth Amended Complaint, which is incorporated by reference as if set forth in full here.

## INTERROGATORY NO. 16

Do you contend that Atlantic Richfield misrepresented any facts concerning MTBE and/or TBA?

## RESPONSE TO INTERROGATORY NO. 16:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Interrogatory as unduly burdensome. Specifically, this Interrogatory was served by Defendant simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendant.

The City also objects to this Interrogatory to the extent that it calls for premature disclosure of expert opinion, and seeks privileged attorney work product. The City further objects to this Interrogatory to the extent that topics related to this Interrogatory will be the subjects of expert testimony, which is governed by the rules concerning expert disclosures, relevant Court Orders and the Parties' agreements. The City further objects to this Interrogatory on the grounds that it seeks information that is equally available to Defendant, including, but not limited to, information from publicly available reports and databases, information contained in Defendant's own discovery responses and/or testimony given by Defendant's own witnesses in connection with this and/or similar litigation to which Defendant was and/or is a party.

Subject to and without waiving its general and specific objections, the City responds as follows: the City refers Defendant to the Fourth Amended Complaint, which is incorporated by reference as if set forth in full here.

## INTERROGATORY NO. 17

If your answer to Interrogatory No. 16 is anything other than an unqualified "no," please state the factual basis for your contention. In your answer please identify each such alleged misrepresentation made by Atlantic Richfield, including the individual(s) making the statement, the individual(s) to whom the statement was made, the date of the statement, and the Bates number or deposition transcript citation of any evidence supporting your contention.

## RESPONSE TO INTERROGATORY NO. 17:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Interrogatory as unduly burdensome. Specifically, this Interrogatory was served by Defendant simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and

November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendant.

The City also objects to this Interrogatory to the extent that it calls for premature disclosure of expert opinion, and seeks privileged attorney work product. The City further objects to this Interrogatory to the extent that topics related to this Interrogatory will be the subjects of expert testimony, which is governed by the rules concerning expert disclosures, relevant Court Orders and the Parties' agreements. The City further objects to this Interrogatory on the grounds that it seeks information that is equally available to Defendant, including, but not limited to, information from publicly available reports and databases, information contained in Defendant's own discovery responses and/or testimony given by Defendant's own witnesses in connection with this and/or similar litigation to which Defendant was and/or is a party.

The City further objects to this Interrogatory on the ground that it seeks the premature disclosure of the City's Exhibit Lists and Deposition Designations, before such disclosure is due in circumvention of Court Orders and the Parties' agreements and is also unduly burdensome and oppressive for that reason.

Subject to and without waiving its general and specific objections, the City responds as follows: the City refers Defendant to the Fourth Amended Complaint, which is incorporated by reference as if set forth in full here.

## INTERROGATORY NO. 18

        Do you contend that Atlantic Richfield improperly withheld any information concerning MTBE and/or TBA from any federal, state, or local government entity or agency?

## RESPONSE TO INTERROGATORY NO. 18:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Interrogatory as unduly burdensome. Specifically, this Interrogatory was served by Defendant simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendant.

The City also objects to this Interrogatory to the extent that it calls for premature disclosure of expert opinion, and seeks privileged attorney work product. The City further objects to this

Interrogatory to the extent that topics related to this Interrogatory will be the subjects of expert testimony, which is governed by the rules concerning expert disclosures, relevant Court Orders and the Parties' agreements. The City further objects to this Interrogatory on the grounds that it seeks information that is equally available to Defendant, including, but not limited to, information from publicly available reports and databases, information contained in Defendant's own discovery responses and/or testimony given by Defendant's own witnesses in connection with this and/or similar litigation to which Defendant was and/or is a party.

Subject to and without waiving its general and specific objections, the City responds as follows: the City refers Defendant to the Fourth Amended Complaint, which is incorporated by reference as if set forth in full here.

## INTERROGATORY NO. 19

If your answer to Interrogatory No. 18 is anything other than an unqualified "no," please state the factual basis for your contention. In your answer please identify the information that was improperly withheld, the employees or agents of Atlantic Richfield with knowledge of such information, the date(s) on which such knowledge was acquired, the government entities or agencies to whom you contend such information should have been disclosed, and the date on which such disclosure should have taken place.

