

24130694

Mar 10 2009
11:30AM

**EXHIBIT B9**

Dockets.Justia.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



LEXISNEXIS® FILE & SERVE
23008763
E-SERVICE
Dec 19 2008
7:27PM

-------------------------------------------------------------------- x

In Re: Methyl Tertiary Butyl Ether ("MTBE")
Products Liability Litigation

-------------------------------------------------------------------- x

**This document relates to the following case:**

*City of New York* v. *Amerada Hess Corp., et al.,*
Case No. 04 Civ. 3417

**PLAINTIFF CITY OF NEW YORK'S RESPONSES AND OBJECTIONS TO DEFENDANTS SUNOCO, INC. AND SUNOCO, INC. (R&M)'S FIRST SET OF COMPANY-SPECIFIC INTERROGATORIES AND DOCUMENT REQUESTS**

MDL No. 1358
Master File C.A. No.
1:00-1898 (SAS)

Plaintiff City of New York ("the City"), by its attorneys, Michael A. Cardozo, Corporation Counsel of the City of New York, and Sher Leff LLP, hereby responds to Defendants Sunoco, Inc. and Sunoco, Inc. (R&M)'s ("Defendants'") First Set of Company-Specific Interrogatories and Document Requests, dated November 19, 2008, as follows:

## GENERAL OBJECTIONS AND LIMITATIONS

1.        The City objects to this entire set of Interrogatories and Document Requests as unduly burdensome, unreasonable and oppressive. This unreasonable set of contention interrogatories and document requests was served by Defendants simultaneously with 12 other sets of contention interrogatories, requests for admission and document requests served by other defendants in this case on November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable discovery contains over 240 separate contention interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that the undue burden imposed by this discovery is compounded by the fact that

Defendants, via a December 16, 2008 email from Defendants' liaison counsel, Mr. James Pardo, Esq., denied the City's reasonable request for a one-month extension of the time to respond to January 19, 2009, despite the fact that parties had previously agreed to extend the fact discovery cutoff date for all previously-served discovery in this case to January 19.

2.        The City objects to this entire set of Interrogatories and Document Requests as abusive of the discovery process and as creating needless friction among the parties and counsel. As evidenced by Local Civil Rule 33.3(c), contention interrogatories are appropriately served, if at all, at the "conclusion of other discovery." Even then, such Interrogatories are appropriate only if they are a practical method of obtaining the information sought. *See* Local Civil Rule 33.3(b). Where, as here, the Court has created a comprehensive case management approach not only to the present litigation, but also to the entire MDL 1358, that includes the mandatory disclosure of Deposition Designations, Exhibit Lists, and other Court-ordered disclosures, broad-brushed contention interrogatories of the kind in the Interrogatories and Document Requests are not only an impractical method of obtaining the information sought; they are manifestly counterproductive and abusive.

3.        The City objects to the Interrogatories and Document Requests as improperly requiring the City "to regurgitate all factual information obtained in discovery," *see Convolve, Inc. v. Compaq Computer Corp.,* 223 F.R.D. 162, 173 (S.D.N.Y. 2004), to the extent that they seek to require the City to cite "any and all documents" and "any other facts or evidence" relating to Defendants' liability.

4.        The City further objects to this discovery on the grounds that it seeks information that is equally available to Defendants, including, but not limited to, information from publicly available reports and databases, information contained in Defendants' own

discovery responses and/or testimony given by Defendants' own witnesses in connection with this and/or similar litigation to which Defendants were and/or are parties.

5.  By responding to any interrogatory or request for production, the City does not concede the materiality of the subject to which it refers. The City's responses are made expressly subject to, and without waiving or intending to waive, any questions or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence, or for any other purpose, of any of the documents or information produced, or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

6.  The City objects to the Interrogatories and Document Requests to the extent that the Interrogatories and Document Requests seek information or documents covered by attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. None of the City's responses is intended as, or should be construed as, a waiver or relinquishment of any part of the protections afforded by the attorney-client privilege, the work product doctrine or any other applicable privileges or immunities. The City reserves the right to withdraw and recover any documents or information covered by such privileges or immunities if the City inadvertently or mistakenly produces such document or information in response to the Interrogatories and Document Requests.

7.  The City objects to each Interrogatory and Document Request as unduly burdensome, overly broad, oppressive, harassing and not reasonably calculated to lead to the discovery of admissible evidence to the extent it calls for the disclosure of the City's theories and mental impressions regarding how it intends to prove its contentions and allegations at trial, and to the extent it calls for the City to respond to an affirmative defense that Defendants have yet to fully articulate and that Defendants bear the burden to present. The City explicitly reserves the

- 3 -

right to move for a protective order or seek other relief from the Court in the event Defendants request that the City supplement these responses, move to compel responses, or serve additional interrogatories.

8.       The City objects to Defendants' definitions of the terms "Plaintiff," "You," "Your," "Document," on the ground that they differ from the terms as defined in Local Civil Rule 26.3(c). Defendants claim to incorporate such definitions by reference, but then proffer alternative definitions. Thus, Defendants would require the City to refer to two sets of conflicting definitions. The City will follow Local Civil Rule 26.3, which states that definitions are automatically incorporated into all discovery requests and "No discovery request shall use broader definitions or rules of construction than those set forth in paragraphs (c) and (d)." Narrower definitions are allowed. *See* Local Civil Rule 26.3(a). The City will use the definitions provided in Local Civil Rule 26.3(c) in answering the Interrogatories and Document Requests, except to the extent that Defendants' definitions are *narrower* than the Local Civil Rule 26.3 definitions, in which case the City will use Defendants' definitions.

9.       The City objects to the Instruction in paragraph 8 to the extent that it attempts to impose an obligation on the City to ascertain the knowledge of nonparties and to the extent it seeks to require the production of information or documents that are privileged or are not in the possession, custody or control of the City.

10.      The City objects to the Instruction in paragraph 9 to the extent that it attempts to impose any obligations in excess of the Court's Orders, Local Civil Rule 26.2, and the Federal Rules of Civil Procedure.

11.     The City objects to the Interrogatories and Document Requests to the extent that they seek information or documents outside the scope of discovery permissible under the Court's Orders, Federal Rules of Civil Procedure and Local Civil Rules.

12.     The City objects to the Interrogatories and Document Requests to the extent that the Interrogatories and Document Requests seek information that is not in the possession, custody, or control of the City and to the extent that the Interrogatories and Document Requests request information and/or documents equally available to the propounding parties, including information and/or documents previously produced to Defendants, obtainable from some other source, already in Defendants' possession, and/or available as a public record.

13.     The City objects to the Interrogatories and Document Requests to the extent that the Interrogatories and Document Requests contain vague or ambiguous phrases or are overly broad, unduly burdensome and oppressive, or not reasonably calculated to lead to the discovery of admissible evidence.

14.     The City objects to the Interrogatories and Document Requests to the extent that the Interrogatories and Document Requests seek information relating to the subject matter and opinions of expert witnesses, whose disclosure is governed by Federal Rule of Civil Procedure 26, the Orders of this Court, and the Parties' agreements. To the extent that the Interrogatories and Document Requests seek documents and/or information governed by the rules concerning expert disclosures, the City's responses and production will not include materials covered by the expert disclosures.

15.     The City provides these responses to the Interrogatories and Document Requests solely for the purposes of this action. All responses are subject to appropriate

confidentiality agreements negotiated, or to be negotiated, between the parties, or as may be imposed by the Court.

16.      These responses are based solely on the information and documents possessed by or obtained by the City to date. The City reserves the right to supplement or amend its responses to include additional responsive information, as governed by Rule 26 of the Federal Rules of Civil Procedure, Local Rules and the Court's Orders.

17.      These General Objections and Limitations apply to each interrogatory and document request as though fully restated in the response thereto.

## RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 1

State whether Plaintiff contends that Sunoco, Inc. manufactured MTBE gasoline that was delivered to the RGA from 1979 - present. If your answer is anything other than an unqualified "no," identify any and all documents and any other facts or evidence that support your contention.

### RESPONSE TO INTERROGATORY NO. 1:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Interrogatory as unduly burdensome. Specifically, this Interrogatory was served by Defendants simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendants.

The City also objects to this Interrogatory to the extent that it calls for premature disclosure of expert opinion, and seeks privileged attorney work product. The City further objects to this Interrogatory to the extent that topics related to this Interrogatory will be the subjects of expert testimony, which is governed by the rules concerning expert disclosures, relevant Court Orders and the Parties' agreements. The City further objects to this Interrogatory on the grounds that it seeks information that is equally available to Defendants, including, but not limited to, information from publicly available reports and databases, information contained in Defendants'

own discovery responses and/or testimony given by Defendants' own witnesses in connection with this and/or similar litigation to which Defendants were and/or are parties.

