

THE CITY OF NEW YORK

MICHAEL A. CARDOZO
Corporation Counsel

# LAW DEPARTMENT

100 CHURCH STREET
NEW YORK, N.Y. 10007-2601

AMANDA C. GOAD
phone: (212) 788-1145
fax: (212) 788-1619
email: agoad@law.nyc.gov

March 26, 2009

**VIA E-MAIL AND HAND DELIVERY**

Hon. Shira A. Scheindlin
United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:  *City of New York v. Amerada Hess Corp., et al.*, 04 Civ. 3417 (SDNY)

Dear Judge Scheindlin:

    In accordance with the direction your Honor provided at the February 26, 2009, MDL Status Conference in this matter, please find attached the City of New York's Proposed Order concerning the Shell Defendants' waiver of privilege claims for certain categories of documents listed on their most recent privilege logs. For the Court's convenience, the City's Proposed Order is provided in both a portable document format and an editable Microsoft Word format. We have also attached, as Proposed Exhibit "A" to the City's Proposed Order, a spreadsheet listing all of the entries on Shell's most recent set of privilege logs for which, in accordance with your Honor's ruling at the February 26 conference, privilege has been waived.

    As your Honor noted at the Status Conference, a finding that the Shell Defendants have waived some of their privilege claims is warranted by their repeated failure to provide timely, complete, or accurate privilege logs over a period of more than three years. *See, e.g.*, *Rahman v. Smith & Wollensky Rest. Group, Inc.*, 2007 U.S. Dist. LEXIS 37642 (S.D.N.Y. May 24, 2007); *FG Hemisphere Assocs., LLC, v. Republique du Congo*, 2005 U.S. LEXIS 3523 (S.D.N.Y. March 8, 2005); *AIA Holdings, S.A. v. Lehman Bros.*, 2000 U.S. Dist. LEXIS 15141 (S.D.N.Y. Oct. 17, 2000); *Hurst v. F. W. Woolworth Co.*, 1997 WL 61051 (S.D.N.Y. Feb. 11, 1997); *PKFinans Int'l Corp. v. IBJ Schroder Leasing Corp.*, 1996 U.S. Dist. LEXIS 13505 (S.D.N.Y. Sept. 17, 1996); *Allstate Life Ins. Co. v. First Trust Nat'l Ass'n*, 1993 U.S. Dist. LEXIS 5461 (S.D.N.Y. April 27, 1993); *Lopez v. City of New York*, 2007 U.S. Dist. LEXIS

Honorable Shira A. Scheindlin
March 26, 2009

19694 (E.D.N.Y. March 20, 2007); *see also Dorf & Stanton Communs. v. Molson Breweries*, 100 F.3d 919 (2d Cir. 1996). The cascade of failures documented in the City's Proposed Order have rendered the Shell Defendants' privilege logs unworkable and untrustworthy, and the sanction of partial waiver is therefore appropriate.

Consistent with your Honor's instructions at the last conference, the City on March 10 afforded counsel for the Shell Defendants an opportunity to review a draft version of Proposed Exhibit A, and has corrected several clerical errors pointed out by Shell's counsel in March 17 and March 24 communications.

The City reserves its right, if necessary, to challenge the substantive validity of the Shell Defendants' privilege claims for specific documents not listed on Proposed Exhibit A.

Please contact either me, at the address and telephone number above, or Susan Amron, at samron@law.nyc.gov and (212) 788-1578, if the Court requires any additional information.

