


25442655

Jun 1 2009
6:53PM

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007-2601

phone: (212) 788-1568
fax: (212) 788-1619
email: dgreene@law.nyc.gov

June 1, 2009

The Honorable Shira A. Scheindlin
United States District Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 1620
New York, New York 10007-1312

    Re:  <u>City of New York v. Amerada Hess</u>, 04 CV 3417 (SDNY)
          In re MTBE Products Liability Litigation, MDL 1358
          *Request for Leave to File Motion to Strike the*
          *Supplemental Report of Thomas Maguire*

Dear Judge Scheindlin:

      The City of New York ("City") respectfully requests leave to file a motion to strike the Supplemental Expert Report of Defendant's Expert Thomas Maguire, dated June 1, 2009.

      On April 24, 2009, the Court granted defendants' permission to serve a supplemental expert report to respond only to the drought analysis for Wells 5 and 22 contained in the Rebuttal Report of the City's expert David Terry. *See* Transcript from April 24, 2009 Status Conference, at 80:19 – 20. Counsel for ExxonMobil agreed to this limitation. *See* Tr., at 80:22 – 81:5. Copies of the relevant pages are attached.

      ExxonMobil has directly disobeyed this Court's instructions. Mr. Maguire's expansive supplemental report – which the City received today – responds to <u>all</u> of the modeling contained in Mr. Terry's original report, and hardly mentions the drought analysis contained in his rebuttal. The report instead focuses on Station 6, whereas the drought scenarios pertained to Wells 5 and 22. Defendants never sought modification of the Court's order. Defendants' unreasonable and vexatious tactics will result in great prejudice to the City and its experts as trial quickly approaches.

www.nyc.gov

Dockets.Justia.com

Therefore, the City respectfully requests leave to file a motion to strike Mr. Maguire's supplemental report in its entirety. As the issues presented are relatively straightforward and affect the scheduling of additional expert depositions, the City also requests an expedited briefing schedule. The City will file its motion in 2 business days following the Court's permission and requests that defendants response be submitted 2 business days following service of the motion, with 1 business day for reply.

Respectfully Submitted,

*Daniel Greene*

Daniel Greene
Senior Counsel
Environmental Law Division

cc: Defendants' Liaison Counsel
All Counsel (by LNFS)

94ormtbc

1  deadline for completing expert discovery.
2      THE COURT: We can push that because it will take an
3  active of God to affect the criminal docket, in other words,
4  say somebody gets ill or dies. Short of that, that case is
5  going June 1. I know it and it's not going to end in three
6  weeks, so we have a little leeway. Mind you, I'll keep you all
7  posted. If there were an act of God and the case goes away,
8  I'd like to go back to as close to June 23rd as I can.
9      MR. GREENE: May I suggest for a schedule that Mr.
10 Terry's deposition occur after these new round of surreplies?
11     THE COURT: I think it should. If your expert is
12 going to take on the drought analysis, then I think the
13 deposition of Mr. Terry should wait for them to read that so he
14 doesn't say he was sandbagged. Let's get it all out. When can
15 your expert comment on the drought analysis?
16     MR. PARDO: I think we're going to need to talk to
17 him. Also, I want to make sure I understand the scope of what
18 this surreply is.
19     THE COURT: The scope is solely to take on the drought
20 analysis, nothing else. Everything else has been picked over
21 already, I think.
22     MR. PARDO: I think that's right, but there are some
23 things that Mr. Terry has done which are new which we quarrel
24 with how he has taken our particular criticisms and applied
25 them.

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

94ormtbc

1 THE COURT: No, I think that would never end.
2 MR. PARDO: I agree.
3 THE COURT: Save your ammunition. There will be a
4 time and place.
5 MR. PARDO: Perfect. That's all I need to hear.
6 THE COURT: But the report should deal with drought
7 analysis because that is totally new, admittedly.
8 MR. GARVEY: Save our ammo on new stations and the
9 like?
10 THE COURT: Yes, sir.
11 MR. GARVEY: But we can do it?
12 THE COURT: At the appropriate time and place. In
13 your case, potentially summary judgment. How many summary
14 judgments did I get on this? Just you?
15 MR. GARVEY: Just one.
16 THE COURT: Is there anything further? It was good to
17 see you all.
18 MR. SHER: Your Honor, I have two administrative
19 matters, if I may.
20 THE COURT: Yes.
21 MR. SHER: One, we filed some time ago a motion for
22 voluntary dismissal of Marathon.
23 THE COURT: I haven't acted on it?
24 MR. SHER: You have not.
25 THE COURT: Thank you for the reminder. We'll check