

Nicholas G. Campins
ncampins@sherleff.com
415.348.8300 x202

June 15, 2009

*Via Email & Hand Delivery*

Hon. Shira A. Scheindlin
United States District Judge
U.S. District Court, Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *City of New York v. Amerada Hess*, et al., 04 CV 3417 (SDNY)
            *In re MTBE Products Liability Litigation*, MDL 1358

Dear Judge Scheindlin:

The City of New York ("the City") writes to request the Court's assistance in resolving a dispute regarding its ability to call witnesses at trial via "contemporaneous transmission" from remote locations. The City's position is that it should be allowed to call Defendants' current and former employees and Rule 30(b)(6) designees live at trial via contemporaneous transmission. Defendants take the position that the Court's subpoena power is inadequate to compel such testimony and that the City cannot make the "good cause" showing required for such testimony. After Defendants threatened to seek sanctions if it served subpoenas on their current or former employees, the City instructed its process servers to withhold service of such subpoenas on witnesses who are not parties or officers of parties and who are located more than 100 miles from the district until this matter is resolved by the Court.[1]

The City therefore requests permission from the Court to serve subpoenas on witnesses located more than 100 miles from the district for live testimony at trial via contemporaneous transmission from locations near their homes. For the reasons explained below, the Court's subpoena power is sufficient to compel such witnesses to provide contemporaneous live testimony from nearby locations and "good cause" and "compelling circumstances" exist such that contemporaneous transmission is appropriate.

**The Court May Compel Witnesses to Testify at Locations Near Their Homes**

Federal Rule of Civil Procedure 45(a)(2)(A) provides that a subpoena "for attendance at a hearing or trial," is to be issued by the trial court. *Id.* Pursuant to Rule 45(b)(2), a subpoena may be served at any place: "(B) outside that district but *within 100 miles of the place specified for the* deposition, *hearing, trial*, production, or inspection" or "(D) that the court authorizes on motion and for good cause, if a federal statute so provides." *Id.* (emphasis added).

---

[1] *See* Email Correspondence with Defendants attached as Exhibit A.

450 Mission Street, Suite 400 • San Francisco, California 94105 **tel** (415) 348-8300 **fax** (415) 348-8333

The 100 mile limitation in Rule 45(b)(2)(B) seeks to forestall hardship to witnesses in situations where they might be required to travel to a distant courthouse. *Id.* This concern is expressly articulated in Rule 45(c)(3)(A)(ii), which requires that an issuing court quash subpoenas in the event they require "a person who is neither a party nor a party's officer *to travel* more than 100 miles from where that person resides, is employed, or regularly transacts business in person." *Id.* (emphasis added). Accordingly, if the specified location for testimony is not more than 100 miles away from the subpoenaed witnesses' homes, the subpoena is valid and the Court may properly compel remote attendance at trial.[2] The City may therefore validly subpoena witnesses to remotely appear at trial at a location near their home.

As an independent and equally sufficient basis, the City may validly subpoena witnesses to appear live at trial via contemporaneous transmission pursuant to Rule 45(b)(2)(D). Rule 45(b)(2)(D) merely requires that the Court authorize such subpoenas upon a showing of good cause and that a federal statute permits it. Here, Rule 43(a) provides the requisite statutory authorization. *See* Fed. R. Civ. Pro. 43(a). Finally, the Court could use its inherent supervisory authority to require Defendants to produce these party-affiliated witnesses. *See* 28 Fed. Proc., L. Ed. § 65:232 ("a subpoena is not necessary when the person to be examined is a party").

The Court's authority to compel remote attendance of witnesses via contemporaneous transmission is therefore beyond dispute. *See In re Vioxx Products Liability Litigation*, 439 F.Supp.2d 640, 642 (E.D. La. 2006) (collecting cases approving of the use of simultaneous transmission and noting one court "even allowed an entire trial to be conducted by contemporaneous transmission"); Ann. Manual Complex Lit. § 12.334, n. 344 (4th ed.) (noting that "[t]his technique was used *in San Juan Dupont Plaza Hotel Fire Litigation*, MDL 721, and in *In re Washington Public Power Supply System Securities Litigation*, MDL 551").

**"Good Cause" Exists**

Federal Rule of Civil Procedure 43(a), requires a demonstration of "good cause in compelling circumstances" and "appropriate safeguards" before a witness testifies "by contemporaneous transmission from a different location." *See El-Hadad v. United Arab Emirates*, 496 F.3d 658, 668-69 (D.C. Cir. 2007). In *In re Vioxx Products Liability Litigation*, the court applied a five part test for "good cause" and "compelling circumstances" in MDL cases:

> In *Washington Public*, although analyzing the case under the then-current Rule 45(e), the court fashioned a five-prong test for determining whether the use of videoconferencing was permitted at trial. 1988 WL 525314, at *2-3. The five factors were: (1) the control exerted over the witness by the defendant; (2) the complex, multi-party, multi-state nature of the litigation; (3) the apparent tactical

---

[2] The City acknowledges that one of the subpoenas attached as an example to its notice (that was never served) appeared to require in person testimony at the courthouse. The City will revise the subpoenas so that it is very clear to the witnesses that they will be expected to testify near their homes, not at the courthouse. The City will use its best efforts to ensure that the specified location is as close as possible to the witnesses' homes.

advantage, as opposed to any real inconvenience to the witness, that the defendant is seeking by not producing the witness voluntarily; (4) the lack of any true prejudice to the defendant; and (5) the flexibility needed to manage a complex multi-district litigation. *Id.* This same five-prong test was adopted and used by the court in *San Juan Dupont*, 129 F.R.D. at 426. For the present case, the Court finds that this five-prong test may also be employed to determine the existence of "good cause" and "compelling circumstances" under Rule 43.

