

Victor M. Sher
vsher@sherleff.com
415.348.8300 x100

June 29, 2009

*Via Email & Hand Delivery*

Hon. Shira A. Scheindlin
United States District Judge
U.S. District Court, Southern District of New York
500 Pearl Street, Room 1620
New York, New York 10007

      Re:   *City of New York v. Amerada Hess*, et al., 04 CV 3417 (SAS)
              *In re MTBE Products Liability Litigation*, MDL 1358
              Pretrial Conference, July 2, 2009

Dear Judge Scheindlin:

The City of New York ("the City") writes in advance of the conference on Thursday, July 3 to request the Court's assistance with several pressing pretrial matters. Specifically, in light of the short time between now and trial, the City requests that the Court impose deadlines related to deposition designations and potential motions to quash subpoenas, so that these matters will be resolved expeditiously. The City also seeks the Court's guidance regarding the parties' objections to trial exhibits.

**Deposition Designations**

As Your Honor knows this process began when the City notified the Court that ExxonMobil had made an estimated 15,000 to 18,000 objections to the City's designations of deposition and trial testimony. On June 5, the Court held a telephone conference at which it directed the parties to work with all haste to lessen the burden on the Court, directed ExxonMobil to begin withdrawing objections and directed the City to revise down and streamline its designations. Each party was to do this process at a rate of 10 deponents per day beginning on June 9.

On June 9, as directed by Your Honor on the June 5 telephone conference, the City sent ExxonMobil a rank-ordered list of 94 witnesses in order of priority of resolution of objections to their deposition and trial transcripts.[1] The City diligently complied with the Court's directives and immediately withdrew deposition and trial testimony designations for 13 witnesses who ExxonMobil indicated it will make available for live testimony at trial.[2] Thereafter, also as

---

[1] *See* Exhibit A.

[2] Sullivan Curran, Barbara Mickelson, Victor Dugan, Brian Harney, Ray McGraw, Jeff Schmidt, Robert Biles, Thomas Eizember, Andrew Madden, David McWilliams, Robert Scala, Charles

directed by the Court, the City sent ExxonMobil revised designations for 10 witnesses every 48 hours, revising all its designations by June 22, 2009.[3] During this process, the City has withdrawn an additional 12 witnesses' deposition designations in their entirety. This leaves a total of 69 witnesses who have deposition and trial testimony requiring resolution. The City has also finished revising its objections to ExxonMobil's counter-designations to the same witnesses' deposition and trial testimony as well as its objections to two designations made by ExxonMobil to City witnesses' testimony.

Unfortunately, ExxonMobil has failed to comply with the Court's directives. To date, ExxonMobil has sent the City revised objections for only 17 witnesses, at least one of which is for less than all of the transcripts associated with a witness.[4] In addition, ExxonMobil no longer objects to the City's designations to Mr. Tobin's deposition and one transcript of Mr. Roman's.

After receiving transcripts containing ExxonMobil's revised objections, and as directed by the United States Magistrate Judge Pitman's Order,[5] the City has provided responses together with legal and factual justifications for insertion into binders for transcripts related to 11 witnesses.[6] To date, the City has received only one such response from ExxonMobil. The City received this response at 1:19 EDT and is looking it over now in the hope that it can be submitted to the United States Magistrate Judges today (June 29).

Accordingly, the City requests that ExxonMobil be directed to revise all of its remaining objections by no later than Monday, July 6, 2009. The City requests that the Court order that ExxonMobil be deemed to waive any objections that are not so revised by July 6, 2009. The City further requests that the Court direct the parties to complete and submit binders for all such transcripts to the United States Magistrates by no later than July 17, 2009. To avoid a last minute crush of such binders, the City requests that the Court order that beginning on Monday July 6, such binders are to be sent to the United States Magistrate Judges at a rate of 12 witnesses every 48 hours. Hopefully, this will enable the resolution of such objections by the beginning of Phase 2 (Phase 1 does not involve any such designations).

Finally, the parties have agreed to split the work of preparing the binders for the first 36 witnesses and have been unable to agree on who should prepare the binders for the witnesses after that. The City has offered to again split that work 50-50 and ExxonMobil has refused,

---

[3] See Exhibit D (Round 7). Six other rounds were served every 48 hours before June 22. Round 1 was served on 6/11. Round 2 was served on 6/12. Round 3 was served on 6/14. Round 4 was served on 6/16. Round 5 was served on 6/18. Round 6 was served on 6/20.

[4] Dominguez, Milton, Hayward, Stanley (not yet complete), Sprigg, Macklin, Tuday, Stendardi, Roman, Daughtrey, Ganz, Larkins, Liguori, Renna, Bauman, Lewis and Staab.

[5] Attached for convenience as Exhibit E.

[6] Dominguez, Milton, Staab, Stendardi Bauman, Daughtrey, Ganz, Hayward, Lewis, Macklin and Renna.

suggesting that the City should do all such binders. *See* Exhibit F. The City requests that in light of its tardiness in complying with the Court's directives that ExxonMobil be directed to prepare all such binders or at a minimum, that the parties be directed to split the preparation of such binders 50-50, as originally suggested by the City.

A short while ago, the City received a call from United States Magistrate Judge Pitman's chambers requesting a conference call regarding this issue. The City will be prepared to discuss this matter on that conference call and will provide a further update to the Court at Thursday's conference.

