

Victor M. Sher
vsher@sherleff.com
415.348.8300 x100

June 30, 2009

*Via Email & Hand Delivery*

Hon. Shira A. Scheindlin
United States District Judge
U.S. District Court, Southern District of New York
500 Pearl Street, Room 1620
New York, New York 10007

    Re:   *City of New York v. Amerada Hess*, et al., 04 CV 3417 (SAS)
           *In re MTBE Products Liability Litigation*, MDL 1358
           Pretrial Conference, July 2, 2009 (Reply Letter)

Dear Judge Scheindlin:

The City of New York ("the City") writes in response to ExxonMobil's June 29 letter to the Court regarding the impact of the City's request to dismiss its civil conspiracy claim on the City's Phase 3 Witness List.

The short answer is that while dismissing the civil conspiracy claim may eliminate the need for a few witnesses associated with the Settling Defendants, it does not eliminate the need for most. Such witnesses will provide evidence relevant to several distinct issues, including (by way of example) matters involving product distribution via common carrier pipelines and other commingled means; ExxonMobil's early knowledge and participation in remediation of MTBE contamination; ExxonMobil's participation in industry trade associations on a variety of MTBE-related issues; notice and knowledge of certain facts related to MTBE's toxicological and taste and odor properties; ExxonMobil's early knowledge of facts regarding MTBE's fate and transport in the environment; ExxonMobil's anti-ethanol campaign and activities; ExxonMobil's representations to the EPA in connection with the ITC Consent Order; alternative approaches to the MTBE contamination crisis; facts known to ExxonMobil that should have been reported pursuant to TSCA and other facts ExxonMobil could have known had it performed adequate investigations into MTBE's fate and transport, MTBE's toxicological properties and the feasibility of ethanol use.

Moreover, as argued in the City's Opposition to Defendants Joint Motion In Limine To Exclude Evidence Regarding Trade-Association Activities Until and Unless Plaintiffs [Sic] Establish Predicate Facts, *see In re MTBE Prods. Liab. Litig*, No. 1:00-CV-1898, Dkt. # 2496 (S.D.N.Y. May 26, 2009), ExxonMobil continues to conflate the admissibility of evidence of statements – both by them and by the trade associations – with liability for civil conspiracy. For the reasons stated in the City's Opposition, ExxonMobil's view is legally meritless.

450 Mission Street, Suite 400 • San Francisco, California 94105 **tel** (415) 348-8300 **fax** (415) 348-8333

Finally, the City notes that it is ever mindful of the burden imposed on the Court and the jury by a lengthy trial and is constantly sharpening its proof. In this regard, the City notes that contrary to ExxonMobil's count of 46 individuals, the City counts 37 individuals (not including custodians of record) affiliated with Settling Defendants.[1] As part of its ongoing process to sharpen its proof, the City is also prepared to cut the following 10 additional individual witnesses from its Phase 3 witness list Bowling, Bulmer, Guetens, Klavers, Morse, Piel, Ridlon, Stevenson, Steven Thomas, and Yogis. This brings the total of Settling Defendant affiliated witnesses to 27 (not including custodians of record).

Respectfully submitted,

Victor M. Sher

Cc: Peter John Sacripanti (via Email)
All Counsel (via LNFS & Email)

---

[1] The City's count does not include the 49 custodians of record, from whom it hopes to secure declarations. With regard to custodians of record, the City hopes to secure declarations from most such custodians, so that it can obviate the need to call them at trial.