

July 13, 2009

<u>By E-Mail and Hand</u>

Hon. Shira A. Scheindlin
United States District Judge
Southern District of New York
500 Pearl Street, Room 1620
New York, New York 10007

Re:     *In re Methyl Tertiary Butyl Ether (MTBE) Products Liability Litigation*,
         MDL No. 1358, Master File No. 1:00-1898 (SAS)
         *City of New York v. Amerada Hess, et al.*, 04 CV 3417 (SDNY)

Dear Judge Scheindlin:

The City writes in response to (1) ExxonMobil's ("Exxon") June 30, 2009 letter proposing a separate trial phase on its statute of limitations defense, and (2) Exxon's July 7, 2009 amendment of its Phase 1 witness list adding 35 new witnesses.

   I.     <u>The Court Should Reject Exxon's Proposal for an "Interim" Statute of Limitations Phase</u>

Having argued unsuccessfully that the City's claims are not yet ripe despite the undisputed presence of MTBE in the City's Station 6 wells, Exxon now seeks to add a new phase 1A to the trial to determine whether the City's Station 6 claims are time barred. Exxon's proposal will neither simplify nor reduce the time needed for trial. Nor would the determination Exxon seeks even dispose of the City's Station 6 claims. Any question about the timing of the City's injury belongs in Phase 3, when the parties will present evidence concerning the nature of MTBE.

This Court has repeatedly held that the question of when a well suffers injury is a fact specific question. *See In re MTBE Products Liability Litigation*, 593 F. Supp. 2d 549, 552 (S.D.N.Y. 2008), *In re MTBE Products Liability Litigation*, 2007 U.S. Dist. LEXIS 40484 *34-36 (S.D.N.Y. June 4, 2007). It is not sufficient simply for MTBE to be present in a well at low concentrations; rather Exxon must establish that the City knew that MTBE was present at a concentration sufficient to constitute an injury and that the City knew that MTBE at that concentration is harmful to drinking water. *In re MTBE Products Liability Litigation*, 2007 U.S. Dist. LEXIS 40484 *27 (S.D.N.Y. June 4, 2007); *see also In re MTBE Products Liability Litigation*, Docket #341, Opinion at 26 (S.D.N.Y. July 6, 2009).

The question of what level of MTBE causes harm requires evidence of the nature of MTBE and its impact on water quality. A jury could not reach an informed decision about whether a

Dockets.Justia.com

specific concentration of MTBE in a well caused injury to the City before October 31, 2000, the three year limitations bar date, without a comprehensive understanding of MTBE. To present a full picture, the City would be entitled to offer evidence of what Exxon said and knew about the effects of MTBE on drinking water and the costs of addressing it when Exxon advocated for and decided to use MTBE in gasoline. The City would also be entitled to offer evidence concerning the health impacts of MTBE and consumer sensitivity to MTBE's taste and odor, and the evolving state of knowledge about both. And the City would be entitled to offer evidence of the treatment required to remove MTBE, what that treatment is required to achieve, and how much that treatment will cost. All of this evidence is inextricably intertwined with the City's liability case against Exxon, the focus of Phase 3.

The Court noted this precise problem with Exxon's proposal at the July 2, 2009 conference:

> The Court: Mr. Sacripanti, you are saying that the injury occurred and they knew it before the bar date. How do you define that injury? Doesn't it depend on how much MTBE is in the water, whether that amount is what caused the injury? It is not as simple as they know about this substance and one molecule got in. We have to go further than that.
>
> Mr Sacripanti: That is absolutely right.
>
> The Court: Why isn't it resolved with all of the phase 3 issues? How can it be separated from all those issues?

Transcript of July 2, 2009 Pretrial Conference at 37:14-22.

Moreover, Exxon's statute of limitations argument is not dispositive and would therefore not shorten the trial. Even in the unlikely event that Exxon were somehow to succeed in convincing a jury that some of the Station 6 wells were injured before October 31, 2000, that still would not bar the City's claims either for other Station 6 wells, nor even for the wells the jury found injured before the three year bar date based on later releases of MTBE. *See In re MTBE Products Liability Litigation*, Docket #341, Opinion at 24-27 (S.D.N.Y. July 6, 2009) (recognizing right to assert claims for future injury). Nor would it affect any Navigation Law, injunctive, and equitable claims, all of which have six year limitation periods. *In re MTBE Products Liability Litigation*, 2007 U.S. Dist. LEXIS 40484 *13-17 (S.D.N.Y. June 4, 2007).

While Exxon may wish to keep evidence of its wrongdoing from the jury, the City is entitled to present its case. Aside from the impracticality of Exxon's proposal, delaying the liability phase of the trial by adding another preliminary phase is ultimately unfair to the City. The Court should reject Exxon's proposal.

II.   Exxon's Amendment of its Phase 1 Witness List

On July 7, 2009, Exxon served an amended witness list that more than tripled the number of witnesses designated by Exxon for Phase 1 of the trial, bringing its total to 60.[1]   The new witnesses include 22 individual board members and staff of the New York City Municipal Water Finance Authority ("NYW") and the New York City Water Board ("Water Board"), 3 additional employees of the City Department of Environmental Protection ("DEP"), 3 employees of one of the City's consultants on the Dependability Study, and 4 custodians of records for entities connected with NYW.   Exxon offered no explanation for its amendment, and failed either to consult with the City or seek the Court's permission for this substantial increase in witnesses, as required by the Court's rules and the Joint Pre-Trial Order.   When directed by Judge Hedges to provide a one sentence summary of each witness's proposed testimony, Exxon essentially conceded that it added all of the NYW and Water Board witnesses for discovery purposes, in a transparent attempt to overcome this Court's well-founded reluctance to allow Exxon to reopen discovery on matters about which it was long on notice.   And Exxon still offers no acceptable explanation about why the DEP and City consultant witnesses were not on its original list and cites to no new information obtained since June 8, 2009, the date of its original submission, that justifies their addition at this late date.   All these late-added witnesses should be stricken.

NYW and Water Board Witnesses (26 new witnesses)

Exxon added six out of the seven[2] board members of NYW (including three who serve ex-officio, including the Commissioner of the New York State Department of Environmental Conservation), and all nine officers of NYW.   Exxon also added custodians of records for four of NYW's outside consultants: its bond counsel, rate consultants, and two financial advisors. Similarly, Exxon added 4 of the seven[3] members of the Water Board and 3 of the five Water Board staff.[4]   When ordered by Judge Hedges to explain why the individuals were added to its witness list, Exxon responded only that "ExxonMobil has not had the opportunity to take discovery."   Exxon repeated the same inadequate justification for each witness. *See* July 20, 2009 Letter from Stephen J. Riccardulli to Special Master Hedges, attached as Exhibit C. Notably, Exxon did not identify the subject matter of these witnesses' testimony, explain why 26 witnesses are necessary and how their testimony would differ, offer any acceptable justification for their late addition to Exxon's witness list, or explain how their testimony would be relevant to Phase 1.

