**Pejan, Ramin**

**From:** Riccardulli, Stephen [sriccardulli@mwe.com]
**Sent:** Monday, July 13, 2009 5:21 PM
**To:** seth_ard@nysd.uscourts.gov
**Cc:** MDL1358; Ron Hedges; Nick Campins; Amron, Susan
**Subject:** MDL 1358: New York City - Stipulation regarding trial exhibits
**Attachments:** Document.pdf

U.S. DISTRICT COURT FILED
DEC 15 2009
S.D. OF N.Y.

Seth,

Please see the attached stipulation that the parties executed today. We'll file the original with the Court.

Regards,

Stephen J. Riccardulli
McDermott Will & Emery LLP
340 Madison Avenue
New York, New York 10173-1922
tel (212) 547 - 5579
fax (212) 547 - 5444

67

*****************************************************************************************************************************

IRS Circular 230 Disclosure: To comply with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained herein (including any attachments), unless specifically stated otherwise, is not intended or written to be used, and cannot be used, for the purposes of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter herein.

---

This message is a PRIVILEGED AND CONFIDENTIAL communication. This message and all attachments are a private communication sent by a law firm and may be confidential or protected by privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information contained in or attached to this message is strictly prohibited. Please notify the sender of the delivery error by replying to this message, and then delete it from your system. Thank you.
*****************************************************************************************************************************

Please visit http://www.mwe.com/ for more information about our Firm.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In Re: Methyl Tertiary Butyl Ether ("MTBE")
Products Liability Litigation

Master File C.A. No. 1:00-1898
MDL 1358 (SAS)
M21-88

**This document pertains to:**

*City of New York v. Amerada Hess, et al.,*
No. 04 Civ. 3417

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned, counsel for plaintiffs, the City of New York, the New York City Water Board and the New York City Municipal Water Finance Authority (collectively "Plaintiffs") and defendants, Exxon Mobil Corporation, ExxonMobil Chemical Company, Inc., Exxon Mobil Oil Corporation, and Mobil Corporation (collectively "ExxonMobil") (collectively ExxonMobil and Plaintiffs are referred to as the "Parties") that certain documents, data and materials (the "Stipulated Evidence") are business records or public records and that Plaintiffs and ExxonMobil need not authenticate or prove the foundation for their admissibility during the trial set to begin August 3, 2009 (the "Trial").

IT IS FURTHER STIPULATED AND AGREED that Plaintiffs and ExxonMobil reserve all relevance objections with respect to the Stipulated Evidence as set forth in FRE §§ 401, 402, 403.

IT IS FURTHER STIPULATED AND AGREED that Plaintiffs and ExxonMobil reserve all objections as to hearsay within the documents (aka "hearsay within hearsay" or "double hearsay") with respect to the Stipulated Evidence as set forth in FRE § 801-802, 805. For the avoidance of doubt this stipulation means that the Stipulated Evidence (i.e. the documents)

constitute business records and/or public records but that any "Statements" (as defined in FRE § 801(a)) contained therein may be objected to on other grounds, including hearsay, to the extent applicable.

IT IS FURTHER STIPULATED AND AGREED that Plaintiffs and ExxonMobil that any objections preserved herein shall be resolved in a manner to be determined by the Court. [

IT IS FURTHER STIPULATED AND AGREED that Plaintiffs and ExxonMobil waive all other objections to the Stipulated Evidence being introduced into evidence at Trial.

IT IS FURTHER STIPULATED AND AGREED that nothing in this Stipulation shall be construed to limit Plaintiffs or ExxonMobil's ability to object to evidence not identified below as Stipulated Evidence. IT IS FURTHER STIPULATED AND AGREED that the effect of this Stipulation and/or any agreement between the stipulating parties shall be limited to the instant litigation and the Trial and any subsequent retrial of the same matters. Nothing contained herein or in any agreement between the stipulating parties shall be construed to limit the Plaintiffs' or ExxonMobil's ability to object to the use and/or introduction of the Stipulated Evidence in any other litigation or trial.

