

SHER·LEFF LLP

LAWYERS PROTECTING WATER

Victor M. Sher
vsher@sherleff.com
415.348.8300 x100

August 9, 2009

*Via Email & Hand Delivery*

Hon. Shira A. Scheindlin
United States District Judge
U.S. District Court, Southern District of New York
500 Pearl Street, Room 1620
New York, New York 10007

      Re:   *City of New York, et al., v. Amerada Hess*, et al., 04 CV 3417 (SAS)
            *In re MTBE Products Liability Litigation*, MDL 1358

Dear Judge Scheindlin:

The City of New York ("the City") writes in advance of tomorrow's conference concerning the structure of Phase 3. Specifically, the City proposes a tiered structure in which the issues are resolved in the following order: (1) the need to treat MTBE below the MCL; (2) threshold failure to warn issues, related design defect issues and TSCA; (3) the feasibility of ethanol and remaining design defect issues; (4) causation; (5) remaining non-damages issues; (6) and damages. The City's proposed structure allows the parties to efficiently present their evidence without repetition or the risk of inconsistent verdicts and provides several opportunities for the jury to provide the parties with interim guidance. Moreover, the proposed structure will provide guidance to other parties in the MDL concerning these issues in a clear and efficient manner.

## I.   THE CITY'S PHASE 3 PROPOSAL[1]

Phase 3(a): Does the City need to treat MTBE below the MCL of 10 ppb? If so, to what levels?

- The jury will be presented with evidence concerning the following issues:
    - The Toxicology of MTBE;
    - The Taste and Odor Thresholds of MTBE;
    - Public acceptance of water contaminated with MTBE;
    - NYCDEP Policy and regulations regarding serving contaminated water to the public;
    - Effect of State Regulations on NYCDEP's ability to serve contaminated water to the public.

Phase 3(b): Failure to Warn (without deciding if the MTBE at Station 6 came from ExxonMobil); Design Defect (without deciding if the MTBE at Station

---

[1] For a discussion of the elements of each of the causes of action that are at issue in Phase 3, the City directs the Court to its Phase 3 trial memorandum. *See* Dkt # 327, Case No. 1:04-cv-03417 (June 26, 2009).

Dockets.Justia.com

<u>6 came from ExxonMobil or feasibility of Ethanol as an alternative); TSCA</u>

- The jury will be presented with evidence concerning the following issues:
    o Is gasoline with MTBE a Product that is reasonably certain to be harmful if used in a way that the manufacturer should reasonably foresee?

    o Is MTBE a Product that is reasonably certain to be harmful if used in a way that the manufacturer should reasonably foresee?

    o Did Exxon provide adequate warnings to the following: downstream users, distributors, gas station owners, gasoline consumers, the public, water providers, the United States, New York State, and the City?

        ▪ Did ExxonMobil warn them about MTBE's hazardous and unusual properties?
        ▪ Did ExxonMobil omit information about MTBE's properties from regulatory disclosures and communications?
        ▪ Did ExxonMobil undermine third party studies such as the Maine Report that tried to sound the alarm regarding MTBE's hazardous and unusual properties?
        ▪ Did ExxonMobil actively suppress or fail to disclose its internal studies and analyses that exposed the hazards of MTBE despite legal duties to the United States, the City and others that required them to do so?
        ▪ Did ExxonMobil withhold funding for industry studies regarding MTBE's impact on groundwater and human health in an effort to prevent the truth about MTBE from coming out?

    o Is the injury that results from use of the gasoline containing MTBE a result of its use for its intended or reasonably foreseeable purpose?

    o Is the injury that results from use of MTBE a result of its use for its intended or reasonably foreseeable purpose?

    o Did ExxonMobil fail or refuse to submit reports, notices, or other information to the EPA regarding the adverse environmental or health-related impacts of MTBE?
        o Once the City proves that ExxonMobil withheld information from the EPA, the burden of persuasion will shift to ExxonMobil to show that it had actual knowledge that the EPA already was informed. *In re MTBE*, 559 F. Supp. 2d 424, 434 (S.D.N.Y. 2008).