Hon. Shira A. Scheindlin
August 9, 2009
Page 2

<u>6 came from ExxonMobil or feasibility of Ethanol as an alternative); TSCA</u>

- The jury will be presented with evidence concerning the following issues:
    - Is gasoline with MTBE a Product that is reasonably certain to be harmful if used in a way that the manufacturer should reasonably foresee?

    - Is MTBE a Product that is reasonably certain to be harmful if used in a way that the manufacturer should reasonably foresee?

    - Did Exxon provide adequate warnings to the following: downstream users, distributors, gas station owners, gasoline consumers, the public, water providers, the United States, New York State, and the City?

        - Did ExxonMobil warn them about MTBE's hazardous and unusual properties?
        - Did ExxonMobil omit information about MTBE's properties from regulatory disclosures and communications?
        - Did ExxonMobil undermine third party studies such as the Maine Report that tried to sound the alarm regarding MTBE's hazardous and unusual properties?
        - Did ExxonMobil actively suppress or fail to disclose its internal studies and analyses that exposed the hazards of MTBE despite legal duties to the United States, the City and others that required them to do so?
        - Did ExxonMobil withhold funding for industry studies regarding MTBE's impact on groundwater and human health in an effort to prevent the truth about MTBE from coming out?

    - Is the injury that results from use of the gasoline containing MTBE a result of its use for its intended or reasonably foreseeable purpose?

    - Is the injury that results from use of MTBE a result of its use for its intended or reasonably foreseeable purpose?

    - Did ExxonMobil fail or refuse to submit reports, notices, or other information to the EPA regarding the adverse environmental or health-related impacts of MTBE?
        - Once the City proves that ExxonMobil withheld information from the EPA, the burden of persuasion will shift to ExxonMobil to show that it had actual knowledge that the EPA already was informed. *In re MTBE*, 559 F. Supp. 2d 424, 434 (S.D.N.Y. 2008).

Phase 3(c): Whether MTBE is Reasonably Safe and Whether Ethanol Was A Feasible Alternative?

- The jury will be presented with evidence concerning the following issues:
    - Is MTBE "not reasonably safe?"
        - the utility of MTBE to the public as a whole and to the individual user;
        - the nature of the product—that is, the likelihood that it will cause injury;
        - the availability of a safer design – Ethanol
        - the potential for designing and manufacturing the product so that it is safer but remains functional and reasonably priced;
        - the ability of the plaintiff to have avoided injury by careful use of the product;
        - the degree of awareness of the potential danger of the product which reasonably can be attributed to the plaintiff; and
        - the manufacturer's ability to spread any cost related to improving the safety of the design,"

Phase 3(d): Whether the "MTBE at Station 6 came from ExxonMobil?"

- The jury will be presented with evidence concerning the following issues:
    - Traditional Causation
        - Was ExxonMobil directly responsible for MTBE contamination in Station 6 capture zone?
    - Commingled Product Theory of Causation
        - ExxonMobil's market share (ExxonMobil bears the burden)

Phase 3(e): Clean – Up Phase
- The jury will be presented with limited argument and evidence and asked to make formal findings regarding remaining elements of each cause of action other than TSCA (which will be fully resolved in Phase 3(b))

Phase 3(f): Damages
- The jury will be presented with testimony of the parties' damages experts and proof of the City's damages

Phase 4: Statute of Limitations Defense

Phase 5: Malice and Punitive Damages

## II. The City's Proposal Is More Logical Than ExxonMobil's Proposal

The City's proposal is more logical than ExxonMobil's for several reasons. *First,* the goal of a

Hon. Shira A. Scheindlin
August 9, 2009
Page 4

bellwether trial is to provide guidance to other parties in the MDL. The issue of treating below the MCL, including the toxicology of MTBE and taste and odor problems caused by even low levels of MTBE, is common to all cases in the MDL, regardless of the MCL that is applicable to a particular system. In contrast, the first two phases of this trial will provide only limited guidance. ExxonMobil would continue that trend by trying case-specific issues as the first two issues in Phase 3. *Second,* the City's proposal is more practical. The City's proposal separates out the issues so that related issues are tried together and the issues are logically related to each of the building blocks of New York tort law (e.g. duty, breach, causation, and damages).

*Third,* in contrast ExxonMobil's proposal lumps together all of the elements in the claims in a wholly illogical way. Under ExxonMobil's proposal the jury would be assessing the feasibility of ethanol at the same time it is assessing whether ExxonMobil adequately reported health and environmental safety information pursuant to TSCA. *Fourth,* the first issue proposed by ExxonMobil -- actual harm -- will be substantially resolved in Phase 2 and what remains would be better resolved under the first phase of the City's proposal. The City's proposal frames the issue in a way that will provide a common sense approach for assessing damages – what level does the City need to treat MTBE to in Station 6. ExxonMobil's abstract proposal regarding "harm" is too vague and generic to provide much future guidance. *Finally,* trying causation before the other elements makes no sense. How can the jury possibly understand the causation issues before they understand the nature of ExxonMobil's duties and its tortious breach thereof? For example, the jury will not be able to assess whether gasoline containing MTBE caused the City's injury without first understanding if gasoline containing MTBE is a defective product that injures those whose property is exposed to it.

### III. Conclusion

We look forward to discussing these issues with Your Honor tomorrow. Please contact me if the Court requires any additional information. The City appreciates Your Honor's attention to these matters.

Respectfully submitted,

*[signature]*

Victor M. Sher

Cc: All Counsel (via LNFS & Email)