



Nicholas G. Campins
ncampins@sherleff.com
415.348.8300 x202

Sep 2 2009
8:12PM

September 2, 2009

<u>*Via Email & Hand Delivery*</u>

Hon. Shira A. Scheindlin
United States District Judge
U.S. District Court, Southern District of New York
500 Pearl Street
New York, New York 10007

> Re:  *City of New York v. Amerada Hess*, et al., 04 CV 3417 (SDNY)
> *In re MTBE Products Liability Litigation*, MDL 1358
> **Deposition of Robert Larkins**

Dear Judge Scheindlin:

The City of New York ("the City") writes to address the issue of whether the July 11, 2000 deposition of Mr. Larkins in *South Tahoe Public Utility District v. Atlantic Richfield et al*., Docket No. 999128 (S.F. Superior Court) ("Tahoe Deposition") may be played in advance of the deposition of the March 6, 2008 Mr. Larkins in MDL 1358 ("MDL Deposition").  As an initial matter, the City notes that it has looked into the issue of whether the Tahoe Deposition was a so-called Person Most Knowledgeable deposition and it was not.  ExxonMobil is correct on that point.

Nevertheless, the City should be allowed to play the Tahoe Deposition in its case-in-chief, before the MDL Deposition for the following reason:  the deposition notice for the MDL Deposition does not contain *any* indicia that the deposition was "*De Bene Esse*."  Instead, the notices merely state that the deposition is being taken "pursuant to Federal Rule of Civil Procedure 30(a)(1)." *See* Exhibits 1 -2 (attached for convenience).  Such notice is plainly deficient if, as ExxonMobil contends, it was intended to be binding trial testimony that must be played before other deposition testimony.   In contrast, in a recent decision stating that a particular deponent's *De Bene Esse* deposition was to be treated as trial testimony there was an express directive from the Court instructing the parties that deposition was a "substitute for trial testimony and that the parties conduct themselves at this deposition as though they were at trial."  *Manley v. AmBase Corp*., 337 F.3d 237, 248 (2d Cir.  2003).  Based on the City's research this evening, there was no such directive and there was no such notice.  Indeed, approximately one hour ago, the City asked ExxonMobil to point it to such a directive or notice, but as of the writing of this letter, the City has not received a reply.  *See* Exhibit 3.

In sum, the Court should treat the MDL Deposition as a discovery deposition.  Pursuant to Case Management Order No. 6, the MDL Deposition and the Tahoe Deposition are therefore no

Dockets.Justia.com

different.  *See* Case Management Order No. 6 at ¶ 4 (reattached for convenience as Exhibit 4).

We look forward to discussing these issues with Your Honor.  Please contact me if the Court requires any additional information.  The City appreciates Your Honor's attention to these matters.

Respectfully submitted,


*/S/ NICHOLAS G. CAMPINS*

Nicholas G. Campins

Cc:  All Counsel via LNFS & Email



26912872

Sep 2 2009
8:12PM

# Exhibit 1



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

In Re: Methyl Tertiary Butyl Ether ("MTBE")
Products Liability Litigation

Master File No. 1:00 – 1898
MDL 1358 (SAS): M21-88

---

**This document relates to:**

*County of Suffolk and Suffolk County Water Authority v. Amerada Hess Corp, et al.*

## <u>DEFENDANT EXXON MOBIL CORPORATION'S NOTICE OF DEPOSITION OF ROBERT LARKINS</u>

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 30(a)(1), defendant EXXON MOBIL CORPORATION, by and through its undersigned counsel, will conduct the deposition upon oral examination of Robert Larkins, formerly of Exxon Company U.S.A., on March 6, 2008, beginning at 9:30 a.m. and at any and all adjournments thereof, before a person authorized by the State of Texas to administer oaths and a court reporter. A subpoena for this deposition was previously served on Mr. Larkins on October 23, 2007. The deposition will be conducted at the offices of Fulbright & Jaworski, L.L.P. located at Fulbright Tower, 1301 McKinney, Suite 5100, Houston, TX 77010-3095, and shall continue from day to day until completed.

It is intended that this deposition will be videotaped and may be used at trial. It is further intended that instant visual display and streaming internet technology will be utilized to stenographically record and convey the testimony.

