

Victor M. Sher
vsher@sherleff.com
415.348.8300 x100

September 5, 2009

**_Via Email and Hand Delivery_**

Hon. Shira A. Scheindlin
United States District Judge
U.S. District Court, Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *City of New York v. ExxonMobil*, 04 CV 3417 (SDNY)
              Request for Clarification

Dear Judge Scheindlin:

      In its opening statement for Phase III of this trial, Exxon made reference to a statement by United States Senator Tom Daschle to the effect that, as counsel for Exxon quoted, "[w]e want MTBE." (8/27/09 Trial Transcript, page 2772, line 19.) The City of New York believes this reference is improper. The statement should be excluded under this Court's prior rulings *in limine*, and because it is misleading and prejudicial. The City respectfully asks this Court to clarify that the order precluding Defendants from making reference to, offering evidence in support of, or making any argument that the federal government has endorsed or approved of the use of MTBE in gasoline, applies equally to administrative agencies and lawmaking bodies.

      The City anticipated and emphasized in its motion the possibility that a defendant would attempt to argue that the United States Environmental Protection Agency ("EPA") had specifically endorsed MTBE over any other fuel oxygenate. This Court granted the City's motion, pointing out that Exxon is "precluded from arguing that the EPA approved the use of MTBE because it is simply untrue." (7/15/09 Hearing Transcript, page 9, lines 20-22.) By attempting to introduce evidence of Senator Daschle's statements, Exxon is making an end run around this Court's ruling precluding argument or evidence that the government specifically endorsed MTBE. Apparently Exxon considers the Court's order a narrow one, applicable only to alleged endorsements by the EPA, *not* alleged endorsements by Congress itself or any other lawmaking body. But this Court, in a later opinion, clarified that "to the extent that Exxon seeks to argue to the jury that it should infer from the federal government's inaction that the government somehow approved or condoned the use of MTBE, such argument is precluded by my July 15 bench ruling." *In re MTBE*, 2009 WL 2176642, *13 (S.D.N.Y., July 21, 2009).

450 Mission Street, Suite 400 • San Francisco, California 94105   **tel** (415) 348-8300   **fax** (415) 348-8333

Accordingly, the City requests clarification that Exxon may not offer evidence or argument suggesting to the jury that any governmental body, administrative or legislative, has endorsed or approved of the use of MTBE in gasoline.

**This Court's Prior Rulings Should Be Construed to Exclude Evidence or Argument Pertaining to Endorsement by Any Governmental Body, Not Just the EPA**

Both evidence that federal agencies endorsed or approved of MTBE in gasoline *and* evidence that *any* governmental body, administrative or legislative, endorsed MTBE in gasoline should be excluded under this Court's prior rulings. Not only did the EPA *not* endorse MTBE, but Congress did not endorse MTBE when it passed the Clean Air Act Amendments in 1990. Moreover, this Court has already ruled that "what the federal government knew and what it did or failed to do has no relevance with respect to whether Exxon acted reasonably." *In re MTBE, supra,* 2009 WL 2176642 at 13.

The regulations discussed in the City's motion *in limine* were promulgated by the EPA pursuant to 42 U.S.C. § 7545(b). *See* 40 C.F.R. § 79.1 *et seq.* Those regulations expressly require additive and fuel manufacturers to provide specific assurances that they will not represent, directly or indirectly, that registration of the additive or fuel constitutes endorsement, certification, or approval by any agency of the United States. *See* 40 C.F.R. § 79.11(h) (fuel); 40 C.F.R. 79.21(g) (additive). The Clean Air Act (42 U.S.C. § 7401 *et seq.*) specifies that registration determines *only* that a fuel or fuel additive is "substantially similar" to certain baseline gasoline and if not, that it "will not cause or contribute to the failure of any emission control device or system." 42 U.S.C. § 7545(f). Neither the Clean Air Act *nor* the corresponding regulations suggest that any lawmaking *or* rulemaking body endorsed the use of MTBE.

