

**Robert S. Chapman**

D: 310.201.7493
F: 310.201.2393
RChapman@GreenbergGlusker.com

September 12, 2009

**_Via Email and Hand Delivery_**

Hon. Shira A. Scheindlin
United States District Judge
U.S. District Court Southern District of New York
500 Pearl Street
New York, New York 10007

     RE: *City of New York v. ExxonMobil*, 04 CV 3417 (SDNY)
       **Motion to Exclude the Testimony of Dr. Biles as Untimely**

Dear Judge Scheindlin:

As we discussed in Court this past Thursday and Friday, the City moves to exclude Dr. Robert Biles as a witness for Exxon. As the attached correspondence and transcripts demonstrate, Dr. Biles was initially a witness the City was going to call for Phase IIIa. Since he was unavailable, the City reserved the right to call him in a later sub-Phase. Mr. Pardo's email to the Court on September 1, 2009 confirms this arrangement (Exhibit A). Mr. Stack's email of September 2, 2009 (Exhibit B) further confirms this arrangement. Paragraph four of that email states that Dr. Biles is a Phase IIIa witness and that Exxon would make him available out of order if necessary.

The attached transcript demonstrates that on September 2, 2009 Mr. Bongiorno, on behalf of Exxon, announced that Exxon had no further witnesses for Phase IIIa (p.3244 line 2- p.3245 line 16). (Exhibit C). Finally, on September 3, 2009 after Court, Mr. Bongiorno sent another email to the City asking if the City still wished to call Dr. Biles. Later that evening, Vic Sher sent an email to Mr. Bongiorno stating that the City did not intend to call Dr. Biles (Exhibit D).

Mr. Sacripanti's representation to the Court that Exxon reserved the right to call Dr. Biles at a later Phase is incorrect. Only the City had reserved the right to call him out of order due to his unavailability. The City then decided not to call Dr. Biles. It was only on September 10, 2009 after the City filed a motion to exclude Dr. Mohr's testimony that Exxon announced that it wished to call Dr. Biles (p.4082 line 9- p.4084 line 2) (Exhibit E). Phase IIIa is finished. The toxicology testimony has been completed and there is no reason to further lengthen this trial and burden the Court and the jury.

Respectfully submitted,

Robert S. Chapman

cc: Counsel for ExxonMobil via email

Greenberg Glusker Fields Claman & Machtinger LLP
1900 Avenue of the Stars, 21st Floor, Los Angeles, California 90067
T: 310.553.3610  |  F: 310.553.0687

GreenbergGlusker.com

Dockets.Justia.com

# EXHIBIT A

# Nick Campins

**From:** Pardo, James [jpardo@mwe.com]
**Sent:** Tuesday, September 01, 2009 9:13 PM
**To:** Seth Ard
**Cc:** New York - MTBE; Sacripanti, Peter; wstack@tmo.blackberry.net; Bongiorno, Anthony; Kalnins Temple, Jennifer
**Subject:** NYC: Couple Issues

Seth,

I apologize for writing late in the evening, but I wanted to put a couple issues before the Court before we get going tomorrow and, potentially, before we move to Phase 3B testimony.

First, I want to remind the Court that even if both sides "finish" Phase 3A tomorrow, there is still one witness (Robert Biles, a current ExxonMobil employee) that plaintiffs have called for in Phase 3A but who, because he is unavailable until after Labor Day, the parties have agreed will be called "out of order." We are waiting for plaintiffs to tell us when they want Mr. Biles to testify.

Second, as Phase 3B concerns ExxonMobil's alleged "failure to warn," we would appreciate knowing the Court's "ruling" on the question of to whom a warning is owed, as that ruling will guide both sides' 3B mini-opening and evidence. As the Court may recall, this issue was addressed in letters submitted by the parties a little over a week ago (*N. Campins Ltr. dated 8.20.2009; J. Pardo Ltr. dated 8.24.2009*), and also was "argued" briefly by the parties at our August 19th Phase 3 planning conference.

Lastly, as promised, I wanted to get the Court the statement, from Mr. Sher's opening, that was discussed in court today. The language we are referring to appears in the August 27 transcript at Page 2729:14-19("Now, Exxon will attack the city for having leaking underground storage tanks of its own. And it's true, the city did have those. But they weren't warned any more than anybody else was. Exxon never told the city MTBE was in gasoline and what that would mean, and you will hear no evidence that these companies gave any such warnings to the city.").

