

Victor M. Sher
vsher@sherleff.com
415.348.8300 x100

September 7, 2009

*Via Email & Hand Delivery*

Hon. Shira A. Scheindlin
United States District Judge
U.S. District Court, Southern District of New York
500 Pearl Street, Room 1620
New York, New York 10007

    Re:   *City of New York v. Amerada Hess*, et al., 04 CV 3417 (SAS)
           *In re MTBE Products Liability Litigation*, MDL 1358

Dear Judge Scheindlin,

I write concerning three issues related to the damages phase of the trial. First, the City requests permission to submit a supplemental report from the City's treatment and damage expert, Marnie Bell, to account for the jury's determination at the end of Phase 2 that MTBE levels in the Station 6 wells will peak at 10 ppb in 2033 and to address the relative costs of treatment for MTBE and for other VOCs. Ms. Bell's prior reports discussed the types and costs of treatment needed to remove MTBE at the levels projected by the City's expert David Terry. In light of the jury's recent determination, Ms. Bell has considered whether the lower peak level of MTBE affects her treatment and damages opinions and, if so, how. She also has determined the difference between the cost of treating MTBE at 10 ppb and the costs of treating other existing VOCs. We intend to provide Ms. Bell's report to Exxon Mobil as soon as it is done, certainly by early this week. If Exxon Mobil wishes to depose her on this, we will of course make her available at the earliest feasible time.

Second, we ask Your Honor to clarify that Exxon bears the burden of proving that the City's injury is divisible and if divisible, the cost of removing other pre-existing contaminants from the groundwater. This is precisely what Your Honor held in your decision on the burden of proof of apportionment of damages under the commingled product theory of liability, *In re MTBE Products Liability Litigation*, 2009 U.S. Dist. LEXIS 61382 (July 14, 2009), in which the Court wrote "A party alleging that damages are divisible has the burden to prove that they are divisible. The burden to prove the magnitude of each part is on the party who seeks division." *Id.* at *12 (*quoting* Restatement (Third) of Torts: Apportionment of Liability §26 cmt. h). This burden is imposed upon the defendant because "the burden should be placed 'on culpable rather than innocent parties.'" *Id.* at *14 (*quoting* Restatement (Third) of Torts: Apportionment of Liability §26 cmt. h); *see also id.* at *21 (burden of proving apportionment is ordinarily placed on the culpable party). Here, that burden is properly borne by Exxon.

450 Mission Street, Suite 400 • San Francisco, California 94105 **tel** (415) 348-8300 **fax** (415) 348-8333

Finally, bearing in mind Your Honor's admonition that rulings on motions in limine are subject to change, we wish to bring to Your Honor's attention to an error of law bearing on this Court's July 22, 2009 ruling from the bench denying the City's motion in limine No. 8. That motion sought to exclude evidence of the cost of treating drinking water for contamination with VOCs other than MTBE. In its ruling, the Court held that the City's damages for treating MTBE at Station 6 should be reduced by the cost of removing other existing VOCs.

The missing element in the Court's analysis is that ExxonMobil's deposit of MTBE into the groundwater in Queens created an indivisible injury. There is no way to remove the MTBE from the groundwater without removing other, preexisting, VOCs. The cost of removing the MTBE is the same whether the MTBE was deposited into pristine groundwater or groundwater already contaminated with the VOCs.[1] Under these facts, which are not reasonably in dispute, the clear rule in New York is that ExxonMobil is liable for the full cost of removing the MTBE and is entitled to seek contribution from those parties that deposited other VOCs into the water.

The prevailing law in New York is that when two tortfeasors combine to cause an indivisible injury, whether or not there is simultaneous conduct, the tortfeasors are jointly and severally liable.[2] *Ravo by Ravo v. Rogotnick,* 70 NY 2d 305, 311 (1987). In that case, two doctors each committed malpractice, one prior to the birth of a baby. Each doctor's malpractice contributed to the baby being "severely and permanently retarded." *Id.* at 307. This was an indivisible injury even though the separate acts of malpractice were identifiable. The doctors were held jointly and severally liable and had rights of contribution against each other. *Id.* at 311-13. *Ravo* cites a number of other cases in which a similar result was obtained. In *Wiseman v. 374 Realty Corp.*, 387 N.Y.S.2d 612 (App. Div. 1976), a decedent was injured in a fall because of a defective stairway and handrail. *Id.* at 612-13. After he was hospitalized, he was given a drug that caused internal bleeding and death. Even though the landlord and hospital had two completely separate acts of negligence, the Court found the injuries to be indivisible and the parties were held jointly and severally liable with the right of contribution. *Id.* at 614. *See also* Restatement (Third) of Torts: Apportionment of Liability §A18 cmt. b ("Joint and several liability is sometimes said to be imposed on "concurrent" independentt tortfeasors. However, there is no temporal requirement for the actions of the tortfeasors")

In none of the cases cited did the court (or the jury) limit the recovery against the second tortfeasor to the condition of the plaintiff after the negligence of the first tortfeasor. The injuries sustained could not be divided up (as they cannot be in this case) and therefore joint and several

---

[1] The City is not seeking damages based on the cost of removing contaminants other than MTBE from the Station 6 water. But as MTBE and PCE are both VOCs, and are treated by the same basic VOC treatment processes, treatment for MTBE is inseparable from treatment for PCE or other VOCs.

[2] The fact that the Court has ruled that ExxonMobil may only be severally liable for MTBE contamination with other MTBE refiners and distributors under the Commingled Product Theory does not change the basic tort rule that ExxonMobil is nonetheless jointly and severally liable with other tortfeasors not involved with the commingled product.

liability was assessed against the defendant and that defendant had a right to seek contribution under *Dole v. Dow Chemical Company*, 30 NY 2d 143, 151-53 (1972).

There is no issue of "windfall" in this case. Separate parties contributed to the contaminated water and the City is entitled to clean water. It is up to the tortfeasors to litigate among themselves to apportion fault. It has long been the policy in New York that the wrongdoers should bear the full cost of the injury, not the innocent plaintiff. *Hymowitz v. Eli Lilly and Co.*, 73 N.Y.2d 487, 507 (1989). Accordingly, there is no legal basis for this Court to limit the City's recovery to the difference between the cost of removing MTBE and removing the other VOCs. There is no technological way for that division to be obtained and in the face of this indivisible injury, the prevailing law is that ExxonMobil is jointly and severally liable for the full cost of removing the MTBE whether or not that treatment also removes the VOCs.

Neither *Cornell v. ExxonMobil*, 558 N.Y.S.2d 647 (App. Div. Third Dep't 1990), nor *Squaw Island Freight Terminal Co. v. Buffalo*, 281 N.Y.794 (1939), compels a different result. In *Cornell*, the Court specifically noted that the treatment for gasoline contamination and the treatment for bacteria were totally different. Treatment for one contaminant did nothing to eliminate the other. 558 N.Y.S.2d at 651. *Squaw Island Freight Terminal Co. v. Buffalo* concerned only a single contaminant and the amount of damage caused by that single contaminant.

Accordingly, the City requests the Court reverse its ruling concerning motion in limine No. 8.

Respectfully submitted,

Victor M. Sher

cc: All Counsel via Lexis Nexis File & Serve