


Victor M. Sher
vsher@sherleff.com
415.348.8300 x10_

Sep 9 2009
9:16AM

September 9, 2009

*Via Email & Hand Delivery*

Hon. Shira A. Scheindlin
United States District Judge
U.S. District Court, Southern District of New York
500 Pearl Street, Room 1620
New York, New York 10007

    Re:    *City of New York v. ExxonMobil*, 04 CV 3417 (SAS)
            *In re MTBE Products Liability Litigation*, MDL 1358

Dear Judge Scheindlin,

I write in response to Exxon's letter, which we received at 7:15 pm last night, concerning the City's request to submit a supplemental report from the City's treatment and damage expert, Marnie Bell. Exxon complains about the timing of the City's request and seeks to impose three conditions – one that the City has already proposed and two that are patently unreasonably – on the City's submission of Ms. Bell's supplemental report.

The jury's determination at the end of phase 2 that MTBE concentrations will peak at 10 ppb justifies allowing Ms. Bell to provide a current analysis of damages. Ms. Bell necessarily originally based her opinion concerning MTBE treatment requirements and costs on the MTBE concentrations projected by the City's modeling expert, David Terry. Exxon's complaint of prejudice rings hollow. The Court allowed Exxon to supplement the report of its expert David Montgomery based on the Court's July 14 decision that Exxon bears the burden of proof on the allocation of damages, and only submitted that supplemental report less than two weeks ago, after the start of phase 3. Exxon then initially proposed to make Mr. Montgomery available for deposition next week. Only after the City insisted that it be allowed to depose Mr. Montgomery earlier did Exxon agree to make Mr. Montgomery available this Thursday, but then only in Washington D.C. If the City can depose Exxon's expert during trial (and out of town), Exxon can similarly depose the City's expert here in New York.

Although the City would have preferred to submit Ms. Bell's supplemental report earlier, unfortunately Ms. Bell's husband was in a serious motorcycle accident and Ms. Bell only recently returned to work. Since her return, she has been working diligently to complete her report. The City expects to provide Ms. Bell's supplemental report to Exxon today.

As to Exxon's proposed conditions, as explained in my September 7 letter, Ms. Bell's supplemental report will both account for the jury's determination that MTBE levels in the

450 Mission Street, Suite 400 • San Francisco, California 94105   **tel** (415) 348-8300   **fax** (415) 348-8333

Station 6 wells will peak at 10 ppb in 2033 and address the additional costs of treating for MTBE over the cost of treating for other VOCs, in accordance with the Court's decision on the City's motion in limine concerning evidence of other contaminants. There is no reason to limit Ms. Bell's report strictly to the jury's phase 2 determination. Exxon will have the opportunity to depose Ms. Bell about both topics at a deposition.

Exxon's proposal that its damage expert, David Hand, be allowed to formulate new opinions but not be required to disclose his opinions either in a report or in a deposition is unreasonable. As with all experts, and especially where Exxon bears the burden of proof, the City is entitled to know in advance the substance of Exxon expert's opinions concerning damages and to have the opportunity to depose Dr. Hand on those opinions. Dr. Hand's testimony at trial should then be limited to the opinions expressed in his reports. Exxon should not be allowed to ambush the City with an undisclosed, expert opinion offered in its direct case.

Respectfully submitted,

Victor M. Sher

cc: All Counsel via Lexis Nexis File & Serve