GREENBERG GLUSKER

**Robert S. Chapman**

D: 310.201.7493
F: 310.201.2393
RChapman@GreenbergGlusker.com

September 23, 2009

<u>*Via Email & Hand Delivery*</u>

Hon. Shira A. Scheindlin
United States District Judge
United States District Court, Southern District of New York
500 Pearl Street, Room 1620
New York, New York 10007

   Re: *City of New York v. ExxonMobil*, 04 CV 3417 (SDNY)

Dear Judge Scheindlin:

  Following up on our discussion yesterday regarding a potential jury charge and interrogatory regarding the City's alleged contributory fault, we have looked carefully at CPLR §1411 and relevant case law and believe that, under the factual circumstances presented here, the jury should not be permitted to consider the alleged contributory fault of the City as a defense or offset to its products liability claims. In a situation, such as this, when the plaintiff was not a user of the product and therefore did not improperly use it, contributory fault is not a defense to a products liability claim.

  While the City recognizes that the annotations to CPLR §1411 and <u>Codling v. Paglia</u>, 32 N.Y.2d 330, 343 (1973), support the general proposition that the contributory fault of a plaintiff may be used as a defense to a products liability claim, these authorities are predicated on the plaintiff being a *user* of a defective product and sustaining an injury during the course of his or her improper *use* of such defective product. Neither CPLR §1411 nor relevant case law support the proposition that comparative fault can be used as a defense to a products liability claim where, as here, the plaintiff is injured as a third party bystander whose injury is wholly unrelated to, and independent of, any misuse of the defective product.

  To the contrary, the court in <u>Codling</u> specifically found that the contributory fault of a plaintiff as a defense to a products liability claim could only be based any of three factors: (1) use of the product by the plaintiff for other than its normally intended purpose or other than in the manner normally intended; (2) the failure to exercise such reasonable care as would have disclosed the defect and the danger attributable thereto; and (3) whether the plaintiff independently exercised that degree of care for his own safety that a reasonably prudent person would have exercised under the same circumstances." 32 N.Y.2d at 343 (emphasis added); <u>Anderson v. Hedstrom Corporation</u>, 76 F.Supp.2d 422, 455-456 (S.D.N.Y. 1999).

Greenberg Glusker Fields Claman & Machtinger LLP
1900 Avenue of the Stars, 21st Floor, Los Angeles, California 90067
T: 310.553.3610 | F: 310.553.0687

GreenbergGlusker.com

Significantly, all of these factors are premised on plaintiff's own *use* of the defective product in causing the injury. That is not the case here. The City did not sustain its injury in its capacity as a *user* of gasoline containing MTBE. Rather, it sustained its injury as a result of ExxonMobil's actions of manufacturing and placing into the market gasoline containing MTBE, and in connection with ExxonMobil's failure to give adequate warnings with respect thereto. The City's injury is not related to or a result of any alleged improper *use* of gasoline containing MTBE by the City. Even as an alleged spiller of gasoline containing MTBE, the City's injury does not stem from an improper *use* of the product, but from the defective nature of the product itself. The City was not part of the chain of commerce which manufactured, refined, distributed, supplied or sold gasoline containing MTBE and was not knowledgeable regarding the dangerous and hazardous properties of MTBE. CPRL §1411 is therefore inapplicable. Accordingly, the jury should not be charged, nor requested to apportion, the City's alleged comparative fault in connection with calculating damages on its products liability claims.[1]

If, however, the Court is inclined to include a charge regarding the City's comparative fault and/or request a jury finding of comparative fault, the jury should also be instructed that the City's alleged comparative fault should only be considered when calculating the City's damages if it finds that the City's own conduct was a *substantial factor* in causing its damages. Codling, 32 N.Y.2d at 344; see Comments to PJI 2:36 Comparative Fault ("[t]he issue of the comparative fault of a plaintiff should not be presented to the jury in absence of evidence that plaintiff's conduct was a substantial cause of plaintiff's injuries") (citation omitted). To avoid any confusion, the jury should further be instructed that *any* person, whether the user of a product or a third party bystander, may recover when they are injured or damaged by a defective product. Codling, 32 N.Y.2d at 342.

Thank you for Your Honor's consideration of this matter.

Sincerely,

Robert S. Chapman

---

[1] As the California Court of Appeal recognized in Nelson v. Superior Court, 144 Cal.App.4th 689, 696 (2006), "bystanders should be given greater protection than consumers and users where harm to bystanders from a defect is reasonably foreseeable." While "[c]onsumers and users, at least, have the opportunity to inspect for defects and to limit their purchases,…the bystander ordinarily has no such opportunities." Id., citing Elmore v. American Motors Corp., 70 Cal.2d 578, 586 (1969).