

27435505

Oct 6 2009
6:39PM

**Robert S. Chapman**

D: 310.201.7493
F: 310.201.2393
RChapman@GreenbergGlusker.com

October 6, 2009

<u>Via Email & Hand Delivery</u>

Hon. Shira A. Scheindlin
United States District Judge
United States District Court, Southern District of New York
500 Pearl Street, Room 1620
New York, New York  10007

    Re:    *City of New York v. Exxon Mobil Corporation*
            <u>Revised Statute of Limitations Jury Charge</u>

Dear Judge Scheindlin:

The City objects to the inclusion of the following sentence in the first paragraph of the Court's revised statute of limitations jury charge:

> "**You may, however, consider what the City predicted and planned prior to October 31, 2000 in evaluating what the City knew or should have known prior to October 31, 2000**."

This language appears to contradict Your Honor's August 25, 2009 Order and Opinion, which states that "preventative action plainly does not start the limitations clock.  Rather, under New York law, the clock cannot start to run until the *injury* occurs, regardless of when one begins to take preventive steps to thwart or mollify an anticipated injury."

The language proposed above, however, seems to indicate that prediction or planning may have meaning to the statute of limitations analysis even in absence of an injury occurring.  This may confuse the jury and lead to a result contradictory to Your Honor's prior ruling.  For these reasons, the City hereby objects to the inclusion of the above sentence in the statute of limitations charge.

Thank you for Your Honor's consideration of this matter.

            Sincerely,

            /s/ *Robert S. Chapman*

            Robert S. Chapman

**Greenberg Glusker Fields Claman & Machtinger LLP**
1900 Avenue of the Stars, 21st Floor, Los Angeles, California 90067
T: 310.553.3610  |  F: 310.553.0687

78519-00002/1705657.1

GreenbergGlusker.com