



27581243

Victor M. Sher
vsher@sherleff.com
415.348.8300 x100

Oct 15 2009
5:36PM

October 15, 2009

**_Via Email and Hand Delivery_**

Hon. Shira A. Scheindlin
United States District Judge
U.S. District Court, Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:   *City of New York v. ExxonMobil*, 04 CV 3417 (SDNY)
            Punitive Damages Ruling

Dear Judge Scheindlin:

    The Court's ruling of October 14, 2009 failed to address certain applicable law and facts in the record from which a reasonable jury could conclude that ExxonMobil acted with conscious indifference and utter disregard of its effect upon the health, safety, and rights of others.

    Under New York law the availability of punitive damages depends on the nature of ExxonMobil's conduct, not on the degree of harm suffered by the City.[1] Punitive damages are available even where the actual harm suffered is only nominal, including specifically in trespass cases. *See, e.g., Ligo v. Gerould*, 665 N.Y.S.2d 223, 224 (App. Div. 1997) (in the absence of proven damages, $1 in nominal damages and $1500 in punitive damages were awarded in a trespass case). The Court's opinion neither mentioned nor discussed the City's trespass claim, although the rule applies in other contexts as well. *See Action House, Inc. v. Koolik*, 54 F.3d 1009, 1013-14 (2d Cir. 1995) ("Had nominal damages been awarded, we believe that an award of punitive damages would have been consistent with New York law"); *Reinah Dev. Corp. v. Kaaterskill Hotel Corp.*, 59 N.Y.2d 482, 487 (1983) (assuming that nominal damages award would support punitive award if warranted by the facts in a fraud case).

    ExxonMobil consciously suppressed public dissemination of the potential health effects and taste and odor impacts of MTBE. The City's toxicology expert Dr. Kathleen Burns testified that studies sponsored by members of the petroleum industry, including ExxonMobil, found evidence of MTBE's carcinogenicity. However, those studies were

---

[1] The degree of actual and potential harm created by a defendant's conduct is a factor determining the conduct's reprehensibility, not the availability of punitive damages in the first instance. *See* NY PJI 2:278.

450 Mission Street, Suite 400 • San Francisco, California 94105   tel (415) 348-8300   fax (415) 348-8333

then kept *inaccessible* to the public health community for several years thereafter.[2] George Dominguez testified that in 1987 Exxon was a member of a petroleum industry MTBE group that intentionally kept health and environmental information about MTBE from the EPA. Mr. Dominguez authored a letter to the EPA on behalf of that same industry group, stating that "there is no evidence that MTBE poses any significant risk of harm to health or the environment, that human exposure to MTBE and release of MTBE to the environment is negligible, that sufficient data exists to reasonably determine or predict that manufacture, processing, distribution, use and disposal of MTBE will not have an adverse effect on health or the environment…" (PL-372 (2/27/1987 Statement of MTBE Committee Submitted to EPA)). These two facts alone demonstrate that ExxonMobil intentionally suppressed information about the dangers of MTBE from the public, which demonstrates wanton and reckless conduct.

This Court stated that "there is no need to deter further reprehensible conduct specifically relating to the use of MTBE in New York," citing New York's 2004 ban of MTBE. But "[t]he purpose of punitive damages is … to discourage the defendant and other [people, companies] from acting in a *similar* way in the future." NY PJI 2:278. *See also Walker v. Sheldon*, 10 N.Y.2d 401, 404 (1961) ("Punitive or exemplary damages have been allowed … to deter him, as well as others who might otherwise be so prompted, from indulging in *similar* conduct in the future. (emphasis added)); *see also Ross v. Louise Wise Services, Inc.*, 812 N.Y.S.2d 325, 331 (App. Div. 2006) ("It has long been understood that an award of punitive damages serves a dual purpose, to punish the offending party, and to deter *similar* conduct on the part of others").

Punitive damages should therefore deter not only *identical* conduct – i.e., that specifically relating to the use of MTBE in New York – but also *similar* conduct, the development and use of *other* toxic products. The City has shown that ExxonMobil manufactured, sold and distributed a toxic product without adequate investigation of its effects on the health of the public and the environment; that ExxonMobil maliciously failed to warn users of a potential hazard; and that ExxonMobil maliciously and intentionally trespassed on the City's property. Punitive damages will deter ExxonMobil and others from such conduct with respect to any product it develops in the future. *See, e.g., Western New York Land Conservancy, Inc. v. Cullen*, --- N.Y.S.2d ----, 2009 WL 3154322, 1 (App. Div. Oct. 2, 2009) (finding that "award of punitive damages was particularly appropriate to punish the wrongdoer and to deter repetition of such behavior in the future" in trespass case). Exxon and others should be deterred from engaging in similar conduct in the future involving other toxic substances.

---

[2] 8/27/09 TR at 2814:1-10 (Burns): "These studies were sponsored by the petroleum industry. Q. And so the right-hand column, 1991 was the date the study was completed and submitted to the industry and to the EPA, is that correct? A. That's what I have in the cover memos that I have seen, yes. Q. And what's the second date, the 1997? A. That's the date that it was accessible to the public health scientists, to cancer scientists around the world, and to people who keep track of these things."

Whether ExxonMobil's conduct was sufficiently wanton and reckless to support an award of punitive damages does not depend on the degree of harm suffered, but on the nature of the conduct. There is evidence in the record showing that ExxonMobil's conduct consciously and willfully disregarded the City's right to clean and safe drinking water – ExxonMobil was aware of MTBE's propensity to contaminate drinking water, but intentionally concealed this information from the public. An award of punitive damages would deter *similar*, not just identical, conduct by ExxonMobil and other companies. Based on the above and viewing these facts most favorably to the City, a reasonable jury could find that Exxon engaged in wanton and reckless conduct which consciously and willfully disregarded the City's rights and the public's health and safety.

Respectfully submitted,

Victor M. Sher

Cc: All Counsel via LNFS & Email