UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
IN RE: METHYL TERTIARY BUTYL                                  :   Master File No. 1:00-1898
ETHER ("MTBE") PRODUCTS                                       :   MDL 1358 (SAS)
LIABILITY LITIGATION                                          :
-------------------------------------------------------------  :   No. M21-88
                                                              :
This document relates to:                                     :
                                                              :
*Orange County Water Dist. v. Unocal Corp., et                :
al.*, 04 Civ. 4968                                            :
                                                              :
------------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: 12/21/09

KENNETH E. WARNER, SPECIAL MASTER:

PRE-TRIAL ORDER #49-A
(Ruling After *In Camera* Review of Certain Documents on Plaintiff's Privilege Log)

Plaintiff, Orange County Water District, seeks privilege protection for certain undisclosed e-mail communications between plaintiff's attorneys, the Miller Axline firm, and the consulting firm of Friedman & Bruya. In the motion papers leading to PTO #49, plaintiff argued that these communications were protected as attorney work product, in that Friedman & Bruya was allegedly an "undisclosed litigation consultant" retained both by plaintiff and by its law firm. In PTO #49 I directed plaintiff to produce those communications to me for *in camera* inspection, because testing results from Friedman & Bruya were presented to the Court in this litigation and relied on by plaintiff on two important motions, one dispositive. As a result, communications with Friedman & Bruya by plaintiff's attorneys that were considered by that consulting firm and were relevant to its testing results and/or the evaluation thereof are discoverable.

In Re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation                    Doc. 2973

All of the documents produced to me were e-mails addressing compliance with a subpoena served on Friedman & Bruya in this MDL that were "considered" by Friedman & Bruya, in that they were either sent to that firm by plaintiff's attorneys or vice versa. However, only part of one of the e-mails is relevant to an analysis of Friedman & Bruya's testing results, and therefore only that portion of that document must be produced, to wit: the first three sentences in the last paragraph of an e-mail from James Bruya dated May 6, 2009 to Tracey O'Reilly. Production shall take place no later than December 18, 2009. The balance of the documents on plaintiff's privilege log (five other e-mails or e-mail chains) are not relevant to Friedman & Bruya's testing results or to the evaluation thereof and are therefore not discoverable.[1]

Dated: December 11, 2009

Kenneth E. Warner, Special Master

So Ordered: [signature] USDJ 12/21/09

---

[1] In its cover letter transmittal the privilege log to all counsel, plaintiff's attorneys raise for the first time another ground for privilege, namely that Miller Axline was the attorney for Friedman & Bruya "in advising Friedman and Bruya regarding the subpoena response and deposition" and that consequently the subject e-mails "involve [Miller Axline's] attorney client and work product communications" with that consulting firm (*see* Letter from Michael Axline, Esq. dated November 30, 2009 at 1). However, there was no mention of this relationship in plaintiff's moving papers, which involved multiple submissions, and its belated assertion now does not shield the e-mails from disclosure. Indeed, even accepting that Miller Axline became the attorney for Friedman & Bruya, multiple hats were being worn, since the consulting firm was also the source of test results that were submitted on two important motions, with the intention that they be relied on by the Court. In its capacity as the source of those test results, Friedman & Bruya played an active role in this litigation and its relevant communications became subject to disclosure. Therefore Miller Axline's e-mail communications with Friedman & Bruya were, at best, ambiguous, as to whether they were acting in an attorney-client capacity or in the capacity of attorneys for the District dealing with an expert whose work product was being submitted to the Court. Ambiguities of this type should be resolved in favor of the party seeking discovery. *See City of New York v. Amerada Hess Corp., et al.,* Memorandum Opinion and Order (at p. 6), 6/30/09, 00 MDL 1898, 04 Civ. 3417 (SAS).