UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                     :

IN RE: METHYL TERTIARY BUTYL     :    **Master File No. 1:00-1898**
ETHER ("MTBE") PRODUCTS         :    **MDL 1358 (SAS)**
LIABILITY LITIGATION             :
-------------------------------------------------------------- :    **No. M21-88**
                                       :

This document relates to:              :
                                       :

*West Hempstead Water District v. AGIP, et al.,*  :
03 Civ. 10052                   :
                                     :
                                     :
-------------------------------------------------------------- X



KENNETH E. WARNER, SPECIAL MASTER:

## PRE-TRIAL ORDER # 50
### (Motion by Defendants for Discovery of Certain Documents Listed on Plaintiff's Privilege Log)

Defendants challenge plaintiff's assertion of privilege over certain documents

In Re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation           Doc. 2979

which plaintiff has listed in its privilege log and denominated "attorney/client work

product".

Defendants sought various documents in their August 22, 2008 First Request for

Production and accompanying Interrogatories and in their October 10, 2008 Second

Request for Production and accompanying Interrogatories. In partial response, on July

29, 2009, plaintiff provided defendants with a privilege log, identifying various

documents deemed by plaintiff to be within the scope of the discovery demands but not

subject to production by reason of privilege.

Some of the documents for which privilege was asserted were communications between Paul Granger, a testifying expert designated by plaintiff, on the one hand, and plaintiff's Superintendent Robert York and/or members of the Napoli Bern law firm, the attorneys for plaintiff, on the other. Those documents are the subject of defendants' challenge and copies thereof were provided to me by plaintiff for *in camera* inspection.

On January 7, 2009, plaintiff disclosed Paul Granger as a testifying expert concerning "water plant operations" and "damages." On this motion defendants have set forth a list of ten subjects addressed in their discovery demands that they contend are encompassed within the aforementioned areas of Mr. Granger's proffered expertise (*see* Letter dated 10/30/09 from Christopher Garvey, Esq.). Plaintiffs have not challenged the relevance of any of the items on that list to Mr. Granger's designated areas of expertise.

## DISCUSSION

Work product protection is not accorded to attorney or client communications with a disclosed testifying expert if those communications were considered by the expert in forming his/her opinion and were relevant to same. The decision of Judge Scheindlin in this MDL in *City of New York v. Amerada Hess Corp., et al,* Memorandum Opinion and Order, 6/30/09, 00 MDL 1898, 04 Civ. 3417 (SAS) provides guidance in applying this rule.[1] That case involved a request by defendants for materials exchanged between plaintiff's attorneys and plaintiff's designated testifying experts while the experts were

---

[1] So does my prior decision in PTO #49.

preparing their Rule 26 reports. The experts received "e-mails including discussions of particular wells, PowerPoint presentations concerning scientific matters, and specific queries concerning draft reports" (Memorandum at 4).

The Court held that "[e]xpert discovery includes a burden to produce 'the data or other information *considered* by the witness in forming 'his or her expert opinion'" (emphasis added) [citing Fed. R. Civ. P. 26(a)(2)(B)], and that "the disclosure requirements of Rule 26(a)(2)(B) take precedence over the work-product doctrine" (Memorandum at 5, citing *Zheng v. Liberty Apparel Co.,* No. 99 Civ. 9033, 2004 WL 1746772, at *2 (S.D.N.Y. Aug. 3, 2004)). The Court further ruled that "[i]t is not possible for the Court truly to know what material an expert has relied on in formulating his or her opinion. Nor can an expert truly know that he or she has banished from consideration information previously received from counsel. *Thus this Court must read the term 'considered' broadly.*" Memorandum at 6 (emphasis added).

Following this approach, the Court determined that a document was "considered" by an expert when it was "received, reviewed, read, or authored" by that expert, and thus was "subject to disclosure, regardless of any claim of protected attorney work-product." *Id.* That does not mean, however, that disclosure would necessarily be required, because "a document received or authored by an expert [that] is not relevant to the subject matter of the expert's report" would not, absent proof to the contrary, have been relied on in preparing the report. Therefore an irrelevant document need not be disclosed. *Id.* To

make that determination, the Court "reviewed the complete set of documents provided by the City to its experts that the City has withheld" and ordered some to be produced and others not. *Id.* at 6-8.

On the issue of dual capacity – i.e., where an expert serves as both a testifying witness and a litigation consultant – Judge Scheindlin held that "any ambiguity as to the role played by the expert when reviewing or generating documents should be resolved in favor of the party seeking discovery" (Memorandum at 6, citing *B.C.F. Oil Refining, Inc. v. Consolidated Edison Co.,* 171 F.R.D. 57, 6 (S.D.N.Y. 1997)). *See also* PTO #46.

With these principles in mind, I have made an *in camera* analysis of the challenged documents here and conclude that the following documents, all of which were either created or received by Mr. Granger, and are relevant to one or both of his designated areas of expertise, must be produced by plaintiff:

- Documents 24796, 24801 through 24802, 24805 and 24815, which involve the status of certain tests for MTBE;

- Documents 24797 and 24803 through 24804, which involve chemical spills;

- Documents 24809 through 24810, 24813, and 24820 through 24835, which involve underground storage fuel and/or chemical tanks and petroleum spills;

- Document 24814, which involves inspection of, maintenance and repairs to filters;

- Document 24816, which involves the MTBE wellhead treatment report resolution;

- Document 24836 through 24840, which involve reporting a spill to the New York State Department of Environmental Conservation; and

- Document 24841 through 24857, which involve handling water supply emergencies.

Plaintiff is not required to disclose the following documents listed on its privilege log, as they are all related to general litigation planning, not to the designated areas of Mr. Granger's expertise: Documents 24583 through 24615, 24798, 24799-24800, 24806 through 24807, 24811 through 24812, 24817, 24858 through 24890, and 25110 through 25111.

## CONCLUSION

The documents directed to be produced must be produced by plaintiff to defendant in unredacted form no later than December 22, 2009.

Dated: December 11, 2009

_____
Kenneth E. Warner, Special Master

So Ordered:

_____ 12/23/09