UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X
                                                        :
IN RE: METHYL TERTIARY BUTYL                            :
ETHER ("MTBE") PRODUCTS                                 :   CASE MANAGEMENT
LIABILITY LITIGATION                                    :   ORDER #57
------------------------------------------------------- :
                                                        :   Master File No. 1:00-1898
This document relates to:                               :   MDL 1358 (SAS)
                                                        :   M21-88
All Cases                                               :
-------------------------------------------------------X

SHIRA A. SCHEINDLIN, U.S.D.J.:

This Order memorializes the rulings made during the status conference held on January 7, 2010.

1. *Village of Hempstead* and *West Hempstead*:

    A. A conference is scheduled for February 10, 2010 at 10 AM to discuss preparation for the *West Hempstead* trial scheduled to begin on June 21, 2010. This conference may be converted to an "all cases" status conference if the parties identify a sufficient number of issues that should be decided by the Court.

    B. Plaintiffs are directed to supply defendants with the "Village of Hempstead spill documents" requested by defendants. If defendants are not satisfied with the documents produced, they may identify what documents they believe are missing to Special Master Warner.

    C. Plaintiffs are directed to supply defendants with the Bates numbers of

the "West Hempstead Analyte Data and Laboratory Procedures" documents requested by defendants.

2. *New Jersey*:

   A. Plaintiffs are directed to produce the "Oracle" database in native format. If the parties cannot resolve the other electronic discovery disputes in this case, including whether portions of the "Oracle" database should be redacted, with ten (10) days, these disputes are referred to Special Master Warner.

   B. Plaintiffs are directed to produce the non-site-specific discovery requested by defendants. If plaintiffs object to any of these requests as being overbroad, the matter is referred to Special Master Warner.

   C. Plaintiffs are directed to produce a list of sites for which they have not identified specific MTBE release points. If defendants, with plaintiffs' direction, are unable to extract the other sites at issue in this case – *i.e.*, those sites where specific MTBE release points have been identified – from the databases already produced by plaintiffs, the parties are directed to meet with Special Master Warner to determine how to proceed with extracting a list of MTBE release sites.

   D. The parties are directed to meet and confer to discuss a joint proposed case management order for the selection of focus sites. If the parties

cannot agree upon a joint proposal, they shall submit individual proposed case management orders. The parties shall not limit the selection of focus sites to a single county or geographic region and shall not use a "strike" process in selecting focus sites. In addition, the parties shall not sequence the proposal of focus sites between parties, but shall propose focus sites in two waves – *e.g.*, both parties will propose eight (8) sites on one date and then both parties will propose four (4) additional sites on a later date. The parties may select a larger number of focus sites for discovery than for trial. The number of discovery sites shall be no greater than fifty (50), and the number of trial sites shall be no greater than twenty (20).

E. Defendants shall be given limited discovery on the entire set of sites at issue in this case. The discovery should be aimed at providing defendants with the information needed to select focus sites for trial. The parties shall meet with Special Master Warner to determine the scope of this limited discovery.

F. Plaintiffs are directed to provide short interrogatories to defendants requesting information regarding the refineries from which each defendant has shipped gasoline products into the State of New Jersey, the terminals that each defendant has used in doing so, the stations

that each defendant owned in New Jersey, the underground storage tanks used at those stations, and the periods of time during which defendants had ownership of each one of those stations. Each defendant shall answer these interrogatories separately and retains the right to make objections as appropriate.

F. The time for asserting third party claims is stayed. A deadline for asserting third party claims relating to focus sites will be set after those sites are chosen. As to all other sites, the time for asserting third party claims is stayed indefinitely.

2. *Puerto Rico*:

A. Plaintiffs are directed to produce a list of sites for which they have not identified specific MTBE release points. If defendants, with plaintiffs' direction, are unable to extract the other sites at issue in this case – *i.e.*, those sites where specific MTBE release points have been identified – from the databases already produced by plaintiffs, the parties are directed to meet with Special Master Warner to determine how to proceed with extracting a list of MTBE release sites.

B. The parties shall inform the Court of their progress following the parties' scheduled visit to Puerto Rico on January 14 and 15.

C. The parties are directed to be ready to discuss the process of choosing

focus sites for trial by the next status conference. The parties should look to the Court's rulings in the *New Jersey* case for guidance on how to proceed with discovery and the selection of focus sites.

3. Exxon Mobil shall be permitted to take *de bene esse* fact depositions of Mr. Robert Reynolds, Mr. Robert Scala, and Mr. Sullivan D. Curran. Mr. Reynolds is already scheduled to be deposed in the Napoli Bern cases. Unless that deposition is cancelled, Exxon Mobil shall be permitted to take its deposition of Mr. Reynolds following the deposition relating to the Napoli Bern cases.

4. In the Napoli Bern cases, the defendants are directed to inform plaintiffs by January 11, 2010 which scheduled expert depositions, if any, they are waiving.

5. *Tampa Bay Water, City of Crystal River, City of Inverness Water District,* and *City of Homosassa*: Plaintiffs are directed, no later than January 15, 2010, to serve interrogatories and/or document requests on Gulf Oil Limited Partnership ("GOLP") in anticipation of GOLP filing a motion for summary judgment in these cases. Defendants shall either respond to these requests or explain to Special Master Warner why the requested documents do not exist. After any such issues are settled, GOLP shall submit a proposed schedule for briefing its summary judgment motion.

6. *Riverhead Water District* case : Plaintiff is directed to amend its interrogatory responses as directed at the status conference by January 20, 2010.

7. *Town of Southampton*: Plaintiff was directed to amend its interrogatory responses by January 8, 2010.

8. *Orange County Water District*: the parties are directed to select the ten (10) focus plumes that will be used for trial. The parties shall exchange their lists of five (5) focus plumes by January 15, 2010. The parties are directed to complete fact discovery by the end of August, and to submit a proposed expert discovery schedule for approval by the Court.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated: New York, New York
January 14, 2010

## -Appearances-

**Liaison Counsel for Plaintiffs:**

Robin Greenwald, Esq.
Robert Gordon, Esq.
Weitz & Luxenberg, P.C.
180 Maiden Lane
New York, New York 10038
Tel: (212) 558-5500
Fax: (212) 344-5461

**Liaison Counsel for Defendants:**

Peter John Sacripanti, Esq.
James A. Pardo, Esq.
McDermott Will & Emery LLP
50 Rockefeller Plaza, 11th Floor
New York, New York 10020
Tel: (212) 547-5583
Fax: (212) 547-5444