# Exhibit A

# WELL NO. 6 (SERVED AUGUST 22, 2008)

## INTERROGATORY NO. 1.

If any of your responses to any of the foregoing requests for admission were anything other than an unqualified "admit," please state in detail the basis for your denial.

## RESPONSE NO. 1

Pursuant to an agreement reached September 19, 2008, the City refers Defendants to its responses to Defendants' Well Specific Requests to Admit, dated October 1, 2008.

## INTERROGATORY NO. 2.

Identify the pressure zone or zones in which Wells 6, 6A, 6B, and 6D are located.

## RESPONSE NO. 2

The City refers Defendants to Exhibits 10 through 13 to the deposition of Thomas Tengelsen ("Tengelsen Deposition"), taken on October 6 and 11, 2005, and to the previously produced maps of the City's drinking water distribution system, Bates-stamped NYC-MAP-000001 *et seq*. The City also refers Defendants to the following deposition transcripts:

- Tengelsen Deposition, at pages 85 through 152; 285 through 290; 401 through 425; and 475 through 489;

- Deposition of John Dydland ("Dydland Deposition"), taken on October 20, 2005, at pages 60 through 81, and pages 167 through 168; and

- Deposition of William Yulinsky ("Yulinsky Deposition"), taken on January 30, 2006, at pages 300 through 303.

## INTERROGATORY NO. 3.

Identify, in as much detail as is available, the damages you claim to have incurred as a result of MTBE detected at the Station 6 wells, identifying for each well:

(a) the amount of damages incurred;

(b) the type of damage incurred (e.g., remediation, investigation, filtration, lost

        revenue, cost of alternative water);

(c)    the date(s) on which the damages were incurred;

(d)    all documents concerning such damages;

(e)    identify each Person knowledgeable as to such damages; and

(f)    if any such amounts are attributable, in whole or in part, to the presence of analytes other than MTBE, identify such analytes and the amount of damages attributable to them.

**RESPONSE NO. 3:**

The City objects to this request to the extent it implies that the presence of other analytes in a well could reduce Defendants' liability for damages for the costs of addressing MTBE in the well. Nonetheless, notwithstanding and subject to this objection, the City responds as follows: Responsive information concerning costs incurred by the City as a result of MTBE in the Station 6 Wells can be obtained from documents that have previously been produced by the City, including documents concerning the Station 6 component of the Brooklyn Queens Aquifer Study (contract GE-328), documents Bates No. NYC0012226 through NYC0012232, NYC0012198 through NYC0012199, NYC0012392 through NYC0012394, NYC-0095422 through NYC-0095448, NYC-0095464 through NYC-0095506; NYC-0096036 through NYC-0096054, NYC-0096178 through NYC-0096210, NYC-0096450 through NYC-0096483, and documents that the City will be producing shortly. The damages the City has already incurred include approximately $900,000 related to the investigation of MTBE in the wells to be treated at the Station 6 treatment plant, including the Station 6 Wells, sampling, modeling, preliminary assessment of appropriate treatment alternatives, and conceptual design. The City has not allocated those damages among the individual wells to be treated by the Station 6 treatment plant.

Persons most knowledgeable include William Yulinsky, New York City Department of Environmental Protection, William Meakin, New York City Department of Environmental Protection, Venetia Barnes, New York City Department of Environmental Protection, Donald Cohen, Malcolm Pirnie, and Nabeel Mishalami, Malcolm Pirnie.

**INTERROGATORY NO. 4.**

Identify in as much detail as is available, the damages you claim will be incurred in the future as a result of MTBE detected at the Station 6 wells identifying for each well:

(a) the amount of damages alleged;

(b) the type of damages alleged (e.g., remediation, investigation, filtration, lost revenue, cost of alternative water);

(c) all documents concerning such damages;

(d) identify each Person knowledgeable as to such damages; and

(e) if any such amounts are attributable, in whole or in part, to the presence of analytes other than MTBE, identify such analytes and the amount of damages alleged which are attributable to them.

**RESPONSE NO. 4**

The City objects to this interrogatory as it prematurely and improperly seeks expert discovery in violation of Fed. R. Civ. P. 26, the Court's July 25, 2006 Order, and the stipulation between the City and Defendants, as evidenced in the Defendants' August 17, 2006 72-hour letter to the Court, which states that expert discovery shall follow fact discovery in this case. The City further objects to this request to the extent it implies that the presence of other analytes in a well could reduce Defendants' liability for damages for the costs of addressing MTBE in the well. Nonetheless, notwithstanding and subject to these objections, the City responds as follows: Responsive information concerning cost estimates for the treatment plant