UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE METHYL TERTIARY BUTYL ETHER
PRODUCTS LIABILITY LITIGATION

This document relates to:

*City of New York v. Amerada Hess Corporation, et al.,*
No. 04 Civ. 3417 (SAS)

Master File No. 1:00-1898
MDL 1358 (SAS)
M21-88

## EXXON MOBIL DEFENDANTS' NOTICE OF RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW OR, IN THE ALTERNATIVE, FOR A NEW TRIAL AND/OR REMITTITUR

Pursuant to Rule 50(b) of the Federal Rules of Civil Procedure, and for the reasons stated below, Defendants Exxon Mobil Corporation, ExxonMobil Chemical Company, Inc., Exxon Mobil Oil Corporation, and Mobil Corporation (collectively "ExxonMobil" or "Defendants") renew their motions for judgment as a matter of law on the claims of Plaintiffs City of New York, New York City Water Board and the New York City Municipal Water Finance Authority (collectively "the City" or "Plaintiffs"). In the alternative, Defendants move for a new trial pursuant to Federal Rule of Civil Procedure 59(a) on all issues or, with respect to damages, for remittitur.

As explained more fully in the memorandum supporting this motion, and in the arguments and analysis incorporated by reference in that memorandum, as well as in Defendants' October 1, 2009, Memorandum in support of their motion for judgment as a matter of law pursuant to Rule 50(a), no legally sufficient evidentiary basis exists for a reasonable jury to find in favor of the City for the following reasons:

1. All of the City's claims were preempted by federal law;

2. Overwhelming evidence proved that the City's claims were time-barred by the applicable statute of limitations, and no reasonable jury could find otherwise;

3. All of the City's claims failed due to lack of sufficient proof that ExxonMobil caused the City's alleged injury;

4. All of the City's claims failed due to lack of proof that the City has incurred an actual or imminent legally cognizable and justiciable injury;

5. The City failed to prove its failure-to-warn claim;

6. The City failed to prove its negligence claim;

7. The City failed to prove its public nuisance claim; and

8. The City failed to prove its trespass claim.

For the same reasons, the verdict in favor of the City is against the weight of the evidence, and a new trial is warranted, should the Court decide not to grant ExxonMobil judgment as a matter of law.

In addition, several errors of law materially prejudiced ExxonMobil's rights and, therefore, warrant a new trial. In particular, the Court erred in:

1. Not declaring a mistrial due to serious juror misconduct;

2. Wrongly instructing the jury on Plaintiffs' injury and burden of proof;

3. Wrongly instructing the jury on Plaintiffs' trespass claim;

4. Allowing evidence in support of, and instructing the jury on, the "commingled product" theory;

5. Limiting the testimony of Defendants' expert, David Hand;

6. Allowing evidence that ExxonMobil allegedly failed to warn the government or the public about MTBE;

7. Striking portions of the testimony of Defendants' expert Sandra Mohr;

8. Allowing the rebuttal expert testimony of Plaintiffs' undisclosed expert, Kenneth Rudo; and

9. Permitting Plaintiffs to change their theory of negligence in the middle of trial.

Finally, because the jury's damage award is against the weight of the evidence and is excessive, if the Court does not grant ExxonMobil judgment as a matter of law, it should order a

new trial on damages or, in the alternative, remit the damage award.

DATED:  April 27, 2010

Respectfully submitted,

*[signature]*

Peter John Sacripanti (PS 8968)
James A. Pardo (JP 9018)
Lauren E. Handel (LH 0755)
Lisa A. Gerson (LG 4340)
MCDERMOTT WILL & EMERY LLP
340 Madison Avenue
New York, NY 10017-4613
Tel:  212.547.5400
Fax:  212.547.5444

James W. Quinn (JQ 6262)
David J. Lender (DL 1554)
Theodore E. Tsekerides (TT 5946)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Tel:  212.310.8000
Fax:  212.310.8007

*Counsel for Exxon Mobil Corporation, ExxonMobil Chemical Company, Inc., Exxon Mobil Oil Corporation, and Mobil Corporation*