UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X

IN RE METHYL TERTIARY BUTYL
ETHER ("MTBE") PRODUCTS
LIABILITY LITIGATION

------------------------------------------------------- X

This Document Relates to:

------------------------------------------------------- X

CITY OF NEW YORK, *et al.*,

          Plaintiffs,

   - against -

EXXON MOBIL CORPORATION, *et al.*

          Defendants.

------------------------------------------------------- X

**OPINION AND ORDER**

00 Civ. 1898 (SAS)

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/12/10
```

04 Civ. 3417 (SAS)

SHIRA A. SCHEINDLIN, U.S.D.J.:

I.    INTRODUCTION AND BACKGROUND

      The City of New York[1] (the "City") brought this action seeking relief from contamination of groundwater from various defendants' use of the gasoline

---

[1] In July 2009, the New York City Water Board and the New York City Municipal Water Finance Authority were ordered to join this action as plaintiffs pursuant to Federal Rule of Civil Procedure 19(a)(2). *See* 7/6/09 Order. I will refer to the three plaintiffs collectively as the "City."

1

additive methyl tertiary butyl ether ("MTBE").  On October 19, 2009, after a trial on the merits, a jury awarded the City a verdict of approximately one hundred and four million dollars against ExxonMobil Corporation, ExxonMobil Oil Corporation, and Mobil Corporation (collectively, "ExxonMobil") – the only remaining defendants in this case.  The City now moves for entry of prejudgement interest on that award.

## II.    BACKGROUND

On October 31, 2003, the City filed an action alleging MTBE contamination of the City's groundwater well system in Jamaica, Queens.[2] Because of the prohibitive size and complexity of the case, five focus wells, among the dozens at issue, were selected for trial.[3]  All five focus wells are located in an area known as Station Six – a facility which has not yet been constructed.[4]

The trial was divided into four phases.  In Phase I, the jury held that the City intends, in good faith, (a) to begin construction of the Station Six facility within the next fifteen years and (b) to use the water from the Station Six wells

---

[2]    *See* Fourth Amended Complaint ¶¶ 114-122.

[3]    *See In re MTBE Prod. Liab. Litig.*, 643 F. Supp. 2d 446, 451 (S.D.N.Y. 2009).

[4]    *See id.*

within the next fifteen to twenty years.[5] In Phase II, the jury held that (a) MTBE will be in the groundwater of the capture zone of the Station Six wells when they begin operation and (b) MTBE will peak at 10 parts per billion ("ppb") in the combined outflow for the Station Six wells in 2033.[6] In Phase III, the jury held ExxonMobil liable to the City, under various New York state law causes of action, as a cause of that contamination.[7]

The jury awarded significant compensatory damages on the basis of those holdings. It determined that $250,500,000 would "fairly and reasonably compensate the City for all damages the City has proven."[8] After reducing that amount to take account of the jury's other findings (*e.g.*, the cost the City would have to expend to treat non-MTBE contaminants in the Station Six wells even if MTBE were not present),[9] ExxonMobil is liable to the City for approximately one hundred and four million dollars. Final judgment on the claims relating to the Station Six wells was entered on April 6, 2010 pursuant to Federal Rule of Civil

---

[5]  *See In re MTBE Prod. Liab. Litig.*, No. 04 Civ. 3417, 2009 WL 3347214, at *1 (S.D.N.Y. Oct. 19, 2009).

[6]  *See id.*

[7]  *See* 10/19/09 Trial Tr. at 7042:9-7046:21.

[8]  *See* Ct. Ex. 21.

[9]  *See id.*

Procedure 54(b).

## III. APPLICABLE LAW

Because prejudgment interest is a matter of substantive law, and the damages were awarded pursuant to New York state law claims, New York law also governs the award of prejudgment interest.[10] The New York Civil Practice Law and Rules ("CPLR") contains provisions for determining both pre-verdict and post-verdict interest. Section 5001 makes pre-verdict interest mandatory where the underlying claims are based upon contract or property law.[11] When interest is awarded, it "shall be computed from the earliest ascertainable date the cause of action existed, except that interest upon damages incurred thereafter shall be computed from the date incurred."[12] Section 5002 makes post-verdict interest mandatory in all cases.[13] Interest is calculated from the date the verdict is rendered

---

[10] *See Schwimmer v. Allstate Ins. Co.*, 176 F.3d 648, 650 (2d Cir. 1999).

[11] *See* CPLR § 5001(a) ("*Interest shall be recovered* upon a sum awarded because of a *breach of performance of a contract*, or because of an act or omission *depriving or otherwise interfering with title to, or possession or enjoyment of, property*, except that in an action of an equitable nature, interest and the rate and date from which it shall be computed shall be in the court's discretion." (emphasis added)).

[12] *Id.* § 5001(b).

