UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation | Master File No. 1:00-1898<br>MDL No. 1358 (SAS) |
| This Document Relates To:<br><br>*Quincy Community Services District v. Atlantic Richfield Co., et al.*<br>Case No. 04-CV-4970<br><br>*M & P Silver family Partners II v. Amerada Hess Corporation, et al.*<br>Case No. 04-CV-4975 | [PROPOSED] ORDER DETERMINING THAT SETTLEMENTS ARE GOOD FAITH SETTLEMENTS |

The Court, on notice by ExxonMobil, held a hearing on _____, 2010 on ExxonMobil's Motion for Determination that the Settlement Agreements ("Settlement Agreements") are Good Faith Settlements. Having considered the memorandum of law submitted in support of this motion, the accompanying declaration, exhibits, and other evidence, all of the pleadings, filings, and proceedings in these cases and in MDL 1358, and the arguments of counsel at the hearing, the Court makes the findings and enters the Orders as follows:

1.  This Court has jurisdiction over these cases and the determination of this motion on the good faith nature of the Settlement Agreements.

2.  The laws of the State of California apply to the state law claims subject to this motion. There are no federal claims currently at issue giving rise to contribution or equitable indemnity claims.

3.  The settlement negotiations involved in the negotiation of the Settlement Agreements were fair and conducted at arm's length.

4.  The Settlement Agreements, as applied to the Plaintiffs captioned above, were negotiated in good faith by competent counsel for both Plaintiffs and ExxonMobil.  There is no evidence of bad faith, fraud, collusion, or an intent to unfairly impact the rights of other defendants, former defendants, prior settling defendants, or others.  There are no provisions in the Settlement Agreements or any of its exhibits that unfairly impact or interfere with the ability of any persons who have not settled with Plaintiffs to litigate their positions or settle with Plaintiffs in the future.

5.  The Settlement Agreements between Plaintiffs in the cases captioned above and ExxonMobil were made in good faith within the meaning of California Code of Civil Procedure Sections 877 and 877.6 as well as case law interpreting those sections, such as *Tech-Bilt, Inc. v. Woodward-Clyde & Assoc.*, 38 Cal. 3d 488 (1985).  Accordingly, ExxonMobil is entitled to protection from contribution and equitable indemnity claims as provided by law.

6.  The Settlement Agreements are comprehensive resolutions of the claims between Plaintiffs and ExxonMobil.  They provide cash payments and address claims for potential future treatment under certain circumstances as set forth in the Settlement Agreements.  There are no firm guidelines that define whether the amount of a settlement is reasonable or grossly disproportionate.  The law requires only that the settlement consideration be "in the ballpark," with any party challenging a settlement having the burden of establishing that it is so far "out of the ballpark" that the equitable objectives of Section 877 are not satisfied.  *Tech-Bilt*, 38 Cal.3d at 500.  Here, the settlement consideration reflected in the Settlement Agreements is unquestionably "in the ballpark."  Thus, the Settlement Agreements are reasonable settlements.

-3-

7. Furthermore, the Settlement Agreements were made in good faith within the meaning of federal precedent. *See Sabater v. Lead Indus. Ass'n, Inc.*, No. 00 CIV. 8026, 2001 WL 1111505, at *5 (S.D.N.Y. Sept. 21, 2001).

8. Any current or future action or claim for contribution or equitable indemnity by any person, including any defendant, cross-complainant, former defendant, and/or former cross-complainant to this case, are barred in their entirety as to ExxonMobil and the Released Entities as defined in the Settlement Agreements and its exhibits.

9. Pursuant to FRCP 54(b), the Court determines that there is no just cause for delay and expressly DIRECTS the ENTRY OF JUDGMENT on the issue of the determination that the Settlement Agreements are good faith settlements under California law and that ExxonMobil is protected from joint tortfeasor claims as set forth in this Order.

New York, New York

Dated: July ___, 2010

                                                                SO ORDERED:

                                                                _____

                                                                The Honorable Shira A. Scheindlin