UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation | Master File No. 1:00-1898<br>MDL No. 1358 (SAS) |

**This Document Relates To:**

*Quincy Community Services District v. Atlantic Richfield Co., et al.*
Case No. 04-CV-4970

*M & P Silver family Partners II v. Amerada Hess Corporation, et al.*
Case No. 04-CV-4975

## DECLARATION OF JEFFREY J. PARKER IN SUPPORT OF EXXONMOBIL'S MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT

I, Jeffrey J. Parker, an attorney duly admitted to practice before all courts of the State of California and in this Court *pro hac vice*, hereby declare under penalty of perjury:

1. I am a partner with the law firm of Sheppard, Mullin, Richter & Hampton LLP and serve as counsel to Defendants Exxon Mobil Corporation (individually and f/k/a Exxon Corporation and d/b/a ExxonMobil Refining & Supply Company, Exxon Chemical U.S.A., and ExxonMobil Chemical Corporation) and ExxonMobil Oil Corporation (individually and f/k/a Mobil Oil Corporation) ("ExxonMobil") in the above-referenced actions pending in MDL 1358. In my role as ExxonMobil's counsel, I took part in the negotiations of the settlements in the *Quincy* and *Silver* cases. As a result, I have personal knowledge of the facts set forth in this Declaration.

2.  I make this declaration in support of the motion by ExxonMobil for a determination by the Court that the settlement agreements ("Settlement Agreements") with the Plaintiffs in the above-captioned cases ("Settling Plaintiffs") are good faith settlements under California law.

3.  In these actions, the Settling Plaintiffs contend that ExxonMobil is liable under numerous theories for alleged damages they claim result from the presence of MTBE and/or TBA in gasoline and the ownership, operation, or supply of gasoline service stations, as well as other relief.  ExxonMobil denies the facts alleged by the Settling Plaintiffs, contends that it is not liable, and contends that—even if it is found liable—Settling Plaintiffs would not recover damages sufficient to overcome the settlement credit in ExxonMobil's favor as a result of settlements between Settling Plaintiffs and other defendants and, therefore, would not receive any award against ExxonMobil.

4.  Notwithstanding these diametrically opposed positions, ExxonMobil and the Settling Plaintiffs recognize the costs and risks of litigation and have engaged in numerous discussions and written communications regarding possible settlement of these cases.  Beginning in February 2010, Scott Summy (as counsel for Settling Plaintiffs) and Peter Sacripanti and I (as counsel for ExxonMobil) spoke several times and exchanged correspondence regarding settlement offers and terms of settlement, including written settlement offers made by Settling Plaintiffs to ExxonMobil.  In addition, Mr. Summy and I and a representative of ExxonMobil had a lengthy discussion by telephone regarding written settlement offers made by Settling Plaintiffs, ExxonMobil's response to those offers, and terms of settlement.  In that discussion, we ultimately reached an agreement-in-principle.  After doing so, I had many telephone discussions with Mr. Summy and Celeste Evangelisti of his office, and exchanged dozens of e-mails with

them, to negotiate the terms of the settlement agreements and associated attachments between the Settling Plaintiffs and ExxonMobil.  These negotiations over the agreement-in-principle and then the agreements and attachments were arm's length and lasted four months.

5. The negotiations ultimately culminated in fair, reasonable terms to which Settling Plaintiffs and ExxonMobil both agreed.  The Settlement Agreements resolve all claims, including those in the above-referenced lawsuits, by Settling Plaintiffs against ExxonMobil.  Settling Plaintiffs and ExxonMobil have executed the Settlement Agreements.

6. The Settlement Agreements are not the result of any collusion or fraud between Settling Plaintiffs and ExxonMobil.  The Settlement Agreements are simply the result of the settling parties wishing to resolve their claims in a fair and expedient manner.  In no way were the Settlement Agreements intended to injure the interests of the other defendants, former defendants, prior settling defendants, or others.

7. In 2008, the majority of other defendants in these actions settled with plaintiffs.  In May 2008, they moved for a good faith settlement determination, which the Court granted in its July 22, 2008, Opinion and Order.  The briefs and supporting materials filed in support of that settlement—which ExxonMobil respectfully requests the Court take judicial notice of—purport to explain, support, and document the alleged injuries suffered by Settling Plaintiff and various measures of estimating the damages claimed by Settling Plaintiffs.  ExxonMobil disputes that it caused injury to Settling Plaintiffs and disputes the amount and method of estimating the amount of damages.  Nonetheless, ExxonMobil offers the evidence previously filed by Settling Plaintiffs as some measure of the damages that Settling Plaintiffs claim in their respective actions.

8. ExxonMobil's settlements with the Settling Plaintiffs are modeled after the previously approved settlements, which consisted of monetary payments and provisions for

dealing with MTBE and/or TBA impacts to certain wells in the future, as more-fully described in the agreements memorializing that settlement. The settlements between ExxonMobil and the Settling Plaintiffs likewise consist of monetary payments and provisions for dealing with MTBE and/or TBA impacts to certain wells in the future as memorialized in the Settlement Agreements.

9. The consideration being paid or provided to Settling Plaintiffs by ExxonMobil, including the settlement amounts reflected in the Settlement Agreements filed under seal and other consideration reflected in the redacted Settlement Agreements and related attachments filed herewith, is within the reasonable range of ExxonMobil's potential proportional share of comparative liability for the Settling Plaintiff's alleged injuries as claimed in the motions and supporting papers filed in support of the prior settling defendants' motion for good faith settlement determination, which was granted in this Court's July 22, 2008, Opinion and Order. A true and correct copy of the Opinion and Order is attached hereto as Exhibit 1.

10. Attached hereto as Exhibit 2 is a true and correct copy, which I received as ExxonMobil's counsel in the *Silver* and *Quincy* actions on May 7, 2008, of the "Memorandum of Law in Support of Settling Defendants' Motion for Determination of Good Faith Settlement" filed in support of prior settling defendants' motion for good faith settlement determination.

11. Attached hereto as Exhibit 3 is a true and correct copy of the executed settlement agreement between ExxonMobil and the Plaintiffs in the *Quincy* case, with redactions.

12. Attached hereto as Exhibit 4 is a true and correct copy of the executed settlement agreement between ExxonMobil and the Plaintiffs in the *Silver* case, with redactions.

13. I believe that the Court should find that the Settlement Agreements between Settling Plaintiffs and ExxonMobil are good faith settlements pursuant to California law.

Dated: July 1, 2010

_____
Jeffrey J. Parker