# DL ROTHBERG & ASSOCIATES, P.C.

1065 Avenue of the Americas, Floor 19
New York, New York 10018
Telephone: (212) 714-1212
Facsimile: (212) 714-0969

July 26, 2010

**BY ELECTRONIC MAIL AND LFNS**

The Honorable Shira A. Scheindlin
United States District Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 1620
New York, NY 10007-1312

Re:   Master File No. 1:00-1898 (SAS), MDL No. 1358
*TARTAN ACTIONS:*
*West Hempstead Water District v. AGIP, Inc. et al.*, 03-cv-10052
*Village of Hempstead v. AGIP, Inc. et al.*, 03-cv-10055
*Village of Mineola v. AGIP, Inc. et al.*, 03-cv-10051
*Carle Place Water District v. AGIP, Inc. et al.*, 03-cv-10053
*Town of Southampton v. AGIP, Inc. et al.*, 03-cv-10054
*Town of East Hampton v. AGIP, Inc. et al.*, 03-cv-10056
*Westbury Water District v. AGIP, Inc.* et al., 03-cv-10057

Dear Judge Scheindlin:

We are attorneys for Tartan Oil Corp. ("Tartan") and C.P. Service Station Operating Corp. ("CP S/S") (collectively, the "Tartan Defendants"), and write to request a short conference with your Honor to address deficient document production by the Plaintiff Water Districts in the above-referenced actions. We specifically intend to seek the permission of the Court for an Order that would preclude Plaintiffs from introducing into evidence any document that they have not specifically produced to the Tartan Defendants as of their June 28th supplemental production. This Order is appropriate and necessary as a consequence of the continuing failure of the Plaintiffs to produce relevant data despite the specific directives of Your Honor and the repeated demands by the Tartan Defendants. Absent such an Order, the Tartan Defendants' ability to marshal its defenses are severely prejudiced by the accelerated schedule imposed by CMO 61 (as amended) and the refusal of Plaintiffs to produce data in their possession and control within the prescribed deadlines.

---

*Handwritten order:*

It is hereby ordered that this dispute and all subsequent pre-trial discovery disputes in these cases are referred to Magistrate Judge Debra C. Freeman.

Dated: July 26, 2010

SO ORDERED:

/s/ Shira A. Scheindlin
U.S.D.J.

The Honorable Shira A. Scheindlin
July 26, 2010
Page 2 of 3

Notwithstanding the instruction to Plaintiffs' Counsel by Your Honor at our May 19, 2010 Case Conference, the Tartan Defendants' Supplemental Discovery Demands, seeking copies of deposition transcripts with exhibits and for the production of well specific data that is essential to the Tartan Defendants' expert evaluation, Plaintiffs have repeatedly failed to comply. Plaintiffs omitted whole categories of requested data from their June 28th production, and did so absent any reference to these gaps and without offering any explanation or excuse for same.

The Tartan Defendants' Supplemental Discovery Demands were narrowly targeted and requested data from specifically identified Wells at issue, such as data on Well Diameters, and for the relevant period only (1990 to the present): actual daily pumpage data, pump capacity and nominal flow, actual VOC data, actual MTBE data, identification of treatment units and certain details as to those units. The Discovery Tracking Charts attached to our letter of July 23, 2010 identify the categories of records demanded by the Tartan Defendants and omitted from Plaintiffs' June 28th production. The Tartan Defendants have invested considerable time, effort and cost in performing an expedited review of multiple CDs produced by Plaintiffs, only to again find a grossly incomplete production. Further, while we have obtained some deposition transcripts from Liaison Counsel, no exhibits were provided, and Plaintiffs have yet to produce even a single one of the requested transcripts.

By our July 23 letter to counsel for the Plaintiffs, we also proposed a further extension of discovery to allow them an opportunity to once again supplement their deficient production. However, based upon the response of counsel for Plaintiffs on that same date (copy of e-mail attached), and their record of deficient production to date, we have concluded that a further extension of the governing CMO would not be productive. The Tartan Defendants will proceed to notice and take depositions within the existing deadlines, but unless an Order as described above is granted to protect the Tartan Defendants from a further production of documents by Plaintiffs after these depositions, the Tartan Defendants must reserve their right to re-call these witness for further deposition testimony (which would be outside the controlling CMO deadlines) should a later production of records require same.

Finally, although at our request Your Honor made a referral of these actions to Magistrate Judge Debra Freeman to facilitate settlement discussions, the deficient discovery production by Plaintiffs necessarily leaves the Tartan Defendants' evaluation of the merits of these actions and their potential exposure incomplete. In light of the ongoing difficulties between the parties in resolving discovery disputes, if the Court is not amenable to considering the proposed Order that would resolve the instant issue, we respectfully request that discovery matters in this case also be referred to Magistrate Judge Freeman. This would allow an orderly supervised resolution as to outstanding discovery, and with the assistance of Magistrate Judge Freeman, the parties could at the appropriate time also explore possible settlement options.

The Honorable Shira A. Scheindlin
July 26, 2010
Page 3 of 3

We will attempt to contact Mr. Gostin later this afternoon regarding Your Honor's availability and willingness to consider our request.

                                              Respectfully submitted,

                                              Debra Rothberg

Encl.

cc:    Client (Via regular mail w/encl)
        William J. Dubanevich, Esq. (Via e-mail w/encl)