# DL ROTHBERG & ASSOCIATES, P.C.

1065 Avenue of the Americas, Floor 19
New York, New York 10018
Telephone: (212) 714-1212
Facsimile: (212) 714-0969

D..... 8/13/10

August 9, 2010

**BY ELECTRONIC MAIL AND LFNS**

The Honorable Shira A. Scheindlin
United States District Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 1620
New York, NY 10007-1312

*The thirty-day extension ordered by the Court was intended to, and does, apply to all discovery deadlines — including those in CMO 61. A conference is scheduled for August 27, 2010 at 4:30pm.*

Re:  Master File No. 1:00-1898 (SAS), MDL No. 1358
*TARTAN ACTIONS*:
*West Hempstead Water District v. AGIP, Inc. et al.*, 03-cv-10052
*Village of Hempstead v. AGIP, Inc. et al.*, 03-cv-10055
*Village of Mineola v. AGIP, Inc. et al.*, 03-cv-10051
*Carle Place Water District v. AGIP, Inc. et al.*, 03-cv-10053
*Town of Southampton v. AGIP, Inc. et al.*, 03-cv-10054
*Town of East Hampton v. AGIP, Inc. et al.*, 03-cv-10056
*Westbury Water District v. AGIP, Inc. et al.*, 03-cv-10057

*Dated: August 13, 2010*

*SO ORDERED:*
*Shira A. Scheindlin*
*U.S.D.J.*

Dear Judge Scheindlin:

We are attorneys for Tartan Oil Corp. ("Tartan") and C.P. Service Station Operating Corp. ("CP S/S") (collectively, the "Tartan Defendants"), and write to address two issues that have arisen in the referenced matters.

The first issue concerns the scope of a 30 day extension of the Case Management Schedule granted by Your Honor by endorsed letter from this office of July 6, 2010. (A copy of the July 6, 2010 letter endorsed by Your Honor is attached for the convenience of the Court.) At issue at this time is whether, notwithstanding the reference to the wrong CMO (72 instead of 61), the July 6, 2010 Endorsed Letter, granting a thirty (30) day extension applies: (i) as written to *only* the items listed in CMO 72 (A copy of that Order is also attached for the Courts convenience); or (ii) to "all deadlines" in the cases that name the Tartan Defendants, as was intended by this counsel for the Tartan Defendants (and, but for the incorrect reference to CMO 72, the contents of the July 6th letter speaks to *all deadlines* in the case); or (iii) as counsel for Plaintiffs now suggests with respect to

The Honorable Shira A. Scheindlin
August 9, 2010
Page 2 of 3

his intent to consent to only the discovery deadlines contained in CMO 61. In other words, Plaintiffs counsel advises that he did not intend to extend the deadlines for the Tartan Defendants for the impleader of third parties.

With the understanding that the thirty day extension of July 6th applied to the entire schedule set forth at CMO 61, the Tartan Defendants have timely served a third party in these actions, Northville Industries, and they must answer or move by August 23, 2010.

While we regret the inadvertent error of referring to the wrong CMO number in our July 6th letter, we respectfully submit that the balance of that letter very clearly refers to *all deadlines* in the case and that a literal reading of the letter as applying solely to the items addressed in CMO 72 would now place *both* the Tartan Defendants and Plaintiffs in the position of having not met deadlines set forth in CMO 61. We also urge that the position currently articulated by Plaintiffs that they intended only to consent to an extension of *discovery deadlines* and not *all deadlines* (i.e. not impleader), is nowhere reflected in our July 6th letter to the Court and the Plaintiffs did not submit a letter responding to ours to correct us (or to correct the reference to the CMO) although Plaintiffs have most certainly not been shy in expressing disagreement with us.

That said, with apologies for the mistake, we have proceeded in good faith and have adhered to the extension as we understood it to apply to CMO 61 and we note that Magistrate Judge Freeman, in consultation with Your Honor, has recently further extended the discovery deadlines of CMO 61 by two weeks time to allow the Plaintiffs to complete their production of documents.

If the Court is agreeable to a correction to its July 6th Order so as to conform that Order with the dates adhered to in this case based upon the understanding that all deadlines in CMO 61 are extended by 30 days, then the additional question that has arisen is: whether Your Honor wishes to hold a Case Management Conference to establish third party discovery dates in advance of the appearance by the Third Party. The original date set by the Court of August 9, 2010 under CMO 61 was cancelled last week based upon discussions between Mr. Gostin and counsel for the Plaintiffs. Alternatively, the parties can meet and confer and propose dates to the Court or a Conference can be scheduled at Your Honor's convenience after August 23, the deadline by which the Third Party Defendant must answer or move.

Respectfully submitted,

*[signature]*

Debra Rothberg

The Honorable Shira A. Scheindlin
August 9, 2010
Page 3 of 3

Encl.

cc:     Client (Via regular mail w/encl)
       William J. Dubanevich, Esq. (Via e-mail w/encl)