

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

In re: Methyl Tertiary Butyl Ether ("MTBE")
Products Liability Litigation

Master File No. 1:00-1898
MDL 1358 (SAS)
M21-88

------------------------------------------------------------

**This document relates to:**

Village of Roanoke v. Ashland, Inc., et al.
Case No. 1:09-cv-06554

------------------------------------------------------------

## STIPULATION AND ORDER REGARDING SUBMITTAL OF EXPERT REPORTS

It is hereby stipulated and agreed by and between the parties in the above-referenced case, subject to approval and entry of the Court, as follows:

1. CMO #64 establishes a schedule for identifying non-case-specific experts and for disclosing those experts' reports. CMO #64 further directs the parties to meet and confer to "reach agreement about which expert topics will be considered 'non-case-specific'."

2. Representatives of the parties have met and conferred and have reached agreement, and have prepared this Stipulation to memorialize that agreement.

3. Experts addressing the following topics will be considered non-case-specific:

    a. The toxicological effects of MTBE or other gasoline constituents
    b. Government knowledge of the risks and benefits of MTBE
    c. The adequacy of, or need for, warnings concerning the presence of MTBE in gasoline
    d. Extent of MTBE contamination as a general matter; whether there is an MTBE "crisis"
    e. Issues relating to the impact of, and compliance with, the UST regulatory program

DC01:555802.1

4. All other topics will be considered case-specific. These topics include, but are not limited to, the following:

    a. The impact of MTBE-containing gasoline on ambient air quality
    b. "Fate and transport" of MTBE
    c. Remediation of MTBE in soil, sediment, or groundwater
    d. Refining and distribution of gasoline, including MTBE-containing gasoline and gasoline constituents
    e. Ethanol's characteristics, properties, and availability
    f. Taste and odor issues

5. The parties expressly recognize that many reports, including the ones listed in paragraph 4, are likely to address both areas that might be considered non-case-specific and other areas that might be considered case-specific. It is agreed that such reports shall be considered case-specific and that no party shall object to such reports on the grounds that they contain aspects that are non-case-specific.

6. The parties agree that the listing of any topic in this Stipulation does not imply that such topic is appropriate for expert testimony. The parties reserve all rights to object to the admissibility of expert testimony on any grounds whatsoever except as stated in paragraph 5.

7. The parties reserve the right to opt not to provide a report or offer expert testimony on one or more of the listed topics. In such instances, the parties reserve the right to provide a rebuttal report if the other party files a report on said topic, and the party filing the original report shall have the opportunity to have its expert provide a reply to the rebuttal.

DC01:555802.1

Dated: August 26, 2010

By: _____
M. Cristina Sanchez
Baron & Budd P.C.
On Behalf of Plaintiff

By: _____
James A. Pardo
McDermott, Will & Emery
On Behalf of Defendants

SO ORDERED:

_____
Shira A. Scheindlin
U.S.D.J.

Dated: 8/27/10

DC01:555802.1