UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

In re: Methyl Tertiary Butyl Ether ("MTBE")
Products Liability Litigation

------------------------------------------------------------------X

CP SERVICE STATION OPERATING CORP. and
TARTAN OIL CORP.,

                    Third-Party Plaintiffs,

   -against-

NORTHVILLE INDUSTRIES CORP.,

                    Third-Party Defendant.
------------------------------------------------------------------X

No. 00 Civ. 1898
MDL No. 1358 (SAS) (DCF)
M21-88
Master File No. 1:00-1898

03 Civ. 10051
03 Civ. 10053
03 Civ. 10055
03 Civ. 10057

**This document relates to:**

   *Incorporated Village of Mineola, et al.*
   *AGIP, Inc. et al.*, 03 Civ. 10051
   *Carle Place Water District v. AGIP Inc. et al.*, 03 Civ. 10053
   *Village of Hempstead v. AGIP, Inc. et al.*, 03 Civ. 10055
   *Westbury Water District v. AGIP Inc. et al.*, 03 Civ. 10057
------------------------------------------------------------------X

**MEMORANDUM OF LAW OF THIRD PARTY PLAINTIFFS, CP SERVICE
STATION OPERATING CORP. AND TARTAN OIL CORP.,
IN OPPOSITION TO NORTHVILLE INDUSTRIES CORP.'S
MOTION TO DISMISS THIRD-PARTY COMPLAINTS**

## **TABLE OF CONTENTS**

                                                                                                                                **Page**

TABLE OF AUTHORITIES..................................................................................i

PRELIMINARY STATEMENT............................................................................1

LEGAL STANDAD ON MOTION TO DISMISS AND THE RIGH TO REPLEAD......................................................................................................3

CHOICE OF LAW..............................................................................................4

ARGUMENT

Point I

       TARTAN'S THIRD-PARTY CLAIMS AGAINST NORTHVILLE REST UPON THE SAME SUBJECT MATTER JURISDICTION EXERCISED BY THIS COURT IN THE MAIN ACTION BY PLAINTIFF..................................4

           a. If This Court Dismisses or Remands Tartan's Third-Party Claims Against Northville For Lack of Subject Matter Jurisdiction, It Must Similarly Dismiss the Main Action By Plaintiffs..........................4

Point II

       NORTHVILLE IS OR MAY BE LIABLE TO TARTAN FOR ALL OR PART OF PLAINTIFFS' CLAIMS AGAINST TARTAN..................................................................................6

Point III

       TARTAN'S CLAIMS AGAINST NORTHVILLE ARE NOT BARRED BY ANY APPLICABLE LIMITATIONS OF ACTIONS..................9

Point IV

       TARTAN OIL CORP. MAINTAINS STANDING AGAINST NORTHVILLE BECAUSE IT IS A NAMED DEFENDANT IN THE MAIN ACTIONS AND IS A REAL PARTY IN INTEREST......................................................12

CONCLUSION..................................................................................................14

Case 1:00-cv-01898-VSB-VF   Document 3185   Filed 10/15/10   Page 3 of 19


## TABLE OF AUTHORITIES

# TABLE OF AUTHORITIES

Page

**Cases**

*Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Inc.*, 651 F. Supp.2d 155, 170 (S.D.N.Y. 2009)..................................................................................................3

*Akwell Corp. v. Eiger*, 141 F. Supp. 19 (S.D.N.Y. 1956)..............................................12

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)...............................................................3

*Bay Ridge Air Rights, Inc. v. State of New York*, 44 N.Y.2d 49, 55 (1978) ...............9, 10

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).............................................................3

*Bernstein v. New York*, 591 F. Supp.2d 448, 459 (S.D.N.Y. 2008)..................................3

*Blais Const. Co., Inc. v. Hanover Square Associates-I*, 733 F. Supp. 149, 152 (N.D.N.Y. 1990)..................................................................................................6, 8, 9

*Carle Place Water District v. AGIP Inc. et al.*, 03 Civ. 10053.........................................7

*Cortec Industries v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ..........................4

*De Pan v. First Nat. Bank of Glens Falls*, 470 N.Y.S.2d 869, 871 (N.Y.A.D. 3 Dept. 1983) ......................................................................................................................2

