UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re: Methyl Tertiary Butyl Ether ("MTBE")
Products Liability Litigation                    Master File No. 1:00-1898
                                                 MDL 1358 (SAS) (DCF)
                                                 M21-88

---------------------------------------------------
This document relates to:

Incorporated Village of Mineola, et al.
AGIP, Inc. et al., 03 Civ. 10051

Carle Place Water District v. AGIP Inc.
et al., 03 Civ. 10053

Village of Hempstead v. AGIP, Inc. et al.,
03 Civ. 10055

Westbury Water District v. AGIP Inc. et al.,
03 Civ. 10057
-----------------------------------------------------------X


## REPLY MEMORANDUM OF LAW OF
## THIRD-PARTY DEFENDANT
## NORTHVILLE INDUSTRIES CORP.

## TABLE OF CONTENTS

I. THESE ACTIONS SHOULD BE DISMISSED OR REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION. ........................................1

II. AS THE THIRD-PARTY COMPLAINTS ASSERT CLAIMS FOR RELIEF WHICH ARE SEPAERTED IN THE MAIN ACTIONS, THEY SHOULD BE DISMISSED ..................................................... 4

III. SEVERAL CLAIMS IN TRATE, INDEPENDENT AND NOT DERIVATIVE OF THE CLAIMS ASSHE THIRD-PARTY COMPLAINTS ARE TIME-BARRED................................................................ 6

IV. TARTAN OIL CORP. LACKS STANDING AND PRIVITY TO BRING THE THIRD-PARTY COMPLAINTS ..................................................... 8

CONCLUSION............................................................................................................ 10

# TABLE OF AUTHORITIES

**Cases**

61 Jane Street Tenants Corp. v. Great American Ins. Co.,
2001 U.S.Dist. LEXIS 265 (S.D.N.Y. 2001) .................................................................. 9

Bayliss v. Marriott Corp., 843 F.2d 658 (2d Cir. 1988) ..................................................... 2

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955 (2007) .................................... 5

Blais Construction Co., Inc. v. Hanover Square Associates-1,
733 F. Supp. 149 (N.D.N.Y. 1990) ................................................................................ 5

Blount v. Bovis Lend Lease Holdings, Inc., 35 A.D.3d 310,
828 N.Y.S.2d 305 (1st Dept. 2006) ............................................................................... 9

Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 108 S.Ct. 614 (1988) ........................ 1, 2

Edmunds v. Seavey, 2009 U.S. Dist. LEXIS 84397 (S.D.N.Y. 2009) ............................... 2

FCA Associates v. Texaco, Inc., 2008 U.S. Dist. LEXIS 8116 (W.D.N.Y. 2008) ............. 6

Friedl v. City of New York, 210 F.3d 79, 83-84 (2d Cir. 2000) ......................................... 9

Germantown Central School Dist. v. Clark, Clark, Mills & Gilson, AIA,
294 A.D.2d 93, 743 N.Y.S.2d 599 (3d Dept. 2002) ...................................................... 7

G-I Holdings, Inc. v. Baron & Budd, 179 F. Supp.2d 233, 266 (S.D.N.Y. 2001) .............. 5

Giordano v. City of New York, 274 F.3d 740 (2d Cir. 2002) ............................................. 2

Global Network Communications, Inc. v. City of New York,
458 F.3d 150 (2d Cir. 2006) .......................................................................................... 9

In Re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation,
2007 U.S. Dist LEXIS 40484 (S.D.N.Y. 2007) ............................................................. 6

In Re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation,
613 F. Supp.2d 437 (S.D.N.Y. Mar. 9, 2009) ................................................................ 3

Klein & Co. Futures, Inc. v. Board of Trade of the City of New York,
464 F.3d 255 (2d Cir. 2006) .......................................................................................... 2

Kolari v. New York Presbyterian Hosp., 455 F.3d 118 (2d Cir. 2005) ......................... 1, 2

MRI Broadway Rental, Inc. v. United States Mineral Products Co.,
242 A.D.2d 440, 662 N.Y.S.2d 114 (1st Dept. 1997) ................................................... 7

Oliver Chevrolet Inc. v. Mobil Oil Corp., 249 A.D.2d 793,
671 N.Y.S.2d 850 (3d Dept. 1998) ............................................................................... 6

