**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

In re: Methyl Tertiary Butyl Ether ("MTBE")
Products Liability Litigation

**Master File No. 1:00-1898**
**MDL No. 1358 (SAS), M21-88**

---

This Document Relates To:

*California-American Water Company v. Atlantic*
*Richfield Co., et al.*
Case No. 04-CV-4974

**[PROPOSED]**
**ORDER DETERMINING THAT**
**SETTLEMENT IS A GOOD**
**FAITH SETTLEMENT**

---

Having considered the memorandum of law submitted in support of ExxonMobil's

Motion for Determination that the Settlement Agreement ("Settlement Agreement") is a Good

Faith Settlement, the accompanying declaration, exhibits, and other evidence, all of the

pleadings, filings, and proceedings in these cases and in MDL 1358, and the arguments of

counsel at the hearing, the Court makes the findings and enters the Orders as follows:

1.      This Court has jurisdiction over this case and the determination of this motion on

the good faith nature of the Settlement Agreement.

2.      The laws of the State of California apply to the state law claims subject to this

motion.  There are no federal claims currently at issue giving rise to contribution or equitable

indemnity claims.

3.      The settlement negotiations involved in the negotiation of the Settlement

Agreement were fair and conducted at arm's length.

4.      The Settlement Agreement, as applied to the Plaintiff captioned above, was

negotiated in good faith by competent counsel for both Plaintiff and ExxonMobil.  There is no

evidence of bad faith, fraud, collusion, or an intent to unfairly impact the rights of other

defendants, former defendants, prior settling defendants, or others.  There are no provisions in the Settlement Agreement or any of its exhibits that unfairly impact or interfere with the ability of any persons who have not settled with Plaintiff to litigate their positions or settle with Plaintiff in the future.

5.      The Settlement Agreement between Plaintiff in the case captioned above and ExxonMobil was made in good faith within the meaning of California Code of Civil Procedure Sections 877 and 877.6 as well as case law interpreting those sections, such as *Tech-Bilt, Inc. v. Woodward-Clyde & Assoc.*, 38 Cal. 3d 488 (1985).  Accordingly, ExxonMobil is entitled to protection from contribution and equitable indemnity claims as provided by law.

6.      The Settlement Agreement is a comprehensive resolution of the claims between Plaintiff and ExxonMobil.  It provides cash payments and addresses claims for potential future damages as set forth in the Settlement Agreement.  There are no firm guidelines that define whether the amount of a settlement is reasonable or grossly disproportionate.  The law requires only that the settlement consideration be "in the ballpark," with any party challenging a settlement having the burden of establishing that it is so far "out of the ballpark" that the equitable objectives of Section 877 are not satisfied.  *Tech-Bilt*, 38 Cal.3d at 500.  Here, the settlement consideration reflected in the Settlement Agreement is unquestionably "in the ballpark."  Thus, the Settlement Agreement is a reasonable settlement.

7.      Furthermore, the Settlement Agreement was made in good faith within the meaning of federal precedent.  *See Sabater v. Lead Indus. Ass'n, Inc.*, No. 00 CIV. 8026, 2001 WL 1111505, at *5 (S.D.N.Y. Sept. 21, 2001).

8.      Any current or future action or claim for contribution or equitable indemnity by any person, including any defendant, cross-complainant, former defendant, and/or former cross-

complainant to this case, are barred in their entirety as to ExxonMobil and the Released Entities as defined in the Settlement Agreement and its exhibits.

9.      Pursuant to FRCP 54(b), the Court determines that there is no just cause for delay and expressly DIRECTS the ENTRY OF JUDGMENT on the issue of the determination that the Settlement Agreement is a good faith settlement under California law and that ExxonMobil is protected from joint tortfeasor claims as set forth in this Order.


New York, New York

Dated: December ___, 2010

                                            SO ORDERED:


                                            _____

                                            The Honorable Shira A. Scheindlin