UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation | Master File No. 1:00-1898 MDL No. 1358 (SAS) |

**This Document Relates To:**

*California-American Water Company v. Atlantic Richfield Co., et al.*
Case No. 04-CV-4974

# DECLARATION OF JEFFREY J. PARKER IN SUPPORT OF EXXONMOBIL'S MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT

I, Jeffrey J. Parker, an attorney duly admitted to practice before all courts of the State of California and in this Court *pro hac vice*, hereby declare under penalty of perjury:

1. I am a partner with the law firm of Sheppard, Mullin, Richter & Hampton LLP and serve as counsel to Defendants Exxon Mobil Corporation (individually and f/k/a Exxon Corporation and d/b/a ExxonMobil Refining & Supply Company, Exxon Chemical U.S.A., and ExxonMobil Chemical Corporation) and ExxonMobil Oil Corporation (individually and f/k/a Mobil Oil Corporation) (collectively, "ExxonMobil") in the above-referenced action pending in MDL 1358. In my role as ExxonMobil's counsel, I took part in the negotiations of the settlement in the *California-American Water Company* case. As a result, I have personal knowledge of the facts set forth in this Declaration.

2. I make this declaration in support of the motion by ExxonMobil for a determination by the Court that the settlement agreement ("Settlement Agreement") with the Plaintiff in the above-captioned case ("Settling Plaintiff") is a good faith settlement under California law.

3. In this action, Settling Plaintiff contends that ExxonMobil is liable under numerous theories for alleged damages it claims result from the presence of MTBE and/or TBA in gasoline and the ownership, operation, or supply of gasoline service stations, as well as other relief. ExxonMobil denies the facts alleged by Settling Plaintiff, contends that it is not liable, and contends that—even if it is found liable—Settling Plaintiff would not recover damages sufficient to overcome the settlement credit in ExxonMobil's favor as a result of settlement between Settling Plaintiff and other defendants and, therefore, would not receive any award against ExxonMobil.

4. Notwithstanding these diametrically opposed positions, ExxonMobil and Settling Plaintiff recognize the costs and risks of litigation and have engaged in numerous discussions and written communications regarding possible settlement of this case. Beginning in February 2010, Scott Summy (as counsel for Settling Plaintiff) and Peter Sacripanti and I (as counsel for ExxonMobil) spoke several times and exchanged correspondence regarding settlement offers and terms of settlement, including written settlement offers made by Settling Plaintiff to ExxonMobil. In addition, Mr. Summy and I and a representative of ExxonMobil had a lengthy discussion by telephone regarding written settlement offers made by Settling Plaintiff, ExxonMobil's response to those offers, and terms of settlement. After that discussion, I had many telephone discussions with Mr. Summy and Celeste Evangelisti of his office, and exchanged dozens of e-mails with them, to negotiate the terms of a settlement-in-principle, the

settlement agreement, and associated attachments between Settling Plaintiff and ExxonMobil. These negotiations over the agreement-in-principle and then the agreement and attachments were arm's length and lasted over a period of eight months.

5. The negotiations ultimately culminated in fair, reasonable terms to which Settling Plaintiff and ExxonMobil both agreed. The Settlement Agreement resolves all claims, including those in the above-referenced lawsuit, by Settling Plaintiff against ExxonMobil. Settling Plaintiff and ExxonMobil have executed the Settlement Agreement.

6. The Settlement Agreement is not the result of any collusion or fraud between Settling Plaintiff and ExxonMobil. The Settlement Agreement is simply the result of the settling parties wishing to resolve their claims in a fair and expedient manner. In no way was the Settlement Agreement intended to injure the interests of the other defendants, former defendants, prior settling defendants, or others.

7. In 2008, the majority of other defendants in this action settled with plaintiff. In May 2008, they moved for a good faith settlement determination, which the Court granted in its July 22, 2008, Opinion and Order. The briefs and supporting materials filed in support of that settlement—which ExxonMobil respectfully requests the Court take judicial notice of—purport to explain, support, and document the alleged injuries suffered by Settling Plaintiff and various measures of estimating the damages claimed by Settling Plaintiff. ExxonMobil disputes that it caused injury to Settling Plaintiff and disputes the amount and method of estimating the amount of damages. Nonetheless, ExxonMobil offers the evidence previously filed by Settling Plaintiff as some measure of the damages that Settling Plaintiff claims.

8. ExxonMobil's settlement with Settling Plaintiff is modeled after the previously approved settlements, which consisted of monetary payments and provisions for dealing with

MTBE and/or TBA impacts to certain wells in the future, as more fully described in the agreements memorializing that settlement. The settlement between ExxonMobil and Settling Plaintiff likewise consists of monetary payments and provisions for dealing with MTBE and/or TBA impacts to certain wells in the future as memorialized in the Settlement Agreement.

9. The consideration being paid or provided to Settling Plaintiff by ExxonMobil, including the settlement amount reflected in the Settlement Agreement filed under seal and other consideration reflected in the redacted Settlement Agreement and related attachments filed herewith, is within the reasonable range of ExxonMobil's potential proportional share of comparative liability for Settling Plaintiff's alleged injuries as claimed in the motions and supporting papers filed in support of the prior settling defendants' motion for good faith settlement determination, which was granted in this Court's July 22, 2008, Opinion and Order. A true and correct copy of the Opinion and Order is attached hereto as Exhibit 1.

10. Attached hereto as Exhibit 2 is a true and correct copy, which I received as ExxonMobil's counsel in the *California-American Water Company* action on May 7, 2008, of the "Memorandum of Law in Support of Settling Defendants' Motion for Determination of Good Faith Settlement" filed in support of prior settling defendants' motion for good faith settlement determination.

11. Attached hereto as Exhibit 3 is a true and correct copy of the executed settlement agreement between ExxonMobil and the Plaintiff in the above-captioned case, with redactions.

12. I believe that the Court should find that the Settlement Agreement between Settling Plaintiff and ExxonMobil is a good faith settlement pursuant to California law.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed December 6, 2010, at Los Angeles, California.

*Jeffrey J. Parker*