UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: METHYL TERTIARY BUTYL ETHER ("MTBE") PRODUCTS LIABILITY LITIGATION | Master File No. 1:00–1898<br>MDL 1358 (SAS)<br>M21-88 |
| This document relates to:<br>*Orange County Water District v. Unocal Corp., et al.*, No. 04 Civ. 4968 | DECLARATION OF DUANE C. MILLER IN SUPPORT OF DEFENDANT 7-ELEVEN, INC.'S MOTION FOR ORDER DETERMINING GOOD FAITH SETTLEMENT |

I, DUANE C. MILLER, an attorney admitted to practice law in the State of California and the State of New York and in this Court, hereby declares the following under penalty of perjury:

1. I am an attorney with the law firm of Miller, Axline & Sawyer, which represents the Orange County Water District (District) in this action.

2. I was actively involved in the negotiation of the settlement between the District and 7-Eleven that is the subject of the present motion. The settlement was achieved only after more than a year of negotiations between adverse counsel, each advocating their client's position. The settlement is documented and memorialized in the settlement agreement attached to the motion for good faith settlement filed by 7-Eleven. The settling parties have at all times negotiated in good faith to arrive at the settlement, balancing the positions of the parties.

3. The settlement is between and among the Orange County Water District and defendant 7-Eleven and calls for a cash payment by 7-Eleven of $1,700,000. The settlement has been approved by the District's Board of Directors. The District announced the filing of the lawsuit in the ordinary course of the District's business including but not limited to the published minutes

1

of Board meetings.  The District is the sole plaintiff and there is therefore no need to consider allocating among plaintiffs.  Approval of the Settlement Agreement will not end 7-Eleven's obligation to comply with state or federal law or relieve 7-Eleven of its obligations as may arise to the extent, for example, the Regional Water Quality Control Board, or other state or governmental agency, requires 7-Eleven to undertake testing, remediation, or other work in connection with continued operations at any of the 7-Eleven Stores.

4. I have been litigating this action for more than seven years, and have litigated similar toxic tort cases in California for over twenty years.  I therefore have a very keen understanding of the type and amount of costs which are likely to be incurred to continue prosecution of this case and defend against potential appeals.  As with any litigation, the outcome of the upcoming phases of the litigation is unknown.  Given the overall uncertainties of litigation outcomes, but the certainty of litigation costs, it is reasonable to settle with 7-Eleven at this juncture under the terms described in the settlement agreement.

5. There is no evidence that 7-Eleven refined or distributed gasoline containing MTBE. 7-Eleven purchased gasoline containing MTBE from suppliers who purchased the gasoline from various California refiners during the relevant time period. The settlement represents a rough approximation of what the District could expect to recover against 7-Eleven.

6. The 7-Eleven Stores involved in the Settlement Agreement fall into the following six broad categories:

    a.    Stores regarding which the District is currently asserting claims (2 stores) ($725,000.00);

    b.    Stores with previous gasoline releases that have achieved regulatory closure from

      the appropriate agency (6 stores)($570,000.00);

c.   Stores that sold gasoline while MTBE was on the market but had no reported release (7 stores)($335,000.00);

d.   Stores that discontinued gasoline sales prior to 1986 (non-MTBE sites)(4 stores)($40,000.00);

e.   Stores that began selling gasoline in 2004 or later (non-MTBE sites)(2 stores)($20,000.00); and

f.   Stores where 7-Eleven never sold gasoline but is remediating gasoline and MTBE (1 store) ($10,000.00).

7. Because 7-Eleven is not in any focus plume, the District has not engaged in formal discovery with respect to 7-Eleven stations. The District has, however, conducted due diligence by reviewing the District's own files and the files of other regulatory agencies with respect to 7-Eleven stations, as well as 7-Eleven's responses to general discovery.

8. The financial condition of 7-Eleven was not considered in reaching this agreement. Insurance coverage was not considered in reaching this agreement.

9. In arriving at the agreement, the settling parties have not engaged in any conduct aimed at making the non-settling parties pay more than their fair share of plaintiff's ultimate recovery, nor have they engaged in any conduct that could be considered fraudulent or tortious.

I declare under penalty of perjury under the law of the State of California that the foregoing is true and correct.

Executed on the 10th day of January, 2011, at Sacramento, California.



DUANE C. MILLER