USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/26/2011

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
IN RE: METHYL TERTIARY BUTYL :
ETHER ("MTBE") PRODUCTS : Master File No. 1:00-1898
LIABILITY LITIGATION : MDL No. 1358 (SAS) (DF)
: M21-88
This Document Relates to: :
: **ORDER**
No. 03 Civ. 10051 :
No. 03 Civ. 10052 :
No. 03 Civ 10053 :
No. 03 Civ. 10055 :
No. 03 Civ. 10057 :
:
------------------------------------------------------------X

**DEBRA FREEMAN, United States Magistrate Judge:**

Currently before the Court is a dispute regarding the propriety of discovery demands that have been served by defendants/third-party plaintiffs Tartan Oil Corp. and CP Service Station Operating Corp. (together, "Tartan") both on third-party defendant Northville Industries Corp. ("Northville") and, via subpoena, on Northville's expert and consultant, non-party ERM Consulting & Engineering, Inc. f/k/a ERM Northeast ("ERM"). In particular, the submissions before the Court raise the question of whether the discovery sought from Northville and ERM relating to a former Northville gas station at 2 Jericho Turnpike in Mineola, New York (the "Northville Mineola Station") is relevant to any claim or defense in the case, and thus falls within the scope of permissible discovery under Fed. R. Civ. P. 26(b)(1).

Having reviewed the parties' and ERM's numerous submissions and heard argument by counsel at a conference on January 7, 2011, the Court finds that discovery relating to the Northville Mineola Station (a) is relevant to Tartan's defenses against Plaintiffs and is thus discoverable, but (b) as the documents (including those within ERM's possession) are within

Northville's control, they should be produced directly by Northville, rendering the subpoena to ERM superfluous and appropriately quashed.

### Relevance of Requested Discovery

Tartan contends that discovery relating to the Northville Mineola Station is relevant both to its third-party claims against Northville and to the defenses it has asserted against Plaintiffs. The first of these arguments is not persuasive. A review of Tartan's Third-Party Complaint against Northville shows that Tartan's claims against Northville are narrowly tailored to claim liability based on Northville's former operation of a *different* gas station, specifically the station located at 345 Old Country Road in Carle Place, New York (the "Northville Carle Place Station"). (*See* Third-Party Complaints; *see also* Opinion and Order, dated Dec. 21, 2010 (Dkt. 3230) (denying motion to dismiss the Third-Party Complaints).) These claims cannot be reasonably read to encompass liability based on the Northville Station.[1]

Tartan's second argument, however, has more merit. The Northville Mineola Station is apparently in close proximity to Tartan's own gas station at 91 Jericho Turnpike in Mineola, New York ("Mineola Station"), which the parties agree is implicated by Plaintiffs' claims against Tartan. In its Amended Answer, Tartan pleads a number of defenses based on its assertion that other parties were responsible for Plaintiffs' alleged damages. (*See, e.g.*, No. 03 Civ. 10057, Amended Answer, dated April 1, 2010 (Dkt. 98), at ¶¶ 39, 41, 42, 57, 74.) Such defenses may be fairly read to incorporate the theory that Northville, in whole or in part,

---

[1] Tartan argues that, at the time that it commenced a third-party action against Norville, it could not have known that the Northville Mineola Station was implicated by Plaintiffs' claims. Thus, Tartan suggests that it may seek leave to amend the Third-Party Complaint to add claims based on the Northville Mineola Station. Regardless of whether Tartan would be able to show good cause for amending its pleadings beyond the deadline set by the Court, *see* Fed. R. Civ. Pro. 16(b)(4), this Court need not address that issue at this time.

2

was responsible for any damages suffered by Plaintiffs in the Mineola area. Although Northville argues that discovery of a third-party defendant must be limited by the scope of the third-party pleadings and cannot be broadened by affirmative defenses pleaded in the principal action, Northville offers no legal support for this position. In fact, the only case cited by Northville on this point has nothing to do with third-party discovery. *See Przygoda v. Hove*, No. 98-6007, 1998 U.S. App. LEXIS 27573, at *5 (2d Cir. 1998) (cited in Letter to the Court from Michael B. Gallub, Esq., dated Jan. 11, 2011, at 3) (affirming order denying plaintiff's motion to compel document production where the requested discovery was not directly relevant to the complaint and was untimely).[2]

## Motion To Quash ERM Subpoena

As for the question of whether ERM (in addition to Northville) should be required to produce documents regarding the Northville Mineola Station, Plaintiffs and Tartan have informed this Court that the Honorable Shire A. Scheindlin, U.S.D.J., who is presiding over this multi-district litigation, previously directed the parties to produce documents in the possession of their experts and consultants, obviating the need to serve subpoenas on those non-parties.[3] Although the parties have not directed this Court to a particular prior Order to that effect, this Court finds, in any event, that the documents in question would fall within Northville's "possession, custody, or control." Fed. R. Civ. P. 34(a)(1); *see also, e.g., Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 138 (2d Cir. 2007) ("[I]f a party has access and the practical

---

[2] The Court also notes that, under Second Circuit Local Rule 32.1.1, Northville's citation to a summary order issued prior to January 1, 2007, like *Przygoda*, was improper.

[3] Plaintiffs acknowledge that they served a subpoena on ERM, but assert that they did so before Northville was impleaded in this case. Tartan, for its part, apparently claims that it was unaware of the prior directive from Judge Scheindlin when it served its subpoena on ERM.

ability to possess documents not available to the party seeking them, production may be required."). For this reason, to the extent ERM has not yet complied with Tartan's document subpoena, the subpoena is quashed, and Northville is directed to produce documents relating to the Northville Mineola Station in response to Tartan's document requests no later than February 16, 2011.

### Redaction To Documents Already Produced by ERM

To the extent Tartan and ERM reference a dispute regarding the redaction of documents already produced by ERM, the parties and ERM are directed to confer in good faith on this issue, to see if it is capable of resolution without Court intervention.

Dated:  New York, New York
January 26, 2011

SO ORDERED

DEBRA FREEMAN
United States Magistrate Judge

Copies to:

all parties (via ECF)

Christopher R. Strianese, Esq.
Bryan Cave LLP
1290 Avenue of the Americas
New York, NY 10104-3300