**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

——————————————————————————
                       )

**In Re: Methyl Tertiary Butyl Ether ("MTBE")**  )    **Master File No. 1:00 - 1898**
                       )    **M21-88**

——————————————————————————  )    **MDL 1358 (SAS)**
                       )

**This document relates to:**          )
***All cases in MDL 1358 in which ConocoPhillips***  )
***has been properly named and served, and for which*** )
***an Answer is due.***                  )
                       )

——————————————————————————

## <u>DEFENDANT CONOCOPHILLIPS COMPANY'S FIFTH AMENDED MASTER ANSWER AND AFFIRMATIVE DEFENSES</u>

        Pursuant to the Master Answer agreement among the parties, CMO #6, and the Court's instructions during the January 13, 2005 status conference, ConocoPhillips Company, f/k/a Phillips Petroleum Company, individually and as successor-in-interest to Tosco Corporation and d/b/a Phillips 66 Company ("ConocoPhillips") answer the complaints in MDL 1358 for all cases in which they have been properly named and served, as follows:

## <u>MASTER ANSWER</u>

**I.**      **ADMISSIONS AND STATEMENTS REGARDING SELECT ALLEGATIONS**

        **A.**      <u>**Basic Defendant Information**</u>

        ConocoPhillips admits that it is a Delaware corporation with its principal place of business at 600 North Dairy Ashford, Houston, Texas. ConocoPhillips was incorporated on November 16, 2001, in connection with, and in anticipation of, the merger of Conoco Inc. ("Conoco") and Phillips Petroleum Company ("Phillips"), which was

consummated on August 30, 2002.  Tosco Corporation merged with Phillips on September 14, 2001 and with ConocoPhillips on January 1, 2003.

ConocoPhillips denies that Tosco Corporation or Tosco Refining Company are presently subsidiaries of ConocoPhillips.  Tosco Corporation ceased to exist on January 1, 2003 upon its merger with ConocoPhillips.

**B.**     **Sale or Distribution of Gasoline with MTBE or TBA to States in Question**

ConocoPhillips admits that its or its corporate predecessors produced gasoline that may have been delivered (for one or more time periods between 1979 and the present) to California, Connecticut, Florida, Massachusetts, New Jersey, New York, Pennsylvania, Illinois, Indiana, Vermont, New Hampshire, New Mexico, Virginia, Kansas, West Virginia and Wisconsin. Some gasoline blends delivered to some of these states may have contained MTBE or TBA; others did not.  ConocoPhillips states that it is possible that some gasoline it took on exchange for delivery to these states contained MTBE or TBA.

**C.**     **Allegations Regarding Properties and Behavior of MTBE**

ConocoPhillips admits that MTBE is an aliphatic ether that does not occur naturally.  ConocoPhillips admits that there are various methods for the production of MTBE and that one method of production is from methanol and isobutylene.

ConocoPhillips states that solubility and mobility are relative properties and that while MTBE and other ethers may be more soluble and mobile in water than certain gasoline components, such as the BTEX compounds, they are less soluble and mobile in water than other components sometimes blended into gasoline, such as ethanol.

ConocoPhillips further states that MTBE's behavior in the environment -- and its behavior relative to BTEX -- is dependent on a variety of factors, including the nature or method of its release, the geological setting, and environmental and microbial factors.

ConocoPhillips states that while under certain conditions MTBE may biodegrade less readily than some other components of gasoline, MTBE has been found to naturally attenuate and biodegrade in numerous ways.

### D.   Allegations Regarding Properties and Behavior of TBA

ConocoPhillips admits that TBA is the product of the hydrolysis of isobutylene.  ConocoPhillips admits that TBA can be an intermediate product of MTBE biodegradation.

ConocoPhillips states that solubility and mobility are relative properties and that TBA is more soluble and mobile in water than certain gasoline components, such as the BTEX compounds.  ConocoPhillips further states that TBA's behavior in the environment -- and its behavior relative to BTEX -- is dependent on a variety of factors, including the nature or method of its release, the geological setting, and environmental and microbial factors.

### E.   Allegations Regarding Taste and Odor

ConocoPhillips admit that individuals vary in their ability to detect the taste and odor of MTBE in water.  ConocoPhillips states that responsible federal and state regulatory agencies have considered and adopted standards fully protective of MTBE taste and odor concerns.

F.      **Allegations Regarding Health Effects of MTBE**

Plaintiffs' allegations of dire human health concerns from MTBE are unsubstantiated. MTBE has been studied publicly by scientists and government agencies for more than 20 years. MTBE has never been reliably linked to cancer, and there is no consensus in the scientific field that it is carcinogenic; indeed, major world health organizations have long refused to list MTBE as a human carcinogen. ConocoPhillips admits that EPA has in the past classified MTBE as a possible human carcinogen. ConocoPhillips states that responsible federal and state regulatory agencies have considered and adopted standards fully protective of any alleged health concerns related to MTBE.

G.      **Allegations Regarding Storage and Handling of Gasoline**

ConocoPhillips admits that it is commonly known that gasoline is sometimes released into the environment from USTs and other means, and states that it and, according to reports, other major oil companies have spent hundreds of millions of dollars or more over the past 30 years to eliminate or reduce leaks, and to improve leak detection. ConocoPhillips states that it is aware that most adults understand that all gasoline should be handled carefully and should not be spilled.

H.      **Allegations Regarding Knowledge of MTBE Contamination at Particular Locations In 1980s**

The complaints purport to describe various publicly reported incidents of MTBE contamination in New Jersey, New York and Maine in the 1980s. ConocoPhillips states that it was widely known among government regulators in the 1980s that various incidents involving MTBE contamination – including the ones plaintiffs' complaints regularly list – had occurred.

ConocoPhillips admits that in the early 1980s there was publicity regarding a contamination event in Rockaway, New Jersey, that did not directly involve ConocoPhillips. ConocoPhillips admits that it is aware of certain release events in New York, some of which involved MTBE.

ConocoPhillips admits that the 1986 Garrett and Moreau paper described MTBE presence in certain wells in Maine. ConocoPhillips admits that information about MTBE was known to government and the scientific community, as the 1986 Garrett and Moreau paper illustrates.

I.   **Allegations Regarding Participation in Industry Associations or Lobbying Activities**

The chemical properties of ethers like MTBE have been known in the public arena for many, many years. Plaintiffs' claim that Defendants somehow hid this information from them, or from the U.S. government, is baseless. ConocoPhillips denies that it had any agreement with another defendant to withhold from plaintiffs or government regulators information concerning MTBE.

ConocoPhillips admits that prior to 1990, Congress was preparing to take action to address the Nation's smog problem. ConocoPhillips admits that federal government agencies were aware of MTBE's chemical characteristics in 1986 or earlier, and that EPA held public meetings about MTBE in 1986. ConocoPhillips admits that individual employees at some of its predecessor companies became aware of the study after its publication in or about 1986. ConocoPhillips denies that it, or its corporate predecessor Tosco participated in an American Petroleum Institute ("API") committee called the Toxicology Committee. ConocoPhillips admits that a Testing Consent Order was entered with EPA in or about 1988 by various major oil companies.

