USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/31/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation | Master File No. 1:00-1898<br>MDL No. 1358 (SAS)<br>M21-88 |
| This Document Relates To:<br><br>Orange County Water District v. Atlantic Richfield Co., et al.<br>(Case No. 04-4968) | [PROPOSED] ORDER DETERMINING GOOD FAITH SETTLEMENT |

Upon consideration of 7-Eleven, Inc.'s Motion for Order Determining Good Faith Settlement, the Memorandum of Points and Authorities submitted in support thereof, the accompanying Declarations, exhibits, and other evidence, including the Settlement Agreement and Release ("Settlement Agreement"), all of the pleadings, filings, and proceedings in this case and in MDL 1358, and any arguments of counsel at any hearing on 7-Eleven's motion, the Court hereby makes the findings and enters the Orders as follows:

1. This Court has jurisdiction over this case and the determination of this motion on the good faith nature of the Settlement Agreement.

2. The laws of the State of California apply to the state law claims subject to this motion. There are no federal claims currently at issue giving rise to contribution or equitable indemnity claims.

3. The settlement negotiations involved in the negotiation of the Settlement Agreement were fair and conducted at arm's length.

4. The Settlement Agreement, as applied to the Plaintiff captioned above, was negotiated in good faith by competent counsel for both Plaintiff and 7-Eleven.

There is no evidence of bath faith, fraud, collusion, or an intent to unfairly impact the rights of other defendants, former defendants, prior settling defendants, or others. There are no provisions in the Settlement Agreement or any of its exhibits that unfairly impact or interfere with the ability of any persons who have not settled with Plaintiff to litigate their positions or settle with Plaintiff in the future.

5. The Settlement Agreement was made in good faith within the meaning of California Code of Civil Procedure §877 and §877.6, as well as case law interpreting those sections, including *Tech-Bilt, Inc. v. Woodward-Clyde & Assoc.*, 38 Cal. 3d 488 (1985), entitling 7-Eleven to protection from contribution and equitable indemnity claims as provided by law.

6. The Settlement Agreement is a comprehensive resolution of the claims between Plaintiff and 7-Eleven and provides cash payment to Plaintiff. There are no firm guidelines that define whether the amount of a settlement is reasonable or grossly disproportionate. The law requires only that the settlement consideration be "in the ballpark," with any party challenging a settlement having the burden of establishing that it is so far "out of the ballpark" that the equitable objectives of Section 877 are not satisfied. *Tech-Bilt*, 38 Cal. 3d at 500. Here, the settlement consideration reflected in the Settlement Agreement is unquestionably "in the ballpark." Thus, the Settlement Agreement is a reasonable settlement.

7. Furthermore, the Settlement Agreement was made in good faith within the meaning of federal precedent. *See Sabater v. Lead Indus. Ass'n, Inc.*, No. 00 CIV. 8026, 2001 WL 1111505, at *5 (S.D.N.Y. Sept. 21, 2001).

— 3 —

8. Any current or future action or claim for contribution or equitable indemnity by any person, including any defendant, cross-complainant, former defendant, and/or former cross-complainant to this case, are barred in their entirety as to 7-Eleven and the Released Parties as defined in the Settlement Agreement and its exhibits.

9. Pursuant to Federal Rule of Civil Procedure 54(b), the Court determines that there is no just cause for delay and expressly DIRECTS the ENTRY OF JUDGMENT on the issue of the determination that the Settlement Agreement is a good faith settlement under California law and that 7-Eleven is protected from joint tortfeasor claims as set forth above.

New York, New York

Dated: \_\_\_JAN   19\_\_\_, 2011

SO ORDERED:

_____
The Honorable Shira A. Scheindlin