# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **In re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation** | MDL No. 1358 (SAS)<br><br>CITGO PETROLEUM CORPORATION'S ANSWERS AND OBJECTIONS TO PLAINTIFF ORANGE COUNTY WATER DISTRICT'S THIRD SET OF INTERROGATORIES TO DEFENDANTS |
| **This Document Relates To:**<br><br>*Orange County Water District v. Unocal Corp., et al.*<br>04 Civ. 4968 (SAS) | |

       CITGO Petroleum Corporation ("CITGO"), by and through its attorneys, makes the following Answers and Objections to Plaintiff Orange County Water District's Third Set of Interrogatories to Defendants as follows:

### GENERAL OBJECTIONS

       1.    CITGO objects to these Interrogatories to the extent that they deviate from or purport to impose obligations upon CITGO beyond those authorized by the Federal Rules of Civil Procedure, the Local Civil Rules of this Court, or Orders of this Court.

       2.    CITGO objects to these Interrogatories to the extent that they seek information covered by the attorney-client privilege, the work product doctrine, the joint defense privilege or any other applicable privilege or immunity. None of these answers are intended as, or should be construed as, a waiver or relinquishment of any part of the protections afforded by any privilege. Notwithstanding this General Objection, CITGO has not withheld information sought by these Interrogatories on the grounds of any privilege or immunity.

       3.    CITGO objects to these Interrogatories on the grounds that they are overly broad, unduly burdensome and seek the disclosure of information that is not relevant to the claim or

defense of any party and are not reasonably calculated to lead to the discovery of admissible evidence.

4.  CITGO objects to these Interrogatories to the extent they seek information that does not pertain to or is beyond that in the possession, custody, or control of CITGO.

5.  CITGO objects to these Interrogatories to the extent they seek information relating to events prior to 1986, on the grounds that such Interrogatories conflict with this Court's directives in Case Management Order No. 4.

6.  CITGO objects to these Interrogatories to the extent they seek information relating to events after December 31, 2003, on the grounds that such requests are overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence as MTBE was phased out of gasoline in California no later than this date.

7.  CITGO objects to Plaintiff's Interrogatories to the extent they contain or are predicated upon legal or factual assumptions that are not correct.

8.  CITGO objects to Plaintiff's definitions of "YOU" and "YOUR" as overly broad and unduly burdensome in that they purport to include all of CITGO's affiliates, subsidiaries, predecessors, agents or employees over a 29-year period.

9.  CITGO objects to Plaintiff's definition of "RELEVANT GEOGRAPHIC AREA" as vague, ambiguous, and overly broad. CITGO further objects to the Interrogatories as overly broad and unduly burdensome to the extent that they seek information that is not associated with the Focus Plume service stations identified in OCWD's April 30, 2007 letter and Defendants' May 23, 2007 letter (the "Focus Plumes").

10. CITGO objects to these Interrogatories to the extent they seek production of confidential, non-public business information, financial data, proprietary knowledge or trade

secrets. CITGO will produce non-privileged, responsive information pursuant to the protective order entered by the Court appropriately limiting its control, use, and disposition.

11. The information that CITGO has provided in response to these Interrogatories is provided solely for the purpose of this action. Such information is subject to all objections regarding relevance, authenticity, materiality, propriety and admissibility and any other objections that would require exclusion of the information, if such information were offered as evidence at trial, all of which objections are hereby expressly reserved and may be interposed at the time of trial.

12. CITGO's decision to provide information notwithstanding the objectionable nature of any of the Interrogatories should not be construed as a stipulation that the information is relevant, a waiver of CITGO's general or specific objections or an agreement that requests for similar discovery will be treated in a similar manner.

13. CITGO reserves the right to amend or supplement these responses.

14. These General Objections apply to each Interrogatory as though restated in full therein.

## PRELIMINARY STATEMENT

This Preliminary Statement is intended to provide context for CITGO's responses to these discovery requests. CITGO came into existence on March 18, 1983. It is a refiner of motor fuels and other petroleum products. In general, CITGO sells motor fuels to independent marketers and other entities that are authorized to resell the products under CITGO's trademarks and trade names. CITGO does not currently own, operate or control retail stations at which gasoline is sold, and has not done so historically except in limited situations. Specifically with respect to Orange County, California, CITGO has not owned or operated any service stations or

any underground storage tank systems located at any service stations between 1986 and the present. Nor has CITGO owned, operated or leased any terminals or bulk storage facilities in Orange County during that same time period. Finally, CITGO has not manufactured any gasoline that was supplied to Orange County, California.

