UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

In re:  Methyl Tertiary Butyl Ether ("MTBE")
Products Liability Litigation

---

**This Document Relates To:**

*Orange County Water District v. Unocal Corp.*,
*et al.*
Case No. 04 Civ. 4968 (SAS)

Master File No. 1:00-1898
MDL No. 1358 (SAS)
M21-88

---

### DEFENDANT CITGO PETROLEUM CORPORATION'S SUR-REPLY IN SUPPORT OF ITS OBJECTION TO DEFENDANT 7-ELEVEN, INC.'S MOTION FOR ORDER DETERMINING GOOD FAITH SETTLEMENT

Defendant CITGO Petroleum Corporation ("CITGO") objected to Defendant 7-Eleven, Inc.'s Motion for Order Determining Good Faith Settlement on the grounds that 7-Eleven, Inc. ("7-Eleven") failed to provide any specific information regarding plaintiff Orange County Water District's (the "District") total estimated damages or 7-Eleven's own percentage of liability. Instead of squarely addressing CITGO's objections and explaining the basis for the settlement, 7-Eleven and the District try to sidestep them by raising new and unmeritorious arguments that obscure the issues involved in the good faith determination.

First, neither 7-Eleven nor the District makes any attempt to estimate the District's total recovery or its damages — information that is required to determine if the settlement is "in the ballpark" of 7-Eleven's proportionate share of liability. *See Tech-Bilt, Inc. v. Woodward-Clyde*, 698 P.2d 159, 166 (Cal. 1985) (settlement amount must not be "so far 'out of the ballpark'"); *see also* CITGO's Objection to Def. 7-Eleven, Inc.'s Mot. for Order Determining Good Faith Settlement at pp. 8-10.  They instead assert that the type of information used to evaluate prior

MTBE settlements is irrelevant to this request for a good faith determination because the District's claims are "based upon . . . contamination of the aquifer caused by MTBE contamination that has migrated off-site" rather than impacts to particular drinking water wells. Pl. Orange County Water Dist.'s Response to CITGO's Opp. to Good Faith Mot. at p. 1.  This argument still does not explain the basis for the settlement and leaves the record even more inscrutable than before.  If damages are based on injury to the aquifer, why does the declaration now submitted by the District address only remedial activities to be conducted at the 7-Eleven stations?  It is impossible for CITGO, the Court or anyone else to determine if 7-Eleven's settlement is "in the ballpark" when it is completely unclear what ballpark the parties even purport to be in.  The scant information that has now been provided in support of the settlement relates entirely to possible remediation activities at 7-Eleven retail locations.  Those costs appear to be wholly unrelated to the District's claim here that it is seeking to recover for damage to the aquifer.  There has not been one shred of information submitted regarding claimed damages to the aquifer or to what extent and in what proportion the releases from the 7-Eleven stations (the only possible source of CITGO's liability in this action) are responsible.  Claiming the District's damages are based on damage to the aquifer does not help either 7-Eleven or the District support this settlement, but emphasizes even more the deficiencies in 7-Eleven's submission.

Second, in response to CITGO's objection, the District now offers a short declaration regarding station cleanup costs from a hydrogeologist who claims to have "reviewed files containing information regarding each of the 7-11 [sic] stations in the District's service area with a confirmed release of MTBE."  *See* Decl. of David Bolin in Support of Def. 7-Eleven, Inc.'s Mot. for Order Determining Good Faith Settlement, ¶ 3.  Plaintiff has refused, however, to provide CITGO with the materials that were reviewed.  *See* March 4, 2011 Ltr. from P. Hanebutt

to M. Axline (attached as Ex. A); March 4, 2011 Ltr. from M. Axline to P. Hanebutt (attached as Ex. B).  7-Eleven and the District cannot both claim that CITGO has all the information it needs to evaluate the settlement and simultaneously deny it the very information the District's affiant uses to justify the settlement.

Finally, both 7-Eleven and the District try to evade the issue of their unsupported settlement by attempting to distinguish CITGO's potential liability in this case from that of 7-Eleven by casting 7-Eleven simply as a retailer, not a refiner or distributor-defendant.  These arguments are misleading.  7-Eleven owned all or part of CITGO during much of the relevant time period, including the point in time that the decision was made for CITGO to blend MTBE into gasoline and build an MTBE unit.  Indeed, many of the employees at CITGO responsible for the supply of 7-Eleven were put into CITGO by 7-Eleven, or were hired away from CITGO to 7-Eleven and 7-Eleven had the right to control the content of gasoline supplied to it by CITGO. Plaintiff's argument now that CITGO's potential liability is greater than 7-Eleven's based on supposed liability as a distributor or on a theory of failure to warn is entirely without merit.

