UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: Methyl *tertiary* Butyl Ether ("MtBE") Products Liability Litigation | Master File No. 1:00-1898 MDL No. 1358 (SAS) |
| This Document Relates To: Orange County Water District v. Unocal Corporation, et al., Case No. 04 Civ. 4968 (SAS) | |

# DEFENDANTS' OBJECTIONS TO PLAINTIFF'S SUMMARY JUDGMENT EVIDENCE

The Orange County Water District's (the "District") Motion for Partial Summary Judgment on Liability (the "Motion") relies heavily on legally objectionable and otherwise improper evidence. Defendants object and move to strike such evidence, pursuant to Federal of Civil Procedure 56(c)(2), as follows.

## I.    Defendants' Objection to Exhibit 1

Exhibit 1 to the Axline Declaration is a purported copy of board meeting minutes for the District's Board of Directors. Defendants object to and move to strike Exhibit 1 on the following grounds:

- **Improper authentication**: Mr. Axline does not have the required personal knowledge to authenticate these purported meeting minutes. *See* FED. R. CIV. P. 56(c)(4); *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 643 (1988) (stating that Rule 56 "requires a motion for summary judgment to be supported by affidavits based on personal knowledge"); FED. R. EVID. 902. Mr. Axline states that he is an attorney in this litigation and that he has been involved "in much of the discovery and pretrial proceedings in this action." This description does not indicate that Mr. Axline has sufficient personal knowledge to authenticate that the meeting minutes are true and correct. Nor is this a self-authenticating document. *Id.*

Because it is not admissible, Defendants object to and request that the Court strike Exhibit 1 to the Axline Declaration.

## II.   Defendants' Objections to Exhibit 2

Exhibit 2 is an excerpt from the District's Responses to Certain Defendants' Requests for Production. Defendants object and move to strike Exhibit 2 attached to the Axline Declaration on the following grounds:

- **Improper summary judgment evidence**: The District may not use its own *unverified* responses to Defendants' requests for production as summary judgment evidence. This is self-serving and improper. Indeed, even if these were verified interrogatories, they still would not be competent evidence. *See Lobel v. American Airlines*, 192 F.2d 217, 221 (2d Cir. 1951) (allowing plaintiff to read its own interrogatory responses into evidence at trial was error).

- **Lack of personal knowledge**: Even if Exhibit 2 were proper summary judgment evidence, it is not based on personal knowledge. There is simply no indication who prepared these responses or what their personal knowledge was. And if discovery responses submitted as summary judgment evidence "are not based on personal knowledge, such answers have no probative force." *Schwartz v. Compagnie Gen. Transatlantique*, 405 F.2d 270, 273 (2d Cir. 1968). *See also* FED. R. EVID. 602. Here there is no indication that the District's responses to Defendants' requests for production are based on any individual's personal knowledge, let alone Mr. Axline's.

- **Hearsay**: The District attempts to use Exhibit 2—its own discovery responses—to prove the truth of the matter contained in that document; specifically, that the District retained environmental consultants. This is hearsay under the Federal Rules of Evidence and is inadmissible. *See* FED. R. EVID. 802.

Because it is inadmissible for the foregoing reasons, Defendants object to and request that the Court strike Exhibit 2 to the Axline Declaration.

### III. Defendants' Objections to Exhibits 4, 6, 9, 11, 15, 19, 21, and 26 (the "Hargis Exhibits")

The Hargis exhibits are excerpts from Site Summaries prepared by Hargis & Associates for certain Arco, Chevron, Mobil, Shell, Texaco, and Unocal sites at issue in the District's Motion (the "Hargis Sites"). Defendants object to and move to strike the Hargis Exhibits on the following grounds:

- **Improper expert testimony**: The Hargis Exhibits contain what appears to be expert opinion regarding the "key issues" at the Hargis Sites. But there is no evidence submitted on the Hargis Exhibits regarding the authors' environmental expert qualifications. *See* FED. R. EVID. 702. For that matter, the Hargis Exhibits do not even list an author. And expert discovery has not yet commenced. Defendants object to the reliance on expert testimony before they have had the opportunity to depose the District's experts.

- **Requirement of Original**. The Hargis Exhibits are summaries of other documents Hargis reviewed—indeed the first page of each summary notes the date of the last document reviewed. The summaries therefore violate Federal Rule of Evidence 1002, which requires the original to prove the content of a writing. FED. R. EVID. 1002.

- **Improper authentication**: Mr. Axline does not have the required personal knowledge to authenticate the Hargis Exhibits. *See* FED. R. CIV. P. 56(c)(4);

2

*Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 643 (1988) (stating that Rule 56 "requires a motion for summary judgment to be supported by affidavits based on personal knowledge"); FED. R. EVID. 902. Mr. Axline states that he is an attorney in this litigation and that he has been involved "in much of the discovery and pretrial proceedings in this action." This does not establish why Mr. Axline is able to testify that the contents of an expert report are true and correct.

- **Hearsay**: To the extent the District is offering the Hargis Exhibits to establish the facts therein, they are impermissible hearsay. *See* FED. R. EVID. 802.

