UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In Re: Methyl Tertiary Butyl Ether ("MTBE")   MDL 1358 (SAS)
Products Liability Litigation

**This Document Relates To:**

*City of Fresno v. Chevron U.S.A. Inc., et al.,*
Case No. 04 Civ. 04973 (SAS)

USDC S[...]
DO[...]
[...]
[...]   4/5/11

**STIPULATION FOR ENTRY OF PROTECTIVE ORDER REGARDING WATER SUPPLY/QUALITY DOCUMENTS FROM CDPH: ORDER THEREON**

WHEREAS, Defendant ConocoPhillips Company ("ConocoPhillips") has subpoenaed documents from the California Department of Public Health ("CDPH") that contain sensitive and confidential information related to public safety;

WHEREAS, the requested documents involve sensitive and confidential information related to public safety as follows: (1) information that may cause damage or destruction to the nation's water supply and water quality infrastructure by terrorist activities thereby threatening public health and the environment, or possibly causing loss of life; (2) since the terrorist activities of September 11, 2001, water utilities have been under heightened security conditions; (3) threats resulting in physical destruction to any of these systems could include disruption of operating or distribution system components and actual damage to reservoirs and pumping stations; (4) a loss of flow and pressure would cause problems for customers and would hinder firefighting efforts; and (5) bioterrorism or chemical threats could result in the distribution

of microbiological agents or toxic chemicals to households across the state, which could endanger the public health of thousands.

WHEREAS, good cause exists for the Court to enter this protective order as it ensures public safety and preserves the security of the nation's water supply and water quality infrastructure systems.

WHEREAS, the Court's entry of this protective order will ensure that the CDPH's production of these specific confidential documents and information will be revealed only in a confidential manner.

WHEREAS, in order to facilitate discovery and to ensure public safety and preserve the nation's water supply, the parties are desirous that a stipulated protective order be entered in this action governing the production, disclosure, and use of such materials.

## STIPULATION

IT IS HEREBY STIPULATED by and between Plaintiff, Defendants,[1] and the CDPH, through their respective attorneys, that a Protective Order be entered by this court as follows:

1. When used in this Protective Order ("Order"), the word "Litigants" means all parties and their attorneys of record in the following matter: *City of Fresno v. Chevron U.S.A., Inc., et al.*, Civil Action 04973 (SAS) MDL 1358, ("Action"). The term "Parties" means the Litigants and the CDPH.

2. The Parties recognize that: (1) there exists the very real possibility of damage to or destruction of the nation's water supply and water quality infrastructure by terrorist activities thereby threatening public health and the environment, or possibly causing loss of life;

---

[1] Counsel for ConocoPhillips Company has consulted with counsel for all parties concerning the entry of this protective order, with the exception of Defendant Pacific Southwest Trading, who counsel for ConocoPhillips Company understands filed bankruptcy in or about 2006 and with respect to whom counsel understands a bankruptcy stay is in place. With the exception of Pacific Southwest Trading, all parties have consented to submission of this protective order to the Court for entry.

STIPULATION FOR ENTRY OF PROTECTIVE ORDER REGARDING WATER SUPPLY/QUALITY DOCUMENTS FROM CDPH; ORDER THEREON

OC\1158818.1

(2) since the terrorist activities of September 11, 2001, water utilities have been under heightened security conditions; (3) threats resulting in physical destruction to any of these systems could include disruption of operating or distribution system components and actual damage to reservoirs and pumping stations; (4) a loss of flow and pressure would cause problems for customers and would hinder firefighting efforts; and (5) bioterrorism or chemical threats could result in the distribution of microbiological agents or toxic chemicals to households across the state, which could endanger the public health of thousands. The Parties recognize that under the laws, regulations, and the policies of the State of California and the United States of America certain precautions relative to certain information regarding various water systems are necessary to protect the security of those systems. The Parties also recognize that the purpose of this Order is to assure that production of this information in the Action will not create a threat to public health and safety.

3. The Parties understand and agree that some of the information with respect to water supply and water quality infrastructure demanded pursuant to a subpoena served on CDPH and certain information being sought or which may be sought in the future in discovery is sensitive, confidential, and related to public safety. Such information includes any and all information which is deemed confidential under law and all water system operating infrastructure and locational information, including:

   a. Water System schematics and facility maps;
   b. Pipeline maps;
   c. Facility plans and specifications;
   d. Consultant and internally generated reports that analyze water system vulnerabilities;
   e. Documents that explain water system hydraulics or operation practices;
   f. Emergency operations and response plans;
   g. Operation and maintenance manuals;
   h. Security related documents;

1    i.    Distribution related documents;

2    j.    Water source related documents;

3    k.    Water quality related documents;

4    l.    Personal information about employees and customers, such as their individual

5          identities, phone numbers or addresses;

6    m.    Pumping levels of wells;

7    n.    Production records of wells;

8    o.    Operational memoranda;

9    p.    Well and plant site addresses and other information related to the location of

10         infrastructure;

11   q.    Types of chemicals used at each site including their storage; and,

12   r.    Types of power used to run each plant including redundancy power for

13         emergencies.

