

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In Re: Methyl Tertiary Butyl Ether ("MTBE")          MDL 1358 (SAS)
Products Liability Litigation

**This Document Relates To:**

*Yosemite Springs Park Utility Company v.*
*Chevron U.S.A., et al.*, Case No. 07 Civ. 9453 (SAS)

---

## STIPULATION AND [PROPOSED] PROTECTIVE ORDER WITH RESPECT TO PRODUCTION OF WATER SUPPLY/QUALITY DOCUMENTS BY THE CALIFORNIA DEPARTMENT OF PUBLIC HEALTH IN *YOSEMITE SPRINGS PARK UTILITY COMPANY V. CHEVRON U.S.A., ET AL.,* CASE NO. 07 CIV. 9453 (SAS)

WHEREAS, the Court entered the Revised Confidentiality Order in *In Re. Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation*, MDL No. 1358 (SAS), filed dated September 24, 2004, attached hereto as Exhibit 1 ("Revised Confidentiality Order");

WHEREAS, Defendants Chevron U.S.A. Inc. ("Chevron") served in *Yosemite Springs Park Utility Company v. Chevron U.S.A., et al.*, Case No. 07 Civ. 9453 (SAS), ("*Yosemite*") the Subpoena to Testify at a Deposition in a Civil Action, including request for production of documents, on the State of California Department of Public Health ("CDPH") attached hereto as Exhibit 2 ("Subpoena");

WHEREAS, the Subpoena calls for the CDPH to produce the requested documents by April 25, 2011;

WHEREAS, the CDPH has expressed concern that the documents requested by Subpoena contain sensitive and confidential information related to public safety;

WHEREAS, the CDPH has expressed concern that the documents requested by the Subpoenas involve sensitive and confidential information related to public safety as follows: (1) information that may cause damage or destruction to the nation's water supply and water quality

OC\1154807.1

1

infrastructure by terrorist activities thereby threatening public health and the environment, or possibly causing loss of life; (2) since the terrorist activities of September 11, 2001, water utilities have been under heightened security conditions; (3) threats resulting in physical destruction to any of these systems could include disruption of operating or distribution system components and actual damage to reservoirs and pumping stations; (4) a loss of flow and pressure would cause problems for customers and would hinder firefighting efforts; and (5) bioterrorism or chemical threats could result in the distribution of microbiological agents or toxic chemicals to households across the state, which could endanger the public health of thousands;

WHEREAS, the CDPH has expressed concern that the existing protective order in the MDL does not fully address its concerns about preserving the confidentiality of the documents that it, a non-party, produces in the *Yosemite* action and imposes undue burden and expense on non-party and state agency the CDPH;

WHEREAS, good cause exists for the Court to enter this order with respect to documents produced by the CDPH or its employees in the *Yosemite* matter, as it ensures public safety and preserves the security of the nation's water supply and water quality infrastructure systems and eliminates the undue burden and expense that would otherwise be imposed on non-party and state agency the CDPH;

WHEREAS, the Court's entry of this order will ensure that the CDPH's production of the specific confidential documents and information requested by Defendant Chevron in the *Yosemite* action will be revealed only in a confidential manner;

WHEREAS, in order to facilitate discovery and to ensure public safety and preserve the nation's water supply and the limited resources of non-party state agency the CDPH, Plaintiff, Defendant and the CDPH are desirous that this stipulated order be entered in the *Yosemite* case governing the production, disclosure, and use of documents and information produced or provided by the CDPH or its employees in the *Yosemite* matter as follows.

OC\1154807.1

2

## STIPULATION

IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff, Defendant, and the CDPH, through their respective attorneys, that, subject to the Court's approval, the following stipulated order be entered by this Court as follows:

1.      This stipulated protective order applies **only** to documents produced by the CDPH or its employees in the *Yosemite* matter.  The Revised Confidentiality Order filed on September 24, 2004 in *In Re. Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation*, MDL No. 1358 (SAS) (hereinafter "the Revised Confidentiality Order") is not changed in any way with respect to documents produced in the *Yosemite* matter by any entity other than the CDPH or its employees.  The Revised Confidentiality Order remains in full force and effect with respect to documents produced in the *Yosemite* matter by any entity other than the CDPH or its employees.

