UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
─────────────────────────────── X

In re: Methyl Tertiary Butyl Ether
("MTBE") Products Liability Litigation

Master File No. 1:00-1898
MDL No. 1358 (SAS)
M21-28
─────────────────────────────── X

This Document Relates To:

*City of Pomona v. Chevron U.S.A. Inc., et al.*
Case No. 09 Civ. 3738

─────────────────────────────── X

## STIPULATION AND ORDER REGARDING
## SUBMITTAL OF EXPERT REPORTS

It is hereby stipulated and agreed by and between the parties in the above-referenced case, subject to approval and entry of the Court, as follows:

1. CMO #66 establishes a schedule for identifying non-case-specific experts and for disclosing those experts' reports. CMO #66 further directs the parties to meet and confer to "reach agreement about which expert topics will be considered 'non-case-specific'."

2. Representatives of the parties have met and conferred and have reached agreement, and have prepared this Stipulation to memorialize that agreement.

3. Experts addressing the following topics will be considered non-case-specific:

   a. The toxicological effects of MTBE or other gasoline constituents

   b. Government knowledge of the risks and benefits of MTBE

   c. Extent of MTBE contamination as a general matter; whether there is an MTBE "crisis"

      d. Issues relating to the impact of, and compliance with, the UST regulatory program

      e. Ethanol's characteristics, properties and availability in California

4. All other topics will be considered case-specific. These topics include, but are not limited to, the following:

      a. The impact of MTBE-containing gasoline on ambient air quality

      b. "Fate and transport" of MTBE, including case-specific hydrogeology

      c. Remediation and treatment of MTBE in soil, sediment, or groundwater

      d. Refining and distribution of gasoline, including MTBE-containing gasoline and gasoline constituents

      e. Damages and net present value

      f. Taste and odor issues

      g. The adequacy of, or need for, warnings concerning the presence of MTBE in gasoline

      h. Standard of care with respect to storage and handling of MTBE gasoline.

5. The parties expressly recognize that many reports, including the ones listed in paragraph 4, are likely to address both areas that might be considered non-case-specific and other areas that might be considered case-specific. It is agreed that such reports shall be considered case-specific and that no party shall object to such reports on the grounds that they contain aspects that are non-case-specific.

6. The parties agree that the listing of any topic in this Stipulation does not imply that such topic is appropriate for expert testimony. The parties reserve all rights to object to the admissibility of expert testimony on any grounds whatsoever except as stated in paragraph 5.

7. The parties reserve the right to opt not to provide a report or offer expert testimony on one or more of the listed topics. In such instances, the parties reserve the right to provide a rebuttal report if the other party files a report on said topic, and the party filing the original report shall have the opportunity to have its expert provide a reply to the rebuttal.

8. To avoid any uncertainty, the Parties agree that the revised Federal Rules of Civil Procedure 26(b)(4)(B) & (C), which went into effect in or about December 2010, shall apply to expert discovery in this case.

DATED: April 25th, 2011

By: _____  
Celeste Evangelisti  
BARON & BUDD, P.C.  
On behalf of Plaintiff

By: _____  
Charles C. Correll, Jr.  
KING & SPALDING LLP  
On behalf of Defendants

SO ORDERED:

_____  
SHIRA A. SCHEINDLIN

Dated: 4/26/11

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **STIPULATION AND ORDER REGARDING SUBMITTAL OF EXPERT REPORTS** was served on all counsel of record by posting it directly to LexisNexis File & Serve on April ___25th___, 2011.

_____
SHELLY PETERSEN