## SETTLEMENT AGREEMENT AND RELEASE

THIS SETTLEMENT AGREEMENT AND RELEASE ("Agreement") is made on the last date indicated below (the "Effective Date") between ORANGE COUNTY WATER DISTRICT (the "District") and Petro-Diamond Incorporated (hereafter "PDI").

## I. RECITALS

A.     WHEREAS, in 2003, the District filed a complaint seeking money damages and declaratory relief in Orange County Superior Court, Case No. 03CC00176, against refiners and suppliers of gasoline products containing methyl tertiary butyl ether ("MTBE") and/or tertiary butyl alcohol ("TBA"), manufacturers and suppliers of MTBE and/or TBA, and owners/operators of gasoline service stations, including PDI (the "Litigation");

B.     WHEREAS, the Litigation was transferred to the United States District Court, Southern District of New York by the Judicial Panel on Multidistrict Litigation, pursuant to §1407 of title 28 of the United States Code, and now is part of MTBE MDL 1358;

C.     WHEREAS, PDI is/was a distributor that sold gasoline products that may have been transported to sites located in Orange County, and the parties dispute whether PDI was a manufacturer, refiner, or blender of gasoline products;

D.     WHEREAS, the District alleges in the Litigation the past, present, and future actual or threatened presence of MTBE, TBA, other authorized oxygenates, gasoline, benzene, toluene, ethylbenzene, xylenes, and/or other components of gasoline and fuel in water or on property (including but not limited to wells, aquifers, and water resources) accessed, accessible, managed, owned, operated, used, and/or protected by the District ("Gasoline Contamination") and further alleges that PDI is responsible for damages allegedly arising from such alleged Gasoline Contamination;

E.     WHEREAS, PDI denies that the District has suffered any cognizable injury due to the conduct of PDI but wishes to resolve the Litigation to avoid the costs, expense, and uncertainty inherent in the Litigation;

EXHIBIT A

F.      WHEREAS, the District also wishes to avoid the costs, expense, and uncertainty inherent in litigating its Claims (as defined below) against PDI;

NOW, THEREFORE, in exchange for the commitments set forth below and other good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, the parties agree as follows:

## II. AGREEMENT

1.      The District.  The District represents that it is a special water agency created to maintain, replenish, and manage groundwater resources in the district and has the right to conduct investigations of the water quality in the district, to perform any necessary investigation, cleanup, abatement, or remedial work to prevent, abate, or contain any threatened or existing contamination or pollution of the surface or groundwaters in the district, and to recover the costs of any such activities. The District also represents that it has the right to litigate to protect groundwater resources within its territory. In the Litigation, the District is acting on its own behalf and within the full scope of its powers and authority under the Orange County Water District Act (the "Act") to commence, maintain, and compromise any and all Claims related to the alleged interference with its water or water rights used or useful within the district, or alleged diminution of the quantity, quality or pollution or contamination of the water supply of the district that may endanger or damage the inhabitants, lands, or use of water in the district. (West's Ann. Cal. Water Code App. § 40-2.)

2.      Releasing Party.  The District enters into this Agreement in its individual capacity and, to the fullest extent permitted by law, in its governmental and/or sovereign capacity, or otherwise (as contemplated under Sec. 2, para 9 of the Act), or as trustee, including on behalf of all successors, assigns, joint venturers, partners, parents, subsidiaries, affiliates, predecessors-in-interest, successors-in-interest, predecessors-in-name, successors-in-name, beneficiaries, and each of its respective past, present, and future officers, directors, employees, partners, shareholders, officials, board members, trustees, fiduciaries, agents, accountants, attorneys,

EXHIBIT A

insurance carriers, sureties, representatives, independent contractors and consultants (the "Releasing Party").

3.   <u>Released Parties</u>.  PDI enters into this Agreement in its individual capacity and on behalf of its successors, assigns, joint venturers, partners, parents, subsidiaries, affiliates, predecessors-in-interest, successors-in-interest, predecessors-in-name, successors-in-name, beneficiaries, and each of its respective past, present, and future officers, directors, employees, partners, shareholders, officials, board members,  trustees, fiduciaries, agents, accountants, attorneys, insurance carriers, sureties, representatives, independent contractors, consultants, experts and advisors (collectively, the "Released Parties").  This provision does not include any parties to the Litigation other than PDI.

