UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re: Methyl Tertiary Butyl Ether ("MTBE")
Products Liability Litigation

                                                    Master File No. 1:00-1898
                                                    MDL 1358 (SAS): M21-88

-----------------------------------------------------------------X

This Document Relates To:

*NJ Department of Environmental Protection, et al.*        **Civil Action No. 08-00312**

*Plaintiffs*
   *v.*

*Atlantic Richfield, Co., et al.*

*Defendants*
-----------------------------------------------------------------X

*Getty Properties Corp.*
*Defendant/Third-Party Plaintiff*

   *v.*

*Harbans Singh; Gurmail Singh; H.P. Delta, Inc.;*
*Robert Melecci; Dhandi Transport, Inc.;*
*and John and Jane Does Nos. 1 - 100*

*Third-Party Defendants*
-----------------------------------------------------------------X

## ANSWER OF DEFENDANT/THIRD-PARTY PLAINTIFF GETTY PROPERTIES CORP. TO THIRD-PARTY DEFENDANT H.P. DELTA, INC.'S AFFIRMATIVE DEFENSES AND COUNTERCLAIMS IN THEIR ANSWER TO THE THIRD-PARTY COMPLAINT

Defendant/Third-Party Plaintiff, Getty Properties Corp. ("GPC"), by and through its

attorneys, Rawle & Henderson LLP, hereby answers the Affirmative Defenses and

Counterclaims of Third-Party Defendant H.P. Delta, Inc. ("H.P. Delta") as follows:

## ANSWER TO AFFIRMATIVE DEFENSES

1.      Denied.  GPC denies this affirmative defense as it contains conclusions of law to

which no responsive pleading is required.

2.     Denied.  GPC denies this affirmative defense as it contains conclusions of law to which no responsive pleading is required.

3.     Denied.  GPC denies this affirmative defense as it contains conclusions of law to which no responsive pleading is required.

4.     Denied.  GPC denies this affirmative defense as it contains conclusions of law to which no responsive pleading is required.

5.     Denied.  GPC denies this affirmative defense as it contains conclusions of law to which no responsive pleading is required.

6.     Denied.  GPC denies this affirmative defense as it contains conclusions of law to which no responsive pleading is required.

7.     Denied.  GPC denies this affirmative defense as it contains conclusions of law to which no responsive pleading is required.

8.     Denied.  GPC denies this affirmative defense as it contains conclusions of law to which no responsive pleading is required.

9.     Denied.  GPC denies this affirmative defense as it contains conclusions of law to which no responsive pleading is required.

10.     Denied.  GPC denies this affirmative defense as it contains conclusions of law to which no responsive pleading is required.

11.     Denied.  GPC denies this affirmative defense as it contains conclusions of law to which no responsive pleading is required.

12.     Denied.  GPC denies this affirmative defense as it contains conclusions of law to which no responsive pleading is required.

13.     Denied.  GPC denies this affirmative defense as it contains conclusions of law to which no responsive pleading is required.

14.     Denied.  GPC denies this affirmative defense as it contains conclusions of law to which no responsive pleading is required.

15.     Denied.  GPC denies this affirmative defense as it contains conclusions of law to which no responsive pleading is required.

WHEREFORE, Defendant/Third-Party Plaintiff, Getty Properties Corp. requests that this Honorable Court dismiss the affirmative defenses of Third-Party Defendant H.P. Delta, Inc.

## ANSWER TO COUNTERCLAIMS

1.     The allegations contained in this paragraph are legal conclusions for which no response is required.  If a response is required, the allegations are denied.

2.     Admitted.  By way of further answer, Plaintiff New Jersey Department of Environmental Protection's Third Amended Complaint, being in writing, speaks for itself.

3.     Admitted.  By way of further answer, GPC's Third-Party Complaint and H.P. Delta's Counterclaim, being in writing, speak for themselves.

4.     Admitted.

5.     Admitted.

6.     Admitted upon information and belief.

7.     Admitted

8.     Admitted upon information and belief.

9.     Admitted upon information and belief.

10.    Admitted upon information and belief.

11.    Admitted upon information and belief.

12.     Admitted.  By way of further answer, the Notice and Directive, being in writing, speaks for itself.

13.     Denied.

14.     Denied as stated.

15.     Denied.

COUNT I
NEGLIGENCE

16.     GPC incorporates by reference as though fully set forth herein the answers contained in paragraphs 1-15 above.

17.     Denied.  GPC denies this Counterclaim as it contains conclusions of law to which no responsive pleading is required.  If a response is required, the allegations are denied.

