187.    ExxonMobil is not liable for any alleged wrongful entry upon land because plaintiffs and/or plaintiffs' predecessors in interest or assignors expressly or impliedly consented to or had knowledge of all such activities or conditions.

188.    ExxonMobil alleges that to the extent plaintiffs are claiming damages for the cost of remediation due to plaintiffs' alleged compliance with primary or secondary drinking water standard or other regulations enacted by the State of California or any other governmental body, those claims are unconstitutional because they constitute an ex post facto application of a regulation disallowed by Art. 1, sec. 9 of the U.S. Constitution.

189.    The complaints and each purported cause of action are barred, in whole or in part, by federal and state law, including but not limited to, the Supremacy Clause of the United States Constitution, U.S. Const. art. VI, cl. 2; the Clean Air Act, 42 U.S.C. § 7401, et seq.; the Toxic Substances Control Act, 15 U.S.C. § 2601, et seq.; and rules, regulations, and decisions there under.

190.    ExxonMobil alleges that the maximum contaminant level or other drinking water standard, to the extent they form the bases of plaintiffs' claims against ExxonMobil was/were arbitrarily and unreasonably enacted without due process and, therefore, cannot be enforced against ExxonMobil.

191.    The complaints and each purported cause of action are barred to the extent that federal and/or California state agencies have exonerated ExxonMobil and/or determined that any ExxonMobil facility did not contribute to the presence of MTBE in the relevant groundwater for which plaintiffs are asserting damages.

192.    The complaints and each purported cause of action are barred because plaintiffs do not own or have abandoned, lost, waived, given up, or otherwise failed to perfect any rights,

including but not limited to use rights related to any water that is the subject of the complaints. Plaintiffs' claims are also barred because under California law, the water that is the subject of the complaints is the property of the State of California, not of plaintiffs.

193.    The complaints and each purported cause of action are barred to the extent that such claims have been satisfied by payments or provision of alternate water supplies by ExxonMobil, defendants, or third parties.

194.    The complaints and each purported cause of action are barred to the extent that plaintiffs have assigned rights and claims for certain damages and other relief, if any, to ExxonMobil, other defendants, or third parties.

195.    If plaintiffs sustained any injury under the circumstances alleged in the complaints or in any other respect, their recovery against ExxonMobil, if any, is barred by the alleged conduct and conditions resulted from a necessity.

196.    Plaintiffs' claims are barred, in whole or in part, as the result of their own knowing or negligent conduct that caused or contributed to MTBE and/or TBA contamination giving rise to these claims.

**ILLINOIS**

197.    The complaints and each purported cause of action are barred by the applicable provisions of the pertinent statutes of limitations, including but not limited to, 735 ILCS 5/13-205.

198.    Plaintiffs' recovery is barred, in whole or in part, due to their contributory fault, pursuant to 735 ILCS 5/2-1116.

**INDIANA**

199.   The complaints and each purported cause of action are barred by the applicable provisions of the pertinent statutes of limitations, including but not limited to, Ind. Code. Ann. 34-20-3-1.

200.   Plaintiffs' product liability design defect claims are barred, in whole or in part, because no alleged act or omission by ExxonMobil gave rise to design defect liability pursuant to Indiana's Product Liability Act, as set forth in Ind. Code. Ann. 34-20-2-1.

201.   Plaintiffs' product liability claims fail because ExxonMobil had no duty to warn plaintiffs, as plaintiffs knew or should have known of the alleged danger.  Ind. Code. Ann. 34-20-6-1 and 34-20-6-3.

202.   Plaintiffs' product liability claims fail because ExxonMobil manufactured its products in conformity with generally recognized state of the art.  Ind. Code. Ann. 34-20-6-1 and 34-20-5-1.

203.   Any duty to warn, if one existed at all, was discharged pursuant to Ind. Code. Ann. 34-20-6-1 and 34-20-6-3 because the alleged defects, if any, were open and obvious to plaintiffs.

204.   Plaintiffs voluntarily and unreasonably assumed the risk of injury, thereby relieving ExxonMobil of liability.  Ind. Code. Ann. 34-20-6-1 and 34-20-6-3.

205.   Any alleged design defect was not the proximate cause of the plaintiffs' injuries or harm.

206.   Plaintiffs' alleged injuries, if any, resulted from the misuse of the product by the plaintiffs or other persons, and such misuse was not reasonably expected by ExxonMobil at the time that it sold or otherwise conveyed the product to the other party. Ind. Code. Ann. 34-20-6-4.

207.   Plaintiffs' claims for public nuisance should be dismissed because at no time did any act or omission attributable to ExxonMobil or its products interfere with the plaintiffs' comfortable enjoyment of life or property. Ind. Code. Ann. 34-19-1-1.

208.   Plaintiffs have failed to state a cause of action for public nuisance because ExxonMobil's alleged conduct is not unreasonable upon comparison of its alleged conduct with plaintiffs' competing interests. Ind. Code. Ann. 34-19-1-1.

209.   Plaintiffs' recovery is barred by their contributory fault, which is greater than the fault of all persons whose fault may have proximately contributed to plaintiffs' damages. Ind. Code. Ann. § 34-51-2-6.

**MARYLAND**

210.   The Complaint fails to state a claim upon which relief can be granted under Maryland law.

211.   Plaintiffs have failed to state a claim for private nuisance because they have not suffered substantial and unreasonable interference with the use and enjoyment of their properties.

