# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: Methyl *tertiary* Butyl Ether ("MtBE") Products Liability Litigation | Master File No. 1:00-1898<br>MDL No. 1358 (SAS) |
| This Document Relates To:<br><br>*Orange County Water District v. Unocal Corporation, et al.,*<br>Case No. 04 Civ. 4968 (SAS) | |

# DEFENDANTS' MOTION TO STRIKE ROY HERNDON'S DECLARATION

# INTRODUCTION

The Court should strike Roy Herndon's improper expert declaration, submitted months after the expert discovery deadline and in violation of the Court's prior orders. Case Management Order #82 and the Court's February 15, 2011 oral ruling required the Orange County Water District ("OCWD") to produce its expert reports by April 15, 2011, including reports for OCWD employees that regularly give expert testimony. The Court specifically held that Mr. Herndon had to file an expert report if OCWD intended to offer his expert opinions in this case. OCWD, however, did not produce a single expert report for any of its employees. Two months later, on June 20, 2011, the Court issued an Opinion and Order denying OCWD's motion for partial summary judgment as to its OCWD Act and trespass claims, and ordering OCWD to show cause why summary judgment on these claims should not be granted to Defendants. OCWD filed a response to the Court's Order on July 25, 2011, which included a declaration by Mr. Herndon, one of its internal hydrogeologists, in support thereof. Mr. Herndon's declaration consists almost entirely of his purported expert opinions. Because OCWD failed to disclose Mr. Herndon's expert opinions in a written report by the deadline in compliance with the Court's prior orders, his declaration is both improper and prejudicial, and the Court should strike it entirely.

# ARGUMENT

**I.    OCWD failed to provide an expert report for Roy Herndon.**

Federal Rule of Civil Procedure 26(a)(2)(B) states that the disclosure of expert witnesses "must be accompanied by a written report . . . if the witness is one retained or specially employed to provide expert testimony in the case **or one whose duties as the party's employee regularly involve giving expert testimony.**" FED. R. CIV. P. 26(a)(2)(B) (emphasis added). Parties must make such disclosures and reports "at the times and in the sequence that the court

1

orders." FED. R. CIV. P. 26(a)(2)(D). On February 15, 2011, the Court ruled that OCWD's six employee experts, including Mr. Herndon, fall under the clause "one whose duties as the party's employee involve giving expert testimony" and that these OCWD employee experts were required to write an expert report if they were going to offer expert testimony later. *See* Hearing Tr. 20:8–20:25, 21:3–21:4 (Feb. 25, 2011).[1] The Court further ruled that those employees' opinions would be limited to their reports. *See id.* at 22:11–22:20.

Case Management Order #82 required OCWD to produce all of its expert reports by April 15, 2011, yet OCWD neither produced a report for Mr. Herndon nor sought an extension to do so. Anderson Decl. at ¶ 4. In fact, Defendants sent a letter to OCWD on April 20, 2011, stating that they had not received an expert report for Mr. Herndon or other employees that the District has previously claimed were experts, thereby confirming that because no expert reports for these individuals were produced by the April 15 deadline, these individuals would not be providing expert opinions in the case. *See* Ltr. from N. Vanderlaan Smith to T. O'Reilly (Apr. 20, 2011).[2] OCWD never responded to the contrary. Anderson Decl. at ¶ 5.

## II.     The Court Should Strike Roy Herndon's Declaration.

Federal Rule of Civil Procedure 37(c)(1) provides that a party failing to comply with Rule 26(a)(2) "**is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or in a motion any witness or information not so disclosed.**" FED. R. CIV. P. 37(c)(1) (emphasis added); *see also Ebewo v. Martinez*, 309 F. Supp. 2d. 600, 607 (S.D.N.Y. 2004) ("The purpose of the rule is to prevent the practice of 'sandbagging' an opposing party with new evidence."). Furthermore, the Court has already ruled that the expert testimony of OCWD's employee experts would be limited to their reports. *See* Hearing Tr. 22:11–22:20 (Feb.

---

[1] *See* Ex. A to Jer. Anderson Decl. (8/8/2011), submitted in support hereof ("Anderson Decl.").
[2] *See* Ex. B to Anderson Decl.

