# EXHIBIT A

```
                                                                    1
     12F0MTBC
 1   UNITED STATES DISTRICT COURT
 1   SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x
 2   In Re:  MTBE MDL
 3
 3                                              00 CV 1898
 4   ------------------------------x
 4                                              New York, N.Y.
 5                                              February 15, 2011
 5                                              4:30 p.m.
 6   Before:
 6                    HON. SHIRA A. SCHEINDLIN,
 7                                              District Judge
 7                        APPEARANCES
 8   WEITZ & LUXENBERG
 8        Attorneys for Plaintiff
 9   BY:  ROBIN L. GREENWALD, ESQ.
 9
10   MILLER, AXLINE & SAWYER
10        Attorneys for Plaintiff
11   BY:  MICHAEL AXLINE
11        DUANE C. MILLER
12
12   McDERMOTT WILL & EMERY
13        Attorneys for Defendant Exxon Mobil Corp.
13   BY:  Stephen J. Riccardulli
14
14   SHEPPARD, MULLIN, RICHTER & HAMPTON
15        Attorneys for Defendant Exxon Mobil Corp. &
15        Exxon Mobil Oil Corp.
16   BY:  Jeff Parker
16
17   ARNOLD & PORTER
17        Attorneys for Defendant BP Defendants
18   BY:  Lawrence A. Cox
18
19   WALLACE KING DOMIKE & REISKIN, PLLC
19        Attorneys for Defendant
20   BY:  Richard E. Wallace, Jr.
20
21   EIMER STAHL
21        Attorneys for Defendant CITGO Petroleum
22   BY:  Pamela R. Hanebutt
22
23   LeCLAIR RYAN
23        Attorneys for Defendant Nella Oil
24   BY:  Rachel Wintterle (Via telephone)
25
                    SOUTHERN DISTRICT REPORTERS, P.C.
                            (212) 805-0300
```

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

20

12F0MTBC

1  received the defendant's expert reports and so on.  To the
2  extent they have opinions that matter, they have already been
3  disclosed in the depositions.
4           THE COURT:  How many of those are there?  How many
5  OCWD employees do you intend to call to offer opinions at
6  trial?
7           MR. MILLER:  Looks like about six.  As potential --
8           THE COURT:  So that's not a good number, either.
9           So there is 16 retained expert -- classic rule 26
10 experts with reports.  There are six employee experts.
11          MR. PARKER:  And, your Honor --
12          THE COURT:  Let's see.  One second.  One second, I'll
13 be right with you.  I want to check one thing.
14          Now, these six, are they specially employed to provide
15 expert testimony, no.
16          MR. MILLER:  No.
17          THE COURT:  But the rule says:  Or one whose duties as
18 the party's employee regularly involve giving expert testimony.
19          They might fall under the second clause.
20          MR. MILLER:  They are hydrogeologists.  We are trying
21 to avoid the argument that their testimony should be precluded
22 because they were not listed.
23          THE COURT:  I'm not worried about that.  I agree with
24 you.  But they do follow under the "or" clause:  Or one whose
25 duties as the party's employee involve giving expert testimony.

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

21

12F0MTBC

1           MR. MILLER:  They have given expert testimony in a
2  number of --
3           THE COURT:  They would be required to do a report
4  under 26(a)(2)(B).  That's what I was just checking.
5           So, anyway, still potentially a reasonable number,
6  even 16 and 6.  Assuming there is no overlap.  I personally
7  don't allow repetitive experts.  And we'll try to make sure
8  that you're not having two people saying the same thing.
9           MR. MILLER:  We have no interest, your Honor, in
10 having multiple experts covering the same exact subject at all.
11          THE COURT:  They might contradict.
12          MR. MILLER:  We like short trials.
13          THE COURT:  They also might contradict each other.
14 Having two is a bad idea, three is worse.  So 16 and 6 sounds
15 not so bad.  It might get pared down.  But that's really what
16 we're talking about.  The rest are not giving opinion
17 testimony.  They may have facts because they have conducted
18 tests, so they fall in category of potential percipient
19 witnesses.  And I don't know that we're at that point of going
20 through witness by witness and talking about redundancy and
21 other such things.  But they just put them on the list again so
22 as not to be precluded.  I'm not sure what you're worried about

```
23   right now, Mr. Parker. Maybe you'll explain it again.
24            MR. PARKER: That was our concern. They have a list
25   of 400 and we have a very short discovery schedule.
```

```
 1            THE COURT: Now, you know, do you need to identify
 2   which of the 16 retained and which are the six employees or do
 3   you know that?
 4            MR. PARKER: I know them from the list. And one other
 5   point. Mr. Miller said that the employee witnesses, the six of
 6   them, gave opinions in their depositions.
 7            THE COURT: He said that.
 8            MR. PARKER: And we would request that any opinion
 9   they be allowed to give at trial be limited to what they gave
10   during those depositions.
11            THE COURT: No, they're entitled to submit a report.
12   That's what I just read in the rule. They can write an expert
13   report, they are being proffered as an expert witness. The
14   fact that they are employees doesn't preclude that. That's why
15   I read the two clauses. Either specially retained for the
16   purpose or regularly does it. They do give expert testimony,
17   they are hydrogeologists, at least some of them. They can do a
18   report. And then they are limited to their report. That's why
19   we have the report. They are not limited to the deposition,
20   they're limited to the report.
21            So is there still an issue to resolve today about
22   experts? Now that we understand there is a transcript of
23   course to be shared with the trial judge, we know who is an
24   expert and can give an opinion, and who is not.
```