**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:  Methyl *tertiary* Butyl Ether ("MtBE")<br>Products Liability Litigation<br><br>This Document Relates To:<br><br>*Orange County Water District v. Unocal*<br>*Corporation, et al.,*<br>Case No. 04 Civ. 4968 (SAS) | Master File No. 1:00-1898<br>MDL No. 1358 (SAS) |

**DEFENDANTS' REPLY TO PLAINTIFF ORANGE COUNTY WATER DISTRICT'S**
**RESPONSE TO SHOW CAUSE ORDER**

## INTRODUCTION

The Orange County Water District's (the "District") Response to the Court's June 20,

2011 Show Cause Order (the "Response") provides no legal or factual justification showing why

the Court should not grant summary judgment in Defendants' favor on plaintiff's Orange County

Water District Act ("OCWD Act" or "Act")[1] and trespass claims.  The District seeks to avoid

summary judgment by relying on inapposite legal authority and impermissible and irrelevant

self-created "facts" that occurred after the discovery cutoff.  Given that these arguments are

insufficient to avoid summary judgment, and the District fails to offer any other reason to alter

the Court's prior conclusion that the OCWD Act and trespass claims lack merit as a matter of

law, the Court should dismiss same.

The District first argues that one line of pure dicta from a California appellate decision,

*Orange County Water District v. Arnold Engineering*, 196 Cal. App. 4th 1110, 2011 WL

2505558 (2011), supports its assertion that the OCWD Act authorizes recovery of investigation

costs.  The District grossly misreads *Arnold Engineering*, which considered the wholly different

issue of whether counsel for the District should be disqualified as a result of its contingency fee

agreement with the District.  In doing so, the *Arnold Engineering* court evaluated whether the

District's claims in that action, when taken as a whole, should be viewed as a public nuisance

abatement action prosecuted in the public's behalf, thereby triggering a stricter standard of

review for the District's contingency contract with its counsel.  Contrary to the District's

misleading discussion of *Arnold Engineering*, the opinion did ***not*** analyze the types of relief that

are available under the OCWD Act, nor did the court hold that the Act permits the recovery of

investigation costs when no remediation has occurred.  *Arnold Engineering's* conclusory

---

[1]    Cal. Water Code App. §§ 40, *et seq.*

statement regarding available remedies is simply dicta, and the opinion as a whole is fully consistent with the Court's June 20 Order.

In another last ditch effort to avoid summary judgment, the District offers a self-serving declaration of its employee Roy Herndon, which describes purported investigation costs that the District claims it incurred in 2010 and 2011—after the close of fact discovery—and will incur in the future. The District claims these costs are recoverable under the Act, although it concedes that the new expenses it has allegedly incurred are *not* remediation costs. As a result, these new costs still are not recoverable because they are investigative. Moreover, the Court should not even consider this new purported evidence because it relates to conduct by the District itself that it purposely delayed until after the discovery cutoff, and as to which Defendants have had no opportunity to explore through discovery. Indeed, the District failed to provide documents related to this alleged work before filing its summary judgment motion and has not to this day updated its discovery responses to reflect this work. Nor has the District explained why this work did not occur years ago or at a minimum while fact discovery was still occurring. Put simply, the use of these newly created facts unfairly prejudices Defendants, and the Court should exclude them.[2]

The District next addresses its trespass claim, and ends where its Response began, by claiming that *Arnold Engineering* supports its interpretation of the law regarding trespass. But again, *Arnold Engineering* does not analyze this issue, and the District fails to cite any other cases that support its position. The District's short shrift given to this argument is telling, and judgment in Defendants' favor on the District's trespass claim is appropriate.

---

[2]   Defendants have moved to strike the July 25, 2011 Declaration of Roy Herndon. In short, the District failed to serve an expert report for Mr. Herndon in compliance with Federal Rule of Civil Procedure 26 and the Court's prior rulings. Yet Mr. Herndon's Declaration consists almost entirely of expert opinion; therefore, the Court should strike it. *See* Defs. Mot. to Strike Decl. of Roy Herndon; *see also* Exxon Mobil Corp. and ExxonMobil Oil Corp.'s Mot. to Strike Portions of Herndon Decl.

For these reasons, the District has failed to justify why judgment in favor of Defendants on the District's OCWD Act and trespass claims should not be granted.

A.  ***Arnold Engineering* does not support the District's interpretation of the OCWD Act.**

*Arnold Engineering* provides no basis to alter the Court's prior analysis of the District's OCWD Act claim. As the Court correctly pointed out in its June 20 Order, the "plain language of the Act clearly prohibits recovery for [investigation] costs." The *Arnold Engineering* court nowhere analyzes the language of the OCWD Act addressed in the Court's June 20 Order, much less offers any reason why the Court's conclusion there is wrong.

