UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In re: Methyl Tertiary Butyl Ether ("MTBE")   Master File No. 1:00-1898
Products Liability Litigation                 MDL 1358 (SAS): M21-88
-----------------------------------------------------------------X
This Document Relates To:

*NJ Department of Environmental Protection, et al.*   Civil Action No. 08-00312

*Plaintiffs*

*v.*

*Atlantic Richfield, Co., et al.*

*Defendants*
-----------------------------------------------------------------X
*Getty Properties Corp.*
*Defendant/Third-Party Plaintiff*

*v.*

*H.P. Delta, Inc.; Robert Melecci; Dhandi Transport, Inc.;*
*and John and Jane Does Nos. 1 - 100*

*Third-Party Defendants*
-----------------------------------------------------------------X

### ANSWER OF DEFENDANT/THIRD-PARTY PLAINTIFF GETTY PROPERTIES CORP. TO THIRD-PARTY DEFENDANT ROBERT MELECCI'S AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Defendant/Third-Party Plaintiff, Getty Properties Corp. ("GPC"), by and through its attorneys, Rawle & Henderson LLP, hereby Answers the Affirmative Defenses and Counterclaims of Third-Party Defendant Robert Melecci ("Melecci") as follows:

### ANSWER TO AFFIRMATIVE DEFENSES

1.   Denied. GPC denies this affirmative defense as it contains conclusions of law to which no responsive pleading is required.

4935739-1

2. Denied. GPC denies this affirmative defense as it contains conclusions of law to which no responsive pleading is required.

3. Denied. GPC denies this affirmative defense as it contains conclusions of law to which no responsive pleading is required.

4. Denied. GPC specifically denies this affirmative defense as it contains conclusions of law to which no responsive pleading is required. Third-Party Defendant Melecci did not and has not complied with applicable state and federal regulations.

5. Denied. GPC denies this affirmative defense as it contains conclusions of law to which no responsive pleading is required.

6. No responsive pleading is required to this Affirmative Defense at this time.

7. Denied. GPC denies this affirmative defense as it contains conclusions of law to which no responsive pleading is required.

8. Denied. GPC specifically denies this affirmative defense as it contains conclusions of law to which no responsive pleading is required.

9. Denied. GPC specifically denies this affirmative defense as it contains conclusions of law to which no responsive pleading is required.

10. Denied. GPC specifically denies this affirmative defense as it contains conclusions of law to which no responsive pleading is required.

11. Denied.

12. Denied. GPC denies this affirmative defense as it contains conclusions of law to which no responsive pleading is required.

13. Denied. GPC denies this affirmative defense as it contains conclusions of law to which no responsive pleading is required.

14. Denied. GPC denies this affirmative defense as it contains conclusions of law to which no responsive pleading is required.

15. Denied.

16. Denied.

17. Denied.

18. Denied. GPC denies this affirmative defense as it contains conclusions of law to which no responsive pleading is required.

19. Denied. GPC denies this affirmative defense as it contains conclusions of law to which no responsive pleading is required.

20. Denied. GPC denies this affirmative defense as it contains conclusions of law to which no responsive pleading is required. By way of further answer, GPC's Third-Party Complaint, being in writing, speaks for itself.

21. Denied. GPC denies this affirmative defense as it contains conclusions of law to which no responsive pleading is required.

22. Denied. GPC denies this affirmative defense as it contains conclusions of law to which no responsive pleading is required.

23. Denied. GPC denies this affirmative defense as it contains conclusions of law to which no responsive pleading is required.

24. Denied. GPC denies this affirmative defense as it contains conclusions of law to which no responsive pleading is required.

WHEREFORE, Defendant/Third-Party Plaintiff, Getty Properties Corp., requests that this Honorable Court dismiss the Affirmative Defenses of Third-Party Defendant Robert Melecci and

enter judgment in favor of Getty Properties Corp. including attorney's fees, interest, costs of suit and such other relief as this Court may deem equitable and just.

## REQUEST FOR STATEMENT OF DAMAGES

Defendant/Third-Party Plaintiff has and will continue to incur costs and fees associated with the State Court litigation initiated by H.P. Delta and in regard to the instant matter. Discovery is continuing in this matter as remediation by the NJDEP of Third-Party Defendant Melecci's property continues (which is Melecci's responsibility). All costs incurred by the NJDEP and any other entity for said remediation is the responsibility of Melecci and all other Third-Party Defendants.

## ANSWER TO COUNTERCLAIMS

### Nature of the Action

1. Denied. The allegations contained in this paragraph are legal conclusions for which no response is required. If a response is required, the allegations are denied.

