UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



IN RE METHYL TERTIARY BUTYL ETHER )
("MTBE") PRODUCTS LIABILITY )
LITIGATION )
 )
This document relates to: )
 )
*Commonwealth of Puerto Rico, et al. v. Shell Oil* )
*Co., et al.*, S.D.N.Y. Case No. 04-cv-10470 )
 )

Master File No. 1:00-1898
MDL 1358 (SAS)
M21-88

**KENNETH E. WARNER, SPECIAL MASTER:**

**PRE-TRIAL ORDER #67**
**(Defendants' Motion to Compel Properly Prepared 30(b)(6) Witness)**

 Defendants filed this motion to compel plaintiffs to produce a properly prepared witness or witnesses to be deposed pursuant to defendants' 30(b)(6) Notices of Deposition served on July 22, 2011. For the reasons set forth below, defendants' motion is granted.

**Background**

 Defendants' Federal Rule of Civil Procedure 30(b)(6) notices identify eight topics and issues to be addressed with regard to each of 20 "focus sites". The topics and issues include, *inter alia*, "The *identification of all documents* in plaintiffs' possession, custody or control concerning this facility" (Issue 1); "The *efforts made to locate* documents concerning this facility including, without limitation, the identity of the person(s) who undertook to locate the documents" (Issue 2); "The *current status of efforts to remediate*, abate or clean-up gasoline, BTEX, MTBE or TBA at the FACILITY" (Issue 4); and "Any BTEX, MTBE or TBA that is or was alleged to have *migrated from the facility* to any supply well or waters of the Commonwealth" (Issue 5).[1] The Notices of Deposition define "plaintiffs" as:

---

[1] Emphasis changed from original.

the Commonwealth of Puerto Rico, including each of its departments, agencies, divisions, subdivisions, offices, groups or other subparts, as they existed at any time relevant to the claims asserted in this matter, the Commonwealth of Puerto Rico's Environmental Quality Board ("EQB"), the Puerto Rico Sewer and Aqueduct Authority ("PRASA"), all COVERED PERSONS, and each of these entities' respective officers, trustees, supervisors, employees, departments, agencies, affiliates, agents, and representatives.

(Letter from M. Dillon dated September 30, 2011, Exh. A, Defendants' Notice of Deposition Re: Focus Sites.)

The parties conferred about defendants' 30(b)(6) depositions in August 2011. On September 12, 2011 plaintiffs stated that Robert Ayala would serve as the sole 30(b)(6) designated deponent for the eight topics regarding all 20 focus sites, and they proposed that depositions take place in Puerto Rico from September 26-30, 2011. On September 15, plaintiffs disclosed pursuant to the Court's rules that the only documents Mr. Ayala had consulted to prepare for these depositions were the site files maintained by the Environmental Quality Board and already produced to defendants. According to defendants and not denied by plaintiffs, defendants expressed concerns to plaintiffs that Mr. Ayala alone would not be able to address all of the topics for all 20 of the focus sites, and that Mr. Ayala could not be properly prepared for the depositions by only reading the site files produced for each of the 20 focus sites; plaintiffs' counsel assured them that Mr. Ayala would be prepared to address all of the topics for all of the sites.

The depositions commenced on September 26. For this motion, the relevant portions of Mr. Ayala's deposition testimony are as follows:

MR. DILLON: And do you understand you'll be answering questions regarding the collective knowledge of each of these covered persons [referring to, e.g., the Department of Health, the Department of Environmental and Natural Resources, and the Puerto Rico Aqueduct and Sewer Authority (PRASA)]?

MR. AYALA: This is another agency. This is the Department of Health. I don't know what might be the collective knowledge of these persons.

MR DILLON: So I think that answers my question. So you are not aware that you're speaking with respect to the collective knowledge of the Department of Health –

MR. AYALA: Correct.

MR. DILLON: – identified in this letter?

MR. AYALA: Correct.

MR. DILLON: Would that also be true of the other agencies identified down in that last paragraph on the first page, the Department of Environmental and Natural Resources? Are you not prepared to speak to the collective knowledge of that department?

