UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------ X
                                                       :
IN RE: METHYL TERTIARY BUTYL                           :
ETHER ("MTBE") PRODUCTS                                :   **MEMORANDUM**
LIABILITY LITIGATION                                   :   **OPINION AND ORDER**
------------------------------------------------------ :
                                                       :   Master File No. 1:00-1898
This document relates to:                              :   MDL 1358 (SAS)
                                                       :   M21-88
City of Merced Redevelopment Agency v.                 :
Exxon Mobil Corp., et al., 08 Civ. 06306               :
                                                       :
------------------------------------------------------ X

SHIRA A. SCHEINDLIN, U.S.D.J.:

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/22/11

## I. INTRODUCTION

Defendants Kinder Morgan Energy Partners, L.P. and SFPP, L.P. (collectively, "Kinder Morgan") move for an order determining that their proposed settlement is in good faith under California law. Non-settling defendants Shell Oil Company, Equilon Enterprises LLC d/b/a/ Shell Oil Products US and TMR Company (collectively, "non-settling defendants") oppose the motion, arguing that the proposed settlement provides no payment or benefit to plaintiff City of Merced Redevelopment Agency ("RDA") and no corresponding offset to the non-settling defendants. Accordingly, the non-settling defendants argue that the proposed settlement is not in good faith.

1

## II. BACKGROUND

In this consolidated multi-district litigation ("MDL"), the RDA filed this action on April 7, 2008 against multiple defendants including Kinder Morgan, alleging that the RDA's property was contaminated by the release of gasoline containing methyl tertiary butyl ether ("MTBE") or tertiary butyl alcohol ("TBA") into the groundwater in Merced, California.[1] Specifically with regards to Kinder Morgan, the RDA alleged that gasoline was released from a pipeline owned or operated by Kinder Morgan ("Pipeline") within Merced.

On June 7, 2011, Kinder Morgan filed a Motion for Determination of Good Faith Settlement. In return for the RDA's dismissal of the action against Kinder Morgan, Kinder Morgan has agreed to waive its right to seek any and all costs that it has incurred in this action.[2] Kinder Morgan estimates that it is entitled to litigation costs in the amount of fifty thousand dollars.[3] Kinder Morgan now moves for an order (1) determining that the settlement agreement between the RDA and Kinder Morgan is a good faith settlement under California law; (2) for

---

[1] *See* Memorandum of Law in Support of Defendants Kinder Morgan Energy Partners, L.P. and SFPP, L.P.'s Motion for Determination of Good Faith Settlement ("Kinder Morgan Mem.") at 1.

[2] *See* Settlement Agreement and Release in Full of All Claims and Rights, Ex. A to Kinder Morgan Mem., at 2.

[3] *See* Kinder Morgan Mem. at 3.

entry of judgment under Federal Rule of Civil Procedure 54(b); and (3) for such other, different or additional relief that the Court deems just and proper.[4]  The non-settling defendants filed an opposition to Kinder Morgan's motion on July 7, 2011.

## III. LEGAL STANDARD

### A. Good Faith Settlements Under California Law

California Code of Civil Procedure section 877 provides that a settlement that is made "in good faith before verdict or judgment to one or more of a number of tortfeasors claimed to be liable for the same tort, or to one or more other co-obligors mutually subject to contribution rights" has two effects.[5]  *First*, it reduces "the claims against the others in the amount stipulated by [the settlement] or in the amount of the consideration paid for it, whichever is greater."[6]  *Second*, it releases "the party to whom it is given from all liability for any contribution to other parties."[7]

---

[4]   *See* Defendants Kinder Morgan Energy Partners, L.P. and SFPP, L.P.'s Notice of Motion and Motion for Determination of Good Faith Settlement ("Kinder Morgan Mot.") at 1.

[5]   CAL. CODE CIV. PROC. § 877.

[6]   *Id.* at § 877(a).

[7]   *Id.* at § 877(a).

In the seminal decision of *Tech-Bilt, Inc. v. Woodward-Clyde & Associates*, the California Supreme Court stated that a settlement is in good faith under section 877 if "the amount of the settlement is within the reasonable range of the settling tortfeasor's proportional share of comparative liability for the plaintiff's injuries," taking into account the fact that the amount of the settlement should be less than the amount the defendant would have to pay if the case went to verdict.[8] This analysis also takes a number of other factors into account, including "the financial conditions and insurance policy limits of settling defendants, as well as the existence of collusion, fraud, or tortious conduct aimed to injure the interest of nonsettling defendants."[9] After the settling defendant has met its initial burden of showing that the settlement is in good faith, a non-settling defendant challenging the settlement as not in good faith must show that it is "so 'far out of the ball park' in relation to these factors as to be inconsistent with the equitable objectives of [section 877]."[10]

### B. Cost-Waiver Settlements

---

[8] *Tech-Bilt, Inc. v. Woodward-Clyde & Assocs.*, 38 Cal. 3d 488, 499 (1985).

