UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
IN RE: METHYL TERTIARY BUTYL
ETHER ("MTBE") PRODUCTS
LIABILITY LITIGATION
------------------------------------------------------------ X

**This document relates to:**

*City of Pomona, California*
*Village of Roanoke, Illinois*
*Village of Bethalto, Illinois*
*City of Nokomis, Illinois*
*Town of Kouts, Indiana*
*Bridgewater Water Department, Massachusetts*
*Russell Water Department, Massachusetts*
*City of Taneytown, Maryland*
*City of Aberdeen, Maryland*
*Mayor and Council of Berlin, Maryland*
*Town of Chesterton, Maryland*
*City of Salisbury, Maryland*
*Commissioners of Sharptown, Maryland*
*County Commissioners of Worcester County, Maryland*
*City of Kennett, Missouri*
*Mound City, Missouri*
*City of Pattonsburg, Missouri*
*Corapolis Water & Sewer Authority, Pennslyanvia*
*Harrisville Fire District, Rhode Island*
*Town of Kingston, Rhode Island*
------------------------------------------------------------ X

<u>**ORDER GRANTING JOINT MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT**</u>

Master File No. 1:00-1898
MDL 1358 (SAS)
M21-88

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

The above-listed Settling Plaintiffs move for an order determining that

-1-

their settlement with certain Settling Defendants in this MDL is in "good faith" under California and Illinois law. The Defendants that are not part of this settlement do not oppose the motion.

Having reviewed the joint memorandum of law submitted in support of this motion and the declaration of Scott Summy, counsel for the Settling Plaintiffs attached thereto, I find as follows:

1. The settlement negotiations were conducted at arms' length, and there is no evidence of collusion between the Settling Plaintiffs and Settling Defendants or of any attempt to injure the Non-Settling Defendants.

2. The settlement amount is within the reasonable range of the Settling Defendants' liability for the plaintiffs' injuries.

3. The settlement amount was allocated among plaintiffs in a reasonable, objective manner.

4. The settlement amount allocated to each plaintiff is reasonable considering the probability of recovery at trial, the defenses expected to be raised, and the expense and time required to go to trial.

Accordingly, I find that the settlements are in "good faith" as that term is defined by California and Illinois law.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:    New York, New York
          December 6, 2011

## -Appearances-

**For Plaintiffs:**

Paul Scott Summy, Esq.
Carla Michelle Burke, Esq.
Baron & Budd, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas 75219
(214) 521-3605

**Liaison Counsel for Plaintiffs:**

Robin Greenwald, Esq.
Robert Gordon, Esq.
Weitz & Luxenberg, P.C.
180 Maiden Lane
New York, New York 10038
(212) 558-5500

**For Defendants:**

Steven L. Leifer, Esq.
Baker Botts LLP
The Warner
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 639-7723

**Liaison Counsel for Defendants:**

Peter John Sacripanti, Esq.
James A. Pardo, Esq.
McDermott Will & Emery LLP
50 Rockefeller Plaza, 11th Floor
New York, New York 10020
(212) 547-5583