UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────┐
│ USDC SDNY                   │
│ DOCUMENT                    │
│ ELECTRONICALLY FILED        │
│ DOC #: _____         │
│ DATE FILED: 12/16/11        │
└─────────────────────────────┘
```

IN RE METHYL TERTIARY BUTYL ETHER                )
("MTBE") PRODUCTS LIABILITY                       )
LITIGATION                                        )
                                                  )
                                                  )     Master File No. 1:00-1898
This document relates to:                         )     MDL 1358 (SAS)
                                                  )     M21-88
*Orange County Water Dist. v. Unocal Corp.,*      )
*et al.,* 04 Civ. 4968 (SAS)                      )
                                                  )

**PRE-TRIAL ORDER # 69**
**(Motion of Tesoro Defendants to Compel Regarding Plaintiff's Subpoenas to "Jobbers")**

Defendants Tesoro Corporation and Tesoro Refining and Marketing Company

(collectively, "Tesoro") move for "an order compelling Plaintiff Orange County Water District

('OCWD') to confirm the identities of the 'jobbers' to whom it issued subpoenas in this case and

to produce all documents or declarations of no records received from those jobbers."  Although

the written submission from OCWD on this motion was unclear on the disposition of records

received by OCWD from the "jobber" subpoenas, it is now clear, based on statements made by

counsel for OCWD and for defendants during the telephonic oral argument on this motion, that

the identities of the subpoenaed jobbers is confirmed, that the documents sent by OCWD from

those subpoenas to defendants is confirmed, and that OCWD, through Mr. Axline, its attorney,

represents that whatever OCWD received from those subpoenas – whether or not in support of

OCWD's contentions – was sent to defendants.

Therefore, there is no basis for me to issue an order compelling OCWD to confirm the

identity of "jobber" subpoenas when the identity of those subpoenas has already been confirmed

on the record.  Nor is there any basis for me to require OCWD to send to defendants further

documents from the "jobber" subpoenas when OCWD's counsel represents that no such further

-1-

documents exist beyond what has already been sent to defendants, and defendants have no basis

for claiming otherwise. Nor is there any basis for me to issue an order precluding OCWD from

offering at trial any documents from the "jobber" subpoenas that were not produced to

defendants, because as noted OCWD claims that there are no such documents and that it

produced all documents it received from the "jobbers". A preclusion order is appropriate where

identifiable documents that should have been produced have not been produced and an order

issues requiring that production, which is not the case here. Withholding documents despite a

proper discovery demand or a Rule 26(a) obligation to produce those documents is a valid

ground for moving to preclude introduction of any such withheld documents at trial, so if such a

situation were to arise at trial here (a situation the record to date does not indicate will take place)

it can be addressed by defendants without the need for any preclusion ruling from me. *See U.S.*

*v. Boyce,* 148 F.Supp.2d 1069 (S.D. Cal. 2001).

For the foregoing reasons, Tesoro's Motion to Compel Regarding Plaintiff's Subpoenas

to "Jobbers" is denied.

Dated:  December 2, 2011

SO ORDERED:

KENNETH E. WARNER, Special Master

The Clerk of the Court is directed to docket this Pre-Trial Order.

SO ORDERED.

Shira A. Scheindlin
U.S.D.J.

New York, New York
December 15, 2011