# McDermott
# Will&Emery

Boston  Brussels  Chicago  Düsseldorf  London  Los Angeles  Miami  Munich
New York  Orange County  Rome  San Diego  Silicon Valley  Washington, D.C.

Stephen J. Riccardulli
Attorney at Law
sriccardulli@mwe.com
212.547.5579

February 28, 2012

## BY ELECTRONIC MAIL AND HAND DELIVERY

The Honorable Shira A. Scheindlin
United States District Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 1620
New York, New York  10007-1312

> Re:    Master File C.A. No. 1:00-1898 (SAS), M21-88, MDL No. 1358
> *Defendants' Motion Challenging the Sufficiency of Plaintiffs' Deliberative
> Process Privilege Log Entries*

Dear Judge Scheindlin:

Defendants respectfully submit this motion challenging the sufficiency of certain deliberative process privilege log entries from Plaintiffs' November 17, 2011 and January 27, 2012 privilege logs ("the Logs").

## INTRODUCTION

At the January 20, 2012 status conference, this Court made clear to Plaintiffs that certain deliberative process privilege entries in the Logs were facially insufficient, and that Plaintiffs' failure to modify those entries would result in waiver of the privilege.  *See* 1/20/12 *Status Conf. Tr.* at 26:25-28:20 (attached at Ex. A).   Indeed, in response to Plaintiffs' argument that Defendants' criticism of the Logs was misplaced, the Court forewarned:

> You act at your peril.  If you did not submit a revised log and I have to do challenges of that log and you are inadequate, *you will have waived that privilege*.

The Honorable Shira A. Scheindlin
February 28, 2012
Page 2

*Id.* at 27:12-23 (emphasis added).   Nonetheless, Plaintiffs did not modify a single entry from their November 17, 2011 log.   Likewise, despite modifying some entries from the original December 1, 2012, much of the January 27, 2012 revised log remains insufficient.[1]   These inadequate entries ignore clear guidance from this Court regarding the appropriate procedures for asserting a deliberative process claim.   *See id.* at 27:24-28:5 (identifying certain deliberative process decisions previously issued by the Court and directing Plaintiffs to revise their logs accordingly).   Put simply, the challenged entries do not contain enough information to permit Defendants or this Court to assess Plaintiffs' deliberative process privilege claims.   As a result of Plaintiffs' continued failure to provide facially sufficient Log entries, Defendants respectfully request that this Court deem waived the privilege allegedly associated with the documents identified below and order Plaintiffs to produce the documents at issue.

## APPLICABLE PRINCIPLES OF REVIEW

Federal law governs the assessment of the adequacy of deliberative process privilege log entries.   *See* In re *Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.,* 274 F.R.D. 106, 111 (S.D.N.Y. 2011) (Scheindlin, J.) ("[T]he procedural requirements for asserting a privilege in federal court are governed by federal law.").   Specifically, "'[t]he standard for testing the adequacy of the privilege log is whether, as to each document, it sets forth specific facts that, if

---

[1] For the Court's convenience, Defendants attach as Exhibit B a document that excerpts the insufficient entries from Plaintiffs' November 17, 2011 privilege log, with an extra column detailing the deficiency in the entry.  A similar document excerpting the challenged entries from the January 27, 2012 log is attached as Exhibit C.  Complete copies of Plaintiffs' November 17, 2011 and January 27, 2012 logs, as served, would have exceeded the Court's rule on exhibit page limit.  However, Defendants will make them available upon the Court's request.

The Honorable Shira A. Scheindlin
February 28, 2012
Page 3

credited, would be sufficient to establish each element of the privilege or immunity that is claimed." *Id. at* 112.

To qualify for the deliberative process privilege, "a document must be both 'pre-decisional' and 'deliberative.'" *Id.* at 110 (citing *In re Liquidation of Integrity Ins. Co.*, 754 A.2d 1177 (N.J. 2000)). To be "pre-decisional," a document must be "'generated before the adoption of an agency's policy or decision.'" *Id.* (quoting *Integrity*, 754 A.2d at 1182). For a document to be "deliberative," it must "'contain[] opinions, recommendations, or advice about agency policies.'" *Id.* (quoting *Integrity*, 754 A.2d at 1182). Therefore, Defendants and this Court should be able to ascertain from a Log entry ***alone*** -- without further information -- whether the document at issue is both pre-decisional and deliberative. *See id.* at 112 (criticizing "bare-boned" privilege log entries and saying proper entries must identify "each document with the specificity needed to demonstrate that the protected communication was pre-decisional and deliberative"); *SEC v. Collins & Aikman Corp.*, 256 F.R.D. 403, 416 (S.D.N.Y. 2009) (Scheindlin, J.).

## ARGUMENT

As this Court has stated, "the purpose of a privilege log is to enable the opposing party and the Court to test the asserted privilege." *Davis v. City of New York*, No. 10 Civ. 0699 (SAS), 2011 WL 1742748, at *4 (S.D.N.Y. May 5, 2011) (Scheindlin, J.). For the deficient entries identified below, however, that assessment is simply not possible. In general, the facially deficient entries in the Logs fall into three categories:

1. inadequate identification of the decision or policy at issue;

2. inadequate description of a draft document; and

The Honorable Shira A. Scheindlin
February 28, 2012
Page 4

    3. entries where the document was sent to a third party outside the New Jersey Department of Environmental Protection ("NJDEP").

These categories (and the particular entries that fall within them) are described in greater detail below. For each, Plaintiffs failed to provide descriptions sufficient to meet the procedural requirements for asserting the deliberative process privilege.

### A. Certain Entries Inadequately Identify the Decision or Policy at Issue.

For the deliberative process privilege to apply, the agency claiming the privilege must be able to show that the document relates to a specific policy or decision facing the agency. *See Collins & Aikman Corp.*, 256 F.R.D. at 416; *Nat'l Cong. for Puerto Rican Rights v. City of New York,* 194 F.R.D. 88, 93-94 (S.D.N.Y. 2000) (Scheindlin, J.) (finding deliberative process privilege inapplicable because documents did not relate to a particular decision made by any agency). In addition, entries containing vague, confusing and conclusory statements are not sufficient. *See Davis,* 2011 WL 1742748, at *3 (criticizing similar entries). Instead, Plaintiffs must offer "precise and certain reasons for asserting confidentiality" over documents for which they seek the qualified protection of the deliberative process privilege.[2] *See Collins & Aikman Corp.,* 256 F.R.D. at 416 n.84 (quoting *Reino De Espana v. Am. Bureau of Shipping*, No. 03CIV3573LTSRLE, 2005 WL 1813017, at *13 (S.D.N.Y. Aug 1, 2005)).

Unless a specific policy or decision is adequately identified, neither Defendants nor this Court can assess whether the document at issue is indeed pre-decisional and deliberative. *See*

---

[2] As this Court has observed, the enhanced procedural hurdles federal law demands of assertions of the deliberative process privilege also deter agency overreliance on the privilege: "The burden imposed by these requirements is not without salutary effects, as transaction costs deter reflexive assertion of the privilege and unnecessary government secrecy." *In re MTBE Prods. Liab. Litig.*, 274 F.R.D. at 111.

The Honorable Shira A. Scheindlin
February 28, 2012
Page 5

*Davis*, 2011 WL 1742748, at *4 (criticizing "paltry" log descriptions that prevented the testing of the privilege because they did not demonstrate that the documents were pre-decisional or deliberative). Moreover, log entries must contain enough specificity to allow the receiving party to assess whether a substantive challenge to the privilege is warranted. As these entries are currently drafted, Defendants cannot assess essential aspects of the privilege assertion, such as whether the information in the document is otherwise available, or whether a showing of compelling need can be made sufficient to overcome Plaintiffs' qualified privilege claim.

