UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE METHYL TERTIARY BUTYL ETHER ("MTBE") PRODUCTS LIABILITY LITIGATION | ) ) ) ) |
| This document relates to: | ) ) |
| *Orange County Water Dist. v. Unocal Corp., et al.,* 04 Civ. 4968 (SAS) | ) ) ) ) |

Master File No. 1:00-1898
MDL 1358 (SAS)
M21-88

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/29/12

**KENNETH E. WARNER, SPECIAL MASTER:**

**PRE-TRIAL ORDER # 71**
**(Motion of ConocoPhillips Company to Compel Production of Document Withheld During Deposition of Dr. Wheatcraft)**

Defendants (*per* ConocoPhillips Company) move for an order compelling Plaintiff, Orange County Water District, "to produce a document improperly withheld from production by Dr. Wheatcraft and his counsel after Dr. Wheatcraft expressly referred to the document to 'refresh his recollection' while testifying during deposition, and to allow for further examination of Dr. Wheatcraft if necessary." For the reasons set forth below, defendants' motion is granted to the extent indicated.

**Background**

During the January 17, 2012 deposition of plaintiff's expert, Dr. Stephen Wheatcraft, counsel for defendants asked Dr. Wheatcraft to give "the starkest, clearest example you can think of right now of a defense expert who you are certain ran the [Wheatcraft] model with their own variations and where the information has not been provided to you." (Wheatcraft Tr. at 332:25-333:5). Dr. Wheatcraft responded, "I need to get a spreadsheet from Ms. Benton. I think she probably has it right there." (*Id.* at 333:6-7). Ms. Benton handed Dr. Wheatcraft the 45-page document now at issue, at least some portion of which Dr. Wheatcraft reviewed before

proceeding to answer defense counsel's question (at the time of writing this PTO I do not have a copy of the videotape excerpt from the deposition). Dr. Wheatcraft then answered, "So an example would be from Mr. Daus's expert report – this is a direct quote from his report, it says…" (*Id.* at 333:9-11). Dr. Wheatcraft then read a quote from the document at issue. Following discussion of this example, Dr. Wheatcraft opined on several more examples from Dr. Daus's report that he identified using the document at issue, from which he read more quotes. (*Id.* at 334:13-339:15). Dr. Wheatcraft then stated, "And I can point to – I can point to lots of instances, which we have done, in which this was done over and over again by, I think, all of your experts that had opinions, most of them for sure, regarding my modeling." (*Id.* 339:18-22). When pressed for more examples, Dr. Wheatcraft responded, "There are a lot of examples that we used. Most of them involve your experts either clearly saying that they added monitoring wells to the Groundwater Vista files or, if they didn't clearly say it, they produced chemo graphs or breakthrough curves for wells that are not in my model." (*Id.* 344:2-8).

After further substantive questioning, defense counsel asked Dr. Wheatcraft about the document at issue. Dr. Wheatcraft explained, "This is a document that contains information about each expert and the details of opinions they provide that relate to the issue we have been discussing." (*Id.* 347:15-18). Defense counsel then asked, "And [does] that document summarize[] the deficiencies that you believe exist in connection with the defense experts' reports?" At that point counsel for OCWD, Tracey O'Reilly, Esq., objected "to the extent that document was prepared for counsel" and stated that Dr. Wheatcraft was "using this as a reference to refresh his recollection." (*Id.* 347:19-348:9). Defense counsel continued, "Dr. Wheatcraft, is it fair to say that the document in front of you is something you used to refresh your recollection to answer my questions?" and Dr. Wheatcraft responded, "Yes." (*Id.* 348:16-

20). Defense counsel then requested that the document be produced and marked as an exhibit, and Ms. O'Reilly refused. (*Id.* 348:21-350:7). The deposition continued in relevant part as follows:

> Q: How many pages is that document?
>
> WHEATCRAFT: 45.
>
> Q: And who prepared it?
>
> WHEATCRAFT: It was prepared at my desk by Ms. Benton, actually the two of us together, along with some others prepared it.
>
> Q: Did your counsel prepare it?
>
> WHEATCRAFT: No.
>
> Q: And on the front page are there some columns on the top that describe what is in it?

(*Id.* at 350:13-25). At that point, Ms. O'Reilly objected based on attorney-client privilege and CMO 73, stating that Dr. Wheatcraft had not read anything in the document other than "that section of the report that you asked him to provide you in response to a question." (*Id.* at 351:2-24).

