**SheppardMullin**

Sheppard Mullin Richter & Hampton LLP
333 South Hope Street, 43rd Floor
Los Angeles, CA 90071-1422
213.620.1780 main
213.620.1398 main fax
www.sheppardmullin.com

213.617.4292 direct
wroy@sheppardmullin.com

File Number: 0MH4-116534

March 22, 2012

*VIA LEXIS NEXIS FILE AND SERVE*

The Honorable Shira A. Scheindlin
United States District Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 1620
New York, New York 10007-1312

Re:   *City of Fresno v. Chevron U.S.A. Inc., et al.*, Case No. 04 Civ. 04973 (SAS)
       Master File No. 1:00-1898 (SAS). M 21-88, MDL No. 1358
       <u>Defendants' Opposition to Plaintiff's Motion to Preclude Duplicative Expert Depositions</u>

Dear Judge Scheindlin:

**A.   Introduction.**

Plaintiff's Motion to Preclude Duplicative Expert Depositions purports to prevent the taking of 17 unnecessary and duplicative depositions in this case. However, the Motion mischaracterizes the issue. There are a total of six Plaintiff's non-site-specific experts and 11 Defendants' non-site-specific experts in this case. Defendants seek to depose only five of Plaintiff's experts. In its Motion, however, Plaintiff claims that Defendants are requiring that Plaintiff take the depositions of every single defense expert as well. This is simply not true.

Plaintiff establishes a false dichotomy between "site specific" and "non site specific" experts. Sites are not the only differences in these cases. Facts particular to the specific plaintiff and its water system, for example, are also important, as are a host of other differences. These differences can be and often are directly related to an expert's testimony as it applies to a given case, as explained in detail below concerning the experts at issue.

Plaintiff claims that any depositions of non-site-specific experts would be duplicative, and thus should be prohibited. Plaintiff is wrong. Although the experts' opinions may be "similar" to those offered in prior MDL cases, the facts and background upon which those opinions are offered for purposes of this case may not be. Defendants are entitled to inquire into those differences. These case-specific inquiries were not relevant to prior MDL depositions and thus are not duplicative. Furthermore, not every defendant in this case has been involved in the prior cases in which the experts were deposed. It would be unfairly prejudicial to summarily preclude them from deposing Plaintiff's experts.

# SheppardMullin

March 22, 2012
Page 2

Moreover, the burden of these depositions on Plaintiff is minimal and is far outweighed by the benefit. Defendants seek only five depositions, which will be taken at Defendants' expense pursuant to the FRCP. Plaintiff has the right to make its own strategic decision about which depositions it needs to take. That decision is irrelevant to the instant Motion.

Finally, if the Court bars Defendants from deposing any of Plaintiff's non-site-specific experts, it should also apply all prior rulings in the MDL cases concerning those experts' testimony. As such, experts such as Dr. Cain should be precluded from testifying in this case on the grounds that his opinion is unreliable, as was found by this Court in *County of Suffolk, et al. v. Amerada Hess Corp., et al.* and *Tonneson, et al. v. Sunoco, Inc., et al.*

Finally, if the Court bars Defendants from deposing any of Plaintiff's non-site-specific experts pursuant to this Motion, it should also apply all prior rulings in the MDL cases concerning the experts' testimony. As such, experts such as Dr. Cain should be precluded from testifying in this case on the grounds that his opinion is unreliable.

**B.     Plaintiff Failed To Meet And Confer.**

Federal Rule of Civil Procedure 37 and CMO #12, Section V impose a good faith meet and confer obligation on a party bringing a discovery motion. Plaintiff's own motion demonstrates its failure to properly meet and confer prior to filing this motion. Plaintiff served a letter on February 27, 2011 in which it proposed that non-site-specific experts not be deposed in this case. On March 1, 2011, Defendants responded to Plaintiff's letter. In their response, Defendants agreed that it is not necessary to depose Plaintiff's expert Robert Reynolds. Moreover, Defendants agreed to evaluate the other experts to determine whether any others, Drs. Cain and Whitelaw in particular, did not need to be deposed in this case. Defendants further asked Plaintiff to let them know which Defendants' experts Plaintiff intends to depose so they could determine availability and scheduling for those depositions. Plaintiff never responded and instead filed this motion.

**C.     Plaintiff Mischaracterizes The Issue.**

Plaintiff states in its motion that Defendants are requiring 17 unnecessary depositions. However, with respect to the 11 defense experts, *Defendants are not requiring Plaintiff to do anything*. If Plaintiff chooses to depose them, it can do so. However, that is a separate issue that has no bearing on whether Defendants have the right to depose Plaintiff's experts.[1]

Plaintiff's Motion ignores the fact that Defendants have already agreed to forego the deposition of Mr. Reynolds, thereby reducing the potential number of depositions of Plaintiff's experts to five. As explained in greater detail below, these five depositions that Defendants are not duplicative and should be permitted.

