UNITED STATES DISTRICT COURT   *
SOUTHERN DISTRICT OF NEW YORK

\* \* \* \* \* \* \*

IN RE:  METHYL TERTIARY BUTYL ETHER
("MTBE") PRODUCTS LIABILITY LITIGATION)

Master File No. 1:00-1898

\* \* \* \* \* \* \*

MDL 1358 (SAS)

This document relates to
Carl G. Morgan, et al. v. ExxonMobil Corp.*       M21 - 88
05 Civ. 10259 (SAS)

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MOTION TO WITHDRAW APPEARANCE

Pursuant to Local Civil Rule 1.4, Robert L. Hanley, Jr. and Nolan, Plumhoff & Williams, Chtd. file this motion to withdraw their appearances in the above-captioned case on behalf of the Plaintiffs, Fallston Properties, LLC and Don-Bar, Inc. and in support of the motion states as follows:

1.   The above- captioned case was initially filed on behalf of fourteen (14) plaintiffs, including Fallston Properties, Inc. and Don-Bar, Inc., in the Circuit Court for Baltimore County on December 4, 2004.

2.   Defendant Exxon filed a Notice of Removal and the case was removed to the United States District Court for the District of Maryland.

3.   Subsequently, this case became part of the MTBE multidistrict litigation pending before this Honorable Court.

4.   On May 27, 2011, counsel filed an Amended Complaint adding seven (7) additional plaintiffs to the lawsuit originally filed on December 8, 2004. Fallston Properties, LLC and Don-Bar, Inc. remained as Plaintiffs.

5. All of the plaintiffs except Fallston Properties, LLC and Don-Bar, Inc. entered into confidential settlement agreements with Exxon to resolve the claims presented in the litigation.

6. A Stipulation and Order of Dismissal of All Clams Against Defendant dismissing the claims with prejudice was filed with this Honorable Court on April 2, 2012.

7. Counsel was unable to submit settlement demands on behalf of Fallston Properties, LLC and Don-Bar, Inc. due to the total lack of cooperation and responsiveness of their representatives as is more fully described in the attached Affidavit of Robert L. Hanley, Jr. attached as Exhibit 1.

8. Counsel has also been unable to formulate discovery responses on behalf of Fallston and Don-Bar due to lack of cooperation and responsiveness. See, Affidavit.

9. Additionally, counsel has learned that the corporate charter of Don-Bar, Inc. was forfeited on October 5, 2007 for failure to file a property tax return. See, Exhibit 2, Statement from Maryland Department of Assessments and Taxation.

10. Under Maryland law, the forfeiture of a corporation's charter renders the corporation a legal nullity without power to sue or be sued. Md. Code Ann., Corps. & Assns. § 3-503; Tri-County Unlimited, Inc. v. Kids Fist Swim Sch., Inc., 191 Md. App. 613, 993 A.2d 146 (2010).

11. Counsel has also learned that Fallston Properties, LLC has forfeited its' right to do business in Maryland. See, Exhibit 3, Statement from Maryland Department of Assessments and Taxation.

2

12. Under Maryland law, a limited liability company that forfeits its right to do business may not prosecute an action or claim. Md. Code Ann. Corps & Assns., § 4A-911(d); 4A-920; Price v. Upper Chesapeake Health, 192 Md. App. 695, 995 A.2d. 1054 (2010).

13. Therefore, neither Fallston or Don-Bar can continue to prosecute the instant case under Maryland law.

WHEREFORE, undersigned counsel respectfully request that the motion be granted and the he be permitted to withdraw as counsel for Fallston Properties, LLC and Don-Bar, Inc.

Respectfully submitted,

/s/ Robert L. Hanley, Jr.
Robert L. Hanley, Jr.
Nolan, Plumhoff & Williams, Chtd.
502 Washington Avenue
Suite 700
Towson, Maryland 21204
410-823-7800
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of April, 2012, a copy of the foregoing Motion to Withdraw Appearance was served via Lexis Nexis File and Serve upon Robin Greenwald, Esquire and Peter Sacripanti, Esquire, in their capacity as liaison counsel, upon Andrew Gendron, Esquire and Paul Ishack, Esquire, attorneys for the Defendant and served on Fallston Properties, LLC and Don-Bar, Inc. via certified mail – restricted delivery to:

Louis DiPasquale, III
Resident Agent for
Fallston Properties, LLC
4846 Water Park Drive
Bel Camp, Maryland 21017

and

3

Scott Bocek
Resident Agent for
Don-Bar, Inc.
276 Cherry Tree Square
Forest Hill, Maryland 21050

/s/ *Robert L. Hanley, Jr.*
Robert L. Hanley, Jr.

