UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

In re: Methyl Tertiary Butyl Ether ("MTBE")
Products Liability Litigation

No. 00 Civ. 1898
MDL No. 1358 (SAS) (DCF)
M21-88
Master File No. 1:00-1898

----------------------------------------------------------------X
This document relates to:

*Incorporated Village of Mineola, et al.*
*AGIP, Inc. et al.*, 03-cv-10051
*Carle Place Water District v. AGIP Inc. et al.*, 03-cv-10053
*Village of Hempstead v. AGIP, Inc. et al.*, 03-cv-10055
*Westbury Water District v. AGIP Inc. et al.*, 03-cv-10057

----------------------------------------------------------------X

### STIPULATION AND ORDER OF DISMISSAL OF (1) ALL CLAIMS BETWEEN DEFENDANTS/THIRD-PARTY PLAINTIFFS, CP SERVICE STATION OPERATING CORP. and TARTAN OIL CORP., AND THIRD-PARTY DEFENDANT/FOURTH-PARTY PLAINTIFF, NORTHVILLE INDUSTRIES CORP., AND (2) ALL FOURTH-PARTY CLAIMS BETWEEN NORTHVILLE INDUSTRIES CORP. AND LEON PETROLEUM, LLC. AND LEON HOLDINGS, LLC.

Pursuant to Federal Rule of Civil Procedure 41 (a)(2), the Defendants/Third-Party Plaintiffs, C.P. Service Station Operating Corp. and Tartan Oil Corp. (together, the "Tartan Defendants"), the Third-Party Defendant/Fourth-Party Plaintiff, Northville Industries Corp. ("Northville"), and fourth-party defendants Leon Petroleum, LLC. and Leon Holdings, LLC. (the "Leon entities"), in the above-captioned actions ("These Actions"), respectfully request that the Court enter this voluntary dismissal, without prejudice and with full reservation of rights, with respect to all non-dismissed claims asserted by and among the Tartan Defendants and Northville and the Leon entities in These Actions, for such parties to re-file, in state court, such claims and new claims against one another, if any, relating to the underlying dispute between the parties which could

timely have been brought in These Actions, as set forth below, predicated on the following stipulated points:

1. Northville and the Tartan Defendants have agreed to a global settlement with the Plaintiff Water Districts in These Actions (the "Settlement") with each contributing a certain monetary amount of the total settlement amount pursuant to (A) a full reservation of Northville's and the Tartan Defendants' rights to litigate, in an action to be commenced in the Supreme Court of the State of New York, County of Nassau, (1) the third-party claims in These Actions which have not been dismissed by this Court, and (2) any claim by either party against the other for recoupment or reimbursement, in whole or in part, of the amount of said party's contribution to the global settlement of These Actions, (B) a full reservation of Northville's right to assert, in the State Court Action, the claims and defenses which are or could have timely been asserted against the Tartan Defendants and Leon entities in These Actions, and any claim against said parties for recoupment or reimbursement, in whole or in part, of the amount of Northville's contribution to the global Settlement, and (C) a full reservation of the right of the Leon entities to assert the claims and defenses against Northville which relate to the underlying dispute, and could timely have been asserted, in These Actions.

2. The fact that Northville and the Tartan Defendants contributed to the Settlement with Plaintiffs, and the allocation by and among Northville and the Tartan Defendants in contribution to the Settlement, shall be without prejudice to the rights of either of said parties to assert the above referenced claims in the State Court Action, and seek reimbursement, in whole or in part, of the amount of said party's contribution to the Settlement, from the other and/or from the Leon entities, based upon their proportionate

share(s) of responsibility, if any, to be determined in the State Court Action. The fact that Northville and the Tartan Defendants contributed any amount(s) to the Settlement with Plaintiffs, and the allocated amounts contributed by Northville and the Tartan Defendants to the Settlement (a) shall not constitute or operate as an admission of liability, by any party to this Stipulation, either with respect to any Plaintiff's claims, the third-party claims or the fourth-party claims in These Actions, (b) shall not constitute or operate as an admission, by any party to this Stipulation, that any Plaintiff sustained any damages alleged in These Actions or that any party to this Stipulation caused or contributed to any damages alleged by Plaintiffs, and (c) shall not be used by any party to this Stipulation as indicia or evidence of allocable shares of liability, if any, in the State Court Action, or of liability as to any claims brought in the State Court Action. Northville, the Tartan Defendants and the Leon entities expressly deny any and all liability, both to Plaintiffs and to one another, associated with the These Actions, and expressly deny that Plaintiffs sustained any damages alleged in These Actions. The Settlement is made without waiver or release and subject to a full reservation of all rights in any forthcoming re-filed claims in state court that were or could have been asserted in These Actions.

3. Not more than one hundred twenty (120) days after the date on which the executed Stipulation has been so-ordered by the Court, the Tartan Defendants and Leon entities may initiate the State Court Action in the Supreme Court of the State of New York, County of Nassau, by filing and serving a Summons and Verified Complaint on Northville in which the Tartan Defendants and Leon entities may assert claims against Northville that are or could timely be asserted in These Actions, which have not been

dismissed by this Court, together with any and all claims that the Tartan Defendants and Leon entities may have against Northville for reimbursement or recoupment, in whole or in part, of the amount of the Tartan Defendants' contribution to the Settlement. In the forthcoming re-filed State Court Action, Northville may also assert any claims against the Tartan Defendants and the Leon entities that are or could timely be asserted in These Actions, together with any and all claims that Northville may have against the Tartan Defendants and the Leon entities for reimbursement or recoupment, in whole or in part, of the amount of Northville's contribution to the Settlement. This Stipulation and Order shall not prohibit Northville from asserting any available defenses to any claims brought by the Tartan Defendants and/or the Leon entities in the State Court Action.

