

**WEITZ & LUXENBERG**
A PROFESSIONAL CORPORATION
• LAW OFFICES •

700 BROADWAY   •   NEW YORK, NY 10003
TEL. 212-558-5500         FAX 212-344-5461
WWW.WEITZLUX.COM

April 25, 2012

**VIA HAND DELIVERY**
**& ELECTRONIC MAIL**

The Honorable Shira A. Scheindlin
United States District Court
Southern District of New York
Daniel Patrick Moynihan
500 Pearl Street
New York, New York 10007-1312

Re:   MDL 1358 / MTBE – May 2, 2012 Status Conference

Dear Judge Scheindlin:

     Plaintiffs respectfully submit this letter in advance of the May 2, 2012 Status Conference.

1. **Role of Liaison Counsel in Document Production Format Agreement**

     Upon the request of Defendants' Liaison Counsel and pursuant to subsequent agreement, Plaintiffs have produced documents in the following format: multi-page OCR text files with file names which match the first bates number of the document; any objective field data contained in a delimited text field; and Summation DII, IPRO, or Concordance Opticon image load files which includes all document breaks. *See* Letter from S. Riccardulli to A. Dias, dated June 23, 2010 at 1 (attached as Exhibit A).

     For example, Defendant HOVENSA made two document productions on January 6, 2012 and February 17, 2012 in response to Plaintiffs' First Request for Production of Documents To Defendants served on February 11, 2010. However, HOVENSA, on February 9, 2012, refused to produce documents in the format that Plaintiffs and Defendants' Liaison Counsel have agreed on. *See* Email from W. Cleveland to N. Short, dated February 9, 2012 (attached as Exhibit B).

Honorable Shira A. Scheindlin
April 25, 2012
Page 2

Other Defendants similarly are not acting according to the agreement between Plaintiffs and Defendants' Liaison Counsel.

Again, using HOVENSA as an example, Plaintiffs contacted Defendants' Liaison Counsel on February 20, 2012 regarding HOVENSA's refusal to produce documents in the agreed upon format and later met-and-conferred on February 28, 2012. *See* Email from N. Short to S. Riccardulli, dated February 20, 2012 (attached as Exhibit C). Defendants' Liaison Counsel, Stephen Riccardulli and Michael Dillon, agreed to contact counsel for HOVENSA and HOVIC to rectify their refusal to produce documents in the mutually agreed upon format. Plaintiffs again contacted Defendants' Liaison Counsel on March 2, 2012 regarding this but have received no response. *See* Email from N. Short to S. Riccardulli, dated March 2, 2012 (attached as Exhibit D).

To date, Plaintiffs generally have not been supplied with properly formatted productions of documents from Defendants. Plaintiffs request that this Court order all Defendants to produce documents in the above-described format Plaintiffs and Defendants' Liaison Counsel have agreed on.

2. <u>Mutual Exchange of ESI Search Phrases to Reduce Disputes as to Effective Searches</u>

During a meet-and-confer on February 15, 2012, Defendants' Liaison Counsel requested that Plaintiffs produce the ESI Search Phrases that were being utilized to process ESI and to identify potentially responsive documents. Plaintiffs offered to produce same and requested that Liaison Counsel obtain the same from all Defendants in this litigation.

On February 17, 2012, Plaintiffs again offered to produce their ESI Search Phrases and again requested that Defendants' Liaison Counsel provide the same. *See* Email from N. Short to S. Riccardulli, dated February 17, 2012 (attached as Exhibit E).

To date, Plaintiffs have not received any response from Defendants' Liaison Counsel regarding this. Plaintiffs request that this Court order all Defendants to produced ESI Search Phrases that were utilized to process ESI and to identify potentially responsive documents.

