# McDermott
# Will&Emery

Boston  Brussels  Chicago  Dusseldorf  London  Los Angeles  Miami  Munich
New York  Orange County  Rome  San Diego  Silicon Valley  Washington, D C

Peter J. Sacripanti
Attorney at Law
psacripanti@mwe.com
212.547.5583

April 25, 2012

## BY ELECTRONIC MAIL AND HAND DELIVERY

The Honorable Shira A. Scheindlin
United States District Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 1620
New York, New York 10007-1312

> Re:   Master File C.A. No. 1:00-1898 (SAS), M21-88, MDL No. 1358
> *Defendants' Pre-Conference Letter for May 2, 2012 Status Conference*

Dear Judge Scheindlin:

Defendants respectfully submit this letter for the May 2, 2012 status conference.[1]

## DEFENDANTS' AGENDA ITEMS

## I.   NJDEP's Delineation of the Tamcrest Trial Site

As required by the Court's orders, Defendants designated certain sites for purposes of limited discovery and then as trial sites. One of those sites is the former Tamcrest Country Club. This site is identified by the NJDEP as Site ID No. 59237. Plaintiffs produced delineations for Defendants' trial sites on June 6, 2011. However, Plaintiffs appear to have incorrectly delineated the Tamcrest site – producing, instead, a delineation for the Montammy Golf Club (Site ID # 53738). The former Tamcrest Country Club is not captured at all on this delineation.

Defendants first communicated this issue to Plaintiffs and requested a revised delineation on September 15, 2011. *See Letter from M. Spears to S. Kauff* (Sept. 15, 2011) (Ex. A). Plaintiffs did not respond to that letter. Nor did Plaintiffs correct this delineation on January 16, 2012, when they had the opportunity to revise their delineation for all trial sites. Defendants inquired again about this issue on April 13, 2012, but still have not received any response.

We regret burdening the Court with this issue, but Plaintiffs' refusal to respond leaves us no choice. This issue must be resolved promptly because it impacts Defendants' ability to

---

[1] Defendants respectfully request a short extension of the Court's page limitation.

U S  practice conducted through McDermott Will & Emery LLP

**340 Madison Avenue New York New York 10173  Telephone: 212.547.5400  Facsimile: 212.547.5444  www.mwe.com**

The Honorable Shira A. Scheindlin
April 25, 2012
Page 2

complete fact and expert discovery by the Court's deadlines. Because defendants must know what area Plaintiffs claim is at issue with respect to the former Tamcrest Country Club site, we ask that the Court order production of a correct delineation by no later than May 11, 2012. In addition, Defendants request that the Court instruct Plaintiffs to expedite responses to any site-specific discovery Defendants may need to serve after receiving the new delineation. Finally, Defendants reserve their rights with respect to the naming of third parties, if any, within Plaintiffs' corrected delineation.

## II.     Puerto Rico Plaintiff's Failure to Delineate its Trial Sites

As the Court is aware, Plaintiff was required to produce discovery concerning "Focus Sites" in 2011, including site delineations for each of the parties' focus sites. *See* May 23, 2011 Order. At Plaintiff's request, Defendants agreed that Plaintiff could stage its production of this information. Specifically, we agreed that Plaintiff could (1) limit its initial production of Focus Site information, including site delineations, to only Defendants' Focus Sites, and (2) produce discovery responses (including site delineations) for Plaintiff's 10 Trial Sites within 30 days of Plaintiff's designation of those sites. *S. Riccardulli E-Mail to A. Dias* (June 13, 2011) (Ex. B).

Notwithstanding the Court's order, the parties' agreement, and our granting Plaintiff a second extension of time to produce this discovery, Plaintiff now refuses to provide delineations for any of its ten Trial Sites. Plaintiff's responses state that such "boundaries will be determined in expert reports." *See e.g., Plaintiffs' Responses to Defendants' First Set of Interrogatories and Requests for Production of Documents Regarding Plaintiffs' Trial Site – Esso 20-448*, at pg. 4 (relevant pages attached at Ex. C). This is just the latest example of Plaintiff's discovery gamesmanship in this case. As this Court knows from the NJDEP matter, these site delineations are critical to helping the parties – and the Court – focus *fact* discovery by identifying the water resources, wells and other facilities that are relevant to Plaintiff's claims. Putting aside Plaintiff's commitment to provide these delineations months ago (and the Court's order for same), Plaintiff's latest offer to produce them only during expert discovery is far too late in time to permit us to take the necessary fact and expert discovery that these delineations are likely to require. In short: Plaintiff's refusal to honor its commitment and its continued delay will set back the entire discovery schedule.

Defendants have demanded that Plaintiff produce the required delineations by April 27th. Plaintiff has requested a meet and confer to discuss another extension of time to produce these materials. Defendants will advise the Court of the result of that meet and confer.

## III.     Puerto Rico Plaintiff's "Discovery" Requests regarding Non-test Sites

Defendants have asked Your Honor to dismiss with prejudice the approximately 400 sites for which Plaintiff admits it has no evidence of MTBE detections. As Your Honor will recall, just three weeks ago – at the oral argument on Defendants' motion for sanctions – Plaintiff's counsel stood before the Court and represented that it believed some laboratory data "may" exist

for these sites and that this data "may" demonstrate the presence of MTBE. Plaintiff's counsel told the Court that it would do two things to try and get this data: (1) serve a Rule 34 document request on Defendants, and (2) issue administrative orders against certain non-parties with some relationship to these 400 sites. Plaintiff's counsel told the Court that it could and would do both of these things "by the end of the week" – *i.e.,* April 13, 2012. However, nothing happened on April 13, 2012. Indeed, the Rule 34 requests and administrative orders were not served the following week either. One might expect greater urgency from Plaintiff given its representation to the Court at oral argument, and given that the Court first told Plaintiff it faced dismissal of these sites more than three months ago, at the January conference.

Plaintiff waited more than two weeks before finally acting. But the action Plaintiff took looks **nothing** like the limited "discovery" it represented was necessary to determine if laboratory data existed, and it looks **nothing** like the limited Rule 34 request and administrative orders that Your Honor heard about and approved. Rather, Plaintiff served discovery requests that are virtually identical to those that were propounded with respect to the **trial** sites. *Plaintiffs' First Set of Interrogatories and Request for Production of Documents Regarding Non-Test Sites* (Ex. D). These demands do not seek just testing or laboratory data, they seek everything from site documents to remediation files to property ownership records. They even demand that Defendants conduct site delineations – something Plaintiff has been unwilling to do for these non-Focus/non-Trial sites.

Worse, Plaintiff directs this overly broad discovery at sites never before put at issue in the litigation. Indeed, the requests are directed to at least 22 sites that were not identified on Plaintiff's 2010 site list. Notwithstanding that Plaintiff is not entitled to take "discovery" of sites not at issue in this matter, its attempt to increase the universe of sites at issue comes far too late. Indeed, the Commonwealth's investigation regarding the presence of MTBE should have happened years before it filed this lawsuit in 2007, and certainly before the Court ordered it to produce a list of sites at issue in 2010. Plaintiff's discovery violates both the spirit and letter of Plaintiff's representations and the parties' discussions with the Court at the last hearing.

Five years into this litigation, facing dismissal with prejudice, having promised the Court limited discovery and having been told to conduct limited discovery specifically for testing data, Plaintiff has served up a broadside of full discovery that looks nothing like what it promised; that violates numerous CMOs; and, indeed, that was not even allowed for the discovery sites selected in this case. Plaintiff's representations at oral argument were clear. So were Your Honor's instructions. Plaintiff's discovery looks nothing like either.

Plaintiff has known for years that it lacked any proof of MTBE at these 400 sites, but chose to say nothing until this lack of evidence was exposed by Defendants. Plaintiff was told months ago that they faced dismissal on these sites and might only have six months to conduct limited discovery, if at all. Plaintiff was told mere weeks ago what "discovery" they were permitted to take (a Rule 34 request) to try and salvage these sites. Plaintiff waited two more weeks and then … simply ignored Your Honor's directive and did what it wanted.

The Honorable Shira A. Scheindlin
April 25, 2012
Page 4

Plaintiff's conduct has no place in any judicial proceeding, and certainly not one where it ostensibly is trying to salvage claims which never should have been asserted in the first place. Enough is enough. Defendants respectfully ask the Court to (1) enter a protective order relieving Defendants of any obligation to respond to this unpermitted discovery (or simply strike the discovery altogether), and (2) dismiss the 400 non-test sites from this matter with prejudice.

## IV.     Deadline for Puerto Rico Plaintiff to Reduce Trial Sites

During a hearing on April 12, the Court ordered Plaintiff to reduce the number of its trial sites from 10 to 7. However, the Court did not set a deadline by which Plaintiff had to indicate which sites they were dropping from the first trial in this matter. On April 20, Defendants requested that Plaintiff identify which three sites would be dropped from this first trial by April 27th. Late this afternoon, Plaintiff indicated that it would meet this requested deadline. Defendants will remove this issue from the agenda if we receive the information by the date promised.

## V.     Further Discussion on New Jersey Defendants' Motions if Desired by the Court

Two *New Jersey* motions remain pending before the Court: Defendants' Motion to Compel Production of Documents and Testimony Regarding NJDEP's Knowledge of the Risks and Benefits of MTBE and Ethanol (the "Deliberative Process Motion") and Defendants' Motion Challenging the Sufficiency of Plaintiffs' Deliberative Process Privilege Log Entries (the "Privilege Log Motion"). As to the Deliberative Process Motion, Defendants understand that the Court is in the process of reviewing documents submitted by Plaintiffs for *in camera* review, but will be prepared to discuss this motion if the Court so desires.

As to the Privilege Log Motion, argument on each of the challenged entries may not be necessary, as many of the deficiencies are clear from the face of the log entry. *See e.g. Privilege Log Entry for* NJDEP-ESI-00005003 ("Email chain from Judy Louis to Pat Bono and Sandy Krietzman regarding 'Important: Revision to Sandy MTBE Table.' Pre-decisional Deliberative Issue: Discusses actions that may or not be taken by the Department."). However, Defendants will be prepared to discuss Plaintiffs' log entries at the May 2nd conference should the Court have any additional questions.

## VI.     Defendants' Outstanding Discovery Requests to NJDEP Plaintiffs

During the course of discovery, and particularly through deposition testimony, Defendants have learned of various documents or sets of documents responsive to outstanding discovery requests that have not yet been produced by Plaintiffs. This is not an uncommon occurrence in litigation, and Defendants do not raise this issue to complain about Plaintiffs' *initial* failure to produce these responsive documents. However, Defendants have now written Plaintiffs numerous letters requesting production of the identified materials and have often received no response. A list of the outstanding requests was sent to Plaintiffs on March 29 and is

The Honorable Shira A. Scheindlin
April 25, 2012
Page 5

attached at Exhibit E (*Ltr. from S. Riccardulli to L. Kaufmann* (Mar. 29, 2012).) Defendants requested a response to that letter by April 12, 2012, but were told by Plaintiffs, on April 11, that they required more time and would respond "more likely by April 20." *E-Mail Chain, L. Kaufmann to L. Gerson* (Apr. 11, 2012) (Ex. F). April 20th has come and gone without response. *Id.* With the time for discovery waning, Defendants cannot afford to continue their fruitless letter-writing campaign, and request that the Court order Plaintiffs to produce the requested material by Friday, May 11, 2012 or, if unavailable for production, describe the efforts made to search for the materials.

As just one example of the requested materials, during a June 2011 deposition, Defendants learned of a set of volatile organic compound sampling results from the early 1990's—the "A-280 sampling results"—maintained by the NJDEP in either microfiche or, possibly, electronic form. Defendants requested production of that data during the deposition, repeated that request in writing on July 1, 2011, again on October 28, 2011 and, most recently, on March 29, 2012. The information is relevant to Plaintiffs' damage claims and at least one of Defendants' affirmative defenses. It also is responsive to outstanding written discovery. *E.g. Defendants' First Set of Interrogatories and Document Requests*, Request No. 5 (Mar. 11, 2009). There is no justification for Plaintiffs to deny Defendants' request, and even less of a justification for their failure even to respond to our various letters requesting these materials.

