UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X
                              :

**IN RE: METHYL TERTIARY BUTYL**   :
**ETHER ("MTBE") PRODUCTS**      :     <u>**OPINION AND ORDER**</u>
**LIABILITY LITIGATION**          :
------------------------------------------------- :    **Master File No. 1:00-1898**
                              :    **MDL 1358 (SAS)**
**This document relates to:**        :    **M21-88**
                              :
*New Jersey Department of Environmental*  :
*Protection, et al. v. Atlantic Richfield Co., et* :
*al.*, 08 Civ. 00312                     :
                              X

------------------------------------------------------

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/8/12

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I.    INTRODUCTION

        In 2008, the New Jersey Department of Environmental Protection ("NJDEP") filed a Complaint against various corporations for their use and handling of the gasoline additive methyl tertiary butyl ether ("MTBE"), alleging that MTBE contaminated New Jersey's groundwater. Defendants now move to compel the production of certain documents based on the various entries on NJDEP's November 17, 2011 and January 27, 2012 privilege logs. For the reasons set forth below, defendants' motion is denied in part and granted in part.

## II.    BACKGROUND

        In early 2011, defendants moved to compel the production of

documents that NJDEP claimed were protected under the deliberative process privilege.[1]  On March 8, 2011, I denied defendants' motion, holding that:  New Jersey's deliberative process privilege did apply; NJDEP had asserted it correctly; and defendants did not have a compelling need for the documents sufficient to overcome the protection afforded by the qualified privilege.[2]  However, I agreed with defendants that NJDEP's existing privilege log was "insufficiently detailed" and that its entries were "bare-boned."[3]  Accordingly, I ordered NJDEP to produce a revised privilege log identifying each document "with the specificity needed to demonstrate that the protected communication was pre-decisional and deliberative."[4]

On December 27, 2011, defendants conveyed to NJDEP their position that some of the entries in NJDEP's November 12, 2011 and December 1, 2011 privilege logs were still inadequate.[5]  Defendants requested that NJDEP revise the

---

[1]    *See In re MTBE Prods. Liab. Litig.*, 274 F.R.D. 106, 108-09 (S.D.N.Y. 2011).

[2]    *See id.* at 112-13, 115.

[3]    *Id.* at 112.

[4]    *Id.*

[5]    *See* 1/12/12 Letter from Peter Sacripanti to the Court ("Sacripanti Letter") at 4; 2/28/12 Letter from Stephen Riccardulli to the Court ("Riccardulli Letter") at 1-2.

privilege logs by January 27, 2012[6] and raised the issue at the January 20, 2012

status conference.[7]   During that conference, I cautioned NJDEP "[y]ou act at your

peril.  If you did not submit a revised log and I have to do challenges of that log

and you are inadequate, you will have waived that privilege."[8]   To provide NJDEP

with additional guidance, I suggested that it read two decisions of mine dealing

with deliberative process[9] — *S.E.C. v. Collins & Aikman Corp.*,[10] and *Davis v. City

of New York*.[11]   NJDEP agreed to provide a revised privilege log by January 27,

2012, noting that it understood that it would stand on the entries in its January 27

log, "win or lose."[12]

        NJDEP submitted its revised privilege log on January 27, 2012

modifying some of the entries from the December 1, 2011 log, but none of the

entries from the November 17, 2011 log.  Defendants now challenge seventy-five

of the entries in NJDEP's November 17, 2011 and January 27, 2012 logs as

---

[6]      Sacripanti Letter at 5.

[7]      *See* 1/20/12 Status Conference Transcript ("Tr.") at 26-28.

[8]      *Id.* at 27.

[9]      *Id.* at 27-28.

[10]     256 F.R.D. 403 (S.D.N.Y. 2009).

[11]     No. 10 Civ. 0699, 2011 WL 1742748 (S.D.N.Y. May 5, 2011).

