UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------- X
                            :

IN RE: METHYL TERTIARY BUTYL    :
ETHER ("MTBE") PRODUCTS    :        **MEMORANDUM**
LIABILITY LITIGATION        :      **OPINION AND ORDER**

-------------------------------------------------- :

                            :      **Master File No. 1:00-1898**

This document relates to:      :      **MDL 1358 (SAS)**

                            :      **M21-88**

*Orange County Water District v. Unocal*  :
*Corp., et al.,* 04 Civ. 4968         :

                            :

-------------------------------------------------- X

SHIRA A. SCHEINDLIN, U.S.D.J.:

# I.    INTRODUCTION

In this consolidated multi-district litigation ("MDL"), plaintiffs seek relief from contamination — or threatened contamination — of groundwater from various defendants' use of the gasoline additive methyl tertiary butyl ether ("MTBE") and/or tertiary butyl alcohol, a product formed by the natural degradation of MTBE in water. The parties have engaged in extensive motion practice and familiarity with the underlying facts is presumed. In this case, plaintiff Orange County Water District ("the District") — which is responsible for maintaining groundwater quality — alleges that defendants' use and handling of MTBE has resulted in contamination and threatened future contamination of

1

groundwater within its geographic region. Currently before the court on letter briefs is the District's objection to Special Master Kenneth J. Warner's Pre-Trial Order ("PTO 71").[1] For the reasons stated below, the objection is sustained, and the matter is remanded to Special Master Warner.

## II.   BACKGROUND[2]

Defendants deposed Dr. Stephen Wheatcraft, one of the District's expert witnesses, on January 17, 2012. During that deposition, defense counsel asked Dr. Wheatcraft for an example of a defense expert that ran his "model with their own variations and where the information has not been provided to you." To answer the question, Dr. Wheatcraft looked at the 45-page spreadsheet that is the subject of this objection and proceeded to read into the record a quote from the report of a defense expert contained in that spreadsheet.

At a later point in the deposition, defense counsel asked Dr. Wheatcraft about the spreadsheet. Dr. Wheatcraft described it as "a document that contains information about each expert and the details of opinions they provide that relate to the issue we have been discussing." Defense counsel then asked if the document "summarize[d] the deficiencies that [existed] in connection with the

---

[1]     *See* Docket No. 293.

[2]     Unless otherwise stated, these facts are drawn from PTO 71.

defense experts' reports?" Counsel for the District objected, stating that Dr. Wheatcraft merely used the document "as a reference to refresh his recollection." When defense counsel continued to press Dr. Wheatcraft as to the nature of the spreadsheet, counsel for the District objected to any further questioning and specifically refused to produce the document on the grounds that it is protected by the attorney work-product doctrine.

On January 20, 2012, defendants filed a motion with Special Master Warner to compel production of the document. On January 27, 2012, when the District's opposition was due, Counsel for the District informed Special Master Warner and defense counsel that she would produce the materials "reviewed and relied upon" by Dr. Wheatcraft during his deposition by the close of business on January 30, 2012, thereby making the motion moot. Because the District only produced eight pages of the spreadsheet, however, defendants renewed their motion on February 6, 2012. Two weeks later, on February 20, 2012, Special Master Warner held a telephonic hearing.

Special Master Warner issued PTO 71 on February 29, 2012. He found that the entirety of the document at issue was related to the testimony Dr. Wheatcraft gave at his deposition and that Federal Rule of Evidence 612 therefore required its production. In order to assuage the District's concern that production

of the document would result in broader waiver of "privilege" with respect to all consulting work done by Dr. Wheatcraft on the District's behalf, Special Master Warner specifically limited his ruling "only to the document at issue," and stated that it did not "constitute a ruling that the attorney/client privilege has been waived as to any other document."[3]

## III.   APPLICABLE LAW

### A.     Review of Rulings by Special Master Warner

Special Master Warner's orders on non-dispositive motions are classified as rulings on procedural matters.  As such, they will only be overturned if clearly erroneous or contrary to law.[4]  "Discovery rulings, including those regarding privilege issues, are nondispositive matters subject to that standard of review."[5]

### B.     Production of Documents Relied Upon During a Deposition

When a witness uses a document to refresh his or her recollection while testifying, Rule 612 provides that:

---

[3]     PTO 71.

[4]     *See* 6/18/04 Order Appointing Special Master Warner at 3-4.

[5]     *Eisai Ltd. v. Dr. Reddy's Labs., Inc.*, 406 F. Supp. 2d 341, 342 (S.D.N.Y. 2005).

**(a) Scope.**  This rule gives an adverse party certain options when a witness uses a writing to refresh memory:

>   (1) while testifying; or
>   (2) before testifying, if the court decides that justice requires the party to have those options.

