UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X
                                                        :
IN RE: METHYL TERTIARY BUTYL                            :
ETHER ("MTBE") PRODUCTS                                 :   OPINION AND ORDER
LIABILITY LITIGATION                                    :
------------------------------------------------------- :   Master File No. 1:00-1898
                                                        :   MDL 1358 (SAS)
This document relates to:                               :   M21-88
                                                        :
New Jersey Department of Environmental                  :
Protection, et al. v. Atlantic Richfield Co., et        :
al., 08 Civ. 00312                                      :
                                                      X
-------------------------------------------------------

SHIRA A. SCHEINDLIN, U.S.D.J.:

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/15/12
```

I.    INTRODUCTION

        In 2008, the New Jersey Department of Environmental Protection ("NJDEP") filed its Third Amended Complaint ("TAC") against various corporations for their use and handling of the gasoline additive methyl tertiary butyl ether ("MTBE").  The TAC includes claims of:  strict liability based on defective design; public nuisance; strict liability under N.J. Stat. Ann. 58:10-23.11 to -23.24; strict liability under N.J. Stat. Ann. 58:10A-1 to -35; trespass; and negligence.  The TAC also contains multiple allegations that defendants failed to provide adequate warnings about the problems with MTBE.[1]

---

        [1]    See TAC ¶¶ 13, 102, 105, 109, 110, 156(e), 170.

1

Defendants now seek an Order compelling NJDEP to produce documents containing its pre-decisional deliberations on the risks and benefits of MTBE — documents that NJDEP claims are protected under the deliberative process privilege. Defendants argue that, because NJDEP is asserting claims that put at issue its knowledge and views of the risks and benefits of MTBE, it has waived any existing privilege pertaining to its deliberations on that topic. For the reasons set forth below, defendants' motion is granted.

## II. APPLICABLE LAW

### A. New Jersey's Deliberative Process Privilege

State law determines the existence and scope of privileges in diversity actions.[2] New Jersey's deliberative process privilege "permits the government to withhold documents that reflect advisory opinions, recommendations, and deliberations comprising part of a process by which governmental decisions and policies are formulated."[3] The privilege seeks to "ensure free and uninhibited communication within governmental agencies so that the best possible decisions

---

[2] Fed. R. Evid. 501; *Dixon v. 80 Pine Street Corp.*, 516 F.2d 1278, 1281 (2d Cir. 1975) ("[I]n a diversity case, the issue of privilege is to be governed by the substantive law of the forum state.").

[3] *In re Liquidation of Integrity Ins. Co.*, 754 A.2d 1177, 1181-82 (N.J. 2000).

can be reached"[4] and also "to ensure that an agency 'is judged by policy adopted, not policy merely considered.'"[5]

To qualify as privileged, a document must be both "pre-decisional" and "deliberative."[6] Pre-decisional is defined as "generated before the adoption of an agency's policy or decision."[7] Deliberative is defined as "contain[ing] opinions, recommendations, or advice about agency policies."[8] Whether a document is protected under the deliberative process privilege depends "*first*, on whether the information sought is a part of the process leading to formulation of an agency's decision, and, *second*, on the material's ability to reflect or to expose the deliberative aspects of that process."[9] "Once the threshold requirements have been proved by the government, the privilege is invoked, resulting in a presumption of confidentiality because the 'government's interest in candor is the preponderating policy and . . . the balance is said to have been struck in favor of non-

---

[4] *Education Law Ctr. v. New Jersey Dep't of Educ.*, 966 A.2d 1054, 1061 (N.J. 2009).

[5] *In re MTBE*, 274 F.R.D. 106, 110 (S.D.N.Y. 2011) (quoting *Education Law Ctr.* 966 A.2d at 1061).

[6] *Integrity*, 754 A.2d at 1182.

[7] *Id.*

[8] *Id.*

[9] *Education Law Ctr.*, 966 A.2d at 1067 (emphasis added).

3

disclosure.'"[10]

>Still, the deliberative process privilege is a qualified one:

>[A] litigant may obtain deliberative process materials if his or her need for the materials and the need for accurate fact-finding override the government's significant interest in non-disclosure. As with any privilege, the party seeking such documents bears the burden of showing a substantial or compelling need for them. "In all but exceptional cases it is considered against the public interest to compel government to produce inter-agency advisory opinions."[11]

Factors to consider in determining whether a litigant has demonstrated a compelling need for disclosure include:

>(1) the relevance of the evidence; (2) the availability of other evidence; (3) the government's role in the litigation; and (4) the extent to which disclosure would hinder frank and independent discussion regarding contemplated policies and decisions.[12]

Moreover, when a party puts its confidential communications directly at issue in litigation, *any* privilege — qualified or not — may be waived.[13] This "at issue"

---

[10] *Id.* at 1061 (quoting *Integrity*, 754 A.2d at 1177).

