UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------- X

IN RE: METHYL TERTIARY BUTYL
ETHER ("MTBE") PRODUCTS
LIABILITY LITIGATION
-----------------------------------------------------------

This document relates to:

*Carl G. Morgan, et al. v. ExxonMobil Corp.*,
05 Civ. 10259

----------------------------------------------------------- X

ORDER TO
SHOW CAUSE

Master File No. 1:00-1898
MDL 1358 (SAS)
M21-88

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/29/12

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

WHEREAS on October 5, 2007, the Maryland Department of Assessments and Taxation forfeited the corporate charter of plaintiff Don-Bar, Inc. ("Don-Bar");[1] and

WHEREAS on October 3, 2011, the Maryland Department of Assessments and Taxation forfeited the corporate charter of plaintiff Fallston Properties, LLC ("Fallston Properties");[2] and

WHEREAS under Maryland law — which controls the capacity of

---

[1]   *See* Memorandum in Support of Defendant Exxon Mobil Corporation's Motion to Dismiss Claims of Plaintiffs in Don-Bar, Inc. and Fallston Properties, LLC ("Exxon Mem."), Ex. 3.

[2]   *See id.*, Ex. 4.

1

Don-Bar and Fallston Properties to sue[3] — corporations that have forfeited their charter lose the capacity to sue or to maintain a lawsuit;[4] and

WHEREAS despite the close of fact discovery on July 2, 2012, Don-Bar and Fallston Properties have failed to answer the discovery requests served by defendant Exxon Mobil on October 28, 2011;[5] it is hereby

ORDERED that Don-Bar and Fallston Properties show cause, by July 19, 2012, why their claims should not be dismissed with prejudice for lack of capacity to maintain a lawsuit.

---

[3]  Don-Bar was a Maryland corporation and the capacity of a corporation to sue "is determined . . . by the law under which it was organized." Fed. R. Civ. P. 17(b)(2). Fallston Properties was a Maryland limited liability company, and although the capacity of an LLC to sue is determined "by the law of the state where the court is located," Fed. R. Civ. P. 17(b)(3), this action was initiated in Maryland and in multidistrict litigation, "' a transferee court applies the substantive state law . . of the jurisdiction in which the action was filed.'" *De George v. American Airlines, Inc.*, 338 F. App'x 15, 16 (2d Cir. 2006) (quoting *Menowitz v. Brown*, 991 F.2d 36, 40 (2d Cir. 1993)). This action was filed in Maryland.

[4]  *See* Md. Code Ann., Corps & Ass'ns § 3-503(d) ("[When the charter of a corporation is forfeited], the powers conferred by law on the corporations are inoperative, null, and void . . . ."); *FDIC v. Heidrick*, 812 F. Supp. 586, 592-93 (D. Md. 1992) ("Because the Maryland Department of Assessments and Taxation has forfeited their charters, Howard and Highpointe [corporations] have no capacity to maintain this lawsuit; consequently, this Court will grant the motion for summary judgment with respect to those plaintiffs.").

[5]  *See* Exxon Mem. at 5.

SO ORDERED:

_____
Shira A. Scheindlin
U.S.D.J.

Dated:   New York, New York
         June 29, 2012

## -Appearances-

**Liaison Counsel for Defendants:**

Stephen J. Riccardulli, Esq.
James A. Pardo, Esq.
Peter John Sacripanti, Esq.
McDermott Will & Emery LLP
50 Rockefeller Plaza, 11th Floor
New York, New York 10020
(212) 547-5583

**Liaison Counsel for Plaintiffs:**

Robin Greenwald, Esq.
Robert Gordon, Esq.
Weitz & Luxenberg, P.C.
180 Maiden Lane
New York, New York 10038
(212) 558-5500

**For Defendant ExxonMobil Corp.:**

Andrew Gendron, Esq.
Brian M. Penn, Esq.
Venable Baetjer and Howard LLP
Two Hopkins Plaza, Suite 1800
Baltimore, Maryland 21201

**For Plaintiff Don-Bar, Inc.:**

Scott Bocek
Resident Agent for
Don-Bar, Inc.
276 Cherry Tree Square
Forest Hill, Maryland, 21050

**For Plaintiff Fallston Properties, LLC:**

Louis DiPasquale, III
Resident Agent for
Fallston Properties, Inc.
4846 Water Park Drive
Bel Camp, Maryland 21017