UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: Methyl *tertiary* Butyl Ether ("MtBE") Products Liability Litigation<br><br>This Document Relates To:<br><br>*City of Fresno v. Chevron U.S.A. Inc., et al.,*<br>Case No. 04 Civ. 4973 (SAS) | Master File No. 1:00-1898<br>MDL No. 1358 (SAS) |

## DECLARATION OF LAWRENCE A. COX IN SUPPORT OF BP DEFENDANTS' MOTION FOR GOOD FAITH SETTLEMENT DETERMINATION

I, Lawrence A. Cox, declare and state:

1. I am an attorney duly admitted to practice law before this Court, and am a partner with Arnold & Porter LLP, attorneys of record for Defendants Atlantic Richfield Company, BP Products North America Inc. and BP West Coast Products LLC (collectively "BP Defendants). I have personal knowledge of the facts hereinafter set forth and if called as a witness I could and would testify competently to the following.

2. On December 21, 2012, I informed counsel for all Defendants of the settlement with Plaintiff City of Fresno ("Plaintiff" or "Fresno"), and of the settling parties' intention to request a good faith settlement determination. I also provided counsel for Defendants with a copy of the executed settlement agreement, and inquired as to whether any of them intended to oppose this motion or would consent to entry of the good faith settlement order. None of the Defendants have indicated that they intend to oppose the granting of the BP Defendants' good faith settlement motion.

33155531_2

3. Attached hereto as Exhibit 1 is a true and correct copy of the executed settlement agreement between the BP Defendants and Plaintiff.

4. This case is part of the methyl tertiary butyl ether ("MTBE") multi-district litigation (MDL 1358) proceedings that have involved over one hundred actions brought by public and private entities and individuals from various states. The plaintiffs in each of these actions, including Fresno, brought claims against various petroleum companies for their design, manufacture, supply, use, handling, and/or distribution of gasoline containing MTBE and/or tertiary butyl alcohol ("TBA"), which is a chemical that results from the breakdown of MTBE constituents in groundwater.

5. Attached hereto as Exhibit 2 is a true and correct copy of the First Amended Complaint in this case.

6. Attached hereto as Exhibit 3 is a true and correct copy of the report of Defendants' expert John O'Brien, without exhibits.

7. In *City of New York v. Amerada Hess Corp.*, Case No. 04-CIV 3417 (S.D.N.Y.), a jury found for defendants on the issue of design defect, finding that ethanol was not a reasonably available alternative in New York.

8. Attached hereto as Exhibit 4 is a true and correct copy of the report of Defendants' expert Christine Wood.

9. At the August 16, 2012 Status Conference the Court, among other things, ordered Fresno to identify (a) the service station sites for which Fresno will pursue claims at trial and the Defendants against which those claims will be asserted; and (b) the service station sites as to which Plaintiff is dismissing all claims with prejudice. (See Document 3594 Case Management Order #108 dated January 2, 2013, which implemented the Status Conference Order.) As a result, ARCO Station #610, the only service station site in the litigation owned (or operated) by the BP Defendants, has been dismissed from the case with prejudice. (*Id.*, ¶ B, p. 3.) Plaintiff's expert had previously testified that no threat of MTBE contamination remained at ARCO Station #610, and that remedial work there is not required. The BP Defendants' remaining

potential exposure in the litigation is limited to a handful of "ARCO-branded jobber sites." (*Id.*, ¶ A, p. 2.) However, all of these remaining sites are owned and/or operated by other sophisticated parties, most of whom are Defendants to this case. It is those other parties that are responsible for UST operations and/or remedial activity at the "ARCO-branded jobber sites" remaining in the case.

10. Defendants have sought permission from the Court, and are filing various Rule 56 motions that seek to limit the scope of Plaintiff's case and/or eliminate various claims asserted by Plaintiff against Defendants.

11. Fresno has not proffered a legally-sustainable damages case against the BP Defendants. No groundwater model predicting future MTBE impacts on the Fresno well system has been prepared by Plaintiff's experts. Instead, Fresno asserts that in order to prevent and/or mitigate future "inevitable" MTBE contamination, Fresno must expend resources to conduct additional assessment and remediation activities at approximately twenty (20) sites owned and/or operated by Defendants other than the BP Defendants, that Fresno has identified as alleged sources of MTBE in this action. Therefore, even the most general parameters of the dollar amount of damages sought by Fresno from Defendants in this case are not known.

12. Fresno's water treatment expert, Richard Haberman, did not proffer opinions supporting a damages amount that Plaintiff might seek at trial. Instead, Mr. Haberman simply described a limited number of treatment options in the industry (*e.g.* granulated activated carbon treatment) to address MTBE contamination where, unlike the instant case in Fresno, treatment is actually necessary. Significantly, Fresno has never reported MTBE detections in its wells at levels above even 1.5 parts per billion ("ppb"), which is far below California's Maximum Contaminant Level. As of 2011, Fresno could not detect and quantify any MTBE whatsoever in the vast majority of its wells, even when using a method reporting limit to measure micro detections of MTBE down to 0.02 ppb.

13. Beginning in late August 2012, the settling parties participated in both formal mediation and informal settlement discussions. Negotiations over the amount, terms, conditions,

and form of the Settlement Agreement ultimately culminated in fair, reasonable terms to which Plaintiff and the BP Defendants both agreed. The settling parties achieved no tactical gain, but rather, simply resolved all of Plaintiff's claims against the BP Defendants and provided a large settlement credit/offset to the remaining Defendants. Furthermore, this settlement is not aimed at injuring the interests of any non-settling Defendant or other person. This settlement agreement is simply the result of the settling parties wishing to resolve their claims in a fair and expedient manner.

14. Ultimately Plaintiff and the BP Defendants agreed that in exchange for the settlement consideration, the settlement would cover any and all gasoline service stations, storage facilities, or property in the City of Fresno where gasoline manufactured, delivered, stored, handled, used, dispensed, spilled, leaked or released by the Atlantic Richfield Company or by any other BP Defendant caused or potentially caused any injury or damage to Fresno.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 3, 2012, at Los Angeles, California.

_____
LAWRENCE A. COX

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ------------------------------------ X | | |
| In re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation | : | **Master File No. 1:00-1898** <br> **MDL No. 1358 (SAS)** |
| | : | |
| This Document Relates To: | : | The Honorable Shira A. Scheindlin |
| | : | |
| *City of Fresno v. Chevron U.S.A. Inc., et al.,* <br> **Case No. 04 Civ. 4973 (SAS)** | : | |
| | : | |
| ------------------------------------ X | | |

## CERTIFICATE OF SERVICE

William Costley, pursuant to 28 USC 1746, hereby declares under penalty of perjury, that on 4th day of January, 2013, I caused to be served by electronic means upon all parties to the above-referenced matter via LexisNexis File & Serve a true and correct copy of the following document:

**DECLARATION OF LAWRENCE A. COX IN SUPPORT OF BP DEFENDANTS' MOTION FOR GOOD FAITH SETTLEMENT DETERMINATION**

_____
William Costley