Exhibit 1

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release (the "Agreement") is entered into by and between: (1) Atlantic Richfield Company, BP West Coast Products LLC, and BP Products North America Inc. (collectively "BP Defendants") and (2) City of Fresno, as a political subdivision of the State of California ("Fresno"). The BP Defendants and Fresno are referred to collectively as the "Settling Parties" and individually as a "Settling Party." This Agreement is effective as of the last date of execution reflected herein.

1.  **Recitals and Definitions**: This Agreement is made with reference to the following facts and definitions:

    1.1    Certain disputes and controversies have arisen between the Settling Parties. Such disputes and controversies include the claims asserted in the lawsuit entitled City of Fresno v. Chevron U.S.A., Inc., et. al, U.S. District Court-Southern District of New York Master File No. 1:00-1898 MDL 1358 (SAS) (the "Action"). In the Action, Fresno alleges that gasoline containing methyl tertiary butyl ether ("MTBE") was released at the Stations/Facilities in the Fresno area and contaminated and/or threatens to contaminate groundwater, drinking water, and the Fresno water well system. Fresno contends that such releases could have been prevented if the Defendants named in the Action, including the BP Defendants, had provided additional warnings and instructions regarding MTBE and its proper handling. Based on these allegations, Fresno asserted causes of action for strict products liability, negligence, nuisance, and declaratory relief, based upon allegations that the BP Defendants are responsible, in part, for the damages Fresno claims it has suffered or will suffer in the future. The BP Defendants have denied and continue deny Fresno's claims, and all other material allegations against them, in the Action.

    1.2    The term "Stations/Facilities" means and includes: (a) the gasoline service stations or other facilities listed on Attachment A; and (b) any other gasoline service station, storage facility, or property location where gasoline manufactured, delivered, stored, handled, used, dispensed, spilled, leaked, or released by Atlantic Richfield Company or by any other BP Defendant caused, allegedly caused, could have caused, or may cause any injury or damage to Fresno.

    1.3    The term "Conditions/Events" means any and all facts or circumstances arising out of, or relating to, or resulting from:

        1.3.1    the design, manufacture, refining, marketing, transportation, storage, supply, distribution, exchange, or sale of any gasoline that actually or allegedly has, will, or may damage or interfere with Fresno's usufructuary or other rights;

        1.3.2    the actual, potential, or threatened presence of gasoline, benzene, toluene, ethyl benzene, xylenes, MTBE, tertiary butyl alcohol ("TBA"), diisopropyl ether ("DIPE"), tertiary amyl methyl ether ("TAME"), ethanol, or any other petroleum hydrocarbon, gasoline constituent, oxygenate, additive, or component thereof (including

without limitation any degradation products or byproducts of any such compounds) in soil, groundwater, drinking water, or Fresno water well system;

       1.3.3    Fresno's treatment, investigation, and/or remediation of any actual, potential, or threatened contamination, modification or replacement of any well or portion of its water well system, or purchase of any replacement water because of any contamination in its water well system;

       1.3.4    any actual, potential, or threatened contamination that was or could have been raised as part of the Action, including without limitation any actual, potential, or threatened contamination associated with any of the Stations/Facilities;

       1.3.5    any ownership, operation, supply, or act/omission by the BP Defendants with respect to any gasoline service station, storage facility, or above-ground or underground storage tank that allegedly contributed to any actual or threatened contamination, including any alleged warning, training, or lack thereof;

       1.3.6    any act, omission, event, or occurrence on or pertaining to any of the Stations/Facilities or investigation or remediation thereof;

       1.3.7    any alleged conspiracy, concert of action, market-share liability, commingled-product liability, or other form of collective liability or several liability for the injuries or damages at issue in the Action; and/or

       1.3.8    any alleged failure to provide information to the United States Environmental Protection Agency, State of California, or any other federal, state, or local government agency relating to gasoline, benzene, toluene, ethyl benzene, xylenes, MTBE, TBA, DIPE, TAME, ethanol, or any other petroleum hydrocarbon, gasoline constituent, oxygenate, additive, or component thereof (including without limitation any degradation products or byproducts of any such compounds), or any condition, act, omission, or event at any of the Stations/Facilities.

