# Exhibit 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

In re: Methyl Tertiary Butyl Ether ("MTBE")
Products Liability Litigation

This Document Relates To:

CITY OF FRESNO

     Plaintiff,

     vs.

CHEVRON U.S.A. INC.; CHEVRON
ENVIRONMENTAL SERVICES COMPANY;
SHELL OIL COMPANY; EXXON CORPORATION;
TOSCO CORPORATION; UNOCAL
CORPORATION; UNION OIL COMPANY OF
CALIFORNIA; KERN OIL &  REFINING
COMPANY; VALERO REFINING COMPANY-
CALIFORNIA; VALERO MARKETING AND
SUPPLY COMPANY [DOE 1]; TESORO
PETROLEUM CORPORATION [DOE 2]; TESORO
REFINING AND MARKETING COMPANY, INC.
[DOE 3]; TEXACO REFINING AND MARKETING
INC.; ULTRAMAR, INC.; ARCO
CHEMICAL COMPANY; LYONDELL
CHEMICAL COMPANY; COASTAL CHEM, INC.;
EXXON MOBIL CORPORATION;
CONOCOPHILLIPS CORPORATION; ATLANTIC
RICHFIELD COMPANY; EQUIVA
SERVICES LLC; TEXACO, INC.; EQUILON
ENTERPRISES LLC; CHEVRONTEXACO
CORPORATION; NEW WEST PETROLEUM;
DUKE ENERGY MERCHANTS, LLC; DUKE
ENERGY TRADING AND MARKETING, LLC;
PACIFIC SOUTHWEST TRADING; NORTHRIDGE
PETROLEUM MARKETING U.S., INC.; DUKE
ENERGY MERCHANTS CALIFORNIA, INC.; NEW
WEST PETROLEUM, LLC;
WESTPORT PETROLEUM INC.; NELLA
OIL COMPANY LLC; CITGO PETROLEUM
CORPORATION [DOE 201]; AND DOES 4
THROUGH 200, 202 THROUGH 400, and
401 THROUGH 600, inclusive,

     Defendants.

Master File C.A. No. 1:00-Civ.
1898

MDL No 1358 (SAS)


Case No. 04 CV-04973 (SAS)


Transferred from:
United States District Court for
the Northern District of California
Case No. C 03-5378 JSW
(Honorable Jeffrey S. White)

Removed from:
Superior Court of California,
County of San Francisco,
Case No. CGC-03-425649

**FIRST AMENDED
COMPLAINT**

**JURY TRIAL DEMANDED**

1

Plaintiff City of Fresno hereby alleges as follows:

## I. SUMMARY OF THE CASE

1. The City of Fresno is responsible for purveying clean, safe drinking water to approximately 450,000 people in the County of Fresno, California. Expanding plumes of methyl tertiary butyl ether ("MTBE") and tertiary butyl alcohol ("TBA") contaminate and threaten the water system and drinking water on which Fresno's schools, hospitals, businesses, residents and visitors depend.

2. The defendants in this action are the refiners who manufacture gasoline containing MTBE and TBA, manufacturers of MTBE, and the designers, promoters, marketers, formulators, distributors, suppliers, and retailers of gasoline containing MTBE and TBA, which contaminate and threaten Fresno's water system and public water supply. Among other things, the defendants knowingly and willfully promoted and marketed MTBE and TBA and/or gasoline containing MTBE and/or TBA, when they knew or reasonably should have known that these compounds would reach groundwater, pollute public water supplies, render drinking water unusable and unsafe, and threaten the public health and welfare, as they have in Fresno.

3. Fresno filed this lawsuit to recover compensatory and all other damages, including all necessary funds to remove MTBE and TBA pollution from public drinking water supplies, to restore the reliability of Fresno's water system and drinking water supply, to abate MTBE and TBA plumes, and to assure that the responsible parties -- and not the City of Fresno nor the public -- bear the expense.

## II. PLAINTIFF

4. Plaintiff City of Fresno ("Fresno") provides water to the residents of Fresno. The City of Fresno bears the responsibility of owning and operating a water system which serves the public, including drinking water wells with related and ancillary equipment, pumps, pipes, water treatment equipment, delivery systems and infrastructure which will be referred to collectively in this complaint as the "water system." The drinking water sources for the Fresno water system include more than two hundred and fifty (250) wells owned and operated by Fresno within or near city limits. Among other things, the water system includes Fresno's right to appropriate and use groundwater for water supplies.

2

## III. DEFENDANTS

5. Most of the defendants in this action are corporate members of the gasoline industry. As described below, the defendants include manufacturers and promoters of gasoline containing MTBE and/or TBA, distributors of gasoline containing MTBE and/or TBA, manufacturers and promoters of MTBE and/or TBA, and owners and operators of facilities that released MTBE and/or TBA and/or gasoline containing MTBE and/or TBA into the environment. MTBE, TBA, and gasoline containing MTBE and/or TBA have contaminated, polluted and threatened, and continue to contaminate, pollute and threaten, Fresno's water system.

6. When this complaint refers to any act or omission of the defendants, such reference shall be deemed to mean that the officers, directors, agents, employees, or representatives of the defendants committed or authorized such act or omission, or failed to adequately supervise or properly control or direct their employees while engaged in the management, direction, operation or control of the affairs of defendants, and did so while acting within the scope of their employment or agency.

### A. Refiner Defendants

7. These defendants owned and operated refineries in California and/or designed, formulated, refined, manufactured, promoted, marketed, supplied and provided gasoline containing MTBE and/or TBA which, at all times relevant to this complaint, was distributed and sold in areas affecting Fresno's water system:

8. Defendant Chevron U.S.A. Inc. ("Chevron USA") is a Pennsylvania corporation with its principal place of business in San Ramon, California.

9. Defendant Shell Oil Company, individually and doing business as Shell Oil Products US ("Shell") is a Delaware corporation doing business in California.

10. Defendant Exxon Corporation ("Exxon") is a New Jersey corporation with its principal place of business located in Texas.

11. Defendant Tosco Corporation ("Tosco") is a Nevada corporation with its principal place of business in Stamford, Connecticut.

