Case 1:00-cv-01898-VSB-VF   Document 3624   Filed 03/16/13   Page 1 of 3



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation | Master File C.A. No. 1:00-1898 (SAS) MDL 1358 |
| This Document Relates To: *City of Fresno v. Chevron USA., Inc., et aL,* Case No. 04-Cv-04973 | |

DECLARATION OF BRIAN M. LEDGER IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT FOR LACK OF EVIDENCE PERTAINING TO CAUSATION

I, Brian M. Ledger, hereby declare:

I am a member of the bar of the State of California. I am a partner at the law firm of Gordon & Rees LLP and counsel of record for Defendant Kern Oil & Refining Co. ("Kern").

2. I make this declaration in support of Defendants' Motion for Summary Judgment for Lack of Evidence Pertaining to Causation. As counsel for Defendant Kern, I have actively participated in pre-trial matters, including discovery, motion practice, and several discussions with counsel for Plaintiff City of Fresno regarding its claims and evidence in support of those claims.

3. Attached hereto as Exhibit 1 are true and correct copies of correspondence whereby Fresno asserts its allegations against Kern, including its declaration of intent to rely solely upon the "commingled product theory" to prove liability against Kern.

 a. Letter from Michael Axline and Evan Eickmeyer to Brian Ledger (Mar. 6, 2013);

 b. E-mail from Evan Eickmeyer to Brian Ledger (Dec. 11, 2012) (This email included the following referenced attachments, which are attached to my declaration as separate exhibits below: Valero Defendants' Answers and

       Objections to Plaintiffs' Preliminary Set of Interrogatories Re: Defendant Identification, Further Response of Chevron U.S.A. Inc. to Plaintiffs Preliminary Set of Interrogatories Re: Defendant Identification, and the Shell Defendants' Responses to Plaintiffs First Set of Interrogatories).

4. Attached hereto as Exhibit 2 are "Plaintiffs First Set of Interrogatories to Defendant RE Product Identification", propounded upon responding party Valero Refining Company-California on August 4, 2004.

5. Attached hereto as Exhibit 3 are "Valero Defendants' Answers and Objections to Plaintiffs' Preliminary Set of Interrogatories Re: Defendant Identification", served on August 30, 2004, which is a true and correct copy of the attachment I received to Exhibit 1 to this Declaration, E-mail from Evan Eickmeyer to Brian Ledger (Dec. 11, 2012).

6. Attached hereto as Exhibit 4 are "Plaintiffs First Set of Interrogatories to Defendant RE Product Identification", propounded upon responding party Shell Oil Company on August 4, 2004.

7. Attached hereto as Exhibit 5 are "The Shell Defendants' Responses to Plaintiffs First Set of Interrogatories", served on August 30, 2004, which is a true and correct copy of the attachment I received to Exhibit 1 to this Declaration, E-mail from Evan Eickmeyer to Brian Ledger (Dec. 11, 2012).

8. Attached hereto as Exhibit 6 are "Plaintiffs First Set of Interrogatories to Defendant RE Product Identification", propounded upon responding party Chevron U.S.A., Inc. on August 4, 2004.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

9. Attached hereto as Exhibit 7 are " Further Response of Chevron U.S.A. Inc. to Plaintiffs Preliminary Set of Interrogatories Re: Defendant Identification", served on August 30, 2004, which is a true and correct copy of the attachment I received to Exhibit 1 to this Declaration, E-mail from Evan Eickmeyer to Brian Ledger (Dec. 11, 2012).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed this 15th day of March, 2013 in San Diego, California.

                                                        Brian.M. Ledger