# EXHIBIT 1

# EXHIBIT 1-A

Law Offices of
# MILLER, AXLINE & SAWYER
A Professional Corporation

DUANE C. MILLER  
MICHAEL AXLINE  
A. CURTIS SAWYER, JR.

TRACEY L. O'REILLY  
EVAN EICKMEYER  
DANIEL BOONE  
JUSTIN MASSEY  
BRIAN D. SHANNON  
DONALD MOONEY, of Counsel

49963024  
Mar 07 2013  
01:46AM

March 6, 2013

VIA LNFS

Brian Ledger, Esq.  
Gordon and Rees  
101 W. Broadway, Suite 2000  
San Diego, CA 92101

    Re:    *City of Fresno v. Chevron USA., Inc., et al.*  
           No. 1:04-cv-04973-SAS (MDL 1358)  
           **Plaintiff City of Fresno's Further Meet-and-Confer re Kern Oil's Proposed Motion for Summary Judgment**

Dear Mr. Ledger:

       This letter responds to yours of February 14 and 26, 2013. In your February 14, 2013, letter you assert: "the evidentiary support for this allegation [that Kern Oil is liable at 14 stations in Fresno] are interrogatory responses from Chevron, Shell and Valero." February 14, 2013, letter at 2. This is not accurate.

       While it is true that the meet and confer letter sent to you by Evan Eickmeyer on December 11, 2012, identified Chevron, Shell and Valero's interrogatory responses as disclosing that Kern Oil supplied Chevron, Shell and Valero with neat MTBE during specified time periods, it is not accurate to infer, as you do in your letter, that this constitutes the entire "evidentiary support" for Kern Oil's liability at the 14 stations.

       The evidentiary support for the City's claims against Kern Oil includes evidence that Shell, Chevron and Valero supplied MTBE gasoline to these stations during the time period in which Kern Oil supplied MTBE to those refiners. I will not rehearse all of that evidence (which is voluminous) in this meet and confer letter, but I do want to correct any mis-impression you may have that the City's evidence is limited to the evidence showing Kern supplied neat MTBE to refiner defendants. As Judge Scheindlin stated at the January 11, 2013, status conference: "Basically, I want to know what you're relying on in the generalities . . . you'll have to come up with the documentation at the motion stage . . . ." Tr. at 35:2-7.

       That said, with respect to evidence that specifically names Kern Oil, the City will rely on the interrogatory answers referenced in Evan Eickmeyer's December 11, 2012, email to you. We

1050 Fulton Avenue, Suite 100, Sacramento, CA 95825-4225; Telephone: (916) 488-6688  
Facsimile: (916) 488-4288; Email: toxictorts@toxictorts.org

Brian Ledger, Esq.
March 6, 2013
Page 2

will not oppose your use of Mr. Eickmeyer's email in aid of a summary judgment motion, but that letter does not suggest or imply that those answers constitute the entirety of the evidence we would use in opposing any summary judgment motion by Kern Oil. In fact, for the reasons set out above and below, we strongly suggest that you save the Court and the parties the time and expense of filing a summary judgment motion at all.

As I am sure you are aware, M mn *Re MTBE,* 591 F. Supp.2d 259 (S.D. N.Y. 2008), Judge Scheindlin, in discussing the commingled product theory, distinguished suppliers of neat MTBE from refiners and distributors of MTBE gasoline, and also distinguished both neat MTBE suppliers and MTBE gasoline distributors and refiners from gasoline retailers. You cite to the January 11, 2013, status conference with Judge Scheindlin and the discussion of Duke Energy, a distributor of MTBE gasoline, for the proposition that the City must provide evidence that a jobber delivered Duke MTBE gasoline to a particular station. That is not accurate.

At the January 11, 2013, status conference, in a discussion of Fresno's claims against Duke Energy, Judge Scheindlin rejected defendants' argument that the City would have to amend its complaint to allege the commingled product theory, and made clear that use of the theory is simply "a matter of proof." Tr. at 40:20-21. She also made clear that she was not interested in re-visiting her prior commingled product rulings Tr. at 40:11-16 ("I said what I had to say about that theory, and it's old news.") This alone should make you re-consider your proposed motion for summary judgment.

After stating that the City did not need to amend its complaint to allege commingled product theory, Judge Scheindlin asked: "can you *also* do it with direct product, Tracey [tracing?] or do you *have* to rely on the blended, you know, total product and the markets?" Tr. at 41:4-6. Ms. O'Reilly stated in the context of the discussion of Duke that "[w]e're not going with commingled in the pipeline. We're going with direct evidence, is what we explained [with respect to Duke in the City's pre-conference letter]." Tr. at 41:12-13. Ms. O'Reilly went on to explain the City has evidence that "Duke Energy mixed several gas station sites, received delivery, deliveries of MTBE gasoline from jobbers to whom Duke Energy sold MTBE gasoline." Tr. at 42:11-13.

This discussion, and Ms. O'Reilly's statements, merely clarified that with respect to some defendants, including Duke, the City's evidence will allow the jury to conclude that the defendants' product was delivered directly to some stations. Ms. O'Reilly did *not* state that the City would not rely on the commingled product theory for all defendants or even all stations. Since, as Judge Scheindlin's commingled product opinion makes clear, it is impossible to trace neat MTBE to individual release sites, such a conclusion would never have been reached in such an off-hand and indirect way.

