# EXHIBIT 5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____                MDL No. 1358 (SAS)

In Re: Methyl Tertiary Butyl Ether
("MTBE") Products Liability Litigation:


This Document Relates To:

*City of Fresno v. Chevron U.S.A. Inc., et al.*
_____

## THE SHELL DEFENDANTS' RESPONSES TO
## PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendants Shell Oil Company, Equilon Enterprises LLC, Equiva Services LLC and Texaco Refining and Marketing Inc. (the "Shell Defendants"), through counsel and pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, hereby responds to Plaintiffs First Set of Interrogatories.

## INTRODUCTORY STATEMENT

The Shell Defendants are submitting a single answer to the interrogatories served in the above-captioned case. In compiling their answers, the Shell Defendants have conducted interviews of numerous employees, reviewed computer databases and spreadsheets, and have taken all reasonable efforts to provide information sought by Plaintiffs interrogatories. Computerized information that would assist in preparing responses to Plaintiffs interrogatories is generally unavailable for periods prior to 1999. Although some computerized information may be available for periods prior to that time, it is contained on computer systems that are no longer used by the Shell Defendants and those systems are not readily accessible without undue burden or expense. Where available, such information has been provided.

Computerized information regarding gasoline supplies for defendants Shell Oil Company and Texaco Refining and Marketing Inc. is generally unavailable for the time periods requested. In 1998, the western United States refining and marketing businesses of Shell and Texaco were combined in a joint venture limited liability company, Equilon Enterprises LLC. Relatively

complete computerized information is available for Equilon and has been provided. In addition, anecdotal information regarding historical gasoline and MTBE suppliers has been ascertained through interviews with company personnel and has also been provided to the extent available.

Equiva Services LLC neither refined nor supplied gasoline in the City of Fresno or in California.

<u>GENERAL OBJECTIONS AND LIMITATIONS</u>

1.      The Shell Defendants object to the instructions and definitions set forth in Plaintiff's discovery requests to the extent they deviate from or purport to impose requirements other than or in addition to those required by the Federal Rules of Civil Procedure and the Local Civil Rules for the Southern District of New York. The definitions provided in Local Civil Rule 26.3 are automatically incorporated into all discovery requests and "[TI]o discovery request shall use broader definitions or rules of construction."

2.      The Shell Defendants object to Plaintiff's discovery requests to the extent they seek information outside the restricted scope of discovery permissible under the Local Civil Rules of this Court, and in particular Rule 33.3 which limits the types of interrogatories that are permitted.

3.      The Shell Defendants object to Plaintiff's discovery requests to the extent they seek information outside the restricted scope of discovery permissible under the Federal Rules of Civil Procedure, and in particular Rule 33(a) which limits the number of interrogatories that are permitted.

4.      The Shell Defendants object to Plaintiff's discovery requests to the extent they purport to call for the production and/or disclosure of privileged documents, materials, or matters, including but not limited to those protected by the attorney client privilege, the work-product doctrine, the joint-defense privilege, the self-evaluative privilege, and/or the privilege accorded to settlement materials. The Shell Defendants make these responses on the condition that the inadvertent production of information or documents covered by such privilege,

2

rule, or doctrine does not waive any of Shell's rights to assert such privilege, rule, or doctrine and that the Shell Defendants may withdraw or recover any such information or documents inadvertently produced as soon as identified. The Shell Defendants may withhold documents and/or information subject to the foregoing privileges. Upon request, the Shell Defendants will provide a description of such documents and/or information in accordance with the Federal Rules of Civil Procedure.

5.      The Shell Defendants object to Plaintiff's discovery requests to the extent they purport to require Shell to provide information or materials outside of its possession, custody, or control, and/or information that is equally available to Plaintiff.

6.      The Shell Defendants object to Plaintiff's discovery requests to the extent they seek information relating to events that occurred prior to initial manufacture, sale, or distribution by the Shell Defendants of gasoline containing MTBE on the grounds that those discovery requests are overbroad, unduly burdensome and oppressive, and on the further grounds that they seek information not relevant to the subject matter of this case and not reasonably calculated to lead to the discovery of admissible evidence.

7.      The Shell Defendants object to Plaintiffs discovery requests to the extent they seek information pertaining to events or operations outside of relevant areas on the grounds that those discovery requests are overbroad, unduly burdensome and oppressive, and on the further grounds that they seek information not relevant to the subject matter of this case and not reasonably calculated to lead to the discovery of admissible evidence, although in certain instances when information is maintained on a broader geographic basis than relevant areas it may be practical or necessary to respond with information on such a broader basis.

8.      The Shell Defendants object to Plaintiff's discovery requests to the extent they seek information from an individual and/or entity who is not a party to this action on the basis that such requests are overly broad, onerous, burdensome, and seek information that is not within the knowledge of Shell.

9.      The Shell Defendants object to Plaintiffs discovery requests to the extent they are vague, ambiguous, and/or not susceptible to a reasonably clear definition or interpretation.

10.      The Shell Defendants object to Plaintiff's discovery requests to the extent they are unduly burdensome, oppressive, and overly broad.

