**EXHIBIT**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re: Methyl *tertiary-Butyl* Ether ("MTBE") Products Liability Litigation<br><br>This Document Relates to:<br><br>*California — American Water Company v. Atlantic Richfield Co., et al.,* Case No. 03-5379 JSW (N.D. Cal.); *City of Fresno, et al, v. Chevron U.S.A. Inc., et al.,* Case No. 03-05378 JSW (N.D. Cal.); *Orange County Water District v. Unocal Corporation, et al.,* Case No. 03-1742 JVS (Anx)(C.D. Cal.); *People of the State of California, et al. v. Atlantic Richfield Co., et al.,* Case No. 03-2653 GEB DAD (E.D. Cal.); *Quincy Community Services District v. Atlantic Richfield Co., et al.,* Case No. 03-2582 LICK DAD (E.D. Cal.); *City of Riverside v. Atlantic Richfield Co., et al.,* Case No. 04-53 JVS (Anx)(C.D. Cal.); *City of Roseville v. Atlantic Richfield Co., et al.,* Case No. 03-2601 MCEGGH (E.D. Cal.); and *Martin Silver, et al. v. Alon USA Energy, Inc., et al.,* Case No. 03-2408 W H S.D. Cal.). | MDL No. 1358 (SAS)<br><br>FURTHER RESPONSE OF DEFENDANT CHEVRON U.S.A. INC. TO PLAINTIFFS' PRELIMINARY SET OF INTERROGATORIES RE: DEFENDANT IDENTIFICATION |

Defendant Chevron U.S.A. Inc. ("Chevron"), through counsel and pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, hereby responds to Plaintiffs' Preliminary Set of Interrogatories Re: Defendant Identification ("Interrogatories") propounded in the above-captioned actions. Chevron has been incorrectly named in certain cases as ChevronTexaco Corporation or Chevron Chemical Corporation, which are distinct entities and are not proper defendants. These answers are being provided by Chevron U.S.A. Inc. To the extent a separate response might be required from ChevronTexaco Corporation or from Chevron Chemical Corporation in those cases where those entities have been named, all discovery directed to those entities is objectionable because those entities did not engage in any of the conduct at issue in MDL 1358 and they are not proper defendants.

INTRODUCTORY STATEMENT

Chevron is submitting a single answer to the various interrogatories served in each of the above-captioned cases. Compiling its answers, Chevron has conducted interviews of numerous employees, reviewed computer databases and spreadsheets, and has taken all reasonable efforts to provide information sought by the Interrogatories. Computerized information that would assist in preparing responses to the Interrogatories is generally unavailable for periods prior to 1982. Although some computerized information may be available for periods prior to that time, it is contained on computer systems that are no longer used by Chevron, and those systems are not readily accessible without undue burden or expense. Where available, such information has been provided. In addition, anecdotal information regarding historical gasoline and MtBE suppliers has been ascertained through interviews with company personnel and has also been provided to the extent available.

GENERAL OBJECTIONS

1.  Chevron objects to the instructions and definitions set forth in the Interrogatories to the extent they deviate from or purport to impose requirements other than or in addition to those required by the Federal Rules of Civil Procedure and the Local Civil Rules for the Southern District of New York. The definitions provided in Local Rule 26.3 are automatically incorporated into all discovery requests and In]o discovery request shall use broader definitions or rules of construction."

2.  Chevron objects to the Interrogatories to the extent they seek information outside the restricted scope of discovery permissible under the Local Civil Rules of this Court, and in particular Rule 33.3 which limits the types of interrogatories that are permitted.

3.  Chevron objects to the Interrogatories to the extent they seek information outside the restricted scope of discovery permissible under the Federal Rules of Civil Procedure, and in particular Rule 33(a) which limits the number of interrogatories that are permitted.

4. Chevron objects to the Interrogatories to the extent that they purport to call for the production and/or disclosure of privileged documents, materials, or matters, including but not limited to those protected by the attorney client privilege, the work-product doctrine, the joint-defense privilege, the self-evaluative privilege, and/or the privilege accorded to settlement materials. Chevron makes these responses on the condition that the inadvertent production of information or documents covered by such privilege, rule, or doctrine, does not waive any of Chevron's rights to assert such privilege, rule, or doctrine and that Chevron may withdraw or recover any such information or documents inadvertently produced as soon as identified. Chevron may withhold documents and/or information subject to the foregoing privileges. Upon request, Chevron will provide a description of such documents and/or information in accordance with the Federal Rules of Civil Procedure.

