# Exhibit 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

In Re: Methyl Tertiary Butyl Ether ("MTBE")      Master File C.A. No.
Products Liability Litigation      1:00-1898 (SAS)
    MDL No. 1358

----------------------------------------------------------X
This Document Relates to:

California-American Water Company v. Atlantic Richfield Co., et al.
City of Fresno, et al. v. Chevron U.S.A., Inc., et al.
City of Riverside v. Atlantic Richfield Co., et al.
City of Roseville v. Atlanta Richfield, et al.
Martin Silver, et al. v. Alon USA Energy, Inc., et al.
Orange County Water District v. Unocal, et al.
People of the State of California, et al. v. Atlantic Richfield Co., et al.
Quincy Community Services District v. Atlantic Richfield Co., et al.

----------------------------------------------------------X

## DEFENDANT EXXON MOBIL CORPORATION'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' PRELIMINARY SET OF INTERROGATORIES REGARDING DEFENDANT IDENTIFICATION

Defendant Exxon Mobil Corporation ("ExxonMobil"), by and through its attorneys, McDermott Will & Emery, LLP, makes the following Responses and Objections to Plaintiffs Preliminary Set of Interrogatories Regarding Defendant Identification, dated August 30, 2004, pursuant to the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York.

### PRELIMINARY STATEMENT AND DISCLOSURES

Plaintiffs' counsel has stated and the Court has acknowledged that, at this time, the purpose of these Interrogatories is to identify additional Defendants. Furthermore, Plaintiffs' counsel has made clear their interest in fully complying with Rule 11 by emphasizing the need to have reliable and accurate information concerning the identity of non-parties whose products were delivered into geographic areas at issue in the lawsuits.

## RESPONSES TO INTERROGATORIES

ExxonMobil responds to the following three Interrogatories as provided below for each identified geographic area, subject to and without waiving the General Objections, the Preliminary Statement and Disclosures and the specific objections which follow immediately below each restated question.

INTERROGTORY NO. 1 – Please identify the name and address of each entity (including You, if applicable) that supplied You with MTBE Products for ultimate delivery into the *identified geographical region* at any time since the date of first MTBE use in the *identified geographical region*; the dates or date ranges when each such entity supplied You with MTBE Products, and the name and address of each Refinery from which such MTBE Products were supplied.

OBJECTION:

ExxonMobil objects to this Interrogatory as seeking information outside the restricted scope of discovery permissible under Rule 33.3 of the Local Civil Rules of this Court. ExxonMobil further objects to this Interrogatory on the grounds that it is vague, ambiguous, overbroad and unduly burdensome. Further, ExxonMobil objects that the request for "dates or dates ranges" is specifically overbroad, unduly burdensome, and oppressive. ExxonMobil also objects to this Interrogatory on the grounds that the term "supplied," as used herein, is undefined, vague and without any precise meaning. Additionally, ExxonMobil objects to the extent that this Interrogatory calls for ExxonMobil to speculate as to the presence of MTBE in gasoline and the identity of the refinery providing the MTBE Product when the MTBE Product is not refined by Exxon, Mobil or ExxonMobil, but only later sold in the identified geographic region by Exxon, Mobil or ExxonMobil. Moreover, ExxonMobil objects to the extent that this Interrogatory calls for ExxonMobil to speculate as to which of its refining entities provides MTBE Product for delivery into the identified geographical region because ExxonMobil does not track the ultimate destination of product manufactured by ExxonMobil. Lastly, ExxonMobil does not, in the

ordinary course of business, prepare or maintain data in a form that readily permits it to answer this Interrogatory as asked.

RESPONSE:

In addition to the attached "**EXXONMOBIL'S SPECIFIC GEOGRAPHIC RESPONSES**," ExxonMobil also provides a listing of relevant refinery addresses in Attachment A to these Responses. The responses in the attached "**EXXONMOBIL'S SPECIFIC GEOGRAPHIC RESPONSES**" are specifically limited to gasoline refined by Exxon, Mobil and ExxonMobil, except where specifically provided for therein.

INTERROGATORY NO. 2 – Please identify the name and address of each entity from which You obtained neat MTBE for use at any Refinery owned or operated by You that supplied gasoline for ultimate delivery into the *identified geographical region*; the date or date ranges when MTBE was acquired from each supplier, and the name and address of Your refinery(ies).

