# Exhibit 4

Law Offices of
# MILLER, AXLINE & SAWYER
A Professional Corporation

DUANE C. MILLER
MICHAEL AXLINE
A. CURTIS SAWYER, JR.

TRACEY L. O'REILLY
EVAN EICKMEYER
DANIEL BOONE
JUSTIN MASSEY
BRIAN D. SHANNON
DONALD MOONEY, of Counsel

March 6, 2013

**VIA LNFS**

Suedy Torabi, Esq.
Hunton and Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, CA 90071-2627

   Re:   *City of Fresno v. Chevron U.S.A., Inc., et al.*
         No. 1:04-cv-04973-SAS (MDL 1358)
         **Plaintiff City of Fresno's Further Meet-and-Confer re Tesoro's Proposed Motion for Summary Judgment**

Dear Ms. Torabi:

   This letter responds to yours of January 30, 2013, and February 15 and 25, 2013.

   Your letter of January 30, 2013, asks the City to "further supplement its Supplemental Responses to Tesoro's First Set of Interrogatories, consistent with the Court's direction at the January 11, 2013, hearing." The Court did not direct the City to supplement interrogatory responses at the January 11, 2013, hearing, or provide defendants with all evidence the City might use to oppose proposed motions. Rather, the Court directed the parties to meet and confer regarding the City's claims at certain stations to see if the number of motions could be reduced. As Judge Scheindlin stated at the January 11, 2013, status conference: "Basically, I want to know what you're relying on in the generalities . . . you'll have to come up with the documentation at the motion stage . . . ." Tr. at 35:2-7.

   I met with Diana Martin of your offices in San Francisco on March 5, 2013, as directed by the Court and informed all defendants at that meeting that the City would be relying on the commingled product theory with respect to certain defendants at certain stations, as further explained below. This evidence will include (but not be limited to) the deposition of Dickman Lum in the South Tahoe and Merced cases and the deposition of Fresno terminal manager Robert Kennedy in City of Dinuba v. Unocal Corp. I also agreed to provide additional detail via this letter regarding the bases for the City's claims against Tesoro at the three stations mentioned in your letters.

   Your January 30, 2013, letter does not accurately describe the January 11, 2013 status

Suedy Torabi, Esq.
March 6, 2013
Page 2

conference. At the January 11, 2013, status conference, in a discussion of Fresno's claims against Duke Energy, Judge Scheindlin rejected defendants' argument that the City would have to amend its complaint to allege the commingled product theory, and made clear that use of the theory is simply "a matter of proof." Tr. at 40:20-21. She also made clear that she was not interested in re-visiting her prior commingled product rulings. Tr. at 40:11-16 ("I said what I had to say about that theory, and it's old news.")

After stating that the City did not need to amend its complaint to allege commingled product theory, Judge Scheindlin asked: "can you *also* do it with direct product, Tracey [tracing?] or do you *have* to rely on the blended, you know, total product and the markets?" Tr. at 41:4-6. Ms. O'Reilly stated in the context of the discussion of Duke that "[w]e're not going with commingled in the pipeline. We're going with direct evidence, is what we explained [with respect to Duke in the City's pre-conference letter]." Tr. at 41:12-13. Ms. O'Reilly went on to explain the City has evidence that "Duke Energy mixed several gas station sites, received delivery, deliveries of MTBE gasoline from jobbers to whom Duke Energy sold MTBE gasoline." Tr. at 42:11-13.

This discussion, and Ms. O'Reilly's statements, merely clarified that with respect to some defendants, the City's evidence will allow the jury to conclude that the defendants' product was delivered directly to some stations. Ms. O'Reilly did *not* state that the City would not rely on the commingled product theory for all defendants or even all stations. Since, as Judge Scheindlin's commingled product opinion makes clear, it is impossible to trace neat MTBE to individual release sites, such a conclusion would never have been reached in such an off-hand and indirect way. The consequence of relying on the commingled product theory with respect to a particular defendant, of course, is that the City cannot pursue nuisance claims or punitive damage claims against that defendant.

That said, for the three stations identified in your letter we have the following response.

With respect to the Red Triangle station at 2809 S. Chestnut, your February 15, 2012, letter argues that the testimony of Gail Blue cited in Evan Eickmeyer's February 8, 2012, letter does not establish that Tesoro gasoline was delivered to this station. Mr. Eickmeyer's letter was not intended to be (nor was it required to be) exhaustive. In addition to the testimony of Gail Blue that she recalled Tesoro gasoline being delivered, bills of lading and highway receipts provided by Red Triangle show Tesoro gasoline was delivered to the Red Triangle station. *See, e.g.* REDTRIANGLE -SHE-000052-53; 0000990-91; 000101-102; 000126-127. Since 100% of the gasoline supplied to the Red Triangle station came from the Fresno terminal, and Tesoro was a major supplier at the terminal, even without jobber and operator testimony a reasonable jury could conclude that Tesoro gasoline was delivered to the Red Triangle station during the relevant time period. That said, the City will withdraw its nuisance claims with respect to this station.

Suedy Torabi, Esq.
March 6, 2013
Page 3

      With respect to the Valley Gas and U & A stations, your February 25, 2013, letter states: "It is our understanding that the City dismissed its nuisance claim against Tesoro at Valley gas and U & A because it lacks evidence of delivery of Tesoro gasoline to the station." This understanding is incorrect. The City did not withdraw nuisance claims due to a lack of product delivery evidence. Southern Counties (Total Energy) a jobber used by Tesoro for many years, supplied gasoline to the U & A station. Balder Singh Depo. at 46:16-17; 46:20-47:6; 47:9-10; 49:13-15; 49:18. Baldev Singh Depo. at 31:18-21; 33:6-8. Similarly, with respect to Valley Gas, several witnesses testified that Southern Counties (Total Energy), the jobber used by Tesoro, delivered gas to this station. Imtiaz Ahmad Depo. at 25:3-6; Shirley McMurphy Ahmad Depo. at 16:19-17:8. The recitation of this evidence is not intended to be exhaustive but is intended to save the Court and the parties the necessity of addressing an un-meritorious summary judgment motion.

Sincerely,

Michael Axline
Counsel for City of Fresno

cc: All Counsel (via LNFS)