# EXHIBIT 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| ---------------------- X<br>In Re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation<br>---------------------- X | Master File C.A. No. 1:00-1898<br>MDL No. 1358 (SAS) |
|---|---|

This document refers to: *City of Riverside v. Atlantic Richfield Co., et al.*
*Quincy Comm. Serv. Dist. v. Atlantic Richfield Co., et al.*
*California-American Water Company v. Atlantic Richfield Co., et al.*
*City of Roseville v. Atlantic Richfield, et al.*
*Orange County Water District v. Unocal, et al.*
*People of the State of California, et al. v. Atlantic Richfield Co., et al.*
*Martin Silver, et al. v. Alon USA Energy, Inc., et al.*
*City of Fresno, et al. v. Chevron U.S.A. Inc.*

VALERO DEFENDANTS' ANSWERS AND OBJECTIONS
TO PLAINTIFFS' PRELIMINARY SET OF INTERROGATORIES
(RE: DEFENDANT IDENTIFICATION)

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and in accordance with Case Management Order #3, Ultramar, Inc., Valero Energy Corporation, Valero Marketing and Supply Company, Valero Refining and Marketing Company, and Valero Refining Company-California (collectively "Valero Defendants") hereby submit the following Answers and Objections to Plaintiffs' Preliminary Set of Interrogatories (Re: Defendant Identification).

Dated: August , 2004

J. Clifford Gunter
Tracie J. Renfroe
M. Coy Connelly
BRACEWELL & PATTERSON, L.L.P.
711 Louisiana St., Suite 2900
Houston, Texas 77002-2781
Telephone: (713) 221-1404
Telecopier: (713) 221-2123

Attorneys for Defendants
ULTRAMAR, INC., VALERO ENERGY CORPORATION, VALERO MARKETING AND SUPPLY COMPANY, VALERO REFINING AND MARKETING COMPANY, and VALERO REFINING COMPANY-CALIFORNIA

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Valero Defendants' Answers and Objections to Plaintiffs' Preliminary Set of Interrogatories (Re: Defendant Identification) was served electronically upon counsel for Plaintiffs listed below by serving Plaintiffs' Liaison Counsel, Weitz & Luxenberg, P.C., and to all defense counsel of record by service on Defendants' Liaison Counsel, McDermott, Will & Emery on the SCAO day of August, 2004.

Mr. Victor M. Sher
Sher. Leff LLP
450 Mission Street, Suite 500
San Francisco, California 94105

Mr. Scott Summy
Baron & Budd, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas 75219-4281

Mr. Duane C. Miller
Miller, Axline & Sawyer
1050 Fulton Avenue, Suite 100
Sacramento, California 95825

Mr. Stanley N. Alpert
Weitz & Luxenberg, P.C.
180 Maiden Lane
New York, New York 10038

M. Coy Connelly

GENERAL OBJECTIONS AND LIMITATIONS

1. Valero Defendants object to the instructions and definitions set forth in Plaintiffs' Preliminary Set of Interrogatories (Re: Defendant Identification) ("Plaintiffs' Interrogatories"), to the extent they deviate from or purport to impose requirements other than or in addition to those required by the Federal Rules of Civil Procedure and the Local Civil Rules for the Southern District of New York.

2. Valero Defendants object to Plaintiffs' Interrogatories to the extent that they seek documents or information covered by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. None of these responses are intended as, or should be construed as, a waiver or relinquishment of any part of the protections afforded by the attorney-client privilege, the work product doctrine, or any other applicable privileges or immunities.

3. Valero Defendants object to Plaintiffs' Interrogatories to the extent that they seek information beyond that in the possession, custody, or control of Valero Defendants.

4. Valero Defendants object to Plaintiffs' Interrogatories to the extent that they seek information from Valero Defendants' subsidiary or affiliated companies that are not parties to this case because such infounation is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. To the extent Valero Defendants provide information for subsidiary or affiliated companies, it shall not be construed as waiving this objection. Additionally, Valero Defendants will respond to these interrogatories only for the period of time that affiliates of Valero Defendants owned the refineries at issue.

