# EXHIBIT 2

- Excerpts from the January 11, 2013 Hearing before the Court

```
                                                                          1
        D1BPMTBC
 1      UNITED STATES DISTRICT COURT
 1      SOUTHERN DISTRICT OF NEW YORK
 2      ------------------------------x
 2
 3      IN RE:  METHYL TERTIARY BUTYL            00 MDL 1358
 3      ETHER ("MTBE") PRODUCTS                  Master File C.A.
 4      LIABILITY LITIGATION                     No. 1:00-1898(SAS)
 4                                                     04CV4973 (SAS)
 5      ------------------------------x
 5
 6                                               January 11, 2013
 6                                               12:43 p.m.
 7
 7      Before:
 8
 8                      HON. SHIRA A. SCHEINDLIN,
 9
 9                                               District Judge
10
10                             APPEARANCES
11
11      MILLER, AXLINE & SAWYER
12           Plaintiffs City of Fresno
12      BY:  TRACEY O'REILLY
13
13      McDERMOTT, WILL & EMERY
14           Attorneys for Defendants Exxon Mobil Corp.
14           and defendants' liaison counsel
15      BY:  JAMES PARDO
15           STEPHEN J. RICCARDULLI
16
16      SEDGWICK, LLP
17           Attorneys for Defendants Shell Oil Co.;
17           Texaco Refining and Marketing, Inc.;
18           Chevron U.S.A. Inc.; Motiva Enterprises;
18           Equilon Enterprises, LLC
19      BY:  PETER C. CONDRON
19
20      BRACEWELL & GIULIANI
20           Attorneys for Defendants Ultramar, Inc.;
21           Valero Marketing and Supply Company [DOE 1]
21      BY:  COY M. CONNELLY
22
22      SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP
23           Attorneys Defendant for Exxon Mobil Corp.
23      BY:  JEFFREY J. PARKER
24
25
                      SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
```

```
                                                                  26
     D1BPMTBC
1              MR. CORRELL:  I know we are, your Honor, but
2    sometimes -- we typically file those together, like we're doing
3    here.  So that may have been -- I'm just trying -- I don't
4    recall why we didn't get the trespass claim out.
5              THE COURT:  Well, get it out.  It's not in my court,
6    and it would be interesting to see if that other judge follows
7    all this other California law and says it's out.
8              MR. CORRELL:  We'll have to do it in pretrial
9    conference, your Honor.
10             THE COURT:  You don't have a lot of time left.  You go
11   to trial in a month.
12             MR. CORRELL:  The pretrial conference is in a week and
13   a half, your Honor.
14             THE COURT:  Okay.  I will say again, I think this
15   trespass claim is weak, and the plaintiffs should move on.
16   That said, I can't bar you from making a motion.  If you want
17   to make motions until the cows come home, make motions.  All I
18   can do is give you my views upfront so you know what you're
19   facing.
20             Let's go ahead and talk briefly about nuisance.  Give
21   me a minute.  This has got specific cites, I think.  Hold on.
22   I've got to review the notes again.
23             Here, the City agrees that the defendants have to have
24   done something more than place a product into the stream of
25   commerce, right, to prevail on a nuisance claim.  Right?
                       SOUTHERN DISTRICT REPORTERS, P.C.
                                (212) 805-0300
```

```
                                                                    30
       D1BPMTBC
 1     a promotion of --
 2               THE COURT:  That may be, but the defense is saying in
 3     this case, for specific defendants at specific locations, you
 4     don't have that evidence.  That's why I'm saying, before this
 5     one gets briefed, I would hope you would show some flexibility
 6     of looking at case by case and defendant by defendant and
 7     realizing where you do have it and where you don't.
 8               And maybe if you have that kind of conversation, the
 9     defense would also come to the same realization and say, we won
10     the ones we should have and we realize there are fact issues on
11     the others.  We'll try those.  How many -- I don't know the
12     insides and outsides of the Fresno case.  How many sites are
13     you talking about?
14               MS. O'REILLY:  The list is attached to their --
15               THE COURT:  Well, don't tell me that.  Tell me how
16     many you have.
17               MR. CORRELL:  20, your Honor.
18               MR. PARKER:  20.
19               THE COURT:  How many?
20               MR. PARKER:  20.
21               THE COURT:  And how many moving defendants are there
22     on this one?
23               MR. PARKER:  Because some have been dropped, like the
24     Chevron entities, I believe there will be six moving.  Probably
25     about six.  I mean, it will be a combined motion, your Honor.
