# **EXHIBIT 15**

- Deposition of Marcel Moreau, pgs. 644, 650-651 (April 10, 2012)

Page 432

```
         UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF NEW YORK

IN RE:  METHYL TERTIARY BUTYL
ETHER ("MTBE")                     MDL No. 1358
Products Liability Litigation   (SAS)

This Document Relates to:
        CITY OF FRESNO V. CHEVRON, U.S.A.,
        INC., et al.,
        Case No. 04 Civ 4973 (SAS)
_____/


                    --  --  --
              TUESDAY, APRIL 10, 2012
                    --  --  --

        Videotaped Deposition of MARCEL G. MOREAU,
Expert Witness, Volume III, held at the Law Offices
of Sheppard Mullin Richter & Hampton, LLP Four
Embarcadero, 17th Floor, San Francisco, California,
beginning at 9:07 a.m., before Sandra Bunch
VanderPol, FAPR, RMR, CRR, CSR #3032

                    --  --  --
```

GOLKOW TECHNOLOGIES, INC.
877.370.3377 ph|917.591.5672 fax
Deps@golkow.com

Page 437

1    BE IT REMEMBERED that on Tuesday, the 10th day
2    of April, 2012, commencing at the hour of 9:07 a.m. in
3    the Law Offices of Sheppard Mullin Richert & Hampton,
4    Four Embarcadero, 17th Floor, San Francisco,
5    California, before me, Sandra Bunch VanderPol, a
6    Certified Shorthand Reporter in and for the State of
7    California, personally appeared
8             MARCEL G. MOREAU,
9    called as an expert witness herein, who, having been
10   duly sworn, was thereupon examined and interrogated as
11   hereinafter set forth.
12                   --o0o--
13        THE VIDEOGRAPHER:  Today's date is
14   April 10th, 2012, and the time is 9:07 a.m.  This
15   video deposition is being held in San Francisco,
16   California, in regards MTBE, City of Fresno versus
17   Chevron USA, Incorporated, et al., for the United
18   States District Court, Southern District of New York.
19   The deponent is Marcel Moreau, Volume III.
20        Counsel will you please identify yourselves.
21        MR. ANDERSON:  Jon Anderson, of Latham &
22   Watkins, for ConocoPhillips.
23        MS. WINTTERLE:  Rachel Wintterle, LeClair
24   Ryan, for Nella Oil Products.
25        MR. MROZ:  Good morning.  Scott Mroz,

 1  BY MR. CORRELL:
 2        Q.    But you don't cite to any deposition
 3  testimony in your Site Specific Reports, do you?
 4        A.    We do not -- we did not review the
 5  deposition testimony until after this report was
 6  written.
 7        Q.    So, therefore, you didn't rely on the
 8  deposition testimony in issuing your expert opinions
 9  in your reports?
10        MS. O'REILLY:  Vague and ambiguous.
11        THE WITNESS:  With regard to Fresno and this
12  particular case, I think it's fair to say that the
13  deposition testimony of owners and operators of these
14  facilities did not figure into the Site Specific
15  Report.
16  BY MR. CORRELL:
17        Q.    And you, sir, did not make -- in
18  looking at the site specific issues, did not reach
19  any opinions whether any specific owner or operator
20  would have changed his behavior based upon additional
21  warnings or instructions, correct?
22        MS. O'REILLY:  Vague and ambiguous.
23        THE WITNESS:  Sorry.  Can I hear that
24  question again.
25        (Record read as follows:  QUESTION:  And

Page 650

1          We did discuss that with Mr. Stack at some
2     length in last week's deposition, if you want to
3     review that testimony.
4     BY MR. CORRELL:
5          Q.    I did review that testimony.  But in
6     reviewing that testimony, I don't recall seeing any
7     opinions about specific operators or owners.
8          A.    Ah, sorry.  Sorry.  We did not get
9     into specific owners or operators.  I was thinking of
10    the issue of a simple warning was probably not
11    enough; that you would also need to provide carrots
12    and sticks to actually sort of change behavior.
13         Q.    And so I don't want to replow any of
14    that old ground.  But I -- so, now after reviewing
15    your rebuttal report, and everything else, is it fair
16    to say that you have no -- you are offering no
17    opinions in this case that any specific owner or
18    operator at any one of the 26 sites in issue would
19    have changed his or her behavior if the defendants
20    had provided additional warnings and instructions to
21    him or her?
22              MS. O'REILLY:  Asked and answered.
23    Misstates testimony.  Vague.  Ambiguous.  Overbroad.
24    Argumentative.
25              THE WITNESS:  As I'm sitting here right now,

1  <u>I don't have any opinions to offer as to whether any</u>

2  <u>owner/operators at any of the facilities at issue in</u>

3  <u>this case -- or that I have reviewed in this case,</u>

4  <u>would have changed their behavior had they received</u>

5  <u>an appropriate warning.</u>

6  BY MR. CORRELL:

7         Q.    I'd like now, sir -- just a few more

8  questions, and go to the Expert Site Specific Report.

9  But before we get to the appendices.  And I'm

10 specifically on page 4 at the bottom.

11        A.    Okay.

12        Q.    And you say, "A California study

13 found that 92 percent of release incidents were

14 discovered because of the presence of subsurface

15 contamination rather than the use of commonly

16 utilized leak detection methods."  And then you cite

17 to the "Analysis of California in UST and LUST

18 Programs and the Impacts of MTBE and Ethanol,"

19 correct?

20        A.    That footnote got split up.  The rest

21 of that footnote continues on page 5.

22        Q.    Yes.

23        A.    Okay.  I didn't realize that before.

24              (Exhibit No. 25 was marked.)

25 ///

```
 1                  CERTIFICATE OF REPORTER
 2           I, SANDRA BUNCH VANDER POL, a Certified
 3   Shorthand Reporter, hereby certify that the witness
 4   in the foregoing deposition was by me duly sworn to
 5   tell the truth, the whole truth and nothing but the
 6   truth in the within-entitled cause;
 7           That said deposition was taken down in
 8   shorthand by me, a disinterested person, at the time
 9   and place therein stated, and that the testimony of
10   the said witness was thereafter reduced to
11   typewriting, by computer, under my direction and
12   supervision;
13           That before completion of the deposition,
14   review of the transcript was requested.  If
15   requested, any changes made by the deponent (and
16   provided to the reporter) during the period allowed
17   are appended hereto.
18           I further certify that I am not of counsel or
19   attorney for either or any of the parties to the said
20   deposition, nor in any way interested in the event of
21   this cause, and that I am not related to any of the
22   parties thereto.
23   DATED:  APRIL 18, 2012
24                  _____
                    SANDRA BUNCH VANDER POL, CSR #3032
25
```