UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In Re: Methyl Tertiary Butyl Ether ("MTBE")
Products Liability Litigation

This document relates to:

City of Merced Redevelopment Agency v. Exxon Mobil Corporation, et al., Case No. 08 Civ. 06306 (SAS)

**ORDER**
Master File No. 1:00-1898
MDL 1358 (SAS)



SHIRA A. SCHEINDLIN, U.S.D.J.:

Through a letter dated May 1, 2013, the Defendants in the above-captioned case informed the Court that: (1) Plaintiff's memorandum in opposition to the Motion for Partial Summary Judgment re Nuisance & Trespass, Doc. No. 147, substantially exceeded the page limit I set at the February 25, 2013 Status Conference; and (2) Plaintiff's declarations and exhibits in support of this motion exceeded the page limits set by my Individual Rules.[1] I promptly directed my Clerk to transmit the following message (the "Resubmission Order") to the parties:

> Plaintiff's brief in opposition, and declarations, are rejected as oversized. Plaintiff shall have until close of business on Tuesday, May 7, 2013 to resubmit. Plaintiff's brief is not to exceed the page limit established by the Court at the February 25, 2013 Conference. Declarations are not to exceed the total page limit identified in the [] Individual Rules, although those pages may be spread out over any number of declarations. The time for Defendants' reply brief shall be extended to close of business on Wednesday, May 15, 2013.[2]

---

[1] See 5/1/13 Defendant Letter (filed concurrently with this Order).

[2] 1/2/13 Clerk E-mail to Counsel of Record.

Plaintiff resubmitted its opposition papers on May 7. On May 8, 2013, through an e-mail to my Chambers and opposing counsel, counsel for Defendants took issue with the fact that: (1) the declarations supporting Plaintiff's resubmitted opposition total 253 pages, exceeding the total page limit of my Individual Rules by twenty-eight pages; and (2) Plaintiff's opposition papers were resubmitted after the Court's close of business, *i.e.*, after 5:00 p.m. EST. On this basis, Defendants request that the Court reject Plaintiff's resubmitted opposition and deem the matter fully submitted.

Defendants' requested remedy is unduly harsh. The Resubmission Order did not specify whether "close of business" referred to the Court's time, or to California time. Moreover, even if the matter had been clear, it is doubtful that equity would counsel the drastic remedy of striking Plaintiff's opposition in its entirety.

However, because the declarations submitted by Plaintiff are plainly over the page limit set by my Individual Rules, and because Plaintiff was previously given a chance to cure and failed to do so, the excess pages of this declarations — found at Doc. Nos. 169-172 — shall be stricken. Defendants shall have until May 9, 2013 at 12:00 a.m., EST, to select the pages of these declarations they would like to strike and communicate this selection to my Chambers. If Defendants fail to timely make this communication, twenty-eight pages of the

2

above-mentioned declarations shall be selected at random, stricken, and not considered by the Court.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:    New York, New York
          May 8, 2013