**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In Re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation

**Master File No. 1:00 - 1898**
**MDL 1358 (SAS)**
**M21-88**

Civil Action

**This Document Relates To:**

***Commonwealth of Puerto Rico, et al. v. Shell Oil Co., et al.*, No. 07 Civ. 10470**

**PLAINTIFFS' OBJECTIONS TO THE DECLARATION OF CHRISTOPHE JACQUET, IN SUPPORT OF PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS BY DEFENDANT TOTAL OUTRE-MER, S.A.**

Plaintiffs Commonwealth of Puerto Rico and Commonwealth of Puerto Rico through the Environmental Quality Board make the following objections to the Declaration of Christophe Jacquet filed in support of the motion to dismiss by Total Outre-Mer, S.A.

1. Plaintiffs object, generally, to each and every statement in the Declaration which lacks the required foundation of personal knowledge under Federal Rule of Evidence 602, which states: "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony. This rule does not apply to a witness's expert testimony under Rule 703." Mr. Jacquet's Declaration states, in paragraphs 1 and 2, that he is currently the Executive Vice President for South America of Total Americas, S.A., and that he served as General Manager of Total Petroleum Puerto Rico Corp. from August 11, 2010, to July 31, 2013. Neither of these employment assignments offer any indication that Mr. Jacquet has personal knowledge regarding Total Outre-Mer, S.A., the entity which is the subject of most of his testimony.

2. Plaintiffs object to Declaration paragraphs 5 through 8, lack of foundation of personal knowledge, FRE 602.

3. Plaintiffs object to Declaration paragraph 11, lack of foundation of personal knowledge, FRE 602. Mr. Jacquet's employment with Total Petroleum Puerto Rico Corp. was from 2010 to 2013 according to his own Declaration, so there is no foundation of personal knowledge of events in October 2004.

4. Plaintiffs object to Declaration paragraph 12, lack of foundation of personal knowledge, FRE 602. Mr. Jacquet's employment with Total Petroleum Puerto Rico Corp. was

from 2010 to 2013 according to his own Declaration, so there is no foundation of personal knowledge of events in October 2004.

5. Plaintiffs object to Declaration paragraph 13 on the basis that the statements are vague, ambiguous and uncertain as to time and state legal conclusions, not facts. Plaintiffs further object that any statement regarding Total Petroleum Puerto Rico Corp. must be limited to the period 2010 to 2013 on the basis that the Declaration shows that the witness has personal knowledge only of events during that time period. FRE 602, lack of foundation of personal knowledge for any other time period.

6. Plaintiffs object to Declaration paragraphs 14 and 15, lack of foundation of personal knowledge, FRE 602.

7. Plaintiffs object to the first sentence of Declaration paragraph 16, lacks foundation of personal knowledge, FRE 602. Plaintiffs object to the second sentence of Declaration paragraph 16 for any period of time other than August 11, 2010, to July 31, 2013, the period of time when the witness has personal knowledge about Total Petroleum Puerto Rico Corp.'s ownership of the retail gasoline stations, FRE 602.

8. Plaintiffs object to Declaration paragraphs 17 through 26, lack of foundation of personal knowledge, FRE 602.

9. Plaintiffs object to, and move to strike, the phrase "that entity" as vague, ambiguous and uncertain.

10. Plaintiffs object to Declaration paragraph 28. The referenced letter of April 15, 2013, attached to the Declaration as Exhibit 4, contains approximately 20 sentences containing statements of fact. The witness has provided no evidence that he has the required foundation of

personal knowledge (FRE 602) to assert that the "facts stated therein are incorrect." Plaintiffs further object and move to strike the phrase "facts stated therein are incorrect" as vague, ambiguous, uncertain, because it is not clear whether the witness is asserting that all facts stated in the letter are incorrect, or only some of the facts, and does not identify which facts are correct and which the witness claims are incorrect.

11. Plaintiffs object to Declaration paragraph 29 for lack of personal knowledge, FRE 602. Nothing in the Declaration indicates that the witness has personal knowledge regarding events in 2004.

12. Plaintiffs object to Declaration paragraph 30 for lack of foundation of personal knowledge, FRE 602, except for the time period August 11, 2010, to July 31, 2013, when the witness's Declaration indicates he may have personal knowledge.

13. Plaintiffs object to Declaration paragraph 31, lacks foundation of personal knowledge, FRE 602. The purchase agreement the witness refers to is dated in 2004, and nothing in the witness's declaration indicates that he has personal knowledge of events in 2004.

14. Plaintiffs object to Declaration paragraph 32 for lack of foundation of personal knowledge, FRE 602.

Dated this 10th day of May, 2013.

Respectfully submitted,

Daniel Boone
Miller, Axline & Sawyer
1050 Fulton Avenue, Suite 100
Sacramento, California 95825