UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation | MDL No. 1358 (SAS) |
| This Document Relates To:<br>*City of Merced Redevelopment Agency v. Exxon Mobil Corp., et al., 08 Civ. 06306 (SAS)* | |

# REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT RE NUISANCE AND TRESPASS

**TABLE OF CONTENTS**

<u>Page</u>

I. INTRODUCTION ...................................................................................................................1

II. SUMMARY JUDGMENT ON NUISANCE AND TRESPASS IS PROPER....................2

    A. Supplying A Product And Failing To Warn Does Not Give Rise To Nuisance Or Trespass. ...................................................................................2

    B. *Affirmative* Conduct Contributing *Directly* To The Creation Of A Nuisance Is Required. .......................................................................................3

    C. The RDA Fails To Provide The Court With The Evidence Necessary To Support A Claim For Nuisance And Trespass. ..................................................6

        1. Exxon ...................................................................................................6

        2. Shell .....................................................................................................8

        3. Chevron ...............................................................................................9

        4. Tesoro .................................................................................................9

III. CONCLUSION......................................................................................................................10

## TABLE OF AUTHORITIES

Page(s)

Cases

*City of Modesto Redev. Agency v. Superior Court*
    119 Cal. App. 4th 28 (2004) ..........................................................................1, 2, 3, 4, 5, 9, 10

*City of San Diego v. U.S. Gypsum Co.*
    30 Cal. App. 4th 575 (1994) .........................................................................................2, 3, 5

*County of Santa Clara v. Atlantic Richfield Co.*
    137 Cal. App. 4th 292 (2006) ....................................................................................2, 3, 4, 5

*In re: Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*
    175 F. Supp. 2d 593 (S.D.N.Y. 2001)..................................................................................4

*In re: Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*
    457 F. Supp. 2d 455 (S.D.N.Y. 2006)........................................................................1, 4, 8, 9

*Selma Pressure Treating Co. v. Osmose Wood Preserving Co.*
    221 Cal. App. 3d 1601 (1990), *overruled on other grounds by Johnson v. Am. Standard, Inc.,* 43 Cal. 4th 56 (2008) ..................................................................................3, 5

I.   **INTRODUCTION**

With the bulk of its opposition devoted to arguing a failure to warn products liability claim against Defendants, the RDA asks this Court to overrule existing California nuisance and trespass law.  To allow the RDA to pursue claims for nuisance and trespass based on the evidence submitted would be contrary to California law, which rejects the pursuit of products liability actions "in the guise of a nuisance action."  *See City of Modesto Redev. Agency v. Superior Court*, 119 Cal. App. 4th 28, 39, 42 (2004) ("the law of nuisance is not intended to serve as a surrogate for ordinary products liability").  Ignoring this controlling authority, the RDA's Opposition centers almost entirely on its contention that Defendants supplied MTBE gas but failed to adequately warn about its dangers.  (*See* Opposition ["Opp."], p. 4-7.)  The RDA twists the facts to shoehorn them into the "active conduct" the law requires, characterizing the alleged failure to provide sufficient handling instructions as "providing improper storage and handling instructions."  Its claim sounds in failure to warn and no amount of spin can transform it into the kind of active conduct that California courts have found necessary—e.g., PCE manufacturers telling dry cleaners to pour their PCE into the sewer or onto the ground.  *Modesto,* 119 Cal. App. 4th at 41.

This Court has already considered the application of nuisance to suppliers of gasoline and held that to pursue a claim for nuisance, a plaintiff must present evidence of "affirmative acts [other than supply of gasoline] that contribute directly to the nuisance."  *In re: Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 457 F. Supp. 2d 455, 463 (S.D.N.Y. 2006) (internal punctuation omitted).  Although Plaintiff tries to muddy the waters and create the appearance of disputed facts, the RDA fails to provide *evidence* that any Defendant engaged in the type of affirmative conduct necessary to sustain a claim for nuisance or trespass.  It is undisputed that moving Defendants did *not* (1) own or operate the subject sites, (2) manufacture any equipment

designed to cause unlawful discharges of gasoline, or (3) affirmatively instruct the operators at the subject sites to improperly dispose of the gasoline.  The RDA's vague statements that Defendants "exercised control" over the subject stations are false and unsubstantiated by the evidence.  Accordingly, Defendants respectfully request that the motion for summary judgment on the RDA's nuisance and trespass claims be granted.

