UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In Re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation

This relates to:

Commonwealth of Puerto Rico, *et al.*
v. Shell Oil Company, *et al.*, No. 07 Civ. 10470

Master File No. 1:00 – 1898
MDL 1358 (SAS)
M21-88

Civil Action

# PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS BY DEFENDANT PEERLESS OIL & CHEMICALS, INC.

## INTRODUCTION

Peerless Oil & Chemicals, Inc.'s ("Peerless'") motion to dismiss is without merit and should be denied. The motion: (1) asserts a statute of limitations affirmative defense but does not and cannot meet the most basic foundational requirement that the affirmative defense be apparent on the face of the Third Amended Complaint (TAC); (2) incorrectly invokes *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) (*Iqbal*) in an attempt to avoid this Court's ruling in *In re MTBE Prods. Liab. Litig.* 233 F.R.D. 135 (S.D.N.Y. (2005)); (3) incorrectly interprets *Fraguada Bonilla v. Hosp. Auxilio Mutuo,* 186 D.P.R. 365 (P.R. 2012); and (4) is based on disputed fact assertions that are improper in a Fed.R.Civ.P 12(b)(6) motion. Tellingly, Peerless admits it actively participated in supplying the gasoline market in Puerto Rico. (Memo at 14-15.)[1] Peerless' only challenge is on statute of limitations, for which it has no foundation.

## APPLICABLE LAW

When considering motions to dismiss, the Court must accept as true all material facts alleged in the complaint and draw all reasonable inferences in plaintiff's favor. *In re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation,* 175 F. Supp. 2d 593, 599, 605 (S.D.N.Y. 2001) (citing *ICOM Holding, Inc. v. MCI Worldcom, Inc.,* 238 F.3d 219, 221 (2d Cir. 2001)). The Court's role is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Sims v. Artuz,* 230 0F.3d 14, 20 (2d Cir. 2000)(quoting *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities Inc.,* 748 F.2d 774, 779 (2d Cir.

---

[1] All references to "memo" are to the Memorandum of Law filed by Peerless in support of its motion.

1

1984)(internal quotation marks omitted)). In ruling on the sufficiency of pleadings under Fed.R.Civ.P. 8, the Supreme Court has noted the "simple guide of Rule 8(f) that 'all pleadings shall be so construed as to do substantial justice,'" and "[t]he Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson,* 550 U.S. 544 (2007). Pursuant to Fed.R.Civ.P. 8(a)(2), plaintiffs need only provide a short plain statement of the claim showing that it is entitled to relief.

### I. PEERLESS' STATUTE OF LIMITATIONS ARGUMENT LACKS THE FOUNDATION REQUIRED FOR A FRCP 12(b)(6) MOTION.

Statute of limitations (SOL) is an affirmative defense that must be pled and proved by the defendant under Fed. R. Civ. P. 8(c)(1). *Grosz v. Museum of Modern Art*, 772 F.Supp.2d. 473, 477 (S.D.N.Y. 2010). The SOL affirmative defense may be raised in a FRCP 12(b)(6) motion to dismiss, but only if the facts establishing that defense appear on the face of the complaint. *Id.,* citing *McKenna v. Wright*, 386 F.3d 432, 436 (2d. Cir. 2004) [affirmative defense may be asserted on a Rule 12(b)(6) motion "as long as the defense is based on facts appearing on the face of the complaint."] Although Peerless cites *Rusyniak v. Gensini,* 629 F. Supp. 2d 203, 232-33 (N.D.N.Y. 2009), that case establishes that only "when the allegations of the complaint make clear that the claim is barred by the limitations period" does the plaintiff bear the burden of "establishing a basis to toll the applicable statute" *Id.* (citing to *Eickhorst v. E.F. Hutton Group, Inc.,* 763 F. Supp. 1196, 1202 (S.D.N.Y. 1990)).

