UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In Re: Methyl Tertiary Butyl Ether ("MTBE")
Products Liability Litigation

**Master File No. 1:00 - 1898**
**MDL 1358 (SAS)**
**M21-88**

Civil Action

**This Document Relates To:**

*Commonwealth of Puerto Rico, et al. v.*
*Shell Oil Co., et al.*, No. 07 Civ. 10470

### PLAINTIFFS' OBJECTIONS TO THE REPLY AFFIRMATION OF ELAINE MALDONADO-MATÍAS IN SUPPORT OF DEFENDANT TOTAL OUTRE-MER, S.A.'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS

## I.  **OBJECTIONS.**

These objections respond to new matter presented for the first time with moving party's reply papers

Plaintiffs Commonwealth of Puerto Rico and Commonwealth of Puerto Rico through the Environmental Quality Board make the following objections to the Reply Affirmation of Elaine Maldonado-Matías, and the 10 new exhibits attached thereto, filed in support of the motion to dismiss by Total Outre-Mer, S.A. ("TOM").  Plaintiffs previously filed objections to an initial Declaration of Christophe Jacquet filed in support of TOM's motion.  The Reply Affirmation of Elaine Maldonado-Matias appears to be an unsuccessful attempt to bolster Mr. Jacquet's first inadequate Declaration, and add to the inadequate and objectionable evidence which accompanied the first filing of TOM's motion.

1.      Plaintiffs object, generally, to the entirety of the Reply Affirmation of Elaine Maldonado-Matías, and the 10 new exhibits attached thereto, as untimely and improper "sandbagging."  Courts in the Second Circuit have recognized that the practice of "sandbagging" is unfair, as reflected in Federal Rule of Civil Procedure 26(a).  (*Ebewo v. Martinez*, 309 F. Supp.2d 600, 606-607 (S.D.N.Y. 2004), and other Second Circuit cases cited therein.)

2.      Plaintiffs object to Exhibits 2, 4 and 6 attached to the Affirmation, on the basis that these documents are surfacing for the first time in support of TOM's motion, when they should have been previously produced by TOM's subsidiary and co-defendant TPPRC under FRCP 26(a), and in response to discovery requests previously propounded to TPPRC.  TOM/TPPRC should not be allowed to withhold documents from production and then spring them on plaintiffs for the first time in support of TOM's motion to dismiss.  Additionally,

Exhibit 2 is incomplete (FRE 106) in that it is only "a sample of the deeds that transferred the titles of the 20 service stations . . ." (Affirmation, paragraph 5).[1]

     3.     Plaintiffs object to the Reply Affirmation of Elaine Maldonado-Matías (hereafter "Affirmation"), paragraph 5, sentence 2, the portion which states "and they all transfer title from Sunshine to GPR/TPPRC." This is a legal conclusion and the witness provides no foundation of personal knowledge as required under Federal Rule of Evidence 602 for her opinion regarding the legal effect of the language in the deeds. The witness's opinion on this topic is not objective or reliable because she is an advocate for TOM.[2]

---

[1] If the Court is considering Exhibits 2, 4 and 6 to the Maldonado-Matías Reply Affirmation over plaintiffs' objections to those exhibits, then plaintiffs request that the Court consider the following points regarding those exhibits in the disposition of the motion to dismiss.

Exhibit 2, paragraph 1, indicates the deed was executed in San Juan, Puerto Rico and page 4, first full paragraph demonstrates that TOM was a purchaser.

Exhibit 4, in addition to stating that GPR was acquired by TOM, also states, in the final paragraph, "we look forward to doing business with you in a rewarding relationship under the Total brands."

Exhibit 6 extends an invitation to TOM "to resume its due diligence investigation . . . *in Puerto Rico*" of GPR assets (emphasis added), describes a 2002 confidentiality agreement between CGD and TOM, states that all "technical, commercial, legal, fiscal, finance, accounting, health safety, environmental, staff, and administrative matters" will be disclosed to TOM, and that TOM will not "disclose to anyone the existence and the terms of this letter . . ."

