**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In Re: Methyl Tertiary Butyl Ether ("MTBE")
Products Liability Litigation

**Master File No. 1:00 - 1898**
**MDL 1358 (SAS)**
**M21-88**

Civil Action

**This Document Relates To:**

***Commonwealth of Puerto Rico, et al. v. Shell Oil Co., et al.*, No. 07 Civ. 10470**

**PLAINTIFFS' OBJECTIONS TO THE SUPPLEMENTAL AND REPLY DECLARATION OF CHRISTOPHE JACQUET, IN SUPPORT OF PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS BY DEFENDANT TOTAL OUTRE-MER, S.A.**

# I. OBJECTIONS.

These objections respond to new matter presented for the first time with moving party's reply papers.

Plaintiffs Commonwealth of Puerto Rico and Commonwealth of Puerto Rico through the Environmental Quality Board make the following objections to the **Supplemental and Reply** Declaration of Christophe Jacquet filed in support of the motion to dismiss by Total Outre-Mer, S.A. ("TOM"). Plaintiffs previously filed objections to the first Declaration of Christophe Jacquet. The Supplemental and Reply Declaration of Mr. Jacquet appears to be an unsuccessful attempt to bolster the first inadequate Declaration, which was objectionable due to a complete lack of foundation of personal knowledge required under Federal Rule of Evidence 602. The Supplemental and Reply Declaration of Mr. Jacquet does no better, still lacking the required foundation of personal knowledge.[1]

1. Plaintiffs object, generally, to the entirety of the Supplemental and Reply Declaration of Christophe Jacquet as untimely. Mr. Jacquet had fair and ample opportunity to submit a proper declaration with an adequate foundation the first time around, and should not be encouraged or allowed to burden the Court and plaintiffs with repeated attempts to establish a

[1] Recognizing the complete inadequacy of the first Jacquest declaration, Defendant TOM has also filed a nine-page brief replying to plaintiffs' objections. The "Applicable Law" section of that brief recites the unremarkable proposition that all knowledge is inferential and so a declarant may obtain knowledge from reviewing documents and talking to other people. The lack of FRE 602 foundation in both Jacquet declarations is that he never identifies a single person he talked to or a single document he reviewed as a basis for his supposed knowledge. This being adversarial litigation, neither the Court nor plaintiffs should be expected to take Mr. Jacquet's vague, non-specific assertions at face value or on faith. The deficiencies of the Jacquet declarations should result in their rejection and denial of TOM's motion, or at the very least should trigger jurisdictional discovery to include a deposition of Mr. Jacquet for inquiry into the details about the foundation of his "knowledge."

foundation of personal knowledge which he does not, in fact, possess.

2. Plaintiffs object, **again**, to each and every statement in the Supplemental and Reply Declaration which **still** lacks the required foundation of personal knowledge under Federal Rule of Evidence 602, which states: "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony. This rule does not apply to a witness's expert testimony under Rule 703." Mr. Jacquet's new Supplemental and Reply Declaration still admits, in paragraphs 4 and 5, that he is currently the Executive Vice President for South America of Total Americas, S.A., and that he served as General Manager of Total Petroleum Puerto Rico Corp. ("TPPRC") from August 11, 2010, to July 31, 2012. Neither of these employment assignments offer any indication that Mr. Jacquet has personal knowledge regarding Total Outre-Mer, S.A. ("TOM"), the entity which filed the motion and is the subject of most of his declaration. The unsupported premise of Mr. Jacquet's Supplemental and Reply Declaration is that as General Manager of TPPRC for less than two years from 2010 to 2012, he somehow gained encyclopedic knowledge of TOM's entire history and historical documents and the interpretations and meanings of those documents, with no credible explanation of how he gained such knowledge about TOM, while engaged in his full-time job managing the entire business of TPPRC. This premise strains credulity, and contradicts the primary argument in TOM's motion that TOM and TPPRC were distinct and separate entities, with little contact or interaction. If TPPRC's short-term General Manager has so much knowledge about TOM, then TOM must have had much more contact with TPPRC and Puerto

Rico than TOM claims.[2]

3. Plaintiffs object to Supplemental and Reply Declaration paragraph 3, lack of foundation of personal knowledge, FRE 602. Mr. Jacquet's assertions are too vague, ambiguous and uncertain to provide the required foundation. His claimed "review of information and documents in possession of TOM" and "consequent discussions with management" only highlights the missing foundational elements: what information, what documents, and who in the management of which company?

4. Plaintiffs object to Supplemental and Reply Declaration paragraph 6, lack of foundation of personal knowledge, FRE 602. Mr. Jacquet's assertions that he was "constantly in contact with corporate records . . . and the day-to-day business operations of the company," are too vague, ambiguous and uncertain to supply the required foundation. These assertions point out the missing foundational elements: which corporate records, of which corporation, and operations of which company?

