UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation | Master File No. 1:00 - 1898<br>MDL 1358 (SAS)<br>M21-88 |
| This Document Relates To:<br><br>*Commonwealth of Puerto Rico, et al. v. Shell Oil Co., et al.*, No. 07 Civ. 10470 | Civil Action |

**PLAINTIFFS' OBJECTIONS TO THE REPLY DECLARATION OF PETER HERBEL IN SUPPORT OF DEFENDANT TOTAL, S.A.' S MOTION TO DISMISS**

## I. OBJECTIONS.

These objections respond to new matter presented for the first time with moving party's reply papers.

Plaintiffs Commonwealth of Puerto Rico and Commonwealth of Puerto Rico through the Environmental Quality Board make the following objections to the Reply Declaration of Peter Herbel filed in support of the motion to dismiss by Total, S.A. ("TSA").

1. Plaintiffs object to the Reply Declaration of Peter Herbel (hereafter "Reply Declaration"), paragraph 3, as argumentative, conclusory, overbroad, therefore irrelevant, FRE 401, 402, and improper in an attorney declaration. *Degelman Industries, Ltd. v. Pro-Tech Welding and Fabrication, Inc.*, 2011 WL 6754053, *2 (W.D.N.Y. 2011) ["An attorney declaration or affidavit is generally used to provide the courts with documents and other evidence, for purposes of establishing a record, and should not be used as a 'vehicle to lobby the court.'" *Degelman*, citing *Internet Law Library, Inc. v. Southridge Capital Mgmt., L.L.C.*, 2005 WL 3370542, *3 (S.D.N.Y. 2005).] The fact that plaintiffs' opposition presents evidence of TSA's presence in Puerto Rico, and TSA's General Counsel attempts to explain away that evidence, only serves to show why the motion to dismiss should be denied, and discovery should go forward, to further illuminate the factual disputes between plaintiffs and TSA.

2. Plaintiffs object to Reply Declaration paragraph 4. The references to "false statements" and "Plaintiffs' assertions . . . are false" are attorney argument, not facts, and should be disregarded. *Degelman, supra*, and *Internet Law Library, supra*. The assertions that TSA has "never, at any time," engaged in certain activities in Puerto Rico lack foundation of personal knowledge, FRE 602. Mr. Herbel admits that he has only been General Counsel since 2004, and

1

in his first declaration filed in support of this motion, self-limited the scope of his testimony to "the period of January 1, 2007 to the present (unless otherwise noted.")  (First Herbel declaration, paragraph 8.)  Mr. Herbel has offered no foundation to show that he has personal knowledge of facts to support the "never, at any time" assertions in paragraph 4 of the Reply Declaration. *Internet Law Library, supra,* 2005 WL 3370542 at * 3.  [Attorney affidavit stricken where attorney "swears to several matters of which he could have no direct personal knowledge of as an attorney that came upon this matter after the fact."]

    3.    Plaintiffs object to paragraph 5 of the Reply Declaration, the sentence "Plaintiffs misrepresent these documents," as improper attorney argument, therefore irrelevant, FRE 401, 402, and improper.  *Degelman, supra*, and *Internet Law Library, supra.*

    4.    Plaintiffs object to paragraphs 6 through 12 and 14 through 28 of the Reply Declaration as improper attorney argument (*Degelman, supra*, and *Internet Law Library, supra*) that demonstrates the necessity for discovery.  In each paragraph, declarant Herbel, in his role as General Counsel for TSA, offers his obviously biased arguments regarding how certain statements in documents should be interpreted and understood.  Plaintiffs have asserted that these documents can be interpreted and understood to show that TSA is not the "holding company" it purports to be, but has engaged in gasoline business activities, including in Puerto Rico.  The General Counsel of TSA argues a different interpretation of these documents.  Resolution of the differing interpretations and inferences lies in further discovery, and ultimately with the trier of fact.

    5.    Plaintiffs object to Herbal Declaration Exhibits A, B and C as irrelevant, FRE 401 and 402.  These exhibits are presented in an attempt to refute plaintiffs' evidence of TSA's

activities in Puerto Rico beginning in 2004, but Exhibit A is dated 2012, Exhibit B is dated 2011 and Exhibit C is dated 2008. Definitions in these later documents, created for a completely different purpose, are irrelevant to interpreting and understanding the documents plaintiffs present, showing TSA activities that occurred prior to these dates, such as the acquisition of a service station network in Puerto Rico in 2004.

6.  Plaintiffs object to paragraph 30, Reply Declaration, and subparts a. through d. therein as lacking foundation of personal knowledge, FRE 602 and *Internet Law Library, supra,* 2005 WL 3370542 at * 3. Declarant Herbel admits that he has been General Counsel for TSA only from 2004 to the present, but then makes a series of "never" and "never, at any time" statements without providing any foundation of personal knowledge for the period prior to his employment at TSA starting sometime in 2004.

Dated this 6th day of June, 2013.

Respectfully submitted,

*/s/ Daniel Boone*

Daniel Boone
Counsel for Plaintiffs
Miller, Axline & Sawyer
1050 Fulton Avenue, Suite 100
Sacramento, California  95825

**PROOF OF SERVICE VIA LEXISNEXIS FILE & SERVE**

*Commonwealth of Puerto Rico, et al. v. Shell Oil Co., et al.*, United States District Court, Southern District of New York Case No. No. 07 Civ. 10470 (SAS)

    I, the undersigned, declare that I am, and was at the time of service of the paper(s) herein referred to, over the age of 18 years and not a party to this action. My business address is 1050 Fulton Avenue, Suite 100, Sacramento, CA 95825-4225.

    On the date below, I served the following document on all counsel in this action electronically through LexisNexis File & Serve:

**PLAINTIFFS' OBJECTIONS TO THE REPLY DECLARATION OF PETER HERBEL IN SUPPORT OF DEFENDANT TOTAL, S.A.'S MOTION TO DISMISS**

    I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

    Executed on June 6, 2013, at Sacramento, California.

_____
KATHY HERRON