UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In Re: Methyl Tertiary Butyl Ether ("MTBE")
Products Liability Litigation

This relates to:

Commonwealth of Puerto Rico, *et al.*
v. Shell Oil Company, *et al.*, No. 07 Civ. 10470

Master File No. 1:00 – 1898
MDL 1358 (SAS)
M21-88

Civil Action

**PLAINTIFFS' OBJECTIONS TO THE DECLARATION OF
WILLIAM E. MARKSTEIN FILED IN SUPPORT OF THE  MOTION TO
DISMISS FILED BY DEFENDANT TRAMMO PETROLEUM, INC. AND
TRAMMO CARIBBEAN, INC.**

## I.   __Objections.__

These objections respond to new matter presented for the first time with moving party's reply papers.

Plaintiffs Commonwealth of Puerto Rico and Commonwealth of Puerto Rico through the Environmental Quality Board make the following objections to the Declaration of William E. Markestein filed in support of the joint motion to dismiss by Trammo Petroleum, Inc. (hereafter "TP") and Trammo Caribbean (hereafter "Caribbean").

1.    Plaintiffs object, generally, to the entirety of the Declaration of William E. Markstein as untimely.  Mr. Markstein had fair and ample opportunity to submit a proper declaration with the initial moving papers, and should not be encouraged or allowed to burden the Court and plaintiffs with new matter raised for the first time as part of TP's reply.[1]

2.    Plaintiffs object to paragraphs 2 through 9 of the Markstein Declaration as improper attorney argument.  *Degelman Industries, Ltd. v. Pro-Tech Welding and Fabrication, Inc.*, 2011 WL 6754053, *2 (W.D.N.Y. 2011) ["An attorney declaration or affidavit is generally used to provide the courts with documents and other evidence, for purposes of establishing a record, and should not be used as a 'vehicle to lobby the

---

[1] In addition, the reliability of every statement in the two Markstein declarations must be weighed in light of his position as Associate General Counsel for the two moving parties and their parent corporation, Transammonia Inc.  The current motion and the declarations are attempting to spring TP from all liability by shifting blame and liability to Caribbean, then arguing that Caribbean should be sprung from all liability because it is a dissolved company.  The fact that Mr. Markstein is counsel for both TP and Caribbean, and a former employee of both, and that TP and Caribbean appear to be acting in concert on this motion, all indicate that the relationship between TP and Caribbean is much closer than the motion admits.

court.'" *Degelman*, citing *Internet Law Library, Inc. v. Southridge Capital Mgmt., L.L.C.*, 2005 WL 3370542, *3 (S.D.N.Y. 2005).]  The attorney argument in paragraphs 2 through 9 only serve to demonstrate why the TP motion to dismiss should be denied, and why discovery of TP and its operations should be allowed in this action.  Paragraphs 2 through 9 of the Markstein Declaration essentially offer an alternative explanation for evidence presented as Exhibit 2 to plaintiffs' opposition, which are pages from a U.S. Department of Energy, Energy Information Administration (EIA) spreadsheet showing that TP imported pure MTBE into Puerto Rico in November 2004.  The Markstein Declaration tries to explain away this entry in the EIA spreadsheet as "erroneous" and "a mistake." (Markstein Declaration, paragraphs 2 and 9.)  The Markstein Declaration fails to mention, however, that this supposed "erroneous" entry in the EIA spreadsheet was based on information supplied by TP itself.[2]  The information in the EIA reports is information self-reported by the oil companies; the information is not reported by the government.  This means that TP itself reported that TP was the importer of the 25,000 barrels of MTBE into Puerto Rico in November 2004.  The Markstein Declaration and its attached Exhibits 1, 2 and 3 attempt to weave an alternate explanation for TP's own self-reported importation of MTBE into Puerto Rico, but these exhibits only show why discovery is needed because they actually reveal even more TP and Caribbean involvement in the Puerto Rico gasoline business than plaintiffs' opposition has already showed.[3]

---

[2]. The EIA public website states that reporting is "mandatory" and "must be completed by each Importer of Record . . . who imports crude oil or petroleum products . . . into Puerto Rico." http://www.eia.gov/survey/form/eia_814/instructions.pdf

