**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In Re: Methyl Tertiary Butyl Ether ("MTBE")
Products Liability Litigation

**Master File No. 1:00 - 1898**
**MDL 1358 (SAS)**
**M21-88**

Civil Action

**This Document Relates To:**

*Commonwealth of Puerto Rico, et al. v.*
*Shell Oil Co., et al.,* No. 07 Civ. 10470

**PLAINTIFFS' OPPOSITION TO THE TPPRC MOTION FOR THE ENTRY OF**
**PROTECTIVE AND SEALING ORDER; DECLARATION OF DANIEL BOONE**

## I.    **INTRODUCTION.**

Moving party Total Petroleum Puerto Rico Corp. ("TPPRC") has moved for an order to keep under seal 14 documents filed with the briefing on Total Outre-Mer, S.A.'s ("TOM's") motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(2) and (6).  (Document 289, filed 06/07/13.) The TPPRC motion and this opposition are filed pursuant to this Court's "Revised Confidentiality Order" ("RCO"),  attached hereto as Exhibit 1.  Section II.L.a. of the RCO governs the procedure for filing  documents designated confidential, giving notice of such filing to the designating party, and the required motion if the designating party wants to assert the claimed confidentiality.  (Ex. 1, RCO at pp. 13-14 [all exhibit references are to exhibits attached hereto unless otherwise stated].)

TPPRC's motion to keep the 14 designated documents under seal should be denied for the following reasons.

First, moving party TPPRC has the burden of showing that each of the 14 documents meets the criteria to qualify as a confidential document under RCO Section II. C.a.(ii)(1).  (Ex. 1, RCO at p. 5.)  That section of the RCO restricts confidentiality protection only to documents which contain a trade secret or other confidential research, development or commercial information, and only to other documents which pertain to recent and future business and marketing plans and activities, or recent and future research and development activities.  (Ex. 1, RCO at p. 5.)  Moving party TPPRC makes no showing that each of the 14 documents meets these criteria, but instead offers only two paragraphs of vague, generalized, conclusory assertions that purport to apply equally to all 14 documents, without reference to or analysis of any of the 14 documents individually.  (Mot., ¶¶ 15-16, p. 5.)

1

Second, two example documents drawn from the 14 designated documents clearly do not meet the criteria to qualify for confidentiality required by Section II.C.a.(ii)(1) of the RCO.  (Ex. 1, RCO at p. 5, and Exs. 2 and 3 attached hereto, which are the documents designated confidential that should not be.)  Since these two documents clearly do not qualify for confidentiality, and TPPRC has made no showing at all for the other 12, it is reasonable to infer that none of the documents qualify and the motion should be denied.

Third, in the absence of any showing by moving party TPPRC that each of these 14 documents meets the confidentiality criteria in the RCO, neither the Court nor the parties should be burdened with the added procedural complexity of using and filing these 14 documents (which are likely to be used many times in future discovery, law and motion practice, and at trial).  That burden is well demonstrated by the current motion, opposition and inevitable reply, coming on top of the extra steps already taken by the parties and the Court with the filing of the underlying opposition and reply papers under seal.  This added burden is not warranted when a defendant such as TPPRC claims confidentiality for a document which does not meet the requirements of the RCO.  Strict enforcement of the RCO criteria for confidentiality designations will discourage parties from over-designating.

## II.   LEGAL ARGUMENT.

### A.   TPPRC Has Not Carried Its Burden of Showing Confidentiality Qualification for Each of the 14 Documents.

Section II.L.a. of the RCO requires that a party such as TPPRC must file a motion for a sealing order within 30 days of receiving notice that documents TPPRC claims are confidential have been filed under seal with the Court.  (Ex. 1, RCO at pp. 13-14.)  As the moving party,

TPPRC has the burden of proving that the documents under seal qualify for confidentiality under the terms of the RCO.

Section II. C.a.(ii)(1) of the RCO strictly limits the definition of confidential documents to include only those documents "which are or contain a trade secret or other confidential research, development or commercial information, as those terms are used in Rule 26(c)(7) of the Federal Rules of Civil Procedure . . . ." That same section of the RCO provides an even narrower definition for confidential documents stamped "CONFIDENTIAL MATERIALS (per 2004 MDL 1358 Order) – FOR OUTSIDE COUNSEL ONLY." Those documents are confidential only if they "pertain to: (i) recent and future business and marketing plans and activities; and (ii) recent and future research and development activities . . . ." Only documents which meet the criteria of Section II. C.a.(ii)(1) of the RCO are allowed to maintain their confidentiality designation.

As the moving party on this motion, TPPRC has the burden of proving that each and every one of the 14 documents now conditionally under seal meet the requirements of the RCO to qualify for confidentiality and remain under seal. TPPRC has made no such showing.

The first indicator that TPPRC cannot make the required showing for each of the 14 documents is that TPPRC does not even bother to attach the 14 documents to its motion or an accompanying declaration for the Court's reference. Apparently, TPPRC expects the Court to assume the burden of delving through multiple documents filed with the underlying opposition and reply papers to assemble the 14 documents addressed by TPPRC's motion.[1]

---

[1] Most likely, TPPRC did not want to undertake the extra, burdensome steps involved in filing and lodging redacted and unredacted versions of the 14 documents.

3

But the Court should not waste time assembling the 14 documents, because the second indicator that TPPRC has not and cannot meet its burden is that TPPRC's motion does not even attempt to show how each of the 14 documents meets the criteria to qualify for confidentiality as required by Section II. C.a.(ii)(1) of the RCO.[2]

Instead of showing how each of the 14 documents meets the criteria for confidentiality under the RCO, TPPRC's motion offers paragraphs 15 and 16.  Neither paragraph mentions or describes even one of the 14 documents.  Instead, paragraphs 15 and 16 contain a series of vague, generalized, conclusory statements and abstract assertions which purport to apply to all 14 documents, but actually say nothing and prove nothing about any of the documents.

