UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------- X
                                                       :
IN RE: METHYL TERTIARY BUTYL                           :
ETHER ("MTBE") PRODUCTS                                :
LIABILITY LITIGATION                                   :
----------------------------------------------------- :
                                                       :
This document relates to:                              :
                                                       :
*Commonwealth of Puerto Rico v. Shell Oil*             :
*Co. et al.*, 07 Civ. 10470                            :
                                                       :
----------------------------------------------------- X
SHIRA A. SCHEINDLIN, U.S.D.J.:



<u>MEMORANDUM AND</u>
<u>ORDER</u>

**Master File No. 1:00-1898**
**MDL 1358 (SAS)**
**M21-88**

## I.    INTRODUCTION

          This is a consolidated multi-district litigation ("MDL") relating to

contamination — actual or threatened — of groundwater from various defendants'

use of the gasoline additive methyl tertiary butyl ether ("MTBE") and/or tertiary

butyl alcohol, a product formed by the breakdown of MTBE in water.  In this case,

the Commonwealth of Puerto Rico ("the Commonwealth") alleges that defendants'

use and handling of MTBE has contaminated, or threatened to contaminate,

groundwater within its jurisdiction.  Familiarity with the underlying facts is

presumed for the purposes of this Order.

          On July 16, 2013, I granted Peerless Oil and Chemical, Inc.'s

("Peerless") motion to dismiss for failure to state a claim as well as Trammo

-1-

Petroleum, Inc. and Trammo Caribbean, Inc.'s (collectively, "Trammo

Defendants") motion to dismiss for lack of personal jurisdiction and failure to state

a claim.[1]  I dismissed the claims against Peerless as time-barred by Puerto Rico's

one-year statute of limitations on the grounds that:

> (1) judicial notice can be taken of Peerless' permits and
> licenses in order to establish that the Commonwealth had
> constructive knowledge of Peerless' operations; (2) the
> Commonwealth added Peerless to this action after the
> Supreme Court of Puerto Rico changed its tolling rule for
> jointly and severally liable defendants in *Fraguada*, which
> eliminated the Commonwealth's ability to add Peerless as
> a defendant; and (3) the Commonwealth has not properly
> alleged a continuous tort that could trigger a new claim.[2]

On similar grounds, I dismissed the claims against the Trammo Defendants as

time-barred "because the Commonwealth had knowledge of both the alleged injury

and the identity of the alleged tortfeasors as of 2007."[3]  The Commonwealth now

moves under Local Rule 6.3 for reconsideration of the dismissal of Peerless and the

Trammo Defendants (collectively, "Defendants") from the Third Amended

---

[1]      *See* 7/18/13 Opinion and Order ("MTD Op.") at 41–48.  I also granted
Total S.A.'s and Total-Outre Mer, S.A.'s motion to dismiss for lack of personal
jurisdiction and failure to state a claim. *See id.* at 31–41.

[2]      *Id.* at 41–42.  I denied leave to amend the complaint a fourth time on
the grounds of futility. *See id.* at 46 n.191.

[3]      *Id.* at 48.

Complaint.[4]  For the reasons set forth below, the Commonwealth's motion is
DENIED.

## II.    MOTION FOR RECONSIDERATION STANDARD

Motions for reconsideration are governed by Local Rule 6.3 and are
committed to the sound discretion of the district court.[5]  A motion for
reconsideration is appropriate where "'the moving party can point to controlling
decisions or data that the court overlooked — matters, in other words, that might
reasonably be expected to alter the conclusion reached by the court.'"[6]  A motion
for reconsideration may also be granted to "'correct a clear error or prevent
manifest injustice.'"[7]

------

[4]      *See* Memorandum of Law in Support of the Commonwealth's Motion
for Reconsideration of the Court's MTD Op. or, in the Alternative, Certification of
Questions to the Supreme Court of Puerto Rico ("Pl. Mem.").  The Commonwealth
has not challenged the dismissal of Total S.A. and Total-Outre Mer, S.A.  *See id.* at
1 n.2.

[5]      *See Patterson v. U.S.*, No. 04 Civ. 3140, 2006 WL 2067036, at *1
(S.D.N.Y. July 26, 2006) ("The decision to grant or deny a motion for
reconsideration is within the sound discretion of the district court.") (citing
*McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983)).

