UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

In Re: Methyl Tertiary Butyl Ether ("MTBE")
Products Liability Litigation

**This Document Relates To:**

*City of Fresno v. Chevron U.S.A., Inc., et al.,*
Case No. 04-cv-04973

Master File C.A. No.
1:00-1898 (SAS)
MDL 1358

---

### DECLARATION OF M. COY CONNELLY IN SUPPORT OF ULTRAMAR DEFENDANTS' MOTION FOR GOOD FAITH SETTLEMENT DETERMINATION

#4347313.3

## DECLARATION OF M. COY CONNELLY

I, M. Coy Connelly, declare as follows:

1.      I am an attorney duly admitted to practice law before this Court, and am a partner with Bracewell & Giuliani LLP, attorneys of record for Defendants Ultramar Inc., Valero Refining Company-California, and Valero Marketing and Supply Company (the "Ultramar Defendants").  I have personal knowledge of the facts hereinafter set forth and if called as a witness I could and would testify competently to the following:

2.      On August 16, 2013, I informed counsel for Defendants of Ultramar Defendants' settlement with Plaintiff City of Fresno (the "City"), and of Ultramar Defendants' intention to request a good faith settlement determination.  I also provided counsel for Defendants with a copy of the Settlement and Release, and inquired as to whether any of them intended to oppose this Motion.  None of the remaining Defendants have indicated that they intend to oppose the granting of Ultramar Defendants' Good Faith Settlement Motion.

3.      The above-captioned case is part of the federal court MTBE multi-district litigation (MDL 1358) now pending in the United States District Court, Southern District of New York.

4.      On March 15, 2013 certain Defendants filed summary judgment motions on the City's nuisance, negligence, and strict liability claims.  These motions are currently pending before the Court.

5.      Per its identification in Case Management Order #108, the City pursued claims against Ultramar Defendants at seven service station sites for much of this litigation.  These stations are Valley Gas, Beacon-ARCO #615, Tulare Exxon, Beacon 3519, Red Triangle, Smith Tank Lines, and Beacon 537.  However, in March 2013, the City agreed to dismiss its claims

against Ultramar Defendants at two of the seven sites, and withdraw its nuisance cause of action at a third.  With respect to Ultramar Defendants, the City is therefore only asserting the following claims at the following five sites (the "Ultramar Defendants-Related Stations"):

| STATION | CLAIMS |
|---|---|
| Valley Gas (2139 S. Elm) | Strict liability, negligence, nuisance |
| Beacon-ARCO #615 (1625 Chestnut) | Strict liability, negligence, nuisance |
| Tulare Exxon (4594 E. Tulare) | Strict liability, negligence, nuisance |
| Beacon 3519 (4591 E. Belmont) | Strict liability, negligence, nuisance |
| Red Triangle (2809 S. Chestnut) | Strict liability, negligence |

6.     Ultramar Defendants contend that the City has suffered no cognizable injury that would allow the City to recover under any of its causes of action.

7.     Ultramar Defendants deny that their gasoline has contributed to any alleged MTBE or TBA contamination at any of the sites at issue.

8.     Ultramar Defendants contend that they provided adequate warnings regarding MTBE and deny that MTBE, or gasoline containing MTBE, are defective products.

9.     As of August 6, 2013, when the City and Ultramar Defendants agreed to the terms of their Settlement and Release, the settling parties each faced significant uncertainty, including as to which causes of action, if any, the City might prevail on at trial and which Defendants, if any, would be found liable by the jury and, if so, for what amount of damages.

10.     Ultramar Inc. owned the Valley Gas station from November 12, 1974 through November 1, 1991; leased the Beacon-ARCO #615 station beginning on or around November 1984 through May 31, 2007; leased the Tulare Exxon station from January 22, 1985 through August 28, 1995; leased the Beacon 3519 station from March 1, 1971 through October 20, 1999; and never owned, leased, or operated the Red Triangle Station.  Neither Valero Refining Company-California ("VRC-CA") nor Valero Marketing and Supply Company ("VMSC") ever owned or operated any of the sites at issue in this litigation.

