-1-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

In Re: Methyl Tertiary Butyl Ether ("MTBE")
Products Liability Litigation

**This Document Relates To:**

*City of Fresno v. Chevron U.S.A., Inc., et al.*,
Case No. 04-cv-04973

Master File C.A. No.
1:00-1898 (SAS)
MDL 1358

---

### ULTRAMAR DEFENDANTS' NOTICE OF MOTION AND MOTION FOR GOOD FAITH SETTLEMENT DETERMINATION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, at a time and date to be determined by the Court, at the

United States Courthouse located at 500 Pearl Street, New York, New York, Defendants

Ultramar Inc., Valero Refining Company-California, and Valero Marketing and Supply

Company (the "Ultramar Defendants") will, and hereby do, move this Court for an order

determining that the settlement entered into between Plaintiff City of Fresno (the "City") and

Ultramar Defendants (the "Settlement and Release") is a good faith settlement within the

meaning of California Code of Civil Procedure §§ 877 and 877.6, and further ordering the

following:

1.      The negotiations of the Settlement and Release between the City and Ultramar

Defendants were conducted fairly, in good faith, and at arm's length.  There is no evidence of

bad faith, fraud, collusion, tortious conduct, or any intent to impact unfairly or injure the rights or

interests of any non-settling defendants or any other person or entity.  In addition, the Settlement

and Release roughly approximates Ultramar Defendants' potential proportional liability.

-1-

#4319184.1

-2-

2.      The Settlement and Release between the City and Ultramar Defendants was made in good faith and constitutes a "good faith settlement" within the meaning of California Code of Civil Procedure §§ 877 and 877.6, and case law interpreting those sections, including *Tech-Bilt v. Woodward-Clyde & Associates*, 38 Cal. 3d 488 (1985).

3.      Pursuant to California Code of Civil Procedure § 877.6(c), this good faith determination shall bar any and all further claims by any person, including, but not limited to, any defendant, former defendant, prior settling defendant, cross-complainant, and/or former cross-complainant, against Ultramar Defendants and the "Released Parties," as that term is defined in the Settlement and Release, for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault.

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Law, the Declaration of M. Coy Connelly ("Connelly Decl.") and accompanying exhibits, filed concurrently herewith, and such other materials and argument as may be presented to the Court at or before the time of the hearing of this motion.

On August 16, 2013, Ultramar Defendants informed the non-settling defendants of the Settlement and Release between Ultramar Defendants and the City and Ultramar Defendants' intention to seek a good faith determination from this Court. Connelly Decl., ¶ 2. A copy of the Settlement and Release was provided to the non-settling defendants at that time. *Id.* Ultramar Defendants have received no indication that any non-settling defendant intends to oppose this Motion, and therefore believe that no party will oppose this Motion. *Id.*

-2-

-3-

Dated:  August 16, 2013

Respectfully submitted,

BRACEWELL & GIULIANI LLP

By:  ____/s/  M. Coy Connelly_____
        M. Coy Connelly
Attorneys for Defendants Ultramar Inc.,
Valero Refining Company-California, and
Valero Marketing and Supply Company

#4319184.1

-4-

**CERTIFICATE OF SERVICE**

I, M. Coy Connelly, hereby declare under penalty of perjury that a true and correct copy

of Ultramar Defendants' Notice of Motion and Motion for Good Faith Settlement Determination

was served this 16th day of August, 2013 upon all counsel via LexisNexis File and Serve.


/s/  M. Coy Connelly
M. COY CONNELLY

#4319184.1