# McDermott Will & Emery

Boston  Brussels  Chicago  Dusseldorf  London  Los Angeles  Miami  Munich
New York  Orange County  Rome  San Diego  Silicon Valley  Washington, D.C.

Peter J. Sacripanti
Attorney at Law
psacripanti@mwe.com
212 547 5583

August 30, 2013

**BY ELECTRONIC MAIL AND HAND DELIVERY**

The Honorable Shira A. Scheindlin
United States District Judge
Southern District of New York
500 Pearl Street, Room 1620
New York, New York 10007-1312

    Re:   Master File C.A. No. 1:00-1898 (SAS), M21-88, MDL No. 1358
             *Defendants' Pre-Conference Letter for September 10, 2013 Conference*

Dear Judge Scheindlin:

Defendants respectfully submit this letter for the September 10, 2013 status conference.

## JOINT AGENDA ITEMS

**I.**   **Puerto Rico: Joint Request to Extend Discovery Schedule**

The parties have been working cooperatively to identify the discovery to be completed before the current fact discovery cut-off of October 18, 2013. This includes the completion of certain groundwater sampling and fieldwork at certain of the trial sites, as well as completing the depositions that have been noticed by all parties. While we have been working diligently to meet the current schedule, we believe that a 45-day extension to the schedule is necessary for the parties to complete this work. The parties have agreed to continue to meet and confer before the conference to set a schedule for discovery and will be prepared to submit a proposed revised CMO for the Court's consideration.

## DEFENDANTS' AGENDA ITEMS

**I.**   **New Jersey: Plaintiffs' Failure to Produce Barth Reliance Materials**

During the May 30, 2013, deposition of Plaintiff New Jersey Department of Environmental Protection's employee-expert David Barth, Mr. Barth identified several key documents that Plaintiffs had not produced to Defendants but that Mr. Barth relied on when forming his opinion and that were otherwise responsive to discovery requests. Following Mr. Barth's deposition, Defendants promptly wrote to Plaintiffs to request production of these

The Honorable Shira A. Scheindlin
August 30, 2013
Page 2

materials. *See L. Lawrence-Hammer letter to L. Kaufmann* (June 3, 2013) (Ex. A). To date, Plaintiffs have only produced one of the requested documents and have ignored repeated inquires by Defendants over the last three months regarding production of the other materials. *See L. Lawrence-Hammer email string to L. Kaufmann* (June 3 – Aug. 27, 2013) (Ex. B). Defendants respectfully request that the Court order Plaintiffs to produce the requested materials no later than five business days following the September 10th conference.[1]

### II. Puerto Rico: Plaintiffs' Service of Subpoenas without Notice to Defendants

By letter dated August 28, 2013, Defendants apprised the Court of Plaintiffs' failure to provide notice to Defendants of subpoenas Plaintiffs served for the deposition of certain former (and current) employees of Defendants. (Ex. D). Defendants respectfully request that Plaintiffs (1) immediately withdraw the subpoenas issued to the two deponents; (2) notify the deponents that they should not appear on the subpoena dates; (3) and immediately notify Defendants of any additional subpoenas that have been served and/or depositions taken without notice to Defendants.

### III. Puerto Rico: Plaintiffs' Failure to Comply with Subpoena to Bruce Green

On June, 18, 2013, Defendants served a subpoena for the deposition of Bruce Green, Plaintiffs' litigation consultant who has served as corporate representative of the Commonwealth by affidavit and deposition in this matter. (Ex. E). While the parties have met and conferred, Plaintiffs have not formally responded to the subpoena; produced any of the requested materials; and have not suggested a date for the deposition. Defendants respectfully request an Order requiring Plaintiffs' to produce the requested materials by September 20 and Mr. Green for deposition by October 11.

### IV. Puerto Rico: Plaintiffs' ESI Deficiencies with Respect to CORE Facility

Plaintiffs' continued ESI deficiencies have been the subject of correspondence and discussion between Plaintiffs and counsel for Defendants ConocoPhillips Company and Chevron Phillips Chemical Puerto Rico Core LLC (collectively "Defendants") for the past several months. *See, e.g., Letter from J. Farley to W. Petit* (July 15, 2013) (Ex. F). The Commonwealth presented Josephine Acevedo, the EQB's Project Manager assigned to Plaintiffs' Trial Site No. 1 – the Core facility – for deposition on May 29. The Commonwealth presented its designated representative for a 30(b)(6) deposition in relation to Defendants' Core facility on May 30.

---

[1] Plaintiffs identified Mr. Barth as someone "who may offer expert opinion testimony regarding non-site specific subjects but who [is] not required to provide a written report." Specifically, Plaintiffs said Mr. Barth "will testify that public funds are used for remediation under certain conditions but are not available to meet all remediation needs in New Jersey." *See M. Axline letter to S. Riccardulli* (Oct. 26, 2012) (Ex. C).

The Honorable Shira A. Scheindlin
August 30, 2013
Page 3

During Ms. Acevedo's deposition, she testified that she was never asked to preserve relevant documents in this matter until February 2013, nearly six years after this lawsuit was filed.

> Q Ms. Acevedo, at some time in the past, were you asked to preserve any documents in connection with the lawsuit that has been filed by the Commonwealth that we are here about today?
>
> A Yes.
>
> Q When?
>
> A In February.
>
> Q February of 2013?
>
> A Yes.
>
> Q What were you asked to preserve in February of 2013?
>
> A All documents related to Chevron Phillips.

