# **EXHIBIT D**

# McDermott
# Will & Emery

Boston  Brussels  Chicago  Dusseldorf  Houston  London  Los Angeles  Miami  Milan
Munich  New York  Orange County  Rome  San Diego  Silicon Valley  Washington, D C

Strategic alliance with MWE China Law Offices (Shanghai)

Stephen J. Riccardulli
Attorney at Law
snccardulli@mwe com
+1 212 547 5579

August 28, 2013

## VIA ELECTRONIC MAIL & LNFS

The Honorable Shira A. Scheindlin
United States District Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 1620
New York, New York  10007-1312

Re:   **Master File C.A. No. 1:00-1898 (SAS), M21-88, MDL No. 1358 (SAS)**
      *Commonwealth of Puerto Rico, et al. v. Shell Oil Co., et al.* No. 07-CIV-10470
      Plaintiffs' Failure to Serve Notice of Subpoenas

Dear Judge Scheindlin,

        I write on behalf of Defendants to bring an important issue to the Court's attention, and to respectfully request the Court's assistance in addressing the same.  On or about August 19, 2013, Defendant Sol learned that a subpoena for deposition had been served on one of its former employees by counsel for Plaintiffs—however, no notice of the subpoena was provided to Sol, Defendants' liaison counsel, or any other Defendant.  Rather, Sol learned of the subpoena when contacted by the former employee.

        Sol wrote to Plaintiffs' counsel on August 19, 2013 to request a copy of the subpoena. After receiving no response, on August 23, 2013, Sol's counsel again wrote to Plaintiffs' counsel to demand withdrawal of the subpoena.  Plaintiffs refused.  *See Email from D. Boone to A. Cepeda* (Aug. 23, 2013) (at Ex. A).  Thereafter, Defendants learned that another subpoena for deposition had been served on a second former Sol employee (a current employee of Defendant Puma Energy Caribe LLC), again without notice to Defendants.

        As liaison counsel, I wrote to Plaintiffs' counsel on August 26, 2013 demanding withdrawal of the subpoenas.  *See Ltr. from S. Riccardulli to M. Axline* (Aug. 26, 2013) (at Ex. B).  As explained in that letter, Plaintiffs' failure to provide notice of subpoenas is patently improper and prohibited by Rule 30 of the Federal Rules of Civil Procedure, which requires that "[a] party who wants to depose a person by oral questions must give reasonable written notice to every other party."  F.R.C.P. 30(b)(1).  Plaintiffs have sought to justify their intentional conduct

U S practice conducted through McDermott Will & Emery LLP

340 Madison Avenue New York New York 10173-1922 Telephone +1 212 547 5400 Facsimile +1 212 547 5444  www.mwe.com

The Honorable Shira A. Scheindlin
August 28, 2013
Page 2

by citing to Rule 45(b) and averring that "FRCP Rule 45(b) requires service of a notice on all parties only if the subpoena commands production of documents...." However, the 1991 Notes of the Advisory Committee on Rules clearly explain that the additional notice requirement contained in Rule 45(b) – regarding production of documents – "is not needed with respect to a deposition because of the requirement of notice imposed by Rule 30 or 31."

Furthermore, it has been the practice of the parties in MDL 1358 to act cooperatively with respect to scheduling of depositions of the parties' former employees. Indeed, Defendants have provided Plaintiffs the opportunity to locate their own former employees before any attempts to directly subpoena such individuals. The Court also has expressed the position that such prior notice of deposition of former employees is the proper practice.

Therefore, Defendants' August 26 letter demanded that Plaintiffs (1) immediately withdraw the subpoenas issued to the two deponents; (2) notify the deponents that they should not appear on the subpoena dates; (3) and notify us, by close of business August 27, of any additional subpoenas that have been served and/or depositions taken without notice to Defendants. That letter has been ignored.

Accordingly, Defendants respectfully request that the Court Order Plaintiffs to immediately comply with the requests above, and impose whatever further relief the Court thinks appropriate.

Sincerely,

*Stephen J. Riccardulli*

Stephen J. Riccardulli

cc:   All counsel of record (by LNFS)

Attachments (2)