# EXHIBIT E



UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation | Master File No. 1:00-1898<br>MDL 1358 (SAS): M21-88 |
| This Document Relates To:<br>*Commonwealth of Puerto Rico, et al. v. Shell Oil Co., et al., No 07-civ-10470 (SAS)* | |

### DEFENDANT EXXON MOBIL CORPORATION'S NOTICE OF SUBPOENA TO BRUCE GREEN

**PLEASE TAKE NOTICE** that pursuant to Federal Rules of Civil Procedure 45, Defendant Exxon Mobil Corporation, by and through its undersigned counsel, will serve the attached subpoena on Mr. Bruce Green at 802 NE 1st LLC, 6000 South Congress Avenue, No. 128, Austin, Texas 78745.

Dated: New York, New York
June 18, 2013

By: _____s/ Michael J. Dillon_____

Peter John Sacripanti
James A. Pardo
Stephen J. Riccardulli
Michael J. Dillon

McDERMOTT WILL & EMERY LLP
340 Madison Avenue
New York, New York 10173
(212) 547-5400
(212) 547-5444 (FAX)

*Attorneys for Exxon Mobil Corporation*

TO:   John K. Dema, Esq. (by email)

*All Counsel via LexisNexis File and Serve*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the following DEFENDANT EXXON MOBIL CORPORATION'S NOTICE OF SUBPOENA TO BRUCE GREEN was served on Plaintiffs' liaison counsel and on all counsel of record via Lexis Nexis File & Serve on June 18, 2013.

s/ Michael J. Dillon<br>
Michael J. Dillon

# United States District Court
## District of Puerto Rico

| In Re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation<br><br>**This Document Applies to:**<br>*Commonwealth of Puerto Rico, et al. v. Shell Oil Co., et al., No. 07-civ-10470 (SAS)*<br><br>To:  Bruce Green<br>       802 NE 1st LLC<br>       6000 South Congress Avenue<br>       No. 128<br>       Austin, TX  78745 | **SUBPOENA IN A CIVIL CASE**<br><br>CASE NUMBER:  MDL No. 1358<br>Docket No. M21-88<br>Master File C.A. No.<br>1:00-1898 (SAS)<br><br>(Pending in the S.D.N.Y) |
|---|---|

[X] **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.

| PLACE OF TESTIMONY<br>Fulbright & Jaworski LLP<br>98 San Jacinto Boulevard<br>Suite 1100<br>Austin, TX  78701 | COURTROOM |
|---|---|
|  | DATE AND TIME  July 30, 2013, 9:30 A.M. |

[X] **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place specified below: **See attached Schedule A.**

| PLACE:<br>McDermott Will & Emery LLP<br>340 Madison Avenue<br>New York, New York 10173<br>Attn: Michael Dillon | DATE AND TIME<br>July 17, 2013 |
|---|---|

☐ You ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER<br><br>Michael J. Dillon<br>McDermott Will & Emery LLP<br>340 Madison Ave<br>New York, NY 10173<br>(212) 547-5400<br>*Attorney for Defendant ExxonMobil Corporation* | CONTACT<br><br>Michael J. Dillon<br>McDermott Will & Emery LLP<br>340 Madison Ave<br>New York, NY 10173<br>(212) 547-5400 |

**PROOF OF SERVICE**

|  | Date | Place |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party,

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim

## SCHEDULE A
### DEFINITIONS

1. All definitions contained in Local Rule 26.3 of the United States District Court for the Southern District of New York ("Local Rules") are incorporated herein by reference.

2. "COMMUNICATION" as defined in the Local Rules, means "the transmittal of information (in the form of facts, ideas, inquiries or otherwise)."

3. "DOCUMENT" or "DOCUMENTS" as defined in the Local Rules is synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

4. "MTBE" means Methyl Tertiary Butyl Ether.

5. "Plaintiffs" means the Commonwealth of Puerto Rico, the Environmental Quality Board through the Commonwealth of Puerto Rico, and all of their "covered persons" (as that term is defined in the 2005 Order for Preservation of Documents entered in MDL 1358), divisions, bureaus, departments, officers, elected officials, trustees, agents, attorneys, consultants, contractors, employees, and anyone acting or purporting to act on its behalf.

6. "TBA" means tert butyl alcohol.

### REQUESTS FOR PRODUCTION OF DOCUMENTS

1. All DOCUMENTS read, reviewed, considered and/or relied upon by the Deponent to prepare for this deposition.

2. All DOCUMENTS supplied to the Deponent by counsel in connection with this deposition.

3. All DOCUMENTS in Deponent's possession, custody or control concerning any investigations, surveys, studies and/or research on the presence and/or occurrence of MTBE, TBA, nitrates, mercury, arsenic, pathogenic organisms, including fecal coliform and e. coli, perchlorate, phosphate, organophosphate, pesticides, chlorides, sodium-chloride, pharmaceutical and personal care products, cholesterol, caffeine, 1,4-dioxane, chlorinated solvents, or halogenated hydrocarbons in groundwater of the Commonwealth of Puerto Rico.

4. The Deponent's current resume and/or curriculum vitae.

5. A DOCUMENT listing the Deponent's engagements on behalf of PLAINTIFFS and/or PLAINTIFFS' counsel in this case, including, without limitation, any prior engagements concerning environmental litigation.

6. All DOCUMENTS concerning all compensation paid to Deponent in connection with the instant litigation and all engagements listed in response to Document Request No. 5.