# EXHIBIT F

DM_US 35481469-1 T13305 0010

**NORTON ROSE FULBRIGHT**

July 15, 2013

**Via Email and Lexis Nexis**

Fulbright & Jaworski LLP
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
United States

William C. Petit
Jackson Gilmour & Dobbs, PC
3900 Essex, Suite 700
Houston, Texas 77027

Direct line +1 713 651 8487
jessica.farley@nortonrosefulbright.com

Tel +1 713 651 5151
Fax +1 713 651 5246
nortonrosefulbright.com

Re:   <u>Commonwealth of Puerto Rico, et al. v. Shell Oil Co., et al. 07-CIV-10470</u>

Dear Will:

I write on behalf of Defendants ConocoPhillips Company ("COP") and Chevron Phillips Puerto Rico Core LLC ("CPCPRC") to follow-up with you regarding Plaintiffs' discovery deficiencies, which have been the subject of multiple meet & confer telephone conferences between the parties, as well as a series of correspondence. Specifically, I refer you to Section C of the May 30, 2013 letter from Stephen Riccardulli on behalf of the Joint Defense Group to Michael Axline and to the June 24, 2013 letter from Stephen Dillard to you.

1)   Previously Requested ESI

In the June 24, 2013 letter from Mr. Dillard, we requested ESI from specific witnesses, including Josephine Acevedo. I understand that you produced hard copies of Josephine Acevedo's files in advance of her deposition. You have indicated that Plaintiffs recently learned of ESI from Acevedo that has not yet been produced and that Plaintiffs will produce it by the end of this week, although you have not given us any indication regarding the amount of data Plaintiffs will be producing. The fact that Plaintiffs have only recently discovered ESI of Ms. Acevedo puts Defendants at an extreme disadvantage given that we took Ms. Acevedo's deposition in May. As we stated in our June 24th letter, we reserve the right to re-notice her deposition depending on the contents of Plaintiffs' production.

Furthermore, we understand from Ms. Acevedo's deposition that she never received a Preservation Notice until this year – nearly six years after this case was filed. The Core facility is Plaintiffs' Trial Site No. 1. The fact that Ms. Acevedo, the EQB's Project Manager assigned to the Core facility from approximately 2007 until recently, never received the Preservation Order until after Defendants requested her deposition, raises significant concerns for Defendants. These concerns are bolstered by the fact that Plaintiffs have yet to produce any ESI from Ms. Acevedo. Ms. Acevedo was in frequent communication with the EPA and employees of the Core facility in regards to the facility. You produced a small amount of hard copies of those emails in advance of Ms. Acevedo's deposition. We expect to see substantially more emails related to the Core facility, particularly considering the EQB has been involved in the RCRA action that has been ongoing at the facility since the early 1990s.

Fulbright & Jaworski LLP is a limited liability partnership registered under the laws of Texas.                                                                                  81436535.1

Fulbright & Jaworski LLP, Norton Rose Fulbright LLP, Norton Rose Fulbright Australia, Norton Rose Fulbright Canada LLP, Norton Rose Fulbright South Africa (incorporated as Deneys Reitz, Inc.), each of which is a separate legal entity, are members of Norton Rose Fulbright Verein, a Swiss Verein. Details of each entity, with certain regulatory information, are at nortonrosefulbright.com. Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients.

Likewise, we expect to see substantial productions of Core-related emails in the ESI of Ms. Acevedo's predecessors and/or supervisors. In the June 24th letter, we requested that you produce ESI from Osvaldo Fantauzzi, Carmela Vasquez, Brenda Rodriguez, Flor Del Valle, Israel Torres, and Lorna Rodriguez Diaz. Despite my request via email last week, you have not indicated when we will receive such productions. It has now been three weeks since we requested the ESI of these witnesses. We request that you begin producing their ESI immediately, on a rolling basis. If we do not receive a production of ESI from these witnesses by Monday, July 22, 2013, we will be forced to file a motion to compel.

2) Previously Requested Depositions

In the June 24 letter, we requested dates for the depositions of six individuals (Osvaldo Fantauzzi, Carmela Vasquez, Brenda Rodriguez, Flor Del Valle, Israel Torres, and Lorna Rodriguez Diaz) who were specifically identified by Josephine Acevedo during her May 28 deposition. It has now been three weeks since we requested available dates for the depositions of these witnesses. To date, we have not received any potential deposition dates for any of the requested depositions. You recently indicated to me that you were given potential dates for one of the deponents, although you could not tell me which deponent or what the dates were. Since then, you still have not provided available dates for that deponent, or any of the other requested deponents. Based on our discussions, it is my understanding that you have yet to receive contact information for some of these requested deponents. Despite my request via email last week, you have not provided any indication as to when you might be able to give us potential deposition dates for these deponents. Please provide available dates for the above-referenced witnesses by Wednesday July 17, 2013, or we will be forced to file a motion to compel.

