# **EXHIBIT A**



Dawn A. Ellison
Tel 202.331.3100
Fax 202.331.3101
ellisond@gtlaw.com

September 5, 2013

**VIA E-MAIL AND LNFS**

Leonard Z. Kaufmann
Cohn Lifland Pearlman Herrmann & Knopf LLP
Park 80 West-Plaza One
250 Pehle Ave., Suite 401
Saddle Brook, NJ 07663

Re:  *New Jersey Dep't of Envtl. Prot., et al. v. Atlantic Richfield Co., et al.,*
No. 08-Civ-00312

Dear Lenny:

    I write in response to your September 4, 2013, letter withdrawing David Barth as a designated CMO 106 expert in this case. Defendants disagree that this withdrawal moots the issue of production of the documents identified in Lesley Lawrence-Hammer's June 3, 2013, letter ("Mr. Barth's documents"). Regardless of Mr. Barth's current status as a fact or expert witness, Defendants remain entitled to production of the requested materials.

    First, Plaintiffs should have produced Mr. Barth's documents to Defendants well before Mr. Barth's May 30, 2013, deposition over three months ago, as required by CMO 106 and as requested in his deposition notice.[1] At a minimum, Plaintiffs should have promptly produced the documents after Mr. Barth identified them during his deposition, and Defendants formally requested them on June 3. Instead, Plaintiffs have used delay tactics to avoid providing the documents for months, only now to change their position in an attempt to avoid providing the documents altogether. This type of gamesmanship cannot be used to dodge Plaintiffs' Court-ordered document production obligations.

    Moreover, Mr. Barth's documents are responsive to previously served fact discovery requests[2] and remain relevant to potential trial testimony. Plaintiffs have

ALBANY
AMSTERDAM
ATLANTA
AUSTIN
BOSTON
CHICAGO
DALLAS
DELAWARE
DENVER
FORT LAUDERDALE
HOUSTON
LAS VEGAS
LONDON*
LOS ANGELES
MEXICO CITY*
MIAMI
MILAN**
NEW JERSEY
NEW YORK
ORANGE COUNTY
ORLANDO
PALM BEACH COUNTY
PHILADELPHIA
PHOENIX
ROME**
SACRAMENTO
SAN FRANCISCO
SHANGHAI
SILICON VALLEY
TALLAHASSEE
TAMPA
TEL AVIV^
TYSONS CORNER
WARSAW~
WASHINGTON, D C
WHITE PLAINS
* OPERATES AS GREENBERG TRAURIG MAHER LLP
' OPERATES AS GREENBERG TRAURIG, S C
A BRANCH OF GREENBERG TRAURIG, P A FLORIDA, USA
OPERATES AS GREENBERG TRAURIG GRZESIAK SP K STRATEGIC ALLIANCE

---

[1] *See* Defendants' Notice of Deposition of Plaintiffs' FRCP 26(a)(2)(C) Expert David Barth, Request for Production # 2-4.

[2] *See, e.g.,* Defendants' 11/26/2008 First Set of Interrogatories and Document Requests, RFP # 2, 4, 8; Defendants' 3/11/2010 Second Set of Interrogatories and Document Requests, RFP # 10, 22-23, 50, 72, 75; Defendants' 6/13/2012 Second Set of Gap Filling Requests for Production of Documents to Plaintiff New Jersey Department of Environmental Protection, RFP # 11; Defendants' 8/9/2012 Amended Notice of Rule

GREENBERG TRAURIG, LLP ▪ ATTORNEYS AT LAW ▪ WWW.GTLAW.COM
2101 L Street NW, Suite 1000 ▪ Washington, DC 20037 ▪ Tel 202.331.3100 ▪ Fax 202.331.3101
WDC 372808466v4

Leonard Z. Kaufmann
September 5, 2013
Page 2

reserved their right to call Mr. Barth as a fact witness. Although Defendants cannot know for certain the content of Mr. Barth's future trial testimony, his prior deposition testimony suggests it will relate to the availability of public funding and other resources to the State. Not coincidentally, these are the topics to which the requested documents specifically relate. Additionally, Plaintiffs have designated Irene Kropp as an expert to testify that the DEP "has finite resources to address New Jersey's environmental problems, including MTBE" – a very similar topic and one to which, again, Mr. Barth's documents relate.

Candidly, Defendants are concerned that Plaintiffs will attempt to offer testimony regarding the unavailability of public funding and other resources to meet New Jersey's remediation needs through Mr. Barth's fact testimony or the fact or expert testimony of other witnesses like Ms. Kropp, despite the withdrawal of Mr. Barth as an expert witness. As a result, Defendants are entitled to production of documents relating to this alleged unavailability of resources, even if Mr. Barth no longer serves as a Plaintiffs' expert.

I discussed these issues with you on September 4 and indicated that this issue would remain on the September 10 status conference agenda. Plaintiffs have agreed to produce the requested documents by September 30, unless Plaintiffs decide to challenge their production. Please advise me of Plaintiffs' position as soon as possible in advance of the September 10 status conference.

Sincerely,

*[signature]*

Dawn A. Ellison

cc:   All counsel of record via LNFS

---

30(b)(6) Deposition of Plaintiff New Jersey Department of Environmental Protection Regarding Public Funds, RFP # 2 as it relates to Designated Issue # 2, 5-9, 13.

GREENBERG TRAURIG, LLP

WDC 372808466v4