# EXHIBIT B

Law Offices of
# MILLER, AXLINE & SAWYER
A Professional Corporation



DUANE C. MILLER
MICHAEL AXLINE

TRACEY L. O'REILLY
DANIEL BOONE
JUSTIN MASSEY
BRYAN BARNHART
DAVE E. BLUM

September 3, 2013

**VIA E-MAIL & FEDERAL EXPRESS**

The Honorable Shira A. Scheindlin
United States District Court
Southern District of New York
Daniel Patrick Moynihan
500 Pearl Street
New York, New York 10007-1312

    Re:    *In Re MTBE Products Liability Litigation* MDL No. 1358, Master File No. 1:00-1898 (SAS)
This Document Relates to: *Commonwealth of Puerto Rico, et al., v. Shell Oil Company, et at.,* Case No. 04-CIV-10470 (SAS)
**Plaintiffs Response re Notice of Subpoenas**

Dear Judge Scheindlin:

    Plaintiffs Commonwealth of Puerto Rico and Commonwealth of Puerto Rico through the Environmental Quality Board (collectively the "Commonwealth") respectfully submit this letter in response to Defendants' August 28, 2013, letter concerning third-party deposition subpoenas served in this matter by the Commonwealth.

    First, Defendants' letter omits the significant fact that the Commonwealth has served numerous third-party subpoenas in this matter, and has served each and every one of these subpoenas on all parties to this matter. In the past three months, the Commonwealth has provided notice of eleven deposition subpoenas to independent station operators as well as dozens of environmental consultants and underground storage tank maintenance and repair firms associated with the trial sites. Defendants' letter improperly suggests that Commonwealth routinely fails to give notice of third-party subpoenas that it serves.

1050 Fulton Avenue, Suite 100, Sacramento, CA 95825-4225; Telephone: (916) 488-6688
Facsimile: (916) 488-4288; Email: toxictorts@toxictorts.org

The Honorable Shira A. Scheindlin
Page 2
September 3, 2013

Second, Defendants' letter fails to explain that counsel for defendant Sol Puerto Rico ("Sol") is not in a position to produce Ms. Torano for deposition and was equivocal about producing Mr. Cintron. Ms. Torano is currently employed by Puma, another gasoline retailer unrelated to Sol, which means that Sol cannot unilaterally agree to produce her for deposition.

With respect to Mr. Cintron, counsel for the Commonwealth inquired about scheduling his deposition on the first day of a three-day deposition of Sol's Rule 30(b)(6) witnesses the week of August 12. Sol's counsel initially stated that he believed Mr. Cintron was deceased, but that they would double-check. No further response was received from Sol's counsel by the end of the third day of depositions. Since it took Sol over two months to produce its Rule 30(b)(6) witnesses in response to the Commonwealth's deposition notice, the Commonwealth was concerned that it would not be able to timely secure a deposition of Mr. Cintron if it relied solely on Sol's counsel to respond. (Ex. 1, May 24, 2013, Letter from J. Gilmour to A. Cepeda; Ex. 2, July 16, 2013, Letter from T. O'Reilly to A. Cepeda.) As the Court is aware, fact discovery is currently scheduled to conclude in mid-October.

Under these circumstances, the Commonwealth justifiably sought to initially secure jurisdiction over the witnesses by service of a subpoena so that it could then negotiate a deposition date with counsel. The Commonwealth had intended, as it has always done in this matter, to promptly serve copies of the subpoenas, deposition notices, and proofs of service on counsel, and was prepared to do so within a day or two of service on the witnesses. Unfortunately, a clerical error with the subpoenas was discovered. Before the Commonwealth could correct these clerical errors and serve the corrected subpoenas on the witnesses, defendants had objected.

As explained in more detail below, both of these witnesses are critical to the Commonwealth's case and there is no basis for defendants' request to quash these subpoenas.[1]

### Brenda Torano

The Rule 30(b)(6) witness produced by Sol concerning investigation and remediation of contamination at its Trial Site, Yamina Rivera, has only been employed by Sol since November 26, 2012. (Ex. 3, Rivera Depo. (Aug. 14, 2013) at 44:2-4.) Ms. Torano was the previous Health, Safety and Environmental Coordinator at Sol. (Ex. 3, Rivera Depo. at 81:25-82:6].) Records produced by Sol indicate that Ms. Torano held this position for some time. Several times during her deposition, Mr. Rivera, testified that she was unable to provide a response to questions concerning MTBE contamination because events and communications occurred before she was employed by Sol. (Ex. 3, Rivera Depo. at 237:4-242:12].) Many of these communications

---

[1] The Commonwealth objects to defendants' failure to submit this "dispute" to Special Master Warner as required by court orders concerning discovery disputes in this matter.

The Honorable Shira A. Scheindlin
Page 3
September 3, 2013

involved Ms. Torano. (*See* Ex. 4, May 24, 2002, Email from B. Torano to L. Fernandez; Ex. 5, Nov. 3, 2005, Email from B. Torano to C. Alzerreca; Ex. 6, March 14, 2006, Email from K. Penz to B. Torano.) These emails relate to critical communications within Sol about the environmental impacts of MTBE gasoline on groundwater and contamination, and remediation plans at Sol's gasoline stations. The Commonwealth is clearly entitled to depose Ms. Torano concerning these and other communications. As always, the Commonwealth is willing to work with counsel and the witness to schedule a mutually agreeable deposition date.

### Ivan Cintron

Sol's Rule 30(b)(6) witness concerning supply of gasoline, Angel Olivera, testified that Ivan Cintron was the employee responsible for "many years" for purchasing gasoline supplies, and "to look for the suppliers." (Ex. 7, Olivera Depo. (Aug. 12, 2013) at 53:5-24, 119:21-121:9.) Mr Cintron's name is associated with a number of key gasoline contracts and purchases by Sol. (Ex. 8.) While Mr. Olivera was able to explain these contracts, it is clear that defendants will challenge this testimony on the grounds that Mr. Olivera did not have personal knowledge of these purchases. (Ex. 7, Olivera Depo. at 119:21-120:19, 121:18-23, 195:7-199:11.) Mr. Olivera was also unable to confirm that dates when gasoline distributed by Sol contained MTBE. (Ex. 7, Olivera Depo. at 175:19-176:5.) The Commonwealth anticipates that Mr. Cintron will not only be able to confirm suppliers represented by the documents located to date, but also to identify other suppliers and the time periods when MTBE was present in gasoline distributed by Sol.

For the reasons stated above, the Commonwealth respectfully requests that the Court deny defendants' request to quash the subpoenas to Ms. Torano and Mr. Cintron. The Commonwealth further requests that defendants be ordered to produce these witnesses for deposition in this matter by September 30, 2013.

Respectfully submitted

Tracey O'Reilly

cc: Defendants' Liaison Counsel (via electronic mail)
All Counsel (VIA LNFS)