UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In Re: Methyl Tertiary Butyl Ether ("MTBE")      Master File No. 1:00-1898
Products Liability Litigation                    MDL No. 1358 (SAS)
                                                 M21-88

This Document Relates To:
*City of Fresno v. Chevron U.S.A. Inc., et al.*,
04 Civ. 04973
-------------------------------------------------------------X

# DECLARATION OF BRENT H. ALLEN IN SUPPORT OF DEFENDANT COASTAL CHEM, INC.'S MOTION FOR GOOD FAITH SETTLEMENT

## **DECLARATION OF BRENT H. ALLEN**

I, Brent H. Allen, declare as follows:

1. I am an attorney duly admitted to practice law before this Court, and am a shareholder with Greenberg Traurig LLP, attorneys of record for Defendant Coastal Chem, Inc. ("Coastal Chem"). I have personal knowledge of the facts hereinafter set forth and if called as a witness I could and would testify competently to the following.

2. On August 28, 2013, I informed counsel for all Defendants of Coastal Chem's settlement with Plaintiff City of Fresno ("Plaintiff"), and of Coastal Chem's intention to request a good faith settlement determination. I also provided counsel for Defendants with a copy of the settlement agreement, and inquired as to whether any of them intended to oppose this motion. None of them has indicated that they intend to oppose the granting of Coastal Chem's good faith settlement motion.

3. The above-captioned case is part of the federal court MTBE multi-district litigation (MDL 1358) now pending in the United States District Court, Southern District of New York.

4. Attached hereto as Exhibit 1 is a true and correct copy of the operative complaint in this action, Plaintiff's First Amended Complaint.

5. Attached hereto as Exhibit 2 is a true and correct copy of the executed settlement agreement between Coastal Chem and Plaintiff.

6. Coastal Chem contends that Plaintiff has suffered no cognizable injury that would allow Plaintiff to recover under any of its causes of action.

7. Coastal Chem denies that its MTBE contributed to any alleged MTBE or TBA contamination at any of the sites at issue.

8. Coastal Chem contends that it provided adequate warnings regarding MTBE, and denies that MTBE, or gasoline containing MTBE, are defective products.

9. As of August 27, 2013, when Plaintiff and Coastal Chem agreed to the terms of their agreement to settle this action, the settling parties each faced significant uncertainty, including as to which causes of action, if any, Plaintiff might prevail on at trial and which Defendants, if any, would be found liable by the jury, and, if so, for what amount of damages.

10. Coastal Chem did not own, operate, or supply any service stations in the City of Fresno. Coastal Chem did not own or operate any underground storage tanks in the City of Fresno. Coastal Chem did not sell gasoline anywhere in the City of Fresno.

11. Plaintiff initially alleged that Coastal Chem was liable at the following nine stations: (1) Tosco #30587, 1610 N. Palm; (2) Unocal #6353, 1418 E. Shaw; (3) Van Ness Auto, 2740 North Van Ness; (4) Red Triangle, 2809 South Chestnut Avenue; (5) Chevron #9-9093, 3996 N. Parkway Drive; (6) Tosco #39118, 1605 N. Cedar; (7) Exxon Service Station, 4594 East Tulare Street; (8) Chevron #9-4374, 1160 Fresno Street; and (9) Gilbert's Exxon, 4142 East Church Street. Attached hereto as Exhibit 3 is a true and correct copy of Case Management Order #108, Plaintiffs' City of Fresno Station Matrix, dated, January 2, 2013.

12. Plaintiff withdrew its claims against Coastal Chem with respect to the Chevron #9-4374, 1160 Fresno Street, and Gilbert's Exxon, 4142 East Church Street sites. Plaintiff maintains its claims against Coastal Chem at the remaining sites on the basis of Coastal Chem's alleged sales of MTBE to Chevron from August to December, 1993, and to Exxon in 1994 and 1997-1998. Attached hereto as Exhibit 4 is a true and correct copy of

3

correspondence from Michael Axline to Brent Allen, dated March 6, 2013, in which Mr. Axline states that Plaintiff will withdraw its claims against Coastal Chem with respect to the Chevron #9-4374 and Gilbert's Exxon sites, and explains Plaintiff's basis for its claims against Coastal Chem with respect to the remaining sites.

13. Attached hereto as Exhibit 5 is a true and correct copy of excerpts from the deposition of Plaintiff's expert David W. Norman, P.E., taken June 14, 2012.

14. Attached hereto as Exhibit 6 is a true and correct copy of excerpts from the amended report of Defendants' expert John O'Brien, dated November 21, 2011.

15. Attached hereto as Exhibit 7 is a true and correct copy of excerpts of the report of Defendants' expert Christine Wood, dated November 18, 2011.

16. The City has generally failed to proffer a legally sustainable damages case against any party, including Coastal Chem.

17. The City's water treatment expert, Richard Haberman, did not offer any opinions supporting a damages amount that Plaintiff might seek to recover at trial. Mr. Haberman did not identify any City well that warranted treatment for MTBE contamination, but rather simply described a limited number of treatment options in the industry (*e.g.*, granular activated carbon treatment) to address MTBE contamination when it actually exists.

18. The City has never reported MTBE detections in any of its wells at levels above even 1.5 parts per billion ("ppb"), which is below California's Maximum Contaminant Levels ("MCLs").

19. Plaintiff's well system has simply never experienced MTBE detections at levels even close to the State's MCLs that have required any remedial action in the past, and any

4

future damage costs are highly unlikely as MTBE has been out of Defendants' gasoline for a decade, while none of Plaintiff's wells have appreciable MTBE impacts at this time.

20. On March 15, 2013, certain Defendants filed summary judgment motions on the City's nuisance, negligence, and strict liability claims. These motions are currently pending before the Court. A true and correct copy of excerpts of Defendants' Motion for Summary Judgment for Lack of Evidence Pertaining to Causation is attached as Exhibit 8.

21. Following a stipulation between Plaintiff and Defendants, the Court entered an order on February 4, 2013 dismissing with prejudice Plaintiff's trespass claim against all Defendants. A true and correct copy of this order is attached as Exhibit 9.

22. Following a stipulation between Plaintiff and Defendants, the Court entered an order on April 2, 2013 dismissing with prejudice Plaintiff's nuisance claims against various Defendants with respect to certain sites, including all of Plaintiff's nuisance claims against Coastal Chem. A true and correct copy of this order is attached as Exhibit 10.

23. This settlement is the result of good faith negotiation between the settling parties. This settlement is not aimed at injuring the interests of any non-settling defendant or other person. This settlement agreement is simply the result of the settling parties wishing to resolve their claims in a fair and expedient manner.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge and that this declaration was executed on September 10, 2013 at Washington, DC.

*Brent H. Allen*
Brent H. Allen

## CERTIFICATE OF SERVICE

    I hereby certify that on September 10, 2013 I served a copy of this Declaration of Brent H. Allen on all counsel of record via LNFS.

_____
James Layman