# Exhibit 8




UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In Re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation

Master File C.A. No.
1:00-1898 (SAS)
MDL 1358

**This Document Relates To:**

*City of Fresno v. Chevron U.S.A., Inc., et al.*,
Case No. 04-cv-04973

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT FOR LACK OF EVIDENCE PERTAINING TO CAUSATION**

result of the releases that occurred prior to November 1999 raises questions concerning his report's thoroughness and objectivity. *Colony Holdings, Inc.*, 2001 WL 1398403, *4 (citation omitted). Because there is no non-speculative basis for Mr. Moreau's opinion that MTBE releases occurred after 1999, he may not now testify that such a release exists. Consequently, Plaintiff's claims must fail, as Valero did not do business in California prior March 16, 2000. Rule 56.1 St. ¶¶ 46-47, E. Jones Decl. ¶¶ 4, 6.

As an additional and independent basis for summary judgment at this station, Plaintiff is unable to connect VMSC or VRC-CA MTBE gasoline to the station. Plaintiff claims that Valero sold gasoline to jobber Total Energy Products, and Total Energy Products delivered gasoline to Valley Gas. Rule 56.1 St. ¶ 7, Letter from Michael Axline to M. Coy Connelly (March 6, 2013) at pp. 4-5. However, Plaintiff has not produced any evidence that MTBE gasoline sold by Valero to Total Energy Products was delivered to the Valley Gas station at 2139 S. Elm Street. This lack of delivery evidence to the specific site of the alleged harm causes Plaintiff's claims to fail as a matter of law.

**F. Coastal**

Plaintiff's assertions that Coastal Chem is liable at the gasoline stations at issue are all due to Coastal Chem's alleged supply of MTBE to Chevron and Exxon in California. Rule 56.1 St. ¶ 12., E-mail from Evan Eickmeyer to Brent Allen (December 10, 2012). For the reasons below, Fresno cannot connect Coastal Chem MTBE sales to commingled gasoline at the stations identified by Plaintiff.

1. <u>Tosco #30587, Unocal #6353, and Tosco #39118</u>

Plaintiff asserts that Coastal Chem is liable for MTBE contamination at the Tosco 30587, Unocal 6353, and Tosco 39118 stations because it allegedly sold neat MTBE to Chevron in California for five months, from August to December 1993. Rule 56.1 St. ¶ 12, E-mail from

Evan Eickmeyer to Brent Allen (December 10, 2012), Plaintiff City of Fresno's Responses to Coastal Chem, Inc.'s First Set of Interrogatories at Responses 194 and 195, Further Response of Chevron U.S.A. Inc. to Plaintiff's Preliminary Set of Interrogatories Re: Defendant Identification at Response 2. Plaintiff failed, however, to provide evidence that alleged Coastal Chem MTBE sales to Chevron resulted in gasoline containing Coastal Chem MTBE being delivered to the Tosco/Unocal stations. Plaintiff originally argued that sales of neat MTBE to Chevron in 1993 could be linked to Unocal's supply of these stations due to Chevron's acquisition of Unocal in 2005. *Id*. This argument fails because Chevron and Unocal were not linked in 1993. Moreover, Unocal's interrogatory responses in this case state, without qualification, that it supplied these sites at the relevant times with gasoline refined at Unocal's own San Francisco refinery (not Chevron's), rendering irrelevant any alleged sales of MTBE by Coastal Chem to Chevron in 1993. Rule 56.1 St. ¶¶ 54, 80, 97, Union Oil Company of California's Second Supplemental and Amended Response to Plaintiff City of Fresno's First Set of Interrogatories.

Apparently recognizing the weakness of its claim, Plaintiff additionally alleged, for the first time on March 6, 2013, that sales of MTBE to Chevron are relevant to this site through a speculative chain of events: (1) Chevron identified Coastal Chem as one of over forty suppliers of MTBE to one of Chevron's California refineries, with sales to Chevron from August to December 1993, (2) Unocal indicated that it purchased gasoline from Chevron at unidentified locations in the State of California in October 1993,[8] (3) Unocal supplied the Unocal/Tosco sites throughout the early 1990's, and therefore (4) Plaintiff surmises that MTBE from Coastal Chem might have reached the Unocal/Tosco sites. Rule 56.1 St. ¶ 12, Letter from Michael Axline to Brent Allen, March 6, 2013. The discovery responses Plaintiff reference, however, are

[8] Rule 56.1 St. ¶ 13, Further Response of Defendant Union Oil Company of California to Plaintiffs' Preliminary Set of Interrogatories.

insufficient to support the conclusion that Chevron gasoline containing Coastal Chem MTBE would have been delivered to Unocal-supplied trial sites, as those discovery responses merely state that Unocal purchased gasoline from Chevron at a location in the State of California, with no more specific geographic information. Rule 56.1 St. ¶ 13, Further Response of Defendant Union Oil Company of California to Plaintiffs' Preliminary Set of Interrogatories. Plaintiff's speculation is not sufficient to support a reasonable inference that Coastal Chem MTBE ever reached these sites.

