# Exhibit 9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In Re: Methyl Tertiary Butyl Ether ("MTBE")
Products Liability Litigation

This document relates to:

*City of Fresno v. Chevron U.S.A. Inc., et al*

04 Civ. 4973 (SAS)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/4/13

**STIPULATION AND ORDER RE
SUMMARY JUDGMENT ON
PLAINTIFF'S CLAIM FOR
TRESPASS**

Master File No. 00 Civ. 1898
MDL 1358 (SAS)
M21-88

## STIPULATION AND ORDER RE SUMMARY JUDGMENT ON PLAINTIFF'S CLAIM FOR TRESPASS

The undersigned parties hereby stipulate as follows:

WHEREAS, on October 22, 2003, Plaintiff City of Fresno ("Plaintiff" or the "City") filed its Complaint against Defendants Chevron U.S.A. Inc., *et al*, in the Superior Court for the State of California, San Francisco County, alleging that Defendants were liable for contaminating the City of Fresno's public drinking water supplies with MTBE and TBA. The Complaint included a claim for relief for Trespass.

WHEREAS, the case was removed to federal court and transferred to this Court.

WHEREAS, on October 28, 2004, Plaintiff filed a First Amended Complaint, which included a claim for relief for Trespass.

WHEREAS, on June 20, 2011, this Court issued an order disposing of Plaintiff Orange County Water District's claim for Trespass on summary judgment in the matter *Orange County Water District v. Unocal, et al.* 04 Civ. 4968 (the "*OCWD*" matter).

WHEREAS, on December 12, 2012, a group of Defendants submitted a letter brief to the Court requesting permission to a file a Motion for Summary Judgment regarding the City's

SMRH:407978891.2                          -1-

Trespass claim. The letter brief was joined by Defendant Nella Oil Company. Defendants' letter brief explained that their Motion for Summary Judgment regarding Trespass would argue that the ruling in the *OCWD* matter should be applied consistently to the *City of Fresno* case. Specifically, Defendants argued that:

- This Court has already found in the *OCWD* matter that, under California law, "A trespass is an invasion of the interest in the *exclusive* possession of land, as by entry upon it ..." *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 824 F. Supp. 2d 524, 545 (S.D.N.Y. 2011) (quoting *Wilson v. Interlake Steel Co.*, 185 Cal. Rptr. 280, 283 (1982) (emphasis added by Court).)

- The Court further noted that a usufructuary right is appropriative, and that "[t]he right of an appropriator ... is ... subordinate to an overlying right-holder." *Id.* at 546.

- In disposing of the Orange County Water District's claim for trespass because the District lacked exclusive possession, this Court further noted that "exclusive possession is a necessary prerequisite to bringing a trespass claim." *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 279 F.R.D. 131, 139 (S.D.N.Y. 2011).

- The City of Fresno's trespass claim is no different. Plaintiff does not have an exclusive right such that it can assert a claim for trespass under California law.

WHEREAS, on December 21, 2012, Plaintiff submitted a letter brief opposing Defendants' request, responding to the points raised in the Defendants' December 12 letter, and arguing that summary judgment of the Trespass claim would be improper. Specifically, Plaintiff argued the following:

- The ruling in *OCWD* should not be applied to the City of Fresno because the City was different than the Orange County Water District: use of water for domestic purposes carries the highest priority under the California Constitution, the City has a public water system permit issued by the State, has the right to withdraw water from the aquifer to provide water to the public, and is exercising both the State's rights through the permit and its own water purveyor rights.
- The City is entitled to a full panoply of tort remedies. *County of Santa Clara v. Atlantic Richfield, Co.*, 137 Cal. App. 4th 292, 313 (2006).

WHEREAS, on December 31, 2012, Defendants submitted a reply letter brief to the Court responding to Plaintiff's contentions.

