

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation | Master File C.A. No. 1:00-1898 (SAS) MDL 1358 |
| **This Document Relates To:** | |
| *City of Fresno v. Chevron U.S.A., Inc., et al.*, Case No. 04-cv-04973 | |

### [PROPOSED] ORDER GRANTING ULTRAMAR DEFENDANTS' MOTION FOR GOOD FAITH SETTLEMENT DETERMINATION

The Court having considered the Motion for Good Faith Settlement Determination (the "Motion") of Defendants Ultramar Inc., Valero Refining Company-California, and Valero Marketing and Supply Company (collectively, "Ultramar Defendants"), the Memorandum of Law submitted in support thereof, the accompanying Declaration of M. Coy Connelly with exhibits thereto, and other evidence, all the pleadings, filings, and proceedings in this action, and any arguments of counsel:

IT IS HEREBY ORDERED that Ultramar Defendants' Motion is GRANTED, and that:

1. The settlement entered into between Plaintiff City of Fresno ("Plaintiff") and Ultramar Defendants (the "Settlement and Release") is hereby determined to be a good faith settlement within the meaning of California Code of Civil Procedure §§ 877 and 877.6 and case law interpreting those sections, including *Tech-Bilt, Inc. v. Woodward-Clyde & Assoc.*, 38 Cal. 3d 488 (Cal. 1985).

2. The negotiations of the Settlement and Release between Plaintiff and Ultramar Defendants were conducted fairly, in good faith, and at arm's length. There is no evidence of

bad faith, fraud, collusion, or any intent to impact unfairly or injure the rights or interests of other Defendants, former Defendants, prior settling Defendants, or others.

3. Pursuant to California Code of Civil Procedure § 877.6(c), this good faith determination shall bar any and all further claims by any person, including, but not limited to, any Defendant, former Defendant, prior settling Defendant, cross-complainant, and/or former cross-complainant, against Ultramar Defendants and the "Released Parties," as that term is defined by the Settlement and Release, for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault.

SO ORDERED.

Shira A. Scheindlin

Dated: New York, New York
       August 30, 2013