# EXHIBIT 15



IN THE UNITED STATERS DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation<br><br>This document relates to:<br><br>*New Jersey Department of Environmental Protection v. Atlantic Richfield Co., et al.*<br>No. 08 Civ. 00312 | Master File No. 1-00-1898<br>MDL 1358 (SAS): M21-88 |

### PLAINTIFFS' OBJECTIONS AND RESPONSES TO DEFENDANTS' REQUESTS FOR ADMISSION RELATED TO COLTS NECK DEPARTMENT OF PUBLIC WORKS GARAGE SITE

PLEASE TAKE NOTICE that, pursuant to Rule 36 of the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York, Plaintiffs New Jersey Department of Environmental Protection, Commissioner of the New Jersey Department of Environmental Protection, and the Administrator of the New Jersey Spill Compensation Fund (collectively, "Plaintiffs") hereby respond to the Defendants' Requests for Admission Related to Colts Neck Department of Public Works Garage Site (the "Requests for Admission"), as follows:

### GENERAL OBJECTIONS AND LIMITATIONS

1.      Plaintiffs object to the Requests for Admission to the extent they seek information covered by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Plaintiffs' responses are not intended as, nor should they be construed as, a waiver or relinquishment of any part of the protections afforded by the attorney-client privilege, the work product doctrine, or any other applicable privileges or immunities. Plaintiffs reserve the right to withdraw and recover any information covered by such privileges or

11.     Plaintiffs further object to the definition of "You," "Your," and "Plaintiff" to the extent it means any institution or person other than the named plaintiffs in this suit both because plaintiffs cannot and do not speak for all departments and institutions of the New Jersey State Government and because many of the posed Requests for Admission seem to assume that the terms "You," "Your," and "Plaintiff" only refer to the plaintiffs and not other departments and institutions of the New Jersey State Government. To the extent such interpretation is incorrect, the terms "you" and "your" are objected to as overly broad, requiring unreasonable investigation, unduly burdensome, and not reasonably calculated to lead to admissible evidence.

12.     Plaintiffs object to these requests to the extent they seek information about contaminants other than "MTBE" and/or "TBA," as unduly burdensome, overbroad, and seeking information not reasonably calculated to lead to admissible evidence.

### SPECIFIC OBJECTIONS AND RESPONSES

Subject to, and without waiver of objections, plaintiffs provide the following responses:

1.  Admit that the SITE is owned by the Township of Colts Neck (*see*, e.g., Remedial Investigation Report, Apr. 9, 1997, NJDEP-425-000408 – 000424, at NJDEPSITE425-000412).

    **RESPONSE:**

    Admitted.

2.  Admit that the SITE is bordered by the Naval Weapons Station Earle facility (*see*, e.g., Remedial Action Workplan, July 26, 1999, NJ-MTBE-DSSR-000-702114 – 702206, at NJ-MTBE-DSSR-000-702138).

    **RESPONSE:**

    Admitted.

3.  Admit that the Naval Weapons Station Earle facility is a federally-owned property.