UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In Re: Methyl Tertiary Butyl Ether ("MTBE")
Products Liability Litigation

**This document pertains to:**

*New Jersey Department of Environmental Protection, et al. v. Atlantic Richfield Company, et al.*, Case No. 08-CV-00312

Master File No. 1:00-1898
MDL 1358 (SAS)
M21-88

# DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT ON PLAINTIFFS' PUBLIC NUISANCE CLAIM FOR DAMAGES AND TRESPASS CLAIM

## SUMMARY OF ARGUMENT

According to the Fourth Amended Complaint, plaintiff New Jersey Department of Environmental Protection ("NJDEP")[1] "is vested with the authority to protect and seek compensation for any injury to [the waters of the State] **on behalf of the State, which is the trustee, for the benefit of its citizens**, of all natural resources within its border...." *Fourth Amend. Compl.* ¶ 1 (emphasis added). Taking that averment as true, Plaintiffs' public nuisance and trespass claims must fail. First, Plaintiffs bring their public nuisance claim in the role of the sovereign. However, the Supreme Court of New Jersey, following the Restatement (Second) of Torts, has held that a public entity may not recover money damages on a public nuisance claim. Rather, the public entity is limited to the remedy of abatement. As such, Plaintiffs' cause of action for public nuisance must be dismissed to the extent it seeks damages beyond abatement. Second, Plaintiffs admit that they hold the waters of the State in trust for the benefit of its citizens. In this trustee role, Plaintiffs are unable to prove a required element of trespass—exclusive possession—and the cause of action must be dismissed.

## LEGAL STANDARD

A motion for summary judgment should be granted if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue of fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Jeffreys v. Rossi*, 275 F. Supp. 2d 463, 473 (S.D.N.Y. 2003) (Scheindlin, J.),

---

[1] The Commissioner of the NJDEP and the Administrator of the New Jersey Spill Compensation Fund are also named as plaintiffs in the Fourth Amended Complaint.

1

*aff'd*, 426 F.3d 529 (2d Cir. 2005). To defeat a motion for summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Jeffreys*, 275 F. Supp. 2d at 473; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585 (1986). Mere conclusory allegations, conjecture, and unsupported speculation are insufficient to create a genuine issue of material fact. *D'Amico v. City of New York*, 132 F.3d 145, 149 (2d Cir. 1998); *Jeffreys*, 275 F. Supp. 2d at 473-74. Plaintiff cannot rely simply on its pleadings, but must present solid evidence by document, deposition, affidavit or other means which supports its case and serves to create a factual issue. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

## ARGUMENT

### I. PLAINTIFFS' CLAIM FOR PUBLIC NUISANCE MUST BE DISMISSED TO THE EXTENT IT SEEKS DAMAGES BEYOND ABATEMENT.

New Jersey law is that a "public entity, as the modern representative of the sovereign in public nuisance litigation, **has only the right to abate**." *In re Lead Paint Litig.*, 924 A.2d 484, 498 (N.J. 2007) (emphasis added) (citing *Restatement (Second) of Torts* § 821C(2)(b)). Yet, Plaintiffs seek not only to abate the public nuisance alleged here, but also to improperly recover "all damages to compensate the citizens of New Jersey for the lost interim value and benefits of their water resources…;" "all damages … equal to the full cost of restoring the waters of the State to their original condition…" and "punitive damages in an amount to be determined by this Court[.]" *See Fourth Amend. Compl.*, Count II, at Prayer for Relief. Plaintiffs are not entitled to damages on their public nuisance claim.

In *In re Lead Paint Litigation*, the New Jersey Supreme Court dismissed several municipalities' public nuisance claims against lead paint manufacturers. 924 A.2d at 487. In so doing, the Court clarified the distinction between public nuisance suits for damages and those for

2

abatement. Citing the Restatement (Second) of Torts, the Court found that "the public entity, as the modern representative of the sovereign in public nuisance litigation, has only the right to abate" and "[t]he damage award … is not a remedy available to a public entity plaintiff to the extent that it acts in the place of the 'sovereign.'" *Id.* at 498, 502; *see also id.* at 496 n.6 ("New Jersey typically gives substantial weight to the Restatement view, particularly in respect of issues it has not yet addressed.").

