# McDermott Will & Emery

Boston Brussels Chicago Düsseldorf London Los Angeles Miami Munich
New York Orange County Rome San Diego Silicon Valley Washington, D.C.

Peter J. Sacripanti
Attorney at Law
psacripanti@mwe.com
212.547.5583

October 7, 2013

**BY ELECTRONIC MAIL AND HAND DELIVERY**

The Honorable Shira A. Scheindlin
United States District Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 1620
New York, New York 10007-1312

      Re:    Master File C.A. No. 1:00-1898 (SAS), M21-88, MDL No. 1358
                *Defendants' Pre-Conference Letter for October 15, 2013 Conference*

Dear Judge Scheindlin:

      Defendants respectfully submit this letter in advance of the October 15 status conference.

## DEFENDANTS' AGENDA ITEMS

### I. City of Fresno: Application of Court's September 10, 2013 Ruling on Lack of Injury to Remaining Stations

      The Court's September 10, 2013 Order granting Defendants' Limitations Motion ("Order") should be dispositive of the entire *City of Fresno* case. Mindful of the Court's prior rulings, Defendants did not seek summary judgment based on the statute of limitations at sites that had the first detection of MTBE in groundwater or in the soil above five ppb after the limitations date or at which there is a fact dispute regarding such a detection ("Remaining Stations").[1] *See In re MTBE Prods. Liab. Litig.*, 676 F. Supp. 2d 139, 153 (S.D.N.Y. 2009).

      The Court, in ruling on the Limitations Motion, granted summary judgment based on the lack of injury:

> In sum, Fresno's position that "it is not the mere presence of chemical molecules within the city boundaries that is significant for purposes of determining appreciable harm, it is whether the MTBE caused appreciable harm to Fresno's

---

[1] Those stations are M&S Texaco, 2619 S. East Avenue; 7-Eleven #19198, 1596 N. Palm Avenue; Shell (1212), 1212 Fresno Street; U&A Gas & Food Mart, 2929 N. Blackstone; Van Ness Auto, 2740 N. Van Ness; and Red Triangle, 2809 S. Chestnut Avenue.

U.S. practice conducted through McDermott Will & Emery LLP.
340 Madison Avenue New York New York 10173 Telephone: 212.547.5400 Facsimile: 212.547.5444 www.mwe.com

The Honorable Shira A. Scheindlin
October 7, 2013
Page 2

> water system[]" ultimately dooms its claims as to the Limitations Sites and Soil Detection Sites. Fresno has presented no evidence from which a reasonable jury could find that the groundwater and soil contamination at the sites at issue in this motion threaten its production wells. For this reason, the Limitations Motion is granted.

*Order*, at 61-62.

The City's position also dooms its claims for all the Remaining Stations because the City's alleged evidence of injury is *exactly the same*; namely, the same general opinions of Mr. Haberman, Mr. Norman, and Dr. Fogg and testimony from Dr. Wilson. To avoid wasting the Court's and the parties' time on unnecessary motion practice, Defendants wrote to the City's attorneys and requested that the City agree that the order would apply to the Remaining Stations. *Ltr. from c. Correll to M. Axline* (Sept. 17, 2013) (at Ex. A). After receiving no response, Defendants followed-up with an email. *Email from C. Correll to M. Axline* (Sept. 23, 2013) (at Ex. B). Plaintiffs' counsel responded that the City had not determined its position yet. *Email from T. O'Reilly to C. Correll* (Sept. 23, 2013) (at Ex. C). But no matter how long the City's analysis takes, it will not change the outcome. The City cannot credibly argue that the injury analysis is any different at the Remaining Stations.

Therefore, the summary judgment ruling should also apply to the Remaining Stations, resulting in the dismissal of the entire case with prejudice. The parties have litigated this case for ten years, conducting extensive discovery and motion practice. If the City will not agree that the effect of the Court's order requires dismissal of all Remaining Sites, then Defendants request that they be allowed to file a short summary judgment motion on lack of injury at the Remaining Stations.

