# EXHIBIT A

DM_US 35481469-1.T13305.0010

# KING & SPALDING

101 Second Street
Suite 2300
San Francisco, CA 94105
Tel: (415) 318-1200
Fax: (415) 318-1300
www.kslaw.com



Charles C. Correll, Jr.
Direct Dial: 415-318-1209
Direct Fax: 415-318-1300
ccorrell@kslaw.com

September 17, 2013

*VIA EMAIL AND LNFS*

Michael Axline
Miller, Axline & Sawyer
1050 Fulton Avenue, Suite 100
Sacramento, California 95825

Re: In re MTBE Products Liability Litigation, MDL No. 1358; *City of Fresno v. Chevron U.S.A. Inc., et al.*: re: Order Granting Defendants' Motion for Summary Judgment

Dear Mike:

I am following up on the conversation we had last week in Houston concerning the Court's ruling on Defendants' Motion of Summary Judgment on Limitations (or in the Alternative Lack of Injury) ("Limitations Motion"). In that order, the Court found:

> In sum, Fresno's position that "it is not the mere presence of chemical molecules within the city boundaries that is significant for purposes of determining appreciable harm, it is whether the MTBE caused appreciable harm to Fresno's water system[]" ultimately dooms its claims as to the Limitations Sites and Soil Detection Sites. Fresno has presented no evidence from which a reasonable jury could find that the groundwater and soil contamination at the sites at issue in this motion threaten its production wells. For this reason, the Limitations Motion is granted.

Order Dated September 10, 2013 at pp. 61-62.

Defendants did not move on the following sites in the Limitation's Motion:

- M&S Texaco, 2619 S. East Avenue;
- 7-Eleven #19198, 1596 N. Palm Avenue;
- Shell, 1212 Fresno Street;
- U&A Gas & Food Mart, 2929 N. Blackstone;
- Van Ness Auto, 2740 N. Van Ness;
- Red Triangle, 2809 S. Chestnut Avenue;
- Beacon #3519, 4591 E. Belmont Avenue; and
- Exxon, 4594 E. Tulare Street.

("Remaining Stations").

September 17, 2013
Page 2

      While you may disagree with the Court's opinion, I do not believe there is any dispute that the facts relating to injury upon which the Court based its opinion for the stations in the motion ("Motion Stations") are the same facts of alleged injury at the Remaining Stations. In particular, at none of these stations is there any evidence that a release threatens or has impacted the deeper drinking water aquifer. Instead, the City's evidence of injury at the Remaining Stations is based upon the same general opinions of Haberman, Fogg, and Norman that the Court concluded was insufficient to preclude summary judgment at the Motion Stations.

      I suggest that the parties stipulate that the evidence of injury is the same at the Remaining Stations as it was for the Motion Stations. The Court can then dismiss the entire case with prejudice.

      We believe the dismissal must be with prejudice. If the City filed these same claims based on the same facts tomorrow, *res judicata* should apply. While the parties disagree if the same result would occur if one of the City's production wells was impacted with MTBE in the future, that is an issue a future court must decide. For now, the Court found that the City's claims fail as a matter of law. Those claims should be dismissed with prejudice. If the City agrees that all claims can now be dismissed with prejudice, and waives appeal, Defendants will waive costs. If not, Defendants will request that the Court allow Defendants to brief the application of the Court's order to the Remaining Stations, and we will seek our costs, which are substantial.

      Please let me know if you would like to discuss.

Very truly yours,

Charles C. Correll, Jr.

cc: All counsel via LNFS