# EXHIBIT D




August 1st, 2013

**VIA E-MAIL: dboone@toxictorts.org**

Daniel Boone, Esq.
Miller, Axline & Sawyer
1050 Fulton Avenue, Suite 100
Sacramento, CA 95825-4225

Re: Deficiencies in Plaintiffs' Corrected and Supplemental Responses to Defendants' First Set of Interrogatories and Requests for Production of Documents Regarding Plaintiffs' Trial Site Total #1012

Dear Mr. Boone:

I write on behalf of our client, Defendant Total Petroleum Puerto Rico ("TPPRC"), concerning Plaintiffs' deficiencies in the discovery responses identified below. TPPRC seeks clarification and/or supplementation of certain of Plaintiffs' responses to Defendants' First Set of Interrogatories and Request for Production of Documents Regarding Plaintiffs' Trial Site – Total 1012 (hereinafter, "Defendants' Trial Site Discovery"). Below we address both, Plaintiffs' corrected responses of April 11, 2012 and Plaintiffs' supplemental responses of November 27, 2012.

**Allegedly Impacted Water Resources**

As a preliminary matter, it is important to note that Plaintiffs identified in their response to Interrogatory No. 1 of Defendants' Trial Site Discovery, the Claro Well 1, the McCracken Nuevo Well, the Río Piedras river and "groundwater beneath and downgradient of the site" as water resources impacted or threatened by MTBE allegedly released from Plaintiffs' Trial Site Total 1012 (hereinafter "Total 1012"). Most of Defendants' interrogatories and requests for the production of documents seek information concerning these allegedly impacted or threatened wells and water resources. Despite Defendants' inquiries, Plaintiffs have consistently failed to provide the information and/or documentation requested as to these other allegedly impacted or threatened resources or, at least, clarify whether the information requested exists.

**Interrogatory No. 2**

Specifically, Interrogatory No. 2 of Defendants' Trial Site Discovery requests, among other information, the status (whether active or out of service) of the allegedly impacted or threatened water resources identified by Plaintiffs' in their response to Interrogatory No. 1. Plaintiffs' April 11, 2012 response to Interrogatory No. 2 refers Defendants to the USGS list of wells which includes information on the classification of each well but not as to their inactive or active status. Plaintiffs' assert that "[w]ells with classification H, P, T & C are considered to be active". However, it is our understanding that this information is inaccurate, since Plaintiffs' supplemental response to this interrogatory (Plaintiffs' November 27, 2012 responses) offers a description of the well's classification as indicated in the USGS list provided. Upon review of the USGS list, the description given indicates the well's use or the "nature of its service" not the well's status. The Claro 1 Well and the McCracken Nuevo Well have a commercial supply use classification (identified with a "C") and a public supply use classification (identified as "P"), respectively. Therefore, even with Plaintiffs' supplemental response to this interrogatory, the status of these wells is still unclear to us. Please simply state whether the Claro 1 Well and the McCracken Nuevo Well are, in fact, "in service or currently out of service".

Further, we note that during the taking of Ariel Rosa's deposition of May 30, 2013 he testified that the McCracken Nuevo Well was closed. (Rosa Dep.115:6-14) When inquired on the date of the closure and the reasons for the closure, he did not know. (Rosa Dep. 115:15-16 and 146:11-24). In light of these inconsistencies, please indicate whether any of the wells identified by Plaintiffs in their response to Interrogatory No. 1 is closed or has been placed "out of service" and identify the date in which it was closed (or placed out of service) and the reasons such wells are inactive or closed. In addition, produce any documentation related to the closure of such wells and/or the reasons of such closure.

**Interrogatory No. 3**

Through Interrogatory No. 3, Defendants seek the identification of the persons knowledgeable about any sampling, testing, or monitoring at Total 1012 and at any of the allegedly impacted or threatened water resources identified by Plaintiffs in their response to Interrogatory No. 1. Plaintiffs identified several employees from the EQB, PRASA, DNER, and the DOH but failed to identify the particular sampling, testing, or monitoring activity to which each of them is knowledgeable. Please supplement Plaintiffs' response to this interrogatory to identify the particular sampling, testing or monitoring activity to which each of the identified persons is knowledgeable.

**Interrogatory No. 5 (and Request for Production No. 6)**

Plaintiffs' supplemental response to Interrogatory No. 5 of November 27, 2012, mentions that at the time Plaintiffs were unaware of any "treatment or remediation" at any of the water resources identified in their response to Interrogatory No. 1. State whether Plaintiffs are still unaware of any treatment or remediation at the Claro 1Well, the McCracken Nuevo Well, the Río Piedras river or any other water resource identified by Plaintiffs in response to Interrogatory No. 1. Also, explain Plaintiffs' use of the quotations over the words *treatment or remediation*. If

Plaintiffs have any doubt about the meaning of these terms, note that these terms should be used and be given the same meaning as they are used by Plaintiffs in their Third Amended Complaint.

