UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: METHYL TERTIARY BUTYL ETHER ("MTBE")
PRODUCTS LIABILITY LITIGATION                              MDL No. 1358

TRANSFER ORDER

**Before the Panel:**[*] Pursuant to Panel Rule 7.1, certain oil company defendants[1] in the four actions listed on Schedule A move to vacate our orders that conditionally transferred their respective actions to the Southern District of New York for inclusion in MDL No. 1358. Plaintiffs in all actions oppose the motion.

In opposing transfer, defendants contend that the litigation in MDL No. 1358 is winding down, with common discovery completed long ago and the vast majority of actions settled or remanded. They further contend that only five actions in the MDL are in active litigation,[2] and that the MDL is now focused on individualized case-specific issues. In response, plaintiffs argue that transfer is warranted because the four new actions involve the same questions of fact and law as the past and present actions in MDL No. 1358, and the transferee judge, the Honorable Shira A. Scheindlin, is in the best position to streamline discovery in the new actions with the discovery that has been completed. Judge Scheindlin, they argue, has developed an expertise on complex issues in the oil and gas industry that will facilitate resolution of common factual and legal issues presented by the new actions.

---

[*] Judge John G. Heyburn II and Judge Sarah S. Vance took no part in the decision of this matter.

[1] Ashland, Inc.; Atlantic Richfield Company; BP Amoco Chemical Company; BP-Husky Refining, LLC; BP Products North America, Inc.; Chevron U.S.A., Inc.; CITGO Petroleum Corporation; CITGO Refining and Chemicals Company L.P.; ConocoPhillips Company; Equilon Enterprises LLC; Exxon Mobil Corporation; ExxonMobil Oil Corporation; Four Star Oil & Gas Company; Hess Corporation; Marathon Oil Company; Marathon Petroleum Company LP; Mobil Corporation; Motiva Enterprises LLC; PDV Midwest Refining, LLC; Shell Oil Company; Shell Oil Products Company LLC; Shell Petroleum, Inc.; Shell Trading (US) Company; Sun Company, Inc.; Sunoco, Inc.; Sunoco, Inc. (R&M); Texaco, Inc.; TMR Company; and Total Petrochemicals & Refining USA, Inc.

[2] One of those actions was remanded by the Panel to the transferor court on October 1, 2013, following the transferee court's resolution of summary judgment motions. Defendants report that about nine other actions in the MDL have been largely inactive following a December 2011 settlement with the majority of defendants.

A CERTIFIED COPY
RUBY J. KRAJICK, CLERK
BY _____
Deputy Clerk

Case 1:00-cv-01898-VSB-VF   Document 3820   Filed 10/09/13   Page 2 of 3
Case MDL No. 1358   Document 440   Filed 10/09/13   Page 2 of 3

-2-

Defendants are correct that this litigation is at an advanced stage, with common discovery complete and most actions settled. On balance, though, we find that inclusion of the actions listed on Schedule A is appropriate. The relative merits of transferring additional cases can change as the transferee court completes its primary tasks. *See In re Bridgestone/Firestone, Inc., Tires Prods. Liability Litig.*, 659 F. Supp. 2d 1371,1372 (J.P.M.L. 2009). Whether continued inclusion of tag-along actions is appropriate, therefore, is based upon a review of the status of the MDL proceedings and an assessment of the relative merits of transferring additional cases. Three years ago, defendants similarly opposed the transfer of tag-along actions to the MDL arguing, as they do here, that common discovery was complete and the proceedings significantly advanced. We determined that transfer was warranted "to streamline remaining discovery and pretrial motions." *See* MDL No. 1358, Doc. No. 309, Transfer Order at 1-2 (J.P.M.L. Oct. 7, 2010). Our current review leads us again to conclude that transfer of the new actions alleging MTBE contamination would contribute substantially to their efficient resolution. Judge Scheindlin has overseen the MTBE litigation in MDL No. 1358 through voluminous discovery and addressed many complex and novel legal issues. Thus, she remains in the best position to streamline discovery and motions practice in the new actions with the discovery and motions practice that have been completed.

After considering all argument of counsel, we find that the actions listed on Schedule A involve common questions of fact with actions in this litigation previously transferred to the Southern District of New York, and that transfer of the actions to that district for inclusion in MDL No. 1358 will continue to serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. We further find that transfer of these actions is appropriate for the reasons that we set out in our original order directing centralization in this docket. In that order, we held that the Southern District of New York was an appropriate Section 1407 forum for actions involving allegations relating to MTBE contamination. *See In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liability Litig.,* 2000 U.S. Dist. LEXIS 14901 (J.P.M.L. Oct. 10, 2000).

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A are transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Shira A. Scheindlin for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Kathryn H. Vratil
Acting Chairman

Paul J. Barbadoro          Marjorie O. Rendell
Charles R. Breyer          Lewis A. Kaplan

IN RE: METHYL TERTIARY BUTYL ETHER ("MTBE")
PRODUCTS LIABILITY LITIGATION                              MDL No. 1358

## SCHEDULE A

Northern District of Iowa

City of Manning v. Ashland Inc., et al., C.A. No. 3:13-03033

District of Massachusetts

Town of Brewster, et al. v. Atlantic Richfield Company, et al., C.A. No. 1:13-11695

Eastern District of Missouri

City of Portageville v. Ashland, Inc., et al., C.A. No. 1:13-00091

District of Vermont

Town of Hinesburg v. Atlantic Richfield Company, et al., C.A. No. 2:13-00198