# McDermott Will & Emery

Boston  Brussels  Chicago  Düsseldorf  London  Los Angeles  Miami  Munich
New York  Orange County  Rome  San Diego  Silicon Valley  Washington, D.C.

Peter J. Sacripanti
Attorney at Law
psacripanti@mwe.com
212.547.5583

October 14, 2013

**BY ELECTRONIC MAIL AND HAND DELIVERY**

The Honorable Shira A. Scheindlin
United States District Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 1620
New York, New York 10007-1312

Re:   Master File C.A. No. 1:00-1898 (SAS), M21-88, MDL No. 1358
      *Additional Defendants' Agenda Item for October 15, 2013 Conference*

Dear Judge Scheindlin:

Defendants respectfully request to add an agenda item for the October 15 conference; the issue could not have been raised before last Friday evening—the day after reply letters were due.

Specifically, on Friday—the final day to serve subpoenas or notices—Plaintiffs served 121 subpoenas or notices for deposition. *See* Exhibit A. This last-minute deluge is simply not achievable given the December 6, 2013 fact discovery cut-off. Indeed, even assuming Plaintiffs' depositions could start immediately, there are only 37 business days left to conduct this exorbitant number of depositions and already 24 depositions are scheduled during that time period (some days are already double-tracked). Further, this ignores the approximately 28 outstanding deposition notices that Defendants previously served months ago but have not yet been scheduled.

The recently signed CMO extended the schedule to allow the parties to notice or subpoena additional depositions no later than October 11, 2013. Defendants agreed to this extension based on the representations of Plaintiffs' counsel that the additional depositions would be focused on (1) newly identified witnesses named in recent depositions, and (2) subjects for which 30(b)(6) witnesses were unable to answer question during the course of their depositions. It is clear that the 121 depositions just noticed go far beyond the "gap filling" envisioned. Plaintiffs have had six years to complete discovery and it is unfair and harassing to try to compress 121 additional depositions in the days that remain, particularly when Plaintiffs have known about many of these witnesses for years. For example, Plaintiffs waited until the eleventh hour to notice the depositions of six former Esso Standard Oil Company (Puerto Rico)

The Honorable Shira A. Scheindlin
October 14, 2013
Page 2

employees, each of whom have been known to Plaintiffs' counsel since the 1990's, when Mr. Dema deposed them in another UST case.

During a meet and confer today, Plaintiffs represented that they do not plan to take all of these depositions; some were served as a precaution in case the need to depose certain of these witnesses proves necessary. As an initial matter, defendants object to Plaintiffs' attempt to reserve the right to take "precautionary" depositions. To the extent fact witnesses are first identified during a deposition after October 11, 2013, the September 30, 2013 CMO provides that the witness's fact deposition may be noticed within 7 business days of such identification. Plaintiffs cannot expand this right merely by noticing up dozens of "precautionary" depositions that clearly do not meet the standard set forth in the CMO.

Defendants ask the Court to issue an order (1) allowing Plaintiffs only a limited number of additional depositions in keeping with the number of depositions recently served by defendants; (2) requiring Plaintiffs to identify the depositions they seek to take by close of business on October 18; (3) striking the remaining "precautionary" notices, and (4) directing Plaintiffs to schedule the outstanding, previously-noticed depositions noticed by Defendants by no later than October 21, 2013.

Respectfully submitted,

*Peter John Sacripanti*

Peter John Sacripanti

cc:   All Counsel By LNFS, Service on Plaintiffs' Liaison Counsel