# EXHIBIT A-2



Law Offices of
# MILLER, AXLINE & SAWYER
A Professional Corporation

| | |
|---|---|
| DUANE C. MILLER | TRACEY L. O'REILLY |
| MICHAEL AXLINE | DANIEL BOONE |
| A. CURTIS SAWYER, JR. | JUSTIN MASSEY |
| | BRYAN BARNHART |
| | DAVE E. BLUM |
| | DONALD MOONEY, of Counsel |

August 9, 2013

**VIA FEDERAL EXPRESS, EMAIL & LNF&S**

Hon. Shira A. Scheindlin
United States District Court, Southern District of New York
500 Pearl Street, Room 1050
New York, NY   10007-1312

Re:   *New Jersey Dept. of Environmental Protection, et al. v. Atlantic Richfield Co., et al.*
      No. 1:08-cv-00312-SAS (MDL 1358)
      Chevron Defendants' Pre-Motion Letter Re HP Delta, Skyline, Getty West Windsor and Baker's Waldwick

Dear Judge Scheindlin:

Chevron's pre-motion letter (Letter) asserts that because Chevron divested itself of retail operations in New Jersey in 1986 it will be entitled to summary judgment with respect to four sites: (1) Baker's Waldwick Gulf; (2) West Windsor Getty; (3) HP Delta; and (4) Skyline Service Center. This assertion ignores critical facts, and plaintiffs urge the Court to deny Chevron's request to file the motion described in Chevron's letter.

Chevron's Letter also asserts that certain Chevron entities are not proper defendants in this case. Letter at 1. Plaintiffs' counsel will discuss these assertions with counsel for Chevron prior to the pre-motion hearing and will be prepared to address the assertions at the pre-motion hearing.

Chevron's letter states that Chevron exited the New Jersey market by 1986, but this carefully worded statement omits critical facts. Chevron's response to CMO 4, for example, admits that Chevron, USA supplied more than ten million barrels of MTBE gasoline to the New Jersey market, from Chevron's refinery in Philadelphia, PA between 1992 and 1994. This directly contradicts Chevron's assertions that it exited the New Jersey market in 1986. In addition Chevron continued to participate in the gasoline market (although apparently not as a refiner) after 1994. Declarations submitted by Gulf Oil Limited Partnership, for example, state that Gulf purchased gasoline from Chevron between 1994 and 1997. As noted in the State's separate response to Chevron's pre-motion letter regarding the effects of Chevron's settlement with the State, Chevron remains liable based on product liability for MTBE contamination caused by

Chevron-manufactured or supplied MTBE gasoline at sites in New Jersey not listed in Chevron's settlement with the State.

Chevron USA, as distinguished from the other Chevron entities, states that it intends to move for summary judgment with respect to the Baker's Waldwick site only. The State does not intend to pursue claims against Chevron at this site, which is specifically covered by the State's settlement agreement with Chevron as a site divested by Chevron, so there is no need for Chevron USA to pursue such a motion with respect to the Baker's Waldwick site. The State will address this site with Chevron prior to the hearing and be prepared to discuss the site at the hearing.

Chevron USA does not propose to file a summary judgment motion with respect to the Skyline, Getty West Windsor or HP Delta sites, and does not describe any facts that would entitle it to summary judgment at those sites. Chevron USA mistakenly asserts, however, that the State is not pursuing claims against Chevron USA at the Skyline, Getty West Windsor or HP Delta sites. That is not correct. CMO 107 identifies Chevron as a defendant at these sites, and Chevron USA is at the center of the constellation of Chevron defendants.

For the above reasons, the State respectfully requests that the Court deny Chevron's request to file its proposed summary judgment motion.

Respectfully submitted,

*Michael Axline*
Michael Axline
Counsel for Plaintiffs