# EXHIBIT A-6



# KING & SPALDING

101 Second Street
Suite 2300
San Francisco, CA 94105
Tel: (415) 318-1200
Fax: (415) 318-1300
www.kslaw.com

Charles C. Correll, Jr.
Direct Dial: 415-318-1209
Direct Fax: 415-318-1300
ccorrell@kslaw.com

July 26, 2013

*VIA EMAIL AND PERSONAL DELIVERY*

The Honorable Shira A. Scheindlin
United States District Judge
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 1620
New York, New York 10007-1312

> Re:  Master File C.A. No. 1:00-1898 (SAS), M21-88, MDL No. 1358 (SAS)
> *New Jersey Dep't of Envt'l Prot.,* et al., *v. Atlantic Richfield Co.,* et al.,
> No. 08-CIV-00312

Dear Judge Scheindlin:

Chevron Corporation and Kewanee Industries, Inc. ("Kewanee") should not be in this case. Neither entity ever refined, distributed, or marketed gasoline containing MTBE in New Jersey, or anywhere else for that matter. This is undisputed. There is simply no reason why Plaintiffs are still pursuing claims against these entities, and summary judgment in their favor is appropriate for *all* claims at *all* sites in this case. With respect to Chevron U.S.A. Inc. ("CUSA"), the undisputed facts show that CUSA sold the only trial site associated with it in 1986, more than ten years before the first alleged release identified by Plaintiffs. There is no evidence that CUSA supplied gasoline containing MTBE to the station, let alone supplied gasoline containing MTBE to this station that was allegedly released to the environment. Summary judgment in CUSA's favor at this site is therefore appropriate.

### Chevron Corporation

Chevron Corporation seeks summary judgment as to the entire case because it never refined, distributed, or marketed gasoline containing MTBE in New Jersey, and there is no genuine issue of material fact that it did. This is case dispositive. Plaintiffs in other MTBE cases have routinely dismissed Chevron Corporation voluntarily, or, alternatively, have not included it in the lawsuit because of this dispositive fact.

The Honorable Shira A. Scheindlin
July 26, 2013
Page 2

Plaintiffs, however, incorrectly and without any support, allege that Chevron Corporation is the "successor-in-interest" to Texaco Inc. Plaintiffs are wrong on the facts and the law. Texaco, Inc. did not merge with Chevron Corporation, and Chevron Corporation never purchased Texaco Inc.'s assets. Moreover, Texaco Inc. still exists as a viable corporate entity. Chevron Corporation is thus not the successor-in-interest to Texaco, Inc. and it did not assume Texaco, Inc.'s liabilities, as this Court already found. *See, e.g., Chevron Corp. v. Salazar*, 809 F. Supp. 2d 189, 196-97 & n.18 (S.D.N.Y. 2011) (Kaplan, J.) (concluding that Chevron Corporation is not the successor-in-interest to Texaco, Inc. and is not responsible for its obligations). The fact that Chevron Corporation and Texaco, Inc. are corporate affiliates is not enough to make Chevron Corporation liable for the acts of Texaco Inc. Indeed, it is deeply ingrained in our legal and economic system that the mere existence of a corporate affiliation, such as a parent-subsidiary relationship, does not make one corporation liable for the torts of its affiliate. *E.g. United States v. BestFoods*, 524 U.S. 51, 61-64 (1998) (holding that, in general, parent corporations are not liable for the acts of their subsidiaries, including environmental torts committed by their subsidiaries); *see also Salazar*, 809 F. Supp. 2d at 195-96. Importantly, Plaintiffs have not alleged that Chevron Corporation is the alter ego of Texaco Inc. Nor could it. The undisputed evidence shows that Texaco Inc. and Chevron Corporation rigorously follow corporate formalities and maintain distinct and separate entities. Chevron Corporation is therefore entitled to summary judgment on all claims at all sites in this case.

Even if Texaco Inc.'s alleged liability could be imputed to Chevron Corporation, Chevron Corporation is still entitled to summary judgment at the three trial sites at which Plaintiffs associate Texaco Inc.: West Windsor Getty, Skyline Service Center, and HP Delta Service Station.[1] All of these claims arise out of Texaco Inc.'s alleged ownership or supply of these stations. But Texaco Inc. did not own these stations at the time of a release of gasoline with MTBE. Texaco Inc. divested all of its refining and marketing assets in the United States in 1984, and Plaintiffs' experts do not allege a release at these sites before then—they only identify releases significantly after this date. Furthermore, there is no evidence that Texaco Inc. supplied gasoline containing MTBE to these sites, before or after 1984.

