# McDermott Will & Emery

Boston Brussels Chicago Düsseldorf London Los Angeles Miami Munich
New York Orange County Rome San Diego Silicon Valley Washington, D.C.

Stephen J. Riccardulli
Attorney at Law
sriccardulli@mwe.com
212.547.5579

October 18, 2013

**BY ELECTRONIC MAIL AND HAND DELIVERY**

The Honorable Shira A. Scheindlin
United States District Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 1620
New York, New York 10007-1312

      Re:    Master File C.A. No. 1:00-1898 (SAS), M21-88, MDL No. 1358
               *Defendants' Objections to Plaintiffs' Deposition Notices*

Dear Judge Scheindlin:

      Defendants submit this letter in response to Plaintiffs' October 17, 2013 identification of witnesses and 30(b)(6) depositions Plaintiffs intend to take before the close of discovery.

      As an initial matter, Plaintiffs' letter identifies thirty-four (34) depositions that they want to go forward. However, it also states that the remaining deposition notices "remain outstanding until such time as plaintiffs can confirm that there is no longer a need for these additional witnesses." *N. Short Ltr. to S. Riccardulli* (Oct. 17, 2013) (at Ex. A). Defendants do not believe that the Court's rulings at the status conference earlier this week contemplated a process by which Plaintiffs would identify certain deponents with specificity while still reserving their rights to take all remaining noticed depositions at a later time, as they see fit. Defendants object to Plaintiffs' placeholder notices and request that the Court strike those notices.

      Plaintiffs insinuate that these placeholders are necessary because 30(b)(6) witnesses may not be properly prepared and because Defendants have been delinquent in scheduling such depositions. As to the first point, the scheduling of numerous fact witnesses is not the remedy for an unprepared 30(b)(6) – certainly not in the eleventh hour.[1] As to the second point, Defendants vehemently disagree with Plaintiffs' characterization. There are numerous examples

---

[1] Various statements by Plaintiffs, both during meet and confers and at depositions, suggest that Plaintiffs think they are entitled to a 30(b)(6) witness that is the "person most knowledgeable." Of course, this is not the Federal standard for a 30(b)(6).

U.S. practice conducted through McDermott Will & Emery LLP.

340 Madison Avenue New York New York 10173 Telephone: 212.547.5400 Facsimile: 212.547.5444 www.mwe.com

The Honorable Shira A. Scheindlin
October 18, 2013
Page 2

of Defendants' having offered dates for 30(b)(6) depositions and holding those dates open for weeks without any response from Plaintiffs' counsel. *See, e.g., P. Hanebutt Ltr. to J. Dema* (Oct. 17, 2013) (at Ex. B); *Email Chain btw. N. Coppinger and T. O'Reilly* (Aug. 27-Sept. 5, 2013) (at Ex. C).

Finally, Plaintiffs cannot expect the remaining witnesses to hold open dates of availability for some unspecified period of time until Plaintiffs' decision is made. This is unfair to the noticed individuals and promises to wreak havoc on the already crowded deposition calendar. Defendants cannot guarantee that the placeholder deponents will be available for deposition prior to the close of discovery on December 6.

## I.   DEFENDANTS' OBJECTIONS TO PERCIPIENT WITNESSES

Attached at Exhibit D is a list of depositions that Plaintiffs have requested and a short statement of Defendants' position on each. For the most part, Defendants' objections to these depositions are based on the fact that Plaintiffs have failed to subpoena former employees of whom Defendants do not have control. This position should not be a surprise to Plaintiffs. There have been instances in this case where Defendants have served deposition notices on Puerto Rico employees, only to subsequently learn from Plaintiffs' counsel that the individual is no longer employed by and cannot be produced by the Commonwealth. In those circumstances, Defendants have proceeded—as is proper—by serving a subpoena on the individual to compel their attendance. Plaintiffs waited until the last possible moment to serve deposition notices on numerous former employees—many of whom they knew through deposition testimony, or otherwise, were former employees—and have squandered the opportunity to serve timely subpoenas. *See* Sept. 30, 2013 CMO (setting October 11 as the deadline to serve "deposition notices (with subpoena *duces tecum*) to third parties."); *see also Ltr. from L. Gerson to S. Kauff* (Oct. 11, 2013) (at Ex. E) ("[Y]ou were not able to confirm whether Mr. Ayala and Ms. Batista were current employees of EQB or whether subpoenas would be required to compel their testimony. Therefore, to ensure that we do not miss the deadline to serve such subpoenas, we have enclosed them with this letter.").

