# **EXHIBIT E**

DM_US 35481469-1.T13305.0010

# McDermott Will & Emery

Boston  Brussels  Chicago  Düsseldorf  Frankfurt  Houston  London  Los Angeles  Miami
Milan  Munich  New York  Orange County  Paris  Rome  Seoul  Silicon Valley  Washington, D.C.

Strategic alliance with MWE China Law Offices (Shanghai)

Lisa Gerson
Associate
lgerson@mwe.com
+1 212 547 5769

October 11, 2013

**BY ELECTRONIC MAIL AND LNFS**

Scott Kauff, Esq.
Law Offices of John K. Dema, P.C.
11300 Rockville Pike, Suite 112
Rockville, MD 20852

Re:   **Master File C.A. No. 1:00-1898 (SAS), M21-88, MDL No. 1358**
*Commonwealth of Puerto Rico, et al. v. Shell Oil Co., et al.*, No. 07-CV-10470
Ayala, Batista & Flores de Jesus Depositions

Dear Scott:

I write with respect to Defendants' September 20, 2013 deposition notices for Robert Ayala, Katherine Batista, and Jorge Flores de Jesus.

During a telephone conference regarding deposition scheduling you noted that Mr. Ayala and Ms. Batista were previously deposed in this action and requested additional information as to why Defendants had noticed them again. Mr. Ayala was deposed in the capacity of Plaintiffs' 30(b)(6) witness for the discrete purpose of trial site selection. We do not think it is controversial to state that such deposition does not preclude the taking of his percipient deposition. Mr. Ayala also was deposed, in his individual capacity, over two years ago, in June 2011. This deposition was early in the litigation. Indeed, prior to focus or trial site selection and months before Plaintiffs produced any significant ESI. It also was prior to (or roughly contemporaneous with) EQB's publication of the PARPCPTAS document, the creation of which, we have learned through subsequent depositions, was spearheaded by Mr. Ayala. Defendants' reasons for noticing Ms. Batista are similar. She also was deposed in June 2011, prior to site selection and significant additional productions by Plaintiffs, including ESI. Defendants do not intend to rehash old ground, but believe there are certain relevant topics about which we could not have questioned Mr. Ayala and Ms. Batista in June 2011.

When we spoke, you were not able to confirm whether Mr. Ayala and Ms. Batista were current employees of EQB or whether subpoenas would be required to compel their testimony. Therefore, to ensure that we do not miss the deadline to serve such subpoenas, we have enclosed them with this letter.

Finally, Defendants served a notice of deposition for Mr. Jorge Flores de Jesus. We have

Scott Kauff, Esq.
October 11, 2013
Page 2

not received proposed dates for this deposition. If Plaintiffs object to this deposition, please state your reasons in writing. Otherwise, please provide dates for this deposition.

Sincerely,

*Lisa Gerson*

Lisa Gerson

cc: All counsel of record by LNFS