UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation | Master File No. 1:00 – 1898 MDL 1358 (SAS) |

This document refers to:

*City of Manning v. Ashland Inc., et al.*, Case No. 13-CIV-07272 (SAS)

*City of Portageville v. Ashland Inc., et al.*, Case No. 13-CIV-07299 (SAS)

### DEFENDANTS MARATHON PETROLEUM COMPANY LP'S AND MARATHON OIL COMPANY'S SIXTH AMENDED MASTER ANSWER AND AFFIRMATIVE DEFENSES

Pursuant to the Stipulation regarding Master Answers dated November 16, 2005, and various orders and directives from this Court, Marathon Petroleum Company LP (f/k/a "Marathon Petroleum Company LLC," successor to "Marathon Ashland Petroleum LLC") and Marathon Oil Company answer the complaints in MDL 1358 cases for which an answer is required, and in which they have been properly named and served, as follows:

## I.   ADMISSIONS AND STATEMENTS REGARDING ALLEGATIONS

### *Basic Defendant Information*

Marathon Petroleum Company LP is a limited partnership organized and existing under the laws of the State of Delaware. Its corporate headquarters are located in Findlay, Ohio.

Marathon Petroleum Company LP is a subsidiary of Marathon Oil Company and Marathon Oil Company is a wholly owned subsidiary of Marathon Oil Corporation, which is a publicly held corporation organized and existing under the laws of the State of Delaware. Marathon Oil Company's corporate headquarters is located in Houston, Texas.

Marathon Petroleum Company LP and Marathon Oil Company are without sufficient knowledge or information as to the truth of the allegations concerning other Defendants named in the MTBE lawsuits.

### *Sale or Distribution of Gasoline with MTBE or TBA to States in Question*

Marathon Oil Company and/or Marathon Petroleum Company LP operated refineries in Louisiana, Illinois, Kentucky, Texas, and Michigan that refined petroleum fuels at one or more times during the relevant time periods that may have contained MTBE. Marathon also operated refineries in Ohio and Minnesota that, to the best of our knowledge, did not manufacture MTBE or gasoline containing MTBE. In general, Marathon's refineries shipped gasoline on pipelines running from Texas to Illinois and the Dakotas, from Louisiana to New Jersey, from New Jersey to Western Pennsylvania, and between other mid-western locations. Marathon Oil Company and/or Marathon Petroleum Company LP's refined product business activities have focused on mid-west, southeast, and southwest (*i.e.*, Texas and Louisiana) areas of the country.

Marathon Oil Company does not currently manufacture, produce, design, refine, formulate, distribute, supply, sell or market MTBE, TBA, gasoline containing either MTBE or TBA, or refined petroleum fuels of any kind in any state. Nor does Marathon Oil Company currently own any refineries, pipelines, terminals, or storage tanks which transport or store gasoline containing MTBE. Furthermore, Marathon Oil Company currently does not conduct or oversee the remediation of soils or groundwater containing MTBE, and has never been found liable in any court of law for damages stemming from the manufacture, production, design, refining, formulations, distribution, supply, sale or marketing of gasoline containing MTBE.

While Marathon Oil Company formerly refined gasoline, it contributed all of its refineries to Marathon Petroleum Company LP in 1998. Therefore, all allegations in the

Complaint concerning Marathon Oil Company after January 1, 1998 are not directed at Marathon Oil Company, and no answer is required from Marathon Oil Company.

Marathon Petroleum Company LP and Marathon Oil Company are without sufficient knowledge or information as to the truth of the allegations concerning other Defendants named in the MTBE lawsuits.

### *Allegations Regarding Production of MTBE or TBA*

Marathon Petroleum Company LP, at one or more times during the relevant time period, manufactured MTBE at facilities located in Robinson, Illinois; Catlettsburg, Kentucky; and Detroit, Michigan.  On or about September 1, 2002, Marathon Petroleum Company LP (at the time "Marathon Ashland Petroleum LLC") began a phase-out of all MTBE production operations at its refineries that produced MTBE, and on or about February 28, 2003, Marathon Petroleum Company LP (at the time "Marathon Ashland Petroleum LLC") had ceased all MTBE manufacture.  Since January 1, 1998, Marathon Oil Company has not manufactured, produced, refined, formulated, distributed, supplied, sold or marketed gasoline containing MTBE.

Marathon Petroleum Company LP and Marathon Oil Company are without sufficient knowledge or information as to the truth of the allegations concerning other Defendants named in the MTBE lawsuits.

### *Allegations Regarding Properties and Behavior of MTBE*

Marathon Petroleum Company LP and Marathon Oil Company admit that MTBE is an aliphatic ether that does not occur naturally.  Marathon Petroleum Company LP and Marathon Oil Company state that solubility and mobility are relative properties and that MTBE and other ethers may be more soluble and/or mobile in water than certain gasoline components.  Marathon Petroleum Company LP and Marathon Oil Company further state that MTBE's behavior in the

environment -- and its behavior relative to other gasoline constituents, such as benzene, toluene, ethyl benzene and xylene ("BTEX") -- is dependent on a variety of factors, including the nature or method of its release, the geological setting, and environmental and microbial factors.

Marathon Petroleum Company LP and Marathon Oil Company admit that there are various methods for the production of MTBE and that one method of production is from methanol and isobutylene. Marathon Petroleum Company LP and Marathon Oil Company admit that MTBE is not found naturally in gasoline.

Other than as expressed in expert reports filed by defendants, including Marathon Petroleum Company LP and Marathon Oil Company, in the MDL cases to date, Marathon Petroleum Company LP and Marathon Oil Company are without sufficient knowledge or information as to the truth of the remaining allegations concerning the properties or characteristics MTBE.

Marathon Petroleum Company LP and Marathon Oil Company admit that, at one or more times during the relevant time period, they used MTBE as a gasoline additive. Marathon Petroleum Company LP and Marathon Oil Company deny that they presently use MTBE in any refining or blending of gasoline at any Marathon refinery.

Marathon Petroleum Company LP and Marathon Oil Company are without sufficient knowledge or information as to the truth of the allegations concerning other Defendants named in the MTBE lawsuits.

### *Allegations Regarding Motivation of Defendants to Add MTBE to Gasoline*

Marathon Petroleum Company LP and Marathon Oil Company admit that at one or more times during the relevant time period, they manufactured, distributed and/or sold gasoline with

MTBE in order to boost the octane level in higher grades of gasoline and to meet Clean Air Act requirements for oxygenated fuels.

Other than as expressed in expert reports filed by defendants, including Marathon Petroleum Company LP and Marathon Oil Company, in the MDL cases to date, Marathon Petroleum Company LP and Marathon Oil Company are without sufficient knowledge or information as to the truth of the allegations concerning whether MTBE was the only viable option to achieve higher octane in gasoline in every part of the country.

