# McDermott
# Will&Emery

Boston Brussels Chicago Düsseldorf London Los Angeles Miami Munich
New York Orange County Rome San Diego Silicon Valley Washington, D.C.

Peter J. Sacripanti
Attorney at Law
psacripanti@mwe.com
212.547.5583

November 8, 2013

## BY ELECTRONIC MAIL AND HAND DELIVERY

The Honorable Shira A. Scheindlin
United States District Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 1620
New York, New York 10007-1312

> Re:  Master File C.A. No. 1:00-1898 (SAS), M21-88, MDL No. 1358
> *Defendants' Pre-Conference Letter for November 18, 2013 Conference*

Dear Judge Scheindlin:

Defendants respectfully submit this letter in advance of the November 18th conference.

## JOINT AGENDA ITEM

## I.     MDL 1358:  CMO for Newly Filed MTBE Cases

The parties have been meeting-and-conferring on a proposed order and anticipate submitting a joint proposal with our reply letters.

## DEFENDANTS' AGENDA ITEMS

## I.     City of Fresno:  Application of Court's September 10, 2013 Ruling on Lack of Injury to Remaining Station

At the last status conference, Defendants put on the agenda the application of the Court's September 10, 2013 Order granting Defendants' Limitations Motion ("Order") to the entire *City of Fresno* case, which would result in a complete dismissal of the case.  In response, the City requested additional time "to discuss substantively with the defendants on how we can resolve the remaining stations without, hopefully, having to involve the court but we do need time to do that." *Sept. 10, 2013 Tr.*, at 6.  The Court pressed the City's attorney on what the City would do with this time, and Mr. Axline confirmed that the City was not going to conduct any further scientific analysis at the Remaining Sites.  *Id.*  At no time did the City dispute that its evidence of alleged injury is exactly the same at the Remaining Stations as it was at the stations for which the Court granted summary judgment.  Defendants did not object to the City's request for more time,

The Honorable Shira A. Scheindlin
November 8, 2013
Page 2

and the Court ordered the City to inform the Court and Defendants at the November status conference how it will proceed.  At this point, the parties still disagree as to whether the case should be dismissed with or without prejudice.

As explained in Defendants' October 72-hour letter, the City should dismiss its entire case because the Order should be dispositive of all claims at all sites.  Remaining in the case are sites that had the first detection of MTBE in groundwater or in the soil above five ppb after the limitations date or at which there is a fact dispute regarding such a detection ("Remaining Stations").[1]  But the Court, in ruling on the Limitations Motion, granted summary judgment based on the lack of injury:

> In sum, Fresno's position that "it is not the mere presence of chemical molecules within the city boundaries that is significant for purposes of determining appreciable harm, it is whether the MTBE caused appreciable harm to Fresno's water system[]" ultimately dooms its claims as to the Limitations Sites and Soil Detection Sites.  Fresno has presented no evidence from which a reasonable jury could find that the groundwater and soil contamination at the sites at issue in this motion threaten its production wells.  For this reason, the Limitations Motion is granted.

Order at 61-62.

The City's position likewise dooms its claims for all the Remaining Stations because the City's alleged evidence of injury is *exactly the same*; namely, the same general opinions of Mr. Haberman, Mr. Norman, and Dr. Fogg and testimony from Dr. Wilson.  The City cannot credibly argue that the injury analysis is any different at the Remaining Stations.  Therefore, the summary judgment ruling also should apply to the Remaining Stations, resulting in the dismissal of the entire case.

The entire *Fresno* case should therefore be dismissed with prejudice.  The parties have litigated this case for ten years, conducting extensive discovery and motion practice.  The City should not have the right to simply re-file this case tomorrow if it so chooses.  If the City will not agree that the effect of the Court's order requires dismissal of all Remaining Sites, then Defendants request that they be allowed to file a short summary judgment motion on lack of injury at the Remaining Stations.

