# **EXHIBIT C**



BEVERIDGE
& DIAMOND PC

Daniel M. Krainin
15th Floor
477 Madison Avenue
New York, NY 10022-5802
Direct:(212) 702-5417
Fax:(212) 702-5450
dkrainin@bdlaw.com

November 7, 2013

**VIA E-MAIL**

Special Master Kenneth E. Warner
Warner Partners
950 Third Avenue, 32nd Floor
New York, NY 10022

> Re:     *Commonwealth of Puerto Rico et al. v. Shell Oil Co., et al.,* 07-civ-10470;
>        Sunoco Defendants' Motion for Protective Order Regarding Duplicative Rule
>        30(b)(6) Deposition Notices

Dear Special Master Warner:

Pursuant to Federal Rule of Civil Procedure 26(c), Defendants Sunoco, Inc., Sunoco, Inc. (R&M) and Puerto Rico Sun Oil Co., LLC (collectively "Sunoco") hereby respectfully move for the entry of a protective order in connection with Rule 30(b)(6) deposition notices that Plaintiff Commonwealth of Puerto Rico ("Plaintiff" or the "Commonwealth") has served on Sunoco. The Rule 30(b)(6) deposition notices at issue are almost entirely duplicative of issues that were the subject of a prior Rule 30(b)(6) deposition notice for which Sunoco has already provided two days of testimony. *See* chart comparing deposition notice designated issues, attached hereto as Exhibit ("Ex.") 1. The additional testimony that Plaintiff seeks would be unreasonably duplicative, Plaintiff has already had ample opportunity to take discovery on the topics at issue, and the burden of additional Rule 30(b)(6) preparation and testimony would outweigh any likely benefit. The parties have met and conferred, and Sunoco has offered a variety of compromise proposals (including one that Plaintiff had endorsed in a prior letter), but the parties have been unable to resolve their differences.

Background

Plaintiff has served three Rule 30(b)(6) deposition notices on Sunoco. The first, originally dated July 9, 2013 (the "July 9 notice"), was the broadest of the three and covered numerous issues relating generally to the supply, distribution, acquisition, storage, delivery, handling and processing of gasoline and MTBE in Puerto Rico. *See* Exhibit ("Ex.") 2 hereto. On September 13, 2013, Plaintiff served a Rule 30(b)(6) deposition notice on Puerto Rico Sun Oil Co. ("PRSOC"), seeking information relating generally to certain alleged characteristics of

BEVERIDGE & DIAMOND PC

Special Master Kenneth E. Warner
November 7, 2013
Page 2

MTBE (the "September 13 notice"). *See* Ex. 3. On October 11, 2013, the last day for the service of deposition notices under the extended deadline and two business days prior to the start of Sunoco's Rule 30(b)(6) deposition regarding the July 9 notice, Plaintiff served yet another Rule 30(b)(6) deposition notice on Sunoco (the "October 11 notice"). *See* Ex. 4. The October 11 notice related generally to Sunoco's manufacture, handling and processing (if any) of gasoline, MTBE and related products at the Yabucoa facility when it was owned by PRSOC.[1]

Following hundreds of hours of preparation (collectively by Sunoco's in-house counsel, outside counsel and corporate designee), on October 16 and 17, 2013, Sunoco produced a Rule 30(b)(6) witness, Luis Comas, who testified regarding the issues set forth in the July 9 notice. In so doing, Mr. Comas also covered substantially all of the topics in the October 11 and September 13 notices. *See* Ex. 1.

During and after that deposition, Plaintiff has requested an opportunity to review documents maintained by Sunoco that relate to PRSOC's former operations in Puerto Rico, sought production of certain former employees of PRSOC (who are now beyond Sunoco's control) as fact witnesses, and insisted on going forward with the duplicative October 11 and September 13 Rule 30(b)(6) notices. *See* Letter from T. O'Reilly to D. Krainin dated Oct. 24, 2013 (attached hereto as Ex. 5). In response, Sunoco has offered to (i) produce documents (notwithstanding its position that the documents are either non-responsive or need not be produced in light of objections that Sunoco timely lodged months and years ago); (ii) attempt to facilitate the appearance of former employees for fact depositions; and (iii) respond to non-duplicative Rule 30(b)(6) designated issues via declaration or other efficient means. *See* letter from D. Krainin to T. O'Reilly dated Oct. 25, 2013 (Ex. 6).

