# EXHIBIT F



54161565
Sep 13 2013
05:09PM

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| IN RE: METHYL TERTIARY BUTYL ETHER ("MTBE") PRODUCTS M21-88 LIABILITY LITIGATION | Master File No.    1:00-1898 MDL    1358 (SAS) |

**Master File No.    1:00-1898**
**MDL    1358 (SAS)**

**PLAINTIFFS' NOTICE OF 30(b)(6) DEPOSITION OF DEFENDANT PUERTO RICO SUN OIL COMPANY, LLC WITH PRODUCTION OF DOCUMENTS & VIDEOTAPING**

This document relates to:

*Commonwealth of Puerto Rico, et al.*
*v.*
*Shell Oil Co., et al.,*
*Case No. 07-CIV-10470 (SAS)*

**TO ALL PARTIES AND THEIR ATTORNEY(S) OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs the Commonwealth of Puerto Rico and the Commonwealth of Puerto Rico through the Environmental Quality Board (collectively, "Plaintiffs" or "Commonwealth") will take the oral deposition of Defendant PUERTO RICO SUN OIL COMPANY, LLC on designated issues set forth below, on October 4, 2013, at 9:00 a.m. The depositions will be conducted at Departamento de Justicia, Calle Olimpo, Esq. Axtmayer, Pda. 11 Miramar, San Juan, Puerto Rico. The deposition will continue from day to day, weekends and holidays excepted, until completed.

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendant shall designate and produce at the deposition those of its officers, directors, managing agents, employees, or agents who are most qualified to testify on its behalf as to those matters set forth in this Notice under the heading "Designated Issues" to the extent any information known or reasonably available to Defendant. Pursuant to the Case Management Order Protocol Governing Rule 30(b)(6) Depositions dated December 6, 2012, Defendant shall, not later than seven (7)

business days prior to the deposition, provide Plaintiffs (1) the names and titles of the persons

designated to give testimony; (2) the areas in which each designated person will give testimony;

(3) all documents reviewed by the witness(es) in preparation for the deposition; and (4) all

documents described in the section of this notice entitled "Request for Production of

Documents."

The deposition will be recorded stenographically and on videotape.  This deposition may

be used as evidence at trial.

## DEFINITIONS

1.      All definitions contained in Local Rule 26.3 of the United States District Court for

the Southern District of New York are incorporated herein by reference.  You may review these

Rules at http://www.nysd.uscourts.gov/rules/rules.pdf.

2.      These requests concern all information within YOUR care, custody or control,

including information any officer, director, general partner, limited partner, joint venturer, agent,

servant, employee, or attorney of the Defendant possesses; information in the possession of any

other person acting on the Defendant's behalf or otherwise subject to the Defendant's control;

and, any information in the possession of any merged, consolidated, or acquired predecessor,

successor, parent, subsidiary, division or affiliate of the Defendant.

3.      If the Defendant lacks information to respond to a particular request, in whole or

in part, the defendant shall state of identify: (1) the currently available information; (2) any

currently unavailable information; (3) the efforts the Defendant has taken, or will take, to obtain

this information; and, (4) when the Defendant expects to obtain this information.  Further, if the

Defendant believes any other individual or entity may have information that responds to a

specific request, in whole or in part, the Defendant shall provide the individual or entity's (1)

name, address and telephone number, and (2) a brief description of the information that the Defendant believes the entity or individual possesses.

4.     If the Defendant no longer possesses any DOCUMENT that the Plaintiffs request, the Defendant shall identify the DOCUMENT, and indicate: (1) what was done with the DOCUMENT; (2) the name, address and telephone number of each individual responsible for, or otherwise involved with, transferring or disposing of the DOCUMENT; (3) the reason(s) the DOCUMENT was disposed of or transferred; and, (4) the name, address and telephone number of the DOCUMENT'S custodian, if known.

5.     If the Defendant believes that any information that the Plaintiffs request is privileged and/or protected, in whole or in part, the Defendant shall state or provide the following:  (1) the DOCUMENT's title; (2) the DOCUMENT type (e.g., memorandum, correspondence, report, etc.); (3) the name, address and telephone number of each author or signatory; (4) the name, address and telephone number of each recipient; (5) the date the DOCUMENT was prepared; (6) the privilege(s) and/or protection(s) the Defendant is asserting; (7) the factual bases for the Defendant asserting the privilege(s) and/or protection(s); and (8) a summary of the information that the Defendant is not producing to enable a court of competent jurisdiction to rule whether the information is privileged and/or protected.

