# EXHIBIT H

1

```
      DANFMTBC
 1
 2    UNITED STATES DISTRICT COURT
 2    SOUTHERN DISTRICT OF NEW YORK
 3    ----------------------------x
 3
 4    In Re: METHYL TERTIARY BUTYL          00 MDL 1358 (SAS)
 4           ETHER ("MTBE") PRODUCTS        00 CV  1898 (SAS)
 5           LIABILITY LITIGATION
 5                                          Telephone Conference
 6    ----------------------------x
 6
 7                                          New York, N.Y.
 7                                          October 23, 2013
 8                                          2:30 p.m.
 8
 9    Before:
 9
10              HON. SHIRA A. SCHEINDLIN
10
11                                          District Judge
11
12              APPEARANCES
12
13    MILLER AXLINE & SAWYER
13         Attorneys for Plaintiffs
14    BY:  TRACEY L. O'REILLY
14
15    JACKSON, GILMOUR & DOBBS
15         Attorneys for Plaintiffs
16    BY:  JOHN D.S. GILMOUR
16         NATHAN SHORT
17
17    McDERMOTT WILL & EMERY LLP
18         Attorneys for ExxonMobil
18    BY:  STEPHEN J. RICCARDULLI
19
19
20    SEPULVADO & MALDONADO, PSC
20         Attorneys for Total Petroleum Puerto Rico
21    BY:  ELAINE M. MALDONADO-MATIAS
21
22
23
24
25
                  SOUTHERN DISTRICT REPORTERS, P.C.
                          (212) 805-0300
```

13
DANFMTBC
1   completed some individuals.  So I would suggest that we could
2   leave this open.  We're not pressing it at this time until the
3   meet and confer.
4               THE COURT:  All right.  The next one in my notes is
5   Sunoco.  There were two 30(b)(6) notices on October 11 and on
6   September 13th and Sunoco says anyway they're duplicative of
7   the July 9 notice and that Sunoco gave testimony October 16 and
8   17 in response to the July 9 notice.  What more are you
9   seeking? People sit for two days and answer your questions.  I
10  don't understand why there are second and third rounds of
11  30(b)(6) here.
12              MS. O'REILLY:  Your Honor, let me, first of all, the
13  witness that they produced was a radiation person who testified
14  on gasoline supply issues and submitted multiple times that he
15  didn't know anything beyond the documents he'd actually read
16  and wasn't able to answer some questions.  The September 13th
17  notice is the one I read you, your Honor, about when did you
18  first learn about MTBE.
19              THE COURT:  Okay, all right.
20              MS. O'REILLY:  It's a different notice.  That is a
21  different subject matter.
22              THE COURT:  Right.
23              MS. O'REILLY:  On the October 11 notice when I took
24  this witnesses's deposition last week he admitted that he
25  didn't know how they manufactured reformate, which was then
                    SOUTHERN DISTRICT REPORTERS, P.C.
                          (212) 805-0300

14

DANFMTBC

1  sent to Peerless and blended into finished gasoline, nor did he
2  know anything and had not read any documents on how the
3  gasoline is blended by Peerless.  This is the first time when
4  we took that deposition that we learned how Puerto Rico Sun Oil
5  actually manufactured gasoline in Puerto Rico.  So the
6  October 11 notice is very narrow to get into that manufacturing
7  process.  That was not part of the prior notice.  This witness
8  didn't know the answer.
9          THE COURT:  Mr. Krainin, do you understand --
10          MR. KRAININ:  Yes, your Honor.  I'd be happy to
11  address this.  We certainly believe that the issues overlap
12  substantially.  There's a great deal of duplication in these
13  notices.  The witnesses, just so your Honor understands, the
14  entity, the Sunoco entity that was involved in gasoline sales
15  in Puerto Rico, no longer exists.  Puerto Rico Sun Oil Company
16  had ceased operations in 2001.  So in essence the Sunoco
17  defendants through a 30(b)(6) notice are limited to what the
18  documents indicate.  So we did have a witness who was an
19  environmental engineer involved in many activities, worked in
20  the Puerto Rico facility in Yabucoa for many years, knew a lot
21  about it, but in many respects any witnesses's knowledge we
22  might put up is limited.  We've offered a declaration in lieu
23  of preparing yet another 30(b)(6) proponent to talk about the
24  same issues in the same way so that would be my recommendation
25  as to how to resolve this.

DANFMTBC

```
 1              THE COURT:  I think there were subjects that
 2   Ms. O'Reilly mentioned that the witness really had no knowledge
 3   of.  She is entitled to get responses on those, particularly
 4   I've already commented on knowledge, when did a defendant have
 5   knowledge and of what.  But there was something else you said
 6   Ms. O'Reilly, it's already slipped my mind.  There was a topic
 7   you said was new.
 8              MS. O'REILLY:  We asked about the actual manufacturing
 9   of the gasoline at Yabucoa and at Peerless.  That was not part
10   of this witnesses's knowledges.  I tried to at least cover it
11   in the deposition.  The witness admitted he did not know.
12              MR. KRAININ:  Your Honor, if I may respond.  I don't
13   believe that Sunoco could put up any witness to testify as to
14   what happened at Peerless.  What Ms. O'Reilly is alluding to
15   and what the witness the last week testified to is that Sunoco
16   had its Yabucoa facility in Puerto Rico manufacture or refine
17   reformate and shipped that reformate product to Peerless, a
18   separate facility in Puerto Rico where Peerless stripped out
19   benzene and added components and transferred the product back
20   to Sunoco for sales to the Peerless facility as completed
21   gasoline.  So the facility that completed the manufacture and
22   manufactured finished gasoline on behalf of Sunoco was
23   Peerless.
24              THE COURT:  If Sunoco has no knowledge of what
25   happened during the Peerless process, sobeit, but it would have
                      SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
```

16

DANFMTBC

1    knowledge of what it accomplished on its own before it went to
2    Peerless and then when it returned back from Peerless what
3    happened.  So if this witness isn't able to answer those
4    questions or the notice/knowledge questions then I do think
5    these two topics are appropriate for further deposition.
6    Again, trying a declaration first as an idea but not as
7    attractive here as when I said they should try that with Sol,
8    because here I think they need to talk about a process that
9    went from this Yabucoa facility to Peerless and back.  So I
10   think a deposition that's not repetitive.
11            Now, look, Ms. O'Reilly, obviously if you're going to
12   sit and ask the identical questions you already asked you're
13   wasting everybody's time, but why would you waste your own
14   time?  I trust you don't intend to do that.
15            Next is the request that document requests 1 through 8
16   is beyond the scope of the CMO of September 30.  The last time
17   I raised that with a different defendant they said, you said
18   probably, Ms. O'Reilly that was ripe for meet and confer.  You
19   think that's true here, too?
20            MS. O'REILLY:  Yes, your Honor.
21            THE COURT:  So I won't have anything more to say about
22   document request 1 through 8 whether it's beyond asked scope of
23   September 30 but if you don't resolve it you have to really get
24   quickly before the Court or the special master and I think
25   really the special plaster.
                    SOUTHERN DISTRICT REPORTERS, P.C.
                            (212) 805-0300