# EXHIBIT I





Daniel M. Krainin
15th Floor
477 Madison Avenue
New York, NY 10022-5802
Direct:(212) 702-5417
Fax:(212) 702-5450
dkrainin@bdlaw.com

October 25, 2013

**VIA E-MAIL AND LNFS**

Tracey O'Reilly, Esq.
Miller, Axline & Sawyer, P.C.
1050 Fulton Ave., Suite 100
Sacramento, CA 95825-4225

> Re:   *Commonwealth of Puerto Rico v. Shell Oil Co., et al.*
> Plaintiff's Discovery Requests to Sunoco

Dear Ms. O'Reilly:

This letter provides a preliminary response to your letter dated October 24, 2013 regarding certain discovery requests served by Plaintiff Commonwealth of Puerto Rico on Defendants Sunoco, Inc., Sunoco, Inc. (R&M) and Puerto Rico Sun Oil Company (collectively "Sunoco"). Sunoco is prepared to provide certain additional discovery responses, including documents and deposition testimony, provided Plaintiff is willing to reach a reasonable compromise regarding the scope of any remaining Rule 30(b)(6) issues that obviates the need for duplicative, irrelevant or unduly burdensome topics or testimony.

As a preliminary matter, we disagree that Judge Scheindlin's telephonic hearing resulted in any "ruling" that would permit the Plaintiff to proceed with all pending Rule 30(b)(6) topics as to Sunoco. The judge made clear that she had not reviewed the deposition notices at issue and could only "give guidance on the broader issues and then refer what is left to the special master … ." October 22, 2013 Telephone Conference Transcript ("Tr.") at 8:19-21. The judge also noted that Sunoco had already produced a corporate designee "for two days and answer[ed] your questions. I don't understand why there are second and third rounds of 30(b)(6) here." Oct. 23 Tr. at 13:9-11.

Other guidance that Judge Scheindlin did provide specific to Sunoco was based on your misstatements. Sunoco is compelled to correct the record. Specifically, you represented the following to the Court:

BEVERIDGE & DIAMOND℠

Tracey O'Reilly, Esq.
October 25, 2013
Page 2

- "[T]he witness that [Sunoco] produced was a [reme]diation person."  Oct. 23 Tr. at 13:13-14.  In fact, Mr. Comas is an environmental engineer who provided technical support for operations at the Yabucoa facility; he was not involved with remediation. He is knowledgeable about the manufacture of reformate at Yabucoa and the operations of the Yabucoa facility while it was owned by Puerto Rico Sun Oil Company ("PRSOC"), as was clear from both his resume and his deposition testimony.

- "[W]hen I took this witnesses's [sic] deposition last week, he admitted he didn't know how they manufactured reformate." *Id.* at 13:24-25.  We have reviewed the transcript and, although Mr. Comas testified about various aspects of the reformer and the reformate produced at the facility, we do not see any instance in which you asked Mr. Comas how reformate was manufactured at the facility, let alone any such "admission" on his part.  Please direct us to the portion of the transcript in which you believe you asked such questions and obtained such an "admission."

- "… [N]or did he know anything and had not read any documents on how the gasoline is blended by Peerless." *Id.* at 14:1-3.  As I noted on the record, this information is within the custody or control of Peerless, not Sunoco.  *See id.* at 15:12-14.

- "We asked about the actual manufacturing of the gasoline at Yabucoa … ." *Id.* at 15:8-9.  As Plaintiff should know by now, no gasoline was manufactured at Yabucoa when the facility was owned by PRSOC.  Mr. Comas answered the questions that were asked of him regarding reformate produced at the facility.

