# EXHIBIT L

DM_US 35481469-1.T13305.0010



270 Muñoz Rivera Avenue
San Juan, Puerto Rico 00918

PO Box 364225
San Juan, Puerto Rico 00936

T 787.759.9292
D 787.250.2619

Juan A. Marqués Díaz
Capital Member
jam@mcvpr.com

November 8, 2013

**BY ELECTRONIC MAIL AND EXPRESS DELIVERY**

Special Master Kenneth E. Warner
Warner Partners
950 Third Avenue, 32nd Floor
New York, New York 10022

Re: *Commonwealth of Puerto Rico, et al. v. Shell Oil Co., et al.*, No. 07 Civ. 10470
*Sol Puerto Rico Limited's Motion for Protective Order related to Various Notices of Deposition*

Dear Special Master Warner:

Sol Puerto Rico Limited ("Sol") writes to seek your intervention, in the form of a protective order, regarding various notices of depositions which the Plaintiffs have served on Sol. Plaintiffs in this case have now served a total of three 30(b)(6) Deposition Notices upon Sol, in addition to deposition notices for seven fact witnesses associated with Sol. Having completed three days of 30(b)(6) testimony back in August 2013, in addition to the depositions of 2 former employees and a former operator of the trial site associated with Sol, Plaintiffs insist on imposing unreasonable burdens upon Sol by forcing Sol to produce two additional 30(b)(6) witnesses to purportedly testify on topics which could and should have been covered during the 3-day deposition already taken, as well as to impose an unreasonable burden on Sol to produce three percipient witnesses who have not been associated with Sol for years and over which Sol has no control. In addition, Plaintiffs insist that Sol must somehow produce another individual, even when the notices prepared by Plaintiffs do not relate that individual to Sol, but rather to other defendants in this action. Despite clear guidance provided by U.S. District Judge Shira Scheindlin during a telephone hearing held on October 22 and 23, 2013, to discuss such matters, Plaintiffs insist on pushing forward with such discovery. Sol has met and conferred with Plaintiffs' counsel regarding these issues to no avail. In

**Letter to Special Master Kenneth E. Warner | Page 2 | November 8, 2013**

accordance with Judge's Scheindlin's direction to refer these disputes to you as the Special Master,[1] Sol submits this request for a protective order.

### I. 30(b)(6) Deposition Notice Regarding Early Knowledge of MTBE

On September 12, 2013, Plaintiffs issued a Notice of 30(b)(6) Deposition directed to Sol, where they noticed six very specific questions on which they purport to depose a corporate representative. A copy of the Notice is included as **Exhibit 1**. The six questions relate to the date when Sol first learned or was informed by its supplier of certain alleged characteristics of MTBE. On October 9, 2013, counsel for Sol sent Ms. Tracey O'Reilly, counsel for the Plaintiffs, an email objecting to the questions posed in the deposition notice, since such questions could and should have been posed in a three-day 30(b)(6) deposition of Sol which Plaintiffs took in August 2013. A copy of the email is included as **Exhibit 2**. Nevertheless, Sol proffered to the Plaintiffs that Sol has already produced to the Plaintiffs all documents in its records related to MTBE, and that Sol currently has no employees who can respond to such questions beyond what is stated in such documents. Sol further offered to Plaintiffs a sworn declaration providing a response to such questions based on its records. Given the lack of witnesses who would have direct knowledge and could testify on the noticed questions, the declaration would be more efficient than having a witness be deposed on documents he is most likely unfamiliar with. Plaintiffs did not respond to Sol's proposal.

On October 23, 2013, Judge Scheindlin held a telephone conference with the parties, to discuss multiple outstanding deposition notices, including this early knowledge deposition notice to Sol. During such conference, Judge Scheindlin offered the parties guidance for their discussions. As to this specific notice, Judge Scheindlin strongly urged the Plaintiffs to consider the declaration (which was Sol's suggested approach to Plaintiffs) instead of wasting time and resources on a deposition.

> But then the next point is that Sol said they've offered to do a declaration in place of a deposition. Isn't it time to get efficient? Not everybody has to show up in person, be placed under oath and testify for hours in a slow endless way. Just take the declaration and see if you're satisfied.

Transcript October 23, 2013, at p. 11, **Exhibit 3**. The next day, counsel for Sol spoke with Ms. O'Reilly who, despite the Judge's guidance, insisted that Plaintiffs intended to continue with the deposition. Ms. O'Reilly indicated that Plaintiffs had received some documents from another defendant, Shell, and that they wanted to show the witness the documents to see if and when Sol had received such documents from Shell.[2] Despite

---

[1] See Transcript October 23, 2013, at p. 26, **Exhibit 3**.

[2] Sol was an affiliate of Shell when it was known as The Shell Company (Puerto Rico) Limited, until August 2006, when its ownership changed following the execution of a Share Purchase Agreement. After the sale, Sol continues to distribute Shell-branded gasoline through Shell-branded service stations pursuant to a licensing agreement, but since the sale, does not have

**Letter to Special Master Kenneth E. Warner | Page 3 | November 8, 2013**

the fact that these alleged alleged documents were not part of the specific designated questions included in the 30(b)(6) deposition notice, counsel for Sol offered that if Plaintiffs would submit such documents for review, Sol could determine by a search of its records if and when such documents were received by Sol. Ms. O'Reilly rejected the offer claiming that the documents were protected by the work product doctrine and because Plaintiffs had not yet finished gathering the documents.

