UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE METHYL TERTIARY BUTYL ETHER
PRODUCTS LIABILITY LITIGATION

This document pertains to:

*New Jersey Department of Environmental Protection, et al. v. Atlantic Richfield Co., et al., No. 08 Civ. 312*

Master File No. 1:00 – 1898
MDL 1358 (SAS)
M21-88

**REPLY MEMORANDUM OF LAW IN SUPPORT OF SHELL'S MOTION
FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' CLAIM
FOR PRIMARY RESTORATION AT THE RIDGEWOOD TRIAL SITE**

SEDGWICK LLP
2900 K Street, NW
Harbourside, Suite 500
Washington, DC 20007
(202) 204-1000

Attorneys for Defendants Shell Oil Company, Shell Oil Products Company LLC, Shell Trading (US) Company, Equilon Enterprises LLC, and Motiva Enterprises LLC

## **TABLE OF CONTENTS**

I.     INTRODUCTION ................................................................................................. 1

II.    ARGUMENT ......................................................................................................... 2

    A.   Summary Judgment Standard ..................................................................... 2

    B.   Plaintiffs Do Not Dispute That Shell has Already Remediated the Site to the Satisfaction of NJDEP ................................................................................. 3

    C.   A Monetary Award for Work That Will Never be Performed Would Be an Impermissible Windfall ............................................................................... 5

## TABLE OF AUTHORITIES

**Cases**

*Barnes v. Sherrer*, 401 N.J. Super. 172 (N.J. App. Div.  2008) ....................................................... 2

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ................................................................................ 3

*Craig v. Lake Asbestos of Quebec, Ltd.*, 843 F.2d 145 (3d Cir. 1988) ........................................... 2

*Mercedes-Benz U.S.A. LLC v. Coast Auto. Group,* 2006 U.S. Dist. LEXIS 71953 (D.N.J. Sept. 29, 2006) ...................................................................................................................................... 3

*NJDEP v. Essex Chem. Corp.,* 2012 WL 913042 (N.J.A.D. Mar. 20, 2012) .................................. 2

Defendants Shell Oil Company, Shell Oil Products Company LLC, Shell Trading (US) Company, Equilon Enterprises LLC, and Motiva Enterprises LLC (collectively "Shell"), submit this reply to *Plaintiffs' Memorandum of Law in Opposition to Defendant Shell's Motion for Partial Summary Judgment on Plaintiffs' Claim for Primary Restoration at the Ridgewood Trial Site* ("Opposition" or "Opp.").

I. **INTRODUCTION**

Plaintiffs' Opposition sidesteps the main point of Shell's motion, which is that plaintiffs' own expert admits there is no evidence that additional cleanup is required at the Ridgewood site, and therefore plaintiffs cannot maintain a claim for what they call "restoration." Rather, the expert says Shell should pay the State $1.3 million based on the estimated costs of installing more monitoring wells (which in all likelihood would never be installed) which could be used to further define or "delineate" the extent of contamination, which in turn might indicate whether perhaps, possibly, some more restoration might be warranted in the future. Plaintiffs acknowledge in the Opposition that the possibility that more remediation might be needed is speculative. Thus, they say, their expert Mr. Brown recommends only additional monitoring or "delineation" and "is constrained from offering more, which would, at this time, be ***mere speculation***." *Opp.* p. 2 (emphasis added). Plaintiffs cannot maintain a claim for the costs of restoration based on mere speculation that some restoration might be warranted in the future -- particularly not in the face of undisputed evidence that NJDEP itself already determined years ago that no further remediation is necessary.

For more than two decades, Shell investigated, delineated and actively remediated the Ridgewood Site, including the station and surrounding areas, all at the direction of NJDEP. In 2009, NJDEP determined that Shell had achieved full control of the contamination, approved shutdown of the active remediation systems, and directed Shell to undertake Monitored Natural

Attenuation ("MNA"), which involves sampling certain monitoring wells that NJDEP selected from a network of more than 80 monitoring and extraction wells at and around the Site.  In late 2012, the active remediation equipment was removed.  Shell continues to monitor existing wells.  (*R. 56.1 Statement ¶¶* 32, 33, 36, Davies Exh. 2.)

