UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation | Master File No. 1:00 – 1898<br>MDL 1358 (SAS): M21-88 |
| This Document Relates To:<br>*Commonwealth of Puerto Rico, et al. v. Shell Oil Co., et al.*, No. 07 CV 10470 | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: 11/15/13 |

SHIRA A. SCHEINDLIN, U.S.D.J.:

[PROPOSED] CASE MANAGEMENT ORDER NO. 112

(EXPERT DISCOVERY PROTOCOL)

With respect to testifying experts in this litigation:

I.    The parties shall produce the required expert reliance materials (hereinafter, the "Reliance Materials") no later than five business days after the deadline to serve each relevant expert report pursuant to Case Management Order entered September 30, 2013. The Reliance Materials to be produced shall include all files, documents, texts and underlying data or manipulations of such data reviewed or relied upon by that expert in forming the basis for his or her opinion, including all computer software programs, models, computer simulations on which the expert's opinions are based, and work papers. Any additional reliance materials generated or first reviewed and relied upon by the expert subsequent to the initial production of reliance materials but prior to the deposition shall be produced promptly and no later than 48 hours before the commencement of the deposition. Reliance materials that are publicly available and have been cited in full by the expert need not be produced absent a specific request.

II.    With respect to experts who rely on computer-based modeling, the following illustrate the nature or content of the modeling-related Reliance Materials to be produced:

    A.    All electronic executable copies and operating instructions for modeling programs and pre- and post-processor programs that are not public domain models and cannot reasonably be purchased by the requesting party. In all cases, the requesting party shall be responsible for obtaining any necessary licenses.

1

B. All reference documents or calculations supporting selection of input parameter values or ranges.

C. A tabular summary of input data specifying the range of values considered and the ultimate value(s) selected for purposes of calibration, sensitivity analysis, parameter optimization, validation and scenario/hypothesis testing.

D. A modeling journal (log of model runs) regarding construction, calibration, sensitivity analysis, parameter optimization, validation and scenario/hypothesis testing.

E. Electronic copies of all modeling files.

F. Quantification of accuracy (alternatively, uncertainty analysis) regarding model output (groundwater flow and contaminant transport models).

G. All electronic database files generated in support of the modeling analysis.

H. All analytical model analyses conducted apart from the numerical model analysis for purposes of parameter selection, parameter optimization, model calibration, hypothesis testing, etc.

III. The deadlines set forth in Section I, above, will not govern the production of demonstrative exhibits to be used at trial as a summary of or support for the opinions to be expressed by an expert. Such demonstrative exhibits shall be produced three business days prior to the day when that expert will testify at trial, or such other time as the Court may order.

IV. For any witness who may offer any expert opinion testimony but is not required to provide a written report as per FRCP 26(a)(2)(C), the party sponsoring such witness shall disclose (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify. Such disclosures shall be made according to the following schedule:

> Plaintiffs' Non-Site-Specific 26(a)(2)(C) Witnesses – by January 6, 2014
>
> Defendants' Non-Site-Specific 26(a)(2)(C) Witnesses – by February 21, 2014
>
> Plaintiffs' Site-Specific 26(a)(2)(C) Witnesses – by February 21, 2014
>
> Defendants' Site-Specific 26(a)(2)(C) Witnesses – by April 3, 2014

The parties shall produce Reliance Materials reviewed by witnesses whose expert opinion disclosures are made pursuant to this paragraph no later than five business days after the subject matter and summary of such witnesses' testimony is disclosed, as set forth in this paragraph. This Section in no way limits or expands the scope of available discovery of such witnesses in their capacity as percipient witnesses.

V.    Nothing in this Protocol may be used by any party to establish the relevance or lack of relevance of any materials or information referenced herein.

VI.   The parties shall meet and confer by February 1, 2014 for the purpose of addressing and formulating a plan for the scheduling, duration, location and other details regarding the proposed depositions of the parties' designated experts. The parties shall use best efforts to finalize a schedule for the depositions of the parties' non-site-specific experts by not later than March 10, 2014 and site-specific experts by not later than April 21, 2014. To the extent a non-site-specific expert also will provide site-specific testimony or opinion, such experts may be scheduled in accordance with the site-specific schedule contained in this paragraph. To the extent not already scheduled, the parties will use best efforts to finalize the schedule for deposition of Rule 26(a)(2)(C) witnesses by not later than May 2, 2014.

VII.  Requests for Production contained in expert deposition notices shall be limited to:

   A.   Materials required to be produced by Rule 26(a)(2)(B), to the extent not already produced;

   B.   Reliance Materials, as defined herein and to the extent not already produced;

   C.   Documents concerning retention and compensation in the above-captioned action;

   D.   Articles, studies or reports authored by the expert that relate to the subject matter of the expert's opinion(s) in the above-captioned action, MTBE, TBA and/or ethanol, to the extent published within the last ten years;

   E.   Expert reports and transcripts of deposition and/or trial testimony provided by the expert in any civil lawsuit or administrative matter that relate to the subject matter of the expert's opinion(s) in the above-captioned action, MTBE, TBA and/or ethanol, to the extent provided within the last four years;

   F.   Hearing transcripts, orders, decisions or other rulings limiting or barring all or part of the expert's prior testimony or opinions that relate to the subject matter of the expert's opinion(s) in the above-captioned action, MTBE, TBA and/or ethanol, to the extent provided within the last four years; and

   G.   To the extent permitted by Rule 26(b)(4)(C), communications between the expert and counsel for any party in the above-captioned action that: (i) relate to compensation in the above-captioned action; (ii) identify facts or data that counsel provided and that the expert considered in forming his/her opinions; and (iii) identify assumptions that counsel provided and that the expert relied on in informing his/her opinions.

SO ORDERED.

/s/ *signature*

Hon. Shira A. Scheindlin
U.S.D.J.

Dated: New York, New York
November 15, 2013