UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
**In re: Methyl Tertiary Butyl Ether ("MTBE")**            Master File No. 1:00-1898
**Products Liability Litigation**                          MDL 1358 (SAS): M21-88
-----------------------------------------------------------------X
**This Document Relates To:**

*NJ Department of Environmental Protection, et al.*

*Plaintiffs*
v.

*Atlantic Richfield, Co., et al.*

*Defendants*
-----------------------------------------------------------------X
*Getty Properties Corp.*
*Defendant/Third-Party Plaintiff*

v.

*Harbans Singh; Gurmail Singh; H.P. Delta, Inc.;*
*Robert Melecci; Dhandi Transport, Inc.;*
*and John and Jane Does Nos. 1 - 100*

*Third-Party Defendants*
-----------------------------------------------------------------X

## DEFENDANT/THIRD-PARTY PLAINTIFF
## GETTY PROPERTIES CORP.'S OPPOSITION TO
## THIRD-PARTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

I.  **INTRODUCTION**

Third-Party Defendant Dhandi Transport Inc.'s ("Dhandi") summary judgment motion, joined by Third-Party Defendants H.P. Delta, Inc. ("H.P. Delta") and Robert Melecci ("Melecci"),[1] lacks merit and should be denied. Third-Party Defendants' entire motion is based upon the decision in New Jersey Department of Environmental Protection v. Dimant, 14 A.3d 780 (N.J. Super. Ct. App. Div. 2011) to support their contention that the required causal link under the New Jersey Spill Compensation and Control Act ("Spill Act") between the discharges of gasoline at the H.P. Delta site and the MTBE contamination found in the residential wells at on and around Lancaster Rd. ("Lancaster Rd. MTBE contamination") at issue in Plaintiffs' case does not exist. Third-Party Defendants' reliance on the Dimant decision to support their motion for summary judgment is misplaced as the holding in Dimant is a review of the trial court's weighing of the *testimony and evidence submitted at trial* which is a preponderance of the evidence standard that is not apply to the determination of a motion for summary judgment.

Further, the Third-Party Defendants' Motion is without merit because there are numerous issues of material fact in dispute that are articulated in Third-Party Defendants' own Motion. The disputed facts include, but are not limited to whether the Lancaster Rd. MTBE contamination at issue was caused by the Third-Party Defendants or by a release from tanks owned by Getty Properties Corp. in 1987. Third-Party Defendants HP Delta and Melecci were found by the NJDEP to be responsible parties for contamination found at the HP Delta station in 2007. See Dean Decl., Exhibit 1 [Administrative Consent Order]. Another fact in dispute is whether the MTBE contamination was caused or contributed to by the spills/release of Third-Party Dhandi during deliveries of gasoline as the HP Delta site. As admitted by Third-Party

---

[1] Third-Party Defendants HP Delta and Robert Melecci separately filed Motions to Join in Dhandi's Motions for Summary Judgment. For ease of reference Dhandi's Motion for Summary Judgment and the Joinder by HP Delta and Melecci will be referred to as "Third-Party Defendants' Motion for Summary Judgment."

7025415-1

Defendants in their Motion, Dhandi was named as a defendant by Third-Party Defendant Melecci in a prior state court lawsuit filed by Third-Party Defendant H.P. Delta against Melecci. See Exhibit 5 attached to Dhandi's Motion for Summary Judgment. In that lawsuit, Third-Party Defendant Melecci alleged that Dhandi was responsible for the contamination at this property as result of continuous spills and releases during gasoline deliveries. Id. at pp. 6-8. The fact that the Third-Party Defendants asserted claims against one another for the contamination at the H.P. Delta site in state court and the fact that they now jointly file a Motion for Summary Judgment asserting that none of them can be found responsible for the contamination at the site or the Lancaster Rd. MTBE contamination are material facts in dispute for a jury to determine.

