UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re: Methyl Tertiary Butyl Ether ("MTBE")        Master File No. 1:00-1898
Products Liability Litigation                                   MDL 1358 (SAS): M21-88
-------------------------------------------------------------X
**This Document Relates To:**

*NJ Department of Environmental Protection, et al.*

*Plaintiffs*
v.

*Atlantic Richfield, Co., et al.*

*Defendants*
-------------------------------------------------------------X
Getty Properties Corp.
Defendant/Third-Party Plaintiff

v.

Harbans Singh; Gurmail Singh; H.P. Delta, Inc.;
Robert Melecci; Dhandi Transport, Inc.;
and John and Jane Does Nos. 1 - 100

Third-Party Defendants
-------------------------------------------------------------X

**DEFENDANT/THIRD-PARTY PLAINTIFF GETTY PROPERTIES CORP.'S
LOCAL 56.1 STATEMENT IN OPPOSITION TO THIRD-PARTY
DEFENDANTS' STATEMENT OF FACTS SUBMITTED BY THEM
<u>IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT</u>**

Pursuant to Local Rule 56.1(b), and in opposition to Third-Party Defendants' Motion for Summary Judgment, Defendant/Third-Party Plaintiff Getty Properties Corp. ("GPC") hereby submits this response to Third-Party Defendants' Rule 56.1 Statement of Facts:

1. Admitted.

2. Admitted.

3. It is admitted that GPC registered four underground storage tanks located on Third-Party Defendant Melecci's property in its name commencing sometime in 1985 until the summer of 1987. It is specifically denied that GPC ever operated Melecci's gasoline station or sold gasoline product at the station.

4. Admitted.

5. GPC admits the fact, but disputes its materiality.

6. GPC admits the fact, but disputes its materiality.

7. Admitted.

8. GPC admits the fact, but disputes its materiality.

9. GPC admits the fact, but disputes its materiality.

10. GPC admits the fact, but disputes its materiality.

11. GPC admits the fact, but disputes its materiality.

12. GPC admits the fact, but disputes its materiality.

13. Admitted.

14. GPC admits the fact, but disputes its materiality.

15. Admitted.

16. Admitted.

17. Admitted.

18. GPC admits the fact, but disputes its materiality.

19. Admitted.

20. GPC admits the fact, but disputes its materiality.

21. GPC admits the fact, but denies the date. The correct date is August 5, 2006, not 2007.

22. GPC admits the fact, but denies the date. The correct date is August 8, 2006, not 2007.

23. GPC admits the fact, but denies the date. The correct date is August 16, 2006, not 2008.

24. Admitted.

25. It is admitted that the cited portion in this paragraph appears in the Complaint filed by H.P. Delta on September 11, 2007.

26. It is admitted that the cited portion in this paragraph appears in the Complaint filed by H.P. Delta on September 11, 2007.

27. Admitted.

28. It is admitted that the cited portion in this paragraph appears in the Third-Party Complaint filed by Robert Melecci against Dhandi Transport, Inc. on December 10, 2007.

29. Admitted.

30. It is admitted that the cited portion in this paragraph appears in the Complaint filed by the NJDEP on September 24, 2008 in the United States District Court for the Southern District of New York.

31. Admitted.

32. Admitted.

33. GPC's Third-Party Complaint filed on April 12, 2011 speaks for itself.

34. Admitted only upon information and belief. The NJDEP was not a party to the state court litigation.

35. GPC admits the fact, but disputes its materiality.

7025415-1

36. Admitted.

37. Admitted.

38. It is admitted that the cited portion in this paragraph appears in the expert report of Anthony Brown titled "Revised Site Summary" relating to the H.P. Delta site.

39. Admitted.

40. The diagram in Anthony Brown's report relating to the H.P. Delta site speaks for itself.

41. The diagram in Anthony Brown's report relating to the H.P. Delta site speaks for itself.

42. The diagram in Anthony Brown's report relating to the H.P. Delta site speaks for itself.

43. The diagram in Anthony Brown's report relating to the H.P. Delta site speaks for itself. In addition, it is admitted that the cited portions in this paragraph appear in the expert report of Anthony Brown titled "Revised Site Summary" relating to the H.P. Delta site.

