UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation<br><br>**This document pertains to:**<br><br>*New Jersey Department of Environmental Protection, et al. v. Atlantic Richfield Company, et al.,*<br><br>   Case No. 08-cv-00312 | Master File No.: 1:00-1898<br>MDL 1358 (SAS)<br>M21-88 |

**REPLY TO THE PLAINTIFF'S OPPOSITION TO DHANDI TRANSPORT'S MOTION FOR SUMMARY JUDGMENT**

On the Brief:  Lila Wynne, Esq.
              Kevin T. Bright, Esq.

## **TABLE OF CONTENTS**

**TABLE OF AUTHORITIES** .................................................................................................... 3

**INTRODUCTION** ..................................................................................................................... 4

**ARGUMENT** ............................................................................................................................ 5

I.   **THE NJDEP LACKS STANDING TO CHALLENGE DHANDI'S MOTION FOR SUMMARY JUDGMENT BECAUSE THE NJDEP HAS NOT ASSERTED A DIRECT CLAIM AGAINST DHANDI AND BECAUSE PLAINTIFF'S EXPERT REPORT OFFERS NO OPINIONS REGARDING DHANDI TRANSPORT.** ....................................................................................... 5

II.  **THE NJDEP'S EXPERT'S OPINION THAT PUMPING BY RESIDENTIAL WELLS 'COULD HAVE' ALTERED THE FLOW OF GROUNDWATER IS UNSUPPORTED BY FACT AND THEREFORE, INSUFFICIENT TO DEFEAT SUMMARY JUDGMENT.** ........................................... 6

III. **THE NJDEP'S FAILURE TO ASSERT ANY CLAIMS AGAINST DHANDI TRANSPORT IS CIRCUMSTANTIAL EVIDENCE THAT THE NJDEP DID NOT VIEW THE ACTIONS OF DHANDI TRANSPORT AS SIGNIFICANT WITH REGARD TO THE LANCASTER ROAD CONTAMINATION.** ................................................................................................ 7

**CONCLUSION** ......................................................................................................................... 8

# TABLE OF AUTHORITIES

**Federal Court Cases:**

Hollinger v. Wagner Mining Equip. Co.,
    667 F.2d 402, 409 (3d Cir. 1981)..................................................................................7


**State Court Cases:**

New Jersey Dept. of Environmental Protection v. Dimant,
    51 A.3d 816 (N.J. 2012)............................................................................................ passim

## INTRODUCTION

In opposition to Dhandi's Motion for Summary Judgment, the New Jersey Department of Environmental Protection (the "NJDEP") argues that this Court should deny Dhandi Transport's Motion for Summary Judgment because adequate evidence supposedly exists linking both the action of Dhandi Transport and the H.P. Delta site to the off-site groundwater contamination that is the subject of this litigation.  The NJDEP also argues that its decision not to assert direct claims against Dhandi Transport does not indicate that it views the allegations against Dhandi as insignificant with regard to the off-site Lancaster Road contamination.

Neither of these arguments have merit.  First, the NJDEP lacks standing to challenge this Motion because it has no direct claims against Dhandi Transport.  Second, its expert, Aqualogic, offers no opinion regarding the alleged against of Dhandi Transport, or how the unknown quantities of gasoline allegedly spilled could have traveled several hundred feet to the off-site wells.   While the Aqualogic report does attempt to link the H.P. Delta site to the Lancaster Road contamination, it does not go the extra step of linking the allegations against Dhandi Transport to the off-site contamination.

Lastly, the NJDEP's decision to not assert a claim against Dhandi Transport is circumstantial evidence that, prior to this Motion, it did not view the allegations against Dhandi Transport as significant with regard to the Lancaster Road contamination.  Thus, Dhandi's Motion for Summary Judgment should be granted.

**ARGUMENT**

I. **THE NJDEP LACKS STANDING TO CHALLENGE DHANDI'S MOTION FOR SUMMARY JUDGMENT BECAUSE THE NJDEP HAS NOT ASSERTED A DIRECT CLAIM AGAINST DHANDI AND BECAUSE PLAINTIFF'S EXPERT REPORT OFFERS NO OPINIONS REGARDING DHANDI TRANSPORT.**

The NJDEP has not asserted any direct claims against Dhandi Transport and therefore, does not have standing to challenge Dhandi's Motion. Dhandi's Motion for Summary Judgment pertains only to the claims asserted against it by the defendant, Getty Properties Corp. ("Getty"). Although it involved elements of the plaintiff's underlying claims against Getty, the Motion only sought dismissal of Getty's third-party complaint. Because the plaintiff has failed to assert any direct claims against Dhandi Transport, it has no standing to challenge Dhandi's request for summary judgment.

Moreover, the NJDEP's expert report does not offer any opinions, or reach any conclusions, regarding Dhandi Transport. The NJDEP's expert, Anthony Brown, of Aqualogic, Inc. (the "Aqualogic Report"), fails to make even a single mention of Dhandi Transport or the alleged instances of spills and/or overfills at the H.P. Delta site. Instead, the Aqualogic report only attempts to link the Lancaster Road contamination to the H.P. Delta site. It does not, however, go the extra step of connecting Dhandi Transport to that contamination. Thus, the Aqualogic report is essentially irrelevant to the issue underlying Dhandi's motion because it fails to even allege a causal nexus between the alleged conduct <u>of Dhandi Transport</u> and the Lancaster Road contamination. Accordingly, the NJDEP has no basis upon which to object to the present Motion for Summary Judgment

## II. THE NJDEP'S EXPERT'S OPINION THAT PUMPING BY RESIDENTIAL WELLS 'COULD HAVE' ALTERED THE FLOW OF GROUNDWATER IS UNSUPPORTED BY FACT AND THEREFORE, INSUFFICIENT TO DEFEAT SUMMARY JUDGMENT.

