UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation<br><br>**This document pertains to:**<br><br>*New Jersey Department of Environmental Protection, et al. v. Atlantic Richfield Company, et al.,*<br><br>    Case No. 08-cv-00312 | Master File No.: 1:00-1898<br>MDL 1358 (SAS)<br>M21-88 |

**REPLY TO GETTY PROPERTIES' OPPOSITION TO DHANDI' TRANSPORT INC.'S MOTION FOR SUMMARY JUDGMENT**

On the Brief:  Lila Wynne, Esq.
                Kevin T. Bright, Esq.

**TABLE OF CONTENTS**

**INTRODUCTION** ..................................................................................................................ii

**ARGUMENT**........................................................................................................................ 2

I.     **IN OPPOSING DHANDI'S MOTION FOR SUMMARY JUDGMENT, GETTY HAS THE BURDEN OF PRODUCING AFFIRMATIVE EVIDENCE THAT LINKS THE ACTIONS OF DHANDI TO THE LANCASTER ROAD CONTAMINATION.** ................................................................2

II.    **DHANDI'S MOTION SHOULD BE GRANTED BECAUSE GETTY HAS FAILED TO PUT FORTH ANY EVIDENCE LINKING THE LANCASTER ROAD CONTAMINATION TO EITHER THE H.P. DELTA STATION OR THE ALLEGED ACTIONS OF DHANDI.**....................................................3

III.   **THE PROCEDURAL POSTURE OF THE DIMANT DECISION ON APPEAL IS IRRELEVANT TO THE COURT'S DISPOSITION OF THIS MOTION.** ...................................................................................................6

# TABLE OF AUTHORITIES

**Federal Court Cases:**

Celotex Corp. v. Catrett,
    477 U.S. 317 (1986)......................................................................................................2

Hollinger v. Wagner Mining Equip. Co.,
    667 F.2d 402 (3d Cir. 1981)..........................................................................................5

J.E. Mamiye & Sons, Inc. v. Fidelity Bank,
    813 F.2d 610 (3d Cir. 1987)..........................................................................................2

Kline v. First W. Gov't Sec.,
    24 F.3d 480 (3d Cir. 1994)............................................................................................2

Orson, Inc. v. Miramax Film Corp.,
    79 F.3d 1358 (3d Cir. 1996)..........................................................................................2

**State Court Cases:**

New Jersey Dept. of Environmental Protection v. Dimant,
    51 A.3d 816 (N.J. 2012)......................................................................................... passim

**INTRODUCTION**

The sole basis of Dhandi's Motion for Summary Judgment is that neither Getty nor the plaintiff can prove the causal nexus required by the New Jersey Supreme Court's decision in Dimant, between the "discharges" allegedly committed by Dhandi, and the contamination found in the off-site, private wells that is the subject of this litigation.  In its original moving brief, Dhandi essentially made two arguments.  The first was that there was no affirmative evidence linking the discharges allegedly committed by Dhandi at the H.P. Delta site to the off-site, Lancaster Road contamination.  The second argument was the undisputed facts of this case actually show the opposite: that the source of the Lancaster Road contamination is most likely not the H.P. Delta station.

In its responding brief, Getty misunderstands this argument and incorrectly asserts, in many instances, that Dhandi failed to meet its burden because it failed to essentially disprove the plaintiff's case.  Dhandi is not required to affirmatively show that it is not liable in order to prevail on this motion.  All Dhandi has to do is show that the record is essentially devoid of any facts upon which either the plaintiff or Getty will be able to rely on at trial to prove its case.  That is, Dhandi only has to show that there is a lack of affirmative evidence linking its alleged discharges to the off-site, Lancaster Road contamination.  Dhandi, as a defendant in a civil action, is not required to affirmatively disprove liability in the absence of any evidence of its liability in the first place.  Rather, it is the plaintiff and/or third-party plaintiff's affirmative obligation to demonstrate liability.

1

**ARGUMENT**

I.   **IN OPPOSING DHANDI'S MOTION FOR SUMMARY JUDGMENT, GETTY HAS THE BURDEN OF PRODUCING AFFIRMATIVE EVIDENCE THAT LINKS THE ACTIONS OF DHANDI TO THE LANCASTER ROAD CONTAMINATION.**

