UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————  :   Master File No. 1:00–1898
                                  :
IN RE:  METHYL TERTIARY BUTYL     :   MDL 1358 (SAS)
ETHER ("MTBE") PRODUCTS           :   M 21-88
LIABILITY LITIGATION              :
                                  :
———————————————————  :
                                  :
This document relates to:         :
                                  :
*City of Fresno v. Chevron U.S.A., Inc.,*   :
*et al.*, 1:04-cv-04973           :
                                  :
———————————————————  :

## PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION RE DISMISSAL OF REMAINING CLAIMS *WITH PREJUDICE*

Defendants' Motion to Dismiss the Remaining Claims With Prejudice is without merit and should be denied for several reasons.

First, defendants' motion is improperly based on FRCP Rule 41(b), which applies when a plaintiff has failed to prosecute a case or has failed to comply with the rules. Neither of those circumstances are present here. When seeking identical relief with respect to claims for other similarly situated stations in this case (the summary judgment stations), defendants moved for summary judgment pursuant to FRCP Rule 56. That is the appropriate vehicle for the relief defendants now seek with respect to the remaining stations. The fact that the City, to save judicial resources, stipulated that the facts at the remaining stations are substantially similar to the facts at the summary judgment stations in no way constitutes a failure to prosecute that would bring the claims at the remaining stations within the orbit of Rule 41(b). This Court recognized this distinction when discussing the remaining stations at the last status conference.[1]

Second, the Court's opinion that the current state of the evidence does not establish injury with respect to the summary judgment stations means only that the City's claims at those stations are not ripe. Although the City respectfully disagrees with the Court's opinion, in light of that opinion the appropriate remedy is to dismiss the City's claims (at both the summary judgment stations and at the motion to dismiss stations) *without* prejudice. If the claims are dismissed

---

[1] *See* Han Declaration Ex. 1 (11/18/13 Trans. at 29 ("If this is different than that[] issue[,] because of the nature of the ruling that essentially is premature, and that may have been a slightly different issue that I was discussing with [Mr. Axline]. Because you brought the claims, and we didn't have summary judgment style briefing, we just went back, because he was withdrawing them.")

1

without prejudice, there will be no appeal and no further litigation, unless and until the City suffers injury as described by the Court.[2]

## I.   **DEFENDANTS' MOTION SHOULD BE CONSIDERED UNDER FRCP RULE 56, NOT FRCP RULE 41.**

FRCP Rule 41(b) applies when a plaintiff fails to prosecute a claim or comply with the rules or orders of the court. Although defendants refer to Rule 41(b) as the basis for their motion, they make no attempt to argue that the criteria of Rule 41(b) are present here, and in fact those criteria simply do not apply to the remaining stations that are the subject of defendants' motion. The City has vigorously prosecuted claims for these stations throughout the case, and there is no suggestion that the City has failed to comply with the Court's rules or orders in its prosecution of the claims.

Defendants apparently believe that because this Court applied FRCP Rule 41(b) and *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990), to claims that the City moved to dismiss earlier in this litigation, Rule 41(b) and *Zagano* should also apply to claims that defendants have moved to dismiss.[3] That is not the case. Where certain claims are dismissed

---

[2]  The City acknowledges that the Court orally ruled at the last status conference that the summary judgment stations should be dismissed with prejudice. That ruling came without the benefit of briefing on the subject, however, and the City respectfully requests that the Court reconsider that ruling in light of current briefing.

[3]  The factors discussed in *Zagano* involve the consequence of a plaintiff dismissing her claims. In *Zagano* plaintiff had a parallel administrative action she wanted to pursue and moved for voluntary dismissal when facing a trial date after four years of litigation. In discussing factors relevant to whether to dismiss the case with or without prejudice, the *Zagano* court considered: (1) the plaintiff's diligence in bringing the motion; (2) any "undue vexatiousness" on the plaintiffs part; (3) the extent to which the suit has progressed, including the defendants effort and expense in preparation for trial; (4) the duplicative expenses of relitigation; and (5) the adequacy of plaintiffs explanation for the need to dismiss. *Zagano*, 900 F.2d at 14. These factors are not

2

without a motion during litigation, there will be a plausible argument that the "failure to prosecute" provision of Rule 41(b) applies.  That occurred with respect to certain stations earlier in this litigation, as discussed in the transcripts attached as Exhibits C, F and G to the Declaration of Whitney Roy that accompanies defendants' motion.

