UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE: METHYL TERTIARY BUTYL ETHER ("MTBE") PRODUCTS LIABILITY LITIGATION | : : : : : | Master File No. 1:00–1898 MDL 1358 (SAS) M 21-88 |
| This document relates to: | : : | |
| *City of Fresno v. Chevron U.S.A., Inc., et al.*, 1:04-cv-04973 | : : : | |

## DECLARATION OF MOLLY MCGINLEY HAN IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION RE DISMISSAL OF REMAINING CLAIMS *WITH PREJUDICE*

I, Molly McGinley Han, declare:

1.      I am one of the attorneys in this case for Plaintiff City of Fresno. I have been involved in the pretrial proceedings in this action. This Declaration is based on my personal knowledge and, if called as a witness, I could testify competently thereto.

2.      Attached hereto as Exhibit 1 is a true and correct copy of excerpts from the transcript of the Telephone Conference which took place on November 18, 2013 (mislabeled as November 22, 2013) before the Honorable Shira A. Scheindlin in the above-referenced Court.

3.      Attached hereto as Exhibit 2 is a true and correct copy of excerpts from the First Amended Company filed November 18, 2004, in the above-referenced matter.


I declare under penalty of perjury that the foregoing is true and correct.

Executed this 30th day of January, 2014 at Sacramento, California.

MOLLY MCGINLEY HAN

1

# EXHIBIT 1

1

Dbikmtb1

1
2    UNITED STATES DISTRICT COURT
2    SOUTHERN DISTRICT OF NEW YORK
3    ------------------------------x
3
4    In Re: METHYL TERTIARY BUTYL            00 MDL 1358 (SAS)
4          ETHER ("MTBE") PRODUCTS           00 CV  1898 (SAS)
5          LIABILITY LITIGATION
5                                            Telephone Conference
6    ------------------------------x
6
7                                            New York, N.Y.
7                                            November 22, 2013
8                                            4:30 p.m.
8
9    Before:
9
10             HON. SHIRA A. SCHEINDLIN
10
11                                           District Judge
11
12
12
13             APPEARANCES
13
14
14   MILLER AXLINE & SAWYER
15        Attorneys for Plaintiffs
15   BY:  DUANE C. MILLER
16
16   JACKSON GILMOUR & DOBBS
17        Attorneys for Plaintiffs
17   BY:  JOHN D.S. GILMOUR
18        NATHAN SHORT
18
19   COHN LIFLAND PEARLMAN HERRMANN & KNOP LLP
19        Attorneys for New Jersey Plaintiffs
20   BY:  LEONARD Z. KAUFMANN
20
21   BARON BUDD PC
21        Attorneys for Plaintiffs
22   BY:  ROBIN GREENWALD
22        CARLA BURKE
23
24
25

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

Dbi0mtb2                          Conference

1           THE COURT:  Well, CMO-108 would have summarized just
2    what happened in the conference.  It's one of the post
3    conference orders that summarizes each.
4           MR. PARKER:  Yes.
5           THE COURT:  So I did do it orally.
6           I remember the back and forth with Mr. Axline, I
7    think.  I had to come down one way or the other, and I said
8    with prejudice.
9           MR. PARKER:  Correct.
10          THE COURT:  And he understood that.
11          Mr. Miller, I really did think I reached this issue
12   once.  I have a memory now of what Mr. Parker said.  I didn't
13   do it apparently in the September 10 order.  But a year ago
14   when I went back and forth with Mr. Axline, conference after
15   conference, I finally said this has to be with prejudice.  If
16   this is different than that, issue because of the nature of the
17   ruling that essentially is premature, and that may have been a
18   slightly different issue that I was discussing with him.
19   Because you brought the claims, and we didn't have summary
20   judgment style briefing, we just went back, because he was
21   withdrawing them.  And he wanted to withdraw without prejudice.
22   And finally I said it is with prejudice.  But this should be
23   briefed.  If this issue should be briefed as to whether or not
24   it should be with or without prejudice because the ground in
25   the September 10 order was that they were not -- they were not

