UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation | Master File No. 1:00-1898<br>MDL 1358 (SAS)<br>M21-88 |
| **This document relates to:**<br><br>*City of Fresno v. Chevron U.S.A. Inc., et al* | |

# REPLY IN SUPPORT OF DEFENDANTS' MOTION RE DISMISSAL OF REMAINING CLAIMS *WITH PREJUDICE*

-i-

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ...........................................................................................................1

II. THE MOTION SITES AND THE REMAINING SITES SHOULD BE
 DISMISSED *WITH* PREJUDICE........................................................................................2

 A. Dismissal Should Be With Prejudice Because The Court Concluded On
  Summary Judgment That Plaintiff Failed To Prove An Essential Element
  Of The Claims Asserted Against Those Stations........................................................2

 B. Plaintiff's Cited Case Law Is Not On Point..............................................................4

 C. Plaintiff's Lack of Evidence of Future Damages Does Not Justify A
  Dismissal Without Prejudice......................................................................................7

 D. Plaintiff's Attempt To Distinguish Rule 41 and *Zagano* Is Misplaced And
  Inconsequential. .........................................................................................................8

III. CONCLUSION..............................................................................................................11

# TABLE OF AUTHORITIES

Page(s)

Cases

*Association of American Medical Colleges v. United States*
 217 F.3d 770 (9th Cir. 2000) ...............................................................................................4

*Certain Underwriters at Lloyds, London v. St. Joe Minerals Corp.*
 90 F.3d 671 (2nd Cir. 1996) ................................................................................................6

*Country View Estates @ Ridge, LLC v. Town of Brookhaven*
 452 F. Supp. 2d 142 (E.D.N.Y. 2006) ............................................................................5, 6

*In re MTBE: City of New York v. Exxon Mobil Corporation*

 725 F.3d 65 (2d. Cir. 2013) .................................................................................................7

*McCulley v. Anglers Cove Condominium Assn.*
 977 F. Supp. 177 (E.D.N.Y. 1997) ......................................................................................3

*Public Water Supply District No. 8 of Clay County, Missouri v. City of Kearney*
 401 F. 3d 930 (8th Cir. 2005) .........................................................................................4, 5

*Sirob Imports, Inc. v. Peerless Ins. Co.*
 2013 WL 3972516 (E.D.N.Y. Aug. 2, 2013) ......................................................................5

*Weston Funding Corp. v. Lafayette Towers, Inc.*
 550 F.2d 710 (2d Cir. 1977) ................................................................................................3

*Zagano v. Fordham Univ.*
 900 F.2d 12 (2d Cir. 1990) ..............................................................................2, 7, 8, 9, 10

Other Authorities

FRCP 12(b)(1) .........................................................................................................................4, 5

FRCP 12(b)(2) ............................................................................................................................3

FRCP 12(b)(6) ............................................................................................................................6

FRCP 41 ..................................................................................................................................8, 9

FRCP 56 ..................................................................................................................................3, 8

I. **INTRODUCTION**

Plaintiff City of Fresno ("Plaintiff" or "City") has had more than ten years to litigate this case, develop its theories, conduct discovery, hire expert witnesses, and develop the evidentiary record needed to prove its case. Despite having so much time, when pressed on summary judgment to present evidence of a necessary element of its case with respect to the Motion Sites[1], the City failed to present any evidence "from which a reasonable jury could find that the groundwater and soil contamination at the sites at issue in this motion threaten its production wells." Sept. 10, 2013 Opinion & Order at 62. The City similarly lacks such evidence for the Remaining Sites.[2] Despite this fatal deficiency, Plaintiff asks this Court to treat its claims as unripe and dismiss the case without prejudice. Such a result would be wholly improper.

It is well-settled that a finding on summary judgment that a plaintiff lacks an essential element of its claim warrants entry of final judgment with prejudice. Plaintiff fails to cite any authority to the contrary. Plaintiff's repeated citations to unrelated case law for sweeping overstatements regarding the law of ripeness and prejudice should be rejected. This is not a situation where a plaintiff filed a legal action prematurely before exhausting its administrative remedies. This is not a situation where a plaintiff filed a claim for declaratory relief regarding the coverage of an insurance policy before events occurred that would trigger the policy. This is

---

[1] The Motion Sites are the stations covered by Certain Defendants' Motion for Summary Judgment Based on the Statute of Limitations or, Alternatively, for Lack of Injury and discussed in the Court's September 2013 summary judgment ruling: (1) Tosco #3058-7, 1610 N. Palm Ave.; (2) Valley Gas, 2139 S. Elm Street; (3) Chevron #9-4374, 1160 Fresno Street; (4) Chevron #9-9093, 3996 N. Parkway Drive; (5) Tosco #3911-8, 1605 N. Cedar; (6) Beacon-Arco #615, 1625 Chestnut Ave.; (7) 7-Eleven #13917, 3645 E. Olive Avenue.

