UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X
                                                        :
IN RE: METHYL TERTIARY BUTYL                            :
ETHER ("MTBE") PRODUCTS                                 :
LIABILITY LITIGATION                                    :    MEMORANDUM OPINION
-------------------------------------------------------  :       AND ORDER
                                                        :
This document relates to:                               :    Master File No. 1:00-1898
                                                        :    MDL 1358 (SAS)
*New Jersey Dep't of Envtl. Prot. v. Atlantic*          :    M21-88
*Richfield Co.*, 08 Civ. 0312                           :
                                                        :
------------------------------------------------------- X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/25/14
```

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

In 2005, the New Jersey Department of Environmental Protection and the Administrator of the New Jersey Spill Compensation Fund ("Plaintiffs") entered into a Natural Resource Damages Settlement Agreement ("Agreement") with Chevron U.S.A., Inc. ("CUSA") and other defendants.[1] On September 25, 2013, the parties stipulated that sites owned, leased, affiliated with and/or operated by CUSA were dismissed with prejudice based on the Agreement.[2] However, Plaintiffs refused to dismiss product liability claims against CUSA for sites that

---

[1]   *See* CUSA's Motion for Summary Judgment on the Parties' NRD Settlement ("CUSA Mot.") at 1.

[2]   *See* 9/25/13 Stipulation of Dismissal with Prejudice of Natural Resource Damage ("NRD") Claims Against CUSA at the Settling Parties' Owned, Operated, Leased, and Affiliated Stations and Sites ¶ 1.

1

were "NOT owned, operated, or leased by and/or affiliated with the Settling Parties."[3] CUSA now moves for summary judgment on the grounds that the Agreement releases it from all potential liability.[4] For the reasons stated below, CUSA's motion is GRANTED.

The Agreement settled all claims for NRD at sites "known and unknown" in New Jersey that have been "owned, leased, affiliated with and/or operated by any Settling Party."[5] The only stated exceptions are claims involving (1) "a discharge of any hazardous substance at a site . . . on the CERLCA National Priorities List . . . "; and (2) certain types of damages.[6]

The opening sentence of Attachment B to the Agreement[7] explains that "the purpose of the . . . Agreement is to resolve *all* potential liability of the Settling Parties within the State of New Jersey regarding groundwater natural

---

[3] *Id.* ¶ 4.

[4] *See* CUSA Mot. at 1.

[5] Agreement, Ex. 1 to Plaintiffs' Opposition to CUSA's Motion for Summary Judgment on the Parties' NRD Settlement ("Pl. Opp."), ¶ 2. "Natural Resource Damages" is a broad term that includes "all claims" that arose from a "discharge of hazardous substances" that were "recoverable as natural resources damages" under federal and state statutory, regulatory, and common law. *Id.* ¶ 10.

[6] *Id.* ¶¶ 2, 10. The excluded types of damages are not at issue here.

[7] The Agreement incorporates Attachment B by reference. *See id.* ¶ 5.

resource damages, except as provided specifically otherwise therein."[8] Attachment B then describes the parties' settlement process regarding three types of sites. *First*, CUSA paid full compensation for damages at the sites it owned or operated.[9] *Second*, CUSA paid an additional premium for release from potential liability from any divested sites.[10] *Third*, CUSA paid yet another premium for release from potential liability at sites where CUSA may be implicated.[11] As to the third category, Attachment B provides:

> [T]here are many records implicating the Settling Parties at other sites, for which the Settling Parties assert that they have no liability . . . In order to buy their peace in this matter and fully resolve any potential liability as to these records, the Settling Parties are paying an additional premium for a release from any potential liability for any of these sites referred to by the aforementioned records, and *for any other sites known or unknown.*[12]

Thus, CUSA's release from liability covers not only the sites referred to by the records but also *any other sites* known or unknown. Nothing restricts this broad and unambiguous release only to sites owned, operated, or affiliated with CUSA.

---

[8] Attachment B, Ex. 1 to Pl. Opp., ¶ 1 (emphasis added). *See supra* text accompanying note 6 (discussing the two exceptions).

[9] *See* Attachment B ¶ 3.

[10] *See id.* ¶ 4.

[11] *See id.* ¶ 5.

[12] *Id.* (emphasis added).

3

Nevertheless, Plaintiffs argue that the term "sites" limits the scope of the release.[13] Plaintiffs claim that "sites" — as used in both the Agreement and Attachment B — refers only to sites "owned, leased, affiliated and/or operated by any Settling Party."[14] They insist that the parties did not intend to release CUSA from liability at all potential sites.[15]

But Plaintiffs signed an agreement with an attachment that explicitly releases CUSA from *all* potential liability "except as specifically provided otherwise therein."[16] New Jersey law requires parties to expressly reserve claims to exclude them from settlements.[17] The Agreement did exactly that by carving out two specific exceptions — neither of which are at issue here.[18] Further, the term "sites" does not limit the scope of the Agreement. The Agreement defines "sites"

---

[13] *See* Pl. Opp. at 1.

[14] *Id.* at 2.

[15] *See id.* at 4-5.

[16] Attachment B ¶ 1.

[17] *See Mehta v. Encompass Ins. Co.*, L-4878-03, 2007 WL 2238856, at *7 (N.J. App. Div. 2007) ("[O]ur courts have long required parties to expressly reserve the rights they wish to retain subsequent to settling their dispute . . . .")

[18] *See* Agreement ¶¶ 2, 10. *See also supra* text accompanying note 6.

4

only in terms of what it *includes*.[19] Because the Agreement clearly releases CUSA from all potential liability regarding groundwater NRD and because CUSA paid a premium for its release from potential liability for any other sites known or unknown, there are no fact issues to resolve. Thus, CUSA's motion is granted.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated: New York, New York
February 25, 2014

---

[19] *See* Agreement ¶ 2.

- **Appearances** -

**For Plaintiffs:**

Michael Axline, Esq.
Miller, Axline & Sawyer
1050 Fulton Avenue, Suite 100
Sacramento, California 95825
(916) 488-6688

**For Defendant Chevron, U.S.A., Inc.:**

Robert E. Meadows, Esq.
James J. Maher, Esq.
Jeremiah J. Anderson, Esq.
King & Spalding LLP
1100 Louisiana, Suite 4000
Houston, Texas 77002
(713) 751-3200

Charles C. Correll, Jr., Esq.
King & Spalding LLP
101 Second Street, Suite 2300
San Francisco, California 94015
(415) 318-1200