**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

In re: Methyl Tertiary Butyl Ether ("MTBE")
Products Liability Litigation

MDL No. 1358
C.A. No. 1:00-1898 (SAS)
M21-88

---

**This Document Relates To:**
*Commonwealth of Puerto Rico, et al. v.*
*Shell Oil Company, et al.,*
**Case No. 07-CV-10470-SAS**
**Case No. 14-CV-1014-SAS**

**DEFENDANT TAUBER OIL**
**COMPANY'S MOTION**
**LOCAL RULE 56. 1 STATEMENT**

---

COMES NOW Defendant Tauber Oil Company ("Tauber"), through undersigned attorneys and hereby submits this its Local Rule 56.1 Statement in Support of Defendant Tauber Oil Company's Motion to Dismiss for Lack of Personal Jurisdiction.

1.      Tauber is a Texas based marketer of energy products that engaged in "spot sales" of MTBE with Phillips Petroleum Company ("PPC") and the following related divisions, Phillips 66 Co. ("Phillips 66") and Phillips Chemical Co. ("PCC"), all located in Bartlesville Oklahoma. Declaration of Kevin Wilson at ¶¶ 4, 31, 33 (Feb. 26, 2014).

2.      Every sale was Free on Board (FOB) outside of Puerto Rico.  Tauber never contracted with any Puerto Rico entity for the sale or delivery of MTBE into Puerto Rico.  *Id*. at ¶ 44.

3.      The declaration of Kevin Wilson, dated February 26, 2014 (the Wilson Declaration), establishes that Tauber has no contacts with the Commonwealth to establish either general or specific jurisdiction.

4.      Tauber is a Texas company, incorporated and registered in Texas. *Id.* at ¶4.

---

Local Rule 56.1 Statement

Page 1

5705188.1/SP/10883/0116/030314

5.      Tauber principal place of business is in Texas. *Id.* at ¶5.

6.      Tauber has never manufactured, marketed, traded, stored, sold or otherwise handled finished gasoline, gasoline containing MTBE, or MTBE in Puerto Rico.  *Id.* at ¶ 6.

7.      Tauber, its distributors, and agents have never solicited, advertised or marketed the sale of gasoline or MTBE in Puerto Rico and have never taken any actions to create a market for gasoline or MTBE in Puerto Rico. *Id.* at ¶ 7.

8.      Tauber does not have a distribution agreement with any person, company, or agent to distribute gasoline containing MTBE, or MTBE in Puerto Rico. *Id.* at ¶ 8.

9.      Tauber has never entered into a distribution agreement with a person, company, or agent to solicit, advertise, market, or sell MTBE or gasoline containing MTBE in Puerto Rico. *Id.* at ¶ 9.

10.     Tauber never designed MTBE, gasoline containing MTBE, or any product to be specifically used in Puerto Rico. *Id.* at ¶ 10.

11.     Tauber has never had any of its officers, directors, employees or agents travel to Puerto Rico for any business-related purpose or activity. *Id.*

12.     Tauber has never filed, and is not required to file, any tax returns in Puerto Rico and has never paid taxes in Puerto Rico.  *Id.* at ¶ 11.

13.     Tauber owns no real or personal property located in Puerto Rico. *Id.* at ¶12.

14.     Tauber has never leased real or personal property in Puerto Rico. *Id.* at ¶ 13.

15.     Tauber has never maintained, controlled, leased, or operated storage tanks, pipelines, or service stations in Puerto Rico. *Id.* at ¶ 14.

16.     Tauber has never maintained a place of business or office in Puerto Rico and employs no agents or employees in Puerto Rico. *Id.* at ¶ 15.

17.     Tauber has never had any officers, directors, employees or agents acting on its behalf present in Puerto Rico, including any agent for service of process in Puerto Rico. *Id.* at ¶ 16.

18.     Tauber has never had a bank account, phone number, fax number, or any corporate records located in Puerto Rico. *Id.* at ¶ 17.

19.     Tauber has not initiated litigation in Puerto Rico. *Id.* at ¶ 18.

20.     Tauber has not engaged in any commercial activity to purposefully avail itself of the protections of the laws of Puerto Rico and has not engaged in conduct purposefully directed at Puerto Rico. *Id.* at ¶ 19.

21.     Tauber has not delivered its goods, including MTBE, in the stream of commerce with the expectation that they would be purchased by Puerto Rico users. *Id.* at ¶ 20.

22.     Tauber has not participated in any conventions, meetings or sales events in Puerto Rico or engaged in conduct "targeting" Puerto Rico for its products. *Id.* at ¶ 21.

