# EXHIBIT B



UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| In Re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation | Master File No. 1:00-1898 MDL 1358 (SAS) |
| This Document Refers to: *COMMONWEALTH OF PUERTO RICO, ET AL V. SHELL OIL CO., ET AL.*, NO. 07-1505 | |

---

## DEFENDANT CHEVRON PHILLIPS CHEMICAL PUERTO RICO CORE LLC'S SECOND AMENDED OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS REGARDING SUPPLY AND DISTRIBUTION

Pursuant to Rule 36(a) of the Federal Rules of Civil Procedure, Defendant Chevron Phillips Chemical Puerto Rico Core LLC hereby submits its Second Amended Objections and Responses to Plaintiffs' First Set Of Interrogatories and Requests For Production of Documents to Defendants Regarding Supply and Distribution.

Respectfully submitted,

Stephen C. Dillard
Jessica Farley
Fulbright & Jaworski, LLP
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Telephone: 713-651-5507
Facsimile: 713-651-5246
**Attorneys for Defendant**
**Chevron Phillips Chemical Puerto Rico Core LLC**

81462587.1

## CERTIFICATE OF SERVICE

On ~~Feb. 5~~, 2014, a true and correct copy of the foregoing was served on all counsel of record via LexisNexis File and Serve, on Plaintiffs' Liaison Counsel via email to mdl1358@weitzlux.com and on Defendants' Liaison Counsel via email to mdl1358@mwe.com. The original was filed with the Clerk of Court.

_____
Jessica Farley

## GENERAL OBJECTIONS

Pursuant to Fed. R. Civ. P 26(b)(2)(B), the Defendant CHEVRON PHILLIPS CHEMICAL PUERTO RICO CORE LLC objects to these Requests to the extent they seek electronically-stored information that is not reasonably accessible because of the undue burden and cost associated with retrieving and producing any such information. Defendant CHEVRON PHILLIPS CHEMICAL PUERTO RICO CORE LLC, like most litigants, has information contained in sources that are not reasonably accessible. At any given time, such sources may include deleted, fragmentary, corrupted or residual data, data with orphaned or missing links, retired computers, broken hard drives, legacy systems, disconnected data, obsolete or retired hardware or software, disaster recovery tapes, electronic files with unknown file extensions, unknown password protections or viruses. Defendant CHEVRON PHILLIPS CHEMICAL PUERTO RICO CORE LLC has taken reasonable measures to preserve documents (including electronic stored information) from their active information systems that are potentially responsive to the claims made, the defenses asserted, and the discovery propounded, making unnecessary the search, review and production of any not reasonably available media described above.

## SECOND AMENDED OBJECTIONS AND RESPONSES TO PLAINTIFF'S INTERROGATORIES

1.  For any time during the RELEVANT TIME PERIOD, state whether YOU manufactured, refined, blended or produced within the RGA (i) FUEL containing detectible levels of MTBE, (ii) NEAT MTBE and/or (iii) FUEL not containing detectible levels of MTBE. If so, provide the following for each year of the RELEVANT TIME PERIOD:

    (a) Identify each FACILITY where YOU manufactured, refined, blended or produced each of (i) FUEL containing detectible levels of MTBE, (ii) NEAT MTBE and (iii) FUEL not containing detectible levels of MTBE;

    (b) Identify the type and volume in gallons manufactured, refined, blended or produced for each FACILITY for each of (i) FUEL containing detectible levels of MTBE, (ii) NEAT MTBE and (iii) FUEL not containing detectible levels of MTBE that YOU manufactured, refined, produced, supplied, stored and/or delivered; and

    (c) Identify the percentage of MTBE present in FUEL containing detectible levels of MTBE.

    RESPONSE: Defendant objects to this interrogatory because it is overly broad in scope and time period, duplicative, and seeks irrelevant information. Defendant further objects to this interrogatory because it seeks irrelevant information about "FUEL not containing detectible levels of MTBE" and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections, Defendant responds: From mid-1982 until March 2000, the Core facility blended MTBE with some batches of gasoline. The Core facility blended gasoline without MTBE from the late 1960s until March 2001. Defendant never manufactured MTBE in the Commonwealth of Puerto Rico. For information regarding the type and volume of gasoline containing MTBE and/or gasoline not containing MTBE, as well as the percentage of MTBE blended in particular batches of gasoline, Defendant refers Plaintiff to the blending tickets produced in response to Plaintiffs' Second Set of Requests for Production no. 35. Defendant further refers Plaintiffs to Exhibit A to Defendant's Responses to Plaintiff's First Set of Interrogatories Dated September 15, 2008 and any amendments thereto.

