# EXHIBIT E



UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation | Master File No. 1:00-1898 MDL 1358 (SAS) |
| This Document Refers to: *COMMONWEALTH OF PUERTO RICO, ET AL V. SHELL OIL CO., ET AL.*, NO. 07-1505 | |

### DEFENDANT CONOCOPHILLIPS COMPANY'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS REGARDING SUPPLY AND DISTRIBUTION

Pursuant to Rule 36(a) of the Federal Rules of Civil Procedure, Defendant ConocoPhillips Company hereby submits its Objections and Responses to Plaintiffs' First Set Of Interrogatories and Requests For Production of Documents to Defendants Regarding Supply and Distribution.

Respectfully submitted,

Stephen C. Dillard
Fulbright & Jaworski, LLP
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Telephone: 713-651-5507
Facsimile: 713-651-5246
**Attorneys for Defendant ConocoPhillips Company**

81413455.1

## CERTIFICATE OF SERVICE

On July 1, 2013, a true and correct copy of the foregoing was served on all counsel of record via LexisNexis File and Serve, on Plaintiffs' Liaison Counsel via email to mdl1358@weitzlux.com and on Defendants' Liaison Counsel via email to mdl1358@mwe.com. The original was filed with the Clerk of Court.

_____
Stephen C. Dillard

  (e)  Identify the method of delivery (e.g., pipeline, tanker ship, truck) for each of (i) FUEL containing detectible levels of MTBE, (ii) NEAT MTBE and (iii) FUEL not containing detectible levels of MTBE.

RESPONSE: Defendant objects to this interrogatory because it is overly broad in scope and time period, duplicative, and seeks irrelevant information. Defendant further objects to this interrogatory because it seeks irrelevant information about "FUEL not containing detectible levels of MTBE" and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections, Defendant responds: From 1982 until March 2000, MTBE was blended with some batches of gasoline at Phillips Puerto Rico Core Inc. During that time, Defendant caused neat MTBE to be delivered by ship to Phillips Puerto Rico Core Inc. for gasoline blending at the Core facility. Gasoline that did not contain MTBE was also blended at Phillips Puerto Rico Core Inc. from the late 1960s until June 2000. Defendant did not purchase gasoline for delivery to or use in Commonwealth of Puerto Rico. Defendant refers Plaintiffs to documents produced in response to Plaintiffs' Fourth Set of Requests for Production nos. 5 and 44 regarding purchases and deliveries of MTBE.

5.  For the RELEVANT TIME PERIOD, state whether YOU received (i.e., took delivery) within the RGA each of (i) FUEL containing detectible levels of MTBE, (ii) NEAT MTBE and (iii) FUEL not containing detectible levels of MTBE. If so, provide the following for each year of the RELEVANT TIME PERIOD:

  (a)  Identify the type and volume in gallons for each of (i) FUEL containing detectible levels of MTBE, (ii) NEAT MTBE and (iii) FUEL not containing detectible levels of MTBE;

  (b)  Identify the percentage of MTBE present in FUEL containing detectable levels of MTBE;

  (c)  Identify each FACILITY where YOU received each of (i) FUEL containing detectible levels of MTBE, (ii) NEAT MTBE and (iii) FUEL not containing detectible levels of MTBE;

  (d)  Identify from and for whom YOU received each of (i) FUEL containing detectible levels of MTBE, (ii) NEAT MTBE and (iii) FUEL not containing detectible levels of MTBE; and

  (e)  Identify the method of delivery (e.g., pipeline, tanker ship, truck) for each of (i) FUEL containing detectible levels of MTBE, (ii) NEAT MTBE and (iii) FUEL not containing detectible levels of MTBE.

RESPONSE: Defendant objects to this interrogatory because it is overly broad in scope and time period, duplicative, and seeks irrelevant information. Defendant further objects to this interrogatory because it seeks irrelevant information about "FUEL not containing detectible levels of MTBE" and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections, Defendant responds: From 1982 until March 2000, MTBE was blended with some batches of gasoline at Phillips Puerto Rico Core Inc. During that