# EXHIBIT F

August 9, 2013

**NORTON ROSE FULBRIGHT**

E-SERVICE
53623798
Aug 09 2013
05:51PM
File & ServeXpress

Fulbright & Jaworski LLP
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
United States

The Honorable Shira A. Scheindlin
United States District Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 1620
New York, New York 10007-1312

Direct line +1 713 651 8487
jessica.farley@nortonrosefulbright.com

Tel +1 713 651 5151
Fax +1 713 651 5246
nortonrosefulbright.com

Re:  Master File C.A. No. 1:00-1898, MDL No. 1358 (SAS) M21-88; *Commonwealth of Puerto Rico., et al. v. Shell Oil Co., et al.;* No. 07-CIV-10470

Dear Judge Scheindlin:

Defendant ConocoPhillips Company ("Defendant") respectfully submits this letter in response to the Court's directive at the July 17, 2013 status conference based upon Plaintiffs' request that Defendant estimate, on an annual basis, the percentage of gasoline sales in Puerto Rico from the Phillips Puerto Rico Core facility that contained MTBE. Defendant has repeatedly explained to Plaintiffs that Defendant's records do not provide the information necessary to perform such a calculation since gasoline sales records and bills of lading do not identify whether or not MTBE was contained in a particular sale, nor do they reference or identify the blend from which a sale was derived. Moreover, Defendant had sales both within and outside Puerto Rico. In short, as was discussed and anticipated by Your Honor at the June 11 status conference (June 11 Tr. at 63), sales records do not provide the necessary information to make a reliable estimate of the percentage of gasoline Defendant sold in Puerto Rico containing MTBE. Indeed, the Court reiterated at the July 17 status conference, "If there are no such records, you cannot produce what you do not have. That's a pretty basic principle." (July 17 Tr. at 43:12-13.)

By way of background, and contrary to what counsel for the Commonwealth represented at both the June 11 and July 17 status conferences, Defendant did not operate a refinery in Puerto Rico. (June 11 Tr. at 24; July 17 Tr. at 46:16.) Rather, Phillips Puerto Rico Core Inc. operated a chemical plant. In the process of manufacturing chemicals for commercial sale, a by-product stream was generated. Rather than using such by-product either for in-plant fuel or selling it, it was used for gasoline blending purposes. Some of that gasoline was blended with MTBE. No other products at the plant contained MTBE. For the blending process, a "blending ticket" served as a "recipe" for how much of each component was added to make the finished gasoline product. *See* Exemplar Blending Tickets, attached hereto as Exhibit A.

Despite the fact that Defendant had already produced to Plaintiffs all of the blending tickets that Defendant has been able to locate, Plaintiffs suggested at the July 17 status conference that Defendant may be able to perform an estimate based on the blending tickets. (Tr. at 48, lines 18-20, "Let me go back to the blending tickets. Because I think they do have this information. I do think they can comply with your order to give us their best estimate."). Defendant maintains, and the Court recognized at the July 17 status conference, that discovery does not require Defendant to create documents to satisfy Plaintiffs' requests. (Tr. at 44:7-11, "Usually in a

Fulbright & Jaworski LLP is a limited liability partnership registered under the laws of Texas.    81445495.1

Fulbright & Jaworski LLP, Norton Rose Fulbright LLP, Norton Rose Fulbright Australia, Norton Rose Fulbright Canada LLP, Norton Rose Fulbright South Africa (incorporated as Deneys Reitz, Inc.), each of which is a separate legal entity, are members of Norton Rose Fulbright Verein, a Swiss Verein. Details of each entity, with certain regulatory information, are at nortonrosefulbright.com. Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients.

NORTON ROSE FULBRIGHT

August 9, 2013
Page 2

document-type request, they don't have to create anything for you, they look for what they have. And then you can ask questions at depositions. But when it comes to documents, the law is pretty clear, they don't have to create things.") However, to put this issue to rest, Defendant has prepared the estimate below based upon available blending tickets, as Plaintiffs suggested, again with the understanding that these are not linked to specific sales (which Defendant understood to have been the Court's original June 11 directive), and with the further understanding that the blending tickets include gasoline ultimately sold outside of Puerto Rico.

Plaintiffs indicated that they sought this information to preclude Defendant from arguing at some point in the future that, even if gasoline from the Phillips Puerto Rico Core facility was distributed to a trial site, there is no way to determine whether that gasoline contained MTBE. (Tr. at 41:18-20, "It takes away their argument that, yeah, but how do you know that this core gasoline that got to trial site number 10 had MTBE, you can't prove that.") The Court advised Plaintiffs that they would need a percentage "close to, you know, the high eighties or something to be able to make that argument that a reasonable trier of fact could infer from that answer that if the gasoline got there, it was MTBE-containing gasoline. You need a pretty high percentage." (Tr. at 41-42.)

Based on an analysis of the available blending tickets, Defendant provides the following estimates:

| YEAR | PERCENT |
|------|---------|
| 1995 | 50.81 |
| 1996 | 23.08 |
| 1997 | 38.57 |
| 1998 | 45.54 |
| 1999 | 62.04 |
| 2000 | 20.14 |
| 2001 | 0 |

Respectfully,

*Jessica Farley*
Jessica Farley    by permission *Jesse Fagan*

JF/bc

81445495.1