# EXHIBIT H



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

**In re:  Methyl Tertiary Butyl Ether ("MTBE")**
Master File C.A. No. 1:00-1898 (SAS)

MDL No. 1358

M21-88

---

This document relates to:

*Commonwealth of Puerto Rico, et al. v.*
*Shell Oil Co., et al.*, 07 Civ. 10470

---

## PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT TAUBER OIL COMPANY'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS

Plaintiffs Commonwealth of Puerto Rico and Commonwealth of Puerto Rico through the Environmental Quality Board ("Plaintiff," "Commonwealth," or "PREQB"), by and through its attorneys, make the following Responses and General Objections to Defendant Tauber Oil Company's First Set of Interrogatories and Requests for Production of Documents to Plaintiffs.

### GENERAL OBJECTIONS AND COMMENTS

1.      The Commonwealth objects to the Interrogatories and Requests to the extent they seek information or documents outside the scope of discovery permissible under the Federal Rules of Civil Procedure.

2.      The Commonwealth objects to the Interrogatories and Requests to the extent they seek information covered by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.  The Commonwealth's responses are not intended as, nor should be construed as, a waiver or relinquishment of any part of the protections afforded by the attorney-client privilege, the work product doctrine, or

served by Tauber as unduly burdensome and harassing.  The Interrogatories served by defendant Tauber exceed the Federal Rules of Civil Procedures' presumptive limit of Interrogatories that a party may serve.

12.     The Commonwealth also objects to defendant Tauber's attempt to shift the burden of identifying supply and distribution related information to plaintiffs in contraventions of the Court's orders regarding CMO No. 4.

13.     The Commonwealth's General Objections apply to each of Defendants' Interrogatories and Requests as though restated in full therein.

## INTERROGATORIES

**Interrogatory No. 1**
**State whether any Plaintiff has any document or other evidence establishing that Tauber has ever manufactured, marketed, traded, stored, sold or otherwise handled finished gasoline, gasoline containing MTBE, or MTBE in Puerto Rico.**

**Response to Interrogatory No. 1**
Plaintiffs object on the basis that discovery is ongoing and defendants, including defendant Tauber, have not yet fully responded to plaintiffs' requests for information relevant to answering this interrogatory.  Plaintiffs also object to this interrogatory as defendants, including defendant Tauber, are in the best position to identify requested documents or evidence.  Moreover, defendant Tauber has failed to produce a CMO No. 4 declaration as order by the Court at multiple case management conferences and reiterated by plaintiffs' counsel via email on October 25, 2013.  Notwithstanding such objection, documents produced by defendants ConocoPhillips Corporation ("ConocoPhillips") and Chevron Phillips Chemical Puerto Rico Core, LLC ("CPCPRC") indicate that Tauber held title to several hundreds of thousands of barrels of neat MTBE over a period of fifteen years that was shipped to Puerto Rico added to gasoline and then distributed to service stations in Puerto Rico. *See* Exhibit A to plaintiffs' First Amended Rule 30(b)(6) Notice of Deposition of Tauber Oil.  Plaintiffs reserve the right to amend or supplement this response.

**Interrogatory No. 2**
**State whether any Plaintiff has any document or other evidence establishing that Tauber has ever solicited, advertised or marketed the sale of gasoline, gasoline containing MTBE or MTBE in Puerto Rico and has ever taken any actions to create a market for gasoline, gasoline containing MTBE or MTBE in Puerto Rico.**

4

**Response to Interrogatory No. 2**
Plaintiffs object on the basis that discovery is ongoing and defendants, including defendant Tauber, have not yet fully responded to plaintiffs' requests for information relevant to answering this interrogatory. Plaintiffs also object to this interrogatory as defendants, including defendant Tauber, are in the best position to identify requested documents or evidence. Moreover, defendant Tauber has failed to produce a CMO No. 4 declaration as order by the Court at multiple case management conferences and reiterated by plaintiffs' counsel via email on October 25, 2013. Notwithstanding such objection, documents produced by defendants ConocoPhillips and CPCPRC indicate that Tauber held title to several hundreds of thousands of barrels of neat MTBE over a period of fifteen years that was shipped to Puerto Rico added to gasoline and then distributed to service stations in Puerto Rico. *See* Exhibit A to plaintiffs' First Amended Rule 30(b)(6) Notice of Deposition of Tauber Oil. Plaintiffs reserve the right to amend or supplement this response.


**Interrogatory No. 3**
**State whether any Plaintiff has any document or other evidence establishing that Tauber has ever had any of its officers, directors, employees or agents travel to Puerto Rico for any business-related purpose or activity.**

**Response to Interrogatory No. 3**
Plaintiffs object on the basis that discovery is ongoing and defendants, including defendant Tauber, have not yet fully responded to plaintiffs' requests for information relevant to answering this interrogatory. Plaintiffs also object to this interrogatory as defendants, including defendant Tauber, are in the best position to identify requested documents or evidence. Moreover, defendant Tauber has failed to produce a CMO No. 4 declaration as order by the Court at multiple case management conferences and reiterated by plaintiffs' counsel via email on October 25, 2013. Notwithstanding such objection, documents produced by defendants ConocoPhillips and CPCPRC indicate that Tauber held title to several hundreds of thousands of barrels of neat MTBE over a period of fifteen years that was shipped to Puerto Rico added to gasoline and then distributed to service stations in Puerto Rico. *See* Exhibit A to plaintiffs' First Amended Rule 30(b)(6) Notice of Deposition of Tauber Oil. Plaintiffs reserve the right to amend or supplement this response.


