UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
:
IN RE: METHYL TERTIARY BUTYL       :
ETHER ("MTBE") PRODUCTS            :      OPINION AND ORDER
LIABILITY LITIGATION                :
------------------------------------------------------------ :     Master File No. 1:00-1898
:     MDL 1358 (SAS)
This document relates to:          :      M21-88
:
New Jersey Dep't of Envtl. Prot. v. Atlantic :
Richfield Co., No. 08 Civ. 312 (SAS) :
:
------------------------------------------------------------ X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/3/14

SHIRA A. SCHEINDLIN, U.S.D.J.:

I.   INTRODUCTION

      This is a consolidated multi-district litigation ("MDL") relating to contamination — actual or threatened — of groundwater from various defendants' use of the gasoline additive methyl tertiary butyl ether ("MTBE") and/or tertiary butyl alcohol, a product formed by the breakdown of MTBE in water. In this case, the New Jersey Department of Environmental Protection ("NJDEP"), the Commissioner of the NJDEP, and the Administrator of the New Jersey Spill Compensation Fund allege that defendants use and handling of MTBE has contaminated, or threatened to contaminate groundwater at service stations, refineries, and terminals throughout New Jersey. Familiarity with the facts of this

1

case is presumed for the purposes of this Order.

Currently before the Court is a motion for summary judgment brought by various defendants[1] seeking dismissal of plaintiffs' (1) public nuisance claim to the extent it seeks damages beyond abatement; and (2) trespass claim on the grounds that plaintiffs failed to prove that they have exclusive possession of New Jersey's groundwater. For the reasons stated below, the motion is GRANTED.

## II.   BACKGROUND[2]

On June 19, 2012, plaintiffs filed their Fourth Amended Complaint ("FAC"), asserting claims of (1) strict liability, (2) negligence, (3) public nuisance,

---

[1] Comprising Atlantic Richfield Company; BP America, Inc.; BP Amoco Chemical Company; BP Amoco Corporation; BP Products North America, Inc.; Chevron Corporation; Chevron U.S.A., Inc. ("CUSA"); Coastal Eagle Point Oil Company; ConocoPhillips Company; Cumberland Farms, Inc.; Duke Energy Merchants, LLC; El Paso Corporation (n/k/a El Paso LLC); Exxon Mobil Corporation; Exxon Mobil Oil Corporation; Equilon Enterprises LLC; Getty Petroleum Marketing Inc.; Getty Properties Corporation; Gulf Oil Limited Partnership; Hess Corporation; Kewanee Industries, Inc.; Lyondell Chemical Company; Mobil Corporation; Motiva Enterprises LLC; Shell Oil Company; Shell Oil Products Company LLC; Shell Trading (US) Company; Sunoco, Inc.; Sunoco, Inc. (R&M); Unocal Corporation. *See* Defendants' Notice of Motion for Partial Summary Judgment on Plaintiffs' Public Nuisance Claim for Damages and Trespass Claim.

[2] The facts recited below are drawn from the pleadings, the parties' Local Civil Rule 56.1 Statements, the declarations submitted in connection with this motion, and the exhibits attached thereto. These facts are undisputed. *See* Plaintiffs' Rule 56.1 Statement in Opposition to Defendants' Motion for Summary Judgment on Plaintiffs' Public Nuisance Claim for Damages and Trespass Claim ("Pl. Opp. 56.1") (admitting all facts set forth in defendants' Rule 56.1 statement).

2

and (4) trespass against defendants.[3]

Plaintiffs purport to bring their common law claims — including public nuisance and trespass — in their sovereign capacity as *parens patriae*.[4] Specifically, the FAC asserts that the NJDEP "is vested with the authority to protect and seek compensation for any injury to [the waters of the State] on behalf of the State, which is the trustee, for the benefit of the citizens, of all natural resources within its borders . . . ."[5] The basis of both the public nuisance and trespass claims is that defendants' conduct contaminated the "waters of the State," which the State holds in trust for the public.[6] As relief for their public nuisance claim, plaintiffs seek both abatement and damages.[7]

## III.  LEGAL STANDARD

### A.  Summary Judgment

---

[3]  *See* FAC ¶¶ 111-174.

