UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X
                                                        :
IN RE: METHYL TERTIARY BUTYL                            :
ETHER ("MTBE") PRODUCTS                                 :   **MEMORANDUM**
LIABILITY LITIGATION                                    :   **OPINION AND ORDER**
------------------------------------------------------- :
                                                        :   Master File No. 1:00-1898
**This document relates to:**                           :   MDL 1358 (SAS)
                                                        :   M21-88
*City of Fresno v. Chevron U.S.A., Inc. et al.*,        :
04 Civ. 4973                                            :
                                                        :
                                                        :
------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/5/14

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

**I.     BACKGROUND**

This is a consolidated multi-district litigation ("MDL") relating to contamination — actual or threatened — of groundwater from various defendants' use of the gasoline additive methyl tertiary butyl ether ("MTBE") and/or tertiary butyl alcohol, a product formed by the breakdown of MTBE in water. In this case, the City of Fresno ("Fresno") sues Exxon Mobil Corporation, Shell Oil Company, Equilon Enterprises LLC, Equiva Services LLC, Texaco Refining and Marketing Inc., CITGO Petroleum Corporation, Chevron U.S.A. Inc., Union Oil Company of California, Texaco Inc., Nella Oil Company, and New West Petroleum, alleging that these defendants have refined, manufactured, supplied, distributed, handled,

1

and/or used MTBE within its territory, and thereby allegedly threatened Fresno's water supply. Familiarity with the underlying facts of this case is presumed for purposes of this Order.

In September 2013, this Court issued an Opinion and Order (the "September Opinion") dismissing Fresno's claims at various sites for failure to prove injury.[1] Fresno stipulates that the evidence of injury at the sites remaining in this case is substantially the same as evidence the Court found insufficient in its September Opinion.[2] Therefore, Fresno agrees that defendants would prevail on summary judgment as to the remaining sites, and that it will not object to dismissal of these claims.[3] The parties' sole remaining dispute is whether the stipulated dismissal should be with or without prejudice. Pursuant to the parties' stipulation, Fresno's remaining claims are dismissed for lack of injury under this Court's reasoning in the September Opinion. For the reasons stated below, these claims are dismissed with prejudice.

---

[1] *See In re MTBE*, — F. Supp. —, 2013 WL 4830965 (S.D.N.Y. Sept. 10, 2013).

[2] *See* Stipulation Re Remaining Sites ("Stipulation"), Ex. B to Declaration of Whitney Jones Roy, counsel for Exxon Mobil Corporation, in Support of Defendants' Motion Re Dismissal of Remaining Claims With Prejudice ("Roy Decl."), at 1.

[3] *Id.* at 2.

A.  **Procedural History**

Fresno initiated this action over ten years ago. Since then, the parties have conducted extensive discovery, produced nearly a half-million pages of documents, and deposed approximately seventy-five fact witnesses and twelve expert witnesses.[4] Experts for both sides have produced detailed reports.[5] Despite the duration and comprehensiveness of discovery, Fresno was unable to produce sufficient evidence for a reasonable jury to find that its production wells are threatened by groundwater and soil contamination at the sites at issue in the September Opinion,[6] and would be unable to produce sufficient evidence to show injury at the remaining sites.[7]

B.  **Applicable Law**

Federal Rule of Civil Procedure 41(a) permits a plaintiff to voluntarily dismiss an action by filing "a stipulation of dismissal signed by all parties who have appeared."[8] "Unless the notice or stipulation states otherwise, the dismissal is

---

[4]  *See* Roy Decl. ¶ 6.

[5]  *See id.*

[6]  *See In re MTBE*, 2013 WL 4830965, at *18.

[7]  *See* Stipulation at 1.

[8]  Fed. R. Civ. P. 41(a)(1)(A)(ii).

without prejudice."[9] Second Circuit courts must consider the following factors when determining whether an action should be dismissed with prejudice:

> the plaintiff's diligence in bringing the motion; any "undue vexatiousness" on plaintiff's part; the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; the duplicative expense of relitigation; and the adequacy of plaintiff's explanation for the need to dismiss.[10]

"Prudential ripeness is . . . a tool that courts may use to enhance the accuracy of their decisions and to avoid becoming embroiled in adjudications that may later turn out to be unnecessary . . . ."[11] In the Second Circuit, "'[t]wo factors inform [a court's] analysis of prudential ripeness: 1) the fitness of the issues for judicial decision; and 2) the hardship to the parties of withholding court consideration.'"[12]

## II. DISCUSSION

---

[9] Fed. R. Civ. P. 41(a)(1)(B).

