# EXHIBIT A

**BAKER BOTTS** LLP

THE WARNER
1299 PENNSYLVANIA AVE., NW
WASHINGTON, D.C.
20004-2400

TEL +1 202.639.7700
FAX +1 202.639.7890
BakerBotts.com

ABU DHABI
AUSTIN
BEIJING
BRUSSELS
DALLAS
DUBAI
HONG KONG

HOUSTON
LONDON
MOSCOW
NEW YORK
PALO ALTO
RIO DE JANEIRO
RIYADH
**WASHINGTON**

February 10, 2014

**BY LNFS AND EMAIL**

Nathan Short
Law Offices of John K. Dema, P.C.
11300 Rockville Pike, Suite 112
Rockville, Maryland 20852

Christopher Danley
TEL +1 202.639.7842
FAX +1 202.585.1049
christopher.danley@bakerbotts.com

Re:   *Puerto Rico MTBE Litigation:* Anthony Brown Report

Dear Nathan:

I am writing to initiate the meet and confer process regarding certain issues raised by Anthony Brown's January 2014 expert report. Specifically, we would like to discuss: the scope of Mr. Brown's alleged damages estimate related to the Pozo Club de Leones well; Mr. Brown's identification of other service stations within a 2-mile radius of the Maysonet and Manati trial sites; and Mr. Brown's identification of numerous wells not previously identified in this litigation and/or in Plaintiffs' delineated areas for the trial sites.

As to Pozo Club de Leones, Mr. Brown's alleged damages estimate includes costs to investigate the possible presence of MTBE at eight service stations within a two mile radius of the well. Of these eight stations, one has been dismissed from the case (Shell #003689), two were identified by Plaintiffs as "Release Sites" but are not Trial Sites (Shell #804231 and Georgina Feliciano #647), and the remaining five were not identified by Plaintiffs as "Release Sites."

Accordingly, this alleged damages estimate improperly seeks damages that Plaintiffs cannot recover in the first phase of this litigation, if at all. In this lawsuit, Plaintiffs may recover damages incurred at the Pozo Club de Leones well because it was identified by Plaintiffs as a "Receptor Site". Plaintiffs' may not, however, seek damages for other sites that were not identified by Plaintiffs as part of this lawsuit, or sites that have been dismissed since the lawsuit was filed. For now, Plaintiffs' alleged damages are limited to those incurred at the Pozo Club Leones well because it is a Trial Site. Plaintiffs may not seek damages for identified release or receptor sites that are not Trial Sites. As such, damages related to the Shell #804231 and Georgina Feliciano #647 sites must be pursued during a later phase, if at all, as Defendants were never afforded an opportunity to take discovery as to Plaintiffs' claims related to these Release Sites. Damages related to the other six (6) sites may not be pursued by Plaintiffs because they were either never identified by Plaintiffs as Release Sites or have been dismissed from the lawsuit.

Active 14996991.1

**BAKER BOTTS** LLP

- 2 -

February 10, 2014

Similarly, for the Maysonet and Manatí trial sites – both of which Plaintiffs identified as Release Sites[1] – Mr. Brown has identified four and eleven additional service stations, respectively, within a 2-mile radius of the sites. While a few of these fifteen stations were listed on Plaintiffs' April 5, 2010 identification of Release Sites, none were selected as Trial Sites and, therefore, have never been the subject of discovery. These particular sites have no relevance to this phase of the case and must await later proceedings, if any, in this matter. As to the balance of the 15 stations identified by Mr. Brown, they have *never* been identified by Plaintiffs as Release Sites at issue in this lawsuit  The purpose of Mr. Brown's references to *these* particular stations is unclear, but, regardless, it is inappropriate.

Finally, Mr. Brown's expert report inappropriately identifies approximately 170 wells that: (1) are outside of Plaintiffs' delineated trial site areas;[2] (2) were previously dismissed from the case pursuant to the Court's March 30, 2011 directive;[3] and/or (3) are being identified in this case for the first time. Plaintiffs failed to identify any of these wells as impacted or threatened in their responses to Defendants' discovery requests specifically seeking such information. The parties and Court have been down this road before. Plaintiffs should voluntarily remove these wells from Mr. Brown's report so that Defendants can avoid burdening the Court with an issue on which it already has ruled.

Please contact me at your earliest convenience so that we can discuss the issues described above.

Sincerely,

Christopher Danley

---

[1] *See, e.g., M. Axline Ltr. to S. Riccardulli* (Apr. 5, 2010).

[2] As you are aware, the New Jersey Plaintiffs were directed to revise Mr. Brown's expert report to remove references to such wells/surface water bodies when the same issue arose in the *New Jersey* action. *See Dec. 19, 2012 Tel. Hrg. Tr.*, at 26:14-27:23; *see also Jan. 18, 2013 Status Conf. Tr.*, at 23:14-24:13.

[3] *See Mar. 30, 2011 Status Conf. Tr.*, at 59:16-19 ("And if they want to have a case left at the end of it, they better do it by July 1. In fact, putting it differently, any place there's not a pin on a map is out of the case.").

Active 14996991.1