# EXHIBIT L



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **In re: Methyl Tertiary Butyl Ether ("MTBE")** | MDL No. 1358 |
| Master File C.A. No. 1:00-1898 (SAS) | |
| | M21-88 |

This document relates to:

*Commonwealth of Puerto Rico, et al. v.*
*Shell Oil Co., et al.*, 07 Civ. 10470

## PLAINTIFFS' SECOND SUPPLEMENTAL RESPONSES TO DEFENDANTS' FIRST SET OF CONTENTION INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

Plaintiffs Commonwealth of Puerto Rico and Commonwealth of Puerto Rico through the

Environmental Quality Board ("Plaintiffs," "Commonwealth," or "PREQB"), by and through its

attorneys, make the following Supplemental Responses and General Objections to Defendants'

First Set of Contention Interrogatories and Requests for Production of Documents to Plaintiffs.

### GENERAL OBJECTIONS

1.      Plaintiffs object to the Contention Interrogatories to the extent they seek

information or documents outside the scope of discovery permissible under the Federal Rules of

Civil Procedure.

2.      Plaintiffs object to the Contention Interrogatories to the extent they seek

information covered by the Attorney-Client Privilege, the Work Product Doctrine, or any other

applicable privilege or immunity, including but not limited to the Deliberative Process Privilege

## Response to Interrogatory No. 22

In addition to the general objections, plaintiffs object to the extent the interrogatory seeks plaintiffs' attorney work-product or information covered by the attorney-client privilege. Plaintiffs object to this interrogatory as overly broad and unduly burdensome. Plaintiffs also object on the basis that discovery is ongoing and Defendants have not fully responded to plaintiffs' request for information relevant to answering this interrogatory. Interrogatories demanding identification of "all DOCUMENTS, facts or other evidence" are duplicative of other discovery and inconsistent with the federal discovery rules. Notwithstanding the foregoing objections and without waiver of such objections, Plaintiffs respond as follows:

Yes, Plaintiffs contend that Defendants identified in the Third Amended Complaint refined, marketed, promoted or otherwise supplied MTBE or gasoline containing MTBE into the Commonwealth of Puerto Rico despite the knowledge or the substantially certain belief that MTBE or gasoline containing MTBE would be released and cause damage in the delineated trial site areas. Plaintiffs also refer Defendants to Plaintiffs' Responses to Interrogatories Nos. 1, 2, 5 and 28.

## Interrogatory No. 23

State whether YOU invoke or rely on any of the following theories of alternative liability to prove causation or as evidence to establish that any or all DEFENDANTS are liable for the alleged DAMAGES in any or all of the DELINEATED TRIAL SITE AREAS:

A. market share;
B. commingled product; and/or
C. any other theory or theories of alternative liability.
D. If YOUR answer to Part (C) is in the affirmative, IDENTIFY the theory or theories upon which YOU rely.

## Response to Interrogatory No. 23

In addition to the general objections, plaintiffs object to the extent the interrogatory seeks plaintiffs' attorney work-product or information covered by the attorney-client privilege mischaracterizes alternative liability theories as "evidence." Plaintiffs object to this interrogatory as overly broad and unduly burdensome. Plaintiffs also object on the basis that discovery is ongoing and Defendants have not fully responded to plaintiffs' request for information relevant to answering this interrogatory. Interrogatories demanding identification of "all DOCUMENTS, facts or other evidence" are duplicative of other discovery and inconsistent with the federal discovery rules. Plaintiffs object to this interrogatory on the grounds that it improperly seeks to compel plaintiffs to elect a single theory of liability prior to trial. Plaintiffs disagree that it is obligated to make such an election at this time, and further disagree that each theory is mutually exclusive. Plaintiffs are entitled to rely on all relevant theories which are consistent with the evidence produced at trial.

Notwithstanding the foregoing objections and without waiver of such objections, Plaintiffs respond that they may rely on a comingled product theory of liability at trial.

## Interrogatory No. 24

If YOU invoke or rely on any of the theories listed in Interrogatory No. 23 as evidence of or to establish liability, state for each the following:

A. which DEFENDANTS YOU contend are liable under each theory for the alleged DAMAGES in any of the DELINEATED TRIAL SITE AREAS; and
B. the percentage or apportionment of the alleged DAMAGES that YOU contend each of the DEFENDANTS should bear or should pay under each theory for each DELINEATED TRIAL SITE AREA.