USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/21/14

# MOUND COTTON WOLLAN & GREENGRASS

COUNSELLORS AT LAW
ONE BATTERY PARK PLAZA
NEW YORK, NY 10004-1486

(212) 804-4200
FAX: (212) 344-8066
WWW.MOUNDCOTTON.COM

NEW YORK, NY
NEWARK, NJ
GARDEN CITY, NY
SAN FRANCISCO, CA
FORT LAUDERDALE, FL

BARRY R. TEMKIN
PARTNER
(212) 804-4200
BTemkin@moundcotton.com

March 20, 2014

> Trammo's request for a 60 day extension is granted. Trammo has until May 26, 2014 to move or answer the complaint. The parties may raise this issue at the conference scheduled for April 16 at 4:30 p.m.
>
> March 21, 2014
>
> SO ORDERED:
> Shira A. Scheindlin
> U.S.D.J.

**Via Hand Delivery and ECF**

Honorable Shira Scheindlin
United States District Judge
U.S. District Court
Southern District of New York
500 Pearl Street, Room 1620
New York, New York 10007

Re:   In re MTBE Products Liability Litigation/*Commonwealth of Puerto Rico v. Shell Oil Co.*
      1:00-cv-01898 (SAS), SDNY Index Nos. 14 Civ. 1014 & 07 Civ. 10470

Dear Judge Scheindlin:

Defendants Trammo Petroleum, Inc. ("TP") and Trammo Caribbean, Inc. ("Caribbean") (collectively, the "Trammo Defendants") respectfully request a pre-motion conference in the foregoing matter, in accordance with Rule IV(A) of Your Honor's Individual Rules. While a pre-motion conference is not typically required when filing a motion to dismiss, we respectfully submit that a conference would be useful in the unusual circumstances in this case. We have also spoken with counsel for defendant Peerless Oil & Chemicals, Inc. ("Peerless"), which is similarly situated, and will be joining this request in a separate letter.

Plaintiff, the Commonwealth of Puerto Rico, (the "Commonwealth"), has filed a second complaint against the Trammo Defendants in case no. 1:14-cv-1014 (the "New PR Action"), that is identical to the causes of action from which these defendants were dismissed in Case No. 1:07-cv-10470, filed against the Trammo Defendants on December 2, 2012 (the "PR Action"), also before this Court. We believe it would be in the interest of judicial economy to hold a pre-motion conference with the Court, in hopes of avoiding the filing of motions to dismiss on issues identical to those already adjudicated, or at least narrowing the scope of such motions. Pending such conference, we respectfully request a 60-day extension of the time these defendants have to move or answer, which is currently due on March 27, to avoid the parties' incurring unnecessary legal fees in drafting a motion to dismiss.

519844.3

Honorable Shira Scheindlin
March 20, 2014
Page 2

On July 16, 2013, all claims in the PR Action against the Trammo Defendants and Peerless were dismissed on the grounds that the allegations in the complaints against these defendants were time-barred "because the Commonwealth had knowledge of both the alleged injury and the identity of the alleged tortfeasors as of 2007."[1] The Court found that the applicable statutes of limitation for counts I-V, those alleged against the Trammo Defendants, had run. This New PR Action asserts the same causes of action from which our clients were already dismissed, and accordingly the same statutes of limitation will apply, as will the analysis that the Commonwealth should have brought these claims no later than 2007.[2] Additionally, the Commonwealth's subsequent motion for reconsideration on these issues was also denied by the Court.[3] The Commonwealth's stale and time-barred claims have certainly not grown any fresher in the eight months since the Court dismissed them in July 2013.

The addition of a cause of action for unjust enrichment, Count VII, cannot save the Commonwealth's new (but time-barred) complaint. Unjust enrichment cannot be used when other remedies are available. Here, there are tort claims alleged, and unjust enrichment is inappropriate where relief is otherwise available. Furthermore, this Court has already rejected unjust enrichment as a cause of action or remedy in the PR Action.[4] It is clear that this action may not be maintained against the Trammo Defendants as these issues have already been litigated and decided by this Court, first on the motion to dismiss and then reviewed again on the motion to reconsider.

Moreover, although Plaintiff has added other sites not included the 2007 case, this does not affect the analysis used by this Court in dismissing the Trammo Defendants from the PR Action. The Commonwealth previously raised this argument in its opposition to the initial motion to dismiss and subsequent motion for reconsideration, and accordingly the Court has already considered it and rejected it on two occasions.

To the extent that the New PR Action alleges further violations by Defendants with underground storage tanks, these claims are inapplicable, as the Trammo Defendants never operated, owned, or used underground storage tanks.

The Commonwealth should not be able to circumvent the Court's dismissal order simply by filing a new complaint. This Court has already adjudicated these issues, and accordingly the

---

[1] See Opinion and Order, Docket No. 309, dated July 16, 2013.
[2] To the extent the Commonwealth is claiming that the one-year statute of limitations does not apply to actions involving public property, such an argument has already been rejected by this Court in its Opinion and Order dated December 30, 2013 in response to Vitol, Inc., Vitol SA and Idemitsu Apollo Corp.'s motion for Summary Judgment (Docket 357, Order at 17-18).
[3] See Memorandum and Order, Docket No. 322, dated August 2, 2013.
[4] See Transcript of September 10, 2013 hearing before the Honorable Shira A. Scheindlin, at 40:22 – 41:4.

519844.3

Honorable Shira Scheindlin
March 20, 2014
Page 3

Trammo Defendants are requesting a pre-motion conference with this Court in order to discuss these issues and avoid engaging in unnecessary motion practice.

    The Trammo Defendants already sent a letter to the Commonwealth, on March 10, 2014, requesting that the Commonwealth voluntarily dismiss the Trammo Defendants, but the Commonwealth has failed to respond to our request. We believe the requested pre-motion conference could resolve these issues without further wasting the valuable time of this Court and subjecting our clients to unnecessary legal fees. Pending our request for a conference, we respectfully request a sixty-day extension of these defendants' time to move or answer.

                                                Respectfully submitted,

                                                Barry R. Temkin

BRT

cc:    All Defendants (via LexisNexis File & Serve)

519844.3