Law Offices of
# MILLER, AXLINE & SAWYER
A Professional Corporation

DUANE C. MILLER  
MICHAEL AXLINE

TRACEY L. O'REILLY  
DANIEL BOONE  
JUSTIN MASSEY  
BRYAN BARNHART  
DAVE E. BLUM  
MOLLY MCGINLEY HAN

March 25, 2014

**VIA EMAIL AND ECF**

Honorable Shira A. Scheindlin  
United States District Judge  
U.S. District Court for the Southern District of New York  
Daniel Patrick Moynihan Courthouse  
500 Pearl Street, Room 1620  
New York, NY 10007

> Re: *Commonwealth of Puerto Rico, et al. v. Shell Oil Co., et al.*  
> 1:00-cv-01898, SDNY Index Nos. 14 Civ. 1014 and 07 Civ. 10470,  
> Dismissal Requests by Trammo and Peerless Defendants

Dear Judge Scheindlin:

This letter responds to Mr. Temkin's letter dated March 20, 2014, and Ms. Maguire's letter dated March 21, 2014, requesting a pre-motion conference for proposed motions to dismiss defendants Trammo Petroleum, Inc. and Trammo Caribbean, Inc. ("Trammo Defendants"), and Peerless Oil and Chemicals, Inc. ("Peerless") from the referenced action.

The March 20 and 21 letters assert that the Trammo and Peerless Defendants should be dismissed from the new action filed September 4, 2013 ("PRMTBE II"). Defendants' assertion rests on the incorrect premise that the claims in PRMTBE II are identical to claims made in separate litigation filed on June 12, 2007 ("PRMTBE I"), which were dismissed in statute of limitations rulings by the Court on July 16, 2013 and December 30, 2013. The claims are not identical, because the PRMTBE II case involves sites in Puerto Rico that were found not to be at issue in PRMTBE I. The prior rulings, therefore, cannot simply be applied via a motion to dismiss in PRMTBE II, as the Trammo and Peerless defendants argue.

The orders of July 16, 2013, and December 30, 2013, in PRMTBE I (collectively, "2013 Limitations Rulings") held that a one-year limitations period applied to tort claims, beginning from the time a person has (i) notice of the injury and (ii) notice of the person who caused it. In the 2013 Limitations Rulings, the Court concluded that the plaintiffs had notice with respect to the moving parties in PRMTBE I in 2007 when the PRMTBE I original Complaint was filed.

1050 Fulton Avenue, Suite 100, Sacramento, CA 95825-4225; Telephone: (916) 488-6688  
Facsimile: (916) 488-4288; Email: toxictorts@toxictorts.org

That date, however, is not applicable for determining notice of injury for claims alleged in PRMTBE II.

PRMTBE I sought redress for MTBE contamination at numerous sites throughout Puerto Rico. At a July 12, 2012, Case Management Conference, the Court made it clear that sites without detections of MTBE could not show injury and had to be dismissed:

> THE COURT: You have no information there's any MTBE contamination at all. It seems wrong to allow those sites to remain in the lawsuit at this point. Once you learn no test, those should be dismissed without prejudice, as we've said all along. I have said that. I said bring a suit when you've got a suit. People don't bring anticipatory lawsuits. Actual injury, remember that doctrine?

Tr. 56 at 3-9. The Court then set a deadline by which plaintiffs were required to identify those sites where MTBE was positively detected to remain in the PRMTBE I litigation:

> THE COURT: Mr. Axline, just so the defense can go home a little happier than they are now, that one is real, unlike a moving plume. Whatever you have in 60 days, that's that. They're in the case now, or they're not in the case now.
> MR. AXLINE: Understood, Your Honor.
> THE COURT: Even if the next day they do a test for the positive, that's part of the new lawsuit.
> MR. AXLINE: Okay.
> THE COURT: That has to be firm. So today is July 12. Sounds like September 12. Firm deadline, got to happen.

Tr. 57 at 21-25, 58 at 1-5. On March 21, 2013, the Court dismissed sites from the case without prejudice finding there was no evidence of MTBE contamination (*i.e.*, injury) at that time. See CMO 109.

The PRMTBE II litigation asserts claims with respect to some sites that were dismissed without prejudice from PRMTBE I by CMO 109. MTBE contamination at certain sites included in PRMTBE II was discovered within one year of filing the PRMTBE II complaint on September 4, 2013, and evidence indicates Peerless and Trammo Defendants' connection to those new sites. The PRMTBE II complaint that the Trammo and Peerless defendants propose to challenge through a motion to dismiss contains allegations different from those in PRMTBE I, both with respect to the sites at issue and with respect to personal jurisdiction. The evidence supporting the allegations is also different in PRMTBE II from the evidence in PRMTBE I. Evidence linking Trammo and Peerless to the PRMTBE II sites (and supporting personal jurisdiction over Trammo in PRMTBE II), is distinct from PRMTBE I evidence.

Honorable Shira A. Scheindlin
March 25, 2014
Page 3

      Plaintiffs also disagree that Count VII, Restitution for Unjust Enrichment ("UE") could or should be dismissed. While the Court denied, on April 10, 2013, plaintiffs' motion seeking leave to amend their Third Amended Complaint to add a cause of action for UE, the Court did so in light of the impending close of discovery and the timing of the request. The Court then requested letter briefing on the Commonwealth's motion requesting that it be allowed to conduct discovery on the income gained—and expenses avoided—by defendants through their sale and use of MTBE in Puerto Rico. *In re Methyl Tertiary Butyl Ether ("MTBE") Prod. Liab. Litig.*, Master File No. 1:00-1898, MDL 1358, 2013, WL 5230814, at *1(S.D.N.Y. July 17, 2013).

      The Court's opinion, issued on July 17, 2013, was that the Commonwealth had not yet applied the THIRD RESTATEMENT's restitutionary *remedy*. Thus, the Court denied Plaintiffs' motion, quashing all discovery related to this remedy. *Id*. at *12.

      As noted above, PRMTBE II includes different parties, has different factual allegations, and different contaminated sites than PRMTBE I. The new complaint includes an independent *cause of action* for UE, and the specific relief sought under that claim was not requested in PRMTBE I. Quite simply, the two cases are different, and the Court's discovery ruling in PRMTBE I is not final, binding, or even the "law of the case" for PRMTBE II. There is no final judgment in PRMTBE I.

      The Peerless rush toward a premature motion to dismiss in PRMTBE II should be halted because Peerless has still not produced critical documents or agreed to a deposition date for its Rule 30(b)(6) witness in PRMTBE I, despite receiving subpoenas for that discovery months ago in August and November, 2013. This withheld evidence could add additional support to the new PRMTBE II claims against Peerless, which should not be rewarded with an expedited dismissal motion in one case while avoiding its discovery obligations in another case.

      Finally, the March 20 and March 21 letters each state that plaintiffs did not respond to meet and confer letters sent by defendants on March 10. Plaintiffs had calendared their responsive meet and confer letters to be served no later than March 21, and in fact they were served on that day.

Sincerely,

Michael Axline

cc:    Elizabeth Bierut
       All counsel via LNFS