**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

———————————————————

In re: Methyl Tertiary Butyl Ether ("MTBE")
Products Liability Litigation

**MDL No. 1358**
**C.A. No. 1:00-1898 (SAS)**
**M21-88**

———————————————————

This Document Relates To:
*Commonwealth of Puerto Rico, et al. v.*
*Shell Oil Company, et al.,*
**Case No. 07-CV-10470-SAS**
**Case No. 14-CV-1014-SAS**

**DEFENDANT TAUBER OIL**
**COMPANY'S AMENDED**
**LOCAL RULE 56. 1 STATEMENT**
**AND OPPOSITION TO PLAINTIFFS'**
**RULE 56.1 STATEMENT**

———————————————————

COMES NOW Defendant Tauber Oil Company ("Tauber"), through undersigned attorneys and hereby submits this its Amended[1] Local Rule 56.1 Statement in Support of Defendant Tauber Oil Company's Motion to Dismiss for Lack of Personal Jurisdiction.

1.      Tauber is a Texas based marketer of energy products that engaged in "spot sales" of MTBE with Phillips Petroleum Company ("PPC") and the following related divisions, Phillips 66 Co. ("Phillips 66") and Phillips Chemical Co. ("PCC"), all located in Bartlesville Oklahoma. Declaration of Kevin Wilson at ¶¶ 4, 31, 33 (Feb. 26, 2014).

2.      Every sale was outside of Puerto Rico with title transferring to PPC, PCC or Phillips 66 outside Puerto Rico.  Tauber never contracted with any Puerto Rico entity for the sale or delivery of MTBE into Puerto Rico.  *Id.* at ¶ 44.

---

[1] This Amended Statement is submitted to correct Paragraph 2, to correct typos including a typo in Paragraph 58 (the year should be 1985 not 1995) and to object to certain additional facts contained in Plaintiffs' Rule 56.1 Statement of Additional Facts.

3.      The declaration of Kevin Wilson, dated February 26, 2014 (the Wilson Declaration), establishes that Tauber has no contacts with the Commonwealth to establish either general or specific jurisdiction.

4.      Tauber is a Texas company, incorporated and registered in Texas. *Id.* at ¶4.

5.      Tauber principal place of business is in Texas. *Id.* at ¶5.

6.      Tauber has never manufactured, marketed, traded, stored, sold or otherwise handled finished gasoline, gasoline containing MTBE, or MTBE in Puerto Rico.  *Id.* at ¶ 6.

7.      Tauber, its distributors, and agents have never solicited, advertised or marketed the sale of gasoline or MTBE in Puerto Rico and have never taken any actions to create a market for gasoline or MTBE in Puerto Rico. *Id.* at ¶ 7.

8.      Tauber does not have a distribution agreement with any person, company, or agent to distribute gasoline containing MTBE, or MTBE in Puerto Rico. *Id.* at ¶ 8.

9.      Tauber has never entered into a distribution agreement with a person, company, or agent to solicit, advertise, market, or sell MTBE or gasoline containing MTBE in Puerto Rico. *Id*. at ¶ 9.

10.     Tauber never designed MTBE, gasoline containing MTBE, or any product to be specifically used in Puerto Rico. *Id.* at ¶ 10.

11.     Tauber has never had any of its officers, directors, employees or agents travel to Puerto Rico for any business-related purpose or activity. *Id.*

12.     Tauber has never filed, and is not required to file, any tax returns in Puerto Rico and has never paid taxes in Puerto Rico.  *Id.* at ¶ 11.

13.     Tauber owns no real or personal property located in Puerto Rico. *Id.* at ¶12.

14.     Tauber has never leased real or personal property in Puerto Rico. *Id.* at ¶ 13.

15.     Tauber has never maintained, controlled, leased, or operated storage tanks, pipelines, or service stations in Puerto Rico. *Id.* at ¶ 14.

16.     Tauber has never maintained a place of business or office in Puerto Rico and employs no agents or employees in Puerto Rico. *Id.* at ¶ 15.

17.     Tauber has never had any officers, directors, employees or agents acting on its behalf present in Puerto Rico, including any agent for service of process in Puerto Rico. *Id.* at ¶ 16.

