**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

In re: Methyl Tertiary Butyl Ether ("MTBE")
Products Liability Litigation

**MDL No. 1358**
**C.A. No. 1:00-1898 (SAS)**
**M21-88**

---

This Document Relates To:
*Commonwealth of Puerto Rico, et al. v.*
*Shell Oil Company, et al.,*
Case No. 07-CV-10470-SAS
Case No. 14-CV-1014-SAS

**REPLY DECLARATION OF**
**KEVIN WILSON**

---

I, KEVIN WILSON, declare as follows:

1.       My name is Kevin Wilson.  I am over the age of twenty-one, reside in Houston, Texas, and am competent to give testimony.  The facts set forth in this reply declaration are based upon my personal knowledge, the records of Tauber Oil Company ("Tauber Oil"), and information collected and made available to me by knowledgeable employees of Tauber Oil and, to the extent necessary, Tauber Petrochemical Company.  Exhibits 1-12 attached to this Declaration are true and correct copies.

2.       Tauber Oil is the parent corporation of Tauber Petrochemical Company, which came into existence in 1998.  Tauber Petrochemical Company is a Texas corporation organized and existing under the laws of the State of Texas with its principal place of business in Houston, Texas.   While Tauber Petrochemical Company is a non-party to these proceedings and has not appeared in these actions, the statements at paragraphs 4-33 in my prior declaration, dated February 26, 2014 (Dkt. # 3931), are also true for Tauber Petrochemical Company.

---

Reply Declaration of Kevin Wilson                    1

3.      Tauber Oil had the following transactions of MTBE where it sold MTBE to Phillips Petroleum Corporation, Phillips Chemical Corporation or Phillips 66 all of Bartlesville, Oklahoma (Phillips Petroleum/Chemical/66):

| Wilson Reply Exhibit Nos. | Tauber Contract Date | Nomination including destination | Purchaser | Contract No. Transaction Bates No. Range |
|---|---|---|---|---|
| Ex. 1 | 08/08/85 | No evidence Tauber was notified of PR | Phillips Petroleum Co. – (Bartlesville, OK) | S – 10971 TAUBER001945-1951 |
| Ex. 2 | 02/10/94 | 2/24/94 See Arenas Ex. 2(a) vessel and PR: Tauber002350 | Phillips 66 Co. - Bartlesville, OK | S – 36439 TAUBER 002282-2358 |
| Ex 3 | 03/18/94 | 3/21/94 See Arenas Ex. 2(c) Tauber002276 | Phillips 66 Co. – (Bartlesville, OK) | S – 36775 TAUBER 2217-2281 |
| Ex. 4 | 08/04/94 | No PR Destination Tauber002209 | Phillips 66 Co. – (Bartlesville, OK) | S - 37965 TAUBER002148-2216 |
| Ex. 5 | 03/22/95 | 3/22/95 See Arenas Ex. 2(e) Tauber002065 | Phillips Chem. Co. – (Bartlesville, OK) | S – 39688 TAUBER002034-2065 |
| Ex. 6 Venezuela transaction | 10/24/95 | 10/25/95 See Arenas Ex. 2 (f) Tauber002144 | Phillips Chem. Co. – (Bartlesville, OK) | S – 41435 TAUBER002066-2147 |
| Ex. 7 | 01/27/97 | 1/27/97 See Arenas Ex. 2(h) Tauber001413 | Phillips Chem. Co. – (Bartlesville, OK) | S – 45208 TAUBER001357-1413 |
| Ex. 8 | 08/27/97 | No destination provided; See Wilson Reply Ex. 8 Tauber001154 | Phillips Chem. Co. – (Bartlesville, OK) | S – 46807 TAUBER001118-1154 |
| Ex. 9 | 09/18/97 | No destination provided; See Wilson Reply Ex. 9 Tauber001432 | Phillips Chem. Co. – (Bartlesville, OK) | S – 46957 TAUBER001414-1436 |
| Ex. 10 | 10/22/97 | No destination provided; See Wilson Reply Ex. 10 Tauber001486 | Phillips Chem. Co. – (Bartlesville, OK) | S - 47196 TAUBER001437-1486 |

5760966.4/SP/10883/0121/032514

4.      The foregoing list identifies the eight (8) transactions referenced in Plaintiffs' response papers and the declaration of Justin J. Arenas. The list also includes one (1) additional transaction between Tauber Oil and Phillips 66 and Phillips Chemical (See para 3, Ex. 4). Four (4) of the transactions include subsequent documents sent by Phillips 66 or Phillips Chemical that do not identify a destination, and one shows the destination in Houston.

5.      Except for the Venezuela transaction (Exhibit 6 hereto), none of the contract terms reference a destination or Puerto Rico. In the 1996 Venezuela transaction, Phillips 66 of Bartlesville, Oklahoma purchased MTBE from Tauber Oil outside the United States. Tauber Oil acquired MTBE from Ecofuel through Ecofuel's marketing representative American Agip located in New York. The MTBE was produced in Venezuela, stored in tanks there and was simultaneously purchased and resold by Tauber Oil to Phillips 66 under incoterms "CIF" (cargo, insurance and freight) Guayama, Puerto Rico. Inchcape Testing[1] was retained for testing conducted in Venezuela and, remittance was to be made to Inchcape to First National Bank of Chicago, in Chicago, Illinois.   (See Ex. 11 at TAUBER002096). Inchcape documents show addresses in Dallas and Venezuela. (Ex. 11 at TAUBER002096, TAUBER002106). Based on the transaction file documents, including those referenced in Plaintiffs' response papers, it does not appear that Tauber was the importer of record. (*See* Ex. 11, TAUBER002068). I was Tauber's 30(b)(6) witness and was questioned on this transaction. Based on the materials I was asked to review, it was unclear who served as the "importer of record" for this transaction. In reviewing the transaction documents it appears that either Ecofuel or Phillips 66 was the importer of record into Puerto Rico. (*See* Ex. 12, page 91- 94, line 11).

---

[1] Inchcape is an independent agent retained by the parties to verify that the product sold and purchased was of the quality and quantity that it purported to be at the time of sale and loading in the vessel for shipment.

Reply Declaration of Kevin Wilson                3

6.    In instances where Plaintiffs Exhibits to the Arenas Declaration did not include nomination documents, true and correct copies are attached hereto (see Exhibits 4, 8, 9 and 10).

7.    No contracts of non-party Tauber Petrochemical are included in the transactions listed in paragraph 3 above.

8.    Attached as Exhibit 11 are Tauber 002104 and 2016 which evidence that Tauber was charged by Inchcape Testing Services-Caleb Brett (Inchcape) for the inspection performed in Venezuela and Phillips 66 had its own laboratory conduct the testing of the product in Puerto Rico. Thus, it cannot be said that Tauber arranged for or paid for the testing done on the cargo in Puerto Rico.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated:  3-25-14

KEVIN WILSON

Reply Declaration of Kevin Wilson                    4