# EXHIBIT 12

Page 1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE: METHYL TERTIARY | ) | MASTER FILE |
| BUTYL ETHER ("MTBE) | ) | NO. 1:00-1898 |
| LIABILITY LITIGATION | ) | M21-88 |
| PRODUCTS | ) | MDL 1358(SAS) |
| | ) | |
| _____ | ) | |
| | ) | |
| COMMONWEALTH OF PUERTO | ) | |
| RICO, ET AL. | ) | |
|  PLAINTIFF, | ) | CASE NO. 07-CIV-10470 |
| | ) | (SAS) |
| VS. | ) | |
| | ) | |
| SHELL OIL CO., ET AL., | ) | |
|  DEFENDANTS. | ) | |

DEPOSITION OF
TAUBER OIL THROUGH KEVIN WILSON
DECEMBER 16, 2013
VOLUME 1

     Called as a witness by counsel for the
Plaintiffs, taken before Dorothy A. Rull, CSR, CRR,
a Certified Shorthand Reporter and Notary Public in
and for the State of Texas, on the 16th day of
December, 2013, from 12:35 p.m. to 5:12 p.m., at the
law offices of Strasburger & Price, LLP, 909 Fannin
Street, Suite 2300, Houston, Texas 77010, pursuant
to Notice and the Federal Rules of Civil Procedure.

                                                           Page 91

1      Q.    This is a fax from Marilyn Dugan to
2    Kevin Wilson dated October 25, 1995; correct?
3      A.    Yes.
4      Q.    And this is a fax regarding the
5    acceptance of vessel nomination for a product
6    identified as MTBE; correct?
7      A.    Yes.
8      Q.    50,000 barrels, plus or minus 5 percent;
9    correct?
10     A.    Yes.
11     Q.    On the IVER SPLENDOR; correct?
12     A.    Yes.
13     Q.    With an estimated time of arrival in
14   Guayama of October 29; correct?
15     A.    Yes.
16     Q.    Moving down and to the left, there's
17   a -- heading, "documentation" is underlined?
18     A.    Yes.
19     Q.    Underneath that is the word "consignee."
20     A.    Uh-huh.
21     Q.    What do you understand consignee to mean
22   here?
23     A.    What I take from this is that Marilyn
24   Dugan is asking Tauber to complete the documentation

Kevin Wilson

Page 92

1   as they have directed here.  So I would take that to
2   mean that Phillips Chemical sold this to Phillips
3   Puerto Rico Core because they've asked us to consign
4   the cargo to them.
5                   We, in turn, would have conveyed
6   this, the same information to -- under this
7   transaction -- to EcoFUELS.
8         Q.     So could you walk me through the points
9   of transfer of title from EcoFUELS transferring to
10  Tauber --
11        A.     Uh-huh.
12        Q.     -- all the way through Phillips Puerto
13  Rico Core, Inc., receiving title?
14        A.     I can't really speak to that from what
15  we have here.  But I can say that, based on what I'm
16  seeing, is that we received title from EcoFUELS at
17  point of loading in Venezuela.  We passed that title
18  to Phillips 66 in Bartlesville at Venezuela when the
19  vessel product loaded from the whatever delivering
20  facility was in Venezuela to the ship's rail is when
21  title passed.
22        Q.     And on Tauber002144, the request --
23        A.     2144, okay.
24        Q.     -- the page that we were looking at.

1  A. Right.

2  Q. On this page, under "documentation" --

3  A. Uh-huh.

4  Q. -- Tauber's role is providing documents
5 to Phillips Puerto Rico Core, Inc.?

6  A. It's -- it's providing documents to
7 Phillips Chemical Company.  See, it's customary in
8 this business that whoever the ultimate consignee
9 is, so that documents don't have to be changed,
10 because -- under normal circumstances here, EcoFUELS
11 would consign the cargo to Tauber, Tauber could have
12 new bills of lading produced and consign the
13 product, consign it to Phillips 66 company, who we
14 contracted.  Phillips 66 could change the documents
15 and have them consigned to Phillips Puerto Rico
16 Core, who is their customer.

17    To eliminate these changes in bill
18 of lading documentation, it's customary for the end
19 user to provide those documentations records back up
20 the supply chain and it be done right the first
21 time.  It's no bearing on our contract with
22 Phillips.  It's just a courtesy to provide them
23 proper documents --

24  Q. So --

Kevin Wilson

Page 94

1   A.   -- for the importation of a product into
2   Puerto Rico, which in this case is not -- which
3   is -- it's not clear here who was importing this.
4   Probably Phillips Puerto Rico Core, but that's a
5   guess.
6   Q.   Do you have any independent facts to
7   indicate that this approximate volume of 50,000
8   barrels of MTBE was not delivered to Guayama, Puerto
9   Rico?
10         MS. FARLEY:   Objection, form.
11   A.   No idea.
12         (Exhibit No. 9 marked.)
13   BY MR. SHORT:
14   Q.   Okay.  The court reporter has handed you
15   Exhibit No. 9.
16         MR. SHORT:   A copy for counsel.
17   Another copy for counsel.
18   A.   This is an old one.
19   BY MR. SHORT:
20   Q.   And this document, for the record, is
21   Bates stamped Tauber001945, and is a sales
22   acknowledgement dated August 8th, 1985.
23   A.   Okay.
24   Q.   Were you working at Tauber in 1985?