# McDermott Will & Emery

Boston  Brussels  Chicago  Düsseldorf  Frankfurt  Houston  London  Los Angeles  Miami
Milan  Munich  New York  Orange County  Paris  Rome  Seoul  Silicon Valley  Washington, D.C.

Strategic alliance with MWE China Law Offices (Shanghai)

Peter John Sacripanti
Chairman
psacripanti@mwe.com
+1 212 547 5583

April 10, 2014

BY HAND DELIVERY AND ELECTRONIC MAIL

The Honorable Shira A. Scheindlin
United States District Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 1620
New York, New York  10007-1312

      Re:    Master File C.A. No. 1:00-1898 (SAS), M21-88, MDL No. 1358
              *Defendants' Pre-Conference Letter Regarding the Orange County Water District Station Matrix for April 16, 2014 Conference*

Dear Judge Scheindlin:

      Defendants respectfully submit this letter regarding the *Orange County Water District* Station Matrix in advance of the April 16, 2014 conference.

      In an effort to streamline upcoming summary judgment motions, consistent with the Court's direction at the last status conference, the parties met in person on April 8 to discuss reducing the number of claims in Plaintiff's station matrix. A copy of the existing matrix is attached at Exhibit A.

      At the meeting, Plaintiff made a verbal proposal that could resolve certain issues related to the current Station Matrix as to some of the Defendants. Those Defendants are considering Plaintiff's proposal, and Plaintiff is considering certain terms proposed by Defendants. These Defendants will work in good faith with Plaintiff to address the outstanding issues and to write the requisite stipulation or other agreement. The parties can report on their progress at the status conference.

      Plaintiff, however, was not prepared to discuss Defendant-specific evidence at each station—the evidence allegedly proving that each Defendant's gasoline was delivered to a particular station—which Defendants believed was the purpose of the meeting. Defendants still need this evidence for any station or Defendant to which the stipulation will not apply, and for all stations if the parties are not successful in agreeing upon a stipulation.

U.S. practice conducted through McDermott Will & Emery LLP.

340 Madison Avenue  New York  New York 10173-1922  Telephone: +1 212 547 5400  Facsimile: +1 212 547 5444  www.mwe.com

The Honorable Shira A. Scheindlin
April 10, 2014
Page 2

Tesoro and Lyondell

Tesoro and Lyondell write separately because they were excluded from Plaintiff's proposal. Lyondell was excluded because it was an MTBE manufacturer, and Tesoro was excluded because it did not have a connection with any stations. For the first time in the 10+ years of litigation, Plaintiff said it was pursuing Tesoro and Lyondell under solely the commingled product theory rather than direct causation/tracing. Consistent with the *Fresno* ruling, Tesoro asked Plaintiff for the evidence showing that Tesoro's product was "at the stations at issue when the releases occurred." *In re MTBE Products Liability Litigation*, No. 04 Civ. 4973, 2013 WL 4830965, at *19. Plaintiff could only identify Tesoro's sales to jobbers at Los Angeles County terminals that could have served Orange County. Similarly, with respect to Lyondell, Plaintiff could cite only discovery responses in which certain Defendants identified Lyondell as one of numerous suppliers of MTBE to Defendants at certain times which MTBE those Defendants may have added to gasoline supplied to Orange County.

Plaintiff's position on use of the commingled product theory is wrong for multiple reasons.

1. Plaintiff's position is contrary to the Court's *Fresno* ruling. "[T]he commingled product theory does not relieve [ ] [Plaintiff] of the burden to show that the defendants' products were at the stations at issue when the releases occurred." *Id.* A Defendant's sale of product at terminals or to refineries that *could have* supplied Orange County is not sufficient.

2. The commingled product theory is an alternative theory of liability that "shifts the burden of proof to the defendant only in circumstances where 'each defendant acted tortiously, but ... which of the defendants caused [ ] injury[ ] [is uncertain] [ ].' In other words, it applies only when the plaintiff 'can establish the other elements of a prima facie case against a number of defendants[ ]' but cannot 'identify the exact defendant who caused the injury....'" *Id.* (alteration in original) (internal citation omitted). There is no need for burden shifting at stations where, as here, there is a defendant who has or had a relationship to those stations. Nonetheless, Plaintiff insists on pursuing Tesoro and Lyondell at stations covered by other Defendants' stipulations.

3. Like *Fresno*, Plaintiff asserts the commingled product theory at the eleventh hour after it failed to connect the dots by gathering the necessary information directly connecting Tesoro's and Lyondell's products to stations. "There is no basis to invoke an alternate theory of proof when no special obstacle prevented [ ] [Plaintiff] from tracing the . . . Defendants' products to those stations." *Id.* at *20. From commencement through conclusion of discovery, Plaintiff said it would trace product.[1] Plaintiff had station and jobber information

---

[1] *See, e.g.*, Nov. 13, 2006 letter from Tracey O'Reilly to Special Master Warner re: Compliance with Pre-Trial Order Nos. 9 and 18 at 3 ("First, the majority of defendants in the District's case owned and operated refineries that supplied gasoline to the District's service area over a long

The Honorable Shira A. Scheindlin
April 10, 2014
Page 3

since CMO No. 4 declarations were provided in 2004/ 2005. Likewise, Plaintiff had station owner and operator information by 2008.[2] "To approve of the use of the commingled product theory of proof in this case, then, would be the practical equivalent of holding that direct proof is never required in MTBE cases: plaintiffs would have little incentive to prove direct causation if they could proceed under a commingled product theory." *Id.*

Tesoro and Lyondell respectfully request that the Court direct Plaintiff to provide evidence showing our product got to the *station*. For any station that Plaintiff does not have this evidence, it should dismiss its claims with prejudice.

Sincerely,

*Peter John Sacripanti*

Peter John Sacripanti

cc: All Counsel of Record by LNFS, Service on Plaintiffs' Liaison Counsel

---

period of time. . . . South Tahoe's counsel, the same counsel in this matter, was able to connect every refiner defendant to each and every gasoline station at issue."); June 24, 2010 letter from Michael Axline to Tesoro in which Plaintiff identifies "the largest distributors in the [relevant geographic] area"; and at a telephonic conference before the Special Master after the close of fact discovery (Special Master Warner: "Except, you know, the relief requested is that in an order compelling OCWD to confirm the identities of the jobbers to whom they issued subpoenas, so that's not difficult, right? You can do that? Mr. Axline: We can do that.") Tr. of Sept. 14, 2011 Conf., 13:25-14:1-5. Copies of these materials can provided upon the Court's request.

[2] Plaintiff initially sought owner/operator information in its 2008 Third Set of Interrogatories to Certain Defendants and again in 2010 in its 6th Set of Interrogatories to all Defendants. Plaintiff provided owner/operator information in response to Tesoro's Third Set of Interrogatories to Plaintiff in 2010. Finally, Plaintiff noticed over 40 owner/operator depositions in the last months of fact discovery. Copies of these materials can be provided upon the Court's request.