**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation | Master File No. 1:00-1898 MDL 1358 (SAS) M21-88 |
| This Document Relates to: **COMMONWEALTH OF PUERTO RICO et al. v. SHELL OIL COMPANY; ET AL.** Case No. 14-cv-01014 | **DEFENDANT ENI USA R&M CO., INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |

Defendant ENI USA R&M Co., Inc. (f/k/a American Agip Company Inc.) (hereinafter "ENI") by and through its undersigned counsel, answers the Plaintiffs' First Amended Complaint (hereinafter referred to as the "Complaint") as follows:

## JURISDICTION AND VENUE

1.      ENI responds that the allegations set forth in Paragraph 1 assert legal conclusions, to which no response is required.  To the extent that Paragraph 1 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 1.

2.      ENI responds that the allegations set forth in Paragraph 2 assert legal conclusions, to which no response is required.  To the extent that Paragraph 2 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 2.

3.      ENI responds that the allegations set forth in Paragraph 3 assert legal conclusions, to which no response is required.  To the extent that Paragraph 3 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 3.

## SUMMARY OF THE CASE

4.      ENI responds that the allegations set forth in Paragraph 4 assert legal conclusions, to which no response is required.  To the extent that Paragraph 4 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 4.

5.      ENI responds that the allegations set forth in Paragraph 5 assert legal conclusions, to which no response is required.  To the extent that Paragraph 5 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 5.

6.      To the extent the allegations contained in Paragraph 6 relate to knowledge or actions of defendants other than ENI, ENI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations.   To the extent that Paragraph 6 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 6.

7.      Because ENI was not a party to the 2007 litigation described in Paragraph 7, ENI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 7.  To the extent that Paragraph 7 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph.

8.      To the extent that the allegations set forth in Paragraph 8 assert legal conclusions regarding the Commonwealth's sought-after remedies, no response is required.  To the extent that Paragraph 8 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 8.

9.      ENI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 9, and thus denies each and every allegation set forth in Paragraph 9.

10.      ENI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 10, and thus denies each and every allegation set forth in Paragraph 10.

11.      To the extent the allegations contained in Paragraph 11 relate to knowledge or actions of defendants other than ENI, ENI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations.   To the extent that Paragraph 11 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 11.

12.      To the extent the allegations contained in Paragraph 12 relate to knowledge or actions of defendants other than ENI, ENI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations.   To the extent that Paragraph 12 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 12.

13.      To the extent that the allegations set forth in Paragraph 13 assert legal conclusions regarding the Commonwealth's sought-after remedies, no response is required.  To the extent that Paragraph 13 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 13.

## PLAINTIFF

14.      ENI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 14, and thus denies each and every allegation set forth in Paragraph 14.

15.     ENI responds that the allegations set forth in Paragraph 15 assert legal conclusions, to which no response is required.   To the extent that Paragraph 15 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 15.

16.     ENI responds that the allegations set forth in Paragraph 16 assert legal conclusions, to which no response is required.   To the extent that Paragraph 16 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 16.

17.     ENI responds that the allegations set forth in Paragraph 17 assert legal conclusions, to which no response is required.   To the extent that Paragraph 17 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 17.

18.     ENI responds that the allegations set forth in Paragraph 18 assert legal conclusions, to which no response is required.   To the extent that Paragraph 18 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 18.

## **DEFENDANTS**

19.     ENI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 19, and thus denies each and every allegation set forth in Paragraph 19.

20.     ENI responds that the allegations set forth in Paragraph 20 assert legal conclusions, to which no response is required.   To the extent that Paragraph 20 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 20.

21.     ENI responds that the allegations set forth in Paragraph 21 assert legal conclusions, to which no response is required.   To the extent that Paragraph 21 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 21.

22.     ENI responds that the allegations set forth in Paragraph 22 assert legal conclusions, to which no response is required.   To the extent that Paragraph 22 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 22.

23.     To the extent the allegations contained in Paragraph 23 relate to knowledge or actions of defendants other than ENI, ENI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations.   To the extent that Paragraph 23 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 23.

24.     To the extent the allegations contained in Paragraph 24, including subparts (a) through (d), relate to knowledge or actions of defendants other than ENI, ENI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations. To the extent that Paragraph 24 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 24, including subparts (a) through (d).

**A.     Refiner/Supplier Defendants**

25.     To the extent the allegations contained in Paragraph 25 relate to knowledge or actions of defendants other than ENI, ENI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations.   To the extent that Paragraph 25 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 25.

26.     ENI admits that it is a Delaware corporation that conducts business in the State of New York.

27.     The allegations set forth in Paragraph 27 are not directed to ENI, and therefore, no response is required on behalf of ENI.  To the extent that Paragraph 27 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 27.

28.     The allegations set forth in Paragraph 28 are not directed to ENI, and therefore, no response is required on behalf of ENI.  To the extent that Paragraph 28 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 28.

29.     The allegations set forth in Paragraph 29 are not directed to ENI, and therefore, no response is required on behalf of ENI.  To the extent that Paragraph 29 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 29.

30.     The allegations set forth in Paragraph 30 are not directed to ENI, and therefore, no response is required on behalf of ENI.  To the extent that Paragraph 30 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 30.

31.     The allegations set forth in Paragraph 31 are not directed to ENI, and therefore, no response is required on behalf of ENI.  To the extent that Paragraph 31 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 31.

32.     The allegations set forth in Paragraph 32 are not directed to ENI, and therefore, no response is required on behalf of ENI.  To the extent that Paragraph 32 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 32.

33.     The allegations set forth in Paragraph 33 are not directed to ENI, and therefore, no response is required on behalf of ENI.  To the extent that Paragraph 33 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 33.

34.     The allegations set forth in Paragraph 34 are not directed to ENI, and therefore, no response is required on behalf of ENI.  To the extent that Paragraph 34 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 34.

35.     The allegations set forth in Paragraph 35 are not directed to ENI, and therefore, no response is required on behalf of ENI.  To the extent that Paragraph 35 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 35.

36.     The allegations set forth in Paragraph 36 are not directed to ENI, and therefore, no response is required on behalf of ENI.  To the extent that Paragraph 36 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 36.

37.     The allegations set forth in Paragraph 37 are not directed to ENI, and therefore, no response is required on behalf of ENI.  To the extent that Paragraph 37 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 37.

38.     The allegations set forth in Paragraph 38 are not directed to ENI, and therefore, no response is required on behalf of ENI.  To the extent that Paragraph 38 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 38.

39.     The allegations set forth in Paragraph 39 are not directed to ENI, and therefore, no response is required on behalf of ENI.  To the extent that Paragraph 39 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 39.

40.     The allegations set forth in Paragraph 40 are not directed to ENI, and therefore, no response is required on behalf of ENI.  To the extent that Paragraph 40 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 40.

41.     The allegations set forth in Paragraph 41 are not directed to ENI, and therefore, no response is required on behalf of ENI.  To the extent that Paragraph 41 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 41.

42.     The allegations set forth in Paragraph 42 are not directed to ENI, and therefore, no response is required on behalf of ENI.  To the extent that Paragraph 42 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 42.

43.     The allegations set forth in Paragraph 43 are not directed to ENI, and therefore, no response is required on behalf of ENI.  To the extent that Paragraph 43 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 43.

44.     The allegations set forth in Paragraph 44 are not directed to ENI, and therefore, no response is required on behalf of ENI.  To the extent that Paragraph 44 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 44.

45.     The allegations set forth in Paragraph 45 are not directed to ENI, and therefore, no response is required on behalf of ENI.  To the extent that Paragraph 45 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 45.

