# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

Civil Action No. 07-CV-9453 (SAS)

| | |
|---|---|
| CRESCENTA VALLEY WATER DISTRICT, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) STIPULATION AND PROTECTIVE ORDER<br>) RELATING TO DOCUMENTS AND<br>) DEPOSITION TESTIMONY PRODUCED BY |
| EXXON MOBIL CORPORATION, et al., | ) THE HAMNER INSTITUTES FOR HEALTH<br>) SCIENCES<br>) |
| Defendants | )<br>) |

**WHEREAS**, Plaintiff has sought, through multiple subpoenas, the production of documents, raw data and deposition testimony from The Hamner Institutes for Health Sciences ("The Hamner");

**WHEREAS**, The Hamner is not a party to this proceeding;

**WHEREAS**, such documents, raw data and/or deposition testimony contain scientific and research information related to a 2-year chronic bioassay performed by The Hamner regarding the carcinogenic potential of methyl tertiary butyl ether ("MTBE") when administered in drinking water to rats;

**WHEREAS**, The Hamner has objected to and moved to quash Plaintiff's subpoenas and the Court has ordered production of certain specific documents and raw data and allowed the deposition of Dr. Darol Dodd;

**WHEREAS**, it has been ordered by the Court, that a Protective Order preserving the confidentiality of The Hamner's documents, raw data and deposition testimony should be entered by the Court;

**WHEREAS**, the parties have agreed on the terms of this Protective Order; and

**WHEREAS**, the Court has reviewed the terms and conditions of the Protective Order submitted and stipulated to by the parties, and has found that good cause exists to preserve the confidentiality of these documents;

IT IS HEREBY ORDERED AS FOLLOWS:

1. **Production.** Pursuant to the Court's Order of August 19, 2010, the Hamner will produce all raw data from the MTBE 2-year chronic bioassay study, its final report (upon

completion) and relevant, non-privileged e-mail communications between ExxonMobil and The Hamner regarding the 2-year chronic bioassay MTBE study.

2. **Copies and Costs of Production.** If any party to this litigation requests copies of documents from The Hamner that cannot be produced at a nominal cost to The Hamner, the requesting party shall bear the cost of the copies. The fee is intended and construed only as payment for reproduction, and shall not result in any transfer of ownership of the reproduced records. The requesting party further agrees to pay The Hamner for all costs and expenses (both past and future) incurred by The Hamner in producing the Documents to the requesting party, including the cost of employee time, administrative expenses, and reasonable attorneys' fees incurred in the retrieval, identification, and review of the Documents to be produced. If the requesting party disputes the amount of costs or fees claimed by The Hamner for producing Documents, the Documents shall be produced, and shall not be withheld, pending resolution of the dispute.

3. **Non-Disclosure of Documents.** No document, e-mail communication, or raw data, or any portion thereof, produced by The Hamner in any form (such documents, e-mails, and raw data are collectively referred to as "Document" or "Documents" herein), may be disclosed to any person, except as permitted in Paragraphs 4, 5, and 13 below.

Documents, CDs, and/or DVDs produced by The Hamner shall be stamped "HAMNER-CONFIDENTIAL" to signify they are subject to protection by this Order. Interrogatory answers, responses to Requests for Admission, deposition transcripts and exhibits, pleadings, motions, affidavits, briefs, summaries, notes, computer-generated material, computer discs or retrievable data, other means of storage or duplication and oral statements or communications that quote, summarize or contain information from the Documents are subject to protection by this Order.

4. **Disclosure of Documents to Counsel and Parties.** The Documents and/or any portion of any Document deemed confidential may be disclosed to (a) outside counsel for the plaintiffs in the above-styled action who are actively engaged in the conduct of this litigation; (b) outside counsel for defendants in the above-styled action who are actively engaged in the conduct of this litigation; (c) in-house counsel for plaintiffs or defendants in the above-styled action; (d) outside or in-house counsel of record who are actively engaged in the conduct of other MTBE matters, which have been consolidated by the Judicial Panel on Multi-District Litigation ("JPML") as a part of the MDL 1358 proceedings, provided that all such counsel agree prior to production to execute this Protective Order and agree to be bound by its terms, including those in Paragraph 2 above, as necessary; (e) to the partners, associates, secretaries, paralegals, and employees of such outside counsel to the extent reasonably necessary to render professional services in the above-styled action; (f) employees and officers of plaintiff with a need to know; (g) employees and officers of defendants with a need to know; and (h) the Court and Court personnel.

