# McDermott Will & Emery

Boston  Brussels  Chicago  Düsseldorf  London  Los Angeles  Miami  Munich
New York  Orange County  Rome  San Diego  Silicon Valley  Washington, D.C.

Stephen J. Riccardulli
Attorney at Law
sriccardulli@mwe.com
212.547.5579

May 21, 2014

**BY ELECTRONIC MAIL AND HAND DELIVERY**

The Honorable Shira A. Scheindlin
United States District Judge
Southern District of New York
500 Pearl Street, Room 1620
New York, New York 10007-1312

**Re:**    **Master File C.A. No. 1:00-1898 (SAS), M21-88, MDL No. 1358**
*Commonwealth of Puerto Rico, et al. v. Shell Oil Co., et al.*, No. 07-CV-10470
*Commonwealth of Puerto Rico, et al. v. Shell Oil Co., et al.*, No.14-cv-01014
Defendants' Motions to Dismiss and for Summary Judgment

Dear Judge Scheindlin:

  Defendants are in receipt of the translated version of the Puerto Rico legislation provided by Plaintiffs' counsel last night. Defendants write to request that the June 10 conference be dedicated to a discussion of the issues raised by this legislation, and that the following deadlines related to Defendants' substantive motions in the PR I and II actions be adjourned to a date that can be set at the June 10 conference:

- May 27, 2014 – Deadline to Respond to PR II Complaint; and
- May 30, 2014 – Deadline to File Pre-motion Letters in PR I

  Because defendants respectfully intend to file motions in both actions based on the statute of limitations, we respectfully submit that an adjournment of these deadlines is appropriate so that we (and Plaintiffs) can have the benefit of receiving the Court's thoughts with respect to the new legislation and its impact on the Court's application of the Puerto Rico statute of limitations, if any. Specifically, Defendants believe that the colloquy with the Court on June 10 will inform not only Defendants' decision as to which motions to file in each of the Puerto Rico actions, but also the content of those motions (and particularly with respect to the statute of limitations motion). Moreover, and candidly, as Defense Liaison Counsel we require extra time to coordinate among not only the JDG, but with several parties (e.g., Trammo and Peerless) that are not members of the JDG.

U.S. practice conducted through McDermott Will & Emery LLP.

**340 Madison Avenue New York New York 10173  Telephone: 212.547.5400  Facsimile: 212.547.5444  www.mwe.com**

The Honorable Shira A. Scheindlin
May 21, 2014
Page 2

So that the parties and Court may derive maximum benefit from the June 10 conference, Defendants respectfully suggest that the parties submit letters related to the new statute of limitations legislation following the schedule set by Your Honor's Individual Rules for pre-motion conferences. Specifically, Defendants suggest that Plaintiffs submit a letter on Friday May 30th explaining their position as to how this law impacts the Court's application of the statute of limitations, if at all, and Defendants would respond on June 4th.

Additionally, per the Court's request, Defendants have memorialized the Court's orders dismissing the Commonwealth's unjust enrichment claim and claims for island wide relief in the PR II matter (attached hereto as Exh. A[1]). As Your Honor will recall, the Court heard pre-motion argument during the May 1 status conference. Your Honor ruled that additional briefing was unnecessary and dismissed the unjust enrichment claim based on the Court's prior ruling in PR I. *May 1, 2014 Hrg. Tr.* at 14:19-15:9, 23:5-6. Similarly, the Court dismissed the Commonwealth's claims seeking island-wide relief on the grounds that the relief was the subject of a prior pending action – *i.e.*, the Commonwealth is seeking the same relief in the PR I matter. *Id.* at 27:6-28:7. Notwithstanding the clear record, Plaintiffs continue to seek to avoid this Court's rulings, and would mischaracterize the same via a substantially different proposed order regarding the Court's dismissals (attached hereto as Exh. B). Defendants respectfully submit that the straightforward task of committing your Orders to paper should have been easily accomplished, but unfortunately has taken far longer than need be. At this time, we respectfully request that the Court enter Defendants' Proposed Order of Dismissal which simply memorializes Your Honor's May 1 rulings. These unresolved issues impact the content of any motions to dismiss to be filed by Defendants in PR II.

As always, we appreciate your Honor's attention to this matter.

Respectfully submitted,

*Stephen J. Riccardulli*

Stephen J. Riccardulli

cc:   All Counsel By LNFS, Service on Plaintiffs' Liaison Counsel

---

[1] Due to the anticipated discussion with the Court regarding the statute of limitations, Defendants have removed reference to this ground for dismissal in the proposed order.

# EXHIBIT A

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation | Master File No. 1:00 – 1898<br>MDL 1358 (SAS): M21-88 |
| **This document relates to:**<br>*Commonwealth of Puerto Rico, et al. v. Shell Oil Co., et al.*, Case No. 14-cv-01014 | **[PROPOSED] ORDER OF DISMISSAL** |

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

On September 4, 2013, Plaintiffs filed a second lawsuit on behalf of the Commonwealth of Puerto Rico (Case No. 14-cv-0014, hereinafter "PR II"). The PR II Complaint purports to cover "sites currently not included in the 2007 case" (*i.e.*, the 53 sites[1] listed in Appendix A). However, the PR II Complaint repeats many of the Commonwealth-wide allegations of the complaint in Case No. 07-cv-10470 (hereinafter "PR I") and seeks to recover for the same alleged Commonwealth-wide injury and damages. In addition, the PR II Complaint includes a separate count for unjust enrichment (Count VII) which seeks "restitution against all Defendants to recover the Defendants' profits gained or avoided costs[.]" First Amended Compl. ¶ 191.

