# McDermott Will & Emery

Boston  Brussels  Chicago  Düsseldorf  Frankfurt  Houston  London  Los Angeles  Miami
Milan  Munich  New York  Orange County  Paris  Rome  Seoul  Silicon Valley  Washington, D.C.

Strategic alliance with MWE China Law Offices (Shanghai)

James A. Pardo
Attorney at Law
jpardo@mwe.com
+1 212 547 5353

June 5, 2014

BY HAND DELIVERY AND ELECTRONIC MAIL

The Honorable Shira A. Scheindlin
United States District Judge
Southern District of New York
500 Pearl Street, Room 1620
New York, NY  10007-1312

Re:  <u>Master File C.A. No. 1:00-1898 (SAS), M21-88, MDL No. 1358</u>
     *Commonwealth of Puerto Rico, et al. v. Shell Oil Co., et al.*, No. 07-cv-10470
     *Commonwealth of Puerto Rico, et al. v. Shell Oil Co., et al.*, No. 14-cv-01014

Dear Judge Scheindlin:

Defendants respectfully submit this reply letter in advance of the June 10 conference.

Plaintiffs' June 2, 2014 letter to the Court regarding Puerto Rico Law No. 53 ("Act 53") only reinforces the points raised in Defendants' submission to the Court on the same day, *i.e.*, that (a) Act 53 is an unconstitutional effort by the Commonwealth to overturn this Court's decisions based on existing Puerto Rico law concerning prescription, in contravention of the separation of powers doctrine; (b) Act 53 is an impermissible attempt to deprive Defendants of their vested substantive rights to prescription, which violates the due process clauses of the U.S. Constitution (and the Puerto Rico Constitution), and is inconsistent with Puerto Rico's Civil Code; and (c) Act 53 facially does not apply to Plaintiffs' tort claims.

**First**: Plaintiffs' letter highlights the specific intent of Act 53 – to overturn the limitations decisions of this Court – which violates the separation of powers doctrine. To wit:  Plaintiffs expressly acknowledge this Court's controlling decisions regarding the statute of limitations ("SOL") applicable to Plaintiffs' claims, admitting that the Court therein "rejected arguments of the Commonwealth based on *Commonwealth* and *Ayala*[1] regarding the nonprescriptability of public use property," but <u>then</u> state:  "[t]he recent enactment of the Law, however, resolves any dispute on the matter."  *Pls. June 2, 2014 Pre-Conf. Ltr*. ("Pls. Ltr.") at 2.  However, there is no ongoing "dispute" as to this issue – the Court already ruled (twice) that the Commonwealth is not exempt from the one-year SOL for tort claims, and that the cases cited by Plaintiffs did not

---

[1] *Commonwealth v. Superior Court*, 97 P.R.R. 629 (1969); *Ayala v. Puerto Rico Land Auth*., 116 D.P.R. 337 (1985), 16 P.R. Offic. Trans. 414.

The Honorable Shira A. Scheindlin
June 5, 2014
Page 2

support (and in fact contradict) Plaintiffs' argument that the *nullum tempus occurrit regi* doctrine applies in Puerto Rico as concerns "liberative prescription." *In re MTBE*, 2013 U.S. Dist. LEXIS 181837 at *21-23 (S.D.N.Y. Dec. 30, 2013). Further, this Court's holding entirely comports with that of *Ayala*: *nullum tempus* is "opposite to the civil law," and does *not* apply to the Commonwealth outside of "the narrow field set in art. 9 of the Political Code" (which merely immunizes the Commonwealth from adverse possession of its insular wastelands).[2] *Id*. at 422-23. What Plaintiffs characterize as a "dispute" can only be their disagreement with the Court's unequivocal rulings, based on established Puerto Rico law, which they attempt to undo via Act 53.

In *Colón v. Pesquera*, 150 D.P.R. 724 (2000), where legislative action purported to "clarify" (and overturn) a court order issued in a pending action, the Puerto Rico Supreme Court explained that if the judiciary stood silent in the face of such manipulative lawmaking, "the political branches of the government would be able to intervene in order to ensure the outcome of any litigation, thus turning the judicial branch into an instrument of their will." *Id.,* P.R. Offic. Trans. at 13. Accordingly, the court found unconstitutional the Legislature's "attempts to arrogate the faculty to adjudicate or predetermine the final outcome of" the pending case, noting "we cannot be so naïve as to ignore the true purpose and intent of a given action."[3] *Id*. at 17. The "tailor-made" legislation described in *Colón* also describes Act 53, raising the same constitutional problem; thus, the same result should obtain here.

---

[2] In fact, the court opined that the *nullum tempus* doctrine was adopted only for a specific case – wholly undermining the contention that Act 53 simply codified a "long-standing" principle. *Id*. at 422. *Ayala* expressly overruled a series of decisions that "groundlessly expand art. 9 of the Political Code, contrary to the express provisions of the Civil Code, and insist in perpetuating the *nullum tempus* rule in Puerto Rico…" *Id*. at 424, fn. 4. Thus, Plaintiffs' insistence that Act 53 is just a "clarification" of *existing* law is false. It also does not aid their cause. If Act 53 is merely a legislative statement on what existing law is, the Court may ignore it as nonbinding, as it is the judiciary's function to say what the law is. *Marbury v. Madison*, 5 U.S. 137 (1803).

