UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: Methyl *tertiary* Butyl Ether ("MtBE") Products Liability Litigation | Master File No. 1:00-1898 MDL No. 1358 (SAS) |
| This Document Relates To: *Orange County Water District v. Unocal Corporation, et al.*, Case No. 04 Civ. 4968 (SAS) | |

**DECLARATION OF HENRY C. WINSOR IN SUPPORT OF BP DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BASED ON *RES JUDICATA***

I, Henry C. Winsor, declare and state:

1. I am the current Operations Manager for the Retail, Pipelines and Terminals department with BP's Remediation Management Business Unit, a role I have held since 2010. At the time the Orange County District Attorney brought its lawsuit against Atlantic Richfield Company (and thereafter BP Amoco) (collectively referred to as "BP") based on alleged unauthorized releases of gasoline containing methyl tertiary butyl ether ("MTBE") from underground storage tanks resulting in contamination of soil and/or groundwater in Orange County (*People v. Atlantic Richfield Co., et al.*, Orange County Superior Court Case No. 80-40-30) ("*People v. ARCO*"), I had responsibility for all remediation at underground storage tank sites owned by BP in California, including those sites located in Orange County. Although my title changed over time, in my capacity as a remediation manager, and while *People v. ARCO*

was pending, I oversaw and supervised BP employees and third-party contractors who were responsible for addressing and conducting the remediation of soil and groundwater at BP's retail gasoline service stations. As a result of the foregoing, I am familiar with the Final Judgment entered in *People v. ARCO*, the remedial activities ordered therein, and BP's compliance with the Final Judgment.

2. The Final Judgment required BP, among other things, to fund a "Plume Delineation Program" under which an independent third party consultant, selected by the Orange County District Attorney, would evaluate the investigation and corrective action conducted at certain BP service stations in Orange County. It was my understanding that as part of this program the independent consultant identified what, if any, further action should be taken to remediate the MTBE and gasoline releases found at the stations that were part of the Plume Delineation Program.

3. In my role as Manager of Remediation, I communicated with my staff, BP's contractors, and the independent third-party consultant about the Plume Delineation Program and its resulting reports. When possible, I would review draft Plume Delineation reports with my team and BP's consultant. On May 16, 2003, I transmitted all of the required Plume Delineation reports, including a description of any further remedial work to be completed at the sites for which reports were submitted, to the Orange County District Attorney's Office pursuant to the Final Judgment in *People v. ARCO*.

4. To the best of my recollection, the independent consultant provided some minor suggestions to enhance the ongoing remedial work, however, none of those suggestions were substantial or contrary to the course of corrective action that had been proposed by BP. BP then implemented the independent consultant's suggestions, and to my knowledge, there were no

concerns ever raised by any party, including the Orange County District Attorney's Office or any supervising agency, about BP's full compliance with all terms of the Final Judgment. I am also unaware of any instance in which the resolution process identified in paragraph 5.7 of the Final Judgment to address possible disputes thereunder between BP and the Orange County District Attorney's Office was ever invoked.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 3rd day of June 2014, at La Palma, California.

_____
HENRY C. WINSOR