UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- X
In re: Methyl Tertiary Butyl Ether ("MTBE")   :   **Master File No. 1:00-1898**
Products Liability Litigation                         **MDL No. 1358 (SAS)**

                                                                        :

This Document Relates To:   :   The Honorable Shira A. Scheindlin
*Orange County Water District v. Unocal
Corporation, et al.*, Case No. 04 Civ. 4968   :
(SAS).
                                                                         :

                                                                         :
------------------------------------- X

# BP AND SHELL DEFENDANTS' REQUEST FOR JUDICIAL NOTICE
# IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Defendants Atlantic Richfield Company ("ARCO"), BP West Coast Products LLC, and BP Products North America Inc. (collectively, the "BP Defendants") and Shell Oil Company, Equilon Enterprises LLC, and Texaco Refining and Marketing Inc. (collectively, the "Shell Defendants") respectfully request that the Court take judicial notice of the following documents:

    A.    The original Complaint filed on January 6, 1999 by the Orange County District Attorney ("OCDA") in *People v. Atlantic Richfield Co., etc. et al.* (Orange County Superior Court Case No. 80-40-30 ("*People v. ARCO*"), which named ARCO and Thrifty Oil Company ("Thrifty") as defendants; and

    B.    The original Complaint filed on January 6, 1999 by the OCDA in *People v. Shell Oil Co., et al.* (Orange County Superior Court Case No. 80-40-31) ("*People v. Shell*") and its attached amendments, which named the Shell Defendants as defendants.

A court "must take judicial notice" of adjudicative facts "if a party requests it and the court is supplied with the necessary information." Fed R. Evid. 201(c). "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed R. Evid. 201(b). The facts and documents above are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. "A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related findings." *Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006) (quoting *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir. 1998).

Dated: June 6, 2014                                Respectfully submitted,

*[signature]*

Richard E. Wallace, Jr.
Peter C. Condron
Amanda Gilbert
SEDGWICK LLP
2900 K Street, N.W.
Harbourside – Suite 500
Washington, D.C. 20007
Telephone: (202) 204-1000
Facsimile: (202) 204-1001

Attorneys for Defendants
Shell Oil Company, Equilon Enterprises LLC, and
Texaco Refining and Marketing Inc.

Matthew T. Heartney
Lawrence A. Cox
Stephanie B. Weirick
ARNOLD & PORTER LLP
777 South Figueroa Street
Los Angeles, California 90017
Telephone: (213) 243-4150
Facsimile: (213) 243-4199

Attorneys for Defendants
Atlantic Richfield Company, BP Products North
America Inc., and BP West Coast Products LLC

EXHIBIT A

● ORIGINAL ●

FEES WAIVED $ 188°° GOV CODE 6103

TONY RACKAUCKAS, DISTRICT ATTORNEY
COUNTY OF ORANGE, STATE OF CALIFORNIA
CHUCK MIDDLETON, SENIOR ASSISTANT DISTRICT ATTORNEY
CONSUMER AND ENVIRONMENTAL PROTECTION UNIT
BY:  MICHELLE M. LYMAN
     DEPUTY DISTRICT ATTORNEY
405 WEST FIFTH STREET, SUITE 606
SANTA ANA, CALIFORNIA 92701
TELEPHONE: (714) 568-1200

ATTORNEYS FOR PLAINTIFF

**FILED**
ORANGE COUNTY SUPERIOR COURT
JAN 0 6 1999
ALAN SLATER, Executive Officer/Clerk
BY C. KEELER

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
IN AND FOR THE COUNTY OF ORANGE

C 90//

THE PEOPLE OF THE STATE OF CALIFORNIA,

Plaintiff,

vs.

ATLANTIC RICHFIELD COMPANY, a Delaware corporation doing business as ARCO; and DOES 1 through 100, inclusive,

Defendants.

CASE NO. 804030

COMPLAINT FOR
INJUNCTION, COMPLIANCE
ORDER, CIVIL PENALTIES
AND OTHER RELIEF

JUDGE JOHN C. WOOLLEY
DEPT. C6

The People of the State of California, by and through Tony Rackauckas, District Attorney for the County of Orange, allege:

### VENUE AND JURISDICTION

1. Tony Rackauckas, as District Attorney of the County of Orange, by Michelle M. Lyman, acting to protect the public from health and safety hazards, and from unfair, unlawful or fraudulent business practices, and to protect the environment of the County of Orange, brings this action in the public interest in the name of the People of the State of California and the County of Orange.

