UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| In re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation | **Master File No. 1:00 – 1898**<br>**MDL 1358 (SAS)**<br>**M21-88** |
| This Document Relates To:<br><br>*Orange County Water District v. Unocal Corporation, et al.,* Case No. 04 Civ. 4968 (SAS) | The Honorable Shira A. Scheindlin |

---

### DEFENDANTS' LOCAL RULE 56.1 STATEMENT OF MATERIAL FACTS FOR WHICH THERE IS NO GENUINE ISSUE TO BE TRIED IN SUPPORT OF MEMORANDUM OF LAW OF DEFENDANTS ATLANTIC RICHFIELD COMPANY, BP WEST COAST PRODUCTS LLC, BP PRODUCTS NORTH AMERICA, INC., ARCO CHEMICAL COMPANY, LYONDELL CHEMICAL COMPANY, SHELL OIL COMPANY, EQUILON ENTERPRISES LLC, TEXACO REFINING AND MARKETING INC., TESORO CORPORATION, TESORO REFINING AND MARKETING COMPANY, UNION OIL COMPANY OF CALIFORNIA, VALERO MARKETING AND SUPPLY COMPANY, VALERO REFINING COMPANY—CALIFORNIA, AND ULTRAMAR INC. IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT DUE TO LACK OF INJURY AND DAMAGES AT CERTAIN TRIAL SITES

Defendants Atlantic Richfield Company, BP West Coast Products LLC, and BP Products North America, Inc. (collectively, "BP"); ARCO Chemical Company and Lyondell Chemical Company (collectively, "Lyondell"); Shell Oil Company, Equilon Enterprises LLC, and Texaco Refining and Marketing Inc. (the "Shell Defendants"); Tesoro Corporation (formerly known as Tesoro Petroleum Corporation) and Tesoro Refining and Marketing Company (erroneously named as Tesoro Refining and Marketing Company, Inc.) (collectively, "Tesoro"); Union Oil Company of California ("Union Oil"); and Valero Marketing and Supply Company, Valero Refining Company-California, and Ultramar Inc., (collectively, "Defendants") submit the following statement of material facts as to which there is no genuine issue to be tried in support of their motion for summary judgment due to lack of injury and damages at certain trial sites:

1. Four trial sites designated by Plaintiff Orange County Water District ("OCWD")

are at issue in this motion: (1) the former Beacon Bay Auto Wash at 10035 Ellis Avenue, Fountain Valley ("Beacon Bay FV"); (2) Unocal #5399, 9525 Warner Avenue, Huntington Beach ("Unocal #5399"); (3) Unocal #5123, 14972 Springdale Street, Huntington Beach ("Unocal #5123"); and (4) Thrifty 368, 6311 Westminster Boulevard, Westminster ("Thrifty 368"). OCWD's testifying hydrogeology expert Anthony Brown states that, with regard to the "Focus Sites" at issue, it "will need to implement additional investigation and remediation activities . . . to mitigate the ongoing threat to the drinking water resources managed by the OCWD." Declaration of Peter C. Condron ("Condron Decl."), Exh. 1 (Expert Report of Anthony Brown, at 2).

2. Brown provided a lengthy expert report and a rebuttal report in this case, but he also produced a chart at his deposition, which was marked as Exhibit 36. Condron Decl. Exh. 2 (Exhibit 36 to the Deposition of Anthony Brown ("Brown Exh. 36"); Condron Decl. Exh. 3 (Deposition of Anthony Brown ("Brown Dep.") at 218:15-219:13; 257:24-258:14.)

3. Exhibit 36 summarized Brown's most up-to-date opinions as to whether a series of 22 propositions are "more likely than not" true for each of the Focus Sites he examined. Exhibit 36 contained the opinions that Brown would offer at trial and, to the extent they differed from those in his expert report, the opinions expressed in Exhibit 36 and his deposition testimony superseded the opinions in his expert report. Condron Decl. Exh. 3 (Brown Dep. at 668:5-6, 639:19-20).

4. For each of the 22 propositions in Exhibit 36, as applied to each Focus Site, Brown indicated "Y" if the proposition was more likely than not true; "N" if the proposition was likely not true; or "P" (for "possible") "[i]f we could not determine that it was more likely than not …." Condron Decl. Exh. 3 (Brown Dep. at 639:7-10).

