USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/10/14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In Re: Methyl Tertiary Butyl Ether ("MTBE")
Products Liability Litigation

This document relates to:

*Orange County Water District v. Unocal Corp., et al.*,
No. 04. Civ. 4968 (SAS)

ORDER
Master File No. 1:00-1898
MDL 1358 (SAS)
M21-88

## CASE MANAGEMENT ORDER # ___
(Trial Sites and Dismissed Sites)

On May 6, 2003, Plaintiff Orange County Water District ("OCWD") filed its Complaint against Defendants Unocal Corporation, individually and formerly known as Union Oil Company of California; Tosco Corporation; ConocoPhillips Company; Chevron U.S.A. Inc.; ChevronTexaco Corporation; Texaco Refining & Marketing, Inc.; Equilon Enterprises, LLC; Shell Oil Company; Exxon Mobil Corporation; Mobil Corporation; Ultramar Inc.; Valero Refining Company – California; Valero Marketing and Supply Company; Atlantic Richfield Company; BP Products North America, Inc.; Lyondell Chemical Company, individually and formerly known as Arco Chemical Company; G&M Oil Company, Inc.; 7-Eleven, Inc.; USA Gasoline Corporation; and Does 1-600 inclusive, in Orange County Superior Court, alleging that Defendants were liable for contaminating Orange County Water District's drinking water supplies with MTBE and TBA. The Complaint was subsequently amended to add Defendants and correct Defendants' names.

The case was removed to federal court and transferred to this court, where discovery and pretrial matters have been proceeding. The parties have completed all discovery related to the stations previously identified by the parties as focus plume stations. Based upon the stations

listed on the matrix attached as Exhibit A ("Focus Plume Stations") and the stipulation of the parties attached as Exhibit B ("Stipulation"), this Case Management Order identifies the stations and Defendants at each station against whom OCWD will assert causes of action at the focus plume trial and the causes of action that will be asserted. Defendants do not stipulate to the validity and/or viability of any claims or as to any station names referenced in Exhibit A. Plaintiff does not stipulate to any lack of validity of its claims at stations or against defendants dropped from the matrix.

After considering the foregoing, the revised Focus Plume Station matrix attached hereto as Exhibit A, the Stipulation as to Defendants' ownership, operation, and/or gasoline supply relationships with the Focus Plume Stations attached hereto as Exhibit B and the arguments of counsel, it is hereby **ORDERED** that:

Plaintiff may assert claims at the Focus Plume Stations only against the Defendant(s) identified for each station in the Focus Plume Station matrix attached hereto as Exhibit A and only for the causes of action identified at each station in the Focus Plume Station matrix. The Focus Plume Station matrix may be modified to delete stations and/or Defendants as to each station, but cannot be revised to add stations and/or Defendants to a station at which they are not currently listed. Claims with regard to "focus plume" stations previously identified on the April 14, 2014, matrix in this case but not identified on Exhibit A and claims against defendants at Focus Plume Stations where the defendant is not identified in the station matrix attached hereto as Exhibit A are dismissed with prejudice. This Order does not address or apply to claims that were the subject of the Court's November 16, 2009, Opinion and Order on the statute of limitations. This Order does not address or apply to claims at any stations other than the Focus

Plume Stations listed on Exhibit A and focus plume stations previously identified on the April 14, 2014, matrix in this case.

The Stipulation may be read to a jury to the extent indicated in Exhibit B.

SO ORDERED:

_____
The Honorable Shira A. Scheindlin

6/10/14