IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN OF NEW YORK

| | |
|---|---|
| **In re:  Methyl Tertiary Butyl Ether** | **Master File No. 1:00-1898** |
| **(MTBE) Products Liability Litigation** | **MDL No. 1358 (SAS)** |

## DECLARATION OF SCOTT E. BAYZLE

I, Scott E. Bayzle, state and declare as follows:

1.      I am a member of the bar of the State of North Carolina and an attorney with the law firm of Parker Poe Adams & Bernstein LLP ("Parker Poe"), located at 150 Fayetteville Street, Suite 1400, Raleigh, North Carolina.  Parker Poe serves as counsel to The Hamner Institutes (the "Hamner") and Dr. Darol Dodd ("Dr. Dodd") (collectively, the "Hamner Entities") in connection with the subpoenas served upon them in the above-referenced matter.  William G. Pappas ("Mr. Pappas") and I are the attorneys at Parker Poe currently responsible for the representation of the Hamner Entities.  In the past, James C. Thornton ("Mr. Thornton") and Kathryn S. Lehman ("Ms. Lehman"), then at Parker Poe, also represented the Hamner Entities.

2.      I am a competent adult over 18 years of age and have personal knowledge of the facts set forth in this Declaration.  The exhibits attached to this Declaration are documents kept in the ordinary course of business at Parker Poe.

3.      Attached as **Exhibit A** is a true and correct copy of the *Stipulation and Protective Order Relating to Documents and Deposition Testimony Produced by The Hamner Institutes for Health Sciences* dated September 29, 2010 (the "Protective Order").

4.      I recently received and reviewed a transcript of the status conference held before the Court on May 13, 2014 in the above-referenced matter.  Attached as **Exhibit B** is an excerpt of that transcript which concerns Plaintiffs' request to lift the Protective Order.  According to

that transcript, Plaintiffs' counsel stated to the Court that he understood that the Hamner "has no objection to lifting" the Protective Order (p. 38, line 12). That statement was inaccurate. Prior to the May 13, 2014 status conference, Mr. Pappas and I notified Plaintiffs' counsel in writing that the Hamner Entities in fact objected to Plaintiffs' request to lift the Protective Order in its entirety. For example, attached as **Exhibit C** is a true and correct copy of an e-mail dated May 6, 2014 from Mr. Pappas to Plaintiffs' counsel. I am copied on that e-mail as well. In that e-mail, Plaintiffs' counsel is notified, *inter alia*, that the Hamner "cannot consent to a dissolution of the Protective Order." In addition, attached as **Exhibit D** is a true and correct copy of an e-mail dated May 7, 2014 from Mr. Pappas (and I am copied on that e-mail as well). In the May 7, 2014 e-mail, additional information is provided to Plaintiffs' counsel as to why the Hamner cannot agree to dissolve the Protective Order.

5.     Attached as **Exhibit E** is a true and correct copy of a letter dated June 23, 2014 that I authored and sent to Plaintiffs' counsel (Bryan Barnhart and Duane Miller), among others.

6.     Attached as **Exhibit F** is a true and correct copy of this Court's *Order and Opinion* dated August 18, 2010 in the above-referenced matter (the "8/18/2010 Order"). In the 8/18/2010 Order, this Court ordered the Hamner to "produce any raw data from its MTBE study, the final report of the study when completed, and any communications between ExxonMobil and [the Hamner] relating to the study." The Court also ordered that the Hamner was <u>not</u> required "to turn over its *internal* communications or work product" because such disclosure would "risk impeding the freedom of thought essential to the scientific progress." In compliance, on September 29, 2010, the Hamner produced to Plaintiffs the raw data used to prepare its draft report for the MTBE Study. This production constituted 1301 pages (bates-labelled HAM0001-HAM1301) and was marked subject to the Protective Order.

7.      Attached as **Exhibit G** is a true and correct copy of a letter dated September 29, 2010 from Mr. Thornton, then an attorney at Parker Poe, to Plaintiffs' counsel.   In this correspondence, Mr. Thornton provided Plaintiffs with a list of additional materials – including analytical chemistry records, animal clinical observations, environmental study records, certifications, and animal tissues (slides) – on-site at the Hamner pertaining to the MTBE Study. Plaintiffs' counsel were invited to come to the Hamner to review and inspect such materials. Plaintiffs' counsel never did so.   Similar invitations to Plaintiffs' counsel were subsequently made, but Plaintiffs' counsel again never arranged for an inspection.

8.      On October 14, 2010, the Hamner produced to Plaintiffs the emails between it and ExxonMobil related to the MTBE Study.   This production was bates-labelled HAM1302-HAM2233 and these documents were marked subject to the Protective Order.   Attached as **Exhibit H** is a true and correct copy of a letter dated October 14, 2010 from Ms. Lehman to Plaintiffs' counsel concerning this production.

9.      On or about December 23, 2010, Mr. Thornton furnished a copy of the MTBE Study Final Report (consisting of over 1800 pages including appendices) to Plaintiffs' counsel. Attached as **Exhibit I** is a true and correct copy of a letter dated December 23, 2010 from Mr. Thornton concerning this production.

10.      Attached as **Exhibit J** is a true and correct copy of a letter dated April 12, 2011 from Jeffrey J. Parker of the law firm of Sheppard Mullin, Richter & Hampton LLP, which was received by Mr. Thornton.   This letter provides that Plaintiffs' counsel was provided the Oracle database file containing the data exported from Provantis.

11.      Attached collectively as **Exhibit K** are true and correct copies of the subpoena that Parker Poe received on behalf of Dr. Dodd (the "Dodd Subpoena") and the corresponding

Amended Notice of Deposition served by Plaintiffs' counsel.  Attached as **Exhibit L** is a true and accurate copy of *Non-Party Dr. Darol E. Dodd's Objections to Subpoena Duces Tecum Pursuant to Fed. R. Civ. Pro. 45(c)(2)(B)* that was served on Plaintiffs' counsel in response to the Dodd Subpoena.

12.     There was much correspondence between me, as counsel for the Hamner Entities, and Plaintiffs' counsel regarding the need for confidentiality protection for certain documents to be produced in response to the Dodd Subpoena.  Ultimately, it was agreed that such confidential documents would be produced subject to and under the protection of the existing Protective Order.  Attached hereto as **Exhibit M** is a true and correct copy of e-mail correspondence among, *inter alia*, me and Plaintiffs' counsel regarding the production of such documents under the Protective Order.

13.     Some, but not all, of the documents produced in response to the Dodd Subpoena were marked subject to the existing Protective Order.   This production was bates-labelled DP00001-DP21266.  Attached as **Exhibit N** is a true and correct copy of a letter dated July 12, 2012 authored and sent by me to Plaintiffs' counsel with this production.

14.     Attached hereto is as **Exhibit O** is a true and correct copy of a letter dated April 22, 2014 from Plaintiff's counsel to Mr. Pappas at Parker Poe.

15.     I was present at Dr. Dodd's deposition, which commenced on July 27, 2012. Some of documents produced as "HAMNER-CONFIDENTIAL" for the deposition were in fact used as exhibits in Dr. Dodd's deposition.  As used in the deposition, the copies of these exhibits continued to bear the "HAMNER-CONFIDENTIAL" stamp.   After the deposition was completed, and the court reporter provided the official copy of the exhibits, and these exhibits continued to bear the "HAMNER-CONFIDENTIAL" stamp.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 5th day of August, 2014 in Raleigh, North Carolina.

SCOTT E. BAYZLE, ESQ.