# Exhibit D

Bayzle, Scott E.
___

**From:** Pappas, William G.
**Sent:** Wednesday, May 07, 2014 3:54 PM
**To:** 'Bryan Barnhart'
**Cc:** 'Miller, Axline & Sawyer'; Bayzle, Scott E.; 'Duane Miller'; 'Mike Axline'; 'Tracey O'Reilly'
**Subject:** Hamner Protective Order

Bryan, The September 29, 2010 Protective Order was required by the Court's initial Order of August 18, 2010 and both Orders speak for themselves. Mr. Miller, on behalf of the plaintiffs, stipulated and agreed to the Protective Order which clearly contemplates that the Hamner's confidential information disclosures would be protected as those disclosures were made during the discovery period and later as the MDL litigation proceeded. For example, the Protective Order begins by reciting that it is designed to preserve the Hamner's confidential information, contains provisions dealing with how confidential documents and information are to be dealt with including a "declassification" provision in Section 8 with a mandatory procedure, and states in Section 14 that it does not terminate until all aspects of the MDL lawsuit are concluded. The Hamner produced confidential information only after the Protective Order was agreed to by the parties and entered by Judge Scheindlin, and it expects those protections to apply consistent with the Protective Order's provisions until and after the MDL litigation is concluded – that was always the Hamner's rationale. The Hamner disclosed confidential information that needs continuing protection.

You are also misconstruing the Hamner's initial filings. Although the Hamner sought to quash all discovery because of the preliminary nature of the MTBE Study, it always contended that the information subpoenaed was the Hamner's commercially sensitive, trade secret information that needed protection. Judge Scheindlin's August 18 Order required disclosure of specific Hamner information (but not all the information demanded by the plaintiffs) and ordered the parties to submit a jointly proposed protective order consistent with her opinion. The purpose of the Protective Order (as described above) was to protect the Hamner's confidential information and the parties agreed to its terms.

Consequently, the Protective Order is fully applicable and effective under the circumstances. Sincerely, Bill

---

**William Pappas**
Partner
919.890.4164

1

**From:** Bryan Barnhart [mailto:bbarnhart@toxictorts.org]
**Sent:** Tuesday, May 06, 2014 4:46 PM
**To:** Pappas, William G.
**Cc:** 'Miller, Axline & Sawyer'; Bayzle, Scott E.; 'Duane Miller'; 'Mike Axline'; 'Tracey O'Reilly'
**Subject:** RE: Hamner Protective Order

Good afternoon, Bill.

Thank you for letting me know.

As I discussed with your partner Scott Bayzle, I have not seen anything in our file that supports your statement that "The Hamner entered into the Protective Order, including specifically the Order's terms and procedures for handling confidential information, to protect the confidential information and documentation that was produced in response to plaintiff's 2010 and 2012 subpoenas and by Dr. Dodd in his deposition." To the contrary, Hamner specifically represented to Judge Scheindlin that it only sought to prevent disclosure until after it published its final report, which was published in December of 2010. Judge Scheindlin relied heavily on that representation by Hamner in the opinion in which she ordered the parties to put together a joint protective order.

Am I missing something? If so, please let me know immediately. I would prefer not to burden Judge Scheindlin with an unnecessary motion.

Bryan

**From:** Pappas, William G. [mailto:billpappas@parkerpoe.com]
**Sent:** Tuesday, May 06, 2014 1:35 PM
**To:** 'Bryan Barnhart'
**Cc:** Miller, Axline & Sawyer; Bayzle, Scott E.
**Subject:** RE: Hamner Protective Order

Bryan, I am writing to respond to your request that The Hamner Institutes (the "Hamner") consent to a complete dissolution of the *Stipulation and Protective Order Relating to Documents and Deposition Testimony Produced by the Hamner Institutes for Health Sciences* (the "Protective Order"). After due consideration, the Hamner cannot consent to a dissolution of the Protective Order. The Hamner entered into the Protective Order, including specifically the Order's terms and procedures for handling confidential information, to protect the confidential information and documentation that was produced in response to plaintiff's 2010 and 2012 subpoenas and by Dr. Dodd in his deposition. Without the Protective Order, the Hamner would lose important protections regarding its confidential information. Sincerely, Bill Pappas

