# Exhibit E



# Parker Poe

Scott E. Bayzle
*Partner*
Telephone: 919.835.4627
Direct Fax: 919.834.4564
scottbayzle@parkerpoe.com

Charleston, SC
Charlotte, NC
Columbia, SC
Raleigh, NC
Spartanburg, SC

June 23, 2014

**U.S. MAIL & E-MAIL**
Bryan Barnhart
MILLER & AXLINE, P.C.
1050 Fulton Avenue, Suite 100
Sacramento, California 95825-4225
E-mail: bbarnhart@toxictorts.org

Re: *In re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation;*
Master File No. 1:00-1898 MDL 1358

Dear Mr. Barnhart:

As you know, this firm represents The Hamner Institutes ("The Hamner") and Dr. Darol Dodd ("Dr. Dodd"). I am writing in response to your e-mail dated June 13, 2014 and your letter dated June 17, 2014 requesting, pursuant to Section 8 of the *Stipulation and Protective Order* (the "Protective Order"), the declassification of all documents produced under that Protective Order. The Hamner does not consent to your request for declassification as set forth in your correspondence and objects to the use of its confidential information in any manner contrary to the Protective Order.

The Hamner and Dr. Dodd, as subpoenaed non-parties, produced documents in the above-captioned action in both 2010 and 2012. Some, but not all, of those documents were marked subject to the Protective Order, an Order to which Mr. Miller, on behalf of the plaintiffs, agreed and stipulated. Your office has had many of these documents for nearly four years (the 2010 production) and all of the documents since at least July of 2012 (the 2012 production). If any party disagreed with The Hamner's classification of a document, that party had an ample opportunity to object (*via* Section 8 of the Order) at that time. Yet, in the years following those productions, neither your office, nor counsel for any other party, made any such objections.

Notwithstanding, we would like to resolve any legitimate disagreements concerning the classification of specific documents without burdening the Court. As mentioned in our previous e-mail to you, The Hamner cannot agree simply to dissolve the Protective Order in its entirety. The Hamner disclosed an enormous amount of information in accordance with the Protective Order and certainly believes that much of this information continues to need protection. We cannot expend further time and expense reviewing the entire prior document productions because of your blanket request. If you have a legitimate reason to contend that there are certain documents that should no longer be subject to the Protective Order, we ask that you identify those documents by bates-number and inform us as to why

PPAB 2479077v1

Parker Poe Adams & Bernstein LLP  Attorneys and Counselors at Law  Wells Fargo Capitol Ctr  150 Fayetteville St  Ste 1400  Raleigh, NC 27601  PO Box 389  Raleigh, NC 27602-0389
t 919.828.0564  f 919.834.4564  www.parkerpoe.com

Bryan Barnhart
June 23, 2014
Page 2

you contend those specific documents should be declassified. This will afford The Hamner with a reasonable opportunity to consider your request.

You raise several contentions in your recent correspondence with which The Hamner disagrees. You contend that certain of The Hamner's documents (although, again, you fail to identify the specific documents to which you refer) should be declassified because the EPA "need[s] the information in these documents to understand and evaluate the contents of The Hamner's MTBE report." This is inaccurate. There are procedures in place for the EPA to request certain information and documentation from a study sponsor or laboratory related to a GLP-certified study, and there are specific mechanisms with regard to the manner in which such information is reviewed by the EPA.[1] Furthermore, the Protective Order, at Paragraph 9, contemplates this very type of process. The EPA has not requested any such information or documentation from The Hamner related to the MTBE Study and The Hamner is not aware of any such request to a party in this litigation. If the EPA needs certain information from The Hamner, then it would certainly be able to obtain such information in a manner consistent with the approach outlined under federal regulations. Consequently, we do not understand why or how this is a matter that must be addressed by the plaintiffs.

Also, your contention that the Protective Order was intended to extend confidentiality protection only until the "release" date of the MTBE study is wholly without basis. By its express terms, the Order extends until and after the MDL litigation is concluded; such protection was clearly not intended to end at the study release date. See Section 14 ("The provisions of this Order shall not terminate at the conclusion of this action. ..."). In fact, the vast majority of the documents disclosed under the Protective Order were produced long after the release of the MTBE Study in December of 2010. Most of these documents were produced on July 12, 2012, nearly two years after the release of the Study. As you know, there was much correspondence between my office and your office regarding this 2012 production and the applicability of the Protective Order to that production. Both parties, of course, agreed and understood that the Protective Order extended beyond the release date of the MTBE Study and your statement that "The Hamner did not reasonably rely [on] any term of the order ... extend[ing] confidentiality beyond the Report's release date" is completely unfounded.

Your correspondence also misconstrues The Hamner's initial filings in this matter in 2010. While The Hamner did initially seek to quash all discovery against it in 2010 because of the preliminary nature of the MTBE Study, The Hamner has never taken the position that its documents and information needed protection only for that reason and only until the conclusion of the MTBE Study. Indeed, as previously noted, most of the documents at issue were in fact produced after the Study was concluded. The Hamner produced confidential documents and information only after the Protective Order was stipulated to by the parties and entered by Judge Scheindlin, and it expects those agreed-upon protections to apply until and after the MDL litigation has concluded.

---

[1] Presumably it is to this that Dr. Stine, who is referenced in your letter, may have been referring. We note, however, that: (i) Dr. Stine is not affiliated with The Hamner, (ii) neither The Hamner nor Dr. Dodd were present at his deposition, and (iii) neither The Hamner nor Dr. Dodd know the content of his purported testimony.

Bryan Barnhart
June 23, 2014
Page 3

You also allege that The Hamner "has waived all confidentiality protections" because certain documents "have been relied upon by testifying experts" and certain documents "have been filed in courts." We do not know the documents or filings to which you refer. Please provide a copy of these documents or filings to afford The Hamner with a reasonable opportunity to review this issue. In any event, neither The Hamner nor Dr. Dodd is a party to this litigation so neither of them receives copies of court filings or otherwise participates in expert discovery in this litigation. Accordingly, no credible argument can be made that either the Hamner or Dr. Dodd have waived provisions of the Protective Order. To the contrary, they have always relied upon its continuing application.

You further allege that no exhibits to Dr. Dodd's deposition were marked as subject to the Protective Order. I have reviewed the deposition exhibits and I do not understand your contention. Some (but not all) of the deposition exhibits are clearly marked as "HAMNER-CONFIDENTIAL" and are thus subject to the Protective Order. Those documents were produced pursuant to the 2012 deposition subpoena and were clearly stamped as "HAMNER-CONFIDENTIAL" (the marking set forth in Paragraph 3 of the Protective Order).

Should you have any questions or wish to discuss this matter further, I hope that you will not hesitate to contact me.

Sincerely,

Scott E. Bayzle

cc:   *Via email*
      William G. Pappas
      Andrew B. Golkow
      Robert J. Cunningham, Jr.
      Alison R. Mullins
      Duane Miller (designated Plaintiffs' Liaison Counsel)
      James Pardo (designated Defendants' Liaison Counsel)