# Exhibit K

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation | Master File No. 1:00-1898 MDL 1358 (SAS) |
| This Document Relates To: All Cases | PLAINTIFFS' AMENDED NOTICE OF DEPOSITION OF DAROL E. DODD OF THE HAMMER INSTITUTES FOR HEALTH SCIENCES WITH PRODUCTION OF DOCUMENTS AND VIDEOTAPING |

TO ALL PARTIES AND THEIR ATTORNEY(S) OF RECORD:

**PLEASE TAKE NOTICE** that, under Federal Rule of Civil Procedure 30, Plaintiffs will take the oral deposition of Darol Dodd, on **July 27, 2012**, beginning at 10:00 a.m., at Huseby Reporting, 3737 Glenwood Ave, Suite 100, Raleigh, North Carolina 27612 (919) 785-3100. The deposition will continue from day to day, weekends and holidays excepted, until completed.

In addition, the deponent must produce documents described in the section of this notice entitled "request for production of documents." Pursuant to Honorable Shira A. Scheindlin's Suggested Rules of Discovery Practice No. 7 governing Document Production at Depositions, Plaintiffs request that Defendant produce the requested documents no later than ten (10) days prior to the deposition.

The deposition will be recorded stenographically and on videotape. It is further intended that instant visual display and streaming internet technology will be utilized to stenographically record and convey the testimony.

## DEFINITIONS

1. "DOCUMENT" or "DOCUMENTS" are defined to include any and all manner of electronic, written, typed, printed, reproduced, filmed or recorded material, and all photographs,

1

pictures, plans, drawings, or other representations of any kind of anything pertaining, describing, or concerning, directly or indirectly, in whole or in part, the subject matter of each designated issue and request, and document(s) includes, without limitation,

    a. papers, books, journals, handbooks, manuals, ledgers, statements, memoranda, reports, invoices, worksheets, work papers, notes, transcription of notes, letters, correspondence, abstracts, diagrams, plans, blueprints, specifications, pictures, drawings, films, photographs, graphic representations, diaries, calendars, desk calendars, lists, logs, publications, advertisements, instructions, minutes, orders, messages, résumés, summaries, agreements, contracts, telegrams, telexes, cables, recordings, electronic mail, audio tapes, transcriptions of tapes or recordings, or any other writings or tangible things in which any forms of communication are recorded or reproduced, as well as all notations on the foregoing; and

    b. original and all other copies not absolutely identical; and

    c. all drafts and notes (whether typed or handwritten or otherwise) made or prepared in connection with each such document, whether used or not.

2. "MTBE" means Methyl Tertiary Butyl Ether.

3. "Hamner Institute" means the Hamner Institutes for Health Sciences, North Carolina.

4. "Hamner Study" means the Methyl Tertiary-Butyl Ether (MTBE): Two-Year Combined Chronic Toxicity/Carcinogenicity Drinking Water Study in Wistar Rats ("Hamner Study") conducted by The Hamner Institutes for Health Sciences.

5. "YOU" or "YOUR" means the deponent.

### REQUEST FOR PRODUCTION OF DOCUMENTS

**NOTICE IS FURTHER GIVEN** that the deponent and his counsel are required by Federal Rules of Civil Procedure Rule 34 and Honorable Shira A. Scheindlin's Suggested Rule of Discovery Practice No. 7 to produce ten days prior to the deposition the following

All DOCUMENTS in YOUR possession, custody or control (including emails) which mention, concern or refer to a carcinogenicity study of MTBE performed by the Hamner Institute. This production includes, but is not limited to, the production of:

1. Any and all emails or other DOCUMENTS between YOU and one or more of the following individuals: Ed Bermudez, Susan Borghoff, Gabrielle Willson, Talmadge Brown, or Ernest (Gene) McConnell.

2. Any agenda, minutes, or other DOCUMENTS created by, submitted to, reviewed by and/or received from the Expert Review Panel on any of its members relating to the Hamner MTBE study.

3. Any and all communications about any draft pathological report and/or final pathological report and/or modifications to any pathological report related to the MTBE study.

4. Any documentation which mentions, concerns or refers to the need or other claimed justification for the addition of statisticians, pathologists or other experts to participate in the MTBE study, including but not limited to, Joseph Haseman, Gordon Hard and Talmadge Brown.

5. Any and all emails or other DOCUMENTS between YOU and one or more of the following individuals: Eric Stine, Wayne Daughtrey and/or David Steup.

6. All recommendations, reports or other DOCUMENTS prepared by the Expert Review Panel or any of its members concerning the Hamner MTBE study.

7. All articles, notes, presentations YOU have published concerning the Hamner MTBE study, including any draft articles, and any comments and DOCUMENTS YOU received from the editor relating to any prepublication version of any published paper concerning the Hamner study.

**NOTICE IS FURTHER GIVEN** that in the event YOU fail or refuse to produce any DOCUMENT requested at the deposition as directed above, in addition to other remedies provided by law, plaintiff may elect to continue the examination of the deponent until the requested DOCUMENTS are produced.

3

Dated: July 10, 2012          MILLER, AXLINE & SAWYER
                              A Professional Corporation

                              By: _____
                                  DUANE C. MILLER (CA SBN 57812)

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Eastern District of North Carolina

| | |
|---|---|
| In Re MTBE Products Liability Litigation, MDL 1358 ) | |
| *Plaintiff* ) | Civil Action No. 00-civ-001898M21-88 |
| v. ) | |
| The document applies to: All Cases ) | (If the action is pending in another district, state where: |
| ) | Southern District of New York ) |
| *Defendant* ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Darol Dodd, Hamner Institute of Health Sciences, 6 Davis Dr., Research Triangle Park, NC 27709

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Huseby Reporting, 3737 Glenwood Ave, Suite 100, Raleigh, NC 27612 (919) 785-3100 | Date and Time: 07/27/2012 10:00 am |
|---|---|

The deposition will be recorded by this method:  <u>stenographically and by videotape</u>

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See attached Amended Deposition Notice

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   07/10/2012

CLERK OF COURT

OR

_____           _____
*Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   <u>plaintiffs</u>
_____, who issues or requests this subpoena, are:

Duane C. Miller, SBN # 57812
Miller, Axline & Sawyer
1050 Fulton Avenue, Ste. 100, Sacramento, CA 95825 Telephone: (916) 488-6688

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## PROOF OF SERVICE VIA LEXISNEXIS FILE & SERVE & EMAIL

I, Kathy Herron, hereby declare under penalty of perjury under the laws of the United States of America and the State of California that a true copy of the following document(s):

**PLAINTIFFS' AMENDED NOTICE OF DEPOSITION OF DAROL E. DODD OF THE HAMNER INSTITUTES FOR HEALTH SCIENCES WITH PRODUCTION OF DOCUMENTS AND VIDEOTAPING (SUBPOENA ATTACHED)**

was served via LexisNexis File & Serve on all parties, and via e-mail on Liaison Counsel, on this 10TH day of July 2012.

_Kathy Herron_
KATHY HERRON