# Exhibit L

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

Civil Action No. 00-civ-001898M21-88
(Pending in Southern District of New York)

| | |
|---|---|
| In re MTBE Liability Litigation, MDL 1358, | ) ) ) |
| All Cases | ) ) ) ) |

**NON-PARTY DR. DAROL E. DODD'S OBJECTIONS TO SUBPOENA *DUCES TECUM* PURSUANT TO FED. R. CIV. PRO. RULE 45(c)(2)(B)**

Darol E. Dodd, Ph.D. (hereinafter, "Dr. Dodd"), by and through undersigned counsel, hereby objects to the subpoena issued to him from the United States District Court for Eastern District of North Carolina in the above-captioned matter (the "Subpoena") and serves the following written objections pursuant to Rule 45(c) of the Federal Rules of Civil Procedure.

*General Objections*

A.   Dr. Dodd objects to the Subpoena in that it fails to provide Dr. Dodd with a reasonable time to comply. The Subpoena purports to require Dr. Dodd to search, review, and accumulate his electronic correspondence files, computer files, notes, research documentation, research files, and other documents concerning numerous topics and/or people. The deadline for compliance is unreasonable and unduly burdensome given the scope of the Subpoena and the considerable time which will be required of Dr. Dodd for compliance.

B.   Dr. Dodd objects to the Subpoena in that it fails to reimburse Dr. Dodd for the significant expense that will be incurred in complying with the Subpoena. The Subpoena does not provide reimbursement to Dr. Dodd for the significant copying expenses that will be incurred to comply with the Subpoena, nor does it provide reimbursement for the time and expense for Dr. Dodd to search, review, and accumulate his electronic correspondence files, computer files,

PPAB 1941149v1

notes, research documentation, research files, and other documents concerning the requested topics. It will take a significant amount of time for Dr. Dodd to locate and accumulate the requested documents, and at a considerable expense.

C.  Dr. Dodd objects to the Subpoena as unduly burdensome, unreasonable, and/or oppressive. The Subpoena seeks thousands of pages of documents and/or correspondence which will take a significant amount of time for Dr. Dodd to locate and accumulate, and at a considerable expense.

D.  Dr. Dodd objects to the Subpoena to the extent that it calls for information covered and/or protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or doctrine.

E.  Dr. Dodd objects to the Subpoena to the extent that it purports to impose obligations on Dr. Dodd beyond those set forth in the Federal Rules of Civil Procedure, the Local Rules of this Court, or any applicable court order that may be entered that governs discovery.

F.  Dr. Dodd objects to the Subpoena to the extent it calls for information which is already in the possession of one or more of the parties to the underlying litigation or is readily accessible to one or more of the parties to the underlying litigation.

G.  Dr. Dodd objects to the Subpoena to the extent it calls for information which can be obtained through discovery on a party to the underlying litigation.

H.  Dr. Dodd objects to the Subpoena to the extent it seeks information that is not in the possession, custody, or control of Dr. Dodd.

I.  Dr. Dodd objects to the Subpoena to the extent that it seeks any confidential information of Dr. Dodd or a third party. Dr. Dodd objects to producing any confidential information or documents that contain confidential information until the entry of an appropriate protective order.

J.  Dr. Dodd objects to the Subpoena to the extent that it purports to require Dr. Dodd to conduct an unreasonably broad or unduly burdensome search or to conduct an unduly burdensome production of any information.

K.  Dr. Dodd objects to the Subpoena to the extent it calls for the production of information irrelevant to the issues raised in the underlying lawsuit or information not reasonably calculated to lead to the discovery of admissible evidence, or is otherwise inconsistent with the Federal Rules of Civil Procedure.

L.  Dr. Dodd objects to the Subpoena to the extent it calls for the production of information that was previously produced by the Hamner Institute of Health Sciences in response to any previous subpoena issued in this litigation.

Each of the above objections shall be deemed to be incorporated by reference in to each of the following responses to the document requests of the Subpoena, and shall be hereinafter be referred to as the "General Objections."

*Specific Objections*

1.  Any and all e-mails or other DOCUMENTS between YOU and one or more of the following individuals: Ed Bermudez, Susan Borghoff, Gabrielle Willson, Talmadge Brown, or Ernest (Gene) McConnell.

