UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation | MDL No. 1358 |
| New Jersey Dept. of Environmental Protection, *et al.*, Plaintiffs, v. Atlantic Richfield Co., *et al.*, Defendants. | Civil Action No.: 08 Civ. 00312(SAS); MDL 1358 Master File C.A. No. 1:00-1898 (SAS) |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/31/11

## CONFIDENTIALITY AGREEMENT & PROTECTIVE ORDER

WHEREAS, Plaintiffs have sought, through a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action ("Subpoena"), the production of documents, preliminary data, and draft narratives from Experimental Pathology Laboratories, Inc. ("EPL");

WHEREAS, EPL is not a party to this litigation;

WHEREAS, EPL objected to and moved to quash the Subpoena; and

WHEREAS, Plaintiffs and EPL have agreed on the terms of this Confidentiality Agreement and Protective Order ("Order");

IT IS HEREBY STIPULATED AND AGREED by the parties hereto, including parties who sign Exhibit A, that with respect to Documents Produced or Disclosed by EPL, the following terms, conditions, and restrictions shall govern:

EXHIBIT A

I. **DEFINITIONS**

    A.    <u>This Action.</u> As used in this Order, the term "This Action" shall refer to MDL 1358, In re: Methyl Tertiary Butyl Ether Products Liability Litigation, *New Jersey Dept. of Environmental Protection, et al. v. Atlantic Richfield Co., et al.* (Civil Action No. 08 Civ. 00312(SAS)), *City of Merced v. Chevron U.S.A, et al.* (Case No. 148451), and cases to be consolidated under MDL 1358 including any retrial or appeal of the cases.

    B.    <u>Confidential Document(s), Information, or Other Thing(s).</u> For purposes of this Order, "Confidential Documents" shall refer to Documents, CDs and/or DVDs which are stamped as "Confidential" or "Proprietary" and which are or contain a trade secret or other confidential research, development, or commercial information as those terms are used in Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure, including any copies, summaries, portions or abstracts thereof. Confidential Documents do not include Documents (i) which are available or become available to the public other than through violation of this Order; (ii) that, at the time of production, the receiving party already possesses (for documents and things) or knows (for information), as evidenced by then-existing written documentation, and were obtained by that party without an obligation of confidentiality; (iii) that the receiving party rightfully received from a third party without an obligation of confidence; or (iv) that the receiving party develops independently through Persons who have had no access to Confidential Documents. All Documents, CDs and/or DVDs which are stamped as "Confidential" or "Proprietary" shall be treated as Confidential subject to this Order pending further order of the Court. The party asserting the confidentiality claim shall stamp, print, or write the term "Confidential" or "Proprietary" on at least the first page of any such document to be viewed only. With respect to documents selected and to be sent to the document

2

depository, every page of such "Confidential" or "Proprietary" documents shall be so stamped, printed or written.

Any documents which are produced by a party which are not stamped as "Confidential" or "Proprietary" will not be subject to this Order unless otherwise agreed by the parties. The producing party shall make a good faith effort to notify the propounding party in writing of the production of Confidential Documents and the location of such materials if possible to denote.

C. <u>Days.</u> As used in this Order, the terms "Day" or "Days" shall mean calendar days.

D. <u>Defendants.</u> As used in this Order, the term "Defendants" shall mean Defendants in This Action.

E. <u>Document(s), Information, or Other Thing(s).</u> As used in this Order, the terms "Document" or "Documents" shall refer to and include, but is not limited to document(s), information, or other thing(s); CDs and/or DVDs; interrogatory responses; responses to requests for production of documents and things; responses to requests for admissions; deposition testimony upon oral or written examination; deposition testimony upon oral or written examination; deposition exhibits; motions; affidavits; exhibits; and any other writings made available or produced by the parties and/or submitted to the Court during This Action.

F. <u>Persons.</u> The terms "Person" or "Persons" include a natural person, firm, association, organization, partnership, business trust, corporation, or public entity.

G. <u>Plaintiffs.</u> As used in this Order, the term "Plaintiffs" shall mean Plaintiffs in This Action.

H. <u>Produced or Disclosed.</u> As used in this Order, the term "Produced or Disclosed" includes, without limitation, all Documents made available or produced by any party and/or submitted to the Court in This Action.

