# RB REES BROOME, PC
## ATTORNEYS AT LAW

1900 Gallows Road, Suite 700
Tysons Corner, Virginia 22182
Phone (703) 790-1911
Fax (703) 848-2530
www.reesbroome.com

JOEL M. BIRKEN*
JONATHAN J. BROOME, JR.
JOHN F. BOLAND*
JUAN R. CARDENAS
BRUCE E. TITUS*+
PETER S. PHILBIN+
WILLIAM P. DALY, JR.+
ANDREW B. GOLKOW*
SUSAN RICHARDS SALEN*+
MARK P. GRAHAM
TODD A. SINKINS*
MARK A. MOORSTEIN*
ROBERT J. CUNNINGHAM, JR.+*
KIMBERLEY M. O'HALLORAN-PEREZ+■
DAVID J. CHARLES*
STEPHEN J. ANNINO*+
PATRICK M. VIA
JAMES M. LEWIS*
URSULA KOENIG BURGESS+
ANDREW N. FELICE*
STEPHEN D. CHARNOFF*+

JAMES M. REES (1941-1986)

* ALSO ADMITTED IN DC
+ ALSO ADMITTED IN MARYLAND
■ ALSO ADMITTED IN WEST VIRGINIA
- ALSO ADMITTED TO PATENT BAR
● NOT ADMITTED TO PRACTICE IN VIRGINIA; ADMITTED ONLY IN MD AND DC

COUNSEL
ROBERT W. WOOLDRIDGE, JR.
JOSEPH H. KASIMER*
DANIEL R. GROPPER●
RORY K. NUGENT
NICOLE A. WILLIAMS*

ASSOCIATES
M. JOSEPH PIERCE*+
DOUGLAS S. LEVY*+
COURTNEY B. HARDEN
ERIK W. FOX*
TIFFANY L. BURTON+
GINA L. SCHAECHER*
JORDY L. MURRAY
KELLY C. ZOOK
MAUREEN E. CARR*+
WINTA MENGISTEAB+●
KATHLEEN N. MACHADO*
HILLARY ANNE COLLINS+●
ALISON R. MULLINS*+
MARIAM W. TADROS*
JOSEPH J. SHANNON+
MARGUERITE L. SELTON+

June 24, 2014

**BY FEDERAL EXPRESS AND ELECTONIC MAIL**

Bryan Barnhart, Esq.
Miller, Axline & Sawyer
1050 Fulton Avenue, Suite 100
Sacramento, CA 95825-4225
Email: Bbarnhart@toxictorts.org

    Re:    In re: MTBE Products Liability Litigation
            Denial of Request to Declassify & Challenge Confidentiality of
            Documents Produced by Experimental Pathology Laboratories, Inc.

Dear Mr. Barnhart:

    This letter is in response to your June 16, 2014 email and June 17, 2014 letter challenging the confidentiality of the documents produced by Experimental Pathology Laboratories, Inc. ("EPL") in accordance with the October 27, 2011 consent Confidentiality Agreement and Protective Order entered in the *In re: MTBE Products Liability Litigation*, MDL No. 1358 ("Protective Order").

    EPL continues to maintain that the documents identified in the 2011 production are confidential, and does not agree to declassify the documents as such or to dissolve the Protective Order.

    EPL disputes the statements and/or allegations in you June 16, 2014 email and/or June 17, 2014 letter, and states as follows:

1. EPL's confidentiality agreement has not expired.

2. EPL did not and has not waived all confidentiality protections under the Protective Order. The Protective Order carves out specific circumstances under which the documents may be disclosed on a limited basis, while maintaining the documents classification as confidential.

**EXHIBIT C**

# RB  REES BROOME, PC
──────────── ATTORNEYS AT LAW

Bryan Barnhart, Esq.
June 24, 2014
Page 2

3. If the EPA and other governmental regulators need the information in EPL's confidential documents to understand and evaluate the contents of the Hamner Institutes' MTBE report, the EPA and other governmental regulators having authority can access the documents for review through the proper regulatory channels. The Protective Order has no effect on the EPA and other governmental regulators' access to the documents for regulatory purposes.

4. The Protective Order was entered into by consent of the parties after the Hamner Institutes' MTBE report was released; therefore, the timing of the release of the Hamner Institutes' MTBE report does not affect the Protective Order. Further, at the time the study was done, EPL did not know that its work would be used in litigation.

5. EPL and the Hamner Institute are independent institutions, and the documents were properly classified as confidential.

6. If, as you state, "EPL documents either are or have been incorporated into many judicial documents, to which the public has the right of access" is true and the EPL documents classified as confidential have not been handled in accordance with the terms of the Protective Order, then EPL reserves its rights to pursue all actions it deems appropriate to protect its interests in this matter, to include institution of formal legal proceedings against the violating parties.

I further note that your letter of June 17, 2014, seeks to require us to notify you "within five business days of this letter . . ." that a document used at a deposition that was previously classified as confidential in accordance with the terms of the Protective Order is confidential. I direct your attention to Paragraph K, on page 8, of the Protective Order. The Protective Order states, in relevant part, "Counsel for the party claiming confidentiality will respond in writing within ten (10) Days, and the parties will meet and confer to resolve the dispute." We object to purporting to establish deadlines which are inconsistent with the Protective Order.

We also would like to resolve any legitimate disagreements concerning the classification of specific documents without burdening the court. A blanket request is not appropriate or called for. If you are requesting specific documents to be declassified, please provide us with the Bates number and/or copy of the document for which you are requesting declassification. Upon receipt of the same, we will review the request and provide a response specific to the identified document(s).

**RB** REES BROOME, PC
──────────── ATTORNEYS AT LAW

Bryan Barnhart, Esq.
June 24, 2014
Page 3

If you have any questions, please feel free to contact me or Ms. Mullins.

Very truly yours,

REES BROOME, PC

By: *[signature]*

Andrew B. Golkow

ABG:spg
cc:  Scott E. Bayzle
     William G. Pappas
     Duane Miller
     James Pardo

K:\05\05007\00001\110906 MTBE Subpeona\CORR\140624 letter from A Golkow to B Barnhart.docx