UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation | Master File No. 1:00 – 1898 MDL 1358 (SAS) M21-88 |
| This Document Relates To: | The Honorable Shira A. Scheindlin |
| *Orange County Water District v. Unocal Corporation, et al.,* Case No. 04 Civ. 4968 (SAS) | |

**REPLY MEMORANDUM OF DEFENDANTS
ATLANTIC RICHFIELD COMPANY, BP WEST COAST PRODUCTS LLC, BP
PRODUCTS NORTH AMERICA, INC., ARCO CHEMICAL COMPANY,
LYONDELL CHEMICAL COMPANY, SHELL OIL COMPANY, EQUILON
ENTERPRISES LLC, TEXACO REFINING AND MARKETING INC., TESORO
CORPORATION, TESORO REFINING AND MARKETING COMPANY, UNION OIL
COMPANY OF CALIFORNIA AND UNOCAL CORPORATION
IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT
<u>DUE TO LACK OF INJURY AND DAMAGES AT CERTAIN TRIAL SITES</u>**

# **TABLE OF CONTENTS**

ARGUMENT ................................................................................................................................. 3

I. BROWN'S TESTIMONY SPEAKS FOR ITSELF AND DEMONSTRATES
   PLAINTIFF'S INABILITY TO PROVE DAMAGES OR INJURY ...................................... 3

II. WHEATCRAFT'S DECLARATION IS INSUFFICIENT TO PROVE
    COGNIZABLE DAMAGES AND, BECAUSE IT CONTRADICTS HIS
    DEPOSITION TESTIMONY, IT SHOULD BE DISREGARDED. ....................................... 4

III. BOLIN'S DECLARATION DOES NOT SUPPORT A FINDING OF INJURY OR
     DAMAGES AT THE FOUR STATIONS. ............................................................................. 6

IV. OCWD'S "JUDICIAL ESTOPPEL" ARGUMENT LACKS MERIT. .................................. 7

# **TABLE OF AUTHORITIES**

*Cases*

*Beck Dev. Co. v. S. Pac. Transp. Co.,*
  52 Cal. Rptr. 2d 518 (Cal. Ct. App. 1996) ................................................................... 4

*Caminetti v. Manierre,*
  23 Cal.2d 94, 142 P.2d 741 (1943) ............................................................................. 2

*Cleveland v. Policy Mgmt. Sys. Corp.*,
  526 U.S. 795 (1999) ..................................................................................................... 6

*Frustuck v. City of Fairfax*,
  212 Cal. App. 2d 345 (1st Dist. 1963) ........................................................................ 2

*Hayes v. NYC Dep't of Corrs.*,
  84 F.3d 614 (2d Cir. 1996) .......................................................................................... 5

*In re Fosamax Prods. Liab. Litig.*,
  707 F.3d 189 (2d Cir. 2013) ........................................................................................ 5

*In re MTBE,*
  2007 WL 700819 (S.D.N.Y., Mar. 7, 2007) ........................................................... 3, 7

*In re MTBE,*
  2009 U.S. Dist. LEXIS 106860 (S.D.N.Y. 2009) ...................................................... 7

*In re MTBE,*
  2014 WL 630636 (S.D.N.Y. Feb. 18, 2014) ............................................................... 4

*In re MTBE,*
  279 F.R.D. 131 (S.D.N.Y. 2011) ................................................................................ 6

*In re MTBE,*
  824 F. Supp. 2d 524 (S.D.N.Y. 2011) .................................................................... 4, 7

*In re MTBE,*
  980 F. Supp. 2d 425 (S.D.N.Y 2013) ................................................................. 3, 5, 6

*Mangini v. Aerojet-Gen. Corp.*,
  230 Cal.App.3d 1125 (1991) ....................................................................................... 4

*McGlinchy v. Shell Chem. Co.,*
  845 F.2d 802 (9th Cir. 1988) ....................................................................................... 2

*New Hampshire* v. *Maine,*
  532 U.S. 742 (2001) ..................................................................................................... 7

