# Exhibit 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  CV 07-2630-JST (ANx)            Date: January 8, 2013
Title:  Crescenta Valley Water District v. Exxon Mobile Corp., et al.

Present: **Honorable JOSEPHINE STATON TUCKER, UNITED STATES DISTRICT JUDGE**

| Ellen Matheson | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                              Not Present

**PROCEEDINGS:  (IN CHAMBERS)  ORDER GRANTING DEFENDANTS' MOTION IN LIMINE #1 (Doc. 107)**

This action arises out of a dispute over the impact of the release of the gasoline additive methyl tertiary butyl ether ("MTBE") on the water supply within the Crescenta Valley Water District. The Crescenta Valley Water District ("Plaintiff" or "District") claims that "Defendants' gasoline stations . . . released an enormous amount of MTBE into the groundwater, and that MTBE is now moving down through the wash with the flow of groundwater and contaminating the District's wells." (Joint Memorandum of Case at 11, Doc. 74.)  Defendants, on the other hand, argue that any MTBE contamination has been, or is in the process of being, cleaned up, such that "[t]oday, these wells now have only trace amounts of MTBE, if any." (*Id.* at 24.) Defendants further argue that "the likelihood that MTBE will meaningfully impact [the District's] wells has diminished to the point of non-existence since the case was filed." (*Id.*) Hence, as to any future damages calculation, the key issue is the accurate prediction of future concentrations of MTBE in the District's wells. To that end, Plaintiff retained Stephen W. Wheatcraft, Ph.D. ("Dr. Wheatcraft") to model future groundwater and contaminant flow in order to predict the specific impact on the wells.

Before the Court is Defendants' Motion in Limine to Exclude Testimony of Dr. Wheatcraft ("Motion") pursuant to Federal Rule of Evidence 702. (Mot., Doc. 107.) Plaintiff

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. CV 07-2630-JST (ANx) | Date: January 8, 2013 |
| Title: Crescenta Valley Water District v. Exxon Mobile Corp., et al. | |

filed its opposition, and Defendants replied. (Opp'n, Doc. 181; Reply, Doc. 207.) The Court heard argument on the Motion on July 9, 2012, and held an evidentiary hearing on August 22, 2012 ("Hearing"). (Doc. 236; Doc. 239.) Thereafter, the parties filed post-hearing briefs, and that briefing was complete as of September 21, 2012. (Pl. Br., Doc. 251; Def. Br., Doc. 252.) Having reviewed the papers on file in this action and considered the testimony from the August 22, 2012, *Daubert* hearing, the Court GRANTS Defendants' Motion in Limine. The Court concludes that the inability of Dr. Wheatcraft's model to replicate real-world data—i.e., it's failure to accurately capture past or present concentrations of MTBE in the District Wells – is a result of critical failures in methodology. In its role as gatekeeper, the Court must exclude Dr. Wheatcraft's testimony.

**I.      Background**

Plaintiff hired Dr. Wheatcraft to assess the source(s) of the MTBE in Crescenta Valley and to predict the amounts of MTBE that would get into District wells. (Tr. 31:5-8, Doc. 247.) To do this, Dr. Wheatcraft modified existing models to create a model that spans 78 years and an area of roughly seventeen square miles. (Tr. 47:15-16.) The model covers an historical period from 1995 through 2009, and the model's predictive phase began in 2010. (Tr. 52:1-2, 74:8-10.) Dr. Wheatcraft conducted 8 runs of his model before he issued his first expert report ("Report") dated July 2010. (Tr. 118:8-14, 149:9-15.) He then conducted three more runs and issued a supplemental rebuttal report ("Supplemental Report") dated September 2011, which was based on Run 11. (Tr. 117:10-12.)

To create his model, Dr. Wheatcraft started with existing, available computer models that measure groundwater flow (known as a "groundwater flow model"), that determine concentrations of the contaminant (known as a "transport model"), and that display the results

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV 07-2630-JST (ANx)                                      Date: January 8, 2013
Title: Crescenta Valley Water District v. Exxon Mobile Corp., et al.

Despite the *Daubert* requirement that "[p]roposed testimony must be supported by appropriate validation," Plaintiff has not provided such evidence. *See Daubert I*, 509 U.S. at 590. Plaintiff instead relies solely on Dr. Wheatcraft's word that the model can accurately predict MTBE levels despite its historical failure to comport with real-world data. Moreover, though the GeoMatrix model was created for nonlitigation purposes, Dr. Wheatcraft's modified model and his Report were created solely for litigation purposes. Plaintiff is therefore "required to come forward with other objective, verifiable evidence that the testimony is based on scientifically valid principles." *Cano v. Cont'l Airlines*, 193 F. App'x 664, 666 (9th Cir. 2006) (quoting *Daubert I*, 509 U.S. at 597) (internal quotation marks omitted) (finding district court did not abuse discretion in excluding expert testimony where "[a]ppellants made no real effort to show how [expert] went about reaching his conclusions"). Instead Dr. Wheatcraft appears to have made certain assumptions about the source term and bedrock thickness without also providing "objective, verifiable evidence" about why those assumptions were made. Further, the model runs lack comprehensive descriptions that would easily enable third-party verification of the principles on which the runs were based. Finally, while modeling may not be an exact science, the lack of accuracy in Dr. Wheatcraft's calculations as compared to historical and current data, coupled with a lack of calibration or adjustment, raises serious concerns about the reliability of Dr. Wheatcraft's research. *Accord Abcara*, 761 F. Supp. 2d at 1074.

In short, the Court is left with the impression that the model was specifically created for the purpose of ensuring that necessary levels of MTBE would appear in Plaintiff's wells, and the model was changed to further that goal rather than to reflect objective, verifiable, and scientifically based decisions.

"Any step that renders the analysis unreliable renders the expert's testimony inadmissible." *AG of Okla. v. Tyson Foods, Inc.*, 565 F.3d 769, 780 (10th Cir. 2009) (affirming

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV 07-2630-JST (ANx)                                      Date: January 8, 2013
Title:  Crescenta Valley Water District v. Exxon Mobile Corp., et al.

district court finding that expert testimony was unreliable where expert work had not been peer reviewed or validated by someone outside litigation); *see also Abcara*, 761 F. Supp. 2d at 1055 (quoting *Mitchell v. Gencorp Inc.,* 165 F.3d 778, 782 (10th Cir. 1999)).  Thus, the Court does not need to consider the others issues raised by Defendants, as any one of the above issues renders the testimony inadmissible.  The Court finds that Dr. Wheatcraft's expert testimony does not meet the standards required by Federal Rule of Evidence 702 and explicated in *Daubert*.

Accordingly, the Court GRANTS Defendants' Motion in Limine to Exclude the Testimony of Stephen W. Wheatcraft.  While Dr. Wheatcraft may testify as to past and current measured MTBE concentrations in the District's wells, and may opine as to which stations/sites caused the contamination, he may not testify or offer opinions regarding future MTBE concentrations.

Initials of Preparer:  enm