UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------x

In re:  Methyl Tertiary Butyl Ether ("MTBE")    :
Products Liability Litigation

                                              :

This Document Relates To:    :
*Orange County Water District v. Unocal*
*Corporation, et al.,* Case No. 04 Civ. 4968    :
(SAS)
                                              :

                                              :

------------------------------------------x

**Master File No. 1:00-1898**
**MDL No. 1358 (SAS)**
**M21-88**

The Honorable Shira A. Scheindlin

**REPLY MEMORANDUM OF LAW
IN SUPPORT OF BP AND SHELL DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT BASED ON *RES JUDICATA***

## <u>TABLE OF CONTENTS</u>

I.  OCDA ALREADY LITIGATED OCWD'S "CAUSE OF ACTION" FOR MTBE IN
GROUNDWATER, AS THE *SAME HARM* WAS AT ISSUE IN BOTH ACTIONS ............. 1

   A. Application of *Res Judicata* Does Not Turn On Whether Both Cases Involve the
   Same Common Law or Statutory Causes of Action ................................................1

   B. OCWD's Purported Usufructuary Right Does Not Change This Result ..............................2

   C. No Meaningful Difference Exists Between OCWD's and the OCDA's Nuisance
   Claims for *Res Judicata* Purposes..........................................................3

II. OCWD IS A STATE AGENCY, BUT EVEN IF IT WERE NOT, IT IS STILL IN PRIVITY
WITH OCDA FOR *RES JUDICATA* PURPOSES ................................................. 4

III.  NOTHING IN THE FINAL JUDGMENTS BARS APPLICATION OF *RES JUDICATA*
TO OCWD'S CLAIMS ........................................................................ 6

## <u>TABLE OF AUTHORITIES</u>

*Cases*

*Boeken v. Philip Morris USA, Inc.*,
   48 Cal.4th 788 (2010) ............................................................................................ 1

*Citizens for Open Access to Sand & Tide, Inc. v. Seadrift Ass'n*,
   60 Cal.App.4th 1053 (1998) ........................................................................ 3, 4, 5, 7

*City of Chino v. Superior Court*,
   255 Cal.App.2d 747 (1967) ..................................................................................... 5

*Ellena v. State*,
   69 Cal.App.3d 245 (1977) ....................................................................................... 7

*In re Mark IV Indus.*,
   No. 09BK12795 (Bankr. S.D.N.Y.) ....................................................................... 5

*In re MTBE*,
   2007 WL 700819 (S.D.N.Y. 2007) ......................................................................... 5

*In re MTBE*,
   2014 WL 630636 (S.D.N.Y. 2014) ......................................................................... 1

*In re MTBE*,
   2014 WL 840955 (S.D.N.Y. 2014) ......................................................................... 1

*In re MTBE*,
   279 F.R.D. 131 (S.D.N.Y. 2011) ............................................................................ 4

*In re MTBE*,
   475 F.Supp.2d 445 (S.D.N.Y. 2006) ...................................................................... 2

*In re MTBE*,
   522 F.Supp.2d 557 (S.D.N.Y. 2007) ...................................................................... 4

*In re MTBE*,
   522 F.Supp.2d 569 (S.D.N.Y. 2007) ...................................................................... 5

*In re MTBE*,
   824 F.Supp.2d 524 (S.D.N.Y. 2011) ................................................................... 2, 4

*Johnson v. Am. Stand. Inc.*,
   43 Cal.4th 56 (2008) .............................................................................................. 3

*Mitchell v. Nat'l Broad. Co.*,
   553 F.2d 265 (2d Cir. 1977) ................................................................................... 7

*N. Cal. River Watch v. Humboldt Petroleum, Inc.*
   162 Fed.Appx. 760 (9th Cir. 2006) ..................................................................... 1, 4

*Newhall Land & Farming Co. v. Superior Court*,
   19 Cal.App.4th 334 (Cal. App. 1993) .................................................................... 4

*Orange County Water Dist. v. Arnold Eng'g*,
  196 Cal.App.4th 1101 (2011) ...................................................................... 4

