UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re: Methyl Tertiary Butyl Ether ("MTBE")
Products Liability Litigation

Master File No. 1:00 - 1898
MDL 1358 (SAS)
M21-88

**This Document Relates to:**

*New Jersey Department of Environmental
Protection, et al. v. Atlantic Richfield Co., et al.*
No. 1:08-cv-00312-SAS

## DECLARATION OF BRYAN BARNHART IN SUPPORT OF
## PLAINTIFFS' REPLY MEMORANDUM
## IN SUPPORT OF
## MOTION TO ENFORCE WAIVER AND DECLASSIFICATION PROVISIONS OF
## HAMNER PROTECTIVE ORDER

I, Bryan Barnhart, declare:

1.      I am attorney at Miller & Axline, A Professional Corporation, counsel of record for the plaintiffs in this action.  All facts stated herein are true, and they are supported by evidence in my office's files that I will provide if requested to do so.  The exhibits attached to this Declaration are documents that are kept in the ordinary course of business in Miller & Axline's files.  They were copied by me, or by someone working under my supervision.

2.      **Exhibit 1** to this Declaration is true and correct copies of meet-and-confer correspondence between myself and Hamners' counsel.  Exhibit 1 includes Plaintiffs' June 13, 2014 "Section 8 Request" to Hamner's attorneys.  It also includes my follow-up letter regarding Plaintiffs' proposed "Motion to Declassify & Challenge Confidentiality of Documents," and my email to Liaison Counsel providing a copy of Plaintiffs' Section 8 notification to Hamner.

3.      **Exhibit 2** to this Declaration is a true and correct copy of a July 3, 2014 email from myself to EPL's and Hamner's attorneys.  No one responded.

4.      **Exhibit 3** to this Declaration is true and correct copies of meet-and-confer correspondence between and Hamner's counsel about Plaintiffs April, 2014, request that Hamner stipulate to dissolve the Protective Order.

5.      **Exhibit 4** to this Declaration is true and correct copies of correspondence between myself and EPL's attorney that shows Plaintiffs' compliance with the procedural requirements of Section K of the Protective Order.  Exhibit 1 includes Plaintiffs' June 16, 2014 written notification of the basis for their challenge to EPL's confidentiality claim, and EPL's response thereto.  Exhibit 4 also includes my follow-up letter regarding Plaintiffs' proposed "Motion to Declassify & Challenge Confidentiality of Documents."

1

6.     **Exhibit 5** to this Declaration is true and correct copies of meet-and-confer correspondence between myself and EPL's counsel.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 20th day of August, 2014 at Sacramento, California.

Dated: August 20, 2014

BRYAN BARNHART, ESQ.
Attorneys for Plaintiffs
Miller & Axline
A Professional Corporation
1050 Fulton Avenue, Suite 100
Sacramento, CA  95825-4225
Telephone:  (916) 488-6688
Facsimile:  (916) 488-4288

# EXHIBIT 1

**Bryan Barnhart**

| | |
|---|---|
| **From:** | Bryan Barnhart [bbarnhart@toxictorts.org] |
| **Sent:** | Friday, June 13, 2014 9:00 AM |
| **To:** | 'Pappas, William G.' |
| **Cc:** | 'Miller, Axline & Sawyer'; 'Bayzle, Scott E.'; 'Duane Miller'; 'Mike Axline'; 'Tracey O'Reilly' |
| **Subject:** | Hamner Protective Order -- Section 8 Request |

Good morning.

Plaintiff reasonably believes that the documents that The Hamner produced pursuant to the September 29, 2010 Protective Order should not have been designated as "Confidential" for at least the following reasons:

1. These documents are not trade secrets.

2. There is no need for confidentiality now that The Hamner's report has been published.

3. The Hamner has waived all confidentiality protections under the order, especially as to documents that are exhibits to depositions, that have been relied upon by testifying experts, and/or that have been filed in courts.

4. The EPA and other government regulators need the information in these documents to understand and evaluate the contents of The Hamner's MTBE report. Indeed, it is our understanding that Hamner preserved these documents according to good laboratory practices precisely so regulators and other scientists could review them when they double-check the Hamner's work.

5. The Hamner did not reasonably rely any term of the order that extends confidentiality beyond the Report's release date. The Hamner knew that the Protective Order exceeded the scope of the Court's order, and The Hamner knew that its work would be used in litigation at the time that the study was done.

6. The documents never should have been "confidential" in the first place because The Hamner never even came close to being an independent institution. In fact, The Hamner refused to sign the protective order until after Exxon approved its terms.

7. The Hamner's documents either are or have been incorporated into many judicial documents, to which the public has the right of access.

Please stop this, Bill. Your client wanted these documents kept secret until the report came out. The report is out. It's been submitted to the EPA. The EPA also should have access to the underlying documents. You never have identified a single "trade secret" that your client wants to protect. You've never made any effort to ensure the continued confidentiality of the documents after the protective order was entered. You didn't even show up for last month's hearing before Judge Scheindlin, despite our notice to you that it was going to occur.

Do the right thing. Let this stop here. Don't make us burden the Court with a motion. Agree to dissolve the order.

Thank you for your prompt courtesy and cooperation in this matter.

Bryan

**From:** Pappas, William G. [mailto:billpappas@parkerpoe.com]
**Sent:** Wednesday, May 07, 2014 12:54 PM
**To:** 'Bryan Barnhart'

Cc: 'Miller, Axline & Sawyer'; Bayzle, Scott E.; 'Duane Miller'; 'Mike Axline'; 'Tracey O'Reilly'
**Subject:** Hamner Protective Order

Bryan, The September 29, 2010 Protective Order was required by the Court's initial Order of August 18, 2010 and both Orders speak for themselves. Mr. Miller, on behalf of the plaintiffs, stipulated and agreed to the Protective Order which clearly contemplates that the Hamner's confidential information disclosures would be protected as those disclosures were made during the discovery period and later as the MDL litigation proceeded. For example, the Protective Order begins by reciting that it is designed to preserve the Hamner's confidential information, contains provisions dealing with how confidential documents and information are to be dealt with including a "declassification" provision in Section 8 with a mandatory procedure, and states in Section 14 that it does not terminate until all aspects of the MDL lawsuit are concluded. The Hamner produced confidential information only after the Protective Order was agreed to by the parties and entered by Judge Scheindlin, and it expects those protections to apply consistent with the Protective Order's provisions until and after the MDL litigation is concluded – that was always the Hamner's rationale. The Hamner disclosed confidential information that needs continuing protection.

You are also misconstruing the Hamner's initial filings. Although the Hamner sought to quash all discovery because of the preliminary nature of the MTBE Study, it always contended that the information subpoenaed was the Hamner's commercially sensitive, trade secret information that needed protection. Judge Scheindlin's August 18 Order required disclosure of specific Hamner information (but not all the information demanded by the plaintiffs) and ordered the parties to submit a jointly proposed protective order consistent with her opinion. The purpose of the Protective Order (as described above) was to protect the Hamner's confidential information and the parties agreed to its terms.

Consequently, the Protective Order is fully applicable and effective under the circumstances. Sincerely, Bill

_____

**William Pappas**
Partner



Wells Fargo Capitol Center | 150 Fayetteville Street | Suite 1400 | Raleigh, NC 27601
Phone: 919.890.4164 | Fax: 919.834.4564 | www.parkerpoe.com | vcard | map

---

**From:** Bryan Barnhart [mailto:bbarnhart@toxictorts.org]
**Sent:** Tuesday, May 06, 2014 4:46 PM
**To:** Pappas, William G.
**Cc:** 'Miller, Axline & Sawyer'; Bayzle, Scott E.; 'Duane Miller'; 'Mike Axline'; 'Tracey O'Reilly'
**Subject:** RE: Hamner Protective Order

Good afternoon, Bill.

Thank you for letting me know.

As I discussed with your partner Scott Bayzle, I have not seen anything in our file that supports your statement that "The Hamner entered into the Protective Order, including specifically the Order's terms and procedures for handling confidential information, to protect the confidential information and documentation that was produced in response to plaintiff's 2010 and 2012 subpoenas and by Dr. Dodd in his deposition." To the contrary, Hamner specifically represented to Judge Scheindlin that it only sought to prevent disclosure until after it published its final report, which was published in December of 2010. Judge Scheindlin relied heavily on that representation by Hamner in the opinion in which she ordered the parties to put together a joint protective order.

Am I missing something? If so, please let me know immediately. I would prefer not to burden Judge Scheindlin with an unnecessary motion.

Bryan

---

**From:** Pappas, William G. [mailto:billpappas@parkerpoe.com]
**Sent:** Tuesday, May 06, 2014 1:35 PM
**To:** 'Bryan Barnhart'
**Cc:** Miller, Axline & Sawyer; Bayzle, Scott E.
**Subject:** RE: Hamner Protective Order

Bryan, I am writing to respond to your request that The Hamner Institutes (the "Hamner") consent to a complete dissolution of the *Stipulation and Protective Order Relating to Documents and Deposition Testimony Produced by the Hamner Institutes for Health Sciences* (the "Protective Order"). After due consideration, the Hamner cannot consent to a dissolution of the Protective Order. The Hamner entered into the Protective Order, including specifically the Order's terms and procedures for handling confidential information, to protect the confidential information and documentation that was produced in response to plaintiff's 2010 and 2012 subpoenas and by Dr. Dodd in his deposition. Without the Protective Order, the Hamner would lose important protections regarding its confidential information. Sincerely, Bill Pappas

---

**William Pappas**
Partner

Wells Fargo Capitol Center | 150 Fayetteville Street | Suite 1400 | Raleigh, NC 27601
Phone: 919.890.4164 | Fax: 919.834.4564 | www.parkerpoe.com | vcard | map

---

**From:** Bryan Barnhart [mailto:bbarnhart@toxictorts.org]
**Sent:** Thursday, May 01, 2014 3:34 PM

3

**To:** Bayzle, Scott E.
**Cc:** Pappas, William G.; Miller, Axline & Sawyer
**Subject:** RE: Hamner Protective Order

Good afternoon.

