UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation | **Master File No. 1:00-1989** <br> **MDL 1358 (SAS)** |
| This Document Relates To: <br><br> *Orange County Water District v. Unocal Corporation et al.,* Case No. 04 Civ. 4968 (SAS) | The Honorable Shira A. Scheindlin |

# PLAINTIFF ORANGE COUNTY WATER DISTRICT'S OBJECTIONS TO NEW EVIDENCE SUBMITTED WITH DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

1

Pursuant to Federal Rule of Civil Procedure 56(c)(2), plaintiff Orange County Water District objects to and moves to strike new evidence and argument submitted by defendants with their Reply in support of their motion for summary judgment.

The District objects to and moves to strike the following: (1) the new argument at Reply 11-12; (2) new declarations, including: (a) the reply declaration of Stephanie Chen; (b) the reply declaration of Michael Hager; (c) paragraphs 2 and 7 of the reply declaration of Diana Pfeffer Martin; and (d) paragraph 7 of the reply declaration of John DiChello; (3) defendants' new evidence and exhibits, including: (a) J. DiChello (Reply) Decl. Ex. 82 and 84; (b) D. Martin (Reply) Decl. Ex. 90; (c) Anderson (Reply) Decl. Ex. 92; and (d) Roy (Reply) Decl. Exs. 93-96; (4) the defendants' reliance in the 56.1 Statements that rely on the declarations and the new evidence identified below and (5) the defendants' reliance in the Defendants' Objections to Evidence Submitted by Plaintiff that rely on the declarations and the new evidence identified below (objection #28).[1]

A.     Improper Argument

Defendants' Reply makes a new argument at pages 11-12 of the Reply that could have been made in their opening brief but was not. In addition, Exhibits 93, 94 and 95 to the Roy Reply Declaration could have been, but were not, included in the opening brief, and are cited for the first time in the Reply. Roy Reply Exs. 93-95 are not even cited in the 56.1 Reply

---

[1] Defendants' concede that all of the *District's* 56.1 Separate Statement are disputed, although defendants contend several of the disputed facts are "irrelevant". 56.1 Reply Statement at ¶¶ 289-303. Defendants now concede 15 of the facts in the *Defendants'* own Rule 56.1 Separate Statement are "disputed". 56.1 Reply Statement at ¶¶ 18, 23, 27, 28, 56, 57, 58, 62, 63, 64, 109, 153, 158, 201 and 263.

2

Statement.[2] The District had no opportunity to respond to these arguments and exhibits and accordingly would be prejudiced if they were considered by the Court. The District therefore requests that they be stricken.

    B.    <u>Improper Declarations</u>

        1.    <u>Declaration of Stephanie Chen</u> (entire declaration) (cited at 56.1 ¶¶ 119, 120, 121, 125, 139, 141, 156, 176, 187 and Reply at 18 and defendants' objections to the District's evidence at objection #28).

The Declaration of Stephanie Chen is particularly egregious as Ms. Chen already filed a 5-page, 16-paragraph declaration propounding her own personal interpretation of the litigation as counsel and providing no supporting exhibits. Here, Ms. Chen again propounds her own personal interpretation of the litigation in a 3-page, 8-paragraph declaration. Chen Reply Decl. Again, there are no supporting exhibits attached. Opinions of counsel are not proper evidence at any stage of the litigation. There is no opportunity to oppose or address inaccuracies and/or omissions in Ms. Chen's reply declaration, including in paragraph 8 of her Reply Declaration.[3] The declaration is prejudicial to the District and the District requests that it be stricken.

        2.    <u>Declaration of Michael E. Hager</u> (entire declaration) (cited at 56.1 ¶¶ 56, 57, 58, 62, 63).

---

[2] The District also objects to Roy Reply Exhibits for lack of foundation and personal knowledge. Roy Reply Ex. 93 is "California Legislative Information, Status, SB-658 Orange County Water District Act: investigation, cleanup, and liability (2013-2014)"; Roy Reply Ex. 94 is Orange County Water District Act Amendment Proposal pertaining to SB-658; and Roy Reply Ex. 95 is "Bill Analysis," Senate Committee on Environmental Quality, re SB-658.

[3] Counsel for the parties met and conferred and defendants represented in writing that they agreed to strike references to the Chen Reply Declaration in Defendants' Reply 56.1 ¶¶ 119-121, 125 and 139. See Exhs. A and B, attached. Although no errata has been filed by defendants at this time, the District respectfully asks the Court not to consider the Chen Reply Declaration cited in those paragraphs.

3

The Declaration of Michael E. Hager filed by BP is also improper. The District has pending objections and a motion to strike BP's previously-filed Declaration of William T. Costley III, a senior legal assistant at Arnold & Porter which purported to testify to this same evidence. See Plaintiff Orange County Water District's Objection to Evidence Submitted in Support of Defendants' Motion for Summary Judgment at 2. In an effort to side-step the improper declaration, BP now provides a new declaration purporting to supply the same evidence. The District's objections are twofold. First, BP should have produced this evidence during discovery. Providing a new declaration on a reply to summary judgment is improper. Mr. Hager's declaration that the information was contained in BP's files and in publically available does not include any reference to documents produced in discovery by this defendant. Second, the statements in the declaration of Michael Hager could have been submitted with defendants' initial motion but were not. Therefore the declaration is also untimely and prejudicial to the District.

