**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

In re: Methyl Tertiary Butyl Ether ("MTBE")          **Master File No. 1:00-1898**
Products Liability Litigation                                    **MDL 1358 (SAS)**

This Document Relates To:                                   The Honorable Shira A. Scheindlin

*Orange County Water District v. Unocal Corporation*
*et al.,* Case No. 04 Civ. 4968 (SAS)

_____


**ERRATA TO PLAINTIFF ORANGE COUNTY WATER DISTRICT'S OBJECTIONS
TO  NEW EVIDENCE SUBMITTED WITH DEFENDANTS' REPLY IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT**

Plaintiff inadvertently omitted exhibits A and B, cited in note 3 of Plaintiff Orange

County Water District's Objections to  New Evidence Submitted with Defendants' Reply in

Support of Motion for Summary Judgment.  Plaintiff submits this errata and Exhibits A and B,

attached hereto.


DATED: August 28, 2014               Respectfully submitted


                                     _____/s/_____
                                     Michael Axline
                                     MILLER & AXLINE
                                     A Professional Corporation
                                     1050 Fulton Avenue, Suite 100
                                     Sacramento, CA 95825-4225
                                     Telephone: (916) 488-6688
                                     Counsel for Plaintiff Orange County Water District

# EXHIBIT A

Law Offices of
# MILLER & AXLINE
A Professional Corporation

DUANE C. MILLER
MICHAEL AXLINE

TRACEY L. O'REILLY
DANIEL BOONE
JUSTIN MASSEY
BRYAN BARNHART
DAVE E. BLUM
MOLLY MCGINLEY HAN

August 20, 2014

**VIA EMAIL**

Whitney Jones Roy, Esq.
Sheppard, Mullin, Richter & Hampton LLP
333 South Hope Street, 48th Floor
Los Angeles, California 90071-1448

> Re:   *Orange County Water District v. Unocal Corporation, et al.*
>       **Meet and Confer**

Dear Ms. Roy:

Please consider this our meet and confer letter in response to your e-mail dated August 13, 2014. You asked which of the new evidence that defendants attached to their reply briefs that the District intends to address. The District intends to object to all of the new arguments raised in the reply, the new declarations reflecting counsel opinion, and the new evidence filed in support of both the new and prior arguments. Defendants are aware that sur-reply briefs are not permitted by the court or under any federal or local rule, yet defendants raised new arguments and filed new exhibits at the reply stage which has sand-bagged the District. Defendants' filings are both improper under the rules and prejudicial to the District.

A.   Improper Declarations

   1.   Declaration of Stephanie Chen (entire declaration) (cited at 56.1 ¶¶ 119, 120, 121, 125, 139, 141, 156, 176, 187 and Reply at 18 and defendants' objections to the District's evidence at objection #28).

The Declaration of Stephanie Chen is particularly egregious as Ms. Chen already filed a 5-page, 16- paragraph declaration propounding her own personal beliefs as counsel and providing zero supporting exhibits. Chen Decl. (I). Here, Ms. Chen has yet again propounded more personal opinions as counsel in a 3-page, 8-paragraph declaration. Chen Decl. (II). It is improper, prejudicial to the District and should be withdrawn. Opinions of counsel are not

Whitney Jones Roy, Esq.
August 20, 2014
Page 2

_____

proper evidence at any stage of the litigation and could properly be a basis for deposition of Ms.
Chen.

        2.      Declaration of Micahel E. Hager (entire declaration) (cited at 56.1 ¶¶ 56, 57, 58,
             62, 63).

The Declaration of Michael E. Hager filed by Lyondell is also improper. Lyondell
previously filed the Declaration of Alex Blagojevic in support of the opening briefs. The
information alleged in the declaration of Michael Hager could have been, but was not provided in
the opening briefs and is improper and prejudicial to the District and should be withdrawn.

        3.      Declaration of John DiChello II ¶¶ 2, 7 (cited at 56.1 ¶¶ 120, 142, 243, 244, 245,
             269, 270 and defendants' objections to the District's evidence at Objection #28)
             and the Declaration of Diana Pfeffer-Martin II ¶ 7 (56.1 ¶¶ 48, 142, 242, 243, 244,
             245, 272 and defendants' objections to the District's evidence at Objection #28).

Counsel for Tesoro and Lyondell filed declarations reciting their own personal opinions
which is improper and should be withdrawn. Declaration of Diana Pfeffer-Martin (II) at ¶ 7 and
Declaration of John DiChello (II) at ¶¶ 2, 7.

