UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------- X
                                                    :
IN RE: METHYL TERTIARY BUTYL                        :
ETHER ("MTBE") PRODUCTS                             :
LIABILITY LITIGATION                                :
------------------------------------------------- :
                                                    :
This document relates to:                           :
                                                    :
*New Jersey Dep't of Envtl. Prot., et al. v.*       :
*Atlantic Richfield Co., et al.* 08 Civ. 0312       :
                                                    :
------------------------------------------------- X

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #:
> DATE FILED: 9/3/14

**MEMORANDUM OPINION
AND ORDER**

**Master File No. 1:00-1898
MDL 1358 (SAS)
M21-88**

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I.      BACKGROUND

In this consolidated multi-district litigation ("MDL"), Plaintiffs seek

relief from contamination, or threatened contamination, of groundwater from

various defendants' use of the gasoline additive methyl tertiary butyl ether

("MTBE") and/or tertiary butyl alcohol, which is a product formed by the natural

degradation of MTBE in water.  Familiarity with the facts of this case is presumed

for the purposes of this Order.

Between 2010 and 2012, non-parties — the Hamner Institute for

Health Sciences ("Hamner") and Environmental Pathology Laboratories, Inc.

("EPL") — produced tens of thousands of documents to Plaintiffs pursuant to a

Rule 45 subpoena.  The documents were subject to two stipulated protective orders that agreed that these documents would be treated as confidential.  Currently before the Court is Plaintiffs' motion to lift the confidentiality designation for these documents.  For the following reasons, Plaintiffs' motion is DENIED.[1]

### A.   The Hamner Protective Order

Hamner is a research institution located in Research Triangle Park, North Carolina.  In 2005, several gasoline companies, including Chevron, Shell, and ExxonMobil, began funding a study to evaluate the carcinogenic potential of MTBE in drinking water.[2]

In 2010, Plaintiff CVWD issued a third-party subpoena to Hamner seeking production of documents relating to an MTBE study.  CVWD also issued a subpoena to depose Darol E. Dodd, a Hamner employee, about the study.  Hamner

---

[1]       Hamner produced its documents to Crescenta Valley Water District ("CVWD") in *CVWD v. Exxon Mobil Corporation, et al.*, No. 07 Civ. 9453.  The EPL produced its documents to the New Jersey Department of Environmental Protection ("NJDEP") plaintiffs in the case of *NJDEP, et al. v. Altantic Richfield Co., et al.*, No. 08 Civ. 0312.  Because the CVWD case was remanded to the Central District of California on June 10, 2011, CVWD is no longer a plaintiff before this Court.  As a result, Plaintiffs filed the motion in the NJDEP case — the only active case in which the relevant subpoenas were issued. This Order, however, impacts all cases in this MDL because the terms of both protective orders apply to all MDL cases.

[2]       *See In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*, 269 F.R.D. 360, 363 (S.D.N.Y. 2010).

and Dodd moved to quash these subpoenas.  On August 18, 2010, this Court

ordered Hamner to "produce any raw data from its MTBE study, the final report of

the study when completed, and any communications between ExxonMobil and

[Hamner] relating to the study."[3]  However, Hamner was not required "to turn over

its internal communications or work product[.]"[4]  The Court ruled that CVWD

could depose Dodd but only after the MTBE study was finalized.[5]  Finally, the

Court ordered CVWD and Hamner to submit a joint protective order.[6]

On September 29, 2010, Hamner and CVWD agreed to a stipulated

protective order ("Hamner Protective Order").[7]  Under the protective order,

> Documents . . . produced by [] Hamner shall be stamped
> "HAMNER-CONFIDENTIAL" to signify that they are subject to
> the protection of this Order.  [D]eposition transcripts and exhibits
> . . . and oral statements or communications that quote, summarize
> or contain information from the Documents are subject to the
> protection of this Order.[8]

The parties further agreed that documents would be de-designated only pursuant to

---

[3]     *Id.* at 365.

[4]     *Id.*

[5]     *See id.* at 365-66.

[6]     *See id.* at 366.

[7]     *See* Hamner Protective Order, Ex. A to the Declaration of Scott E.
Bayzle ("Bayzle Decl."), counsel for Hamner.

[8]     *Id.* ¶ 3.

the following procedure:

> (a) If a party reasonably believes that the information produced in this litigation should not have been designated as "Confidential," it must notify counsel for [] Hamner, in writing, of the basis for its challenge to the claim . . . ,
>
> (b) Counsel for [] Hamner must respond in writing within ten (10) business days of receipt of said written challenge . . . ,
>
> (c) Counsel for [plaintiff] and [] Hamner shall then promptly confer to attempt to resolve the dispute . . . ,
>
> (d) If the parties cannot resolve the dispute, the objecting party has ten (10) business days . . . to file a written motion with the court objecting to the designation . . . ,
>
> (e) The confidentiality designation shall remain in effect unless and until the court rules that the information is not confidential.[9]

Finally, the parties stipulated that "[t]he provisions of [the Hamner Protective] Order [would] terminate . . . [w]ithin thirty (30) days after the final conclusion of all aspects of the last MDL 1358 lawsuit."[10]

In 2010, Hamner produced thousands of documents subject to the protective order — including the raw data used for the MTBE study, emails between it and ExxonMobil relating to the study, and the final MTBE report.[11] In

---

[9]     *Id.* ¶ 8.

