

Boston  Brussels  Chicago  Düsseldorf  Frankfurt  Houston  London  Los Angeles  Miami
Milan  Munich  New York  Orange County  Paris  Rome  Seoul  Silicon Valley  Washington, D.C.

Strategic alliance with MWE China Law Offices (Shanghai)

Peter John Sacripanti
Chairman
psacripanti@mwe.com
+1 212 547 5583

September 22, 2014

BY HAND DELIVERY AND ELECTRONIC MAIL

The Honorable Shira A. Scheindlin
United States District Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 1620
New York, New York  10007-1312

> Re:   Master File C.A. No. 1:00-1898 (SAS), M21-88, MDL No. 1358
> *Defendants' Pre-Conference Letter for October 1, 2014 Conference*

Dear Judge Scheindlin:

Defendants respectfully submit this letter in advance of the October 1, 2014 conference.

## JOINT AGENDA ITEM

### I.   *Pennsylvania*: Deadline to Move or Answer Complaint

Earlier this month, the Court signed a stipulated Order extending Defendants' time to move or answer the *Pennsylvania* Complaint until a date to be set at the October 1 conference. (Dkt. # 4089.)   Defendants suggest that the deadline be set for 30 days from the conference – October 31, 2014 – and Plaintiffs have no objection to this proposal.  Defendants will be prepared to discuss this with the Court on October 1.

## DEFENDANTS' AGENDA ITEMS

### I.   *Puerto Rico*: Plaintiffs' Responses to the PRASA and Esso Sets of Requests for Admission

Defendants have been engaged in meet-and-confer discussions with Plaintiffs' counsel regarding Plaintiffs' responses to two sets of requests for admission – one related to the Puerto Rico Aqueduct and Sewer Authority ("PRASA"), and a second related to Esso Standard Oil (Puerto Rico) (the "Esso RFAs").  Although the parties are continuing to meet and confer on

The Honorable Shira A. Scheindlin
September 22, 2014
Page 2

these issues, if we are unable to reach resolution prior to the October 1 status conference, Defendants will request a ruling from the Court on the adequacy of Plaintiffs' responses or that the matters be referred to Special Master Warner.

First, as to the PRASA RFAs and by way of background, in 2010, after Defendants attempted to obtain discovery from PRASA through a third-party subpoena, Plaintiffs' counsel objected and took on the role of coordinating discovery sought from PRASA. Thereafter, in January 2011, Plaintiffs agreed to treat PRASA as a "covered person" and, since then, have consistently answered discovery on behalf of PRASA. The instant disputed requests generally ask Plaintiffs to admit that PRASA has not taken certain actions related to MTBE. For example, Request No. 1 asks: "Admit that to date PRASA has not performed remedial activities due to MTBE at any wells within the Plaintiffs' Delineation of the Shell #3042 Trial Site." Plaintiffs initially denied such requests on the basis, *inter alia*, that each request "assumes that Plaintiffs are aware of the extent of activities, if any, of non-party PRASA with respect to the referenced wells." After Defendants objected to this response, Plaintiffs proposed language to revise certain of the responses. Defendants are considering Plaintiffs' proposal and will update the Court as to the status of the meet-and-confer in our preconference reply letter.

Second, as to the Esso RFAs, on August 6, 2014, Defendant Esso sent an initial meet-and-confer letter to Plaintiffs regarding the inadequacy of certain responses to Esso's Requests to Admit (the "Esso RFAs"). At the August 14, 2014 status conference, in the context of addressing a co-defendant's similar complaints with Plaintiffs' RFA responses, the Court provided helpful guidance as to how Plaintiffs could and should comply with their obligations to respond to RFAs. *See Aug. 14, 2014 Conf. Tr.* at 23-29. Thereafter, Esso sent three additional meet-and-confer letters to Plaintiffs regarding deficiencies in their responses to the Esso RFAs – most recently, on September 18. *See Ltr. from C. Bollar to D. Miller* (Sept. 18, 2014) (at Ex. A.) In this latest letter, Esso highlighted specific guidance provided by the Court at the August 14 status conference, pared down the list of deficient RFAs for which it is seeking an amended response, and requested that Plaintiffs provide such an amended response – that fairly responds in good faith to the RFAs – by September 24, 2014. Esso will provide an update on the progress of this ongoing meet-and-confer in its reply letter.

