

McDermott
Will & Emery

Boston  Brussels  Chicago  Düsseldorf  Frankfurt  Houston  London  Los Angeles  Miami
Milan  Munich  New York  Orange County  Paris  Rome  Seoul  Silicon Valley  Washington, D.C.

Strategic alliance with MWE China Law Offices (Shanghai)

Peter John Sacripanti
Chairman
psacripanti@mwe.com
+1 212 547 5583

September 24, 2014

BY HAND DELIVERY AND ELECTRONIC MAIL

The Honorable Shira A. Scheindlin
United States District Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 1620
New York, New York 10007-1312

> Re:  Master File C.A. No. 1:00-1898 (SAS), M21-88, MDL No. 1358
> *Defendants' Pre-Conference Reply Letter for October 1, 2014 Conference*

Dear Judge Scheindlin:

Defendants respectfully submit this reply in advance of the October 1, 2014 conference.

## DEFENDANTS' AGENDA ITEMS

### I. *Puerto Rico*: Plaintiffs' Responses to the PRASA and Esso Sets of Requests for Admission

The parties have been unable to reach agreement regarding appropriate amendment to Plaintiffs' responses regarding PRASA. Plaintiffs had proposed to resolve the dispute by admitting, for example, that Plaintiffs "are **unaware** of any activities undertaken by PRASA due specifically to MTBE …." *See, e.g., Email from L. Gerson to W. Petit & S. Kauff* (Sept. 23, 2014) (emphasis added) (at Ex. 1). However, as we have told Plaintiffs, we believe this qualification is improper and Plaintiffs should be required to provide straightforward answers to these requests. The history of Plaintiffs' conduct as to PRASA in this litigation is long and winding. *See, e.g., Defs.' Opening Ltr.* at 2. However, at least since 2011, Plaintiffs have confirmed that PRASA is a "covered person," have answered discovery on behalf of PRASA, have utilized their outside counsel to prepare and represent PRASA witnesses at deposition, and even sought to inject their paid litigation consultant as the PRASA 30(b)(6) witness on multiple topics. Furthermore, and specifically relevant to the instant dispute, Plaintiffs previously responded to a set of discovery requesting the same information that Defendants now seek to have admitted. *See, e.g., Defs.' First Set of Interrog. and Request for Production of Documents Regarding Plaintiffs' Trial Sites*. In so responding, Plaintiffs included information from PRASA

The Honorable Shira A. Scheindlin
September 24, 2014
Page 2

and identified PRASA employees as having contributed to the factual information contained in the responses. It is, therefore, inappropriate to qualify responses to RFAs seeking information as to PRASA's conduct by claiming that Plaintiffs are "unaware." This representation is particularly unbelievable where the record evidence establishes that Plaintiffs' outside counsel has been working hand-in-hand with PRASA since 2006, mining PRASA to find information that might aid Plaintiffs' case. *See Rule 30(b)(6) Dep. Tr. of Ariel Rosa Otero* (Dec. 9, 2011 ), at 9:3-19 (at Ex. 2). Plaintiffs undertook to respond to discovery on behalf of PRASA and, at minimum, led Defendants to believe they were doing so. Having undertaken that responsibility, Plaintiffs should not now be permitted to avoid responding to these requests.

Defendant Esso has not received a response from Plaintiffs regarding our September 18th meet-and-confer letter (our third attempt). *See Defs.' Opening Ltr.* at 2, Ex. A. Therefore, Esso requests that the Court order Plaintiffs to serve amended responses to the contested RFAs consistent with the guidance provided by the Court at the August 14, 2014 status conference – and any other guidance the Court may provide on October 1 – and to do so by a date certain; or simply deem the challenged responses admitted, per Fed. R. Civ. P. 36(a)(3). Indeed, given the three months that Defendants agreed to allow Plaintiffs to respond, and the additional two months that have passed since Esso's receipt of plainly deficient responses from Plaintiffs, we respectfully submit that such relief is appropriate. To the extent that the Court would like to address specific requests, attached at Exhibit 3 is a summary of the currently contested RFAs, Plaintiffs' response, and Esso's objection to the response. Alternatively, Esso requests that the Court refer this matter to the Special Master.

## PLAINTIFFS' AGENDA ITEMS

**I.     *Puerto Rico*: Plaintiffs' Request for Certification of Interlocutory Appeal Regarding Court's July 16, 2013, December 30, 2013 and August 29, 2014 Orders**

Pursuant to the Court's instructions, Defendants will submit on Monday, September 29, 2014, a letter in opposition to Plaintiffs' pre-motion letter requesting certification.

Respectfully submitted,

*Peter John Sacripanti*

Peter John Sacripanti

cc: All Counsel of Record by LNFS, Service on Plaintiffs' Liaison Counsel

# EXHIBIT 1

| From: | Gerson, Lisa |
|-------|--------------|
| To: | Will Petit (wpetit@igdpc.com); Scott Kauff (skauff@lolkd.com) |
| Cc: | Puerto Rico JDG |
| Subject: | PR: PRASA RFAs |
| Date: | Tuesday, September 23, 2014 4:28:40 PM |

Will and Scott,

I am writing to follow up on our meet-and-confer of last Friday regarding Plaintiffs' responses to certain RFAs regarding PRASA. Using RFA No. 1 as an example, you proposed addressing Defendants' objections by revising Plaintiffs' response as follows:

> Plaintiffs object to the phrase "remedial activities" as vague and ambiguous. Plaintiffs also object to this Request because it assumes that Plaintiffs are aware of the extent of the activities, if any, of non-party PRASA with respect to the referenced wells. Accordingly, the Request is denied. Subject to their specific and general objections and their response to the Request, and without waiver of same, Plaintiffs admit state further that they are unaware of any activities undertaken by PRASA due specifically to MTBE at the referenced wells, but that no testing or very limited testing for MTBE or TBA has occurred at the referenced wells.

This is not sufficient. First, Defendants' requests do not "assume" anything regarding Plaintiffs' knowledge as to PRASA. Rather, Plaintiffs have represented PRASA witnesses at depositions, identified PRASA as a covered person, and have responded to discovery on behalf of PRASA, including written discovery specifically directed at obtaining the information sought by these RFAs. *See, e.g., Defendants' First Set of Interrogatories and Requests for Production of Documents Regarding Plaintiffs' Trial Sites.* Plaintiffs cannot now claim a "lack of awareness" or insufficient information to respond to Defendants' RFAs when Plaintiff undertook the responsibility to respond to prior discovery on the same topics (and the obligation to supplement the same). Therefore, Plaintiffs should admit that PRASA has not undertaken remedial activities due to MTBE at the specified wells and should likewise admit, without qualification, the RFAs related to provision of alternative water sources and well closures.

Please let me know if you would like to discuss further.

Thank you,

**Lisa A. Gerson**
Partner

McDermott
Will & Emery

McDermott Will & Emery LLP    340 Madison Avenue    New York, NY 10173-1922
Tel +1 212 547 5769    Fax +1 646 224 8675

Biography | Website | vCard | E-mail | Twitter | LinkedIn | Blog

**Satara Richards,** Assistant to Lisa A Gerson
Tel +1 212 547 5569

# EXHIBIT 2

# Ariel Rose Otero

UNITED STATES DISTRICT COURT    Master File No. 1:00-1898
                                MDL 1358(SAS)
SOUTHERN DISTRICT OF NEW YORK   M21-88

---

In re: Methyl Tertiary Butyl Ether("MTBE")
Products Liability Litigation

---

COMMONWEALTH OF PUERTO          *
RICO and COMMONWEALTH OF        *
PUERTO RICO through the         *
ENVIRONMENTAL QUALITY BOARD,    *
                                *
               Plaintiff,       * CIVIL ACTION
                                *
               vs.              * NO. 07 Civ. 10470(SAS)
                                *
SHELL OIL COMPANY;              *
SHELL COMPANY PUERTO RICO LTD.; *
SHELL CHEMICAL YABUCOA, INC.;   *
SHELL TRADING (US) COMPANY;     *
et al.,                         *
                                *
               Defendants.      *
--------------------------------*


The 30(b)(6) deposition of PRASA of:

                ARIEL ROSA OTERO

was held at the law offices of O'Neill & Borges,

250 Muñoz Rivera Avenue, 800 American International

Plaza, San Juan, Puerto Rico, on Friday, December 9,

2011, at 9:00 a.m.

Ariel Rose Otero

Page 6

1      MS. HERNANDEZ-SIERRA: Should we go
2  ahead with the oath.
3      MS. LOPEZ: Good morning. For the
4  record again, this is Notary Public
5  Caroline Lopez. I am appearing for the
6  limited purpose of taking the oath for
7  the court reporter, the interpreter and
8  the deponent. Court reporter, please
9  raise your right hand and state your
10  full name for the record.
11      THE REPORTER: Anita Shemin.
12      (Whereupon, the court reporter is
13  duly sworn by the notary public.)
14      MS. LOPEZ: Interpreter, please
15  raise your right hand and state your
16  full name for the record.
17      THE INTERPRETER: Heidi Cazes.
18      (Whereupon, the interpreter is duly
19  sworn by the notary public.)
20      MS. LOPEZ: Deponent, please raise
21  your right hand and state your full
22  name for the record.
23      THE WITNESS: Ariel Rosa Otero.
24      (Whereupon, the deponent is duly
25  sworn by the notary public.)

Page 7

1      MS. LOPEZ: Having administered the
2  oaths, if the counsels of record agree,
3  I ask permission to excuse myself.
4      MS. HERNANDEZ-SIERRA: Sure. Thank
5  you very much.
6      MR. DIAS: Agreed.
7      (At this time Caroline
8      Lopez-Beauchamp, Notary Public,
9      leaves the deposition room.)
10  Whereupon,
11      ---------------
12      ARIEL ROSA OTERO,
13      ---------------
14  having been duly sworn by the notary public,
15  was examined, and testified as follows:
16      EXAMINATION
17  BY MS. HERNANDEZ-SIERRA:
18      Q   Good morning, Mr. Rosa. I am going to
19  go over general rules for the deposition first
20  before we start with the questions. I am going to
21  be asking certain questions to you. If you don't
22  understand a question, please let me know, and I
23  will rephrase it or explain it.
24      For the record, to be clear, you have to wait
25  until I finish my questions, and it's very important

Page 8

1  that you verbalize all of your answers so the court
2  reporter can take down your testimony.
3      If at some point you need a break, just let me
4  know, and we will take a break.
5      It's very important that you know that the
6  deposition is under oath, so you are compelled to tell
7  the truth about all of the questions that I ask.
8      Did you understand these instructions?
9      A   (In English) Yes.
10      MS. HERNANDEZ-SIERRA: Should we go
11  off the record for a second.
12      (Discussion Off The Record)
13      MS. HERNANDEZ-SIERRA: Back on the
14  record.
15      The stipulations for this
16  deposition are the same as for the other
17  ones. The witness will have 30 days
18  to review the deposition transcript once
19  it is received by counsel, and the
20  objections are waived except form and
21  privilege that must have been raised
22  today.
23      Is that okay, counsel?
24      MR. DIAS: Yes.
25      MR. MARRERO: Yes.

