Scheindlin, S.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/1/14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IN RE METHYL TERTIARY BUTYL : 
ETHER ("MTBE") PRODUCTS LIABILITY
LITIGATION : Master File No.
 1:00-1898
This document relates to: : MDL 1358 (SAS)
 M21-88
New Jersey Department of :
Environmental Protection, et al.
v. Atlantic Richfield Co., : STIPULATION RELATED TO
et al., 08 Civ. 00312 NJ MTBE SETTLEMENTS

---

 :

SHIRA A. SCHEINDLIN, U.S.D.J.:

WHEREAS Plaintiffs and defendant CITGO Petroleum Corporation ("Citgo") entered into a settlement agreement (the "Citgo Settlement") that was submitted to this Court for approval; and

WHEREAS certain non-settling defendants objected to the Citgo Settlement; and

WHEREAS the Court denied the motion to approve the Citgo Settlement;

THEREFORE, in response to the Court's decision and the objections of the non-settling defendants, Plaintiffs and Defendants stipulate and agree as follows:

1. Plaintiffs will enter into the stipulation attached hereto as Exhibit A for any defendant that enters into a written settlement with Plaintiffs in this litigation, notice of

which is provided to the Court by the Plaintiffs and settling defendant(s) prior to the first of either (a) commencement of opening statements in the first trial of one or more of the Trial Sites identified in CMO 107 in Phase 1 of this litigation, or (b) the Court issuing an order that forecloses such a trial.

2. Defendants will not object to, submit comments on, or in any way impede, any settlement that has been or will be reached in this litigation, so long as:

   (i) the material terms (other than the settlement value) of such settlement do not materially differ from the Citgo Settlement (attached hereto as Exhibit B), or if such settlement is less than $3 million, the George E. Warren Corporation settlement (attached hereto as Exhibit C); and

   (ii) notice of the settlement is provided to the Court by Plaintiffs and the settling defendant(s) prior to the first of (a) commencement of opening statements in the first trial of one or more of the Trial Sites in Phase 1 of this litigation, or (b) the Court issuing an order that forecloses such a trial.

3. All Defendants that previously objected to the Citgo Settlement in the past hereby expressly withdraw their objections to such settlement.

4. This Stipulation is expressly contingent and effective only upon the approval by the Court of the Citgo Settlement.

FOR PLAINTIFFS:

COHN LIFLAND PEARLMAN
HERRMANN & KNOPF LLP

Special Counsel to the
Attorney General

BY: /s/ Leonard Z. Kaufmann
Leonard Z. Kaufmann,
A Member of the Firm

JOHN J. HOFFMAN
ACTING ATTORNEY GENERAL
OF NEW JERSEY

BY: _____
Gwen Farley,
Deputy Attorney General

FOR NON-SETTLING DEFENDANTS:

BY: _____
Peter John Sacripanti
James A. Pardo
Stephen J. Riccardulli
Lisa A. Gerson
McDermott Will & Emery LLP
340 Madison Avenue
New York, New York 10173
T: (212) 547-5400
F: (212) 547-5444

Counsel for Exxon Mobil
Corporation, ExxonMobil Oil
Corporation, Mobil
Corporation, and on behalf of
Non-Settling Defendants
listed on Attachment 1

4. This Stipulation is expressly contingent and effective only upon the approval by the Court of the Citgo Settlement.

FOR PLAINTIFFS:

COHN LIFLAND PEARLMAN
HERRMANN & KNOPF LLP

Special Counsel to the
Attorney General

BY: _____
    Leonard Z. Kaufmann,
    A Member of the Firm

JOHN J. HOFFMAN
ACTING ATTORNEY GENERAL
OF NEW JERSEY

BY: */s/ Gwen Farley*
    Gwen Farley,
    Deputy Attorney General

FOR NON-SETTLING DEFENDANTS:

BY: _____
    Peter John Sacripanti
    James A. Pardo
    Stephen J. Riccardulli
    Lisa A. Gerson
    MCDERMOTT WILL & EMERY LLP
    340 Madison Avenue
    New York, New York 10173
    T:  (212) 547-5400
    F:  (212) 547-5444

    Counsel for Exxon Mobil
    Corporation, ExxonMobil Oil
    Corporation, Mobil
    Corporation, and on behalf of
    Non-Settling Defendants
    listed on Attachment 1

4. This Stipulation is expressly contingent and effective only upon the approval by the Court of the Citgo Settlement.

FOR PLAINTIFFS:

COHN LIFLAND PEARLMAN
HERRMANN & KNOPF LLP

Special Counsel to the
Attorney General

BY: _____
Leonard Z. Kaufmann,
A Member of the Firm

JOHN J. HOFFMAN
ACTING ATTORNEY GENERAL
OF NEW JERSEY

BY: _____
Gwen Farley,
Deputy Attorney General

FOR NON-SETTLING DEFENDANTS:

