USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/23/14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
:
IN RE: METHYL TERTIARY BUTYL       :
ETHER ("MTBE") PRODUCTS             :
LIABILITY LITIGATION                      :
------------------------------------------------------------ :
:
This document relates to:                 :
:
*Commonwealth of Puerto Rico, et al. v.* :
*Shell Oil Co., et al.*, 07 Civ. 10470    :
:
------------------------------------------------------------ X

**OPINION AND ORDER**

Master File No. 1:00-1898
MDL 1358 (SAS)
M21-88

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

**I.   INTRODUCTION**

This is a consolidated multi-district litigation ("MDL") relating to contamination — actual or threatened — of groundwater from various defendants' use of the gasoline additive methyl tertiary butyl ether ("MTBE") and/or tertiary butyl alcohol, a product formed by the breakdown of MTBE in water. In this case, the Commonwealth of Puerto Rico ("the Commonwealth") alleges that defendants' use and handling of MTBE has contaminated, or threatened to contaminate groundwater within its jurisdiction. Familiarity with the underlying facts is presumed for the purposes of this Order.

The Puerto Rico legislature recently enacted Law No. 53-2014 ("Law 53"), which states that "prescription does not apply to . . . claims of the

Commonwealth of Puerto Rico relating to non-patrimonial public goods[.]"  After this Court denied the Commonwealth's motion, in response to the new law, to revise the Court's prior orders addressing prescription, the Commonwealth now moves in accordance with Rule 25 of the Rules of the Puerto Rico Supreme Court to certify the following question regarding the interpretation of Law 53 to the Puerto Rico Supreme Court:  "Are the Commonwealth of Puerto Rico's claims concerning contamination to the *in situ* groundwater and surface water of the Commonwealth subject to the defense of prescription?"  For the following reasons, the Commonwealth's motion is GRANTED.

## II. BACKGROUND

Prior to the Puerto Rico Legislature's enactment of Law 53, this Court had two occasions to address whether the Commonwealth's claims were subject to the defense of prescription.  In both cases, I found the defense applied to the Commonwealth's claims.[1]  After the enactment of Law 53, the Commonwealth petitioned this Court to revise its prior rulings regarding the applicability of the prescription defense.  The Court denied the Commonwealth's motion.[2]

---

[1] *See In re MTBE*, No. 07-10470, 2013 WL 6869410 (S.D.N.Y. Dec. 30, 2013); *In re MTBE*, 959 F. Supp. 2d 476 (S.D.N.Y. 2013).

[2] *See In re MTBE*, No. 07-10470, 2014 WL 4290433 (S.D.N.Y. Aug. 29, 2014).

At an October 1, 2014 case management conference, the Commonwealth moved this Court to certify the above question.[3] Pursuant to the Court's directive at the conference, the Commonwealth subsequently submitted to the Court a proposed order stating the question to be certified and explaining the relevant procedural provisions of Puerto Rico law that permit questions to be certified from a U.S. district court to the Puerto Rico Supreme Court.[4]

## III.  LEGAL STANDARD

While the ability of a U.S. district court to certify a question of law to a state supreme court depends largely on the law and procedures of the state receiving the question, where the state court permits certification, the district court must exercise discretion in deciding whether certification is appropriate.[5] To guide the Court on how to exercise its discretion, the Second Circuit has stated that "[c]ertification is to be used in those cases where there is a split of authority on the issue, where [a] statute's plain language does not indicate the answer, or when presented with a complex question of [state] common law for which no [state]

---

[3]  *See* 10/1/14 Conference Transcript (Doc. No. 508).

[4]  *See* 10/6/14 Proposed Order and Petition for Certification to the Puerto Rico Supreme Court ("Proposed Order") at 1.

[5]  *See Lehman Bros. v. Schein*, 416 U.S. 386, 390-91 (1974) (holding that a district court in the Southern District of New York was within its discretion in certifying a question of law to the Florida Supreme Court).

authority can be found."[6] Additionally, the Second Circuit has described three primary factors for the Court to consider in deciding whether to certify a question: "(1) the absence of authoritative state court decisions; (2) the importance of the issue to the state; and (3) the capacity of certification to resolve the litigation."[7]

Pursuant to Rule 25 of the Rules of the Supreme Court of Puerto Rico, the Supreme Court of Puerto Rico utilizes the following certification procedure:

> [The Puerto Rico Supreme] Court may entertain any matter certified to it . . . by a District Court of the United States of America . . . should there exist in the petitioner court any judicial matter involving questions of Puerto Rican law that may determine the outcome of the same, and with regard to which, in the opinion of the petitioner court, there are no clear precedents in the case law of this Court.[8]

The Puerto Rico Supreme Court has clarified that Rule 25 is "flexible" and intended to encourage U.S. district courts and courts of appeals to certify questions to the Puerto Rico Supreme Court.[9]

**IV. DISCUSSION**

---

[6] *DiBella v. Hopkins*, 403 F.3d 102, 111 (2d Cir. 2005) (internal citation and quotation omitted).

