USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/24/14

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE: METHYL TERTIARY BUTYL
ETHER ("MTBE") PRODUCTS
LIABILITY LITIGATION

This document relates to:

*Commonwealth of Puerto Rico, et al.*
*v.*
*Shell Oil Co., et al.,*
*Case No. 07-CIV-10470 (SAS)*

**ORDER AND PETITION FOR CERTICATION**

Master File No. 1:00-1898
MDL 1358
M21-88

**Civil Action**

**ORDER AND PETITION FOR CERTIFICATION TO THE**
**PUERTO RICO SUPREME COURT**

**Are the Commonwealth of Puerto Rico's claims concerning contamination to the *in situ* groundwater and surface water of the Commonwealth subject to the defense of prescription?** Presented with the argument that prescription does not apply to the Commonwealth's claims in this case, the Court must resolve whether the local law of Puerto Rico exempts such claims from the defense of prescription. The Court must analyze and determine the applicability and validity of Law No. 53-2014 ("Law 53"), recently enacted by the Puerto Rico Legislature on May 12, 2014, which provides that "prescription does not apply to . . . claims of the Commonwealth of Puerto Rico relating to non-patrimonial public goods[.]" Because this is an unusual issue that relies upon interpreting recent changes in the laws of Puerto Rico, and because the state of the law is unclear with no clear precedent on point, the Court believes, based on the principles of federalism and comity between the federal courts and the courts of Puerto Rico and the efficiencies of certification in this instance, that the proper course of action is to certify the legal question to the Honorable Justices of the Puerto Rico Supreme

Court. The Court's determination is explained more fully in a separate opinion (the "Certification Opinion"), attached in the appendices to this Order and Petition.[1]

To be clear, the Court is not seeking an advisory opinion from the Supreme Court of Puerto Rico. The disposition of this issue will resolve the application of the defense of prescription to a significant number of Defendants in the case before the Court, several of which already have been dismissed based upon prescription, and several more of which have indicated an intent to seek dismissal based upon prescription. Additionally, the resolution of this legal question will impact all future trial sites in this case, including the currently identified bellwether trial sites, as well as all future cases brought by the Commonwealth of Puerto Rico regarding environmental harm to its natural resources.

## I. BACKGROUND OF THE CASE

This case was initially filed in the United States District Court for the District of Puerto Rico, *Case No. 07 Civ. 1505*. The Commonwealth of Puerto Rico and Environmental Quality Board (the "Commonwealth") have brought various claims related to the contamination of *in situ* groundwater and surface waters by MTBE. In its Third Amended Complaint, the Commonwealth alleges:

> [The] potable waters of the Commonwealth, whether surface or ground waters, constitute limited, precious and invaluable public resources that are owned and held in trust for the citizens of the

---

[1] On October 6, 2014, before the Court issued the above-referenced opinion granting the Commonwealth's certification motion, counsel for the Commonwealth submitted a proposed order and petition for certification for the Court's consideration. Counsel represented that for such orders and petitions to be accepted by the Puerto Rico Supreme Court, they require considerable detail and must follow a specific style to meet the requirements of the Rules of the Puerto Rico Supreme Court. Given the Commonwealth's relative expertise, and this Court's lack thereof, in certification orders and petitions to the Puerto Rico Supreme Court, the Court relies substantially on the Commonwealth's drafted proposal for language and form. The Court has edited the Commonwealth's proposed order in a manner consistent with the Court's reasons for granting the Commonwealth's motion as stated in the Court's Certification Opinion.

> Commonwealth and for which the Commonwealth has the authority and responsibility to protect for present and future generations. The Commonwealth brings this suit to recover damages and to protect the citizens of the Commonwealth pursuant to its regulatory and *parens patriae* authority.

The Commonwealth further alleges:

> In addition to seeking damages to fund the identification and treatment of MTBE contaminated waters used for public and private drinking water, the Commonwealth also seeks the costs of restoring MTBE contaminated waters of the Commonwealth to their original pre-discharge condition, and compensation for injuries to the waters of the Commonwealth, including compensation for the lost use, lost value, and lost existence value of such waters. The Commonwealth further seeks an order compelling the Defendants to investigate their contamination, to abate the public nuisance the Defendants have caused with respect to the waters of the Commonwealth, and to prevent further releases from their leaking underground storage tanks, among other relief.

