Scheindlin, S.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/21/14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IN RE METHYL TERTIARY BUTYL
ETHER ("MTBE") PRODUCTS LIABILITY
LITIGATION

This document relates to:

New Jersey Department of
Environmental Protection, et al.
v. Atlantic Richfield Co.,
et al., 08 Civ. 00312

Master File No.
1:00-1898
MDL 1358 (SAS)
M21-88

STIPULATION RELATED TO
SETTLEMENT WITH THE HESS
CORPORATION ONLY

---

SHIRA A. SCHEINDLIN, U.S.D.J.:

WHEREAS Plaintiffs and defendant Hess Corporation ("Hess") entered into a settlement agreement (the "Hess Settlement") that is being submitted to this Court for approval; and

WHEREAS certain non-settling defendants have previously objected to the settlement in this case between defendant CITGO Petroleum Corporation and Plaintiffs; and

WHEREAS the Court denied the motion to approve the settlement between CITGO Petroleum Corporation and Plaintiffs;

THEREFORE, in response to the Court's decision and the previous objections of the non-settling defendants, Plaintiffs stipulate and agree as follows:

1. Plaintiffs agree to reduce any judgment, and if necessary, agree not to seek to collect or to collect in this

litigation, captioned *New Jersey Department of Environmental Protection v. Atlantic Richfield Co.*, MDL 1358, 08 Civ. 00312 (S.D.N.Y.), or in any subsequent judicial, administrative or other action that arises as a result of the claims asserted in this litigation, any portion of any judgment under the New Jersey Spill Compensation and Control Act, N.J.S.A. 58:10-23.11 to -23.24 ("Spill Act"), that is allocated by the fact finder in this action to Hess based on its percentage of relative fault. Plaintiffs further agree that in any trial of this action, the trier of fact shall determine Hess' percentage of relative fault for Spill Act claims in the same manner and in the same form of trial verdict as for common law claims and as for all other defendants, as if Hess had remained a non-settling defendant.

2. Except as provided in paragraph 1 above, this Stipulation is strictly limited to the Hess Settlement in this litigation and in no other way limits or reduces the liability of any responsible party.

3. This Stipulation is expressly contingent and effective only upon the approval by the Court of the Hess Settlement.

COHN LIFLAND PEARLMAN
HERRMANN & KNOPF LLP

Special Counsel to the

JOHN J. HOFFMAN
ACTING ATTORNEY GENERAL
OF NEW JERSEY

Attorney General

BY: _____
Leonard Z. Kaufmann,
A Member of the Firm
DATE:

BY: _____
Gwen Farley,
Deputy Attorney General
DATE:

**SO ORDERED:**

_____
U.S.D.J.

11/20/14