UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/21/14

---

IN RE METHYL TERTIARY BUTYL  :
ETHER ("MTBE") PRODUCTS LIABILITY
LITIGATION                   :     Master File No.
                                   1:00-1898
This document relates to:    :     MDL 1358 (SAS)
                                   M21-88
New Jersey Department of     :
Environmental Protection, et al.
v. Atlantic Richfield Co.,   :     STIPULATION RELATED TO
et al., 08 Civ. 00312              SETTLEMENT WITH THE
                                   PREMCOR REFINING GROUP,
                                   INC., VALERO ENERGY
                                   CORPORATION, VALERO
                                   MARKETING AND SUPPLY
                                   COMPANY, VALERO REFINING
                                   COMPANY-NEW JERSEY,
                                   VALERO REFINING AND
                                   MARKETING COMPANY,
                                   ULTRAMAR ENERGY INC., AND
                                   ULTRAMAR LTD. ONLY
                             :

---

SHIRA A. SCHEINDLIN, U.S.D.J.:

WHEREAS Plaintiffs and defendants The Premcor Refining Group, Inc., Valero Energy Corporation, Valero Marketing And Supply Company, Valero Refining Company-New Jersey, Valero Refining And Marketing Company, Ultramar Energy Inc., And Ultramar Ltd. ("Valero") entered into a settlement agreement (the "Valero Settlement") that is being submitted to this Court for approval; and

WHEREAS certain non-settling defendants have previously objected to the settlement in this case between defendant CITGO Petroleum Corporation and Plaintiffs; and

WHEREAS the Court denied the motion to approve the settlement between CITGO Petroleum Corporation and Plaintiffs;

THEREFORE, in response to the Court's decision and the previous objections of the non-settling defendants, Plaintiffs stipulate and agree as follows:

1. Plaintiffs agree to reduce any judgment, and if necessary, agree not to seek to collect or to collect in this litigation, captioned *New Jersey Department of Environmental Protection v. Atlantic Richfield Co.*, MDL 1358, 08 Civ. 00312 (S.D.N.Y.), or in any subsequent judicial, administrative or other action that arises as a result of the claims asserted in this litigation, any portion of any judgment under the New Jersey Spill Compensation and Control Act, N.J.S.A. 58:10-23.11 to -23.24 ("Spill Act"), that is allocated by the fact finder in this action to Valero based on its percentage of relative fault. Plaintiffs further agree that in any trial of this action, the trier of fact shall determine Valero's percentage of relative fault for Spill Act claims in the same manner and in the same form of trial verdict as for common law claims and as for all other defendants, as if Valero had remained a non-settling defendant.

2. Except as provided in paragraph 1 above, this Stipulation is strictly limited to the Valero Settlement in this litigation and in no other way limits or reduces the liability of any responsible party.

3. This Stipulation is expressly contingent and effective only upon the approval by the Court of the Valero Settlement.

| | |
|---|---|
| COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP | JOHN J. HOFFMAN ACTING ATTORNEY GENERAL OF NEW JERSEY |
| Special Counsel to the Attorney General | |
| BY: _____ Leonard Z. Kaufmann, A Member of the Firm DATE: | BY: _____ Gwen Farley, Deputy Attorney General DATE: |

**SO ORDERED:**

_____
U.S.D.J.

11/20/14