USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/21/14

|  |  |  |
|---|---|---|
| NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION; THE COMMISSIONER OF THE NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION; and THE ADMINISTRATOR OF THE NEW JERSEY SPILL COMPENSATION FUND, | : : : : : : | UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK IN RE MTBE LITIGATION MASTER FILE No. 1:00-1898 MDL No. 1358 (SAS) |
| Plaintiffs, | : | Civil Action No. 08 Civ. 00312 |
| v. | : | JUDICIAL CONSENT ORDER AS TO THE PREMCOR REFINING GROUP INC., VALERO ENERGY CORPORATION, VALERO MARKETING AND SUPPLY COMPANY, VALERO REFINING COMPANY-NEW JERSEY, VALERO REFINING AND MARKETING COMPANY, ULTRAMAR ENERGY INC., AND ULTRAMAR LTD. ONLY |
| ATLANTIC RICHFIELD CO., et al., | : | |
| Defendants. | : : | |

This matter was opened to the Court by the Acting Attorney General of New Jersey, John J. Hoffman, Deputy Attorney General Gwen Farley appearing, and Leonard Z. Kaufmann, Esq. of Cohn Lifland Pearlman Herrmann & Knopf LLP, and Scott E. Kauff, Esq. of the Law Offices of John K. Dema, P.C., and Michael Axline, Esq. of Miller Axline & Sawyer, and Tyler Wren, Esq. of Berger & Montague P.C., Special Counsel to the Attorney General, appearing, as attorneys for plaintiffs New Jersey Department of Environmental Protection ("DEP" or "Department") and the Commissioner of the New Jersey Department of Environmental Protection ("Commissioner"), in their named capacity, as parens patriae, and as trustee of the

1

natural resources of New Jersey, and the Administrator of the New
Jersey Spill Compensation Fund ("Administrator"), and James F.
Bennett of Dowd Bennett LLP appearing as attorneys for defendants
The Premcor Refining Group Inc., Valero Energy Corporation, Valero
Marketing and Supply Company, Valero Refining Company-New Jersey,
Valero Refining and Marketing Company, Ultramar Energy Inc., and
Ultramar Ltd. ("Valero Defendants"); and these <u>Parties</u> having
amicably resolved their dispute before trial:

## I.   BACKGROUND

A.       The Plaintiffs initiated this action on or around June
28, 2007 by filing a complaint against Valero Defendants and other
defendants in the Superior Court of the State of New Jersey, Mercer
County, Docket MER-L-1622-07, pursuant to the Spill Compensation
and Control Act, N.J.S.A. 58:10-23.11 to -23.24 ("the Spill Act"),
the Water Pollution Control Act, N.J.S.A. 58:10A-1 to -20, and the
common law. The matter was removed to the United States District
Court for the District of New Jersey, and later assigned to the
multi-district litigation in the United States District Court for
the Southern District of New York, MDL No. 1358 (SAS) ("Multi-
District Litigation").

B.       The Plaintiffs filed amended complaints; the latest was
the Fourth Amended Complaint, filed June 19, 2012 (the
"Complaint").

2

C.      Plaintiffs, in their Complaint, seek past and future damages they have incurred and will incur as a result of alleged widespread contamination of the waters of New Jersey by MTBE.

D.      Plaintiffs, in their Complaint, seek past and future costs they have incurred and will incur as a result of alleged widespread contamination of the waters of New Jersey by MTBE.

E.      Plaintiffs, in their Complaint, seek injunctive relief concerning the remediation of MTBE discharges.

F.      The Premcor Refining Group Inc. is a Delaware corporation with its principal place of business at One Valero Way, San Antonio, Texas 78269.

G.      Valero Energy Corporation is a Delaware corporation with its principal place of business at One Valero Way, San Antonio, Texas 78269.

H.      Valero Marketing and Supply Company is a Delaware corporation with its principal place of business at One Valero Way, San Antonio, Texas 78269.

I.      Valero Refining Company-New Jersey is a Delaware corporation with its principal place of business at One Valero Way, San Antonio, Texas 78269.

J.      Valero Refining and Marketing Company is a Delaware corporation with its principal place of business at One Valero Way, San Antonio, Texas 78269.

