UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE: METHYL TERTIARY BUTYL ETHER ("MTBE") PRODUCTS LIABILITY LITIGATION | : : : : : : | Master File No. 1:00-1898 MDL    1358 (SAS) M21-88 |
| | : | Civil Action |
| This document relates to: *Commonwealth of Puerto Rico, et al.* *v.* *Shell Oil Co., et al.,* *Case No. 07-CIV-10470 (SAS)* | : : : : : : : : | |

**DECLARATION OF DUANE MILLER IN SUPPORT OF OPPOSITION TO EXXON MOBIL CORPORATION'S MOTION TO STRIKE PLAINTIFF'S EVIDENCE IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT FOR LACK OF CAUSATION**

Pursuant to 28 U.S.C. § 1746, DUANE MILLER hereby declares:

1.       I am one of the attorneys in this case for plaintiff Commonwealth of Puerto Rico through the Environmental Quality Board ("Plaintiff"). I submit this Declaration in support of Plaintiff's Opposition to Exxon Mobil Corporation's Motion to Strike Plaintiff's Evidence in Opposition to Defendants' Motion for Summary Judgment for Lack of Causation. The facts stated in this Declaration are within my personal knowledge based on my representation of Plaintiff in this matter.

2.       This Declaration authenticates the attached exhibits, which are referenced in Plaintiff's Opposition to Exxon Mobil Corporation's Motion to Strike Plaintiff's Evidence in Opposition to Defendants' Motion for Summary Judgment for Lack of Causation. In accordance with this Court's Individual Rules and Procedures, only the relevant pages of each exhibit are attached. A complete copy of these exhibits will be provided upon request.

3.      Attached as Exhibit 1 is a true and correct copy of Plaintiff's Second Set of Document Requests, Request No. 32, served on July 8, 2011.

4.      Attached as Exhibit 2 is a true and correct copy of Esso's Supplemental Objections and Responses to Plaintiffs' Fourth Set of Interrogatories and Request for Production of Documents, with Esso's response to Request No. 3 dated March 26, 2013.

5.      Attached as Exhibit 3 is a true and correct copy of a portion of Esso's Second Amended Exhibit A served October 21, 2013, in response to Plaintiffs' Fourth Set of Interrogatories.  The spreadsheet/compilation commences in 1993.

6.      Attached as Exhibit 4 is a true and correct copy of a document entitled "SALES/PURCHASE CONTRACT," dated November 1, 1982, signed by Exxon on February 17, 1983 [bates range at XOM-PR-FILES-SUPP-714997 through 715001].  The document was produced by Esso.  The producing attorney, Carlos Bollar, of Archer & Greiner, is counsel for both Esso and Exxon.  The contract references another exchange agreement dated February 8, 1982. This exchange agreement has never been produced to plaintiff by any defendant.

7.      Attached as Exhibit 5 is a true and correct copy of relevant portions of the deposition transcript of Hector Antonio Marin-Diaz taken August 22, 2013, and Exhibit 42 thereto, a September 25, 2000, email.

8.      Attached as Exhibit 6 is a true and correct copy of relevant portions of the deposition transcript of Paul Goldberg taken October 22, 2013, and portions of Exhibit 21 thereto.  I attended this deposition, defended by attorney William Stack.

9.      Attached as Exhibit 7 is a true and correct copy of relevant portions of the deposition transcript of Arturo Hernandez taken on December 13, 2013.  Mr. Hernandez was unprepared, answering "I don't remember" dozens of times.  Attorney for the 30(b)(6) designee,

Mr. Bollar, objected numerous times to my questions regarding on-island supply despite my reminding him that his colleague, Mr. Stack, agreed that Mr. Hernandez would cover this topic.

10.     Attached as Exhibit 8 is a true and correct copy of relevant portions of Plaintiff's Supplemental Responses to Defendants' First Set of Contention Interrogatories and Requests for Production of Documents dated March 14, 2014.

11.     Attached as Exhibit 9 is a true and correct copy of the April 14, 2014, Esso's Amended Expert Report.

12.     Attached as Exhibit 10 is a true and correct copy of August 1, 2014, correspondence from plaintiff's counsel to counsel for Exxon/Esso.    Neither Exxon nor Esso provided any additional exchange information in response to this letter.

13.     Attached as Exhibit 11 is a true and correct copy of the reliance materials of Exxon and Esso's experts Pearson Watson Millican & Company.  The bates range specified in the reliance materials "XOM-PR-FILES-SUPP-714992 through XOM-PR-FILES-SUPP-715019" includes the "SALES/PURCHASE CONTRACT" that is Exhibit 4 [XOM-PR-FILES-SUPP-714997 through XOM-PR-FILES-SUPP-715001].

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed this 12th day of December, 2014, at Sacramento, California.

DUANE C. MILLER
MILLER & AXLINE, P.C.
1050 Fulton Ave., Ste. 100
Sacramento, CA 95825
(916) 488-6688
Counsel for the Commonwealth

3

# EXHIBIT 1



Jul 8 2011 2:53PM

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| In re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation | Master File No. 1:00–1898 MDL 1358 (SAS) M21-88 |

---

This Document Relates To:

*Commonwealth of Puerto Rico, et al. v. Shell Oil Co., et al.*
No. 07 Civ. 10470 (SAS)

**PLAINTIFF COMMONWEALTH OF PUERTO RICO'S SECOND SET OF DOCUMENT REQUESTS TO DEFENDANTS**

---

Pursuant to the Federal Rules of Civil Procedure, Plaintiff Commonwealth of Puerto Rico, by its undersigned attorneys, hereby propounds the following Second Set of Document Requests upon Defendants to be answered by Defendants upon oath and within thirty (30) days of the service hereof. Pursuant to Federal Rule of Civil Procedure 26(e), these document requests are of a continuing nature, requiring modified or supplemental responses if additional, supplemental responsive information is obtained.

These requests are to be answered in accordance with the following definitions and instructions, and these definitions and instructions are hereby incorporated by reference into each request. Please direct responses to Aaron Dias at the offices of Richardson, Patrick, Westbrook & Brickman, LLC, 1037 Chuck Dawley Blvd., Bldg. A, Mt. Pleasant, SC 29465.

**INSTRUCTIONS AND DEFINITIONS**

A.     All definitions contained in Local Civil Rule 26.3 of the United States District Court for the Southern District of New York are incorporated herein by reference. You may review these Rules at http://www.nysd.uscourts.gov/rules/rules.pdf.

B.     These requests are directed to each Defendant and concern all information within

---

32.     Any and all DOCUMENTS, including but not limited to gasoline supply agreements and/or gasoline exchange agreements, which reflect or refer to the suppliers of gasoline which has been stored in UNDERGROUND STORAGE TANKS at each SITE.

33.     Any and all motor fuel gasoline tax records for the sale of gasoline or gasoline with MTBE and/or TBA at each SITE.

34.     Any and all certificates, licenses, or permits relating to the UNDERGROUND STORAGE TANKS or dispensing equipment at each SITE.

35.     All DOCUMENTS concerning any and all test results for product samples, groundwater samples, and soil samples taken from each SITE.

36.     All DOCUMENTS that mention, concern, refer, or relate to communications (oral or written) between YOU and any third-person regarding gasoline contamination of the groundwater, soil vapor or soil at each SITE.

37.     All DOCUMENTS related to any reports, notices, agreements, correspondence, or communication between YOU and any public agency, commission, official, or employee regarding gasoline contamination at each SITE.

38.     All DOCUMENTS that mention, concern, refer, or relate to communications with the environmental remediation consultant who was responsible for supervising and/or authorizing any project to remediate hydrocarbon contamination, including without limitation, MTBE/TBA contamination, at each SITE.

39.     All DOCUMENTS that mention, reference, or concern environmental investigations, sampling, and/or remediation during the RELEVANT TIME PERIOD at each SITE.

40.     All DOCUMENTS, including, but not limited to, all reports or drafts of reports that mention, reference, or concern environmental conditions during the RELEVANT TIME PERIOD at each SITE.

41.     All DOCUMENTS that mention, concern, refer, or relate to past, current, or proposed clean-up, removal, remedial action, or abatement of gasoline contamination of the groundwater, soil vapor, or soil at the SITE.

