# Exhibit G

Articles of Merger
(January 25, 2001)

ARTICLES OF MERGER

OF

MIKECON CORP.

(A DELAWARE CORPORATION)

AND OF

GETTY PETROLEUM MARKETING INC.

(A MARYLAND CORPORATION)

      **FIRST**: Mikecon Corp. and Getty Petroleum Marketing Inc., being the corporations which are the parties to these Articles of Merger, do hereby agree to effect a merger of said corporations upon the terms and conditions herein set forth and as more fully set forth in that certain Agreement and Plan of Merger, dated as of November 2, 2000 (the "*Merger Agreement*"), by and among OAO LUKOIL ("*Parent*"), LUKOIL International GmbH ("*LUKOIL Austria*"), LUKOIL Americas Corporation ("*LUKOIL Americas*"), Mikecon Corp., ("*Mikecon*" and, together with Parent, LUKOIL Austria and LUKOIL Americas, the "*LUKOIL Entities*"), and Getty Petroleum Marketing Inc. ("*Getty*").

      **SECOND**: The name of the successor corporation is Getty Petroleum Marketing Inc., which is a corporation incorporated in the State of Maryland under the provisions of the Maryland General Corporation Law (the "*MGCL*") with its principal office in the State of Maryland located in the City of Baltimore and which will continue its corporate existence under its present name pursuant to the provisions of the MGCL.

      **THIRD**: The name of the corporation to be merged into the successor corporation is Mikecon Corp., which is a corporation incorporated in the State of Delaware, which was incorporated under general law in said state on October 19, 2000 and the corporate existence of which will cease upon the effective date of the merger in accordance with the provisions of the general laws of the said state.

      Mikecon has no principal office and owns no land or other property in the State of Maryland.

      Mikecon is not registered or qualified to do business in Maryland.

      **FOURTH**: No amendments to the charter of Getty are to be effected as part of the merger.

1

052191 0001 222085 v4

[Stamp: STATE OF MARYLAND — I hereby certify that this is a true and complete copy of the page document on file in this office. Dated: 1-25-01 — Maryland Department of Assessments and Taxation — Custodian — This stamp supersedes our previous certification system. Effective: 6/95]

to these Articles of Merger at the time of execution thereof is as follows:

|  | **Getty** | **Mikecon** |
|---|---|---|
| Total number of shares of all classes: | 40,000,000 | 100 |
| Number and par value of shares of each class: | Common Stock 30,000,000 $.01 par value | Common Stock 100 $.01 par value |
|  | Preferred Stock 10,000,000 $.01 par value |  |
| Aggregate par value of all shares with par value: | $400,000 | $1 |

        **SIXTH**: Upon the effective time of the merger (as hereinafter defined, the *"Effective Time"*), each issued and outstanding share of Getty common stock, par value $.01 per share (the *"Getty Common Stock"*) (other than shares previously cancelled or shares for which appraisal rights have been properly asserted as set forth below) shall be converted into the right to receive $5.00 in cash, without interest (the *"Merger Consideration"*). Upon the Effective Time, all shares of Getty Common Stock shall no longer be outstanding and shall automatically be retired and shall cease to be outstanding, and each holder of a certificate representing any such shares of Getty Common Stock shall cease to have any rights with respect thereto, except the right to receive, upon the surrender of such certificates, the Merger Consideration.

        Each share of Getty Common Stock that is owned by Getty, any of the LUKOIL Entities or any wholly owned subsidiary of Getty or of a LUKOIL Entity shall automatically be cancelled and shall cease to be outstanding, and no Merger Consideration shall be delivered in exchange therefor.

        Each issued share of stock of Mikecon, upon the Effective Time, shall be converted into and become 200,000 fully paid and nonassessable shares of Getty Common Stock.

        **SEVENTH**: The terms and conditions of the merger herein set forth were advised, authorized, and approved by Getty in the manner and by the vote required by its charter and the provisions of the MGCL, and the said merger was approved in the manner hereinafter set forth.

        **EIGHTH**: The merger was duly advised by the Board of Directors of Getty in the

053191.0001 222085 v4

2

following manner. Said Board of Directors of Getty adopted a resolution declaring that the merger of Mikecon into Getty is advisable substantially upon the terms and conditions set forth or referred to in said resolution. Said resolution of the Board of Directors was adopted at a meeting duly held on November 2, 2000, at which a quorum was present, and at which the Board acted by at least a majority of its members present thereat.

NINTH: The Special Merger Committee of the Board of Directors of Getty directed the Secretary of the corporation to prepare a written notice of the time, place, and purpose of a meeting of stockholders of Getty to take action upon the proposed merger and the aforesaid terms and conditions and to furnish a copy of said notice to all of the stockholders of Getty entitled to vote upon the proposed merger and the aforesaid terms and conditions, unless said stockholders shall duly waive notice of the meeting.

TENTH: The merger and the aforesaid terms and conditions were duly approved by the stockholders of Getty in the following manner. At a meeting of stockholders duly held on January 25, 2001, pursuant to notice duly given, the stockholders approved the same by the affirmative vote of at least a majority of all of the votes entitled to be cast thereon.

ELEVENTH: The terms and conditions of the merger herein set forth were duly advised, authorized, and approved, in respect of Mikecon, in the manner and by the vote required by the charter of Mikecon and by the laws of the State of Delaware, which is the state of incorporation of Mikecon.

TWELFTH: The merger was duly advised by the Board of Directors of Mikecon in the following manner. Said Board of Directors of Mikecon adopted a resolution declaring that the merger of Mikecon into Getty is advisable substantially upon the terms and conditions set forth or referred to in said resolution. Said resolution of the Board of Directors was adopted by written consent of the sole director as provided under Section 141 of the Delaware General Corporation Law ("*DGCL*").

THIRTEENTH: The merger and the aforesaid terms and conditions were duly approved by written consent the sole stockholder of Mikecon as provided under Section 228 of the DGCL.

FOURTEENTH: The Secretary of Mikecon certified in the Merger Agreement that it was approved by the sole stockholder of Mikecon.

FIFTEENTH: The merger may be abandoned prior to the Effective Time by a majority vote of the entire board of directors of either Mikecon or Getty in accordance with the provisions of the Merger Agreement.

The Effective Time of the merger herein provided for, insofar as the laws of the State of Maryland govern such Effective Time, shall be the time at which the Articles of Merger are accepted for record by the Department (the "*Effective Time*").

3

052191.0001 222085 v4

Each of the undersigned Chairman and Chief Executive Officer and President acknowledges these Articles of Merger to be the corporate act of the respective corporate party on whose behalf he has signed, and further, as to all matters or facts required to be verified under oath, each Chairman and Chief Executive Officer and President acknowledges that to the best of his knowledge, information and belief, the matters and facts relating to the corporation on whose behalf he has signed are true in all material respects and that this statement is made under the penalties for perjury.

IN WITNESS WHEREOF, these Articles of Merger are hereby signed for and on behalf of Mikecon by its Chairman and Chief Executive Officer and attested to by its Assistant Secretary and are hereby signed in the name and on behalf of Getty by its President and attested to by its Secretary.

MIKECON CORP.

By _____
Name: Vadim Gluzman
Title: Chairman and Chief Executive Officer

Attest:

_____
Assistant Secretary

Dated: January 25, 2001

GETTY PETROLEUM MARKETING INC.

By _____
Name: Vincent J. DeLaurentis
Title: President and Chief Operating Officer

Attest:

_____
Secretary

Dated: January 25, 2001

052191.0001 222083 v4

4