

Boston  Brussels  Chicago  Düsseldorf  Frankfurt  Houston  London  Los Angeles  Miami
Milan  Munich  New York  Orange County  Paris  Rome  Seoul  Silicon Valley  Washington, D.C.

Strategic alliance with MWE China Law Offices (Shanghai)

Peter John Sacripanti
Chairman
psacripanti@mwe.com
+1 212 547 5583

January 7, 2015

BY HAND DELIVERY AND ELECTRONIC MAIL

The Honorable Shira A. Scheindlin
United States District Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 1620
New York, New York  10007-1312

      Re:     Master File C.A. No. 1:00-1898 (SAS), M21-88, MDL No. 1358
           *Defendants' Pre-Conference Letter for January 15, 2015 Conference*

Dear Judge Scheindlin:

Defendants respectfully submit this letter in advance of the January 15, 2015 conference.

## COURT'S AGENDA ITEMS

### I & II. *New Jersey*: Remand and Update on Settlements

Consistent with the Court's direction, Defendants' Pre-Conference letter does not address Plaintiffs' request to file a motion for suggestion of remand.  Defendants refer the Court to their December 24, 2014 letter on this issue.  Regarding the Court's second agenda item, Defendants do not have information to report on settlement updates.

### III. *Pennsylvania*: Review of Current Procedural Posture of the Case

On June 19, 2014, the Commonwealth of Pennsylvania filed two separate complaints against a number of gasoline marketers and refiners in the Philadelphia Court of Common Pleas.  The first lawsuit asserted mostly familiar causes of action arising from the alleged sale of gasoline containing MTBE ("MTBE Lawsuit" or "MTBE Claims").  The second lawsuit alleged that a group of retail gasoline service station owners and operators, some of whom are also refiners, failed to disclose certain insurance policies and related lawsuits and settlements in connection with receipt of reimbursements from the Commonwealth ("Insurance Lawsuit" or "Insurance Claims").  Both actions were removed to the Eastern District of Pennsylvania in July 2014.  The MTBE Lawsuit was subsequently transferred to this Court as an MDL 1358 tag-along action; the Insurance Lawsuit was not.  On September 27, while the Insurance Defendants' motion to dismiss was pending in the

U.S. practice conducted through McDermott Will & Emery LLP.

The Honorable Shira A. Scheindlin
January 7, 2015
Page 2

Eastern District of Pennsylvania, the Commonwealth voluntarily dismissed the Insurance Lawsuit.

During the October 2014 MDL 1358 status conference, Plaintiffs' counsel in the MTBE Lawsuit announced that the Commonwealth would be filing an Amended Complaint. The Amended Complaint did not alter the MTBE Claims, but did add three causes of action copied from the original Insurance Lawsuit complaint.  Currently pending before the Court, and described below, is certain Insurance Defendants' motion to sever the unrelated Insurance Claims pursuant to Federal Rule of Civil Procedure 21 or, in the alternative, to dismiss.  Also pending before the Court are two defendant-specific motions to dismiss, and the MTBE Defendants' motion to dismiss certain claims. Depending on the outcome of the pending dispositive motions, certain Defendants may need to file amended Master Answers or initial Answers (for the new Insurance Defendants).

IV.     *Pennsylvania*: Overview of Issues and Arguments Presented in the Pending Motions

A. *The MTBE Defendants' Motion to Dismiss* – Certain defendants have moved pursuant to Rule 12(b)(6) to dismiss or limit Counts III, V and VI of the Amended Complaint.  First, Count III – public nuisance – fails as a matter of law to the extent that it seeks to impose liability on Defendants based upon their alleged manufacture or distribution of MTBE or MTBE gasoline.  Many courts, including this Court and the Eastern District of Pennsylvania, have refused to expand public nuisance law to the manufacturing, marketing, and distribution of products.  Instead, courts have focused public nuisance liability on the entity that had control of the source of the nuisance at the time the injury – *i.e.,* release of MTBE gasoline – occurred.

Second, Plaintiffs' trespass claim (Count V) fails for a reason very familiar to the Court – Plaintiffs are not in exclusive possession of the "waters of the Commonwealth," which is a necessary element of a trespass claim under Pennsylvania law.

Finally, Plaintiffs' UTPCPL claim (Count VI) suffers from several fatal deficiencies. Plaintiffs' pleading is insufficient under the *Iqbal* and *Twombly* decisions, as it makes only vague, conclusory allegations against all "Defendants" indiscriminately, without providing any individual Defendant sufficient notice of how it supposedly violated the consumer protection statute.  In addition, the cause of action fails to the extent that it raises claims under three provisions of the UTPCPL that prohibit false advertising, as the Complaint fails to identify a single false advertisement by any Defendant.  Lastly, Plaintiffs improperly seek "restoration," relief that is statutorily available only to "persons" – a term that the Pennsylvania Supreme Court has interpreted to exclude the Commonwealth and other public entities.

