**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------- X
                                                      :

**IN RE: METHYL TERTIARY BUTYL**    :
**ETHER ("MTBE") PRODUCTS**    :
**LIABILITY LITIGATION**    :
-------------------------------------------------- :

                                                      :

**This document relates to:**    :
                                                      :

*Commonwealth of Puerto Rico, et al. v.*    :
*Shell Oil Co., et al.*, 07 Civ. 10470    :
                                                      :
-------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/10/15

**OPINION AND ORDER**

**Master File No. 1:00-1898**
**MDL 1358 (SAS)**
**M21-88**

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

**I.     INTRODUCTION**

        This is a consolidated multi-district litigation ("MDL") relating to

contamination — actual or threatened — of groundwater from various defendants'

use of the gasoline additive methyl tertiary butyl ether ("MTBE") and/or tertiary

butyl alcohol, a product formed by the breakdown of MTBE in water.  In this case,

the Commonwealth of Puerto Rico ("the Commonwealth") alleges that defendants'

use and handling of MTBE has contaminated, or threatened to contaminate

groundwater within its jurisdiction.  Familiarity with the underlying facts is

presumed for the purposes of this Order.

        Currently before the court is a motion for partial summary judgment

brought by defendant Sol Puerto Rico Limited ("Sol"), formerly known as The

Shell Company (Puerto Rico) Limited, in connection with certain remedies sought by the Commonwealth for injunctive relief and costs related to the investigation and remediation of MTBE at Trial Site No. 3.[1] For the following reasons, the motion is DENIED.

## II.   BACKGROUND[2]

Before the Commonwealth filed this action, Sol, in preparation for a sale of its shares, had begun investigating possible MTBE presence at Trial Site No. 3.[3] Specifically, in 2006, Sol designed an Environmental Assessment Program ("EAP") to conduct environmental studies at various service stations it owned.[4] Trial Site No. 3 was one of the sites covered by the EAP.[5] On April 16, 2006,

---

[1]   *See* Case Management Order No. 117, Dkt. 457 (charting the claims asserted against each defendant at each trial site at issue).

[2]   The facts recited below are drawn from the pleadings, the parties' Local Civil Rule 56.1 Statements, the declarations submitted in connection with this motion, and the exhibits attached thereto. These facts are undisputed unless otherwise noted. Where disputed, the facts are viewed in the light most favorable to the nonmoving party. *See Beard v. Banks*, 548 U.S. 521, 529-30 (2006).

[3]   *See* Memorandum of Law in Support of Sol Puerto Rico Limited's Motion for Partial Summary Judgment for Lack of Certain Damages ("Def. Mem.") at 1; Rule 56.1 Statement in Support of Sol Puerto Rico Limited's Motion for Partial Summary Judgment for Lack of Certain Damages ("Def. 56.1") ¶ 9.

[4]   *See* Def. 56.1 ¶ 9.

[5]   *See* Def. Mem. at 1.

Puerto Rico's Environmental Quality Board ("EQB") approved Sol's EAP.[6]

   The EAP was to be carried out in three phases.  *First*, Sol would "more closely survey sites that presented high concentrations of hydrocarbons, and other gasoline constituents, including MTBE, to determine the extent of such concentrations, and report its findings to the EQB." [7]  *Second*, Sol would "prepare and submit to the EQB a corrective action plan to perform remediation activities at such sites."[8]  *Third*, Sol would begin remediation for any area found to be affected once the EQB approved the corrective action plan.[9]

   To date, Sol has largely complied with the EAP, performing work pre-dating and post-dating the instant suit in connection with testing, sampling, and evaluating Trial Site No. 3.[10]  However, much like this MDL, the EAP has been a slow and contested process.

   Upon approving the EAP in April 2006, EQB requested that Sol

---

[6]  *See* Def. 56.1 ¶ 9.

[7]  Def. Mem. at 2.

[8]  *Id.*

[9]  *See* Def. 56.1 ¶ 10.

