Law Offices of
# MILLER & AXLINE
A Professional Corporation

DUANE C. MILLER
MICHAEL AXLINE

TRACEY L. O'REILLY
DANIEL BOONE
JUSTIN MASSEY
BRYAN BARNHART
DAVE E. BLUM
MOLLY MCGINLEY HAN

March 12, 2015

**VIA CM-ECF AND EMAIL**

The Honorable Shira A. Scheindlin
United States District Court
Southern District of New York
500 Pearl Street, Room 1620
New York, New York 10007

    Re:    *In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation* MDL No. 1358
           *Commonwealth of Pennsylvania v. Exxon Mobil Corp., et al.*
           Case No. 1:14-cv-06228-SAS

Dear Judge Scheindlin:

      Defendant Lukoil Americas Corporation ("LAC") moved to dismiss the Commonwealth of Pennsylvania's complaint for lack of personal jurisdiction. This Court allowed the Commonwealth a limited time to pursue jurisdictional discovery. That discovery has included requests for information related to piercing the corporate veil between LAC and its now-bankrupt subsidiary Getty Petroleum Marketing Inc. ("GPMI"). First Amended Complaint at ¶ 72.

      At the March 5, 2015, status conference, the parties disagreed about whether federal or state law governs the issue of piercing the corporate veil in the context of a challenge to this Court's jurisdiction over LAC. The Court directed the parties to brief that choice of law issue on a shortened schedule.

      As set forth more fully below, the law to apply when considering a veil-piercing response to a personal jurisdiction challenge in a case removed to federal court based on federal question jurisdiction is federal common law. That is what this Court did in *In re Methyl Tertiary Butyl Ether (MTBE) Products Liab. Litig.*, 959 F.Supp.2d 476, 488 (S.D.N.Y. 2013) reconsideration denied, No. 07-CV-10470, 2013 WL 4008632 (S.D.N.Y. 2013) (applying federal common law to veil-piercing response to personal jurisdiction challenge). *See also Cali v. East Coast Aviation Services, Ltd.* 178 F.Supp.2d 276, 285-86 (E.D.N.Y 2001) (same).

      This action was filed in the Commonwealth's Court of Common Pleas, but was removed by defendants to the United States District Court for the Eastern District of Pennsylvania, citing federal question jurisdiction and Section 1503 of the Energy Policy Act of 2005, 42 U.S.C.

1050 Fulton Avenue, Suite 100, Sacramento, CA 95825-4225; Telephone: (916) 488-6688
Facsimile: (916) 488-4288; Email: toxictorts@toxictorts.org

The Honorable Shira A. Scheindlin
March 12, 2015
Page 2

---

§7545. Indeed, defendants' Notice of Removal asserted that the case "arises under" federal law because it involves "the reach of the Clean Air Act (CAA) and the Energy Policy Act, which together are part of a comprehensive federal scheme," and suggested that the claims are preempted by federal law. Notice of Removal at ¶¶ 7, 8 & 10. Both LAC and GPMI joined in the Notice of Removal by filing a Consent to Removal.

The JPML transferred the case into this MDL. The question of whether this Court has personal jurisdiction over LAC involves a constitutional due process analysis common to every personal jurisdiction challenge in federal courts. And because defendants concede this Court's jurisdiction is based on federal questions, not diversity, there is no compelling reason to apply state veil-piercing rules, as opposed to federal common law veil-piercing rules, when deciding the personal jurisdiction issue.

### I.    In Determining Personal Jurisdiction Issues, Courts Apply Federal Common Law Veil-Piercing Standards.

The general rule in federal question litigation is that a federal court should apply the federal common law standard of corporate separateness. *United Elec., Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp.*, 960 F.2d 1080, 1092 (1st Cir. 1992); *see Lumpkin v. Envirodyne Indus., Inc.*, 933 F.2d 449, 460–61 (7th Cir.), cert. denied, 502 U.S.(1991); *United Steelworkers of Am. v. Connors Steel Co.*, 855 F.2d 1499, 1506–07 (11th Cir.1988), cert. denied, 489 U.S. 1096(1989); *Alman v. Danin*, 801 F.2d 1, 3–4 (1st Cir.1986); *Laborers Clean–Up Contract Admin. Trust Fund v. Uriarte Clean–Up Serv., Inc.*, 736 F.2d 516, 523 (9th Cir.1984); *Smith/Enron Cogeneration Limited Partnership, Inc. v. Smith Cogeneration Intl., Inc.*, 198 F.3d 88, 96 (2d Cir. 1999).

Here, there is an even more compelling reason to apply federal common law to the veil-piercing inquiry because the inquiry relates not to the underlying claims, but rather to whether this Court has personal jurisdiction over LAC in this action. Federal courts have a strong interest in the uniform application of veil-piercing rules to determine the extent of their personal jurisdiction, and this Court in fact applied federal common law rules to just such a challenge in *In re MTBE, supra*, 959 F.Supp.2d at 488.

