```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/16/15
```

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *IN RE* METHYL TERTIARY BUTYL ETHER (MTBE) PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br><br>Commonwealth of Puerto Rico, *et al.*<br>v. Shell Oil Company, *et al.*,<br>USDC-SDNY 14-01014 (SAS);<br>USDC-PR 13-01678 (CCC) | Master File No: 1:00-cv-1898<br>MDL 1358 (SAS) |

## NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE UNDER FED. R. CIV. P. 41(a)(1) AND JOINT STIPULATION AS TO ATLANTIC TRADING & MARKETING, INC.

**TO THE HONORABLE COURT:**

**WHEREAS,** on December 31, 2013, Plaintiff, the Commonwealth of Puerto Rico and Commonwealth of Puerto Rico through the Environmental Quality Board ("Plaintiff"), served Atlantic Trading & Marketing Inc. ("ATMI") with the First Amended Complaint in the case styled Commonwealth of Puerto Rico, *et al.*v. Shell Oil Company, *et al.*, USDC-PR 13-01678 (CCC), filed in the U.S. District Court for the District of Puerto Rico, and transferred to MDL 1358 in the Southern District of New York, USDC-SDNY 14-01014 (SAS) ("Action");

**WHEREAS,** Eric Montfajon, President of ATMI, executed a Declaration on April 9, 2015 ("Montfajon Declaration");

**IT IS HEREBY NOTICED THAT** this matter as to ATMI is dismissed, without prejudice, pursuant to FED. R. CIV. P. 41(a)(1); and

**IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned parties, that:

1. ATMI shall respond to any third party subpoenas in compliance with applicable

law.

2.  Plaintiff shall have the right to reinstate the Action against ATMI if any of the statements made in the Montfajon Declaration prove to be untrue in a material way. Notwithstanding, claims cannot be reinstated against ATMI at any time after claims made in the Action against Total Petroleum Puerto Rico Corp. ("TPPRC")and/or any other company of the conglomerate of companies of the "TOTAL" group are finished or settled.

3.  ATMI agrees to waive all timeliness defenses, including, but not limited to, prescription, statute of limitations, repose, laches, estoppel, or waiver defenses (including res judicata or issue preclusion), that it may have as a result of this voluntary dismissal of the claims included in the First Amended Complaint in the Action, to the extent such timeliness defense was not available as of the filing of the original Complaint or the First Amended Complaint, as applicable, in the event of the following:

   a.  Plaintiff finds any evidence that ATMI has supplied, imported, refined and/or distributed MTBE and/or gasoline where MTBE was detected/detectable into or within Puerto Rico; or

   b.  Plaintiff finds any evidence that ATMI is responsible for contamination of the waters of the Commonwealth of Puerto Rico by MTBE; and

   c.  The action against TPPRC (or any other company of the "Total" Group) is not finished or settled, as stated above.

4.  This Notice of Voluntary Dismissal and Joint Stipulation is not intended to affect any claims by or against any parties other than Plaintiff and ATMI.

5.  This Notice of Voluntary Dismissal and Joint Stipulation is not intended to waive any additional defenses not waived pursuant to paragraph 3 that ATMI may have in case the

2

Action is reinstated in accordance with paragraphs 2 and 3 above.

6. Plaintiff and ATMI agree that the covenants under this Notice of Voluntary Dismissal and Joint Stipulation constitute adequate and sufficient consideration.

7. This Notice of Voluntary Dismissal and Joint Stipulation contains the entire agreement between Plaintiff and ATMI, and no statements, promises, or conditions made by any party or agent of any party to this Notice of Voluntary Dismissal and Joint Stipulation that is not contained herein shall be valid or binding.

8. This Notice of Voluntary Dismissal and Joint Stipulation may not be modified except by written agreement signed by Plaintiff and ATMI.

9. This Notice of Voluntary Dismissal and Joint Stipulation shall be governed by the laws of the Commonwealth of Puerto Rico.

The undersigned representatives of Plaintiff and ATMI certify that they are fully authorized to enter into the terms and conditions of this Notice of Voluntary Dismissal and Joint Stipulation, and to execute and bind such parties to this Notice of Voluntary Dismissal and Joint Stipulation.

Dated: April 15, 2015

_____
Nathan Short, Esq.
John K. Dema, Esq.
Law Offices of John K. Dema, P.C.
11300 Rockville Pike, Suite 112
Rockville, Maryland 20852
Tel: 301-881-5900
Fax 240-536-9108
*Counsel for Plaintiff*

_____
Albéniz Couret-Fuentes, Esq.
Elaine M. Maldonado Matías, Esq.
Sepulvado & Maldonado, PSC
252 Ponce de León Ave.
Citibank Tower, 19th Floor
San Juan, Puerto Rico 00918
Tel: (787) 765-4949
Fax: (787) 294-0073
*Counsel for Atlantic Trading & Marketing, Inc.*

**SO ORDERED:**

_____
U.S.D.J.

4/16/15

3

# Exhibit 1

## DECLARATION

### Commonwealth of Puerto Rico, et al. v. Shell Oil Co., et al.,
### USDC-SDNY No. 14-cv-01014

I, Eric Montfajon, of legal age, President of Atlantic Trading and Marketing Inc. ("ATMI"), and resident of Houston, Texas, hereby state under penalty of perjury, pursuant to the Laws of the United States of America, 28 U.S.C. § 1746, that I have read the following statements and that, to the best of my knowledge and belief and/or pursuant to the information and documents in possession of ATMI, its content is true and correct.

1. ATMI is a company in the division of the Total group which is in charge of trading. Total Petroleum Puerto Rico Corp. ("TPPRC") is a company of the Total group that is in charge of distribution within the Commonwealth of Puerto Rico. There is no capitalistic relationship between ATMI and TPPRC save to the extent that they are companies within the same group.

2. ATMI is not a manufacturer, refiner or distributor of petroleum products or MTBE; furthermore, it does not and has never owned or controlled: a) any gas stations in Puerto Rico; or b) any underground or aboveground storage tanks that have stored gasoline in Puerto Rico.

3. ATMI supplies gasoline to TPPRC and, where applicable, is the importer of record of these cargoes into Puerto Rico. These cargoes have been tested by an independent laboratory for MTBE as follows:

    a) At load port when the cargo was loaded from the Hovensa refinery located in St. Croix in the United StatesVirgin Islands and the transit time was of less than 12 hours; or

    b) At the discharge port in Puerto Rico.

4. ATMI also occasionally supplies, on a spot basis, to companies other than TPPRC gasoline that is discharged in Puerto Rico, in which case ATMI is not the importer of record. The cargoes supplied to these companies have been tested for MTBE[1] by an independent laboratory either at load port or at discharge port depending on the International Commercial Terms of the relevant sale and purchase contract.

I have reviewed the quality certificates issued pursuant to the tests referred to in Paragraphs 3(a), 3(b) and 4 above for all cargoes supplied by ATMI up to April 16, 2014 and all of these certificates indicate that no MTBE was detected/detectable in these cargoes above the detection limits of the particular testing protocol used.

---

[1] Certain certificates state oxygen content of ≤ 0.10 % wt and/or a content of oxygenates of ≤ 0.2 % vol but do not expressly specify the MTBE content.

Executed in Houston, Texas, on April 9, 2015.

_____
Eric Montfajon