Case 1:00-cv-01898-VSB-VF   Document 4218   Filed 05/21/15   Page 1 of 5

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED     Scheindlin, S.
DOC #: _____
DATE FILED: 5/21/15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: METHYL TERTIARY BUTYL ETHER ("MTBE") PRODUCTS LIABILITY LITIGATION | Master File No. 1:00-1898<br>MDL   1358 (SAS)<br>M21-88<br><br>Civil Action |
| This document relates to:<br>*Commonwealth of Puerto Rico, et al.*<br>*v.*<br>*Shell Oil Co., et al.,*<br>*Case No. 1:07-cv-10470 (SAS)* | |

## [PROPOSED] ORDER OF DISMISSAL

After having considered the Stipulation and Request by Petrobras America Inc. for Dismissal, the Court hereby **ORDERS, ADJUDGES, AND DECREES** that Plaintiff Commonwealth of Puerto Rico's claims against Petrobras America Inc. are hereby **DISMISSED**, subject to any appeal of the July 16, 2013 Opinion and Order and/or the December 30, 2013 Opinion and Order referenced in the Stipulation as well as this Order.

If the Court's July 16, 2013 Opinion and Order, December 30, 2013 Opinion and Order, and this Order are affirmed on appeal, or become final because an appeal is not filed, the dismissal of the above claims against PAI shall be with prejudice. Each side shall bear its own costs.

IT IS SO ORDERED.

Dated: 5/21/15

_____
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE: METHYL TERTIARY BUTYL
ETHER ("MTBE") PRODUCTS
LIABILITY LITIGATION

Master File No. 1:00-1898
MDL    1358 (SAS)
M21-88

Civil Action

This document relates to:
*Commonwealth of Puerto Rico, et al.*
*v.*
*Shell Oil Co., et al.,*
*Case No. 1:07-cv-10470 (SAS)*

## STIPULATIONS AND REQUEST BY PETROBRAS AMERICA INC. FOR DISMISSAL OF CLAIMS IN PR MTBE I

WHEREAS, on December 30, 2012, the Commonwealth filed its Third Amended Complaint, wherein it first asserted claims against Peerless Oil and Chemicals, Inc. ("Peerless"); Trammo Petroleum, Inc. and Trammo Caribbean, Inc. (together, "Trammo"); Vitol, Inc. and Vitol, S.A. (together, "Vitol"); Idemitsu Apollo Corporation ("Idemitsu"); and Petrobras America Inc. ("PAI") (Peerless, Trammo, Vitol, Idemitsu, and PAI are collectively referred to as the "Later-Added Defendants");

WHEREAS, on July 16, 2013, the Court issued an Opinion and Order on Motions to Dismiss, finding *inter alia* that the statute of limitations barred the claims of the Commonwealth against Peerless and Trammo (the "July 2013 Order");

WHEREAS, on August 2, 2013, the Court issued a Memorandum and Order, denying the Commonwealth's motion for reconsideration of the July 2013 Order (the "August 2013 Order");

WHEREAS, on December 30, 2013, the Court issued an Opinion and Order on Summary Judgment, finding that the statute of limitations barred the claims of the Commonwealth against Vitol and Idemitsu (the "December 2013 Order");

WHEREAS, in the July 2013 Order, the August 2013 Order, and the December 2013 Order, the Court found that the Commonwealth had "knowledge of both the alleged injury and the identity of the alleged tortfeasors as of 2007" (July 2013 Order, p. 48; *see also* December 2013 Order, pp. 15 & 16) at the time the Commonwealth filed the Original Complaint on June 12, 2007, and the Court therefore concluded that the Commonwealth's claims against Peerless, Trammo, Vitol, and Idemitsu should be dismissed as time-barred;

WHEREAS, by email dated September 9, 2014, the Court, in response to a draft pre-motion letter from PAI, stated as follows: "[T]he Court believes that [PAI] is in a similar position to Trammo and Vitol and that the parties should consider entering into a stipulation that applies the ruling in the Trammo/Vitol matter and the Law 53 ruling to [PAI] so that it can be

treated in the same way as those defendants. In short, any ruling already made by this Court or to be made by the Court of Appeals will apply to [PAI]."

