UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

In re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation

**Master File No. 1:00-1989**
**MDL 1358 (SAS)**

This Document Relates To:

The Honorable Shira A. Scheindlin

*Orange County Water District v. Unocal Corporation et al.,* Case No. 04 Civ. 4968 (SAS)

---

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF ORANGE COUNTY WATER DISTRICT'S MOTION FOR INCLUSION OF SHELL AND BP IN REMAND ORDER

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

I. INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

III. ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    A. *Res Judicata* Does Not Apply To The District's Continuing-Nuisance Causes Of Action . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    B. The Consent Judgments Do Not Release The District's Post-Consent Judgment Continuing-Nuisance Causes Of Action. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    C. The Court's *Res Judicata* Order Did Not Extend The Scope Of The Consent Judgments' Releases . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

    D. Shell's "Low Threat Closure Plan[s]" Should Not Be Considered In Deciding This Motion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

IV. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

# TABLE OF AUTHORITIES

**CASES**          **PAGE**

*Arcade Water Dist. v. U.S.*
    940 F.2d 1265 (9th Cir. 1991) ............................................ 1, 4, 10

*Armstrong Petroleum Corp. v. Tri-Valley Oil & Gas Co.*
    116 Cal.App.4th 1375 (2004) ............................................ 8

*Baker v. Burbank-Glendale-Pasadena Airport Authority*
    39 Cal.3d 862 (1985) ............................................ 5

*Benedek v. PLC Santa Monica, LLC*
    104 Cal.App.4th 1351 (2002) ............................................ 5, 7, 9

*Bishop v. Hanes*
    2011 WL 5118770, *6 (2011) ............................................ 6

*Cohen v. Five Brooks Stable*
    159 Cal.App.4th 1476 (2008) ............................................ 7

*Feltmeier v. Feltmeir*
    207 Ill.2d 263 (Ill. Supreme Ct. 2003) ............................................ 7

*In re MTBE*
    475 F.Supp.2d 286 (S.D.N.Y. 2006) ............................................ 6, 11

*In re MTBE*
    676 F.Supp.2d 139 (S.D.N.Y. 2009) ............................................ 11

*In re MTBE*
    824 F.Supp.2d 524 (S.D.N.Y. 2011) ............................................ 1, 11

*In re MTBE*
    725 F.2d 65 (2nd Cir. 2013) ............................................ 8

*In re MTBE*
    46 F.Supp.3d 440 (S.D.N.Y. 2014) ............................................ 10

*In re MTBE*
    2014 WL 7232280 *9 (S.D.N.Y. 2014) ............................................ 1, 6, 7, 10

*Kafka v. Bozio*
    191 Cal. 746 (1923) ................................................. 5, 8

*Levy v. Wells Fargo Asset Securities Corp.*
    2013 WL 5786104, *5 (2013) ........................................ 1, 6

*Mangini v. Aerojet-General Corp.*
    12 Cal.4th 1087 (1991) ............................................. 5, 10

*McKenzie v. Fishko*
    2015 WL 685927, *6 (S.D.N.Y. 2015) ........................... 2, 3, 5, 7

*Moulton v. U.S. Steel Corp.*
    581 F.3d 344 (6th Cir. 2009) ...................................... 2, 7, 8

*Muldoon v. Homestead Insulation Co.*
    231 Conn. 469 (Conn. Supreme Ct. 1994) ............................. 7

*VKK Corp. v. National Football League*
    244 F.3d 114 (2d Cir. 2001) ......................................... 7

## STATUTES

Code of Civil Procedure section 731 ........................................ 4

I.      **INTRODUCTION.**

At the June 18, 2015, status conference, the Court directed the parties to file briefs on whether the Court's grant of Shell's and BP's *res judicata* summary judgment motion bars the District from pursuing continuing-nuisance claims against Shell and BP based on MTBE contamination that continues to migrate away from Shell and BP stations. The District respectfully suggests that the Court's ruling should not bar the District from pursuing the District's post-Consent Judgment continuing-nuisance claims for MTBE contamination that continues to migrate away from Shell and BP stations, for two reasons.

