UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re: Methyl Tertiary Butyl Ether ("MTBE")
Products Liability Litigation

Master File No. 1:00-1989
MDL 1358 (SAS)

This Document Relates To:

The Honorable Shira A. Scheindlin

*Orange County Water District v. Unocal Corporation
et al.,* Case No. 04 Civ. 4968 (SAS)

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF
PLAINTIFF ORANGE COUNTY WATER DISTRICT'S
MOTION  FOR INCLUSION OF SHELL AND BP IN REMAND ORDER**

Plaintiff Orange County Water District respectfully requests that the Court take judicial notice of the following documents:

1.      The Declaration of Lawrence A. Cox in Support of Motion for Good Faith Settlement Determination of Defendants BP Products North America Inc. and Atlantic Richfield Company, including Exhibit 1 thereto, filed in *Crescenta Valley Water District v. Exxon Mobil Corp., et al.,* United States District Court, Central District of California, Case No. CV 07-2630-JST (ANx).  The relevant pages are **Exhibit A** hereto.

2.      The Declaration of Richard E. Wallace, Jr. in Support of the Shell Defendants' Motion for Good Faith Settlement Determination, including Exhibit 1 thereto, filed in *Crescenta Valley Water District v. Exxon Mobil Corp., et al.,* United States District Court, Central District of California, Case No. CV 07-2630-JST (ANx).  The relevant pages are **Exhibit B** hereto.

A court "must take judicial notice" of adjudicative facts "if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c).  "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." The facts and documents that are listed above are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.  "A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related findings." *Global Network Commc'ns, Inc. V.*

*City of New York*, 458 F.3d 150, 157 (2d Cir. 2006).


DATED: July 2, 2015                    Respectfully submitted

Michael Axline
MILLER & AXLINE
A Professional Corporation
1050 Fulton Avenue, Suite 100
Sacramento, CA 95825-4225
Telephone: (916) 488-6688
Counsel for Plaintiff Orange County Water District

# EXHIBIT A

1  Matthew T. Heartney (State Bar No. 123516)
   Matthew.Heartney@aporter.com
2  Lawrence A. Cox (State Bar No. 076140)
   Lawrence.Cox@aporter.com
3  ARNOLD & PORTER LLP
   777 South Figueroa Street, Forty-Fourth Floor
4  Los Angeles, California  90017-5844
   Telephone:  213.243.4000
5  Facsimile:  213.243.4199
6
7  Attorneys for Defendants
   BP Products North America Inc. and
8  Atlantic Richfield Company
9
10                 UNITED STATES DISTRICT COURT
11                 CENTRAL DISTRICT OF CALIFORNIA
12

| | |
|---|---|
| 13  CRESCENTA VALLEY WATER<br>14  DISTRICT,<br>15              Plaintiff,<br>16       v.<br>17  EXXON MOBIL CORPORATION, et<br>18  al.,<br>19              Defendants. | Case No. CV 07-2630-JST (ANx)<br><br>Assigned to the Honorable Josephine<br>Staton Tucker, Courtroom 10A<br><br>**DECLARATION OF LAWRENCE<br>A. COX IN SUPPORT OF MOTION<br>FOR GOOD FAITH SETTLEMENT<br>DETERMINATION OF<br>DEFENDANTS BP PRODUCTS<br>NORTH AMERICA INC. AND<br>ATLANTIC RICHFIELD<br>COMPANY**<br><br>*[Good Faith Motion and Proposed<br>Order filed concurrently herewith]*<br><br>Date:      February 1, 2013<br>Time:      2:30 p.m.<br>Dept.:     10A |

20
21
22
23
24
25
26
27
28

## DECLARATION OF LAWRENCE A. COX

I, Lawrence A. Cox, declare and state:

1.      I am an attorney duly admitted to practice law before this Court, and am a partner with Arnold & Porter LLP, attorneys of record for Defendants BP Products North America Inc. and Atlantic Richfield Company (collectively "BP Defendants). I have personal knowledge of the facts hereinafter set forth and if called as a witness I could and would testify competently to the following.

2.      On November 20, 2012, I informed counsel for Defendants ExxonMobil, Shell/Equilon, Wortman Oil Company, Chevron, ConocoPhillips, Valero, and Lyondell of the settlement with Plaintiff Crescenta Valley Water District ("Plaintiff" or "CVWD"), and of the settling parties' intention to request a good faith settlement determination.  I also provided counsel for these Defendants with a copy of the settlement agreement, and inquired as to whether any of them intended to oppose this motion or would consent to entry of the good faith settlement order.  None of the remaining defendants have indicated that they intend to oppose the granting of the BP Defendants' good faith settlement motion.

3.      Attached hereto as Exhibit 1 is a true and correct copy of the executed settlement agreement between the BP Defendants and Plaintiff.

4.      This case was part of a federal court multi-district litigation (MDL 1358) pending in the United States District Court, Southern District of New York.  The MDL proceedings have involved over one hundred actions brought by public and private entities and individuals from various states.  The plaintiffs in each of these actions, including CVWD, brought claims against various petroleum companies for

- 1 -

1    I declare under penalty of perjury under the laws of the State of California that
2  the foregoing is true and correct.

3

4    Executed November **30**, 2012, at Los Angeles, California.

5

6                                                          Lawrence A. Cox

7

8

9  32312288

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 4 -

DECLARATION OF LAWRENCE A. COX MOTION FOR GOOD FAITH SETTLEMENT DETERMINATION OF
DEFENDANTS BP PRODUCTS NORTH AMERICA INC. AND ATLANTIC RICHFIELD COMPANY

Case 1:00-cv-01898-VSB-VF   Document 4230   Filed 07/02/15   Page 8 of 34
Case 2:07-cv-02630-JLS-AN   Document 254-1   Filed 11/30/12   Page 1 of 33   Page ID
#:11222

Exhibit 1

Case 1:00-cv-01898-VSB-VF   Document 4230   Filed 07/02/15   Page 9 of 34
Case 2:07-cv-02630-JLS-AN   Document 254-1   Filed 11/30/12   Page 2 of 33   Page ID
#:11223

# SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release (the "Agreement") is entered into by and between: (1) Atlantic Richfield Company, BP West Coast Products LLC, and BP Products North America Inc. (collectively "BP Defendants") and (2) Crescenta Valley Water District, a district organized under the provisions of Division 12 of the State of California Water Code and operating as a political subdivision of the State ("Crescenta"). The BP Defendants and Crescenta are referred to collectively as the "Settling Parties" and individually as a "Settling Party." This Agreement is effective as of the last date of execution reflected herein.

1.    **Recitals and Definitions**: This Agreement is made with reference to the following facts and definitions:

1.1    Certain disputes and controversies have arisen between the Settling Parties. Such disputes and controversies include the claims asserted in the lawsuit entitled <u>Crescenta Valley Water District v. Exxon Mobil Corporation, et. al</u>, U.S. District Court-Central District of California Case No. CV 07-2630-JST(ANx) (the "Action"). In the Action, Crescenta alleges that gasoline containing methyl tertiary butyl ether ("MTBE") was released at the Stations/Facilities in the La Crescenta area and contaminated and/or threatens to contaminate groundwater, drinking water, and the Crescenta water well system. Crescenta contends that such releases could have been prevented if the Defendants named in the Action, including the BP Defendants, had provided additional warnings and instructions regarding MTBE and its proper handling. Based on these allegations, Crescenta asserted causes of action for strict products liability, negligence, nuisance, and declaratory relief, based upon allegations that the BP Defendants are responsible, in part, for the damages Crescenta claims it has suffered or will suffer in the future. The BP Defendants have denied and continue deny Crescenta's claims, and all other material allegations against them, in the Action.

