UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation | **Master File No. 1:00-1989** <br> **MDL 1358 (SAS)** |
| This Document Relates To: | The Honorable Shira A. Scheindlin |
| *Orange County Water District v. Unocal Corporation et al.*, Case No. 04 Civ. 4968 (SAS) | |

**JOINT STATEMENT OF UNDISPUTED FACTS REGARDING
PLAINTIFF ORANGE COUNTY WATER DISTRICT'S
MOTION FOR INCLUSION OF SHELL AND BP IN REMAND ORDER**

1

Pursuant to this Court's suggestion at the June 18, 2015 status conference, the parties submit this Joint Statement of Undisputed Facts regarding Plaintiff Orange County Water District's Motion for Inclusion of Shell's and BP's Trial Sites in Suggestion for Remand.

1.  On December 17, 2002, the Orange County Superior Court entered a Final Judgment Pursuant to Stipulation and Order Thereon ("**BP Consent Judgment**") in *People v. Atlantic Richfield Co., et al.* (Orange County Superior Court Case No. 80-40-30).

2.  The release provided to the BP Defendants is contained in a section of the BP Consent Judgment entitled "MATTERS COVERED BY THIS FINAL JUDGMENT." Section 6.0 of the BP Consent Judgment provides:

Except for the retained jurisdiction of the court as set forth in section 6.3 below, this Final Judgment is a final and binding resolution and settlement of all claims, violations, or causes of action that were alleged by the First Amended Complaint and Plaintiff's discovery responses against Settling Defendants, or could have been asserted, based on the facts alleged in the First Amended Complaint and Plaintiff's discovery responses, against:

(i) each of the Settling Defendants and each of their subsidiaries, corporate parents, Affiliates (including, without limitation, BP West Coast Products LCC, BP Products North America Inc., BP Company North America Inc., BP Corporation North America Inc., BP America Inc., BP p.l.c., ARCO Pipeline Company, ARCO Oil and Gas Company, and ARCO Oil Refining Company), successors, heirs, assigns, and their respective officers, directors, partners, employees, representatives, and agents, dealers, franchisees, and facility operators of the stations listed in Exhibit A ("Covered Defendant

2

Parties"), or

(ii) Thrifty Oil Company, its Affiliates, and their respective officers, directors, partners, employees, successors, assigns and Affiliates ("Thrifty Parties"), solely to the extent such claims, violations or causes of actions arise from Settling Defendants' alleged violations of Operational Compliance Requirements at the stations listed in Exhibit B (which are stations owned by Thrifty Oil Co. or its Affiliates and leased by Settling Defendants). As used herein, "Operational Compliance Requirements" means the legal obligations of Settling Defendants relating to the day-to-day operation of underground storage tank equipment, as set forth in Sections 25284-25296 and 25298-25299 of the Health & Safety Code, and Sections 2630-2652 and 2660-2714 of title 23 of the California Code of Regulations. Operational Compliance Requirements do not include legal obligations relating to corrective action or remediation of releases from underground storage tanks.

Except as set forth in Section 6.0(ii) and Section 6.1(ii): (a) this Final Judgment shall not operate as a release, dismissal or retraxit as to any party not specifically identified as a "Settling Defendant" in this judgment; (b) Plaintiff's causes of action as against Defendants Thrifty Oil Company and Lyondell Chemical Company ("Non-Released Parties") as set forth in the First Amended Complaint, shall not be affected by this Final Judgment; (c) it is not the intent of Plaintiff to dismiss, release, discharge or diminish Plaintiff's claims and actions against the Non-Released Parties, including Thrifty Oil Company and Lyondell Chemical Company; (d) Plaintiff would not be entering into this stipulated judgment if Plaintiff knew or suspected that the affect of the

3

judgment would be to release, dismiss or discharge Plaintiff's actions or claims as against the Non-Released Parties; and (e) Plaintiff does hereby expressly preserve the Plaintiff's actions and claims against the Non-Released Parties.

The provisions of this section 6.0 are expressly conditioned on the Settling Defendants' full payment of the amount specified in Section 3 above by the deadlines specified in the Section 3 above and their full satisfaction of the Plume Delineation Program; provided, however, that after full payment of such amount, the provisions of this section 6.0 will remain in full force and effect unless and until the Court makes a final determination that Settling Defendants have not fully satisfied Section 3.0 and the Plume Delineation Program.

As used herein. "Affiliate" means a person that directly, or indirectly through one or more intermediaries, controls, or is controlled by, or is under common control with, the person specified. This Final Judgment shall be binding upon and shall inure to the benefit of the parties, including the parties listed in subclauses (i) and (ii) above.

