UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re: Methyl Tertiary Butyl Ether Products Liability Litigation<br><br>This document pertains to:<br><br>*Commonwealth of Puerto Rico, et al. v. Shell Oil Co., et al.,* No. 07 Civ. 10470 (SAS) | Master File No. 1:00-1898<br>MDL 1358 (SAS)<br>M21-88<br><br>Civil Action |

# REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF SHELL WESTERN SUPPLY AND TRADING LIMITED AND SHELL INTERNATIONAL PETROLEUM COMPANY LIMITED

July 24, 2015

Richard E. Wallace, Jr.
Peter C. Condron
Ruben F. Reyna
SEDGWICK LLP
2900 K Street, N.W.
Harbourside, Suite 500
Washington, D.C.  20007
Telephone:  202.204.1000
Facsimile:  202.204.1001

Attorneys for Defendants Shell Western
Supply and Trading Limited and Shell
International Petroleum Company Limited

**TABLE OF CONTENTS**

Page

I. THE *FRAGUADA* RULE APPLIES TO THIS CASE, AS THIS COURT HELD ............. 1

    A. The Commonwealth Misrepresents the Intervening Puerto Rico Decisions .......... 1

    B. The Court Should Not Reverse the Law of the Case ............................................. 3

    C. Shell West and SIPC Are Not in "Perfect Solidarity" with Other Defendants ........................................................................................................... 3

II. THE THIRD AMENDED COMPLAINT ADDING SHELL WEST AND SIPC DOES NOT RELATE BACK TO THE DATE OF THE ORIGINAL COMPLAINT ................................................................................................................ 5

    A. The Amended Complaint Did Not Merely Change Parties or Their Names .......... 5

    B. There Is No Evidence that Shell West or SIPC Received Timely Notice .............. 5

    C. There Is No Evidence of a Mistake Concerning the Identities of Parties ................ 7

III. THE COMMONWEALTH HAD THE REQUISITE KNOWLEDGE OF THE INJURIES IT ALLEGED IN THE ORIGINAL COMPLAINT ......................................... 8

IV. THE COMMONWEALTH HAD THE REQUISITE KNOWLEDGE OF THE IDENTITIES OF SHELL WEST AND SIPC .................................................................. 9

V. THE STATUTE OF LIMITATIONS APPLIES TO THE EPPA CLAIM ....................... 10

VI. CONCLUSION .................................................................................................................. 10

**CASES**

*Alvarado Martinez v. ELA de P.R.*, No. NSCI200500352,
    2015 WL 2251515 (T.C.A. Mar. 24, 2015) ................................................................ 2

*Brentwood Pain & Rehab. Servs., P.C. v. Allstate Ins. Co.*,
    508 F.Supp.2d 278 (S.D.N.Y.2007) ......................................................................... 3

*Burgos Rosario v. Estado Libre Asociado de P.R.*, No. KDP13-0051,
    2013 WL 5800328 (T.C.A. Sep. 30, 2013) .............................................................. 2

*Colon Prieto v. Geigel*,
    115 D.P.R. 232, Official Translations 313 (1984) ................................................... 9

*Cubero Aponte v. Autoridad de Acueductos Y Alcantarillados de P.R.*, No. DDP2008-
    1040 (402),
    2014 WL 7474663 (T.C.A. Oct. 10, 2014) .............................................................. 2

*Davis Davis v. Colon Rivera*, No. KDP2010-0200,
    2014 WL 7503720 (T.C.A. Nov. 25, 2014) ............................................................. 2

*Delgado Landrau v. Hosp. Del Maestro*, No. KDP2004-0008 (804),
    2013 WL 5593847 (T.C.A. Aug. 12, 2013) ............................................................. 2

*Diaz Diaz v. Colon Gonzalez*, No. B3C1201000119,
    2013 WL 5786802 (T.C.A. Sep. 30, 2013) .............................................................. 2

*Figueroa Otero v. Univ. del Este de Carolina*, No. FDP2006-061,
    2015 WL 3488864 (T.C.A. Apr. 24, 2015) .............................................................. 2

*Fogel v. Chestnutt*,
    668 F.2d 100 (2d Cir.1981) ....................................................................................... 3

*Fragoso de Conway v. Lopez*,
    794 F. Supp. 49 (D.P.R. 1992) .................................................................................. 8

*Fraguada*,
    186 D.P.R. 365, 2012 WL 3655336 .................................................................. *passim*

