UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In Re: Methyl Tertiary Butyl Ether Products Liability Litigation

This document pertains to:

*Commonwealth of Puerto Rico, et al. v. Shell Oil Co., et al.,* No. 07 Civ. 10470 (SAS)

Master File No. 1:00-1898
MDL 1358 (SAS)
M21-88

Civil Action

**REPLY LOCAL RULE 56.1 STATEMENT OF MATERIAL FACTS
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
OF SHELL WESTERN SUPPLY AND TRADING LIMITED
AND SHELL INTERNATIONAL PETROLEUM LIMITED**

On June 12, 2015, Shell Western Supply and Trading Limited and Shell International Petroleum Limited (collectively, the "Shell Defendants") filed a Motion for Summary Judgment ("Motion") and a Local Rule 56.1 Statement of Material Facts in Support of Motion for Summary Judgment of the Shell Defendants ("Shell Defendants' Statement of Facts").

On July 10, 2015, Plaintiffs, the Commonwealth of Puerto Rico and the Environmental Quality Board, filed their Opposition to the Shell Defendants' Motion ("Opposition" or "Opp."), Responses in Opposition to Defendants' Local Rule 56.1 Statement ("Response"), and their own Local Rule 56.1 Statement in Support of their Opposition.  The Opposition, Response, and additional Local Rule 56.1 Statement each contained additional arguments and material.

"[R]eply papers may properly address new issues raised in the opposition papers so as to avoid giving unfair advantage to the answering party." *Bayway Ref. Co. v. Oxygenated Mktg. & Trading A.G.*, 215 F.3d 219, 226-27 (2d Cir. 2000).  Accordingly, the Shell Defendants hereby respectfully submit their Reply to Plaintiffs' Response, including the "Additional Material Facts" submitted by Plaintiffs in opposition to the Shell Defendants' Motion for Summary Judgment.

**Procedural Background**

| SHELL DEFENDANTS' UNDISPUTED MATERIAL FACTS | COMMONWEALTH'S RESPONSE | SHELL DEFENDANTS' REPLY |
|---|---|---|
| 1.   The Commonwealth filed its initial complaint against certain gasoline suppliers for supplying or trading in gasoline products containing MTBE on June 12, 2007.  Complaint, Dkt. 16.[1]<br><br>[1] All references to the docket herein are to Case No. 1:07-cv-10470 unless otherwise stated. | **Undisputed**. | No reply necessary. |
| 2.   On November 20, 2007, the case was transferred to a Multidistrict Litigation pending in the Southern District of New York.  Conditional Transfer Order (CTO-29), Dkt. 1. | **Undisputed**. | No reply necessary. |
| 3.   On December 3, 2012, the Commonwealth filed its Third Amended Complaint ("TAC"), adding to the case for the first time several defendants, including Shell Western Supply and Trading Limited ("Shell West") and Shell International Petroleum Company Limited ("SIPC") as "Refiner/Supplier Defendants."  Third Amended Complaint, Dkt. 175. | **Undisputed**. | No reply necessary. |
| 4.   The TAC alleges that these defendants "refined, marketed and/or otherwise supplied (directly or indirectly) gasoline and/or other products containing MTBE that each such Defendant knew or should have known would be delivered into the Commonwealth." *Id.* ¶ 21. | **Undisputed**. | No reply necessary. |

| SHELL DEFENDANTS' UNDISPUTED MATERIAL FACTS | COMMONWEALTH'S RESPONSE | SHELL DEFENDANTS' REPLY |
|---|---|---|
| 5.   The TAC alleges five causes of action against Shell West and SIPC: (1) strict products liability for defective design and failure to warn; (2) public nuisance; (3) trespass; (4) negligence; and (5) violation of Puerto Rico Environmental Public Policy Act ("EPPA"), Water Pollution Control Act, and various underground storage tank control regulations. *See Id.* ¶¶ 96-156. | **Undisputed**. | No reply necessary. |

**Facts Regarding Shell West**

| SHELL DEFENDANTS' UNDISPUTED MATERIAL FACTS | COMMONWEALTH'S RESPONSE | SHELL DEFENDANTS' REPLY |
|---|---|---|
| 6.   Shell West is a Barbados company.  Declaration of Ruben F. Reyna ("Reyna Decl."), Ex. 7, September 19, 2014, Declaration of Ian Charman in Support of the Shell Defendants' Motion for Summary Judgment ("Charman Decl.") ¶ 13. | **Undisputed** that the Shell Defendants have represented through the Declaration of Ian Charmin in Support of the Shell defendants' Motion for Summary Judgment that Shell West is a Barbados Company. | No reply necessary. |
| 7.   Shell West does not own or operate any facilities to make or store gasoline, including refineries, terminals, distribution systems and gasoline service stations, in Puerto Rico, nor has it ever done so. *Id.* ¶ 14.  Shell West never owned or operated any refining or manufacturing facilities in Puerto Rico, and thus never made gasoline in or for the Puerto Rico market, with or without MTBE. *Id.* ¶ | **Undisputed** that during the discovery period for the first trial phase that the Shell Defendants have represented that Shell West does not own or operate any facilities to make or store gasoline, including refineries, terminals, distribution systems and gasoline service stations, in Puerto Rico, nor has it ever done so.<br><br>**Disputed** to the extent it implies that Shell West did not participate in the supply and delivery of | **Fails to raise triable facts relevant to Defendants' Motion.**<br><br>The Commonwealth does not actually dispute the Shell Defendants' Undisputed Material Fact No. 7. |

| SHELL DEFENDANTS' UNDISPUTED MATERIAL FACTS | COMMONWEALTH'S RESPONSE | SHELL DEFENDANTS' REPLY |
|---|---|---|
| 15. | gasoline containing MTBE in Puerto Rico. The Court has already considered substantial evidence in this case demonstrating that Shell West was a substantial source of MTBE gasoline delivered to Shell PR, which was then distributed to Shell stations, including the Shell Trial Site. Shell West is thus in the direct chain of supply. *See* Plaintiff's Memorandum of Law in Opposition to Certain Defendants' Motion for Summary Judgment for Lack of Causation; Court's April 28, 2015 Opinion and Order (Dkt. No. 595). | |
| 8.    Shell West never owned or operated any underground storage tanks, service stations or other gasoline storage facilities in Puerto Rico, and thus never handled gasoline in the Puerto Rico market, with or without MTBE. *Id.* ¶ 15.  Shell West never caused a release of gasoline in Puerto Rico, with or without MTBE. *Id.* ¶ 15. | **Undisputed** that during the discovery period for the first trial phase that the Shell Defendants have represented that Shell West never owned or operated any underground storage tanks, service stations or other gasoline storage facilities in Puerto Rico.<br><br>**Disputed** that Shell West "never caused" a release of gasoline in Puerto Rico, with or without MTBE. The Court has already considered substantial evidence in this case demonstrating that Shell West was a substantial source of MTBE gasoline delivered to Shell PR, which was then distributed to Shell stations, including the Shell Trial Site.  Shell West is thus in the direct chain of supply.  *See* Court's April 28, 2015 Opinion and Order (Dkt. No. 595); Plaintiffs Memorandum of Law in Opposition to Certain Defendants' Motion for Summary Judgment for Lack of Causation; Court's April | **Fails to raise triable facts relevant to Defendants' Motion.**<br><br>The Commonwealth does not actually dispute the Shell Defendants' Undisputed Material Fact No. 8. |

| SHELL DEFENDANTS' UNDISPUTED MATERIAL FACTS | COMMONWEALTH'S RESPONSE | SHELL DEFENDANTS' REPLY |
|---|---|---|
| | 28, 2015 Opinion and Order (Dkt. No. 595). | |
| 9.   Between September 1997 and October 2003, Shell West provided trading and supply services, similar to those previously provided by SIPC, to Sol (f/k/a SCPRL).  *Id.* ¶ 16. Also between November 2003 and October 2004, and between September 2008 and December 2010, Shell West provided similar services to SCYI.  *Id.* ¶ 16.  Shell West did not deliver gasoline directly to Puerto Rico, and did not own, store or distribute gasoline in Puerto Rico.  *Id.* ¶ 16. | **Disputed** that these facts are "material facts" for meeting Defendants' burden of showing that the Commonwealth knew, or should have known, that i) MTBE had "injured the waters of the Commonwealth," as that term is defined in Paragraph 5 of the TAC, prior to June 12, 2006 "bar date" claimed in Defendants' Motion and ii) the identity of the entity or entities that caused such injury prior to "bar date."<br><br>**Disputed** that "Shell West did not deliver gasoline directly to Puerto Rico, and did not own, store, or distribute gasoline in Puerto Rico." The Court has already considered substantial evidence demonstrating that Shell West was a substantial source of MTBE gasoline delivered to Shell PR, which was then distributed to Shell stations, including the Shell Trial Site. Shell West is thus in the direct chain of supply. *See* Plaintiffs Memorandum of Law in Opposition to Certain Defendants' Motion for Summary Judgment for Lack of Causation; Court's April 28, 2015 Opinion and Order (Dkt. No. 595); Court's April 28, 2015 Opinion and Order (Dkt. No. 595).<br><br>Otherwise, undisputed for purposes of this motion only. | **Fails to raise triable facts relevant to Defendants' Motion.**<br><br>The Commonwealth does not actually dispute the Shell Defendants' Undisputed Material Fact No. 9. |
| 10.  All of the gasoline that Shell West supplied to Sol (f/k/a SCPRL) and nearly all of the gasoline Shell West | **Disputed** that these facts are "material facts" for meeting Defendants' burden of showing that the Commonwealth knew, or | **Fails to raise triable facts relevant to Defendants' Motion.** |

| SHELL DEFENDANTS' UNDISPUTED MATERIAL FACTS | COMMONWEALTH'S RESPONSE | SHELL DEFENDANTS' REPLY |
|---|---|---|
| supplied to SCYI for delivery to Puerto Rico was acquired from the St. Croix refinery, which was owned and operated by other defendants in this case, HOVIC and HOVENSA. *Id.* ¶ 17. Sol (fka SCPRL) and SCYI always took title to the gasoline Shell West supplied outside of Puerto Rico, typically if not always at the loading dock of the St. Croix refinery. *Id.* ¶ 17. | should have known, that i) MTBE had "injured the waters of the Commonwealth," as that term is defined in Paragraph 5 of the TAC, prior to June 12, 2006 "bar date" claimed in Defendants' Motion and ii) the identity of the entity or entities that caused such injury prior to the June 12, 2006 "bar date."<br><br>**Disputed** that "[a]ll gasoline that Shell West supplied to Sol (f/k/a SCPRL) and nearly all of the gasoline Shell West supplied to SCYI for delivery to Puerto Rico was acquired from the St. Croix refinery, which was owned and operated by other defendants in this case, HOVIC and HOVENSA." *See* Plaintiffs Memorandum of Law in Opposition to Certain Defendants' Motion for Summary Judgment for Lack of Causation; Court's April 28, 2015 Opinion and Order (Dkt. No. 595); Court's April 28, 2015 Opinion and Order (Dkt. No. 595) | The Commonwealth does not actually dispute the Shell Defendants' Undisputed Material Fact No. 10. |

