UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation | Master File No. 1:00 - 1898 MDL 1358 (SAS) M21-88 |
| This Document Relates To: *Commonwealth of Puerto Rico, et al. v. Shell Oil Co., et al.*, No. 07 Civ. 10470 | Civil Action |

## PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTIONS FOR RECONSIDERATION OF COURT'S ORDER RE: DESIGN DEFECT AND NEGLIGENCE, AND FOR CLARIFICATION OF THE COURT'S OPINION ON DEFENDANTS' SOPHISTICATED PURCHASER MOTION FOR SUMMARY JUDGMENT

Defendants' combined response to the Commonwealth's separate motions for clarification and for reconsideration does not address the substance of either of the Commonwealth's motions. Defendants' response instead relies upon characterizing the motions as "repetitive efforts to re-litigate this Court's rulings" and failing to meet "the standard for this Court to reconsider its decision . . . ." Response at 1. While the standards for reconsideration are indeed strict, this Court has granted reconsideration when, as here, it is presented with compelling substantive reasons for doing so. *See Abu Dhabi Commercial Bank v. Morgan Stanley & Co., Inc.*, 888 F. Supp.2d 478, 482, 487 (S.D. N.Y. 2012) (granting reconsideration based upon overlooked evidence). Defendants' failure to answer the substance of the Commonwealth's motions is not simply an oversight - defendants have no substantive response and the motion should be granted.

1

I.   **Motion For Clarification**

The Commonwealth's motion for clarification noted that the Court had granted defendants' summary judgment motion based on the sophisticated purchaser defense at one site and denied the motion at other sites.  Motion at 1-2.  The Commonwealth's motion sought clarification as to how the ruling would apply to two groups of defendants – (i) Hess Oil Virgin Islands Corporation (HOVIC) an HOVENSA LLC (Hess) and (ii) Chevron Phillips Chemical Puerto Rico Core LLC and Conoco Phillips Company (Core) - who were not directly affiliated with specific sites and not separately addressed in the Court's sophisticated purchaser opinion.  Motion at 1.  This is appropriate for a motion for clarification.[1]

The Commonwealth's motion quoted the Court's statements at the pre-motion status conference that:  "If C [the end user] is the local operator, B has an obligation [to warn].  That's it. . . . you can't rely on the intermediary if you know the intermediary is not giving warnings."  Transcript of Status Conference (July 15, 2014), at 71:14-25 (Exhibit 18 to the Declaration of Steven Dillard in Support of Sophisticated Purchaser Motion) (cited in Motion to Clarify at 2).  Defendants' response does not address, or even mention, these statements by the Court (which are consistent with the well established authority cited in the Commonwealth's opposition to defendants' motion).  Defendants' response also does not address, much less deny, the Commonwealth's observation that neither CORE nor Hess provided a shred of evidence (much less legally conclusive evidence) that they had satisfied the duty identified by the Court.

---

[1]  Defendants cite to *In Re MTBE,* 593 F. Supp. 2d 549, 569 (S.D. N.Y. 2008) for the proposition that "there is no rule that fits Plaintiffs' petition."  Response at 7, n. 9.  That is not accurate.  The cited discussion noted that Local Rule 6.3 did not provide for clarification, but went on to state: "[FRCP] Rule 60(a) 'permits the correction not only of clerical mistakes, but also of inadvertent errors arising from oversight or omission.'" *Id.* (quoting *In Re Marc Rich & Co. v. United States,* 739 F.2d 834, 836 (2d Cir. 1984)

Defendants' response also does not address, or even mention, the statements in the Court's opinion on summary judgment that: "As noted earlier, the Commonwealth may pursue its failure-to-warn claims against most of the Sophisticated Purchasers. However, the Sophisticated Purchaser Defendants cannot be held liable for failing to warn equally sophisticated entities about dangers already known to them." Slip Op. at 22 (cited in Motion to Clarify at 2). As with the Court's statements at the pre-motion conference, defendants' response simply ignores this statement in the Court's opinion.

