Scheindlin, S.

```
┌─────────────────────────────┐
│ USDC SDNY                   │
│ DOCUMENT                    │
│ ELECTRONICALLY FILED        │
│ DOC #: _____        │
│ DATE FILED:  8/6/15         │
└─────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation This document pertains to: *Commonwealth of Puerto Rico, et al. v. Shell Oil Co., et al., No. 14-CV-1014-SAS* | MDL 1358 (SAS) Master File No. 1:00-1898 (SAS) M21-88 |

## NOTICE OF VOLUNTARY DISMISSAL OF COLONIAL GROUP, INC., WITHOUT PREJUDICE UNDER FED. R. CIV. P. 41(a)(1) AND JOINT STIPULATION AS TO COLONIAL OIL INDUSTRIES, INC. AND COLONIAL GROUP, INC.

**TO THE HONORABLE COURT:**

WHEREAS, on January 30, 2014, Plaintiff, the Commonwealth of Puerto Rico and Commonwealth of Puerto Rico through the Environmental Quality Board ("Plaintiff"), served Colonial Oil Industries, Inc., ("COI"), Colonial Caribbean, Inc. ("CCI") and Colonial Group, Inc., ("CGI") with the First Amended Complaint in the case styled *Commonwealth of Puerto Rico, et al. v. Shell Oil Company, et al.,* USDC-PR 13-CV-01678 (CCC), filed in the U.S. District Court for the District of Puerto Rico on September 4, 2013, and transferred to MDL 1358 in the Southern District of New York, USDC-SDNY 14-CV-01014 (SAS) ("Action");

WHEREAS, COI and CGI believe the Court lacks personal jurisdiction over them in connection with the Action;

WHEREAS, Francis A. Brown, Vice President, Finance for both COI and CGI, executed a Declaration on July 2, 2015 ("Brown Declaration") setting forth the evidence that COI and CGI would cite in a Fed. R. Civ. P. 12 motion to dismiss for lack of personal jurisdiction;

WHEREAS, Plaintiff provided evidence to COI counsel that Plaintiff would cite in opposing a motion by COI to dismiss based on lack of personal jurisdiction;

12193269v3

WHEREAS, Plaintiff is willing to voluntarily dismiss only CGI without prejudice and with leave to re-name CGI in this case if Plaintiff determines that further evidence gathered in discovery and investigation of this case provides a basis for naming and reinstating CGI, so long as doing so would not give CGI a statute of limitations defense beyond any such defense that existed at the time of filing of the original Complaint or the filing of the First Amended Complaint, as applicable;

WHEREAS, Plaintiff disagrees with COI's belief that it is not subject to personal jurisdiction and the issue of personal jurisdiction over COI may yet have to be decided by the Court;

WHEREAS, CGI believes it has a meritorious statute of limitations defense and wishes to preserve the status of any statute of limitations defense as it currently exists if CGI is voluntarily dismissed but then reinstated again as a defendant;

NOW, THEREFORE, IT IS HEREBY NOTICED THAT CGI is dismissed, without prejudice, pursuant to FED. R. CIV. P. 41(a)(1); and

IT IS HEREBY STIPULATED AND AGREED by and amongst Plaintiff and COI and CGI as follows:

1.      Plaintiff shall have the right to reinstate the Action against CGI if any of the statements made in the Brown Declaration prove to be untrue in a material way. Notwithstanding the foregoing, Plaintiff's claims cannot be reinstated against CGI at any time after all claims made in the Action against CCI and COI are resolved by settlement, summary judgment, or trial;

2.      CGI agrees to waive all timeliness defenses, including, but not limited to, prescription, statute of limitations, repose, laches, estoppel, or waiver defenses (including res

2

judicata or issue preclusion), that it may have as a result of this voluntary dismissal of the claims included in the First Amended Complaint in the Action, to the extent such timeliness defenses did not exist as of the filing of the original Complaint or the First Amended Complaint, as applicable, in the event of the following:

    a.    Plaintiff finds any evidence that CGI has imported, refined, or distributed MTBE or gasoline in Puerto Rico, and/or sold MTBE and/or gasoline where MTBE was detected/detectable in Puerto Rico; or

    b.    Plaintiff finds any evidence that CGI is responsible for contamination of the waters of the Commonwealth of Puerto Rico by MTBE; and

    c.    The claims made in the Action against CCI and COI are not resolved by settlement, summary judgment or trial.

3.    This Notice of Voluntary Dismissal and Joint Stipulation is not intended to and does not affect any claims by or against any parties other than Plaintiff, COI and CGI.

4.    If COI's Answer asserts the affirmative defense that the Court lacks personal jurisdiction over it, Plaintiff agrees not to assert timeliness or waiver arguments against that defense in any opposition to a motion to dismiss, summary judgment motion or other motion that argues that COI is not subject to personal jurisdiction by the Court.

5.    This Notice of Voluntary Dismissal and Joint Stipulation is not intended to and does not waive any additional defenses not waived in paragraph 2, above, that CGI may have in case the Action is reinstated in accordance with paragraphs 1 and 2 above.

6.    Plaintiff and CGI agree that the covenants under this Notice of Voluntary Dismissal and Joint Stipulation constitute adequate and sufficient consideration.

7.       This Notice of Voluntary Dismissal and Joint Stipulation contains the entire agreement between Plaintiff and COI and CGI and no statements, promises, or conditions made by any party or agent of any party to this Notice of Voluntary Dismissal and Joint Stipulation that is not contained herein shall be valid or binding.

8.       This Notice of Voluntary Dismissal and Joint Stipulation may not be modified except by written agreement signed by Plaintiff and COI and CGI.

9.       This Notice of Voluntary Dismissal and Joint Stipulation shall be governed by the laws of the Commonwealth of Puerto Rico.

The undersigned representatives of Plaintiff, COI and CGI certify that they are fully authorized to enter into the terms and conditions of this Notice of Voluntary Dismissal and Joint Stipulation, and to execute and bind such parties to this Notice of Voluntary Dismissal and Joint Stipulation.

4

12193269v3

Dated: August 5, 2015

By: _____

**LITTLETON JOYCE UGHETTA**
**PARK & KELLY LLP**
Robert D. Wilson, Jr., Esq.
4 Manhattanville Road, Suite 202
Purchase, NY 10577
Telephone:  914-417-3400
Facsimile: 914-417-3401
robert.wilson@littletonjoyce.com
and
**BOWMAN AND BROOKE LLP**
David N. Lutz, Esq.
Theodore Dorenkamp, Esq.
150 South Fifth Street, Suite 3000
Minneapolis, Minnesota 55406
david.lutz@bowmanandbrooke.com
ted.dorenkamp@bowmanandbrooke.com
Telephone: (612) 339-8682
Facsimile: (612) 672-3200
*Attorneys      for      COLONIAL      OIL*
*INDUSTRIES,  INC.  AND  COLONIAL*
*GROUP, INC.*

August 4, 2015
By: _____

Daniel Boone, Esq.
Miller & Axline, A Professional
Corporation
1050 Fulton Avenue, Suite 100
Sacramento, CA 95825-4225
Tel. (916) 488-6688
Fax (916) 488-4288
*Attorney for Plaintiff*

## SO ORDERED:

_____
**U.S.D.J.**

tm    8/6/15

5

12193269v3