# McDermott Will & Emery

Boston Brussels Chicago Düsseldorf Frankfurt Houston London Los Angeles Miami
Milan Munich New York Orange County Paris Rome Seoul Silicon Valley Washington, D.C.

Strategic alliance with MWE China Law Offices (Shanghai)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/27/15

Stephen J. Riccardulli
Attorney at Law
sriccardulli@mwe.com
+1 212 547 5579

*[Handwritten order:]* Defendant's request is granted in part and denied in part. Defendants' opposition to the Motion for Consolidation is due 9/16/15. Defendants' reply in support of the Motion to Dismiss Island-wide Claims and Relief is still due 9/2/15.

SO ORDERED.

8/27/15  /s/ Shira A. Scheindlin, USDJ

August 27, 2015

BY HAND DELIVERY AND ELECTRONIC MAIL

The Honorable Shira A. Scheindlin
United States District Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 1620
New York, New York 10007-1312

Re: Master File C.A. No. 1:00-1898 (SAS), M21-88, MDL No. 1358
*Commonwealth of Puerto Rico, et al. v. Shell Oil Co., et al.*, No. 07-cv-10470
*Commonwealth of Puerto Rico, et al. v. Shell Oil Co., et al.*, No. 14-cv-01014

Dear Judge Scheindlin:

I am writing in connection with the Puerto Rico Plaintiffs' motion to consolidate the above-referenced *Puerto Rico* actions. Consistent with the Court's guidance, Defendants requested that Plaintiffs withdraw their Motion to Consolidate – as suggested by the Court at the August 20, 2015 status conference – to provide the parties with an opportunity to meet-and-confer. Although Plaintiffs have not agreed to withdraw the motion, they have agreed to extend Defendants' time to respond to the pending Motion for Consolidation and Defendants' reply in support of Defendants' pending Motion to Dismiss Island-Wide Claims and Relief (because Plaintiffs' Opposition to that Motion incorporates their petition for consolidation). Therefore, Defendants request a two-week extension – to September 16 – for Defendants' deadline to submit our briefs (if needed) on these matters. This will permit time for the parties to confer regarding the issues raised by a possible consolidation.

As I informed the Court during the August 20 status conference, Defendants believe there are potential problems with consolidation.[1] Because consolidation may not be used to secure an

---

[1] Because of the limited agenda, Defendants did not anticipate that Plaintiffs' motion to consolidate, which was filed the day before the status conference, would be discussed. While the issue of consolidation has been the subject of significant discussion between the parties, I was not directly involved in those exchanges. Thus, while I was able to highlight certain of the concerns presented by Plaintiffs' motion, there are other issues (set forth below) we will need to discuss with Plaintiffs concerning consolidation.

U.S. practice conducted through McDermott Will & Emery LLP.

340 Madison Avenue New York New York 10173-1922 Telephone: +1 212 547 5400 Facsimile: +1 212 547 5444 www.mwe.com

The Honorable Shira A. Scheindlin
August 27, 2015
Page 2

advantage to which a party would not be entitled without consolidation, Defendants intend to explore with Plaintiffs their willingness to agree to the following limitations as a condition to consolidation:

1. Whether consolidation is more appropriately considered after the Court decides Defendants' summary judgment motion on limitations grounds (in *Puerto Rico I*), which may provide the parties guidance on which sites and/or Defendants will actually remain in the cases(s);

2. That all case management rulings, orders, and opinions, and other guidance issued by the Court in *Puerto Rico I* will represent the "law of the case" and be applied with equal force to the parties and sites identified in *Puerto Rico II*;

3. That the filing date for statute of limitation purposes for sites in *Puerto Rico II* is the date the *Puerto Rico II* action was filed;

4. That all remaining discovery will be solely site-specific, given that non-site specific discovery has closed (but to the extent that island-wide and general liability claims move forward against newly-added *Puerto Rico II* Defendants, these Defendants retain the right to discovery, as necessary, to preserve and present their defenses);

5. That there will be no new expert opinions/testimony, except for site-specific issues;

6. That all dismissals in *Puerto Rico I* apply to the consolidated actions, and Plaintiffs may only proceed with claims against previously dismissed Defendants (to the extent they survive dispositive motions), that arose after the prior dismissals and were/are not already included in *Puerto Rico I* (for example, in avoidance of confusion, no previously dismissed Defendant is subject to non-site specific island-wide claims);

7. That island-wide claims will only be maintained against the Defendants that remain in *Puerto Rico I* when the island-wide claims go to trial;

8. That site-specific discovery for sites named in *Puerto Rico II* is abated until after the first trial in *Puerto Rico I* and will then proceed in accordance with the procedures for further site-specific discovery for sites named in *Puerto Rico I*; and

9. That no Defendant named only in *Puerto Rico II* will be subject to site-specific claims asserted in *Puerto Rico I*. Accordingly, the sites named in *Puerto Rico II* will be tried separately from the sites in *Puerto Rico I*.

The Honorable Shira A. Scheindlin
August 27, 2015
Page 3

       Thus, based on the above, Defendants respectfully request a suspension of our current briefing deadlines (until September 16) to continue to meet-and-confer with Plaintiffs regarding consolidation, to attempt to narrow the disputed issues and limit any necessary briefing.[2]

Respectfully submitted,

*Stephen J. Riccardulli*

Stephen J. Riccardulli

cc: All counsel of record (via e-mail and LNFS)

---

[2] As noted in Defendants' opening brief on the *Puerto Rico II* motion to dismiss island-wide claims and relief, certain Defendants anticipate filing summary judgment motions based on the statute of limitations when the timing for such motions is appropriate. *See* Case No. 14-cv-01014, Dkt. # 144, at 11 n.9.