UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE METHYL TERTIARY BUTYL ETHER ("MTBE") PRODUCTS LIABILITY LITIGATION | Master File No. 1:00-1898<br>MDL 1358 (SAS) M21-88 |
| This document relates to:<br><br>*Commonwealth of Pennsylvania, et al. v. Exxon Mobil Corporation, et al.*, Case No. 1:14-cv-06228 SAS | |



SHIRA A. SCHEINDLIN, U.S.D.J.

### [PROPOSED] CASE MANAGEMENT ORDER NO. 119

This Case Management Order ("CMO") defines the scope of initial disclosures in the above-captioned case (hereinafter the "*Pennsylvania case*"). Additional discovery will be addressed in subsequent CMOs.

**I.   IDENTIFICATION OF COVERED PERSONS**

By June 5, 2015, parties who have not yet done so in MDL 1358 shall identify "covered persons" in accordance with Sections 2(b) and 2(c) of the Court's 2005 Order for Preservation of Documents. Any parties added subsequent to the date of this Order shall identify "covered persons" within sixty (60) days from the later of the defendant's answer date or, as applicable, a decision on the defendant's motion to dismiss.

**II.   INITIAL DISCLOSURES BY PLAINTIFF:**

A.   By December 31, 2015, Plaintiff shall identify every "release site" (by name, address and site identification number) reported to the Commonwealth or which the Commonwealth discovered through its own investigation at which Plaintiff contends neat MTBE or gasoline with MTBE was released. Plaintiff shall not limit its responses to

information contained in readily accessible electronic data (as defined below).  Also by December 31, 2015, for each such site, Plaintiff shall (1) identify the maximum MTBE detection in groundwater and the date of such detection, and (2) identify by bates number the most recent report in which the detection appears.  Plaintiff shall provide the information described in this paragraph on a rolling basis.

B. Within one week from the entry of this CMO, Plaintiff shall produce to Defendants any and all readily accessible electronic data (*i.e.*, databases or other files created for the purpose of centralizing or aggregating storage of information) in their possession, custody or control, or in the possession, custody or control of any agency or department of the Commonwealth, regarding the following:

1. The presence and concentration of MTBE or TBA in any public water supply wells in Pennsylvania, including, but not limited to, any detections reported in any Safe Drinking Water Information System (SDWIS) database;

2. The presence and concentration of MTBE or TBA in any groundwater or surface waters in Pennsylvania;

3. The presence and concentration of MTBE or TBA in any private water supply well(s) or potable spring(s) in Pennsylvania, including, but not limited to, data (if any) in the Commonwealth's possession compiled by Bucks, Chester, Delaware, Montgomery and Philadelphia Counties (and all other counties which may also compile such data);

4. The payment of public funds for the investigation, removal, remediation, monitoring or treatment of MTBE or TBA in Pennsylvania (to the extent that data related to the payment of public funds is not maintained so as to identify MTBE and/or TBA, Plaintiff shall produce such data for reformulated gasoline or gasoline containing MTBE);

5. The amount of public funds used to pay for the remediation, cleanup or treatment of MTBE or TBA in Pennsylvania, the locations at which such public funds were expended, and any costs, damages or injury allegedly sustained by Plaintiff as a result of the presence of MTBE or TBA in Pennsylvania (to the extent that data

2

        related to the expenditure of public funds is not maintained so as to identify MTBE and/or TBA, Plaintiff shall produce such data for reformulated gasoline or gasoline containing MTBE);

    6.     The concentration of gasoline constituents in groundwater at any release site identified in response to Section II.A above including, but not limited to, MTBE or TBA; and

C.     To the extent not already produced, within one week of the entry of this CMO, Plaintiff shall produce readily accessible electronic data (to the extent so maintained by the Commonwealth) regarding the following:

    1.     The location and ownership interest, including leases, that the Commonwealth, including any agency or department thereof, has or had in any underground storage tank which stored gasoline and any terminal or refinery which was engaged in the refining, distribution, storage or sale of neat MTBE, reformulated gasoline, or gasoline containing MTBE;

