UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE METHYL TERTIARY BUTYL ETHER ("MTBE") PRODUCTS LIABILITY LITIGATION : | Master File No. 1:00-1898 |
| This document relates to: : | MDL 1358 (SAS) M21-88 |
| New Jersey Department of Environmental Protection, et al. v. Atlantic Richfield Co., et al., 08 Civ. 00312 : | STIPULATION RELATED TO SETTLEMENT WITH LYONDELL CHEMICAL COMPANY ONLY |

SHIRA A. SCHEINDLIN, U.S.D.J.:

WHEREAS Plaintiffs and defendant Lyondell Chemical Company ("Lyondell") entered into a settlement agreement (the "Lyondell Settlement") that is being submitted to this Court for approval; and

WHEREAS certain non-settling defendants have previously objected to the settlement in this case between defendant CITGO Petroleum Corporation and Plaintiffs; and

WHEREAS the Court denied the motion to approve the settlement between CITGO Petroleum Corporation and Plaintiffs;

THEREFORE, in response to the Court's decision and the previous objections of the non-settling defendants, Plaintiffs stipulate and agree as follows:

1. Plaintiffs agree to reduce any judgment, and if necessary, agree not to seek to collect or to collect in this litigation, captioned *New Jersey Department of Environmental Protection v. Atlantic Richfield Co.*, MDL 1358, 08 Civ. 00312 (S.D.N.Y.), or in any subsequent judicial, administrative or other action that arises as a result of the claims asserted in this litigation, any portion of any judgment under the New Jersey Spill Compensation and Control Act, N.J.S.A. 58:10-23.11 to -23.24 ("Spill Act"), that is allocated by the fact finder in this action to Lyondell based on its percentage of relative fault. Plaintiffs further agree that in any trial of this action, the trier of fact shall determine Lyondell's percentage of relative fault for Spill Act claims in the same manner and in the same form of trial verdict as for common law claims and as for all other defendants, as if Lyondell had remained a non-settling defendant.

2. Except as provided in paragraph 1 above, this Stipulation is strictly limited to the Lyondell Settlement in this litigation and in no other way limits or reduces the liability of any responsible party.

3. This Stipulation is expressly contingent and effective only upon the approval by the Court of the Lyondell Settlement.

| | |
|---|---|
| COHN LIFLAND PEARLMAN<br>HERRMANN & KNOPF LLP | JOHN J. HOFFMAN<br>ACTING ATTORNEY GENERAL<br>OF NEW JERSEY |
| Special Counsel to the<br>Attorney General | |

BY:  /s/Leonard Z. Kaufmann  
     Leonard Z. Kaufmann,  
     A Member of the Firm  
     DATE:

BY:  /s/ Gwen Farley  
     Gwen Farley,  
     Deputy Attorney General  
     DATE: