UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X
:
IN RE: METHYL TERTIARY BUTYL      :
ETHER ("MTBE") PRODUCTS           :   **ORDER**
LIABILITY LITIGATION              :
                                  :   Master File No. 1:00-1898
--------------------------------- :   MDL 1358 (SAS)
                                  :   M21-88
This document relates to:         :
                                  :
Commonwealth of Puerto Rico, et al. v. :
Shell Oil Co., et al., 07 Civ. 10470    :
                                  :
------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/4/15

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

This Order responds to Certain Defendants' Motion for Reconsideration of the Court's August 19, 2015 Memorandum Opinion and Order.

The standard for granting a motion for reconsideration is strict. "'[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked.'"[1] "Reconsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'"[2] Typical grounds for reconsideration include "an intervening change of controlling law, the

---

[1] *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

[2] *Oji v. Yonkers Police Dep't*, No. 12 Civ. 8125, 2013 WL 4935588, at *1 (S.D.N.Y. Sept. 11, 2013) (quoting *Parrish v. Sollecito*, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003)).

availability of new evidence, or the need to correct a clear error or prevent manifest injustice."[3]

Defendants' near exclusive reliance on *Quintana Ruiz v. Hyundai Motor Corp.*, 303 F.3d 62 (1st Cir. 2002), a case that speculates about aspects of Puerto Rican law, does not present a controlling case that the Court overlooked. Indeed this Court's August 19 Opinion directly addressed *Quintana*'s reasoning. I noted that even though plaintiffs' lack of expert testimony means it "likely faces an uphill battle at trial. . . the testimony of defendants' own experts and employees has triggered material factual disputes that cannot be resolved as a matter of law."[4] Plaintiffs need not be likely to win at trial to survive a motion for summary judgment.

For the reasons set forth above, the motion is DENIED. The Clerk of Court is directed to close this motion (Docket #633).

---

[3] *Virgin Atl. Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quotation omitted). *Accord Shrader*, 70 F.3d at 257 (describing grounds for reconsideration as "matters, in other words, that might reasonably be expected to alter the conclusion reached by the court").

[4] *In re MTBE*, No. 07 Civ. 10470, 2015 WL 4939602, at *2 (S.D.N.Y Aug. 19, 2015).

SO ORDERED:

/s/ Shira A. Scheindlin

Shira A. Scheindlin
U.S.D.J.

Dated:    New York, New York
          September 4, 2015

- Appearances -

**Liaison Counsel for Plaintiffs:**

Robert J. Gordon, Esq.
Robin L. Greenwald, Esq.
William A. Walsh, Esq.
Weitz & Luxenberg, P.C.
180 Maiden Lane
New York, NY 10038
(212) 558-5500

**Counsel for Defendants Chevron Phillips Chemical Core LLC and ConocoPhillips Company:**

Stephen C. Dillard, Esq.
Jessica Farley, Esq.
Norton Rose Fulbright
1301 McKinney St., Suite 5100
Houston, TX 77010
(713) 651-5151

**Liaison Counsel for Defendants, and Appearing on Behalf of All Defendants:**

Peter J. Sacripanti, Esq.
James A. Pardo, Esq.
Michael J. Dillon, Esq.
McDermott Will & Emery LLP
50 Rockefeller Plaza, 11th Floor
New York, NY 10020
(212) 547-5583