USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __9/17/15__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------X

In Re: Methyl Tertiary Butyl Ether ("MTBE")
Productions Liability Litigation

This document relates to:
*New Jersey Dep't. of Envtl. Prot., et al. v.*
*Atlantic Richfield Co., et al.,* No. 08 Civ. 312

--------------------------------------------------------------X

Master File No.: 1:00-1898
MDL 1358 (SAS)

## STIPULATION AND ORDER CONCERNING POSSESSION, RETENTION AND DESTRUCTION OF RECORDS

WHEREAS, on September 11, 2015, the Hon. Shelley C. Chapman, United States Bankruptcy Judge, so ordered the attached Stipulation and Order Concerning Possession, Retention and Destruction of the Records of Defendant Getty Petroleum Marketing Inc. (the "Retention Order");

WHEREAS, it is the intention of plaintiffs New Jersey Department of Environmental Protection, *et al.* and defendant Getty Petroleum Marketing Inc. ("GPMI") to fully comply with the Retention Order as well as this Court's March 13, 2001 Order for the Preservation of Records; and

WHEREAS, the Retention Order, by its terms, is null and void and of no force and effect unless this Court approves a substantially similar version of the Retention Order.

NOW, THEREFORE, IT IS HEREBY STIPULATED, AGREED AND ORDERED that the undersigned hereby agree and are bound to the terms, conditions and obligations set forth in the Retention Order, a true copy of which is attached hereto and made a part hereof.

BERGER & MONTAGUE, P.C.

Tyler E. Wren
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103
Office: (215) 875-3098
Email: twren@bm.net

Attorneys for Plaintiffs

September 16, 2015

BLEAKLEY PLATT & SCHMIDT, LLP

Matthew G. Parisi
Bleakley Platt & Schmidt, LLP
One North Lexington Ave.
White Plains, New York 10601
Office: (914) 949-2700
Email: MParisi@BPSLaw.com

Attorneys for Defendant GPMI

September 16, 2015

SO ORDERED:

9/17/15

HON. SHIRA A. SCHEINDLIN
UNITED STATES DISTRICT JUDGE

11-15606-scc   Doc 1345   Filed 09/11/15   Entered 09/11/15 11:46:54   Main Document
Pg 1 of 6

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------- X
In re:                                                                  :   **Chapter 11**
                                                                        :
**GETTY PETROLEUM MARKETING INC.,** *et al.,*                           :   **Case No. 11-15606 (SCC)**
                                                                        :
                                      Reorganized Debtors.              :   **Jointly Administered**
-------------------------------------------------------------------------- X

**STIPULATION AND ORDER CONCERNING**
**POSSESSION, RETENTION AND DESTRUCTION OF DEBTORS' RECORDS**

WHEREAS, on July 28, 2015, Alfred T. Giuliano, the Liquidating Trustee (the

"Liquidating Trustee") for the Getty Petroleum Marketing Liquidating Trust (the "Trust") filed

the *Trustee's Motion for Authority to Destroy and/or Abandon Certain Property of the Debtors*

(ECF No. 1324), requesting authority to abandon/destroy records (the "Records") held by the

Liquidating Trust that had once belonged to the Debtors (the "Motion");

WHEREAS, on August 11, 2015, this Court issued the *Order Authorizing the*

*Destruction and/or Abandonment of Certain of the Debtors' Property* (ECF No. 1331), thereby

granting the Liquidating Trustee authority to abandon and/or destroy such Records (the

"Destruction Order");

WHEREAS, the Records consist of some 23,683 boxes of hard copy documents located

in warehouses in New Jersey and electronic data contained in computer servers, all under the

Liquidating Trustee's possession and control;

WHEREAS, on August 14, 2015, after the entry of the Destruction Order, the

Liquidating Trustee was contacted by counsel to certain plaintiffs (the "Plaintiffs") in litigation

pending in the Southern District of New York (the "District Court") before Judge Shira A.

