

Boston  Brussels  Chicago  Düsseldorf  Frankfurt  Houston  London  Los Angeles  Miami
Milan  Munich  New York  Orange County  Paris  Rome  Seoul  Silicon Valley  Washington, D.C.

Strategic alliance with MWE China Law Offices (Shanghai)

James A. Pardo
Attorney at Law
jpardo@mwe.com
+1 212 547 5353

BY HAND DELIVERY AND ELECTRONIC MAIL                             October 1, 2015

The Honorable Shira A. Scheindlin
United States District Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 1620
New York, New York  10007-1312

      Re:    <u>Master File C.A. No. 1:00-1898 (SAS), M21-88, MDL No. 1358</u>
                *Defendants' Pre-Conference Reply Letter for October 5, 2015 Status Conference*

Dear Judge Scheindlin:

      Defendants respectfully submit this reply letter in advance of the October 5th conference.

## <u>PLAINTIFFS' AGENDA ITEM—*OCWD*: Entry of Final Judgment Pursuant to Federal Rule of Civil Procedure 54(b)</u>

      ***Judgment Defendants:*** The Shell and BP Defendants believe that the entry of a Rule 54(b) final judgment would be appropriate. The Court granted summary judgment to the Shell and BP Defendants in September 2014 on all claims that OCWD asserted against them. This action involves claims against "multiple parties," and all the rights and liabilities of the Shell and BP Defendants have been finally decided within the meaning of 28 U.S.C. § 1291. The litigation of OCWD's claims on the merits against the Shell and BP Defendants has ended, and there is nothing left for this Court to do but to execute the judgment.

      The Shell and BP Defendants do, however, take issue with the form of OCWD's "Proposed Opinion and Order." As an initial matter, the Shell and BP Defendants do not believe it is appropriate for a party, or even all parties, to submit a draft opinion to the Court for its signature. At least one appellate court has expressly disapproved of the practice in the Rule 54(b) context. *Boston Prop. Exch. Transfer Co. v. Iantosca*, 720 F.3d 1, 7-8 (1st Cir. 2013). The parties, of course, cannot confer appellate jurisdiction on the Second Circuit simply by agreeing that a Rule 54(b) final judgment should be entered; the Court must determine independently whether its orders granting summary judgment to the Shell and BP Defendants meet Rule 54(b)'s criteria for entry of final judgment. Assuming that the Court does reach that conclusion, the Shell and BP Defendants would propose an order more along the lines of the one the Court issued when entering final judgment under Rule 54(b) in the *City of New York* case. A proposed order is submitted with this letter as Exhibit A.

The Honorable Shira A. Scheindlin
October 1, 2015
Page 2

The Shell and BP Defendants also have concerns regarding the content of the proposed opinion and order submitted by OCWD.  Specifically, the Shell and BP Defendants take issue with the statement that the upcoming "Focus Plume" trial was intended as a "bellwether" trial, as that term is traditionally understood; that if OCWD were successful on any appeal it would have a right to reopen discovery as to the Shell and BP Defendants' Phase 1 sites, because discovery has been closed as to those sites, and all other Phase 1 sites, for years; and that the issuance of a Rule 54(b) final judgment here would not lead to piecemeal appeals.  The correct question is whether allowing such piecemeal appeals ultimately would serve the interests of judicial efficiency and economy.

In short, the Shell and BP Defendants believe entry of a final judgment is warranted at this time; however, we do not support entry of OCWD's order and believe that the form of order attached hereto is more appropriate.  With respect to the Non-Judgment Defendants' other points, should the Court determine additional briefing would be helpful, the Shell and BP Defendants are not opposed.

***Non-Judgment Defendants***: The non-BP/Shell Defendants (the "Non-Judgment Defendants") oppose and object to OCWD's request for a Rule 54(b) order.[1]

The Court can enter a Rule 54(b) judgment "only if the Court expressly determines that there is no just reason for delay." FED. R. CIV. P. 54(b).  In making this determination, "a district court must take into account judicial administrative interests as well as the equities involved." *S.E.C. v. Frohling*, 2015 WL 3556267, at *2-3 (2d Cir. June 9, 2015).  Here, both the judicial administrative interests and the equities involved militate against a Rule 54(b) order.

