**Sedgwick**LLP

**Richard E. Wallace, Jr.**
2900 K Street, NW
Washington, DC 2007
rick.wallace@sedgwicklaw.com
202.204.1000

October 23, 2015

**BY ELECTRONIC MAIL**

The Honorable Shira A. Scheindlin
United States District Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 1620
New York, NY  10007-1312

Re:    Master File C.A. No. 1:00-1898 (SAS), M21-88, MDL No. 1358
*Commonwealth of Puerto Rico, et al. v. Shell Oil Co., et al.,* No. 07-cv-10470
*Commonwealth of Puerto Rico, et al. v. Shell Oil Co., et al.,* No. 14-cv-01014

Dear Judge Scheindlin:

We submit this letter on behalf of defendants Shell Western Supply and Trading Ltd. and Shell International Petroleum Company Ltd. (the "Shell Defendants") in accordance with the discussion at the October 15, 2015 conference. Respectfully, we urge that the Court grant the Shell Defendants summary judgment on prescription pursuant to *Fraguada Bonilla v. Hospital Auxilio Mutuo*, 186 D.P.R. 365 (2012). We address here the Court's thoughtful proposal that plaintiff should be permitted a new one-year limitations period beginning as of the date of the *Fraguada* decision. While that proposal would confer something of a benefit on Plaintiff, it would extend inequitable treatment of defendants, contrary to the ruling in *Fraguada*. We have not found any applicable authority in Puerto Rico law, or in the class action context, that would warrant, or even support, such a result.

As the Court knows well, the Puerto Rico Supreme Court in *Fraguada* abrogated the judicially created tolling rule set out in *Arroyo v. Hospital La Concepcion*, 130 D.P.R. 596 (1992). As the *Fraguada* court explained, the *Arroyo* tolling rule appears nowhere in Puerto Rico's Civil Code. (*Fraguada* Translation at 9.) The *Fraguada* court determined that the *Arroyo* rule is no longer, and never should have been, the law in Puerto Rico. The court held that the *Arroyo* rule was not "in harmony with the rest of the law" because it conferred on one party "the eternal right to file a torts claim against the other," and "had the unfortunate effect of rewarding inertia in the vindication of a right and promoting the strategic use of inaction." (*Id.*) And in determining that its decision should apply "prospectively," the court in *Fraguada*

discussed only the alleged "unfairness" to the respondents *in that case*, with no indication that it intended its ruling to extend the abrogated *Arroyo* ruling to future amended complaints that added new parties to other cases.  To the contrary, the *Fraguada* court was clear that the *Arroyo* rule should not be applied in any other case.  "Subsequently, **all causes of action filed** according to Art. 1802 of the Civil Code … shall be adjudicated in accordance with the rules established herein." (*Fraguada* Translation at 12.)  And it concluded: "we hereby … revoke the rule in *Arroyo* …." (*Id.*)  There is no suggestion in *Fraguada* that the Puerto Rico Supreme Court intended the old *Arroyo* rule to have continuing application beyond *Fraguada* itself, or that the court intended that a new tolling period should run from the date of its *Fraguada* decision.

Thus, this Court was correct when it previously applied *Fraguada* and dismissed claims against other late-added defendants, and when it denied the Commonwealth's motion to reconsider precisely the dismissal of defendants Peerless and Trammo.  There, this Court wrote:

> Following traditional practice when a more restrictive tolling rule is announced, the Puerto Rico Supreme Court in *Fraguada* did not apply its new rule retroactively to the plaintiffs in that case.  Nowhere does *Fraguada* indicate that the narrow retroactivity exception should apply to cases filed *after* the date of the court's opinion, nor is there any indication that its new tolling rule should not apply to parties sued after its decision was announced.  … [T]his would be a marked departure from the usual practice in announcing a new tolling rule….

*In re MTBE,* slip op. at 6-7 (Aug. 2, 2013) (emphasis in original; footnotes omitted).

Likewise, there is no support for a new one-year tolling period running from the date of the *Fraguada* decision in any of the subsequent decisions which Plaintiffs provided to the Court.  To the contrary, the Commonwealth itself successfully argued in one of those cases, *Cubero Aponte v. Autoridad de Acueductos y Alcantarillados de P.R.*, 2014 WL 7474663 (T.C.A. Oct. 10, 2014), that *Fraguada* applied even to bar an amended complaint filed pre-*Fraguada* against the Comonwealth itself.

We appreciate, of course, the Court's desire to treat the Commonwealth equitably.  But creating a new tolling period – after the Commonwealth already had years to sue the Shell Defendants before *Fraguada* – would have the effect of extending the old *Arroyo* rule and inflicting on defendants the very inequity that *Fraguada* is supposed to eliminate.

The balance of equities favors this Court's prior decision to apply *Fraguada* to newly added defendants.  The old *Arroyo* rule did not *require* plaintiffs to forego suing the Shell Defendants or others added late.  Had it done so, then a sudden change in the rule which bars their claims would be inequitable.  Rather, the old rule merely allowed plaintiffs to sue or not as they chose.  There is no evidence in the record that plaintiffs relied on the old rule in delaying their claims.  Quite the contrary, plaintiffs contend that they had no reason to know the identities

of the Shell Defendants (or the other late-added defendants) until shortly before suing them.[1] That contention is demonstrably incorrect, as the Shell Defendants have shown in the papers supporting their motion for summary judgment (and as the Court has already found with respect to the other dismissed defendants).

