**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

———————————————————————

| | |
|---|---|
| **In re:  METHYL TERTIARY BUTYL ETHER** | **MDL NO. 1358** |
| **("MTBE") PRODUCTS LIABILITY LITIGATION** | **Master File C.A. No.** |
| | **1:00-1898 (SAS)** |
| | **M-21-88** |

———————————————————————

This document relates to:

*Orange County Water District v. Unocal Corp., et al.*
04 Civ. 4968 (SAS)

———————————————————————

**THE BP AND SHELL DEFENDANTS' MEMORANDUM**
**IN SUPPORT OF THE ENTRY OF RULE 54(b) FINAL JUDGMENT**

Pursuant to the Court's direction at the November 3, 2015 status conference, defendants Atlantic Richfield Company, BP West Coast Products LLC, and BP Products North America Inc. (the "BP Defendants") and Equilon Enterprises LLC, Shell Oil Company and TMR Company (the "Shell Defendants") submit this memorandum in support of entry of final judgment as to the BP and Shell Defendants pursuant to Federal Rule of Civil Procedure 54(b) on all claims asserted against them by plaintiff Orange County Water District ("OCWD").

## I.     FACTUAL AND PROCEDURAL BACKGROUND

OCWD filed its lawsuit against the BP and Shell Defendants, as well as other parties, over twelve years ago in May 2003, alleging that defendants' use of the gasoline additive methyl tertiary butyl ether ("MTBE") caused, or threatened to cause, groundwater contamination within the District's service area.  For over a decade, the parties have litigated their claims and defenses, have engaged in extensive fact and expert discovery relating to the focus plumes selected for an initial trial[1], and filed and responded to numerous motions related to OCWD's claims.  One of those motions was the BP and Shell Defendants' motion for summary judgment based on the doctrine of *res judicata* ("Res Judicata Motion"), which ended OCWD's case against these defendants.

On September 16, 2014, this Court granted the BP and Shell Defendants' Res Judicata Motion adjudicating *all* claims asserted by OCWD, thereby dismissing BP and Shell from the case.  *In re MTBE,* 46 F.Supp.3d 440 (S.D.N.Y. 2014) (the "Res Judicata Order").  For nearly seven months, OCWD took no action in response to the Court's ruling.  Then, in April 2015, OCWD raised for the first time the argument that the Res Judicata Order had not specifically addressed OCWD's  continuing nuisance claims as  OCWD had not previously raised its continuing nuisance arguments).  For  several months the parties and the Court addressed the  appropriate procedural mechanism for consideration of the  continuing nuisance issue as the case against all the remaining defendants was being remanded to

---

[1] The "Proposed Opinion and Order" submitted by OCWD erroneously states that the upcoming trial against the remaining defendants in the Central District of California is intended to be a "bellwether trial."  *See* Plf's Sep. 25, 2015 Pre-conference Ltr., Ex. A.  The Court's Case Management Order No. 57 is clear that the "plumes" selected for an initial trial were "focus plumes."  CMO No. 57, ¶ 8.  Those plumes were selected by the parties and were not intended to be – and are not – representative of gasoline releases in Orange County and the trial was not intended to have any binding effect on other plumes, sites or claims.

the Central District of California for a "focus plume" trial.  Ultimately the Court ordered additional briefing on whether the scope of the consent judgments and releases upon which the Res Judicata Order was based precluded further assertion of OCWD's continuing nuisance claims in the remanded proceedings.  On August 26, 2015, the Court issued its Memorandum Opinion and Order (ECF Dkt. 4254) (the "Continuing Nuisance Order") that denied OCWD's motion to include BP and Shell in the Suggestion to Remand, and confirmed that OCWD's claims for continuing nuisance against the BP and Shell Defendants were barred by proper application of *res judicata*.

Taken together, the Court's Res Judicata Order, supplemented by the Continuing Nuisance Order, fully dispose of all OCWD's claims against the BP and Shell Defendants.  The only remaining step is for the Court to enter a final judgment under Federal Rule of Civil Procedure 54(b) as to these parties for the reasons set forth below.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 54(b) provides that "[w]hen an action presents more than one claim for relief-- whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."  Thus, under Rule 54(b), a district court may, in its discretion, enter a final judgment in a multi-party case where all claims are resolved as to one or more parties, upon a finding that there is no just reason to delay entry of judgment.  *Olin Corp. v. Ins. Co. of N. Am.*, 771 F. Supp. 76, 80 (S.D.N.Y. 1991), *aff'd without op*., 972 F.2d 1328 (2d Cir. 1992).

