USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/1/15

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**IN RE: METHYL TERTIARY BUTYL ETHER ("MTBE") PRODUCTS LIABILITY LITIGATION**

---

**This document relates to:**

*Orange County Water District v. Unocal Corporation, et al.*, 04 Civ. 4968

---

**OPINION AND ORDER**

**Master File No. 1:00-1898**
**MDL 1358 (SAS)**
**M21-88**

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I. INTRODUCTION

This is a consolidated multi-district litigation ("MDL") relating to contamination – actual or threatened – of groundwater from various defendants' use of the gasoline additive methyl tertiary butyl ether ("MTBE") and/or tertiary butyl alcohol ("TBA"), a product formed by the breakdown of MTBE in water. In this case, plaintiff Orange County Water District ("OCWD"), which is charged with maintaining groundwater quality, alleges that defendants' use and handling of MTBE has contaminated, or threatens to contaminate groundwater within its jurisdiction. Familiarity with the underlying facts is presumed for the purposes of this Order.

Defendants Atlantic Richfield Company, Inc., BP West Coast Products LLC, BP Products North America Inc. (the "BP Defendants"), Equilon Enterprises LLC, Shell Oil Company, Inc., and Texaco Refining and Marketing Inc. (the "Shell Defendants") (together, the "Judgment Defendants") request that this Court enter final judgment under Federal Rule of Civil Procedure 54(b). For the reasons stated below, that request is GRANTED.

## II. BACKGROUND

In 1999, the Orange County District Attorney ("OCDA") sued the BP Defendants, alleging that they were responsible for the release of MTBE into Orange County soil and groundwater and requesting "equitable relief, damages, and penalties."[1] In 2001, OCDA filed suit against the Shell Defendants on similar allegations.[2] The BP and Shell Defendants eventually agreed to settle the case, and the Orange County Superior Court entered judgments (the "Consent Judgments") against the BP and Shell Defendants in 2002 and 2005 respectively.[3]

In 2003, the OCWD filed suit against the BP Defendants, Shell Defendants, and various other oil and gas companies for MTBE and TBA

---

[1] *In re MTBE Prods. Liab. Litig.*, 46 F. Supp. 3d 440, 443 (S.D.N.Y. 2014).

[2] *See id.*

[3] *See id.*

contamination.[4] On September 16, 2014, this Court granted summary judgment to the BP and Shell Defendants on res judicata grounds based on the 2002 and 2005 Consent Judgments.[5] Specifically, the Court found that the OCWD's present lawsuit sought to enforce the same "primary rights" at issue in the OCDA action and that "[b]ecause the District and the OCDA were both acting on behalf of the public to enforce the same primary right, the parties are in privity."[6]

Despite this Court's holding that res judicata barred the claims against the BP and Shell Defendants, the OCWD moved to include them in this Court's Suggestion to Remand for certain focus plume sites on the theory that res judicata did not bar claims for continuing nuisance.[7] This Court denied that motion, in an Opinion issued August 26, 2015, holding that the language of the Consent Judgments indicates a clear intent on behalf of the parties to cover the current continuing nuisance claims and that the contrary result would "create the very type

---

4 *See* Third Amended Complaint (Dkt. No. 27).

5 *See In re MTBE Prods. Liab. Litig.*, 46 F. Supp. 3d at 443.

6 *Id*. at 449-51 (noting that the parties did not dispute that the Consent Judgments constituted "final judgments").

7 *See* Memorandum of Law in Support of Plaintiff Orange County Water District's Motion for Inclusion of Shell and BP in Remand Order (Dkt. No. 454).

of unfair and absurd result that courts strive to avoid when construing contracts."[8] No claims remain against the BP and Shell Defendants.

On September 29, 2015, this Court entered a Suggestion to Remand to the United States District Court for the Central District of California for trial at sixteen focus plume sites.[9] The Judgment Defendants and the OCWD now request that this Court enter final judgment under Rule 54(b). The remaining defendants (the "Non-Judgment Defendants") oppose entry of final judgment on the ground that they will suffer prejudice if final judgment is entered and the OCWD is permitted to appeal.

