**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------- X
                                                       :

**IN RE: METHYL TERTIARY BUTYL**    :
**ETHER ("MTBE") PRODUCTS**       :
**LIABILITY LITIGATION**            :
------------------------------------------------- :
                                                       :

**This document relates to:**        :
                                                       :

*Commonwealth of Puerto Rico, et al. v.*   :
*Shell Oil Co., et al.*, 07 Civ. 10470     :
                                                       :
------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _12/3/15_

**OPINION AND ORDER**

**Master File No. 1:00-1898**
**MDL 1358 (SAS)**
**M21-88**

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I.    INTRODUCTION

        This is a consolidated multi-district litigation ("MDL") relating to contamination—actual or threatened—of groundwater from various defendants' use of the gasoline additive methyl tertiary butyl ether ("MTBE") and/or tertiary butyl alcohol, a product formed by the breakdown of MTBE in water. In this case, the Commonwealth of Puerto Rico ("the Commonwealth") alleges that defendants' use and handling of MTBE has contaminated, or threatened to contaminate groundwater within its jurisdiction. Familiarity with the underlying facts is presumed for the purposes of this Order.

        Currently before the Court is Shell Western Supply and Trading

1

Limited ("Shell West") and Shell International Petroleum Company Limited's

("SIPC's") motion for partial summary judgment on the grounds that the

Commonwealth's claims are time-barred.  For the reasons stated below, the motion

is DENIED.

## II.    BACKGROUND

The Commonwealth filed its original Complaint alleging injury to the

waters of the Commonwealth on June 12, 2007.  On December 3, 2012, the

Commonwealth filed its Third Amended Complaint ("TAC") that added, inter alia,

defendants Shell West and SIPC as jointly and severally liable "Refiner/Supplier

Defendants."[1]  The Commonwealth asserts Causes of Action I through V against

Shell West and SIPC, alleging that they "refined, marketed and/or otherwise

supplied (directly or indirectly) gasoline and/or other products containing MTBE

[and] knew or should have known [the products] would be delivered into the

Commonwealth."[2]

## III.   LEGAL STANDARD

Summary judgment is appropriate where, "viewing the record in the

---

[1]    Third Amended Complaint ¶ 21 (Dkt. No. 178).

[2]    *Id*.  Causes of Action I through V are: (I) Strict Products Liability; (II)
Public Nuisance; (III) Trespass; (IV) Negligence; and (V) Puerto Rico
Environmental Public Policy Act ("EPPA").

light most favorable to the non-moving party . . . 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'"[3] "In making this determination . . . we resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought."[4] "A fact is material if it might affect the outcome of the suit under the governing law, and an issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[5]

"The moving party bears the burden of showing the absence of a genuine dispute as to any material fact."[6] To defeat a motion for summary judgment, the non-moving party must "'do more than simply show that there is some metaphysical doubt as to the material facts, and may not rely on conclusory allegations or unsubstantiated speculation.'"[7]

---

[3]    *Robinson v. Concentra Health Servs., Inc.*, 781 F.3d 42, 44 (2d Cir. 2015) (quoting Fed. R. Civ. P. 56(a)) (quotations omitted).

[4]    *Simpson v. City of New York*, 793 F.3d 259, 265 (2d Cir. 2015) (quotations omitted).

[5]    *Windsor v. United States*, 699 F.3d 169, 192 (2d Cir. 2012), *aff'd*, 133 S.Ct. 2675 (2013) (quotations and alterations omitted).

[6]    *Crawford v. Franklin Credit Mgmt. Corp.*, 758 F.3d 473, 486 (2d Cir. 2014) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)).

[7]    *Robinson*, 781 F.3d at 44 (quoting *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011)).

"'The function of the district court in considering the motion for summary judgment is not to resolve disputed questions of fact but only to determine whether, as to any material issue, a genuine factual dispute exists.'"[8] "'Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.'"[9] "'Because the statute of limitations is an affirmative defense, the defendant bears the burden of establishing by prima facie proof that the limitations period has expired since the plaintiff's claims accrued.'"[10]

## IV.    APPLICABLE LAW

### A.    Statute of Limitations

In Puerto Rico, Article 1802 of the Civil Code, L.P.R.A. section 5141, governs obligations that "arise from fault or negligence."[11]  "The statute of

---

[8]    *Rogoz v. City of Hartford*, 796 F.3d 236, 245 (2d Cir. 2015) (quoting *Kaytor v. Electric Boat Corp.*, 609 F.3d 537, 545 (2d Cir. 2010)).

