USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/4/15

|  |  |
|---|---|
| NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION; THE COMMISSIONER OF THE NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION; and THE ADMINISTRATOR OF THE NEW JERSEY SPILL COMPENSATION FUND,<br><br>Plaintiffs,<br><br>V.<br><br>ATLANTIC RICHFIELD CO., et al.,<br><br>Defendants. | UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>IN RE MTBE LITIGATION<br>MASTER FILE No. 1:00-1898<br>MDL No. 1358 (SAS)<br><br>Civil Action No. 08 Civ. 00312<br><br>ORDER FOR FEES RELATED TO THE SETTLEMENTS WITH LYONDELL CHEMICAL CORPORATION AND WITH VITOL S.A. |

**THIS MATTER** having come before the Court on application by Cohn Lifland Pearlman Herrmann & Knopf LLP ("CLPHK") (Leonard Z. Kaufmann appearing), on behalf of CLPHK and on behalf of Miller and Axline P.C, the Law Office of John K. Dema, P.C. and Berger & Montague P.C. (collectively referred to herein as "Special Counsel"), and upon notice to and with the support of John J. Hoffman, Acting Attorney General of the State of New Jersey, upon motion of Special Counsel to establish the Attorneys Fees to be paid on the recovery resulting from the settlement with Lyondell Chemical Corporation ("Lyondell") and the settlement with Vitol S.A. ("Vitol"), and the Court having read and considered the papers submitted, and good cause having been shown for the making and granting of the within Order;

It is on this ____4th____ day of __December__, 2015;

ORDERED as follows:

1. Special Counsel shall be and herby is entitled to a fee of twenty percent (20%) of the net recovery resulting from the settlement with Lyondell and the settlement with Vitol, the Court having found such fee to be reasonable and in accordance with Rule 1:21-7 of the Rules Governing the Courts of New Jersey and Rule 1.5 of the New Jersey Rules of Professional Conduct.
2. Plaintiffs shall pay said amount to Special Counsel forthwith, specifically $2,594,348.42 as to the settlement with Lyondell and $430,000 as to the settlement with Vitol.
3. A copy of the within Order shall be served upon the Office of the Attorney General of the State of New Jersey within five (5) days of the receipt therof.

_____
Hon. Shira A. Scheindlin U.S.D.J.