UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation | **Master File No. 1:00-1898**<br>**MDL 1358 (SAS)** |
| This Document Relates To:<br><br>*Commonwealth of Pennsylvania v. Exxon Mobil Corporation, et al.*, Case No. 14-CV-06228 | The Honorable Shira A. Scheindlin |

**PLAINTIFF COMMONWEALTH OF PENNSYLVANIA'S OPPOSITION TO DEFENDANT VITOL SA'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(5) AND 12(b)(6)**

I.  **INTRODUCTION**

Vitol SA's (Vitol's) motion to dismiss the Commonwealth's complaint is based solely on an argument that the complaint was not properly served on Vitol within the time period provided by FRCP Rule 4(m).  The motion should be denied for three reasons.

First, the Commonwealth timely attempted service on Vitol, and Vitol admits it had actual notice of the complaint.  See Motion to Dismiss at 5 ("Vitol did obtain actual notice of the complaint through its counsel, who has appeared in other matters in this multi-district litigation").  Vitol nevertheless chose not to inform the Commonwealth of purported defects in service until the Commonwealth contacted Vitol's counsel to inquire as to why Vitol had not appeared or responded to discovery.  Upon learning of Vitol's position, the Commonwealth promptly re-served Vitol.  Rule 4(m) provides that service is to be considered timely if there was good cause for any delay in service.  Good cause is plainly present here, and Vitol will suffer no prejudice.[1]

Second, the facts of this case warrant an exercise of the Court's discretion to find that service was timely even in the absence of good cause.  See *Zapata v. City of New York*, 502 F.3d 192, 193; *see also id.* at 196 (2d Cir. 2007) ("District Courts may exercise their discretion to grant extensions under Rule 4(m) [even] absent a showing of good cause.").  Since the Commonwealth could simply re-file as to Vitol, a dismissal would waste judicial resources.  See *In re Reliance Securities Litigation*, 91 F. Supp.2d 706, 719 (D. Del. 2000) ("all that would be gained from

---

[1] Vitol requests that if its Rule 12(b)(5) motion is denied, it receive the benefit of the Court's prior rulings with respect to claims III, V and VI of the First Amended Complaint.  The Commonwealth does not oppose this request, although the Commonwealth reserves its right to appeal those same rulings against all defendants including Vitol.

dismissal without prejudice . . . would be that . . . Plaintiffs would file an identical complaint . . . [which] would not be productive and would cause unnecessary expense"). And since Vitol had actual notice of the complaint (and discovery) there would be no prejudice to Vitol if the Court were to find that service was timely. This case is still in its early stages and the other defendants have not even filed answers yet.

Third, Vitol, as a foreign (Swiss) corporation, remains subject to service under the Hague Convention, which does not impose a time limit on service, especially where, as here, service has previously been attempted. Service cannot be untimely, therefore, because the time to serve Vitol under the Hague Convention has not yet run.

## II.   FACTS

The Commonwealth filed its original complaint in this matter in state court in Pennsylvania on June 19, 2014. The Commonwealth sent the complaint to Vitol at an address in New York. Declaration of Barbara Driscoll filed in support of Plaintiff's Opposition to Vitol S.A.'s Motion to Dismiss at ¶3 & Ex. 1 (hereafter "Driscoll Decl."). The Commonwealth received electronic confirmation that the complaint had been delivered to the New York address on July 7, 2014. Driscoll Decl at ¶ 4 & Ex. 1. At that point, the Commonwealth believed Vitol had been properly served. Driscoll Decl. at ¶ 4.

This case was removed to the United States District Court for the Eastern District of Pennsylvania on July 17, 2014, and on July 30, 2014, the Judicial Panel on MultiDistrict Litigation transferred this case to the Southern District of New York as a tag along case to be consolidated for pretrial proceedings in the matter of *In re MTBE Litigation*. On October 30, 2014, the

2

Commonwealth filed its First Amended Complaint.[2]  The Commonwealth then served its first set of interrogatories with respect to non-site specific issues on in May, 2015.  When Vitol did not respond to the discovery requests, counsel for the Commonwealth attempted to meet and confer with counsel for Vitol regarding Vitol's failure to provide discovery and failure to appear. Declaration of Bryan Barnhart filed in support of Plaintiff's Opposition to Vitol S.A.'s Motion to Dismiss at ¶ 2 & Ex. 1 (hereafter "Barnhart Decl.").  On August 18, 2015, Counsel for Vitol responded for the first time with an assertion that, "Vitol S.A. has never been served in this matter. Vitol S.A. does not have an office at the address you list below.  In fact, Vitol SA has not had a presence in the United States since 2006."  Barnhart Decl. at ¶3 & Ex. 2. This was the first time the Commonwealth was alerted to Vitol's assertion that service was insufficient.

