8571orac

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

ORANGE COUNTY WATER DISTRICT,

             Plaintiff,

         v.                              04-CV-4968 (SAS)

UNOCAL CORP., et al.,

             Defendants.                 Telephone Conference
------------------------------x
                                         New York, N.Y.
                                         May 7, 2008
                                         3:32 p.m.
Before:

                 HON. SHIRA A. SCHEINDLIN,

                                         District Judge

                        APPEARANCES

MICHAEL D. AXLINE, ESQ.
     Attorney for Plaintiff

PETER DUCHESNEAU, ESQ.
     Attorney for Defendant USA Gasoline
```

1           (In chambers)
2                THE COURT:  Okay.  Hi.  This is Judge Scheindlin.
3                COUNSEL:  Good afternoon, your Honor.
4                THE COURT:  And we have a court reporter, so it's
5      difficult to distinguish between your voices, so when you
6      speak, would you say, this is Mr. Axline or, this is
7      Mr. Duchesneau.
8                MR. DUCHESNEAU:  Certainly.
9                MR. AXLINE:  This is Mr. Axline and yes, I will.
10               THE COURT:  Okay.  So I have letters from you folks.
11     One second.
12               I have an April 28th, 2008 letter from
13     Mr. Duchesneau and I have a response May 1st, 2008 from
14     Mr. Axline, and the dispute that USA Gasoline has raised is
15     that it wants to strike Orange County's reference to a USA
16     station as a contributor to one of the focused plumes which
17     Orange County raised in its supplemental opposition to the
18     defendant's statute of limitations motion.
19               And it is a strange picture.  In the first
20     designation, February 9th, 2007, Orange County did not
21     mention the USA station.  And Case Management Order 23 required
22     it to designate stations associated with plumes, and it wasn't
23     listed on February 9th.  But then Orange County did include
24     it in a revised list that was sent on April 11th and
25     April 23rd.  But for reasons that I don't know, that aren't

explained by Orange County in this letter writing, USA station was not listed on the April 30th list, which seemed to really be the final list.  That was the final letter sent to confirm the list of focused plumes and associated stations.  And this station was not on the list.  And of course, Case Management Order 25, which was issued in March of 2007, said the revised lists were to be the basis for station-specific discovery from the defendants.

I've got to tell you before you're heard that -- it's always helpful to know what the judge thinks, and based on these letters, it seems to me that Orange County is out of luck.  USA is prejudiced.  It has had a year of thinking it was not in this because it was not on the final list.  It had a right to rely on that.  It didn't proceed with discovery, and suddenly, in a supplemental brief almost 11 months later, it just turns up again, and Orange County says, well, you know, don't worry about it, there was some prior discovery long ago, we had some document production back in '04, four years ago, and that's enough for USA to make a motion.  Well, it's not really fair for Orange County to tell USA what's sufficient to make a motion.  They were entitled to know they were in this thing and to have full discovery rights and to make a motion based on the discovery.  And being that they thought they weren't in it, they didn't do that.  So it's absolutely not fair to proceed at this point, Mr. Axline.

1           So given that, if you want to be heard, fine, but if
2  you want to just say, I accept the Court's ruling, that's fine
3  too.
4           MR. AXLINE:  Well, I would like to say briefly, your
5  Honor, that, and of course, I would accept the Court's ruling,
6  but...
7           THE COURT:  Well, no, of course.  But you know what I
8  mean.
9           MR. AXLINE:  Yes.  As a practical matter, this station
10 is going to be in the case.
11          THE COURT:  I do understand that and probably
12 Mr. Duchesneau does too, but not in the focused plumes that
13 we're arguing about.  Is that what you mean?
14          MR. AXLINE:  That is what I mean.
15          THE COURT:  Yes.  And I think he understands that
16 these were just focused plumes, these weren't the whole case,
17 and everybody's supposed to learn something from the outcome of
18 the motions that hopefully they will use common sense to apply
19 the remaining plumes.  So I understand they may still be in the
20 case, but they shouldn't be in this motion.  And therefore, to
21 the extent this motion decides one of these focused plumes that
22 they might have been associated with, you lose them as a
23 defendant for that one plume, of which you probably have many
24 other defendants.
25          MR. AXLINE:  That's true, and it makes sense -- First

let me say, I can't give you an explanation as to why they were left off the April 30th.

THE COURT: Right. That's what I thought you were going to say. But things happen and a year passes, and I think they have a right to rely on it. The discovery was not done in that year. But go ahead.

MR. AXLINE: Well, when we try the focused plumes, your Honor, there was a practical mention of it, it just makes a lot of sense to try all of the stations that had been --

THE COURT: I know. I know.

MR. AXLINE: I did offer to Mr. Duchesneau --

THE REPORTER: I'm sorry. I can't hear.

THE COURT: She's having trouble hearing you. You did offer to Mr. Duchesneau what?

MR. AXLINE: Yes. That if there was some prejudice that could be resolved by us, between the two of us now so that this station could, as it should be, be included at the first trial involving the focused plumes, I would do really anything to accommodate him.

