13eemtbc

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

IN RE:  MTBE, et al.                    00 MDL 1358 (SAS)

------------------------------x

                                        New York, N.Y.
                                        March 14, 2011
                                        10:17 a.m.

Before:
                    HON. SHIRA A. SCHEINDLIN,

                                        District Judge


                        APPEARANCES

DL ROTHBERG & ASSOCIATES
        Attorneys for Tartan Oil
BY:  DEBRA ROTHBERG

HERZFELD & RUBIN, PC
        Attorneys for Northville
BY:  MICHAEL B. GALLUB
        BRIAN CARR

WILLIAM DUBANEVICH (via phone)
        Attorney for Carle Place Water District and Village of
        Mineola, Westbury Water District and the Village of
        Hempstead Water District.

13eemtbc

1

2              THE COURT:  All right.  Good afternoon, Ms. Rothberg.

3              MS. ROTHBERG:  Good afternoon, Judge.

4              THE COURT:  Good afternoon, Mr. Gallub.

5              MR. GALLUB:  Good afternoon, your Honor.

6              THE COURT:  And good afternoon Mr. -- is it Carr?

7              MR. CARR:  Carr, yes.  Good afternoon.

8              THE COURT:  C-A-R-R?

9              MR. CARR:  Yes.

10             THE COURT:  And Mr. Dubanevich?

11             MR. DUBANEVICH:  Yes, your Honor.

12             THE COURT:  Good afternoon.

13             MR. DUBANEVICH:  Good afternoon, your Honor.

14             THE COURT:  Remind me who you represent,

15   Mr. Dubanevich.

16             MR. DUBANEVICH:  I represent the --

17             THE COURT:  Wait.  The court reporter is having

18   trouble hearing you.  I'll put the phone a little closer to

19   you, but I'll also ask you to say it as loudly as you can.

20   Hold on one second.  Now try that again.

21             Mr. Dubanevich, who do you represent?

22             MR. DUBANEVICH:  I represent the Carle Place Water

23   District and Village of Mineola, Westbury Water District and

24   the Village of Hempstead Water District.

25             THE COURT:  Okay.  Now that we got through that, I

13eemtbc

1    hope you don't have anything more you have to say at this

2    conference, do you, because it's kind of hard to hear you.

3                MR. DUBANEVICH:  Generally, I hope not.

4                THE COURT:  Okay.  All right.  So if you do have to

5    speak, I'll end up repeating what you say, as I just did with

6    the appearances.  But hopefully, if you really need to speak,

7    try to shout or something so I know you are trying to be heard.

8                All right.  The defendant Tartan has impleaded

9    Northville, correct?

10                MS. ROTHBERG:  Correct, your Honor.

11                THE COURT:  At the time you impleaded them, you only

12    knew about and included in the third-party complaint a station

13    in Carle Place, right?

14                MS. ROTHBERG:  That's correct.

15                THE COURT:  And by the way, does this relate to all

16    four cases, Ms. Rothberg?

17                MS. ROTHBERG:  Yes, it does, as it happens.

18                THE COURT:  All right.  So anyway, you impleaded them

19    in all four cases?

20                MS. ROTHBERG:  Correct.

21                THE COURT:  But only with respect to the Carle Place

22    station?

23                MS. ROTHBERG:  That was the only station we knew of.

24                THE COURT:  I understand.

25                And then in the course of discovery, you say in late

13eemtbc

October 2010 you learn that there might be another station with
which Northville is involved called the Mineola station, and
that Northville distributed gasoline to both the Carle Place
and Mineola stations from 1983 to 1994; is that correct?

MS. ROTHBERG:  It's in 1983 to 1995.  And the subject
of our requested amendment is only for the Carle Place station
in terms of the distribution.

THE COURT:  But you want to add the Mineola station?

MS. ROTHBERG:  Yes.  We want to add the Mineola
station for operations and the Carle Place station
distribution.

THE COURT:  All right.  But in any event, I was
summarizing the storyline here.  So you want to add the Mineola
station, which is not in the case yet, and you also do want to
add the theory Northville is a distributor, and that's where
the Carle Place station, and at the Mineola station, there were
some spills in the 1990s.  There was at least three documented
spills, one in 1990, one in 1991 and 1999.  And the Mineola
station is only a quarter-of-a-mile northeast of a Tartan-owned
station, right, Ms. Rothberg?

