USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/21/15

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------- X
                  :

**IN RE: METHYL TERTIARY BUTYL**  :
**ETHER ("MTBE") PRODUCTS**    :     **MEMORANDUM OPINION**
**LIABILITY LITIGATION**         :       **AND ORDER**

---------------------------------------------------- :
                  :
                  :    **Master File No. 1:00-1898**

**This document relates to:**      :       **MDL 1358 (SAS)**
                  :          **M21-88**

*Commonwealth of Puerto Rico, et al. v.*  :
*Shell Oil Co., et al.*, 07 Civ. 10470    :
                  :

---------------------------------------------------- X

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

This Order responds to Certain Defendants' Motion for

Reconsideration of the Court's October 1, 2015 Opinion and Order granting

Certain Defendants' Motion for Summary Judgment on statute of limitations as to

one trial site and denying it as to three trial sites.[1]  Defendants now challenge the

denial of the Motion for Summary Judgment at the Esso CO-242 trial site.

The standard for granting a motion for reconsideration is strict.

"'[R]econsideration will generally be denied unless the moving party can point to

---

[1]      *See In re MTBE Prods. Liab. Litig.*, No. 07 Civ. 10470, 2015 WL
5775852 (S.D.N.Y. Oct. 1, 2015).

controlling decisions or data that the court overlooked.'"[2] "Reconsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'"[3] Grounds for reconsideration are limited to "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."[4]

"Such a motion is 'neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced.'"[5] "It is thus 'well-settled' that a motion for reconsideration is 'not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a

---

[2]   *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

[3]   *Oji v. Yonkers Police Dep't*, No. 12 Civ. 8125, 2013 WL 4935588, at *1 (S.D.N.Y. Sept. 11, 2013) (quoting *Parrish v. Sollecito*, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003)).

[4]   *Virgin Atl. Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quotation omitted).

[5]   *Brown v. City of New York*, No. 14 Civ. 4450, 2015 WL 7252726, at *1 (2d Cir. Nov. 17, 2015) (quoting *Associated Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005)).

2

second bite at the apple.'"[6] "The aforementioned limitation on motions for reconsideration is to ensure finality and to 'prevent the practice of a losing party examining a decision and then plugging the gaps of the lost motion with additional matters.'"[7]

Defendants press two arguments for reconsideration. *First*, defendants argue that the Court should have considered whether the Commonwealth of Puerto Rico (the "Commonwealth") had constructive knowledge of MTBE contamination at the Esso CO-242 site sufficient to trigger the statute of limitations.[8] *Second*, they argue that the Commonwealth has failed to carry its burden of proffering the exact date it came to acquire knowledge of MTBE contamination at the Esso CO-242 site.[9]

---

[6]     *Campbell v. New York City Transit Auth.*, No. 11 Civ. 2827, 2015 WL 7455842, at \*4 (E.D.N.Y. Nov. 23, 2015) (quoting *Analytical Surveys, Inc.*, 684 F.3d at 52).

[7]     *Range Rd. Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 392 (S.D.N.Y. 2000) (quoting *Carolco Pictures, Inc. v. Sirota*, 700 F. Supp. 169, 170 (S.D.N.Y. 1988)).

[8]     *See* Certain Defendants' Motion for Reconsideration of Court's Memorandum Opinion and Order on Prescription at 5 (Dkt. No. 641).

[9]     *See id.* at 8. Following the submission of the memoranda of law on this motion, the Court held a telephone conference on December 9, 2015, to discuss this issue. The Court permitted the Commonwealth to submit a supplemental declaration specifying the date it gained knowledge of the injury at this site and granted the defendants a supplemental reply.

3

As to the first argument, the defendants failed to argue constructive

knowledge as an alternative ground for triggering the statute of limitations.[10]  The

defendants divided their moving brief into constructive knowledge sites and actual

knowledge sites and then argued that Esso CO-242 was an actual knowledge site.

No alternative theory was offered.  Now, for the first time, defendants argue that

the Commonwealth had constructive knowledge of MTBE contamination and

present six pages of argument tailored to this Court's October 1 Opinion.  The very

fact that constructive knowledge turns on a different standard than actual

knowledge, requiring a demonstrated lack of due diligence, makes clear why

defendants' argument here is the quintessential "second bite at the apple"

forbidden on a motion for reconsideration.

