```
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   In re:,
                                     00 Cv. 1898 (SAS)
 4          MTBE,

 5

     ------------------------------x
 6                                   New York, N.Y.
                                     December 14, 2015
 7                                   4:30 p.m.

 8   Before:

 9                 HON. SHIRA A. SCHEINDLIN,

10                                     District Judge

11                      APPEARANCES

12   LAW OFFICES OF JOHN K. DEMA, P.C.
          Attorneys for Commonwealth of Puerto Rico
13   NATHAN SHORT

14   MOUND COTTON WOLLAN & GREENGRASS, LLP
          Attorneys for Trammo Caribbean and Trammo Petroleum
15   ROBERT S. GOODMAN
     BARRY R. TEMKIN
16

17

18

19

20

21

22

23

24

25
```

```
 1                   THE COURT:  Please be seated.

 2                   Mr. Short?

 3                   MR. SHORT:  Yes.  Good afternoon, your Honor.

 4                   THE COURT:  Mr. Goodman?

 5                   MR. GOODMAN:  Yes.  Good afternoon, your Honor.

 6                   THE COURT:  And Mr. Temkin?

 7                   MR. TEMKIN:  Yes.  Good afternoon, your Honor.

 8                   THE COURT:  I have three letters in front of me that

 9      relate to Trammo Caribbean and Trammo Petroleum.  There's a

10      December 12th letter from the Commonwealth of Puerto Rico, a

11      December 12th letter from Trammo Caribbean and Trammo

12      Petroleum, and then a December 14th supplemental letter from

13      Trammo Caribbean and Trammo Petroleum.

14                   The issues seem pretty straightforward.  The first is

15      whether there can be a Rule 41(a)(1) voluntary dismissal in

16      Puerto Rico I as to Trammo Caribbean; that seems clear.  And

17      the question is, what about Puerto Rico II with respect to

18      Trammo Caribbean?  Then, with respect to Trammo Petroleum, it

19      was dismissed from Puerto Rico I for lack of personal

20      jurisdiction, how could it be much different in Puerto Rico II?

21                   That's our little agenda.  It's always helpful if the

22      Court tells you what she's thinking so you know what to argue

23      for or against, so to speak.

24                   I've said already, if it can be the 41(a)(1) dismissal

25      in Puerto Rico I by Trammo Caribbean, in Puerto Rico II, I
```

1   think the dismissal has to be with prejudice, not without

2   prejudice, because the Delaware law under which it's being

3   dismissed is analogous to a statute of limitations dismissal,

4   and that should be with prejudice.

5            As far as Trammo Petroleum, Inc., which I should call

6   TPI for the sake of simplicity, it was dismissed in Puerto Rico

7   I for lack of personal jurisdiction.  I can't imagine

8   anything's changed.  I don't see why it wouldn't be dismissed

9   for the same reason in Puerto Rico II.

10           That's where I come out on the three issues.  Anybody

11  want to be heard?

12           MR. SHORT:  If I may.  In the Second Circuit, the

13  presumption for a plaintiff seeking to dismiss its own claim is

14  to grant without prejudice absolute --

15           THE COURT:  I'm doing that under 41(a)(1) for the

16  Puerto Rico I.  But in Puerto Rico II, we're not under that

17  rule.  Period, full stop.  We're not under 41.  It was their

18  responsive motion.  It was converted to a summary judgment.

19  You knew that.  It was converted first to 12(b)(6), then was

20  converted to a summary judgment.  It is a responsive pleading

21  in every way, and then the only question is with or without

22  prejudice.  So it's no longer your dismissal.  It's not a

23  voluntary dismissal.

24           MR. SHORT:  No.  Understood.  In a 41(a)(2) context --

25           THE COURT:  Go ahead.

1          MR. SHORT:  Understood, your Honor.

2          THE COURT:  Just ignore me.  Go ahead and talk.

3          MR. SHORT:  I'll move on to the next item.

4          The issue of the dissolution of Trammo Caribbean.

5   Although counsel for Trammo Caribbean has said that it is

6   analogous to a statute of limitation is a different argument,

7   it's a different beast.  It was first argued as a 12(b)(2)

8   motion as a personal jurisdiction item.