## RESPONSE TO INTERROGATORY NO. 19:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Interrogatory as unduly burdensome. Specifically, this Interrogatory was served by Defendant simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendant.

The City also objects to this Interrogatory to the extent that it calls for premature disclosure of expert opinion, and seeks privileged attorney work product. The City further objects to this Interrogatory to the extent that topics related to this Interrogatory will be the subjects of expert testimony, which is governed by the rules concerning expert disclosures, relevant Court Orders and the Parties' agreements. The City further objects to this Interrogatory on the grounds that it seeks information that is equally available to Defendant, including, but not limited to, information from publicly available reports and databases, information contained in Defendant's own discovery responses and/or testimony given by Defendant's own witnesses in connection with this and/or similar litigation to which Defendant was and/or is a party.

The City further objects to this Interrogatory on the ground that it seeks the premature disclosure of the City's Exhibit Lists and Deposition Designations, before such disclosure is due in

circumvention of Court Orders and the Parties' agreements and is also unduly burdensome and oppressive for that reason.

Subject to and without waiving its general and specific objections, the City responds as follows: the City refers Defendant to the Fourth Amended Complaint, which is incorporated by reference as if set forth in full here.

## INTERROGATORY NO. 20

Do you contend that Atlantic Richfield failed to issue adequate warnings to its customers or downstream handlers regarding the characteristics of MTBE?

## RESPONSE TO INTERROGATORY NO. 20:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Interrogatory as unduly burdensome. Specifically, this Interrogatory was served by Defendant simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendant. The City also reiterates its General Objection to Defendant's definition of the term "Customer" to the extent that it is confusing in that the term "customer" is purportedly limited to the City's customers, though from the context of the question, it appears that it may be intended to refer to Defendant's customers. The City objects that the uncertainty, vagueness, ambiguousness and indefiniteness of the regarding the term "Customers" renders the Interrogatory unanswerable as written.

The City also objects to this Interrogatory to the extent that it calls for premature disclosure of expert opinion, and seeks privileged attorney work product. The City further objects to this Interrogatory to the extent that topics related to this Interrogatory will be the subjects of expert testimony, which is governed by the rules concerning expert disclosures, relevant Court Orders and the Parties' agreements. The City further objects to this Interrogatory on the grounds that it seeks information that is equally available to Defendant, including, but not limited to, information from publicly available reports and databases, information contained in Defendant's own discovery responses and/or testimony given by Defendant's own witnesses in connection with this and/or similar litigation to which Defendant was and/or is a party.

Subject to and without waiving its general and specific objections, the City responds as follows: the City refers Defendant to the Fourth Amended Complaint, which is incorporated by reference as if set forth in full here.

## INTERROGATORY NO. 21

If your answer to Interrogatory No. 20 is anything other than an unqualified "no," please state the factual basis for your contention that warnings issued by Atlantic Richfield were inadequate. Please include in your answer each warning that you contend Atlantic Richfield should have provided, the persons or entities to which you contend the warning should have been provided, and the date on which such warning should have been provided.

## RESPONSE TO INTERROGATORY NO. 21:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Interrogatory as unduly burdensome. Specifically, this Interrogatory was served by Defendant simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendant.

The City also objects to this Interrogatory to the extent that it calls for premature disclosure of expert opinion, and seeks privileged attorney work product. The City further objects to this Interrogatory to the extent that topics related to this Interrogatory will be the subjects of expert testimony, which is governed by the rules concerning expert disclosures, relevant Court Orders and the Parties' agreements. The City further objects to this Interrogatory on the grounds that it seeks information that is equally available to Defendant, including, but not limited to, information from publicly available reports and databases, information contained in Defendant's own discovery responses and/or testimony given by Defendant's own witnesses in connection with this and/or similar litigation to which Defendant was and/or is a party.

The City further objects to this Interrogatory on the ground that it seeks the premature disclosure of the City's Exhibit Lists and Deposition Designations, before such disclosure is due in circumvention of Court Orders and the Parties' agreements and is also unduly burdensome and oppressive for that reason.

Subject to and without waiving its general and specific objections, the City responds as follows: the City refers Defendant to the Fourth Amended Complaint, which is incorporated by reference as if set forth in full here.