The City further objects to this Interrogatory on the ground that a complete and accurate response might require analyses of additional spill reports and records, site remediation files, groundwater and plume modeling, and Defendants' expert analyses, which have not been fully produced by Defendants. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of Defendants' responses to the City's discovery requests, including without limitation responses related to product distribution, commingled product liability, alternative liability and other proof standards set forth in the Court's Orders, including but not limited to the Court's May 13, 2008 Summary Judgment Opinion in *County of Suffolk*, et al., *v. Amerada Hess Corp.* et al, 04 Civ. 5424, which have not been fully produced by Defendants. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of Defendants' responses to Court-ordered disclosures regarding product distribution, successor liability and other matters, which have not been fully responded to by Defendants. The City reserves its right to request that the Court order Defendants to answer their own Interrogatory to the extent it seeks information from the City which Defendants themselves have withheld. *See, e.g.*, Case Management Order # 31 in *County of Suffolk*, et al., *v. Amerada Hess Corp.* et al, 04 Civ. 5424 and the October 31, 2007 MDL Hearing Transcript at pp. 68-71. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of documents responsive to recently issued third-party subpoenas by certain defendants to pipeline companies and others, which have not yet been responded to by the relevant third-parties. The City reserves its right to amend this Response as it receives this information.

The City also objects to this Interrogatory on the basis that it seeks "any and all documents" and "any other facts or evidence" as being unduly burdensome, over broad, oppressive and not generally within the practical capabilities of a party to respond.

Subject to and without waiving its general and specific objections, the City responds as follows: the City refers Defendants to the Fourth Amended Complaint, which is incorporated by reference as if set forth in full here.

## INTERROGATORY NO. 2

State whether Plaintiff contends that Sunoco, Inc. (R&M) manufactured MTBE gasoline that was delivered to the RGA from 1979 - 1984. If your answer is anything other than an unqualified "no," identify any and all documents and any other facts or evidence that support your contention.

## RESPONSE TO INTERROGATORY NO. 2:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Interrogatory as unduly burdensome. Specifically, this Interrogatory was served by Defendants simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and

November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendants.

The City also objects to this Interrogatory to the extent that it calls for premature disclosure of expert opinion, and seeks privileged attorney work product. The City further objects to this Interrogatory to the extent that topics related to this Interrogatory will be the subjects of expert testimony, which is governed by the rules concerning expert disclosures, relevant Court Orders and the Parties' agreements. The City further objects to this Interrogatory on the grounds that it seeks information that is equally available to Defendants, including, but not limited to, information from publicly available reports and databases, information contained in Defendants' own discovery responses and/or testimony given by Defendants' own witnesses in connection with this and/or similar litigation to which Defendants were and/or are parties.

The City further objects to this Interrogatory on the ground that a complete and accurate response might require analyses of additional spill reports and records, site remediation files, groundwater and plume modeling, and Defendants' expert analyses, which have not been fully produced by Defendants. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of Defendants' responses to the City's discovery requests, including without limitation responses related to product distribution, commingled product liability, alternative liability and other proof standards set forth in the Court's Orders, including but not limited to the Court's May 13, 2008 Summary Judgment Opinion in *County of Suffolk*, et al., *v. Amerada Hess Corp.* et al, 04 Civ. 5424, which have not been fully produced by Defendants. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of Defendants' responses to Court-ordered disclosures regarding product distribution, successor liability and other matters, which have not been fully responded to by Defendants. The City reserves its right to request that the Court order Defendants to answer their own Interrogatory to the extent it seeks information from the City which Defendants themselves have withheld. *See, e.g.*, Case Management Order # 31 in *County of Suffolk*, et al., *v. Amerada Hess Corp.* et al, 04 Civ. 5424 and the October 31, 2007 MDL Hearing Transcript at pp. 68-71. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of documents responsive to recently issued third-party subpoenas by certain defendants to pipeline companies and others, which have not yet been responded to by the relevant third-parties. The City reserves its right to amend this Response as it receives this information.

The City also objects to this Interrogatory on the basis that it seeks "any and all documents" and "any other facts or evidence" as being unduly burdensome, over broad, oppressive and not generally within the practical capabilities of a party to respond.

Subject to and without waiving its general and specific objections, the City responds as follows: the City refers Defendants to the Fourth Amended Complaint, which is incorporated by reference as if set forth in full here.

## INTERROGATORY NO. 3

State whether Plaintiff contends that Sunoco, Inc. (R&M) manufactured MTBE gasoline that was delivered to the RGA after 1984. If your answer is anything other than an unqualified "no," identify any and all documents and any other facts or evidence that support your contention.

## RESPONSE TO INTERROGATORY NO. 3:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Interrogatory as unduly burdensome. Specifically, this Interrogatory was served by Defendants simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendants.

The City also objects to this Interrogatory to the extent that it calls for premature disclosure of expert opinion, and seeks privileged attorney work product. The City further objects to this Interrogatory to the extent that topics related to this Interrogatory will be the subjects of expert testimony, which is governed by the rules concerning expert disclosures, relevant Court Orders and the Parties' agreements. The City further objects to this Interrogatory on the grounds that it seeks information that is equally available to Defendants, including, but not limited to, information from publicly available reports and databases, information contained in Defendants' own discovery responses and/or testimony given by Defendants' own witnesses in connection with this and/or similar litigation to which Defendants were and/or are parties.

The City further objects to this Interrogatory on the ground that a complete and accurate response might require analyses of additional spill reports and records, site remediation files, groundwater and plume modeling, and Defendants' expert analyses, which have not been fully produced by Defendants. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of Defendants' responses to the City's discovery requests, including without limitation responses related to product distribution, commingled product liability, alternative liability and other proof standards set forth in the Court's Orders, including but not limited to the Court's May 13, 2008 Summary Judgment Opinion in *County of Suffolk*, et al., *v. Amerada Hess Corp.* et al, 04 Civ. 5424, which have not been fully produced by Defendants. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of Defendants' responses to Court-ordered disclosures regarding product distribution, successor liability and other matters, which have not been fully responded to by Defendants. The City reserves its right to request that the Court order Defendants to answer their own Interrogatory to the extent it seeks information from the City which Defendants themselves have withheld. *See, e.g.*, Case Management Order # 31 in *County of Suffolk*, et al., *v. Amerada Hess Corp.* et al, 04 Civ. 5424 and the October 31, 2007

MDL Hearing Transcript at pp. 68-71. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of documents responsive to recently issued third-party subpoenas by certain defendants to pipeline companies and others, which have not yet been responded to by the relevant third-parties. The City reserves its right to amend this Response as it receives this information.

The City also objects to this Interrogatory on the basis that it seeks "any and all documents" and "any other facts or evidence" as being unduly burdensome, over broad, oppressive and not generally within the practical capabilities of a party to respond.

Subject to and without waiving its general and specific objections, the City responds as follows: the City refers Defendants to the Fourth Amended Complaint, which is incorporated by reference as if set forth in full here.

## INTERROGATORY NO. 4

State whether Plaintiff contends that releases or spills from any Sunoco-branded retail station in the RGA have resulted in MTBE impacts or threatened impacts to the Plaintiff's wells. If your answer is anything other than an unqualified "no," please identify any and all documents and any other facts or evidence that supports your contention, including without limitation the location of the retail location from which Plaintiff contends such a release or spill occurred and the well(s) that Plaintiff contends were impacted.

## RESPONSE TO INTERROGATORY NO. 4:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Interrogatory as unduly burdensome. Specifically, this Interrogatory was served by Defendants simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendants.

The City also objects to this Interrogatory to the extent that it calls for premature disclosure of expert opinion, and seeks privileged attorney work product. The City further objects to this Interrogatory to the extent that topics related to this Interrogatory will be the subjects of expert testimony, which is governed by the rules concerning expert disclosures, relevant Court Orders and the Parties' agreements. The City further objects to this Interrogatory on the grounds that it seeks information that is equally available to Defendants, including, but not limited to, information from publicly available reports and databases, information contained in Defendants' own discovery responses and/or testimony given by Defendants' own witnesses in connection with this and/or similar litigation to which Defendants were and/or are parties.

The City further objects to this Interrogatory on the ground that a complete and accurate response might require analyses of additional spill reports and records, site remediation files, groundwater and plume modeling, and Defendants' expert analyses, which have not been fully produced by Defendants. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of Defendants' responses to the City's discovery requests, including without limitation responses related to product distribution, commingled product liability, alternative liability and other proof standards set forth in the Court's Orders, including but not limited to the Court's May 13, 2008 Summary Judgment Opinion in *County of Suffolk*, et al., *v. Amerada Hess Corp.* et al, 04 Civ. 5424, which have not been fully produced by Defendants. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of Defendants' responses to Court-ordered disclosures regarding product distribution, successor liability and other matters, which have not been fully responded to by Defendants. The City reserves its right to request that the Court order Defendants to answer their own Interrogatory to the extent it seeks information from the City which Defendants themselves have withheld. *See, e.g.*, Case Management Order # 31 in *County of Suffolk*, et al., *v. Amerada Hess Corp.* et al, 04 Civ. 5424 and the October 31, 2007 MDL Hearing Transcript at pp. 68-71. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of documents responsive to recently issued third-party subpoenas by certain defendants to pipeline companies and others, which have not yet been responded to by the relevant third-parties. The City reserves its right to amend this Response as it receives this information.

The City also objects to this Interrogatory on the basis that it seeks "any and all documents" and "any other facts or evidence" as being unduly burdensome, over broad, oppressive and not generally within the practical capabilities of a party to respond.

Subject to and without waiving its general and specific objections, the City responds as follows: the City refers Defendants to the Fourth Amended Complaint, which is incorporated by reference as if set forth in full here.