Respectfully submitted,

*[signature]*

Amanda C. Goad
Assistant Corporation Counsel
Environmental Law Division


C (via e-mail):  Richard Wallace, Esq., Counsel for the Shell Defendants
Special Master Kenneth E. Warner
All counsel (via Liaison Counsel)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In Re: Methyl Tertiary Butyl Ether ("MTBE")
Products Liability Litigation

This document relates to:

*City of New York v. Amerada Hess et al.*
04-CIV-3417 (SAS)

**PROPOSED ORDER**

Master File No. 1:00-1898
MDL 1358 (SAS)
M21-88

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

BACKGROUND:

1. The Shell Defendants[1] initially produced a privilege log for their "Phase I" document production to all Plaintiffs in the previous MTBE multi-district litigation in 2001. The log purported to reflect all documents withheld or redacted on the basis of privilege from a large repository of documents made available to Plaintiffs for review at Shell's Houston headquarters in 2001. This initial Phase I log contained hundreds of thousands of entries, many corresponding to documents that Shell later acknowledged to be non-responsive and irrelevant.

2. This Court set forth its specific expectations regarding privilege logs for the instant litigation in an Order dated August 1, 2005. In that Order, defendants Irving Oil Corporation and Irving Oil Limited were deemed to have waived privilege for documents whose author or addressee they had not disclosed on the privilege log at issue, and were ordered to produce a revised privilege log that disclosed the nature of the advice provided and the roles of the

---

[1] Shell Oil Company; Shell Oil Products Company; Shell Oil Products Company, LLC; Shell Petroleum, Inc.; Shell Trading (US) Company; TMR Company; Texaco Refining and Marketing, Inc.; Texaco Refining and Marketing (East), Inc.; Equilon Enterprises, LLC; and Motiva Enterprises, LLC.

individuals listed as authors and addressees for all documents withheld on the basis of alleged attorney-client privilege.

3. After Plaintiffs noted deficiencies in the 2001 Phase I log, the Shell Defendants produced a revised privilege log for their Phase I production in February 2006.

4. At the MDL status conference on January 30, 2007,[2] this Court ordered all parties to produce complete privilege logs by February 20, 2007, and warned that failure to do so would result in waiver of privilege.

5. The Shell Defendants produced another revised privilege log for the Phase I production on February 20, 2007. Also on February 20, 2007, the Shell Defendants produced for the first time a privilege log for their separate "Phase II" document repository, which had been made available to Plaintiffs at least one year earlier.

6. Plaintiffs then informed the Shell Defendants and this Court that the February 20, 2007 logs contained numerous deficiencies, including hundreds of entries for which no identifying information was provided and thousands of entries for which the date, author's name, and/or addressee's name were not provided.

7. At the March 20, 2007 MDL status conference, the Shell Defendants acknowledged that approximately 10,000 entries on their February 20, 2007 privilege logs were incomplete, and requested another opportunity to revise their Phase II privilege log. This Court granted the request and ordered the Shell Defendants to produce a complete and corrected Phase II privilege log, in specified installments, by May 1, 2007. *See also* Case Management Order # 26, dated March 26, 2007 ("CMO 26"), at ¶ 2 ("Any insufficient assertions of privilege will constitute a waiver of privilege. No further extensions will be granted as to…[the Phase II] log.")

---

[2] *See also* Case Management Order # 23, dated February 5, 2007.

8. Also at the March 20, 2007 Status Conference, this Court noted that the Shell Defendants' privilege claims for two entries from the February 20, 2007 Phase I log presented by Plaintiffs as examples appeared to be invalid, because the Shell Defendants had asserted attorney-client privilege for these documents, but neither entry cited as an author or addressee any of the names on the attorney list the Shell Defendants produced in conjunction with the logs.

9. Shell produced a revised Phase II log in the specified installments on March 30, April 17, and May 1, 2007.

10. On April 26, 2007, plaintiffs Suffolk County Water Authority, County of Suffolk, and United Water New York ("Suffolk Plaintiffs") moved to compel discovery of the Shell Defendants, seeking waiver of privilege for several categories of documents listed on the Shell Defendants' February 20, 2007 Phase I log and the installments of the Phase II log produced on March 30 and April 17. The grounds for this motion included the continued presence of thousands of blank and incomplete entries on the logs and the addition of thousands of new entries omitted from the initial Phase II log.