*In re Vioxx Products Liability Litigation*, 439 F.Supp.2d at 643 (emphasis added).

Applying these factors, "good cause" and "compelling circumstances" exist justifying the use of contemporaneous transmission in this case. *First*, Defendants have control over all or substantially all of the witnesses whom the City seeks to compel the remote attendance of at trial. Specifically, the witnesses are current or former employees of Defendants and several were FRCP 30(b)(6) designees of Defendants: Thomas M. Milton, Michael Roman, Albert Liguori, Paul Bettencourt, Robert Larkins, Eugene Renna, Joseph D'Ambrisi, Wayne Daughtrey, Robert Ganz, Robert G. Weeks, J.M.E Mixter, S.S. Hetrick, Gary Stumpf, Jack Spell, Paul Naro, Frederick Anderson, M.W. Sprigg, David Hayward, Bruce Macklin, Meena Nainan, Norman Novick, Henry Thomassen and Steven Lewis.[3][4] For example, on information and belief, Mr. Roman is a current employee of Defendants and he offered 30(b)(6) testimony on behalf of Defendants relating to warnings and other matters important to the City's claims. Mr. Roman resides in the Metro Washington D.C. area, a short train ride away, but Defendants have refused to make him available for in-person live testimony.

*Second*, this is a focus case in a large multidistrict, multi-state litigation involving numerous cases and defendants. *Third*, Defendants' refusal to produce these witnesses is merely for tactical advantage. For example, on information and belief, Ms. Nainan and Messrs. Roman, Bettencourt, Hayward, Liguori, Milton, Mixter, Novick, Anderson, Thomassen, and Stumpf all reside or regularly transact business in the Metro Washington, D.C. area, a mere three hour and fifteen minute train ride and even shorter airplane flight to New York. *See* Exhibit B. Defendants cannot demonstrate that it would substantially inconvenience these witnesses to testify live. Their refusal to produce them for in-person testimony at trial is solely for tactical reasons.

*Fourth*, Defendants cannot show how they will be prejudiced by having these witnesses testify

---

[3] Defendants have indicated that they will make the following witnesses available for in-person testimony at trial: Sullivan Curran, Barbara Mickelson, Victor Dugan, Brian Harney, Ray McGraw, Jeff Schmidt, Robert Biles, Thomas Eizember, Andrew Madden, David McWilliams, Robert Scala, Charles Schleyer and William Stone.

[4] The City does not concede that each of these witnesses cannot be compelled to testify live at trial. For example, on information and belief, at least Messrs. D'Ambrisi, Daughtrey, Hetrick, Lewis, Liguori, Naro, Renna, Schmidt, McWilliams and Weeks may have residences or regularly conduct business within 100 miles of the district.

remotely at trial. Defendants have known for months that the City intended to call these witnesses. Defendants' statement that the City should have taken a trial deposition of such witnesses rings hollow. *See* Exhibit A. Defendants would likely have objected vociferously to any attempt to take such depositions – and will undoubtedly object to such depositions in future MDL cases if the Court refuses the City's request– and Defendants would likely have served hundreds of objections to the admissibility of the testimony taken at such depositions.

*Fifth*, the Court needs flexibility in managing cases like this one, a focus case in complex multidistrict litigation. In this regard, live testimony would be far superior to monotonous and choppy videotaped deposition testimony, several of which were filmed a decade ago, when video technology was far less advanced. The City notes that this solution would relieve much of the burden on the United States Magistrate Judges charged with resolving objections to the City's deposition designations. For each witness the City is allowed to call live, it will withdraw such designations from consideration, substantially easing the burden on the United States Magistrate Judges.

### Appropriate Safeguards Will Be Used

The City notes that the technology for contemporaneous transmission of live testimony is excellent and the City intends to use the vendor Courtroom Connect, the same vendor that Defendants recently asked for permission to use themselves. *See* Exhibit C. Information about this vendor is available at http://courtroomconnect.com/.

### Conclusion

For the foregoing reasons, the City respectfully requests permission from the Court to serve subpoenas on witnesses located more than 100 miles from the district for live testimony at trial via contemporaneous transmission from locations near their homes. Please contact me if the Court requires any additional information. The City appreciates your Honor's attention to this matter.

Respectfully submitted,

Nicholas G. Campins

Cc: All Counsel via LNFS & Email

# EXHIBIT A