## Subpoenas

Despite the fact that the City has accepted service of subpoenas on behalf of all current or former employees after ExxonMobil explicitly asked it to do so, ExxonMobil has refused to return the professional courtesy. *See* Exhibit G. ExxonMobil has refused to accept service for any of its former employees who are located within 100 miles of the Court and has stated that it is preserving all objections even for those few current employees for whom it agreed to accept service. *See* Exhibit H. ExxonMobil has also refused to accept service even for its current and former employees who testified as 30(b)(6) or PMK corporate representatives. *See* Exhibit I. It is the City's belief that ExxonMobil intends to move to quash some or all such subpoenas, perhaps on technical grounds. The City requests that ExxonMobil be ordered to bring any motions to quash within 72 hours of when proof of service of said subpoenas is served on them via LNFS.

## ExxonMobil's Improper General Objections to Trial Exhibits

ExxonMobil has served legally frivolous general objections to all of the City's Phase 2 Exhibits. *See* Exhibit J. For the Phase 2 exhibits, ExxonMobil "generally objected" to *all exhibits* on the following grounds: authenticity; hearsay; prejudice; 403; not previously produced in discovery; exhibit consists of multiple documents. Save for Rule 402 and 403 objections, all of the other general objections are patently improper under Rule 26(a)(3)(B, this Court's Individual Rules and Practices IV.D. and the Court's form Joint Pretrial Order, which provides:

> **Next to each exhibit not stipulated to be admissible, the opponent shall state briefly the basis of the objection (e.g., "authentication," "hearsay") and provide a reference to the specific Rule of Evidence upon which the opponent is relying. Only the grounds listed will be considered at trial and all other objections shall be deemed waived.** In advance of each trial session, counsel for the party going forward at that session should show opposing counsel the exhibits s/he intends to introduce at the session. If possible, the court will rule on the objection then, eliminating the necessity for a sidebar conference when the exhibit is offered. Exhibits to which there is no objection will be listed as marked in evidence, subject to the Court's approval.

*Id.* (emphasis added). Accordingly, the City requests that the Court order that ExxonMobil has

waived all objections to the City's Phase 2 Exhibits that were not made in reference to a specific exhibit.

**Trial Exhibits – Remaining Issues**

Both sides have marked a considerable number of exhibits for possible use at trial. The City marked 187 exhibits for Phase 1. For Phase 2, the City marked 2,136 exhibits in its main list, 4688 in Appendix A, 631 in Appendix B and 3237 in Appendix C, for a total of around 10,700 exhibits. Moreover, ExxonMobil specifically objected to the vast majority of documents (mostly on hearsay grounds although other objections were made); of these, ExxonMobil objected to an estimated 60-70 % of all exhibits in the City's main list, 30-40% in Appendix A, 90% in Appendix B, and 30-40% in Appendix C. For Phase 3, the City listed approximately 3,200 new exhibits that were not previously listed on its Phase 1 and Phase 2 lists.[7] ExxonMobil's objections are due on July 10. *See* FRCP 26 (a)(3)(B).

ExxonMobil has marked approximately 3435 exhibits for Phase 1. The City has objected to about 70% with specific objections. Most such objections are on FRE 401, 402 and 403 grounds as to Phase 1 (i.e. not relevant and prejudicial as to Phase 1) with some hearsay and authentication objections. The City did not make any general objections, but instead reserved its rights to make further Rule 402 and 403 objections that become evident only at trial. ExxonMobil marked approximately 3,110 exhibits for Phase 2. The City's objections are due today. *See* FRCP 26 (a)(3)(B). ExxonMobil marked approximately 5622 exhibits for Phase 3. The City's objections are due on July 10. *See* FRCP 26 (a)(3)(B).

Accordingly, there are many specific objections that will require judicial resolution. The City has been trying since May 4 to get ExxonMobil to stipulate to certain foundational elements for hearsay and other matters, to no avail. *See* Exhibit K. Accordingly, the City requests that the Court direct the parties to brief certain evidentiary issues that apply to a large number of documents for further guidance from the Court. For example, ExxonMobil has objected on hearsay grounds to many documents that are more than 20 years old and are therefore admissible as ancient documents. *See* FRE 803(16). The parties could brief this issue and get further guidance from the Court. Because of the massive number of hearsay objections the City must also get declarations from certain third-parties and settling defendants or call such witnesses at trial. If such declarations are obtainable, the parties may be able to stipulate as to or pre-litigate the sufficiency of such declarations.

As a practical matter, the City envisions, however, that many issues will remain unresolved. It is therefore likely that the admissibility of certain documents may have to be adjudicated during on ad hoc basis during trial. The City remains willing to execute reciprocal stipulations to foundation and will work hard to get declarations that may obviate the need for foundational testimony at trial.

---

[7] The City also listed certain exhibits that were previously listed on its Phase 1 and Phase 2 lists, but specifically reserved the right to use any others on previous lists.

## Conclusion

We are three weeks from the start of Phase 1 and immediate resolution of these issues is required. Please contact me if the Court requires any additional information. The City appreciates your Honor's attention to these matters.

Respectfully submitted,

Victor M. Sher

Cc: United States Magistrate Judge Pitman (via Email)
    Peter Sacripanti (via Email)
    All Counsel (via LNFS & Email)