---

[1]   Copies of Exxon's original Phase 1 Witness List and Amended Phase 1 Witness List are attached as Exhibits A and B, respectively.

[2]   The 7th board member is the DEP Acting Commissioner, who was on Exxon's original list.

[3]   A fifth member, the Chair of the Water Board, was on Exxon's original list.

[4]   A fourth staff member, the Executive Director, who is also the DEP Acting Commissioner, was on Exxon's original list.

As is apparent from its letter to Judge Hedges, Exxon's addition of these 26 new witnesses is nothing more than a thinly disguised continuation of its effort to reopen discovery and belatedly depose NYW and the Water Board, this time by threatening to substantially lengthen Phase 1 of the trial with repetitive and irrelevant witnesses if discovery is not allowed. The Court has twice deferred Exxon's request for immediate discovery of NYW and the Water Board. *See* Transcript of June 25, 2009 Pretrial Conference at 21:11-22:5, 42:6-47:2; Transcript of July 2, 2009 Pretrial Conference at 18:5-21:9 (copies of the relevant transcript pages are attached as Exhibit D). It should now deny any further discovery

Exxon's belated request to add NYW and the Water Board as parties is not a reason either for allowing Exxon to unnecessarily lengthen the trial with numerous new, irrelevant and repetitive witnesses or to obtain discovery. Exxon was well aware of the relationship between the City, NYW and the Water Board entities no later, and likely far earlier, than four months ago when it submitted the expert report of Susan Tierney. In her report, Dr. Tierney summarizes that relationship, describing NYW's primary purpose as "to finance the capital needs of the water and sewer system of New York City" and the Water Board's as "to set rates for New York City's water and sewer services sufficient to pay the costs of operating and financing systems that provide these utility services." Expert Report of Susan Tierney at 5-6. (A copy of Dr. Tierney's Expert Report (without the appendices) is attached as Exhibit E). Dr. Tierney also identifies the board membership of NYW. *Id.* Later in her report, Dr. Tierney discusses in detail the rate setting function of the Water Board and obligations of NYW, relying, among other documents, on the July 1, 1985 Financing Agreement between the City, NYW and the Water Board, one of the documents cited by Exxon to support purported "recent discovery" of the NYW and Water Board roles with respect to the City's water supply (attached as Exhibit F to the previously submitted June 23, 2009 Letter to the Court from Peter Sacripanti). Tierney Expert Report at 13-17. Indeed, the relationship among the three entities is a matter of public record; Dr. Tierney's report is rife with citations to the web pages of the City, NYW and the Water Board where the documents and relationships she describes (and which Exxon asserts were unknown) are available and fully explained. Having had ample opportunity to take discovery of NYW and the Water Board during the past five years had it wanted, Exxon should not be permitted to take that discovery less than three weeks before trial. Nor should Exxon be permitted to belatedly designate 26 additional witnesses to make up for its previous failure to conduct discovery or to force that discovery now.

Dependability Study Consultant (3 new witnesses)

Exxon has added three witnesses from Camp, Dresser & McKee ("CDM"), one of the two consultant firms that comprise the Dependability Study joint venture: Matthew Gamache, Gary Kroll, and Daniel O'Rourke. In its letter responding to Judge Hedges' order, Exxon asserted that it added these witnesses to authenticate documents and for their knowledge of the City wells to be used for Dependability. As Exxon had already designated a custodian of documents from CDM on its original exhibit list, adding individuals to authenticate documents is unnecessary. But in any event, the parties are stipulating as to the authenticity of documents produced by their consultants, making testimony from these witnesses doubly unnecessary. As to their knowledge of the City wells involved in the Dependability Study, Exxon has not offered any reason why these witnesses should be added now when they were not on Exxon's original list or explained how any testimony from these three witnesses on use of wells will not simply be repetitive.

Finally, Matthew Gamache, the one witness who Exxon deposed and who Exxon should therefore be knowledgeable about, is a groundwater flow and contaminant transport modeler; it is difficult to see how his testimony could be relevant to Phase 1.

City Department of Environmental Protection (3 new witnesses)

Exxon has also designated three new DEP witnesses:[5] James Mueller, the Deputy Commissioner of the Bureau of Engineering, Design and Construction, DEP's capital construction bureau; Joseph Murin, the Assistant Commissioner for Budget; and Florence Mak, a staff engineer who works on the Dependability Study. All of these witnesses were known to Exxon long ago. In its letter to Judge Hedges, Exxon suggests that it added Mr. Mueller because he has knowledge of the Dependability Study. But Mr. Mueller has been Deputy Commissioner of the DEP Bureau responsible for the Dependability Study since well before June 8, 2009, when Exxon submitted its original Phase 1 witness list, and Exxon offers no justification for his belated designation. *See* Transcript of Deposition of Venetia Barnes, dated January 23, 2009 ("Barnes Tr."), at 169:2-13. Transcript of the Deposition of William Meakin, taken April 22, 2009 ("Meakin Tr."), at 164:24-165:13. (Copies of the cited deposition transcript pages are attached as Exhibit E.) Similarly, Exxon asserts that Ms. Mak is the new current head of Dependability Study at DEP. But as early as in April 2009, Ms. Mak was identified as responsible for the day-to-day oversight of Dependability Study, and Exxon has not asserted that her role has changed. Meakin Tr. at 36; *see also* Barnes Tr at 168:18-169:1. Finally, while Exxon correctly notes that the City recently offered to make Mr. Murin available for a limited deposition on the changes in the Station 6 budget between the City's January 2009 and May 2009 proposed capital commitment plans, Exxon has neither suggested that Mr. Murin's budget responsibilities were previously unknown to it nor that his trial testimony would be limited to that recent budget modification. In fact, Exxon knew of Mr. Murin well before submission of its original witness list. *See*, *e.g.*, Meakin Tr. at 165:14-166:24.

In the absence of any acceptable justification for Exxon's wholesale flouting of the Court's rules, its amended Phase 1 witness list should be rejected.

Respectfully submitted,

Victor M. Sher

Cc:   All Counsel (via LNFS)

---

[5] Exxon identified two additional DEP witnesses (Kathryn Garcia and Thomas Tengelsen) who were already listed on the City's phase 1 witness list, purportedly to ensure that Exxon could call them if the City decided not to. As they were already on the City's witness list, the City does not object to Exxon's addition of these witnesses, but notes that given both parties' reservation of the right to call any witness listed by the other party, Exxon did not need to amend its witness list, but only to serve subpoenas – subpoenas which counsel for the City has willingly agreed to accept.