In support of this Stipulation, the undersigned counsel for Plaintiffs and ExxonMobil expressly define the term "Stipulated Evidence" as including the following documents:

1. Documents, data and materials produced by the Parties;

2. Documents, data and materials produced by Parties' consultants or contractors;

3. Documents, data and materials produced by the Parties' experts that were not previously produced by a former Defendant;

4. Documents, data and materials produced by or that are made publicly available by agencies and departments of the government of the State of New York and that are accessible to the Parties;

5. Documents, data and materials produced by or that are made publicly available by NESCAUM and that are accessible to the Parties;

6. Documents, data and materials produced by or that are made publicly available by agencies and departments of the United States Government and that are accessible to the Parties;

7. Documents, data and materials produced by or that are made publicly available by agencies and departments of the government of the City of New York and that are accessible to the Parties;

8. Documents, data and materials contained in Site Remediation Files that that contain indicia that they were received from any agencies or departments of the government of New York State or New York City;

9. Documents, data and materials contained in Site Remediation Files that contain indicia that they were sent to any agency or department of the government of New York State or New York City;

For the avoidance of doubt, "Stipulated Evidence" includes the following list of the primary water quality databases produced by the City or its consultants:

- DEP Excel Databases:
  - Daily Analytes, Monthly Analytes, and VOCs from Wells (1/1997 through 5/2007) (Excel2)
  - Color and Turbidity, Metals and TOX, Complaints (standard) and VOC from Distribution Sampling Sites (1/1997 through 1/2008) (Excel1)
  - VOCs from Wells (6/1996 through 12/1996) (File Name: 1996- wells data (Law Dept 080415)_LL)

- o Queens Complaint VOC FND, Queens Complaint VOC Requests; Complaint Specification (2/2000 through 7/2006) (QNS_Complaints_080612VX.XLS)

- Malcolm Pirnie Access Database (versions July; updated in October)

  - o (1997 through 2008) (well_recon_070108_litigation.mdb (version 1) (well_recon_CURRENT.mdb (version 2))

- Attachment "F" Databases (provided by Bureau and Water Sewer Operation to NYSDEC in October 2008)

  - o Pilot Study Raw Water Data
  - o Raw Water Samples from All Wells Parts 1 and 2
  - o Well Data (1997 though 1998) (no VOCs)
  - o Well Data (1999 through 2001) (no VOCs)
  - o Well Data (1997 through 2001 (VOCs)

These databases may be admitted into evidence in their entirety, or the Parties may extract information from the databases to create charts, tables, or other similar data compilations. Any chart, table, or similar data compilation shall identify the name of the database from which it was extracted and be accompanied by a list of the Sample ID Numbers and Sample Dates to enable the other party to confirm the source of the sampling information. Further, both parties acknowledge that there may be other less comprehensive electronic water quality databases that are not specifically listed herein or water quality data that is not contained in any electronic water quality database ("Non-Listed Data"). Any Non-Listed Data shall also be considered Stipulated Evidence so long as it is covered by one of the categories set forth in this stipulation..

IT IS FURTHER STIPULATED AND AGREED that any document which a party seeks to introduce as Stipulated Evidence shall bear a bates stamp or, in the event that such document does not contain a bates stamp, its source shall identified on the face of the document.

IT IS FURTHER STIPULATED AND AGREED that Plaintiffs and ExxonMobil may introduce Settling Defendant and non-governmental third-party documents related to site remediation that are not captured within the categories defined as "Stipulated Evidence", for the

limited purpose of evaluating expert opinion and testimony pursuant to Fed. R. Evid. 703. This stipulation does not limit the parties' ability to argue that such evidence should be admitted more broadly.

Dated:   New York, New York
         July 13, 2009

SHER LEFF LLP,
459 Mission St., Ste., 400
San Francisco, CA 94105
Tel: 415-348-8300
Fax: 415-348-8333

By: /s/
Victor M. Sher
Robert S. Chapman
Joshua Stein
Nicholas G. Campins
*Counsel for Plaintiffs*

McDERMOTT WILL & EMERY LLP
340 Madison Avenue
New York, New York 10173
Tel: 212-547-5400
Fax: 212-547-5444

By: /s/
Peter John Sacripanti (PS 8968)
James A. Pardo (JP 9018)
Stephen J. Riccardulli (SR 7784)

*Counsel for Exxon Mobil Corporation*