Dated: New York, New York
       February 8, 2008

McDERMOTT WILL & EMERY LLP


By: _Lauren Handel_

Peter John Sacripanti
James A. Pardo
Stephen J. Riccardulli
Lauren E. Handel
340 Madison Avenue
New York, New York 10173
(212) 547-5400
(212) 547-5444 (FAX)

*Attorneys for Exxon Mobil Corporation*


TO:    John Tully, Esq.
       Fulbright & Jaworski, L.L.P.
       666 5th Avenue
       New York, NY  10103-3198

*All parties via LexisNexis File and Serve*

# Exhibit 2



18503896

Feb 8 2008
9:06AM

1 | SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
2 | Including Professional Corporations
JEFFREY J. PARKER, Cal. Bar No. 155377
3 | WHITNEY JONES ROY, Cal. Bar No. 211541
333 South Hope Street, 48th Floor
4 | Los Angeles, California 90071-1448
Telephone: 213-620-1780
5 | Facsimile: 213-620-1398

6 | PETER J. SACRIPANTI (admitted in California *pro hac vice*)
MICHAEL R. O'NEILL (SBN 173342)
7 | McDERMOTT WILL & EMERY LLP
18191 Von Karman Avenue, Suite 500
8 | Irvine, CA 92612-7108
Telephone: 949-851-0633
9 | Facsimile: 949-851-9348

10 | Attorneys for Defendant
EXXON MOBIL CORPORATION

11

SUPERIOR COURT OF THE STATE OF CALIFORNIA

12

FOR THE COUNTY OF SACRAMENTO

13

| | |
|---|---|
| D.J. NELSON, TRUSTEE, for D.J. NELSON TRUST dba FRUITRIDGE VISTA WATER COMPANY, | CASE NO. 02AS00535 |
| Plaintiff, | **AMENDED NOTICE OF VIDEOTAPED DEPOSITION OF ROBERT LARKINS** |
| v. | |
| ATLANTIC RICHFIELD COMPANY, et al., | Date: March 6-7, 2008 |
| Defendants. | Time: 9:30 a.m. (Central) |
| AND OTHER RELATED ACTIONS. | Place: Fulbright & Jaworski, LLP Fulbright Tower 1301 McKinney, Suite 5100 Houston, Texas 77010-3095 |
| | [Complaint Filed: May 8, 2001] |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Exxon Mobil Corporation ("ExxonMobil") will take the deposition of Robert Larkins, pursuant to Section 2025, *et seq*, of the Code of Civil Procedure, on March 6 and 7, 2008 at 9:30 a.m. (Central). The deposition noticed herein will take place at Fulbright & Jaworksi, LLP, Fulbright Tower, 1301 McKinney, Suite 5100, Houston, Texas 77010-3095 and will be taken pursuant to the provisions of California Code of Civil Procedure section 2025, *et seq*. The deposition noticed herein will be taken before a certified shorthand reporter, who shall be authorized to administer an oath, and will continue from day-to-day (excluding Saturdays, Sundays or holidays), or to such day as the parties may agree, until completed.

**PLEASE ALSO TAKE NOTICE** that the deposition will also be videotaped pursuant to California Code of Civil Procedure section 2025.340. ExxonMobil reserves the right to use at trial the videotaped deposition of the deponent. It is further intended that instant visual display and streaming internet technology will be utilized to stenographically record and convey the testimony.

ExxonMobil is informed and believes that Mr. Larkins' address is: 140 Quail Creak, Houston, Texas, 77024.

Dated: February 8, 2008

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____/s/ Whitney Jones Roy_____
WHITNEY JONES ROY

Attorneys for Defendant
EXXON MOBIL CORPORATION

**PROOF OF SERVICE VIA LEXISNEXIS FILE & SERVE**

*D.J. Nelson, Trustee, for D.J. Nelson Trust dba Fruitridge Vista Water Co. v. ARCO, et al.*

Sacramento Superior Court Case No. 02AS00535

I, Whitney Jones Roy, the undersigned, hereby declare:

     1.    I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and am not a party to the within action. I am employed by Sheppard, Mullin, Richter & Hampton LLP in the City of Los Angeles, State of California. My business address is 333 South Hope Street, 48th Floor, Los Angeles, California 90071.