Therefore, statements by lawmakers as well as rulemakers that appear to endorse or approve of MTBE in gasoline have no probative value, invade the role of the court, and should be excluded under this Court's prior rulings. *See In re Methyl Tertiary Butyl Ether (MTBE) Products Liability Litigation*, 457 F.Supp.2d 324, 338 n. 101 (S.D.N.Y. 2006) ("statements from individual legislators as part of the legislative history carry little weight"); *see also Matter of Daniel C.,* 472 N.Y.S.2d 666, 672 (App.Div. 2d Dep't 1984) ("Regardless of the contents of any memorandum written by a drafter of legislation, the legislation stands for what its words manifest and not the inner thoughts of a draftsman.").

**Statements by Members of Congress Suggesting That Congress Preferred MTBE as an Oxygenate Are Misleading, Irrelevant and More Prejudicial Than Probative, and Should Be Excluded Under This Court's Prior Rulings**

The City also requests that the Court clarify that Senator Daschle's statements, and any similar statements by legislators, should be excluded under its prior rulings because they are misleading and more prejudicial than probative. "Evidence may be

excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid. 403. As the City argued in its motion *in limine*, misleading statements concerning governmental approval or endorsement of a product liability defendant's product are highly prejudicial and have a strong propensity to confuse or mislead the jury.

The Second Circuit has already examined the context of Senator Daschle's statements, explaining as follows:

> The floor debate on which the defendants rely is derived principally from the colloquy that ensued after Senator Lautenberg introduced his amendment. Indeed, their evidence of congressional intent is composed largely of statements made by several farm-belt Senators defending the 3.1 percent standard. While Senator Daschle, for example, is quoted by the defendants as saying that he wanted MTBE, along with other oxygenates, "to play a role in achieving a variety of national objectives," **he did so in the context of opposing an amendment that would have encouraged significantly greater use of that additive at the expense of ethanol.** See 136 Cong. Rec. S 2280, 2289 (Mar. 7, 1990). Indeed, any reasonable reading of the floor debate establishes, if anything, that many of the Senators engaged in the debate believed that ethanol production would expand to meet increased demand and that the 3.1 percent standard would operate to the severe detriment of those who manufactured or wished to use MTBE. Otherwise, the Lautenberg Amendment and the debate it engendered were pointless.

*In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation*, 488 F.3d 112, 127-128 (2d Cir. 2007), emphasis added. And the Second Circuit also examined the *relevance* of this legislative history, holding that "[i]t does not establish ... that the defendants were required to use MTBE or that, if MTBE were not used, ethanol producers would have been unable to meet the expected demand in the few years before the fuel-oxygenation requirements took effect." *Id.* at 128.

Finally, the Second Circuit found these statements to have little probative value. "Because such '[f]loor debates reflect at best the understanding of individual Congressmen,' *Zuber v. Allen,* 396 U.S. 168, 186, 90 S.Ct. 314, 24 L.Ed.2d 345 (1969), they are of little value even in construing ambiguous statutes. The issue here, however, does not turn on the construction of statutory language. Instead, the statements in the floor debates are offered to prove what Congress as a whole understood would be the practical consequences of the statute it was discussing. On this score, they do not constitute competent evidence." *Id.* at 127. The same reasoning applies here. Exxon has taken Senator Daschle's statements out of context and presented them in a misleading fashion. The statements are more prejudicial than probative and should be excluded on that basis as well.

For the foregoing reasons, the City requests that the Court clarify that its prior ruling on the City's motion *in limine* to exclude evidence or argument that federal agencies endorsed or approved of the use of MTBE in gasoline applies equally to evidence or argument that any organ of the federal *government*, in an administrative or legislative capacity, endorsed or approved of the use of MTBE in gasoline.

Respectfully submitted,

Victor M. Sher

Cc: All Counsel via LNFS & Email