Thank you.

- Jim

IRS Circular 230 Disclosure: To comply with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained herein (including any attachments), unless specifically stated otherwise, is not intended or written to be used, and cannot be used, for the purposes of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter herein.

---

This message is a PRIVILEGED AND CONFIDENTIAL communication. This message and all attachments are a private communication sent by a law firm and may be confidential or protected by privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information contained in or attached to this message is strictly prohibited. Please notify the sender of the delivery error by replying to this message, and then delete it from your system. Thank you.

Please visit http://www.mwe.com/ for more information about our Firm.

1

# EXHIBIT B

# Nick Campins

**Subject:** FW: PHASE 3B

-----Original Message-----
From: william stack [mailto:wstack@tmo.blackberry.net]
Sent: Wednesday, September 02, 2009 3:36 PM
To: Vic Sher; Robert Chapman; Joshua Stein
Cc: P Sacripanti; A Bongiorno; Lauren Handel; Jim Pardo
Subject: PHASE 3B

VIC

1. We confirmed that Robert Larkins was NOT a PMK in the CBE/S Tahoe case. Mr Larkins was deposed as a percipient witness in that case . Lauren Handel will send you the notice tendering witnesses in CBE/S Tahoe confirming that fact.

2. Are you going to play Mr Larkins' trial testimony tomorrow? Please advise us as soon as possible.

3. We will call:

A. William Stone

B. Dr Raabe

C. Robert Larkins ( Via Video- if you do not play the video of his trial testimony in your case.)

4. Please clarify if you still want to call Dr Biles on Tuesday in Phase 3A or if you want to us to make him available in a later Phase 3. Please let us know so we can avoid bringing Dr Biles in over the Holiday weekend if he is not going to testify on Tuesday.

5. Can you estimate how much longer do you expect Mr Moreau will be on Direct? If you can provide us with an estimate, we would really appreciate it.

6. We would request you call Barbara Mickelson as the first witness on Friday morning- out of order if necessary. Ms Mickelson has pressing personal/family issues which necessitate that she return to California as soon as possible.

Please advise us if you would be willing to honor this request and agree to put Ms Mickelson on the stand- first thing Friday morning- irrespective of whether there is another witness on the stand at that time.

Thx


Sent wirelessly via BlackBerry from T-Mobile.

# EXHIBIT C

# In The Matter Of:

## *THE CITY OF NEW YORK, ET AL*
## *EXXON MOBIL CORPORATION, ET AL*

*VOLUME 22*
*September 2, 2009*

*TRIAL*
*SOUTHERN DISTRICT REPORTERS*
*500 PEARL STREET*
*NEW YORK., NY 10007*
*212-805-0300*

Original File 992dcitf.txt, Pages 3174-3367 (194)

Word Index included with this Min-U-Script®

VOLUME 22
September 2, 2009

THE CITY OF NEW YORK, ET AL
EXXON MOBIL CORPORATION, ET AL

Page 3242

Page 3244

A. Bernie Goldstein.
Q. For what reason, Dr. Scala, did you bring in Bernie Goldstein for the East Meadow, Long Island spill?
A. Because he was a recognized, independent health effects authority who could give opinion about the potential health risk of residual hydrocarbons in the groundwater after the cleanup was completed.
Q. And, Dr. Scala, just to confirm one more point.
You can't say or you don't recall whether that incident actually took place before or after the implementation of TSCA Section 8(e), right?
A. To the best of my recollection, I cannot.
   MR. BONGIORNO: No further questions, your Honor.
   THE COURT: All right. Anything further, then, for this witness?
   (Continued on next page)

   THE COURT: Who might be the next witness?
   MR. BONGIORNO: Your Honor, we have no further witnesses in this case.
   MR. CHAPMAN: We would like to call Dr. Kenneth Rudo as a rebuttal witness, your Honor.
   MR. BONGIORNO: Your Honor, I meant Phase III (a).
   THE COURT: I knew that. All right, it's time to let the jury in on this. In Phase III, just to be organized, the lawyers and I talked about subphasing, not to send you out to deliberate, but just to keep their presentations organized issue by issue. This was the first issue, the toxicology of MTBE. Both sides presented their evidence on toxicology. Then we are going to move on to a subphase with very short 15-minute openings. No more closings. You will not be sent out to deliberate. So A new 15-minute introduction from each side on the new issue and both sides will present evidence on the new issue, then another little opening, another issue.
   At the end of the phase, it goes to the jury. You don't have deliberations in between every subphase. It's just an organizational tool.
   THE JURY: How many?
   THE COURT: It went through (g), if I remember. At least seven. But look how fast this one was or is.
   MR. BONGIORNO: Judge, I'm being informed that I wasn't as eloquent as I should have been with regard to the