[13] *See id.* § 5002 ("Interest shall be recovered upon the total sum awarded, including interest to verdict, report or decision, in any action, from the date the verdict was rendered or the report or decision was made to the date of

to the date of entry of final judgment.[14] The interest rate for both pre-verdict and post-verdict interest is set at nine percent per annum[15] and is not compounded.[16]

## IV. DISCUSSION

### A. Post-Verdict Interest

ExxonMobil does not oppose the City's request for post-verdict interest.[17] Because the award of interest pursuant to section 5002 is mandatory, the City is entitled to nine percent simple-interest on the jury award for the period beginning on October 19, 2009, the date the verdict was rendered, and ending on April 6, 2010, the date of entry of partial final judgment.

### B. Pre-Verdict Interest

ExxonMobil opposes entry of pre-verdict interest on two grounds. *First*, it argues that the City is not entitled to pre-verdict interest because the jury's

---

entry of final judgment. The amount of interest shall be computed by the clerk of the court and included in the judgment.").

[14] *See id.*

[15] *See id.* § 5004.

[16] *See Schwartz v. Natwest Mkts., PLC*, No. 99 Civ. 11010, 2001 WL 1006727, at *10. (S.D.N.Y. Aug. 31, 2001).

[17] *See* Defendants' Opposition to Plaintiffs' Motion For Prejudgement Interest ("Opp. Mem.") at 1, n.1.

5

award was for future, not past, losses.[18] *Second*, it argues that even if the City is entitled to pre-verdict interest that interest has already been included in the jury's award because the compensatory damages were calculated at *present value* (*i.e.*, the value at the time of the trial), rather than discounted to *the past* (*i.e.*, the value at the time of the loss).[19]

### 1. Past or Future Losses

Under section 5001, interest on damages occurring after a cause of action accrues are "computed from the date [the damages are] incurred." Thus, if a plaintiff is injured at time X, but damages resulting from that injury are not incurred until time Y, interest is calculated from time Y rather than time X.[20] According to ExxonMobil, because the jury awarded the City damages for the *future* cost of remediating MTBE contamination at Station Six, these damages have not yet been incurred and pre-verdict interest should not be entered.[21]

---

[18] *See id.* at 5-12

[19] *See id.* 12-13.

[20] *See 155 Henry Owners Corp. v. Lovlyn Realty Co.*, 647 N.Y.S.2d 30, 31 (2d Dep't 1996) (holding that although "the prevailing party is entitled to prejudgment interest 'from the earliest ascertainable date the cause of action existed'" this "assumes that whatever damages are sought are shown to have been sustained at least by that time" (quoting CPLR § 5001(b)) (other citations and quotation marks omitted)).

[21] *See* Opp. Mem. at 8.

The jury charge, however, contradicts ExxonMobil's assessment that the City was awarded damages for future losses. That charge instructed the jury to award compensatory damages based on the City's diminished property value:

> Generally, the measure of damages for injury to property is based upon the value of the property at the time of the injury. When, as in this case, the property damaged has no reasonable market value, plaintiff may recover *the difference in money between the value to plaintiff of the property before and after the damage.* In determining the amount of such loss, you must consider the evidence presented with respect to its utility, its general condition at the time of its damage, whether it may be treated, and, if so, the expense of treating it, the likelihood that it will be treated if the money is available to do so, and its value as so treated as compared to the value before its damage, together with all other evidence presented to establish its value to the City and the extent of the City's damage.[22]

Thus, while the jury did take into account the cost of treating the contaminated water, that cost was only used as a proxy to measure "the value to [the City] of the property before and after the damage."

The City was awarded compensatory damages for a loss in property value. When the City intends to repair that property – by building and operating a treatment plant – does not alter the date on which it incurred that loss.[23] As a

---

[22] 10/17/09 Trial Tr. at 6635:20 - 6636:8 (emphasis added).

[23] *See Gussack Realty Co. v. Xerox Corp.*, 224 F.3d 85, 93 (2d Cir. 2000) (holding that, under New York law, district courts must award prejudgment interest where the cost of remediation is used to measure the value of a permanent injury to property even where no money has yet been spent on repairing the

result, the City is eligible to receive an award of pre-verdict interest.