*Donovan v. Dairy Farmers of Am., Inc.*, 53 F. Supp.2d 194, 195 (N.D.N.Y. 1999).......12

*Even Street Productions, Ltd. v. Shkat Arrow Hafer & Weber, LLP*, 643 F. Supp.2d 317, 322 (S.D.N.Y. 2008)..........................................................................................3

*Fried, Krupp, GmbH, Krupp Reederei Und Brennstoff-Handel-Seeschiffarht v. Solidarity Carriers, Inc.*, 674 F. Supp. 1022, 1027 (S.D.N.Y. 1987)......................12

*Gabrielle v. Craft*, 428 N.Y.S.2d 84, 86 (N.Y.A.D. 1980)...............................................2

*Gutkowski v. Steinbrenner*, 680 F.Supp.2d 602, 615 (S.D.N.Y. 2010).........................11

*In re eToys, Inc.*, 331 B.R. 176, 203 (Bkrtcy. D. Del. 2005).........................................13

*In re Methyl Tertiary Butyl Ether (MTBE) Products Liability Litigation*, 2007 WL 1601491, 3 (S.D.N.Y. 2007....................................................................................10

*Index Fund, Inc. v. Hagopian*, 417 F. Supp. 738 (S.D.N.Y. 1976).................................7

*Kermanshah v. Kermanshah*, 580 F. Supp. 2d 247, 257 (S.D.N.Y. 2008)..........................3, 11

*McDermott v. City of New York*, 50 N.Y.2d 211, 216 (1980)............................. ........9, 10, 11

*Newton v. City of N.Y.*, 566 F. Supp.2d 256, 268-69 (S.D.N.Y. 2008)...............................3

*Oliver Schools, Inc. v. Foley*, 930 F.2d 248, 252-53 (2d Cir. 1991).....................…..........4

*Ronzani v. Sanofi S.A.*, 899 F.2d 195 (2d Cir. 1990)....................................................4

*Ruiz v. Griffin*, 856 N.Y.S.2d 214, 217 (2008).........................................…......9

*Schwartz v. Liberty Mut. Ins. Co.*, 539 F.3d 135 (2d Cir. 2008).................................….4

*State of New York v. Griffith Oil Co., Inc.*, 750 N.Y.S.2d 685, 687 (2002)...............….....10

*Tedesco v. A.P. Green Indus, Inc.*, 8 N.Y.3d 243, 247 (2007)...........................….....13

*Union Turnpike Associates, LLC v. Getty Realty Corp.*, 27 A.D.3d 725, 726-727
(App. Div. 2006).....................................................................................…...10

*U.S. v. Nabisco, Inc.*, 117 F.R.D. 40, 44 (E.D.N.Y. 1987)...........................…......12

*Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co.*, 517 F.3d 104, 115
(2d Cir. 2008)...........................................................................................3

*Warwick Admin. Group v. Avon Products, Inc.*, 820 F. Supp. 116, 124 (S.D.N.Y. 1993)…......9

**Statutes**

11 U.S.C.A. § 101....................................................................................…...13

16 C.F.R. § 801.1.........................................................................................13

28 U.S.C. § 1367.........................................................................................6

Fed. R. Civ. P. (8)(a)(2)................................................................................3

Fed. R. Civ. P. (12)(b)..................................................................................1

Fed. R. Civ. P. 14(a).............................................................................1, 6, 7

Fed. R. Civ. P. 15(a)...........................................................................…....4

Fed. R. Civ. P. 17......................................................................... .12, 13, 14

New York Navigation Law ................................................................................9, 10, 13

N.Y. C.P.L.R. § 213(2)......................... .....................................................9, 10, 11

N.Y. C.P.L.R. § 1007................................................................................................10

N.Y. C.P.L.R. § 1401................................................................................................10

**Other Authorities**

Black's Law Dictionary (8th ed. 2004). ................................................................12

McKinney's Business Corporation Law § 906........................................................13

## PRELIMINARY STATEMENT

Third-Party Defendant, Northville Industries Corp. ("Northville"), moved to dismiss certain claims in the Third-Party Complaints of Third-Party Plaintiffs, CP Service Station Operating Corp. ("CP") (an affiliate of Tartan Oil Corp.) and Tartan Oil Corp. ("TOC") (hereinafter collectively, "Tartan" or "Third-Party Defendants"), pursuant to Fed. R. Civ. P. (12)(b) and 14(a). Northville's Motion asserts primarily four legal arguments: (1) this Court lacks subject matter jurisdiction; (2) Tartan's third-party claims exceed the permissive scope of the third-party practice permitted by Fed. R. Civ. P. 14(a); (3) Tartan's claims are time barred by the applicable limitations of actions; and (4) TOC lacks privity of contract and standing.