Pricaspian Development Corp. (Texas) v. Royal Dutch Shell, plc.,
2009 U.S. Dist. LEXIS 47571 (S.D.N.Y. 2009) ........................................................... 7

Red Sea Tanker Fund, Ltd. v. Chase Manhattan Bank,
1999 U.S. App. LEXIS 25099 (2d Cir. 1999) .............................................................. 7

Rosado v. Proctor & Schwartz, 66 N.Y.2d 21, 494 N.Y.S.2d 851 (1984) ........................ 6

Ross v. Thomas, 2010 U.S.Dist. LEXIS 9211 (S.D.N.Y. 3/2/10)(Scheindlin, J.) .............. 9

Stone v. Williams, 970 F.2d 1043, 1048 (2d Cir. 1992) .................................................... 7

Wheeler v. Citizens Telecommunications Co. of New York, Inc.,
71 A.D.3d 1218, 897 N.Y.S.2d 277 (3d Dept. 2010) ................................................... 6

**Statutes**

28 U.S.C. §1367(c)(3) ........................................................................................................ 1

CPLR 213(2) ..................................................................................................................... 8

CPLR 214-c ................................................................................................................... 6, 7

Fed. R. Civ. Pro. 14 ........................................................................................................... 4

Fed. R. Civ. Pro. 12(b)(6) ................................................................................................. 9

I.

## THESE ACTIONS SHOULD BE DISMISSED OR REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION

Neither plaintiffs nor the Tartan defendants have opposed Northville's request for dismissal on subject matter jurisdiction grounds. The Tartan defendants indicate that this issue was previously discussed at a February 22, 2010 Case Management Conference held before Northville was impleaded. The transcript indicates that during the conference, Your Honor felt that because subject matter jurisdiction existed at the time the complaint was filed, the Court was "stuck" with the case despite the fact that Texaco's dismissal eliminated any basis for federal jurisdiction. Respectfully, this Court is not obligated to retain jurisdiction over this case. The newly asserted third-party "state law" claims against Northville provide additional reasons why this case should be adjudicated in state court.

28 U.S.C. §1367(c)(3) vests this Court with the discretion to decline to exercise jurisdiction over the remaining state law claims, after weighing the factors set forth by the Supreme Court in Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988) ("Cohill"). See Kolari v. New York Presbyterian Hosp., 455 F.3d 118 (2d Cir. 2005).

In Kolari, the Court of Appeals recognized that a district court has discretion to decline to exercise supplemental jurisdiction if, as in the case at bar, it has dismissed all claims over which it had original jurisdiction. 455 F.3d at 122. The district court must balance the Cohill factors of "judicial economy, convenience, fairness, and comity" in determining whether to continue exercising subject matter jurisdiction where its prior predicate no longer exists. The Second Circuit stated that in weighing the Cohill factors,

the district court should be guided by the Supreme Court's observation that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors...will point toward declining to exercise jurisdiction over the remaining state-law claims." 455 F.3d at 122, quoting Cohill, 484 U.S. at 350 n.7.

In the absence of a clearly articulated federal interest, Courts have steadfastly dismissed actions under similar circumstances. In Klein & Co. Futures, Inc. v. Board of Trade of the City of New York, 464 F.3d 255 (2d Cir. 2006), the Court affirmed the dismissal of plaintiffs' supplemental state law claims after the federal claims had been dismissed. The Court held that the Cohill factors favored dismissal because significant discovery remained to be completed, and the interests of comity and fairness favored adjudication of the state law claims in state court which would afford a "surer footed reading of applicable state law." Id. at 263 n.5. See also Bayliss v. Marriott Corp., 843 F.2d 658 (2d Cir. 1988) (Cohill factors weighed against retention of federal jurisdiction over state law claims).

In Edmunds v. Seavey, 2009 U.S. Dist. LEXIS 84397 (S.D.N.Y. 2009), the Court, following dismissal of the federal claims, similarly found that the Cohill factors weighed against the exercise of supplemental jurisdiction over the state law claims. The Court rejected defendant's arguments that many months of discovery had been conducted, the district court was most familiar with the claims and theories asserted, and dismissal would require the parties to "start over" in state court. The Court found no reason why the state court would not be fully capable of properly adjudicating the controversy, and the parties would be able to utilize the discovery already conducted, in the state court action. See also Giordano v. City of New York, 274 F.3d 740 (2d Cir. 2002).