In response to plaintiffs' allegation that Congress adopted the Reformulated Gasoline (RFG) Program as part of the 1990 Amendments to the Clean Air Act "[a]s a result of tremendous lobbying efforts by the industry, including Defendants," ConocoPhillips states that many major oil companies in fact actively resisted the RFG Program's requirement of oxygen content levels.

### J.   Allegations Regarding Requirements and Effects of the 1990 Clean Air Act Amendments

ConocoPhillips states that although the 1990 Clean Air Act Amendments ("CAAA") did not literally require use of MTBE as a gasoline additive, in practical terms the CAAA certainly did compel MTBE's use.   EPA and Congress knew that the oxygen requirements of the Act could not and would not be met without MTBE's use.

ConocoPhillips states that beginning in the late 1970s, following the U.S. EPA's mandate to reduce lead in gasoline, most U.S. refiners began evaluating oxygenates and octane enhancers such as ethanol and MTBE.   In 1990, with the amendments to the Clean Air Act, the federal government mandated an increase in the use of oxygenates (up to 2.7% oxygen content) to meet ambient carbon monoxide air requirements in winter gasoline in many cities (beginning in 1992).   In 1995, various oxygenates were extended by regulation to year-round use for severe, non-attainment ozone areas in the United States.   Reformulated gasolines used since that time have sometimes contained between 10% and 15% MTBE, or up to 10% ethanol, to meet government mandates on oxygenate content.

ConocoPhillips denies that ethanol was available in sufficient supply to meet the demand for oxygenated gasoline in the RFG and oxyfuel regions when the Amendments requiring 2% oxygen content in year-round gasoline in areas using RFG became effective.

ConocoPhillips admits that when it refined crude oil, owned refineries, and made gasoline, it complied with the legal requirements of the lead phase-out, the RFG Program and the Oxygenated Fuel Program. ConocoPhillips further states that several government agencies have concluded that MTBE has contributed substantially to reducing air pollution.

### K.   Allegations Regarding MTBE-Related Actions Taken By State or Federal Governmental Bodies

ConocoPhillips admits that in 2001, EPA provided advance notice of its intent to initiate a rulemaking pursuant to TSCA to eliminate or limit the use of MTBE as a fuel additive. No such rulemaking was ever initiated. ConocoPhillips admits that certain proposed legislation in the U.S. Congress may limit the use of MTBE in gasoline in the future. ConocoPhillips admits that certain state legislatures or regulatory bodies have passed laws or adopted regulations to limit or eliminate the use of MTBE in gasoline. The details of such laws are a matter of public record.

### L.   Allegations Regarding Plaintiffs' Claimed Inability To Identify Relevant Sources of Gasoline Leaks Or Spills Affecting a Given Site

Gasoline leaks, whether containing MTBE or not, are almost always traceable to a specific source, limited to the immediate geographic area of the source, and remediable. In the vast majority of leak incidents, a responsible party can be and is identified. ConocoPhillips denies that gasoline can never be traced from a contamination site to its terminal or refinery source.

### M.   Allegations Purporting To Quote Or Summarize Documents

Numerous paragraphs in each complaint purport to quote from or summarize documents, statutes and regulations. These written materials speak for themselves. The

documents, statutes and regulations referenced by plaintiffs, which are not attached to the complaints, are the best evidence of their content, and ConocoPhillips therefore denies plaintiffs' attempts to summarize or characterize the contents of these written materials.

### N.    <u>Allegations Regarding Defendants Unrelated To ConocoPhillips</u>

ConocoPhillips is without knowledge or information sufficient to form a belief as to the truth of the matters averred in the complaints regarding the specific statements, acts or omissions of defendants unrelated to ConocoPhillips Company.

### O.    <u>Allegations Regarding Particular Claims or Counts</u>

In response to the portions of the complaints purporting to state particular common law or statutory claims, ConocoPhillips incorporates each paragraph of this Master Answer as if fully restated herein.  ConocoPhillips denies it is liable for any legal claim in any MDL 1358 complaint.

### P.    <u>Allegations Regarding Claimed Injuries or Damages</u>

Some complaints make claims about contamination to specific wells or water resources, and others do not.  ConocoPhillips is without knowledge or information sufficient to form a belief as to the truth of the matters averred in the complaints regarding specific incidents of alleged contamination. ConocoPhillips believes publicly available documents and discovery to be provided by plaintiffs will demonstrate that many of the wells or water resources at issue have not been impacted by MTBE, or have been impacted only at levels well below state action standards for MTBE.

Q.     **Plaintiffs' Demands for Jury Trials**

Plaintiffs in all actions have demanded a trial by jury of all claims asserted in the complaints.  These jury demands require no answer.  To the extent any answer is deemed necessary, ConocoPhillips admits that the plaintiffs demand jury trials, but denies that they are entitled to them on some or all of their claims.

R.     **Plaintiffs' Allegations of Intentional, Willful, Deliberate, or Negligent Acts**

ConocoPhillips denies that it intentionally, willfully, deliberately, or negligently committed any acts that caused or foreseeably could have caused harm to plaintiffs or any other party.

S.     **Certain Plaintiffs' Allegations of Representational Standing and/or Allegations of Ownership of Groundwater Resources**

To the extent that plaintiffs allege that they own or have the authority to protect groundwater, groundwater resources, water resources, water supplies, water rights, or drinking water wells, or any other right in and to water or groundwater, ConocoPhillips denies these allegations and denies that these plaintiffs have standing to bring any claim based on allegations of property damage on behalf of themselves or any other person or entity.

## II.    GENERAL DENIAL OF REMAINING ALLEGATIONS

ConocoPhillips denies the remaining allegations in the complaints in MDL 1358 cases for which an answer is presently required, and in which they have been properly named and served.

## III.   RESERVATION OF RIGHT TO AMEND

ConocoPhillips reserves the right to amend this Master Answer.

## IV.   AFFIRMATIVE DEFENSES APPLICABLE TO ALL CASES

For its separate defenses to the complaints in MDL 1358 cases for which an answer is presently required, and in which it has been properly named and served, ConocoPhillips states as follows:

1.    Plaintiffs' claims are barred in whole or in part by the doctrine of federal preemption.

2.    At all relevant times, ConocoPhillips' actions and its products complied with and were undertaken pursuant to applicable federal, state, and local laws, rules, regulations and specifications.

3.    Plaintiffs' claims are barred in whole or in part because federal, state and/or local authorities and agencies have mandated, directed, approved and/or ratified the alleged actions or omissions of ConocoPhillips.

4.    All acts and conduct of ConocoPhillips, as alleged in the complaints, conformed to and were pursuant to statutes, government regulations and industry standards, and were based upon the state of knowledge existing at all material times alleged in the complaints.

5.    The relief sought by plaintiffs' complaints is, in whole or in part, within the particular expertise of and is being addressed by federal and state governments, and their relevant agencies, and thus this Court should decline to exercise jurisdiction over this matter pursuant to the doctrine of primary jurisdiction.