### SPECIFIC OBJECTIONS AND RESPONSES

CITGO incorporates its Preliminary Statement and further responds to Plaintiff's Interrogatories as follows, subject to the objections stated therein and the General Objections set forth above:

### INTERROGATORY NO. 1

IDENTIFY the address of each gasoline station that YOU own or owned within the RELEVANT GEOGRAPHIC AREA since 1979.

    a.  State the dates of ownership for each station YOU identified.

**ANSWER:** CITGO incorporates its General Objections. Subject to and without waiving its objections, CITGO states that it has not owned, operated, or leased gasoline stations in Orange County, California between 1986 and the present.

### INTERROGATORY NO. 2

IDENTIFY the address of all gasoline stations that YOU operate or operated within the RELEVANT GEOGRAPHIC AREA since 1979.

    a.  State the dates of operation for each station YOU identified.

**ANSWER:** CITGO incorporates its Response to Interrogatory No. 1.

### INTERROGATORY NO. 3

IDENTIFY the address of all gasoline stations that YOU lease or have leased within the RELEVANT GEOGRAPHIC AREA since 1979.

    a.  State the lease dates for each station YOU identified.

**ANSWER:** CITGO incorporates its Response to Interrogatory No. 1.

**INTERROGATORY NO. 4**

IDENTIFY the address of all gasoline stations with which YOU have or have had a retail supply contract within the RELEVANT GEOGRAPHIC AREA since 1979.

    a. State the retail supply contract dates for each station YOU identified.

**ANSWER:** CITGO incorporates its General Objections. CITGO further objects that this request is overly broad and unduly burdensome, and objects that the term "retail supply contract" is vague and ambiguous. Subject to and without waiving its objections, CITGO states that it did not have supply contracts for the supply of gasoline with individual retail gasoline stations in Orange County between 1986 and the present.

**INTERROGATORY NO. 5**

IDENTIFY all jobbers, franchisees and/or distributors to whom YOU supplied MTBE gasoline within the RELEVANT GEOGRAPHIC AREA since 1979.

    a. State the dates that YOU supplied MTBE gasoline to each jobber, franchisee, and/or distributor that YOU identified.

**ANSWER:** CITGO incorporates its General Objections. CITGO further objects that this request is overly broad and unduly burdensome. Subject to and without waiving its objections, CITGO states that, between 1986 and 2002, CITGO sold gasoline products, including gasoline that may have contained MTBE, to 7-Eleven for use by 7-Eleven at its retail locations. CITGO purchased these gasoline products from suppliers in California and arranged for the gasoline to be delivered by third-party carriers to 7-Eleven's retail locations. CITGO did not own or operate the 7-Eleven retail locations to which gasoline was supplied. All gasoline supplied was manufactured by entities other than CITGO.

**INTERROGATORY NO. 6**

IDENTIFY each refinery that YOU own or owned which provided MTBE gasoline to the RELEVANT GEOGRAPHIC AREA since 1979.

    a. State the dates of ownership for each refinery YOU identified;

5

    b. State the dates that YOU added MTBE to gasoline manufactured by each refinery YOU identified;

    c. IDENTIFY each entity which supplied MTBE to each refinery YOU identified.

**ANSWER:** CITGO incorporates its General Objections. Subject to and without waiving its objections, CITGO states none.

## INTERROGATORY NO. 7

IDENTIFY each terminal that YOU own or owned which served the RELEVANT GEOGRAPHIC AREA since 1979.

    a. State the dates of ownership for each terminal YOU identified;

    b. IDENTIFY all Exchange and/or Throughput Partners for each terminal YOU identified;

    c. IDENTIFY each pipeline used to supply gasoline for each terminal YOU identified.

**ANSWER:** CITGO incorporates its General Objections, and further states that the term "served" is vague and ambiguous. Subject to and without waiving its objections, CITGO states it has owned no terminals that were used to supply service stations associated with the Focus Plumes.

## INTERROGATORY NO. 8

IDENTIFY each terminal at which YOU have or had a position which served the RELEVANT GEOGRAPHIC AREA since 1979.

    a. State the dates during which YOU maintained a position for each terminal YOU identified.