For the foregoing reasons and the reasons stated in its objection to 7-Eleven's motion, CITGO respectfully requests that 7-Eleven's motion for good faith determination be denied.

Dated:  March 7, 2011                    CITGO PETROLEUM CORPORATION

By:  _____/s Pamela R. Hanebutt_____

Nathan P. Eimer
   (neimer@eimerstahl.com)
    (New York Bar No. 1976067)
Pamela R. Hanebutt
   (phanebutt@eimerstahl.com)
   (admitted *pro hac vice*)
Lisa S. Meyer
   (lmeyer@eimerstahl.com)
   (admitted *pro hac vice*)

3

EIMER STAHL KLEVORN & SOLBERG LLP
224 S. Michigan Ave., Suite 1100
Chicago, IL 60604
312-660-7600
312-692-1718 (Fax)

*Attorneys for CITGO Petroleum Corporation*

## **CERTIFICATE OF SERVICE**

      The undersigned, an attorney, hereby certifies that on this 10th day of March, 2011, a copy of the foregoing DEFENDANT CITGO PETROLEUM CORPORATION'S SUR-REPLY IN SUPPORT OF ITS OBJECTION TO DEFENDANT 7-ELEVEN, INC.'S MOTION FOR ORDER DETERMINING GOOD FAITH SETTLEMENT was served upon all parties of record via LexisNexis File and Serve.

                                                         /s Ameri R. Klafeta

# EXHIBIT A

**EimerStahl**

Eimer Stahl Klevorn & Solberg LLP
224 South Michigan Avenue, Suite 1100
Chicago, Illinois 60604-2516
Tel 312 660 7600   Fax 312 692 1718

Pamela R. Hanebutt

(312) 660-7625
phanebutt@eimerstahl.com

March 4, 2011

***VIA E-MAIL AND LNFS***

Michael D. Axline
Miller, Axline & Sawyer
1050 Fulton Avenue, Suite 100
Sacramento, CA 95825-4272

    Re:    *Orange County Water District v Unocal Corp. et al.*, No. 04 Civ. 4968 (SAS)

Dear Mike:

    Please immediately produce, or identify by Bates number if already produced, the following documents reviewed by and referenced in the Declaration of David Bolin in support of Defendant 7-Eleven Inc.'s Motion for Order Determining Good Faith Settlement (dated March 3, 2011): "I have also reviewed files containing information regarding each of the 7-11 stations in the District's service area with a confirmed release of MTBE."

                                 Sincerely,

                                 Pam

                                 Pamela R. Hanebutt

PRH:sms
cc:    All Counsel of Record via LNFS

# EXHIBIT B



Law Offices of
# MILLER, AXLINE & SAWYER
A Professional Corporation

| | |
|---|---|
| DUANE C. MILLER<br>MICHAEL AXLINE<br>A. CURTIS SAWYER, JR. | TRACEY L. O'REILLY<br>TAMARIN E. AUSTIN<br>EVAN EICKMEYER<br>DANIEL BOONE<br>JUSTIN MASSEY<br>MICHAEL STEEVES |

Mar 4 2011
2:25PM

March 4, 2011

**VIA EMAIL AND LNF&S**

Pamela R. Hanebutt
Eimer Stahl Klevorn & Solberg LLP
224 South Michigan Avenue, Suite 1100
Chicago, Illinois 60604

Re:   *Orange County Water District v. Unocal, et al.*
       **7-Eleven Sites**

Dear Pam:

As you know, the 7-Eleven sites are not involved in the focus plumes and therefore have not been the subject of discovery to date. The files for these sites are publically available at the Regional Water Quality Control Board and may be obtained by CITGO in the same manner that they were obtained by Mr. Bolin. If you would like to access the files online, you can do so by going to geotracker@swrcb.ca.gov.

Sincerely,

Michael Axline

cc:   All counsel via LexisNexis

1050 Fulton Avenue, Suite 100, Sacramento, CA 95825-4225; Telephone: (916) 488-6688
Facsimile: (916) 488-4288; Email: toxictorts@toxictorts.org