Because they are inadmissible for the foregoing reasons, Defendants object to and request that the Court strike Exhibits 4, 6, 9, 11, 15, 19, 21, and 26 to the Axline Declaration.

## IV.     Defendants' Objections to Exhibit 7

Exhibit 7 is a purported copy of an indemnity agreement between Chevron U.S.A. Inc. and G&M Oil Co., LLC. Defendants object to and move to strike Exhibit 7 to the Axline Declaration on the following grounds:

- **Authentication**: Mr. Axline does not have the required personal knowledge to authenticate the attached agreement. *See* FED. R. CIV. P. 56(c)(4); *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 643 (1988) (stating that Rule 56 "requires a motion for summary judgment to be supported by affidavits based on personal knowledge"); FED. R. EVID. 902. Mr. Axline states that he is an attorney in this litigation and that he has been involved "in much of the discovery and pretrial proceedings in this action." This is not a sufficient basis for Mr. Axline to authenticate an agreement between two other parties to this litigation. Indeed, there is no indication from where this document came.

- **Hearsay**: Exhibit 7 is inadmissible hearsay. Specifically, the District offers Exhibit 7 to establish that Defendants Chevron U.S.A. Inc. and G&M Oil Co., LLC entered into an environmental indemnity agreement. *See* FED. R. EVID. 802.

Because it is inadmissible for the foregoing reasons, Defendants object to and request that the Court strike Exhibit 7 to the Axline Declaration.

3

## V. Defendants' Objections to Exhibits 13, 17, 23, 29, 32, & 34 ("Komex Exhibits")

The Komex Exhibits are excerpts from Site Summaries prepared by Komex for Mobil #18-JMY, Shell #652, 76 Station #5226, Unocal #5123, G&M Oil No. 4, and G&M Oil No. 24. Defendants object to and move to strike the Komex Exhibits on the following grounds:

- **Improper expert testimony**: The Komex Exhibits contain what appears to be expert opinion regarding these sites. There is no evidence submitted on the Komex Exhibits regarding the authors' environmental expert qualifications. *See* FED. R. EVID. 702. For that matter, the Komex Exhibits do not even list an author. And expert discovery has not yet commenced. Defendants object to the reliance on expert testimony before they have had the opportunity to depose the District's experts.

- **Requirement of Original**. The Komex Exhibits are summaries of other documents Komex reviewed—indeed the first page of each summary notes the date of the last document reviewed. The summaries therefore violate Federal Rule of Evidence 1002, which requires the original to prove the content of a writing. FED. R. EVID. 1002.

- **Authentication**: Mr. Axline does not have the required personal knowledge to authenticate the Komex Exhibits. *See* FED. R. CIV. P. 56(c)(4); *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 643 (1988) (stating that Rule 56 "requires a motion for summary judgment to be supported by affidavits based on personal knowledge"); FED. R. EVID. 902. Mr. Axline states that he is an attorney in this litigation and that he has been involved "in much of the discovery and pretrial proceedings in this action." This does not establish why Mr. Axline is able to testify that the contents of an expert report are true and correct.

- **Hearsay**: To the extent the District is offering the Komex Exhibits to establish the facts therein, they are impermissible hearsay. *See* FED. R. EVID. 802.

Because they are inadmissible for the foregoing reasons, Defendants object to and request that the Court strike Exhibits 13, 17, 23, 29, 32, and 34 to the Axline Declaration.

4

Respectfully submitted,

*/s/ Jennifer Allen*

Charles C. Correll, Jr.
King & Spalding LLP
101 Second Street, Suite 2300
San Francisco, CA 94105
Telephone: (415) 318-1200
Facsimile: (415) 318-1300

Jeremiah J. Anderson
King & Spalding LLP
1100 Louisiana, Suite 4000
Houston, Texas 77002
Telephone: (713) 751-3200
Facsimile: (713) 751-3290

Richard E. Wallace, Jr.
William F. Hughes
Wallace King Domike & Branson PLLC
1050 Thomas Jefferson Street, N.W.
Washington, D.C. 20007
Telephone: (202) 204-1000
Facsimile: (202) 204-1001

*Attorneys for Defendants Chevron U.S.A. Inc. (individually and d/b/a Chevron Products Co. and Chevron Chemical Co.), Chevron Corporation (f/k/a ChevronTexaco Corporation), Unocal Corporation, and Union Oil Company of California*

## Certificate of Service

I hereby certify that on March 15, 2011 a true, correct, and exact copy of the foregoing document was served on all counsel via LexisNexis File & Serve.

											_____
											Jeremiah J. Anderson

## ATTACHMENT A
## Opposition to Motion for Summary Judgment
### *Defendants Joining in Objections to Summary Judgment Evidence*

Chevron U.S.A. Inc
Chevron Corporation
ExxonMobil Corporation
ExxonMobil Oil Corporation
Atlantic Richfield Company
BP Products North America, Inc.
BP West Coast Products LLC
ConocoPhillips Company, as successor-in-interest to defendant Tosco Corporation and Phillips
	Petroleum Corporation
Shell Oil Company
Equilon Enterprises LLC (d/b/a Shell Oil Products US TMR Company)
Union Oil Company of California
Unocal Corporation
G&M Oil Company