14        4.    When used in this Order, "Confidential/Public Safety Information" refers to

15   information designated by CDPH as "Confidential/Public Safety Information" and includes, but is

16   not limited to, writings, recording, and photographs (collectively "documents") as defined by Rule

17   1001 of the Federal Rules of Evidence.  Data that is available on computer systems and verbal

18   communications are also considered Confidential/Public Safety Information if they contain,

19   embody, mention, relate to or relay any of the above information.

20        5.    The purpose of this Order is to meet the Litigants' discovery needs without

21   compromising the public's need to keep sensitive information confidential in the interest of public

22   health and safety.

23        6.    All Confidential/Public Safety Information shall be used by the Litigants to

24   whom such information is disclosed, solely for the prosecution, defense, or settlement of the

25   Action and shall not be used for any other purpose including, but not limited to, use in any other

26   litigation in which a similar protective order approved in writing by CDPH has not been entered,

27

-4-

1 whether in this Court or otherwise, except as specifically set forth herein, or as permitted by
2 further order of the Court.
3       7. None of the Litigants shall divulge, permit access to, or disseminate any
4 Confidential/Public Safety Information produced by CDPH to any individuals or entities, unless
5 expressly authorized to do so by the terms of this Order, or by further order of Court.
6       8. The Parties agree that any information, as delineated in paragraph 3 above,
7 shall be stamped, watermarked or otherwise denoted with the phrase "Confidential/Public Safety
8 Information."
9       9. Because of the sensitivity of the Confidential/Public Safety Information, all
10 copies (electronic, hard copy, or otherwise) of documents contained or referring to
11 Confidential/Public Safety Information produced shall bear the stamp or watermark set forth in
12 paragraph 8. No photocopies made may in any way alter, mar, or otherwise interfere with the
13 confidentiality stamp or watermark. If any such alteration, marring or interfering with the
14 confidentiality stamp or watermark occurs, those documents must be destroyed and the method
15 and date of destruction shall be reported to CDPH within 48 hours of said occurrence. Any
16 Litigant who makes photocopies of documents designated as "Confidential/Public Safety
17 Information" must also keep track of all copies by recording in writing the number of copies, the
18 Bates-Stamp numbers of the copied pages, who made the copies, and to whom the copies were
19 provided. Said information must be provided to the CDPH upon reasonable request. Further, all
20 copies of Confidential/Public Safety Information in possession of the Litigants (other than the
21 disclosing party) when not in actual use, shall be kept in a secure facility and there shall be a list of
22 individuals who have access to the secure facility housing the Confidential/Public Safety
23 Information. Said information must also be provided to CDPH upon reasonable request. Nothing
24 in this paragraph shall prevent the Litigants from employing an electronic document management
25 system for storing and distributing the documents, provided the electronic copies bear a Bates
26 stamp and the confidentiality stamp, and access to the database is provided only to those Litigants
27

STIPULATION FOR ENTRY OF PROTECTIVE ORDER REGARDING WATER SUPPLY/QUALITY DOCUMENTS FROM CDPH; ORDER THEREON

OC\1158818.1

who have executed this Protective Order or to employees of the database provider as necessary to maintain the database.

10. Confidential/Public Safety Information may be used in depositions and marked as deposition exhibits in this case, as long as the portions of the particular document, which contain or refer to Confidential/Public Safety Information, are appropriately stamped "Confidential/Public Safety Information" as set forth in paragraph 8, and treated in accordance with this Order.

11. Confidential/Public Safety Information may also be referred to in written discovery requests and/or responses as long as the portions of the particular discovery document that contain or refer to Confidential/Public Safety Information are appropriately stamped "Confidential/Public Safety Information" as set forth in paragraph 8, and treated in accordance with this Order.

12. Confidential/Public Safety Information may also be referred to in motions, briefs or other papers filed with the Court in this case, as long as the portions of the particular document that contain or refer to Confidential/Public Safety Information are appropriately stamped as "Confidential/Public Safety Information" as set forth in paragraph 8, and treated in accordance with this Protective Order. The Litigants proposing to file or refer to such documents with the Court shall first obtain appropriate orders to preserve the confidentiality of such documents as may be required under pertinent Southern District of New York Local Rules or the Local Rules of the District Court to which this case is remanded.

13. Confidential/Public Safety Information may be disclosed or referred to in testimony at trial in the Action or offered in evidence at the trial of the Action subject to all applicable Rules of Evidence. The sealing of the record of any such proceedings shall be subject to the provisions of Southern District of New York Local Rules or the Local Rules of the District Court to which this case is remanded. The Litigants proposing to file or refer to such Confidential/Public Safety Information shall seek an order for sealing of the Confidential/Public Safety Information pursuant to the Southern District of New York Local Rules or the Local Rules

of the District Court to which this case is remanded and provide CDPH thirty-five (35) days notice in advance of trial of intent to use such Confidential/Public Safety Information.