2.      When used in this Protective Order ("Order"), the word "Litigants" means Plaintiff Yosemite Springs Park Utility Company , Defendant Chevron U.S.A. Inc. and their attorneys of record in the *Yosemite* matter ("Action").  The term "Parties" means the Litigants and the CDPH.

3.      The Parties recognize that:  (1) there exists the very real possibility of damage to or destruction of the nation's water supply and water quality infrastructure by terrorist activities thereby threatening public health and the environment, or possibly causing loss of life; (2) since the terrorist activities of September 11, 2001, water utilities have been under heightened security conditions; (3) threats resulting in physical destruction to any of these systems could include disruption of operating or distribution system components and actual damage to reservoirs and pumping stations; (4) a loss of flow and pressure would cause problems for customers and would hinder firefighting efforts; and (5) bioterrorism or chemical threats could

OC\1154807.1

3

result in the distribution of microbiological agents or toxic chemicals to households across the state, which could endanger the public health of thousands. The Parties recognize that under the laws, regulations, and the policies of the State of California and the United States of America certain precautions relative to certain information regarding various water systems are necessary to protect the security of those systems. The Parties also recognize that the purpose of this Order is to assure that production of this information in the Action will not create a threat to public health and safety.

       4.       The Parties understand and agree that some of the information with respect to water supply and water quality infrastructure demanded pursuant to a subpoena served on the CDPH and certain information being sought or which may be sought in the future in discovery is sensitive, confidential, and related to public safety. Such information includes any and all information which is deemed confidential under law and all water system operating infrastructure and locational information, including:

     a.    Water System schematics and facility maps;

     b.    Pipeline maps;

     c.    Facility plans and specifications;

     d.    Consultant and internally generated reports that analyze water system vulnerabilities;

     e.    Documents that explain water system hydraulics or operation practices;

     f.    Emergency operations and response plans;

     g.    Operation and maintenance manuals;

     h.    Security related documents;

     i.    Distribution related documents;

     j.    Water source related documents;

     k.    Water quality related documents;

OC\1154807.1

4

l.   Personal information about employees and customers, such as their
individual identities, phone numbers or addresses;

m.  Pumping levels of wells;

n.   Production records of wells;

o.   Operational memoranda;

p.   Well and plant site addresses and other information related to the location of
infrastructure;

q.   Types of chemicals used at each site including their storage; and,

r.   Types of power used to run each plant including redundancy power for
emergencies.

5.      When used in this Order, "Confidential/Public Safety Information" refers
to information designated by CDPH as "Confidential/Public Safety Information" and includes,
but is not limited to, writings, recording, and photographs (collectively "documents") as defined
by Rule 1001 of the Federal Rules of Evidence.  Data that is available on computer systems and
verbal communications are also considered Confidential/Public Safety Information if they
contain, embody, mention, relate to or relay any of the above information.

6.      The purpose of this Order is to meet the Litigants' discovery needs
without compromising the public's need to keep sensitive information confidential in the interest
of public health and safety.

7.      All Confidential/Public Safety Information shall be used by the Litigants
to whom such information is disclosed, solely for the prosecution, defense, or settlement of the
Action and shall not be used for any other purpose including, but not limited to, use in any other
litigation, whether in this Court or otherwise, except as specifically set forth herein, or as
permitted by further order of the Court.

8.      None of the Litigants shall divulge, permit access to, or disseminate any
testimony or documents reflecting Confidential/Public Safety Information produced by CDPH to
any individuals or entities, unless expressly authorized to do so by the terms of this Order, or by
further order of Court.  This Order does not prohibit the Litigants from divulging, permitting

OC\1154807.1

5

access to or disseminating their own information or information available or obtained from sources other than CDPH.

9.      The Parties agree that any information, as delineated in paragraph 4 above and designated by CDPH, shall be stamped, watermarked or otherwise denoted with the phrase "Confidential/Public Safety Information."