4.   <u>Terms of Agreement</u>.

a.   PDI shall move the Court for an order determining this settlement to be a good faith settlement under Sections 877 and 877.6 of the California Code of Civil Procedure and for entry of judgment under Federal Rule of Civil Procedure 54(b). Until that time, this Agreement shall remain strictly confidential. The District shall cooperate in securing Court approval of this settlement as one made in good faith by filing appropriate papers with the Court and/or appearing at any hearings to consider the motion,

b.   PDI shall pay the sum of $2,000,000 to the District (the "Settlement Payment") within ten business days after the expiration of the deadline to file an appeal or to petition the Court to review the good faith determination and/or final judgment, provided that no other party files an appeal or petitions review of the Court's order and/or final judgment. The parties acknowledge that this sum is paid with respect to any and all damages of every kind and nature alleged, or that could have been alleged, to have been suffered by the District in connection with the Claims.

c.   Should PDI's motion for an order determining this settlement to be a good faith settlement be denied, the parties agree to mediate this matter to cure any defects and to

3

<u>EXHIBIT A</u>

achieve settlement despite denial of the good faith motion.  In the absence of agreement within fifteen days of any mediation, then the Settlement Agreement shall have no force and effect.

d.      If any party files an appeal or petitions review of the final judgment and/or the Court's order determining that the settlement is in good faith, the parties agree to meet and confer regarding when and under what circumstances the Settlement Payment shall be made. In the event agreement is not reached, the parties agree to mediate the circumstances of payment. In the absence of an agreement within fifteen calendar days of any mediation, the Settlement Agreement shall have no force and effect.

e.      Within five days of receipt of the Settlement Payment, the District shall file with the Court a Stipulation and Order of Dismissal With Prejudice Under Federal Rule of Civil Procedure 41, in the form attached hereto as Exhibit 1.

5.      <u>Release</u>.  The Releasing Party hereby releases and forever discharges the Released Parties of and from any and all Claims, defined as follows: actions, liabilities, rights, demands, suits, matters, liens, obligations, damages, losses, remedies of any kind, causes of action of every nature and description, kind, or character, known or unknown, past, present, or future, whether arising at common law, in equity, and/or under or by virtue of any statute or regulation, including without limitation, all federal, state, and/or local environmental laws, including but not limited to any direct claims, third-party claims, parens patriae claims, and/or assigned claims, including without limitation, any and all claims for negligence, strict product liability, strict liability, breach of express or implied warranty, breach of contract, trespass, fraud, unfair business practices, deceptive trade practices (including but not limited to any and all claims under §17200, et seq., of the California Business and Professions Code or similar statutes), private and public nuisance, Orange County Water District Act claims, declaratory relief, individual corporate officer liability, conspiracy, concert of action, market-share liability, commingled-product liability, or any other form of collective liability or several liability, and violations of any statute or regulation, that the Releasing Party asserted, or could have asserted, including, to the fullest extent permitted under the Act, whatever rights might exist to assert claims within its territory, in

4
<u>EXHIBIT A</u>

the Litigation and/or in MTBE MDL 1358, or that the Releasing Party may have in the future, or that may be created or recognized in the future by statute, regulation, judicial decision, administrative adjudication, or in any other manner, whether known or unknown, past, present, or future, accrued or that may accrue in the future, asserted or unassorted, latent or patent, against any one or more of the Released Parties, for actual damages, exemplary damages, punitive damages, statutory damages, penalties of any kind, property damages, natural resource damages, damages to equipment, economic or business losses, investigation costs, remediation costs, restoration costs, treatment costs, other costs, prejudgment or post-judgment interest, attorneys' fees, injunctive or declaratory relief, and/or any other losses or detriment of any kind, past, present, or future, arising out of or in any way related to:

(a)     the use of MTBE or other oxygenates in gasoline, at any time and for any reason; and

(b)     the Gasoline Contamination, whether on account of acts or omissions that occurred before or after the Effective Date.

The entirety of this paragraph applies to, but is not limited to, any groundwater, property, aquifers, water resources, and wells accessed, accessible, managed, owned, operated and/or used, by the District, including later-acquired interests.