18.     Denied.  GPC denies this Counterclaim as it contains conclusions of law to which no responsive pleading is required.  If a response is required, the allegations are denied.

19.     Denied.  GPC denies this Counterclaim as it contains conclusions of law to which no responsive pleading is required.  If a response is required, the allegations are denied.

20.     Denied.  GPC denies this Counterclaim as it contains conclusions of law to which no responsive pleading is required.  If a response is required, the allegations are denied.

21.     Denied.  GPC denies this Counterclaim as it contains conclusions of law to which no responsive pleading is required.  If a response is required, the allegations are denied.

WHEREFORE, Defendant/Third-Party Plaintiff, Getty Properties Corp. demands judgment in its favor and requests the Court grant such other and further relief that may be just and appropriate.

<u>COUNT II</u>
<u>NEW JERSEY SPILL COMPENSATION AND CONTROL ACT</u>

22.    GPC incorporates by reference as though fully set forth herein the answers contained in paragraphs 1-21 above.

23.    The Spill Act, a written document, speaks for itself.

24.    The Spill Act, a written document, speaks for itself.

25.    Denied.  GPC denies this Counterclaim as it contains conclusions of law to which no responsive pleading is required.  If a response is required, the allegations are denied.

26.    Denied.  The allegations contained in this Counterclaim are denied for lack of sufficient information to justify a belief therein.  By way of further response, H.P. Delta has refused to remediate the Property and therefore, has not incurred any costs.

27.    Denied.  GPC denies this Counterclaim as it contains conclusions of law to which no responsive pleading is required.  If a response is required, the allegations are denied.

28.    Denied.  GPC denies this Counterclaim as it contains conclusions of law to which no responsive pleading is required.  If a response is required, the allegations are denied.

WHEREFORE, Defendant/Third-Party Plaintiff, Getty Properties Corp. demands judgment in its favor and requests the Court grant such other and further relief that may be just and appropriate.

<u>COUNT III</u>
<u>DECLARATORY JUDGMENT</u>

29.    GPC incorporates by reference as though fully set forth herein the answers contained in paragraphs 1-28 above.

30.    Denied.  GPC denies this Counterclaim as it contains conclusions of law to which no responsive pleading is required.  If a response is required, the allegations are denied.

WHEREFORE, Defendant/Third-Party Plaintiff, Getty Properties Corp. demands judgment in its favor and requests the Court grant such other and further relief that may be just and appropriate.

## COUNT IV
### INDEMNIFICATION

31.     GPC incorporates by reference as though fully set forth herein the answers contained in paragraphs 1-30 above.

32.     Denied.  GPC denies this Counterclaim as it contains conclusions of law to which no responsive pleading is required.  If a response is required, the allegations are denied.

WHEREFORE, Defendant/Third-Party Plaintiff, Getty Properties Corp. demands judgment in its favor and requests the Court grant such other and further relief that may be just and appropriate.

**RAWLE & HENDERSON LLP**


By:     /s/ John C. McMeekin
        John C. McMeekin II, Esquire (JM8956)
        Susan M. Dean, Esquire
        The Widener Building
        One South Penn Square
        Philadelphia, PA 19107
        Telephone:  215-575-4200
        jmcmeekin@rawle.com
        sdean@rawle.com

        Attorneys for Defendant/Third-Party
        Plaintiff Getty Properties Corp.

Date: May 31, 2011

## <u>CERTIFICATION OF SERVICE</u>

I, John C. McMeekin, Esquire, an attorney for Defendant/Third-Party Plaintiff Getty Properties Corp. certifies that on this date, a copy of the Answer of Defendant/Third-Party Plaintiff Getty Properties Corp. to Third-Party Defendant H.P. Delta's Affirmative Defenses and Counterclaims in Their Answer to the Third-Party Complaint was served upon all parties of record via the Court's Electronic Case Filing System and via LexisNexis File and Serve.

<u>/s/ John C. McMeekin</u>
John C. McMeekin, Esquire

Date: May 31, 2011