212.   Plaintiffs have failed to state a claim for private nuisance because they have neither alleged nor suffered substantial interference with the use and enjoyment of their properties.

213.   Plaintiffs have failed to state a claim for trespass because they have neither alleged nor suffered an invasion of an exclusive possessory interest in their properties.

214.   Plaintiffs' claims of negligence and strict liability are barred in whole or in part by the economic loss rule under Maryland law.

215.    Plaintiffs have failed to state a claim for strict liability for abnormally dangerous activity because ExxonMobil's alleged conduct does not constitute abnormally dangerous activity under Maryland law.

216.    Plaintiffs' claims are barred, in whole or in part, because at all times relevant and material to this action ExxonMobil's conduct comported with available technological, medical, scientific, and industrial state of the art.

217.    Under Maryland law, medical monitoring is neither a cognizable cause of action nor a cognizable form of relief.

218.    Plaintiffs' causes of action are barred by the applicable provisions of the pertinent statutes of limitations, including but not limited to Md. Code Ann., Cts. & Jud. Proc. § 5-101.

219.    Plaintiffs' causes of action are barred in whole or in part because ExxonMobil owed no legal duty to Plaintiffs; if ExxonMobil did owe a legal duty to Plaintiffs, it did not breach that duty.

220.    Plaintiffs' claims are barred in whole or in part by the doctrine of contributory negligence.

221.    The damages, if any, of which Plaintiffs complain resulted from the negligence of persons whose negligence is imputed to Plaintiffs, and for whose conduct ExxonMobil is not responsible, and not from any act or omission on the part of ExxonMobil.

222.    Any loss, injury, or damage incurred by Plaintiffs was proximately caused by the negligent or willful acts or omissions of persons whom ExxonMobil neither controlled nor had the rights to control; and such loss, injury, or damage therefore was not proximately caused by any act, omission, or other conduct of ExxonMobil.

223.    Should Plaintiffs recover damages from ExxonMobil, then ExxonMobil is entitled to contribution, set-off, or indemnification, either in whole or in part, from all persons or entities whose negligence or fault proximately caused or contributed to Plaintiffs' damages, if any there were.

224.    Plaintiffs' causes of action are barred in whole or in part because the dangers alleged by Plaintiffs, if they existed at all, were open and obvious.

225.    If ExxonMobil is found liable in any cause of action for damages for personal injury, any award for noneconomic damages is subject to the limitations set forth in Md. Code Ann., Cts. & Jud. Proc. § 11-108.

226.    ExxonMobil's alleged conduct does not support an award of punitive damages under the common law of Maryland.

227.    The law of Maryland for the assessment of punitive damages does not comport with the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

228.    The amount of punitive damages sought by Plaintiffs is unconstitutional under the Fourteenth Amendment to the United States Constitution and under Article 24 of the Maryland Declaration of Rights.

229.    The amount of punitive damages sought by Plaintiffs is excessive under the common law of Maryland.

230.    Plaintiffs' claims are or may be barred in whole or in part to the extent that Plaintiffs have released, settled, entered into an accord and satisfaction with respect to, or otherwise compromised their claims.

**MASSACHUSETTS**

231.   The complaints and each purported cause of action are barred by the applicable provisions of the pertinent statutes of limitations, including but not limited to Mass. Gen. Laws Ann. Ch. 260 § 2A.

232.   Plaintiffs' claims are barred because their negligence is greater than the alleged negligence of ExxonMobil.  Mass. Gen. Laws Ann. Ch. 231 § 85.

**MISSOURI**

233.   The complaints and each purported cause of action are barred by the applicable provisions of the pertinent statutes of limitations, including but not limited to  Mo. Ann. Stat. §§ 516.100, 516.120 and 516.010.

234.   Plaintiffs' recovery is barred or must be reduced, in whole or in part, based on the doctrine of comparative fault.  Mo. Ann. Stat. § 537.765.

235.   Any duty to warn, if one existed at all, was discharged pursuant to Mo. Ann. Stat. § 537.760, because the alleged defects, if any, were open and obvious to plaintiffs.

236.   Plaintiffs' product liability claims fail because ExxonMobil had no duty to warn plaintiffs, as plaintiffs knew or should have known of the alleged danger.  Mo. Ann. Stat. § 537.760.

237.   Plaintiffs' product liability claims fail because ExxonMobil's products were in conformity with the generally recognized state of the art.  Mo. Ann. Stat. §§ 537.764 and 537.760.

238.   Plaintiffs' product liability claims fail because ExxonMobil's products, at the time they were sold, were not in a defective condition or unreasonably dangerous when put to a reasonably anticipated use.  Mo. Ann. Stat. § 537.760.

239.    Any alleged defective condition of ExxonMobil's products at the time they were sold, was not the proximate cause of plaintiffs' injuries or harm.  Mo. Ann. Stat. § 537.760.

240.    Plaintiffs' alleged injuries, if any, resulted from use of the product that was not reasonably anticipated by ExxonMobil at the time that they sold or otherwise conveyed the product.  Mo. Ann. Stat. § 537.760.

241.    Plaintiffs' recovery of punitive damages arising out of their alleged injury is limited under Mo. Ann. Stat. § 510.265.

242.    Plaintiff's trespass claim, private nuisance claim and the monetary damages portion of its common law public nuisance claim are barred to the extent Plaintiff is seeking damages to recover for MTBE contamination allegedly affecting property or wells not actually owned by the Plaintiff.