15, 2011). Thus, because OCWD failed to serve a report for Mr. Herndon, he cannot provide any expert opinions in this case.

Nevertheless, in defiance of the Court's order, Mr. Herndon's declaration is replete with expert testimony including opinions on groundwater flow, migration of MTBE in groundwater, and remediation activities. *See* Herndon Decl. For example, Mr. Herndon's declaration includes the following opinions:

- "... significant amounts of MTBE have been migrating off site in groundwater for years." *Id.* ¶ 1.

- "It is almost always less expensive to remediate groundwater contamination before contamination reaches production wells." *Id.* ¶ 2.

- "... once the project has reached the design stage the District has ultimately constructed and operated a treatment facility." *Id.* ¶ 3.

- "The cost of delineating the extent of MTBE contamination at the fourteen stations is substantial." *Id.* ¶ 15.

In addition, Mr. Herndon offers wide-ranging expert opinions on the fourteen stations at issue in the summary judgment briefing, including:

- opinions based on his alleged review of "extensive data, including consultant and expert reports." *Id.* ¶ 6.

- the screening of monitoring wells to detect MTBE and the purported hydrogeologic significance thereof. *Id.* ¶ 7.

- data collection efforts for designing purported MTBE remediation systems, and MTBE's asserted impact on the principal aquifer. *Id.* ¶¶ 8–9.

- opinions regarding costs and remediation associated with particular service stations. *Id.* ¶¶ 16–18.

Mr. Herndon should not be permitted to offer these expert opinions. Put simply, OCWD chose not to produce a timely expert report for Mr. Herndon, and OCWD should not be allowed to do so now to survive summary judgment. *See Shea v. Royal Enters., Inc.*, No. 09 Civ 8709,

3

slip op., 2011 WL 2436709 (S.D.N.Y. June 6, 2011) (excluding expert testimony for failing to comply with Rule 26 expert disclosures and the Court's Scheduling Order). To hold otherwise and allow Mr. Herndon to provide expert testimony would significantly prejudice Defendants. Defendants have repeatedly asked Mr. Herndon his opinions in depositions, but OCWD's attorneys refused to let him offer them, objecting that the questions called for premature expert discovery. Anderson Decl. at ¶ 6. Moreover, Defendants have not had an opportunity to depose Mr. Herndon regarding the expert opinions he provided in his declaration, or conduct the necessary extensive discovery concerning the matters stated therein. Anderson Decl. at ¶ 7. Furthermore, with expert discovery nearly complete, the inclusion of Mr. Herndon's expert testimony would create significant additional litigation costs in terms of time and money, and cause unnecessary delay in this case. Allowing Mr. Herndon to provide expert opinions for the first time at this late date would undo much of what has already been accomplished by the parties in meeting the current expert discovery schedule.

## CONCLUSION

OCWD relies on the expert opinions in Roy Herndon's declaration to support its response to the Court's June 20, 2011 Opinion and Order. Because OCWD failed to provide a timely expert report for Roy Herndon as required by the Federal Rules of Civil Procedure and the Court's prior rulings, Mr. Herndon's declaration is improper and prejudicial. Defendants respectfully request that the Court strike it entirely.

Dated: August 8, 2011

Respectfully submitted,

*Charles Correll / by perm.*
Robert E. Meadows
Jeremiah J. Anderson
King & Spalding LLP
1100 Louisiana, Suite 4000
Houston, Texas 77002
Telephone: (713) 751-3200
Facsimile: (713) 751-3290

Charles C. Correll, Jr.
King & Spalding LLP
101 Second Street, Suite 2300
San Francisco, CA 94105
Telephone: (415) 318-1200

Facsimile: (415) 318-1300
Richard E. Wallace, Jr.
William F. Hughes
Wallace King Domike & Branson PLLC
1050 Thomas Jefferson Street, N.W.
Washington, D.C. 20007
Telephone: (202) 204-1000
Facsimile: (202) 204-1001

*Attorneys for Defendants Chevron U.S.A. Inc. (individually and d/b/a Chevron Products Co. and Chevron Chemical Co.), Chevron Corporation (f/k/a ChevronTexaco Corporation), Unocal Corporation, and Union Oil Company of California*

## Certificate of Service

I hereby certify that on August 8th, 2011 a true, correct, and exact copy of the foregoing document was served on all counsel via LexisNexis File & Serve.