In *Arnold Engineering*, the defendants moved to disqualify the District's outside counsel retained under a contingency fee contract. 196 Cal. App. 4th at __ (2011 WL 2505558 at *1). The trial court denied the motion, and defendants appealed. *Id.* The issue before the Court of Appeals was the application of the California Supreme Court's recent opinion governing contingency fee agreements between private counsel and public entities. *See County of Santa Clara v. Superior Court*, 50 Cal. 4th 35 (2010). Under the *County of Santa Clara* opinion, a court must determine whether the public entity is bringing a public nuisance claim for abatement in the name of the people or is bringing a claim that is predominantly civil in nature. 196 Cal. App. 4th at __ (2011 WL 2505558 at *5-7). If it is the former, counsel for the public entity must satisfy a heightened neutrality standard. *Id.* If the latter, then the contingency fee arrangement is permitted without such analysis. *Id.* Thus, the limited issue before the *Arnold Engineering* court was whether in the underlying lawsuit, the District was prosecuting a public nuisance abatement action on the public's behalf. *Id.* at *6, 8.

In analyzing this issue, the *Arnold Engineering* court examined in general terms the claims asserted and relief sought in the District's complaint (accepting the District's allegations

as true without examining their substance). *Id.* at *8-10.  The court did not consider whether the relief sought in each of the District's claims was appropriate under the OCWD Act or other legal authorities, or evaluate the legal defenses to the District's claims.  Nor did the court evaluate whether the facts supported the type of relief the District was seeking.  This is not surprising, as defendants had not moved in the trial court to dismiss any claims or defenses.

The District's complaint in *Arnold Engineering* alleged negligence, nuisance, trespass, declaratory relief, and violations of the OCWD Act and California Health & Safety Code.  *Id.* at *1.  Each claim contained allegations seeking damages for the District's investigation and remediation costs.  *Id.*  In light of the types of relief sought, the *Arnold Engineering* court upheld the trial court's refusal to disqualify counsel, holding that the District's lawsuit "is essentially an action seeking to recover the costs to investigate and remediate the contaminated groundwater, not a public nuisance abatement action prosecuted on the public's behalf."  *Id.* at 10.

The sentence repeatedly quoted by the District here occurs as part of this discussion.  In this sentence, however, the court merely summarizes the relief claimed by the District, without making any evaluation of whether such relief is consistent with the language of the OCWD Act addressed in the Court's June 20 Order.  Nor did the court consider whether the District could recover investigation costs alone or when remediation had not occurred.  *Id.* at 10.  That issue simply was not before the court.  *Arnold Engineering* is therefore not inconsistent with the Court's June 20 Order or the plain language of the OCWD Act.

Because the District's Response fails to cure the deficiencies in its OCWD Act claim that the Court identified in its June 20 Order,[3] summary judgment in Defendants' favor is warranted.

---

[3]    The District loosely claims that judgment is not proper because the "question of when OCWD may begin recovering remediation costs under the Act is of critical importance to OCWD."  Resp. at 7.  The District, however, need look no farther than the plain language of the Act itself for the answer to that question.  *See In re MTBE*, 2011 WL 2565771 at *4, n.43 (the Act "permits recovery only for 'reasonable costs *actually incurred*'.").

The District requests that if the Court grants judgment in favor of Defendants on this claim, then it should clarify that it is doing so because the District's claims are not ripe. Resp. at 6, n.3. This argument is in stark contrast to the position that the District took in its summary judgment briefing when it claimed that its "claims under the Act are not premature." OCWD Brief in Support of Mot. Summ. J. at 11. In any event, it is disingenuous, to say the least, for the District to contend that its claims for litigation costs on which it has affirmatively moved for summary judgment are not ripe yet.

**B.      The District impermissibly relies on events that occurred outside of the discovery period.**

The District seeks to revive its claims under the OCWD Act by relying on events that occurred after the fact discovery deadline. This tactic should not be allowed.

The District originally filed this case eight years ago, claiming that MTBE was impacting the drinking water in its service area. Despite this claim, it chose to do nothing to address the alleged contamination; rather, it simply filed this lawsuit. It continued to do nothing (except perform a file review) for another seven years while extensive discovery in this case occurred. Then, as the discovery deadline approached, the District bestirred itself to develop plans for some action at certain stations—but only plans that would not begin to be implemented until after the discovery cutoff passed, thereby preventing Defendants from conducting discovery into the steps that were being taken and the results of any work performed. According to Roy Herndon, the District has now spent $3 million for additional investigation steps since the close of fact discovery in August 2010, and it allegedly intends to present proposals to its Board of Directors in the near future to begin to spend additional funds to implement unspecified

remediation steps at certain sites.[4]  Resp. at 12.  The District argues that it should be entitled to

recover such sums by means of its claims under the OCWD Act, and that the Court therefore

should deny Defendants summary judgment.  *Id.* at 12-13.