2. The pleadings filed by Plaintiffs in this matter are written documents, the content of which speaks for themselves.

3. Admitted, with the exception of the incorrect reference to Getty Properties Corp. By way of further answer, GPC's Third-Party Complaint, is a written document, the content of which speaks for itself.

### Jurisdiction and Venue

4. Admitted.

5. Admitted.

## Parties

6. Admitted.

7. Admitted, with the exception of the incorrect reference to Getty Properties Corp.

## Background

8. Admitted upon information and belief.

9. Admitted upon information and belief.

10. Admitted upon information and belief.

11. Admitted upon information and belief. In addition, the NJDEP conducted an investigation in 2004 due to a release at Melecci's property.

12. Denied. It is specifically denied that the contamination found at Melecci's property in 2004 and 2006 was from before GPC removed tanks in or around 1987. The contamination is the direct result of releases/spills of Third-Party Defendants.

13. Denied as stated.

## COUNT I - NEGLIGENCE

14. GPC incorporates by reference as though fully set forth herein the answers set forth above and all of its allegations set forth in its Third-Party Complaint.

15. Denied. The allegations contained in this paragraph are legal conclusions for which no response is required. If a response is required, the allegations are denied.

16. Denied. The allegations contained in this paragraph are legal conclusions for which no response is required. If a response is required, the allegations are denied.

17. Denied. The allegations contained in this paragraph are legal conclusions for which no response is required. If a response is required, the allegations are denied. By way of further response, it is Melecci and H.P. Delta's responsibility to remediate the contamination on

Melecci's property and their refusal to do so is in direct violation of New Jersey laws and regulations. All costs incurred by the NJDEP are the direct responsibility of Melecci and all Third-Party Defendants.

WHEREFORE, Defendant/Third-Party Plaintiff, Getty Properties Corp., demands judgment in its favor and against Third-Party Defendant Robert Melecci and requests the Court grant such other and further relief that may be just and appropriate.

## COUNT II – NEW JERSEY SPILL COMPENSATION AND CONTROL ACT

18. GPC incorporates by reference as though fully set forth herein the answers set forth above and all of its allegations set forth in its Third-Party Complaint.

19. The Spill Act, a written document, speaks for itself.

20. The Spill Act, a written document, speaks for itself.

21. Denied. The allegations contained in this paragraph are legal conclusions for which no response is required. If a response is required, the allegations are denied.

22. Denied. The allegations contained in this paragraph are legal conclusions for which no response is required. If a response is required, the allegations are denied.

WHEREFORE, Defendant/Third-Party Plaintiff, Getty Properties Corp., demands judgment in its favor and against Third-Party Defendant Robert Melecci and requests the Court grant such other and further relief that may be just and appropriate.

## COUNT III – INDEMNIFICATION

23. GPC incorporates by reference as though fully set forth herein the answers set forth above and all of its allegations set forth in its Third-Party Complaint.

24. Denied. The allegations contained in this paragraph are legal conclusions for which no response is required. If a response is required, the allegations are denied.

WHEREFORE, Defendant/Third-Party Plaintiff, Getty Properties Corp., demands judgment in its favor and against Third-Party Defendant Robert Melecci and requests the Court grant such other and further relief that may be just and appropriate.

## COUNT IV – DECLARATORY JUDGMENT

25. GPC incorporates by reference as though fully set forth herein the answers set forth above and all of its allegations set forth in its Third-Party Complaint.

26. Denied. The allegations contained in this paragraph are legal conclusions for which no response is required. If a response is required, the allegations are denied.

WHEREFORE, Defendant/Third-Party Plaintiff, Getty Properties Corp., demands judgment in its favor and against Third-Party Defendant Robert Melecci and requests the Court grant such other and further relief that may be just and appropriate.

RAWLE & HENDERSON LLP

By: _____
John C. McMeekin II, Esquire (JM8956)
Susan M. Dean, Esquire
The Widener Building
One South Penn Square
Philadelphia, PA 19107
Telephone: 215-575-4200
jmcmeekin@rawle.com
sdean@rawle.com

Attorneys for Defendant/Third-Party Plaintiff Getty Properties Corp.

Date: 10/12/2011

## CERTIFICATION OF SERVICE

I, Susan M. Dean, Esquire, an attorney for Defendant/Third-Party Plaintiff Getty Properties Corp. certifies that on this date, a copy of the Answer of Defendant/Third-Party Plaintiff Getty Properties Corp. to Third-Party Defendant Robert Melecci's Affirmative Defenses and Counterclaims was served upon all parties of record via the Court's Electronic Case Filing System and via LexisNexis File and Serve.

_____
Susan M. Dean, Esquire

Date: 10/12/2011