MR. AYALA: No, I am not.

...

MR. DILLON: And do you understand that PRASA is a covered person in this case?

MR. AYALA: As it's part of the government of Puerto Rico, yes.

MR. DILLON: And with respect to your preparation for this deposition are you prepared to speak to the collective knowledge of PRASA as it respects these 20 focus sites selected by defendants?

MR. AYALA: Collective knowledge of PRASA, no.

MR. DILLON: And so am I to understand that as part of your preparation for these depositions, you did not do any investigation or communication with PRASA to answer questions for these depositions.

MR. AYALA: That is correct.

...

MR. DILLON: And then with respect to numbers 4 and 5, I understood you to emphasize the word "current" on No. 4. And am I understanding that with respect to the Old Furniture Factory, you can't speak to the current status to any efforts to remediate, abate, or clean up gasoline, BTEX, MTBE, or TBA at the facility. Is that correct?

MR. AYALA:  I don't know anything about any current effort.

MR. DILLON:  Mr. Ayala, is that true of all 20 sites defendants have selected for deposition?

MR. AYALA:  I'd have to go through each file.

MR. DILLON:  And with respect to No. 5, which reads, "any BTEX, MTBE, or TBA that is or was alleged to have migrated from the facility to any supply well or waters of the Commonwealth," am I correct in understanding you to say that you're not prepared to speak to that issue with respect to the Old Furniture Factory?

MR. AYALA:  Right. I don't have information with respect to that.

MR. DILLON:  Is that true of all 19 other sites as well?

MR. AYALA:  Yes.

MR. DILLON:  Okay. With respect to the topics you've identified here, is there anybody better positioned to answer questions regarding those topics than you?

MR. AYALA:  I don't know.

MR. DILLON:  What would it take for you to determine who might be better positioned to answer questions with respect to those topics, Mr. Ayala?

MR. AYALA:  I would have to speak with my personnel, because these -- each case is specific...

        ...

MR. DILLON:  So to do that, to accomplish that end, to see what both the past [status] and the current status and the general [status] of these sites, what specifically did you do to, I guess refamiliarize yourself in some instances or educate yourself in others, as to these sites? What did you do?

MR. AYALA:  Well, we reviewed the information in the file and what was the status of the cases, why some of the installations were not addressed to get a clean-up. The file content.

MR. DILLON:  And that file was provided to you by counsel?

MR. AYALA:  The same information that you have here, yes.

-4-

...

MR. DILLON:  Was anyone else present or on the phone during your preparation sessions?

MR. AYALA:  No.

MR. DILLON:  [Did you] meet or otherwise speak with anyone else besides counsel for the Commonwealth in preparation for your deposition?

MR. AYALA:  No.

MR. DILLON:  And this is true for all 20 focus sites?

MR. AYALA:  Yes.

MR. DILLON:  Were there any documents you identified as missing from the site files that you looked for and could not locate?

MR. AYALA:  I didn't identify anything as missing.  Everything in the file *was presumed* to be the complete file (emphasis added).

MR. DILLON:  Did you conduct any research on your own in preparation for this deposition?

MR. AYALA:  No.

...

MR. AYALA:  I can only, you know, comment on whatever is on the file, because everything should be kept on file.  If it's not on the file, I don't know what happened...

(Letter from M. Dillon dated September 30, 2011, 9/26/11 R. Ayala Rough Depo. Tr. 4:25-5:19, 8:10-23, 25:11-26:16, 28:1-14, 34:1-18, 125:19-21.)

The parties had scheduled a week for these depositions, but in light of Mr. Ayala's testimony, defendants cancelled the depositions on September 27, 2011 and shortly thereafter filed the instant motion to compel plaintiffs to produce a properly prepared 30(b)(6) witness or witnesses.