[9] *Id.*

[10] *Id.* at 499-500.

Generally speaking, "settlements involving legal consideration other than a direct payment of money will effect such a reduction if the *Tech-Bilt* 'reasonable range' test is otherwise met."[11]  Accordingly, the California Court of Appeal stated in *Armstrong World Industries, Inc. v. Superior Court* that "by operation of section 877, subdivision (a), a waiver of litigation costs by a settling defendant effects a reduction in the liability of nonsettling defendants in the same manner as though the settlement involved payment of the equivalent amount to plaintiff in cash."[12]  While the holding in *Armstrong* was limited by the fact that the settling defendant was a prevailing party entitled to costs under California law,[13] a later case expanded its holding to include situations where it is undisputed that the settling defendant, although not technically a prevailing party, would prevail at trial.[14]

---

[11]  *Armstrong World Indus., Inc. v. Superior Court*, 264 Cal. Rptr. 39, 41 (Cal. Ct. App. 1989).

[12]  *Id.* at 40.

[13]  *See id.*

[14]  *See Garcia v. Duro Dyne Corp.*, 67 Cal. Rptr. 3d 100, 105 (Cal. Ct. App. 2007).

## IV. DISCUSSION[15]

### A. Kinder Morgan's Settlement Is Not Invalid Merely Because It Is a Waiver of Costs

The non-settling defendants "have no objection to an outright dismissal of the RDA's claims against Kinder Morgan."[16] Nonetheless, they oppose Kinder Morgan's request for certification of the settlement pursuant to section 877 because they believe that "a settlement pursuant to which the settling defendant pays nothing in return for waiving a claim for costs against the plaintiff does not merit approval as a 'good-faith settlement' due to is detrimental effects on

---

[15] There is a threshold issue as to whether the non-settling defendants' opposition is timely. Southern District of New York Local Rule 6.1(b) requires that "any opposing affidavits and answering memoranda . . . be served within fourteen days after service of the moving papers." Case Management Order No. 1 issued by this Court in April 2004 states that "1 day shall be added . . . when effecting service by electronic means." The non-settling defendants filed their opposition thirteen days late. Kinder Morgan requests that I strike the non-settling defendants' opposition as untimely. *See* Reply Memorandum of Law in Support of Defendants Kinder Morgan Energy Partners, L.P. and SFPP, L.P.'s Motion for Determination of Good Faith Settlement ("Kinder Morgan Reply") at 1-2. I decline to do so. "A district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules." *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 73 (2d Cir. 2001) (citations omitted). Kinder Morgan has not argued that it has been prejudiced by the delay or that there was any bad faith on the part of the non-settling defendants. I will decide this motion on the merits.

[16] Shell Defendants' Response in Support of the Kinder Morgan Dismissal but in Opposition to the Request for Certification Under Code Section 877 ("Shell Opp. Mem.") at 1.

non-settling defendants."[17]  As noted above, however, the focus of a good-faith analysis is not on what form consideration takes, but rather on the value of that consideration.  As the California Court of Appeal has stated, *Tech-Bilt* "holds only that the essentially valueless settlement [in *Tech-Bilt*] was not within the 'reasonable range' of the defendants' probable liability and thus did not satisfy the section 877.6 objective of allocating costs equitably among multiple tortfeasors."[18] This means that if the settling defendant is or undisputedly would be entitled to costs, a settlement waiving those costs is valid consideration under section 877 and *Tech-Bilt* as long as it reasonably approximates the settling defendant's probable liability. Accordingly, I reject the non-settling defendants' argument that Kinder Morgan's settlement cannot be in good faith simply because Kinder Morgan waived costs.

    **B.**    **Kinder Morgan's Settlement Is in Good Faith**[19]

---

[17]    *Id.*

[18]    *Armstrong*, 264 Cal. Rptr. at 43.

[19]    Kinder Morgan argues that the non-settling defendants have not met their burden of showing that the settlement was not in good faith because it was "out of the ballpark."  *See* Kinder Morgan Reply at 4.  As noted above, however, the settling defendant has the burden of making a prima facie showing that the settlement is in good faith if the non-settling defendants contest the settlement. Only then do the non-settling defendants have a burden to prove the settlement was not made in good faith.  *See City of Grand Terrace v. Superior Court of San*

After extensive discovery,[20] Kinder Morgan now asserts that "virtually everyone involved in this matter, from the regulators to the RDA's own employees and consultants, agrees that the Pipeline is not a source of the alleged contamination."[21] Kinder Morgan has submitted declarations that provide substantial evidence of this assertion,[22] which in turn indicates that Kinder Morgan would likely have prevailed at trial. Accordingly, Kinder Morgan would have been entitled to costs, exclusive of attorney's fees, under Federal Rule of Civil

---

*Bernardino*, 238 Cal. Rptr. 119, 126-27 (Cal. Ct. App. 1987).

[20] For example, over sixty depositions have been taken since 2008. *See* Kinder Morgan Mem. at 1.