Plaintiffs repeatedly fail to meet their burden throughout the Logs. Some of the challenged entries fail to identify any decision *at all*. *See, e.g.,* NJDEP-ESI-00011805 ("Attachment to NJDEP-ESI-00011802 through NJDEP-ESI-00011804; implicated properties and owners listed with personal information."). Other entries contain only impermissibly vague, general or confusing descriptions suggesting many possible decisions or policies. For example, many of Plaintiffs' entries refer to "actions that may or may not be taken by Department" (*see, e.g.*, NJDEP-ESI-00011802-804); "potential enforcement actions" (*see, e.g.,* NJDEP-ESI-00000148); "remediation issues," (*see, e.g.,* NJDEP-ESI-00000194); or "investigation[s]" (*see, e.g.,* NJDEP-ESI-00000225-235). Given the breadth of relevant enforcement, remediation, investigation and other activities at issue in this case (and managed by NJDEP in various contexts), these general descriptions are meaningless and do not permit the assessment of the deliberative process privilege.

Despite the Court's warning and guidance, Plaintiffs have repeatedly failed to identify the specific policy or decision facing the agency. Because the following entries fail to provide sufficient information for Defendants or this Court to assess the assertion of the deliberative

The Honorable Shira A. Scheindlin
February 28, 2012
Page 6

process privilege, the privilege should be deemed waived and the implicated documents
immediately produced:[3]

| | |
|---|---|
| NJDEP-MTBE-NSSD2PR-00003-6 (Ex. B); | NJDEP-ESI-00005003; |
| NJDEP-MTBE-NSSD2PR-00044-7 (Ex. B); | NJDEP-ESI-00005289-5291; |
| NJDEP-MTBE-NSSD2PR-00215 (Ex. B); | NJDEP-ESI-00011373; |
| NJDEP-MTBE-NSSD2PR-00235 (Ex. B); | NJDEP-ESI-00011375; |
| NJDEP-MTBE-NSSD2PR-00297-301 (Ex. B); | NJDEP-ESI-00011595; |
| NJDEP-MTBE-NSSD2PR-00446-7 (Ex B) | NJDEP-ESI-00011698-11699; |
| NJDEP-MTBE-NSSD2PR-00482 (Ex. B); | NJDEP-ESI-00011700-11701; |
| NJDEP-MTBE-NSSD2PR-00489 (Ex. B); | NJDEP-ESI-00011707-11708; |
| NJDEP-ESI-00000052; | NJDEP-ESI-000 11709; |
| NJDEP-ESI-00000071; | NJDEP-ESI-00011751; |
| NJDEP-ESI-00000131; | NJDEP-ESI-00011756; |
| NJDEP-ESI-00000148; | NJDEP-ESI-00011796; |
| NJDEP-ESI-00000194; | NJDEP-ESI-00011797-11798; |
| NJDEP-ESI-00000202-203; | NJDEP-ESI-00011799; |
| NJDEP-ESI-00000204; | NJDEP-ESI-00011800; |
| NJDEP-ESI-00000206 | NJDEP-ESI-00011802-11804; |
| NJDEP-ESI-00000225-235; | NJDEP-ESI-00011805; |
| NJDEP-ESI-00000789-791; | NJDEP-ESI-00011951-11952; |
| NJDEP-ESI-00001991; | NJDEP-ESI-00012022; |
| NJDEP-ESI-00004152-4175; | NJDEP-ESI-00012023. |

## B.  Certain Entries Inadequately Describe "Draft" Documents.

The standard for determining the sufficiency of a deliberative process privilege log entry
for a draft document is the same as for any other document:  the entry must describe each
element of the privilege claim with enough specificity to permit the opposing party and the Court
to test the assertion of the privilege.  As this Court has stated, "the fact that something is a draft
does not eliminate the … obligation to specify the particular policy or decision to which the
document relates." *Davis,* 2011 WL 1742748, at *5.  Moreover, a log entry for a draft must

---

[3] Unless otherwise indicated, the entries for the referenced documents can be found on Exhibit C
and pertain to Plaintiffs' January 27, 2012 log.

The Honorable Shira A. Scheindlin
February 28, 2012
Page 7

"include information about the draft documents, 'such as their function and significance in the agency's decisionmaking process,' which is necessary to justify the assertion of the deliberative process privilege." *Id.* (internal quotation marks and citation omitted).

Plaintiffs failed to follow these principles. In many of their entries, Plaintiffs rely solely on a document's draft status as a basis for asserting the deliberative process privilege. *See, e.g.,* NJDEP-ESI-00010559 ("Draft memorandum from Sharon Haas to Gloria Post regarding MTBE information. Pre-decisional and deliberative because the document is a draft in non-final form subject to further review and revision.") Plaintiffs fail to identify the decision or policy to which the draft documents pertain, or the documents' function or significance in the agency's decision-making process. Despite the Court's warning and guidance, Plaintiffs incorrectly assume that draft status -- standing alone -- shields the document from production under the deliberative process privilege. However, according to this Court's prior decisions, this approach is insufficient. As a result, the deliberative process privilege should be deemed waived for the following insufficiently logged draft documents:

NJDEP-MTBE-NSSD2PR-00128-170 (Ex. B);
NJDEP-MTBE-NSSD2PR-00193-214 (Ex. B);
NJDEP-ESI-00000195;
NJDEP-ESI-00000205;
NJDEP-ESI-00000257;
NJDEP-ESI-00000258-259;
NJDEP-ESI-00000266-268;
NJDEP-ESI-00000269-270;
NJDEP-ESI-00001984-1985;
NJDEP-ESI-00002004-2005;
NJDEP-ESI-00004911-4917;
NJDEP-ESI-00005083-5093;
NJDEP-ESI-00005442;
NJDEP-ESI-00005443-5444;
NJDEP-ESI-00005445-5449;

NJDEP-ESI-00005459-5461;
NJDEP-ESI-00005462-5466;
NJDEP-ESI-00010559-10564;
NJDEP-ESI-00010826-10835;
NJDEP-ESI-00011351;
NJDEP-ESI-00011357-11359;
NJDEP-ESI-00011665-11666;
NJDEP-ESI-00011714;
NJDEP-ESI-00011953;
NJDEP-ESI-00011954-11955;
NJDEP-ESI-00011963-11964;
NJDEP-ESI-00011965-11966;
NJDEP-ESI-00011969;
NJDEP-ESI-00012034;
NJDEP-ESI-00012037;

The Honorable Shira A. Scheindlin
February 28, 2012
Page 8

NJDEP-ESI-00005450-5454;                               NJDEP-ESI-00012039-12040.
NJDEP-ESI-00005455-5458;

### C.  Certain Entries Make Clear that the Document was Sent to a Third Party Outside NJDEP.

The fundamental purpose of the deliberative process privilege is to protect communications that occur *within* a governmental body from public disclosure.  *See In re MTBE Prods. Liab. Litig.*, 274 F.R.D. at 110 (stating that the privilege is intended to "'ensure free and uninhibited communication *within governmental agencies.*'" (emphasis added) (quoting *Educ. Law Ctr. v. N.J. Dep't of Educ.*, 966 A.2d 1054, 1061 (N.J. 2009))); *Davis*, 2011 WL 1742748, at *2 (stating that the privilege is meant to "enhance the quality of agency decisions, by protecting open and frank discussion among those who make them *within the Government.*" (emphasis added)).   The privilege is not meant to apply to communications between the government and an outside entity or private individual.  In a recent deposition, Plaintiffs' counsel agreed with that basic logic: "MR. KAUFMANN:  Well, if it's a discussion between the DEP and somebody outside of the DEP, that is not deliberative."  Pinto Dep. 336:1-5, Jan. 30, 2012.

Nevertheless, although this point is uncontested, certain Log entries indicate that the documents at issue were, in fact, circulated to third parties outside the DEP, or otherwise shared with the public.  These Log entries are facially insufficient because they do not reflect confidential DEP deliberations.  As a result, the deliberative process privilege should be deemed waived for the following insufficiently logged documents:  NJDEP-ESI-00010543-10552 and NJDEP-ESI-00011993-11994.