Defendants filed this motion on January 20, 2012 to compel production of the document, arguing that it was neither privileged nor covered by CMO 73 and, even if it were privileged, that Federal Rule of Evidence 612 requires its production because Dr. Wheatcraft used the document to refresh his recollection while being deposed. On January 27, 2012, the date that plaintiff's opposition to the motion was due, Ms. O'Reilly sent me and all counsel the following email:

> I am writing on behalf of plaintiff Orange County Water District to advise you that we will be producing the materials reviewed and relied upon by Dr. Wheatcraft at his deposition by close of business on Monday, January 30, 2012. We believe, therefore, that defendants' motion is moot.

Although the motion plainly sought the entire document at issue, on January 30, 2012, Ms. O'Reilly produced only 8 pages of the 45-page document to defendants, along with a cover letter arguing that plaintiff was not required to produce the entire document because Dr. Wheatcraft had read only a portion of the document during his deposition testimony. The letter further stated, "Nonetheless without waiving any attorney client or attorney work product privileges relating to the document, attached is a copy of the material which was partially read into the record by Dr. Wheatcraft in response to your question." Defendants renewed their motion to compel on February 6, 2012, and I held a telephonic hearing on February 20, 2012.

**Discussion**

The parties disagree about whether the 45-page document at issue is privileged, with plaintiff arguing that it is and defendants arguing that it is not and even if it were that the privilege was not adequately preserved on the record. The parties also disagree about how much of the document Dr. Wheatcraft perused before answering defense counsel's deposition questions, with plaintiff arguing that only a narrow and limited perusal took place and defendants arguing that substantially all of the document was reviewed by Dr. Wheatcraft. I need not decide either of these issues to decide this motion, however, because I have determined through *in camera* review of the document that FRE 612 requires its full production even if it were otherwise privileged.

FRE 612 provides, in relevant part, that "when a witness uses a writing to refresh memory for the purpose of testifying . . . an adverse party is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness thereon, and to introduce in evidence any portion that relates to the witness's testimony. If the producing party claims that the writing includes unrelated matter, the court must examine the writing in camera, delete any unrelated

portion, and order that the rest be delivered to the adverse party." Courts interpret "related" to mean related to the subject matter of the testimony of the witness. *United States v. Darden*, 70 F.3d 1507, 1540 (8th Cir. 1995) (FRE 612 requires "disclosure of the passage actually used by the witness, and other portions relating to the same subject matter") (citing *United States v. Larranaga*, 787 F.2d 489, 501 (10th Cir. 1986); *United States v. Costner*, 684 F.2d 370, 373 (6th Cir. 1982)). "Access is limited to those writings that arguably have an impact upon the testimony of the witness." *Id.* FRE 612 is applicable to deposition testimony pursuant to Fed. R. Civ. P. 30(c). *Magee v. Paul Revere Life Ins. Co.*, 172 F.R.D. 627, 637 (E.D.N.Y. 1997). Additionally, production of a document is mandatory where a witness uses the document to refresh memory "while testifying," and "being phrased in mandatory language, Rule 612(1) prevails when pitted against a claim of privilege." *Id.*

In this case, the witness himself stated that the document at issue "contains information about each expert and the details of opinions they provide *that relate to the issue we have been discussing.*" (Wheatcraft Tr. at 347:15-18 (emphasis added)). My *in camera* review confirms that the 37 pages not produced by plaintiff are substantially similar to the 8 pages that have been produced, and are similarly related to the subject matter of Dr. Wheatcraft's testimony where he was asked to provide examples where defendants' experts had run or modified his model and regarding which he testified, "There are a lot of examples that we used. Most of them involve your experts either clearly saying that they added monitoring wells to the Groundwater Vista files or, if they didn't clearly say it, they produced chemo graphs or breakthrough curves for wells that are not in my model." (*Id.* at 344:2-8).

The 45-page document consists of a single spreadsheet, which uses the same headings throughout, and the 37 pages withheld by plaintiff contain quotes or summaries from defendants'

experts' reports that are of the same type as, and are plainly related to, the quotes or summaries contained in the 8 pages that plaintiff has produced.

For the foregoing reasons, that portion of defendants' motion as seeks production of the entire document at issue is granted, and the document shall be produced to defendants by OCWD no later than February 28, 2012.   This ruling concerns only the document at issue, and does not constitute a ruling that the attorney/client privilege has been waived as to any other document.

With respect to defendants' request to further depose Dr. Wheatcraft concerning the contents of this document, if after reviewing the document defendants still want to further depose Dr. Wheatcraft the parties shall endeavor to agree upon a date for that to take place, not to exceed three hours, failing which a conference call should be arranged with me to resolve this issue.

Dated:  February 24, 2012

                                                        SO ORDERED:

                                                        Kenneth E. Warner, Special Master