---

[1] For example, by letter dated and served March 5, 2012, Tesoro Corporation and Tesoro Refining and Marketing Company agreed to Plaintiff's proposal to rely on prior deposition testimony of Tesoro's expert, Dr. George Schink, from the *City of Merced Redevelopment Agency and Orange County Water District* cases.

# SheppardMullin

March 22, 2012
Page 3

### D. The Depositions of Plaintiff's Non-Site-Specific Experts Are Not Duplicative.

The Court has discretion to limit discovery under Federal Rule of Civil Procedure 26(b)(2) where the discovery is: (i) unreasonably cumulative or duplicative; (2) the party seeking the discovery has had ample opportunity to obtain the information; or (3) the burden or expense outweigh the likely benefit. Fed. R. Civ. Proc. 26(b)(2). Plaintiff's sole reason for seeking to preclude Defendants from deposing Plaintiff's experts is that the experts have been deposed in other MDL cases and their opinions are "similar to the opinions they are expressing in the City's case." (Motion at p. 4.) This is not sufficient for the depositions to be prohibited altogether.

Plaintiff claims that depositions of the experts would be duplicative because the reports and opinions contained therein are similar. This argument misses the point. "Similar" is not "identical." (And even where the language is identical, the explanation behind it may not be.) The mere fact that an expert may offer similar opinions in multiple cases does not mean that there are no meaningful differences in the opinions such that the parties in one case should be precluded from deposing the expert just because he or she was deposed about a "similar" opinion in another case. Such a blanket rule is nonsensical and contrary to the principles of discovery.

Depositions of Plaintiff's experts are appropriate and, in fact, necessary, in this case. For example, Dr. Bruya, Plaintiff's MTBE groundwater sampling expert, opines about his laboratory methods and his testing of water samples *in this case*. (Ex. 1, p. 2.) Dr. Bruya's methods, procedures, and analysis of water samples taken from City of Fresno wells is not information that Defendants could have obtained through depositions of Dr. Bruya in other MTBE cases. It is specific to this case. Likewise, Mr. Haberman, who is Plaintiff's expert on the need for treatment of the City of Fresno wells and the recommended type of treatment, opines that treatment is necessary *in this case* because "[c]ertain groundwater supply wells within the City of Fresno have had detectable concentrations of MTBE contamination." (Ex. 2, p. 5.) In light of Mr. Haberman's opinion that GAC treatment is necessary in the City of Fresno, Defendants have a right to depose Mr. Haberman concerning that opinion and the facts and analysis upon which it is based. Mr. Haberman's opinions concerning the need for treatment of City of Fresno wells is a case-specific issue that was not covered at prior depositions of Mr. Haberman in other cases concerning his recommendations for treatment in other cities.

Plaintiff's claim that the depositions are duplicative because some of the experts may testify in the *Crescenta* trial is irrelevant. (Motion at p. 5.) As Plaintiff notes, the experts' opinions and testimony are subject to numerous *Daubert* motions and motions *in limine* in that case, the outcomes of which are unknown. Thus, to claim that depositions of Plaintiff's experts are duplicative of future testimony that may or may not be given in the *Crescenta* trial is both wholly speculative and irrelevant to whether Defendants should be permitted to depose the experts in this case.

### E. The Benefit Of These Depositions Greatly Outweighs The Burden.

Plaintiff's hyperbole obscures the real issue: Plaintiff can make its own decision to forego the deposition of Defendants' experts. It does not need a court order to do so, and Defendants are

# SheppardMullin

March 22, 2012
Page 4

not "requiring Plaintiff to take those depositions." Rather, Defendants have determined the need to depose five of Plaintiff's experts, and this particular Motion concerns only those depositions.

The burden on Plaintiff if these five depositions are permitted to proceed is minimal. Its experts presumably wrote their own reports and developed their own opinions in this case. Thus, they should be able to easily testify about them. Moreover, as Plaintiff notes, the experts are experienced in having their depositions taken and should require little to no advance preparation by counsel. Additionally, the cost to Plaintiff is minimal. Defendants, under the FRCP, are required to pay the experts' hourly rate for deposing them.

Defendants have carefully considered which depositions are necessary in this case and have determined that taking these 5 depositions are worth the time and expense. As such, Defendants should be permitted to do so. If Plaintiff makes a similar determination with respect to any of Defendants' experts, it has the same right as Defendants to take those depositions.