UNITED STATES DISTRICT COURT   \*
SOUTHERN DISTRICT OF NEW YORK

\*   \*   \*   \*   \*   \*   \*

IN RE: METHYL TERTIARY BUTYL ETHER
("MTBE") PRODUCTS LIABILITY LITIGATION)

Master File No. 1:00-1898

\*   \*   \*   \*   \*   \*   \*

MDL 1358 (SAS)

This document relates to
Carl G. Morgan, et al. v. ExxonMobil Corp.\*
05 Civ. 10259 (SAS)

M21 - 88

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### AFFIDAVIT OF ROBERT L. HANLEY, JR.

I, Robert L. Hanley, Jr., do hereby depose and state as follows:

1. I am over the age of eighteen (18) year, am competent to testify and have personal knowledge of the following facts.

2. Before filing the initial Complaint on behalf of Fallston Properties, LLC ("Fallston") and Don-Bar, Inc. ("Don-Bar"), counsel met with Scott Bocek and Louis DiPasquale, III who represented that they owned Fallston and Don-Bar. Indeed Mr. Dipasquale was listed as the resident agent for Fallston and Mr. Bocek was listed as the resident agent for Don-Bar. Fallston owned the real property on which Don-Bar operated a deli carryout and liquor store.

3. Subsequently, counsel was advised that Mr. Bocek was no longer involved with Don-Bar and that Mr. DiPasquale would represent the interests of Don-Bar and Fallston.

4. In July 2010, counsel for Plaintiff was going to meet with counsel for Exxon to discuss a potential resolution of the cases pending in the multidistrict litigation. That meeting

LAW OFFICES
NOLAN, PLUMHOFF
& WILLIAMS,
CHARTERED

EXHIBIT
1

did occur and it was determined that counsel for Plaintiffs would submit specific demands to Exxon on behalf of each Plaintiff.

5. Thereafter, counsel undertook to meet with all of the Plaintiffs in order to prepare and submit demands to Exxon. The following describe the attempts to meet with Fallston and Don-Bar:

a. On July 8, 2010, I wrote to Mr. DiPasquale to advise that I was going to meet with Exxon's counsel to discuss settlement of the claim and to request information.

b. On August 23, 2010, I again wrote to Mr. DiPasquale to advise that I needed to meet with him so I could submit a settlement demand to Exxon.

c. I met with Mr. DiPasquale on August 31, 2010 regarding submitting a settlement demand to Exxon. I advised that I would need certain information and documents in order to formulate a demand. Despite numerous follow-up phone calls, no information was provided. Therefore, in the absence of the requested information, no settlement demand was propounded.

d. On December 11, 2010, I received a letter from Douglas Maloon, Esquire who represented that he was counsel for Mr. Scherer, a shareholder of Fallston, requested an update on the status of the settlement discussions.

e. On December 20, 2010, I responded to Mr. Maloon's letter and provided an update on the case. I further advised that I was still willing to submit a demand to Exxon if I received documentation to support a demand and written authorization to submit a demand.

f. On or about April 7, 2011, I received a letter from Mr. Maloon that included seven (7) pages of records from 2005. I did not receive authorization to submit a demand to Exxon. The records were not sufficient to allow formulation of a demand.

6. The settlement discussions with Exxon did not progress to a settlement and the parties began the discovery process. I wrote to Mr. DiPasquale to advise that I would need documentation of the losses/damages in order to respond to Exxon's discovery requests. The correspondence included:

    a. On November 29, 2011, I wrote to Mr. DiPasquale and Mr. Maloon to advise that discovery had begun and that I would need cooperation and documentation in order to move forward with a claim.

    b. On January 5, 2012, I forwarded Interrogatories that had been served by Exxon, to Mr. DiPasquale and Mr. Maloon. I advised that the "window is rapidly closing on the opportunity" to gather the necessary documents to present a claim.

    c. On January 10, 2012, I sent a letter to Mr. DiPasquale and Mr. Maloon enclosing a copy of Exxon's request for production of documents.