4. For this limited purpose only, Northville and Northville's undersigned counsel, Herzfeld & Rubin, P.C., agree that Herzfeld & Rubin, P.C. shall accept service of the Summons and Verified Complaint in the forthcoming State Court Action on behalf of Northville, via Federal Express or similar delivery (the "Delivery"), and said service shall be deemed by Northville to be effectuated in said State Court Action upon such Delivery to Herzfeld & Rubin, P.C. This provision shall not be construed as constituting or giving rise to any agency relationship between Northville and Herzfeld & Rubin, P.C. with respect to receipt of legal process or any other purpose.

5. Subject to the conditions set forth herein, this Stipulation is entered into between Northville, the Tartan Defendants and the Leon entities without waiver or release and subject to a full reservation of all rights in any forthcoming claims in the State Court Action regarding claims that were or could have been asserted in These Actions as of the date that this Stipulation is so-ordered by the Court.

6. For purposes of the application of any Statute of Limitations to any of the claims asserted by the Tartan Defendants in any forthcoming State Court Action that were also asserted by the Tartan Defendants as third-party claims in the These Actions, the date on which the Tartan Defendants shall be deemed to have brought each such claim in the State Court Action shall be the date on which the Tartan Defendants brought each such third-party claim against Northville in These Actions. As such, in connection with such non-dismissed re-filed claims in state court, Northville shall not assert any affirmative defenses of Statute of Limitations that it could not have asserted based upon the time in which the third-party claims in These Actions were filed in this Court. For Statute of Limitations purposes, any claim by the Leon entities in the State Court Action, relating to the underlying dispute between the parties which could have been brought in These Actions, will be deemed timely if such claim would have been timely as of the date this Stipulation is so-ordered by the Court.

7. Should the Tartan Defendants and/or the Leon entities fail to timely file the State Court Action within the time set forth at paragraph 3 herein, Northville may, in its discretion, initiate an action against the Tartan Defendants and/or the Leon entities, based upon claims permitted under this Stipulation, in the Supreme Court of the State of New York, County of Nassau. Any claim asserted by Northville against the Tartan Defendants in the State Court Action will be deemed timely, for Statute of Limitations purposes, if said claim would be timely as of the date this Stipulation is so-ordered by the Court. As to any claim against the Leon entities in the State Court Action that was also asserted as a fourth-party claim in These Actions, for Statute of Limitations purposes such claim will be deemed commenced as of the date in which said fourth-party claim was brought

against the Leon entities in These Actions. Any claim against the Leon entities in the State Court Action that was not, but could have been, asserted in These Actions, will be deemed timely, for Statute of Limitations purposes, if such claim would have been timely as of the date this Stipulation is so-ordered by the Court.

8. With respect to such a state court action commenced by Northville, the Tartan Defendants, the Leon entities and their undersigned counsel, DL Rothberg & Associates, P.C., agree that DL Rothberg & Associates, P.C. shall accept service of the state court Summons and Complaint on behalf of the Tartan Defendants and Leon entities, for this limited purpose only, via Federal Express or similar delivery (the "Delivery"), and said service shall be deemed by the Tartan Defendants and Leon entities to be effectuated upon such Delivery to DL Rothberg & Associates, P.C. This provision shall not be construed as constituting or giving rise to any agency relationship between DL Rothberg & Associates, P.C. and either the Tartan Defendants or the Leon entities with respect to receipt of legal process or any other purpose.

9. The discovery conducted in These Actions shall apply to, and may be utilized in, the State Court Action, and is without waiver of the parties' rights to pursue such other, additional or different discovery as permitted under the New York Civil Practice Law and Rules.

10. This Stipulation is inapplicable to, and shall exclude the Nassau County New York Supreme Court state action entitled *West Hempstead Water District v. Buckeye Partners et al.; Index No.: 007022/2010.*

11. The undersigned counsel represent that they have full and complete authority to enter into this Stipulation on behalf of the parties herein and to bind said parties to the terms of this Stipulation.

Dated: New York, New York
      Feb 23, 2011

Dated: New York, New York
      February 15, 2012

**DL ROTHBERG & ASSOCIATES, P.C.**

By: _____
Debra L. Rothberg
1065 Avenue of the Americas, 19th Floor
New York, NY 10018
(212) 714-1212
*Attorneys for CP Service Station
Operating Corp., Tartan Oil Corp.,
Leon Petroleum, LLC and Leon Holdings, LLC.*

**HERZFELD & RUBIN, P.C.**

By: _____
Michael B. Gallub
125 Broad Street
New York, NY 10004
(212) 471-8536
*Attorneys for Northville Industries Corp.*

**SO ORDERED:**

_____
Hon. Shira A. Scheindlin
United State District Judge

Dated: _____