Respectfully submitted,

*/s/ Curt D. Marshall*

Curt D. Marshall
Weitz & Luxenberg, P.C.
700 Broadway
New York, New York 10003

cc: All Counsel of Record (electronic mail)

# McDermott Will & Emery



Boston  Brussels  Chicago  Düsseldorf  Houston  London  Los Angeles  Miami  Milan
Munich  New York  Orange County  Rome  San Diego  Silicon Valley  Washington, D.C.

Strategic alliance with MWE China Law Offices (Shanghai)

Stephen J. Riccardulli
Attorney at Law
sriccardulli@mwe.com
+1 212 547 5579

June 23, 2010

VIA ELECTRONIC MAIL AND LNFS

Aaron Dias, Esq.
Richardson, Patrick, Westbrook & Brickman, LLC
1037 Chuck Dawley Boulevard, Bldg. A
Mount Pleasant, South Carolina  29464

Re:  <u>Commonwealth of Puerto Rico, et al. v. Shell Oil Co., et al.; No.07 Civ. 10470</u>
     *Plaintiffs Responses to Defendants' Second Set of Interrogatories*

Dear Aaron:

We write to follow up on plaintiffs' May 28, 2010 Responses (the "Responses") to Defendants' Second Set of Interrogatories and Document Requests to Plaintiffs (the "Second Requests"). Specifically, we write to address what defendants believe are a non-exhaustive list of issues and/or inadequacies with your Responses.

First, defendants request that no later than July 14, 2010, the Commonwealth provide us with a replacement set of DVD/CDs, previously produced on April 7th and June 2nd, 2010 in response to the First and Second Requests respectively, which would include OCR and load files, following the same format requested of defendants by the Commonwealth.[1] In the set that we received, neither OCR nor load files were included. Specifically, the discs contains multi-page .pdf documents, some of which contain embedded Word documents. Further, the names of the .pdf files do not match the Bates numbers which have been endorsed on the document pages. In order to load digital images of documents into review software, the names of the individual files must match the Bates numbers endorsed on the documents. Accordingly, please produce replacement discs in the following format: single page "tiff" images with file names which match the bates number; multi page OCR text files with file names which match the first bates number of the document; any objective field data contained in a delimited text file; and Summation DII, IPRO, or Concordance Opticon image load files which includes all document breaks.

Second, a point of clarification. In the Responses, plaintiffs repeatedly incant that numerous responsive documents and/or data were "previously provided to Defendants," with

---

[1] *See, e.g., January 26, 2009 T. Gressette Ltr. To L. Handel*, attaching plaintiffs' preferred format for digital images.

Aaron Dias, Esq.
June 23, 2010
Page 2

little more detail.  (*See, e.g.,* Responses to Interrogatory Nos. 3, 9, 10, 13, 18, 39).  However, as of defendants' February 24, 2010 service of their Second Requests, plaintiffs had made a single production to defendants on November 14, 2008.  Indeed, many of defendants' Second Requests were tailored to address information gaps that plaintiffs' first production had not satisfied.  Following defendants' issuance of the Second Requests, plaintiffs requested and received no fewer than two extensions of time to answer defendants' discovery.  Then, on April 7, 2010, prior to the service of plaintiffs' written responses to the Second Requests and during the extension period, plaintiffs produced eight (8) DVD's of information that plaintiffs purport to have relied upon to generate a list of "release" and "receptor" sites from which "focus sites" for trial might ostensibly be drawn.  Finally, on May 28, 2010, three months from the date of service of the Second Requests, plaintiffs served their Responses, and mailed a disc containing responsive materials, which disc was received by defendants on June 2, 2010.

Plaintiffs' many references to their "prior production" of responsive data in their responses to the Second Requests, then, could only refer to the November, 2008 production, or the April, 2010 production.[2]  However, plaintiffs' vague Interrogatory Responses do not typically identify for defendants which production that contains responsive information, or provide any semblance of a proper Fed. R. Civ. P. 33(d) response by denoting within that production a bates range or prefix, file identification, station number or any other designation that might indicate how and from where defendants might derive plaintiffs' answer(s).  Indeed, plaintiffs have not even provided their data with accompanying OCR text, or some other mechanism by which defendants might search for plaintiffs' answer(s) via keywords,[3] which stands in stark contrast to the data format plaintiffs request of defendants' productions.  Simply put, plaintiffs cannot simply intone "you already have it" or, as is the case in their Responses to defendants' Document Requests, recite the bates ranges for virtually plaintiffs' entire prior productions (*see, e.g.*, Responses to Document Request Nos. 1, 5).  More specificity is required.