## VII.    New Jersey Plaintiffs' Delays in Scheduling 30(b)(6) Depositions

With the close of discovery looming, Defendants wish to bring to the Court's attention a troubling pattern of delay regarding the scheduling of depositions—particularly 30(b)(6) depositions. On March 2, 2012, Defendants wrote to Plaintiffs to identify a backlog of approximately 30 noticed, but yet-to-be-scheduled, depositions and to request proposed dates for the same. *Ltr. From S. Riccardulli to L. Kaufmann* (Mar. 2, 2012) (at Ex. G). Although scheduling as to a number of percipient witnesses did occur, there has been nearly no movement on 30(b)(6) deposition scheduling, an issue Defendants raised with Plaintiffs in a second letter, dated March 12. *Ltr. From S. Riccardulli to L. Kaufmann* (Mar. 12, 2012) (at Ex. H). These 30(b)(6) notices cover both non-site-specific issues—such as a 30(b)(6) on Early MTBE Remediation, first served last April—and site-specific issues related to the Trial Sites. As to the former category, Plaintiffs have offered no excuse for delay, but simply have not provided dates.

As to the site-specific notices, Plaintiffs previously stated that they would not proceed with scheduling until their motion for protective order regarding the Shell Trial Site 30(b)(6) was resolved.[2] However, Special Master Warner had a different schedule in mind. He instructed Defendants to identify to Plaintiffs those trial site depositions that would *not* raise issues similar to that which were raised in Plaintiffs' motion for protective order. Defendants did so on April

---

[2] The issue to be resolved was the extent to which Defendants would be permitted to question NJDEP about "other" sites within Plaintiffs' trial site delineation.

The Honorable Shira A. Scheindlin
April 25, 2012
Page 6

17, identifying ten (out of nineteen) trial sites that would not raise issues of "other" release sites and, therefore, could be scheduled immediately. Despite Mr. Warner's clear instruction to proceed quickly, Plaintiffs have not provided dates for any of these depositions over the past week. At this point, there is nothing standing in the way of these depositions other than Plaintiffs' failure to provide dates. Of course, every day that passes without scheduling these depositions brings us one day closer to the close of fact discovery. Therefore, Defendants request that the Court order Plaintiffs to immediately provide dates for all noticed depositions (other than those currently part of the meet and confer process ordered by the Special Master).

As always, we appreciate your Honor's attention to this matter and ask that this letter be docketed by the Clerk's Office so that it is part of the Court's file.

Respectfully submitted,

*Peter John Sacripanti*

Peter John Sacripanti

cc:     All Counsel By LNFS, Service on Plaintiffs' Liaison Counsel

# EXHIBIT A

.



2900 K STREET NW    HARBOURSIDE, SUITE 500    WASHINGTON, D.C. 20007

*www.sedgwicklaw.com*    202.204.1000 *phone*    2

# Sedgwick LLP

*Mari C. Spears*
*mari.spears@sedgwicklaw.com*

September 15, 2011

**VIA LNFS AND ELECTRONIC MAIL**

Scott E. Kauff, Esq.
Law Offices of John K. Dema, P.C.
11300 Rockville Pike, Suite 112
Rockville, Maryland 20852

       Re:   *New Jersey Department of Environmental Protection, et al. v. Atlantic
Richfield Corp., et al.,* No. 08 Civ. 00312
Former Tamcrest Country Club Site ID #59237

Dear Mr. Kauff:

      Defendants write to bring to your attention a discrepancy in Plaintiffs' delineation for the
former Tamcrest Country Club Site, ID #59237 ("Tamcrest Site") in Attachment A to your June
6, 2011. Based on Defendants' review, Plaintiffs' delineation does not appear to encompass the
area of the Tamcrest Site. Because a Rule 30(b)(6) deposition has been noticed for this site, we
request that Plaintiffs promptly review the delineation and, by no later than September 23, 2011,
either confirm that the delineation you provided reflects Plaintiffs' allegations as to the
geographic scope of the Tamcrest Site, or provide a revised delineation. If we do not hear from
you, we will assume that your June 6, 2011 letter accurately reflects Plaintiffs' allegations
regarding the delineation of the Tamcrest Site.

      Should you have any questions regarding this matter, please do not hesitate to contact me.

      Very truly yours,

      Mari C. Spears

cc:  All Counsel of Record via LNFS

# EXHIBIT B

## Sneed, Sam

| | |
|---|---|
| **From:** | Riccardulli, Stephen |
| **Sent:** | Monday, June 13, 2011 7:35 PM |
| **To:** | 'Aaron Dias' |
| **Cc:** | maxline@toxictorts.org; Dillon, Michael |
| **Subject:** | MDL 1358: Puerto Rico: Meet and Confer |

Aaron,

I write to follow up on our meet and confer from last week. Specifically, I write to respond to Plaintiffs' request for an extension of time to respond to defendants' site-specific discovery requests and Plaintiffs' requests to narrow the scope of those request to only those discovery sites designated by Defendants.

Scope of Requests: Although Defendants served Interrogatories and Requests for Production related to all 40 discovery sites, Plaintiffs have requested that the Defendants agree to limit the scope of the requests to only the 20 discovery sites designated by Defendants. Defendants are willing to so narrow the scope of the requests, provided that Plaintiffs are willing to answer the discovery on an expedited schedule once Plaintiffs designate their 10 trial sites. Defendants believe this condition to be reasonable considering that Plaintiffs did not make their request until after the 30 day time period to respond had expired. Additionally, by the time the parties designate trial sites, Plaintiffs will have had these requests for more than 6 months. While Defendants are willing to forgo responses at this time as to the Plaintiffs' sites, we do not see why it would take Plaintiffs 30-days to respond to these requests after trial sites are designated. Accordingly, we'll agree to narrow the scope of the requests to Defendants' 20 discovery sites provided Plaintiffs agree to respond to these requests as to their 10 trial sites by no later than November 21, 2011.

Time to Respond: Plaintiffs requested until the end of June 2011 to respond to Defendants' requests. During the meet and confer, Plaintiffs indicated a willingness to provide responses on a rolling basis to be completed by June 30th. Defendants will agree to extend the deadline to June 30th provided Plaintiffs respond on a rolling basis. In light of the fact that Plaintiffs did not request the extension until after the original deadline to respond had expired, Defendants expect that the rolling production of responses would begin on June 18th and be completed by June 30th.

Please let us know if these conditions are acceptable to Plaintiffs. If you have any questions, let us know and we'll schedule a call.

Regards,



Stephen J. Riccardulli
McDermott Will & Emery LLP
340 Madison Avenue
New York, New York 10173-1922
tel (212) 547 - 5579
fax (212) 547 - 5444

67

1

# EXHIBIT C



43566863

Apr 9 2012
7:39PM

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

**In re: Methyl Tertiary Butyl Ether ("MTBE")**          MDL No. 1358
Master File C.A. No. 1:00-1898 (SAS)

M21-88

---

This document relates to:

*Commonwealth of Puerto Rico, et al. v.*
*Shell Oil Co., et al.*, 07 Civ. 10470

---

**PLAINTIFFS' RESPONSES TO DEFENDANTS' FIRST SET OF
INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS
REGARDING PLAINTIFFS' TRIAL SITE - ESSO 2P-448**

Plaintiffs Commonwealth of Puerto Rico and Commonwealth of Puerto Rico through the

Environmental Quality Board ("Plaintiff," "Commonwealth," or "PREQB"), by and through its

attorneys, makes the following Responses and General Objections to Defendants'

("Defendants'") First Set of Interrogatories and Requests for Production of Documents

Regarding Plaintiffs' Trial Site – ESSO 2P-448 (the "Interrogatories and Document Requests").



### GENERAL OBJECTIONS

1.      The Commonwealth objects to the Interrogatories and Document Requests to the

extent they seek information or documents outside the scope of discovery permissible under the

Federal Rules of Civil Procedure.

2.      The Commonwealth objects to the Interrogatories and Document Requests to the

extent they seek information covered by the attorney-client privilege, the work product doctrine,

1

Such information is subject to all objections regarding relevance, authenticity, materiality, propriety, admissibility and any other objections that would require exclusion of the information if such information were offered as evidence at trial, all of which objections are hereby expressly reserved and may be interposed at time of trial.

11.    The Commonwealth objects to the Interrogatories and Document Requests to the extent they seek information that is confidential, sensitive, proprietary or subject to privacy restrictions. The Commonwealth responds on the condition that the inadvertent production of documents that contain confidential, sensitive or private information does not waive the Commonwealth's right to protect this information and to seek recovery of any such information or documents that are inadvertently produced.

12.    The Commonwealth's General Objections apply to each of Defendants' Interrogatories and Document Requests as though restated in full therein.

### RESPONSES TO INTERROGATORIES



#### INTERROGATORY NO. 1:

IDENTIFY what YOU allege are the GEOGRAPHIC CONTOURS of ESSO 2P-448, and IDENTIFY (by PWS Number, Well ID, PI Number and Site ID) any SUPPLY WELLS, WATER RESOURCES or other SITES (whether historic, presently active or otherwise) that you allege are impacted or threatened by a release of MTBE or gasoline with MTBE at ESSO 2P-448.

#### RESPONSE TO INTERROGATORY NO. 1:

Plaintiffs object to this Interrogatory. The Interrogatory seeks expert opinions and expert discovery has not yet been authorized by the Court.   Plaintiffs have previously made all business records for Trial Site ESSO 2P-448 available to defendants. Therefore, the burden of identifying the geographic contours of ESSO 2P-448, as well as supply wells, water resources or

4

other sites that are impacted or threatened by a release of MTBE or gasoline with MTBE at Trial Site ESSO 2P-448 is substantially the same for defendants as it would be for plaintiffs.

Notwithstanding such objection, documents that identify the facility boundaries for ESSO 2P-448 include PR-MTBE_159530-159866, and particularly the figures set forth on PR-MTBE_159546-159548; PR-MTBE_159427-159456, and particularly the figures set forth on PR-MTBE_159446-159449; PR-MTBE_291536-291989, and particularly the figures set forth on PR-MTBE_291563-291565; XOM-PR-00233306-00233446, and particularly the figures set forth on XOM-PR-00233326-00233331; XOM-PR-00234587-00234687, and particularly the figures set forth on XOM-PR-00234616-00234619; XOM-PR-SC448-000688-000810, and particularly the figures set forth on XOM-PR-SC448-000709-000712, and XOM-PR-SC448-000714

To the extent that this interrogatory is seeking the geographic boundaries of areas potentially impacted by releases from this Site (as opposed to the boundaries of the Site itself), those boundaries will be determined in expert reports. The Environmental Assessments prepared for this Site, however, including the 2008 Phase II Report found at PR-MTBE_310411 – 310746, state that groundwater flow direction beneath the site is to the North. Wells located to the North and downgradient of this Site are therefore threatened by the MTBE that has been released at this site. Such wells are listed below by USGS site ID.

USGS Site IDs:       180009065534200 MAUNABO VIEJO WELL,
                     180027065541700 MAUNABO 3 WELL,
                     180043065543200 DOM WELL,

Defendants have previously been provided with the locations of these wells. See Bates: PR-MTBE_347311-PR-MTBE_347339.

Water resources that are impacted, threatened or concerning MTBE release from Trial

# EXHIBIT D



Apr 23 2012
4:23PM

# LAW OFFICES OF JOHN K. DEMA, P.C.
## ATTORNEYS-AT-LAW

JOHN K. DEMA
ADMITTED USVI·CA
Jdema@lojkd.com

SCOTT E. KAUFF, OF COUNSEL
ADMITTED DC·MD·NJ·PA
skauff@lojkd.com

April 23, 2012

**VIA LNFS and Express Courier: SRiccardulli@mwe.com**
Stephen J. Riccardulli, Esq.
McDermott Will & Emery
340 Madison Avenue
New York, New York 10173-1922

RE:    **Commonwealth of Puerto Rico, et al. v. Shell Oil Co., et al., 07-civ-10470**

Dear Stephen,

Enclosed please find Plaintiffs' First Set of Interrogatories and Request for
Production of Documents Regarding Non-Test Sites.

Regards,

Nathan P. Short

cc:    Michael Dillon, Esq.
       John K. Dema
       Michael Axline
       All Counsel by LNFS

---

1236 STRAND STREET, SUITE 103
CHRISTIANSTED, ST. CROIX, USVI 00820
TELEPHONE: (340) 773-6142
FACSIMILE: (340) 773-3944

11300 ROCKVILLE PIKE, SUITE 112
ROCKVILLE, MARYLAND 20852
TELEPHONE: (301) 881-5900
FACSIMILE: (240) 536-9108

www.demalaw.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

In Re: Methyl Tertiary Butyl Ether ("MTBE")
Products Liability Litigation

**Master File No. 1:00 - 1898**
**MDL 1358 (SAS)**
**M21-88**

---

**This Document Relates To:**
*Commonwealth of Puerto Rico, et al. v..*
*Shell Oil Co., et al.,* **No. 07 Civ. 10470**

---

## PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING NON-TEST SITES

Pursuant to the Federal Rules of Civil Procedure, Plaintiffs, the Commonwealth of Puerto Rico and the Commonwealth of Puerto Rico through the Environmental Quality Board ("Plaintiff" or "Commonwealth"), by their undersigned attorneys, hereby propound the following Interrogatories and Requests for Production of Documents upon Defendants to be answered by Defendants upon oath and within (30) days of the service hereof. Pursuant to the Federal Rules of Civil Procedure, these interrogatories and requests for production of documents (collectively referred to as "requests") are of a continuing nature, requiring modified or supplemental responses if additional, supplemental responsive information is obtained.