[12]     Tr. at 27-28.

inadequate.[13]  Based on the Court's warning to NJDEP at the January 20, 2012

status conference, defendants ask the Court to deem the privilege waived for the

documents identified in those seventy-five log entries.[14]

## III.   APPLICABLE LAW

### A.   New Jersey's Deliberative Process Privilege

State law determines the existence and scope of privileges in diversity

actions.[15]  New Jersey's deliberative process privilege "permits the government to

withhold documents that reflect advisory opinions, recommendations, and

deliberations comprising part of a process by which governmental decisions and

policies are formulated."[16]  The privilege seeks to "ensure free and uninhibited

communication within governmental agencies so that the best possible decisions

can be reached"[17] and also "to ensure that an agency 'is judged by policy adopted,

---

[13]    *See* Riccardulli Letter at 6-8.

[14]    *See id.* at 9.

[15]    Fed. R. Evid. 501; *Dixon v. 80 Pine Street Corp.*, 516 F.2d 1278, 1281 (2d Cir. 1975) ("[I]n a diversity case, the issue of privilege is to be governed by the substantive law of the forum state.").

[16]    *In re Liquidation of Integrity Ins. Co.*, 754 A.2d 1177, 1181-82 (N.J. 2000).

[17]    *Education Law Ctr. v. New Jersey Dep't of Educ.*, 966 A.2d 1054, 1061 (N.J. 2009).

not policy merely considered.'"[18]

To qualify as privileged, a document must be both "pre-decisional" and "deliberative."[19]  Pre-decisional is defined as "generated before the adoption of an agency's policy or decision."[20]  Deliberative is defined as "contain[ing] opinions, recommendations, or advice about agency policies."[21]  Whether a document is protected under the deliberative process privilege depends "*first*, on whether the information sought is a part of the process leading to formulation of an agency's decision, and, *second*, on the material's ability to reflect or to expose the deliberative aspects of that process."[22]  "Once the threshold requirements have been proved by the government, the privilege is invoked, resulting in a presumption of confidentiality because the 'government's interest in candor is the preponderating policy and . . . the balance is said to have been struck in favor of non-disclosure.'"[23]

---

[18]     *In re MTBE*, 274 F.R.D. at 110 (quoting *Education Law Ctr.* 966 A.2d at 1061).

[19]     *Integrity*, 754 A.2d at 1182.

[20]     *Id.*

[21]     *Id*.

[22]     *Education Law Ctr.*, 966 A.2d at 1067 (emphasis added).

[23]     *Id.* at 1061 (quoting *Integrity*, 754 A.2d at 1177).

B.    **Federal Privilege Law**

Whereas "'the substantive question of privilege is decided by [state] law,' the procedural requirements for asserting a privilege in federal court are governed by federal law."[24]  Under Rule 26, a party asserting a privilege must "describe the nature of the documents, communications, or tangible things not produced or disclosed — and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."[25]  Thus, a party asserting New Jersey's deliberative process privilege in federal court must produce a "privilege log that identifies each document with the specificity needed to demonstrate that the protected communication was pre-decisional and deliberative."[26]

## IV.    DISCUSSION

As a preliminary matter, on May 1, 2012, I ordered plaintiffs to produce a number of documents to defendants following an *in camera* review during which I determined that those documents were not pre-decisional and/or not

---

[24]    *In re MTBE*, 274 F.R.D at 111 (quoting *Dixon*, 516 F.2d at 1280).

[25]    Fed. R. Civ. P. 26(b)(5)(A)(ii).

[26]    *In re MTBE*, 274 F.R.D. at 112.

6

deliberative.  Two of the documents that I ordered defendants to produce —

NJDEP-MTBE-NSSD2PR-00215 and NJDEP-ESI-00010559-10564 — are among

the seventy-five that defendants now challenge. Having already ordered plaintiffs

to produce these two documents, I do not address the sufficiency of those entries.