**(b) Adverse Party's Options; Deleting Unrelated Matter.** Unless 18 U.S.C. § 3500 provides otherwise in a criminal case, an adverse party is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness about it, and to introduce in evidence any portion that relates to the witness's testimony. If the producing party claims that the writing includes unrelated matter, the court must examine the writing in camera, delete any unrelated portion, and order that the rest be delivered to the adverse party. Any portion deleted over objection must be preserved for the record.[6]

Pursuant to Federal Rule of Civil Procedure 30(c), Rule 612 has been held applicable to deposition testimony.[7]

## C.    Attorney Work-Product Doctrine

The work-product doctrine, first articulated by the Supreme Court in *Hickman v. Taylor*[8] and later codified in the Federal Rules of Civil Procedure, protects from discovery all documents and materials prepared "in anticipation of

---

[6]     Fed. R. Evid. 612.

[7]     *See Sporck v. Peil*, 759 F.2d 312, 317 (3d Cir. 1985); *Al-Rowaishan Establishment Universal Trading & Agencies, Ltd. v. Beatrice Foods Co.*, 92 F.R.D. 779, 780 n.1 (S.D.N.Y. 1982).

[8]     329 U.S. 495 (1947).

litigation."[9]  This includes not just documents prepared by an attorney but documents prepared by the attorney's agents and consultants.[10]  However, this protection is not absolute and a party may be entitled to the documents containing the opposing attorney's work-product if it can show "that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means."[11]

## IV.   DISCUSSION

When a witness uses attorney work-product to refresh his or her recollection, a tension is created between the protection afforded by the doctrine and Rule 612's provision that the "adverse party is entitled to have the writing produced at the hearing."  Although Rule 612 does not directly address this conflict, the Advisory Committee Note states that "nothing in the Rule be construed as barring the assertion of a privilege with respect to writings used by a witness to refresh his memory."[12]  Nonetheless, "courts have been grappling with

---

[9]    Fed. R. Civ. P. 26(b)(3).

[10]    *See In re Cendant Corp. Sec. Litig.*, 343 F.3d 658, 662 (3d Cir. 2003) ("[T]his protection extends beyond materials prepared by an attorney to include materials prepared by an attorney's agents and consultants.").

[11]    Fed. R. Civ. P. 26(b)(3)(A)(ii).

[12]    1974 Advisory Committee Note to Fed. R. Evid. 612(2).

the scope of Rule 612 with varying degrees of clarity."[13]  Some courts have

distinguished between Rule 612(a)(1) and Rule 612(a)(2) — the latter applies to

writings used to refresh recollection *before* testifying and includes a clause giving

courts discretion to decide whether "justice requires" production of the writing; the

former applies to writings used to refresh recollection *during* testimony and

includes no such clause.  Accordingly, some courts have held that "being phrased

in mandatory language, Rule 612(1) prevails when pitted against a claim of

privilege"[14] — and this is the approach that Special Master Warner took in

ordering the District to produce the entirety of the 45-page document.[15]  However,

the proper approach is to conduct a "balancing test to determine whether Rule 612

requires disclosure, notwithstanding the existence of a privilege."[16]  This balancing

approach should be used not just when Rule 612 conflicts with the attorney-client

---

[13]     *Suss v. MSX Int'l Eng'g Servs., Inc.*, 212 F.R.D. 159, 163 (S.D.N.Y. 2002).

[14]     *Magee v. Paul Revere Life Ins. Co.*, 172 F.R.D. 627, 637 (E.D.N.Y. 1997).

[15]     PTO 71, Docket No. 293, at 5 (citing *Magee*, 172 F.R.D. at 637).

[16]     *Bank Hapoalim, B.M. v. American Home Assur. Co.*, No. 92 Civ. 3561, 1994 WL 119575, at *6 (S.D.N.Y. Apr. 6, 1994) (citing *Berkey Photo, Inc. v. Eastman Kodak Co.*, 74 F.R.D. 613, 615 (S.D.N.Y. 1977)).

privilege, but also when it conflicts with the attorney work-product doctrine.[17]
Relevant factors include: (1) whether production is necessary for a fair cross-examination; (2) the extent to which reviewing the document impacted the witness's testimony; (3) whether the witness was himself the author of the document (and therefore whether the document represents a mere memorialization of the witness's knowledge); and (4) whether the party seeking production is engaging in a 'fishing expedition.'[18]  Thus, Special Master Warner's Order is contrary to law to the extent it concludes that, *whenever* a privileged document is used to refresh a witness's recollection while testifying, production of that document is mandatory.  Instead, the above factors must be weighed to determine whether or not Rule 612 mandates production.