[11] *Integrity*, 754 A.2d at 1182-83 (quoting *E.W. Bliss Co. v. United States*, 203 F. Supp. 175, 176 (N.D. Ohio 1961)) (additional citations omitted).

[12] *Id.* at 1183 (quoting *F.T.C. v. Warner Commc'ns Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984)).

[13] *See Kinsella v. Kinsella*, 696 A.2d 556, 568-69 (N.J. 1997) ("Most jurisdictions recognize implicit waiver of the attorney-client privilege where the plaintiff has placed in issue a communication which goes to the heart of the claim in controversy.") (citation omitted).

4

doctrine serves to avoid the "inherent inequity in permitting [litigants] to use the privilege as a sword rather than a shield," which is the result whenever litigants are permitted to "divulge whatever information is favorable to [their] position and assert the privilege to preclude disclosure of detrimental facts."[14]  The "at issue" doctrine is not automatically triggered when certain causes of action are pled;[15] rather, it is triggered when the evidence sought is:  (1) legitimately needed; (2) relevant and material to the issue before the court; and (3) unobtainable from any less intrusive source.[16]

**B.    New Jersey Product Liability Law**

Under New Jersey law:

> A manufacturer or seller of a product shall be liable in a product liability action only if the claimant proves by a preponderance of the evidence that the product causing the harm was not reasonably fit, suitable or safe for its intended purpose because it:  a. deviated from the design specifications, formulae, or performance standards of the manufacturer or from otherwise identical units manufactured to the same manufacturing specifications or formulae, or b. failed to contain adequate warnings or instructions, or c. was designed in a defective manner.[17]

---

[14]    *United Jersey Bank v. Wolosoff*, 483 A.2d 821, 828 (N.J. App. Div. 1984).

[15]    *See Kinsella,* 696 A.2d at 569.

[16]    *See Matter of Kozlov*, 398 A.2d 882, 887-88 (N.J. 1979).

[17]    N.J. Stat. Ann. 2A:58C-2.

Thus, design defect claims and failure to warn claims are distinct types of product liability actions.[18]

In design defect product liability cases, New Jersey applies a "risk-utility analysis as a means of determining whether a product is defectively designed."[19] Juries are tasked with determining whether the risks of the product outweighs the benefits — in doing so, they are to "[ask] whether, given [knowledge of the defect], a reasonably prudent manufacturer would nevertheless have placed the product on the market."[20] This is "an objective test that focuses on the product."[21]

In failure to warn product liability cases, a manufacturer may only be liable if the product failed to contain "an adequate warning or instruction."[22] This is a warning or instruction that "a reasonably prudent person in the same or similar circumstances would have provided with respect to the danger and that

---

[18]    *See Mathews v. Univ. Loft Co.*, 903 A.2d 1120, 1124-25 (N.J. Super. Ct. App. Div. 2006).

[19]    *Johansen v. Makita U.S.A., Inc.*, 607 A.2d 637, 642 (N.J. 1992)

[20]    *Id.* (citing *O'Brien v. Muskin Corp.*, 463 A.2d 298, 304-06 (N.J. 1983)).

[21]    *Id.* at 645.

[22]    N.J. Stat. Ann. 2A:58C-4.

communicates adequate information on the dangers and safe use of the product."[23] To prevail, a plaintiff must prove not only that the product's warnings were inadequate, but also that the inadequacy caused injury to the plaintiff.[24] The Supreme Court of New Jersey has made it easier for plaintiffs to establish causation by adopting a heeding presumption, which permits a court to presume that the plaintiff "would have followed an adequate warning had one been provided."[25] Still, this presumption may be rebutted by "[e]vidence that a plaintiff would have disregarded an adequate warning" — such evidence "tend[s] to demonstrate that the plaintiff's conduct, rather than the absence of a warning, was the cause in fact of the resultant injury."[26]

## III. DISCUSSION

Although defendants assert that they are seeking NJDEP's "knowledge of the risks and benefits of MTBE and ethanol,"[27] the word "knowledge" describes facts. It is undisputed that NJDEP's "knowledge" — the

---

[23] *Id.*

[24] *Reiff v. Convergent Techs.*, 957 F. Supp. 573, 578-89 (D.N.J. 1997) (citing *Coffman v. Keene Corp.*, 628 A.2d 710, 716 (N.J. 1993)).

[25] *Coffman*, 628 A.2d at 720.