       1.4    In the Action, Fresno alleged or could have alleged, among other things, that the Conditions/Events have caused it damages, costs, harm, injury, and inconvenience and entitle it to recover damages, punitive damages, and injunctive or declaratory relief.

       1.5    The BP Defendants contend that they have no liability to Fresno, deny all of the allegations made against them in the Action, and deny any wrongdoing, misconduct, or liability. Nonetheless, the Settling Parties desire to avoid the cost, risk, disruption, and inconvenience of litigation or Claims (as defined below), and to buy their peace. Therefore, after negotiations and compromise and without admitting any liability to Fresno whatsoever, the Settling Parties have agreed to this Agreement to fully, completely, and finally resolve, settle, and dispose of the Claims described below.

       1.6    The term "Claims" means any and all claims, cross-claims, counter claims, third-party claims, demands, interventions, actions, causes of action, suits, liens, judgments, duties, rights, notes, expenses, costs, debts, obligations, promises, accounts, payments, agreements, contracts, rights of contribution or indemnification, liabilities, and damages or

32312174v3

injuries of whatever nature or kind, including without limitation diminution-in-value; stigma; property damage; strict liability; waste; trespass; nuisance; negligence; lost profits; lost enjoyment or use; lost sales; lost opportunities; personal injuries; emotional pain, suffering and distress; fear; worry; medical costs and expenses; consultant fees or attorneys fees; consequential damages; economic damages; statutory damages; penalties; natural resource damages; punitive or exemplary damages; environmental damages; costs of investigation, mitigation, remediation, response, restoration, abatement, treatment, water replacement, or new/replacement facilities or wells; injunctive relief; declaratory relief; and remedies of any kind, whether at law or at equity, whether based on tort or contract, or whether under any past, present, or future local, state or federal law, common law, statute, ordinance or regulation, including without limitation: the Comprehensive Environmental Response, Compensation and Liability Act; the Resource Conservation and Recovery Act; the Toxic Substances Control Act; the Safe Drinking Water Act; the Clean Water Act; and all provisions of the California Health & Safety, Water, Fish & Game, and Business & Professions Codes).

       1.7     This Agreement fully and completely settles and disposes of any and all known or unknown, suspected or unsuspected, past, present or future Claims by Fresno against the Released Parties, without any limitation or restriction whatsoever, including without limitation any and all Claims that were or could have been alleged in the Action arising out of the Conditions/Events.

       2.    **Consideration**:  This Agreement is supported by the mutual promises and covenants contained herein, which the Settling Parties agree constitute good and valuable consideration.  As consideration for the releases, promises, and covenants set forth herein, the Settling Parties shall do the following:

       2.1    **Good Faith Settlement Motion**:  Within five (5) business days after execution of this Agreement by all Settling Parties, the BP Defendants shall seek approval to move the court for an order determining this settlement to be in good faith in accordance with Sections 877 and 877.6 of the California Code of Civil Procedure.  Fresno shall cooperate in securing such court approval by filing appropriate papers with the court and/or appearing at any hearing(s) on such motion, if necessary.

       2.2    **Payment**:  Within fifteen (15) days after the court enters an order approving this Agreement as a good faith settlement and confirming that the Released Parties are entitled to protection against contribution claims pursuant to California Code of Civil Procedure Section 877.6, the BP Defendants shall cause the total sum of $1,500,000 (one million, five hundred thousand dollars) (the "Settlement Payment") to be paid as follows:  at the BP Defendants' option, either by check payable to "Miller Axline & Sawyer, A Professional Corporation Client Trust Account" (1050 Fulton Avenue, Suite 100, Sacramento, CA 95825) or by wire transfer to "Miller Axline & Sawyer, A Professional Corporation Client Trust Account" (Bank of America, 9 Park Center Drive, Sacramento, CA 95825; ph. 916-878-3109; Account #16642-08592; ABA Routing #121000358).  The tax identification number for Miller, Axline & Sawyer is 94-2706859.  The Settlement Payment does not represent a payment of punitive damages, and is intended to compensate Fresno for injury and damages that Fresno has or may suffer as a result of the allegations in the Action.  Any distribution of the settlement payment among Fresno and its counsel is a matter that is solely between them, and is solely their concern.  Fresno and its

counsel agree that the BP Defendants' payment obligation is satisfied immediately upon delivering the check or making the wire transfer, and neither Fresno nor its counsel shall look to the BP Defendants for any additional monies or payment after payment has been made pursuant to this sub-paragraph.