12. Defendant Unocal Corporation ("Unocal") is a Delaware corporation doing business in California.

3

13. Defendant Union Oil Company of California ("Union Oil") is a California corporation with its principle place of business in El Segundo, California.

14. Defendant Kern Oil & Refining Company ("Kern Oil") is a California corporation with its principal place of business located in Long Beach, California.

15. Defendant Valero Refining Company-California ("Valero Refining") is a Delaware corporation with its principle place of business in San Antonio, Texas, and doing business in California.

16. Defendant Valero Marketing and Supply Company ("Valero Marketing") is a Delaware corporation with its principal place of business in San Antonio, Texas, and doing business in California. Valero Marketing and Supply Company is named in place of DOE 1.

17. Defendant Tesoro Petroleum Corporation ("Tesoro") is a Delaware corporation with its principal place of business in San Antonio, Texas, and doing business in California. Tesoro is named in place of DOE 2.

18. Defendant Tesoro Refining and Marketing Company, Inc. ("Tesoro Refining"), a wholly owned subsidiary of Tesoro, is a Delaware corporation with its principal place of business in San Antonio, Texas, doing business in California. Tesoro Refining is named in place of DOE 3.

19. Defendant Texaco Refining and Marketing Inc. ("TRMI") is a Delaware corporation with its principal place of business in New York.

20. Defendant Ultramar, Inc. ("Ultramar") is a Nevada corporation with its principal place of business in San Antonio, Texas.

21. Defendant Exxon Mobil Corporation ("ExxonMobil") is a New Jersey corporation with its principal place of business located in Texas. Plaintiff is informed that Exxon Mobil was formed on or about November 30, 1999 as a result of a merger of Mobil Corporation and Exxon Corporation and is a successor in interest to Exxon Corporation and Mobil Corporation.

22. Defendant ConocoPhillips Corporation ("Conoco") is a Delaware Corporation doing business in California and is a successor in interest to Tosco Corporation.

23. Defendant ChevronTexaco Corporation ("ChevronTexaco") is a Delaware corporation with its headquarters in San Ramon California. Plaintiff is informed and believes that

ChevronTexaco Corporation is a successor in interest to certain Chevron-related and Texaco-related entities.

24. Defendant Equilon Enterprises LLC ("Equilon") is a Delaware Limited Liability Company. Plaintiff is informed and believes that Equilon Enterprises LLC is a successor in interest to certain Shell-related and Texaco-related entities.

25. Defendants Chevron USA, Shell, Exxon, Tosco, Unocal, Union Oil, Kern Oil, Valero Refining, Valero Marketing, Tesoro, Tesoro Refining, TRMI, Ultramar, ExxonMobil, Conoco, ChevronTexaco, Equilon and DOES 4 through 100, will be collectively referred to hereafter as the "Refiner Defendants." The Refiner Defendants, and each of them, owned and/or operated gasoline refineries that manufactured and supplied gasoline containing MTBE and/or TBA to locations in the vicinity of Fresno's water system, such that releases of such products to the subsurface contaminated and polluted the water system. Among other things, these defendants (1) designed, formulated, refined, manufactured, promoted, marketed, distributed, transported, packaged, exchanged and/or sold gasoline containing MTBE and/or TBA, which is contaminating, polluting and threatening Fresno's public water supplies; (2) owned, operated, and/or controlled gasoline delivery systems including, but not limited to, gasoline stations, gasoline storage, transfer, delivery, and dispensing systems (collectively herein "gasoline delivery systems") in areas affecting Fresno's water system; (3) were legally responsible for and committed each of the multiple tortious and ongoing wrongful acts alleged in this complaint; (4) participated in one or more enterprises to promote MTBE and/or TBA and/or gasoline containing MTBE and/or TBA; (5) negligently designed, constructed, installed, fabricated, owned, operated, controlled, inspected and/or repaired gasoline delivery systems from which MTBE and/or TBA is contaminating, polluting, and threatening the water system; (6) negligently and/or intentionally failed and refused to take appropriate remediation action to abate MTBE and/or TBA plumes when MTBE and/or TBA escaped from the gasoline delivery systems; and (7) in doing the tortious and wrongful acts alleged in this complaint, acted in the capacity of aider, abettor, joint-venturer, partner, agent, principal, successor-in-interest, surviving corporation, fraudulent transferee, fraudulent transferor, controller, alter-ego, co-conspirator, licensee, licensor, patent holder and/or indemnitor of each of the remaining DOE and named defendants.

26. Plaintiff is ignorant of the true names and/or capacities of the defendants sued herein under the fictitious names DOES 4 through 100, inclusive.

**B. MTBE/TBA Manufacturer/Supplier Defendants**

27. These defendants manufactured, promoted, marketed, sold, supplied and provided MTBE and/or TBA which, at all times relevant to this complaint, was added to gasoline which was distributed and sold in areas affecting Fresno's water system:

28. Defendant ARCO Chemical Company ("ARCO Chemical") is a corporation with its principal place of business in Los Angeles, California.

29. Defendant Lyondell Chemical Company ("Lyondell"), as successor-in-interest to ARCO Chemical Company, is a corporation with its headquarters in Houston, Texas, and doing business in California.

30. Defendant Coastal Chem, Inc. ("Coastal") is a Delaware corporation.

31. Defendant Chevron Environmental Services Company is a Delaware corporation with its principal place of business in San Francisco, California.