Brian Ledger, Esq.
March 6, 2013
Page 3

      As I stated during our face-to-face meet and confer session on March 4, 2013, the City will be relying on the commingled product theory method of proof for defendants against whom the City does not have direct evidence of delivery to particular stations. This evidence will include (but not be limited to) the deposition of Dickman Lum in the South Tahoe and Merced cases and the deposition of Fresno terminal manager Robert Kennedy in City of Dinuba v. Unocal Corp.

      The consequence of relying on the commingled product theory with respect to a particular defendant, of course, is that the City cannot pursue nuisance claims or punitive damage claims against that defendant. As you know, the City has already notified you that it will not be pursuing nuisance claims against Kern Oil.  *See* February 8, 2012, Eickmeyer letter to Jeff Parker. Consequently, there is no need to file any summary judgment motions with respect to nuisance or punitive damage claims with respect to these defendants.

      With respect to the commingled product theory and Kern Oil, Shell, Chevron and Valero have provided interrogatory responses stating that they provided MTBE gasoline to terminals serving the Fresno area during the times that Kern Oil was supplying them with neat MTBE. As Judge Scheindlin made clear in *In Re MTBE,* 591 F. Supp.2d 259, 268 (S.D. N.Y. 2008): "even when the jury concludes that plaintiffs have not met their burden to prove that any particular spill of gasoline caused contamination in a well, plaintiffs may still prove their claims against gasoline manufacturers under the commingled product theory."

      As Judge Scheindlin also recognized, the time that the contamination of groundwater occurred is an issue of fact for the jury and the jury may estimate, from evidence presented, a range of time during which the contamination occurred. 591 F. Supp.2d at 275.

      Particularly with respect to suppliers of neat MTBE such as Kern, Judge Scheindlin concluded that plaintiffs may pursue product liability or negligence claims against manufacturers for placing a dangerous product into the stream of commerce, regardless of whether plaintiffs can identify a retailer whose leaking tank spilled gasoline into a well's capture zone.  *Id.*  In this respect Kern Oil is in the same position as Lyondell and Equistar.

      Because the City has shown that Kern supplied MTBE to refiners who delivered MTBE gasoline to Fresno terminals during the relevant times, and releases from under Judge Scheindlin's commingled product theory it is Kern's burden to prove that its MTBE "was not in the relevant place at the relevant time." 591 F. Supp.2d at 278. Your letter does not provide any such exculpatory evidence.

      With that said, we have notified Valero in a meet and confer letter today that the City will be withdrawing its claim against Valero with respect to the Smith Tank Lines site at 30 E.

Brian Ledger, Esq.
March 6, 2013
Page 4


Divisadero Street in Fresno, and the City will similarly withdraw its claims against Kern Oil at this site. The City will not, however, withdraw its claims against Kern at the Beacon-Arco # 615 site, as requested in your March 6, 2012, email. Your email cites the fact that underground storage tanks were removed at this site prior to 2000, when Kern supplied neat M1BE to Valero, but fails to mention that the tanks were replaced at that time and the station continued to sell gasoline, including Valero gasoline, during the time that Kern was supplying Valero with neat MTBE.

Sincerely,

Michael Axli e
Counsel for ity of Fresno

cc: All Counsel (via LNFS)

B T i-B

# Brian Ledger

| | |
|---|---|
| **From:** | Evan Eickmeyer [eeickmeyer@toxictorts.org] |
| **Sent:** | Tuesday, December 11, 2012 8:28 PM |
| **To:** | Brian Ledger |
| **Cc:** | Mike Axline; Miller, Axline & Sawyer |
| **Subject:** | Fresno - Kern Oil |
| **Attachments:** | Chevron.pdf; Shell.pdf; Valero.pdf |

Brian, I am writing in response to your voice mail message requesting the basis for Fresno's claims against Kern Oil as listed in the station matrix.

Chevron's, Shell's, and Valero's discovery responses identified Kern Oil as a supplier of neat MTBE to their respective Northern California refineries, which produced MTBE gasoline sold in Fresno. For example, the Further Response of Defendant Chevron U.S.A. Inc. to Plaintiffs' Preliminary Set of Interrogatories re: Defendant Identification (attached) shows that Chevron purchased MTBE from Kern Oil from August to October 1989 (at p. 11). Similarly, The Shell Defendants' Responses to Plaintiff's First Set of Interrogatories (also attached) lists Kern Oil as being a supplier of neat MTBE to Shell since approximately 1996 (at p. 8). Finally, the Valero Defendants' Answers and Objections to Plaintiffs' Preliminary Set of Interrogatories (Re: Defendant Identification) (also attached) shows that Kern Oil supplied MTBE to Valero from 2000 through 2003 (at p. 9). Accordingly, Fresno listed Kern Oil in the matrix for stations supplied MTBE gasoline by Chevron, Shell, or Valero, consistent with Judge Scheindlin's opinions allowing commingled product liability.

                                 Thanks, -- Evan.

Miller, Axline & Sawyer / phone (916) 488-6688 / fax (916) 488-4288
This private communication may be confidential or privileged. If you are not the intended recipient, any disclosure, distribution, or use of information herein or attached is prohibited.