11.      The Shell Defendants object to Plaintiff's discovery requests to the extent they seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. No disclosure by Shell of any information shall constitute a waiver of any objections.

12.      The Shell Defendants object to Plaintiff's discovery requests to the extent they seek information that cannot be located after a reasonable search of its records reasonably believed most likely to contain the responsive information on the grounds that any such requirement would be unduly burdensome and oppressive.

13.      The Shell Defendants object to Plaintiff's discovery requests to the extent they contain no time limitation or an unreasonable time limitation regarding the information requested. Shell further objects to providing any discovery response for a time period that is beyond applicable statutes of limitations.

14.      In compliance with Rule 26.3(c)(3) of the Local Civil Rules of this Court, the Shell Defendants provide herein the present or last known place of employment and address for each person "identified" in response to Plaintiff's interrogatories. If a person is identified in responses to multiple interrogatories, the present or last known place of employment and address are provided only once. All current and former employees of Shell are represented by counsel in connection with this action. Plaintiff should not contact any current or foliner employees directly, but instead should address any inquiries to counsel for Shell.

15.      The Shell Defendants object to Plaintiffs discovery requests to the extent they request information beyond the limitations and parameters agreed among the parties or imposed by the Court. Shell's responses are subject to all such limitations and parameters and incorporate by reference the discovery parameters imposed by the Court.

4

16.     The Shell Defendants object to Plaintiffs discovery requests to the extent they seek trade secrets and/or confidential, sensitive, or proprietary information. The Shell Defendants make these responses on the condition that the inadvertent production of information or documents that disclose trade secrets and/or confidential, sensitive, or proprietary information does not waive any of Shell's rights to protect such trade secrets and/or confidential, sensitive, or proprietary information and that Shell may withdraw or recover any such information or documents inadvertently produced as soon as identified.

17.     The Shell Defendants object to Plaintiff's discovery requests to the extent they seek Shell's trial proof, strategy, and evidence at this time on the basis that such proofs and evidence are not subject to identification and production.

18.     The Shell Defendants object to Plaintiffs discovery requests to the extent they contain or are predicated upon legal or factual assumptions that are not correct.

19.     The Shell Defendants object to Plaintiffs discovery requests insofar as they purport to call for legal conclusions.

20.     The information the Shell Defendants produce in response to these discovery requests, if any, will be produced solely for the purpose of this action. Such information is subject to all objections regarding relevance, authenticity, materiality, propriety and admissibility and any other objections that would require exclusion of the information, if such information were offered as evidence at trial, all of which objections are hereby expressly reserved and may be interposed at the time of trial.

21.     The Shell Defendants' responses are based on information available as a result of a good faith search in the time allowed before submitting the responses. The Shell Defendants reserve the right to supplement or modify these responses as appropriate in the event additional information becomes available.

22.     The Shell Defendants' decision to provide information notwithstanding the objectionable nature of any of the discovery requests should not be construed as a stipulation that

the information is relevant, a waiver of Shell's general or specific objections, or an agreement that requests for similar discovery will be treated in a similar manner.

23.     The Shell Defendants reserve the right to amend or supplement its responses as appropriate, as well as the right to object to other discovery directed to the subject matter of the discovery requests.

24.     These General Objections and Limitations apply to each discovery request as though restated in full therein.

25.     All responses are subject to appropriate confidentiality agreements negotiated, or to be negotiated, between the parties, or as may be imposed by the Court.

26.     No disclosure by the Shell Defendants of any information shall constitute a waiver of any objections.

## **INTERROGATORIES**

1.     Please identify the name and address of each entity (including You, if applicable) that supplied You with MTBE Products for ultimate delivery into the City of Fresno at any time since the date of first MTBE use in the City of Fresno; the dates or date ranges when each such entity supplied You with MTBE Products, and the name and address of each Refinery from which such MTBE Products were supplied.

**RESPONSE:** The Shell Defendants object to this Interrogatory on the grounds that it is overly broad, unduly burdensome, oppressive, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving any of their objections, the Shell Defendants respond as follows:

The Shell Defendants have undertaken a review of records reasonably available to them and have conducted interviews with company personnel in an effort to determine the identities of companies, in addition to themselves, that have supplied the Shell Defendants with gasoline that may have contained (but did not necessarily contain) MTBE at locations from which the Shell

Defendants have from time-to-time provided gasoline to stations in the City of Fresno; however, the Shell Defendants make no representations that these suppliers' gasoline necessarily was delivered into the City of Fresno. Product descriptions provided do not always allow the Shell Defendants to ascertain with precision whether particular types of conventional gasoline contained MTBE, as the specification sheets for those varieties of gasoline permitted, but did not require, that gasoline to contain MTBE.

SUPPLIERS OF GASOLINE TO EQUILON ENTERPRISES LLC

| Company Name | Date Range | Location |
|---|---|---|
| Arco Products | 1999-2002 | Fresno |
| Ultramar Inc./Ultra= Diamond Shamrock | 1999-2002 | Fresno |
| Chevron USA | 1999-2002 | Fresno |
| ExxonMobil | 1999 | Fresno |
| Tosco Refining & Mktg. | 1999-2002 | Fresno |
| Tesoro | 2001-2002 | Fresno |
| Valero Refining & Mktg. | 2002-2003 | Fresno |

The Shell Defendants do not have any readily ascertainable information regarding the refinery at which the gasoline at issue was refined, nor is that information that ordinarily would have been provided to the Shell Defendants.