5. Chevron objects to the Interrogatories to the extent they purport to require Chevron to provide information or materials outside of its possession, custody, or control, and/or information that is equally available to Plaintiffs.

6. Chevron objects to the Interrogatories to the extent they seek information relating to events that occurred prior to initial manufacture, sale, or distribution by Chevron of gasoline containing MtBE on the grounds that those discovery requests are overbroad, unduly burdensome and oppressive, and on the further grounds that they seek information not relevant to the subject matter of this case and not reasonably calculated to lead to the discovery of admissible evidence.

7. Chevron objects to the Interrogatories to the extent they seek information pertaining to events or operations outside of relevant areas on the grounds that those discovery requests are overbroad, unduly burdensome and oppressive, and on the further grounds that they seek information not relevant to the subject matter of this case and not reasonably calculated to lead to the discovery of admissible evidence, although in certain instances when information is

maintained on a broader geographic basis than relevant areas it may be practical or necessary to respond with information on such a broader basis.

8. Chevron objects to the Interrogatories to the extent they seek information from an individual and/or entity who is not a party to this action on the basis that such requests are overly broad, onerous, burdensome, and seek information that is not within the knowledge of Chevron.

9. Chevron objects to the Interrogatories to the extent they are vague, ambiguous, and/or not susceptible to a reasonably clear definition or interpretation.

10. Chevron objects to the Interrogatories to the extent they are unduly burdensome, oppressive, and overly broad.

11. Chevron objects to the Interrogatories to the extent they seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

12. Chevron objects to the Interrogatories to the extent they seek information that cannot be located after a reasonable search of its records reasonably believed most likely to contain the responsive information on the grounds that any such requirement would be unduly burdensome and oppressive.

13. Chevron objects to the Interrogatories to the extent they contain no time itation or an unreasonable time limitation regarding the information requested. Chevron further objects to providing any discovery response for a time period that is beyond applicable statutes of limitations.

14. In compliance with Rule 26.3(c)(3) of the Local Civil Rules of this Court, Chevron provides herein the present or last known place of employment and address for each person "identified" in response to the Interrogatories. If a person is identified in responses to multiple interrogatories, the present or last known place of employment and address are provided only once. All current and former employees of Chevron are represented by counsel in

1-LA/7901 60.1                                        4

connection with this action. Plaintiffs should not contact any current or former employees directly, but instead should address any inquiries to counsel for Chevron.

15.     Chevron objects to the Interrogatories to the extent they request information beyond the limitations and parameters agreed among the parties or imposed by the Court. Chevron's responses are subject to all such limitations and parameters and incorporate by reference the discovery parameters imposed by the Court.

16.     Chevron objects to the Interrogatories to the extent they seek trade secrets and/or confidential, sensitive, or proprietary information. Chevron makes these responses on the condition that the inadvertent production of information or documents that disclose trade secrets and/or confidential, sensitive, or proprietary information does not waive any of Chevron's rights to protect such trade secrets and/or confidential, sensitive, or proprietary information and that Chevron may withdraw or recover any such information or documents inadvertently produced as soon as identified.

17.     Chevron objects to the Interrogatories to the extent they seek Chevron's trial proof, strategy, and evidence at this time on the basis that such proofs and evidence are not subject to identification and production.

18.     Chevron objects to the Interrogatories to the extent they contain or are predicated upon legal or factual assumptions that are not correct.

19.     Chevron objects to the Interrogatories insofar as they purport to call for legal conclusions.

20.     The information Chevron produces in response to the Interrogatories, if any, will be produced solely for the purpose of this action. Such information is subject to all objections regarding relevance, authenticity, materiality, propriety and admissibility and any other objections that would require exclusion of the information, if such information were

offered as evidence at trial, all of which objections are hereby expressly reserved and may be interposed at the time of trial.