OBJECTION:

ExxonMobil objects to this Interrogatory as seeking information outside the restricted scope of discovery permissible under Rule 33.3 of the Local Civil Rules of this Court. ExxonMobil further objects to this Interrogatory on the grounds that it is vague, ambiguous, overbroad and unduly burdensome. Further, ExxonMobil objects that the request for "dates or dates ranges" is specifically overbroad, unduly burdensome, and oppressive. Additionally, ExxonMobil objects to the extent that this Interrogatory calls for ExxonMobil to speculate as to which of its refining entities provides MTBE Product for delivery into the identified geographical region because ExxonMobil does not track the ultimate destination of product manufactured by ExxonMobil. Lastly, ExxonMobil does not, in the ordinary course of business, prepare or maintain data in a form that readily permits ExxonMobil to answer this Interrogatory as asked.

RESPONSE:

ExxonMobil provides a listing of relevant suppliers of neat MTBE in Attachment B to these Responses.

INTERROGATORY NO. 3 – Please identify each Terminal You use or used to supply gasoline for ultimate delivery into the *identified geographical region*; at any time since the date of first MTBE use in the identified geographical region, and the dates or date ranges when You have used such Terminal. For each Terminal You use or used, please also state whether You owned or operated such Terminal or were a Terminaling Partner at such Terminal.

**OBJECTION:**

ExxonMobil objects to this Interrogatory as seeking information outside the restricted scope of discovery permissible under Rule 33.3 of the Local Civil Rules of this Court. ExxonMobil further objects to this Interrogatory on the grounds that it is vague, ambiguous, overbroad and unduly burdensome. Further, ExxonMobil objects that the request for "dates or dates ranges" is specifically overbroad, unduly burdensome, and oppressive. Lastly, ExxonMobil does not, in the ordinary course of business, prepare or maintain data in a form that readily permits ExxonMobil to answer this Interrogatory as asked.

RESPONSE:

ExxonMobil provides a listing of relevant terminal addresses in Attachment C to these Responses.

## EXXONMOBIL'S SPECIFIC GEOGRAPHIC RESPONSES

A.  Fresno County (*City of Fresno, et al. v. Chevron U.S.A., Inc., et al.*)

With respect to Exxon, ExxonMobil is unaware of any Exxon proprietary terminal that would have routinely supplied Exxon locations in Fresno County with gasoline or with gasoline containing MTBE. Exxon locations in Fresno County may have been supplied with gasoline or with gasoline containing MTBE from the now current Kinder Morgan Pacific terminal in Fresno. On occasion, Exxon locations in Fresno County may have been supplied with gasoline or with gasoline containing MTBE from ST Services at its terminal in Stockton.

With respect to Mobil, ExxonMobil responds that it is unaware of any Mobil proprietary terminal that would have routinely supplied Fresno County with gasoline or with gasoline containing MTBE. Mobil may have supplied gasoline or gasoline containing MTBE for ultimate distribution into Fresno County via a throughput terminal owned and operated by Kinder Morgan and located in Fresno. Mobil purchased gasoline containing MTBE from Equiva, Exxon, Tosco, Tower Energy Resources, Equilon, Texaco and Ultramar for shipment to the Kinder Morgan Fresno terminal via the Kinder Morgan Pipeline.

With respect to ExxonMobil, it is unaware of any ExxonMobil proprietary terminal that would have routinely supplied Fresno County. ExxonMobil supplied gasoline containing MTBE for ultimate distribution into Fresno County via a throughput terminal owned and operated by Kinder Morgan Pacific and located in Fresno. ExxonMobil purchased gasoline containing MTBE from Tower Energy Resources, Valero, New West Petroleum, Tesoro, and Equiva for shipment to the Kinder Morgan Fresno terminal via the Kinder Morgan pipeline.

Accordingly, ExxonMobil refers Plaintiffs to Attachment B for a listing of suppliers that may have provided neat MTBE to the above identified Exxon, Mobil and ExxonMobil refineries. ExxonMobil is unaware of the identity of suppliers of neat MTBE blended into gasoline refined by others and/or identity of the refiners of gasoline containing MTBE obtained from others.

B.  Monterey County (*California American Water Company v. Atlantic Richfield Co., et al.*)

With respect to Exxon, ExxonMobil is unaware of any Exxon proprietary terminal that would have routinely supplied Exxon locations in Monterey County with gasoline or with gasoline containing MTBE. Exxon locations in Monterey County may have been supplied gasoline or gasoline containing MTBE from the now current Kinder Morgan terminal in San Jose. On occasion, Exxon locations in Monterey County may have been supplied gasoline containing MTBE from the Kinder Morgan terminal in Fresno.

ExxonMobil is unaware of any Mobil or ExxonMobil proprietary or throughput terminal that supplied Monterey County with gasoline or with gasoline containing MTBE. In addition, it is also unaware, at this time, of any exchange agreements whereby Mobil or ExxonMobil received gasoline or gasoline with containing MTBE for ultimate distribution to locations in Monterey County.