5. Valero Defendants object to Plaintiffs' Interrogatories to the extent that they seek information relating to events that occurred from "the date of first MTBE use in the [specified areas]" through the present on the grounds that such Interrogatories are overbroad, unduly burdensome and oppressive, and on the further grounds that they seek information not relevant to the subject matter of this case and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, "the date of first MTBE use in the [specified areas]" may not be known to Valero Defendants.

Valero Defendants also object to the definition of "MTBE Product" in Plaintiffs' Interrogatories because it is overbroad, burdensome, requires speculation by Valero Defendants, and is not calculated to lead to discovery of admissible evidence. More specifically, whether MTBE was added to conventional gasoline after sale by Valero Defendants may not be within the scope of Valero Defendants' knowledge.

7. Valero Defendants object to Plaintiffs' Interrogatories because they contain undefined terms which make them vague, ambiguous, overbroad, unduly burdensome and oppressive, and not reasonably calculated to lead to the discovery of admissible evidence.

8. Pursuant to the Court's rulings at the May 11, 2004 status conference, Valero Defendants expressly limit their answers to Plaintiffs' Interrogatories to the information that can be obtained after a reasonable search of their electronic data or other readily available records and interviews of knowledgeable company employees. See Affidavit attached.

9. Valero Defendants object to Plaintiffs' Interrogatories because they request information beyond the limitations and parameters agreed among the parties and/or imposed by the Court at the May 11, 2004 status conference. Valero Defendants' responses are subject to all such limitations and parameters and incorporate by reference the limits imposed by the Court at the May 11, 2004 status conference.

10. Valero Defendants' investigation into the facts alleged in Plaintiffs' Complaint is continuing, and Valero Defendants continue to search for information responsive to Plaintiffs' Interrogatories. As additional information becomes available, Valero Defendants will amend, modify, and/or supplement these answers and objections as appropriate.

11. Valero Defendants' decision to provide information notwithstanding the objectionable nature of any of the discovery requests is not to be construed as an admission that the information is relevant, a waiver of Valero Defendants' general or specific objections, or an agreement that future requests for similar discovery will be treated in a similar manner.

12. Valero Defendants reserve the right to amend or supplement their answers as well as the right to object to other discovery directed to the subject matter of Plaintiffs' Interrogatories.

13. These General Objections and Limitations apply to each of Plaintiffs' Interrogatories as though restated in full in Valero Defendants' answers thereto. To the extent Valero Defendants assert objections to individual questions, those objections shall apply equally to any subparts of the questions.

14. Documents referenced herein pursuant to Local Civil Rule 33.1 will be produced subject to protective orders and/or confidentiality agreements acceptable to Valero Defendants at the offices of Valero Defendants' counsel, Bracewell & Patterson, L.L.P., 711 Louisiana, Suite 2900, Houston, Texas 77002, on dates mutually agreeable to the parties.

ANSWERS & OBJECTIONS TO INTERROGATORIES

INTERROGATORY NO. 1:

Please identify the name and address of each entity (including You, if applicable) that supplied You with MTBE Products for ultimate delivery into the [specified areas] at any time since the date of first MTBE use in the [specified areas], the dates or date ranges when each such entity supplied You with MTBE Products, and the name and address of each Refinery from which such MTBE Products were supplied.

ANSWER:

Valero Defendants object to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and oppressive. Valero Defendants also object that this interrogatory requires Valero Defendants to speculate as to matters outside of the scope of information within Valero Defendants' possession, custody, or control by requiring Valero Defendants to identify, among other things, gasoline containing MTBE that may have eventually been sold or distributed in the specified areas by unaffiliated companies after leaving Valero Defendants' possession. Subject to and without waiving the foregoing objections, or the General Objections and Limitations set forth above, Valero Defendants respond as follows:

Valero Defendants and their affiliates do not, in the ordinary course of business, create or maintain data or records that track the ultimate destination of gasoline containing MTBE refined, manufactured, or sold; therefore, Valero Defendants cannot answer this interrogatory as phrased. For example, all documents and information needed to confirm whether gasoline containing MTBE supplied to a Valero Defendant or affiliate by a third party for sale or delivery outside the specified areas was ultimately delivered or sold in the specified areas by third parties are not within the possession, custody, or control of Valero Defendants. Until Valero Defendants can review such documents, among others, they cannot answer the question as phrased.