                       SOUTHERN DISTRICT REPORTERS, P.C.
                                (212) 805-0300
```

```
                                                                     32
       D1BPMTBC
 1              MR. PARKER:  -- and identified the exact moving
 2     defendants for that particular station.
 3              THE COURT:  That's good.  But now I'm saying I'd like
 4     to test it the way she's arguing here, which is to say if these
 5     defendants even gave instruction manuals that had a phone
 6     number to call if there's a spill, that's enough to sustain a
 7     nuisance is claim.  And we should test that once, but only
 8     once.  If she loses it, it applies to all of those where that's
 9     the only evidence.
10              Another example is the defendant required the presence
11     of certain equipment.  Okay.  If that's enough, then if she
12     wins it once then, she wins it every time.  If she loses it,
13     she loses it every time.  That's what I'm trying to ask you to
14     do when you sit down to structure your motion.
15              MR. PARKER:  That's what I was going to propose, your
16     Honor, is if the plaintiff can tell us for the identified
17     defendants on this table what their evidence is, then we can do
18     what your Honor suggested, and that's target the particular.
19     If this is all there is, is that enough.
20              THE COURT:  That's right.  We can structure the motion
21     so that it's useful to me.  I'm not going to take 20 motions on
22     20 sites.  I'd rather you broke it down the way you did here
23     and say, we think we have enough for a nuisance claim merely
24     because there was manuals from the company that delivered it,
25     or because they told them what equipment they had to have on
                      SOUTHERN DISTRICT REPORTERS, P.C.
                                (212) 805-0300
```

```
                                                                        33
     D1BPMTBC
 1   premises, or -- and ratchet it up from the least to the most,
 2   and that's how I'll rule, and it applies across the board.
 3            Then we won't have to do it for 20 specific sites
 4   because you said this is very fact intensive, but really, in
 5   the end, it breaks down to categories.  Were there only
 6   instructions?  There's only equipment or whatever else, those
 7   are examples.  Whatever else you have.  All right.  Will you do
 8   it that way?  Which requires you to meet with them first before
 9   they file the motion.
10            MS. O'REILLY:  Certainly, your Honor, we can do that,
11   and we can meet and confer with them to see if we can
12   categorize some of these stations in order to structure it in a
13   way that would make it easier for you.
14            THE COURT:  Well, the way I just told you --
15            MS. O'REILLY:  Yes.
16            THE COURT:  -- take that as an order because I don't
17   want it any other way.  You have to say in some of these
18   locations our theory rests solely on the manual accompanying
19   the delivery, in some of these it rests on telling them what
20   equipment to put in, and some of them, I don't know what,
21   there's on-site inspections regularly by the delivering
22   defendant; so whatever it might be.  Okay.
23            MR. PARKER:  That sounds good.
24            THE COURT:  That meet and confer and information
25   sharing has to happen before the motion.
                      SOUTHERN DISTRICT REPORTERS, P.C.
                                (212) 805-0300
```

```
                                                                    38
        D1BPMTBC
 1                MR. PARKER:  Thank you.
 2                THE COURT:  Then I'll go with that.  So today is
 3      January 11th.  By February 8th you must supply this
 4      information, Miss O'Reilly, but I tell you, do not ask for an
 5      extension of that date.  I won't do it.  I won't do it.  It's
 6      not right.  This is an old case.  Everything is old.  Comes a
 7      time everything has to move.  So after you get that, then you
 8      can have your meet and confer within two weeks after that?
 9                MR. PARKER:  Yes, your Honor.
10                THE COURT:  All right.  That takes you up to
11      February 22nd.  And after that meet and confer, you're ready to
12      move because you know what's in and what's out.  Hopefully, the
13      plaintiff will understand, maybe, that some defendants at some
14      sites are not in and maybe the defendant will, upon reviewing
15      the evidence, will know it's not a motion for summary judgment,
16      it's a trial issue.  Heck, you haven't even moved to take
17      nuisance and trespass out of the Crescenta Valley case; so I
18      guess you don't care that much.  So work it out to the extent
19      you can.
20                MR. PARKER:  Thank you, your Honor.
21                THE COURT:  All right.
22                MS. O'REILLY:  Thank you, your Honor.
23                THE COURT:  Now, I want to flip to the Duke.  Who's
24      here for Duke?
25                MR. WEDEKING:  Jim Wedeking for Duke.
                       SOUTHERN DISTRICT REPORTERS, P.C.
                                (212) 805-0300
```