## II. SUMMARY JUDGMENT ON NUISANCE AND TRESPASS IS PROPER.

### A. Supplying A Product And Failing To Warn Does Not Give Rise To Nuisance Or Trespass.

The RDA admits that the analysis regarding nuisance applies equally to trespass (Opp., p. 10, n.4), but then misstates the scope of nuisance under California law (Opp., p. 2-4.). California courts have refused to expand nuisance manufacturers and/or suppliers of products who fail to adequately warn downstream users.  Here, the controlling case law—*San Diego, Modesto,* and *Santa Clara*—unequivocally holds that putting an allegedly defective product into the stream of commerce does *not* give rise to a claim of nuisance.  *See City of San Diego v. U.S. Gypsum Co.*, 30 Cal. App. 4th 575, 584-87 (1994) (no nuisance claim against manufacturers and distributors of asbestos products where the city "essentially pleaded a products liability action, not a nuisance action"); *Modesto,* 119 Cal. App. 4th at 42 (rejecting nuisance claim against manufacturers and sellers of solvents for failing to alert dry cleaners to proper methods of disposal of it); *County of Santa Clara v. Atlantic Richfield Co.*, 137 Cal. App. 4th 292, 313 (2006) (dismissing nuisance claim that sought damages for injuries caused by defendants' manufacture and distribution of lead paint).  As the *Santa Clara* court held in rejecting a nuisance claim for damages caused by lead paint, "plaintiffs' public nuisance cause of action is much more like a products liability cause of action because it is, at its core, an action for

damages for injuries caused to plaintiffs' property by a product." *Id.*  Similarly, in *Modesto,* the court explained, "[a]ny failure to warn was not an activity directly connected with the disposal of solvents . . . ; it does not fall within the context of nuisance, but is better analyzed through the law of negligence or products liability, which have well-developed precedents to determine liability for failure to warn." *Modesto*, 119 Cal. App. 4th at 42 (citation omitted).

All of the arguments advanced by the RDA applied—and were rejected—in *Modesto* with respect to the manufacturer/seller defendants: (1) the manufacturers/sellers knew more than the end users (i.e., dry cleaners); (2) the manufacturers/sellers sold PCE without disclosing what they—in their "superior knowledge"—knew; and (3) those manufacturers/sellers did not affirmatively instruct the cleaners on proper handling and disposal methods. *Id*.  Those manufacturers/sellers were not liable in nuisance and the plaintiff was relegated to pursuing its failure to warn claim.  *Id*.

**B.**     ***Affirmative* Conduct Contributing *Directly* To The Creation Of A Nuisance Is Required.**

To state a nuisance claim against a manufacturer or supplier in California, a plaintiff must provide evidence of *affirmative conduct* that contributes *directly* to the creation of a nuisance, such as manufacture of equipment designed to discharge waste or specific instruction to improperly dispose of chemicals. *San Diego,* 30 Cal. App. 4th at 584-85; *Selma Pressure Treating Co. v. Osmose Wood Preserving Co.*, 221 Cal. App. 3d 1601, 1620 (1990) (permitting nuisance claim against defendant who instructed users to dispose of waste products in unlined dirt pond), *overruled on other grounds by Johnson v. Am. Standard, Inc.,* 43 Cal. 4th 56, 70 (2008); *Modesto,* 119 Cal. App. 4th at 41-42 ("City claims that, with knowledge of the hazards involved, some of the defendants instructed the dry cleaners to set up their equipment to

discharge solvent-containing wastewater into the drains and sewers, and that others gave dry cleaners instructions to dispose of spilled PERC on or in the ground. We conclude that these kinds of affirmative acts or instructions could support a finding that those defendants assisted in creating a nuisance" and "defendants who manufactured equipment designed to discharge waste in a manner that will create a nuisance, or who specifically instructed a user to dispose of wastes in such a manner, could be found to have caused or permitted a discharge"); *see also In re MTBE*, 457 F. Supp. 2d at 463. The RDA admits that this is the standard. (Opp., p. 1.)