The SOL argument by Peerless does not meet the foundational requirement for raising the SOL affirmative defense on a motion to dismiss. Peerless does not show or

2

even claim that the SOL affirmative defense appears on the face of the current operative complaint. Peerless cannot make any such showing or claim, because the defense does **not** appear on the face of the TAC. Peerless never identifies, from the face of the complaint, specific damages that occurred outside the statute of limitations, or for that matter any specific dates in the TAC alleging when the harm occurred.

Peerless's SOL argument also ignores this Court's prior rulings in *In re MTBE*, 475 F.Supp.2d 286, 292-293 (S.D.N.Y. 2006), and *In re MTBE*, 676 F.Supp.2d 139, 149 (S.D.N.Y. 2009), which held that "[f]or statute of limitations purposes contamination sites must be analyzed on a site-by-site basis." *Id.*, citing *In re MTBE*, 475 F.Supp.2d 286, 292-293. Nothing in Peerless's SOL argument even hints at any site by site analysis to show how the SOL would apply, if at all, to any of the trial sites.

Peerless has not met its FRCP 12(b) burden to show from the face of the complaint that the SOL bars plaintiffs' claims. The burden therefore has not shifted to plaintiffs to establish tolling, delayed discovery, or any other exception to the statute. This foundational shortcoming is fatal to the SOL argument offered by Peerless.

## II. PEERLESS ATTEMPTS TO AVOID THIS COURT'S PRIOR RULINGS BY CITING THE INAPPLICABLE *IQBAL* CASE.

In *In Re MTBE, supra,* 233 F.R.D. at 133, this Court found a complaint very like the current TAC to be adequately pled and denied a motion for more definite statement. Peerless attempts to argue around this Court's ruling by asserting that a subsequent Supreme Court decision, *Iqbal, supra,* 556 U.S. 662, effectively overruled this Court's *In Re MTBE* decision. (Memo at 12-13). Peerless is wrong – *Iqbal* did not change the law as applied by this Court in *In Re MTBE*. The *Iqbal* case is factually different and inapplicable here.

In *Iqbal*, plaintiff's complaint created an ambiguity which rendered the pleading insufficient. Plaintiff Iqbal claimed a violation of his constitutional rights because agents of the federal government purposely targeted him for certain treatment based on his race and religion. The Supreme Court found the government's actions described in the complaint could just as easily be explained as normal law enforcement activities in response to the terrorist attacks on September 11, 2001, and that plaintiff's allegations were bare conclusions without facts to show that purposeful targeting was a more plausible explanation than normal activities. *Iqbal* at 680-682.

There is no *Iqbal* ambiguity in the TAC in this case. Like the pleading found sufficient in *In Re MTBE, supra,* 233 F.R.D. 133, 135, the TAC includes Peerless in the term "Defendants" wherever it is used in the TAC, and also identifies Peerless as one of the "Refiner/Supplier Defendants" who are referred to in factual allegations throughout the complaint. (Boone Decl., Ex. 1, TAC §§ 9, 10, 17, 19, 21, 57, 89, 90, 91, 92, 93, 94, 95(a).) Unlike *Iqbal*, the TAC allegations create no ambiguity about whether Peerless' actions state a claim on the legal theories set forth in Counts I-V.[2] Unlike *Iqbal*, there is no alternative "plausible explanation" for Peerless' activities as alleged in the TAC. The TAC pleading against Peerless includes all activities alleged against "Defendants" and "Refiner/Supplier Defendants," and gives Peerless (and all other defendants) sufficient notice of plaintiffs' claims.

---

[2] Peerless erroneously claims that the TAC pleads only Counts I-IV against Peerless, and not Count V. The TAC clearly pleads Count V against "All Defendants."

4

### III. THE *FRAGUADA* DECISION OF THE SUPREME COURT OF PUERTO RICO DOES NOT AFFECT THIS CASE.

Peerless asserts that the Puerto Rico Supreme Court's recent holding in *Fraguada Bonilla v. Hosp. Auxilio Mutuo,* 186 D.P.R. 365 (P.R. 2012) changed the rules governing application of the SOL, and applying these new rules to Peerless's SOL argument would not be "retroactive" because Peerless was not added as a defendant in this case until after the *Fraguada* decision was announced. (Memo at 10-13.) Peerless also argues that under the new rule announced in *Fraguada* the SOL bars claims based upon injuries that occurred prior to December of 2011. *Id.* Peerless is wrong for several reasons.