[2] In fact, the reliability of every statement in the Affirmation of Ms. Maldonado-Matías is questionable, and should be weighed in light of the fact that Ms. Maldonado-Matías purports to represent the interests of both TOM and its subsidiary TPPRC in this action, yet TOM's current motion is attempting to spring TOM from all liability by shifting blame and liability to TPPRC. The fact that Ms. Maldonado-Matías represents both companies, and that the supporting declarant for TOM (Mr. Jacquet) is not a TOM employee but a former TPPRC employee, and that TOM and TPPRC appear to be acting in concert on this motion to avoid liability for TOM by shifting liability to TPPRC, all indicate that the relationship between TOM and TPPRC is much closer than TOM's motion admits. If TOM and TPPRC were actually separate, distinct entities as TOM's motion claims, then TPPRC's counsel would be zealously resisting any shift of blame and liability to TPPRC. Instead, TPPRC's counsel is *orchestrating and participating in* the shift of liability to her own client. This twisted set of circumstances weighs in favor of rejecting the Jacquet declarations and the Reply Affirmation and denying the motion, or at least allowing

4.      Plaintiffs object to all statements in paragraph 6 of the Affirmation, except the first sentence.  The remainder of the paragraph quotes selectively from 4 L.P.R.A. § 2002, the statute of Puerto Rico which describes the functions of a notary public.  Plaintiffs further object to the incomplete "quotation" from 4 L.P.R.A.  § 2002, which is published in Spanish, not English, and therefore the "quotation" presented in this paragraph of the Affirmation is TOM's counsel's uncertified translation of one portion of a statute.  Plaintiffs further object that the statement, "the accuracy of the contents of the deeds is authenticated by the notary public's intervention" is vague, ambiguous, uncertain, argumentative, and as such, irrelevant under FRE 401 and 402.

5.      Plaintiffs object to paragraph 7 of the Affirmation, all language after the words "Form EIA-814," as unsupported argument and interpretation of a published report without any foundation of personal knowledge that the witness can accurately interpret the contents of the document presented.  Plaintiffs further object to Exhibit 3, which is the subject of paragraph 7 of the Affirmation, as a selective, incomplete presentation of the EIA Petroleum Annual Reports for the years 2004 through 2012.

6.      Plaintiffs object to Exhibit 6 attached to the Affirmation.  Paragraph 10 of the Affirmation admits that Exhibit 6 is an incomplete copy of the April 8, 2004, letter it purports to be.  The entire letter should be produced under FRE 106, the rule of completeness.

7.      Plaintiffs object to paragraph 15 of the Affirmation as irrelevant, FRE 401 and 402, to the extent that this paragraph is intended to somehow bolster the statements made in the two declarations submitted by Mr. Christophe Jacquet.  Plaintiffs' objections to the two Jacquet

jurisdictional discovery to illuminate the true relationship between TOM and TPPRC.

declarations demonstrate that Mr. Jacquet has no foundation of personal knowledge for most of

the statements in his declarations.  The broad, general statements in paragraph 15 of the

Affirmation, and the fact that Mr. Jacquet attended a presentation of unknown duration and

unspecified content do not lay an adequate foundation for the speculation, arguments and

personal beliefs set forth in the Jacquet declarations.


Dated this 5th day of June, 2013.                    Respectfully submitted,

                                                     Daniel Boone
                                                     Miller, Axline & Sawyer
                                                     1050 Fulton Avenue, Suite 100
                                                     Sacramento, California  95825

4

1

## PROOF OF SERVICE VIA LEXISNEXIS FILE & SERVE

2

*Commonwealth of Puerto Rico, et al. v. Shell Oil Co., et al.*, United States District Court, Southern District of New York Case No. No. 07 Civ. 10470 (SAS)

3

4

I, the undersigned, declare that I am, and was at the time of service of the paper(s) herein referred to, over the age of 18 years and not a party to this action.  My business address is 1050 Fulton Avenue, Suite 100, Sacramento, CA  95825-4225.

5

6

On the date below, I served the following document on all counsel in this action electronically through LexisNexis File & Serve:

7

8

9

**PLAINTIFFS' OBJECTIONS TO THE REPLY AFFIRMATION OF ELAINE MALDONADO-MATÍAS IN SUPPORT OF DEFENDANT TOTAL OUTRE-MER, S.A.'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS**

10

11

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

12

13

Executed on June 5, 2013, at Sacramento, California.

14

15

TONYA L. ZIMMERMAN

16

17

18

19

20

21

22

23

24

25

26

27

28