5. Plaintiffs object to Supplemental and Reply Declaration paragraph 7, lack of foundation of personal knowledge, FRE 602. Mr. Jacquet's statement that he "examined the 2004 Purchase and Sale Agreement" does not establish any foundation for the paragraph of speculation which follows, which consists of Mr. Jacquet's personal beliefs and interpretations about a legal document dated 2004 which he admittedly never saw or knew anything about until he "examined" it at some point in time between 2010 and 2012. It is clear from the face of the

---

[2] The reliability of Mr. Jacquet's declaration statements must also be weighed in light of the fact that he was a TPPRC manager, who is now attempting to shift liability away from TOM and onto his own former company, TPPRC, while working for another subsidiary of Total S.A., South America of Total Americas, S.A.

statements in paragraph 7 that Mr. Jacquet has no personal knowledge of the events in 2004 which led to the creation and execution of the Agreement, or whether the language of the Agreement reflects what actually happened between the parties. It is obvious that Mr. Jacquet is simply offering TOM's current litigation spin regarding the Agreement.

6. Plaintiffs object to Supplemental and Reply Declaration paragraph 8, lack of foundation of personal knowledge, FRE 602. The first sentence of paragraph 8, referring to Mr. Jacquet's brief tenure as General Manager of TPPRC from 2010 to 2012, does not provide a foundation of personal knowledge for his assertion that "TOM has never supplied fuel to TPPRC. . ." Mr. Jacquet does not specify a single document he looked at or any basis whatsoever for this blanket statement.

7. Plaintiffs object to Supplemental and Reply Declaration paragraph 9, lack of foundation of personal knowledge, FRE 602. Mr. Jacquet's assertion that he "know[s]" that "TOM has never been a party to any contract regarding the sale or supply of gasoline in Puerto Rico" is not foundationally supported by the vague, general assertion that this "knowledge" comes from "information obtained while performing my duties as TPPRC's General Manager." Mr. Jacquet's brief stay as TPPRC's manager does not qualify him to offer a blanket "never" statement about TOM without more foundation, especially because it appears to contradict the primary argument in TOM's motion that TOM and TPPRC are separate and distinct entities with few contacts and interactions.

8. Plaintiffs object to Supplemental and Reply Declaration paragraph 10, lack of foundation of personal knowledge, FRE 602. Mr. Jacquet's assertion that he was "in contact with corporate records that reflect that TPPRC, not TOM, is the franchisor" is vague, ambiguous

and too uncertain to provide the required foundation of personal knowledge, and spotlights the missing foundational elements: what corporate records did he "contact," and for which corporation? If Mr. Jacquet looked only at TPPRC "corporate records," but did not look at any TOM corporate records, he has no basis for the assertion in paragraph 10.

9. Plaintiffs object to all but the first sentence in paragraph 11 of the Supplemental and Reply Declaration, lack of foundation of personal knowledge, FRE 602. Except for the first sentence, Mr. Jacquet's statements in paragraph 11 consist of nothing more than his personal claims, arguments and interpretations of the meaning of statements in a 2004 document, with no identified basis whatsoever for his claims, arguments and interpretations.

10 Plaintiffs object to Supplemental and Reply Declaration paragraph 12, lack of foundation of personal knowledge, FRE 602. Mr. Jacquet's statement that he is "aware" that "TOM has never been licensed or registered with any governmental agency to do business in Puerto Rico and is not involved in the Puerto Rico gasoline market," is not foundationally supported in any way by the first part of that sentence, which states that Mr. Jacquet is familiar with <u>TPPRC</u> corporate records, not TOM corporate records. Mr Jacquet never states that he has done any search whatsoever of TOM corporate records to determine whether TOM has been licensed or registered to do business in Puerto Rico or been involved in the Puerto Rico gasoline market.

11. Plaintiffs object to Supplemental and Reply Declaration paragraph 13 as vague, ambiguous, uncertain and therefore irrelevant, FRE 401, 402. Mr. Jacquet's statements in paragraph 13 are so broad and general (e.g, "I became knowledgeable of supply matters" and "During my review of company records") that they add nothing to the foundation of required

personal knowledge, and add no meaningful facts in evidence.

12. Plaintiffs object to Supplemental and Reply Declaration paragraph 14, lack of foundation of personal knowledge, FRE 602. Mr. Jacquet's claimed "review of all TOM's records, discussions with management," is vague, ambiguous and too uncertain to provide the required foundation of personal knowledge for the statements that follow, and only points out the missing foundational elements: what records, who in management, and management of which company?

Dated this 5th day of June, 2013.

Respectfully submitted,

Daniel Boone
Miller, Axline & Sawyer
1050 Fulton Avenue, Suite 100
Sacramento, California 95825

**PROOF OF SERVICE VIA LEXISNEXIS FILE & SERVE**

*Commonwealth of Puerto Rico, et al. v. Shell Oil Co., et al.*, United States District Court, Southern District of New York Case No. No. 07 Civ. 10470 (SAS)

I, the undersigned, declare that I am, and was at the time of service of the paper(s) herein referred to, over the age of 18 years and not a party to this action. My business address is 1050 Fulton Avenue, Suite 100, Sacramento, CA 95825-4225.

On the date below, I served the following document on all counsel in this action electronically through LexisNexis File & Serve:

**PLAINTIFFS' OBJECTIONS TO THE SUPPLEMENTAL AND REPLY DECLARATION OF CHRISTOPHE JACQUET, IN SUPPORT OF PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS BY DEFENDANT TOTAL OUTRE-MER, S.A.**

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on June 5, 2013, at Sacramento, California.

Tonya L. Zimmerman
TONYA L. ZIMMERMAN