[3] Markstein Exhibit 1 actually shows that Caribbean was involved in at least 5 MtBE shipments into Guayanilla, Puerto Rico during 2004, totaling 173,000 barrels of MtBE. However, only the shipment dated November 4, 2004, of 25,000 barrels, was reported to

3.      Plaintiffs object to Exhibit 1 of the Markstein Declaration for several reasons. First, it is only one page of what appears to be a much larger spreadsheet or database, and is therefore incomplete and subject to a rule of completeness objection under FRE 106. Second, there is no foundation for, or authentication of, this page such that the Court may gauge its validity and trustworthiness.  Third, the information in the upper left-hand corner of this one page suggests that the source is corporate records of Carribean, but declarant Markstein gives no indication of whether he searched the remainder of the Caribbean records for evidence of TP importing crude oil, petroleum products, or pure MTBE into Puerto.  He also gives no indication of whether he searched the TP corporate records for such evidence.  Fourth, about one third of the distance across the top of the spreadsheet page, above the column titled "EFP," there is a notation that says "15-Apr-13, 4:27pm."  Witness Markstein offers no explanation why someone was apparently accessing this page of this spreadsheet at 4:27 pm on April 15, 2013, or what they were doing to the spreadsheet during that access period.  Discovery would answer all the foregoing questions.

4.      In further support of plaintiffs' objection to Exhibit 1 as incomplete based on FRE 106, plaintiffs point out that Markstein Exhibit 1 actually shows TP supplying gasoline products to Customer "Peerless" (presumably Peerless Oil) into Guayanilla, Puerto Rico, four times during 2004 (in addition to the November 4, 2004, MtBE shipment self-reported by TP in the EIA spreadsheet):  April 20, July 27, and two shipments on July 25 (representing approximately 600,000 barrels of unknown MtBE content).  (Markstein Declaration, Exhibit 1, dated spreadsheet lines 7, 13, 14, 15.)  Rather than absolving TP

---

the EIA, which is only 14% of Caribbean's total MtBE volume shipped into Puerto Rico that year.

of gasoline business contacts with Puerto Rico as the Markstein Declaration argues, this single page from Caribbean's corporate records implicates TP more deeply, and suggests that more such pages from Caribbean's and TP's records will demonstrate even more TP contacts with Puerto Rico.

5.      Plaintiffs object to the second and third pages of Exhibit 1 to the Markstein Declaration as incomplete under FRE 106.  The second page of Exhibit 1, in its upper right-hand corner, bears an apparent facsimile imprint of "P. 2/4," and the third page bears a similar imprint of "P. 1/4."  Pages 3 and 4 are missing.

6.      Plaintiffs object to Exhibits 2 and 3 to the Markstein Declaration for lack of authentication under FRE 901.


Dated this 6th day of June, 2013.                          Respectfully submitted,

                                                                               Daniel Boone
                                                                               Miller, Axline & Sawyer
                                                                               1050 Fulton Avenue, Suite 100
                                                                               Sacramento, California  95825

**PROOF OF SERVICE VIA LEXISNEXIS FILE & SERVE**

*Commonwealth of Puerto Rico, et al. v. Shell Oil Co., et al.*, United States District Court, Southern District of New York Case No. No. 07 Civ. 10470 (SAS)

I, the undersigned, declare that I am, and was at the time of service of the paper(s) herein referred to, over the age of 18 years and not a party to this action. My business address is 1050 Fulton Avenue, Suite 100, Sacramento, CA 95825-4225.

On the date below, I served the following document on all counsel in this action electronically through LexisNexis File & Serve:

**PLAINTIFFS' OBJECTIONS TO THE DECLARATION OF WILLIAM E. MARKSTEIN FILED IN SUPPORT OF THE MOTION TO DISMISS FILED BY DEFENDANT TRAMMO PETROLEUM, INC. AND TRAMMO CARIBBEAN, INC.**

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on June 6, 2013, at Sacramento, California.

KATHY HERRON