The closest TPPRC ever comes to describing the content of any of the 14 documents is the generalized statement in paragraph 15 that the documents "all deal directly with either the negotiations and [*sic*] terms of the acquisition of significant portions of TPPRC's gasoline stations network . . . ."  Paragraph 15 does not mention that the referenced "negotiations" and "acquisition" occurred nine years ago, in 2004.  Paragraphs 15 and 16 never explain how or why information about a 2004 business transaction is still sensitive and needs protection nine years after the fact.  The platitudes and empty jargon that populate paragraphs 15 and 16 provide no reason whatsoever why any of these 14 documents related to a 2004 business transaction are worthy of protection, or how public disclosure of any of these documents would harm TPPRC.

_____

[2] The previous filings by the Total defendants (Total, S.A. and Total Outre-Mer, S.A.) in the underlying motions to dismiss have shown a penchant for sandbagging by presenting new information in reply declarations after plaintiffs point out the shortcomings of the initial motion papers.  In the event that TPPRC engages in such sandbagging by using its reply papers to present support for each of the 14 documents, such new matter should be stricken and ignored, or, in the alternative, plaintiffs should be allowed to submit a sur-reply to respond to the new matter.

**B.**   **Two Example Documents Clearly Do Not Qualify for Confidentiality, Allowing a Reasonable Inference That None of the 14 Documents Qualify.**

TPPRC's motion does not attach copies of the 14 documents for the Court's consideration, and makes no showing that any of the 14 documents meet the criteria to qualify for confidentiality under RCO Section II. C.a.(ii)(1). This alone should be enough to deny TPPRC's motion. But two example documents drawn from among the 14 demonstrate additional grounds for denial of the motion.

Paragraph 15 of TPPRC's motion admits that all of the 14 documents deal with the same "negotiations and terms of the acquisition of significant portions of TPPRC's gasoline stations network," which occurred in 2004. One of the documents for which TPPRC claims confidentiality is Exhibit 2 to the "Declaration of Daniel Boone in Support of Plaintiffs' Opposition to Motion to Dismiss by Defendant Total Outre-Mer, S.A.," filed on May 10, 2013. That Exhibit 2 to the Boone Declaration is attached to this Opposition as Exhibit 2. Each page of Exhibit 2 bears this stamp: "CONFIDENTIAL MATERIALS (per 2004 MDL 1358 Order) – FOR OUTSIDE COUNSEL ONLY." Under Section II. C.a.(ii)(1) of the RCO, documents bearing that stamp meet the criteria for confidentiality only if they "pertain to: (i) recent and future business and marketing plans and activities; and (ii) recent and future research and development activities . . . ."

The various documents which make up Exhibit 2 are all dated 2004, and as paragraph 15 of TPPRC's motion admits, all deal with the negotiations and terms of a 2004 business transaction by which TOM and TPPRC acquired assets in Puerto Rico. These 2004 documents do not meet the RCO criteria because they do not pertain to any "recent" business and marketing

plans and activities.  None of the documents in Exhibit 2 pertain to any future plans and activities either, but instead merely describe the negotiations and terms the parties were wrangling over in 2004.  Exhibit 2 clearly does not meet the RCO criteria for confidentiality.

Another of the 14 documents for which TPPRC claims confidentiality is Exhibit 3 to the same "Declaration of Daniel Boone in Support of Plaintiffs' Opposition to Motion to Dismiss by Defendant Total Outre-Mer, S.A.," filed on May 10, 2013.  That Exhibit 3 to the Boone Declaration is attached to this Opposition as Exhibit 3.  Each page of Exhibit 3 also bears the stamp, "CONFIDENTIAL MATERIALS (per 2004 MDL 1358 Order) – FOR OUTSIDE COUNSEL ONLY."  Under RCO Section II. C.a.(ii)(1), Exhibit 3 only qualifies for confidentiality if it pertains to "(i) recent and future business and marketing plans and activities; and (ii) recent and future research and development activities . . . ."

Exhibit 3 is excerpts of the 2004 Purchase and Sale Agreement which shows TOM as the "purchaser" of stock and assets in Puerto Rico.  The signature page of the Purchase and Sale Agreement (Ex. 3, page stamped "TPPRC.GENERAL_000735," lower right-hand corner) shows that this agreement was entered into in September 2004.  The excerpts of the Purchase and Sale Agreement do not pertain to any "recent" plans and activities because they are setting forth the terms of a 2004 business transaction.  Nothing in Exhibit 3 pertains to "future business and marketing plans" or "future research and development activities," because they are merely reciting the terms of the 2004 agreement.  Exhibit 3 does not meet the criteria to qualify as a confidential document under the RCO.

Exhibits 2 and 3, drawn from the 14, demonstrate that TPPRC has overreached and designated documents as confidential which do not meet the criteria for confidentiality under the

RCO. In the absence of any showing by TPPRC that any of the 14 documents meet the criteria, it is reasonable to infer that those documents do not meet the criteria, and deny TPPRC's motion.

**C.**     **The Court and Parties Should Not be Burdened With TPPRC's Unsupported Claims of Confidentiality.**

The use and filing of documents designated as confidential is burdensome. A party filing such a document must file a redacted copy, lodge a sealed, unredacted copy, give notice of the filing to the designating party, then file an opposition such as this one if the designating party files the motion to keep the documents under seal. The Court is also burdened by these added procedures, receiving and holding the unredacted filings under seal, and receiving and processing and ruling on motions like the current motion. Use of designated documents is also more burdensome at depositions, in written discovery, and at trial.