[6]      *Jowers v. Family Dollar Stores, Inc.*, 455 Fed. App'x 100, 101 (2d
Cir. 2012) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

[7]      *RST (2005) Inc. v. Research in Motion Ltd.*, No. 07 Civ. 3737, 2009
WL 274467, at *1 (S.D.N.Y.  Feb. 4, 2009) (quoting *Virgin Atl. Airways, Ltd. v.
Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

The purpose of Local Rule 6.3 is to "'ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.'"[8]  Local Rule 6.3 must be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court."[9]  Such motions should not be made reflexively to reargue "'those issues already considered when a party does not like the way the original motion was resolved.'"[10]  A motion for reconsideration is not an "opportunity for making new arguments that could have been previously advanced,"[11] nor is it a substitute for appeal.[12]

---

[8]      *Grand Crossing, L.P. v. U.S. Underwriters Ins. Co.*, No. 03 Civ. 5429, 2008 WL 4525400, at *3 (S.D.N.Y. Oct. 6, 2008) (quoting *S.E.C. v. Ashbury Capital Partners*, No. 00 Civ. 7898, 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001)).  *Accord Commerce Funding Corp. v. Comprehensive Habilitation Servs., Inc.*, 233 F.R.D. 355, 361 (S.D.N.Y. 2005) ("[A] movant may not raise on a motion for reconsideration any matter that it did not raise previously to the court on the underlying motion sought to be reconsidered.").

[9]      *U.S. v. Treacy*, No. 08 CR 366, 2009 WL 47496, at *1 (S.D.N.Y. Jan. 8, 2009) (citation and quotation marks omitted).  *Accord Shrader*, 70 F.3d at 257 (holding that a court will deny the motion when the movant "seeks solely to relitigate an issue already decided").

[10]     *Makas v. Orlando*, No. 06 Civ. 14305, 2008 WL 2139131, at *1 (S.D.N.Y. May 19, 2008) (quoting *In re Houbigant, Inc.*, 914 F. Supp. 997, 1001 (S.D.N.Y. 1996)).

[11]     *Associated Press v. U.S. Dep't of Defense*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005).

[12]     *See Grand Crossing*, 2008 WL 4525400, at *3.

## III.   DISCUSSION

Because the Commonwealth has not pointed to any new or overlooked facts, intervening changes in law, or the possibility of manifest injustice, its motion for reconsideration is denied.

### A.   The "Reasonable Investigation" Standard Applies to the Commonwealth's Knowledge of MTBE Gasoline

In determining that the Commonwealth had knowledge that Defendants were gasoline refiner/suppliers, I found that reasonable investigation would have uncovered government permits and licenses authorizing Defendants to do business in Puerto Rico, regardless of whether the Commonwealth itself issued the permits.[13] Likewise, a cursory investigation would have revealed whether Defendants used MTBE in their gasoline.  The Commonwealth's present claim that my Order conflated knowledge of gasoline distribution with knowledge of "*MTBE gasoline*" distribution therefore provides no grounds for reconsideration.[14]

### B.   The Commonwealth's Present Argument Regarding *Fraguada*[15] Is

---

[13]   *See* MTD Op. at 42–44, 47–48.

[14]   Pl. Mem. at 3–4.

[15]   *Fraguada Bonilla v. Hospital Auxilio Mutuo*, 186 D.P.R. 365, 2012 WL 3655336 (cert. translation by Juan E. Segarra, USCII/translator), Ex. 2 to 5/28/13 Declaration of Daniel Boone, attorney for the Commonwealth, in Support of the Commonwealth's Opposition.  The Commonwealth has supplied a stipulated certified translation of *Fraguada* that I cite as: "*Fraguada* at [page in certified

**Untimely**

In dismissing the claims against Defendants as time-barred,[16] I
considered and rejected the Commonwealth's argument that applying the new
tolling rule of *Fraguada* to its case would be a retroactive application of that rule,
which *Fraguada* expressly forbade.[17] I determined that *Fraguada* applied because
the action against these Defendants was filed after August 13, 2012, when
*Fraguada* was issued.[18] In short, the Commonwealth's continued reliance on
retroactivity is a quintessential attempt to reargue "'those issues already considered
when a party does not like the way the original motion was resolved,'"[19] which is
not a proper basis for reconsideration.[20]

The Commonwealth's argument is as invalid now as it was at the time
of the Order. Following traditional practice when a more restrictive tolling rule is

_____

translation]."

[16]     *See* MTD Op. at 44–45.

[17]     *See* Commonwealth's Opposition to Peerless' Motion to Dismiss
("Opp. Mem.") at 5–6 ("[A]pply[ing] the new rule announced in *Fraguada* in
circumstances where . . . there is a pre-*Fraguada* complaint to which new
defendants are added post-*Fraguada*" would be a retroactive application).

[18]     *See* MTD Op. at 44–45.

[19]     *Makas*, 2008 WL 2139131, at *1 (quoting *In re Houbigant, Inc.*, 914
F. Supp. at 1001).