-3-

11.     Neither VRC-CA nor VMSC conducted business in the State of California prior to March 16, 2000.  Neither VRC-CA nor VMSC are successors-in-interest to Ultramar Inc.

12.     There is no evidence that Ultramar Inc.'s gasoline was ever delivered to the Red Triangle station.

13.     The City has offered no expert assessment or evidence as to when or how an alleged release of MTBE gasoline from the Ultramar Defendants-Related Stations has impacted or will impact City water wells.  Indeed, the City has failed to provide groundwater modeling or other technical analysis that might indicate or predict the movement of alleged MTBE plumes emanating from the Ultramar Defendants-Related Stations.

14.     No City well has ever had MTBE detections above the State's primary maximum contaminant level ("MCL") or the State's secondary MCL.  In fact, the City has never reported MTBE detections in any of its wells at levels above even 1.5 parts per billion, which is well below California's MCLs.  Of the wells with trace MTBE detections, none have ever been removed from service or treated.  Any future damage costs are highly unlikely, as MTBE has been out of Defendants' gasoline for a decade, and none of the City's wells have appreciable MTBE impacts at this time.

15.     The City has generally failed to proffer a legally sustainable damages case against any party, including Ultramar Defendants.  The City's water treatment expert, Richard Haberman, has not offered any opinions supporting a damages amount that the City might seek to recover at trial.  Indeed, Mr. Haberman did not identify any City well that warranted treatment for MTBE contamination, but rather simply described a limited number of treatment options in the industry (e.g., granular activated carbon treatment) to address MTBE contamination when it actually exists.

-4-

16.     The City provides no expert groundwater modeling to assess the alleged contamination caused, or to predict the contamination that it alleges will be caused, as a result of the purported releases from the sites at issue.  Furthermore, the wells the Ultramar Defendants-Related Sites allegedly impact or threaten have only had sporadic MTBE detections, and all of those detections have been at very low levels that are significantly below the secondary MCL of 5 ppb.

17.     This settlement is not aimed at injuring the interests of any non-settling Defendant or other person.  This settlement agreement is simply the result of the settling parties wishing to resolve their claims in a fair and expedient manner.

18.     Attached hereto as Exhibit 1 is a true and correct copy of the executed Settlement and Release between the City and Ultramar Defendants.

19.     Attached hereto as Exhibit 2 is a true and correct copy of excerpts of the First Amended Complaint in this action.

20.     Attached hereto as Exhibit 3 is a true and correct copy of the Court's Order dated February 4, 2013 dismissing the City's trespass claims.

21.     Attached hereto as Exhibit 4 is a true and correct copy of Case Management Order # 108 (Trial Sites and Dismissed Sites).

22.     Attached hereto as Exhibit 5 is a true and correct copy of a March 6, 2013 letter from M. Axline regarding the City's claims against Ultramar Defendants.

23.     Attached hereto as Exhibit 6 is a true and correct copy of excerpts of the January 11, 2013 Status Conference transcript.

24.     Attached hereto as Exhibit 7 is a true and correct copy of excerpts of the deposition of the City's expert Marcel Moreau, taken April 4-5 and 10-11, 2012.

#4347313.3

25.    Attached hereto as Exhibit 8 is a true and correct copy of excerpts of Marcel Moreau's site-specific Expert Report on the Beacon 3519 station, dated November 2, 2011.

26.    Attached hereto as Exhibit 9 is a true and correct copy of excerpts of Marcel Moreau's site-specific Expert Report on the Valley Gas station, dated November 2, 2011.

27.    Attached hereto as Exhibit 10 is a true and correct copy of excerpts of the deposition of Shirley McMurphy Ahmad, taken February 16, 2011.

28.    Attached hereto as Exhibit 11 is a true and correct copy of excerpts of the Amended Report of Defendants' expert John O'Brien, dated November 21, 2011.

29.    Attached hereto as Exhibit 12 is a true and correct copy of excerpts of the Report of Defendants' expert Christine Wood, dated November 18, 2011.


I declare under penalty of perjury under the laws of the State of Texas that the foregoing is true and correct to the best of my knowledge and that this declaration was executed on August 16, 2013 at Houston, Texas.

M. Coy Connelly

#4347313.3