*See* Excerpts from Transcript of Deposition of Josephine Acevedo at 17:13-24 (Ex. G).

> Q: When were you first asked to preserve documents in relation to this lawsuit?
>
> A In February of 2013.

*Id.* at 18:14-16.

> Q In February of 2013, when you were asked to preserve documents, were you also asked to preserve your e-mails at that time?
>
> A No.
>
> Q Has anyone ever asked you to preserve your e-mails that might relate to this litigation brought by the Commonwealth?
>
> A No.
>
> Q When you were asked to preserve documents in February of 2013, did that include electronically stored documents, as well as hard copy paper documents?
>
> A No.
>
> Q Just hard copy documents. Is that what you're saying?

A Yes.

*Id.* at 19:11-25.

Two months after these depositions, on July 23, after numerous requests from Defendants, the Commonwealth made its first production to Defendants of Ms. Acevedo's ESI. That production consisted of less than 200 documents. The Commonwealth supplemented that ESI production on August 9 with 81 additional documents. *See* Exhibit A to *Aug. 9, 2013 Letter from W. Petit to J. Farley* (Ex. H).

Likewise, only after Defendants specifically requested that the Commonwealth produce ESI from six custodians identified in the Acevedo deposition who were directly involved in the EQB's oversight of or were responsible for the Core facility (the custodians being supervisors and/or predecessors to Acevedo – Osvaldo Fantauzzi, Carmela Vasquez, Brenda Rodriguez, Flor Del Valle, Israel Torres, and Lorna Rodriguez Diaz), and two-and-a-half months after the Commonwealth presented their 30(b)(6) witness and Ms. Acevedo for deposition, the Commonwealth produced just 68 documents from those six custodians. Aside from the dearth of ESI specific to the Commonwealth's Trial Site No. 1, the Commonwealth has only produced ESI specific to the Core facility after Defendants asked for each custodian by name. Moreover, the ESI that has been produced was done so two-and-a-half months after the Commonwealth presented its 30(b)(6) witness and Ms. Acevedo for deposition. Ms. Acevedo and her supervisors and predecessors and/or supervisors were in frequent communication with the EPA and employees of the Core facility in regards to the facility. The Commonwealth has produced a small amount of Acevedo's emails to that effect. Defendants expect to see substantially more emails, including from the six afore-mentioned custodians, related to the Core facility, particularly considering the EQB has been involved in the RCRA action that has been ongoing at the facility since the early 1990s.

Without having relevant ESI in advance of the depositions of Ms. Acevedo and the 30(b)(6) witness, Defendants were prejudiced. Ms. Acevedo admitted that she was not timely provided with a preservation notice; relevant information was likely destroyed or lost as a result. Defendants have requested a 30(b)(6) deposition of Plaintiffs in relation to Core-specific ESI, document collection, preservation, and discovery efforts. Defendants have also requested the continuation of the deposition of Ms. Acevedo in order to address her ESI, which was produced months after her deposition. *See Letter from J. Farley to W. Petit* (Aug. 28, 2013) (Ex. I).

On August 29, 2013, counsel for Defendants and counsel for the Commonwealth conferred on these issues, and counsel for the Commonwealth refused to agree to the requested depositions. The Commonwealth insisted on further details regarding what issues would be addressed with Acevedo during the continuation of her deposition. Although Defendants had already explained that the continuation was necessary to discuss ESI that was produced after Ms. Acevedo's deposition, Defendants further explained that certain of the documents produced after Ms. Acevedo's deposition raise questions regarding the EQB's oversight of the Core facility.

Defendants specifically provided the example of emails that reflect communications between EQB and EPA regarding the preparation of comments to Chevron Phillips Chemical Puerto Rico Core in response to its remediation reports.

With respect to Defendants' request for a 30(b)(6) witness regarding the preservation, collection, and discovery efforts in relation to ESI specific to the Core facility, the Commonwealth argued that the general 30(b)(6) depositions taken in 2011 in this matter preclude the deposition that Defendants have requested here. The fact of the matter is that Plaintiffs' failures to preserve ESI and documents specific to the Core facility were only brought to light within the past few months, after the first site-specific testimony of the Commonwealth's witnesses. These issues were not addressed in the general 30(b)(6) deposition on ESI that taken in 2011. The purpose of the deposition requested now is not to duplicate discovery that was previously taken, but to specifically discover whether ESI specific to the Plaintiffs' Trial Site No. 1 was properly preserved, collected, and produced.

Accordingly, Defendants request that the Court order the Commonwealth to present 1) Josephine Acevedo for the continuation of her deposition in order to address ESI that was produced after she was deposed; and 2) a 30(b)(6) witness to testify regarding the preservation, collection, and discovery efforts in relation to ESI specific to the Core facility.

## V.     Remand of *City of Merced Redevelopment Agency v. Exxon Mobil Corp.*

The Court granted Defendants' Motion for Summary Judgment on the Statute of Limitations, there are no more pending motions before the Court, and discovery is completed. Therefore, Defendants respectfully submit that the case is ready for remand back to federal court in California.

***

As always, we appreciate your Honor's attention to this matter and ask that the letter be docketed by the Clerk's Office so that it is a part of the record.

Respectfully submitted,

*Peter John Sacripanti*

Peter John Sacripanti

cc:     All Counsel By LNFS, Service on Plaintiffs' Liaison Counsel