3) Supplemental Responses to *Defendants' First Set of Interrogatories and Request for Production of Documents Regarding Plaintiffs' Trial Site – Chevron Phillips Chemical Puerto Rico Core Petrochemical Facility*

As Defendants explained in detail in Section C of the May 30, 2013 letter from Stephen Riccardulli on behalf of the Joint Defense Group to Michael Axline, *Plaintiffs' Corrected Responses to Defendants' First Set of Interrogatories and Request for Production of Documents Regarding Plaintiffs' Trial Site – Chevron Phillips Chemical Puerto Rico Core Petrochemical Facility*, served on April 11, 2012, repeatedly indicate that "All responsive documents have previously been produced." *See, e.g.*, Responses to Requests Nos. 5 & 27. However, on May 17, 2013, Plaintiffs produced 2,825 pages in advance of depositions containing information responsive to Core-specific discovery requests. *See, e.g.*, PR-MTBE_GUAY_015389-92. Likewise, on May 23, 2013, Plaintiff produced 3,987 pages containing documents responsive to Core-specific discovery requests. *See, e.g.*, Request Nos. 2, 3, & 6; *see, e.g.*, PR-DNER-TS1_000592. Such documents produced in May suggest that many of Plaintiffs' site-specific discovery responses are incorrect.

Furthermore, instead of producing relevant documents in response to the Core-specific discovery requests, Plaintiffs generally referred Defendants to the same 14,743 pages of documents over and over again. *See, e.g.*, Plaintiff's Responses to Requests No. 2, 9, 10, & 13 and Plaintiff's Supplemental Responses to Requests No. 7, 8, & 15. Some of these responses merely suggest that these 14,743 pages are "likely [to]" or "may" include responsive information. *See* Responses to Request No. 2, 10, 13. In other words, instead of pointing Defendants to

Will Petit  
July 15, 2013  
Page 3

NORTON ROSE FULBRIGHT

particular documents that are responsive to each request, such as some of those documents produced on May 17 and 23, Plaintiffs haphazardly refer Defendants to 14,743 pages of previously produced documents that might possibly contain responsive information. Such vague and broad responses suggest that Plaintiffs made little to no effort to identify responsive information.

Defendants note that none of the documents produced in this matter thus far relate to any of the delineated wells that Plaintiffs claim may be threatened by MTBE releases at Core. Moreover, during the deposition of Bruce Green, as the 30(b)(6) witness designated by the Commonwealth in relation to the Core facility, Mr. Green suggested that Plaintiffs now claim that wells that were never identified in Plaintiffs' delineations or Interrogatory responses have been threatened by MTBE releases at Core. If this is correct, then Plaintiffs' Core-specific discovery responses are largely incomplete and unreliable. Therefore, to remedy the above-referenced contradictions, inconsistencies, and inaccuracies in Plaintiffs' Core-specific discovery responses, Defendants request that Plaintiffs supplement their *Responses to Defendants' First Set of Interrogatories and Request for Production of Documents Regarding Plaintiffs' Trial Site – Chevron Phillips Chemical Puerto Rico Core Petrochemical Facility* by Friday, August 2, 2013.

4)   Search Terms

As discussed above, Defendants have yet to receive a production of Core-specific emails and other ESI from Plaintiffs. You have indicated that a production of Ms. Acevedo's ESI will be served by the end of this week. However, there are numerous other custodians, some of whom are discussed above, who we would expect to have had ESI related the Core facility. Given the absence of any such ESI, we must conclude that the search terms you used were insufficient, or that searches were never run for Core-specific ESI. Accordingly, please provide the search terms you previously used to respond to Core-specific discovery requests, as well as the terms that you will use in supplementing these requests pursuant to the preceding paragraphs. Please provide these search terms by Friday, July 19, 2013, so that we may provide comments on those search terms.

5)   30(b)(6) Deposition Regarding ESI and Document Collection and Preservation

For the reasons discussed above, Defendants believe that they were prejudiced during the depositions of Ms. Acevedo and Mr. Green and will continue to be prejudiced in preparing for and taking depositions that are being scheduled. It is clear that Plaintiffs have failed to comply with their discovery obligations. Witnesses were not timely provided with a preservation notice. Relevant information was likely disposed of as a result. Given the significance of these discovery failures, Defendants request a 30(b)(6) deposition of Plaintiffs in relation to Core-specific ESI, document collection, preservation, and discovery efforts by Friday, August 16, 2013. Please provide us with available dates by July 17, so that we may formally serve the deposition notice.

81436535.1

NORTON ROSE FULBRIGHT

Very truly yours,

*[signature]*

Jessica Farley

JGF