2. Red Triangle and East Tulare Street Exxon

Plaintiff asserts that Coastal Chem is liable for MTBE contamination at the Red Triangle and East Tulare Street Exxon stations because it allegedly sold neat MTBE to Exxon in 1994 and 1997-1998. Rule 56.1 St. ¶ 12, E-mail from Evan Eickmeyer to Brent Allen (December 10, 2012), Plaintiff City of Fresno's Responses to Coastal Chem, Inc.'s First Set of Interrogatories at Responses 58, 59, 154 and 155. Plaintiff failed, however, to provide evidence that Exxon-refined gasoline was delivered to the Red Triangle and East Tulare Street Exxon sites during the time Coastal Chem allegedly supplied Exxon. Although InterCity Petroleum Marketers ("InterCity"), the owners and operators of the Red Triangle station during the relevant time period, operated as an Exxon jobber from 1992-2000, InterCity delivered the Exxon-branded gasoline it purchased to Exxon-branded locations, but the Red Triangle station was not an Exxon-branded station, and the InterCity CEO from that time had "no idea" whether Exxon-branded gasoline ever went to the Red Triangle station. Rule 56.1 St. ¶ 88, Transcript of Deposition of Gail Blue at 41:12-22 ("Q. You were Exxon branded in that Red Triangle would pick up gasoline and deliver Exxon branded gasoline to Exxon branded station. Correct? A. Yes. Yes. Q. And 2809 Chestnut was not an Exxon branded station? A. No. Q. And to your knowledge, the Exxon branded gasoline that you or Red Triangle would pick up didn't ever go to the site at 2809 Chestnut? A. I have no

idea."). Moreover, InterCity had no records of sales to the site during the time Coastal allegedly supplied Exxon. *Id*. at 11:17-12:15 (no records in response to subpoena). Similarly, the East Tulare Street station did not become an Exxon-branded location until 2002 or 2003. Rule 56.1 St. ¶ 104, Transcript of Deposition of Narinder Singh at 25:16-24. The evidence demonstrates that neither the Red Triangle station nor the East Tulare Street Exxon station received Exxon-branded gasoline during the time period Coastal Chem is alleged to have supplied neat MTBE to Exxon. As a result, Coastal Chem MTBE cannot be a part of any commingled Exxon-refined gasoline at these stations.

Moreover, even if Plaintiff hypothetically could support a reasonable inference that Exxon-refined gasoline from the relevant time period was among the commingled product at either of the two stations, Plaintiff cannot support a further inference that alleged Coastal Chem MTBE sales was in any Exxon-refined gasoline allegedly delivered to the Red Triangle or East Tulare Street stations. Plaintiff's reference to ExxonMobil's 2004 statewide responses to California discovery requests identifying Coastal Chem as one of a dozen suppliers of MTBE to Exxon's California refinery in 1994 and 1997-1998 does not constitute sufficient evidence to allow a reasonable inference that gasoline containing Coastal Chem MTBE would have been delivered to this gasoline station. Rule 56.1 St. ¶ 12, Defendant Exxon Mobil Corporation's Responses and Objections to Plaintiffs' Preliminary Set of Interrogatories Regarding Defendant Identification at Response 2. Indeed, the odds are decidedly against Coastal Chem MTBE ever being in gasoline supplied to these two stations. The discovery responses do not identify any information indicating whether Coastal Chem's MTBE was used to manufacture MTBE gasoline that was ever delivered to the City of Fresno in general, or the Red Triangle or East Tulare stations in particular, as opposed to the hundreds of other cities and stations throughout

California. In meet-and-confers preceding this Motion, Plaintiff provided no information suggesting shipments of gasoline containing Coastal Chem MTBE to the Fresno market during the time Coastal Chem is alleged to have supplied Exxon, falling short of the commingling scenario in the *Suffolk County* case.