WHEREAS, the Court heard argument regarding the potential motion on January 11, 2013, including the City's argument that it was asserting different rights than OCWD by virtue of its extraction and sale of water pursuant to a State permit. In the argument, it was pointed out that this Court ruled in the *OCWD* matter, "OCWD's common law claims derived from its property rights in the groundwater within its territory" and "[e]arlier in this [*OCWD*] litigation OCWD argued, and this Court accepted, both that OCWD has usufructuary rights in the groundwater that it alleges that the defendants have contaminated [citations] and that these rights are not subservient... Furthermore, it is on the basis of these property rights that OCWD is able to pursue its common law claims." (676 F. Supp. 2d 139, 146 & n.40). The Court indicated that (1) it appeared that the decision in *OCWD* would apply here, and the basis of the trespass claims of the City and OCWD were not materially different such that the result would be different, and (2) the parties should not file summary judgment motions where the claims are not

materially distinguishable from claims adjudicated by the Court in motions in focus cases applying the same State's law.

WHEREAS, the parties are mindful of the Court's directive and do not want to unnecessarily burden the Court.

WHEREAS, Plaintiff is willing to forego the summary judgment process on the Trespass claim so long as Plaintiff does not waive the right to appeal the decision applying the *OCWD* ruling to this case or to argue in any such appeal that the *OCWD* ruling was incorrect. Plaintiff retains the right to argue all grounds for appeal, except that Plaintiff does, however, waive the right to appeal this order on the grounds that the entry of it is procedurally improper.

Accordingly, the parties agree to and request that the following order be entered by the Court in lieu of briefing and hearing a Motion for Summary Judgment:

## [PROPOSED] ORDER

**IT IS HEREBY ORDERED, ADJUDGED, and DECREED** that:

1. Summary Judgment is entered against Plaintiff on the Trespass claim based on the reasoning and authorities set forth above, in the Court's trespass decision in the *OCWD* case, in the parties' letter briefs filed in this case, and in the hearing on January 11, 2013.

2. The Trespass claim against all Defendants is dismissed with prejudice.

3. Plaintiff shall retain the right to appeal this order as if it were a ruling granting a defense Motion for Summary Judgment. Signing this stipulation and entry of this order shall in no way be construed as any waiver of the right to appeal.

4. Plaintiff retains the right to argue all grounds for appeal, except that Plaintiff does, however, waive the right to appeal this order on the grounds that the entry of it is procedurally improper. Plaintiff may not challenge the entry of summary judgment on the grounds that the parties did not fully brief the issue or submit sufficient evidence to the Court because the parties are all voluntarily submitting to this abbreviated process.

SO STIPULATED:

Dated: __1-31__, 2013

By _/s/ Evan Eickmeyer_
MICHAEL AXLINE
EVAN EICKMEYER
Miller, Axline, & Sawyer
1050 Fulton Avenue Suite 100
Sacramento, California 95825-4225
Telephone: (916) 488-6688
Facsimile: (916) 488-4288
Attorneys for Plaintiff
CITY OF FRESNO

SMRH:407978891.2                     -5-

Dated: February 1, 2013    By _____
JEFFREY J. PARKER (jparker@sheppardmullin.com)
WHITNEY JONES ROY (wroy@sheppardmullin.com)
Sheppard, Mullin, Richter & Hampton LLP
333 South Hope Street, 43rd Floor
Los Angeles, California 90071
Telephone: (213) 620-1780
Facsimile: (213) 620-1398
Attorneys for Defendant
EXXON MOBIL CORPORATION

Dated: February 1, 2013    By _____ for Peter Condron
RICHARD E. WALLACE, JR.
SCOTT D. MROZ
PETER C. CONDRON
Sedgwick LLP
2900 K Street, NW
Harbourside – Suite 500
Washington, D.C. 20007
Telephone: (202) 204-1000
Facsimile: (202) 204-1001
Attorneys for Defendants
SHELL OIL COMPANY, TEXACO REFINING AND
MARKETING INC., EQUILON ENTERPRISES LLC,
AND EQUIVA SERVICES LLC

Dated: February 1, 2013    By _____ for Dan Rudovich
NATHAN P. EIMER (neimer@eimerstahl.com)
(New York Bar No. 1976067)
PAMELA R. HANEBUTT
(phanebutt@eimerstahl.com)
LISA S. MEYER (lmeyer@eimerstahl.com)
Eimer Stahl LLP
224 South Michigan Avenue, Suite 1100
Chicago, IL 60604
Telephone (312) 660-7600
Facsimile: (312) 692-1718
Attorneys for Defendant
CITGO PETROLEUM CORPORATION

Dated: February 1, 2013

By _____ for Brian Ledger
BRIAN M. LEDGER (CA SBN 156942)
Gordon & Rees LLP
bledger@gordonrees.com
101 W. Broadway, Suite 1600
San Diego, CA 92101
Telephone: (619) 696-6700
Facsimile: (619) 696-7124
Attorney for Defendant
KERN OIL & REFINING CO.