Plaintiffs here contend that their public nuisance claim (and all common law claims) are brought "in the place of the sovereign." *See, e.g. Fourth Amend. Compl.* ¶ 1 (NJDEP "is vested with the authority to protect and seek compensation for any injury to [the waters of the State] on behalf of the State[.]"). Indeed, according to their verified interrogatory responses, Plaintiffs are pursuing "in their *parens patriae* capacity all claims in the Third Amended Complaint,"[2] (*Defs.' Local Rule 56.1 Stmt.*, ¶ 1), and the underlying basis for Plaintiffs' public nuisance claim is the allegation that Defendants' conduct contaminated the waters of the State, which the State holds in trust for the public. *Fourth Amend. Compl.* ¶¶ 124-25. These allegations are substantively identical to those at issue in *New Jersey Dep't of Environmental Protection v. Exxon Mobil Corporation*, where the court held that NJDEP was not entitled to recover loss of use damages under its public nuisance claim. *See New Jersey Dep't of Envt'l Prot. v. Exxon Mobil Corp.*, No. UNN-L-3026-04, 2008 WL 4177038, at *7 (N.J. Super. 2008) ("DEP is not entitled to loss of use damages on its public nuisance claim."); *see also NJDEP v. Exxon Mobil Corp.*, No. UNN-L-3026-04 (Bayway) Compl. ¶¶ 35-37 (alleging "[g]roundwater is a natural resource of the State held in trust by the State. … The contamination of groundwater at the Site constitutes a physical

---

[2] Plaintiffs' interrogatory responses were served prior to service of the operative Fourth Amended Complaint. However, the causes of actions and requested relief in the Fourth Amended Complaint were unchanged from the prior amendment.

invasion of public property and an unreasonable and substantial interference ... with the exercise of the public's common right to this natural resource.") (attached as Ex. 2 to *Decl. of Lisa A. Gerson in Support of Defs.' Motion for Partial Summary Judgment on Plaintiffs' Trespass Claim and Public Nuisance Claim for Damages* (hereinafter "Gerson Decl.")).[3]

Moreover, putting aside the clear public nature of Plaintiffs' claim, any argument that Plaintiffs may recover money damages as **private** litigants for public nuisance must fail because Plaintiffs have not made a showing of "special injury." *See In re Lead Paint*, 924 A.2d at 500. "Special injury" sufficient to maintain a private cause of action for public nuisance must be "an injury different in kind, rather than in degree." *Id.* at 503. In other words, Plaintiffs would have to show an injury to a legal right not shared with members of the public. *See Poulos v. Dover Boiler & Plate Fabricators*, 76 A.2d 808, 811 (N.J. 1950). However, Plaintiffs' alleged injury is contamination of the waters of the State – *i.e.*, exactly the same injury as the public allegedly has incurred. *See Fourth Amend. Compl.* ¶ 127 ("The public nuisance caused ... by Defendants has caused and/or threatens to cause substantial injury to the waters of the State...."). Plaintiffs have not pled a special injury. At most, Plaintiffs have confused injury – contamination of the waters of the State – with alleged damage, *i.e.* costs and expenses. *See, e.g. id.* ¶ 129 (Plaintiffs "have incurred, are incurring, and will continue to incur substantial costs including costs relating to the investigation and cleanup...."); ¶ 130 (Plaintiffs "are sustaining, and will sustain, other substantial expenses ...."). Because plaintiffs cannot (and have not) alleged a private claim for

---

[3] In their pre-motion letter, Plaintiffs cite to *NJDEP v. Exxon Mobil Corp.*, 393 N.J. Super 388, 400 (N.J. App. Div. 2007), for the proposition that under a public nuisance cause of action "the State has the right to obtain damages for an injury to public resources or to the environment." Ltr. from T. Wren to Hon. Shira A. Scheindlin (Aug. 9, 2013). Notably, that decision was issued nine days prior to the New Jersey Supreme Court's decision in *In re Lead Paint*, and that court therefore did not have the benefit of the New Jersey Supreme Court's contrary analysis.

public nuisance, and because as a public entity they cannot recover damages, their cause of action for public nuisance must be dismissed to the extent it seeks recovery beyond abatement.