## II. City of Fresno: Dismissal of the Tesoro and Kern Defendants Based on the Court's MSJ Rulings

In light of the Court's September 10, 2013 ruling granting Defendants' Motions for Summary Judgment for Lack of Causation, Plaintiff has no remaining claims against Tesoro.[2] Tesoro has repeatedly asked Plaintiff to dismiss Tesoro. Plaintiff's counsel recently informed Tesoro that both the Fresno City Attorney and the City Council are involved in responding to Tesoro's request. Plaintiff's counsel indicated that they anticipate having a response by the end of the week of October 7th or early the week of October 14th.

Likewise, Plaintiff has no remaining claims against Kern Oil & Refining Company ("Kern"). Kern has asked Plaintiff to dismiss Kern, but has yet to receive a response to that

---

[2] At the time of the summary judgment ruling, Plaintiff had only strict product liability and negligence claims remaining against Tesoro at three stations. The Court's ruling address all three stations.

The Honorable Shira A. Scheindlin
October 7, 2013
Page 3

request. Therefore, to the extent Tesoro and/or Kern have not received responses by the time of the October 15th status conference, these defendants respectfully request that the Court establish a schedule for Plaintiff to respond that will ensure a timely resolution and dismissal of these defendants.

### III. Puerto Rico: Plaintiffs' Failure to Properly Respond to Total Petroleum Puerto Rico Corp.'s (TPPRC) Discovery Requests Regarding Trial Site No. 9

On January 25, 2012 Defendants' served the *First Set of Interrogatories and Request for Production of Documents Regarding Plaintiffs' Trial Site No. 9 – Total # 1012*. These requests sought information on the water resources and wells allegedly impacted or threatened by release(s) of MTBE or gasoline with MTBE from Trial Site No. 9. However, Plaintiffs have not adequately responded to several of the requests—*i.e.* Interrogatories Nos. 8, 9, 11 and 12, and Request for Production of Documents No. 8. In addition, Plaintiffs' supplemental response to Interrogatory No. 15 simply refers TPPRC to sets of Bates ranges comprised of thousands of documents. In accordance with the Court's and the Special Master's guidance on Rule 33(d) responses in this MDL, Plaintiffs must identify the documents with sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could. Likewise, TPPRC has informed Plaintiffs of deficiencies in the responses to Interrogatories Nos. 2, 3, 5, 16, 17 and 19 and Requests for Production of Documents Nos. 6, 9, 18, 19 and 20, but has yet to receive a response on these. *Ltr. from E. Maldonado-Matias to D. Boone* (Aug. 1, 2013) (at Ex. D).

In its August 1, 2013, letter TPPRC requested a response regarding these deficiencies on or before August 7 and offered to initiate a meet and confer on August 9. Having received no response, TPPRC followed up on August 28 and called Plaintiffs' counsel, Daniel Boone, on August 30 to discuss the issue. Mr. Boone stated that Plaintiffs would supplement several of the deficient responses and get back to TPPRC as to others. TPPRC followed up via e-mail on September 6, 10 and 16 and October 1. In a September 26 e-mail Mr. Boone stated that Plaintiffs would serve a response this week. Hence, this issue is placed on the Court's agenda because, more than two months after being served with the deficiencies letter, Plaintiffs have not served their supplemental responses. Therefore, to the extent Plaintiffs do not provide the promised responses, Defendants request that the Court order a date certain by which the information must be provided. We will inform the Court in our reply letter if the issue may be removed from the agenda.

### IV. New Jersey: Production of David Barth's Calculations If Not Yet Decided

The issue of Plaintiffs' production of David Barth's calculations has been fully briefed by the parties. *See Ltr. from D. Ellison to Court* (Sept. 24, 2013); *Ltr. from L. Kaufmann to Court* (Sept. 17, 2013). If issue has not yet been decided at the time of the status conference, Defendants will be prepared to answer any questions the Court may have.

The Honorable Shira A. Scheindlin
October 7, 2013
Page 4

Respectfully submitted,

*Peter John Sacripanti*

Peter John Sacripanti

cc:    All Counsel By LNFS, Service on Plaintiffs' Liaison Counsel