**Interrogatory No. 7**

Interrogatory No. 7 of Defendants' Trial Site Discovery inquires on whether Plaintiffs have received any complaints, comments, or records regarding the taste or odor of drinking water served to the residents of the Commonwealth related or associated to Total 1012 or any of the allegedly impacted or threatened water resources identified by Plaintiffs in response to Interrogatory No.1. Plaintiffs' supplemental response to this interrogatory refers Defendants to a set of documents, all of which concern Total 1012 and none of which include or identify any complaints, comments or records regarding the taste and odor of drinking water. State if there are any complaints or comments concerning the taste and odor of drinking water associated in any way to Total 1012. We are unable to locate or identify this information in the documents referenced by Plaintiffs. Furthermore, Plaintiffs' response does not address any of the allegedly impacted or threatened wells or water resources identified in Plaintiffs' response to Interrogatory No.1. We request Plaintiffs to supplement their response to provide the information inquired upon Interrogatory No. 1; namely, Total 1012, the Claro 1 Well, the McCracken Nuevo Well and the Río Piedras river. If Plaintiffs have no information or documentation regarding the same, please state it as such. In addition Plaintiffs shall produce any and all documentation concerning taste and odor complaints, comments or records.

**Interrogatory No. 8**

Similarly, Plaintiffs' supplemental response to Interrogatory No. 8 of Defendants' Trial Site Discovery refers Defendants to the same set of documents referenced above, all of which relate only to Total 1012. Plaintiffs have not provided a response as to the supply wells and other water resources identified by Plaintiffs in their response to Interrogatory No. 1, such as the Claro Well, the McCracKen Nuevo Well and the Río Piedras river.

**Interrogatory No. 9**

Interrogatory No. 9 of Defendants' Trial Site Discovery seeks information concerning the monitoring wells installed or present at the Total 1012 and at any of the supply wells and other resources identified in Plaintiffs' response to Interrogatory No. 1. This interrogatory specifically seeks information about the well's status, date of installation, the reasons for the installation, the frequency at which the wells are monitored, and the persons responsible for conducting the monitoring. Plaintiffs' April 12, 2012 response to this interrogatory refers Defendants to a report on sampling activities conducted at various facilities during May of 2011 and to a document from the EQB regarding the procedures to be followed during the permanent closing of a UST. None of the documents include information responsive to Defendants' inquiries with respect to the monitoring wells. Therefore, we ask that Plaintiffs correct or supplement their response to this interrogatory accordingly.

**Interrogatory No. 11**

Plaintiffs' response to Interrogatory No. 11 only addresses litigation or enforcement actions with respect to Total 1012. Plaintiffs failed to respond as to any litigation or enforcement action related to each supply well and water resource identified by Plaintiffs in their response to Interrogatory No. 1; namely, the Claro Well, the McCracken Nuevo Well and the Río Piedras river. We ask that Plaintiffs supplement their response to this interrogatory accordingly.

**Interrogatory No. 12**

Once again, Plaintiffs' response to Interrogatory No. 12 is limited to Total 1012 even though the request also seeks information on each supply well and water resource identified by Plaintiffs in their response to Interrogatory No. 1.

Plaintiffs also object to the use of the term "*treatment*". In that regard, we note that the term "*treatment*" should be construed and used as this term is used and construed by Plaintiffs in their Third Amended Complaint. Kindly, amend and supplement Plaintiffs' response to Interrogatory No. 12, accordingly.

**Interrogatory No. 15**

Through Interrogatory No. 15, Defendants seek information on any investigation, sampling and/or testing of any analyte because of possible contamination from a site **other** than Total 1012 and conducted at or for each of the supply wells or water resources identified by Plaintiffs in their response to Interrogatory No. 1. Plaintiffs' supplemental response to this interrogatory refers Defendants to various sets of documents. From the most discrete set of documents, Defendants identified documents pertaining to Total 1012; however, the other sets of documents referenced are comprised of thousands of documents from which it is almost unfeasible to identify the documents corresponding to the subject trial site, Total 1012. In accordance with the Special Master's and the Court's guidance on Rule 33(d) responses in this MDL, Plaintiffs must identify the documents with sufficient detail "to enable the interrogating party to locate and identify them as readily as the responding party could."

Therefore, we ask that Plaintiffs correct their response to this interrogatory appropriately and specify the bates numbers where Defendants can locate the information corresponding to the supply well, or water resources identified by them in their response to Interrogatory No. 1; namely, the Claro Well 1, the McCracken Nuevo Well and the Río Piedras river.