Plaintiffs allegations at each site are therefore easily refuted:

<u>West Windsor Getty</u>   Plaintiffs' claims at the West Windsor Getty site arise out of Texaco Inc.'s prior ownership of this service station. Texaco Inc., however, sold this site in 1984, and there is no evidence that

---

[1] CMO 107 lists "Chevron" at four trial sites: West Windsor Getty, Skyline Service Center, HP Delta Service Station, and Bakers Waldwick Gulf. During expert and fact discovery, it has become clear that Plaintiffs are asserting claims against Chevron Corporation at the first three sites, and against CUSA at the fourth site. Notably, Plaintiffs also associate the first three sites with "Texaco." To the extent that Plaintiffs are also asserting a claim against Chevron Corporation at Bakers Waldwick Gulf, summary judgment is proper with respect to this site as well because Chevron Corporation never owned, operated, or supplied this station or had any affiliation with it whatsoever.

The Honorable Shira A. Scheindlin
July 26, 2013
Page 3

                gasoline containing MTBE was supplied by Texaco Inc. or by anyone else to this service station before then. Furthermore, there is no evidence of a release of gasoline containing MTBE before 1984, and Plaintiffs' expert do not identify an alleged release until 2004, twenty years after Texaco Inc. sold the service station.

<u>Skyline</u>           Plaintiffs' claims at the Skyline Service Center site arise out of Texaco Inc.'s alleged supply of gasoline containing MTBE to the station. Plaintiffs claim that Texaco Inc. supplied gasoline containing MTBE to the Skyline Service Center from 1991 to 1997. But Texaco Inc. stopped refining and marketing gasoline in 1984, so it could not have supplied gasoline to this site after then. Furthermore, the first reported release of gasoline containing MTBE at the Skyline Service Center site occurred in 1998, fourteen years after Texaco Inc. ceased marketing gasoline and a year after Plaintiffs allege Texaco Inc. stopped supplying this site.

<u>HP Delta</u>          Similarly, Plaintiffs' claims at the HP Delta site arise out of Texaco Inc.'s alleged supply of gasoline containing MTBE to the station. Plaintiffs claim that Texaco Inc. supplied gasoline containing MTBE to the HP Delta Service Station from 1989 to 1991. Again, this could not have happened because Texaco Inc. divested its refining and marketing assets in 1984. And the evidence shows that the first reported MTBE detection at the HP Delta Service Station site occurred in 2004, twenty years after Texaco Inc.'s divestiture and thirteen years after Plaintiffs allege Texaco Inc. stopped supplying the site.

    Put simply, there is no credible evidence upon which a jury could infer that Texaco Inc. refined, supplied, or sold the gasoline containing MTBE that was allegedly released at these three stations. Thus, even if the Court were to find that Chevron Corporation were somehow liable for Texaco Inc.'s actions, it should still grant summary judgment in favor of Chevron Corporation at these three trial sites.

### **Kewanee**

    Plaintiffs did not associate Kewanee Industries, Inc. ("Kewanee") with a single trial site. And for good reason—Kewanee has never refined, distributed, or marketed gasoline, with or without MTBE, anywhere. Nor has Kewanee ever manufactured neat MTBE. Summary judgment in Kewanee's favor for the entire case is therefore proper.

The Honorable Shira A. Scheindlin
July 26, 2013
Page 4

### CUSA

Chevron U.S.A. Inc. ("CUSA") seeks summary judgment as to the only trial site at which Plaintiffs assert claims against it: Bakers Waldwick Gulf.[2] Plaintiffs do not dispute that CUSA sold this station in 1986 to Cumberland Farms Inc. as part of its divestiture of retail stations in the North East. There is no evidence that CUSA supplied gasoline containing MTBE to the station or sold gasoline containing MTBE at the station before 1986. For that matter, there is no evidence that CUSA ever refined, supplied, or sold gasoline containing MTBE that was sold or delivered to this station, much less released from it. Indeed, the first alleged release at this site identified by Plaintiffs' experts occurred in 1996, ten years after Chevron sold the station. Accordingly, CUSA is entitled to summary judgment at the sole focus trial site at which Plaintiffs assert claims against it.

Very truly yours,

*Charles Correll / by perm.*

Charles C. Correll, Jr.

cc: *All Counsel By LNFS*

---

[2] As noted in footnote 1, it appears that Plaintiffs only assert claims against CUSA at Baker's Waldwick Gulf. But to the extent that they also assert claims against CUSA at West Windsor, Skyline, and HP Delta, then summary judgment is proper at these sites because there is no evidence that CUSA ever owned, operated, or supplied these sites or had any affiliation with them whatsoever.