## II.   DEFENDANTS' OBJECTIONS TO 30(B)(6) NOTICES

Per the Court's direction, below are certain Defendants' objections to outstanding 30(b)(6) notices. Some of these 30(b)(6) notices were served prior to October 10 and some were served as part of the group of 121. However, for organizational purposes, Defendants present them together below. Further, it is Defendants' understanding that the Court is interested in those objections that would prevent a witness from being produced on a topic or subject, and Defendants have not included less substantive objections, such as vagueness or privilege. Complete, formal objections have been or will be served seven business days prior to the deposition as required by CMO 107 (the deposition protocol).

The Honorable Shira A. Scheindlin
October 18, 2013
Page 3

    A.    **<u>Chevron Estrella Puerto Rico, Inc. 30(b)(6) [dated Sept. 13, 2013]</u>** – Chevron Estrella Puerto Rico Inc. objects to this notice because, as Plaintiffs are aware, Chevron Estrella Puerto Rico is not in the gasoline business. Chevron Estrella Puerto Rico Inc. operated convenience stores and car washes in Puerto Rico. Chevron Estrella Puerto Rico Inc. did not own or operate service stations in Puerto Rico, did not own or operate tanks for the storage of gasoline or MTBE in Puerto Rico, and did not refine, import, store, distribute, market or sell gasoline or MTBE in Puerto Rico. Chevron Estrella was not supplied gasoline, with or without MTBE, at any time, in any place, by anyone, in Puerto Rico. Further, the "Chevron" trial site in this case – Texaco #800" did not have a convenience store operated by Chevron Estrella and, as such, Chevron Estrella has no connection whatsoever with this trial site case.

    B.    **<u>Chevron Puerto Rico, LLC 30(b)(6) [dated Sept. 13, 2013]</u>** – Chevron Puerto Rico, LLC objects to this deposition notice because it is duplicative of the designated topics included in Plaintiffs' 30(b)(6) deposition notice to Chevron Puerto Rico, LLC dated September 5, 2013. On September 12, 2013, Chevron Puerto Rico, LLC presented its 30(b)(6) witness to respond to the topics in Plaintiffs' September 5, 2013 deposition notice. One day after this deposition was completed, on September 13, 2013, Plaintiff served another 30(b)(6) deposition notice inquiring into matters that were necessarily included in the topics in its September 5, 2013 notice. Plaintiffs had the opportunity on September 12, 2013 to ask Chevron's witness the ten (10) questions included in the September 13, 2013 notice. In fact, Plaintiffs did ask Chevron's witness questions regarding Question Nos. 1 through 5 of the September 13, 2013 notice -- knowledge of the characteristics of MTBE. Plaintiffs' failure to ask the ten (10) specific questions in the new notice is not a justifiable reason to re-open a deposition that has already been concluded. Further, Chevron cannot respond to Questions 6 through 10 of Plaintiffs' September 13, 2013 notice because it misidentifies Chevron suppliers in Puerto Rico. As Plaintiffs are fully aware, none of the entities listed as "Your SUPPLIERS" in Plaintiffs' September 13, 2013 is, in fact, a supplier of gasoline to Chevron Puerto Rico, LLC.

    C.    **<u>CITGO 30(b)(6)</u>** – The CITGO Defendants have asserted objections to only a few of the thirty-two Issues in their Rule 30(b)(6) Deposition Notice, and the parties have not yet met and conferred about them:

1. Issue No. 23: This Issue seeks information about the sale, supply or delivery of gasoline to stations within one mile of the Trial Sites. CITGO has advised Plaintiffs that it did not sell, supply or deliver gasoline to retail service stations. Moreover, information about CITGO's relationship with branded stations that are not Trial Sites is irrelevant and burdensome (particularly since Plaintiffs have not identified the stations about which they seek information).

2. Issue No. 26: This Issue seeks information about the CITGO Defendants' document collection efforts. There has been no suggestion that the CITGO Defendants have not complied with their discovery obligations, and thus testimony on this issue is both unnecessary and would invade information protected by the work-product doctrine.

The Honorable Shira A. Scheindlin
October 18, 2013
Page 4

3. Issues No. 27-31: These Issues seek information about the inter-corporate relationships between the CITGO Defendants and appear to be directed toward making some sort of "piercing the corporate veil" argument. No such theory has been alleged in any of the complaints, nor have Plaintiffs proffered any explanation as to why such information is discoverable.