Marathon Petroleum Company LP and Marathon Oil Company deny the allegations that they chose to use MTBE "to make money off gasoline refining waste byproducts". Similarly, Marathon Petroleum Company LP and Marathon Oil Company deny that they added MTBE to gasoline solely "to boost octane cheaply and increase their own profits."

Marathon Petroleum Company LP and Marathon Oil Company admit that in 1990, with the amendments to the Clean Air Act, the federal government mandated an increase in the use of oxygenates (up to 2.7% oxygen content) to meet ambient carbon monoxide air requirements in winter gasoline in many cities (beginning in 1992). In 1995, various oxygenates were extended by regulation to year-round use as a gasoline additive for gasoline distributed into severe, non-attainment ozone areas in the United States. The national reformulated gasoline (RFG) pool since then sometimes has contained between 8.3% and 15% MTBE, or up to 10% ethanol, to meet government mandates on oxygenate content.

Marathon Petroleum Company LP and Marathon Oil Company deny that ethanol was available in sufficient supply to meet the demand for oxygenated gasoline in the RFG and oxy-fuel regions when the Clean Air Act requirements mandating 2% oxygen content in year-round gasoline in areas using RFG became effective.

Marathon Petroleum Company LP and Marathon Oil Company state that at any time during the relevant time periods when they refined crude oil, owned refineries, and made gasoline, they complied with the legal requirements of the lead phase-out, the RFG Program and the Oxygenated Fuel Program.  Marathon Petroleum Company LP and Marathon Oil Company further state that several government agencies have concluded that MTBE has contributed substantially to reducing air pollution.

Marathon Petroleum Company LP and Marathon Oil Company are without sufficient knowledge or information as to the truth of the allegations concerning other Defendants named in the MTBE lawsuits.

### *Allegations Regarding Contamination of Groundwater and Gasoline Containing MTBE*

Marathon Petroleum Company LP and Marathon Oil Company state that solubility and mobility are relative properties and that MTBE and other ethers may be more soluble and/or mobile in water than certain gasoline components.  Marathon Petroleum Company LP and Marathon Oil Company further state that MTBE's behavior in the environment -- and its behavior relative to BTEX -- is dependent on a variety of factors, including the nature or method of its release, the geological setting, and environmental and microbial factors.

Other than as expressed in expert reports filed by defendants, including Marathon Petroleum Company LP and Marathon Oil Company, in the MDL cases to date, Marathon Petroleum Company LP and Marathon Oil Company are without sufficient knowledge or information as to the truth of the allegations concerning the nature, extent and persistence of leaks, spills, or releases of MTBE that reach groundwater in every part of the country.

Other than as expressed in expert reports filed by defendants, including Marathon Petroleum Company LP and Marathon Oil Company, in the MDL cases to date, Marathon

Petroleum Company LP and Marathon Oil Company are without sufficient knowledge or information as to the truth of the allegations concerning taste and odor concerns stemming from MTBE in water. Marathon Petroleum Company LP and Marathon Oil Company state that responsible federal and state regulatory agencies have considered and adopted standards fully protective of MTBE taste and odor concerns.

Other than as expressed in expert reports filed by defendants, including Marathon Petroleum Company LP and Marathon Oil Company, in the MDL cases to date, Marathon Petroleum Company LP and Marathon Oil Company are without sufficient knowledge or information as to the truth of the allegations concerning human health risks from MTBE. Marathon Petroleum Company LP and Marathon Oil Company state that responsible federal and state regulatory agencies have considered and adopted standards fully protective of any alleged health concerns related to MTBE.

Marathon Petroleum Company LP and Marathon Oil Company are without sufficient knowledge or information as to the truth of the allegations concerning other Defendants named in the MTBE lawsuits.

### _Allegations Regarding the Unintended Gasoline Discharges & Allegations Regarding Whether Defendants Knew that the Addition of MTBE to Gasoline May Result in Groundwater Contamination_

Marathon Petroleum Company LP and Marathon Oil Company admit that gasoline is sometimes released into the environment from USTs and other sources. Marathon Petroleum Company LP and Marathon Oil Company deny Plaintiffs' allegations that at all times relevant to this litigation they "were aware that there is a national crisis involving gasoline leaking from multiple sources," or that any such crisis exists at all. Marathon Petroleum Company LP and

Marathon Oil Company deny that they knew of "history of nationwide gasoline spills, leaks, and other losses during distribution, sale, and use."

Marathon Petroleum Company LP and Marathon Oil Company are without sufficient knowledge or information as to the truth of the allegations concerning industry reports, Congressional testimony, and EPA concerns regarding UST leaks.

Marathon Petroleum Company LP and Marathon Oil Company are without sufficient knowledge or information as to the truth of the allegations concerning the quantity of gasoline entering the soil annually by consumer and jobber overfills and leaks.

Marathon Petroleum Company LP and Marathon Oil Company state that they are aware that most adults understand that gasoline should be handled carefully and should not be spilled.

Marathon Petroleum Company LP and Marathon Oil Company deny allegations concerning gasoline containing MTBE "exacerbat[ing] the threat to groundwater caused by leaking USTs" or otherwise threatening widespread contamination of soil or ground water.

Marathon Petroleum Company LP and Marathon Oil Company are without sufficient knowledge or information as to the truth of the allegations concerning other Defendants named in the MTBE lawsuits.

### *Allegations Regarding MTBE Contamination of Surface Waters*

Other than as expressed in expert reports filed by defendants, including Marathon Petroleum Company LP and Marathon Oil Company, in the MDL cases to date, Marathon Petroleum Company LP and Marathon Oil Company are without sufficient knowledge or information as to the truth of the allegations concerning contamination of surface waters through releases, leaks, overfills and spills associated with or incident to certain consumer and commercial activities.

*Allegations Regarding Defendants' "Constructive Knowledge" of MTBE and Threats Posed to Groundwater"*

Marathon Petroleum Company LP and Marathon Oil Company state that while under certain conditions MTBE may biodegrade less readily than some other components of gasoline, MTBE has been found to naturally attenuate and biodegrade in numerous ways. Furthermore, numerous remediation technologies and strategies have been and are being developed to remediate, and to enhance natural attenuation and biodegradation of, MTBE in the environment.

Marathon Petroleum Company LP and Marathon Oil Company are without sufficient knowledge or information as to the truth of the allegations concerning the American Petroleum Institute's Toxicology Committee.

Marathon Petroleum Company LP and Marathon Oil Company deny that they had "early knowledge" of any "need to do low level, long term ingestion studies on the effects of MTBE." Marathon Petroleum Company LP and Marathon Oil Company are without sufficient knowledge or information as to the truth of the allegations concerning whether such studies had been conducted by other persons, entities or organizations. Marathon Petroleum Company LP and Marathon Oil Company admit that they did not undertake or complete any study on the effects of low level, long term ingestion of MTBE. Marathon Petroleum Company LP and Marathon Oil Company deny Plaintiffs' allegation that they "possess and have always had knowledge, resources, experience and other advantages which are vastly superior to those of Plaintiffs" with respect to all aspects of gasoline and MTBE's behavior in, or the effect on, the environment. Marathon Petroleum Company LP and Marathon Oil Company deny Plaintiffs' allegation that they at all times relevant to this litigation have "been in a position to know the threat which MTBE poses to groundwater."