---

[1] Those stations are M&S Texaco, 2619 S. East Avenue; 7-Eleven #19198, 1596 N. Palm Avenue; Shell (1212), 1212 Fresno Street; U&A Gas & Food Mart, 2929 N. Blackstone; Van Ness Auto, 2740 N. Van Ness; and Red Triangle, 2809 S. Chestnut Avenue.

The Honorable Shira A. Scheindlin
November 8, 2013
Page 3

## II.    City of Fresno:  Dismissal of Tesoro with Prejudice

Prior to filing motions for summary judgment, after years of discovery, including Plaintiff's last minute addition of 14 additional stations on the eve of the close of fact discovery,[2] Plaintiff had identified only three sites with an alleged Tesoro nexus.[3]  Tesoro moved for summary judgment on these three stations.  In light of the Court's September 10, 2013 ruling granting Defendants' Motions for Summary Judgment for Lack of Causation, Plaintiff has no remaining claims against Tesoro.  Following the Court's ruling, Tesoro requested that Plaintiff dismiss Tesoro with prejudice from this matter.  Plaintiff has refused, initially offering dismissal without prejudice for the three sites at issue as to Tesoro in the summary judgment briefing, and then dismissal of the case without prejudice.  As Tesoro explained in detail in its November 5, 2013 letter to Plaintiff, attached hereto as Exhibit A, dismissal with prejudice is appropriate for the following reasons: (1) this case was intended to be tried in its entirety, not as a "focus" well or station case, (2) the station matrix identified all remaining claims and sites for each defendant, (3) summary judgment briefing was limited to the sites on the station matrix and resulted in a finding that Plaintiff lacked the necessary causation evidence to support its claims against Tesoro, and (4) the Court previously dismissed sites lacking in evidentiary support from the station matrix with prejudice.  Tesoro respectfully requests that the Court order dismissal of Tesoro from all claims at issue or that could have been at issue in the case with prejudice.

## III.    Puerto Rico:  Defendants' Proposed Expert Protocol

Defendants respectfully request that the Court enter the attached Proposed Expert Protocol.  *See* Ex. B.  The attached Protocol is similar to that which the parties agreed to in the *New Jersey* matter.  However, it adds two sections that Defendants believe are necessary and helpful based on our experiences in *New Jersey*.  First, in Section VI, Defendants propose a timeline and process for the efficient and timely scheduling of expert depositions.  Essentially, the proposal builds in required meet-and-confer sessions to ensure that deposition scheduling proceeds smoothly.  Second, in Section VII, Defendants have proposed reasonable limitations on what documents may be requested of an expert in conjunction with a deposition notice.  This section has been added as a reaction to certain overly broad requests contained in some of the New Jersey Plaintiffs' expert deposition notices – *e.g.*, "The deponent's file(s) which refer or relate to MTBE."

---

[2] Plaintiff City of Fresno's Amended Responses to Chevron Defendants' First Set of Interrogatories to Plaintiff (Interrogatory Nos. 17 and 18) and BP Products North America Inc.'s First Set of Interrogatories (Interrogatories 3A, 4A [Stations at Issue]), Response to Interrogatory No. 18 and BP Interrogatories 3A and 4A (amended Apr. 4, 2011).

[3] *See* CMO 108, showing an alleged nexus for Tesoro at Red Triangle, U&A Gas and Valley Gas.  As part of the meet and confer prior to filing motions for summary judgment, Plaintiff dismissed its nuisance claims against Tesoro, leaving only negligence and product liability claims.  Letter from M. Axline to J. Parker (Feb. 8, 2013).

The Honorable Shira A. Scheindlin
November 8, 2013
Page 4

Defendants are not aware of Plaintiffs' position on this proposal. Although we have requested comments and/or a meet-and-confer on several occasions, we have yet to receive a response. *See Email Chain, L. Gerson & M. Axline* (Oct. 1 – 31, 2013) (at Ex. C). However, with the first expert reports due early next month, we do not believe submission of a protocol can be further delayed.