Plaintiff has refused to compromise, insisting on going forward with full Rule 30(b)(6) depositions as to all topics, notwithstanding the redundancy. *See* Letter from T. O'Reilly to D. Krainin dated Oct. 31, 2013 (Ex. 7). Sunoco has reiterated its position that it is willing to produce documents and help facilitate depositions of its former employees, but cannot agree to prepare duplicative Rule 30(b)(6) witnesses. *See* letter from D. Krainin to T. O'Reilly dated Nov. 1, 2013 (Ex. 8).

Argument

As shown in the chart attached as Exhibit 1, the Designated Issues in the October 11 and September 13 deposition notices are almost entirely duplicative of those from the July 9 notice. Sunoco seeks a protective order to preclude it from having to shoulder the undue burden of preparing one or more witnesses to testify as to topics for which the Plaintiff already has

---

[1] Each of these deposition notices has been amended at least once but the changes related only to the date on which the deposition was to occur; they did not involve substantive changes to the designated issues.

BEVERIDGE & DIAMOND℗ℭ

Special Master Kenneth E. Warner
November 7, 2013
Page 3

obtained Rule 30(b)(6) testimony.[2]  Put simply, the Commonwealth is not entitled to a second
bite at the Rule 30(b)(6) apple.

"Like other forms of discovery, a Rule 30(b)(6) Notice is subject to limitations under
Rule 26 … which requires that the information sought not be unduly burdensome or
duplicative." *Dealer Computer Servs., Inc. v. Curry*, 2013 U.S. Dist. LEXIS 18315 (S.D.N.Y.
Feb. 7, 2013) (internal citations omitted) at *3, *5.  Indeed, "[a] court must limit the frequency or
extent of use of the discovery methods otherwise permitted under the Federal Rules of Civil
Procedure … if the discovery sought is unreasonably cumulative or duplicative." *Moore's
Federal Practice* (3rd Ed.), § 26.60[2] (emphasis added).  Likewise, a court "must limit the
frequency or extent of use of the discovery method … if the discovery sought is available from
another source that is more convenient, less burdensome or less expensive[;] … [or] when the
burden or expense of the proposed discovery outweighs its likely benefits." *Id.* at §§ 26.60[3],
[5].

Here, the October 11 and September 13 notices meet all of the foregoing criteria
warranting imposition of a protective order:  the discovery sought is unduly burdensome,
unreasonably duplicative, and available through less burdensome means.  In addition, the burden
of the discovery would likely outweigh its benefits.  This is evidenced for each topic at issue in
the chart attached hereto (Ex. 1).

Indeed, Plaintiff has already offered a solution that Sunoco has endorsed:  taking fact
witness deposition testimony instead of duplicative Rule 30(b)(6) testimony.  In a letter to
defense liaison counsel that had been ordered by the Court to narrow the universe of
approximately 120 deposition notices that Plaintiff had served in the final 24 hours prior to the
deadline, Plaintiff represented that the issues in the Sunoco Rule 30(b)(6) notices could be
addressed by former employee fact witnesses instead.  *See* Letter from N. Short to S. Riccardulli
(Oct. 17, 2013), Ex. 9 hereto, at 3 ("Plaintiffs will depose [former PRSOC employees] Augustin
Lledo, Stephen R. Walker, Jose Ferrer and Juan Lopez as well as the Sunoco defendants' Rule
30(b)(6) witness. However, this Rule 30(b)(6) deposition could potentially be addressed by
Lopez or Ferrer individually.") (emphasis added).  Sunoco has attempted to work with Plaintiff
to implement this proposal, but Plaintiff has since renounced it.  *See* Exs. 5 - 8.