6.     If the Defendant deletes (i.e., redacts) anything from a DOCUMENT it produces in response to these interrogatories, the Defendant shall state or provide the following:  (1) a summary of the deleted information; (2) the reason(s) for deleting the information and (3) the name, address and telephone number of each person responsible for, or otherwise involved with, deleting the information.

-3-

7.     To the extent a Defendant intends to respond to a request by relying on the information previously provided, the Defendant will identify the Bates Number for the DOCUMENTS where Defendant believes the information is located.

8.     When producing electronically stored information and electronic data (collectively referred to as "ESI") in response to these requests, submit ESI in the manner described by CMO No. 102. Hardcopy document production in response to these requests must also be submitted in the manner described by CMO No. 102.

9.     All electronic data and scanned hardcopy documents should be produced on CD or DVD. If the size of the production exceeds two DVDs, the Plaintiffs request that the data be produced on a USB external hard drive. All media should be labeled with the case name, date of production, Bates Number range, and producing Defendant(s).

10.     Whenever these requests use any word in the masculine, the Defendant shall understand the word to include the feminine as necessary to make the request inclusive rather than exclusive. Further, whenever these requests use any word in the feminine, the Defendant shall understand the word to include the masculine as necessary to make the request inclusive rather than exclusive.

11.     The use of the singular form of any word includes the plural and vice versa.

12.     Verbs written in the present tense shall also be taken to mean and include the past. Verbs written in the past tense shall also be taken to mean and include the present.

13.     These requests are limited to the RELEVANT TIME PERIOD.

14.     "AND/OR" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

-4-

15.     "COMMUNICATE" "COMMUNICATED" or "COMMUNICATION" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

16.     "CONCERNING" means relating to, referring to, describing, evidencing or constituting.

17.     "DATE" or "DATES" means the exact day(s), month(s), and year(s), if ascertainable, or if not, a description of the temporal relationship of the occurrence for which the date is sought to the closest dates which are ascertainable.

18.     "DOCUMENT" or "DOCUMENTS" as defined in the Local Rules is synonymous in meaning and equal in scope to the usage of this term in Rule 34(a) of the Federal Rules of Civil Procedure, and includes but is not limited to any and all manner of electronic, computerized, written typed, printed, reproduced, filmed or recorded material and data, and all photographs, pictures, plans, drawings, and/or other representations of any kind of anything pertaining, describing, or concerning, directly or indirectly, in whole or in part, the subject matter of each designated issue and request. DOCUMENT(S) includes, without limitation:

(a) papers, books, journals, handbooks, manuals, ledgers, statements, memoranda, reports, invoices, worksheets, workpapers, notes, transcription of notes, letters, correspondence, abstracts, diagrams, plans, blueprints, specifications, pictures, drawings, films, photographs, graphic representations, diaries, calendars, desk calendars, lists, logs, publications, advertisements, instructions, minutes, orders, messages, resumes, summaries, agreements, contracts, telegrams, telexes, cables, recordings, electronic mail, audio tapes, transcriptions, of tapes or recordings, or any other writings or tangible things in which any forms of communication are recorded or reproduced, as well as all notations on the foregoing;

(b)  original and all other copies not absolutely identical; and,

(c)  all drafts and notes (whether typed or handwritten or otherwise) made or prepared in connection with each such document, whether used or not, which are subject to YOUR possession, custody, or control.

19.    "GASOLINE" means any gasoline or component of gasoline, including but not limited to methyl tertiary butyl ether ("MTBE"), ethyl benzene, toluene, xylenes (collectively, "BTEX"), tetr-butyl alcohol ("TBA") and/or tert-amyl methyl ether ("TAME").

20.    "GASOLINE CONTAINING MTBE" or "MTBE GASOLINE" means GASOLINE in which MTBE is added as an octane booster, oxygenate, additive, or for any other purpose.

21.    "MTBE" means the gasoline additive known as methyl tertiary butyl ether and also refers to the degradation byproducts of, and contaminants in, commercial grade MTBE, including but not limited to tertiary butyl alcohol ("TBA").

22.    "RELEVANT TIME PERIOD" means the period from January 1, 1979, to the present. Unless otherwise specified, all requests seek information for each year of the relevant time period.

23.    "USTs" means any underground storage tank storing GASOLINE.