Given that PROSC (i) shut down its reformer no later than January 1997, (ii) ceased all operations in 2001, and (iii) did not process the reformate that was manufactured at the Yabucoa facility into gasoline or add blending components to it, Sunoco is not able to produce a witness more knowledgeable than Mr. Comas on the issues Plaintiff identified during the hearing. Moreover, as Mr. Comas made clear in his deposition, PRSOC's manufacture of reformate did not involve MTBE, nor did PRSOC store or use MTBE at the Yabucoa facility.  *See* L. Comas Deposition, Rough Transcript at 180:24-181:6; 72:15-73:24.  Accordingly, a Rule 30(b)(6) deposition regarding the manufacture of reformate would be no more relevant to this litigation than a deposition regarding the extraction of crude oil or the construction of a refinery.  In short, Sunoco continues to object to the production of a Rule 30(b)(6) witness on issues that are either irrelevant to this case or duplicative of topics already addressed in two days of deposition testimony.

Moreover, a Rule 30(b)(6) deposition on the topics set forth in the pending notices would be a waste of time and resources for all concerned because, as should be clear from the record to date, the answer to nearly every designated issue is "no," "none" or "not applicable."  More

BEVERIDGE & DIAMOND℠

Tracey O'Reilly, Esq.
October 25, 2013
Page 3

specifically, with respect to the October 11th notice, those answers would apply to Designated Issues 1-11, 14-16, 19, and 20-22. With respect to the September 13th notice, the answers would be similarly in the negative, as should be clear from Mr. Comas's testimony that PRSOC did not use or store MTBE at the Yabucoa facility, and that Sunoco, Inc. and Sunoco, Inc. (R&M) did not supply PRSOC with gasoline containing MTBE. L. Comas Tr. at 72:15-73:24 & Exs. 2-3 to same.

Nevertheless, Sunoco is willing to provide certain information to the Plaintiff provided the parties can reach a mutually agreeable compromise. Specifically, and without waiving any objections to relevance, responsiveness or overbreadth, as part of a larger compromise, Sunoco is prepared to produce the documents referenced in your letter in electronic format once they have been reviewed for privilege. We anticipate this production could be substantially complete by the end of the week of November 4th, and the balance of the production could be completed shortly thereafter.

In addition, Sunoco has attempted to locate the four fact witnesses that Plaintiff indicated it wishes to depose. All of these individuals are former employees of one or more Sunoco entities, so Sunoco is not in a position to compel their appearance for deposition. Having said that, the status of our efforts to locate and make these witnesses available is as follows:

1.      Agustin Lledo: We understand that Mr. Lledo is currently employed by Peerless Oil & Chemical Co. We are working through counsel for Peerless to determine dates on which Mr. Lledo may be available for deposition.

2.      Juan Lopez: We understand that Mr. Lopez is now a contractor who works for one or more of the Shell companies. We are working through counsel for Shell to determine dates on which Mr. Lopez may be available for deposition.

3.      Stephen R. Walker: Mr. Walker believes he has very little knowledge or information relevant to this matter. Also, he will be out of the country from mid-November through mid-December. If Plaintiff continues to wish to seek his deposition notwithstanding the foregoing, please let us know and we will attempt to determine if he will appear voluntarily or will require a subpoena. He currently resides in Savannah, Georgia and therefore if he is to be deposed it presumably would need to take place there.

4.      Jose Ferrer: We have attempted to contact Mr. Ferrer but have not yet received a response from him. His last known address is: Bo. Camino Nuevo, HC #1 Box 4306, Yabucoa, PR 00767.[1]

_____

[1] Sunoco objects to Plaintiff engaging in any substantive communications with any former Sunoco employee. Please assume, for any upcoming deposition or communications relating to

BEVERIDGE & DIAMOND<sub>PC</sub>

Tracey O'Reilly, Esq.
October 25, 2013
Page 4

    In light of the foregoing, please contact me at your earliest convenience to discuss
whether we may reach a mutually agreeable resolution of these issues. At this point, we believe
a telephone conversation, as opposed to a continued exchange of letters, would be more
productive.

                                        Sincerely,

                                        Daniel M. Krainin

DMK:vvs

cc: Counsel of Record (via LNFS)

_____

Sunoco, that this Firm does or will represent any former Sunoco employee who Plaintiff wishes
to depose. Accordingly, please direct all substantive communications to them through counsel.