On November 4, 2013, Sol submitted to the Plaintiffs a draft declaration providing a response to the six noticed questions as best as is possible based on Sol's records. See **Exhibit 4**. By letter dated November 5, 2013, Plaintiffs rejected the declaration, again insisting on taking the deposition because the declaration was, in their view, not definitive enough and because it could not be used as evidence against Shell, which is Sol's supplier. See **Exhibit 5**. Nevertheless, Plaintiffs did not suggest any revisions which could address their concerns. Sol provided in such declaration the best possible answers based on its records. Any witness whom Sol could produce for a deposition to answer those same specific questions would simply be unable to offer a more definitive answer, other than the answer proposed in the declaration. Insisting on taking a deposition under such circumstances is harassment and a waste of time and resources, particularly when a more efficient alternative has been offered.

Thus, Sol respectfully requests that the Special Master issue a protective order precluding Plaintiffs from taking the deposition on early knowledge of MTBE.

II. <u>Deposition Notices for Former Employees of Sol</u>

Plaintiffs also served notice on Sol for depositions of three former employees, Eneida Hernandez (who ceased to be a Sol employee more than 14 years ago), José Marrero (who ceased to be a Sol employee more than 3 years ago), and Luis Fernandez (who ceased to be a Sol employee more than 11 years ago). During the conference on October 22, 2013, Judge Scheindlin ruled that defendants were required to make an effort to locate and produce former employees, but that if they were unable to do so, they could provide Plaintiffs with their last know addresses.

> What I am directing the defendants to do is to make an effort to find and produce them and to notify the plaintiffs that on an individual basis we have tried, we can't find Ms. So-and-so, you will have to subpoena that person, and we will give you the last address we have for that person. So there is no failure to serve timely subpoenas. That is the ruling.

October 22, 2013 Transcript, at p. 24, **Exhibit 6**.

---

any corporate relationship with Shell, a fact known to Plaintiffs since the beginning of this litigation. It should be noted that Plaintiffs are scheduled to take depositions of Shell's witnesses on November 12 through 14, 2013.



Puerto Rico | Washington, DC | mcvpr.com

**Letter to Special Master Kenneth E. Warner | Page 4 | November 8, 2013**

On November 4, 2013, counsel for Sol sent Ms. O'Reilly a letter in which they informed that they had no control over said witnesses and provided their last known addresses. **Exhibit 7.** On that same date, Ms. O'Reilly complained that Sol was required to produce said witnesses and that it had not made sufficient efforts to comply with Judge Scheindlin's order. **Exhibit 8.** Sol has attempted to contact these former employees, one of whom is not even located within Puerto Rico, at their last known telephone numbers to no avail. Mr. Luis Fernandez resides in the Dominican Republic and the number we have available appears to be inoperative. As to Mr. Marrero, we have tried calling his last known telephone number on various occasions, but there has been no answer and there is no voicemail available. As to Ms. Eneida Hernandez, we have left a voicemail at her last known telephone number, but have not received a response. As to Ms. Hernandez and Mr. Marrero, Sol also sent each of them a letter by certified mail requesting them to contact Sol's counsel. Sol understands it has done what it can to contact these witnesses and it is now Plaintiffs' burden to serve subpoenas upon them if they wish to pursue these depositions. Thus, it requests an order for Plaintiffs to serve subpoenas upon these former employees of Sol and relieve Sol from any further duty to contact them.

Finally, in her letter of November 4, 2013, Ms. O'Reilly raised for the first time that Sol had not provided a proposed date for a Mr. Carlos Rodríguez. Back in October 11, 2013, Plaintiffs had sent counsel for Sol copy of the subpoenas which were related to Sol. A notice directed to Carlos Rodriguez was not included. **Exhibits 9, 10.**

When counsel for Sol informed Ms. O'Reilly that Sol was unaware of any notice directed to a Mr. Carlos Rodriguez associated with Sol, she replied by providing a notice of deposition to a Mr. Carlos Rodriguez associated with the operation of a <u>Total</u> service station.[3] **Exhibits 11, 11A.** When informed that Sol had no control over employees of other defendants, Ms. O'Reilly responded that Sol somehow had the obligation to contact counsel for Total to coordinate the deposition. Ms. O'Reilly then sent counsel for Sol a different notice of deposition, this one addressed to a Mr. Carlos Rodriguez associated with various Shell entities. **Exhibits 12, 12A.** Once again, counsel informed Ms. O'Reilly that it had no control over current or former employees of other defendants in the case. Nevertheless, Ms. O'Reilly has obstinately insisted on forcing Sol to produce this Mr. Carlos Rodriguez, even when, to date, counsel for Plaintiffs has yet to produce a single timely notice to a Mr. Carlos Rodriguez associated with Sol. **Exhibit 13.** Accordingly, Sol requests your intervention to protect Sol from such harassment by Plaintiffs' counsel, and order that Plaintiffs serve a subpoena upon Mr. Carlos Rodriguez or seek assistance of the appropriate defendant.

---

[3] Total is a separate defendant unrelated to Sol.



**Letter to Special Master Kenneth E. Warner | Page 5 | November 8, 2013**

Therefore, Sol respectfully requests an Order

- precluding Plaintiffs from taking the deposition on early knowledge of MTBE and compelling Plaintiffs to accept a declaration in its stead;

- for Plaintiffs to serve subpoenas upon former employees Eneida Hernandez, Jose Marrero and Luis Fernandez, relieving Sol of any further duty to contact and produce these individuals; and

- for Plaintiffs to serve a subpoena upon Mr. Carlos Rodriguez, or seek assistance from the appropriate defendant..

Sincerely,

Juan A. Marqués-Díaz

cc: The Honorable Shira A. Scheindlin
Tracey O'Reilly
All Counsel By File & Serve Xpress



Puerto Rico | Washington DC | mcvpr.com