Plaintiffs' claim for mere monitoring to try to identify a compensable injury does not meet their burden to prove damages.  Additional monitoring is unnecessary and not compensable because the State is not asking Shell to do any further work or confirming that it would use the windfall of $1.3 million to do anything at the Site.  Whatever label plaintiffs attach to the remedy they seek – restoration, delineation, monitoring – that remedy is simply not supported by the requisite proof of real injury or damage.

## II.   ARGUMENT

### A.  Summary Judgment Standard

Plaintiffs misstate the applicable standard when they argue:  "As the maker of the motion, Shell has the burden of demonstrating that every rational jury would and must determine that Shell has achieved primary restoration of the MTBE-contaminated groundwater at the Shell Ridgewood site."  *Opp.* p. 12.  As a matter of law, plaintiffs bear the burden of proof to establish their claim for damages.  *E.g., NJDEP v. Essex Chem. Corp.,* 2012 WL 913042, *7 (N.J.A.D. Mar. 20, 2012).* [1]  Shell's motion is based on plaintiffs' failure to carry that burden, and such a failure of proof entitles Shell to summary judgment.  *E.g., Celotex Corp. v. Catrett*, 477 U.S.

---

[1]   Plaintiffs complain about Shell's citation to *Essex Chemical* because it is an unpublished decision, citing New Jersey Court Rule 1:36-3.  As the Third Circuit has said, however, "[t]he New Jersey rules are, of course, binding only on the New Jersey courts, and we would be remiss in our duty to apply New Jersey law were we to ignore a New Jersey case where the relevant issue is identical."  *Craig v. Lake Asbestos of Quebec, Ltd.*, 843 F.2d 145, 152 and n.6 (3d Cir. 1988).  *See also Barnes v. Sherrer*, 401 N.J. Super. 172 (N.J. App. Div.  2008) (court cited and relied on an unreported opinion "because of its factual similarities to the present matter and its clear statement of guiding legal principles and relevant administrative regulations").

317, 323 (1986)(summary judgment appropriate where "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial"); *Mercedes-Benz U.S.A. LLC v. Coast Auto. Group*, 2006 U.S. Dist. LEXIS 71953, at *27 (D.N.J. Sept. 29, 2006)(summary judgment proper where party cannot prove damages).

### B. Plaintiffs Do Not Dispute That Shell has Already Remediated the Site to the Satisfaction of NJDEP

Plaintiffs do not and cannot dispute that Shell has already cleaned up the Ridgewood site at the direction of NJDEP and in accordance with the standards of NJDEP. Remarkably, however, they say this is irrelevant to their claim for additional remediation. They argue that "Shell's assertion that it 'remediated the Ridgewood Site to the satisfaction of the NJDEP' (Shell brief at p.2) is irrelevant to the issue before the Court; again Plaintiffs' claims with respect to the Shell Ridgewood Site are for restoration not remediation." *Opp.* p. 10. Although plaintiffs try to distinguish remediation from restoration, their Opposition shows that it is a distinction without a difference. The purported "primary restoration" they seek is merely monitoring to determine if additional remediation or cleanup might be necessary. Thus, they fail to identify a present injury or damage or a real need for additional work at the Site, whether they call that work restoration, remediation or cleanup.

Mr. Brown's reports also show that the distinction plaintiffs try to draw between restoration and remediation is illusory. Plaintiffs argue that "Shell seeks to dismiss Plaintiffs' primary restoration claim by arguing that Brown has not opined that any further cleanup needs to be done. Shell misstates Brown's report and testimony, which focuses on restoration not remediation." *Opp.* p. 2. In fact, plaintiffs misstate his report, which makes clear that the "restoration" plaintiffs describe is just remediation by another name. His expert rebuttal report states: "Mr. Brown recommends that remedial objectives be set at non-detectable

concentrations.  Contaminated groundwater should be delineated to these levels.  Active remediation should be implemented to reduce MTBE and TBA concentrations to 70 µg/L and 100 µg/L, respectively, after which monitored natural attenuation (MNA) should be used to address residual contamination to non-detectable concentrations; that is, background conditions." *Expert Rebuttal Report of Anthony Brown*, Appendix C, Section 4.1.2.  Thus, what Mr. Brown recommends is a combination of active remediation and MNA, which is precisely what Shell did at the Ridgewood Site.  Plaintiffs cannot show that more is necessary at the Site.