Further, expert reports submitted by Third-Party Defendants, Plaintiffs and Getty Properties Corp. all conflict in terms of the source of the Lancaster Rd. MTBE contamination which give rise to material facts in dispute. Plaintiffs' expert, Anthony Brown, considers the H.P. Delta site as one of the sources of the Lancaster Rd. MTBE contamination. In addition, the conflicting deposition testimony of Third-Party Defendant, Robert Melecci, the owner of H.P. Delta, regarding the spills made by Dhandi's employees during deliveries of gasoline to the underground storage tanks at H.P. Delta also raises a genuine issue of material fact that is in dispute and for a jury to consider. There are genuine issues of material fact in dispute as to Defendant/Third-Party Plaintiff Getty Properties Corp.'s claims against the Third-Party Defendants that should be resolved on the merits by a fact finder. The Motion for Summary Judgment should therefore be denied.

7025415-1

## II. LEGAL STANDARD

To succeed in a summary judgment motion, Third-Party Defendants must prove that there is no evidence from which a rational jury could plausibly infer that Third-Party Defendants' discharges at the H.P. Delta site did not contribute to the Lancaster Rd. MTBE contamination in the residential wells at issue. Eastman Kodak Co. v. Image Tech. Srvs. Inc., 504 U.S. 451, 478 (1992). Third-Party Defendants' summary judgment motion may only be granted as a matter of law if "a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed.R.Civ.P. 50(a)(1). In reviewing summary judgment motions, the Court acts as an issue finder by "discerning whether there are genuine issues of material fact to be tried...." Ebewo v. Martinez, 309 F.Supp.2d 600, 601 (S.D.N.Y. 2004). *The Court's duty is not to actually weigh the evidence and resolve the issues.* Id. (emphasis added). Where "there is any evidence in the record from any source from which a reasonable inference could be drawn in favor of the nonmoving party, summary judgment is improper." Byrnie v. Town of Cromwell, 243 F.3d 93, 101 (2nd Cir. 2001). If after viewing all evidence in the light most favorable to the non-moving party, the evidence allows only one reasonable conclusion, a motion for summary judgment may be granted. Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 150 (2000). If reasonable minds could differ, then the motion must be denied. Hall v. Consolidated Freightways Corp. of Delaware, 337 F.3d 669, 672 (6th Cir. 2003). In resolving ambiguities in summary judgment motions, courts should draw all inferences in favor of the non-moving party. Id. Furthermore, the non-moving party's "version of any disputed issue of fact is presumed correct." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

7025415-1

### III. LEGAL ARGUMENT

Third-Party Defendants base their entire argument in the summary judgment motion on the New Jersey Supreme Court's decision in NJDEP v. Dimant, 14 A.3d 780 (N.J.Super. 2011). Their reliance, however, is misplaced because the standard in Dimant is not applicable to a summary judgment ruling. In Dimant, the Appellate Court concluded that to be held responsible under the Spill Act, there had to be "some connection between the discharge complained of and the alleged discharger." Id. at 177. Furthermore, "[a] reasonable nexus or connection must be demonstrated by a preponderance of the evidence." Id. at 182. The Court's decision was based on the weighing of the evidence submitted at trial, **not** in a Motion for Summary Judgment. The preponderance of the evidence standard is not applicable to the ruling of a motion for summary judgment. In a summary judgment motion, the Court does **not** weigh the evidence. Ebewo, 309 F.Supp.2d at 601. This Honorable Court previously ruled that the preponderance of the evidence standard was not the appropriate standard on a summary judgment motion. See Dean Decl., Exhibit 2 [Transcript of Hearing, dated August 19, 2013, pp. 90-91].

Getty Properties Corp.'s ("GPC") claims against Third-Party Defendants are based on contribution and indemnity pursuant to the New Jersey Joint Tortfeasors Act, N.J.S.A. 2A:53A-1, *et seq.* and the Comparative Negligence Act, N.J.S.A. 2A:15-5, *et seq.* Dhandi delivered gasoline to H.P. Delta from 2003 to 2006. Third-Party Defendant Melecci alleged in his Complaint against Dhandi and in his deposition testimony that Dhandi spilled gasoline during every delivery to the station. See Dean Decl., Exhibit 3 [Deposition of Robert Melecci, dated November 24, 2008, p. 54]. There is other record evidence that spills/releases occurred while Dhandi's employees delivered gasoline from the delivery vehicle into H.P. Delta's underground storage tanks. Dhandi's attorney in the New Jersey state action concurs that fuel oil was spilled