44. The diagram in Anthony Brown's report relating to the H.P. Delta site speaks for itself. In addition, it is admitted that the cited portions in this paragraph appear in the expert report of Anthony Brown titled "Revised Site Summary" relating to the H.P. Delta site.

45. It is admitted that the cited portion in this paragraph appears in the Rule 30(b)(6) Notice of Deposition addressed to the NJDEP.

46. It is admitted that the cited portions in this paragraph appear in the Rule 30(b)(6) Notice of Deposition addressed to the NJDEP.

7025415-1

47. Admitted.

48. Gary Lipsius' deposition transcript speaks for itself.

49. Gary Lipsius' deposition transcript speaks for itself.

50. Gary Lipsius' deposition transcript speaks for itself.

51. Gary Lipsius' deposition transcript speaks for itself.

52. It is admitted that GPC served an expert report prepared by James A. Schaefer, Jr. of Kleinfelder.

53. It is admitted that the cited portion in this paragraph appears in the expert report of James A. Schaefer, Jr. The remaining portion of this paragraph is denied as Mr. Schaefer's expert report speaks for itself.

54. James A. Schaefer, Jr.'s expert report speaks for itself.

55. Denied.

56. Mr. Brown's expert report speaks for itself.

**STATEMENT OF ADDITIONAL FACTS**

1. GPC's claims against Dhandi are based on contribution and indemnity pursuant to the New Jersey Joint Tortfeasors Act, N.J.S.A. 2A:53A-1, *et seq.* and the Comparative Negligence Act, N.J.S.A. 2A:15-5, *et seq.*

2. Dhandi delivered fuel oil to H.P. Delta from 2003 to 2006.

3. Dhandi's attorney in the New Jersey state action concurs that fuel oil was spilled during a delivery to H.P. Delta. See February 2, 2007 Letter from Gary Pasricha to Stuart L. Lieberman.

7025415-1

4. The owner of H.P. Delta, Harbans Singh, confirmed that in 2004, an employee of Dhandi spilled gasoline when he was disconnecting the pipes. See Deposition of Harbans Singh, dated December 22, 2010, pp. 169-170.

5. GPC never owned or operated the H.P. Delta station.

6. GPC never sold gasoline containing MTBE to the owner of H.P. Delta.

7. There is no evidence that the soil contamination found in 1987 at H.P. Delta contained MTBE nor any record showing any groundwater contamination at H.P. Delta in 1987.

8. In 1987, there was minimal soil contamination at the H.P. Delta site, the contaminated soil was removed and no further action was required by the NJDEP. See April 2, 2013 Report of GPC's expert, James A. Schaefer, Jr. of Kleinfelder, pp. 9-10.

9. The owner of the site, Robert Melecci, installed new tanks in an entirely new tank field sometime around 1989.

10. MTBE was first detected at H.P. Delta in 2006.

11. Free product was found floating in and around the owner of H.P. Delta's new tank field where Dhandi delivered gasoline, and upon testing, MTBE was detected at the site. See Plaintiffs' Answer to Defendants' Request for Admissions Regarding the H.P. Delta Trial Site, No. 8; January 2013 Revised Site Summary Report of Anthony Brown, p. 46; August 18, 2006 Letter from the Township of Woodbridge to Robert Melecci.

12. Robert Melecci joined Dhandi as a third-party defendant in the New Jersey state action, alleging that Dhandi was negligent in its delivery of gasoline to H.P. Delta

by spilling and overfilling during deliveries. See Robert Melecci's Answer to First Amended Complaint, Counterclaim, Third Party Complaint, Separate Defenses, Claim for Contribution, Answer to Crossclaim, Crossclaim, Request for Statement of Damages, Request for Allocation, Designation of Trial Counsel, Certification, Jury Demand, p. 9.

13. In the New Jersey state action, Robert Melecci testified that he often saw Dhandi's employees spilling gasoline when making deliveries to H.P. Delta.