In opposition to this Motion, the NJDEP argues that evidence exists to link the actions of Dhandi Transport to the Lancaster Road contamination.  Specifically, the NJDEP argues that the Aqualogic Report constitutes evidence of the required causal nexus and therefore, creates a genuine issue of fact precluding summary judgment.  As set forth above, the Aqualogic Report only attempts to link the Lancaster Road contamination to the H.P. Delta site, but does not make the necessary second step of specifically linking the discharges allegedly committed by Dhandi to that contamination.  Even putting that issue aside, the Aqualogic Report does not create an issue of fact because the conclusion that residential supply wells altered the flow of groundwater is wholly unsupported by facts.

It is undisputed that the only groundwater testing performed in this case occurred after the Lancaster Road wells were abandoned.  It is also undisputed that the testing performed demonstrated that groundwater in both the shallow and the deep aquifer moves in directions cross-gradient to the Lancaster Road wells.  Notwithstanding this, Mr. Brown speculates that when the residential wells were actively pumping, they affected the direction of groundwater flow and caused it to move toward the Lancaster Road wells.  Because this is premised only upon pure speculation, it does not create an issue of fact.

Stated simply, Mr. Brown looked at the data and saw that groundwater flowed to the northwest in the deep aquifer, and to the southeast in the shallow aquifer.  He also saw that the Lancaster Road wells are located to the southwest.  Thus, data available did not support the plaintiff's position, so Mr. Brown simply guesses that before the groundwater analysis was performed, the groundwater flowed differently, and that the change was due to the pumping of

the then-abandoned wells. Mr. Brown does not offer any actual facts or basis upon which his opinion in this regard is premised. In sum, Mr. Brown's opinion is pure speculation and cannot, therefore, create an issue of fact. Hollinger v. Wagner Mining Equip. Co., 667 F.2d 402, 409 (3d Cir. 1981) (unsupported expert opinions do not create a genuine issue of fact sufficient to preclude entry of summary judgment).

### III. THE NJDEP'S FAILURE TO ASSERT ANY CLAIMS AGAINST DHANDI TRANSPORT IS CIRCUMSTANTIAL EVIDENCE THAT THE NJDEP DID NOT VIEW THE ACTIONS OF DHANDI TRANSPORT AS SIGNIFICANT WITH REGARD TO THE LANCASTER ROAD CONTAMINATION.

In the original moving brief, Dhandi pointed out that in the Dimant decision, the Court took notice of the fact that the NJDEP failed to take any actions against Sue's following the initial sampling it performed, as circumstantial evidence that the NJDEP did not consider the drip in question to be a significant source of the off-site contamination. Drawing an analogy to this case, Dhandi argued that the NJDEP's failure to assert any claims (whether administrative or otherwise) against it in this case could be considered circumstantial evidence that the NJDEP did not view the alleged spills by Dhandi to be a significant source of the Lancaster Road contamination.

This position is supported by the New Jersey Supreme Court's decision in Dimant, where the Supreme Court upheld the trial's findings that the NJDEP's failure to assert any claims against Sue's was circumstantial evidence that the NJDEP did not view the allegations aginst Sue's as significant with regard to the off-site PCE contamination. The NJDEP's argument that such an interpretation would be contrary to New Jersey case law regarding prosecutorial discretion is misplaced. Dhandi is not suggesting that it be absolved of liability solely on the basis that the NJDEP failed to assert any claims against Dhandi, but rather that an inference can

be drawn for purposes of this Motion that the requisite proofs as to Dhandi Transport are severely lacking.

## CONCLUSION

For the foregoing reasons, Dhandi Transport, Inc. respectfully requests summary judgment as to Getty Property Corp.'s third-party claims, on the basis that Getty cannot establish the requisite causal nexus as required by the New Jersey Supreme Court's decision in <u>New Jersey Dept. of Environmental Protection v. Dimant</u>, 51 A.3d 816 (N.J. 2012), as a matter of law.

Dated: January 24, 2014　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　**/s Kevin T. Bright**
　　　　　　　　　　　　　　　　　　　　　Lila Wynne, Esq.
　　　　　　　　　　　　　　　　　　　　　Kevin T. Bright, Esq.
　　　　　　　　　　　　　　　　　　　　　Marshall Dennehey Warner Coleman & Goggin
　　　　　　　　　　　　　　　　　　　　　200 Lake Drive East
　　　　　　　　　　　　　　　　　　　　　Suite 300
　　　　　　　　　　　　　　　　　　　　　Cherry Hill, NJ 08002
　　　　　　　　　　　　　　　　　　　　　Tel. (856) 414-6000
　　　　　　　　　　　　　　　　　　　　　Fax (856) 414-6077
　　　　　　　　　　　　　　　　　　　　　Counsel for Third-Party Defendant Dhandi Transport, Inc.