According to the Third Circuit, "a motion for summary judgment <u>must</u> be granted unless <u>the party opposing the motion can produce evidence</u> which, when considered in light of that party's burden of proof at trial, could be the basis for a jury finding in that party's favor." <u>Kline v. First W. Gov't Sec.</u>, 24 F.3d 480, 485 (3d Cir. 1994) (citing <u>J.E. Mamiye & Sons, Inc. v. Fidelity Bank</u>, 813 F.2d 610, 618 (3d Cir. 1987) (Becker, J., concurring) (emphasis added). On summary judgment, <u>the moving party need not disprove</u> the opposing party's claim, but does have the burden to show the absence of any genuine issues of material fact. <u>Orson, Inc. v. Miramax Film Corp.</u>, 79 F.3d 1358, 1366 (3d Cir. 1996) (citing <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-323 (1986)). If the movant meets this burden, then the opponent may not rest on allegations in pleadings, but must counter with specific facts which demonstrate that there exists a genuine issue for trial. <u>Id</u>. (citing Celotex, 477 U.S. at 323). When the nonmoving party will bear the burden of proof at trial, the moving party may meet its burden <u>by showing that the nonmoving party has not offered evidence sufficient to establish the existence of an element essential to its case</u>. <u>Id</u>. (citing Celotex, 477 U.S. at 322).

Dhandi's Motion is premised upon the total lack of evidence linking the spills allegedly committed by Dhandi at the H.P. Delta site to the Lancaster Road contamination. Thus, in order to survive this Motion, Getty must put forth affirmative evidence showing the required causal nexus, and the evidence put forth must be sufficient for the fact-finder to find in its favor at trial. As set forth below, Getty has failed in this regard.

**II. DHANDI'S MOTION SHOULD BE GRANTED BECAUSE GETTY HAS FAILED TO PUT FORTH ANY EVIDENCE LINKING THE LANCASTER ROAD CONTAMINATION TO EITHER THE H.P. DELTA STATION OR THE ALLEGED ACTIONS OF DHANDI**.

In its opposition, Getty offers NO evidence linking the spills allegedly committed by Dhandi to the Lancaster Road contamination. Instead, Getty essentially takes a pre-Dimant position with regard to the plaintiff's ability to prove liability. Prior to Dimant, it was presumed that a contribution-plaintiff, such as the NJDEP and Getty in this case, only needed to show that a "discharge" occurred for which the defendant was responsible, and that contamination of the type allegedly discharged was later found. There was no requirement that the contribution-plaintiff link the contamination to the discharge. This theory was expressly rejected by the New Jersey Supreme Court in the Dimant decision. In Dimant, the New Jersey Supreme Court made clear that a contribution-plaintiff must be able to causally link the alleged discharge to the resultant consummation.

Throughout its brief, Getty argues that Dhandi's Motion should be denied because "Dhandi cannot prove that its spills/releases did not contribute to the MTBE contamination" and therefore, "a genuine issue of material fact exists." With due respect, Getty's counsel completely misunderstand the implications of the burden of proof on a determination of a Motion for Summary Judgment. At trial, Dhandi will not have the affirmative burden to show that it is not liable. Rather, the plaintiff and Getty will have the burden of demonstrating that Dhandi is liable, which will require them to demonstrate an affirmative and demonstrable nexus between the alleged discharges and the resultant off-site contamination. Thus, in order to properly oppose this Motion, Getty must produce or identify evidence to show how the unknown quantity of gasoline Dhandi allegedly spilled at the H.P. Delta site could migrate several hundred or even thousands of feet to the off-site Lancaster Road wells.

3

In its brief, Getty essentially ignores this underlying issue and its obligation regarding the causal nexus, and instead argues other, irrelevant points that have no bearing on this issue, such as: (1) whether spills *at the H.P. Delta site* actually occurred; (2) whether the alleged spills contributed to contamination *at the H.P. Delta site*; and (3) whether Getty's prior release *from the H.P. Delta site* in 1987 was properly remediated.  None of these issues are relevant to the underlying basis of Dhandi's motion, which is that there is no evidence linking the alleged discharges *at the H.P. Delta site* to the off-site, Lancaster Road contamination.  Each of these issues are irrelevant to this motion.

Getty then argues that "strong evidence" exists connecting Dhandi's alleged discharges at the H.P. Delta site to the Lancaster Road contamination.  This evidence consists of the following: (1) new tanks being installed by the owner of the H.P. Delta site, Robert Melecci, in 1989; (2) MTBE being detected at the site in 2006; (3) free-product found floating in the tank field; (4) alleged over-fills by Dhandi at the H.P. Delta site (5) Mr. Melecci's contradictory testimony regarding the number of times he witnessed Dhandi spilling gasoline at the H.P. Delta site; and (6) conflicting expert opinions.