With respect to the remaining stations it is the defendants, and not the City, that seek to dismiss claims.  In light of this Court's opinion on the summary judgment stations and in order to conserve judicial resources, the parties stipulated that the facts with respect to the remaining stations are substantially similar to the facts at the summary judgment stations.  *See* Exhibit B to Roy Declaration ("The parties stipulate and agree that the evidence on which Plaintiff relies to prove injury is substantially the same for the Remaining Sites as for the stations that were the subject of the September 10, 2013, Opinion and Order.")   The City did not, however, seek to withdraw its claims at those stations, and it expressly reserved its objections to the Court's summary judgment opinion.  *Id.*  ("Plaintiff, while expressly reserving all objections to the September 10, 2013, Opinion and Order, and in reliance on defendants' stipulation that plaintiff's evidence of injury at the Remaining Sites is substantially the same as the evidence of injury at the stations that were the subject of the Court's September 10, 2013, Opinion and Order, agrees not to object to Defendants' request.")

In short, defendants' motion is in reality a motion for summary judgement based upon stipulated facts, and is therefore subject to FRCP Rules 56.  Defendants previously moved pursuant to Rule 56 with respect to the stations that were the subject of the Court's summary

---

relevant where, as here, a plaintiff is vigorously prosecuting a case and defendants seek to have claims summarily adjudicated.

judgment opinion, and the City's claims at the remaining stations have been prosecuted with the same vigor that it prosecuted claims for the summary judgment stations.  In fact, although defendants' motion is based on Rule 41(b), defendants concede that "the posture of the remaining claims is exactly the same as if Defendants had moved for summary judgment."  Memorandum at 7.[4]

## II.  ANY JUDGMENT ENTERED AGAINST THE CITY SHOULD BE WITHOUT PREJUDICE.

When summary judgment is granted pursuant to Rule 56, the judgment entered can be either with or without prejudice.  The two cases cited by Defendants illustrate this.  In the first case cited by Defendants, *McCulley v. Anglers Cover Condominium Assn.*, the claims were considered to be appropriate for dismissal *without prejudice* after a summary judgment ruling regarding jurisdiction.  *McCulley v. Anglers Cover Condominium Assn.*, 977 F.Supp. 177, 180 (E.D.N.Y. 1997) ("dismissal of the matter without prejudice is appropriate").  In the second case cited by Defendants, the case was on appellate review after the district court applied *res judicata* in a *second* lawsuit filed by the plaintiff after the first suit had been adjudicated.  *Weston Funding Corp. v. Lafayette Towers, Inc.*, 550 F.2d 710, 712-13 (2d Cir. 1977).  Similarly, Defendants here can pursue dismissal based on *res judicata*, if applicable, at the appropriate time.

When, as here, summary judgment is granted on the basis that claims are not ripe, the judgment that is entered is typically without prejudice. *See Association of Amer. Medical*

---

[4]  Contrary to the assertions in defendants' brief, the City does not admit that it "lacks evidence of injury attributable to alleged contamination at the Remaining Sites."  Memorandum at 2.  To the contrary, *defendants* admit that the evidence of injury at the remaining stations is "substantially the same for the Remaining Sites as for the stations that were the subject of the September 10, 2013, Opinion and Order."  *Id*.

*Colleges v. U.S.*, 217 F.3d 770 (9th Cir. 2000) (reversing the district court's dismissal *with prejudice* and dismissing case *without prejudice* because the plaintiffs' claim was not ripe); *see also Public Water Supply Dist. No. 8 of Clay County, Missouri v. City of Kearney, Missouri*, 401 F.3d 930, 932 (8th Cir. 2005) (holding the case was not ripe and remanding to the district court for entry of judgment dismissing case without prejudice); *Sirob Imports, Inc. v. Peerless Ins. Co.*, Civil No. 12-CV-5576 ADS ETB, ___ F.Supp. 2d ___, 2013 WL 3972516 (E.D.N.Y. Aug. 2, 2013) ("'[d]ismissal without prejudice is [ ] the proper disposition in the ripeness context.' *Country View Estates @ Ridge LLC v. Town of Brookhaven*, 452 F.Supp.2d 142, 144 (E.D.N.Y. 2006).").[5]

The Second Circuit Court applies the general rule that claims which are not ripe should be dismissed without prejudice. In *Certain Underwriters at Lloyd's, London v. St. Joe Minerals Corp.*, 90 F.3d 671 (2d Cir. 1996), the court found an excess liability insurer's claim for declaratory judgment not to be ripe because (among other reasons) no estimate of cleanup costs had been developed yet. *Certain Underwriters*, 90 F.3d at 676. The court affirmed the district court's dismissal of the case without prejudice as the proper disposition for the case. *Id.* The court decided it was correct to "leave[ ] open the possibility that at some future time a more complete development of the facts might lead to a different result. Should such development lead to further litigation, the district court then can resolve the issues of jurisdiction and abstention." *Id.* Here, as in *Certain Underwriters*, there is a distinct "possibility that at some future time a more complete development of the facts might lead to a different result."