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

30

Dbi0mtb2                        Conference
1   ready to be brought, that may be slightly different.  You would
2   have to go back to the transcripts a year ago.  Because I
3   remember this.  It went on for three conferences.  And I was
4   mostly talking to Mr. Axline.  He was trying to make the best
5   argument he could, and I finally said with prejudice.  I don't
6   know if it is an identical situation or we were talking about
7   something different.  This may be one of those things that,
8   sadly, still has to be done on papers.
9           But let's talk about time frame.
10          Mr. Miller said I want a little time to see what
11  settlements I can wrap up, if any.  Mr. Miller gave only one
12  example so far of one case that he thinks one station that
13  might really be different.  And then he has to make a decision
14  on the remaining stations where there is not a settlement, but
15  the evidence is the same, is that which supported the
16  September 10 order.
17          With respect to those, the only issue might be with or
18  without prejudice.  In other words, he may be ready to give up
19  on those for now, based on that order, but wants to brief the
20  issue of whether it should be with or without prejudice.
21          So you need to decide that, Mr. Miller within a time
22  frame that we should be discussing now.  You said you wanted a
23  little time to see if you would wrap settlements.  What were
24  you thinking of?
25          MR. MILLER:  Because we have public entities that meet
                    SOUTHERN DISTRICT REPORTERS, P.C.
                            (212) 805-0300

# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------x

In re: Methyl Tertiary Butyl Ether ("MTBE")
Products Liability Litigation

This Document Relates To:

CITY OF FRESNO

Plaintiff,

vs.

CHEVRON U.S.A. INC.; CHEVRON
ENVIRONMENTAL SERVICES COMPANY;
SHELL OIL COMPANY; EXXON CORPORATION;
TOSCO CORPORATION; UNOCAL
CORPORATION; UNION OIL COMPANY OF
CALIFORNIA; KERN OIL & REFINING
COMPANY; VALERO REFINING COMPANY-
CALIFORNIA; VALERO MARKETING AND
SUPPLY COMPANY [DOE 1]; TESORO
PETROLEUM CORPORATION [DOE 2]; TESORO
REFINING AND MARKETING COMPANY, INC.
[DOE 3]; TEXACO REFINING AND MARKETING
INC.; ULTRAMAR, INC.; ARCO
CHEMICAL COMPANY; LYONDELL
CHEMICAL COMPANY; COASTAL CHEM, INC.;
EXXON MOBIL CORPORATION;
CONOCOPHILLIPS CORPORATION; ATLANTIC
RICHFIELD COMPANY; EQUIVA
SERVICES LLC; TEXACO, INC.; EQUILON
ENTERPRISES LLC; CHEVRONTEXACO
CORPORATION; NEW WEST PETROLEUM;
DUKE ENERGY MERCHANTS, LLC; DUKE
ENERGY TRADING AND MARKETING, LLC;
PACIFIC SOUTHWEST TRADING; NORTHRIDGE
PETROLEUM MARKETING U.S., INC.; DUKE
ENERGY MERCHANTS CALIFORNIA, INC.; NEW
WEST PETROLEUM, LLC;
WESTPORT PETROLEUM, INC.; NELLA
OIL COMPANY, LLC; CITGO PETROLEUM
CORPORATION [DOE 20]; AND DOES 4
THROUGH 200, 202 THROUGH 400, and
401 THROUGH 600, inclusive,

Defendants.

Master File C.A. No. 1:00-Civ.
1898

MDL No 1358 (SAS)

Case No. 04 CV-04973 (SAS)

Transferred from:
United States District Court for
the Northern District of California
Case No. C 03-5378 JSW
(Honorable Jeffrey S. White)

Removed from:
Superior Court of California,
County of San Francisco,
Case No. CGG-03-425649

**FIRST AMENDED**
**COMPLAINT**

**JURY TRIAL DEMANDED**

1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

In re: Methyl Tertiary Butyl Ether ("MTBE")
Products Liability Litigation

This Document Relates To:

CITY OF FRESNO

      Plaintiff,

      vs.