[2] The Remaining Sites in the case are: (1) M&S Texaco, 2619 S. East Avenue; (2) 7-Eleven #19198, 1596 N. Palm Avenue; (3) Shell (1212), 1212 Fresno Street; (4) U&A Gas & Food Mart, 2929 N. Blackstone; (5) Van Ness Auto, 2740 N. Van Ness; and (6) Red Triangle, 2809 S. Chestnut Avenue (hereinafter, the "Remaining Sites").

not a situation where a plaintiff filed a claim in a court that lacked jurisdiction.  While it may be common for courts to dismiss cases early in proceedings without prejudice due to lack of jurisdiction or lack of ripeness, given the procedural posture, lengthy litigation history, and amount of work performed on this case, dismissal *with prejudice* is the only just result.

Furthermore, the fact that Plaintiff failed to garner the evidence it needed to prove any injury does not justify dismissal without prejudice.  All plaintiffs have a fundamental obligation to gather evidence to support each element of their claims, even if it may be difficult or burdensome to do so.  In light of the amount of time that has been spent litigating this case, the considerable discovery and motion practice, and the incredible burden placed on Defendants[3] to defend themselves over the past ten years, any right Plaintiff might have had to a free pass (*i.e.,* dismissal without prejudice) has long since passed.  This is consistent with how this Court has disposed of claims at other sites where Plaintiff lacked evidence and the principles set forth in *Zagano v. Fordham Univ.,* 900 F.2d 12, 14 (2d Cir. 1990).  Defendants therefore respectfully request that their Motion re Dismissal with Prejudice be granted.

## II.     THE MOTION SITES AND THE REMAINING SITES SHOULD BE DISMISSED *WITH* PREJUDICE

### A.     Dismissal Should Be With Prejudice Because The Court Concluded On Summary Judgment That Plaintiff Failed To Prove An Essential Element Of The Claims Asserted Against Those Stations.

Plaintiff takes the position that judgment should be entered *without* prejudice because the Court's finding on summary judgment was that the claims "are not ripe." (Opposition, p. 1.) The Court made no such finding, nor is Plaintiff's assertion consistent with the law.

---

[3]  The term "Defendants" includes Exxon Mobil Corporation, Shell Oil Company, Equilon Enterprises LLC, Equiva Services LLC, Texaco Refining and Marketing Inc., CITGO Petroleum Corporation, Chevron U.S.A. Inc., Union Oil Company of California, Texaco Inc., Nella Oil Company, and New West Petroleum, all of whom join in this motion.

-3-

It is well-established that summary judgment results in dismissal of a claim <u>with prejudice</u>.  *See McCulley v. Anglers Cove Condominium Assn.,* 977 F. Supp. 177, 180 (E.D.N.Y. 1997) ("the granting of a summary judgment motion operates as a judgment on the merits with preclusive effect"); *see also Weston Funding Corp. v. Lafayette Towers, Inc.*, 550 F.2d 710, 713-14 (2d Cir. 1977) (granting summary judgment because plaintiff has no cause of action is a dismissal on the merits and has preclusive effect).

Plaintiff fails to cite to any authority to the contrary.  Indeed, it does not appear that any of the cases cited by Plaintiff are in the context of summary judgment.  Instead, Plaintiff disingenuously characterizes *McCulley* and selectively quotes language from this Court's opinion without context.  (Opposition, p. 4.)  In *McCulley*, although the defendant moved for summary judgment under FRCP 56(c), the motion was in substance a FRCP 12(b)(2) motion to dismiss for lack of personal jurisdiction.  *McCulley*, 977 F. Supp. at 178, 180.  The district court explained the difference between the two procedural vehicles, stating that a "12(b)(2) motion is nondispositive and is decided without prejudice to the losing party, <u>whereas, the granting of a summary judgment motion operates as a judgment on the merits with preclusive effect</u>."  *Id.* at 180 (emphasis added).  With this is mind, the court held that, because there was no showing that the court had jurisdiction, "dismissal of the matter without prejudice is appropriate."  *Id.*  This language, which Plaintiff cites to support its argument that summary judgment rulings can be with or without prejudice, only reinforces the principle that a judgment on the merits warrants a dismissal with prejudice so that it has preclusive effect, as opposed to a judgment based on jurisdiction that is without prejudice.