23.     Tauber's website did not promote the sale of MTBE or gasoline containing MTBE in Puerto Rico. *Id.* at ¶ 23.  Tauber's website is in English and is not translated to Spanish or otherwise targeted to customers in Puerto Rico. *Id.*

24.     Tauber has never refined and/or manufactured petroleum products, including, but not limited to, gasoline, gasoline containing MTBE, and MTBE. *Id.* at ¶ 24.

25.     Tauber has never sold or distributed MTBE or gasoline containing MTBE at any station, port, or any other location in the Commonwealth of Puerto Rico. *Id.* at ¶ 25.

26.     Tauber has never blended finished gasoline or added chemicals such as MTBE to gasoline for shipment or sale in Puerto Rico. *Id.* at ¶ 26.

27.     Tauber has not traded gasoline for sale in Puerto Rico. *Id.* at ¶ 27.

28.     Tauber has not traded gasoline containing MTBE for sale in Puerto Rico.  *Id.* at ¶ 28.

29.     Tauber sold MTBE to Phillips Petroleum Company ("PPC") and the following related divisions, Phillips 66 Co. ("Phillips 66") and Phillips Chemical Co. ("PCC"). *Id.* at ¶ 29.

30.     Other than the listed Phillips entities, Tauber has located no records concerning any other party to Commonwealth's Third Amended Complaint in action 07-cv-10470 or the First Amended Complaint in action 14-cv-1014 indicating that such party purchased MTBE from Tauber and that such MTBE was shipped to Puerto Rico. *Id.* at ¶31

31.     Tauber sold MTBE to PPC, PCC and Phillips 66 through what are referred to as "spot sales." *Id.* at ¶ 30.

32.     Upon information and belief, no Phillips entity (PPC, PCC or Phillips 66) to which Tauber sold and delivered title to MTBE was or is located in Puerto Rico.  *Id.* at ¶ 32.

33.     Tauber is a trader of energy products and the total volume of spot sales by Tauber to PPC, Phillips 66 and PCC represent a negligible percentage by volume of petrochemicals sold by Tauber during the relevant time period.  *Id.* at ¶ 35.

34.     Tauber had no involvement in any decision by any Phillips entity to use MTBE, including that it did not provide any economic analysis of MTBE versus any other oxygenate to substitute for lead. *Id.* at ¶ 36.

35.     Tauber has no distribution or agency agreement with any Phillips entity.  *Id.* at ¶ 37.

36.     Tauber had no discussions with any Phillips entity concerning any purported economic "advantage" to using MTBE over any other alternative. *Id.* at ¶ 38.

37.     Tauber did not market or sell TBA to Phillips or any other party for delivery or use in Puerto Rico. *Id.* at ¶ 39.

38.     Tauber provided no information nor has it ever been provided information concerning gasoline capacity or MTBE supply or demand for any Phillips entity and specifically for the Phillips Core facility. *Id.* at ¶ 40.

39.     PPC, PCC and Phillips 66 took delivery at locations outside of Puerto Rico in each of the above-referenced sales of MTBE by Tauber. *Id.* at ¶ 41.

40.     The price for any MTBE was not contingent on MTBE being shipped to Puerto Rico. *Id.* at ¶ 42.

41.     No sale was ever made by Tauber to Phillips Puerto Rico Core, Inc. or any entity in Puerto Rico.  All sales were between Tauber and PPC, PCC or Phillips 66, all located in Bartlesville, Oklahoma, and title transferred in all FOB outside of Puerto Rico. *Id*. at ¶ 44.

42.     The destination location of the MTBE that Tauber sold was irrelevant to the sales transaction. Exhibit A to the Declaration of Michael A. Walsh, Dep. of Kevin Wilson at 69:8-24.

43.     The cargo destination is commercially sensitive information that is not provided to Tauber.  *Id.* at 73:13-75:6.

44.     Tauber had no involvement in the ultimate destination of MTBE sold to Phillips entities as the sales were Free On Board Contracts and title passed at the rail to the ship in Texas; except one transportation where title passed in Venezuela, Tauber had no title on the vessel.  *Id.*

45.     Tauber had no ownership interest in the MTBE after title passed at the rail to the ship.  *Id.*

46.     Tauber had no loss exposure of the cargo.  *Id.*

47.     Tauber did not participate in the inspection at point of discharge.  *Id.*

48.     Tauber had no independent fact to confirm that the MTBE that it sold was

discharged in Puerto Rico as this type of information was not shared in the industry. *Id.*

49.     Tauber cannot identify where any of its sales of MTBE are discharged because

they are FOB transactions and title would pass title at the rail.  *Id.* at 103:16-104:2.