2.  For any time during the RELEVANT TIME PERIOD, state whether YOU sold or supplied to or from a FACILITY within the RGA (i) FUEL containing detectible levels of MTBE, (ii) NEAT MTBE and/or (iii) FUEL not containing detectible levels of MTBE. If so, provide the following for each year of the RELEVANT TIME PERIOD:

    (a) Identify the type and volume in gallons sold and/or supplied (specifying which) at or from each FACILITY for each of (i) FUEL containing detectible levels of MTBE, (ii) NEAT MTBE and (iii) FUEL not containing detectible levels of MTBE;

    (b) For the FUEL sold and/or supplied, identify the percentage of MTBE present in FUEL containing detectable levels of MTBE;

(c) For each FACILITY, identify to whom YOU sold and/or supplied (i) FUEL containing detectible levels of MTBE, (ii) NEAT MTBE and (iii) FUEL not containing detectible levels of MTBE; and

(d) For each FACILITY, identify the terms of the sale (e.g., F.O.B.) and method of delivery (e.g., pipeline, tanker ship, tank truck) utilized for each sales transaction of (i) FUEL containing detectible levels of MTBE, (ii) NEAT MTBE and (iii) FUEL not containing detectible levels of MTBE.

RESPONSE: Defendant objects to this interrogatory because it is overly broad in scope and time period, duplicative, and seeks irrelevant information. Defendant further objects to this interrogatory as vague and ambiguous. Defendant further objects to this interrogatory because it seeks irrelevant information about "FUEL not containing detectible levels of MTBE" and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections, Defendant responds: Phillips Puerto Rico Core Inc. never manufactured MTBE. During the relevant time period, Phillips Petroleum Company arranged for the supply of MTBE to the Core facility. Shipments of MTBE were supplied to the Core facility via Core's marine dock. See also Response to Interrogatory No. 1 supra.

3. For any time during the RELEVANT TIME PERIOD, state whether YOU transported within or to the RGA (i) FUEL containing detectible levels of MTBE (ii) NEAT MTBE and/or (iii) FUEL not containing detectible levels of MTBE. If so, provide the following for each year of the RELEVANT TIME PERIOD:

(a) Identify the type and volume in gallons of each shipment delivered of each of (i) FUEL containing detectible levels of MTBE, (ii) NEAT MTBE and (iii) FUEL not containing detectible levels of MTBE;

(b) Identify the percentage of MTBE present in FUEL containing detectable levels of MTBE;

(c) Identify from where each shipment originated for each shipment of (i) FUEL containing detectible levels of MTBE, (ii) NEAT MTBE and (iii) FUEL not containing detectible levels of MTBE;

(d) Identify the destination of each shipment for each shipment of (i) FUEL containing detectible levels of MTBE, (ii) NEAT MTBE and (iii) FUEL not containing detectible levels of MTBE;

(e) Identify the terms of sale (e.g., F.O.B.) of each shipment of (i) FUEL containing detectible levels of MTBE, (ii) NEAT MTBE and (iii) FUEL not containing detectible levels of MTBE;

(f) Identify the PERSON selling the (i) FUEL containing detectible levels of MTBE, (ii) NEAT MTBE and (iii) FUEL not containing detectible levels of MTBE; and

(g) Identify the PERSON purchasing the (i) FUEL containing detectible levels of MTBE, (ii) NEAT MTBE and (iii) FUEL not containing detectible levels of MTBE.