**Interrogatory No. 4**
**State whether any Plaintiff has any document or other evidence establishing that Tauber has ever filed or was required to file, any tax returns in Puerto Rico or has ever paid taxes in Puerto Rico.**

**Response to Interrogatory No. 4**
Plaintiffs object on the basis that discovery is ongoing and defendants, including defendant Tauber, have not yet fully responded to plaintiffs' requests for information relevant to answering this interrogatory. Plaintiffs also object to this interrogatory as

defendants, including defendant Tauber, are in the best position to identify requested
documents or evidence. Moreover, defendant Tauber has failed to produce a CMO No. 4
declaration as order by the Court at multiple case management conferences and reiterated
by plaintiffs' counsel via email on October 25, 2013. Notwithstanding such objection,
documents produced by defendants ConocoPhillips and CPCPRC indicate that Tauber
held title to several hundreds of thousands of barrels of neat MTBE over a period of
fifteen years that was shipped to Puerto Rico added to gasoline and then distributed to
service stations in Puerto Rico. *See* Exhibit A to plaintiffs' First Amended Rule 30(b)(6)
Notice of Deposition of Tauber Oil. Plaintiffs reserve the right to amend or supplement
this response.


**Interrogatory No. 5**
**State whether any Plaintiff has any document or other evidence establishing that**
**Tauber owns real or personal property located in Puerto Rico.**

**Response to Interrogatory No. 5**
Plaintiffs object on the basis that discovery is ongoing and defendants, including
defendant Tauber, have not yet fully responded to plaintiffs' requests for information
relevant to answering this interrogatory. Plaintiffs also object to this interrogatory as
defendants, including defendant Tauber, are in the best position to identify requested
documents or evidence. Moreover, defendant Tauber has failed to produce a CMO No. 4
declaration as order by the Court at multiple case management conferences and reiterated
by plaintiffs' counsel via email on October 25, 2013. Notwithstanding such objection,
documents produced by defendants ConocoPhillips and CPCPRC indicate that Tauber
held title to several hundreds of thousands of barrels of neat MTBE over a period of
fifteen years that was shipped to Puerto Rico added to gasoline and then distributed to
service stations in Puerto Rico. *See* Exhibit A to plaintiffs' First Amended Rule 30(b)(6)
Notice of Deposition of Tauber Oil. Plaintiffs reserve the right to amend or supplement
this response.


**Interrogatory No. 6**
**State whether any Plaintiff has any document or other evidence establishing that**
**Tauber has ever maintained, controlled, leased, or operated storage tanks, pipelines,**
**or service stations in Puerto Rico.**

**Response to Interrogatory No. 6**
Plaintiffs object on the basis that discovery is ongoing and defendants, including
defendant Tauber, have not yet fully responded to plaintiffs' requests for information
relevant to answering this interrogatory. Plaintiffs also object to this interrogatory as
defendants, including defendant Tauber, are in the best position to identify requested
documents or evidence. Moreover, defendant Tauber has failed to produce a CMO No. 4
declaration as order by the Court at multiple case management conferences and reiterated
by plaintiffs' counsel via email on October 25, 2013. Notwithstanding such objection,
documents produced by defendants ConocoPhillips and CPCPRC indicate that Tauber

held title to several hundreds of thousands of barrels of neat MTBE over a period of fifteen years that was shipped to Puerto Rico added to gasoline and then distributed to service stations in Puerto Rico. *See* Exhibit A to plaintiffs' First Amended Rule 30(b)(6) Notice of Deposition of Tauber Oil. Plaintiffs reserve the right to amend or supplement this response.

**Interrogatory No. 7**
**State whether any Plaintiff has any document or other evidence establishing that Tauber has ever maintained a place of business or office in Puerto Rico or employs agents or employees in Puerto Rico.**

**Response to Interrogatory No. 7**
Plaintiffs object on the basis that discovery is ongoing and defendants, including defendant Tauber, have not yet fully responded to plaintiffs' requests for information relevant to answering this interrogatory. Plaintiffs also object to this interrogatory as defendants, including defendant Tauber, are in the best position to identify requested documents or evidence. Moreover, defendant Tauber has failed to produce a CMO No. 4 declaration as order by the Court at multiple case management conferences and reiterated by plaintiffs' counsel via email on October 25, 2013. Notwithstanding such objection, documents produced by defendants ConocoPhillips and CPCPRC indicate that Tauber held title to several hundreds of thousands of barrels of neat MTBE over a period of fifteen years that was shipped to Puerto Rico added to gasoline and then distributed to service stations in Puerto Rico. *See* Exhibit A to plaintiffs' First Amended Rule 30(b)(6) Notice of Deposition of Tauber Oil. Plaintiffs reserve the right to amend or supplement this response.