[4]  *See id.* ¶ 1; Defendants' Local Rule 56.1 Statement in Support of Their Motion for Summary Judgment on Plaintiffs' Public Nuisance Claim for Damages and Trespass Claim ("Def. 56.1") ¶ 1.

[5]  FAC ¶ 1.

[6]  *See id.* ¶¶ 124-125, 154. Plaintiffs do not own the land at sixteen of the nineteen trial sites at issue. *See* Def. 56. 1 ¶ 2. The remaining three sites are owned by the State of New Jersey and the New Jersey Department of Treasury — neither of which are parties to this action. *See id.* ¶¶ 3-4.

[7]  *See id.* at Count II (Public Nuisance), Prayer for Relief.

Summary judgment is appropriate "only where, construing all the evidence in the light most favorable to the non-movant and drawing all reasonable inferences in that party's favor, there is 'no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law.'"[8] "A genuine dispute exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[9] "A fact is material if it might affect the outcome of the suit."[10]

"The moving party bears the burden of establishing the absence of any genuine issue of material fact."[11] To defeat a motion for summary judgment, the non-moving party "'must do more than simply show that there is some metaphysical doubt as to the material facts,'"[12] and "'may not rely on conclusory

---

[8] *Rivera v. Rochester Genesee Regional Transp. Auth.*, 702 F.3d 685, 692 (2d Cir. 2012) (quoting Fed. R. Civ. P. 56(c)) (some quotation marks omitted).

[9] *Finn v. N.Y. State Office of Mental Health-Rockland Psychiatric Ctr.*, 489 Fed. App'x 513, 514 (2d Cir. 2012) (quotation marks omitted).

[10] *Windsor v. United States*, 699 F.3d 169, 192 (2d Cir. 2012).

[11] *Zalaski v. City of Bridgeport Police Dep't*, 613 F.3d 336, 340 (2d Cir. 2010) (citing *Celotex Corp. Catrett*, 477 U.S. 317, 322 (1986)). *Accord Powell v. Donahoe*, 519 Fed. App'x 21, 22 (2d Cir. 2013).

[12] *Gioia v. Forbes Media LLC*, 501 Fed. App'x 52, 54 (2d Cir. 2012) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

allegations or unsubstantiated speculation.'"[13]

In deciding a motion for summary judgment, "[t]he role of the court is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried."[14] "'Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.'"[15]

**B. New Jersey Law**

**1. Public Nuisance**

New Jersey law on public nuisance follows the Restatement (Second) of Torts.[16] The Restatement defines public nuisance as "an unreasonable interference with a right common to the general public."[17] A plaintiff suing for public nuisance can seek "damages [or] the injunctive remedy of abatement."[18]

---

[13] *Robinson v. Allstate Ins. Co.*, 508 Fed. App'x 7, 9 (2d Cir. 2013) (quoting *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998)).

[14] *Cuff ex rel. B.C. v. Valley Cent. Sch. Dist.*, 677 F.3d 109, 119 (2d Cir. 2012).

[15] *Redd v. New York Div. of Parole*, 678 F.3d 166, 174 (2d Cir. 2012) (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)).

[16] *See In re Lead Paint Litig.*, 191 N.J. 405, 424 (2007).

[17] Restatement (Second) of Torts § 821B(1) (1979).

[18] *In re Lead Paint*, 191 N.J. at 427.

The remedies available depend on the type of plaintiff bringing suit. A private plaintiff "can sue for damages caused by the public nuisance only if [he] has 'suffered harm of a kind different from that suffered by other members of the public.'"[19] Thus, his "special injury" must be "an injury different in kind, rather than in degree."[20] In addition, "if a private plaintiff has a right to sue for damages because of a harm different in kind, then [he] may also pursue an action to abate the nuisance as it affects all members of the public."[21]

"Conversely, however, the public entity, as the modern representative of the sovereign in public nuisance litigation, has only the right to abate."[22] As the New Jersey Supreme Court has emphasized:

> [T]here is no right either historically, or through the Restatement (Second)'s formulation, for the public entity to seek to collect money damages in general. . . . Rather, there is only a private plaintiff's right to recover damages through an action arising from a special injury.[23]

Therefore, an award of damages "is limited to the extent of the special injury sustained by the private plaintiff, and is not a remedy available to a public

---

[19]   *Id.* (quoting Restatement (Second) of Torts § 821C(1)).