[10] *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990). *Accord Ibeto Petrochemical Indus. Ltd. v. M/T Beffen*, 475 F.3d 56, 61 (2d Cir. 2007) ("Whether a district court abuses its discretion in ruling on a voluntary dismissal motion cannot be determined without a consideration of [the *Zagano*] factors.").

[11] *New York Civ. Liberties Union v. Grandeau*, 528 F.3d 122, 131 (2d Cir. 2008) (quoting *Simmonds v. INS*, 326 F.3d 351, 357 (2d Cir. 2003)).

[12] *Automobile Club of N.Y., Inc. v. Dykstra*, 354 Fed. App'x 570, 573 (2d Cir. 2009) (quoting *Ehrenfeld v. Mahfouz*, 489 F.3d 542, 546 (2d Cir. 2007)).

Fresno argues that the Court should dismiss its claims without prejudice because this action is not ripe for review.[13] However, Fresno misconstrues the September Opinion, the facts of this case, and the doctrine of ripeness. The Court granted summary judgment in the September Opinion because Fresno did not have sufficient evidence linking defendants' MTBE with current *or threatened* injury to drinking water in its jurisdiction.[14] Thus, the Court found that Fresno's evidence of potential injury was too speculative to support liability. Fresno's inability to prove an essential element of its claims does not render those claims unripe.

In deciding this motion, this Court must consider the *Zagano* factors.[15] Four of these factors favor dismissal with prejudice. *First,* Fresno did not agree to dismissal at the remaining sites until after the September Opinion made clear that its remaining claims would not be successful. *Second,* this litigation has lasted

---

[13] Fresno also argues that defendants' motion should be considered under Federal Rule of Civil Procedure 56 because the parties stipulated that defendants would win on summary judgment. The Court considers the parties' stipulated dismissal to be voluntary under Rule 41(a), but the outcome of this motion would be the same under Rule 56. *See* 10A Charles Alan Wright, et al., Federal Practice and Procedure § 2712 (3d ed. 1998) ("A summary-judgment motion goes to the merits of the case and . . . a granted motion operates to merge or bar the cause of action for purposes of claim and issue preclusion.").

[14] *See In re MTBE*, 2013 WL 4830965, at *18.

[15] *Ibeto*, 475 F.3d at 61.

more than ten years, and has required extensive discovery by multiple parties. *Third,* future litigation would undoubtedly result in duplicative expenses. *Fourth,* Fresno's need to dismiss is based on its acknowledgment that the evidence will not support its claims. These factors provide sufficient reason for the Court to dismiss Fresno's claims with prejudice.[16]

## III. CONCLUSION

For the foregoing reasons, Fresno's claims at the remaining sites are dismissed and defendants' motion that these claims should be dismissed with prejudice is GRANTED. The Clerk of the Court is directed to close this motion (Doc. No. 255.).

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

---

[16] Fresno asks the Court to reconsider its oral ruling that the claims that were the subject of the September Opinion were dismissed with prejudice. *See* Plaintiff's Opposition to Defendants' Motion Re Dismissal of Remaining Claims With Prejudice ("Opp. Mem."), at 2 n.2. The Court declines to reconsider that ruling given the factors discussed in this Order. *See Bronzini v. Classic Sec., LLC,* No. 11 Civ. 2096, 2012 WL 1681745, at *4 (S.D.N.Y. May 2, 2012) (grant of summary judgment constituted final judgment on the merits for purposes of res judicata) (citing *Weston Funding Corp. v. Lafayette Towers, Inc.,* 550 F.2d 710, 714–15 (2d Cir. 1997)). However, this Order does not preclude Fresno from filing a new action — provided it is timely — in the event of a future release at one of the remaining sites.

Dated:     New York, New York
           March 5, 2014

## - Appearances -

**Liaison Counsel for Plaintiffs:**

Robin Greenwald, Esq.
Robert Gordon, Esq.
Weitz & Luxenberg, P.C.
180 Maiden Lane
New York, New York  10038
(212) 558-5500

**Liaison Counsel for Defendants:**

Peter John Sacripanti, Esq.
James A. Pardo, Esq.
McDermott Will & Emery LLP
50 Rockefeller Plaza, 11th Floor
New York, New York  10020
(212) 547-5583

**For Fresno:**

Michael Axline, Esq.
Miller, Axline & Sawyer
1050 Fulton Avenue, Suite 100
Sacramento, California  95825
(916) 488-6688

**For Exxon Mobil Corporation:**

Jeffrey J. Parker, Esq.
Whitney Jones Roy, Esq.
Sheppard, Mullin, Richter &
Hampton LLP
333 South Hope Street, 43rd Floor
Los Angeles, California 90071
(213) 620-1780