18.     Tauber has never had a bank account, phone number, fax number, or any corporate records located in Puerto Rico. *Id.* at ¶ 17.

19.     Tauber has not initiated litigation in Puerto Rico. *Id.* at ¶ 18.

20.     Tauber has not engaged in any commercial activity to purposefully avail itself of the protections of the laws of Puerto Rico and has not engaged in conduct purposefully directed at Puerto Rico. *Id.* at ¶ 19.

21.     Tauber has not delivered its goods, including MTBE, in the stream of commerce with the expectation that they would be purchased by Puerto Rico users. *Id.* at ¶ 20.

22.     Tauber has not participated in any conventions, meetings or sales events in Puerto Rico or engaged in conduct "targeting" Puerto Rico for its products. *Id.* at ¶ 21.

23.     Tauber's website did not promote the sale of MTBE or gasoline containing MTBE in Puerto Rico. *Id.* at ¶ 23.  Tauber's website is in English and is not translated to Spanish or otherwise targeted to customers in Puerto Rico. *Id.*

24.     Tauber has never refined and/or manufactured petroleum products, including, but not limited to, gasoline, gasoline containing MTBE, and MTBE. *Id.* at ¶ 24.

25.     Tauber has never sold or distributed MTBE or gasoline containing MTBE at any station, port, or any other location in the Commonwealth of Puerto Rico. *Id.* at ¶ 25.

26.     Tauber has never blended finished gasoline or added chemicals such as MTBE to gasoline for shipment or sale in Puerto Rico. *Id.* at ¶ 26.

27.     Tauber has not traded gasoline for sale in Puerto Rico. *Id.* at ¶ 27.

28.     Tauber has not traded gasoline containing MTBE for sale in Puerto Rico.  *Id.* at ¶ 28.

29.     Tauber sold MTBE to Phillips Petroleum Company ("PPC") and the following related divisions, Phillips 66 Co. ("Phillips 66") and Phillips Chemical Co. ("PCC"). *Id.* at ¶ 29.

30.     Other than the listed Phillips entities, Tauber has located no records concerning any other party to Commonwealth's Third Amended Complaint in action 07-cv-10470 or the First Amended Complaint in action 14-cv-1014 indicating that such party purchased MTBE from Tauber and that such MTBE was shipped to Puerto Rico. *Id.* at ¶31

31.     Tauber sold MTBE to PPC, PCC and Phillips 66 through what are referred to as "spot sales." *Id.* at ¶ 30.

32.     Upon information and belief, no Phillips entity (PPC, PCC or Phillips 66) to which Tauber sold and delivered title to MTBE was or is located in Puerto Rico.  *Id.* at ¶ 32.

33.     Tauber is a trader of energy products and the total volume of spot sales by Tauber to PPC, Phillips 66 and PCC represent a negligible percentage by volume of petrochemicals sold by Tauber during the relevant time period.  *Id.* at ¶ 35.

34.     Tauber had no involvement in any decision by any Phillips entity to use MTBE, including that it did not provide any economic analysis of MTBE versus any other oxygenate to substitute for lead. *Id.* at ¶ 36.

35.     Tauber has no distribution or agency agreement with any Phillips entity.  *Id.* at ¶ 37.

36.     Tauber had no discussions with any Phillips entity concerning any purported economic "advantage" to using MTBE over any other alternative. *Id.* at ¶ 38.

37.     Tauber did not market or sell TBA to Phillips or any other party for delivery or use in Puerto Rico. *Id.* at ¶ 39.

38.     Tauber provided no information nor has it ever been provided information concerning gasoline capacity or MTBE supply or demand for any Phillips entity and specifically for the Phillips Core facility. *Id.* at ¶ 40.

39.     PPC, PCC and Phillips 66 took delivery at locations outside of Puerto Rico in each of the above-referenced sales of MTBE by Tauber. *Id.* at ¶ 41.

40.     The price for any MTBE was not contingent on MTBE being shipped to Puerto Rico. *Id.* at ¶ 42.

41.     No sale was ever made by Tauber to Phillips Puerto Rico Core, Inc. or any entity in Puerto Rico.  All sales were between Tauber and PPC, PCC or Phillips 66, all located in Bartlesville, Oklahoma, and title transferred in all FOB outside of Puerto Rico. *Id*. at ¶ 44.