46.     The allegations set forth in Paragraph 46 are not directed to ENI, and therefore, no response is required on behalf of ENI.  To the extent that Paragraph 46 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 46.

47.     The allegations set forth in Paragraph 47 are not directed to ENI, and therefore, no response is required on behalf of ENI.  To the extent that Paragraph 47 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 47.

48.     The allegations set forth in Paragraph 48 are not directed to ENI, and therefore, no response is required on behalf of ENI.  To the extent that Paragraph 48 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 48.

49.     The allegations set forth in Paragraph 49 are not directed to ENI, and therefore, no response is required on behalf of ENI.  To the extent that Paragraph 49 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 49.

50.     The allegations set forth in Paragraph 50 are not directed to ENI, and therefore, no response is required on behalf of ENI.  To the extent that Paragraph 50 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 50.

51.     The allegations set forth in Paragraph 51 are not directed to ENI, and therefore, no response is required on behalf of ENI.  To the extent that Paragraph 51 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 51.

52.     The allegations set forth in Paragraph 52 are not directed to ENI, and therefore, no response is required on behalf of ENI.  To the extent that Paragraph 52 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 52.

53.     The allegations set forth in Paragraph 53 are not directed to ENI, and therefore, no response is required on behalf of ENI.  To the extent that Paragraph 53 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 53.

54.     The allegations set forth in Paragraph 54 are not directed to ENI, and therefore, no response is required on behalf of ENI.  To the extent that Paragraph 54 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 54.

55.     The allegations set forth in Paragraph 55 are not directed to ENI, and therefore, no response is required on behalf of ENI.  To the extent that Paragraph 55 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 55.

56.     The allegations set forth in Paragraph 56 are not directed to ENI, and therefore, no response is required on behalf of ENI.  To the extent that Paragraph 56 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 56.

57.     The allegations set forth in Paragraph 57 are not directed to ENI, and therefore, no response is required on behalf of ENI.  To the extent that Paragraph 57 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 57.

58.     The allegations set forth in Paragraph 58 are not directed to ENI, and therefore, no response is required on behalf of ENI.  To the extent that Paragraph 58 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 58.

59.     The allegations set forth in Paragraph 59 are not directed to ENI, and therefore, no response is required on behalf of ENI.  To the extent that Paragraph 59 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 59.

60.     The allegations set forth in Paragraph 60 are not directed to ENI, and therefore, no response is required on behalf of ENI.  To the extent that Paragraph 60 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 60.

61.     The allegations set forth in Paragraph 61 are not directed to ENI, and therefore, no response is required on behalf of ENI.  To the extent that Paragraph 61 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 61.

62.     The allegations set forth in Paragraph 62 are not directed to ENI, and therefore, no response is required on behalf of ENI.  To the extent that Paragraph 62 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 62.

63.     The allegations set forth in Paragraph 63 are not directed to ENI, and therefore, no response is required on behalf of ENI.  To the extent that Paragraph 63 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 63.

64.     The allegations set forth in Paragraph 64 are not directed to ENI, and therefore, no response is required on behalf of ENI.  To the extent that Paragraph 64 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 64.

65.     The allegations set forth in Paragraph 65 are not directed to ENI, and therefore, no response is required on behalf of ENI.  To the extent that Paragraph 65 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 65.

66.     The allegations set forth in Paragraph 66 are not directed to ENI, and therefore, no response is required on behalf of ENI.  To the extent that Paragraph 66 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 66.

67.     The allegations set forth in Paragraph 67 are not directed to ENI, and therefore, no response is required on behalf of ENI.  To the extent that Paragraph 67 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 67.

68.     The allegations set forth in Paragraph 68 are not directed to ENI, and therefore, no response is required on behalf of ENI.  To the extent that Paragraph 68 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 68.

69.     The allegations set forth in Paragraph 69 are not directed to ENI, and therefore, no response is required on behalf of ENI.  To the extent that Paragraph 69 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 69.

70.     The allegations set forth in Paragraph 70 are not directed to ENI, and therefore, no response is required on behalf of ENI.  To the extent that Paragraph 70 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 70.

71.     The allegations set forth in Paragraph 71 are not directed to ENI, and therefore, no response is required on behalf of ENI.  To the extent that Paragraph 71 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 71.

72.     The allegations set forth in Paragraph 72 are not directed to ENI, and therefore, no response is required on behalf of ENI.  To the extent that Paragraph 72 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 72.

73.     The allegations set forth in Paragraph 73 are not directed to ENI, and therefore, no response is required on behalf of ENI.  To the extent that Paragraph 73 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 73.

74.     The allegations set forth in Paragraph 74 are not directed to ENI, and therefore, no response is required on behalf of ENI.  To the extent that Paragraph 74 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 74.

75.     The allegations set forth in Paragraph 75 are not directed to ENI, and therefore, no response is required on behalf of ENI.  To the extent that Paragraph 75 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 75.

76.     The allegations set forth in Paragraph 76 are not directed to ENI, and therefore, no response is required on behalf of ENI.  To the extent that Paragraph 76 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 76.

77.     The allegations set forth in Paragraph 77 are not directed to ENI, and therefore, no response is required on behalf of ENI.  To the extent that Paragraph 77 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 77.

78.     The allegations set forth in Paragraph 78 are not directed to ENI, and therefore, no response is required on behalf of ENI.  To the extent that Paragraph 78 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 78.

79.     The allegations set forth in Paragraph 79 are not directed to ENI, and therefore, no response is required on behalf of ENI.  To the extent that Paragraph 79 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 79.

80.     The allegations set forth in Paragraph 80 are not directed to ENI, and therefore, no response is required on behalf of ENI.  To the extent that Paragraph 80 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 80.

81.     The allegations set forth in Paragraph 81 are not directed to ENI, and therefore, no response is required on behalf of ENI.  To the extent that Paragraph 81 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 81.

82.     The allegations set forth in Paragraph 82 are not directed to ENI, and therefore, no response is required on behalf of ENI.  To the extent that Paragraph 82 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 82.

83.     The allegations set forth in Paragraph 83 are not directed to ENI, and therefore, no response is required on behalf of ENI.  To the extent that Paragraph 83 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 83.

84. The allegations set forth in Paragraph 84 are not directed to ENI, and therefore, no response is required on behalf of ENI. To the extent that Paragraph 84 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 84.

85. The allegations set forth in Paragraph 85 are not directed to ENI, and therefore, no response is required on behalf of ENI. To the extent that Paragraph 85 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 85.

86. The allegations set forth in Paragraph 86 are not directed to ENI, and therefore, no response is required on behalf of ENI. To the extent that Paragraph 86 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 86.

87. The allegations set forth in Paragraph 87 are not directed to ENI, and therefore, no response is required on behalf of ENI. To the extent that Paragraph 87 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 87.

88. The allegations set forth in Paragraph 88 are not directed to ENI, and therefore, no response is required on behalf of ENI. To the extent that Paragraph 88 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 88.

89. The allegations set forth in Paragraph 89 are not directed to ENI, and therefore, no response is required on behalf of ENI. To the extent that Paragraph 89 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 89.

## B.     MTBE Manufacturer/Supplier Defendants

90. To the extent the allegations contained in Paragraph 90 relate to knowledge or actions of defendants other than ENI, ENI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations.   To the extent that Paragraph 90 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 90.

91.     The allegations set forth in Paragraph 91 are not directed to ENI, and therefore, no response is required on behalf of ENI.  To the extent that Paragraph 91 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 91.