5. **Disclosure of Documents to Witnesses, Consultants, and Experts.** The Documents and/or any portion of any Document deemed confidential may be disclosed to (a) persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify; and (b) to outside consultants or experts retained by plaintiff,

2

defendants or their counsel for the purpose of assisting counsel in the litigation or to testify at trial; provided, however, that any individual to whom disclosure is to be made has signed the Confidentiality Agreement, attached to this Order, containing a statement that the signatory has read and understands this Order, understands that disclosure of Documents constitutes contempt of court, and consents to the exercise of personal jurisdiction by this Court. A copy of each signed Confidentiality Agreement shall be served upon The Hamner's counsel, William G. Pappas (telephone: 919-890-4164; facsimile: 919-834-4564; email: billpappas@parkerpoe.com).

6. **Documents at Depositions.**

    (a) A deponent who is a current employee of The Hamner may, during deposition, be shown and examined about the Documents.

    (b) A deponent who is not a current employee of The Hamner may, during deposition, be shown and examined about the Documents if the provisions of Paragraphs 4 and 5 are complied with. Deponents shall not retain or copy portions of the transcript of their depositions that contain confidential information not provided by them or the entities they represent unless they sign the Confidentiality Agreement and applicable Affidavit.

    (c) Parties and deponents may, within (thirty) 30 days after receiving a deposition transcript, designate pages of the transcript, and exhibits thereto which pertain specifically to the discussion and/or disclosure of the subject Documents, as confidential. Confidential information within the deposition transcript may be designated by underlining the portions of the pages that are confidential and stamping such pages: "HAMNER-CONFIDENTIAL." Until expiration of the thirty (30) day period, the entire deposition will be treated as subject to protection against disclosure under this Order. Parties and deponents, through their respective counsel, shall notify in writing all opposing counsel of the pages and exhibits which they have designated confidential information. If no party or deponent timely designates confidential information in a deposition, then none of the transcript or its exhibits will be treated as confidential. If a timely designation is made, the stamped pages and exhibits shall be treated like a Confidential Document under this Order. If there is uncertainty or a dispute as to whether the pages and/or exhibits have been properly designated as confidential information, any party may seek a ruling from the Court.

7. **Documents in Court.** The Documents and deposition testimony may be offered in evidence at trial or any court hearing which may take place in any case presently consolidated by the JPML as part of MDL 1358, including any case remanded by the MDL 1358 judge to another court for purposes of trial. Any party that reasonably believes it will disclose confidential Documents at any such proceeding before the relevant Court shall so inform the Court and The Hamner at least forty-eight (48) hours in advance of actual disclosure so that the Court can decide what precautions, if any, are appropriate to protect the confidential Documents, including (i) how exhibits containing confidential information should be introduced at the proceeding in order to maintain their confidentiality, (ii) how any references to those exhibits or other confidential information should be made on the record, (iii) how witnesses should be instructed on their confidentiality obligations, (iv) whether persons who are not authorized to receive confidential information should be excluded from those portions of the proceeding that

concern such information, and (v) how the pertinent portions of a transcript of the proceeding should be designated.

8. **Declassification.** Plaintiff or defendants may request from the MDL 1358 Court a ruling that a Document or deposition testimony is not entitled to continued protection under this Order. Any such challenges shall follow the following procedure:

(a) If a party reasonably believes that the information produced in this litigation should not have been designated as "Confidential", it must notify counsel for The Hamner, in writing, of the basis for its challenge to the claim. A copy of said notification shall also be provided to plaintiffs' and defendants' designated Liaison Counsel for the MDL 1358 proceedings.