Defendants have advised the Court that they intend to move to dismiss Count VII, Restitution for Unjust Enrichment, *inter alia*, on the grounds enumerated in my amended July 17, 2013 Opinion and Order, in which I concluded that Puerto Rico authority would not permit Plaintiffs to pursue unjust enrichment as either a separate cause of action or remedy. *Commonwealth of Puerto Rico v. Shell Oil Co.*, No. 07 Civ. 10470, Amended Opinion and Order (July 17, 2013) (hereinafter "July 17, 2013 Order"). Defendants also advised that they intend to move to dismiss any Commonwealth-wide claims and requests for relief contained in the PR II action on grounds that, *inter alia*, such claims and relief are barred by the prior pending action doctrine.

At a conference held on May 1, 2014, the Court indicated that briefing on the above grounds was unnecessary. Specifically, the Court dismissed with prejudice Count VII of the PR II action on the same grounds set forth in the July 17, 2013 Order, which apply equally here.

---

[1] Seventeen (17) of these sites recently were dismissed per the parties' Stipulated Order on Dismissed Sites. *Puerto Rico, et al. v. Shell Oil Co., et al.*, Case No. 14-cv-01014, Dkt. # 99 (May 14, 2014). Thirty-six (36) sites currently remain in the case.

The Court also agreed with Defendants that Plaintiffs' Commonwealth-wide claims and requested relief in the PR II action are the subject of a prior pending action and are duplicative of PR I.  Therefore, Plaintiffs' Commonwealth-wide claims and requested relief are hereby dismissed with prejudice in the PR II action.  The PR II action shall be limited to Plaintiffs' site-specific claims at the remaining 36 sites listed in Appendix A to the Amended Complaint.

                                              SO ORDERED:

                                              _____

Dated:   New York, New York              Shira A. Scheindlin
           May ___, 2014                         U.S.D.J.

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **In Re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation** | Master File No. 1:00 – 1898<br>MDL 1358 (SAS): M21-88 |
| **This document relates to:**<br>*Commonwealth of Puerto Rico, et al. v. Shell Oil Co., et al.*, Case No. 14-cv-01014 | **[PROPOSED] ORDER OF DISMISSAL** |

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

On September 4, 2013, Plaintiffs filed a second lawsuit on behalf of the Commonwealth of Puerto Rico (Case No. 14-cv-0014, hereinafter "PR II") against __ of the same defendants in the original 2007 Puerto Rico litigation (Case No. 07-cv-10470, hereinafter "PR I") and __ new defendants not named in that action. The PR II Complaint purports to cover "sites currently not included in the 2007 case" (*i.e.*, the 53 sites listed in Appendix A). However, tThe PR II Complaint repeats many of the island wide allegations of the PR I complaint and seeks to recover for the same alleged island wide injury and damages. In addition, the PR II Complaint includes a separate count for unjust enrichment (Count VII) which seeks "restitution against all Defendants to recover the Defendants' profits gained or avoided costs[.]" First Amended Compl. ¶ 191.

Defendants have advised the Court that they intend to move to dismiss Count VII, Restitution for Unjust Enrichment, on the grounds of enumerated in my amended July 17, 2013 Opinion and Order, in which I concluded that Puerto Rico authority would not permit Plaintiffs to pursue unjust enrichment as either a separate cause of action ora remedy and therefore denied certain requested discovery. Commonwealth of Puerto Rico v. Shell Oil Co., No. 07 Civ. 10470, Amended Opinion and Order (July 17, 2013) (hereinafter "July 17, 2013 Order"). I previously had denied Plaintiffs leave to amend their Complaint in the original 2007 Puerto Rico litigation (Case No. 07-cv-10470, hereinafter "PR I") to add a cause of action for unjust enrichment because "it would be prejudicial given the advanced age of the case." July 17, 2013 Order at 1 (citing 4/10/13 Conference Transcript at 30:4-6). Defendants also advised that they intend to move to dismiss the Commonwealth'sany "island-wide" claims and requests for relief contained in the PR II action on grounds that they such actions are either barred by the one year statute of limitations or by the prior pending action doctrine.

At a conference held on May 1, 2014, the Court concluded indicated that additional briefing was unnecessary as because the Court had already addressed and resolved these

~~issues~~them in the PR I case.  Specifically, ~~T~~the Court dismissed ~~with prejudice~~ Count VII of the PR II action~~,~~ on the same grounds set forth in the July 17, 2013 ~~Opinion and~~ Order, which apply equally here.  The Court also dismissed ~~with prejudice~~ the Commonwealth's "island-wide" claims in the PR II action to the extent that was done in the PR I case.  The PR II action shall be limited to Plaintiffs' site-specific claims at those sites listed in Appendix A to the Amended Complaint~~, to the extent not otherwise dismissed~~.  Any other claims shall continue in the PR I case.

Defendants' remaining motions to dismiss are due May 27, 2014.  Plaintiffs' opposition briefs are due June 17, 2014, and reply briefs are due July 10, 2014.

SO ORDERED:

_____

Dated:   New York, New York           Shira A. Scheindlin
             May \_\_\_, 2014                         U.S.D.J.