[3] The U.S. Supreme Court agrees. It is well-settled that the legislature cannot direct a result in a specific case. *See, e.g.*, *United States v. Sioux Nation of Indians*, 448 U.S. 371, 404 (1980) (*citing U.S. v. Klein*, 80 U.S. 128, 146-147 (1871), in recognition that a law is unconstitutional where it "prescribe[s] a rule of decision in a case pending before the courts, and d[oes] so in a manner that require[s] the courts to decide a controversy in the Government's favor"). Moreover, the rule of *Sioux Nation* and *Colón* necessarily applies when a matter is not yet final and non-appealable, making immaterial Plaintiffs' argument that Act 53 can apply retroactively because this case is not yet final and non-appealable. *See Pls Ltr*. at 3. *Rivers v. Roadway Express, Inc.*, 511 U.S. 298 (1994), cited by Plaintiffs, does not hold otherwise. The Court in that case did not address the validity of a purported retroactive legislation to interfere with a pending case. Rather, the Court dealt with a law allegedly enacted in response to a Supreme Court precedent already rendered, and which was not retroactive.

The Honorable Shira A. Scheindlin
June 5, 2014
Page 3

**Second**: Plaintiffs' letter suggests (and Act 53 states) that exempting the Commonwealth from "extinctive prescription" is "consistent with the rest of the rules of our legal system." *See* Act 53 at 2. Not so. Act 53 is facially *inconsistent* with section 5243 of the Civil Code, which provides that statutes of limitations are to apply to "all kinds of persons." 31 L.P.R.A. § 5243. Its retroactive nature is also inconsistent with section 3 of the Code (31 L.P.R.A. § 3) – which states that "[i]n no case shall the retroactive effect of a law operate to the prejudice of rights acquired under previous legislative action" – and with the due process clauses of the U.S. and Puerto Rico Constitutions, which prohibit this sort of governmental deprivation of vested substantive rights. "Liberative prescription" is just such a right. *See, e.g., Galib Frangie v. El Vocero de Puerto Rico*, 138 D.P.R. 560 (1995) ("liberative prescription is a substantive law principle governed by Civil Code provisions").[4] Plaintiffs' (and the Act's) citation to various environmental laws does not nullify these inconsistencies, or even support the proclamation that this new law is "logical and necessary for the protection" of public goods. *See* Act 53 at 2.

**Third**: Plaintiffs' letter never explains how Act 53 applies in this case given that it exempts the Commonwealth from "extinctive prescription" *only* when it acts to protect non-patrimonial public goods – not *all* public goods. Instead, it misstates Act 53. *See, e.g.*, Pls. Ltr. at 2 ("The Law applies to every case by the Commonwealth involving public goods…"). The several omissions of "non-patrimonial" are striking and significant because Act 53 has described non-patrimonial public goods as those that are "beyond human commerce." *Id*. at 2. But potable water and the water resources classified as drinking water sources – *i.e.*, the only waters at issue in these cases – are "in commerce." *Sporhase v. Nebraska*, 458 U.S. 941, 954 (1982).[5] Thus, they cannot be "non-patrimonial," as defined by Act 53, and Plaintiffs' claims concerning these "commercial" public goods are excluded from Act 53. To read the Act otherwise would render these distinctions superfluous, and Plaintiffs' letter makes clear that the "Statement of Motives" informs the applicability of Act 53. *See, e.g.*, Pls. Ltr. at 2.

Accordingly, Defendants respectfully submit that our letters are more than sufficient to establish the need for full briefing on the inapplicability of Act 53 and the Commonwealth's time-barred claims. Further, as to Plaintiffs' request that the Court modify its prior SOL decisions (the "Orders") "to deny the requested dismissals" of Defendants Peerless, Vitol, Trammo, and Idemitsu (*Pls. Ltr.* at 3), these parties respectfully submit that there is no "requested dismissal" pending. Rather, these limitations motions have already been briefed and

---

[4] This is why Plaintiffs' citations to *Elramly v. INS* and *Plaut v. Spendthrift Farm, Inc*. are unavailing – neither of those cases, both of which involved challenges to federal law, bear on Defendants' argument that applying Act 53 to the claims in these cases would impair vested, substantive rights in violation of Puerto Rico's Civil Code and the Due Process Clause.

[5] Further support for this conclusion is found in the sections of Puerto Rico's 1976 water law that authorizes charging fees based on the volume of water utilized (*i.e.*, §§ 1115d(j), 1115h(a)), and allowing transfer of permits or franchises for utilization of water (*i.e.*, § 1115h(g)).

The Honorable Shira A. Scheindlin
June 5, 2014
Page 4

this Court has already issued Orders dismissing these Defendants.  If Plaintiffs are asking this Court to vacate the Orders it has already issued, Defendants note that there is no formal motion to vacate these judgments before the Court.  Thus, these Defendants respectfully submit that this Court's correctly reasoned Orders should not be vacated in the absence of a formal motion to vacate, and full briefing that would follow such a motion.

                Respectfully submitted,

                *James A. Pardo*

                James A. Pardo

cc:   All Counsel Via LNFS, Service on Plaintiffs' Liaison Counsel