2. Plaintiff, by this action and pursuant to Health and Safety Code sections 25299.01, 25299.37, 25299.76, 25249.5 and 25249.7, Business and Professions Code sections 17200, 17203, 17204, and 17206, and California Code of Regulations, Title 23, Division 3, Chapter 16, Article 11 sections 2721-2726, inclusive, seeks to enjoin Defendant from engaging in further violations of the

9. Defendant ARCO markets gasoline and other refined petroleum products to both consumers and resellers. Gasoline is marketed under the ARCO trademark directly to motorists at ARCO branded retail outlets and through independent dealers and distributors within the state of California and elsewhere.

10. Defendant ARCO as part of its gasoline marketing operation currently owns and\or operates and did own and\or operate numerous underground storage tanks located within the County of Orange which are or were used to store ARCO branded gasoline for sale to consumers. Defendant ARCO currently owns and or has owned certain real property located within the County of Orange wherein underground storage tanks were owned and or operated by individuals or entities other than Defendant ARCO.

11. The gasoline marketed by ARCO at all times relevant herein contains, among other chemicals, benzene, CAS Number 71432, and Toluene, CAS Number 108883, which are chemicals known by the state of California to cause cancer or reproductive toxicity pursuant to Proposition 65. The gasoline marketed by ARCO at all times relevant herein also contains the chemicals Ether, Xylene and the gasoline additive Methyl-tert-butyl-ether (hereinafter referred to as MTBE).

12. Plaintiff is informed and believes and on such belief alleges that there have been numerous unauthorized releases of ARCO branded gasoline to the soil and groundwater of the County of Orange from underground storage tanks currently or previously owned and/or operated by defendant ARCO, or onto land owned by ARCO, which unauthorized releases have resulted in the contamination of County soil and groundwater with petroleum hydrocarbons, benzene, toluene, ether, xylene, and MTBE. Defendants have failed to take appropriate corrective action to remedy the impact of these unauthorized releases and have knowingly allowed the continued migration of such releases through and into soil, groundwater and sources or potential sources of drinking water of the County of Orange and the State of California.

13. Plaintiff is informed and believes, and based upon such information and belief alleges, that at some time or times during the statutory period applicable to the offenses alleged herein but at a time not specifically known to Plaintiff at this time, Defendant ARCO did violate

3

## SECOND CAUSE OF ACTION

### VIOLATION OF HEALTH AND SAFETY CODE SECTION 25249.5
(Proposition 65: Discharge to Drinking Water)

19. Plaintiff realleges and incorporates by reference paragraphs 1 through 13, inclusive, as though set forth fully and at length herein.

20. Beginning at a time as yet unknown to Plaintiff, but occurring within the applicable statutory period and continuing up to the time of the filing of this complaint, Defendants have engaged in and continue to engage in certain acts in violation of Health and safety Code section 25249.5, to wit, Defendants have in the course of doing business knowingly discharged or released a chemical known by the state to cause cancer or reproductive toxicity into water or onto or into land where such chemical passes or probably will pass into any source of drinking water.

21. Defendants' violations of law as alleged in paragraph 20 above have occurred and continue to occur at specified locations within the County of Orange, including but not limited to, the site locations listed on Exhibit "A" attached hereto and incorporated by reference as though set forth fully and at length herein. Plaintiff will amend this complaint as Plaintiff becomes informed of other site locations where Defendants have engaged in violations of Health and Safety Code section 25249.5.

22. The actions of Defendants in committing and continuing to commit violations of Health and Safety Code section 25249.5 are inimical to the health and welfare of the public and a threat to sources and potential sources of drinking water of this state and unless enjoined by order of this court, there is a substantial threat that Defendants will continue to commit such actions and violations of law.

23. The actions of Defendants render each Defendant liable to Plaintiff for civil penalties in an amount up to $2,500 per day per each violation of Health and Safety Code section 25249.5.