5. Brown testified that the term "threat" "would be defined as the contamination that has resulted from a release at a particular facility could potentially either impact aquifers that would be used for or potentially used for drinking water supply, and that's reflected in question or opinion 21 on my summary table." Condron Decl. Exh. 3 (Brown Dep. at 638:2-8). Brown

2

testified that a "threat" would include "contamination [that] could potentially impact [a] water supply well." Condron Decl. Exh. 3 (Brown Dep. at 638:14-15).

**Beacon Bay FV**

6.  Brown could not testify that it was more likely than not that further on-site or off-site remediation was needed at Beacon Bay FV, or that releases from that station posed a threat to water supply wells or water supply aquifers. Condron Decl. Exh. 2 (Brown Exh. 36).

7.  Brown testified at his deposition:

> Q.   Do you have an opinion that the alleged MTBE or TBA from Beacon Bay, Fountain Valley is a threat to any specific drinking water walls in Orange County?
> ***
> A.   I've only been able to conclude that the release at Beacon Bay Auto Wash, Fountain Valley is a possible threat to water supply wells, but I've been able to -- unable to conclude that it's more likely than not that the release poses a threat to a water supply.

Condron Decl. Exh. 3 (Brown Dep. at 1333:7-16).

8.  Brown testified that "[w]ith respect to water supply wells, I could only conclude that the release [at Beacon Bay FV] poses a possible threat. I could not conclude that it was more likely than not." Condron Decl. Exh. 3 (Brown Dep. at 1375:17-20).

9.  Brown was unable to conclude that any additional off-site remediation was necessary at Beacon Bay FV, or that the site posed a threat to deeper drinking water aquifers:

> Q.   Okay. Question 20, you think it's possible that off-site remediation will be needed at this site, but you don't know whether it's more likely than not. Is that right -- fair?
>
> A.   That is correct.
>
> Q.   And looking at your chart again, you think it's possible that contamination from this site poses a threat to deeper aquifers, but you don't have an opinion as to whether it's more likely than not?
>
> A.   That is correct.

Condron Decl. Exh. 3 (Brown Dep. at 1364:13-1365:17).

3

10. Brown concluded that no further on-site remediation was needed at Beacon Bay FV, Condron Decl. Exh. 2 (Brown Exh. 36, Opinion 19):

> Q. And Question 19, it's your opinion that it's more likely than not that no additional on-site delineation is needed -- excuse me -- no additional on-site remediation of groundwater is needed, correct?
>
> A. That is correct.
>
> Q. It's your opinion that on-site remediation has effectively controlled the contamination, correct?
> ***
> A. Correct. Question 14 would indicate that the remediation performed has effectively addressed the on-site groundwater contamination.

Condron Decl. Exh. 3 (Brown Dep. at 1359:21-1360:8).

**Unocal #5399**

11. Brown testified at his deposition that it was more likely than not that Unocal #5399 did not pose a threat to water supply wells:

> Q. And you do not think that the alleged MTBE released from Unocal 5399 is a threat to any specific drinking water wells in Orange County, correct?
>
> A. If you refer to Exhibit 35 for Unocal station 5399, question 22.
>
> Q. I think you meant 36.
>
> A. Sorry, yes. Excuse me, 36. Question 22 states, "Releases at the facility pose a threat to water supply wells?" I have concluded that it is more likely than not that they do not pose such a threat.

Condron Decl. Exh. 3 (Brown Dep. at 915:7-22).

12. Brown could not testify that it was more likely than not that an alleged release of MTBE from Unocal #5399 posed any threat to deep aquifers. Condron Decl. Exh. 3 (Brown Dep. at 924:1-5 (Q. "Again, you think it's possible that contamination from Unocal 5399 is a threat to deep aquifers, but you can't say whether or not it's more likely than not that's the case, correct? A. That's correct.")).

13. Brown could not opine that off-site remediation is necessary, and he stated that remedial activities at Unocal #5399 had addressed alleged on-site impacts:

> Q. Now, you do think that the current remediation has effectively addressed the on-site MTBE contamination, correct? And that's question 14.
>
> A. Yes. And, as indicated, the only remediation activities was [sic] an excavation performed at this facility back in late 1994.
>
> Q. It's your opinion that no more on-site remediation is needed at this site, correct?
>
> A. That's correct.
>
> Q. And in terms of question 20, the off-site remediation, again, it may need it, but you can't say whether it's more likely than not it's needed, correct?
>
> A. That's correct.