**William Pappas**
Partner

2

Wells Fargo Capitol Center | 150 Fayetteville Street | Suite 1400 | Raleigh, NC 27601
Phone: 919.890.4164 | Fax: 919.834.4564 | www.parkerpoe.com | vcard | map

---

**From:** Bryan Barnhart [mailto:bbarnhart@toxictorts.org]
**Sent:** Thursday, May 01, 2014 3:34 PM
**To:** Bayzle, Scott E.
**Cc:** Pappas, William G.; Miller, Axline & Sawyer
**Subject:** RE: Hamner Protective Order

Good afternoon.

Thank you for speaking with me this afternoon.

I understand that you will need to speak with your client about dissolving the protective order.

I look forward to hearing back from you or Bill early next week. As I noted on the phone, it will save the Court and the parties time and effort if we can get an answer (or at least a status report) by close of business on May 6th.

Thank you again for your courtesy today.

Bryan

---

**From:** Bayzle, Scott E. [mailto:scottbayzle@parkerpoe.com]
**Sent:** Wednesday, April 30, 2014 1:13 PM
**To:** Pappas, William G.; 'Bryan Barnhart'
**Cc:** Miller, Axline & Sawyer
**Subject:** RE: Hamner Protective Order

Hi Bryan,

I represent The Hamner Institutes along with Bill Pappas. I have reviewed your recent correspondence (emails to Bill dated April 22 and 29) and had the opportunity to review the background for the September 29, 2010 protective order you reference. I do have a few questions concerning the current status of the MDL litigation and your request to dissolve the protective order in place (which protects The Hamner's and Dr. Dodd's 2010 and 2012 document productions pursuant to the subpoenas) that I would like to discuss with you.

I am available tomorrow afternoon (anytime between noon and 5:00 p.m. EST) and Friday (8:00 a.m. – 5:30 pm. EST) for a call. Please let me know if you have any availability during those times.

Many thanks and I look forward to speaking with you,

Scott Bayzle

---

**Scott Bayzle**
Partner



Wells Fargo Capitol Center | 150 Fayetteville Street | Suite 1400 | Raleigh, NC 27601
Phone: 919.835.4627 | Fax: 919.834.4564 | www.parkerpoe.com | vcard | map

**From:** Pappas, William G.
**Sent:** Wednesday, April 23, 2014 4:03 PM
**To:** 'Bryan Barnhart'
**Cc:** Miller, Axline & Sawyer; Bayzle, Scott E.
**Subject:** Hamner Protective Order

Bryan, we've received your letter request. The key management contacts at The Hamner Institutes are unavailable because of travel/work issues this week and we need to confer with them regarding your request. Consequently, we will not be able to respond by Friday but will be back in touch with you as soon as we can. Regards, Bill

**William Pappas**
Partner
919.890.4164

**From:** Bryan Barnhart [mailto:bbarnhart@toxictorts.org]
**Sent:** Tuesday, April 22, 2014 5:55 PM
**To:** Pappas, William G.
**Cc:** Miller, Axline & Sawyer
**Subject:** Hamner Protective Order

Good afternoon.

Please see attached correspondence.

Thank you.

Bryan

IRS CIRCULAR 230 NOTICE: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication (or in any attachment).

**PRIVILEGED AND CONFIDENTIAL:** This electronic message and any attachments are confidential property of the sender. The information is intended only for the use of the person to whom it was addressed. Any other interception, copying, accessing, or disclosure of this message is prohibited. The sender takes no responsibility for any unauthorized reliance on this message. If you have received this message in error, please immediately notify the sender and purge the message you received. Do not forward this message without permission.