**RESPONSE: In addition to the General Objections, Dr. Dodd objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks documents outside the scope of discovery permitted by the Federal Rules of Civil Procedure, including information that is not relevant to the underlying litigation nor reasonably calculated to lead to the discovery of admissible evidence in that this request is unlimited in time, subject matter, and scope. This request purports to seek all e-mails and documents between Dr. Dodd and any one or more of the specified individuals without regard to the subject matter of those e-mails and documents (and even if those e-mails or documents have nothing whatsoever to do with the subject matter of the underlying lawsuit) and regardless of time. Dr. Dodd further objects to this request in that it fails to provide Dr. Dodd with a reasonable time to comply. Moreover, Dr. Dodd objects to this request on the ground that it purports to seek confidential information. Notwithstanding these objections and the General Objections set forth above, upon entry of an appropriate protective order from the**

3

PPAB 1941149v1

Court and upon an agreement regarding the reimbursement to Dr. Dodd of the expenses incurred in responding to this request, Dr. Dodd will produce, at a mutually agreeable time and place, any non-privileged e-mails or any other non-privileged documents, within his possession, custody or control, exchanged between him and any one or more of the above-specified individuals that concern or regard the "Hamner Study," as that term is defined in the Subpoena.

2. Any agenda, minutes, or other DOCUMENTS created by, submitted to, reviewed by and/or received from the Expert Review Panel on any of its members related to the Hamner MTBE Study.

**RESPONSE:** In addition to the General Objections, Dr. Dodd objects to this request on the ground that it fails to provide Dr. Dodd with a reasonable time to comply. Dr. Dodd further objects to this request on the ground that it purports to seek confidential information. Notwithstanding these objections and the General Objections set forth above, upon entry of an appropriate protective order from the Court and upon an agreement regarding the reimbursement to Dr. Dodd of the expenses incurred in responding to this request, Dr. Dodd will produce, at a mutually agreeable time and place, any non-privileged responsive documents, within his possession, custody or control, that concern or regard the "Hamner Study," as that term is defined in the Subpoena.

3. Any and all communications about any draft pathological report and/or final pathological report and/or modifications to any pathological report related to the MTBE study.

**RESPONSE:** In addition to the General Objections, Dr. Dodd objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks documents outside the scope of discovery permitted by the Federal Rules of Civil Procedure, including information that is not relevant to the underlying litigation nor reasonably calculated to lead to the discovery of admissible evidence. This request purports to seek any and all communications concerning pathological reports related to an "MTBE study" and is not limited to the "Hamner Study," as that term is defined in the Subpoena. Dr. Dodd further objects to this request in that it fails to provide Dr. Dodd with a reasonable time to comply. Moreover, Dr. Dodd objects to this request on the ground that it purports to seek confidential information. Notwithstanding these objections and the General Objections set forth above, upon entry of an appropriate protective order from the Court and upon an agreement regarding the reimbursement to Dr. Dodd of the expenses incurred in responding to this request, Dr. Dodd will produce, at a mutually agreeable time and place, any non-privileged communications, within his possession, custody or control, about draft pathological report(s) and/or final pathological report(s), including modifications to same, related to the "Hamner Study," as that term is defined in the Subpoena.

4.  Any document which mentions, concerns, or refers to the need or other claimed justification for the addition of statisticians, pathologists or other experts to participate in the MTBE study, including but not limited to, Joseph Haseman, Gordon Hard and Talmadge Brown.

    **RESPONSE:** In addition to the General Objections, Dr. Dodd objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks documents outside the scope of discovery permitted by the Federal Rules of Civil Procedure, including information that is not relevant to the underlying litigation nor reasonably calculated to lead to the discovery of admissible evidence. This request purports to seek information related to an "MTBE study" and is not limited to the "<u>Hamner Study</u>," as that term is defined in the Subpoena. Dr. Dodd further objects to this request in that it fails to provide Dr. Dodd with a reasonable time to comply. Moreover, Dr. Dodd objects to this request on the ground that it purports to seek confidential information. Notwithstanding these objections and the General Objections set forth above, upon entry of an appropriate protective order from the Court and upon an agreement regarding the reimbursement to Dr. Dodd of the expenses incurred in responding to this request, Dr. Dodd will produce, at a mutually agreeable time and place, any non-privileged documents, within his possession, custody or control, that concern the addition of statisticians, pathologists or other experts to participate in the "Hamner Study," as that term is defined in the Subpoena.

5.  Any and all e-mails or other DOCUMENTS between YOU and one or more of the following individuals: Eric Stine, Wayne Daughtrey and/or David Steup.

    **RESPONSE:** In addition to the General Objections, Dr. Dodd objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks documents outside the scope of discovery permitted by the Federal Rules of Civil Procedure, including information that is not relevant to the underlying litigation nor reasonably calculated to lead to the discovery of admissible evidence in that this request is unlimited in time, subject matter, and scope. This request purports to seek all e-mails and documents between Dr. Dodd and any one or more of the specified individuals without regard to the subject matter of those e-mails and documents (and even if those e-mails or documents have nothing whatsoever to do with the subject matter of the underlying lawsuit) and regardless of time. Dr. Dodd further objects to this request in that it fails to provide Dr. Dodd with a reasonable time to comply. Moreover, Dr. Dodd objects to this request on the ground that it purports to seek confidential information. Notwithstanding these objections and the General Objections set forth above, upon entry of an appropriate protective order from the Court and upon an agreement regarding the reimbursement to Dr. Dodd of the expenses incurred in responding to this request, Dr. Dodd will produce, at a mutually agreeable time and place, any non-privileged e-mails or other non-privileged documents, within his possession, custody or control, exchanged between him and any one or more of the above-specified individuals that concern or regard the "Hamner Study," as that term is defined in the Subpoena.