## II. AGREEMENT AND PROTECTIVE ORDER

A. This Order shall apply to all Documents Produced or Disclosed by EPL.

B. The parties and any counsel who execute this Order or agrees to be bound to its terms, hereby agree that all Confidential Documents may not be used, disseminated or disclosed outside of This Action except as set forth in Paragraph C, subsection b, below.

C. Confidential Documents produced in This Action shall not be disseminated or disclosed to any Person except:

    a. Plaintiffs, their respective counsel (both counsel of record and in-house counsel) and employees including stenographic and clerical personnel, whose advice, consultation or assistance are being or will be used by Plaintiffs in connection with the prosecution and preparation for trial of This Action, or Defendants, their respective counsel (both counsel of record and in-house counsel) and employees, including stenographic and clerical personnel, whose advice, consultation or assistance are being or will be used by Defendants in connection with the defense and preparation for trial of This Action, or The Hamner Institutes for Health Sciences ("Hamner"), its counsel (both counsel of record and in-house counsel) and employees, including stenographic and clerical personnel, whose advice, consultation or assistance are being or will be used by Hamner in connection with This Action;

    b. To counsel (both counsel of record and in-house counsel) for a party in an action where the complaint alleges that the manufacture, distribution or sale of gasoline containing MTBE violates statutory or common law ("Other MTBE Action(s)") and where the attorney provides written notice to counsel representing the party whose Confidential Documents are being reviewed that: (i) he has read this Order and agrees to be bound by its terms by executing a separate copy of this Order; (ii) identifies each Confidential Documents reviewed; (iii) he agrees to submit

4

to the jurisdiction of the Court in the Southern District of New York should any disputes arise under this Order; (iv) in the event that Other MTBE Actions continue after this MDL terminates, the Court in the Southern District of New York shall maintain continuing jurisdiction to enforce this Order until the end of the Other MTBE Action(s); and (v) he agrees to comply with the return or destroy provision of Paragraph J of the Order at the conclusion of the Other MTBE Action(s). Such attorney may then make use of the Confidential Documents consistent with all limitations and controls set forth herein;

    c.    The Court, and those employed by the Court, in which event the Confidential Documents shall be filed under seal consistent with this Order, and kept under seal until further order of the Court;

    d.    Court reporters who record the depositions or other testimony in This Action;

    e.    Outside experts, consultants, witnesses or potential witnesses for Plaintiffs or Defendants, including their stenographic and clerical personnel, whose advice and consultation are being or will be used by any party in connection with the prosecution or defense of This Action, or their preparation for trial of This Action, and who have agreed in writing to be bound by this Order by executing a copy of Exhibit A attached hereto;

    f.    A deponent and the deponent's counsel who have agreed in writing to be bound by this Order by executing a copy of Exhibit A attached hereto, but only during the course of the deposition in This Action, or to the extent reasonably necessary in the preparation for such deposition; and

    g.    Any other Person or entity upon order of the Court, upon stipulation of the parties, or upon the express written agreement of the producing party.

   h. A copy of this Order and/or Exhibit A each and every time it is executed by an additional person agreeing to be bound by this Order shall be served upon EPL's counsel, Alison R. Mullins, Rees Broome, PC, 8133 Leesburg Pike, Ninth Floor, Vienna, VA 22182, telephone 703-790-1911, facsimile 703-848-2530, email amullins@reesbroome.com.

  D. If any party to this litigation requests copies of documents from EPL that cannot be produced at a nominal cost to EPL, the requesting party shall bear the cost of the copies. The fee is intended and construed only as payment for reproduction, and shall not result in any transfer of ownership of the reproduced records. The requesting party further agrees to pay EPL for all costs and expenses (both past and future) incurred by EPL in producing the Documents and/or Confidential Documents to the requesting party, including the cost of employee time, administrative expenses, and reasonable attorneys' fees incurred in the retrieval, identification, and review of the Documents and/or Confidential Documents to be produced. If the requesting party disputes the amount of costs or fees claims by EPL for producing Documents and/or Confidential Documents, the Documents and/or Confidential Documents shall be produced, and shall not be withheld, pending resolution of the dispute.