*Newhall Land & Farming Co.* v. *Sup. Ct.,*
  19 Cal.App.4th 334 (Cal. App. 1993) ........................................................................ 4

*Prendergast v. Hobart Corp.*,
  2010 WL 3199699 (E.D.N.Y. 2010) .......................................................................... 5

*Vestar Dev. II, LLC v. General Dynamics Corp.*,
  249 F.3d 958 (9th Cir. 2001) ....................................................................................... 2

*Statutes*

Cal. Civ. Code § 3283 ............................................................................................................. 2

In their opening brief, moving Defendants demonstrated, using the admissions of plaintiff OCWD's expert Anthony Brown, that OCWD's claims at four of the focus trial sites[1] cannot survive summary judgment because OCWD cannot identify a compensable injury or cognizable damages at those sites.  In response, OCWD tries three different approaches to avoid the consequences of Brown's admissions, none of which suffices to defeat summary judgment.  *First*, OCWD submits artfully-worded declarations from Stephen Wheatcraft and David Bolin in an effort to show generally that OCWD suffered a compensable injury at each of the "Focus Plumes."  But neither declaration, nor any of the other materials OCWD submits in opposition to Defendants' motion, creates a genuine issue of fact as to whether OCWD can prove a compensable injury *at these stations*; Brown's testimony shows that it cannot.  *Second*, OCWD argues that Wheatcraft's modeling ties each station to current or future impacts to supply wells in OCWD's service area.  However, in his deposition, Wheatcraft specifically disclaimed the ability to tie MTBE from any particular station to impacts to any supply well, and the Court should therefore disregard anything contradictory in his declaration.  *Third*, OCWD argues that Defendants conceded that OCWD had been injured at each station when they prevailed on their limitations motion.  OCWD, however, conflates the issues of when, accepting as true its own allegations, any injury it alleges accrued for purposes of the Court's limitations analysis, and whether it can prove any compensable damages as a result of the injury it claims.

OCWD also misapprehends its burden in responding to Defendants' motion.  Under black-letter California law, a plaintiff bears the burden of proving its damages, and "[s]ummary judgment is appropriate where [a plaintiff has] no expert witness or designated documents

---

[1] The former Beacon Bay Auto Wash at 10035 Ellis Avenue, Fountain Valley ("Beacon Bay FV"); Unocal #5399, 9525 Warner Avenue, Huntington Beach ("Unocal #5399"); Unocal #5123, 14972 Springdale Street, Huntington Beach ("Unocal #5123"); and Thrifty 368, 6311 Westminster Boulevard, Westminster ("Thrifty 368").

providing competent evidence from which a jury could fairly estimate damages." *McGlinchy v. Shell Chem. Co.,* 845 F.2d 802, 808 (9th Cir. 1988). In order for future damages to be awarded, such damages must be "certain to result in the future." Cal. Civ. Code § 3283; *Vestar Dev. II, LLC v. General Dynamics Corp.*, 249 F.3d 958, 961 (9th Cir. 2001) ("[i]t has long been settled in California that 'the proof must establish with reasonable certainty and probability that damages will result in the future to the person wronged'"), quoting *Caminetti v. Manierre,* 23 Cal.2d 94, 101, 142 P.2d 741, 745 (1943); *Frustuck v. City of Fairfax*, 212 Cal. App. 2d 345, 367-68 (1st Dist. 1963) ("damages which are … merely possible cannot serve as a legal basis for recovery"). Thus, OCWD had to come forward with admissible evidence as to its injury and damages at these four stations. It has not spent a nickel at any of the stations, and speculation by an expert that a station "possibly" requires more remediation (or possibly does not), or that it "possibly" poses a threat (or possibly does not), is insufficient. Summary judgment is appropriate.