*Rynsburger v. Dairymen's Fertilizer Coop.*,
  266 Cal.App.2d 269 (1968) .................................................................... 4, 5

*Selma Pressure Treating Co. v. Osmose Wood Preserving Co.*,
  221 Cal.App.3d 1601 (1990) ...................................................................... 3

*Sierra Club v. Two Elk Generation Partners, Ltd.*,
  646 F.3d 1258 (10th Cir. 2011) ................................................................. 1

*Supporters to Oppose Pollution v. Heritage Group*,
  973 F.2d 1320 (7th Cir. 1992) ................................................................... 4

*Venuto v. Owens-Corning Fiberglass Corp.*,
  22 Cal.App.3d 116 (1971) ......................................................................... 4

*Villacres v. ABM Indus., Inc.*,
  189 Cal.App.4th 562 (2010) ................................................................... 1, 6

### Statutes

28 U.S.C. § 1738 .......................................................................................... 7

Cal. Civ. Code § 3479 .................................................................................. 3

Cal. Civ. Code § 3480 .................................................................................. 3

Cal. Code Civ. Proc. § 731 .......................................................................... 3

*Cal. Govt. Code* § 16271(d) ........................................................................ 5

Defendants Atlantic Richfield Company, BP West Coast Products LLC, and BP Products North America, Inc. (collectively "BP") and Shell Oil Company, Equilon Enterprises LLC, and Texaco Refining and Marketing Inc. ("Shell") submit the following Reply.

**I.      OCDA ALREADY LITIGATED OCWD'S "CAUSE OF ACTION" FOR MTBE IN GROUNDWATER, AS THE *SAME HARM* WAS AT ISSUE IN BOTH ACTIONS**

**A.      Application of *Res Judicata* Does <u>Not</u> Turn On Whether Both Cases Involve the Same Common Law or Statutory Causes of Action**

Orange County Water District ("OCWD") argues that *res judicata* is lacking because the Orange County District Attorney's ("OCDA's") claims were based upon different statutory authority than OCWD's "common-law and statutory causes of action" (Opposition, p. 2). However, whether the statutory basis for and title of the claims asserted is identical is not determinative.  What matters is that both actions seek recovery for the *same harm* and the same "primary right" with respect to MTBE in Orange County groundwater.  *Boeken v. Philip Morris USA, Inc.*, 48 Cal.4th 788, 814 (2010) [*res judicata* turns on the "harm suffered, regardless of the specific remedy sought or the legal theory (common law or statutory) advanced"].  *Accord N. Cal. River Watch v. Humboldt Petroleum, Inc.* 162 Fed.Appx. 760, 763 (9th Cir. 2006) [holding environmental group's claims to be "the same as those covered by the Consent Decree [as] they stem from the same wrong, the release of petroleum from tanks, pipes and other sources"], *cited with approval in Villacres v. ABM Indus., Inc.*, 189 Cal.App.4th 562, 585 (2010) [*res judicata* properly applied where second suit was based on different statute than first suit].[1]  Thus, contrary to OCWD's erroneous assertion, to successfully assert *res judicata*, Defendants need not "identify a statute that specifically authorized OCDA to prosecute [OCWD's] common-law and statutory causes of action" (Opposition, p. 2).

---

[1] OCWD's petulant entreaty for this Court to ignore the *River Watch* decision should be rejected. The case is relied upon in various *published* decisions (*see Villacres, supra,* 189 Cal.App.4th at 585; *Sierra Club v. Two Elk Generation Partners, Ltd.*, 646 F.3d 1258, 1270 n.5 (10th Cir. 2011)), and unpublished opinions may be cited under Second Circuit Local Rule 32.1.1(a).  *See also In re MTBE*, 2014 WL 630636, *3 n.45 (S.D.N.Y. 2014); *In re MTBE*, 2014 WL 840955 (S.D.N.Y. 2014) (giving "persuasive weight" to unpublished New Jersey decisions).