Thank you for speaking with me this afternoon.

I understand that you will need to speak with your client about dissolving the protective order.

I look forward to hearing back from you or Bill early next week. As I noted on the phone, it will save the Court and the parties time and effort if we can get an answer (or at least a status report) by close of business on May 6th.

Thank you again for your courtesy today.

Bryan

---

**From:** Bayzle, Scott E. [mailto:scottbayzle@parkerpoe.com]
**Sent:** Wednesday, April 30, 2014 1:13 PM
**To:** Pappas, William G.; 'Bryan Barnhart'
**Cc:** Miller, Axline & Sawyer
**Subject:** RE: Hamner Protective Order

Hi Bryan,

I represent The Hamner Institutes along with Bill Pappas. I have reviewed your recent correspondence (emails to Bill dated April 22 and 29) and had the opportunity to review the background for the September 29, 2010 protective order you reference. I do have a few questions concerning the current status of the MDL litigation and your request to dissolve the protective order in place (which protects The Hamner's and Dr. Dodd's 2010 and 2012 document productions pursuant to the subpoenas) that I would like to discuss with you.

I am available tomorrow afternoon (anytime between noon and 5:00 p.m. EST) and Friday (8:00 a.m. – 5:30 pm. EST) for a call. Please let me know if you have any availability during those times.

Many thanks and I look forward to speaking with you,

Scott Bayzle

---

**Scott Bayzle**
Partner

Wells Fargo Capitol Center | 150 Fayetteville Street | Suite 1400 | Raleigh, NC 27601
Phone: 919.835.4627 | Fax: 919.834.4564 | www.parkerpoe.com | vcard | map

4

**From:** Pappas, William G.
**Sent:** Wednesday, April 23, 2014 4:03 PM
**To:** 'Bryan Barnhart'
**Cc:** Miller, Axline & Sawyer; Bayzle, Scott E.
**Subject:** Hamner Protective Order

Bryan, we've received your letter request. The key management contacts at The Hamner Institutes are unavailable because of travel/work issues this week and we need to confer with them regarding your request. Consequently, we will not be able to respond by Friday but will be back in touch with you as soon as we can. Regards, Bill

_____

**William Pappas**
Partner
919.890.4164
_____

**From:** Bryan Barnhart [mailto:bbarnhart@toxictorts.org]
**Sent:** Tuesday, April 22, 2014 5:55 PM
**To:** Pappas, William G.
**Cc:** Miller, Axline & Sawyer
**Subject:** Hamner Protective Order

Good afternoon.

Please see attached correspondence.

Thank you.

Bryan

**IRS CIRCULAR 230 NOTICE:** To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication (or in any attachment).

**PRIVILEGED AND CONFIDENTIAL:** This electronic message and any attachments are confidential property of the sender. The information is intended only for the use of the person to whom it was addressed. Any other interception, copying, accessing, or disclosure of this message is prohibited. The sender takes no responsibility for any unauthorized reliance on this message. If you have received this message in error, please immediately notify the sender and purge the message you received. Do not forward this message without permission.

Law Offices of
# MILLER & AXLINE
A Professional Corporation

DUANE C. MILLER
MICHAEL AXLINE

TRACEY L. O'REILLY
DANIEL BOONE
JUSTIN MASSEY
BRYAN BARNHART
DAVE E. BLUM
MOLLY MCGINLEY HAN

June 17, 2014

<u>VIA LNF&S</u>

All Counsel

<u>VIA EMAIL</u>

Andrew B. Golkow
Robert J. Cunningham, Jr.
Alison R. Mullins
Rees Broome, PC
1900 Gallows Road, Suite 700
Tysons Corner, Virginia 22182
Counsel to Experimental Pathology Laboratories, Inc.

William G. Pappas
Scott E. Bayzle
Wells Fargo Capitol Center
150 Fayetteville Street
Suite 1400
Raleigh, NC 27601
Counsel to The Hamner Institute for Health Sciences

RE:    *In re: Methyle Tertiary Butyl Ether ("MTBE") Products Liability Litigation*
       **Motion To Declassify & Challenge Confidentiality Of Documents**

Dear Counsel:

   As you know, we intend to file a motion challenging the confidentiality of – and asking Judge Scheindlin to declassify – documents produced by the Hamner Institute ("**Hamner**"), and by Experimental Pathology Laboratories ("**EPL**"), pursuant to protective orders (collectively, "**Hamner Documents**"). Our Motion's primary goal will be to free up these documents, so we can share them with government regulators, including the EPA. Given Dr. Stine's recent testimony that the Hamner Study team would "welcome" review of the Hamner Documents by "EPA or any other governmental organization," however, it would seem that we should be able to resolve this issue without burdening the Court with a Motion.

June 17, 2014
Page 2

The Hamner Documents fall into two categories:

1)    Non-Confidential Deposition Exhibits: Under the terms of the protective orders, Hamner Documents used as deposition exhibits are not confidential unless so designated at or following the deposition. We have checked our records, and we cannot find any confidentiality designation by anyone relating to any Hamner Document that was made an exhibit to any deposition. It does not appear that anyone timely designated as confidential, for example, any testimony or exhibit from the depositions of Darol Dodd and Gabrielle Willson, which took place in Hamner's attorneys' offices, and which were attended by Hamner's and EPL's counsel. If we've missed something, please let us know within five business days of the date of this letter. Otherwise, we will turn these documents over to relevant regulators without further delay.

2)    Other Documents That Hamner And EPL Saved For Review By Regulatory Authorities: Eric Stine – defendant Chevron's expert regarding MTBE and the Hamner Institute's MTBE study, and a member of the Study's toxicology committee – recently testified that the Hamner Documents were preserved because good laboratory practices required them to be made available for review by third parties, such as regulators. Specifically, Mr. Stine testified:

> Again, under good laboratory practices, virtually all of the data and study records related to the study are stored. The plan is to store them for a minimum of ten years so any other scientist or academician or regulatory agency can come and review the data, come to their own conclusions. And in the case of a regulatory agency, they can make whatever appropriate conclusions they feel are appropriate relative to whether or not exposure to MTBE at very high doses in rodents causes cancer.

Plainly these Documents were never intended to be treated as confidential once the Hamner Study became final. Plaintiffs renew their request that Hamner and EPL stipulate to declassify the Hamner Documents so that "any other scientist or academician or regulatory agency can come and review the data, come to their own conclusions."

It does not make sense to burden the Court with a Motion seeking to permit the Hamner Documents to be put to the very purpose for which Hamner and EPL saved them. Accordingly, plaintiffs ask defendants to let us know within five business days of this letter whether defendants intend to object to Plaintiffs' production of Hamner Documents to regulators.

Very truly yours,

Bryan Barnhart

Bryan Barnhart

## Bryan Barnhart

| | |
|---|---|
| **From:** | Bryan Barnhart [bbarnhart@toxictorts.org] |
| **Sent:** | Thursday, August 07, 2014 5:00 PM |
| **To:** | 'psacripanti@mwe.com'; 'RGreenwald@weitzlux.com' |
| **Cc:** | 'maxline@toxictorts.org'; 'dmiller@toxictorts.org'; 'Alex Wallace'; Miller, Axline & Sawyer (toxictorts@toxictorts.org) |
| **Subject:** | FW: Hamner Protective Order -- Section 8 Request |

Good afternoon, Liaison Counsel.

Below is a copy of the confidentially-challenge notification that I sent to the Hamner Institute's counsel pursuant to Section 8 of the Hamner protective order.

Thank you.

Bryan

---

**From:** Bryan Barnhart [mailto:bbarnhart@toxictorts.org]
**Sent:** Friday, June 13, 2014 9:00 AM
**To:** 'Pappas, William G.'
**Cc:** 'Miller, Axline & Sawyer'; 'Bayzle, Scott E.'; 'Duane Miller'; 'Mike Axline'; 'Tracey O'Reilly'
**Subject:** Hamner Protective Order -- Section 8 Request

Good morning.

Plaintiff reasonably believes that the documents that The Hamner produced pursuant to the September 29, 2010 Protective Order should not have been designated as "Confidential" for at least the following reasons:

1.   These documents are not trade secrets.

2.   There is no need for confidentiality now that The Hamner's report has been published.

3.   The Hamner has waived all confidentiality protections under the order, especially as to documents that are exhibits to depositions, that have been relied upon by testifying experts, and/or that have been filed in courts.

4.   The EPA and other government regulators need the information in these documents to understand and evaluate the contents of The Hamner's MTBE report.  Indeed, it is our understanding that Hamner preserved these documents according to good laboratory practices precisely so regulators and other scientists could review them when they double-check the Hamner's work.

5.   The Hamner did not reasonably rely any term of the order that extends confidentiality beyond the Report's release date.  The Hamner knew that the Protective Order exceeded the scope of the Court's order, and The Hamner knew that its work would be used in litigation at the time that the study was done.

6.   The documents never should have been "confidential" in the first place because The Hamner never even came close to being an independent institution.  In fact, The Hamner refused to sign the protective order until after Exxon approved its terms.