> 3. <u>Reply Declaration of John DiChello</u> ¶¶ 2, 7 (cited at 56.1 ¶¶ 120, 142, 243, 244, 245, 269, 270 and defendants' objections to the District's evidence at Objection #28);

AND

> 4. <u>Reply Declaration of Diana Pfeffer-Martin</u> ¶ 7 (cited at 56.1 ¶¶ 48, 142, 242, 243, 244, 245, 272 and defendants' objections to the District's evidence at Objection #28).

The referenced paragraphs in the declarations of counsel for Tesoro and Lyondell recite the declarants' personal interpretations and opinions about the litigation and should be stricken for the same reasons as Ms. Chen's declaration because the opinions of counsel are not proper evidence at any stage of the litigation and there is no opportunity to oppose or address

4

inaccuracies and/or omissions in the reply declarations. Defendants' counsel declare, yet again, that they were confused about the District's theory of the case.[4] Whether the commingled product theory was addressed in discovery can be gleaned from the actual discovery responses. Defendants rely in their reply, as they did in their initial motion, on declarations of their counsel instead of supplying the *actual discovery responses.* Paragraphs 2 and 7 of the Martin and ¶ 7 of the DiChello declarations should be stricken, and the defendants reliance on those paragraphs should likewise be stricken due their improper and prejudicial nature.

C.   Improper Exhibits

The following exhibits were cited for the first time in the Reply materials:

1. Reply Declaration of John DiChello **Ex. 82, Lyondell Chemical Company's Response to Membership Chart** (cited at 56.1 ¶¶ 117, 121, and 299) and **Ex. 84, Excerpts from the Deposition of David Bott (5/12/03)** in *City of Dinuba v. Unocal*, No. 305450 (San Francisco Cnty., CA) (cited at 56.1 ¶300);
2. Reply Declaration of Diana Pfeffer-Martin **Ex. 90, Exhibit 20 from the Deposition of James Keating (2/23/10)** (cited at 56.1 ¶ 159);
3. Reply Declaration of Jeremiah Anderson **Ex. 92, Excerpts from the Deposition of Jennifer Talbert (8/20/10)** (cited at 56.1 ¶ 6, 7, 8); and
4. Reply Declaration of Whitney Jones Roy **Ex. 96, in part, Exhibit 2 from the Deposition of Pete Rehklau** (cited at 56.1 ¶2) (this is in addition to the objections and motion to strike Roy Reply Decl. Exs. 93-95, addressed *supra*).

These exhibits were not previously cited by any party and it is prejudicial to cite new evidence for the first time at the reply stage. In the 56.1 Opposition Statement ¶ 159, for

---

[4] In recent correspondence, dated August 21, 2014, Ms. Martin stated to counsel for the District, "Neither Lyondell nor Tesoro knew OCWD intended to attempt to prove causation alleging direct product tracing or market share liability given its prior representations that it would seek to establish liability based solely on the commingled product theory." This assertion appears to concede the argument that defendants were unaware that the commingled product theory was being pursued. The District has always stated it would pursue both, see the District's Opposition at pp. 20-28, 32-35; 56.1 Statement at ¶¶ 40-54, 48, 119-120, 142, 239-248, 259-282 and the exhibits and evidence cited therein.

example, the District states that Petro-Diamond Inc. *"never provided copies of its sales records"* in this case. Defendants now attempt to add a new document (Ex. 90) purporting to be a reflection of customers of Petro-Diamond Inc., even though this document is not "sales records" and does not contradict the District's position.

For the foregoing reasons, the District respectfully requests this Court strike the defendants' reply evidence and not rely or consider any of such evidence.

DATED: August 25, 2014           Respectfully submitted


                                 _____/s/_____
                                 Michael D. Axline
                                 MILLER & AXLINE
                                 A Professional Corporation
                                 1050 Fulton Avenue, Suite 100
                                 Sacramento, CA 95825-4225
                                 Telephone: (916) 488-6688
                                 Counsel for Plaintiff Orange County Water District

*In Re Methyl Tertiary Butyl Ether (MTBE) Products Liability Litigation:
Orange County Water District v. Unocal Corp., et al.*, Case No. 04 Civ. 4968

**PROOF OF SERVICE VIA LEXISNEXIS FILE AND SERVE**

    I am a citizen of the United States and an employee in the County of Sacramento. I am over the age of eighteen (18) years and not a party to this action. My business address is Miller, Axline, & Sawyer, 1050 Fulton Avenue, Suite, 100, Sacramento, California 95825.

    On the date executed below, I electronically served the document(s) via LexisNexis File & Serve, described below, on the recipients designated on the Transaction Receipt located on the LexisNexis File & Serve website:

**PLAINTIFF ORANGE COUNTY WATER DISTRICT'S OBJECTIONS TO NEW EVIDENCE SUBMITTED WITH DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

    I declare under penalty of perjury that true and correct copies of the above document(s) were served via LexisNexis File & Serve on August 25, 2014.

_____
KATHY HERRON