B.     Improper Arguments and Exhibits

        1.      Reply Brief at 11-12 and Roy Decl. (II), Exs. 93, 94, and 95.

First, defendants make a new argument at pages 11-12 that could have been made in their
opening brief but was not. It is prejudicial to the District to make such a new argument in the
Reply. Second, Roy Exs. 93-95 are newly cited and not mentioned in defendants opening brief
but cited for the first time in the Reply. Third, Roy Exs. 93-95 were not cited in the 56.1
Statement and should be withdrawn.

        2.      The following exhibits were cited for the first time in the Reply materials:

             a.      DiChello Decl. (II), Ex. 82 (cited at 56.1 ¶¶ 117, 121, and 299), Ex.
                 84 (cited at 56.1 ¶300);
             b.      Martin Decl. (II), Ex. 90 (cited at 56.1 ¶ 159);
             c.      Anderson Decl. (II), Ex. 92; (cited at 56.1 ¶ 6, 7, 8); and
             d.      Roy Decl. (II), Ex. 96, in part (exhibit attached to depo. and cited
                 at 56.1 ¶2).

Whitney Jones Roy, Esq.
August 20, 2014
Page 3

_____

        Although a few of the newly filed exhibits may have been filed for the purpose of
completion, these exhibits were not previously cited by any party and it is prejudicial to cite new
evidence for the first time at the reply stage.

        In the spirit of compromise, we are willing to forego filing a motion to strike all exhibits
if you will withdraw the declaration of Stephanie Chen, the declaration of Michael Hager,
resubmit the declarations of Diana Pfeffer Martin (II) and John DeChello (II) without the opinion
language and strike the citations thereto in the Rule 56.1 Statement and defendants' opposition to
the District's evidence, withdraw the new argument in your reply brief at pp. 11-12, withdraw the
new exhibits and the corresponding statements of fact as noted above.  Please let us know your
answer promptly as we will be filing our motion to strike on Monday, August 25th.


                        Very truly yours,


                        Molly McGinley Han

# EXHIBIT B



E-SERVICE
55924299
Aug 21 2014
05:58PM

HUNTON & WILLIAMS LLP
550 SOUTH HOPE STREET, SUITE 2000
LOS ANGELES, CALIFORNIA 90071-2627

TEL   213 • 532 • 2000
FAX  213 • 532 • 2020

DIANA PFEFFER MARTIN
DIRECT DIAL: 213 • 532 • 2162
EMAIL: MartinDP@hunton.com

August 21, 2014

**Via E-Mail and File & Serve**

Molly McGinley Han, Esq.
Miller & Axline
1050 Fulton Avenue, Suite 100
Sacramento, California 95825-4225

Re:   *Orange County Water District v. Unocal Corp., et al.*
      No. 04-CV-4968, Master File No. 1:00-1898, MDL 1358 (SAS)

Dear Ms. Han:

This letter responds to your August 20, 2014 meet and confer letter, sent in connection with
Defendants' Motion for Summary Judgment. You allege that Defendants included improper
declarations, arguments, and exhibits in support of their Reply. Defendants dispute OCWD's
allegations. OCWD presented several arguments and evidence for the first time in its
Opposition to Defendants' Motion for Summary Judgment, as well as misstated or
mischaracterized Defendants' evidence. Defendants' Reply was the first opportunity for
Defendants to rebut and respond to Plaintiff's mischaracterizations, new arguments, and
evidence. Accordingly, Defendants' additional materials were properly submitted. *Bayway
Refining Co. v. Oxygenated Marketing and Trading*, 215 F.3d 219, 226-27 (2d Cir. 2000)
("[R]eply papers may properly address new material issues raised in the opposition papers so
as to avoid giving unfair advantage to the answering party."). In fact, Judge Scheindlin
anticipated Defendants' need to rebut and respond to OCWD's arguments. *Tr. of Conference
In Re: MTBE Products Liability Litigation* (April 16, 2014), at 33:5-6 ("Basically, your work
is going to be on the reply brief, as far as I can tell on that.").

Below we respond to each of the items noted in your August letter.

A.   <u>Declarations</u>

     1.   Reply Declaration of Stephanie Chen

The Chen Reply Declaration was properly submitted. It was not until OCWD filed its
Opposition that Defendants learned OCWD was alleging causation against Tesoro and Valero
based on a newly revised commingled product theory of liability. Prior to filing its

# HUNTON&
# WILLIAMS

Molly McGinley Han, Esq.
August 21, 2014
Page 2

Opposition, Tesoro and Valero understood OCWD's commingled product theory was based on sales to jobbers that delivered or could have delivered to stations (the "jobber-based commingled product theory"). OCWD morphed the commingled product theory of liability in its Opposition, instead alleging that limited sales of product to CMO No. 116 stipulating refiners anywhere in California was sufficient to demonstrate delivery of Tesoro and Valero product to CMO No. 116 stipulating refiner Focus Stations (the "refiner-based commingled product theory").