[10]    *Id.* ¶ 14.

[11]    *See* Non-Parties Hamner and Dodd's Memorandum in Opposition to Plaintiffs' Motion to Enforce Waiver and Declassification Provisions of Protective

2012, CVWD served a second subpoena on Dodd, directing him to produce certain documents at his deposition.[12]  CVWD and Hamner agreed that many of these documents were confidential and thus, subject to the protective order.[13]

### B.     The EPL Protective Order

In 2007, Hamner retained EPL, a research company, to develop the MTBE study.[14]  On September 6, 2011, Plaintiff NJDEP served a subpoena on EPL.[15]  In response, EPL moved to quash on the grounds that the subpoena "requested confidential information" and could subject EPL to "undue burden and expense."[16]  On October 27, 2011, before the Court ruled on the motion, the NJDEP and EPL entered into a protective order ("EPL Protective Order").[17]  Under the EPL Protective Order,

Documents . . . stamped as 'Confidential' or 'Proprietary' and

---

Orders ("Hamner Opp.") at 5-6.

[12]     *See* Amended Deposition Notice of Dodd, Ex. K to the Bayzle Decl.

[13]     *See* Email Chain Between Tracy O'Reilly, Plaintiffs' counsel, and Bayzle, Ex. M to Bayzle Decl.

[14]     *See* EPL's Opposition to Plaintiffs' Motion to Enforce Waiver and Declassification Provisions of Protective Orders ("EPL Opp.") at 2.

[15]     *See id.*

[16]     *Id.*

[17]     *See id.*

> which are or contain a trade secret or other confidential research,
> development, or commercial information . . . shall be treated as
> Confidential subject to this Order[.][18]

Like the Hamner Protective Order, the EPL Protective Order requires Plaintiffs to

"notify counsel for [the EPL] in writing" if they wish to challenge the claim of

confidentiality of any document.[19]   The terms of this procedure are virtually the

same as those set forth in the Hamner Protective Order.

Finally, the EPL Protective Order stated that it would remain in effect

until "thirty (30) Days after the expiration of the last applicable deadline for the

last permitted appeal, rehearing, or reconsideration related to [this MDL]."[20]   In

November 2011, EPL produced hundred of pages of documents and emails in

accordance with the EPL Protective Order.[21]

## II.   DISCUSSION

Plaintiffs recognize that they are free to use Hamner and EPL

documents in these litigations.[22]   Specifically, the Hamner Protective Order states

---

[18]      EPL Confidentiality Agreement and Protective Order, Ex. A to the
Declaration of Allison R. Mullins ("Mullins Decl."), counsel for EPL, at ¶ II(J).

[19]      *Id.* ¶ II(K).

[20]      *Id.* ¶ II(J).

[21]      *See* EPL Opp. at 2.

[22]      *See* Plaintiffs' Motion to Enforce Waiver and Declassification
Provisions of Protective Orders ("Pl. Mem.") at 3.

that "the Documents . . . shall be used only for preparation and trial in [this]

action."[23]  Nevertheless, Plaintiffs now ask the Court to de-designate all such

documents for the benefit of "the EPA and other regulatory entities."[24]

*First*, Plaintiffs lack standing to request a blanket declassification on

behalf of the EPA.[25]  The EPA already has the MTBE report and has not, to date,

requested any documentation from Hamner or the EPL regarding the report.[26]  Nor

have Plaintiffs submitted an affidavit from the EPA.[27]

Plaintiffs respond that they are also "bringing [this] Motion on their

own behalf to promote their own governmental interests in protecting the public's

health, safety, and welfare."[28]  While they may have standing to bring these

---

[23]     Hamner Protective Order ¶ 12.

[24]     Pl. Mem. at 1.

[25]     *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 563 (1992) (holding
that "the party seeking review [must] be [] among the injured" to have standing);
*See also* 5/13/14 Conf. Tr., Ex. B to the Mullins Decl., at 42:8-22 (Court: "It's
Hamner versus the EPA apparently . . . . Let the EPA put in an affidavit").

[26]     *See* Declaration of Darol E. Dodd ("Dodd Decl.") ¶ 4 (noting that the
Report was provided to the EPA by "one or more of the Study's sponsors").

[27]     *See* Mullins Decl. ¶ 7; Dodd Decl. ¶ 12.  To the extent that the EPA
needs the documents or data underlying the MTBE study report, it may follow the
procedures set forth in the relevant EPA regulations.  *See* 40 C.F.R. § 792.1 *et seq.*

[28]     Plaintiffs' Reply Memorandum in Support of Motion to Enforce
Waiver and Declassification Provisions in EPL's Protective Order ("Reply Mem.
to EPL") at 7.

motions in this capacity, Plaintiffs have failed to show why the Court should disregard the terms of the stipulated protective orders and dissolve them before the conclusion of this MDL.