## II. *Puerto Rico*: Petrobras Stipulation Regarding Statute of Limitations

In a September 9, 2014 communication from the Court's clerk to the parties, the Court indicated that it believes Petrobras America Inc. is in a similar position to the Trammo and Vitol Defendants and suggested the Plaintiffs and Petrobras consider entering into a stipulation that applies the Court's statute of limitations and Law 53 rulings as to Trammo and Vitol to Petrobras. *See Email from A. Todres to Liaison Counsel* (Sept. 9, 2014). To comply with the Court's suggestion, Petrobras supplied to Plaintiffs' counsel on Monday, September 15, 2014, its draft motion for summary judgment with exhibits. Counsel for the Plaintiffs and counsel for Petrobras have spoken briefly about a proposed stipulation, and it appears agreement can be

The Honorable Shira A. Scheindlin
September 22, 2014
Page 3

reached. If an agreement cannot be reached by October 1, counsel for Petrobras will seek guidance from the Court as to how to proceed to have its statute of limitations motion presented.

Respectfully submitted,

*Peter John Sacripanti*

Peter John Sacripanti

cc: All Counsel of Record by LNFS, Service on Plaintiffs' Liaison Counsel

# EXHIBIT A




# Archer&Greiner P.C.
### ATTORNEYS AT LAW

**Carlos M. Bollar**
cbollar@archerlaw.com
856-354-3073 Direct
856-673-7073 Direct Fax

One Centennial Square
Haddonfield, NJ 08033
856-795-2121 Main
856-795-0574 Fax
www.archerlaw.com

September 18, 2014

**VIA EMAIL AND LNFS**
Duane Miller
Miller & Axline, PC
1050 Fulton Avenue, Suite 100
Sacramento, California 95825

Re:   ***Commonwealth of Puerto Rico, et al. v. Shell Oil Company, et al.
      No. 07-Civ.-10470 (SAS)***

Dear Duane:

I write in response to your August 29th letter and with respect to Plaintiffs' Responses to Esso Standard Oil Company (Puerto Rico)'s ("Esso") First Set of Requests for Admissions ("RFAs" or "Request(s)"). Esso served 304 Requests on April 28, 2014 and provided Plaintiffs with a sixty (60) day extension to answer for a total of ninety (90) days. On July 28, 2014, Plaintiffs served responses that, on the whole, evidence a lack of good faith and violate F.R.C.P. 36(a)(4). Of the 304 Requests served by Esso, Plaintiffs denied approximately 269, often without any valid basis. As detailed in my August 6th letter, Plaintiffs' RFA responses are deficient and must be revised. However, following our meet and confer discussion, Esso has made a good faith effort to pare down Esso's objections to only those responses that are particularly egregious and necessary for Esso's summary judgment motions. Attached hereto as Amended Exhibit A is a revised list of Esso's objections to Plaintiffs' responses – which reduces Esso's objections to Plaintiffs' responses from 217 to 114 (a reduction of 103).

Esso again requests that Plaintiffs serve amended responses that, in good faith, "fairly respond to the substance" of each of the 114 RFAs identified. F.R.C.P. 36(a)(4); see also Havenfield Corp. v. H & R Block, Inc., 67 F.R.D. 93, 97 (W.D. Mo. 1973) ("Plaintiff's qualified answers to [certain RFAs] do not fully 'meet the substance of the requested [admissions]' in that the answers are nonspecific, evasive, ambiguous and appear to go to the accuracy of the requested admissions rather than the 'essential truth' contained therein."); Baugh v. Bayer Corp., No. 4:11-cv-525, 2012 WL 4069582, at *2 (D.S.C. Sept. 17, 2012) ("[I]f Defendants found that the wording of Plaintiffs' Requests for Admission were imprecise, Defendants should have set

Duane Miller
September 18, 2014
Page -2-

forth a qualified answer that fairly met the substance of the request."). Absent such a good faith effort, Defendants will have no choice but to again raise this issue with the Court and/or the Special Master and seek to have Plaintiffs' deficient responses deemed admitted.