Page 9

1      MS. HERNANDEZ-SIERRA: Thank you.
2  BY MS. HERNANDEZ-SIERRA:
3      Q   Mr. Rosa, are you represented by counsel
4  today?
5      Remember, you have to verbalize your answers.
6      A   (In English) Mr. Dias, Aaron Dias.
7      Q   Mr. Aaron Dias is your counsel today?
8      A   Yes.
9      Q   And Mr. Marrero, I take that Mr. Marrero --
10      A   Him, too, correct.
11      Q   Since when is Mr. Aaron Dias your counsel?
12      A   (In English) From 2006, to my knowledge.
13      Q   So you have been having conversations with
14  him about this case since 2006?
15      A   (In English) Not conversations, but sending
16  information, responding to his solicitation of
17  information about the wells, something like that.
18      Q   Regarding this litigation?
19      A   (In English) Yes.
20      Q   Do you know if PRASA has actually received
21  any advice from Mr. Dias regarding this case?
22      A   I understand. Yes, to the lawyers and to
23  the legal department in PRASA.
24      Q   When you say "I understand," do you have
25  personal knowledge of that? I mean, have you been at

3 (Pages 6 to 9)

d0a484b2-569a-4a16-abb0-3fb08f7857bf

# EXHIBIT 3

Amended Exhibit A (objections only)
Deficiencies in Plaintiffs' Responses to Esso's Requests for Admissions

| No | Request for Admission | Response | Issues | Comments |
|----|----------------------|----------|--------|----------|
| 4 | Admit that the first known MTBE detection in soil at the CAVEY SITE occurred in September 2003 .See PR-MTBE-TRUJ_015900 | Subject to the General Objections, and without waiving same, denied. MTBE was reported on chromatographs, but not quantified summary tables. Nor was MTBE specified on the chain of custody of the Evaluacion Ambiental Fase II, Estacion De Servicio Esso CO-242, Cayey, Puerto Rico. UST -D2-86-1232 dated February 18, 2004 | 1,6 | No response is given therefore this Request should be deemed admitted. Plaintiffs objections are non-responsive, evasive and fail to address the substance of the RFA. The fact that MTBE was not quantified in a summary table is not the Request. Plaintiffs are unaware of any documentation showing the presence of MTBE contamination in the soil prior to September, 2003 |
| 5 | Admit that the first known MTBE detection in groundwater at the CAVEY SITE occurred in October 2003 .See PR-MTBE-TRUJ_015938, PR-MTRF-TRUJ_015942 | Subject to the General Objections, and without waiving same, denied. Esso's consultants collected numerous samples at the site between 1989 and 2003 which were not analyzed for the presence of MTBE. In October, 2003 ERTRC collected a groundwater sample where the presence of MTBE was not reported, however, laboratory chromatograms indicate MTBE was present, at estimated concentrations up to 233 ppb | 1,6 | No proper response is given therefore this Request should be deemed admitted. Plaintiffs objections are non-responsive, evasive and fail to address the substance of the RFA. Whether or not prior samples were analyzed for MTBE is irrelevant – the RFA refers to the first "known" detection. Plaintiffs are unaware of any documentation showing the presence of MTBE contamination in the groundwater prior to October, 2003 |
| 8 | Admit that residual fuel was removed from the USTs at the CAVEY SITE when the USTs were temporally closed in December 2007 .See XOM-PR-FILES-0082303; XOM-PR-FILES- SUPP-234256 | Plaintiffs object to use of the phrase "residual fuel" in that it renders this request vague and ambiguous. Subject to this and General Objections, and without waiving same, denied | 1,4 | Plaintiffs response fails to admit a straightforward fact that is consistent with documents produced by the parties. Plaintiffs' objection to the term "residual fuel" is inappropriate given the plain meaning of the phrase. Plaintiffs have no documents or testimony to support denial of this Request |
| 10 | Admit that the CAVEY SITE has not operated as a service station since at least December 2007 .See Rivera, 09/12/13, 38 19-38 22 | Subject to the General Objections, and without waiving same, denied. Anthony Brown's report states "Between November 1, 2008 and September, 2012, the site has been operated by Total Petroleum Puerto Rico (PR-MTBE-TSC-See-Files_0020606) Maria Rivera's statement is "At that moment the knowledge that we had was that the station was purchased the tanks were empty, and since then Total has not put any product in the tanks " Assuming that this hearsay statement is true, it establishes only that particular people had that understanding for a portion of the time covered by this request. It does not prove that gasoline was not present at other times | 1,4 | This Responses is in bad faith considering that there is no witness nor document that supports that the Cavey station has been operated after December, 2007 . See TPPRC's CMO #75 Declaration dated August 6, 2012, Mr. Rivera, including the trial site identified as Esso CO-242, TPPRC acquired the land and two 10, 000 gallon USTs installed thereat from [Esso] on October 31, 2008. However, such service station has never been operated by any retailer or entity on or after TPPRC's acquisition." See Jun Carlos Rodriguez-Muñoz Dep., Exh. 3, see also J. Rodriguez-Muñoz Dep., 31 23-32 13 (Q  Do you know why the station Esso CO-242 has never been operated by any retailer or entity on or after TPPRC's acquisition, as stated in paragraph 5? A  Okay  At the time of the acquisition, October 31st, 2008, the station identified here as Esso CO-242 was closed, okay?  As you know, in Puerto Rico there's a detachment of – statutes for detachment of operations, and wholesalers are not allowed to operate stations directly, but wholesalers are required to identify a retailer for the operation of this site, but we have not been successful in obtaining someone who will independently sign contracts with the company to operate the station "), see also J. Rodriguez-Muñoz Dep., 48 2-5 (Q  But not to the former Esso CO-242 station because that station is not currently operating, right?  A  Correct  As I mentioned before, station 242 has been closed since our acquisition of the land |

Amended Exhibit A (objections only)
Deficiencies in Plaintiffs' Responses to Esso's Requests for Admissions

| # | Request | Response | | Deficiencies |
|---|---------|----------|---|--------------|
| 15 | Admit that the maximum MTBE concentration detected in a monitoring well at the CAVEY SITE is 597 ug/L. See PR-MTBE-TSCASEFILES-002257 | Subject to the General Objections, and without waiving same, denied. Groundwater monitoring and analysis was reportedly performed on three occasions (October 30, 2003, June 1, 2005, and September 4, 2012). MTBE was not reported in the summary tables of the respective reports. MTBE was requested at 2,410 micrograms ppb at GPI on September 19, 2013 (Aquilogic, Revised Expert Report of Anthony Brown MTBE Litigation Project, Puerto Rico, April 2014) | 1,6 | performed in October 31st, 2008). Plaintiffs' response fails to admit a straightforward fact that is consistent with deposition testimony and documents produced by the parties. Plaintiffs have no documents or testimony to support denial of this Request. Plaintiffs should admit that they have currently have no evidence that the CAVEY SITE has operated as a service station since December 2007. Plaintiffs' reference to a January 2008 UST registration form is not evidence that the Cavey Site was in operation |
| 20 | Admit that the UPR 1 (USA 5) or UPR 2 (USA 7) SUPPLY WELLS were treated to address maximum contaminant level (MCL) violations for trihalomethanes and PCE. See Green, 11/18/13, 22 1-22 8 | Objection. The requirement of Federal Rule of Civil Procedure 36(a)(2) that "each matter must be separately stated" prohibits compound questions. That rule is particularly applicable here, where it would be impossible to determine whether or not an affirmative response applies to a portion of the request, or all of it. Plaintiffs also assert the General Objections | 1,2,4,7 | Plaintiffs' objections are inappropriate. Plaintiffs fail to respond to this Request in its entirety |
| 21 | Admit that YOU have no document or sworn testimony that any treatment of the UPR 1 (USA 5) or UPR 2 (USA 7) SUPPLY WELLS was implemented due to MTBE contamination | Objection. The requirement of Federal Rule of Civil Procedure 36(a)(2) that "each matter must be separately stated" prohibits compound questions. That rule is particularly applicable here, where it would be impossible to determine whether or not an affirmative response applies to a portion of the request, or all of it. Plaintiffs also assert the General Objections. Treatment to address maximum contaminant level (MCL) violations for trihalomethanes and PCE would have also treated MTBE. | 1,2,6 | Plaintiffs' objections are inappropriate. The Request asks whether any treatment was implemented "due to" MTBE contamination – not whether any treatment would have also addressed MTBE. This response is contradicted by all testimony elicited on this issue |
| 22 | Admit that MTBE has not been detected in a water sample collected from the UPR 2 (USA 7) SUPPLY WELL in excess of 6 ug/L | Subject to the General Objections, denied. Plaintiffs admit that 6.1 ug/L of MTBE was detected in a drinking water sample collected February 12, 2002 from the Universidad de Cayey Pozo #2 (PR-UPR-CAYEY-000154) | 1,6 | Plaintiffs' response fails to admit a straightforward fact that is consistent with deposition testimony and documents produced by the parties. Plaintiffs' explanation for the denial makes no sense. Plaintiffs have no documents or testimony to support denial of this Request. Plaintiffs are required to admit that they have no evidence of a detection in excess of 6 ug/L. |
| 23 | Admit that MTBE has not been detected in a water sample collected from the UPR 1 (USA 5) SUPPLY WELL in excess of 0.85 ug/L | Subject to the General Objections, and without waiving same, denied | 1,4,6 | Plaintiffs' response fails to admit a straightforward fact that is consistent with deposition testimony and documents produced by the parties. Plaintiffs have no explanation for the denial. Plaintiffs have no documents or testimony to support denial of this Request. Plaintiffs are required to admit that they have no evidence of a detection in excess of 0.85 ug/L. |
| 24 | Admit that YOU have no document reflecting a detection of MTBE in groundwater at the University | Subject to the General Objections, and without waiving same, denied. Plaintiffs admit that 6.5 ug/L of MTBE was detected in a drinking water sample collected February 12, 2002 | 1,4 | Plaintiffs' response fails to admit a straightforward fact that is consistent with deposition testimony and |

Amended Exhibit A (objections only)
Deficiencies in Plaintiffs' Responses to Esso's Requests for Admissions

| | | | | |
|---|---|---|---|---|
| | of Puerto Rico (UPR) Cavey Campus in excess of 6.5 ug/L. | from the Universidad de Cavey Cafeteria Cocina (PR-UPR-CAYEY-0000063) | | documents produced by the parties. Plaintiffs' explanation for the denial makes no sense. Plaintiffs have no documents or testimony to support denial of this Request |
| 25 | Admit that MTBE and TBA were not detected in a groundwater sample YOU collected from the UPR 1 (USA 5) SUPPLY WELL in 2013 | Subject to the General Objections, and without waiving same, denied. The samples were not "collected" by the Commonwealth. | 1.6 | Plaintiffs' response fails to admit a straightforward fact that is consistent with deposition testimony, Plaintiffs' expert report and documents produced by the parties. It is unclear if Plaintiffs denied the Request because of the term "collected" or because Plaintiffs assert that the same sample was obtained by someone other than Plaintiffs. Esso notes that the term "YOU" is defined to include "anyone acting on behalf" of the Plaintiffs, which would include any consultant. Plaintiffs have no documents or testimony to support denial of this Request. Anthony Brown's expert report provides: "In November and December 2013, groundwater samples were collected by CRJ from four water supply wells in the vicinity of the Site (USA 5, USA 7 Bos, and Cayey Site wells). MTBE, and TBA were not detected in these samples." Anthony Brown further notes that "CRJ [is] under contract with plaintiffs' counsel." |
| 26 | Admit that MTBE and TBA were not detected in a water sample YOU collected from the UPR 2 (USA 7) SUPPLY WELL in 2013 | Subject to the General Objections, and without waiving same, denied. The samples were not "collected" by the Commonwealth. | 1.6 | Plaintiffs' response fails to admit a straightforward fact that is consistent with deposition testimony, Plaintiffs' expert report and documents produced by the parties. It is unclear if Plaintiffs denied the Request because of the term "collected" or because Plaintiffs assert that the same sample was obtained by someone other than Plaintiffs. Esso notes that the term "YOU" is defined to include "anyone acting on behalf" of the Plaintiffs, which would include any consultant. Plaintiffs have no documents or testimony to support denial of this Request. Anthony Brown's expert report provides: "In November and December 2013, groundwater samples were collected by CRJ from four water supply wells in the vicinity of the Site (USA 5, USA 7 Bos, and Cayey Site wells). MTBE, and TBA were not detected in these samples." Anthony Brown further notes that "CRJ [is] under contract with plaintiffs' counsel." |
| 28 | Admit that YOU have no document or sworn testimony reflecting the current pumping rates for the UPR 1 (USA 5) SUPPLY WELL | Objection. The requirement of Federal Rule of Civil Procedure 36(a)(2) that "each matter must be separately stated" prohibits compound questions. That rule is particularly applicable here, where it would be impossible to determine whether or not an affirmative response applies to a portion of the request, or all of it. Plaintiffs also assert the General Objections. To the extent a response is required, denied | 1.2 | Plaintiffs' response fails to admit a straightforward fact that is consistent with deposition testimony, Plaintiffs' expert report and documents produced by the parties. Plaintiffs' objection that the facts are not "separately stated" is inappropriate. Plaintiffs do not explain their denial |
| 32 | Admit that MTBE and TBA were not detected in a water sample YOU collected from the BOS SUPPLY WELL in 2013 | Subject to the General Objections, and without waiving same, denied | 1.4 | Plaintiffs' response fails to admit a straightforward fact that is consistent with deposition testimony, Plaintiffs' expert report and documents produced by the parties. Brown's expert report specifically states "USA 5, USA 7 Bos, and Cayey Site wells were sampled in November and December 2013, however, benzene, MTBE, and TBA were not detected in the groundwater samples." Plaintiffs |