BY: *[signature]*
Peter John Sacripanti
James A. Pardo
Stephen J. Riccardulli
Lisa A. Gerson
McDermott Will & Emery LLP
340 Madison Avenue
New York, New York 10173
T: (212) 547-5400
F: (212) 547-5444

Counsel for Exxon Mobil
Corporation, ExxonMobil Oil
Corporation, Mobil
Corporation, and on behalf of
Non-Settling Defendants
listed on Attachment 1

## SO ORDERED:

_____
U.S.D.J.

10/1/14

ATTACHMENT 1

Atlantic Richfield Company
BP America, Inc.
BP Amoco Chemical Company
BP Amoco Corporation
BP Products North America, Inc.
Chevron Corporation
Chevron U.S.A. Inc.
Kewanee Industries, Inc.
Unocal Corporation
Coastal Eagle Point Oil Company
El Paso Corporation
ConocoPhillips Company
Crown Central Petroleum Corporation
Cumberland Farms, Inc.
Gulf Acquisition LLC
Gulf Oil Limited Partnership
Duke Energy Merchants, LLC
Equilon Enterprises, LLC
Motiva Enterprises, LLC
Shell Oil Company
Shell Oil Products Company LLC
Shell Trading (US) Company
ExxonMobil Corporation
ExxonMobil Oil Corporation
Mobil Corporation
Getty Petroleum Marketing, Inc.
Lukoil Americas Corporation
Getty Properties Corp.
Lyondell Chemical Company
Lyondell-Citgo Refining, LP
Rosemore Inc.
Sunoco, Inc.
Sunoco, Inc. (R&M)
Total Petrochemicals USA, Inc.
Vitol S.A.

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE METHYL TERTIARY BUTYL ETHER ("MTBE") PRODUCTS LIABILITY LITIGATION | Master File No. 1:00-1898 |
| This document relates to: | MDL 1358 (SAS) M21-88 |
| New Jersey Department of Environmental Protection, et al. v. Atlantic Richfield Co., et al., 08 Civ. 00312 | STIPULATION RELATED TO SETTLEMENT WITH [NAME OF SETLLING DEFENDANT] ONLY |

SHIRA A. SCHEINDLIN, U.S.D.J.:

WHEREAS Plaintiffs and defendant [SETTLING DEFENDANT] ("[SHORT FORM FOR SETTLING DEFENDANT NAME]") entered into a settlement agreement (the "[SETTLING DEFENANT] Settlement") that is being submitted to this Court for approval; and

WHEREAS certain non-settling defendants have previously objected to the settlement in this case between defendant CITGO Petroleum Corporation and Plaintiffs; and

WHEREAS the Court denied the motion to approve the settlement between CITGO Petroleum Corporation and Plaintiffs;

THEREFORE, in response to the Court's decision and the previous objections of the non-settling defendants, Plaintiffs stipulate and agree as follows:

1.  Plaintiffs agree to reduce any judgment, and if necessary, agree not to seek to collect or to collect in this litigation, captioned *New Jersey Department of Environmental Protection v. Atlantic Richfield Co.*, MDL 1358, 08 Civ. 00312 (S.D.N.Y.), or in any subsequent judicial, administrative or other action that arises as a result of the claims asserted in this litigation, any portion of any judgment under the New Jersey Spill Compensation and Control Act, N.J.S.A. 58:10-23.11 to -23.24 ("Spill Act"), that is allocated by the fact finder in this action to [SETTLING DEFENDANT] based on its percentage of relative fault. Plaintiffs further agree that in any trial of this action, the trier of fact shall determine [SETTLING DEFENDANT]'s percentage of relative fault for Spill Act claims in the same manner and in the same form of trial verdict as for common law claims and as for all other defendants, as if [SETTLING DEFENDANT] had remained a non-settling defendant.

2.  Except as provided in paragraph 1 above, this Stipulation is strictly limited to the [SETTLING DEFENDANT] Settlement in this litigation and in no other way limits or reduces the liability of any responsible party.

3.  This Stipulation is expressly contingent and effective only upon the approval by the Court of the [SETTLING DEFENDANT] Settlement.

COHN LIFLAND PEARLMAN
HERRMANN & KNOPF LLP

Special Counsel to the
Attorney General

BY: _____
    Leonard Z. Kaufmann,
    A Member of the Firm

JOHN J. HOFFMAN
ACTING ATTORNEY GENERAL
OF NEW JERSEY

BY: _____
    Gwen Farley,
    Deputy Attorney General