[7] *Casey v. Merck & Co.*, 653 F.3d 95, 101 (2d Cir. 2011) (internal citation and quotation omitted).

[8] P.R. Laws Ann. tit. 4, app. XXI-A, 25.

[9] *Guzman v. Calderon*, 164 D.P.R. 220, No. CT-2003-002, 2005 WL 756814, at *2-*3 (P.R. Mar. 23, 2005).

4

### A.      The Commonwealth's Argument

The Commonwealth argues that the question it asks this Court to certify meets the above criteria required by the Puerto Rico Supreme Court. The Commonwealth seeks to have this question certified because the Commonwealth insists the question is of "crucial importance to the present case" and merits certification because "no clear precedent on this matter of law exists."[10] The Commonwealth contends that the determination of this "matter of first impression for both the courts of the Commonwealth and the federal court" depends "solely upon Puerto Rico law, and that there is no equivalent federal statute or constitutional provision upon which the court may base its ruling."[11] Accordingly, the issue is ripe for certification.

The Commonwealth assures the Court that it is not seeking an advisory opinion – the disposition of the issue will resolve the application of the defense of prescription to a significant number of defendants in this case, meaning that the issue may be dispositive as to certain defendants.[12] According to the Commonwealth, under Puerto Rican law, the answer to the question to be certified

---

[10]      Proposed Order at 5-6.

[11]      *Id*. at 6.

[12]      *See id*. at 2.

"need not determine the outcome of the entire case to qualify for certification."[13] Instead, the "issue must be one that 'may determine the outcome' as to one or more dispositive issues or parties."[14] Further, resolution of this issue "will impact all future trial sites in this case, as well as all future cases brought by the Commonwealth of Puerto Rico regarding environmental harm to its natural resources."[15]

### B. Defendants' Argument

Defendants oppose certification on five grounds. They argue that: (1) an answer to the question will not determine the outcome of the case; (2) Rule 25 of the Rules of the Puerto Rico Supreme Court bars the Puerto Rico Supreme Court from deciding the question; (3) clear precedents of law on this question already exist; (4) the Commonwealth's petition is untimely and procedurally improper; and (5) this Court can reasonably predict how the Puerto Rico Supreme Court will rule

---

[13]   10/10/14 E-Mail from John Gilmour, counsel for plaintiffs, to the Court regarding defendants' opposition letter to the Proposed Order ("Defs.' Ltr.") ("Pl. Reply").

[14]   Pl. Reply (quoting *Guzman*, 2005 WL 756814, at *2-*3 (holding more generally that the passage of the Judiciary Act of 2003 "substantially broadened the power of [the Puerto Rico Supreme Court] to accept requests for certification made by United States courts")).

[15]   Proposed Order at 2.

(and has done so).[16]  I now address each of these arguments in turn.

*First*, defendants contend that the question cannot be certified because it is not wholly outcome-determinative.[17]  Because the Commonwealth admits that an answer to this certified question will not be dispositive of the entire case, as a matter of Puerto Rican law, the question cannot be certified.[18]

*Second*, defendants argue that Rule 25 of the Rules of the Supreme Court of Puerto Rico bars the Puerto Rico Supreme Court from deciding the question.  This is because, according to defendants, the "Puerto Rico Supreme Court cannot answer certified questions when the issue raised refers to the constitutional validity of an act under a provision of the Constitution of the Commonwealth that is similar to a provision of the [U.S.] Constitution."[19]  Here, the constitutional validity of Law 53 implicates the separation of powers doctrine in the Puerto Rico constitution, which is based on the U.S. equivalent as first announced by the U.S. Supreme Court in *Marbury v. Madison*.[20]

---

[16]    *See* Defs.' Ltr.

[17]    *See id*. at 3-4 (collecting cases standing for this proposition).

[18]    *See id.* at 4.

[19]    *Id*. at 6-7 (quoting *Cordova & Simonpietri Ins. Agency v. Crown Am. Ins. Co.*, 12 P.R. Office Trans. 1003, 1001 (P.R. 1982)).

[20]    *See id.* at 5-6.