The case was subsequently removed to this Court for consolidated pretrial proceedings in the multi district litigation. *In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation*, MDL No. 1358. On December 3, 2012, the Commonwealth filed its Third Amended Complaint. Thereafter, certain Defendants added in the Third Amended Complaint, *to wit*, Peerless Oil and Chemicals, Inc., Trammo Petroleum, Inc. and Trammo Caribbean, filed motions to dismiss based upon the defense of prescription.

In an Opinion and Order dated July 16, 2013, the Court determined that the then-recent ruling in *Fraguada Bonilla v. Hospital Auxilio Mutuo*, 186 D.P.R. 365 (2012), applied to the instant case and the Commonwealth's claims against Defendants Peerless Oil and Chemicals, Inc., Trammo Petroleum, Inc. and Trammo Caribbean were prescribed by the one-year prescription period provided in article 1868 of the Civil Code, 31 L.P.R.A. § 5298.

Thereafter, additional Defendants moved for dismissal, and in an Opinion and Order dated December 30, 2013, the Court determined that the Commonwealth's claims against

Defendants Vitol, Inc., Vitol SA, and Idemitsu Apollo Corporation were prescribed by the one-year prescription period provided in article 1868 of the Civil Code, 31 L.P.R.A. § 5298.

On May 12, 2014, "Law 53 of May 12, 2014 To amend articles 1830 and 1832 of the Civil Code of 1930, as amended, to clarify and specify the imprescriptibility of the rights and actions of the Commonwealth of Puerto Rico over the public, non-patrimonial, goods of the Commonwealth" was signed into effect. Law 53 provides, in its entirety:

> Article 1. Article 1830 of the Civil Code of 1930, as amended, is hereinafter amended to read as follows:
>
> "Article 1830 – Acquisition of domain and other real rights; extinction of rights and actions.
>
> Domain and other real rights are acquired by prescription in the manner and subject to the conditions determined by law.
>
> Rights and actions, of any kind whatsoever, are also extinguished by prescription in the same manner.
>
> Prescription does not apply to the rights, interests, actions, and claims of the Commonwealth of Puerto Rico relating to the non-patrimonial public goods which the Commonwealth holds and maintains in the name and for the benefit of the People of Puerto Rico."
>
> Article 2. Article 1832 of the Civil Code of 1930, as amended, is hereinafter amended to read as follows:
>
> "Article 1832 – Extinction of rights and actions by prescription.
>
> Rights and actions shall be extinguished by prescription to the prejudice of all persons, including juridical persons, pursuant to the terms prescribed by law.
>
> The rights, interests, actions, and claims of the Commonwealth of Puerto Rico concerning non-patrimonial public goods which the Commonwealth has and maintains in the name and for the benefit of the People of Puerto Rico are not subject to prescription."
>
> Article 3. Entry into Force and Effect.
>
> This law shall come into effect immediately upon approval and shall apply retroactively, including to every active and pending case in courts where there has not been a final, firm, and unappealable judgment.

On July 1, 2014, relying on Law 53, the Commonwealth filed its Motion to Amend this Court's Prior Orders dated July 16, 2013, and December 30, 2013. The Commonwealth argued that Law 53 codified the long-standing principle that prescription does not apply to the Commonwealth's rights and claims concerning non-patrimonial public goods and that Law 53 applies to every case by the Commonwealth involving non-patrimonial public goods, such as groundwater, in which the defense of prescription (i.e., limitations) is asserted against the Commonwealth's claims, including the instant case. Defendants filed their Response in Opposition on July 22, 2014 arguing that Law 53 did not apply to the Commonwealth's claims related to *in situ* groundwater and surface water and, alternatively, that Law 53 was unconstitutional under the separation of powers doctrine under the Constitution of Puerto Rico. The Commonwealth filed its Reply in Support of its Motion on July 31, 2014. The Court held oral argument on the issue prior to the briefing schedule, on June 10, 2014.

On August 29, 2014, the Court issued an Opinion and Order denying the Commonwealth's Motion. The Court found that *in situ* groundwater and surface water of the Commonwealth are not non-patrimonial public goods and therefore the Commonwealth's claims are subject to the one year period of prescription. The Court further found, in the alternative, that application of Law 53 to this case in federal court violated the separation of powers doctrine under the Constitution of Puerto Rico.