K.      Ultramar Energy Inc. is a Delaware corporation with its principal place of business at One Valero Way, San Antonio, Texas. 78269.

L.      Ultramar Ltd. is a Canadian corporation with its principal place of business at 2200 McGill College Avenue, Montreal, QC, H3A 0G7, Canada.

M.      Valero Defendants filed responsive pleadings in which they denied liability and asserted various defenses to the allegations contained in the Complaint.

N.      The Parties to this Judicial Consent Order ("JCO") recognize, and this Court by entering this JCO finds, that the Parties to this JCO have negotiated this JCO in good faith; that the implementation of this JCO will allow the Parties to this JCO to avoid continued, prolonged, and complicated litigation; and that this JCO is fair, reasonable, and in the public interest.

       **THEREFORE**, with the consent of the Parties to this JCO, it is hereby **ORDERED and ADJUDGED**:

## II.   JURISDICTION

1.      This case was removed to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1446(d) and the Energy Policy Act of 2005, 42 U.S.C. § 7545, et seq., which expressly authorized the removal of legal actions related to

allegations involving MTBE contamination, and then assigned to the United States District Court for the Southern District of New York as part of the Multi-District Litigation.

2.      For purposes of approving and implementing this JCO, the Parties to this JCO waive all objections and defenses they may have to the jurisdiction of this Court over the Parties and this JCO.  The Parties shall not challenge the jurisdiction of the United States District Court for the Southern District of New York to enforce this JCO against the parties to this JCO.

## III.  PARTIES BOUND

3.      This JCO applies to, and is binding upon, the Plaintiffs and the named Settling Defendants, as defined below (each, a "Party" and collectively, the "Parties").

## IV.  DEFINITIONS

4.      Unless otherwise expressly provided, terms used in this JCO that are defined in the Spill Act or in the regulations promulgated under the Spill Act, shall have their statutory or regulatory meaning.  Whenever the terms listed below are used in this JCO, the following definitions shall apply:

"Damages" shall mean all damages caused by discharges of MTBE prior to the effective date of this JCO, whether or not known or suspected to exist by Plaintiffs, that threaten or affect waters of New Jersey, including but not limited to natural resource

5

damages, sought in the Complaint. "Damages" do not include Settling Defendants' obligation to perform remediation in compliance with all applicable statutes, regulations and orders, except for those matters expressly released or for which a covenant not to sue was granted in Paragraph 6(b) below. Damages also do not include Past Cleanup and Removal Costs or Future Cleanup and Removal Costs.

"Day" shall mean a calendar day unless expressly stated to be a working day. "Working Day" shall mean a day other than a Saturday, Sunday, or State holiday. In computing time under this JCO, where the last day would fall on a Saturday, Sunday, or State holiday, time shall run until the close of business of the next Working Day.

"Future Cleanup and Removal Costs" shall mean all direct and indirect costs of any kind for any purpose the Plaintiffs incur on or after the effective date of this JCO, including oversight costs, with respect to MTBE that threatens or affects the waters of New Jersey for which Valero Defendants are responsible under any applicable federal or state statute, regulation or order.

"MTBE" shall mean methyl tertiary butyl ether, neat or as a part of gasoline or as a contaminant of other fuel, and the degradation byproducts of commercial grade MTBE, including tertiary butyl alcohol ("TBA"). In addition, MTBE shall include TBA when TBA is present in MTBE gasoline.

"Paragraph" shall mean a portion of this JCO identified by an Arabic numeral or an upper case letter.

"Past Cleanup and Removal Costs" shall mean all direct and indirect costs of any kind for any purpose the Plaintiffs incurred before the effective date of this JCO, including oversight costs, with respect to MTBE that threatens or affects the waters of New Jersey.

"Plaintiffs" shall mean plaintiffs DEP, the Commissioner, and the Administrator, including in their capacities as described in paragraphs 14 to 18 of the Complaint, and any successor department, agency or official.

"Section" shall mean a portion of this JCO identified by a roman numeral.