Dated:  July 8, 2011

By  _____
                MICHAEL STEEVES
                Miller, Axline & Sawyer
                1050 Fulton Avenue, Suite 100
                Sacramento, CA  95825
                Telephone (916) 488-6688
                *Counsel for Plaintiff*

# EXHIBIT 2



E-SERVICE
51334895
Mar 26 2013
06:42PM
File & ServeXpress

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re: Methyl Tertiary Butyl Ether
("MTBE") Products Liability Litigation

This Document Relates To:

*Commonwealth of Puerto Rico, et al. v.*
*Shell Shell Oil Co., et al., No. 07 Civ.*
*10470 (SAS)*

Master File No. 1:00-
1898 MDL No. 1358
(SAS)

SUPPLEMENTAL OBJECTIONS
AND RESPONSES OF ESSO
STANDARD OIL COMPANY
(PUERTO RICO) TO PLAINTIFFS'
FOURTH SET OF
INTERROGATORIES AND
REQUEST FOR PRODUCTION OF
DOCUMENTS

## SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' FOURTH SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant Esso Standard Oil Company (Puerto Rico) ("Esso" or ("Defendant") submits

these objections and responses to Plaintiffs' Fourth Set of Interrogatories and Request for

Production of Documents.

## PRELIMINARY STATEMENT

The following responses and objections state Defendant's knowledge, information and

belief as of the date of such responses and objections. Further investigation, discovery and

analysis may uncover additional information, add meaning to known facts and/or support new

factual conclusions and legal contentions, all of which may lead to changes in Defendant's

responses herein. Such investigation and discovery are continuing, and Defendant specifically

reserves the right to supplement these responses and the right to rely at trial on subsequently

discovered information inadvertently omitted from these responses as a result of mistake, error or

oversight.

**REQUEST NO. 3:** For the RELEVANT TIME PERIOD, produce all agreements with REFINERS, manufacturers, and/or DISTRIBUTORS pursuant to which one party provided neat, or pure, MTBE and/or gasoline containing MTBE that was eventually sold or distributed in the RGA, in exchange for gasoline product sold or distributed elsewhere.

RESPONSE: Defendant objects that this Request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request as it assumes facts not in evidence. Defendant further objects to this Request as overbroad as no timeframe is provided. Defendant further objects to this Request as the term "agreements" is vague, ambiguous, and undefined. Defendant further objects that this Request for "all" "agreements" is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence in light of the scope of the Request and the breadth of the time frame identified by Plaintiffs. Defendant further objects to this Request as it seeks documents beyond the possession, custody, or control of Defendant.

Without waiving these objections, and subject thereto, Defendant did not receive, sell and/or transport "neat or pure MTBE" in the RGA. Defendant is unaware of any Agreement that specified "gasoline containing MTBE" for supply or sale in Puerto Rico. Defendant has produced documents relating to Agreements with "REFINERS, manufacturers, and/or DISTRIBUTORS" pursuant to which petroleum products were provided for supply and sale in Puerto Rico. Those shipments and their suppliers have been identified in Defendant's Answer to Interrogatory No. 1, Exhibit "A." The investigation is ongoing. To the extent that Defendant locates non-privileged documents responsive to this Request, they will be produced to Plaintiffs. Defendant reserves its right to supplement its response to this Request as discovery and its investigation continues.

**REQUEST NO. 45:**  Produce all documents relied upon in answering or that otherwise refer or relate to YOUR answers to Plaintiffs' First Set of Interrogatories to Defendant ("Plaintiffs Third Set of Interrogatories"), served on February 11, 2010.

**RESPONSE:  Defendant states that documents responsive to this Request have already been provided by Defendant, as noted in its response to Plaintiffs' First Set of Interrogatories to Defendant. Defendant reserves the right to supplement its response consistent with its obligations under the Federal Rules of Civil Procedure.**

Dated: March 26, 2013

Carlos M. Bollar
ARCHER & GREINER P.C.
One Centennial Square
33 Euclid Avenue
Haddonfield, New Jersey  08055
(856) 795-2121
*Counsel for Defendant Exxon Mobil Corporation*

91

# EXHIBIT 3

# Archer&Greiner P.C.
## ATTORNEYS AT LAW

Carlos M. Bollar, Esq.
cbollar@archerlaw.com
856-354-3073 Direct
856-673-7073 Direct Fax



One Centennial Square
Haddonfield, NJ 08033
856-795-2121 Main
856-795-0574 Fax
www.archerlaw.com

October 21, 2013

**VIA LNFS (w/o encls.) & FEDERAL EXPRESS**

Michael D. Axline, Esquire
Miller, Axline & Sawyer
1050 Fulton Avenue, Suite 100
Sacramento, California 95825-4225

     Re:   *Commonwealth of Puerto Rico, et al., v. Shell Oil Company, et al.,*
           No. 07-Civ.-10470

Dear Michael:

    Enclosed for your review, please find Esso Standard Oil Company (P.R.)'s Second Amended Exhibit A in response to Plaintiffs' Fourth Set of Interrogatories.

    Please feel free to contact me if you have any questions.

                 Very truly yours,

                 CARLOS M. BOLLAR
                 *Counsel for Defendants*
                 *Esso Standard Oil Company (P.R.) and*
                 *Exxon Mobil Corporation*

CMB/maf
Enclosures

cc:    All counsel via LNFS (w/o encls.)

10328565v1

Commonwealth of Puerto Rico, et al. v. Shell Oil Co., et al.
Second Amended Exhibit A

October 21, 2013

| LOAD/BILL OF LADING DATE | SUPPLIER | LOAD PORT | PROD | BILL OF LADING SHIPPER OR CONSIGNOR | BILL OF LADING CONSIGNEE | VESSEL | VOYAGE # | VOYAGE CERT. OF ANALYSIS MTBE (% VOL) | DISCH PORT | VOLUME (BBLS) | DISCH DATE | DATES VOLUME RELES SUPP | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 10/16/1993 | MARAV | EMMASTAD | PREM. | | | Robert L. Polling | 5P06 | 3.70 | SAN JUAN, PR | 140,130.00 | 10/18/1993 | 456860 / 496876-796892 | |
| 1/25/1995 | HESS | ST. CROIX | PREM. | HESS OIL VIRGIN ISLANDS CORP. | ESSO STANDARD OIL COMPANY (PUERTO RICO) | Iver Express | 5A08 | 11.38 | GUAYANILLA | 40,000.00 | 1/30/1995 | 520567-5205607 | |
| 1/25/1995 | HESS | ST. CROIX | PREM. | HESS OIL VIRGIN ISLANDS CORP. | ESSO STANDARD OIL COMPANY (PUERTO RICO) | Iver Express | 5A08 | 11.38 | SAN JUAN, PR | 140,070.00 | 2/1/1995 | 520567-5205607 | |
| 4/5/1995 | HESS | ST. CROIX | PREM. | HESS OIL VIRGIN ISLANDS CORP. | ESSO STANDARD OIL COMPANY (PUERTO RICO) | CONFIDENCE | 5D01 | 0.14 "MTBE, WT% OXYGEN" | GUAYANILLA | 40,330.00 | 4/6/1995 | 519017-519029 | |
| 4/5/1995 | HESS | ST. CROIX | REG. | HESS OIL VIRGIN ISLANDS CORP. | ESSO STANDARD OIL COMPANY (PUERTO RICO) | CONFIDENCE | 5D01 | 0.11 "MTBE, WT% OXYGEN" | GUAYANILLA | 20,050.00 | 4/6/1995 | 519017-519029 | |
| 4/5/1995 | HESS | ST. CROIX | PREM. | HESS OIL VIRGIN ISLANDS CORP. | ESSO STANDARD OIL COMPANY (PUERTO RICO) | CONFIDENCE | 5D01 | 0.14 "MTBE, WT% OXYGEN" | SAN JUAN, PR | 84,840.00 | 4/9/1995 | 519017-519029 | |
| 4/5/1995 | HESS | ST. CROIX | REG. | HESS OIL VIRGIN ISLANDS CORP. | ESSO STANDARD OIL COMPANY (PUERTO RICO) | CONFIDENCE | 5D01 | 0.11 "MTBE, WT% OXYGEN" | SAN JUAN, PR | 55,330.00 | 4/9/1995 | 519017-519029 | |
| 4/12/1995 | HESS | ST. CROIX | PREM. | | | CONFIDENCE | 5D03 | 0.03 "MTBE, WT% OXYGEN" | SAN JUAN, PR | 78,270.00 | 4/20/1995 | 496099-496135 | |
| 4/12/1995 | HESS | ST. CROIX | REG. | | | CONFIDENCE | 5D03 | 0.13 "MTBE, WT% OXYGEN" | SAN JUAN, PR | 69,900.00 | 4/20/1995 | 496099-496135 | |
| 4/22/1995 | EUSAC | BATON ROUGE | PREM. | | | PHOENIX | 5D04 | 6.00 | SAN JUAN, PR | 18,060.00 | 5/5/1995 | 495930-495958 / 495923-495929 / 495965-495983 | |
| 4/29/1995 | HESS | ST. CROIX | PREM. | HESS OIL VIRGIN ISLANDS CORP. | ESSO STANDARD OIL COMPANY (PUERTO RICO) | CONFIDENCE | 5D11 | 0.12 | GUAYANILLA | 30,070.00 | 4/30/1995 | 495798-495804 / 495627-495654 / 495757-495784 / 495805-495808 / 495757-495784 | |
| 4/29/1995 | HESS | ST. CROIX | REG. | HESS OIL VIRGIN ISLANDS CORP. | ESSO STANDARD OIL COMPANY (PUERTO RICO) | CONFIDENCE | 5D11 | 0.13 | GUAYANILLA | 30,120.00 | 4/30/1995 | 495798-495804 / 495627-495654 / 495757-495784 / 495805-495808 / 495757-495784 | |
| 4/29/1995 | HESS | ST. CROIX | PREM. | HESS OIL VIRGIN ISLANDS CORP. | ESSO STANDARD OIL COMPANY (PUERTO RICO) | CONFIDENCE | 5D11 | 0.12 | SAN JUAN, PR | 104,970.00 | 5/2/1995 | 495798-495804 / 495627-495654 / 495757-495784 / 495805-495808 / 495757-495784 | |