B. *The Insurance Defendants' Motion to Sever and for Suggestion of Remand or, in the Alternative, to Dismiss* –  First, certain of the Insurance Defendants moved the Court to sever the Insurance Claims under Federal Rule of Civil Procedure 21 and suggest to the JPML that these claims be remanded to the Eastern District of Pennsylvania pursuant to Panel Rule 10.1(b). Plaintiffs' Insurance Claims do not share a common nucleus of fact with the MTBE Claims and, unlike the MTBE Claims, they do not fit within the scope of MDL 1358.  The JPML created

The Honorable Shira A. Scheindlin
January 7, 2015
Page 3

MDL 1358 to adjudicate product liability claims that relate to allegations of drinking water contamination resulting from MTBE contamination or a party's alleged failure to disclose known risks of MTBE. Plaintiffs' Insurance Claims, on the other hand, allege that the Insurance Defendants failed to disclose alleged insurance coverage when applying for reimbursements from Pennsylvania's UST reimbursement fund. The two sets of claims involve distinct legal and factual issues and little or no overlapping discovery.

In the alternative, the Insurance Defendants moved to dismiss the Insurance Claims for failure to state a claim. Plaintiffs' Insurance Claims all seek to claw back UST fund reimbursements the Commonwealth made to the Insurance Defendants based on allegations that these Defendants failed to disclose insurance coverage and related lawsuits and settlements that Plaintiffs argue may have applied to the UST releases reimbursed by the fund. But no Pennsylvania law or regulation required such disclosures. To the contrary, Pennsylvania law expressly *permits* Fund claimants to receive the fund's "primary coverage" for corrective action costs *and* obtain coverage for liability not insured by the fund through insurance. Accordingly, Plaintiffs' Insurance Claims fail to state a claim for relief.

All three of Plaintiffs' Insurance Claims also have independent legal flaws. Plaintiffs' claim for "subrogation rights" (Count VII) is not a cause of action recognized under Pennsylvania statutory or common law. Count VIII, for unjust enrichment, is unavailable where, as here, statutory standards for recovery have been set by the legislature. And Plaintiffs' statutory claim (Count IX) fails because Plaintiffs fail to allege any violation of a statutory or regulatory duty.

*C. LUKOIL Americas Corporation's Motion to Dismiss* – LUKOIL Americas Corporation's ("LAC") motion asks the Court to dismiss all claims against LAC under Federal Rule of Civil Procedure 12(b)(2), because LAC is a separately incorporated holding company that lacks contacts with Pennsylvania and has never done any business involving MTBE or the Underground Storage Tank Indemnification Fund (USTIF). Through its motion, LAC also joined the 12(b)(6) motions described above.

*D. CITGO Defendants' Motion to Dismiss* – CITGO Petroleum Corporation and CITGO Refining and Chemicals Company L.P. ("CITGO") ask the Court to dismiss the newly added insurance claims (Counts VII, VIII and IX) against them pursuant to Federal Rule of Civil Procedure 12(b)(6), because Plaintiffs make no factual allegations specific to CITGO. CITGO is mentioned only one time – in Plaintiffs' list of alleged "Insurance Defendants" – but no factual allegations are made that would reveal why CITGO was included in this list. Thus, these claims against CITGO fail to comply with Federal Rule of Civil Procedure 8(a). In addition, CITGO joins in Certain Insurance Defendants' Motion to Dismiss and the MTBE Defendants' Motion to Dismiss.

**V.    *Pennsylvania*: Briefing Schedule/Additional Motions Contemplated**

The Court has set the following briefing schedule for the pending motions: Plaintiffs' opposition briefs are due on February 20, 2015; Defendants' reply briefs are due on March 20, 2015.

The Honorable Shira A. Scheindlin
January 7, 2015
Page 4

At this time, Defendants do not anticipate the immediate filing of any additional motions.

**VI.**     *Puerto Rico***: Identification and Discussion of Common Issues Affecting Some or All Motions for Summary Judgment**

Defendants have identified two common issues or arguments in the summary judgment motions.  First, Certain Defendants' Motion for Summary Judgment for Lack of Causation includes an argument that Plaintiffs bear the burden of proving that the MTBE gasoline from a given defendant caused harm to the Commonwealth.  The Shell Defendants' motion for Summary Judgment incorporates this same argument by reference.

Second, two motions – the Shell Defendants' Motion for Summary Judgment and Certain Defendants' Motion for Summary Judgment on Counts I & IV (Strict Product Liability for Defective Design and Failure to Warn and Negligent Design and Failure to Warn) – implicate the Commonwealth's *de minimis* exception to the statutory ban on MTBE in gasoline.  Pursuant to Puerto Rico regulations, gasoline sold in Puerto Rico may contain up to 0.5% MTBE by volume. The Shell Defendants and the Certain Defendants argue that supply or manufacture of gasoline containing less than the permitted *de minimis* level of MTBE does not support liability under either a strict product liability theory or a negligent product design theory.