[10]  *See id.* ¶¶ 11-14.

submit generic sampling plans before conducting further sampling.[11]  It took Sol more than two years to submit quality assurance plans for the generic site assessment work, which plans EQB approved in December 2008.[12]

Nearly two years later, Sol submitted to EQB an Environmental Assessment Work Plan for soil and groundwater investigations to be conducted specifically at Trial Site No. 3.[13]  Another two years passed before Sol, on August 30, 2012, submitted to EQB the results of these investigations.[14]  More than a year later, in November 2013, Sol submitted yet another Environmental Site Assessment Work Plan for additional investigative work at Trial Site No. 3, the results of which were submitted to EQB in April 2014.[15]

That same month, Sol submitted a corrective action plan for Trial Site No. 3, which included remediation for MTBE and tertiary butyl alcohol ("TBA")

---

[11]     *See* Plaintiff's Memorandum of Law in Opposition to Sol Puerto Rico Limited's Motion for Partial Summary Judgment for Lack of Certain Damages ("Pl. Mem.") at 4.

[12]     *See id.*

[13]     *See* Def. 56.1 ¶ 13.

[14]     *See* Pl. Mem. at 4.

[15]     *See* Def. 56.1 ¶ 14.

4

detected at the site.[16]  EQB preliminarily declined to approve this plan in late

October 2014 (one week prior to the deadline for the Commonwealth to oppose the

instant motion), noting that the extent of MTBE contamination might need to be

further delineated.[17]

   The Commonwealth generally questions the sufficiency of Sol's

investigative efforts, and potential future remediation, under the EAP.[18]  Fueling

the Commonwealth's skepticism are both EQB's preliminary denial of Sol's

proposed corrective action plan, noted above, and Sol's challenge of an order

issued in an administrative proceeding by EQB requiring Sol to install new wells

for MTBE sampling purposes.[19]  The Commonwealth concludes that it is unclear

that the "actions proposed by Sol, even if implemented, would adequately address

---

[16]     *See id.* ¶ 12.

[17]     *See* Pl. Mem. at 11; 10/31/14 Letter from EQB to Sol ("Deficiency Letter"), Ex. 3 to Declaration of Victor L. Cardenas, Jr., counsel for the Commonwealth ("Cardenas Decl.").

[18]     *See* Pl. Mem. at 10-12.

[19]     *See id.* at 6; Reply Brief in Further Support of Sol Puerto Rico Limited's Motion for Partial Summary Judgment for Lack of Certain Damages ("Reply Mem.") at 5-6.  Sol has filed a motion for reconsideration of its unsuccessful challenge to the order in the administrative proceeding; EQB has taken the motion under advisement.  *See id.* at 6.

the harm that prompted the Commonwealth to file its complaint."[20]  Finally, the Commonwealth expresses concern over the possibility that Sol might at some point in the future cease complying with the terms of the EAP, characterizing Sol's actions to date as purely voluntary.[21]

## III.   LEGAL STANDARD

Summary judgment is appropriate "only where, construing all the evidence in the light most favorable to the non-movant and drawing all reasonable inferences in that party's favor, there is 'no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law.'"[22]  "A fact is material if it might affect the outcome of the suit under the governing law, and an issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[23]

"[T]he moving party has the burden of showing that no genuine issue of material fact exists and that the undisputed facts entitle [it] to judgment as a

---

[20]     Pl. Mem. at 12.

[21]     *See id.* at 13.  So far, Sol has shouldered the investigation costs at Trial Site No. 3.  *See* Def. 56.1 ¶¶ 4-7.

[22]     *Rivera v. Rochester Genesee Reg'l Transp. Auth.*, 743 F. 3d 11, 19 (2d Cir. 2014) (quoting Fed. R. Civ. P. 56(c)) (some quotation marks omitted).

[23]     *Windsor v. United States*, 699 F.3d 169, 192 (2d Cir. 2012), *aff'd*, 133 S. Ct. 2675 (2013) (quotations and alterations omitted).

matter of law."[24]  To defeat a motion for summary judgment, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts,"[25] and "may not rely on conclusory allegations or unsubstantiated speculation."[26]

In deciding a motion for summary judgment, "[t]he role of the court is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried."[27]  "'Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.'"[28]

## IV.   DISCUSSION

In essence, Sol seeks a court order stating that the Commonwealth is not entitled to certain relief associated with the investigation and remediation of

---

[24]     *Coollick v. Hughes*, 699 F.3d 211, 219 (2d Cir. 2012) (citations omitted).