The Supreme Court has emphasized the importance of separating the question of a federal court's jurisdiction over a party from the question of a party's ultimate liability: "Strictly speaking, however, any potential unfairness in applying [state law] . . . has nothing to do with the jurisdiction of the Court to adjudicate the claims. 'The issue is personal jurisdiction, not choice of law.'" *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 778 (1984), quoting *Hanson v. Dencla*, 357 U.S. 235, 254 (1958). "The question of the applicability of [state law] to claims . . . presents itself in the course of litigation only after jurisdiction over respondent is established, and we do not think that such choice of law concerns should complicate or distort the jurisdictional

The Honorable Shira A. Scheindlin
March 12, 2015
Page 3

---

inquiry." *Keeton, supra* at 778 (emphasis added.)  *See also Hanson v. Denckla*, 357 U.S. 235, 254 (1958) ("The issue is personal jurisdiction, not choice of law.").

LAC's motion to dismiss poses the choice of laws issue involved in determining personal jurisdiction only as whether to apply Second or Third Circuit precedent – and not as a matter of interpreting state law.  See Motion to Dismiss at 6, n.4 ("The question remains whether this Court's interpretation of the federal Constitution is controlled by the law of the Second or Third Circuits.").  LAC now seeks, however, contrary to the admonition in *Keeton*, to have state liability law determine the jurisdictional analysis.[1]

Of course there is often a state law element to the personal jurisdiction inquiry because, as in the instant case, a federal court will often have to consider the long arm statute of the state in which a removed case was originally filed.  *See In Re MTBE*, 2005 WL 106936 at *6 (S.D.N.Y. 2005).  The inquiry, however, is ultimately a federal law question, involving the applicability of 28 U.S.C. § 1407(a), Federal Rule of Civil Procedure 4(k) and the Due Process Clause of the Fourteenth Amendment to the United States Constitution to determine whether the federal court whose jurisdiction is being challenged may (or may not) assert that federal jurisdiction over a particular defendant.  *See In Re MTBE*, 2005 WL 106936 at *6 ("[T]his Court must answer the following two questions: First, would the exercise of personal jurisdiction by a state court in these states surpass the limits imposed by the U.S. Constitution?  Second does state law permit the exercise of personal jurisdiction over these defendants?"); *In re Ski Train Fire in Kaprun, Austria on November 11, 2000*, 343 F.Supp.2d 208, 213 (S.D.N.Y. 2004) ("Texas's long-arm statute has been interpreted as providing for jurisdiction to the extent permitted by the Constitution. Thus, the sole question is whether the exercise of personal jurisdiction in Texas would offend the Due Process Clause of the Fourteenth Amendment.") (citation omitted); 42 Pa. C.S. § 5322(b) (the Pennsylvania long arm statute extends jurisdiction to the "fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States").

Every federal court facing a personal jurisdiction challenge must answer these same inquiries, so there is a compelling need for a uniform approach to the application of veil-piercing rules that are often involved in such challenges.

---

[1] In the Puerto Rico case, this Court noted that "the inquiry into piercing the veil separating two corporations in the liability context also informs the jurisdictional inquiry." *In Re MTBE, supra*, 959 F. Supp.2d at 488.  The veil-piercing "liability" law that the Court applied to inform the jurisdictional inquiry, however, was federal common law, *not* Puerto Rico veil-piercing law.

The Honorable Shira A. Scheindlin
March 12, 2015
Page 4

---

## II. To The Extent There Is Any Difference Between The Second Circuit And The Third Circuit With Respect To Federal Common Law Veil-Piercing, This Court Should Apply Third Circuit Precedent.

In *In re MTBE, supra,* this Court applied the federal veil-piercing common law of the transferor court's circuit to decide a challenge to personal jurisdiction. *See In re MTBE,* 959 F. Supp. 2d at 488. Here, as in that case, the Court should apply the federal veil-piercing common law of the transferor court. Since this case was transferred from Pennsylvania, the appropriate circuit law to apply is that of the Third Circuit and the Eastern District of Pennsylvania. *Smith v. Railworks Corp.,* 2012 WL 752048, *5-6 (applying law of the transferor court to determine personal jurisdiction); *In Re MTBE, supra,* 959 F.Supp.2d at 488 (applying First Circuit law to veil-piercing in personal jurisdiction challenge). *But see In re MTBE,* 2005 WL 106936, *3-5 (S.D.N.Y. 2005) (applying Second Circuit law to personal jurisdiction issue).