WHEREAS, the Commonwealth disagrees with, and intends to appeal, the Court's July 2013 Order, August 2013 Order, and December 2013 Order, as well as the application of those rulings to PAI, but the Commonwealth recognizes the Court's direction—given by e-mail dated September 9, 2014—that PAI is also a Later-Added Defendant and subject to the same treatment by this Court as Peerless, Trammo, Vitol, and Idemitsu;

WHEREAS, the Commonwealth stipulates and agrees that, for purposes of appeal of the Court's July 2013 Order, August 2013 Order, and December 2013 Order, the Commonwealth will not argue that PAI has waived its right to oppose the Commonwealth's appeal by virtue of PAI not submitting summary judgment papers;

WHEREAS, the Commonwealth asserts in opposition to the dismissal of PAI all of the grounds for opposition that the Commonwealth asserted in opposing the motions that were granted by the Court's July 2013 Order, August 2013 Order, and December 2013 Order, as well as the grounds for opposition that the Commonwealth asserted in its briefing regarding Law 53, together with all supporting declarations and ancillary briefing regarding procedural and evidentiary rules, and hereby incorporates all such opposition briefing by reference into this stipulation.

WHEREAS, PAI asserts in support of the dismissal of PAI all of the grounds for dismissal asserted in the motions that were granted by the Court's July 2013 Order and December 2013 Order, as well as the grounds asserted in all defendants' respective briefing regarding Law 53, together with all supporting declarations and ancillary briefing regarding procedural and evidentiary rules, and hereby incorporates all such briefing by reference into this stipulation.

NOW THEREFORE, PAI requests that the Commonwealth's claims against PAI in this case, PR MTBE I, be dismissed. PAI's request is based on the following stipulated facts:

1. PAI was incorporated in the United States in 1987.

2. One of PAI's business units engages in the trading of crude oil and petroleum products.

3. Records produced in discovery show that from at least 1992 to 2005, PAI was involved in the trading of petroleum products with buyers with operations in Puerto Rico. PAI did not know the ultimate destination of the petroleum products it sold into Puerto Rico.

4. PAI has never owned, operated, or leased an underground storage tank or a gasoline service station in Puerto Rico.

5. The Puerto Rico Department of State issued PAI a certificate of authorization to do business in Puerto Rico on August 7, 2002, that required PAI to file corporate annual reports, which included audited financial statements. PAI has filed such

    reports with the Department of State since at least 2002. These reports included information regarding the corporation and its business. Copies of the certificate and the annual filings are attached as Exhibit A.

6. Between 2002 and 2006 PAI annually filed corporate income tax returns with the Puerto Rico Department of the Treasury. In each filing PAI identified itself as an "unfinished crude oil importer." The 2006 return included an auditor's report that specified on page six that PAI's activities included the "purchase and sale of crude oil and refined products from and to foreign companies and companies in the United States." Copies of the annual income tax returns are attached as Exhibit B.

7. PAI represents that, attached as Exhibit C, is an original Declaration of Matthew Anderson that PAI would have filed in support of a motion for summary judgment on limitations.

8. From 2001 to 2005 PAI represents that it filed Monthly Import Reports (EIA-814s) with the Energy Information Administration ("EIA"), regarding cargos of gasoline and MTBE directed to Puerto Rico. These reports identify PAI as having directed gasoline to ports in Puerto Rico in 2001, 2002, 2003, 2004, and 2005 and MTBE in 2002. A summary of the information submitted by PAI taken from import data by company spreadsheets on the EIA website at the "Company Level Import Reports" (http://www.eia.gov/petroleum/imports/companylevel/archive/) is attached as Exhibit D. For years 2001 to 2003, the EIA spreadsheet from which the PAI information was taken, was created by EIA on November 8, 2005. For year 2004, the spreadsheet was created by EIA on June 22, 2005. For year 2005, the spreadsheet was created by EIA on October 17, 2006.

  Based on this stipulation, PAI requests that the Court execute and enter the attached Order of Dismissal, and make all such orders and judgments necessary to dismiss the Commonwealth's claims against PAI in this case. If the Court's July 2013 Order and December 2013 Order are affirmed on appeal or become final because an appeal is not filed, the Commonwealth agrees that the dismissal of these claims against PAI is with prejudice.

  SO STIPULATED

Dated: May 19, 2015

                JACKSON GILMOUR & DOBBS, PC

                By: _____
                  William C. Petit
                  Attorney for Plaintiff
                  Commonwealth of Puerto Rico

Dated: May 19, 2015

THOMPSON & KNIGHT LLP

By: _____
James B. Harris
Attorney for Defendant
Petrobras America Inc.

Dated: May 19, 2015

THOMPSON & KNIGHT LLP

By: _____
James B. Harris
Attorney for Defendant
Petrobras America Inc.