1)      <u>The doctrine of *res judicata* does not apply to the District's continuing-nuisance causes of action that accrued – and that continue to accrue – after the Consent Judgments were entered.</u>

The Court already has held that a reasonable jury could find that BP and Shell are liable in continuing nuisance because their MTBE plumes are "currently continuing" to migrate towards drinking-water wells. *In re MTBE*, 2014 WL 7232280, *9 (S.D.N.Y. 2014). Each day that BP's and Shell's MTBE continues to spread, new continuing-nuisance causes of action accrue "'for which the [District] may bring successive actions for damages until the nuisance is abated, even though an action based on the original wrong may be barred.'" *In re: MTBE*, 824 F.Supp.2d 524, 544 (S.D.N.Y. 2011).

"Because a plaintiff harmed by a continuing nuisance may bring successive actions for damages until the nuisance is abated, the doctrine of *res judicata* does not apply to a ongoing dispute over a continuing nuisance." *Levy v. Wells Fargo Asset Securities Corp.*, 2013 WL 5786104, *5 (2013); *see also Arcade Water Dist. v. U.S.*, 940 F.2d 1265, 1269 (9th Cir. 1991)

("Election of a continuing nuisance theory thus permits plaintiffs to pursue successive actions without threat of claim preclusion.").

    2)    <u>The release provisions in the BP and Shell Consent Judgments do not apply to continuing-nuisance causes of action that accrued after the Consent Judgments were entered.</u>

The Consent Judgments released "past or present claims, violations, or causes of action that were or could have been asserted" at or before the time that the Consent Judgments were entered. June 6, 2014, Declaration of Peter C. Condron in Support of BP and the Shell Defendants' Motion for Summary Judgment ("**Condron Decl.**"), Ex. C ("**Shell Consent Judgment**"), 20; June 6, 2014, Declaration of Lawrence A. Cox in Support of BP Defendants' Motion for Summary Judgment Based on *Res Judicata* ("**Cox Decl.**), Ex. A ("**BP Consent Judgment**"), 13; Joint Statement of Undisputed Facts Regarding this Motion ("**Joint Statement**"), ¶¶ 2, 3, 7, 8.

The Consent Judgments did *not* purport to release causes of action arising in the future, such as the District's post-Consent Judgments continuing-nuisance causes of action here. In fact, to the extent the Consent Judgments discuss potential future claims at all, they expressly state that such claims are *not* being released. *See* Shell Consent Judgment, 21; BP Consent Judgment, 13; Joint Statement, ¶¶ 3, 8. Where, as here, "the language of the release is directed to claims then in existence, it will not be extended to cover claims that may arise in the future." *McKenzie v. Fishko*, 2015 WL 685927, *6 (S.D.N.Y. 2015).

To be clear, the District does not contend that stipulated judgments *cannot* settle "future continuing-nuisance claims arising out of conditions that existed prior to the settlement." *Moulton v. U.S. Steel Corp.*, 581 F.3d 344, 350 (6th Cir. 2009). In fact, BP and Shell did exactly

2

that in another MTBE action where the release expressly included all "past, present, *and future*" liability. Request for Judicial Notice in Support hereof ("**RJN**"), Ex. A, at Ex. 1, p. 4 (emphasis added); RJN, Ex. B, at Ex. 1, p. 4 (emphasis added).

In contrast, the Consent Judgements in the instant case do not specify that their releases apply to future causes of action - much less future continuing-nuisance causes of action. *See, generally*, BP Consent Judgment; *see also, generally*, Shell Consent Judgment; Joint Statement, ¶¶ 2, 3, 7, 8. This Court's *res judicata* order should not be interpreted, as BP and Shell urge, to extend the Consent Judgments' releases of "past and present" causes of action "to cover claims that may arise in the future." *McKenzie*, 2015 WL 685927 at *6.

The District's post-Consent Judgments causes of action for continuing nuisance at BP's and Shell's focus sites should be remanded for trial.