1.2    The term "Stations/Facilities" means the gasoline service stations or other facilities listed on Attachment A, as well as any gasoline service station, storage facility, or property where gasoline was stored, handled, used, dispensed, spilled, leaked, or released that caused, allegedly caused, could have caused, or may cause any injury or damage to Crescenta.

1.3    The term "Conditions/Events" means any and all facts or circumstances arising out of, or relating to, or resulting from:

1.3.1    the design, manufacture, refining, marketing, transportation, storage, supply, distribution, exchange, or sale of any gasoline that actually or allegedly has, will, or may damage or interfere with Crescenta's usufructuary or other rights;

1.3.2    the actual, potential, or threatened presence of gasoline, benzene, toluene, ethyl benzene, xylenes, MTBE, tertiary butyl alcohol ("TBA"), diisopropyl ether ("DIPE"), tertiary amyl methyl ether ("TAME"), ethanol, or any other petroleum hydrocarbon, gasoline constituent, oxygenate, additive, or component thereof (including without limitation any degradation products or byproducts of any such compounds) in soil, groundwater, drinking water, or Crescenta water well system;

EXHIBIT 1

Case 1:00-cv-01898-VSB-VF   Document 4230   Filed 07/02/15   Page 10 of 34
Case 2:07-cv-02630-JLS-AN   Document 254-1   Filed 11/30/12   Page 3 of 33   Page ID
#:11224

1.3.3    Crescenta's treatment, investigation, and/or remediation of any actual, potential, or threatened contamination, modification or replacement of any well or portion of its water well system, or purchase of any replacement water because of any contamination in its water well system;

1.3.4    any actual, potential, or threatened contamination that was or could have been raised as part of the Action, including without limitation any actual, potential, or threatened contamination associated with any of the Stations/Facilities;

1.3.5    any ownership, operation, supply, or act/omission by the BP Defendants with respect to any gasoline service station, storage facility, or above-ground or underground storage tank that allegedly contributed to any actual or threatened contamination, including any alleged warning, training, or lack thereof;

1.3.6    any act, omission, event, or occurrence on or pertaining to any of the Stations/Facilities or investigation or remediation thereof;

1.3.7    any alleged conspiracy, concert of action, market-share liability, commingled-product liability, or other form of collective liability or several liability for the injuries or damages at issue in the Action; and/or

1.3.8    any alleged failure to provide information to the United States Environmental Protection Agency, State of California, or any other federal, state, or local government agency relating to gasoline, benzene, toluene, ethyl benzene, xylenes, MTBE, TBA, DIPE, TAME, ethanol, or any other petroleum hydrocarbon, gasoline constituent, oxygenate, additive, or component thereof (including without limitation any degradation products or byproducts of any such compounds), or any condition, act, omission, or event at any of the Stations/Facilities.

1.4    In the Action, Crescenta alleged or could have alleged, among other things, that the Conditions/Events have caused it damages, costs, harm, injury, and inconvenience and entitle it to recover damages, punitive damages, and injunctive or declaratory relief.

1.5    The BP Defendants contend that they have no liability to Crescenta, deny all of the allegations made against them in the Action, and deny any wrongdoing, misconduct, or liability. Nonetheless, the Settling Parties desire to avoid the cost, risk, disruption, and inconvenience of litigation or Claims (as defined below), and to buy their peace. Therefore, after negotiations and compromise and without admitting any liability to Crescenta whatsoever, the Settling Parties have agreed to this Agreement to fully, completely, and finally resolve, settle, and dispose of the Claims described below.

1.6    The term "Claims" means any and all claims, cross-claims, counter claims, third-party claims, demands, interventions, actions, causes of action, suits, liens, judgments, duties, rights, notes, expenses, costs, debts, obligations, promises, accounts, payments, agreements, contracts, rights of contribution or indemnification, liabilities, and damages or injuries of whatever nature or kind, including without limitation diminution-in-value; stigma; property damage; strict liability; waste; trespass; nuisance; negligence; lost profits; lost enjoyment or use; lost sales; lost opportunities; personal injuries; emotional pain, suffering and

32307607v2                                    - 2 -                                          **6**

Case 1:00-cv-01898-VSB-VF   Document 4230   Filed 07/02/15   Page 11 of 34
Case 2:07-cv-02630-JLS-AN   Document 254-1   Filed 11/30/12   Page 4 of 33   Page ID
#:11225

distress; fear; worry; medical costs and expenses; consultant fees or attorneys fees; consequential damages; economic damages; statutory damages; penalties; natural resource damages; punitive or exemplary damages; environmental damages; costs of investigation, mitigation, remediation, response, restoration, abatement, treatment, water replacement, or new/replacement facilities or wells; injunctive relief; declaratory relief; and remedies of any kind, whether at law or at equity, whether based on tort or contract, or whether under any past, present, or future local, state or federal law, common law, statute, ordinance or regulation, including without limitation: the Comprehensive Environmental Response, Compensation and Liability Act; the Resource Conservation and Recovery Act; the Toxic Substances Control Act; the Safe Drinking Water Act; the Clean Water Act; and all provisions of the California Health & Safety, Water, Fish & Game, and Business & Professions Codes).

1.7    This Agreement fully and completely settles and disposes of any and all known or unknown, suspected or unsuspected, past, present or future Claims by Crescenta against the Released Parties, without any limitation or restriction whatsoever, including without limitation any and all Claims that were or could have been alleged in the Action arising out of the Conditions/Events.

2.    **Consideration**:  This Agreement is supported by the mutual promises and covenants contained herein, which the Settling Parties agree constitute good and valuable consideration.  As consideration for the releases, promises, and covenants set forth herein, the Settling Parties shall do the following:

2.1    **Good Faith Settlement Motion**:  Within five (5) business days after execution of this Agreement by all Settling Parties, the BP Defendants shall move the court for an order determining this settlement to be in good faith in accordance with Sections 877 and 877.6 of the California Code of Civil Procedure.  Crescenta shall cooperate in securing such court approval by filing appropriate papers with the court and/or appearing at any hearing(s) on such motion, if necessary.

2.2    **Settlement Payment**:  Within fifteen (15) days after the court enters an order approving this Agreement as a good faith settlement and confirming that the Released Parties are entitled to protection against contribution claims pursuant to California Code of Civil Procedure Section 877.6, the BP Defendants shall cause the total sum of $4,000,000 (four million dollars) (the "Settlement Payment") to be made as follows:  at the BP Defendants' option, either by check payable to "Miller Axline & Sawyer, A Professional Corporation Client Trust Account" (1050 Fulton Avenue, Suite 100, Sacramento, CA 95825) or by wire transfer to "Miller Axline & Sawyer, A Professional Corporation Client Trust Account" (Bank of America, 9 Park Center Drive, Sacramento, CA 95825; ph. 916-878-3109; Account #16642-08592; ABA Routing #121000358).  The tax identification number for Miller, Axline & Sawyer is 94-2706859.  The Settlement Payment does not represent a payment of punitive damages, and is intended to compensate Crescenta for injury and damages that Crescenta has or may suffer as a result of the allegations in the Action.  Any distribution of the Settlement Payment among Crescenta and its counsel is a matter that is solely between them, and is solely their concern.  Crescenta and its counsel agree that the BP Defendants' Settlement Payment obligation is satisfied immediately upon delivering the check or making the wire transfer, and neither

Case 1:00-cv-01898-VSB-VF   Document 4230   Filed 07/02/15   Page 12 of 34
Case 2:07-cv-02630-JLS-AN   Document 254-1   Filed 11/30/12   Page 5 of 33   Page ID
#:11226

Crescenta nor its counsel shall look to the BP Defendants for any additional monies or payment after the Settlement Payment has been made pursuant to this sub-paragraph.