3.  Section 6.1 of the BP Consent Judgment states:

This Final Judgment also constitutes a release from any known or unknown past or present claims, violations, or causes of action that were or could have been asserted in the First Amended Complaint against Covered Defendant Parties with regard to any and all existing or potential demands, causes of action, equitable or legal claims, obligations, damages, losses, fines, penalties and liabilities related to underground storage tank systems, the unauthorized release of petroleum product, or additive or constituent of such petroleum product (including but not limited to TPH, BTEX, MTBE and other fuel oxygenates); the use of MTBE and/or other fuel

4

oxygenates in gasoline, or any alleged failure to assess, remediate, or otherwise take corrective action in response to any such unauthorized release, at the sites listed in Exhibit A, whether asserted or unasserted or known or unknown, arising out of or connected with any act, cause, matter, or thing stated, claimed, alleged, or that could have been alleged in any pleading, records, or other papers filed in this lawsuit or that may be based upon, related to or connected with any of the matters referred to in any such pleadings, records, or other papers. This Final Judgment also constitutes a release from any known or unknown past or present claims, violations, or causes of action that were of could have been asserted in the First Amended Complaint against the Thrifty Parties solely to the extent such known or unknown past or present claims, violations or causes of actions arise from Settling Defendants' alleged violations of Operational Compliance Requirements at the stations listed in Exhibit B. Except as set forth in the preceding sentence, this Final Judgment does not release any claims, violations, or causes of action against the Thrifty Parties. The release in this Section 6.1 does not include unknown future violations relating to the facilities listed on Exhibit A.

4. Paragraph 120 of the First Amended Complaint against the BP Defendants states: "Each site where MTBE and/or gasoline (including its constituents Benzene, Toluene, Ethylbenzene, and Xylene) contaminates, or threatens to contaminate, groundwater or drinking water supplies constitutes a separate and continuing nuisance subject to abatement."

5. Paragraph 121 of the First Amended Complaint against the BP Defendants states: "Any site where MTBE and/or gasoline (including its constituents Benzene, Toluene, Ethylbenzene and Xylene) contamination has migrated offsite to a location or locations where such contamination is not subject to abatement constitutes a permanent nuisance justifying an
5

award of damages."

6. On January 5, 2005, the Orange County Superior Court entered a Final Judgment Pursuant to Stipulation and Order Thereon ("**Shell Consent Judgment**") in *People v. Shell Oil Co., et al.* (Orange County Superior Court Case No. 80-40-31).

7. The release provided to the Shell Defendants is contained in a section of the Shell Consent Judgment entitled "MATTERS COVERED BY THIS FINAL JUDGMENT." Section 9.0 of the Consent Judgment provides:

> Except for the retained jurisdiction of the Court as set forth in Section 9.3 below, this Final Judgment is a final and binding judgment, release, resolution and settlement of all claims, violations, or causes of action that were alleged in the First Amended Complaint against Settling Defendants, or could have been asserted based on the facts alleged in the First Amended Complaint, including all claims, violations, or causes of action in regards to the sites listed on Exhibit A. This Final Judgment and the releases contained herein shall be final and binding against and shall inure to the benefit of each of the Settling Defendants and each of their subsidiaries, corporate parents, Affiliates, successors, heirs, assigns, and their respective officers, directors, partners, shareholders, members, employees, representatives, agents, dealers, franchisees, facility owners and facility operators of the sites listed on Exhibit A with the exception of Texaco, Inc. ("Covered Defendant Parties") as to all sites listed on Exhibit A.
>
> This Final Judgment is subject to, and expressly conditioned upon, the following exceptions and limitations: (a) this Final Judgment shall not operate as a release, dismissal or retraxit as to any party not specifically identified as one of the Covered

Defendant Parties; (b) Plaintiff's causes of action against Defendant Texaco, Inc., as set forth in the First Amended Complaint, shall not be affected by this Final Judgment, and are hereby expressly preserved; (c) Plaintiff does not dismiss, release, discharge or diminish any of its claims and actions against Defendant Texaco, Inc.; and (d) this Final Judgment shall not operate as a release, dismissal or retraxit with respect to any of Settling Defendants' obligations arising under this Final Judgment, including, but not limited to, Settling Defendants' obligations for the implementation of and compliance with the Plume Delineation Program set forth in Sections 3.0 through 3.10 above, payment of UST Program Payments under Section 6 above, payment into the PROSECUTION TRUST FUND under Sections 7.0 through 7.4 above, and injunctive relief as set forth in Sections 5.0 through 5.8 above.

The release set forth in this Section 9.0 shall become effective upon Settling Defendants' full payment of the amounts specified in Section 3.0, Section 6, and Section 7.0 above by the deadline specified in those sections; provided, however, that Plaintiff shall retain the right to enforce Settling Defendants' full compliance with all the provisions of this Final Judgment pursuant to Section 9.3 below.