*Gonzalez Rivera v. Estado Libre Asociado de P.R.*, No. DDP2012-0506,
    2014 WL 7370134 (T.C.A. Oct. 22, 2014) .............................................................. 2

*Gonzalez Soto v. Hosp. Hermanos Melendez*, No. DDP2010-06462013,
    2013 WL 6199521 (T.C.A. Oct. 28, 2013) .............................................................. 2

*Gonzalez Soto v. Hosp. Hermanos Melendez*, No. DDP20120-0646,
    2013 WL 4049689 (T.C.A. May 24, 2013) ............................................................. 2

*Griffith v. Autoridad de Edificios Publicos de P.R.*, No. KDP2014-0769 (805),
    2015 WL 930612 (T.C.A. Jan. 27, 2015) ................................................................. 2

*Hodge v. Parke Davis & Co.*,
   833 F.2d 6 (1st Cir. 1987) .......................................................................................... 8, 9

*In re Methyl Tertiary Butyl Ether (MTBE) Products Liab. Litig.*, No. 04 CV 2389 SAS,
   2007 WL 1601491 (S.D.N.Y. June 4, 2007) .................................................................. 7

*In re MTBE (Commonwealth of Puerto Rico v. Shell Oil Co.)*,
   959 F. Supp. 2d 476 (S.D.N.Y. 2013) ................................................................. 2, 8, 10

*In re MTBE (Commonwealth of Puerto Rico v. Shell Oil Co.)*, No. 07 Civ. 10470,
   2013 WL 4008632 (S.D.N.Y. Aug. 2, 2013) ................................................................... 3

*In re MTBE (Commonwealth of Puerto Rico v. Shell Oil Co.)*, No. 07 Civ. 10470,
   Dkt. No. 4206 (S.D.N.Y. Apr. 28, 2015) ....................................................................... 10

*In re MTBE*, No. 07 Civ. 10470,
   2013 WL 6869410 (S.D.N.Y. Dec. 30, 2013) ....................................................... 3, 8, 10

*In re PCH Assocs.*,
   949 F.2d 585 (2d Cir.1991) ............................................................................................. 3

*Kaiser v. Armstrong World Indus., Inc.*,
   872 F.2d 512 (1st Cir. 1989) ........................................................................................ 8, 9

*Lozada Maldonado v. Oliveras Guerras*, No. KDP2011-0836 (806),
   2014 WL 7463380 (T.C.A. Nov. 24, 2014) ..................................................................... 2

*Mangual Castellar v. Policia de P.R.*, No. JDP2007-0015,
   2013 WL 1748441 (T.C.A. Mar. 21, 2013) ...................................................................... 1

*N. River Ins. Co. v. Phila. Reinsurance Corp.*,
   63 F.3d 160 (2d Cir.1995) ............................................................................................... 3

*Ocasio Nieves v. Municipio de Catano*, No. DDP2007-0820,
   2014 WL 3827230 (T.C.A. Jun. 11, 2014) ...................................................................... 2

*Ramirez-Ortiz v. Corp. Del Centro Cardiovascular De Puerto Rico y Del Caribe*,
   994 F. Supp. 2d 218 (D.P.R. 2014) ................................................................................. 4

*Ramos Miranda v. Vazquez*, No. KDP2014-0635 (801),
   2015 WL 968999 (T.C.A. Jan. 27, 2015) ........................................................................ 2

*Rodriguez Camacho v. Acosta Matos*, No. ISCI200901457,
   2014 WL 1393011 (T.C.A. Feb. 28, 2014) ...................................................................... 2

*Rodriguez v. Suzuki Motor Corp.*,
   570 F.3d 402 (1st Cir. 2009) ........................................................................................... 9

*Rosario Torres v. DDR del Sol*, No. DKDP2006-0678,
   2013 WL 2313644 (T.C.A. Apr. 2, 2013) ........................................................................ 2

*Rusyniak v. Gensini*,
   629 F. Supp. 2d 203 (N.D.N.Y. 2009) ............................................................................ 9

*Santiago-Lampon v. Real Legacy Assurance*, No. CIV. 12-1314 JAG,
    2014 WL 526620 (D.P.R. Feb. 6, 2014) .................................................................................. 2

*Soto Lopez v. Supermercado Econo Corp.*, No. KDP2012-1360 (808),
    2014 WL 5113940 (T.C.A. Aug. 29, 2014) ........................................................................... 2