**Facts Regarding SIPC**

| SHELL DEFENDANTS' UNDISPUTED MATERIAL FACTS | COMMONWEALTH'S RESPONSE | SHELL DEFENDANTS' REPLY |
|---|---|---|
| 11.  SIPC is a UK company. *Id.* ¶ 2. | **Undisputed**. | No reply necessary. |
| 12.  SIPC does not own or operate any facilities to make or store gasoline, including refineries, terminals, distribution systems and | **Disputed**. Prior to 2006 a division of SIPC known as Shell International Trading Company (SITCO) provided trading and supply services whereby it acquired | **Fails to raise triable facts relevant to Defendants' Motion.**<br><br>The Commonwealth does not |

| SHELL DEFENDANTS' UNDISPUTED MATERIAL FACTS | COMMONWEALTH'S RESPONSE | SHELL DEFENDANTS' REPLY |
|---|---|---|
| gasoline service stations, in Puerto Rico, nor has it ever done so. *Id.* ¶ 3. | gasoline from a third party and supplied that gasoline to Sol (f/k/a SCPRL) its business in accordance with SIPC policies. *See* Commonwealth's Local Rule 56.1 Counter-Statement of Material Facts (CSOF) at ¶ 40. | actually dispute the Shell Defendants' Undisputed Material Fact No. 12.<br><br>**Dispute** any assertion that SIPC ever owned or operated any facilities to make or store gasoline in Puerto Rico. |
| 13.  SIPC never owned or operated any refining or manufacturing facilities in Puerto Rico, and thus never made gasoline in or for the Puerto Rico market, with or without MTBE. *Id.* ¶ 4.  SIPC never owned or operated any underground storage tanks, service stations or other gasoline storage facilities in Puerto Rico, and thus never handled gasoline in the Puerto Rico market, with or without MTBE. *Id.* ¶ 4.  SIPC never caused a release of gasoline in Puerto Rico, with or without MTBE. *Id.* ¶ 4. | **Disputed**. *See* Response at ¶ 12.<br><br>**Undisputed** that SIPC's evidence states that "SIPC never owned or operated any refining or manufacturing facilities in Puerto Rico." | **Fails to raise triable facts relevant to Defendants' Motion.**<br><br>The Commonwealth does not actually dispute the Shell Defendants' Undisputed Material Fact No. 13. |
| 14.  For the ten-year period, from 1985 until 1995, a division of SIPC known as Shell International Trading Company (SITCO) provided trading and supply services whereby it acquired gasoline from a third party and supplied that gasoline to Sol (f/k/a SCPRL). *Id.* ¶ 7.  More specifically, during this period prior to 1995, SIPC acquired gasoline from the Curaçao refinery and supplied that gasoline to Sol (f/k/a SCPRL). *Id.* ¶ 7.  The title, or ownership, of the gasoline passed to Sol | **Disputed** that these facts are "material facts" for meeting Defendants' burden of showing that the Commonwealth knew, or should have known, that i) MTBE had injured "waters of the Commonwealth," as that term is defined in Paragraph 5 of the TAC, prior to the June 12, 2006 "bar date" claimed in Defendants' Motion and ii) the identity of the entity or entities that caused such injury prior to the June 12, 2006 "bar date."<br><br>**Disputed** to the extent it implies that SIPC did not participate in the | **Fails to raise triable facts relevant to Defendants' Motion.**<br><br>The Commonwealth does not actually dispute the Shell Defendants' Undisputed Material Fact No. 14.<br><br>The Commonwealth's "dispute" of this fact is hypocritical because the Commonwealth recites this fact <u>twice</u> in its Rule 56.1 counter-statement. *See infra,* Additional Material Facts Asserted by Commonwealth Nos. 23, 37. |

| SHELL DEFENDANTS' UNDISPUTED MATERIAL FACTS | COMMONWEALTH'S RESPONSE | SHELL DEFENDANTS' REPLY |
|---|---|---|
| (f/k/a SCPRL) at the loading dock in Curaçao. *Id.* ¶ 7. Sol (f/k/a SCPRL) in turn imported that gasoline into Puerto Rico and supplied gasoline to Shell-branded service stations in Puerto Rico. *Id.* ¶ 7. SIPC did not deliver gasoline directly to Puerto Rico and did not own, store or distribute gasoline in Puerto Rico. *Id.* ¶ 7. | supply and delivery of gasoline containing MTBE in Puerto Rico. The evidence demonstrates, moreover, that all of this gasoline was distributed as Shell "branded gasoline" to Shell stations in Puerto Rico, including the Shell Trial Site. *See* Commonwealth's Local Rule 56.1 CounterStatement of Material Facts (CSOF) at ¶ 36.<br><br>Otherwise: **undisputed** | |
| 15.  Almost all of the gasoline that SIPC supplied for delivery to Puerto Rico was acquired from the Curaçao refinery. *Id.* ¶ 8.  Sol (f/k/a SCPRL) always took title to the gasoline SIPC supplied outside of Puerto Rico, typically, if not always, at the loading dock of the Curaçao refinery. *Id.* ¶ 8. | *See* Response to ¶ 14, supra. | **Fails to raise triable facts relevant to Defendants' Motion.**<br><br>The Commonwealth does not actually dispute the Shell Defendants' Undisputed Material Fact No. 15. |

### Facts Regarding the Commonwealth's Knowledge and Notice About the Claims Against Shell West and SIPC

| SHELL DEFENDANTS' UNDISPUTED MATERIAL FACTS | COMMONWEALTH'S RESPONSE | SHELL DEFENDANTS' REPLY |
|---|---|---|
| 16.  The Commonwealth had knowledge of the facts, allegations, and claims asserted in the original Complaint, and of the alleged bases for those claims, when it filed that Complaint in 2007.  Complaint, Dkt. 16. | **Disputed** to the extent it implies that the Commonwealth had the requisite knowledge "with the degree of diligence required by law" to file the original Complaint against Shell West and SIPC, when it filed the Complaint in 2007. *See* Commonwealth's Local Rule 56.1 Counter-Statement of Material Facts (CSOF) at ¶ ¶ 13-20; 30-36.<br><br>**Disputed** that these facts are "material facts" for meeting | **Fails to raise triable facts relevant to Defendants' Motion.**<br><br>The Commonwealth does not actually dispute the Shell Defendants' Undisputed Material Fact No. 16.<br><br>The Commonwealth's response referring to "June 12, 2006 'bar date' claimed in Defendants' Motion" is nonsensical as no |

| SHELL DEFENDANTS' UNDISPUTED MATERIAL FACTS | COMMONWEALTH'S RESPONSE | SHELL DEFENDANTS' REPLY |
|---|---|---|
| | Defendants' burden of showing that the Commonwealth knew, or should have known, that i) MTBE had injured "waters of the Commonwealth," as that term is defined in Paragraph 5 of the TAC, prior to the June 12, 2006 "bar date" claimed in Defendants' Motion and ii) the identity of the entity or entities that caused such injury prior to the June 12, 2006 "bar date."<br><br>Otherwise: **undisputed** | such bar date was referenced in the Shell Defendants' motion. The bar date for the Commonwealth's claims is December 3, 2011. |
| 17.  The facts, allegations, and claims which the Commonwealth later asserted against Shell West and SIPC in the TAC in December 2012 are the same as those asserted in the original Complaint in 2007, except for the addition of Shell West, SIPC, and several other parties as new defendants. Complaint, Dkt. 16; Third Amended Complaint, Dkt. 175. | **Disputed** to the extent it implies that the Commonwealth had the requisite knowledge "with the degree of diligence required by law" to file the original Complaint against Shell West and SIPC, when it filed the Complaint in 2007 *See* Commonwealth's Local Rule 56.1 Counter-Statement of Material Facts (CSOF) at  ¶ ¶ 14-20; 33-39.<br><br>**Disputed** that these facts are "material facts" for meeting Defendants' burden of showing that the Commonwealth knew, or should have known, that i) MTBE had injured "waters of the Commonwealth," as that term is defined in Paragraph 5 of the TAC, prior to the June 12, 2006 "bar date" claimed in Defendants' Motion and ii) the identity of the entity or entities that caused such injury prior to the June 12, 2006 "bar date."<br><br>Otherwise, **undisputed**. | **Fails to raise triable facts relevant to Defendants' Motion.**<br><br>The Commonwealth does not actually dispute the Shell Defendants' Undisputed Material Fact No. 17.<br><br>The Commonwealth's response referring to "June 12, 2006 'bar date' claimed in Defendants' Motion" is nonsensical as no such bar date was referenced in the Shell Defendants' motion. The bar date for the Commonwealth's claims is December 3, 2011. |
| 18.  Thus, perforce, by 2007, the Commonwealth had | **Disputed** to the extent it implies that the Commonwealth had the | **Fails to raise triable facts relevant to Defendants'** |

| SHELL DEFENDANTS' UNDISPUTED MATERIAL FACTS | COMMONWEALTH'S RESPONSE | SHELL DEFENDANTS' REPLY |
| --- | --- | --- |
| knowledge of the facts, allegations, and claims which it later asserted against Shell West and SIPC, and of the alleged bases for those claims, setting aside the participation of Shell West and SIPC in the conduct alleged in those claims. *Id.* | requisite knowledge "with the degree of diligence required by law" to file the original Complaint against Shell West and SIPC, when it filed the Complaint in 2007. *See* Commonwealth's Local Rule 56.1 Counter-Statement of Material Facts (CSOF) at ¶¶ 14-20; 33-39.<br><br>**Disputed** that these facts are "material facts" for meeting Defendants' burden of showing that the Commonwealth knew, or should have known, that i) MTBE had injured "waters of the Commonwealth," as that term is defined in Paragraph 5 of the TAC, prior to the June 12, 2006 "bar date" claimed in Defendants' Motion and ii) the identity of the entity or entities that caused such injury prior to the June 12, 2006 "bar date."<br><br>Otherwise, **undisputed**. | **Motion.**<br><br>The Commonwealth does not actually dispute the Shell Defendants' Undisputed Material Fact No. 18.<br><br>The Commonwealth's response referring to "June 12, 2006 'bar date' claimed in Defendants' Motion" is nonsensical as no such bar date was referenced in the Shell Defendants' motion. The bar date for the Commonwealth's claims is December 3, 2011. |