The Court's opinion describes the sophisticated purchaser motion as being based upon "the much narrower grounds that [the sophisticated purchaser defendants] had no duty to warn their customers, which were exclusively major oil companies, of risks about which those companies were already aware." Opinion at 2. If the Court intended its ruling to apply to these narrower facts only, and not to failure to warn claims based upon the separate duty to insure that intermediaries are themselves giving warnings, the Commonwealth respectfully submits that clarification of the point pursuant to Rule 60(a) would be helpful to the parties going forward.

Defendants' response asserts that the Court's ruling "left no doubt that the CORE and Hovensa [Hess] Defendants were granted summary judgment on failure-to-warn claims on the basis of the 'sophisticated purchaser' doctrine" (Response at 1), but notably fails to cite *any* part of the Court's opinion that specifically addresses the applicability of the sophisticated purchaser defense to CORE or Hess.

Since CORE and Hess are not at all like the defendant for whom the Court *did* expressly grant summary judgment (Chevron Puerto Rico), the Commonwealth logically assumed (and still does assume) that CORE and Hess are among "most of the Sophisticated Purchasers" against

3

whom "the Commonwealth may pursue its failure to warn claim." Slip Op. at 22. In what is perhaps an excess of caution, however, the Commonwealth sought clarification on this point. Defendants' bald assertion that the Court's opinion "unambiguously" ruled against the Commonwealth, with no citation to any specific ruling to that effect in the Court's opinion, is both conclusory and incorrect.2

## II.   Motion For Reconsideration

Defendants' response to the Commonwealth's motion for reconsideration is equally conclusory and incorrect. Defendants understandably discuss at length the difficult burden the Commonwealth faces in seeking reconsideration. As the Commonwealth noted in its motion, it is aware of this difficult burden and did not file the motion lightly.3 In this instance, however, two of the acceptable grounds for reconsideration are clearly present. As with the motion for clarification, the fact that defendants do not address the substance of the grounds for reconsideration given in the Commonwealth's motion is revealing as to the lack of merit in defendants' opposition.

As the motion pointed out, the Commonwealth was not given the opportunity to address portions of Mr. O'Brien's expert report submitted to the Court after briefing was concluded and cited in the Court's opinion. In those portions of Mr. O'Brien's report Mr. O'Brien conceded that a number of refiners who "routinely supplied gasoline to the island" did not utilize MTBE. Mtn.

---

2 Again, if the Court's ruling addressed only whether manufacturers had a duty to warn sophisticated purchasers, and not whether manufacturers had a separate duty to insure that sophisticated purchasers warned downstream users, clarification on that point would assist the parties going forward.

3 The Commonwealth, for example, is not seeking reconsideration of the Court's decision not to apply the consumer expectation test, although the Commonwealth respectfully disagrees that the Court's opinion on this point. The Commonwealth does not, by seeking clarification and reconsideration of certain aspects of the Court's ruling, waive its right to challenge other aspects of the ruling in any appeal.

for Reconsideration at 5-6. This evidence demonstrates that Mr. O'Brien did not conclude that MTBE was the only viable alternative for gasoline supplied to Puerto Rico.[4] In fact, *no* defense expert testified that MTBE was the only viable alternative for gasoline supplied to Puerto Rico.

In contrast, the Commonwealth submitted substantial evidence that it was both practical and feasible to manufacture and supply adequate quantities of non-MTBE gasoline to Puerto Rico, and that such gasoline was in wide commercial distribution during the relevant time period. Defendants' only response to the Commonwealth's evidence that gasoline with MTBE was the exception, rather than the rule, in Puerto Rico is to point out all gasoline manufactured at a single refinery – the Core facility – contained MTBE during certain years. Response at 3, n. 3. Defendants do not discuss the evidence of other refineries producing non-MTBE gasoline and this evidence also was not addressed in the Court's opinion. Reconsideration is appropriate in such circumstances. *See Abu Dhabai, supra,* 888 F. Supp.2d at 487.

The Commonwealth is not suggesting that there was anything improper about the Court asking to see the full report after briefing was concluded, or citing to a portion of the report not cited to or submitted by defendants during briefing. Rather, fairness dictates that the Commonwealth be provided an opportunity to address the portion of the Report submitted after the close of briefing if the Court is going to rely on that portion in its ruling.