    2.     The location and ownership interest, including leases, that the Commonwealth, including any agency or department thereof, has or had in any pipeline or delivery system (*e.g.,* railcar, barge, tanker or tank truck) engaged in the delivery of neat MTBE, reformulated gasoline, or gasoline containing MTBE for distribution or sale in Pennsylvania;

    3.     The identity of parties with whom the Commonwealth, including any agency or department thereof, had supply contracts to deliver gasoline containing MTBE, reformulated gasoline, or neat MTBE to Pennsylvania, including exclusive supply contracts, and contracts with delivery services, franchisees, lessees, lessors, jobbers, common carriers (including, but not limited to, pipelines), distributors, terminals, other refiners, or any other entities;

    4.     The locations, dates, volumes, sources and causes of any releases of gasoline containing MTBE, reformulated gasoline, or neat MTBE, by the Commonwealth, including any agency or department thereof, into soil, ground water or surface water within Pennsylvania; and

    5.     Any site remediation reports related to releases of MTBE, reformulated gasoline, or gasoline containing MTBE at sites that are or were owned and/or operated by the Commonwealth, including any agency or department thereof, at the time of release

3

and where such releases caused MTBE impacts to soils and/or groundwater.

D. Production of readily accessible electronic data as described in this Section shall be made on a "rolling" or continuing basis starting no later than May 29, 2015.

E. If any of the foregoing electronic data or files also contains data or information about chemicals or substances other than MTBE, such data or information shall be produced and not withheld or redacted.

F. For each site that Plaintiff does or may contend is implicated in this matter, Plaintiff shall produce to Defendants all site files from the Underground Storage Tank Indemnity Fund (USTIF) on a rolling basis, as the documents are processed and reviewed for privilege, with such production completed by December 31, 2015. Defendants will not unreasonably object should a short extension be necessary to complete production due to circumstances not foreseen at the time of the CMO.

## III. INITIAL DISCLOSURES BY DEFENDANTS

A. By December 31, 2015, each Defendant shall identify every "release site" (by name, address and, if applicable, site identification number) where that Defendant's records and/or the records of its environmental consultant in Defendant's possession, report, indicate or show a release of MTBE or a detection of MTBE. Defendants shall not limit their responses to information contained in readily accessible electronic data (as defined above).

B. Within one week of the entry of this CMO, each Defendant shall produce to Plaintiff any and all readily accessible electronic data (*i.e.*, databases or other files

created for the purpose of centralizing or aggregating storage of information) in its possession, custody or control regarding the following:

1. The location and ownership interest, including leases, that responding Defendant has or had in any service station, underground storage tank system ("USTs") motor fuel terminal or refinery in Pennsylvania which was engaged in the refining, distribution, storage or sale of neat MTBE, reformulated gasoline, or gasoline containing MTBE;

2. The location and ownership interest, including leases, that responding Defendant has or had in any pipeline or delivery system (*e.g.,* railcar, barge, tanker or tank truck) engaged in the delivery of neat MTBE, reformulated gasoline, or gasoline containing MTBE for distribution or sale in Pennsylvania;

3. The identity of parties with whom the responding Defendants had supply contracts to deliver gasoline containing MTBE, reformulated gasoline, or neat MTBE to Pennsylvania, including exclusive supply contracts, and contracts with delivery services, franchisees, lessees, lessors, jobbers, common carriers (including, but not limited to, pipelines), distributors, terminals, other refiners, or any other entities;

4. The name, grade, product codes, blend information and other identifying information for gasoline containing MTBE, reformulated gasoline, or neat MTBE that was distributed by the responding Defendant in Pennsylvania;

5. The location, dates, volumes, sources and causes of any releases of gasoline containing MTBE, reformulated gasoline, or neat MTBE, by Defendant, into soil, ground water or surface water within Pennsylvania;