Scheindlin[1] (hereafter the "MTBE Litigation" or "Litigation"), wherein Plaintiffs informed the Liquidating Trustee that they believed that the Liquidating Trustee's adherence to the Destruction Order would violate an Order for the Preservation of Records entered in the Litigation on March 13, 2001(the "Preservation Order");

WHEREAS, it was also brought to the Liquidating Trustee's attention that certain parties in the Litigation may have an interest in reviewing the Records in connection with the Litigation; and

WHEREAS, in order to comport with the Preservation Order, and in order to grant parties to the Litigation access to the Records without substantial additional cost to the Liquidating Trustee, the Liquidating Trustee, the Debtors and the Plaintiffs have reached a consensual resolution regarding the Records, on the terms and conditions set forth herein.

NOW, THEREFORE, IT IS HEREBY STIPULATED, AGREED AND ORDERED, as follows:

1.      Upon entry of this Stipulation and Order by both the Bankruptcy Court and the District Court, the Liquidating Trustee will turn over all Records to Plaintiffs or their designee (Plaintiffs or such designee hereinafter referred to as the "Litigation Representative"). The Liquidating Trustee's turnover of the Records to the Litigation Representative as provided herein shall constitute the Liquidating Trustee's abandonment of such Records as provided for in the Destruction Order and the Litigation Representative's assumption of custody and control of the Records.

2.      The (hard copy) Records presently stored in warehouses operated by Hill Archive in New Jersey will be appropriately palletized, shrink wrapped and loaded by Hill Archive at its

---

[1] *In re MTBE Products Liab. Litig.*, No. 1:2000 cv01898 (S.D.N.Y.).

Bellmawr warehouse at the Trustee's expense onto suitable transport vehicles provided by the Litigation Representative at its expense for transfer to a storage facility of the Litigation Representative's choosing, with such moving costs and subsequent storage cost being borne solely by the Litigation Representative. The Trustee will submit a payment directly to Hill Archive for storage costs for the month of October. Hill Archive has agreed with the Trustee that it will use its best efforts to complete removal of the records by October 3, 2015 and if delay beyond that date occurs through the fault of Hill Archive, storage costs will not be charged for any time beyond October 31; if delay occurs through fault of the Litigation Representative, additional storage costs beyond October 31 will be charged to the Litigation Representative. After October 31, 2015, the Trustee will have no responsibility for the payment of any storage costs, fees, or expenses related to the Records and, if the Litigation Representative incurs storage costs for the Records after October 31, 2015, the Litigation Representative will not seek reimbursement from the Trustee.

3.      The Liquidating Trustee will submit a payment to the Litigation Representative in the amount of $53,287 [23,683 boxes x $2.25 destruction fee], which amount represents the costs that the Liquidating Trustee would have paid to Hill Archive had the Records been destroyed by the Hill Archive personnel rather than being transferred to the Litigation Representative (the "Payment").

4.      Ownership of the servers, personal computers, tapes and associated electronic equipment in the Trustee's possession or control containing or relating to the (electronic) Records is hereby transferred to the Litigation Representative. Custody and control thereof will be transferred by the Trustee by making them available forthwith at their current location in offices at 208 Route 109, Farmingdale, NY for either pickup by the Litigation Representative at its cost and expense or by the Trustee facilitating the continuation of the current lease of the

offices at 208 Route 109 in the Litigation Representative's name at $1500 a month initially, to be paid by the Litigation Representative. Some 50 boxes of hard copy Records are also located at the Farmingdale office and will be similarly turned over to the Litigation Representative.