*First*, the proposed BP/Shell appeal will not be as simple as OCWD suggests.  Over the last twelve years, the Court has entered a number of dispositive orders, in addition to the BP and Shell *res judicata* order, which would necessarily be involved in any appeal taken now.  For example, the Court has issued several orders on Defendants' statute of limitations defense.  *See, e.g., In re MTBE*, 676 F. Supp. 2d 139 (S.D.N.Y. 2009).[2]  To avoid waiver, OCWD must raise any challenges to these orders (and to any others issued by the Court) as a part of the *res judicata* appeal.  The vast majority of the Court's previous orders, however, affect ***all*** Defendants.

Granting the Rule 54(b) order would thus result in piecemeal appeals; for example, Shell may appeal the Court's primary jurisdiction ruling now while the Non-Judgment Defendants would not be in a position to do so until after OCWD's claims against them had been

---

[1] As an initial matter, OCWD placed this issue on the Agenda without meeting and conferring with the Non-Judgment Defendants.  A request for a Rule 54(b) order, particularly in a complicated case such as this, should be made in a motion and briefed for the Court.

[2] The Court also has issued an order dismissing the OCWD Act claim, an order dismissing OCWD's trespass claims; rulings regarding OCWD's nuisance claims, rulings regarding causation; and an order regarding declaratory relief.

The Honorable Shira A. Scheindlin
October 1, 2015
Page 3

adjudicated.  Further complicating the matter is that an appeal as to BP and Shell would be heard and decided by the Second Circuit, whereas any subsequent appeal by the Non-Judgment Defendants would be heard and decided by the Ninth Circuit after remand.  So this is not the situation in which there is some remote, hypothetical chance of piecemeal appeals.  If the Court enters a Rule 54(b) order then piecemeal appeals are certain, and there is a real possibility of conflicting opinions on the very same issues and facts by different Courts of Appeals.

*Second*, granting OCWD's Rule 54(b) request risks unfairly prejudicing the Non-Judgment Defendants.  The Court's prior orders in this case, which would necessarily be involved in a BP/Shell-only appeal, affect all Defendants.  But in a BP/Shell-only appeal, the Non-Judgment Defendants' rights to be heard or to appeal any subsequent decision by the Second Circuit that could impact their rights are extremely limited and not guaranteed.  For example, if the Second Circuit reverses the statute of limitations ruling, and the Non-Judgment Defendants are not able to participate, they will not have an opportunity to seek rehearing or appeal the decision to the Supreme Court.  And although BP or Shell might independently do so on their own, they may not.  The potential prejudice is self-evident and compelling.

The Second Circuit has recognized this danger, noting that its "determination of some issues involving the defendant against whom the complaint had been dismissed 'might result in prejudice to the other defendants who would not have had an opportunity before us to participate in the determination of those issues.'"  *Arlinghaus v. Ritenour*, 543 F.2d 461, 464 (2d Cir. 1976) (quotations omitted) (dismissing appeal taken after a Rule 54(b) order).  Indeed, in dismissing an appeal taken after a Rule 54(b) order, the Second Circuit explained that "[t]he district court has an independent duty to avoid piecemeal appeals *and* protect parties' rights against prejudice resulting from premature appeal."  *Id*. (emphasis added).  Specifically, the Court stated:

> Not only would this court be required to review the same conduct twice, in defiance of the federal policy against piecemeal appeals, but our decision could have a profound effect on the appeal which [the remaining defendant] will almost certainly take from the judgment against him and also on the appeal which [the plaintiff] may take from the judge's refusal to hold [the remaining defendant] liable for the profits realized by [the appealing defendants].

*Id*.  With respect to the prejudice to the remaining defendant, the Court explained that by hearing the Rule 54(b) appeal, "we would, in effect, have decided the appeal [the remaining defendant] will take from the decision against him without having accorded him a right to be heard."  *Id*.