Conversely, the Shell Defendants had no timely notice or cause to believe they would be sued during the usual limitations period.  This critical lack of timely notice – which is precisely what the statute of limitations is meant to prevent – distinguishes this case from class actions where limitations periods are sometimes reset after denial of certification.  In those cases, defendants are on notice of the claims from the day the class actions are filed.  That is necessarily the case, as class action law provides that the initiation of a putative class action does *not* toll the statute of limitations for claims against other, unnamed defendants.  *See, e.g., Earl v. Novartis Consumer Health, Inc.*, 2008 WL 4274468 (E.D.N.Y. 2008) (class action against one corporate entity "does not toll the statute of limitations against" a related entity); *Guy v. Lexington-Fayette Urban County Gov't,* 488 Fed. Appx. 9 (6th Cir. 2012); *Barkley v. Woodbury County, Iowa*, 874 F.Supp.2d 759 (N.D. Iowa 2012).

For defendants that are named timely in a class action, there might be no prejudice when putative class claims are replaced with individual claims, and good reason to allow putative class members time to bring their individual cases.  The leading class action decisions stress this timely notice and lack of prejudice to defendants as a justification for allowing individual plaintiffs more time to sue.  *See, e.g., Crown Cork & Seal Co. v. Parker*, 462 U.S. 345, 353 (1983) ("a class complaint 'notifies the defendants not only of the substantive claims being brought against them, but also of the number and generic identities of the potential plaintiffs who may participate in the judgment'"), quoting *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 555 (1974).  Courts have also found that allowing time for individuals to sue following denial of class certification serves the interests of judicial economy because it eliminates the need for individual plaintiffs to file their own complaints or intervene in putative class actions in order to preserve their rights.  *Parker*, 462 U.S. at 353.  Neither of these justifications supports granting the plaintiffs in this case a new tolling period.  Indeed, the opposite is true.  Giving plaintiffs a new tolling period here would not only reward their failure to file sooner, but would prejudice defendants and would undermine judicial economy by allowing time-barred claims.

What is more, neither the Puerto Rico Supreme Court's decision in *Fraguada* nor the post-*Fraguada* decisions from Puerto Rico's courts contain any suggestion that the Puerto Rico Supreme Court intended to adopt a new tolling doctrine such as that employed in class actions.  If the Puerto Rico Supreme Court had intended to adopt such a new rule, it presumably would have said so.  Instead, the Puerto Rico Supreme Court "revoked" the *Arroyo* rule and applied the new rule to "all causes of action" filed thereafter.

---

[1] Plaintiffs' Opposition to Shell West and SIPC's Motion for Summary Judgment Based on Limitations (Dkt. 622); Plaintiffs' Opposition to Vitol's Motion for Summary Judgment Based on Limitations (Dkt. 337); Plaintiffs' Opposition to Idemitsu's Motion for Summary Judgment Based on Limitations (Dkt. 347).

Finally, in addressing questions of state (or in these cases, Commonwealth) law, this Court should tread lightly and not fashion new rules that it might find just or advisable, without support in existing Puerto Rico law.  As the First Circuit put it:

> [A] federal court – which has "no roving commission to superimpose federal choices upon the framework of state law," *McInnis v. Harley-Davidson Motor Co*., 625 F.Supp. 943, 956 n. 7 (D.R.I.1986) –  should not play "Big Brother."  Our mission is to "determine the rule that the [state] Supreme Court would probably follow, not fashion a rule which ... an independent federal court might consider best.  *Lowe's North Wilkesboro Hardware, Inc. v. Fidelity Mut. Life Ins. Co*., 319 F.2d 469, 472 (4th Cir.1963).

*Moores v. Greenberg*, 834 F.2d 1105, 1107 n.3 (1st Cir. 1987).  Thus, "a federal court must take state law as it exists: not as it might conceivably be, some day; nor even as it should be. And, once state law has been divined, this court must proceed to interpret and apply that law according to its tenor.  *Cantwell v. University of Massachusetts*, 551 F.2d 879, 880 (1st Cir.1977).  If the result is harsh, change must be wrought by either the judicial or legislative branch of state government, so long as the Constitution and/or federal statutes are not implicated."  *Plummer v. Abbott Labs*., 568 F. Supp. 920, 927 (D.R.I. 1983).

In sum, this Court's prior decisions applying *Fraguada* on the *Arroyo* tolling rule were correct, even if they seem somewhat inequitable to the Commonwealth (although there is no real inequity given that the Commonwealth never relied on the *Arroyo* rule in this case anyway – it just added the new defendants too late).

We appreciate the Court allowing us the opportunity to submit this letter and thank Your Honor for your consideration.

Respectfully submitted,

Richard E. Wallace, Jr.