Rule 54(b) "is not an exception to the final judgment rule that generally governs federal appeals, for each claim or set of claims certified for appeal must still be 'finally decided' within the meaning of [28 U.S.C.] § 1291."  *Ginett v. Computer Task Group, Inc.,* 962 F.2d 1085, 1092 (2d Cir. 1992).  Rather, Rule 54(b) allows entry of a final judgment  under the following circumstances:  "(1) multiple claims or multiple parties must be present, (2) at least one claim, or the rights and liabilities of at least one party, must be finally decided within the meaning of 28 U.S.C. § 1291, and (3) the district court must make 'an express determination that there is no just reason for delay' and expressly direct the clerk to enter

3

judgment." *Ginett,* 962 F.2d at 1091.  The first two criteria are matters of law; the third determination is left to the Court's "sound judicial discretion."  *Id.* at 1092.

> **A.      Multiple Parties Are Present Here.**

There is no doubt that the first factor in the Rule 54(b) analysis is satisfied here because this case involves multiple parties.  OCWD brought suit against numerous other parties in addition to the BP and Shell Defendants.  Those other parties remain defendants in the case, and certain of OCWD's claims against them have been remanded for trial to the Central District of California.

> **B.      The Rights and Liabilities of the BP and Shell Defendants Have Been Finally Decided Within the Meaning of 28 U.S.C. § 1291.**

Likewise, there is no doubt that the rights and liabilities of the BP and Shell Defendants have been finally decided within the meaning of 28 U.S.C. § 1291.  If a decision "ends the litigation on the merits and leaves nothing for the court to do but execute on the judgment," then the decision is final. *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978).  The Court's September 16, 2014 Res Judicata Order on the BP and Shell Defendants' res judicata summary judgment motion granted that motion in its entirety and disposed of all claims against the BP and Shell Defendants on the ground that all such claims were precluded by the BP and Shell Defendants' prior consent judgments with the Orange County District Attorney (the "OCDA").  *In re MTBE,* 46 F. Supp. 3d 440, 446-454 (S.D.N.Y. 2014).

Some seven months after that summary judgment ruling dismissed all of OCWD's claims against the BP and Shell Defendants, OCWD argued, for the first time, that its continuing nuisance claims must necessarily have survived the res judicata effect of the OCDA's consent judgments.  On August 26, 2015, this Court issued its Continuing Nuisance Order rejecting OCWD's arguments, finding that adopting OCWD's proposed interpretation of the BP and Shell Defendants' consent decrees with the OCDA would create an "unfair and absurd result."  Continuing Nuisance Order at 12.

The Court has now dismissed all of OCWD's claims against the BP and Shell Defendants in their entirety.  The Court's decisions have ended the litigation as to the BP and Shell Defendants on the merits, and there is nothing left for the Court to do but enter judgment in favor of the BP and Shell

Defendants. *See, e.g., Bogosian v. Gulf Oil Corp.*, 561 F.2d 434, 443 (3d Cir. 1977) cert. denied, 434

U.S. 1086 (1978) ("[s]ince the order granting summary judgment for Gulf in *Parisi* and for Exxon in

*Bogosian* wholly terminated the defendants respectively from those cases, the court was empowered to

enter judgment upon the orders").

**C.    There Is No Just Reason For Delay In Entering Judgment.**

Finally, there is no just reason to delay entering judgment in favor of the BP and Shell

Defendants. As this Court has previously observed:

> The term "no just reason for a delay" is somewhat of a misnomer—as courts do not
> simply evaluate whether there is a just reason for delay, but generally apply a balancing
> test that weighs multiple factors to determine whether directing entry of a partial final
> judgment is in "'the interest of sound judicial administration.'"

*In re MTBE Prods. Liab. Litig.*, 2010 WL 1328249 (S.D.N.Y. Apr. 5, 2010) (citations omitted). Thus,

the Court, considering the interests of sound judicial administration, must evaluate whether those

interests are best served by entering judgment now for the BP and Shell Defendants.

Among the interests that must be considered are the equities for the parties. *In re MTBE*, 2010

WL 1328249 at *4. There is a substantial judicial interest in relieving dismissed defendants from the

burden of further litigation by entering a Rule 54(b) final judgment. *Noel v. Hall*, 568 F.3d 743, 747 (9th

Cir. 2009) (Rule 54(b) certification proper to free defendant "from further unduly burdensome

litigation"); *DeLia v. Verizon Commc'ns, Inc.*, 682 F.Supp.2d 58, 60 (D. Mass. 2010) (entering Rule

54(b) final judgment where all claims against defendant had been dismissed because dismissed

defendant "would be prejudiced if it is forced to wait until final judgment is entered on the claims

against [other defendants] when the [c]ourt has already determined that there is no legal basis for

liability"); *Olin*, 771 F. Supp. at 80 (finding that Rule 54(b) final judgment was merited because, if

dismissed parties were required to remain in litigation, it was likely that their litigation costs would be

increased); *In re S. African Apartheid Litig.*, 2009 WL 3364035, *1 (S.D.N.Y. 2009) ("because all

claims against [defendant] were dismissed with prejudice, there is no reason [defendant] should remain

part of this protracted …litigation"). All claims against the BP and Shell Defendants have been

dismissed for over a year now, yet they still remain as formal parties to this litigation.  Entry of final judgment now would relieve them of the burden of remaining as parties in the district court.