## III. APPLICABLE LAW

Rule 54(b) provides that:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

In order to reach the conclusion that a final judgment under Rule 54(b) is appropriate, a court must determine that three requirements are satisfied: "(1) there

---

8 *In re MTBE Prods. Liab. Litig.*, No. 04 Civ. 4968, 2015 WL 5051660, at *3 (S.D.N.Y. Aug. 26, 2015).

9 *See* Suggestion to Remand (Dkt. No. 460).

are multiple claims or parties; (2) at least one claim or the rights and liabilities of at least one party has been finally determined; and (3) the court makes an 'express [ ] determin[ation] that there is no just reason for delay.'"[10]

As to the third determination, "[i]t is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal."[11] In so deciding, the Court "must take into account judicial administrative interests as well as the equities involved. Consideration of the former is necessary to assure that application of the Rule effectively 'preserves the historic federal policy against piecemeal appeals.'"[12]

## IV. DISCUSSION

There is no serious dispute that the first two requirements of Rule 54(b) are satisfied.[13] The OCWD named numerous parties in addition to the BP

---

[10] *Acumen Re Mgmt. Corp. v. General Sec. Nat. Ins. Co.*, 769 F.3d 135, 140 (2d Cir. 2014) (quoting Fed. R. Civ. P. 54(b)) (alterations in original).

[11] *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 435 (1956)).

[12] *Id*. (quoting *Sears, Roebuck & Co.*, 351 U.S. at 438).

[13] *See generally* Opposition to Plaintiff Orange County Water District's Request for Rule 54(b) Order; 11/3/15 Transcript, No. 00 Civ. 1898 (Dkt. No. 4289).

and Shell Defendants in its Third Amended Complaint.[14] The Court's two decisions issued on September 16, 2014 and August 26, 2015 determined all of the rights and liabilities of the BP and Shell Defendants by finding that all claims asserted against them were barred by res judicata.[15]

Finally, this Court is convinced that there is "no just reason for delay." The Second Circuit has made clear that the "increased complexity of litigation" "cr[ies] out for flexibility in granting partial final judgments under rule 54(b)."[16] Indeed, the Second Circuit specifically refers to "asbestos litigation [and] other mass torts" as the types of cases that demand this sort of flexibility.[17]

Sound judicial administration and the equities of this particular case strongly militate in favor of a 54(b) final judgment. The cases in the MTBE MDL are unusually complex, involving numerous defendants and alleged contamination sites. This case is no exception.[18] The OCWD filed its initial Complaint in 2003 and only now in 2015 has the case advanced far enough for a trial on sixteen focus

---

14 *See* Third Amended Complaint.

15 *See supra* Section II.

16 *Ginett v. Computer Task Grp., Inc.*, 962 F.2d 1085, 1095 (2d Cir. 1992).

17 *Id*. (citations omitted).

18 *See* Third Amended Complaint.

sites, selected from more than four hundred sites at issue.[19] This "focused" trial at sixteen potential contamination sites involves five different defendants and five separate causes of action, requiring the factfinder to make forty-two separate determinations of liability – not to mention damages calculations.[20] The nature of MTBE and the claims of contamination tend to require the extensive use of hydrogeological experts to model the movement of MTBE through underground aquifers.[21] In the event that the parties do not reach a settlement, additional proceedings and further trials will be required to resolve the claims at the remaining contamination sites. No final judgment could be entered until all the claims are resolved.

---

19 *In re MTBE Prods. Liab. Litig.*, 475 F. Supp. 2d 286, 290 (S.D.N.Y. 2006).

20 *See* Suggestion to Remand, Trial Matrix (not all causes of actions apply to every trial site).