[9]    *Crawford*, 758 F.3d at 486 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

[10]    *Szymanski v. Local 3, Int'l Bhd. of Elec. Workers*, 577 Fed. App'x 52, 53 (2d Cir. 2014) (quoting *Overall v. Estate of Klotz*, 52 F.3d 398, 403 (2d Cir. 1995)).

[11]    *Fraguada Bonilla v. Hospital Auxilio Mutuo*, 186 D.P.R. 365, at *3 (2012).  All page numbers of Puerto Rican cases refer to the translations submitted by the parties (Dkt. Nos. 277, 643).

4

limitations for these actions is one year as provided by Art. 1868 of the Civil Code, 31 L.P.R.A. sec[tion] 5298."[12]  In Puerto Rico, the limitations period runs from the time the aggrieved party has "notice of the injury, plus notice of the person who caused it."[13]  Once the defendant has established that the injury occurred more than one year prior to the filing of the TAC, *i.e.*, December 3, 2011, the plaintiff "'bears the burden of proving that she lacked the requisite knowledge at the relevant times.'"[14]

"Art. 1873 of the Civil Code, 31 L.P.R.A. sec. 5303 establishes that the expiration of the statute of limitations in actions is tolled by [1] exercising them in court, [2] by an extrajudicial claim by the creditors, and [3] by any other act of acknowledgment of debt by the debtor."[15]  On August 13, 2012, the Puerto Rico Supreme Court changed the rule governing the function of these tolling mechanisms in *Fraguada Bonilla v. Hospital Auxilio Mutuo*, 186 D.P.R. 365 (2012).

---

[12]     *Id.* (brackets in original).

[13]     *Rodriguez-Suris v. Montesinos*, 123 F.3d 10, 13 (1st Cir. 1997) (quotation and citations omitted).

[14]     *Alejandro-Ortiz v. Puerto Rico Elec. Power Auth.*, 756 F.3d 23, 27 (1st Cir. 2014) (quoting *Hodge v. Parke Davis & Co.*, 833 F.2d 6, 7 (1st Cir. 1987)).

[15]     *Fraguada* at *3.

Prior to *Fraguada*, the standard enunciated in *Arroyo v. Hospital La Concepcion*, 130 D.P.R. 596 (1992), governed.  This standard provided for generous tolling of the statute of limitations.

> Timely filing of a complaint by an injured party against a joint and several co-tortfeasor automatically tolls the statute of limitations against all of the other co-tortfeasors. . . . [T]he alleged joint and several co-tortfeasors can be incorporated into the litigation through an amendment to the complaint or a third-party complaint, and the claimant merely must allege well and sufficiently that the new defendant is jointly and severally liable for the harm.[16]

Under *Arroyo*, the plaintiff need only allege the later-added defendant is jointly and severally liable for the claims brought in the initial complaint to toll the statute of limitations.[17]

This standard failed to distinguish between "perfect" and "imperfect" joint and several liability.[18]  Perfect joint and several liability is that arising from "legal rules or a conventional agreement."[19]  Vicarious liability would be an example of such a legal rule, where suing an employee would indefinitely toll the

---

[16]      *Id.* at *4.

[17]      *See Tokyo Marine & Fire Ins. Co. v. Perez & Cia., De Puerto Rico, Inc.*, 142 F.3d 1, 5-10 (1st Cir. 1998) (analyzing whether a defendant can be jointly and severally liable with his insurance company for *Arroyo* tolling).

[18]      *Fraguada* at *4.

[19]      *Id*. at *7-8.

statute of limitations for the employer.[20]  Imperfect joint and several liability is that arising "from the illicit act that causes the injury."[21]  This is the more common joint and several liability arising, for example, from a car crash involving multiple tortfeasors.[22]

The *Fraguada* court reconsidered the *Arroyo* tolling rule because "[t]wo decades later, the accumulation of experiences forces us to conclude that the rule established therein did not reach the balance that was sought."[23]  The rule "provide[d] the greatest protection to the plaintiff . . . provid[ing] an automatic and indefinite tolling effect in prejudice of all those who could be jointly and severally liable for the injury."[24]

*Fraguada* overturned *Arroyo* by distinguishing between perfect and imperfect joint and several liability.  Both types of joint and several liability give rise to the "primary effect" that "each codebtor [is] responsible for paying all of the

---

[20]     *See Ramirez-Ortiz v. Corporacion Del Centro Cardiovascular De Puerto Rico y Del Caribe*, 994 F. Supp. 2d 218, 224 (D.P.R. 2014).