On November 6, 2015, the Commonwealth filed a second amended complaint, which named a number of new defendants.  The Commonwealth is in the process of completing service on these new defendants.  Vitol is therefore not the only defendant who has not yet been involved in discovery or briefing.

Notwithstanding Vitol's representation that it had no presence anywhere in the United States since 2006, the Commonwealth discovered that Vitol does, in fact, have a registered agent in Puerto Rico, a United States Territory within the judicial districts of the United States.  28 U.S.C. §§ 119, 451.  The Commonwealth served Vitol S.A. at its Puerto Rico office on October 14, 2015.  Driscoll Decl. at Ex. 2, Proof of Service dated 10/14/15.  Vitol then filed its motion to

---

[2] Vitol asserts that dismissal is appropriate pursuant to Rule 12(b)(5) (insufficient service of process) because it was not served within 120 days of the filing of the original complaint (filed June 19, 2014 - 120 days would be October 17, 2014) or within 120 days of the removal of the action to federal court (removal was July 17, 2014 - 120 days would be November 14, 2014).

3

dismiss.

## III.  ARGUMENT

### A.  The Commonwealth Had Good Cause for Any Delay In Service.

Rule 4(m) provides in relevant part: "[I]f the plaintiff shows good cause for the failure [to serve a complaint within 120 days of filing] the court must extend the time for service for an appropriate period."  The Commonwealth exercised due diligence in attempting to serve Vitol and reasonably believed that service had been effected on Vitol.  Despite the fact that Vitol has been involved in the MDL proceedings for a decade and had actual notice of the complaint, Vitol's counsel never contacted the Commonwealth to assert that service had not been effective - even after it had actual notice of the complaint.  Instead, Vitol and Vitol's counsel remained silent until contacted by the Commonwealth's counsel about Vitol's failure to respond to the Complaint or discovery.

The Commonwealth acted promptly when it learned that Vitol intended to contest service.  Not relying on the word of Vitol's counsel that Vitol was no longer subject to service in the United States, the Commonwealth conducted an independent investigation and located a Vitol agent for service in Puerto Rico, within the judicial district of the United States, and promptly served Vitol.  Under these circumstances there was good cause for the delay in service.

There is no prejudice to Vitol.  No defendant has yet filed an answer to the complaint.  In fact the Commonwealth is still in the process of serving newly added defendants who were named for the first time in the Second Amended Complaint filed November 6, 2015.  Vitol has admitted it had actual knowledge of the complaint even before plaintiff ever contacted its counsel about the failure to appear and failure to respond to discovery.  See Motion at 5.  Vitol is thoroughly

4

familiar in general with issues in these MDL proceedings. At least some of the documents relating to the Commonwealth's case have been served on counsel for Vitol through the MDL since August, 2014. Under these circumstances the Court should find that there was good cause for delay in the Commonwealth's service of Vitol, that the Commonwealth's service on October 14, 2015, was timely.

### B. Even Absent Good Cause for the Delay, this Court Can and Should Exercise Its Discretion To Grant An Extension of the Service Period.

Even if the Court declines to find good cause for the delay in service, the Court has discretion to grant an extension of the 120 day service period. "District Courts may exercise their discretion to grant extensions under Rule 4(m) [even] absent a showing of good cause." *Zapata v. City of New York*, 502 F.3d 192, 193; *see also id.* at 196 (2d Cir. 2007); *Ligon v. City of New York*, No. 12-CV-2274, 2013 WL 3502127 at *1 (S.D.N.Y.) July 12, 2013) (Scheindlin, J.) ("The Second Circuit has determined that Rule 4(m) gives significant discretion to the district court"); *see also Washington v. City of New York Dep't of Correction*, No. 08-CV-5978, 2010 WL 3199680 (2010) (citing *Zapata, supra*); *see also Gerena v. Korb*, No 09-2594, 2010 WL 2946852 at *3 (2d Cir. July 29, 2010).[3]

Courts consider several factors when deciding whether to grant an extension despite the absence of good cause: "'(1) whether the applicable statute of limitations would bar the refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting of plaintiffs request for relief from the provision.'"