THE COURT: Right. And I think the only problem with that would be, he might agree to that if the Court made him, but we shouldn't go ahead with the summary judgment as to him in any event. Basically he'd have to put that off until he was satisfied he'd had all the appropriate discovery, and by then we would have decided the summary judgment as to other people

Case 1:00-cv-01898-VSB-VF   Document 4316   Filed 12/08/15   Page 6 of 13      6
8571orac

1  and maybe everybody could see the handwriting on the wall
2  anyway. I just don't --
3           MR. AXLINE: That makes sense, your Honor. So -- and
4  it makes sense to exclude, I guess, this station, in a way,
5  from the current statute of limitations.
6           THE COURT: That's what I'm saying. And then if you
7  engage in focused discovery and you've gotten the ruling on
8  this first motion and can see the handwriting on the wall, I
9  mean one side or the other, if the defendant nonetheless thinks
10 it has a valid motion -- I say nonetheless. I have no idea
11 what my ruling is going to be because I haven't turned to this.
12 But in any event, after the ruling, if the defendant says, we
13 have a motion, no matter what the Court has previously ruled,
14 we read it, we understand it, we have a motion, then they'd
15 have to make a separate motion at that time, which is
16 inconvenient for the Court, but it would at least restore their
17 right to make the motion. But they shouldn't be part of the
18 motion practice now.
19          MR. AXLINE: In that case, we really have no
20 objection. We'd be happy to accommodate a separate motion if
21 they feel they want to make one after the Court rules. And I
22 think it makes sense -- and I hope I'm understanding this
23 correctly -- for the station to remain as part of the Phase I
24 trial because it's hydrogeologically --
25          THE COURT: Well, I will say that if it hadn't been in

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1    the April 11th and April 23rd letter, I don't think you'd

2    even have begging rights, so to speak, to implore the Court to

3    do that.  But it was there twice.  Why it fell off on

4    April 30th I just have to assume is kind of old-fashioned law

5    office error.  And if that's the case, the only harm, so to

6    speak, would be that they're not ready to make the motion now.

7             MR. DUCHESNEAU:  Your Honor, this is Pete Duchesneau

8    on behalf of USA Gasoline.  If I can be heard on that.

9             THE COURT:  Yes, of course you can be heard.

10            MR. DUCHESNEAU:  I still remain -- I still have a

11   concern with respect to the station being appropriately part of

12   the designated plume number 9, and I can actually shed a little

13   bit more light on those middle two letters, so to speak, in

14   April, which I do not think is supportive of the plaintiff's

15   position or adding stations right now to the plume.

16            The Court had initially ordered that the plaintiff's

17   designate ten plumes by the end of February of 2007, and the

18   plaintiff complied with that order by February 9th.

19            On March 1st the Court held a conference where the

20   plumes were addressed.  There were submissions with respect to

21   the defendant's designations of those plumes.  And at the

22   conference, the Court ordered that plaintiffs stick with their

23   ten plumes but ordered the plaintiffs to elaborate on the 50

24   some odd other plumes, the so-called master plume list.  The

25   defendants would be able then to select their ten plumes.

1     And there is what those two other letters were all
2  about when you see all the other plumes listed, and they did --
3  when they listed plume number 19, they did list the USA
4  Gasoline station among it, then on April 30th, to make
5  everything abundantly clear, they confirmed their plumes or
6  their ten designated plume stations.
7     And I would argue that not only the plaintiff had the
8  2004 production of all the environmental reports concerning the
9  station a couple years before that, but they had demonstrated
10  that they were well aware of the existence of that station.
11     THE COURT:  Yes, but then you'll win your summary
12  judgment down the road, if that's all you're trying to tell me.
13  What I'm trying to say is you're out of this motion, but should
14  you have the sort of good fortune to be out of the liability
15  for that plume because somebody made an error between
16  April 23rd and April 30th -- probably not.  As long as all
17  prejudice is eliminated, Mr. Axline says he has a good faith
18  basis to believe that this is a station associated with the
19  plume, I'm not going to say the record is strong enough now to
20  compel you to move because you haven't had discovery.  So you
21  can go ahead and wrap up the discovery, and if you still have a
22  summary judgment motion, which really is what you were arguing
23  a minute ago, that they knew back in '96 or thereafter, if you
24  win it, you win it.  But the default, so to speak, is a little
25  odd, because you all concede that it was listed as associated

1   with plume number 9 on April 11th and April 23rd.  Why it
2   dropped off on the 30th, I don't know, and you really don't
3   know either.
4           MR. DUCHESNEAU:  Pete Duchesneau again.  If I can add
5   something, your Honor.  It would be my view here, your Honor,
6   that given the year or so that has passed that it should be
7   incumbent upon the plaintiff at this point in time to explain
8   why it believes it is appropriately subject to this plume