MS. ROTHBERG:  That's correct.

THE COURT:  So it's very nearby.  And two of those
three spills that I mentioned before did involve some
groundwater contamination.  So that's essentially what you want
to add.  And the defendant Northville, third-party defendant

13eemtbc

Northville, objects to this, I think primarily on the ground

that it's close to the end of discovery, but I'm not sure

there's any other ground.

        Mr. Golub?

        MR. GALLUB:  There are, your Honor.

        THE COURT:  Well, what are they?  Because you know the

rules:  Leave to amend is freely given, etc., etc.  But what's

the --

        MR. GALLUB:  I appreciate that, your Honor.

        THE COURT:  So usually the only grounds to depose

would be futile.  That, I doubt, is a futility argument.

        MR. GALLUB:  There is, Judge.

        THE COURT:  How could it be a futility argument with

respect to the Mineola station?

        MR. GALLUB:  With respect to the Mineola station, the

futility argument doesn't apply as much.  With respect to the

upstream distributor argument, Northville used to own and

operate the station before it was sold to Tartan.

        THE COURT:  Right.

        MR. GALLUB:  Tartan is proposing to include a claim

for a product liability claim for pure indemnification as an

upstream distributor, but Northville never distributed gas to

Tartan.  Northville is not in the claim of distribution with

respect to Tartan.

        THE COURT:  No, but you distributed to that station,

13eemtbc

1    to the Carle Place station.

2              MR. GALLUB:  But that was our station.

3              THE COURT:  Yes, I understand.  But you not only own

4    the station, but you supplied the gasoline to the station.

5    That's all she's saying.

6              MR. GALLUB:  Yeah, but you can't have an

7    indemnification claim -- the essence of an indemnification

8    claim is that if they are hit for strict product liability with

9    respect to selling gasoline, then they're looking upstream.

10             THE COURT:  No, but you --

11             MR. GALLUB:  Really for the manufacturer.

12             THE COURT:  Right.  But you never supplied them.

13             MR. GALLUB:  We never supplied them at all.

14             THE COURT:  Right.  I think maybe this is just a

15   semantic problem.  All she's really saying is that in the years

16   before Tartan took over that station, you owned the station and

17   you supplied the gasoline to your own station.  In both

18   capacities, if the liability goes, I don't know, to the prior

19   owner or as well as the current owner, you could be in under

20   either of those theories directly, so to speak.  But, of

21   course, you have to be right.  If you didn't supply Tartan,

22   then don't plead it as a supplier to Tartan, because that would

23   be futile.  There was never a supplier to you when you owned

24   it.

25             Do you agree, Ms. Rothberg?

13eemtbc

1          MS. ROTHBERG:  Correct, Judge.  And we haven't

2    proposed to plead that.

3          THE COURT:  So that's not what they're going to say in

4    the complaint.  You've seen the complaint, the proposed

5    complaint?

6          MR. GALLUB:  I've seen the proposed amended

7    third-party complaint.

8          But, Judge, just to add a point, with respect to

9    supplying gasoline to its own station, Northville is already

10   subject to claims regarding that station.

11         THE COURT:  Regarding the?

12         MR. GALLUB:  Regarding the Carle Place --

13         THE COURT:  No, Carle Place, I know.  Oh.  Go ahead.

14         MR. GALLUB:  Let me -- if I may cut through it,

15   because Tartan has stated to this Court that they're looking

16   with respect to the product liability indemnity only for the

17   Carle Place station, so forget about Mineola with respect to

18   that argument.

19         With respect to Carle Place, Northville operated that

20   station; so basically supplied gasoline to itself.  There is no

21   product liability claim with respect to Northville's providing

22   of gasoline to itself.  The only potential claim for indemnity

23   is if Northville supplied gasoline to Tartan, and that just

24   hasn't happened.

25         THE COURT:  Yeah, so I can see adding Mineola.  I can

13eemtbc

see that in Carle Place, if she wants to add language that you

not only owned the station but supplied the gasoline station,

that's fine, too.

        But it doesn't equal a legal claim for

indemnification, Ms. Rothberg.  How could it be a legal claim

for indemnification when he didn't supply Tartan?

        MS. ROTHBERG:  Our understanding -- and perhaps we're

wrong, Judge -- is that to the extent that they supplied

gasoline to that same station, it states an additional cause of

action.