As to the second argument, the Commonwealth has now carried its

burden of identifying the date that it acquired knowledge of the injury at the Esso

---

[10]  When pressed by the Commonwealth to point to where it made this argument in its motion for summary judgment, the defendants cite – without quoting – the portions of their moving brief where they articulate the statute of limitations legal standard and argue that the statute of limitations was not tolled. *See* Certain Defendants' Reply in Support of Motion for Reconsideration of the Court's Memorandum Opinion and Order on Prescription at 1-2 (Dkt. No. 651). Neither of these citations makes a constructive knowledge argument. *See Sigmon v. Parker Chapin Flattau & Klimpl*, 901 F. Supp. 667, 677 n.5 (S.D.N.Y. 1995) (noting that arguments for summary judgment must appear in the opening brief). Defendants' view is that the Court should have divined their argument based solely on the presentation of the legal standard that controls both the statute of limitations and tolling.

4

CO-242 site. Under Puerto Rico law, "[i]f a plaintiff brings an action more than a year after the injury took place, [it] bears the burden of proving that [it] lacked the requisite knowledge at the relevant times."[11, 12]  This standard, as defendants correctly note, requires the Commonwealth to "prove the date on which [it] found out about the damage."[13]  The Commonwealth's supplemental affidavit states that this information was provided by "non-testifying confidential litigation consultants" and reviewed by the Commonwealth for the first time on August 26, 2011.[14]

Defendants argue that this date is "flatly contradicted by the record."[15]

Curiously, the defendants point to alternative timely dates at which the

Commonwealth must have had knowledge.  Even crediting the argument that these

---

[11]  *Alejandro-Ortiz v. Puerto Rico Elec. Power Auth.*, 756 F.3d 23, 27 (1st Cir. 2014). *Accord Rivera Encarnacion v. E.L.A.*, 113 D.P.R. 383, 13 P.R. Offic. Trans. 498, 499 (1982).

[12]  MTBE was first detected at the Esso CO-242 site in 2004, but the Complaint was not filed until June 12, 2007 – after the one year statute of limitations would have expired. *See In re MTBE*, 2015 WL 5775852, at * 2.

[13]  *Davis Davis v. Colon Rivera*, 2014 WL 7503720, at *5 (T.C.A. Nov. 25, 2014) (certified translation Dkt. No. 643). *Accord Rodriguez-Suris v. Montesinos*, 123 F.3d 10, 13 (1st Cir. 1997) ("Plaintiff bears the burden of proving when the 'damage' became known.").

[14]  Declaration of Bruce K. Green Regarding the Esso CO-242 Site at 2.

[15]  Esso Standard Oil Company (Puerto Rico)'s Response to the Declaration of Bruce Green on Motion for Reconsideration at 1.

5

earlier dates contradict the sworn affidavit, those dates would still establish that the

Complaint was timely filed in 2007. There is no evidence offered by plaintiff or

defendants to prove, as a matter of law, that the Commonwealth had knowledge of

MTBE contamination at the Esso CO-242 site more than a year prior to filing the

Complaint on June 12, 2007.

For the reasons set forth above, the motion is DENIED. The Clerk of

Court is directed to close this motion (Dkt. No. 640).

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:     New York, New York
           December 21, 2015

6

## - Appearances -

## **Liaison Counsel for Plaintiff:**

Robin Greenwald, Esq.
Robert Gordon, Esq.
Weitz & Luxenberg, P.C.
180 Maiden Lane
New York, NY 10038
(212) 558-5500

## **Counsel for Plaintiff:**

John D.S. Gilmour, Esq.
Jackson Gilmour & Dobbs, P.C.
3900 Essex, Suite 700
Houston, TX 77027
(713) 355-5000

Jorge L. Flores, Esq.
Legal Counsel
Puerto Rico Department of Justice
Olimpo Street, Pda. 11
San Juan, PR 00907
(787) 721-7700

John K. Dema, Esq.
Law Offices of John K. Dema, P.C.
1236 Strand Street, Suite 103
Christiansted, VI 00820
(340) 773-6142

Orland H. Martinez, Esq.
Orland H. Martinez Law Offices
Centra de Seguros, Suite 413
701 Ponce de Leon Avenue
San Juan, PR 00907
(787) 722-2378

7

Michael Axline, Esq.
Miller Axline
1050 Fulton Avenue, Suite 100
Sacramento, CA 95825
(916) 488-6688

## Liaison Counsel for Defendants and Appearing on Behalf of Defendants:

Peter J. Sacripanti, Esq.
James A. Pardo, Esq.
Michael J. Dillon, Esq.
McDermott Will & Emery LLP
50 Rockefeller Plaza, 11th Floor
New York, NY 10020
(212) 547-5583

8