9          I think it's important to recognize that in Delaware,

10   Trammo Caribbean had an opportunity to engage in a windup

11   process that would have shielded its shareholders and

12   directors.  It did not engage in that process.  Now it seeks to

13   have a with prejudice dismissal that would have the same

14   effect.

15          There would be a prejudice to the Commonwealth if it

16   were dismissed with prejudice because it's possible it could be

17   deemed as a dismissal on the merits.  Because of the entities,

18   like shareholders and directors, that may hold liability, the

19   Commonwealth may be precluded to go after those entities in

20   another forum.

21          I understand the Court's position on whether or not we

22   can seek Trammo Caribbean here.  My main concern for

23   Commonwealth is whether or not we will be able in the future to

24   go after the shareholder that received distributions in advance

25   of the filing the certificate of dissolution or a director that

 1    did not comply with statutory dissolution windup procedures.

 2    That's the prejudice that the Commonwealth would experience.

 3            If your Honor would like, I could move to Trammo

 4    Petroleum.

 5            THE COURT:  Well, in a minute.

 6            MR. SHORT:  Certainly.

 7            THE COURT:  I'm not sure I understand what you just

 8    said.  The party we're talking about is Trammo Caribbean.

 9            MR. SHORT:  Correct.

10            THE COURT:  You're talking about worrying about

11    outside directors, or directors, or whatever.  What's that got

12    to do with the with prejudice dismissal as to Trammo Caribbean?

13            MR. SHORT:  Because, if I could quote this small

14    section.  We're concerned about claim preclusion that would bar

15    litigation of claims that were or could have been brought in

16    earlier litigation between the same parties or their privies.

17    We're concerned about the privies.  The directors and the

18    shareholders --

19            THE COURT:  All right.  So how about if it reads "with

20    prejudice as to Trammo Caribbean only"?  I think that does it.

21            MR. SHORT:  Could we possibly include "and not its

22    shareholders or directors or privies"?

23            THE COURT:  I have no problem with that.  I don't

24    think it should bar that.  Trammo Caribbean, that's whose

25    name -- and I wasn't aware of what you read about "or their

```
 1        privies".  Where was that from that you read?
 2               MR. SHORT:  That is from Burberry Ltd. v. Horowitz.
 3        It's a Second Circuit case from 2013, 534 Fed.App'x 41 at
 4        page 43.
 5               THE COURT:  Certainly was not what I had in mind.  I
 6        had in mind that it was with prejudice as to Trammo Caribbean,
 7        and only Trammo Caribbean.
 8               Why don't you move to the third topic while you're at
 9        it, which is Puerto Rico II as to TPI.  Is that what you were
10        going to turn to?
11               MR. SHORT:  It would be for both Puerto Rico I and
12        Puerto Rico II for Trammo Petroleum.
13               THE COURT:  I already dismissed Puerto Rico I based on
14        lack of personal jurisdiction.
15               MR. SHORT:  I understand.  I think that the Court may
16        not have been aware of supplemental briefing that occurred when
17        Trammo opposed the Commonwealth's motion to revise prior
18        orders.  The reply from the Commonwealth included a number of
19        documents that speak to personal jurisdiction.  The
20        Commonwealth is currently going to be filing a motion for
21        reconsideration for those.
22               I understand, your Honor.  We don't take this lightly.
23        Trammo Petroleum did contract and I do have --
24               THE COURT:  Then there's nothing more to say until I
25        decide the reconsideration, because the bottom line is, Puerto
```

1   Rico II has to follow Puerto Rico I.  It's either yes for both

2   or no for both.  That's all I came prepared to talk about

3   today.  I can't even consider a motion for reconsideration that

4   I've never seen.

5            MR. SHORT:  Understood.  If I may add --

6            THE COURT:  I hope you're not adding any new

7   information, because you can't do that on a motion to

8   reconsider.

9            MR. SHORT:  I would like to highlight one production

10  that was made last month of a document that speaks to personal

11  jurisdiction for Trammo Petroleum.  It's a frame agreement.