## INTERROGATORY NO. 22

For each warning identified in response to Interrogatory No. 21, do you contend that each such warning would have altered the behavior of the recipient? If your answer is anything other than an unqualified "no," please state the factual basis for your contention,

Include in your answer the precise means by which you contend the recipient of the warning would have altered their behavior.

## RESPONSE TO INTERROGATORY NO. 22:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Interrogatory as unduly burdensome. Specifically, this Interrogatory was served by Defendant simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendant. The City further objects that the term "recipient" is vague, ambiguous, and undefined. The City further objects that the Interrogatory calls for speculation regarding the conduct of third parties.

The City also objects to this Interrogatory to the extent that it calls for premature disclosure of expert opinion, and seeks privileged attorney work product. The City further objects to this Interrogatory to the extent that topics related to this Interrogatory will be the subjects of expert testimony, which is governed by the rules concerning expert disclosures, relevant Court Orders and the Parties' agreements. The City further objects to this Interrogatory on the grounds that it seeks information that is equally available to Defendant, including, but not limited to, information from publicly available reports and databases, information contained in Defendant's own discovery responses and/or testimony given by Defendant's own witnesses in connection with this and/or similar litigation to which Defendant was and/or is a party.

Subject to and without waiving its general and specific objections, the City responds as follows: the City refers Defendant to the Fourth Amended Complaint, which is incorporated by reference as if set forth in full here.

## INTERROGATORY NO. 23

Identify all persons with knowledge of any factual information included in your responses to the Atlantic Richfield's First Set of Interrogatories and Requests for Production of Documents to Plaintiff City of New York.

## RESPONSE TO INTERROGATORY NO. 23:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Interrogatory as unduly burdensome. Specifically, this Interrogatory was served by Defendant simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some

of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendant.

The City also objects to this Interrogatory to the extent that it calls for premature disclosure of expert opinion, and seeks privileged attorney work product. The City further objects to this Interrogatory to the extent that topics related to this Interrogatory will be the subjects of expert testimony, which is governed by the rules concerning expert disclosures, relevant Court Orders and the Parties' agreements. The City further objects to this Interrogatory on the grounds that it seeks information that is equally available to Defendant, including, but not limited to, information from publicly available reports and databases, information contained in Defendant's own discovery responses and/or testimony given by Defendant's own witnesses in connection with this and/or similar litigation to which Defendant was and/or is a party.

The City further objects to this Interrogatory on the ground that it seeks the premature disclosure of the City's Exhibit Lists and Deposition Designations, before such disclosure is due in circumvention of Court Orders and the Parties' agreements and is also unduly burdensome and oppressive for that reason. The City also objects to this Interrogatory on the basis that it seeks "persons with knowledge of any factual information included in your responses" as being unduly burdensome, over broad, oppressive and not generally within the practical capabilities of a party to respond.

## RESPONSES TO REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1

Produce all documents supporting your assertion that gasoline containing MTBE that was manufactured, blended, distributed, or sold by Atlantic Richfield could have reached, or did in fact reach, the RGA.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Request for Production as unduly burdensome. Specifically, this Request for Production was served by Defendant simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendant.

The City further objects to this Request for Production on the ground that it seeks the premature disclosure of the City's Exhibit Lists and Deposition Designations before such disclosure is due in circumvention of Court Orders and is also unduly burdensome for that reason. Furthermore, City objects to this Request for Production on the ground that it seeks the premature disclosure of expert-related documents, in violation of relevant Court Orders and the Parties' agreements. The City will not produce documents in response to this Request, but will instead disclose its Exhibit Lists, Deposition Designations and expert-related documents to Defendant at the appropriate times as set forth in the relevant Court Orders and in accordance with the Parties' agreements.

## REQUEST FOR PRODUCTION NO. 2

Produce all documents supporting your assertion, if any, that gasoline containing MTBE that was manufactured, blended, distributed, or sold by Atlantic Richfield could have reached, or did in fact reach, any service station in the RGA.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Request for Production as unduly burdensome. Specifically, this Request for Production was served by Defendant simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendant.