## INTERROGATORY NO. 5

State whether Plaintiff contends that Sunoco, Inc. made any of the misrepresentations or engaged in the deceptive practices that are the subject of the allegations of the Ninth Cause of Action in the Fourth Amended Complaint. If your answer is anything other than an unqualified "no," please identify any and all documents and any other facts or evidence that supports your contention.

## RESPONSE TO INTERROGATORY NO. 5:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Interrogatory as unduly burdensome. Specifically, this Interrogatory was served by Defendants simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some

of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendants.

The City also objects to this Interrogatory to the extent that it calls for premature disclosure of expert opinion, and seeks privileged attorney work product. The City further objects to this Interrogatory to the extent that topics related to this Interrogatory will be the subjects of expert testimony, which is governed by the rules concerning expert disclosures, relevant Court Orders and the Parties' agreements. The City further objects to this Interrogatory on the grounds that it seeks information that is equally available to Defendants, including, but not limited to, information from publicly available reports and databases, information contained in Defendants' own discovery responses and/or testimony given by Defendants' own witnesses in connection with this and/or similar litigation to which Defendants were and/or are parties.

The City further objects to this Interrogatory on the ground that it seeks the premature disclosure of the City's Exhibit Lists and Deposition Designations, before such disclosure is due in circumvention of Court Orders and the Parties' agreements and is also unduly burdensome and oppressive for that reason. The City also objects to this Interrogatory on the basis that it seeks "any and all documents" and "any other facts or evidence" as being unduly burdensome, over broad, oppressive and not generally within the practical capabilities of a party to respond.

Subject to and without waiving its general and specific objections, the City responds as follows: the City refers Defendants to the Fourth Amended Complaint, which is incorporated by reference as if set forth in full here.

## INTERROGATORY NO. 6

State whether Plaintiff contends that Sunoco, Inc. (R&M) made any of the misrepresentations or engaged in the deceptive practices that are the subject of the allegations of the Ninth Cause of Action in the Fourth Amended Complaint. If your answer is anything other than an unqualified "no," please identify any and all documents and any other facts or evidence that supports your contention.

## RESPONSE TO INTERROGATORY NO. 6:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Interrogatory as unduly burdensome. Specifically, this Interrogatory was served by Defendants simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendants.

The City also objects to this Interrogatory to the extent that it calls for premature disclosure of expert opinion, and seeks privileged attorney work product. The City further objects to this Interrogatory to the extent that topics related to this Interrogatory will be the subjects of expert testimony, which is governed by the rules concerning expert disclosures, relevant Court Orders and the Parties' agreements. The City further objects to this Interrogatory on the grounds that it seeks information that is equally available to Defendants, including, but not limited to, information from publicly available reports and databases, information contained in Defendants' own discovery responses and/or testimony given by Defendants' own witnesses in connection with this and/or similar litigation to which Defendants were and/or are parties.

The City further objects to this Interrogatory on the ground that it seeks the premature disclosure of the City's Exhibit Lists and Deposition Designations, before such disclosure is due in circumvention of Court Orders and the Parties' agreements and is also unduly burdensome and oppressive for that reason. The City also objects to this Interrogatory on the basis that it seeks "any and all documents" and "any other facts or evidence" as being unduly burdensome, over broad, oppressive and not generally within the practical capabilities of a party to respond.

Subject to and without waiving its general and specific objections, the City responds as follows: the City refers Defendants to the Fourth Amended Complaint, which is incorporated by reference as if set forth in full here.

## RESPONSES TO REQUESTS FOR PRODUCTION

### DOCUMENT REQUEST NO. 1

Please provide any document identified, referred to, or relied upon in response to the interrogatories set forth above.

### RESPONSE TO DOCUMENT REQUEST NO. 1:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Document Request as unduly burdensome. Specifically, this Document Request was served by Defendants simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendants.

The City further objects to this Document Request on the ground that it seeks the premature disclosure of the City's Exhibit Lists and Deposition Designations before such disclosure is due in circumvention of Court Orders and is also unduly burdensome for that reason. Furthermore,

City objects to this Document Request on the ground that it seeks the premature disclosure of expert-related documents, in violation of relevant Court Orders and the Parties' agreements. The City will not produce documents in response to this Request, but will instead disclose its Exhibit Lists, Deposition Designations and expert-related documents to Defendants at the appropriate times as set forth in the relevant Court Orders and in accordance with the Parties' agreements.

Dated: San Francisco, California
　　　　December 19, 2008

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
Attorney for Plaintiff City of New York
100 Church Street
New York, New York 10007
(212) 788-1568

SHER LEFF LLP
450 Mission Street, Suite 400
San Francisco, CA 94105
(415) 348-8300

By: _____

VICTOR M. SHER *(pro hac vice)*
TODD E. ROBINS *(pro hac vice)*
NICHOLAS G. CAMPINS *(pro hac vice)*

*Attorneys for Plaintiff City of New York*

## CERTIFICATE OF SERVICE

I, Kristin Meyers, hereby certify that on December 19, 2008, a true and correct copy of the foregoing Plaintiff City of New York's Responses and Objections to Defendants Sunoco, Inc. and Sunoco, Inc. (R&M)'s First Set of Company-Specific Interrogatories and Document Requests was served via Lexis Nexis File & Serve on all counsel of record in this action.

Kristin Meyers

**EXHIBIT B10**



23008785

Dec 19 2008
7:31PM

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x

In Re: Methyl Tertiary Butyl Ether ("MTBE")
Products Liability Litigation

------------------------------------------------------------------- x

**This document relates to the following case:**

*City of New York* v. *Amerada Hess Corp., et al.,*
Case No. 04 Civ. 3417

**PLAINTIFF CITY OF NEW
YORK'S RESPONSES AND
OBJECTIONS TO TOTAL
PETROCHEMICALS USA,
INC.'S FIRST SET OF
INTERROGATORIES
AND REQUESTS FOR
PRODUCTION OF
DOCUMENTS**

MDL No. 1358
Master File C.A. No.
1:00-1898 (SAS)

Plaintiff City of New York ("the City"), by its attorneys, Michael A. Cardozo,

Corporation Counsel of the City of New York, and Sher Leff LLP, hereby responds to Total

Petrochemicals USA, Inc.'s ("Defendant's") First Set of Interrogatories and Requests for

Production of Documents to Plaintiff City of New York, dated November 19, 2008, as follows:

## GENERAL OBJECTIONS AND LIMITATIONS

1.     The City objects to this entire set of Interrogatories and Requests for

Production as unduly burdensome, unreasonable and oppressive.  This unreasonable set of

contention interrogatories and document requests was served by Defendant simultaneously with

12 other sets of contention interrogatories, requests for admission and document requests served

by other defendants in this case on November 18, 2008 and November 19, 2008.  Collectively,

this massive and unreasonable discovery contains over 240 separate contention interrogatories,

requests for admission and document requests, some of which contain over 50 subparts each and

which ask about facts contained in millions of pages of documents and the testimony of hundreds

of witnesses, comprising tens of thousands of pages of deposition and other testimony.  The City

further objects that the undue burden imposed by this discovery is compounded by the fact that

Defendant, via a December 16, 2008 email from Defendants' liaison counsel, Mr. James Pardo, Esq., denied the City's reasonable request for a one-month extension of the time to respond to January 19, 2009, despite the fact that parties had previously agreed to extend the fact discovery cutoff date for all previously-served discovery in this case to January 19.

2.     The City objects to this entire set of Interrogatories and Requests for Production as abusive of the discovery process and as creating needless friction among the parties and counsel. As evidenced by Local Civil Rule 33.3(c), contention interrogatories are appropriately served, if at all, at the "conclusion of other discovery." Even then, such Interrogatories are appropriate only if they are a practical method of obtaining the information sought. *See* Local Civil Rule 33.3(b). Where, as here, the Court has created a comprehensive case management approach not only to the present litigation, but also to the entire MDL 1358, that includes the mandatory disclosure of Deposition Designations, Exhibit Lists, and other Court-ordered disclosures, broad-brushed contention interrogatories of the kind in the Interrogatories and Requests for Production are not only an impractical method of obtaining the information sought; they are manifestly counterproductive and abusive.

3.     The City objects to the Interrogatories and Requests for Production to the extent that they seek to require the City to "to regurgitate all factual information obtained in discovery." *See Convolve, Inc. v. Compaq Computer Corp.,* 223 F.R.D. 162, 173 (S.D.N.Y. 2004).

4.     The City further objects to this discovery on the grounds that it seeks information that is equally available to Defendant, including, but not limited to, information from publicly available reports and databases, information contained in Defendant's own discovery

- 2 -

responses and/or testimony given by Defendant's own witnesses in connection with this and/or similar litigation to which Defendant was and/or is a party.

5. By responding to any interrogatory or request for production, the City does not concede the materiality of the subject to which it refers. The City's responses are made expressly subject to, and without waiving or intending to waive, any questions or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence, or for any other purpose, of any of the documents or information produced, or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

6. The City objects to the Interrogatories and Requests for Production to the extent that the Interrogatories and Requests for Production seek information or documents covered by attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. None of the City's responses is intended as, or should be construed as, a waiver or relinquishment of any part of the protections afforded by the attorney-client privilege, the work product doctrine or any other applicable privileges or immunities. The City reserves the right to withdraw and recover any documents or information covered by such privileges or immunities if the City inadvertently or mistakenly produces such document or information in response to the Interrogatories and Requests for Production.