11. The Court referred the privilege log concerns raised by Plaintiffs at the March 20, 2007 MDL status conference, and the Suffolk Plaintiffs' Motion to Compel Discovery, to Special Master Kenneth Warner. During the late spring of 2007, Special Master Warner conducted an *in camera* review of a subset of the documents listed on the Shell Defendants' Spring 2007 privilege logs.[3] He found an error rate of more than 70% for the documents reviewed.

12. At the MDL status conference on June 19, 2007, this Court noted that deficiencies in the Shell Defendants' privilege logs to that date warranted waiver of privilege, but exercised its discretion to permit the Shell Defendants another opportunity to correct their logs.

---

[3] *See* CMO 26, ¶ 1.

13. During the summer and fall of 2007, the Shell Defendants elected to produce tens of thousands of documents listed on the Spring 2007 logs rather than defend their previous claims that those documents were privileged.

14. On October 29, 2007, Special Master Warner issued Pre-Trial Order # 38 ("PTO 38"), which granted in part Plaintiffs' motion to compel discovery and found that the Shell Defendants had "failed to comply with the Court's discovery orders in substantial part." PTO 38 deemed the Shell Defendants to have waived their claims of privilege for certain documents insufficiently described on the Spring 2007 privilege logs, and ordered them to produce those documents.

15. The Shell Defendants entered into a series of stipulations with the Suffolk Plaintiffs that extended the Shell Defendants' time to seek reconsideration of PTO 38. In April 2008, the Suffolk Plaintiffs and Shell Defendants jointly requested that PTO 38 be vacated due to the impending settlement of the Suffolk Plaintiffs' cases. As a result, the Shell Defendants never produced to Plaintiffs the documents for which their privilege claims were deemed waived by PTO 38.

16. On May 5, 2008, Plaintiff City of New York ("City") asked Special Master Warner to modify or reinstate PTO 38 so that its finding of waiver would also apply in the City's case. On May 16, 2008, the Shell Defendants produced to the City a revised set of privilege logs. On May 19, 2008, the Shell Defendants produced to the City another revised set of privilege logs superseding the May 16 logs and containing a total of approximately 43,000 entries.

17. On May 22, 2008, the City moved to compel discovery of the Shell Defendants, seeking a determination that the finding of waiver in PTO 38 was also applicable to its case. Special Master Warner denied the motion in Pre-Trial Order # 42, dated December 9, 2008, which

held that any future evaluation of the Shell Defendants' compliance with privilege log requirements should be based on the May 19, 2008 set of logs.

18. On January 7, 2009, the City wrote to this Court requesting *in camera* review of a subset of documents referenced in the May 19, 2008 set of logs, based on the City's discovery of two documents listed on the logs that the Shell Defendants had previously produced to plaintiffs in this MDL or in prior litigation.

19. This Court, at the January 15, 2009 MDL status conference, instructed the City to select 200 entries for *in camera* review of the underlying documents, as a "test" of the May 19, 2008 logs' accuracy.[4]

20. The City provided the Shell Defendants with a list of approximately 200 entries from the May 19, 2008 logs on January 23, 2009. In their response, the Shell Defendants acknowledged that 95 of the documents selected by the City should not have been listed on the logs; 81 had been produced to Plaintiffs in 2007 but were not removed from the May 19, 2008 logs, and the Shell Defendants newly elected to produce 14 additional documents rather than defend their previous claims of privilege.

21. On February 20, 2009, the Shell Defendants served on the City yet another revised set of privilege logs, containing a total of approximately 39,000 entries.

FINDINGS OF LAW:

22. As a consequence of their repeated failure to comply with Federal Rule of Civil Procedure 26(b)(5)(A), Local Civil Rule 26.2, and the orders of this Court regarding privilege logs, the Shell Defendants have partially waived their right to assert privilege for materials withheld and redacted from their document repositories.

---

[4] *See also* Case Management Order # 48, dated February 23, 2009.