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

In Re: Methyl Tertiary Butyl Ether ("MTBE")          Master File C.A. No.
Products Liability Litigation                        1:00-1898 (SAS)
                                                     MDL 1358

---

**This Document Relates to:**

*City of New York v. Amerada Hess Corp., et al.*, Case Number 04-CIV-3417

## DEFENDANT EXXON MOBIL CORPORATION'S PHASE I TRIAL WITNESS LIST

Defendants Exxon Mobil Corporation, ExxonMobil Chemical Company, Inc., Exxon Mobil Oil Corporation, and Mobil Corporation (collectively "ExxonMobil"), by and through their attorneys, MCDERMOTT WILL & EMERY LLP, hereby make the following pre-trial disclosure of witnesses.  ExxonMobil reserves its right to supplement this disclosure and call additional witnesses up to and including at the time of trial.  ExxonMobil further reserves its right to supplement this list in light of any decision or order that subsequently may be issued by the Court.

ExxonMobil expects to call the following witnesses during Phase I of trial:

| Name | Address | Telephone |
|---|---|---|
| 1. Barnes, Venetia | NYCDEP<br>96-05 Horace Harding Expressway, 4th Fl.<br>Corona, NY 11368 | (718) 595-4771 |
| 2. Bell, Marnie | Malcolm Pirnie<br>2701 Queens Plaza North<br>Suite 800<br>Long Island City, NY 11101 | (718) 446-0116 |

| | | |
|---|---|---|
| 3. Cohen, Donald | Malcolm Pirnie<br>2701 Queens Plaza North<br>Suite 800<br>Long Island City, NY 11101 | (718) 446-0116 |
| 4. Dydland, John | NYCDEP<br>59-17 Junction Blvd.<br>Flushing, NY 11373 | (718) 353-0455 |
| 5. Lawitts, Steven W. | NYCDEP<br>59-17 Junction Boulevard<br>19th Floor<br>Flushing, NY 11373 | (718) 595 - 6600 |
| 6. Lloyd, Emily | Trinity Church Real Estate<br>75 Varick Street<br>2nd Floor<br>New York, NY 10013 | (212) 602-0867 |
| 7. Meakin, William | NYCDEP<br>96-05 Horace Hrading<br>Expressway, 4th Fl.<br>Corona, NY 11368 | (718) 595-4771 |
| 8. Moss, Allen | New York City Water Board<br>Dept of Env. Protection<br>59-17 Junction Boulevard, 8th<br>Floor<br>Flushing, NY 11373 | |
| 9. Rush, Paul V. | NYCDEP<br>Bureau of Water Supply<br>New York, NY | |
| 10. Thornhill, Glen | 84 Putnam Park Rd<br>Bethel CT, 06801 | (203) 798-7332 |
| 11. Tierney, Susan | Analysis Group<br>111 Huntington Avenue<br>Tenth Floor<br>Boston, MA  02199 | (617)-425-8000 |
| 12. Yulinsky, William | NYCDEP<br>164-21 110 Ave.<br>Jamaica, NY 11433 | |
| 13. "Custodian of<br>Records" for Camp<br>Dresser & McKee | One Cambridge Place<br>50 Hampshire Street<br>Cambridge, MA 02139 | (617) 452-6000 |

| | | | |
|---|---|---|---|
| 14. | "Custodian of Records" for Hazen & Sawyer | 498 Seventh Avenue 11th Floor New York, NY 10018 | (212) 777-8400 |
| 15. | "Custodian of Records" for Helen Neuhaus & Associates | 460 Park Ave South Suite 202 New York, NY 10016 | (212) 532-4175 |
| 16. | "Custodian of Records" for Leggette, Brashears & Graham, Inc. | 6 Arrow Road Ramsey, NJ 07446 | (201) 818-0700 |
| 17. | "Custodian of Records" for Malcolm Pirnie, Inc. | 27-01 Queens Plaza North Suite 800 Long Island City, NY 11101 | (718) 446-0116 |
| 18. | "Custodian of Records" for New York City Municipal Water Finance Authority | 75 Park Place 6th Floor New York, NY 10007 | (212) 788-5889 |
| 19. | "Custodian of Records" for New York City Water Board | 59-17 Junction Boulevard 8th Floor Flushing, NY 11373 | |
| 20. | "Custodian of Records" for New York State Department of Environmental Conservation | 625 Broadway Albany, NY 12233-0001 | |
| 21. | "Custodian of Records" for New York State Department of Health | Corning Tower Empire State Plaza Albany, NY 12237 | |
| 22. | "Custodian of Records" for the New York State Assembly | Public Information Office Albany, NY | (518) 455-4218 |

| 23. | "Custodian of Records" for the NYCDEP | 59-17 Junction Boulevard 19th Floor Flushing, NY 11373 | |
|---|---|---|---|
| 24. | "Custodian of Records" for the Regional Office of the NYSDEC | 1 Hunter's Point Plaza 47-40 21st Street Long Island City, NY 11101 | |
| 25. | "Custodian of Records" for United States EPA | Region 2 Office 290 Broadway New York, NY 10007 | (212) 637-3000 |

In addition, if the need arises, ExxonMobil may call the following witnesses:

1.      Any witness identified on Plaintiff's or any other party's witness list or called by Plaintiff or another party to testify at trial.

2.      Any witnesses who may be necessary to establish the authenticity and admissibility of documents, to the extent that such issues are not resolved by agreement of the parties.


June 8, 2009
New York, New York

*Stephen J. Riccardulli*

Peter John Sacripanti
James A. Pardo
Stephen J. Riccardulli
McDermott, Will & Emery
340 Madison Avenue
New York, New York  10173

*Counsel for Defendant Exxon Mobil Corporation*

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

In Re: Methyl Tertiary Butyl Ether ("MTBE")          Master File C.A. No.
Products Liability Litigation                         1:00-1898 (SAS)
                                                      MDL 1358

_____

**This Document Relates to:**

*City of New York v. Amerada Hess Corp., et al.*, Case Number 04-CIV-3417

<u>**DEFENDANT EXXON MOBIL CORPORATION'S**
**AMENDED PHASE I TRIAL WITNESS LIST**</u>

Defendants Exxon Mobil Corporation, ExxonMobil Chemical Company, Inc., Exxon

Mobil Oil Corporation, and Mobil Corporation (collectively "ExxonMobil"), by and through

their attorneys, MCDERMOTT WILL & EMERY LLP, hereby make the following pre-trial

disclosure of witnesses. ExxonMobil reserves its right to supplement this disclosure and call

additional witnesses up to and including at the time of trial. ExxonMobil further reserves its

right to supplement this list in light of any decision or order that subsequently may be issued by

the Court.