     2.    On February 8, 2008, I served a copy of the attached document titled:

**AMENDED NOTICE OF VIDEOTAPED DEPOSITION OF ROBERT LARKINS**

on all parties hereto by:

a.__X___     Posting it directly to the LexisNexis File & Serve website,

     www.lexisnexis.com/fileandserve, at approximately 9:00 a.m. Pacific Time

b._____     Sending it via facsimile transmission to LexisNexis File & Serve. at the fax

     at approximately _____ a.m./p.m. Pacific Time

c._____     Placing it an addressed, sealed envelope clearly labeled to LexisNexis File &

     Serve and causing it to be deposited with an overnight mail or courier service for

     delivery the next business day.

     I declare under penalty under the laws of the State of California that the foregoing is true and correct. Executed this 8th of February, 2008 in Los Angeles, California.

     /s/ Whitney Jones Roy

     Whitney Jones Roy

Exhibit 3

**Nick Campins**

| | |
|---|---|
| **From:** | Nick Campins |
| **To:** | Sacripanti, Peter |
| **Cc:** | MDL1358; New York - MTBE |
| **Subject:** | RE: NY/MTBE: Larkins Deposition |
| **Attachments:** | |

**Sent:** Wed 9/2/2009 3:48 PM

Counsel:

I have examined the South Tahoe Deposition Notice and Mr. Stack is apparently correct that the Larkins deposition was not a PMK deposition.

However, I have not been able to find any reference to the MDL Lakins Deposition as being a so-called De Bene Esse deposition in the deposition notices. If you have a deposition notice you contend provided such notice, kindly forward it on. Nor have I found any basis in my research so far for your assertion that such depositions must be played before other percipient witnesses.

I currently plan to write the Court expressing that position shortly, so your prompt response would be appreciated.

Best,


Nick Campins

Sher Leff LLP
450 Mission Street, Suite 400
San Francisco, CA 94105
(415) 348-8300 x202 (phone)
(415) 348-8333 (fax)

ncampins@sherleff.com <blocked::mailto:ncampins@sherleff.com>

The information in this E-mail message is legally privileged and confidential information intended only for the use of the individual(s) named above. If you, the reader of this message, are not the intended recipient, you are hereby notified that you should not further disseminate, distribute, or forward this E-mail message. If you have received this E-mail in error, please notify the sender. Thank you.



*******************************************************************************************************************
IRS Circular 230 Disclosure: To comply with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained herein (including any attachments), unless specifically stated otherwise, is not intended or written to be used, and cannot be used, for the purposes of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter herein.

_____

This message is a PRIVILEGED AND CONFIDENTIAL communication. This message and all attachments are a private communication sent by a law firm and may be confidential or protected by privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information contained in or attached to this message is strictly prohibited. Please notify the sender of the delivery error by replying to this message, and then delete it from your system. Thank you.
*******************************************************************************************************************

Please visit http://www.mwe.com/ for more information about our Firm.

Exhibit 4



**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
                                                      :
In re: Methyl Tertiary Butyl Ether                    :
("MTBE") Products Liability Litigation                :
                                                      :          **ORDER**
                                                      :
This Document Relates To:    All Cases                :          **Master File No. 1:00-1898**
                                                      :          **MDL 1358 (SAS)**
                                                      :          **M21-88 .**
                                                      :
------------------------------------------------------------X

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## CASE MANAGEMENT ORDER #6

      All case management orders requiring the production of documents or

other information, previously made by the Court, shall remain in full force and

effect. A copy of this Order shall be filed in each case listed in Appendix A of

Case Management Order #4 ("CMO #4"). In cases subsequently filed in, removed

to, or transferred to this Court as part of MDL 1358, the Clerk shall provide a copy

of this Order to each plaintiff at the time the case is filed in, removed, or

transferred to this Court, and each plaintiff shall promptly serve a copy of this

Order on any defendant not previously a party in one or more of the cases listed in

Appendix A of CMO #4.

1

## I. Addendum to Case Management Order #4

This Court issued CMO #4 on October 19, 2004, to govern the course of discovery in this multi-district litigation. The Court referred five discovery disputes to the Special Master, which he resolved on November 12, 2004, through Pre-Trial Order #2 (later modified by Pre-Trial Order #3). Since that time, the parties have asked the Court to amend CMO #4 to incorporate certain agreed upon language and the findings of the Special Master. There is no reason to deny the request. Accordingly, CMO #4 is modified to the extent that follows:

1. On or before February 15, 2005, the parties shall meet and confer to discuss what additional information is needed to conduct further discovery in *County of Suffolk and Suffolk County Water Authority v. Amerada Hess Corp., et al.*, No. 04 Civ. 5424, and *United Water of New York, Inc. v. Amerada Hess Corp., et al.*, No. 04 Civ. 2389.[1]

2. Prior to bringing a dispute to the Special Master for resolution, the parties must meet and confer in good faith to resolve the issues in dispute.