Page 3243

Page 3245

RECROSS-EXAMINATION
BY MR. CHAPMAN:
Q. So in 1984, you were familiar with the fact that MTBE traveled further and faster in groundwater than other -- than the other properties of gasoline, correct?
A. MTBE and other oxygenated compounds, yes.
   MR. CHAPMAN: I have no further questions, your Honor.
   MR. BONGIORNO: Nor do I. Thank you, your Honor.
   THE COURT: Thank you, Doctor.
   THE WITNESS: Thank you, your Honor.
   (Witness excused)
   (Continued on next page)

phasing issues. All counsel have agreed as to people who are coming in because of their schedule later, it's not to say their testimony isn't pertinent to (a).
   THE COURT: Right. We can't also be absolutely sure that some phase of III(a) is actually closed. Some people, especially in the sciences, are in academia, they are teaching, their schedule didn't permit them to come this week, they are coming next week. So we can't be perfect with this, but we were just trying to be organized.
   MR. PARDO: Your Honor, two points.
   THE COURT: Yes, Mr. Pardo?
   MR. PARDO: First, the subject of the email we sent last night. There is actually one other III(a) witness.
   THE COURT: That's what I just told the jury. We can't be perfect about it. We will have one witness out of order.
   MR. PARDO: Second, before this witness is seated and sworn, we have an objection. I'm happy to do this at side bar, happy to do this now.
   (Continued on next page)

# EXHIBIT D

# Nick Campins

**From:** Vic Sher
**Sent:** Thursday, September 03, 2009 9:22 PM
**To:** Bongiorno, Anthony; Nick Campins
**Subject:** RE: Dr. Biles

Tony,

At this point we do not intend to call Dr. Biles.

Vic

Victor M. Sher, Principal
Sher Leff LLP
450 Mission Street, Suite 400
San Francisco, CA 94105
(415) 348-8300 x 100
vsher@sherleff.com

The information in this E-mail message is legally privileged and confidential information intended only for the use of the individual(s) named above. If you, the reader of this message, are not the intended recipient, you are hereby notified that you should not further disseminate, distribute, or forward this E-mail message. If you have received this E-mail in error, please notify the sender. Thank you.

---

**From:** Bongiorno, Anthony [mailto:abongiorno@mwe.com]
**Sent:** Thu 9/3/2009 5:53 PM
**To:** Vic Sher; Nick Campins
**Subject:** Dr. Biles

Vic: as you know, this coming weekend is the Labor Day Holiday weekend. If Dr. Biles needs to travel over this busy Holiday weekend (which he would need to do if you are calling him next week), we would greatly appreciate knowing that tonight.

Thank you -- Tony

Anthony A. Bongiorno
McDermott Will & Emery LLP
28 State Street
Boston, Massachusetts 02109
tel (617) 535-4044
fax (617) 535-3800
abongiorno@mwe.com

********************************************************************************

IRS Circular 230 Disclosure: To comply with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained herein (including any attachments), unless specifically stated otherwise, is not intended or written to be used, and cannot be used, for the purposes of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter herein.

---

This message is a PRIVILEGED AND CONFIDENTIAL communication. This message and all attachments are a private communication sent by a law firm and may be confidential or protected by privilege. If you are not the intended recipient,

# EXHIBIT E

# In The Matter Of:

## *THE CITY OF NEW YORK, ET AL v.*
## *EXXON MOBIL CORPORATION, ET AL*

*VOLUME 27*
*September 10, 2009*

*TRIAL*
*SOUTHERN DISTRICT REPORTERS*
*500 PEARL STREET*
*NEW YORK., NY 10007*
*212-805-0300*

Original File 99adcitf.txt, Pages 3973-4110 (138)