### 2. Past or Present Value

Under New York law, however, even where a plaintiff is eligible to receive pre-verdict interest, such interest should not be entered if the damages awarded by the jury already account for the delay in time between the date of the loss and the date of the verdict.[24] This reflects the general principle that an award of interest should "make the aggrieved party whole" and "not . . . provide a windfall."[25] Because the evidence submitted by plaintiffs at trial makes clear that the damages awarded in this case already took into account the lapse in time between the alleged date of the City's loss and the date of the verdict, granting

---

property); *L. Smirlock Realty Corp. v. Title Guar. Co.*, 63 N.Y.2d 955, 958 (1984) (vacating the Second Department's determination that interest should run from the date that plaintiff began suffering financial losses due to a title defect and holding that the interest should instead run from the date the plaintiff acquired the defective title from defendant); *Property Owners Ass'n of Harbor Acres, Inc. v. Ying*, 524 N.Y.S.2d 252, 254-55 (2d Dep't 1988) (awarding pre-verdict interest from the date defendant improperly cleared trees from plaintiffs' property even though damages were based on "the cost of restoring the property to its original condition").

[24] See *Trademark Research Corp. v. Maxwell Online, Inc.*, 995 F.2d 326, 342 (2d Cir. 1992) (holding that even though section 5001 provides that "prejudgment interest is recoverable as of right" in an action at law, "New York law also provides that where there is a possibility that the jury award already allowed interest, no further prejudgment interest can be recovered on the verdict.").

[25] *Spodeck v. Park Prop. Dev. Assocs.*, 719 N.Y.S.2d 109, 109 (2d Dep't 2001).

entry of pre-verdict interest would be improper.

The jury's damages award was based on the testimony of the City's expert, Marnie Bell. Bell testified that the total cost of constructing and operating a treatment facility for the Station Six wells would be approximately two hundred and fifty million dollars[26] – the same amount that the jury determined would compensate the City for its losses.[27] Because many of the costs associated with remediating the MTBE contamination will not occur until many years into the future, the cost figure had to be discounted to take account of the time-value of money. According to Bell, this was done by calculating the costs at present value – *i.e.*, the value at the time of the trial.[28]

The fact that Bell discounted the costs that were used to determine the loss in property value to the date of trial rather than to the date the City's property was first damaged is significant. The City asserts that interest should be calculated from February 15, 2002, the date its cause of action allegedly accrued.[29] This

---

[26] *See* 9/24/09 Trial Tr. at 5886:9.

[27] *See* Ct. Ex. 21.

[28] *See* 9/24/09 Trial Tr. at 5886:2-4 ("the costs that are incurred in the future are adjusted backwards so that we can represent them in 2009 dollars.").

[29] *See* Memorandum of Law in Support of Plaintiffs' Motion for Prejudgment Interest at 6 ("Pre-verdict interest should be calculated from February 15, 2002, the date the City first detected MTBE in a station 6 well at a level that

might be appropriate if the City's expert had provided the cost figure in 2002 dollars. However, because the figure was calculated in 2009 dollars, it already included interest that would have accrued from 2002 until 2009. Allowing interest on the jury's award would therefore constitute an "improper double recovery."[30] Accordingly, the City's request for entry of pre-verdict interest is denied.

## V. CONCLUSION

For the aforementioned reasons, the City's motion for entry of prejudgment interest is granted as to post-verdict interest but denied as to pre-verdict interest. The Clerk of Court is directed to close this motion (Docket No. 577).

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated: New York, New York
May 12, 2010

---

the City understood required treatment.").

[30] *Langer v. Miller*, 762 N.Y.S.2d 346, 346 (1st Dep't 2002) ("[B]ecause the appraisal of the building was based on its current value, the award of interest thereon back to January 1, 1997 constituted an improper double recovery." (emphasis added)). *Accord Bamira v. Greenberg*, 744 N.Y.S.2d 367, 367 (1st Dep't 2002) (holding that pre-verdict interest "would constitute a windfall double recovery" where "the jury's award of damages [was] based on the *present value* of stock" (emphasis added)).

## -Appearances-

**Counsel for Plaintiffs:**

Susan Amron
Neal Kronley
Assistant Corporation Counsel of the City of New York
100 Church Street
New York, NY 10007
(212) 788-1578

Victor M. Sher, Esq.
Todd E. Robins, Esq.
Nicholas G. Campins, Esq.
Marnie E. Riddle, Esq.
Sher Leff LLP
450 Mission Street, Suite 400
San Francisco, California 94105
(415) 348-8300


**Counsel for Defendants:**

Peter John Sacripanti, Esq.
James A. Pardo, Esq.
Lauren E. Handel, Esq.
McDermott Will & Emery LLP
340 Madison Avenue
New York, NY  10173
(212) 547-5583

James W. Quinn, Esq.
David J. Lender, Esq.
Theodore Tsekerides, Esq.
Weil, Gotschal & Manges LLP
767 Fifth Avenue
New York, NY 10153
(212) 310-8000