Between 1983 and 1995, Northville operated a gasoline station at 345 Old Country Road, Carle Place, New York (the "CP Site"). Northville reported a tank test failure for the CP Site in 1988. Although Northville was well aware of a significant groundwater contamination condition at the CP Site by at least, 1990, it took no action to address these conditions and it did not make any Spill Report to the New York State Department of Environmental Conservation (the "NYSDEC") to notify the State of this condition until January 1992. At that time, Northville's own environmental consultants documented the presence of free phase gasoline in observation wells at the CP Site. In June 1996, some four years after reporting the spill condition to NYSDEC, Northville finally began operating a treatment system. Just a mere two years later, in June 1997, Northville applied for and secured from NYSDEC, closure of the 1992 spill file, even though gasoline constituents, MTBE, benzene, toluene, methylbenzene, and xylenes ("BTEX"), in fact, remained far above acceptable State groundwater quality limits. A new spill file was thereafter, opened by NYSDEC at the CP Site, but further cleanup activities were never prosecuted. These facts have been fully pled in Tartan's Third-Party Complaints and it is beyond

1

cavil that Northville is a proper party to this litigation. The claims by Plaintiff Water Districts against Tartan clearly implicate Northville.

In this MTBE Litigation, it has been the practice of the Court to construe Plaintiffs' Complaints liberally, and to permit the development of the facts through discovery. Tartan's Third-Party claims against Northville should thus be afforded at least the same, if not more, liberal construction that was afforded to Plaintiffs.[1] On this Motion to Dismiss, Northville asks this Court to reverse its prior pleading and jurisdictional rulings in these MTBE MDL cases, ignore and cast out properly pled claims and sever this Third-Party action, notwithstanding, that Third-Party Defendants' claims are fully derivative of the outcome of the main claim. Northville's reliance on solely the allegations in Plaintiffs' Complaints is missing the point because it is not the whole story. Tartan's third-party claims are not constrained to only those allegations by Plaintiffs in their Complaints concerning the CP Site. Pursuant to discovery conducted thus far, the CP Site may be implicated in each of Plaintiffs' Complaints at issue, and Northville's operation of other gas stations in addition to the CP Site, such as in Mineola, may have also contributed to Plaintiffs' alleged damages. Northville's contentions that Third-Party Plaintiff TOC is not the proper party is equally unavailing, and Northville's arguments amount to nothing more than form over substance, in no way affecting the outcome of this litigation.[2]

For the reasons set forth below in this Memorandum of Law, and in the accompanying Affidavit of Allen Leon and Affirmation of Counsel, Third-Party Defendants have plainly stated

---

[1] See *De Pan v. First Nat. Bank of Glens Falls*, 470 N.Y.S.2d 869, 871 (N.Y.A.D. 3 Dept. 1983); *Gabrielle v. Craft*, 428 N.Y.S.2d 84, 86 (N.Y.A.D. 1980).

[2] Northville's arguments on its Motion To Dismiss are more suited for a summary judgment motion after discovery has been completed in Plaintiffs' main claims, and on Tartan's third-party claims. They are not appropriate at this stage of the proceedings.

2

a viable and plausible cause of action for relief for strict liability under the Navigation Law, Declaratory Judgment, Indemnification, Breach of Contract and Contribution.