2

Here, subject matter jurisdiction of these removed actions was premised solely upon the presence of Texaco (a company in bankruptcy) as a defendant. All of the claims in the Complaints and Third-Party Complaints are based upon state law. All of the other defendants, including Texaco, have been dismissed, leaving only these few remaining actions involving New York parties and New York state law claims. Additionally, the third-party actions go beyond the main actions by asserting separate state law claims which are independent and not derivative of plaintiffs' state law claims (see Point II, infra). The third-party state law claims relate primarily to a private property in New York which should be adjudicated in state court. There is no federal interest in retaining these actions in federal court.

The third-party actions have only recently been commenced. These actions are in the early stage of a new discovery schedule. The Cohill factors of judicial economy, convenience, fairness and comity clearly favor the adjudication of this matter in state court, the most appropriate forum for interpreting the applicable law. Similar actions, dismissed by this Court in In Re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation, 613 F. Supp.2d 437 (S.D.N.Y. Mar. 9, 2009) for lack of a federal basis for jurisdiction, are pending in New York State Supreme Court, Nassau County, together with other similar MTBE actions. Your Honor has expressed "that the state tribunals will be able to handle these state law issues at least as well as they can be handled in the federal courts." Id. at 445. Accordingly, these actions should be dismissed or remanded.

3

## II.

## AS THE THIRD-PARTY COMPLAINTS ASSERT CLAIMS FOR RELIEF WHICH ARE SEPARATE, INDEPENDENT AND NOT DERIVATIVE OF THE CLAIMS ASSERTED IN THE MAIN ACTIONS, THEY SHOULD BE DISMISSED

Neither plaintiffs nor the Tartan defendants dispute the fact that the Complaints in three of the four actions - 03 Civ. 10051, 03 Civ. 10055 and 03 Civ. 10057 - do not contain any allegation that the purported MTBE contamination of the water supply wells emanated from, or had anything to do with, the CP Site at issue in the Third-Party Complaints. Moreover, the third-party actions assert claims and seek damages that are not derivative of or dependent upon plaintiff's claims, in contravention of Rule 14.

The Tartan defendants try to sweep this under the rug by claiming that the third-party actions assert only "claims-over" for contribution and indemnification based upon plaintiffs' claims. This is clearly not the case. Their "First Claim for Relief" asserts a separate and independent state law claim for alleged property damage to and diminution in value of the CP Site, reimbursement for investigation and remediation costs relative to the CP Site, and other associated "direct" and "indirect" damages relating to the CP Site. The "Second Claim for Relief" similarly seeks, inter alia, a judgment declaring that Northville is responsible to the Tartan defendants (not the plaintiffs) for the alleged property damage, diminution in value and cost of remediation of the CP site. The "Third Claim for Relief" includes a similar separate claim for damages relating to cost of remediation, alleged damage to the CP Site and diminution of value of the CP Site.

These third-party claims do not involve the water supply wells which are the subject of plaintiffs' claims for damages. They do not constitute a Rule 14 "claim-over," which Tartan concedes to be a claim in which "the third-party is 'liable over to the

4

defendant for all or part of the plaintiff's recovery'" (Tartan defts' Mem. of Law, p.6; quoting Blais Construction Co., Inc. v. Hanover Square Associates-1, 733 F. Supp. 149 (N.D.N.Y. 1990)).[1] Here, most of the third-party claims seek different and independent relief for alleged damage to a private piece of property, premised upon private contractual and other state law claims between the Tartan defendants and Northville, which are not derivative of or dependent upon plaintiffs' claims. They are not proper third-party claims under Rule 14 and should be dismissed.