6.    Plaintiffs have failed to exhaust their administrative remedies.

7.    Plaintiffs have a plain, common, adequate and speedy remedy at law. The equitable causes of action alleged in the complaints are thus barred.

8. Plaintiffs are barred from seeking strict liability for design defect as any attempt to reexamine the mandatory cost-benefit analysis delegated to and performed by the EPA pursuant to its obligations under the Clean Air Act (CAA) would be impermissible given that Congress, through Section 211 of the CAA, authorized the EPA, and not the courts, to perform the cost-benefit analysis.

9. If it is determined that plaintiffs or anyone on whose behalf plaintiffs are allegedly suing, was injured, as set forth in the complaints, which ConocoPhillips denies, ConocoPhillips alleges that such hardship is outweighed by the convenience and public service rendered by ConocoPhillips' actions.

10. Each purported cause of action asserted in the complaints is barred under the doctrine of primary assumption of risk in that the general public, by and through its elected representatives and their appointees, knew and understood the alleged risks of harm presented by the use of MTBE, if any, and elected nevertheless to proceed to require the use of gasoline oxygenates and to specifically permit the use of MTBE as a gasoline oxygenate.

11. To the extent that plaintiffs have received or may receive the requested relief from a governmental agency, ConocoPhillips asserts its entitlement to an appropriate set-off or reduction of any judgment(s) against them.

12. The appropriate forum for plaintiffs' claims is an administrative agency, and therefore all proceedings before this Court should be stayed pending administrative resolution of the issues.

13. The claims set forth in the complaints fail, in whole or in part, based on the doctrine of election of remedies.

14.    Each purported cause of action of the complaints as applied to ConocoPhillips is barred because the relief sought therein would pose unreasonable barriers and substantial burdens on interstate and/or international commerce in violation of the Commerce Clause of the United States Constitution and/or the North American Free Trade Agreement.

15.    The complaints fails to state a claim upon which relief may be granted and should, therefore, be dismissed pursuant Fed. R. Civ. P. 12(b)(6).

16.    Because plaintiffs have not suffered any cognizable harm and have not incurred any present damages, there is no current case or controversy and thus, plaintiffs' claims are not ripe for adjudication.

17.    Plaintiffs suffered no losses or injuries that were proximately caused by ConocoPhillips.

18.    ConocoPhillips' conduct was not the cause in fact of any injuries alleged by plaintiffs.

19.    Plaintiffs have failed to state a cause of action for nuisance because they have neither alleged nor suffered any particularized injury.

20.    The alleged injuries and damages, if any, suffered as a result of conduct legally attributable to ConocoPhillips is *de minimis* and therefore any injunction would pose a disproportionate hardship on ConocoPhillips, as well as on the public, in comparison to the injury and or damages allegedly suffered by plaintiffs.  Accordingly, plaintiffs are not entitled to injunctive relief against ConocoPhillips as a matter of law.

21.    Plaintiffs do not have a legally cognizable injury unless or until the alleged MTBE contamination exceeds state action levels.

22.     Plaintiffs may not seek attorneys' fees as an element of relief.

23.     Plaintiffs have failed to properly present any claim for attorneys' fees.

24.     Because plaintiffs have sued multiple parties, under multiple causes of action, with divisible damages, the claim for attorneys' fees must be proportioned between same.

25.     The claims set forth in the complaints are barred, in whole or in part, by the mootness doctrine.

26.     The complaints and each purported cause of action are barred, in whole or in part, by the defense of laches.  Plaintiffs' unreasonable and inexcusable delay in filing these actions caused substantial prejudice to ConocoPhillips.

27.     The complaints and each purported cause of action are barred by the applicable provisions of the pertinent statutes of limitations.

28.     The complaints and each purported cause of action are barred by the applicable provisions of the pertinent statutes of repose.

29.     Plaintiffs are estopped by their conduct from asserting any of the purported claims alleged against ConocoPhillips in the complaints.

30.     Plaintiffs have not investigated the cause of the alleged harm or attempted to identify the actual responsible party or parties responsible for their alleged injuries.

31.     Plaintiffs cannot establish the required predicates for their theories of collective liability, and therefore their defendant-identification burden remains.  In the event that the defendant-identification burden were shifted in the future, ConocoPhillips denies that they contributed to the contamination at issue.

32.     Plaintiffs' claims are barred in whole or in part by the doctrine of waiver.

33.     Plaintiffs assumed the risk of all acts, injuries, and damages that plaintiffs now assert against ConocoPhillips.

34.     ConocoPhillips is entitled to total or partial indemnity from those individuals or entities who are responsible for plaintiffs' injuries or damages, if any, in an amount in direct proportion to their relative culpability.

35.     Plaintiffs lack the capacity to sue.

36.     Plaintiffs lack standing to sue.

37.     Plaintiffs' claim is barred because ConocoPhillips' conduct caused no physical impact to plaintiff's property.

38.     There is a defect or misjoinder of parties, in that plaintiffs have failed to join indispensable or necessary parties.

39.     Plaintiffs have failed to name the party or parties responsible for the alleged harm.

40.     The claims set forth in the complaints fail, in whole or in part, because of the failure to identify which defendant, if any, proximately caused the alleged harm.

41.     Plaintiffs' claimed injuries were caused in whole or in part by others, whose actions were not controlled by or related to ConocoPhillips.  Such actions are the superseding, supervening and/or intervening cause of plaintiffs' injuries and therefore plaintiffs may not recover from ConocoPhillips as a matter of law.

42.     Plaintiffs' claims must be dismissed because they have failed to identify the particular defendant that is responsible for the harms alleged by plaintiffs.

43.     At no time did ConocoPhillips exercise control over the persons or entities responsible for actual or threatened releases of MTBE, if any, alleged in the complaints.  At all times, ConocoPhillips acted with due care with respect to any petroleum or petroleum products used and took reasonable precautions against foreseeable acts or omissions of any such third parties and any foreseeable consequences.

44.     ConocoPhillips did not own, control or release any of the petroleum products that are alleged to have caused or threatened contamination of plaintiffs' wells.

45.     Any gasoline product sold or distributed for resale by ConocoPhillips was properly designed, formulated, prepared and otherwise not defective in any respect.

46.     To the extent required, ConocoPhillips provided proper warnings, information, and instructions relating to its products pursuant to generally recognized and prevailing standards in existence at the time.

47.     Plaintiffs have failed to allege that ConocoPhillips' alleged failure to provide an adequate warning proximately caused their injuries.

48.     Any gasoline product containing MTBE manufactured, sold, or distributed for resale by ConocoPhillips was not unreasonably dangerous when made.

49.     The plaintiffs' claims against ConocoPhillips are barred by the bulk supplier doctrine.

50.     ConocoPhillips sold their products to knowledgeable and sophisticated purchasers, and any injury alleged by plaintiffs was caused by such purchasers' failure to observe known standards of care.

51.     Any injury, damage or loss sustained by the plaintiffs was proximately caused by and/or contributed to by their own negligence, carelessness, and/or omissions.