**ANSWER:** CITGO incorporates its General Objections, and objects on the grounds that the terms "position" and "served" are vague, ambiguous and unintelligible in that they fail to describe with specificity or reasonable particularity the information requested. Subject to and without waiving its objections, CITGO states that it has neither owned nor operated terminals that were used to supply service stations associated with the Focus Plumes.

6

**INTERROGATORY NO. 9**

IDENTIFY the terminals at which YOU have or had the right to use gasoline loading racks which served the RELEVANT GEOGRAPHIC AREA since 1979.

a. State the dates of [*sic*] during which YOU have or had the right to use gasoline loading racks for each terminal YOU identified.

**ANSWER:** CITGO incorporates its General Objections. CITGO further objects on the grounds that this request is overly broad and that the phrase "right to use" and the term "served" are vague and ambiguous. Subject to and without waiving its objections, CITGO states that it did not supply, through terminals or otherwise, gasoline to the service stations associated with the Focus Plumes.

**INTERROGATORY NO. 10**

State the annual total volume of MTBE-containing gasoline which YOU supplied, sold, marketed or distributed within the RELEVANT GEOGRAPHIC AREA from 1979 to the present.

**ANSWER:** CITGO incorporates its General Objections. CITGO further objects on the grounds that the request is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. CITGO also objects that the phrase "MTBE-containing gasoline" is vague and ambiguous. Subject to and without waiving its objections, CITGO states that it did not supply gasoline to any service station associated with the Focus Plumes.

**INTERROGATORY NO. 11**

For each year from 1986 to 2003, state the annual volume, in U.S. gallons, of MTBE gasoline that YOU produced in the United States that YOU provided to common carrier pipelines which served the RELEVANT GEOGRAPHIC AREA.

**ANSWER:** CITGO incorporates its General Objections. Subject to and without waiving its objections, CITGO states none.

**INTERROGATORY NO. 12**

IDENTIFY the address of each gasoline station that YOU own or owned within the underground storage tanks within the RELEVANT GEOGRAPHIC AREA since 1979.

a. State the dates of ownership for each station YOU identified.

**ANSWER:** CITGO incorporates its General Objections. Subject to and without waiving its objections, CITGO states none.

Dated: November 7, 2008                              CITGO Petroleum Corporation

                                                     By: _____
                                                              Its Attorneys

Nathan P. Eimer (New York Bar No. 1976067)
Pamela R. Hanebutt
Lisa S. Meyer
EIMER STAHL KLEVORN & SOLBERG LLP
224 S. Michigan Ave., Suite 1100
Chicago, IL 60604
312-660-7600
312-692-1718 (Fax)

Case 1:00-cv-01898-VSB-VF   Document 3288-1   Filed 02/17/11   Page 10 of 11

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on November 7, 2008, CITGO PETROLEUM CORPORATION'S ANSWERS AND OBJECTIONS TO PLAINTIFF ORANGE COUNTY WATER DISTRICT'S THIRD SET OF INTERROGATORIES TO DEFENDANTS was served electronically via LexisNexis File and Serve.

_____
Lisa L. Meyer

## VERIFICATION OF CITGO PETROLEUM CORPORATION'S ANSWERS AND OBJECTIONS TO PLAINTIFF ORANGE COUNTY WATER DISTRICT'S THIRD SET OF INTERROGATORIES TO DEFENDANTS

I, Steven M. Fuller, Manager, Product Exchange and Terminal Services, CITGO Petroleum Corporation ("CITGO"), am authorized to make this Verification for and on its behalf.

I have read the foregoing CITGO PETROLEUM CORPORATION'S ANSWERS AND OBJECTIONS TO PLAINTIFF ORANGE COUNTY WATER DISTRICT'S THIRD SET OF INTERROGATORIES TO DEFENDANTS, which was prepared with assistance of employees and representatives of CITGO and legal counsel upon which I have relied in making this Verification. Based upon the matters that are known to me, and the matters that have been made known to me for purposes of making this Verification, I state that I am informed and believe that the matters stated in the foregoing Answers are true and correct.

I verify under penalty of perjury that the foregoing is true and correct. Executed on 11/10, 2008.

_____
Steven M. Fuller

Signed and sworn to before this
this 10 day of November, 2008.

_____
Notary Public

My Commission expires: 01/04/2010



ESTHER MURILLO
Notary Public, State of Texas
My Commission Expires
January 04, 2010