14. The Litigants obtaining Confidential/Public Safety Information in discovery in the Action are the temporary custodians of the Confidential/Public Safety Information, and shall not grant possession of the Confidential/Public Safety Information to any other person or entity unless expressly authorized by the terms of this Order.

15. Litigants with Confidential/Public Safety Information shall make every effort to limit the number of persons who view the information. Subject to the terms and conditions of this Order, the Litigants may permit the following persons or entities to view the Confidential/Public Safety Information, if and only if such persons or entities must have the information to produce their required work product:

   a. Counsel for the Litigants who are actively engaged in the conduct of this litigation including partners, associates, law clerks, paralegals, and secretaries employed or engaged by the Litigants;

   b. Employees, officers or officials of the Litigants who have need for such information for purposes of the Action;

   c. Employees of copy services and electronic database providers to the extent necessary to copy or maintain an electronic database of the Confidential/Public Safety Information;

   d. Deposition witnesses in the Action, to the extent necessary for the witness' preparation for testimony;

   e. Experts or consultants actually hired or retained and actually performing work for the Litigants for purposes of the Action, who in the ordinary course of their retention are required to review the Confidential/Public Safety Information to prepare or formulate opinions or conclusions;

   f. Court reporters (except court reporters employed or affiliated with the United States District Court), persons monitoring video equipment at

        depositions and any special master or discovery referee (except those employed or affiliated with the United States District Court); and,

    g. Any person designated by the Court in the interest of justice, upon such terms, as the Court may deem proper.

16. The Litigants shall take all reasonable and necessary measures to ensure that the persons described in paragraph 15 above do not view any Confidential/Public Safety Information unless and until they have:

    a. Read this Order and agreed to be bound by its terms; and

    b. Completed and signed the Non-Disclosure Agreement ("Agreement") in the form attached hereto as Exhibit "A".

17. Each person described in paragraph 15 above who is to view the Confidential/Public Safety Information agrees to be and is deemed to be within the personal jurisdiction of this Court, including its contempt power, by signing a copy of the attached Agreement.

18. The Litigants who are the temporary custodians of the Confidential/Public Safety Information shall maintain an accurate and complete record of all persons described in paragraph 15 above who have been permitted to view the Confidential/Public Safety Information, and shall maintain custody of the Agreements. The Court on its own motion, or on the motion of any Party, may require the production of the Agreements for inspection by the Court.

19. Should any of the Parties become aware of any violation of this Order, said Parties shall enforce this Order through applicable Southern District of New York Local Rules or the Local Rules of the District Court to which this case is remanded. Further, the Litigant(s) agree to the following:

    a. Fully cooperate with CDPH in determining the nature of the breach of this Order and what methods have been invoked or changed to make sure the breach does not occur again;

      b.    Fully cooperate with CDPH in amending this Order as may be necessary to provide assurances that the breach does not occur again;

      c.    Fully cooperate with any law enforcement agency investigating the breach; and

      d.    If a Litigant becomes aware of the review of information labeled Confidential/Public Safety Information by person(s) not bound by this Order, then Litigant will report such violation(s) to CDPH within 12 hours and also take any reasonably necessary and appropriate steps to ensure the confidentiality of Confidential/Public Safety Information.

20. Within thirty (30) days following the final conclusion of the Action, all Litigants shall either return all Confidential/Public Safety Information to CDPH or destroy all Confidential/Public Safety Information and document such destruction. Additionally, within thirty (30) days following the final conclusion of the Action, the Court shall, upon request of any Party, make such further orders concerning the retention or return of Confidential/Public Safety Information produced pursuant to the provisions of the Order as may be appropriate.

21. No Litigant shall disclose any portion of the subject matter or contents of the Confidential/Public Safety Information to any person or entity not authorized hereunder, except to the Court.

22. Upon an alleged violation of this Order, any Party may seek relief from this Court.

///
///
///
///
///
///
///

**ORDER**

IT IS SO ORDERED

DATED: April 5, 2011

/s/ _____
JUDGE, UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK

Respectfully submitted,

LATHAM & WATKINS LLP

By: _____
Jon D. Anderson
Attorneys for Defendant ConocoPhillips Company

# EXHIBIT A

## NON-DISCLOSURE AGREEMENT

I, _____, declare under penalty of perjury that:

1. My address is _____

2. My present employer is _____

3. My present occupation or job description is _____

4. I HEREBY CERTIFY AND AGREE that I have read and understand the terms of the Protective Order regarding documents produced by the California Department of Public Health in the matter of *City of Fresno v. Chevron U.S.A., Inc., et al.*, Civil Action 04973 (SAS) MDL 1358, pending in the United States District Court, Southern District of New York, and that I will hold in confidence and not disclose to anyone not bound by the Order any of the contents of any confidential information received under the protection of the Order, and that I will comply with and be bound by all of the terms and conditions of the Order.

5. Upon completion of my work, I will return or destroy all confidential information obtained. I acknowledge that returning or destroying such materials shall not relieve me from any of the continuing obligations imposed upon me by the Order.

6. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of this Non-Disclosure Agreement.

Dated: _____      By: _____