10.      Because of the sensitivity of the Confidential/Public Safety Information, all copies (electronic, hard copy, or otherwise) of documents produced by CDPH and designated as Confidential/Public Safety Information shall bear the stamp or watermark set forth in paragraph 9. No photocopies made may in any way alter, mar, or otherwise interfere with the confidentiality stamp or watermark. If any such alteration, marring or interfering with the confidentiality stamp or watermark occurs, those documents must be destroyed and the method and date of destruction recorded. Any Litigant who makes photocopies of documents designated as "Confidential/Public Safety Information" must also track copies made and sent to authorized individuals and/or entities by recording in writing the number of copies sent, the Bates-Stamp numbers of the copied pages, who sent the copies, and to whom the copies were sent. Said information must be provided to the CDPH upon reasonable request. Further, all copies of Confidential/Public Safety Information designated by CDPH and in possession of the Litigants (other than the disclosing party) when not in actual use, shall be kept in a secure facility or manner and there shall be a list of individuals who have access to the Confidential/Public Safety Information. Said information must also be provided to CDPH upon reasonable request. Nothing in this paragraph shall prevent the Litigants from employing an electronic document management system for storing and distributing the documents, provided the electronic copies bear a Bates stamp and the confidentiality stamp, and access to the database is provided only to those persons employed by Litigants or to employees of the database provider as necessary to maintain the database, who shall be bound by this Protective Order.

11.      Confidential/Public Safety Information may be used in depositions and marked as deposition exhibits in this case, as long as the portions of the particular document, which contain or refer to Confidential/Public Safety Information, are appropriately stamped

OC\1154807.1

6

"Confidential/Public Safety Information" as set forth in paragraph 9, and treated in accordance with this Order.

12.     Confidential/Public Safety Information may also be referred to in written discovery requests and/or responses as long as the portions of the particular discovery document that contain or refer to Confidential/Public Safety Information are appropriately stamped "Confidential/Public Safety Information" as set forth in paragraph 9, and treated in accordance with this Order.

13.     Confidential/Public Safety Information may also be referred to in motions, briefs or other papers filed with the Court in this case, as long as the portions of the particular document that contain or refer to Confidential/Public Safety Information are appropriately stamped as "Confidential/Public Safety Information" as set forth in paragraph 9, and treated in accordance with this Protective Order.  The Litigants proposing to file or refer to such documents with the Court shall  seek appropriate orders to preserve the confidentiality of such documents as may be required under pertinent rules or orders of court.

14.     Confidential/Public Safety Information may be disclosed or referred to in testimony at trial in the Action or offered in evidence at the trial of the Action subject to all applicable Rules of Evidence.  The sealing of the record of any such proceedings shall be subject to the provisions of pertinent rules or orders of court.  The Litigants proposing to file or refer to such Confidential/Public Safety Information shall seek an order for sealing of the Confidential/Public Safety Information pursuant to pertinent rules or orders of court.

15.     The Litigants obtaining Confidential/Public Safety Information in discovery in the Action are the temporary custodians of the Confidential/Public Safety Information, and shall not grant possession of the Confidential/Public Safety Information to any other person or entity unless expressly authorized by the terms of this Order.

16.     Litigants with Confidential/Public Safety Information shall make every effort to limit the number of persons who view the information.  Subject to the terms and conditions of this Order, the Litigants may permit the following persons or entities to view the

Confidential/Public Safety Information, if and only if such persons or entities must have the information to produce their required work product:

    a. Counsel for the Litigants who are actively engaged in the conduct of this litigation including partners, associates, law clerks, paralegals, secretaries, and other persons employed or engaged by the Litigants;

    b. Employees, officers or officials of the Litigants who have need for such information for purposes of the Action;

    c. Employees of copy services and electronic database providers to the extent necessary to copy or maintain an electronic database of the Confidential/Public Safety Information;

    d. Witnesses or potential witnesses for the Litigants and their counsel who will or may be used by any party in connection with any hearing or trial of this matter;

    e. Deponents and their counsel, but only during the course of the deposition or to the extent reasonably necessary for the witness' preparation for testimony;

    f. Experts or consultants actually hired or retained and actually performing work for the Litigants for purposes of the Action, who in the ordinary course of their retention are required to review the Confidential/Public Safety Information to prepare or formulate opinions or conclusions;

    g. Court reporters, persons monitoring video equipment at depositions and any special master or discovery referee; and,

    h. The Court and those employed by the Court, and

    i. Any other person designated by the Court in the interest of justice, upon such terms as the Court may deem proper, or any other person or entity pursuant to the express written agreement of the CDPH.