6.     <u>Waiver</u>.  In giving the release provided in Section 5 of this Agreement, the Releasing Party expressly waives any rights or benefits it might obtain pursuant to Section 1542 of the California Civil Code, which provides as follows:

A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

The Releasing Party understands and acknowledges the significance and consequence of the specific waiver of Section 1542 and hereby assumes full responsibility for any injury, loss,

<u>EXHIBIT A</u>

damage, or liability that may be incurred by reason of or related to the release provided herein and/or by the waiver of Section 1542.

The District further agrees to waive its rights and not exercise any powers concerning joint or cooperative activities authorized pursuant to Sec. 2, para 11 of the Act, and agrees to not commence or participate in any litigation asserting claims on behalf of any entity or individual as they relate to Gasoline Contamination and PDI.

7.      Good Faith Settlement.  This Agreement has been entered into in good faith after the District has had an opportunity to fully analyze and investigate its claims against PDI.  The District and PDI further agree that this Agreement is within the reasonable range of PDI's share of liability, if any, for the District's claims, and is in good faith in light of the factors to be considered, including but not limited to an approximation of the District's total potential recovery, PDI's proportionate liability, if any, and the amount paid in settlement.

8.      Condition Precedent.  With the exception of Section 4.a., the obligations of the parties hereto are expressly subject to, as a condition precedent, obtaining court approval of the settlement as a good faith settlement and entry of judgment under Federal Rule of Civil Procedure 54(b), as set forth in Section 4.a.

9.      No Admission.  This Agreement is a compromise intended to fully and finally resolve and settle all Claims and to buy peace and prevent any further involvement in the Litigation by the Released Parties, Neither the payment of any consideration hereunder nor anything else contained in this Agreement shall be interpreted or construed to be an admission on the part of, nor to the prejudice of, any party hereto. PDI expressly denies any and all liability associated with the Claims.

10.     Final Settlement.  The parties understand and agree that this Agreement shall act as a release of future Claims with respect to Gasoline Contamination that occurred prior to the date of this Agreement, whether such Claims are currently known, unknown, foreseen or unforeseen. Although the District will pursue product liability claims against the non-settling defendants, the District has no factual basis to assert that PDI acted negligently or was otherwise

6

EXHIBIT A

responsible for causing damage that will be pursued in that trial, and has not and will not not assert claims or causes of action arising out of acts or omissions of the Released Party in connection with pursuing claims against another party in the Litigation.

11.     <u>Binding Effect</u>.  This Agreement shall inure to the benefit of each party hereto or benefited thereby.  It is understood that the Litigation may be remanded to federal court or state court, and the court where the case was last pending shall retain jurisdiction to enforce the terms of this Agreement pursuant to California Code of Civil Procedure section 664 et seq.  The parties hereto specifically agree that this is a judicially supervised settlement pursuant to California Code of Civil Procedure section 664.6. In the event that any court shall refuse to accept jurisdiction to enforce the terms of this Agreement, the party seeking to enforce the terms may rely on procedures set forth under applicable California law.

12.     <u>Further Documents</u>.  To the extent any documents are reasonably required to be executed by either of the parties to effectuate this Agreement, each party hereto agrees to execute and deliver such other and further documents as may reasonably be required to carry out the terms of this Agreement

13.     <u>Further Actions</u>.  To the extent any actions are reasonably required to be taken by either of the parties to effectuate this Agreement, each party hereto agrees to take said actions as may reasonably be required to carry out the terms of this Agreement,

14.     <u>Representation</u>.  Each party represents and acknowledges that it has been represented by counsel with respect to this Agreement and any and all matters covered by or related to this Agreement.  Each party has been fully advised with respect to all rights that are affected by this Agreement.

15.     <u>No Modification</u>.  This Agreement contains the entire agreement between the parties regarding the matters set forth herein.  This Agreement may not be altered, amended, or modified in any respect, except by a writing duly executed by the party to be charged.  All prior agreements and understandings, whether oral or written, regarding the matters set forth herein are expressly superseded hereby and are of no further force or effect.

7

<u>EXHIBIT A</u>

16.    <u>Voluntary Agreement</u>.  Each party represents and warrants that it has read and understands the contents hereof, has executed this Agreement voluntarily, and has not been influenced by any person or persons or attorney acting on behalf of any party.