243.    Plaintiffs have failed to state a claim for public nuisance because ExxonMobil's alleged conduct does not constitute an interference with a right common to the general public under Missouri law.

244.    Plaintiffs have failed to state a claim for private nuisance because they have neither alleged nor suffered substantial interference with the use and enjoyment of their properties.

245.    Plaintiffs have failed to state a claim for private nuisance because ExxonMobil's alleged conduct was not an unreasonable, an unusual, or an unnatural use of property under Missouri law.

246.    Plaintiffs have failed to state a claim for trespass because they have neither alleged nor suffered an invasion of an exclusive possessory interest in their properties.

247.    Plaintiffs have failed to state a claim for trespass because they have neither alleged nor suffered a direct and actual interference with the possession of their land under Missouri law.

248.    ExxonMobil's conduct did not meet the minimum requirements of culpability with respect to each material element of the alleged offense of civil conspiracy in order to be found liable under Missouri law.

249.    Plaintiffs have failed to state a claim for civil conspiracy because ExxonMobil's alleged conduct does not meet any of the elemental requirement for that claim under Missouri law.

**NEW JERSEY**

250.    The complaints and each purported cause of action are barred by the applicable provisions of the pertinent statutes of limitations, including but not limited to, N.J. Stat. Ann. § 2A:14-2.

251.    ExxonMobil's conduct did not meet the minimum requirements of culpability with respect to each material element of the alleged offenses of civil conspiracy, public nuisance, and negligence, according to the applicable provision of N.J. Stat. Ann. § 2C:2-2, and, therefore, plaintiffs' claims on these counts should be dismissed.

252.    Plaintiffs' claims are barred by the entire controversy doctrine and the principles of *res judicata*.

253.    ExxonMobil is not "in any way responsible" for a hazardous substance as is required under the New Jersey Spill Compensation and Control Act ("Spill Act").

254.    ExxonMobil did not "discharge" a hazardous substance as required under the Spill Act.

255.   Plaintiffs have not incurred "cleanup and removal costs" under the Spill Act.

256.   Plaintiffs' claim for treble damages under the Spill Act is barred as Plaintiffs have failed to comply with the requirements set forth in the Spill Act.

257.   Plaintiffs' claim for treble damages under the Spill Act is barred as ExxonMobil had good cause for not entering into a settlement agreement with Plaintiffs and because principles of fundamental fairness will be violated by such an award.

258.   Plaintiffs' claims are barred by the doctrine of primary jurisdiction in that the New Jersey Department of Environmental Protection ("NJDEP") is responsible for directing and allocating responsibility for investigation and remediation of the environmental condition alleged in the Complaint.

259.   Plaintiffs' claims are barred in that ExxonMobil has complied with, and satisfied, all applicable laws, regulations, rules, orders, directives and/or other requirements of the NJDEP and/or other state or federal agencies regarding the environmental condition alleged in the Complaint.

260.   Plaintiffs were contributorily and comparatively negligent and therefore their claims are barred or diminished by such negligence under the Comparative Negligence Act and common law.

261.   Plaintiffs' claims are frivolous.  ExxonMobil reserves the right to move at any time for attorneys' fees and costs in accordance with the New Jersey Frivolous Claims Statute, or pursuant to R.1:4-8.

262.   Plaintiffs' method of assessing natural resource damages was not adopted in a manner consistent with the Administrative Procedures Act, N.J.S.A. § 52:14B-2(e).

263.   Plaintiffs' claims for natural resource damages are in excess of any sovereign rights transmitted to New Jersey by the British Crown at independence, and if upheld would be unconstitutional violation of the Equal Footing Doctrine.

264.   Plaintiffs' claims are barred, in whole or in part, by the statutory defenses to liability provided by the Spill Act.

265.   Plaintiffs' claims under the Spill Act are not ripe, since clean up and remediation have not been completed.

266.   Plaintiffs' claims under the Spill Act are barred, in whole or in part, because the claims asserted are preempted by federal law, including, without limitation the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. § 9601 et seq.

267.   Any injury or damages suffered by plaintiffs have been increased by plaintiffs' failure to mitigate their damages, in that (1) the policies and activities of the State of New Jersey and its agencies during the period of time for which plaintiffs seek damages have caused damage to natural resources greater than that would otherwise have occurred; and (2) the State and its agencies have failed to take reasonable measures available to them to reduce damages.

268.   Plaintiffs' claims under the Spill Act are barred to the extent plaintiffs seek relief for conduct occurring or damages incurred prior to the effective date of the Spill Act.

269.   Plaintiffs have failed to join parties needed for the just adjudication of the Plaintiffs' claims, in whose absence complete relief cannot be afforded the existing parties pursuant to *N.J.Ct.R.* 4:28-1.

270.   Plaintiffs' claims are barred, in whole or in part, by plaintiffs' failure to comply with the prerequisites to liability under the Spill Act, including without limitation plaintiffs' incurring of costs not authorized by the Spill Act and plaintiffs' failure to direct clean up and

remediation operations in accordance with the National Contingency Plan to the greatest extent possible.

271.    Plaintiffs have no authority or standing, in their *parens patriae* capacity or otherwise, to recover damages on behalf of private individuals.

**NEW YORK**

272.    The complaints and each purported cause of action are barred by the applicable provisions of the pertinent statutes of limitations, including but not limited to, N.Y. Civ. Prac. L. & R. § 214.

273.    Plaintiffs' claims pursuant to New York General Business Law § 349 should be dismissed for failure to plead facts sufficient to show that defendants engaged in "consumer-oriented" conduct that had a broad impact on consumers at large which injured the plaintiffs as within the intended ambit of the statute.