Jeremiah J. Anderson

## ATTACHMENT A

## Motion to Strike
*Defendants Joining in Motion to Strike*

Chevron U.S.A. Inc
Chevron Corporation
Exxon Mobil Corporation
ExxonMobil Oil Corporation
Atlantic Richfield Company
BP Products North America, Inc.
BP West Coast Products LLC
ConocoPhillips Company, as successor-in-interest to defendant Tosco Corporation and Phillips
    Petroleum Corporation
Shell Oil Company
Equilon Enterprises, LLC
TMR Company
Union Oil Company of California
Unocal Corporation
G&M Oil Company

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: Methyl *tertiary* Butyl Ether ("MtBE") Products Liability Litigation | Master File No. 1:00-1898<br>MDL No. 1358 (SAS) |
| This Document Relates To:<br><br>*Orange County Water District v. Unocal Corporation, et al.,*<br>Case No. 04 Civ. 4968 (SAS) | |

**Declaration of Jeremiah J. Anderson in Support of Defendants' Motion to Strike Roy Herndon's Declaration**

## Declaration of Jeremiah J. Anderson

I, Jeremiah J. Anderson, hereby declare:

1. I am a member of the bar of the State of Texas and an associate in the law firm of King & Spalding, LLP, counsel of record for Defendants Chevron U.S.A. Inc., Chevron Corporation, Unocal Corporation, and Union Oil Company of California in this litigation. I make this Declaration in support of Defendants' Motion to Strike Roy Herndon's Declaration. During the course of this litigation, I have actively participated in pretrial matters, including discovery and document review. This Declaration is based on my personal knowledge and, if called as a witness, I could testify competently thereto.

2. Attached hereto as Exhibit A is a true and correct copy of the relevant portions of the February 15, 2011 hearing transcript in this litigation.

3. Attached hereto as Exhibit B is a true and correct copy of the April 20, 2011 letter from Nicole R. Vanderlaan Smith to Tracey L. O'Reilly (without exhibits).

4. Plaintiff Orange County Water District ("OCWD") has not produce an expert report from Mr. Herndon nor sought an extension to do so.

5. OCWD never responded to the April 20, 2011 letter from Nicole R. Vanderlaan Smith to Tracey L. O'Reilly contradicting Defendants' understanding that because no expert reports for Mr. Herndon and other OCWD employee experts were served, these individuals would not be providing expert opinions in the case.

6. Defendants have repeatedly asked Mr. Herndon his opinions in depositions, but OCWD's attorneys refused to let him offer them, objecting that the questions called for premature expert discovery.

1

7.    Defendants did not have the opportunity to depose Mr. Herndon regarding the expert opinions he provided in his declaration, or conduct the necessary extensive discovery concerning matters stated therein.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at Houston, Texas on this 8th day of August, 2011.

*/s/ Jeremiah J. Anderson*

## Certificate of Service

I hereby certify that on August 8, 2011 a true, correct, and exact copy of the foregoing document was served on all counsel via LexisNexis File & Serve.