The District's belated reliance on these new facts cannot salvage its claims under the

OCWD Act.  The first and most obvious reason is that Defendants have not had a chance to seek

discovery on any of these purported new facts.  The alleged expenditures at issue were not spent

until after the August 31, 2010 fact discovery cutoff.  It would be patently unfair and prejudicial

to allow the District to avoid summary judgment based on these new facts that Defendants have

not had a chance to explore.  This is especially true here because there is no reason that the

recent work, which was entirely in OCWD's control to conduct, could not have occurred years

ago (or at least the District has not offered any reason).  The Court should not countenance the

opportunistic timing of this recent work after the fact discovery deadline.   Additionally,

Defendants expect that if discovery were taken on these new facts, the results would demonstrate

additional reasons why these expenses cannot be recovered under the Act.

Importantly, aside from waiting until after fact discovery to even begin this investigative

work, the District also did not produce information concerning this new work until after the

summary judgment briefing was complete.  Instead, the District waited more than eight months

after the close of discovery and after it filed its summary judgment motion to supplement its

document productions to reflect this purported new work, and to this day the District still has not

supplemented any of its interrogatory responses.[5]  *See* Jer. Anderson Decl. (8/8/2011) at ¶ 3,

---

[4]     The District attempts to establish these facts with the improper declaration of Roy Herndon, which Defendants have moved to strike.  As explained in Defendants' moving papers, the District failed to produce an expert report for Mr. Herndon, and therefore it cannot use his expert testimony here.

[5]     The new work is apparently ongoing, although the District has not made another supplemental production since June 7, 2011.  Anderson Decl. at ¶ 3.

submitted in support hereof ("Anderson Decl."). Similarly, the District never submitted an

expert report from Roy Herndon, as it was required to do if it wished to rely on his opinions. *See*

Defs. Mot. to Strike Decl. of Roy Herndon. Now, realizing it is facing dismissal, the District put

forth an improper and self-serving declaration from Mr. Herndon that is replete with expert

opinions, leaving Defendants no opportunity to respond.[6] The Court should reject the District's

belated and improper effort to save its unmeritorious claims.

The Court has "wide discretion" in fashioning a remedy when a party fails to conform to

the rules of discovery. *Outley v. City of New York*, 837 F.2d 587, 590 (2d Cir. 1988). The Court

can, among other things, exclude such new evidence. FED. R. CIV. P. 26 Advisory Committee's

Note; *see also* FED. R. CIV. P. 37 ("If a party fails to provide information or identify a witness as

required by Rule 26(a) or (e), the party is not allowed to use that information or witness to

supply evidence on a motion . . . unless the failure was substantially justified or is harmless.").

The Court should do so here. The District waited seven years to begin this alleged new work,

literally beginning the work in the weeks immediately following the discovery deadline, to game

the system. It has sandbagged Defendants, and it should not be rewarded for doing so. *Ebewo v.*

*Martinez*, 309 F. Supp. 2d 600, 607 (S.D.N.Y. 2004) ("The purpose of [Rule 37] is to prevent the

practice of "sandbagging" an opposing party with new evidence."). The new evidence should

therefore be excluded. *See Wetso Minerals, Inc. v. Powerscreen Int'l Dist. Ltd.*, 722 F. Supp. 2d

316, 322 (E.D.N.Y. 2010) (upholding exclusion of evidence that was not created until after

discovery deadline); *Morogiannis v. Caesars World, Inc.*, 1995 WL 217512, at *2 (S.D.N.Y.

---

[6]     The Response and Mr. Herndon's declaration contain numerous factual inaccuracies. For example, the District incorrectly claims that Mobil station #18-HDR was one of the fourteen stations on which it sought summary judgment, and then proceeds to rely on the alleged additional work proposals the District intends to submit regarding this site. Resp. at 12-13. But Mobil station #18-HDR was *not* part of the District's motion for summary judgment. *See* OCWD's Mot. for Summ. J., St. of Undisputed Mat. Facts, pp. 8-11; *see also* July 25, 2011 Herndon Declaration, ¶ 1. This and the other inaccuracies, however, do not affect the Court's analysis of the District's two claims.