**Discussion**

"Under Rule 30(b)(6), when a party seeking to depose a corporation announces the subject matter of the proposed deposition, the corporation must produce someone familiar with that subject." *Reilly v. Natwest Markets Group Inc.*, 181 F.3d 253, 269 (2d Cir. 1999). "To satisfy Rule 30(b)(6), the corporate deponent has an affirmative duty to make available 'such number of persons as will' be able 'to give complete, knowledgeable and binding answers' on its behalf." *Id.* (quoting *Securities & Exchange Comm'n v. Morelli*, 143 F.R.D. 42, 45 (S.D.N.Y. 1992) (quotations omitted)). The U.S. District Court for the District of Maryland aptly summarized the purpose and requirements of Rule 30(b)(6) as follows:

> The testimony elicited at the Rule 30(b)(6) deposition represents the knowledge of the corporation, not of the individual deponents. The designated witness is "speaking for the corporation," and this testimony must be distinguished from that of a "mere corporate employee" whose deposition is not considered that of the corporation and whose presence must be obtained by subpoena. [Citations omitted] . . . If persons designated by the corporation do not possess personal knowledge of the matters set out in the deposition notice, the corporation is obligated to prepare the designees so that they may give knowledgeable and binding answers for the corporation. [Citations omitted].
>
> Moreover, the designee must not only testify about facts within the corporation's knowledge, but also its subjective beliefs and opinions. [Citation omitted]. The corporation must provide its interpretation of documents and events. [Citation omitted].
>
> Rule 30(b)(6) explicitly requires [a corporation] to have persons testify on its behalf as to all matters known or reasonably available to it and, therefore, implicitly requires such persons to review all matters known or reasonably available to it in preparation for the Rule 30(b)(6) deposition. This interpretation is necessary in order to make the deposition a meaningful one and to prevent the "sandbagging" of an opponent by conducting half-hearted inquiry before the deposition but a thorough and vigorous one before the trial. This would totally defeat the purpose of the discovery process. The Court understands that preparing for a Rule 30(b)(6) deposition can be burdensome. However, this is merely the result of the concomitant obligation from the privilege of being able to use the corporate form in order to conduct business.

*Paul Revere Life Ins. Co. v. Jafari*, 206 F.R.D. 126, 127-28 (D.Md. 2002).

Mr. Ayala – the sole witness put forward by plaintiffs to answer for the entire Commonwealth of Puerto Rico regarding eight issues for each of twenty different focus sites – clearly was, by his own admission, unable to give any answers, much less "complete, knowledgeable and binding" answers, with regard to Issues 4 and 5 announced in defendants' Notices of Deposition. *Reilly*, 181 F.3d at 269; *see also* 9/26/11 R. Ayala Rough Depo. Tr. 25:11-26:16.  Mr. Ayala likewise was unable to speak to Issues 1 and 2 in the Notices of Deposition. *See, e.g.,* 9/26/11 R. Ayala Rough Depo. Tr. 34:1-18 ("Everything in the file *was presumed to be* the complete file") (emphasis added).  Additionally, Mr. Ayala, again by his own admission, was unprepared to speak with regard to any noticed subject for the Commonwealth's designated "covered persons," including the Department of Health, the Department of Environmental and Natural Resources, and PRASA. *See* 9/26/11 R. Ayala Rough Depo. Tr. 4:25-5:19, 8:10-23.

Accordingly, defendants' motion to compel is granted.  Plaintiffs "must produce someone familiar with" the "subject matter" identified in defendants' 30(b)(6) Notices of Deposition, *Reilly*, 181 F.3d at 269, and they are "obligated to prepare [the witness or witnesses] so that they may give knowledgeable and binding answers for" plaintiffs, including covered persons, with regard to the identified issues. *Jafari*, 206 F.R.D. at 127.  Plaintiffs must therefore produce a witness or witnesses properly prepared to speak on behalf of plaintiffs, including all covered persons, to the eight issues identified in defendants' Notices of Deposition for each of the 20 focus sites.  These 30(b)(6) depositions shall be completed by no later than November 30, 2011. If any problem arises in connection with this timing, the parties should contact me immediately.

Dated:  November 4, 2011

**SO ORDERED:**

Kenneth E. Warner, Special Master