[21] *Id.* at 2.

[22] *See id.* at 1-2. For example, one of RDA's own consultants testified that he had no knowledge of any facts that suggested the Pipeline was the source of the contamination. *See* 11/11/10 Transcript of Video Deposition of Stephen T. Spencer, Ex. E to Declaration of John Lynn Smith, counsel for Kinder Morgan, in Support of Kinder Morgan's Motion for Good Faith Settlement ("Smith Decl."), at 171:1-172:1 ("Q: So as you sit here today, Steve, do you have knowledge of any facts that would lead you to believe that the pipeline was a source of the contamination at issue? . . . A: We never -- in our investigation never found data that would suggest the pipeline was a source"). Also, the representative from the California Regional Water Quality Control Board for the Central Board for the Central Valley Region – the current regulatory agency for the alleged contamination – testified that the board "'[had] not noted any compelling evidence, any compelling data, suggesting a release from the pipeline.'" Kinder Morgan Mem. at 2 (quoting 11/4/10 Transcript of Video Deposition of Warren Gross, Ex. C to Smith Decl., at 379:4-6).

Procedure 54(d)(1). Kinder Morgan estimates those costs to be fifty thousand dollars.[23]

In sum, Kinder Morgan has shown that it likely had no liability to the RDA, and that it would be entitled to a substantial cost award. As a result, Kinder Morgan's cost-waiver settlement is within the ballpark of its "proportional share of comparative liability for the plaintiff's injuries" under *Tech-Bilt*. Accordingly, Kinder Morgan has made a prima facie showing that its settlement is in good faith. As such, the burden then shifts to the non-settling defendants to show that the settlement is not in good faith.[24]

The non-settling defendants have made no showing – nor have they even argued – that the proposed settlement is "so far 'out of the ballpark' in relation to [the *Tech-Bilt* factors] to be inconsistent with the equitable objectives of the statute."[25] Indeed, their primary concern appears to be that they will not get a setoff to their own liability for the amount of the Kinder Morgan settlement. As explained above, this is simply not the case; Kinder Morgan's cost-waiver

---

[23] *See* Kinder Morgan Mem. at 3.

[24] *See* CAL. CODE CIV. PROC. § 877(d); *see also City of Grand Terrace*, 238 Cal. Rptr. at 125.

[25] *Tech-Bilt*, 38 Cal. 3d at 500.

settlement will entitle the non-settling defendants to an offset because Kinder Morgan would have been entitled to costs if it won at trial, and there is no dispute that it would have done so.

Based on the foregoing, I find that the non-settling defendants have failed to meet their burden of showing that Kinder Morgan's cost-waiver settlement was not in good faith. I therefore find that the settlement was in good faith, as Kinder Morgan has already made a prima facie showing to that effect.

## V. CONCLUSION

For the reasons stated above, Kinder Morgan's motion for good faith settlement is granted. Furthermore, pursuant to Federal Rule of Civil Procedure 54(b), the Court finds that there is no just reason to delay the entry of judgment. The Clerk of the Court is directed to enter a final judgment dismissing the RDA's claim against Kinder Morgan and to close this motion (Docket No. 107).

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:   New York, New York
         November 22, 2011

## - Appearances -

**For Plaintiff City of Merced Redevelopment Agency:**
David T. Ritter, Esq.
Baron & Budd, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas 75219
Tel: (214) 521-3605
Fax: (214) 520-1181

Michael D. Axline, Esq.
Evan Eickmeyer, Esq.
Duane C. Miller, Esq.
Miller, Axline & Sawyer
1050 Fulton Avenue, Suite 100
Sacramento, California 95825
Tel: (916) 488-6688
Fax: (916) 488-4288

**For Defendants Kinder Morgan Energy Partners, L.P. and SFPP, L.P.:**

Chad W. Higgins, Esq.
Goodwin Proctor LLP
Exchange Place
53 State Street
Boston, Massachusetts 02109
Tel: (617) 570-1000
Fax: (617) 523-1231

**For Defendants Shell Oil Company, Equilon Enterprises LLC and Texaco Refining & Marketing, Inc.:**

Richard E. Wallace, Jr., Esq.
Wallce King Domike & Reiskin, PLLC
2900 K Street, N.W.
Harbourside, Suite 500
Washington, District of Columbia 20007

Tel: (202) 204-1000
Fax: (202) 204-1001

**Liaison Counsel for Plaintiffs:**

Robin Greenwald, Esq.
Robert Gordon, Esq.
Weitz & Luxenberg, P.C.
180 Maiden Lane
New York, New York 10038
Tel: (212) 558-5500
Fax: (212) 344-5461

**Liaison Counsel for Defendants:**

Peter John Sacripanti, Esq.
James A. Pardo, Esq.
McDermott Will & Emery LLP
50 Rockefeller Plaza, 11th Floor
New York, New York 10020
Tel: (212) 547-5583
Fax: (212) 547-5444