The Honorable Shira A. Scheindlin
February 28, 2012
Page 9

## CONCLUSION

Plaintiffs have continued to flout their basic discovery obligations and this Court's directives.  On January 20, the Court made clear that Plaintiffs' Logs were "inadequate," and Plaintiffs' failure to rectify those inadequacies would result in waiver.  *See* 1/20/12 *Status Conf. Tr.* at 27:6-28:5.  Despite this warning, Plaintiffs still put forward numerous facially insufficient Log entries.  As a result, Defendants respectfully request that the Court find waived the privilege allegedly associated with documents recorded in Plaintiffs' insufficient Log entries (as identified in Exhibits B and C) and order Plaintiffs to produce the implicated documents to Defendants immediately.

As always, we appreciate Your Honor's attention to this matter and ask that this letter be docketed by the Clerk's Office so it is part of the Court's file.

Respectfully submitted,

*Stephen J. Riccardulli*

Stephen Riccardulli

cc:      All Counsel By LNFS, Service on Plaintiffs' Liaison Counsel

# EXHIBIT A

# In The Matter Of:

*In Re:  MTBE MDL*

---

*January 20, 2012*

---

*SOUTHERN DISTRICT REPORTERS*

*500 PEARL STREET*

*NEW YORK, NY 10007*

*212 805-0330*

Original File 121k6mtb1.txt

**Min-U-Script® with Word Index**

1 appears in --
2     THE COURT: Are you pressing the old-fashioned market
3 share concept, Mr. Axline? I didn't think so. I thought it
4 was joint and several liability and the commingle.
5     MR. AXLINE: We're not pressing it right now. It is
6 in the complaint. We had a meeting with the defendants just
7 this morning to talk about this. I pointed out that what we're
8 looking at doing discovery on right now is the trial sites.
9 The market share theory I would think would apply later, if at
10 all, to the statewide case.
11     THE COURT: If you are willing to waive the market
12 share theory for the trial sites -- the focus site or trial
13 site, whatever the right word is in New Jersey -- that is fine.
14 You can keep them in the complaint and save it for a rainy day
15 on the nonfocus sites. If you want to go back to it some day,
16 fine. They need to complete discovery on the focus sites and
17 get the case prepared for trial.
18     MR. AXLINE: I didn't say we were prepared now to
19 waive it. What I told them was I needed to check with my
20 client and I would do that and I would get back to them two
21 weeks prior to the next status conference. I think they
22 accepted that.
23     THE COURT: Is that acceptable, Mr. Krainin?
24     MR. KRAININ: Yes, your Honor.
25     THE COURT: When you say two weeks prior to the next

1 status conference --
2     MR. KRAININ: We would appreciate a date for the next
3 status conference.
4     THE COURT: So now I have a verdict on the case on
5 trial. Once again, I am sorry. I have to ask you to clear. I
6 know we're close to being done, but we're not and I have to
7 take the verdict first.
8     (Recess)
9     THE COURT: Folks on MtBE, I need to get started
10 because I must leave.
11     MR. AXLINE: Your Honor, I think the parties have
12 reached agreement on the other agenda items through the meet
13 and confer process.
14     MR. RICCARDULLI: It is true for private well claims,
15 Item No. 4.
16     THE COURT: Private well claims.
17     MR. RICCARDULLI: So you know we agreed to talk again
18 and we will do this two weeks before the next status
19 conference. It is also true I guess for No. 6.
20     MR. KRAININ: With respect to No. 6, your Honor --
21     THE COURT: Which one is No. 6?
22     MR. KRAININ: The landfill dismissal. We have agreed
23 subject to reducing it to writing, a stipulation to present to
24 the Court regarding dismissal with prejudice.
25     THE COURT: Good. That leaves the privilege log

1 deliberative process.
2     MS. ELLISON: Your Honor, based on plaintiffs'
3 discovery and their reply letter that they are going to submit
4 a revised log by January 27th, we don't think we have an issue
5 right now.
6     THE COURT: I am telling you if there is no revised
7 log by January 27th, you waive the claim.
8     MR. KAUFMANN: Your Honor, I think what we said we
9 would respond to their letter and the 27th. We think their
10 letter has a lot -- that the criticisms in the letter are not
11 valid at all, your Honor.
12     THE COURT: I don't care about the letter, but entries
13 such as a draft spreadsheet is predispositional and
14 deliberative because spreadsheet is in nonfinal draft form is
15 not enough. That does not satisfy the requirements on how you
16 claim the deliberative process privilege. We still need to
17 know who created it and who participated. I know the log is
18 inadequate.
19     MR. KAUFMANN: Your Honor, I think their description
20 of the log is inaccurate.
21     THE COURT: You act at your peril. If you did not
22 submit a revised log and I have to do challenges of that log
23 and you are inadequate, you will have waived that privilege. I
24 have a decision on deliberative process. I have two of them.
25 I think maybe one is SEC and Collins and Ackerman. There is

1 another one I believe in Floyd, a civil rights case of mine.
2 Floyd or Davis. It is SEC v. Collins and Ackerman. If you
3 don't do it right and I don't avail yourself of the opportunity
4 to do it again, take your chance. I said what has to be on the
5 log for deliberative process.
6     MR. KAUFMANN: Understood.
7     THE COURT: What is going happen on the 27th? I don't
8 need a long-winded responsive to the letter. I need to know if
9 you are going to submit a revised privilege log or not.
10     MR. AXLINE: In the instances where we believe their
11 criticisms are valid, we will revise the entry.
12     THE COURT: By the 27th?
13     MR. KAUFMANN: By the 27th.
14     THE COURT: A week from today?
15     MR. KAUFMANN: Yes.
16     THE COURT: Otherwise you stand on the entry you have,
17 win or lose.
18     MR. KAUFMANN: Yes.
19     THE COURT: Good. That's fine.
20     MS. ELLISON: Thank you, your Honor.
21     THE COURT: We were in the middle of discussing the
22 alternative theories. We were talking about market share. I
23 think you said, Mr. Axline, we would consider maybe waiving
24 that theory for the focus cases, but we cannot do that yet,
25 we're talking to our client.

# EXHIBIT B

**November 17, 2011 Privilege Log -- Deficient Entries**

| BATES # | FROM | TO | DATE | DESCRIPTION | SUBJECT | PRIVILEGE ASSERTED | DEFICIENCY CATEGORY |
|---|---|---|---|---|---|---|---|
| NJDEP-MTBE-NSSD2PR-00003-6 | Len Romino | File | 02/16/2001 | Memorandum | | Deliberative Process Privilege — opinions and drafts of communications with Kevin Kratina regarding BUST policies and procedures. | No specific decision or policy identified. Reference to unspecified "BUST policies and procedures" is too vague. |
| NJDEP-MTBE-NSSD2PR-00044-47 | Matt Coefer | Elaine Temple | 08/28/2003 through 10/24/2003 | Email chain | Site Coding Results | Deliberative Process Privilege — internal discussion regarding calculation of site coding percentages. | No specific decision or policy identified. References to "Site Coding Results" and "site coding percentages" are too vague. |
| NJDEP-MTBE-NSSD2PR-00128-170 | | | 05/20/1999 | Report | Internal Review Draft — MTBE in New Jersey's Environment | Deliberative Process Privilege — internal draft of MTBE in New Jersey Environment report prior to final version. | No specific decision or policy identified. Insufficient draft description. Author not identified. Not clear what information was being reported, to whom it was being reported, or whether decisions or policies were reflected in the draft report. |
| NJDEP-MTBE-NSSD2PR-00193-214 | Chris Salmi | | 07/1988 | Draft PowerPoint presentation | MTBE in New Jersey — Mobile Source Committee Ozone Transport Commission July 30, 1998 | Deliberative Process Privilege — draft of presentation. | Insufficient draft description. Title does not explain subject matter. No specific decision or policy identified. No information indicating that this is deliberative or pre-decisional. |
| NJDEP-MTBE-NSSD2PR-00215 | Amy Hillman | Sharon Haas | 07/27/2001 | Email | MTBE/Ethanol Memo | Deliberative Process Privilege — opinions and deliberations related to properties and benefits of Ethanol and MTBE. | No specific decision or policy identified. Insufficient draft description. No explanation of what properties or benefits were being discussed or for what purpose they were being evaluated. |
| NJDEP-MTBE-NSSD2PR-00235 | John Elston | Dennis Hart, John Hazen, Jane Kelly, Leslie McGeorge, Robert Tuder | 06/20/2001 | Email | Water Package | Deliberative Process Privilege — internal discussion and opinions related to pending litigation. | No specific decision or policy identified. References to "Water Package" and "pending litigation" are too vague. |