**F.    Plaintiff's Motion Fails to Acknowledge That Two Defendants In This Case Were Not Involved In, And Have No Knowledge Of, The Depositions Of Plaintiff's Experts In The Other Referenced Cases.**

Plaintiff claims that "defense counsel in this matter have already deposed or cross-examined" the experts. (Motion at p. 5.) Plaintiff's Motion incorrectly assumes that all of the Defendants in this case were involved in the other cases in which Plaintiff's experts were deposed. For example, neither Kern & Oil & Refining Co. ("Kern") nor Nella Oil ("Nella") were involved in any of the other cases referenced by Plaintiff in which Plaintiff's experts were deposed. Thus, neither of them has any knowledge of the testimony provided by Plaintiff's experts in these other cases. Both Kern and Nella have requested that Plaintiff provide copies of the pertinent deposition transcripts from these other cases, so that Kern and Nella can evaluate the need to take these experts' depositions for the first time. (Exs. 3 & 4). Those deposition transcripts have not yet been received.

Kern and Nella have an equal right to depose Plaintiff's experts for the first time in this case. Plaintiff's Motion seeks an Order that would have the prejudicial effect of barring Kern and Nella from exercising this basic right to depose an opposing party's experts. Fairness requires that Kern and Nella be given the opportunity to review and analyze the pertinent deposition transcripts referenced by Plaintiff and to then decide whether to exercise their right to depose these experts for the first time.

**G.    If The Depositions Are Not Permitted, All Prior Rulings Concerning Those Experts Should Apply To Their Testimony In This Case.**

If the Court bars Defendants from deposing Plaintiff's experts in this case, Defendants request that all prior rulings concerning such experts' opinions and testimony be applied.

For example, Plaintiff's expert William Cain should be precluded from testifying in this case because his testimony was found inadmissible in several prior MDL cases. In *County of Suffolk, et al. v. Amerada Hess Corp., et al.*, this Court excluded Dr. Cain's testimony because it was unreliable and failed to use the same level of intellectual rigor that would be used by a scientist

# SheppardMullin

March 22, 2012
Page 5

in the field.[2]  (Ex. 5, p. 16-35.)  This Court also excluded Dr. Cain's testimony in *Tonneson, et al. v. Sunoco, Inc., et al.*  (Ex. 7, p. 2-3 & Ex. 8, p. 5.)

Just as he did in the other cases, in this case Dr. Cain opines that "MTBE can be detected by a substantial number of persons at concentrations of 1-2 ppb." (Ex. 9, p. 5.)  Just as he did in *Suffolk* and *Tonneson*, Dr. Cain once again relies on his interpretation of the Stocking Study to support his opinion.  (*Id.*, 5-6.)  Thus, the ruling excluding his testimony in *Suffolk* and *Tonneson* should also apply here.

## H.   Conclusion.

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Motion and permit Defendants to depose Plaintiff's experts in this case.

Sincerely,

/s/ *Whitney Jones Roy*

Whitney Jones Roy
for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

W02-WEST:1ANK1\404868204.1

cc: All counsel via LNFS

---

[2] This Court ultimately permitted Dr. Cain to testify on a limited basis about factual issues not disputed by the defendants and to discuss flaws in the Stocking Study if offered as evidence by the defendants, but prohibited Dr. Cain from testifying about "the levels at which he believes people can detect MTBE since the method he used to calculate those levels is unreliable." (Ex. 6, p. 14-15.)

## PROOF OF SERVICE VIA LEXISNEXIS FILE & SERVE

*City of Fresno v. Chevron U.S.A., Inc., et al.*

I, Jennifer B. Rodriguez, the undersigned, hereby declare:

1. I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and am not a party to the within action. I am employed by Sheppard, Mullin, Richter & Hampton LLP in the City of Los Angeles, State of California. My business address is 333 South Hope Street, 48th Floor, Los Angeles, California 90071.

2. On March 22, 2012, I served a copy of the attached document titled:

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO PRECLUDE DUPLICATIVE EXPERT DEPOSITIONS**

on all parties hereto by:

a. __X___   Posting it directly to the LexisNexis File & Serve at approximately 4:00 p.m. Pacific Time

b. __X___   Emailing a courtesy copy of liaison counsel to mdl1358@mwe.com and mdl1358@weitzlux.com.

I declare under penalty under the laws of the State of California that the foregoing is true and correct. Executed the 22nd of March, in Los Angeles, California.

/S/ *Jennifer B. Rodriguez*
Jennifer B. Rodriguez