I did not receive any response to these letters.

7. At this same time, the settlement negotiations with Exxon were resumed and ultimately resulted in settlements being reached with all plaintiffs except Fallston and Don-Bar.

8. Additional attempts were made to contact the owners of Fallston in order to secure authority to submit a settlement demand.

9. I was contacted by Troy Swanson, Esquire who advised that he now represented Robert Scherer, the minority shareholder of Fallston. Numerous attempts were made to contact Mr. DiPasquale without success. Further, conversations with Mr. Swanson failed to result in providing the information necessary to respond to Exxon's discovery requests or authority to submit a settlement demand.

LAW OFFICES
NOLAN, PLUMHOFF
& WILLIAMS,
CHARTERED

3

10. I sent a final letter to Mr. DiPasquale and Mr. Swanson outlining the history of non-cooperation and counsel's inability to respond to the discovery requests. <u>See</u> Letter dated February 23, 2012, attached as Exhibit 4. I did not receive a response to the letter.

11. The case is currently under Case Management Order No. 2 although the only remaining parties are Fallston and Don-Bar.

12. Counsel is not asserting a retaining or charging lien.

I DO SOLEMNLY DECLARE AND AFFIRM under the penalties of perjury that the foregoing is true and correct and based upon my personal knowledge.

_____
Robert L. Hanley, Jr. Esquire

LAW OFFICES
NOLAN, PLUMHOFF
& WILLIAMS,
CHARTERED

Entity Name: DON-BAR, INC.
Dept ID #: D03774536

General Information   Amendments   Personal Property   Certificate of Status

| | |
|---|---|
| Principal Office (Current): | 2419 BALDWIN MILL RD<br>FALLSTON, MD 21047 |
| Resident Agent (Current): | SCOTT BOCEK<br>276 CHERRY TREE SQUARE<br>FOREST HILL, MD 21050 |
| Status: | **FORFEITED** |
| Good Standing: | No |
| Business Code: | Ordinary Business - Stock |
| Date of Formation or Registration: | 11/09/1993 |
| State of Formation: | MD |
| Stock/Nonstock: | Stock |
| Close/Not Close: | Not Close |

Link Definition

| | |
|---|---|
| General Information | General information about this entity |
| Amendments | Original and subsequent documents filed |
| Personal Property | Personal Property Return Filing Information and Property Assessments |
| Certificate of Status | Get a Certificate of Good Standing for this entity |



EXHIBIT 2

Entity Name: DON-BAR, INC.
Dept ID #: D03774536

General Information | Amendments | Personal Property | Certificate of Status

Page 1 of 2

| Description | Date Filed | Time | Film | Folio | Pages | View Document | Order Copies |
|---|---|---|---|---|---|---|---|
| **DEPT. ACTION - FORFEITURE** | 10/05/2007 | 01:21-AM | | | | | |
| THE ENTITY WAS FORFEITED FOR FAILURE TO FILE PROPERTY RETURN FOR 2006. | | | | | | | |
| **ARTICLES OF REVIVAL (STOCK)** | 01/28/2004 | 04:03-PM | B00609 | 0744 | 0006 | 👁 | 📄 |
| **COMPTROLLER OBJECTION TO REVIVAL REMOVED** | 01/28/2004 | 08:32-AM | | | | | |
| **DLLR OBJECTION TO REVIVAL REMOVED** | 01/28/2004 | 08:30-AM | | | | | |
| **DO NOT REVIVE WITHOUT DLLR CLEARANCE** | 10/07/2002 | 11:30-PM | | | | | |
| **DEPT. ACTION - FORFEITURE** | 10/07/2002 | 11:28-PM | | | | | |
| THE ENTITY HAS BEEN FORFEITED BY THE COMPTROLLER ON 10-07-2002. | | | | | | | |
| **ARTICLES OF REVIVAL (STOCK)** | 02/15/2001 | 03:07-PM | B00226 | 0895 | 0005 | 👁 | 📄 |
| **COMPTROLLER OBJECTION TO REVIVAL REMOVED** | 02/15/2001 | 08:30-AM | | | | | |

**Link Definition**

| | |
|---|---|
| General Information | General information about this entity |
| Amendments | Original and subsequent documents filed |
| Personal Property | Personal Property Return Filing Information and Property Assessments |
| Certificate of Status | Get a Certificate of Good Standing for this entity |