Third, certain of plaintiffs' Responses appear to ignore the temporal bounds of the suit they have brought, which reaches back to 1979.  For example, in response to Interrogatory No. 2, plaintiffs allude only to their *current* consideration of a "review of its criteria and standards for the UST program that may include MTBE."  Does this mean that there was *no* prior consideration of an MCL for MTBE in Puerto Rico?  Accordingly, defendants request that

---

[2] Given that plaintiffs had not made their second production of data to defendants prior to the date of service of the Second Requests, plaintiffs' general objection No. 7 to defendants' document requests is disingenuous at best – defendants are hardly asking plaintiffs to "reproduce" files.  Nor are defendants' Requests duplicative.  To this end, defendants further note that the fact that responsive information might be "publicly available" – a frequent objection by plaintiffs – does not mean that plaintiffs do not have to respond, or provide what public data *they* possess.  (*See, e.g.* Responses to Document Request Nos. 3,5, 20, 22, 23, 29, 30, 33, 35, 36; *see also* Responses to Interrogatory Nos. 1, 4 and 5)**.**  Indeed, where plaintiffs' "early knowledge" is at issue in this litigation for a number of reasons, plaintiffs may not dismiss a discovery request by vaguely asserting that "the information is publicly available" or by providing only a link to a government site, with no more specificity.
[3] By way of example, plaintiffs' November 14, 2008 data production consisted of 1,503 "documents", which were, in fact, .pdf images of hundreds of scanned pages of intermingled documents, with no document breaks or OCR text provided.

Aaron Dias, Esq.
June 23, 2010
Page 3

plaintiffs confirm that notwithstanding their Responses to Interrogatory Nos. 2, 4, 5, 18, 21, 22, and 23, plaintiffs possess no information responsive to these Requests other than what they have disclosed.[4]

Fourth, in response to Interrogatory No. 18, which seeks the identification of reports prepared for or on behalf of plaintiffs, plaintiffs refer Defendants to their Response to Interrogatory No. 10, which refers to communications by plaintiffs to the EPA. Clearly, the subjects of the Interrogatories are expressly different. Further, plaintiffs' response is seemingly at odds with their Response to Interrogatory No. 1(i) from Defendants' First Interrogatories and Document Requests to Plaintiffs, wherein plaintiffs identified several labs and consultants retained by the "EQB, DOH and PRASA" to perform water sampling/testing for MTBE. Plaintiffs' Response to Interrogatory No. 23 appears to suffer from the same infirmity, as plaintiffs' Response seems to ignore its own admission that others, apart from PRASA, evaluated water from the Commonwealth on plaintiffs' behalf. Please confirm that plaintiffs have provided defendants *all* information responsive to these Requests in their possession, custody or control.

Fifth, in response to Interrogatory No. 28, plaintiffs fail to state EQB's dates of membership with the Association of State and Interstate Water Pollution Control Administrators. Please provide defendants with this information.

Sixth, in response to Interrogatory Nos. 41-45, which are aimed at ascertaining the bases for plaintiffs' natural resource damage ("NRD") claims, and the amounts attributable to these claims, plaintiffs provide little or no answer, other than to refer defendants to their complaint. Such Responses hardly answer defendants' valid discovery. Accordingly, defendants request that plaintiffs meet and confer with defendants regarding the NRD Requests, to determine if the parties can work through this impasse. Absent such a discussion, defendants will be forced to move to compel proper responses.