These requests are to be answered in accordance with the following definitions and instructions, and these definitions and instructions are hereby incorporated by reference into each request. Please direct responses to the undersigned at the Law Offices of John K. Dema, P.C.

### INSTRUCTIONS AND DEFINITIONS

A.    All definitions contained in Local Civil Rule 26.3 of the United States

District Court for the Southern District of New York are incorporated herein by reference. You may review these Rules at http://www.nysd.uscourts.gov/rules/rules.pdf.

B.     These requests are directed to each Defendant and concern all information within the Defendant's custody and control, including information any officer, director, general partner, limited partner, joint venturer, agent, servant, employee or attorney of the Defendant possesses; information in the possession of any other person acting on the Defendant's behalf or otherwise subject to the Defendant's control; and any information in the possession of any merged, consolidated, or acquired predecessor, successor, parent, subsidiary, division or affiliate of the Defendant.

C.     If the Defendant lacks information to respond to a particular request, in whole or in part, the Defendant shall state or identify: 1) the currently available information; 2) any currently unavailable information; 3) the efforts the Defendant has taken, or will take, to obtain the currently unavailable information; and 4) when the Defendant expects to obtain this information.  Further, if the Defendant believes any other individual or entity may have information that responds to a specific request, in whole or in part, the Defendant shall provide the individual or entity's: 1) name, address and telephone number and 2) a brief description of the information the Defendant believes the entity or individual possesses.

D.     If the Defendant no longer possesses any DOCUMENT the Plaintiffs request, the Defendant shall identify the DOCUMENT, and indicate: 1) what was done with the DOCUMENT; 2) the name, address and telephone number of each individual responsible for, or otherwise involved with, transferring or disposing of the DOCUMENT; 3) the reason(s) the DOCUMENT was disposed of or transferred; and 4)

2

the name, address and telephone number of the DOCUMENT'S custodian, if known.

E.      If the Defendant believes any information the Plaintiffs request is privileged and/or protected, in whole or in part, the Defendant shall state or provide the following: 1) the DOCUMENT 's title; 2) the DOCUMENT type (e.g., memorandum, correspondence, report, etc.); 3) the name, address and telephone number of each author or signatory; 4) the name, address and telephone number of each recipient; 5) the date the DOCUMENT was prepared; 6) the privilege(s) and/or protection(s) the Defendant is asserting; 7) the factual bases for the Defendant asserting the privilege(s) and/or protection(s); and 8) a summary of the information the Defendant is not producing to enable a court of competent jurisdiction to rule whether the information is privileged and/or protected.

F.      If the Defendant deletes (i.e., redacts) anything from a DOCUMENT it produces in response to these interrogatories, the Defendant shall state or provide the following: 1) a summary of the deleted information; 2) the reason(s) for deleting the information; and 3) the name, address and telephone number of each person responsible for, or otherwise involved with, deleting the information.

G.      To the extent a Defendant intends to respond to a request by relying on the information previously provided pursuant to CMO 44, the Defendant will identify the Bates Number for the DOCUMENTS where Defendant believes the information is located.

H.      Electronically Stored Information and Electronic Data (collectively referred to as "ESI"): When producing ESI in response to these requests, submit electronic data in both its native format and as scanned images in single-page TIF (300

3

dpi, group 4 CCIT) format with full text file (.OCR), Concordance image load file (.OPT), and Concordance delimited text file (.DAT). Each single-page TIF image and accompanying OCR text file should be "Bates Numbered" electronically using the Bates Number as the file name. Both accompanying load files (.OPT and .DAT) should designate beginning and ending Bates Numbers for each document produced. The Concordance delimited text file (.DAT) should also include all Metadata (MD5 hash) pertaining to the native files. If native data must be converted from a proprietary format in order for Plaintiffs to access the data, the Plaintiffs request that the data be produced in the following formats: Databases: (.MDB); Spreadsheets: (.XLS); Text documents: (.DOC), (.WPD), (.TXT). Plaintiffs also request that YOU IDENTIFY all ESI produced in response to these requests by including "ESI" in the Bates number prefix or otherwise provide an overlay file, summation file, or other standard industry file that includes an objective coding field that identifies that the DOCUMENT being produced is ESI.

I.      Hardcopy Documents:  Plaintiffs would prefer that hardcopy documents produced in response to these request be scanned and produced in single-page TIF (300 dpi, group 4 CCIT) format with full text file (.OCR), Concordance image load file (.OPT), and Concordance delimited text file (.DAT). Each single-page TIF image and accompanying OCR text file should be "Bates Numbered" electronically using the Bates Number as the file name. Both accompanying load files (.OPT and .DAT) should designate beginning and ending Bates Numbers for each document produced. The Concordance delimited text file (.DAT) should also include all objective coding.

J.      Production Media:  All ESI and scanned hardcopy documents should be produced on CD or DVD. If the size of the production exceeds two DVDs, the Plaintiffs

4

request that the data be produced on a USB external hard drive. All media should be labeled with the case name, date of production, Bates Number range, and producing Defendant(s).

K.     Whenever these requests use any word in the masculine, the Defendant shall understand the word to include the feminine as necessary to make the request inclusive rather than exclusive. Further, whenever these requests use any word in the feminine, the Defendant shall understand the word to include the masculine as necessary to make the request inclusive rather than exclusive.

L.     Verbs written in the present tense shall also be taken to mean and include the past. Verbs written in the past tense shall also be taken to mean and include the present.

M.     These requests are limited to the RELEVANT TIME PERIOD.

N.     "ADDRESS" shall mean the street address, city, county, state, and zip code.

O.     "COMMUNICATION WITH AND SUBMISSION TO" shall mean an inquiry, discussion, reporting of oral, written, and/or electronic data, representation, conversation, negotiation, agreement, undertaking, meeting, telephone, conversation, letter, note, telegram, telex, advertisement or other form of verbal intercourse, whether oral or written.

P.     "DATE" shall mean the exact day, month and year, if ascertainable, or if not, a description of the temporal relationship of the occurrence for which the date is sought to the closest dates which are ascertainable.

Q.     "EACH" shall mean "each" and "each and every."

5

R.    "ENVIRONMENTAL AGENCY" shall mean any federal, state, county, or municipal agency, department, administration, committee, commission, or board charged with compliance, enforcement, or monitoring of environmental health and safety laws, whether federal, state, or local.

S.    "IDENTIFY" shall mean, when used in reference to:

    a.    A natural person, his or her:

        i.    Full name;

        ii.   Present or last-know home and business ADDRESS (including street name and number, city or town, and state); and

        iii.  Present or last-know position, business affiliation and job description.

    b.    A company, corporation, association, partnership or any legal entity other than a natural person, its:

        i.    Full name and type of organization or entity;

        ii.   ADDRESS of principal place of business; and

        iii.  Jurisdiction and date of incorporation or organization, if know.

T.    "IDENTIFY" with respect to an object or process shall mean to give the name and to provide a sufficiently detailed description.

U.    "IDENTIFY EACH LOCATION" shall mean to state the street address, city, county, state and zip code if ascertainable, or if not, a description of the distance from the location which is sought to the closest location which is ascertainable.

V.    "MTBE" shall mean the gasoline additive known as methyl tertiary butyl ether and also refers to the degradation byproducts of and contaminants in commercial

6

grade MTBE, including but not limited to tertiary butyl alcohol ("TBA").

W.   "MTBE GASOLINE" or "GASOLINE CONTAINING MTBE" shall mean gasoline in which MTBE is added as an octane booster, oxygenate, additive, or for any other purpose.

X.   "NON-TEST SITE" shall mean any of the sites identified in Appendix A.

Y.   "PERSON" shall mean any natural person, company, corporation, association, partnership and/or other legal entity.

Z.   "PERSON UPON WHOM THE DEFENDANT RELIED" shall mean any individual, business entity or governmental entity having information upon which the Defendant bases any response, either in whole or in part.

AA.   "REFER TO " or "REFERS TO" shall mean discussing, mentioning, or relating in any way.

BB.   "RELATE TO" or "RELATES TO " shall mean concerning, constituting, defining, embodying, identifying, reflecting, referring to, stating or dealing with in any way.

CC.   "RELEVANT TIME PERIOD" shall mean the period from 1979 to the present. Unless specified otherwise, all requests seek information for each year of the relevant time period.

DD.   "RESPONDING DEFENDANT" shall mean the Defendant(s) on whose behalf the responses to these requests is being submitted.

EE.   "THIRD-PERSON" or "THIRD PARTY" shall mean PERSONS other than the RESPONDING DEFENDANT.

FF.   "UST" shall mean Underground Storage Tank and the appurtenant fuel

7

delivery system.

      GG.   "YOU" and "YOUR" shall mean the RESPONDING DEFENDANT, and any of its affiliates, subsidiaries, predecessor, agents, consultant, contractors or employees.

8

## INTERROGATORIES

1. IDENTIFY EACH of the NON-TEST SITES that YOU ever owned or operated and the DATES YOU owned or operated the site.

2. IDENTIFY EACH of the NON-TEST SITES that YOU ever leased to or from anyone, and the DATES YOU leased the site to or from anyone.

3. IDENTIFY EACH of the NON-TEST SITES where YOU owned a UST.

   a. IDENTIFY the UST('s) owned and the DATES YOU owned the UST.

4. For EACH NON-TEST SITE IDENTIFIED in response to Interrogatory Nos. 1-3, state the person most knowledgeable about UST's at the site.

5. For EACH NON-TEST SITE IDENTIFIED in response to Interrogatory Nos. 1-3, IDENTIFY the current geographic boundaries of the site.

6. For EACH NON-TEST SITE IDENTIFIED in response to Interrogatory Nos. 1-3,

   a. State the DATE hydrocarbons were first detected in soil at the site; and

   b. State the DATE hydrocarbons were first detected in groundwater at the site.

7. For EACH NON-TEST SITE IDENTIFIED in response to Interrogatory Nos. 1-3,

   a. State the DATE MTBE was first detected in soil at the site;

   b. IDENTIFY the highest concentration of MTBE detected in soil to date at the site;

   c. State the date MTBE was first detected in groundwater at the site; and

   d. IDENTIFY the highest concentration of MTBE detected in groundwater to

9

date at the site.

8. For EACH NON-TEST SITE IDENTIFIED in response to Interrogatory Nos. 1-3, IDENTIFY EACH employee(s) who was responsible for supervising and/or authorizing any project to sample for, test for, or remediate hydrocarbon contamination.

9. For EACH NON-TEST SITE IDENTIFIED in response to Interrogatory Nos. 1-3, IDENTIFY EACH environmental consultant who was responsible for supervising and/or authorizing any project to remediate hydrocarbon contamination.

10. For EACH NON-TEST SITE IDENTIFIED in response to Interrogatory Nos. 1-3, IDENTIFY EACH PERSON that ordered, requested, negotiated, contracted for, or otherwise caused the collection of soil, water and/or air samples at the site.

11. For EACH NON-TEST SITE IDENTIFIED in response to Interrogatory Nos. 1-3, IDENTIFY EACH PERSON, including any contractor, consultant and/or agent, that collected soil, water, and/or air samples at the site, and the DATES the samples were collected.

12. For EACH NON-TEST SITE IDENTIFIED in response to Interrogatory Nos. 1-3, IDENTIFY the location of all monitoring wells at EACH site, including:

    a. Monitoring wells within the geographic boundaries IDENTIFIED in Interrogatory No. 5; and

    b. Monitoring wells outside the geographic boundaries IDENTIFIED in Interrogatory No. 5 that were used to monitor ground water that was threatened or impacted by the site.

10

13. For EACH NON-TEST SITE IDENTIFIED in response to Interrogatory Nos. 1-3, IDENTIFY EACH PERSON to whom YOU sent soil, water and/or air samples collected at the sites, and the DATES samples were sent.

14. For EACH NON-TEST SITE IDENTIFIED in response to Interrogatory Nos. 1-3, IDENTIFY EACH PERSON that ordered, requested, negotiated, contracted for, or otherwise caused the analyses of soil, water and/or air samples at the site.

   a. Describe any analyses that YOU requested be performed on the soil, water and/or air samples; and

   b. Describe any analyses that YOU requested not be conducted on the soil, water and/or air samples.