Defendants separate the seventy-three remaining entries into three

categories:  (1) entries which inadequately identify the decision or policy at issue;

(2) entries which inadequately describe "draft" documents; and (3) entries which

make clear that the documents were sent to a third party outside NJDEP.[27]

### A.   Entries Which Defendants Challenge as Inadequately Identifying the Decision or Policy at Issue

In order to establish that a document is "pre-decisional" and thus

potentially protected by the deliberative process privilege, NJDEP "must show that

the material was prepared to assist the agency in the formulation of some specific

decision."[28]  Thus, privilege log entries are inadequate unless they "'demonstrate

that . . . the document for which . . . privilege is claimed related to a specific

decision facing the agency.'"[29]  This does not imply that an agency must "describe

---

[27]     *See* Riccardulli Letter at 4-8.

[28]     *Tigue v. United States Dep't. of Justice*, 312 F.3d 70, 80 (2d Cir. 2002).

[29]     *Davis*, 2011 WL 1742748, at *2 (quoting *Tigue*, 312 F.3d at 80).

the specific alternative 'actions that may or may not be taken by the Department,'"[30] nor does it require that the agency identify a policy or decision that resulted from the deliberation.  Rather, the log entry sufficiently asserts that the document is pre-decisional if it demonstrates that it "was prepared to assist [the agency]'s decisionmaking on a specific issue."[31]

Because the adequacy of privilege log entries depends on whether the other parties will be able to assess the validity of the privilege claim,[32] the entries should be evaluated not in a vacuum, but in light of information that the parties can be presumed to possess.  For example, the log entry for document NJDEP-ESI-00000148 reads:

> Email from Eddie Davis to Walter Kokola regarding Five Points Exxon in Mantua Twp.  Pre-decisional and deliberative because it contains comments regarding potential enforcement actions by Department, relative to ongoing plan of action(s) which may or may not be followed.[33]

Defendants' challenge this entry because:  "No specific decision or policy identified.  References to 'potential enforcement actions' and 'ongoing plan of

---

[30]     3/13/12 Letter from Counsel for Plaintiffs to the Court ("NJDEP Letter") at 5 (quoting Riccardulli Letter at 5).

[31]     *Tigue*, 312 F.3d at 80.

[32]     *See* Fed. R. Civ. P. 26(b)(5)(A)(ii).

[33]     NJDEP Letter, Ex. D at 1.

action(s)' are too vague."[34]  However, NJDEP may be unable to point to a specific

action it ultimately took because it may have *decided* to take no action at all.

NJDEP is not required to specify the actions it considered taking because doing so

would reveal its deliberations on the issue of whether or not to take an enforcement

action at the specified site.  Nor is it necessary for NJDEP to provide a

comprehensive list of all potential enforcement actions that it might take, as

defendants are presumed to be aware of the types of enforcement actions generally

available to NJDEP.  Thus, the privilege log entries that refer to consideration of

potential actions in connection with a particular site sufficiently specify the agency

decision at issue.[35]  In contrast, entries that refer to "actions which should or should

not be taken by Department" but do not mention any site — such as the entry for

NJDEP-ESI-00004152-175 — do not adequately identify the agency decision at

issue.

The deliberative process privilege protects deliberations regarding all

decisions facing the agency; there is no limitation that it only cover deliberations

that might result in formal policies or actions.  Therefore the entry for NJDEP-

---

[34]     *Id.*

[35]     *Id.* at 5.  The entry for document NJDEP-ESI-00011805 represents
that the document is an "[a]ttachment to NJDEP-ESI-00011802 through NJDEP-
ESI-00011804."  *Id.* at 12.  Because those documents refer to potential actions in
connection with a specific site, NJDEP-ESI-00011805 is likewise protected.

MTBE-NSSD2PR-00044-47 — which asserts that the document is an "internal discussion regarding calculation of site coding percentages"[36] — is sufficient, as it asserts that the document is a deliberation about a specified policy.  While NJDEP's selection of a calculation method may not be formally published, it is nonetheless a decision that the agency needed to make.[37]

In contrast, meeting agendas — such as NJDEP-MTBE-NSSD2PR-00489 and NJDEP-ESI-00005289-5291 — are not protected by the deliberative process privilege, as they only list topics to be discussed at a future time.  Agendas are not themselves deliberative documents.[38]  Nor are documents that merely explain existing policy[39] — such as NJDEP-ESI-00000789-791, as described by its

---

[36]     NJDEP Letter, Ex. C at 1.