---

[17]     Although *Bank Hapoalim* addressed a writing protected by the attorney-client privilege, *see id.* at *1, courts in this circuit have also withheld the production of attorney work-product that was used to refresh a witness's recollection. *See Al-Rowaishan Establishment Universal Trading & Agencies, Ltd. v. Beatrice Foods Co.*, 92 F.R.D. 79 (S.D.N.Y. 1982); *Carter-Wallace, Inc. v. Hartz Mountain Indus., Inc.*, 553 F. Supp. 45, 52 (S.D.N.Y.1982) ("[W]here many of the documents C–W's attorneys have shown deponents to refresh their recollection fall within the work product doctrine, it would not be appropriate to order C–W to turn over the documents it has used to refresh their witnesses' recollection.").

[18]     *See In re Rivastigmine Patent Litig.*, 486 F. Supp. 2d 241, 243-44 (S.D.N.Y. 2007); *Bank Hapoalim*, 1994 WL 119575, at *6; In *re Joint Eastern & Southern Dist. Asbestos Litig.*, 119 F.R.D. 4, 6 (E.D. & S.D.N.Y. 1988); *Berkey Photo Inc.*, 74 F.R.D. at 617.

Even where Rule 612 does mandate the production of writings used to refresh a witness's recollection, it only does so with respect to portions of the document relating to the testimony that was based on the refreshed recollection.[19] However, because it must *first* be determined whether Rule 612 mandates the production of the work-product spreadsheet at issue, I need not determine at this stage whether Special Master Warner erred in his determination that the thirty-seven pages withheld by plaintiff are related to the portion of Dr. Wheatcraft's testimony that was based on his refreshed recollection.

## V.    CONCLUSION

Because the holding of PTO 71 is contrary to law, the District's objection to it is sustained. I hereby remand this matter to Special Master Warner to determine whether, under the balancing test articulated above, Rule 612 mandates the production of the spreadsheet at issue.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:    New York, New York
          June 5, 2012

---

[19]    Fed. R. Evid. 612(b).

9

10

## - Appearances -

**Liaison Counsel for Plaintiffs:**

Robin Greenwald, Esq.
Robert Gordon, Esq.
Weitz & Luxenberg, P.C.
180 Maiden Lane
New York, New York 10038
Tel: (212) 558-5500
Fax: (212) 344-5461

**Liaison Counsel for Defendants:**

Peter John Sacripanti, Esq.
James A. Pardo, Esq.
McDermott Will & Emery LLP
50 Rockefeller Plaza, 11th Floor
New York, New York 10020
Tel: (212) 547-5583
Fax: (212) 547-5444

**For Plaintiff Orange County Water District:**

Michael D. Axline, Esq.
Daniel Boone, Esq.
Tracey L. O'Reilly, Esq.
Duane C. Miller, Esq.
John Evan Eickermeyer, Esq.
Miller, Axline, & Sawyer, P.C.
1050 Fulton Street
Suite 1000
Sacramento, California 95825
Tel: (916) 488-6688
Fax: (916) 488-4288

11

A. Curtis Sawyer, Esq.
Miller & Sawyer
1651 Response Rd.
Sacramento, CA 95815
(916) 927-8600

David T. Ritter, Esq.
Baron & Budd, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX 75219
(214) 521-3605

Todd E. Robins, Esq.
Victor M. Sher, Esq.
Sher & Leff LLP
450 Mission Street
Suite 400
San Francisco, CA 94105
(415) 348-8300

**For Defendant G&M Oil Company, Inc.:**

Mark S. Adams, Esq.
Eudeen Y. Chang, Esq.
Monica Q. Vu, Esq.
Jeffer, Mangels, Butler & Marmaro LLP (Irvine)
3 Park Plaza, Suite 1100
Irvine, CA 92614
(949) 623-7230

Kenneth A. Ehrlich, Esq.
Jeffer, Mangels, Butler & Marmaro LLP (Los Angeles)
1900 Avenue of The Stars, 7th Floor
Los Angeles, CA 90067
(310) 785-5395

**For Defendants Chevron Corporation, Chevron U.S.A., Inc., Union Oil Company of California, and Unocal Corporation:**

Jeremiah Jeremiah Anderson, Esq.
David A. Grenardo, Esq.
King & Spalding LLP (TX)
1100 Louisiana
Houston, TX 77002
(713) 276-7417

Brendan M. Dixon, Esq.
376 S Valencia Ave
Brea, CA 92823

**For Defendants Chevron U.S.A. Inc., and Chevrontexaco Corporation:**

David Louis Schrader, Esq.
Allison N. Shue, Esq.
Michael T. Zarro, Esq.
Morgan, Lewis & Bockius, LLP
300 South Grand Avenue, 22nd Floor
Los Angeles, CA 90071-3132
(213) 612-7370