[26] *Id.* at 721.

[27] 3/2/12 Letter from Steven L. Leifer, defendants' counsel, to the Court ("Leifer Letter"), at 1.

facts known to the agency about the risks and benefits of MTBE and ethanol — are not protected by the deliberative process privilege and must be produced.[28] Accordingly, I will only address defendants' motion to the extent that it seeks NJDEP's internal deliberations regarding the risks and benefits of MTBE and ethanol.

### A.   Whether Deliberations Are "At Issue" in Design Defect Cases

Defendants do not dispute that in a design defect case, the jury must conduct an *objective* risk-utility analysis focusing on the product itself. Accordingly, defendants wish to present evidence that the benefits of adding MTBE to gasoline outweigh the risks.[29] Defendants argue that:

> NJDEP's knowledge about risks and benefits of MTBE and ethanol is highly relevant to the determination of what Defendants allegedly should or should not have known; and NJDEP's views on those risks and benefits is highly relevant to the reasonableness of Defendants' views.[30]

Defendants may be correct that the pre-decisional and deliberative thoughts of

---

[28] *See* 3/16/12 Letter from Leonard Kaufmann and Kevin Auerbacher, plaintiffs' counsel, to the Court ("NJDEP Letter"), at 3 ("Plaintiffs have provided and will continue to provide through testimony [factual, non-deliberative information]."); 5/3/12 Order, No. 08 Civ. 00312 (Docket No. 221) (ordering NJDEP to produce documents to defendants that, after an *in camera* review, were determined to be not pre-decisional and/or not deliberative).

[29] Leifer Letter at 3.

[30] *Id.* at 4.

NJDEP officials are *relevant* to a jury tasked with deciding whether the benefits of adding MTBE to gasoline outweigh the risks.[31] Yet relevancy is not the standard for determining whether NJDEP has waived its privilege; rather, the privilege is only waived if NJDEP put its deliberations directly "at issue."[32] Because the question of whether gasoline with MTBE is a defectively-designed product is an *objective* one, it has an objective answer regardless of what NJDEP officials thought.[33] Thus, NJDEP's assertion of a design defect claim has not put its deliberations "at issue."

      **B.    Whether Deliberations Are "At Issue" in Failure to Warn Cases**

Whereas the question of whether a product was defectively designed is an objective one, the question of whether a plaintiff would have heeded an adequate warning — a key question in failure to warn claims, as it goes to the element of causation — is subjective and particular to the plaintiff asserting the claim.[34] Thus, whereas NJDEP's internal deliberations regarding the risks and

---

    [31]    "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

    [32]    *See Kinsella,* 696 A.2d at 569.

    [33]    *See Johansen*, 607 A.2d at 642.

    [34]    *See Coffman*, 628 A.2d at 720.

benefits of MTBE are only tangentially relevant to plaintiffs' design defect claims, those deliberations are highly relevant to their failure to warn claims because they reveal NJDEP's internal decision-making process, and thus whether it would have heeded adequate warnings. I must now determine whether by asserting its failure to warn claims, NJDEP has placed its deliberations "at issue" such that it has waived any existing privilege.

In *Department of Economic Development v. Arthur Andersen & Co.*, Judge Charles Stewart of this Court held that by asserting fraud claims, a department of the British government had waived its right to protect its deliberations from disclosure.[35] Judge Stewart reasoned that because the governmental entity would have to prove that it justifiably relied on a fraudulent misrepresentation made by the defendant, it placed its own decision-making process at issue.[36] Accordingly, Judge Stewart held that "when the factors shaping decisions made by government officials are at issue, privileges designed to shield

---

[35] 139 F.R.D. 295, 299-300 (S.D.N.Y. 1991).

[36] *Id.* at 299 ("Specifically, at issue is . . . whether [the British government] justifiably relied upon AA's reports or whether, as the defendants contend, the government chose to ignore certain information it had before it and nonetheless approve the grants for political reasons. Therefore, the deliberations of the government regarding this matter are at issue.").

the deliberative process 'may not be raised as a bar against disclosure . . . .'"[37]

Similarly, by asserting a failure to warn cause of action — a claim which can only succeed if NJDEP demonstrates that it would have heeded adequate warnings — NJDEP has placed its own decision-making process "at issue," and the deliberative process must give way. Were this not so, NJDEP could protect from discovery any deliberative process materials in which NJDEP officials are dismissive of the risks of MTBE and/or strongly supportive of adding the compound to gasoline — materials that tend to demonstrate NJDEP *would not* have heeded better warnings. At the same time, NJDEP could present to a jury any internal communications among NJDEP officials that tend to show the agency *would* have heeded stronger warnings.[38] This is precisely the inequitable use of privilege "as a sword rather than a shield"[39] that the "at issue" doctrine prevents.