      2.3   **Dismissal**:  Within five (5) days of receipt of the payment described above, counsel for Fresno shall cause the Action to be dismissed with prejudice as to the BP Defendants, and each of the Settling Parties shall bear its own costs, expenses, and attorneys' fees.

      3.   **Conditions Precedent**:  This Agreement and all obligations of the Settling Parties (except Fresno's obligation to cooperate in securing court approval of this settlement) are conditioned upon obtaining court approval of the settlement as a good faith settlement as defined in California Code of Civil Procedure § 877.6.  If the court does not approve the settlement as a good faith settlement, any Settling Party shall be entitled to petition the proper court to review the determination.

      4.   **Releases**:

      4.1   **Release of BP Defendants and Released Parties**:  In its individual, proprietary, representative, governmental, and/or sovereign capacities, and on behalf of itself, its Board, and all past, present, and future joint venturers, partners, parents, subsidiaries, affiliates, predecessors, successors, assigns, beneficiaries, customers, officers, directors, employees, shareholders, officials, board members, fiduciaries, agents, attorneys, insurance carriers, sureties, consultants, experts, advisors, and all persons in privity with it and/or who could have claimed or could claim by, through or under it, Fresno fully, finally and forever releases, acquits and discharges the BP Defendants and their past, present and future related entities, parent companies, affiliates, subsidiaries, predecessors, successors, assigns, officers, directors, stockholders, attorneys, representatives, agents, employees, and all other persons and entities for whose acts or omissions the BP Defendants could be held legally responsible (collectively "Released Parties"), from any and all known or unknown, suspected or unsuspected, past, present or future Claims against them, including without limitation any Claims that were or could have been brought in the Action and any causes of action for negligence, nuisance, strict liability, failure to warn, trespass, fraud, unfair competition, declaratory relief, and any statutory claim.  This release includes without limitation any and all Claims that Fresno has, had, or may have in the future arising out of the Conditions/Events.  Apart from the Released Parties, pursuant to this Agreement Fresno is not releasing any other parties to the Action, or any non-parties, and the Claims released pursuant to this Agreement do not encompass any Claims against any other person or entity, including any other Defendants in the Action, and including without limitation any other person or entity who manufactured, refined, distributed, sold, and/or supplied gasoline to the Stations/Facilities.

      4.2   **Civil Code § 1542 Waiver**:  This Agreement shall be effective as a full and final accord and satisfaction of any and all Claims subject to the preceding sub-paragraph 4.1.  In furtherance of this intention, Fresno specifically waives the benefit of the provisions of Section 1542 of the Civil Code of the State of California, which provides as follows:

- 4 -

> **"A GENERAL RELEASE DOES NOT EXTEND TO
> CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR
> SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE
> TIME OF EXECUTING THE RELEASE, WHICH IF
> KNOWN BY HIM OR HER MUST HAVE MATERIALLY
> AFFECTED HIS OR HER SETTLEMENT WITH THE
> DEBTOR."**

5.      **Final Settlement**:  The Settling Parties understand and agree that this Agreement shall act as a release of future Claims, whether such Claims are currently known, unknown, foreseen, or unforeseen.  The Settling Parties understand and acknowledge the significance and consequence of the waiver of Civil Code Section 1542 described above.

6.      **Representations and Warranties**:  Each of the Settling Parties represents, warrants, and agrees as to itself and/or himself or herself as follows:

6.1      **Legal Representation/Satisfaction with Terms**:  In executing this Agreement, the Settling Parties acknowledge that they have consulted with and had the advice and counsel of an attorney of their choosing who is duly admitted to practice in the State of California, or had the option of doing so, concerning the advisability of executing this Agreement and the meaning of California Civil Code Section 1542, that they are satisfied with the terms incorporated herein, which represent a full and fair settlement, and that they have executed this Agreement after independent investigation and without any form of fraud, misrepresentation, duress or undue influence.