32. Defendants ARCO Chemical, Lyondell, Coastal, Chevron Environmental Services Company, and also defendants Chevron USA, Shell, Exxon, Tosco, Valero Refining, Valero Marketing, Tesoro, Tesoro Refining, Ultramar, ExxonMobil, Conoco, ChevronTexaco, Equilon and DOES 101 through 200, will be collectively referred to hereafter as the "MTBE/TBA Manufacturer/Supplier Defendants." The MTBE/TBA Manufacturer/Supplier Defendants, and each of them, manufactured and/or supplied MTBE and/or TBA for use in gasoline which was distributed to and sold in locations in the vicinity of Fresno's water system, such that releases of that gasoline to the subsurface contaminated, polluted, and threaten the water system. Among other things, these defendants (1) negligently designed, manufactured, formulated, refined, promoted, marketed, distributed, failed to adequately warn about, transported, packaged, exchanged and/or sold MTBE and/or TBA, which is contaminating, polluting, and threatening Fresno's public water supplies; (2) owned, operated, and controlled gasoline delivery systems in areas affecting Fresno's water system; (3) were legally responsible for and committed each of the multiple tortious and ongoing wrongful acts alleged in this complaint; (4) participated in one or more enterprises to promote MTBE and/or TBA and/or gasoline containing MTBE and/or TBA;

6

(5) negligently operated , designed, constructed, owned, repaired, controlled, installed, inspected, and/or fabricated gasoline delivery systems from which MTBE and/or TBA is contaminating, polluting, and threatening the water system; (6) negligently and/or intentionally failed and refused to take appropriate remediation action to abate MTBE and/or TBA plumes when MTBE and/or TBA escaped from the gasoline delivery systems; and (7) in doing the tortious and wrongful acts alleged in this complaint, acted in the capacity of aider, abettor, joint-venturer, partner, agent, principal, successor-in-interest, surviving corporation, fraudulent transferee, fraudulent transferor, controller, alter-ego, co-conspirator, licensee, licensor, patent holder and/or indemnitor of each of the remaining DOE and named defendants.

### C. Distributor Defendants

33.  These defendants have supplied and continue to supply gasoline containing MTBE and/or TBA for resale in areas that affect Fresno's water system:

34. Defendant Atlantic Richfield Company ("ARCO"), is a Delaware corporation doing business in California.

35. Defendant Equiva Services LLC ("Equiva") is a Delaware Limited Liability Company doing business in California.

36. Defendant New West Petroleum ("New West") is a California corporation with its principle place of business in Sacramento, California.

37. Defendant Duke Energy Merchants, LLC ("Duke Energy") is a limited liability company, incorporated in Delaware and doing business in California.

38. Defendant Duke Energy Trading and Marketing, LLC ("Duke Marketing") is a limited liability company, incorporated in Delaware and doing business in California.

39. Defendant Pacific Southwest Trading, also known as PS Trading, Inc., ("PS Trading") is a California corporation.

40. Defendant New West Petroleum LLC ("New West LLC") is a California limited liability company with its principal place of business in Sacramento, California.

41. Defendant Northridge Petroleum Marketing U.S., Inc., ("Northridge") is a Colorado corporation doing business in California.

42.  Defendant Duke Energy Merchants California, Inc., ("Duke Energy California") formerly known as Northridge Petroleum Marketing U.S., Inc., is a Colorado corporation doing business in California.

43.  Defendant Westport Petroleum Inc. ("Westport") is a California corporation with its principal place of business in Pasadena, California.

44.  Defendant Nella Oil Company LLC ("Nella") is a California limited liability company with its principle place of business in Auburn, California.

45.  Defendant Citgo Petroleum Corporation ("Citgo") is a Delaware corporation with its principal place of business in Tulsa, Oklahoma, and doing business in California.  Citgo is named in place of DOE 201.

46.  Plaintiff is ignorant of the true names and/or capacities of the defendants sued herein under the fictitious names DOES 202 through 400, inclusive.

47.  Defendants Arco, Equiva, New West, Duke Energy, Duke Marketing, PS Trading, New West LLC, Northridge, Duke Energy California, Westport, Nella and also defendants Chevron USA, Shell, Exxon, Tosco, Unocal, Union Oil, Kern Oil, Valero Refining, Valero Marketing, TRMI, Ultramar, ExxonMobil, Conoco, ChevronTexaco, Equilon and DOES 202 through 400, will be collectively referred to herein as the "Distributor Defendants."  The Distributor Defendants, and each of them: (1) designed, manufactured, formulated, promoted, marketed, distributed, transported, packaged, and sold gasoline containing MTBE and/or TBA which is contaminating and threatening Fresno's public water supplies; (2) were legally responsible for and committed each of the tortious and wrongful acts alleged in this complaint; (3) participated in one or more enterprises to promote MTBE and/or TBA and/or gasoline containing MTBE and/or TBA; and (4) in doing the tortious and wrongful acts alleged in this complaint, acted in the capacity of aider, abettor, joint-venturer, partner, agent, principal, successor-in-interest, surviving corporation, fraudulent transferee, fraudulent transferor, controller, alter-ego, co-conspirator, licensee, licensor, patent holder and/or indemnitor of each of the remaining DOE and named defendants.

**D.  Owner/Operator Defendants**

48.  These defendants own and/or operate gasoline delivery facilities, including, but not

limited to, pipelines, gasoline stations, gasoline storage, transfer, delivery, and dispensing systems (collectively herein "gasoline delivery systems") in areas affecting Fresno's water system:

49. Plaintiff is ignorant of the true names and/or capacities of the defendants sued herein under the fictitious names DOES 401 through 600, inclusive.

50. DOES 401 through 600, shall be referred to collectively herein as the "Owner/Operator Defendants." The Owner/Operator Defendants, and each of them: (1) designed, constructed, installed, fabricated, owned, operated, controlled, inspected and/or repaired gasoline delivery systems from which gasoline containing MTBE and/or TBA is contaminating, polluting, and threatening Fresno's water system; (2) were legally responsible for and committed each of the multiple tortious and ongoing wrongful acts alleged in this complaint; (3) participated in one or more enterprise(s) to promote, market, distribute, and sell gasoline containing MTBE and/or TBA; and (4) in doing the tortious and wrongful acts alleged in this complaint, acted in the capacity of aider, abettor, joint-venturer, partner, agent, principal, successor-in-interest, surviving corporation, fraudulent transferee, fraudulent transferor, controller, alter-ego, co-conspirator, licensee, licensor, patent holder and/or indemnitor of each of the remaining DOE and named defendants.

## IV. ALLEGATIONS APPLICABLE TO ALL CAUSES OF ACTION

### A. The Contaminants: MTBE and TBA

51. MTBE is an additive to gasoline. Wherever referred to in this complaint, MTBE means not only methyl tertiary butyl ether, but also the contaminants in commercial grade MTBE, as well as other oxygenates and ethers, including, but not limited to, TAME, DIPE, and ETBE.