2.      Please identify the name and address of each entity from which You obtained neat MTBE for use at any Refinery owned or operated by You that supplied gasoline for ultimate delivery into Orange County; the dates or date ranges when MTBE was acquired from each such supplier, and the name and address of Your Refinery(ies).

RESPONSE: The Shell Defendants object to this Interrogatory on the grounds that it is overly broad, unduly burdensome, oppressive, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving any of their objections, the Shell Defendants respond as follows:

Prior to the effective date of the Clean Air Act Amendments of 1990 (i.e., November 1992), the Shell Defendants generally obtained neat MTBE from three sources: Arco Chemical Company, Texas Petrochemical Company, and Texaco  Chemical Company.

7

Following enactment of the Clean Air Act Amendments of 1990, which required increased use of MTBE in gasoline, Shell obtained MTBE from a number of other suppliers depending upon supply and demand issues. Suppliers of neat MTBE to the Shell Defendants in California since approximately 1996 have included Arco Chemical Company, BP West Coast Products LLC, Chevron U.S.A., Inc., ExxonMobil Oil Corporation, Petro Diamond, Inc., SABIC Americas, Inc., Sadaf, Tesoro Alaska Petroleum Co., ConocoPhillips Co., TFAMM, Valero Marketing and Supply Co., Kern Oil & Refining Co., Lyondell Petrochemical Co., Tesoro Refining and Marketing Co., Enron Clean Fuels Co., Murex N.A., Ltd., Ultramar Inc., Ultramar Diamond Shamrock, Star Enterprise, Noble Americas Corp., Vitol S.A., Inc., Oxygenated Marketing and Trading, Tradax Energy, Inc., Ecofuel S.p.A., Huntsman Petrochemical Corporation, American Agip, Oxygenate Division, Astra Oil Co., Inc., ATOFINA Petrochemicals, Inc., BP North American Petroleum, BP Products North America, Flint Hills Resources, LP, Global Octanes Corp., Motiva Enterprises LLC, Neste Canada Inc., Texas Petrochemicals Corporation, Tramrnochem, Equiva Trading, LTC Limited, Tauber Oil Company, Glencore Ltd., and Chevron U.S.A. Products Co.

It cannot be determined with precision which company's MTBE was blended into gasoline that was shipped to any particular locality.

Addresses of the Shell Defendants' refineries that may have produced gasoline that ultimately was supplied to the City of Fresno are as follows:

Shell Martinez Refinery
3485 Pacheco Boulevard
Martinez, California 94553
Dates of Shell Ownership: 1915-1998, 2002-present
Dates of Equilon ownership: 1998-2002

Shell Bakersfield Refinery
P. 0. Box 1476
Bakersfield, California 93302
Dates of Shell Ownership: 2002-present
Dates of Equilon ownership: 1998-2002
Dates of Texaco ownership: 1984-1998

Dates of Getty ownership: 1980-1984
Dates of Reserve Oil and Gas Company ownership: 1970-1980
Dates of Mohawk ownership: 1932-1970

3.      Please identify each Terminal You use or used to supply gasoline for ultimate delivery into the City of Fresno, at any time since the date of first MTBE use in the City of Fresno; and the dates or date ranges when you have used such Terminal. For each Terminal You use or used, please also state whether You owned or operated such Terminal or were a Terminalling Partner at such Terminal.

RESPONSE: The Shell Defendants object to this Interrogatory on the grounds that it is overly broad, unduly burdensome, oppressive, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving any of their objections, the Shell Defendants respond as follows:

Subject to and without waiving any of their objections, the Shell Defendants identify the following terminals from which they may have supplied gasoline to the City of Fresno:

| State | Terminal Name | Terminal Operator |
|---|---|---|
| | | |
| California | Fresno | Kinder Morgan |

Dated: August 30, 2004        Respectfully submitted,

_____
Richard E. Wallace, Jr.
Peter C. Condron
Rebecca L. Schuller
WALLACE KING MARRARO & BRANSON PLLC
1050 Thomas Jefferson Street, N.W.
Washington, D.C. 20007
Telephone: (202) 204-1000
Facsimile: (202) 204-1001

Attorneys for Defendants Shell Oil Company,
Equilon Enterprises LLC, Equiva Services LLC and
Texaco Refining and Marketing Inc.

9

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a true and correct copy of the foregoing to be served by electronic mail upon the following counsel of record on this 30th day of August, 2004. A true and correct copy of the foregoing will also be sent by overnight delivery (for delivery August 31, 2004) upon counsel for plaintiffs.

Counsel for Plaintiffs
Stanley N. Alpert
Weitz & Luxenberg, P.C.
180 Maiden Lane
New York, NY 10038

Counsel for ExxonMobil Corporation
Peter John Sacripanti
James A. Pardo
McDeiinott, Will & Emery
50 Rockefeller Plaza
New York, NY 10020