21. Chevron's responses are based on information available as a result of a good faith search in the time allowed before submitting the responses. Chevron reserves the right to supplement or modify these responses as appropriate in the event additional information becomes available.

22. Chevron's decision to provide information notwithstanding the objectionable nature of any of the Interrogatories should not be construed as a stipulation that the information is relevant, a waiver of Chevron's general or specific objections, or an agreement that requests for similar discovery will be treated in a similar manner.

23. Chevron reserves the right to amend or supplement its responses as appropriate, as well as the right to object to other discovery directed to the subject matter of the Interrogatories.

24. These General Objections and Limitations apply to each Interrogatory as through restated in full therein.

25. All responses are subject to appropriate confidentiality agreements negotiated, or to be negotiated, between the parties, or as may be imposed by the Court.

26. No disclosure by Chevron of any information shall constitute a waiver of any objections.

SPECIFIC RESPONSES AND OBJECTIONS

INTERROGATORY NO. 1:

Please identify the name and address of each entity, including You, (if applicable) that supplied You with MTBE Products for ultimate delivery into the Relevant Area at any time since the date of first MTBE use in the Relevant Area, the dates or date ranges when each such

entity supplied You with MTBE Products, and the name and address of each refinery from which such MTBE Products were supplied.

RESPONSE TO INTERROGATORY NO. 1:

Chevron objects to this Interrogatory on the grounds that it is burdensome and oppressive to the extent it requires Chevron to determine whether gasoline supplied to Chevron within the State of California was delivered to the Counties of Monterey, Fresno, Orange, Sacramento, Riverside and San Bernardino, and the Cities of Quincy, Roseville and Alpine. Chevron further objects to this Interrogatory on the grounds that it is burdensome and oppressive to the extent it requires Chevron to identify the facility at which gasoline supplied to Chevron was refined. Subject to and without waiving any of its objections, Chevron responds as follows:

Chevron has undertaken a review of records reasonably available to it and has conducted interviews with company personnel in an effort to determine the identities of companies that have supplied Chevron with gasoline that may have contained (but did not necessarily contain) MtBE within the State of California. Product descriptions provided do not always allow Chevron to ascertain with precision whether particular types of conventional gasoline contained MtBE, as specification sheets for those varieties of gasoline permitted, but did not require, that the gasoline contain MtBE. Chevron has prepared a compilation of its records in response to this Interrogatory, and will provide plaintiffs with that compilation in CD-ROM format concurrently with or shortly after the service of these responses.

INTERROGATORY NO. 2:

Please identify the name and address of each entity from which You obtained neat MTBE for use at any Refinery owned or operated by You that supplied gasoline for ultimate delivery into the Relevant Area, the dates or date ranges when MTBE was acquired from each such supplier, and the name and address of Your Refinery(ies).