10

Attachment A

| Property Refinery Addresses |
|---|
| Torrance Refinery<br>3700 West 190th Street<br>Torrance, California |
| Benicia Refinery<br>3400 East Second Street<br>Benicia, California |

Attachment B

| MTBE Suppliers (Torrance Refinery) | Years |
|---|---|
| ARCO Chemical | 1994, 1995, 1996, 1998, 1999 |
| Neste Canada | 1994, 1995, 1996, 1997 |
| SABIC Marketing Americas | 1994, 1995, 1996, 1997, 1998, 1999, 2001, 2002, 2003 |
| Enron Clean Fuels Co. | 1997, 1998, 1999, 2001, 2002, 2003 |
| EcoFuel, S.P.A. | 1995 |

| MTBE Suppliers to Exxon in California | Years |
|---|---|
| ARCO Products Company | 1995 |
| Chevron Products Company | 1996 - 1998 |
| Coastal Chemical, Inc. | 1994, 1997 - 1998 |
| EcoFuel, S.P.A. | 1996-1999 |
| Enron Clean Fuels Company | 1999 |
| Lyondell Chemical Worldwide, Inc. | 1989, 1990-1994, 1996, 1998 |
| Noble Americas Corp. | 1998 |
| Neste Canada, Inc. | 1994 - 1999 |
| SABIC Americas, Inc. | 1994 - 1999 |
| Shell Oil Company | 1997 |
| Trammochem | 1996 |
| Vitol S.A., Inc. | 1999 |

Attachment C

| Property/Terminal/Address |
|---|
| Atwood Terminal<br>1477 Jefferson Street<br>Anaheim, California |
| Mission Valley Terminal<br>9950 San Diego Mission Road<br>San Diego, California |
| Vernon Terminal<br>2709 East 37th Street<br>Vernon, California |
| Torrance Refinery Rack<br>3700 West 190th Street<br>Torrance, California |
| Benicia Terminal<br>3410 East Second Street<br>Benicia, California |

14015v1

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In Re: Methyl *tertiary*-Butyl Ether ("MTBE") Products Liability Litigation<br><br>This Document Relates to:<br><br>*California – American Water Company v. Atlantic Richfield Co., et al.*, Case No. 03-5379 JSW (N.D. Cal.); *City of Fresno, et al, v. Chevron U.S.A. Inc., et al.*, Case No. 03-05378 JSW (N.D. Cal.); *Orange County Water District v. Unocal Corporation, et al.*, Case No. 03-1742 JVS (Anx)(C.D. Cal.); *People of the State of California, et al. v. Atlantic Richfield Co., et al.*, Case No. 03-2653 GEB DAD (E.D. Cal.); *Quincy Community Services District v. Atlantic Richfield Co., et al.*, Case No. 03-2582 LKK DAD (E.D. Cal.); *City of Riverside v. Atlantic Richfield Co., et al.*, Case No. 04-53 JVS (Anx)(C.D. Cal.); *City of Roseville v. Atlantic Richfield Co., et al.*, Case No. 03-2601 MCEGGH (E.D. Cal.); and *Martin Silver, et al. v. Alon USA Energy, Inc., et al.*, Case No. 03-2408 WQH (S.D. Cal.). | MDL No. 1358 (SAS)<br><br>**FURTHER RESPONSE OF DEFENDANT UNION OIL COMPANY OF CALIFORNIA TO PLAINTIFFS' PRELIMINARY SET OF INTERROGATORIES** |

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, within the parameters set forth by the Court at the May 11, 2004 Status Conference, Defendant Union Oil Company of California ("Union Oil") hereby responds to each of the Preliminary Set of Interrogatories Re: Defendant Identification ("Interrogatories") propounded in the following actions: *California – American Water Company v. Atlantic Richfield Co., et al.*, Case No. 03-5379 JSW (N.D. Cal.); *City of Fresno, et al, v. Chevron U.S.A. Inc., et al.*, Case No. 03-05378 JSW (N.D. Cal.); *Orange County Water District v. Unocal Corporation, et al.*, Case No. 03-1742 JVS (Anx)(C.D. Cal.); *People of the State of California, et al. v. Atlantic Richfield Co., et al.*, Case No. 03-2653 GEB DAD (E.D. Cal.); *Quincy Community Services District v. Atlantic Richfield Co., et al.*, Case No. 03-2582 LKK DAD (E.D. Cal.); *City of Riverside v. Atlantic Richfield Co., et al.*, Case No. 04-53 JVS (Anx)(C.D. Cal.); *City of Roseville v. Atlantic Richfield

1-LA/789862.1

contained MtBE, on the grounds that such term is overly inclusive, thereby rendering the Interrogatories overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

8. By its production of any documents or information in response to the Interrogatories, Union Oil does not waive any right to object to the admissibility of any such document or information, at or before trial, or otherwise. All such objections are expressly reserved. Specific objections to individual interrogatories are stated in response to each such interrogatory. Each of the foregoing objections is incorporated into each response to specific interrogatories.