Pursuant to Local Civil Rule 33.1, Valero Defendants further answer this interrogatory by reference to product supply reports (derived from invoice and inventory receipts data) maintained by Valero Defendants and/or their affiliates. These product supply reports identify:

a. supplies of MTBE gasoline (or other products) to Valero Defendants;

b. the name and address of the supplier or exchange partner for gasoline containing MTBE (or other products);

c. the county and state where transactions of gasoline containing MTBE (or other products) occurred;

d. the terminal or facility where Valero Defendants received the gasoline containing MTBE (or other products);

e. the mode of transportation;

f. whether the transaction was an exchange;

g. the volume involved;

h. the year of the transaction.

Copies of such documents will be produced to Plaintiffs pursuant to General Objection and Limitation No. 14 above. Additionally, the name, address, and dates of Valero ownership for the Valero refineries that could have supplied (but did not necessarily supply) gasoline into the California market are listed below:

Benicia Refinery (Valero owned 2000-present)
3400 East Second Street
Benicia, CA 94510-1097

Golden Eagle Refinery (Valero owned 2000-2002)
150 Solano Way
Martinez, CA 94553-1487

Wilmington Refinery (Valero owned 1988-present)
2402 East Anaheim
Wilmington, CA 90744

Valero Defendants note that the product supply reports and other documents maintained by Valero Defendants do not necessarily indicate whether such products supplied to the Valero Defendants "were ultimately delivered" into the specified areas.

INTERROGATORY NO 2:

Please identify the name and address of each entity from which You obtained neat MTBE for use at any Refinery owned or operated by You that supplied gasoline for ultimate delivery into the [specified areas], the dates or date ranges when MTBE was acquired from each such supplier, and the name and address of Your Refmery(ies).

ANSWER:

Valero Defendants object to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and oppressive. Valero Defendants also object that this interrogatory requires Valero Defendants to speculate as to matters outside of the scope of information within Valero Defendants' possession, custody, or control by requiring Valero Defendants to identify gasoline containing MTBE that may have eventually been sold or distributed in the specified areas by unaffiliated companies after leaving Valero Defendants' possession. Subject to and without waiving the foregoing objections, or the General Objections and Limitations set forth above, Valero Defendants respond as follows:

Valero Defendants and their affiliates do not, in the ordinary course of business, create or maintain data or records that track the ultimate destination of MTBE or gasoline containing MTBE refined, manufactured or sold; therefore, Valero Defendants cannot answer this

interrogatory as phrased. For example, all documents and information needed to confirm whether MTBE or gasoline containing MTBE supplied to a Valero Defendant or affiliate by a third party for sale or delivery outside the specified areas was ultimately delivered or sold in the specified areas by third parties are not within the possession, custody, or control of Valero Defendants. Until Valero Defendants can review such documents, they cannot answer the question as phrased.

Pursuant to Local Civil Rule 33.1, Valero Defendants further answer this interrogatory by reference to product supply reports (derived from invoice and inventory receipts data) maintained by Valero Defendants and/or their affiliates. These product supply reports identify:

a. supplies of MTBE (or other products) to Valero Defendants;

b. the name and address of the supplier or exchange partner for MTBE (or other products);

c. the county and state where transactions of MTBE (or other products) occurred;

d. the terminal or facility where Valero Defendants received the MTBE (or other products);

e the mode of transportation;

f. whether the transaction was an exchange;

g. the volume involved;

h. the year of the transaction.