   Through the use of selective excerpts from case law and erroneous citations, the RDA incorrectly argues that a manufacturer's "promotion of a product" coupled with a failure to warn about its dangers is sufficient to support a claim for nuisance. (Opp., p. 1-4.) Although the RDA's citations are incomplete and incoherent, it appears to be merging excerpts from this Court's opinions issued in 2001 and 2006 to distort what this Court actually held on the subject of nuisance. (Opp., p. 3-4.) Plaintiff cites this Court's 2001 opinion ruling on a motion to dismiss (not summary judgment) for the proposition that promotion and marketing of a product coupled with conspiring to conceal the threat of MTBE could suffice for nuisance. (*Id.*, p. 3.) That 2001 opinion was based, in part, on law from outside California. *In re: MTBE Prods. Liab. Litig.*, 175 F. Supp. 2d 593, 627-29 (S.D.N.Y. 2001). More importantly, the 2001 opinion predates the *Modesto* and *Santa Clara* decisions, which clarified the law of nuisance in California and which this Court had the benefit of reviewing when it issued its 2006 decision confirming that nuisance requires *affirmative* conduct that contributes *directly* to the nuisance, not just promotion or sale of a product without an adequate warning. *In re MTBE*, 457 F. Supp. 2d at 463-65.

Similarly, Plaintiff's misleading reference to *Selma* attempts to create the impression that a supplier's failure to warn about a product is sufficient to support a claim for nuisance. (Opp., 2-3, 5.) *San Diego, Modesto,* and *Santa Clara* unequivocally reject such a result, holding that failure to warn is *not* sufficient to support a claim for nuisance. *San Diego,* 30 Cal. App. 4th at 585, 587; *Modesto,* 119 Cal. App. 4th at 42; *Santa Clara,* 137 Cal. App. 4th at 309, 313. In fact, *Modesto* explicitly *rejects* the interpretation of *Selma* that RDA offers here, clarifying that *Selma* does not hold a supplier's mere failure to warn gives rise to a claim for nuisance. 119 Cal. App. 4th at 42 n.9. In short, the RDA cites no authority supporting its claim that product manufacturers may be held liable for nuisance under California law based on their sale of a product without sufficient warnings.

Defendants deny that they "promoted" the use of MTBE in the manner RDA alleges or that the evidence supports the RDA's allegations, but even as characterized by the RDA, the alleged "promotion" is not sufficient. The RDA's contentions are simply a dressed-up failure to warn claim. After all, the "superior knowledge" of the seller is the very essence of a failure to warn claim, and it does not transform it into a nuisance claim. California law clearly holds that failure to warn is insufficient to support a nuisance claim, especially where, as here, the plaintiff seeks damages. *See Santa Clara,* 137 Cal. App. 4th at 309. Accordingly, the RDA's lengthy recitation of the history of MTBE use and supposed knowledge regarding the potential impacts of MTBE is irrelevant for purposes of evaluating nuisance and trespass and should be disregarded. (*See* Reply 56.1 Stmt., ¶¶ 24-67.[1]) The only relevant evidence for this Motion is evidence relating to what—if any—affirmative conduct each defendant undertook at the subject sites, and the RDA failed to provide any such evidence.

---

[1] The RDA's characterization of the evidence is not accurate, but it is a moot point because all evidence cited in ¶¶ 49-50 & 66 of RDA's Rule 56.1 statement was stricken.

C.  **The RDA Fails To Provide The Court With The Evidence Necessary To Support A Claim For Nuisance And Trespass.**

Plaintiff's Opposition fails to dispute the material facts relevant to its nuisance and trespass claims. Although the title of Section III(B) of the Opposition implies that Defendants provided "handling and storage instructions" to the station operators, the RDA fails to cite any evidence substantiating its implication and, indeed, fails to state what "improper" instructions supposedly were given. (Opp., p. 6-10.) Additionally, the Opposition ignores an essential element of proof for nuisance and trespass—causation. Even if unsubstantiated averments that Defendants provided "improper storage and handling instructions" to station operators were legally sufficient to *plead* nuisance and trespass claims under California law (which it is not), there is no evidence that any operator's alleged receipt and reliance on those instructions was the *cause* of any release. (*See generally*, Opp.)