First, as nothing on the face of the complaint supports Peerless' motion, the holding in *Fraguada* is simply irrelevant. Regardless of how the start date for the SOL is analyzed with respect to a particular defendant, on a Rule 12(b)(6) motion a defendant must base its motion on allegations that appear on the face of the complaint. Peerless does not point to any specific language in the complaint that would trigger the SOL.

Second, the Court in *Fraguada* expressly stated that the rule it was announcing would **not** be applied retroactively, "we hereby . . . declare the prospective effect of the adopted rule . . ." *Fraguada, supra,* 186 D.P.R. 365 (Boone Decl., Ex. 2, Certified Translation by Juan E. Segarra at 12). Peerless argues, with no analysis, that it would not be a retroactive application of *Fraguada* to apply the new rule announced in *Fraguada* in circumstances where, as here, there is a pre-*Fraguada* complaint to which new defendants are added post-*Fraguada*. (Memo at 9-11.) This is both incorrect and illogical.

*Fraguada* announced a new rule with respect to whether courts are to look to the date the complaint was filed or the date a new defendant was added to the complaint

5

when considering the SOL. The rule in effect when plaintiffs filed their complaint, in *Fraguada* and in this case, was that courts look to the date of the complaint when analyzing the SOL, and <u>not</u> to the date a new defendant was added. If the rule announced in *Fraguada* were applied to this case, the Court would <u>not</u> look to the date the complaint was filed, but rather to the date the new defendant was added, when analyzing the SOL. This is the very type of "retroactive" application that the *Fraguada* court forbids:

> Notwithstanding the above, upon evaluating the established criteria in order to declare the retroactive or prospective application of a court decision . . . - we hereby decide that our decision should have a prospective effect . . . based on the fact that the rule is a new rule and so applying it to this case would have substantially unfair results for the respondents, who relied on the prior rule that has been set aside by the new rule that we are establishing today . . . . [p]ublic policy and social considerations have made us decide that this rule shall have prospective effects . . .

(Boone Decl., Ex. 2, Certified Translation by Juan E. Segarra at 11).[3]

Because Peerless filed its motion pursuant to FRCP 12(b)(6) the *Fraguada* opinion has no relevance to the motion. Should Peerless subsequently file a different motion involving the SOL, however, that motion would have to be considered under the rules in effect at the time plaintiffs filed their complaint.

### IV. PEERLESS' MOTION IGNORES THE CONTINUING NUISANCE DOCTRINE.

---

[3] *Fraguada* also carefully explained that its ruling with respect to how the SOL was to be analyzed with respect to later added parties did not change other requirements of the statute of limitations defense: "it should be noted that [in] the rule adopted today . . . the statute of limitations starts running when the injured party learned or should have learned, by exercising some degree of diligence, of the existence of the injury and who caused it, ***as well as the necessary elements*** to be able to effectively exercise its cause of action." *Id.* at 10, (citing to *CSMPR v. Carlo Marrero et al,* 182 D.P.R. 411, 425-426 (2011); *COSSEC et al. v. Gonzalez Lopez et al,* 179 D.P.R. 793 (2010), *Vera v. Dr. Bravo,* 161 D.P.R. 308, 328 (2004); *Santiago v. Rios Alonso,* 156 D.P.R. 181, 189 (2002). (emphasis added).