It is easy to instruct a document processor to inflict a confidentiality stamp on pages of a document production, and TPPRC did that. It is much more difficult to show that the documents bearing that stamp actually meet the criteria of Section II. C.a.(ii)(1) of the RCO. TPPRC did not even try to do that. Strict enforcement of the RCO criteria for confidentiality should discourage TPPRC and other parties from burdening the Court with unnecessary and improper designations of confidentiality in the future.

///

///

///

///

///

///

7

## III.    <u>CONCLUSION.</u>

Based on the foregoing points, authorities, arguments and evidence submitted herewith, and on any further matter which the Court may require or allow, plaintiffs respectfully request that the Court deny TPPRC's Motion for the Entry of Protective and Sealing Order.


Dated this 17th day of June, 2013.                    Respectfully submitted,

                                                       Daniel Boone
                                                       Counsel for Plaintiffs
                                                       Miller, Axline & Sawyer
                                                       1050 Fulton Avenue, Suite 100
                                                       Sacramento, California  95825

## DECLARATION OF DANIEL BOONE

I, Daniel Boone, declare:

1.        I am one of the attorneys in this case for plaintiffs Commonwealth of Puerto Rico and Commonwealth of Puerto Rico through the Environmental Quality Board.  I have been involved in the discovery and pretrial proceedings in this action.  The exhibits attached to this declaration are kept in the ordinary course of business in the litigation files at Miller, Axline & Sawyer, and were copied from those files by me or someone acting under my supervision.  This Declaration is based on my personal knowledge and, if called as a witness, I could testify competently thereto.

2.        Attached hereto as Exhibit 1 is a true and correct duplicate copy of the Revised Confidentiality Order filed by this Court on September 24, 2004.

3.        Attached hereto as Exhibit 2 is a true and correct duplicate copy of one of the 14 documents for which TPPRC's motion claims confidentiality.  This document was previously filed as Exhibit 2 to the "Declaration of Daniel Boone in Support of Plaintiffs' Opposition to Motion to Dismiss by Defendant Total Outre-Mer, S.A.," filed on May 10, 2013.

4.        Attached hereto as Exhibit 3 is a true and correct duplicate copy of one of the 14 documents for which TPPRC's motion claims confidentiality.  This document was previously filed as Exhibit 3 to the "Declaration of Daniel Boone in Support of Plaintiffs' Opposition to

///

///

///

///

9

Motion to Dismiss by Defendant Total Outre-Mer, S.A.," filed on May 10, 2013.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed this 17th  day of June, 2013, at Sacramento, California.

_____
DANIEL BOONE

# Exhibit 1

U. S. DISTRICT COURT
FILED
SEP 24 2004
S. D. OF N. Y.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------x

IN RE: METHYL TERTIARY BUTYL
ETHER ("MTBE") PRODUCTS LIABILITY
LITIGATION

This Document Relates To: All Cases

----------------------------------------------------x

Master File C.A.
No. 00 Civ. 1898

MDL No. 1358(SAS)

**REVISED**
**CONFIDENTIALITY ORDER**

## INTRODUCTION

This Court signed a Confidentiality Agreement and Order herein on May 30, 2001,

which was entered in the office of the Clerk on June 1, 2001 (the "Agreement and Order").

This Revised Confidentiality Order ("Order") supersedes that Agreement and Order; provided,

however, that the Agreement and Order will remain enforceable as regards any violations

thereof during its effective period (i.e., from May 30, 2001 until the effective date hereof) and

concerning the confidentiality of document(s), information or other thing(s) produced or

disclosed pursuant thereto, except as otherwise provided in this Order.

### I. **DEFINITIONS**

A.    This Action

As used in this Order, the term "THIS ACTION" refers to MDL No. 1358, In re: Methyl

Tertiary Butyl Ether ("MTBE") Products Liability Litigation and cases currently consolidated in

same, or to be consolidated under this MDL, including any retrial or appeal of the cases.

B.    Document(s), Information or Other Thing(s)

1

As used in this Order, the term "DOCUMENT(S)," INFORMATION OR OTHER THING(S)" includes, but is not limited to, interrogatory responses, responses to requests for production of documents and things, responses to requests for admissions, deposition testimony upon oral or written examination, deposition exhibits, motions, affidavits, exhibits, and any other "writings and recordings," as defined in Rule 1001(1) of the Federal Rules of Evidence, made available or produced by the parties and/or submitted to the Court during THIS ACTION. "DOCUMENT(S), INFORMATION OR OTHER THING(S)" also includes data that is available electronically on computer systems.

C.    Days

As used in this Order, the terms "DAY" or "DAYS" shall mean court days.

D.    Produced or Disclosed

As used in this Order, the term "PRODUCED OR DISCLOSED" includes, without limitation, all DOCUMENT(S), INFORMATION OR OTHER THING(S) made available for inspection and/or copying by any party and/or submitted to the Court in THIS ACTION.

E.    Persons

The terms "PERSON" or "PERSONS" include a natural person, firm, association, organization, partnership, business trust, corporation or public entity.

F.    Approved Copying Service

As used in this Order, the term "APPROVED COPYING SERVICE" means any one of the three copying services that the parties, at a conference before the Special Master, agreed to identify and select among, for the purpose of copying documents PRODUCED OR DISCLOSED in THIS

2

ACTION.

G.    <u>Producing and Receiving Parties</u>

As used in this Order, a "PRODUCING PARTY" is a party producing or disclosing DOCUMENT(S), INFORMATION OR OTHER THING(S) in THIS ACTION, and a "RECEIVING PARTY" is a party to which such DOCUMENT(S), INFORMATION OR OTHER THING(S) are produced or disclosed in THIS ACTION.