[20]     *See* Pl. Mem. at 5–7.

announced,[21] the Puerto Rico Supreme Court in *Fraguada* did not apply its new rule retroactively to the plaintiffs in that case.[22]  Nowhere does *Fraguada* indicate that the narrow retroactivity exception should apply to cases filed *after* the date of the court's opinion, nor is there any indication that its new tolling rule should not apply to parties sued after its decision was announced.  Because this would be a marked departure from the usual practice in announcing a new tolling rule, I decline to certify the question to the Puerto Rico Supreme Court.[23]

## C.   The Order Considered the Continuing Nuisance Doctrine

In reasoning that Defendants' lack of continuous tortious conduct did not warrant tolling the statute of limitations,[24] I considered the continuing nuisance doctrine presented in the Commonwealth's brief.[25]  Just as with retroactivity, the

---

[21]    *See Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350, 370 (1991) (O'Connor, J., dissenting) (noting that the Court had never applied a new statute of limitations rule retroactively to the case that announced the new rule so as to bar an otherwise timely action, but rather it reserved application for prospective cases).

[22]    *See Fraguada* at 11 (emphasis added) (stating that "[t]he foregoing [decision that Fraguada should have prospective effect] is based on the fact that the rule is a new rule and so applying it to *this case* would have substantially unfair results for the respondents").

[23]    *See Lehman Bros. v. Schein*, 416 U.S. 386, 390–91 (1974) (noting that certification to local courts "rests in the sound discretion of the federal court").

[24]    *See* MTD Op. at 45–46.

[25]    *See* Opp. Mem. at 6–7.

Commonwealth improperly reargues the tolling resulting from continuous torts.

The Commonwealth points to the same trio of Puerto Rico Supreme Court cases to

support its tolling argument and offers a new case — *Marrero Hernandez v. Esso*

*Standard Oil De Puerto Rico, Inc.*[26] — to persuade this Court to reconsider its

Order.[27] I decline to do so. As before, the three Puerto Rico Supreme Court cases

are of no help to the Commonwealth.[28] The new case cited by the Commonwealth

is not an intervening change in law, nor is it binding precedent overlooked in the

---

[26]     No. 03 Civ. 1485, 2005 WL 1213664 (D.P.R. May 20, 2005)
*judgment vacated in part on reconsideration,* No. 03 Civ. 1485, 2005 WL 1653736
(D.P.R. July 13, 2005).

[27]     *See* Pl. Mem. at 7–10.

[28]     In *Capella v. Carreras*, 57 P.R.R. 250 (1940), the Puerto Rico
Supreme Court quoted the district court: "The defense of [the statute of
limitations] can not be sustained [] inasmuch as at the time the [] suit was
commenced the obstruction or disturbance giving rise to the cause of action still
existed." *Id.* at 257. In response to the district court's statement, the Supreme
Court stated: "The district court is right. The judgment . . . did not decide the case
on the merits . . . It therefore does not have the force of *res judicata.*" *Id.* This
affirmance was made in the context of a *res judicata* analysis, and the court made
no comment about tort doctrine. In *Arcelay v. Sanchez*, 77 P.R.R. 782 (1955),
defendant not only continued to operate but also increased production at its
nuisance-producing milk pasteurization plant. *See id.* at 794. The court stated "the
continuing and gradual character of the *cause which originates* [the nuisance] []
renews continually the wrongful act." *Id.* at 796 (emphasis added). There, the
cause was the defendant's operation and escalation of production, not the presence
of the nuisance. In *Seda v. Mirana Hnos & Co.*, 88 P.R.R. 344 (1963), the court
affirmed its prior rule that "damages caused by a continuing nuisance may be
recovered for the entire period of its maintenance." *Id.* at 349–50. This holding is
irrelevant for tolling purposes.

Order.[29]  Rather it is simply one court's reading of the same Puerto Rico Supreme Court law as was established under *Vega*.[30]  Accordingly, I decline to reconsider the Order dismissing Defendants.

## IV.   CONCLUSION

For the foregoing reasons, the Commonwealth's motion for reconsideration is denied.  The Clerk of the Court is directed to close this motion (Docket No. 319).

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            August 2, 2013

---

[29]    *Jowers*, 455 Fed. App'x at 101.  Indeed, the new case the Commonwealth cites states: "[N]o Puerto Rico Supreme Court case squarely addresses the issue" [of whether the tolling abatement doctrine should extend to toxic spills].  *Marrero*, 2005 WL 1213664 at *4.

[30]    *M.R. (Vega Alta), Inc. v. Caribe Gen. Elec. Prods., Inc.*, 31 F. Supp. 2d 226, 240 (D.P.R. 1998).

## - Appearances -

**Counsel for the Commonwealth**:

Michael Axline, Esq.
Miller, Axline, & Sawyer
1050 Fulton Avenue, Suite 10
Sacramento, CA 95825
Tel: (916) 488-6688
Fax: (916) 488-4288

**Liaison Counsel for Plaintiffs:**

Robin Greenwald, Esq.
Robert Gordon, Esq.
Weitz & Luxenberg, P.C.
180 Maiden Lane
New York, New York 10038
Tel: (212) 558-5500
Fax: (212) 344-5461