3. Chevron 9-9093 and Van Ness Auto

Plaintiff asserts that Coastal Chem is liable for MTBE contamination at the Chevron 9-9093 and Van Ness Auto stations because it allegedly sold neat MTBE to Chevron from August to December 1993. Rule 56.1 St. ¶ 12, E-mail from Evan Eickmeyer to Brent Allen (December 10, 2012), Plaintiff City of Fresno's Responses to Coastal Chem, Inc.'s First Set of Interrogatories at Responses 42 and 43, Further Response of Chevron U.S.A. Inc. to Plaintiff's Preliminary Set of Interrogatories Re: Defendant Identification at Response 2. Plaintiff failed, however, to provide evidence that alleged Coastal Chem sales of MTBE to Chevron resulted in gasoline containing Coastal Chem MTBE being delivered to the Chevron 9-9093 and Van Ness Auto stations. Plaintiff's reference to Chevron discovery responses identifying Chevron as one of over forty suppliers of MTBE to one of its California refineries *for five months only* does not constitute sufficient evidence to allow a reasonable inference that Coastal Chem MTBE was in gasoline delivered to the Chevron 9-9093 and Van Ness Auto stations. The discovery responses referenced by Plaintiff do not identify any information indicating whether Coastal Chem's MTBE was used to manufacture MTBE gasoline that was ever delivered to the City of Fresno in general, or the Chevron 9-9093 and Van Ness Auto stations in particular, as opposed to the hundreds of other cities and stations throughout California. Rule 56.1 St. ¶ 12, Further Response of Chevron U.S.A. Inc. to Plaintiff's Preliminary Set of Interrogatories Re: Defendant Identification at Response 2. In meet-and-confers preceding this Motion, Plaintiff provided no information identifying shipments of gasoline containing Coastal Chem MTBE to the Fresno

market during the five months Coastal Chem is alleged to have supplied Chevron, falling far short of the commingling scenario in the *Suffolk County* case. The Plaintiff's circumstantial itemization of isolated events without drawing any reliable links between them cannot support a reasonable inference that Coastal Chem's MTBE ever reached the Chevron 9-9093 or Van Ness Auto stations.

**G. Kern Oil & Refining Co.**

Plaintiff has indicated that it is relying upon the commingled product theory of causation as to Kern. *See* Rule 56.1 St. ¶ 29, Letter from Michael Axline and Evan Eickmeyer to Brian Ledger (Mar. 6, 2013); E-mail from Evan Eickmeyer to Brian Ledger (Dec. 11, 2012). As addressed above, Defendants assert that even under the commingled product theory the Plaintiff must be able to show that gasoline containing Kern-MTBE was actually delivered to the subject stations in Fresno in order to establish the required causal nexus for Kern. Plaintiff has conceded that it does not have any direct evidence to show delivery of gasoline containing Kern-MTBE to any of the Fresno stations. Rule 56.1 St. ¶ 28, Ex. 1, Letter from Michael Axline and Evan Eickmeyer to Brian Ledger (Mar. 6, 2013) at p. 3, ¶ 1. Thus, under the commingled product theory, Plaintiff's claims against Kern must fail.

Even if the commingled product theory is interpreted in this case in a manner that does not require direct evidence of delivery of gasoline containing Kern-MTBE to each station, Plaintiff's claims against Kern must still fail because Plaintiff can not present evidence to show that gasoline containing Kern-MTBE was part of any commingled product at the Fresno terminals. Plaintiff alleges that Kern is a Supplier that sold MTBE to Chevron, Shell, and Valero. Rule 56.1 St. ¶¶ 25-27. Plaintiff further alleges that Chevron, Shell, and Valero blended the Kern-MTBE into gasoline that was then supplied to the Fresno terminals, from where it was distributed to thirteen stations in the Fresno area. *Id.* ¶ 28.

Dated: March 15, 2013

Respectfully submitted,

/s/ M. Coy Connelly (by permission)

M. Coy Connelly
Kimberly G. Albert
BRACEWELL & GIULIANI
711 Louisiana Street, Suite 2300
Pennzoil Place – South Tower
Houston, TX 77002-2770
Tel: (713) 223-2300
Fax: (713) 221-1212

*Counsel for Valero Marketing & Supply Company and Valero Refining Company-California.*

/s/ James R. Wedeking

James R. Wedeking
SIDLEY AUSTIN LLP
1501 K Street, NW
Washington, DC 20005
Tel: (202) 736-8000
Fax: (202) 736-8711

*Counsel for Duke Energy Merchants, LLC and Northridge Petroleum Marketing, U.S., Inc.*

/s/ Colleen P. Doyle (by permission)

Colleen P. Doyle
Diana Pfeffer Martin
Suedy Torabi
HUNTON &WILLIAMS
550 South Hope Street, Suite 2000
Los Angeles, CA 90071
Tel: (213) 532-2000
Fax: (213) 532-2020

*Counsel for Tesoro Corporation (f/k/a Tesoro Petroleum Corporation) and Tesoro Refining & Marketing Company*

/s/ Brent H. Allen (by permission)

Brent H. Allen
James Layman
GREENBERG TRAURIG, LLP
2101 L Street, N.W., Suite 1000
Washington, DC 20037
Tel: (202) 331-3100
Fax: (202) 331-3101

*Counsel for Coastal Chem, Inc.*

/s/ Brian M. Ledger (by permission)

Brian M. Ledger
GORDON & REES LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Tel: (619) 696-6700
Fax: (619) 696-7124

*Counsel for Kern Oil & Refining Co.*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 15, 2013, a true, correct, and exact copy of the foregoing document was served on all counsel via LexisNexis File & Serve.

/s/ James R. Wedeking

James R. Wedeking