Dated: February 1, 2013

By _____ for Peter Hart
PETER M. HART
LeClairRyan, LLP
Peter.Hart@leclairryan.com
44 Montgomery Street, 18th Floor
San Francisco, California 94104-4705
Telephone: (415) 391-7111
Facsimile: (415) 391-8766
Attorneys for Defendant
NELLA OIL COMPANY

Dated: February 1, 2013

By _____ for Jon Anderson
JON D. ANDERSON
Latham & Watkins LLP
650 Town Center Dr., 20th Floor
Costa Mesa, CA 92626
Telephone: (714) 540-1235
Facsimile: (714) 755-8290
Attorneys for Defendant CONOCOPHILLIPS
COMPANY, individually and as successor-in-interest
to Defendant TOSCO CORPORATION and Phillips
Petroleum Company

Dated: February 1, 2013        By  /s/ _____ for Charles Correll
                                   ROBERT E. MEADOWS
                                   JEREMIAH J. ANDERSON
                                   1100 Louisiana, Suite 4000
                                   Houston, Texas 77002
                                   Tel: (713) 751-3200
                                   Fax: (713) 751-3290

                                   CHARLES C. CORRELL JR.
                                   101 Second Street, Suite 2300
                                   San Francisco, California 94105
                                   Tel: (415) 318-1200
                                   Fax: (415) 318-1300

                                   Attorneys for Defendants
                                   CHEVRON U.S.A. INC. AND UNION OIL
                                   COMPANY OF CALIFORNIA

Dated: February 1, 2013        By  /s/ _____ for John D. Chello
                                   ALAN J. HOFFMAN
                                   JEFFREY S. MOLLER
                                   JOHN J. DiCHELLO
                                   Blank Rome LLP
                                   One Logan Square, 130 N. 18th Street
                                   Philadelphia, Pennsylvania 19103-6998
                                   Telephone:  (215) 569-5500
                                   Facsimile:  (215) 569-5555
                                   Attorneys for Defendant
                                   LYONDELL CHEMICAL COMPANY, formerly
                                   known as "ARCO CHEMICAL COMPANY"

Dated: February 1, 2013        By  /s/ _____ for Brent Allen
                                   BRENT ALLEN
                                   Greenberg Traurig LLP
                                   2101 L Street, N.W., Suite 1000
                                   Washington, DC 20037
                                   Telephone:  (212) 331-3157
                                   Facsimile:  (212) 330-5890
                                   Attorneys for Defendant
                                   COASTAL CHEM, INC.

Dated: February 1, 2013    By  /s/ *for Diana Martin*
COLLEEN P. DOYLE
DIANA PFEFFER MARTIN
Hunton & Williams LLP
550 So. Hope Street, Suite 2000
Los Angeles, California 90071
Telephone: (213) 532-2000
Facsimile: (213) 532-2020
Attorneys for Defendants
TESORO CORPORATION (F/K/A TESORO
PETROLEUM CORPORATION) AND TESORO
REFINING and MARKETING COMPANY
(ERRONEOUSLY NAMED AS TESORO REFINING
AND MARKETING COMPANY, INC.)

Dated: February 1, 2013    By  /s/ *for Coy Connelly*
M. COY CONNELLY
AMY E. PARKER
Bracewell & Giuliani LLP
711 Louisiana St., Suite 2300
Houston, Texas 77002
Telephone: (713) 221-1335
Facsimile: (713) 221-2159
Attorneys for Defendants
ULTRAMAR INC., VALERO MARKETING AND
SUPPLY COMPANY and VALERO REFINING
COMPANY-CALIFORNIA

SO ORDERED:

/s/
THE HONORABLE SHIRA A. SCHEINDLIN

2/4/13