II. **PLAINTIFFS' TRESPASS CLAIM FAILS AND MUST BE DISMISSED BECAUSE PLAINTIFFS DO NOT HAVE EXCLUSIVE POSSESSION OF THE WATERS OF THE STATE.**

In their fifth cause of action, Plaintiffs allege that Defendants are liable for trespass to the "waters of the State." *Fourth Amend. Compl.* ¶ 156. Plaintiffs' cause of action fails because they cannot prove a required element of a trespass – *i.e.*, exclusive possession. *See, e.g., New Jersey Dep't of Envt'l Prot. v. Exxon Mobil Corp.*, No. UNN-L-3026-04, 2008 WL 4177038, at *7 (N.J. Super. Aug. 29, 2008) (emphasis added) (citing *New Jersey Dep't of Envt'l Prot. v. Ventron Corp.*, 468 A.2d 150, 158 (N.J. 1983) ("[T]he invasion must be to land that is in the exclusive possession of the plaintiff" and "[t]he gravamen of the tort of trespass is that someone has interfered with a party's exclusive possession of land."); *see also Orange County Water Dist. v. Unocal, et al.*, 279 F.R.D. 131, 139 (S.D.N.Y. 2011) ("[D]efendants have successfully argued – and I have held – that exclusive possession is a necessary prerequisite to bringing a trespass claim"); *New Jersey Dep't of Envt'l Prot. v. Union Carbide Corp.*, No. MID-L-5632-07, *Opinion of Court*, at *14 (N.J. Super. Mar. 29, 2011) (trespass requires an actual invasion and interference with plaintiff's exclusive possession) (attached as Ex. 3 to Gerson Decl.).[4]

---

[4] Plaintiffs' trespass cause of action focuses—as it must—on an invasion to the **waters of the State**. Indeed, any attempt by Plaintiffs to allege an invasion to land would fail. Plaintiffs are not the owner of the land in question at sixteen of the nineteen Trial Sites and, therefore, do not have exclusive possession of either the land or the underlying groundwater. *See Defs.' Local Rule 56.1 Stmt.* ¶ 2; Gerson Decl., at Exs. 4-19; *see also New Jersey Dep't of Envt'l Prot. v. Union Carbide Corp.*, No. MID-L-5632-07, *Opinion of Court*, at *14 (N.J. Super. Mar. 29, 2011) ("The groundwater in question is under private property and has never been available to the public."). The remaining three Trial Sites are owned by the State of New Jersey and the New Jersey Department of Treasury, which are not parties to this action. *See Defs.' Local Rule 56.1*

Plaintiffs do not have exclusive possession of the waters of the State. Rather, as Plaintiffs themselves point out, "the water resources of the State are public assets of the State **held in trust for its citizens** ... [and] ownership of these assets is in the State **as trustee of the people**...." New Jersey Water Supply Management Act, N.J.S.A. 58:1A-2 (emphasis added); *see also Pls.' Pre-Motion Ltr.* at 2 (citing N.J.S.A. 58:1A-2). As further explained in *New Jersey Dep't of Envt'l Protection v. Exxon Mobil Corp.*, the Public Trust doctrine has not and cannot be interpreted to grant the State "exclusive possession" of New Jersey's natural resources because such an interpretation would lead to the irrational result that "almost any invasion, by anyone, could give the State grounds for a trespass action." No. UNN-L-3026-04, 2008 WL 4177038, at *7 (refusing to hold that land subject to the public trust is in the exclusive possession of the State); *see also Johns-Manville Sales Corp. v. New Jersey Water Supply Auth.*, 511 A.2d 1194, 1195 (N.J. App. Div. 1986) ("Ultimate ownership rests in the people and this precious natural resource is held by the State in trust for the public's benefit."). *Cf. New Mexico v. Gen. Elec.*, 467 F.3d 1223, 1248 n.36 (10th Cir. 2006) ("[T]he State as guardian of the public trust has no