**Interrogatories Nos. 16 and 17**

Interrogatories Nos. 16 and 17 of Defendants' Trial Site Discovery seek the identification of private and PRASA water wells which Plaintiffs claim have been impacted or threatened to be impacted by releases of MTBE at or from Total 1012. These interrogatories also seek the production of all documents concerning the wells identified, including, but not limited to all permits, sampling results, treatment records, and construction logs for such wells.

Plaintiffs' response to these interrogatories merely identified the wells allegedly impacted or threatened, but failed to provide any documents or information concerning the wells' permits, sampling results and other information sought in the interrogatories and requests for production of documents. Therefore, we ask that Plaintiffs supplement their responses to Interrogatories Nos. 16 and 17 to provide the information and all documents requested concerning the Claro Well 1 and the McCracken Nuevo Well in their possession, custody or control.

**Interrogatory No. 19**

With Interrogatory No. 19, Defendants seek the identification of persons from any U.S. or other Commonwealth agency or public corporation who Plaintiffs or Plaintiffs' employees or agents know have information about sampling or testing for any analyte or any remediation at Total 1012. The interrogatory further asks for the position or title of the persons identified and the extent of their intervention with the sampling, testing, or remediation at Total 1012.

Plaintiffs' supplemental response to Interrogatory No. 19 identifies the various individuals listed below from the Environmental Protection Agency and the U.S. Department of Justice but do not provide their position or title within the corresponding agency and the extent of their intervention with the sampling, testing or remediation at Total 1012. We ask that Plaintiffs supplement their response to this interrogatory to provide the position or title of the persons identified, a summary of the information these individuals have concerning the sampling, testing or remediation at Total 1012 and a description of their intervention with the sampling, testing or remediation at Total 1012.

a. Claudia Gutiérrez (EPA)
b. Yasmin Laguer (EPA)
c. Dennis McChesney (EPA)
d. Lourdes Rodríguez (EPA
e. Thomas Lieber (EPA)
f. Frank Spina (EPA)
g. William Sawyer (EPA)
h. Rudolph Pérez (EPA)
i. David L. Gordon (DOJ)
j. Rubén Gómez (DOJ); and
k. Donal Frankel (DOJ)

**Request for Production No. 8.**

Request for Production of Documents No. 8, calls for the production of all documents, including but not limited to, environmental investigations, environmental reports, environmental assessments and/or source investigations concerning the presence or threatened presence of any analyte in any water resource located at or concerning Total 1012, or at any location identified by Plaintiffs in their response to Interrogatory No. 1. In response to this Request for Production, Plaintiffs refer Defendants to a set of documents that are, essentially, the EQB site file for Total 1012 and the analytical report of sampling activities commissioned by Plaintiffs on May of 2011 at Total 1012. None of the documents referenced in Plaintiffs' response include environmental reports, assessments or the sorts of documents requested concerning the Claro 1 Well, the

McCracken Nuevo Well or the Río Piedras river even when these supply wells and water resources were identified by Plaintiffs in their response to Interrogatory No. 1. We ask Plaintiffs to supplement this response or state the non-existence of any responsive documents with respect to the Claro 1 Well, the McCracken Nuevo Well and the Río Piedras river.

**Request for Production Nos. 18, 19 and 20**

Requests for Production of Documents Nos. 18 and 19 ask for the production of all documents concerning the temporary or permanent removal of supply wells located at Total 1012 or within the one-mile radius of any site or water resource identified by Plaintiffs in response to Interrogatory No. 1. The Request for Production No. 20 seeks the production of all documents concerning the use of a water resource as a substitute for, or alternative to, another water resource that Plaintiffs alleged could not be used because of the presence or threat of MTBE or TBA at, or emanating from Total 1012 or from any site or water resource identified in Plaintiffs' response to Interrogatory No. 1.

Plaintiffs' supplemental responses to Requests for Production Nos. 18 and 19 of last November 27, 2012 assert that the "Commonwealth is currently unaware of" the temporary or permanent removal of supply wells located at Total 1012 or within the one-mile radius. Likewise, Plaintiffs' supplemental response to Request for Production No. 20 is that "the Commonwealth is currently unaware of the use of a substitute or alternative water resources for a water resource located within the delineated area of the trial site." We ask Plaintiffs to supplement their responses of the corresponding information concerning the matters inquired in Requests for Productions Nos. 18, 19 and 20.

Kindly provide the information requested on or before August 7, 2013. If a meet and confer is necessary to discuss the above stated or clarify any questions Plaintiffs may have please contact us to coordinate the same on or before Friday, August 9, 2013.

Respectfully,

Maldonado-Matías

Elaine Maldonado-Matías

c. Nathan Short, Esq.