**D.    Esso Standard Oil Company (Puerto Rico) 30(b)(6) [dated Oct. 15, 2013]** – Esso Standard Oil has the following objections:

1. Issue 7: Esso objects to this category as it amounts to a re-phrased document request and is thus unduly burdensome. Esso already has provided the codes and descriptions of each gasoline product delivered to the trial sites from 1995 through 2008.

2. Issues 20-21: Esso objects to these categories as they are not reasonably calculated to lead to the discovery of admissible evidence. These topics amount to "discovery on discovery" and are improper. Esso provided Plaintiffs with a list of ESI Custodians and Locations, has negotiated with Plaintiffs the ESI search terms that have been utilized, pursuant to CMO 102, and provided Plaintiffs those results. Moreover, the Court's 2005 Order For Preservation Of Documents renders other portions of these topics redundant.

3. Issues 22-25: Esso objects to these categories as they are not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs' Third Amended Complaint includes no allegation that Esso or ExxonMobil is or may be liable under a "piercing the corporate veil" theory. No basis exists for Plaintiffs' inquiry into these topics. These topics are therefore irrelevant and unduly burdensome.

4. Issue 26: The authentication of "all" documents produced by Esso is unduly burdensome and is not a proper topic. A 30(b)(6) witness may be able to authenticate some of the documents produced by Esso in this matter, but Esso does not agree to provide witnesses to authenticate "all" documents produced. Esso is willing to discuss stipulation of the authenticity of documents that are specifically identified by Plaintiffs. If no agreement can be made, Esso is willing to provide a witness to authenticate (or deny authenticity) of documents that are specifically identified by Plaintiffs.

**E.    Exxon Mobil 30(b)(6) [dated Oct. 15, 2013]** – ExxonMobil has the following objections:

1. Issues 1-6, 14, 17-18, 20, 23: ExxonMobil objects to these categories as they are not reasonably calculated to lead to the discovery of admissible evidence. They are also unduly burdensome as ExxonMobil is willing to stipulate to the fact that ExxonMobil did not supply, deliver, sell or market any gasoline to or within Puerto Rico during the relevant time period. ExxonMobil further did not have any business relationship

The Honorable Shira A. Scheindlin
October 18, 2013
Page 5

2. Issues 26-27: ExxonMobil objects to these categories as they are not reasonably calculated to lead to the discovery of admissible evidence. These topics amount to "discovery on discovery" and are improper. The Court's 2005 Order For Preservation Of Documents renders other portions of these topics redundant.

3. Issues 28-31: ExxonMobil objects to these categories as they are not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs' Third Amended Complaint includes no allegation that Esso or ExxonMobil is or may be liable under a "piercing the corporate veil" theory. No basis exists for Plaintiffs' inquiry into these topics. These topics are therefore irrelevant and unduly burdensome.

4. Issue 32: For the same reasons as stated in the preceding section, the authentication of "all" documents produced by ExxonMobil is unduly burdensome and not a proper topic.

F. **Hess Corporation 30(b)(6)** – Hess Corporation, which is not a party to this action, has the following objections to the subpoena:

1. Issue 2 & Document Requests 2-3. This issue and documents requests are overbroad and unduly burdensome because Plaintiffs seek information for transactions of MTBE that are not limited to Puerto Rico or St. Croix.

2. Issues 4-7 & Document Requests 6-9. The issues and requests are inappropriate because Plaintiffs seek the testimony of a non-party, Hess, relating to decisions on the use of MTBE that were made by two parties to the litigation, HOVIC and HOVENSA. Also, the requested Hess testimony is unduly burdensome and duplicative because (a) HOVIC and HOVENSA produced a 30(b)(6) witness on the same subject matter on September 25-26, 2013 and agreed to hold open the 30(b)(6) deposition for one more day, and (b) Hess has already provided corporate testimony on its decision to use MTBE in the MDL on April 25-26, 2006 and June 28, 2006.

G. **HOVIC/HOVENSA 30(b)(6)**[2] – Defendants HOVIC and HOVENSA have the following objections to the two 30(b)(6) notices served:

1. <u>Taste & Odor 30(b)(6)</u>. Issues 1 and 3 & Document Requests 2-8. These issues and requests seek the production of documents beyond that which is permitted by the Sept. 30, 2013 CMO (limits document to those relied on by the witness to prepare).