Marathon Petroleum Company LP and Marathon Oil Company deny Plaintiffs' allegations that they failed to state the "truth about MTBE" and "act in accordance with the truth about MTBE." Furthermore, Marathon Petroleum Company LP and Marathon Oil Company state that Plaintiffs' allegation that they had "a duty to disclose" information about MTBE is a legal conclusion which does not require a response by Marathon Petroleum Company LP and Marathon Oil Company.

Marathon Petroleum Company LP and Marathon Oil Company deny that they breached any duty to Plaintiffs, regulators, and the general public.

Marathon Petroleum Company LP and Marathon Oil Company are without sufficient knowledge or information as to the truth of the allegations concerning other Defendants named in the MTBE lawsuits.

### *Allegations Regarding Defendants' "Early Knowledge" of Specific Instances of MTBE Contamination of Groundwater"*

Marathon Petroleum Company LP and Marathon Oil Company deny that they knew as early as 1980 of the impact of MTBE and its contamination of water.

The complaints purport to describe various publicly reported incidents of MTBE contamination in New Jersey, New York and Maine in the 1980s. Marathon Petroleum Company LP and Marathon Oil Company are without sufficient knowledge or information as to the truth of the allegations concerning contamination events in Rockaway, New Jersey; Jacksonville, Maryland; Liberty, New York; and East Patchogue, New York. Marathon Petroleum Company LP and Marathon Oil Company state that the events did not involve Marathon Petroleum Company LP or Marathon Oil Company.

Marathon Petroleum Company LP and Marathon Oil Company are without sufficient knowledge or information as to the truth of the allegations concerning other Defendants named in the MTBE lawsuits.

### *Allegations Regarding Defendants' "Awareness of the 1986 Garrett Report"*

Marathon Petroleum Company LP and Marathon Oil Company are without sufficient knowledge or information as to the truth of the allegations concerning the 1986 paper, written by Peter Garrett and Marcel Moreau of the Maine Department of Environmental Protection, entitled "Methyl Tertiary Butyl Ether as a Ground Water Contaminant" (the "Garrett Report"). Marathon Petroleum Company LP and Marathon Oil Company are without sufficient knowledge or information as to the truth of the allegations concerning Arco Chemical's statements to any entity.  Marathon Petroleum Company LP and Marathon Oil Company are without sufficient knowledge or information as to the truth of the allegations concerning the Groundwater Technical Task Force ("GTTF") and/or its communications with the National Well Association.

Marathon Petroleum Company LP and Marathon Oil Company are without sufficient knowledge or information as to the truth of the allegations concerning other Defendants named in the MTBE lawsuits.

### *Allegations Regarding Defendants' Internal Studies on MTBE and Contamination of Groundwater*

Marathon Petroleum Company LP and Marathon Oil Company state that they are without sufficient knowledge or information as to the truth of the allegations concerning Arco Chemical's statements to any entity.  Marathon Petroleum Company LP and Marathon Oil Company are without sufficient knowledge or information as to the truth of the allegations

11

concerning the Groundwater Technical Task Force ("GTTF") and its communications with the oil industry.

Marathon Petroleum Company LP and Marathon Oil Company are without sufficient knowledge or information as to the truth of the allegations concerning certain documents produced by and/or certain communications of Arco Chemical, Mobil, ChevronTexaco, Chevron or Shell.

Marathon Petroleum Company LP and Marathon Oil Company are without sufficient knowledge or information as to the truth of the allegations concerning other Defendants named in the MTBE lawsuits.

### *Allegations Regarding Whether Defendants Had Knowledge Concerning the Existence of MTBE Toxicity Studies*

Marathon Petroleum Company LP and Marathon Oil Company are without sufficient knowledge or information as to the truth of the allegations concerning the existence or non-existence of long-term cancer studies on MTBE effects.

Marathon Petroleum Company LP and Marathon Oil Company are without sufficient knowledge or information as to the truth of the allegations concerning the effect of MTBE on animals, and any "common knowledge within the scientific community" regarding when toxicological tests must be performed.   Marathon Petroleum Company LP and Marathon Oil Company admit that they did not perform any toxicological tests on MTBE.  However, Marathon Petroleum Company LP and Marathon Oil Company state that they did follow environmental health and safety procedures when introducing MTBE into their product.

Marathon Petroleum Company LP and Marathon Oil Company deny that they attempted to convince the EPA that health testing of MTBE was not needed.

Marathon Petroleum Company LP and Marathon Oil Company are without sufficient knowledge or information as to the truth of the allegations concerning other Defendants named in the MTBE lawsuits.

**_Allegations Regarding Representations to the EPA and the Public About MTBE and Contamination of Groundwater_**

Marathon Petroleum Company LP and Marathon Oil Company deny that they had any agreement with another Defendant to withhold from Plaintiffs, government regulators or the public information concerning MTBE.  Specifically, Marathon Petroleum Company LP and Marathon Oil Company deny that in the early 1980's they formed or were a part of any formal or informal task-forces or committees created for the "purpose of concealing the actual threat of MTBE, facilitating the . . . use of MTBE without regard to its impact on Plaintiff(s) and convincing the public and regulators that increasing concentrations of MTBE in gasoline was desirable."

Marathon Oil Company admits it was at one or more times during the relevant time period a member of the American Petroleum Institute ("API").  Marathon Oil Company or Marathon Petroleum Company LP employees may have participated in activities of one or more API committees or subcommittees.  Marathon Oil Company and Marathon Petroleum Company LP deny that they were at any relevant time period a member of the Oxygenated Fuels Association ("OFA").

Marathon Oil Company denies that its membership in API constituted "conspir[ing] to conceal the risk of MTBE contamination of groundwater" and Marathon Oil Company further denies that its membership in API constituted "placing corporate profits" above harm to the environment and Plaintiffs.

Marathon Petroleum Company LP and Marathon Oil Company deny that they manufactured and distributed MTBE with actual knowledge of MTBE's defects and with actual knowledge that MTBE would cause harm in groundwater and production wells. Marathon Petroleum Company LP and Marathon Oil Company further deny that they took affirmative steps to conceal those effects.

Marathon Petroleum Company LP and Marathon Oil Company are without sufficient knowledge or information as to the truth of the allegations concerning other Defendants named in the MTBE lawsuits.