**IV.    Puerto Rico:  Deadline for Plaintiffs to Produce Budget Information**

Defendants have previously requested certain budgeting and capital plan documents from Plaintiffs. Defendants do not believe Plaintiffs have fully responded. However, we will be meeting-and-conferring with Plaintiffs regarding these requests and are hopeful that we can agree on a scope and date for production. However, in the event that we cannot agree, Defendants will request a date certain from the Court.

**V.    Puerto Rico:  Defendants' Request for Guayama Water Treatment Plant Trial Site Information**

Defendants have been asking, since at least September 4th, that Plaintiffs provide a delineation for the Guayama Water Treatment Plant Trial Site. Plaintiffs have repeatedly promised, but have so far failed, to provide that delineation. Plaintiffs also have repeatedly promised to evaluate their prior discovery responses in light of contradictory Rule 30(b)(6) testimony. Plaintiffs have advised that amended discovery responses have been drafted, but to date none of the requested information has been received. Defendants seek a date certain of November 22, 2013 for the production of this information.

**VI.    Puerto Rico:  Preparation of Plaintiffs' Corporate Witness on MTBE Knowledge**

Today Defendants deposed Plaintiffs' corporate representative on a crucial topic – the Commonwealth's knowledge of MTBE. Again, Plaintiffs have presented a paid consultant, Bruce Green, as their corporate representative. Mr. Green has no personal knowledge of the issues involved in this litigation, and Defendants have serious concerns regarding his preparedness for this important deposition.[4] Defendants will meet-and-confer with Plaintiffs and provide additional detail in our reply letter, if necessary. If not resolved, Defendants will request an order from the Court requiring Plaintiffs to present a properly prepared witness for this and future 30(b)(6) depositions.

---

[4] For example, Mr. Green testified that to prepare for the deposition, he did not speak with any Commonwealth employees, he spoke only with Plaintiffs' attorneys and reviewed only documents selected for him by the attorneys. All information provided to Mr. Green was by counsel, and Defendants have been precluded from probing those conversations. We cannot afford to delay bringing this issue to the Court's attention, as Plaintiffs have indicated that Mr. Green will be the corporate representative for additional upcoming 30(b)(6) depositions.

The Honorable Shira A. Scheindlin
November 8, 2013
Page 5

Respectfully submitted,

*Peter John Sacripanti*

Peter John Sacripanti

cc:     All Counsel By LNFS, Service on Plaintiffs' Liaison Counsel

# EXHIBIT A



HUNTON & WILLIAMS LLP
550 SOUTH HOPE STREET, SUITE 2000
LOS ANGELES, CALIFORNIA 90071-2627

TEL   213 • 532 • 2000
FAX   213 • 532 • 2020

COLLEEN P. DOYLE
DIRECT DIAL: 213 • 532 • 2102
EMAIL:DoyleC@hunton.com

E-SERVICE
54504759
Nov 05 2013
07:47PM
File & ServeXpress

November 5, 2013

**Via File & ServeXpress and E-Mail**

Duane C. Miller, Esq.
Miller, Axline & Sawyer
1050 Fulton Avenue, Suite 100
Sacramento, CA 95825

Re:    *City of Fresno v. Chevron U.S.A., Inc., et al.*
       No. 1:04-cv-04973-SAS (MDL 1358)
       **Dismissal of Tesoro With Prejudice**

Dear Duane:

We are writing in response to the meet and confer ordered by the Court at the October 15, 2013 status conference.  In light of the Court's September 2013 summary judgment rulings, on September 12, 2013, Tesoro requested that the City dismiss Tesoro with prejudice from the case.  The City recently responded to Tesoro's request, offering to dismiss Tesoro without prejudice from the three sites at which Tesoro sought summary judgment.