[2] To the extent Plaintiff believes it did not obtain relevant testimony from the Rule 30(b)(6)
deposition that has already concluded, given the breadth of the July 9 notice, it is clear that
Plaintiff certainly could have obtained such testimony had it asked the pertinent questions. *See*
Ex. 1. Moreover, to the extent Plaintiff believes Sunoco's Rule 30(b)(6) designee was unable to
answer any of the questions posed, that would almost certainly be the case with any subsequent
Rule 30(b)(6) deponent because PRSOC has not had any employees or operations in more than
12 years, since selling the Yabucoa facility in 2001.  Accordingly, any Rule 30(b)(6) witness
would be limited to a review of the available documents, which was what Mr. Comas used to
prepare for the October 16-17 deposition.

BEVERIDGE & DIAMOND pc

Special Master Kenneth E. Warner
November 7, 2013
Page 4

In addition, Judge Scheindlin has already issued pertinent guidance on related issues. On October 22 and 23, 2013, the Court held a telephonic hearing regarding the many issues raised by the 120-plus deposition notices served by Plaintiff at the eleventh hour. Perhaps most relevant was the guidance she gave to Chevron Puerto Rico, LLC regarding the deposition notice Plaintiff served on it dated September 13, 2013, which is virtually identical to the September 13 notice Plaintiff served on PRSOC. Chevron objected because the 10 topics in that notice were duplicative of the topics for which Chevron had already produced a Rule 30(b)(6) witness, and because Plaintiff either did or could have asked Chevron's Rule 30(b)(6) designee the questions set forth in that notice during the deposition Chevron had already given. *See* Ex. 10 (Letter from S. Riccardulli to Hon. S. Scheindlin, Oct. 18, 2013) at 3. Judge Scheindlin agreed with Chevron, stating:

> [THE COURT:] My view of that one is if plaintiff had the opportunity to ask the ten questions and didn't, they probably ran out of time. That doesn't give them a right to do this deposition again. They are limited to written questions.
>
> Plaintiffs, if you want to get those ten questions answered that you could have asked then, you can take a deposition on written questions. Just ask the ten questions in writing and you will get a written answer. That's it.

Oct. 22, 2013 Hearing Tr. (Ex. 11) at 26:12-19. The result should be no different here with respect to both the September 13 and October 11 notices because of their substantial overlap with the July 9 notice for which Sunoco provided testimony. Indeed, as set forth in the attached chart (Ex. 1), the argument is at least as compelling here and if Plaintiff is entitled to any further discovery on these topics, it should be given in the most efficient format (e.g., declaration or deposition on written questions).[3]

The Court did give a preliminary view of the dispute between Plaintiff and Sunoco, although the Court did not have the relevant Rule 30(b)(6) notices before it and its guidance was based on inaccurate statements by Plaintiff's counsel during the hearing. The Court began by stating, given that a Sunoco witness had testified for two days, "I don't understand why there are

---

[3] Likewise, where Defendant Lyondell identified duplicative prior 30(b)(6) testimony, the court ordered Plaintiff to accept a declaration first. Oct. 23 Tr. (Ex. 12) at 23:4-12 ("[P]roduce a declaration as you just offered ... . [If Plaintiffs] still wish to pursue further discovery you can object and I can hash out why they should be permitted or not permitted.") Further, with respect to another Chevron entity that had no pertinent knowledge or for which the designated issues were not applicable (as is the case for several of the remaining issues directed to Sunoco; *see* Ex. 1), the judge directed Plaintiff to accept a short declaration. Oct. 22 Tr. (Ex. 11) at 23:1-4 ("If you want a one-paragraph declaration from Chevron Estella saying what I just said, that's fine, but I don't need to convene a deposition to have somebody say that in one and a half minutes.").