24.    "YOU" or "YOUR" means responding defendant, and any of its affiliates, subsidiaries, predecessors, agents, or employees.

25.    "YOUR SUPPLIER" means the person, firm, business, and/or corporation which refined, sold and/or delivered gasoline supplied to you in Puerto Rico during the RELEVANT TIME PERIOD, including but not limited to:

(a)    SUNOCO INC.;

-6-

(b)     SUNOCO INC. (R&M);

**NOTICE IS FURTHER GIVEN** that the deponent(s) and their counsel will be deposed concerning the following issues:

### DESIGNATED ISSUES

1.     On what DATE did YOU first learn that MTBE had contaminated any drinking water well?

2.     On what DATE did YOU first learn that MTBE is soluble in water?

3.     On what DATE did YOU first learn that MTBE is mobile in water?

4.     On what DATE did YOU first learn that MTBE is persistent in water?

5.     On what DATE YOU first learn that MTBE is not biodegradable?

6.     Did YOUR SUPPLIER ever COMMUNICATE to YOU, during the RELEVANT TIME PERIOD, that MTBE could contaminate drinking water wells?

7.     Did YOUR SUPPLIER ever COMMUNICATE to YOU that GASOLINE CONTAINING MTBE needed to be handled differently from gasoline not containing MTBE because of the potential for groundwater contamination?

8.     Did YOUR SUPPLIER ever COMMUNICATE to YOU that:

    a)     MTBE is soluble in water;

    b)     MTBE is mobile in water;

    c)     MTBE is persistent in water;

    d)     MTBE is not biodegradable.

9.      Did YOUR SUPPLIER ever provide YOU with the information in William H.
Douthit's Memorandum dated May 14, 1987, attached hereto as Exhibit "A," or supply you with
a copy of Exhibit A.

10.     Did YOUR SUPPLIER ever advise YOU that it would be appropriate to upgrade
or replace UST's and gasoline dispensers and associated piping and connections at any of YOUR
stations in the Commonwealth to prevent (and/or reduce the likelihood of) releases of gasoline
containing MTBE.

## REQUEST FOR PRODUCTION OF DOCUMENTS

**NOTICE IS FURTHER GIVEN** that Defendant is required by Rule 34 of the Federal
Rules of Civil Procedure and the Case Management Order Protocol Governing Rule 30(b)(6)
Depositions dated December 6, 2012 to produce at least seven (7) business days prior to the
commencement of the deposition documents responsive to the topics listed below to the extent
Defendant has already produced responsive documents and does not have any additional or
supplemental information, it is not necessary to reproduce such documents in conjunction with
the deposition.

1.      Produce all DOCUMENTS in YOUR possession or control indicating that MTBE
        can contaminate drinking water wells.

2.      Produce all DOCUMENTS in YOUR possession or control CONCERNING
        YOUR learning that MTBE is soluble in water.

3.      Produce all DOCUMENTS in YOUR possession or control CONCERNING your
        learning that MTBE is mobile in water.

4.    Produce all DOCUMENTS in YOUR possession or control CONCERNING your

learning that MTBE is persistent in water.

5.    Produce all DOCUMENTS in YOUR possession or control CONCERNING that

MTBE is not biodegradable.

6.    Produce all DOCUMENTS in YOUR possession or control where YOUR

SUPPLIER COMMUNICATED to YOU that MTBE could contaminate drinking

water wells.


MILLER, AXLINE & SAWYER
Attorneys for Plaintiffs

Dated: September 12, 2013

Duane C. Miller
Michael Axline, Esq.
Miller, Axline & Sawyer
1050 Fulton Avenue, Suite 100
Sacramento, CA  95825-4225


Carlos A. Del Valle Cruz, Esq.
Legal Counsel
Puerto Rico Department of Justice
Olimpo Street, Pda. 11
San Juan, Puerto Rico 00907

John K. Dema, Esq.
Law Offices of John K. Dema, P.C.
1236 Strand Street, Suite 103
Christiansted, St. Croix
U.S. Virgin Islands  00820-5008

Orlando H, Martinez, Esq.
Orlando H, Martinez Law Offices
Centra de Seguros, Suite 413
701 Ponce de Leon Avenue
San Juan, Puerto Rico  00907

William J. Jackson Esq.
John D.S. Gilmour, Esq.
Jackson Gilmour & Dobbs, P.C.
3900 Essex, Suite 700
Houston, TX  77027