Plaintiffs argue in their Opposition that "Brown has concluded that MTBE at the site has not been reduced to the restoration level of 1 ppb, but has properly determined that additional delineation of the plume is necessary before determining what additional work should be done to achieve this restoration."  *Opp.* p. 2.  No "additional work" is specified.  To the contrary, plaintiffs concede that any opinion Mr. Brown might offer on that subject "would, at this time, be mere speculation."  *Opp.* p. 2.  Thus, plaintiffs cannot say that any additional work at the Ridgewood Trial Site is necessary now or in the future, regardless of whether they call that work restoration or remediation.[2]

Plaintiffs also urge the Court to disregard the declaration of the LSRP, Julian Davies, saying Mr. Davies offers expert opinions and is not authorized to opine on "restoration."  *Opp.* pp. 8-10.  Mr. Davies' declaration is factual.  He describes the history of the investigation and remediation at the Site, the current conditions at the site, and the fact that NJDEP and he, in his

---

[2] Plaintiffs seek to blame Shell for their inability to identify any additional work required at the Site, saying Shell's investigation at the site was insufficient.  Yet Shell performed all the investigation NJDEP required.  Moreover, if additional investigation were really necessary to identify an injury requiring more remediation, plaintiffs could and should have done the investigation themselves.  After all, at three other trial sites, plaintiffs performed "additional site investigations" during discovery to further delineate the lateral and vertical extent of gasoline and oxygenate groundwater contamination in the vicinity of three trial sites. *See Revised Brown Expert Report, Jan. 2013,* § 1.9, p. 16 (Wallace Exh. 7).

role as LSRP, determined that no further active remediation is necessary and that the ongoing MNA is sufficient.  Plaintiffs' objections to his declaration are meritless.

### C. A Monetary Award for Work That Will Never be Performed Would Be an Impermissible Windfall

Plaintiffs do not and cannot refute the testimony of former NJDEP Deputy Commissioner Irene Kropp that NJDEP's Office of Natural Resource Restoration ("ONRR") has never used money recovered for "primary restoration" for actual cleanup of a site:  "I'm not aware of when we've gone back in and said to somebody we're taking your NRD contribution and moving your site from cleanup standards to predischarge…."  *Deposition of Irene Kropp, June 6, 2013*, at 224:9-17 (Wallace Exh. 6).  Nor do plaintiffs argue that they would, in fact, use money recovered for "primary restoration" to do any work at the Ridgewood Site.  Plaintiffs state only that ONRR "is responsible for restoration" and cite to an ONRR website and a series of Frequently Asked Questions.  *Opp.* p. 8 and Kaufmann Exh. B.  ONRR's responses to the FAQs confirm, however, that cleanup and characterization of a site is the province of the Site Remediation Program, not ONRR, and that the type of "restoration" ONRR undertakes involves acquiring alternative lands or resources.  *See, e.g.,* Kaufmann Exh. B, at pp. 3-5.  This approach is distinct from any type of remedial work, and more closely resembles the type of "replacement value" damages plaintiffs are seeking in this case based on the opinion testimony of Robert Unsworth, which is a separate claim that Shell does not challenge in this motion.

Here, it would be an unwarranted windfall to allow plaintiffs to seek money damages based on projected costs of work they cannot show is necessary at the Ridgewood Site and that plaintiffs will never perform in any event.  That is one of the reasons the trial and appellate courts rejected the similar claims of ONRR in the *Essex Chemical* case, and adds to the reasons why this Court should grant Shell partial summary judgment on the "primary restoration" claim.

Dated: November 15, 2013	Respectfully submitted,

      /s/ Richard E. Wallace, Jr.
Richard E. Wallace, Jr.
Michael L. Williams
Marie S. Dennis
SEDGWICK LLP
2900 K Street, NW
Harbourside, Suite 500
Washington, DC 20007
(202) 204-1000

Attorneys for Defendants Shell Oil Company, Shell Oil Products Company LLC, Shell Trading (US) Company, Equilon Enterprises LLC, and Motiva Enterprises LLC

## PROOF OF SERVICE VIA LEXIS/NEXIS FILE & SERVE AND E-MAIL

I, Kristin McCormick, hereby declare under penalty of perjury under the laws of the United States of America that a true and accurate copy of the foregoing was served via Lexis/Nexis File & Serve and ECF on all parties on this 15th day of November 2013.

                                                               /s/ Kristin McCormick
                                                             Kristin McCormick