during a delivery to H.P. Delta. See Dean Decl., Exhibit 4 [February 2, 2007 Letter from Gary Pasricha to Stuart L. Lieberman]. Mr. Pasricha admits that," "When [Dhandi's] driver handled the hose from the truck, a small amount of product ... leaked onto the ground." Id. The owner of H.P. Delta, Harbans Singh, confirmed that in 2004, an employee of Dhandi spilled gasoline when he was disconnecting the pipes. See Dean Decl., Exhibit 5 [Deposition of Harbans Singh, dated December 22, 2010, pp. 169-170]. Dhandi's negligent delivery of gasoline to H.P. Delta caused and/or contributed to the presence of contamination at the property.

A rational jury could infer that Dhandi's discharges at H.P. Delta contributed to the Lancaster Rd. MTBE contamination between 2003 and 2006. Dhandi argues that there is no evidence linking its spills/overfilling of gasoline at H.P. Delta to the Lancaster Rd. MTBE contamination. In support of its argument, Dhandi contends that there was a release at H.P. Delta in 1987 for which GPC was responsible and that was not remediated properly. Dhandi's Motion, pp. 16-17. Third-Party Defendants argue that neither the NJDEP nor GPC can prove that the Lancaster Rd. MTBE contamination resulted from the delivery spills by Dhandi and not from the 1987 release at H.P. Delta. Dhandi's Motion, p. 17. Conversely, neither can Third-party Defendants prove that the Lancaster Rd. MTBE contamination resulted from the 1987 soil contamination and not from Dhandi's delivery spills. It is undisputed that GPC never owned or operated the H.P. Delta station. There is no record evidence that GPC ever sold gasoline containing MTBE to Robert Melecci. Furthermore, there is no evidence that the soil contamination found in 1987 contained MTBE nor any record showing any groundwater contamination at the property in 1987. As documented in GPC's expert report, the only evidence is that there was minimal soil contamination, the contaminated soil was removed and no further action was required by the NJDEP. See Dean Decl., Exhibit 6 [April 2, 2013 Report of GPC's

7025415-1

expert, James A. Schaefer, Jr. of Kleinfelder, pp. 9-10]. This record evidence is disputed by Third-Party Defendants.

There is strong evidence connecting Dhandi's discharges at H.P. Delta to the Lancaster Rd. MTBE contamination. It is undisputed that the owner of the site, Robert Melecci, installed new tanks in an entirely new tank field sometime around 1989. The records show that MTBE was first detected at H.P. Delta in 2006. See Dean Decl., Exhibit 7 [Plaintiffs' Answer to Defendants' Request for Admissions Regarding the H.P. Delta Trial Site, No. 8]. Free product was found floating in and around the owner's new tank field where Dhandi delivered gasoline, and upon testing, MTBE was detected. See Dean Decl., Exhibit 8 [January 2013 Revised Site Summary Report of Anthony Brown, p. 46]; Dean Decl., Exhibit 9 [August 18, 2006 Letter from the Township of Woodbridge to Robert Melecci]. In addition, Melecci joined Dhandi as a third-party defendant in the New Jersey state action, alleging that Dhandi was negligent in its delivery of gasoline to H.P. Delta by spilling and overfilling during deliveries. See Dean Decl., Exhibit 10 [Robert Melecci's Answer to First Amended Complaint, Counterclaim, Third Party Complaint, Separate Defenses, Claim for Contribution, Answer to Crossclaim, Crossclaim, Request for Statement of Damages, Request for Allocation, Designation of Trial Counsel, Certification, Jury Demand, p. 9]. Since Dhandi cannot prove that its spills/releases did not contribute to the MTBE contamination, a genuine issue of material fact exists. Thus, summary judgment must be denied.

Melecci's conflicting testimony as to Dhandi's negligent delivery of gasoline is another genuine issue of material fact that is in dispute and for a jury to consider. In the New Jersey state court action, Melecci testified that he often saw Dhandi's employees spilling gasoline when making deliveries to H.P. Delta.