> Q. Did you ever see [Dhandi] spilling gas?
> A. Yes.
> Q. How often?
> A. Every time.
> . . .
>
> Deposition of Robert Melecci dated November 24, 2008, p. 54.
>
> Q. And when you say they spilled gas every time, were you there every time that they came to deliver?
> A. Every time I seen 'em, yes.
> Q. And how often would that be?
> A. I'd say at least 60 percent of the time.
> . . .
>
> Deposition of Robert Melecci dated November 24, 2008, p. 55.
>
> Q. And when they would overfill, the fuel would come out the vent pipe? …
> A. Yes.
> . . .
>
> Deposition of Robert Melecci dated November 24, 2008, pp. 57-58.
>
> Q. … So the vent pipe blow-back that you're talking about occurs 25 feet from area B which has been identified by the DEP as the area of concern; is that right?
> A. Yes.
> Q. Did they spill anything onto the concrete or the hard surfaces?
> A. Yes.
>
> Deposition of Robert Melecci dated November 24, 2008, p. 58.

14. Robert Melecci observed spilled gasoline which "pooled underneath the truck" during a delivery by Dhandi. Deposition of Robert Melecci dated November 24,

7025415-1

2008, pp. 65-66; January 22, 2007 Letter from Anthony Ambrosio to Stuart Lieberman.

15. When Robert Melecci informed an employee from Dhandi of the "pooled" gasoline, the employee "just turned around and kicked snow on it and left." Deposition of Robert Melecci dated November 24, 2008, p. 67.

16. Robert Melecci also testified that he observed Dhandi's employees spilling gasoline at H.P. Delta during deliveries made prior to 2006. Deposition of Robert Melecci dated November 24, 2008, p. 68.

17. Robert Melecci's 2008 testimony conflicts with his second deposition taken on September 12, 2012 wherein he testified that he saw Dhandi's employees spilling gasoline approximately six (6) times. Deposition of Robert Melecci dated September 12, 2012, p. 96.

18. GPC's expert, Jim Schaefer, indicates that the MTBE contamination was the result of the 2004 to 2006 hydrocarbon spills at the H.P. Delta site from the new UST system. It is his expert opinion that one of the causes of the hydrocarbon release is from the spills/overfilling of gasoline by Dhandi during its deliveries to H.P. Delta. See April 2, 2013 Report of GPC's expert, James A. Schaefer, Jr. of Kleinfelder, p. 23.

19. Plaintiffs' expert, Anthony Brown, also considers H.P. Delta as one of the sources of the MTBE contamination. Mr. Brown opines that "[r]eleases of gasoline containing MTBE have occurred at the [H.P. Delta] site" and that "MTBE has migrated off-site beyond [H.P. Delta's] boundaries." See January 2013 Revised Site Summary Report of Anthony Brown, p. 46.

7025415-1

20. Gary Lipsius, who works in the Bureau of Investigation, Design and Construction at the NJDEP, testified that the H.P. Delta site contributed "in some part" to the MTBE contamination. See Deposition of Gary Lipsius, dated August 2, 2012, pp. 43-44. He also testified that it was "likely" that the H.P. Delta site was a source of the MTBE contamination, although he was not certain. Id. at pp. 64-65.

RAWLE & HENDERSON LLP

By: _____
John C. McMeekin II, Esquire (JM8956)
Susan M. Dean, Esquire
The Widener Building
One South Penn Square
Philadelphia, PA 19107
Telephone: 215-575-4200
jmcmeekin@rawle.com
sdean@rawle.com

Attorneys for Defendant/Third-Party Plaintiff Getty Properties Corp.

Date: 1/10/2014

7025415-1

## CERTIFICATION OF SERVICE

I, Susan M. Dean, Esquire, an attorney for Defendant/Third-Party Plaintiff Getty Properties Corp. certifies that on this 10th day of January, 2014, a copy of Defendant/Third-Party Plaintiff Getty Properties Corp.'s Local 56.1 Statement in Opposition to Third-Party Defendants' Statement of Facts, was served upon all parties of record via LexisNexis File and Serve.

_____
Susan M. Dean, Esquire

7025415-1