As with the other issues identified by Getty, none of this "strong evidence" even remotely suggests the manner in which unknown quantities of gasoline allegedly released by Dhandi at the H.P. Delta site ended up in the off-site, residential wells located in the vicinity of Lancaster Road.  The first five items identified deal only with things allegedly occurring at the H.P. Delta site, but have absolutely no relevance to how either Getty or the plaintiff will be able to prove that the off-site contamination originated from the few instances in which it is alleged Dhandi spilled gasoline.  The sixth item, the expert reports of Getty and the Plaintiff, similarly fail to raise a genuine issue of fact.

4

First, plaintiff's expert report concludes only that the H.P. Delta site is one of the possible sources of the Lancaster Road contamination. It does not offer any opinions regarding an alleged link between the actions of Dhandi Transport and the off-site contamination. In fact, the plaintiff's expert report does not even mention Dhandi Transport or any allegations of spilled gasoline. Even if we assume the plaintiff's expert report is correct, it only links the off-site contamination to the H.P. Delta station, but not to Dhandi Transport. Thus, the plaintiff's expert report does not even address the underlying causal nexus between the alleged actions of Dhandi Transport and the Lancaster Road contamination.

Getty's expert report is similarly lacking in substance when it comes to specifically linking the alleged actions of Dhandi Transport to the off-site Lancaster Road contamination. Getty's report mentions Dhandi Transport only one time, in which states as follows:

> One of the causes of this hydrocarbon release appears to be reported overfilling or spills/release during gasoline deliveries made by Dhandi Transport.

Nowhere else in the report is Dhandi or the allegations of overfills/spills even mentioned. No explanation is offered as to the manner in which the unknown quantities of gasoline allegedly spilled by Dhandi could have migrated the significant distance required to reach the Lancaster Road wells. This does not, therefore, create an issue of fact, since unsupported, conclusory statements by experts do not create an issue of fact. Hollinger v. Wagner Mining Equip. Co., 667 F.2d 402, 409 (3d Cir. 1981) (unsupported expert opinions do not create a genuine issue of fact sufficient to preclude entry of summary judgment).

5

## III. THE PROCEDURAL POSTURE OF THE DIMANT DECISION ON APPEAL IS IRRELEVANT TO THE COURT'S DISPOSITION OF THIS MOTION.

In its opposition, Getty argues that Dhandi's motion should be denied because it relies on the New Jersey Supreme Court's decision in <u>New Jersey Dept. of Environmental Protection v. Dimant</u>, 51 A.3d 816 (N.J. 2012), which involved a review of the trial court's decision following a bench trial.  Getty argues that because the trial court heard testimony and weighed evidence, the <u>Dimant</u> decision cannot be relied on by the Court in deciding a motion for summary judgment.  The <u>Dimant</u> decision is relevant to this Court's analysis because it sets forth the standard and quantum of evidence a plaintiff must present in order to prevail at trial.  Because neither the plaintiff nor Getty possess such evidence in this case, neither will be able to prevail at trial and thus, Dhandi's motion should be granted.

The New Jersey Supreme Court's decision in <u>Dimant</u> found, on facts virtually identical to those present in this case, that the plaintiff had failed to prove the requisite causal nexus between the "discharges" allegedly committed by the defendant, and the off-site PCE contamination.  The Court essentially found that the plaintiff failed to put forth the minimum quantum of evidence required to prove its case.

Here, there is no need for a fact-finder to weigh evidence because, as set forth in Dhandi's original moving brief, the undisputed facts demonstrate that neither the plaintiff nor Getty possess sufficient evidence to casually link the discharges allegedly committed by Dhandi to the Lancaster Road contamination.  The fact that there were disputed facts in <u>Dimant</u> which necessitated a review by a fact-finder has no bearing on this case.  The facts her are undisputed and, for the reasons set forth in the <u>Dimant</u> decision, fail meet the minimum quantum of evidence required to show the requisite casual nexus.  Thus, Dhandi's Motion should be granted.

**CONCLUSION**

For the foregoing reasons, Dhandi Transport, Inc. respectfully requests summary judgment as to Getty Property Corp.'s third-party claims, on the basis that Getty cannot establish the requisite causal nexus as required by the New Jersey Supreme Court's decision in <u>New Jersey Dept. of Environmental Protection v. Dimant</u>, 51 A.3d 816 (N.J. 2012), as a matter of law.

Dated: January 24, 2014

Respectfully submitted,

**/s Kevin T. Bright**
Lila Wynne, Esq.
Kevin T. Bright, Esq.
Marshall Dennehey Warner Coleman & Goggin
200 Lake Drive East
Suite 300
Cherry Hill, NJ 08002
Tel. (856) 414-6000
Fax (856) 414-6077
Counsel for Third-Party Defendant Dhandi Transport, Inc.

.