---

[5] Defendants rely on *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990), however, *Zagano* is a case involving Rule 41 dismissals only, and therefore is not the applicable standard at this juncture.

The Court's summary judgment ruling found there is currently insufficient evidence that MTBE contamination caused appreciable injury to the City. *In re MTBE*, Doc. No. 3792, Slip Op. at 55. The Court's opinion, however, also recognized the ripeness implications of its "no injury" ruling, and distinguished the Second Circuit's holding in *In Re MTBE: City of New York v. Exxon Mobil Corp.*, 725 F.3d 65 (2d Cir. 2013) that the injuries in that case *were* ripe:

> I note that this holding is not contrary to the discussion of ripeness, injury and standing in the *New York City* case. The defendants in that case argued on appeal that, because the plaintiff was not presently using the water sources at issue, its claims were not prudentially ripe. The Second Circuit rejected this argument, holding that: [plaintiff's] claims are prudentially ripe. It brought suit only after testing showed the presence of MTBE in the Station Six Wells. . . ." *New York*, [725 F.3d 65, 110 (2d Cir. 2013)] Here, by contrast, Fresno has admitted that it has no standing to bring claims arising from groundwater or soil contamination *per se*, and it has failed to show a causal connection between groundwater or soil contamination at the sites at issue in this motion and MTBE detection in its production wells."

Slip Op. at 59, n.164.

As the Second Circuit recognized: "[t]he doctrine of prudential ripeness 'constitutes an important exception to the usual rule that where jurisdiction exists a federal court must exercise it' and allows a court to determine 'that the case will be better decided later.' . . . Prudential ripeness is 'a tool that courts may use to enhance the accuracy of their decisions . . . .'" *In re MTBE, supra*, 725 F.3d at 110.

Here, defendants have argued, and the Court agreed, that MTBE contamination from the stations for which the City has asserted claims *may* never reach the City's production wells. *See* Slip Op. at 61 ("the water *may* be trapped in Fresno's hundred-foot vadose zone, and never permeate the deeper aquifers serving Fresno's production wells."). If this prediction proves to be

6

inaccurate in the future, the City should not be barred from asserting claims for that injury.   As

the Second Circuit put it (although in the context of finding that certain claims *were* ripe), to

preclude a public water supplier from asserting claims for contamination of public water supplies

"would work 'a palpable and considerable hardship.'" *In re MTBE, supra*, 725 F.3d at 111.

The damages alleged in the City's complaint include claims that the "City of Fresno must

assess, evaluate, investigate, monitor, abate, clean-up, correct, contain, and remove MTBE and/or

TBA from Fresno's water system, and secure alternative water supplies (with related operational

impacts), all at significant expense, loss, and damage." Han Decl. Ex. 2, First Amended

Complaint ¶ 78.  As set forth in plaintiff's complaint, "the water system includes Fresno's right

to appropriate and use groundwater for water supplies." Id. at ¶ 4.  Further, the City alleged it

would "sustain substantially increased expenses, loss of the use of water and a threat to its

appropriative water rights." Id. at ¶ 79.

At summary judgment, plaintiff reiterated the damages it was seeking.  See Slip Op. at 57

("Fresno seeks damages from the Limitations Defendants to perform site-assessments at the

Limitations Sites and Soil Detection Sites in order to determine whether they must be remediated

in order to protect its water production wells.")

Defendants argue that the City must present "evidence linking" any detection of MTBE

above 5 ppb "to any alleged injury to the City . . ." before filing suit, or risk dismissal with

prejudice. Memorandum at 5.   Such a rule would have severe consequences for all water

providers, not just the City.  Multiple juries in multiple cases have found these very same

defendants' liable for knowingly using MTBE in gasoline without regard for its environmental

risks.  Rules that bar meritorious claims by public water suppliers for MTBE contamination,

7

whether they involve application of the statute of limitations or judgments with prejudice for claims that are not yet ripe, will impose "a hardship and inequity of the highest order." *In Re MTBE, supra*, 725 F.3d at 111.