CHEVRON U.S.A. INC.; CHEVRON
ENVIRONMENTAL SERVICES COMPANY;
SHELL OIL COMPANY; EXXON CORPORATION;
TOSCO CORPORATION; UNOCAL
CORPORATION; UNION OIL COMPANY OF
CALIFORNIA; KERN OIL & REFINING
COMPANY; VALERO REFINING COMPANY-
CALIFORNIA; VALERO MARKETING AND
SUPPLY COMPANY [DOE 1]; TESORO
PETROLEUM CORPORATION [DOE 2]; TESORO
REFINING AND MARKETING COMPANY, INC.
[DOE 3]; TEXACO REFINING AND MARKETING
INC.; ULTRAMAR, INC.; ARCO
CHEMICAL COMPANY; LYONDELL
CHEMICAL COMPANY; COASTAL CHEM, INC.;
EXXON MOBIL CORPORATION;
CONOCOPHILLIPS CORPORATION; ATLANTIC
RICHFIELD COMPANY; EQUIVA
SERVICES LLC; TEXACO, INC.; EQUILON
ENTERPRISES LLC; CHEVRONTEXACO
CORPORATION; NEW WEST PETROLEUM;
DUKE ENERGY MERCHANTS, LLC; DUKE
ENERGY TRADING AND MARKETING, LLC;
PACIFIC SOUTHWEST TRADING; NORTHRIDGE
PETROLEUM MARKETING U.S., INC.; DUKE
ENERGY MERCHANTS CALIFORNIA, INC.; NEW
WEST PETROLEUM, LLC;
WESTPORT PETROLEUM INC.; NELLA
OIL COMPANY LLC; CITGO PETROLEUM
CORPORATION [DOE 201]; AND DOES 4
THROUGH 200, 202 THROUGH 400, and
401 THROUGH 600, inclusive,

      Defendants.

Master File C.A. No. 1:00-Civ.
1898

MDL No 1358 (SAS)

Case No. 04 CV-04973 (SAS)

Transferred from:
United States District Court for
the Northern District of California
Case No. C 03-5378 JSW
(Honorable Jeffrey S. White)

Removed from:
Superior Court of California,
County of San Francisco,
Case No. CGC-03-425649

**FIRST AMENDED
COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff City of Fresno hereby alleges as follows:

## I. SUMMARY OF THE CASE

1. The City of Fresno is responsible for purveying clean, safe drinking water to approximately 450,000 people in the County of Fresno, California. Expanding plumes of methyl tertiary butyl ether ("MTBE") and tertiary butyl alcohol ("TBA") contaminate and threaten the water system and drinking water on which Fresno's schools, hospitals, businesses, residents and visitors depend.

2. The defendants in this action are the refiners who manufacture gasoline containing MTBE and TBA, manufacturers of MTBE, and the designers, promoters, marketers, formulators, distributors, suppliers, and retailers of gasoline containing MTBE and TBA, which contaminate and threaten Fresno's water system and public water supply. Among other things, the defendants knowingly and willfully promoted and marketed MTBE and TBA and/or gasoline containing MTBE and/or TBA, when they knew or reasonably should have known that these compounds would reach groundwater, pollute public water supplies, render drinking water unusable and unsafe, and threaten the public health and welfare, as they have in Fresno.

3. Fresno filed this lawsuit to recover compensatory and all other damages, including all necessary funds to remove MTBE and TBA pollution from public drinking water supplies, to restore the reliability of Fresno's water system and drinking water supply, to abate MTBE and TBA plumes, and to assure that the responsible parties -- and not the City of Fresno nor the public -- bear the expense.

## II. PLAINTIFF

4. Plaintiff City of Fresno ("Fresno") provides water to the residents of Fresno. The City of Fresno bears the responsibility of owning and operating a water system which serves the public, including drinking water wells with related and ancillary equipment, pumps, pipes, water treatment equipment, delivery systems and infrastructure which will be referred to collectively in this complaint as the "water system." The drinking water sources for the Fresno water system include more than two hundred and fifty (250) wells owned and operated by Fresno within or near city limits. Among other things, the water system includes Fresno's right to appropriate and use groundwater for water supplies.

(c)     Even at extremely low levels, MTBE renders drinking water putrid, foul, and unfit for purveying to consumers, and TBA also renders drinking water unfit for purveying as drinking water to the pubic;

(d)     MTBE and TBA and gasoline containing MTBE and/or TBA pose significant threats to public health;

(e)     Defendants failed to provide adequate warnings of the known and foreseeable risks of MTBE and TBA and gasoline containing MTBE and/or TBA, including but not limited to groundwater contamination with both MTBE and TBA;

(e)     Defendants failed to conduct reasonable, appropriate or adequate scientific studies to evaluate the environmental fate and transport and potential human health effects of MTBE and/or TBA and gasoline containing MTBE and/or TBA; and

(f)     Commercial grade MTBE is defectively designed and manufactured when it contains unnecessary but environmentally harmful impurities such as TBA.

77.   MTBE, and/or TBA, and/or gasoline containing MTBE and/or TBA, were used in a manner in which they were forseeably intended to be used, and as a proximate result of the defects previously described, MTBE and/or TBA and gasoline containing MTBE and/or TBA proximately caused the City of Fresno to sustain the injuries and damages set forth in this complaint.