Here, the Court's decision was clearly on the merits.  The Court repeatedly pressed Plaintiff to present evidence of injury and Plaintiff failed to do so.  (Roy Dec., Ex. A, p. 26.)  The

Court had no other choice but to conclude that "Fresno has presented no evidence from which a reasonable jury could find that the groundwater and soil contamination at the sites at issue in this motion threaten its production wells." (Roy Dec., Ex. A, p. 62.)

**B.     Plaintiff's Cited Case Law Is Not On Point.**

Plaintiff cites to a series of cases for the proposition that where a summary judgment is granted based on lack of ripeness, "judgment is typically entered without prejudice." (Opposition, pp. 4-5.) However, not one of Plaintiff's cited cases is on point. Indeed, not one of the cited cases addresses summary judgment. Although each of these cases presents an example of an instance where a matter was dismissed without prejudice, the cases are so different from this case that they should be disregarded. For example, in *Association of American Medical Colleges v. United States*, 217 F.3d 770 (9th Cir. 2000), a group of medical associations sought declaratory and injunctive relief against the Department of Health and Human Services and the Department of Justice relating to an audit program the government initiated for reimbursements to teaching hospitals. *Id.* at 773. The district court dismissed the action for lack of subject matter jurisdiction on a motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure (not summary judgment), finding that the action was premature because there had been no final agency action, the plaintiffs had adequate alternative remedies, and the issues were not ripe for adjudication. *Id.* The Ninth Circuit affirmed the dismissal and, without providing any explanation, changed the dismissal from being with prejudice to without prejudice. *Id.* at 785.

Plaintiff's citation to *Public Water Supply District No. 8 of Clay County, Missouri v. City of Kearney*, 401 F. 3d 930 (8th Cir. 2005), is equally irrelevant. The case involved a dispute over whether the water district could supply water to properties that were detached from the

district. *Id.* at 931.  The court refused to address the merits of the dispute, finding that the case was not ripe because there were no detached properties and that detachment proceedings were still pending in Missouri courts. *Id.* at 933.  The Court noted that any opinion it issued would be advisory in nature. *Id.*

In *Sirob Imports*, plaintiff sued its insurance company for breach of contract based on a fire insurance policy. *Sirob Imports, Inc. v. Peerless Ins. Co.*, 2013 WL 3972516, *1 (E.D.N.Y. Aug. 2, 2013).  The policy included conditions precedent that must be fully complied with before the plaintiff could bring a legal action against the defendant. *Id.* at *2.  Specifically, the policy required the plaintiff to complete repairs and reconstruction within two years of the date of the incident before the defendant was required to provide replacement cost coverage. *Id.* at *5.  Because the plaintiff conceded that it had not completed repairs or reconstruction within two years of the incident, plaintiff failed to satisfy the condition precedent. *Id.*  Thus, the district court found that the case was not yet ripe for adjudication, and granted the defendant's FRCP 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. *Id.* at *6-7.  Due to its lack of subject matter jurisdiction and inability to consider any other merits of the case, the court granted the dismissal without prejudice. *Id.* at *7.

In *Country View Estates*, the plaintiff sued the defendant town alleging that the defendant's failure to timely act on the plaintiff's site plan application constituted a regulatory taking of the plaintiff's property without just compensation, in violation of the Fifth Amendment. *Country View Estates @ Ridge, LLC v. Town of Brookhaven*, 452 F. Supp. 2d 142, 147 (E.D.N.Y. 2006).  The defendant filed a motion for judgment on the pleadings. *Id.* at 144.  The court found that the plaintiff's claims were not ripe and dismissed without prejudice because (1) the defendant town had not yet issued a final decision so the court could not

determine whether the plaintiff had been deprived of property, arbitrarily or otherwise (*id.* at 155-56); and (2) even if the plaintiff had shown that he was deprived of property, the plaintiff had not alleged any efforts to seek just compensation for the taking (*id.* at 157).