50.     Phillips admits that PCC supplied MTBE to the Core facility stating: "Phillips

Petroleum Company arranged for the supply of MTBE to the Core facility." Exhibit B to

Michael A. Walsh Declaration, Defendant Chevron Phillips Chemical Puerto Rico Core, LLC's

Second Amended Objections and Responses to Plaintiffs' First Set of Interrogatories and

Request for Production of Documents to Defendants Regarding Supply and Distribution (LNFS

54951591) at page 6.

51.     Phillips entities located in Bartlesville, Oklahoma arranged for the shipping of

MTBE to Puerto Rico. Exhibit C to Michael A. Walsh Declaration, Dep. Don Sitton 40:8-16.

52.     Phillips Core Puerto Rico's Rule 30(b)(6) witness testified that he had no

knowledge of any transactions involving Tauber during the years of 1990 and 2000.  Exhibit I to

Michael A. Walsh Declaration, Dep. Hector Marin, 357:10-24, 358:1-12.

53.     Phillips Petroleum Company arranged for the supply of MTBE to the Core

facility. Exhibit B to Michael A. Walsh Declaration.

54.     Phillips Core Puerto Rico witness testified when asked:

Q.    So the purchase of MTBE from whatever source, was that a function of anybody at
the Core facility?
Not that I recall.
Q.    So, again, that would be Bartlesville?
I think Bartlesville had more to do with purchasing.
Dep. of Don Sitton page 26; lines 15-21.
Q.    So the Phillips companies, in terms of the materials that were shipped to the plant,
essentially bought them?
They were -- there was interaction between the plant and the folks in Bartlesville on
purchasing the feedstock, but yes.

> Q.    And then Bartlesville arranged to ship them?
> Correct.

Exhibit C to the Declaration of Michael A. Walsh, Dep. of Don Sitton 40:8-16.

55.    Phillips Puerto Rico Core Inc. provided a declaration that it was Phillips, not

Tauber, which supplied MTBE to the Core facility:

> COP [ConocoPhillips Company] and CPCPRC  [Chevron Phillips Chemical Puerto Rico
> Core Inc.] have provided discovery in the above-referenced litigation indicating that
> various "Phillips" entities supplied, purchased, and/or shipped methyl tertiary butyl ether
> ("MTBE") that was delivered to the Plant.

*See* Exhibit D to Michael A. Walsh Declaration, Phillips Puerto Rico Core Inc. Declaration of

Daryl Vance, dated April 30, 2013 (LNFS 52049530).

56.    Defendant Phillips Petroleum Company caused neat MTBE to be delivered by

ship to Phillips Puerto Rico Core Inc. for gasoline blending at the Core facility. *See* Exhibit E to

Michael A. Walsh Declaration, Defendant ConocoPhillips Company's Objections and Responses

to Plaintiffs First Set of Interrogatories and Request for Production of Documents to Defendants

Regarding Supply and Distribution (LNFS53086238) at page 7.

57.    Phillips Puerto Rico Core confirmed that MTBE was supplied by PPC:

> Phillips Puerto Rico Core Inc. never manufactured MTBE.  During the relevant time
> period, Phillips Petroleum Company arranged for the supply of MTBE to the Core
> facility.

*See* Exhibit B to the Declaration of Michael A. Walsh at pages 4-5.

58.    The Core facility operated for the years 1995 until March 2000 when the Core

facility ceased operations, and stated that. Exhibit F to Michael A. Walsh Declaration, August 9,

2013 Letter of Jessica Farley submitted to Court (*See* LNFS Doc 54207936).

59.    Phillips had sales both within and outside Puerto Rico. *Id.*

60.     The Core facility sold gasoline to wholesale market in Puerto Rico and elsewhere.

Exhibit B attached to Declaration of Michael A. Walsh at page 12.

61.     In its communications with Marilyn Dugan at PPC, Tauber never discussed the

destination for products.  Exhibit A to Michael A. Walsh Declaration at 133:13-23.


                                                    Respectfully submitted,


                                                    _____
                                                    MICHAEL A. WALSH (2534)
                                                    NYS Bar No. 20132191
                                                    Strasburger & Price, LLP
                                                    901 Main Street, Suite 4300
                                                    Dallas, Texas 75202-3794
                                                    (214) 651-4459
                                                    (214) 651-4330 (Facsimile)
                                                    michael.walsh@strasburger.com

                                                    **ATTORNEYS FOR DEFENDANT
                                                    TAUBER OIL COMPANY**


## CERTIFICATE OF SERVICE


        I certify that on March 3, 2014, a true and correct copy of this Local Rule 56.1 Statement

by Tauber Oil Company was electronically served on counsel of record via LexisNexis File &

Serve.


                                                    _____
                                                    MICHAEL A. WALSH