RESPONSE: Defendant objects to this interrogatory because it is overly broad in scope and time period, duplicative, and seeks irrelevant information. Defendant further objects to this interrogatory because it seeks irrelevant information about "FUEL not containing detectible levels of MTBE" and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections, Defendant responds: From mid-1982 until March 2000, MTBE was blended with some batches of gasoline at Phillips Puerto Rico Core Inc. Gasoline that did not contain MTBE was also blended at the Core facility from the late 1960s until March 2001. During the relevant time period, Phillips Petroleum Company arranged for the supply of MTBE to the Core facility. Shipments of MTBE were supplied to the Core facility via Core's marine dock. MTBE was delivered by ocean-going vessels to be blended with gasoline at the Core facility. Defendant never manufactured MTBE in the Commonwealth of Puerto Rico. Defendant did not transport gasoline to the Commonwealth of Puerto Rico. Defendant refers Plaintiffs to documents produced in response to Plaintiffs' Fourth Set of Requests for Production nos. 5 and 44.

4. For the RELEVANT TIME PERIOD, state whether YOU purchased for import, delivery to, or ultimate use in the RGA each of (i) FUEL containing detectible levels of MTBE, (ii) NEAT MTBE and (iii) FUEL not containing detectible levels of MTBE. If so, provide the following for each year of the RELEVANT TIME PERIOD:

   (a) Identify the type and volume in gallons for each of (i) FUEL containing detectible levels of MTBE, (ii) NEAT MTBE and (iii) FUEL not containing detectible levels of MTBE;

   (b) Identify the percentage of MTBE present in FUEL containing detectable levels of MTBE;

   (c) Identify each FACILITY where YOU received each of (i) FUEL containing detectible levels of MTBE, (ii) NEAT MTBE and (iii) FUEL not containing detectible levels of MTBE;

   (d) Identify from and for whom YOU received each of (i) FUEL containing detectible levels of MTBE, (ii) NEAT MTBE and (iii) FUEL not containing detectible levels of MTBE; and

   (e) Identify the method of delivery (e.g., pipeline, tanker ship, truck) for each of (i) FUEL containing detectible levels of MTBE, (ii) NEAT MTBE and (iii) FUEL not containing detectible levels of MTBE.

RESPONSE: Defendant objects to this interrogatory because it is overly broad in scope and time period, duplicative, and seeks irrelevant information. Defendant further objects to this interrogatory because it seeks irrelevant information about "FUEL not containing detectible levels of MTBE" and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections, Defendant responds: See response to Interrogatory No. 3 supra.

15. Describe in detail the process by which YOUR FUEL can be traced from a contaminated site in the RGA to a PIPELINE and/or FACILITY where the FUEL was manufactured, produced, stored, blended or refined.

RESPONSE: Defendant objects to this interrogatory because it is overly broad and unduly burdensome in scope, not tailored to the designated trial sites and seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects that the phrase "can be traced" is vague and undefined. Defendant further objects to the extent this Interrogatory calls for information protected by the work product privilege. Defendant further objects to the extent this Interrogatory requests information more appropriate for expert discovery. Subject to these objections, Defendant responds: The Core facility sold gasoline to the wholesale market in Puerto Rico and elsewhere. Defendant did not track where the gasoline was ultimately distributed after it left the Core facility.

16. Describe in detail the process by which YOUR MTBE can be traced from a contaminated site in the RGA to a PIPELINE and/or FACILITY where the FUEL was manufactured, produced, stored, blended or refined.

RESPONSE: Defendant objects to this interrogatory because it is overly broad and unduly burdensome in scope, not tailored to the designated trial sites and seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects that the phrase "can be traced" is vague and undefined. Defendant further objects to the extent this Interrogatory calls for information protected by the work product privilege. Defendant further objects to the extent this Interrogatory requests information more appropriate for expert discovery. Subject to these objections, Defendant responds: See response to Interrogatory No. 15 supra.

17. For the RELEVANT TIME PERIOD, state whether YOU conducted the tracing process and analysis described in response to Interrogatory No. 16 at any site contaminated with MTBE within the RGA. If so, provide the following for each year of the RELEVANT TIME PERIOD:

    (a) The site where the FUEL leak or contamination occurred; and

    (b) The PIPELINE, TERMINAL, REFINERY or FACILITY to which the FUEL leak or contamination was traced.

RESPONSE: Defendant objects to this interrogatory because it is overly broad and unduly burdensome in scope, not tailored to the designated trial sites and seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects that the phrase "conducted the tracing process" is vague and undefined. Defendant further objects to the extent this Interrogatory calls for information protected by the work product privilege. Defendant further objects to the extent this Interrogatory requests information more appropriate for expert discovery. Subject to these objections, Defendant responds: No.