**Interrogatory No. 8**
**State whether any Plaintiff has any document or other evidence establishing that Tauber has ever leased real or personal property in Puerto Rico.**

**Response to Interrogatory No. 8**
Plaintiffs object on the basis that discovery is ongoing and defendants, including defendant Tauber, have not yet fully responded to plaintiffs' requests for information relevant to answering this interrogatory. Plaintiffs also object to this interrogatory as defendants, including defendant Tauber, are in the best position to identify requested documents or evidence. Moreover, defendant Tauber has failed to produce a CMO No. 4 declaration as order by the Court at multiple case management conferences and reiterated by plaintiffs' counsel via email on October 25, 2013. Notwithstanding such objection, documents produced by defendants ConocoPhillips and CPCPRC indicate that Tauber held title to several hundreds of thousands of barrels of neat MTBE over a period of fifteen years that was shipped to Puerto Rico added to gasoline and then distributed to service stations in Puerto Rico. *See* Exhibit A to plaintiffs' First Amended Rule 30(b)(6) Notice of Deposition of Tauber Oil. Plaintiffs reserve the right to amend or supplement this response.

**Interrogatory No. 9**
**State whether any Plaintiff has any document or other evidence establishing that Tauber has ever had any officers, directors, employees or agents acting on its behalf present in Puerto Rico, including any agent for service of process in Puerto Rico.**

**Response to Interrogatory No. 9**
Plaintiffs object on the basis that discovery is ongoing and defendants, including defendant Tauber, have not yet fully responded to plaintiffs' requests for information relevant to answering this interrogatory. Plaintiffs also object to this interrogatory as defendants, including defendant Tauber, are in the best position to identify requested documents or evidence. Moreover, defendant Tauber has failed to produce a CMO No. 4 declaration as order by the Court at multiple case management conferences and reiterated by plaintiffs' counsel via email on October 25, 2013. Notwithstanding such objection, documents produced by defendants ConocoPhillips and CPCPRC indicate that Tauber held title to several hundreds of thousands of barrels of neat MTBE over a period of fifteen years that was shipped to Puerto Rico added to gasoline and then distributed to service stations in Puerto Rico. *See* Exhibit A to plaintiffs' First Amended Rule 30(b)(6) Notice of Deposition of Tauber Oil. Plaintiffs reserve the right to amend or supplement this response.


**Interrogatory No. 10**
**State whether any Plaintiff has any document or other evidence establishing that Tauber has ever had a bank account, phone number, fax number, or any corporate records located in Puerto Rico.**

**Response to Interrogatory No. 10**
Plaintiffs object on the basis that discovery is ongoing and defendants, including defendant Tauber, have not yet fully responded to plaintiffs' requests for information relevant to answering this interrogatory. Plaintiffs also object to this interrogatory as defendants, including defendant Tauber, are in the best position to identify requested documents or evidence. Moreover, defendant Tauber has failed to produce a CMO No. 4 declaration as order by the Court at multiple case management conferences and reiterated by plaintiffs' counsel via email on October 25, 2013. Notwithstanding such objection, documents produced by defendants ConocoPhillips and CPCPRC indicate that Tauber held title to several hundreds of thousands of barrels of neat MTBE over a period of fifteen years that was shipped to Puerto Rico added to gasoline and then distributed to service stations in Puerto Rico. *See* Exhibit A to plaintiffs' First Amended Rule 30(b)(6) Notice of Deposition of Tauber Oil. Plaintiffs reserve the right to amend or supplement this response.


**Interrogatory No. 11**
**State whether any Plaintiff has any document or other evidence establishing that Tauber has initiated litigation in Puerto Rico.**

**Response to Interrogatory No. 1**
Plaintiffs object on the basis that discovery is ongoing and defendants, including defendant Tauber, have not yet fully responded to plaintiffs' requests for information relevant to answering this interrogatory. Plaintiffs also object to this interrogatory as defendants, including defendant Tauber, are in the best position to identify requested documents or evidence. Moreover, defendant Tauber has failed to produce a CMO No. 4 declaration as order by the Court at multiple case management conferences and reiterated by plaintiffs' counsel via email on October 25, 2013. Notwithstanding such objection, documents produced by defendants ConocoPhillips and CPCPRC indicate that Tauber held title to several hundreds of thousands of barrels of neat MTBE over a period of fifteen years that was shipped to Puerto Rico added to gasoline and then distributed to service stations in Puerto Rico. *See* Exhibit A to plaintiffs' First Amended Rule 30(b)(6) Notice of Deposition of Tauber Oil. Plaintiffs reserve the right to amend or supplement this response.