[20]   *Id.* at 436.

[21]   *Id.* (citing Restatement (Second) of Torts § 821C(2)(a)) at 428.

[22]   *Id.* (citing Restatement (Second) of Torts § 821C(2)(b)).

[23]   *Id.*

6

entity plaintiff to the extent that it acts in the place of the sovereign."[24] If, however, New Jersey law permits a public entity to sue for damages as a private plaintiff,[25] "[the public entity] must, therefore, identify a special injury as to which an award of money damages may attach."[26]

## 2. Trespass

Under common law, "[a]n action for trespass arises upon the unauthorized entry onto another's property, real or personal."[27] Because "trespass . . . is actionable, irrespective of any appreciable injury . . . , a plaintiff may assert a claim for whatever damages the facts may lawfully warrant."[28] The plaintiff need not "show[] fault as a basis of liability."[29]

Additionally, trespass requires that "the invasion . . . be to land that is

---

[24]   *Id.* at 435 (internal quotation marks omitted).

[25]   *See id.* at 435 n.10 (finding it "debatable" whether public entities are authorized to proceed as private plaintiffs in a trespass action to obtain damages).

[26]   *Id.* at 435.

[27]   *New Jersey Dep't of Envt'l Prot. v. Exxon Mobil Corp.*, No. UNN-L-3026-04, 2008 WL 4177038, at *7 (N.J. Super. Aug. 29, 2008) (citing *Pinkowski v. Twp. of Montclair*, 299 N.J. Super. 557, 571 (App. Div. 1997)).

[28]   *Id.* (citing *Pinkowski*, 299 N.J. Super. at 571).

[29]   *Id.*

in the *exclusive possession* of the plaintiff."[30] "Land in the public trust is held by the State on behalf of a second party, the people."[31] Thus, such land cannot be in "exclusive possession" of the State.

## IV. DISCUSSION

### A. The Public Nuisance Claim

Defendants contend that plaintiffs cannot recover damages for their public nuisance claim because they are purportedly acting "in the place of the sovereign."[32] Even if plaintiffs were proceeding as private litigants, they have failed to show any "special injury."[33] Thus, defendants argue that plaintiffs are not entitled to damages for their public nuisance claim.[34]

As an initial matter, plaintiffs do not purport to be proceeding as private litigants — nor can they — given the statements in the FAC to the

---

[30] *Id.* (citing *New Jersey Dep't of Envt'l Prot. v. Ventron Corp.*, 94 N.J. 473, 488-89 (1983)) (emphasis added).

[31] *Id.*

[32] Defendants' Memorandum of Law in Support of Their Motion for Summary Judgment on Plaintiffs' Public Nuisance Claim for Damages and Trespass Claim ("Def. Mem.") at 3 (citing FAC ¶ 1).

[33] *Id.* at 4.

[34] *See id.*

contrary.³⁵ Instead, they admit that they brought all claims in their *parens patriae* capacity and under the public trust doctrine.³⁶ Therefore, under New Jersey law, plaintiffs have only the right to abate.³⁷ Plaintiffs cite no controlling case that states otherwise.³⁸

Plaintiffs, nevertheless, insist they are entitled to damages because they have demonstrated a "special injury."³⁹ They contend that damages to water

---

<sup>35</sup>   *See* FAC ¶ 14 ("[T]he State is the trustee, for the benefit of its citizens, of all natural resources . . . ."); ¶ 17 ("[T]he State, through plaintiffs [NJ]DEP and the Administrator, seeks damages as *parens patriae* and under the public trust doctrine.").

<sup>36</sup>   *See* Pl. Opp. 56.1 ¶ 1.

<sup>37</sup>   *See In re Lead Paint*, 191 N.J. at 427 ("[T]he public entity, as the modern representative of the sovereign in public nuisance litigation, has only the right to abate.").