42.     The destination location of the MTBE that Tauber sold was irrelevant to the sales transaction. Exhibit A to the Declaration of Michael A. Walsh, Dep. of Kevin Wilson at 69:8-24.

43.     The cargo destination is commercially sensitive information that is not provided to Tauber.  *Id.* at 73:13-75:6.

44.     Tauber had no involvement in the ultimate destination of MTBE sold to Phillips entities as the sales were Free On Board Contracts and title passed at the rail to the ship in Texas; except one transportation where title passed in Venezuela, Tauber had no title on the vessel.  *Id.*

45.     Tauber had no ownership interest in the MTBE after title passed at the rail to the ship.  *Id.*

46.     Tauber had no loss exposure of the cargo.  *Id.*

47.     Tauber did not participate in the inspection at point of discharge.  *Id.*

48.     Tauber had no independent fact to confirm that the MTBE that it sold was discharged in Puerto Rico as this type of information was not shared in the industry. *Id.*

49.     Tauber cannot identify where any of its sales of MTBE are discharged because they are FOB transactions and title would pass at the rail.  *Id.* at 103:16-104:2.

50.     Phillips admits that PCC supplied MTBE to the Core facility stating: "Phillips Petroleum Company arranged for the supply of MTBE to the Core facility." Exhibit B to Michael A. Walsh Declaration, Defendant Chevron Phillips Chemical Puerto Rico Core, LLC's Second Amended Objections and Responses to Plaintiffs' First Set of Interrogatories and Request for Production of Documents to Defendants Regarding Supply and Distribution (LNFS 54951591) at page 6.

51.     Phillips entities located in Bartlesville, Oklahoma arranged for the shipping of MTBE to Puerto Rico. Exhibit C to Michael A. Walsh Declaration, Dep. Don Sitton 40:8-16.

52.     Phillips Core Puerto Rico's Rule 30(b)(6) witness testified that he had no knowledge of any transactions involving Tauber during the years of 1990 and 2000.  Exhibit I to Michael A. Walsh Declaration, Dep. Hector Marin, 357:10-24, 358:1-12.

53.     Phillips Petroleum Company arranged for the supply of MTBE to the Core facility. Exhibit B to Michael A. Walsh Declaration.

54.     Phillips Core Puerto Rico witness testified when asked:

Q.    So the purchase of MTBE from whatever source, was that a function of anybody at the Core facility?
Not that I recall.
Q.    So, again, that would be Bartlesville?
I think Bartlesville had more to do with purchasing.
Dep. of Don Sitton page 26; lines 15-21.
Q.    So the Phillips companies, in terms of the materials that were shipped to the plant, essentially bought them?
They were -- there was interaction between the plant and the folks in Bartlesville on purchasing the feedstock, but yes.
Q.    And then Bartlesville arranged to ship them?
Correct.

Exhibit C to the Declaration of Michael A. Walsh, Dep. of Don Sitton 40:8-16.

55.    Phillips Puerto Rico Core Inc. provided a declaration that it was Phillips, not

Tauber, which supplied MTBE to the Core facility:

COP [ConocoPhillips Company] and CPCPRC [Chevron Phillips Chemical Puerto Rico Core Inc.] have provided discovery in the above-referenced litigation indicating that various "Phillips" entities supplied, purchased, and/or shipped methyl tertiary butyl ether ("MTBE") that was delivered to the Plant.

*See* Exhibit D to Michael A. Walsh Declaration, Phillips Puerto Rico Core Inc. Declaration of

Daryl Vance, dated April 30, 2013 (LNFS 52049530).

56.    Defendant Phillips Petroleum Company caused neat MTBE to be delivered by

ship to Phillips Puerto Rico Core Inc. for gasoline blending at the Core facility. *See* Exhibit E to

Michael A. Walsh Declaration, Defendant ConocoPhillips Company's Objections and Responses

to Plaintiffs First Set of Interrogatories and Request for Production of Documents to Defendants

Regarding Supply and Distribution (LNFS53086238) at page 7.