92.     The allegations set forth in Paragraph 92 are not directed to ENI, and therefore, no response is required on behalf of ENI.  To the extent that Paragraph 92 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 92.

**C.      Owner/Operator Defendants**

93.     To the extent the allegations contained in Paragraph 93 relate to knowledge or actions of defendants other than ENI, ENI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations.   To the extent that Paragraph 93 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 93.

94.     The allegations set forth in Paragraph 94 are not directed to ENI, and therefore, no response is required on behalf of ENI.  To the extent that Paragraph 94 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 94.

95.     The allegations set forth in Paragraph 95 are not directed to ENI, and therefore, no response is required on behalf of ENI.  To the extent that Paragraph 95 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 95.

96.     The allegations set forth in Paragraph 96 are not directed to ENI, and therefore, no response is required on behalf of ENI.  To the extent that Paragraph 96 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 96.

**D.     Does 1-99**

97.     ENI responds that the allegations set forth in Paragraph 97 assert legal

conclusions, to which no response is required.  To the extent that Paragraph 97 asserts

allegations against ENI, ENI denies each and every allegation set forth in Paragraph 97.

## ALLEGATIONS APPLICABLE TO ALL CAUSES OF ACTION

**The Contaminant - MTBE**

98.     Admitted only that MTBE can be used as an additive to gasoline products.  As to

the remaining allegations in Paragraph 98, ENI is without knowledge or information sufficient to

form as belief as to the truth or the falsity of the allegations, and thus denies each and every other

allegation set forth in Paragraph 98.

99.     ENI is without knowledge or information sufficient to form as belief as to the

truth or the falsity of the allegations in Paragraph 99, and thus denies each and every allegation

set forth in Paragraph 99.

100.     ENI is without knowledge or information sufficient to form as belief as to the

truth or the falsity of the allegations in Paragraph 100 and thus denies each and every allegation

set forth in Paragraph 100.

101.     ENI is without knowledge or information sufficient to form as belief as to the

truth or the falsity of the allegations in Paragraph 101 and thus denies each and every allegation

set forth in Paragraph 101.

102.     ENI is without knowledge or information sufficient to form as belief as to the

truth or the falsity of the allegations in Paragraph 102 and thus denies each and every allegation

set forth in Paragraph 102.

103.    ENI is without knowledge or information sufficient to form as belief as to the truth or the falsity of the allegations in Paragraph 103 and thus denies each and every allegation set forth in Paragraph 103.

104.    So far as Paragraph 104 asserts legal conclusions regarding the Puerto Rico Water Quality Standards, no response is required.  Otherwise, ENI is without knowledge or information sufficient to form as belief as to the truth or the falsity of the allegations in Paragraph 104 and thus denies each and every allegation set forth in Paragraph 104.

105.    ENI is without knowledge or information sufficient to form as belief as to the truth or the falsity of the allegations in Paragraph 105 and thus denies each and every allegation set forth in Paragraph 105.

106.    ENI is without knowledge or information sufficient to form as belief as to the truth or the falsity of the allegations in Paragraph 106 and thus denies each and every allegation set forth in Paragraph 106.

**Defendant's Promotion of MTBE**

107.    To the extent the allegations contained in Paragraph 107 relate to knowledge or actions of defendants other than ENI, ENI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations.   To the extent that Paragraph 107 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 107.

108.    To the extent the allegations contained in Paragraph 108 relate to knowledge or actions of defendants other than ENI, ENI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations.   To the extent that Paragraph 108 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 108.

109.    To the extent the allegations contained in Paragraph 109 relate to knowledge or actions of defendants other than ENI, ENI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations.   To the extent that Paragraph 109 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 109.

110.    To the extent the allegations contained in Paragraph 110 relate to knowledge or actions of defendants other than ENI, ENI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations.   To the extent that Paragraph 110 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 110.

111.    Paragraph 111 states legal conclusions regarding duty and breach of duty to which no response is required.  Otherwise, To the extent the allegations contained in Paragraph 111 relate to knowledge or actions of defendants other than ENI, ENI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations.   To the extent that Paragraph 111 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 111.

112.    To the extent the allegations contained in Paragraph 112 relate to knowledge or actions of defendants other than ENI, ENI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations.   To the extent that Paragraph 112 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 112.

113.    To the extent the allegations contained in Paragraph 113 relate to knowledge or actions of defendants other than ENI, ENI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations.   To the extent that Paragraph 113 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 113.

114.    To the extent the allegations contained in Paragraph 114, including subparts (a) through (c), relate to knowledge or actions of defendants other than ENI, ENI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations. To the extent that Paragraph 114, including subparts (a) through (c),  asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 114, including subparts (a) through (c).

### COUNT I
### (Strict Products Liability for Defective Design and Failure to Warn Against All Defendants)

115.    ENI repeats and realleges its responses contained in Paragraph 1 through 114 as if fully set forth herein.

116.    Admitted only that ENI traded certain products containing MTBE, and in doing so complied with all relevant laws, statutes and regulations.  ENI otherwise denies each and every allegation in Paragraph 116 which asserts any wrongdoing on behalf of ENI.  To the extent the allegations contained in Paragraph 116 relate to knowledge or actions of defendants other than ENI, ENI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations.

117.    Admitted only that ENI traded certain products containing MTBE, and in doing so complied with all relevant laws, statutes and regulations.  ENI otherwise denies each and every allegation in Paragraph 117 which asserts any wrongdoing on behalf of ENI.  To the extent the allegations contained in Paragraph 117 relate to knowledge or actions of defendants other than ENI, ENI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations.

118.    The allegations set forth in Paragraph 118 are not directed to ENI, and therefore, no response is required on behalf of ENI.  To the extent that Paragraph 118 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 118.

119.    To the extent the allegations contained in Paragraph 119 relate to knowledge or actions of defendants other than ENI, ENI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations.   To the extent that Paragraph 119 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 119.

120.    To the extent the allegations contained in Paragraph 120 relate to knowledge or actions of defendants other than ENI, ENI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations.   To the extent that Paragraph 120 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 120.

121.    (a) ENI denies each and every allegation set forth in subpart (a) of Paragraph 121.

(b) ENI denies each and every allegation set forth in subpart (b) of Paragraph 121.

(c) ENI denies each and every allegation set forth in subpart (c) of Paragraph 121.

(d) ENI denies each and every allegation set forth in subpart (d) of Paragraph 121.

(e) ENI denies each and every allegation set forth in subpart (e) of Paragraph 121.

(f) To the extent the allegations contained in subpart (f) of Paragraph 121 relate to knowledge or actions of defendants other than ENI, ENI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations.  To the extent that subpart (f) Paragraph 121 asserts allegations against ENI, ENI denies each and every allegation set forth in subpart (f) of Paragraph 121.

(g) To the extent the allegations contained in subpart (g) of Paragraph 121 relate to knowledge or actions of defendants other than ENI, ENI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations.   To the extent that subpart (g) of Paragraph 121 asserts allegations against ENI, ENI denies each and every allegation set forth in subpart (g) of Paragraph 121.

(h) ENI denies each and every allegation set forth in subpart (h) of Paragraph 121.

122.    ENI is without sufficient knowledge or information to form a belief as to the truth or falsity of whether MTBE and/or gasoline containing MTBE were used as intended to be used. Otherwise, ENI denies each and every allegation set forth in Paragraph 122.

123.    To the extent the allegations contained in Paragraph 123 relate to knowledge or actions of defendants other than ENI, ENI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations.  To the extent that Paragraph 123 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 123.