(b) Counsel for The Hamner must respond in writing within ten (10) business days of receipt of said written challenge, unless that time is extended by court order or agreement of the parties.

(c) Counsel for the objecting party and The Hamner shall then promptly confer to attempt to resolve the dispute.

(d) If the parties cannot resolve the dispute, the objecting party has ten (10) business days after the parties fail to resolve to dispute to file a written motion with the court objecting to the designation.

(e) The confidentiality designation shall remain in effect unless and until the Court rules that the information is not confidential.

9. **Subpoena by Other Courts or Agencies.** If another court or an administrative agency subpoenas or orders production of the Documents which plaintiff or defendants have obtained under the terms of this Order, plaintiff or defendants shall promptly notify The Hamner's counsel of the pendency of such subpoena or order. In the event that a subpoena, demand or request purports to require production of such confidential Documents on less than five (5) days notice, the party to whom the subpoena, demand or request is directed shall give immediate telephonic and electronic notice to counsel for The Hamner, William G. Pappas (telephone: 919-890-4164; facsimile: 919-834-4564; email: billpappas@parkerpoe.com), and forthwith send a copy of the subpoena, demand or request to counsel for The Hamner via facsimile or electronic mail.

10. **Filing.** The Documents are not to be filed with the Clerk of the Court. If the Documents need to be referenced or utilized in any way by the parties and/or the Court in connection with motions, briefs or other matters pending before the Court, the relevant documents will be hand-delivered to the presiding Judge, under seal, and promptly returned upon resolution of the pending matter.

11. **Client Consultation.** Nothing in this Order shall prevent or otherwise restrict counsel for plaintiffs or defendants from rendering advice to, or consulting with, their clients. However, plaintiffs and defendants are bound by the terms of this Order and shall not disclose the Documents.

4

12. **Use.** The Documents, deposition testimony, and information contained in the Documents shall be used only for preparation and trial of the above-styled action, including appeals and retrials. Persons described in and/or encompassed by this Order shall not, under any circumstances, sell, offer for sale, advertise, publicize, publish or use in any manner for competitive purposes the protected Documents and/or confidential information contained therein. All persons described in and/or encompassed by this Order shall not, under any circumstances, change, delete, or otherwise alter the raw data.

However, nothing herein shall prevent The Hamner or any sponsor of the 2-year chronic bioassay study from publishing or otherwise releasing the Final Report or any other information related to the study.

13. **Public.** Any information that is produced pursuant to this Protective Order that is subsequently released by The Hamner or a study sponsor, so that the information becomes publicly available, shall thereafter be available for use without the constraints of this Protective Order.

14. **Non-Termination.** The provisions of this Order shall not terminate at the conclusion of this action. Within thirty (30) days after final conclusion of all aspects of the last MDL 1358 lawsuit, the Documents and all copies of them (other than exhibits of record) shall be returned to counsel for The Hamner, or destroyed. Notes, summaries, memos, computer data bases and other information compilations from the Documents shall be destroyed. Plaintiff, plaintiff's counsel, defendants, and defendants' counsel shall make certification of compliance herewith and shall deliver the same to counsel for The Hamner not more than forty-five (45) days after final termination of the last MDL 1358 lawsuit.

15. **Prior Agreements.** The restrictions set forth in this Order supplement any restrictions set forth in other agreements between the parties. Nothing in this Order relieves any party from any of its obligations pursuant to prior agreements and/or court orders. The parties may execute this Order in any number of counterparts and signature delivered by facsimile or email constitutes an original signature.

Duane C. Miller
Miller, Axline & Sawyer
1050 Fulton Avenue, Suite 100
Sacramento, CA 95825-4225

James C. Thornton
Parker Poe Adams & Bernstein LLP
1400 Wachovia Capitol Center
150 Fayetteville Street
P.O. Box 389
Raleigh, NC 27602-0389

IT IS SO ORDERED:

_____
The Honorable Shira A. Scheindlin
United States District Court Judge

Date: ___9/29/10___