## THIRD CAUSE OF ACTION

### VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200
(Acts of Unfair Business Practices)

24. Plaintiff realleges and incorporates by reference paragraphs 1 through 13, inclusive,

5

the First Cause of Action.

2. Defendants, and its principals, employees, agents, representatives, successors and all persons, corporations or other entities acting under, by, through or on behalf of Defendants, or acting in concert or participation with or for them with actual or constructive notice of the injunction issued by this court, be temporarily, preliminarily, and thereafter permanently restrained and enjoined from engaging in unlawful acts in violation Health and Safety Code section 25249.5 and be specifically enjoined from engaging in the types of acts or practices set forth in the Second Cause of Action.

3. Defendants, and its principals, employees, agents, representatives, successors and all persons, corporations or other entities acting under, by, through or on behalf of Defendants, or acting in concert or participation with or for them with actual or constructive notice of the injunction issued by this court, be temporarily, preliminarily, and thereafter permanently restrained and enjoined from engaging in unlawful acts in violation of Business and Professions Code section 17200 and be specifically enjoined from engaging in the types of acts or practices set forth in the Third Cause of Action.

4. Pursuant to Health and Safety Code section 25299.76, the court assess and Plaintiff recover a civil penalty of not more than Ten Thousand Dollars ($10,000) from each Defendant for each underground storage tank for each day of violation of Health and Safety Code section 25299.37.

5. Pursuant to Health and Safety Code section 25249.7, the court assess and Plaintiff recover a civil penalty of not more than Two Thousand Five Hundred Dollars ($2,500) from each Defendant for each underground storage tank for each day of violation of Health and Safety Code section 25249.5.

6. Pursuant to Business and Professions Code section 17206, the court assess and Plaintiff recover a civil penalty of not more than Two Thousand Five Hundred Dollars ($2,500) from each Defendant for violation of Business and Professions Code section 17200.

7. Plaintiff recover its costs, including its cost of investigation.

8. Plaintiff have such other and further relief as the nature of the case may require,

7

1. ARCO Station #1905
   18425 Magnolia Street
   Fountain Valley, CA 92708

2. ARCO Station #1912
   18480 Brookhurst Street
   Fountain Valley, CA 92708

3. ARCO Station #5202
   12502 Harbor Boulevard
   Garden Grove, CA 92840

4. ARCO Station #1583
   7990 Knott Avenue
   Buena Park, CA 90620

5. ARCO Station #1998
   5472 Orangethorpe Avenue
   Buena Park, CA 90620

6. ARCO Station #1969
   7760 Crescent Avenue
   Buena Park, CA 90620

7. ARCO Station #6079
   3901 E. Riverdale
   Anaheim, CA

**Exhibit A**

EXHIBIT B



ORIGINAL

FEES WAIVED $ 188   GOV CODE 6103

TONY RACKAUCKAS, DISTRICT ATTORNEY
COUNTY OF ORANGE, STATE OF CALIFORNIA
CHUCK MIDDLETON, SENIOR ASSISTANT DISTRICT ATTORNEY
CONSUMER AND ENVIRONMENTAL PROTECTION UNIT
BY:   MICHELLE M. LYMAN
      DEPUTY DISTRICT ATTORNEY
405 WEST FIFTH STREET, SUITE 606
SANTA ANA, CALIFORNIA 92701
TELEPHONE: (714) 568-1200

ATTORNEYS FOR PLAINTIFF

FILED
ORANGE COUNTY SUPERIOR COURT
JAN 0 6 1999
ALAN SLATER, Executive Officer/Clerk
C. Keeler
BY C. KEELER

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
IN AND FOR THE COUNTY OF ORANGE

C801

THE PEOPLE OF THE STATE OF CALIFORNIA,

  Plaintiff,

vs.

SHELL OIL COMPANY, a Delaware corporation doing business as SHELL; and DOES 1 through 100, inclusive,

  Defendants.

CASE NO. 804031

COMPLAINT FOR INJUNCTION, COMPLIANCE ORDER, CIVIL PENALTIES AND OTHER RELIEF

JUDGE TULLY H. SEYMOUR
DEPT. C30

The People of the State of California, by and through Tony Rackauckas, District Attorney for the County of Orange, allege:

## VENUE AND JURISDICTION

1. Tony Rackauckas, as District Attorney of the County of Orange, by Michelle M. Lyman, acting to protect the public from health and safety hazards, and from unfair, unlawful or fraudulent business practices, and to protect the environment of the County of Orange, brings this action in the public interest in the name of the People of the State of California and the County of Orange.