Condron Decl. Exh. 3 (Brown Dep. at 920:19-921:7).

**Unocal #5123**

14. Brown was unable to opine that Unocal #5123 posed any threat to drinking water wells:

> Q. Mr. Brown, you do not have an opinion that the alleged MTBE from Unocal 5123 is a threat to any specific drinking water wells in Orange County, do you?
>
> A. I have only been able to conclude that it poses a possible threat. I have not been able to conclude that that threat is more likely than not.

Condron Decl. Exh. 3 (Brown Dep. at 1021:15-23).

15. Brown cannot state with any reasonable degree of certainty that an alleged release from Unocal #5123 poses a threat to the water supply in Orange County—either to the deep aquifers or to water supply wells:

> Once again, I cannot conclude that the releases more than likely than not pose a threat to deeper aquifers, only that they possibly pose such a threat.
> \*\*\*

5

> Yes, I'm of the same opinion, that I could not conclude that it's more likely than not that the releases pose a threat to water supply wells, only that they pose a possible threat.

Condron Decl. Exh. 3 (Brown Dep. at 1036:22-25; 1037:8-11).

16. Brown could not determine whether additional on-site remediation was needed at Unocal #5123:

> Q. And you think it is possible that additional on-site remediation of groundwater is required at this site, but you do not have an opinion that it's more likely than not that additional on-site remediation will be required at this site, correct?
>
> A. Based upon the information I have reviewed to date, I cannot conclude that it's more likely than not that additional on-site remediation of groundwater will be required.

Condron Decl. Exh. 3 (Brown Dep. at 1034:2-13) (noting further that the need additional on-site remediation was only "possible").

17. Brown could not conclude whether off-site remediation is necessary at Unocal #5123: "…I cannot conclude that its [sic] more likely than not that additional off-site remediation of groundwater will be required, only that it is possible . . . ." Condron Decl. Exh. 3 (Brown Dep. at 1036:3-14; Brown Dep. at 1037:13-18 ("Q. And you have not concluded that it is more likely than not that additional remediation is necessary at this site? A. That is correct. Only that additional remediation may possibly be required.")).

**Thrifty 368**

18. For Thrifty 368, Brown entered an "N" (not more likely than not) on both additional on-site remediation required, Condron Decl. Exh. 2 (Brown Exh. 36, Q19), and additional off-site remediation required, Condron Decl. Exh. 2 (Brown Exh. 36, Q20); and a "P" (possible but does not meet the threshold of more likely than not) on both posing a threat to deeper aquifers, Condron Decl. Exh. 2 (Brown Exh. 36, Q21), and posing a threat to water supply wells. Condron Decl. Exh. 2 (Brown Exh. 36, Q22).

19. Brown testified at his deposition that he gave a site a "P" even if he felt it "unlikely" that it posed a threat to drinking water:

6

> Q. Let's assume that you concluded that it was unlikely that [a site] was a threat to drinking water, you would still give [the site] a "P" correct?
>
> * * *
>
> THE WITNESS: It actually could get a "P" or an "N." We're talking generically across all of the potential sites.

Condron Decl. Exh. 3 (Brown Dep. at 442:12-24). Brown could not conclude that it is more likely than not that Thrifty 368 presents a threat to wells in the vicinity of the station. Condron Decl. Exh. 3 (Brown Dep. at 473:2-476:3).

Dated: June 6, 2014

Respectfully submitted,

/s/

Richard E. Wallace, Jr.
Peter C. Condron
Amanda Gilbert
SEDGWICK LLP
2900 K Street, NW
Harbourside – Suite 500
Washington, D.C. 20007
Telephone: (202) 204-1000
Facsimile: (202) 204-1001

Attorneys for Defendants
Shell Oil Company, Equilon Enterprises LLC, and Texaco Refining and Marketing Inc.

And on behalf of the Defendants listed on Attachment A

## ATTACHMENT A

Atlantic Richfield Company

ARCO Chemical Company

BP Products North America, Inc.

BP West Coast Products LLC

Equilon Enterprises LLC

Lyondell Chemical Company

Shell Oil Company

Tesoro Corporation (formerly known as Tesoro Petroleum Corporation)

Tesoro Refining and Marketing Company (erroneously named as Tesoro Refining and Marketing Company, Inc.)

Texaco Refining and Marketing Inc.

Ultramar Inc.

Union Oil Company of California

Valero Marketing and Supply Company

Valero Refining Company-California