6. All recommendations, reports or other DOCUMENTS prepared by the Expert Review Panel or any of its members concerning the Hamner MTBE study.

**RESPONSE:** In addition to the General Objections, Dr. Dodd objects to this request in that it fails to provide Dr. Dodd with a reasonable time to comply. Dr. Dodd further objects to this request on the ground that it purports to seek confidential information. Notwithstanding these objections and the General Objections set forth above, upon entry of an appropriate protective order from the Court and upon an agreement regarding the reimbursement to Dr. Dodd of the expenses incurred in responding to this request, Dr. Dodd will produce, at a mutually agreeable time and place, any non-privileged documents, within his possession, custody or control, prepared by the Expert Review Panel or its members concerning the "Hamner Study," as that term is defined in the Subpoena.

7. All articles, notes, presentations, YOU have published concerning the Hamner MTBE study, including any draft articles, and any comments and DOCUMENTS YOU received from the editor relating to any prepublication version of any published paper concern the Hamner Study.

**RESPONSE:** In addition to the General Objections, Dr. Dodd objects to this request in that it fails to provide Dr. Dodd with a reasonable time to comply. Dr. Dodd further objects to this request on the ground that it purports to seek confidential information. Notwithstanding these objections and the General Objections set forth above, upon entry of an appropriate protective order from the Court and upon an agreement regarding the reimbursement to Dr. Dodd of the expenses incurred in responding to this request, Dr. Dodd will produce, at a mutually agreeable time and place, any non-privileged documents, within his possession, custody, or control, responsive to this request.

General request (p. 2 of Subpoena). All DOCUMENTS in YOUR possession, custody or control (including emails) which mention, concern, or refer to a carcinogenicity study of MTBE performed by the Hamner Institute.

**RESPONSE:** In addition to the General Objections, Dr. Dodd objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks documents outside the scope of discovery permitted by the Federal Rules of Civil Procedure, including information that is not relevant to the underlying litigation nor reasonably calculated to lead to the discovery of admissible evidence. This request purports to seek information referring to, mentioning, or concerning any "carcinogencity study of MTBE" that has ever been performed by the Hamner Institute and is not limited to the "Hamner Study," as that term is defined in the Subpoena. Dr. Dodd further objects to this request in that it fails to provide Dr. Dodd with a reasonable time to comply. Moreover, Dr. Dodd objects to this request on the ground that it purports to seek confidential information. Notwithstanding these objections and the General Objections set forth above, upon entry of an appropriate protective order from the Court and upon an agreement regarding the reimbursement to

6

Dr. Dodd of the expenses incurred in responding to this request, Dr. Dodd will produce, at a mutually agreeable time and place, any non-privileged documents, within his possession, custody or control, that concern the "Hamner Study," as that term is defined in the Subpoena.

## FURTHER OBJECTION

Dr. Dodd reserves the right to supplement and amend his objections herein.

This the 21st day of March, 2012.

                                          PARKER POE ADAMS & BERNSTEIN LLP

                                          */s/ James C. Thornton*
                                          James C. Thornton
                                          N.C. Bar No. 16859
                                          Scott E. Bayzle
                                          N.C. Bar No. 33811
                                          1400 Wells Fargo Capitol Center
                                          150 Fayetteville Street
                                          P.O. Box 389
                                          Raleigh, North Carolina  27602-0389
                                          Telephone:    (919) 828-0564
                                          Facsimile:    (919) 834-4564

                                          *Attorneys for Dr. Darol Dodd*

## CERTIFICATE OF SERVICE

This is to certify that on this date I served the foregoing **NON-PARTY DR. DAROL E. DODD'S OBJECTIONS TO SUBPOENA PURSUANT TO FED. R. CIV. PRO. RULE 45(c)(2)(B)** *via* facsimile and by depositing a copy thereof in the United States mail, postage prepaid, in an envelope properly addressed as follows:

Duane C. Miller
Miller, Axline & Sawyer
1050 Fulton Ave.
Suite 100
Sacramento, California 95825
Facsimile: (916) 488-4288

This the 21st day of March, 2012.

James C. Thornton
Parker Poe Adams & Bernstein LLP
1400 Wells Fargo Capitol Center
150 Fayetteville Street
P.O. Box 389
Raleigh, North Carolina 27602-0389
Telephone:   (919) 828-0564
Facsimile:   (919) 834-4564

PPAB 1941149v1