  E. Nothing in this Order shall require EPL, or its respective counsel (both counsel of record and in-house counsel) and employees, including stenographic and clerical personnel, to execute a copy of Exhibit A when testifying as to its own Confidential Documents.

  F. Nothing in this Order shall prohibit EPL from releasing its own Confidential Documents as it sees fit, and such release shall not constitute a waiver of any of the terms of this Order unless the release is made to the public domain.

G. No Person receiving Confidential Documents produced pursuant to this Order shall disclose said Confidential Documents to any other Person, except as permitted by and in accord with this Order.

H. The following Court procedures shall apply with respect to use of Confidential Documents:

    a. Said Confidential Documents which are submitted to the Court shall be filed with the Court in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of this action, an indication of the nature of the contents of the sealed envelope or other container, the word "CONFIDENTIAL," and a statement substantially in the following form: "This envelope is sealed pursuant to order of this Court, contains confidential information, and is not to be opened or the contents revealed except by order of the Court."

A copy of this Order shall be submitted to the Court, together with any materials submitted under seal. Any Confidential Documents filed with or submitted to the Court pursuant to this section shall be returned to the submitting party or destroyed in compliance with Paragraph J herein if the Court does not remove the confidential status from the Documents.

    b. In the case of depositions upon oral examination, if counsel for a party has a reasonable and good faith belief that any question or answer contains or refers to Confidential Documents, counsel may state on the record, and request that all pages that include such Confidential Documents be marked "CONFIDENTIAL." When testimony designated "CONFIDENTIAL" is elicited during a deposition, persons not entitled to receive such information under the terms of this Order shall be excluded from the deposition. Transcripts containing testimony or exhibits designated as containing Confidential Documents shall be marked by the court reporter, prior to transcript distribution, with the legend "THIS TRANSCRIPT CONTAINS

CONFIDENTIAL DOCUMENT(S), INFORMATION, OR OTHER THING(S)," and shall be treated in accordance with the provisions of this Order. In addition to designating, during the deposition, any question or answer as "CONFIDENTIAL," counsel may designate any portion of the deposition transcript as a Confidential Document at any time within ten (10) Days of receiving the deposition transcript from the court reporter. Notice of such designation shall be made in writing to the court reporter, with copies to all counsel in This Action, specifying the portion(s) of the transcript and exhibits that constitute or contain Confidential Documents. Until expiration of the ten (10) Day period described above, all deposition transcripts shall be considered and treated as though containing Confidential Documents, unless otherwise agreed on the record at the deposition.

I. No Person receiving Confidential Documents may use said Confidential Documents in any manner except in connection with This Action.

J. Within thirty (30) Days after the expiration of the last applicable deadline for the last permitted appeal, rehearing, or reconsideration related to This Action, Confidential Documents produced pursuant to this Order shall be returned to counsel of record of the party who provided the information, or the party receiving Confidential Documents shall have the option of destroying all Confidential Documents and providing an affidavit from its counsel of record to the designating party that the party in possession of the Confidential Documents has destroyed it.

K. Any party hereto may challenge the claim of confidentiality of any materials by notifying counsel for the party claiming confidentiality in writing of the basis of their challenge to the claim. Counsel for the party claiming confidentiality will respond in writing within ten (10) Days, and the parties will meet and confer to resolve the dispute. If the parties cannot resolve the dispute, the matter will be brought before the Court for resolution. Until the Court issues a ruling

on the dispute, and until any and all proceedings and interlocutory appeals challenging such decision have been concluded, the Confidential Documents shall continue to be deemed "CONFIDENTIAL" under the terms of this Order. This Order does not affect the burden of proof which remains with the party seeking the confidential designation.

  L. No party shall disclose any Confidential Documents to any other party except as provided herein, and except as may be required by applicable law or legal process. All parties shall take reasonable steps to keep an accurate record of the location of and insure proper and secure storage of all Confidential Documents.