OCWD tries to distinguish its claims for these four stations from those made by the City of Fresno, which this Court dismissed on summary judgment due to Fresno's inability to prove harm or damages, but its efforts are unavailing. OCWD says its case is different because it is about "plumes," while Fresno's case was about "stations." It is a spurious distinction. Each "plume" that supposedly exists beneath Orange County is, according to OCWD, the result of gasoline releases at particular stations it identified, just as the alleged "threat" to the wells in Fresno was claimed to be from MTBE released at particular stations. That OCWD chooses to refer to those releases as a "plume" is of no consequence.[2] Fresno's allegations were nearly identical to OCWD's here: it sought, as this Court observed, "damages in order '"to remove

---

[2] Brown and Wheatcraft disagree on the fundamental premise of OCWD's case – that the "Focus Plumes" consist of "commingled plumes" of MTBE from all the stations OCWD associates with each Focus Plume. In the vast majority of cases, Brown could not make that determination, or affirmatively said it was not the case. Condron Decl. Exh. 2 (Brown Exh. 36, Column 5).

2

MTBE and TBA pollution from drinking water supplies, to restore the reliability of Fresno's water system and drinking water supply, [and] to abate MTBE ... *plumes*.'"" *In re MTBE*, 980 F. Supp. 2d 425, 437 (S.D.N.Y 2013) (internal citations omitted).  In granting Defendants' motions in *Fresno*, this Court found that "Fresno has presented no evidence from which a reasonable jury could find that the groundwater and soil contamination at the sites at issue in this motion threaten its production wells."  *Id.*  Similarly, OCWD presents no such evidence here.

## ARGUMENT

### I.  BROWN'S TESTIMONY SPEAKS FOR ITSELF AND DEMONSTRATES PLAINTIFF'S INABILITY TO PROVE DAMAGES OR INJURY.

OCWD quibbles with the implications of Brown's testimony, but it cannot challenge or refute the fact that Brown could not opine that any of these four stations "more likely than not" requires additional on-site or off-site remediation, or "more likely than not" poses a threat to drinking water.  The most OCWD can say is that Brown thinks that, due to "data gaps," more investigation is needed to determine what, if any, additional remediation should be undertaken at the four stations.  But speculation about perceived "data gaps" does not meet OCWD's burden to demonstrate the existence of compensable damages at any of the four stations, or justify the fishing expedition OCWD proposes to conduct.

As this Court has found, OCWD's claims rest on its alleged need to remediate MTBE that supposedly "escaped remediation" at the "focus plume" stations and, according to OCWD, threatens the deeper aquifers in OCWD's service area.  *In re MTBE*, 2007 WL 700819, *6 (S.D.N.Y., Mar. 7, 2007).  Thus, OCWD needed to come forward with evidence demonstrating that remediation will be needed at the four stations at issue.  It did not.  Brown was the only expert proffered on the need for additional remediation and damages for these four stations, and he did not offer any such evidence.  Instead, he opined only that around $79,000 of additional

3

investigation – none of which has actually been done – should be conducted to determine whether the four sites need to be remediated further. In other words, Brown wants to spend $79,000 at each station to determine *whether OCWD in fact has any damages at them.* That is insufficient to carry OCWD's burden. *In re MTBE*, 824 F. Supp. 2d 524, 541 (S.D.N.Y. 2011) ("'the burden must be on the plaintiff to establish some measure of such things as the magnitude and likelihood of the danger and "it cannot be enough to merely suggest a danger and assert that it has not been ruled out"'"), quoting *Beck Dev. Co. v. S. Pac. Transp. Co.,* 52 Cal. Rptr. 2d 518, 549 (Cal. Ct. App. 1996). *See also In re MTBE,* 2014 WL 630636 (S.D.N.Y. Feb. 18, 2014) (granting summary judgment for defendants where "[p]laintiffs' claims rest on [Brown's] expert report which states that further investigation 'may' reveal the necessity of additional remediation or for primary restoration – or may reveal nothing"); *In re MTBE*, 824 F. Supp. 2d at 534-35 (rejecting OCWD Act claims because "[t]he costs incurred for remediation are recoverable, but the costs incurred for investigation are not").[3]

## II. WHEATCRAFT'S DECLARATION IS INSUFFICIENT TO PROVE COGNIZABLE DAMAGES AND, BECAUSE IT CONTRADICTS HIS DEPOSITION TESTIMONY, IT SHOULD BE DISREGARDED.