**B.     OCWD's Purported Usufructuary Right Does Not Change This Result**

In another transparent effort to avoid *res judicata*, OCWD defaults to the position that its "common-law causes of action *primarily* seek remedies for harm to the district's property interests."  (Opposition, p. 4, *citing In re MTBE,* 475 F.Supp.2d 445, 461 (S.D.N.Y. 2006).) OCWD's Third Amended Complaint, however, is not so limited; it is replete with allegations that OCWD is seeking to represent others within the district, and to conduct investigations and remediate groundwater irrespective of any usufructuary right:

> "The California State Legislature has charged [OCWD] with preventing pollution and contamination of the water supply of the District." (Complaint ¶ 1)

> "The Legislature… expressly granted the District the right, and duty, among other things, to litigate in order to protect groundwater resources and to represent the rights of water users within its territory." (Complaint ¶ 5)
> * * *
> "There are over four hundred confirmed MTBE release sites in the District contaminating and threatening the water supplies of overlying owners and other water users within the District.  [And] the District and the water users it represents have suffered injury in fact as a result of MTBE and/or TBA contamination and threat of contamination in water supply wells in the District's groundwater resources." (*Id.*; *see also* ¶¶ 3, 88).

Moreover, as this Court previously observed in adjudicating partial summary judgment on OCWD's public nuisance and trespass claims:

> "The record contains unrebutted material facts as to whether, even if OCWD possessed a usufructuary right in the groundwater, it (1) has abandoned that right by failing to exercise it or (2) does not intend to exercise it with respect to the shallow groundwater where MTBE has been detected.  [Citations omitted.]"

*In re MTBE*, 824 F.Supp.2d 524, 547 n.135 (S.D.N.Y. 2011).

Additionally, this Court has correctly recognized that OCWD's purported usufructuary right is "subordinate to the State (acting pursuant to the public trust), any overlying right holders… and the purveyors that actually pump the water out of the ground and provide it to customers" (*Id.* at 546-547).  Here, of course, OCWD itself does not operate any production wells as would be required to exercise usufructuary water rights.  (*Id.* at 530 ["OCWD does not own any *production wells* (*i.e.*, wells used to provide water to the public)"] (emphasis original).)

Lastly, in the BP and Shell Final Judgments and Releases, the OCDA resolved whatever existing usufructuary rights that might have existed in favor of OCWD with respect to the

public's interest in MTBE-impacted Orange County groundwater. *Citizens for Open Access to Sand & Tide, Inc. v. Seadrift Ass'n*, 60 Cal.App.4th 1053, 1073 (1998) ("*COAST*") ["Where… authority to pursue public rights or interests in litigation have been given to a public entity by statute, a judgment rendered is *res judicata* as to all members of the class represented"].  The OCDA's action necessarily included resolution of any usufructuary claim related to MTBE in groundwater that could be asserted by OCWD.  *See Selma Pressure Treating Co. v. Osmose Wood Preserving Co.*, 221 Cal.App.3d 1601, 1617 (1990) (Citations and quotations omitted) ["The state's property interest in groundwater… is no less usufructuary than that of private ownership, and public waters may be duly used, regulated and controlled in the public interest"], *disapproved on other grounds in Johnson v. Am. Stand. Inc.*, 43 Cal.4th 56, 70 (2008).

Accordingly, OCWD's purported usufructuary right in groundwater is a mirage that cannot save its case.  The groundwater at issue in the OCDA lawsuits and Final Judgments is the same water resource that is at issue again here; OCWD's suit is for the *same harm* and seeks to pursue the same "cause of action" based on the same "primary right" as the OCDA's lawsuits.