7.   The Hamner's documents either are or have been incorporated into many judicial documents, to which the public has the right of access.

Please stop this, Bill. Your client wanted these documents kept secret until the report came out. The report is out. It's been submitted to the EPA. The EPA also should have access to the underlying documents. You never have identified a single "trade secret" that your client wants to protect. You've never made any effort to ensure the continued confidentiality of the documents after the protective order was entered. You didn't even show up for last month's hearing before Judge Scheindlin, despite our notice to you that it was going to occur.

Do the right thing. Let this stop here. Don't make us burden the Court with a motion. Agree to dissolve the order.

Thank you for your prompt courtesy and cooperation in this matter.

Bryan

---

**From:** Pappas, William G. [mailto:billpappas@parkerpoe.com]
**Sent:** Wednesday, May 07, 2014 12:54 PM
**To:** 'Bryan Barnhart'
**Cc:** 'Miller, Axline & Sawyer'; Bayzle, Scott E.; 'Duane Miller'; 'Mike Axline'; 'Tracey O'Reilly'
**Subject:** Hamner Protective Order

Bryan, The September 29, 2010 Protective Order was required by the Court's initial Order of August 18, 2010 and both Orders speak for themselves. Mr. Miller, on behalf of the plaintiffs, stipulated and agreed to the Protective Order which clearly contemplates that the Hamner's confidential information disclosures would be protected as those disclosures were made during the discovery period and later as the MDL litigation proceeded. For example, the Protective Order begins by reciting that it is designed to preserve the Hamner's confidential information, contains provisions dealing with how confidential documents and information are to be dealt with including a "declassification" provision in Section 8 with a mandatory procedure, and states in Section 14 that it does not terminate until all aspects of the MDL lawsuit are concluded. The Hamner produced confidential information only after the Protective Order was agreed to by the parties and entered by Judge Scheindlin, and it expects those protections to apply consistent with the Protective Order's provisions until and after the MDL litigation is concluded – that was always the Hamner's rationale. The Hamner disclosed confidential information that needs continuing protection.

You are also misconstruing the Hamner's initial filings. Although the Hamner sought to quash all discovery because of the preliminary nature of the MTBE Study, it always contended that the information subpoenaed was the Hamner's commercially sensitive, trade secret information that needed protection. Judge Scheindlin's August 18 Order required disclosure of specific Hamner information (but not all the information demanded by the plaintiffs) and ordered the parties to submit a jointly proposed protective order consistent with her opinion. The purpose of the Protective Order (as described above) was to protect the Hamner's confidential information and the parties agreed to its terms.

Consequently, the Protective Order is fully applicable and effective under the circumstances. Sincerely, Bill

_____

**William Pappas**
Partner

Wells Fargo Capitol Center | 150 Fayetteville Street | Suite 1400 | Raleigh, NC 27601
Phone: 919.890.4164 | Fax: 919.834.4564 | www.parkerpoe.com | vcard | map

**From:** Bryan Barnhart [mailto:bbarnhart@toxictorts.org]
**Sent:** Tuesday, May 06, 2014 4:46 PM
**To:** Pappas, William G.
**Cc:** 'Miller, Axline & Sawyer'; Bayzle, Scott E.; 'Duane Miller'; 'Mike Axline'; 'Tracey O'Reilly'
**Subject:** RE: Hamner Protective Order

Good afternoon, Bill.

Thank you for letting me know.

As I discussed with your partner Scott Bayzle, I have not seen anything in our file that supports your statement that "The Hamner entered into the Protective Order, including specifically the Order's terms and procedures for handling confidential information, to protect the confidential information and documentation that was produced in response to plaintiff's 2010 and 2012 subpoenas and by Dr. Dodd in his deposition." To the contrary, Hamner specifically represented to Judge Scheindlin that it only sought to prevent disclosure until after it published its final report, which was published in December of 2010. Judge Scheindlin relied heavily on that representation by Hamner in the opinion in which she ordered the parties to put together a joint protective order.

Am I missing something? If so, please let me know immediately. I would prefer not to burden Judge Scheindlin with an unnecessary motion.

Bryan

**From:** Pappas, William G. [mailto:billpappas@parkerpoe.com]
**Sent:** Tuesday, May 06, 2014 1:35 PM
**To:** 'Bryan Barnhart'
**Cc:** Miller, Axline & Sawyer; Bayzle, Scott E.
**Subject:** RE: Hamner Protective Order

Bryan, I am writing to respond to your request that The Hamner Institutes (the "Hamner") consent to a complete dissolution of the *Stipulation and Protective Order Relating to Documents and Deposition Testimony Produced by the Hamner Institutes for Health Sciences* (the "Protective Order"). After due consideration, the Hamner cannot consent to a dissolution of the Protective Order. The Hamner entered into the Protective Order, including specifically the Order's terms and procedures for handling confidential information, to protect the confidential information and documentation that was produced in response to plaintiff's 2010 and 2012

3

subpoenas and by Dr. Dodd in his deposition. Without the Protective Order, the Hamner would lose important protections regarding its confidential information. Sincerely, Bill Pappas

_____
**William Pappas**
Partner

Wells Fargo Capitol Center | 150 Fayetteville Street | Suite 1400 | Raleigh, NC 27601
Phone: 919.890.4164 | Fax: 919.834.4564 | www.parkerpoe.com | vcard | map

---

**From:** Bryan Barnhart [mailto:bbarnhart@toxictorts.org]
**Sent:** Thursday, May 01, 2014 3:34 PM
**To:** Bayzle, Scott E.
**Cc:** Pappas, William G.; Miller, Axline & Sawyer
**Subject:** RE: Hamner Protective Order

Good afternoon.

Thank you for speaking with me this afternoon.

I understand that you will need to speak with your client about dissolving the protective order.

I look forward to hearing back from you or Bill early next week.  As I noted on the phone, it will save the Court and the parties time and effort if we can get an answer (or at least a status report) by close of business on May 6th.

Thank you again for your courtesy today.

Bryan

---

**From:** Bayzle, Scott E. [mailto:scottbayzle@parkerpoe.com]
**Sent:** Wednesday, April 30, 2014 1:13 PM
**To:** Pappas, William G.; 'Bryan Barnhart'
**Cc:** Miller, Axline & Sawyer
**Subject:** RE: Hamner Protective Order

Hi Bryan,

I represent The Hamner Institutes along with Bill Pappas.  I have reviewed your recent correspondence (emails to Bill dated April 22 and 29) and had the opportunity to review the background for the September 29, 2010 protective order you reference.  I do have a few questions concerning the current status of the MDL litigation and your request to dissolve the protective order in place (which protects The Hamner's and Dr. Dodd's 2010 and 2012 document productions pursuant to the subpoenas) that I would like to discuss with you.

4

I am available tomorrow afternoon (anytime between noon and 5:00 p.m. EST) and Friday (8:00 a.m. – 5:30 pm. EST) for a call.  Please let me know if you have any availability during those times.

Many thanks and I look forward to speaking with you,

Scott Bayzle

---

**Scott Bayzle**
Partner

Wells Fargo Capitol Center | 150 Fayetteville Street | Suite 1400 | Raleigh, NC 27601
Phone: 919.835.4627 | Fax: 919.834.4564 | www.parkerpoe.com | vcard | map

---

**From:** Pappas, William G.
**Sent:** Wednesday, April 23, 2014 4:03 PM
**To:** 'Bryan Barnhart'
**Cc:** Miller, Axline & Sawyer; Bayzle, Scott E.
**Subject:** Hamner Protective Order

Bryan, we've received your letter request. The key management contacts at The Hamner Institutes are unavailable because of travel/work issues this week and we need to confer with them regarding your request. Consequently, we will not be able to respond by Friday but will be back in touch with you as soon as we can. Regards, Bill

---

**William Pappas**
Partner
919.890.4164

---

**From:** Bryan Barnhart [mailto:bbarnhart@toxictorts.org]
**Sent:** Tuesday, April 22, 2014 5:55 PM
**To:** Pappas, William G.
**Cc:** Miller, Axline & Sawyer
**Subject:** Hamner Protective Order

Good afternoon.

Please see attached correspondence.

Thank you.

Bryan

IRS CIRCULAR 230 NOTICE: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal

Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication (or in any attachment).

**PRIVILEGED AND CONFIDENTIAL:** This electronic message and any attachments are confidential property of the sender. The information is intended only for the use of the person to whom it was addressed. Any other interception, copying, accessing, or disclosure of this message is prohibited. The sender takes no responsibility for any unauthorized reliance on this message. If you have received this message in error, please immediately notify the sender and purge the message you received. Do not forward this message without permission.

# EXHIBIT 2

## Bryan Barnhart

| | |
|---|---|
| **From:** | Bryan Barnhart [bbarnhart@toxictorts.org] |
| **Sent:** | Thursday, July 03, 2014 9:29 AM |
| **To:** | Amullins@reesbroome.com; AGolkow@reesbroome.com; 'Robert J. Cunningham Jr.'; 'James A. Pardo'; 'Pappas, William G.'; 'Bayzle, Scott E.' |
| **Cc:** | 'Mike Axline'; 'Duane Miller'; 'Kathy Herron'; 'Tracey O'Reilly'; 'Alex Wallace'; Miller, Axline & Sawyer |
| **Subject:** | In Re MTBE -- Motion to Declassify Hamner/EPL Data |
| **Attachments:** | Axline Decl - Mo to Enforce Waiver (7-2-14).PDF; Barnhart Decl re Declassification [NJ] (7-2-14).PDF; Notice of Motion to Enforce Waiver (7-2-14).PDF; Barnhart CONFIDENTIAL Decl [UNDER SEAL](NJ)[7-2-14].PDF; Motion [CONFIDENTIAL UNDER SEAL] to Enforce Waiver (7-2-14).PDF |

| | |
|---|---|
| **Importance:** | High |

Good morning.