The Chen Declaration submitted with Defendants' Motion pertained to OCWD's jobber discovery efforts in the context of a jobber-based commingled product theory. The Chen Reply Declaration responds to OCWD's new refiner-based commingled product theory of liability and outlines OCWD's discovery efforts regarding sales between various Defendants. Tesoro and Valero would be unduly prejudiced if OCWD were permitted to rely on the newly created refiner-based commingled product theory, articulated for the first time in its Opposition, without being given the opportunity to respond.[1]

Contrary to your characterization, the Chen Reply Declaration does not contain "personal beliefs." Rather, it outlines OCWD's discovery efforts with respect to sales between Defendants. In an effort to avoid burdening the Court, the Chen Reply Declaration referenced discovery readily available on File & Serve rather than attach it (and is the reason there are "zero supporting exhibits").

> 2.      Declaration of Michael E. Hager

The Declaration of Michael E. Hager was submitted by BP, not Lyondell. The information contained in this declaration was previously provided in the Declaration of William Costley, submitted in support of Defendants' Motion with the opening briefs. OCWD elected not to respond to the content of the Costley Declaration, but rather simply objected to the form of the declaration. The Hager Declaration does not contain new evidence nor is it prejudicial to OCWD[2]; it is a response to OCWD's evidentiary objection to the Costley Declaration, which BP does not concede is valid, and provides no facts not provided in the Costley Declaration (which OCWD did not substantively dispute).

---

[1] Defendants agree to strike references to the Chen Reply Declaration in Defendants' Reply 56.1 ¶¶ 119-121, 125 and 139.

[2] Indeed, the facts contained in the Hager Declaration have never been in dispute, including when BP provided this information to OCWD in 2010 in conjunction with CMO #75.

## HUNTON&
## WILLIAMS

Molly McGinley Han, Esq.
August 21, 2014
Page 3

     3.    Reply Declarations of John DiChello at ¶¶ 2, 7 and Diana Pfeffer Martin at ¶ 7

Neither Lyondell nor Tesoro knew OCWD intended to attempt to prove causation alleging direct product tracing or market share liability given its prior representations that it would seek to establish liability based solely on the commingled product theory. OCWD raised these theories for the first time in its Opposition. The referenced paragraphs in the DiChello and Martin Reply Declarations simply explain that OCWD's Opposition sets forth new alleged theories of liability. In addition, recitations of the events of the April 8, 2014 meet and confer in the DiChello and Martin Reply Declarations are not "personal opinions," they are facts that OCWD has not refuted and cannot refute.

B.    Arguments and Exhibits

     1.    Reply Brief at 11-12 and Roy Decl. (II), Ex. 93-95

Defendants' legal argument in the Reply regarding the OCWD Act's legislative history was in response to OCWD's unanticipated argument regarding the meaning of the OCWD Act. Defendants' motion was premised on the plain language of the OCWD Act and clear case law interpreting that Act. In Opposition, OCWD cited the legislative history of *other* statutes, and argued that this history supports its view of the legislative intent behind the OCWD Act. OCWD's characterization of the legislative history it cited was misleading, in part because of the legislative history of the OCWD Act itself, which OCWD failed to disclose to the Court. To correct the misimpression OCWD's Opposition left and respond to OCWD's new arguments going well beyond the OCWD Act and case law interpreting it, Defendants provided the arguments and related authority in their Reply and Roy Reply Declaration. This legal argument was proper, and was submitted as legal argument, not as a disputed fact.

     2.    Exhibits

       a.    DiChello Decl. (II), Ex. 82, Ex. 84

Lyondell was forced to submit a second declaration with exhibits because OCWD misstated the evidence and made arguments for the first time in its Opposition. (Reply DiChello Dec. ¶ 2.) In particular, in response to undisputed facts set forth in Defendants' Rule 56.1 Statement, OCWD offered new evidence authored and prepared by American Petroleum Institute ("API") against Lyondell. (56.1 ¶¶ Opp. 117, 121, 299 (citing Miller Dec., ¶ 2, Ex. 1, and Axline Dec., ¶ 4 Ex. 3).) Lyondell, however, has never been a member of API. Therefore, this evidence is irrelevant to Lyondell and inadmissible against Lyondell. Lyondell had no choice but to refute OCWD's misstatement by offering Exhibit 82.