*Second*, Plaintiffs argue that "because relevant evidence carries a presumption of admissibility, the burden of proof for a Rule 26(c) order rests with [Hamner and EPL]."[29]  Plaintiffs insist that Hamner and EPL cannot "overcome their burden to prove that secrecy is necessary."[30]  However, Hamner and EPL have produced all relevant documents to Plaintiffs under the terms of the protective orders.[31]  Plaintiffs — who have stipulated to both protective orders — bear the burden of persuading the Court to dissolve them prematurely.[32]

---

[29]     Pl. Mem. at 15.

[30]     *Id.* at 14.  Plaintiffs rely on *In re Fosamax Products Liability Litigation* to support the contention that Hamner and EPL bear the burden to overcome the "presumption of admissibility."  Pl. Mem. at 14-15 (citing *In re Fosamax Prods. Liab. Litig.*, No. 06 Civ. 1687, 2009 WL 239589 (S.D.N.Y. Aug. 4, 2009)).  But *Fosamax* involved a subpoenaed non-party that attempted to avoid discovery altogether.  Here, Hamner and EPL produced thousands of documents to Plaintiffs.

[31]     *See* Pl. Mem. at 15.

[32]     *See Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000) (holding that a court should not modify a protective order "[a]bsent a showing of improvidence in the grant of a Rule 26(c) protective order or some extraordinary circumstance or compelling need"); *H.L. Hayden Co. of New York v. Siemens Med. Sys., Inc.*, 106 F.R.D. 551, 554 (S.D.N.Y. 1985) ("[I]f the issuance of a protective order was supported by a showing of good cause, the burden of

Here, a blanket declassification by the Court is unwarranted.

Plaintiffs have refused to comply with the relevant declassification provisions.

Specifically, Plaintiffs agreed to identify the documents at issue and inform

Hamner and/or EPL "in writing, of the basis" for their objections to the

confidentiality designations.[33]

Both Hamner and EPL remain willing to cooperate with Plaintiffs to

the extent that Plaintiffs can identify specific documents that they wish to

declassify.[34]  Hamner has even identified categories of documents that may no

longer need protection.[35]  Plaintiffs must meet and confer with Hamner and EPL

regarding specific documents that they seek to declassify.  Once they do so, they

---

persuasion is typically placed on the party seeking modification.").

[33]    Hamner Protective Order ¶ 8; EPL Protective Order ¶ II(K).  Plaintiffs argue that during the deposition of Dodd and Dr. Gabrielle Willson — an EPL employee — certain documents used as exhibits were "automatically declassif[ied]."  Pl. Mem. at 12.  Plaintiffs contend that Hamner and EPL were required to "request[] on the record that such documents be marked confidential." *Id.*  But the documents used at the depositions were already marked as confidential both when produced and in the official exhibits provided by the court reporter.  *See* Dodd Decl. ¶¶ 11, 15; Mullins Decl. ¶ 6.  These documents do not become declassified because they were not marked with a second "confidential" sticker after the deposition.  In order to declassify them, Plaintiffs are required to follow the declassification procedures set forth in the protective orders.  *See* EPL Protective Order ¶ II(K); Hamner Protective Order ¶ 8.

[34]    *See* EPL Opp. at 8; Hamner Opp. at 9.

[35]    *See* Hamner Opp. at 9-10.

may renew this motion as to specific documents.

## III.   CONCLUSION

For the aforementioned reasons, Plaintiffs' motion is DENIED.  The

Clerk of the Court is directed to close this motion (Doc. No. 381/4021).[36]

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            September 3, 2014.

---

[36]      This Motion is listed as Doc. No. 381 on the 08 Civ. 0312 docket.  It is listed as Doc. No. 4021 on the 00 Civ. 1898 docket.  The clerk is directed to close both entries.

## - Appearances -

**Liaison Counsel for Plaintiffs:**

Robin Greenwald, Esq.
Robert Gordon, Esq.
Weitz & Luxenberg, P.C.
180 Maiden Lane
New York, NY 10038
(212) 558-5500


**Liaison Counsel for Defendants:**

Peter John Sacripanti, Esq.
James A. Pardo, Esq.
McDermott Will & Emery LLP
50 Rockefeller Plaza, 11th Floor
New York, NY 10020
(212) 547-5583


**Counsel for Plaintiffs:**

Michael Axline, Esq.
Miller & Axline P.C.
1050 Fulton Avenue, Suite 100
Sacramento, CA 95825
(916) 488-6688

**Counsel for EPL:**

Joel G. MacMull, Esq.
Goetz Fitzpatrick LLP
One Penn Plaza
New York, NY 10119
(212) 695-8100

Robert J. Cunningham, Jr., Esq.
Allison R. Mullins, Esq.
Rees Broome P.C.
1900 Gallows Road, 7th Floor
Tysons Corner, VA 22182
(703) 790-1911

**Counsel for Hamner:**

Donald H. Chase, Esq.
Morrison Cohen LLP
909 Third Avenue
New York, NY 10022
(212) 735-8600

Scott E. Bayzle, Esq.
Parker Poe Adams & Bernstein LLP
150 Fayetteville Street, Suite 1400
Raleigh, NC 27601
(919) 835-4627