It is important to note that the validity of many of Esso's objections are no longer in question given Judge Scheindlin's rulings at the August 14, 2014 court conference. In an effort to help expedite the process, below is a summary of those rulings and the Requests to which they apply:

**Compound Requests**: The Court ruled that a RFA is not compound when it is set forth in the disjunctive (i.e., utilizes an "or"). Specifically, the Court ruled that a "question is not compound if it says 'or'" and further held that "it is not hard to [answer] because in your response you say, denied the part that says A, B, C; admit the part that says X, Y, Z or deny both parts." Ultimately, the Court found that "[b]ecause it is 'or,' it is easy to separate it and you [i.e., Plaintiffs] can do it." *See* August 14, 2014 Conference Transcript, pp. 25. Plaintiffs' responses to the following RFAs need to be amended due to Plaintiffs' improper assertion that the Request is compound: 20, 21, 28, 38, 39, 47, 69, 77, 78, 86, 87, 88, 89, 90, 91, 92, 95, 97, 98, 99, 114, 147, 153, 156, 160, 179, 180, 184, 186, 187, 192, 193, 194, 255, 256, 257, 258, 260, 261, 262, 264, 265, 266, 267, 268, 269, 270, 271, 285, and 286.

**"Beyond the Trial Sites"**: In the context of discussing parent companies without operations in Puerto Rico (*e.g.*, Exxon Mobil Corp., Sunoco, Inc., *etc.*), the Court held that Requests that are not trial site-specific are "fair" and that Plaintiffs should either "drop the parent" or "you can respond to the request for admission."[1] *See* August 14, 2014 Conference Transcript, pp. 25-27. Plaintiffs' responses to the following RFAs need to be amended due to, among other reasons, Plaintiffs' improper objection that the Request is not limited to the trial sites: 198, 255, 256, 257, 258, 259, 260, 261, 262, 264, 265, 266, 267, 268, 269, 270, 271, 285, and 286.

**Lack of Documents/Sampling Data**: The Court ruled that to the extent that Plaintiffs denied a Request due to a lack of information, then Plaintiffs should respond "admit at this time based on production to date." The Court held that if, at a later point in time, "further documents appear [that call into question the fact asserted], then this answer will inevitably change. No judge is going to ignore that." *See* August 14, 2014 Conference Transcript, pp. 28-29. Accordingly, Plaintiffs may not deny a Request because there is limited MTBE data or it is possible that contradictory information may exist. For example, the fact that every groundwater sample collected from a particular supply well was not analyzed for MTBE is not grounds to deny a request asserting that MTBE has not been detected. As instructed by the Court, Plaintiffs should admit such requests with the qualification that the admission is based upon information currently available. As a reference, see Plaintiffs' response to RFA No. 143, wherein Plaintiffs respond in good faith and "admit that, to date, and given the very limited testing, Plaintiffs have no document stating a detection of MTBE or of TBA was made in the Sprague SUPPLY

---

[1] The Court also indicated that Sunoco should revise certain of their RFAs to limit them to the Commonwealth of Puerto Rico – Esso and ExxonMobil's RFAs are already limited to the Commonwealth and need not be revised.

Duane Miller
September 18, 2014
Page -3-

WELL." Similarly, in response to RFA No. 169, Plaintiffs "admit [that] they have, at this time, no document reflecting the quality of sanitary seals on SUPPLY WELLS within the PONCE SITE DELINEATION AREA." A similar admission should be made in response to the following Requests: 15, 33, 37, 41, 43, 53, 60, 75, 93, 94, 114, 118, 173, 174, 185, 187, 188, 189 and 272.

**Facts Not in Evidence**: The Court also ruled that "facts not in evidence is not an appropriate objection." *See* August 14, 2014 Conference Transcript, pp. 25. Plaintiffs responses to the following Requests must therefore be amended: 80, 91, 167, 186.

If Plaintiffs fail to provide amended responses that fairly respond in good faith to Esso's Requests for Admissions by September 24, 2014, Esso will raise this issue with the Court and/or the Special Master and seek to have Plaintiffs' deficient responses deemed admitted.

Respectfully yours,

CARLOS M. BOLLAR

CMB/mpw

cc:     All counsel via LNFS

11574827v1