Amended Exhibit A (objections only)
Deficiencies in Plaintiffs' Responses to Esso's Requests for Admissions

| 33 | Admit that YOU have no document indicating that the BOS SUPPLY WELL is active | Subject to the General Objections, and without waiving same, denied | 1,4 | have no documents or testimony to support denial of this Request Plaintiffs' response fails to admit a straightforward fact that is consistent with deposition testimony Plaintiffs' expert report and documents produced by the parties Plaintiffs do not explain their denial Plaintiffs have no documents or testimony to support denial of this Request Plaintiffs' expert concedes it is "unknown" whether the BOS supply well is active Admitting that Plaintiffs currently have no document indicating that the well is active does not prevent Plaintiffs from later introducing evidence that it is active |
| 35 | Admit that the USA 4 SUPPLY WELL is sealed and not in use | Plaintiffs object to this request as compound Plaintiffs also assert the General Objections To the extent a response is required, denied | 1,2,4 | Plaintiffs' objection that the Request is "compound" is improper Plaintiffs do not explain their denial Plaintiffs have no documents or testimony to support denial of this Request |
| 36 | Admit that YOU have no document indicating that the USA 4 SUPPLY WELL is active | Plaintiff objects on the grounds that no time is specified in the request and that this information would materially affect the answer Subject to this and the General Objections, denied | | Plaintiffs' response fails to admit a straightforward fact that is consistent with deposition testimony Plaintiffs' expert report and documents produced by the parties Plaintiffs do not explain their denial Plaintiffs have no documents or testimony to support denial of this Request Plaintiffs' expert concedes it USA 4 well was "noted as unused during a field investigation" |
| 37 | Admit that YOU have no document reflecting analytical data for groundwater sample(s) collected from the USA 4 SUPPLY WELL | Plaintiffs rely on the General Objections and cannot respond at this time | 1,4,7 | Plaintiffs' reliance on the General Objections is improper Plaintiffs provide no response and this Request should be deemed admitted |
| 38 | Admit that YOU have no document reflecting any detections of MTBE or TBA in groundwater collected from the USA 4 SUPPLY WELL | Objection The requirement of Federal Rule of Civil Procedure 36(a)(2) that "each matter must be separately stated" prohibits compound questions That rule is particularly applicable here, where it would be impossible to determine whether or not an affirmative response applies to a portion of the request, or all of it Plaintiffs also assert the General Objections and, thus, Plaintiffs cannot respond at this time | 1,2,4,7 | Plaintiffs' reliance on the General Objections is improper Plaintiffs' objection that each fact must be "separately stated" is inappropriate Plaintiffs provide no response and this Request should be deemed admitted |
| 39 | Admit that YOU have no document reflecting any detections of MTBE or TBA in groundwater collected from the BOS SUPPLY WELL | Objection The requirement of Federal Rule of Civil Procedure 36(a)(2) that "each matter must be separately stated" prohibits compound questions That rule is particularly applicable here, where it would be impossible to determine whether or not an affirmative response applies to a portion of the request, or all of it Plaintiffs also assert the General Objections and, thus, Plaintiffs cannot respond at this time | 1,2,4,7 | Plaintiffs' reliance on the General Objections is improper Plaintiffs' objection that the Request is compound is inappropriate Plaintiffs provide no response and this Request should be deemed admitted |
| 40 | Admit that MTBE has not been detected in a water sample collected from the UPR 2 (USA 7) SUPPLY WELL since 2002 See PR-UPR-CAYEY-002280, 2281, 2363, 2364, 2373, 2374, 2541, 2542, 2547, 2548, PR-MTBE-TSWells-001613, 1619 PR-MTBE-20130ATA-014241, 014242, PR-UPR-CAYEY-00828 to 832, 910 to 913 | Subject to the General Objections, and without waiving same, denied | 1,4 | Plaintiffs do not explain their denial Plaintiffs have no documents or testimony to support denial of this Request. |
| 41 | Admit that YOU have no document reflecting a detection of MTBE in a water sample collected from the UPR 2 (USA 7) SUPPLY WELL since 2002 | Subject to the General Objections, and without waiving same, denied | 1,4 | Plaintiffs do not explain their denial Plaintiffs have no documents or testimony to support denial of this Request |

**Amended Exhibit A (objections only)**

**Deficiencies in Plaintiffs' Responses to Esso's Requests for Admissions**

| # | Request | Response | Code | Deficiency |
|---|---------|----------|------|-----------|
| 42 | Admit that MTBE has not been detected in a water sample collected from SUPPLY WELL UPR 1 (USA 5) since 2004. See PR-UPR-CAYEY-002280, 2281, 2363, 2364, 2373, 2374, 2541, 2542, 2547, 2548, PR-MTBE-TSWells-000613, 1619, PR-MTBE-2013DATA-01424.01.01424.2, PR-UPR-CAYEY-000828 to 832, 910 to 913 | Subject to the General Objections, and without waiving same, denied | 1,4 | Plaintiffs do not explain their denial. Plaintiffs have no documents or testimony to support denial of this Request |
| 43 | Admit that YOU have no document reflecting a detection of MTBE in a water sample collected from the UPR 1 (USA 5) SUPPLY WELL since 2004 | Subject to the General Objections, and without waiving same, denied | 1,4 | Plaintiffs do not explain their denial. Plaintiffs have no documents or testimony to support denial of this Request |
| 46 | Admit that MTBE and TBA were not detected in the groundwater sample YOU collected from the "Cayey Site Well" in 2013 | Subject to the General Objections, and without waiving same, denied | 1,4 | Plaintiffs' response is evasive and inconsistent with Plaintiffs' expert reports. Plaintiffs have no documents or testimony to support denial of this Request. See A. Brown's expert report dated April 2014, providing "In November and December 2013, groundwater samples were collected by CRI from four water supply wells in the vicinity of the Site (USA 5, USA 7, Bas, and Cayey Site wells). … MTBE and TBA were not detected in these samples". |
| 47 | Admit that YOU have no document reflecting a detection of MTBE or TBA in the "Cayey Site Well" | Objection. The requirement of Federal Rule of Civil Procedure 36(a)(2) that "each matter must be separately stated" prohibits compound questions. That rule is particularly applicable here, where it would be impossible to determine whether or not an affirmative response applies to a portion of the request, or all of it. Plaintiffs also assert the General Objections. To the extent a response is required, denied | 1,2,4 | Plaintiffs' response is evasive and unconsistent with Plaintiffs' documents and testimony. Plaintiffs' objection that the Request is compound is inappropriate. Plaintiffs do not explain their denial. Plaintiffs have no documents or testimony to support denial of this Request |
| 48 | Admit that Esso initiated free product recovery at the CAYEY SITE in 1993. See PR-MTBE_119712 | This request is vague and ambiguous. Plaintiffs also assert the General Objections. Although there were a few isolated events when some attempt was made to remove free product at the site, no attempt has been made to recover for all free product released at the site. Denied. Approximately 0.27 gallons of LNAPL was recovered (PR-MTBE_119712) | 1,5,6 | Plaintiffs' response is evasive and references irrelevant information. Plaintiffs' is inconsistent with Plaintiffs' admission in RFA No 49 |
| 53 | Admit that you have no document indicating that NAPL was present in any monitoring well at the CAYEY SITE at any time since 1994 | Subject to the General Objections, and without waiving same, denied. Free product was detected during 2013. Monitoring for NAPL was not reported in 2001, 2002, 2003, 2005 | 1,6 | Plaintiffs deny the Request on the basis of free product detection in an off-site geoprobe. However, the Request is specifically limited to monitoring wells on the Cayey site itself. Plaintiffs' reference to a lack of monitoring for certain years is non-responsive |
| 56 | Admit that Roque Schmidt Oil Equipment Contractors performed Petro-Tite testing at the CAYEY SITE on December 1, 1989, and all equipment tested passed. See XOM-PR-FILES-0082065, XOM-PR-FILES-0082070, XOM-PR-FILES-0082075 | Plaintiffs lack the information necessary to respond to this request based on personal knowledge. Plaintiffs also assert the General Objections. Plaintiffs cannot admit or deny. To the extent a response is required, denied. On September 16, 1998, a letter was sent from Soil Tech to Esso regarding the potential presence of product in the nearby creek. The letter states, "No traces of gasoline were detected after inspecting around 100 meters of creek length. However, personnel of the service station mentioned an old spill which occurred a few years ago and sporadic "bubbling" with traces of product at a broken section of the concrete lined channel" (See PR-MTBE-IERTEC-ESSO 01419) | 1,6 | Plaintiffs' objection is improper – there is no requirement that an RFA be based on Plaintiffs' "personal knowledge." Plaintiffs' discussion of a 1998 letter is non-responsive, irrelevant and evasive. Plaintiffs have no documents or testimony to support denial of this Request |
| 57 | Admit that Mike Pizarro Maintenance performed product line tightness tests at the CAYEY SITE on November 19, 1993, and all lines passed. See XOM-... | Subject to the General Objections, and without waiving same, Plaintiffs, after a diligent investigation, lack the information necessary to respond to this request based on personal knowledge. Therefore, plaintiffs cannot admit or deny. To the extent a response is required | 1,6 | Plaintiffs' objection is improper – there is no requirement that an RFA be based on Plaintiffs' "personal knowledge." Plaintiffs' discussion of the 1994 UST removal is non-responsive, irrelevant |

**Amended Exhibit A (objections only)**

**Deficiencies in Plaintiffs' Responses to Esso's Requests for Admissions**

| # | PR-FILFS-0081881 | Response | Code | Deficiency |
|---|---|---|---|---|
| | | denied In April 5-9, 1994, three USTs (two 4,000-gallon and one 6,000-gallon) were removed from the Site (See PR-MTBE_119711) Two of the USTs (Tank II and Tank III) showed signs of corrosion and perforation during the visual inspection. Three holes between 2 and 6 inches in diameter were observed (PR-MTBE 119715) | | and evasive  Plaintiffs have no documents or testimony to support denial of this Request |
| 60 | Admit that YOU have no document indicating that MTBE has been detected in any SUPPLY WELL in the CAYEY DELINEATED SITE AREA above 12 ug/L | Subject to the General Objections, and without waiving same, denied | 1,4 | Anthony Brown's report makes clear that there is no evidence of any detection above 12 ug/L in any supply well within the Plaintiffs' delineation  Irrespective of the information in Anthony Brown's report, Plaintiffs are required to make a "reasonable inquiry" which would reveal the accuracy of the above Request There is no reasonable basis for Plaintiffs to deny this Request |
| 66 | Admit that prior to the initiation of this litigation, PLAINTIFFS did not request that Esso undertake an investigation at the CAYEY SITE related in whole or in part to MTBE | Subject to the General Objections, denied  On July 13, 1995, the Program for the Control of USTs of the Puerto Rico EQB issued a letter to Esso, requesting additional soil delineation and remedial plan to address the total petroleum hydrocarbons (TPH) contamination in soil at the Site-MTBE-TSCaseFiles_002184) | 1,6 | This RFA concerns investigation related to MTBE  Plaintiffs reference TPH investigation is irrelevant, non-responsive and evasive |
| 67 | Admit that prior to the initiation of this litigation PLAINTIFFS did not request that Esso undertake any remediation at the CAYEY SITE related in whole or in part to MTBE | Subject to the General Objections, denied | 4 | There is no evidence that Plaintiffs requested any remedial activity related to MTBE prior to 2007  Plaintiffs have no documents or testimony to support denial of this Request. |
| 68 | Admit that prior to initiating this litigation PLAINTIFFS did not incur any costs to sample any SUPPLY WELL within the CAYEY SITE DELINEATION AREA for MTBE | Plaintiffs object to this request as vague as to the meaning of "costs" as it renders the request ambiguous, uncertain and confusing  Whenever any administrative branch of the Commonwealth is required to review and respond to possible groundwater contamination, including monitoring and the reviewing of plans submitted by the responsible party, costs and expenses are incurred  Subject to this General Objections and without waiving same, denied  After a release was reported, the Commonwealth sent letters to the owners/operators requiring an investigation, sampling, and reports | 1,6 | Plaintiffs objection to the term "costs" is inappropriate given the plain meaning of the term  Plaintiffs' response does not address the specific Request – whether Plaintiffs incurred any costs to sample any SUPPLY WELL within the specific designated DELINEATION AREA  Plaintiffs have no documents or testimony to support denial of this Request |
| 69 | Admit that YOU have not incurred costs to install any type of groundwater remediation system due to a release of GASOLINE or GASOLINE containing MTBE at the CAYEY SITE | Plaintiffs object to this request as vague as to the meaning of "costs" as it renders this request ambiguous, uncertain and confusing  Whenever any administrative branch of the Commonwealth is required to review and respond to possible groundwater contamination, including monitoring and the reviewing of plans submitted by the responsible party, costs and expenses are incurred  This request is also compound  Subject to this General Objections and without waiving same, denied | 1,2,6 | Plaintiffs objection to the term "costs" is inappropriate given the plain meaning of the term  Plaintiffs' objection that the Request is compound is inappropriate  Plaintiffs' response does not address the specific Request – whether Plaintiffs incurred any costs to install any type of groundwater remediation system at the CAYEY SITE  Plaintiffs have no documents or testimony to support denial of this Request |
| 70 | Admit that YOU are not planning to develop any new SUPPLY WELLS within the CAYEY SITE DELINEATION AREA to serve the residents of Cayey | Plaintiffs object that this matter is more particularly within the knowledge of third parties, namely PRASA  Subject to this and the General Objections, and without waiving same, Plaintiff responds  In the area discussed, private property owners and PRASA may develop new supply wells, but not the Commonwealth  PRASA supplies water to the residents of Cayey  To the extent a response is required, denied  The Commonwealth's Department of Natural and Environmental Resources evaluates the location of contaminant sources and groundwater plumes containing chemicals of concern like MTBE and TBA in considering whether a permit for a new well should be granted  See Deposition of Bruce Green, May 30, 2013 RT p. 122 | 1,3,6 | Plaintiffs' objection that PRASA may be better suited to answer this Request is inappropriate given that Plaintiffs concede that PRASA is a "covered party" for the purposes of discovery  Plaintiffs' discussion of permits for non-covered parties' wells is irrelevant and non-responsive |
| 71 | Admit that PRASA is not planning to develop any | Plaintiffs object to this request in that it is vague  The time frame covered by this request is | 1,6 | Plaintiffs' response is evasive and references irrelevant |