*Third*, defendants insist that there are clear precedents in Puerto Rico law applicable to the Law 53 issue.  Defendants cite to *Ayala v. Puerto Rico Land Authority*,[21] the subject of two prior rounds of briefing by the parties, to demonstrate a clearly-established precedent of the Puerto Rico Supreme Court that the common law doctrine of *nullum tempus ocurrit regi* does not exist in Puerto Rico's Civil Code, save with regard to "wastelands."[22]  To the extent the certified question is framed more narrowly to focus solely on Law 53, defendants argue that the Commonwealth's legislative effort to "say what the law is" violates well established separation of powers precedents established by the Puerto Rico Supreme Court in numerous decisions.[23]

*Fourth*, defendants complain that plaintiffs' application for certification is untimely and constitutes a request for an impermissible appellate review of this Court's decision.  The crux of defendants' argument is that this Court has already decided the Law 53 question in its most recent ruling denying plaintiffs' motion to revise the Court's prior orders – the time to ask for certification of an issue is before the district court renders a decision on that

---

[21]    116 D.P.R. 337, 16 P.R. Offic.Trans. 414 (1985)

[22]    *Id.* at 423.

[23]    See Defs.' Ltr. at 9.

issue.[24]

*Fifth,* defendants believe certification is improper here because this Court can reasonably predict how the Puerto Rico Supreme Court will rule on this issue, and in fact has made such a prediction in its earlier decisions. Defendants urge the Court that it should "certify only when it lacks confidence in the accuracy of its prediction."[25] Defendants state that the Court has every reason to be confident in its prior decisions, obviating the need for certification of this issue.

### C. Certification of the Law 53 Question Is Proper

Ultimately, pursuant to Rule 25 of the Rules of the Puerto Rico Supreme Court and the Puerto Rico Supreme Court's discussion in *Guzman*, which the Commonwealth cites to in its reply e-mail to defendants' opposition letter, this Court can properly certify the Law 53 issue to the Puerto Rico Supreme Court. Defendants' arguments that certification would be improper as a matter of law are unpersuasive. I am sympathetic to some of defendants' arguments – most notably, that the resolution of the certified question likely implicates the separation of powers doctrine, a Puerto Rican constitutional provision with a U.S. analogue, and that the Commonwealth could have and should have sought certification earlier.

---

[24] *See id.* at 9-10.

[25] *Id.* at 12 (quoting *Collazo-Santiago v. Toyota Motor Corp.*, 937 F. Supp. 134, 138 (D.P.R. 1996)).

Still, certification here is well within the Court's discretion and is further warranted by practical considerations.

*Guzman* is an important opinion because it explains the impact of the Judiciary Act of 2003 on the Puerto Rico Supreme Court's certification procedures, which formerly were more restrictive for parties seeking certification.[26] Under the current rules, however, the Puerto Rico Supreme Court in *Guzman* stressed that prior limitations to certification "were overcome with the passage of the [Act] . . . which substantially broadened the power of the [Puerto Rico Supreme Court] to accept requests for certification made by United States Courts." In particular, the Act provided for certification from any U.S. court, including a district court, "if there is any legal issue raised before the petitioner court involving questions of Puerto Rican law that may determine the outcome of the case, and with regard to which, in the opinion of the petitioner court, there are no clear-cut precedents in the case law of [the Puerto Rico Supreme Court]."[27] The court concluded that the standards governing the certification procedure have become "more flexible . . . [making] it easier for federal courts to submit to this Court, for a

---

[26] Significantly, defendants never mentioned *Guzman* in their letter, prompting the Commonwealth to respond with an e-mail explaining defendants' misstatement of the law and attaching the *Guzman* decision for the Court's review. *See* Pl. Reply.

[27] *Guzman*, 2005 WL 756814, at *2-*3 (quoting Judiciary Act of 2003).

definitive answer, questions about doubtful matters related to Puerto Rican law."[28]

Defendants' best legal argument is that the current rule counsels against certification because the resolution of the question requires analysis of a doctrine with a U.S. constitutional equivalent: separation of powers. Indeed, the current Rule 25 of the Rules of the Puerto Rico Supreme Court states that when "the question raised in the certification proceeding is the validity of a Puerto Rico statute, challenged under a provision of the Constitution of the Commonwealth of Puerto Rico," the Puerto Rico Supreme Court will accept certification only "if the local Puerto Rico constitutional provision has no equivalent in the federal Constitution."[29] However, the Court in *Guzman* expressly rejected this concern as being an important limiting factor in deciding whether an issue is appropriate for certification.[30] After explaining the historical prevalence of this concern and its limitations on certification before the passage of the Judiciary Act of 2003, the court, in the very next sentence of its opinion, stated that "these limitations were overcome with the passage of the new Judiciary Act of 2003."[31] Thus, to the extent

---

[28]   *Id.* at *3.