At a subsequent October 1, 2014 case management conference, the Commonwealth moved the Court to certify the legal question herein to the Supreme Court of Puerto Rico, pursuant to Rule 25 of the Rules of the Supreme Court of Puerto Rico, P.R. LAWS ANN. tit. 4, app. XXI-A, 25. The Court granted the Commonwealth's motion in its October 23, 2014 Certification Opinion.

## II. CERTIFICATION

It is with the utmost respect for the Supreme Court of Puerto Rico that the Court submits this question:

> **Are the Commonwealth of Puerto Rico's claims concerning contamination to the *in situ* groundwater and surface water of the Commonwealth subject to the defense of prescription?**

The answer to this question is of crucial importance to the present case. For the reasons stated in the Court's October 23, 2014 opinion, attached in the appendices to this Order, the Court believes this question meets the criteria for certification set forth in Rule 25 of the Rules of the Supreme Court of Puerto Rico. The Puerto Rico Supreme Court may answer certified questions from a United States District Court when "matters pertaining to Puerto Rican law are implicated that may determine the outcome thereof, and with regard to which, in the opinion of the petitioning court, there are no clear precedents in the jurisprudence of said court." P.R. LAWS ANN. tit 4 § 24s (f). The Puerto Rico Supreme Court may find that this determination relies solely upon Puerto Rico law and that there is no equivalent federal statute or constitutional provision upon which the court may base its ruling. P.R. LAWS ANN. tit 4A § 25(c). Given how recently Law 53 was enacted, the Court has not identified any clear precedent on this matter of law. P.R. LAWS ANN. tit 4A § 25(j). It is a matter of first impression for both the courts of the Commonwealth and the federal court. The Court believes the prudent course of action is to certify the question to the Supreme Court of Puerto Rico rather than attempting to predict a future ruling of the Supreme Court of Puerto Rico.

## III. CONCLUSION

WHERFORE, the Court will hold in abeyance all matters pertaining to prescription of claims subject to Puerto Rico law until such time as the Supreme Court of Puerto Rico is able to answer the aforementioned certified question. The Clerk of Court shall transmit

this certification to the Clerk of the Puerto Rico Supreme Court pursuant to P.R. LAWS ANN. tit. 4, app. XXI-A, 25 and shall include the relevant pleadings and opinions as appendices.[2]

---

[2]    Opinion and Order of October 23, 2014 (Docket No. 510); Opinion and Order of August 29, 2014 (Docket No. 449); Commonwealth Of Puerto Rico's Reply To Defendants' Opposition To Plaintiffs' Motion To Revise Prior Orders (Docket Nos. 444 & 445); Defendants Memorandum of Law in Support of Defendants' Opposition to Plaintiffs' Motion to Revise Prior Orders (Docket Nos. 436 & 440); Commonwealth Of Puerto Rico's Memorandum Of Points And Authorities In Support Of Motion To Amend Prior Orders (Docket No. 430); Opinion and Order of December 30, 2013 (Docket No. 357); Plaintiffs' Opposition To Motion For Summary Judgment By Defendant Idemitsu Apollo Corporation (Docket No. 341); Defendant Idemitsu Apollo Corporation Memorandum of law in Support of Motion For Summary Judgment (Docket No. 343); Plaintiffs' Opposition To Motion For Summary Judgment By Defendant VITOL, S.A. AND VITOL, INC. (Docket No. 340); Defendant Vitol Memorandum of law in Support of Motion For Summary Judgment (Docket No. 336); Order of August 2, 2013 (Docket No. 322); Opinion and Order of July 16, 2013 (Docket No. 309); Peerless Reply to Opposition to Motion To Dismiss (Docket No. 290); Commonwealth's Opposition to Peerless's Motion To Dismiss (Docket No. 276); Motion to Dismiss Third Amended Complaint by Peerless Oil and Chemicals, Inc. (Docket No. 233); Third Amended Complaint (Docket No. 175).

SO ORDERED:

/s/ Shira A. Scheindlin
Shira A. Scheindlin
U.S.D.J.

Dated:     New York, New York
           October 24, 2014