"Settling Defendants" shall mean those defendants listed in the attached "Exhibit A," and includes their parent companies, subsidiary companies, corporate affiliates, successors, past and present officers, directors, and employees (each, a "Related Entity"), but only to the extent that the alleged liability of any Related Entity is based on its status and in its capacity as a Related Entity, and not to the extent that the alleged liability of the Related Entity with respect to MTBE contamination arose independently of its status and capacity as a Related Entity of those defendants listed in the attached "Exhibit A." For the avoidance of doubt, Occidental Chemical Corporation (as the

7

successor by merger with Diamond Shamrock Chemical Corporation (f/k/a Diamond Shamrock Corporation (DSC-1))) and Maxus Energy Corporation (f/k/a Diamond Shamrock Corporation (DSC-2)), together with their Related Entities, are not Settling Defendants or in any way released by or beneficiaries of this Settlement Agreement.

## V.   SETTLING DEFENDANTS' COMMITMENTS

5.   (a) Within fourteen (14) Days after the effective date of this JCO, Valero Defendants shall pay the Plaintiffs Seventeen Million and Five Hundred Thousand Dollars ($17,500,000.00) in full and complete satisfaction of Plaintiffs' claims that are released or for which a covenant not to sue is provided in Section VI of the JCO.

(b) Valero Defendants shall pay the amount specified in Paragraph 5(a) above by certified check made payable to "Treasurer, State of New Jersey," or by wire transfer pursuant to instructions provided by Plaintiffs.  Valero Defendants shall mail or otherwise deliver the payment and any payment invoice if previously received from Plaintiffs to:

Chief,

Office of Natural Resource Restoration

Natural and Historic Resources Program

8

New Jersey Department of Environmental Protection

Mail Code 501-01

P.O. Box 420

Trenton, New Jersey 08625-0420;

with a photocopy thereof to:

Section Chief,

Cost Recovery and Natural Resource Damages Section,

Division of Law,

Department of Law and Public Safety,

Richard J. Hughes Justice Complex,

25 Market Street,

P.O. Box 093,

Trenton, New Jersey 08625-0093.

## VI.   PLAINTIFFS' COVENANTS AND RELEASES

6.    (a)    In consideration of, and upon receipt of, the payment required in Section V above, and except as otherwise provided in Section VII below, the Plaintiffs fully and forever release, covenant not to sue, and agree not to otherwise take judicial, administrative, or other action against the Settling Defendants pursuant to Sections 106 or 107(a) of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9606 and § 9607(a), Section 58:10-23.11f of the Spill Act, or any other statute or regulation for recovery of Damages,

9

Past Cleanup and Removal Costs, or injunctive relief, including attorneys' fees, consultants' and experts' fees, and other litigation costs sought in the Complaint.

(b)   Notwithstanding any other provision of this JCO, in consideration of, and upon receipt of, the payment required in Section V above, the Plaintiffs fully and forever release, covenant not to sue, or to otherwise take judicial, administrative, or other action against the Settling Defendants for all causes of action based upon Settling Defendants' liability to Plaintiffs under the common law or theories of products liability with respect to MTBE discharges that threaten or affect the waters of New Jersey, or based solely upon Settling Defendants' liability (to the extent such liability exists) under any applicable federal or state statute, regulation or order, premised upon Settling Defendants' manufacture, sale and/or branding, prior to the effective date of the JCO, of gasoline with MTBE in New Jersey.

7.   The covenants and releases contained in this Section VI shall take effect upon the Plaintiffs receiving the payment that Settling Defendants are required to make pursuant to Section V above, in full, and in compliance with the terms of this JCO.

8.   The covenants and releases contained in this Section VI extend only to Settling Defendants and not to any other defendant, party, person, or entity.

10

9.   The covenants and releases contained in this Section VI do not pertain to any matters other than those expressly stated.

## VII.   PLAINTIFFS' RESERVATIONS

10.  Except as set forth in Section VI, nothing in this JCO precludes Plaintiffs from taking judicial, administrative, or other action against the Settling Defendants to require Settling Defendants to perform remediation in compliance with all applicable statutes, regulations, and orders.   The Settling Defendants agree that all investigation and remediation of hazardous substances they perform under State oversight (as opposed to federal oversight) will be performed pursuant to the Site Remediation Reform Act, N.J.S.A. 58:10C-1 et seq., and the accompanying regulations and guidance notwithstanding N.J.S.A. 58:10C-27(e).   With regard to the foregoing, Settling Defendants represent that they do not, as of the effective date of this JCO, utilize MTBE as an additive to gasoline knowingly distributed by Settling Defendants for use by New Jersey consumers.