# EXHIBIT 4

FILED UNDER SEAL

# EXHIBIT 5

Hector Antonio Marin Diaz

Page 205

IN THE UNITED STATES DISTRICT COURT.
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE: METHYL TERTIARY | ) | MASTER FILE |
| BUTYL ETHER ("MTBE) | ) | NO. 1:00-1898 |
| PRODUCTS | ) | M21-88 |
| LIABILITY LITIGATION | ) | MDL  1358(SAS) |
| | ) | |
| | ) | |
| | ) | |
| COMMONWEALTH OF PUERTO | ) | |
| RICO, ET AL. | ) | |
|     PLAINTIFF, | ) | CASE NO. 07-CIV-10470 |
| | ) | (SAS) |
|       VS. | ) | |
| | ) | |
| SHELL OIL CO., ET AL., | ) | |
|     DEFENDANTS. | ) | |

DEPOSITION OF
CONOCOPHILLIPS COMPANY AND CHEVRON PHILLIPS CHEMICAL
PUERTO RICO CORE, LLC THROUGH
HECTOR ANTONIO MARIN DIAZ
AUGUST 22, 2013
VOLUME 2

Called as a witness by counsel for the
Plaintiffs, taken before Dorothy A. Rull, Certified
Realtime Reporter and Notary Public in and for the
State of Texas, on the 22nd day of August, 2013,
from 9:13 a.m. to 5:29 p.m., at the law offices of
Norton Rose Fulbright, 1301 McKinney, Suite 5100,
Houston, Texas 77010, pursuant to Notice and the
Federal Rules of Civil Procedure.

Hector Antonio Marin Diaz

Page 312

1    additional sales are not reflected in Exhibit 40,

2    are they?

3         A.     Well, I will have to go one by one.

4         Q.     Sir, I'll represent to you that they're

5    not.

6                And my question to you, sir, is --

7    is:  Do you know why?

8         A.     No.  I don't know.  I don't have that

9    information.

10        Q.     Sir, do you know anything about an

11   exchange agreement that Core or Phillips had with

12   Exxon or Esso from 1982 until 1992?

13        A.     I understand that there was an

14   agreement, yes, an -- an exchange agreement.  But

15   the period of it, I -- I don't know from when to

16   where -- when to when.

17                (Exhibit No. 42 marked.)

18                THE REPORTER:  Exhibit 42.

19   BY MR. PETIT:

20        Q.     Mr. Marin, I'm marking as Exhibit 42 a

21   document identified as CPCPR-093327 to -28.

22        A.     Correct.

23        Q.     And this is an e-mail dated

24   September 25th, 2000.

Golkow Technologies, Inc. - 1.877.370.DEPS

2

Hector Antonio Marin Diaz

Page 313

1          Do you know who sent the e-mail and

2    who received the e-mail, Mark Graham?

3        A.    If I remember, these were two

4    employees -- Chev -- two Chevron employees.

5        Q.    I'm looking at the third sentence on

6    down.  If you could -- if you could take a look at

7    that first paragraph and read that to yourself or if

8    you need the translator to translate it.

9        A.    Could you -- could you repeat again

10   which one.

11       Q.    Just the first paragraph.

12       A.    (Reading document.)

13             MR. PETIT:  Steve, have you guys

14   uncovered that exchange agreement?  Do you know?

15             MR. DILLARD:  No, sir.  Do I do --

16   know?  Yeah.  We've looked high and low and we can't

17   find it.

18             Don't you have -- hasn't there been

19   one produced that is not -- that is signed by one

20   party?

21             MR. PETIT:  I haven't seen it.

22             MR. DILLARD:  I thought there was

23   one.  Maybe I'm getting it mixed up with some other

24   company.

Golkow Technologies, Inc. - 1.877.370.DEPS

3

Hector Antonio Marin Diaz

Page 314

1    BY MR. PETIT:

2        Q.    So this is referencing an exchange --

3    the exchange agreement between Phillips and Exxon;

4    correct?

5        A.    (The Witness)  Yes.  Correct.

6              (Through Interpreter)  Yes.

7        Q.    The e-mail also makes reference to -- it

8    says, "Phillips then decided they were going to shut

9    down Core mid-'80s," I believe.

10              Do you see that?

11       A.    Correct.

12       Q.    Do you know anything about that?

13       A.    No.

14       Q.    And after that, Exxon made other

15   arrangements to get gasoline in Puerto Rico.

16              Is that what it says?

17       A.    That's what the document says.

18       Q.    And it's referencing Alberto Sola.

19              Is that your understanding?

20       A.    Correct.

21       Q.    And he would have been the person that

22   was in charge of supply and transportation with Core

23   for a number of years; is that right?

24       A.    Correct.

4

Graham, Mark (MAMG)



| | |
|---|---|
| **From:** | Telljohann, Jim (JTEL) |
| **Sent:** | Monday, September 25, 2000 12:41 PM |
| **To:** | Graham, Mark (MAMG) |
| **Cc:** | Andjelich, Elija (ELAN) |
| **Subject:** | FW: PR |

Mark:

The guy below is from Exxon in Florida with gasoline marketing responsibility for the Caribbean. He is interested in talking about the marketing of gasoline out of CORE. At one time Exxon and PPCo did a swap where PPCo got gasoline in Florida from Exxon and returned it to Exxon in PR. PPCo. then decided they were going to shut down CORE (mid 80's I believe), so Exxon made other arrangements to get gasoline in PR ( they are still a big marketer there, I believe). PPCo. decided not to shut CORE down and Alberto Sola wanted to restart the swap. Exxon had already made these other arrangements that they could not back out of so they said no. According to the guy below (Norm), Alberto has been pissed at them ever since and will not even talk with Exxon about anything.

Might be the correct position to take (not cooperating that is, but not talking is a little steep), but anyway I told Norm I would pass his name along to whoever in our or wound up with the responsibility for gasoline on the island. I think that is you, If not forward this note to the appropriate person.