**VII.**     *Puerto Rico***: Overview of Arguments & Common Issues Presented in Motions to Strike**

After receiving Plaintiffs' oppositions to Defendants' motions for summary judgment, certain Defendants filed three motions to strike.  First, Defendant Exxon Mobil Corporation moved to strike a new theory of liability disclosed by Plaintiffs for the first time in opposition to ExxonMobil's motion for summary judgment for lack of causation.  ExxonMobil had previously served Plaintiffs with contention interrogatories that specifically sought Plaintiffs' theory(ies) of liability against ExxonMobil and the facts supporting such theories.  Plaintiffs failed to amend their interrogatory responses or otherwise disclose the new theory of liability that Plaintiffs first revealed in opposing ExxonMobil's motion for summary judgment. This Court has held that a failure to disclose a theory of liability in response to contention interrogatories warrants preclusion unless the failure was harmless or justified – neither of which is the case here.

Second, Defendants HOVIC and HOVENSA moved to strike three summary charts submitted by Plaintiffs in opposition to Certain Defendants' Motion for Summary Judgment for Lack of Causation.  Portions of these charts simply are irrelevant to the issues raised in that summary judgment motion.  More importantly, the charts are inadmissible under FRE 1006 because 1) Plaintiffs have not established that the underlying documents are admissible; and 2) the first chart contains opinions and is not a mere summary of underlying documents.  Plaintiffs' summary charts should be precluded or disregarded by the Court when determining the outcome of the Causation Motion because Plaintiffs failed to follow the requirements of Rule 1006.

Finally, Defendants moved to strike the "sham" declaration of Luis Pagán Rodriguez submitted in opposition to Defendants' motions for summary judgment.  Mr. Pagán is an employee

The Honorable Shira A. Scheindlin
January 7, 2015
Page 5

of the Puerto Rico Department of Consumer Affairs (DACO) and served as Plaintiffs' 30(b)(6) witness regarding, *inter alia*, the rationale behind the Commonwealth's laws and regulations permitting a *de minimis* (up to 0.5% by volume) amount of MTBE in gasoline. At his deposition, Mr. Pagán clearly recognized the *de minimis* exception to Puerto Rico's statutory ban on MTBE, but consistently testified that he lacked knowledge or expertise concerning the basis for the ban or DACO's corresponding Administrative Order setting a *de minimis* exception. Nonetheless, a year later, Plaintiffs submitted the Pagán declaration in opposition to Defendants' motions for summary judgment. In his declaration, Mr. Pagán makes statements directly contrary to his deposition testimony attempting to limit the applicability of Commonwealth-wide *de minimis* exception, and he purports to now have knowledge and expertise on the same issues of which he lacked knowledge a year ago. Pursuant to the "sham issue of fact doctrine," Defendants moved to strike the Pagán Declaration because it flatly contradicted his prior testimony and is a transparent last-ditch effort to oppose summary judgment.

Defendants have not identified common issues presented in these three motions to strike.

### VIII.   *Puerto Rico*: Update on Proceedings Before the Puerto Rico Supreme Court Regarding Certified Question

As the Court is aware, on December 22, 2014, the Puerto Rico Supreme Court declined certification. Today, shortly before the filing of this letter, Plaintiffs moved for reconsideration.

### DEFENDANTS' AGENDA ITEM

### I.   *Puerto Rico*: Request for Leave to File Summary Judgment Motion Based on Statute of Limitations in PR I and Leave to File Motion to Dismiss in PR II

Defendants previously informed the Court that they intend to bring a summary judgment motion in *Puerto Rico I* based on the Puerto Rico one-year statute of limitations. *Oct. 1, 2014 Status Conf. Tr.*, at 23. However, Defendants and the Court acknowledged that the success of that motion hinged on the applicability of the new Law No. 53 and, therefore, any opinion rendered by the Puerto Rico Supreme Court on certification. *Id.* Similarly, the time for Defendants to move or answer in *Puerto Rico II* was stayed *sine die* pending the outcome of certification. While Defendants believe that the need to file a motion to dismiss in *Puerto Rico II*, or the scope of any such motion, could be limited by further discussions with Plaintiffs, motion practice may remain necessary.

Prior to receiving notice of Plaintiffs' motion for reconsideration, Defendants intended to request leave to file these motions. Because Plaintiffs' motion for reconsideration could be resolved prior to the January 15 conference, Defendants have kept this issue on the agenda.

The Honorable Shira A. Scheindlin
January 7, 2015
Page 6


Respectfully submitted,

*Peter John Sacripanti*

Peter John Sacripanti


cc:  All Counsel of Record by LNFS, Service on Plaintiffs' Liaison Counsel