[25]     *Brown v. Eli Lilly & Co.,* 654 F.3d 347, 358 (2d Cir. 2011) (quotation marks and citations omitted).

[26]     *Id.* (quotation marks and citations omitted).

[27]     *Cuff ex rel. B.C. v. Valley Cent. Sch. Dist.*, 677 F.3d 109, 119 (2d Cir. 2012).

[28]     *Barrows v. Seneca Foods Corp.*, 512 Fed. App'x 115, 117 (2d Cir. 2013) (quoting *Redd v. New York Div. of Parole*, 678 F.3d 166, 174 (2d Cir. 2012)).

Trial Site No. 3 because Sol has already provided and paid for, and will continue to provide and pay for, the requested relief.  This request is denied for at least two reasons.  *First*, Sol's position fails as a matter of law.  The Second Circuit rejected a similar argument in this MDL in its *Exxon Mobil Corp. v. City of New York* opinion, noting that defendants "conflate[d] [plaintiff's] injury with damages."[29] *Second*, there is a material dispute of fact over the completeness of Sol's investigative efforts and the sufficiency of its proposed remediation plan.  I cannot deny the Commonwealth relief to which it may be entitled but has not yet received. These two fatal flaws are explained more fully below.

### A.    No Legal Theory Supports Sol's Motion

Sol cites only one legal authority in its entire opening brief.  The lone case, passively referenced in the brief's conclusion, stands for a general, obvious proposition:  "[t]o receive compensation for an injury, [p]laintiffs must have really suffered it and prove it."[30]  Understandably, the Commonwealth struggles in its opposition brief to attack the legal basis for Sol's motion, which Sol finally reveals

---

[29]      *In re MTBE*, 725 F.3d 65, 109 (2d Cir. 2013), *cert. denied sub nom.*, *Exxon Mobil Corp. v. City of N.Y., N.Y.*, 134 S. Ct. 1877 (2014).

[30]      Def. Mem. at 9 (citing *Cintron Adorno v. Gomez*, 147 D.P.R. 576, 1999 WL 202903 (P.R. Feb. 22, 1999).

in its reply brief to be, in part, the doctrine of ripeness.[31]  On that theory, Sol

contends that the Court should prohibit the Commonwealth at this pre-trial stage

from seeking relief that Sol has already provided or has promised to provide in the

future.  Until it becomes apparent that the Commonwealth will actually incur

certain damages or suffer certain harm, Sol insists that the issue of relief for such

harm is not ripe for adjudication.

   But there is simply no legal theory that supports Sol's motion.[32]  In

*City of New York*, defendants attempted to argue that plaintiff's claims were unripe

largely because certain damages flowing from plaintiff's alleged injuries were "too

speculative to support recovery."[33]  The Second Circuit properly rejected this

reasoning, emphasizing that the ripeness doctrine applies to whether an injury

---

[31]  *See* Reply Mem. at 8.

[32]  The two main cases Sol relies on in its *reply brief* for the proposition that the Commonwealth cannot recover damages it allegedly has not or will not suffer are completely inapposite, especially at this stage of the litigation.  *See* Reply Mem. at 2.  One case, which was ultimately overturned in a seminal Supreme Court decision, addressed the amount in controversy threshold requirements for diversity jurisdiction.  *See Del Rosario Ortega v. Star-Kist Foods, Inc.*, 213 F. Supp. 2d 84 (D.P.R. 2002), *aff'd in part, vacated in part, remanded sub nom.*, *Rosario Ortega v. Star-Kist Foods, Inc.*, 370 F.3d 124 (1st Cir. 2004), *rev'd and remanded sub nom.*, *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005). The other case reviewed a *jury's* award of damages under Massachusetts law.  *See Smith v. Dorchester Real Estate, Inc.*, 732 F.3d 51 (1st Cir. 2013).