There is little difference, in any event, between the Second Circuit and the Third Circuit with respect to federal common law veil-piercing. Compare *U.S. v. Pisani,* 646 F.2d 83, 88 (3d Cir. 1981) ("[T]he situation must present an element of injustice or fundamental unfairness") (internal quotes omitted), with *S. New England Tel. Co. v. Global NAPs Inc.,* 624 F.3d 123, 139 (2d Cir. 2010) ("[T]he rule in federal cases is founded only on the broad principle that a corporate entity may be disregarded in the interests of public convenience, fairness and equity.") (internal quotation marks omitted). *See also Pearson v. Component Technology Corp.,* 247 F.3d 471, 484-85 (3d Cir. 2001); *Matheson v. Virgin Islands Community Bank, Corp.,* 297 F.Supp.2d 819, 833 (D.V.I. 2003); *Portfolio Financial Servicing Co. ex rel. Jacom Computer Services, Inc. v. Sharemax.com, Inc.,* 334 F.Supp.2d 620, 626 (D.N.J. 2004); *Action Mfg. Co., Inc. v. Simon Wrecking Co.,* 375 F.Supp.2d 411, 421 (E.D.Pa. 2005); *Brotherhood of Locomotive Eng'rs v. Springfield Terminal Ry. Co.,* 210 F.3d 18, 26 (1st Cir. 2000).

The Commonwealth respectfully suggests that, although there is authority for applying either Second Circuit or Third Circuit common law veil-piercing rules when determining LAC's challenge to this Court's jurisdiction, application of the Third Circuit's rules would be the most consistent with this Court's opinion in the Puerto Rico case and the most appropriate under the circumstances of this case.

## III. LAC's Argument For Application Of Maryland Veil-Piercing Rules To Determine This Court's Jurisdiction Is Without Merit.

LAC's sole argument for application of the State of Maryland's veil-piercing law to determine jurisdiction is that its wholly owned subsidiary, GPMI, was incorporated in Maryland. LAC, however, was not incorporated in Maryland. LAC was incorporated in Delaware and, like GPMI, has its principal place of business in New York. The fact that GPMI was incorporated in Maryland (and LAC in Delaware) might be relevant if this case had been removed to this Court

The Honorable Shira A. Scheindlin
March 12, 2015
Page 5

_____

based on diversity jurisdiction, and the question was which of two states had a more compelling interest in the veil-piercing question. This case, however, was removed based upon federal question jurisdiction.[2] Thus, with respect to LAC's challenge to this Court's personal jurisdiction, there is a compelling federal interest in a uniform approach to the Due Process challenge and underlying veil-piercing analysis.

Lukoil's 72-hour letter cites two cases, *National Gear & Piston, Inc. v. Cummins Power*, 975 F. Supp. 2d 392 (S.D.N.Y. 2013) and *Panthera Rail Car. v. Kasgro Rail Corp.*, 2013 WL 4500468 (W.D. Pa. Aug. 21, 2013) for the propositions that: (1) Pennsylvania's conflict-of-law rules govern (as the forum state), and (2) Pennsylvania conflict-of-law rules require it to apply Maryland's corporations law to this jurisdictional dispute. These cases, however, are diversity cases, not federal subject matter jurisdiction cases. *See Nat'l Gear & Piston, Inc. v. Cummins Power Sys., LLC*, 975 F.Supp.2d 392, 399 (S.D.N.Y. 2012) ("Federal jurisdiction over the instant dispute is based on the Parties' diversity of citizenship; therefore, the choice of law rules of New York, the forum state apply."); *Panthera Rail Car LLC v. Kasgro Rail Corp.*, No. 2013 WL 4500468 at *5 (W.D. Pa. Aug. 21, 2013) ("It has long been established that a federal court sitting in diversity must apply the choice of law rules of the forum state.") (emphasis added). Unlike diversity cases, when determining personal jurisdiction in a case removed to federal court based on federal question jurisdiction, federal law applies.

For these reasons, the Commonwealth of Pennsylvania respectfully asks this Court to follow its prior precedent in this MDL (*see In re MTBE, supra*, 959 F.Supp.2d 476, 488), and apply federal common law from the Circuit Court of the transferor court (Third Circuit) on the veil-piercing aspect of this Court's determination of whether it has personal jurisdiction over LAC.

Respectfully Submitted,

Michael Axline
Counsel for Plaintiffs

MA/kh

cc: All counsel via LNF&S

_____

[2] This brief does not address LAC's assumption that it is GPMI's state of incorporation, and not LAC's, that would supply the relevant veil-piercing rule if state law were to be applied. Any analysis of choice among the several states' veil-piercing rules for liability purposes must await determination of jurisdiction. *See supra* at pp.2-3 & discussion of *Keeton v. Hustler*, 465 U.S. 770, 778 (1984).