II.  **FACTS.**

On June 6, 2014, BP and Shell filed their Motion for Summary Judgment Based on *Res Judicata* ("***Res Judicata* Motion**"). They argued that the District's causes of action are precluded by two Consent Judgments that terminated lawsuits brought by the Orange County District Attorney ("**OCDA**") back in 1999: (i) a December 17, 2002 Consent Judgment that terminated litigation between the OCDA and BP and (ii) a January 5, 2005 Consent Judgment that terminated litigation between the OCDA and Shell. *See* Notice of Motion and BP, Atlantic Richfield, and the Shell Defendants' Motion for Summary Judgment Based on *Res Judicata*.

The *Res Judicata* Motion did not identify any provision in either Consent Judgment that released Shell or BP from causes of action accruing after the Consent Judgments were entered. Instead, Shell and BP relied upon the Consent Judgments' releases of all "past or present claims,

3

violations, or causes of action that were or could have been asserted based on the facts alleged" by the OCDA during that litigation. June 16, 2014, Memorandum of Law in Support of BP, Atlantic Richfield, and the Shell Defendants' Motion for Summary Judgment Based on *Res Judicata*, 4-5; Joint Statement, ¶¶ 2, 3, 7, 8. The OCDA brought a public-nuisance action against BP and Shell on behalf of the People of the State of California, pursuant to section 731 of the Code of Civil Procedure. The OCDA's complaints alleged that each of BP's and Shell's "MTBE release[s] is a continuing nuisance unless and until the gasoline and/or MTBE has been removed from groundwater and soil," or until its migration "into deeper aquifers" makes it too "difficult if not impossible to abate." Condron Decl., Ex. A, 9; Cox Decl., Ex. B, 28-29; *see also* Joint Statement, ¶¶ 4, 5, 9, 10.

The Consent Judgment releases expressly state that they "do[] not include future violations relating to the facilities" that are at issue here. Shell Consent Judgment, 21; BP Consent Judgment, 13; Joint Statement ¶¶ 3, 8.

### III. ARGUMENT.

Both as a matter of law and as a matter of contract, the Consent Judgments did not release – and cannot preclude – the District's continuing-nuisance causes of action arising from the post-Consent Judgment continuing migration of MTBE contamination from BP's and Shell's focus sites.

The doctrine of *res judicata* cannot bar continuing-nuisance causes of action that accrue after the prior judgment is entered. *Arcade Water Dist.*, 940 F.2d at 1269. And while it may have been possible for BP and Shell to negotiate releases of post-Consent Judgments causes of action arising out of their MTBE contamination, they did not in fact purchase such releases. *See*

4

*Benedek v. PLC Santa Monica, LLC*, 104 Cal.App.4th 1351, 1356 (2002) (release from future liability "'must be clear, unambiguous, and explicit in expressing the intent of the subscribing parties'"); *McKenzie*, 2015 WL 685927 at *6 ("where "the language of the release is directed to claims then in existence, it will not be extended to cover claims that may arise in the future.").

The District's causes of action seeking post-Consent Judgments continuing-nuisance remedies at BP's and Shell's focus sites should be remanded for trial.

### A. *Res Judicata* Does Not Apply To The District's Continuing-Nuisance Causes Of Action.

Under California law, "'[e]very repetition of [a] continuing nuisance is a separate wrong' ... 'for which the person injured may bring successive actions for damages until the nuisance is abated, even though an action based on the original wrong may be barred.'" *In re: MTBE*, 824 F.Supp.2d at 544; *see also Mangini v. Aerojet-General Corp.*, 12 Cal.4th 1087, 1093 (1996) ("'Where continuing nuisance is alleged, every continuation of the nuisance gives rise to a separate claim for damages caused by the nuisance.'"); *Baker v. Burbank-Glendale-Pasadena Airport Authority*, 39 Cal.3d 862, 871-872 (1985) ("Where the nuisance is a continuing one, [victims] should be able to bring successive actions as damages accrue."); *Kafka v. Bozio*, 191 Cal. 746, 751 (1923) ("Where a continuing or recurring injury results from ... a continuing nuisance or trespass, there is not only a cause of action for the original wrong arising when the wrong is committed, but separate and successive causes of actions").