    2.3    **Dismissal**:  Within five (5) days of receipt of the payment described above, counsel for Crescenta shall cause the Action to be dismissed with prejudice as to the BP Defendants, and each of the Settling Parties shall bear its own costs, expenses, and attorneys' fees.

    3.    **Conditions Precedent**:  This Agreement and all obligations of the Settling Parties (except Crescenta's obligation to cooperate in securing court approval of this settlement) are conditioned upon obtaining court approval of the settlement as a good faith settlement as defined in California Code of Civil Procedure § 877.6.  If the court does not approve the settlement as a good faith settlement, any Settling Party shall be entitled to petition the proper court to review the determination.

    4.    **Releases**:

    4.1    **Release of BP Defendants and Released Parties**:  In its individual, proprietary, representative, governmental, and/or sovereign capacities, and on behalf of itself, its Board, and all past, present, and future joint venturers, partners, parents, subsidiaries, affiliates, predecessors, successors, assigns, beneficiaries, customers, officers, directors, employees, shareholders, officials, board members, fiduciaries, agents, attorneys, insurance carriers, sureties, consultants, experts, advisors, and all persons in privity with it and/or who could have claimed or could claim by, through or under it, Crescenta fully, finally and forever releases, acquits and discharges the BP Defendants and their past, present and future related entities, parent companies, affiliates, subsidiaries, predecessors, successors, assigns, officers, directors, stockholders, attorneys, representatives, agents, employees, and all other persons and entities for whose acts or omissions the BP Defendants could be held legally responsible (collectively "Released Parties"), from any and all known or unknown, suspected or unsuspected, past, present or future Claims against them, including without limitation any Claims that were or could have been brought in the Action and any causes of action for negligence, nuisance, strict liability, failure to warn, trespass, fraud, unfair competition, declaratory relief, and any statutory claim.  This release includes without limitation any and all Claims that Crescenta has, had, or may have in the future arising out of the Conditions/Events.  Apart from the Released Parties, pursuant to this Agreement Crescenta is not releasing any other parties to the Action, or any non-parties, and the Claims released pursuant to this Agreement do not encompass any Claims against any other person or entity, including any other Defendants in the Action, and including without limitation any other person or entity who manufactured, refined, distributed, sold, and/or supplied gasoline to the Stations/Facilities.

    4.2    **Civil Code § 1542 Waiver**:  This Agreement shall be effective as a full and final accord and satisfaction of any and all Claims subject to the preceding sub-paragraph 4.1.  In furtherance of this intention, Crescenta specifically waives the benefit of the provisions of Section 1542 of the Civil Code of the State of California, which provides as follows:

        **"A GENERAL RELEASE DOES NOT EXTEND TO
        CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR**

Case 1:00-cv-01898-VSB-VF   Document 4230   Filed 07/02/15   Page 13 of 34
Case 2:07-cv-02630-JLS-AN   Document 254-1   Filed 11/30/12   Page 6 of 33   Page ID
#:11227

**SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."**

     5.    **Final Settlement**: The Settling Parties understand and agree that this Agreement shall act as a release of future Claims, whether such Claims are currently known, unknown, foreseen, or unforeseen. The Settling Parties understand and acknowledge the significance and consequence of the waiver of Civil Code Section 1542 described above.

     6.    **Representations and Warranties**: Each of the Settling Parties represents, warrants, and agrees as to itself and/or himself or herself as follows:

     6.1    **Legal Representation/Satisfaction with Terms**: In executing this Agreement, the Settling Parties acknowledge that they have consulted with and had the advice and counsel of an attorney of their choosing who is duly admitted to practice in the State of California, or had the option of doing so, concerning the advisability of executing this Agreement and the meaning of California Civil Code Section 1542, that they are satisfied with the terms incorporated herein, which represent a full and fair settlement, and that they have executed this Agreement after independent investigation and without any form of fraud, misrepresentation, duress or undue influence.

     6.2    **Unknown/Unanticipated Claims**: Each of the Settling Parties is aware that it may hereafter discover Claims or facts that were unknown or unanticipated at the time this Agreement was executed, in addition to or different from those it now knows or believes to be true with respect to the matters released pursuant to this Agreement, which might have materially affected its decision to execute this Agreement. Nevertheless, it is the intention of the Settling Parties to fully, finally and forever settle and release all such Claims released above that do now exist, may exist, or have existed. **THE SETTLING PARTIES EXPRESSLY ASSUME THE RISK OF SUCH UNKNOWN AND UNANTICIPATED CLAIMS AND AGREE THAT THIS AGREEMENT APPLIES TO ALL SUCH UNKNOWN AND UNANTICIPATED CLAIMS. INCLUDING ANY ARISING OUT OF ANY LEAKS, SPILLS, OR DISCHARGE OF GASOLINE.**

     6.3    **Investigation**: Each of the Settling Parties has made such investigation of the facts pertaining to this Agreement, the Conditions/Events, and all Claims release pursuant to this Agreement as it deems necessary.

     6.4    **No Representations or Warranties**: No BP Defendant, nor any officer, agent, employee, representative, or attorney of or for any BP Defendant, has made any statement or representation to Crescenta regarding any fact relied upon by Crescenta in entering into this Agreement, and no Settling Party has relied upon any statement, representation or promise of any other Settling Party, or of any officer, agent, employee, representative, or attorney of or for any other Settling Party, in executing this Agreement, or in making the settlement provided for herein, except as expressly stated in this Agreement.

Case 1:00-cv-01898-VSB-VF   Document 4230   Filed 07/02/15   Page 14 of 34
Case 2:07-cv-02630-JLS-AN   Document 254-1   Filed 11/30/12   Page 7 of 33   Page ID
#:11228

6.5    **Read and Understood Agreement/Authority to Sign**:  Each of the Settling Parties or a responsible officer or representative thereof has read this Agreement and understands the contents hereof.  Each officer or representative executing this Agreement on behalf of his/her respective entity is empowered to do so and thereby binds said entity, and agrees to indemnify and hold harmless each other Settling Parties from any claim that such authority did not exist.

6.6    **No Assignment**.  Each Settling Party represents that no other person or entity has or has had any interest in the Claims released pursuant to this Agreement; that it has the sole right and exclusive authority to execute this Agreement and receive the consideration specified herein; and that it has not sold, assigned, transferred, conveyed, or otherwise disposed of any Claims within the scope of this Agreement.

6.7    **Contractual Terms**:  Each term of this Agreement is contractual and not merely a recital.

7.    **Miscellaneous**:

7.1    **No Admission of Liability**:  This Agreement effectuates the settlement of Claims that are denied and contested, and nothing contained herein shall be construed as an admission by any Settling Party of any fact or liability of any kind whatsoever, including any liability to any other Settling Party.

7.2    **Entire Agreement**:  This Agreement constitutes the entire agreement between the Settling Parties and supersedes any prior or contemporaneous oral or written agreements.  This Agreement is fully integrated and may be amended only by a duly executed written agreement.

7.3    **California Law/Construction of Terms**:  This Agreement is made and entered into in the State of California and the Settling Parties agree that it shall in all respects be interpreted, enforced and governed under the laws of the State of California without giving effect to choice of law rules.  The language in all parts of this Agreement shall be in all cases construed as a whole according to its meaning and not strictly for or against the BP Defendants or Crescenta.  In addition, each of the Settling Parties has cooperated in the drafting and preparation of this Agreement and therefore agrees that any law, legal decision or rule of construction of contracts (including Civil Code Section 1654) resolving ambiguities against the drafting party shall be inapplicable in their entirety to this Agreement.