As used herein, "Affiliate" means a person or entity that directly, or indirectly through one or more intermediaries, controls, or is controlled by, or is under common control with, the person or entity specified.

8. Section 9.1 of the Shell Consent Judgment states:

This Final Judgment also constitutes a release from any known or unknown, past or present claims, violations, or causes of action that were or could have been asserted in the

7

First Amended Complaint by Plaintiff against the Covered Defendant Parties with regard to: any and all existing or potential demands, causes of action, equitable or legal claims, obligations, damages, losses, fines, penalties and liabilities related to underground storage tank systems, the unauthorized release of petroleum product, or additive or constituent of such petroleum product (including but not limited to TPH, BTEX, MTBE and other fuel oxygenates), the use of MTBE and/or other fuel oxygenates in gasoline, or any alleged failure to assess, remediate, or otherwise take corrective action in response to any such unauthorized release, whether asserted or unasserted, or known or unknown, arising out of or connected with any act, cause, matter, or thing stated, claimed, alleged, or that could have been alleged in any pleading, records, or other papers filed in this lawsuit or that may be based upon, related to or connected with any of the matters referred to in any such pleadings, records, or other papers. This Final Judgment does not release any claims, violations, or causes of action against Defendant Texaco, Inc.

The release in this Section 9.1 is subject to all the exceptions and limitations set forth in Section 9.0 above, and to all the other provisions contained in this Final Judgment setting out Settling Defendants' obligations hereunder, including, but not limited to Sections 3.0 through 3.10, 4.0 through 4.2, and 5.0 through 5.6 above. The release in this Section 9.1 does not include future violations relating to the facilities listed in Exhibit A.

9.      Paragraph 32 of the First Amended Complaint against the Shell Defendants states: "Each site where MTBE and/or gasoline (including its constituent BTEX) contaminates, or threatens to contaminate, groundwater or drinking water supplies constitutes a separate and continuing nuisance subject to abatement."

8

10.     Paragraph 33 of the First Amended Complaint against the Shell Defendants states: "Any site where MTBE and/or gasoline (including its constituent BTEX), contaminates, or threatens to contaminate, groundwater or drinking water supplies constitutes a separate and continuing nuisance subject to abatement constitutes a permanent nuisance justifying an award of damages."

DATED: July 2, 2015           Respectfully submitted


                              /s/_____
                              Michael Axline
                              MILLER & AXLINE
                              A Professional Corporation
                              1050 Fulton Avenue, Suite 100
                              Sacramento, CA 95825-4225
                              Telephone: (916) 488-6688
                              Counsel for Plaintiff Orange County Water District


DATED:  July 2, 2015          /s/_____
                              Peter C. Condron
                              SEDGWICK LLP
                              2900 K Street, N.W., Suite 500
                              Washington, DC 20007
                              Telephone:  (202) 204-1000
                              Counsel for Defendants Shell Oil Company, Equilon
                              Enterprises LLC, and Texaco Refining and Marketing Inc.


DATED:  July 2, 2015          /s/_____
                              Lawrence A. Cox
                              ARNOLD & PORTER LLP
                              777 South Figueroa Street
                              Los Angeles, CA 90017
                              Telephone:  (213) 243-4000

                              Stephanie B. Weirick
                              ARNOLD & PORTER LLP
                              555 Twelfth Street, NW

Washington, DC 20004
Telephone: (202) 942-5000

Counsel for Defendants Atlantic Richfield Company, BP Products North America Inc. and BP West Coast Products LLC

*In Re Methyl Tertiary Butyl Ether (MTBE) Products Liability Litigation:*
*Orange County Water District v. Unocal Corp., et al.*, Case No. 04 Civ. 4968

**PROOF OF SERVICE VIA LEXISNEXIS FILE AND SERVE**

    I am a citizen of the United States and an employee in the County of Sacramento. I am over the age of eighteen (18) years and not a party to this action. My business address is Miller, Axline, & Sawyer, 1050 Fulton Avenue, Suite, 100, Sacramento, California 95825.

    On the date executed below, I electronically served the document(s) via LexisNexis File & Serve, described below, on the recipients designated on the Transaction Receipt located on the LexisNexis File & Serve website:

**JOINT STATEMENT OF UNDISPUTED FACTS REGARDING PLAINTIFF ORANGE COUNTY WATER DISTRICT'S MOTION FOR INCLUSION OF SHELL AND BP IN REMAND ORDER**

    I declare under penalty of perjury that true and correct copies of the above document(s) were served via LexisNexis File & Serve on July 2, 2015.

*/s/ Kathy Herron*
KATHY HERRON