*Teresa Tartak VDA de Hernandez v. Hosp. General Menonita Inc.*, No. KDP2011-1247,
    2014 WL 7672083 (T.C.A. Dec. 11, 2014) ........................................................................... 2

*Torres Rodriguez v. Supermercado Econo*, No. EDP2013-0352,
    2014 WL 7463556 (T.C.A. Nov. 6, 2014) ............................................................................. 2

*United States v. Quintieri*,
    306 F.3d 1217 (2d Cir. 2002) ........................................................................................... 8, 10

*United States v. Uccio*,
    940 F.2d 753 (2d Cir. 1991) .................................................................................................. 8

Defendants Shell Western Supply and Trading Limited ("Shell West") and Shell International Petroleum Company Limited ("SIPC") submit this reply to The Commonwealth of Puerto Rico's Memorandum of Law in Opposition to Shell Western Supply and Trading Limited's and Shell International Petroleum Company Limited's Motion for Summary Judgment Based on Statute of Limitations ("Opposition" or "Opp."). The Commonwealth's Opposition cannot overcome the legal authorities and material facts requiring summary judgment.

## I.   THE *FRAGUADA* RULE APPLIES TO THIS CASE, AS THIS COURT HELD

This Court's previous holding that the tolling rule adopted by the Puerto Rico Supreme Court in *Fraguada* applies to this case is not "contrary to the current state of law in Puerto Rico," as the Commonwealth argues. Opp. at 1. Rather, this Court's holding and its reasoning in applying the *Fraguada* rule remain sound and consistent with the law in Puerto Rico.

### A.   The Commonwealth Misrepresents the Intervening Puerto Rico Decisions

The Commonwealth states that there are 18 Puerto Rico Court of Appeals decisions plus one by the U.S. District Court for the District of Puerto Rico which it says have "expressly held or recognized that the new rule issued in *Fraguada* does not apply when an initial complaint was filed before August 13, 2012 (the date of the *Fraguada* decision)." Opp. p. 6. This description misrepresents the bulk of the 19 decisions plaintiff cites.

The parties and the Court are somewhat handicapped by plaintiff's failure to provide certified translations of most of the decisions it cites. Nevertheless, based on our unofficial translations, we believe that 14 of the 19 cases plaintiff cites are off-point because they simply do not reflect situations where, as in this case, the initial complaint was filed before *Fraguada* and an amended complaint adding new parties was filed after *Fraguada*. Thus, these 14 cases have no bearing on whether the *Fraguada* rule should apply to such circumstances, much less whether the rule should apply to this case in particular. Six of these decisions pertain to cases where both the initial and amended complaints were filed before *Fraguada*.[1] Four decisions

---

[1] *Mangual Castellar v. Policia de P.R.*, No. JDP2007-0015, 2013 WL 1748441 (T.C.A. Mar. 21, 2013); *Rosario Torres v. DDR del Sol*, No. DKDP2006-0678, 2013 WL 2313644 (T.C.A.

pertain to cases where the initial complaint was filed before *Fraguada*, but there was no amended complaint after *Fraguada*.[2]  Another four of these decisions actually applied the *Fraguada* rule where the initial complaint was filed after *Fraguada*.[3]

By our count, and based on our unofficial translations, it seems that only 5 of the 19 decisions plaintiff cites hold that the *Fraguada* rule should not apply where an initial complaint was filed before *Fraguada* and an amended complaint adding a new party was filed after *Fraguada*.[4]  Conversely, plaintiff concedes that there are five decisions which have held to the contrary and applied the *Fraguada* rule where an initial complaint pre-dated *Fraguada*:  two decisions from the Puerto Rico Court of Appeals[5] and three decisions by this Court in this case (two granting motions to dismiss other defendants and one denying a motion to reconsider).[6]