## The Commonwealth's Knowledge Regarding Shell West

| SHELL DEFENDANTS' UNDISPUTED MATERIAL FACTS | COMMONWEALTH'S RESPONSE | SHELL DEFENDANTS' REPLY |
| --- | --- | --- |
| 19.  On September 15, 2008, the Commonwealth served discovery on all defendants including Interrogatory No. 5 which requested defendants to:<br><br>IDENTIFY all jobbers, franchisees and/or distributors to whom YOU supplied MTBE gasoline within [Puerto Rico] since 1979…. | **Undisputed**. | No reply necessary. |

| SHELL DEFENDANTS' UNDISPUTED MATERIAL FACTS | COMMONWEALTH'S RESPONSE | SHELL DEFENDANTS' REPLY |
|---|---|---|
| Reyna Decl., Ex. 1, Defendant HOVENSA LLC's Second Amended Responses and Objections to Plaintiff's First Set of Interrogatories. | | |
| 20.  On March 13, 2009, HOVENSA responded by stating "[a]t various times, HOVENSA sold gasoline to various entities … at the port of St. Croix" and by pointing to "Spreadsheet A indicating entities that listed the Commonwealth of Puerto Rico as a destination for shipments of gasoline containing at least 0.5% MTBE."  Spreadsheet A showed that HOVENSA sold gasoline to "Shell Western Supply and Trading" that was destined for Puerto Rico.  *Id.* at No. 5, and attached Spreadsheet A. | **Undisputed**. But *see* Reyna Decl., Ex. 1, at No. 10 (HOVENSA stating that "[g]asoline to which MTBE was intentionally added was not supplied to ships reportedly bound for the Commonwealth of Puerto Rico. Rather, the gasoline referred to in the following figures contained trace amounts - albeit still above 0.5% by volume - due to exposure of conventional gasoline to MTBE-containing gasoline during routine tank service changes.")<br><br>**Disputed** that these facts are "material facts" for meeting Defendants' burden of showing that the Commonwealth knew, or should have known, that i) MTBE had injured "waters of the Commonwealth," as that term is defined in Paragraph 5 of the TAC, prior to the June 12, 2006 "bar date" claimed in Defendants' Motion and ii) the identity of the entity or entities that caused such injury prior to the June 12, 2006 "bar date." | **Fails to raise triable facts relevant to Defendants' Motion.**<br><br>The Commonwealth does not actually dispute the Shell Defendants' Undisputed Material Fact No. 20.<br><br>The Commonwealth's response referring to "June 12, 2006 'bar date' claimed in Defendants' Motion" is nonsensical as no such bar date was referenced in the Shell Defendants' motion. The bar date for the Commonwealth's claims is December 3, 2011. |
| 21.  In response to the Commonwealth's interrogatory requesting HOVENSA to "Describe each refinery that [HOVENSA] own or owned which provided MTBE gasoline to [Puerto Rico] since 1979," HOVENSA stated that | **Undisputed**. But *see* Reyna Decl., Ex. 1, at No. 10 (HOVENSA stating that "[g]asoline to which MTBE was intentionally added was not supplied to ships reportedly bound for the Commonwealth of Puerto Rico. Rather, the gasoline referred to in the following figures | **Fails to raise triable facts relevant to Defendants' Motion.**<br><br>The Commonwealth does not actually dispute the Shell Defendants' Undisputed Material Fact No. 21. |

| SHELL DEFENDANTS' UNDISPUTED MATERIAL FACTS | COMMONWEALTH'S RESPONSE | SHELL DEFENDANTS' REPLY |
|---|---|---|
| "[a]t various times, MTBE gasoline from HOVENSA's St. Croix refinery was loaded on to ships … reportedly destined for the Commonwealth of Puerto Rico" and referenced Spreadsheet A, which identified Shell West. *Id.* at No. 6, and attached Spreadsheet A. | contained trace amounts - albeit still above 0.5% by volume - due to exposure of conventional gasoline to MTBE-containing gasoline during routine tank service changes.")<br><br>**Disputed** that these facts are "material facts" for meeting Defendants' burden of showing that the Commonwealth knew, or should have known, that i) MTBE had injured "waters of the Commonwealth," as that term is defined in Paragraph 5 of the TAC, prior to the June 12, 2006 "bar date" claimed in Defendants' Motion and ii) the identity of the entity or entities that caused such injury prior to the June 12, 2006 "bar date." | The Commonwealth's response referring to "June 12, 2006 'bar date' claimed in Defendants' Motion" is nonsensical as no such bar date was referenced in the Shell Defendants' motion. The bar date for the Commonwealth's claims is December 3, 2011. |
| 22.  Similarly, in response to the Commonwealth's interrogatory seeking "the annual total volume of MTBE-containing gasoline which [HOVENSA] supplied, sold, marketed or distributed within [Puerto Rico] from 1979 to present," HOVENSA stated that it "supplied … MTBE gasoline … to ships reportedly bound for the Commonwealth of Puerto Rico" and again referenced Spreadsheet A, which identified Shell West. *Id.* at No. 10, and attached Spreadsheet A. | **Undisputed**. But *see* Reyna Decl., Ex. 1, at No. 10 (HOVENSA stating that "[g]asoline to which MTBE was intentionally added was not supplied to ships reportedly bound for the Commonwealth of Puerto Rico. Rather, the gasoline referred to in the following figures contained trace amounts - albeit still above 0.5% by volume - due to exposure of conventional gasoline to MTBE-containing gasoline during routine tank service changes.")<br><br>**Disputed** that these facts are "material facts" · for meeting Defendants' burden of showing that the Commonwealth knew, or should have known, that i) MTBE had injured "waters of the Commonwealth," as that term is | **Fails to raise triable facts relevant to Defendants' Motion.**<br><br>The Commonwealth does not actually dispute the Shell Defendants' Undisputed Material Fact No. 22.<br><br>The Commonwealth's response referring to "June 12, 2006 'bar date' claimed in Defendants' Motion" is nonsensical as no such bar date was referenced in the Shell Defendants' motion. The bar date for the Commonwealth's claims is December 3, 2011. |

| SHELL DEFENDANTS' UNDISPUTED MATERIAL FACTS | COMMONWEALTH'S RESPONSE | SHELL DEFENDANTS' REPLY |
|---|---|---|
| | defined in Paragraph 5 of the TAC, prior to the June 12, 2006 "bar date" claimed in Defendants' Motion and ii) the identity of the entity or entities that caused such injury prior to the June 12, 2006 "bar date." | |
| 23.  On April 9, 2010, HOVENSA referred back to these previous responses when the Commonwealth asked HOVENSA to "[i]dentify all jobbers, resellers, carriers, distributors, and retailers supplied by [HOVENSA] and that provide or provided gasoline containing MTBE to the Commonwealth of Puerto Rico."  Reyna Decl., Ex. 2, Defendant HOVENSA LLC's Responses and Objections to Plaintiff's First [sic: Third] Set of Interrogatories, at No. 3. | **Disputed** that these facts are "material facts" for meeting Defendants' burden of showing that the Commonwealth knew, or should have known, that i) MTBE had injured "waters of the Commonwealth," as that term is defined in Paragraph 5 of the T AC, prior to the June 12, 2006 "bar date" claimed in Defendants' Motion and ii) the identity of the entity or entities that caused such injury prior to the June 12, 2006 "bar date."<br><br>Otherwise, **undisputed**. | **Fails to raise triable facts relevant to Defendants' Motion.**<br><br>The Commonwealth does not actually dispute the Shell Defendants' Undisputed Material Fact No. 23.<br><br>The Commonwealth's response referring to "June 12, 2006 'bar date' claimed in Defendants' Motion" is nonsensical as no such bar date was referenced in the Shell Defendants' motion. The bar date for the Commonwealth's claims is December 3, 2011. |
| 24.  In the April 2010 responses, HOVENSA similarly referred back to these previous responses when the Commonwealth asked HOVENSA whether "[HOVENSA] ever refined or marketed gasoline containing MTBE in or into [Puerto Rico]" and to "[i]dentify the date [HOVENSA] last blended MTBE and/or TBA into gasoline for deliveries into [Puerto Rico]."  *Id.* at Nos. 9 and 10. | **Disputed** that these facts are "material facts" for meeting Defendants' burden of showing that the Commonwealth knew, or should have known, that i) MTBE had injured "waters of the Commonwealth," as that term is defined in Paragraph 5 of the TAC, prior to the June 12, 2006 "bar date" claimed in Defendants' Motion and ii) the identity of the entity or entities that caused such injury prior to the June 12, 2006 "bar date."<br><br>Otherwise, **undisputed**. | **Fails to raise triable facts relevant to Defendants' Motion.**<br><br>The Commonwealth does not actually dispute the Shell Defendants' Undisputed Material Fact No. 24.<br><br>The Commonwealth's response referring to "June 12, 2006 'bar date' claimed in Defendants' Motion" is nonsensical as no such bar date was referenced in the Shell Defendants' motion. The bar date for the Commonwealth's claims is December 3, 2011. |

| SHELL DEFENDANTS' UNDISPUTED MATERIAL FACTS | COMMONWEALTH'S RESPONSE | SHELL DEFENDANTS' REPLY |
|---|---|---|
| 25.  At the April 2, 2009, Case Management Conference, the parties jointly submitted a proposed Case Management Order which called for disclosure of "any of the Defendants' parents, subsidiaries and affiliates which do business relating to the manufacturing, refining, importing, distributing or supplying of gasoline that is manufactured, refined, imported, exported, distributed or supplied to, from or within the Commonwealth of Puerto Rico."  Reyna Decl., Ex. 3, Proposed Case Management Order. | **Disputed** that these facts are "material facts" for meeting Defendants' burden of showing that the Commonwealth knew, or should have known, that i) MTBE had injured "waters of the Commonwealth," as that term is defined in Paragraph 5 of the TAC, prior to the June 12, 2006 "bar date" claimed in Defendants' Motion and ii) the identity of the entity or entities that caused such injury prior to the June 12, 2006 "bar date."<br><br>Otherwise, **undisputed**. | **Fails to raise triable facts relevant to Defendants' Motion.**<br><br>The Commonwealth does not actually dispute the Shell Defendants' Undisputed Material Fact No. 25.<br><br>The Commonwealth's response referring to "June 12, 2006 'bar date' claimed in Defendants' Motion" is nonsensical as no such bar date was referenced in the Shell Defendants' motion. The bar date for the Commonwealth's claims is December 3, 2011. |
| 26.  On May 1, 2009, the Shell Defendants served the Commonwealth with initial corporate disclosures, and those disclosures specifically identified Shell West even though it was not then a named party to this litigation.  Reyna Decl., Ex. 4, Shell Defendants' Corporate Disclosures. | **Disputed** that these facts are "material facts" for meeting Defendants' burden of showing that the Commonwealth knew, or should have known, that i) MTBE had injured "waters of the Commonwealth," as that term is defined in Paragraph 5 of the TAC, prior to the June 12, 2006 "bar date" claimed in Defendants' Motion and ii) the identity of the entity or entities that caused such injury prior to the June 12, 2006 "bar date."<br><br>Otherwise, **undisputed** that the Shell Defendants in their disclosures stated that "nonparty Shell Western Supply and Trading Ltd. is an indirect subsidiary of Royal Dutch Shell, plc." and nothing more. The Shell Defendants did not disclose SIPC. Reyna Dec., Ex. 4. | **Fails to raise triable facts relevant to Defendants' Motion.**<br><br>The Commonwealth does not actually dispute the Shell Defendants' Undisputed Material Fact No. 26.<br><br>The Commonwealth's response referring to "June 12, 2006 'bar date' claimed in Defendants' Motion" is nonsensical as no such bar date was referenced in the Shell Defendants' motion. The bar date for the Commonwealth's claims is December 3, 2011. |