Defendants offer no explanation or additional evidence to show that any other expert or witness addressed or analyzed the feasibility of alternatives other than at the Core facility. Instead, defendants wrongly assert that the Commonwealth must "identify and introduce evidence

---

[4] Exhibit B to Defendants' response lists the documents for which the Court requested complete copies. Complete copies of those documents were provided to the Court by the parties but not filed with the Clerk. The Commonwealth will meet and confer with defendants as to the most efficient method of getting these documents on file.

of a specific safer, feasible alternative (*e.g.* gasoline with ethanol, toluene, xylene, DIPE, etc.) to rebut defendants' evidence . . ." Response at 4. This is contrary to this Court's ruling that defendants, not the Commonwealth, have the burden "'to establish, in light of the relevant factors, that, on balance, the benefits of the challenged design outweigh the risk of danger inherent in such design.'" *In re MTBE, supra*, 2015 WL 3763645 at *5 (quoting *Barker v. Lull Engineering Co.*, 573 P.2d 443, 455 (Cal. 1978)).[5]

With respect to the Core facility, defendants also ignore the extensive evidence that, although Core produced a lot of gasoline with MTBE, it *could have* feasibly produced gasoline without MTBE, or simply not produce gasoline at all, since Core's own witnesses testified that the Core facility "*only* produced gasoline as an efficient and economical method *to dispose of material that it could not convert into its slate of higher value petrochemical products*." Stern Report, ¶ 14 (emphasis added). *See also* Stern Report, ¶ 135. Defendants admitted that the Core facility continued to make regular grade gasoline after it ceased using MTBE. *See, e.g.,* Declaration of Michael Dillon In Support Of Certain Defendants' Motion For Summary Judgment On Counts I And IV, Ex. 1, Burke Depo. at pp. 183 – 185.

Mr. Burke testified that, rather than making gasoline with the lower octane materials produced at the Core facility by adding MTBE, Core could have sold these materials into the regional market for unfinished blendstock. *Id.* at p. 182. Again, defendants' response simply

---

[5] Defendants themselves argued that they should be granted summary judgment on causation because "not all gasoline in Puerto Rico contained MTBE." Defendants' Rule 56.1 Statement in Support of Certain Defendants' Motion for Summary Judgment for Lack of Causation at § II, ¶ 5-9. Defendants cannot genuinely assert that there was no viable alternative to MTBE for gasoline supplied to Puerto Rico when they have already conceded that non-MTBE gasoline was, in fact, supplied to Puerto Rico.

ignores this evidence. At a minimum, the Commonwealth's evidence with respect to the Core facility raises disputed issues of fact as to whether there were feasible alternatives to producing MTBE gasoline at the facility.

## CONCLUSION

For the above reasons, the Commonwealth of Puerto Rico respectfully requests that the Court grant the Commonwealth's motion for clarification and its motion for reconsideration.

DATED: July 23, 2015.                    Respectfully submitted,

By: _____
Michael Axline
Counsel for the Commonwealth

**PROOF OF SERVICE VIA LEXISNEXIS FILE & SERVE**

*Commonwealth of Puerto Rico, et al. v. Shell Oil Co., et al.*, United States District Court, Southern District of New York Case No. No. 07 Civ. 10470 (SAS)

    I, the undersigned, declare that I am, and was at the time of service of the paper(s) herein referred to, over the age of 18 years and not a party to this action. My business address is 1050 Fulton Avenue, Suite 100, Sacramento, CA 95825-4225.

    On the date below, I served the following document on all counsel in this action electronically through LexisNexis File & Serve:

**PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTIONS FOR RECONSIDERATION OF COURT'S ORDER RE: DESIGN DEFECT AND NEGLIGENCE, AND FOR CLARIFICATION OF THE COURT'S OPINION ON DEFENDANTS' SOPHISTICATED PURCHASER MOTION FOR SUMMARY JUDGMENT**
[CORRECTED TO ADD MISSING LINE IN LAST PARAGRAPH ON PAGE 4]

    I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

    Executed on July 27, 2015, at Sacramento, California.

*Kathy Herron*
KATHY HERRON