6. Any site remediation reports related to releases of MTBE, reformulated gasoline, or gasoline containing MTBE at sites that are or were owned and/or operated by the responding Defendants at the time of release and where such releases caused MTBE impacts to soils and/or groundwater;

7. The volumes of neat MTBE, reformulated gasoline, and gasoline containing MTBE that the responding Defendant refined, distributed, stored, blended, supplied to or sold in the Commonwealth of Pennsylvania; and

8. Lists of Pennsylvania MTBE release sites.

5

C.   On June 9, 2015, Plaintiff provided Defendants with a list of sites at which Plaintiff contends gasoline was released.  By August 30, 2015, each Defendant shall produce to Plaintiff any and all readily accessible electronic data (*i.e.*, databases or other files created for the purpose of centralizing or aggregating storage of information) in its possession, custody or control regarding licensing, branding, and franchise agreements for gasoline sales in Pennsylvania for every site (by name, address and site identification number) within the Commonwealth at which Plaintiff contends gasoline was released.

D.   Plaintiff intends to serve subpoenas on Defendants' current or former environmental consultants to obtain readily available electronic data concerning: (1) concentrations of MTBE and/or BTEX in soil and groundwater at release sites, and (2) consulting reports regarding release sites.  Plaintiff will provide Defendants with advance notice of such subpoenas as required by Federal Rule of Civil Procedure 45(D)(4).  Upon receiving such notice, each Defendant agrees to inform the subpoenaed consultant that it does not object to the consultant producing responsive, non-privileged documents and expects the consultant to comply with its obligations under by Federal Rule of Civil Procedure 45.

E.   The parties have met and conferred regarding the content of CMO 4.III.B.2 declarations as applied to the *Pennsylvania* action.  The revised CMO 4 is incorporated herein and attached at Exhibit A.  Those Defendants who previously have served CMO 4 declarations in an MDL 1358 case will provide initial, non-final responses to the CMO 4 categories by November 1, 2015.  Those Defendants who are newly named in MDL 1358 will provide initial, non-final responses to the CMO 4 categories by December 1, 2015.  Thereafter, all Defendants will serve final, signed CMO 4

declarations by December 31, 2015. Defendants may supplement and/or amend information between the date of their initial responses and December 31, 2015.

## IV. ELECTRONIC LOOSE FILES

A. With respect to the readily accessible electronic data to be produced pursuant to Parts II and III of this Order, the parties need not produce Electronic Loose Files ("ELF"). This subsection shall not affect Plaintiff's obligation under Section II.A (regarding production of hyperlinked documents).

B. For purposes of this Order, ELF includes any electronic files that do not consist of files or data from systems created to centralize or aggregate storage of a party's information (*i.e.* databases). Discrete word processed documents (*e.g.* memoranda, correspondence), PDFs, images, emails and their attachments, and the like are considered ELF.

## V. OTHER DISCOVERY PERMITTED

The parties may engage in written discovery, subject to any and all appropriate objections, as to the following:

A. Non-Site-Specific Discovery on Damages Plaintiff alleges;

B. General liability;

C. Defendants' affirmative defenses; and

D. Identification of additional defendants.

## VI. FUTURE DISCOVERY

The parties shall meet and confer after December 31, 2015 to discuss:

A. The timing for completion of the production of electronic files that are not readily available pursuant to Parts II and III, and any further discovery the parties

7

propose, taking account of the electronic data the parties produce pursuant to sections II and III of this CMO;

      B.    Production of paper or non-electronic site remediation files; and

      C.    Methods for management of future discovery.

SO ORDERED

_____
Shira A. Scheindlin
U.S.D.J.

DATED: New York, New York
          September 8, 2015

EXHIBIT A to CMO No. ____

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **IN RE: METHYL TERTIARY BUTYL ETHER ("MTBE") PRODUCTS LIABILITY LITIGATION**<br><br>**This document relates to:**<br><br>*Commonwealth of Pennsylvania, etc. v. Exxon Mobil Corporation, el al*, No. 1:14-cv-06228-SAS | **Master File No. 1:00-1898**<br>**MDL 1358 (SAS)**<br>**M21-88** |