5.      The Liquidating Trustee will have no further responsibility for the cost of storing or maintaining the Records after their transfer as provided herein and its submission of the Payment. Subsequent to such transfer, all parties in interest shall be forever enjoined, barred and precluded from bring any claims or causes of action of whatever kind (whether arising in law or equity) against the Liquidating Trustee and/or his agents, advisors, employees, or consultants, relating in any way to the Liquidating Trustee's transfer of such Records to the Litigation Representative or the Litigation Representative's subsequent stewardship (and thereafter destruction) of such Records. The Litigation Representative will hold harmless the Liquidating Trustee from any such claims or causes of action so asserted by any party against the Liquidating Trustee (and/or his agents, advisors, employees or consultants) arising from the same. Once the Records are transferred to the Litigation Representative  as provided herein, all responsibility for 1) properly retaining possession and appropriate confidentiality of and 2) properly destroying the Records will no longer belong to the Liquidating Trustee, but will be transferred to the Litigation Representative. The Litigation Representative retains the right to move before the Litigation Court for allocation of these expenses among other parties to the Litigation. The Litigation Representative warrants that all Records containing personally identifiable information will be destroyed in due course and not abandoned. The Liquidating Trustee will no longer have any responsibility or liability for any handling or mishandling of the Records subsequent to the transfer.

6.      The Plaintiffs and the Liquidating Trustee understand that the Records may contain privileged or personally identifiable information. The Plaintiffs and the Liquidating

Trustee agree that the Liquidating Trust is not waiving any privilege by allowing the Plaintiffs or

any representative or agent thereof to obtain possession of the Records.  Further, in the event any

of the Plaintiffs or any representative or agent thereof comes in contact with any personally

identifiable information contained in the Records, such information shall be kept confidential by

the person or persons that viewed that information.

       7.      Prior to transferring the Records, the Trustee will retain all information necessary

for the performance of his duties under Federal Rule of Bankruptcy Procedure 2015(a)(5), for the

closing of the chapter 11 cases, or any other act necessary to his performance as Liquidating

Trustee.  However, in the event the Liquidating Trustee determines that there remains in the

Records some information that he deems necessary for the completion of the final distribution

report, the closing of the chapter 11 cases, or any other act necessary to his performance as

Liquidating Trustee, the Litigation Representative shall, to the extent reasonably practicable,

cooperate with the Liquidating Trustee and allow him access to the Records. The Trustee shall

bear the out-of-pocket costs and charges associated with any such access of the Records.

       8.      The Destruction Order shall be deemed to be modified by this Order.  If Judge

Scheindlin does not approve a substantially similar version of this Stipulation and Order, this

modification shall be null and void, and this Order entered by the Bankruptcy Court shall be of

no force and effect, and all parties shall thereafter retain all rights with respect to the Trustee's

abandonment of the Records..

       9.      Hereafter, authority over the Records will reside with the District Court under the

terms of the Preservation Order.

**WILMER CUTLER PICKERING
HALE AND DORR LLP**

s/Andrew N. Goldman
Andrew N. Goldman
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Tel: (212) 230-8800
Email: andrew.goldman@wilmerhale.com

Attorneys for the Liquidating Trustee

September 10, 2015


**BLEAKLEY PLATT & SCHMIDT, LLP**


s/Matthew G. Parisi
Matthew G. Parisi
Bleakley Platt & Schmidt, LLP
One North Lexington Ave.
White Plains, New York 10601
Office: (914) 949-2700
MParisi@BPSLaw.com

Attorneys for Debtor GPMI in the MTBE
Litigation

September 10, 2015


**BERGER & MONTAGUE, P.C.**

s/Tyler E. Wren
Tyler E. Wren
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103
Tel: (215) 875 3000
Email: twren@bm.net

Attorneys for Certain Plaintiffs in the MTBE
Litigation

September 10, 2015


**IT IS SO ORDERED.**

Dated: September 11, 2015
New York, New York

/S/ Shelley C. Chapman
HON. SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE


**IT IS SO ORDERED.**

Dated: Sept 17 , 2015
New York, New York

HON. SHIRA A. SCHEINDLIN
UNITED STATES DISTRICT JUDGE