Further, allowing an immediate appeal as to BP and Shell threatens the efficiency of the first trial, now in the remand process.  OCWD's claims against the Non-Judgment Defendants are ready for remand, and the parties are armed with the Court's pretrial rulings that have shaped what remains to be tried.  But the appeals process between BP, Shell and OCWD could impact the shape of the case shortly before trial or even during trial.  For example, the Court has eliminated OCWD's claims at a number of stations through its statute of limitations rulings.

The Honorable Shira A. Scheindlin
October 1, 2015
Page 4

Should OCWD appeal those rulings and succeed, then more sites and different claims may need to be tried, which could impact the parties' efforts to try the remaining sites. On the other hand, maintaining the certainty of the Court's previous orders allows the parties to prepare for trial.[3]

Put simply, a Rule 54(b) order is not appropriate here because there are several just reasons for delay. The facts and issues in a BP/Shell appeal are intertwined with the Non-Judgment Defendants, and consequently, the appeal will necessarily affect the Non-Judgment Defendants' rights. A Rule 54(b) order will also result in piecemeal appeals on the same issues and facts to different Courts of Appeals.

Sincerely,

*James A. Pardo*

James A. Pardo

cc: All Counsel of Record by LNFS, Service on Plaintiffs' Liaison Counsel

---

[3] Further, the Non-Judgment Defendants share the BP/Shell Defendants' concerns with the content of OCWD's Proposed Order and Opinion. In addition to those concerns, the Non-Judgment Defendants note that OCWD's statement in the Proposed Order and Opinion that its causes of action against BP and Shell are "separable from [OCWD's] claims against the other defendants" is misleading. OCWD has maintained since the beginning of the case that BP and Shell sites are part of comingled plumes that are threatening the drinking water in OCWD's territory. Indeed, OCWD alleges the existence of comingled plumes again in its suggested Opinion and Order (notably BP and/or Shell stations are in all of the remaining Plaintiff focus plumes). OCWD's claims are not truly separable.

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re: Methyl Tertiary Butyl Ether ("MTBE") : **Master File No. 1:00-1898**
Products Liability Litigation : **MDL No. 1358 (SAS)**
: **M21-88**

This Document Relates To: :
*Orange County Water District v. Unocal*    The Honorable Shira A. Scheindlin
*Corporation, et al.,* Case No. 04 Civ. 4968 :
(SAS)
:
:
------------------------------------------------------------x

# [PROPOSED] ORDER FOR ENTRY OF JUDGMENT
## PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54(b)

WHEREAS, plaintiff Orange County Water District ("OCWD") has requested that the Court enter final judgment in favor of defendants Atlantic Richfield Company, BP West Coast Products LLC, and BP Products North America, Inc. (collectively, the "BP Defendants") and Shell Oil Company, Equilon Enterprises LLC, and Texaco Refining and Marketing Inc. (collectively, the "Shell Defendants") on all of OCWD's claims against them; and

WHEREAS, the BP Defendants and the Shell Defendants do not oppose entry of final judgment pursuant to Rule 54(b); and

WHEREAS, multiple parties are present in this case, and all claims against the BP Defendants and the Shell Defendants have now been dismissed and the rights and liabilities of the BP Defendants and the Shell Defendants have been finally decided within the meaning of 28 U.S.C. § 1291; and

WHEREAS, all claims against the BP Defendants and the Shell Defendants have been finally decided, leaving nothing for this Court to do but to execute the judgment; and

WHEREAS, there is no just reason for delay in entering judgment because all claims against the BP Defendants and the Shell Defendants have been finally resolved and decided;

IT IS HEREBY ORDERED that the Clerk is directed to enter final judgment in favor of Atlantic Richfield Company, BP West Coast Products LLC, and BP Products North America, Inc., and Shell Oil Company, Equilon Enterprises LLC, and Texaco Refining and Marketing Inc. (collectively, the "Shell Defendants") on all of plaintiff Orange County Water District's claims against them, and plaintiff shall take nothing.

IT IS SO ORDERED.


Dated: _____

                                                            _____
                                                            Hon. Shira A. Scheindlin
                                                            United States District Judge