In addition to eliminating burdens on the parties, entering final judgment under Rule 54(b) is appropriate where it will promote efficiency at the district court level.  *Ginett*, 962 F.2d at 1095 ("sound judicial administration must involve a proper regard for the duties of both the district court and the appellate court"); *In re MTBE,* 2010 WL 1328249 at *4 (considering "district court efficiency" in entering Rule 54(b) judgment).  If the court of appeals affirms this Court's summary judgment ruling in favor of the BP and Shell Defendants, the claims as to those defendants are fully and finally resolved, and the litigation will be over for those parties.  Should the court of appeals disagree with this Court's entry of summary judgment for  the BP and Shell Defendants, a potentially duplicative trial may be avoided.  *Grand River Enters. Six Nations, Ltd. v. Pryor*, 425 F.3d 158, 165 (2d Cir. 2005) (finding Rule 54(b) certification proper where appeal might avoid duplicative trial); *Advanced Magnetics, Inc. v. Rayfront Partners, Inc.,* 106 F.3d 11, 16 (2d Cir. 1997) (Rule 54(b) judgment appropriate "where an expensive and duplicative trial could be avoided").

The fact that claims similar to those that OCWD brought against the BP and Shell Defendants remain pending as to other defendants is no reason to decline entry of a Rule 54(b) final judgment. "Only those claims 'inherently inseparable' from or 'inextricably interrelated' to each other are inappropriate for rule 54(b) certification."  *Ginett,* 962 F.2d at 1096.  At first blush, the dismissed claims against the BP and Shell Defendants resemble those pending as to the remaining defendants; in reality, the bases for OCWD's claims differ markedly from defendant to defendant.  As the "Station Matrix" contained in Case Management Order No. 116 and the list of remanded claims in the Suggestion to Remand demonstrate, the basis for liability as to each defendant differs on a station-by-station basis. Plaintiff will need to prove and the defenses that will be offered will differ from station-to-station and defendant-to-defendant, making a Rule 54(b) final judgment appropriate.  *See Noel v. Hall*, 568 F.3d 743, 747 (9th Cir. 2009) ("[a]lthough similar claims remain pending against other defendants, the factual bases of many of the claims differ as to each defendant.  Moreover, we have held that claims certified for appeal do not need to be separate and independent from the remaining claims, so long as resolving

the claims would 'streamline the ensuing litigation'"); *In re S. African Apartheid Litig.*, 2009 WL 3364035 at *1 (entering Rule 54(b) final judgment where claims against dismissed defendant were "separable from the claims against the remaining defendants and could be decided independently from the other claims," and were "based on distinct allegations that do not relate to the conduct of the remaining defendants and could be severed from the remaining allegations").

The Court must also consider efficiencies at the appellate levels, *In re MTBE,* 2010 WL 1328249 at *5, but the mere fact that a court of appeals might be forced to consider issues pertaining to the same claims later in the case does not, by itself, foreclose entry of a Rule 54(b) final judgment. As the Third Circuit observed in *Bogosian*:

> We have noted that with the advent of the 1961 amendment it is now possible in appropriate cases to enter final judgment as to some but fewer than all parties even though a single claim is involved. In that situation, it would be clear that the court of appeals might be forced to consider the same claim again as to the parties against whom no judgment had been entered at the time of the appeal. Thus, we conclude that that fact alone cannot make it inappropriate to enter final judgment as to some but fewer than all parties.

*Bogosian*, 561 F.2d at 442.

*Bogosian* involved a situation similar to this matter, and provides strong support for entry of a Rule 54(b) final judgment. There, the district court granted summary judgment for one defendant in each of two complex antitrust cases pending before it. The district court found no just reason for delay and certified its grant of summary judgment as a final judgment under Rule 54(b). The Third Circuit held that even though the need for an appeal potentially could be mooted by subsequent developments in the trial court, those developments "might take a number of years to reach and, in the interim, the defendants would bear the uncertainty arising from the fact that they may be forced to defend a massive antitrust claim in the future." *Id*. at 443. Likewise, the court found that "an appellate decision reversing the entry of summary judgment … might necessitate a second trial," which would involve much of the same proof that would be placed in evidence at the first trial. The court, therefore, "f[ou]nd no abuse of discretion in the district court's implicit determination that the policy against piecemeal review was not unduly frustrated by immediately entering these judgments." *Id*.