21 *See, e.g.*, *In re MTBE Prods. Liab. Litig.*, 980 F. Supp. 2d 425, 454 (S.D.N.Y. 2013) ("The plaintiffs in New York engaged a hydrogeological expert . . . who constructed site-specific models, and used them to 'make numerical projections about how high of a concentration of MTBE will occur at [the site at issue] in the future, and how long it will last[,]' and to 'determine how long MTBE contamination at [the sites at issue] would last . . . .'") (quoting *In re MTBE Prods. Liab. Litig.*, 725 F.3d 65, 86 (2d Cir. 2013) (alterations in original)); *In re MTBE Prods. Liab. Litig.*, No. 04 Civ. 2389, 2007 WL 1601491, at *4 (S.D.N.Y. June 4, 2007) ("The process by which MTBE moves from multiple release points, through soil and groundwater and a network of aquifers, and into plaintiffs' wells is complex.").

Rule 54(b) certification is appropriate where immediate appellate review "might avoid a duplicative trial should the decision . . . dismissing the [] claims be reversed."[22] If the Second Circuit determines that this Court's res judicata Opinions are in error, the Judgment Defendants will be reinstated, and the California district court will likely have to hold a second trial of comparable complexity related only to the sixteen focus sites – demanding significant expenditure of judicial resources by the Court and monetary resources by the parties. Depending on the trajectory of the litigation after the first trial, additional discovery may be needed at the other sites and the Judgment Defendants may need to make additional motions. This additional delay would extend an already lengthy litigation which would further increase the litigation costs for all involved – Judgment and Non-Judgment Defendants alike – and deprive the parties of a just resolution of their dispute.[23]

---

22 *Grand River Enters. Six Nations, Ltd. v. Pryor*, 425 F.3d 158, 165 (2d Cir. 2005). *Accord Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 16 (2d Cir. 1997) (holding that certification is appropriate "'where an expensive and duplicative trial could be avoided if, without delaying prosecution of the surviving claims, a dismissed claim were reversed in time to be tried with the other claims.'" (quoting *Cullen v. Margiotta*, 811 F.2d 698, 711 (2d Cir. 1987)).

23 *See Olin Corp. v. Insurance Co. of N. Am.*, 771 F. Supp. 76, 80 (S.D.N.Y. 1991), *aff'd sub nom. Olin Corp. v. Insurance Co. of NA*, 972 F.2d 1328 (2d Cir. 1992) (holding that the possible accrual of litigation expenses justified 54(b) certification).

This complexity and potential duplication of proceedings are precisely why the Second Circuit has concluded that "sound judicial administration must involve a proper regard for the duties of both the *district court* and the appellate court."[24] The possibility of piecemeal appeals is no longer talismanic and may be "outweighed by harm that would be caused by preventing the parties in this MDL from receiving appellate review until the remaining . . . claims are either tried or settled."[25]

The Non-Judgment Defendants' claims of prejudice are either nonexistent or overblown. The Judgment Defendants claims were resolved on res judicata grounds – grounds that are unique to those defendants because of their involvement in the OCDA litigation. In the event that the Second Circuit finds in the Judgment Defendants' favor on this unique and separable ground, the Non-Judgment Defendants face no possibility of prejudice.

Even assuming that alternative grounds are implicated, the Non-Judgment Defendants only generally argue that "critical, case-wide matters" could

---

[24] *Ginett*, 962 F.2d at 1095 (emphasis added).

[25] *In re MTBE Prods. Liab. Litig.*, No. 04 Civ. 3417, 2010 WL 1328249, at *5 (S.D.N.Y. Apr. 5, 2010).

be decided without specifying anything more.[26] At the November 3, 2015 hearing, the Judgment Defendants and the OCWD identified only two additional issues that they anticipate being raised on appeal:[27] (1) this Court's determination of recoverable damages under the Orange County Water District Act[28] and (2) this Court's statute of limitations decisions.[29]

The risk of prejudice to the Non-Judgment Defendants in allowing these two issues to be appealed now is minimal. The Judgment and Non-Judgment Defendants have similar if not identical interests on these issues, and, in any event, the parties will consent[30] to the filing of an amicus brief by the Non-Judgment Defendants which may then be filed as of right under Federal Rules of Appellate

---

[26] Opposition to Plaintiff Orange County Water District's Request for Rule 54(b) Order at 8 (Dkt. No. 462).