[21]     *Fraguada* at *8.

[22]     *See Ramirez-Ortiz*, 994 F. Supp. 2d at 223.

[23]     *Fraguada* at *8.

[24]     *Id*. at *8-9.

debt."[25]  Only perfect joint and several liability, however, gives rise to the

"secondary effect" that "a statute of limitations [is] tolled . . . indefinitely . . .

against the rest of the co-tortfeasors."[26]  Therefore, with imperfect joint and several

liability "the statute of limitations against each debtor [must] be tolled

individually."[27]

At issue here is which rule to apply to the pending motion.  The

*Fraguada* court declined to apply the new rule to the case before it because

"applying it to this case would have substantially unfair results for the respondents,

who relied on the prior rule."[28]  The court held that:

> Public policy and social considerations have made us decide that
> this rule shall have prospective effects, since the purpose sought
> is to award fair and equitable relief resulting in better social
> coexistence.  Subsequently, all causes of action filed according to
> Art. 1802 of the Civil Code, *supra*, shall be adjudicated in
> accordance with the rules established herein.[29]

The parties dispute the meaning of the term "prospective effects."

---

[25]     *Id.* at *8.

[26]     *Id.*

[27]     *Id*. at *10.

[28]     *Id*. at *11.

[29]     *Id*. at *11-12 (citations omitted).

B.      **Decisions by This Court**[30]

This Court has issued three opinions in this case dealing with the prospective application of *Fraguada*.  *First*, on July 16, 2013, this Court held that the *Fraguada* rule applies to defendants added in the TAC and granted three TAC defendants' motion to dismiss based on statute of limitations.[31]  This Court reasoned that because *Fraguada* applied prospectively and because the TAC was filed after *Fraguada*, "*Fraguada* bars the Commonwealth's use of the 2007 filing date to toll the statute of limitations."[32]  *Second*, on August 2, 2013, this Court denied a motion for reconsideration of the above opinion.[33]  The Court reiterated that "[n]owhere does *Fraguada* indicate that the narrow retroactivity exception should apply to cases filed *after* the date of the court's opinion, nor is there any indication that its new tolling rule should not apply to parties sued after its decision was announced."[34]  *Third*, on December 30, 2013, this Court granted summary

---

[30]      I address these decisions in a companion Opinion filed today.

[31]      *See In re MTBE Prods. Liab. Litig.*, 959 F. Supp. 2d 476 (S.D.N.Y. 2013).

[32]      *Id.* at 497.

[33]      *See In re MTBE Prods. Liab. Litig.*, No. 07 Civ. 10470, 2013 WL 4008632 (S.D.N.Y. Aug. 2, 2013).

[34]      *Id*. at *2 (emphasis in original).

9

judgment for three defendants added in the TAC.[35]  The Court did not repeat its
earlier discussion, but cited to the August 2 opinion for the proposition that the
*Fraguada* rule applies.[36]

### C.   Decisions by Other Courts

The Puerto Rico Court of Appeals has now held three times that
*Arroyo* tolling applies to the current facts – where a complaint was filed prior to
*Fraguada* and an amended complaint adding defendants was filed after
*Fraguada*.[37]  The District Court for the District of Puerto Rico has reached the
same conclusion.[38]  In addition, the Puerto Rico Court of Appeals applied the

---

[35]    *See In re MTBE Prods. Liab. Litig.*, No. 07 Civ. 10470, 2013 WL
6869410 (S.D.N.Y. Dec. 30, 2013).

[36]    *See id.* at *3.