---

[3] Vitol itself acknowledges that the Court has discretion to allow an extension for the plaintiff to serve the complaint where a defendant had actual knowledge of the complaint. Motion at 5.

5

*Ligon v. City of New York*, No. 12-CV-2274, 2013 WL 3502127 at *1 (2013) (citation and footnote omitted).

The Second Circuit cited the Advisory Committee notes to Rule 4(m) for the proposition that Rule 4(m) "authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown . . . . Relief may be justified for example, if the applicable statute of limitations would bar the re-filed action, or if the defendant is evading service *or conceals a defect in attempted service.*" *Zapata v. City of New York*, 502 F.3d 192, 195 (2d Cir. 2007) (quoting Rule 4(m) Adv. Comm. Notes (1993) (emphasis added).)

Here, Vitol and its counsel have participated in these MDL proceedings for over a decade, were aware of the filing of the complaint, and were aware of other filings, orders and opinions relating to the Pennsylvania complaint filed and noticed through PACER as early as August, 2014 (*see e.g.*, *In re MTBE*, 1:00-cv-1898 MDL Docket # 4071, 4075, 4149, 4157, 4210, 4214, 4227, all identifying the related Pennsylvania action, No. 1:14-cv-6228), but Vitol chose to remain silent about any defects in service until affirmatively approached by counsel for the Commonwealth. These are the precise circumstances envisioned by the Advisory Committee as warranting an exercise of the Court's discretion to extend the time for service.

There will be no prejudice to Vitol from any delay. Vitol's suggestion that it would be "*severely handicapped* by being forced to join the proceedings at this *late* stage" (Vitol Memo at 6-7) is not credible. No defendant has even filed an Answer to the Complaint. Indeed, defendants named in the original complaint have until January, 2016, to file an Answer. There has been relatively little discovery and Vitol has been served with that discovery at least since August 17, 2015, when counsel for plaintiff sent the discovery to Vitol's counsel (Barnhart Decl. at Ex. 1), and Vitol was also served via PACER and File & Serve Express with the Second Amended

6

Complaint on November 6th at the same time as the other original defendants. Certainly Vitol is no worse off (and in fact is better off) than the defendants newly added to the Second Amended Complaint on November 6, 2015, who have not participated in discovery (or any other proceedings) at all.[4]

Paper shuffling and make work exercises are discouraged in federal court. As the court stated in *In Re Securities Litigation, supra*, in denying a motion to dismiss very similar to Vitol's motion here: "Presumably, all that would be gained from a dismissal without prejudice on this ground [untimeliness under Rule 4(m)] would be that . . . Plaintiffs would file an identical complaint . . . [b]ecause the court finds that dismissing the complaint would not be productive and would cause unnecessary expense, the court will . . . deny the . . . motions to dismiss pursuant to Rule 4(m)." 91 F. Supp.2d at 719. *See also Ligon, supra*, 2013 WL 3502127 * 2 ("plaintiffs [could] simply file a new action . . . .").

### C. Service Is Not Untimely In Any Event Because Vitol Remains Subject To Service Under The Hague Convention.

Rule 4(m) states in relevant part: "This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1)." Vitol is foreign corporation organized in Geneva, Switzerland. Barnhart Decl. at Ex. 3, Resp. of Vitol S.A. to the City of New York's Request for Admissions at 3, ¶ 1; see also Barnhart Decl. at Ex. 4, Declaration of David Fransen, Managing

---

[4] To the extent the statute of limitations is relevant, it cuts in favor of extending the time for service because the defendant had actual notice of the complaint. As reflected in the Advisory Committee notes on Rule 4(m), where a defendant has actual notice of a complaint the possible application of a statute of limitations is a reason for extending, rather than strictly enforcing, the time for service. *See Zapata, supra*, 502 F.3d at 195 ("Relief may be justified for example, if the applicable statute of limitations would bar the re-filed action . . .") (quoting Rule 4(m) Adv. Comm. Notes (1993)). *See also AIG Managed Market Neutral Fund v. Askin Capital Mgt.*, 197 F.R.D. 104, 109 (S.D. N.Y. 2000) ("Courts have consistently considered the fact that the statute of limitations has run on a plaintiff's claim as a factor favoring the plaintiff in a Rule 4(m) analysis.").