9   number 9.  That may actually indeed eventually -- should cut
10  short the discovery in the future, but given that they were
11  aware of the existence of the station, there's nothing that has
12  been provided so far in this Rule 56.1 statement that says
13  absolutely anything about why they even contend it's part of
14  the plume.
15          THE COURT:  Oh, well, that's fair enough too.  That's
16  a completely different point.  But I think they can't explain
17  why it was on the April 11th and April 23rd and not
18  April 30th.  That just looks like law office failure, which
19  we forgive if we can get around prejudice.
20          Your other point is well taken.  I have no idea why
21  Mr. Axline says he has proof on which a reasonable juror could
22  find that this station was involved with plume number 9.  I
23  have no idea what that proof is.
24          MR. AXLINE:  That is addressed in the declaration of
25  David Bolen that was submitted with the brief and the Rule 56

1   statement, your Honor.  He gave a brief overview of how the
2   district selected the stations that were associated with each
3   plume.
4           MR. DUCHESNEAU:  Your Honor, Pete Duchesneau again for
5   USA Gasoline.  I have reviewed that declaration and just
6   reviewed it again yesterday, and there's absolutely no mention
7   of a USA Gasoline station.
8           THE COURT:  Well, now you can't be that far apart.
9   Mr. Axline, if it's not there, say so.
10          MR. AXLINE:  This is Mike Axline.  Mr. Bolen's
11  declaration did not separately identify all of the stations.
12  He just gave an explanation for how they were associated with
13  the plumes.
14          THE COURT:  Well, so Mr. Duchesneau's right.  At this
15  point in time you haven't put on the table any proof to keep
16  this station in anyway in plume number 9 because you just said
17  in a conclusory way, well, if we're going to try plume number
18  9, we certainly should try the USA Gasoline station with it
19  since it's associated with it.  Well, nobody's seen that proof.
20  None of us know what you're talking about.  What's the proof
21  that this particular station is associated with it?  Otherwise,
22  you couldn't survive a summary judgment anyway.  His motion
23  would be one line:  The plaintiff has offered no proof that
24  this station is involved with this plume, close the brief and
25  say respectfully submitted.  And what is the proof?

1        MR. AXLINE:  Well, Mike Axline, your Honor.  The
2   district didn't submit extensive proof on causation because we
3   were opposing a statute of limitations motion.
4        THE COURT:  I understand that, but he's saying, this
5   is an unusual situation.  You left it off the final list.  And
6   I'm trying to sort of be fair and just and equitable, but it's
7   difficult if you don't tell him what the proof is that this
8   station is involved anyway.  And if you don't have it, throw in
9   the towel and move on.  You've got a lot of defendants in this
10  case.
11       MR. AXLINE:  We would be happy to provide that proof.
12       THE COURT:  All right.  Then do it.  And then we'll
13  reconvene.
14       MR. AXLINE:  We'll do that by letter, your Honor.
15       THE COURT:  Fine.  To your adversary.  I don't really
16  need a copy.  Because I think if he's satisfied that there's
17  some proof, I mean, as opposed to a complete absence in the
18  record, then my ruling's going to be that they're out of this
19  summary judgment, they don't have to move now, but they reserve
20  their right to move at a later date, which nobody else gets
21  because they were left off the list, and if the resolution of
22  this motion doesn't tell one side or the other the way the
23  ruling is bound to come out, then he can make his motion before
24  any trial.  All right?
25       MR. AXLINE:  Understood, your Honor.  Thank you.

8571orac

1  THE COURT: All right. Mr. Duchesneau, you understand
2  too?
3  So now, Mr. Axline, when are you going to have this
4  letter to your adversary?
5  MR. AXLINE: By -- We can provide that by the end of
6  next week, your Honor.
7  THE COURT: Well, you're talking about the 16th of
8  May?
9  MR. AXLINE: The 16th of May.
10  THE COURT: All right.
11  MR. DUCHESNEAU: Your Honor, Pete Duchesneau. One
12  last thing. Subject or upon receipt of that letter, do I
13  have -- can I reserve my right to be able to respond to that
14  letter?
15  THE COURT: See, I don't want the letter so you'd be
16  responding to each other. What you're really reserving your
17  right to do is reconvene this telephone conference and say,
18  this letter says absolutely nothing and your Honor should shut
19  it down now. Forget about putting off summary judgment;
20  there's just no case. We can talk about that if you want to,
21  but if it's colorable, you'd better engage in discovery and
22  worry about everything else later. So you can respond if you
23  want to, but it's not to me. I don't want a copy of these
24  letters.
25  MR. DUCHESNEAU: Understood, your Honor.

8571orac

1          THE COURT:  If you want to respond to each other,
2  fine, or if you just want to get on the phone with me, again,
3  fine, but at least you should see what he has to say, because
4  apparently he concedes that what you say now, Mr. Duchesneau,
5  is right, he hasn't shown you anything as to why he thinks this
6  station is associated with this plume.
7          MR. DUCHESNEAU:  This is Pete Duchesneau.  Thank you,
8  your Honor.
9          THE COURT:  All right.  Okay.  There is a transcript
10 available if you want to end up ordering it.  Okay.
11         MR. DUCHESNEAU:  Thank you.
12         MR. AXLINE:  Thank you, your Honor.
13                            o0o