        THE COURT:  Yes, but not for indemnification.  In

other words, it may have liability as the property owner before

you contaminated the groundwater.  That's fine, and I don't see

the big harm of adding Mineola.  It just means I have to extend

discovery to allow time for discovery with respect to the

Mineola station.

        But on Carle Place, all he's saying is you can't have

them indemnify your liability.  They may be a joint tortfeasor,

but they can't indemnify your liability, because they were

never your supplier.  So you just need to get the language

right.  I need to extend the darn discovery schedule by enough

time to cover the new discovery with respect to Mineola,

whatever it is, and be done with this.

        MR. GALLUB:  Your Honor, if I may be heard.  As to the

Mineola station, your Honor should know -- and I am very

13eemtbc

1    mindful of the liberality of amendments to pleadings.  That

2    being said, with respect to the three spills, there's a 1999

3    spill but that was after Northville relinquished ownership and

4    possession of the station.  So that doesn't apply.

5            With respect to the 1990 to 1991 spills, both were

6    found by the DEC as to not involve anything that impacted the

7    groundwater.

8            THE COURT:  My notes say two of the three impacted the

9    groundwater.

10            MR. GALLUB:  That's not so, Judge.  I know that --

11            THE COURT:  Those are my notes, two of the spills.

12    Maybe I'm wrong.

13            MR. GALLUB:  That may be Tartan's contention, but the

14    DEC records bear out what I'm saying.

15            THE COURT:  All right.  But we don't usually try the

16    case before the amendment.  You can always move to dismiss,

17    either by summary judgment, or you attach the DEC findings, or

18    if it's on the face of the pleading.  But it is -- leave to

19    amend is freely given.  The Mineola station did have three

20    spills.  It's a quarter mile northeast.  You know, then make

21    your motion and do exactly what you just pointed out.  In '99

22    you were not responsible in any way because you weren't there

23    any longer.  And then earlier too, if the DEC said it didn't

24    contaminate the groundwater, that's dispositive, but maybe

25    there's an expert who will pop up in this thing and say, we can

13eemtbc

1    test the DEC's findings, we've had this before in this MDL, so

2    it's not dispositive.  Doesn't make it futile to add Mineola.

3    And practically speaking, I will allow the addition of Mineola.

4              I would ask you to clean up the language on Carle

5    Place, because they can't indemnify you.  You may have some

6    percentage of liability, but they're not required to indemnify

7    you if they were not your supplier.

8              MR. GALLUB:  And, your Honor --

9              THE COURT:  And I would have to extend discovery.

10             MR. GALLUB:  Your Honor, if I may also be heard as to

11   the Mineola issue.

12             The Mineola station is not within proximity of most of

13   the plaintiffs --

14             THE COURT:  I don't care about "most."  If it's in

15   proximity of any of the --

16             MR. GALLUB:  It may be I'll clear this up for you.

17   There are four actions here:  There's Mineola, Carle Place and

18   Hempstead and Westbury, but the Mineola station is only

19   arguably related with respect to the plaintiff's Mineola wells.

20             THE COURT:  Maybe she agrees, I don't know.

21             Ms. Rothberg, when do you want to bring in the Mineola

22   station?  Is that in all four complaints?

23             MS. ROTHBERG:  I want to bring in all that the

24   plaintiff is alleging against us, Judge, because the stations

25   are so proximate to each other.  To the extent we're in, we

13eemtbc

1        are.

2                I will tell you we're in discussions with the

3        plaintiff to let us out of two of the water districts, because

4        there is a distance.

5                THE COURT:  All right.  Now, if you were to prevail in

6        those friendly discussions, would you then dismiss the same two

7        against Mineola station?

8                MS. ROTHBERG:  Yes, I would, Judge.

9                THE COURT:  Northville?  Okay.  So you may get there.

10       She's saying -- the same cases, you don't belong in the Mineola

11       station.  She doesn't think she belongs either.  And she may

12       not convince Mr. Duvanevich that it's not worth his time.  So

13       as soon as she prevails, if she does, with respect to that

14       argument, so do you.  So I can't parse it out now, but I

15       understand your point, because she understands your point and,

16       frankly, agrees with it.  She's just saying if anyone thinks I

17       could be liable, this guy's less than a quarter mile down the

18       road, but she's saying realistically, I'm not wanting to leave

19       her.  I'm too far.

20               MR. GALLUB:  Your Honor, to the extent -- I have

21       arguments regarding prejudice and regarding timing.  And it's

22       pretty clear your Honor has denied those.