12           THE COURT:  How long ago was it?  Was it before me

13  when I decided the motion?

14           MR. SHORT:  That particular document was not before

15  you.

16           THE COURT:  How can you add it now?  That violates the

17  rules of reconsideration.  You can't alter the record.  Newly

18  discovered evidence?  You didn't have it originally?

19           MR. SHORT:  It was produced by Trammo's counsel last

20  month.

21           THE COURT:  I know.  Was that after I ruled?  Before I

22  ruled?

23           MR. SHORT:  It was --

24           THE COURT:  Before I ruled.

25           MR. SHORT:  -- I believe in November, and it preceded

 1    your most recent ruling.

 2                THE COURT:  Why didn't you send it in right away and

 3    say, "This is a supplemental submission on personal

 4    jurisdiction.  You better take this into account before you

 5    rule."

 6                MR. SHORT:  The initial opinion dismissing Trammo

 7    Petroleum was on a statute of limitations grounds.

 8                THE COURT:  No, I'm talking about this.

 9                MR. SHORT:  I understand.  It's two steps, and if you

10    could, pardon me, bear with me for a moment.

11                The initial opinion dismissing Trammo Petroleum, you

12    reversed that --

13                THE COURT:  I understand.

14                MR. SHORT:  -- and for the first time ruled on

15    personal jurisdiction.

16                THE COURT:  Correct.  But that was pending all along.

17    I just hadn't reached it the first time because I didn't need

18    to, but it was a pending motion.

19                MR. SHORT:  Between those two periods, the

20    Commonwealth submitted a reply to the Trammo defendant's

21    opposition to the Commonwealth's motion to revise prior orders.

22    It is a mouthful.  Those documents were included at that time.

23    I'm not sure --

24                THE COURT:  So you're saying I had it before me when I

25    ruled, but I overlooked it.

1              MR. SHORT:  Yes.

2              THE COURT:  That's permitted.  If it was in the record

3    before the Court and the Court overlooked it, then the Court

4    has to reconsider.  Okay.

5              MR. SHORT:  That being said, there is a new document

6    that was November, and I understand your position on that.

7              THE COURT:  Well, my position, so-called, is if it's

8    newly discovered after my decision, you're allowed to raise it

9    if it's newly discovered.  But if you had it before the

10   decision, you had an obligation to submit it.

11             MR. SHORT:  I think the thought process --

12             THE COURT:  But procedurally, procedurally, maybe I

13   understand it.  You were hoping there wouldn't be any change in

14   the prior ruling, and personal jurisdiction was really not in

15   play.  It was only when the Court vacated that earlier opinion

16   and reached personal jurisdiction that you had reason to note

17   that you should have submitted that.

18             MR. SHORT:  Yes, your Honor.

19             THE COURT:  Yes.  So you probably can submit that.

20   The bottom line is, on Puerto Rico I and II with respect to

21   TPI, until I see the motion to reconsider, there's nothing more

22   to say.  All I came on the bench ready to say is it has to be

23   the same.  With respect to personal jurisdiction, it's both or

24   not either, they can't differ between them.

25             MR. SHORT:  Thank you, your Honor.

```
 1          THE COURT:  With respect to the with prejudice

 2    dismissal of Caribbean, if it excluded the -- you called it

 3    shareholders and directors and privies, then you have no

 4    problem.

 5          MR. SHORT:  I would need authority from the client,

 6    but I would be willing to recommend that.

 7          THE COURT:  Anybody want to be heard on this side of

 8    the table?

 9          MR. GOODMAN:  Yes, your Honor.  Robert Goodman Mound

10    Cotton Wollan & Greengrass.

11          This TCI was dissolved in 2007.  Long time ago.  Eight

12    years ago.

13          THE COURT:  Right.

14          MR. GOODMAN:  To start talking about directors and

15    shareholders from 2007, any statute of limitations I ever heard

16    of would have run a long time before that.

17          THE COURT:  That may well be.  I don't know if they're

18    ever going to do it, but all he's saying is that he doesn't

19    want to be precluded with a with prejudice dismissal from

20    trying.

21          If he turns around and sues some director now, the

22    first thing that's going to happen is you're going to make a

23    motion to dismiss for being time disbarred and probably ask for

24    sanctions, too.  It may be so time barred, what are you

25    thinking?  Bottom line, he'll never do it, but I guess he wants
```

1    the theoretical possibility to exist.