The City further objects to this Request for Production on the ground that it seeks the premature disclosure of the City's Exhibit Lists and Deposition Designations before such disclosure is due in circumvention of Court Orders and is also unduly burdensome for that reason. Furthermore, City objects to this Request for Production on the ground that it seeks the premature disclosure of expert-related documents, in violation of relevant Court Orders and the Parties' agreements. The City will not produce documents in response to this Request, but will instead disclose its Exhibit Lists, Deposition Designations and expert-related documents to Defendant at the appropriate times as set forth in the relevant Court Orders and in accordance with the Parties' agreements.

## REQUEST FOR PRODUCTION NO. 3

Produce all documents supporting your assertion, if any, that gasoline containing MTBE that was manufactured, blended, distributed, or sold by Atlantic Richfield could have caused or contributed to, or did in fact cause or contribute to, any of the alleged contamination present at any of the City's wells listed in Interrogatory No. 3.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Request for Production as unduly burdensome. Specifically, this Request for Production was served by Defendant simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendant.

The City further objects to this Request for Production on the ground that it seeks the premature disclosure of the City's Exhibit Lists and Deposition Designations before such disclosure is due in circumvention of Court Orders and is also unduly burdensome for that reason. Furthermore, City objects to this Request for Production on the ground that it seeks the premature disclosure of expert-related documents, in violation of relevant Court Orders and the Parties' agreements. The City will not produce documents in response to this Request, but will instead disclose its Exhibit Lists, Deposition Designations and expert-related documents to Defendant at the appropriate times as set forth in the relevant Court Orders and in accordance with the Parties' agreements.

## REQUEST FOR PRODUCTION NO. 4

Produce all documents you obtained from sources other than Atlantic Richfield from which you intend to calculate Atlantic Richfield's regional or national share of the market for crude refining capacity, gasoline production generally, production of gasoline containing MTBE, or retail sales of gasoline products.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Request for Production as unduly burdensome. Specifically, this Request for Production was served by Defendant simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendant.

The City further objects to this Request for Production on the ground that it seeks the premature disclosure of the City's Exhibit Lists and Deposition Designations before such disclosure is due

in circumvention of Court Orders and is also unduly burdensome for that reason. Furthermore, City objects to this Request for Production on the ground that it seeks the premature disclosure of expert-related documents, in violation of relevant Court Orders and the Parties' agreements. The City will not produce documents in response to this Request, but will instead disclose its Exhibit Lists, Deposition Designations and expert-related documents to Defendant at the appropriate times as set forth in the relevant Court Orders and in accordance with the Parties' agreements.

## REQUEST FOR PRODUCTION NO. 5

Produce all documents you relied upon in answering the Interrogatories set forth above.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Request for Production as unduly burdensome. Specifically, this Request for Production was served by Defendant simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendant.

//

//

//

//

//

//

//

//

//

//

The City further objects to this Request for Production on the ground that it seeks the premature disclosure of the City's Exhibit Lists and Deposition Designations before such disclosure is due in circumvention of Court Orders and is also unduly burdensome for that reason. Furthermore, City objects to this Request for Production on the ground that it seeks the premature disclosure of expert-related documents, in violation of relevant Court Orders and the Parties' agreements. The City will not produce documents in response to this Request, but will instead disclose its Exhibit Lists, Deposition Designations and expert-related documents to Defendant at the appropriate times as set forth in the relevant Court Orders and in accordance with the Parties' agreements.

Dated: San Francisco, California
      December 19, 2008

                          MICHAEL A. CARDOZO
                          Corporation Counsel of the City of New York
                          Attorney for Plaintiff City of New York
                          100 Church Street
                          New York, New York 10007
                          (212) 788-1568

                          SHER LEFF LLP
                          450 Mission Street, Suite 400
                          San Francisco, CA 94105
                          (415) 348-8300

By:                      _____
                          VICTOR M. SHER *(pro hac vice)*
                          TODD E. ROBINS *(pro hac vice)*
                          NICHOLAS G. CAMPINS *(pro hac vice)*

                          *Attorneys for Plaintiff City of New York*

## CERTIFICATE OF SERVICE

I, Kristin Meyers, hereby certify that on December 19, 2008, a true and correct copy of

the foregoing Plaintiff City of New York's Responses and Objections to Atlantic Richfield

Company's First Set of Interrogatories and Requests for Production of Documents was served

via Lexis Nexis File & Serve on all counsel of record in this action.

Kristin Meyers