7. The City objects to each Interrogatory and Request for Production as unduly burdensome, overly broad, oppressive, harassing and not reasonably calculated to lead to the discovery of admissible evidence to the extent it calls for the disclosure of the City's theories and mental impressions regarding how it intends to prove its contentions and allegations at trial, and to the extent it calls for the City to respond to an affirmative defense that Defendant has yet to fully articulate and that Defendant bears the burden to present. The City explicitly reserves the

right to move for a protective order or seek other relief from the Court in the event Defendant requests that the City supplement these responses, move to compel responses, or serve additional interrogatories.

8.      The City objects to Defendant's definitions of the terms "City," "Plaintiff," "You," "Your," "Yours," "document," "documents," "Identify," "Person," "Concerning (*see* definition paragraph 12), "And," and "or" on the ground that they differ from the terms as defined in Local Civil Rule 26.3(c). Defendant claims to incorporate such definitions by reference, but then proffers alternative definitions. Thus, Defendant would require the City to refer to two sets of conflicting definitions. The City will follow Local Civil Rule 26.3, which states that definitions are automatically incorporated into all discovery requests and "No discovery request shall use broader definitions or rules of construction than those set forth in paragraphs (c) and (d)." Narrower definitions are allowed. *See* Local Civil Rule 26.3(a). The City will use the definitions provided in Local Civil Rule 26.3(c) in answering the Interrogatories and Requests for Production, except to the extent that Defendant's definitions are *narrower* than the Local Civil Rule 26.3 definitions, in which case the City will use Defendant's definitions.

9.      The City objects to Defendant's definition of the word "including" on the grounds that it is confusing and indefinite, in that it attempts to "bring within scope of the discovery sought all responses which might otherwise be construed to be outside its scope." Such definition is so indefinite that it renders any question containing it indefinite and unanswerable.

10.     The City objects to Defendant's definitions of the terms "New Jersey Operations," "Big Spring Refinery," and "Port Arthur Refinery" to the extent that they seek to

impose legally erroneous limits on the City's proof of Defendant's tortious conduct, as alleged in the Fourth Amended Complaint, or on the manner of proof of entitlement to damages at trial.

11. The City objects to Defendant's definition of the term "Jamaica Water System" on the grounds that it is vague, ambiguous, confusing, irrelevant and overbroad in that it purportedly extends to "all of the City's ground water supply wells," even those which are not the subject of this litigation.

12. The City objects to the Instruction in paragraphs 2 and 6 to the extent that it attempts to impose any obligations in excess of the Court's orders, Local Civil Rules 26.2, and the Federal Rules of Civil Procedure.

13. The City objects to the Instruction in paragraph 3 to the Interrogatories and Requests for Production to the extent that it attempts to impose any obligation to supplement responses in excess of the Court's orders, Local Civil Rules, and the Federal Rules of Civil Procedure.

14. The City objects to the Instruction in paragraph 4 to the extent that it attempts to impose an obligation on the City to ascertain the knowledge of nonparties and to the extent it seeks to require the production of information or documents that are privileged or are not in the possession, custody or control of the City.

15. The City objects to the Instruction in paragraph 5 to the extent that it attempts to circumvent and impose obligations that do not exist under Local Civil Rule 33.1(a).

16. The City objects to the Instruction in the second sentence of paragraph 7 as incomprehensible, vague, ambiguous and indefinite.

17. The City objects to the Instruction in paragraph 8 as incomprehensible, vague, ambiguous and indefinite.

18.     The City objects to the Interrogatories and Requests for Production to the extent that they seek information or documents outside the scope of discovery permissible under the Court's Orders, Federal Rules of Civil Procedure and Local Civil Rules.

19.     The City objects to the Interrogatories and Requests for Production to the extent that the Interrogatories and Requests for Production seek information that is not in the possession, custody, or control of the City and to the extent that the Interrogatories and Requests for Production request information and/or documents equally available to the propounding parties, including information and/or documents previously produced to Defendant, obtainable from some other source, already in Defendant's possession, and/or available as a public record.

20.     The City objects to the Interrogatories and Requests for Production to the extent that the Interrogatories and Requests for Production contain vague or ambiguous phrases or are overly broad, unduly burdensome and oppressive, or not reasonably calculated to lead to the discovery of admissible evidence.

21.     The City objects to the Interrogatories and Requests for Production to the extent that the Interrogatories and Requests for Production seek information relating to the subject matter and opinions of expert witnesses, whose disclosure is governed by Federal Rule of Civil Procedure 26, the Orders of this Court, and the Parties' agreements. To the extent that the Interrogatories and Requests for Production seek documents and/or information governed by the rules concerning expert disclosures, the City's responses and production will not include materials covered by the expert disclosures.

22.     The City provides these responses to the Interrogatories and Requests for Production solely for the purposes of this action. All responses are subject to appropriate

confidentiality agreements negotiated, or to be negotiated, between the parties, or as may be imposed by the Court.

23.     These responses are based solely on the information and documents possessed by or obtained by the City to date. The City reserves the right to supplement or amend its responses to include additional responsive information, as governed by Rule 26 of the Federal Rules of Civil Procedure, Local Rules and the Court's Orders.

24.     These General Objections and Limitations apply to each interrogatory and document request as though fully restated in the response thereto.

## RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 1

Do you contend that gasoline containing MTBE manufactured by TOTAL at its Port Arthur Refinery either could have or actually did cause or contribute to any of the alleged actual or threatened MTBE contamination at issue in this case? If your answer is anything other than an unqualified "no," please state the factual basis for your contention.

### RESPONSE TO INTERROGATORY NO. 1:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Interrogatory as unduly burdensome. Specifically, this Interrogatory was served by Defendant simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendant. The City also objects that this Interrogatory is unreasonably duplicative of similar interrogatories served on November 19, 2008 on behalf of Defendant titled *Defendants' Contention Interrogatories and Document Requests on Causation, Theories of Liability and Apportionment of Damages.*

The City also objects to this Interrogatory to the extent that it calls for premature disclosure of expert opinion, and seeks privileged attorney work product. The City further objects to this Interrogatory to the extent that topics related to this Interrogatory will be the subjects of expert testimony, which is governed by the rules concerning expert disclosures, relevant Court Orders and the Parties' agreements. The City further objects to this Interrogatory on the grounds that it

seeks information that is equally available to Defendant, including, but not limited to, information from publicly available reports and databases, information contained in Defendant's own discovery responses and/or testimony given by Defendant's own witnesses in connection with this and/or similar litigation to which Defendant was and/or is a party.

The City further objects to this Interrogatory on the ground that a complete and accurate response might require analyses of additional spill reports and records, site remediation files, groundwater and plume modeling, and Defendant's expert analyses, which have not been fully produced by Defendant. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of Defendant's responses to the City's discovery requests, including without limitation responses related to product distribution, commingled product liability, alternative liability and other proof standards set forth in the Court's Orders, including but not limited to the Court's May 13, 2008 Summary Judgment Opinion in *County of Suffolk*, et al., *v. Amerada Hess Corp.* et al, 04 Civ. 5424, which have not been fully produced by Defendant. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of Defendant's responses to Court-ordered disclosures regarding product distribution, successor liability and other matters, which have not been fully responded to by Defendant. The City reserves its right to request that the Court order Defendant to answer its own Interrogatory to the extent it seeks information from the City which Defendant itself has withheld. *See, e.g.,* Case Management Order # 31 in *County of Suffolk*, et al., *v. Amerada Hess Corp.* et al, 04 Civ. 5424 and the October 31, 2007 MDL Hearing Transcript at pp. 68-71. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of documents responsive to recently issued third-party subpoenas by certain defendants to pipeline companies and others, which have not yet been responded to by the relevant third-parties. The City reserves its right to amend this Response as it receives this information.

The City further objects to this Interrogatory on the ground that it seeks the premature disclosure of the City's Exhibit Lists and Deposition Designations, before such disclosure is due in circumvention of Court Orders and the Parties' agreements and is also unduly burdensome and oppressive for that reason.

Subject to and without waiving its general and specific objections, the City responds as follows: the City refers Defendant to the Fourth Amended Complaint, which is incorporated by reference as if set forth in full here.