23. The ongoing problems with the Shell Defendants' privilege logs, including their production of logs containing required information about each withheld document only years after incomplete logs were first produced, their inclusion on repeatedly updated logs of numerous documents that had already been produced, and their inclusion on log after log of documents both previously and subsequently identified by Special Master Warner and/or by the Shell Defendants themselves as not privileged, have rendered the logs untrustworthy and unworkable.

24. Plaintiffs have been prejudiced by the Shell Defendants' noncompliance with their privilege log obligations and the Shell Defendants' recurring failure to produce a complete and accurate privilege log.  The Shell Defendants' production of privilege logs with incomplete information identifying documents withheld as privileged, overdesignation of documents as responsive and as privileged, errors and omissions in various iterations of the logs, and failure to remove documents no longer claimed as privilege from the logs have all impaired Plaintiffs' ability to review the logs and take action regarding specific improper privilege claims.  *See AIA Holdings, S.A. v. Lehman Bros.*, 2000 U.S. Dist. LEXIS 15141 (S.D.N.Y. Oct. 17, 2000) (noting party's obligation to produce privilege documentation specific enough to permit argument about the legitimacy of privilege claims); *see also* PTO 38 at 12 ("Shell's practices have burdened Plaintiffs and were abusive").

25.  Waiver of privilege is an appropriate sanction where a party has repeatedly violated its privilege log obligations under Federal Rule of Civil Procedure 26(b)(5)(A) and Local Civil Rule 26.2.  *See Dorf & Stanton Communs. v. Molson Breweries,* 100 F.3d 919 (2d Cir. 1996) (upholding district court's order to produce documents, based in part on respondent's failure to provide a timely and complete privilege log); *PKFinans Int'l Corp. v. IBJ Schroder*

6

*Leasing Corp.*, 1996 U.S. Dist. LEXIS 13505 (S.D.N.Y. Sept. 17, 1996), at *11-*12 (explaining why waiver of privilege is an appropriate sanction for privilege log deficiencies).

26. Waiver of privilege is an especially appropriate sanction where a party has provided untimely, incomplete, and improper privilege logs over a period of several years, despite multiple court orders delineating its specific obligations and providing extensions of its time to comply.

REMEDY:

27. Within seven (7) days of the date of this Order, the Shell Defendants shall produce to Plaintiff City of New York those documents for which, on the February 20, 2009 Phase I or Phase II privilege log, they:

    a) claimed attorney-client privilege, but did not list the name of a disclosed attorney or paralegal in the "Author(s)" or "Addressee(s)" fields, or

    b) claimed privilege under the attorney work product doctrine, but did not list the name of a disclosed attorney or paralegal in the "Author(s)" or "Addressee(s)" fields.

    "Disclosed attorney or paralegal" means an attorney or paralegal whose name appears on the "Attorney List to Accompany Shell Privilege Logs" produced by the Shell Defendants on February 20, 2009. A list of documents subject to disclosure under criteria a) and/or b), as identified by the City of New York, is annexed as Exhibit A.

28. If the Shell Defendants contend that they have not waived their claim of privilege for any document listed on Exhibit A because the privilege log entry for that document does not meet the criteria listed in ¶ 27 *supra*, they may, within 7 days of the date of this Order, ask Special Master Warner to review the relevant privilege log entry. The criteria listed in ¶ 27 are not

7

dependent on the content of the underlying document, and accordingly Special Master Warner will not perform substantive review of any privilege claim deemed waived by this Order or *in camera* review of any document whose inclusion on Exhibit A the Shell Defendants may contest.

29. All documents produced pursuant to this Order shall be provided to the City of New York in the electronic format specified in the letter from counsel for the City to Defendants' liaison counsel dated December 8, 2008.

30. The City of New York may add any document produced pursuant to this Order to its Trial Exhibit List within two weeks after the City receives the document.

SO ORDERED:

_____
Shira A. Scheindlin
U.S.D.J.

Dated:   New York, New York
         March __, 2009

8