ExxonMobil expects to call the following witnesses during Phase I of trial:

| Name | Address | Telephone |
|------|---------|-----------|
| 1.  Anders, Alan L. | NYC Municipal Water Finance Authority<br>75 Park Place, 6th Floor<br>New York, NY 10007 | (212) 788-5889 |
| 2.  Balducci, Robert L. | NYC Municipal Water Finance Authority<br>75 Park Place, 6th Floor<br>New York, NY 10007 | (212) 788-5889 |

| | | |
|---|---|---|
| 3. Barnes, Venetia | NYCDEP<br>96-05 Horace Harding<br>Expressway, 4th Fl.<br>Corona, NY 11368 | (718) 595-4771 |
| 4. Bell, Marnie | Malcolm Pirnie<br>2701 Queens Plaza North<br>Suite 800<br>Long Island City, NY 11101 | (718) 446-0116 |
| 5. Capoccia, Donald | NYC Water Board<br>59-17 Junction Blvd., 8th Fl.<br>Flushing, NY 11373 | (718) 595-3586 |
| 6. Cohen, Donald | Malcolm Pirnie<br>2701 Queens Plaza North<br>Suite 800<br>Long Island City, NY 11101 | (718) 446-0116 |
| 7. Davis, Dawn S. | NYC Water Board<br>59-17 Junction Blvd., 8th Fl.<br>Flushing, NY 11373 | (718) 595-3586 |
| 8. Dydland, John | NYCDEP<br>59-17 Junction Blvd.<br>Flushing, NY 11373 | (718) 353-0455 |
| 9. Emilio, Carmelo | NYC Water Board<br>59-17 Junction Blvd., 8th Fl.<br>Flushing, NY 11373 | (718) 595-3586 |
| 10. Gamache, Mathew | CDM<br>One Cambridge Place<br>50 Hampshire Street<br>Cambridge, MA 02139 | (617) 452-6000 |
| 11. Garcia, Kathryn | NYC Dept. of Environmental<br>Protection<br>59-17 Junction Boulevard<br>Flushing, NY 11373 | (718) 595-6278 |
| 12. Grannis, Alexander B. | NYC Municipal Water Finance<br>Authority<br>75 Park Place, 6th Floor<br>New York, NY 10007 | (212) 788-5889 |
| 13. Henning, Marjorie E. | NYC Municipal Water Finance<br>Authority<br>75 Park Place, 6th Floor<br>New York, NY 10007 | (212) 788-5889 |

| 14. Hill, Arthur B. | NYC Municipal Water Finance Authority<br>75 Park Place, 6th Floor<br>New York, NY 10007 | (212) 788-5889 |
|---|---|---|
| 15.  Howell, Amaziah | NYC Water Board<br>59-17 Junction Blvd., 8th Fl.<br>Flushing, NY 11373 | (718) 595-3586 |
| 16. Kenny, Peter . | NYC Municipal Water Finance Authority<br>75 Park Place, 6th Floor<br>New York, NY 10007 | (212) 788-5889 |
| 17. Kroll, Gary | CDM<br>1375 Broadway, Suite 1401<br>New York, NY 10018 | (212) 221-9462 |
| 18. Kusterbeck, William | NYC Water Board<br>59-17 Junction Blvd., 8th Fl.<br>Flushing, NY 11373 | (718) 595-3586 |
| 19. Lawitts, Steven W. | NYCDEP<br>59-17 Junction Boulevard<br>19th Floor<br>Flushing, NY 11373 | (718) 595 - 6600 |
| 20.  Levine, Michele Mark | NYC Municipal Water Finance Authority<br>75 Park Place, 6th Floor<br>New York, NY 10007 | (212) 788-5889 |
| 21. Lloyd, Emily | Trinity Church Real Estate<br>75 Varick Street<br>2nd Floor<br>New York, NY 10013 | (212) 602-0867 |
| 22. Mak, Florence | NYCDEP<br>96-05  Horace Harding Expressway<br>Corona, NY 11368 | (718) 595-5491 |
| 23. Meakin, William | NYCDEP<br>96-05 Horace Hrading Expressway, 4th Fl.<br>Corona, NY 11368 | (718) 595-4771 |
| 24. Moncure Jr., Albert F. | NYC Water Board<br>59-17 Junction Blvd., 8th Fl.<br>Flushing, NY 11373 | (718) 595-3586 |

| | | |
|---|---|---|
| 25. Moran, Eileen T. | NYC Municipal Water Finance Authority<br>75 Park Place, 6th Floor<br>New York, NY 10007 | (212) 788-5889 |
| 26. Moss, Alan | New York City Water Board<br>Dept of Env. Protection<br>59-17 Junction Boulevard, 8th Floor<br>Flushing, NY 11373 | (718) 595-3586 |
| 27. Mueller, James | NYC Department of Environmental Protection<br>New York, NY | (718)595-5973 |
| 28. Murin, Joseph | NYC Department of Environmental Protection<br>New York, NY | (718) 595-6936 |
| 29. Orlando, Raymond | NYC Municipal Water Finance Authority<br>75 Park Place, 6th Floor<br>New York, NY 10007 | (212) 788-5889 |
| 30. O'Rourke, Daniel | CDM (Watershed Division)<br>Raritan Plaza I, Raritan Center<br>Edison, NJ 08818 | |
| 31. Page, Mark | NYC Municipal Water Finance Authority<br>75 Park Place, 6th Floor<br>New York, NY 10007 | (212) 788-5889 |
| 32. Paolicelli, Thomas G. | NYC Municipal Water Finance Authority<br>75 Park Place, 6th Floor<br>New York, NY 10007 | (212) 788-5889 |
| 33. Patel, Mehul | NYC Water Board<br>59-17 Junction Blvd., 8th Fl.<br>Flushing, NY 11373 | (718) 595-3586 |
| 34. Rush, Paul V. | NYCDEP<br>Bureau of Water Supply<br>New York, NY | (718) 999-2022 |
| 35. Shaw, Marc V. | NYC Municipal Water Finance Authority<br>75 Park Place, 6th Floor<br>New York, NY 10007 | (212) 788-5889 |
| 36. Starck, Martha E. | NYC Municipal Water Finance Authority<br>75 Park Place, 6th Floor<br>New York, NY 10007 | (212) 788-5889 |