3. On or before November 15, 2004, the parties shall meet and confer to arrange a schedule for conducting discovery related to defendants'

---

[1] The Court granted, by letter endorsement, the parties' request to add this language to CMO 4 on December 9, 2004. I have added it again here so that the parties may refer to one document for modifications to CMO 4.

conflict preemption motions, it being anticipated that no further discovery is needed with respect to defendants' express preemption motions. Notwithstanding the foregoing, discovery related to preemption issues by the parties may occur prior to November 15, 2004, insofar as such discovery is part of discovery already occurring within that period pursuant to CMO #4. Any disputes with respect to the foregoing shall be brought to the Special Master for resolution.[2]

4.    Defendants are on notice that plaintiffs intend to offer all depositions taken in Prior MTBE Litigations (as defined in CMO #4) against all defendants herein. Therefore, depositions of persons already deposed in Prior MTBE Litigations may be opened for the purpose of supplementing the prior questioning of a deponent, if a party needs to do so. However, the repetition of prior questioning of a deponent is not permitted, and prior depositions shall not be opened for that purpose. Plaintiffs shall promptly supply defendants with the identity – by date, person deposed and litigation in which conducted – of the depositions plaintiffs intend to so offer, so that those depositions will be clearly and specifically known to all parties.

5.    A party wishing to open a deposition in a Prior MTBE

---

[2]    Because plaintiffs requested that *all* of the Special Master's rulings be incorporated into an addendum, I have included those that required action before the date of this Order.

Litigation to supplement the testimony therein shall include, in its deposition notice, a general statement of the nature of the supplementing testimony sought. Any dispute as to whether a need exists to supplement deposition questioning in a particular instance, or whether a deposing party is merely repeating what had already been asked in the prior deposition, shall be brought to the Special Master for resolution.

6. As a consequence of the above, the parties may not object to depositions taken in a Prior MTBE Litigation being used against them in this litigation simply because they were not parties to the Prior MTBE Litigation, or because the deposition was taken in another litigation. However, any other objections to the use of such depositions, or any parts thereof, that are permitted under law shall remain available.

7. Written discovery and production of documents pursuant to CMO #4, Section III.C(1) shall not include, at this time, discovery by defendants about contaminants in plaintiffs' wells other than MTBE or TBA or about how plaintiffs have responded to the presence of those contaminants; provided, however, to the extent that responsive documents kept in the normal course of business by plaintiffs include both MTBE/TBA contaminant information *and* information about other contaminants, the full documents shall be produced

4

without redaction. This ruling is without prejudice to the right of defendants, at a later time and not in connection with or in anticipation of dispositive motions, and pursuant to any subsequent order from the Court or the Special Master, to obtain discovery regarding other contaminants.

8.     In addition to the issues listed in CMO #4 Sections III.C(1)(a)(i)-(vi), defendants may engage in written discovery as to each plaintiff in the focus cases on the following issues:

    a.    Water sampling and laboratory testing results for MTBE and/or TBA for potable water treated and distributed in each plaintiff's water system that is impacted by MTBE and/or TBA for the relevant time period for each of these focus cases;

    b.    Well sampling and laboratory testing results for MTBE and/or TBA for each of plaintiffs' wells or water resources, including monitoring wells and potable wells, that are impacted by MTBE and/or TBA; and

    c.    Plaintiffs' past and present knowledge of the characteristics of MTBE and/or TBA; the behavior of MTBE and/or TBA in the environment; taste and odor

issues relating to MTBE and/or TBA, and any studies

relating to analysis or testing of taste or odor problems

associated with water containing detectable levels of

MTBE and/or TBA; historical policies regarding testing

for MTBE and/or TBA; early knowledge of releases of

MTBE and/or TBA to the water or aquifer system that

supplies plaintiffs' wells; and plaintiffs' knowledge

regarding the alleged dangers posed to their water

systems by gasoline underground storage tanks, and

historical policies and/or practices concerning the sale or

delivery to its customers of water with MTBE and/or

TBA below MCL's.