**Word Index included with this Min-U-Script®**

Page 4081

[1] witnesses will be here tomorrow for the city.
[2] MR. SHER: They will be.
[3] THE COURT: It sounds like Bell is not tomorrow, and
[4] that's done. As far as Monday, I think you should organize
[5] your team to have a Sunday deposition late in the day, let's
[6] say, 5 o'clock.
[7] MR. STACK: That is agreeable, your Honor.
[8] THE COURT: You will have to piggyback without knowing
[9] that she is here, but she had better be here.
[10] MR. STACK: We will work with Mr. Chapman, your Honor.
[11] THE COURT: Hopefully, it will be by 5 o'clock and
[12] hopefully it will be done in four hours, or less, so everybody
[13] gets some sleep, 5 to 9. That should do it. She has been
[14] deposed before. It is just on the new information. It is not
[15] an excuse to go over and over old ground.
[16] MR. STACK: Understood, your Honor.
[17] THE COURT: It is obviously questions on the newer
[18] portion.
[19] MR. STACK: We will certainly check to make sure --
[20] THE COURT: Hopefully, you will have that three whole
[21] days. You got the report last night. So you actually have
[22] Thursday, Friday, Saturday, three full days to show it to your
[23] expert.
[24] MR. STACK: It is our hope, your Honor, Mr. Chapman
[25] had suggested that we take out of order Mr. O'Brien, who is our

Page 4082

[1] witness who is a counterpart to Mr. Burke. We are verifying
[2] that today.
[3] THE COURT: You are trying to do that?
[4] MR. STACK: Yes.
[5] THE COURT: All right.
[6] MR. STACK: But the folks will be letting us know
[7] tonight.
[8] THE COURT: OK.
[9] MR. CHAPMAN: Your Honor, two other brief matters.
[10] One, Mr. Bongiorno mentioned that they are going to be
[11] calling a Mr. Biles, a toxicologist.
[12] THE COURT: He did say that.
[13] MR. CHAPMAN: We object to them calling him. We are
[14] done with the toxicology evidence. It was the last phase.
[15] They called their toxicologist. They called their in-house
[16] toxicologist.
[17] THE COURT: I was a little surprised to hear about
[18] toxicology again. Why are we going back to it?
[19] MR. STACK: Your Honor, it is part of the
[20] consideration as to whether this particular product was
[21] defective and whether or not there was testing conducted
[22] prior -- there have been references --
[23] THE COURT: We heard all about that during the
[24] so-called toxicology phase. We heard about testing.
[25] MR. STACK: We have not heard about Dr. Biles'

Page 4083

[1] testing --
[2] THE COURT: We could have. The case was closed.
[3] MR. SACRIPANTI: Your Honor, not to interfere --
[4] THE COURT: You mean, not to triple-team.
[5] MR. SACRIPANTI: I think I have a recollection.
[6] Right before Labor Day, plaintiffs had reserved on
[7] whether or not they would call Dr. Biles, and if you recall, we
[8] were keeping 3a, I guess it was, open.
[9] THE COURT: That is true. I was always told there was
[10] one more defense witness.
[11] MR. SACRIPANTI: That was Dr. Biles.
[12] THE COURT: It was.
[13] MR. SACRIPANTI: Indeed. So when they decided not to
[14] call him, we decided to call him in our case, not in our 3a
[15] case but subsequent to Monday, the holiday.
[16] THE COURT: You had held open your 3a case.
[17] MR. SACRIPANTI: Right.
[18] THE COURT: Pending one more witness.
[19] MR. SACRIPANTI: That was the witness they decided not
[20] to call. We are calling him.
[21] THE COURT: I guess you are calling him in your 3a
[22] case.
[23] MR. SACRIPANTI: We are indeed.
[24] THE COURT: I will just say that to the jury. They
[25] always knew that it was held open for one more defense witness.

Page 4084

[1] I forgot who it was. It was Dr. Biles?
[2] MR. SACRIPANTI: It was Dr. Biles.
[3] THE COURT: Folks, we can't go on and on. We haven't
[4] had a recess nor has the court reporter. The jury is ready and
[5] we are down to two minutes for what is called a nature break
[6] because we are not going to have any other breaks. We are not
[7] having a ten-minute recess now; we are having a two-minute
[8] recess, if you want it.
[9] (Recess)
[10] (Continued on next page)