## LEGAL STANDARD ON MOTION TO DISMISS
## AND THE RIGHT FOR LEAVE TO REPLEAD

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint "need not provide detailed factual allegations." *Newton v. City of N.Y.*, 566 F. Supp.2d 256, 268-69 (S.D.N.Y. 2008). "The principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." *Bernstein v. New York*, 591 F. Supp.2d 448, 459 (S.D.N.Y. 2008). To survive a motion to dismiss, a party needs only allege enough facts to state a claim to relief that is "plausible" on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). This does not require heightened fact pleading of specifics. Rather, the factual allegations need only be sufficient to raise a right to relief above the mere speculative level. *Kermanshah v. Kermanshah*, 580 F. Supp. 2d 247, 257 (S.D.N.Y. 2008). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Inc.*, 651 F. Supp.2d 155, 170 (S.D.N.Y. 2009) (citing *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)). In considering a Rule 12(b)(6) motion to dismiss, the Court "must accept as true all allegations in the complaint and draw all reasonable inferences in favor of the non-moving party." *Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co.*, 517 F.3d 104, 115 (2d Cir. 2008); *Even Street Productions, Ltd. v. Shkat Arrow Hafer & Weber, LLP*, 643 F. Supp.2d 317, 322 (S.D.N.Y. 2008).

In the event that this Court finds that any of Tartan's causes of action in its Third-Party Complaints is deficient, in whole or in part, Tartan respectfully requests that it be granted leave

to replead to amend the Third-Party Complaints. Rule 15(a) provides that leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). See also *Cortec Industries v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991); *Oliver Schools, Inc. v. Foley*, 930 F.2d 248, 252-53 (2d Cir. 1991). *Cf. Ronzani v. Sanofi S.A.*, 899 F.2d 195 (2d Cir. 1990) (district court abused its discretion in failing to allow repleading where the plaintiff had made no motion to replead but had noted in his opposition brief his desire to replead if the motion were granted.)[3] Tartan respectfully requests that the same result obtain herein.

## CHOICE OF LAW

It appears that Northville has taken the position that New York law is appropriately applied to these disputes for all purposes. Tartan agrees with Northville's choice of law. The parties conducted business in New York and the subject real property at issue is located in New York. In addition, Northville and Tartan agreed in the Assignment Agreement that New York law governs (Leon Affidavit at Exhibit "A"). New York has the most significant relationship to the transaction and the parties; and therefore, New York law should be applied. *Schwartz v. Liberty Mut. Ins. Co.*, 539 F.3d 135 (2d Cir. 2008).

## ARGUMENT

### POINT I

### TARTAN'S THIRD-PARTY CLAIMS AGAINST NORTHVILLE REST UPON THE SAME SUBJECT MATTER JURISDICTION EXERCISED BY THIS COURT IN THE MAIN ACTION BY PLAINTIFFS

a. **If This Court Dismisses or Remands Tartan's Third-Party Claims Against Northville For Lack of Subject Matter Jurisdiction, It Must Similarly Dismiss the Main Action By Plaintiffs**

---

[3] At present, Tartan is entitled to amend its third-party claims as of right; and therefore, no motion to amend has been made.

By letter of February 16, 2010 to Honorable Shira A. Scheindlin, counsel for Tartan sought leave from the Court to bring a motion to dismiss or remand all actions asserted against them by Plaintiffs on jurisdictional grounds. (Rothberg Affirmation at Exhibit "A"). At the Case Management Conference conducted on February 22, 2010, the Court expressed its opinion on the issue of subject matter jurisdiction with respect to the dispute between Plaintiffs and Tartan. When Tartan raised the issue, the Court opined that it had federal subject matter jurisdiction even if Texaco is no longer a defendant because "jurisdiction is assessed as of the time of the complaint is filed." (Rothberg Affirmation at Exhibit "B"). The Court concluded that it had and would continue to exercise subject matter jurisdiction even though Tartan was the only remaining defendant and the remaining issues in the case implicated State law matters.