In contravention of their own pleadings, Tartan's counsel manufactures an argument that "Tartan's third-party claims are not constrained to only those allegations by Plaintiffs in their Complaints concerning the CP Site. Pursuant to discovery conducted thus far...Northville's operation of other gas stations in addition to the CP Site, such as in Mineola, may have also contributed to Plaintiffs' alleged damages" (Tartan Mem. of Law, pp. 2; 7-8). This assertion by counsel is sheer speculation which is not alleged in any pleading or supported by any evidence. It cannot obscure the independent non-derivative nature of the third-party claims. Nor does it survive the governing standard that such allegations must be contained in the pleadings and "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007); G-1 Holdings, Inc. v. Baron & Budd, 179 F. Supp.2d 233, 266 (S.D.N.Y. 2001) ("It is inconsistent with the standards for resolving a motion to dismiss to have this Court draw inferences from facts not pleaded in the Complaint").

---

[1] The Tartan defendants concede that Blais is "controlling" and "correctly states the governing rule" of what constitutes a proper Rule 14 third-party claim (Tartan defts' Mem. of Law, pp. 8, 9).

5

## III.

## SEVERAL CLAIMS IN THE THIRD-PARTY COMPLAINTS ARE TIME-BARRED

In an effort to avoid the statute of limitations, the Tartan defendants ignore their own pleadings and argue "all of Tartan's third-party claims are based on indemnity and contribution." As demonstrated above, this is not true.

Under New York law, a defendant's claim for common law indemnity or contribution seeks reimbursement for all or some of the damage for which that defendant is found liable to the plaintiff. See Rosado v. Proctor & Schwartz, 66 N.Y.2d 21, 494 N.Y.S.2d 851 (1984); Wheeler v. Citizens Telecommunications Co. of New York, Inc., 71 A.D.3d 1218, 897 N.Y.S.2d 277 (3d Dept. 2010). Here, in contrast, the First, Second and Third[2] Claims for Relief seek separate damages for alleged property damage, diminution of value and associated "direct" and "indirect" damages relating to the CP Site. These are not "claims-over" for indemnification or contribution. They are direct claims for separate relief as between the Tartan defendants and Northville which are governed, and barred, by the three year statute of limitations set forth in CPLR 214-c. See, In Re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation, 2007 U.S. Dist LEXIS 40484 (S.D.N.Y. 2007); FCA Associates v. Texaco, Inc., 2008 U.S. Dist. LEXIS 8116 (W.D.N.Y. 2008); Oliver Chevrolet Inc. v. Mobil Oil Corp., 249 A.D.2d 793, 671 N.Y.S.2d 850 (3d Dept. 1998).

As to the Second Claim for Relief, the Tartan defendants incorrectly argue that all claims for declaratory judgment are governed by a six-year indemnification/contribution

---

[2] There is a portion of the Third Claim for Relief which seeks common law indemnification with respect to plaintiffs' claims. That portion of the claim does not appear to be time-barred.

6

statute of limitations which begins to run when a loss is suffered. "[A] declaratory judgment action, which is 'a procedural device used to vindicate substantive rights,' is time-barred if 'relief on a direct claim based on such rights would also be barred." Pricaspian Development Corp. (Texas) v. Royal Dutch Shell, plc., 2009 U.S. Dist. LEXIS 47571 (S.D.N.Y. 2009) at *20, quoting Stone v. Williams, 970 F.2d 1043, 1048 (2d Cir. 1992). Accordingly, the claim for judgment declaring that Northville is responsible for property damage, diminution in value and direct/indirect damages regarding the CP Site are governed, and barred, by the three-year statute of limitations of CPLR 214-c. Id.

The Tartan defendants do not dispute the fact that they had full knowledge concerning the alleged environmental condition, injury, and potential claims and remedies for which they now seek relief, more than ten years before their third-party actions were commenced. They cannot disguise their claims as sounding in indemnification or contribution in order to escape the expiration of the applicable statutes of limitation underlying their separate claims. See Red Sea Tanker Fund, Ltd. v. Chase Manhattan Bank, 1999 U.S. App. LEXIS 25099 (2d Cir. 1999); Germantown Central School Dist. v. Clark, Clark, Mills & Gilson, AIA, 294 A.D.2d 93, 743 N.Y.S.2d 599 (3d Dept. 2002); MRI Broadway Rental, Inc. v. United States Mineral Products Co., 242 A.D.2d 440, 662 N.Y.S.2d 114 (1st Dept. 1997).