52.     Plaintiffs' claims are barred pursuant to the learned intermediary doctrine.

53.     If any damages or injuries alleged in the complaints occurred because of leaks in the gasoline storage tanks and associated piping, ConocoPhillips are not liable for those damages and/or injuries because the gasoline storage tanks and associated piping, when manufactured and distributed, conformed to the then current state of scientific and industrial knowledge, and the tanks and associated piping were used for their intended purpose.

54.     Plaintiffs' public nuisance claims should be dismissed because there were no acts or omissions by or on behalf of any of the defendants constituting an intentional, unreasonable interference with the plaintiffs' interest in the use and enjoyment of their property.

55.     Plaintiffs' public nuisance claims must be dismissed because plaintiff has failed to allege "special damages," an absolute prerequisite to the assertion of a public nuisance claim.

56.     ConocoPhillips allege that they owed no duty of care to plaintiffs in connection with the matter alleged in the complaints.

57.     The complaints fail to plead the elements of negligence claims with sufficient clarity, specificity, and particularity.

58.     Plaintiffs' claims are barred to the extent the conduct complained of is protected by the First Amendment to the United States Constitution.

59.     The complaints and each cause of action are barred based on ConocoPhillips' valid exercise of the right of petition to the federal government, state government(s), and/or their respective deliberative bodies and agencies.

60.     Plaintiffs' claims are barred, in whole or in part, based on plaintiffs' actual or constructive notice of reported spills or releases, if any, from publicly available records.

61.     There is no legal relationship upon which any duty could possibly be owed by ConocoPhillips to any plaintiff, and therefore, plaintiffs' causes of action fail as a matter of law.

62.     The injuries and damages, if any, alleged by plaintiffs are caused in whole or in part to the presence of compounds other than MTBE (e.g., the BTEX compounds). Under plaintiffs own legal theories, ConocoPhillips is not liable for damages caused by compounds other than MTBE. In the event liability is assessed against ConocoPhillips, such liability must be reduced where, and to the extent that, other compounds — about which plaintiffs do not complain — contributed to the alleged injury.

63.     ConocoPhillips is not liable for contamination where chemical compounds other than MTBE exceed state actions levels or standards, requiring cleanup or regardless of the presence of MTBE (particularly, but not exclusively, where MTBE is present below state action levels or standards).

64.     Any injury, damage or loss sustained by the plaintiffs in connection with the subject matter of this action was not reasonably foreseeable.

65.     If it is determined that plaintiffs or anyone on whose behalf plaintiffs are allegedly suing, was injured, as set forth in the complaints, which ConocoPhillips denies, ConocoPhillips alleges that any award of damages must be reduced in proportion to the percentage of fault attributable to the plaintiffs.

66.    If it is determined that plaintiffs or anyone on whose behalf plaintiffs are allegedly suing, was injured, as set forth in the complaints, which ConocoPhillips denies, ConocoPhillips alleges that any award of damages shall be reduced in proportion to the percentage of fault attributable to third parties (including but not limited to persons or entities responsible for gasoline leaks or spills).

67.    The injuries alleged in the complaints, if any, may be reasonably apportioned among the defendants, as each defendant's alleged acts and omissions, including ConocoPhillips', is divisible and distinct. Therefore, no defendant is jointly and severally liable to plaintiffs for any claim alleged in the complaints.

68.    Plaintiffs have unreasonably failed to mitigate their damages, if any.

69.    To the extent that any party has settled or may settle in the future with plaintiffs, ConocoPhillips asserts its entitlement to an appropriate credit or reduction of any judgment(s) against it.

70.    Plaintiffs' claims for relief are barred, in whole or in part, by prior settlement(s) and release(s) reached with ConocoPhillips by applicable governmental and regulatory agencies

71.    Plaintiffs' claims for punitive damages violate the provisions of the U.S. Constitution, including but not limited to those provisions requiring due process of law and prohibiting excessive fines.

72.    Plaintiffs are public entities and/or authorities seeking compensation for alleged damages to natural resources allegedly under their jurisdiction or purview.  These public entity/authority plaintiffs have improperly delegated the power to prosecute these cases to private attorneys on a contingent fee basis.  Such delegation is against public policy.

73.     ConocoPhillips incorporates by reference any affirmative defense, whether general or specific to a specific State, alleged by other defendants in MDL 1358.

74.     The pleading of the defenses described above shall not be construed as an undertaking by ConocoPhillips of any burden which would otherwise be the responsibility of plaintiffs.

## V.     DEFENSES APPLICABLE TO PARTICULAR JURISDICTIONS

For its separate defenses to the complaints in MDL 1358 cases from particular states (for which an answer is presently required, and in which ConocoPhillips has been properly named and served), ConocoPhillips states as follows:

**CONNECTICUT**

1.     The complaints and each purported cause of action are barred by the applicable provisions of the pertinent statutes of limitations, including but not limited to, Conn. Gen. Stat. Ann. §§ 2A, 52-577, 52-777a (West 2001).

2.     Plaintiffs' product liability claims are barred because the plaintiffs' alleged harm is outside the scope of allowable product liability claims pursuant to Connecticut's Product Liability Act, as set forth in Conn. Gen. Stat. Ann §§ 52-572 (m) and 52-572(n) (West 2001).

3.     Plaintiffs' failure to warn claims are barred in whole or in part because the alleged failure to provide adequate warnings for which plaintiffs seek redress does not give rise to liability within the ambit of the Connecticut Product Liability Act, as the plaintiffs' injuries did not arise by reason of any alleged violation of adequate warnings or instructions pursuant to Conn. Gen. Stat. Ann § 52-572(q) (West 2001).

**FLORIDA**

1.      The complaints and each purported cause of action are barred by the applicable provisions of the pertinent statutes of limitations, including but not limited to, Fla. Stat. Ann. § 95.11 (West 2001).

2.      Plaintiffs' strict liability claims are barred in whole or in part by the Government Rules Defense as set forth in Fla. Stat. Ann. § 768.1256.

3.      Plaintiffs' strict liability claims are barred in whole or in part by the State-of-the Art Defense for products liability as set forth in Fla. Stat. Ann. § 768.1257.

4.      Plaintiffs' strict liability claims fail, in whole or in part, because Florida law only permits such claims when a product is used as intended.

5.      Plaintiffs' claims are barred, in whole or in part, by section 376.308(5), Florida Statutes, if they relate to any discharge or contamination eligible for restoration funding from the Inland Protection Trust Fund.

6.      Recovery is barred or must be reduced, in whole or in part, based on the doctrine of comparative negligence.

7.      Plaintiffs' claims fail, in whole or in part, based on the doctrine of *in pari delicto*.

8.      Plaintiffs' claims fail, in whole or in part, based on the doctrine of unjust enrichment.

**ILLINOIS**

1.      The complaints and each purported cause of action are barred by the applicable provisions of the pertinent statutes of limitations; including but not limited to, 735 ILCS 5/13-205.

2.      Plaintiffs' recovery is barred, in whole or in part, due to their contributory fault, pursuant to 735 ILCS 5/2-1116.

**INDIANA**

1.      The complaints and each purported cause of action are barred by the applicable provisions of the pertinent statutes of limitations, including but not limited to, Ind. Code. Ann. § 34-20-3-1.