17.     The Litigants shall take all reasonable and necessary measures to ensure that the persons described in subparts (d), (e) and (f) of paragraph 16 above do not view any Confidential/Public Safety Information unless and until they have:

a.   Read this Order and agreed to be bound by its terms; and

b.   Completed and signed the Non-Disclosure Agreement ("Agreement") in the form attached hereto as Exhibit "3".

18.     Each person described in in subparts (d), (e) and (f) of paragraph 16 above who is to view the Confidential/Public Safety Information agrees to be and is deemed to be within the personal jurisdiction of this Court, including its contempt power, by signing a copy of the attached Agreement.

19.     The Litigants who are the temporary custodians of the Confidential/Public Safety Information shall maintain an accurate and complete record of all persons described in paragraph 16 above to whom they have provided Confidential/Public Safety Information, and shall maintain custody of any required Agreements signed by those persons.  The Court on its own motion, or on the motion of any Party, may require the production of the Agreements for inspection by the Court.

20.     Should any of the Parties become aware of any violation of this Order, said Parties shall take steps to enforce this Order.  Further, the Litigant(s) agree to the following:

a.   Fully cooperate with CDPH in determining the nature of the breach of this Order and what methods have been invoked or changed to make sure the breach does not occur again;

b.   Fully cooperate with CDPH in amending this Order as may be necessary to provide assurances that the breach does not occur again;

c.   Fully cooperate with any law enforcement agency investigating the breach; and

d.   If a Litigant becomes aware of the review of information labeled Confidential/Public Safety Information by person(s) not bound by this Order, then Litigant will report such violation(s) to CDPH by the end of

OC\1154807.1

9

the next court day or as soon as reasonably practicable and also take any
reasonably necessary and appropriate steps to ensure the confidentiality
of Confidential/Public Safety Information.  Reports of violations to
CDPH shall be made to:

> California Department of Public Health
> Office of Legal Services
> Attn: Mike Rainville, Staff Counsel
> 1501 Capitol Ave., Suite 71.5001, MS 0506
> Sacramento, CA  95899-7377

Mr. Rainville's telephone number is (916) 445-7825 and his facsimile
number is (916) 440-7708.

    21.   Within thirty (30) days following the final conclusion of the Action
including any and all appeals, all Litigants shall, at their option,either return all documents
designated Confidential/Public Safety Information to CDPH or destroy all documents designated
Confidential/Public Safety Information and document such destruction, except that the Litigants
may retain their work product and the work product of any experts or consultants relative to the
Action and may retain deposition transcripts, recordings and exhibits and/or documents made
part of the court record, including trial transcripts, recordings, or exhibits.  Additionally, within
thirty (30) days following the final conclusion of the Action including any and all appeals, the
Court shall, upon request of any Party, make such further orders concerning the retention or
return of Confidential/Public Safety Information produced pursuant to the provisions of the
Order as may be appropriate.

    22.   No Litigant shall disclose any portion of the subject matter or contents of the
Confidential/Public Safety Information to any person or entity not authorized hereunder, except
to the Court.

    23.   Upon an alleged violation of this Order, any Party may seek relief from this
Court.

Respectfully submitted,

OC\1154807.1

10

SHER LEFF

By:

Victor M. Sher
Nicholas G. Campins

Attorneys for Plaintiff
Yosemite Springs Park Utility Company


KING & SPALDING LLP

By:

Robert E. Meadows
Charles Correll, Jr.
Cheryl A. Sabnis

Attorneys for Defendant
Chevron U.S.A. Inc.


I hereby certify that this document and its attachments were served on all parties to the Action by LexisNexis File and Serve.

Cheryl A. Sabnis

## ORDER

Having reviewed the terms of the above Stipulation and [Proposed] Order With Respect to Production of Water Supply/Quality Documents by the California Department of Public Health and *Yosemite Springs Park Utility Company v. Chevron U.S.A., et al.*, Case No. 07 Civ. 9453 (SAS) ("CDPH Protective Order"), and for good cause showing, it is hereby ORDERED that the CDPH Protective Order is now in effect in the *Yosemite* matter with respect **only** to documents and information produced by CDPH or its employees.

**IT IS SO ORDERED.**

Dated: _____4/19/11_____    _____

Hon. Shira A. Scheindlin,
United States District Judge