17.    <u>Number and Gender</u>.  Headings are used herein for convenience only and shall have no force or effect in the interpretation or construction of this Agreement. As used in this Agreement, the singular shall include the plural, and the masculine shall include the feminine and neutral genders,

18.    <u>Ownership of Claim</u>.  The District and its undersigned representative represent and warrant that this Agreement has been executed by an official duly authorized to do so on behalf of the District; that the District and its undersigned representative have or have obtained all requisite power and authority to execute, bind, deliver, and perform this Agreement on behalf of the District; that this Agreement has been duly and validly executed and delivered by the District's authorized agent; that any necessary governmental, corporate, or partnership authorizations to make this Agreement valid and binding on the District have been procured; that a certified copy of the requisite board or legislative resolution, power of attorney, secretary's certificate, or other documentation evidencing the authority of the person below to execute this Agreement on behalf of the District is enclosed; that in connection with the execution, delivery, and performance of this Agreement, the District has complied with all provisions of the Constitution and laws of the State of California and the respective charter, rules, and regulations of the District; that the execution, delivery, and performance of this Agreement by the District does not and will not contravene or constitute a default under any provision of applicable law or regulation or of any agreement, judgment, injunction, order, decree, memorandum of understanding, or contractual restriction binding on the District; that no further approval, authorization, consent, order, notice, filing, or registration with any governmental authority is required with respect to the execution, delivery, and performance by the District of this Agreement; and that this Agreement is the valid and legally binding obligation of the District, enforceable against the District in accordance with its terms. Furthermore, without limiting the

<u>EXHIBIT A</u>

generality of the foregoing, the District is not entitled to and expressly waives any immunity on any grounds with respect to the performance of its obligations under this Agreement or from any legal proceedings to enforce the obligations hereunder. The District further warrants that it will not challenge or contest the validity of this Agreement and forever waives any defense to the validity of the Agreement, including any defense based on any claim the Agreement is ultra vires, violative of the District's sovereign immunity, or otherwise void.

19. <u>Hold Harmless</u>. In consideration for the Settlement Payment to the District and other relief as provided for in this Agreement, the Releasing Party agrees to pay and fully satisfy any and all persons or entities entitled to receive any of the proceeds paid under this Agreement and to hold harmless the Released Parties from and against the following, to the extent permitted by law: any and all liens, assignments, subrogation claims, encumbrances, garnishments, security interests, or any other legally perfected right of another person or entity with respect to any monetary payment to be paid to the District as provided for in this Agreement.

20. <u>Applicable Law</u>. This Agreement shall be construed and interpreted in accordance with the laws of the State of California.

21. <u>Severability</u>. If any provision or any part of any provision of this Agreement is for any reason held to be invalid, unenforceable, or contrary to any public policy, law, statute, and/or ordinance, then the remainder of this Agreement shall not be affected thereby and shall remain valid and fully enforceable.

22. <u>Counterparts</u>. This Agreement may be executed in counterparts and as so executed shall constitute one agreement that shall be binding upon all parties hereto, notwithstanding that the signatures of all parties and parties' designated representatives do not appear on the same page.

23. <u>Warrants Authority</u>. Each person who executes this Agreement on behalf of a corporation, partnership, joint venture, unincorporated association, public authority, municipal corporation, government, or other entity, represents and warrants to the other party that he or she has the authority to do so.

9

<u>EXHIBIT A</u>

24.    <u>Confidentiality</u>.  The parties to this Agreement shall keep confidential (to the extent allowed by law) the content of any negotiations,  points of discussion, documents, communications, and supporting data utilized, prepared, or exchanged in connection with any negotiations that preceded this Agreement, as contemplated by Federal Rule of Evidence 408, except to effectuate Section 4.a. of the Agreement and as otherwise required by law. The Releasing Party further agrees that with respect to any communication to the media or press regarding the Litigation that references PDI, the District and PDI shall agree on a mutually acceptable statement.