274.    Plaintiffs' claims pursuant to New York General Business Law § 349 should be dismissed because plaintiffs are not consumers under § 349.

275.    Plaintiffs' claims pursuant to New York General Business Law § 349 should be dismissed because the alleged deceptive conduct for which the plaintiffs seek redress does not fall within the ambit of the statute, as the plaintiffs' injuries did not arise by reason of any alleged violation of GBL § 349.

276.    Plaintiffs' claims pursuant to New York General Business Law § 349 should be dismissed as compliance with the Federal Trade Commission Act, 15 U.S.C.A. § 45 is a complete defense to an action brought under GBL § 349.

277.    Plaintiffs' claims pursuant to New York General Business Law § 349 should be dismissed because any act or practice of ExxonMobil complied with the rules and regulations of,

and the statutes administered by, the Federal Trade Commission, or any official department, division, commission or agency of the United States.

278.   If ExxonMobil is found liable for any non-economic loss allegedly suffered by plaintiffs, and such liability equals fifty percent or less of the total liability of all persons liable, and the aggregate liability of such other persons equals or exceeds fifty percent of the total liability, then, pursuant to Civil Practice Law and Rules Article 16, ExxonMobil's liability to plaintiffs for non-economic loss shall not exceed ExxonMobil's equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for such non-economic loss.

**PENNSYLVANIA**

279.   The complaints and each purported cause of action are barred by the applicable provisions of the pertinent statutes of limitations, including but not limited to, 42 Pa. Cons. Stat. Ann. § 5524.

280.   ExxonMobil's conduct did not meet the minimum requirements of culpability with respect to each material element of the alleged offenses of civil conspiracy, public nuisance, and negligence in order to be found liable according to the applicable provision of 18 Pa. Cons. Stat. Ann. § 302, and, therefore, plaintiffs' claims on these counts should be dismissed.

281.   Plaintiffs' claims for public nuisance are barred because at all relevant times, neither ExxonMobil nor its products violated any orders or regulations adopted by the Pennsylvania Department of Environmental Resources. 35 Pa. Cons. Stat. Ann. § 691.503.

**PUERTO RICO**

282.    The Commonwealth's complaint fails to state a claim which would entitle it to relief.

283.    The Commonwealth's authority is limited by those powers conferred by the Constitution of the Commonwealth, the legislature in the laws of Puerto Rico and the Congress of the United States of America in federal legislation.

284.    The Environmental Quality Board's ("EQB") authority is limited by those powers delegated to it through it's Organic act and other enabling legislation.

285.    The Commonwealth is not exempted from meeting the same burden of proof as any other plaintiff in an action for damages, in accordance with Art. 1802 of the Puerto Rico Civil Code.

286.    Insofar as the Commonwealth seeks to recover damages through the action authorized by the Public Policy Environmental Act ("PPEA"), it is barred from recovering under common law theories, such as public nuisance, trespass, strict products liability and negligence.

287.    Future costs are not authorized by P.R. Laws Ann. tit. 32 § 2761.

288.    Trespass is not an acknowledged cause of action under the Puerto Rico Civil Code or as an equitable cause of action for acts or omissions occurring within the jurisdiction of Puerto Rico.

289.    The Commonwealth's complaint fails to plead the elements of a negligence claim under Art. 1802 of the Puerto Rico Civil Code with sufficient clarity, specificity, and particularity, including the alleged damages sustained by the Commonwealth, the alleged acts or omissions of Defendant and the causal nexus.

290.    If it is determined that the Commonwealth or anyone on whose behalf the Commonwealth is allegedly suing, was injured, as set forth in the complaints, which Defendants

deny, any award of damages must be reduced in proportion to the percentage of fault attributable to the Commonwealth and/or to third parties (including but not limited to persons or entities responsible for gasoline leaks or spills).

291.   The Commonwealth lacks standing to bring a citizen suit under Puerto Rico Public Policy Environmental Act. P.R. Laws Ann. tit. 12 § 8001 et seq.

292.   Defendants are not liable under the PPEA because it has followed and complied with all applicable, if any, dispositions and regulations promulgated under the PPEA.

293.   Defendants are not liable under the PPEA because its actions have not, in any manner, contributed or created any damage or degradation to any of the Commonwealth's natural resources.

294.   Defendants are not liable under the PPEA because releases, if any, were caused by an act or omission of a third party and Defendant exercised due care and took precautions against foreseeable acts of a third party.

295.   The Commonwealth lacks standing to bring a suit for alleged violations to the Water Pollution Control Act ("WPCA"), P.R. Laws Ann. tit. 24 § 591 et seq.

296.   MTBE is not considered "other" pollutant as defined in the WPCA. P.R. Laws Ann. tit. 24 § 591(h).

297.   Defendants are not liable under the WPCA because the prohibitions, as well as the definitions contained in the WPCA, are unconstitutionally vague.

298.   MTBE is not considered a "Pollutant" by the Commonwealth's Water Quality Standards Regulations, Department of State Regulation No. 6616.

299.   Defendants are not liable under the Water Quality Standards Regulations because MTBE is not regulated nor limited under the Water Quality Standards Regulations.

300.   Defendants are not liable under the Water Quality Standards Regulations because releases, if any, were caused by an act of God.

301.   Defendants are not liable under the Water Quality Standards Regulations because releases, if any, were caused by an act or omission of a third party and Defendants exercised due care and took precautions against foreseeable acts of a third party.