*Jeremiah J. Anderson*

# EXHIBIT A

```
                                                                    1
     12F0MTBC
1    UNITED STATES DISTRICT COURT
1    SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x
2    In Re:  MTBE MDL
3
3                                            00 CV 1898
4    ------------------------------x
4                                            New York, N.Y.
5                                            February 15, 2011
5                                            4:30 p.m.
6    Before:
6                     HON. SHIRA A. SCHEINDLIN,
7                                            District Judge
7                         APPEARANCES
8    WEITZ & LUXENBERG
8         Attorneys for Plaintiff
9    BY:  ROBIN L. GREENWALD, ESQ.
9
10   MILLER, AXLINE & SAWYER
10        Attorneys for Plaintiff
11   BY:  MICHAEL AXLINE
11        DUANE C. MILLER
12
12   McDERMOTT WILL & EMERY
13        Attorneys for Defendant Exxon Mobil Corp.
13   BY:  Stephen J. Riccardulli
14
14   SHEPPARD, MULLIN, RICHTER & HAMPTON
15        Attorneys for Defendant Exxon Mobil Corp. &
15        Exxon Mobil Oil Corp.
16   BY:  Jeff Parker
16
17   ARNOLD & PORTER
17        Attorneys for Defendant BP Defendants
18   BY:  Lawrence A. Cox
18
19   WALLACE KING DOMIKE & REISKIN, PLLC
19        Attorneys for Defendant
20   BY:  Richard E. Wallace, Jr.
20
21   EIMER STAHL
21        Attorneys for Defendant CITGO Petroleum
22   BY:  Pamela R. Hanebutt
22
23   LeCLAIR RYAN
23        Attorneys for Defendant Nella Oil
24   BY:  Rachel Wintterle (Via telephone)
25
                    SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
```

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

20

12F0MTBC

1  received the defendant's expert reports and so on.  To the
2  extent they have opinions that matter, they have already been
3  disclosed in the depositions.
4         THE COURT:  How many of those are there?  How many
5  OCWD employees do you intend to call to offer opinions at
6  trial?
7         MR. MILLER:  Looks like about six.  As potential --
8         THE COURT:  So that's not a good number, either.
9         So there is 16 retained expert -- classic rule 26
10  experts with reports.  There are six employee experts.
11         MR. PARKER:  And, your Honor --
12         THE COURT:  Let's see.  One second.  One second, I'll
13  be right with you.  I want to check one thing.
14         Now, these six, are they specially employed to provide
15  expert testimony, no.
16         MR. MILLER:  No.
17         THE COURT:  But the rule says:  Or one whose duties as
18  the party's employee regularly involve giving expert testimony.
19         They might fall under the second clause.
20         MR. MILLER:  They are hydrogeologists.  We are trying
21  to avoid the argument that their testimony should be precluded
22  because they were not listed.
23         THE COURT:  I'm not worried about that.  I agree with
24  you.  But they do follow under the "or" clause:  Or one whose
25  duties as the party's employee involve giving expert testimony.

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

21

12F0MTBC

1         MR. MILLER:  They have given expert testimony in a
2  number of --
3         THE COURT:  They would be required to do a report
4  under 26(a)(2)(B).  That's what I was just checking.
5         So, anyway, still potentially a reasonable number,
6  even 16 and 6.  Assuming there is no overlap.  I personally
7  don't allow repetitive experts.  And we'll try to make sure
8  that you're not having two people saying the same thing.
9         MR. MILLER:  We have no interest, your Honor, in
10  having multiple experts covering the same exact subject at all.
11         THE COURT:  They might contradict.
12         MR. MILLER:  We like short trials.
13         THE COURT:  They also might contradict each other.
14  Having two is a bad idea, three is worse.  So 16 and 6 sounds
15  not so bad.  It might get pared down.  But that's really what
16  we're talking about.  The rest are not giving opinion
17  testimony.  They may have facts because they have conducted
18  tests, so they fall in category of potential percipient
19  witnesses.  And I don't know that we're at that point of going
20  through witness by witness and talking about redundancy and
21  other such things.  But they just put them on the list again so
22  as not to be precluded.  I'm not sure what you're worried about

```
23   right now, Mr. Parker.  Maybe you'll explain it again.
24            MR. PARKER:  That was our concern.  They have a list
25   of 400 and we have a very short discovery schedule.
                     SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
```

                                                                        22
```
     12F0MTBC
1             THE COURT:  Now, you know, do you need to identify
2    which of the 16 retained and which are the six employees or do
3    you know that?
4             MR. PARKER:  I know them from the list.  And one other
5    point.  Mr. Miller said that the employee witnesses, the six of
6    them, gave opinions in their depositions.
7             THE COURT:  He said that.
8             MR. PARKER:  And we would request that any opinion
9    they be allowed to give at trial be limited to what they gave
10   during those depositions.
11            THE COURT:  No, they're entitled to submit a report.
12   That's what I just read in the rule.  They can write an expert
13   report, they are being proffered as an expert witness.  The
14   fact that they are employees doesn't preclude that.  That's why
15   I read the two clauses.  Either specially retained for the
16   purpose or regularly does it.  They do give expert testimony,
17   they are hydrogeologists, at least some of them.  They can do a
18   report.  And then they are limited to their report.  That's why
19   we have the report.  They are not limited to the deposition,
20   they're limited to the report.
21            So is there still an issue to resolve today about
22   experts?  Now that we understand there is a transcript of
23   course to be shared with the trial judge, we know who is an
24   expert and can give an opinion, and who is not.
```