Apr. 11, 1995) (excluding affidavits used in response to summary judgment motion for failure to timely supplement discovery).

**C.    The District's new evidence fails to raise an issue of material fact.**

Even if the Court were to consider the District's new information, it still would not save the District's OCWD Act claim because the District has failed to tie its investigative file review and routine testing to any of the new work performed or anticipated. *See In re MTBE*, 2011 WL 2565771 at *5 ("Nor is there any evidence that the District's consultants' file review has led or will lead to remedial action at these sites, or off-site."). Furthermore, even taking Mr. Herndon's declaration at face value, the District concedes that the purported new work is not remedial work; the District's costs are therefore not recoverable under the Act. *See* Resp. at 12 (noting that "plans for remediation" were only just submitted on May 28, 2011 and no work proposals for actual remediation have been submitted yet); *In re MTBE*, 2011 WL 2565771 at *5 (holding the District cannot recover investigation costs alone). In addition, Defendants are confident that, if tested through discovery, the District's not yet formed plans for remediation would be shown to be just as unnecessary, wasteful, and without justification as the District's expenses prior to the discovery cutoff.

**D.    *Arnold Engineering* does not support the District's trespass claim.**

The Response also fails to explain why judgment in Defendants' favor on the District's trespass claim should not be granted. While the District argues that Defendants have not cited any case law that requires a plaintiff to have exclusive or primary control of the groundwater to assert a trespass claim, Resp. at 13-14, it fails to note the California treatise Defendants cite regarding trespass and "property" generally. *See* 5 WITKIN § 693 ("Trespass protects the possessor's interest in exclusive possession of *property*." (emphasis added)). For its part, the District fails to cite any cases that indicate that the well settled law regarding trespass in

California should not apply to groundwater cases as well.  Moreover, the District does not dispute that it has abandoned its usufructuary right to the groundwater or provide any facts demonstrating that it plans to exercise any usufructuary right it may have with respect to the shallow groundwater near the stations in the future.  *See* Dfs. Opp. at 19-20.

Instead, the District attempts to twist the *Arnold Engineering* decision around to support its argument that it can assert a claim for trespass to groundwater to which it has subservient rights.  Resp. at 14.  *Arnold Engineering* does not state that.  As noted at the outset, *Arnold Engineering* simply addressed whether the District in that case was prosecuting a public nuisance abatement action on the public's behalf.  196 Cal. App. 4th at __ (2011 WL 2505558 at *5-8).  It did not discuss the merits of any of the District's claims.  Accordingly, the District has failed to explain why judgment in Defendants' favor on the trespass claim is inappropriate.

## CONCLUSION

For the foregoing reasons and the reasons put forth in Defendants' original summary judgment briefing, Defendants respectfully request the Court enter judgment in their favor on the District's OCWD Act and trespass claims.

Respectfully submitted,

*Charles Correll /by perm.*

Robert E. Meadows
Jeremiah J. Anderson
King & Spalding LLP
1100 Louisiana, Suite 4000
Houston, Texas 77002
Telephone:  (713) 751-3200
Facsimile: (713) 751-3290

Charles C. Correll, Jr.
King & Spalding LLP
101 Second Street, Suite 2300
San Francisco, CA  94105

Telephone:  (415) 318-1200
Facsimile: (415) 318-1300

Richard E. Wallace, Jr.
William F. Hughes
Wallace King Domike & Branson PLLC
1050 Thomas Jefferson Street, N.W.
Washington, D.C. 20007
Telephone:  (202) 204-1000
Facsimile:  (202) 204-1001

*Attorneys for Defendants Chevron U.S.A. Inc.
(individually and d/b/a Chevron Products Co. and
Chevron Chemical Co.), Chevron Corporation
(f/k/a ChevronTexaco Corporation), Unocal
Corporation, and Union Oil Company of
California*

## Certificate of Service

I hereby certify that on August 8, 2011 a true, correct, and exact copy of the foregoing document was served on all counsel via LexisNexis File & Serve.

Jeremiah J. Anderson

## ATTACHMENT A

### Reply to Orange County Water District's Response to Show Cause Order
*Defendants Joining in Reply*

Chevron U.S.A. Inc
Chevron Corporation
Exxon Mobil Corporation
ExxonMobil Oil Corporation
Atlantic Richfield Company
BP Products North America, Inc.
BP West Coast Products LLC
ConocoPhillips Company, as successor-in-interest to defendant Tosco Corporation and Phillips
      Petroleum Corporation
Shell Oil Company
Equilon Enterprises, LLC
TMR Company
Union Oil Company of California
Unocal Corporation
G&M Oil Company