| BATES # | FROM | TO | DATE | DESCRIPTION | SUBJECT | PRIVILEGE ASSERTED | DEFICIENCY CATEGORY |
|---|---|---|---|---|---|---|---|
| NJDEP-MTBE-NSSD2PR-00297-301 | Email chain between Bob Stem, Chris Salmi, Laurie McGee | | 03/18/2003 through 08/12/2003 | Email chain | MTBE Paper | Deliberative Process Privilege — internal deliberations concerning New Jersey's response to issues related to MTBE and gasoline. | No specific decision or policy identified. Reference to "issues related to MTBE and gasoline" is too vague. |
| NJDEP-MTBE-NSSD2PR-00446-447 | Email chain between Commissioner Shinn, John Elston, Deb Stout | | 06/05/2000 through 06/08/2000 | Email chain | Meeting in Washington on MTBE | Deliberative Process Privilege — internal opinions related to MTBE use in advance of meeting in Washington on MTBE. | No specific decision or policy identified. References to "MTBE use" and "meeting in Washington" are too vague. |
| NJDEP-MTBE-NSSD2PR-00482 | John C. Elston, Administrator Air Quality Management | Robert C. Shinn, Jr., Commissioner; cc: Robert Tudor, Judy Jengo, Leslie McGeorge, Gloria Post, Dave West, Sharon Haas, Chris Salmi, Peter Page | 07/30/1999 | Memorandum | EOHSI Draft MTBE Manuscript for the Publication | Deliberative Process Privilege — opinions and comments related to Environmental and Occupational Health Sciences Institute article on exposure sensitivities. | No specific decision or policy identified. Opinions and comments on third party's (Environmental and Occupational Health Sciences Institute) article do not appear to be related to any identified decision or policy. |
| NJDEP-MTBE-NSSD2PR-00489 | | | 06/01/1999 | Meeting Agenda | | Deliberative Process Privilege — agenda containing discussion related to internal review of draft MTBE report and possible NJDEP actions. | No specific decision or policy identified. Insufficient report description. References to "MTBE report" and "possible NJDEP actions" are too vague. |

# EXHIBIT C

**January 27, 2012 Privilege Log -- Deficient Entries**

| Begin Bates | End Bates | Doc Date | Author(s) | Recipient (s) | Cc: | Description | Redacted / Withheld | Privilege Asserted | Deficiency Category |
|---|---|---|---|---|---|---|---|---|---|
| NJDEP-ESI-00000052 | NJDEP-ESI-00000052 | 6/26/2008 | Craig Wilkinson | Walter Kokola | | Email from NJ DEP official with questions and discussing potential approval of Tinton Falls site. Pre decisional and deliberative because email seeks input on ongoing studies and testing. | W | Deliberative Process | No specific decision identified.  Reference to "ongoing studies and testing" is too vague.  Description does not identify the topic of those studies or tests. |
| NJDEP-ESI-00000071 | NJDEP-ESI-00000071 | 7/26/2007 | Kathy Katz | Walter Kokola | Craig Wilkinson | Email chain between NJ DEP officials discussing proposed report for Tinton Falls. Pre-decisional and deliberative because email discusses NJ DEP official's opinion of report from having glanced at it and when the report will be made available to the whole Department. | W | Deliberative Process | No specific decision or policy identified. Report insufficiently identified.  Description does not identify what report or type of report was being discussed. |
| NJDEP-ESI-00000131 | NJDEP-ESI-00000131 | 3/20/2009 | Walter Kokola | Eddie Davis | | Email from Walter Kokola to Eddie Davis, exchange regarding Five Points Exxon, Mantua Twp.  Pre-decisional and deliberative because it seeks and contains comments regarding draft violation documents prepared by NJDEP. | W | Deliberative Process | No specific decision or policy identified. Reference to "draft violation documents" is too vague.  Description does not explain what a "violation document" is, and does not describe the type of violation at issue. |
| NJDEP-ESI-00000148 | NJDEP-ESI-00000148 | 4/28/2009 | Eddie Davis | Walter Kokola | Eddie Davis | Email from Eddie Davis to Walter Kokola regarding Five Points Exxon in Mantua Twp. Pre-decisional and deliberative because it contains comments regarding potential enforcement actions by Department, relative to ongoing plan of action(s) which may or may not be followed. | W | Deliberative Process | No specific decision or policy identified. References to "potential enforcement actions" and "ongoing plan of action(s)" are too vague. |
| NJDEP-ESI-00000194 | NJDEP-ESI-00000194 | 8/12/2008 | Ed Putnam | Bruce Venner; Gary Lipsius; Ken Petrone | Frank Sorce; Biff Lowry; Rocky Richards | Email from Ed Putnam to Bruce Venner, Gary Lipsius, and Ken Petrone regarding HP Delta and Skyline Service Center. Pre-decisional and deliberative because it contains and seeks comments regarding remediation issues and other subjects and potential Department action. | W | Deliberative Process | No specific decision or policy identified. References to "remediation issues" and "other subjects and potential Department action" are too vague. |

| Begin Bates | End Bates | Doc Date | Author(s) | Recipient (s) | Cc: | Description | Redacted / Withheld | Privilege Asserted | Deficiency Category |
|---|---|---|---|---|---|---|---|---|---|
| NJDEP-ESI-00000195 | NJDEP-ESI-00000195 | 7/7/2008 | Frank Pinto | Gary Lipsius | Ken Petrone | Email from Frank Pinto to Gary Lipsius regarding Skyline Service Center. Pre-decisional and deliberative because it seeks revisions to non-final draft Contract Modification Form. | W | Deliberative Process | Inadequate description of draft. Reference to "Contract Modification Form" is unclear. No specific decision or policy identified. |
| NJDEP-ESI-00000202 | NJDEP-ESI-00000203 | 8/12/2008 | Ken Petrone | Ed Putnam; Bruce Venner; Gary Lipsius | Frank Sorce; Biff Lowry; Rocky Richards | Email from Ken Petrone to Ed Putnam, Bruce Venner, and Gary Lipsius regarding HP Delta and Skyline Service Center. Pre-decisional and deliberative because it contains and seeks comments on remediation issues and other subjects including potential Department actions. | W | Deliberative Process | No specific decision or policy identified. References to "remediation issues" and "other subjects including potential Department actions" are too vague. |
| NJDEP-ESI-00000204 | NJDEP-ESI-00000204 | 8/11/2008 | Ken Petrone | Gary Lipsius | Ed Putnam; Bruce Venner; Frank Sorce; Biff Lowry; Rocky Richards | Email from Ken Petrone to Gary Lipsius regarding HP Delta and Skyline Service Stations. Pre-decisional and deliberative because it contains and seeks comments on remediation issues and other subjects including potential Department actions. | W | Deliberative Process | No specific decision or policy identified. References to "remediation issues" and "other subjects including potential Department action" are too vague. |
| NJDEP-ESI-00000205 | NJDEP-ESI-00000205 | 5/8/2007 | Ken Petrone | Gary Lipsius; Gail Lemaldi; John Kile | Mark Herzberg | Email from Ken Petrone to Gary Lipsius, Gail Lemaldi, and John Kile regarding HP Delta Service Station. Pre-decisional and deliberative because it contains and seeks comments on draft fact sheet for upcoming public meeting regarding remedial investigation and potential Department action. | W | Deliberative Process | Inadequate description of draft. No specific decision or policy identified. Document is a fact sheet that seeks comments. References to "remedial investigation" and "potential Department action" are too vague. |