Entity Name: FALLSTON PROPERTIES, LLC
Dept ID #: W04714994

General Information    Amendments    Personal Property    Certificate of Status

| | |
|---|---|
| **Principal Office (Current):** | 4846 WATER PARK DRIVE<br>BEL CAMP, MD 21017 |
| **Resident Agent (Current):** | LOUIS DIPASQUALE III<br>4846 WATER PARK DRIVE<br>BEL CAMP, MD 21017 |
| **Status:** | **FORFEITED** |
| Good Standing: | No |
| Business Code: | Other |
| **Date of Formation or Registration:** | 06/16/1997 |
| **State of Formation:** | MD |
| **Stock/Nonstock:** | N/A |
| **Close/Not Close:** | Unknown |

**Link Definition**

| | |
|---|---|
| General Information | General information about this entity |
| Amendments | Original and subsequent documents filed |
| Personal Property | Personal Property Return Filing Information and Property Assessments |
| Certificate of Status | Get a Certificate of Good Standing for this entity |

EXHIBIT 3

http://sdatcert3.resiusa.org/ucc-charter/DisplayEntity_b.aspx?EntityID=W04714994&EntityName=FALL...    3/19/2012

Entity Name: FALLSTON PROPERTIES, LLC
Dept ID #: W04714994

General Information | Amendments | Personal Property | Certificate of Status

Page 1 of 1

| Description | Date Filed | Time | Film | Folio | Pages | View Document | Order Copies |
|---|---|---|---|---|---|---|---|
| **DEPT. ACTION - FORFEITURE** | 10/03/2011 | 10:49-PM | | | | | |
| THE ENTITY WAS FORFEITED FOR FAILURE TO FILE PROPERTY RETURN FOR 2010. | | | | | | | |
| **ARTICLES OF REINSTATEMENT** | 12/17/2007 | 11:50-AM | | | 0003 | 👁 | 📄 |
| **DEPT. ACTION - FORFEITURE** | 10/06/2006 | 12:03-AM | | | | | |
| THE ENTITY WAS FORFEITED FOR FAILURE TO FILE PROPERTY RETURN FOR 2005. | | | | | | | |
| **DEPARTMENTAL REINSTATEMENT** | 08/23/2001 | 08:30-AM | B00287 | 0670 | 0002 | 👁 | 📄 |
| **DEPT. ACTION - FORFEITURE** | 10/07/1999 | 09:58-PM | 00000 | 0000 | 0000 | 👁 | 📄 |
| THE ENTITY WAS FORFEITED FOR FAILURE TO FILE PROPERTY RETURN FOR 1998. | | | | | | | |
| **ARTICLES OF ORGANIZATION** | 06/16/1997 | 03:31-PM | F3946 | 1240 | 0002 | 👁 | 📄 |

**Link Definition**

| | |
|---|---|
| General Information | General information about this entity |
| Amendments | Original and subsequent documents filed |
| Personal Property | Personal Property Return Filing Information and Property Assessments |
| Certificate of Status | Get a Certificate of Good Standing for this entity |

http://sdatcert3.resiusa.org/ucc-charter/DisplayEntity_b.aspx?EntityID=W04714994&EntityName=FALL...    3/19/2012

```
UNITED STATES DISTRICT COURT      *
SOUTHERN DISTRICT OF NEW YORK

    *     *     *     *     *     *     *

IN RE:  METHYL TERTIARY BUTYL ETHER
("MTBE") PRODUCTS LIABILITY LITIGATION)
                                              Master File No. 1:00-1898
    *     *     *     *     *     *     *
                                              MDL 1358 (SAS)
This document relates to
Carl G. Morgan, et al. v. ExxonMobil Corp.*   M21 - 88
05 Civ. 10259 (SAS)

    *     *     *     *     *     *     *     *     *     *     *     *     *
```

## ORDER

The motion to withdraw the appearances of Robert L. Hanley, Jr. and Nolan, Plumhoff & Williams, Chtd. as counsel for defendants Fallston Properties, Inc. and Don-Bar, Inc. is GRANTED.

SO ORDERED

Dates this _____ day of _____, 2012

_____
Hon. Shira A. Scheindlin, U.S.D.J.