Seventh, in light of plaintiffs' General Objection No. 9 to defendants' Interrogatories, and General Objection No. 2 to defendants' Document Requests, please confirm that (a) no information or documents have been withheld on grounds that they contain confidential information or (b) because they implicate "privacy interests of third parties."

Eighth, please confirm that in preparation of their Responses, plaintiffs searched for information from all Covered Persons, including, but not limited to, the Puerto Rico Department of Natural and Environmental Resources ("DNER").

---

[4] With respect to Interrogatory No. 22, defendants point out that the work-product doctrine, if applicable, only protects modeling conducted in anticipation of the instant litigation, not any and all modeling done prior to this action. Accordingly, defendants request a clarification of plaintiffs' Response, and trust that *wherever* Plaintiffs have asserted either work product protection or a privilege (*see, e.g.*, Interrogatory Nos. 2, 13, 27, 40; Document Request Nos. 10, 11, 22, 23), defendants will receive a privilege log reflecting the same, to the extent one has not yet been provided.

Aaron Dias, Esq.
June 23, 2010
Page 4

      Finally, given the shear volume of the documents produced by plaintiffs and the manner in which they have been produced, defendants are continuing to assess the sufficiency of plaintiffs' responses to the Second Request for Documents. However, as an initial note, it seems unlikely that plaintiffs have *no* internal documents, policies, guidelines, etc. which might be used to prioritize environmental investigation, to provide oversight in the management of environmental remediation, or to assess oversight and permit fees, (Document Request Nos. 29, 30, 31) other than publicly available UST Regulations, plaintiffs' general reference to individual site specific UST case files, comprising some 428,443 pages, and the Federal Energy Policy Act. Please confirm that plaintiffs have provided defendants *all* documents responsive to Document Request Nos. 29, 30 and 31 in their possession, custody or control.

      Sincerely,

      *Stephen J. Riccardulli*

      Stephen J. Riccardulli

|  |  |
|---:|:---|
| From: | Nathan Short <npshort@lojkd.com> |
| Subject: | **PR MTBE: Continued Meet-and-Confer** |
| Date: | February 17, 2012 4:43:49 PM EST |
| To: | "Riccardulli, Stephen" <sriccardulli@mwe.com> |
| Cc: | Jack Dema <jdema@lojkd.com>, Aaron Dias <adias@rpwb.com>, Mike Axline <maxline@toxictorts.org>, Michael Dillon <MDillon@mwe.com> |

Dear Stephen,

I write in response to our meet-and-confer that occurred this past Wednesday, February 15, 2012 at 2:00 PM.

1.) The parties mutually agreed to continue the meet-and-confer process. Are you available to speak again Thursday, February 23, 2012 at 10:00amEST?

2.) Regarding the sampling events we discussed, the selection of sites to be sampled was a decision made by outside counsel. However, the sampling was conducted under the regulatory authority of the Commonwealth. Furthermore, the correspondence between Attorney Blanche Gonzalez and Miguel Maldonado is privileged as attorney-client communication and will be noted on a forth coming privilege log. Without waiving this privilege, the correspondence was limited to assuring the presence of appropriate EQB persons for the sampling.

3.) As requested by liaison counsel and prior to the continuation of the meet-and-confer process, plaintiffs will provide in good faith the keywords being used in conjunction with processing and review of ESI in order to avoid future discovery disputes. As such, in the same spirit of cooperation and in order to prevent future discovery disputes, we request that the sharing of keywords be mutual. Please provide the keywords the listed defendants are using in their ESI processing and review of ESI documents.

4.) We have agreed to further discuss broadly worded interrogatories and document requests served on plaintiffs. The following are identified as examples of interrogatories too broadly worded to allow for a narrative response:
-Defendants First Set of Interrogatories and Document Requests - Interrogatory Nos. 14 and 15; and Document Request Nos. 4, 5, 9, and 10;
-Defendants Second Set of Interrogatories and Document Requests - Document Request Nos. 9, 13, 16, and 37;

5.) We also have agreed to continue discussing an appropriate process and a time schedule for the defendants to obtain additional PRASA documents based on your review of exemplar PRASA documents formerly obtained.