15. For EACH NON-TEST SITE IDENTIFIED in response to Interrogatory Nos. 1-3, IDENTIFY EACH PERSON who conducted chemical analyses on soil, water, and/or air samples collected at the site.

16. For EACH NON-TEST SITE IDENTIFIED in response to Interrogatory Nos. 1-3, describe any chemical analyses conducted on soil, water, and/or air samples collected at the site, and the DATES analyses were conducted.

17. For EACH NON-TEST SITE IDENTIFIED in response to Interrogatory Nos. 1-3, IDENTIFY the US EPA or other testing method(s) utilized for the analysis of any soil, water, and/or air samples collected at the site.

18. IDENTIFY EACH PERSON UPON WHOM THE DEFENDANT RELIED upon or who provided factual information to, or otherwise assisted in the preparation of, YOUR responses to these Interrogatories, and specify which interrogatory

11

such person assisted in answering.  For each person IDENDIFIED, provide their

position or title, if applicable.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.     All DOCUMENTS concerning YOUR responses to the foregoing Interrogatories.

2.     All DOCUMENTS RELATED TO any leak, release, and/or discharge of hydrocarbons at EACH NON-TEST SITE IDENTIFIED in response to Interrogatory Nos. 1-3.

3.     All DOCUMENTS RELATED TO any assessment, evaluation, characterization, remediation, or repair RELATED TO the UST's at EACH NON-TEST SITE IDENTIFIED in response to Interrogatory Nos. 1-3.

4.     Any and all records from any leak detector, leak sensor, vapor sensor, or electronic alarm system, including but not limited to, printouts, logs, electronic records, or reports, indicating the alarm or sensor was activated or actuated at EACH site YOU IDENTIFIED in response to Interrogatory Nos. 1-3.

5.     All DOCUMENTS RELATED TO the collection of soil, water, and/or air samples at EACH NON-TEST SITE IDENTIFIED in response to Interrogatory Nos. 1-3.

6.     All DOCUMENTS RELATED TO the shipment, mailing, posting, and/or conveyance of soil, water, and/or air samples collected at EACH NON-TEST SITE IDENTIFIED in response to Interrogatory Nos. 1-3.

7.     All DOCUMENTS RELATED TO the analysis of soil, water, and/or air samples collected at EACH NON-TEST SITE IDENTIFIED in response to Interrogatory Nos. 1-3, including:

        a.  Laboratory reports with all data tables, attachments, and appendices;

        b.  Laboratory certificates of analyses;

13

c. Output files generated from analytical instrument(s) including:

    1. Instrument result files for all sample analyses, and

    2. Instrument result files for calibration and the analysis of laboratory standards;

d. Case narratives;

e. Analytical certificates of analysis that include the project name, project number, and laboratory project number;

f. Chain of custody forms and sample receipt forms;

g. Project quality control data and information;

h. Sample reports;

i. Chromatograms from all instrument channels/detectors; and

j. Tabulated results from all instruments channels/detectors.

8. All DOCUMENTS RELATED TO the analysis of MTBE in any soil, water, and/or air samples collect at EACH NON-TEST SITE IDENTIFIED in response to Interrogatory Nos. 1-3 including:

    a. DOCUMENTS that report instrument detector responses for MTBE; and

    b. DOCUMENTS that mention MTBE.

9. All communications with any ENVIRONMENTAL AGENCY about MTBE RELATED TO EACH NON-TEST SITE IDENTIFIED in response to Interrogatory Nos. 1-3.

[End of Requests. Signatures on next page.]

14

LAW OFFICES OF JOHN K. DEMA, P.C.
John K. Dema, Esq.
Scott E. Kauff, Esq.
Nathan P. Short, Esq.
Attorneys for Plaintiffs
Special Counsel to the Attorney General

By: _____          Dated: 4/23/12
    Nathan P. Short, Esq.

Mailing Address
One Central Plaza
11300 Rockville Pike, Suite 112
Rockville, MD 20852


ORLANDO H. MARTINEZ LAW OFFICES
Orlando H. Martinez Echeverria, Esq.
Attorneys for Plaintiffs
Special Counsel to the Attorney General


MILLER, AXLINE & SAWYER
Duane C. Miller, Esq.
Michael D. Axline, Esq.
Attorneys for Plaintiffs
Special Counsel to the Attorney General

15

## APPENDIX A: NON-TEST SITES

| Case | Owner Name | Facility Name | Street Address | City |
|------|-----------|---------------|----------------|------|
| 01-0023 | SOL PUERTO LIMITED | Shell S/S #204300 | Carr. 506 Km.0.8 Bo. Coto Laurel | Ponce |
| 01-0025 | SOL PUERTO LIMITED | Shell 204302 Rafael Medina S/S | Carr. 2 Km. 102.1, Bo. Terranova | Quebradillas |
| 02-0026 | SOL PUERTO LIMITED | Shell S/S # 204305 | Carr. PR-542 Int. Carr. PR-153 Plaza, Santa Isabel | Santa Isabel |
| 86-0197 | Caribbean Petroleum Corporation | GULF S/S #179 | Ave. Americo Miranda, Esq. Gutenberg, Jardines Metropolitano | San Juan |
| 86-0224 | Caribbean Petroleum Corporation | GULF S/S #436 | Calle Tapia, Esq. Eduardo Conde, VILLA PALMERAS Santurce | San Juan |
| 86-0231 | CARLOS CRUZ ROMAN | Willie Gas Station | CARR. 491, BO. La paloma | Hatillo |
| 86-0259 | Caribbean Petroleum Corporation | GULF #028 | Carr. 3 KM. 19.8 | Canovanas |
| 86-0270 | Caribbean Petroleum Corporation | GULF  S/S#043 | ESMERALDA & VENUS ST. Urb Ponce de Leon | Guaynabo |
| 86-0287 | Caribbean Petroleum Corporation | GULF #073 | Carr. 3 KM. 43.5 | Fajardo |
| 86-0312 | AMERICAN PETROLEUM CORPORATION | American Petroleum- Mercedita S/S | RD 1 KM 121.7, Bo. Calzada | Ponce |
| 86-0326 | Caribbean Petroleum Corporation | GULF S/S #0129 | RD. 129 KM 39.4 | Arecibo |
| 86-0352 | EFRAIN SANTANA | ESR Service Station | RD. 3 KM. 83.9 Bo. Cataño | Humacao |
| 86-0353 | AMERICAN PETROLEUM CORPORATION | American Petroleum - DoravilleS/S | RD 695, KM. 1.5, HIGUILLAR WARD | Dorado |
| 86-0354 | AMERICAN PETROLEUM CORPORATION | Jobos S/S | RD 459 KM 4.2, JOBOS WARD | Isabela |
| 86-0355 | Total Petroleum Puerto Rico Corp. | Total #2156 | RD. 135, KM. 81.0 | Adjuntas |
| 86-0357 | Caribbean Petroleum Corporation | Gulf #801 (Antes Shell S/S # | RD. 116, KM. 24.7 Bo. Cano | Guanica |
| 86-0371 | HECTOR TORADO | TORRADO GAS SERVICE STATION | RD 130 KM 6 Bo. Naranjito | Hatillo |
| 86-0377 | Caribbean Petroleum Corporation | GULF S/S #0392 | SANTIAGO DE LOS CABALLEROS AVE. | Ponce |
| 86-0385 | Caribbean Petroleum Corporation | GULF S/S #0406 | RD. #10 KM 53.7 | Utuado |
| 86-0405 | TEXACO PUERTO RICO INC | Texaco - William Alverio S/S #302 | RD. 189 KM. 1.7 | Caguas |
| 86-0602 | SOL PUERTO LIMITED | SHELL SERVICE STATION #804568 | RD. #173 KM 8.5 SUMIDERO WARD | Aguas Buenas |

| 86-0603 | RUBEN TERRON | SUPER GAS STATION | RD #2 KM 18.6 | Toa Baja |
|---------|--------------|-------------------|--------------|----------|
| 86-0604 | SOL PUERTO LIMITED | SHELL S/S # 804592 | RD 176 KM 5.3, CUPEY ALTO | San Juan |
| 86-0605 | SOL PUERTO LIMITED | SHELL SERVICE STATION #804606 | RD. 156 KM 52.5 | Aguas Buenas |
| 86-0613 | SOL PUERTO LIMITED | SHELL S/S #804614 | RD 172 C/FRANCISCO CRUZ Urb Fernandez | Cidra |
| 86-0618 | SOL PUERTO LIMITED | SHELL S/S #804932 | MENDEZ VIGO ST. #274 | Dorado |
| 86-0626 | SOL PUERTO LIMITED | SHELL S/ S #804843 | RD. 908  KM 0.4 TEJAS AVE. Urb Los Pinos | Humacao |
| 86-0633 | JORGE ARGUELLES MORAN | INTERISLAND PETROLEUM RETAILERS, INC. | RD. #1, KM. 22.0, BO. RIO | San Juan |
| 86-0638 | JOSÉ M. SANTIAGO CARTAGENA | SANTIAGO S/S | RD. 14, KM. 31.7 , EXIT COAMO TO JUANA DIAZ | Coamo |
| 86-0642 | Total Petroleum Puerto Rico Corp. | TOTAL. #2150 | RD. 152, KM. 18.2 | Naranjito |
| 86-0644 | Caribbean Petroleum Corporation | Gulf S/S #499 | RD 685 KM 2.2 INT RD 616 MAr Chiquita | Manati |
| 86-0656 | SOL PUERTO LIMITED | SHELL S/ S #804738 | LOIZA ST., CORNER KINGS COURT | San Juan |
| 86-0657 | SOL PUERTO LIMITED | SHELL S/ S #804835 | BETANCES ST. Salida Caguas a Aguas Buenas | Caguas |
| 86-0662 | SOL PUERTO LIMITED | SHELL S/S #804100 | RD. 121 KM 214.8 | Sabana Grande |
| 86-0674 | MIGUEL CHABRIER | CH Gasolinas #2 | Calle Muñoz Rivera #102 | Santa Isabel |
| 86-0681 | Carlos Arbona | Super Speed Way | POST #200 SUR | Mayaguez |
| 86-0686 | AGUSTIN PEREZ RODRIGUEZ | RIO JUEYES S/S | RD. 1 KM. 92.0 JUEYES WARD | Salinas |
| 86-0705 | SOL PUERTO LIMITED | SHELL S/S 804975 | PONCE DE LEON, Parada 27 | San Juan |
| 86-0723 | Pedro Rodriguez Orosco | Quisqueya S/S | QUISQUEYA ST. #55 | San Juan |
| 86-0724 | Luis R. Rodriguez Rodriguez | L.R. Gas Station | STATE ROAD #176 KM 7.2, CUPEY ALTO WARD | San Juan |
| 86-0726 | ISGARDO FUENTES | Servicentro Fuentes | RD 111 km 31.8, Bo. Juncal | San Sebastian |
| 86-0727 | CIA PETROLERA CARIBE INC | Gasolinera CARIBE, INC. | R.H. TODD 1000 | San Juan |
| 86-0836 | SOL PUERTO LIMITED | SHELL S/S #000922 | RD.#459,KM.4.6, JOBOS WARD | Isabela |
| 86-0839 | SOL PUERTO LIMITED | SHELL S/S #002992 | RD.155 KM. 65.6 Sector Alvarado Pugnado Afuera, Pugnado WARD | Vega Baja |
| 86-0840 | Edwin Ayala Martinez | Atenas SHELL S/S # 03018 | RD 2 KM 48.1 Barrio Coto Norte, COTTO NORTE WARD | Manati |
| 86-0842 | Caribbean Petroleum Corporation | GULF S/S #407 | RD 129 KM. 21.8 Int 454, CALLEJONES WARD | Lares |
| 86-0843 | SOL PUERTO LIMITED | SHELL S/S #001732 | RD.#129,KM. 40.4 | Arecibo |
| 86-0844 | BENJAMIN MENDEZ | SUN GAS | RD #2 KM. 40.3 | Vega Baja |