[37]     Similarly, the entries for documents NJDEP-ESI-00011709, NJDEP-ESI-00011751 and NJDEP-ESI-00011756 are sufficient — each asserts that the document "lists potential monitoring points," and therefore the decision that each addresses is NJDEP's decision of which monitoring points to use.  *See* NJDEP Letter, Ex. D at 10-11.

[38]     *See Fox News Network, LLC v. United States Dep't of the Treasury*, 739 F. Supp. 2d 515, 550-51 (S.D.N.Y. 2010) ("Five documents are emails containing agendas for conference calls . . . .  Nothing about these conference call agendas is deliberative. Accordingly, they must be released in full . . . .").

[39]     *See Davis*, 2011 WL 1742748, at *2 ("'The privilege also does not extend to materials related to the explanation, interpretation or application of an existing policy, as opposed to the formulation of a new policy.'") (quoting *Resolution Trust Corp. v. Diamond*, 137 F.R.D. 634, 641 (S.D.N.Y. 1991).

privilege log entry.[40]

      For these reasons, the privilege log entries for the following documents do not adequately identify the decision at issue, and are facially insufficient:

NJDEP-MTBE-NSSD2PR-00003-6
NJDEP-MTBE-NSSD2PR-00235
NJDEP-MTBE-NSSD2PR-00297-301
NJDEP-MTBE-NSSD2PR-00446-7
NJDEP-MTBE-NSSD2PR-00482
NJDEP-MTBE-NSSD2PR-00489
NJDEP-ESI-00000789-91
NJDEP-ESI-00004152-4175
NJDEP-ESI-00005003
NJDEP-ESI-00005289-5291
NJDEP-ESI-00011951-11952
NJDEP-ESI-00012022
NJDEP-ESI-00012023

Any existing deliberative process privilege with regard to these documents is waived, and plaintiffs are ordered to produce them to defendants.  The privilege log entries are sufficient for the remaining documents identified by defendants in the 'entries which inadequately identify the decision or policy at issue' category.[41]

    **B.**    **Entries Which Defendants Challenge as Inadequately Describing**

---

[40]    *See* NJDEP Letter, Ex. D at 4 ("Email containing draft responses to questions from Todd Bates to N/A regarding an EPA slide show and MTBE sites in NJ.  Pre-decisional and deliberative because it contains proposed answers to questions on Department policy.").

[41]    *See* Riccardulli Letter at 4-6.

### "Draft" Documents

In many of their privilege log entries, plaintiffs use some variation of the following language to assert that the document is protected:  "[p]re-decisional and deliberative because the letter is a draft in non-final form subject to further review and revision."[42]  However, a document is not protected solely by virtue of its draft status.  In *Davis v. City of New York*, I wrote:

> The City apparently believes that by using the word "draft" or "deliberations," the privilege automatically attaches.  The City is mistaken.  A draft may be covered by the privilege, to the extent that it "reflects the personal opinions of the writer rather than the policy of the agency."  However, the fact that something is a draft does not eliminate the City's obligation to specify the particular policy or decision to which the document relates.  Furthermore, the City fails to include information about the draft documents "such as their 'function and significance in the agency's decisionmaking process,'" which is necessary to justify the assertion of the deliberative process privilege.[43]

Thus, plaintiffs' privilege log entries are facially insufficient unless they both specify a particular policy or issue to which the draft document relates *and* identify the document's function and significance in NJDEP's decisionmaking process.

Many of the entries in this category fail to identify the decision or

---

[42]     NJDEP Letter, Ex. D at 4.