**For Defendants ConocoPhillips Company and Tosco Corporation:**

Jon D. Anderson, Esq.
Michele D. Johnson, Esq.
John J. Lyons, Esq.
Latham & Watkins, LLP
650 Town Center Drive, Suite 2000
Costa Mesa, Ca 92626-1918
(714) 540-1235

13

**For Southern Counties Oil Co., (Doe 7):**

Larry M. Arnold, Esq.
Michelle A. Burr, Esq.
James Russell Wakefield, Esq.
Cummins & White, LLP
2424 S.E. Bristol Street
Suite 300
Newport Beach, CA 92660
(949) 852-1800

**For Defendant Lyondell Chemical Company:**

Vineet Bhatia, Esq.
H. Lee Godrey, Esq.
Susman Godfrey LLP (TX)
1000 Louisiana Street
Suite 5100
Houston, TX 77002
(713) 653-7855

Alan Jay Hoffman, Esq.
Blank Rome, LLP (PA)
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
(215) 569-5505

**For Defendants Atlantic Richfield Company, Inc. and BP Products, North America, Inc.:**

Stephanie M. Bonnett, Esq.
Lawrence Allen Cox, Esq.
Matthew T. Heartney, Esq.
Arnold & Porter LLP
777 Sough Figueroa Street
Los Angeles, CA 90017
(213) 243-4000

14

Christopher J. Esbrook, Esq.
Christina Lynn Henk, Esq.
Sylvia Nichole Winston, Esq.
Kirkland & Ellis LLP (IL)
300 North LaSalle Street
Chicago, IL 60654
(312) 861-2000

**For Defendants Chevrontexaco Corporation, Equilon Enterprises LLC, Shell Oil Company, Inc., and Texaco Refining and Marketing Inc.:**

Patrick J. Cafferty, Esq.
William D. Temko, Esq.
Munger Tolles & Olson, LLP
335 South Grand Avenue
Los Angeles, CA 90071
(213) 683-9100

**For Defendant Equilon Enterprises LLC:**

Juan A. Marques-Diaz, Esq.
Jan C. Rodriguez-Munoz, Esq.
McConnell Valdes LLC
P.O. Box 364225
San Juan, PR 00936-4225
(787) 250-2619

Alec C. Zacaroli, Esq.
Wallace King Domike & Reiskin, PLLC
2900 K Street, N.W.
Harbourside, Suite 500
Washington, DC 20007
(202) 965-6021

**For Defendants Tesoro Petroleum Corporation (Doe 4) and Tesoro Refining and Marketing Compnay, Inc.:**

Jesus R. Chavez, Esq.
Jamie O. Kendall, Esq.
Berj Khoren Parseghian, Esq.
Bingham McCutchen LLP (LA)
355 South Grand Avenue, Suite 4400
Los Angeles, CA 90071
(213) 680-6400

**For Defendants Ultramar, Inc., Valero Refining Company - California, Valero Marketing and Supply Company (Doe 2), and Valero Refining:**

M. Coy Connelly, Esq.
David A. Grenardo, Esq.
Tracie Jo Renfroe, Esq.
Bracewell & Patterson L.L.P.
711 Louisana St.
Ste 2900
Houston, TX 77002-2781
(713) 221-1335

Kevin M. McDonald, Esq.
Valero Energy Corp.
One Valero Pl.
PO Box 50
San Antonio, TX 78292-0500
(210) 370-2208

**For Defendant USA Gasoline Corporation:**

Craig J. De Recat, Esq.
11355 W. Olympic Blvd.
Los Angeles, CA 90064
(310) 312-4000

**For Defendants Exxon Mobil Corporation, Mobil Corporation, and Tesoro Refining and Marketing Compnay, Inc.:**

Colleen P. Doyle, Esq.
Bingham McCutchen, LLP
335 South Grand Avenue, Suite 4400
Los Angles, Ca 90071
(213) 680-6400

**For Defendants Exxon Mobil Corporation and Mobil Corporation:**

Catherine M. Stites, Esq.
Bingham, McCutchen, LLP
1900 University Avenue
East Palo Alto, CA 94303
(213) 680-6400

**For Defendant Citgo Petroleum Corporation (Doe 8):**

Pamela Reasor Hanebutt, Esq.
Eimer Stahl Klevorn & Solberg LLP
224 S. Michigan Ave., Suite 1100
Chicago, IL 60604
(312) 660-7625

**For Defendant Petro-Diamond, Inc., (Doe 6):**

Brian Donald Langa, Esq.
De Caro & Kaplen, LLP
20 Vesey Street
New York, NY 10007
(213) 624-8407

James C. Macdonald, Esq.
Bois & Macdonald
2030 Main Street
Irvine, Ca 92614
(949) 660-0011