### C. Defendants' Compelling Need

Defendants argue that they have a compelling need for documents

---

[37] *Id.* (quoting *Burka v. New York City Transit Auth.*, 110 F.R.D. 660, 667 (S.D.N.Y. 1986)).

[38] In fact, NJDEP need not present any such materials — it could instead rely on the heeding presumption offered by New Jersey courts in failure to warn cases. *See Coffman*, 628 A.2d at 720. If NJDEP is permitted to shield its decision-making process from disclosure, it will be very difficult for defendants to rebut this presumption.

[39] *Wolosoff*, 483 A.2d at 828.

containing NJDEP's deliberations on the risks and benefits of MTBE such that the qualified deliberative process privilege is overcome. Because NJDEP has waived any privilege that would protect these documents, I need not consider whether defendants have a compelling need for them.

## IV. CONCLUSION

Because NJDEP's failure to warn claims put directly at issue its own deliberations regarding the relative risks and benefits of adding MTBE to gasoline, it has waived the deliberative process privilege with regard to those documents. Defendants' motion to compel is granted, and plaintiffs are ordered to produce documents containing its pre-decisional deliberations on the risks and benefits of MTBE.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:   New York, New York
         June 15, 2012

## -Appearances-

**Liaison Counsel for Defendants:**

James A. Pardo, Esq.
Peter John Sacripanti, Esq.
McDermott Will & Emery LLP
50 Rockefeller Plaza, 11th Floor
New York, New York 10020
(212) 547-5583

**Liaison Counsel for Plaintiffs:**

Robin Greenwald, Esq.
Robert Gordon, Esq.
Weitz & Luxenberg, P.C.
180 Maiden Lane
New York, New York 10038
(212) 558-5500

**For New Jersey Department of Environmental Protection, the Commissioner of the New Jersey Department of Environmental Protection, and the Administrator of the New Jersey Spill Compensation Fund:**

Aaron R. Dias, Esq.
Gordon C. Rhea, Esq.
Thomas P. Gressette, Esq.
Richardson, Patrick, Westbrook & Brickman, LLC
1037 Chuck Dawley Boulevard, Building A
Mount Pleasant, South Carolina 29464
(843) 727-6500

Barry A. Knopf, Esq.
Leonard Z. Kaufmann, Esq.
Cohn, Lifland, Pearlman, Herrmann & Knopf, L.L.P.
Park 80 Plaza West One
Saddle Brook, NJ 07663
(201) 845-9600

David T. Ritter, Esq.
Baron & Budd, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX 75219
(214) 521-3605

John K. Dema, Esq.
Law Offices of John K. Dema, P.C.
1236 Strand Street, Suite 103
Christiansted, Virgin Islands 00820
(340) 773-6142

**For Amerada Hess Corp., Marathon Oil Co., and Marathon Petroleum Co. LP:**

Steven Lawerence Leifer, Esq.
Baker Botts LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004
(202) 639-7723

**For Getty Properties Corp.:**

John Christie II McMeekin, Esq.
Rawle & Henderson, LLP
The Widener Building
One South Penn Square
Philadelphia, Pennsylvania 19107
(215) 575-4324

**For George E. Warren Corp.:**

Ira Brad Matetsky, Esq.
Steven J. Shore, Esq.
Ganfer & Shore, LLP
360 Lexington Avenue, 14th Floor
New York, New York 10017
(212) 922-9250

**For Sunoco, Inc. and Sunoco, Inc. (R&M):**

Patrick R. Jacobi, Esq.
Beveridge & Diamond, P.C.
1350 I Street, N.W.
Suite 700
Washington, DC 20005
(202) 789-6064

**For Gulf Oil Limited Partnership:**

Anthony A. Orlandi, Esq.
Brian J. Sullivan, Esq.
Goodwin Procter, LLP
53 State Street, Exchange Place
Boston, Massachusetts 02109
(617) 570-1639

Yaniv Heled, Esq.
Goodwin Procter, LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018
(212) 459-7103

**For Getty Petroleum Marketing Inc. and Lukoil America Corp.:**

Matthew Gerard Parisi, Esq.
Bleakley Platt & Schmidt, LLP
One North Lexington Avenue
White Plains, New York 10601
(914) 287-6184

**For Coastal Eagle Point Oil Co. and El Paso Corp.:**

Peter John Sacripanti, Esq.
McDermott Will & Emery LLP
340 Madison Avenue
New York, New York 10173
(212) 547-5583