6.2      **Unknown/Unanticipated Claims**:  Each of the Settling Parties is aware that it may hereafter discover Claims or facts that were unknown or unanticipated at the time this Agreement was executed, in addition to or different from those it now knows or believes to be true with respect to the matters released pursuant to this Agreement, which might have materially affected its decision to execute this Agreement.  Nevertheless, it is the intention of the Settling Parties to fully, finally and forever settle and release all such Claims released above that do now exist, may exist, or have existed.  **THE SETTLING PARTIES EXPRESSLY ASSUME THE RISK OF SUCH UNKNOWN AND UNANTICIPATED CLAIMS AND AGREE THAT THIS AGREEMENT APPLIES TO ALL SUCH UNKNOWN AND UNANTICIPATED CLAIMS. INCLUDING ANY ARISING OUT OF ANY LEAKS, SPILLS, OR DISCHARGE OF GASOLINE.**

6.3      **Investigation**:  Each of the Settling Parties has made such investigation of the facts pertaining to this Agreement, the Conditions/Events, and all Claims release pursuant to this Agreement as it deems necessary.

6.4      **No Representations or Warranties**:  No BP Defendant, nor any officer, agent, employee, representative, or attorney of or for any BP Defendant, has made any statement or representation to Fresno regarding any fact relied upon by Fresno in entering into this Agreement, and no Settling Party has relied upon any statement, representation or promise of any other Settling Party, or of any officer, agent, employee, representative, or attorney of or for any

- 5 -

other Settling Party, in executing this Agreement, or in making the settlement provided for herein, except as expressly stated in this Agreement.

6.5    **Read and Understood Agreement/Authority to Sign**: Each of the Settling Parties or a responsible officer or representative thereof has read this Agreement and understands the contents hereof. Each officer or representative executing this Agreement on behalf of his/her respective entity is empowered to do so and thereby binds said entity, and agrees to indemnify and hold harmless each other Settling Parties from any claim that such authority did not exist.

6.6    **No Assignment**. Each Settling Party represents that no other person or entity has or has had any interest in the Claims released pursuant to this Agreement; that it has the sole right and exclusive authority to execute this Agreement and receive the consideration specified herein; and that it has not sold, assigned, transferred, conveyed, or otherwise disposed of any Claims within the scope of this Agreement.

6.7    **Contractual Terms**: Each term of this Agreement is contractual and not merely a recital.

7.    **Miscellaneous**:

7.1    **No Admission of Liability**: This Agreement effectuates the settlement of Claims that are denied and contested, and nothing contained herein shall be construed as an admission by any Settling Party of any fact or liability of any kind whatsoever, including any liability to any other Settling Party.

7.2    **Entire Agreement**: This Agreement constitutes the entire agreement between the Settling Parties and supersedes any prior or contemporaneous oral or written agreements. This Agreement is fully integrated and may be amended only by a duly executed written agreement.

7.3    **California Law/Construction of Terms**: This Agreement is made and entered into in the State of California and the Settling Parties agree that it shall in all respects be interpreted, enforced and governed under the laws of the State of California without giving effect to any choice of law rules. The language in all parts of this Agreement shall be in all cases construed as a whole according to its meaning and not strictly for or against the BP Defendants or Fresno. In addition, each of the Settling Parties has cooperated in the drafting and preparation of this Agreement and therefore agrees that any law, legal decision or rule of construction of contracts (including Civil Code Section 1654) resolving ambiguities against the drafting party shall be inapplicable in their entirety to this Agreement.

7.4    **Persons Bound or Benefited**: This Agreement is binding upon and shall inure to the benefit of the Settling Parties and their respective agents, partners, attorneys, employees, representatives, officers, directors, shareholders, divisions, subsidiaries, affiliates, insurers, transferees, successors and assigns.

7.5    **Severability of Terms**: The terms and conditions of this Agreement are not severable. However, if any provision of this Agreement is declared or determined by any

- 6 -

court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby, and such illegal or invalid part, term or provision shall not be deemed to be a part of this Agreement.