52. TBA is present in some gasoline. TBA is variously a gasoline constituent, an impurity in commercial grade MTBE, and a degradation or breakdown product of MTBE.

53. MTBE and TBA contaminate the environment through leaks and spills from gasoline delivery systems. Once released to the environment from gasoline delivery systems, MTBE and TBA each have unique characteristics that cause extensive environmental contamination and a corresponding threat to the public health and welfare. In particular, the fate and transport of

MTBE and TBA in the subsurface differs significantly from that of gasoline constituents that have historically been of environmental and/or toxicological concern, specifically the "BTEX compounds" (benzene, toluene, ethylbenzene, and xylene).

54.   Once released into the subsurface, MTBE and TBA separate from other gasoline constituents in the presence of moisture.  In contrast to the BTEX compounds, MTBE and TBA have a strong affinity for water.  If MTBE and/or TBA are released into the environment in sufficient quantities, MTBE and/or TBA have the capacity to migrate through the soil, the groundwater, penetrate deeper within the aquifer, and cause persistent contamination that can threaten the potability of drinking water wells.  There is a potentially lengthy delay, based on site specific factors, between the time MTBE and/or TBA are released and the time they accumulate in potentially usable ground water in sufficient quantities to contaminate public drinking water resources.

55.   MTBE and TBA spread farther and faster than other components of gasoline, resist biodegradation, and are difficult and costly to remove from groundwater and drinking water supplies.

**B. Regulatory Standards Applicable to MTBE and TBA**

56.   No federal or state agency has approved either MTBE or TBA as an additive to drinking water.  No federal or state agency has approved releasing MTBE or TBA into groundwater.  No federal or state agency has ever required that gasoline contain MTBE and/or TBA.

57.   Along with its other properties, MTBE can render water supplies undrinkable by changing the taste and odor of water into a foul smelling liquid with a turpentine odor and chemical taste unfit for human consumption.  The State of California established a Secondary Maximum Contaminant Level ("MCL") for MTBE of 5 parts per billion ("ppb").  This means that the law prohibits using water containing MTBE at or above this level in public drinking water because of MTBE's aesthetic properties.  Individuals, however, can smell and taste MTBE in water at even lower levels.

58.   MTBE also presents a significant public health threat.  Because of MTBE's potential for causing cancer, the State of California has established a Primary (health) MCL for MTBE of

13 ppb. This means that the law prohibits using water containing MTBE at or above this level in public drinking water because of MTBE's threat to public health.

59. TBA also presents a significant threat to public health. The State of California has set an Action Level for TBA of 12 parts per billion in water, based on an interim assessment performed by the California Office of Environmental Health Hazard Assessment. The interim assessment concluded that exposure to TBA at levels above 12 ppb in water creates an unacceptable public health risk of cancer.

60. California Governor Gray Davis ordered state agencies to phase out MTBE use in motor fuel in California, to achieve 100% removal no later than December 31, 2003. Because of MTBE's threat to drinking water, the federal government has also announced its intent to "significantly reduce or eliminate" MTBE from gasoline in an Advance Notice of Proposed Rulemaking published in the Federal Register. Eighteen states, including California, have either banned or are phasing out the use of MTBE in gasoline.

**C. Defendants' Promotion of MTBE and TBA**

61. The Refiner Defendants and MTBE/TBA Manufacturer/Supplier Defendants, all of whom have promoted the use of MTBE and/or TBA, and/or gasoline containing MTBE and/or TBA, for its purported environmental benefits, knew or should have known of the grave harm and threat to the public health and welfare represented by the proliferating use of these compounds, including (among other things): widespread pollution of groundwater with MTBE and TBA, contamination of public drinking water by these compounds, drinking water supplies rendered unfit and unusable for consumption, public health threatened, and increased costs to public water suppliers and their ratepayers. Plaintiff is informed and believes, however, and based thereon alleges, that defendants Tosco and Ultramar did not gain this knowledge until 1996, due to concealment of information by another defendant or defendants, including but not limited to ARCO Chemical.

62. Despite knowing that MTBE and TBA pollution was inevitable, and despite the availability of reasonable alternatives, (including, but not limited to, adequate warnings), defendants chose not to warn customers, retailers, regulators or public officials, including the City of Fresno. As production and sales of these compounds and gasoline containing them

11

increased, defendants failed to take any reasonable, appropriate and special precautions to store gasoline containing MTBE and/or TBA safely, or to prevent, detect, and clean up spills and leaks of gasoline containing these products.  Despite knowing the risk of harm posed by these compounds, defendants also failed to warn purchasers, the public, the City of Fresno, and/or regulators, that without such precautions more and more MTBE and/or TBA would be released into the environment and cause, among other significant adverse effects, long term groundwater contamination, pollution of public drinking water supplies, and threats to public health and safety.

63.  The Refiner and Distributor Defendants further exacerbated the situation by continuing unreasonable intentional and/or negligent acts, including providing gasoline containing MTBE and/or TBA to gasoline stations without either providing appropriate warnings or taking other precautions adequate to prevent releases of MTBE and/or TBA to the subsurface, knowing that release to the environment of these compounds would be inevitable because a substantial percentage of those gasoline stations would store such gasoline without taking reasonable, appropriate or special precautions, such as by placing the gasoline in inadequate and leaking gasoline delivery systems, and without taking reasonable, appropriate or special measures to monitor, detect, and respond to releases of MTBE and/or TBA to soil and/or groundwater, and without taking reasonable, appropriate or special precautions to investigate, contain, and clean up releases of these compounds.

64.  At all times, the Refiner Defendants and MTBE/TBA Manufacturer/Supplier Defendants and Distributor Defendants have represented to purchasers of MTBE, TBA, and/or gasoline containing MTBE and/or TBA, as well as to the public and government agencies, that such products were environmentally sound and appropriate for widespread production, distribution, sale and use.  Indeed, defendants represented that  gasoline containing MTBE could be handled the same as ordinary gasoline, and required no special measures to protect against or respond to suspected releases to the subsurface.