**RESPONSE TO INTERROGATORY NO. 2:**

**Neat MTBE Purchases**

AGIP PETROLEUM CO., INC.
RICHMOND, CA 64525-0000
9/98, 4/99

AGIP PETROLEUM CO., INC.
COMPTON, CA 90220-0000
8/99

AMERICAN AGIP COMPANY,INC
RICHMOND, CA 94802-0000
12/93, 2/99

AMERICAN AGIP COMPANY,INC
MARTINEZ, CA 94553-0000
5/96, 11/96, 12/96

ARCO CHEMICAL CO.
SELBY, CA 94525-0000
4/91, 7/96, 6/97, 9/97

ARCO CHEMICAL CO.
LONG BEACH, CA 90809-0000
2/95

ARCO CHEMICAL CO.
EL SEGUNDO, CA 90245-0000
5/86, 8/87, 4/88, 3/90-4/90

ARCO CHEMICAL CO.
WILMINGTON, CA 00000-0000
11/87, 6/88-9/88

ARCO CHEMICAL CO.
RICHMOND, CA 94802-0000
4/88, 2/89-3/89, 8/89, 3/90-5/91, 5/93-11/97

ARCO CHEMICAL CO.
BURNABY, BC 00000-0000
2/91

ARCO CHEMICAL CO.
SAN PEDRO, CA 94524-0000
4/91-9/91

ARCO CHEMICAL CO.
LONG BEACH, CA 90809-0000
11/91-8/97

ARCO PETROLEUM PROD. CO
LONG BEACH, CA 90809-0000
11/97

ARCO PETROLEUM PROD. CO.
EL SEGUNDO, CA 90245-0000
4/95, 3/96

ARCO PETROLEUM PROD. CO.
SELBY, CA 94525-0000
11/92

ARCO PETROLEUM PROD. CO.
LOS ANGELES, CA 90748-0000
3/95

ARCO PRODUCTS CO.
EL SEGUNDO, CA 90245-0000
4/99

ARCO PRODUCTS CO.
SAN PEDRO, CA 90733-0000
9/01

BP EXPLORATION & OIL INC.
SELBY, CA 94525-0000
1/94

BP EXPLORATION & OIL INC.
LONG BEACH, CA 90809-0000
5/96

BP WEST COAST PRODUCTS LL
SAN PEDRO, CA 90733-0000
4/02, 9/02, 10/02

BP WEST COAST PRODUCTS LL
RICHMOND, CA 94525-0000
4/02-5/02

CHEVRON CANADA, LTD.
RICHMOND, CA 94802-0000
5/92-10/02

CHEVRON CANADA, LTD.
LONG BEACH, CA 90809-0000
10/92-8/02

CHEVRON CANADA, LTD.
SELBY, CA 94525-0000
9/92-4/97, 11/02

C.ITOH & CO. AMERICA, INC
WILMINGTON, CA 00000-0000
8/88

COASTAL RFNG & MKTG INC.
SELBY, CA 94525-0000
8/93-12/93

ECOFUEL SPA
SAN PEDRO, CA 94524-0000
5/91

ECOFUEL SPA
RICHMOND, CA 94802-0000
10/91

ECOFUEL SPA
RICHMOND, CA 94525-0000
11/02

ECOFUEL SPA
MARTINEZ, CA 94553-0000
6/96, 8/96-10/96

ECOFUEL SPA
RICHMOND, CA 64525-0000
3/97, 2/98, 6/98

ECOFUEL SPA
LONG BEACH, CA 90809-0000
6/97, 11/97, 1/98, 3/98

ECOFUEL SPA
EL SEGUNDO, CA 90245-0000
7/02

ECOFUEL SPA
SAN PEDRO, CA 90733-0000
1/02, 4/02-5/02, 8/02-11/02

ENRON CLEAN FUELS CO.
LONG BEACH, CA 90809-0000
7/98

ENRON PETROCHEMICALS CO
RICHMOND, CA 94802-0000
4/94, 5/94

EQUILON ENTERPRISES, LLC
LONG BEACH, CA 90809-0000
3/99

EQUIVA TRADING COMPANY
SAN PEDRO, CA 90733-0000
9/01, 12/01, 1/02, 3/02

EQUIVA TRADING COMPANY
RICHMOND, CA 94525-0000
12/99

EXXON COMPANY U.S.A.
SELBY, CA 94525-0000
5/96, 7/99

EXXON COMPANY U.S.A.
MARTINEZ, CA 94553-0000
 12/96

EXXON COMPANY U.S.A.
RICHMOND, CA 64525-0000
3/99

KERN OIL & REFINING CO.
LOS ANGELES, CA 90748-0000
8/89-10/89

KERN OIL & REFINING CO.
SAN PEDRO, CA 94525-0000
9/89

KOLMAR PETROCHEMICALS
LONG BEACH, CA 90809-0000
 11/97

LTC LIMITED
LONG BEACH, CA 90809-0000
4/99

LTC LIMITED
RICHMOND, CA 64525-0000
5/99

LUCKY GOLD STAR INT'L INC
SAN PEDRO, CA 94524-0000
5/91

NESTE CANADA INC.
LONG BEACH, CA 90809-0000
 10/92-1/96, 10/96, 1/97-12/98, 3/99, 5/99