## SPECIFIC RESPONSES AND OBJECTIONS

### INTERROGATORY NO. 1:

Please identify the name and address of each entity, including You, (if applicable) that supplied You with MTBE Products for ultimate delivery into the Relevant Area at any time since the date of first MTBE use in the Relevant Area, the dates or date ranges when each such entity supplied You with MTBE Products, and the name and address of each refinery from which such MTBE Products were supplied.

### RESPONSE TO INTERROGATORY NO. 1:

Union Oil objects to Interrogatory No. 1 as burdensome, oppressive, and not reasonably calculated to lead to the discovery of admissible evidence because Union Oil's computer databases do not provide information regarding the refinery which processed the fuel purchased by Union Oil, nor do those records allow Union Oil to determine the specific county to which fuel was delivered. In addition, Union Oil's remaining computer databases do not consistently distinguish gasoline containing MtBE from those fuels which do not contain MtBE. Based upon these limitations, and without waiving its objections, Union Oil answers that it had

refineries in Wilmington (Los Angeles) California, and in Rodeo (Bay Area), California which produced gasoline for markets including California from 1980 to March 31, 1997. Beginning in 1986, Union Oil used MtBE in some of the gasoline produced. Further, set forth below is a list compiled from Union Oil's remaining computer records relating to gasoline purchased in California:

| VENDOR NAME | DATES PURCHASED |
| --- | --- |
| A-1 Racing Specialties Inc. | 1996: September |
| Aloha Petrol | 1997: March |
| Archer Daniels Midland Co. | 1994: March |
| ARCO Chemical Company | 1996: February |
| ARCO Products Company | 1993: July<br>1996: March, June, October<br>1997: January, March |
| Associated Process Controls | 1995: August, October |
| Astra Oil Co. Inc. | 1996: April |
| Astro Wester | 1996: August |
| Atlas Bulk, Inc. | 1994: June |
| B. P. Oil Company | 1992: January |
| B. P. Oil Company, Inc. | 1994: December |
| BHP Petroleum Americas | 1996: January |
| Big West Oil Co. | April 1992-April 1993 |
| C. L. Bryant Inc. | 1994: September<br>1996: March<br>1997: February |
| C & N Energy Ltd. | 1994: February, April<br>1995: February, March, April, June, August, October, November<br>1996: February, March, April, May, July, October, December<br>1997: February, March |
| Casey Co. | 1991: July<br>1992: March, July |
| Casey Company | 1989: October<br>1991: July, September<br>1992: February, April, July, August, September<br>1993: March, April, May, August, September<br>1994: March |
| Chevron | 1993: October<br>1995: February, June, July, August, September, October, November, December<br>1996: January, February, March, April, May |

| VENDOR NAME | DATES PURCHASED |
|---|---|
| Chevron USA | 1989: September<br>1991: July<br>1992: April, June<br>1993: October<br>1994: March, May<br>1995: January through December<br>1996: January through December<br>1997: January, February, March |
| Chevron USA Inc. | 1992: June |
| Delta Western | 1994: August, September, November, December<br>1995: January through December<br>1996: January through December |
| Dennis Petro | 1994: December |
| Enron Oil Trading | 1992: July |
| EOTT Energy Corp. | 1991: January<br>1993: June, November<br>1994: February, October<br>1995: January, March, June, July, August, October, November |
| EXXON | 1995: June, July, November<br>1996: January, June, July, August |
| EXXON Co. USA Houston | 1991: February, August |
| FPPF Chemical Co. Inc. | 1994: November |
| G & G Oil Co. of Indiana Inc. | 1996: June |
| Giant Industries Inc. | 1989: October<br>1995: March, May<br>1996: July, August, November, December<br>1997: January |
| Giant Refining | 1991: December<br>1992: March, May |
| Golden Coast Energy Inc. | 1993: October |
| Golden West Refining Company | 1989: September, October, November, December<br>1990: January, June, July, October<br>1991: January, February, March, April, July, August, September, October, November, December<br>1992: January, February<br>1996: March, July<br>1997: January |
| Gull Industries Inc. | 1991: March |
| Hawaiian Independent Refinery | 1989: September, October |
| Idemitsu Apollo Corp. | 1993: October |
| Imperial Oil | 1994: April |
| M. G. Refining & Marketing, Inc. | 1993: December<br>1994: January<br>1995: July, August, October<br>1996: March |
| M. G. Trade Finance Corp. | 1992: May<br>1995: April |
| M. T. Hood Oil | 1996: September |