Copies of such documents will be produced to Plaintiffs pursuant to General Objection and Limitation No. 14 above. Additionally, the name, address, and dates of Valero ownership for the Valero refineries that could have supplied (but did not necessarily supply) gasoline into the California market are listed below:

Benicia Refinery (Valero owned 2000-present)
3400 East Second Street
Benicia, CA 94510-1097

Golden Eagle Refinery (Valero owned 2000-2002)
150 Solano Way
Martinez, CA 94553-1487

Wilmington Refinery (Valero owned 1988-present)
2402 East Anaheim
Wilmington, CA 90744

Additionally, Valero Defendants identify the following suppliers or exchange partners from whom they purchased neat MTBE, but without review of additional records not currently in their possession, cannot state whether such neat MTBE was added to gasoline that was sold or distributed in the specified areas.

**Suppliers of Neat MTBE to. Valero**

| Supplier | 2003 | 2002 | 2001 | 2000 | 1999 | 1998 | 1997 |
|---|---|---|---|---|---|---|---|
| AMERICAN AGIP CO, INC | | ✓ | ✓ | ✓ | | | |
| ARCO PRODUCTS COMPANY | | ✓ | Ni | ✓ | ✓ | ✓ | ✓ |
| ASTRA OIL CO INC | | ✓ | ✓ | ✓ | | | |
| BENETO INC | | | ✓ | ✓ | | | |
| BP WEST COAST PRODUCTS LLC | | | | | | | |
| BUCK PETROLEUM COMPANY | | | | | | | |
| C & N ENERGY LTD | ✓ | V | V | V | | | |
| CHEVRON PRODUCTS COMPANY | ✓ | ✓ | ✓ | ✓ | | | |
| CHEVRON U.S.A., INC. | – | Y ✓ | V | V | V | ✓ | ✓ |
| CHEVRON USA - CONCORD | | | ✓ | | | | |
| CHEVRON USA PRODUCTS COMPANY | | | | | | | |
| CONOCOPHILLIPS COMPANY | V | | | | | | |
| COOL TRANSPORT INC | | | | | | | |
| COX PETROLEUM TRANSPORT | | | | | | | |
| DUKE ENERGY MERCHANTS | | | | | | | |
| DUKE ENERGY MERCHANTS CALIF., INC. | | | | | | | |
| DUKE ENERGY MERCHANTS, LLC | Ni | | | | | | |
| ECOFUEL S.P.A. | – | .7 | | | | | |
| ENRON CLEAN FUELS COMPANY | | | ✓ | ✓ | | | |
| EOTT ENERGY OPERATING LIMITED | | | | ✓ | ✓ | | |
| EQUILON ENTERPRISES LLC. | | | | | | ✓ | |
| EQUIVA TRADING COMPANY | ✓ | ✓ | ✓ | ✓ | ✓ | | |
| EXXON COMPANY, U.S.A. | | | ✓ | V | | ✓ | ✓ |
| EXXON MOBIL REFINING & SUPPLY CO | | V | V ✓ | ✓ | | | |
| EXXONMOBIL OIL CORP | | | | | | | |
| FLINT HILLS RESOURCES LP | | | ✓ | ✓ | | | |
| FORTUM OIL & GAS | | | | | | | |
| FROST OIL COMPANY INC | | | | – | | | |
| GATX TERMINAL CORP. | | | | | | | V |
| GENERAL PETROLEUM RESOURCES INC | ✓ | ✓ | | | | | |
| GIANT INDUSTRIES INC | | | | | | | |
| GIANT REFINING COMPANY | | | | | | | |
| GLENCORE LTD | ✓ | ,/ | | | | | |