1.  **Exxon**

The RDA's description of the history of 1415 R Street and Exxon's relationship to the station is radically distorted. (Opp., p. 7-8.) First, the RDA's discussion regarding Mobil's relationship to 1415 R Street is a red herring. (Opp., p. 7.) Mobil is not a party to this lawsuit and the RDA has never alleged any actionable event occurring while the station was branded Mobil. (*See generally*, First Amended Complaint.) Plaintiff's statement that the station "was operating as a Mobil station at the time that MTBE was introduced into gasoline [in] California" is a known misrepresentation by RDA's counsel and is belied by the evidence they submit. (RDA's Rule 56.1 Stmt., ¶ 1 (station ceased being Mobil branded in 1984), ¶ 25 (first use of MTBE by anyone in California was 1986).) Additionally, their characterization of the supposed relationship between Mobil and Exxon is again knowingly false and clearly intended to misrepresent the involvement of the defendant, Exxon. Mobil did not "merge" with Exxon—

Mobil Oil Corporation was the corporation involved with the station before 1984, and it was and still is a separate legal entity from Exxon Corporation (the corporation whose gasoline was sold to 1415 R Street after 1984).  The corporate transaction in which Exxon's subsidiary merged with Mobil Oil Corporation's parent, Mobil Corporation, did not occur until November 1999, which was *after* Mr. Randhawa converted his station to the Texaco brand.

Second, the RDA fails to submit any evidence that Exxon exercised any control over 1415 R Street or that Exxon gave the operators improper handling instructions.  (*See generally*, Opp.)  The only evidence regarding Exxon's relationship to the station is that: (1) there was no contractual relationship between Exxon and the owner/operators (Reply 56.1 Stmt., ¶¶ 4, 9); and (2) the station owner/operators had an agreement with Curtesy Oil under which they purchased Exxon-branded gasoline from Curtesy and were permitted to hang "Exxon" signage on the station (*id.*, ¶¶ 2, 3, 6).  The RDA exaggerates the connection by alleging that the Shackelfords and Mr. Randhawa "sought out Curtesy so that they could have a relationship with Exxon," but that allegation is false and not supported by evidence.  However, even if true, such a relationship does not constitute the type of affirmative conduct necessary to establish nuisance.  Exxon had no control over the station and no relationship with the station owners.

The undisputed facts also demonstrate that the RDA cannot assert a claim for nuisance against Exxon for 1455 R Street.  The RDA lacks any evidence that Exxon-refined gasoline was ever delivered to the station (Reply 56.1 Stmt., ¶¶ 14, 15[2]) and the RDA fails to cite to any evidence that Exxon had any relationship with the station.  (*See generally*, Opp.)

---

[2]  Plaintiff mischaracterized the evidence in its Rule 56.1 Statement, but it is a moot point because the evidence on which it relied for these paragraphs was stricken.

### 2. Shell

The RDA claims that Shell can be held liable under a nuisance theory at 1415 R Street because it "financed the USTs at the station, controlled the brand under which products were promoted at the station, and exclusively supplied MTBE gasoline to the stations [sic] from 1999 until MTBE gasoline was banned in California in 2003." (Opp., p. 8-9.) Even if correct, none of these claims is sufficient to impose nuisance liability under California law. First of all, Mr. Randhawa testified that he "went with …Texaco" because Texaco (or its distributor, Dickey) offered him an upfront $79,000 incentive payment, which he used to finance construction. (Shannon Dec., Ex. 1 (Randhawa Dep.), p. 16; Second Roy Dec., Ex. 15, p. 98.) Texaco did not install the tanks, did not hire or even suggest a contractor to install the tanks, did not tell him which tanks to install, and did not participate in the installation. (Shannon Dec., Ex. 1 (Randhawa Dep.), p. 16; Second Roy Dec., Ex. 15, p. 17.) Second, even though Texaco had no role in selecting or installing them, the new tanks installed at 1415 R Street prior to the station's switch to Texaco gasoline were state-of-the-art, double-walled fiberglass tanks with leak detection devices. (Second Roy Dec., Ex. 15, p. 52-55.) And finally, no one has ever told Mr. Randhawa that there has been a release of gasoline from the new tank system at his station, nor does the RDA provide any evidence of one. (*Id*. at 63-64.)

Under this Court's ruling in the *Orange County* case, simply manufacturing, distributing or supplying gasoline to a station is insufficient to support imposition of nuisance liability. *In re MTBE,* 457 F. Supp. 2d at 463-64. Texaco was a mere supplier of gasoline. At most, the RDA has demonstrated that Texaco fronted money to Mr. Randhawa as a contract incentive, and that Mr. Randhawa used that money to upgrade to a state-of-the-art UST system. Such facts certainly do not amount to the kind of affirmative conduct resulting in the discharge – e.g., designing systems intended to result in unlawful discharges or instructing the user to dispose of waste

improperly – necessary for nuisance liability under *Modesto*, and other California decisions. And most importantly, the RDA presents no evidence that a release of MTBE gasoline occurred at 1415 R Street during the period it sold Texaco gasoline.