6

Even if Peerless' SOL argument were appropriate on a Rule 12(b)(6) motion, the argument ignores the Supreme Court of Puerto Rico's rulings that claims arising in nuisance produce continuous damages until the nuisance stops; hence, the SOL for a cause of action for damages due to a nuisance claim renews continuously until the nuisance stops. *Capella v. Carreras*, 57 D.P.R. 258, 266 (1940); *Arcelay v. Sanchez*, 77 D.P.R. 824, 837-839 (1955); and, *Seda v. Miranda Hmnos. & Co.*, 88 D.P.R. 355, 361 (1963). In its most recent decision on this topic, the Supreme Court of Puerto Rico stated, "damages caused by continuing to maintain a nuisance or disturbance can be recovered throughout the entire duration of the nuisance," affirming *Arcelay v. Sanchez*. *Seda v. Miranda Hnos., supra,* 88 D.P.R. 355 (Boone Decl. at Ex. 3, Certified Translation at 4). In *Seda*, continuing air contamination from a local factory caused the SOL to renew throughout the entire duration of the nuisance. As in *Seda*, the contamination of Plaintiffs' waters continues and hence so does the SOL continue to renew.

### V. PEERLESS' DECLARATIONS RAISING FACT ASSERTIONS ARE IMPROPER IN A 12(b)(6) MOTION.

Peerless submits a declaration from Luis Vazquez and an affirmation from Adrian Sanchez-Pagan, attaching exhibits, to support its motion. These declarations and exhibits are improper on a 12(b)(6) motion to dismiss. *In Re MTBE, supra,* 175 F. Supp. 2d at 605-606, fn. 17 ["In deciding a Rule 12(b)(6) motion, the Court must limit itself to facts stated in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference." (citing *Yak v. Bank Brussels Lambert*, 252 F.3d 127, 130 (2d Cir.2001).]

7

Even if the Vazquez declaration and Sanchez-Pagan affirmation could be considered (they shouldn't be), at most they create disputed issues of fact by attempting to refute the facts pled in TAC paragraphs 9, 10, 17, 19, 21, 57, 89, 90, 91, 92, 93, 94, 95(a). On this Rule 12 motion the Court must assume that plaintiffs' facts are true, and any factual dispute must be resolved in the pleader's favor. *In Re MTBE, supra,* 175 F. Supp. 2d at 605. As this Court previously noted, "At the Rule 12(b)(6) stage, '[t]he issue is not whether a plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleading that a recovery is very remote and unlikely but that is not the test.'" *Id.* at 605-606, (quoting *Sims v. Artuz,* 230 F.3d 14, 20 (2d Cir.2000), quoting *Chance v. Armstrong,* 143 F.3d 698, 701 (2d Cir.1998)). On this standard, the declaration and affirmation submitted by Peerless provide no basis for dismissing plaintiffs' claims and are irrelevant.

## CONCLUSION

For the foregoing reasons, plaintiffs respectfully request that the Court deny the motion to dismiss by Peerless.

Dated this 28th day of May, 2013.                           Respectfully submitted,

for Michael Axline
Miller, Axline & Sawyer
1050 Fulton Avenue, Suite 100
Sacramento, California 95825

8

John K. Dema
Law Offices of John K. Dema, P.C.
1236 Strand Street, Suite 103
Christiansted, St. Croix
U.S. Virgin Islands  00820-5008

Orlando H. Martinez
Orlando H. Martinez Law Offices
Centro de Seguros, Suite 413
701 Ponce de Leon Avenue
San Juan, Puerto Rico  00907

## PROOF OF SERVICE VIA LEXISNEXIS FILE & SERVE

*Commonwealth of Puerto Rico, et al. v. Shell Oil Co., et al.*, United States District Court, Southern District of New York Case No. No. 07 Civ. 10470 (SAS)

     I, the undersigned, declare that I am, and was at the time of service of the paper(s) herein referred to, over the age of 18 years and not a party to this action. My business address is 1050 Fulton Avenue, Suite 100, Sacramento, CA 95825-4225.

     On the date below, I served the following document on all counsel in this action electronically through LexisNexis File & Serve:

**PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS
BY DEFENDANT PEERLESS OIL & CHEMICALS, INC.**

     I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

     Executed on May 28, 2013, at Sacramento, California.

_____
KATHY HERRON