H.    <u>Court</u>

As used in this Order, references to the "COURT" shall include the Special Master if the matter referred to has been referred to the Special Master for any purpose by the Court in its Order of June 18, 2004 or in any subsequent order.  Otherwise it will mean the District Judge to whom THIS ACTION has been assigned.

## II. <u>PROTECTIVE ORDER</u>

With respect to DOCUMENT(S), INFORMATION OR OTHER THING(S) that are PRODUCED OR DISCLOSED by Plaintiffs in THIS ACTION or Defendants in THIS ACTION, the following terms, conditions and restrictions shall govern:

A.    This Order shall apply to all DOCUMENT(S), INFORMATION OR OTHER THING(S) that are PRODUCED OR DISCLOSED in THIS ACTION by Plaintiffs or Defendants.

B.    <u>Production of Documents and Copying Costs</u>.

a.    Subject to the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, and the terms of this Order, Plaintiffs and Defendants shall produce at their discretion original documents or legible and accurate copies of original documents. To the

3

extent the RECEIVING PARTY requests a copy of any such documents, the RECEIVING PARTY shall bear the costs of reproduction. This fee is intended and construed only as payment for reproduction. It does not indicate any transfer of ownership in the reproduced documents.

b.     Each PRODUCING PARTY has the right to have persons present in the inspection room at all times during the other party's inspection of documents and materials PRODUCED OR DISCLOSED pursuant hereto. The original documents and materials PRODUCED OR DISCLOSED under the terms of this Order shall remain in the custody and control of the PRODUCING PARTY at all times, except as otherwise provided herein.

C.     Confidential Document(s), Information or Other Thing(s)

a.     (i)     All DOCUMENT(S), INFORMATION OR OTHER THING(S) PRODUCED OR DISCLOSED in THIS ACTION by Plaintiffs or Defendants which are stamped, written or printed (collectively, "stamped") on each page, in accordance with this Section, with at least one of the two following Confidentiality Designations -- "CONFIDENTIAL (per 2004 MDL 1358 Order)" or "CONFIDENTIAL MATERIALS (per 2004 MDL 1358 Order) – FOR OUTSIDE COUNSEL ONLY" -- shall be deemed confidential subject to this Order, until such time as they are deemed by the Court pursuant to the provisions of this Order (see paras. K and L(a), *infra*), or by consent of the PRODUCING PARTY, to be not confidential. From and after the date of this Order, the parties are to use the aforementioned Confidentiality Designations to designate DOCUMENT(S), INFORMATION AND OTHER THING(S) as confidential. However, with respect to DOCUMENT(S), INFORMATION AND OTHER THING(S) that were PRODUCED OR DISCLOSED under the Agreement and Order and on which the Confidentiality Designations

4

contained therein were used – i.e., "CONFIDENTIAL," "PROPRIETARY" and "CONFIDENTIAL MATERIALS - FOR OUTSIDE COUNSEL ONLY" -- those Designations shall remain effective in accordance with the Agreement and Order and need not be re-stamped or changed; provided, however, that the validity of such Designations from the Agreement and Order will be subject to challenge hereunder in accordance with paras. K and L(a), *infra*.

(ii) For purposes of this Order, "CONFIDENTIAL DOCUMENT(S), INFORMATION OR OTHER THING(S)" are DOCUMENT(S), INFORMATION OR OTHER THING(S) that are PRODUCED OR DISCLOSED in THIS ACTION with Confidentiality Designations in accordance with this Section and:

(1) that are PRODUCED OR DISCLOSED by any party and which are or contain a trade secret or other confidential research, development or commercial information, as those terms are used in Rule 26(c)(7) of the Federal Rules of Civil Procedure, including also any copies, summaries, portions or abstracts thereof; provided, however, that DOCUMENT(S), INFORMATION OR OTHER THING(S) that are PRODUCED OR DISCLOSED pursuant to this Order and stamped "CONFIDENTIAL MATERIALS (per 2004 MDL 1358 Order) – FOR OUTSIDE COUNSEL ONLY" shall mean, and be limited to, CONFIDENTIAL DOCUMENT(S), INFORMATION OR OTHER THING(S) which pertain to: (i) recent and future business and marketing plans and activities; and (ii) recent and future research and development activities; or

(2) that are PRODUCED OR DISCLOSED by any plaintiff or any federal, state or local regulatory agencies, and which disclose or constitute:

A.   The physical address or geographic location of public

5

drinking water wells, storage facilities, pumping stations, and water treatment facilities;

B.     Water system schematics and facility maps;

C.     Pipeline maps;

D.     Facility plans and specifications;

E.     Documents that discuss water system vulnerabilities which have not been publicly disclosed;

F.     Documents that explain water system hydraulics or operational practices;

G.     Emergency operations and response plans;

H.     Operation and maintenance manuals;

I.     Documents that disclose water system security plans, practices, and/or precautions, including planned security enhancements; or

J.     Personal information about employees, such as home phone numbers or addresses; or

(3) that are required to be PRODUCED OR DISCLOSED by any defendant and which said defendant believes should receive a Confidentiality Designation (i.e., "CONFIDENTIAL (per 2004 MDL 1358 Order)") in the interest of public safety; provided, however, and notwithstanding anything in this Order to the contrary or otherwise, no such DOCUMENT(S), INFORMATION OR OTHER THING(S) may be stamped with a Confidentiality Designation or accorded confidential treatment under this Order in the interest of public safety unless and until said defendant first applies for and receives from the Special Master an order permitting it to receive such confidential treatment for said DOCUMENT(S), INFORMATION OR OTHER THING(S) in the interest of public safety.