---

Stmt., ¶¶ 3-4; Gerson Decl., at Exs. 20-22. Assuming for the sake of argument that Plaintiffs in this action have exclusive possession of the remaining three properties, Plaintiffs cannot maintain a cause of action for trespass to lands where, as here, they consented to delivery of the material which allegedly (and eventually) caused the contamination. *See Woodcliff, Inc. v. Jersey Constr., Inc.*, 900 F. Supp. 2d 398, 402 (D.N.J. 2012) (where plaintiff consented to defendant's delivery of soil to plaintiff's property and later discovered the soil to be contaminated with arsenic, plaintiff could not maintain a claim for trespass on the theory that it consented to delivery of soil, but did not consent to discharge of arsenic); *see also New Jersey Tpk. Auth. v. PPG Indus.*, 16 F. Supp. 2d 460, 478 (D.N.J. 1998) (granting summary judgment to defendant on plaintiff's trespass claim where plaintiff had accepted fill material later found to contain hazardous substances and stating that "[t]respass has been held to be an inappropriate theory of liability in a cases such as this"), *aff'd*, 197 F.3d 96 (3d Cir. 1999); *Player v. Motiva Enters. LLC*, No. 02-3216 (RBK), 2006 U.S. Dist. LEXIS 2288, at *42 (D.N.J. Jan. 20, 2006) (granting summary judgment to defendant on plaintiff's trespass claim and recognizing that "New Jersey has moved away from such common law claims as trespass and nuisance in environmental pollution cases." (internal quotations omitted)), *aff'd*, 2007 U.S. App. LEXIS 16914 (3d Cir. 2007).

possessory interest in the sand, gravel, and other minerals that make up the aquifer – a necessary requisite to maintaining a trespass action."). Without this essential element of exclusive possession, Plaintiffs' trespass claim must be dismissed.

## CONCLUSION

For the foregoing reasons, and as a matter of law, Plaintiffs' public nuisance claim must be dismissed to the extent it seeks recovery beyond abatement, and Plaintiffs' trespass claim must be dismissed because Plaintiffs cannot prove exclusive possession.

October 1, 2013
New York, New York

Respectfully submitted,

_____
Peter John Sacripanti
James A. Pardo
Stephen J. Riccardulli
Lisa A. Gerson
McDermott Will & Emery LLP
340 Madison Avenue
New York, NY  10017-4613
Tel. (212) 547-5400
Fax  212) 547-5444

*Counsel for Defendants Exxon Mobil Corporation, ExxonMobil Oil Corporation, and Mobil Corporation and on behalf of all Defendants listed in Attachment A*

# ATTACHMENT A

Atlantic Richfield Company;
BP America, Inc.;
BP Amoco Chemical Company;
BP Amoco Corporation;
BP Products North America Inc.;
Chevron Corporation;
Chevron U.S.A. Inc.;
Coastal Eagle Point Oil Company;
ConocoPhillips Company;
Cumberland Farms, Inc.;
Duke Energy Merchants, LLC;
El Paso Corporation (n/k/a El Paso LLC);
Exxon Mobil Corporation;
ExxonMobil Oil Corporation;
Equilon Enterprises LLC;
Getty Petroleum Marketing Inc.;
Getty Properties Corp.;
Gulf Oil Limited Partnership;
Hess Corporation;
Kewanee Industries, Inc.;
Lyondell Chemical Company;
Mobil Corporation;
Motiva Enterprises LLC;
Shell Oil Company;
Shell Oil Products Company LLC;
Shell Trading (US) Company;
Sunoco, Inc.;
Sunoco, Inc. (R&M);
Unocal Corporation