---

[2] These two HOVIC and HOVENSA deposition notices were served on October 11, 2013. However, in their October 17, 2013 letter, Plaintiffs did not identify these two notices as ones they wished to pursue at the moment. Given Plaintiffs' decision, no action by the Court related to these two notices appears necessary at the time. However, Defendants include objections to avoid waiver.

The Honorable Shira A. Scheindlin
October 18, 2013
Page 6

    2. <u>Early Knowledge 30(b)(6)</u>. Issue 3 & Document Request 2-5. Same.

    **H.**    **Lyondell Chemical Company 30(b)(6)** – Lyondell objects to Plaintiffs' October 10, 2013 30(b)(6) notice as duplicative of the previously served 30(b)(6) notice. Plaintiffs should withdraw the initial 30(b)(6) notice served on Lyondell. Assuming that Plaintiffs intend to go forward with the October 10th notice, Lyondell has the following additional objections:

1. The notice demands the production of documents beyond that which is permitted by the Sept. 30, 2013 CMO, which limits documents to those relied upon by the witness to prepare.
2. The notice demands information on sales of neat MTBE to refineries, refiners and traders located outside of Puerto Rico and therefore seeks irrelevant information.
3. To the extent that the notice seeks documents or information pertaining to neat MTBE sales to customers in Puerto Rico, it is duplicative because such information/documents have been previously requested and produced in this case.
4. The subject of warnings issued by Lyondell has been covered extensively in document productions and depositions taken in both the MDL and in other cases in which the Miller, Axline firm was representing the plaintiffs, *i.e.*, the South Tahoe.

    **I.**    **Petrobas America 30(b)(6)** – Petrobras America has objections to the reasonable particularity of certain areas of inquiry in the 30(b)(6) directed to it, the relevance of one limited area of inquiry, the propriety of two requests for production, and the intrusion of certain areas of inquiry into the attorney-client and work product privileges. Counsel for Plaintiffs and counsel for Petrobras America continue to work on these issues and believe their differences can be resolved. Counsel for Petrobras America understands that the objections it has need not be presented to the Court at this time. Counsel for Plaintiffs shares that view and has agreed that by not making these objections by close of business today, Petrobras America has not waived its right to raise them in the future in responding to its 30(b)(6) notice.

    **J.**    **Shell Defendants 30(b)(6)** – Defendants Shell Oil Company, Shell Chemical Yabucoa, Inc., Shell Trading (US) Company, Motiva Enterprises LLC, Equilon Enterprises LLC, Shell Western Supply and Trading Limited, and Shell International Petroleum Company Limited have the following objections to the four 30(b)(6) notices served:

1. <u>Equilon Enterprises LLC 30(b)(6) (served July 9, 2013) and Motiva Enterprises LLC 30(b)(6) (served July 9, 2013)</u>.

   (a.) Because Equilon was never involved with gasoline supply to Puerto Rico or any other aspect of the gasoline market in Puerto Rico, Equilon objects to each and every topic and request contained in the notice as unduly burdensome, overly broad,

The Honorable Shira A. Scheindlin
October 18, 2013
Page 7

improper, oppressive, and not reasonably calculated to lead to the discovery of admissible evidence in this action.

(b.) Issue No. 26, seeking "[a]ny and all efforts undertaken to respond to Plaintiffs' written discovery requests in this litigation, including actions undertaken to locate and identify or produce potentially-responsive documents," is overly broad, not reasonably calculated to lead to the discovery of admissible evidence, and calls for work product.

(c.) Issue No. 28, seeking "Authentication of all documents produced by you in this litigation," is overly broad, unduly burdensome, vexatious, oppressive, and not reasonably calculated to lead to the discovery of admissible evidence.

(d.) Document Request 29, seeking "[a]n updated index identifying the interrogatories and/or document requests to which the produced documents are responsive." Under the Federal Rules of Civil Procedure, Equilon is under no obligation to create documents in response to a document request.

(e.) Document Request 30, seeking "[a] business records affidavit, declaration, or certificate of authenticity for all documents produced by you in this litigation." Under the Federal Rules of Civil Procedure, Equilon is under no obligation to create documents in response to a document request.

2. <u>Shell Chemical Yabucoa, Inc., Shell Oil Company, Shell Trading (US) Company, Shell Western Supply & Trading Limited, and Shell International Petroleum Company Limited 30(b)(6) (served July 9, 2013)</u>.