### *Allegations Regarding Representations to EPA About Testing Under the Toxic Substances Control Act (TSCA) in the Late 1980's*

Marathon Petroleum Company LP and Marathon Oil Company are without sufficient knowledge or information as to the truth of the allegations concerning representations by or communications of ARCO to the Interagency Testing Committee ("ITC") concerning MTBE. Marathon Petroleum Company LP and Marathon Oil Company are without sufficient knowledge or information as to the truth of the allegations concerning the reliance of ITC on any representations or communications of ARCO.

Marathon Petroleum Company LP and Marathon Oil Company deny that they were involved in any effort to "convince the EPA that additional testing of MTBE was not needed." Marathon Petroleum Company LP and Marathon Oil Company deny that ARCO spoke on their behalf or with their explicit or implicit approval when making any representation to ITC.

Marathon Petroleum Company LP and Marathon Oil Company are without sufficient knowledge or information as to the truth of the allegations concerning representations by ARCO and Exxon to the EPA at the EPA's December 17, 1986 Public Focus Meeting.

Marathon Petroleum Company LP and Marathon Oil Company are without sufficient knowledge or information as to the truth of the allegations concerning the formation of the MTBE Committee or the actions and/pronouncements of such Committee members. Marathon Petroleum Company LP and Marathon Oil Company deny that they were at any relevant time a member of the MTBE Committee or MTBE Technical Subcommittee.

Marathon Petroleum Company LP and Marathon Oil Company further deny that they made any representations regarding MTBE testing to ITC, to the EPA during its Public Focus Meeting, or to the EPA by way of MTBE Committee communications.

Marathon Petroleum Company LP and Marathon Oil Company are without sufficient knowledge or information as to the truth of the allegations concerning some gasoline manufacturers and distributors entering into a January 21, 1988 Testing Consent Order with EPA, and any representations made by gasoline manufacturers and distributors to EPA with respect to the Order.

Marathon Petroleum Company LP and Marathon Oil Company further deny that representations or communications of other Defendants, committees or associations are evidence of any improper act, omission or breach of any duty on the part of Marathon Petroleum Company LP and Marathon Oil Company.

Marathon Petroleum Company LP and Marathon Oil Company are without sufficient knowledge or information as to the truth of the allegations concerning other Defendants named in the MTBE lawsuits.

_**Allegations Regarding Representations to Congress About the Reformulated Gasoline Program**_

Marathon Petroleum Company LP and Marathon Oil Company admit that prior to 1990, Congress was preparing to take action to address the Nation's smog problem.

Marathon Petroleum Company LP and Marathon Oil Company admit that (1) in 1990, with the amendments to the Clean Air Act, the federal government mandated an increase in the use of oxygenates (up to 2.7% oxygen content) to meet ambient carbon monoxide air requirements in winter gasoline in many cities (beginning in 1992); and (2) in 1995, various oxygenates were extended by regulation to year-round use for severe, non-attainment ozone areas in the United States.

Marathon Petroleum Company LP and Marathon Oil Company state that although the 1990 Clean Air Act Amendments ("CAAA") did not literally require use of MTBE as a gasoline additive, in practical terms the CAAA certainly did compel MTBE's use in certain areas of the country. EPA and Congress knew that the oxygen requirements of the Act could not and would not be met without MTBE's use. Reformulated gasolines used since that time have sometimes contained between 8.3% and 15% MTBE, or up to 10% ethanol, to meet government mandates on oxygenate content.

Marathon Petroleum Company LP and Marathon Oil Company deny that Congress adopted the Reformulated Gasoline (RFG) Program as part of the 1990 Amendments to the Clean Air Act "[a]s a result of tremendous lobbying efforts by the industry, including Defendants."

Marathon Petroleum Company LP and Marathon Oil Company further deny that ethanol was available in sufficient supply to meet the demand for oxygenated gasoline in one or more of

the RFG and oxy-fuel regions when the Amendments requiring 2% oxygen content in year-round gasoline in areas using RFG became effective.

Marathon Petroleum Company LP and Marathon Oil Company further deny that MTBE was their "oxygenate of choice" based solely on profitability considerations.

Marathon Petroleum Company LP and Marathon Oil Company admit that at any time during the relevant time periods when they refined crude oil, owned refineries, and made gasoline, they complied with the legal requirements of the lead phase-out, the RFG Program and the Oxygenated Fuel Program.

Marathon Petroleum Company LP and Marathon Oil Company further state that several government agencies have concluded that MTBE has contributed substantially to reducing air pollution.

Marathon Petroleum Company LP and Marathon Oil Company are without sufficient knowledge or information as to the truth of the allegations concerning other Defendants named in the MTBE lawsuits.

### *Allegations Regarding Representations to Plaintiffs and the Public, Including Downstream Gasoline Handlers, About Gasoline with MTBE*

Marathon Petroleum Company LP and Marathon Oil Company deny that they "misrepresented the properties of MTBE" to Plaintiffs or the public, or "withheld information" about "the dangers of MTBE." Marathon Petroleum Company LP and Marathon Oil Company are without sufficient knowledge or information as to the truth of the allegations concerning when the public "started to become aware of the dangers of MTBE."

Marathon Petroleum Company LP and Marathon Oil Company are without sufficient knowledge or information as to the truth of the allegations concerning representations made by

George Dominguez of the MTBE Committee on April 1 and 2 of 1987. Marathon Petroleum Company LP and Marathon Oil Company are without sufficient knowledge or information as to the truth of the allegations concerning a letter written in 1994 by "an official with the API" regarding the use of MTBE. Marathon Petroleum Company LP and Marathon Oil Company are without sufficient knowledge or information as to the truth of the allegations concerning the publishing and distribution of a pamphlet on public health issues and MTBE in April 1996 by an OFA agent.

Marathon Petroleum Company LP and Marathon Oil Company deny that they at any relevant time "greenwashed shameful facts"; or "judged" MTBE contamination "too costly to clean up." Marathon Petroleum Company LP and Marathon Oil Company state that their policy consistently has been to promptly and effectively clean up any gasoline spill for which they were responsible, regardless of its MTBE content.

Marathon Petroleum Company LP and Marathon Oil Company state that they are without sufficient knowledge or information as to the truth of the allegations concerning what alternatives Downstream Handlers and the general public would have sought or whether the Downstream Handlers and the public would have demanded MTBE-free gasoline.

Marathon Petroleum Company LP and Marathon Oil Company deny that they breached any duty to warn or deprived Plaintiffs of any facts.

Marathon Petroleum Company LP and Marathon Oil Company are without sufficient knowledge or information as to the truth of the allegations concerning other Defendants named in the MTBE lawsuits.

### *Allegations Regarding Defendants' Use of MTBE in Gasoline Post-Creation of the RFG Program*

Marathon Petroleum Company LP and Marathon Oil Company are without sufficient knowledge or information as to the truth of the allegations concerning historical or recent trends of MTBE use and content of MTBE in gasoline by the oil industry after the creation of the RFG program.