The City's limited dismissal proposal is unacceptable.  No claims remain against Tesoro and the City has no legitimate basis to deny Tesoro's request for dismissal with prejudice for all claims at issue or that could have been at issue in the litigation for the following reasons:

- The City of Fresno case was not a "focus" well or station case.  At the November 2010 status conference, the Court favored trying the case in its entirety, rather than as a "focus" site case.[1]  The City understood that it had to identify all wells and stations at issue, and the City's own behavior confirms this understanding.  In February 2011, the City identified stations and wells it allegedly impacted.[2]  Then, in April 2011, on the

---

[1] Nov. 23, 2010 Transcript at 11:1-9 ("I think we should just deal with the case right now, 43 sites, 14 releases. You know, the whole concept of trial is based on focus sites. It hasn't even been tested on any appeal yet. So it would be nice to try one of these that had all the sites that don't even have that issue... I've given you my indication on that, but I can revisit this in early April when you've done the discovery on that.").

[2] Plaintiff City of Fresno's Amended Responses to Chevron Defendants' First Set of Interrogatories to Plaintiff (Interrogatory Nos. 17 and 18) and BP Products North America Inc.'s First Set of Interrogatories

ATLANTA  AUSTIN  BANGKOK  BEIJING  BRUSSELS  CHARLOTTE  DALLAS  HOUSTON  LONDON  LOS ANGELES
McLEAN  MIAMI  NEW YORK  NORFOLK  RALEIGH  RICHMOND  SAN FRANCISCO  TOKYO  WASHINGTON
www.hunton.com

# HUNTON&
# WILLIAMS

Duane C. Miller, Esq.
November 5, 2013
Page 2

eve of the close of fact discovery, the City added 14 new sites to this list.³ Had this
been a "focus" site case, there would have been no need for the City to add more sites
before expert discovery; it simply could have included the sites, as necessary, in the
"next round." Moreover, any ambiguity that the City may have had about whether this
was a "focus" site case was resolved after the April 2011 conference. At the
suggestion of the City,⁴ the Court considered whether to allow supplemental discovery
concerning the 14 newly-added sites, thereby enabling the case to be tried in its
entirety, or proceed only with the sites identified in February 2011 "as a 'bellwether'
trial, with supplemental discovery for new wells and stations if the case does not
resolve after a bellwether trial."⁵ The Court chose the first option, reopening
discovery for the 14 new sites.⁶ The parties allowed supplemental fact discovery on
these additional sites before commencing expert discovery on all sites for the *specific
purpose* of avoiding a "focus" site case. The City has fully acknowledged this fact.⁷

- The station matrix identified all remaining claims and sites for each defendant. At the
August 2012 status conference, the Court ordered the City to issue a "station matrix."
The purpose of this matrix was to identify "the sites at which Plaintiff will pursue
claims at trial and the Defendants against which it will assert those claims for each site."⁸
By not linking a particular defendant to a particular station, the City conceded it had
no remaining claims against that defendant for that site.⁹ Sites where the City was not
pursuing claims against any remaining defendant were dismissed with prejudice as to
all defendants.¹⁰

- Summary judgment briefing was limited to sites on the station matrix. Consistent with
the Court's direction, after additional meet and confer to attempt to further narrow the

---

(Interrogatories 3A, 4A [Stations at Issue]), Response to Interrogatory No. 18 and BP Interrogatories 3A and 4A
(amended Feb. 11, 2011).

³ *Id.* (amended Apr. 4, 2011); *see also,* CMO 63 (closing all fact discovery on Apr. 4, 2011).

⁴ Letter from M. Axline to Hon. S. Scheindlin, Apr. 13, 2011, p. 1.

⁵ *Id.* at p. 2; Apr. 20, 2011 Transcript at 3:12-17 ("One, we could have an extended period for
supplemental discovery. Or we could have a trial on the previously disclosed sites, that is, the 24, and treat it as
a bellwether trial, with supplemental discovery for new sites if the case is not resolved following the bellwether
trial.").

⁶ Order Modifying CMO 63, Apr. 26, 2011.

⁷ Nov. 6, 2012 Transcript at 8:19-24 (with M. Axline stating to the Court, "The case was sort of on the
bubble, if you will remember, about whether to do it on a site-specific bellwether basis or whether to do the case
as a whole. It wasn't until fairly far into the case that the decision was made to try the case as a whole.").