BEVERIDGE & DIAMOND℠

Special Master Kenneth E. Warner
November 7, 2013
Page 5

second and third rounds of 30(b)(6) here." Oct. 23 Tr. (Ex. 12) at 13:10. Plaintiff's counsel
represented to the Court that Plaintiff needed to take further Rule 30(b)(6) testimony regarding
PRSOC's operations relating to the production of reformate (a petroleum product that can be
used to make gasoline) at the Yabucoa facility, and what Peerless Oil & Chemical Company did
at its facility to blend components into PRSOC's reformate to create finished gasoline.

The reasons Plaintiff's counsel gave for needing additional 30(b)(6) testimony, however,
were inaccurate. Specifically, Plaintiff represented:

- That Sunoco had produced "a [reme]diation person ... [who] admitted he didn't
  know how [PRSOC] manufactured reformate." Oct. 23 Tr. (Ex. 12) at 13:13-14,
  13:24-25. The deponent, however, was an environmental engineer, not a
  remediation person, and was knowledgeable about the manufacture of reformate
  and the operations of the Yabucoa facility. *See* Transcript of L. Comas
  deposition ("L. Comas Tr.") (Ex. 1A) at 46:6-24, 47:6-19.

- "[W]hen I took this witnesses's [sic] deposition last week, he admitted he didn't
  know how they manufactured reformate." Oct. 23 Tr. (Ex. 12) at 13:24-25. Mr.
  Comas testified about various aspects of PRSOC's reformer and the reformate it
  produced at the facility, (Ex. 1A) at 148:17-149:13, 192:5-193:16, and could
  have explained these issues in more detail had he been asked additional
  questions. Sunoco asked Plaintiff to identify the alleged "admission" referenced
  during the Court hearing but Plaintiff has been unable to do so. *See* Exs. 5-8.

- "... [N]or did he know anything and had not read any documents on how the
  gasoline is blended by Peerless." Oct. 23 Tr. (Ex. 12) at 14:1-3. This
  information, however, is within the custody or control of Peerless, not Sunoco,
  and therefore would not be addressed by an additional Rule 30(b)(6) deposition
  of Sunoco. *See id.* at 15:12-14.

- "We asked about the actual manufacturing of the gasoline at Yabucoa ... ." Oct.
  23 Tr. (Ex. 12) at 15:8-9. As Plaintiff should know by now, no gasoline was
  manufactured at Yabucoa when the facility was owned by PRSOC. (Ex. 1A at
  46:19-24). Mr. Comas answered the questions that were asked of him regarding
  reformate produced at the facility, and explained the process by which the
  reformate was transferred to the Peerless facility so that Peerless could add
  blending components and create finished gasoline. *Id.* at 46:19-48:2.

In short, it should not be surprising that Judge Scheindlin commented, after a very brief
colloquy based on the inaccurate and incomplete record before her, that "trying a declaration first
[i]s an idea but not as attractive here ... ." Oct. 23 Tr. (Ex. 12) at 16:6-7. She further noted that

BEVERIDGE & DIAMOND PC

Special Master Kenneth E. Warner
November 7, 2013
Page 6

if the parties could not resolve their differences, "you have to really get quickly before the Court or the special master and I think really the special [m]aster." *Id.* at 16:23-25.

In summary, the September 13 and October 11 Rule 30(b)(6) deposition notices call for testimony that would be unreasonably duplicative of the designated issues covered and testimony given by Sunoco on October 16-17. *See* Ex. 1. Sunoco is willing to produce additional documents and help facilitate the appearance of former employees for fact depositions. Any non-duplicative Rule 30(b)(6) topics, however, could be addressed much more efficiently via declaration or deposition on written questions. Indeed, Plaintiff itself acknowledged earlier that the issues could potentially be addressed by fact witness testimony. Given the burden that would be involved in preparing a corporate designee and the limited benefit that would be gained from such a deposition, Sunoco respectfully requests the entry of a protective order obviating the need for the redundant discovery sought by Plaintiff.

Respectfully submitted,

Daniel M. Krainin

DMK:vvs

Enclosures