> Q. Did you ever see [Dhandi] spilling gas?
> A. Yes.
> Q. How often?
> A. ***Every time.***
>
> . . .

See Dean Decl., Exhibit 3 [Deposition of Robert Melecci dated November 24, 2008, p. 54] (emphasis added).

> Q. And when you say they spilled gas every time, were you there every time that they came to deliver?
> A. Every time I seen 'em, yes.
> Q. And how often would that be?
> A. I'd say at least 60 percent of the time.
>
> . . .

See Dean Decl., Exhibit 3 [Deposition of Robert Melecci dated November 24, 2008, p. 55].

> Q. And when they would overfill, the fuel would come out the vent pipe? ...
> A. Yes.
>
> . . .

See Dean Decl., Exhibit 3 [Deposition of Robert Melecci dated November 24, 2008, pp. 57-58].

> Q. *... So the vent pipe blow-back that you're talking about occurs 25 feet from area B which has been identified by the DEP as the area of concern; is that right?*
> A. *Yes.*
> Q. *Did they spill anything onto the concrete or the hard surfaces?*
> A. *Yes.*

See Dean Decl., Exhibit 3 [Deposition of Robert Melecci dated November 24, 2008, p. 58] (emphasis added). Of significance, Melecci observed spilled gasoline which "pooled underneath the truck" during a delivery by Dhandi. See Dean Decl., Exhibit 3 [Deposition of Robert Melecci dated November 24, 2008, pp. 65-66]; Dean Decl., Exhibit 11 [January 22, 2007 Letter from Anthony Ambrosio to Stuart Lieberman]. Upon noting the gasoline underneath the trailer, Melecci informed the employee from Dhandi of the "pooled" gasoline. See Dean Decl., Exhibit 3 [Deposition of Robert Melecci dated November 24, 2008, p. 67]. However, the employee "just turned around and kicked snow on it and left." Id. Melecci also testified that he observed

7025415-1

Dhandi's employees spilling gasoline at H.P. Delta during deliveries made prior to 2006. Id. at p. 68. Melecci's 2008 testimony conflicts with his second deposition taken on September 12, 2012 wherein he testified that he saw Dhandi's employees spilling gasoline approximately six (6) times. See Dean Decl., Exhibit 12 [Deposition of Robert Melecci dated September 12, 2012, p. 96]. Melecci's conflicting testimony creates a genuine issue of material fact for the jury to resolve. Based on Melecci's testimony, it is plausible for a jury to find a reasonable link between Dhandi's discharges at H.P. Delta and the Lancaster Rd. MTBE contamination.

The opinions of GPC's expert, Jim Schaefer, and Plaintiffs' expert, Anthony Brown, are additional evidence suggesting a genuine issue of material fact for the fact finder to decide. GPC's expert, Jim Schaefer, indicates that the Lancaster Rd. MTBE contamination was the result of the 2004 to 2006 hydrocarbon spills at the H.P. Delta site from the new UST system. He believes that one of the causes of the hydrocarbon release is from the spills/overfilling of gasoline by Dhandi during its deliveries to H.P. Delta. See Dean Decl., Exhibit 6 [April 2, 2013 Report of GPC's expert, James A. Schaefer, Jr. of Kleinfelder, p. 23]. Plaintiffs' expert, Anthony Brown, also considers H.P. Delta as one of the sources of the MTBE contamination. Mr. Brown opines that "[r]eleases of gasoline containing MTBE have occurred at the [H.P. Delta] site" and that "MTBE has migrated off-site beyond [H.P. Delta's] boundaries." See Dean Decl., Exhibit 8 [January 2013 Revised Site Summary Report of Anthony Brown, p. 46]. Mr. Schaefer's and Mr. Brown's opinions further support the finding of a genuine issue of material fact to be resolved by a jury.