The City <u>did retain</u> an expert to assess the extent of MTBE contamination emanating from defendants' stations. The assessment was intended to provide the City with critical information needed to make decisions about the best and appropriate remedies to protect the City's drinking water supplies and wells from MTBE contamination. The City, however, learned that because very little investigation had been done at any of the sites, the City's expert would need to generate additional data in order to complete the assessment. This data was both expensive and time consuming to obtain. The lack of data was due solely to defendants' and third parties' failure to conduct adequate site investigations. Since the costs of the additional investigation cured defects in prior investigations and were part of the process to implement a remedy, these costs are clearly damages accrued to the City. The City, however, could not identify or implement a remedy without incurring these costs, and thus was caught in a classic catch-22.

Although the Court's opinion notes a lack of a fate and transport analysis in this case (Slip Op. at 59), it also notes that the City's expert Dave Norman testified there wasn't sufficient information on MTBE to even *perform* such an analysis. See Slip Op. at 18. Norman recommended that assessments be conducted at the sites at issue in order to determine whether remediation is appropriate, including installation of monitoring wells to detect the extent of the MTBE contamination. *Id*. at 32. Additional testing would be expensive and time consuming, and in fact the expense of such testing was an element of the City's damage claim. This factor

8

weighs in favor of a judgment without prejudice, not a judgment with prejudice. Applying the doctrine of ripeness and dismissing without prejudice would also be consistent with the Second Circuit's observation that ripeness is a "tool that courts may use to enhance the accuracy of their decision." In re MTBE, supra, 725 F.3d at 110.

"A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all. . . .'" *Association of Amer. Medical Colleges v. U.S.*, 217 F.3d 770, 782 (9th Cir. 2000) (quoting *Texas v. United States*, 523 U.S. 296, 300, 118 S.Ct. 1257, 140 L.Ed.2d 406 (1998)). Here, as in *Association of Amer. Medial Colleges*, the City's claims are contingent on future events. Injury as defined in the Court's summary judgment opinion still may occur if (or when) MTBE is detected in the City's wells. Dismissing the City's claims with prejudice now would preclude future claims even though appreciable harm from MTBE released at defendants' stations may still occur and have significant impact on the City of Fresno and its community. *See* Slip Op. at 61. Defendants can defend any potential future case with arguments of res judicata or collateral estoppel, if appropriate.

The possibility of foreclosure of a second lawsuit may mean the difference between a city being able to provide clean water to its community and not being able to provide clean water. As the Second Circuit noted, contamination of public water supplies involves "a core municipal function and implicat[es] an unusually compelling public interest . . . ." *In re MTBE, supra*, 725 F.3d at 112.

Ripeness is a question of timing. *Brown v. Ferro Corp.*, 763 F.2d 798, 802 (6th Cir. 1985) (The precise focus of ripeness doctrine is that it is "peculiarly a question of timing."). This Court did <u>not</u> conclude that there will be no injury in the future, but instead limited its opinion to

9

finding that there is no current injury to the City's wells.  This is a matter of timing, not

substance, and therefore falls under the ripeness doctrine.

Dismissal without prejudice is appropriate here because although the Court reached the

conclusion that as a matter of law, the City's evidence does not establish *current* injury, MTBE

released from defendants' stations may still contaminate the City's wells and have a significant

adverse impact on the public's water supply.

For the foregoing reasons, any entry of judgment should be *without prejudice*.

Respectfully submitted,

Dated: January 30, 2014
                **MILLER, AXLINE & SAWYER**
                A Professional Corporation

By:         /s/
                MICHAEL AXLINE, CA. State Bar #229840
                Attorneys for Plaintiff CITY OF FRESNO
                MILLER, AXLINE & SAWYER
                A Professional Corporation
                1050 Fulton Avenue, Suite 100
                Sacramento, CA  95825-4225
                Telephone:  (916) 488-6688
                Facsimile:  (916) 488-4288

1

## PROOF OF SERVICE VIA LEXISNEXIS FILE AND SERVE

2        I, the undersigned, declare that I am, and was at the time of service of the paper(s) herein
3  referred to, over the age of 18 years and not a party to this action.  My business address is 1050
Fulton Avenue, Suite 100, Sacramento, CA  95825-4225.

4        On the date below, I served the following document on all counsel in *City of Fresno v.*
5  *Chevron U.S.A., Inc., et al.*, Case No. 04 Civ 4973 (SAS), electronically through LexisNexis
File & Serve:

6      **PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION RE**
7        **DISMISSAL OF REMAINING CLAIMS *WITH PREJUDICE***

8        I declare under penalty of perjury under the laws of the United States of America and the
9  State of California that the foregoing is true and correct.

10      Executed on January 30, 2014, at Sacramento, California.

11

12                                KATHY HERRON

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28