78.   As a direct and proximate result of the acts and omissions of the defendants alleged herein, the City of Fresno must assess, evaluate, investigate, monitor, abate, clean-up, correct, contain, and remove MTBE and/or TBA from Fresno's water system, and secure alternative water supplies (with related operational impacts), all at significant expense, loss, and damage.

79.   As a further direct and proximate result of the acts and omissions of the defendants alleged herein, Fresno will sustain substantially increased expenses, loss of the use of water and a threat to its appropriative water rights, all to Fresno's damage in an amount within the

jurisdiction of this court. Fresno is also entitled to recover costs incurred in prosecuting this action and prejudgment interest to the full extent permitted by law.

80. Defendants ARCO, Chevron USA, Chevron Environmental Services Company, Shell, Exxon, Tosco (after 1996), Unocal, Union Oil, Kern Oil, TRMI, Ultramar (after 1996), Conoco, Equilon, ARCO Chemical, Lyondell, Valero Refining, Valero Marketing, and DOES 100-200 knew that it was substantially certain that their acts and omissions described above would threaten public health and cause extensive contamination of public drinking water supplies and property damage. These defendants committed each of the above described acts and omissions knowingly, willfully, and with oppression, fraud, and/or malice and with conscious disregard of the health and safety of others, and of plaintiff's water rights.

81. This conduct is reprehensible, despicable, and was performed to promote sales of MTBE and/or TBA and/or gasoline containing MTBE and/or TBA in conscious disregard of the known risks of injury to health and property. These defendants acted with willful and conscious disregard of the probable dangerous consequences of that conduct and its foreseeable impact upon Fresno. Therefore, Fresno requests an award of exemplary damages in an amount sufficient to punish ARCO, Chevron USA, Shell, Exxon, Tosco (after 1996), Unocal, Union Oil, Kern Oil, TRMI, Ultramar (after 1996), Conoco, Equilon, ARCO Chemical, Lyondell, Valero Refining, Valero Marketing, and DOES 100-200. After the completion of additional investigation and discovery, Fresno may seek leave of court to amend this complaint to allege a claim for exemplary damages against additional defendants if warranted by the facts.

## SECOND CAUSE OF ACTION
### (Negligence Against All Defendants)

82. Fresno refers to paragraphs 1 through 81 above, and by this reference incorporates them into this cause of action as though fully set forth herein.

83. Defendants had a duty to use due care in the design, manufacture, formulation, handling, control, disposal, sale, testing, labeling, warnings, use, and instructions for use of MTBE and TBA, and gasoline containing MTBE and/or TBA, and gasoline delivery systems.

84. Defendants so negligently, carelessly, and/or recklessly designed, manufactured, formulated, handled, labeled, instructed, controlled (or the lack thereof), tested (or the lack

3. An Order declaring that the defendants' gasoline delivery systems constitute a nuisance in the manner they are maintained and operated, and compelling defendants to abate that nuisance;

4. Pursuant to Civil Code section 1882.2, three times the amount of actual damages, plus the cost of the suit and reasonable attorneys' fees;

5. Reasonable attorneys' fees pursuant to Code of Civil Procedure section 1021.5 or otherwise, and costs incurred in prosecuting this action, and prejudgment interest to the full extent permitted by law; and

6. Such and other further relief as the court may deem just and proper.


Dated:  October 28, 2004              **MILLER, AXLINE & SAWYER**
                                      A Professional Corporation


                                      By:_____
                                          DANIEL BOONE
                                          Attorneys for Plaintiff


25

**PROOF OF SERVICE VIA LEXISNEXIS FILE AND SERVE**

I, the undersigned, declare that I am, and was at the time of service of the paper(s) herein referred to, over the age of 18 years and not a party to this action.  My business address is 1050 Fulton Avenue, Suite 100, Sacramento, CA  95825-4225.

On the date below, I served the following document on all counsel in *City of Fresno v. Chevron U.S.A., Inc., et al.*, Case No. 04 Civ 4973 (SAS), electronically through LexisNexis File & Serve:

**DECLARATION OF MOLLY MCGINLEY HAN IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION RE DISMISSAL OF REMAINING CLAIMS *WITH PREJUDICE***

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on January 30, 2014, at Sacramento, California.

KATHY HERRON