Plaintiff also grossly distorts the holding in *Certain Underwriters at Lloyds, London v. St. Joe Minerals Corp.*, 90 F.3d 671 (2nd Cir. 1996). Plaintiff relies on the case for the generic proposition that "[t]he Second Circuit applies the general rule that claims which are not ripe should be dismissed without prejudice." (Opposition, p. 5.) Plaintiff argues that *Certain Underwriters* demonstrates that, where there is a lack of evidence of the cost of future clean up at contaminated sites, cases should be dismissed without prejudice. (*Id.*) This, however, is not the principle that can be drawn from the case. In *Certain Underwriters*, a group of insurers sued for declaratory relief seeking a determination of their rights under excess liability insurance policies involving St. Joe, a mining and smelting company. *Id.* at 672. The insurers' obligations to pay on the excess liability insurance policies were only triggered if St. Joe exhausted its primary insurance relating to contamination at 20 different sites. *Id.* at 673. St. Joe moved to dismiss the case under Rule 12(b)(6) arguing, in part, that the case was not ripe. *Id.* at 674-675. The insurers presented very little evidence of the expected future costs for remediation at the sites. *Id.* at 673. Noting that the record consisted of substantial speculation as to what the remedial costs might be in the future, what liability would be assigned to St. Joe as opposed to other potential responsible parties, and whether the primary insurance would actually be exhausted, the court found that the declaratory relief claim brought by the insurance carriers was not ripe. *Id.* at 674-675.

Here, the issue is not simply one of ripeness. Rather, the issue here is that Plaintiff utterly failed to come forward with evidence on an essential element of its causes of action –

specifically, evidence from which a reasonable jury could find that Defendants' sites threaten Plaintiff's production wells.  Dismissal, therefore, should be with prejudice.

### C.     Plaintiff's Lack of Evidence of Future Damages Does Not Justify A Dismissal Without Prejudice.

Plaintiff spends the majority of its brief arguing that the dismissal should be without prejudice because there might be injury in the future.  (Opposition, pp. 6-10.)  Plaintiff argues, without any support, that it is somehow Defendants' fault that Plaintiff's expert could not predict future damages, and that developing a fate and transport model such as the one in the *City of New York* case is expensive and time-consuming.  (Opposition, p. 8.)  The time for excuses for Plaintiff's lack of evidence has passed.  Simply because it is expensive or burdensome to garner evidence of damages does not excuse a plaintiff from the obligation to do so.

Plaintiff's argument based on the Second Circuit's "prudential ripeness" holding in *In re MTBE: City of New York v. Exxon Mobil Corporation*, 725 F.3d 65 (2d Cir. 2013), and this Court's opinion distinguishing that holding in its September 10, 2013, opinion is misplaced.  Here, Plaintiff had a full and complete opportunity to prove its claims.  They were not dismissed as non-ripe at the pleading stage.  Plaintiff sued—based on its definition of "injury"—and fully litigated its claims for over ten years.  One could hardly imagine a situation where there was a more robust opportunity for a plaintiff to have its day in court.  After all of that, this Court held that Plaintiff fell short of meeting its burden of proving a necessary element: injury.  In cases where a plaintiff actually has an injury, but chooses to dismiss, such dismissals are with prejudice if they come too late in the litigation.  *See, e.g.*, *Zagano*, 900 F.2d at 14.  Over ten years and countless hours of discovery, expert work, and motions later, this case should be dismissed with prejudice.  A "free pass" after such a long, arduous, and expensive litigation—

which was driven by Plaintiff's decision to litigate its "best case" to the bitter end—would be inappropriate.

Plaintiff's concerns regarding the preclusive effect of a dismissal with prejudice are also not relevant. It would be premature to evaluate the res judicata effect of a judgment in this matter. As detailed in Defendants' Motion, that issue would be for a subsequent court to decide, based on the exact facts presented at the time.

Furthermore, Plaintiff's threat of an appeal is no reason to dismiss without prejudice. There is always the possibility of appeal whenever a Court dismisses a case. Dismissing the case without prejudice could lead to further proceedings as well. Without the preclusive effect of a judgment with prejudice, Plaintiff could refile this exact same lawsuit, under the exact same facts, immediately or at any time of its own choosing.

### D. Plaintiff's Attempt To Distinguish Rule 41 and *Zagano* Is Misplaced And Inconsequential.

Plaintiff spends considerable time in its Opposition attacking a strawman of its own creation, arguing that Defendants' Motion should be considered under Rule 56 and not Rule 41[4] of the Federal Rules of Civil Procedure. (Opposition, p. 2-4.) Defendants never argued that Rule 41 controlled and instead specifically said that Rule 41, while not binding, was useful guidance. Indeed, whether the Court applies Rule 56 or Rule 41, the result should be the same. Given the unique procedural posture of the case (*e.g.*, the ten years of litigation, the station matrix process, the dismissal of stations after the station matrix was prepared, Defendants'

---

[4] Defendants' reference to Rule 41(b) on Page 2 of the Motion was a typographical error. Defendants intended to refer to Rule 41(a), which is cited correctly on Page 8 of the Motion and is the basis of the ruling in *Zagano* cited frequently throughout the Motion.

success on summary judgment, and the stipulated dismissal of the Remaining Sites), summary judgment authority on point as well as voluntary dismissal authority are relevant to the analysis to ensure that the Court's handling of the dismissal of various stations for lack of evidence of injury is consistent throughout the case.  That is precisely why Defendants referenced Rule 41 and the *Zagano* factors in the Motion.