**Interrogatory No. 12**
**State whether any Plaintiff has any document or other evidence establishing that Tauber has purposefully availed itself of the protection of the laws of Puerto Rico or has engaged in conduct purposefully directed at Puerto Rico.**

**Response to Interrogatory No. 12**
Plaintiffs object on the basis that discovery is ongoing and defendants, including defendant Tauber, have not yet fully responded to plaintiffs' requests for information relevant to answering this interrogatory. Plaintiffs also object as this interrogatory calls for a legal conclusion. Plaintiffs also object to this interrogatory as defendants, including defendant Tauber, are in the best position to identify requested documents or evidence. Moreover, defendant Tauber has failed to produce a CMO No. 4 declaration as order by the Court at multiple case management conferences and reiterated by plaintiffs' counsel via email on October 25, 2013. Notwithstanding such objection, documents produced by defendants ConocoPhillips and CPCPRC indicate that Tauber held title to several hundreds of thousands of barrels of neat MTBE over a period of fifteen years that was shipped to Puerto Rico added to gasoline and then distributed to service stations in Puerto Rico. *See* Exhibit A to plaintiffs' First Amended Rule 30(b)(6) Notice of Deposition of Tauber Oil. Plaintiffs reserve the right to amend or supplement this response.

**Interrogatory No. 13**
**State whether any Plaintiff has any document or other evidence establishing that Tauber has participated in any conventions meetings or sales events in Puerto Rico or engaged in conduct "targeting" Puerto Rico for its products.**

**Response to Interrogatory No. 13**
Plaintiffs object on the basis that discovery is ongoing and defendants, including defendant Tauber, have not yet fully responded to plaintiffs' requests for information relevant to answering this interrogatory. Plaintiffs also object to this interrogatory as

defendants, including defendant Tauber, are in the best position to identify requested documents or evidence. Moreover, defendant Tauber has failed to produce a CMO No. 4 declaration as order by the Court at multiple case management conferences and reiterated by plaintiffs' counsel via email on October 25, 2013. Notwithstanding such objection, documents produced by defendants ConocoPhillips and CPCPRC indicate that Tauber held title to several hundreds of thousands of barrels of neat MTBE over a period of fifteen years that was shipped to Puerto Rico added to gasoline and then distributed to service stations in Puerto Rico. *See* Exhibit A to plaintiffs' First Amended Rule 30(b)(6) Notice of Deposition of Tauber Oil. Plaintiffs reserve the right to amend or supplement this response.

**Interrogatory No. 14**
**State whether any Plaintiff has any document or other evidence establishing that Tauber has a single contact with Puerto Rico.**

**Response to Interrogatory No. 14**
Plaintiffs object on the basis that discovery is ongoing and defendants, including defendant Tauber, have not yet fully responded to plaintiffs' requests for information relevant to answering this interrogatory. Plaintiffs also object to the phrase "single contact" as vague and ambiguous. Plaintiffs also object to this interrogatory as defendants, including defendant Tauber, are in the best position to identify requested documents or evidence. Moreover, defendant Tauber has failed to produce a CMO No. 4 declaration as order by the Court at multiple case management conferences and reiterated by plaintiffs' counsel via email on October 25, 2013. Notwithstanding such objection, documents produced by defendants ConocoPhillips and CPCPRC indicate that Tauber held title to several hundreds of thousands of barrels of neat MTBE over a period of fifteen years that was shipped to Puerto Rico added to gasoline and then distributed to service stations in Puerto Rico. *See* Exhibit A to plaintiffs' First Amended Rule 30(b)(6) Notice of Deposition of Tauber Oil. Plaintiffs reserve the right to amend or supplement this response.

**Interrogatory No. 15**
**State whether any Plaintiff has any document or other evidence establishing that Tauber's website promoted the sale of MTBE in Puerto Rico, is translated to Spanish or otherwise targeted customers in Puerto Rico.**

**Response to Interrogatory No. 15**
Plaintiffs object on the basis that discovery is ongoing and defendants, including defendant Tauber, have not yet fully responded to plaintiffs' requests for information relevant to answering this interrogatory. Plaintiffs also object to this interrogatory as defendants, including defendant Tauber, are in the best position to identify requested documents or evidence. Moreover, defendant Tauber has failed to produce a CMO No. 4 declaration as order by the Court at multiple case management conferences and reiterated by plaintiffs' counsel via email on October 25, 2013. Notwithstanding such objection,

documents produced by defendants ConocoPhillips and CPCPRC indicate that Tauber held title to several hundreds of thousands of barrels of neat MTBE over a period of fifteen years that was shipped to Puerto Rico added to gasoline and then distributed to service stations in Puerto Rico. *See* Exhibit A to plaintiffs' First Amended Rule 30(b)(6) Notice of Deposition of Tauber Oil. Plaintiffs reserve the right to amend or supplement this response.