<sup>38</sup>   Plaintiffs rely on two cases to support their argument that they may recover damages when proceeding in their public capacity. The first is a case from the District Court of the Virgin Islands. *See* Pl. Mem. at 5 (citing *Commissioner of the Dep't of Planning and Natural Res. v. Century Alumina Co.*, No. 05 Civ. 0062, 2008 WL 4809897, at *10 n.8 (D.V.I. Oct. 31, 2008)). The second — a New Jersey case — addresses only liability, not remedies available for public nuisance. *See* Pl. Mem. at 3-4 (citing *Ventron*, 94 N.J. at 490). Both cases are inapposite in light of the New Jersey Supreme Court's 2007 ruling in *Lead Paint*.

<sup>39</sup>   *See* Pl. Mem. at 5-13. Plaintiffs rely on this Court's opinion in *In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litig.*, in which I held that Orange County Water District ("OCWD") may seek damages on its public nuisance claim to the extent that the alleged nuisance interfered with its "valid usufructuary interest." 457 F. Supp. 2d 455, 466 (S.D.N.Y. 2006). Unlike the OCWD, which withdrew and replenished the groundwater, plaintiffs have no usufructuary interest in the groundwater. To the contrary, plaintiffs state that they

9

they hold "in trust" is "*per se* separate, distinct, and independent" of any individual damages to the state's citizens.[40] Even if plaintiffs could prove "special injury" — which they cannot[41] — a public entity may recover damages only when acting as a private litigant.[42] Because plaintiffs — by their own admission[43] — are not proceeding as "private litigants," they may not recover damages.

### B. The Trespass Claim

Defendants next argue that plaintiffs' trespass claim must fail because they cannot prove a required element — exclusive possession.[44] Defendants contend that because plaintiffs purportedly hold the "waters of the state" in trust for the citizens, they lack exclusive possession.[45]

---

protect ground water for "members of the public" to use. Pl. Mem. at 9.

[40] Pl. Mem. at 7.

[41] For support, plaintiffs again rely mainly on decisions from other jurisdictions. *See id.* at 7-8. The few New Jersey cases cited do not support awarding damages based on public nuisance. *See id.* at 7-8, n.3, n.4.

[42] *See In re Lead Paint*, 191 N.J. at 435 ("The damage award [for public nuisance] is limited to the extent of the special injury sustained by the private plaintiff, and is not a remedy available to a public entity plaintiff to the extent that it acts in the place of the "sovereign."").

[43] *See supra* text accompanying notes 36 and 37.

[44] *See* Def. Mem. at 5-7.

[45] *Id.* at 6 (citing *Exxon*, 2008 WL 4177038, at *7) ("This court cannot find that land subject to the public trust is in the 'exclusive possession' of the

10

Plaintiffs insist that they are, nevertheless, entitled to bring their trespass claim. *First*, plaintiffs argue that the New Jersey legislature has explicitly granted them the right to bring a trespass action.[46] However, plaintiffs rely on a provision of the New Jersey Waterfront Development Act that relates only to the navigable waters of the State. If the legislature intended to grant the State the right to bring a trespass action for *groundwater*, it would have so stated.[47] *Second*, plaintiffs claim — without citation — that New Jersey law does not require exclusive possession.[48] Instead, plaintiffs urge that "the proper inquiry is the right to 'control' the [groundwater] as against all others."[49] Plaintiffs' claim has no support.[50] New Jersey law clearly requires exclusive possession as an element of

---

state."). Plaintiffs object to reliance on this case based on a New Jersey Rule of Court which states that unpublished cases lack binding authority. Nevertheless, I find this case persuasive.

[46] *See* Pl. Mem. at 14 (citing N.J.S.A. 12:5-2) (authorizing the NJDEP to "prevent the encroachment or trespass upon the waterfront of any of the *navigable waters* of this State . . .") (emphasis added).

[47] Plaintiffs cite to another provision that defines "natural resources" to include all waters "owned, managed, held in trust or otherwise controlled by the State." Pl. Mem. at 13 (citing N.J.S.A. 58:10-23.11b). This provision says nothing about whether the State has exclusive possession of the groundwater.

[48] *See id.*

[49] *Id.* at 14.