57.    Phillips Puerto Rico Core confirmed that MTBE was supplied by PPC:

Phillips Puerto Rico Core Inc. never manufactured MTBE.  During the relevant time period, Phillips Petroleum Company arranged for the supply of MTBE to the Core facility.

*See* Exhibit B to the Declaration of Michael A. Walsh at pages 4-5.

58.     The Core facility operated for the years 1985 until March 2000 when the Core facility ceased operations, and stated that. Exhibit F to Michael A. Walsh Declaration, August 9, 2013 Letter of Jessica Farley submitted to Court (*See* LNFS Doc 54207936).

59.     Phillips had sales both within and outside Puerto Rico. *Id.*

60.     The Core facility sold gasoline to the wholesale market in Puerto Rico and elsewhere. Exhibit B attached to Declaration of Michael A. Walsh at page 12.

61.     In its communications with Marilyn Dugan at PPC, Tauber never discussed the destination for products.  Exhibit A to Michael A. Walsh Declaration at 133:13-23.

<u>**Objections to Plaintiffs' Additional Facts**</u>

62.     The averments at paragraph 62 create the suggestion of eighteen separate transactions but they relate to five (5) Tauber Oil transactions (these transactions are referenced in the Wilson Declaration and accompanying Wilson Reply Declaration.

>       Plaintiffs' 62 a and b.  These documents are Phillips 66 nomination of a vessel and destination for the transaction.  (*See* Wilson Reply Dec., Ex. 2)

>       Plaintiffs' 62 c and d.  These are Phillips 66 nomination of a vessel and destination for one transaction.  (*See* Wilson Reply Dec., Ex. 3)

>       Plaintiffs' 62 e.  This is Phillips Chevron Company's nomination of a vessel and destination of a transaction.  (*See* Wilson Reply Dec., Ex. 5)

>       Plaintiffs' 62 f and g.  These documents acknowledge American Agip's nomination of a vessel.  (*See* Wilson Reply Dec., Ex. 6)

>       Plaintiffs' 62 h.  This is Phillips Chemical Company's nomination of a vessel and destination.  (*See* Wilson Reply Dec., Ex. 7)

>       Plaintiffs' 62 i – r Concern transactions by non-party Tauber Petrochemical Company.

63.     Plaintiffs' paragraph 63 concerns two transactions; one of Tauber Oil and one of non-party Tauber Petrochemical Company:

>       a – d concern the Tauber Oil Venezuela transaction. (*See* ¶ 44 above; Wilson Declaration at ¶ 33 footnote 2; Wilson Reply Ex. 6)

e – f concern non-party Tauber Petrochemical.

64.    This paragraph and all its subparts relate to two transactions: one Tauber Oil transaction and one Tauber Petrochemical Company transaction:

> 64 a – e concerns the Tauber Oil Venezuela transaction.  (*See* Wilson Reply Dec., Ex. 6)
>
> 64 f – l concerns a single non-party Tauber Petrochemical Company transaction.

65.    The documents referenced at paragraph 65 refer to two transactions: one Tauber Oil transaction and one Tauber Petrochemical Company transaction.

> Paragraph 65 (a – c) concern the Venezuela transaction (*See* Wilson Reply Dec., Ex. 6) and reflect a request by Tauber to Phillips 66 to reimburse Tauber for certain charges.  The documents Plaintiffs reference evidence that Phillips 66 was responsible demurrage charge.  Attached to the Wilson Reply Declaration as Exhibit 11 are the documents reflecting that Tauber paid for the Inchcape inspection expense in Venezuela (to confirm the identity, quality and quantity of cargo loaded) and Phillips 66 had its own laboratory conduct the testing of the product when it arrived in Puerto Rico.
>
> Paragraph 65 (d) refers to a transaction involving Tauber Petrochemical Company.