124.    To the extent the allegations contained in Paragraph 124 relate to knowledge or actions of defendants other than ENI, ENI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations.   To the extent that Paragraph 124 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 124.

125.    The allegations set forth in Paragraph 125 are not directed to ENI, and therefore, no response is required on behalf of ENI.  To the extent that Paragraph 125 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 125.

126.    To the extent the allegations contained in Paragraph 126 relate to knowledge or actions of defendants other than ENI, ENI is without sufficient knowledge or information to

form a belief as to the truth or falsity of the allegations.   To the extent that Paragraph 126 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 126.

127.   To the extent the allegations contained in Paragraph 127 relate to knowledge or actions of defendants other than ENI, ENI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations.   To the extent that Paragraph 127 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 127.

**COUNT II**
**(Public Nuisance - 32 L.P.R.A. § 2761 Against All Defendants)**

128.   ENI repeats and realleges its responses contained in Paragraph 1 through 127 as if fully set forth herein.

129.   No response is required as to the legal conclusions in Paragraph 129 regarding the powers of the Secretary of Justice.  Otherwise, to the extent the allegations contained in Paragraph 129 relate to knowledge or actions of defendants other than ENI, ENI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations. To the extent that Paragraph 129 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 129.

130.   No response is required as to the legal conclusions in Paragraph 130 regarding the legal characterization of the Commonwealth of Puerto Rico's waters as precious and invaluable public resources held by the Commonwealth and as to any rights of the public to the same. Otherwise, to the extent the allegations contained in Paragraph 130 relate to knowledge or actions of defendants other than ENI, ENI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations.   To the extent that Paragraph 130 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 130.

131.     ENI denies that it caused, maintained, participated in or assisted in the creation of a public nuisance in the Commonwealth of Puerto Rico.  ENI further denies that it was a substantial contributor to any public nuisance in the Commonwealth of Puerto Rico.

a.     To the extent the allegations contained in Paragraph 131 subpart (a) relate to knowledge or actions of defendants other than ENI, ENI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations.   To the extent that Paragraph 131 subpart (a) asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 131 subpart (a).

b.     The allegations set forth in Paragraph 131 subpart (b) are not directed to ENI, and therefore, no response is required on behalf of ENI.  To the extent that Paragraph 131 subpart (b) asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 131 subpart (b).

c.     The allegations set forth in Paragraph 131 subpart (c) are not directed to ENI, and therefore, no response is required on behalf of ENI.  To the extent that Paragraph 131 subpart (c) asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 131 subpart (c).

d.     To the extent the allegations contained in Paragraph 131 subpart (d) relate to knowledge or actions of defendants other than ENI, ENI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations.   To the extent that Paragraph 131 subpart (d) asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 131 subpart (d).

e.     To the extent the allegations contained in Paragraph 131 subpart (e) relate to knowledge or actions of defendants other than ENI, ENI is without sufficient knowledge

23

or information to form a belief as to the truth or falsity of the allegations.   To the extent that Paragraph 131 subpart (e) asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 131 subpart (e).

f.      The allegations set forth in Paragraph 131 subpart (f) are not directed to ENI, and therefore, no response is required on behalf of ENI.  To the extent that Paragraph 131 subpart (f) asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 131 subpart (f).

132.    To the extent the allegations contained in Paragraph 132 relate to knowledge or actions of defendants other than ENI, ENI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations.   To the extent that Paragraph 132 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 132.

133.    To the extent the allegations contained in Paragraph 133 relate to knowledge or actions of defendants other than ENI, ENI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations.   To the extent that Paragraph 133 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 133.

134.    To the extent the allegations contained in Paragraph 134 relate to knowledge or actions of defendants other than ENI, ENI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations.   To the extent that Paragraph 134 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 134.

135.    To the extent the allegations contained in Paragraph 135 relate to knowledge or actions of defendants other than ENI, ENI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations.   To the extent that Paragraph 135 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 135.

136.    No response is required as to the legal conclusions asserted in Paragraph 136. Otherwise, to the extent the allegations contained in Paragraph 136 relate to knowledge or actions of defendants other than ENI, ENI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations.   To the extent that Paragraph 136 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 136.

137.    To the extent the allegations contained in Paragraph 137 relate to knowledge or actions of defendants other than ENI, ENI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations.   To the extent that Paragraph 137 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 137.

**COUNT III**
**(Trespass - 31 L.P.R.A. § 5141 Against All Defendants)**

138.    ENI repeats and realleges its responses contained in Paragraph 1 through 137 as if fully set forth herein.

139.    ENI is without sufficient knowledge  or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 139.  To the extent that Paragraph 139 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 139.

140.    To the extent the allegations contained in Paragraph 140 relate to knowledge or actions of defendants other than ENI, ENI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations.   To the extent that Paragraph 140 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 140.

141.    ENI denies that it intentionally caused MTBE to enter, invade, intrude upon and injure the waters of the Commonwealth.  ENI further responds to Paragraph 141 as follows:

a.    To the extent the allegations contained in Paragraph 141 subpart (a) relate to knowledge or actions of defendants other than ENI, ENI is without sufficient knowledge

25

or information to form a belief as to the truth or falsity of the allegations.  To the extent that Paragraph 141 subpart (a) asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 141 subpart (a).

b.      The allegations set forth in Paragraph 141 subpart (b) are not directed to ENI, and therefore, no response is required on behalf of ENI.  To the extent that Paragraph 141 subpart (b) asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 141 subpart (b).

c.      The allegations set forth in Paragraph 141 subpart (c) are not directed to ENI, and therefore, no response is required on behalf of ENI.  To the extent that Paragraph 141 subpart (c) asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 141 subpart (c).

d.      To the extent the allegations contained in Paragraph 141 subpart (d) relate to knowledge or actions of defendants other than ENI, ENI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations.   To the extent that Paragraph 141 subpart (d) asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 141 subpart (d).

e.      To the extent the allegations contained in Paragraph 141 subpart (e) relate to knowledge or actions of defendants other than ENI, ENI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations.   To the extent that Paragraph 141 subpart (e) asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 141 subpart (e).

f.      The allegations set forth in Paragraph 141 subpart (f) are not directed to ENI, and therefore, no response is required on behalf of ENI.  To the extent that Paragraph 141

subpart (f) asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 141 subpart (f).

142.     To the extent the allegations contained in Paragraph 142 relate to knowledge or actions of defendants other than ENI, ENI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations.  To the extent that Paragraph 142 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 142.

143.     ENI denies the existence of any legal duty for it to take responsibility for an alleged trespass or to remediate existing or future contamination.  Otherwise, to the extent the allegations contained in Paragraph 143 relate to knowledge or actions of defendants other than ENI, ENI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations.  To the extent that Paragraph 143 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 143.

144.     ENI is without sufficient knowledge  or information to form a belief as to the truth or falsity of whether the Commonwealth of Puerto Rico consented to the alleged trespass.  Otherwise, to the extent the allegations contained in Paragraph 144 relate to knowledge or actions of defendants other than ENI, ENI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations.  To the extent that Paragraph 144 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 144.

145.     To the extent the allegations contained in Paragraph 145 relate to knowledge or actions of defendants other than ENI, ENI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations.  To the extent that Paragraph 145 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 145.

146.    To the extent the allegations contained in Paragraph 146 relate to knowledge or actions of defendants other than ENI, ENI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations.  To the extent that Paragraph 146 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 146.