2. Plaintiff, by this action and pursuant to Health and Safety Code sections 25299.01, 25299.37, 25299.76, 25249.5 and 25249.7, Business and Professions Code sections 17200, 17203, 17204, and 17206, and California Code of Regulations, Title 23, Division 3, Chapter 16, Article 11 sections 2721-2726, inclusive, seeks to enjoin Defendant from engaging in further violations of the

1  laws and regulations alleged herein and seeks to obtain civil penalties for the Defendants' violations
2  of the above-mentioned laws and regulations.

3     3.   Defendant transacts business within the County of Orange, and elsewhere within the
4  State of California. The violations of law hereinafter described have been carried out wholly or in
5  part within the County of Orange.

## DEFENDANTS

7     4.   Plaintiff is informed and believes, and on such information and belief alleges, that
8  at all times mentioned herein Defendant Shell Oil Company (hereinafter referred to as SHELL)
9  was and is a corporation duly organized under the laws of the state of Delaware and conducting
10 business in the County of Orange and throughout the state of California.

11    5.   The names and capacities, whether individual, corporate or otherwise, of
12 Defendants named herein as DOES 1 through 100, inclusive, are unknown to Plaintiff at this time,
13 who, therefore, sues said Defendants by such fictitious names and Plaintiff will amend this
14 complaint to show their true names and capacities if and when the same have been ascertained.
15 Plaintiff is informed and believes, and on such information and belief alleges, that each of the
16 Defendants named as a Doe is responsible in some manner for events and occurrences about which
17 this complaint is filed and therefore is liable for the relief sought herein.

18    6.   When reference is made in this complaint to any act or act of Defendants, such
19 allegations shall be deemed to mean the act of each defendant acting individually, jointly and
20 severally.

21    7.   At all times mentioned herein, each of the Defendants was the agent, employee or
22 principal of each of the remaining Defendants, and was acting within the scope of his agency and
23 employment.

## GENERAL ALLEGATIONS

25    8.   Defendant SHELL is engaged in the business of, among other things, the
26 exploration, development and production of petroleum, the refining and transportation of
27 petroleum and petroleum products and the marketing of petroleum products.

28    9.   Defendant SHELL markets gasoline and other refined petroleum products to both

2

consumers and resellers. Gasoline is marketed under the SHELL trademark directly to motorists at SHELL branded retail outlets and through independent dealers and distributors within the state of California and elsewhere.

10.   Defendant SHELL as part of its gasoline marketing operation currently owns and\or operates and did own and\or operate numerous underground storage tanks located within the County of Orange which are or were used to store SHELL branded gasoline for sale to consumers. Defendant SHELL currently owns and or has owned certain real property located within the County of Orange wherein underground storage tanks were owned and or operated by individuals or entities other than Defendant SHELL.

11.   The gasoline marketed by SHELL at all times relevant herein contains, among other chemicals, benzene, CAS Number 71432, and Toluene, CAS Number 108883, which are chemicals known by the state of California to cause cancer or reproductive toxicity pursuant to Proposition 65. The gasoline marketed by SHELL at all times relevant herein also contains the chemicals Ether, Xylene and the gasoline additive Methyl-tert-butyl-ether (hereinafter referred to as MTBE).

12.   Plaintiff is informed and believes and on such belief alleges that there have been numerous unauthorized releases of SHELL branded gasoline to the soil and groundwater of the County of Orange from underground storage tanks currently or previously owned and/or operated by defendant SHELL, or onto land owned by SHELL, which unauthorized releases have resulted in the contamination of County soil and groundwater with petroleum hydrocarbons, benzene, toluene, ether, xylene, and MTBE. Defendants have failed to take appropriate corrective action to remedy the impact of these unauthorized releases and have knowingly allowed the continued migration of such releases through and into soil, groundwater and sources or potential sources of drinking water of the County of Orange and the State of California.