  M. Any inadvertent disclosure of any Confidential Documents shall not be a violation of this Order. The inadvertent disclosure of a Confidential Documents shall not constitute a waiver of any otherwise applicable privilege, either as to the Confidential Documents so produced or as to any other Confidential Documents withheld under a claim of privilege. If any party is responsible for any inadvertent disclosure, that party will take all reasonable steps to remedy the inadvertent disclosure, including, but not limited, to retrieving all copies of Confidential Documents, and informing the recipients of such Documents of its "CONFIDENTIAL" nature.

  N. Any party hereto that has the claim of alleged improper disclosure or use of Confidential Documents or any other alleged violation of this Order shall notify counsel for the party making the alleged improper disclosure or other alleged violation of this Order in writing of the basis of their claim. Counsel for the party making the alleged improper disclosure or other alleged violation of this Order will respond in writing within ten (10) Days and the parties will meet and confer to resolve the dispute. If the parties cannot resolve the dispute, the matter will be brought before the Court for resolution. Until the Court issues a ruling on the dispute, and until any and all proceedings and interlocutory appeals challenging such alleged violations have been

9

concluded, the Confidential Documents at issue in the dispute shall continue to be deemed "CONFIDENTIAL" under the terms of this Order. This Order does not affect the burden of proof which remains with the party seeking to protect the confidential designation and/or otherwise remedy the alleged violation of this Order.

O. It will be in the Court's sole discretion to award costs and appropriate attorneys' fees to the prevailing party in any dispute over alleged improper and knowing and/or intentional disclosure of Confidential Documents; alleged erroneous designations of documents as "Confidential" or "Proprietary"; or any other matters arising under this Order which constitute knowing and/or intentional violations.

P. The Court shall retain jurisdiction over the enforcement of this Order notwithstanding the termination of MDL No. 1358.

Dated 10/26/11

_____
Michael Axline
Miller, Axline & Sawyer
1050 Fulton Avenue, Suite 100
Sacramento, CA 95825-4225
*Attorneys for Plaintiffs, New Jersey Department of Environmental Protection, et al.*

Dated 10·27·11

_____
Alison Mullins
Rees Broome, PC
8133 Leesburg Pike, Suite 900
Vienna, VA 22182
*Attorneys for Experimental Pathology Laboratories, Inc.*

Dated 10/27/11

Marc-Philip Ferzan, Acting Attorney General

By: _____
Richard F. Engel, Deputy Attorney General

10

IT IS SO ORDERED:

Dated Oct 28, 2011

_____
The Honorable Shira A. Scheindlin
United States District Court Judge

## **EXHIBIT A**

### TO THE CONFIDENTIALITY AGREEMENT & PROTECTIVE ORDER

I, _____, have read the Confidentiality Agreement Protective Order ("Order") originally entered into by Experimental Pathology Laboratories, Inc. ("EPL") and New Jersey Dept. of Environmental Protection.

I agree to be bound by its terms by executing this Exhibit A to the Order.

I agree to submit to the jurisdiction of the Court in the Southern District of New York should any disputes arise under this Order.

I agree that in the event that Other MTBE Actions continue after MDL 1358 terminates, the Court in the Southern District of New York shall maintain continuing jurisdiction to enforce this Order until the end of the Other MTBE Action(s).

Further, I agree to comply with the return or destroy provision of Paragraph J of the Order at the conclusion of the Other MTBE Action(s).

I shall only make use of the Confidential Documents consistent with all limitations and controls set forth in the Order.

Dated _____    Signature: _____

Name: _____

Company: _____

Telephone No.: _____

K:\05\05007\00001\110906 Subpoenn\111025 Confidentiality Agreement and Order.doc

## PROOF OF SERVICE VIA LEXISNEXIS FILE & SERVE

*New Jersey Department of Environmental Protection, et al. v. Atlantic Richfield Co., et al.*
United States District Court, Southern District of New York Case No. 08 Civ. 00312 (SAS)

I, the undersigned, declare that I am, and was at the time of service of the paper(s) herein referred to, over the age of 18 years and not a party to this action. My business address is 1050 Fulton Avenue, Suite 100, Sacramento, CA 95825-4225.

On the date below, I served the following document on all counsel in this action electronically through LexisNexis File & Serve:

## CONFIDENTIALITY AGREEMENT & PROTECTIVE ORDER

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on October 27, 2011, at Sacramento, California.

_____
KATHY HERRON