Recognizing that Brown's opinions are insufficient to carry its summary judgment burden, OCWD instead turns to Stephen Wheatcraft, a groundwater modeler. Wheatcraft provides a declaration claiming that his groundwater model "depicts the transport of MTBE released at each focus plume station through the aquifer to production wells within the District's service area, although the model does not isolate each station," and that "[t]he model shows that

---

[3] OCWD claims that "testing costs" are sufficient to prove "special injury," citing *Newhall Land & Farming Co*. v. *Sup. Ct.,* 19 Cal.App.4th 334, 341 (Cal. App. 1993), and *Mangini v. Aerojet-Gen. Corp.*, 230 Cal.App.3d 1125, 1138 (1991). *Newell* says no such thing. *Mangini* also provides no support for OCWD. There, the plaintiff had been ordered to conduct testing by governmental authorities; here, the station owners have been conducting testing as ordered by governmental authorities. OCWD is in no way compelled to do anything at these stations. Nor has it spent any money on testing at the stations at issue on this motion. *See infra*, at 6.

MTBE from each of the focus plume stations has contributed to at least one focus plume." Wheatcraft Decl. ¶¶ 4, 5, 12-15.  OCWD uses statements like this to argue that "Dr. Wheatcraft testified that MTBE from all of the focus plume stations, including the four that are the subject of defendants' 'no injury' motion, will impact District production wells."  OCWD Opp. Br. to Defendants' Motion for Partial Summary Judgment at 3.

Temporarily setting aside the serious flaws in Wheatcraft's modeling,[4] his declaration, as interpreted by OCWD, flatly contradicts his deposition testimony in this matter, in which he disclaimed any ability to trace MTBE released at a particular station to any particular production well or monitoring well.  His testimony was clear and unequivocal.  *See generally* Defendants' Objection to and Motion to Strike the Declaration of Stephen Wheatcraft.  Wheatcraft conceded that he could not tie *any* station – let alone these four – to an impact or damages to a production well, as OCWD must do to recover.  *See In re MTBE*, 980 F. Supp. 2d at 455 (expert report failed to establish existence of injury where did not contain "specific evidence tying a release at a station to the threat of harm to [Plaintiff's] production wells").

OCWD, of course, "may not create an issue of fact by submitting an affidavit that contradicts [its] expert's prior sworn deposition testimony." *Prendergast v. Hobart Corp.*, 2010 WL 3199699, *5 (E.D.N.Y. 2010), citing *Hayes v. NYC Dep't of Corrs.*, 84 F.3d 614, 619 (2d Cir. 1996); *In re Fosamax Prods. Liab. Litig.*, 707 F.3d 189, 193-94 (2d Cir. 2013) ("sham issue of fact" doctrine "prohibits a party from defeating summary judgment simply by submitting an affidavit that contradicts the party's previous sworn testimony," and also applies to experts);

---

[4] Wheatcraft was plaintiff's modeler in the *Crescenta Valley Water District* case.  Following an evidentiary hearing, the trial court excluded Wheatcraft's testimony under Rule 702 because "the Court [wa]s left with the impression that [his] model was specifically created for the purpose of ensuring that necessary levels of MTBE would appear in Plaintiff's wells, and the model was changed to further that goal rather than to reflect objective, verifiable, and scientifically based decisions."  Condron Reply Decl. Exh. 1, at 17.  Defendants plan to challenge the admissibility of Wheatcraft's modeling in this case at the appropriate time.

*Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 806 (1999) (noting the "virtual unanimity" among courts that a "party cannot create a genuine issue of fact sufficient to survive summary judgment simply by contradicting his or her own previous sworn statement"). Wheatcraft's declaration therefore should be disregarded. But Wheatcraft's declaration misses the mark for still another reason. Like Brown, Wheatcraft never identifies any additional remedial work needed at the four stations. That is the relief that OCWD purports to seek (*e.g.*, 3d Am. Compl. ¶105), and neither Wheatcraft nor Brown can support it at these stations. Even if Wheatcraft's declaration did not contradict his deposition testimony, it provides no basis for a jury to determine what, if anything, needs to be done at these stations. Wheatcraft's declaration fails to meet OCWD's burden to show a triable issue of fact as to damages and injury.