### C.   No Meaningful Difference Exists Between OCWD's and the OCDA's Nuisance Claims for *Res Judicata* Purposes

OCWD's assertion that "two different and mutually exclusive types of causes of action" for public nuisance are created by Cal. Code Civ. Proc. § 731 is both legally erroneous and irrelevant. (Opposition, pp.6-8.)  Rather, "nuisance" is generally defined in Cal. Civ. Code § 3479, and if the nuisance "is one which affects at the same time an entire community or neighborhood, or any considerable number of persons," then it constitutes a public nuisance under Cal. Civ. Code § 3480.  In other words, if the *harm* rises to the level of a public nuisance, then the nature of the *harm* required to support a public nuisance claim is the same whether the claim is pursued by the OCDA or OCWD.  Again, the fact that OCWD claims a "property owner" interest in groundwater is irrelevant to proving "public harm."  As this Court observed:

> "Although a required element of OCWD's public nuisance claim (given its prayer for damages) is a showing of special injury to *its* property interest… the primary 'injury' that it must show to sustain its public nuisance claim is an injury to the *public* -- an 'offense [] against, or interference with, *the exercise of rights*

> *common to the public.*  The fact that OCWD *the regulatory body* is harmed by MTBE detections… in shallow aquifers… does not prove, as a matter of law, that such contamination has substantially and unreasonably interfered with *the public's* use of the water."

*In re MTBE*, 824 F.Supp.2d at 539 (emphasis original).  Similarly, that OCWD's public nuisance action is *not* brought "on the public's behalf but rather in its own name" is strictly beside the point.  *In re MTBE*, 279 F.R.D. 131, 134-35 (S.D.N.Y. 2011), *distinguishing Orange County Water Dist. v. Arnold Eng'g*, 196 Cal.App.4th 1101 (2011).  The harm to the public covered by the claim is the same whether public nuisance is asserted by the OCDA or OCWD.

Moreover, the fact that OCWD, but not the OCDA, could seek public nuisance *damages* is of no consequence, as the *harm* at issue for *res judicata* purposes is the same.  *See Newhall Land & Farming Co. v. Superior Court*, 19 Cal.App.4th 334 (Cal. App. 1993), 380 (1993) [a nuisance may be a public nuisance, a private nuisance, *or both*], *citing Venuto v. Owens-Corning Fiberglass Corp.*, 22 Cal.App.3d 116, 124 (1971); *Rynsburger v. Dairymen's Fertilizer Coop.*, 266 Cal.App.2d 269, 275 (1968) [holding judgment against municipalities in public nuisance litigation "determining that Dairymen's stockpile plant did not constitute a public nuisance bars [homeowner] appellants' suit for a private nuisance"].

Finally, OCWD's argument that its OCWD Act claim – assuming it even has one (*see In re MTBE*, 279 F.R.D. 131, 138 (S.D.N.Y. 2011)) – is not subject to preclusion because the OCDA had no authority to proceed under that statute is equally without merit.  "The law under which a party files suit does not affect *res judicata* if the underlying harm is the same as was previously litigated."  *River Watch*, at 764, *citing COAST*, 60 Cal.App.4th at 1067, and *Supporters to Oppose Pollution v. Heritage Group,* 973 F.2d 1320, 1325 (7th Cir. 1992).

## II.  OCWD IS A STATE AGENCY, BUT EVEN IF IT WERE NOT, IT IS STILL IN PRIVITY WITH OCDA FOR *RES JUDICATA* PURPOSES

OCWD goes to considerable lengths in its Opposition (at pp. 10-12) to establish that it is not a California state agency.  OCWD's hyper-technical analysis is twice flawed.

In the first place, this Court has previously determined that OCWD *acts* as an agency of the State of California.  *In re MTBE*, 522 F.Supp.2d 557, 559 n.9 (S.D.N.Y. 2007) [treating

4

OCWD as a "special district" of the state]; *In re MTBE*, 522 F.Supp.2d 569, 574 (S.D.N.Y. 2007) [referring to OCWD as "a service district [that] is a governmental unit under California law," *citing Cal. Govt. Code* § 16271(d)].  Tellingly, when it suits OCWD, it has relied upon this Court's prior decisions to argue that:  "**OCWD is first and foremost a state environmental agency….**" *See In re Mark IV Indus*., No. 09BK12795 (Bankr. S.D.N.Y.), Response of OCWD to Reorganized Debtor's Objection to Claim No. 1291, Aug. 31, 2010, at 3, quoting *In re MTBE*, 2007 WL 700819, \*3 (S.D.N.Y. 2007) (emphasis added).  Condron Reply Dec., Ex. A.