Attached are unredacted copies of the motion papers that we filed yesterday evening.

I am emailing these documents to you pursuant to Judge Scheindlin's directions during the May 13, 2014 pre-Motion hearing.

Please note that the attached documents do not include Exhibits 5 and 6 to my Sealed Barnhart Declaration. Those Exhibits are six CDs that contain data both from Hamner and from EPL. It is our understanding that each of your clients already has the data from those CDs to which it is entitled. If any of you would like the complete set, please provide proof of compliance with the applicable protective order(s).

Thank you.

Bryan

# EXHIBIT 3

## Bryan Barnhart

| | |
|---|---|
| **From:** | Bryan Barnhart [bbarnhart@toxictorts.org] |
| **Sent:** | Tuesday, May 06, 2014 1:46 PM |
| **To:** | 'Pappas, William G.' |
| **Cc:** | 'Miller, Axline & Sawyer'; 'Bayzle, Scott E.'; 'Duane Miller'; 'Mike Axline'; 'Tracey O'Reilly' |
| **Subject:** | RE: Hamner Protective Order |

Good afternoon, Bill.

Thank you for letting me know.

As I discussed with your partner Scott Bayzle, I have not seen anything in our file that supports your statement that "The Hamner entered into the Protective Order, including specifically the Order's terms and procedures for handling confidential information, to protect the confidential information and documentation that was produced in response to plaintiff's 2010 and 2012 subpoenas and by Dr. Dodd in his deposition." To the contrary, Hamner specifically represented to Judge Scheindlin that it only sought to prevent disclosure until after it published its final report, which was published in December of 2010. Judge Scheindlin relied heavily on that representation by Hamner in the opinion in which she ordered the parties to put together a joint protective order.

Am I missing something? If so, please let me know immediately. I would prefer not to burden Judge Scheindlin with an unnecessary motion.

Bryan

**From:** Pappas, William G. [mailto:billpappas@parkerpoe.com]
**Sent:** Tuesday, May 06, 2014 1:35 PM
**To:** 'Bryan Barnhart'
**Cc:** Miller, Axline & Sawyer; Bayzle, Scott E.
**Subject:** RE: Hamner Protective Order

Bryan, I am writing to respond to your request that The Hamner Institutes (the "Hamner") consent to a complete dissolution of the *Stipulation and Protective Order Relating to Documents and Deposition Testimony Produced by the Hamner Institutes for Health Sciences* (the "Protective Order"). After due consideration, the Hamner cannot consent to a dissolution of the Protective Order. The Hamner entered into the Protective Order, including specifically the Order's terms and procedures for handling confidential information, to protect the confidential information and documentation that was produced in response to plaintiff's 2010 and 2012 subpoenas and by Dr. Dodd in his deposition. Without the Protective Order, the Hamner would lose important protections regarding its confidential information. Sincerely, Bill Pappas

_____
**William Pappas**
Partner

1

Wells Fargo Capitol Center | 150 Fayetteville Street | Suite 1400 | Raleigh, NC 27601
Phone: 919.890.4164 | Fax: 919.834.4564 | www.parkerpoe.com | vcard | map

**From:** Bryan Barnhart [mailto:bbarnhart@toxictorts.org]
**Sent:** Thursday, May 01, 2014 3:34 PM
**To:** Bayzle, Scott E.
**Cc:** Pappas, William G.; Miller, Axline & Sawyer
**Subject:** RE: Hamner Protective Order

Good afternoon.

Thank you for speaking with me this afternoon.

I understand that you will need to speak with your client about dissolving the protective order.

I look forward to hearing back from you or Bill early next week. As I noted on the phone, it will save the Court and the parties time and effort if we can get an answer (or at least a status report) by close of business on May 6th.

Thank you again for your courtesy today.

Bryan

**From:** Bayzle, Scott E. [mailto:scottbayzle@parkerpoe.com]
**Sent:** Wednesday, April 30, 2014 1:13 PM
**To:** Pappas, William G.; 'Bryan Barnhart'
**Cc:** Miller, Axline & Sawyer
**Subject:** RE: Hamner Protective Order

Hi Bryan,

I represent The Hamner Institutes along with Bill Pappas. I have reviewed your recent correspondence (emails to Bill dated April 22 and 29) and had the opportunity to review the background for the September 29, 2010 protective order you reference. I do have a few questions concerning the current status of the MDL litigation and your request to dissolve the protective order in place (which protects The Hamner's and Dr. Dodd's 2010 and 2012 document productions pursuant to the subpoenas) that I would like to discuss with you.

I am available tomorrow afternoon (anytime between noon and 5:00 p.m. EST) and Friday (8:00 a.m. – 5:30 pm. EST) for a call. Please let me know if you have any availability during those times.

Many thanks and I look forward to speaking with you,

Scott Bayzle

_____

**Scott Bayzle**
Partner

Wells Fargo Capitol Center | 150 Fayetteville Street | Suite 1400 | Raleigh, NC 27601
Phone: 919.835.4627 | Fax: 919.834.4564 | www.parkerpoe.com | vcard | map

---

**From:** Pappas, William G.
**Sent:** Wednesday, April 23, 2014 4:03 PM
**To:** 'Bryan Barnhart'
**Cc:** Miller, Axline & Sawyer; Bayzle, Scott E.
**Subject:** Hamner Protective Order

Bryan, we've received your letter request. The key management contacts at The Hamner Institutes are unavailable because of travel/work issues this week and we need to confer with them regarding your request. Consequently, we will not be able to respond by Friday but will be back in touch with you as soon as we can. Regards, Bill

---

**William Pappas**
Partner
919.890.4164

---

**From:** Bryan Barnhart [mailto:bbarnhart@toxictorts.org]
**Sent:** Tuesday, April 22, 2014 5:55 PM
**To:** Pappas, William G.
**Cc:** Miller, Axline & Sawyer
**Subject:** Hamner Protective Order

Good afternoon.

Please see attached correspondence.

Thank you.

Bryan

IRS CIRCULAR 230 NOTICE: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication (or in any attachment).

PRIVILEGED AND CONFIDENTIAL: This electronic message and any attachments are confidential property of the sender. The information is intended only for the use of the person to whom it was addressed. Any other interception, copying, accessing, or disclosure of this message is prohibited. The sender takes no responsibility for any unauthorized reliance on this message. If you have received this message in error, please immediately notify the sender and purge the message you received. Do not forward this message without permission.

Law Offices of

# MILLER & AXLINE
A Professional Corporation

DUANE C. MILLER
MICHAEL AXLINE

TRACEY L. O'REILLY
DANIEL BOONE
JUSTIN MASSEY
BRYAN BARNHART
DAVE E. BLUM
MOLLY MCGINLEY HAN

April 22, 2014

VIA EMAIL

William G. Pappas
Parker Poe Adams & Bernstein LLP
Wells Fargo Capitol Center
150 Fayetteville Street
Suite 1400
Raleigh, NC 27601

Re: *In Re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation*
September 29, 2010 Stipulation and Protective Order Relating to Documents and
Deposition Testimony Produced by the Hamner Institutes for Health Sciences

Dear Mr. Pappas:

I write to follow up on our telephone conversation this afternoon.

As I explained during our call, we ask that your client, the Hamner Institute for Health
Sciences, stipulate to an order dissolving the Protective Order that the Honorable Judge Scheindlin of
the Southern District of New York executed on September 29, 2010 (copy enclosed).

We make this request because your client's stated rationale for the Protective Order no longer
applies, yet this obsolete Order continues to impose substantial and unnecessary burdens on all of the
many persons and Courts that must comply with its terms.

As you will remember, your client asked for the Protective Order to prevent public disclosure
of "preliminary data" relating to its "two year cancer bioassay study" before that study was finalized.
Now, Hamner's report has been finalized and published. The burdensome Protective Order has
outlived its usefulness, therefore, and it should dissolved.

Please let me know by Friday whether your client will stipulate to an order dissolving the
Protective Order.

Thank you for your anticipated courtesy and cooperation.

Sincerely,

Bryan Barnhart

Bryan Barnhart

Enclosure: Protective Order

1050 Fulton Avenue, Suite 100, Sacramento, CA  95825-4225
Telephone:  (916) 488-6688; Facsimile:  (916) 488-4288
toxictorts@toxictorts.org

# EXHIBIT 4

## Bryan Barnhart

| | |
|---|---|
| **From:** | Bryan Barnhart [bbarnhart@toxictorts.org] |
| **Sent:** | Monday, June 16, 2014 2:24 PM |
| **To:** | 'Alison R. Mullins' |
| **Cc:** | Miller, Axline & Sawyer (toxictorts@toxictorts.org) |
| **Subject:** | RE: EPL Protective Order -- Confidentiality Challenge |

Thank you.

-----Original Message-----
From: Alison R. Mullins [mailto:AMullins@reesbroome.com]
Sent: Monday, June 16, 2014 2:03 PM
To: Bryan Barnhart
Cc: Andrew B. Golkow; Robert J. Cunningham Jr.; 'Miller, Axline & Sawyer'
Subject: RE: EPL Protective Order -- Confidentiality Challenge

Bryan –

I am reaching out to the client regarding your email below, and will be in touch once I have had an opportunity to discuss your points below with them.