# HUNTON&
# WILLIAMS

Molly McGinley Han, Esq.
August 21, 2014
Page 4

Likewise, OCWD mischaracterized the evidence in paragraph 300 of its Separate Rule 56.1
Statement in reciting the statement by Lyondell's predecessor-in-interest ARCO Chemical
Company, a Delaware corporation, that "[g]asoline containing MTBE is handled in the same
manner as hydrocarbon-only gasoline . . . [t]here are no extraordinary handling or safety
precautions above those customary to gasoline." (Axline Dec., ¶ 5, Ex. 4.) OCWD
mischaracterized that statement as relating to the handling of MTBE when it leaks or spills
from underground storage tanks or otherwise, when the meaning of that statement was that
MTBE-gasoline could be handled at refineries and shipped, stored, and transported from
refineries in the same manner as hydrocarbon-only gasoline without modifications to the
distribution system, unlike gasoline containing ethanol. Once again, OCWD's
mischaracterization of evidence, and its taking evidence out of context, demanded Lyondell
offer Exhibit 84 to correct the record.

> b.    Martin Decl. (II), Ex. 90

Tesoro cited to Martin, Ex. 90, an exhibit to James Keating's deposition transcript, in
response to OCWD's new contention that "Petro-Diamond has never provided copies of its
sales records," suggesting that there was no evidence as to whether Petro-Diamond supplied
product to G&M Oil. 56.1 Opp. ¶ 159. To avoid confusion and correct the record, Tesoro
submitted Exhibit 90, which provides a list of Petro-Diamond's customers and contains no
reference to G&M Oil. OCWD's contention that Petro-Diamond provided no sales records is
particularly egregious given that OCWD noticed Mr. Keating's deposition, and he provided
Ex. 90 in response to OCWD's document demands.

> c.    Anderson Decl. (II), Ex. 92

CUSA cited to Anderson, Ex. 92, Jennifer Talbert's deposition transcript, in response to
OCWD's new contention that CUSA operated the G&M Oil stations as a result of its
investment in G&M Oil Co. LLC. 56.1 Opp. ¶¶ 6-8. While the District's argument fails
legally because an investor in an LLC is not liable for the actions of the LLC, it also fails
because Ms. Talbert testified that the workers at the G&M Oil stations were employees of
G&M Oil Co. Inc., not CUSA and not G&M Oil Co. LLC. In other words, Exhibit 92 was
needed to correct OCWD's misleading statement regarding the operations at the G&M Oil
stations.

> d.    Roy Decl. (II), Ex. 96

Defendants' Motion cited discrete passages from the Rekhlau deposition transcript and
exhibits and, in accordance with the Court's directives, submitted only the pertinent pages.



Molly McGinley Han, Esq.
August 21, 2014
Page 5

OCWD responded by submitting additional pages from the Rekhlau deposition transcript and exhibits, but in doing so, OCWD created a misleading record regarding the content and meaning of Mr. Rekhlau's testimony and the role of Steve Roth.  To avoid any possible confusion and correct the record, Exxon submitted Exhibit 96, which consists of two additional pages from the Rekhlau transcript and one additional page from the deposition exhibits.  The purpose of the submittal is explained in Exxon's response regarding Paragraph 2 of the Rule 56.1 Statement.  Thus, any attempt by OCWD to strike the exhibit would be improper.

For the reasons outlined above, Defendants do not agree to withdraw any of the declarations or exhibits submitted with their Reply.  However, Defendants do agree to withdraw references to the Chen Reply Declaration in their 56.1 Reply at ¶¶ 119-121, 125 and 139.

Sincerely,

Diana Pfeffer Martin

cc:      All Counsel (via File & ServeXPress)

1

*In Re Methyl Tertiary Butyl Ether (MTBE) Products Liability Litigation:*
*Orange County Water District v. Unocal Corp., et al.*, Case No. 04 Civ. 4968

2

### PROOF OF SERVICE VIA LEXISNEXIS FILE AND SERVE

3

4

        I am a citizen of the United States and an employee in the County of Sacramento.  I am over the age of eighteen (18) years and not a party to this action.  My business address is Miller, Axline, & Sawyer, 1050 Fulton Avenue, Suite, 100, Sacramento, California 95825.

5

6

        On the date executed below, I electronically served the document(s) via LexisNexis File & Serve, described below, on the recipients designated on the Transaction Receipt located on the LexisNexis File & Serve website:

7

8

**ERRATA TO PLAINTIFF ORANGE COUNTY WATER DISTRICT'S OBJECTIONS TO NEW EVIDENCE SUBMITTED WITH DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

9

10

11

        I declare under penalty of perjury that true and correct copies of the above document(s) were served via LexisNexis File & Serve on August 28, 2014.

12

13

KATHY HERRON

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28