**Amended Exhibit A (objections only)**

**Deficiencies in Plaintiffs' Responses to Esso's Requests for Admissions**

| | Request | Response | | Deficiency |
|---|---|---|---|---|
| | new SUPPLY WELLS within the CAVEY SITE DELINEATION AREA to serve the residents of Cavey | unclear  Plaintiffs lack the information necessary to respond to this requests based on personal knowledge  Plaintiffs also assert the General Objections  Plaintiffs cannot admit or deny  To the extent a response is required, denied  The Commonwealth's Department of Natural and Environmental Resources evaluates the location of contaminant sources and groundwater plumes containing chemicals of concern like MTBE and TBA in considering whether a permit for a new well should be granted  See Deposition of Bruce Green, May 30, 2013  RT p. 122 | | information  Plaintiffs' objection  that it lacks "personal knowledge" is inappropriate given that Plaintiffs concede that PRASA is a "covered party" for the purposes of discovery  Plaintiffs' discussion of permits for non-covered parties' wells is irrelevant and non-responsive |
| 72 | Admit that PRASA does not source any drinking water from within the CAVEY SITE DELINEATION AREA | Subject to the General Objections, and without waiving same, denied | 1,4 | Plaintiffs do not explain their denial  Plaintiffs have no documents or testimony to support denial of this Request |
| 75 | Admit that YOU have no document indicating that PRASA's Farallon service area currently sources water from groundwater | Subject to the General Objections, and without waiving same, denied | 1,4,7 | Plaintiffs do not explain their denial  There is no reasonable basis for Plaintiffs to deny this Request |
| 77 | Admit that MTBE has never been detected in the surface water or groundwater resources that provide drinking water to PRASA's Farallon service area | Objection  The requirement of Federal Rule of Civil Procedure 36(a)(2) that "each matter must be separately stated" prohibits compound questions  That rule is particularly applicable here, where it would be impossible to determine whether or not an affirmative response applies to a portion of the request, or all of it  Plaintiffs also assert the General Objections  To the extent a response is required, denied | 1,2,4,7 | Plaintiffs' objection that this Request is compound is inappropriate  Plaintiffs do not explain their denial  There is no reasonable basis for Plaintiffs to deny this Request |
| 78 | Admit that MTBE has never been detected in the surface water or groundwater resources that provide drinking water to PRASA's Cavey Urbano service area | Objection  The requirement of Federal Rule of Civil Procedure 36(a)(2) that "each matter must be separately stated" prohibits compound questions  That rule is particularly applicable here, where it would be impossible to determine whether or not an affirmative response applies to a portion of the request, or all of it  Plaintiffs also assert the General Objections | 1,2,4,7 | Plaintiffs' objection that this Request is compound is inappropriate  Plaintiffs provide no substantive response to this Request |
| 83 | Admit that YOU have no document reflecting the volume of GASOLINE, if any, released at the CAVEY SITE | Subject to the General Objections, and without waiving same, denied  While the total volume is not reflected in a single document, there are some documents which show a portion of the soil and groundwater that is contaminated with gasoline | 1,6 | Plaintiffs' response is evasive and references irrelevant information  The Request does not seek whether or not gasoline has been released at the Cavey Site, but whether Plaintiffs have any document that reflects the volume of the release |
| 84 | Admit that YOU have no document reflecting the volume of GASOLINE containing MTBE, if any, released at the CAVEY SITE | Subject to the General Objections, and without waiving same, denied  While the total volume is not reflected in a single document, there are some documents which show a portion of the soil and groundwater that is contaminated with MTBE | 1,6 | The Request does not seek whether or not gasoline containing MTBE has been released at the Cavey Site, but whether Plaintiffs have any document that reflects the volume of the release |
| 85 | Admit that prior to November 1, 2008, YOUR regulations and written guidelines did not require testing for MTBE or TBA | Subject to the General Objections, and without waiving same, denied  The Governor signed into law a ban of MTBE on January 11, 2012  The Commonwealth set water clean-up levels that specifically apply to MTBE in the May2011 "Procedures, Actions and Requirements for the Permanent Closure of Underground Storage Tank Systems"  In addition, the Commonwealth will be proposing revisions to the Underground Storage Tank regulations that will contain an MTBE-specific groundwater cleanup requirement  In addition, Section 1303.1(B) of the Puerto Rico Water Quality Standards Regulation (Regulation 7837) states that "[t]he waters of Puerto Rico shall be free from color, odor, taste or turbidity attributable to discharges in such a degree as to create a nuisance to the enjoyment of the existing or designated uses of the water body." Also, Class SGI groundwaters intended for use as a source of potential drinking water supply and agricultural uses "[s]hall not be altered except by natural causes" with respect to taste and | 1,6 | Plaintiffs' response is evasive and references irrelevant information  Plaintiffs do not address the Requested fact – whether prior to November 1, 2008 there were any regulation or written guideline required that testing or sampling for MTBE or TBA  There is no reasonable basis for Plaintiffs to deny this Request |

**Amended Exhibit A (objections only)**

**Deficiencies in Plaintiffs' Responses to Esso's Requests for Admissions**

| # | Request | Response | Ref | Deficiency |
|---|---------|----------|-----|-----------|
| 87 | Admit that there are one or more GASOLINE service station(s) other than the CAYEY SITE within the CAYEY DELINEATED SITE AREA that are closer to the BOS SUPPLY WELL | odor  See Section 1303 2(F)(2)(g) MTBE has a very low odor and taste threshold for sensitive individuals, meaning very low concentrations of MTBE in potable water violate these standards' Moreover, Section 1303 1 (f) states that "[t]he waters of Puerto Rico shall not contain any substance at such concentrations which, either alone or as a result of synergistic effects with other substances is toxic or produces undesirable physiological responses in human, fish or other fauna or flora"  As will be discussed in plaintiffs' expert report regarding toxicology, MTBE poses human health risks when consumed in drinking water  Thus, the presence of MTBE in potential drinking water also violates that standard | 1,2 | Plaintiffs' objection that the Request is compound is inappropriate  Plaintiffs provide no explanation for the denial  There is no reasonable basis for Plaintiffs to deny this Request |
| 88 | Admit that there are one or more GASOLINE service station(s) other than the CAYEY SITE within the CAYEY DELINEATED SITE AREA that are closer to the USA 4 SUPPLY WELL | Objection  The requirement of Federal Rule of Civil Procedure 36(a)(2) that "each matter must be separately stated" prohibits compound questions  That rule is particularly applicable here, where it would be impossible to determine whether or not an affirmative response applies to a portion of the request, or all of it  Plaintiffs also assert the General Objections  To the extent a response is required, denied | 1,2 | Plaintiffs' objection that the Request is compound is inappropriate  Plaintiffs provide no explanation for the denial  There is no reasonable basis for Plaintiffs to deny this Request |
| 89 | Admit that there are one or more GASOLINE service station(s) other than the CAYEY SITE within the CAYEY DELINEATED SITE AREA that are closer to the UPR 1 (USA 5) SUPPLY WELL | Objection  The requirement of Federal Rule of Civil Procedure 36(a)(2) that "each matter must be separately stated" prohibits compound questions  That rule is particularly applicable here, where it would be impossible to determine whether or not an affirmative response applies to a portion of the request, or all of it  Plaintiffs also assert the General Objections  To the extent a response is required, denied | 1,2,4 | Plaintiffs' objection that the Request is compound is inappropriate  Plaintiffs provide no explanation for the denial  There is no reasonable basis for Plaintiffs to deny this Request |
| 90 | Admit that there are one or more GASOLINE service station(s) other than the CAYEY SITE within the CAYEY DELINEATED SITE AREA that are closer to the UPR 2 (USA 7) SUPPLY WELL | Objection  The requirement of Federal Rule of Civil Procedure 36(a)(2) that "each matter must be separately stated" prohibits compound questions  That rule is particularly applicable here, where it would be impossible to determine whether or not an affirmative response applies to a portion of the request, or all of it  Plaintiffs also assert the General Objections  To the extent a response is required, denied | 1,2,4 | Plaintiffs' objection that the Request is compound is inappropriate  Plaintiffs provide no explanation for the denial  There is no reasonable basis for Plaintiffs to deny this Request |
| 91 | Admit that you have not investigated or required the investigation or remediation of MTBE contamination in soil or groundwater at any GASOLINE service station in the CAYEY DELINEATED SITE AREA other than the CAYEY SITE | Objection  The requirement of Federal Rule of Civil Procedure 36(a)(2) that "each matter must be separately stated" prohibits compound questions  That rule is particularly applicable here, where it would be impossible to determine whether or not an affirmative response applies to a portion of the request, or all of it  This request assumes facts not in evidence that any such release(s) occurred requiring investigation or remediation  Plaintiffs also assert the General Objections  To the extent a response is required, denied | 1,2,4 | Plaintiffs' objection that the Request is compound is inappropriate  "Assuming facts not in evidence" is an improper objection  Plaintiffs provide no explanation for the denial  There is no reasonable basis for Plaintiffs to deny this Request |
| 92 | Admit that YOU have never ordered or required Esso to discontinue or close any UST at the CAYEY SITE | Objection  The requirement of Federal Rule of Civil Procedure 36(a)(2) that "each matter must be separately stated" prohibits compound questions  That rule is particularly applicable here, where it would be impossible to determine whether or not an affirmative response applies to a portion of the request, or all of it  Plaintiffs also assert the General Objections  To the extent a response is required, denied | 1,2,4 | Plaintiffs' objection that the Request is compound is inappropriate  Plaintiffs provide no explanation for the denial  There is no reasonable basis for Plaintiffs to deny this Request |
| 93 | Admit that YOU did not conduct any soil sampling at the CAYEY SITE prior to initiating this litigation | Subject to the General Objections, Plaintiffs, after diligent investigation, are unable to admit or deny this request for insufficient information  Esso did not test groundwater or soil samples for MTBE or TBA for approximately 14 years following the detection of a release | 1,6 | Plaintiffs' response is evasive and references irrelevant information  Whether or not such an investigation was warranted does not change the fact that Plaintiffs did not conduct soil |

Amended Exhibit A (objections only)