[29]   P.R. Laws Ann. tit. 4, app. XXI-A, 25.

[30]   *See Guzman*, 2005 WL 756814, at *2.

[31]   *Id.*

that Rule 25 bars certification where a challenged statutory provision requires analysis of a Puerto Rican constitutional provision related to one in the U.S. constitution, *Guzman* indicates that the Court should construe the rule very narrowly, to bar certification only when the related provisions are virtually identical.[32]  Here, though the Puerto Rico separation of powers doctrine derives directly from that of the U.S. constitution, it is not clear that the constitutional provisions are completely equivalent.  Further, separation of powers may only be a minor consideration in deciding the Law 53 issue, which deals primarily with resolving whether prescription applies to the Commonwealth's claims as they relate to contamination of in situ groundwater and surface water – a purely state law claim.[33]  Finally, the question the Commonwealth seeks to certify does not, as stated, necessarily implicate a challenge to the statute on constitutional separation of powers grounds.  This Court, in its own assessment of Puerto Rican law,

---

[32]    It is possible, still, that *Guzman* permits courts to disregard completely this provision of Rule 25 – it is unclear to me why this limitation on certification remains codified in Rule 25 if *Guzman* dismisses it as "overcome" with the passage of the new Judiciary Act.

[33]    While the presence of the separation of powers argument alongside the state law argument may present a problem under Rule 25(b) – which states that the Puerto Rico Supreme Court will not accept certification when the question raised is a "mixed question" involving "aspects of federal law" in the petitioner's court and "aspects of Puerto Rico's local law" – *Guzman* states that this limitation, like the conflicting constitutional provision one, has now been "overcome." *Guzman*, 2005 WL 756814, at *2.

determined that the separation of powers doctrine was relevant in deciding the Law 53 issue, but that may turn out not to be the case if and when the issue reaches the Puerto Rico Supreme Court. Indeed, should the Puerto Rico Supreme Court decide that the certified question presents such a constitutional challenge to the statute, one which overlaps directly with the separation of powers doctrine in the U.S. constitution, then the Puerto Rico Supreme Court may decline to accept the question, and this Court's opinion on the matter will stand.[34] Either way, the Court and the parties to this action will benefit from the resulting efficiency.

Defendants' second-best argument, that the Commonwealth's application here is untimely, is fair, but it carries little weight. To be sure, the law is clear that courts do "not look favorably on [a party] 'trying to take two bites at the cherry by applying to the state court after failing to persuade the federal court.'"[35] But the numerous cases defendants cite in support of this point are distinguishable because in each case, the party seeking certification had attempted to "take a second bite" after being defeated on a commonplace motion rather than a

---

[34] *See* P.R. Laws Ann. tit. 4, app. XXI-A, 25 (noting that pursuant to Rule 25 of the Rules of the Puerto Rico Supreme Court, the Puerto Rico Supreme Court may decline to accept a question for certification if the issue presented does not meet the Rule 25 criteria).

[35] *Casillas-Sanchez v. Ryder Mem'l Hosp., Inc.*, 960 F. Supp. 2d 362, 364 (D.P.R. 2013) (quoting *Cantwell v. University of Mass.*, 551 F.2d 879, 880 (1st. Cir. 1977)).

motion to revise prior orders in light of a *change in the law of the relevant jurisdiction*.[36]  Indeed, the Court retains discretion to certify the issue after it has decided it, and courts have recognized that "limited circumstances" warrant certification "after a case has been decided."[37]

Defendants' remaining arguments are unavailing.  The Puerto Rico Supreme Court, and the rules of the court, are clear that the issue to be decided does not need to be outcome-determinative for every party to the case and for

---

[36]  *See id.*; *City of Columbus v. Hotels.com, L.P.*, 693 F.3d 642, 654 (6th Cir. 2012) (holding denial of certification proper after issues to be certified were resolved in a prior opinion on a motion to dismiss); *Thompson v. Paul*, 547 F.3d 1055, 1064 (9th Cir. 2008) (denying certification after issuing a decision on a motion to dismiss); *Solis-Alarcón v. United States*, 662 F.3d 577, 584 (1st Cir. 2001) (denying certification request on appeal of summary judgment opinion); *Enfield v. A.B. Chance Co.*, 228 F.3d 1245, 1247 (10th Cir. 2000) (denying certification after judgment was rendered on a motion to enforce a workers' compensation lien); *Boston Car Co. v. Acura Auto. Div.*, 971 F.2d 811, 814 (1st. Cir. 1992) (denying informal certification request on appeal of summary judgment opinion); *Perkins v. Clark Equip. Co.*, 823 F.2d 207, 208 (8th Cir. 1987) (denying certification after a grant of summary judgment).