11.  The Plaintiffs reserve, and this JCO is without prejudice to, all rights against the Settling Defendants except those expressly released or for which there is a covenant not to sue in Section VI.   This reservation of rights includes, but is not limited to, the following:

a. claims based on a Settling Defendant's failure to satisfy any term or provision of this JCO;

11

b. liability arising from the Settling Defendants being in any way responsible for a hazardous substance other than MTBE that is discharged into the waters of New Jersey. Settling Defendants shall not be entitled to an offset or reduction in such liability or damages where hazardous substances other than MTBE are the basis for such liability or damages, except as provided by Paragraph 6(b);

c. liability for Future Cleanup and Removal Costs;

d. liability for all claims paid in the past or in the future by the Spill Fund concerning the discharge of MTBE threatening or affecting the waters of New Jersey for which a Settling Defendant is responsible under the statutes of New Jersey, except as provided by Paragraph 6(b);

e. criminal liability; and

f. liability for any violation by a Settling Defendant of federal or state law that occurs after the effective date of this JCO.

## VIII.   SETTLING DEFENDANTS' COVENANT

12.  The Settling Defendants covenant not to sue or assert any claim or cause of action against Plaintiffs, concerning the matters

12

addressed in the Complaint and this JCO, with the exception of the enforcement of the terms of this JCO.

13. The Settling Defendants' covenant in Paragraph 12 above does not apply where the Plaintiffs sue or take judicial, administrative, criminal or other action against the Settling Defendants pursuant to Section VII above.

## IX.  NO FINDINGS OR ADMISSIONS OF LIABILITY

14. Nothing contained in this JCO shall be considered an admission by the Settling Defendants, or a finding by the Plaintiffs or this Court, of any wrongdoing or liability on the Settling Defendants' part.

## X.  EFFECT OF SETTLEMENT AND CONTRIBUTION PROTECTION

15. Nothing in this JCO shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this JCO. The preceding sentence shall not be construed to waive or nullify any rights that any person not a signatory to this JCO may have under applicable law.

16. Settling Defendants expressly reserve all rights, including, but not limited to, any right to indemnification and contribution, defenses, claims, demands, and causes of action that the Settling Defendants may have concerning any matter, transaction, or occurrence, whether or not arising out of the subject matter of the Complaint, against any person not a Party to this JCO.

17.  When entered, this JCO shall constitute a judicially approved settlement within the meaning of N.J.S.A. 58:10-23.11f.a.(2)(b) and 42 U.S.C. § 9613(f)(2) and will resolve the liability of the Settling Defendants to the Plaintiffs for the purpose of providing contribution protection to the Settling Defendants from contribution actions under CERCLA, the Spill Act, the Joint Tortfeasors Contribution Law, N.J.S.A. 2A:53A-1 et seq., the Comparative Negligence Act, N.J.S.A. 2A:15-5.1 to -5.8 or any other statute, regulation or common law principle related to the causes of action pleaded in the Complaint or matters addressed in this JCO. The Parties agree, and by entering this JCO this Court finds, the Settling Defendants are entitled, upon fully satisfying their payment obligation under this JCO, to protection from contribution actions pursuant to Sections 113(f)(2) of CERCLA, 42 U.S.C. §§ 9613(f)(2), the Spill Act N.J.S.A. 58:10-23.11f.a.(2)(b) and any other statute, regulation, or common law principle that provides contribution rights against the Settling Defendants with regard to the subject matter of the Complaint or matters addressed in this JCO.

18.  In accordance with N.J.S.A. 58:10-23.11e2 the Plaintiffs published a copy of the draft JCO on Plaintiffs' website, published notice of this JCO in the New Jersey Register, and arranged for notice, as described in the following paragraph, to other parties

in this case and to the other potentially responsible parties. Such notice included the following information:

a.    the caption of this case;

b.    the name of the Settling Defendants;

c.    a summary of the terms of this JCO; and

d.    that a copy of the draft JCO is available on the Plaintiffs' website.