Jim Telljohann
Finance Manager - Aromatics
713 754 4392

-----Original Message-----
**From:** norm.i.salas@exxon.com [SMTP:norm.i.salas@exxon.com]
**Sent:** Monday, September 25, 2000 7:51 AM
**To:** jtel@chevron.com
**Subject:** FW: PR

Jim: any news ?
regards
Norman Salas

> -----Original Message-----
> From: Salas, N.I. (Norm)
> Sent: Friday, August 04, 2000 8:24 AM
> To:   'Telljohann, Jim (JTEL)'
> Subject:   RE: PR
>
> Thanks Jim. Will await your response.
> Norman Salas
>
> -----Original Message-----
> From: Telljohann, Jim (JTEL) [SMTP:JTEL@chevron.com]
> Sent: Thursday, August 03, 2000 11:55 PM
> To:   norm.i.salas@exxon.com
> Subject:   RE: PR
>
> Norman:  Thanks for the note.
>
> I think the people you need to talk with, at least initially are located nit
> he Houston offices. They have been traveling for the last week and half,
> hence you have not yet heard from us. I ask you to be a little patient and
> someone will get back to you.
>
> Best Regards,
>
> Jim Telljohann
> Chevron Phillips Chemical Company
>
> > -----Original Message-----
> > From:   norm.i.salas@exxon.com [SMTP:norm.i.salas@exxon.com]
> > Sent:   Wednesday, August 02, 2000 2:30 PM
> > To: jtel@chevron.com
> > Subject: PR
> >

1

CPCPR-093327

5

> > Jim: further to my July 27 note, I plant to be in PR on August 7. Please
> > let me know if there is someone at the plant that I can talk to.
> > regards,
> > Norman I. Salas
> > ExxonMobil Americas South S & D
> > 305 441 6278 ( tel)
> > 305 441 6178( fax)
> >

2

CPCPR-093328

# EXHIBIT 6

**FILED UNDER SEAL**

# EXHIBIT 7

# FILED UNDER SEAL

EXHIBIT 8



E-SERVICE
55154291
Mar 14 2014
07:26PM
File & ServeXpress

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re: **Methyl Tertiary Butyl Ether ("MTBE")**     MDL No. 1358
Master File C.A. No. 1:00-1898 (SAS)

                                                     M21-88

This document relates to:

*Commonwealth of Puerto Rico, et al. v.*
*Shell Oil Co., et al.*, 07 Civ. 10470

## PLAINTIFFS' SUPPLEMENTAL RESPONSES TO DEFENDANTS' FIRST SET OF CONTENTION INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

Plaintiffs Commonwealth of Puerto Rico and Commonwealth of Puerto Rico through the Environmental Quality Board ("Plaintiffs," "Commonwealth," or "PREQB"), by and through their attorneys, make the following Supplemental Responses and General Objections to Defendants' First Set of Contention Interrogatories and Requests for Production of Documents to Plaintiffs.

### GENERAL OBJECTIONS

1.      Plaintiffs object to the Contention Interrogatories to the extent they seek information or documents outside the scope of discovery permissible under the Federal Rules of Civil Procedure.

2.      Plaintiffs object to the Contention Interrogatories to the extent they seek information covered by the Attorney-Client Privilege, the Work Product Doctrine, or any other

objections that would require exclusion of the information if such information were offered as evidence at trial, all of which objections are hereby expressly reserved and may be made at the time of trial.

9.    Plaintiffs object to the Contention Interrogatories to the extent they seek information that is confidential, sensitive, proprietary or subject to privacy restrictions.  Plaintiffs respond on the condition that the inadvertent production of information or documents that are confidential, sensitive or private does not waive Plaintiffs' right to protect this information and to seek recovery of any such information or documents that are inadvertently produced.

10.    Plaintiffs' General Objections apply to each of the Contention Interrogatories as though restated in full therein.

11.    As discovery is ongoing and defendants as well as third parties are continuing to produce documents and data, plaintiffs reserve the right to amend and/or supplement their responses once discovery is complete.

## RESPONSES TO INTERROGATORIES

### Interrogatory No. 1.

**Separately, for each of the DELINEATED TRIAL SITE AREAS, identify the DEFENDANTS YOU contend caused any alleged DAMAGES.**

### Response to Interrogatory No. 1

In addition to the general objections, plaintiffs object to this interrogatory on the basis that the interrogatory calls for expert opinion.  Plaintiffs also object on the basis that discovery is ongoing and Defendants have not fully responded to plaintiffs' requests for information relevant to answering this interrogatory. Plaintiffs believe that Defendants have not been fully

2

forthcoming in their responses as to the Trial Sites. Plaintiffs are still evaluating those responses. Site specific expert analysis may be required to identify some sources of damages and site specific expert reports are not yet due. Plaintiffs' investigation is continuing as to the sources of gasoline released at the Trial Sites.  Plaintiffs reserve their right to supplement this response after the completion of fact discovery and expert reports, including by invoking the commingled product theory of liability as necessary. Plaintiff also objects that contention interrogatories do not require the answering party to provide a narrative account of its case or provide every fact that supports the allegation or contention. See 8B Fed. Prac. & Proc. Civ. Section 2167, n. 22 (3d ed.) As Judge Scheindlin has recently stated, "I don't think [the plaintiffs] were supposed to lay out all of the evidence of every defendant at every site." See *Hearing Transcript*, dated August 19, 2013, at 68:6-7 (in context of Defendants' criticism of New Jersey plaintiffs' responses to contention interrogatories) References provided in these responses to depositions, deposition exhibits, discovery responses, reports, other writings, or to designated Bates ranges, *inter alia*, do not encompass all of Plaintiffs' evidence in support of any specific contention, but are illustrative.

Plaintiffs will also rely on expert testimony and expert reports, all to be furnished at the appropriate time.  Plaintiffs will also, in support of their contention, present expert testimony regarding damages at each of the delineated trial Sites.  Notwithstanding these stated objections, and without waiving same,  all Defendants in the chain of commerce of MTBE and/or MTBE gasoline are jointly and severally liable for the damages caused at the Trial Sites. Plaintiffs will also rely, in support of their contention that a particular defendant caused damages at each delineated trial site areas, on deposition testimony and deposition exhibits, with each deponent listed below according to trial site, defendant implicated and other issues touched upon

5

in the deposition. Relevant portions of testimony and exhibits will be specified at a later time, but a list of deponents, presenting defendant, and topic is attached as Exhibit B to these responses.

**Plaintiffs' Trial Sites:**

1. **Chevron Phillips Core Refinery:  Site ID N/A**

   Chevron Phillips Chemical Puerto Rico Core LLC ("CPCPR"); ConocoPhillips Company; Hovensa LLC; Hess Oil Virgin Islands; Citgo Refining and Chemical Co., L.P.; Citgo International P.R.; Citgo Petroleum Corporation; Tauber Oil; Sunoco; Sunoco R & M; Puerto Rico Sun Oil Company; Esso Standard Oil Company (Puerto Rico); ExxonMobil Corporation; Petrobras America Inc.; Vitol, S.A.; Vitol, Inc.; and Lyondell Chemical Company.

2. **Shell #003042: Site ID 86-0948**

   Shell Oil Company; Shell Company Puerto Rico Ltd.; Shell Chemical Yabucoa, Inc.; Shell Trading (US) Company; Motiva Enterprises, LLC;  Shell Western Supply and Trading Ltd.; Shell International Petroleum Co., Ltd.; Shell Western Services; Texaco Refining and Marketing Inc.; Equilon Enterprises; Shell Oil Products U.S.;  Hovensa LLC; Hess Oil Virgin Islands; CPCPRC; ConocoPhillips Company; Texaco Petroleum, Inc.; Sunoco; Sunoco R & M; Puerto Rico Sun Oil Company; Esso Standard Oil Company (Puerto Rico); and any suppliers of MTBE to Phillips CORE identified above.

3. **Esso CO-364: Site ID 86-1075**

   Esso Standard Oil Company (Puerto Rico); ExxonMobil Corporation; Hovensa LLC; Hess Oil Virgin Islands; CPCPR; ConocoPhillips Company; Shell Oil Company; Shell Company Puerto Rico Ltd.; Shell Chemical Yabucoa, Inc.; Shell Trading (US) Company; Motiva Enterprises, LLC;  Shell Western Supply and Trading Ltd.; Shell International

6

Petroleum Co., Ltd.; Shell Western Services; Texaco Refining and Marketing Inc.; Equilon Enterprises; Shell Oil Products U.S.; Sunoco; Sunoco R & M; Puerto Rico Sun Oil Company; and any suppliers of MTBE to Phillips CORE identified above.