[33]  *In re MTBE*, 725 F.3d 65 at 111.

exists in the first instance, not to the scope of damages resulting from the alleged injury.[34]

Here, as in *City of New York*, defendants "mistakenly conflate[] the nature of [plaintiff's] claimed damages with its injury."[35]  The Commonwealth's lawsuit is predicated on a present injury.  Whether that injury is "significant enough for [the Commonwealth] to prevail on its claims" against Sol may ultimately be a question for a jury to decide.[36]  Denying Sol's motion does not relieve the Commonwealth of its eventual burden to prove damages, which may wind up being quite limited or even non-existent depending on Sol's continued compliance with the EAP.  But there is no legal reason, much less a prudential one, to deprive the Commonwealth of the opportunity to prove those damages or demonstrate entitlement to injunctive relief.[37]

---

[34]     *See id.*

[35]     *Id.* at 110.

[36]     *Id.* at 110-11.  This of course is contingent, at least in part, on the disposition of the numerous other summary judgment motions now pending before the Court and any potential future settlements in this action.

[37]     In its reply brief, Sol strenuously objects to the Commonwealth's characterization of Sol's efforts to date as "voluntary."  *See generally* Reply Mem. Sol suggests that it is under a legal obligation to comply with the EAP – despite the fact that Sol voluntarily initiated the EAP for self-interested business reasons – because Sol is required to observe EQB regulations.  *See generally id.*  While this debate is not vital to deciding the motion, I note that Sol's position suffers from

**B.     Disputed Issues of Fact Further Preclude Partial Summary Judgment**

Sol's motion must also be denied because the extent to which the contamination at Trial Site No. 3 has been properly delineated, and the extent to which Sol's proposed remediation plan would adequately address the Commonwealth's alleged injury, are in dispute.  EQB's preliminary denial of Sol's proposed remediation plan calls into question whether the actions Sol claims serve as the basis for its motion are sufficient to compensate the Commonwealth for its alleged injury with respect to investigation and remediation.  Because there is a dispute over the sufficiency and completeness of Sol's investigation and proposed remediation plans, I cannot conclude, as a matter of law, that the Commonwealth is not entitled to damages or an injunction against Sol for investigation and remediation work at Trial Site No. 3.  These are all issues that would require a resolution at trial when assessing damages stemming from any injury the Commonwealth is able to prove.

**V.     CONCLUSION**

For the foregoing reasons, Sol's motion for partial summary judgment

---

two inescapable realities.  *First*, the Commonwealth is authorized by statute to pursue both administrative and judicial remedies, which are independent of each other and do not serve identical purposes.  *Second*, there is no formal enforcement order in place requiring Sol to do what it has done, or what, specifically, it may need to do in the future, to provide appropriate relief to the Commonwealth.

11

is DENIED.  The Clerk of the Court is directed to close the motion (Dkt. No. 483).


SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            February 10, 2015

## - Appearances -

**Liaison Counsel for Plaintiffs:**        **Liaison Counsel for Defendants:**

Robert J. Gordon, Esq.                     Peter J. Sacripanti, Esq.
Robin L. Greenwald, Esq.                   James A. Pardo, Esq.
William A. Walsh, Esq.                     Lisa A. Gerson, Esq.
Weitz & Luxenberg, P.C.                    McDermott Will & Emery LLP
180 Maiden Lane                            50 Rockefeller Plaza, 11th Floor
New York, NY 10038                         New York, NY 10020
(212) 558-5500                             (212) 547-5583

**Counsel for the Commonwealth**: **Counsel for Sol:**

Victor L. Cardenas, Jr., Esq.              Juan A. Marques-Diaz, Esq.
William J. Jackson, Esq.                   Jorge J. Garcia-Diaz, Esq.
John D.S. Gilmour, Esq.                    Alejandro J. Cepeda-Diaz, Esq.
Jackson Gilmour & Dobbs, P.C.              McConnell Valdes LLC
3900 Essex, Suite 700                      P.O. Box 364225
Houston, TX 77027                          San Juan, PR 00936
(713) 355-5000                             (787) 250-2619