Continuing-nuisance law's "successive actions" rule is the reason that the District's post-Consent Judgments continuing-nuisance causes of action are not barred by the statute of limitations – a new cause of action accrues each day that BP's and Shell's contamination

5

continues to migrate. *See In re MTBE*, 475 F.Supp.2d 286, 299, fn. 81 (S.D.N.Y. 2006); *see also* August 11, 2014 Reply in Support of Defendants' Motion for Summary Judgment, 5; *see also In re MTBE*, 2014 WL 7232280 at *9.

"Because a plaintiff harmed by a continuing nuisance may bring successive actions for damages until the nuisance is abated, the doctrine of *res judicata* does not apply to an ongoing dispute over a continuing nuisance." *Levy*, 2013 WL 5786104 at *5 (2013). "Election of a continuing nuisance theory thus permits plaintiffs to pursue successive actions without threat of claim preclusion." *Arcade Water Dist.*, 940 F.2d at 1269 (9th Cir. 1991); *see also Bishop v. Hanes*, 2011 WL 5118770, *6 (2011) (because "the courts have traditionally recognized the need for serial adjudication" of "an ongoing dispute over a continuing nuisance," the "doctrine of *res judicata* does not apply").

This Court already has decided that a reasonable jury could find that BP and Shell are liable in continuing nuisance because their MTBE plumes are "currently continuing" to migrate towards drinking-water-production wells. *In re MTBE*, 2014 WL 7232280 at *9. A "nuisance is continuing" where "the offensive activity is currently continuing." August 11, 2014 Reply in Support of Defendants' Motion for Summary Judgment, 5; see also *In re MTBE*, 2014 WL 7232280 at *6. "California courts describe 'the ongoing *migration* of groundwater contaminants' as 'the relevant factor' in 'determin[ing] the continuing nature of the offense or activity.'" *In re MTBE*, 2014 WL 7232280 at *6 (emphasis added).

When the Court denied motions for summary judgment as to BP's and Shell's trial sites, the Court held that the testimony of District's fate-and-transport expert Dr. Wheatcraft "creates a factual dispute regarding whether the alleged MTBE contamination at each station at issue has

migrated beyond those stations and towards the production wells." *In re MTBE*, 2014 WL 7232280 at *9; *see also* July 21, 2014, Declaration of Stephen W. Wheatcraft, Ph.D. in Support of Plaintiff's Opposition to Motion for Summary Judgment, 1 ("'The MTBE that originated from defendants' stations is migrating off site and mixing with other MTBE from nearby stations to form MTBE plumes. MTBE contamination will naturally migrate down gradient or toward production wells because of the influence that pumping wells have on the movement of water in an aquifer."); *see also* July 21, 2014, Declaration of Bryan Barnhart in Support of the District's Opposition to Defendants' Motion for Summary Judgment, ¶¶ 2-5, Exhs. 1-13.

### B. The Consent Judgments Do Not Release The District's Post-Consent Judgment Continuing-Nuisance Causes Of Action.

Although prior judgments cannot bar later continuing-nuisance causes of action under the doctrine of *res judicata*, some courts hold that settling tortfeasors can purchase releases from future liability. *See, e.g., Moulton,* 581 F.3d at 350. "'Contract principles apply when interpreting a release.'" *Cohen v. Five Brooks Stable,* 159 Cal.App.4th 1476, 1483 (2008). "'To be effective,'" a release from future liability "'must be clear, unambiguous, and explicit in expressing the intent of the subscribing parties.'" *Benedek*, 104 Cal.App.4th at 1356; *VKK Corp. v. National Football League*, 244 F.3d 114, 130 (release not applicable to future claims that were not included in the release language under "the principle of *expressio unius est exclusio alterius*").

Where "the language of the release is directed to claims then in existence, it will not be extended to cover claims that may arise in the future." *McKenzie*, 2015 WL 685927 at *6; *Feltmeier v. Feltmeir*, 207 Ill.2d 263, 286 (Ill. Supreme Ct. 2003); *Muldoon v. Homestead*

7

*Insulation Co.*, 231 Conn. 469, 482 (Conn. Supreme Ct. 1994).