7.4    **Persons Bound or Benefited**:  This Agreement is binding upon and shall inure to the benefit of the Settling Parties and their respective agents, partners, attorneys, employees, representatives, officers, directors, shareholders, divisions, subsidiaries, affiliates, insurers, transferees, successors and assigns.

7.5    **Severability of Terms**:  The terms and conditions of this Agreement are not severable.  However, if any provision of this Agreement is declared or determined by any court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby, and such illegal or invalid part, term or provision shall not be deemed to be a part of this Agreement.

Case 1:00-cv-01898-VSB-VF   Document 4230   Filed 07/02/15   Page 15 of 34
Case 2:07-cv-02630-JLS-AN   Document 254-1   Filed 11/30/12   Page 8 of 33   Page ID
#:11229

7.6    **Confidentiality/No Press or Public Statements/Liquidated Damages**:
Crescenta agrees that neither it nor its counsel will issue or provide any press release,
announcement, or statement or response to the press or media (including any print, on-line, or
on-air media, blogger, etc.) about this settlement or the amount of the settlement payment.  Any
violation of this provision shall entitle the BP Defendants to recover $1,000 per violation from
Crescenta as liquidated damages and not as a penalty.  Nothing in this sub-paragraph is intended
to prevent Crescenta from complying with the California Public Records Act, and no such
compliance will be treated as a violation by Crescenta of this sub-paragraph .

7.7    **Execution in Counterparts**:  This Agreement may be executed in
counterparts with the same force and effect as if executed in one complete document.

Atlantic Richfield Company

By: _____
Name: _____
Its: _____
Dated: _____, 2012

Crescenta Valley Water District

By: _Kerry D Erickson_
Name: _KERRY ERICKSON_
Its: _DIRECTOR_
Dated: _11-21_____, 2012

BP West Coast Products LLC

By: _____
Name: _____
Its: _____
Dated: _____, 2012

BP Products North America Inc. LLC

By: _____
Name: _____
Its: _____
Dated: _____, 2012

Approved as to form:
ARNOLD & PORTER LLP

By _____
    Lawrence A. Cox
Attorneys for Atlantic Richfield Company, BP
West Coast Products LLC and BP Products
North America Inc.
Dated: _____, 2012

Approved as to form:
MILLER, AXLINE & SAWYER

By _____
    Duane C. Miller/Michael Axline
Attorneys for Crescenta Valley Water
District
Dated: _11/26_____, 2012

Case 1:00-cv-01898-VSB-VF   Document 4230   Filed 07/02/15   Page 16 of 34
Case 2:07-cv-02630-JLS-AN   Document 254-1   Filed 11/30/12   Page 9 of 33   Page ID
#:11230

7.6   **Confidentiality/No Press or Public Statements/Liquidated Damages**:
Crescenta agrees that neither it nor its counsel will issue or provide any press release,
announcement, or statement or response to the press or media (including any print, on-line, or
on-air media, blogger, etc.) about this settlement or the amount of the settlement payment. Any
violation of this provision shall entitle the BP Defendants to recover $1,000 per violation from
Crescenta as liquidated damages and not as a penalty. Nothing in this sub-paragraph is intended
to prevent Crescenta from complying with the California Public Records Act, and no such
compliance will be treated as a violation by Crescent of this sub-paragraph.

7.7   **Execution in Counterparts**: This Agreement may be executed in
counterparts with the same force and effect as if executed in one complete document.

Atlantic Richfield Company

By: _____
Name: __RITA GRIFFIN__
Its: __VICE PRESIDENT__
Dated: __11-28__, 2012

Crescenta Valley Water District

By: _____
Name: _____
Its: _____
Dated: _____, 2012

BP West Coast Products LLC

By: _____
Name: __RITA GRIFFIN__
Its: __Vice President__
Dated: __11-28__, 2012

BP Products North America Inc, LLC

By: _____
Name: __J. DOUGLAS SPARKMAN__
Its: __VICE PRESIDENT__
Dated: __11-27-__, 2012

Approved as to form:
ARNOLD & PORTER LLP

By _____
    Lawrence A. Cox
Attorneys for Atlantic Richfield Company, BP
West Coast Products LLC and BP Products
North America Inc.
Dated: __11-29__, 2012

Approved as to form:
MILLER, AXLINE & SAWYER

By _____
    Duane C. Miller/Michael Axline
Attorneys for Crescenta Valley Water
District
Dated: _____, 2012

**12**

Case 1:00-cv-01898-VSB-VF   Document 4230   Filed 07/02/15   Page 17 of 34
Case 2:07-cv-02630-JLS-AN   Document 254-1   Filed 11/30/12   Page 10 of 33   Page ID
#:11231

## ATTACHMENT A

| ADDRESS | STATION/FACILITY NAME |
|---|---|
| 2304 Foothill Blvd. | M & L Automotive |
| 2320 Foothill Blvd. | Pacific Bell |
| 2355 Foothill Blvd. | Foothill Car Wash |
| 2384 Foothill Blvd. | Unocal Station 6180; 76 Station |
| 2613 Foothill Blvd. | Former Mobil Oil Station |
| 2660 Foothill Blvd. | Foothill Gas; True Mart |
| 2800 Foothill Blvd. | Crescenta Valley Car Wash |
| 2801 Foothill Blvd. | Bruce's Automotive |
| 3001 Foothill Blvd. | Fred and Rick's Auto; Unocal Station #917 |
| 3044 Foothill Blvd. | Wortmann Oil Station |
| 3115 Foothill Blvd. | One Stop Cleaner |
| 3157 Foothill Blvd. | Chevron Station 7560 |
| 3200 Foothill Blvd. | Mobil Station |
| 3402 Foothill Blvd. | 76 Station |
| 3411 Foothill Blvd. | Former Texaco Gas Station |
| 3601 Foothill Blvd. | Michael's Auto Shop |
| 4000 Foothill Blvd. | Chevron Station 3926 |
| 6454 Foothill Blvd. | Arco Station 1796 |
| 6621 Foothill Blvd. | Shell branded Station |
| 3916 Dunsmore Ave. | Los Angeles County DPW 514 |
| 2817 Honolulu Ave. | Chevron Station #6229; Exxon Station #7-3523 |
| 4554 Briggs Ave. | Los Angeles County Sheriff |
| 4628 Briggs Ave. | Los Angeles Dept. of Public Works Pickens Yard |
| 4410 New York Ave. | Glendale Fire Dept. |
| 4455 Ocean View Blvd. | Corey's Auto Service Center |
| 4400 Ramsdell Ave. | Crescenta Valley High School |
| 4458 Cloud Ave. | Crescenta Valley Tow |

**13**

# EXHIBIT B

1  CRAIG S. BARNES
2  craig.barnes@sedgwicklaw.com
   SEDGWICK LLP
3  801 Figueroa Street, 19th Floor
4  Los Angeles, California  90017
   Tel: (213) 426-6900
5  Fax: (213) 426-6921
6
   RICHARD E. WALLACE, JR. (*pro hac vice*)
7  rick.wallace@sedgwicklaw.com
8  SEDGWICK LLP
   2900 K Street, NW
9  Harbourside, Suite 500
10 Washington, D.C.  20007
   Tel: (202) 204-1000
11 Fax: (202) 204-1001
12 Attorneys for Defendants
   SHELL OIL COMPANY AND EQUILON ENTERPRISES LLC
13
14          UNITED STATES DISTRICT COURT
            CENTRAL DISTRICT OF CALIFORNIA
15               SANTA ANA DIVISION
16

| | |
|---|---|
| CRESCENTA VALLEY WATER DISTRICT, | Case No. CV 07-2630-JST (ANx) |
| Plaintiff, | **DECLARATION OF RICHARD E. WALLACE, JR. IN SUPPORT OF THE SHELL DEFENDANTS' MOTION FOR GOOD FAITH SETTLEMENT DETERMINATION** |
| v. | |
| EXXON MOBIL CORP., et al., | Hearing:  October 18, 2013 |
| Defendants. | Time:  2:30 p.m. Place:  Dept. 10A Judge: Hon. Josephine Staton Tucker |