---

Apr. 2, 2013); *Gonzalez Soto v. Hosp. Hermanos Melendez*, No. DDP20120-0646, 2013 WL 4049689 (T.C.A. May 24, 2013); *Delgado Landrau v. Hosp. Del Maestro*, No. KDP2004-0008 (804), 2013 WL 5593847 (T.C.A. Aug. 12, 2013); *Gonzalez Soto v. Hosp. Hermanos Melendez*, No. DDP2010-06462013, 2013 WL 6199521 (T.C.A. Oct. 28, 2013); *Rodriguez Camacho v. Acosta Matos*, No. ISCI200901457, 2014 WL 1393011 (T.C.A. Feb. 28, 2014).
[2]  *Gonzalez Rivera v. Estado Libre Asociado de P.R.*, No. DDP2012-0506, 2014 WL 7370134 (T.C.A. Oct. 22, 2014); *Teresa Tartak VDA de Hernandez v. Hosp. General Menonita Inc.*, No. KDP2011-1247, 2014 WL 7672083 (T.C.A. Dec. 11, 2014); *Alvarado Martinez v. ELA de P.R.*, No. NSCI200500352, 2015 WL 2251515 (T.C.A. Mar. 24, 2015); *Figueroa Otero v. Univ. del Este de Carolina*, No. FDP2006-061, 2015 WL 3488864 (T.C.A. Apr. 24, 2015).
[3]  *Soto Lopez v. Supermercado Econo Corp.*, No. KDP2012-1360 (808), 2014 WL 5113940 (T.C.A. Aug. 29, 2014); *Torres Rodriguez v. Supermercado Econo*, No. EDP2013-0352, 2014 WL 7463556 (T.C.A. Nov. 6, 2014); *Ramos Miranda v. Vazquez*, No. KDP2014-0635 (801), 2015 WL 968999 (T.C.A. Jan. 27, 2015); *Griffith v. Autoridad de Edificios Publicos de P.R.*, No. KDP2014-0769 (805), 2015 WL 930612 (T.C.A. Jan. 27, 2015).
[4]  *Santiago-Lampon v. Real Legacy Assurance*, No. CIV. 12-1314 JAG, 2014 WL 526620 (D.P.R. Feb. 6, 2014); *Lozada Maldonado v. Oliveras Guerras*, No. KDP2011-0836 (806), 2014 WL 7463380 (T.C.A. Nov. 24, 2014); *Davis Davis v. Colon Rivera*, No. KDP2010-0200, 2014 WL 7503720 (T.C.A. Nov. 25, 2014); *Diaz Diaz v. Colon Gonzalez*, No. B3C1201000119, 2013 WL 5786802 (T.C.A. Sep. 30, 2013); *Burgos Rosario v. Estado Libre Asociado de P.R.*, No. KDP13-0051, 2013 WL 5800328 (T.C.A. Sep. 30, 2013) (though not squarely on point, the court applied *Arroyo* rule to a case filed after *Fraguada* because the injury occurred before *Fraguada*).
[5]  Opp. at 9, citing *Ocasio Nieves v. Municipio de Catano*, No. DDP2007-0820, 2014 WL 3827230 (T.C.A. Jun. 11, 2014); *Cubero Aponte v. Autoridad de Acueductos Y Alcantarillados de P.R.*, No. DDP2008-1040 (402), 2014 WL 7474663 (T.C.A. Oct. 10, 2014).
[6]  *In re MTBE (Commonwealth of Puerto Rico v. Shell Oil Co.)*, 959 F. Supp. 2d 476 (S.D.N.Y. 2013); *In re MTBE (Commonwealth of Puerto Rico v. Shell Oil Co.)*, No. 07 Civ. 10470, 2013

### B. The Court Should Not Reverse the Law of the Case

The Commonwealth argues that the nineteen post-*Fraguada* decisions should compel the Court to disregard the law of the case and not apply the *Fraguada* rule to this motion. As noted, however, most of those decisions are neutral with regard to the applicability of *Fraguada* to cases such as this one, and the remaining decisions are split on the point. Taken all together, the cases plaintiff cites do not demonstrate an intervening change in the law of Puerto Rico. Therefore, the Court need not, and should not, reverse its application of *Fraguada* to this case.

Under the law of the case doctrine, "a decision on an issue of law becomes binding precedent in subsequent stages of the same litigation." *Brentwood Pain & Rehab. Servs., P.C. v. Allstate Ins. Co.*, 508 F.Supp.2d 278, 288 (S.D.N.Y.2007) (citing *In re PCH Assocs.*, 949 F.2d 585, 592 (2d Cir.1991)). A court should be "loathe to revisit an earlier decision in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *N. River Ins. Co. v. Phila. Reinsurance Corp.*, 63 F.3d 160, 165 (2d Cir.1995) (internal quotation marks omitted). The law of the case should be "disregarded only when the court has a clear conviction of error with respect to a point of law on which its previous decision was predicated." *Fogel v. Chestnutt*, 668 F.2d 100, 109 (2d Cir.1981) (citations and internal quotations omitted), *cert. denied*, 459 U.S. 828 (1982). "[M]ere doubt ... is not enough to open the point for full reconsideration." *Id*. (internal quotations and citation omitted).