| SHELL DEFENDANTS' UNDISPUTED MATERIAL FACTS | COMMONWEALTH'S RESPONSE | SHELL DEFENDANTS' REPLY |
|---|---|---|
| 27.  On April 9, 2010, counsel for the Shell Defendants sent counsel for the Commonwealth a letter which stated that Shell West "has conducted business related to the manufacturing, refining, importing, exporting, distributing or supplying of gasoline that is manufactured, refined, imported, exported, distributed or supplied to, from or within the Commonwealth of Puerto Rico."  Reyna Decl., Ex. 5, April 9, 2010, letter from Reyna to Dias regarding Shell Defendants' Corporate Disclosures. | **Disputed** that these facts are "material facts" for meeting Defendants' burden of showing that the Commonwealth knew, or should have known, that i) MTBE had injured "waters of the Commonwealth," as that term is defined in Paragraph 5 of the TAC, prior to the June 12, 2006 "bar date" claimed in Defendants' Motion and ii) the identity of the entity or entities that caused such injury prior to the June 12, 2006 "bar date."<br><br>Otherwise, **undisputed** that the Shell Defendants sent counsel for the Commonwealth a letter containing some information regarding Shell West's corporate structure approximately one year after counsel for the Commonwealth requested additional information regarding Shell West. | **Fails to raise triable facts relevant to Defendants' Motion.**<br><br>The Commonwealth does not actually dispute the Shell Defendants' Undisputed Material Fact No. 27.<br><br>The Commonwealth's response referring to "June 12, 2006 'bar date' claimed in Defendants' Motion" is nonsensical as no such bar date was referenced in the Shell Defendants' motion. The bar date for the Commonwealth's claims is December 3, 2011. |

**The Commonwealth's Knowledge Regarding SIPC**

| SHELL DEFENDANTS' UNDISPUTED MATERIAL FACTS | COMMONWEALTH'S RESPONSE | SHELL DEFENDANTS' REPLY |
|---|---|---|
| 28.  In September 1984, an "Operation Manager" for SIPC filed with the Puerto Rico Office of the Secretary of State a "Petition, Statement and Power of Attorney" which identified SIPC as a UK company and which prosecuted on behalf of SIPC a trademark for the "SHELL" logo in the | **Disputed** that these facts are "material facts" for meeting Defendants' burden of showing that the Commonwealth knew, or should have known, that i) MTBE had injured "waters of the Commonwealth," as that term is defined in Paragraph 5 of the TAC, prior to the June 12, 2006 "bar date" claimed in Defendants' | **Fails to raise triable facts relevant to Defendants' Motion.**<br><br>The Commonwealth does not actually dispute the Shell Defendants' Undisputed Material Fact No. 28.<br><br>The Commonwealth's response |

| SHELL DEFENDANTS' UNDISPUTED MATERIAL FACTS | COMMONWEALTH'S RESPONSE | SHELL DEFENDANTS' REPLY |
|---|---|---|
| familiar red, white and yellow. That Petition explained that SIPC "adopted and used the trademark … for sale and distribution [of] fuels [ ] including leaded and unleaded motor gasoline …." Reyna Decl., Ex. 6a, Petition, Statement and Power of Attorney of SIPC dated Sept. 16, 1984. | Motion and ii) the identity of the entity or entities that caused such injury prior to the June 12, 2006 "bar date." <br><br> **Disputed** that these facts demonstrate that the Commonwealth should have known that SIPC was located or doing business in Puerto Rico.  *See* Defendants' Brief at n.3 ("In 1987, SIPC submitted another Certification to clarify the record and to make clear that SIPC was not actually located in or doing business within Puerto Rico."); Reyna Decl., Ex. 6c. <br><br> Otherwise, **undisputed** that the Petition, Statement and Power of Attorney was only for the purpose of registering a trademark. | referring to "June 12, 2006 'bar date' claimed in Defendants' Motion" is nonsensical as no such bar date was referenced in the Shell Defendants' motion. The bar date for the Commonwealth's claims is December 3, 2011. |
| 29.  The 1984 Petition also stated that the trademark "has been continuously used and applied to said goods in the applicant's [SIPC's] business in Puerto Rico since January 5, 1977." *Id.* | **Disputed** that these facts are "material facts" for meeting Defendants' burden of showing that the Commonwealth knew, or should have known, that i) MTBE had injured "waters of the Commonwealth," as that term is defined in Paragraph 5 of the TAC, prior to the June 12, 2006 "bar date" claimed in Defendants' Motion and ii) the identity of the entity or entities that caused such injury prior to the June 12, 2006 "bar date." <br><br> **Disputed** that these facts demonstrate that the Commonwealth should have known that SIPC was located or doing business in Puerto Rico. *See* Defendants' Brief at n.3 ("In 1987, | **Fails to raise triable facts relevant to Defendants' Motion.** <br><br> The Commonwealth does not actually dispute the Shell Defendants' Undisputed Material Fact No. 29. <br><br> The Commonwealth's response referring to "June 12, 2006 'bar date' claimed in Defendants' Motion" is nonsensical as no such bar date was referenced in the Shell Defendants' motion. The bar date for the Commonwealth's claims is December 3, 2011. |

| SHELL DEFENDANTS' UNDISPUTED MATERIAL FACTS | COMMONWEALTH'S RESPONSE | SHELL DEFENDANTS' REPLY |
|---|---|---|
| | SIPC submitted another Certification to clarify the record and to make clear that SIPC was not actually located in or doing business within Puerto Rico."); Reyna Decl., Ex. 6c.<br><br>Otherwise, **undisputed** that the Petition, Statement and Power of Attorney was only for the purpose of registering a trademark. | |
| 30.  Along with the filing of the 1984 Petition, the Operation Manager of SIPC also submitted to the Commonwealth a notarized "Declaration" in support of the trademark petition which again identified SIPC and stated that SIPC "has the right to use said trademark in Puerto Rico …." Reyna Decl., Ex. 6b, Declaration, dated Sept. 5, 1984. | **Disputed** that these facts are "material facts" for meeting Defendants' burden of showing that the Commonwealth knew, or should have known, that i) MTBE had injured "waters of the Commonwealth," as that term is defined in Paragraph 5 of the TAC, prior to the June 12, 2006 "bar date" claimed in Defendants' Motion and ii) the identity of the entity or entities that caused such injury prior to the June 12, 2006 "bar date."<br><br>**Disputed** that these facts demonstrate that the Commonwealth should have known that SIPC was located or doing business in Puerto Rico. *See* Defendants' Brief at n.3 ("In 1987, SIPC submitted another Certification to clarify the record and to make clear that SIPC was not actually located in or doing business within Puerto Rico."); Reyna Decl., Ex. 6c.<br><br>Otherwise, **undisputed** that the Declaration was only for the purpose of registering a trademark. | **Fails to raise triable facts relevant to Defendants' Motion.**<br><br>The Commonwealth does not actually dispute the Shell Defendants' Undisputed Material Fact No. 30.<br><br>The Commonwealth's response referring to "June 12, 2006 'bar date' claimed in Defendants' Motion" is nonsensical as no such bar date was referenced in the Shell Defendants' motion. The bar date for the Commonwealth's claims is December 3, 2011. |
| 31.  The 1984 Declaration also | **Disputed** that these facts are | **Fails to raise triable facts** |

| SHELL DEFENDANTS' UNDISPUTED MATERIAL FACTS | COMMONWEALTH'S RESPONSE | SHELL DEFENDANTS' REPLY |
|---|---|---|
| stated that "said trademark is used by said corporation [SIPC] in commerce in Puerto Rico…." *Id.* | "material facts" for meeting Defendants' burden of showing that the Commonwealth knew, or should have known, that i) MTBE had injured "waters of the Commonwealth," as that term is defined in Paragraph 5 of the TAC, prior to the June 12, 2006 "bar date" claimed in Defendants' Motion and ii) the identity of the entity or entities that caused such injury prior to the June 12, 2006 "bar date."<br><br>**Disputed** that these facts demonstrate that the Commonwealth should have known that SIPC was located or doing business in Puerto Rico.  *See* Defendants' Brief at n.3 ("In 1987, SIPC submitted another Certification to clarify the record and to make clear that SIPC was not actually located in or doing business within Puerto Rico."); Reyna Decl., Ex. 6c.<br><br>Otherwise, **undisputed** that the Declaration was only for the purpose of registering a trademark. | **relevant to Defendants' Motion.**<br><br>The Commonwealth does not actually dispute the Shell Defendants' Undisputed Material Fact No. 31.<br><br>The Commonwealth's response referring to "June 12, 2006 'bar date' claimed in Defendants' Motion" is nonsensical as no such bar date was referenced in the Shell Defendants' motion. The bar date for the Commonwealth's claims is December 3, 2011. |
| 32.  In October 1987, SIPC submitted another Certification to clarify the record and to make clear that SIPC was not actually located in or doing business within Puerto Rico. Reyna Decl., Ex. 6c, Certification of Correction, dated Oct. 23, 1987. | **Undisputed** that SIPC submitted to the Commonwealth another Certification explaining that SIPC was not actually located in or doing business within Puerto Rico. | No reply necessary. |
| 33.  In July 1985, in response to the SIPC Petition, the Puerto Rico Department of State issued a certificate which | **Disputed** that these facts are "material facts" for meeting Defendants' burden of showing that the Commonwealth knew, or | **Fails to raise triable facts relevant to Defendants' Motion.** |