## CMO 4(III)(B)(2) DECLARATIONS BY DEFENDANTS

(a)     Except as otherwise indicated below, on or before December 31, 2015, each defendant shall provide declarations, applicable to *Commonwealth of Pennsylvania, et al. v. Exxon Mobil Corporation, et al.*, 14 Civ. 6228 (from 1979-present), based upon all non-privileged information, including documents, within the possession, custody or control of a defendant and retrievable through reasonable effort. The declarations shall identify databases and categories of documents that were used to gather the information contained in the declarations. For purposes of this Order, the Relevant Geographic Area is the Commonwealth of Pennsylvania. The declarations shall contain the following information:

     i.    defendants will identify wholesalers and jobbers supplied by them that provide gasoline containing MTBE within the Relevant Geographic Area;

     ii.    manufacturers of neat MTBE and/or TBA will disclose how and where it is made;

     iii.    manufacturers of neat MTBE and/or TBA will identify each refiner to whom it has sold or delivered neat MTBE and/or TBA, during the relevant time period, that may have been added to gasoline for delivery in the Relevant Geographic Area;

     iv.    each refiner will provide a history of ownership, during the relevant time period, including changes in corporate structure, of each refinery it owns or has owned that serve(d) the Relevant Geographical Area;

**EXHIBIT A to CMO No. \_\_\_\_**

    v.    each refiner will disclose the date it first blended MTBE and/or TBA into gasoline for deliveries to terminals that supplied the Relevant Geographical Area;

    vi.    each refiner shall describe the records, which include the name, contents and location of records, including electronically stored records, that record the batch number for batches of gasoline delivered from defendants' refineries to terminals in the Relevant Geographical Areas;

    vii.    for each petroleum product containing MTBE refined and/or marketed by the defendant into the Relevant Geographical Area, the Defendant shall disclose the name and grade (if applicable) of the product, the product and product code;

    viii.    each refiner will disclose the date it last blended MTBE and/or TBA into gasoline for deliveries into the Relevant Geographical Area; and

    ix.    each defendant will respond to the seven categories identified by Judge Scheindlin in her Order to Marathon Ashland Petroleum, LLC, dated June 22, 2004, and reproduced below, as that information pertains to Pennsylvania during the relevant time period.

MARATHON ASHLAND ORDER CATEGORIES

    1)    all locations, by city in Pennsylvania, in which defendant directly sells or markets gasoline;

    2)    all locations, by city and state, in which defendant owns or operates refineries that serve(d) the Relevant Geographic Area;

    3)    all routes along which defendant owns or operates gasoline pipelines, terminals, or other distribution facilities that serve(d)/deliver(ed) gasoline to the Relevant Geographic Area; Indicate, by city and state, any and all primary origin points, secondary origin points, ending points, and breakout terminals along the routes;

    4)    all routes along which defendant ships gasoline through a common carrier pipeline that serve(d)/deliver(ed) gasoline to the Relevant

**EXHIBIT A to CMO No. \_\_\_**

      Geographic Area; Indicate, by city and state, any and all primary and secondary origin points where defendant inputs gasoline, and any and all ending points, breakout terminals, and off-take points where defendant takes out gasoline;

5) all locations, by city and state, in which defendant owns or operates marine tankers, barges, and tank trucks that are used to transport gasoline to the Relevant Geographic Area;

6) all waterway routes along which defendant transports gasoline within the Relevant Geographic Area; Indicate, by city and state, the origin and ending points;

7) all rail routes along which defendant transports gasoline within the Relevant Geographic Area; Indicate, by city and state, the origin points, ending points, and all delivery points along the route;

8) after selection of specific sites, the parties will confer regarding defendants' identification of all road routes along which defendant transports gasoline within the Relevant Geographic Area.