So too here.  Although other issues may be raised on an appeal,[2] the chief issue will be whether this Court correctly granted summary judgment for the BP and Shell Defendants based on the res judicata effect of their consent judgments with the OCDA.  If the court of appeals agrees that this Court's entry of summary judgment for the BP and Shell Defendants on that ground was correct, any other issues that the parties might raise on appeal would be rendered moot.  Any inefficiencies at the appellate level would be more than outweighed by the elimination of the existing burdens on the parties and the potential benefits in efficiency at the district court level.  *Cf. In re MTBE,* 2010 WL 1328249 at *5.

Nor should the timing of the parties' Rule 54(b) request be an impediment.  Although OCWD delayed a substantial amount of time after entry of the Res Judicata Order granting summary judgment before seeking a Rule 54(b) final judgment,[3] both the BP and Shell Defendants promptly joined with OCWD in agreeing that Rule 54(b) final judgment was appropriate following this Court's Res Judicata Order and denial of OCWD's motion to include the BP and Shell Defendants in the Suggestion to Remand this case to the Central District of California.

---

[2] "A district court is not empowered to certify issues for appeal under Rule 54(b) but only to enter judgment without delay on decisions which are final under 28 U.S.C. §1291.  It is axiomatic that an appeal taken from a judgment entered under 54(b) brings to the court of appeals all issues determined in the district court which would be reviewable on an appeal from any final judgment."  *Bogosian, supra,* 561 F.2d at 443.

[3] In seeking to justify OCWD's unexplained delays in seeking entry of a Rule 54(b) final judgment, counsel for OCWD has erroneously and repeatedly sought to blame the BP and Shell Defendants, most recently claiming that the "res judicata motion could have and should have been brought when the case was first filed."  Nov. 3, 2015 Tr. at 15.  Aside from being a non sequitur, OCWD ignores the fact that (1) the consent judgment between the Orange County District Attorney and the Shell Defendants that formed the basis for Shell's res judicata motion was not entered until 2005, two years after this case was filed; and (2) both the BP and Shell Defendants cited, and this Court referenced in its Res Judicata Order, numerous materials that OCWD produced in discovery demonstrating that OCWD was in privity with the Orange County District Attorney, including documents showing that OCWD "knew of OCDA's lawsuits, attended meetings at which the OCDA discussed those suits, and offered the OCDA assistance in pursuing them," 46 F.Supp.3d at 451, citing Def. Rule 56.1 Statement ¶¶ 11-12, OCWD correspondence showing it provided assistance to the OCDA to held in the enforcement of cleanup of MTBE, *id.*, and documents showing that OCWD's senior staff actively discussed the OCDA's suits and supported them.  *Id.  See also id.* at 444 & nn.14-18.  None of this evidence was available to the BP and Shell Defendants "when the case was first filed."  The res judicata motion was brought at the close of discovery in accordance with the Court's summary judgment schedule.  OCWD's unusual argument that the BP and Shell Defendants somehow prejudiced OCWD by not disposing of its claims sooner is without merit.

## CONCLUSION

For all the foregoing reasons, there is no just reason for delay and the Court should direct the Clerk to enter final judgment forthwith in favor of the BP and Shell Defendants and against OCWD.

Dated: November 13, 2015                     Respectfully submitted,


/s/ *Stephanie B. Weirick*
Stephanie B. Weirick
ARNOLD & PORTER LLP
601 Massachusetts Ave., NW
Washington, D.C.  20001-3743
Telephone:  (202) 942-5169
Facsimile:  (202) 942-5999

Matthew T. Heartney
Lawrence A. Cox
ARNOLD & PORTER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, California  90017
Telephone:  (213) 243-4000
Facsimile:  (213) 243-4199

Attorneys for Defendants
Atlantic Richfield Company, BP Products North
America Inc., and BP West Coast Products LLC

Richard E. Wallace, Jr.
Peter C. Condron
Amanda Gilbert Sow
SEDGWICK LLP
2900 K Street, N.W.
Harbourside - Suite 500
Washington, D.C.  20007
Telephone:  (202) 204-1000
Facsimile:  (202) 204-1001

Attorneys for Defendants
Shell Oil Company, Equilon Enterprises LLC, and
Texaco Refining and Marketing Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of November, 2015, I electronically filed the foregoing **THE BP AND SHELL DEFENDANTS' MEMORANDUM IN SUPPORT OF THE ENTRY OF RULE 54(b) FINAL JUDGMENT** with the Clerk of the Court using the CM/ECF system and to all counsel of record via File & ServeXpress.


/s/ *William T. Costley III*
William T. Costley III