[27] *See* 11/3/15 Transcript at 8-10. The Non-Judgment Defendants did not object to this characterization at the hearing.

[28] *See In re MTBE Prods. Liab. Litig.*, 824 F. Supp. 2d 524 (S.D.N.Y. 2011).

[29] *See In re MTBE Prods. Liab. Litig.*, 475 F. Supp. 2d 286 (S.D.N.Y. 2006); *In re MTBE Prods. Liab. Litig.*, 676 F. Supp. 2d 139 (S.D.N.Y. 2009); *In re MTBE Prods. Liab. Litig.*, No. 04 Civ. 4968, 2009 WL 4496736 (S.D.N.Y. Dec. 2, 2009); *In re MTBE Prods. Liab. Litig.*, 67 F. Supp. 3d 619 (S.D.N.Y. 2014).

[30] *See* 11/3/15 Transcript at 12.

Procedure 29(a).[31] In addition, the OCWD and Judgment Defendants have agreed to support[32] a request for an extended page limit and oral argument for the Non-Judgment Defendants as amici.[33]

Entry of final judgment would benefit all parties by reducing litigation costs and preventing possible duplicative trials. The res judicata decisions, which are the focus of the appeal, are discrete and separable issues that are appropriately decided by the circuit court on a 54(b) certification. Finally, to the extent other issues are raised on appeal, the prejudice to the Non-Judgment Defendants would be small and certainly does not justify the harm that both the OCWD and Judgment Defendants would face by having to wait – potentially years – for a full appeal to be heard.

## V. CONCLUSION

For the aforementioned reasons, the request for a 54(b) final judgment is GRANTED. The Clerk of Court is directed to enter final judgment for Atlantic Richfield Company, Inc., BP West Coast Products LLC, BP Products North

---

[31] *See* Fed. R. App. P. 29(a) ("Any other amicus curiae may file a brief only by leave of court or if the brief states that all parties have consented to its filing.").

[32] *See* 11/3/15 Transcript at 12, 17.

[33] *See* Fed. R. App. P. 29(d), (f) (directing that upon permission from the appellate court, amici may file longer briefs and participate in oral argument).

America Inc., Equilon Enterprises LLC, Shell Oil Company, Inc., and Texaco Refining and Marketing Inc.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated: New York, New York
December 1, 2015

**- Appearances -**

**Liaison Counsel for Plaintiffs:**

Robin Greenwald, Esq.
Robert Gordon, Esq.
Weitz & Luxenberg, P.C.
180 Maiden Lane
New York, NY 10038
(212) 558-5500

**Counsel for OCWD:**

Michael Axline, Esq.
Miller, Axline, & Sawyer
1050 Fulton Avenue, Suite 10
Sacramento, CA 95825
(916) 488-6688

**Liaison Counsel for Defendants:**

Peter John Sacripanti, Esq.
James A. Pardo, Esq.
McDermott Will & Emery LLP
50 Rockefeller Plaza, 11th Floor
New York, NY 10020
(212) 547-5583

**Counsel for Shell Defendants:**

Richard E. Wallace, Jr., Esq.
Peter C. Condron, Esq.
Amanda Gilbert, Esq.
Sedgewick LLP
29 K Street, N.W.
Harbourside - Suite 500
Washington, D.C. 20007
(202) 204-1000

**Counsel for BP Defendants**:

Matthew T. Heartney, Esq.
Lawrence A. Cox, Esq.
Stephanie B. Weirick, Esq.
Arnold & Porter LLP
777 South Figueroa Street
Los Angeles, CA 90017
(213) 243-4150

**Counsel for Chevron U.S.A. Inc. and Union Oil Company of California and on behalf of Non-Judgment Defendants:**

Jeremiah J. Anderson, Esq.
Robert E. Meadows, Esq.
King & Spalding LLP
1100 Louisiana, Suite 4000
Houston, Texas 77002
(713) 751-3200

Charles C. Correll, Jr., Esq.
King & Spalding LLP
101 Second Street, Suite 2300
San Francisco, CA 94105
(415) 318-1200