[37]    *See Lozada Maldonado v. Oliveras Guerras*, No. Civ. KDP 2011-
0836, 2014 WL 74633980 (T.C.A. Nov. 24, 2014) (Complaint:  July 11, 2011.
Amended:  Mar. 18, 2013.  Cert. denied.); *Davis Davis v. Colon Rivera*, No. Civ.
KDP2010-0200, 2014 WL 7503720 (T.C.A. Nov. 25, 2014) (Complaint:  Feb. 18,
2010.  Amended:  Aug. 29, 2012.  Cert. denied.); *Diaz Diaz v. Colon Gonzalez*,
No. Civ. B3C1201000119, 2013 WL 5786802 (T.C.A. Sept. 30, 2013) (Complaint:
2010.  The opinion does not provide the date of the amended complaint, but the
docket indicates and defendants concede that the amended complaint was filed
after *Fraguada*.).  *See also* 10/15/15 Transcript of Oral Argument, No. 00 Civ.
1898 (Dkt. No. 4278) at 21-26.

[38]    *See Santiago-Lampon v. Real Legacy Assurance*, No. 12 Civ. 1314,
2014 WL 526620 (D.P.R. Feb. 6, 2014) (Complaint:  May 8, 2012.  Amended:
Sept. 12, 2012.).

*Arroyo* rule in one case where extrajudicial tolling steps were taken prior to *Fraguada* but the initial complaint was filed after *Fraguada*.[39]

These decisions reflect that "the Supreme Court used 'the plaintiffs' reliance on the old rule' as a criterion" for determining whether to apply the new rule.[40]  Accordingly, it would be unfair to time-bar these actions because "plaintiffs managed their case according to the rule in force at the time of filing their action."[41]

Only twice has the Puerto Rico Court of Appeals concluded that *Fraguada* applies when the initial complaint was filed prior to *Fraguada*, but in both cases, the court failed to discuss the *Fraguada* court's admonition that the tolling rule should apply prospectively.[42]  These opinions only note that because

---

[39]     *See Burgos Rosario v. Commonwealth of Puerto Rico*, No. Civ. KDP13-0051 (801), 2013 WL 5800328 (T.C.A. Sept. 30, 2013) (Alleged Tolling Steps:  July 15, 2010 to Jan. 24, 2012.  Complaint: Jan. 18, 2013.  Cert. granted. Partial judgment on statute of limitations reversed and remanded for discovery on tolling steps.).

[40]     *Lozada Maldonado*,  2014 WL 74633980, at *4 (quoting *Fraguada* at *11).

[41]     *Davis Davis*, 2014 WL 7503720, at *9.

[42]     *See Ocasio Nieves v. Municipio de Catano*, No. Civ. DDP2007-0820, 2014 WL 3827230 (T.C.A. June 11, 2014) (Complaint:  Aug. 31, 2007.  Amended: May 9, 2013.  Cert. granted and trial court reversed.); *Cubero Aponte v. Puerto Rico Aqueduct and Sewer Authority*, No. Civ. DDP2008-1040, 2014 WL 7474663 (T.C.A. Oct. 10, 2014) (Complaint:  Oct. 31, 2008.  Amended:  Apr. 27, 2010.

*Fraguada* overturned *Arroyo*, the *Fraguada* rule applies.[43]  Notably, both of these

opinions were decided by the same panel, authored by the same judge, and

reversed trial courts applying *Arroyo*.[44]

## V.   DISCUSSION

### A.   Law of the Case

Defendants argue that this Court should respect the law of the case

because there has not been an intervening change of law.[45]  This doctrine, while not

binding, "counsels a court against revisiting its prior rulings in subsequent stages

of the same case absent 'cogent' and 'compelling' reasons such as 'an intervening

change of controlling law, the availability of new evidence, or the need to correct a

clear error or prevent manifest injustice.'"[46]  Nonetheless, the overwhelming weight

of later decisions considering this issue, while not an intervening change of law,

---

Cert. granted and trial court reversed.).

[43]    *See Ocasio Nieves*, 2014 WL 3827230, at *7; *Cubero Aponte*, 2014 WL 7474663, at *7.

[44]    *See id.*

[45]    *See* Reply in Support of Motion for Summary Judgment of Shell Western Supply and Trading Limited and Shell International Petroleum Company Limited ("Reply Mem.") at 3.