Director of Vitol S.A., filed in support of Vitol S.A.'s Motion for Summary Judgment in *Commonwealth of Puerto Rico v. Shell Oil Company, et al.* at ¶ 2 (10/18/13).

Plaintiff attempted service at several locations since filing of the original complaint. As this Court observed in *In re South Africa Apartheid Litig.*, 643 F.Supp.2d 423, 432-433 (S.D.N.Y. 2009), "the Federal Rules include no alternative deadline" for service on defendants in a foreign country. Vitol therefore remains subject to service pursuant to the Hague Convention, and service could not be "untimely."

## IV.   CONCLUSION

For the foregoing reasons, the Commonwealth respectfully requests that the Court deny Vitol's motion to dismiss.

DATED: December 7, 2015                                        Respectfully submitted,

**PENNSYLVANIA OFFICE OF ATTORNEY GENERAL**

James A Donahue, III, Esquire
Executive Deputy Attorney General
Strawberry Square, 14th Floor
Harrisburg, Pennsylvania 17120
(717) 705-0418
Email: jdonahue@attorneygeneral.gov

**PENNSYLVANIA GOVERNOR'S OFFICE OF GENERAL COUNSEL**

Linda C. Barrett, Esquire
Deputy General Counsel
333 Market Street, 17th Floor
Harrisburg, Pennsylvania 17101
(717) 787-9347
Email: lbarrett@pa.gov

| MILLER & AXLINE, P.C. | BERGER & MONTAGUE, P.C. |
|---|---|
| By: /s/ Michael Axline<br>    Michael Axline, Esquire<br>    Duane Miller, Esquire<br>Special Counsel to the<br>Commonwealth of Pennsylvania<br>1050 Fulton Avenue, Suite 100<br>Sacramento, California 95825-4225<br>(916) 488-6688<br>Email: maxline@toxictorts.org<br>       dmiller@toxictorts.org | Daniel Berger, Esquire<br>Tyler E. Wren, Esquire<br>Special Counsel to the<br>Commonwealth of Pennsylvania<br>1622 Locust Street<br>Philadelphia, Pennsylvania 19103<br>(215) 875-3000<br>Email: twren@bm.net<br>       danberger@bm.net |

**COHEN, PLACITELLA & ROTH, P.C.**

Stewart L. Cohen, Esquire
Robert L. Pratter, Esquire
Michael Coren, Esquire
Special Counsel to the
Commonwealth of Pennsylvania
Two Commerce Square
Suite 2900, 2001 Market St.
Philadelphia, Pennsylvania 19103
(215) 567-3500
Email: scohen@cprlaw.com
       RPratter@cprlaw.com
       MCoren@cprlaw.com

*Attorneys for Plaintiff*
*The Commonwealth of Pennsylvania*

**PROOF OF SERVICE VIA LEXISNEXIS FILE & SERVE**

*Commonwealth of Pennsylvania v. Exxon Mobil Corporation, et al.,*
United States District Court, Southern District of New York Case No. 14-cv-06228 (SAS)

  I, the undersigned, declare that I am, and was at the time of service of the paper(s) herein referred to, over the age of 18 years and not a party to this action. My business address is 1050 Fulton Avenue, Suite 100, Sacramento, CA 95825-4225.

  On the date below, I served the following document on all counsel in this action electronically through LexisNexis File & Serve:

**PLAINTIFF COMMONWEALTH OF PENNSYLVANIA'S OPPOSITION TO DEFENDANT VITOL SA'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(5) AND 12(b)(6)**

  I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

  Executed on December 7, 2015, at Sacramento, California.

_____
TONYA L. ZIMMERMAN