23               THE COURT:  Well, not denied.  I realize that to

24       accommodate that problem, I'd have to extend the deadline

25       again.

13eemtbc

1          MR. GALLUB:  It is Northville's intention,

2     respectfully, to bring in -- to implead additional stations

3     within that proximity area with respect to these actions.  And

4     I would respectfully request leave to do that, and then we

5     agree on a schedule that accommodates that.

6          THE COURT:  I wouldn't want you to do that for the

7     ones that are under negotiation right now, because it's a waste

8     of time.  If you're going to get let out, there's no point in

9     bringing someone else in.

10          MR. GALLUB:  I'll hold off on those.

11          THE COURT:  That's right.  Hold off, then if we have

12     to, we have to.

13          Can you tell us which two cases you're hoping to be

14     let out of?

15          MS. ROTHBERG:  We're in discussions on Village of

16     Hempstead and Westbury Water District, but as I said, the

17     plaintiff hasn't gotten back to us yet.

18          THE COURT:  I realize, but those are the two you're

19     hopeful that they work out?

20          MS. ROTHBERG:  Yes.

21          THE COURT:  Those are the very two, Mr. Gallub, that

22     you think you couldn't possibly have liability for, Hempstead

23     and Westbury?

24          MR. GALLUB:  That's correct.

25          THE COURT:  So --

13eemtbc

| | |
|---|---|
| 1 | MR. GALLUB:  Well, that's two out of the three.  We |
| 2 | also maintain Carle Place. |
| 3 | THE COURT:  Even though you have a place in Carle |
| 4 | Place? |
| 5 | MR. GALLUB:  No.  With respect to the Mineola |
| 6 | station -- |
| 7 | THE COURT:  Oh.  Let's talk about that. |
| 8 | Ms. Rothberg, with respect to the Carle Place case, do |
| 9 | you need their Mineola station for the Carle Place case, or you |
| 10 | just needed your additional theory? |
| 11 | MS. ROTHBERG:  I'd have to go back and look, Judge, |
| 12 | but I believe if your Honor is saying we're not going to be |
| 13 | amending anything on -- I'm not sure what your ruling was on |
| 14 | Carle Place in terms of distribution.  We're going to clean up |
| 15 | the complaint -- |
| 16 | THE COURT:  You do know what my ruling was.  I was |
| 17 | very clear.  I said you can't have an indemnification claim. |
| 18 | Mr. Golub is right, he was never your distributor, but he could |
| 19 | be a joint tortfeasor.  He could have some liability in the end |
| 20 | of the day, such that if you have liability, you can prove that |
| 21 | the harm to the plaintiff was also caused by or was more caused |
| 22 | by or was only caused by him.  But that's not called |
| 23 | indemnification.  So it's just -- |
| 24 | MS. ROTHBERG:  I'm sorry. |
| 25 | THE COURT:  It's just semantics. |

13eemtbc

1          MS. ROTHBERG:  In that case, the Carle Place

2     station -- and I believe the plaintiff can speak to this --

3     we're not in any discussions to get rid of Mineola or Carle

4     Place.

5          THE COURT:  Oh, you need the Mineola -- you need

6     Northville's Mineola station in the Carle Place case?

7          MS. ROTHBERG:  Correct, Judge.  There's two that it's

8     proximate to, just as ours -- our Mineola station is.  And the

9     plaintiff has asserted that Mineola and Carle Place are within

10    that RGA and --

11         THE COURT:  So she's saying, correctly, the lawyer for

12    Tartan is saying if it's the plaintiff's theory that the Tartan

13    station -- sorry, yes -- the Tartan station in Mineola was

14    proximate enough to Carle Place to cause the damage in the

15    Carle Place case, then she says as a claim is over, so is

16    yours?

17         MR. GALLUB:  Well, I appreciate that claim.  Just --

18         THE COURT:  So if you're going to be added third-party

19    defendants in the Carle Place or Mineola cases, you might as

20    well go ahead and do it, because there's no discussions to let

21    anybody out.

22         MR. GALLUB:  And, your Honor --

23         THE COURT:  Not be added to it; ask you to hold off on

24    Hempstead and Westbury.

25         Let me ask Mr. Duvanevich, since you asked to be on

13eemtbc

this call, now you're going to be put on the hot seat:  Are you

thinking maybe that in Hempstead and Westbury, you don't need

Tartan?