2           MR. GOODMAN:  I would think just staying that it's

3    with prejudice with respect to Trammo Caribbean itself should

4    be sufficient.  I don't think you have to omit everybody else

5    in the world.

6           THE COURT:  I think I will, because I didn't have that

7    in mind.  Clearly, in my mind, when I said it should be with

8    prejudice, it seems to me open and shut as to Trammo Caribbean,

9    and only Trammo Caribbean, it should be with prejudice.

10   Whether he ever decides to go after a shareholder or director

11   or -- what was the third thing you said?

12          MR. SHORT:  An entity in privity.

13          THE COURT:  -- or anybody in privity, it sounds so

14   obviously time barred, but we'll see if and when.  If and when.

15          MR. GOODMAN:  Your Honor, I would also note that with

16   my letter today, I submitted a proposed order on Trammo

17   Caribbean's motion for summary judgment.  That winds up with a

18   dismissal with prejudice.  If you put the extra language in

19   that --

20          THE COURT:  I am going to.

21          MR. GOODMAN:  Okay.  I would ask that you put that in

22   and that be signed.

23          THE COURT:  You understand what he was saying about

24   TPI.  He's got a pending motion to reconsider, and I have to

25   look at it.  I don't have a choice.  But I do say, it comes out

```
 1    the same in Puerto Rico I and II, whatever the answer is.

 2              MR. GOODMAN:  Our obligation to answer runs to today

 3    on behalf of TPI and PR2, so do I understand that your Honor is

 4    dismissing TPI in PR2 on grounds of lack of personal

 5    jurisdiction?

 6              THE COURT:  No.  I'm not reaching it.  He's moving to

 7    reconsider the motion to dismiss, or the decision on the motion

 8    to dismiss for lack of personal jurisdiction, so why do

 9    anything with respect to PR2.  But he extends your time to

10    answer, right, until --

11              MR. SHORT:  Certainly, your Honor.

12              THE COURT:  -- until whatever, 21 days after I decide

13    the reconsideration.  So not to worry about it, and that's on

14    the record.  You're certainly not going to be in default while

15    all of this is pending.

16              MR. GOODMAN:  Thank you, your Honor.  I just wanted to

17    be clear on where we were on that.

18              THE COURT:  And you are clear now.

19              MR. GOODMAN:  Yes, I am.

20              THE COURT:  Okay.

21              MR. GOODMAN:  Thank you, your Honor.

22              THE COURT:  Is there anything more now?

23              MR. SHORT:  I think we've covered the two items, your

24    Honor.

25              THE COURT:  Okay.
```

```
 1              MR. GOODMAN:  Agreed, your Honor.

 2              THE COURT:  When is this motion coming?

 3              MR. SHORT:  I believe the deadline is Thursday.

 4              MR. GOODMAN:  That's correct, your Honor.  My

 5  understanding.

 6              THE COURT:  I'll see what he points to.

 7              My rules say that I don't want a response on a motion

 8  to reconsider unless I alert you, but this one sounds like I'll

 9  probably need it, because he is bringing to my attention

10  information that was either overlooked or added, so I'll

11  probably need a response.

12              MR. GOODMAN:  So shall I just take it that we should

13  respond?

14              THE COURT:  I think on this one, yes.

15              MR. GOODMAN:  Thank you.

16              THE COURT:  Okay.

17              MR. GOODMAN:  So we have about two weeks to respond on

18  that?

19              THE COURT:  Work it out.

20              MR. GOODMAN:  We'll work it out, because I know we're

21  getting toward the year end.

22              THE COURT:  Yes, work it out.  But not months, of

23  course.  Weeks, not months.  Okay?

24              MR. GOODMAN:  All right.

25              MR. SHORT:  Yes.
```

1          THE COURT:  Thank you.

2          MR. SHORT:  Thank you, your Honor.

3          (Adjourned)