## INTERROGATORY NO. 2

If your answer to Interrogatory No. 1 is anything other than an unqualified "no," for each of the following wells in the Jamaica Water System geographic area, please state whether you contend the well either has been or could have been contaminated or threatened with contamination by gasoline containing MTBE manufactured by TOTAL at its Port Arthur Refinery, and state the factual basis for your contention.

| a. | Well No. 5 | c. | Well No. 6 | e. | Well No. 6B |
| b. | Well No. 5A | d. | Well No. 6A | f. | Well No. 6D |

| g. | Well No. 7 | w. | Well No. 31 | mm. | Well No. 48A. |
| h. | Well No. 7B | x. | Well No. 32 | nn. | Well No. 49 |
| i. | Well No. 10 | y. | Well No. 33 | oo. | Well No. 49A |
| j. | Well No. 10A | z. | Well No. 36 | pp. | Well No. 50 |
| k. | Well No. 13 | aa. | Well No. 37 | qq. | Well No. 50A |
| l. | Well No. 13A | bb. | Well No. 39 | rr. | Well No. 51 |
| m. | Well No. 18 | cc. | Well No. 39A | ss. | Well No. 52 |
| n. | Well No. 21 | dd. | Well No. 41 | tt. | Well No. 53 |
| o. | Well No. 21A | ee. | Well No. 42 | uu. | Well No. 53A |
| p. | Well No. 22 | ff. | Well No. 42A | vv. | Well No. 54 |
| q. | Well No. 23 | gg. | Well No. 43 | ww. | Well No. 54A |
| r. | Well No. 26 | hh. | Well No. 43A | xx. | Well No. 55 |
| s. | Well No. 26A | ii. | Well No. 45 | yy. | Well No. 56 |
| t. | Well No. 27 | jj. | Well No. 47 | zz. | Well No. 58 |
| u. | Well No. 29 | kk. | Well No. 47A | aaa. | Well No. 59 |
| v. | Well No. 29A | ll. | Well No. 48 | | |

## RESPONSE TO INTERROGATORY NO. 2:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Interrogatory as unduly burdensome. Specifically, this Interrogatory was served by Defendant simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendant. The City also objects that this Interrogatory is unreasonably duplicative of Interrogatory No. 1. The City further objects that this Interrogatory is unreasonably duplicative of similar interrogatories served on November 19, 2008 on behalf of Defendant titled *Defendants' Contention Interrogatories and Document Requests on Causation, Theories of Liability and Apportionment of Damages.*

The City also objects to this Interrogatory to the extent that it calls for premature disclosure of expert opinion, and seeks privileged attorney work product. The City further objects to this Interrogatory to the extent that topics related to this Interrogatory will be the subjects of expert testimony, which is governed by the rules concerning expert disclosures, relevant Court Orders and the Parties' agreements. The City further objects to this Interrogatory on the grounds that it seeks information that is equally available to Defendant, including, but not limited to, information from publicly available reports and databases, information contained in Defendant's own discovery responses and/or testimony given by Defendant's own witnesses in connection with this and/or similar litigation to which Defendant was and/or is a party.

The City further objects to this Interrogatory on the ground that a complete and accurate response might require analyses of additional spill reports and records, site remediation files, groundwater and plume modeling, and Defendant's expert analyses, which have not been fully produced by Defendant. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of Defendant's responses to the City's discovery requests, including without limitation responses related to product distribution, commingled product liability, alternative liability and other proof standards set forth in the Court's Orders, including but not limited to the Court's May 13, 2008 Summary Judgment Opinion in *County of Suffolk*, et al., *v. Amerada Hess Corp.* et al, 04 Civ. 5424, which have not been fully produced by Defendant. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of Defendant's responses to Court-ordered disclosures regarding product distribution, successor liability and other matters, which have not been fully responded to by Defendant. The City reserves its right to request that the Court order Defendant to answer its own Interrogatory to the extent it seeks information from the City which Defendant itself has withheld. *See, e.g.*, Case Management Order # 31 in *County of Suffolk*, et al., *v. Amerada Hess Corp.* et al, 04 Civ. 5424 and the October 31, 2007 MDL Hearing Transcript at pp. 68-71. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of documents responsive to recently issued third-party subpoenas by certain defendants to pipeline companies and others, which have not yet been responded to by the relevant third-parties. The City reserves its right to amend this Response as it receives this information.

The City further objects to this Interrogatory on the ground that it seeks the premature disclosure of the City's Exhibit Lists and Deposition Designations, before such disclosure is due in circumvention of Court Orders and the Parties' agreements and is also unduly burdensome and oppressive for that reason.

Subject to and without waiving its general and specific objections, the City responds as follows: the City refers Defendant to the Fourth Amended Complaint, which is incorporated by reference as if set forth in full here.

## INTERROGATORY NO. 3

Do you contend that gasoline containing MTBE manufactured by TOTAL at its Big Spring Refinery either could have or actually did cause or contribute to any of the alleged actual or threatened MTBE contamination at issue in this case? If your answer is anything other than an unqualified "no," please state the factual basis for your contention.

## RESPONSE TO INTERROGATORY NO. 3:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Interrogatory as unduly burdensome. Specifically, this Interrogatory was served by Defendant simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some

of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendant. The City also objects that this Interrogatory is unreasonably duplicative of similar interrogatories served on November 19, 2008 on behalf of Defendant titled *Defendants' Contention Interrogatories and Document Requests on Causation, Theories of Liability and Apportionment of Damages*.

The City also objects to this Interrogatory to the extent that it calls for premature disclosure of expert opinion, and seeks privileged attorney work product. The City further objects to this Interrogatory to the extent that topics related to this Interrogatory will be the subjects of expert testimony, which is governed by the rules concerning expert disclosures, relevant Court Orders and the Parties' agreements. The City further objects to this Interrogatory on the grounds that it seeks information that is equally available to Defendant, including, but not limited to, information from publicly available reports and databases, information contained in Defendant's own discovery responses and/or testimony given by Defendant's own witnesses in connection with this and/or similar litigation to which Defendant was and/or is a party.

The City further objects to this Interrogatory on the ground that a complete and accurate response might require analyses of additional spill reports and records, site remediation files, groundwater and plume modeling, and Defendant's expert analyses, which have not been fully produced by Defendant. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of Defendant's responses to the City's discovery requests, including without limitation responses related to product distribution, commingled product liability, alternative liability and other proof standards set forth in the Court's Orders, including but not limited to the Court's May 13, 2008 Summary Judgment Opinion in *County of Suffolk*, et al., *v. Amerada Hess Corp.* et al, 04 Civ. 5424, which have not been fully produced by Defendant. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of Defendant's responses to Court-ordered disclosures regarding product distribution, successor liability and other matters, which have not been fully responded to by Defendant. The City reserves its right to request that the Court order Defendant to answer its own Interrogatory to the extent it seeks information from the City which Defendant itself has withheld. *See, e.g.,* Case Management Order # 31 in *County of Suffolk*, et al., *v. Amerada Hess Corp.* et al, 04 Civ. 5424 and the October 31, 2007 MDL Hearing Transcript at pp. 68-71. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of documents responsive to recently issued third-party subpoenas by certain defendants to pipeline companies and others, which have not yet been responded to by the relevant third-parties. The City reserves its right to amend this Response as it receives this information.

The City further objects to this Interrogatory on the ground that it seeks the premature disclosure of the City's Exhibit Lists and Deposition Designations, before such disclosure is due in circumvention of Court Orders and the Parties' agreements and is also unduly burdensome and oppressive for that reason.

Subject to and without waiving its general and specific objections, the City responds as follows: the City refers Defendant to the Fourth Amended Complaint, which is incorporated by reference as if set forth in full here.

## INTERROGATORY NO. 4

If your answer to Interrogatory No. 3 is anything other than an unqualified "no," for each of the following wells in the Jamaica Water System geographic area, please state whether you contend the well has been or could have been contaminated or threatened with contamination by gasoline containing MTBE manufactured by TOTAL at its Big Spring Refinery, and state the factual basis for your contention.

| | | | | | |
|---|---|---|---|---|---|
| a. | Well No. 5 | s. | Well No. 26A | kk. | Well No. 47A |
| b. | Well No. 5A | t. | Well No. 27 | ll. | Well No. 48 |
| c. | Well No. 6 | u. | Well No. 29 | mm. | Well No. 48A. |
| d. | Well No. 6A | v. | Well No. 29A | nn. | Well No. 49 |
| e. | Well No. 6B | w. | Well No. 31 | oo. | Well No. 49A |
| f. | Well No. 6D | x. | Well No. 32 | pp. | Well No. 50 |
| g. | Well No. 7 | y. | Well No. 33 | qq. | Well No. 50A |
| h. | Well No. 7B | z. | Well No. 36 | rr. | Well No. 51 |
| i. | Well No. 10 | aa. | Well No. 37 | ss. | Well No. 52 |
| j. | Well No. 10A | bb. | Well No. 39 | tt. | Well No. 53 |
| k. | Well No. 13 | cc. | Well No. 39A | uu. | Well No. 53A |
| l. | Well No. 13A | dd. | Well No. 41 | vv. | Well No. 54 |
| m. | Well No. 18 | ee. | Well No. 42 | ww. | Well No. 54A |
| n. | Well No. 21 | ff. | Well No. 42A | xx. | Well No. 55 |
| o. | Well No. 21A | gg. | Well No. 43 | yy. | Well No. 56 |
| p. | Well No. 22 | hh. | Well No. 43A | zz. | Well No. 58 |
| q. | Well No. 23 | ii. | Well No. 45 | aaa. | Well No. 59 |
| r. | Well No. 26 | jj. | Well No. 47 | | |

## RESPONSE TO INTERROGATORY NO. 4:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Interrogatory as unduly burdensome. Specifically, this Interrogatory was served by Defendant simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendant. The City also objects that this Interrogatory is unreasonably duplicative of Interrogatory No. 3. The City further objects that this Interrogatory is unreasonably duplicative of similar interrogatories served on November 19, 2008 on behalf of Defendant titled *Defendants' Contention*

*Interrogatories and Document Requests on Causation, Theories of Liability and Apportionment of Damages.*

The City also objects to this Interrogatory to the extent that it calls for premature disclosure of expert opinion, and seeks privileged attorney work product. The City further objects to this Interrogatory to the extent that topics related to this Interrogatory will be the subjects of expert testimony, which is governed by the rules concerning expert disclosures, relevant Court Orders and the Parties' agreements. The City further objects to this Interrogatory on the grounds that it seeks information that is equally available to Defendant, including, but not limited to, information from publicly available reports and databases, information contained in Defendant's own discovery responses and/or testimony given by Defendant's own witnesses in connection with this and/or similar litigation to which Defendant was and/or is a party.