| | | |
|---|---|---|
| 37. Tengelsen, Thomas | New York City Department of Environmental Protection<br>164-21 110 Avenue<br>Jamaica, New York 11433 | |
| 38. Thornhill, Glen | 84 Putnam Park Rd<br>Bethel CT, 06801 | (203) 798-7332 |
| 39. Tierney, Susan | Analysis Group<br>111 Huntington Avenue<br>Tenth Floor<br>Boston, MA 02199 | (617)-425-8000 |
| 40. Ulrey, Prescott D. | NYC Municipal Water Finance Authority<br>75 Park Place, 6th Floor<br>New York, NY 10007 | (212) 788-5889 |
| 41. Werner, Jeffrey M. | NYC Municipal Water Finance Authority<br>75 Park Place, 6th Floor<br>New York, NY 10007 | (212) 788-5889 |
| 42. Yulinsky, William | NYCDEP<br>164-21 110 Ave.<br>Jamaica, NY 11433 | (718) 595-5272 |
| 43. "Custodian of Records" for Amawalk Consulting Group LLC | 26 Broadway, #761<br>New York, NY 10004-1703 | (212) 361-0050 |
| 44. "Custodian of Records" for Camp Dresser & McKee | One Cambridge Place<br>50 Hampshire Street<br>Cambridge, MA 02139 | (617) 452-6000 |
| 45. "Custodian of Records" for Hazen & Sawyer | 498 Seventh Avenue<br>11th Floor<br>New York, NY 10018 | (212) 777-8400 |
| 46. "Custodian of Records" for Helen Neuhaus & Associates | 460 Park Ave South<br>Suite 202<br>New York, NY 10016 | (212) 532-4175 |
| 47. "Custodian of Records" for Lamont Financial Services | 201 Willowbrook Blvd, 5th Floor<br>Wayne, NJ 07470 | (973) 785-8900 |

| | | | |
|---|---|---|---|
| | Corporation | | |
| 48. | "Custodian of Records" for Leggette, Brashears & Graham, Inc. | 6 Arrow Road<br>Ramsey, NJ 07446 | (201) 818-0700 |
| 49. | "Custodian of Records" for Malcolm Pirnie, Inc. | 27-01 Queens Plaza North<br>Suite 800<br>Long Island City, NY 11101 | (718) 446-0116 |
| 50. | "Custodian of Records" for Metcalf & Eddy of New York, Inc./AECOM | 605 Third Avenue<br>New York, NY 10158 | (212) 973-2900 |
| 51. | "Custodian of Records" for New York City Municipal Water Finance Authority | 75 Park Place<br>6th Floor<br>New York, NY 10007 | (212) 788-5889 |
| 52. | "Custodian of Records" for New York City Water Board | 59-17 Junction Boulevard<br>8th Floor<br>Flushing, NY 11373 | |
| 53. | "Custodian of Records" for New York State Department of Environmental Conservation | 625 Broadway<br>Albany, NY 12233-0001 | |
| 54. | "Custodian of Records" for New York State Department of Health | Corning Tower<br>Empire State Plaza<br>Albany, NY 12237 | |
| 55. | "Custodian of Records" for the New York State Assembly | Public Information Office<br>Albany, NY | (518) 455-4218 |
| 56. | "Custodian of Records" for the | 59-17 Junction Boulevard<br>19th Floor | |

| | | | |
|---|---|---|---|
| | NYCDEP | Flushing, NY 11373 | |
| 57. | "Custodian of Records" for Orrick, Herrington & Sutcliffe LLP | 666 Fifth Avenue<br>New York, NY 10103-0001 | (212)506-5000 |
| 58. | "Custodian of Records" for the Regional Office of the NYSDEC | 1 Hunter's Point Plaza<br>47-40 21st Street<br>Long Island City, NY 11101 | |
| 59. | "Custodian of Records" for Ramirez & Co., Inc. | 61 Broadway, Suite 2924<br>New York, New York 10006 | (800) 888-4086 |
| 60. | "Custodian of Records" for United States EPA | Region 2 Office<br>290 Broadway<br>New York, NY 10007 | (212) 637-3000 |

In addition, if the need arises, ExxonMobil may call the following witnesses:

1.    Any witness identified on Plaintiff's or any other party's witness list or called by Plaintiff or another party to testify at trial.

2.    Any witnesses who may be necessary to establish the authenticity and admissibility of documents, to the extent that such issues are not resolved by agreement of the parties.

July 7, 2009
New York, New York

*Stephen J. Riccardulli*

Peter John Sacripanti (PS 8968)
James A. Pardo (JP 9018)
Stephen J. Riccardulli (SR 7784)
McDermott, Will & Emery
340 Madison Avenue
New York, New York  10173
Tel: (212) 547-5400
Fax: (212) 547-5444

Jennifer Kalnins Temple (JK 3274)
McDermott Will & Emery LLP
18191 Von Karman Avenue, Suite 500
Irvine, CA  92612-7108
Tel: (949) 757-7128
Fax: (949) 851-9348

*Counsel for Defendant Exxon Mobil
Corporation*

# EXHIBIT C



Stephen J. Riccardulli
Attorney at Law
sriccardulli@mwe.com
+1 212 547 5579

Boston  Brussels  Chicago  Düsseldorf  Houston  London  Los Angeles  Miami  Milan
Munich  New York  Orange County  Rome  San Diego  Silicon Valley  Washington, D.C.

Strategic alliance with MWE China Law Offices (Shanghai)

July 10, 2009

<u>**VIA ELECTRONIC MAIL**</u>

Special Master Ronald J. Hedges
484 Washington Avenue
Hackensack, New Jersey 07601

     Re:    <u>Master File C.A. No. 1:00-1898 (SAS), M21-88, MDL No. 1358</u>
            City of New York v. Amerada Hess Corp, et al.
            *ExxonMobil's Amended Phase I Witness List*

Dear Special Master Hedges:

As per your directive at during the July 9 teleconference, Exxon Mobil Corporation ("ExxonMobil") respectfully submits the following identification of additional witnesses along with a one-sentence description as to why each witness was added to ExxonMobil's Phase I witness list.[1]

    1.    Alan Anders – CEO of the NYC Municipal Water Finance Authority ("MWFA"), a recently joined Rule 19 necessary party, of which ExxonMobil has not had the opportunity to take discovery.

    2.    Robert Balducci – Assistant Comptroller of the MWFA, a recently joined Rule 19 necessary party, of which ExxonMobil has not had the opportunity to take discovery.

    3.    Donald Capoccia – Board Member of the New York City Water Board ("Water Board."), a recently joined Rule 19 necessary party, of which ExxonMobil has not had the opportunity to take discovery.

    4.    Dawn S. Davis – Board Member of the Water Board, a recently joined Rule 19 necessary party, of which ExxonMobil has not had the opportunity to take discovery.

---

[1]  As previously noted, ExxonMobil respectfully submits that this issue be resolved by the Court as it relates to other issues before the Court regarding ExxonMobil's ability to take discovery from Plaintiffs. Notwithstanding ExxonMobil's objection, we submit this letter in compliance with your directive.

5.      Carmelo Emilio – Deputy Treasurer of the Water Board, a recently joined Rule 19 party, of which ExxonMobil has not had the opportunity to take discovery.

6.      Matthew Gamache – 30(b)(6) witness from CDM (NYC consultant on dependability). Knowledge as to wells to be used for Dependability and to authenticate documents regarding same.