9.      As to those defendants in focus cases who were parties to the

Prior MTBE Litigations listed in CMO #4, Section III.A(1), plaintiffs may take

discovery on topics (i) through (xvii) thereunder only to fill gaps in the discovery

taken in those Litigations on the same schedule set forth in CMO #4, Section

III.A(2).  Documents produced but not copied by plaintiffs in Prior MTBE

Litigations need not be made available (*i.e.*, produced again) to all parties as a

matter of right; provided, however, if plaintiffs so request, the parties shall meet

and confer in good faith to discuss making such documents available in the present proceeding. In that regard, plaintiffs shall identify the particular categories or collections of documents falling within the topics listed in CMO #4, Section III.A(1) that were produced, but not copied by plaintiffs, in the Prior MTBE Litigations and that plaintiffs are requesting. Disputes shall be brought to the Special Master for resolution and shall be determined based upon good cause being shown for the requested production.

      10.    After March 1, 2005, plaintiffs may depose the person(s) most knowledgeable for each defendant in order to obtain clarifications and specific explanations regarding all aspects of each defendant's declaration, which declarations will have been provided in compliance with CMO #4, Section III.B(2). Plaintiffs may subpoena documents, in accordance with Federal Rule of Civil Procedure 30(b)(6), to aid in obtaining those clarifications and specific explanations, such as representative or exemplar documents or other documents reasonably appropriate for that purpose. However, plaintiffs may not use the foregoing subpoenas to embark on product tracing at this time. Any disputes regarding the scope of subpoenaed documents shall be brought to the Special Master for resolution.

      11.    On or before July 1, 2005, the parties shall meet and confer

to establish, for each focus case, a date by which plaintiffs will specify which wells in their respective systems have been impacted by MTBE and/or TBA and/or which wells are imminently threatened by MTBE and/or TBA so as to cause injury-in-fact to plaintiffs, and to identify such additional discovery by the parties as is needed to specify such threatened and/or impacted wells and to ascertain the factual basis for plaintiffs' designation of such wells.

12. In the case of *Orange County Water Dist. v. Unocal Corp.*, No. 04 Civ. 4968, plaintiffs shall specify what water resources have been impacted by MTBE and/or TBA or that are imminently threatened by MTBE and/or TBA so as to cause injury-in-fact to the District, and the parties shall identify such additional discovery as is needed to specify such threatened and/or impacted water resources. Notwithstanding the foregoing, and relying on the good faith of plaintiffs, to whatever extent plaintiffs have a reasonable amount of impact/threat identification information ready for disclosure prior to the meet and confer, they shall disclose same to defendants without waiting for the meet and confer.

13. The dates chosen for plaintiffs' disclosures of impacted/ threatened wells in each focus case shall be staggered in accordance with the progress of discovery and the particular circumstances of each case; provided, however, that presumptively, albeit without prejudice to change upon application

to the Special Master, the date for *United Water New York, Inc. v. Amerada Hess Corp., et al.*, No. 04 Civ. 2389, shall come first, followed by *County of Suffolk and Suffolk County Water Authority v. Amerada Hess Corp., et al.*, No. 04 Civ. 5424. Moreover, to the extent that a simultaneous two track disclosure process is feasible without compromising the foregoing, the date for *City of New York v. Amerada Hess Corp., et al.*, No. 04 Civ. 3417, shall come first, followed by *Orange County Water Dist. v. Unocal Corp., et al.*, No. 04 Civ. 4968, on the other track.

## II.  Addendum to Case Management Order #5

Case Management Order #5 ("CMO #5") requires newly added defendants to file Rule 12 motions or other responsive pleadings by January 18, 2005. However, that date does not give the parties enough time to meet and confer regarding potential Rule 12(b)(2) motions. Previous discussions between plaintiffs and the original defendants resulted in a number of voluntary dismissals. Because discussions could result in additional dismissals and avoid some motion practice, CMO #5 is modified to the extent that follows:

1.      The date by which newly added defendants shall file a motion under Rule 12(b)(2) challenging personal jurisdiction is extended to February 18, 2005. The newly added defendants shall file other Rule 12 motions or responsive

pleadings by January 18, 2005. No newly added defendant shall waive or otherwise prejudice its right to file personal jurisdiction motions under Rule 12(b)(2) by filing other Rule 12 motions or responses, responding to discovery authorized by the Court or otherwise participating in MDL 1358 proceedings.