Notwithstanding the Court's prior opinion, if this Court elects to reconsider the jurisdictional issues based upon the current Motion of Northville, Tartan submits that this Court must similarly dismiss or remand Plaintiffs' claims on the basis of the lack of subject matter jurisdiction. Tartan's third-party claims against Northville are derivative and dependent upon the adjudication of Plaintiffs' claims in the main action. They involve common questions of law and fact and are not separate and independent from Plaintiffs' claims. Therefore, if this Court dismisses or remands Tartan's third-party claims against Northville for lack of subject matter jurisdiction, this Court must also necessarily dismiss or remand Plaintiffs' claims against Tartan as well. To litigate Plaintiffs' main claims and Tartan's third-party claims upon which they are based in different forums would be inefficient and inconvenient, and would necessitate an unreasonable expenditure of resources by the parties and the judiciary. The dictates of economy,

efficiency and fairness weigh in favor of remanding the entire action and not only the third-party claims.[4]

## POINT II

### NORTHVILLE IS OR MAY BE LIABLE TO TARTAN FOR ALL OR PART OF PLAINTIFFS' CLAIMS AGAINST TARTAN

Fed R. Civ. P. 14(a) specifically permits a defendant to implead a third-party when that third party "is or may be liable to it for all or part of the claim against it." Fed R. Civ. P. 14(a). All that is required is Northville's liability to be "dependent upon the outcome of the main claim" i.e. "in some way derivative of the outcome of the main claim," or, where Northville is potentially secondarily liable to Tartan. *Blais Const. Co., Inc. v. Hanover Square Associates-I*, 733 F. Supp. 149, 152 (N.D.N.Y. 1990). In different words, the third-party is "liable over to the defendant for all or part of the plaintiff's recovery" or when the defendant attempts "to pass on to the third party all or part of the liability asserted against the defendant." *Id.*

The decision whether to permit a defendant to implead a third-party rests in the trial court's discretion. *Id.* The purpose of Rule 14(a) is to "serve judicial economy, discourage inconsistent results, and limit the prejudice incurred by a defendant by removal of the time lag between a judgment against the defendant and a judgment over against a third-party defendant." *Blais*, 733 F. Supp. at 151.

Here, Tartan has impleaded Northville because Plaintiffs' claims against Tartan necessarily implicate the operations of Northville at the CP Site and for which releases of gasoline containing MTBE by Northville are fully documented. All of Tartan's claims against

---

[4] Similarly, if this court retains jurisdiction over Plaintiffs' claims, this Court also has subject matter jurisdiction over Tartan's third-party claims because they are sufficiently related to Plaintiffs' state law claims. 28 U.S.C. § 1367.

Northville are derivative of Plaintiffs' claims and assert a "claim-over"[5] with respect to Plaintiffs' claims for damages to public water supply wells resulting from contamination allegedly emanating from at least one property previously operated by Northville, at the subject CP Site. The CP Site was operated by Northville for a dozen years, all during the period in which MTBE was an oxygenate additive to gasoline and the record demonstrates tank failure and free product impacts to groundwater on Northville's watch. In fact, Northville should have been a direct defendant of Plaintiffs. Plaintiffs refer in their Complaint to Spill Number 9110976 (*Carle Place Water District v. AGIP Inc. et al.,* 03 Civ. 10053), in which the NYSDEC named "Northville Industries."

None of Tartan's claims against Northville are separate from Plaintiffs' claims. Tartan is seeking indemnification from Northville which is based entirely upon the environmental contamination for which Plaintiffs are now seeking compensation against Tartan. The main claims and third-party claims implicate and involve the same property or properties. Tartan is seeking from Northville its share of any such judgment rendered in favor of Plaintiffs against Tartan. Tartan's claims against Northville are not separate and independent from Plaintiffs' main action claims against Tartan. Tartan's third-party claims precisely fall within the situation envisioned by Rule 14. If Tartan is found liable to Plaintiffs, then Northville is liable to Tartan. See *Index Fund, Inc. v. Hagopian*, 417 F. Supp. 738 (S.D.N.Y. 1976).

Northville makes mention in its Motion that Plaintiffs did not refer to the CP Site in three of the four Complaints at issue. Northville's reliance on solely the allegations in Plaintiffs' Complaints is missing the point because it is not the whole story. Tartan's third-party claims are not constrained to only those allegations by Plaintiffs in their Complaints concerning the CP Site.

---

[5] *i.e.*, a claim against a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff. Fed R. Civ. P. 14.