The Tartan defendants do not dispute the dismissal of the First Claim for Relief's request for "reimbursement of damages which may be recovered in the underlying action." This is duplicative of the indemnification and contribution claims in the Third and Fourth Claims for Relief.

7

The Tartan defendants have not clarified whether their Fifth Claim for Relief includes a breach of contract claim for failure to properly remediate the 1991 spill. If such a claim is included, it is governed by the six-year breach of contract statute of limitations which, based upon the Third-Party Complaints' admissions, expired long before the third-party actions were commenced. See CPLR 213(2) and cases previously cited.

Lastly, the claims for recoupment of cleanup/remediation costs in the First, Second and Third Claims for Relief fail to contain any factual allegations as to when, by whom or how much costs and expenses were incurred. Those claims are deficient as a matter of law and should be dismissed.

## IV.

### TARTAN OIL CORP. LACKS STANDING AND PRIVITY TO BRING THE THIRD-PARTY COMPLAINTS

Tartan Oil Corp. ("Tartan") concedes that it was not a party to the contract between Northville and CP, and did not own, lease or have any direct legal interest in the CP Site. It has no legal standing or privity to assert the third-party claims herein.

In an effort to side-step these fatal facts, Tartan submits an extraneous affidavit from a former officer, Allen Leon, first admitting that CP was created as a separate entity to obtain the leasehold rights to the CP Site (i.e., to insulate Tartan from any legal responsibilties), and then, claiming that CP "was eventually merged into [Tartan] in 1990s." Nowhere is this pleaded in the Third-Party Complaints. In fact, it contradicts the Third-Party Complaints which allege CP and Tartan to be separate entities and not a single or "merged" entity.

8

The Leon affidavit provides no statement as to the type of purported "merger" involved, or the legal status of the two entities following the purported "merger." Public corporate records (Exhibit A hereto) reveal CP and Tartan to be separate entities that were each dissolved, separately, in February 2000. To the extent Tartan claims a right to sue Northville because it is "affiliated" with CP, mere affiliation does not confer any legal right to assert the third-party claims. See 61 Jane Street Tenants Corp. v. Great American Ins. Co., 2001 U.S.Dist. LEXIS 265 at *5, n.3 (S.D.N.Y. 2001); Blount v. Bovis Lend Lease Holdings, Inc., 35 A.D.3d 310, 310-11, 828 N.Y.S.2d 305 (1st Dept. 2006).

It is well-settled that on a Rule 12(b)(6) motion, the Court cannot consider extraneous affidavits or documents outside the pleadings. Global Network Communications, Inc. v. City of New York, 458 F.3d 150, 155-56 (2d Cir. 2006); Friedl v. City of New York, 210 F.3d 79, 83-84 (2d Cir. 2000); Ross v. Thomas, 2010 U.S.Dist. LEXIS 9211 (S.D.N.Y. 3/2/10)(Scheindlin, J.). This is particularly appropriate here, where defendants' extraneous affidavit purports to state facts which are not pleaded and contradict other pleaded facts. The Third-Party Complaints fail to plead a legal basis for the claims asserted by Tartan. Those claims should be dismissed.

Finally, the Tartan defendants assert that pursuant to a 1999 Contract of Sale, Leon Petroleum, LLC acquired the assets and rights of Tartan and CP and agreed to release them from environmental liabilities associated with the CP site and to defend, indemnify and hold them harmless. The contract submitted by third-party plaintiffs does not contain recited Schedules and may not be complete. Moreover, any purported assumption between Tartan and Leon Petroleum does not negate Tartan's lack of a

9

recognized legal right to assert the separate third-party contract and property-related claims against Northville. Finally, even if Leon Petroleum assumed Tartan's and CP's liabilities with respect to the CP Site, this does not necessarily mean that Leon Petroleum has the legal right to assert third-party claims against Northville.

## CONCLUSION

For the foregoing reasons, Northville's motion should be granted, together with such other and further relief as the Court deems just and proper.

Dated: New York, New York
     October 25, 2010

                            Respectfully submitted,

                            HERZFELD & RUBIN, P.C.
                            Attorneys for Northville Industries Corp.

                            By: _____
                                Michael B. Gallub
                            125 Broad Street
                            New York, New York 10004
                            (212) 471-8536
                            mgallub@herzfeld-rubin.com