2.      Plaintiffs' product liability design defect claims are barred, in whole or in part, because no alleged act or omission by ConocoPhillips gave rise to design defect liability pursuant to Indiana's Product Liability Act, as set forth in Ind. Code. Ann. § 34-20-2-1.

3.      Plaintiffs' product liability claims fail because ConocoPhillips had no duty to warn plaintiffs, as plaintiffs knew or should have known of the alleged danger.  Ind. Code. Ann. §§ 34-20-6-1 and 34-20-6-3.

4.      Plaintiffs' product liability claims fail because ConocoPhillips manufactured their products in conformity with generally recognized state of the art. Ind. Code. Ann. §§ 34-20-6-1 and 34-20-5-1.

5.      Any duty to warn, if one existed at all, was discharged pursuant to Ind. Code. Ann. §§ 34-20-6-1 and 34-20-6-3 because the alleged defects, if any, were open and obvious to plaintiffs.

6.      Plaintiffs voluntarily and unreasonably assumed the risk of injury, thereby relieving ConocoPhillips of liability.  Ind. Code. Ann. §§ 34-20-6-1 and 34-20-6-3.

7.      Any alleged design defect was not the proximate cause of the plaintiffs' injuries or harm.

8.      Plaintiffs' alleged injuries, if any, resulted from the misuse of the product by the plaintiffs or other persons, and such misuse was not reasonably expected by ConocoPhillips at the time that they sold or otherwise conveyed the product to the other party.  Ind. Code. Ann. § 34-20-6-4.

9.      Plaintiffs' claims for public nuisance should be dismissed because at no time did any act or omission attributable to ConocoPhillips or their products interfere with the plaintiffs' comfortable enjoyment of life or property.  Ind. Code. Ann. § 34-19-1-1.

10.     Plaintiffs have failed to state a cause of action for public nuisance because ConocoPhillips' alleged conduct is not unreasonable upon comparison of their alleged conduct with plaintiffs' competing interests.  Ind. Code. Ann. § 34-19-1-1.

11.     Plaintiffs' recovery is barred by their contributory fault, which is greater than the fault of all persons whose fault may have proximately contributed to plaintiffs' damages. Ind. Code. Ann. § 34-51-2-6.

**IOWA**

1.      The complaints and each purported cause of action are barred by the applicable provisions of the pertinent statutes of limitations, including but not limited to, Iowa Code Ann. §§ 614.1(2) and 614.1(4).

2.      Plaintiffs' recovery is barred by their contributory fault, which is greater than the fault of all persons whose fault may have proximately contributed to plaintiffs' damages. Iowa Stat. Ann. § 668.3.

3.      Recovery is barred or must be reduced, in whole or in part, based on the doctrine of comparative negligence.

4.    ConocoPhillips is not jointly and severally liable because it bears less than fifty percent of the total fault of all parties.  Iowa Stat. Ann. § 668.4.

5.    Plaintiffs assumed the risk of any alleged injury.

6.    ConocoPhillips' products "conformed to the state of the art in existence at the time." Iowa Stat. Ann. § 668.12(1).

7.    ConocoPhillips cannot be liable for failure to warn because the alleged "risks and risk-avoidance measures ... should be obvious to, or generally known by, foreseeable product users." Iowa Stat. Ann. § 668.12(3).

8.    ConocoPhillips cannot be liable because "a product bearing or accompanied by a reasonable and visible warning or instruction that is reasonably safe for use if the warning or instruction is followed shall not be deemed defective or unreasonably dangerous on the basis of failure to warn or instruct." Iowa Stat. Ann. § 668.12(4).

**KANSAS**

1.    The complaints and each purported cause of action are barred by the applicable provisions of the pertinent statutes of limitations and statutes of repose, including but not limited to, Kansas Stat. Ann. §§ 60-513, 60-3303.

2.    Plaintiffs' recovery is barred by their contributory fault, which is greater than the fault of all persons whose fault may have proximately contributed to plaintiffs' damages. Kansas Stat. Ann. § 60-258a.

3.    Recovery is barred or must be reduced, in whole or in part, based on the doctrine of comparative negligence.

4.      Recovery is barred because ConocoPhillips' products were, "at the time of manufacture, in compliance with legislative regulatory standards or administrative regulatory safety standards relating to design or performance...." Kansas Stat. Ann. § 60-3304.

5.      ConocoPhillips is not liable because they had no duty to warn, protect against or instruct "with regard to those safeguards, precautions and actions which a reasonable user or consumer of the product, with the training, experience, education and any special knowledge the user or consumer did, should or was required to possess, could and should have taken for such user or consumer or others, under all the facts and circumstances." Kansas Stat. Ann. § 60-3305(a).

6.      ConocoPhillips is not liable because they had no duty to warn "where the safeguards, precautions and actions would or should have been taken by a reasonable user or consumer of the product similarly situated exercising reasonable care, caution and procedure." Kansas Stat. Ann. § 60-3305(b).

7.      ConocoPhillips is not liable because they had no duty to warn, protect against or instruct "with regard to dangers, hazards or risks which are patent, open or obvious and which should have been realized by a reasonable user or consumer of the product." Kansas Stat. Ann. § 60-3305(c).

**LOUISIANA**

1.      The complaints and each purported cause of action are barred by the applicable provisions of the pertinent statutes of limitations, including but not limited to, LSA-C.C. Art. 3492.

2.      ConocoPhillips is not liable because "[t]he product is not dangerous to an extent beyond that which would be contemplated by the ordinary user or handler of the

product, with the ordinary knowledge common to the community as to the product's characteristics." LSA-R.S. 9:2800.57.

3.      ConocoPhillips is not liable because "[t]he user or handler of the product already knows or reasonably should be expected to know of the characteristic of the product that may cause damage and the danger of such characteristic." LSA-R.S. 9:2800.57.

4.      ConocoPhillips is not liable because they "did not know and, in light of then-existing reasonably available scientific and technological knowledge, could not have known of the design characteristic that caused the damage or the danger of such characteristic." LSA-R.S. 9:2800.59(1).

5.      ConocoPhillips is not liable because they "did not know and, in light of then-existing reasonably available scientific and technological knowledge, could not have known of the alternative design identified by the claimant under R.S. 9:2800.56(1)." LSA-R.S. 9:2800.59(2).

6.      ConocoPhillips is not liable because "[t]he alternative design identified by the claimant under R.S. 9:2800.56(1) was not feasible, in light of then-existing reasonably available scientific and technological knowledge or then-existing economic practicality." LSA-R.S. 9:2800.59(3)

7.      Punitive damages are not authorized by the Louisiana Products Liability Act. LSA-R.S. 9:2800.53(5).

8.      Attorney's fees are not recoverable under the Louisiana Products Liability Act.  LSA-R.S. 9:2800.53(5).

**MASSACHUSETTS**

1.      The complaints and each purported cause of action are barred by the applicable provisions of the pertinent statutes of limitations, including but not limited to Mass. Gen. Laws Ann. Ch. 260 § 2A.