25.    <u>Notices</u>.  All notices, requests, demands, claims, and other communications that are required or may be given pursuant to this Agreement must be in writing and delivered personally with written receipt, by a recognized overnight delivery service, or by telecopy, and e-mail to the parties at the addresses below (or to the attention of such other, different, or additional person or entity or such other address as any party may provide to the other party by notice in accordance with this paragraph). Any such notice or other communication will be deemed to have been given if (i) personally delivered, when so delivered, against written receipt, (ii) sent by a nationally recognized overnight delivery service that guarantees next day delivery, one Business Day after being so sent, or (iii) given by telecopier, once such notice or other communication is transmitted to the facsimile number specified below and the appropriate answer back or telephonic confirmation is received, provided that such notice or other communication is also delivered in accordance with (i) or (ii) above:

**FOR THE DISTRICT:**

Miller Axline & Sawyer
1050 Fulton Avenue, Suite 100
Sacramento, California 95825-4225
(916) 488-6688
(916) 488-4288 (facsimile)
toxictorts@toxictorts.org

<u>EXHIBIT A</u>

Joel D. Kuperberg
Rutan & Tucker
611 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-1931
(714)641-5100
(714) 546-9035 (facsimile)
JKuperberg@rutan.com


**FOR PDI:**

Michael A. Francis
Brian D. Langa
Demetriou, Del Guercio, Springer & Francis, LLP
801 South Grand Avenue, 10th Floor
Los Angeles, California 90017
(213) 624-8407
(213) 624-0174 (facsimile)
mfrancis@ddsffirm.com
blanga@ddsffirm.com

Andy Hausig
President
Petro-Diamond Incorporated
1100 Main Street
Second Floor
Irvine, California 92614-6714
(949) 553-0112
(949) 553-8295
ahausig@mail.petrodiamond.com

26.    <u>Admissibility of Agreement</u>.  The parties expressly agree that this Agreement is a protected communication under Evidence Code Section 1119.  However, the Agreement shall be admissible only for effectuating Section 4.a and 4.b of this Agreement and enforcing the terms hereto, under California Code of Civil Procedure Section 664.6.

27.    <u>Neutral Construction</u>.  The parties to this Agreement agree that this Agreement was negotiated fairly between them at arms length and that the final terms of this Agreement are the product of the parties' negotiations.  The parties agree that this Agreement shall be deemed to have been jointly and equally drafted by them and that the provisions of this Agreement

<u>EXHIBIT A</u>

therefore should not be construed against a party on the grounds that the party drafted or was more responsible for drafting the provision(s).

28. <u>Survival of Representations and Warranties</u>.  All representations and warranties of the parties to this Agreement have been and will be relied on by the other party to this Agreement, notwithstanding any investigation made by them.

29. <u>No Reservation of Claims</u>.  It is the express intention of the parties to this Agreement that the consideration stated herein fully and completely compensates and satisfies the District regarding all Claims against the Released Parties.  The District expressly contracts that it will not assist in or advance the claim of any other person or entity against the Released Parties, and that, except as assigned herein to the Released Parties, the District neither has nor will assign, pledge, or otherwise in any manner assign, sell, dispose of, or transfer any right, title, interest, or claim that the District has or may have against the Released Parties. No claim or cause of action of any type is reserved against the Released Parties, except as expressly set forth herein.

30. <u>Effective Date</u>.  The parties below named have executed this Agreement as of the date and year appearing below adjacent to the signatures of the parties.

Dated: _4-20_____ , 2011

APPROVED AS TO FORM

By_____
General Counsel for
Orange County Water District

Dated: _____ , 2011

ORANGE COUNTY WATER DISTRICT

By: _____
Its: _PRESIDENT_____

By: _____
Its: _GENERAL MANAGER_____

PETRO-DIAMOND INCORPORATED

By: _____
Its: _____

12

EXHIBIT A

therefore should not be construed against a party on the grounds that the party drafted or was more responsible for drafting the provision(s).

28.    <u>Survival of Representations and Warranties</u>.  All representations and warranties of the parties to this Agreement have been and will be relied on by the other party to this Agreement, notwithstanding any investigation made by them.

29.    <u>No Reservation of Claims</u>.  It is the express intention of the parties to this Agreement that the consideration stated herein fully and completely compensates and satisfies the District regarding all Claims against the Released Parties.  The District expressly contracts that it will not assist in or advance the claim of any other person or entity against the Released Parties, and that, except as assigned herein to the Released Parties, the District neither has nor will assign, pledge, or otherwise in any manner assign, sell, dispose of, or transfer any right, title, interest, or claim that the District has or may have against the Released Parties. No claim or cause of action of any type is reserved against the Released Parties, except as expressly set forth herein.