302.   MTBE is not considered a "Regulated Substance" as defined in the Commonwealth's Underground Storage Tank Regulations, Department of State Regulation No. 4362.

303.   Defendants are not liable under the Underground Storage Tank Regulations because MTBE is not regulated or limited under such regulations.) Defendants are not liable under the Underground Storage Tank Regulations because releases, if any, were caused by an act of God.

304.   The Commonwealth's claim under RCRA fails because the Commonwealth has failed to allege that Defendants have violated RCRA Subchapter III.

305.   Recovery is barred or must be reduced, in whole or in part, based on the doctrine of comparative negligence.

306.   The Commonwealth's claim must be decreased by the proportion of harm for which the Commonwealth is liable due to its concurrent imprudence.

307.   The Commonwealth's award, if any, must be reduced in proportion to the damages for which purchasers of gasoline are liable due to their concurrent imprudence.

308.   The Commonwealth's request that the court order Defendants to remediate impacted water, if any, to pre-injury quality is unrealistic insofar as the costs associated with a zero-tolerance rule make such a goal impracticable.

309.   The Commonwealth has not established defendant's intent to trespass on the land owned by the Commonwealth.

310.   The Commonwealth does not own the land allegedly trespassed.

311.   The Commonwealth has not suffered any damages to its personal enjoyment of life or property.

312.   The Commonwealth cannot recover for the risks inherent to unintended uses of Defendant's products.

313.   The Commonwealth has not identified any significant property interest or quasi sovereign interest arising to an objectively significant harm affected by Defendants' activities related to MTBE

314.   No public nuisance exists because no act or omission by or on behalf of any of the Defendants caused or will cause injury to health or offense to the senses, or is a nuisance to the well being of any neighborhood, or to a large number of persons as required by P.R. Laws Ann. tit. 32 § 2761.

315.   Defendants are not liable for any alleged public nuisance because the Commonwealth, through its acts and omissions, impliedly consented to and had knowledge of all activities and conditions alleged in the complaint.

316.   No public nuisance exists because the Defendants' activity does not constitute an ultrahazardous activity or an illegal hazardous activity.

317.   The Commonwealth's request for a permanent injunction should be denied because it is a drastic measure and the court should first provide the Defendants a reasonable time to eliminate or lessen the nuisance caused by MTBE, if any.

318.   Any nuisance caused by Defendants is unintentional and not the result of Defendants' reckless acts or ultrahazardous activities.

319.   Plaintiffs have no authority or standing, in their *parens patriae* capacity or otherwise, to recover damages on behalf of private individuals.

**********

320.   For each State described above, ExxonMobil incorporates by reference any affirmative defense, whether general or specific to another State, alleged herein or by other defendants in MDL 1358.

321.   The pleading of the defenses described above shall not be construed as an undertaking by ExxonMobil of any burden which would otherwise be the responsibility of plaintiffs.


**WHEREFORE**, ExxonMobil requests entry of judgment dismissing the complaints with prejudice, and awarding ExxonMobil its costs and attorneys' fees, and such other relief as the Court may deem just and proper.

## EXXON MOBIL CORPORATION'S AMENDED MASTER CROSS-CLAIMS AGAINST JOHN AND JANE DOES NOS. 501-1000[1]

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Defendants and Cross-Plaintiffs Exxon Mobil Corporation, Exxon Mobil Chemical Company, ExxonMobil Oil Corporation, ExxonMobil Pipeline Company, Esso Standard Oil Company (Puerto Rico) and Mobil Corporation (collectively "ExxonMobil"), by their undersigned counsel, hereby bring these Cross-Claims against Cross-Defendants John and Jane Does nos. 501-1000, presently Defendants in this action but whose identity is unknown, in *In Re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation* ("MDL 1358") for all cases in which an answer is presently required, and in which they have properly named and served, and in support thereof, aver as follows:

### Background

1.     Plaintiffs commenced civil actions in Illinois, Indiana, Maryland, Massachusetts, Missouri, New Jersey, New York, Pennsylvania, and the Commonwealth of Puerto Rico against ExxonMobil and other purported manufacturers, designers, refiners, formulators, distributors, suppliers, sellers, and marketers of the gasoline additive MTBE and/or gasoline products containing MTBE for alleged damages resulting from the contamination or threatened contamination of plaintiffs' groundwater or water systems by MTBE and/or gasoline containing MTBE. Certain of the complaints also contain allegations relating to TBA.

2.     Specifically, plaintiffs allege negligence, public and private nuisance, trespass, civil conspiracy, breach of warranty, violation of state environmental/spill acts, strict liability

---

[1] In an email dated July 20, 2005, Her Honor stated that cross-claims relating to the California actions did not have to be asserted with this Master Answer. Accordingly, ExxonMobil is not asserting cross-claims in the California actions at this time. ExxonMobil reserves the right to assert such cross-claims in the future in accordance with the schedule set by the Court or the parties.

due to abnormally dangerous activity, and a variety of product liability theories against ExxonMobil (and related entities) and the other named Defendants.

3.     In virtually all instances, plaintiffs' complaints fail to identify – or name as defendants – the entities or persons responsible for spilling, leaking or otherwise releasing into the environment the MTBE, TBA, tert-amyl methyl ether ("TAME"), or gasoline containing MTBE, TBA, or TAME that led to the contamination or threatened contamination they allege. Nor have plaintiffs identified the locations of each well they allege is contaminated or threatened with contamination.