# EXHIBIT B

Nicole R. Vanderlaan Smith
(714) 755-8173
nicole.vanderlaan.smith@lw.com

650 Town Center Drive, 20th Floor
Costa Mesa, California 92626-1925
Tel: +1.714.540.1235 Fax: +1.714.755.8290
www.lw.com



Apr 20 2011
3:17PM

# LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Abu Dhabi | Moscow |
| Barcelona | Munich |
| Beijing | New Jersey |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Doha | Riyadh |
| Dubai | Rome |
| Frankfurt | San Diego |
| Hamburg | San Francisco |
| Hong Kong | Shanghai |
| Houston | Silicon Valley |
| London | Singapore |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |
| Milan | |

April 20, 2011

File No. 036309-0044

**VIA EMAIL AND LNF&S**
Tracey L. O'Reilly, Esq.
Miller, Axline & Sawyer
1050 Fulton Avenue, Suite 100
Sacramento, CA 95825-4225

Re: *Orange County Water District v. Unocal, Corp., et al.*

Dear Ms. O'Reilly:

      This letter responds to your letters to Jon Anderson concerning the modeling production stipulation and the extension of certain expert report deadlines and addresses other expert issues in the above-captioned case.

      Enclosed are Defendants' proposed revisions to the modeling production stipulation you wrote Jon Anderson about on April 4, 2011. I have tracked the changes we have made to your proposal. Please let us know if you agree to this revised proposal. We are happy to discuss with you any of our suggested changes if you have questions.

      With respect to the extension of certain expert report deadlines set forth in your April 12, 2011 letter to Mr. Anderson, as Mr. Anderson indicated in his March 30, 2011 email to you (enclosed for your reference), the extension for defendants' expert reports applies to the expert report of any defense expert who anticipates responding to Anthony Brown, Dr. Graham Fogg, or Dr. Stephen Wheatcraft. As Mr. Anderson previously explained, because it is neither fair, nor practical for Defendants' experts to have to issue multiple reports due to the delay Plaintiff is requesting for some of its experts, if a defense expert is responding to Dr. Wheatcraft, Dr. Fogg, or Mr. Brown they only need submit one responsive report (even if they are responding to other of Plaintiff's experts) and that report is due August 13, 2011 (subject to the complete modeling production agreed upon being provided by Plaintiff's experts by May 30, 2011). We trust that this is your understanding too but wanted to explicitly reiterate this point here to avoid ambiguity down the road.

      On Friday, Defendants received expert reports from the following of Plaintiff's experts:

OC\1161661.1

**LATHAM&WATKINS**LLP

James Barrington, James Bruya, William Cain, Richard Haberman, Donald Lucas, Marcel Moreau, Robert Reynolds, and Ed Whitelaw. In light of the fact that Plaintiff failed to serve reports from its designated experts David Huntley, Kenneth Kross, Sharon Hennessey, George "Mack" Wesner, and Robert Stollar, we assume these designated experts will not be serving reports or providing expert opinions or testimony in the above-captioned action. Further, in accord with the Court's ruling at the February 15, 2011, hearing, because no expert reports were served on Friday for Roy Herndon, David Bolin, Timothy Sovich, Nira Yamachika, or Michael Wehner, we understand that neither they, nor any other of the non-retained experts Plaintiff listed in its expert designation requiring reports under Rule 26, will be providing expert opinions or testimony in the above-captioned action.

Very truly yours,

Nicole R. Vanderlaan Smith
of LATHAM & WATKINS LLP

Enclosures

cc: All Counsel (via LNF&S)
Jon D. Anderson, Esq.

OC\1161661.1