| Begin Bates | End Bates | Doc Date | Author(s) | Recipient (s) | Cc: | Description | Redacted / Withheld | Privilege Asserted | Deficiency Category |
|---|---|---|---|---|---|---|---|---|---|
| NJDEP-ESI-00000206 | NJDEP-ESI-00000206 | 8/18/2009 | Akshay Parikh | Gary Lipsius; Mark Herzberg; Tony Ciallella | | Email from Ashkay Parikh to Gary Lipsius, Mark Herzberg, and Tony Ciallella regarding HP Delta Service Station. Pre-decisional and deliberative because it contains discussions regarding remedial foundation/investigation work conducted by Department seeking comments on said Department work. | W | Deliberative Process | No specific decision or policy identified. Reference to "remedial foundation/investigation work" is too vague. |
| NJDEP-ESI-00000225 | NJDEP-ESI-00000235 | 8/29/2008 | James Vander Vliet | | | PDF document which is an attachment to email (NJDEP-ESI-00000224) regarding HP Delta Service Station. Pre-decisional and deliberative because attachment provides breakdown of issues to aid the Department in making decisions related to the investigation of the site and potential Department action. | W | Deliberative Process | No specific decision or policy identified. Reference to "breakdown of issues to aid the Department in making decisions related to the investigation of the site and potential Department action" is too vague. Recipients not identified. |
| NJDEP-ESI-00000257 | NJDEP-ESI-00000257 | 9/14/2000 | Kevin Kratina | Elaine DeWan; Gary Sanderson; Bill Hose; Bill Patterson; Erick Kinsel; Joe Eaker; Kathy Katz; Diane Pupa; James Duerbig; Joseph Miller; Lee Hendricks; Michael Infanger; Steve Urbanik | Don Cramer; Erica Wallace; L. Fisher | Email from Kevin Kratina to Elaine DeWan, Gary Sanderson, Bill Hose, Bill Patterson, Erick Kinsel, Joe Eaker, Kathy Katz, Diane Pupa, Lee Hendricks, J. Duerbig, J, Miller, Michael Infanger, and Steve Urbanik regarding section chief meeting. Email attaches draft minutes of 9/12/00 S/SC meeting. Pre-decisional and deliberative because the attached minutes are in non-final draft form and the email discusses potential changes and revisions to the minutes. | W | Deliberative Process | Inadequate description of draft. No specific decision or policy identified. Not clear that minutes relate to any decision or policy. |

| Begin Bates | End Bates | Doc Date | Author(s) | Recipient (s) | Cc: | Description | Redacted / Withheld | Privilege Asserted | Deficiency Category |
|---|---|---|---|---|---|---|---|---|---|
| NJDEP-ESI-00000258 | NJDEP-ESI-00000259 | 9/14/2000 | Joseph P. Eaker | | | Document for section chief/supervisor meeting which is an attachment to email (NJDEP-ESI- 00000258). Pre-decisional and deliberative because document is in non-final draft form containing reviewers' comments and suggested edits. | W | Deliberative Process | Inadequate description of draft.  No specific decision or policy identified.  Subject matter of document and/or meeting not identified. Recipients not identified. |
| NJDEP-ESI-00000266 | NJDEP-ESI-00000268 | 11/18/2002 | Kevin Kratina; Richard Spiese | Cliff Rothenstein | | Draft letter from Richard Spiese and Kevin Kratina to Cliff Rothenstein summarizing the "State Symposium on Fuel Oxygenates: Analysis, Assessment and Remediation." Pre-decisional and deliberative because the letter is in non-final draft form and discusses potential Department action. | W | Deliberative Process | Inadequate description of draft.  No specific decision or policy identified.  Reference to "potential Department action" is too vague. |
| NJDEP-ESI-00000269 | NJDEP-ESI-00000270 | 3/29/2001 | Susan Boyle | Robert C. Shinn, Jr. | Barry Frasco; Robert VanFossen; Anthony Farro; Kevin Kratina | Draft memorandum from Susan B. Boyle to Robert C. Shinn, Jr. regarding TAME, a gasoline oxygenate additive. Pre-decisional and deliberative because memorandum is in non-final draft form and discusses recent findings regarding TAME and potential Department actions resulting from said findings. | W | Deliberative Process | Inadequate description of draft.  No specific decision or policy identified.  Reference to "potential Department actions" too vague. |
| NJDEP-ESI-00000789 | NJDEP-ESI-00000791 | 5/16/2001 | Fred Mumford | | | Email containing draft responses to questions from Todd Bates to N/A regarding an EPA slide show and MTBE sites in NJ. Pre-decisional and deliberative because it contains proposed answers to questions on Department policy. | W | Deliberative Process | No specific decision or policy identified. References to "MTBE sites in NJ" and "proposed answers to questions on Department policy" are too vague. Recipients not identified. |
| NJDEP-ESI-00001984 | NJDEP-ESI-0000 1985 | 10/31/2008 | Liz Fernandez | Public Water Supply Manager (NJDEP, Natural and Historic Resources) | | Draft letter from Liz Fernandez to Public Water Supply Manager. Pre-decisional and deliberative because document is in non-final draft form. Document discusses obtaining data to assist in making future Department actions and decisions. | W | Deliberative Process | Inadequate description of draft.  No specific decision or policy identified.  Reference to "future Department actions and decisions" too vague. |

| Begin Bates | End Bates | Doc Date | Author(s) | Recipient (s) | Cc: | Description | Redacted / Withheld | Privilege Asserted | Deficiency Category |
|---|---|---|---|---|---|---|---|---|---|
| NJDEP-ESI-00001991 | NJDEP-ESI-00001991 | 10/22/2010 | Sandra Krietzman | | | Insert for document. Pre-decisional and deliberative because document proposes changes to an existing document. Document discusses public water systems requirements. | W | Deliberative Process | No specific decision or policy identified. References to "public water systems requirements" and "existing document" are too vague. |
| NJDEP-ESI-00002004 | NJDEP-ESI-00002005 | 1/2/2009 | NJDEP | | | Draft Letter to Public Water System Managers regarding investigation of raw water quality data collected by public water systems in NJ. Pre-decisional and deliberative because the letter is a draft in non-final form subject to further review and revision. | W | Deliberative Process | Inadequate description of draft. No specific decision or policy identified. Reference to "investigation of raw water quality data" is too vague. Inadequate draft description. Author not identified. |
| NJDEP-ESI-00004152 | NJDEP-ESI-00004175 | 3/10/2010 | NJDEP | | | Powerpoint Slides on Safe Drinking Water Act Rules. Rule Stakeholder Meeting. Pre-decisional Deliberative Issue: Plan of meeting and recommendations of actions that should or should not be taken by Department. | W | Deliberative Process | No specific decision or policy identified. References to "Safe Drinking Water Act Rules" and "actions that should or should not be taken by Department" are too vague. Unclear whether document pertains to or was used at a public (i.e., stakeholder) meeting. Author not identified. |
| NJDEP-ESI-00004911 | NJDEP-ESI-00004917 | 10/7/2008 | NJDEP | | | Draft excerpt containing Environmental regulations with Commentary and proposed amendments. Pre-decisional and deliberative because the document is a draft in non-final form subject to further review and revision. | W | Deliberative Process | Inadequate description of draft. No specific decision or policy identified. Reference to "Environmental regulations" is too vague. Author not identified. |
| NJDEP-ESI-00005003 | NJDEP-ESI-00005003 | 1/13/2005 | Judy Louis | Pat Bono; Sandra Krietzman | Barker Hamill; Chris Salmi | Email chain from Judy Louis to Pat Bono and Sandy Krietzman regarding "Important: Revision to Sandy MTBE Table". Pre-decisional Deliberative Issue: Discusses actions that may or not be taken by the Department. | W | Deliberative Process | No specific decision or policy identified. Unable to discern subject matter of "Sandy MTBE Table." Reference to "actions that may or may not be taken by the Department" is too vague. |
| NJDEP-ESI-00005083 | NJDEP-ESI-00005093 | 8/17/1999 | Brenda Jogan | | | Summary Section of a Report regarding classification of ground waters. Pre-decisional Deliberative Issue: Discusses proposed revisions and actions that may or may not be taken by Department | W | Deliberative Process | Inadequate description of draft. No specific decision or policy identified. Reference to "actions that may or may not be taken by Department" is too vague. Reference to "Report" too vague. |