6.) Defendants further agreed to discuss compliance with FRCP 34 as it pertains to categorization of document productions. FRCP(b)(2)(E)(i) states "A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." Since your production does not fall within the "kept in the usual course of business" exception, please provide guidance regarding the standards adhered to in your production considering the lack of organization and/or labeling to correspond to the categories in the request versus the complaints you have offered on the plaintiffs answers and productions.

7.) As agreed, plaintiffs will produce or verify the existence of documents identified by defendants in previous depositions next week.

Regards,

Nathan Short
Law Offices of John K. Dema, P.C.
11300 Rockville Pike, Suite 112
Rockville, Maryland 20852
Mobile (347) 525-8444

This communication may be attorney-client privileged or otherwise confidential.  If you are not the intended recipient, please delete this message and notify the sender of this error.  Thank you.

|  |  |
|---|---|
| From: | Nathan Short <npshort@lojkd.com> |
| Subject: | **PR MTBE: Meet-And-Confer Items** |
| Date: | March 2, 2012 12:59:42 PM EST |
| To: | Stephen Riccardulli <sriccardulli@mwe.com>, Michael Dillon <MDillon@mwe.com> |
| Cc: | Jack Dema <jdema@lojkd.com>, Scott Kauff <skauff@lojkd.com>, Mike Axline <maxline@toxictorts.org>, Don Mooney <dmooney@toxictorts.org>, Aaron Dias <adias@rpwb.com> |

Dear Stephen and Michael,

As was promised during our meet-and-confer on February 28th, 2012, we met with PRASA regarding scanning additional relevant documents. They would entertain dates and suggest you propose several from which they might choose based on custodian availability. Further, there remains the issue of how you are planning to designate files in advance. Also, the "Dead File Building" you inquired about is an Archive Building. We will obtain the document request form used to obtain records stored there and forward this to you for your execution and return.

We have been unable to identify any venders that could aid you in scanning documents.

Please advise of your contact with counsel for HOVIC and HOVENSA regarding reproducing documents in the format liaison counsel and plaintiffs have agreed upon.

Also, please advise of your contact with the Defendant Group regarding the production of keywords used for ESI identification and processing.

Regards,

Nathan Short
Law Offices of John K. Dema, P.C.
11300 Rockville Pike, Suite 112
Rockville, Maryland 20852
Mobile (347) 525-8444

This communication may be attorney-client privileged or otherwise confidential. If you are not the intended recipient, please delete this message and notify the sender of this error. Thank you.

| | |
|---|---|
| From: | Nathan Short <npshort@lojkd.com> |
| Subject: | **Re: PR MTBE: Continued Meet-and-Confer** |
| Date: | February 20, 2012 6:50:41 PM EST |
| To: | Nathan Short <npshort@lojkd.com> |
| Cc: | "Riccardulli, Stephen" <sriccardulli@mwe.com>, Jack Dema <jdema@lojkd.com>, Aaron Dias <adias@rpwb.com>, Mike Axline <maxline@toxictorts.org>, Michael Dillon <MDillon@mwe.com> |

▶ 2 Attachments, 182 KB

Dear Stephen,

We have not yet heard back regarding your availability for a continuation of the meet-and-confer. We suggested 10:00 AM on Thursday, February 23, 2012. Please let us know if you are available at that time.

Also, it is apparent that liaison counsel is not coordinating the productions of documents from the listed defendants. Counsel for HOVIC and HOVENSA has refused to produce documents in the format agreed upon with liaison counsel. *See Email from W. Cleveland to N. Short* (Feb. 9, 2012) (attached); *See also Ltr. from S. Riccardulli to A. Dias* (June 23, 201) (liaison requested that documents be produced in the following format: "single page "tiff" images with file names which match the bates number; multi page OCR text files with file names which match the first bates number of the document; any objective field data contained in a delimited text field; and Summation DII, IPRO, or Concordance Opticon image load files which includes all document breaks.") (attached).