2

| 86-0848 | Caribbean Petroleum Corporation | GULF S/S # 303 | RD. # 2 KM. 97.0 | Quebradillas |
|---|---|---|---|---|
| 86-0850 | SOL PUERTO LIMITED | SHELL S/S #000990 | CELIS AGUILERA ST. # 62 | Manati |
| 86-0852 | SOL PUERTO LIMITED | SHELL S/S #001660 | RD. 2 KM 38.4 | Vega Baja |
| 86-0853 | SOL PUERTO LIMITED | SHELL S/S #003190 | RD. 670 KM. 1 HM. 5 Urb Oneill | Manati |
| 86-0854 | Caribbean Petroleum Corporation | Gulf # 496 | RD. #2, KM. 91.1, Bo Alcantarilla | Camuy |
| 86-0857 | RAFAEL CORTES | CORTES SUPER | ROAD # P. R. 2 KM 109, COTTO MILITAR WARD | Isabela |
| 86-0859 | Caribbean Petroleum Corporation | Gulf S/S #462 | RD # 165 KM 6.9., LEVITTOWN | Toa Baja |
| 86-0862 | SOL PUERTO LIMITED | SHELL S/S #3492 | RD. 2 KM. 112.5, SECTOR LA CURVA | Isabela |
| 86-0869 | SOL PUERTO LIMITED | SHELL S/S # 003255 | CAMPO RICO AVE. Country Club | San Juan |
| 86-0870 | SOL PUERTO LIMITED | SHELL S/S # 002933 | FAIR VIEW SHOPPING CENTER, CUPEY | San Juan |
| 86-0871 | SOL PUERTO LIMITED | SHELL S/S # 002879 | 21 ST., CORNER CALLE 6 Urb Mari Olga | Caguas |
| 86-0873 | SOL PUERTO LIMITED | SHELL S/S #0003034 | JESUS T. PIÑERO AVE. esq. Industrial | Cayey |
| 86-0876 | SOL PUERTO LIMITED | SHELL S/S #000124 | PONCE DE LEON AVE. #351, PUERTA DE TIERRA pda 6 1/2 | San Juan |
| 86-0880 | SOL PUERTO LIMITED | SHELL S/S #000841 | RD # 155, KM 16.1 Bo Bermejales, NUEVO PINO WARD | Orocovis |
| 86-0883 | SOL PUERTO LIMITED | SHELL S/S #002518 | RD # 861 CORNER SANTA Monica | Bayamon |
| 86-0886 | SOL PUERTO LIMITED | SHELL S/S 002704 | RD. 107, KM 1.4 | Aguadilla |
| 86-0887 | SOL PUERTO LIMITED | SHELL S/S #0108 | RD.# 10, KM. 35.7 | Adjuntas |
| 86-0888 | MANUEL SANTOS | Manuel Santos | Calle Barbosa #252 | Moca |
| 86-0905 | SOL PUERTO LIMITED | SHELL S/S #000418 | JOSE DE DIEGO ST. #406 | Arecibo |
| 86-0912 | Caribbean Petroleum Corporation | Gulf S/S #461 | RD. #103, KM 9.1 Bo Llano Tuna | Cabo Rojo |
| 86-0913 | Eduardo Ruiz Valentin | ALL STAR GAS STATION | MCKINLEY ST. #157 WEST | Mayaguez |
| 86-0914 | SOL PUERTO LIMITED | SHELL S/S #000132 | COLON ST.#150, ESQ. MARINA | Aguada |
| 86-0915 | SOL PUERTO LIMITED | SHELL S/S #003689 | RF 103, KM 5.1 | Cabo Rojo |
| 86-0928 | SOL PUERTO LIMITED | SHELL S/S #002550 | Carr 144 KM. 18.4 Bo, Jayuya Abajo | Jayuya |
| 86-0930 | Caribbean Petroleum Corporation | GULF S/S# 495 | Carr. # 101 km. 6.3 | Lajas |

3

| 86-0931 | Arsenio Rivera Valentin | Garage Villa Perez | RD. #135, KM. 75.8, YAHUECAS WARD | Adjuntas |
|---|---|---|---|---|
| 86-0932 | SOL PUERTO LIMITED | SHELL S/S #003115 | RD. #2, KM. 24, HM.7 | Aguadilla |
| 86-0933 | SOL PUERTO LIMITED | SHELL SERVICE STATION #000205 | POST ST. #101 NORTH | Mayaguez |
| 86-0935 | WILLIAM FERRER ORTIZ | Ferrer S/S | ROBERTO DIAZ #1, BDA. CANTERA | Cayey |
| 86-0938 | ibrahim abuusba abdel fattah | Abu-USBA Petroleum | DE DIEGO AVE. 1155, TRUJILLO ALTO EXPRESSWAY | San Juan |
| 86-0939 | SOL PUERTO LIMITED | SHELL S/S #00230 | RAFAEL LASA # 26 | Aguas Buenas |
| 86-0940 | SOL PUERTO LIMITED | SHELL S/S #002909 | Centro COMER. TURABO GARDENS | Caguas |
| 86-0947 | Alfonzo Gomez-Gulf Plaza Inc. | GLADIOLAS s/s | Calle Bolivia Esq. Calle Quisqueya | San Juan |
| 86-0951 | SOL PUERTO LIMITED | SHELL S/S #002542 | SAN CLAUDIO ST. RD 845 KM 4, URB. SAGRADO CORAZON | San Juan |
| 86-0952 | SOL PUERTO LIMITED | SHELL S/S #002976 | RD. #183, KM 1.5 Bo Tomas de Castro | Caguas |
| 86-0956 | SOL PUERTO LIMITED | SHELL S/S#000302 | DE DIEGO AVE. CORNER WILSON | San Juan |
| 86-0958 | SOL PUERTO LIMITED | Sheli S/S #003140 | LOMAS VERDES AVE. Esq, NOGAL CORNER | Bayamon |
| 86-0960 | Caribbean Petroleum Corporation | GULF S/S482 | FERNANDEZ JUNCOS AVE. #816 | San Juan |
| 86-0961 | SOL PUERTO LIMITED | SHELL S/S #002607 | LAUREL AVE. ESPANA CORNER Sta Juanita | Bayamon |
| 86-0962 | SOL PUERTO LIMITED | SHELL SERVICE STATION #000566 | PRINCIPAL AVE. MAGNOLIA GARD. | Bayamon |
| 86-0963 | SOL PUERTO LIMITED | SHELL S/S # 002887 | MUÑOZ RIVERA AVE., STOP 6 1/2 Puerta de Tierra | San Juan |
| 86-0964 | Sami Abraham | Abraham Petroleum  S/S | RD. 861, KM. 2.6, BO. PAJAROS | Bayamon |
| 86-0965 | SOL PUERTO LIMITED | SHELL S/S #002410 | RD. #167, KM. 15.4 Bo Buena Vista | Bayamon |
| 86-0967 | SOL PUERTO LIMITED | SHELL S/S #000019 | PONCE DE LEON #1910 Santurce | San Juan |
| 86-0968 | Wilson Acosta Anaya | Acosta S/S | RD. #33, KM. 141.9 | Guayama |
| 86-0970 | OSCAR BARQUIN | CUATRO CALLES SERVICE STATION | RD. #3, KM. 130.4 | Arroyo |
| 86-0973 | SOL PUERTO LIMITED | SHELL SERVICE STATION #002810 | RD. #3, KM. 57.1 | Ceiba |
| 86-0977 | Juan Simmons/Michele Diaz de Simmons | Villa Graciela S/S (EXSHELL S/S #002372 | RD. #189, KM. 13.2 | Juncos |
| 86-0979 | YAMIL ABDEL RAHMAN | Eureka #3 gas Station | RD. 3, KM. 71.5, PUNTA SANTIAGO | Humacao |
| 86-0988 | SOL PUERTO LIMITED | SHELL S/S #002429 | RD. #3 KM 23.7 | Rio Grande |
| 86-0993 | SOL PUERTO LIMITED | SHELL S/S #000558 | BARCELO ST. | Barranquitas |

4

| 86-0994 | SOL PUERTO LIMITED | SHELL S/S #001244 | 4 DE JULIO ST. | Orocovis |
|---|---|---|---|---|
| 86-0997 | SOL PUERTO LIMITED | SHELL S/S #003220 | LOS DOMINICOS AVE. CORNER 25ST., BARRIO MIRAFLORES | Bayamon |
| 86-1000 | SOL PUERTO LIMITED | SHELL S/S # 001821 | SAN JOSE ST. #5 | Aibonito |
| 86-1001 | SOL PUERTO LIMITED | SHELL S/S #804681 | RD. 155, KM. 55.1 Carr Morovis a Vega Baja, BARAHONA WARD | Morovis |
| 86-1003 | Santa Paula Oil | Santa Paula Altamira s/s | RD. #19, KM. 1, HM. 0, ALTAMIRA | Guaynabo |
| 86-1004 | SOL PUERTO LIMITED | SHELL S/S #002305 | RD.152 KM. 17.2 | Naranjito |
| 86-1005 | ISRAEL BENITEZ | HATO TEJAS GAS STATION | RD. #2, KM. 13.9, HATO TEJAS | Bayamon |
| 86-1014 | Jean Michel Merhi | hato tejas S/S | RD #2, KM. 16.2, CANDELARIA WARD | Toa Baja |
| 86-1016 | EDDIE MORALES | Pueblito del Rio S/S | RD. #31 km 17.2, PUEBLITO DEL RIO | Las Piedras |
| 86-1024 | SOL PUERTO LIMITED | SHELL S/S # 003697 | RD. PR-177, INT. PR-833 Calle Muro Muñoz Rivera, SEC.L. FRAILES URB.MU¥OZ RIVERA | Guaynabo |
| 86-1030 | SOL PUERTO LIMITED | SHELL S/ S #002690 | RD. 856, KM. 0.7 Bo CANOVANILLAS WARD | Carolina |
| 86-1041 | SOL PUERTO LIMITED | SHELL S/S # 002593 | RD. 132, KM. 12.1 | Peñuelas |
| 86-1044 | Jose Maldonado | Garage Puente Alonso | CARR. #132, KM. 6.0, Barreno Ward. | Guayanilla |
| 86-1046 | SOL PUERTO LIMITED | SHELL S/S #001740 | G. MARTINEZ #2 | Sabana Grande |
| 86-1048 | FELIX GONZALEZ | Atlantic S/S | 25 DE JULIO ST. # 60 Esq Mercado | Yauco |
| 86-1049 | RAMON RODRIGUEZ | PINO SERVICE STATION | MARINA ST. CORNER JOBOS | Ponce |
| 86-1053 | SAN JUAN OIL COMPANY | Servicentro de Panamá #4 | RD. #1, KM. 108.1, PLAYITA CORTADA WARD | Santa Isabel |
| 86-1054 | SOL PUERTO LIMITED | SHELL S/S #002666 | RD. 149, KM. 65.0 Bo Guayabal, GUAYABAL WARD | Juana Diaz |
| 86-1055 | SOL PUERTO LIMITED | SHELL S/S #000736 | BARBOSA ST. | Juana Diaz |
| 86-1056 | SOL PUERTO LIMITED | SHELL S/S #002720 | YAGUER ST. #12 | Guanica |
| 86-1060 | SOL PUERTO LIMITED | SHELL S/S #002852 | RD. 3, KM. 139.9 | Guayama |
| 86-1061 | SOL PUERTO LIMITED | SHELL S/S #003646 | RD. #14, KM. 32.5 | Coamo |
| 86-1062 | SOL PUERTO LIMITED | SHEL S/S # 001260 | RD. #1, KM. 89.4 | Salinas |
| 86-1072 | ESSO STANDARD OIL CO PR | ESSO S/S 3P-047 | MONSERRATE AND R. CLEMENTE AVES., VILLA CAROLINA | Carolina |
| 86-1076 | ESSO STANDARD OIL CO PR | ESSO S/S CO-301 | RD. 2 KM 157.4 Bo. Sabalos, SABALOS WARD | Mayaguez |