[43]     *Davis*, 2011 WL 1742748, at *5 (quoting *Tigue*, 312 F.3d at 80;  *New York Times Co. v. United States Dep't of Def.*, 499 F. Supp. 2d 501, 515 (S.D.N.Y. 2007)).

policy to which the document relates.  For example, the entry for document

NJDEP-ESI-00005450-454 reads:

> Untitled draft document.  Document discusses various issues and suggestions relating to the Private Well Testing Act.  Pre-decisional and deliberative because the document is a draft in non-final form subject to further review and revision.[44]

This entry does not give any indication as to which decision or policy the

document pertains.  The vague reference to "issues and suggestions relating to the

Private Well Testing Act" is insufficient as it gives neither defendants nor the

Court enough information to assess the validity of the privilege claim.  In contrast,

the defect in the entry for NJDEP-ESI-00011963-64 — which describes the

document as a draft of a press release[45] — is not that it gives the Court insufficient

information, but that drafts of press releases are not privileged.  Deliberations on

how to present information to the public are only "'materials related to the

explanation, interpretation or application of an existing policy, as opposed to the

formulation of a new policy.'"[46]

Other of plaintiffs' privilege log entries are facially insufficient

---

[44]    NJDEP Letter, Ex. D at 6.

[45]    *See id.* at 13.

[46]    *Davis*, 2011 WL 1742748, at *2 (quoting *Resolution Trust Corp.*, 137 F.R.D. at 641).

because they do not give enough information to ascertain the document's role in the agency's decisionmaking process.  For example, the entry for document NJDEP-ESI-00000257 reads:

> Email from [an agency official] to [numerous individuals] regarding section chief meeting.  Email attaches draft minutes of 9/12/00 S/SC meeting.  Pre-decisional and deliberative because the attached minutes are in non-final draft form and the email discusses potential changes and revisions to the minutes.[47]

Absent from this entry is information regarding the topic of the meeting and the function of the minutes.  It is impossible to know whether a discussion about revising the minutes is protected by the deliberative process privilege without knowing how — or even whether — meeting minutes are used in NJDEP deliberations.

For the above reasons, the privilege log entries for the following documents are facially insufficient:

NJDEP-MTBE-NSSD2PR-00128-170
NJDEP-MTBE-NSSD2PR-00193-214
NJDEP-ESI-00000257
NJDEP-ESI-00000258-259
NJDEP-ESI-00005442
NJDEP-ESI-00005443-5444
NJDEP-ESI-00005445-5449
NJDEP-ESI-00005450-5454
NJDEP-ESI-00005455-5458
NJDEP-ESI-00005459-5461

---

[47]     NJDEP Letter, Ex. D at 3.

NJDEP-ESI-00005462-5466
NJDEP-ESI-00010826-10835
NJDEP-ESI-00011357-11359
NJDEP-ESI-00011953
NJDEP-ESI-00011963-11964
NJDEP-ESI-00011965-11966
NJDEP-ESI-00012037
NJDEP-ESI-00012023

Plaintiffs are ordered to produce these documents to defendants.  The privilege log

entries are sufficient for the remaining documents identified by defendants in the

'entries which inadequately describe draft documents' category.[48]

### C.   Entries Which Defendants Challenge as Making Clear that the Documents Were Sent to a Third Party

This category contains only two entries:  NJDEP-ESI-00010543-52

and NJDEP-ESI-00011993-94.[49]  NJDEP concedes that "Challenged Document

NJDEP-ESI-00010543-52 appears, on reflection, to have been for public use and

will be produced by Plaintiffs."[50]

The log entry for NJDEP-ESI-00011993-94 describes it as "Letter

from Michael Flite to Michael Costello regarding Skyline Service Center.  Pre-

decisional and deliberative because letter discusses proposed course of action

---

[48]   *See* Riccardulli Letter at 4-6.

[49]   *See id.* at 8.

[50]   NJDEP Letter at 9.

relating to site and underground storage tanks."[51]  Michael Costello is the owner of

the Skyline Service Center site — a third party outside the NJDEP.[52]  NJDEP does

not dispute that documents circulated to outside parties are not protected by the

deliberative process privilege.[53]  Rather, in its March 13, 2012 letter, NJDEP for

the first time informed defendants and the Court that the log entry was incomplete,

and that NJDEP-ESI-00011993-94 is only a draft version of a final dated and

signed letter which has already been produced to defendants.[54]  However,  I

cautioned NJDEP that if any entries in its January 27, 2012 log were inadequate, it

"will have waived that privilege."[55]  Because NJDEP provides no justification for

its failure to amend the inadequate entry before January 27, 2012, NJDEP has

waived any existing privilege for NJDEP-ESI-00011993-94.