   7.6   **Confidentiality/No Press or Public Statements/Liquidated Damages**: Fresno agrees that neither it nor its counsel will issue or provide any press release, announcement, or statement or response to the press or media (including any print, on-line, or on-air media, blogger, etc.) about this settlement or the amount of the settlement payment. Any violation of this provision shall entitle the BP Defendants to recover $1,000 per violation from Fresno as liquidated damages and not as a penalty. Nothing in this sub-paragraph is intended to prevent Fresno from complying with the California Public Records Act, and no such compliance will be treated as a violation by Fresno of this sub-paragraph .

   7.7   **Execution in Counterparts**: This Agreement may be executed in counterparts with the same force and effect as if executed in one complete document.

Atlantic Richfield Company

By: _____
Name: _____
Its: _____
Dated: _____, 2012

City of Fresno

By: _____
Name: _____
Its: _____
Dated: _____, 2012

BP West Coast Products LLC

By: _____
Name: _____
Its: _____
Dated: _____, 2012

BP Products North America Inc. LLC

By: _____
Name: _____
Its: _____
Dated: _____, 2012

- 7 -

32312174v3

court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby, and such illegal or invalid part, term or provision shall not be deemed to be a part of this Agreement.

      7.6    **Confidentiality/No Press or Public Statements/Liquidated Damages**: Fresno agrees that neither it nor its counsel will issue or provide any press release, announcement, or statement or response to the press or media (including any print, on-line, or on-air media, blogger, etc.) about this settlement or the amount of the settlement payment. Any violation of this provision shall entitle the BP Defendants to recover $1,000 per violation from Fresno as liquidated damages and not as a penalty. Nothing in this sub-paragraph is intended to prevent Fresno from complying with the California Public Records Act, and no such compliance will be treated as a violation by Fresno of this sub-paragraph .

      7.7    **Execution in Counterparts**: This Agreement may be executed in counterparts with the same force and effect as if executed in one complete document.

Atlantic Richfield Company

By: _____
Name: _____
Its: _____
Dated: _____, 2012

City of Fresno

By: _____
Name: _____
Its: _____
Dated: _____, 2012

BP West Coast Products LLC

By: _____
Name: _____
Its: _____
Dated: _____, 2012

BP Products North America Inc. LLC

By: _~~signature~~_
Name: J. DOUGLAS SPARKMAN
Its: VICE PRESIDENT
Dated: DEC. 13, , 2012

court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby, and such illegal or invalid part, term or provision shall not be deemed to be a part of this Agreement.

   7.6   **Confidentiality/No Press or Public Statements/Liquidated Damages**: Fresno agrees that neither it nor its counsel will issue or provide any press release, announcement, or statement or response to the press or media (including any print, on-line, or on-air media, blogger, etc.) about this settlement or the amount of the settlement payment. Any violation of this provision shall entitle the BP Defendants to recover $1,000 per violation from Fresno as liquidated damages and not as a penalty. Nothing in this sub-paragraph is intended to prevent Fresno from complying with the California Public Records Act, and no such compliance will be treated as a violation by Fresno of this sub-paragraph .

   7.7   **Execution in Counterparts**: This Agreement may be executed in counterparts with the same force and effect as if executed in one complete document.

Atlantic Richfield Company

By: _____
Name: _____
Its: _____
Dated: _____, 2012

City of Fresno

By: _Mark Scott_____
Name: _Mark Scott_____
Its: _City Manager_____
Dated: _Dec. 19_____, 2012

BP West Coast Products LLC

By: _____
Name: _____
Its: _____
Dated: _____, 2012

BP Products North America Inc. LLC

By: _____
Name: _____
Its: _____
Dated: _____, 2012

32312174v3

Approved as to form:
ARNOLD & PORTER LLP

By _Laurence J. Cox_
   Lawrence A. Cox
Attorneys for Atlantic Richfield Company, BP
West Coast Products LLC and BP Products
North America Inc.
Dated: __December 13__, 2012

Approved as to form:
MILLER, AXLINE & SAWYER

By _____
   Duane C. Miller/Michael Axline
Attorneys for Fresno Valley Water
District
Dated: __DECEMBER 10__, 2012