65. The Refiner Defendants and MTBE/TBA Manufacturer/Supplier Defendants and Distributor Defendants had a duty (which they breached) to test MTBE and TBA thoroughly to determine their environmental fate and transport characteristics, and potential human health

impacts, before they sold these compounds and/or gasoline containing them, and had a further duty (which they breached) to take precautions necessary to assure that gasoline containing MTBE and/or TBA was properly stored and to institute all necessary measures to contain and promptly abate the inevitable spills and leaks. Nonetheless, the defendants, and each of them, failed to adequately test, store, warn, or control gasoline containing MTBE and/or TBA, and, among other things, failed to abate groundwater contamination caused by MTBE and/or TBA, including contamination in and threats to Fresno's water system.

66. The widespread problems of leaking gasoline delivery systems were well known to the defendants prior to the introduction of MTBE and TBA. At least as early as the mid-1960's these defendants knew, or reasonably should have known, that gasoline delivery systems suffer significant and widespread leaks and failures, and release gasoline products into the environment, including into groundwater.

67. Before introducing MTBE and/or TBA into gasoline delivery systems, the Refiner Defendants and MTBE/TBA Manufacturer/Supplier Defendants and Distributor Defendants knew, or reasonably should have known, among other things, that MTBE and/or TBA released into the environment would mix easily with groundwater, move great distances, resist biodegradation or bioremediation, render drinking water unsafe and/or non-potable, cause significant expenses to remediate and to remove from public drinking water supplies, and otherwise threaten the public health and welfare. The defendants knew, or they reasonably should have known, that the gasoline distribution and retail system statewide – and in the vicinity of Fresno's water system – contained leaking gasoline delivery systems. They knew, or they reasonably should have known, that gasoline facilities, including those in the vicinity of Fresno's water system, commonly lacked adequate storage facilities for gasoline containing MTBE and/or TBA and that the operators of these facilities were unaware of either the special hazards of MTBE and/or TBA or the steps necessary to eliminate or mitigate those hazards.

68. At all times relevant to this action:

(a) the MTBE/TBA Manufacturer/Supplier Defendants, and each of them, sold, exchanged, supplied, distributed, delivered and/or otherwise provided MTBE and/or TBA to the Refiner Defendants, and the Refiner Defendants and

13

Distributor Defendants, and each of them, sold, exchanged, supplied, distributed, delivered and/or otherwise provided gasoline containing MTBE and/or TBA to retail gasoline stations and/or other gasoline delivery systems within or near the District's boundaries. Such sales, exchanges, supplies, distributions, deliveries and/or other provisions of gasoline containing MTBE and/or TBA to such facilities occurred over time through the end of 2002 and, for at least certain defendants, beyond;

(b)    gasoline containing MTBE and/or TBA was released to the subsurface from retail gasoline facilities owned and/or operated by the Owner/Operator Defendants, and each of them, and from other facilities at dispersed locations within or near Fresno's water system. Such releases of gasoline containing MTBE and/or TBA have occurred over time and are still occurring, all in varying amounts at different locations; and

(c)    MTBE and TBA take time to migrate from release points to locations within the subsurface at which they have an appreciable impact on groundwater resources. Because of the distance from release points to groundwater, relatively low precipitation rates, and potential presence of intermittent clay layers which retard downward movement, there may be significant delay between the release of gasoline and its occurrance in groundwater. MTBE and TBA have over time migrated in the subsurface from dispersed release points at or near the surface at retail gasoline facilities within or near Fresno's water system, causing pollution, contamination, and substantial damage to the groundwater resources of Fresno, causing appreciable injury to Fresno within the past three years, currently and continuously damaging Fresno at such times and in amounts to be proved at trial.

69.  The City of Fresno seeks compensatory damages needed to investigate, remediate, and remove MTBE and/or TBA from drinking water supplies, to secure alternative water supplies on an interim basis, to make associated changes to its operating systems and practices, and for past, present, and future damage to Fresno's water system and water rights. In addition,

Fresno seeks punitive damages to punish certain defendants and deter future wrongful and harmful conduct, and other relief as described in the Prayer below.

## FIRST CAUSE OF ACTION

### (Strict Liability Against All Defendants)

70. Fresno refers to paragraphs 1 through 69 above, and by this reference incorporates them into this cause of action as though fully set forth herein.

71. The Refiner Defendants, Distributor Defendants, and Owner/Operator Defendants, and each of them, designed, formulated, compounded, refined, manufactured, packaged, distributed, recommended, merchandised, advertised, promoted, and/or sold gasoline containing MTBE and/or TBA.

72. The MTBE/TBA Manufacturer/Supplier Defendants, and each of them, designed, formulated, compounded, manufactured, packaged, distributed, supplied, recommended, merchandised, advertised, promoted, and/or sold MTBE and/or TBA and their constituents, which were intended by defendants, and each of them, to be used as gasoline additive(s).

73. Defendants' design and manufacture of these products was defective, and defendants failed to adequately warn against the dangers of these products.

74. Defendants, and each of them, falsely represented, asserted, claimed and warranted that gasoline containing MTBE and/or TBA could be used in the same manner as gasoline not containing these compounds, and did not require any different or special handling or precautions.

75. Defendants, and each of them, knew that said product(s) were to be purchased and used without inspection for defects.

76. Gasoline containing MTBE and/or TBA, and MTBE and TBA themselves, are defective products because, among other things:

    (a)    The benefits of using MTBE and/or TBA in gasoline, if any, are greatly outweighed by the associated costs and negative impacts imposed on society, consumers, and the environment, and on the City of Fresno's water system, and those who rely on it;

    (b)    MTBE and TBA cause extensive groundwater contamination, even when used in their foreseeable and intended manner;

15

(c)     Even at extremely low levels, MTBE renders drinking water putrid, foul, and unfit for purveying to consumers, and TBA also renders drinking water unfit for purveying as drinking water to the pubic;

(d)     MTBE and TBA and gasoline containing MTBE and/or TBA pose significant threats to public health;

(e)     Defendants failed to provide adequate warnings of the known and foreseeable risks of MTBE and TBA and gasoline containing MTBE and/or TBA, including but not limited to groundwater contamination with both MTBE and TBA;

(e)     Defendants failed to conduct reasonable, appropriate or adequate scientific studies to evaluate the environmental fate and transport and potential human health effects of MTBE and/or TBA and gasoline containing MTBE and/or TBA; and

(f)     Commercial grade MTBE is defectively designed and manufactured when it contains unnecessary but environmentally harmful impurities such as TBA.