NESTE CANADA INC.
SELBY, CA 94525-0000
9/92-2/95, 4/98, 5/01, 11/01, 4/02

NESTE CANADA INC.
EL SEGUNDO, CA 90245-0000
4/95

NESTE CANADA INC.
COMPTON, CA 90220-0000
7/99, 9/99-10/99, 1/01-5/01

NESTE CANADA INC.
SAN PEDRO, CA 90733-0000
7/01-10/01, 12/01, 1/02, 4/02-6/02

NESTE CANADA INC.
RICHMOND, CA 94802-0000
3/99

NESTE CANADA INC.
RICHMOND, CA 64525-0000
9/98, 1/99

NESTE CANADA INC.
MARTINEZ, CA 94553-0000
4/97-1/99

NESTE PETROLEUM, INC.
COMPTON, CA 90220-0000
8/99

NESTE PETROLEUM, INC.
LONG BEACH, CA 90809-0000
5/99

NESTE PETROLEUM, INC.
EL SEGUNDO, CA 90245-0000
7/02

NESTE PETROLEUM, INC.
RICHMOND, CA 94525-0000
9/99

NOBLE AMERICAS
SAN PEDRO, CA 90733-0000
9/01, 9/02, 11/02-12/02

NOBLE AMERICAS
RICHMOND, CA 94525-0000
 1/01, 9/01, 1/02-2/02, 4/02, 5/02, 10/02

NOBLE AMERICAS
LONG BEACH, CA 90809-0000
4/99

NOBLE AMERICAS
RICHMOND, CA 64525-0000
7/98-8/98, 11/98

PACIFIC REFINING
SELBY, CA 94525-0000
6/94

PETRO-DIAMOND, INC.
LONG BEACH, CA 00000-0000
 10/92

PHIBRO DV/SALOMON INC
LONG BEACH, CA 90809-0000
7/94, 10/94, 3/95, 5/96

PHIBRO DV/SALOMON INC
MARTINEZ, CA 94553-0000
 11/95, 4/96

PHIBRO, INC.
MARTINEZ, CA 94553-0000
6/96-8/96, 11/96, 2/97

PHIBRO, INC.
SELBY, CA 94525-0000
11/96

PHIBRO, INC.
RICHMOND, CA 64525-0000
4/97, 10/97

PHIBRO, INC.
RICHMOND, CA 94802-0000
11/97

SABIC AMERICAS,INC
RICHMOND, CA 94525-0000
9/96-10/96, 8/99, 7/02, 10/02

SABIC AMERICAS,INC
RICHMOND, CA 64525-0000
4/97, 5/98, 3/99

SABIC AMERICAS,INC
LONG BEACH, CA 90809-0000
2/99

SABIC AMERICAS,INC
SAN PEDRO, CA 90733-0000
12/02

SABIC AMERICAS,INC
COMPTON, CA 90220-0000
10/99, 12/99

SHELL OIL CO.
RICHMOND, CA 64525-0000
11/97

SHELL OIL CO.
RICHMOND, CA 94802-0000
3/96

SHELL TRADING (US) CO.
RICHMOND, CA 94525-0000
11/02

TESORO REFNG & MKTG CO
SAN PEDRO, CA 90733-0000
12/02

TESORO REFNG & MKTG CO
RICHMOND, CA 94525-0000
12/02

TEXACO RFNG & MRKTNG,INC
LONG BEACH, CA 00000-0000
9/93

TEXACO RFNG & MRKTNG,INC
RICHMOND, CA 64525-0000
8/98

TOSCO REFINING COMPANY
RICHMOND, CA 64525-0000
10/97

TOSCO REFINING COMPANY
LONG BEACH, CA 94596-0000
4/93

TOSCO REFINING COMPANY
RICHMOND, CA 94802-0000
8/97-5/99

TOSCO REFINING COMPANY
RICHMOND, CA 94525-0000
7/99

TRAMMOCHEM
MARTINEZ, CA 94553-0000
1/95, 4/96-5/96, 9/96, 12/96

TRAMMOCHEM
SELBY, CA 94525-0000
7/96, 1/97-2/97, 1/01, 5/01

TRAMMOCHEM
RICHMOND, CA 64525-0000
3/97-4/97, 9/97

TRAMMOCHEM
RICHMOND, CA 94802-0000
5/91, 9/91, 10/93, 7/96, 12/97

TRAMMOCHEM
COMPTON, CA 90220-0000
5/01

ULTRAMAR DIAMOND SHAMROCK
SAN PEDRO, CA 90733-0000
9/01

ULTRAMAR INC.
RICHMOND, CA 94802-0000
10/96

ULTRAMAR INC.
LONG BEACH, CA 90809-0000
5/97

VALERO MARKETING & SUPPLY
RICHMOND, CA 94525-0000
12/02

VALERO MARKETING & SUPPLY
SAN PEDRO, CA 90733-0000
7/02, 10/02, 12/02,

VALERO REFINING COMPANY
SAN PEDRO, CA 90733-0000
12/01, 3/02

VITOL S.A. INC.
SAN PEDRO, CA 90733-0000
4/02

VITOL S.A. INC.
RICHMOND, CA 94525-0000
8/99

VITOL S.A. INC.
LONG BEACH, CA 90809-0000