**Suppliers of Neat MTBE to Valero**

| Supplier | 2003 | 2002 | 2001 | 2000 | 1999 | 1998 | 1997 |
|---|---|---|---|---|---|---|---|
| GOODSPEED TANK LINES ....... | | | | | | | |
| HESS ENERGY TRADING COMPANY, LLC | | | | V | | | |
| J & S SUPPLY INC | | | | | | | |
| JACO OIL COMPANY | | | ✓ | ✓ | | | |
| KERN OIL & REFINING COMPANY | ✓ | | | ✓ | | | |
| KOCH OIL COMPANY | | | | | | | |
| MIECO, INC | ✓ | ✓ | ✓ | | | | |
| MOBIL OIL CORP | | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| NAPA VALLEY PETROLEUM, INC. | | V | V | | | | |
| NELLA OIL COMPANY | ✓ | V | | | | | |
| NESTE CANADA INC ..... | ✓ | .7 | ✓ | ✓ | | | |
| NESTE USA LLC | | | | | | | |
| NEW WEST PETROLEUM | V | V | | | | | |
| NOBLE AMERICAS CORP. | ✓ | ✓ | ✓ | ✓ | | | |
| OCEANA PETROCHEMICALS AG | | | | | | | |
| OLYMPIAN OIL CO | | | | | | | |
| PETRO-DIAMOND INCORPORATED | ✓ | ✓ | | | | | |
| PILOT CORPORATION | | ✓ | ✓ | V | | | |
| PILOT TRAVEL CENTERS LLC | | | | | | | |
| PRO PETROLEUM, INC | 7 | V | | | | | |
| REDWOOD OIL CO | | ✓ | | | | | |
| SABIC AMERICAS, INC. | | | ✓ | V | | | |
| SAN FRANCISCO PETROLEUM COMPANY | | | | V | | | |
| SC FUELS | | | | | | | |
| SHELL OIL COMPANY | | | | | | ✓ | ✓ |
| SHELL OIL PRODUCTS US | ✓ | ✓ | | | | | |
| SHELL TRADING (US) COMPANY | ✓ | ✓ | ✓ | ✓ | | | |
| SOUTHERN COUNTIES OIL CO | | | | | | | |
| TESORO PETROLEUM CORPORATION | | | ✓ | ✓ | | | |
| TESORO REFINING | ✓ | ✓ | | | | | |
| TESORO REFINING AND MARKETING | ✓ | ✓ | ✓ | ✓ | | | |
| TESORO REFINING, MARKETING & SUPPLY | | | | | | | |
| TEXACO REFINING AND MKTG, INC. | | | | | | | |
| TNB, INC DBA BUCK PETROLEUM | ✓ | | | | | | |
| TOSCO CORP | ✓ | ✓ | ✓ | ✓ | | | |

| Stipp' ers | Neat MTBE to Valero | | | | | | |
|---|---|---|---|---|---|---|---|
| Supplier | 2003 | 2002 | 2001 | 2000 | 1999 | 1998 | 1997 |
| TOSCO REFINING CO | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| TOSCO REFINING LP | | | ✓ | ✓ | | | |
| TOWER ENERGY GROUP | ✓ | ✓ | | ✓ | | | |
| TRAFIGURA AG | ✓ | ✓ | ✓ | | | | |
| TRAMMOCHEM | | ✓ | ✓ | ✓ | | | |
| TREK PETROLEUM | | | | | | | |
| ULTRAMAR INC. | | | ✓ | ✓ | | | |
| UNOCAL CORPORATION | | | | | | | |
| USA PETROLEUM CORP | | | ✓ | ✓ | | | |
| VALERO REFINING COMPANY - CALIFORNIA | | | | | | | |
| VITOL S.A., INCORPORATED | | | | | | | |
| WESTPORT PETROLEUM, INC. | ✓ | ✓ | ✓ | | | | |

INTERROGATORY NO. 3:

Please identify each Terminal You use or used to supply gasoline for ultimate delivery into the Relevant Area at any time since the date of first MTBE use in the [specified areas] and the dates or date ranges when you have used such Terminal. For each Terminal You use or used, please also state whether You owned or operated such Terminal or were a Terminalling Partner at such Terminal.