    3.    **Chevron**

The RDA also lacks any evidence to support its nuisance and trespass claims against Chevron at 1455 R Street. To the contrary, it does not dispute that (a) Chevron did not own or operate the station, (b) Chevron never had a franchise, supply, or any other contractual relationship with the station,(c) the station was branded Pacific Pride, not Chevron, (d) Chevron never manufactured or sold equipment to the station, or (e) only minute quantities of gasoline manufactured by Chevron were delivered to the station. (*See* Mot. at 8-9.) Nor does the RDA cite any evidence that suggests Chevron provided improper instructions regarding the handling of gasoline with MTBE to the station. Instead, the RDA relies on the alleged testimony of Brian Pazin, a station operator, that he did not receive special training concerning MTBE. But the Court struck Mr. Pazin's testimony, and therefore the RDA has no evidence of the type and extent of training the operators at this site received. More importantly, even if Mr. Pazin's testimony was in the record, it does not indicate that Chevron instructed Mr. Pazin to dispose of MTBE gasoline improperly, as required by California law. The only competent evidence the RDA cites is the minimal deliveries of MTBE gasoline to this station that may have been manufactured by Chevron. This type of evidence falls far short of satisfying the "affirmative conduct" requirement for nuisance and trespass in California. *In re MTBE*, 457 F. Supp. 2d at 463-64 (supplying gasoline to a station is insufficient to support nuisance claim).

    4.    **Tesoro**

Plaintiff fails to provide evidence that Tesoro was connected to the 1455 R Street station. While insufficient for nuisance and trespass claims, Plaintiff has no evidence that Tesoro

gasoline was delivered to the station. Moreover, despite acknowledging that "nuisance liability turns on the 'affirmative acts' of the product manufacturers" in creating the nuisance, Plaintiff fails to present any evidence of affirmative acts. (Opp. at 3 (citing *Modesto*).) Plaintiff's sole argument is that Tesoro did not argue that it supplied proper gasoline handling instructions to the station. (Opp. at 9.) Tesoro had no reason to make this argument; no instructions were provided because Tesoro had no dealings with the station. Plaintiff cannot show that Tesoro took any affirmative acts because Tesoro had no connection to the station.

### III.   CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court grant partial summary judgment on the claims for nuisance and trespass. There is no evidence that Defendants have engaged in the type of affirmative conduct necessary to sustain either claim from relief.

Dated: May 15, 2013            By _____

JEFFREY J. PARKER, Cal. Bar No. 155377
WHITNEY JONES ROY, Cal. Bar No. 211541
Sheppard, Mullin, Richter & Hampton LLP
333 South Hope Street, 48th Floor
Los Angeles, California 90071
Telephone: (213) 620-1780
Attys. for Defendant EXXON MOBIL CORPORATION
and signed with permission on behalf of defendants
Chevron U.S.A. Inc., Shell Oil Company, Equilon
Enterprises LLC, Tesoro Corporation, and Tesoro
Refining and Marketing Company

## PROOF OF SERVICE VIA FILE AND SERVE XPRESS

*City of Merced Redevelopment Agency v. Exxon Mobil Corp., et al.*

I, Laverna A. Henry, the undersigned, hereby declare:

1. I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and am not a party to the within action. I am employed by Sheppard, Mullin, Richter & Hampton LLP in the City of Los Angeles, State of California. My business address is 333 South Hope Street, 48th Floor, Los Angeles, California 90071.

2. On **May 15, 2013**, I served a copy of the attached document titled **REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT RE NUISANCE AND TRESPASS** on all parties hereto by:

a. _X_ Posting it directly to the File & Serve Xpress website, www.lexisnexis.com/fileandserve

b. _____ Sending it via facsimile transmission to LexisNexis File & Serve at approximately _____. Pacific Time

c. _____ Placing it in an addressed, sealed envelope clearly labeled to LexisNexis File & Serve and causing it to be deposited with an overnight mail or courier service for delivery the next business day.

I declare under penalty under the laws of the State of California that the foregoing is true and correct. Executed this **15th** day of **May, 2013**.

*Laverna A. Henry* (signature)
Laverna A. Henry