(iii) . DOCUMENT(S), INFORMATION OR OTHER THING(S) may only be designated with a Confidentiality Designation if they have been reviewed by an attorney and if that attorney entertains a good faith belief that the DOCUMENT(S), INFORMATION OR OTHER THING(S) are entitled to confidentiality. Only those portions of the DOCUMENT(S), INFORMATION OR OTHER THING(S) deemed by counsel to be confidential shall be so designated.

        b.     CONFIDENTIAL DOCUMENT(S), INFORMATION OR OTHER THING(S) do not include DOCUMENT(S), INFORMATION OR OTHER THING(S)

        (i) which are available or become available to the public, except if that occurs through violation of this Order;

        (ii) that, at the time of production, the RECEIVING PARTY already possesses (for documents and things) or knows (for information), as evidenced by written documentation, and were rightfully obtained by that party without an obligation of confidentiality;

        (iii) that, at the time of production, are stamped with a Confidentiality Designation but that subsequently the RECEIVING PARTY rightfully receives copies of without an obligation of confidentiality;

        (iv) that the RECEIVING PARTY develops independently through PERSONS who have had no access to CONFIDENTIAL DOCUMENT(S), INFORMATION OR OTHER THING(S); and

        (v) that are produced in THIS ACTION without a stamped Confidentiality Designation, except as otherwise provided herein or unless otherwise agreed by the parties.

The PRODUCING PARTY shall make a good faith effort to notify the RECEIVING PARTY in writing of the production of CONFIDENTIAL DOCUMENT(S), INFORMATION OR OTHER THING(S) and the location of such materials if possible to denote.

D.     Notwithstanding any provisions herein to the contrary, in light of the large volume of documents to be produced in THIS ACTION, certain of such documents may not have been reviewed for confidentiality purposes at the time that the RECEIVING PARTY performs its initial review thereof.  Therefore, the PRODUCING PARTY has the right to designate confidential documents after they are selected by the RECEIVING PARTY for copying, in accordance with the following procedure:

a.     Upon selection for copying, the documents will be promptly picked up, Bates stamped and copied by the APPROVED COPYING SERVICE selected by the RECEIVING PARTY.  At the PRODUCING PARTY'S option, either one or two Bates-stamped copies will be made -- one for the RECEIVING PARTY and (if requested) one for the PRODUCING PARTY (each side to pay for the cost of making its copy).

b.     The APPROVED COPYING SERVICE will return the original documents to the PRODUCING PARTY promptly after the copying is complete, together with Bates-stamped copies thereof for the PRODUCING PARTY (if such copies have not been requested, then the originals shall be Bates-stamped).  "Original documents" as used herein mean the documents picked up by the APPROVED COPYING SERVICE for copying.

c.     The  APPROVED  COPYING  SERVICE  shall  also  deliver  to  the PRODUCING PARTY, in boxes taped shut, the copies that were made for the RECEIVING PARTY.  Prior to said delivery the APPROVED COPYING SERVICE shall make a record of the Bates numbers of the copies and supply same to the PRODUCING and to the RECEIVING PARTIES.  The PRODUCING PARTY shall not open the taped boxes of the RECEIVING

8

PARTY'S copies, except in the presence of the RECEIVING PARTY, as described *infra*;

        d.    The PRODUCING PARTY shall have 15 days from its receipt of its Bates-stamped copies to review such copies to determine if any of the produced documents are confidential. By or before the expiration of such 15-day period, the PRODUCING PARTY shall notify the RECEIVING PARTY, in writing by Bates number reference, of any documents to which the PRODUCING PARTY wishes to apply a Confidentiality Designation. The parties shall work out a mutually acceptable and expeditious procedure by which that is done in the presence of both parties, after which the copies shall be promptly delivered to the RECEIVING PARTY.

        e.    The "clawback" procedure described above regarding confidential documents is based on the assumption that document productions will be responsive and focused and not what is colloquially called a "document dump," i.e., a bad faith, indiscriminate production of large quantities of documents without regard to responsiveness in order to bury responsive documents beneath a mountain of non-responsive ones. Complaints of a document dump, if any and by either side, shall be brought to the attention of the Court, which may result *inter alia* in this "clawback" procedure being modified or eliminated in the Court's discretion.

        E.    The parties and their counsel in THIS ACTION, and any other persons who agree to be bound by this Order, may not use, disseminate or disclose any CONFIDENTIAL DOCUMENT(S), INFORMATION OR OTHER THING(S), except as set forth in Paragraphs F and G, *infra*.

        F.    Subject to Paragraph G, *infra*, CONFIDENTIAL DOCUMENT(S), INFORMATION OR OTHER THING(S) that are PRODUCED OR DISCLOSED in THIS ACTION shall not be

disseminated or disclosed to any PERSON except:

         a.     Plaintiffs, their respective counsel and employees including stenographic and clerical personnel, whose advice, consultation or assistance are being or will be used by Plaintiffs in connection with the prosecution and preparation for trial of THIS ACTION, or Defendants, their respective counsel and employees, including stenographic and clerical personnel, whose advice, consultation or assistance are being or will be used by Defendants in connection with the defense and preparation for trial of THIS ACTION;

         b.     An attorney of record in an action (including any of the Plaintiffs' counsel in THIS ACTION) where the complaint alleges that the manufacture, distribution or sale of gasoline containing MTBE violates statutory or common law ("OTHER MTBE ACTIONS") and where the attorney provides written assurance to counsel representing the party whose CONFIDENTIAL DOCUMENT(S), INFORMATION OR OTHER THING(S) are being reviewed that:

         (i) he/she has read this Order and agrees to be bound by its terms, by executing the Agreement attached as Exhibit A;

         (ii) he/she identifies the CONFIDENTIAL DOCUMENT(S), INFORMATION OR OTHER THING(S) reviewed;