(a.) Issue No. 26, seeking "[a]ny and all efforts undertaken to respond to Plaintiffs' written discovery requests in this litigation, including actions undertaken to locate and identify or produce potentially-responsive documents," is overly broad, not reasonably calculated to lead to the discovery of admissible evidence, and calls for work product.

(b.) Issues Nos. 28-30. These issues appear to be directed toward piercing the corporate veil. Shell objects because there is no evidence in the record supporting such an argument. Further, no allegation supporting veil piercing or even suggesting that it is appropriate is made in the Complaint.

(c.) Issue No. 32, seeking "Authentication of all documents produced by you in this litigation," is overly broad, unduly burdensome, vexatious, oppressive, and not reasonably calculated to lead to the discovery of admissible evidence.

(d.) Document Request 33, seeking "[a]n updated index identifying the interrogatories and/or document requests to which the produced documents are responsive." Under the Federal Rules of Civil Procedure, Defendants are under no obligation to create documents in response to a document request.

The Honorable Shira A. Scheindlin
October 18, 2013
Page 8

(e.) Document Request 34, seeking "[a] business records affidavit, declaration, or certificate of authenticity for all documents produced by you in this litigation." Under the Federal Rules of Civil Procedure, Defendants are under no obligation to create documents in response to a document request.

3. <u>Shell Chemical Yabucoa, Inc., Shell Oil Company, Shell Company Puerto Rico Ltd, and Shell Trading (US) Company 30(b)(6) (served Oct 11, 2013).</u>

(a.) Shell Company Puerto Rico Ltd., now known as Sol Puerto Rico Ltd., is a wholly separate company represented by separate counsel and including it in a single Rule 30(b)(6) deposition notice with SCYI, Shell Oil Company, and Shell Trading (US) Company (the "Shell Defendants") is improper. To the extent the notice seeks testimony from SCYI, Shell Oil Company, and Shell Trading (US) Company on behalf of Shell Company Puerto Rico Ltd., it is objectionable in its entirety. Likewise, the notice's definition of the term "Shell" to include Sol Puerto Rico Ltd. renders the entire notice vague, ambiguous, confusing and therefore objectionable.

(b.) The vast majority of the topics in the notice overlap with or entirely duplicate topics in a prior deposition notice issued to the Shell Defendants and therefore the notice is improper to the extent plaintiffs seek separate depositions on overlapping topics.

(c.) Many of the "designated issues" are untimely new document requests rather than matters for testimony (*see, e.g.*, Designated Issues Nos. 9, 11, 12, 18) and should have been served by September 27, 2013, pursuant to the Sept. 30, 2013 CMO.

(d.) Issue No. 19, "describe in detail the last person(s) who had custody and control over the business records maintained by [SCYI]," is vague, ambiguous, overly broad, and calls for legal conclusions.

(e.) Issue No. 20, seeking identification of "all documents, facts and witnesses to support any contention that SHELL did not supply gasoline containing MTBE to Puerto Rico," is overly broad, not reasonably calculated to lead to the discovery of admissible evidence, and calls for work product.

(f.) Document Requests 1-8. These requests seek the production of documents beyond that which is permitted by the Sept. 30, 2013 CMO which limits documents to those relied on by the witness to prepare.

The Honorable Shira A. Scheindlin
October 18, 2013
Page 9

    **K.**    **SOL 30(b)(6)** – SOL has the following objections to the three 30(b)(6) notices served:

1. <u>30(b)(6) to Sol on Early Knowledge of MTBE.</u>[3] On October 9, 2013, Sol objected that the topics should have been covered in the 3-day 30(b)(6) deposition already taken, and that it had provided all documents relevant to the noticed topics and no current employees could speak beyond what is contained therein. Sol also offered a declaration in place of the deposition, but Plaintiffs have not responded. Due to Plaintiffs' failure to respond, Sol considers the deposition abandoned.

2. <u>Amended Notice of Deposition of Defendants Shell Chemical Yabucoa, Inc., Shell Oil Company, Shell Company Puerto Rico LTD, Shell Trading (US) Company on Designated Issues.</u> The notice is directed to separate defendants who currently do not have any corporate relationship. Since the beginning of the litigation Sol has consistently reiterated to Plaintiffs that it is a separate corporate entity from the Shell defendants. Thus, it is improper for Plaintiffs to include Sol in the same 30(b)(6) notice as the Shell defendants, particularly when the noticed topics are directed to entities other than Sol. Moreover, Plaintiffs' letter of October 10, 2013, gives the false impression that Sol has not produced any witnesses. Plaintiffs have in fact taken a total of 6 depositions of persons associated with Sol.