Marathon Petroleum Company LP and Marathon Oil Company deny that "MTBE [was] their oxygenate of choice" in all areas and at all times, and deny that they "decided to forego" use of ethanol.

Marathon Petroleum Company LP and Marathon Oil Company are without sufficient knowledge or information as to the truth of the allegations concerning other Defendants named in the MTBE lawsuits.

### *Allegations Regarding MTBE's Degradation Product: TBA*

Marathon Petroleum Company LP and Marathon Oil Company admit that TBA is the product of the hydrolysis of isobutylene.  Marathon Petroleum Company LP and Marathon Oil Company admit that TBA can be an intermediate product of MTBE biodegradation.  Marathon Petroleum Company LP and Marathon Oil Company are without sufficient knowledge or information as to the truth of the remaining allegations concerning the use of TBA as an oxygenate in gasoline.

Marathon Petroleum Company LP and Marathon Oil Company state that solubility and mobility are relative properties and that TBA is more soluble and mobile in water than certain gasoline components.  Marathon Petroleum Company LP and Marathon Oil Company further state that TBA's behavior in the environment -- and its behavior relative to BTEX -- is dependent

on a variety of factors, including the nature or method of its release, the geological setting, and environmental and microbial factors.

Marathon Petroleum Company LP and Marathon Oil Company are without sufficient knowledge or information as to the truth of the remaining allegations concerning the properties, characteristics, persistence, and remediation of TBA in groundwater, or its presence in water supplies.

Marathon Petroleum Company LP and Marathon Oil Company are without sufficient knowledge or information as to the truth of the allegations concerning the health effects of TBA.

Marathon Petroleum Company LP and Marathon Oil Company deny that they breached any duty to Plaintiffs, regulators, and the general public.

Marathon Petroleum Company LP and Marathon Oil Company are without sufficient knowledge or information as to the truth of the allegations concerning other Defendants named in the MTBE lawsuits.

### *Allegations Regarding MTBE's Effect Upon Groundwater and Groundwater Wells*

Marathon Petroleum Company LP and Marathon Oil Company are without sufficient knowledge or information as to the truth of the allegations concerning frequency and extent of MTBE contamination in groundwater.

Marathon Petroleum Company LP and Marathon Oil Company admit that in 2001, EPA provided advance notice of its intent to initiate a rulemaking pursuant to TSCA to eliminate or limit the use of MTBE as a fuel additive.  No such rulemaking was ever initiated.  Marathon Petroleum Company LP and Marathon Oil Company admit that certain state legislatures or regulatory bodies have passed laws or adopted regulations to limit or eliminate the use of MTBE in gasoline.  The details of such laws are a matter of public record.

Marathon Petroleum Company LP and Marathon Oil Company are without sufficient knowledge or information as to the truth of the allegations concerning other Defendants named in the MTBE lawsuits.

### *Allegations Regarding Plaintiffs Inability to Identify "Which Manufacturer's Gasoline Poses a Threat of MTBE Contamination or Has Already Caused MTBE Contamination of Any Particular Aquifer or Well*

Gasoline leaks, whether containing MTBE or not, are almost always traceable to a specific source, limited to the immediate geographic area of the source, and remediable.  In the vast majority of leaks, a responsible party can be and is identified.

Marathon Petroleum Company LP and Marathon Oil Company deny that gasoline can never be traced from a contamination site to its terminal or refinery source.

Marathon Petroleum Company LP and Marathon Oil Company are without sufficient knowledge or information as to the truth of the allegations concerning other Defendants named in the MTBE lawsuits.

### *Allegations in Causes of Actions*

In response to the portions of the complaints purporting to state any common law or statutory claims, Marathon Petroleum Company LP and Marathon Oil Company incorporate each paragraph of this Master Answer as if fully restated herein.  Marathon Petroleum Company LP and Marathon Oil Company deny they are liable for any legal claim in any MDL 1358 complaint.

Marathon Petroleum Company LP and Marathon Oil Company are without sufficient knowledge or information as to the truth of the allegations concerning other Defendants named in the MTBE lawsuits.

### *Allegations Purporting To Quote Or Summarize Documents*

Numerous paragraphs in each complaint purport to quote from or summarize documents, statutes and regulations. These written materials speak for themselves. The documents, statutes and regulations referenced by Plaintiffs, which are not attached to the complaints, are the best evidence of their content, and therefore Marathon Petroleum Company LP and Marathon Oil Company deny Plaintiffs' attempts to summarize or characterize the contents of these written materials.

### *Allegations Regarding Claimed Injuries or Damages*

Some complaints make claims about contamination to specific wells, and others do not. Marathon Petroleum Company LP and Marathon Oil Company are without knowledge or information sufficient to form a belief as to the truth of the matters averred in the complaints regarding specific incidents of alleged contamination. Marathon Petroleum Company LP and Marathon Oil Company believe publicly available documents regarding Plaintiffs will demonstrate that many of the wells at issue have not been impacted by MTBE, or have been impacted only at levels below state action standards for MTBE.

With regard to alleged damages, the allegations require no further answer. To the extent that further answer is deemed necessary, Marathon Petroleum Company LP and Marathon Oil Company admit that Plaintiffs seek the relief mentioned in the complaints, but deny that Plaintiffs are entitled to any relief.

### *Plaintiffs' Demands for Jury Trials*

Plaintiffs in all actions have demanded a trial by jury of all claims asserted in the complaints. These jury demands are legal conclusions which require no answer.

### *Allegations Regarding Jurisdiction*

Marathon Petroleum Company LP and Marathon Oil Company state that the TSCA jurisdictional allegations do not apply to these entities because neither Marathon Petroleum Company LP nor Marathon Oil Company are named as TSCA Defendants. Marathon Petroleum Company LP and Marathon Oil Company are without sufficient knowledge or information as to the truth of the remaining allegations.

### *Plaintiffs' Allegations of Intentional, Willful, Deliberate, or Negligent Acts*

Marathon Petroleum Company LP and Marathon Oil Company deny that they intentionally, willfully, deliberately, or negligently committed any acts that caused or foreseeably could have caused harm to Plaintiffs or any other party.

### *Certain Plaintiffs' Allegations of Ownership of Groundwater Resources*

To the extent that Plaintiffs allege that they own or have the authority to protect groundwater, groundwater resources, water resources, water supplies, water rights, or drinking water wells, or any other right in and to water or groundwater, these are legal conclusions which require no answer.

### *Certain Plaintiffs' Allegations of Injury to Natural Resources*

Certain Plaintiffs' complaints contain allegations of damage to natural resources and seek compensation and other relief as the alleged trustee and/or owner of those natural resources. Marathon Petroleum Company LP and Marathon Oil Company admit that groundwater, surface waters, wetlands and other ecological resources exist within the States at issue in MDL 1358 ("MDL States"); admit that some of those resources are privately owned and some are not; and

admit that some natural resources may and do provide commercial, industrial, recreational, and other services to the people of the MDL States and to the economies of the MDL States.