⁸ *See* Case Management Order ("CMO") 108, p. 1.

⁹ *Id.* at Section A, p. 2 ("Plaintiff may only assert claims at trial for the following sites and only against
the Defendant(s) identified for each site. This matrix may be modified to delete sites and/or Defendants, but
cannot be revised to add sites and/or Defendants.").

¹⁰ *Id.* at Sections B ("The following sites shall be dismissed with prejudice") and C ("[T]he Court
hereby orders that the following sites shall be dismissed with prejudice"), p. 3.



HUNTON&
WILLIAMS

Duane C. Miller, Esq.
November 5, 2013
Page 3

> scope of the summary judgment briefing,[11] as appropriate, the defendants briefed the
> sites where they were identified on the station matrix. The Court wanted the station
> matrix to streamline the motions.[12]

- Consistent with the Court's direction, sites lacking in evidentiary support were to be dismissed with prejudice. The purpose of the station matrix was to identify the sites at issue in this case that would proceed to trial. Over the course of several status conferences, the Court considered whether sites where the City's expert lacked sufficient information to offer an opinion (CMO 108, Section C) should be dismissed with or without prejudice.[13] The Court ultimately dismissed with prejudice,[14] focusing particularly on the significant time and expense spent in discovery investigating the sites and "the lateness of the request to dismiss without prejudice."[15] Critically, the Court indicated, "If it were a summary judgment, I think it would be a dismissal with prejudice. I think this is really an effort by the plaintiff to have had the cake and eat it too, so to speak."[16] The City's attempt to now obtain dismissal without prejudice *after* the Court has granted summary judgment is an even more blatant attempt "to have [ ] the cake and eat it too."

For the reasons outlined above, the City had its chance to pursue all claims at all sites against Tesoro. After years of fact and expert discovery, the City elected to pursue only negligence and product liability claims against Tesoro at three sites.[17] As a result of the Court's summary judgment ruling, all of these remaining claims were resolved in Tesoro's favor. Tesoro is entitled to a dismissal with prejudice for all claims that were at issue or could have been at issue in the litigation. As the Court has stated, "If you know you don't have a case of a

---

[11] February 25, 2013 Transcript at 26:7-25 (ordering a final in-person meet and confer).

[12] *See, e.g.,* Jan. 11, 2013 Transcript at 31:14-15 ("If she loses it, you don't need to bring that motion again if that's all she has."); Feb. 25, 2013 Transcript at 26:4-6 ("It appears there are some loose ends that we should spend some time talking about just to make absolutely sure it doesn't come to this Court unless it needs to.").

[13] *See,* Aug. 16, 2012 Transcript; Nov. 6, 2012 Transcript; Dec. 5, 2012 Transcript.

[14] Order of Dismissal, Jan. 2, 2013.

[15] Nov. 6, 2012 Transcript at 6:22-24.

[16] *Id.* at 6:25-7:2.

[17] *See* CMO 108, Section A; Letter from M. Axline to J. Parker, Feb. 8, 2013; Letter from M. Axline to S. Torabi, Mar. 6, 2013.

HUNTON&
WILLIAMS

Duane C. Miller, Esq.
November 5, 2013
Page 4

particular site against particular defendant, let the defendant out."[18]  If the City does not agree
to complete dismissal with prejudice before the November 18, 2013 status conference, Tesoro
will have no choice but to raise this issue with the Court.

Sincerely,

*Colleen P. Doyle / ST*

Colleen P. Doyle

cc: All Counsel (via File & ServeXpress)

---

[18] Jan. 11, 2013 Transcript at 47:4-5.