Third-Party Defendants' other arguments regarding the distance between H.P. Delta and the affected residential wells, the direction of the groundwater flow, the possibility of other sources of contamination, NJDEP's alleged failure to perform any investigation into the other

possible sources of contamination, and the unknown quantity of Dhandi's discharges also fail as a matter of law. As set forth in Ebewo, the Court's duty is not to weigh the evidence in deciding a summary judgment motion. Ebewo, 309 F.Supp.2d at 601. Where there is any evidence from which a reasonable inference could be drawn in favor of the nonmoving party, summary judgment must be denied. Byrnie, 243 F.3d at 101. Next, Third-Party Defendants argue that the NJDEP was unsure as to whether the H.P. Delta site was the sole source of contamination. Dhandi's Motion, p. 14. Gary Lipsius, who works at NJDEP's Bureau of Investigation, Design and Construction, testified that the H.P. Delta site contributed "in some part" to the Lancaster Rd. MTBE contamination. See Dean Decl., Exhibit 13 [Deposition of Gary Lipsius, dated August 2, 2012, pp. 43-44]. He also testified that it was "likely" that the H.P. Delta site was a source of the Lancaster Rd. MTBE contamination, although he was not certain. Id. at pp. 64-65. The task of weighing the testimony of Mr. Lipsius rests with the jury. A fact finder can reasonably infer from Mr. Lipsius' testimony, combined with all the other evidence that Third-Party Defendants' discharges at H.P. Delta could have contributed in some way and/or are the sole source of the Lancaster Rd. MTBE contamination. With regard to the identity of other sources of contamination and the quantity of Dhandi's discharges at H.P. Delta, the fact that they are currently unknown does not permit summary judgment. On the contrary, the Court should draw all inferences in favor of GPC, the non-moving party, in resolving all ambiguities. Byrnie, 243 F.3d at 101.

Lastly, Third-Party Defendants argue that it is circumstantial evidence that the NJDEP does not view Dhandi as a significant contributor of the Lancaster Rd. MTBE contamination because the NJDEP never took any action against it. Dhandi's Motion, p. 2. Circumstantial evidence is not sufficient to support summary judgment because 1.) the NJDEP's decision not to

7025415-1

bring an action against Dhandi is not conclusive evidence that Dhandi is not a contributor to the Lancaster Rd. MTBE contamination; 2.) whether Dhandi's contribution to the Lancaster Rd. MTBE contamination is significant is for the fact finder to decide; 3.) the NJDEP never made a conclusive finding of no liability by Dhandi with regard to the contamination at the H.P. Delta site or the Lancaster Rd. MTBE contamination; and 4.) the NJDEP's expert, Anthony Brown, does consider the H.P. Delta site as a source of the Lancaster Rd. MTBE contamination. These are clearly disputed issues of material fact for the jury to resolve.

## IV.   SUMMARY

Third-Party Defendants' summary judgment motion should be denied because there is evidence suggesting that Dhandi's employees spilled gasoline during deliveries to H.P. Delta, record evidence that the gasoline contamination found at the HP Delta site contained MTBE and disputed evidence whether that contamination caused the MTBE contamination on Lancaster Road complained of by the Plaintiffs. A rational jury could plausibly infer that the spills/releases at the HP Delta site, for which all of the Third-Party Defendants are responsible, contributed to the MTBE contamination. Since the issue of whether the H.P. Delta site is a source of the MTBE contamination is material and is in dispute and whether or not Dhandi's spills/releases at the site contributed to the contamination at the HP Delta station is in dispute, Third-Party Defendants' summary judgment motion should appropriately be denied.

RAWLE & HENDERSON LLP

By: _____
John C. McMeekin II, Esquire (JM8956)
Susan M. Dean, Esquire
The Widener Building

                                                    One South Penn Square
                                                    Philadelphia, PA 19107
                                                    Telephone: 215-575-4200
                                                    jmcmeekin@rawle.com
                                                    sdean@rawle.com

                                                    Attorneys for Defendant/Third-Party
Date: 1/10/2014                                    Plaintiff Getty Properties Corp.

7025415-1

## CERTIFICATION OF SERVICE

I, Susan M. Dean, Esquire, an attorney for Defendant/Third-Party Plaintiff Getty Properties Corp. certifies that on this 10th day of January, 2014, a copy of Defendant/Third-Party Plaintiff Getty Properties Corp.'s Opposition to Third-Party Defendants' Motion for Summary Judgment, was served upon all parties of record via LexisNexis File and Serve.

_____
Susan M. Dean, Esquire

7025415-1