Even though the parties have gone through the summary judgment process for the Motion Sites and a quasi-summary judgment process for the Remaining Sites, the analysis from Rule 41 and related case law regarding dismissals with and without prejudice is still relevant to ensure resolution of claims at each station and as to each defendant consistently throughout the case.  In all four categories discussed below, although the procedural posture is different, the factual deficiency is the same—Plaintiff lacked evidence of injury (either by Plaintiff's own admission or by finding of the Court).

|    | Dismissed Sites | Procedure to reach dismissal | Basis of decision | Prejudice? |
|----|-----------------|------------------------------|-------------------|------------|
| 1. | Group 2 sites in Station Matrix | Voluntary dismissal | City's expert did not identify further work at the sites—*i.e.*, no evidence of injury<br><br>(Roy Dec., ¶ 10, Ex. E., p. 1-3.) | WITH PREJUDICE |
| 2. | Group 3 sites in Station Matrix | Voluntary dismissal | City's expert lacked data to formulate an opinion on whether there should be additional work by the City at the sites—*i.e.*, no evidence of injury.<br><br>(Roy Dec., Ex. E, pp. 2-3, Ex. G, pp. 3:13-7:4.) | WITH PREJUDICE |

| 3. | Motion Sites | Summary Judgment | Court concludes that City lacks sufficient evidence of injury.<br><br>(Roy Dec., Ex. A, pp. 61-62.) | SHOULD BE WITH PREJUDICE |
| 4. | Remaining Sites | Stipulation to apply Summary Judgment Ruling | Court concludes that City lacks sufficient evidence of injury.<br><br>(Roy Dec., B.) | SHOULD BE WITH PREJUDICE |

The impact of that factual deficiency—dismissal with prejudice—should be the same at each instance, regardless of whether the lack of evidence is admitted by Plaintiff or not, given how long this case has been litigated, the substantial fact and expert discovery that has been conducted, the lengthy motion practice, and the considerable expense to the parties. As explained in *Zagano*, where matters have been litigated so extensively, they should be dismissed with prejudice and Plaintiff should not be given a free pass. *Zagano,* 900 F.2d at 14. Defendants have shouldered a substantial burden over the course of this case responding to voluminous discovery, attending more than 100 depositions, and digesting nearly a half million pages of documents. (Roy Dec., ¶ 6.) The only fair result is a dismissal with prejudice.

### III.     CONCLUSION

Defendants respectfully request that the Court dismiss both the Motion Sites and the Remaining Sites with prejudice and enter judgment in favor of Defendants.

Respectfully submitted,

Dated:  February 14, 2014

By  */s/ Whitney Jones Roy*

JEFFREY J. PARKER
WHITNEY JONES ROY
Sheppard, Mullin, Richter & Hampton LLP
333 South Hope Street, 43rd Floor
Los Angeles, California  90071
Telephone:     (213) 620-1780
Facsimile:     (213) 620-1398
Attorneys for Defendant
EXXON MOBIL CORPORATION and signed on behalf of the parties identified in Attachment A

-12-

## Attachment A

Exxon Mobil Corporation

Shell Oil Company

Equilon Enterprises LLC

Equiva Services LLC

Texaco Refining and Marketing Inc.

CITGO Petroleum Corporation

Chevron U.S.A. Inc.

Union Oil Company of California

Texaco Inc.

Nella Oil Company

New West Petroleum

-13-

## PROOF OF SERVICE VIA LEXISNEXIS FILE & SERVE

*City of Fresno v. Chevron U.S.A., Inc., et al.*

I, Whitney Jones Roy, the undersigned, hereby declare:

1.  I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and am not a party to the within action. I am employed by Sheppard, Mullin, Richter & Hampton LLP in the City of Los Angeles, State of California. My business address is 333 South Hope Street, 48th Floor, Los Angeles, California 90071.

2.  On **February 14, 2014**, I served a copy of the attached document titled:

**REPLY IN SUPPORT OF DEFENDANTS' MOTION RE DISMISSAL OF REMAINING CLAIMS *WITH PREJUDICE***

on all parties hereto by:

a. __X___    Posting it directly to the File & Serve Xpress.

I declare under penalty under the laws of the State of California that the foregoing is true and correct. Executed this **14th** day of **February, 2014** in Los Angeles, California.

*/s/ Whitney Jones Roy*
Whitney Jones Roy