**Interrogatory No. 16**
**State whether any Plaintiff has any document or other evidence establishing that Tauber has ever refined and/or manufactured petroleum products, including, but not limited to, FUEL, FUEL containing MTBE, and MTBE.**

**Response to Interrogatory No. 16**
Plaintiffs object on the basis that discovery is ongoing and defendants, including defendant Tauber, have not yet fully responded to plaintiffs' requests for information relevant to answering this interrogatory. Plaintiffs also object to this interrogatory as defendants, including defendant Tauber, are in the best position to identify requested documents or evidence. Moreover, defendant Tauber has failed to produce a CMO No. 4 declaration as order by the Court at multiple case management conferences and reiterated by plaintiffs' counsel via email on October 25, 2013. Notwithstanding such objection, documents produced by defendants ConocoPhillips and CPCPRC indicate that Tauber held title to several hundreds of thousands of barrels of neat MTBE over a period of fifteen years that was shipped to Puerto Rico added to gasoline and then distributed to service stations in Puerto Rico. *See* Exhibit A to plaintiffs' First Amended Rule 30(b)(6) Notice of Deposition of Tauber Oil. Plaintiffs reserve the right to amend or supplement this response.

**Interrogatory No. 17**
**State whether any Plaintiff has any document or other evidence establishing that Tauber has ever sold or distributed MTBE or gasoline containing MTBE at any station, port, or any other location in the Commonwealth of Puerto Rico.**

**Response to Interrogatory No. 17**
Plaintiffs object on the basis that discovery is ongoing and defendants, including defendant Tauber, have not yet fully responded to plaintiffs' requests for information relevant to answering this interrogatory. Plaintiffs also object to this interrogatory as defendants, including defendant Tauber, are in the best position to identify requested documents or evidence. Moreover, defendant Tauber has failed to produce a CMO No. 4 declaration as order by the Court at multiple case management conferences and reiterated by plaintiffs' counsel via email on October 25, 2013. Notwithstanding such objection, documents produced by defendants ConocoPhillips and CPCPRC indicate that Tauber held title to several hundreds of thousands of barrels of neat MTBE over a period of fifteen years that was shipped to Puerto Rico added to gasoline and then distributed to service stations in Puerto Rico. *See* Exhibit A to plaintiffs' First Amended Rule 30(b)(6)

11

Notice of Deposition of Tauber Oil.  Plaintiffs reserve the right to amend or supplement this response.


**Interrogatory No. 18**
**State whether any Plaintiff has any document or other evidence establishing that Tauber has ever:**

     **a.**        **blended stocks of finished FUEL or added chemicals such as MTBE to FUEL.**
     **b.**        **traded FUEL.**
     **c.**        **traded gasoline containing MTBE.**

**Response to Interrogatory No. 18**
Plaintiffs object on the basis that discovery is ongoing and defendants, including defendant Tauber, have not yet fully responded to plaintiffs' requests for information relevant to answering this interrogatory.  Plaintiffs also object to this interrogatory as defendants, including defendant Tauber, are in the best position to identify requested documents or evidence.  Moreover, defendant Tauber has failed to produce a CMO No. 4 declaration as order by the Court at multiple case management conferences and reiterated by plaintiffs' counsel via email on October 25, 2013.  Notwithstanding such objection, documents produced by defendants ConocoPhillips and CPCPRC indicate that Tauber held title to several hundreds of thousands of barrels of neat MTBE over a period of fifteen years that was shipped to Puerto Rico added to gasoline and then distributed to service stations in Puerto Rico.  *See* Exhibit A to plaintiffs' First Amended Rule 30(b)(6) Notice of Deposition of Tauber Oil.  Plaintiffs reserve the right to amend or supplement this response.


**Interrogatory No. 19**
**State whether any Plaintiff has any document or other evidence establishing that Tauber had control as to the destination of the MTBE for any sale of MTBE by Tauber to Phillips Petroleum Corporation (PPC), Phillips 66 Co. (Phillips 66) and/or Phillips Chemical Co. (PCC).**

**Response to Interrogatory No. 19**
Plaintiffs object on the basis that discovery is ongoing and defendants, including defendant Tauber, have not yet fully responded to plaintiffs' requests for information relevant to answering this interrogatory.  Plaintiffs also object to this interrogatory as defendants, including defendant Tauber, are in the best position to identify requested documents or evidence.  Moreover, defendant Tauber has failed to produce a CMO No. 4 declaration as order by the Court at multiple case management conferences and reiterated by plaintiffs' counsel via email on October 25, 2013.  Notwithstanding such objection, documents produced by defendants ConocoPhillips and CPCPRC indicate that Tauber held title to several hundreds of thousands of barrels of neat MTBE over a period of fifteen years that was shipped to Puerto Rico added to gasoline and then distributed to service stations in Puerto Rico.  *See* Exhibit A to plaintiffs' First Amended Rule 30(b)(6)

Notice of Deposition of Tauber Oil.  Plaintiffs reserve the right to amend or supplement this response.