[50] Plaintiffs cite only one New Jersey case, which involves an ejectment action brought under N.J.S.A. 2A:35-1. *See* Pl. Mem. at 14-15 (citing *Marder v.*

trespass.[51] Further, the groundwater lies under or on private land.[52] Thus, plaintiffs' possessory interest in that water is necessarily subordinate to that of the private landowners.[53] The State — as trustee for the citizenry including those

---

*Realty Constr. Co.*, 84 N.J. Super. 313, 321 (App. Div. 1964), *aff'd*, 43 N.J. 508 (1964)). If anything, *Marder* undermines plaintiffs' argument because that court found that a construction company trespassed on a landowner's private property — land undoubtedly in the landowner's exclusive possession. *See id.*

[51] *See Ventron*, 94 N.J. at 488 ("[A]ny actual invasion that . . . interfered with the plaintiff's exclusive possession of his land constituted an actionable trespass . . ."); *Exxon*, 2008 WL 4177038, at *7 ("The gravaman of the tort of trespass is that someone has interfered with a party's exclusive possession of the land."); *Newark v. Eastern Airlines, Inc.*, 159 F. Supp. 750, 761-62 (D.N.J. 1958) (holding that a plaintiff without an "exclusive possessory interest" in the property at issue "may not maintain an action in trespass").

[52] *See* Def. 56.1 ¶ 2. The land at sixteen of the sites at issue is privately owned. *See id.* The remaining three sites are owned by non-parties. *See id.* ¶¶ 3-4. Even if plaintiffs had exclusive possession at these three sites, their trespass claim would fail because the non-parties consented to the delivery of gasoline — found to contain MTBE — to their property. *See Woodcliff, Inc. v. Jersey Constr. Inc.*, 900 F. Supp. 2d 398, 402 (D.N.J. 2012) (holding that trespass is an "inappropriate theory of liability" where the plaintiff claimed it had consented to the delivery of soil to its property, but not to the discharge of arsenic in the soil)).

[53] This Court's 2011 opinion in the OCWD case is not to the contrary. *See In re MTBE Prods. Liab. Litig.*, 824 F. Supp. 2d 524 (S.D.N.Y. 2011). There, I held that under California law, OCWD's usufructuary rights were "subordinate to the State (acting pursuant to the public trust), [and] any overlying right holders (such as the defendants as owners of the sites)." *Id.* at 546-547. I did not hold that the interest of the State — as trustee — was superior to that of the private landowners.

12

landowners — cannot claim to be in exclusive possession.[54] By their own admission, "members of the public use groundwater for drinking, bathing, recreational, and similar uses."[55] In fact, plaintiffs must obtain permission to use the groundwater.[56] Therefore, plaintiffs cannot pursue their trespass claim.

## V. CONCLUSION

For the foregoing reasons, defendants' motion is GRANTED. The Clerk of the Court is directed to close this motion (Doc. No. 277).

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated: New York, New York
March 3, 2014

---

[54] *See Exxon*, 2008 WL 4177038, at *7 (holding that the NJDEP — who allegedly held land in the public trust — lacked "exclusive possession" required to maintain its trespass claim).

[55] Pl. Mem. at 9.

[56] *See* New Jersey Administrative Code § 7:19-1.3 (defining "person" for purposes of obtaining a water allocation permit to include any "subdivision of the State and any state"); *New Mexico v. General Elec. Co.*, 335 F. Supp. 2d 1185, 1202 (D.N.M. 2004) (finding it relevant to the State's claim for trespass that the State — like everyone else — had to obtain a permit to use the groundwater).

## - Appearances -

**For Plaintiffs:**

Gwen P. Farley
John J. Hoffman
Assistant Attorney Generals
Office of the Attorney General of the State of New Jersey
P.O. Box 080
Trenton, NJ 08625
(609) 292-4925

Daniel Berger, Esq.
Tyler E. Wren, Esq.
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3098

Leonard Z. Kaufmann, Esq.
Cohn, Lifland, Pearlman, Herrmann & Knopf LLP
Park 80 Plaza West One
Saddle Brook, NJ 07663
(201) 845-9600

**For Defendants:**

Peter John Sacripanti, Esq.
James A. Pardo, Esq.
Stephen J. Riccardulli, Esq.
Lisa A. Gerson, Esq.
McDermott Will & Emery LLP
340 Madison Avenue
New York, NY 10017
(212) 547-5400