66.    Plaintiffs make an unsubstantiated claim that the referenced documents produced by a Phillips entity support their claim that MTBE sold by Tauber was delivered to Puerto Rico:

> 66 a-b:  Arenas Exhibit 6 referencing CPCPR – 632103 and 574999 are 1985 and 1995 non-Tauber documents that reference a number of entities, including Tauber Oil, but these documents provide no detail from which to draw reasonable conclusions concerning jurisdiction.
>
> 66 c: A September 25, 1998 document (CPCPR 32943) references Tauber in a handwritten notation for which there is no supporting detail to support any reasonable conclusions, including any conclusions concerning jurisdiction.
>
> Paragraphs 66 d–e: concern non-party Tauber Petrochemical Company.

67.    Tauber Petrochemical has not been named as a party in either of these cases and Plaintiffs statements concerning Tauber Petrochemical Company are irrelevant to the jurisdictional issues of Tauber Oil.

68.     Tauber Petrochemical has not been named as a party in either of these cases and Plaintiffs statements concerning Tauber Petrochemical Company are irrelevant to the jurisdictional issues of Tauber Oil.

69.     Tauber Petrochemical has not been named as a party in either of these cases and Plaintiffs statements concerning Tauber Petrochemical Company are irrelevant to the jurisdictional issues of Tauber Oil.

70.     There is no evidentiary support for Plaintiffs' conclusory "shared employee" contentions.  Plaintiffs never claimed there were shared employees in their complaints and never conducted discovery to determine when Tauber Petrochemical came into existence, who its employees were, or whether the purported employees are current employees of either Tauber entity.  Nor do Plaintiffs provide any substance to their assertion that such employees are shared.  Furthermore, the Exhibits Plaintiffs rely on do not establish the "shared employee" proposition asserted.

71.     The issues concerning Tauber Petrochemical Company are not properly before the Court and Tauber Oil should not be required to provide a detailed analysis or explanation of the corporate structure or use of email systems or the conclusory statements made by the Plaintiffs.

72.     The documents Plaintiffs reference do not support the assertion that only non-MTBE gasoline was shipped off of Puerto Rico by Phillips.  Nor do the documents refute Tauber's Statement of Fact No. 60 relying on Phillips Core's responses to discovery for supply and distribution discovery stating gasoline was shipped off-island.  (Exhibit B, ¶ 15 to the February 28, 2014 Walsh Declaration).

73.     The documents Plaintiffs rely on (at Arenas Dec. Ex. 10) do not establish payment by Phillips Core Puerto Rico to Tauber.  To the contrary, the handwritten notation on

CPCPR 72067 reflects that Marilyn Dugan of Phillips Chemical, Bartlesville, Oklahoma, stated, "ok to pay due 2/18/97." Subsequently Phillips Puerto Rico Core stamped the invoice "paid" on June 2, 1997. If any inference can be drawn from these notations (which notations are not on Tauber's copies of the documents) it is that Phillips Chemical, Bartlesville, Oklahoma paid Tauber in February 1997 and Phillips Core paid Phillips Chemical in June 1997.

75. The documents referenced at Arenas Dec. Ex. 11 do not support the Plaintiffs' conclusion that Tauber Oil held title to shipments of MTBE. Of the eight (8) transactions plaintiffs reference, three (3) do not even mention Puerto Rico and the remaining five (5) make clear that Tauber Oil did not hold title beyond the instant when it acquired the product and instantaneously transferred the product to Phillips. In every instance before the vessel left port, Phillips Petroleum/Chemical/or 66 held title and was in control of the destination for the cargo. See the Declaration of Kevin Wilson at ¶ 41 and 44. In addition, the seven (7) transactions dated on and after "3/16/99" concern non-party Tauber Petrochemical Company.

Respectfully submitted,

_____

MICHAEL A. WALSH (2534)
NYS Bar No. 20132191
Strasburger & Price, LLP
901 Main Street, Suite 4300
Dallas, Texas 75202-3794
(214) 651-4459
(214) 651-4330 (Facsimile)
michael.walsh@strasburger.com

**ATTORNEYS FOR DEFENDANT
TAUBER OIL COMPANY**

## <u>CERTIFICATE OF SERVICE</u>

I certify that on March 25th, 2014, a true and correct copy of this Amended Local Rule 56.1 Statement by Tauber Oil Company was electronically served on counsel of record via LexisNexis File & Serve.

_____

MICHAEL A. WALSH