147.    No response is required as to the legal conclusions asserted in Paragraph 147. Otherwise, to the extent the allegations contained in Paragraph 147 relate to knowledge or actions of defendants other than ENI, ENI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations.   To the extent that Paragraph 147 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 147.

148.    To the extent the allegations contained in Paragraph 148 relate to knowledge or actions of defendants other than ENI, ENI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations.  To the extent that Paragraph 148 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 148.

149.    To the extent the allegations contained in Paragraph 149 relate to knowledge or actions of defendants other than ENI, ENI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations.  To the extent that Paragraph 149 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 149.

## COUNT IV
### (Negligence - 31 L.P.R.A. § 5141 Against All Defendants)

150.    ENI repeats and realleges its responses contained in Paragraph 1 through 149 as if fully set forth herein.

151.    To the extent the allegations contained in Paragraph 151 relate to knowledge or actions of defendants other than ENI, ENI is without sufficient knowledge or information to

form a belief as to the truth or falsity of the allegations.  To the extent that Paragraph 151 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 151.

152.    To the extent the allegations contained in Paragraph 152 relate to knowledge or actions of defendants other than ENI, ENI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations.  To the extent that Paragraph 152 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 152.

153.    To the extent the allegations contained in Paragraph 153 relate to knowledge or actions of defendants other than ENI, ENI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations.  To the extent that Paragraph 153 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 153.

154.    To the extent the allegations contained in Paragraph 154 relate to knowledge or actions of defendants other than ENI, ENI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations.  To the extent that Paragraph 154 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 154.

155.    The allegations set forth in Paragraph 155 are not directed to ENI, and therefore, no response is required on behalf of ENI.  To the extent that Paragraph 155 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 155.

156.    The allegations set forth in Paragraph 156 are not directed to ENI, and therefore, no response is required on behalf of ENI.  To the extent that Paragraph 156 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 156.

157.    To the extent the allegations contained in Paragraph 157, including subparts (i) and (ii), relate to knowledge or actions of defendants other than ENI, ENI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations.  To the

extent that Paragraph 157, including subparts (i) and (ii), asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 157, including subparts (i) and (ii).

158.    To the extent the allegations contained in Paragraph 158 relate to knowledge or actions of defendants other than ENI, ENI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations.  To the extent that Paragraph 158 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 158.

159.    To the extent the allegations contained in Paragraph 159 relate to knowledge or actions of defendants other than ENI, ENI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations.  To the extent that Paragraph 159 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 159.

160.    To the extent the allegations contained in Paragraph 160 relate to knowledge or actions of defendants other than ENI, ENI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations.  To the extent that Paragraph 160 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 160.

161.    To the extent the allegations contained in Paragraph 161 relate to knowledge or actions of defendants other than ENI, ENI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations.  To the extent that Paragraph 161 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 161.

162.    No response is required as to the legal conclusions asserted in Paragraph 162. Otherwise, to the extent the allegations contained in Paragraph 162 relate to knowledge or actions of defendants other than ENI, ENI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations.   To the extent that Paragraph 162 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 162.

163.     To the extent the allegations contained in Paragraph 163 relate to knowledge or actions of defendants other than ENI, ENI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations.  To the extent that Paragraph 163 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 163.

164.     To the extent the allegations contained in Paragraph 164 relate to knowledge or actions of defendants other than ENI, ENI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations.  To the extent that Paragraph 164 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 164.

### COUNT V
### (Puerto Rico Environmental Public Policy Act, Water Pollution Control Act, and Underground Storage Tank Control Regulations Against All Defendants)

165.     ENI repeats and realleges its responses contained in Paragraph 1 through 164 as if fully set forth herein.

166.     No response is required as to the legal conclusions asserted in Paragraph 166. Otherwise, to the extent the allegations contained in Paragraph 166 relate to knowledge or actions of defendants other than ENI, ENI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations.   To the extent that Paragraph 166 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 166.

167.     No response is required as to the legal conclusions asserted in Paragraph 167 regarding the definition of "waters".  Otherwise, to the extent the allegations contained in Paragraph 167 relate to knowledge or actions of defendants other than ENI, ENI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations. To the extent that Paragraph 167 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 167.

168.     No response is required as to the legal conclusions asserted in Paragraph 168. Otherwise, to the extent the allegations contained in Paragraph 168 relate to knowledge or actions of defendants other than ENI, ENI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations.   To the extent that Paragraph 168 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 168.

169.     To the extent the allegations contained in Paragraph 169 relate to knowledge or actions of defendants other than ENI, ENI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations.  To the extent that Paragraph 169 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 169.

170.     To the extent the allegations contained in Paragraph 170 relate to knowledge or actions of defendants other than ENI, ENI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations.  To the extent that Paragraph 170 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 170.

171.     No response is required as to the legal conclusions asserted in Paragraph 171. Otherwise, to the extent the allegations contained in Paragraph 171 relate to knowledge or actions of defendants other than ENI, ENI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations.   To the extent that Paragraph 171 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 171.

172.     To the extent the allegations contained in Paragraph 172 relate to knowledge or actions of defendants other than ENI, ENI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations.  To the extent that Paragraph 172 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 172.

173.    To the extent the allegations contained in Paragraph 173 relate to knowledge or actions of defendants other than ENI, ENI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations.  To the extent that Paragraph 173 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 173.

174.    To the extent the allegations contained in Paragraph 174 relate to knowledge or actions of defendants other than ENI, ENI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations.  To the extent that Paragraph 174 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 174.

175.    To the extent the allegations contained in Paragraph 175 relate to knowledge or actions of defendants other than ENI, ENI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations.  To the extent that Paragraph 175 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 175.

176.    No response is required as to the legal conclusions asserted in Paragraph 176. Otherwise, to the extent the allegations contained in Paragraph 176 relate to knowledge or actions of defendants other than ENI, ENI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations.   To the extent that Paragraph 176 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 176.

177.    To the extent the allegations contained in Paragraph 177 relate to knowledge or actions of defendants other than ENI, ENI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations.  To the extent that Paragraph 177 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 177.

**COUNT VI**
**(Resource Conservation and Recovery Act ("RCRA") Against All Defendants with**
**Regulated Facilities Located Within the Commonwealth)**

178.    ENI repeats and realleges its responses contained in Paragraph 1 through 177 as if fully set forth herein.

179.    No response is required as to the legal conclusions asserted in Paragraph 179. Otherwise, to the extent the allegations contained in Paragraph 179 relate to knowledge or actions of defendants other than ENI, ENI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations.   To the extent that Paragraph 179 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 179.

180.    No response is required as to the legal conclusions asserted in Paragraph 180. Otherwise, to the extent the allegations contained in Paragraph 180 relate to knowledge or actions of defendants other than ENI, ENI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations.   To the extent that Paragraph 180 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 180.

181.    No response is required as to the legal conclusions asserted in Paragraph 181. Otherwise, to the extent the allegations contained in Paragraph 181 relate to knowledge or actions of defendants other than ENI, ENI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations.   To the extent that Paragraph 181 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 181.

182.    The allegations set forth in Paragraph 182 are not directed to ENI, and therefore, no response is required on behalf of ENI.  To the extent that Paragraph 182 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 182.

183.    The allegations set forth in Paragraph 183 are not directed to ENI, and therefore, no response is required on behalf of ENI.  To the extent that Paragraph 183 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 183.

184.    The allegations set forth in Paragraph 184 are not directed to ENI, and therefore, no response is required on behalf of ENI.  To the extent that Paragraph 184 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 184.