13.   Plaintiff is informed and believes, and based upon such information and belief alleges, that at some time or times during the statutory period applicable to the offenses alleged herein but at a time not specifically known to Plaintiff at this time, Defendant SHELL did violate and continues to violate the laws, statutes and regulations as alleged in the causes of action within

this complaint. Plaintiff will amend this complaint to allege the specific date or dates of violations when such have been ascertained.

## FIRST CAUSE OF ACTION

### VIOLATION OF HEALTH AND SAFETY CODE SECTION 25299.37
(Failure to Take Corrective Action)

14. Plaintiff realleges and incorporates by reference paragraphs 1 through 13, inclusive, as though set forth fully and at length herein.

15. Beginning at a time as yet unknown to Plaintiff, but occurring within the applicable statutory period and continuing up to the time of the filing of this complaint, Defendants have engaged in and continue to engage in certain acts in violation of Health and Safety Code section 25299.37, to wit, Defendants have failed to take corrective action in response to unauthorized releases of petroleum from underground storage tanks owned and/or operated by Defendants, or onto real property owned by Defendants, which unauthorized releases have resulted in the contamination of the soil and groundwater of the County of Orange.

16. Defendants' failure to take corrective action as alleged in paragraph 15 above has occurred and continues to occur at specified locations within the County of Orange, including, but not limited to, the site locations listed on Exhibit "A" attached hereto and incorporated by reference as though set forth fully and at length herein. Plaintiff will amend this complaint as Plaintiff becomes informed of other site locations where Defendants have failed to take corrective action.

17. The actions of the Defendants in committing and continuing to commit the violations of law as set forth herein are inimical to the welfare of the public and a threat to the environment and unless enjoined by order of this court, there is a substantial threat that Defendants will continue to commit such actions and violations of law.

18. The actions of said Defendants render each Defendant liable to Plaintiff for civil penalties in an amount up to $10,000 for each underground storage tank for each day of violation.

///

## SECOND CAUSE OF ACTION

4

### VIOLATION OF HEALTH AND SAFETY CODE SECTION 25249.5
(Proposition 65: Discharge to Drinking Water)

19. Plaintiff realleges and incorporates by reference paragraphs 1 through 13, inclusive, as though set forth fully and at length herein.

20. Beginning at a time as yet unknown to Plaintiff, but occurring within the applicable statutory period and continuing up to the time of the filing of this complaint, Defendants have engaged in and continue to engage in certain acts in violation of Health and safety Code section 25249.5, to wit, Defendants have in the course of doing business knowingly discharged or released a chemical known by the state to cause cancer or reproductive toxicity into water or onto or into land where such chemical passes or probably will pass into any source of drinking water.

21. Defendants' violations of law as alleged in paragraph 20 above have occurred and continue to occur at specified locations within the County of Orange, including but not limited to, the site locations listed on Exhibit "A" attached hereto and incorporated by reference as though set forth fully and at length herein. Plaintiff will amend this complaint as Plaintiff becomes informed of other site locations where Defendants have engaged in violations of Health and Safety Code section 25249.5.

22. The actions of Defendants in committing and continuing to commit violations of Health and Safety Code section 25249.5 are inimical to the health and welfare of the public and a threat to sources and potential sources of drinking water of this state and unless enjoined by order of this court, there is a substantial threat that Defendants will continue to commit such actions and violations of law.

23. The actions of Defendants render each Defendant liable to Plaintiff for civil penalties in an amount up to $2,500 per day per each violation of Health and Safety Code section 25249.5.

### THIRD CAUSE OF ACTION

### VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200
(Acts of Unfair Business Practices)

24. Plaintiff realleges and incorporates by reference paragraphs 1 through 13, inclusive, as though set forth fully and at length herein.

25. Beginning at a time as yet unknown to Plaintiff, but occurring within the applicable statutory period and continuing up to the time of the filing of this complaint, Defendants have engaged in and continue to engage in certain acts in violation of Business and Professions Code section 17200, to wit, the following:

    A. Defendants have failed to take corrective action in response to unauthorized releases of petroleum from underground storage tanks owned and/or operated by Defendants, or onto real property owned by Defendants, which unauthorized releases have resulted in the contamination of the soil and groundwater of the County of Orange.