### III. BOLIN'S DECLARATION DOES NOT SUPPORT A FINDING OF INJURY OR DAMAGES AT THE FOUR STATIONS.

Bolin's artfully-worded declaration is equally unhelpful to OCWD. Bolin says that OCWD "has incurred substantial costs to conduct Cone Penetration Testing and groundwater sampling of stations associated with Bellwether Plume Nos. 1, 3 and 9, as well as non-station specific costs…." Bolin Decl. ¶ 7. Setting aside that the Court has already ruled that OCWD may not rely on these costs because, among other things, they were incurred after the discovery cut-off (*In re MTBE*, 279 F.R.D. 131, 138 & nn.61-62 (S.D.N.Y. 2011)), Bolin tellingly never says that those costs were incurred *at these four stations* – because they were not.[5]

OCWD cannot establish the existence of any compensable injury at these sites, and summary judgment for Defendants is warranted. *In re MTBE*, 980 F. Supp. 2d at 455 (*City of Fresno*) (plaintiff must establish the existence of an injury or a threat of imminent injury as a

---

[5] *See* Exh. 14 to the Declaration of Justin Massey, submitted in opposition to Defendants' Omnibus Motion for Summary Judgment (showing that OCWD has paid a consultant to perform CPT testing at 10 sites (Sites A-J), none of which is at issue on this motion.)

prerequisite to recovering damages); *In re MTBE*, 824 F. Supp. 2d at 536; *In re MTBE*, 2007 WL 700819 at *6 (S.D.N.Y. Mar. 7, 2007).

## IV.     OCWD'S "JUDICIAL ESTOPPEL" ARGUMENT LACKS MERIT.

Finally, OCWD's argument that Defendants cannot prevail on this motion because they previously succeeded on their limitations motion entirely misconstrues this motion, Defendants' limitations motion and the Court's ruling, as well as the doctrine of judicial estoppel. Defendants' motion on limitations accepted OCWD's claims of injury as true for purposes of that motion; what Defendants argued, and the Court found, was that even if OCWD's claims of injury were true, those injuries were time-barred due to OCWD's inaction.  That does not mean that OCWD actually has compensable injury or damages.  *Cf. In re MTBE*, 2009 U.S. Dist. LEXIS 106860, *12 (S.D.N.Y. 2009) ("neither the speculative nor uncertain character of the damages nor the difficulty of proof will toll the period of limitation"); *In re MTBE*, 824 F. Supp. 2d at 539.  At issue here is whether OCWD can prove essential elements of its claim – compensable injury and damages.  As Defendants demonstrate, it cannot.  There is nothing remotely, let alone "clearly," inconsistent in Defendants' positions, meaning that OCWD cannot meet the first prerequisite for application of judicial estoppel – the existence of an inconsistency in Defendants' position.  *New Hampshire* v. *Maine,* 532 U.S. 742, 750-51 (2001).  Defendants' motion should be granted.

Dated: August 11, 2014

Respectfully submitted,

_____
Richard E. Wallace, Jr.
Peter C. Condron
SEDGWICK LLP
2900 K Street, N.W.
Harbourside – Suite 500
Washington, D.C. 20007
Telephone: (202) 204-1000
Facsimile: (202) 204-1001

Attorneys for Defendants
Shell Oil Company, Equilon Enterprises LLC, and
Texaco Refining and Marketing Inc.

And on behalf of the Defendants listed on
Attachment A

# **ATTACHMENT A**

Atlantic Richfield Company

ARCO Chemical Company

BP Products North America, Inc.

BP West Coast Products LLC

Equilon Enterprises LLC

Lyondell Chemical Company

Shell Oil Company

Tesoro Corporation (formerly known as Tesoro Petroleum Corporation)

Tesoro Refining and Marketing Company (erroneously named as Tesoro Refining and Marketing Company, Inc.)

Texaco Refining and Marketing Inc.

Union Oil Company of California

Unocal Corporation