The second flaw in OCWD's privity argument is that it is based upon the erroneous notion that the OCDA "would not have had standing to enter into a settlement that could preclude the District's cause of action for harm to the District's own property rights." (Opposition, pp. 11-12.)  Again, however, OCWD has confused statutory standing with *privity* for *res judicata* purposes, which requires no such *standing test*.  For example, in *Rynsburger, supra*, 266 Cal.App.2d at 276-77, *res judicata* was applied to bar the nuisance claims of private property owners against a manure plant operator ("Dairymen's") based on the judgment returned in a prior action pursued against Dairymen's by various municipalities.  As the Court instructed:

> [A]ppellants contend that they, as private individuals, have a separate and mutually exclusive cause of action for abatement of a private nuisance which is totally distinguishable, separate and independent of the municipalities' action for public nuisance. … The record discloses, however, … [that] the allegations contained in appellants' … complaint in the Orange County suit are substantially the same contentions set forth in the People's actions [in San Bernardino].

*Accord City of Chino v. Superior Court*, 255 Cal.App.2d 747, 755 (1967) [applying *res judicata* "where the authority to sue is given specifically to a public entity by statute, even though the public entity could not have maintained the action as a representative of the class"].

Therefore, OCWD's disingenuous state agency arguments cannot forestall application of straightforward privity principles as demonstrated in Defendants' opening memorandum.  *See, e.g., COAST, supra,* 60 Cal.App.4th at 1073 n.12 ["where one governmental agency represents the interests of the State of California in prior litigation, and another subsequently seeks to pursue the same issue[, t]he agents of the same government are in privity with each other"].

III.  **NOTHING IN THE FINAL JUDGMENTS BARS APPLICATION OF *RES JUDICATA* TO OCWD'S CLAIMS**

As OCWD correctly notes, nothing in the BP Final Judgment and Release (Cox Dec., Ex. A) "carved out" OCWD's existing rights and potential claims against BP from that judgment.  (Opposition, p. 13.)  Rather, the BP Final Judgment and Release is properly construed as a <u>general</u> <u>release</u> "from any known or unknown past or present claims, violations, or causes of action that were or could have been asserted in the First Amended Complaint" with regard to any "unauthorized release of petroleum product… or additive or constituent of such product…; the use of MTBE and/or other fuel oxygenates in gasoline, or any alleged failure to assess, remediate, or otherwise take corrective action in response to any unauthorized release" whether "asserted or unasserted, known or unknown, etc."  (*Id.*, Ex. A at ¶ 6.1.)  *Villacres, supra,* 189 Cal.App.4th at 589 ["Releases of this kind are not to be shorn of their efficiency by any narrow, technical and close construction…. *If parties intend to have some things open and unsettled their intent so to do should be made manifest*."].  The BP Final Judgment and Release reflects no intent to leave anything open as to UST releases of MTBE, *all of which existed at the time of the OCDA judgment*, from any ARCO sites at issue in OCWD's case *(see* Cox Dec., Ex. C).[2]

Similarly, OCWD argues that the Shell Defendants' Final Judgment cannot bar its claims because the OCDA expressed his "intent" that it would not preclude OCWD's claims.[3]

---

[2] OCWD's arguments to the contrary are unavailing.  That the BP Final Judgment and Release refers to and releases claims that "could have been asserted, based on the facts alleged in the First Amended Complaint" (Cox Dec., Ex. A at ¶ 6.1) does not "carve out" OCWD's common law and statutory claims based on the "same commination" that the OCDA released.  *Villacres, supra*, 189 Cal.App.4th at 586 ["it has been held that even when the court does not have power to adjudicate a claim, it may still 'approve release of that claim as a condition of settlement of an action before it.  [Citation omitted.]"  Finally, that "Plaintiff" is defined in the OCDA's First Amended Complaint (at ¶ 6) as "the public" but *not* including "any water district" which the "District Attorney does not represent" establishes nothing more than the identity of the parties in the OCDA action.  It has never been Defendants' contention that OCWD *was a party* to the OCDA action, or that *res judicata* depended upon OCWD's status *as a party* to that case.