Thank you –
Alison

Alison R. Mullins
Rees Broome, PC
703.790.1911

From: Bryan Barnhart [mailto:bbarnhart@toxictorts.org]
Sent: Monday, June 16, 2014 10:23 AM
To: Alison R. Mullins
Cc: Andrew B. Golkow; Robert J. Cunningham Jr.; 'Miller, Axline & Sawyer'
Subject: EPL Protective Order -- Confidentiality Challenge

Good morning.

Plaintiff reasonably believes that the documents that Experimental Pathology Laboratories, Inc. ("EPL") produced pursuant to the attached Protective Order should not have been designated as "Confidential" for at least the following reasons:

1.       These documents are not trade secrets.


2.       There is no need for confidentiality now that EPL's confidentiality agreement has expired.


3.       EPL has waived all confidentiality protections under the order, especially as to documents that are exhibits to depositions, that have been relied upon by testifying experts, and/or that have been filed in courts.

1

4.      The EPA and other government regulators need the information in these documents to understand and evaluate the contents of The Hamner Institute's MTBE report.  Indeed, it is our understanding that EPL preserved these documents according to good laboratory practices precisely so regulators and other scientists could review them when they double-check EPL's and Hamner's work.


5.      EPL did not reasonably rely any term of the order that extends confidentiality beyond the Report's release date.  EPL knew that its work would be used in litigation at the time that the study was done.


6.      The documents never should have been "confidential" in the first place because neither EPL nor Hamner are independent institutions.


7.      The EPL documents either are or have been incorporated into many judicial documents, to which the public has the right of access.

Please agree to declassify the EPL documents.  Otherwise, we will have no choice but to burden the Court with a motion.

Thank you for your prompt courtesy and cooperation in this matter.

Bryan


From: Bryan Barnhart [mailto:bbarnhart@toxictorts.org]
Sent: Friday, June 13, 2014 10:16 AM
To: 'Alison R. Mullins'
Cc: 'Andrew B. Golkow'; 'Robert J. Cunningham Jr.'; Miller, Axline & Sawyer
Subject: RE: Please Respond -- Out of Office: EPL Protective Order

Good morning.

Thank you for responding.

Please don't act miffed.  I've been trying for over a month to resolve this issue without burdening the Court with a motion.  Back in April, Robert told me that he didn't anticipate a problem, and promised me an answer within a week.  Two days ago, you told me you only had to check one more thing, and you would respond to me yesterday.  Both of you broke your promises.  And neither of you even seem sorry.

We'll get our motion on file soon.  Please let me know if your client's position changes.

Thank you.

Bryan


From: Alison R. Mullins [mailto:AMullins@reesbroome.com]
Sent: Friday, June 13, 2014 10:08 AM
To: Bryan Barnhart
Cc: Andrew B. Golkow; Robert J. Cunningham Jr.; Miller, Axline & Sawyer

Subject: Re: Please Respond -- Out of Office: EPL Protective Order

Bryan -

Please stop making accusations and presumptions that are not based in fact.

Over the past few days I have been discussing the issue with our clients and they are not inclined to dissolve the Protective Order, as they have confidentiality agreements that cover their services/work.  I am out of the office and at a conference, therefore unable to look at the documents we produced 3 years ago. Upon my return to the office I was going to take another look at things and talk to the client again before giving you a "no" response.

Since you are insisting on a response now, the answer is no, EPL does not agree to dissolve the Protective Order in place.

- Alison

Alison R. Mullins
Rees Broome, PC
703-790-1911

Sent from my iPhone
Please pardon any typos

On Jun 13, 2014, at 11:03 AM, "Bryan Barnhart"
<bbarnhart@toxictorts.org<mailto:bbarnhart@toxictorts.org>> wrote:
Good morning.

Following up again.

It's been almost a month and a half since Robert's promise to get me an answer within a week.

It's been more than a month since Robert referred me to Andy, whose only response (two weeks later, after my second follow-up email) was to refer me to Alison.

Alison promised to have an answer for me yesterday.  I didn't – and still haven't -- heard from her.  (Although I did get an email from Andy accusing me of acting like a child because I expected Alison to keep her promise.)

On April 29th, Robert told me that he did not anticipate a problem.  And I do not want to burden the Court with an unnecessary motion.

But put yourself in my situation.  Repeated broken promises.  Weeks without any response whatsoever.  Repeated transfers to other, equally unhelpful attorneys.  If you were me, wouldn't you conclude that EPL's attorneys are using the meet-and-confer process as a delaying tactic?

Here's your chance.  Prove me wrong.  Come through.

Today, please.

Thank you.

Bryan


From: Andrew B. Golkow [mailto:AGolkow@reesbroome.com]

Sent: Thursday, June 12, 2014 1:09 PM
To: 'Bryan Barnhart'
Cc: 'Miller, Axline & Sawyer'; Robert J. Cunningham Jr.; Alison R. Mullins
Subject: RE: Out of Office: EPL Protective Order

To my knowledge, nobody.  I note that the Order was signed by Michael Axline, Alison Mullins, and Richard Engel, Deputy Attorney General.   Off the top of my head, and without being familiar with the file, I can't say who should or should not be, and Alison will look at that.

Andrew Golkow

From: Bryan Barnhart [mailto:bbarnhart@toxictorts.org]
Sent: Thursday, June 12, 2014 3:47 PM
To: Andrew B. Golkow
Cc: 'Miller, Axline & Sawyer'; Robert J. Cunningham Jr.; Alison R. Mullins
Subject: RE: Out of Office: EPL Protective Order

Thank you.

Please let me know which other parties – if any – anyone from your firm discussed this matter with.

Bryan

From: Andrew B. Golkow [mailto:AGolkow@reesbroome.com]
Sent: Thursday, June 12, 2014 12:29 PM
To: 'Bryan Barnhart'
Cc: Miller, Axline & Sawyer; Robert J. Cunningham Jr.; Alison R. Mullins
Subject: RE: Out of Office: EPL Protective Order

Bryan,

We will deal with this promptly.  Nobody is giving you "the run-around".   The attorney who had direct action on this matter, Ms. Mullins, is now on it.   For the most part, our inability to deal with this faster was due to availability, the details of which are private.  Frankly, I'm not used to "I want an answer today" – the last time anything was put to me like that was when my daughters were young, and was usually accompanied by stomping of a foot.

Alison is out of the office at a conference today, and Friday, returning to the office on Monday, June 16.  She is available by telephone.  She is in the process of discussing this with the client, and, as needed, other parties to this matter.  Please rest assured that upon her return to the office, this matter will receive her prompt attention.

Andrew Golkow


Andrew B. Golkow
Rees Broome, PC
1900 Gallows Road, Suite 700
Tysons Corner, Virginia 22182
Telephone:   (703) 790-1911
Fax:         (703) 848-2530
agolkow@reesbroome.com<mailto:agolkow@reesbroome.com>

From: Bryan Barnhart [mailto:bbarnhart@toxictorts.org]
Sent: Thursday, June 12, 2014 12:49 PM
To: Alison R. Mullins; Andrew B. Golkow; Robert J. Cunningham Jr.
Cc: Miller, Axline & Sawyer
Subject: FW: Out of Office: EPL Protective Order

All right, my friends.

What is going on over there?

On April 22nd, I spoke with Robert about my client's request that EPL stipulate to dissolve
the attached protective order, given that EPL's confidentiality agreement with Hamner has
expired.  I followed up with the attached letter.

I gave Robert a week, then followed up on the 29th.   Robert told me that he did "not
anticipate a problem," and that he'd have an answer for me that week.  On the basis of
Robert's representation, we told the Court that we expected to resolve this issue by
stipulation.

The week came and went.  No response.

I followed up again May 9th.  Robert had no substantive response for me.  Instead, he
referred me to Andy.

On May 14th, I followed up with Andy.

No response.

On June 10th, I followed up again with Andy.  Andy still had no substantive response for me.
Instead, he referred me to Alison.  Andy said that Alison would get back to me yesterday.

Yesterday, I followed up with Alison.  She responded with an after-hours email saying that
she'd get back to me today.

Today, I sent a follow up email, and I get this Out of Office auto response, saying that
Alison will not return to the office until June 16th.

I have given you every benefit of the doubt.  Now, I have to conclude that you are giving me
the run-around.

I want an answer today.

Thank you for your anticipated courtesy and cooperation.

Bryan


From: Alison R. Mullins [mailto:AMullins@reesbroome.com]
Sent: Thursday, June 12, 2014 9:26 AM
To: Bryan Barnhart
Subject: Out of Office: EPL Protective Order

Please note that I will be out of the officeThursday, June 12th and Friday, June 13th at a
conference, returning to the office Monday, June 16th.  During this time I will have limited

access to email and voice mail.  If you need assistance in my absence, please contact my legal assistant, Meg Farrish at 703-790-1911 or mfarrish@reesbroome.com<mailto:mfarrish@reesbroome.com>.

Upon my return to the office, I will happily get back to you as soon as possible.

Thank you -
Alison

Law Offices of

# MILLER & AXLINE

A Professional Corporation

DUANE C. MILLER
MICHAEL AXLINE

TRACEY L. O'REILLY
DANIEL BOONE
JUSTIN MASSEY
BRYAN BARNHART
DAVE E. BLUM
MOLLY MCGINLEY HAN

June 17, 2014

**VIA LNF&S**

All Counsel

**VIA EMAIL**

Andrew B. Golkow
Robert J. Cunningham, Jr.
Alison R. Mullins
Rees Broome, PC
1900 Gallows Road, Suite 700
Tysons Corner, Virginia 22182
Counsel to Experimental Pathology Laboratories, Inc.