Deficiencies in Plaintiffs' Responses to Esso's Requests for Admissions

| No. | Request | Plaintiffs' Objection | Ref | Deficiency |
|---|---|---|---|---|
|  |  | of gasoline at the site. Documents submitted by Esso to the Commonwealth did not mention MTBE during that period Esso's failure to conduct appropriate testing for the presence of MTBE and TBA interfered with plaintiffs' ability to consider the need for intervention. To the extent a response is required, denied |  | sampling at the CAYEY SITE |
| 94 | Admit that YOU did not conduct any groundwater sampling at the CAYEY SITE prior to the initiating this litigation | Subject to the General Objections, Plaintiffs, after diligent investigation, are unable to admit or deny this request for insufficient information. To the extent a response is required, denied. See Response to No. 93 | 1,6 | Plaintiffs' response is evasive and references irrelevant information. Whether or not such an investigation was warranted does not change the fact that Plaintiffs did not conduct groundwater sampling at the CAYEY SITE |
| 95 | Admit that YOU have not incurred costs to install any type of water treatment on any SUPPLY WELLS due to a release of GASOLINE or GASOLINE containing MTBE at the CAYEY SITE | Plaintiffs object that this request is compound. Plaintiffs also object that the phrase "costs" is vague, ambiguous, uncertain and confusing. Subject to these and the General Objections, and waiving any objection, denied. Wherever any administrative branch of the Commonwealth is required to review and respond to groundwater contamination including monitoring, costs and expenses are incurred. Plaintiffs have also incurred cost and expenses to evaluate site-specific conditions and to advance remediation at the site | 1,2,6 | Plaintiffs object to the term "costs" is inappropriate given the plain meaning of the word. Plaintiffs do not fairly respond to this Request. The Request deals with costs to install water treatment due to a release of GASOLINE containing MTBE at the CAYEY SITE |
| 96 | Admit that YOU have not incurred costs to provide drinking water to the residents of Cayey as a result of a release of GASOLINE at the CAYEY SITE | Subject to the General Objections, and waiving any objection, denied. Plaintiffs have incurred costs to determine the nature and extent of MTBE contamination in the relevant area, which is one of the steps taken to protect the quality of drinking water to residents | 1,6 | Plaintiffs' response is evasive and references irrelevant information. Plaintiffs do not fairly respond to this Request. The Request deals with costs to provide drinking water due to a release of GASOLINE at the CAYEY SITE |
| 97 | Admit that YOU have not issued any written warnings or advisories to the public due to the presence of MTBE in soil or groundwater within the CAYEY SITE DELINEATION AREA | Objection. The requirement of Federal Rule of Civil Procedure 36(a)(2) that "each matter must be separately stated" prohibits compound questions. That rule is particularly applicable here, where it would be impossible to determine whether or not an affirmative response applies to a portion of the request, or all of it. Plaintiffs also assert the General Objections | 1,2,4,7 | Plaintiffs objection that this Request is compound is inappropriate. Plaintiffs do not provide any substantive response to this Request |
| 98 | Admit that PRASA has not issued any written warnings or advisories to the public due to the presence of MTBE in drinking water provided to residents of Cayey | Objection. The requirement of Federal Rule of Civil Procedure 36(a)(2) that "each matter must be separately stated" prohibits compound questions. That rule is particularly applicable here, where it would be impossible to determine whether or not an affirmative response applies to a portion of the request, or all of it. Plaintiffs object that this matter is more particularly within the knowledge of a third party, PRASA. Plaintiffs also assert the General Objections. To the extent a response is required, denied | 1,2,3,4,7 | Plaintiffs objection that this Request is compound is inappropriate. Plaintiffs' objection that PRASA may be better suited to answer this Request is inappropriate given that Plaintiffs concede that PRASA is a "covered party" for the purposes of discovery. Plaintiffs provide no explanation for the denial. There is no reasonable basis for Plaintiffs to deny this Request |
| 99 | Admit that YOU have not conducted any public hearings to warn the public about the presence of MTBE in soil or groundwater within the CAYEY SITE DELINEATION AREA | Objection. The requirement of Federal Rule of Civil Procedure 36(a)(2) that "each matter must be separately stated" prohibits compound questions. That rule is particularly applicable here, where it would be impossible to determine whether or not an affirmative response applies to a portion of the request, or all of it. Plaintiffs also assert the General Objections. To the extent a response is required, denied. The Commonwealth has conducted public hearings concerning MTBE | 1,2,6 | Plaintiffs objection that this Request is compound is inappropriate. Plaintiffs do not respond to the specific Request – whether Plaintiffs have conducted public hearings to warn the public about MTBE within the CAYEY SITE DELINEATION AREA |
| 100 | Admit that YOU have not incurred costs to provide drinking water to the residents of Cayey due to the presence of MTBE within the CAYEY SITE DELINEATION AREA | Plaintiffs assert the General Objections. Subject to these, and without waiving same, denied. Plaintiffs have incurred costs to determine the nature and extent of MTBE contamination in the relevant area, which is one of the steps taken to protect the quality of drinking water provided to Plaintiffs | 1,6 | Plaintiffs' response is evasive and references irrelevant information. Plaintiffs do not respond to the specific Request – whether Plaintiffs have incurred costs to provide drinking water |
| 103 | Admit that Esso divested and sold the PONCE SITE in October 2007 | Objection. The requirement of Federal Rule of Civil Procedure 36(a)(2) that "each matter must be separately stated" prohibits compound questions. Plaintiffs further object as to the word "divested" as it is not a defined term. Subject to these and the General Objections, | 1,2,4,6 | Plaintiffs objection that this Request is compound is inappropriate. Anthony Brown's expert report specifically provides "The [Ponce] property was divested |

Amended Exhibit A (objections only)

Deficiencies in Plaintiffs' Responses to Esso's Requests for Admissions

| | | | |
|---|---|---|---|
| 111 | Admit that an September 1991. Esso removed three 10,000 gallon USTs and associated underground piping from the PONCE SITE. *See* XOM-PR-FILES-0034023; XOM-PR-HLES-0086237 | denied  There is evidence that the site was transferred to Puma in 2008<br><br>Plaintiffs object that this request in compound  Plaintiffs also object to the term "associated underground piping" in that it renders this request vague, ambiguous and confusing. Subject to these and the General Objections, denied  Plaintiffs are informed that any work was done by contractors | and sold at the end of 2007".<br><br>Plaintiffs objection that this Request is compound is inappropriate. Plaintiffs' objection to the phrase "associated underground piping" is inappropriate given the plain meaning of the phrase  Plaintiffs' assertion that the work was done by contractors evidences a lack of good faith |
| 114 | Admit that YOU have an sworn testimony reflecting anv corrosion or perforations of the USTs and pipelines removed from the PONCE SITE in September 1991 | Objection  The requirement of Federal Rule of Civil Procedure 36(a)(2) that "each matter must be separately stated" prohibits compound questions  Plaintiffs also object in that this request requires analysis of hundreds of transcripts  Subject to these and the General Objections, Plaintiffs, after a diligent investigation, are unable to admit or deny the truth of this request  To the extent a response is required, denied | 1,2 | Plaintiffs objection that this Request is compound is inappropriate. Plaintiffs' objection that this Request requires analysis of hundreds of transcripts is inappropriate and false |
| 118 | Admit that YOU have no document reflecting that the GASOLINE released at the PONCE SITE in July 1998 contained MTBE | Subject to the General Objections, and without waiving same, Plaintiffs, after a diligent investigation, are unable to admit or deny the truth of this matter  From records reviewed, it does not appear that any analysis of the released gasoline was performed to determine if MTBE was present  MTBE was found when samples were checked  See [XOM-PR-C0364-005724 through XOM-PR-C0364-005734, PR-MTBE-TSCaseFiles 000812] To the extent a response is required, denied | 1,6 | Plaintiffs' denial based on a lack of information is inappropriate – the request seeks an admission regarding Plaintiffs' lack of documentation  Whether or not any testing for MTBE was done is irrelevant to whether or not Plaintiffs have any document to reflect that GASOLINE contained MTBE  The documents referenced in Plaintiffs' response include a 1998 report that makes no reference to MTBE and a page from a UST registration form that pre-dates 1998 and also makes no reference to MTBE |
| 119 | Admit that Esso conducted a Phase II Environmental Evaluation at the PONCE SITE in December 2006 *See* PR-MTBE 111432 | Subject to the General Objections, denied  Plaintiffs informed that any work was done by contractors. | 1,6 | Plaintiffs' response is evasive and in bad faith |
| 120 | Admit that Esso installed seven monitoring wells (MW-101 through MW-107) at the PONCE SITE in December 2006  *See* PR-MTBE 111432 | Subject to the General Objections, denied  Plaintiff is informed that any work was done by contractors | 1,6 | Plaintiffs' response is evasive and in bad faith |
| 133 | Admit that Esso conducted periodic High Vacuum Extraction events at the PONCE SITE from March 2008 to September 2012  *See* XOM-PR-00231219, XOM-PR-C0364-000007, 000008, 000024-28, XOM-PR-C0364-004529, XOM-PR-C0364-004963, 004966, XOM-PRC0364-004558, XOM-PR-C0364-005186, XOM-PR-C0364-005741, PR-MTBE-TSCASEFILES_000895, 000898, 000899, PR-MTBE-TSCASEFILES_000961, PRMTBE-TSCASEFILES_000964 | Subject to the General Objections, admit that Esso conducted periodic High Vacuum Extraction events at the PONCE SITE from March 2008 to September 2012  *See* XOM-PR-00231219, XOMPR-C0364-004963, 004966, XOM-PR-C0364-004558, XOM-PR-C0364-004817, XOM-HRC0364-005186, XOM-PR-C0364-005741, XOM-PR-C0364-005741, PR-MTBE-TSCASEFILES_000895, 000898, 000899, PR-MTBE-TSCASEFILES_000961, 000964  Plaintiffs are informed that any work was done by contractors  Denied | 1,6 | Plaintiffs appear to both admit and deny this request  Plaintiffs' response is evasive and references irrelevant information |
| 139 | Admit that YOU have no document reflecting a detection of MTBE in the Santa Mara SUPPLY WELL between 2002 and 2013 | Subject to the General Objections, admit that the documents received to date show no MTBE testing | 1,6 | The above documents do establish MTBE "testing" occurred  Plaintiffs' response is evasive and inaccurate |
| 147 | Admit that YOU have no document or sworn testimony reflecting or suggesting that the Coco SUPPLY WELL is pumped continuously | Objection  The requirement of Federal Rule of Civil Procedure 36(a)(2) that "each matter must be separately stated" prohibits compound questions  That rule is particularly applicable here, where it would be impossible to determine whether or not an affirmative response applies to a portion of the request, or all of it  Plaintiffs also assert the General | 1,2,4,7 | Plaintiffs' objection that the Request is compound is inappropriate  Plaintiffs provide no substantive response |