[37]  *Perkins*, 823 F.2d at 210.  It bears mentioning that here, the Court is not certifying the issue "after a case has been decided," inasmuch as asking for a review of the Law 53 issue is different from asking for a more general review of its prior orders dismissing certain defendants.  The Court's denial of a motion to revise its orders did not "decide" the case.  Therefore, the Court has even more leeway to certify a question than it would under the "limited circumstances" contemplated when, as in all of defendants' cited authorities, the case has already been fully decided.

every issue in the case.[38] Defendants also overstate the existence of clear precedents on point – there are no clear precedents directly on point because of how recently Law 53 was adopted.[39] Defendants' final argument – that the Court can reasonably predict how the Puerto Rico Supreme Court would rule – is wholly speculative. The Court endeavored to predict how the Puerto Rico Supreme Court would rule in issuing its recent opinions regarding the issue, but in light of the change in Puerto Rican law, the Court cannot be sure that the course the Puerto Rico Supreme Court will take "is reasonably clear."[40] In this unusual case, the wiser route is for this Court to certify the question to the Puerto Rico Supreme Court, which, with the passage of the Judiciary Act, now invites such certified questions more openly than it once did.

    In addition to the Court's legal prerogative to certify the question, practical considerations compel certification as well. The U.S. Supreme Court has acknowledged as much: "[Certification] . . . "in the long run[,] save[s] time, energy, and resources and helps build a cooperative judicial federalism. Its use in a

---

[38]  *See Guzman*, 2005 WL 756814, at *2-*3

[39]  Defendants' attempt to widen the scope of the issue presented and apply it to *Ayala* and pre-Law 53 cases is unconvincing, as is their alternative concession, in which they portray the issue to be certified as purely a separation of powers one, which it is not.

[40]  *Collazo-Santiago*, 937 F. Supp. at 138.

given case rests in the sound discretion of the federal court."[41]  Certification here will save time, energy, and resources in the long run, undoubtedly promoting efficiency.  If the Puerto Rico Supreme Court agrees with this Court's rulings, there will be fewer defendants at trial; otherwise, there will be more defendants at trial.  If the Commonwealth has to wait until the end of trial to appeal, it will have to appeal to the First Circuit, which will probably certify the issue back to the Puerto Rico Supreme Court.  If, after that roundabout procedure, the Puerto Rico Supreme Court decides that Law 53 effectively reinstates the dismissed defendants, then the Commonwealth would have to try the case again against them.  This would be very inefficient.  Certification cures this inefficiency and will promote a cleaner and speedier resolution of the case.

## V.     CONCLUSION

For the foregoing reasons, the Commonwealth's motion to certify the above question to the Puerto Rico Supreme Court is GRANTED.  The Court will issue a separate order, containing the information required by Rule 25 of the Rules of the Puerto Rico Supreme Court, directing the Clerk of Court to transmit this certification to the Clerk of the Puerto Rico Supreme Court with the relevant appendices.

---

[41]     *Lehman Bros.*, 416 U.S. at 390-91.

SO ORDERED:

SO ORDERED:

_____
Shira A. Scheindlin
U.S.D.J.

Dated:     New York, New York
           October 23, 2014

## - Appearances -

**Liaison Counsel for Plaintiffs:**

Robert J. Gordon, Esq.
Robin L. Greenwald, Esq.
William A. Walsh, Esq.
Weitz & Luxenberg, P.C.
180 Maiden Lane
New York, NY 10038
(212) 558-5500

**Liaison Counsel for Defendants:**

Peter J. Sacripanti, Esq.
James A. Pardo, Esq.
Lisa A. Gerson, Esq.
McDermott Will & Emery LLP
50 Rockefeller Plaza, 11th Floor
New York, NY 10020
(212) 547-5583

**Counsel for the Commonwealth**:

John D.S. Gilmour, Esq.
Jackson Gilmour & Dobbs, P.C.
3900 Essex, Suite 700
Houston, TX 77027
(713) 355-5005

**Counsel for Defendants:**

Michael J. Dillon, Esq.
James A. Pardo, Esq.
Stephen J. Riccardulli, Esq.
McDermott Will & Emery LLP
50 Rockefeller Plaza, 11th Floor
New York, NY 10020
(212) 547-5583