19.  In fulfillment of N.J.S.A. 58:10-23.11e2 the Parties have provided written notice of this JCO to all other parties in the case and to other potentially responsible parties by:

a. Settling Defendants sending a letter to liaison defense counsel and serving a copy of such letter on counsel of record in the above captioned litigation via LexisNexis File and Serve; and

b. Settling Defendants publishing notice in the following newspapers:

i. Asbury Park Press;

ii. Atlantic City Press;

iii. Bergen Record;

iv. Burlington County Times;

v. New Jersey Herald;

vi. South Jersey Times; and

vii. Star Ledger; and

15

c. Plaintiffs distributing a copy of the New Jersey Register Notice via the Site Remediation Program's listserv which the public can access at http://nj.gov/dep/srp.

This notice is deemed compliant with the notice requirement of N.J.S.A. 58:10-23.11e2.

20. The Plaintiffs will submit this JCO to the Court for entry pursuant to Paragraph 34 below unless, as a result of the notice of this JCO pursuant to Paragraphs 18 and 19 above, the Plaintiffs receive information that discloses facts or considerations that indicate to Plaintiffs, in their sole discretion, that the JCO is inappropriate, improper, or inadequate.

21. In any subsequent administrative or judicial proceeding initiated by the Plaintiffs relating to matters not addressed in this JCO, the Settling Defendants shall not assert, and may not maintain, any defense or claim based upon the principles of the entire controversy doctrine; provided, however, that nothing in this Paragraph affects the enforceability of this JCO.

## XI.  GENERAL PROVISIONS

22. Nothing in this JCO shall be deemed to constitute preauthorization of a claim against the Spill Fund within the meaning of N.J.S.A. 58:10-23.11k. or N.J.A.C. 7:1J.

23. The Plaintiffs enter into this JCO pursuant to the police powers of the State of New Jersey for the enforcement of the laws

16

of the State and the protection of the public health and safety and the environment.   All obligations imposed upon the Settling Defendants by this JCO are continuing regulatory obligations pursuant to the police powers of the State of New Jersey.

24.   No payment owed or made pursuant to this JCO is intended to constitute a debt, damage claim, penalty, or other claim that may be limited or discharged in a bankruptcy proceeding.

25.   This JCO shall be governed and interpreted under the laws of the State of New Jersey.

26.   If any provision of this JCO or the application thereof to any person or circumstance, to any extent, is held to be invalid or unenforceable, the remainder of this JCO or the application of such provision to persons or circumstances other than those as to which it is held invalid or unenforceable, shall not be affected thereby and each provision of this JCO shall be valid and enforced to the fullest extent permitted by law.


## XII.   EFFECTIVE DATE

27.   The effective date of this JCO shall be the date upon which this JCO is entered by the Court.


## XIII.   RETENTION OF JURISDICTION

28.   This Court retains jurisdiction over both the subject matter of this JCO and the Parties for the duration of the performance of

17

the terms and provisions of this JCO for the purpose of enabling any of the Parties to apply to the Court at any time for such further order, direction, and relief as may be necessary or appropriate for the construction or modification of this JCO, or to effectuate or enforce compliance with its terms.

## XIV.   COOPERATION AND DOCUMENT RETENTION

29.  The Settling Defendants agree to make current employees available to testify at or prior to trial without the need to serve subpoenas, so long as such employees are only asked to appear where they would otherwise be subject to a proper subpoena and Plaintiffs pay the costs of such employees' travel for the purpose of providing testimony.  With respect to former employees, Settling Defendants agree to facilitate the appearance of such witnesses to testify at or prior to trial, so long as such former employees are only asked to appear where they would otherwise be subject to a proper subpoena, Plaintiffs pay the costs of such former employees' travel for the purpose of providing testimony, and the former employee consents to appear. The Settling Defendants will provide to Plaintiffs last known addresses of former employees that are not willing to voluntarily testify.