4. **Esso CO-242: Site ID 86-1232**

Esso Standard Oil Company (Puerto Rico); ExxonMobil Corporation; Hovensa LLC; Hess Oil Virgin Islands; Shell Oil Company; Shell Company Puerto Rico Ltd.; Shell Chemical Yabucoa, Inc.; Shell Trading (US) Company; Motive Enterprises, LLC; Shell Western Supply and Trading Ltd.; Shell International Petroleum Co., Ltd.; Shell Western Services; Texaco Refining and Marketing Inc.; Equilon Enterprises; Shell Oil Products U.S.; CPCPR; Sunoco; Sunoco R & M; Puerto Rico Sun Oil Company; ConocoPhillips Company; and any suppliers of MTBE to Phillips CORE identified above.

5. **Total 1012: Site ID 91-0067**

Total Petroleum Puerto Rico Corporation; Citgo International P.R.; Citgo Petroleum Corporation; Sunoco; Sunoco R & M; Puerto Rico Sun Oil Company (lifting from Peerless terminal in Punuelas); Esso Standard Oil Company (Puerto Rico); ExxonMobil Corporation; Chevron Puerto Rico, LLC; Texaco Puerto Rico, Inc.; Chevron U.S.A., Inc.; Texaco Petroleum, Inc.; Chevron International Oil Company, Inc.; Texaco Refining and Marketing, Inc.; Chevron Caribbean, Inc.; Chevron Estrella Puerto Rico, Inc.; Chevron USA, Inc.; Chevron Corporation; Texaco International Trader Inc.; CPCPR (lifting from Guayama terminal); ConocoPhillips Company; Shell Oil Company; Shell Company Puerto Rico Ltd.; Shell Chemical Yabucoa, Inc.; Shell Trading (US) Company; Motiva Enterprises, LLC; Shell Western Supply and Trading Ltd.; Shell International Petroleum Co., Ltd.; Shell Western Services; Texaco Refining and Marketing Inc.; Equilon

7

### 4. Guayama Urbano Filtration Plant: Site ID E12004W

**This site will be discussed in the expert report of Anthony Brown.**

<u>Supplemental Response to Interrogatory No. 1</u>

Plaintiffs incorporate the objections and response to this interrogatory, and further respond as follows:

### 3. Pozo Club de Leones:  Site ID S4C030W

Shell Oil Company; Shell Company Puerto Rico Ltd.; Shell Chemical Yabucoa, Inc.; Shell Trading (US) Company; Motiva Enterprises, LLC;  Shell Western Supply and Trading Ltd.; Shell International Petroleum Co., Ltd.; Shell Western Services; Equilon Enterprises; Shell Oil Products U.S.; Chevron Puerto Rico, LLC; Texaco Puerto Rico, Inc.; Chevron U.S.A., Inc.; Texaco Petroleum, Inc.; Chevron International Oil Company, Inc.; Texaco Refining and Marketing, Inc.; Chevron Caribbean, Inc.; Chevron Estrella Puerto Rico, Inc.; Chevron USA, Inc.; Chevron Corporation; Sunoco; Sunoco R & M; Puerto Rico Sun Oil Company; Hovensa LLC; Hess Oil Virgin Islands; CPCPR; ConocoPhillips Company;  Equilon Enterprises; Shell Oil Products U.S.; Sunoco; Sunoco R & M; Puerto Rico Sun Oil Company; and any suppliers of MTBE to Phillips CORE identified above.

<u>Interrogatory No. 2</u>

**Separately, for each DEFENDANT identified in YOUR response to Interrogatory No. 1, above, IDENTIFY all facts and all DOCUMENTS that YOU contend prove, establish, show or demonstrate that a particular DEFENDANT caused the alleged DAMAGES at each DELINEATED TRIAL SITE AREA.**

<u>Response to Interrogatory No. 2</u>

Plaintiffs assert the general objections.  Plaintiffs also object that this interrogatory calls for expert opinion, and expert opinions are not yet due. Plaintiffs object to this interrogatory as

9

stations in Puerto Rico, including MTBE gasoline.   See also evidence of supply and manufacture of MTBE gasoline by Phillips CORE *supra*.

Sol has recently produced groundwater sampling data taken at this Trial Site, including sampling for MTBE.  Plaintiffs have not had an adequate opportunity to review and analyze this data, and specifically reserve the right to update this response based upon this newly produced data.

3.      **Esso CO-364: Site ID 86-1075**

Esso Puerto Rico owned the property, underground storage tanks and dispensing equipment at this site from at least 1967 to October of 2008, when the property and equipment were purchased by defendant Total Puerto Rico.  Other Defendants named in response to Interrogatory No. 1 supplied MTBE gasoline to this station.   These sales are documented by sales records produced by Esso and other Defendants named in response to Interrogatory No. 1. Numerous reports produced by and to Esso and its consultants document the fact that MTBE has been released and has contaminated groundwater at this site. *See, e.g.,* Phase II Environmental Evaluation Report Former Esso Service Station 364, December 4, 2013 [XOM-PR-CO364-005876 to XOM-PR-CO364-006433]; Table 7 – Phase II Environmental Evaluation Report, December 4, 2013 [XOM-PR-CO364-006434 to XOM-PR-CO364-006435]; PR-MTBE-2013DATA_006091 to PR-MTBE-2013DATA_006729; Deposition of Arturo Hernandez, December 13, 2013 and exhibits thereto including, specifically,  Exhibit 4 and 31 Exhibit 31 to Arturo Hernandez, December 13, 2013 deposition; Exhibits 41-44 and 47 to the Deposition of CPCPR and ConocoPhillips Company (Hector Marin), August 21-22, 2013.Deposition of Hector Marin, August 22, 2013 and exhibits thereto including, specifically,  Exhibit 41.

8 time there come a hurricane this way, we have to fill
9 p the tanks because if not we may run out of gasoline.

10 Q. Right.
11 A. So we fill up the tanks and we make a loan
12 to Exxon or Texaco or vice versa.

(Cintron Depo. (Sept. 27, 2013) at 14:21-16:5; *see also* Olivera Depo. (Aug. 12, 2013) at 35:11-

36:19, 71:23-72:9; Chevron Puerto Rico LLC's Declarations in Lieu of Deposition Testimony

(Sept. 11, 2013) at 3 [Texaco Puerto Rico, Inc.'s ". . . records reflect product exchanges with

Esso and Shell."].)

Documents produced by Esso further confirm exchanges, loans and borrows, and spot

sales between Esso, Shell, Texaco, and Citgo at the Cataño and CORCO terminals.  (See, e.g.,

Loan and borrow transactions between Esso and Shell for 1995 [XOM-PR-FILES-SUPP-720320

to XOM-PR-FILES-SUPP-720425]; Loan and borrow transactions for various years between

Esso and Shell [XOM-PR-FILES-SUPP-720426 to XOM-PR-FILES-SUPP-720542]; Loan and

borrow report for 1995 and 1996 between Esso, Shell and Texaco [XOM-PR-FILES-SUPP-

716596 to XOM-PR-FILES-SUPP-716784]; Loan and borrow transactions between Esso and

Citgo for January and February 2002 [XOM-PR-FILES-SUPP-717022]; Loan and borrow

transaction between Esso and Texaco in 2002 and 2003 [XOM-PR-FILES-SUPP-724531 to

XOM-PR-FILES-SUPP-724557]; Loan and borrow report for 1998 between Esso, Shell, and

Texaco [XOM-PR-FILES-SUPP-716319 to XOM-PR-FILES-SUPP-716326]; Spot Sale

agreements [XOM-PR-FILES-SUPP-701185 to XOM-PR-FILES-SUPP-701188; XOM-PR-

FILES-SUPP-701181 to XOM-PR-FILES-SUPP-701184]; Loan and Borrow Agreements

[CITGO-PR-ESI 001625; XOM-PR-FILES-SUPP-701177 to XOM-PR-FILES-SUPP-701178;

8

(Charman Depo. (Nov. 21, 2013) at 109:21-111:3.)  Esso and Shell shared gasoline shipped from the Hovic/Hovensa refinery in St. Croix on a routine basis.  (*See e.g.* Charman Depo. (Nov. 21, 2013) at Exhibits 55 and 61 [showing single gasoline shipments split between Esso, Shell, and other parties]; *see also* Chevron Puerto Rico LLC's Declarations in Lieu of Deposition Testimony (Sept. 11, 2013) at 3 [Texaco Puerto Rico, Inc.'s ". . . records reflect shared offshore gasoline shipments to TPRI, Citgo, Esso and Shell . . . "].)  See also evidence of supply and manufacture of MTBE gasoline by Phillips CORE *supra*.