Here, the Consent Judgments unambiguously released <u>only</u> "past or present claims, violations, or causes of action that were or could have been asserted" during the OCDA's lawsuit. BP Consent Judgment, 20; Shell Consent Judgment, 13; Joint Statement, ¶¶ 2, 3, 7, 8. The District's continuing-nuisance causes of action here are "separate and successive" claims that accrued *after* the OCDA litigation ended – they plainly do not fall within the Consent Judgments' releases of "past or present" claims. *See Kafka*, 191 Cal. at 751 ("Where a continuing or recurring injury results from . . . a continuing nuisance or trespass, there is not only a cause of action for the original wrong arising when the wrong is committed, but separate and successive causes of actions").

Because the District's post-Consent Judgments' continuing-nuisance causes of action did not come into existence until after the Consent Judgments were entered, the OCDA could not have "asserted" the District's current continuing-nuisance causes of action against BP or Shell in the OCDA's action. *See Armstrong Petroleum Corp. v. Tri-Valley Oil & Gas Co.*, 116 Cal.App.4th 1375, 1388 (2004) (controversy is not ripe for adjudication until a cause of action accrues); *see also In re MTBE*, 725 F.3d 65, 109-110 (2nd Cir. 2013) (same).

BP and Shell could have bought releases from all "past, present, *or future* Claims against them" arising out the MTBE contamination that was at issue in the OCDA litigation. RJN, Ex. A, at Ex. 1, p. 4 (emphasis added); RJN, Ex. B, at Ex. 1, p. 4 (emphasis added); *see also Moulton*, 581 F.3d at 350.

Indeed, these same defendants – represented by the same attorneys who represented them in the OCDA litigation – *did* buy releases from all "past, present, or future" MTBE-related

8

causes of action in *Crescenta Valley Water District v. Exxon Mobil Corporation, et al. See id.* (releasing "any and all Claims that Crescenta has, had, *or may have in the future* arising out of" BP's and Shell's MTBE activities).

In the OCDA litigation, in contrast, BP and Shell did not secure releases of causes of action that accrued after that case ended. In fact, the only time that the OCDA Consent Judgements' releases use the word "future" is to clarify that the releases "do[] *not* include future violations relating to the facilities" from which Shell's and BP's MTBE continues to spread. *See* Shell Consent Judgment, 21 (emphasis added); *see also* BP Consent Judgment, 13; Joint Statement, 3, 8.

BP and Shell should not be given broader releases than those that they actually bought in the OCDA litigation, particularly where they seek to assert such releases against third parties who did not participate in the settlement. *See Benedek*, 104 Cal.App.4th at 1356 ("If an ambiguity as the scope of the release exists, it should be construed against the drafter."). The District's post-Consent Judgments continuing-nuisance causes of action should be remanded for trial.

    C.    **The Court's *Res Judicata* Order Did Not Extend The Scope Of The Consent Judgments' Releases.**

At the June 18, 2015 status conference, Shell's attorney argued that – in a footnote in this Court's *res judicata* order – the Court had already granted summary judgment to Shell and BP with respect to the District's post-Consent Judgments continuing-nuisance causes of action. Trans. at 43. The Court disagreed. *Id.* at 47.

The Court was correct. The footnote on which Shell's counsel relied only applies to tort causes of action that would require proof that BP and Shell engaged in new MTBE activities

9

after the Consent Judgments were entered. *In re MTBE*, 46 F.Supp.3d 440, 450, fn. 72 (S.D.N.Y. 2014). The District's post-Consent Judgments continuing-nuisance causes of action at issue here, in contrast, seek remedies for the continuing migration of MTBE from BP's and Shell's trial sites, regardless of when that MTBE was released. The "'continuing' nature of the nuisance" caused by BP's and Shell's MTBE plumes "refers to the continuing damage caused by the offensive condition, not the acts causing the offensive condition to occur." *Mangini*, 230 Cal.App.3d at 1147; *Arcade Water Dist.*, 940 F.2d at 1268.