17
18
19
20
21
22
23
24
25
26
27
28

Case 1:00-cv-01898-VSB-VF   Document 4230   Filed 07/02/15   Page 20 of 34
Case 2:07-cv-02630-JST-AN   Document 319-2   Filed 08/26/13   Page 2 of 192   Page ID
#:12660

1     RICHARD E. WALLACE, JR., declares as follows:

2         1.    I am an attorney admitted *pro hac vice* to practice in this Court, and

3  am a partner with the law firm of Sedgwick LLP, counsel for defendants Shell Oil

4  Company, Equilon Enterprises LLC, and TMR Company (f/k/a Texaco Refining

5  and Marketing Inc.) (the "Shell Defendants"). I have personal knowledge of the

6  facts stated herein and if called as a witness would testify competently to them.

7         2.    The Shell Defendants have reached a settlement with plaintiff

8  Crescenta Valley Water District ("Plaintiff" or "CVWD") to resolve the claims that

9  CVWD is asserting against the Shell Defendants in this lawsuit for a payment of

10  $4.5 million. The settlement is conditioned on a determination by the Court that

11  the agreement is a "good faith settlement" pursuant to California Code of Civil

12  Procedure §§ 877 and 877.6. I submit this declaration in support of the Shell

13  Defendants' motion for good faith settlement determination.

14         3.    I have informed counsel for the remaining Defendants that the Shell

15  Defendants had reached a settlement with CVWD, and of the Shell Defendants'

16  intention to seek a good faith settlement determination from the Court. I also

17  provided counsel for those Defendants with a copy of the settlement agreement,

18  which is attached hereto as Exhibit 1, and inquired as to whether any of the

19  remaining defendants intended to oppose the motion. None of the remaining

20  defendants have expressed their intent to oppose the Shell Defendants' good faith

21  settlement motion.

22         4.    Prior to reaching its agreement to settle with the Shell Defendants,

23  CVWD had reached settlements with Exxon Mobil, BP and Conoco Phillips.

24  Counsel for all remaining defendants have also indicated that they have reached

25  agreements in principle with CVWD to settle its claims in this case. Assuming all

26  those settlements are consummated, all defendants in this action will have reached

27  settlements with CVWD. The total value of the prior settlements with Exxon

28

2

Case 1:00-cv-01898-VSB-VF   Document 4230   Filed 07/02/15   Page 21 of 34
Case 2:07-cv-02630-JST-AN   Document 319-2   Filed 08/26/13   Page 11 of 192   Page ID
#:12669

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,


SEDGWICK LLP

/s/ Richard E. Wallace, Jr.


Craig S. Barnes
Alison Beanum
Attorneys for Defendants SHELL
OIL COMPANY and EQUILON
ENTERPRISES LLC
801 Figueroa Street, 19th Floor
Los Angeles, California  90017
Tel: (213) 426-6900
Fax: (213) 426-6921

Richard E. Wallace, Jr. (*pro hac vice*)
Peter C. Condron (*pro hac vice*)
2900 K Street, NW
Harbourside, Suite 500
Washington, D.C. 20007
T: (202) 204-1000
F: (202) 204-1001

11

Case 1:00-cv-01898-VSB-VF   Document 4230   Filed 07/02/15   Page 22 of 34
Case 2:07-cv-02630-JST-AN   Document 319-2   Filed 08/26/13   Page 13 of 192   Page ID
#:12671

# Exhibit 1

Case 1:00-cv-01898-VSB-VF   Document 4230   Filed 07/02/15   Page 23 of 34
Case 2:07-cv-02630-JST-AN   Document 319-2   Filed 08/26/13   Page 14 of 192   Page ID
#:12672

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release (the "Agreement") is entered into by and between: (1) Shell Oil Company, Equilon Enterprises LLC, and TMR Company (formerly known as Texaco Refining and Marketing Inc.) (collectively, the "Shell Defendants") and (2) Crescenta Valley Water District, a district organized under the provisions of Division 12 of the State of California Water Code and operating as a political subdivision of the State ("Crescenta"). The Shell Defendants and Crescenta are referred to collectively as the "Settling Parties" and individually as a "Settling Party." This Agreement is effective as of the last date of execution reflected herein.

1.     <u>Recitals and Definitions</u>: This Agreement is made with reference to the following facts and definitions:

1.1     Certain disputes and controversies have arisen between the Settling Parties. Such disputes and controversies include the claims asserted in the lawsuit entitled <u>Crescenta Valley Water District v. Exxon Mobil Corporation, et al.</u>, U.S. District Court-Central District of California Case No. CV 07-2630-JST(ANx) (the "Action"). In the Action, Crescenta alleges that gasoline containing methyl tertiary butyl ether ("MTBE") was released at Stations/Facilities in the La Crescenta area and contaminated and/or threatens to contaminate groundwater, drinking water, and the Crescenta water well system. Crescenta contends that gasoline containing MTBE was defectively designed and that such releases could have been prevented if the Defendants named in the Action, including the Shell Defendants, had provided additional warnings and instructions regarding MTBE and its proper handling. Based on these allegations, Crescenta asserted causes of action for strict products liability, negligence, trespass, nuisance, and declaratory relief, based upon allegations that the Shell Defendants are responsible, in part, for the damages Crescenta claims it has suffered or will suffer in the future. The Shell Defendants have denied and continue to deny Crescenta's claims, and all other material allegations against them, in the Action.

1.2     The term "Stations/Facilities" means the gasoline service stations or other facilities listed on Attachment A, as well as any gasoline service station, storage facility, or property where gasoline was stored, handled, used, dispensed, spilled, leaked, or released that caused, allegedly caused, could have caused, or may cause any injury or damage to Crescenta.

1.3     The term "Conditions/Events" means any and all facts or circumstances arising out of, or relating to, or resulting from:

1.3.1     the design, manufacture, refining, marketing, transportation, storage, supply, distribution, exchange, or sale of any gasoline that actually or allegedly has, will, or may damage or interfere with Crescenta's usufructuary or other rights;

1.3.2     the actual, potential, or threatened presence of gasoline, benzene, toluene, ethyl benzene, xylenes, MTBE, tertiary butyl alcohol ("TBA"), diisopropyl ether ("DIPE"), tertiary amyl methyl ether ("TAME"), ethanol, or any other petroleum hydrocarbon, gasoline constituent, oxygenate, additive, or component thereof (including

Exhibit 1
Page 13

without limitation any degradation products or byproducts of any such compounds) in soil, groundwater, drinking water, or Crescenta's water well system;

1.3.3  Crescenta's treatment, investigation, and/or remediation of any actual, potential, or threatened contamination, modification or replacement of any well or portion of its water well system, or purchase of any replacement water because of any actual, potential, or threatened contamination in its water well system;

1.3.4  any actual, potential, or threatened contamination that was or could have been raised as part of the Action, including without limitation any actual, potential, or threatened contamination associated with any of the Stations/Facilities;

1.3.5  any ownership, operation, supply, or act/omission by the Shell Defendants with respect to any gasoline service station, storage facility, or above-ground or underground storage tank that allegedly contributed to any actual, potential, or threatened contamination, including any alleged warning, instruction, or training, or lack thereof;

1.3.6  any act, omission, event, or occurrence on or pertaining to any of the Stations/Facilities or the investigation or remediation thereof;

1.3.7  any alleged conspiracy, concert of action, market-share liability, commingled-product liability, or other form of collective liability or several liability for the injuries or damages at issue in the Action; and/or

1.3.8  any alleged failure to provide information to the United States Environmental Protection Agency, State of California, or any other federal, state, or local government agency relating to gasoline, benzene, toluene, ethyl benzene, xylenes, MTBE, TBA, DIPE, TAME, ethanol, or any other petroleum hydrocarbon, gasoline constituent, oxygenate, additive, or component thereof (including without limitation any degradation products or byproducts of any such compounds), or any condition, act, omission, or event at any of the Stations/Facilities.