The cases plaintiff cites do not demonstrate that this Court's prior application of the *Fraguada* rule in this case was "clearly erroneous," or would work a "manifest injustice." Nor do they demonstrate that this Court's application of the *Fraguada* rule "is contrary to the current state of the law in Puerto Rico."

### C. Shell West and SIPC Are Not in "Perfect Solidarity" with Other Defendants

The Commonwealth next argues that even if the *Fraguada* rule applies in this case, the statute of limitations with regard to Shell West and SIPC was tolled when the case was first filed

---

WL 4008632 (S.D.N.Y. Aug. 2, 2013); *In re MTBE*, No. 07 Civ. 10470, 2013 WL 6869410 (S.D.N.Y. Dec. 30, 2013).

in 2007 because, it argues, those entities are in "perfect solidarity" with previously named defendants.  That, too, is mistaken.  Case law on point, including the *Fraguada* decision, makes clear that the relationship between Shell West and SIPC and the previously named defendants is one of "imperfect solidarity" which does not toll the limitations period.

Plaintiff misconstrues the distinction between "perfect" and "imperfect solidarity."  The determining factor is whether each defendant's liability in this case is autonomous from that of other codefendants, in which event their relationship is one of imperfect solidarity.  The federal court in Puerto Rico described the distinction as follows:

> The nature of imperfect solidarity, the Supreme Court of Puerto Rico explained, imputes to each of the co-causers the responsibility of paying the whole, but each co-causer's liability "is autonomous from that of the others." *Id*. [citing *Fraguada*].  Given each "co-causer's" independent foundation for the joint obligation, the Supreme Court of Puerto Rico reasoned that "the secondary effects of the traditional [read perfect] solidarity - among them, the interruption of the prescriptive term - do not govern." *Id*.  It thus held that "in actions for extra-contractual damages [involving imperfect solidarity] … "timely filing of a complaint against a supposed co-tortfeasor *does not* toll the statute of limitations against the rest of the alleged co-tortfeasors." *Id*. at p. 11.

*Ramirez-Ortiz v. Corp. Del Centro Cardiovascular De Puerto Rico y Del Caribe*, 994 F. Supp. 2d 218, 223 (D.P.R. 2014) (quoting *Fraguada*, 186 D.P.R. 365, 2012 WL 3655336 at 11).

In *Ramirez-Ortiz*, the court found that a hospital and doctor were in perfect solidarity because the hospital employed the doctor and the hospital was therefore vicariously liable by statute for torts the doctor committed. *Ramirez-Ortiz,* 994 F. Supp. 2d at 223.  As this case illustrates, the notion of "perfect solidarity" is akin to the common law concept of vicarious liability based on a special relationship such as master-servant or principal-agent.  The relationships between Shell West and SIPC and the originally named defendants do not implicate "perfect solidarity" any more than they would warrant vicarious liability.  To the contrary, plaintiff itself has argued that Shell West and SIPC should be held liable not because of any special relationship with other defendants, but rather because of their own conduct in arranging

the supply of gasoline destined for Puerto Rico.[7] Because their alleged liability "is autonomous from that of the [previously named defendants]," the relationship between Shell West and SIPC and the other defendants is one of "imperfect solidarity." Therefore, the filing of the complaint against the original defendants did not toll the limitations period against Shell West and SIPC.

## II. THE THIRD AMENDED COMPLAINT ADDING SHELL WEST AND SIPC DOES NOT RELATE BACK TO THE DATE OF THE ORIGINAL COMPLAINT

Federal Rule of Civil Procedure 15(c) permits an amendment to relate back to the date of the original complaint if, but only if, three prerequisites are met. Here, plaintiff cannot satisfy any of the three prerequisites. Accordingly, the Third Amended Complaint adding Shell West and SIPC does not relate back to the original complaint and the claims against Shell West and SIPC remain time-barred.