| SHELL DEFENDANTS' UNDISPUTED MATERIAL FACTS | COMMONWEALTH'S RESPONSE | SHELL DEFENDANTS' REPLY |
|---|---|---|
| registered the "SHELL" trademark to SIPC.  The certificate described SIPC as "a company organized under the laws of Great Britain"; verified that SIPC did "duly file" the trademark application with the Department of State in 1984; and concluded that "said Trademark has been duly Registered this day in the Department of State of Puerto Rico to Shell International Petroleum Company Limited …."  Reyna Decl., Ex. 6d, Certificate, dated July 12, 1985. | should have known, that i) MTBE had injured "waters of the Commonwealth," as that term is defined in Paragraph 5 of the TAC, prior to the June 12, 2006 "bar date" claimed in Defendants' Motion and ii) the identity of the entity or entities that caused such injury prior to the June 12, 2006 "bar date."<br><br>**Disputed** that these facts demonstrate that the Commonwealth should have known that SIPC was located or doing business in Puerto Rico. *See* Defendants' Brief at n.3 ("In 1987, SIPC submitted another Certification to clarify the record and to make clear that SIPC was not actually located in or doing business within Puerto Rico."); Reyna Decl., Ex. 6c.<br><br>Otherwise, **undisputed** that the Certificate was only for the purpose of registering a trademark. | The Commonwealth does not actually dispute the Shell Defendants' Undisputed Material Fact No. 33.<br><br>The Commonwealth's response referring to "June 12, 2006 'bar date' claimed in Defendants' Motion" is nonsensical as no such bar date was referenced in the Shell Defendants' motion. The bar date for the Commonwealth's claims is December 3, 2011. |
| 34.  In March 1987, the Department of State issued a certification confirming its prior registration of the "SHELL" logo to SIPC.  This certification recited that the "SHELL" trademark "was duly registered in this Department on July 12, 1985 … in favor of Shell International Petroleum Company Limited, of London, England and San Juan, Puerto Rico, a company organized under the laws of Great Britain, for … 'sale and distribution/fuels [ ] including | **Disputed** that these facts are "material facts" for meeting Defendants' burden of showing that the Commonwealth knew, or should have known, that i) MTBE had injured "waters of the Commonwealth," as that term is defined in Paragraph 5 of the TAC, prior to the June 12, 2006 "bar date" claimed in Defendants' Motion and ii) the identity of the entity or entities that caused such injury prior to the June 12, 2006 "bar date."<br><br>**Disputed** that these facts | **Fails to raise triable facts relevant to Defendants' Motion.**<br><br>The Commonwealth does not actually dispute the Shell Defendants' Undisputed Material Fact No. 34.<br><br>The Commonwealth's response referring to "June 12, 2006 'bar date' claimed in Defendants' Motion" is nonsensical as no such bar date was referenced in the Shell Defendants' motion. The bar date for the |

| SHELL DEFENDANTS' UNDISPUTED MATERIAL FACTS | COMMONWEALTH'S RESPONSE | SHELL DEFENDANTS' REPLY |
|---|---|---|
| leaded and unleaded motor gasoline ...." *Id.* The certification also stated that the Commonwealth had granted the registration, and that the registered trademark was still in full force and effect in Puerto Rico. Reyna Decl., Ex. 6e, Certification, dated March 9, 1987. | demonstrate that the Commonwealth should have known that SIPC was located or doing business in Puerto Rico. *See* Defendants' Brief at n.3 ("In 1987, SIPC submitted another Certification to clarify the record and to make clear that SIPC was not actually located in or doing business within Puerto Rico."); Reyna Decl., Ex. 6c.<br><br>Otherwise, **undisputed** that the Certificate was only for the purpose of registering a trademark. | Commonwealth's claims is December 3, 2011. |
| 35.  In February 1993, SIPC applied for a trademark for the Shell "EMBLEM" of a seashell in the familiar red and yellow. The application identified SIPC as the applicant; listed its place of organization as England and its address in London; explained that SIPC used the "EMBLEM" for such goods as "[m]otor fuels (including leaded and unleaded motor gasolines...)..."; and stated that the trademark was used "in the commerce of Puerto Rico" since January 31, 1977.  Reyna Decl., Ex. 6f, Application, dated Feb. 11, 1993. | **Disputed** that these facts are "material facts" for meeting Defendants' burden of showing that the Commonwealth knew, or should have known, that i) MTBE had injured "waters of the Commonwealth," as that term is defined in Paragraph 5 of the TAC, prior to the June 12, 2006 "bar date" claimed in Defendants' Motion and ii) the identity of the entity or entities that caused such injury prior to the June 12, 2006 "bar date."<br><br>**Disputed** that these facts demonstrate that the Commonwealth should have known that SIPC was located or doing business in Puerto Rico. *See* Defendants' Brief at n.3 ("In 1987, SIPC submitted another Certification to clarify the record and to make clear that SIPC was not actually located in or doing business within Puerto Rico."); Reyna Decl., Ex. 6c. | **Fails to raise triable facts relevant to Defendants' Motion.**<br><br>The Commonwealth does not actually dispute the Shell Defendants' Undisputed Material Fact No. 35.<br><br>The Commonwealth's response referring to "June 12, 2006 'bar date' claimed in Defendants' Motion" is nonsensical as no such bar date was referenced in the Shell Defendants' motion. The bar date for the Commonwealth's claims is December 3, 2011. |

| SHELL DEFENDANTS' UNDISPUTED MATERIAL FACTS | COMMONWEALTH'S RESPONSE | SHELL DEFENDANTS' REPLY |
|---|---|---|
| | Otherwise, **undisputed** that the application was only for the purpose of registering the Shell "EMBLEM." | |
| 36.  In June 1993, the Puerto Rico Department of State issued a "Certificate of Registration" which stated that SIPC "a corporation organized under the laws of England," had filed the application for the Shell "EMBLEM" trademark for "[m]otor fuels (including leaded and unleaded motor gasolines, 'diesel' fuels, kerosene and liquified petroleum gas) …" and that the trademark has been duly registered.  Reyna Decl., Ex. 6g, Certification, dated June 28, 1993. | **Disputed** that these facts are "material facts" for meeting Defendants' burden of showing that the Commonwealth knew, or should have known, that i) MTBE had injured "waters of the Commonwealth," as that term is defined in Paragraph 5 of the TAC, prior to the June 12, 2006 "bar date" claimed in Defendants' Motion and ii) the identity of the entity or entities that caused such injury prior to the June 12, 2006 "bar date."  **Disputed** that these facts demonstrate that the Commonwealth should have known that SIPC was located or doing business in Puerto Rico.  *See* Defendants' Brief at n.3 ("In 1987, SIPC submitted another Certification to clarify the record and to make clear that SIPC was not actually located in or doing business within Puerto Rico."); Reyna Decl., Ex. 6c.  Otherwise, **undisputed** that the Certificate was only for the purpose of registering a trademark. | **Fails to raise triable facts relevant to Defendants' Motion.**  The Commonwealth does not actually dispute the Shell Defendants' Undisputed Material Fact No. 36.  The Commonwealth's response referring to "June 12, 2006 'bar date' claimed in Defendants' Motion" is nonsensical as no such bar date was referenced in the Shell Defendants' motion. The bar date for the Commonwealth's claims is December 3, 2011. |
| 37.  In November 1993, SIPC applied for a trademark for a certain brand of gasoline known as "FORMULA SHELL."  The application identified SIPC as the applicant; listed its place of organization as England and its | **Disputed** that these facts are "material facts" for meeting Defendants' burden of showing that the Commonwealth knew, or should have known, that i) MTBE had injured "waters of the Commonwealth," as that term is defined in Paragraph 5 of the TAC, | **Fails to raise triable facts relevant to Defendants' Motion.**  The Commonwealth does not actually dispute the Shell Defendants' Undisputed Material Fact No. 37. |

| SHELL DEFENDANTS' UNDISPUTED MATERIAL FACTS | COMMONWEALTH'S RESPONSE | SHELL DEFENDANTS' REPLY |
|---|---|---|
| address in London; explained that SIPC used the "FORMULA SHELL" trademark for "Oils, greases, lubricants, fuels"; and stated that the trademark was used "in the commerce of Puerto Rico" since July 1993.  Reyna Decl., Ex. 6h, Application, dated Nov. 10, 1993. | prior to the June 12, 2006 "bar date" claimed in Defendants' Motion and ii) the identity of the entity or entities that caused such injury prior to the June 12, 2006 "bar date."<br><br>**Disputed** that these facts demonstrate that the Commonwealth should have known that SIPC was located or doing business in Puerto Rico.  *See* Defendants' Brief at n.3 ("In 1987, SIPC submitted another Certification to clarify the record and to make clear that SIPC was not actually located in or doing business within Puerto Rico."); Reyna Decl., Ex. 6c.<br><br>Otherwise, **undisputed** that the application was only for the purpose of registering a trademark for the Shell "FORMULA SHELL" brand of gasoline. | The Commonwealth's response referring to "June 12, 2006 'bar date' claimed in Defendants' Motion" is nonsensical as no such bar date was referenced in the Shell Defendants' motion. The bar date for the Commonwealth's claims is December 3, 2011. |
| 38.  In July 1994, the Puerto Rico Department of State issued a "Certificate of Registration" which stated that SIPC "of London, England, a corporation organized under the laws of England," had filed the application for the "FORMULA SHELL" trademark for "oils, greases, lubricants, fuels" and that the trademark has been duly registered.  Reyna Decl., Ex. 6i, Certification, dated July 20, 1994. | **Disputed** that these facts are "material facts" for meeting Defendants' burden of showing that the Commonwealth knew, or should have known, that i) MTBE had injured "waters of the Commonwealth," as that term is defined in Paragraph 5 of the TAC, prior to the June 12, 2006 "bar date" claimed in Defendants' Motion and ii) the identity of the entity or entities that caused such injury prior to the June 12, 2006 "bar date."<br><br>**Disputed** that these facts demonstrate that the Commonwealth should have | **Fails to raise triable facts relevant to Defendants' Motion.**<br><br>The Commonwealth does not actually dispute the Shell Defendants' Undisputed Material Fact No. 38.<br><br>The Commonwealth's response referring to "June 12, 2006 'bar date' claimed in Defendants' Motion" is nonsensical as no such bar date was referenced in the Shell Defendants' motion. The bar date for the Commonwealth's claims is December 3, 2011. |

| SHELL DEFENDANTS' UNDISPUTED MATERIAL FACTS | COMMONWEALTH'S RESPONSE | SHELL DEFENDANTS' REPLY |
|---|---|---|
| | known that SIPC was located or doing business in Puerto Rico. *See* Defendants' Brief at n.3 ("In 1987, SIPC submitted another Certification to clarify the record and to make clear that SIPC was not actually located in or doing business within Puerto Rico."); Reyna Decl., Ex. 6c.<br><br>Otherwise, **undisputed** that the Certificate was only for the purpose of registering a trademark. | |
| 39.  In May 1995, SIPC submitted an application to the Department of State to renew its registration of the "SHELL" trademark for another 10 years. Reyna Decl., Ex. 6j, Application, dated May 31, 1995. | **Disputed** that these facts are "material facts" for meeting Defendants' burden of showing that the Commonwealth knew, or should have known, that i) MTBE had injured "waters of the Commonwealth," as that term is defined in Paragraph 5 of the TAC, prior to the June 12, 2006 "bar date" claimed in Defendants' Motion and ii) the identity of the entity or entities that caused such injury prior to the June 12, 2006 "bar date."<br><br>**Disputed** that these facts demonstrate that the Commonwealth should have known that SIPC was located or doing business in Puerto Rico. *See* Defendants' Brief at n.3 ("In 1987, SIPC submitted another Certification to clarify the record and to make clear that SIPC was not actually located in or doing business within Puerto Rico."); Reyna Decl., Ex. 6c.<br><br>Otherwise, **undisputed** that the application was only for the | **Fails to raise triable facts relevant to Defendants' Motion.**<br><br>The Commonwealth does not actually dispute the Shell Defendants' Undisputed Material Fact No. 39.<br><br>The Commonwealth's response referring to "June 12, 2006 'bar date' claimed in Defendants' Motion" is nonsensical as no such bar date was referenced in the Shell Defendants' motion. The bar date for the Commonwealth's claims is December 3, 2011. |