[46]    *Ali v. Mukasey*, 529 F.3d 478, 490 (2d Cir. 2008) (quoting *United States v. Tenzer*, 213 F.3d 34, 39 (2d Cir. 2000)).

has convinced this Court that its earlier decisions were clear error.[47]

### B.    Statute of Limitations Tolling

The Puerto Rico Supreme Court has not yet clarified what it means for the *Fraguada* tolling rule to have prospective effect.  Where the Puerto Rico Supreme Court has not spoken directly on the issue, this Court must "undertake the imprecise but necessary task of predicting" how the court would rule.[48]  This Court should consider the decisions of intermediate appellate courts, but "we are not strictly bound by state intermediate appellate courts."[49]

*Fraguada*'s prospective effect language can be read three ways.  *First*, as defendants urge, because *Arroyo* has been overruled, all subsequently filed causes of action – including the TAC – must have been individually tolled from the time the Commonwealth had knowledge of the injury and who caused it, regardless of the fact that the *Arroyo* rule was in effect at that time.[50]  *Second*, as the Commonwealth urges, the *Arroyo* rule tolls the statute of limitations in perpetuity

---

[47]    This Court has issued an Order to Show Cause why the earlier decisions of this court should not be vacated and reconsidered.  *See* 10/15/15 Order to Show Cause (Dkt. No. 639).

[48]    *DiBella v. Hopkins*, 403 F.3d 102, 111 (2d Cir. 2005) (citing *Michalski v. Home Depot, Inc.*, 225 F.3d 113, 116 (2d Cir. 2000)).

[49]    *Id*. at 112.

[50]    *See* Reply Mem. at 1.

for co-tortfeasors – even after *Fraguada* – so long as the initial complaint was filed while the *Arroyo* rule governed.[51]  *Third*, as this Court interprets *Fraguada*, that decision ended *Arroyo* tolling and restarted the running of the statute of limitations for imperfectly jointly and severally liable co-tortfeasors.

        The first of these interpretations is irreconcilable with the fairness concerns expressed in *Fraguada*.  Courts typically apply newly announced statute of limitations rules prospectively "based on fundamental notions of justified reliance and due process."[52]  To do otherwise would be to "shut[] the courthouse door on [plaintiffs] because they were unable to predict the future."[53]  This precise concern motivated the *Fraguada* court when it announced that the new tolling rule shall have prospective effect because plaintiffs "relied on the prior rule."[54]  Every Puerto Rico Court of Appeals decision considering *Fraguada*'s prospective effect has reached the conclusion that it would be unfair to declare *Arroyo* tolling

---

[51]    *See* The Commonwealth of Puerto Rico's Memorandum of Law in Opposition to Shell Western Supply and Trading Limited's [sic] and Shell International Petroleum Company Limited's Motion for Summary Judgment Based on Statute of Limitations ("Pl. Mem.") at 6.

[52]    *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350, 370 (1991) (O'Connor, J., dissenting).

[53]    *Id.*

[54]    *Fraguada* at *11.

14

retroactively ineffective.[55]  The Commonwealth should not be barred from having its day in court because it justifiably relied on a tolling rule which has now been rejected.

The second interpretation, championed by the Commonwealth, however, ignores the *Fraguada* court's countervailing concern that the *Arroyo* rule "far from achieving equilibrium between opposing interests . . . tilts the balance in favor of claimant."[56]  The Commonwealth, in support of its contention, notes that the reasoning of subsequent Puerto Rico Court of Appeals decisions focuses solely on the date of the original complaint to determine which tolling rule to apply.[57]  These cases, however, use the date of the complaint because that is when the plaintiff relied on the tolling rule, but none of these cases have gone so far as to hold that *Arroyo* tolling continues indefinitely after *Fraguada*.[58]

---

[55]  *See supra* Section IV.C.  The two Puerto Rico Court of Appeals cases to the contrary failed to discuss *Fraguada*'s prospective effect at all.

[56]  *Fraguada* at *9.

[57]  *See* 10/15/15 Transcript of Oral Argument at 33, No. 00 Civ. 1898 (Dkt. No. 4278).

[58]  The Commonwealth submitted a translation of one case where the third-party complaint was filed more than a year after *Fraguada*.  *See Figuero Otero v. Universidad del Este de Carolina*, No. Civ. FDP2006-0612, 2015 WL 3488864 (T.C.A. Apr. 24, 2015).  But, this case provides little guidance to this Court because it confuses the *Arroyo* and *Fraguada* standards.  The court held that *Arroyo* applies to the third-party complaint but then quoted and applied the

15

The *Fraguada* court was motivated by "[p]ublic policy and social considerations" and sought "to award fair and equitable relief resulting in a better social coexistence."[59]  Indefinite *Arroyo* tolling post-*Fraguada* would continue to work injustice against unnamed defendants who may be added to this action in perpetuity.  This interpretation would also create a dual-track tolling system for actions filed before and after *Fraguada* that would be unnecessarily complex and inherently inequitable.