MR. DUBANEVICH:  Your Honor, as soon as determination

is made, I will let Ms. Rothberg and Mr. Dowel know.

THE COURT:  When do you think that might be roughly,

without a --

MR. DUBANEVICH:  Roughly, your Honor -- unfortunately

my dates change so quickly during this period.  I'm hoping for

two to three weeks.

THE COURT:  All right.  Very good.  So let's say let's

try to get this done by April 8th.

So, Mr. Golub, I'd ask you not to make any motion to

implead anybody in the Hempstead and Westbury cases until we

hear back from Mr. Dubanevich, which we hope will be no later

than April 8th.  On the other two, as soon as the amended

complaint is filed, if you really want to bring -- are they

called fourth-party actions?  If you really want to do it, go

do it.

And as far as extending the discovery cut-off, what is

our current cut-off?

MS. ROTHBERG:  April 18th, fact discovery is supposed

to conclude, Judge.

THE COURT:  I have to add that the first six weeks you

asked for, you asked for 90 days, I showed 45.  It shows how

13eemtbc

```
 1    wise I was.  Now, I can go to your 90.  So it was April 18th.
 2    I have no choice but to go to May 31st.  But really, the
 3    plaintiff does deserve their day in court.
 4            So let's try to close this thing out by May 31st.  So
 5    I think you should move promptly on adding your third-party
 6    defendants, if you're going to do it, in Mineola and Carle
 7    Place cases.
 8            MR. GALLUB:  We will, your Honor.
 9            THE COURT:  One second, Mr. Duvanevich.  I know you
10    want to speak, but just one second.
11            MR. GALLUB:  We will -- your Honor, with respect to
12    May 31st, I would ask the Court if that is realistic, with
13    respect to the fact that a new gas station is being added here.
14            THE COURT:  Still, it's only one.  And you already
15    have DEC --
16            MR. GALLUB:  And we're bringing in additional parties.
17    We're just going to require an amendment to the discovery
18    schedule at that point.  I'm just not looking --
19            THE COURT:  I'll worry about that, new parties, if and
20    when.
21            MR. GALLUB:  Okay.
22            THE COURT:  I'll do that on an "if and when" basis.
23            But as far as your own discovery, it might be pretty
24    straightforward.  You said you know when you didn't know.  So
25    it must have been before '99, because you said you weren't
```

13eemtbc

1    responsible on the third spill.

2              When did you stop owning it?

3              MR. GALLUB:  I believe around '94.

4              THE COURT:  Okay.  So you have two spills.  You have

5    the DEC records.  You should be able to move fairly promptly.

6    Who owned it after '94?  Might as well tell us that

7    prediscovery.  Who did you sell it to?

8              MR. GALLUB:  I don't recall the name right now, but I

9    could supply that.

10             THE COURT:  You don't, or you don't want to tell?

11             MR. GALLUB:  No, I don't.  I do not recall the name,

12   Judge.

13             THE COURT:  Neither of you recall?

14             MR. CARR:  I know it was sold, but I don't know the

15   name of the entity.

16             THE COURT:  Okay.  Well, we'd all like to know.

17             MR. GALLUB:  We have that information, and we'll

18   supply that.

19             THE COURT:  Can you call either Ms. Rothberg and/or

20   Mr. Dubanevich right away on that?

21             MR. GALLUB:  Absolutely.

22             THE COURT:  If they want to move, they should move

23   fast.  So call her, I mean, when you get back to the office and

24   say, "the buyer was."  You have that information back at the

25   office?

13eemtbc

1          MR. GALLUB:  I believe so, Judge.

2          THE COURT:  All right.  Then I expect you to call no

3    later than close of business tomorrow and say, that's who we

4    sold it to.  Do what you want to do.

5          Okay.  Now, you wanted to say something,

6    Mr. Dubanevich?  Say it as loud as you can.

7          MR. DUBANEVICH:  Thank you, your Honor.  You addressed

8    it.  Thank you very much.

9          THE COURT:  I addressed what you were going to say,

10   okay.  Then maybe the thing to do is for me to have a control

11   date conference towards the end of May, just before that

12   May 31st cut-off, and see if we've gotten somewhere, what kind

13   of progress we've made.