The City further objects to this Interrogatory on the ground that a complete and accurate response might require analyses of additional spill reports and records, site remediation files, groundwater and plume modeling, and Defendant's expert analyses, which have not been fully produced by Defendant. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of Defendant's responses to the City's discovery requests, including without limitation responses related to product distribution, commingled product liability, alternative liability and other proof standards set forth in the Court's Orders, including but not limited to the Court's May 13, 2008 Summary Judgment Opinion in *County of Suffolk*, et al., *v. Amerada Hess Corp.* et al, 04 Civ. 5424, which have not been fully produced by Defendant. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of Defendant's responses to Court-ordered disclosures regarding product distribution, successor liability and other matters, which have not been fully responded to by Defendant. The City reserves its right to request that the Court order Defendant to answer its own Interrogatory to the extent it seeks information from the City which Defendant itself has withheld. *See, e.g.*, Case Management Order # 31 in *County of Suffolk*, et al., *v. Amerada Hess Corp.* et al, 04 Civ. 5424 and the October 31, 2007 MDL Hearing Transcript at pp. 68-71. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of documents responsive to recently issued third-party subpoenas by certain defendants to pipeline companies and others, which have not yet been responded to by the relevant third-parties. The City reserves its right to amend this Response as it receives this information.

The City further objects to this Interrogatory on the ground that it seeks the premature disclosure of the City's Exhibit Lists and Deposition Designations, before such disclosure is due in circumvention of Court Orders and the Parties' agreements and is also unduly burdensome and oppressive for that reason.

Subject to and without waiving its general and specific objections, the City responds as follows: the City refers Defendant to the Fourth Amended Complaint, which is incorporated by reference as if set forth in full here.

## INTERROGATORY NO. 5

Do you contend that gasoline containing MTBE blended by TOTAL at its New Jersey Operations either could have or actually did cause or contribute to any of the alleged actual or threatened MTBE contamination at issue in this case? If your answer is anything other than an unqualified "no," please state the factual basis for your contention.

## RESPONSE TO INTERROGATORY NO. 5:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Interrogatory as unduly burdensome. Specifically, this Interrogatory was served by Defendant simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendant. The City also objects that this Interrogatory is unreasonably duplicative of similar interrogatories served on November 19, 2008 on behalf of Defendant titled *Defendants' Contention Interrogatories and Document Requests on Causation, Theories of Liability and Apportionment of Damages.*

The City also objects to this Interrogatory to the extent that it calls for premature disclosure of expert opinion, and seeks privileged attorney work product. The City further objects to this Interrogatory to the extent that topics related to this Interrogatory will be the subjects of expert testimony, which is governed by the rules concerning expert disclosures, relevant Court Orders and the Parties' agreements. The City further objects to this Interrogatory on the grounds that it seeks information that is equally available to Defendant, including, but not limited to, information from publicly available reports and databases, information contained in Defendant's own discovery responses and/or testimony given by Defendant's own witnesses in connection with this and/or similar litigation to which Defendant was and/or is a party.

The City further objects to this Interrogatory on the ground that a complete and accurate response might require analyses of additional spill reports and records, site remediation files, groundwater and plume modeling, and Defendant's expert analyses, which have not been fully produced by Defendant. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of Defendant's responses to the City's discovery requests, including without limitation responses related to product distribution, commingled product liability, alternative liability and other proof standards set forth in the Court's Orders, including but not limited to the Court's May 13, 2008 Summary Judgment Opinion in *County of Suffolk*, et al., *v. Amerada Hess Corp.* et al, 04 Civ. 5424, which have not been fully produced by Defendant. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of Defendant's responses to Court-ordered disclosures regarding product distribution, successor liability and other matters, which have not been fully responded to by Defendant. The City reserves its right to request that the

Court order Defendant to answer its own Interrogatory to the extent it seeks information from the City which Defendant itself has withheld. *See, e.g.*, Case Management Order # 31 in *County of Suffolk*, et al., *v. Amerada Hess Corp.* et al, 04 Civ. 5424 and the October 31, 2007 MDL Hearing Transcript at pp. 68-71. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of documents responsive to recently issued third-party subpoenas by certain defendants to pipeline companies and others, which have not yet been responded to by the relevant third-parties. The City reserves its right to amend this Response as it receives this information.

The City further objects to this Interrogatory on the ground that it seeks the premature disclosure of the City's Exhibit Lists and Deposition Designations, before such disclosure is due in circumvention of Court Orders and the Parties' agreements and is also unduly burdensome and oppressive for that reason.

Subject to and without waiving its general and specific objections, the City responds as follows: the City refers Defendant to the Fourth Amended Complaint, which is incorporated by reference as if set forth in full here.

## INTERROGATORY NO. 6

If your answer to Interrogatory No. 5 is anything other than an unqualified "no," for each of the following wells in the Jamaica Water System geographic area, please state whether you contend the well has been or could have been contaminated or threatened with contamination by gasoline containing MTBE blended by TOTAL at its New Jersey Operations, and state the factual basis for your contention.

| | | | | | |
|---|---|---|---|---|---|
| a. | Well No. 5 | s. | Well No. 26A | kk. | Well No. 47A |
| b. | Well No. 5A | t. | Well No. 27 | ll. | Well No. 48 |
| c. | Well No. 6 | u. | Well No. 29 | mm. | Well No. 48A. |
| d. | Well No. 6A | v. | Well No. 29A | nn. | Well No. 49 |
| e. | Well No. 6B | w. | Well No. 31 | oo. | Well No. 49A |
| f. | Well No. 6D | x. | Well No. 32 | pp. | Well No. 50 |
| g. | Well No. 7 | y. | Well No. 33 | qq. | Well No. 50A |
| h. | Well No. 7B | z. | Well No. 36 | rr. | Well No. 51 |
| i. | Well No. 10 | aa. | Well No. 37 | ss. | Well No. 52 |
| j. | Well No. 10A | bb. | Well No. 39 | tt. | Well No. 53 |
| k. | Well No. 13 | cc. | Well No. 39A | uu. | Well No. 53A |
| l. | Well No. 13A | dd. | Well No. 41 | vv. | Well No. 54 |
| m. | Well No. 18 | ee. | Well No. 42 | ww. | Well No. 54A |
| n. | Well No. 21 | ff. | Well No. 42A | xx. | Well No. 55 |
| o. | Well No. 21A | gg. | Well No. 43 | yy. | Well No. 56 |
| p. | Well No. 22 | hh. | Well No. 43A | zz. | Well No. 58 |
| q. | Well No. 23 | ii. | Well No. 45 | aaa. | Well No. 59 |
| r. | Well No. 26 | jj. | Well No. 47 | | |

**RESPONSE TO INTERROGATORY NO. 6:**

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Interrogatory as unduly burdensome. Specifically, this Interrogatory was served by Defendant simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendant. The City also objects that this Interrogatory is unreasonably duplicative of Interrogatory No. 5. The City further objects that this Interrogatory is unreasonably duplicative of similar interrogatories served on November 19, 2008 on behalf of Defendant titled *Defendants' Contention Interrogatories and Document Requests on Causation, Theories of Liability and Apportionment of Damages.*

The City also objects to this Interrogatory to the extent that it calls for premature disclosure of expert opinion, and seeks privileged attorney work product. The City further objects to this Interrogatory to the extent that topics related to this Interrogatory will be the subjects of expert testimony, which is governed by the rules concerning expert disclosures, relevant Court Orders and the Parties' agreements. The City further objects to this Interrogatory on the grounds that it seeks information that is equally available to Defendant, including, but not limited to, information from publicly available reports and databases, information contained in Defendant's own discovery responses and/or testimony given by Defendant's own witnesses in connection with this and/or similar litigation to which Defendant was and/or is a party.

The City further objects to this Interrogatory on the ground that a complete and accurate response might require analyses of additional spill reports and records, site remediation files, groundwater and plume modeling, and Defendant's expert analyses, which have not been fully produced by Defendant. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of Defendant's responses to the City's discovery requests, including without limitation responses related to product distribution, commingled product liability, alternative liability and other proof standards set forth in the Court's Orders, including but not limited to the Court's May 13, 2008 Summary Judgment Opinion in *County of Suffolk*, et al., *v. Amerada Hess Corp.* et al, 04 Civ. 5424, which have not been fully produced by Defendant. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of Defendant's responses to Court-ordered disclosures regarding product distribution, successor liability and other matters, which have not been fully responded to by Defendant. The City reserves its right to request that the Court order Defendant to answer its own Interrogatory to the extent it seeks information from the City which Defendant itself has withheld. *See, e.g.,* Case Management Order # 31 in *County of Suffolk*, et al., *v. Amerada Hess Corp.* et al, 04 Civ. 5424 and the October 31, 2007 MDL Hearing Transcript at pp. 68-71. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of documents responsive to recently

issued third-party subpoenas by certain defendants to pipeline companies and others, which have not yet been responded to by the relevant third-parties. The City reserves its right to amend this Response as it receives this information.