7.      Kathryn Garcia – New York City Department of Environmental Protection Chief of Staff. Identified on Plaintiff's Phase I list; added to ExxonMobil's Phase I witness list to ensure her testimony should the City decide not to call her at trial.

8.      Alexander Grannis – Member of the Board of the MWFA, a recently joined Rule 19 necessary party, of which ExxonMobil has not had the opportunity to take discovery.

9.      Marjorie E. Henning – Secretary of the MWFA, a recently joined Rule 19 necessary party, of which ExxonMobil has not had the opportunity to take discovery.

10.     Arthur B. Hill – Board Member of the MWFA, a recently joined Rule 19 necessary party, of which ExxonMobil has not had the opportunity to take discovery.

11.     Amaziah Howell – Board Member of Water Board, a recently joined Rule 19 necessary party, of which ExxonMobil has not had the opportunity to take discovery.

12.     Peter Kenny – Board Member of the MWFA, a recently joined Rule 19 necessary party, of which ExxonMobil has not had the opportunity to take discovery.

13.     Gary Kroll – 30(b)(6) witness from CDM (NYC consultant on dependability). Knowledge as to wells to be used for Dependability and to authenticate documents regarding same.

14.     William Kusterbeck – Treasurer of Water Board, a recently joined Rule 19 necessary party, of which ExxonMobil has not had the opportunity to take discovery.

15.     Michele Mark Levine – Comptroller of the MWFA, a recently joined Rule 19 necessary party, of which ExxonMobil has not had the opportunity to take discovery.

16. Florence Mak – Employee within the DEP. Replaced William Meakin and is current head of Dependability project.

17. Albert F. Moncure, Jr. – Secretary of the Water Board, a recently joined Rule 19 necessary party, of which ExxonMobil has not had the opportunity to take discovery.

18. Eileen T. Moran – Deputy Comptroller of the MWFA, a recently joined Rule 19 necessary party, of which ExxonMobil has not had the opportunity to take discovery.

19. James Mueller – Director of Facilities Planning and Design for the Bureau of Engineering Design and Construction, which oversees the Dependability Project. Knowledge as to City's intentions regarding the Dependability program.

20. Joseph Murin – Assistant Commissioner of Budget for Department of Environmental Protection. Identified on June 29, 2009 (after deadline for Phase I witness lists) as the City's 30(b)(6) witness for the deposition ordered by the Court on changes to Station 6 funding in City's 2009 budget.

21. Raymond Orlando – Manager of Investor Relations for the MWFA, a recently joined Rule 19 necessary party, of which ExxonMobil has not had the opportunity to take discovery.

22. Daniel O'Rourke – 30(b)(6) witness from CDM (NYC consultant on dependability). Knowledge as to wells to be used for Dependability and to authenticate documents regarding same.

23. Mark Page – former Board Member of the MWFA, a recently joined Rule 19 necessary party, of which ExxonMobil has not had the opportunity to take discovery.

24. Thomas Paolicelli – Executive Director of the MWFA, a recently joined Rule 19 necessary party, of which ExxonMobil has not had the opportunity to take discovery.

25. Mehul Patel - Board Member of the Water Board, a recently joined Rule 19 necessary party, of which ExxonMobil has not had the opportunity to take discovery.

26. Marc V. Shaw – Board Member of the MWFA, a recently joined Rule 19 necessary party, of which ExxonMobil has not had the opportunity to take discovery.

27. Martha E. Starck – Board Member of the MWFA, a recently joined Rule 19 necessary party, of which ExxonMobil has not had the opportunity to take discovery.

28. Thomas Tengelsen - Employee of both the former Jamaica Water Supply Company and City of New York DEP. Identified both on Defendant's original witness list and on Plaintiff's Phase I list to testify as to numerous topics, including the City's knowledge and subsequent actions regarding MTBE detections in City of New York wells.

29. Prescott D. Ulrey – Assistant Secretary of the MWFA, a recently joined Rule 19 necessary party, of which ExxonMobil has not had the opportunity to take discovery.

30. Jeffrey M. Werner – Assistant Secretary of the MWFA, a recently joined Rule 19 necessary party, of which ExxonMobil has not had the opportunity to take discovery.

Respectfully submitted,

*Stephen J. Riccardulli*

Stephen J. Riccardulli

cc:     Daniel Greene, Esq.
        Nick Campins, Esq.

# EXHIBIT D

96PFMTBC

1   UNITED STATES DISTRICT COURT
1   SOUTHERN DISTRICT OF NEW YORK
2   ----------------------------x
2
3   IN RE:  MTBE, et al.            00 MDL 1358 (SAS)
3   ----------------------------x
4                          New York, N.Y.
4                          June 25, 2009
5                          5:30 p.m.
5
6   Before:
6
7            HON. SHIRA A. SCHEINDLIN,
7
8                    District Judge
8
9                    APPEARANCES
9
10  MICHAEL A. CARDOZO
10      Corporation Counsel of the City of New York
11      Attorneys for City Plaintiffs
11  BY  SUSAN E. AMRON
12      WILLIAM PLACHE
12      JOSHUA STEIN
13          -and-
14  SHER LEFF LLP
14  BY: VICTOR M. SHER
15
16  GREENBERG GLUSKER
16      Attorneys for Plaintiffs
17  BY: ROBERT S. CHAPMAN
17
18  MCDERMOTT, WILL & EMERY
18      Attorneys for Defendant Exxon Mobil
19  BY:  PETER JOHN SACRIPANTI
19      JAMES PARDO
20      WILLIAM STACK
20      STEPHEN RICCARDULLI
21      JENNIFER KALNINS TEMPLE
21
22
23
24
25

11          MR. SACRIPANTI:  Well, I'd like to take the deposition

12     of those people, and I'm happy to do that.  I don't know if

13     they're -- I don't know if it's untimely.  I don't know if

14     there's relation back.  I can't get into that until they

15     substitute the Water Board.

16          THE COURT:  Not substitute, I think they would add as

17     a party plaintiff.

18          MR. SACRIPANTI:  I'd like to take some discovery.

19     Your Honor, we don't want to delay the trial.  We'll do this in

20     as compressed time as -- if they're going to add the Water

21     Board and the Water Authority, they can do that, we'll take

22     these depositions.  If we think there's other issues, we'll

23     come back to the Court.  The point is, they're the right

24     parties, they should be in this lawsuit.  If we can take the

25     deposition and figure out, because I'm not an expert on this.

96PFMTBC

1   The City apparently did not explain it, frankly, because

2   they're not jumping up and down telling me I'm wrong --

3        THE COURT:  They don't want to interrupt you because

4   they're courteous lawyers, and when I call on them they'll be

5   heard.