   2. Any newly added defendant which contends that it was improperly named or that personal jurisdiction over it is lacking shall provide to counsel for plaintiffs the factual basis for its contentions by January 18, 2005. The parties thereafter shall meet and confer in an effort to resolve as many disputes as possible.

   3. For personal jurisdiction disputes that are not resolved, the following schedule shall apply:

     a. February 18, 2005:  Defendants shall file their motions and supporting briefs, affidavits, and exhibits.

     b. March 18, 2005:  Plaintiffs shall file their responses.

     c. April 4, 2005:  Defendants shall file their replies.

   4. The page limitations and the methodology for filing briefs established by this Court for personal jurisdiction motions at the May 11, 2004 status conference shall apply.

   5. In the case of *Orange County Water Dist. v. Unocal Corp., et*

*al.*, No. 04 Civ. 4968, Rule 12 motions are now due on February 1, 2005.

Plaintiffs shall file responses by March 4, 2005, and defendants shall file replies

by March 18, 2005.

## III.   Miscellaneous

1.    The limits set forth in Rules 30 and 33 of the Federal Rules of

Civil Procedure shall not apply in this MDL.  Any Disputes regarding the number

of interrogatories or the number of depositions shall be decided on a case by case

basis by the Special Master.

2.    Defendants may respond to the common allegations of the

complaints in a Master Answer in accordance with Section 40.52(6)(b) of the

Manual for Complex Litigation (Fourth).  However, they must also address case-

specific allegations to the extent they exist.  Newly added defendants that intend to

join in the filing of a Master Answer are not bound by the previously set deadline

for responsive pleadings.  The Master Answer is due thirty (30) days after the

Court's ruling on the pending 12(b)(6) motions to dismiss.[3]

---

[3]    Pending before the Court are fourteen (14) motions to dismiss
pursuant to Rule 12(b)(6).  The motions were made and briefed by state:
Connecticut, Florida, Illinois, Indiana, Iowa, Kansas, Louisiana, Massachusetts,
New Hampshire, New Jersey, New York, Vermont, Virginia, and West Virginia.
These motions will be resolved in an omnibus opinion and order.

3. Defendants are not precluded from arguing, at the appropriate time, both prongs of their conflict preemption defense – to wit: (1) it would be impossible for defendants to comply with both the state law sought to be imposed and the federal requirements (impossibility); or (2) the state law sought to be imposed would prove an obstacle to the achievement and execution of the full purposes and objectives of Congress (frustration of purpose).

4. The parties are permitted to take discovery regarding the quantity of oxygenates available to implement the Reformulated Gasoline Program. This discovery is aimed at preparing (and defending against) defendants' potential motion for summary judgment based on the impossibility of complying with both state and federal requirements. At this time, they are not permitted to take discovery regarding frustration of purpose.

5. To the extent there are no genuine issues of material fact, defendants may bring a summary judgment motion based on the impossibility prong of conflict preemption. They may argue frustration of purpose only to the extent it is based on the same factual predicate as the impossibility argument.

6. The parties shall meet and confer regarding the preservation of "current" back-up tapes ( *i.e.*, back-up tapes that are being routinely recycled in the ordinary course of business). They should use Section A of the Court's

Proposed Document Retention Questionnaire ("Questionnaire") as a starting point for discussions.

7.     Defendants shall submit responses to Sections B and C of the Questionnaire to the Court and plaintiffs by February 3, 2005.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:     New York, New York
           January 14, 2005

## -Appearances-

**Liaison Counsel for Plaintiffs:**

Robert Gordon, Esq.
C. Sanders McNew, Esq.
Stanley N. Alpert, Esq.
Weitz & Luxenberg, P.C.
180 Maiden Lane
New York, NY 10038
Tel: (212) 558-5500
Fax: (212) 344-5461

**Liaison Counsel for Defendants:**

Peter John Sacripanti, Esq.
James A. Pardo, Esq.
Stephen J. Riccardulli, Esq.
McDermott, Will & Emery LLP
50 Rockefeller Plaza, 11th Floor
New York, NY 10020
Tel: (212) 547-5583
Fax: (212) 547-5444