7

Pursuant to discovery from Plaintiffs, the CP Site may be implicated in each of Plaintiffs' Complaints at issue. Upon information and belief, Northville's operation of gas stations other than the CP Site, such as in Mineola, may have also contributed to Plaintiffs' alleged damages. In addition to discovery conducted thus far, Tartan's Third-Party Complaints were made in reliance upon the allegations contained in Plaintiffs' Complaints, which this Court has already ruled are sufficiently pled. The specifics of the spills and properties involving Northville will and are properly developed in discovery and any ruling that would limit such investigation of Northville is premature at best.

Northville's reliance on *Blais* for an analogy to this case is misplaced. Although the law in *Blais* is controlling, the facts and reasoning are easily distinguishable. The court in *Blais* would not entertain the third-party complaint for reasons that do not at all exist in this case. First, the main action in *Blais* was a breach of contract claim over a construction contract involving a certain building for which the third-party was not a party thereto, while the claim asserted in the third-party action was based on alleged violations of construction loan agreements over a different building where the main plaintiff was not a party. Here, unlike *Blais*, the third-party action and Plaintiffs' action involve the same property or properties. Second, the third-party complaint in *Blais* was based upon federal statutory law, whereas the main complaint was based on state contract law. Here, unlike *Blais*, both the main case and third-party claims are based purely on state law. Also, the third-party complaint in *Blais* was served well over two years after the answer to the complaint in the main action. Here, unlike *Blais*, and pursuant to a case management order, the impleader was filed only a few months after the answers of Tartan. Fourth, the court in *Blais* noticed an apparent lack of substance to the third-party claims, which does not exist here. Lastly, the *Blais* court opined that the impleader would inject a number of

complicated and unrelated federal law and choice of law issues into a fairly straightforward state law breach of contract action. Therefore, although the impleader law in *Blais* correctly states the governing rule, none of the facts and reasoning of *Blais* are analogous or applicable to the within actions.

### POINT III

### TARTAN'S CLAIMS AGAINST NORTHVILLE ARE NOT BARRED BY ANY APPLICABLE LIMITATIONS OF ACTIONS

All of Tartan's third-party claims are based on indemnity and contribution, although pled along with strict liability under the New York Navigation Law, breach of contract and declaratory judgment. Because Tartan's indemnity and contribution claims do not accrue until payment of the obligation for which indemnity or contribution is sought, the limitations issue is inapplicable. See *McDermott v. City of New York*, 50 N.Y.2d 211, 216 (1980) (indemnity); *Bay Ridge Air Rights, Inc. v. State of New York*, 44 N.Y.2d 49, 55 (1978) (contribution). "A cause of action for contribution does not accrue until payment of the underlying liability has been made by the suing party." [6] *Warwick Admin. Group v. Avon Products, Inc.*, 820 F. Supp. 116, 124 (S.D.N.Y. 1993); See also *Ruiz v. Griffin*, 856 N.Y.S.2d 214, 217 (2008). Because contribution is a form of indemnification, the same statute of limitations rules of indemnification also govern contribution. *Bay Ridge Air Rights, Inc, supra.* Thus, in the case of indemnity or contribution, the statute of limitations on a third-party plaintiff's claims will not even have begun to run at the time of the impleader. If the party seeking indemnity or contribution decides to wait until the judgment in the main action has been paid before suing the third-party, the relevant statute of limitations is the six-year period that applies to both implied and express contractual obligations N.Y. C.P.L.R. § 213(2).

---

[6] TOC and CP have not yet incurred remediation costs for the CP Site because further cleanup activities were never prosecuted. They have, however, incurred damages for the defense of Plaintiffs' within actions.

Here, all of Tartan's claims sound in contribution and indemnity, including its claims brought under Article 12 of the New York Navigation Law, and are therefore governed by N.Y. C.P.L.R. § 213(2), which states that an action upon a contractual obligation or liability, express or implied, must be commenced within six years. *In re Methyl Tertiary Butyl Ether (MTBE) Products Liability Litigation*, 2007 WL 1601491, 3 (S.D.N.Y. 2007). See also *State of New York v. Griffith Oil Co., Inc.*, 750 N.Y.S.2d 685, 687 (2002) (holding that Navigation Law claims were not time-barred because they are subject to a six-year rather than a three-year statute of limitations because, construed liberally, they seek indemnification and contribution). The nature of the liability that was originally asserted against the party seeking indemnity or contribution is irrelevant. *McDermott v. City of New York*, supra, 50 N.Y.2d at 217. A demand for recoupment of cleanup costs expended by it and other related damages, including a demand for a declaratory judgment, constitutes relief in the nature of indemnification, and is governed by a six-year statute of limitations, which begins to run when the third-party plaintiff suffered a loss. *Union Turnpike Associates, LLC v. Getty Realty Corp.*, 27 A.D.3d 725, 726-727 (App. Div. 2006).