2.      Plaintiffs' claims are barred because their negligence is greater than the alleged negligence of ConocoPhillips.  Mass. Gen. Laws Ann. Ch. 231 § 85.

**MISSOURI**

1.      Plaintiffs' causes of action are barred by the applicable provisions of the pertinent statutes of limitations, including but not limited to  Mo. Ann. Stat. §§ 516.100, 516.120 and 516.010.

2.      Plaintiffs' recovery is barred or must be reduced, in whole or in part, based on the doctrine of comparative fault.  Mo. Ann. Stat. § 537.765.

3.      Any duty to warn, if one existed at all, was discharged pursuant to Mo. Ann. Stat. § 537.760, because the alleged defects, if any, were open and obvious to Plaintiffs.

4.      Plaintiffs' product liability claims fail because ConocoPhillips had no duty to warn plaintiffs, as plaintiffs knew or should have known of the alleged danger.  Mo. Ann. Stat. § 537.760.

5.      Plaintiffs' product liability claims fail because ConocoPhillips's products were in conformity with generally recognized state of the art.  Mo. Ann. Stat. §§ 537.764 and 537.760.

6.      Plaintiffs' product liability claims fail because ConocoPhillips's products, at the time they were sold, were not in a defective condition or unreasonably dangerous when put to a reasonably anticipated use.  Mo. Ann. Stat. § 537.760.

7.     Any alleged defective condition, of ConocoPhillips's products at the time they were sold, was not the proximate cause of plaintiffs' injuries or harm.  Mo. Ann. Stat. § 537.760.

8.     Plaintiffs' alleged injuries, if any, resulted from use of the product that was not reasonably anticipated by ConocoPhillips at the time that they sold or otherwise conveyed the product.  Mo. Ann. Stat. § 537.760.

9.     Plaintiffs' recovery of punitive damages arising out of their alleged injury is limited under Mo. Ann. Stat. § 510.265.

**NEW HAMPSHIRE**

1.     The complaints and each purported cause of action are barred by the applicable provisions of the pertinent statutes of limitations, including but not limited to N.H. Rev. Stat. § 507-D:2.

2.     Plaintiffs' product liability claims are barred in whole or in part by the State-of-the-Art Defense.  N.H. Rev. Stat. § 507:8-g.

3.     ConocoPhillips' conduct does not meet the minimum requirements of culpability with respect to each material element of the alleged offenses of civil conspiracy, public nuisance, and negligence, according to the applicable provision of N.H. Rev. Stat. § 626:2, and therefore, plaintiffs' claims on these counts should be dismissed.

**NEW JERSEY**

1.     The complaints and each purported cause of action are barred by the applicable provisions of the pertinent statutes of limitations, including but not limited to, N.J. Stat. Ann. § 2A:14-2.

2.      ConocoPhillips' conduct does not meet the minimum requirements of culpability with respect to each material element of the alleged offenses of civil conspiracy, public nuisance, trespass and negligence, according to the applicable provision of N.J. Stat. Ann. § 2C:2-2, and, therefore, plaintiffs' claims on these counts should be dismissed.

3.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel.

4.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

5.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

6.      Plaintiffs' claims against ConocoPhillips are barred by the Natural Resource Damages Settlement Agreement entered into by the New Jersey Department of Environmental Protection ("NJDEP") and ConocoPhillips on November 21, 2005.

7.      Plaintiffs have released ConocoPhillips from their claims for natural resource damages and/or other damages, costs and relief sought in this action.

8.      Plaintiffs' claims against ConocoPhillips are barred by the New Jersey entire controversy doctrine, doctrine of *res judicata* and/or similar doctrines, and because of plaintiffs' failure to comply with New Jersey Court Rule 4:5-1 in prior litigations.

9.      Plaintiffs' claims are barred by the statutory defenses to liability provided by the Spill Compensation Control Act ("Spill Act") and the Water Pollution Control Act ("WPCA").

10.     ConocoPhillips did not "discharge" any hazardous substance within the meaning of the Spill Act.

11.     ConocoPhillips did not "discharge" any pollutant within the meaning of the Water Pollution Control Act.

12.     ConocoPhillips is not "in any way responsible" for any discharges of hazardous substance within the meaning of the Spill Act.

13.     The costs and damages sought by plaintiffs do not constitute "cleanup and removal costs" under the Spill Act, or they are not otherwise recoverable under the Spill Act.

14.     Plaintiffs' claims are barred by the doctrine of primary jurisdiction insofar as the NJDEP is responsible for directing and allocating responsibility for investigation and remediation of the environmental condition alleged in the complaints.

15.     Plaintiffs claims are barred because ConocoPhillips has complied with and satisfied, all applicable laws, regulations, rules, orders, directives and/or other requirements of the NJDEP and/or other state or federal agencies regarding the environmental condition alleged in the complaints.

16.     Plaintiffs' claims under the Spill Act and WPCA are barred to the extent plaintiffs seek relief for conduct occurring or damages incurred prior to the effective date of the Spill Act and/or WPCA.

17.     Plaintiffs' claims are barred, in whole or in part, by plaintiffs' failure to comply with the prerequisites to liability under the Spill Act, including without limitation plaintiffs' incurring of costs not authorized by the Spill Act and plaintiffs' failure to direct clean up and remediation operations in accordance with the National Contingency Plan to the greatest extent possible.

18.     Plaintiffs were contributorily and comparatively negligent, and therefore their claims are barred or diminished by such negligence under the Comparative Negligence Act and New Jersey common law.

19.     Plaintiffs' claims for natural resource damages are barred because the State's method of assessing natural resource damages was not adopted in a manner consistent with the Administrative Procedures Act, N.J.S.A. § 52:14B-2(e).

20.     Plaintiffs' claims are barred for their failure to use adequate and independent scientific bases to support their claims for assessment of injuries to natural resources.

21.     The damages that plaintiffs seek, if awarded, would amount to an unlawful double recovery.

22.     The damages that plaintiffs seek, if awarded, would result in unjust enrichment to plaintiffs.

23.     Plaintiffs' claims under the Spill Act are not ripe, to the extent clean up and remediation have not been completed.

24.     Plaintiffs' claims under the Spill Act are barred, in whole or in part, because the claims asserted are preempted by federal law, including, without limitation the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. § 9601 et seq.

25.     Any injury or damages suffered by plaintiffs have been increased by plaintiffs' failure to mitigate their damages, in that (1) the policies and activities of the State of New Jersey and its agencies during the period of time for which plaintiffs seek damages have caused damage to natural resources greater than that would otherwise have occurred; and (2) the State and its agencies have failed to take reasonable measures available to them to reduce damages.

26.     Plaintiffs' claims against ConocoPhillips are barred, in whole or in part, by the prior settlement with certain MDL plaintiffs in New Jersey and/or other settlements relating to the natural resource(s) at issue in this case.

27.     Plaintiffs have failed to join parties needed for the just adjudication of the plaintiffs' claims, in whose absence complete relief cannot be afforded the existing parties.