30.    <u>Effective Date</u>.  The parties below named have executed this Agreement as of the date and year appearing below adjacent to the signatures of the parties.


Dated: _____, 2011              ORANGE COUNTY WATER DISTRICT



                                         By: _____
                                         Its: _____




Dated: _____, 2011              PETRO-DIAMOND INCORPORATED


                                         By: _____
                                         Its: PRESIDENT _____


12

EXHIBIT A

APPROVED AS TO FORM:

MILLER, AXLINE & SAWYER
A Professional Corporation

Dated: _5-16_____, 2011

By: _____
    Duane C. Miller
    Attorneys for Plaintiff,
    Orange County Water District


APPROVED AS TO FORM:

DEMETRIOU, DEL GUERCIO, SPRINGER
& FRANCIS, LLP

Dated: _____, 2011

By: _____
    Brian D. Langa
    Attorneys for Defendant,
    Petro-Diamond Incorporated

EXHIBIT A

APPROVED AS TO FORM:                    MILLER, AXLINE & SAWYER
                                        A Professional Corporation


Dated: _____, 2011

                                        By: _____
                                             Duane C. Miller
                                             Attorneys for Plaintiff,
                                             Orange County Water District



APPROVED AS TO FORM:                    DEMETRIOU, DEL GUERCIO, SPRINGER
                                        & FRANCIS, LLP

Dated: _May 13_, 2011

                                        By: _____
                                             Brian D. Langa
                                             Attorneys for Defendant,
                                             Petro-Diamond Incorporated


13
EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

**In re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation**

MDL NO. 1358 (SAS)
Master File No. 1:00-1898

**STIPULATION AND ORDER OF DISMISSAL, WITH PREJUDICE UNDER FED. R. CIV. P. 41(a)(2)**

---

This Document Relates To:
*Orange County Water District v. Unocal Corp., et al.* 04 Civ. 4968 (SAS)

## STIPULATION AND ORDER OF DISMISSAL, WITH PREJUDICE UNDER FED. R. CIV. P. 41(a)(2)

Plaintiff Orange County Water District and Defendant Petro-Diamond Incorporated (collectively, the "Parties") have advised the Court that they have resolved the matters between them and agreed to the entry of this Stipulation and Order of Dismissal With Prejudice of the claims against Petro-Diamond Incorporated as indicated by the signature of the respective counsel below.  This Court finds that this Stipulated Order of Dismissal With Prejudice should be entered, with the findings included below:

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED as follows:

1.    This Court has jurisdiction over the Parties to this Stipulation and over the subject matter of this action.  The Parties to this Stipulation have advised the Court of their agreement to settle this matter pursuant to a Settlement Agreement and Release and this Stipulated Order of Dismissal With Prejudice.

1

Exhibit 1

2.      The Parties to this Stipulation consent to the dismissal of this action as to Petro-Diamond Incorporated only, including all claims and counterclaims, with prejudice.

3.      Each party shall bear its own costs and attorneys' fees.

AGREED AND ACCEPTED BY:


Dated: _____, 2011          Dated: _____, 2011


_____       _____
**DUANE C. MILLER**                      **BRIAN D. LANGA**
**MICHAEL AXLINE**                       **DEMETRIOU, DEL GUERCIO,**
**MILLER, AXLINE & SAWYER**              **SPRINGER & FRANCIS, LLP**
1050 Fulton Avenue, Suite 100            801 South Grand Avenue, Suite 1000
Sacramento, California 95825             Los Angeles, California  90017
Telephone:  (916) 488-6688              Telephone:  (213) 624-8407
Facsimile:  (916) 488-4288              Facsimile:  (213) 624-0174
dmiller@toxictorts.org                   blanga@ddsffirm.com
maxline@toxictorts.org


**ATTORNEYS FOR PLAINTIFF**              **ATTORNEYS FOR DEFENDANT**
**ORANGE COUNTY WATER**                  **PETRO-DIAMOND**
**DISTRICT**                             **INCORPORATED**


SO ORDERED:

Dated: _____, 2011

                                         _____
                                         The Honorable Shira A. Scheindlin
                                         United States District Judge


2

Exhibit 1