**Parties, Jurisdiction, and Venue**

4.     Exxon Mobil Corporation ("ExxonMobil") is a New Jersey corporation with its principal place of business in Irving, Texas.

5.     Cross-Defendants are individuals and/or entities, Defendants in this action but whose exact identities, locations, and actions are presently unknown to ExxonMobil, and who are responsible for any and all damages allegedly sustained by plaintiffs.  The exact identities, locations and actions of the Defendants also named as Cross-Defendants depend on further discovery and/or determinations regarding, among other things, the locations of the wells plaintiffs allege are contaminated or threatened with contamination.

6.     Cross-Defendants' offending conduct, as described herein, took place in substantial part in Illinois, Indiana, Maryland, Massachusetts, Missouri, New Jersey, New York, Pennsylvania, and the Commonwealth of Puerto Rico in relative proximity to the contaminated or threatened groundwater or water systems in which plaintiffs claim to have an interest.

7.     Jurisdiction is proper in this Court under 28 U.S.C. § 1367, in that the claims set forth herein are so related to the claims in plaintiffs' Complaints that they form part of the same case or controversy.

8.    Venue is proper in this Court under 28 U.S.C. § 1391 and Federal Rule of Civil Procedure 13.

**Cross-Defendants' Unlawful Conduct**

9.    Plaintiffs allege that ExxonMobil and the other named Defendants caused the contamination or threatened contamination of plaintiffs' groundwater or water systems in manufacturing, designing, refining, formulating, distributing, supplying, selling, or marketing MTBE or gasoline containing MTBE and are liable to plaintiffs for the damages allegedly resulting therefrom.   Certain of the complaints also contain allegations relating to TBA and TAME.

10.    ExxonMobil denies any and all liability whatsoever for plaintiffs' alleged damages and incorporates its Master Answer to plaintiffs' Complaints by reference.

11.    ExxonMobil is not responsible for the actual or threatened releases, spills, or leaks of MTBE or gasoline containing MTBE into plaintiffs' groundwater or water systems. ExxonMobil owns or operates few, if any, of the service stations, the land on which they operate, USTs, or other instrumentalities, from which gasoline was leaked or spilled.

12.    The harm allegedly sustained by plaintiffs is a direct result of the actions and inaction of Cross-Defendants, Defendants to this action, the exact identities of which are unknown to ExxonMobil at this time, and over whom ExxonMobil has no control and for whom ExxonMobil is not responsible.   If ExxonMobil has or had any relationship, contractual or otherwise, with one or more Cross-Defendants, such relationships required Cross-Defendants to refrain from the offending activity described herein, and/or to assume full responsibility for it.

13.    Cross-Defendants owed a duty to ExxonMobil to safely and properly use, handle, or store MTBE or gasoline containing MTBE; install, remove, or inspect USTs containing such

products; and remediate or mitigate contamination caused by MTBE or gasoline containing MTBE.

14.  Cross-Defendants breached their aforementioned duty in, *inter alia*, the following regards:

a.  By failing to safely and properly handle, use, or store MTBE or gasoline containing MTBE;

b.  By failing to safely and properly transport, haul, deliver, or transfer MTBE or gasoline containing MTBE;

c.  By failing to safely and properly receive or accept delivery or transfers of MTBE or gasoline containing MTBE;

d.  By failing to safely and properly remediate, mitigate, clean-up, eliminate, or control releases, spills, or leaks of MTBE or gasoline containing MTBE, including by, *inter alia*, failing to timely commence remediation or mitigation efforts, or improperly drilling or establishing monitoring wells during remediation or mitigation, thereby causing cross-contamination;

e.  By failing to safely and properly service, repair, maintain, monitor, inspect, test, or examine USTs or any associated piping or equipment;

f.  By failing to safely and properly install, replace, excavate, or remove USTs or any associated piping or equipment;

g.  By failing to safely and properly dispense or pump gasoline into trucks, tankers, automobiles, or any other vehicles;

h.   By failing to adhere to applicable laws, rules, regulations, guidelines, or procedures relating to the use, handling, or storage of MTBE or gasoline containing MTBE; the installation, removal, or inspection of USTs; or the remediation or mitigation of contamination caused by MTBE or gasoline containing MTBE; and

i.   By otherwise failing to act with due care in using, handling, or storing MTBE or gasoline containing MTBE; installing, removing, or inspecting USTs; or remediating or mitigating contamination caused by MTBE or gasoline containing MTBE.

15.   The actions and inaction of Cross-Defendants were negligent, careless, reckless, and in derogation of their duty to ExxonMobil.

16.   As a direct and proximate result of Cross-Defendants' actions and inaction, Cross-Defendants were the sole cause of and/or contributed to the alleged contamination or threatened contamination of plaintiffs' groundwater or water systems and any and all resulting damages to plaintiffs alleged in the Complaints, and are directly liable to plaintiffs.  Alternatively, Cross-Defendants are liable ExxonMobil for all or part of plaintiffs' claims against ExxonMobil.

17.   Without admitting any of the allegations made against ExxonMobil in plaintiffs' Complaints, ExxonMobil incorporate plaintiffs' allegations and legal claims by reference and asserts them against Cross-Defendants.  Without limitation, ExxonMobil specifically asserts that Cross-Defendants are liable to plaintiffs on, among other claims, their negligence, trespass and nuisance claims, and any claims premised on state statutes or regulations which apply, in whole or in part, to owners and operators of gasoline stations, USTs or other gasoline storage facilities.