| Begin Bates | End Bates | Doc Date | Author(s) | Recipient (s) | Cc: | Description | Redacted / Withheld | Privilege Asserted | Deficiency Category |
|---|---|---|---|---|---|---|---|---|---|
| NJDEP-ESI-00005289 | NJDEP-ESI-00005291 | 4/16/1998 | NJDEP | | | Meeting Agenda for NJ Source Water Assessment Program on April 16, 1998. Pre-decisional and deliberative because document discusses suggested topics for meeting to discuss potential strategies and actions. | W | Deliberative Process | No specific decision or policy identified. References to "topics for meeting" and "potential strategies and actions" are too vague.  Unclear how meeting agenda could be deliberative.  Author not identified. |
| NJDEP-ESI-00005442 | NJDEP-ESI-00005442 | 9/6/2001 | NJDEP | | | Draft document titled "Summary of USGS Report." Pre-decisional and deliberative because document comments and discusses NJDEP personnel's candid evaluations of the report. USGS Report that is summarized is titled "Occurrence and Distribution of Methyl tert-Butyl Ether and Other Volatile Organic Compounds in Drinking Water in the Northeast ad Mid-Atlantic Regions of the United States 1993-1998". | W | Deliberative Process | Inadequate description of draft.  No specific decision or policy identified.  Evaluation of USGS report does not appear to be related to any identified deliberations.  Unable to assess whether document is predecisional. Author not identified. |
| NJDEP-ESI-00005443 | NJDEP-ESI-00005444 | 9/6/2001 | NJDEP | | | Draft document titled "Summary of USGS Report." Pre-decisional and deliberative because document comments and discusses NJDEP personnel's candid evaluations of the report. USGS Report that is summarized is titled "Occurrence and Distribution of Methyl tert-Butyl Ether and Other Volatile Organic Compounds in Drinking Water in the Northeast and Mid-Atlantic Regions of the United States 1993-1998". | W | Deliberative Process | Inadequate description of draft.  No specific decision or policy identified.  Evaluation of USGS report does not appear to be related to any identified deliberations.  Unable to assess whether document is predecisional. Author not identified. |
| NJDEP-ESI-00005445 | NJDEP-ESI-00005449 | 1/3/2003 | Sandra Krietzman | | | Untitled draft document. Pre-decisional and deliberative because document is in non-final draft form. Various comments and revisions are suggested within the document. Document discusses various issues and suggestions relating to the Private Well Testing Act. | W | Deliberative Process | Inadequate description of draft.  No specific decision or policy is identified.  Reference to "[v]arious issues relating to the Private Well Testing Act" is too vague.  Private Well Testing Act was signed into law in 2001, and became effective in 2002. Unclear how document is predecisional. |

| Begin Bates | End Bates | Doc Date | Author(s) | Recipient (s) | Cc: | Description | Redacted / Withheld | Privilege Asserted | Deficiency Category |
|---|---|---|---|---|---|---|---|---|---|
| NJDEP-ESI-00005450 | NJDEP-ESI-00005454 | 1/3/2003 | Sandra Krietzman | | | Untitled draft document. Document discusses various issues and suggestions relating to the Private Well Testing Act. Pre-decisional and deliberative because the document is a draft in non-final form subject to further review and revision. | W | Deliberative Process | Inadequate description of draft.  No specific decision or policy is identified.  Reference to "various issues and suggestions relating to the Private Well Testing Act" is too vague. Private Well Testing Act was signed into law in 2001, and became effective in 2002. Unclear how document is predecisional. |
| NJDEP-ESI-00005455 | NJDEP-ESI-00005458 | 1/3/2003 | Sandra Krietzman | | | Untitled draft document. Pre-decisional and deliberative because document is in non-final draft form. Various comments and revisions are suggested within the document. Document discusses various issues and suggestions relating to the Private Well Testing Act. | W | Deliberative Process | Inadequate description of draft.  No specific decision or policy is identified.  Reference to "various issues and suggestions relating to the Private Well Testing Act" is too vague. Private Well Testing Act was signed into law in 2001, and became effective in 2002. Unclear how document is predecisional. |
| NJDEP-ESI-00005459 | NJDEP-ESI-00005461 | 1/3/2003 | Sandra Krietzman | | | Untitled draft document. Document discusses various issues and suggestions relating to the Private Well Testing Act. Pre-decisional and deliberative because the document is a draft in non-final form subject to further review and revision. | W | Deliberative Process | Inadequate description of draft.  No specific decision or policy is identified.  Reference to "various issues and suggestions relating to the Private Well Testing Act" is too vague. Private Well Testing Act was signed into law in 2001, and became effective in 2002. Unclear how document is predecisional. |
| NJDEP-ESI-00005462 | NJDEP-ESI-00005466 | 1/3/2003 | Sandra Krietzman | | | Untitled draft document. Pre-decisional and deliberative because document is in non-final draft form. Various comments and revisions are suggested within the document. Document discusses various issues and suggestions relating to the Private Well Testing Act. | W | Deliberative Process | Inadequate description of draft.  No specific decision or policy is identified.  Reference to "various issues and suggestions relating to the Private Well Testing Act" is too vague. Private Well Testing Act was signed into law in 2001, and became effective in 2002. Unclear how document is predecisional. |

| Begin Bates | End Bates | Doc Date | Author(s) | Recipient (s) | Cc: | Description | Redacted / Withheld | Privilege Asserted | Deficiency Category |
|---|---|---|---|---|---|---|---|---|---|
| NJDEP-ESI-00010543 | NJDEP-ESI-00010552 | 12/14/1998 | Gloria Post; Ching Volpp | W-97-20 Docket Clerk, USEPA | Robert Tudor | Letter from Leslie McGeorge, Lance Miller, Denis Hart, and Shing-Fu Hsueh to W-97-20 Docket Clerk regarding comments on the Draft Water Quality Criteria Methodology Revisions: Human Health published in the Federal Register August 14, 1998. Pre-decisional and deliberative because letter contains comments and suggested revisions to the above-mentioned Water Quality Criteria Methodology. | W | Deliberative Process | Letter was sent outside DEP to EPA Docket clerk and appears to be a public comment to Draft Water Quality Criteria Methodology Revisions:  Human Health. |
| NJDEP-ESI-00010559 | NJDEP-ESI-00010564 | 1/20/1999 | Sharon Haas | Gloria Post | | Draft memorandum from Sharon Haas to Gloria Post regarding MTBE information. Pre-decisional and deliberative because the document is a draft in non-final form subject to further review and revision. | W | Deliberative Process | Inadequate description of draft.  No specific decision or policy identified.  Reference to "MTBE information" is too vague. |
| NJDEP-ESI-00010826 | NJDEP-ESI-00010835 | 11/9/2006 | NJDEP | | | Draft document titled "Occurrence of MTBE in Air and Water in New Jersey." Pre-decisional and deliberative because the document is a draft in non-final form subject to further review and revision. | W | Deliberative Process | Inadequate description of draft.  No specific decision or policy identified.  Author not identified. |
| NJDEP-ESI-00011351 | NJDEP-ESI-00011351 | 8/15/2007 | NJDEP | | | Draft HP Delta Grant Extension. Pre-decisional Deliberative Issue: Draft document that concerns actions that have and will be taken and priorities for Department. | W | Deliberative Process | Inadequate description of draft.  No specific decision or policy identified.  Reference to "actions that have and will be taken and priorities for Department" is too vague. Author not identified. |
| NJDEP-ESI-00011357 | NJDEP-ESI-00011359 | 5/2/2007 | Gail Lemaldi | | | Draft fact sheet regarding HP Delta, Inc./Rob's Service Center. Pre-Decisional and Deliberative Issue: Draft of a report that is subject to internal Department comment and revision before publication. | W | Deliberative Process | Inadequate description of draft.  No specific decision or policy identified.  References to unidentified "report" and "draft fact sheet" are too vague. |