Please advise why liaison counsel is not coordinating the production of defendants in the same format requested by liaison counsel of plaintiffs.

Regards,

Nathan


On Fri, Feb 17, 2012 at 4:43 PM, Nathan Short <npshort@lojkd.com> wrote:
> Dear Stephen,
>
> I write in response to our meet-and-confer that occurred this past
> Wednesday, February 15, 2012 at 2:00 PM.
>
> 1.) The parties mutually agreed to continue the meet-and-confer
> process. Are you available to speak again Thursday, February 23, 2012
> at 10:00amEST?
>
> 2.) Regarding the sampling events we discussed, the selection of sites
> to be sampled was a decision made by outside counsel. However, the
> sampling was conducted under the regulatory authority of the
> Commonwealth. Furthermore, the correspondence between Attorney
> Blanche Gonzalez and Miguel Maldonado is privileged as attorney-client
> communication and will be noted on a forth coming privilege log.
> Without waiving this privilege, the correspondence was limited to
> assuring the presence of appropriate EQB persons for the sampling.
>
> 3.) As requested by liaison counsel and prior to the continuation of
> the meet-and-confer process, plaintiffs will provide in good faith the
> keywords being used in conjunction with processing and review of ESI
> in order to avoid future discovery disputes. As such, in the same
> spirit of cooperation and in order to prevent future discovery
> disputes, we request that the sharing of keywords be mutual. Please
> provide the keywords the listed defendants are using in their ESI
> processing and review of ESI documents.
>
> 4.) We have agreed to further discuss broadly worded interrogatories
> and document requests served on plaintiffs. The following are
> identified as examples of interrogatories too broadly worded to allow
> for a narrative response:
> -Defendants First Set of Interrogatories and Document Requests -
> Interrogatory Nos. 14 and 15; and Document Request Nos. 4, 5, 9, and
> 10;
> -Defendants Second Set of Interrogatories and Document Requests -
> Document Request Nos. 9, 13, 16, and 37;
>
> 5.) We also have agreed to continue discussing an appropriate process
> and a time schedule for the defendants to obtain additional PRASA
> documents based on your review of exemplar PRASA documents formerly
> obtained.
>

> 6.) Defendants further agreed to discuss compliance with FRCP 34 as it
> pertains to categorization of document productions.  FRCP(b)(2)(E)(i)
> states "A party must produce documents as they are kept in the usual
> course of business or must organize and label them to correspond to
> the categories in the request."  Since your production does not fall
> within the "kept in the usual course of business" exception, please
> provide guidance regarding the standards adhered to in your production
> considering the lack of organization and/or labeling to correspond to
> the categories in the request versus the complaints you have offered
> on the plaintiffs answers and productions.
>
> 7.)  As agreed, plaintiffs will produce or verify the existence of
> documents identified by defendants in previous depositions next week.
>
> Regards,
>
> Nathan Short
> Law Offices of John K. Dema, P.C.
> 11300 Rockville Pike, Suite 112
> Rockville, Maryland 20852
> Mobile (347) 525-8444
>
> This communication may be attorney-client privileged or otherwise
> confidential.  If you are not the intended recipient, please delete
> this message and notify the sender of this error.  Thank you.


--
Nathan Short
Law Offices of John K. Dema, P.C.
11300 Rockville Pike, Suite 112
Rockville, Maryland 20852
Mobile (347) 525-8444

This communication may be attorney-client privileged or otherwise confidential.  If you are not the intended recipient, please delete this message and notify the sender of this error.  Thank you.