5

| 86-1080 | ESSO STANDARD OIL CO PR | ESSO S/S CO-016 | AMERICO MIRANDA AVE. & 42 ST. Reparto Metropolitano | San Juan |
|---------|-------------------------|-----------------|------------------------------------------------------|----------|
| 86-1081 | ESSO STANDARD OIL CO PR | ESSO S/S CO-003 | RD. 19 KM. 1.2 Altamira | Guaynabo |
| 86-1087 | ESSO STANDARD OIL CO PR | ESSO S/S CO-161 | ROAD 172 KM. 7.6 Bo Certenejas, CERTENEJAS WARD | Cidra |
| 86-1093 | ESSO STANDARD OIL CO PR | ESSO S/S CO 240 | ROAD 183 KM 4.6 Bo Tomas de Castro, TOMAS DE CASTRO WARD | Caguas |
| 86-1094 | ESSO STANDARD OIL CO PR | ESSO S/S CO-241 | RD 189 KM 2.6 | Caguas |
| 86-1097 | ESSO STANDARD OIL CO PR | ESSO S/S CO-269 | RD. 1 KM. 30.8 Bo. LA Guasara, LA GUASARA WARD | Caguas |
| 86-1101 | ESSO STANDARD OIL CO PR | ESSO S/S CO-175 | Calle Ignacio Arzuaga #102 W, Villa Carolina | Carolina |
| 86-1102 | ESSO STANDARD OIL CO PR | ESSO S/S CO-176 | BALDORIOTY DE CASTRO AVE.# 22 Villamar | Carolina |
| 86-1103 | Antonio Torres Montes | TB Petroleum  (Ex ESSO S/S CO-177) | RD 190 KM 1.5 barrio Sabana Abajo | Carolina |
| 86-1107 | ESSO STANDARD OIL CO PR | ESSO S/S CO-184 | Ave. 65 de Infantería km. 5.8, Ave. Campo Rico  San Martín | Carolina |
| 86-1118 | ESSO STANDARD OIL CO PR | ESSO S/S CO-004 | Ave. Jesús T. Piñero # 1771 Summit Hills | San Juan |
| 86-1119 | ESSO STANDARD OIL CO PR | ESSO S/S CO-006 | ESCORIAL AVE. #557 Caparra heights | San Juan |
| 86-1128 | ESSO STANDARD OIL CO PR | ESSO S/S CO-020 | Ave. Ponce de León Esq. Borinquen # 1901, Barrio Martín Peña | San Juan |
| 86-1137 | ESSO STANDARD OIL CO PR | ESSO S/S CO-040 | PIÑEIRO AVE. #1024, PUERTO NUEVO | San Juan |
| 86-1139 | ESSO STANDARD OIL CO PR | ESSO S/S CO-185 | RD. 1 KM. 13.4 Urb Antonsanti | San Juan |
| 86-1142 | ESSO STANDARD OIL CO PR | ESSO S/S CO-205 | Calle Loíza # 2207, Santa Teresita | San Juan |
| 86-1144 | ESSO STANDARD OIL CO PR | ESSO S/S CO-218 | RD. 842 KM. 1.2 BO. Caimito Abajo | San Juan |
| 86-1153 | ESSO STANDARD OIL CO PR | ESSO S/S CO-064 | Ave. Betances, Hermanas Dávila | Bayamon |
| 86-1155 | ESSO STANDARD OIL CO PR | ESSO S/S CO-072 | ROAD 165 KM 4.7, QUEBRADA CRUZ WARD | Toa Alta |
| 86-1159 | ESSO STANDARD OIL CO PR | ESSO S/S CO-097 | MINILLAS & HOSTOS AVES. | Bayamon |
| 86-1178 | ESSO STANDARD OIL CO PR | ESSO S/S CO-450 | RD 111 KM. 0.7, NUEVA AVE. | Utuado |
| 86-1184 | ESSO STANDARD OIL CO PR | ESSO S/S CO-120 | CLUB ROTARIOS AVE. ESQ. SAN LUIS | Arecibo |
| 86-1187 | ESSO STANDARD OIL CO PR | ESSO S/S CO-294 | RD. 2 KM. 121.4 Sector Victoria | Aguadilla |
| 86-1194 | ESSO STANDARD OIL CO PR | ESSO S/S CO-300 | Calle Post # 929 Sur | Mayaguez |
| 86-1200 | ESSO STANDARD OIL CO PR | ESSO S/S CO-371 | LUNA ST. #22 | San German |
| 86-1202 | ESSO STANDARD OIL CO PR | ESSO S/S CO-379 | Carr. 100, INT.Carr 311 | Cabo Rojo |

| 86-1207 | ESSO STANDARD OIL CO PR | ESSO S/S CO-367 | GUADALUPE ST. END | Ponce |
|---|---|---|---|---|
| 86-1208 | ESSO STANDARD OIL CO PR | ESSO S/S CO-368 | URB. MERCEDITA 92 | Ponce |
| 86-1216 | Roberto Rodriguez | barinas S/S (Ex-ESSO S/S CO-409) | RD. 335, KM. 1.6 BARINAS WARD | Yauco |
| 86-1228 | ESSO STANDARD OIL CO PR | Esso S/S CO-463 | Carr. 3 km. 140.7 | Guayama |
| 86-1233 | ESSO STANDARD OIL CO PR | ESSO S/S CO-243 | Calle José de Diego # 214 | Cayey |
| 86-1235 | ESSO STANDARD OIL CO PR | ESSO S/S CO-274 | RD. 1, KM. 49.8, BEATRIZ WARD | Cidra |
| 86-1240 | ESSO STANDARD OIL CO PR | ESSO S/S 2P-180 | Carr. 2 KM 56.9 Barrio Macho | Ceiba |
| 86-1242 | ESSO STANDARD OIL CO PR | ESSO S/S 2P-233 | ROAD 185 KM 2.6 | Canovanas |
| 86-1249 | Manuel Rodriguez Velazquez | Manuel Service Station | BARBOSA AVE. #107 | Las Piedras |
| 86-1254 | Anibal Fragoso | Casa Blanca Service Station | RD. 983, KM. 1.2 | Luquillo |
| 86-1257 | ESSO STANDARD OIL CO PR | ESSO S/S DO-215 | RD. 976, KM. 2.6 | Fajardo |
| 86-1259 | ESSO STANDARD OIL CO PR | ESSO S/S 189 | RD. 189, KM. 8.6, BARRAZAS WARD | Carolina |
| 86-1271 | TEXACO PUERTO RICO INC | Texaco # 320 Pedro Cabrera S/S | BARBOSA ST., CORNER EMMANUELLI | San Juan |
| 86-1275 | ESSO STANDARD OIL CO PR | ESSO S/S 3P-089 | RD MUNOZ RIVERA 11 | Toa Baja |
| 86-1276 | Marcopex/Global Staion GRoup | Global Station Group | LOS DOMINICOS ESQ. SABANA SECA | Toa Baja |
| 86-1278 | Nelson Rivera Montesino | G.G. Fuel (Antes ESSO S/S 2P-085) | RD. 152, KM. 12.3 Cedro Arriba, CEDRO ARRIBA WARD | Naranjito |
| 86-1294 | Estaciones de Servicio Unidas Inc | Santana S/S (ExESSO S/S 2P-129) | CARR. 32, KM. 66.6 Bo Santana | Arecibo |
| 86-1298 | Oscar Varela | ESSO S/S 2P-130 | CARR. 639, RAMAL, SABANA HOYOS WARD | Arecibo |
| 86-1320 | ANGEL PERÉZ ESTEVEZ | Colegas S/S | RD. 119, KM. 31.2, HOYA MALA WARD | San Sebastian |
| 86-1321 | ESSO STANDARD OIL CO PR | ESSO S/S SC-313 | RD. 467, KM. 2.3, BORINQUEN WARD | Aguadilla |
| 86-1322 | Miguel E. Monroig | Garaje Esso Salto | RD. 445, KM. 2.0, SALTOS WARD | San Sebastian |
| 86-1325 | JOAQUIN CAPELLA BARRETO | JOAQUIN CApELLA | RD. 459, KM. 5.2, CALERO WARD | Aguadilla |
| 86-1333 | Caribbean Petroleum Corporation | Estacion de Gasolina Gulf #424 | RD. 402 KM km 2.2 Bo Marias | Anasco |
| 86-1335 | Eduardo Ruiz Valentín | EX ESSO S/S 2P-314 | ROAD 2 KM 143 & ROAD 402, BO. CARACOL | Anasco |
| 86-1344 | José Méndez, Jr. | PESCADERIA ROSAS, INC. | Carr. Principal 1158, Bo. Puerto Real | Cabo Rojo |
| 86-1347 | Julio Lopez Rodriguez | Lopez Gas Station ( EXESSO S/S 2P-312) | ROAD 110, KM 4.4, CALERO WARD | Aguadilla |
| 86-1349 | MIGUEL CHABRIER | CH Gasolinas | #2 JOBOS ST., COTO LAUREL WARD | Ponce |
| 86-1352 | Felipe Casta Frias | Estación Garaje San Jose | CARR. 135 KM. 63.0 | Lares |

7

| 86-1356 | FELIPE PIAZZA MORESHI | Estacion Felipe Piazza | ROAD 372 KM 7.8, DUEY WARD | Yauco |
|---|---|---|---|---|
| 86-1357 | Jaime Escobales | Roberto Escobales | ROAD 135 KM 75.9, Yahuecas ward | Adjuntas |
| 86-1358 | Jose Maldonado | Maxxan Corp | ROAD 378 KM 1.5, MACANA WARD | Guayanilla |
| 86-1359 | Heriberto Muñoz | Garage Muñoz | 25 DE JULIO #19- A | Yauco |
| 86-1360 | PEDRO RULLAN ROMERO | GARAJE EL 22 | Rd. 128 Km. 25.9 Rubias Wd. | Yauco |
| 86-1361 | CARLOS RIOS | ESSO S/S 2P-424 | DR. BARBOSA ST. #24 | Adjuntas |
| 86-1370 | Angel L. Santana | Excel S/S | ROAD 3 KM 88.5, AGUACATE WARD | Yabucoa |
| 86-1371 | Moises Velazquez | Pitahayas S/S | RD. 924 KM 3.3 BO PITAHAYA, PITAHAYAS WARD | Humacao |
| 86-1377 | ESSO STANDARD OIL CO PR | ESSO S/S 2P-438 | RD. 14 KM 48.7 Bo Asomante, ASOMANTE WARD | Aibonito |
| 86-1462 | OCTAVIO SANTINI | Papirin S/S | RD. 771, KM. 2.5 | Barranquitas |
| 86-1543 | ISRAEL BENITEZ | barahona (ExTexaco Barahona S/S # 375) | ROAD 633 KM. 3.6 | Morovis |
| 86-1548 | AGUSTIN PEREZ RODRIGUEZ | APR Candelaria (ExTexaco-Candelaria S/S # 236) | RD 2 KM. 19.6, CANDELARIA WARD | Toa Baja |
| 86-1552 | TEXACO PUERTO RICO INC | Texaco Carrizales S/S # 563 | P.R. 2 KM. 85.2, CARRIZALES WARD | Hatillo |
| 86-1555 | Taco gas Inc/Jaime Prieto Silva | Zulu GAs Station /Formel Marine Services (Ex Optimum (ExTexaco- Fernandez Juncos S/S # 203) | FERNANDEZ JUNCOS AVE. & VICTOR LOPEZ ST. | San Juan |
| 86-1560 | TEXACO PUERTO RICO INC | Texaco- Levittown S/S # 299 | COMERIO AVE. & SABANA SECA, LEVITTOWN | Toa Baja |
| 86-1564 | TEXACO PUERTO RICO INC | Texaco Miramar S/S #217 | FERNANDEZ JUNCOS & ESTADO ST, MIRAMAR | San Juan |
| 86-1565 | ENRIQUE ROLON RIVERA | MOROVIS S/S | RD. 155 KM. 48.8 | Morovis |
| 86-1566 | Angel Rivera | Angel Rivera S/S (AntesTexaco Parque S/S #330) | ROOSEVELT AVE. #950, PUERTO NUEVO | San Juan |
| 86-1586 | TEXACO PUERTO RICO INC | Texaco- Villa S/S # 501 | CARR. 2 KM. 77.1 | Arecibo |
| 86-1589 | TEXACO PUERTO RICO INC | Texaco- Javier Espinosa # 573 | ROAD # 2 KM. 98.0, COCOS WARD | Quebradillas |
| 86-1597 | TEXACO PUERTO RICO INC | Pablo R. Colon S/S | ROAD 152 KM 2.2 | Barranquitas |
| 86-1605 | TEXACO PUERTO RICO INC | Texaco- Efraln González S/S #579 | RD. 129 KM. 13.6 | Hatillo |
| 86-1606 | TEXACO PUERTO RICO INC | Texaco- Hector Martinez S/S # 528 | ROAD 10 KM. 67, BO. HATO VIEJO | Arecibo |
| 86-1622 | FERDINAND VELEZ FIGUEROA | SERVICENTRO VELEZ | RD. 129, KM. 10.5, BUENOS AIRES WARD | Lares |
| 86-1624 | GUSTAVO LOURIDO | Lourido S/S | Carr. 140, Calle Ramón Torres #99 | Florida |
| 86-1633 | Gerard Gil Bonar | WILLIAM RODRIGUEZ #312 | Road 2 Km. 22.4 | Toa Baja |
| 86-1640 | TEXACO PUERTO RICO INC | JOSE TOLEDO # 518 | ROAD 130 KM 4.8, LECHUGA WARD | Hatillo |
| 86-1699 | Alberto Contreras | Global SAINT JUST (Ex Texaco S/S #344) | ROAD 848 KM 1.2, SAINT JUST | Trujillo Alto |