## V.    CONCLUSION

For the reasons stated above, defendants' motion is granted in part and

denied in part.  Plaintiffs are deemed to have waived the deliberative process

privilege for the above-specified documents for which their privilege log entries

---

[51]      *Id.*, Ex. D at 14.

[52]      *See* NJDEP Letter at 10.

[53]      *See id.* at 9-10.

[54]      *See id.* at 10.

[55]      Tr. at 27.

are facially insufficient.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            May 8, 2012

**-Appearances-**

**Liaison Counsel for Defendants:**

James A. Pardo, Esq.
Peter John Sacripanti, Esq.
McDermott Will & Emery LLP
50 Rockefeller Plaza, 11th Floor
New York, New York 10020
(212) 547-5583

**Liaison Counsel for Plaintiffs:**

Robin Greenwald, Esq.
Robert Gordon, Esq.
Weitz & Luxenberg, P.C.
180 Maiden Lane
New York, New York 10038
(212) 558-5500

**For New Jersey Department of Environmental Protection, the Commissioner
of the New Jersey Department of Environmental Protection, and the
Administrator of the New Jersey Spill Compensation Fund:**

Aaron R. Dias, Esq.
Gordon C. Rhea, Esq.
Thomas P. Gressette, Esq.
Richardson, Patrick, Westbrook & Brickman, LLC
1037 Chuck Dawley Boulevard, Building A
Mount Pleasant, South Carolina 29464
(843) 727-6500

Barry A. Knopf, Esq.
Leonard Z. Kaufmann, Esq.
Cohn, Lifland, Pearlman, Herrmann & Knopf, L.L.P.
Park 80 Plaza West One
Saddle Brook, NJ 07663
(201) 845-9600

David T. Ritter, Esq.
Baron & Budd, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX 75219
(214) 521-3605

John K. Dema, Esq.
Law Offices of John K. Dema, P.C.
1236 Strand Street, Suite 103
Christiansted, Virgin Islands 00820
(340) 773-6142

**For Amerada Hess Corp., Marathon Oil Co., and Marathon Petroleum Co. LP:**

Steven Lawerence Leifer, Esq.
Baker Botts LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004
(202) 639-7723

**For Getty Properties Corp.:**

John Christie II McMeekin, Esq.
Rawle & Henderson, LLP
The Widener Building
One South Penn Square
Philadelphia, Pennsylvania 19107
(215) 575-4324

**For George E. Warren Corp.:**

Ira Brad Matetsky, Esq.
Steven J. Shore, Esq.
Ganfer & Shore, LLP
360 Lexington Avenue, 14th Floor
New York, New York 10017
(212) 922-9250

**For Sunoco, Inc. and Sunoco, Inc. (R&M):**

Patrick R. Jacobi, Esq.
Beveridge & Diamond, P.C.
1350 I Street, N.W.
Suite 700
Washington, DC 20005
(202) 789-6064

**For Gulf Oil Limited Partnership:**

Anthony A. Orlandi, Esq.
Brian J. Sullivan, Esq.
Goodwin Procter, LLP
53 State Street, Exchange Place
Boston, Massachusetts 02109
(617) 570-1639

Yaniv Heled, Esq.
Goodwin Procter, LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018
(212) 459-7103

**For Getty Petroleum Marketing Inc. and Lukoil America Corp.:**

Matthew Gerard Parisi, Esq.
Bleakley Platt & Schmidt, LLP
One North Lexington Avenue
White Plains, New York 10601
(914) 287-6184

**For Coastal Eagle Point Oil Co. and El Paso Corp.:**

Peter John Sacripanti, Esq.
McDermott Will & Emery LLP
340 Madison Avenue
New York, New York 10173
(212) 547-5583