- 8 -

32312174v3

**ATTACHMENT A**

| ADDRESS | STATION/FACILITY NAME |
|---|---|
| 1155 West Belmont Avenue | ARCO #274 |
| 1216 Clovis Avenue | ARCO #54366 |
| 1460 P Street | Abby ARCO (ARCO #54453) |
| 1606 North Cedar Street | ARCO #634/80915 |
| 1606 North Fresno Street | ARCO #259 |
| 1625 Chestnut Avenue | Beacon/ARCO #3615 (ARCO #54368) |
| 1785 West Shaw Avenue | ARCO #466/54391 |
| 2139 South Elm Avenue | Valley Gas (former ARCO supplied/branded site) |
| 2145 North Blackstone Avenue | Ratcliffe Gas (former ARCO supplied/branded site) |
| 2341 North West Avenue | ARCO #645 |
| 2394 South Elm Avenue | J&C Food and Gas (former ARCO supplied/branded site) |
| 2414 North Marks Avenue | ARCO #54479 |
| 2429 East McKinley Avenue | ARCO #54680 |
| 2590 South Cherry Avenue | ARCO #5730/82412 |
| 2750 North Parkway Drive | ARCO #346 |
| 2801 West Clinton Avenue | ARCO #83268 |
| 2874 South Cherry Avenue | ARCO #80862 |
| 3016 West Olive Avenue | ARCO #83124 |
| 3060 East Tulare Avenue | ARCO #6514/82424 |
| 3076 East Gettysburg Avenue | Gas 4 Less (former ARCO supplied/branded site) |
| 3097 Tulare Street | ARCO #735 |
| 3099 East Belmont Avenue | ARCO #491 |
| 3133 North Palm Avenue | ARCO #6210 |
| 3327 West Ashlan Avenue | ARCO #5588/82417 |
| 3605 East Tulare Street | ARCO #80061 |
| 3703 North Blackstone Avenue | ARCO #6114/81643 |
| 375 East Omaha Street | ARCO #232 |
| 3767 South Golden State Boulevard | Beacon Fifth Wheel Truckstop (former ARCO #9904/9966) |
| 3822 North Fruit Avenue | ARCO #6056 |
| 3854 North Blackstone Avenue | ARCO #80021 |
| 4001 North Marks Avenue | Beacon #3616 (ARCO #54369) |
| 4025 South Chestnut Avenue | ARCO #5785/82423 |
| 4130 East Ventura Avenue | ARCO #80064 |
| 4149 North Clovis Avenue | ARCO #82044 |

| 4190 North Cedar Avenue | ARCO #2061/54676 |
|---|---|
| 4192 North Fresno Street | ARCO #610 |
| 420 East Shaw Avenue | ARCO #540 |
| 420 West Shaw Avenue | ARCO #697 |
| 4205 East Butler Avenue | Family Express Food & Liquor (former ARCO supplied/branded site) |
| 4210 Butler Avenue | ARCO #83307 |
| 4210 East Belmont Avenue | ARCO #1350 |
| 4591 East Belmont Avenue | Beacon #3519 (ARCO #54305) |
| 4591 North Blackstone Avenue | ARCO #5878 |
| 4594 East Tulare Avenue | Exxon Service Station (former ARCO supplied/branded site) |
| 4595 East Clinton Avenue | ARCO #335 |
| 4602 East Church Avenue | Quality Food n Gas (former ARCO supplied/branded site) |
| 4610 North Blackstone Avenue | ARCO #631 |
| 4793 East Kings Canyon Road | ARCO #6121 |
| 4897 East Kings Canyon Road | ARCO #5803/82299 |
| 505 West Olive Avenue | ARCO #630 |
| 5191 East Belmont Avenue | ARCO #1342/80655 |
| 5595 East Olive Avenue | ARCO #5796/82416 |
| 5687 East Kings Canyon Road | ARCO #1305/80940/54606 |
| 6020 North Blackstone Avenue | ARCO #82072 |
| 6375 North Blackstone Avenue | ARCO #82365 |
| 6674 North Tamara Street | ARCO #82493 |
| 6725 North Golden State Boulevard | ARCO #81927/83176 |
| 798 West Gettysburg Avenue | Beacon #537 |
| 862 Van Ness Avenue | ARCO #244 |
| Third/Ventura, Fresno, CA | ARCO #269 |