77.  MTBE, and/or TBA, and/or gasoline containing MTBE and/or TBA, were used in a manner in which they were forseeably intended to be used, and as a proximate result of the defects previously described, MTBE and/or TBA and gasoline containing MTBE and/or TBA proximately caused the City of Fresno to sustain the injuries and damages set forth in this complaint.

78.  As a direct and proximate result of the acts and omissions of the defendants alleged herein, the City of Fresno must assess, evaluate, investigate, monitor, abate, clean-up, correct, contain, and remove MTBE and/or TBA from Fresno's water system, and secure alternative water supplies (with related operational impacts), all at significant expense, loss, and damage.

79.  As a further direct and proximate result of the acts and omissions of the defendants alleged herein, Fresno will sustain substantially increased expenses, loss of the use of water and a threat to its appropriative water rights, all to Fresno's damage in an amount within the

16

jurisdiction of this court. Fresno is also entitled to recover costs incurred in prosecuting this action and prejudgment interest to the full extent permitted by law.

80.  Defendants ARCO, Chevron USA, Chevron Environmental Services Company, Shell, Exxon, Tosco (after 1996), Unocal, Union Oil, Kern Oil, TRMI, Ultramar (after 1996), Conoco, Equilon, ARCO Chemical, Lyondell, Valero Refining, Valero Marketing, and DOES 100-200 knew that it was substantially certain that their acts and omissions described above would threaten public health and cause extensive contamination of public drinking water supplies and property damage. These defendants committed each of the above described acts and omissions knowingly, willfully, and with oppression, fraud, and/or malice and with conscious disregard of the health and safety of others, and of plaintiff's water rights.

81.  This conduct is reprehensible, despicable, and was performed to promote sales of MTBE and/or TBA and/or gasoline containing MTBE and/or TBA in conscious disregard of the known risks of injury to health and property. These defendants acted with willful and conscious disregard of the probable dangerous consequences of that conduct and its foreseeable impact upon Fresno. Therefore, Fresno requests an award of exemplary damages in an amount sufficient to punish ARCO, Chevron USA, Shell, Exxon, Tosco (after 1996), Unocal, Union Oil, Kern Oil, TRMI, Ultramar (after 1996), Conoco, Equilon, ARCO Chemical, Lyondell, Valero Refining, Valero Marketing, and DOES 100-200. After the completion of additional investigation and discovery, Fresno may seek leave of court to amend this complaint to allege a claim for exemplary damages against additional defendants if warranted by the facts.

## SECOND CAUSE OF ACTION
### (Negligence Against All Defendants)

82.  Fresno refers to paragraphs 1 through 81 above, and by this reference incorporates them into this cause of action as though fully set forth herein.

83.  Defendants had a duty to use due care in the design, manufacture, formulation, handling, control, disposal, sale, testing, labeling, warnings, use, and instructions for use of MTBE and TBA, and gasoline containing MTBE and/or TBA, and gasoline delivery systems.

84.  Defendants so negligently, carelessly, and/or recklessly designed, manufactured, formulated, handled, labeled, instructed, controlled (or the lack thereof), tested (or the lack

thereof), released, spilled, failed to warn, and/or sold MTBE and/or TBA, and/or so negligently, carelessly and recklessly designed, manufactured, formulated, handled, labeled, instructed, entrusted, controlled (or the lack thereof), tested (or the lack thereof), released, spilled, failed to warn, dispensed and/or sold gasoline containing MTBE and/or TBA, and/or so negligently, carelessly, and recklessly dispensed MTBE and/or TBA and/or gasoline containing MTBE and/or TBA into gasoline delivery systems, and/or so negligently, carelessly and/or recklessly designed, installed, failed to warn, operated and/or maintained gasoline delivery systems for use with gasoline containing MTBE and/or TBA, that they breached their duties to plaintiff and directly and proximately caused MTBE and/or TBA to contaminate, pollute and threaten Fresno's water system, resulting in the harm which warrants the award of compensatory and punitive damages as prayed for in this complaint.

85. Defendants, and each of them, among other things, negligently, carelessly, and/or recklessly failed to: (1) use appropriate technology to prevent leaks of gasoline containing MTBE and/or TBA;  (2) install and maintain gasoline delivery systems that prevented leaks and facilitated prompt detection and containment of any leaks;  (3) monitor and discover leaks as soon as possible;  (4) warn those who may be injured as a result of the leaks; (5) warn those who handled MTBE of its properties; and (6) clean up and abate spills of gasoline containing MTBE and/or TBA as thoroughly and as soon as reasonably possible and in a manner necessary to prevent harm and injury.

86. The Refiner Defendants and Distributor Defendants had actual control over the Owner/Operator Defendants through a variety of means, including but not limited to written agreements, inspection rights, prescribing certain procedures and operating practices, training, sale of branded goods, and agreements obligating the respective Owner/Operator Defendants to acquire, store and sell gasoline containing MTBE and/or TBA.  Therefore, the Refiner and Distributor Defendants had actual control over the Owner/Operator Defendants with leaking gasoline delivery systems and/or were vicariously liable for the acts and conduct of the Owner/Operator Defendants.

87. The Refiner Defendants, Distributor Defendants, and Owner/Operator Defendants also undertook tank system testing, tank integrity testing, inventory reconciliation and testing,

thereby affirmatively undertaking the duty to prevent releases of gasoline containing MTBE and/or TBA from gasoline delivery systems, but they negligently failed to properly discharge these duties.