4/99

VITOL S.A. INC.
RICHMOND, CA 64525-0000
10/97, 9/98, 4/99-5/99

VITOL S.A. INC.
RICHMOND, CA 94802-0000
4/99

**Refineries:**

El Segundo Refinery
324 West El Segundo Blvd.
El Segundo, CA 90245

Richmond Refinery
841 Chevron Way
Richmond, CA 94802

**INTERROGATORY NO. 3:**

Please identify each Terminal You use or used to supply gasoline for ultimate delivery into the Relevant Area at any time since the date of first MTBE use in the Relevant Area and the dates or date ranges when You have used such Terminal. For each Terminal You use or used, please also state whether You owned or operated such Terminal or were a Teiminalling Partner at such Terminal.

1 -LA/7901 60.1                                15

RESPONSE TO INTERROGATORY NO. 3:

Chevron objects to the definition and use of the term "Terminalling Partner" as misleading, vague, and ambiguous. Many of the fuel distribution points listed below were independently owned and/or operated; the mere fact that Chevron had the ability to ship fuel to these distribution points does not give rise to the responsibilities typically associated with the term "partner," nor does it give rise to any responsibility for control of the operations relating to the terminals and bulk plants listed below. Chevron further objects to Interrogatory No. 3 as vague and ambiguous as to time and product identification; Subject to and without waiving any of its objections, Chevron responds as follows:

| County (with litigation) | Terminal(s) | Dates Used | Proprietary? |
|---|---|---|---|
| 1) Fresno | Bakersfield | 1979-present | N |
| | Banta | 1979-present | Y |
| | Fresno | 1979-present | N |
| | San Jose | 1979-present | Y |
| 2) Riverside | Barstow | 1979-present | N |
| | Colton | 1979-present | Y until '95 |
| | Montebello | 1979-present | Y |
| 3) Placer | Chico | 1979-present | N |
| | Sacramento | 1979-present | Y |
| 4) Orange | Carson | 2002-present | N |
| | Colton | 1979-present | Y until '95 |
| | East Hynes | 2002-present | N |
| | Huntington Beach | 1979-present | Y |
| | Montebello | 1979-present | Y |
| | Van Nuys | 1979-present | Y |
| | Watson | 2002-present | N |
| 5) Plumas | Chico | 1979-present | N |
| | Sacramento | 1979-present | Y |
| 6) Sacramento | Avon | 1979-present | Y |
| | Banta | 1979-present | Y |
| | Sacramento | 1979-present | Y |
| 7) San Diego | Imperial | 1979-present | N |
| | San Diego | 1979-present | Y |

///

///

///

DATED: August 3e, 2004

By: /s/ [signature]

DAVID L. SCH'E         e Bar No. 149638)
MICHAEL T. ZARRO tate Bar No. 110171)
CATHERINE N. MITCHELL (State Bar No. 222384)
MORGAN, LEWIS & BOCKIUS LLP
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Telephone: 213.612.2500
Facsimile: 213.612.2501

WILLIAM K. DIAL, State Bar No. 41310
CHEVRON PRODUCTS COMPANY
LAW DEPARTMENT
6101 Bollinger Canyon Road
San Ramon, California 94583
Tel: 925.842.1108
Fax: 925.842.3365

Attorneys for Defendant
Chevron U.S.A. Inc.