ANSWER:

Valero Defendants object to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and oppressive. The request for information about "gasoline" unrelated to MTBE is overbroad, burdensome, and not likely to lead to the discovery of admissible evidence. Valero Defendants also object that the request for dates or date ranges of terminal use for gasoline unrelated to M1BE is overbroad, burdensome and not likely to lead to the discovery of admissible evidence. Valero Defendants also object that this interrogatory requires Valero Defendants to speculate as to matters outside of the scope of information within Valero Defendants' possession, custody, or control by requiring Valero Defendants to identify gasoline that may have eventually been sold or distributed in the specified areas by unaffiliated companies after leaving Valero Defendants' possession. Subject to and without waiving the foregoing objections, or the General Objections and Limitations set forth above, Valero Defendants respond as follows:

Valero Defendants and their affiliates do not, in the ordinary course of business, create or maintain data or records that track the ultimate destination of gasoline refined, manufactured, or sold; therefore, Valero Defendants cannot answer this interrogatory as phrased. For example, all documents and information needed to confirm whether gasoline supplied to a Valero Defendant

or affiliate by a third party for sale or delivery outside the specified areas was ultimately delivered or sold in the specified areas by third parties are not within the possession, custody, or control of Valero Defendants. Until Valero Defendants can review such documents, they cannot answer the question as phrased.

Valero Defendants further answer this interrogatory by identifying the following terminals or facilities used by Valero Defendants in California. Valero Defendants are continuing their search for information pertaining to dates of terminal use and Tei ›inalling Partner arrangements and will supplement this answer. None of the terminals or facilities listed below has been owned or operated by Valero Defendants.

CALIFORNIA TERMINALS

Butte County

Kinder Morgan Pacific
2570 Hegan Lane
Chico, CA 95927

Contra Costa County

Shell Oil Products US
(Martinez Terminal)
1801 Marina Vista
Martinez, CA 94553

Chevron Products Company
Richmond Terminal
155 Castro St
Richmond, CA 94801

Fresno County

Kinder Morgan Pacific
4149 South Maple Avenue
Fresno, CA 93715

Humboldt County

Chevron Products Company
3400 Christie Street
Eureka, CA 95501

Imperial County

Kinder Morgan
Imperial Terminal
345 W Aten Rd
Imperial, CA 92251

Kern County
Kern Oil & Refining Company
7724 East Panama Lane
Bakersfield, CA 93307

Shell Oil Products US
(Bakersfield Terminal)
2436 Fruitvale Ave.
Bakersfield, CA 93309

Los Angeles County

Kinder Morgan
2000 E. Sepulveda Blvd.
Carson, CA 90810

Shell Oil Products US
(Carson Terminal)
20945 South Wilmington Avenue
Carson, CA 90810

Shell Oil Products US
(Van Nuys Terminal)
8100 North Haskell Avenue
Van Nuys, CA 91406

Shell Oil Products
Wilmington Terminal
1926 E Pacific Coast Hwy
Wilmington, CA 90744

Orange County

Kinder Morgan Pacific
1350 North Main Street
Orange, CA 92667

Sacramento County

Kinder Morgan pacific
(Bradshaw Terminal)
Folsom Boulevard & Bradshaw Road
Sacramento, CA 95800

San Bernadino County

Kinder Morgan
Colton Terminal
2359 S Riverside Ave
Bloomington, CA 92316

Cal Nev Pipeline
Barstow Terminal
34277 Daggett Yermo Rd
Daggett, CA 92357

San Diego County

Kinder Morgan Pacific
9950 San Diego Mission
San Diego, CA 92108

Shell Oil Products US
(Mission Valley Terminal)
9950 San Diego Mission Boulevard
San Diego, CA 92109

Shell Oil Products US
(San Diego Terminal)
9966 San Diego Mission Road
San Diego, CA 92108

San Joaquin County

BP/Arco Products Company
2700 West Washington Street
Stockton, CA 95203

Shell Oil Products US
(Stockton Terminal)
3515 Navy Drive
Stockton, CA 95203

ST Services
2941 Navy Drive
Stockton, CA 95206-1149

San Mateo County

Kinder Morgan Pacific
950 Tunnel Avenue
Brisbane, CA 94005

Santa Clara County

Kinder Morgan
2150 Kruse Avenue
San Jose, CA 95121

Shell Oil Products US
(San Jose Terminal)
2165 O'Toole Ave.
San Jose, CA 95131

Solano County

Valero Benicia Refinery
3400 East Second Street
Benicia, CA 94510-1097
(Prior to May 2000-Exxon Benicia Refinery)