         (iii) he/she agrees to treat all CONFIDENTIAL DOCUMENT(S), INFORMATION OR OTHER THING(S) according to the terms of this Order, and agrees to submit to the jurisdiction of this Court in the Southern District of New York if any disputes arise under this Order;

         (iv) if the OTHER MTBE ACTION continues after THIS ACTION terminates, the Court in the Southern District of New York shall maintain continuing jurisdiction to enforce this Order until the end of the OTHER MTBE ACTION; and

         (v) he/she agrees to comply with the return or destroy provision of Paragraph

M of this Order at the conclusion of the OTHER MTBE ACTION. Such attorney may then make use of the CONFIDENTIAL DOCUMENTS, INFORMATION OR OTHER THING(S) consistent with all limitations and controls set forth herein;

c.      The Court, and those employed by the Court, in which event the CONFIDENTIAL DOCUMENT(S), INFORMATION OR OTHER THING(S) shall be filed under seal consistent with Paragraph L(a) of this Order, and kept under seal in accordance with this Order;

d.      Court reporters who record the depositions or other testimony in THIS ACTION;

e.      Outside experts, consultants, witnesses or potential witnesses for Plaintiffs or Defendants, including their stenographic and clerical personnel, whose advice and consultation are being or will or may be used by any party in connection with the prosecution or defense of THIS ACTION, or their preparation for trial of THIS ACTION, and who have agreed in writing, prior to their review of any CONFIDENTIAL DOCUMENT(S), INFORMATION OR OTHER THING(S), to be bound by this Order by signing the Agreement attached as Exhibit A;

f.      A deponent and the deponent's counsel who have agreed in writing to be bound by this Order by signing the Agreement attached as Exhibit A, but only during the course of the deposition in THIS ACTION, or to the extent reasonably necessary in the preparation for such deposition; and

g.      Any other PERSON or entity upon order of the Court, upon stipulation of the parties or upon the express written agreement of the PRODUCING PARTY.

G.   CONFIDENTIAL DOCUMENT(S), INFORMATION OR OTHER THING(S) that are

11

designated CONFIDENTIAL MATERIALS (per 2004 MDL 1358 Order) – FOR OUTSIDE COUNSEL ONLY and that are PRODUCED OR DISCLOSED in THIS ACTION may be disclosed to the PERSONS referred to in Paragraph F *supra* in accordance with the procedure therein; provided, however, that notwithstanding anything contained in Paragraph F *supra* to the contrary, they may not be disclosed to any of the other Defendants in THIS ACTION or in any OTHER MTBE ACTIONS or to their in-house counsel.

H.      Nothing in this Order shall require Plaintiffs or Defendants, or their respective counsel and employees, including stenographic and clerical personnel, to sign a copy of Exhibit A when testifying as to their own CONFIDENTIAL DOCUMENT(S), INFORMATION OR OTHER THING(S). Also, nothing in this Order shall restrict or apply to the use, maintenance or handling of their own CONFIDENTIAL DOCUMENT(S), INFORMATION OR OTHER THING(S) by Plaintiffs or Defendants in their normal business operations.

I.      Nothing in this Order shall prohibit a PERSON from releasing its own CONFIDENTIAL DOCUMENT(S), INFORMATION OR OTHER THING(S) as it sees fit, and such release shall not constitute a waiver of any of the terms of this Order, unless the release is made to the public domain.

J.      No PERSON receiving CONFIDENTIAL DOCUMENT(S), INFORMATION OR OTHER THING(S) that are PRODUCED OR DISCLOSED pursuant to this Order shall disclose said CONFIDENTIAL DOCUMENT(S), INFORMATION OR OTHER THING(S) to any other PERSON, except as permitted by and in accordance with this Order.

K.      Any party hereto may challenge the claim of confidentiality of any DOCUMENT(S),

12

INFORMATION OR OTHER THING(S) by notifying counsel for the party claiming confidentiality, in writing, of the basis for its challenge to the claim.  Counsel for the party claiming confidentiality must respond in writing within ten (10) DAYS from receipt of said written challenge (unless that time is extended by court order or by written agreement of the parties), and the parties should then meet and confer promptly to try to resolve the dispute.  If the parties cannot resolve the dispute, and if the party claiming confidentiality does not bring a motion for protection of the DOCUMENT(S), INFORMATION OR OTHER THING(S) within 30 days after said party receives notice of the challenge (unless that time is extended by court order or by written agreement of the parties), then the confidentiality claim to such DOCUMENT(S), INFORMATION OR OTHER THING(S) shall be deemed waived.  The DOCUMENT(S), INFORMATION OR OTHER THING(S) shall then be treated as any other non-confidential DOCUMENT(S), INFORMATION OR OTHER THING(S) produced in THIS ACTION and their Confidentiality Designations may be removed or replaced with "Confidentiality Waived (per 2004 MDL 1358 Order)."  Until the earlier of    (a) the expiration of the 30-day period set forth above (or any extension thereof) with no motion for protection being made, or  (b) the date the Court issues a ruling on the dispute, and until any and all proceedings and interlocutory appeals challenging such decision have been concluded, the CONFIDENTIAL DOCUMENT(S), INFORMATION OR OTHER THING(S) shall continue to be deemed confidential under the terms of this Order.  This Order does not affect the burden of proof, which remains with the party seeking the confidentiality protection.