3. <u>Notice of Deposition of Defendant Shell Company Puerto Rico Limited, now known as Sol Puerto Rico Limited, on Designated Issues with Production of Documents & Videotaping (Trial Site #3).</u>[4] All issues designated by the Plaintiffs are a copy or repetition of topics that were included in their *Notice of Deposition of Defendant Shell Company Puerto Rico Limited (Sol Puerto Rico Limited) on Designated Issues with Production of Documents & Videotaping (Trial Site #3)* issued in May 24, 2013 and amended on July 9, 2013. Such noticed topics were covered in the 3-day 30(b)(6) deposition taken August 12-14, 2013, or were objected to by Sol prior to the deposition. Plaintiffs completed the 3-day 30(b)(6) deposition of Sol and did not raise any objection therein or thereafter as to the witness's preparation nor did they make any reservation to reopen or continue the deposition.

    **L.**    **Sunoco Defendants 30(b)(6)** - The Sunoco Defendants ("Sunoco") object to Plaintiffs' October 11, 2013 and September 13, 2013 Rule 30(b)(6) notices as almost entirely duplicative of the Rule 30(b)(6) notice that was originally served on July 9, 2013, and in response to which Sunoco provided testimony on October 16-17, 2013. Only Designated Issue No. 17 from the October 11th notice and Designated Issue Nos. 6-8 from the September 13, 2013 notice are not duplicative of the July 9th notice and/or the testimony Sunoco provided in response to it. Sunoco would be willing to produce a declaration and any documents in its possession,

---

[3] Plaintiffs' October 10, 2013 is unclear as to whether Plaintiffs intend to pursue this deposition. Accordingly, Sol includes its objection in order to avoid waiver.
[4] *See* FN 3.

The Honorable Shira A. Scheindlin
October 18, 2013
Page 10

custody or control responsive to those Designated Issues, but objects to providing a witness for topics that were (or could have been) covered on October 16-17, 2013. In addition, Sunoco objects to Document Request Nos. 1-8 in the October 11, 2013 notice because they purport to demand the production of documents beyond that which is permitted by the Sept. 30, 2013 CMO (which limits document requests accompanying a deposition notice to those relied on by the witness to prepare for the deposition).

**M.     Tauber Oil Company 30(b)(6)** – Tauber reserves the right to timely serve its full objections upon Plaintiffs seven days before the 30(b)(6) deposition takes place. Assuming that Plaintiffs intend to go forward with the notice, Tauber has the following objections:

1. The notice demands information on sales of MTBE outside of the Relevant Geographic Area and therefore seeks irrelevant information.

2. The notice demands irrelevant information related to components of gasoline other than MTBE, including but not limited to ethyl benzene, benzene, toluene, xylenes, tert-butyl alcohol ("TBA"), and /or tert-amyl methyl ether ("TAME").

3. The notice demands that Tauber's deposition take place in Puerto Rico. Under the Federal Rules, the deposition of a corporate representative should take place in the district of the organization's principal place of business, unless special circumstances are shown. *See Thomas v. Int'l Bus. Machines*, 48 F.3d 478, 483 (10th Cir. 1995); *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979).

**N.     Total Petroleum Puerto Rico Corp. ("TPPRC") 30(b)(6)** – TPPRC objects to Designated Issues 22-25 and corresponding Documents Requests. TPPRC's objection is to the extent they intend to burden TPPRC with discovery on business, financial, accounting, corporate and other matters concerning separate entities within the Total Group. Matters concerning these separate corporations could only be relevant for theories that were either not advanced in the Third Amended Complaint or were rejected by the Court. These specifically concern companies that were dismissed from this case and are thus completely irrelevant to a 30(b)(6) deposition on trial sites. The Court's July 16, 2013 Opinion and Order acknowledges that neither Total, S.A. nor Total Outre-Mer, S.A. owned gasoline service stations or underground storage tanks within the Commonwealth. At this stage, Plaintiffs cannot use a 30(b)(6) deposition to burden TPPRC with irrelevant and unauthorized discovery regarding Total, S.A. and TOM in an attempt to make an end-run around the Court's denial to allow discovery on these entities.

Respectfully submitted,

*Stephen J. Riccardulli*

Stephen J. Riccardulli

cc:   All Counsel By LNFS, Service on Plaintiffs' Liaison Counsel