Marathon Petroleum Company LP and Marathon Oil Company further admit that the police power of certain Plaintiffs extends to the protection and conservation of certain natural resources which are not the private property of any person or entity; admit that by a longstanding legal fiction this proposition is sometimes inexactly expressed by saying that a State is the owner or trustee of natural resources for the benefit of its own people or citizens; and admit that certain governmental agencies have limited regulatory authority with respect to natural resources within an MDL State as provided by law.

## II.   GENERAL DENIAL OF REMAINING ALLEGATIONS

Marathon Petroleum Company LP and Marathon Oil Company deny each and every one of the remaining allegations in the complaints in MDL 1358 cases for which an answer is presently required, and in which they have been properly named and served.

## III.   RESERVATION OF RIGHT TO AMEND

Marathon Petroleum Company LP and Marathon Oil Company reserve the right to amend this Fifth Amended Master Answer.

## IV.   AFFIRMATIVE DEFENSES APPLICABLE TO ALL CASES

For their separate defenses to the complaints in MDL 1358 cases for which an answer is presently required, and in which they have been properly named and served, Marathon Petroleum Company LP and Marathon Oil Company state as follows:

1.      Plaintiffs' claims are barred in whole or in part by the doctrine of federal preemption.

2.     At all relevant times, Marathon Petroleum Company LP's and Marathon Oil Company's actions and their products complied with and were undertaken pursuant to applicable federal, state, and local laws, rules, regulations and specifications.

3.     Plaintiffs' claims are barred in whole or in part because federal, state and/or local authorities and agencies have mandated, directed, approved and/or ratified the alleged actions or omissions of Marathon Petroleum Company LP and Marathon Oil Company.

4.     All acts and conduct of Marathon Petroleum Company LP and Marathon Oil Company, as alleged in the complaints, conformed to and were pursuant to statutes, government regulations and industry standards, and were based upon the state of knowledge existing at all material times alleged in the complaints.

5.     The relief sought by Plaintiffs' complaints is, in whole or in part, within the particular expertise of and is being addressed by federal and state governments, and their relevant agencies, and thus this Court should decline to exercise jurisdiction over this matter pursuant to the doctrine of primary jurisdiction.

6.     Plaintiffs have failed to exhaust their administrative remedies.

7.     Plaintiffs have a plain, common, adequate and speedy remedy at law.   The equitable causes of action alleged in the complaints are thus barred.

8.     Plaintiffs are barred from seeking strict liability for design defect as any attempt to reexamine the mandatory cost-benefit analysis delegated to and performed by the EPA pursuant to its obligations under the Clean Air Act (CAA) would be impermissible given that Congress, through Section 211 of the CAA, authorized the EPA, and not the courts, to perform the cost-benefit analysis.

9.      Each purported cause of action asserted in the complaints is barred under the doctrine of primary assumption of risk in that the general public, by and through its elected representatives and their appointees, knew and understood the alleged risks of harm presented by the use of MTBE, if any, and elected nevertheless to proceed to require the use of gasoline oxygenates and to specifically permit the use of MTBE as a gasoline oxygenate.

10.     To the extent that Plaintiffs have received or may receive the requested relief from a governmental agency, Marathon Petroleum Company LP and Marathon Oil Company assert their entitlement to an appropriate set-off or reduction of any judgment against it.

11.     The appropriate forum for Plaintiffs' claims is an administrative agency, and therefore all proceedings before this Court should be stayed pending administrative resolution of the issues.

12.     The claims set forth in the complaints fail, in whole or in part, based on the doctrine of election of remedies.

13.     Each purported cause of action of the complaints as applied to Marathon Petroleum Company LP and Marathon Oil Company is barred because the relief sought therein would pose unreasonable barriers and substantial burdens on interstate and/or international commerce in violation of the Commerce Clause of the United States Constitution and/or the North American Free Trade Agreement.

14.     The complaints fail to state a claim upon which relief may be granted and should, therefore, be dismissed pursuant Fed. R. Civ. P. 12(b)(6).

15.     Because one or more Plaintiffs have not suffered any cognizable harm and have not incurred any present damages, there is no current case or controversy and thus those Plaintiffs' claims are not ripe for adjudication.

16.     Plaintiffs suffered no losses or injuries that were proximately caused by Marathon Petroleum Company LP and/or Marathon Oil Company.

17.     Marathon Petroleum Company LP's and Marathon Oil Company's actions were not the causes in fact of any injuries alleged by Plaintiffs.

18.     Plaintiffs have failed to state a cause of action for nuisance because they have neither alleged nor suffered any particularized injury.

19.     The alleged injuries and damages, if any, suffered as a result of conduct legally attributable to Marathon Petroleum Company LP and/or Marathon Oil Company are *de minimis* and therefore any injunction would pose a disproportionate hardship on Marathon Petroleum Company LP and Marathon Oil Company, as well as on the public, in comparison to the injury and or damages allegedly suffered by Plaintiffs.   Accordingly, Plaintiffs are not entitled to injunctive relief as to Marathon Petroleum Company LP and Marathon Oil Company as a matter of law.

20.     Plaintiffs do not have a legally cognizable injury unless or until the alleged MTBE contamination exceeds state action levels.

21.     Plaintiffs may not seek attorneys' fees as an element of relief.

22.     Plaintiffs have failed to properly present any claim for attorneys' fees.

23.     Because Plaintiffs have sued multiple parties, under multiple causes of action, with divisible damages, the claim for attorneys' fees must be apportioned between same.

24.     The claims set forth in the complaints are barred, in whole or in part, by the mootness doctrine.

25.     The complaints and each purported cause of action are barred, in whole or in part, by the defense of laches.  Plaintiffs' unreasonable and inexcusable delay in filing these actions caused substantial prejudice to Marathon Petroleum Company LP and Marathon Oil Company.

26.     The complaints and each purported cause of action are barred by the applicable provisions of the pertinent statutes of limitation.

27.     The complaints and each purported cause of action are barred by the applicable provisions of the pertinent statutes of repose.

28.     Plaintiffs are estopped by their conduct from asserting any of the purported claims alleged against Marathon Petroleum Company LP and Marathon Oil Company in the complaints.

29.     Plaintiffs have not adequately investigated the cause of the alleged harm or attempted to identify the actual responsible party or parties.

30.     Plaintiffs cannot establish the required predicates for their theories of collective liability, and therefore their Defendant-identification burden remains.  In the event that the Defendant-identification burden is shifted in the future, Marathon Petroleum Company LP and Marathon Oil Company deny that they contributed to the contamination at issue.