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In Re: Methyl Tertiary Butyl Ether
("MTBE") Products Liability Litigation

Master File No. 1:00 – 1898
MDL 1358 (SAS): M21-88

This Document Relates To:

*Commonwealth of Puerto Rico, et al. v. Shell Oil Co., et al.*, No. 07 CV 10470

SHIRA A. SCHEINDLIN, U.S.D.J.:

[PROPOSED] CASE MANAGEMENT ORDER NO. 112

(EXPERT DISCOVERY PROTOCOL)

With respect to testifying experts in this litigation:

      I.      The parties shall produce the required expert reliance materials (hereinafter, the "Reliance Materials") no later than five business days after the deadline to serve each relevant expert report pursuant to Case Management Order entered September 30, 2013. The Reliance Materials to be produced shall include all files, documents, texts and underlying data or manipulations of such data reviewed or relied upon by that expert in forming the basis for his or her opinion, including all computer software programs, models, computer simulations on which the expert's opinions are based, and work papers. Any additional reliance materials generated or first reviewed and relied upon by the expert subsequent to the initial production of reliance materials but prior to the deposition shall be produced promptly and no later than 48 hours before the commencement of the deposition. Reliance materials that are publicly available and have been cited in full by the expert need not be produced absent a specific request.

      II.     With respect to experts who rely on computer-based modeling, the following illustrate the nature or content of the modeling-related Reliance Materials to be produced:

      A.     All electronic executable copies and operating instructions for modeling programs and pre- and post-processor programs that are not public domain models and cannot reasonably be purchased by the requesting party. In all cases, the requesting party shall be responsible for obtaining any necessary licenses.

1

B.   All reference documents or calculations supporting selection of input parameter values or ranges.

C.   A tabular summary of input data specifying the range of values considered and the ultimate value(s) selected for purposes of calibration, sensitivity analysis, parameter optimization, validation and scenario/hypothesis testing.

D.   A modeling journal (log of model runs) regarding construction, calibration, sensitivity analysis, parameter optimization, validation and scenario/hypothesis testing.

E.   Electronic copies of all modeling files.

F.   Quantification of accuracy (alternatively, uncertainty analysis) regarding model output (groundwater flow and contaminant transport models).

G.   All electronic database files generated in support of the modeling analysis.

H.   All analytical model analyses conducted apart from the numerical model analysis for purposes of parameter selection, parameter optimization, model calibration, hypothesis testing, etc.

III.   The deadlines set forth in Section I, above, will not govern the production of demonstrative exhibits to be used at trial as a summary of or support for the opinions to be expressed by an expert. Such demonstrative exhibits shall be produced three business days prior to the day when that expert will testify at trial, or such other time as the Court may order.

IV.   For any witness who may offer any expert opinion testimony but is not required to provide a written report as per FRCP 26(a)(2)(C), the party sponsoring such witness shall disclose (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify. Such disclosures shall be made according to the following schedule:

> Plaintiffs' Non-Site-Specific 26(a)(2)(C) Witnesses – by January 6, 2014
>
> Defendants' Non-Site-Specific 26(a)(2)(C) Witnesses – by February 21, 2014
>
> Plaintiffs' Site-Specific 26(a)(2)(C) Witnesses – by February 21, 2014
>
> Defendants' Site-Specific 26(a)(2)(C) Witnesses – by April 24, 2014

The parties shall produce Reliance Materials reviewed by witnesses whose expert opinion disclosures are made pursuant to this paragraph no later than five business days after the subject matter and summary of such witnesses' testimony is disclosed, as set forth in this paragraph. This Section in no way limits or expands the scope of available discovery of such witnesses in their capacity as percipient witnesses.

V.      Nothing in this Protocol may be used by any party to establish the relevance or lack of relevance of any materials or information referenced herein.

VI.     The parties shall meet and confer by February 1, 2014 for the purpose of addressing and formulating a plan for the scheduling, duration, location and other details regarding the proposed depositions of the parties' designated experts.  The parties shall use best efforts to finalize a schedule for the depositions of the parties' non-site-specific experts by not later than March 10, 2014 and site-specific experts by not later than April 21, 2014.  To the extent a non-site-specific expert also will provide site-specific testimony or opinion, such experts may be scheduled in accordance with the site-specific schedule contained in this paragraph.  To the extent not already scheduled, the parties will use best efforts to finalize the schedule for deposition of Rule 26(a)(2)(C) witnesses by not later than May 2, 2014.