**Interrogatory No. 20**
**State whether any Plaintiff has any document or other evidence establishing that any refiner, supplier, distributor, jobber or retailer, including PPC, Phillips 66 and PCC, took title to any MTBE purchased from Tauber inside of Puerto Rico.**

**Response to Interrogatory No. 20**
Plaintiffs object on the basis that discovery is ongoing and defendants, including defendant Tauber, have not yet fully responded to plaintiffs' requests for information relevant to answering this interrogatory.  Plaintiffs also object to this interrogatory as defendants, including defendant Tauber, are in the best position to identify requested documents or evidence.  Moreover, defendant Tauber has failed to produce a CMO No. 4 declaration as order by the Court at multiple case management conferences and reiterated by plaintiffs' counsel via email on October 25, 2013.  Notwithstanding such objection, documents produced by defendants ConocoPhillips and CPCPRC indicate that Tauber held title to several hundreds of thousands of barrels of neat MTBE over a period of fifteen years that was shipped to Puerto Rico added to gasoline and then distributed to service stations in Puerto Rico.  *See* Exhibit A to plaintiffs' First Amended Rule 30(b)(6) Notice of Deposition of Tauber Oil.  Plaintiffs reserve the right to amend or supplement this response.


**Interrogatory No. 21**
**State whether any Plaintiff has any document or other evidence establishing that the price for any MTBE sold by Tauber to any entity, including PPC, Phillips 66 and PCC, was contingent on MTBE being shipped to Puerto Rico.**

**Response to Interrogatory No. 21**
Plaintiffs object on the basis that discovery is ongoing and defendants, including defendant Tauber, have not yet fully responded to plaintiffs' requests for information relevant to answering this interrogatory.  Plaintiffs also object to this interrogatory as defendants, including defendant Tauber, are in the best position to identify requested documents or evidence.  Moreover, defendant Tauber has failed to produce a CMO No. 4 declaration as order by the Court at multiple case management conferences and reiterated by plaintiffs' counsel via email on October 25, 2013.  Notwithstanding such objection, documents produced by defendants ConocoPhillips and CPCPRC indicate that Tauber held title to several hundreds of thousands of barrels of neat MTBE over a period of fifteen years that was shipped to Puerto Rico added to gasoline and then distributed to service stations in Puerto Rico.  *See* Exhibit A to plaintiffs' First Amended Rule 30(b)(6) Notice of Deposition of Tauber Oil.  Plaintiffs reserve the right to amend or supplement this response.

**Interrogatory No. 22**
**State whether any Plaintiff has any product tracing documents or other evidence
establishing or constituting a purported sale transaction of MTBE by Tauber to
Phillips Puerto Rico Core referenced in CPCPR-032103 and CPCPR-032860.**

**Response to Interrogatory No. 22**
Plaintiffs object on the basis that discovery is ongoing and defendants, including
defendant Tauber, have not yet fully responded to plaintiffs' requests for information
relevant to answering this interrogatory. Plaintiffs also object to this interrogatory as it
calls for expert opinion. Plaintiffs also object to this interrogatory as defendants,
including defendant Tauber, are in the best position to identify requested documents or
evidence. Moreover, defendant Tauber has failed to produce a CMO No. 4 declaration as
order by the Court at multiple case management conferences and reiterated by plaintiffs'
counsel via email on October 25, 2013. Notwithstanding such objection, documents
produced by defendants ConocoPhillips and CPCPRC indicate that Tauber held title to
several hundreds of thousands of barrels of neat MTBE over a period of fifteen years that
was shipped to Puerto Rico added to gasoline and then distributed to service stations in
Puerto Rico. *See* Exhibit A to plaintiffs' First Amended Rule 30(b)(6) Notice of
Deposition of Tauber Oil. Plaintiffs reserve the right to amend or supplement this
response.


**Interrogatory No. 23**
**State whether any Plaintiff has any document or other evidence establishing that the
sale of MTBE by Tauber to any entity, including PPC, Phillips 66 and PCC, was:**
    **a. intended to be delivered and used in Puerto Rico;**
    **b. delivered to Puerto Rico by Tauber.**

**Response to Interrogatory No. 23**
Plaintiffs object on the basis that discovery is ongoing and defendants, including
defendant Tauber, have not yet fully responded to plaintiffs' requests for information
relevant to answering this interrogatory. Plaintiffs also object to this interrogatory as
defendants, including defendant Tauber, are in the best position to identify requested
documents or evidence. Moreover, defendant Tauber has failed to produce a CMO No. 4
declaration as order by the Court at multiple case management conferences and reiterated
by plaintiffs' counsel via email on October 25, 2013. Notwithstanding such objection,
documents produced by defendants ConocoPhillips and CPCPRC indicate that Tauber
held title to several hundreds of thousands of barrels of neat MTBE over a period of
fifteen years that was shipped to Puerto Rico added to gasoline and then distributed to
service stations in Puerto Rico. *See* Exhibit A to plaintiffs' First Amended Rule 30(b)(6)
Notice of Deposition of Tauber Oil. Plaintiffs reserve the right to amend or supplement
this response.