185.    No response is required as to the legal conclusions and requests asserted in Paragraph 185.  Otherwise, to the extent the allegations contained in Paragraph 185 relate to knowledge or actions of defendants other than ENI, ENI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations.   To the extent that Paragraph 185 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 185.

186.    No response is required as to the legal conclusions asserted in Paragraph 186.  Otherwise, to the extent the allegations contained in Paragraph 186 relate to knowledge or actions of defendants other than ENI, ENI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations.   To the extent that Paragraph 186 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 186.

187.    To the extent the allegations contained in Paragraph 187 relate to knowledge or actions of defendants other than ENI, ENI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations.  To the extent that Paragraph 187 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 187.

188.    To the extent the allegations contained in Paragraph 188 relate to knowledge or actions of defendants other than ENI, ENI is without sufficient knowledge or information to

form a belief as to the truth or falsity of the allegations.  To the extent that Paragraph 188 asserts

allegations against ENI, ENI denies each and every allegation set forth in Paragraph 188.

189.    No response is required as to the legal conclusions and requests asserted in

Paragraph 189.  Otherwise, to the extent the allegations contained in Paragraph 189 relate to

knowledge or actions of defendants other than ENI, ENI is without sufficient knowledge or

information to form a belief as to the truth or falsity of the allegations.   To the extent that

Paragraph 189 asserts allegations against ENI, ENI denies each and every allegation set forth in

Paragraph 189.

## COUNT VII
### (Restitution for Unjust Enrichment)

190.    ENI repeats and realleges its responses contained in Paragraph 1 through 189 as if

fully set forth herein.

191.    No response is required as to the legal conclusions and requests asserted in

Paragraph 191.  Otherwise, to the extent the allegations contained in Paragraph 191 relate to

knowledge or actions of defendants other than ENI, ENI is without sufficient knowledge or

information to form a belief as to the truth or falsity of the allegations.   To the extent that

Paragraph 191 asserts allegations against ENI, ENI denies each and every allegation set forth in

Paragraph 191.

192.    No response is required as to the legal conclusions and argument asserted in

Paragraph 192.  Otherwise, to the extent the allegations contained in Paragraph 192 relate to

knowledge or actions of defendants other than ENI, ENI is without sufficient knowledge or

information to form a belief as to the truth or falsity of the allegations.   To the extent that

Paragraph 192 asserts allegations against ENI, ENI denies each and every allegation set forth in

Paragraph 192.

193.    To the extent the allegations contained in Paragraph 193 relate to knowledge or actions of defendants other than ENI, ENI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations.  To the extent that Paragraph 193 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 193.

194.    Upon information and belief, ENI admits that any MTBE-containing product it traded met the requirements of all applicable law.  Otherwise, to the extent the allegations contained in Paragraph 194 relate to knowledge or actions of defendants other than ENI, ENI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations.  To the extent that Paragraph 194 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 194.

195.    To the extent the allegations contained in Paragraph 195 relate to knowledge or actions of defendants other than ENI, ENI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations.  To the extent that Paragraph 195 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 195.

196.    The allegations set forth in Paragraph 196 are not directed to ENI, and therefore, no response is required on behalf of ENI.  To the extent that Paragraph 196 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 196.

197.    To the extent the allegations contained in Paragraph 197 relate to knowledge or actions of defendants other than ENI, ENI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations.  To the extent that Paragraph 197 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 197.

198.    To the extent the allegations contained in Paragraph 198 relate to knowledge or actions of defendants other than ENI, ENI is without sufficient knowledge or information to

form a belief as to the truth or falsity of the allegations.  To the extent that Paragraph 198 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 198.

199.    To the extent the allegations contained in Paragraph 199 relate to knowledge or actions of defendants other than ENI, ENI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations.  To the extent that Paragraph 199 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 199.

200.    To the extent the allegations contained in Paragraph 200 relate to knowledge or actions of defendants other than ENI, ENI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations.  To the extent that Paragraph 200 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 200.

201.    To the extent the allegations contained in Paragraph 201 relate to knowledge or actions of defendants other than ENI, ENI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations.  To the extent that Paragraph 201 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 201.

202.    ENI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 202.  To the extent that Paragraph 202 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 202.

203.    ENI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations and hypotheticals contained in Paragraph 203.  To the extent that Paragraph 203 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 203.

204.    ENI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations and hypotheticals contained in Paragraph 204.  To the extent that

Paragraph 204 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 204.

205.     ENI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations and hypotheticals contained in Paragraph 205.  To the extent that Paragraph 205 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 205.

206.     No response is required as to the legal conclusions and argument asserted in Paragraph 206.  Otherwise, to the extent the allegations contained in Paragraph 206 relate to knowledge or actions of defendants other than ENI, ENI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations.   To the extent that Paragraph 206 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 206.

## COUNT VIII
### (Pursuant to Toxic Substances Control Act ("TSCA") § 8(e) and 20(a)(1) Against TSCA Defendants)

207.     ENI repeats and realleges its responses contained in Paragraph 1 through 206 as if fully set forth herein.

208.     No response is required as to the legal conclusions asserted in Paragraph 208, including subparts (a) and (b).  Otherwise, to the extent the allegations contained in Paragraph 208, including subparts (a) and (b), relate to knowledge or actions of defendants other than ENI, ENI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations.   To the extent that Paragraph 208, including subparts (a) and (b) asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 208, including subparts (a) and (b).

209.     No response is required as to the legal conclusions asserted in Paragraph 209.
Otherwise, to the extent the allegations contained in Paragraph 209 relate to knowledge or
actions of defendants other than ENI, ENI is without sufficient knowledge or information to
form a belief as to the truth or falsity of the allegations.   To the extent that Paragraph 209,
asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 209.

210.     No response is required as to the legal conclusions asserted in Paragraph 210.
Otherwise, to the extent the allegations contained in Paragraph 210 relate to knowledge or
actions of defendants other than ENI, ENI is without sufficient knowledge or information to
form a belief as to the truth or falsity of the allegations.   To the extent that Paragraph 210,
asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 210.

211.     No response is required as to the legal conclusions asserted in Paragraph 211.
Otherwise, to the extent the allegations contained in Paragraph 211 relate to knowledge or
actions of defendants other than ENI, ENI is without sufficient knowledge or information to
form a belief as to the truth or falsity of the allegations.   To the extent that Paragraph 211,
asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 211.

212.     No response is required as to the legal conclusions asserted in Paragraph 212.
Otherwise, to the extent the allegations contained in Paragraph 212 relate to knowledge or
actions of defendants other than ENI, ENI is without sufficient knowledge or information to
form a belief as to the truth or falsity of the allegations.   To the extent that Paragraph 212,
asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 212.

213.     The allegations set forth in Paragraph 213 are not directed to ENI, and therefore,
no response is required on behalf of ENI.  To the extent that Paragraph 213 asserts allegations
against ENI, ENI denies each and every allegation set forth in Paragraph 213.

214.    The allegations set forth in Paragraph 214 are not directed to ENI, and therefore, no response is required on behalf of ENI.  To the extent that Paragraph 214 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 214.

215.    No response is required as to the legal conclusions asserted in Paragraph 215. Otherwise, to the extent the allegations contained in Paragraph 215 relate to knowledge or actions of defendants other than ENI, ENI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations.   To the extent that Paragraph 215, asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 215.

216.    No response is required as to the legal conclusions asserted in Paragraph 216. Otherwise, to the extent the allegations contained in Paragraph 216 relate to knowledge or actions of defendants other than ENI, ENI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations.   To the extent that Paragraph 216, asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 216.