    B. Defendants have in the course of doing business knowingly discharged or released a chemical known by the state to cause cancer or reproductive toxicity into water or onto or into land where such chemical passes or probably will pass into any source of drinking water.

26. The actions of Defendants in committing and continuing to commit violations of Business and Professions Code section 17200 are inimical to the health and welfare of the public and a threat to sources and potential sources of drinking water of this state and unless enjoined by order of this court, there is a substantial threat that Defendants will continue to commit such actions and violations of law.

23. The actions of Defendants render each Defendant liable to Plaintiff for civil penalties in an amount up to $2,500 per each violation of Business and Professions Code section 17200.

**WHEREFORE PLAINTIFF PRAYS THAT:**

1. Defendants, and its principals, employees, agents, representatives, successors and all persons, corporations or other entities acting under, by, through or on behalf of Defendants, or acting in concert or participation with or for them with actual or constructive notice of the injunction issued by this court, be temporarily, preliminarily, and thereafter permanently restrained and enjoined from engaging in unlawful acts in violation Health and Safety Code section 25299.37 and be specifically enjoined from engaging in the types of acts or practices set forth in the First Cause of Action.

2. Defendants, and its principals, employees, agents, representatives, successors and all persons, corporations or other entities acting under, by, through or on behalf of Defendants, or acting in concert or participation with or for them with actual or constructive notice of the injunction issued by this court, be temporarily, preliminarily, and thereafter permanently restrained and enjoined from engaging in unlawful acts in violation Health and Safety Code section 25249.5 and be specifically enjoined from engaging in the types of acts or practices set forth in the Second Cause of Action.

3. Defendants, and its principals, employees, agents, representatives, successors and all persons, corporations or other entities acting under, by, through or on behalf of Defendants, or acting in concert or participation with or for them with actual or constructive notice of the injunction issued by this court, be temporarily, preliminarily, and thereafter permanently restrained and enjoined from engaging in unlawful acts in violation of Business and Professions Code section 17200 and be specifically enjoined from engaging in the types of acts or practices set forth in the Third Cause of Action.

4. Pursuant to Health and Safety Code section 25299.76, the court assess and Plaintiff recover a civil penalty of not more than Ten Thousand Dollars ($10,000) from each Defendant for each underground storage tank for each day of violation of Health and Safety Code section 25299.37.

5. Pursuant to Health and Safety Code section 25249.7, the court assess and Plaintiff recover a civil penalty of not more than Two Thousand Five Hundred Dollars ($2,500) from each Defendant for each underground storage tank for each day of violation of Health and Safety Code section 25249.5.

6. Pursuant to Business and Professions Code section 17206, the court assess and Plaintiff recover a civil penalty of not more than Two Thousand Five Hundred Dollars ($2,500) from each Defendant for violation of Business and Professions Code section 17200.

7. Plaintiff recover its costs, including its cost of investigation.

8. Plaintiff have such other and further relief as the nature of the case may require, and the court deems proper, to fully and successfully dissipate the effects of the unlawful acts or

7

practices and the violations of the underground storage tank laws.

DATED: 1/6/99

TONY RACKAUCKAS, DISTRICT ATTORNEY
COUNTY OF ORANGE, STATE OF CALIFORNIA

BY: *Michelle M. Lyman*
MICHELLE M. LYMAN
DEPUTY DISTRICT ATTORNEY

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, Address, Telephone No.) | FOR COURT USE ONLY |
|---|---|
| Allan F. Davis<br>ROBINSON, CALCAGNIE & ROBINSON<br>620 Newport Center Drive<br>7th Floor<br>Newport Beach, CA 92660<br>(949) 720-1288<br>ATTORNEY FOR (Name): Plaintiff      Bar No.: 108269 | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE<br>CENTRAL JUSTICE CENTER<br><br>NOV 21 2001<br><br>ALAN SLATER, Clerk of the Court<br>BY M. DeMARIA |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
JUSTICE CENTER:
- [X] Central - 700 Civic Center Dr. West, Santa Ana, CA 92701
- [ ] Harbor-Newport Beach Facility - 4601 Jamboree Rd., Newport Beach, CA 92660-2595
- [ ] Harbor-Laguna Hills Facility - 23141 Moulton Pkwy., Laguna Hills, CA 92653
- [ ] North - 1275 N. Berkeley Ave., Fullerton, CA 92835
- [ ] West - 8141 13th Street, Westminster, CA 92683