[3] OCWD argues that there is "no evidence" that the Shell Final Judgment applies to the stations at issue here.  OCWD is mistaken.  The Final Judgment is a "final and binding judgment, release, resolution and settlement of all claims, violations, or causes of action that were alleged in the First Amended Complaint against Settling Defendants, or could have been asserted based on the facts alleged in the First Amended Complaint, ***including*** all claims, violations, or causes of action in regards to the sites listed on Exhibit A."  Condron Dec. Ex. C, ¶ 9.0 (emphasis added).

Footnote continued on next page

However, what the OCDA "intended" regarding the effect of the Final Judgments on future claims is of no import; the law dictates that these claims have already been resolved and cannot be brought again.  The parties did not agree, expressly or otherwise, to except OCWD's claims.  When the parties agreed to remove claims from the Final Judgment, they did so explicitly. *Compare* Condron Dec. Ex. C, ¶ 9.1 [providing that the "Final Judgment does not release any claims, violations, or causes of action against Defendant Texaco, Inc."] *with* ¶ 9.4 (stating the OCDA alone "does not intend" the Final Judgment to bar other claims).  *See Ellena v. State*, 69 Cal.App.3d 245, 260-61 (1977) [consent judgment preclusive unless all parties expressly agree to withdraw issue].  Nor is OCWD's "meeting of the minds" argument valid; it cannot challenge the Final Judgment here.  *See* 28 U.S.C. § 1738; *Mitchell v. Nat'l Broad. Co.*, 553 F.2d 265, 273 (2d Cir. 1977) ["Federal courts do not sit to review the determinations of state courts"].[4]

OCWD also makes much of the fact that Shell opposed its attempt to intervene in the OCDA action.  However, Shell did not oppose intervention because it consented to a later action by OCWD, but rather because, despite knowing of the OCDA action for years, OCWD waited until the last minute to seek intervention: "I submit, Your Honor, that this [attempt to intervene] is untimely and should be rejected out of hand."  (Condron Reply Dec. Ex. B, Hearing Trans. at 12).  Moreover, an unsuccessful attempt to intervene prior action does not negate the *res judicata* effect of a judgment.  *See COAST,* 60 Cal. App. 4th at 1073-74 [*res judicata* barred citizen's group action even where it had unsuccessfully sought to intervene in prior litigation, and court entering prior judgment had told citizen's group it retained a right to pursue separate litigation].  Defendants' motion should be granted.

---

Footnote continued from previous page
Thus, it was not limited solely to the stations listed on Exhibit A; it extended to **all** claims at issue in OCDA's complaint, *i.e*., **all** UST locations in Orange County "owned and/or operated and/or supplied by Shell Defendants."  Condron Dec. Ex. A, ¶¶ 12, 21.  By definition, therefore, the Final Judgment covers any station that could be placed at issue by OCWD here.

[4] OCWD suggests that Defendants provided no evidence that they complied with the terms of the Final Judgments.  Even if that were relevant here, that is not the case.  *See* Lyons Dec. ¶¶ 3-6; Windsor Dec. ¶¶ 2-4 (Shell and BP Defendants complied with terms of their Final Judgments).

Dated:  August 11, 2014

Respectfully submitted,

Richard E. Wallace, Jr.
Peter C. Condron
SEDGWICK LLP
2900 K Street, N.W.
Harbourside - Suite 500
Washington, D.C. 20007
Telephone:  (202) 204-1000
Facsimile:  (2020) 204-1001

Attorneys for Defendants
Shell Oil Company, Equilon Enterprises
LLC, and Texaco Refining and Marketing
Inc.

Matthew T. Heartney
Lawrence A. Cox
Stephanie B. Weirick
ARNOLD & PORTER LLP
777 South Figueroa Street
Los Angeles, California  90017
Telephone:  (213) 243-4000
Facsimile:  (213) 243-4199

Attorneys for Defendants
Atlantic Richfield Company, BP Products
North America Inc., and BP West Coast
Products LLC