William G. Pappas
Scott E. Bayzle
Wells Fargo Capitol Center
150 Fayetteville Street
Suite 1400
Raleigh, NC 27601
Counsel to The Hamner Institute for Health Sciences

RE: *In re: Methyle Tertiary Butyl Ether ("MTBE") Products Liability Litigation*
**Motion To Declassify & Challenge Confidentiality Of Documents**

Dear Counsel:

As you know, we intend to file a motion challenging the confidentiality of – and asking Judge Scheindlin to declassify – documents produced by the Hamner Institute ("**Hamner**"), and by Experimental Pathology Laboratories ("**EPL**"), pursuant to protective orders (collectively, "**Hamner Documents**"). Our Motion's primary goal will be to free up these documents, so we can share them with government regulators, including the EPA. Given Dr. Stine's recent testimony that the Hamner Study team would "welcome" review of the Hamner Documents by "EPA or any other governmental organization," however, it would seem that we should be able to resolve this issue without burdening the Court with a Motion.

June 17, 2014
Page 2

---

The Hamner Documents fall into two categories:

1)   <u>Non-Confidential Deposition Exhibits</u>: Under the terms of the protective orders, Hamner Documents used as deposition exhibits are not confidential unless so designated at or following the deposition.  We have checked our records, and we cannot find any confidentiality designation by anyone relating to any Hamner Document that was made an exhibit to any deposition.  It does not appear that anyone timely designated as confidential, for example, any testimony or exhibit from the depositions of Darol Dodd and Gabrielle Willson, which took place in Hamner's attorneys' offices, and which were attended by Hamner's and EPL's counsel.  If we've missed something, please let us know within five business days of the date of this letter.  Otherwise, we will turn these documents over to relevant regulators without further delay.

2)   <u>Other Documents That Hamner And EPL Saved For Review By Regulatory Authorities</u>:  Eric Stine – defendant Chevron's expert regarding MTBE and the Hamner Institute's MTBE study, and a member of the Study's toxicology committee – recently testified that the Hamner Documents were preserved because good laboratory practices required them to be made available for review by third parties, such as regulators.  Specifically, Mr. Stine testified:

> Again, under good laboratory practices, virtually all of the data and study records related to the study are stored.  The plan is to store them for a minimum of ten years so any other scientist or academician or regulatory agency can come and review the data, come to their own conclusions.  And in the case of a regulatory agency, they can make whatever appropriate conclusions they feel are appropriate relative to whether or not exposure to MTBE at very high doses in rodents causes cancer.

Plainly these Documents were never intended to be treated as confidential once the Hamner Study became final.  Plaintiffs renew their request that Hamner and EPL stipulate to declassify the Hamner Documents so that "any other scientist or academician or regulatory agency can come and review the data, come to their own conclusions."

It does not make sense to burden the Court with a Motion seeking to permit the Hamner Documents to be put to the very purpose for which Hamner and EPL saved them.  Accordingly, plaintiffs ask defendants to let us know within five business days of this letter whether defendants intend to object to Plaintiffs' production of Hamner Documents to regulators.

Very truly yours,

Bryan Barnhart

Bryan Barnhart

# RB   REES BROOME, PC

——————ATTORNEYS AT LAW

1900 Gallows Road, Suite 700
Tysons Corner, Virginia 22182
Phone (703) 790-1911
Fax (703) 848-2530
www.reesbroome.com

JOEL M. BIRKEN*
JONATHAN J. BROOME, JR.
JOHN F. BOLAND*
JUAN R. CARDENAS
BRUCE E. TITUS*+
PETER S. PHILBIN+
WILLIAM P. DALY, JR.+
ANDREW B. GOLKOW*
SUSAN RICHARDS SALEN*+
MARK P. GRAHAM
TODD A. SINKINS*
MARK A. MOORSTEIN*
ROBERT J. CUNNINGHAM, JR.+*
KIMBERLEY M. O'HALLORAN-PEREZ+*
DAVID J. CHARLES*
STEPHEN J. ANNINO*+
PATRICK M. VIA
JAMES M. LEWIS*
URSULA KOENIG BURGESS+
ANDREW N. FELICE*
STEPHEN D. CHARNOFF*+

JAMES M. REES (1941-1986)

*   ALSO ADMITTED IN DC
+   ALSO ADMITTED IN MARYLAND
◆   ALSO ADMITTED IN WEST VIRGINIA
▲   ALSO ADMITTED TO PATENT BAR
♦   NOT ADMITTED TO PRACTICE IN VIRGINIA;
    ADMITTED ONLY IN MD AND DC

COUNSEL
ROBERT W. WOOLDRIDGE, JR.
JOSEPH H. KASIMER*
DANIEL R. GROPPER*
RORY K. NUGENT
NICOLE A. WILLIAMS◆

ASSOCIATES
M. JOSEPH PIERCE*+
DOUGLAS S. LEVY*+
COURTNEY B. HARDEN
ERIK W. FOX*
TIFFANY L. BURTON+
GINA L. SCHAECHER*
JORDY L. MURRAY
KELLY C. ZOOK
MAUREEN E. CARR*+
WINTA MENGISTEAB+*
KATHLEEN N. MACHADO*
HILLARY ANNE COLLINS+*
ALISON R. MULLINS*+
MARIAM W. TADROS*
JOSEPH J. SHANNON+
MARGUERITE L. SELTON+

June 24, 2014

**BY FEDERAL EXPRESS AND
ELECTONIC MAIL**

Bryan Barnhart, Esq.
Miller, Axline & Sawyer
1050 Fulton Avenue, Suite 100
Sacramento, CA 95825-4225
Email: Bbarnhart@toxictorts.org

> Re:   In re: MTBE Products Liability Litigation
>       Denial of Request to Declassify & Challenge Confidentiality of
>       Documents Produced by Experimental Pathology Laboratories, Inc.

Dear Mr. Barnhart:

This letter is in response to your June 16, 2014 email and June 17, 2014 letter challenging the confidentiality of the documents produced by Experimental Pathology Laboratories, Inc. ("EPL") in accordance with the October 27, 2011 consent Confidentiality Agreement and Protective Order entered in the *In re: MTBE Products Liability Litigation*, MDL No. 1358 ("Protective Order").

EPL continues to maintain that the documents identified in the 2011 production are confidential, and does not agree to declassify the documents as such or to dissolve the Protective Order.

EPL disputes the statements and/or allegations in you June 16, 2014 email and/or June 17, 2014 letter, and states as follows:

1.  EPL's confidentiality agreement has not expired.

2.  EPL did not and has not waived all confidentiality protections under the Protective Order. The Protective Order carves out specific circumstances under which the documents may be disclosed on a limited basis, while maintaining the documents classification as confidential.

# RB   REES BROOME, PC
———————ATTORNEYS AT LAW———

Bryan Barnhart, Esq.
June 24, 2014
Page 2

3. If the EPA and other governmental regulators need the information in EPL's confidential documents to understand and evaluate the contents of the Hamner Institutes' MTBE report, the EPA and other governmental regulators having authority can access the documents for review through the proper regulatory channels. The Protective Order has no effect on the EPA and other governmental regulators' access to the documents for regulatory purposes.

4. The Protective Order was entered into by consent of the parties after the Hamner Institutes' MTBE report was released; therefore, the timing of the release of the Hamner Institutes' MTBE report does not affect the Protective Order. Further, at the time the study was done, EPL did not know that its work would be used in litigation.

5. EPL and the Hamner Institute are independent institutions, and the documents were properly classified as confidential.

6. If, as you state, "EPL documents either are or have been incorporated into many judicial documents, to which the public has the right of access" is true and the EPL documents classified as confidential have not been handled in accordance with the terms of the Protective Order, then EPL reserves its rights to pursue all actions it deems appropriate to protect its interests in this matter, to include institution of formal legal proceedings against the violating parties.

I further note that your letter of June 17, 2014, seeks to require us to notify you "within five business days of this letter . . ." that a document used at a deposition that was previously classified as confidential in accordance with the terms of the Protective Order is confidential. I direct your attention to Paragraph K, on page 8, of the Protective Order. The Protective Order states, in relevant part, "Counsel for the party claiming confidentiality will respond in writing within ten (10) Days, and the parties will meet and confer to resolve the dispute." We object to purporting to establish deadlines which are inconsistent with the Protective Order.

We also would like to resolve any legitimate disagreements concerning the classification of specific documents without burdening the court. A blanket request is not appropriate or called for. If you are requesting specific documents to be declassified, please provide us with the Bates number and/or copy of the document for which you are requesting declassification. Upon receipt of the same, we will review the request and provide a response specific to the identified document(s).

# RB  REES BROOME, PC

——————————ATTORNEYS AT LAW

Bryan Barnhart, Esq.
June 24, 2014
Page 3


If you have any questions, please feel free to contact me or Ms. Mullins.


Very truly yours,

REES BROOME, PC

By: _____

Andrew B. Golkow


ABG:spg
cc:    Scott E. Bayzle
       William G. Pappas
       Duane Miller
       James Pardo


K:\05\05007\00001\110906 MTBE Subpeona\CORR\140624 letter from A Golkow to B Barnhart.docx

# EXHIBIT 5

**Bryan Barnhart**

| | |
|---|---|
| **From:** | Bryan Barnhart [bbarnhart@toxictorts.org] |
| **Sent:** | Thursday, June 26, 2014 5:08 PM |
| **To:** | 'Andrew B. Golkow' |
| **Cc:** | billpappas@parkerpoe.com; scottbayzle@parkerpoe.com; dmiller@toxictorts.org; 'James A. Pardo'; maxline@toxictorts.org; 'Tracey O'Reilly'; 'Miller, Axline & Sawyer'; 'Robert J. Cunningham Jr.'; 'Alison R. Mullins' |
| **Subject:** | RE: Letter to Bryan Barnhart |

Good evening.