**Amended Exhibit A (objections only)**
**Deficiencies in Plaintiffs' Responses to Esso's Requests for Admissions**

| | | Objections | | |
|---|---|---|---|---|
| 152 | Admit that MTBE and TBA were not detected in a water sample collected by YOU or YOUR consultants from the CVS property located immediately south of the PONCE SITE in December 2013 | Objection  The requirement of Federal Rule of Civil Procedure 36(a)(2) that "each matter must be separately stated" prohibits compound questions  That rule is particularly applicable here, where it would be impossible to determine whether or not an affirmative response applies to a portion of the request, or all of it  Plaintiffs also object to the use of the word "reflecting" in that it renders this request vague and confusing  Subject to these and the General Objections, and without waiving same admit that with the limited testing performed to date, Plaintiffs have no document reporting that MTBE or TBA were detected in the Reparada domestic well | 1,2,6 | Plaintiffs response appears to be an error – it references the Reparada domestic well |
| 153 | Admit that YOU have no document reflecting a detection of MTBE or TBA in a SUPPLY WELL at the CVS property located immediately south of the PONCE SITE | Objection  The requirement of Federal Rule of Civil Procedure 36(a)(2) that "each matter must be separately stated" prohibits compound questions  That rule is particularly applicable here, where it would be impossible to determine whether or not an affirmative response applies to a portion of the request, or all of it  Plaintiffs also object to the use of the word "reflecting" in that it renders this request vague and confusing  Subject to these and the General Objections, and without waiving same, admit that with the limited testing performed to date, Plaintiffs have no document reporting that MTBE or TBA were detected in the Reparada domestic well | 1,2,6 | Plaintiffs response appears to be an error – it references the Reparada domestic well |
| 156 | Admit that YOU have no document reflecting a detection of MTBE or TBA in the Rio Cañas | Objection  The requirement of Federal Rule of Civil Procedure 36(a)(2) that "each matter must be separately stated" prohibits compound questions  That rule is particularly applicable here, where it would be impossible to determine whether or not an affirmative response applies to a portion of the request, or all of it  Plaintiffs also object to the use of the word "reflecting" in that it renders this request vague and confusing  Subject to these and the General Objections, and without waiving same, admit that with the limited testing performed to date, Plaintiffs have no document reporting that MTBE or TBA were detected in the Reparada domestic well | 1,2,6 | Plaintiffs response appears to be an error – it references the Reparada domestic well |
| 160 | Admit that YOU have no document reflecting a detection of MTBE or TBA in any SUPPLY WELL located within the PONCE SITE DELINEATION AREA | Objection  The requirement of Federal Rule of Civil Procedure 36(a)(2) that "each matter must be separately stated" prohibits compound questions  That rule is particularly applicable here, where it would be impossible to determine whether or not an affirmative response applies to a portion of the request, or all of it  Plaintiffs also object to the use of the word "reflecting" in that it renders this request vague and confusing  Subject to these and the General Objections, and without waiving same admit that with the limited testing performed to date, Plaintiffs have no document reporting that MTBE or TBA were detected in the Reparada domestic well | 1,2,6 | Plaintiffs  response is evasive and references irrelevant information  Plaintiffs' response is limited to the Reparada domestic well |
| 167 | Admit that, pursuant to current laws and regulations, additional investigation and remediation is necessary at the PONCE SITE to address compounds other than MTBE (e.g  BTEX) | Plaintiffs object that this request is irrelevant and outside the scope of discovery  Plaintiffs are seeking damages and other relief for MTBE and TBA contamination  MTBE was detected at the Ponce site and downgradient from the Ponce site  This request is based on a hypothetical that assumes facts not in evidence  Plaintiffs also assert the General Objections | 1,6 | Plaintiffs' objections are inappropriate  Plaintiffs fail to provide a substantive response |
| 173 | Admit that YOU have no document reflecting any instance in which residents of Ponce complained about the taste of their water due to the presence of MTBE in the water | Subject to the General Objections, and without waiving same, denied  Residents have complained about the taste or odor of their water | 1,6 | Plaintiffs' response is evasive and addresses a different issue  The Request specifically seeks information about complaints relating to the presence of MTBE, not generic complaints about taste and odor |

**Amended Exhibit A (objections only)**
**Deficiencies in Plaintiffs' Responses to Esso's Requests for Admissions**

| | | | |
|---|---|---|---|
| 174 | Admit that YOU have no document reflecting any instance in which residents of Ponce complained about the odor of their water due to the presence of MTBE in the water | 1.6 | Plaintiffs' response is evasive and addresses a different issue  The Request specifically seeks information about complaints about the odor of their water due to the presence of MTBE  The Request specifically seeks information about complaints relating to the presence of MTBE, not generic complaints about taste and odor |
| 175 | Admit that, prior to the initiation of this litigation, PLAINTIFFS did not request that Esso undertake an investigation at the PONCE SITE related in whole or in part to MTBE. | 1.6 | Plaintiffs' response is evasive and references irrelevant information  Plaintiffs do not respond to the specific request as to whether Plaintiffs asked Esso to undertake an investigation |
| 176 | Admit that prior to the initiation of this litigation, PLAINTIFFS did not request that Esso undertake any remediation at the PONCE SITE related in whole or in part to MTBE. | 1.6 | Plaintiffs' response is evasive and references irrelevant information  Plaintiffs do not respond to the specific request as to whether Plaintiffs asked Esso to undertake an investigation |
| 177 | Admit that prior to initiating this litigation, PLAINTIFFS did not incur any costs to sample any SUPPLY WELL within the PONCE SITE DELINEATION AREA for MTBE | 1.6 | Plaintiffs' response is evasive and references irrelevant information  Plaintiffs do not respond to the specific request |
| 178 | Admit that YOU have not incurred costs to install any type of groundwater remediation system at the PONCE SITE | 1.6 | Plaintiffs' objection to the word "costs" is inappropriate given the plain meaning of the word  Plaintiffs' response is evasive and references irrelevant information  Plaintiffs do not respond to whether costs were incurred for a groundwater remediation system at Ponce |
| 179 | Admit that YOU have no current plan or intent to develop any new SUPPLY WELLS within the PONCE SITE DELINEATION AREA | 1,2,3,6 | Plaintiffs' objection that this Request is compound is inappropriate  Plaintiffs' objection that PRASA may be better suited to answer this Request is inappropriate given that Plaintiffs concede that PRASA is a "covered party" for the purposes of discovery |
| 180 | Admit that PRASA has no current plan or intent to develop any new SUPPLY WELLS within the PONCE SITE DELINEATION AREA | 1,2,3,6 | Plaintiffs' objection that this Request is compound is inappropriate  Plaintiffs' objection that PRASA may be better suited to answer this Request is inappropriate given that Plaintiffs concede that PRASA is a "covered party" for the purposes of discovery |

174 — Response: Subject to the General Objections, and without waiving same, denied  Residents have complained about the taste or odor of their water and these complaints have been documented

175 — Response: Subject to the General Objections and without waiving same, Plaintiffs, after a diligent investigation, are unable to admit or deny the truth of this matter  Esso did not test samples for TBA  Laboratory analyses for MTBE began approximately 14 year after a gasoline release was identified at the station  This impaired plaintiffs' ability to evaluate MTBE and TBA contamination at the site

176 — Response: Subject to the General Objections, and without waiving same, Plaintiffs, after a diligent investigation, are unable to admit or deny the truth of this matter  Esso did not test samples for TBA  Laboratory analyses for MTBE began approximately 14 year after a gasoline release was identified at the station  This impaired plaintiffs' ability to evaluate MTBE and TBA contamination at the site

177 — Response: Subject to the General Objections, and without waiving same, Plaintiffs, after a diligent investigation, are unable to admit or deny the truth of this matter  Esso did not test samples for TBA  Laboratory analyses for MTBE began approximately 14 year after a gasoline release was identified at the station  This impaired plaintiffs' ability to evaluate MTBE and TBA contamination at the site

178 — Response: Plaintiffs object that the word "costs" is vague, ambiguous, uncertain and confusing  Subject to this and the General Objections, and waiving any objection, denied  Whenever any administrative branch of the Commonwealth is required to review and respond to groundwater contamination including monitoring and the reviewing of plans submitted by the responsible party, costs and expenses are incurred  Plaintiffs have also incurred cost and expenses to evaluate site-specific conditions and to advance remediation at the site

179 — Response: Objection  The requirement of Federal Rule of Civil Procedure 36(a)(2) that "each matter must be separately stated" prohibits compound questions  That rule is particularly applicable here, where it would be impossible to determine whether or not an affirmative response applies to a portion of the request, or all of it  Plaintiffs also object that this matter is within the knowledge of PRASA  Subject to these and the General Objections, Plaintiffs, after a diligent investigation, are unable to admit or deny this request  The Commonwealth's Department of Natural and Environmental Resources evaluates the location of contaminant sources and groundwater plumes containing chemicals of concern like MTBE and TBA in considering whether a permit for a new well should be granted  See Deposition of Bruce Green, May 30, 2013, Reporter's Transcript (RT) p. 122

180 — Response: Objection  The requirement of Federal Rule of Civil Procedure 36(a)(2) that "each matter must be separately stated" prohibits compound questions  That rule is particularly applicable here, where it would be impossible to determine whether or not an affirmative response applies to a portion of the request, or all of it  Plaintiffs also object that this matter is within the knowledge of PRASA  Subject to these and the General Objections, Plaintiffs, are unable to admit or deny this request  The Commonwealth's Department of Natural and Environmental Resources evaluates the location of contaminant

**Amended Exhibit A (objections only)**

**Deficiencies in Plaintiffs' Responses to Esso's Requests for Admissions**

| | Request | Response | No. | Deficiency |
|---|---|---|---|---|
| | | sources and groundwater plumes containing chemicals of concern like MTBE and TBA in considering whether a permit for a new well should be granted. See Deposition of Bruce Green, May 30, 2013, RT p. 122 | | |
| 181 | Admit that YOU have not incurred costs to install any type of soil remediation system at the PONCE SITE | Plaintiffs object that the word "costs" is vague, ambiguous, uncertain and confusing. Subject to this and the General Objections, and waiving any objection, denied. Wherever any administrative branch of the Commonwealth is required to review and respond to groundwater contamination including monitoring and the reviewing of plans submitted by the responsible party, costs and expenses are incurred. Plaintiffs have also incurred cost and expenses to evaluate site-specific conditions and to advance remediation at the site | 1,6 | Plaintiffs' objection to the word "costs" is inappropriate given the plain meaning of the word. Plaintiffs' response is evasive and references irrelevant information. Plaintiffs do not respond to whether costs were incurred for a soil remediation system at Ponce |
| 184 | Admit that YOU have no document reflecting the volume of GASOLINE, if any, released from USTs or underground pipes at the PONCE SITE | Objection. The requirement of Federal Rule of Civil Procedure 36(a)(2) that "each matter must be separately stated" prohibits compound questions. That rule is particularly applicable here, where it would be impossible to determine whether or not an affirmative response applies to a portion of the request, or all of it. Objection. This request is entered vague by use of the word "volume." Subject to these and the General Objections, denied. While the total volume is not reflected in a single document, there are some documents which show a portion of the soil and groundwater that is contaminated with gasoline. See PRMTBE-TSCasefiles 00812 | 1,2,6 | Plaintiffs' objection that this Request is compound is inappropriate. Plaintiffs' objection to the term volume is inappropriate given the plain meaning of the term volume and Plaintiffs' use of the term in response to other Requests. Moreover, Plaintiffs fail to object to this term in other Requests. Plaintiffs' response seems to both admit and deny this Request |
| 185 | Admit that YOU have no document reflecting the volume of GASOLINE containing MTBE, if any, released at the PONCE SITE | Subject to the General Objections, and without waiving same, Plaintiffs, after a diligent investigation, are unable to admit or deny the truth of this matter. To the extent a response is required, denied. While the total volume is not reflected in a single document, there are some documents which show a portion of the soil and groundwater that is contaminated with gasoline. See PRMTBE-TSCasefiles 00812 | 1,2,6 | Plaintiffs' response is evasive and references irrelevant information. Plaintiffs' response seems to both admit and deny this Request |
| 186 | Admit that you have not investigated or required the investigation or remediation of MTBE contamination in soil or groundwater at any GASOLINE service station on the PONCE DELINEATED SITE AREA other than the PONCE SITE | Objection. The requirement of Federal Rule of Civil Procedure 36(a)(2) that "each matter must be separately stated" prohibits compound questions. That rule is particularly applicable here, where it would be impossible to determine whether or not an affirmative response applies to a portion of the request, or all of it. This request assumes facts not in evidence, that there is MTBE soil and groundwater contamination at other sites in the area, which requires investigation or remediation. Plaintiffs also assert the General Objections | 1,2,6 | Plaintiffs' objections are inappropriate. Plaintiffs fail to provide a substantive response |
| 187 | Admit that YOU have never ordered or required Esso to discontinue or close any UST at the PONCE SITE | Objection. The requirement of Federal Rule of Civil Procedure 36(a)(2) that "each matter must be separately stated" prohibits compound questions. That rule is particularly applicable here, where it would be impossible to determine whether or not an affirmative response applies to a portion of the request, or all of it. Subject to this and the General Objections, and without waiving same, Plaintiffs, after a diligent investigation, are unable to admit or deny the truth of this matter. To the extent a response is required, denied | 1,2,6 | Plaintiffs' objection that this Request is compound is inappropriate. Plaintiffs do not explain their denial. Plaintiffs have no documents or testimony to support denial of this Request |
| 188 | Admit that YOU did not conduct any soil sampling at the PONCE SITE prior to initiating this litigation | Subject to the General Objections, and without waiving same, Plaintiffs, after a diligent requested that the responsible party initiate site investigation [sic], are unable to admit or deny and sampling and reviewed the truth of this matter. To the extent that a response is required, denied | 1,4 | Plaintiffs do not explain their denial. Plaintiffs have no documents or testimony to support denial of this Request |
| 189 | Admit that YOU did not conduct any groundwater sampling at the PONCE SITE prior to initiating this litigation | Subject to the General Objections, and without waiving same, Plaintiffs, after a diligent investigation, are unable to admit or deny the truth of this matter. To the extent a response is required, denied | 1,4 | Plaintiffs do not explain their denial. Plaintiffs have no documents or testimony to support denial of this Request |
| 190 | Admit that YOU have not incurred any costs to | Plaintiffs object that the word "costs" is vague, ambiguous, uncertain and confusing. | 1,6 | Plaintiffs' objection to the term "costs" is inappropriate given the |