30.  The Settling Defendants shall comply with the provisions of the March 15, 2005 Order for Preservation of Documents.

## XV.   MODIFICATION

31.  This JCO may only be modified by written agreement between the Parties with approval by the Court and represents the entire integrated agreement between the Plaintiffs and the Settling Defendants, and supersedes all prior negotiations, representations or agreements, either written or oral.

32.  Nothing in this JCO shall be deemed to alter the Court's power to enforce, supervise, or approve modifications to this JCO.

## XVI.   ENTRY OF THIS JCO

33.  The Settling Defendants consent to the entry of this JCO without further notice after the comment period specified in Paragraphs 18 and 19 above.

34.  Upon conclusion of the Plaintiffs' review of any public comment(s) received as a result of the notice described in Paragraphs 18 and 19 above, the Plaintiffs shall promptly submit this JCO to the Court for entry.

35.  If for any reason the Court should decline to approve this JCO in the form presented, this agreement is voidable at the sole discretion of any Party and the terms of the agreement may not be used as evidence in any litigation among the Parties or third parties.

36.  Within thirty days of the Plaintiffs' receipt of payment as set forth in Section V above, Plaintiffs shall request that the

Court dismiss this Complaint as to The Premcor Refining Group Inc., Valero Energy Corporation, Valero Marketing and Supply Company, Valero Refining Company-New Jersey, Valero Refining and Marketing Company, Ultramar Energy Inc., and Ultramar Ltd. with prejudice pursuant to Fed. R. Civ. P. 41(a)(2).

## XVII.  SIGNATORIES/SERVICE

37.  Each undersigned representative of Plaintiffs and Settling Defendants to this JCO certifies that he or she is authorized to enter into the terms and conditions of this JCO, and to execute and legally bind such Party to this JCO.

38.  This JCO may be signed and dated in any number of counterparts, each of which shall be an original, and such counterparts shall together be one and the same JCO.

39.  Settling Defendants identify in this paragraph an agent who is authorized to accept service of process by mail on their behalf with respect to all matters arising under or relating to this JCO. Settling Defendants agree to accept service in this manner, and to waive the formal service requirements set forth in the New Jersey Rules of Court or Federal Rules of Civil Procedure, including service of a summons.

For Settling Defendants:

Office of the General Counsel
Valero Energy Corporation

20

One Valero Way
San Antonio, Texas 78269

40.   The Parties to this JCO agree that it was negotiated fairly between them at arms' length and that the final terms of this JCO shall be deemed to have been jointly and equally drafted by them, and that the provisions of this JCO therefore should not be construed against a Party to it on the grounds that the Party drafted or was more responsible for drafting the provision(s).

**SO ORDERED** this ___ day of ____ , 2014.

_____
Shira A. Scheindlin,
U.S.D.J.

NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION CONSENTS TO THE FORM AND ENTRY OF THIS ORDER

By: _____
    Anthony J. Farro, Director
    Publicly Funded Site Remediation
    Site Remediation Program

Dated: _____

By: _____
    Rich Boornazian, Assistant
    Commissioner
    Natural & Historic Resources

Dated: ___10/21/14___

NEW JERSEY SPILL COMPENSATION FUND CONSENTS TO THE FORM AND ENTRY
OF THIS ORDER

By: _____

    Anthony J. Farro, Administrator
    New Jersey Spill Compensation Fund

Dated: _____

    John J. Hoffman,
    Acting Attorney General of New
    Jersey
    Attorney for Plaintiffs