### 4.  Esso CO-242:  Site ID 86-1232

Esso Puerto Rico owned the property, underground storage tanks and dispensing equipment at this site from at least 1967 to October of 2008, when the property and equipment were purchased by defendant Total Puerto Rico.  Other Defendants named in response to Interrogatory No. 1 supplied MTBE gasoline to this station.  These sales are documented by sales records produced by the Esso and other Defendants named in response to Interrogatory No. 1. Numerous reports produced by and to Esso and its consultants document the fact that MTBE has been released and has contaminated groundwater at this site. *See, e.g.,* Evaluación Ambiental Fase II Estación de Servicio Total, TAS Numero 02-82-1232, September 2012 [PR-MTBE-GES-TOTAL_002428 to PR-MTBE-GES-TOTAL_002549]; PR-MTBE-2013DATA_007016 to PR-MTBE-2013DATA_007719; PR-MTBE-2013DATA_007720 to PR-MTBE-2013DATA_008518; Deposition of Arturo Hernandez, December 13, 2013 and exhibits thereto including, specifically, Exhibits 2 and 4; Exhibits 41-44 and 47 to the Deposition of CPCPR and ConocoPhillips Company (Hector Marin), August 21-22, 2013; Deposition transcript of Miguel A. Torres-Sierra at 20:11-23Deposition of Hector Marin, August 22, 2013 and exhibits thereto

# EXHIBIT 9





## PEARSON WATSON MILLICAN & CO.

CONSULTANTS • ENGINEERS • EXPERTS

### AMENDED EXPERT REPORT IN THE MATTER OF

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In Re: Methyl Tertiary Butyl Ether ("MTBE")
Products Liability Litigation

Master File No. 1:00-1898
MDL 1358 (SAS)
Case No. 07 Civ. 10470 (SAS)

COMMONWEALTH OF PUERTO RICO AND
COMMONWEALTH OF PUERTO RICO through the
ENVIRONMENTAL QUALITY BOARD *(Plaintiff)*

v.

SHELL OIL COMPANY, et al. *(Defendants)*

April 14, 2014

### DEFENDANT ESSO STANDARD OIL COMPANY (PUERTO RICO)

_____
**C. David Millican**

_____
**Cesar A. Figueroa**

700 Central Expressway South, Suite 425  Allen, TX 75013
(972) 578-7980

## II.   SUMMARY OF KEY OPINIONS

9.   The following are summaries of key opinions discussed in detail in the following
   sections of this Report.

   a)   Gasoline producers on the Island, such as Phillips Chemical Puerto Rico CORE
      Inc. ("CORE"), could not consistently meet octane requirements without using
      MTBE.

   b)   During the period of 1979 through 2008, Esso did not own or operate a refinery
      located in Puerto Rico nor did Esso purchase neat MTBE or blend gasoline with
      neat MTBE.

   c)   The Puerto Rico supply and distribution system is, in practice, a segregated
      system.

   d)   Commonwealth Oil Refining Company, Inc. ("CORCO") was Esso's primary
      supplier of gasoline during the period 1979 through June 1982 and the gasoline
      contained no MTBE.

   e)   CORE was Esso's primary supplier of gasoline during the period July 1982 to April
      1992.

   f)   From March 1997 through 2008, Hess Oil Virgin Islands Corp. ("HOVIC") – later
      HOVENSA LLC ("Hovensa"), was Esso's primary supplier of gasoline.  The
      majority of this gasoline contained no or de minimis levels of MTBE.

   g)   From late 1995 through October 2008, Esso's gasoline can be traced from supplier
      to terminal and from terminal to retail stations to a reasonable degree of
      engineering certainty, using information including terminal receipts, delivery tickets
      for deliveries to Esso-branded stations, and information concerning loans and
      borrows.  There is no evidence that Esso delivered gasoline to the non-Esso
      Plaintiff selected "Trial Sites" during the relevant time period.[2]

   h)   "Shared" shipments of a single product from a single refiner delivered to
      segregated tankage are not a commingled product.

---

[2] The "relevant time period" is 1979 through October 2008.

- 7 -



PEARSON WATSON
MILLICAN & CO.

was blended to the CORCO gasoline supplied to Esso during the period of 1979 through June 1982.[38]

70.  Based on the available evidence and the statements of Mr. Carlos Mendez, it is our opinion that no gasoline containing MTBE was received by Esso at Cataño during this period of time.  We have not seen any evidence suggesting that Esso was contractually engaged in an exchange agreement with any other on-Island party during this period of time.

71.  Based upon the evidence reviewed, it is our opinion that CORCO was Esso's primary supplier of gasoline during this period and the gasoline supplied to Esso contained no MTBE.


## ESSO Gasoline Receipts July 1982 through April 1992

72.  During the period of June 1982 through April 1992, the evidence indicates that CORE was the primary supplier of gasoline to Esso at the terminal in Cataño[39] and the truck rack at Guayama.  Documents indicate that the CORE facility began supplying gasoline to Esso at Cataño in June 1982[40] and continued to do so until early 1994. The CORE facility supplied leaded regular until 1987 and then only unleaded regular and premium to Esso at the Cataño terminal until early 1994.  In years 1990 and 1991, the documents indicate that Arochem also supplied a small amount of gasoline to Esso Cataño via barge from the CORCO terminal facility.[41]  In 1990, the volume totaled about 177 kbbls (less than 4% of the total Esso receipts) and in 1991 about 57 kbbls (less than 2% of the total Esso receipts).  We have seen no evidence to indicate that Arochem blended gasoline with MTBE at its facility.

---

[38] Declaration of Mr. Carlos R. Mendez dated March 24, 2014.
[39] XOM-PR-FILES-SUPP-715054-715084
[40] CPCPR-053892 – 053919
[41] XOM-PR-FILES-SUPP-727805-727807 and 727612.


PEARSON WATSON
MILLICAN & CO.

73. Based on the documents reviewed, it is our opinion that CORE was the primary supplier of gasoline to Esso during this period, but for the limited quantity of Arochem supplies in late 1990 and early 1991.

**ESSO Gasoline Receipts May 1992 – January 1997**

74. In 1991 and 1992, Esso began looking for alternative suppliers to CORE. Supply of gasoline from the HOVIC St. Croix refinery became an attractive alternative as a secure large volume supplier to Esso. Esso considered the HOVIC supply to be advantageous, as HOVIC had offered to supply a 93 octane premium to Esso, two octane points higher than the previous premium sold by Esso. This higher octane premium was also viewed as a market differentiator for Esso to use to possibly improve sales volumes. Esso also considered and purchased gasoline from other suppliers during the transition away from being supplied by CORE. Accordingly, in 1992 through 1994, the volumes of gasoline supplied by CORE declined as alternative suppliers provided both premium and regular to Esso.

75. As can be observed from Exhibit 1, the number of suppliers of gasoline to Esso began to change in May 1992. During this time period from May 1992 through February 1997, Esso started shifting to off-Island supply sources.[42] During this time, Esso received product from off-Island suppliers such as Maraven S.A., HOVIC, Exxon Company U.S.A., Mobil Oil Corporation, Vitol, and Citgo.

76. On-Island, after the exchange agreement between Esso and CORE ended in May 1992, Esso continued to receive gasoline from CORE under short term supply agreements. These shorter term agreements allowed Esso to either pick up gasoline at the CORE loading racks in Guayama or, alternatively, the gasoline was barged to Cataño for delivery into Esso's segregated tankage there.[43]

---

[42] XOM-PR-FILES-SUPP-529729-529732; Deposition of Paul Goldberg dated October 22, 2013; Exhibit 2
[43] CPCPR-031087-031090; XOM-PR-FILES-SUPP-727582; XOM-PR-FILES-SUPP-727592-727601; XOM-PR-FILES-SUPP-727605-727606


PEARSON WATSON
MILLICAN & CO.