As noted above, this Court already has found that a reasonable jury could impose continuing-nuisance liability on BP and Shell based on the District's evidence that these defendants' MTBE continues to migrate towards drinking-water wells. *In re MTBE*, 2014 WL 7232280 at *9.

### D. Shell's "Low Threat Closure Plan[s]" Should Not Be Considered In Deciding This Motion.

At the June 18, 2015 status conference, Shell's attorney suggested that defendants would rely on "something called a low threat closure plan" issued by a "state agency in California." Trans., 45. The District assumes that Shell's counsel was referring to reports issued under the California Water Resource Control Board's Low Threat Underground Storage Tank Closure Program ("**LTC Reports**"), which began in 2012. The District objects to the introduction of any such evidence. The evidence was not produced in discovery, and the District has had no opportunity to conduct discovery related to the evidence. If BP or Shell submits such evidence, the District will ask the Court to strike it from the record in this case. *See In re: MTBE*, 2014 WL 7232280 at *11 (S.D.N.Y. 2014) (granting summary judgment against the District as to sites

10

where the District relied on information "prepared several years after the close of fact discovery," so defendants were "deprived of the opportunity to participate in meaningful discovery.").

Apart from the fact that they were not disclosed in discovery, LTC reports should not be considered in connection with this Motion for at least two reasons.

First – as Shell's attorney conceded – these Reports create at most "a factual dispute." Trans., 45. Shell and BP may seek to introduce the LTC Reports at trial, but they are not relevant to this Court's resolution of the parties' purely "legal dispute" over whether the Consent Judgments' releases of "past or present" claims also release causes of action that accrue in the future. Trans., 46.

Second, the LTC Reports, at least as described by Shell's counsel, would be inconsistent with this Court's prior rulings. One of the Court's core rulings in this case is that the District's nuisance (and other common law) causes of action accrue "as a matter of law when MTBE [is] detected at or above five ppb at any monitoring well within OCWD's territory." *In re MTBE*, 475 F.Supp.2d at 294; *In re MTBE*, 676 F.Supp.2d 139, 149 (S.D.N.Y. 2009); *In re MTBE*, 824 F.Supp.2d at 531. Indeed, the Court relied on this rule to grant summary judgment against the District on "the vast majority" of the District's permanent-nuisance and other common-law causes of action. *In re MTBE*, 676 F.Supp.2d at 149.

If, despite the above, the Court is inclined to consider these Reports, the District respectfully requests leave to conduct discovery into the LTC Program, and into the local-agency process that generated these Reports.

### IV.  CONCLUSION.

For the reasons stated above, the District respectfully requests that the Court include the

District's post-Consent Judgments continuing-nuisance causes of action against BP and Shell at the focus sites in the Court's suggestion to remand for trial.

DATED: July 2, 2015     Respectfully submitted

_____
Michael Axline
MILLER & AXLINE
A Professional Corporation
1050 Fulton Avenue, Suite 100
Sacramento, CA 95825-4225
Telephone: (916) 488-6688
Counsel for Plaintiff Orange County Water District

*In Re Methyl Tertiary Butyl Ether (MTBE) Products Liability Litigation:*
*Orange County Water District v. Unocal Corp., et al.*, Case No. 04 Civ. 4968

**PROOF OF SERVICE VIA LEXISNEXIS FILE AND SERVE**

    I am a citizen of the United States and an employee in the County of Sacramento. I am over the age of eighteen (18) years and not a party to this action. My business address is Miller, Axline, & Sawyer, 1050 Fulton Avenue, Suite, 100, Sacramento, California 95825.

    On the date executed below, I electronically served the document(s) via LexisNexis File & Serve, described below, on the recipients designated on the Transaction Receipt located on the LexisNexis File & Serve website:

**MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFF ORANGE COUNTY WATER DISTRICT'S**
**MOTION FOR INCLUSION OF SHELL AND BP IN REMAND ORDER**

    I declare under penalty of perjury that true and correct copies of the above document(s) were served via LexisNexis File & Serve on July 2, 2015.

*/s/ Kathy Herron*
KATHY HERRON