1.4  In the Action, Crescenta alleged or could have alleged, among other things, that the Conditions/Events have caused it damages, costs, harm, injury, and inconvenience and entitle it to recover damages, punitive damages, and injunctive or declaratory relief.

1.5  The Shell Defendants contend that they have no liability to Crescenta, deny all of the allegations made against them in the Action, and deny any wrongdoing, misconduct, or liability. Nonetheless, the Settling Parties desire to avoid the cost, risk, disruption, and inconvenience of litigation or Claims (as defined below), and to buy their peace. Therefore, after negotiations and compromise and without admitting any liability to Crescenta whatsoever, the Settling Parties have agreed to this Agreement to fully, completely, and finally resolve, settle, and dispose of the Claims described below.

1.6  The term "Claims" means any and all claims, cross-claims, counter-claims, third-party claims, demands, interventions, actions, causes of action, suits, liens, judgments, duties, rights, notes, expenses, costs, debts, obligations, promises, accounts, payments,

Exhibit 1
Page 14

Case 1:00-cv-01898-VSB-VF   Document 4230   Filed 07/02/15   Page 25 of 34
Case 2:07-cv-02630-JST-AN   Document 319-2   Filed 08/26/13   Page 16 of 192   Page ID
#:12674

agreements, contracts; rights of contribution or indemnification, liabilities, and damages or injuries of whatever nature or kind, including without limitation diminution-in-value; stigma; property damage; strict liability; waste; trespass; nuisance; negligence; lost profits; lost enjoyment or use; lost sales; lost opportunities; personal injuries; emotional pain, suffering and distress; fear, worry, medical costs and expenses; consultant fees or attorneys fees; consequential damages; economic damages; statutory damages; penalties; natural resource damages; punitive or exemplary damages; environmental damages; costs of investigation, mitigation, remediation, response, restoration, abatement, treatment, water replacement, or new/replacement facilities or wells; injunctive relief; declaratory relief; and remedies of any kind, whether at law or at equity, whether based on tort or contract, or whether under any past, present, or future local, state or federal law, common law, statute, ordinance or regulation, including without limitation: the Comprehensive Environmental Response, Compensation and Liability Act; the Resource Conservation and Recovery Act; the Toxic Substances Control Act; the Safe Drinking Water Act; the Clean Water Act; and all provisions of the California Health & Safety, Water, Fish & Game, and Business & Professions Codes).

      1.7    This Agreement fully and completely settles and disposes of any and all known or unknown, suspected or unsuspected, past, present or future Claims by Crescenta against the Released Parties, without any limitation or restriction whatsoever, including without limitation any and all Claims that were or could have been alleged in the Action arising out of the Conditions/Events.

      2.    **Consideration:** This Agreement is supported by the mutual promises and covenants contained herein, which the Settling Parties agree constitute good and valuable consideration. As consideration for the releases, promises, and covenants set forth herein, the Settling Parties shall do the following:

      2.1    **Good Faith Settlement Motion:** Within five (5) business days after execution of this Agreement by all Settling Parties, the Shell Defendants shall move the court for an order determining this settlement to be in good faith in accordance with Sections 877 and 877.6 of the California Code of Civil Procedure. Crescenta shall cooperate in securing such court approval by filing appropriate papers with the court and/or appearing at any hearing(s) on such motion, if necessary.

      2.2    **Settlement Payment:** Within fifteen (15) days after the court enters an order approving this Agreement as a good faith settlement and confirming that the Released Parties are entitled to protection against contribution claims pursuant to California Code of Civil Procedure Section 877.6, the Shell Defendants shall cause the total sum of $4,500,000 (four million five hundred thousand dollars) (the "Settlement Payment") to be made as follows: at the Shell Defendants' option, either by check payable to "Miller Axline & Sawyer, A Professional Corporation, CA IOLTA Account" (1050 Fulton Avenue, Suite 100, Sacramento, CA 95825) or by wire transfer to "Miller Axline & Sawyer, A Professional Corporation, CA IOLTA Account" (Bank of America, 9 Park Center Drive, Sacramento, CA 95825; ph. 916-878-3109; Account #16642-08592; ABA Routing #121000358). The tax identification number for Miller, Axline & Sawyer is 94-2706859. The Settlement Payment does not represent a payment of punitive damages, and is intended to compensate Crescenta for injury and damages that Crescenta has or may suffer as a result of the allegations in the Action. Any distribution of the Settlement

Exhibit 1
Page 15

Case 1:00-cv-01898-VSB-VF   Document 4230   Filed 07/02/15   Page 26 of 34
Case 2:07-cv-02630-JST-AN   Document 319-2   Filed 08/26/13   Page 17 of 192   Page ID
#:12675

Payment among Crescenta and its counsel is a matter that is solely between them, and is solely their concern. Crescenta and its counsel agree that the Shell Defendants' Settlement Payment obligation is satisfied immediately upon delivering the check or making the wire transfer, and neither Crescenta nor its counsel shall look to the Shell Defendants for any additional monies or payment after the Settlement Payment has been made pursuant to this sub-paragraph.

     2.3   **Dismissal**:  Within five (5) days of receipt of the payment described above, counsel for Crescenta shall cause the Action to be dismissed with prejudice as to the Shell Defendants, and each of the Settling Parties shall bear its own costs, expenses, and attorneys' fees.

     3.   **Conditions Precedent**:  This Agreement and all obligations of the Settling Parties (except Crescenta's obligation to cooperate in securing court approval of this settlement) are conditioned upon obtaining court approval of the settlement as a good faith settlement as defined in California Code of Civil Procedure § 877.6. If the court does not approve the settlement as a good faith settlement, any Settling Party shall be entitled to petition the proper court to review the determination.

     4.   **Releases**:

     4.1   **Release of Shell Defendants and Released Parties**:  In its individual, proprietary, representative, governmental, and/or sovereign capacities, and on behalf of itself, its Board, and all past, present, and future joint venturers, partners, parents, subsidiaries, affiliates, predecessors, successors, assigns, beneficiaries, officers, directors, employees, shareholders, representatives, officials, board members, fiduciaries, agents, attorneys, insurance carriers, sureties, consultants, experts, and all persons who could have claimed or could claim by, through or under it, Crescenta fully, finally and forever releases, acquits and discharges the Shell Defendants and their past, present and future related entities, parent companies, affiliates, subsidiaries, predecessors, successors, assigns, officers, directors, shareholders, members in a limited liability company, stockholders, attorneys, representatives, agents, employees, and all other persons and entities for whose acts or omissions the Shell Defendants could be held legally responsible (collectively "Released Parties"), from any and all known or unknown, suspected or unsuspected, past, present or future Claims against them, including without limitation any Claims that were or could have been brought in the Action and any causes of action for negligence, nuisance, strict liability, failure to warn, trespass, fraud, unfair competition, declaratory relief, and any statutory claim, including but not limited to claims for actual damages, exemplary and punitive damages, statutory damages, penalties of any kind, property damages, natural resource damages, damages to equipment, economic or business losses, investigation costs, remediation costs, restoration costs, treatment costs, other costs, prejudgment or post-judgment interest, attorneys' fees, injunctive or declaratory relief, and/or any other losses or detriment of any kind. This release includes without limitation any and all Claims that Crescenta has, had, or may have in the future arising out of the Conditions/Events. Apart from the Released Parties, pursuant to this Agreement Crescenta is not releasing any other parties to the Action, or any non-parties, and the Claims released pursuant to this Agreement do not encompass any Claims against any other person or entity, including any other Defendants in the Action, and including without limitation any other person or entity who manufactured, refined, distributed, sold, and/or supplied gasoline to the Stations/Facilities.