### A. The Amended Complaint Did Not Merely Change Parties or Their Names

The first prerequisite of Rule 15(c)(1)(C) allows an amendment to relate back only if the amendment merely "changes the party or the naming of the party against whom a claim is asserted." Likewise, 15(c)(1)(C)(ii) refers to a "mistake concerning the proper party's identity." In essence, this rule allows a plaintiff to correct a mistake in a defendant's identity by substituting the correct defendant for one that was named by mistake. That is not the situation here at all. The Commonwealth did not "change[ ] the party or the naming of the party against whom a claim is asserted." It added entirely new defendants, including Shell West and SIPC, even while pursuing the claims against all the original defendants. Thus, the amendment is beyond the ambit of Rule 15(c).

### B. There Is No Evidence that Shell West or SIPC Received Timely Notice

The second prerequisite requires that the newly added party received "such notice of the action that it will not be prejudiced in defending on the merits…." Fed. R. Civ. P. 15(c)(1)(C)(i). Here, the record is devoid of any evidence indicating that Shell West or SIPC received actual or

---

[7] *See* Plaintiff's Memorandum of Law in Opposition to Motion for Summary Judgment of the Shell Defendants, Dkt. No. 4129, at 2-7.

constructive notice of the complaint at any time before they were added in 2012, more than five years after the case was filed. Plaintiff argues that timely notice should be imputed to them under the "identity of interests" principle. Opp. p. 18. That principle has no place in this case. "The similarity or identity of interest theory is mainly and principally applied where the original and added parties are a parent corporation and its wholly owned subsidiary, or related corporations whose officers, directors, or shareholders are substantially identical and who have similar names or share office space, past and present forms of the same enterprise, or co-executors of an estate." *Rogatz v. Hosp. Gen. San Carlos, Inc.*, 89 F.R.D. 298, 300 (D.P.R. 1980) (citing *Hernández Jiménez v. Calero Toledo,* 604 F.2d 99, 102–03 (1st Cir.1979). *See also In re Allbrand Appliance & Television Co., Inc.*, 875 F.2d 1021, 1025 (2d Cir. 1989) (a showing of identity of interest requires "substantial structural and corporate identity, such as shared organizers, officers, directors, and offices").

  Neither Shell West nor SIPC is a parent or subsidiary of any of the originally named Shell defendants. Shell West and SIPC engaged the law firm of Sedgwick LLP, which also represents the previously named Shell defendants, but there is no evidence that either of them engaged, or even communicated with, Sedgwick prior to being added to this case in 2012. Furthermore, there is no evidence that the officers, directors or shareholders of Shell West and SIPC are substantially similar to those of the originally named Shell defendants, or that Shell West or SIPC shared office space with any of the originally named Shell defendants. On the contrary, the only relevant evidence shows that Shell West is a Barbados company, SIPC is a UK company, and the originally named Shell entities are all U.S. or Puerto Rico based companies.[8]

  This Court's previous ruling regarding the "identity of interests" principle in another MTBE case is distinguishable. *See In re Methyl Tertiary Butyl Ether (MTBE) Products Liab.*

---

[8] Third Amended Complaint, Dkt. 16., at ¶¶ 40, 42, 44, 55, 56; Local Rule 56.1 Statement of Material Facts in Support of Motion for Summary Judgment of the Shell Defendants, Dkt. 469, at ¶¶ 8, 55, 83, 95; Local Rule 56.1 Statement of Material Facts in Support of Motion for Summary Judgment of Shell Western Supply and Trading Limited and Shell International Petroleum Limited, Dkt. 608, at ¶¶ 6, 11.

*Litig.*, No. 04 CV 2389 SAS, 2007 WL 1601491, at *19-20 (S.D.N.Y. June 4, 2007). In that case, the previously named defendants and the later named defendants were all related as parents and subsidiaries of each other. *Id.*

>    C.    There Is No Evidence of a Mistake Concerning the Identities of Parties

The third prerequisite requires proof that Shell West or SIPC "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(ii). The Commonwealth cannot present such proof; indeed, it cannot even show that it made "a mistake concerning the proper party's identity" as that phrase is used in Rule 15.