| SHELL DEFENDANTS' UNDISPUTED MATERIAL FACTS | COMMONWEALTH'S RESPONSE | SHELL DEFENDANTS' REPLY |
|---|---|---|
| | purpose of renewing a trademark. | |
| 40.  In October 1996, the Puerto Rico Department of State issued a Certificate of Renewal, which renewed the registration.  Reyna Decl., Ex. 6k, Certificate, dated Oct. 16, 1996.  The renewal stated that the "SHELL" trademark was registered to SIPC, "a company organized under the laws of England." | **Disputed** that these facts are "material facts" for meeting Defendants' burden of showing that the Commonwealth knew, or should have known, that i) MTBE had injured "waters of the Commonwealth," as that term is defined in Paragraph 5 of the TAC, prior to the June 12, 2006 "bar date" claimed in Defendants' Motion and ii) the identity of the entity or entities that caused such injury prior to the June 12, 2006 "bar date."<br><br>**Disputed** that these facts demonstrate that the Commonwealth should have known that SIPC was located or doing business in Puerto Rico.  *See* Defendants' Brief at n.3 ("In 1987, SIPC submitted another Certification to clarify the record and to make clear that SIPC was not actually located in or doing business within Puerto Rico."); Reyna Decl., Ex. 6c.<br><br>Otherwise, **undisputed** that the Certificate was only for the purpose of renewing a trademark. | **Fails to raise triable facts relevant to Defendants' Motion.**<br><br>The Commonwealth does not actually dispute the Shell Defendants' Undisputed Material Fact No. 40.<br><br>The Commonwealth's response referring to "June 12, 2006 'bar date' claimed in Defendants' Motion" is nonsensical as no such bar date was referenced in the Shell Defendants' motion. The bar date for the Commonwealth's claims is December 3, 2011. |

**Procedural Background**

| ADDITIONAL MATERIAL FACTS ASSERTED BY COMMONWEALTH | SHELL DEFENDANTS' RESPONSE AND OBJECTIONS |
|---|---|
| 1.    This case was initially filed on June 12, 2007 in the United States District Court for the District of Puerto Rico, Case No. 07 Civ. 1505. Complaint, Dkt. 16. | **Undisputed** that this litigation was first initiated on June 12, 2007.<br><br>**Dispute** to the extent that it implies that the |

| ADDITIONAL MATERIAL FACTS ASSERTED BY COMMONWEALTH | SHELL DEFENDANTS' RESPONSE AND OBJECTIONS |
|---|---|
| | Commonwealth's claims against Shell West and SIPC were raised before the Commonwealth filed the Third Amended Complaint on December 3, 2012. |
| 2.   The Commonwealth named the following Shell entities in its Original Complaint ("OC"): Shell Oil Company, Shell Company Puerto Rico Ltd. ("SCPRL"), Shell Chemical Yabucoa, Inc. ("SCYI"), Shell Trading (US) Company, Motiva Enterprises, LLC, and Equilon Enterprises, LLC (collectively "Original Shell Defendants"). *Id.* | **Dispute** the Commonwealth's definition of the "Original Shell Defendants."<br><br>**Dispute** the Commonwealth's characterization of SCPRL as a "Shell entit[y]."  Shell Company Puerto Rico Ltd. ("SCPRL") was not a Shell entity when the Commonwealth initiated this litigation on June 12, 2007.  Sol Investments Limited acquired all of the stock of SCPRL on June 13, 2006 and subsequently changed the name of SCPRL to Sol.  The Commonwealth has admitted this point, and thus it is undisputed.  *See Reply Local Rule 56.1 Statement of Material Facts in Support of Motion for Summary Judgment of the Shell Defendants*, Dkt. 4139.<br><br>**Object** to the Commonwealth's continued attempt to either confuse or deliberately conflate the Shell defendants and Sol.<br><br>Furthermore, the Commonwealth's definition excludes TMR Company, an additional Shell defendant named in the Original Complaint.  *See* Complaint, Dkt. 16. |
| 3.   The First Amended Complaint was filed shortly thereafter on October 4, 2007 in the District Court of Puerto Rico. The Commonwealth added "Does 1 through 99" (i.e. corporations, partnerships, associations, natural persons or other entities related to other Defendants, of which the true names and identities were not known to the Commonwealth and were therefore sued under fictitious names). First Amended Complaint, Dkt. 16-4. | **Undisputed** that the First Amended Complaint was filed on October 4, 2007, adding the language "Does 1 through 99," but that fact is **irrelevant** for purposes of evaluating Defendants' motion. |
| 4.   The Second Amended Complaint was filed on September 8, 2008 after the August 12, 2008 CMC, at which the Commonwealth was ordered to file an amended complaint no later than September 8, 2008 (more than a year after the case was filed) and then discovery would be begin no later than September | **Undisputed** that the Second Amended Complaint was filed on September 8, 2008, but that fact is **irrelevant** for purposes of evaluating Defendants' motion. |

| ADDITIONAL MATERIAL FACTS ASSERTED BY COMMONWEALTH | SHELL DEFENDANTS' RESPONSE AND OBJECTIONS |
|---|---|
| 15, 2008. Second Amended Complaint, Dkt. 23. | |
| 5. On December 3, 2012, the Commonwealth filed its Third Amended Complaint ("TAC") after receiving permission from the Court at the October 22, 2012 Case Management Conference. Third Amended Complaint, Dkt. 175. Cardenas Decl., Ex. 6 (Transcript of the Oct. 22, 2012 Case Management Conference at pp. 11:1-12:1.) | **Undisputed** that the Third Amended Complaint was filed on December 3, 2012. <br><br> **Dispute** the Commonwealth's suggestion that it could not have sought leave to add Shell West or SIPC before 2012. |
| 6. In its TAC, the Commonwealth added Shell Western Supply and Trading ("Shell West"), Shell International Petroleum Company, Limited ("SIPC"), and Shell Western Services as defendants. *Id*. | **Undisputed**. |
| 7. The facts, allegations, and claims asserted in the TAC are the same as in the OC except for the naming of the additional parties, including the Shell Defendants. *Id*. | **Undisputed**. |
| 8. The Original Shell Defendants, Shell West and SIPC are closely related. Together, they arranged or supplied gasoline to Puerto Rico, are wholly owned subsidiaries of Royal Dutch Shell plc., and are all represented by the firm of Sedgwick LLP. *See* Local Rule 56.1 Statement of Material Facts in Support of Motion for Summary Judgment of the Shell Defendants (Dkt. 469) ("Shell Defendants' SOF (469)"), at ¶¶ 2, 4, 28-40, and 100; Declaration of Ruben F. Reyna in Support of Motion for Summary Judgment of Shell Western Supply and Trading Limited and Shell International Petroleum Limited (Dkt. 609) ("Reyna Decl."), Exhibit 7 (Declaration of Ian Charman In Support of the Shell Defendants' Motion for Summary Judgment), at ¶¶ 7, 16, 18; Plaintiffs Rule 56.1 Statement of Undisputed Facts Regarding the Motion for Summary Judgment of the Shell Defendants, dated November 8, 2014 (Dkt. 541), at ¶¶ 1, 10; Notice of Motion and Motion for Summary Judgment of the Shell Defendants (Dkt. 467), at 1, 2. | **Disputed**. <br><br> The Commonwealth's description that these entities "are closely related" is a legal conclusion and does not raise triable facts relevant to Shell Defendants' Motion. <br><br> **Dispute** the Commonwealth's definition of the "Original Shell Defendants." *See supra* Shell Defendants' Response to Additional Material Facts Asserted by Commonwealth No. 2. <br><br> **Undisputed** that between September 1997 and October 2003, Shell West provided trading and supply services to Sol (f/k/a SCPRL), another defendant in this litigation. Also admit that between November 2003 and October 2004, and between September 2008 and December 2010, Shell West provided similar services to Shell Chemical Yabucoa, Inc. *See* Shell Defendants' Undisputed Material Fact No. 9. <br><br> **Undisputed** that for the ten-year period, from 1985 until 1995, a division of SIPC known as Shell International Trading Company (SITCO) provided trading and supply services whereby it acquired gasoline from a third party and supplied that |

| ADDITIONAL MATERIAL FACTS ASSERTED BY COMMONWEALTH | SHELL DEFENDANTS' RESPONSE AND OBJECTIONS |
|---|---|
| | gasoline to Sol (f/k/a SCPRL).  *See* Shell Defendants' Undisputed Material Fact No. 14.<br><br>**Undisputed** that Shell West and SIPC are both subsidiaries of Royal Dutch Shell plc, but that fact is **irrelevant** for purposes of evaluating Defendants' motion.  The ultimate parent, Royal Dutch Shell pls, is not a party to this case.<br><br>**Undisputed** that subsequent to the Commonwealth bringing claims against Shell West and SIPC in December 2012, Shell West and SIPC hired the law firm of Sedgwick LLP to represent them, but that fact is **irrelevant** for purposes of evaluating Defendants' motion.  There is no evidence that Shell West or SIPC engaged, or even communicated with, Sedgwick LLP prior to being added to this case in 2012. |

### Facts Regarding Shell Western Supply and Trading Limited

| ADDITIONAL MATERIAL FACTS ASSERTED BY COMMONWEALTH | SHELL DEFENDANTS' RESPONSE AND OBJECTIONS |
|---|---|
| 9.   Until 2006, SCPRL was part of the Shell family of companies, at which time it was bought and changed its name to Sol Puerto Rico Limited ("Sol"). *See* Shell Defendants' SOF ( 469), at ¶¶ 2, 4. | **Undisputed** that Sol Investments Limited acquired all of the stock of SCPRL and subsequently changed the name of SCPRL to Sol Puerto Rico Limited in 2006, a year before the Commonwealth initiated this litigation.  *See Reply Local Rule 56.1 Statement of Material Facts in Support of Motion for Summary Judgment of the Shell Defendants*, Dkt. 4139.<br><br>**Dispute** the Commonwealth's argumentative characterization of SCPRL as "part of the Shell family of companies."  *See supra* Shell Defendants' Response to Additional Material Facts Asserted by Commonwealth No. 2.<br><br>**Object** to the Commonwealth's continued attempt to either confuse or deliberately conflate the Shell defendants and Sol. |
| 10.  Shell West was a substantial supplier of | **Undisputed** that "Between September 1997 and |