The third interpretation is most true to the actual text of *Fraguada* and the policy concerns that motivated the decision.  *Fraguada* unambiguously ended *Arroyo* tolling for subsequently filed actions, but because the new tolling rule applied prospectively, the prior *Arroyo* tolling was not retroactively invalidated.  Under Puerto Rican law when the action tolling the statute of limitations ends, the statute of limitations "reset[s] and beg[i]n[s] to run anew for another year."[60]  Here, the Commonwealth suffers no undue prejudice because it is still given the benefit

---

*Fraguada* rule requiring individual tolling.  *See id.* at *8.  The court found that the third-party action was untimely because the plaintiff had knowledge sufficient to trigger the statute of limitations for the later-added defendants when the initial complaint was filed.  *See id.* at *7-8.

[59]    *Fraguada* at *11.

[60]    *Rodriguez v. Suzuki Motor Corp.*, 570 F.3d 402, 408 (1st Cir. 2009) (holding that the "tolling effect persisted until that action came to a 'definite end' . . . when it was voluntarily dismissed").

of the entire year-long statute of limitations.  Importantly, this also "settle[s] the problem of uncertainty posed by the indefinite pendency of a cause of action" that the *Fraguada* court sought to remedy when it overturned *Arroyo*.[61]  The prior decisions by this Court were clear error on this point, and the law of the case is overruled.

The Commonwealth's claims against Shell West and SIPC are timely under this Court's interpretation of *Fraguada*.[62]  The TAC alleged that "Defendants are jointly and severally liable" for the injury to the waters of the Commonwealth.[63]  Under *Arroyo*, that allegation in conjunction with the timely filing of the initial Complaint on June 12, 2007, was sufficient to toll the statute of limitations indefinitely.  *Fraguada* ended that tolling period on August 13, 2013, and the statute of limitations began to run anew.  Shell West and SIPC were added by the TAC less than three months later on December 3, 2012, well within the one-year statute of limitations.

## VI.  CONCLUSION

---

[61]     *Fraguada* at *10.

[62]     This Court need not decide whether Shell West and SIPC are in "perfect solidarity" with the initial defendants at this time because the claims are timely regardless of whether perfect or imperfect joint and several liability applies. *See* Pl. Mem. at 12.

[63]     TAC, Requests for Relief ¶ A.

For the foregoing reasons, the defendants' motion for summary judgment is DENIED. The Clerk of the Court is directed to close this motion (Dkt. No. 606).

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            December 3, 2015

18

**- Appearances -**

**Liaison Counsel for Plaintiff:**

Robin Greenwald, Esq.
Robert Gordon, Esq.
Weitz & Luxenberg, P.C.
180 Maiden Lane
New York, NY 10038
(212) 558-5500

**Counsel for Plaintiff:**

John D.S. Gilmour, Esq.
Jackson Gilmour & Dobbs, P.C.
3900 Essex, Suite 700
Houston, TX 77027
(713) 355-5000

Jorge L. Flores, Esq.
Legal Counsel
Puerto Rico Department of Justice
Olimpo Street, Pda. 11
San Juan, Puerto Rico 00907

John K. Dema, Esq.
Law Offices of John K. Dema, P.C.
1236 Strand Street, Suite 103
Christiansted, St. Croix
U.S. Virgin Islands 00820

Orland H. Martinez, Esq.
Orland H. Martinez Law Offices
Centra de Seguros, Suite 413
701 Ponce de Leon Avenue
San Juan, Puerto Rico 00907

Michael Axline, Esq.

Miller Axline
1050 Fulton Avenue, Suite 100
Sacramento, CA 95825

**Liaison Counsel for Defendants, and Appearing on Behalf of Defendants:**

Peter J. Sacripanti, Esq.
James A. Pardo, Esq.
Michael J. Dillon, Esq.
McDermott Will & Emery LLP
50 Rockefeller Plaza, 11th Floor
New York, NY 10020
(212) 547-5583