14         So Friday, the 27th.  Anybody have a Friday problem?

15   Friday, the 27th of May at 4:30.

16         MR. GALLUB:  Your Honor, I have that Friday problem.

17   And it's Memorial Day weekend, and I have plans to be away.

18         THE COURT:  All right.  Thursday, May 26th.

19         MR. GALLUB:  And I'm away the 26th, Judge.

20         MS. ROTHBERG:  Judge, I couldn't do the 25th.  I'm

21   sorry.

22         MR. GALLUB:  You caught me on the rare time that I'm

23   actually away.

24         THE COURT:  To come in before the 31st is going to

25   take us to Monday.  Monday, the 23rd; Tuesday, the 24th.  I

13eemtbc

```
 1   don't care which.

 2            MS. ROTHBERG:  23rd would be best for me.

 3            THE COURT:  Monday, the 23rd, at 4:30, then.  Monday,

 4   the 23rd, at 4:30.  Status conference in these cases.

 5            Okay, Mr. Dubanevich?

 6            MR. DUBANEVICH:  Yes, your Honor.  Thank you.

 7            THE COURT:  I'll call it Village of Hempstead, et al.,

 8   23rd at 4:30.  All right.

 9            Anything else today?

10            Now, you need leave to file that amended complaint.

11   Just submit a three-liner to the Court, saying leave to amend

12   is hereby granted, so they take it in the clerk's office, or

13   leave to file an amended third-party complaint is hereby

14   granted.  I'll sign my name, and off it goes so you can get it

15   filed.

16            MR. GALLUB:  Am I going to require the same thing,

17   your Honor, with regard to the implead?

18            THE COURT:  I think you can do that.  You're not

19   amending anything.  You're just answering the third-party

20   complaint and bringing a fourth-party action.  They'll take

21   that in the clerk's office.  I just don't think they would take

22   an amended third-party complaint without my signing.

23            So very simple order.  Don't waste any time.  You can

24   fax it.

25            MS. ROTHBERG:  Okay.  Thank you Judge.
```

13eemtbc

|     |                                                                      |
|-----|----------------------------------------------------------------------|
| 1   | THE COURT:  Clean up that language on indemnification.                |
| 2   | All right.  Yes?                                                     |
| 3   | MR. GALLUB:  Your Honor, with regard to the amendment,               |
| 4   | just one more thing I forgot to add.  In their proposed              |
| 5   | pleading, they have a very open -- they're seeking to assert a       |
| 6   | very open-ended, catchall type of a claim for, quote, any other     |
| 7   | Northville affiliated station that is found relevant during the     |
| 8   | course of discovery, close quote.                                    |
| 9   | I think that's inappropriate with respect to a                       |
| 10  | pleading.  It doesn't identify any gas station, and it leaves       |
| 11  | everything open --                                                   |
| 12  | THE COURT:  I know.  It's just trying to keep the door              |
| 13  | open if this occurs again.  Here, she had a whole discovery,         |
| 14  | didn't learn about the Mineola station until she says end of        |
| 15  | October.  While she's busy discovering that, who knows if            |
| 16  | another station will turn up?  Maybe, you know, there won't be      |
| 17  | any more Northville stations in these areas.  But I don't know.     |
| 18  | Maybe it would just help if you say, this is where we were in       |
| 19  | all these areas in those years.                                      |
| 20  | MR. GALLUB:  Well, we've --                                          |
| 21  | THE COURT:  You know where you're being sued for, so                |
| 22  | it's only his for --                                                 |
| 23  | MS. ROTHBERG:  We don't think there is, Judge.  But                 |
| 24  | that's exactly the language that the plaintiff had, so we felt,     |
| 25  | rather than having to come back to you --                            |

13eemtbc

1              THE COURT:  Well, you'd have to come back anyway.

2              MS. ROTHBERG:  Well, we'd be on a little bit better

3    footing.

4              THE COURT:  You would be.  That's the language

5    plaintiff obviously put in against Tartan.  Nothing more turned

6    up.  She doesn't think any more is going to turn up with

7    respect to Northville.  But it doesn't give her automatic leave

8    to amend.  It just tells you you're on slightly better footing.

9    She put you on notice.  If it turns out there is a station she

10   didn't know about, she asked me for leave, she thinks I'm more

11   likely to grant it.  But it's not more judicial right now.

12   Don't worry about it.

13             Okay.  I think we've gotten done what we can.  Thank

14   you all.

15             (Adjourned)

16

17

18

19

20

21

22

23

24

25