The City further objects to this Interrogatory on the ground that it seeks the premature disclosure of the City's Exhibit Lists and Deposition Designations, before such disclosure is due in circumvention of Court Orders and the Parties' agreements and is also unduly burdensome and oppressive for that reason.

Subject to and without waiving its general and specific objections, the City responds as follows: the City refers Defendant to the Fourth Amended Complaint, which is incorporated by reference as if set forth in full here.

## INTERROGATORY NO. 7

Do you contend that gasoline containing MTBE imported by TOTAL at its New Jersey Operations either could have or actually did cause or contribute to any of the alleged actual or threatened MTBE contamination at issue in this case? If your answer is anything other than an unqualified "no," please state the factual basis for your contention.

## RESPONSE TO INTERROGATORY NO. 7:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Interrogatory as unduly burdensome. Specifically, this Interrogatory was served by Defendant simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendant. The City also objects that this Interrogatory is unreasonably duplicative of similar interrogatories served on November 19, 2008 on behalf of Defendant titled *Defendants' Contention Interrogatories and Document Requests on Causation, Theories of Liability and Apportionment of Damages.*

The City also objects to this Interrogatory to the extent that it calls for premature disclosure of expert opinion, and seeks privileged attorney work product. The City further objects to this Interrogatory to the extent that topics related to this Interrogatory will be the subjects of expert testimony, which is governed by the rules concerning expert disclosures, relevant Court Orders and the Parties' agreements. The City further objects to this Interrogatory on the grounds that it seeks information that is equally available to Defendant, including, but not limited to, information from publicly available reports and databases, information contained in Defendant's own discovery responses and/or testimony given by Defendant's own witnesses in connection with this and/or similar litigation to which Defendant was and/or is a party.

The City further objects to this Interrogatory on the ground that a complete and accurate response might require analyses of additional spill reports and records, site remediation files, groundwater and plume modeling, and Defendant's expert analyses, which have not been fully produced by Defendant. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of Defendant's responses to the City's discovery requests, including without limitation responses related to product distribution, commingled product liability, alternative liability and other proof standards set forth in the Court's Orders, including but not limited to the Court's May 13, 2008 Summary Judgment Opinion in *County of Suffolk*, et al., *v. Amerada Hess Corp.* et al, 04 Civ. 5424, which have not been fully produced by Defendant. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of Defendant's responses to Court-ordered disclosures regarding product distribution, successor liability and other matters, which have not been fully responded to by Defendant. The City reserves its right to request that the Court order Defendant to answer its own Interrogatory to the extent it seeks information from the City which Defendant itself has withheld. *See, e.g.*, Case Management Order # 31 in *County of Suffolk*, et al., *v. Amerada Hess Corp.* et al, 04 Civ. 5424 and the October 31, 2007 MDL Hearing Transcript at pp. 68-71. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of documents responsive to recently issued third-party subpoenas by certain defendants to pipeline companies and others, which have not yet been responded to by the relevant third-parties. The City reserves its right to amend this Response as it receives this information.

The City further objects to this Interrogatory on the ground that it seeks the premature disclosure of the City's Exhibit Lists and Deposition Designations, before such disclosure is due in circumvention of Court Orders and the Parties' agreements and is also unduly burdensome and oppressive for that reason.

Subject to and without waiving its general and specific objections, the City responds as follows: the City refers Defendant to the Fourth Amended Complaint, which is incorporated by reference as if set forth in full here.

## INTERROGATORY NO. 8

If your answer to Interrogatory No. 7 is anything other than an unqualified "no," for each of the following wells in the Jamaica Water System geographic area, please state whether you contend the well has been or could have been contaminated or threatened with contamination by gasoline containing MTBE imported by TOTAL at its New Jersey Operations, and state the factual basis for your contention.

| | | | | | |
|---|---|---|---|---|---|
| a. | Well No. 5 | h. | Well No. 7B | o. | Well No. 21A |
| b. | Well No. 5A | i. | Well No. 10 | p. | Well No. 22 |
| c. | Well No. 6 | j. | Well No. 10A | q. | Well No. 23 |
| d. | Well No. 6A | k. | Well No. 13 | r. | Well No. 26 |
| e. | Well No. 6B | l. | Well No. 13A | s. | Well No. 26A |
| f. | Well No. 6D | m. | Well No. 18 | t. | Well No. 27 |
| g. | Well No. 7 | n. | Well No. 21 | u. | Well No. 29 |

| v. | Well No. 29A | gg. | Well No. 43 | rr. | Well No. 51 |
| w. | Well No. 31 | hh. | Well No. 43A | ss. | Well No. 52 |
| x. | Well No. 32 | ii. | Well No. 45 | tt. | Well No. 53 |
| y. | Well No. 33 | jj. | Well No. 47 | uu. | Well No. 53A |
| z. | Well No. 36 | kk. | Well No. 47A | vv. | Well No. 54 |
| aa. | Well No. 37 | ll. | Well No. 48 | ww. | Well No. 54A |
| bb. | Well No. 39 | mm. | Well No. 48A. | xx. | Well No. 55 |
| cc. | Well No. 39A | nn. | Well No. 49 | yy. | Well No. 56 |
| dd. | Well No. 41 | oo. | Well No. 49A | zz. | Well No. 58 |
| ee. | Well No. 42 | pp. | Well No. 50 | aaa. | Well No. 59 |
| ff. | Well No. 42A | qq. | Well No. 50A | | |

## RESPONSE TO INTERROGATORY NO. 8:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Interrogatory as unduly burdensome. Specifically, this Interrogatory was served by Defendant simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendant. The City also objects that this Interrogatory is unreasonably duplicative of Interrogatory No. 7. The City further objects that this Interrogatory is unreasonably duplicative of similar interrogatories served on November 19, 2008 on behalf of Defendant titled *Defendants' Contention Interrogatories and Document Requests on Causation, Theories of Liability and Apportionment of Damages*.

The City also objects to this Interrogatory to the extent that it calls for premature disclosure of expert opinion, and seeks privileged attorney work product. The City further objects to this Interrogatory to the extent that topics related to this Interrogatory will be the subjects of expert testimony, which is governed by the rules concerning expert disclosures, relevant Court Orders and the Parties' agreements. The City further objects to this Interrogatory on the grounds that it seeks information that is equally available to Defendant, including, but not limited to, information from publicly available reports and databases, information contained in Defendant's own discovery responses and/or testimony given by Defendant's own witnesses in connection with this and/or similar litigation to which Defendant was and/or is a party.

The City further objects to this Interrogatory on the ground that a complete and accurate response might require analyses of additional spill reports and records, site remediation files, groundwater and plume modeling, and Defendant's expert analyses, which have not been fully produced by Defendant. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of Defendant's responses to the City's discovery requests, including without limitation responses related to product distribution,

commingled product liability, alternative liability and other proof standards set forth in the Court's Orders, including but not limited to the Court's May 13, 2008 Summary Judgment Opinion in *County of Suffolk*, et al., *v. Amerada Hess Corp.* et al, 04 Civ. 5424, which have not been fully produced by Defendant. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of Defendant's responses to Court-ordered disclosures regarding product distribution, successor liability and other matters, which have not been fully responded to by Defendant. The City reserves its right to request that the Court order Defendant to answer its own Interrogatory to the extent it seeks information from the City which Defendant itself has withheld. *See, e.g.,* Case Management Order # 31 in *County of Suffolk*, et al., *v. Amerada Hess Corp.* et al, 04 Civ. 5424 and the October 31, 2007 MDL Hearing Transcript at pp. 68-71. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of documents responsive to recently issued third-party subpoenas by certain defendants to pipeline companies and others, which have not yet been responded to by the relevant third-parties. The City reserves its right to amend this Response as it receives this information.

The City further objects to this Interrogatory on the ground that it seeks the premature disclosure of the City's Exhibit Lists and Deposition Designations, before such disclosure is due in circumvention of Court Orders and the Parties' agreements and is also unduly burdensome and oppressive for that reason.

Subject to and without waiving its general and specific objections, the City responds as follows: the City refers Defendant to the Fourth Amended Complaint, which is incorporated by reference as if set forth in full here.

## INTERROGATORY NO. 9

Do you contend that gasoline containing MTBE either sold or distributed by TOTAL either could have or actually did cause or contribute to any of the alleged actual or threatened MTBE contamination at issue in this case? If your answer is anything other than an unqualified "no," please state the factual basis for your contention.

## RESPONSE TO INTERROGATORY NO. 9:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Interrogatory as unduly burdensome. Specifically, this Interrogatory was served by Defendant simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendant. The City also objects that this Interrogatory is unreasonably duplicative of similar interrogatories served on

November 19, 2008 on behalf of Defendant titled *Defendants' Contention Interrogatories and Document Requests on Causation, Theories of Liability and Apportionment of Damages.*

The City also objects to this Interrogatory to the extent that it calls for premature disclosure of expert opinion, and seeks privileged attorney work product. The City further objects to this Interrogatory to the extent that topics related to this Interrogatory will be the subjects of expert testimony, which is governed by the rules concerning expert disclosures, relevant Court Orders and the Parties' agreements. The City further objects to this Interrogatory on the grounds that it seeks information that is equally available to Defendant, including, but not limited to, information from publicly available reports and databases, information contained in Defendant's own discovery responses and/or testimony given by Defendant's own witnesses in connection with this and/or similar litigation to which Defendant was and/or is a party.