6        MR. SACRIPANTI:  I believe they are.

7        THE COURT:  Go ahead.

8        MR. SACRIPANTI:  I guess, Mr. Riccardulli reminds me

9   the discovery, if we take the depositions, if the City is going

10  to add them, we'd like to argue whether they're necessary

11  parties or not.  I admit as I sit here today, I don't know all

12  about this because I know what I know from doing the research,

13  I'm not an expert in it, but I know clearly based on everything

14  I've seen every dime gets reimbursed, every capital

15  expenditure, and that's what this case is really about, your

16  Honor.  It's not about the 900,000 plus interest that the City

17  has claimed.  It's about this capital expenditure for Station 6

18  for whatever the costs might be, and that's a future damage and

19  they can't spend that money, they can't do it unless the Water

20  Board says you shall do that.  And we'd like to do that through

21  discovery as well.

22

96PFMTBC

          MR. SACRIPANTI:  I have a request.  I would like

7  discovery of the Water Board and the Water Finance Authority so

8  we can --

9       THE COURT:  According to the City's attorney a few

10  minutes ago you deposed both in October.

11       MR. SACRIPANTI:  Oh, no, ma'am.  One of the lawyers in

12  the MTBE multidistrict case served a subpoena asking for MTBE

13  documents.  There was never an answer by the Water Board.

14  Ms. Amron wrote back saying they have no documents.

15       THE COURT:  I see.  So there was no deposition?

16       MR. SACRIPANTI:  No, ma'am, and I would request an

17  immediate deposition of these people to see whether, who has

18  the rights here, because it's lawyers getting up in court

19  interpreting documents.

20       THE COURT:  It's worse yet to have them interpret it.

21  You already heard Ms. Amron saying they don't think they own

22  the well.  You really want their perception?  It's a legal

23  issue.  That's why I looked to the New York Court of Appeals

24  for the answer.  Some 30(b)(6) person from the Water Board is

25  less critical on this probably than any of us sitting here.

1   We're lawyers.  If a person says, gee, I don't think we own

2   this, does that help you?

3       MR. SACRIPANTI:  I think if somebody says we do and we

4   are involved and they can't build capital projects unless we

5   say so --

6       THE COURT:  That would be directly contrary to what

7   we've already heard.

8       MR. SACRIPANTI:  I would like the opportunity.  If

9   this had been disclosed to us, we would have taken this

10  deposition.

11      THE COURT:  I'm sure.

12      MR. SACRIPANTI:  I would like the deposition at least

13  of the Water Board and of the Finance Authority and maybe

14  they'll say it and maybe they won't, I don't know, but sitting

15  here in Court, we're at least I would respectfully submit

16  entitled to that and I will end on that.

17      MS. AMRON:  Your Honor, the Water Board and the Water

18  Authority and the relationship between them have been known, I

19  mean, it's public to begin with, but even aside from the fact

20  that it is easily discovered, as Mr. Sacripanti was able to do,

21  their own expert explained the relationship between the Water

22  Board, the Water Authority and the City in an expert report

23  that was submitted months ago.

24      THE COURT:  What report was that?

25      MS. AMRON:  That's the report of Susan Tierney, who is

1   one of the defense experts, and she was talking about the

2   relationship in terms of the rates and whether the rates should

3   be raised. They've known about this for a long time, and in

4   fact, the discovery last year were document subpoenas and we

5   spoke to the respective agencies and they had nothing --

6       THE COURT: Right, but what they requested at the time

7   was MTBE-related documents. That's quite different than do you

8   have the final approval right before a project is funded. That

9   seems to be the only question worth asking, so it may be a

10   five-minute deposition, but somehow I doubt it.

11       MS. AMRON: I doubt it, too. They've known about

12   these entities for a long time.

13       THE COURT: So you think they've laid out and raised

14   it on the eve of trial.

15       MS. AMRON: Yes. And as Mr. Sacripanti said last week

16   when we were trying to talk about authenticating documents

17   there's a lot of other work to be done to get ready for trial

18   other than in his case authenticating documents and doing

19   depositions. What we'd like to propose if this is a concern is

20   that we provide a declaration from each of the entities --

21       THE COURT: To answer the question that Mr. Sacripanti

22   is particularly interested in is if the affiant says we do or

23   do not have more than the authority, the obligation to approve

24   capital projects before they're undertaken.

25       MS. AMRON: Yes, and we will get those declarations,

96PFMTBC

1    and if they say yes, we'll discuss that, and if they say no,

2    that should be the end of it.

3        MR. SACRIPANTI:  Well, your Honor, not subject to

4    examination, I must say an expert that we retained did say they

5    raise rates this way.  Never said who had ownership.  This is

6    about who has ownership.

7        THE COURT:  I understand.  Look, my guess is they both

8    have ownership, that's what the Court of Appeals was telling

9    us.  You started out by saying it.  You talked about a

10    reversionary interest.  That means both entities have an

11    ownership interest.

12        MR. SACRIPANTI:  Oh, I agree.

13        THE COURT:  If you agree, what's the problem?

14        MR. SACRIPANTI:  Because under the agreements, your

15    Honor, they can't build a capital project --

16        THE COURT:  You keep saying that.  That's why she

17    wants to put a declaration in.

18        MR. SACRIPANTI:  I would like an opportunity to

19    question.

20        THE COURT:  Why don't you see what the declaration is?

21    I am prepared to take up both suggestions.  But we have to move

22    fast.  We have a trial date of July 20.  I am told the total

23    trial would last three and a half months.  I'm counting on

24    that.  I want it to end November.  If I'm going to be sitting

25    here for three months, I want it to end November 1.  That's why

96PFMTBC

1   I want it to begin.

2          Can you get the declarations in by close of business

3   Monday?  That's all it's going to say.  You get in touch with

4   who you need and write it up.  You won't get ahold of anybody

5   tonight, God forbid a City worker other than you and

6   Mr. Plache, I don't think you'll find another City employee

7   working, but try tomorrow, try early.  Don't try to call them

8   at 2:00, call them at 9:00.  Try to get a declaration, then

9   we'll see.

10          Depending on what the declaration says, I may be open

11   to a quick deposition and try to pin this thing down and not

12   waste three and a half months on trial and then hear that

13   exactly what Mr. Sacripanti is worried about could happen,

14   namely, recover -- I'll make up a nice low number -- recover a

15   million dollars from Exxon, then you put it in the budget and

16   you do the project, and the Water Finance Authority reimburses

17   and says, good, now I'm going to go after Exxon, I had to spend

18   out that money reimbursing you because of them.  Exxon says,

19   wait a minute, I thought I was tried, there was a verdict and I

20   thought I paid.  Now another entity is coming after me?  That's

21   another problem right there.