In New York, "a party seeking indemnification or contribution ordinarily need not await the ripening of his claim to protect his right to proceed against a third party." *Bay Ridge Air Rights, Inc.*, 44 N.Y.2d at 54. A third-party contribution claim may be brought "whether or not an action has been brought or a judgment has been rendered against the person from whom contribution is sought." N.Y. C.P.L.R. § 1401. There is no time limit specified for the initiation of a third-party claim. N.Y. C.P.L.R. § 1007. Because all of Tartan's claims are based on indemnification and contribution, the statute of limitations for breach of contract is inapplicable.

Even if the six year statute of limitations for breach of an express contract is applicable, which it is not, it is well settled in New York that the limitations time begins to run from the day

10

the contract was *breached*, not from the day the breach was discovered, or should have been discovered. *Gutkowski v. Steinbrenner*, 680 F.Supp.2d 602, 615 (S.D.N.Y. 2010); *Kermanshah v. Kermanshah*, 580 F. Supp. 2d 247, 260 (S.D.N.Y. 2008); N.Y. C.P.L.R. § 213(2). As pled in its Third-Party Complaints at paragraph 52, Northville's breach of contract occurred in 2006, when it declined Tartan's demands for indemnification. Therefore, Tartan's July 30, 2010 filing of its third-party claims occurred approximately two years prior to the 2012 expiration of the six year statute of limitations.

In addition, Paragraph 31(c) of the Assignment Agreement provides that the indemnity provision survives closing, but does not impose any deadline on the survival period (e.g. 5 years after closing) for Northville's indemnification obligations, or a time limit in which Tartan is required to make a claim for indemnification.[7] (Leon Affidavit at Exhibit "A"). Without such an express limitation of the claim as between the parties, the claim would be subject to the statute of limitations for indemnification under New York law. Because a claim for indemnification is based on an express or implied contract for one party to reimburse another, New York courts have held that the six-year statute of limitations for contracts applies. *McDermott v. City of New York*, 50 N.Y. 2d 211, 217 (1980). In sum, Tartan's third-party claims as pled against Northville are not barred by any applicable limitations of actions.[8]

---

[7] Northville unsurprisingly fails to address this issue in its Motion.
[8] Any adverse adjudication of the limitation of action issues, if necessary, should proceed by way of an evidentiary hearing on a motion for summary judgment following discovery.

## POINT IV

## TARTAN OIL CORP. MAINTAINS STANDING AGAINST NORTHVILLE BECAUSE IT IS A NAMED DEFENDANT IN THE MAIN ACTIONS AND IS A REAL PARTY IN INTEREST

Northville is moving to dismiss certain claims of TOC, only, on the grounds of lack of standing and lack of privity of contract. The claims seeking to be dismissed against TOC are its claims for property damage and breach of express contract.

Northville's arguments against TOC are form over substance, as they will in no way affect the outcome of this litigation. TOC has pled a viable cause of action for property damage and breach of express contract against Northville because TOC is a real party in interest. See Fed. R. Civ. P. 17. CP is an affiliate of TOC.[9] This is unambiguously pled by Tartan in its Third-Party Complaints at paragraph 5. In New York, it is axiomatic that a corporate entity may assert the claims of its affiliates. *Fried, Krupp, GmbH, Krupp Reederei Und Brennstoff-Handel-Seeschiffarht v. Solidarity Carriers, Inc.*, 674 F. Supp. 1022, 1027 (S.D.N.Y. 1987).