**NEW MEXICO**

1.      The complaints and each purported cause of action are barred by the applicable provisions of the pertinent statutes of limitations, including but not limited to N.M. Stat. Ann. §§ 37-1-4 and **37-1-7** (2006).

2.      Barring application of any statutory exception to the comparative fault doctrine, ConocoPhillips asserts that it may be held liable only for the amount of damages, if any, allocated in direct proportion to its percentage of fault.  N.M. Stat. Ann. § 41-3A-1

3.      Should Defendants be found liable for the manufacture and sale of a defective product, ConocoPhillips asserts that Defendants may only be held liable for the amount of damages allocated to them in direct proportion to their collective percentage of fault, taking into consideration the acts and omissions of all relevant third parties and any failure on the part of the Plaintiff to mitigate its own damages.  N.M. Stat. Ann. § 41-3A-1(C)(3)

4.      Plaintiff's trespass claim, private nuisance claim and the monetary damages portion of its common law public nuisance claim are barred to the extent Plaintiff is seeking damages to recover for MTBE contamination allegedly affecting property or wells not actually owned by the state.

5.      Plaintiff's statutory public nuisance claim fails because Defendants did not "knowingly and unlawfully introduce any object or substance into any body of public water

causing it to be offensive or dangerous for human or animal consumption or use." N.M. Stat. Ann. § 30-8-2 (2006).

6.     Plaintiff's statutory public nuisance claim fails in whole or in part because the statute does not provide for the recovery of monetary damages. N.M. Stat. Ann. § 30-8-2 (2006).

7.     Plaintiff's trespass claim fails in whole or in part to the extent Plaintiff is seeking damages to the groundwaters of the State of New Mexico because the State does not have an exclusive possessory interest in such groundwaters.

**NEW YORK**

1.     The complaints and each purported cause of action are barred by the applicable provisions of the pertinent statutes of limitations, including but not limited to, N.Y. Civ. Prac. L. & R. § 214.

2.     Plaintiffs' claims pursuant to New York General Business Law § 349 should be dismissed for failure to plead facts sufficient to show that defendants engaged in "consumer-oriented" conduct that had a broad impact on consumers at large which injured the plaintiffs as within the intended ambit of the statute.

3.     Plaintiffs' claims pursuant to New York General Business Law § 349 should be dismissed because plaintiffs are not consumers under § 349.

4.     Plaintiffs' claims pursuant to New York General Business Law § 349 should be dismissed because the alleged deceptive conduct for which the plaintiffs seek redress does not fall within the ambit of the statute, as the plaintiffs' injuries did not arise by reason of any alleged violation of GBL § 349.

5.    Plaintiffs' claims pursuant to New York General Business Law § 349 should be dismissed as compliance with the Federal Trade Commission Act, 15 U.S.C.A. § 45 is a complete defense to an action brought under GBL § 349.

6.    Plaintiffs' claims pursuant to New York General Business Law § 349 should be dismissed because any act or practice of ConocoPhillips complied with the rules and regulations of, and the statutes administered by, the Federal Trade Commission, or any official department, division, commission or agency of the United States.

7.    Plaintiffs' claims pursuant to New York General Business Law § 349 should be dismissed because ConocoPhillips did not sell petroleum products directly to consumers in New York.

8.    If ConocoPhillips is found liable for any non-economic loss allegedly suffered by plaintiffs, and such liability equals fifty percent or less of the total liability of all persons liable, and the aggregate liability of such other persons equals or exceeds fifty percent of the total liability, then, pursuant to Civil Practice Law and Rules Article 16, that ConocoPhillips' liability to plaintiffs for non-economic loss shall not exceed the ConocoPhillips' equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for such non-economic loss.

**PENNSYLVANIA**

1.    The complaints and each purported cause of action are barred by the applicable provisions of the pertinent statutes of limitations, including but not limited to, 42 Pa. Cons. Stat. Ann. § 5524.

2.    ConocoPhillips' conduct did not meet the minimum requirements of culpability with respect to each material element of the alleged offenses of civil conspiracy,

public nuisance, and negligence in order to be found liable according to the applicable provision of 18 Pa. Cons. Stat. Ann. § 302, and, therefore, plaintiffs' claims on these counts should be dismissed.

3.      Plaintiffs' claims for public nuisance are barred because at all relevant times, neither ConocoPhillips nor their products violated any orders or regulations adopted by the Pennsylvania Department of Environmental Resources.  35 Pa. Cons. Stat. Ann. § 691.503.

**VERMONT**

1.      The complaints and each purported cause of action are barred by the applicable provisions of the pertinent statutes of limitations, including but not limited to, 12 Vermont Stat. Ann. §§ 511, 512(4), 512(5).

2.      Plaintiffs' recovery is barred by their contributory fault, which is, greater than the causal total negligence of the defendant or defendants.  12 Vermont Stat. Ann. § 1036.

3.      Recovery is barred or must be reduced, in whole or in part, based on the doctrine of comparative negligence.  12 Vermont Stat. Ann. § 1036.

**VIRGINIA**

1.      The complaints and each purported cause of action are barred by the applicable provisions of the pertinent statutes of limitations, including but not limited to, Va. Code Ann. §§ 8.01-243, 8.01-248.

**WEST VIRGINIA**

1.      The complaints and each purported cause of action are barred by the applicable provisions of the pertinent statutes of limitations, including but not limited to, W. Va. Code Ann. § 55-2-12.

**WISCONSIN**

1.      The complaints and each purported cause of action are barred by the applicable provisions of the pertinent statutes of limitations, including but not limited to, Wisc. Stat. Ann. § 893.52.

2.      Plaintiffs' recovery is barred or must be reduced, in whole or in part, based on the doctrines of contributory and/or comparative fault, pursuant to Wisc. Stat. Ann. § 895.045.

3.      Plaintiffs are not entitled to medical monitoring because they either have not been exposed to MTBE or TBA, or do not have any physical manifestation of injury resulting from exposure to MTBE or TBA.  The State of Wisconsin does not allow medical monitoring claims where Plaintiffs cannot establish exposure to the substance at issue or a present physical manifestation of injury.

4.      Any subsequently alleged physical or mental injuries were caused, in whole or in part, by Plaintiffs' pre-existing medical conditions and/or occurred by operation of nature or as a result of circumstances over which ConocoPhillips had and continues to have no control.

**CALIFORNIA**

1.      The complaints and each purported cause of action are barred by the applicable provisions of the pertinent statutes of limitations, including but not limited to, California Code of Civil Procedure §§ 337, 337.1, 337.2, 337.15, 338, 340, 340.8 and California Business and Professions Code § 17208.

2.      California Civil Code §§ 1431.1 through 1431.5, commonly known as "Proposition 51," provide that the liability of each defendant for non-economic damages, if

any, shall be several only and shall not be joint, and the ConocoPhillips therefore asserts that each defendant may be held liable only for the amount of non-economic damages, if any, allocated to that defendant in direct proportion to its percentage of fault, if any.

3.      ConocoPhillips alleges that their liability, if any, for non-economic loss be pro rated according to the provisions of California Civil Code § 1431.2.