18.     If the allegations contained in plaintiffs' Complaints are correct, which is specifically denied, then Cross-Defendants are liable solely and directly to plaintiffs for the incidents complained of and any and all damages sought by plaintiffs.

19.     Alternatively, if the allegations contained in plaintiffs' Complaints are correct, which is specifically denied, and it is judicially determined that plaintiffs are entitled to damages from ExxonMobil, then Cross-Defendants are liable over to ExxonMobil, and ExxonMobil is entitled to express, implied, or equitable indemnification and/or contribution from Cross-Defendants for all losses, damages, and costs, including attorneys' fees, that ExxonMobil incurs as a result of this action.

**WHEREFORE**, Defendants and Cross-Plaintiffs Defendants and Cross-Plaintiffs Exxon Mobil Corporation, Exxon Mobil Chemical Company, ExxonMobil Oil Corporation, ExxonMobil Pipeline Company, Esso Standard Oil Company (Puerto Rico), and Mobil Corporation demand entry of judgment in their favor and against Cross-Defendants John and Jane Does nos. 501-1000 for all sums that may be awarded in favor of plaintiffs and against ExxonMobil, together with interest, costs, reasonable attorneys' fees, and such other relief as this Court deems just and proper.

## EXXON MOBIL CORPORATION'S AMENDED MASTER THIRD-PARTY COMPLAINT AGAINST JOHN AND JANE DOES NOS. 1-500

Pursuant to Rule 14(a) of the Federal Rules of Civil Procedure, Defendants and Third-Party Plaintiffs Exxon Mobil Corporation, Exxon Mobil Chemical Company, ExxonMobil Oil Corporation, ExxonMobil Pipeline Company, Mobil Corporation and Esso Standard Oil Company (Puerto Rico) (collectively "ExxonMobil"), by their undersigned counsel, hereby bring this Third-Party Complaint against Third-Party Defendants John and Jane Does nos. 1-500 ("Third-Party Defendants") in <u>MDL 1358</u> for all cases in which an answer is presently required, and in which they have been properly named and served, and in support thereof, avers as follows:

**Background**

1.      Plaintiffs commenced civil actions in California, Illinois, Indiana, Maryland, Massachusetts, Missouri, New Jersey, New York, Pennsylvania, and the Commonwealth of Puerto Rico, against ExxonMobil and other purported manufacturers, designers, refiners, formulators, distributors, suppliers, sellers, and marketers of the gasoline additive methyl tertiary butyl ether ("MTBE") and/or gasoline products containing MTBE for alleged damages resulting from the contamination or threatened contamination of Plaintiffs' groundwater or water systems by MTBE and/or gasoline containing MTBE.

2.      Specifically, Plaintiffs allege negligence, public and private nuisance, trespass, civil conspiracy, breach of warranty, violation of state environmental/spill acts and a variety of product liability theories against ExxonMobil (and related entities) and the other named Defendants.

3.      In virtually all instances, Plaintiffs' complaints fail to identify -- or name as defendants -- the entities or persons responsible for spilling, leaking or otherwise releasing into

the environment the MTBE or gasoline containing MTBE that led to the contamination or threatened contamination they allege. Nor have Plaintiffs identified the locations of each well they allege is contaminated or threatened with contamination.

Parties, Jurisdiction, and Venue

4.   Exxon Mobil Corporation ("ExxonMobil") is a New Jersey corporation with its principal place of business in Irving, Texas.

5.   Third-Party Defendants are individuals and/or entities, the exact identities and locations of which are presently unknown, consisting of: (a) retail gasoline service station owners and operators; (b) jobbers and wholesalers; (c) trucking and tanking companies; (d) drivers and operators of vehicles used by trucking and tanking companies; (e) contractors, excavators, and others engaged in the installation, removal, repair, or examination of underground storage tanks ("USTs") or associated piping or equipment; and (f) others whose actions or inaction caused or threatens to cause releases, spills, or leaks of MTBE or gasoline containing MTBE impacting Plaintiffs' groundwater or water systems, and who are thereby responsible for any and all damages allegedly sustained by Plaintiffs.

6.   Third-Party Defendants' offending conduct, as described herein, took place in substantial part in California, Illinois, Indiana, Maryland, Massachusetts, Missouri, New Jersey, New York, Pennsylvania, and the Commonwealth of Puerto Rico,, in relative proximity to the contaminated or threatened groundwater or water systems in which Plaintiffs claim to have an interest.

7.   Jurisdiction is proper in this Court under 28 U.S.C. § 1367, in that the claims set forth herein are so related to the claims in Plaintiffs' Complaints that they form part of the same case or controversy.

8.   Venue is proper in this Court under 28 U.S.C. § 1391 and Fed. R. Civ. P. 14.

Third-Party Defendants' Unlawful Conduct

9.      Plaintiffs allege that ExxonMobil and the other named Defendants caused the contamination or threatened contamination of Plaintiffs' groundwater or water systems in manufacturing, designing, refining, formulating, distributing, supplying, selling, or marketing MTBE or gasoline containing MTBE and are liable to Plaintiffs for the damages allegedly resulting therefrom.

10.      ExxonMobil denies any and all liability whatsoever for Plaintiffs' alleged damages and incorporates its Master Answer to Plaintiffs' Complaints by reference.