| Begin Bates | End Bates | Doc Date | Author(s) | Recipient (s) | Cc: | Description | Redacted / Withheld | Privilege Asserted | Deficiency Category |
|---|---|---|---|---|---|---|---|---|---|
| NJDEP-ESI-00011373 | NJDEP-ESI-00011373 | 1/22/2007 | David Miele | Jonathan Berg; Akshay Parikh; William Buchanan; John Boyer; Jeff Griesemer; Michael Hollis | Gary Lipsius; Mark Herzberg; Thomas Allen | Email re: HP Delta/Rob's Service Station PI-001463. Pre-decisional and deliberative because Miele advises of a potential future action by BUST in connection with the HP Delta site. | W | Deliberative Process | No specific decision or policy identified. Reference to "potential future action by BUST" is too vague. |
| NJDEP-ESI-00011375 | NJDEP-ESI-00011375 | 1/8/2007 | Jonathan Berg | Akshay Parikh; Kevin Kratina; Rocky Richards | Ed Putnam; George Klein; Wayne Howitz; William Buchanan; James Hamilton; Bradi Montozzi; Michael Hollis | Email from Jonathan Berg to Akshay Parikh ; Kevin Kratina ; Rocky Richards; CC Ed Putnam ; George Klein ; Wayne Howitz ; William Buchanan ; James Hamilton ; Bradi Montozzi ; Michael Hollis regarding "HP Delta/Rob's Service Station PI-001463". Pre-decisional Deliberative Issue: Discusses results of report and what actions may or may not be taken by Department. Recommends next step. Discusses reasons. | W | Deliberative Process | No specific decision or policy identified. Report insufficiently identified.  Reference to "what actions may or may not be taken by Department" is too vague. |
| NJDEP-ESI-00011595 | NJDEP-ESI-00011595 | 12/21/2006 | David Rubin | Debra Cypress | | Email chain from David Rubin to Debra Cypress regarding "Consultant question - APCO Valero SS Case #05-01-18-1558-43". Pre-decisional Deliberative Issue: Discusses action that may or may not need to be taken by Department. Asks for policy guidance re: specific aspect of remediation at the site. | W | Deliberative Process | No specific decision or policy identified. References to "action that may or may not need to be taken by Department" and "specific aspect of remediation at the site" are too vague. |

| Begin Bates | End Bates | Doc Date | Author(s) | Recipient (s) | Cc: | Description | Redacted / Withheld | Privilege Asserted | Deficiency Category |
|---|---|---|---|---|---|---|---|---|---|
| NJDEP-ESI-00011665 | NJDEP-ESI-00011666 | 6/28/2011 | Greg Bakeman | Gary Lipsius | Tracy Grabiak | Draft memo from Greg Bakeman to Gary Lipsius regarding "Skyline Drive Service Station, Ringwood, Passaic County Remedial Investigative/Source Investigation". Pre-decisional Deliberative Issue: Draft of a memo that discusses results of report and what actions may or may not need to be taken by Department. Document is incomplete and contains suggested edits and revisions. | W | Deliberative Process | Inadequate description of draft. No specific decision or policy identified. Reference to "what actions may or may not need to be taken by Department" is too vague. |
| NJDEP-ESI-00011698 | NJDEP-ESI-00011699 | 2/6/2008 | Greg Giles | Greg Zalaskus | Steve Byrnes | Memo from Greg Giles to Greg Zalaskus; cc Steve Byrnes regarding "Pedricktown Support Facility, Oldmans Twp., Salem County - Building 471 Area Groundwater Contamination". Pre-decisional Deliberative Issue: Discusses results of report and what actions should or should not be taken by Department. Facts are integrated with discussions/opinions/recommendations. | W | Deliberative Process | No specific decision or policy identified. Reference to "what actions should or should not be taken by Department" is too vague. |
| NJDEP-ESI-00011700 | NJDEP-ESI-00011701 | 12/6/2004 | Greg Giles | Greg Zalaskus | Steve Byrnes; Tracy Grabiak | Memo from Greg Giles to Greg Zalaskus; cc Steve Byrnes, Tracy Grabiak regarding "Pedricktown Support Facility, Oldmans Twp., Salem County - 2003-2004 Groundwater Progress Report". Pre-decisional Deliberative Issue: Discusses results of report and what actions should or should not be taken by Department. Facts are integrated with discussions/opinions/recommendations. | W | Deliberative Process | No specific decision or policy identified. Reference to "what actions should or should not be taken by Department" is too vague. |
| NJDEP-ESI-00011707 | NJDEP-ESI-00011708 | 12/28/2006 | Greg Giles | Greg Zalaskus | Steve Byrnes; Tracy Grabiak | Memo from Greg Giles to Greg Zalaskus; cc Steve Byrnes, Tracy Grabiak regarding "Pedricktown Support Facility, Oldmans Twp., Salem County, Review of November 2006 Draft Five Year Review". Pre-decisional Deliberative Issue: Discusses results of report and what actions should or should not be taken by Department. Facts are integrated with discussions/opinions/recommendations. | W | Deliberative Process | No specific decision or policy identified. Reference to "what actions should or should not be taken by Department" is too vague. |

| Begin Bates | End Bates | Doc Date | Author(s) | Recipient (s) | Cc: | Description | Redacted / Withheld | Privilege Asserted | Deficiency Category |
|---|---|---|---|---|---|---|---|---|---|
| NJDEP-ESI-000 11709 | NJDEP-ESI-00011709 | 6/13/2008 | NJDEP | | | List of Potential monitoring points outside CKE. Pre-decisional Deliberative Issue: Lists potential monitoring points for further Department action/monitoring. | W | Deliberative Process | CKE not sufficiently identified in connection with any particular site. No specific decision or policy identified. Author not identified. |
| NJDEP-ESI-00011714 | NJDEP-ESI-00011714 | | John Boyer | Gail Lemaldi | Akshay Parikh; Gary Lipsius; Jeff Griesemer | Email from John Boyer to Gail Lemaldi; cc Akshay Parikh; Gary Lipsius; Jeff Griesemer regarding "HP Delta potable well letter". Pre-decisional Deliberative Issue: Discusses procedural information regarding well data and discusses revisions to letter regarding well data. | W | Deliberative Process | Inadequate description of draft. No specific decision or policy identified. References to "HP Delta potable well letter" and "procedural information regarding well data" are too vague. |
| NJDEP-ESI-00011751 | NJDEP-ESI-00011751 | 6/13/2008 | NJDEP | | | List of Potential monitoring points outside CKE. Pre-decisional Deliberative Issue: Lists potential monitoring points for further Department action/monitoring. | W | Deliberative Process | CKE not sufficiently identified in connection with any particular site. No specific decision or policy identified. Author not identified. |
| NJDEP-ESI-00011756 | NJDEP-ESI-00011756 | 6/13/2008 | NJDEP | | | List of Potential monitoring points outside CKE. Pre-decisional Deliberative Issue: Lists potential monitoring points for further Department action/monitoring. | W | Deliberative Process | CKE not sufficiently identified in connection with any particular site. No specific decision or policy identified. Author not identified. |
| NJDEP-ESI-00011796 | NJDEP-ESI-00011796 | 5/14/2004 | Joseph Miller | Trish Conti | Frank Pinto; David Harris; David Rubin; Judith Bayard | Email chain re: Skyline SS Ringwood case. Pre-decisional and deliberative because it discusses actions that may or may not be taken by Department, and news of funding possibilities and strategies, with opinions. | W | Deliberative Process | No specific decision or policy identified. References to "actions that may or may not be taken by Department" and "news of funding possibilities" are too vague. |
| NJDEP-ESI-00011797 | NJDEP-ESI-00011798 | 5/14/2004 | Trish Conti | Judith Bayard | Frank Pinto; David Harris | Email chain re: Skyline SS Ringwood case. Pre-decisional and deliberative because it discusses actions that may or may not be taken by Department, and news of funding possibilities and strategies, with opinions. | W | Deliberative Process | No specific decision or policy identified. References to "actions that may or may not be taken by Department" and "news of funding possibilities" are too vague. |