[Email W. Cle....pdf (90.8 KB)](#) [Dias from Ri...pdf (91.5 KB)](#)

**From:** <william.cleveland@bakerbotts.com>
**Subject:** **RE: PR MTBE: Production Format**
**Date:** February 9, 2012 5:49:31 PM EST
**To:** <npshort@lojkd.com>
**Cc:** <christopher.danley@bakerbotts.com>

Nathan,

Thank you for your email.  The documents produced to you on January 6, 2012 were pdf scans of hard copy documents that we pulled from our client's files.  Likewise, we will be producing a second set of documents that are also pdf scans of hard copies of our client's files.  Absent a required protocol, HOVIC and HOVENSA have previously objected to producing these documents in the requested format.  See General Objection #10.

Please let me know if you have further questions.

Best,
Will

---

**From:** npshort@gmail.com [mailto:npshort@gmail.com] **On Behalf Of** Nathan Short
**Sent:** Wednesday, February 08, 2012 12:27 PM
**To:** Cleveland, Will
**Cc:** Scott Kauff; Aaron Dias
**Subject:** Re: PR MTBE: Production Format

Hi Will,

I have not heard back from you regarding producing documents in the agreed upon format for discovery in this action.

Please advise on your status.

Thanks,

Nathan

On Tue, Jan 24, 2012 at 10:51 AM, Nathan Short <npshort@lojkd.com> wrote:
> Will,
>
> Please see attached.  If you have any questions feel free to contact me.
>
> Best,
>
> Nathan
>
> On Tue, Jan 24, 2012 at 10:25 AM, <william.cleveland@bakerbotts.com> wrote:
>> Nathan,
>>
>> Thanks for your email. My apologies, but as I'm relatively new to this matter, is there a document production protocol between the Defendants and Plaintiffs that specifies the manner of production?  If so, could you please send me a copy so that all subsequent productions conform?
>>
>> Thanks,
>> Will
>>
>>> **From:** npshort@gmail.com [mailto:npshort@gmail.com] **On Behalf Of** Nathan Short
>>> **Sent:** Tuesday, January 24, 2012 10:02 AM
>>> **To:** Cleveland, Will
>>> **Cc:** Scott Kauff; Aaron Dias; Mike Axline
>>>
>>> **Subject:** PR MTBE: Production Format
>>>
>>> Hi Will,
>>>
>>> I write regarding your January 6, 2012 letter that was accompanied by a CD containing documents responsive to Plaintiffs' discovery requests, bates stamped HOVENSA_000001 through HOVENSA_000885.  Unfortunately, the files contained neither OCR nor accompanying load files.  Kindly produce a replacement disc in the following format: single page "tiff" images with OCR and load file.

> If you have any questions, please do not hesitate to contact me.
>
> Sincerely,
>
> Nathan Short
> Law Offices of John K. Dema, P.C.
> 11300 Rockville Pike, Suite 112
> Rockville, Maryland 20852
> Mobile (347) 525-8444
>
> This communication may be attorney-client privileged or otherwise confidential.  If you are not the intended recipient, please delete this message and notify the sender of this error.  Thank you.
>
> **Confidentiality Notice:** The information contained in this email and any attachments is intended only for the recipient[s] listed above and may be privileged and confidential. Any dissemination, copying, or use of or reliance upon such information by or to anyone other than the recipient[s] listed above is prohibited. If you have received this message in error, please notify the sender immediately at the email address above and destroy any and all copies of this message.

--
Nathan Short
Law Offices of John K. Dema, P.C.
11300 Rockville Pike, Suite 112
Rockville, Maryland 20852
Mobile (347) 525-8444

This communication may be attorney-client privileged or otherwise confidential.  If you are not the intended recipient, please delete this message and notify the sender of this error.  Thank you.


--
Nathan Short
Law Offices of John K. Dema, P.C.
11300 Rockville Pike, Suite 112
Rockville, Maryland 20852
Mobile (347) 525-8444

This communication may be attorney-client privileged or otherwise confidential.  If you are not the intended recipient, please delete this message and notify the sender of this error.  Thank you.