8

| 86-1 702 | ISRAEL BENITEZ | VILLA FONTANA S/S (EX Texaco #370) | 99 ST. BLQ. 99 NUM. 7, VILLA FONTANA | Carolina |
|---|---|---|---|---|
| 86-1 705 | YAMIL ABDEL RAHMAN | Eureka Gas Station # 4 | 65TH INFANTRY AVE KM 25.5, Bo.Guzman | Rio Grande |
| 86-1 730 | TEXACO PUERTO RICO INC | ROSA M ALGARIN S/S #340 | PR 31 KM 18.3 | Juncos |
| 86-1 743 | TEXACO PUERTO RICO INC | ITURREGUI S/S #371 | ITURREGUI AVE. CORNER 413 ST., URB. COUNTRY CLUB | San Juan |
| 86-1 750 | TEXACO PUERTO RICO INC | MUNOZ RIVERA S/S #230 | MUÑOZ RIVERA AVE. #560 | San Juan |
| 86-1 765 | Alberto Contreras | Rock S/S | RD. 1, KM. 20.3, Bo. Tortugo | San Juan |
| 86-1 766 | TEXACO PUERTO RICO INC | NILDA ROSA COLON S/S #253 | RD. 173, KM. 0.3 | Cidra |
| 86-1 769 | TEXACO PUERTO RICO INC | LUIS MONTANO #301 | INDUSTRIAL AVE. #2 | Cayey |
| 86-1 770 | TEXACO PUERTO RICO INC | RAFAEL RIVERA S/S #304 | Carr. 156 KM. 52.1 | Aguas Buenas |
| 86-1 779 | TEXACO PUERTO RICO INC | JORGE L. PEREZ S/S #396 | RD. 172  KM. 5.8, CAÑABONCITO WARD | Caguas |
| 86-1 787 | JOSE BATIZ MELENDEZ | TEXACO FERROCARRIL S/S 801 | FERROCARRIL ST. CORNER HOSTOS | Ponce |
| 86-1 795 | TEXACO PUERTO RICO INC | HORMIGUEROS S/S #675 | ROAD # 2 KM. 166.0 | Hormigueros |
| 86-1 796 | TEXACO PUERTO RICO INC | JARDINES DEL CARIBE S/S #869 | ROAD # 132 KM.23.6, CAÑAS WARD | Ponce |
| 86-1 798 | TEXACO PUERTO RICO INC | LAJAS ARRIBA S/S #661 | ROAD 117 INT. 118, SANTA ROSA WARD | Lajas |
| 86-1809 | Two J&T Corp | MERCEDITA S/S (Ex Texaco #848_ | RD. #1 KM. 122.6, BO. Calzada | Ponce |
| 86-1816 | TEXACO PUERTO RICO INC | VILLA ROSA S/S #805 | RD. 3 KM. 135.8, URB. VILLA ROSA | Guayama |
| 86-1817 | TEXACO PUERTO RICO INC | VILLA STREET #845 | VILLA ST. #282 | Ponce |
| 86-1826 | Eduardo Ruiz Valentin | All Star ( Ex Texaco #667) | RD. 102, KM. 23.9 Monte Grande | Cabo Rojo |
| 86-1830 | TEXACO PUERTO RICO INC | CARLOS JIMENEZ ROMAN S/S #684 | RD. #119, KM. 25.8 | San Sebastian |
| 86-1836 | Sucesion Leonides Perez | GARAJE PEREZ | RD.119 KM. 23.2, Bo. Aibonito | San Sebastian |
| 86-1841 | TEXACO PUERTO RICO INC | HECTOR RIOS S/S # 835 | RD. 10 KM. 0.2, SALIDA UTUADO | Adjuntas |
| 86-1848 | TEXACO PUERTO RICO INC | NORYLUZ VELEZ S/S # 654 | RD. BOQUERON, KM. 13.9 | Cabo Rojo |
| 86-1850 | TEXACO PUERTO RICO INC | DAVID SOTO S/S 631 | CUESTA NUEVA, KM. 142.4 | Aguadilla |
| 86-1851 | TEXACO PUERTO RICO INC | TEODORO ROSA S/S #636 | VICTORIA AVE. #485 | Aguadilla |
| 86-1858 | Pedro Acosta Crousset | Quemado # 1 | Carr 106 km 4.7 Bo Quemado | Mayaguez |
| 86-1870 | Luis Martinez | LUIS MARTINEZ  (Relacion Total 2162) S/ #873 | RD.1, KM. 87.3, Bo. Coco Viejo | Salinas |
| 86-1871 | TEXACO PUERTO RICO INC | Edwin Almodovar  S/S # 865 | Calle Berdon #20 Carr. 116 KM 17.1, La Costa | Ensenada |

9

| 86-1874 | Aquiles Quiñones Ortiz | Las Colinas S/S | RAMAL 116, KM 1.0 ENSENADA | Guanica |
|---|---|---|---|---|
| 86-1875 | Carlos Rivera Nazario | Gasolinas Triunfo  S/S | JOSE I. QUINTON ST. #29 | Coamo |
| 86-1876 | Samuel Vera Soto | Sammy's Service Station | RD. 435 INT PR 433, CALABAZAS WARD | San Sebastian |
| 86-1877 | TEXACO PUERTO RICO INC | Texaco LUIS R. ABRAHAM # 830 | SAN JOSE ST. #231 | Aibonito |
| 86-1878 | TEXACO PUERTO RICO INC | ILIA IRIZARRY S/S #620 | 65 DE INFANTERIA ST. #21 | Lajas |
| 86-2021 | Celestino Rosado Alejandro | San Patricio S/S  (Ex GULF #383) | CARR #187 KM 10.6, Calle San Patricio 21 | Loiza |
| 88-0005 | TEXACO PUERTO RICO INC | SABANA SECA S/S #306 | STATE ROAD 867 KM 0.1, SABANA SECA WARD | Toa Baja |
| 89-0174 | AMERICAN PETROLEUM CORPORATION | American petroleum  Post S/S | Carr. #2 KM 186.5, Calle Post esq Cuatro Hermanos | Mayaguez |
| 89-0178 | ESSO STANDARD OIL CO PR | ESSO S/ S 2P-329 | RD.111 KM 4.5 Bo. Pueblo | Moca |
| 89-0204 | Cecilia Lancara | EXPRESS AUTO S/S | RD 185 KM 3.2, CAMPO RICO WARD | Canovanas |
| 90-0031 | Santa Paula Oil | SANTA PAULA OIL | PALMA ST. #1304 | San Juan |
| 90-0043 | TEXACO PUERTO RICO INC | JORGE DAVID CASTRODAD S/S#324 | JOSE DE DIEGO ST. #2 RD 172, EXIT COMERIO | Cidra |
| 90-0077 | VICTOR M TORRES, JULIO TORRES | Cerro Gordo S/S | RD.916 KM 1.0, CERRO GORDO | San Lorenzo |
| 90-0104 | NICOLAS A. PEREZ FELICIANO | NICOLAS A. PEREZ FELICIANO | UNION ST. #104, KM 5.9 RD 101 | Lajas |
| 91-0048 | TEXACO PUERTO RICO INC | Russell Santiago S/S #305 | Carr #887 KM. 2 HM. 3, Bo. San Anton | Carolina |
| 91-0056 | Total Petroleum Puerto Rico Corp. | Total Petroleum #1014 | TRUJILLO ALTO EXW.& PARK GARDENS | Trujillo Alto |
| 91-0063 | V B INVESTMENT, INC. | VB Investment, Inc. | RD 1 KM 57.7, Montellano Ward | Cayey |
| 91-0095 | Hauger Martin Hau | Martin Shell Service Center | RD 2, KM 110.1, Arenales Bajos Ward | Isabela |
| 91-0097 | Total Petroleum Puerto Rico Corp. | Total Petroleum# 3290 | RD. 102 KM 222.4, PUEBLO WARD | Sabana Grande |
| 91-0140 | Total Petroleum Puerto Rico Corp. | Total Petroleum #1241 | LAGO ALTO SHOPPING CENTER | Trujillo Alto |
| 91-0190 | SOL PUERTO LIMITED | SHELL S/S #805033 | RD 153 KM 6.9 Coamo By Pass | Coamo |
| 91-0197 | TEXACO PUERTO RICO INC | EL PALMAR S/S # 685 | RD.111 KM 2.6 | Aguadilla |
| 91-0232 | SOL PUERTO LIMITED | SHELL S/S #003964 | RD 883 KM 4.5 Santa Rosa | Guaynabo |
| 91-0263 | SOL PUERTO LIMITED | SHELL S/S #003972 | RD 129 & 134, KM 15.2, BAYANEY WARD | Hatillo |
| 91-0277 | SOL PUERTO LIMITED | SHELL S/S #804096 | MAYOR CANTERA CORNER ACUEDUCTO | Ponce |
| 91-0381 | Total Petroleum Puerto Rico Corp. | GPR #1311 | RD 2, KM 22.3, PAMPANOS WARD | Ponce |
| 91-0397 | Total Petroleum Puerto Rico Corp. | Total Petroleum #1246 | RD 150 KM 18.7 | Coamo |

10

| 92-0001 | ESSO STANDARD OIL CO PR | ESSO S/S 43441 | RD. 144 KM. 4.4 | Jayuya |
|---------|-------------------------|----------------|-----------------|--------|
| 93-0002 | SAN JUAN OIL COMPANY | Servicentro de Panama #5 | HOSTOS AVE. #1128 | Ponce |
| 93-0060 | Total Petroleum Puerto Rico Corp. | GASOLINAS DE PUERTO RICO #2135 | RD. 119 | Camuy |
| 94-0132 | GARAGE MOLINO INC | Sunrise Gas Station | RD. 111 KM. 3.6 | Lares |
| 94-0142 | Ernesto Santiago | Family Service Station #1 (Antes garaje el Punto) | RD. 782 KM 9.3, NARANJO WARD | Comerio |
| 94-0163 | Jose Perez de Leon | Cheo S/S I | RD. 165 KM 5.7 INT. RD. 824, QUEBRADA CRUZ WARD | Toa Alta |
| 96-0032 | ANTONIO DE JESUS | Gel S/S Borinquen Service Station | Road 2 Km. 6507, Bo. Factor 1 | Arecibo |
| 98-0128 | Guillermo A. Passalacua | Charneco S/S | Ponce de León esq. calle Cayey | San Juan |

# EXHIBIT E

# McDermott
# Will&Emery



Mar 30 2012
9:55AM

Boston  Brussels  Chicago  Düsseldorf  Houston  London  Los Angeles  Miami  Milan
Munich  New York  Orange County  Paris  Rome  Silicon Valley  Washington, D.C.

Strategic alliance with MWE China Law Offices (Shanghai)

Stephen J. Riccardulli
Attorney at Law
sriccardulli@mwe.com
+1 212 547 5579

March 29, 2012

**BY ELECTRONIC MAIL AND LNFS**

Leonard Z. Kaufmann, Esq.
Cohn Lifland Pearlman Herrmann & Knopf LLP
Park 80 West - Plaza One
250 Pehle Ave., Suite 401
Saddle Brook, NJ 07663

> Re:  *NJDEP, et al., v. Atlantic Richfield Co. et al.,* No. 08-CIV-00312
>       Plaintiffs' Failure to Respond to Letters re: Outstanding Discovery

Dear Lenny:

I write to follow up on Defendants' outstanding requests for documents and information. To date, Plaintiffs have failed to respond to several letters addressing deficiencies in Plaintiffs' production. As you are aware, these requests are months old, and many were previously identified in a deficiency letter sent by Defendants in October 2011. (*Letter from S. Riccardulli to L. Kaufmann* (Oct. 28, 2011).) Please produce the documents identified below by no later than April 12, 2012. If you believe any have already been produced, please provide us with the bates range(s) for the responsive documents.

1. The following documents identified during the October 4, 2011 deposition of Gary Lipsius (November 9, 2011, letter from Lesley Lawrence-Hammer to Leonard Kaufmann):
   a. Mr. Lipsius' field log notebook;
   b. an Access database Mr. Lipsius used to track the sites he managed; and
   c. an Excel spreadsheet Mr. Lipsius used to track the time he spent working on cases.

2. The following documents identified during the February 3, 2011 deposition of Gary Lipsius (November 7, 2011, letter from Shelly Geppert to Leonard Kaufmann):
   a. A privilege log for document NJDEP-SS-EMAIL-GLipsius-00005947, which was clawed back by Plaintiffs at the deposition;
   b. the Louis Berger Group term contract; and
   c. materials related to the MySQL computer program, which Mr. Lipsius used to track cases he worked on.