88.  The Refiner Defendants, Distributor Defendants, and Owner/Operator Defendants further undertook to retain consultants to conduct environmental investigations and cleanups, thereby affirmatively undertaking the duty to detect and remediate releases of gasoline containing MTBE and/or TBA from gasoline delivery systems, but they negligently failed to properly discharge these duties.

89.  The Refiner Defendants and Distributor Defendants knew, or should have known, that certain of the Owner/Operator Defendants had leaking gasoline delivery systems, but nonetheless negligently supplied, sold, and/or entrusted gasoline containing MTBE and/or TBA to these Owner/Operator Defendants knowing that MTBE and/or TBA would leak into the soil and contaminate groundwater.

90.  By their conduct defendants, and each of them, among other things, are:

(a)  Committing, authorizing, aiding and/or abetting the tampering with property owned and/or used by Fresno as a public agency to provide water to its water customers within the meaning of Civil Code section 1882 et seq.;

(b)  Causing and/or permitting the discharge of wastes into Fresno's public drinking water supplies, creating conditions of pollution and/or nuisance within the meaning of California Water Code section 13050;

(c)  Using Fresno's public water supply for waste disposal, an unreasonable and non-beneficial use, in violation of California Constitution Article 10, Section 2;

(d)  Interfering with Fresno's vested water rights;

(e)  Impairing Fresno's right to appropriate water whose quality is not impaired.

91.  As a direct and proximate result of defendants' acts and omissions as alleged herein, Fresno has incurred, is incurring, and will continue to incur MTBE and/or TBA investigation, remediation and treatment costs and expenses required to restore its water system and to obtain alternative water supplies, and other damages, in an amount to be proved at trial.

92. Defendants ARCO, Chevron USA, Chevron Environmental Services Company, Shell, Exxon, Tosco (after 1996), Unocal, Union Oil, Kern Oil, TRMI, Ultramar (after 1996), Conoco, Equilon, ARCO Chemical, Lyondell, Valero Refining, Valero Marketing, and DOES 100-200 knew that it was substantially certain that their acts and omissions described above would threaten public health and cause extensive contamination of public drinking water supplies and property damage. These Refiner Defendants and MTBE/TBA Manufacturer/Supplier Defendants committed each of the above-described acts and omissions with reckless disregard of the health and safety of others, and of plaintiff's water rights.

93. This conduct is reprehensible, despicable, and was performed to promote sales of MTBE and/or TBA and/or gasoline containing MTBE and/or TBA in reckless disregard of the known risks of injury to health and property. These Refiner Defendants and MTBE/TBA Manufacturer/Supplier Defendants acted with reckless disregard of the probable dangerous consequences of that conduct and its foreseeable impact upon the City of Fresno. Therefore, the City requests an award of exemplary damages in an amount sufficient to punish Defendants ARCO, Chevron USA, Shell, Exxon, Tosco (after 1996), Unocal, Union Oil, Kern Oil, TRMI, Ultramar (after 1996), Conoco, Equilon, ARCO Chemical, Lyondell, Valero Refining, Valero Marketing, and DOES 100-200. After the completion of additional investigation and discovery, Fresno may seek leave of court to amend this complaint to allege a claim for exemplary damages against additional defendants if warranted by the facts.

### THIRD CAUSE OF ACTION

#### (Trespass Against All Defendants)

94. Fresno refers to paragraphs 1 through 93 above, and by this reference incorporates them into this cause of action as though fully set forth herein.

95. Fresno is the owner and/or actual possessor of property rights and interests, easements, wells, the right to appropriate and use groundwater, and water rights. Defendants, their agents and employees, knew, or in the exercise of reasonable care should have known, that MTBE and TBA and gasoline containing MTBE and/or TBA are extremely hazardous to groundwater and to public water systems, including the property and other rights of the City of Fresno.

20

96. The defendants so negligently, recklessly and/or intentionally released, spilled, and/or failed to properly control, handle, store, contain, and use gasoline containing MTBE and/or TBA, and/or failed to clean up spills and leaks of gasoline containing MTBE and/or TBA, that they directly and proximately caused MTBE and/or TBA to contaminate Fresno's water system as follows:

(a)     The defendants participated in the use, storage, and release of gasoline containing MTBE and/or TBA by owning, controlling, regulating, designing, installing, operating, monitoring, inspecting and testing, or by failing to do so, the gasoline delivery systems and thereby proximately caused gasoline containing MTBE and/or TBA to be released into groundwater;

(b)     The Refiner Defendants and MTBE/TBA Manufacturer/Supplier Defendants negligently provided instructions and/or warnings to the Distributor Defendants and Owner/Operator Defendants concerning MTBE and/or TBA, knowing that there was a substantial danger that if their instructions and/or warnings were followed that gasoline containing MTBE and/or TBA dispensed into gasoline delivery systems would escape into the environment and contaminate groundwater;

(c)     The Refiner Defendants and Distributor Defendants negligently delivered (directly or indirectly) gasoline containing MTBE and/or TBA into gasoline delivery systems which they knew, or should have known, were inadequate, old, leaking, and/or defective, and thereby created a substantial known danger that MTBE and TBA would be released into the environment and contaminate groundwater; and negligently provided instructions and/or warnings to the Owner/Operator Defendants concerning MTBE and TBA, knowing that there was a substantial danger that if their instructions and/or warnings were followed that gasoline containing MTBE and/or TBA dispensed into gasoline delivery systems would escape into the environment and contaminate groundwater;

(d)     Defendants retained consultants and negligently controlled and/or directed their cleanup and remediation activities (or the lack thereof) at gasoline station sites,

21

thereby causing and permitting MTBE and/or TBA to contaminate and threaten Fresno's water system, and defendants failed to warn the appropriate entities and individuals, including Fresno, of known risks, spills, releases and/or leaks, and/or failed to undertake reasonable, appropriate, or necessary action to reduce, remediate, or abate MTBE and/or TBA groundwater contamination.

(e)    Defendants negligently overfilled gasoline delivery systems with gasoline containing MTBE and/or TBA, and/or spilled or released it at gasoline facilities near Fresno's water system.