Ventura County

Shell Oil products
Ventura Terminal
3284 N. Ventura Ave.
Ventura, CA 93001

IN THE; UNITED STATES DISTRICT COURT

**FOR ____ SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **IN RE:**<br><br>**METHYL-TERTIARY BUTYL ETHER ("MTBE") PRODUCTS LIABILITY LITIGATION** | **Master File C.A. No. I:00-1898 (SAS)**<br><br>**MDL 1358** |

This document refers to: all cases.

**AFFIDAVIT OF THE VALERO DEFENDANTS**
**IN RESPONSE TO PLAINTIFFS' PRELIMINARY DISCOVERY**

1. My name is Rick Baker and I am over twenty-one (21) years of age, and I am fully competent to make this affidavit. I am an accounting manager in the Budget and Forecast Department. I have held this office since November, 2003. I am generally familiar with the business and operations of Valero Marketing and Supply Company and its affiliated companies. In my prior 3 'A years 'with the Valero organization, I worked in the Hydrocarbon Accounting Department.

2. I have reviewed portions of the transcript of the May 11, 2004 status conference. I understand that the purpose of the preliminary discovery is to allow Plaintiffs to identify additional companies (not already named as defendants) who supplied neat MTBE or gasoline containing MTBE in areas at issue in these cases. Without commenting on which companies would be proper defendants and in accordance with the Court's instructions at the May 11, 2004 status conference, I make this affidavit to describe the investigation made by Valero Marketing and Supply Company and its affiliated entities in answering the preliminary discovery.

3. Valero Energy Corporation is a holding company that does not refine crude oil, own refineries, operate gas stations, or make or distribute gasoline. However, Valero Energy Corporation owns, either directly or indirectly, several companies that are also defendants in these cases, including Valero Marketing and Supply Company; Valero Refining and Marketing Company; Valero Refining Company-Louisiana; Valero Refining Company-New Jersey; Diamond Shamrock Refining and Marketing Company; Ultramar Energy, Inc.; Ultramar Limited; and Ultramar, Inc. Valero Marketing and Supply Company performs the primary gasoline sale and distribution functions for these affiliated

companies, and therefore possesses more of the information requested by Plaintiffs in their preliminary discovery than other Valero entities. Thus, Valero Marketing and Supply Company answers Plaintiffs' interrogatories on behalf of itself and the affiliated companies described above which are collectively referred to in the answers as the Valero Defendants.

4. The information provided in the Valero Defendants' interrogatory answers is based on a good-faith, yet preliminary, effort to gather the information requested. The search for responsive information and the process of gathering that information is described below. However, the interrogatory answers are not a complete compilation of the facts they address. I anticipate that the answers will *have* to *be supplemented as the* Valero Defendants' investigations into these matters continue. Furthermore, the answers are not intended to reflect the information that might be available from a complete review of documents relevant to the topics at issue, as no such document review has been undertaken at this time. Rather, as described below, the interrogatory answers are based on a brief investigation of readily available data, documents, and witnesses. Specifically, we have not undertaken a review of archived files or data, nor have we made an effort to interview all employees or former employees who may have relevant information. However, the Valero Defendants have made the following *efforts* to gather the requested information.