L.      The following court procedures shall apply with respect to the use of CONFIDENTIAL DOCUMENT(S), INFORMATION OR OTHER THING(S) or portions thereof

13

that are PRODUCED OR DISCLOSED in THIS ACTION:

a.      In order to file CONFIDENTIAL DOCUMENT(S), INFORMATION OR OTHER THING(S) or confidential portions of CONFIDENTIAL DOCUMENT(S), INFORMATION OR OTHER THING(S) under seal with the Court, the filing party must  (i) concurrently file redacted copies,  (ii) lodge unredacted originals with the court in an envelope labeled "CONDITIONALLY UNDER SEAL" and,  (iii) if the CONFIDENTIAL DOCUMENT(S), INFORMATION OR OTHER THING(S) were designated confidential by another party, give written notice to that party that the DOCUMENT(S), INFORMATION OR OTHER THING(S) will be placed in the public file, unless within 30 days of the notice such party files a motion for a sealing order.   If the party that so designated the DOCUMENT(S), INFORMATION OR OTHER THING(S) fails to file such a motion within 30 days (unless extended by the Court for good cause or by written agreement between the parties), that party shall be deemed to have consented to the public filing of the DOCUMENT(S), INFORMATION OR OTHER THING(S).  In that event, the clerk shall remove the originals from the envelope labeled "CONDITIONALLY UNDER SEAL" and file the complete DOCUMENT(S), INFORMATION OR OTHER THING(S) along with the related pleading, memorandum of points and authorities, or affidavit or declaration in the public file. However, if the party that designated the DOCUMENT(S), INFORMATION OR OTHER THING(S) confidential files such a motion within 30 days (or within any extension ordered by the Court or agreed to in writing by the parties), the materials shall remain conditionally under seal until the Court rules on the motion, and thereafter shall be filed in the manner directed by the Court.

b.      In the case of depositions upon oral examination, if counsel for a party has a

14

reasonable and good faith belief that any question or answer contains or refers to CONFIDENTIAL

DOCUMENT(S), INFORMATION OR OTHER THING(S), counsel shall so state on the record,

and shall request that those pages that include such CONFIDENTIAL DOCUMENT(S),

INFORMATION OR OTHER THING(S) be marked confidential.  When testimony designated

confidential is elicited during a deposition, persons not entitled to receive such information under the

terms of this Order shall be excluded from the deposition.  Transcripts containing testimony or

exhibits designated as containing CONFIDENTIAL DOCUMENT(S), INFORMATION OR OTHER

THING(S) shall be marked by the court reporter, prior to transcript distribution, with the legend

"THIS TRANSCRIPT CONTAINS CONFIDENTIAL DOCUMENT(S), INFORMATION OR

OTHER THING(S)," and those pages of the deposition transcript (and referenced exhibits) that are

designated confidential shall be treated as such in accordance with this Order.  In addition to

designating, during the deposition, any question or answer as confidential, counsel may designate any

portion of the deposition transcript as a CONFIDENTIAL DOCUMENT(S), INFORMATION OR

OTHER THING(S) at any time within ten (10) DAYS of receiving the deposition transcript from the

court reporter. Notice of such designation shall be made in writing to the court reporter, with copies

to all counsel in THIS ACTION, specifying the portion(s) of the transcript and exhibits that constitute

or contain CONFIDENTIAL DOCUMENT(S), INFORMATION OR OTHER THING(S).  Such

designation shall be made in conformity with Section II, C *supra*.  Counsel receiving such a written

designation shall be responsible for exercising their best efforts to ensure that the CONFIDENTIAL

DOCUMENT(S), INFORMATION OR OTHER THING(S)  so designated are not disclosed to

persons not entitled to receive such CONFIDENTIAL DOCUMENT(S), INFORMATION OR

OTHER THING(S) under the terms of this Order. Until expiration of the ten (10) DAY period described above, all deposition transcripts shall be considered and treated as though containing CONFIDENTIAL DOCUMENT(S). INFORMATION OR OTHER THING(S), unless otherwise agreed on the record at the deposition.

M.    Within thirty (30) DAYS after the expiration of the last applicable deadline for the last permitted appeal, rehearing or reconsideration related to THIS ACTION, CONFIDENTIAL DOCUMENT(S), INFORMATION OR OTHER THING(S) that are PRODUCED OR DISCLOSED pursuant to this Order shall be returned to counsel of record of the party who PRODUCED OR DISCLOSED them. Alternatively, the party receiving CONFIDENTIAL DOCUMENT(S), INFORMATION OR OTHER THING(S) shall have the option of destroying all CONFIDENTIAL DOCUMENT(S), INFORMATION OR OTHER THING(S) and providing an affidavit from its counsel of record to the party in THIS ACTION who PRODUCED OR DISCLOSED the CONFIDENTIAL DOCUMENT(S), INFORMATION OR OTHER THING(S) that the party in possession thereof has destroyed them.

N.    No party shall disclose any CONFIDENTIAL DOCUMENT(S), INFORMATION OR OTHER THING(S) to any other party except as provided herein, and except as may be required by applicable law or legal process. All parties shall take reasonable steps to keep an accurate record of the location of and insure proper and secure storage of all CONFIDENTIAL DOCUMENT(S), INFORMATION OR OTHER THING(S).

O.    An inadvertent disclosure of any CONFIDENTIAL DOCUMENT(S), INFORMATION OR OTHER THING(S) shall not be a violation of this Order. If any party is

16

responsible for any inadvertent disclosure, that party will take all reasonable steps to remedy the inadvertent disclosure, including, but not limited to, retrieving all copies of CONFIDENTIAL DOCUMENT(S), INFORMATION OR OTHER THING(S), informing the recipients of such DOCUMENT(S), INFORMATION OR OTHER THING(S) of their confidential nature and informing the PRODUCING PARTY as well.