31.     Plaintiffs' claims are barred in whole or in part by the doctrine of waiver.

32.     Marathon Petroleum Company LP and Marathon Oil Company are entitled to total or partial indemnity from those individuals or entities who are responsible for Plaintiffs' injuries or damages, if any, in an amount in direct proportion to their relative culpability.

33.     Plaintiffs lack the capacity to sue.

34.     Plaintiffs lack standing to sue.

35.     Plaintiffs' claims are barred because Marathon Petroleum Company LP's and Marathon Oil Company's conduct caused no physical impact to Plaintiffs' property.

36.   There is a defect or misjoinder of parties, in that Plaintiffs have failed to join indispensable or necessary parties.

37.   Plaintiffs have failed to name the party or parties responsible for the alleged harm.

38.   The claims set forth in the complaints fail, in whole or in part, because of the failure to identify which Defendant, if any, proximately caused the alleged harm.

39.   Plaintiffs' claimed injuries were caused in whole or in part by others, whose actions were not controlled by or related to Marathon Petroleum Company LP and/or Marathon Oil Company.   Such actions are the superseding, supervening and/or intervening cause of Plaintiffs' injuries and therefore Plaintiffs may not recover from Marathon Petroleum Company LP and Marathon Oil Company as a matter of law.

40.   Plaintiffs may not maintain theories of collective or alternative liability given the facts alleged in the complaints.

41.   At no time did Marathon Petroleum Company LP and Marathon Oil Company exercise control over the persons or entities responsible for actual or threatened releases of MTBE, if any, alleged in certain complaints.   At all times, Marathon Petroleum Company LP and Marathon Oil Company acted with due care with respect to any petroleum or petroleum products used and took reasonable precautions against foreseeable acts or omissions of any such third parties and any foreseeable consequences.

42.   Marathon Petroleum Company LP and Marathon Oil Company did not own, control or release petroleum products that are alleged to have caused or threatened contamination of Plaintiffs' wells.

43.   Any Marathon Petroleum Company LP and Marathon Oil Company gasoline product sold or distributed for resale was properly designed, formulated, prepared and otherwise not defective in any respect.

44.   To the extent required, Marathon Petroleum Company LP and Marathon Oil Company provided proper warnings, information, and instructions relating to their products pursuant to generally recognized and prevailing standards in existence at the time.

45.   Plaintiffs have failed to allege that Marathon Petroleum Company LP's and Marathon Oil Company's alleged failure to provide an adequate warning proximately caused their injuries.

46.   Any gasoline product containing MTBE manufactured, sold, or distributed for resale by Marathon Petroleum Company LP and Marathon Oil Company was not unreasonably dangerous when made.

47.   The Plaintiffs' claims against Marathon Petroleum Company LP and Marathon Oil Company are barred by the bulk supplier doctrine.

48.   Marathon Petroleum Company LP and Marathon Oil Company sold their products to knowledgeable and sophisticated purchasers, and any injury alleged by Plaintiffs was caused by such purchasers' failure to observe known standards of care.

49.   Any injury, damage or loss sustained by the Plaintiffs was proximately caused and/or contributed to by their own negligence, carelessness, and/or omissions.

50.   Plaintiffs' claims are barred pursuant to the learned intermediary doctrine.

51.   If any damages or injuries alleged in the complaints occurred because of leaks from gasoline storage tanks and associated piping of either Marathon Petroleum Company LP or Marathon Oil Company, then neither Marathon Petroleum Company LP nor Marathon Oil

Company are liable for those damages and/or injuries because the gasoline storage tanks and associated piping, when manufactured and distributed, conformed to the then current state of scientific and industrial knowledge, and the tanks and associated piping were used for their intended purpose.   Further, neither Marathon Petroleum Company LP nor Marathon Oil Company are liable for any quality issues befalling the gasoline storage tanks and associated piping of third parties.

52.   Plaintiffs' public nuisance claims should be dismissed because there were no acts or omissions by or on behalf of any of the Defendants constituting an intentional, unreasonable interference with the Plaintiffs' interest in the use and enjoyment of their property.

53.   Plaintiffs' public nuisance claims must be dismissed because Plaintiff has failed to allege "special damages," an absolute prerequisite to the assertion of a public nuisance claim.

54.   Marathon Petroleum Company LP and Marathon Oil Company allege that they owed no duty of care to Plaintiffs in connection with the matters alleged in the complaints.

55.   The complaints fail to plead the elements of negligence claims with sufficient clarity, specificity, and particularity.

56.   Plaintiffs' claims are barred to the extent the conduct complained of is protected by the First Amendment to the United States Constitution.

57.   Certain causes of action are barred based on Marathon Petroleum Company LP's and Marathon Oil Company's valid exercise of the right of petition to the federal government, state government(s), and/or their respective deliberative bodies and agencies.

58.   Plaintiffs' claims are barred, in whole or in part, based on Plaintiffs' actual or constructive notice of reported spills or releases, if any, from publicly available records.

31

59.    There is no legal relationship upon which any duty could possibly be owed by Marathon Petroleum Company LP and Marathon Oil Company to Plaintiff, and therefore, Plaintiffs' causes of action fail as a matter of law.

60.    The injuries and damages, if any, alleged by Plaintiffs are caused in whole or in part by the presence of compounds other than MTBE (e.g., the BTEX compounds).   Under Plaintiffs own legal theories, Marathon Petroleum Company LP and Marathon Oil Company are not liable for damages caused by compounds other than MTBE.  In the event liability is assessed against Marathon Petroleum Company LP and/or Marathon Oil Company, such liability must be reduced where, and to the extent that, other compounds – about which Plaintiffs do not complain – contributed to the alleged injury.

61.    Marathon Petroleum Company LP and Marathon Oil Company are not liable for contamination where chemical compounds other than MTBE exceed state actions levels or standards, thereby requiring cleanup regardless of the presence of MTBE (particularly, but not exclusively, where MTBE is present below state action levels or standards).

62.    Any injury, damage or loss sustained by the Plaintiffs in connection with the subject matter of this action was not reasonably foreseeable.

63.    If it is determined that Plaintiffs, or anyone on whose behalf Plaintiffs are allegedly suing, was injured as set forth in the complaints, which Marathon Petroleum Company LP and Marathon Oil Company deny, Marathon Petroleum Company LP and Marathon Oil Company allege that any award of damages shall be reduced in proportion to the percentage of fault attributable to the Plaintiffs.

64.    If it is determined that Plaintiffs, or anyone on whose behalf Plaintiffs are allegedly suing, was injured as set forth in the complaints, which Marathon Petroleum Company

LP and Marathon Oil Company deny, Marathon Petroleum Company LP and Marathon Oil Company allege that any award of damages shall be reduced in proportion to the percentage of fault attributable to third parties (including but not limited to persons or entities responsible for gasoline leaks or spills).

65.     The injuries alleged in the complaints, if any, may be reasonably apportioned among the Defendants, as each Defendant's alleged acts and omissions are divisible and distinct. Therefore, no Defendant is jointly and severally liable to Plaintiffs for any claim alleged in the complaints.