VII.    Requests for Production contained in expert deposition notices shall be limited to:

A.      Materials required to be produced by Rule 26(a)(2)(B), to the extent not already produced;

B.      Reliance Materials, as defined herein and to the extent not already produced;

C.      Documents concerning retention and compensation in the above-captioned action;

D.      Articles, studies or reports authored by the expert that relate to the subject matter of the expert's opinion(s) in the above-captioned action, MTBE, TBA and/or ethanol, to the extent published within the last ten years;

E.      Expert reports and transcripts of deposition and/or trial testimony provided by the expert in any civil lawsuit or administrative matter that relate to the subject matter of the expert's opinion(s) in the above-captioned action, MTBE, TBA and/or ethanol, to the extent provided within the last four years;

F.      Hearing transcripts, orders, decisions or other rulings limiting or barring all or part of the expert's prior testimony or opinions that relate to the subject matter of the expert's opinion(s) in the above-captioned action, MTBE, TBA and/or ethanol, to the extent provided within the last four years; and

G.      To the extent permitted by Rule 26(b)(4)(C), communications between the expert and counsel for any party in the above-captioned action that: (i) relate to compensation in the above-captioned action; (ii) identify facts or data that counsel provided and that the expert considered in forming his/her opinions; and (iii) identify assumptions that counsel provided and that the expert relied on in informing his/her opinions.

SO ORDERED.

_____

Hon. Shira A. Scheindlin
U.S.D.J.

Dated: New York, New York

_____, 2013

4

# EXHIBIT C

## Gerson, Lisa

| | |
|---|---|
| **From:** | Gerson, Lisa |
| **Sent:** | Thursday, October 31, 2013 6:58 PM |
| **To:** | maxline@toxictorts.org; Scott Kauff (skauff@lojkd.com) |
| **Cc:** | MDL1358 |
| **Subject:** | RE: Puerto Rico Expert Protocol |

Mike,

When we spoke on October 16th, you stated that you would be providing comment on Defendants' proposed expert protocol. If Plaintiffs still intend to do so, please send your comments by November 4 so that we may meet-and-confer prior to submission of preconference letters.

Thank you,

Lisa A. Gerson
McDermott Will & Emery LLP
340 Madison Avenue
New York, NY 10173
Tel: 212-547-5769
Fax: 646-224-8675

**From:** MDL1358
**Sent:** Friday, October 25, 2013 3:03 PM
**To:** MDL1358 Users
**Subject:** FW: Puerto Rico Expert Protocol

**From:** Gerson, Lisa
**Sent:** Friday, October 25, 2013 2:03:06 PM (UTC-06:00) Central Time (US & Canada)
**To:** maxline@toxictorts.org; 'Scott Kauff'
**Cc:** 'Will Petit'; MDL1358
**Subject:** RE: Puerto Rico Expert Protocol

Counselors,
Please let us know Plaintiffs' position on our proposal.

Thank you,

Lisa A. Gerson
McDermott Will & Emery LLP
340 Madison Avenue
New York, NY 10173
Tel: 212-547-5769
Fax: 646-224-8675

**From:** Gerson, Lisa
**Sent:** Tuesday, October 01, 2013 6:59 PM
**To:** 'maxline@toxictorts.org'; 'Scott Kauff'
**Cc:** 'Will Petit'; 'Miller, Axline & Sawyer'
**Subject:** Puerto Rico Expert Protocol

1

Mike,

Attached is a proposed expert protocol for the Puerto Rico matter. This is fashioned off of the NJ protocol, but incorporates the new CMO dates, your suggestion below and new sections on deposition scheduling and deposition notices.

Please let us know when Plaintiffs are available to discuss.
Thank you.

Lisa A. Gerson
McDermott Will & Emery LLP
340 Madison Avenue
New York, NY 10173
Tel: 212-547-5769
Fax: 646-224-8675