14

**Interrogatory No. 24**
**State whether any Plaintiff has any document or other evidence establishing that Tauber sold MTBE to Phillips Puerto Rico Core, Inc.**

**Response to Interrogatory No. 24**
Plaintiffs object on the basis that discovery is ongoing and defendants, including defendant Tauber, have not yet fully responded to plaintiffs' requests for information relevant to answering this interrogatory. Plaintiffs also object to this interrogatory as defendants, including defendant Tauber, are in the best position to identify requested documents or evidence. Moreover, defendant Tauber has failed to produce a CMO No. 4 declaration as order by the Court at multiple case management conferences and reiterated by plaintiffs' counsel via email on October 25, 2013. Notwithstanding such objection, documents produced by defendants ConocoPhillips and CPCPRC indicate that Tauber held title to several hundreds of thousands of barrels of neat MTBE over a period of fifteen years that was shipped to Puerto Rico added to gasoline and then distributed to service stations in Puerto Rico. *See* Exhibit A to plaintiffs' First Amended Rule 30(b)(6) Notice of Deposition of Tauber Oil. Plaintiffs reserve the right to amend or supplement this response.

**Interrogatory No. 25**
**State whether any Plaintiff has any document or other evidence establishing that Tauber sold MTBE to any entity in Puerto Rico.**

**Response to Interrogatory No. 25**
Plaintiffs object on the basis that discovery is ongoing and defendants, including defendant Tauber, have not yet fully responded to plaintiffs' requests for information relevant to answering this interrogatory. Plaintiffs also object to this interrogatory as defendants, including defendant Tauber, are in the best position to identify requested documents or evidence. Moreover, defendant Tauber has failed to produce a CMO No. 4 declaration as order by the Court at multiple case management conferences and reiterated by plaintiffs' counsel via email on October 25, 2013. Notwithstanding such objection, documents produced by defendants ConocoPhillips and CPCPRC indicate that Tauber held title to several hundreds of thousands of barrels of neat MTBE over a period of fifteen years that was shipped to Puerto Rico added to gasoline and then distributed to service stations in Puerto Rico. *See* Exhibit A to plaintiffs' First Amended Rule 30(b)(6) Notice of Deposition of Tauber Oil. Plaintiffs reserve the right to amend or supplement this response.

**Interrogatory No. 26**
**State whether any Plaintiff has any document or other evidence establishing that any MTBE Tauber sold remained in Puerto Rico.**

**Response to Interrogatory No. 26**
Plaintiffs object on the basis that discovery is ongoing and defendants, including

15

defendant Tauber, have not yet fully responded to plaintiffs' requests for information relevant to answering this interrogatory. Plaintiffs also object to this interrogatory as defendants, including defendant Tauber, are in the best position to identify requested documents or evidence. Moreover, defendant Tauber has failed to produce a CMO No. 4 declaration as order by the Court at multiple case management conferences and reiterated by plaintiffs' counsel via email on October 25, 2013. Notwithstanding such objection, documents produced by defendants ConocoPhillips and CPCPRC indicate that Tauber held title to several hundreds of thousands of barrels of neat MTBE over a period of fifteen years that was shipped to Puerto Rico added to gasoline and then distributed to service stations in Puerto Rico. *See* Exhibit A to plaintiffs' First Amended Rule 30(b)(6) Notice of Deposition of Tauber Oil. Plaintiffs reserve the right to amend or supplement this response.

**Interrogatory No. 27:**
**State whether any Plaintiff has any document or other evidence establishing that any MTBE Tauber sold, including any sales to PPC, Phillips 66 and PCC, was delivered to the Capeco Pipeline, the Guayanilla Pipeline, or any pipeline in the Commonwealth of Puerto Rico, or the Phillips Puerto Rico Core, Inc. facility.**

**Response to Interrogatory No. 27**
Plaintiffs object on the basis that discovery is ongoing and defendants, including defendant Tauber, have not yet fully responded to plaintiffs' requests for information relevant to answering this interrogatory. Plaintiffs also object to this interrogatory as defendants, including defendant Tauber, are in the best position to identify requested documents or evidence. Moreover, defendant Tauber has failed to produce a CMO No. 4 declaration as order by the Court at multiple case management conferences and reiterated by plaintiffs' counsel via email on October 25, 2013. Notwithstanding such objection, documents produced by defendants ConocoPhillips and CPCPRC indicate that Tauber held title to several hundreds of thousands of barrels of neat MTBE over a period of fifteen years that was shipped to Puerto Rico added to gasoline and then distributed to service stations in Puerto Rico. *See* Exhibit A to plaintiffs' First Amended Rule 30(b)(6) Notice of Deposition of Tauber Oil. Plaintiffs reserve the right to amend or supplement this response.

**Interrogatory No. 28**
**State whether any Plaintiff has documents or other evidence establishing product tracing for sales of gasoline containing MTBE sold by Tauber to PPC, Phillips 66 or PCC.**

**Response to Interrogatory No. 28**
Plaintiffs object on the basis that discovery is ongoing and defendants, including defendant Tauber, have not yet fully responded to plaintiffs' requests for information relevant to answering this interrogatory. Plaintiffs also object to this interrogatory as it calls for expert opinion. Plaintiffs also object to this interrogatory as defendants,

including defendant Tauber, are in the best position to identify requested documents or evidence.  Moreover, defendant Tauber has failed to produce a CMO No. 4 declaration as order by the Court at multiple case management conferences and reiterated by plaintiffs' counsel via email on October 25, 2013.  Notwithstanding such objection, documents produced by defendants ConocoPhillips and CPCPRC indicate that Tauber held title to several hundreds of thousands of barrels of neat MTBE over a period of fifteen years that was shipped to Puerto Rico added to gasoline and then distributed to service stations in Puerto Rico.  *See* Exhibit A to plaintiffs' First Amended Rule 30(b)(6) Notice of Deposition of Tauber Oil.  Plaintiffs reserve the right to amend or supplement this response.