217.    The allegations set forth in Paragraph 217 are not directed to ENI, and therefore, no response is required on behalf of ENI.  To the extent that Paragraph 217 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 217.

218.    The allegations set forth in Paragraph 218 are not directed to ENI, and therefore, no response is required on behalf of ENI.  To the extent that Paragraph 218 asserts allegations against ENI, ENI denies each and every allegation set forth in Paragraph 218.\

## **AFFIRMATIVE DEFENSES**

1.    The Complaint fails to state a claim upon which relief may be granted and should, therefore, be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

2.      The claims of the Plaintiffs are barred by the doctrines of laches, equitable estoppel, waiver, judicial estoppel, collateral estoppel and res judicata.

3.      The damages allegedly sustained by the Plaintiffs were caused, in whole or in part, by the negligence or other culpable conduct of the Plaintiffs and/or other defendants, which conduct constituted a supervening cause of Plaintiffs' alleged injuries.

4.      Any damages allegedly sustained by the Plaintiffs were the proximate result of the unforeseen and/or unforeseeable negligent, grossly negligent, wanton or reckless omission or conduct of intervening third parties or superseding parties.

5.      The damages allegedly sustained by the Plaintiffs were caused, in whole or in part, by the negligence or other culpable conduct of one or more persons or instrumentalities over which ENI had no control and with whom it had no legal relationship.

6.      The damages allegedly sustained by the Plaintiffs were caused, in whole or in part, through the operation of nature.

7.      The lawsuit was not commenced by the Plaintiffs within the time prescribed by law and the Plaintiffs, therefore, are barred from recovery pursuant to the applicable statutes of limitations.

8.      No acts or omissions of ENI proximately caused any damages.

9.      The damages allegedly sustained by Plaintiffs which allegedly arose from the products in question were caused by the alteration, misuse and/or improper maintenance or handling of the products in question by one or more persons or instrumentalities other than ENI.

10.     ENI is not liable for the damages allegedly sustained Plaintiffs because Plaintiffs were not in privity of contract with ENI at any time and the products in question were not inherently dangerous.

42

11.     The products in question were not defective or dangerous at any time when ENI had possession or control of it.

12.     No implied warranties, including the warranties of merchantability and fitness for a particular purpose, were a part of the basis of the bargain in the sale of the products in question.

13.     ENI is not liable to Plaintiffs for the damages alleged in the Complaint because such damages are excluded and not recoverable under express warranty.

14.     The purchaser of the products in question and any or all third-party beneficiaries of any warranties, expressed or implied, relating to the products in question failed to provide notice of the alleged breaches of warranty to ENI pursuant to the applicable provision of the Uniform Commercial Code.

15.     Oral warranties, if any, upon which Plaintiffs allegedly relied are unavailable as violative of the provisions of the applicable Statute of Frauds.

16.     To the extent that Plaintiffs sustained injuries from the use of a product alleged to contain MTBE, which is denied, Plaintiffs, other defendants or other parties not under the control of ENI, misused, abused, misapplied and otherwise mishandled alleged MTBE-containing products.   Therefore, damages are barred and/or the amount of damages which may be recoverable must be diminished by the proportion which said misuse, abuse, misapplication and mishandling bears to the conduct which caused the alleged damage or injury.

17.     ENI had no knowledge or reason to know of any alleged risks associated with MTBE and/or MTBE-containing products at any time during the periods complained of by Plaintiffs.

18.     Finished MTBE-containing products are not unreasonably dangerous as a matter of law.

19.     If ENI was on notice of any hazard or defect for which Plaintiffs seek relief, which ENI denies, Plaintiffs also had such notice and are thereby barred from recovery.

20.     None of the alleged injuries or damages were foreseeable at the time of the acts or omissions as set forth in Plaintiffs' Complaint.

21.     Plaintiffs' claims are barred or diminished because of Plaintiffs' failure to join necessary and indispensable parties.

22.     Plaintiffs failed to mitigate or otherwise act to lessen or reduce the injuries alleged in the Complaint.

23.     At all times relevant to this litigation, ENI complied with all applicable state, federal, and local law, regulations and standards.

24.     At all times relevant to this litigation, the agents, servants and/or employees of this ENI utilized proper methods in the conduct of operations, in conformity with the available knowledge and research of the scientific and industrial communities, and existing state of the art.

25.     All defenses which have been or will be asserted by other defendants and/or any third-party defendants in this action are adopted and incorporated by reference as if fully set forth at length herein as defenses to Plaintiffs' Complaint.  In addition, ENI will rely upon any and all other further defenses which become available or appear during discovery proceedings in this action and hereby specifically reserves the right to amend its answer for the purposes of asserting any such additional affirmative defenses.

26.     Plaintiffs failed to serve the Complaint in a timely manner.

27.     Plaintiffs failed to effectuate service of process consistent with the Federal Rules of Civil Procedure.

28.     Plaintiffs; claims are barred in whole or in part based on Plaintiffs' actual or constructive notice from publicly available records of reported spills or releases, if any.

29.     Plaintiffs' strict liability design defect claim is barred, as any attempt to reexamine the mandatory cost-benefit analysis delegated to and performed by the EPA pursuant to its obligations under the Clean Air Act ("CAA") would be impermissible given that Congress, through section 211 of the CAA, authorized the EPA, and not the courts, to perform the cost-benefit analysis.

30.     There were no feasible alternative designs to the product(s) Plaintiffs allege was/were defective.

31.     ENI does not own, lease or operate underground storage tanks in Puerto Rico.  All claims relating to underground storage tanks lack foundation in fact as to ENI and fails to state a claim upon which relief can be granted.

32.     Plaintiffs' claims are barred in whole or in part by the doctrine of federal preemption.

33.     Any claim that ENI released, spilled or discharged gasoline in the Commonwealth of Puerto Rico lacks any basis in fact.

34.     At all relevant times, ENI's products complied with and were undertaken pursuant to applicable federal, state, and local laws, rules, regulations and specifications.

35.     Plaintiffs' claims are barred in whole or in part because federal, state and/or local authorities and agencies have mandated, directed, approved and/or ratified the alleged actions or omissions of ENI.

36.     All acts and conduct of ENI, as alleged in the Complaint, conformed to and were pursuant to statutes, government regulations and industry standards, and were based upon the state of knowledge existing at all material times alleged in the Complaint.

37.     The relief sought by Plaintiffs' Complaint is, in whole or in part, within the particular expertise of and is being addressed by federal and state governments, and their relevant agencies, and thus this Court should decline to exercise jurisdiction over this matter pursuant to the doctrine of primary jurisdiction.

38.     Plaintiffs have a plain, common, adequate and speedy remedy at law.  The equitable causes of action alleged in the Complaint are thus barred.

39.     Plaintiffs are barred from seeking strict liability for design defect as any attempt to reexamine the mandatory cost-benefit analysis delegated to and performed by the EPA pursuant to its obligations under the Clean Air Act (CAA) would be impermissible given that Congress, through Section 211 of the CAA, authorized the EPA, and not the courts, to perform the cost-benefit analysis.

40.     Each purported cause of action asserted in the Complaint is barred under the doctrine of primary assumption of risk in that the general public, by and through its elected representatives and their appointees, knew and understood the alleged risks of harm presented by the use of MTBE, if any, and elected nevertheless to proceed to require the use of gasoline oxygenates and to specifically permit the use of MTBE as a gasoline oxygenate.

41.     To the extent that Plaintiffs have received or may receive the requested relief from a governmental agency, ENI asserts its entitlement to an appropriate set-off or reduction of any judgment against it.