PLAINTIFF: People of the State of California

DEFENDANT: Shell Oil Company

| **AMENDMENT TO COMPLAINT**<br>[ ] Limited Civil  [X] Unlimited Civil | CASE NUMBER:<br>80-40-31  CX103 |
|---|---|

## FICTITIOUS NAME (NO ORDER REQUIRED)

Upon filing the complaint herein, plaintiff being ignorant of the true name of defendant and having designated said defendant in the complaint by the fictitious name of:

__DOE 1__

and having discovered the true name of said defendant to be:

__EQUILON ENTERPRISES LLC__

hereby amends the complaint by inserting true name in place of such fictitious name wherever it appears in the complaint.

*/s/ Allan F. Davis*

ATTORNEY FOR PLAINTIFF

## INCORRECT NAME (ORDER REQUIRED)

Plaintiff having designated a defendant in the complaint the incorrect name of:

_____

and having discovered the true name of the defendant to be:

_____

hereby amends the complaint by inserting true name in place of incorrect name wherever it appears in the complaint.

ATTORNEY FOR PLAINTIFF
Allan F. Davis
ROBINSON, CALCAGNIE & ROBINSON

## ORDER

Plaintiff is hereby allowed to file the above amendment to the complaint.

Date: _____

Judge/Commissioner of the Superior Court

132 (R 01/01)  **AMENDMENT TO COMPLAINT**  CCP 473, CCP 474  OC-132

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, Address, Telephone No.) | FOR COURT USE ONLY |
|---|---|
| Allan F. Davis<br>ROBINSON, CALCAGNIE & ROBINSON<br>620 Newport Center Drive<br>7th Floor<br>Newport Beach, CA 92660<br>(949) 720-1288<br>ATTORNEY FOR (Name): Plaintiff    Bar No: 108269 | FILED<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE<br>CENTRAL JUSTICE CENTER<br><br>OCT 24 2003<br><br>ALAN SLATER, Clerk of the Court<br>BY PA HOUA VANG LY |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
**JUSTICE CENTER:**
- [X] Central - 700 Civic Center Dr. West, Santa Ana, CA 92701
- [ ] Harbor-Newport Beach Facility - 4601 Jamboree Rd., Newport Beach, CA 92660-2595
- [ ] Harbor-Laguna Hills Facility - 23141 Moulton Pkwy., Laguna Hills, CA 92653
- [ ] North - 1275 N. Berkeley Ave., P. O. Box 1275, Fullerton, CA 92838-0500
- [ ] West - 8141 13th Street, Westminster, CA 92683

PLAINTIFF: People of the State of California

DEFENDANT: Shell Oil Company

CASE NUMBER: 80-40-31

**AMENDMENT TO COMPLAINT**
[ ] Limited Civil   [X] Unlimited Civil

Case assigned to:
Judge: David C. Velasquez
Department: CX104
Date complaint filed: 1/6/99
Hearing/trial date: None

**FICTITIOUS NAME (NO ORDER REQUIRED)**

Upon filing the complaint herein, plaintiff being ignorant of the true name of defendant and having designated said defendant in the complaint by the fictitious name of:

Doe 6

and having discovered the true name of said defendant to be:

Texaco Refining and Marketing, Inc.

hereby amends the complaint by inserting true name in place of such fictitious name wherever it appears in the complaint.

Allan F. Davis
ATTORNEY FOR PLAINTIFF

**INCORRECT NAME (ORDER REQUIRED)**

Plaintiff having designated a defendant in the complaint the incorrect name of:

and having discovered the true name of the defendant to be:

hereby amends the complaint by inserting true name in place of incorrect name wherever it appears in the complaint.

Allan F. Davis
ROBINSON, CALCAGNIE & ROBINSON
ATTORNEY FOR PLAINTIFF

**ORDER**

Plaintiff is hereby allowed to file the above amendment to the complaint.

Date: _____    _____
Judge/Commissioner of the Superior Court

**AMENDMENT TO COMPLAINT**

132 (R 7/02)    CCP 473, CCP 474
OC-132