Thank you for writing back.  It appears that we're talking past each other.

Please read Paragraph H.b.

Our records – and the Court Reporter's records – show that EPL did not maintain the confidentiality of any deposition exhibit pursuant to H.b.'s required procedures.  Do your records show differently?  Please focus special attention on the exhibits to the deposition of Gabrielle Willson.

Thank you.

Bryan

---

**From:** Andrew B. Golkow [mailto:AGolkow@reesbroome.com]
**Sent:** Thursday, June 26, 2014 4:26 PM
**To:** 'Bryan Barnhart'
**Cc:** billpappas@parkerpoe.com; scottbayzle@parkerpoe.com; dmiller@toxictorts.org; 'James A. Pardo'; maxline@toxictorts.org; 'Tracey O'Reilly'; Miller, Axline & Sawyer; Robert J. Cunningham Jr.; Alison R. Mullins
**Subject:** RE: Letter to Bryan Barnhart

Good evening,

Thank you for your email from earlier this afternoon.  Please be advised that EPL has not waived anything, nor does it agree to the blanket declassification that you have requested.

Paragraph K, on page 8 of the Protective Order, states, in relevant part  "Any party hereto may challenge the claim of confidentiality of any materials by notifying counsel for the party claiming confidentiality of the basis of their challenge to the claim.  Counsel for the party claiming confidentiality will respond in writing within ten (10) Days, and the parties will meet and confer to resolve the dispute.  If the parties cannot resolve the dispute, the matter will be brought before the Court for resolution.  Until the Court issues a ruling on the dispute, and until any and all proceedings and interlocutory appeals challenging such decision have been concluded, the Confidential Documents shall continue to be deemed  'CONFIDENTIAL' under the terms of this Order." [Capitalization in original]  I did not see any mention of "waiver" in the Protective Order, and all that is necessary under the terms of the Order is a response.  We object to this attempt to read into the Order what is not there.  Nevertheless, our response of June 24, 2014, and Mr. Bayzle's response of June 23, 2014, were detailed and certainly waived nothing.

Andrew Golkow


**Andrew B. Golkow**
Rees Broome, PC

1

1900 Gallows Road, Suite 700
Tysons Corner, Virginia 22182
Telephone:  (703) 790-1911
Fax:        (703) 848-2530
agolkow@reesbroome.com

---

**From:** Bryan Barnhart [mailto:bbarnhart@toxictorts.org]
**Sent:** Thursday, June 26, 2014 12:42 PM
**To:** Andrew B. Golkow
**Cc:** billpappas@parkerpoe.com; scottbayzle@parkerpoe.com; dmiller@toxictorts.org; 'James A. Pardo';
maxline@toxictorts.org; 'Tracey O'Reilly'; Miller, Axline & Sawyer
**Subject:** RE: Letter to Bryan Barnhart

Good morning.

Your letter does not identify any deposition exhibits that EPL marked as confidential pursuant to the protective order.
EPL has waived all rights, therefore, to keep these documents confidential.

Plaintiffs cannot narrow their declassification request because Plaintiffs cannot know which documents the EPA will find
relevant.

By close of business tomorrow, please agree to declassify all of the documents that EPL produced pursuant to the
protective order.  Otherwise, plaintiffs will move to declassify all documents that remain subject to the protective order.

Thank you.

Bryan

---

**From:** Andrew B. Golkow [mailto:AGolkow@reesbroome.com]
**Sent:** Tuesday, June 24, 2014 3:13 PM
**To:** 'Bryan Barnhart'
**Cc:** 'billpappas@parkerpoe.com'; 'scottbayzle@parkerpoe.com'; 'dmiller@toxictorts.org'; James A. Pardo
(jpardo@mwe.com)
**Subject:** Letter to Bryan Barnhart

Please find attached a letter in response to Bryan Barnhart's email of June 13,  2014, and his letter dated June 17, 2014.

**Andrew B. Golkow**
Rees Broome, PC
1900 Gallows Road, Suite 700
Tysons Corner, Virginia 22182
Telephone:  (703) 790-1911
Fax:        (703) 848-2530
agolkow@reesbroome.com

**Bryan Barnhart**

| | |
|---|---|
| **From:** | Pappas, William G. [billpappas@parkerpoe.com] |
| **Sent:** | Monday, June 30, 2014 9:48 AM |
| **To:** | 'Bryan Barnhart' |
| **Cc:** | 'Kathy Herron'; Amullins@reesbroome.com; AGolkow@reesbroome.com; dmiller@toxictorts.org; 'James A. Pardo'; 'Miller, Axline & Sawyer'; maxline@toxictorts.org; 'Tracey O'Reilly'; Bayzle, Scott E.; RCunningham@reesbroome.com |
| **Subject:** | RE: In re MTBE--Motion to Declassify |

Bryan, As you say, the documents were produced subject to the Protective Order (pursuant to Paragraph 3) and, thus, were and continue to be protected under that Order as they were used in the deposition. We disagree with your characterization of the effect of Section 6 (as it relates to the other provisions of the Order) and your contention that The Hamner has, in any way, waived its confidentiality rights. We stand by our previously stated position. Sincerely, Bill

---

**William Pappas**
Partner



Wells Fargo Capitol Center | 150 Fayetteville Street | Suite 1400 | Raleigh, NC 27601
Phone: 919.890.4164 | Fax: 919.834.4564 | www.parkerpoe.com | vcard | map

---

**From:** Bryan Barnhart [mailto:bbarnhart@toxictorts.org]
**Sent:** Friday, June 27, 2014 5:16 PM
**To:** Pappas, William G.
**Cc:** 'Kathy Herron'; Amullins@reesbroome.com; AGolkow@reesbroome.com; dmiller@toxictorts.org; 'James A. Pardo'; 'Miller, Axline & Sawyer'; maxline@toxictorts.org; 'Tracey O'Reilly'; Bayzle, Scott E.; RCunningham@reesbroome.com
**Subject:** RE: In re MTBE--Motion to Declassify

Good afternoon.

Thank you for your prompt response, but we're still talking past each other. Your earlier correspondence does not answer my question.

I understand that the Hamner documents were marked confidential before the deposition. Those confidentiality designations were made pursuant to section 3 of the protective order.

I'm talking about <u>section 6</u>. That section requires Hamner to comply with additional procedures to maintain the confidentiality of deposition testimony and exhibits.

Here is the language from the protective order to which I'm referring, reproduced in full:

6.    **Documents at Depositions.**

(a)    A deponent who is a current employee of The Hamner may, during deposition, be shown and examined about the Documents.

(b)     A deponent who is not a current employee of The Hamner may, during depositions, be shown and examined about the Documents if the provisions of Paragraph 4 and 5 are complied with. Deponents shall not retain or copy portions of the transcript of their depositions that certain confidential information not provided by them or the entities they represent unless they sign the Confidentiality Agreement and applicable Affidavit.

(c)     Parties and deponents may, within (thirty) 30 days after receiving a deposition transcript, designate pages of the transcript, and exhibits thereto which pertain specifically to the discussion and/or disclosure of the subject Documents, as confidential. Confidential information within the deposition transcript may be designated by underlining the portions of the pages that are confidential and stamping such pages: "HAMNER-CONFIDENTIAL." Until expiration of the thirty (30) day period, the entire deposition will be treated as subject to protection against disclosure under this Order. Parties and deponents, through their respective counsel, shall notify in writing all opposing counsel of the pages and exhibits which they have designated confidential information. If no party or deponent timely designates confidential information in a deposition, then none of the transcript or its exhibits will be treated as confidential. If a timely designation is made, the stamped pages and exhibits shall be treated like a Confidential Document under this Order. If there is uncertainty or a dispute about whether the pages and/or exhibits have been property designated as confidential information, any party may seek a ruling from this Court.

Did Hamner follow the above-quoted procedures?

Our records show that Hamner did not.

The court reporter's records show that Hamner did not.

All I need from you is confirmation that our records are accurate, or evidence that our records are wrong.

You have not answered that question. And I don't know how to ask it any more clearly.

Did Hamner comply with section 6?

Let's do it this way:

If Hamner complied with section 6's procedures, then please:

1.   Say "Yes, Hamner complied with section 6's procedures;" and

2.   Email me proof of Hamner's compliance.

Otherwise, our Motion will assume that Hamner did not comply with section 6's procedures, and that Dr. Dodd's deposition testimony and exhibits were automatically declassified under the plain language of the protective order that Hamner seeks to enforce.

Thank you.