**Amended Exhibit A (objections only)**

**Deficiencies in Plaintiffs' Responses to Esso's Requests for Admissions**

| | | | |
|---|---|---|---|
| 191 | install any type of water treatment on any SUPPLY WELLS within the PONCE SITE DELINEATION AREA due to any release GASOLINE at the PONCE SITE | Subject to this and the General Objections, and waiving any objection, denied  Whenever any administrative branch of the Commonwealth is required to review and respond to groundwater contamination including monitoring and the reviewing of plans submitted by the responsible party, costs and expenses are incurred  Plaintiffs have also incurred cost and expenses to evaluate site-specific conditions and to advance remediation at the site and protect water quality | plain meaning of the term  Plaintiffs do not provide a response to the specific request – whether or not Plaintiffs incurred costs specifically related to water treatment |
| 191 | Admit that YOU have incurred any costs to provide drinking water to the residents of Ponce as a result of a release of GASOLINE at the PONCE SITE | Plaintiffs object that the word "costs" is vague, ambiguous, uncertain and confusing  Subject to this and the General Objections, and waiving any objection, denied  Whenever any administrative branch of the Commonwealth is required to review and respond to groundwater contamination including monitoring and the reviewing of plans submitted by the responsible party, costs and expenses are incurred  Plaintiffs have also incurred cost and expenses to evaluate site-specific conditions and to advance remediation at the site and protect water quality | 1,6 | Plaintiffs objection to the term "costs" is inappropriate given the plain meaning of the term  Plaintiffs do not provide a response to the specific request – whether or not Plaintiffs incurred costs specifically related to provision of drinking water due to a gasoline release |
| 192 | Admit that YOU have not issued any written warnings or advisories to the public due to the presence of MTBE in soil or groundwater within the PONCE SITE DELINEATION AREA | Objection  The requirement of Federal Rule of Civil Procedure 36(a)(2) that "each matter must be separately stated" prohibits compound questions  That rule is particularly applicable here, where it would be impossible to determine whether or not an affirmative response applies to a portion of the request, or all of it  Subject to this and the General Objections, denied  The Commonwealth has made public statements about MTBE | 1,2,6 | Plaintiffs objection to the term "costs" is inappropriate given the plain meaning of the term  Plaintiffs do not provide a response to the specific request – whether or not Plaintiffs provided written warnings or advisories related to the PONCE SITE DELINEATION AREA |
| 193 | Admit that PRASA has not issued any written warnings or advisories to the public due to the presence of MTBE in drinking water that is provided to residents of Ponce | Objection  The requirement of Federal Rule of Civil Procedure 36(a)(2) that "each matter must be separately stated" prohibits compound questions  That rule is particularly applicable here, where it would be impossible to determine whether or not an affirmative response applies to a portion of the request, or all of it  Subject to this and the General Objections, denied  The Commonwealth has made public statements about MTBE | 1,2,6 | Plaintiffs' objections are improper  Plaintiffs do not provide a response to the specific request – whether or not Plaintiffs provided written warnings or advisories related to Ponce |
| 194 | Admit that YOU have not conducted any public hearings to warn the public about the presence of MTBE in soil or groundwater within the PONCE SITE DELINEATION AREA | Objection  The requirement of Federal Rule of Civil Procedure 36(a)(2) that "each matter must be separately stated" prohibits compound questions  That rule is particularly applicable here, where it would be impossible to determine whether or not an affirmative response applies to a portion of the request, or all of it  Plaintiffs also object that this request is vague  Subject to these and the General Objections, and without waiving same, denied, public hearings about MTBE were conducted | 1,2,6 | Plaintiffs objections that this Request is compound and vague are inappropriate  Plaintiffs do not provide a response to the specific request – whether or not Plaintiffs conducted any public hearings related to Ponce |
| 195 | Admit that YOU have not incurred costs to provide drinking water to the residents of Ponce due to the presence of MTBE within the PONCE SITE DELINEATION AREA | Objection  The requirement of Federal Rule of Civil Procedure 36(a)(2) that "each matter must be separately stated" prohibits compound questions  That rule is particularly applicable here, where it would be impossible to determine whether or not an affirmative response applies to a portion of the request, or all of it  Plaintiffs also object that the word "costs" is vague, ambiguous, uncertain and confusing  Subject to these and the General Objections, and waiving any objection, denied  Whenever any administrative branch of the Commonwealth is required to review and respond to groundwater contamination including monitoring and the reviewing of plans submitted by the responsible party, costs and expenses are incurred  Plaintiffs have also incurred cost and expenses to evaluate site-specific conditions and to advance remediation at the site  Plaintiffs have incurred costs to determine the nature and extent of MTBE contamination in the relevant area, which is one of the steps taken to protect the quality of drinking water provided to residents | 1,2,6 | Plaintiffs objection to the term "costs" is inappropriate given the plain meaning of the term  Plaintiffs objection that this Request is compound is inappropriate  Plaintiffs do not provide a response to the specific request – whether Plaintiffs incurred costs to provide drinking water to residents of Ponce due to the presence of MTBE |
| 198 | Admit that Esso did not market, sell or distribute | Objection  This request exceeds the scope of permitted discovery since it is not limited to | 1,2,4,5, | Plaintiffs objection that this Request is compound is inappropriate |

**Amended Exhibit A (objections only)**
**Deficiencies in Plaintiffs' Responses to Esso's Requests for Admissions**

| | Request | Objection | | Deficiency |
|---|---|---|---|---|
| | GASOLINE in Puerto Rico after October 31, 2008 | trial sites  The requirement of Federal Rule of Civil Procedure 36(a)(2) that "each matter must be separately stated" prohibits compound questions  That rule is particularly applicable here, where it would be impossible to determine whether or not all of it  Plaintiffs also assert the General response applies to a portion of the request, or all of it  Plaintiffs also assert the General Objections | 7 | Plaintiffs have not provided a response to this Request |
| 255 | Admit that YOU have no document or sworn testimony reflecting that GASOLINE supplied by EXXONMOBIL to the Shell Chemical Yabucoa, Inc. facility in 2002 contained MTBE | Objection  This request exceeds the scope of permitted discovery since it is not limited to trial sites  The requirement of Federal Rule of Civil Procedure 36(a)(2) that "each matter must be separately stated" prohibits compound questions  That rule is particularly applicable here, where it would be impossible to determine whether or not an affirmative response applies to a portion of the request, or all of it  Plaintiffs also assert the General Objections | 1,2,4,5, 7 | Plaintiffs' response is evasive and based upon improper objections, which are inconsistent with prior responses  Plaintiffs may not rely upon non-site-specific evidence to deny site-specific Requests while simultaneously objecting to Requests that address the nature of the same non-site-specific evidence  Plaintiffs' objection that the Request is compound is improper  Plaintiffs' reliance on the General Objections is improper  Plaintiffs provide no response and this Request should be deemed admitted |
| 256 | Admit that YOU have no document or sworn testimony reflecting that GASOLINE supplied to Esso by EXXONMOBIL in 2005 contained MTBE | Objection  This request exceeds the scope of permitted discovery since it is not limited to trial sites  The requirement of Federal Rule of Civil Procedure 36(a)(2) that "each matter must be separately stated"  prohibits compound questions  That rule is particularly applicable here, where it would be impossible to determine whether or not an affirmative response applies to a portion of the request, or all of it  Plaintiffs also assert the General Objections | 1,2,4,5, 7 | Plaintiffs' response is evasive and based upon improper objections, which are inconsistent with prior responses  Plaintiffs may not rely upon non-site-specific evidence to deny site-specific Requests while simultaneously objecting to Requests that address the nature of the same non-site-specific evidence  Plaintiffs' objection that the Request is compound is improper  Plaintiffs' reliance on the General Objections is improper  Plaintiffs provide no response and this Request should be deemed admitted |
| 257 | Admit that YOU have no document or sworn testimony reflecting that GASOLINE supplied to Esso by EXXONMOBIL in 2006 contained MTBE | Objection  This request exceeds the scope of permitted discovery since it is not limited to trial sites  The requirement of Federal Rule of Civil Procedure 36(a)(2) that "each matter must be separately stated" prohibits compound questions  That rule is particularly applicable here, where it would be impossible to determine whether or not an affirmative response applies to a portion of the request, or all of it  Plaintiffs also assert the General Objections | 1,2,4,5, 7 | Plaintiffs' response is evasive and based upon improper objections, which are inconsistent with prior responses  Plaintiffs may not rely upon non-site-specific evidence to deny site-specific Requests while simultaneously objecting to Requests that address the nature of the same non-site-specific evidence  Plaintiffs' objection that the Request is compound is improper  Plaintiffs' reliance on the General Objections is improper  Plaintiffs provide no response and this Request should be deemed admitted |
| 258 | Admit that YOU have no document or sworn testimony reflecting that GASOLINE supplied to Esso by EXXONMOBIL in 2007 contained MTBE | Objection  This request exceeds the scope of permitted discovery since it is not limited to trial sites  The requirement of Federal Rule of Civil Procedure 36(a)(2) that "each matter must be separately stated" prohibits compound questions, That rule is particularly applicable here, where it would be impossible to determine whether or not an affirmative response applies to a portion of the request, or all of it  Plaintiffs also assert the General Objections | 1,2,4,5, 7 | Plaintiffs' response is evasive and based upon improper objections, which are inconsistent with prior responses  Plaintiffs may not rely upon non-site-specific evidence to deny site-specific Requests while simultaneously objecting to Requests that address the nature of the same non-site-specific evidence  Plaintiffs' objection that the Request is compound is improper  Plaintiffs' reliance on the General Objections is improper  Plaintiffs provide no response and this Request should be deemed admitted |
| 259 | Admit that YOU have no document or sworn testimony reflecting that GASOLINE supplied to Esso by EXXONMOBIL in 2008 contained MTBE | Objection  This request exceeds the scope of permitted discovery since it is not limited to trial sites  The requirement of Federal Rule of Civil Procedure 36(a)(2) that "each matter must be separately stated" prohibits compound questions  That rule is particularly applicable here, where it would be impossible to determine whether or not an affirmative response applies to a portion of the request, or all of it  Plaintiffs also assert the General | 1,2,4,5, 7 | Plaintiffs' response is evasive and based upon improper objections, which are inconsistent with prior responses  Plaintiffs may not rely upon non-site-specific evidence to deny site-specific Requests while simultaneously objecting to Requests that address the nature of the same non-site-specific evidence  Plaintiffs' objection that |