By: _____

    Gwen Farley
    Deputy Attorney General

Dated: 10/14/14 _____

22

THE PREMCOR REFINING GROUP INC. CONSENTS TO THE FORM AND ENTRY
OF THIS ORDER

By: _____
Jay D. Browning
Executive Vice
President and General Counsel

Dated: 10-16-2014

VALERO ENERGY CORPORATION CONSENTS TO THE FORM AND ENTRY OF THIS
ORDER

By: _____
Jay D. Browning
Executive Vice
President and General Counsel

Dated: 10-16-2014

VALERO MARKETING AND SUPPLY COMPANY CONSENTS TO THE FORM AND
ENTRY OF THIS ORDER

By: _____
Jay D. Browning
Executive Vice
President and General Counsel

Dated: 10-16-2014

23

PAULSBORO REFINING COMPANY LLC F/K/A VALERO REFINING
COMPANY-NEW JERSEY CONSENTS TO THE FORM AND ENTRY OF THIS
ORDER

By: _____

Name: ARTHUR G. WARDEN, II

Title: ASSISTANT SECRETARY

Dated: 10/16/14 _____

VALERO REFINING AND MARKETING COMPANY CONSENTS TO THE FORM AND
ENTRY OF THIS ORDER

By: _____

Jay D. Browning
Executive Vice
President and General Counsel

Dated: 10-16-2014 _____

ULTRAMAR ENERGY INC. CONSENTS TO THE FORM AND ENTRY OF THIS
ORDER

By: _____

Jay D. Browning
Executive Vice
President and General Counsel

Dated: 10-16-2014 _____

VALERO ENERGY INC. F/K/A ULTRAMAR LTD. CONSENTS TO THE FORM AND
ENTRY OF THIS ORDER

By: _____

Name: _____

Title: _____

Dated: 10-16-2014 _____

24

PAULSBORO REFINING COMPANY LLC F/K/A VALERO REFINING
COMPANY-NEW JERSEY CONSENTS TO THE FORM AND ENTRY OF THIS
ORDER

By: _____
Name: _____
Title: _____

Dated: _____

VALERO REFINING AND MARKETING COMPANY CONSENTS TO THE FORM AND
ENTRY OF THIS ORDER

By: _____
Jay D. Browning
Executive Vice
President and General Counsel

Dated: 10-16-2014

ULTRAMAR ENERGY INC. CONSENTS TO THE FORM AND ENTRY OF THIS
ORDER

By: _____
Jay D. Browning
Executive Vice
President and General Counsel

Dated: 10-16-2014

VALERO ENERGY INC. F/K/A ULTRAMAR LTD. CONSENTS TO THE FORM AND
ENTRY OF THIS ORDER

By: _____
Name: Michael S. Ciskowski
Title: Executive Vice President and
Chief Financial Officer

Dated: 10-16-2014

Dated: _10/16/14_

Paulsboro Refining Company, LLC
f/k/a Valero Refining Company-New Jersey

By: _____
Signature of Authorized Official

ARTHUR G. WARDEN, II
Printed Name

ASSISTANT SECRETARY
Title

EXHIBIT A

EXHIBIT A

☐ Colorado Refining Company

☐ Diamond Shamrock Refining Company, L.P.

☐ Premcor USA Inc.

☐ Valero Refining and Marketing Company

☐ The Premcor Refining Group Inc. (f/k/a Clark Refining & Marketing, Inc.; Clark Oil &
Refining Corporation; and AOC Acquisition Corporation)

☐ Ultramar Energy Inc.

☐ Ultramar Inc. (successor in interest to Beacon Oil Company; and Caminol Company f/k/a
The Caminol Company, Ltd.)

☐ Valero Energy Inc. (f/k/a Ultramar Ltd.)

☐ The Premcor Pipeline Co.

☐ Valero Refining-Texas, L.P.  (f/k/a  Valero Refining Company-Texas (also named as
Valero Refining Company Texas); and as successor in interest to Basis Petroleum, Inc.,
Valero Refining Company (f/k/a Saber Crude Oil, Inc.; and Saber Refining Company),
and Corpus Christi Marine Services Company)

☐ Valero Energy Corporation (f/k/a Valero Refining and Marketing Company; and as
successor-in-interest to Premcor Inc., Ultramar Diamond Shamrock Corporation, and
Diamond Shamrock, Inc. (f/k/a Diamond Shamrock R & M, Inc.))

☐ Valero Energy Ltd.

☐ Valero Marketing and Supply Company

☐ Valero MKS Logistics, L.L.C.

☐ Valero Refining Company-California

☐ Valero Refining Company-Louisiana

☐ Valero Refining Company-New Jersey (n/k/a Paulsboro Refining Company, LLC)

☐ Valero Refining Company-Oklahoma

☐ Valero Refining Company-Tennessee, L.L.C.

#4396408

☐   Valero Refining-Meraux LLC

☐   Valero Refining-New Orleans, L.L.C.

☐   Valero Terminaling and Distribution Company

#4396408