4

# EXHIBIT 10

**Tracey O'Reilly**

| | |
|---|---|
| **From:** | Tracey O'Reilly [toreilly@toxictorts.org] |
| **Sent:** | Friday, August 01, 2014 11:32 AM |
| **To:** | 'Bollar, Carlos'; 'Stack, William J.' |
| **Cc:** | 'Stack, William J.'; 'Duane Miller'; 'Michael Axline'; 'Kizel Urrutia'; 'Miller, Axline & Sawyer'; 'John Gilmour'; 'Will Petit' |
| **Subject:** | RE: Commonwealth of Puerto Rico v. Shell-Esso Responses to 1st ROGs re Supply & Distribution |
| **Attachments:** | 2013-08-01 Bollar to Short.PDF; 2013-11-08 Bollar to OReilly & Gilmour.pdf |

Mr. Bollar,

I have reviewed your August 1, and November 8, 2013, letters which I believe are referenced in your email below. I am unable to locate a November 11, 2013, letter, but the November 8, 2013, letter discusses on-island supplies. If the November 8, 2013, letter is not the same letter to which you are referring below, then please forward the November 11, 2013, letter as there was not a letter filed on LNFS on that date.

Based upon my review, these letters are not responsive to the referenced interrogatory or my question.

First, Esso/Exxon's interrogatory response specifically references an Exhibit 1 to the responses. To date, I have not been provided with Exhibit 1.

Second, the two spreadsheets that were able to locate based upon the bates references are inadequate because (1) the only cover exchanges and do not address receipt of product from CORE, and (2) the spreadsheet labeled "XOM-PR-FILES-SUPP-968984" does not identify the exchange partner by name, but only states "Intercompany Purchase." Esso' exchange partners will obviously claim that we cannot identify their specific loans and borrows with Esso based on this spreadsheet.

Please forward the Exhibit 1 referenced in Esso/Exxon's discovery responses and/or forward an appropriate spreadsheet which includes shipments received from CORE (both at Catano and CORCO) and which identifies the exchange partner who provided Esso with gasoline.

Sincerely,

Tracey L. O'Reilly
Miller & Axline
1050 Fulton Avenue, Suite 100
Sacramento, California 95825
Tel: 916-488-6688
Fax: 916-488-4288
Email: toreilly@toxictorts.org

-----Original Message-----
From: Bollar, Carlos [mailto:cbollar@archerlaw.com]
Sent: Thursday, July 31, 2014 6:51 PM
To: Tracey O'Reilly; Stack, William J.
Cc: Stack, William J.; Duane Miller; Michael Axline; Kizel Urrutia; Miller, Axline & Sawyer
Subject: Re: Commonwealth of Puerto Rico v. Shell-Esso Responses to 1st ROGs re Supply & Distribution

Tracey:

1

We have responded to this request from you and Nathan Short twice before in 2013 and
supplemented these responses in various letters setting forth bates labeled references.
Please see my letter dated August 1, 2013, my email dated August 9, 2013 and my letter to you
dated November 11, 2013.  My letter of November 11 in particular goes into great detail
regarding on-island deliveries to Esso providing specific bates numbers.  In addition, on
December 5, 2013 we produced native data for all terminal receipts at XOM-PR-FILES-SUPP-
968983-968984.

Please feel free to call my office in the morning if you have any questions or would like to
discuss this matter further.




Carlos M. Bollar, Esq.

One Centennial Square
Haddonfield, NJ 08033
Direct Dial: 856-354-3073
Mobile: 856-607-6318
Fax: 856-673-7073

One Liberty Place
Thirty-Second Floor
1650 Market Street
Philadelphia, PA 19103-7393
Direct Dial: 215-963-3300
Fax: 215-963-9999
cbollar@archerlaw.com<mailto:cbollar@archerlaw.com>
www.archerlaw.com<http://www.archerlaw.com/>

[Archer & Greiner, P.C.]<http://www.archerlaw.com/>

On Jul 31, 2014, at 9:25 PM, Tracey O'Reilly wrote:

Gentlemen,

Since defendants are pressing us for a station matrix, I really need to have the exhibit
reference in Esso's discovery responses identified below.

Sincerely,


Tracey L. O'Reilly
Miller & Axline
1050 Fulton Avenue, Suite 100
Sacramento, California  95825
Tel:  916-488-6688
Fax:  916-488-4288
Email:  toreilly@toxictorts.org<mailto:toreilly@toxictorts.org>



From: Tracey O'Reilly [mailto:toreilly@toxictorts.org]
Sent: Thursday, July 31, 2014 10:59 AM

To: Bollar, Carlos; Stack, William J.
Cc: Duane Miller; Michael Axline; Kizel Urrutia; 'Miller, Axline & Sawyer'
Subject: Commonwealth of Puerto Rico v. Shell-Esso Responses to 1st ROGs re Supply &
Distribution

Mr. Bollar,

I am writing regarding Esso's response to Interrogatory No. 5 of the Commonwealths First Set
of Interrogatories re Supply & Distribution.  The response refers to an "Exhibit 1," but this
exhibit is not attached to the response nor was it served separately with the responses.

Esso received fuel from other companies within the RGA as listed in "Exhibit 1" hereto.

(July 1, 2013, Esso Resp. to Interrogatory No. 5 at 13.)  Please immediately forward a copy
of the Exhibit 1 referenced in this response.

Sincerely,


Tracey L. O'Reilly
Miller & Axline
1050 Fulton Avenue, Suite 100
Sacramento, California  95825
Tel:  916-488-6688
Fax:  916-488-4288
Email:  toreilly@toxictorts.org<mailto:toreilly@toxictorts.org>


IRS Circular 230 Disclaimer: To ensure compliance with requirements imposed by the IRS, we
inform you that any U.S. federal tax advice contained in this communication (including any
attachments) is not intended or written to be used, and cannot be used, for the purpose of
(i) avoiding penalties under the Internal Revenue Code, or (ii) promoting, marketing or
recommending to another party any transaction or matter addressed herein.

INFORMATION CONTAINED IN THIS E-MAIL TRANSMISSION IS PRIVILEGED AND CONFIDENTIAL. IF YOU ARE
NOT THE INTENDED RECIPIENT OF THIS EMAIL, DO NOT READ, DISTRIBUTE OR REPRODUCE THIS
TRANSMISSION (INCLUDING ANY ATTACHMENTS). IF YOU HAVE RECEIVED THIS E-MAIL IN ERROR, PLEASE
IMMEDIATELY NOTIFY THE SENDER BY TELEPHONE OR EMAIL REPLY.

# EXHIBIT 11





**Archer&Greiner** P.C.

ATTORNEYS AT LAW

Carlos M. Bollar
cbollar@archerlaw.com
856-354-3073 Direct

One Centennial Square
Haddonfield, NJ 08033
856-795-2121 Main
856-795-0574 Fax
www.archerlaw.com

April 15, 2014

**VIA FEDERAL EXPRESS**

Duane Miller, Esquire
Miller, Axline & Sawyer
1050 Fulton Avenue, Suite 100
Sacramento, California  95825-4225

RE:    <u>Commonwealth of Puerto Rico, et al.  v. Shell Oil Co., et al.</u>

Dear Duane:

Enclosed please find a CD containing amended expert reports of Pearson Watson Millican & Company ("PWM") concerning gasoline supply on behalf of Esso Standard Oil Company (Puerto Rico) ("Esso") and Exxon Mobil Corporation ("ExxonMobil"), originally produced April 7, 2014. The revisions to the Esso Report include a revision to the background material and a few corrections of typographical and administrative errors.  Likewise, the revisions to the ExxonMobil Report include a revision to the background material and the correction of a typographical error.

Also enclosed, please find a CD containing the reliance materials for these two reports. These documents have been Bates stamped PR-PWM_000001 through PR-PWM_000026.  PWM relied on the same set of documents for both supply reports.  Attached please find a list of previously-produced or publically available reliance materials not included on the CD.

If you have any questions, please feel free to contact me.

Very truly yours,

*Carlos Bollar / J. Wagner*

CARLOS M. BOLLAR

CMB/mpw
Enclosures

cc:    All Counsel of Record (via LNFS)

10961644v1

Haddonfield, NJ • Philadelphia, PA • Hackensack, NJ • Princeton, NJ
Flemington, NJ • Wilmington, DE • Shrewsbury, NJ • Georgetown, DE • New York, NY

Pearson Watson Millican & Co.