Exhibit 1
Page 16

Case 1:00-cv-01898-VSB-VF   Document 4230   Filed 07/02/15   Page 27 of 34
Case 2:07-cv-02630-JST-AN   Document 319-2   Filed 08/26/13   Page 18 of 192   Page ID
#:12676

4.2    Civil Code § 1542 Waiver:  This Agreement shall be effective as a full and final accord and satisfaction of any and all Claims subject to the preceding sub-paragraph 4.1.  In furtherance of this intention, Crescenta specifically waives the benefit of the provisions of Section 1542 of the Civil Code of the State of California, which provides as follows:

"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."

5.    Final Settlement:  The Settling Parties understand and agree that this Agreement shall act as a release of future Claims, whether such Claims are currently known, unknown, foreseen, or unforeseen.  The Settling Parties understand and acknowledge the significance and consequence of the waiver of Civil Code Section 1542 described above.

6.    Representations and Warranties:  Each of the Settling Parties represents, warrants, and agrees as to itself and/or himself or herself as follows:

6.1    Legal Representation/Satisfaction with Terms:  In executing this Agreement, the Settling Parties acknowledge that they have consulted with and had the advice and counsel of an attorney of their choosing who is duly admitted to practice in the State of California, or had the option of doing so, concerning the advisability of executing this Agreement and the meaning of California Civil Code Section 1542, that they are satisfied with the terms incorporated herein, which represent a full and fair settlement, and that they have executed this Agreement after independent investigation and without any form of fraud, misrepresentation, duress or undue influence.

6.2    Unknown/Unanticipated Claims:  Each of the Settling Parties is aware that it may hereafter discover Claims or facts that were unknown or unanticipated at the time this Agreement was executed, in addition to or different from those it now knows or believes to be true with respect to the matters released pursuant to this Agreement, which might have materially affected its decision to execute this Agreement.  Nevertheless, it is the intention of the Settling Parties to fully, finally and forever settle and release all such Claims released above that do now exist, may exist, or have existed.  THE SETTLING PARTIES EXPRESSLY ASSUME THE RISK OF SUCH UNKNOWN AND UNANTICIPATED CLAIMS AND AGREE THAT THIS AGREEMENT APPLIES TO ALL SUCH UNKNOWN AND UNANTICIPATED CLAIMS, INCLUDING ANY ARISING OUT OF ANY LEAKS, SPILLS, OR DISCHARGE OF GASOLINE.

6.3    Investigation:  Each of the Settling Parties has made such investigation of the facts pertaining to this Agreement, the Conditions/Events, and all Claims release pursuant to this Agreement as it deems necessary.

- 5 -

Exhibit 1
Page 17

Case 1:00-cv-01898-VSB-VF    Document 4230    Filed 07/02/15    Page 28 of 34
Case 2:07-cv-02630-JST-AN    Document 319-2    Filed 08/26/13    Page 19 of 192    Page ID
#:12677

6.4    **No Representations or Warranties**:  No Shell Defendant, nor any officer, agent, employee, representative, or attorney of or for any Shell Defendant, has made any statement or representation to Crescenta regarding any fact relied upon by Crescenta in entering into this Agreement, and no Settling Party has relied upon any statement, representation or promise of any other Settling Party, or of any officer, agent, employee, representative, or attorney of or for any other Settling Party, in executing this Agreement, or in making the settlement provided for herein, except as expressly stated in this Agreement.

6.5    **Read and Understood Agreement/Authority to Sign**:  Each of the Settling Parties or a responsible officer or representative thereof has read this Agreement and understands the contents hereof.  Each officer or representative executing this Agreement on behalf of his/her respective entity is empowered to do so and thereby binds said entity, and agrees to indemnify and hold harmless each other Settling Parties from any claim that such authority did not exist.  Crescenta represents and warrants that the execution, delivery and performance of this Settlement Agreement have been approved by all necessary corporate or governmental authorities.  Crescenta further represents and warrants that the execution, delivery, and performance of this Agreement by Crescenta does not and will not contravene or constitute a default under any provision of applicable law, regulation or order.  Crescenta also further represents and warrants that, without limiting the generality of the foregoing, it is not entitled to any immunity on any grounds with respect to the performance of its obligations under this Agreement, or from any legal proceedings to enforce the obligations hereunder.  Crescenta further represents and warrants that it will not challenge or contest the validity of this Agreement and that it forever waives any defense to the validity of the Settlement, including any defense based on any claim the Agreement is *ultra vires*, violative of sovereign immunity, or otherwise void.

6.6    **No Assignment**:  Each Settling Party represents that no other person or entity has or has had any interest in the Claims released pursuant to this Agreement; that it has the sole right and exclusive authority to execute this Agreement and receive the consideration specified herein; and that it has not sold, assigned, transferred, conveyed, or otherwise disposed of any Claims within the scope of this Agreement.

6.7    **Contractual Terms**:  Each term of this Agreement is contractual and not merely a recital.

7.    **Miscellaneous**:

7.1    **No Admission of Liability**:  This Agreement effectuates the settlement of Claims that are denied and contested, and nothing contained herein shall be construed as an admission by any Settling Party of any fact or liability of any kind whatsoever, including any liability to any other Settling Party.

7.2    **Entire Agreement**:  This Agreement constitutes the entire agreement between the Settling Parties and supersedes any prior or contemporaneous oral or written agreements.  This Agreement is fully integrated and may be amended only by a duly executed written agreement.

-6-

Exhibit 1
Page 18

Case 1:00-cv-01898-VSB-VF   Document 4230   Filed 07/02/15   Page 29 of 34
Case 2:07-cv-02630-JST-AN   Document 319-2   Filed 08/26/13   Page 20 of 192   Page ID
#:12678

7.3 · <u>**California Law/Construction of Terms**</u>: This Agreement is made and entered into in the State of California and the Settling Parties agree that it shall in all respects be interpreted, enforced and governed under the laws of the State of California without giving effect to choice of law rules. The language in all parts of this Agreement shall be in all cases construed as a whole according to its meaning and not strictly for or against the Shell Defendants or Crescenta. In addition, each of the Settling Parties has cooperated in the drafting and preparation of this Agreement and therefore agrees that any law, legal decision or rule of construction of contracts (including Civil Code Section 1654) resolving ambiguities against the drafting party shall be inapplicable in their entirety to this Agreement.

7.4 <u>**Persons Bound or Benefited**</u>: This Agreement is binding upon and shall inure to the benefit of the Settling Parties and their respective agents, partners, attorneys, employees, representatives, officers, directors, shareholders, divisions, subsidiaries, affiliates, insurers, transferees, successors and assigns.