The Rule requires not just any mistake, but specifically a mistake "concerning the proper party's identity." One federal court assessing this requirement drew a useful distinction between "wrong party" cases and "additional party" cases. *In re Vitamin C Antitrust Litig.*, 995 F. Supp. 2d 125, 129 (E.D.N.Y. 2014). A "wrong party" case is "where a plaintiff has sued the wrong party or used the wrong name and seeks to amend to substitute the right party or the right name." *Id*. An "additional party" case is "where the defendants originally sued are indeed exposed to liability on the theories alleged, but the plaintiff has omitted an additional party against whom the plaintiff also could have stated a claim." *Id*. That court went on to state:

> As a matter of plain language, [Rule 15(c)] would appear to include only "wrong party" cases, and not "additional party" cases. This is because the "mistake" has to "concern[ ]" the "identity" of the "proper party [ ]." In an "additional party" case like this one, there generally will be no "mistake concerning" the proper party's "identity." The plaintiff has sued the right defendant, and simply neglected to sue another defendant who might also be liable.

*Id*. Accord *Hahn v. Office & Prof'l Employees Int'l Union, AFL-CIO*, No. 13 CV 946 JGK, 2015 WL 3448893, at *5 (S.D.N.Y. June 1, 2015).

Here, the Commonwealth's addition of Shell West and SIPC makes this an "additional party" case to which Rule 15(c) does not apply. In its Opposition, the Commonwealth concedes as much. It states that Shell West and SIPC should have known that the "sole reason that they

were not originally named as defendants was because Plaintiff did not know the true identities of all the Shell entities that were responsible for and involved in" the activities alleged in this case. Opp. at 19.  In other words, the Commonwealth "simply neglected to sue another [Shell] defendant who might also be liable." *In re Vitamin C Antitrust Litig.*, 995 F. Supp. 2d at 129.

### III.  THE COMMONWEALTH HAD THE REQUISITE KNOWLEDGE OF THE INJURIES IT ALLEGED IN THE ORIGINAL COMPLAINT

This Court has already ruled that the Commonwealth knew "of the injury that MTBE had allegedly caused" by 2007 when it filed its Complaint.  *In re MTBE*, 959 F. Supp. 2d 476 at 497. *Accord In re MTBE*, 2013 WL 6869410, at *4 ("Here, the Commonwealth clearly knew of the MTBE contamination by 2007 when it filed its Complaint").  The point seems axiomatic.  The same holding applies to the Commonwealth's claims against Shell West and SIPC.  "[W]hen a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case.…" *United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002) (*quoting United States v. Uccio*, 940 F.2d 753, 758 (2d Cir. 1991)).  Here, plaintiff seeks to evade that holding by arguing that Shell West and SIPC have failed to present proof of when plaintiff knew of particular injuries at specific sites.  It argues, without citation to any authority, that "the law requires that Defendants demonstrate site-specfiic [*sic*] interest."  Opp. p. 20.

Plaintiff misapprehends the burden.  Where, as here, it appears from the complaint itself that the injury occurred outside the limitations period, the burden falls on the plaintiff to demonstrate that it could not have known of the injury until later, within that period.  "It is well established that when an action is filed more than a year after the injury takes place, plaintiff carries the burden of proving that he lacked the required 'knowledge' within the statutory period." *Fragoso de Conway v. Lopez*, 794 F. Supp. 49, 51 (D.P.R. 1992) (citing *Hodge v. Parke Davis & Co.*, 833 F.2d 6, 7 (1st Cir. 1987); *Kaiser v. Armstrong World Indus., Inc.*, 872 F.2d 512, 516 (1st Cir. 1989)).  Accordingly, under Puerto Rico law, once a defendant has raised an "extinctive prescription" defense based on a plaintiff's failure to file a claim within the statute of limitations, the plaintiff has the burden of proving the period was effectively tolled.  *Id.* (citing

*Colon Prieto v. Geigel*, 115 D.P.R. 232, 15 Official Translations 313 (1984); *Hodge*, 833 F.2d 6; *Kaiser*, 872 F.2d 512). *See also Rodriguez v. Suzuki Motor Corp.*, 570 F.3d 402, 406 (1st Cir. 2009) (same); *Rusyniak v. Gensini*, 629 F. Supp. 2d 203, 232-33 (N.D.N.Y. 2009) (same).

IV.   **THE COMMONWEALTH HAD THE REQUISITE KNOWLEDGE OF THE IDENTITIES OF SHELL WEST AND SIPC**

The Opposition does not dispute the evidence presented in the opening papers which shows that plaintiff knew or should have known of the identities of Shell West and SIPC and the fact that they were involved, at least tangentially, in the supply of gasoline destined for Puerto Rico. Rather, plaintiff argues that the evidence is insufficient to establish its knowledge of potential claims against them more than a year before it added them to the case. Opp. pp. 21-25. That argument is unavailing.