| ADDITIONAL MATERIAL FACTS ASSERTED BY COMMONWEALTH | SHELL DEFENDANTS' RESPONSE AND OBJECTIONS |
| --- | --- |
| gasoline to both SCPRL/Sol and SCYI, two of the Original Shell Defendants, due to the vertical integration of the Shell business. "Between September 1997 and December 2010, Shell West supplied 516 shipments of gasoline to Sol (f/k/a SCPRL) and 140 shipments of gasoline to SCYI mainly from and at the St. Croix refinery." *See* Shell Defendants' SOF (469), at ¶ 100; Reyna Decl., Ex. 7, at ¶ 18. | December 2010, Shell West supplied 516 shipments of gasoline to Sol (f/k/a SCPRL) and 140 shipments of gasoline to SCYI mainly from and at the St. Croix refinery." <br><br> **Dispute** the Commonwealth's characterization of SCPRL/Sol as an "Original Shell Defendant." *See supra* Shell Defendants' Response to Additional Material Facts Asserted by Commonwealth No. 2. <br><br> **Object** to the Commonwealth's continued attempt to either confuse or deliberately conflate the Shell defendants and Sol. |
| 11.  Also, between November 2003 and October 2004, and between September 2008 and December 2010, Shell West provided similar services to another company, also a separate defendant in this case, [SCYI] [an Original Shell Defendant]." *See* Reyna Decl., Ex. 7, at ¶ 16. | **Undisputed** that "between November 2003 and October 2004, and between September 2008 and December 2010, Shell West provided similar services to another company, also a separate defendant in this case, [SCYI]." <br><br> **Dispute** the Commonwealth's definition of the "Original Shell Defendants." *See supra* Shell Defendants' Response to Additional Material Facts Asserted by Commonwealth No. 2. |
| 12.  This long-term relationship of sustained transactions and interaction between Shell West and Original Shell Defendants, SCPRL and SCYI, support a finding that Shell West had a pre-existing bond that constitutes a relationship of perfect solidarity. Moreover, the Shell Defendants' May 1, 2009 Corporate Disclosure expressly identified Shell West as an indirect subsidiary of Royal Dutch Shell plc. *See* Reyna Decl., Ex. 4 (Shell Defendants' Corporate Disclosures), at ¶ 7. | **Disputed**. <br><br> The Commonwealth's characterization of "a pre-existing bond that constitutes a relationship of perfect solidarity" is a legal conclusion and does not raise triable facts relevant to Shell Defendants' Motion. <br><br> **Dispute** the Commonwealth's characterization of SCPRL/Sol as an "Original Shell Defendant." *See supra* Shell Defendants' Response to Additional Material Facts Asserted by Commonwealth No. 2. <br><br> **Object** to the Commonwealth's continued attempt to either confuse or deliberately conflate the Shell defendants and Sol. <br><br> **Undisputed** that "the Shell Defendants' May 1, 2009 Corporate Disclosure expressly identified Shell West as an indirect subsidiary of Royal Dutch Shell plc.," but that fact is **irrelevant** for |

| ADDITIONAL MATERIAL FACTS ASSERTED BY COMMONWEALTH | SHELL DEFENDANTS' RESPONSE AND OBJECTIONS |
|---|---|
| | purposes of evaluating Defendants' motion. |
| 13.  On May 29, 2009, the Commonwealth sent a letter to counsel for Shell advising them that the Corporate Disclosures submitted by Shell failed to provide any detailed information with respect to Shell West and its connection to Puerto Rico. Cardenas Decl., Ex. 1 (May 29, 2009 Letter from Dias to Reyna). | **Undisputed** that on May 29, 2009, counsel for the Commonwealth sent counsel for the Shell defendants a letter.  Further admit that the letter identified the Shell defendants named in the litigation at that time as Shell Oil Company, Shell Chemical Yabucoa, Inc., Shell Trading (US) Company, Motiva Enterprises LLC, Equilon Enterprises LLC, and TMR Company.  That identification did not include Shell West or SIPC.  <br><br>**Dispute** that this letter "advis[ed] them that the Corporate Disclosures submitted by Shell failed to provide any detailed information with respect to Shell West and its connection to Puerto Rico." Cardenas Decl., Ex. 1 (May 29, 2009 Letter from Dias to Reyna).  Further, **dispute** that this letter said anything at all regarding Shell West.  *Id.* |
| 14.  Shell did not respond to the Commonwealth's request for more information until April 9, 2010, approximately one year later. Reyna Decl., Ex. 5 (April 9, 2010 Letter from Reyna to Dias). | **Undisputed**, but that fact is **irrelevant** for purposes of evaluating Defendants' motion. |
| 15.  On the same day, Shell represented in Shell's Objections and Responses to Plaintiffs 1st Interrogatories that the "Shell Defendants have not supplied gasoline containing MTBE to any jobbers, resellers, carriers, distributors, or retailers that provide or provided gasoline containing MTBE to the Commonwealth of Puerto Rico." Cardenas Decl., Ex. 2 (The Shell Defendants' Objections and Responses to Plaintiffs First Set of Interrogatories to Defendants), at No.3. | **Undisputed** that on April 9, 2010, the Shell defendants named in the litigation at that time, Shell Oil Company, Shell Chemical Yabucoa, Inc., Shell Trading (US) Company, Motiva Enterprises LLC, Equilon Enterprises LLC, and TMR Company, responded to the Commonwealth's Interrogatory No. 3 by stating, that they "have not supplied gasoline containing MTBE to any jobbers, resellers, carriers, distributors, or retailers that provide or provided gasoline containing MTBE to the Commonwealth of Puerto Rico." Further admit that the Shell defendants qualified that response by stating that "some shipments of gasoline from the Shell Defendants provided to the Commonwealth of Puerto Rico may have contained MTBE at *de minimus l*evels."  <br><br>**Irrelevant** for purposes of evaluating Defendants' motion.  <br><br>**Dispute** the Commonwealth's suggestion that Shell West or SIPC were Shell defendants at the |

| ADDITIONAL MATERIAL FACTS ASSERTED BY COMMONWEALTH | SHELL DEFENDANTS' RESPONSE AND OBJECTIONS |
|---|---|
| | time of these responses. |
| 16.  The Shell Defendants represented that they "did not refine or market gasoline containing MTBE in or into the Commonwealth of Puerto Rico." *Id.*, at No.9. | **Undisputed** that on April 9, 2010, the Shell defendants named in the litigation at that time, Shell Oil Company, Shell Chemical Yabucoa, Inc., Shell Trading (US) Company, Motiva Enterprises LLC, Equilon Enterprises LLC, and TMR Company, responded to the Commonwealth's Interrogatory No. 9 by stating, that they "did not refine or market gasoline containing MTBE in or into the Commonwealth of Puerto Rico."  Further admit that the Shell defendants qualified that response by stating that "some shipments of gasoline from the Shell Defendants provided to the Commonwealth of Puerto Rico may have contained MTBE at *de minimus* levels."<br><br>**Irrelevant** for purposes of evaluating Defendants' motion.<br><br>**Dispute** the Commonwealth's suggestion that Shell West or SIPC were Shell defendants at the time of these responses. |
| 17.  The Shell Defendants' April 9, 2010 discovery responses also refer the Commonwealth to the Shell Defendants' November 7, 2008 responses, in which they state that the Shell Defendants "have never supplied MTBE gasoline to any jobber, franchisee and/or distributor, anywhere in the Relevant Geographic Area." Cardenas Decl., Ex. 3 (Shell Defendants' Objections and Responses to Plaintiff Commonwealth of Puerto Rico's First Set of Interrogatories to Defendants), at No. 5. | **Undisputed** that on November 7, 2008, the Shell defendants named in the litigation at that time, Shell Oil Company, Shell Chemical Yabucoa, Inc., Shell Trading (US) Company, Motiva Enterprises LLC, Equilon Enterprises LLC, and TMR Company, responded to the Commonwealth's Interrogatory No. 5 by stating, that they "have never supplied MTBE gasoline to any jobber, franchisee and/or distributor, anywhere in the Relevant Geographic Area."<br><br>**Irrelevant** for purposes of evaluating Defendants' motion.<br><br>**Dispute** the Commonwealth's suggestion that Shell West or SIPC were Shell defendants at the time of these responses. |
| 18.  Furthermore, the Shell Defendants state that they "do not engage in terminaling or retailing or gasoline products anywhere in the Relevant Geographic Area." *Id.* at No. 10. | **Undisputed** that on November 7, 2007, the Shell defendants named in the litigation at that time, Shell Oil Company, Shell Chemical Yabucoa, Inc., Shell Trading (US) Company, Motiva Enterprises LLC, Equilon Enterprises LLC, and TMR |

| ADDITIONAL MATERIAL FACTS ASSERTED BY COMMONWEALTH | SHELL DEFENDANTS' RESPONSE AND OBJECTIONS |
|---|---|
| | Company, responded to the Commonwealth's Interrogatory No. 10 by stating, that they "do not engage in terminaling or retailing or gasoline products anywhere in the Relevant Geographic Area."<br><br>**Irrelevant** for purposes of evaluating Defendants' motion.<br><br>**Dispute** the Commonwealth's suggestion that Shell West or SIPC were Shell defendants at the time of these responses. |
| 19. In fact, it was not until May 2012 that the Shell Defendants admitted it had gasoline supply relationships with certain entities in Puerto Rico, including Sol (f/k/a SCPRL, an Original Shell Defendant, who may have supplied gasoline to one or more of the sites. Cardenas Decl., Ex. 4 (The Shell Defendants Objections and Responses to Plaintiffs First Set of Interrogatories to Defendants Regarding Plaintiffs' Trial Sites), at Nos. 1 and 13. | **Disputed**.<br><br>**Dispute** the Commonwealth's suggestion that the Shell defendants have not been forthcoming in all phases of discovery in this litigation.<br><br>**Dispute** the Commonwealth's suggestion that Shell West or SIPC were "Shell defendants" in this litigation prior to the Commonwealth asserting claims against them in December 2012.<br><br>**Dispute** the Commonwealth's characterization of SCPRL/Sol as an "Original Shell Defendant." *See supra* Shell Defendants' Response to Additional Material Facts Asserted by Commonwealth No. 2.<br><br>**Object** to the Commonwealth's continued attempt to either confuse or deliberately conflate the Shell defendants and Sol. |
| 20. Subsequently, on August 16, 2012, the Commonwealth received the first document produced by Sol (by this time not a Shell Defendant) of an invoice on Shell West letterhead that conclusively demonstrated that Shell West had done more that act as an intermediary but actually supplied gasoline to Puerto Rico. Cardenas Decl, Ex. 5 (SOL 58983). | **Disputed**.<br><br>**Dispute** the Commonwealth's suggestion that Sol was ever a Shell defendant. Sol was not a Shell defendant when the Commonwealth initiated this litigation on June 12, 2007, nor has it ever been. *See supra* Shell Defendants' Response to Additional Material Facts Asserted by Commonwealth No. 2.<br><br>**Dispute** the Commonwealth's suggestion that it was not until August 16, 2012, that the Commonwealth acquired the requisite knowledge |

| ADDITIONAL MATERIAL FACTS ASSERTED BY COMMONWEALTH | SHELL DEFENDANTS' RESPONSE AND OBJECTIONS |
|---|---|
| | regarding Shell West necessary to assert claims against it. |
| 21.  Less than two months after confirming Shell West's participation, the Commonwealth sought and received permission from this Court to add additional Shell Defendants to the TAC. Cardenas Decl., Ex. 6 (Transcript of the Oct. 22, 2012 Case Management Conference), at pp. 11:1- 12:1. | **Disputed**.<br><br>**Dispute** the Commonwealth's suggestion that it was not until August 16, 2012, that the Commonwealth acquired the requisite knowledge regarding Shell West necessary to assert claims against it.<br><br>**Dispute** the Commonwealth's suggestion that it could not have sought leave to add Shell West or SIPC before 2012. |