The City further objects to this Interrogatory on the ground that a complete and accurate response might require analyses of additional spill reports and records, site remediation files, groundwater and plume modeling, and Defendant's expert analyses, which have not been fully produced by Defendant. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of Defendant's responses to the City's discovery requests, including without limitation responses related to product distribution, commingled product liability, alternative liability and other proof standards set forth in the Court's Orders, including but not limited to the Court's May 13, 2008 Summary Judgment Opinion in *County of Suffolk*, et al., *v. Amerada Hess Corp.* et al, 04 Civ. 5424, which have not been fully produced by Defendant. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of Defendant's responses to Court-ordered disclosures regarding product distribution, successor liability and other matters, which have not been fully responded to by Defendant. The City reserves its right to request that the Court order Defendant to answer its own Interrogatory to the extent it seeks information from the City which Defendant itself has withheld. *See, e.g.*, Case Management Order # 31 in *County of Suffolk*, et al., *v. Amerada Hess Corp.* et al, 04 Civ. 5424 and the October 31, 2007 MDL Hearing Transcript at pp. 68-71. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of documents responsive to recently issued third-party subpoenas by certain defendants to pipeline companies and others, which have not yet been responded to by the relevant third-parties. The City reserves its right to amend this Response as it receives this information.

The City further objects to this Interrogatory on the ground that it seeks the premature disclosure of the City's Exhibit Lists and Deposition Designations, before such disclosure is due in circumvention of Court Orders and the Parties' agreements and is also unduly burdensome and oppressive for that reason.

Subject to and without waiving its general and specific objections, the City responds as follows: the City refers Defendant to the Fourth Amended Complaint, which is incorporated by reference as if set forth in full here.

## INTERROGATORY NO. 10

If your answer to Interrogatory No. 9 is anything other than an unqualified "no," for each of the following wells in the Jamaica Water System geographic area, please state whether you contend the well has been or could have been contaminated or threatened with contamination by gasoline containing MTBE either sold or distributed by TOTAL Defendants, and state the factual basis for your contention.

| | | | | | |
|---|---|---|---|---|---|
| a. | Well No. 5 | s. | Well No. 26A | kk. | Well No. 47A |
| b. | Well No. 5A | t. | Well No. 27 | ll. | Well No. 48 |
| c. | Well No. 6 | u. | Well No. 29 | mm. | Well No. 48A. |
| d. | Well No. 6A | v. | Well No. 29A | nn. | Well No. 49 |
| e. | Well No. 6B | w. | Well No. 31 | oo. | Well No. 49A |
| f. | Well No. 6D | x. | Well No. 32 | pp. | Well No. 50 |
| g. | Well No. 7 | y. | Well No. 33 | qq. | Well No. 50A |
| h. | Well No. 7B | z. | Well No. 36 | rr. | Well No. 51 |
| i. | Well No. 10 | aa. | Well No. 37 | ss. | Well No. 52 |
| j. | Well No. 10A | bb. | Well No. 39 | tt. | Well No. 53 |
| k. | Well No. 13 | cc. | Well No. 39A | uu. | Well No. 53A |
| l. | Well No. 13A | dd. | Well No. 41 | vv. | Well No. 54 |
| m. | Well No. 18 | ee. | Well No. 42 | ww. | Well No. 54A |
| n. | Well No. 21 | ff. | Well No. 42A | xx. | Well No. 55 |
| o. | Well No. 21A | gg. | Well No. 43 | yy. | Well No. 56 |
| p. | Well No. 22 | hh. | Well No. 43A | zz. | Well No. 58 |
| q. | Well No. 23 | ii. | Well No. 45 | aaa. | Well No. 59 |
| r. | Well No. 26 | jj. | Well No. 47 | | |

## RESPONSE TO INTERROGATORY NO. 10:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Interrogatory as unduly burdensome. Specifically, this Interrogatory was served by Defendant simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendant. The City also objects that this Interrogatory is unreasonably duplicative of Interrogatory No. 9. The City further objects that this Interrogatory is unreasonably duplicative of similar interrogatories served on November 19, 2008 on behalf of Defendant titled *Defendants' Contention Interrogatories and Document Requests on Causation, Theories of Liability and Apportionment of Damages*.

The City also objects to this Interrogatory to the extent that it calls for premature disclosure of expert opinion, and seeks privileged attorney work product. The City further objects to this Interrogatory to the extent that topics related to this Interrogatory will be the subjects of expert testimony, which is governed by the rules concerning expert disclosures, relevant Court Orders and the Parties' agreements. The City further objects to this Interrogatory on the grounds that it seeks information that is equally available to Defendant, including, but not limited to, information from publicly available reports and databases, information contained in Defendant's own discovery responses and/or testimony given by Defendant's own witnesses in connection with this and/or similar litigation to which Defendant was and/or is a party.

The City further objects to this Interrogatory on the ground that a complete and accurate response might require analyses of additional spill reports and records, site remediation files, groundwater and plume modeling, and Defendant's expert analyses, which have not been fully produced by Defendant. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of Defendant's responses to the City's discovery requests, including without limitation responses related to product distribution, commingled product liability, alternative liability and other proof standards set forth in the Court's Orders, including but not limited to the Court's May 13, 2008 Summary Judgment Opinion in *County of Suffolk*, et al., *v. Amerada Hess Corp.* et al, 04 Civ. 5424, which have not been fully produced by Defendant. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of Defendant's responses to Court-ordered disclosures regarding product distribution, successor liability and other matters, which have not been fully responded to by Defendant. The City reserves its right to request that the Court order Defendant to answer its own Interrogatory to the extent it seeks information from the City which Defendant itself has withheld. *See, e.g.*, Case Management Order # 31 in *County of Suffolk*, et al., *v. Amerada Hess Corp.* et al, 04 Civ. 5424 and the October 31, 2007 MDL Hearing Transcript at pp. 68-71. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of documents responsive to recently issued third-party subpoenas by certain defendants to pipeline companies and others, which have not yet been responded to by the relevant third-parties. The City reserves its right to amend this Response as it receives this information.

The City further objects to this Interrogatory on the ground that it seeks the premature disclosure of the City's Exhibit Lists and Deposition Designations, before such disclosure is due in circumvention of Court Orders and the Parties' agreements and is also unduly burdensome and oppressive for that reason.

Subject to and without waiving its general and specific objections, the City responds as follows: the City refers Defendant to the Fourth Amended Complaint, which is incorporated by reference as if set forth in full here.

## INTERROGATORY NO. 11

Do you contend that TOTAL ever owned or operated a retail service station in the RGA? If your answer is anything other than an unqualified "no," please state the factual basis for your contention.

## RESPONSE TO INTERROGATORY NO. 11:

In addition to its General Objections and Limitations which are incorporated herein by reference, the City objects to this Interrogatory as unduly burdensome. Specifically, this Interrogatory was served by Defendant simultaneously with 12 other sets of Contention Interrogatories, Requests for Admission and Document Requests served by other defendants on November 18, 2008 and November 19, 2008. Collectively, this massive and unreasonable volume of the discovery contains over 240 separate interrogatories, requests for admission and document requests, some of which contain over 50 subparts each and which ask about facts contained in millions of pages of documents and the testimony of hundreds of witnesses, comprising tens of thousands of pages of deposition and other testimony. The City further objects that it requested a reasonable extension that was inappropriately and unreasonably refused by Defendant. The City further objects to the phrase "ever owned or operated" as vague, confusing and ambiguous.

The City also objects to this Interrogatory to the extent that it calls for premature disclosure of expert opinion, and seeks privileged attorney work product. The City further objects to this Interrogatory to the extent that topics related to this Interrogatory will be the subjects of expert testimony, which is governed by the rules concerning expert disclosures, relevant Court Orders and the Parties' agreements. The City further objects to this Interrogatory on the grounds that it seeks information that is equally available to Defendant, including, but not limited to, information from publicly available reports and databases, information contained in Defendant's own discovery responses and/or testimony given by Defendant's own witnesses in connection with this and/or similar litigation to which Defendant was and/or is a party.

The City further objects to this Interrogatory on the ground that a complete and accurate response might require analyses of additional spill reports and records, site remediation files, groundwater and plume modeling, and Defendant's expert analyses, which have not been fully produced by Defendant. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of Defendant's responses to the City's discovery requests, including without limitation responses related to product distribution, commingled product liability, alternative liability and other proof standards set forth in the Court's Orders, including but not limited to the Court's May 13, 2008 Summary Judgment Opinion in *County of Suffolk*, et al., *v. Amerada Hess Corp.* et al, 04 Civ. 5424, which have not been fully produced by Defendant. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of Defendant's responses to Court-ordered disclosures regarding product distribution, successor liability and other matters, which have not been fully responded to by Defendant. The City reserves its right to request that the Court order Defendant to answer its own Interrogatory to the extent it seeks information from the City which Defendant itself has withheld. *See, e.g.*, Case Management Order # 31 in *County of Suffolk*, et al., *v. Amerada Hess Corp.* et al, 04 Civ. 5424 and the October 31, 2007 MDL Hearing Transcript at pp. 68-71. The City also objects to this Interrogatory on the grounds that a complete and accurate response might require analyses of documents responsive to recently issued third-party subpoenas by certain defendants to pipeline companies and others, which have not yet been responded to by the relevant third-parties. The City reserves its right to amend this Response as it receives this information.