22          Because let's say you get this million dollars from

23   Exxon.  Do you have to spend it to reimburse yourself for the

24   project or can it go into the general operating budget for the

25   City of New York such that you're still going to get reimbursed

SOUTHERN DISTRICT REPORTERS, P.C.

(212) 805-0300

96PFMTBC

1    from the Water Authority or whatever it's called, the Finance

2    Authority and they're going to look to Exxon again?

3

972UMTBC

 1  UNITED STATES DISTRICT COURT
 1  SOUTHERN DISTRICT OF NEW YORK
 2  ------------------------------x
 2
 3  IN RE:  METHYL TERTIARY BUTYL        00 MDL 1358
 3  ETHER ("MTBE") PRODUCTS              Master File C.A.
 4  LIABILITY LITIGATION              No. 1:00-1898(SAS)
 4
 5  ------------------------------x
 5
 6                          July 2, 2009
 6                          12:15 p.m.
 7
 7  Before:
 8
 8              HON. SHIRA A. SCHEINDLIN
 9
 9                      District Judge
10
10                   APPEARANCES
11
11
12  MICHAEL A. CARDOZO
12      Corporation Counsel of the
13      City of New York
13      Attorney for Plaintiff
14  BY:  SUSAN E. AMRON
14      WILLIAM PLACHE
15      -and-
15  SHER LEFF LLP
16  BY:  VICTOR M. SHER
16      -and-
17  GREENBERG GLUSKER
17  BY:  ROBERT S. CHAPMAN
18
18  McDERMOTT, WILL & EMERY
19      Attorneys for Defendant Exxon Mobil Corp
19  BY:  PETER JOHN SACRIPANTI
20      JAMES PARDO
20      JENNIFER KALNINS TEMPLE
21      STEPHEN J. RICCARDULLI
21
22
23  ALSO PRESENT
23      RONALD J. HEDGES, Special Master

5        THE COURT:  While you are doing that, you may want to

6    take a look at Rule 19(a)(2) which is joinder by court order.

7    The Court can simply order, which would save you the trouble of

8    the September meeting.  If it is really the wise thing to do, I

9    will just order it and add their name and be done with it

10   because I think it is name only.  Once they are added, the

11   lawyers don't change, the issues don't change, nothing much

12   changes, but their claim is extinguished -- if they have any

13   claims, they are extinguished.  They are here.  They are party

14   plaintiffs.

15        MR. SHER:  Let me have the conversation.

16        THE COURT:  What is it, Mr. Sacripanti?

17        MR. SACRIPANTI:  I was going to say, we are going to

18   ask for some discovery.

19        THE COURT:  I know you are going to ask, but I may not

20   give.  You had some discovery.  You had affidavits from these

21   people.  You had the exhibits attached.  And you have known

22   about the water board and the water authority for the longest

23   time.  These board are not new to you.  You didn't know there

24   was a water authority?  You didn't know there was a finance

25   board?

972UMTBC

1          MR. SACRIPANTI:  Your Honor, to be fair, please, we

2     did not know of this arrangement.  There were no documents

3     revealed to us.  Every question we asked in deposition ended

4     with OMB, the office of management and budget in the City.  We

5     now have for the first time have their approved list, what

6     projects they are paying on, what they are not paying on.

7     These open issues as to --

8          THE COURT:  I am not going to use it as an excuse to

9     drag it out.  Even if I gave you a dep, you could do it by the

10     20th of July.  Today is the 2nd.  So don't worry about it.

11

                        *          *          *

18          MR. SHER:  Your Honor, we do not oppose an order from

19     your Honor joining these two entities to the litigation as your

20     Honor deems appropriate.  We obviously oppose a continuance.

21          Moreover, with respect to discovery, we oppose any

22     further discovery.  And the reasons are a combination of the

23     representations that have been made in the declarations that

24     were submitted in connection with this particular dispute.

25          But more importantly, defendants' expert, Dr. Tierney,

SOUTHERN DISTRICT REPORTERS, P.C.

(212) 805-0300

972UMTBC

1   in March submitted a report that went into great detail about

2   the relationship between the board, the authority and the City

3   and capital projects and all of these things.  That was well

4   before the close of discovery, and there was just no follow-up

5   on it.

6       We are -- as your Honor, keeps reminding us, as we are

7   very well aware -- imminent to trial and think discovery on

8   these issues is inappropriate.

9       MR. SACRIPANTI:  If I may respond?

10      We are pleased that the parties will be joined.

11  Ms. Tierney's report did not go into the financing and

12  ownership and leasing issues at all.  There was no indication

13  in that report.  I believe the last time that we were here or

14  the time before, we either showed the Court that or read from

15  that report.

16      We would ask that we would have a deposition.  And we

17  agree, we are ready to go to trial, but we need that deposition

18  before we go to trial.

19      THE COURT:  Why do you need it before you go to trial?

20  What issue does it relate to in phase 1?

21      MR. SACRIPANTI:  It relates to in phase 1 whether or

22  not the City has been reimbursed for their claim.

23      THE COURT:  They have been reimbursed.  You said that

24  the proof is there.  They will let you know if they have read

25  the code right.  Let's assume they have been reimbursed.  The

SOUTHERN DISTRICT REPORTERS, P.C.

(212) 805-0300

972UMTBC

1  party who has laid out the money is now a plaintiff in this

2  case.

3       MR. SACRIPANTI:  That party also may have views on

4  whether or not to construct Station 6 which is at issue here.

5       THE COURT:  I have no idea, but if you wanted to find

6  that out, you could have deposed them.  You knew of their

7  existence.  We had a discovery schedule.  In any event, if I

8  gave you a deposition, I don't understand why it has to be done

9  before we commence the trial.

10       MR. SACRIPANTI:  Your Honor, we can commence the trial

11  as scheduled, and just give us the opportunity to depose and we

12  will subpoena them to trial.

13       THE COURT:  You won't have to subpoena them, they are

14  a party.  There may be individuals.

15       MR. SACRIPANTI:  Well, the executive director.

16       We would also like just if they could produce to us

17  the iterations of this attachment A which every year focused in

18  on what the approved projects were.  There is some discovery

19  that the City has had that has been in possession of this a

20  very long time.  It has not been produced.  Every budget, I

21  think, stops at OMB -- never goes beyond, never says water

22  board, finance authority, none of this stuff.  We would like to

23  see those documents before we go to trial.

24

972UMTBC

18          THE COURT:  Then the City is directed to tell these

19    entities that they need to find the documents that would show

20    any payments for Station 6 from '96 on, show the reimbursement

21    of any payments from '96 on, and they need to do that promptly.

22          As I said earlier, today is July 2.  That has not

23    changed, so they need to produce it no later than July 10.

24    They need to look into their records and find any records of

25    payment, for any Station 6 projects, that's all.  Any Station 6

SOUTHERN DISTRICT REPORTERS, P.C.

(212) 805-0300