TOC created CP to obtain the leasehold rights to the CP Site. CP was formed in 1995, the same year as the Assignment Agreement. CP was then merged into Tartan in the 1990s. (Leon Affidavit). TOC possesses all of the rights, causes of action, privileges, immunities and powers of CP. As an affiliate of, and successor to CP via merger, TOC clearly has standing because it is the real party in interest.[10] See *Donovan v. Dairy Farmers of Am., Inc.*, 53 F. Supp.2d 194, 195 (N.D.N.Y. 1999); *U.S. v. Nabisco, Inc.,* 117 F.R.D. 40, 44 (E.D.N.Y. 1987); *Akwell Corp. v. Eiger*, 141 F. Supp. 19 (S.D.N.Y. 1956) (successor after merger the real party in

---

[9] An affiliate is a corporation that is related to another corporation by shareholdings or other means of control; a subsidiary, parent, or sibling corporation.; One who controls, is controlled by, or is under common control with an issuer of a security. See Black's Law Dictionary (8th ed. 2004).

[10] Tartan also notes that the Assignment Agreement contains the name "Tartan Oil Corp." in paragraph 27 entitled "Attorneys." Moreover, paragraph 41 of the Assignment Agreement provides that its terms "shall be binding upon the transferees, successors and assignees" of the parties. (Leon Affidavit at Exhibit "A"). Northville itself has referred to CP as "Tartan" in letters written by Northville.

interest); McKinney's Business Corporation Law § 906; 16 C.F.R. § 801.1; 11 U.S.C.A. § 101 (defining "affiliate").

Even if TOC could not assert claims for property damage and breach of express contract, TOC's affiliate, CP, still maintains these actions. Also, it is insignificant whether or not TOC was an actual signatory to the 1995 Assignment Agreement. TOC was sued by Plaintiffs and is a defendant in this case. Therefore, even if TOC is deemed not a proper party on its claims against Northville for breach of an express contract and damage to real property (which it in fact is), TOC is still nevertheless a proper party for all of its other claims - i.e. Navigation Law, declaratory judgment, indemnity and contribution, all of which confer the same rights.

As previously represented to this Court, and as Plaintiffs and Northville have both been well aware, both TOC, and its affiliate, CP, are no longer active.[11] Leon Petroleum, LLC ("Leon"), an active domestic New York limited liability company, is undertaking the defense and indemnification of TOC and CP pursuant to a Contract of Sale dated January 8, 1999 (the "Sales Contract") (Leon Affidavit at Exhibit "B"). Pursuant to the Sales Contract, Leon acquired the assets and rights of TOC and CP and agreed to release TOC and its affiliated companies, including CP, from any and all environmental liabilities associated with the CP Site, and also to defend, indemnify and hold TOC and CP harmless. If this Court requires that the third-party captions be amended to include Leon as the third-party plaintiff real party in interest under Federal Rules of Civil Procedure Rule 17[12], leave to amend the captions is hereby requested.[13]

---

[11] In New York, a dissolved corporation has the capacity to sue. See Tedesco v. A.P. Green Indus, Inc., 8 N.Y.3d 243, 247 (2007) (holding that a third-party claim for contribution or indemnification is plainly authorized by Business Corporation Law" § 1005 and § 1006). This is also true under Delaware law. In re eToys, Inc., 331 B.R. 176, 203 (Bkrtcy. D. Del. 2005).

[12] A real party in interest includes a "party with whom or in whose name a contract has been made for another's benefit." Fed. R. Civ. P. 17(a)(1)(f). Also, the "court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest

## CONCLUSION

For the foregoing reasons, Tartan respectfully requests that Northville's Motion to Dismiss Tartan's Third-Party claims be denied in its entirety, together with such other, further and different relief as this Court deems just and proper.

Dated:    New York, New York
          October 15, 2010

> Respectfully submitted,
>
> DL ROTHBERG & ASSOCIATES, P.C.
>
> By: *[signature]*
> Debra L. Rothberg (DR6298)
> Jeffrey J. Berezny (JB1144)
> *Attorneys for Third-Party Plaintiffs,*
> *CP Service Station Operating Corp.*
> *and Tartan Oil Corp.*
> 1065 Avenue of the Americas - 19th Floor
> New York, New York 10018
> Phone: (212) 714-1212
> Fax: (212) 714-0969
> dlr@rothberglaw.com

---

to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest." Fed. R. Civ. P. 17(a)(3).

[13] Plaintiffs have not named Leon as a defendant in the within actions and there is no basis for doing so.