4.      The complaints and each purported cause of action are barred because Plaintiffs and/or their predecessors-in-interest and assignors are guilty of unclean hands.

5.      Plaintiffs' claims fail, in whole or in part, based on the doctrine of unjust enrichment.

6.      As to each cause of action in the complaints, ConocoPhillips alleges that the release of MTBE and/or hazardous substances, if any, and the damages resulting therefrom, if any, were caused by an act of God.

7.      The complaints and each purported cause of action are barred because they are ambiguous and uncertain.

8.      Plaintiff did not reasonably rely on any representation, disclaimer, warning, or other act or omission of ConocoPhillips.

9.      ConocoPhillips had no duty to warn plaintiff or third parties about the potential dangers, if any, of the product or products manufactured, packaged, labeled, used, applied and/or removed by said third parties.

10.     ConocoPhillips had no duty to warn because the risks of injury and damages inherent in utilizing the products described in the complaints, if any, were open, obvious, or known.

11.     Any express or implied warranties alleged by plaintiffs to have been made by ConocoPhillips, if made at all, were expressly disclaimed and excluded by product labels, pursuant to the laws of the State of California, which provided that ConocoPhillips made no warranties, express or implied, concerning the products or the use of said products that extended beyond the description on the label, and that all statements made concerning said products applied only when used as directed.

12.     Plaintiffs are sophisticated water purveyors or managers and were, at all relevant times, fully aware of the nature and risks of injury and damages described in the complaints that could arise in the operations or management of a public drinking water supply system.

13.     If there was a less dangerous alternate design, without admitting that there was and without assuming the burden of proof on this issue, ConocoPhillips did not and could not have known of such an alternate design at the time.

14.     If there was a less dangerous alternate design, without admitting that there was and without assuming the burden of proof on this issue, such an alternate design was not feasible at the time.

15.     Plaintiff and/or others modified, altered, or changed the ConocoPhillips' products or materials referred to in the complaints, if any, so that such changes in any said products or materials proximately caused plaintiffs' injuries, loss and damages, if any.

16.     If ConocoPhillips provided the products alleged to have been defective, and without admitting that it did so or that any product was defective and without assuming the burden of proof on these issues, the products were misused or abused by others without the knowledge or consent of ConocoPhillips and in a manner not reasonably foreseeable by

ConocoPhillips prior to its receipt of notice of the circumstances described in the complaints. Such misuse or abuse was the sole cause of or a contributing cause to the injuries, losses, and/or damages, if any, suffered by Plaintiffs as alleged in the Complaint, and by reason thereof, Plaintiffs are barred from recovering some or all of any damages suffered

17.     ConocoPhillips is not liable for any alleged wrongful entry upon land because plaintiffs and/or plaintiffs' predecessors in interest or assignors expressly or impliedly consented to or had knowledge of all such activities or conditions.

18.     ConocoPhillips alleges that to the extent plaintiffs are claiming damages for the cost of remediation due to plaintiffs' alleged compliance with primary or secondary drinking water standard or other regulations enacted by the State of California or any other governmental body, those claims are unconstitutional because they constitute an ex post facto application of a regulation disallowed by Art. 1, sec. 9 of the U.S. Constitution.

19.     The complaints and each purported cause of action are barred, in whole or in part, by federal and state law, including but not limited to, the Supremacy Clause of the United States Constitution, U.S. Const. art. VI, cl. 2; the Clean Air Act, 42 U.S.C. § 7401, et seq.; the Toxic Substances Control Act, 15 U.S.C. § 2601, et seq; and rules, regulations, and decisions thereunder.

20.     ConocoPhillips alleges that the maximum contaminant level or other drinking water standard, to the extent they form the bases of plaintiffs' claims against ConocoPhillips were arbitrarily and unreasonably enacted without due process and, therefore, cannot be enforced against ConocoPhillips.

21.     The complaints and each purported cause of action are barred to the extent that federal and/or California state agencies have exonerated ConocoPhillips and/or

determined that any ConocoPhillips facility did not contribute to the presence of MTBE in the relevant groundwater for which plaintiffs are asserting damages.

22.     The complaints and each purported cause of action are barred to the extent that federal and/or California state agencies have settled with and/or released ConocoPhillips from any further liability respecting the presence of MTBE in the relevant groundwater for which plaintiffs are asserting damages.

23.     The complaints and each purported cause of action are barred because plaintiffs do not own or have abandoned, lost, waived, given up, or otherwise failed to perfect any rights, including but not limited to use rights related to any water that is the subject of the complaints.  Plaintiffs' claims are also barred because under California law, the water that is the subject of the complaints is the property of the State of California, not of plaintiffs.

24.     The complaints and each purported cause of action are barred to the extent that such claims have been satisfied by payments or provision of alternate water supplies by ConocoPhillips, defendants, or third parties.

25.     The complaints and each purported cause of action are barred to the extent that plaintiffs have assigned rights and claims for certain damages and other relief, if any, to ConocoPhillips, other defendants, or third parties.

26.     If plaintiffs sustained any injury under the circumstances alleged in the complaints or in any other respect, their recovery against ConocoPhillips, if any, is barred by the alleged conduct and conditions resulted from a necessity.

27.     Plaintiffs' claims for trespass are barred because the ConocoPhillips are immune to liability for plaintiffs' damages, if any, caused by earth movement.

28.     Plaintiffs' claims are barred, in whole or in part, as the result of their own knowing or negligent conduct that caused or contributed to MTBE and/or TBA contamination giving rise to these claims.

29.     Plaintiffs' claims for violations of California Proposition 65 are barred because MTBE and/or TBA are not listed on any published list of chemicals referenced in California Proposition 65.

30.     The complaints fail to plead the elements of fraud claims with sufficient clarity, specificity, and particularity.

31.     Plaintiffs' claims for violations of California Bus. & Prof. Code § 17200 *et seq.* (unfair competition) are barred by the provisions of California Proposition 64.

*          *          *

For each State described above, ConocoPhillips incorporate by reference any affirmative defense, whether general or specific to another State, alleged herein or by other defendants in MDL 1358.

The pleading of the defenses described above shall not be construed as an undertaking by ConocoPhillips of any burden which would otherwise be the responsibility of plaintiffs.

## VI.   JURY DEMAND

ConocoPhillips demand a jury trial on all claims so triable.

WHEREFORE, ConocoPhillips requests entry of judgment dismissing the complaints with prejudice, and awarding ConocoPhillips costs and attorneys' fees, and such other relief as the Court may deem just and proper.

Dated:      January 28, 2011                             Respectfully submitted,

                                                          John Lyons
                                                          Alan Kraus
                                                          LATHAM & WATKINS LLP
                                                          885 Third Avenue, Suite 1000
                                                          New York, NY  10022
                                                          Phone:  (212) 906-1200
                                                          Facsimile:  (212) 751-4864

                                                          *Counsel for ConocoPhillips Company*

## CERTIFICATE OF SERVICE

I certify that on January 28, 2011, I caused a true and correct copy of the foregoing document to be served electronically on all counsel of record and on Plaintiff's counsel by electronic filing via LexisNexis File and Serve.

Paul A. Rosenthal