11.      ExxonMobil is not responsible for the actual or threatened releases, spills, or leaks of MTBE or gasoline containing MTBE into Plaintiffs' groundwater or water systems. ExxonMobil owns or operates few, if any, of the service stations or USTs, or other instrumentalities, from which gasoline was leaked or spilled by Third Party Defendants, and which allegedly impacted Plaintiffs' wells.

12.      The harm allegedly sustained by Plaintiffs is a direct result of the actions and inaction of Third-Party Defendants, the exact identities of which are unknown to ExxonMobil at this time, and over whom ExxonMobil has no control and for whom ExxonMobil is not responsible.  If ExxonMobil has or had any relationship, contractual or otherwise, with one or more Third-Party Defendants, such relationships required Third Party Defendants to refrain from the offending activity described herein, and/or to assume full responsibility for it.

13.      Third-Party Defendants owed a duty to Plaintiffs and/or ExxonMobil to safely and properly use, handle, or store MTBE or gasoline containing MTBE; install, remove, or inspect USTs containing such products; and remediate or mitigate contamination caused by MTBE or gasoline containing MTBE.

14.   Third-Party Defendants breached their aforementioned duty in, *inter alia*, the following regards:

a.   By failing to safely and properly handle, use, or store MTBE or gasoline containing MTBE;

b.   By failing to safely and properly transport, haul, deliver, or transfer MTBE or gasoline containing MTBE;

c.   By failing to safely and properly receive or accept delivery or transfers of MTBE or gasoline containing MTBE;

d.   By failing to safely and properly remediate, mitigate, clean-up, eliminate, or control releases, spills, or leaks of MTBE or gasoline containing MTBE, and/or by failing to properly consult or advise Plaintiffs regarding same, including by, *inter alia*, failing to timely commence remediation or mitigation efforts, or improperly drilling or establishing monitoring wells during remediation or mitigation, thereby causing cross-contamination;

e.   By failing to safely and properly service, repair, maintain, monitor, inspect, test, or examine USTs or any associated piping or equipment;

f.   By failing to safely and properly install, replace, excavate, or remove USTs or any associated piping or equipment;

g.   By failing to safely and properly dispense or pump gasoline into trucks, tankers, automobiles, or any other vehicles;

h. By failing to adhere to applicable laws, rules, regulations, guidelines, or procedures relating to the use, handling, or storage of MTBE or gasoline containing MTBE; the installation, removal, or inspection of USTs; or the remediation or mitigation of contamination caused by MTBE or gasoline containing MTBE; and

i. By otherwise failing to act with due care in using, handling, or storing MTBE or gasoline containing MTBE; installing, removing, or inspecting USTs; or remediating or mitigating contamination caused by MTBE or gasoline containing MTBE.

15. The actions and inaction of Third-Party Defendants were negligent, careless, reckless, and in derogation of their duty to Plaintiffs and/or ExxonMobil.

16. As a direct and proximate result of Third-Party Defendants' actions and inaction, Third-Party Defendants were the sole cause of and/or contributed to the alleged contamination or threatened contamination of Plaintiffs' groundwater or water systems and any and all resulting damages to Plaintiffs alleged in the Complaints, and are directly liable to Plaintiffs. Alternatively, Third Party Defendants are liable to ExxonMobil for all or part of Plaintiffs' claims against ExxonMobil.

17. Without admitting any of the allegations made against ExxonMobil in Plaintiffs' Complaints, ExxonMobil incorporates Plaintiffs' allegations and legal claims by reference and asserts them against Third-Party Defendants. Without limitation, ExxonMobil specifically asserts that Third Party Defendants are liable to Plaintiffs on, among other claims, their negligence, trespass and nuisance claims, and any claims premised on state statutes or

regulations which apply, in whole or in part, to owners and operators of gasoline stations, USTs or other gasoline storage facilities.

18.     If the allegations contained in Plaintiffs' Complaints are correct, which is specifically denied, then Third-Party Defendants are liable solely and directly to Plaintiffs for the incidents complained of and any and all damages sought by Plaintiffs.

19.     Alternatively, if the allegations contained in Plaintiffs' Complaints are correct, which is specifically denied, and it is judicially determined that Plaintiffs are entitled to damages from ExxonMobil, then Third-Party Defendants are liable to ExxonMobil, and ExxonMobil is entitled to express, implied, or equitable indemnification and/or contribution from Third-Party Defendants for all losses, damages, and costs, including attorneys' fees, that ExxonMobil incurs as a result of this action.

**WHEREFORE**, Defendant and Third-Party Plaintiff Exxon Mobil Corporation demands entry of judgment in its favor and against Third-Party Defendants John and Jane Does nos. 1-500 for all sums that may be awarded in favor of Plaintiffs and against ExxonMobil, together with interest, costs, reasonable attorneys' fees, and such other relief as this Court deems just and proper.

Dated:  June 27, 2011

Respectfully submitted,

Peter John Sacripanti (PS 8968)
James A. Pardo (JP 9018)
Stephen J. Riccardulli (SR 7784)
Lauren E. Handel (LH 0755)
Lisa A. Gerson (LG 4340)

McDERMOTT, WILL & EMERY LLP
340 Madison Avenue
New York, New York 10017
Tel: 212-547-5400
Fax: 212-547-5444

*Attorneys for Defendant*
*Exxon Mobil Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendant Exxon Mobil Corporation's Tenth Amended Master Answer and Affirmative Defenses was served via email upon liaison counsel and via Lexis Nexis File & Serve to all counsel of record on the 27th day of June 2011.

Lisa A. Gerson