| Begin Bates | End Bates | Doc Date | Author(s) | Recipient (s) | Cc: | Description | Redacted / Withheld | Privilege Asserted | Deficiency Category |
|---|---|---|---|---|---|---|---|---|---|
| NJDEP-ESI-00011799 | NJDEP-ESI-00011799 | 5/14/2004 | Trish Conti | Joseph Miller | David Harris; David Rubin; Judith Bayard | Email chain re: Skyline SS Ringwood case. Pre-decisional and deliberative because it discusses actions that may or may not be taken by Department, and news of funding possibilities and strategies, with opinions. | W | Deliberative Process | No specific decision or policy identified. References to "actions that may or may not be taken by Department" and "news of funding possibilities" are too vague. |
| NJDEP-ESI-00011800 | NJDEP-ESI-00011800 | 5/13/2004 | Trish Conti | Joseph Miller | Frank Pinto; David Rubin; David Harris; Judith Bayard | Email chain re: Skyline SS Ringwood case. Pre-decisional and deliberative because it discusses actions that may or may not be taken by Department, and news of funding possibilities and strategies, with opinions. | W | Deliberative Process | No specific decision or policy identified. References to "actions that may or may not be taken by Department" and "news of funding possibilities" are too vague. |
| NJDEP-ESI-00011802 | NJDEP-ESI-00011804 | 7/16/2004 | Michael Flite | Mark Herzberg | David Harris; David Rubin; Joseph Goliszewski; Judith Bayard; Kevin Kratina | Series of emails attached to email re: Skyline Service Center (document NJDEP-ESI-00011801). Pre-decisional and deliberative because it discusses actions that may or may not be taken by Department. | W | Deliberative Process | No specific decision or policy identified. Reference to "actions that may or may not be taken by Department" is too vague. |
| NJDEP-ESI-00011805 | NJDEP-ESI-00011805 | 7/7/2004 | NJDEP | | | Attachment to NJDEP-ESI-00011802 through NJDEP-ESI-00011804; implicated properties and owners listed with personal information. | W | Deliberative Process | No specific decision or policy identified. Reference to "implicated properties" too vague. Recipients not identified. |
| NJDEP-ESI-00011951 | NJDEP-ESI-00011952 | 12/28/2004 | Bradley Campbell | Carl DiDonato | | Draft letter from Bradley Campbell to Carl DiDonato regarding Skyline Service Center Site. Pre- decisional and deliberative because letter is in non-final draft form. Letter discusses site and contaminated groundwater. | W | Deliberative Process | No specific decision or policy identified. Reference to "site and contaminated groundwater" is too vague. Insufficient description of draft document. Unable to discern subject matter of letter. |
| NJDEP-ESI-00011953 | NJDEP-ESI-00011953 | 3/26/2007 | Akshay Parikh | Mark Herzberg | | Email from Akshay Parikh to Mark Herzberg regarding comments on draft letter concerning HP Delta Service Station Site. Pre-decisional and deliberative because it discusses comments and revisions to said draft letter. | W | Deliberative Process | Inadequate description of draft. No specific decision or policy identified. Unable to discern subject matter of letter. |

| Begin Bates | End Bates | Doc Date | Author(s) | Recipient (s) | Cc: | Description | Redacted / Withheld | Privilege Asserted | Deficiency Category |
|---|---|---|---|---|---|---|---|---|---|
| NJDEP-ESI-00011954 | NJDEP-ESI-00011955 | 3/20/2007 | NJDEP | | | Draft letter regarding HP Delta Service Station and investigation of private wells. Pre-decisional and deliberative because letter is in non-final draft form. | W | Deliberative Process | Inadequate description of draft.  No specific decision or policy identified.  Unable to discern subject matter of letter.  Reference to "investigation of private wells" is too vague. |
| NJDEP-ESI-00011963 | NJDEP-ESI-00011964 | 12/9/2004 | NJDEP | | | Draft press release titled "$1.2 Million Waterline Project Begins in Ringwood Borough, Alternate Water Supply Project to Replace Private Wells Tainted by Gasoline." Pre-decisional and deliberative because press release is in non-final draft form. | W | Deliberative Process | Inadequate description of draft.  No specific decision or policy identified.  No author identified.  Nothing to indicate that document is deliberative. |
| NJDEP-ESI-00011965 | NJDEP-ESI-00011966 | 12/9/2004 | NJDEP | | | Draft press release titled "DEP Proposes $1.2 Million Waterline Project in Ringwood Borough, New Drinking Water Supply Needed Due to Gasoline Contamination in Private Wells." Pre-decisional and deliberative because press release is in non-final draft form. | W | Deliberative Process | Inadequate description of draft.  No specific decision or policy identified.  No author identified.  Nothing to indicate that document is deliberative. |
| NJDEP-ESI-00011969 | NJDEP-ESI-00011969 | 11/8/2004 | Michael Flite | Michael Costello | | Draft letter from Michael Flite to Michael Costello regarding Skyline Service Station Site. Pre- decisional and deliberative because letter is in non-final draft form. Letter discusses upcoming meeting regarding remedial investigation and action. | W | Deliberative Process | Inadequate description of draft.  No specific decision or policy identified.  Reference to "upcoming meeting regarding remedial investigation and action" is too vague. |
| NJDEP-ESI-00011993 | NJDEP-ESI-00011994 | 11/8/2004 | Michael Flite | Michael Costello | | Letter from Michael Flite to Michael Costello regarding Skyline Service Center. Pre-decisional and deliberative because letter discusses proposed course of action relating to site and underground storage tanks. | W | Deliberative Process | Letter sent to third party outside DEP (owner/operator of site).  No specific decision or policy identified.  Reference to "proposed course of action relating to site and underground storage tanks" is too vague. |
| NJDEP-ESI-00012022 | NJDEP-ESI-00012022 | 6/9/2005 | Mark Herzberg | Chad VanSciver | | Email from Mark Herzberg to Chad VanSciver regarding Skyline Service Center Site. Pre-decisional and deliberative because email discusses raw POET data and how to solve potential problems as a result of sampling data. | W | Deliberative Process | No specific decision or policy identified. Reference to "potential problems as a result of sampling data" is too vague. |

| Begin Bates | End Bates | Doc Date | Author(s) | Recipient (s) | Cc: | Description | Redacted / Withheld | Privilege Asserted | Deficiency Category |
|---|---|---|---|---|---|---|---|---|---|
| NJDEP-ESI-00012023 | NJDEP-ESI-00012023 | 6/7/2005 | Mark Herzberg | Chad VanSciver | | Email from Mark Herzberg to Chad VanSciver regarding Skyline Service Center Site. Pre-decisional and deliberative because email discusses raw POET data and how to solve potential problems as a result of sampling data. | W | Deliberative Process | No specific decision or policy identified. Reference to "potential problems as a result of sampling data" is too vague. |
| NJDEP-ESI-00012034 | NJDEP-ESI-00012034 | 7/9/2004 | Mark Herzberg | Michael Flite | | Email from Mark Herzberg to Michael Flite regarding Skyline Service Center Site. Pre-decisional and deliberative because email discusses opinions and comments on map images of site in a draft presentation. | W | Deliberative Process | Inadequate description of draft map.  No explanation of subject matter of map images.  No specific decision or policy identified. |
| NJDEP-ESI-00012037 | NJDEP-ESI-00012037 | 10/25/2007 | Gail Lemaldi | John Boyer | Mark Herzberg | Email from Gail Lemaldi to John Boyer regarding HP Delta Service Station Site. Pre-decisional and deliberative because email discusses comments and revisions to draft letter on potable wells near site. | W | Deliberative Process | Inadequate description of draft.  No specific decision or policy identified.  Reference to "draft letter on potable wells near site" is too vague. |
| NJDEP-ESI-00012039 | NJDEP-ESI-00012040 | 10/19/2007 | NJDEP | Dennis Green | | Draft letter from unknown author to Dennis Green regarding potable well water analysis at the HP Delta Service Station Site. Pre-decisional and deliberative because letter is in non-final draft form. | W | Deliberative Process | Inadequate description of draft.  No specific decision or policy identified.  Reference to "potable well water analysis" is too vague. |