Leonard Z. Kaufmann, Esq.
March 29, 2012
Page 2

3. A-280 sampling results, discussed during the deposition of Barker Hamill (July 1, 2011, letter from Lisa Gerson to Leonard Kaufmann, and August 18, 2011, letter from Kevin Bruno to Leonard Kauffman).

4. A replacement witness for Richard Sullivan (August 8, 2011, email from James Maher to Leonard Kauffman).

5. The following materials identified during the 30(b)(6) deposition on organizational structure and decision-making (August 18, 2011, letter from Kevin Bruno to Leonard Kauffman):

   a. An Access Database containing the hazardous substances list;
   b. all responsive, non-privileged historical files used to develop the regulations concerning discharges of petroleum and other hazardous substances;
   c. copies of all meeting minutes of the Drinking Water Quality Institute that are not publicly available;
   d. copies of all meeting minutes of the Drinking Water Quality Institute's Health Effects Subcommittee, Testing Subcommittee and Treatment Subcommittee, which are not publicly available;
   e. meeting minutes of the committee concerning rule promulgation for soil remediation standards;
   f. the Bureau of Environmental Evaluation and Risk Assessment's guidance document concerning soil clean-up standards;
   g. Standard Operating Procedure concerning soil clean-up standards;
   h. ground water and surface water guidance documents concerning investigation and remediation;
   i. all responsive, non-privileged materials relating to the development of technical regulations and soil remediation clean-up standards;
   j. the New Jersey Outdoors article discussing how NJDEP assesses injury (Plaintiffs did respond to this request by indicating that Mr. Sacco could not locate his copy of the article. See letter from Leonard Kaufmann to Kevin Bruno and Dawn Ellison, dated August 24, 2011. Please confirm that this article is not available from other sources within the NJDEP.);
   k. guidance document concerning the use of certain language in No Further Action Letters; and
   l. all electronic loose files and emails responsive to any of the noticed deposition topics.

6. The reliance materials requested by Defendants regarding Plaintiffs' January 16, 2012 trial site re-delineations (January 11, 2012, letter from Stephen Riccardulli to Michael Axline & Leonard Kaufmann).

Leonard Z. Kaufmann, Esq.
March 29, 2012
Page 3

Defendants are also in the process of reviewing Plaintiffs' supplemental production of hard copy files related to the 19 trial sites. Following this review, Defendants will follow up on any additional deficiencies related to the trial sites, as necessary.

We look forward to your prompt response. Please do not hesitate to contact me with any questions.

Very truly yours,

*Stephen J. Riccardulli*

Stephen J. Riccardulli

cc: All counsel of record via LNFS

# EXHIBIT F

## Gerson, Lisa

| | |
|---|---|
| **From:** | Gerson, Lisa |
| **Sent:** | Tuesday, April 24, 2012 9:41 AM |
| **To:** | 'Leonard Z. Kaufmann' |
| **Cc:** | mdl1358@weitzlux.com; MDL1358 |
| **Subject:** | RE: Letter to L. Kaufmann re Outstanding Discovery Letters |

Lenny,
We were expecting a response by April 20th. Please confirm that you will be responding this week.

Thank you.

Lisa A. Gerson
McDermott Will & Emery LLP
340 Madison Avenue
New York, NY 10173
Tel: 212-547-5769
Fax: 646-224-8675

**From:** Leonard Z. Kaufmann [mailto:LZK@NJLAWFIRM.COM]
**Sent:** Wednesday, April 11, 2012 8:01 AM
**To:** Gerson, Lisa
**Cc:** mdl1358@weitzlux.com; MDL1358
**Subject:** RE: Letter to L. Kaufmann re Outstanding Discovery Letters

Lisa – we will be responding to defendants' letter. The response will not be complete by April 12; more likely by April 20.

**From:** Gerson, Lisa [mailto:LGerson@mwe.com]
**Sent:** Thursday, March 29, 2012 7:16 PM
**To:** Leonard Z. Kaufmann
**Cc:** mdl1358@weitzlux.com; MDL1358
**Subject:** NJ: Letter to L. Kaufmann re Outstanding Discovery Letters

Lenny,
Please see the attached letter. The same will be served on all counsel of record by LNFS.

Regards,

Lisa A. Gerson
McDermott Will & Emery LLP
340 Madison Avenue
New York, NY 10173
Tel: 212-547-5769
Fax: 646-224-8675

****************************************************************************************************

IRS Circular 230 Disclosure: To comply with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained herein (including any attachments), unless specifically stated otherwise, is not intended or written to be used, and cannot be used, for the purposes of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter herein.

This message is a PRIVILEGED AND CONFIDENTIAL communication. This message and all attachments are a private

# EXHIBIT G

# McDermott
# Will&Emery



Boston  Brussels  Chicago  Düsseldorf  Houston  London  Los Angeles  Miami  Milan
Munich  New York  Orange County  Paris  Rome  Silicon Valley  Washington, D.C.

Strategic alliance with MWE China Law Offices (Shanghai)

Stephen J. Riccardulli
Attorney at Law
sriccardulli@mwe.com
+1 212 547 5579

March 2, 2012

**BY ELECTRONIC MAIL AND LNFS**

Leonard Z. Kaufmann, Esq.
Cohn Lifland Pearlman Herrmann & Knopf LLP
Park 80 West - Plaza One
250 Pehle Ave., Suite 401
Saddle Brook, NJ 07663

> Re: *NJDEP, et al., v. Atlantic Richfield Co. et al.,* No. 08-CIV-00312
> *Defendants' Deposition Notices*

Dear Lenny:

As you will recall, during a meet and confer last fall regarding Plaintiffs' ESI production, Defendants agreed to postpone scheduling of a number of noticed depositions. This agreement stemmed from the fact that Plaintiffs' non-site-specific ESI production would not be complete until February 15, 2012. Following Plaintiffs' representation in October 2011 that their site-specific ESI was complete, Defendants resumed noticing site-specific depositions. More recently, with Plaintiffs' final ESI deadline approaching—and now passed—Defendants have noticed additional non-site-specific depositions. There are now more than 30 depositions that need to be scheduled and more will be noticed in the coming months before the close of fact discovery. At the current rate of scheduling, there is no doubt that a large back-log of depositions will remain when discovery closes in July. The purpose of the monthly deposition limit was to avoid such a back-log. Defendants have noticed the depositions in accordance with the monthly limit. As such, we expect Plaintiffs to start to produce witnesses at a rate consistent with the monthly limit, so as to avoid a larger back-log than will already exist. Defendants therefore request that dates be provided for the below deponents as soon as possible.[1, 2]

---

[1] Although the below list does not address deposition location, Defendants reserve the right to notice depositions for locations other than NJDEP's office in Trenton. Alternative locations may be noticed due to deposition-specific circumstances or to address continuing substandard room conditions at NJDEP—*e.g.* there was no working phone line readily available at the recent deposition of Frank Pinto.

[2] Certain depositions are not included on the below list because counsel taking the deposition has been in touch with you directly regarding scheduling. These include Donna Plummer, William O'Sullivan, Chris Salmi, John Elston, Sam Wolfe, the 30(b)(6) on RFG, and Tim Nuss.

U.S. practice conducted through McDermott Will & Emery LLP.

340 Madison Avenue New York New York 10173-1922 Telephone: +1 212 547 5400 Facsimile: +1 212 547 5444  www.mwe.com

Leonard Z. Kaufmann, Esq.
March 2, 2012
Page 2

Defendants remain available to discuss these issues.

Very truly yours,

*Stephen J. Riccardulli*

Stephen J. Riccardulli

cc: All counsel of record via LNFS

Leonard Z. Kaufmann, Esq.
March 2, 2012
Page 3

| Deponent/30(b)(6) Topic | Original Notice Date |
|---|---|
| Amy Cradic | 05/21/2010 |
| John Sacco [3] | 05/21/2010 |
| Sandra Kreitzman [3] | 05/21/2010 |
| Gloria Post [3] | 05/21/2010 |
| Lubow Jowa | 05/21/2010 |
| 30(b)(6) Early MTBE Remediation Sites [3] | 04/29/2011 |
| Earnest Hahn | 05/23/2011 |
| Irene Kropp | 07/29/2011 |
| Robert Soboleski | 08/18/2011 |
| Wayne Howitz | 08/19/2011 |
| Daniel Van Abs | 08/22/2011 |
| Richard Gimello | 08/26/2011 |
| Tamcrest Trial Site 30(b)(6) | 09/15/2011 |
| Grace Jacobs | 09/20/2011 |
| John Blankenship | 09/21/2011 |
| Institutional Controls 30(b)(6) | 09/26/2011 |
| Skyline 30(b)(6) | 09/29/2011 |
| Scarborough 30(b)(6) | 10/20/2011 |
| Sergio Honl | 12/09/2011 |
| NJDOT Maintenance Yard 30(b)(6) | 01/18/2012 |
| RC Cape May 30(b)(6) | 01/19/2012 |
| Bayside Prison 30(b)(6) | 01/23/2012 |
| Jason Varano | 01/24/2012 |

---

[3] Defendants anticipate that two days will be needed for these witnesses. Therefore, please propose scheduling options with consecutive days. Defendants reserve the right to hold all depositions for two days, although not specifically noted here.

Leonard Z. Kaufmann, Esq.
March 2, 2012
Page 4

| Deponent/30(b)(6) Topic | Original Notice Date |
|---|---|
| John Piccolo | 01/27/2012 |
| David Sweeney | 01/30/2012 |
| Colts Neck DWP 30(b)(6) | 01/31/2012 |
| Faith Dobry | 02/24/2012 |
| Jonathan Berg | 02/27/2012 |
| Martha Goodwin | 02/28/2012 |
| Amy Hillman | 02/29/2012 |
| Tinton Falls 30(b)(6) | 02/29/2012 |
| Maple Shade 30(b)(6)[4] | 03/23/2012 |

---

[4] Although the notice date has not yet passed for this deposition, in the interest of efficiency we include it here in the hopes that the discussion on scheduling can begin.

# EXHIBIT H

# McDermott
# Will & Emery

Boston  Brussels  Chicago  Düsseldorf  Houston  London  Los Angeles  Miami  Milan
Munich  New York  Orange County  Paris  Rome  Silicon Valley  Washington, D.C.

Strategic alliance with MWE China Law Offices (Shanghai)

Stephen J. Riccardulli
Attorney at Law
sriccardulli@mwe.com
+1 212 547 5579

March 12, 2012

**BY ELECTRONIC MAIL AND LNFS**

Leonard Z. Kaufmann, Esq.
Cohn Lifland Pearlman Herrmann & Knopf LLP
Park 80 West - Plaza One
250 Pehle Ave., Suite 401
Saddle Brook, NJ 07663

> Re:     *NJDEP, et al., v. Atlantic Richfield Co. et al.,* No. 08-CIV-00312
>          *Defendants' 30(b)(6) Deposition Notices*

Dear Lenny:

　　　This letter is a follow-up to my March 2, 2012 letter regarding Defendants' deposition notices, generally.  While Plaintiffs have offered dates for certain percipient witnesses since that time, the fact remains that *only one* of Defendants thirteen outstanding 30(b)(6) notices has been scheduled.  Defendants remain concerned with the pace at which all depositions—particularly the 30(b)(6)'s—are being scheduled.  Please proceed with providing dates for the 30(b)(6) depositions that Defendants have noticed.[1]

　　　In addition, Defendants are concerned by Plaintiffs' exceedingly delayed service of objections to Defendants' 30(b)(6) Notice on Shell Service Station #138490.  This deposition notice was served on September 26, 2011.[2]  Yet, Plaintiffs waited more than five months—until March 2, 2012—to serve objections.  Then, only *after* waiting five months to serve objections, Plaintiffs decided to seek a protective order from the Special Master, further delaying completion of this deposition.  Plaintiffs' dilatory tactics are severely threatening the discovery schedule set by this Court.

　　　Moreover, nine of the thirteen outstanding 30(b)(6) depositions were noticed for dates beginning last fall through January 2012.  Having not heard from Plaintiffs, Defendants assume that Plaintiffs are not objecting to these deposition notice.  If Plaintiffs plan to object, Defendants

---

[1] Defendants except from this request the 30(b)(6) deposition notice on RFG, which is being postponed pending the Court's decision on deliberative process privilege.

[2] The amended notice served February 7, 2012 does not justify Plaintiffs' late objections.  This notice contained no substantive changes as it was amended as to date only.

Leonard Z. Kaufmann, Esq.
March 12, 2012
Page 2

request that any such objections be served no later than March 16, 2012, although Defendants
reserve their right to argue that any such objections are untimely at this point.

Defendants remain available to discuss these issues with you.

Very truly yours,

*Stephen J. Riccardulli*

Stephen J. Riccardulli

cc:  All counsel of record via LNFS