(f)    When defendants learned, or reasonably should have learned, that MTBE and/or TBA were persistent, significant and/or widespread sources of groundwater contamination, or threatened to be so, defendants failed to warn the appropriate entities and individuals, including Fresno, of known risks, spills, releases and/or leaks, and/or failed to undertake reasonable, appropriate or necessary action to reduce, remediate, or abate MTBE and/or TBA groundwater contamination.

97. The Refiner and Distributor Defendants had actual control over the Owner/Operator Defendants through a variety of means, including but not limited to written agreements, inspection rights, prescribing certain procedures and operating practices, sale of branded goods, agreements obligating the respective Owner/Operator Defendants to acquire, store and sell gasoline containing MTBE and/or TBA, and training. Therefore, the Refiner and Distributor Defendants had actual control over the Owner/Operator Defendants with leaking gasoline delivery systems and/or were vicariously liable for the acts and conduct of the Owner/Operator Defendants.

98. The MTBE and TBA contamination of Fresno's water system has varied and will vary over time and requires investigation, remediation, abatement, and/or treatment. The City of Fresno has engaged, or will engage, in remediation, abatement, investigation, and/or treatment programs and in securing replacement water supplies, and thereby has sustained, is sustaining, and will sustain, the damages alleged herein.

99. The defendants, and each of them, caused, created, and/or assisted in the creation of the trespass alleged herein.

22

100.  For the reasons alleged herein, Fresno is entitled to an award of exemplary damages against defendants ARCO, Chevron USA, Shell, Exxon, Tosco (after 1996), Unocal, Union Oil, Kern Oil, TRMI, Ultramar (after 1996), Conoco, Equilon, ARCO Chemical, Lyondell, Valero Refining, Valero Marketing, and DOES 100 through 200.  After the completion of additional investigation and discovery, Fresno may seek leave of court to amend this complaint to allege a claim for exemplary damages against additional defendants if warranted by the facts.

## FOURTH CAUSE OF ACTION

### (Nuisance Against All Defendants)

101. Fresno refers to paragraphs 1 through 100 above, and by this reference incorporates them into this cause of action as though fully set forth herein.

102. The negligent, reckless, intentional and ultrahazardous activity of the defendants and each of them, as alleged herein, has resulted in the contamination and pollution of and threats to Fresno's water system and thereby constitutes a nuisance.  The contamination, pollution, and threats to Fresno's water system with MTBE and/or TBA and gasoline containing MTBE and/or TBA is a public nuisance as defined in Civil Code section 3479, Civil Code section 3480, Health and Safety Code section 5410, and Water Code section 13050, as it is injurious to health, indecent and offensive to the senses, obstructs the free use of property, interferes with the comfortable enjoyment of life or property, and is reasonably abatable.  The defendants, and each of them, caused, created, and/or assisted in the creation of the nuisance alleged herein.

103.  The Refiner, Manufacturer and Distributor Defendants, their agents and employees, marketed, distributed, promoted, and/or sold their products with reckless disregard for human health and the environment.

104. Fresno's water system is adversely affected by the nuisance.

105. The nuisance caused by defendants, and each of them, has substantially interfered with and obstructed Fresno's ability to provide a water supply free from unacceptable health risk, taste, odor, color, pollution and contamination, and to protect its water system and groundwater supplies from such harm.

106.  Fresno owns and holds property rights and interests damaged by the nuisance. Fresno's injury is separate and distinct from that of the public.

107. Fresno has not consented to and does not consent to this nuisance. Defendants, and each of them, knew or should have known, that Fresno would not consent to this nuisance.

108. The Refiner and Distributor Defendants had actual control over the Owner/Operator Defendants through a variety of means, including but not limited to written agreements, inspection rights, prescribing certain procedures and operating practices, sale of branded goods, agreements obligating the respective Owner/Operator Defendants to acquire, store and sell gasoline containing MTBE and/or TBA, and training. Therefore, the Refiner and Distributor Defendants had actual control over the Owner/Operator Defendants with leaking gasoline delivery systems and/or were vicariously liable for the acts and conduct of the Owner/Operator Defendants.

109. As a direct and proximate result of the nuisance, Fresno has been damaged and is entitled to the compensatory and exemplary damages alleged herein, or to such other appropriate relief as Fresno may elect at trial, including, but not limited to equitable relief in the form of an order requiring the defendants to abate the nuisance properly as to Fresno.

110. For the reasons alleged herein, Fresno is entitled to an award of exemplary damages against Defendants ARCO, Chevron USA, Shell, Exxon, Tosco (after 1996), Unocal, Union Oil, Kern Oil, TRMI, Ultramar (after 1996), Conoco, Equilon, ARCO Chemical, Lyondell, Valero Refining, Valero Marketing, and DOES 100-200. After the completion of additional investigation and discovery, Fresno may seek leave of court to amend this complaint to allege a claim for exemplary damages against additional defendants if warranted by the facts.

## PRAYER

**WHEREFORE**, the City of Fresno requests judgment against defendants, and each of them, for:

1. Compensatory damages according to proof;

2. Exemplary damages in an amount sufficient to punish defendants ARCO, Chevron USA, Shell, Exxon, Tosco (after 1996), Unocal, Union Oil, Kern Oil, TRMI, Ultramar (after 1996), Conoco, Equilon, ARCO Chemical, Lyondell, Valero Refining, Valero Marketing, and DOES 100-200 and to deter those defendants from ever committing the same or similar acts;

24

3. An Order declaring that the defendants' gasoline delivery systems constitute a nuisance in the manner they are maintained and operated, and compelling defendants to abate that nuisance;

4. Pursuant to Civil Code section 1882.2, three times the amount of actual damages, plus the cost of the suit and reasonable attorneys' fees;

5. Reasonable attorneys' fees pursuant to Code of Civil Procedure section 1021.5 or otherwise, and costs incurred in prosecuting this action, and prejudgment interest to the full extent permitted by law; and

6. Such and other further relief as the court may deem just and proper.

Dated:  October 28, 2004                    **MILLER, AXLINE & SAWYER**
                                            A Professional Corporation

                                            By:_____
                                                DANIEL BOONE
                                                Attorneys for Plaintiff