5. In response to Plaintiffs' preliminary discovery, the Valero Defendants *conducted* meetings with counsel, members of my staff, and with other Valero Defendant employees. These meetings were to determine, to the best of these individuals' knowledge and memory, those entities that have supplied Valero with neat MTBE and/or gasoline containing MTBE. Additionally, various Valero Defendant employees in the *company's* San Antonio, Texas corporate office, were involved in accessing electronic databases, analyzing readily available hard copy records, and contacting Valero Defendant employees for the purpose of identifying such suppliers. I did not personally review every electronic or hard copy record obtained through this internal search, *and* was not personally involved in searching for all of these records. The internal search for records and information included the following:

- In preparing the answers to Plaintiffs' Preliminary Interrogatories a search was undertaken and continues involving (1) systems applications for the creation of reports showing supply and sale transactions of neat MTBE and MTBE-related products; and (2) inquiries of various personnel who arc involved in the supply, marketing, operations, and accounting functions within the Valero Defendant companies related to the same products.

- The systems utilized in the search include the Valero *SAP* system, the LIDS *SAP* system, the Valero AS/400 system, the UDS Lawson system, the Valero CMS system, the TPI Lanier system, the Basis AS/400 system and the UDS StaLsby system. We have developed supply reports (derived from invoice and inventory receipts data) that identify our exchange partners and include the state and county where transactions involving neat MTBE or gasoline containing MTBE occurred, the name and address of the supplier, the terminal or facility where Valero entities

took the product into inventory, the mode of transportation, the type of product, whether the transaction was an exchange, the volume involved, and the year of the transaction

- Generally speaking, the information gathered from those parties identified in Valero Marketing's answer to Interrogatory No. 71 in the *Suffolk County Water Authority* litigation was reviewed and utilized. In addition, I am aware that other personnel, including Troy Haby, Jennifer Robertson and Laura Pett (of the Accounting Department), as well as Paulette Allen (of the Excise Tax Department) were interviewed. Inquiries regarding Interrogatory No. 3 were made of Greg Kaneb, Roger Griffin, Danny Oliver, Lee Rahmberg and Suzzane McCarty (of the Wholesale Marketing, Refined Products Trading, and Market Analysis Departments).

6. Valero Defendants do not, in the ordinary course of business, create or maintain data or records that track the ultimate destination of MTBE or gasoline containing MTBE that they acquired from third parties and re-sold. Therefore, based on information currently available to the Valero Defendants, the answers provided to Plaintiffs' 'interrogatories should not be construed as admissions that any particular transaction was for ultimate delivery into the counties specified by Plaintiffs.

Rick Baker

Given under my hand and seal of office this 9 day of July, 2004.

MARIA VERA SIMMS
Notary Public
STATE OF TEXAS
My Comm. Exp. 01-28-2008

(seal)

Notary Public in and for
The State of Texas

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE:<br><br>METHYL-TERTIARY BUTYL ETHER ("MTBE") PRODUCTS LIABILITY LITIGATION | Master File C.A. No. 1:00-1898 (SAS)<br><br>MDL 1358 |

This document refers to: all cases.

VERIFICATION OF THE VALERO DEFENDANTS
IN RESPONSE TO PLAINTIFFS' PRELIMINARY DISCOVERY

STATE OF TEXAS

COUNTY OF BEXAR §

I, Rick Baker, state in support of this verification that I was asked by counsel to assist in providing the information to respond to Plaintiffs' Preliminary Set of Interrogatories directed to the Valero Defendants in this action; that some but not all the matters stated in the Valero Defendants' Answers and Objections to Plaintiffs' Preliminary Set of Interrogatories (Re: Defendant Identification) are within my personal knowledge; that to the best of my knowledge there is no single officer or employee of the Valero Defendants who has personal knowledge of all such matters; that the facts stated in the answers have been assembled by authorized employees of and counsel for the Valero Defendants; and that I am informed and believe that these answers are true and correct

based on reasonably available information gathered pursuant to the Court's instructions regarding the level of research required and on what I have been told by others. Further information concerning how the data provided in these answers was collected is contained in my Affidavit, which is incorporated herein by reference.

RICK BAKER DATE

Sworn to and subscribed before me this a3 day of ______, 2004.

MARIA VERA SIMMS
Notary Public
STATE OF TEXAS
My Comm. Exp. 01.73.23QS

Maria Vera Simms
NOTARY PUBLIC

My commission expires: ______