P.    Any party hereto that claims improper disclosure of CONFIDENTIAL DOCUMENT(S), INFORMATION OR OTHER THING(S) or any other violation of this Order shall notify counsel for the party making the alleged improper disclosure, or other alleged violation of this Order, in writing of the basis of its claim. Counsel for the party making the alleged improper disclosure or other alleged violation of this Order will respond in writing within ten (10) DAYS and the parties will meet and confer to try to resolve the dispute. If the parties cannot resolve the dispute, the matter will be brought before the Court for resolution. Until the Court issues a ruling on the dispute, and until any and all proceedings and interlocutory appeals challenging such alleged violations have been concluded, the CONFIDENTIAL DOCUMENT(S), INFORMATION OR OTHER THING(S) at issue in the dispute shall continue to be deemed confidential under the terms of this Order. This Order does not affect the burden of proof, which remains with the party seeking to protect or preserve confidentiality and/or otherwise remedy the alleged violation of this Order.

Q.    It will be in the Court's discretion to award costs and appropriate attorney's fees to the prevailing party in any dispute over alleged improper and knowing and/or intentional disclosure of CONFIDENTIAL DOCUMENTS, INFORMATION OR OTHER THING(S), alleged bad faith designations of documents with Confidentiality Designations or any other matters arising under this

17

Order which constitute knowing and/or intentional violations.

      R.      The Court shall retain jurisdiction over the enforcement of this Order notwithstanding the termination of MDL No. 1358.

      S.      Within 10 DAYS of the filing of this Order, counsel for each of the parties to THIS ACTION shall acknowledge in writing that they have received and reviewed a copy of this Order and shall promptly file said acknowledgment with the Clerk of the Court. Attached are lists of all current plaintiffs and their counsel (Exhibit B) and of all defendants and their counsel (Exhibit C) in THIS ACTION.

Dated: September 23, 2004

                    SO ORDERED:

                    _____
                    HON. SHIRA A. SCHEINDLIN
                    United States District Court
                    Southern District of New York

# Exhibit 2

# EXHIBIT 2
# HAS BEEN REDACTED
# IN ITS ENTIRETY



REDACTED

CONFIDENTIAL MATERIALS (per 2004 MDL 1358 Order) -
FOR OUTSIDE COUNSEL ONLY

REDACTED

CONFIDENTIAL MATERIALS (per 2004 MDL 1358 Order) -
FOR OUTSIDE COUNSEL ONLY



REDACTED

CONFIDENTIAL MATERIALS (per 2004 MDL 1358 Order) -
FOR OUTSIDE COUNSEL ONLY

REDACTED



CONFIDENTIAL MATERIALS (per 2004 MDL 1358 Order) -
FOR OUTSIDE COUNSEL ONLY



REDACTED

REDACTED

CONFIDENTIAL MATERIALS (per 2004 MDL 1358 Order) -
FOR OUTSIDE COUNSEL ONLY



REDACTED

CONFIDENTIAL MATERIALS (per 2004 MDL 1358 Order) -
FOR OUTSIDE COUNSEL ONLY



REDACTED

CONFIDENTIAL MATERIALS (per 2004 MDL 1358 Order) -
FOR OUTSIDE COUNSEL ONLY

REDACTED

CONFIDENTIAL MATERIALS (per 2004 MDL 1358 Order) -
FOR OUTSIDE COUNSEL ONLY

REDACTED

CONFIDENTIAL MATERIALS (per 2004 MDL 1358 Order) -
FOR OUTSIDE COUNSEL ONLY

# Exhibit 3

# EXHIBIT 3
# HAS BEEN REDACTED
# IN ITS ENTIRETY

REDACTED

CONFIDENTIAL MATERIALS (per 2004 MDL 1358 Order) -
FOR OUTSIDE COUNSEL ONLY

REDACTED

CONFIDENTIAL MATERIALS (per 2004 MDL 1358 Order) -
FOR OUTSIDE COUNSEL ONLY



REDACTED

CONFIDENTIAL MATERIALS (per 2004 MDL 1358 Order) -
FOR OUTSIDE COUNSEL ONLY



REDACTED

CONFIDENTIAL MATERIALS (per 2004 MDL 1358 Order) -
FOR OUTSIDE COUNSEL ONLY

REDACTED

CONFIDENTIAL MATERIALS (per 2004 MDL 1358 Order) -
FOR OUTSIDE COUNSEL ONLY



REDACTED

CONFIDENTIAL MATERIALS (per 2004 MDL 1358 Order) -
FOR OUTSIDE COUNSEL ONLY

REDACTED

CONFIDENTIAL MATERIALS (per 2004 MDL 1358 Order) -
FOR OUTSIDE COUNSEL ONLY



REDACTED

CONFIDENTIAL MATERIALS (per 2004 MDL 1358 Order) -
FOR OUTSIDE COUNSEL ONLY

**REDACTED**

CONFIDENTIAL MATERIALS (per 2004 MDL 1358 Order) -
FOR OUTSIDE COUNSEL ONLY

REDACTED

CONFIDENTIAL MATERIALS (per 2004 MDL 1358 Order) -
FOR OUTSIDE COUNSEL ONLY



REDACTED

CONFIDENTIAL MATERIALS (per 2004 MDL 1358 Order) -
FOR OUTSIDE COUNSEL ONLY

## PROOF OF SERVICE VIA LEXISNEXIS FILE & SERVE

*Commonwealth of Puerto Rico, et al. v. Shell Oil Co., et al.*, United States District Court, Southern District of New York Case No. No. 07 Civ. 10470 (SAS)

I, the undersigned, declare that I am, and was at the time of service of the paper(s) herein referred to, over the age of 18 years and not a party to this action.  My business address is 1050 Fulton Avenue, Suite 100, Sacramento, CA  95825-4225.

On the date below, I served the following document on all counsel in this action electronically through LexisNexis File & Serve:

**PLAINTIFFS' OPPOSITION TO THE TPPRC MOTION FOR THE ENTRY OF PROTECTIVE AND SEALING ORDERS; DECLARATION OF DANIEL BOONE**

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on June 17, 2013, at Sacramento, California.

CHRISTINA KELLER