66.     Plaintiff has unreasonably failed to mitigate its damages, if any.

67.     To the extent that any party has settled or may settle in the future with Plaintiffs, Marathon Petroleum Company LP and Marathon Oil Company assert their entitlement to an appropriate credit or reduction of any judgment(s) against it.

68.     Plaintiffs' claims for punitive damages violate the provisions of the U.S. Constitution, including but not limited to those provisions requiring due process of law and prohibiting excessive fines.

69.     Plaintiffs are public entities and/or authorities seeking compensation for damages to natural resources under their jurisdiction or purview.  These public entity/authority Plaintiffs have improperly delegated the power to prosecute these cases to private attorneys on a contingent fee basis.  Such delegation is against public policy.

70.     Plaintiffs' claims for natural resource damages are barred, in whole or in part, because Plaintiffs do not own or have a trusteeship interest in the property and/or natural resources allegedly impacted.

71.     Plaintiffs have not incurred "clean-up and removal" costs or "response costs" as those terms are defined in the applicable statutes.

72.     Marathon Petroleum Company LP and Marathon Oil Company incorporate by reference any affirmative defense, whether general or specific to a specific State, alleged by other Defendants in MDL 1358.

73.     The pleading of the defenses described above shall not be construed as an undertaking by Marathon Petroleum Company LP and Marathon Oil Company of any burden which would otherwise be the responsibility of Plaintiffs.

## V.     AFFIRMATIVE DEFENSES APPLICABLE TO PARTICULAR STATES

For their separate defenses to the complaints in MDL 1358 cases from particular states (for which an answer is presently required, and in which Marathon Petroleum Company LP and Marathon Oil Company have been properly named and served), Marathon Petroleum Company LP and Marathon Oil Company state as follows:

### IOWA

1.     The complaints and each purported cause of action are barred by the applicable provisions of the pertinent statutes of limitations, including but not limited to, Iowa Code Ann. §§ 614.1(2) and 614.1(4).

2.     Plaintiffs' recovery is barred by their contributory fault, which is greater than the fault of all persons whose fault may have proximately contributed to plaintiffs' damages.  Iowa Stat. Ann. § 668.3.

3.     Recovery is barred or must be reduced, in whole or in part, based on the doctrine of comparative negligence.

4.      Marathon Petroleum Company LP and Marathon Oil Company are not jointly and severally liable because they bear less than 50% of the total fault of all parties.  Iowa Stat. Ann. § 668.4.

5.      Plaintiffs assumed the risk of any alleged injury.

6.      Marathon Petroleum Company LP's and Marathon Oil Company's products "conformed to the state of the art in existence at the time."  Iowa Stat. Ann. § 668.12(1).

7.      Marathon Petroleum Company LP and Marathon Oil Company cannot be liable for failure to warn because the alleged "risks and risk-avoidance measures . . . should be obvious to, or generally known by, foreseeable product users."  Iowa Stat. Ann. § 668.12(3).

8.      Marathon Petroleum Company LP and Marathon Oil Company cannot be liable because "a product bearing or accompanied by a reasonable and visible warning or instruction that is reasonably safe for use if the warning or instruction is followed shall not be deemed defective or unreasonably dangerous on the basis of failure to warn or instruct."  Iowa Stat. Ann. § 668.12(4).

9.      Plaintiffs' efforts to impose liability on Marathon Petroleum Company LP and Marathon Oil Company without proof of causation violates the Due Process and other clauses of the federal and state constitutions.

**MISSOURI**

1.      The complaints and each purported cause of action are barred by the applicable provisions of the pertinent statutes of limitations, including but not limited to,  Mo. Ann. Stat. §§ 516.100, 516.120 and 516.010 (West).

2.      Plaintiffs' recovery is barred or must be reduced, in whole or in part, based on the doctrine of comparative fault.  Mo. Ann. Stat. § 537.765 (West).

3.      Any duty to warn, if one existed at all, was discharged pursuant to Mo. Ann. Stat. § 537.760 (West), because the alleged defects, if any, were open and obvious to Plaintiffs.

4.      Plaintiffs' product liability claims fail because Marathon Petroleum Company LP and Marathon Oil Company had no duty to warn Plaintiffs, as Plaintiffs knew or should have known of the alleged danger.  Mo. Ann. Stat. § 537.760 (West).

5.      Plaintiffs' product liability claims fail because Marathon Petroleum Company LP's and Marathon Oil Company's products were in conformity with generally recognized state of the art.  Mo. Ann. Stat. §§ 537.764 and 537.760  (West).

6.      Plaintiffs' product liability claims fail because Marathon Petroleum Company LP's and Marathon Oil Company's products, at the time they were sold, were not in a defective condition or unreasonably dangerous when put to a reasonably anticipated use.  Mo. Ann. Stat. § 537.760 (West).

7.      Any alleged defective condition, of Marathon Petroleum Company LP's and Marathon Oil Company's products at the time they were sold, was not the proximate cause of plaintiffs' injuries or harm.  Mo. Ann. Stat. § 537.760 (West).

8.      Plaintiffs' alleged injuries, if any, resulted from use of the product that was not reasonably anticipated by Marathon Petroleum Company LP and Marathon Oil Company at the time that they sold or otherwise conveyed the product.  Mo. Ann. Stat. § 537.760 (West).

9.      Plaintiffs' recovery of punitive damages arising out of their alleged injury is limited under Mo. Ann. Stat. § 510.265 (West).

*       *       *

For each State described above, Marathon Petroleum Company LP and Marathon Oil Company incorporate by reference any affirmative defense, whether general or specific to another State, alleged herein or by other Defendants in MDL 1358.

The pleading of the defenses described above shall not be construed as an undertaking by Marathon Petroleum Company LP and Marathon Oil Company of any burden which would otherwise be the responsibility of Plaintiffs.

**WHEREFORE**, Marathon Petroleum Company LP and Marathon Oil Company request entry of judgment dismissing the complaints with prejudice, and awarding Marathon Petroleum Company LP and Marathon Oil Company their costs and attorneys' fees, and such other relief as the Court may deem just and proper.

Dated:  November 11, 2013

Respectfully submitted,

Steven L. Leifer
Baker Botts LLP
1299 Pennsylvania Avenue NW
Washington, D.C.  20004-2400
202-639-7723
sleifer@bakerbotts.com

*Counsel for Marathon Petroleum Company
LP and Marathon Oil Company*

## CERTIFICATE OF SERVICE

I hereby certify that on November 11, 2013, a true and correct copy of Defendants Marathon Petroleum Company LP's and Marathon Oil Company's Sixth Amended Master Answer and Affirmative Defenses was electronically served on counsel of record for Plaintiffs and Defendants in MDL No. 1358 via LexisNexis File & Serve.

Christopher Danley