**Interrogatory No. 29:**
**State whether any Plaintiff has any document or other evidence refuting the statement in the letter from counsel for ConocoPhillips (LNFS 53623798) dated August 9, 2013 stating that not all MTBE blended into gasoline at the Phillips Puerto Rico Core facility remained in Puerto Rico.**

**Response to Interrogatory No. 29**
Plaintiffs object on the basis that discovery is ongoing and defendants, including defendant Tauber, have not yet fully responded to plaintiffs' requests for information relevant to answering this interrogatory.  Plaintiffs also object to this interrogatory as defendants, including defendant Tauber, are in the best position to identify requested documents or evidence.  Moreover, defendant Tauber has failed to produce a CMO No. 4 declaration as order by the Court at multiple case management conferences and reiterated by plaintiffs' counsel via email on October 25, 2013.  Notwithstanding such objection, documents produced by defendants ConocoPhillips and CPCPRC indicate that Tauber held title to several hundreds of thousands of barrels of neat MTBE over a period of fifteen years that was shipped to Puerto Rico added to gasoline and then distributed to service stations in Puerto Rico.  *See* Exhibit A to plaintiffs' First Amended Rule 30(b)(6) Notice of Deposition of Tauber Oil.  Plaintiffs reserve the right to amend or supplement this response.

**Interrogatory No. 30**
**State whether any Plaintiff has any document or other evidence establishing that any MTBE Tauber sold, including any sale to PPC, Phillips 66 and PCC, was blended into gasoline that was sold for use Puerto Rico.**

**Response to Interrogatory No. 30**
Plaintiffs object on the basis that discovery is ongoing and defendants, including defendant Tauber, have not yet fully responded to plaintiffs' requests for information relevant to answering this interrogatory.  Plaintiffs also object to this interrogatory as defendants, including defendant Tauber, are in the best position to identify requested documents or evidence.  Moreover, defendant Tauber has failed to produce a CMO No. 4 declaration as order by the Court at multiple case management conferences and reiterated

by plaintiffs' counsel via email on October 25, 2013.  Notwithstanding such objection, documents produced by defendants ConocoPhillips and CPCPRC indicate that Tauber held title to several hundreds of thousands of barrels of neat MTBE over a period of fifteen years that was shipped to Puerto Rico added to gasoline and then distributed to service stations in Puerto Rico.  *See* Exhibit A to plaintiffs' First Amended Rule 30(b)(6) Notice of Deposition of Tauber Oil.  Plaintiffs reserve the right to amend or supplement this response.

<u>Interrogatory No. 31</u>
**State whether any Plaintiff has any document or other evidence establishing that Tauber has delivered its goods, including MTBE, in the stream of commerce with the expectation that they would be purchased by Puerto Rico users.**

<u>Response to Interrogatory No. 31</u>
Plaintiffs object on the basis that discovery is ongoing and defendants, including defendant Tauber, have not yet fully responded to plaintiffs' requests for information relevant to answering this interrogatory.  Plaintiffs also object to this interrogatory as defendants, including defendant Tauber, are in the best position to identify requested documents or evidence.  Moreover, defendant Tauber has failed to produce a CMO No. 4 declaration as order by the Court at multiple case management conferences and reiterated by plaintiffs' counsel via email on October 25, 2013.  Notwithstanding such objection, documents produced by defendants ConocoPhillips and CPCPRC indicate that Tauber held title to several hundreds of thousands of barrels of neat MTBE over a period of fifteen years that was shipped to Puerto Rico added to gasoline and then distributed to service stations in Puerto Rico.  *See* Exhibit A to plaintiffs' First Amended Rule 30(b)(6) Notice of Deposition of Tauber Oil.  Plaintiffs reserve the right to amend or supplement this response.

**INTERROGATORIES REGARDING CLAIMS IN
THIRD AMENDED COMPLAINT**

<u>Interrogatory No. 1</u>
**State whether any Plaintiff has any document or other evidence establishing Tauber "knew or should have known [MTBE it sold] would be delivered into the Commonwealth" as set forth in Para. 71 of the Third Amended Complaint.**

<u>Response to Interrogatory No. 1</u>
Plaintiffs object on the basis that discovery is ongoing and defendants, including defendant Tauber, have not yet fully responded to plaintiffs' requests for information relevant to answering this interrogatory.  Plaintiffs also object to this interrogatory as defendants, including defendant Tauber, are in the best position to identify requested documents or evidence.  Moreover, defendant Tauber has failed to produce a CMO No. 4 declaration as order by the Court at multiple case management conferences and reiterated by plaintiffs' counsel via email on October 25, 2013.  Notwithstanding such objection,

18