42.     To the extent that any party has settled or may settle in the future with Plaintiffs, ENI asserts its entitlement to an appropriate credit or reduction of any judgment(s) against it.

43.     The appropriate forum for Plaintiffs' claims is an administrative agency, and therefore all proceedings before this Court should be stayed pending administrative resolution of the issues.

44.     The claims set forth in the Complaint fair, in whole or in part, based on the doctrine of election of remedies.

45.     Each purported cause of action of the Complaint as applied to ENI is barred because the relief sought therein would pose unreasonable barriers and substantial burdens on interstate and/or international commerce in violation of the Commerce Clause of the United States Constitution and/or the North American Free Trade Agreement.

46.     Plaintiffs suffered no losses or injuries that were proximately caused by ENI.

47.     ENI's actions were not the causes in fact of any injuries alleged by Plaintiffs.

48.     Plaintiffs cannot show a nexus by ENI with any impacted site in the Commonwealth of Puerto Rico.

49.     Plaintiffs do not have a legally cognizable injury unless or until the alleged MTBE contamination exceeds Commonwealth action levels.

50.     The claims set forth in the Complaint are barred, in whole or in part, by the mootness doctrine.

51.     The Complaint and each purported cause of action are barred by applicable provisions of the pertinent statutes of repose.

52.     ENI is entitled to total or partial indemnity from those individuals or entities who are responsible for Plaintiffs' injuries or damages, if any, in an amount in direct proportion to its relative culpability.

53.     Recovery is barred or must be reduced, in whole or in part, based on the doctrine of comparative negligence.

54.     Plaintiffs have failed to name the party or parties responsible for the alleged harm.

55.     ENI did not own, control or release any of the petroleum products that are alleged to have caused or threatened contamination of Plaintiffs' water.

56.     Any ENI product shipped to or existing on the land or waters of the Commonwealth of Puerto Rico would have been purchased and wholly owned by a third party entity prior to entering the land or waters of the Commonwealth.

57.     Any ENI gasoline product sold was properly designed, formulated, prepared and otherwise not defective in any respect.

58.     To the extent required, ENI provided proper warnings, information, and instructions relating to its products pursuant to generally recognized and prevailing standards in existence at the time.

59.     Plaintiffs have failed to allege that ENI's alleged failure to provide an adequate warning proximately caused its injuries.

60.     Any gasoline product containing MTBE sold by ENI was not unreasonably dangerous when made.

61.     Plaintiffs' claims against ENI are barred by the bulk supplier doctrine.

62.     ENI sold its products to knowledgeable and sophisticated purchasers, and any injury alleged by Plaintiffs was caused by such purchasers' failure to observe known standards of care.

63.     No public nuisance exists as there were no acts or omissions by or on behalf of ENI constituting an intentional, unreasonable interference with Plaintiffs' interest in the use and enjoyment of its property and Plaintiffs have not alleged any damages resulting to its property or to its enjoyment of life or property.

64.     Plaintiffs' public nuisance claim must be dismissed because Plaintiffs have failed to allege "special damages," an absolute prerequisite to the assertion of a public nuisance claim.

65.     ENI owed no duty of care to Plaintiffs in connection with the matter alleged in the Complaint.

66.     Plaintiffs' Complaint fails to plead the elements of a negligence claim under ART. 1802 of the Puerto Rico Civil Code with sufficient clarity, specificity, and particularity, including the alleged damages sustained by Plaintiffs, the alleged acts or omissions of ENI and the casual nexus.

67.     There is no legal relationship upon which any duty could possibly be owed by ENI to Plaintiffs, and therefore, Plaintiffs' causes of action fail as a matter of law.

68.     The injuries and damages, if any, alleged by Plaintiffs are caused in whole or in part by the presence of compounds other than MTBE (e.g. the BTEX compounds).  Under Plaintiffs' own legal theories, ENI is not liable for damages caused by compounds other than MTBE.  In the event liability is assessed against ENI, such liability must be reduced where, and to the extent that, other compounds - about which Plaintiffs do not complain - contributed to the alleged injuries.

69.     ENI is not liable for contamination where chemical compounds other than MTBE exceed applicable actions levels or standards, thereby requiring cleanup regardless of the presence of MTBE (particularly, but not exclusively, where MTBE is present below applicable action levels or standards).

70.     If it is determined that Plaintiffs, or anyone on whose behalf Plaintiffs are allegedly suing, was injured as set forth in the Complaint, which ENI denies, ENI alleges that any award of damages shall be reduced in proportion to the percentage of fault attributable to Plaintiffs.

71.     Plaintiffs' claims fail, in whole or in part, based on the doctrine of in *pari delicto*.

72.     So far as Plaintiffs make a claim for punitive damages, such claim violates the provisions of the U.S. Constitution, including but not limited to those provisions requiring due process of law and prohibiting excessive fines.

73.     Plaintiffs are public entities and/or authorities seeking compensation for damages to natural resources under its jurisdiction or purview.  This public entities/authorities Plaintiffs have improperly delegated the power to prosecute this case to private attorneys on a contingent fee basis.  Such delegation is against public policy.

74.     The damages sought by Plaintiffs are wholly speculative and conjectural.

75.     The Environmental Quality Board is acting outside the bounds of its authority which is limited by powers delegated to it through applicable legislation.

76.     Insofar as Plaintiffs seek to recover damages through the action authorized by the Public Policy Environmental Act, it is barred from recovering under common law theories, such as public nuisance, trespass, strict products liability and negligence.

77.     ENI did not breach any applicable duty of care owed to Plaintiffs.

78.     ENI is not liable for any alleged public nuisance because Plaintiffs, through their acts and omissions, impliedly consented to and had knowledge of all activities and conditions alleged in the Complaint.

79.     ENI has not caused, contributed to, maintained or participated in the creation of a public nuisance.

80.     No public nuisance exists because ENI's activities do not constitute an ultrahazardous activity or an illegal hazardous activity.

81.     Future costs are not authorized by P.R. Laws  Ann. Tit. 32 § 2761.

82.     ENI did not cause, intentionally or negligently, MTBE to enter upon Plaintiffs' land.

83.     ENI is not liable under the Puerto Rico Public Policy Environmental Act because it has followed and complied with all applicable, if any, dispositions and regulations promulgated under the Puerto Rico Public Policy Environmental Act.

84.     ENI is not liable under the Puerto Rico Public Policy Environmental Act because releases, if any, were caused by an act or omission of a third party.

85.     ENI never produced or manufactured any MTBE-containing product.

86.     ENI incorporates by reference any affirmative defense, whether general or specific to a State or Commonwealth, alleged by other defendants in MDL 1358.

## RESERVATION OF RIGHT TO AMEND

1.     ENI hereby reserves the right to amend its Answer to assert any and all applicable counterclaims and cross-claims if and when information relevant to such claims becomes available.

Wherefore, ENI requests judgment in its favor and against Plaintiffs dismissing the Complaint with prejudice and as to any Counterclaim to be asserted against plaintiffs; judgment in its favor and against all co-defendants as to any cross-claims to be asserted for contribution and/or indemnification for all or part of any sum to be awarded in favor of the Plaintiffs against ENI, and for such other relief as the Court may deem just and proper.

**GIBBONS P.C.**
*Attorneys for Defendant*
ENI USA R&M Co., Inc.

By:  /s Christopher P. DePhillips

Christopher P. DePhillips
One Penn Plaza, 37th Floor
New York, New York  10119-3701
(212) 613-2000

Dated: April  7, 2014