Bryan

---

**From:** Pappas, William G. [mailto:billpappas@parkerpoe.com]
**Sent:** Friday, June 27, 2014 1:58 PM
**To:** 'Bryan Barnhart'

Cc: 'Kathy Herron'; Amullins@reesbroome.com; AGolkow@reesbroome.com; RCunninghamjr@reesbroom.com;
dmiller@toxictorts.org; 'James A. Pardo'; 'Miller, Axline & Sawyer'; maxline@toxictorts.org; 'Tracey O'Reilly'; Bayzle, Scott
E.
Subject: RE: In re MTBE--Motion to Declassify

Mr. Barnhart, In Scott's absence, I·wanted to respond to your email. As we indicate in our past
responses, some (but not all) the exhibits used in Dr. Dodd's deposition were marked
"HAMNER-CONFIDENTIAL" in advance of his deposition and therefore already subject to the
Order when used in his deposition. The Hamner has not waived the confidential treatment of
any of those exhibits. The marking of these documents was the subject of correspondence
between your office and ours at the time of the production in 2012. We do not know what
exhibits were marked as confidential in the depositions of other MTBE litigation deponents, in
other pending cases, but certainly the Hamner has not waived its position as to matters it has
not been involved in and is unaware of.
Sincerely, Bill


**William Pappas**
Partner



Wells Fargo Capitol Center | 150 Fayetteville Street | Suite 1400 | Raleigh, NC 27601
Phone: 919.890.4164 | Fax: 919.834.4564 | www.parkerpoe.com | vcard | map

---

**From:** Bryan Barnhart [mailto:bbarnhart@toxictorts.org]
**Sent:** Friday, June 27, 2014 3:21 PM
**To:** Bayzle, Scott E.
**Cc:** 'Kathy Herron'; Amullins@reesbroome.com; AGolkow@reesbroome.com; RCunninghamjr@reesbroom.com; Pappas,
William G.; dmiller@toxictorts.org; 'James A. Pardo'; 'Miller, Axline & Sawyer'; maxline@toxictorts.org; 'Tracey O'Reilly'
**Subject:** RE: In re MTBE--Motion to Declassify

Good afternoon.

Please read section 6 of the protective order, entitled "Documents at Depositions."

Has any Hamner representative ever complied with section 6's requirements for maintaining the confidentiality of any
exhibit or testimony?

Please begin your answer with "yes" or "no."

And please respond today.  We want our Motion to provide the Court with the most accurate and fact-checked
information possible.

Thank you.

Bryan

**From:** Bayzle, Scott E. [mailto:scottbayzle@parkerpoe.com]
**Sent:** Friday, June 27, 2014 10:04 AM
**To:** 'Bryan Barnhart'
**Cc:** 'Kathy Herron'; Amullins@reesbroome.com; AGolkow@reesbroome.com; RCunninghamjr@reesbroom.com; Pappas, William G.; dmiller@toxictorts.org; 'James A. Pardo'; Miller, Axline & Sawyer
**Subject:** RE: In re MTBE--Motion to Declassify

Mr. Barnhart,

Our letter of June 23, 2014 and various emails with you beginning in late April are fully responsive to the issues you have raised below and your prior correspondence, and I refer you to them.  We have repeated The Hamner's position to you from the outset: the Hamner cannot agree to a blanket dissolution of the Protective Order, but is certainly willing to consider legitimate requests regarding specific documents that you contend are no longer confidential under the Order – an Order that the plaintiffs readily agreed to years ago.

The Hamner has not waived any of its rights with regard to the Order, including but not limited to deposition exhibits.  Some (but not all) of the deposition exhibits used in connection with Dr. Dodd's deposition were clearly marked/stamped "HAMNER-CONFIDENTIAL" under the terms of the Protective Order.  The deposition exhibits marked accordingly are subject to the Protective Order.

The Hamner is not a party to the MTBE litigation.  We were not served with any motion, order or notice that made our participation in the hearing you refer to below appropriate.  We copied both Mr. Miller and Mr. Pardo on our reply to your demands because we understand that they are designated as "liaison counsel" for the plaintiffs and defendants, respectively.  Section 8(a) of the Protective Order provides that they must be copied on such correspondence.

We stand by our responses and urge you and your clients to comply with the Order and not waste the Court and the litigants' time.

Sincerely,
Scott

_____
**Scott Bayzle**
Partner



Wells Fargo Capitol Center | 150 Fayetteville Street | Suite 1400 | Raleigh, NC 27601
Phone: 919.835.4627 | Fax: 919.834.4564 | www.parkerpoe.com | vcard | map

**From:** Bryan Barnhart [mailto:bbarnhart@toxictorts.org]
**Sent:** Thursday, June 26, 2014 12:50 PM
**To:** Bayzle, Scott E.
**Cc:** 'Kathy Herron'; Amullins@reesbroome.com; AGolkow@reesbroome.com; RCunninghamjr@reesbroom.com; Pappas, William G.; dmiller@toxictorts.org; 'James A. Pardo'; Miller, Axline & Sawyer
**Subject:** RE: In re MTBE--Motion to Declassify

Good morning.

Your letter does not identify any deposition exhibits that Hamner marked as confidential pursuant to the protective order.  Hamner has waived all rights, therefore, to keep these documents confidential.

Most of the questions that your letter raises were discussed and answered at the pre-motion hearing on plaintiffs motion to declassify Hamner's documents.  We notified Hamner of that hearing.  You did not attend.  Instead, Exxon's attorney Mr. Pardo – who you also copied on your response to me (see below) – appeared to argue your case.  I'm sure that he can answer any questions about what transpired.

Plaintiffs cannot narrow their declassification request.  Plaintiffs make this request so that they can provide the documents to the EPA.  Plaintiffs do not presume to know precisely which documents the EPA will find relevant to its inquiry.

By close of business tomorrow, please agree to declassify all of the documents that Hamner produced pursuant to the protective order.  Otherwise, plaintiffs will move to declassify all documents that remain subject to the protective order.

Thank you.

Bryan

---

**From:** Bayzle, Scott E. [mailto:scottbayzle@parkerpoe.com]
**Sent:** Monday, June 23, 2014 12:07 PM
**To:** bbarnhart@toxictorts.org
**Cc:** 'Kathy Herron'; Amullins@reesbroome.com; AGolkow@reesbroome.com; RCunninghamjr@reesbroom.com; Pappas, William G.; 'dmiller@toxictorts.org'; James A. Pardo (jpardo@mwe.com)
**Subject:** RE: In re MTBE--Motion to Declassify

Counsel,

Attached please find a letter in response to Bryan Barnhart's email dated June 13, 2014 and his letter dated June 17, 2014.

Many thanks,
Scott

---

**Scott Bayzle**
Partner



Wells Fargo Capitol Center | 150 Fayetteville Street | Suite 1400 | Raleigh, NC 27601
Phone: 919.835.4627 | Fax: 919.834.4564 | www.parkerpoe.com | vcard | map

**From:** Kathy Herron [mailto:kherron@toxictorts.org]
**Sent:** Tuesday, June 17, 2014 1:11 PM
**To:** Amullins@reesbroome.com; AGolkow@reesbroome.com; RCunninghamjr@reesbroom.com; Pappas, William G.; Bayzle, Scott E.
**Cc:** bbarnhart@toxictorts.org; 'MDL1358'; MDL1358@weitzlux.com
**Subject:** In re MTBE--Motion to Declassify

Counsel,

Attached please find a letter from Bryan Barnhart re Motion to Declassify & Challenge Confidentiality of Documents. Thank you.

Kathy Herron
Miller & Axline / phone (916) 488-6688 / fax (916) 488-4288 This private communication may be confidential or privileged. If you are not the intended recipient, any disclosure, distribution, or use of information herein or attached is prohibited.

IRS CIRCULAR 230 NOTICE: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication (or in any attachment).

PRIVILEGED AND CONFIDENTIAL: This electronic message and any attachments are confidential property of the sender. The information is intended only for the use of the person to whom it was addressed. Any other interception, copying, accessing, or disclosure of this message is prohibited. The sender takes no responsibility for any unauthorized reliance on this message. If you have received this message in error, please immediately notify the sender and purge the message you received. Do not forward this message without permission.
PRIVILEGED AND CONFIDENTIAL: This electronic message and any attachments are confidential property of the sender. The information is intended only for the use of the person to whom it was addressed. Any other interception, copying, accessing, or disclosure of this message is prohibited. The sender takes no responsibility for any unauthorized reliance on this message. If you have received this message in error, please immediately notify the sender and purge the message you received. Do not forward this message without permission.
PRIVILEGED AND CONFIDENTIAL: This electronic message and any attachments are confidential property of the sender. The information is intended only for the use of the person to whom it was addressed. Any other interception, copying, accessing, or disclosure of this message is prohibited. The sender takes no responsibility for any unauthorized reliance on this message. If you have received this message in error, please immediately notify the sender and purge the message you received. Do not forward this message without permission.
PRIVILEGED AND CONFIDENTIAL: This electronic message and any attachments are confidential property of the sender. The information is intended only for the use of the person to whom it was addressed. Any other interception, copying, accessing, or disclosure of this message is prohibited. The sender takes no responsibility for any unauthorized reliance on this message. If you have received this message in error, please immediately notify the sender and purge the message you received. Do not forward this message without permission.

1

**PROOF OF SERVICE VIA LEXISNEXIS FILE & SERVE**
*New Jersey Department of Environmental Protection, et al. v. Atlantic Richfield Co., et al.*

2

United States District Court, Southern District of New York, Case No. 08 Civ. 00312 (SAS)

3

    I, the undersigned, declare that I am, and was at the time of service of the paper(s) herein referred to, over the age of 18 years and not a party to this action.  My business address is 1050

4

Fulton Avenue, Suite 100, Sacramento, CA  95825-4225.

5

    On the date below, I served the following document on all counsel in this action electronically through LexisNexis File & Serve:

6

7

**DECLARATION OF BRYAN BARNHART IN SUPPORT OF PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO ENFORCE WAIVER AND DECLASSIFICATION PROVISIONS OF HAMNER PROTECTIVE ORDER**

8

9

    I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

10

    Executed on August 20,  2014, at Sacramento, California.

11

12

KATHY HERRON

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28