**Amended Exhibit A (objections only)**

**Deficiencies in Plaintiffs' Responses to Esso's Requests for Admissions**

| | | Objections | | |
|---|---|---|---|---|
| | | | | the Request is compound is improper Plaintiffs' reliance on the General Objections is improper Plaintiffs provide no response and this Request should be deemed admitted |
| 260 | Admit that YOU have no document or sworn testimony reflecting that GASOLINE supplied to Esso by EXXONMOBIL in May 1992 contained MTBE | Objection This request exceeds the scope of permitted discovery since it is not limited to trial sites The requirement of Federal Rule of Civil Procedure 36(a)(2) that "each matter must be separately stated" prohibits compound questions That rule is particularly applicable here, where it would be impossible to determine whether or not an affirmative response applies to a portion of the request, or all of it Plaintiffs also assert the General Objections | 1,2,4,5,7 | Plaintiffs' response is evasive and based upon improper objections, which are inconsistent with prior responses Plaintiffs may not rely upon non-site-specific evidence to deny site-specific Requests while simultaneously objecting to Requests that address the nature of the same non-site-specific evidence Plaintiffs' objection that the Request is compound is improper Plaintiffs' reliance on the General Objections is improper Plaintiffs provide no response and this Request should be deemed admitted |
| 261 | Admit that YOU have no document or sworn testimony reflecting that GASOLINE supplied to Esso by EXXONMOBIL in August 1994 contained MTBE | Objection This request exceeds the scope of permitted discovery since it is not limited to trial sites The requirement of Federal Rule of Civil Procedure 36(a)(2) that "each matter must be separately stated" prohibits compound questions That rule is particularly applicable here, where it would be impossible to determine whether or not an affirmative response applies to a portion of the request, or all of it Plaintiffs also assert the General Objections | 1,2,4,5,7 | Plaintiffs' response is evasive and based upon improper objections, which are inconsistent with prior responses Plaintiffs may not rely upon non-site-specific evidence to deny site-specific Requests while simultaneously objecting to Requests that address the nature of the same non-site-specific evidence Plaintiffs' objection that the Request is compound is improper Plaintiffs' reliance on the General Objections is improper Plaintiffs provide no response and this Request should be deemed admitted |
| 262 | Admit that YOU have no document or sworn testimony reflecting that EXXONMOBIL supplied GASOLINE to Puerto Rico prior to 1992. | Subject to and without waiving the General Objections, denied Supply agreements and communications between Esso Puerto Rico, Exxon U S A , and Phillips indicate Exxon U.S.A. directly supplied gas to Phillips for sale to Esso Puerto Rico See XOM-PR-FILES-SUPP-714992 to 715019 715100 to 715101, and 715102 to 715107 See Defendants Esso Standard Oil Company (Puerto Rico) and Exxon Mobil Corporation's Objections and Responses to Plaintiffs' First Set of Interrogatories Regarding Plaintiffs' Trial Sites Response to Interrogatory No 13 Objection This request exceeds the scope of permitted discovery since it is not limited to trial sites The requirement of Federal Rule of Civil Procedure 36(a)(2) that "each matter must be separately stated" prohibits compound questions That rule is particularly applicable here, where it would be impossible to determine whether or not an affirmative response applies to a portion of the request, or all of it Plaintiffs also assert the General Objections | 1,2,6 | Plaintiffs' responsive is evasive and references irrelevant information Plaintiffs' objection that the Request is compound is improper Plaintiffs' objection that the Request references documents and interrogatory responses that discuss transactions wherein ExxonMobil supplied gasoline to Phillips in the United States, not in Puerto Rico Plaintiffs' reliance on the General Objections is improper There is no reasonable basis for Plaintiffs to deny this Request |
| 263 | Admit that YOU have no document or sworn testimony reflecting that EXXONMOBIL supplied GASOLINE to Puerto Rico in 1993 | Subject to and without waiving the General Objections, denied See Defendants Esso Standard Oil Company (Puerto Rico) and Exxon Mobil Corporation's Objections and Responses to Plaintiffs' First Set of Interrogatories Regarding Plaintiffs' Trial Sites, Response to Interrogatory No 13 | 1,6 | Plaintiffs' responsive is evasive and references irrelevant information Plaintiffs' response references an interrogatory response that states that "Counsel's investigation as to the source of gasoline received by Esso in Puerto Rico prior to 1994 continues Gasoline from the ExxonMobil Baytown and Baton Rouge refineries may have supplied gasoline to Puerto Rico on sporadic occasion and/or in very limited quantities In the early 1990s, Esso received product from a number of sources which could, on limited occasions, include the Baytown Refinery" There is no reasonable basis for Plaintiffs to deny this Request |
| 264 | Admit that YOU have no document or sworn | Objection This request exceeds the scope of permitted discovery since it is not limited to | 1,2,4,5, | Plaintiffs' response is evasive and based upon improper objections, |

Amended Exhibit A (objections only)
Deficiencies in Plaintiffs' Responses to Esso's Requests for Admissions

| | | | |
|---|---|---|---|
| | testimony reflecting that EXXONMOBIL supplied GASOLINE to Puerto Rico 1996 | trial sites  The requirement of Federal Rule of Civil Procedure 36(a)(2) that "each matter must be separately stated" prohibits compound questions  That rule is particularly applicable here, where it would be impossible to determine whether or not an affirmative response applies to a portion of the request, or all of it  Plaintiffs also assert the General Objections | 7 | which are inconsistent with prior responses  Plaintiffs may not rely upon non-site-specific evidence to deny site-specific Requests while simultaneously objecting to Requests that address the nature of the same non-site-specific evidence  Plaintiffs' objection to the Request is compound is improper  Plaintiffs' reliance on the General Objections is improper  Plaintiffs provide no response and this Request should be deemed admitted |
| 265 | Admit that YOU have no document or sworn testimony reflecting that EXXONMOBIL supplied GASOLINE to Puerto Rico in 1997 | Objection  This request exceeds the scope of permitted discovery since it is not limited to trial sites  The requirement of Federal Rule of Civil Procedure 36( a)(2) that "each matter must be separately stated" prohibits compound questions  That rule is particularly applicable here, where it would be impossible to determine whether or not an affirmative response applies to a portion of the request, or all of it  Plaintiffs also assert the General Objections | 1,2,4,5, 7 | Plaintiffs' response is evasive and based upon improper objections, which are inconsistent with prior responses  Plaintiffs may not rely upon non-site-specific evidence to deny site-specific Requests while simultaneously objecting to Requests that address the nature of the same non-site-specific evidence  Plaintiffs' objection that the Request is compound is improper  Plaintiffs' reliance on the General Objections is improper  Plaintiffs provide no response and this Request should be deemed admitted |
| 266 | Admit that YOU have no document or sworn testimony reflecting that EXXONMOBIL supplied GASOLINE to Puerto Rico in 1998 | Objection  This request exceeds the scope of permitted discovery since it is not limited to trial sites  The requirement of Federal Rule of Civil Procedure 36(a)(2) that "each matter must be separately stated" prohibits compound questions  That rule is particularly applicable here, where it would be impossible to determine whether or not an affirmative response applies to a portion of the request, or all of it  Plaintiffs also assert the General Objections | 1,2,4,5, 7 | Plaintiffs' response is evasive and based upon improper objections, which are inconsistent with prior responses  Plaintiffs may not rely upon non-site-specific evidence to deny site-specific Requests while simultaneously objecting to Requests that address the nature of the same non-site-specific evidence  Plaintiffs' objection that the Request is compound is improper  Plaintiffs' reliance on the General Objections is improper  Plaintiffs provide no response and this Request should be deemed admitted |
| 267 | Admit that YOU have no document or sworn testimony reflecting that EXXONMOBIL supplied GASOLINE to Puerto Rico in 1999 | Objection  This request exceeds the scope of permitted discovery since it is not limited to trial sites  The requirement of Federal Rule of Civil Procedure 36(a)(2) that "each matter must be separately stated" prohibits compound questions  That rule is particularly applicable here, where it would be impossible to determine whether or not an affirmative response applies to a portion of the request, or all of it  Plaintiffs also assert the General Objections | 1,2,4,5, 7 | Plaintiffs' response is evasive and based upon improper objections, which are inconsistent with prior responses  Plaintiffs may not rely upon non-site-specific evidence to deny site-specific Requests while simultaneously objecting to Requests that address the nature of the same non-site-specific evidence  Plaintiffs' objection that the Request is compound is improper  Plaintiffs' reliance on the General Objections is improper  Plaintiffs provide no response and this Request should be deemed admitted |
| 268 | Admit that YOU have no document or sworn testimony reflecting that EXXONMOBIL supplied GASOLINE to Puerto Rico in 2000 | Objection  This request exceeds the scope of permitted discovery since it is not limited to trial sites  The requirement of Federal Rule of Civil Procedure 36(a)(2) that "each matter must be separately stated" prohibits compound questions  That rule is particularly applicable here, where it would be impossible to determine whether or not an affirmative response applies to a portion of the request, or all of it  Plaintiffs also assert the General Objections | 1,2,4,5, 7 | Plaintiffs' response is evasive and based upon improper objections, which are inconsistent with prior responses  Plaintiffs may not rely upon non-site-specific evidence to deny site-specific Requests while simultaneously objecting to Requests that address the nature of the same non-site-specific evidence  Plaintiffs' objection that the Request is compound is improper  Plaintiffs' reliance on the General Objections is improper  Plaintiffs provide no response and this Request should be deemed admitted |
| 269 | Admit that YOU have no document or sworn testimony reflecting that EXXONMOBIL supplied GASOLINE to Puerto Rico in 2001 | Objection  This request exceeds the scope of permitted discovery since it is not limited to trial sites  The requirement of Federal Rule of Civil Procedure 36( a)(2) that "each matter must be separately stated" prohibits compound questions  That rule is particularly | 1,2,4,5, 7 | Plaintiffs' response is evasive and based upon improper objections, which are inconsistent with prior responses  Plaintiffs may not rely upon non-site-specific evidence to deny site-specific Requests |

**Amended Exhibit A (objections only)**
**Deficiencies in Plaintiffs' Responses to Esso's Requests for Admissions**

| | | | |
|---|---|---|---|
| | | applicable here, where it would be impossible to determine whether or not an affirmative response applies to a portion of the request, or all of it. Plaintiffs also assert the General Objections | while simultaneously objecting to Requests that address the nature of the same non-site-specific evidence. Plaintiffs' objection that the Request is compound is improper. Plaintiffs' reliance on the General Objections is improper. Plaintiffs provide no response and this Request should be deemed admitted |
| 270 | Admit that YOU have no document or sworn testimony reflecting that EXXONMOBIL supplied GASOLINE to Puerto Rico in 2003 | Objection. This request exceeds the scope of permitted discovery since it is not limited to trial sites. The requirement of Federal Rule of Civil Procedure 36(a)(2) that "each matter must be separately stated" prohibits compound questions. That rule is particularly applicable here, where it would be impossible to determine whether or not an affirmative response applies to a portion of the request, or all of it. Plaintiffs also assert the General Objections | 1,2,4,5, 7 | Plaintiffs' response is evasive and based upon improper objections, which are inconsistent with prior responses. Plaintiffs may not rely upon non-site-specific evidence to deny site-specific Requests while simultaneously objecting to Requests that address the nature of the same non-site-specific evidence. Plaintiffs' objection that the Request is compound is improper. Plaintiffs' reliance on the General Objections is improper. Plaintiffs provide no response and this Request should be deemed admitted |
| 271 | Admit that YOU have no document or sworn testimony reflecting that EXXONMOBIL supplied GASOLINE to Puerto Rico in 2004 | Objection. This request exceeds the scope of permitted discovery since it is not limited to trial sites. The requirement of Federal Rule of Civil Procedure 36(a)(2) that "each matter must be separately stated" prohibits compound questions. That rule is particularly applicable here, where it would be impossible to determine whether or not an affirmative response applies to a portion of the request, or all of it. Plaintiffs also assert the General Objections. | 1,2,4,5, 7 | Plaintiffs' response is evasive and based upon improper objections, which are inconsistent with prior responses. Plaintiffs may not rely upon non-site-specific evidence to deny site-specific Requests while simultaneously objecting to Requests that address the nature of the same non-site-specific evidence. Plaintiffs' objection that the Request is compound is improper. Plaintiffs' reliance on the General Objections is improper. Plaintiffs provide no response and this Request should be deemed admitted |
| 272 | Admit that YOU have no document or sworn testimony reflecting that GASOLINE supplied by EXXONMOBIL to Puerto Rico was delivered to any trial site | Subject to and without waiving the General Objections, denied | 1,4,7 | Plaintiffs' reliance on the General Objections is improper. Plaintiffs response is evasive and Plaintiffs have no evidence or reasonable basis upon which to base a denial |
| 285 | Admit that YOU have no document or sworn testimony that Esso sold neat MTBE in Puerto Rico | Objection. This request exceeds the scope of permitted discovery since it is not limited to trial sites. The requirement of Federal Rule of Civil Procedure 36(a)(2) that "each matter must be separately stated" prohibits compound questions. That rule is particularly applicable here, where it would be impossible to determine whether or not an affirmative response applies to a portion of the request, or all of it. Plaintiffs also assert the General Objections | 1,2,4,5, 7 | Plaintiffs' response is evasive and improper. Plaintiffs' objection that the Request is compound is improper. Plaintiffs' reliance on the General Objections is improper. Plaintiffs provide no response and this Request should be deemed admitted |
| 286 | Admit that YOU have no document or sworn testimony that EXXONMOBIL sold neat MTBE in Puerto Rico | Objection. This request exceeds the scope of permitted discovery since it is not limited to trial sites. The requirement of Federal Rule of Civil Procedure 36(a)(2) that "each matter must be separately stated" prohibits compound questions. That rule is particularly applicable here, where it would be impossible to determine whether or not an affirmative response applies to a portion of the request, or all of it. Plaintiffs also assert the General Objections | 1,2,4,5, 7 | Plaintiffs' response is evasive and improper. Plaintiffs' objection that the Request is compound is improper. Plaintiffs' reliance on the General Objections is improper. Plaintiffs provide no response and this Request should be deemed admitted |