Reliance Materials Previously Produced

Bates Numbered

| Beg. Bates | End Bates |
|---|---|
| XOM-PR-FILES-SUPP-655870 | XOM-PR-FILES-SUPP-655891 |
| XOM-PR-FILES-SUPP-655892 | XOM-PR-FILES-SUPP-655945 |
| XOM-PR-FILES-SUPP-670758 | XOM-PR-FILES-SUPP-670774 |
| XOM-PR-FILES-SUPP-670873 | XOM-PR-FILES-SUPP-670917 |
| XOM-PR-FILES-SUPP-671552 | XOM-PR-FILES-SUPP-671864 |
| XOM-PR-FILES-SUPP-672613 | XOM-PR-FILES-SUPP-672637 |
| XOM-PR-FILES-SUPP-673964 | XOM-PR-FILES-SUPP-673978 |
| XOM-PR-FILES-SUPP-677442 | XOM-PR-FILES-SUPP-677453 |
| XOM-PR-FILES-SUPP-677998 | XOM-PR-FILES-SUPP-678008 |
| XOM-PR-FILES-SUPP-678021 | XOM-PR-FILES-SUPP-678043 |
| XOM-PR-FILES-SUPP-678104 | XOM-PR-FILES-SUPP-678128 |
| XOM-PR-FILES-SUPP-678115 | XOM-PR-FILES-SUPP-678116 |
| XOM-PR-FILES-SUPP-678117 | XOM-PR-FILES-SUPP-678118 |
| XOM-PR-FILES-SUPP-678119 | XOM-PR-FILES-SUPP-678121 |
| XOM-PR-FILES-SUPP-678128 | XOM-PR-FILES-SUPP-678128 |
| XOM-PR-FILES-SUPP-678144 | XOM-PR-FILES-SUPP-678159 |
| XOM-PR-FILES-SUPP-680927 | XOM-PR-FILES-SUPP-680863 |
| XOM-PR-FILES-SUPP-681533 | XOM-PR-FILES-SUPP-681555 |
| XOM-PR-FILES-SUPP-681556 | XOM-PR-FILES-SUPP-681571 |
| XOM-PR-FILES-SUPP-689001 | XOM-PR-FILES-SUPP-689018 |
| XOM-PR-FILES-SUPP-690734 | XOM-PR-FILES-SUPP-690763 |
| XOM-PR-FILES-SUPP-691092 | XOM-PR-FILES-SUPP-691095 |
| XOM-PR-FILES-SUPP-700174 | XOM-PR-FILES-SUPP-700225 |
| XOM-PR-FILES-SUPP-701177 | XOM-PR-FILES-SUPP-701178 |
| XOM-PR-FILES-SUPP-701179 | XOM-PR-FILES-SUPP-701180 |
| XOM-PR-FILES-SUPP-701506 | XOM-PR-FILES-SUPP-701510 |
| XOM-PR-FILES-SUPP-701511 | XOM-PR-FILES-SUPP-701520 |
| XOM-PR-FILES-SUPP-701593 | XOM-PR-FILES-SUPP-701594 |
| XOM-PR-FILES-SUPP-704370 | XOM-PR-FILES-SUPP-704376 |
| XOM-PR-FILES-SUPP-707669 | XOM-PR-FILES-SUPP-707678 |
| XOM-PR-FILES-SUPP-714942 | XOM-PR-FILES-SUPP-714964 |
| XOM-PR-FILES-SUPP-714972 | XOM-PR-FILES-SUPP-714982 |
| XOM-PR-FILES-SUPP-714987 | XOM-PR-FILES-SUPP-714988 |
| XOM-PR-FILES-SUPP-714992 | XOM-PR-FILES-SUPP-715019 |
| XOM-PR-FILES-SUPP-715020 | XOM-PR-FILES-SUPP-715025 |
| XOM-PR-FILES-SUPP-715054 | XOM-PR-FILES-SUPP-715084 |
| XOM-PR-FILES-SUPP-715085 | XOM-PR-FILES-SUPP-715086 |
| XOM-PR-FILES-SUPP-715087 | XOM-PR-FILES-SUPP-715099 |
| XOM-PR-FILES-SUPP-715100 | XOM-PR-FILES-SUPP-715101 |
| XOM-PR-FILES-SUPP-715108 | XOM-PR-FILES-SUPP-715109 |
| XOM-PR-FILES-SUPP-715110 | XOM-PR-FILES-SUPP-715112 |
| XOM-PR-FILES-SUPP-715115 | |
| XOM-PR-FILES-SUPP-716245 | XOM-PR-FILES-SUPP-716249 |
| XOM-PR-FILES-SUPP-716250 | XOM-PR-FILES-SUPP-716254 |
| XOM-PR-FILES-SUPP-716255 | XOM-PR-FILES-SUPP-716259 |
| XOM-PR-FILES-SUPP-716260 | XOM-PR-FILES-SUPP-716266 |
| XOM-PR-FILES-SUPP-716267 | XOM-PR-FILES-SUPP-727514 |
| XOM-PR-FILES-SUPP-716295 | XOM-PR-FILES-SUPP-716595 |
| XOM-PR-FILES-SUPP-716596 | XOM-PR-FILES-SUPP-716784 |
| XOM-PR-FILES-SUPP-716785 | XOM-PR-FILES-SUPP-717007 |
| XOM-PR-FILES-SUPP-717008 | XOM-PR-FILES-SUPP-717710 |
| XOM-PR-FILES-SUPP-717711 | XOM-PR-FILES-SUPP-719691 |
| XOM-PR-FILES-SUPP-718103 | XOM-PR-FILES-SUPP-718345 |
| XOM-PR-FILES-SUPP-719692 | XOM-PR-FILES-SUPP-728194 |
| XOM-PR-FILES-SUPP-720105 | XOM-PR-FILES-SUPP-720306 |
| XOM-PR-FILES-SUPP-720307 | XOM-PR-FILES-SUPP-720425 |
| XOM-PR-FILES-SUPP-720426 | XOM-PR-FILES-SUPP-720542 |
| XOM-PR-FILES-SUPP-720543 | XOM-PR-FILES-SUPP-720626 |
| XOM-PR-FILES-SUPP-720627 | XOM-PR-FILES-SUPP-720806 |
| XOM-PR-FILES-SUPP-720807 | XOM-PR-FILES-SUPP-721088 |
| XOM-PR-FILES-SUPP-721089 | XOM-PR-FILES-SUPP-722094 |
| XOM-PR-FILES-SUPP-722095 | XOM-PR-FILES-SUPP-722143 |
| XOM-PR-FILES-SUPP-722123 | XOM-PR-FILES-SUPP-722131 |
| XOM-PR-FILES-SUPP-722144 | XOM-PR-FILES-SUPP-722160 |
| XOM-PR-FILES-SUPP-722161 | XOM-PR-FILES-SUPP-722175 |
| XOM-PR-FILES-SUPP-722176 | XOM-PR-FILES-SUPP-722191 |
| XOM-PR-FILES-SUPP-722192 | XOM-PR-FILES-SUPP-722204 |
| XOM-PR-FILES-SUPP-722205 | XOM-PR-FILES-SUPP-722218 |
| XOM-PR-FILES-SUPP-722219 | XOM-PR-FILES-SUPP-722233 |
| XOM-PR-FILES-SUPP-722234 | XOM-PR-FILES-SUPP-722241 |
| XOM-PR-FILES-SUPP-722242 | XOM-PR-FILES-SUPP-722279 |
| XOM-PR-FILES-SUPP-722280 | XOM-PR-FILES-SUPP-722306 |
| XOM-PR-FILES-SUPP-722307 | XOM-PR-FILES-SUPP-724507 |
| XOM-PR-FILES-SUPP-724164 | XOM-PR-FILES-SUPP-724181 |
| XOM-PR-FILES-SUPP-724182 | XOM-PR-FILES-SUPP-724206 |
| XOM-PR-FILES-SUPP-724207 | XOM-PR-FILES-SUPP-724214 |

**<u>PROOF OF SERVICE VIA LEXISNEXIS FILE & SERVE</u>**

*Commonwealth of Puerto Rico, et al. v. Shell Oil Co., et al.*, United States District Court, Southern District of New York Case No. No. 07 Civ. 10470 (SAS)

I, the undersigned, declare that I am, and was at the time of service of the paper(s) herein referred to, over the age of 18 years and not a party to this action.  My business address is 1050 Fulton Avenue, Suite 100, Sacramento, CA  95825-4225.

On the date below, I served the following document on all counsel in this action electronically through LexisNexis File & Serve:

**DECLARATION OF DUANE MILLER IN SUPPORT OF OPPOSITION TO EXXON MOBIL CORPORATION'S MOTION TO STRIKE PLAINTIFF'S EVIDENCE IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT FOR LACK OF CAUSATION**

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on December 12, 2014, at Sacramento, California.

KATHY HERRON