7.5 <u>**Severability of Terms**</u>: The terms and conditions of this Agreement are not severable. However, if any provision of this Agreement is declared or determined by any court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby, and such illegal or invalid part, term or provision shall not be deemed to be a part of this Agreement.

7.6 <u>**Confidentiality/No Press or Public Statements/Liquidated Damages**</u>: Crescenta agrees that neither it nor its counsel will issue or provide any press release, announcement, or statement or response to the press or media (including any print, on-line, or on-air media, blogger, etc.) about this settlement or the amount of the settlement payment. Nothing in this paragraph is intended to prevent Crescenta from complying with the California Public Records Act, which will require some public disclosure.

7.7 <u>**Execution in Counterparts: This Agreement may be executed in**</u> counterparts with the same force and effect as if executed in one complete document. All counterparts will constitute one instrument binding on the signatories upon execution of one or more counterparts by all Parties. Counsel for any Party shall be authorized to assemble a composite counterpart which shall consist of one copy of each page, except the signature pages, together with multiple counterpart signatures pages executed on behalf of each Party. The composite counterpart may then be used by any Party for all purposes as the complete signed and executed Agreement.

Shell Oil Company

By: *Cynthia A P Deere*
Name: Cynthia A.P. Deere
Its: VP Finance Global Functions & US Country Controller
Dated: <u>August 9, 2013</u>

Crescenta Valley Water District

By: *Dennis A. Erickson*
Name: *Dennis A. Erickson*
Its: *General Manager*
Dated: *Aug 23*, 20*12 3*

- 7 -

Exhibit 1
Page 19

Case 1:00-cv-01898-VSB-VF   Document 4230   Filed 07/02/15   Page 30 of 34
Case 2:07-cv-02630-JST-AN   Document 319-2   Filed 08/26/13   Page 21 of 192   Page ID
#:12679

Equilon Enterprises LLC

By:
Name: Jeffrey Roth
Its: VP Finance
Dated: 8/13 , 2013

TMR Company (f/k/a Texaco Refining and
Marketing Inc.)

By:
Name: Jeffrey Roth
Its: VP Finance
Dated: 8/13 , 2013

Approved as to form:                          Approved as to form:
SEDGWICK LLP                                  MILLER, AXLINE & SAWYER


By                                            By
    Richard E. Wallace, Jr.                       Duane C. Miller/Michael Axline
Attorneys for Shell Oil Company, Equilon      Attorneys for Crescenta Valley Water
Enterprises LLC, and TMR Company (formerly    District
known as Texaco Refining and Marketing Inc.)  Dated: _____, 2013
Dated: _____, 2013


- 8 -

Exhibit 1
Page 20

Case 1:00-cv-01898-VSB-VF   Document 4230   Filed 07/02/15   Page 31 of 34
Case 2:07-cv-02630-JST-AN   Document 319-2   Filed 08/26/13   Page 22 of 192   Page ID
#:12680

Equilon Enterprises LLC

By: _____
Name: _____
Its: _____
Dated: _____, 2013

TMR Company (f/k/a Texaco Refining and
Marketing Inc.)

By: _____
Name: _____
Its: _____
Dated: _____, 2013

Approved as to form:                          Approved as to form:
SEDGWICK LLP                                   MILLER, AXLINE & SAWYER

By: _____                    By: _____
     Richard E. Wallace, Jr.                          Duane C. Miller/Michael Axline
Attorneys for Shell Oil Company, Equilon        Attorneys for Crescenta Valley Water
Enterprises LLC, and TMR Company (formerly      District
known as Texaco Refining and Marketing Inc.)    Dated: _____, 2013
Dated: Aug. 16, 2013

Exhibit 1
Page 21

Case 1:00-cv-01898-VSB-VF   Document 4230   Filed 07/02/15   Page 32 of 34
Case 2:07-cv-02630-JST-AN   Document 319-2   Filed 08/26/13   Page 23 of 192   Page ID
#:12681

Equilon Enterprises LLC

By: _____
Name: _____
Its: _____
Dated: _____, 2012

TMR Company (f/k/a Texaco Refining and
Marketing Inc.)

By: _____
Name: _____
Its: _____
Dated: _____, 2012

Approved as to form:                            Approved as to form:
SEDGWICK LLP                                    MILLER, AXLINE & SAWYER


By _____       By _____
Richard E. Wallace, Jr.                          Duane C. Miller/Michael Axline
Attorneys for Shell Oil Company, Equilon     Attorneys for Crescenta Valley Water
Enterprises LLC, and TMR Company (formerly   District
known as Texaco Refining and Marketing Inc.) Dated: *August 23*_____, 2013
Dated: _____, 2013

- 8 -

Exhibit 1
Page 22

## ATTACHMENT A

| ADDRESS | STATION/FACILITY NAME |
|---|---|
| 2304 Foothill Blvd. | M & L Automotive |
| 2320 Foothill Blvd. | Pacific Bell |
| 2355 Foothill Blvd. | Foothill Car Wash |
| 2384 Foothill Blvd. | Unocal Station 6180; 76 Station |
| 2613 Foothill Blvd. | Former Mobil Oil Station |
| 2660 Foothill Blvd. | Foothill Gas; True Mart |
| 2800 Foothill Blvd. | Crescenta Valley Car Wash |
| 2801 Foothill Blvd. | Bruce's Automotive |
| 3001 Foothill Blvd. | Fred and Rick's Auto; Unocal Station #917 |
| 3044 Foothill Blvd. | Wortmann Oil Station |
| 3115 Foothill Blvd. | One Stop Cleaner |
| 3157 Foothill Blvd. | Chevron Station 7560 |
| 3200 Foothill Blvd. | Mobil Station |
| 3402 Foothill Blvd. | 76 Station |
| 3411 Foothill Blvd. | Former Texaco Gas Station |
| 3601 Foothill Blvd. | Michael's Auto Shop |
| 4000 Foothill Blvd. | Chevron Station 3926 |
| 6454 Foothill Blvd. | Arco Station 1796 |
| 6621 Foothill Blvd. | Shell branded Station |
| 3916 Dunsmore Ave. | Los Angeles County DPW 514 |
| 2817 Honolulu Ave. | Chevron Station #6229; Exxon Station #7-3523 |
| 4554 Briggs Ave. | Los Angeles County Sheriff |
| 4628 Briggs Ave. | Los Angeles Dept. of Public Works Pickens Yard |
| 4410 New York Ave. | Glendale Fire Dept. |
| 4455 Ocean View Blvd. | Corey's Auto Service Center |
| 4400 Ramsdell Ave. | Crescenta Valley High School |
| 4456 Cloud Ave. | Crescenta Valley Tow |

-9-

Exhibit 1
Page 23

*In Re Methyl Tertiary Butyl Ether (MTBE) Products Liability Litigation:*
*Orange County Water District v. Unocal Corp., et al.*, Case No. 04 Civ. 4968

## PROOF OF SERVICE VIA LEXISNEXIS FILE AND SERVE

I am a citizen of the United States and an employee in the County of Sacramento.  I am over the age of eighteen (18) years and not a party to this action.  My business address is Miller, Axline, & Sawyer, 1050 Fulton Avenue, Suite, 100, Sacramento, California 95825.

On the date executed below, I electronically served the document(s) via LexisNexis File & Serve, described below, on the recipients designated on the Transaction Receipt located on the LexisNexis File & Serve website:

### REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFF ORANGE COUNTY WATER DISTRICT'S MOTION FOR INCLUSION OF SHELL AND BP IN REMAND ORDER

I declare under penalty of perjury that true and correct copies of the above document(s) were served via LexisNexis File & Serve on July 2, 2015.

KATHY HERRON