With regard to Shell West, the Opposition concedes that between 2009 and 2010, both HOVENSA and the Shell defendants informed plaintiff of the identity of Shell West as a supplier of gasoline which possibly contained MTBE and which was delivered to Puerto Rico, both in discovery responses and in Shell's corporate disclosures. Opp. pp. 21-22. Plaintiff goes on to argue, however, that it had no reason to know of its claims against Shell West until it received an actual invoice for the supply of gasoline printed on Shell West letterhead "confirming Shell West's participation.…" *Id.* p. 23. That argument is simply not credible and the fact that plaintiff received confirmation in the form of letterhead is not material. The dispositive, and undisputed, facts remain that plaintiff was put on notice of the identity of Shell West well more than a year before it added Shell West to the case.

Similarly, the Opposition acknowledges that SIPC applied for and received from the Puerto Rico government trademark registrations for its gasoline brand names and logos at least four times between 1984 and 1995. Plaintiff argues: "Had SIPC been located in or doing business within Puerto Rico, during that time this might have some relevance here. However, as stated by counsel for Shell, 'SIPC was not actually located in or doing business within Puerto Rico' during that time." Opp. p. 23. This is a red herring. Plaintiff asserts claims against SIPC

for conduct outside of Puerto Rico, notwithstanding the fact that SIPC has *never* been located in Puerto Rico and did not conduct business there. The Commonwealth should not be heard to argue at the same time that those claims could not have accrued because SIPC was not located in Puerto Rico and did not conduct business there. Just so, plaintiff contends that the claims did not accrue against SIPC because other Shell defendants did not identify SIPC as a supplier of MTBE gasoline. As this Court has already ruled, even after full discovery on the supply of gasoline into Puerto Rico, there is still no evidence to support plaintiff's claim that SIPC supplied gasoline with MTBE to Puerto Rico. *In re MTBE (Commonwealth of Puerto Rico v. Shell Oil Co.)*, No. 07 Civ. 10470, Dkt. No. 4206, at *43-44 (S.D.N.Y. Apr. 28, 2015). Plaintiff cannot use that lack of evidence as an excuse for asserting the claims too late. If plaintiff had just cause to sue SIPC, the cause was known to it more than a year before it added SIPC in 2012.

## V.   THE STATUTE OF LIMITATIONS APPLIES TO THE EPPA CLAIM

The Commonwealth argues that the one-year statute of limitations does not apply to its EPPA claims "seeking prospective injunctive relief."[9] The Court has already held twice that the one-year limitations period does apply to that claim. *In re MTBE*, 2013 WL 6869410 at *5-6; *In re MTBE*, 959 F. Supp. 2d at 498. The same holding should apply to the EPPA claim against Shell West and SIPC. *United States v. Quintieri*, 306 F.3d at 1225 ("[W]hen a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case….").

## VI.   CONCLUSION

For all the foregoing reasons, Shell West and SIPC respectfully request that the Court grant them full summary judgment on all claims.

---

[9] The Commonwealth incorporated by reference its argument set forth in its opposition brief to Certain Defendants' Motion for Partial Summary Judgment Based on Statute of Limitations (Dkt. No. 610). In the interest of brevity, Shell West and SIPC hereby incorporate by reference the points and authorities cited in the opening and reply briefs in support of Certain Defendants' Motion for Partial Summary Judgment Based on Statute of Limitations. (Dkt. Nos. 600, 617).

July 24, 2015                              Respectfully submitted,

                                                    By:        s/ Ruben F. Reyna
                                                          Richard E. Wallace, Jr.
                                                          Peter C. Condron
                                                          Ruben F. Reyna
                                                          SEDGWICK LLP
                                                          2900 K Street, N.W.
                                                          Harbourside, Suite 500
                                                          Washington, D.C.  20007
                                                          Telephone:  202.204.1000
                                                          Facsimile:  202.204.1001

                                                          Attorneys for Defendants Shell Western
                                                          Supply and Trading Limited and Shell
                                                          International Petroleum Company Limited

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of July, 2015, I electronically filed the foregoing **REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF SHELL WESTERN SUPPLY AND TRADING LIMITED AND SHELL INTERNATIONAL PETROLEUM COMPANY LIMITED** with the Clerk of the Court using the CM/ECF system and to all counsel of record via File & ServeXpress.

s/ *Keith A. Kaider*
Keith A. Kaider