### Facts Regarding Shell International Petroleum Company, Inc.

| ADDITIONAL MATERIAL FACTS ASSERTED BY COMMONWEALTH | SHELL DEFENDANTS' RESPONSE AND OBJECTIONS |
|---|---|
| 22.  SIPC has had very close ties to Shell business operations in Puerto Rico, including with Original Shell Defendant, SCPRL/Sol. *See, infra*, ¶¶ 23-33. | **Disputed**.<br><br>The Commonwealth's characterization of "very close ties" is a legal conclusion and does not raise triable facts relevant to Shell Defendants' Motion.<br><br>**Dispute** the Commonwealth's characterization of SCPRL/Sol as an "Original Shell Defendant." *See supra* Shell Defendants' Response to Additional Material Facts Asserted by Commonwealth No. 2.<br><br>**Object** to the Commonwealth's continued attempt to either confuse or deliberately conflate the Shell defendants and Sol. |
| 23.  From 1985 to 1995, a division of SIPC provided trading and supply services whereby it acquired gasoline from a third party and supplied that gasoline to SCPRL. *See* Reyna Decl., Ex. 7, at ¶ 7; *see also* Shell Rule 56.1 Statement, at ¶ 14. SIPC submitted a Certification on October 1987 to clarify the record and to make clear that SIPC was not actually located in or doing business within Puerto Rico. Reyna Decl., Ex. 6c, Certification of Correction, dated Oct. 23, 1987. | **Undisputed** that "from 1985 to 1995, a division of SIPC provided trading and supply services whereby it acquired gasoline from a third party and supplied that gasoline to SCPRL."<br><br>**Undisputed** that SIPC did not do business in Puerto Rico, but that fact is **irrelevant** for purposes of evaluating Defendants' motion.  The Commonwealth asserts claims against SIPC for conduct outside of Puerto Rico, notwithstanding |

| ADDITIONAL MATERIAL FACTS ASSERTED BY COMMONWEALTH | SHELL DEFENDANTS' RESPONSE AND OBJECTIONS |
|---|---|
| | the fact that SIPC has never been located in Puerto Rico and did not conduct business there. |
| 24.  SIPC was responsible for registering the Shell trademark in Puerto Rico, although it claims that it did not actually do business in Puerto Rico. *See* Shell Defendants' Rule 56.1 Statement in Support of Motion for Summary Judgment (Dkt .. 608), at ¶¶ 28-40. | **Dispute** the Commonwealth's vague characterization that "SIPC was responsible for registering the Shell trademark in Puerto Rico." <br><br> **Undisputed** that SIPC registered trademarks pertaining to the gasoline market in Puerto Rico. <br><br> **Undisputed** that SIPC did not do business in Puerto Rico, but that fact is **irrelevant** for purposes of evaluating Defendants' motion.  The Commonwealth asserts claims against SIPC for conduct outside of Puerto Rico, notwithstanding the fact that SIPC has never been located in Puerto Rico and did not conduct business there. |
| 25.  A division of SIPC entered into a Shell Retail International Franchise Agreement with original defendant SCPRL, under which the SIPC division would provide "franchise specialist advice and services ... for Shell Operating Companies throughout the world that have a Retail Business .... " Plaintiffs Rule 56.1 Statement of Undisputed Facts Regarding the Motion for Summary Judgment of the Shell Defendants, dated November 8, 2014 (Dkt. 541), at ¶ 1. | **Undisputed**, but that fact is **irrelevant** for purposes of evaluating Defendants' motion. |
| 26.  According to the agreement, SIPC's division and SCPRL agreed to comply with certain core elements as "central to the achievement of common standards throughout the [Shell global network of retail businesses] .... These ... [included]: ... (ii) [Health, Safety and Environment] core standards; and (iii) adherence to ... performance specifications for equipment and systems .... " *Id.* | **Undisputed**, but that fact is **irrelevant** for purposes of evaluating Defendants' motion. |
| 27.  SIPC' s division was required to "[p]ublish guidelines on ... [Health, Safety and Environment core standards] together with details on how to acquire the relevant specification and standards documents ... and [SCPRL] agree[d] to comply with the guidelines." *Id.* | **Undisputed**, but that fact is **irrelevant** for purposes of evaluating Defendants' motion. |
| 28.  The agreement also required SIPC's division to provide "comprehensive advice and business support for products and services" regarding "[e]ngineering design" and "[s]ite operations and | **Undisputed**, but that fact is **irrelevant** for purposes of evaluating Defendants' motion. |

| ADDITIONAL MATERIAL FACTS ASSERTED BY COMMONWEALTH | SHELL DEFENDANTS' RESPONSE AND OBJECTIONS |
|---|---|
| training" among other things. *Id* .The SIPC division's website was "the central information point for [SCPRL] and the method by which [SIPC] provide[d] information and documents, and reports .... " *Id*. | |
| 29.  SIPC approved expenditures for "major improvements to the Cataño" dock and also approved SCPRL's "proposal to increase expenditure" on that project. *Id* at ¶ 10. | **Undisputed** that the quoted language is found in the reference exhibit, but **dispute** the Commonwealth's argumentative characterization of the statements which has taken them out of context. The quoted language is **irrelevant** for purposes of evaluating the Shell Defendants' motion. |
| 30.  SIPC was not disclosed on the Shell Defendants' Corporate Disclosure filed May 1, 2009. Reyna Decl., Ex. 4 (Shell Defendants' Corporate Disclosures). | **Dispute** the Commonwealth's suggestion that SIPC was a Shell defendant in this litigation on May 1, 2009. Otherwise, **undisputed**, but this fact is **irrelevant** for purposes of evaluating Defendants' motion. |
| 31.  The Shell Defendants did not identify SIPC in any of its discovery responses. *See generally* Cardenas Decl., Ex. 3 (Shell Defendants' Objections and Responses to Plaintiff Commonwealth of Puerto Rico's First Set of Interrogatories to Defendants), at No. 5; Reyna Decl., Ex. 4 (Shell Defendants' Corporate Disclosures). | **Dispute** the Commonwealth's suggestion that SIPC was a "Shell defendant" in this litigation prior to the Commonwealth asserting claims against it in December 2012. Otherwise, **undisputed**, but this fact is **irrelevant** for purposes of evaluating Defendants' motion. |
| 32.  The Shell Defendants did not disclose any information regarding SIPC's role in the purchase, sales, supply or distribution of gasoline petroleum products in Puerto Rico from 1985 to 1995 unti12013, after the Commonwealth added SIPC to the TAC. Cardenas Decl., Ex. 7 (Responses of Shell International Petroleum Company Limited to Plaintiffs' Request for Production of Documents and Interrogatories to Certain Defendants Regarding Stations, Refineries, and Terminals), at No. 15. | **Dispute** the Commonwealth's suggestion that SIPC was a "Shell defendant" in this litigation prior to the Commonwealth asserting claims against it in December 2012. Otherwise, **undisputed**, but this fact is **irrelevant** for purposes of evaluating Defendants' motion. |
| 33.  The Shell Defendants produced Franchise Agreements on February 20, 2009 which referred to SIPC as the owner of the Shell trademark, the "SHELL" logo, the Shell red, white and yellow color scheme, etc. However, SIPC is not identified as having any role in the purchase, sales, supply, or | **Undisputed**, but that fact is **irrelevant** for purposes of evaluating Defendants' motion. |

| ADDITIONAL MATERIAL FACTS ASSERTED BY COMMONWEALTH | SHELL DEFENDANTS' RESPONSE AND OBJECTIONS |
| --- | --- |
| distribution of petroleum products in Puerto Rico. Cardenas Decl., Ex. 8 (SH-PR-SOL003649-3706). | |
| 34.  The first documents identifying SIPC as having a role in the sales, purchasing, supply or distribution of petroleum products in Puerto Rico were produced by Sol in August 2012. Cardenas Decl., Ex. 9 (SOL 66603). | **Disputed**.<br><br>There is ample evidence that the Commonwealth was provided documents and information identifying SIPC as "having a role" in the Puerto Rico gasoline market.  *See supra* Shell Defendants' Undisputed Material Fact Nos. 28-40 |
| 35.  The public documents that the Shell Defendants claim put the Commonwealth on notice of SIPC's involvement in Puerto Rico relate solely to the registration of trademarks. Reyna Decl., Exs. 6a-6j. | **Disputed**.<br><br>The trademarks pertained directly to the Puerto Rico gasoline market.  *See supra* Shell Defendants' Undisputed Material Fact Nos. 28-40 |
| 36.  The trademark registrations do not establish that SIPC was doing business in or operating in Puerto Rico. To the contrary, as the Shell Defendants point out, the certificates confirm that SIPC was arguing the exact opposite - "SIPC was not actually located in or doing business within Puerto Rico" during that time. *See* Defendants' Motion at 6. | **Undisputed** that SIPC was not operating in Puerto Rico, but that fact is **irrelevant** for purposes of evaluating Defendants' motion.  The Commonwealth asserts claims against SIPC for conduct outside of Puerto Rico, notwithstanding the fact that SIPC has never been located in Puerto Rico and did not conduct business there. |
| 37.  For the ten-year period, from 1985 until 1995, a division of SIPC known as Shell International Trading Company (SITCO) provided trading and supply services whereby it acquired gasoline from a third party and supplied that gasoline to Sol (f/k/a SCPRL)." *See* Reyna Decl., Ex. 7, at ¶ 88. | **Undisputed**. |
| 38.  These close ties included a February 1988 and a January 1, 1999 agreement between SITCO and Sol. *See* Plaintiffs Rule 56.1 Statement of Undisputed Facts Regarding the Motion for Summary Judgment of the Shell Defendants at ¶ 1 (Dkt. 541); "White Oils Agreement" at Bates range: Sol 139371 through 139382. Similarly, this long-term relationship of sustained transactions between SIPC and the early added Defendant Sol supports a finding that SIPC had a pre-existing bond that constitutes a relationship of perfect solidarity. | **Disputed**.<br><br>**Dispute** the assertion that there were "sustained transactions" between SIPC and Sol as the Commonwealth fails to cite to any evidence beyond the "White Oils Agreement."<br><br>The Commonwealth's assertion that the alleged long-term relationship of sustained transactions "supports a find that SIPC had a pre-existing bond that constitutes a relationship of perfect solidarity" is a legal conclusion and does not raise triable facts relevant to Shell Defendants' Motion. |

Dated:  July 24, 2015

By:      s/ Ruben F. Reyna
Richard E. Wallace, Jr.
Peter C. Condron
Ruben F. Reyna
SEDGWICK LLP
2900 K Street, N.W.
Harbourside, Suite 500
Washington, D.C.  20007
Telephone:  202.204.1000
Facsimile:  202.204.1001

Attorneys for Defendants:  Shell Western Supply
and Trading Limited and Shell International
Petroleum Company Limited