UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X
                                                        :
IN RE: METHYL TERTIARY BUTYL                            :
ETHER ("MTBE") PRODUCTS                                 :    **MEMORANDUM OPINION**
LIABILITY LITIGATION                                    :    **AND ORDER**
                                                        :
------------------------------------------------------- :
                                                        :    Master File No. 1:00-1898
**This document relates to:**                           :    MDL 1358 (SAS)
                                                        :    M21-88
*Commonwealth of Pennsylvania v. Exxon*                 :
*Mobil Corporation, et al.*, 14 Civ. 6228               :
                                                        :
                                                        :
------------------------------------------------------- X

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I.    INTRODUCTION

This is a consolidated multi-district litigation ("MDL") relating to contamination – actual or threatened – of groundwater from various defendants' use of the gasoline additive methyl tertiary butyl ether ("MTBE") and/or tertiary butyl alcohol, a product formed by the breakdown of MTBE in water. In this case, the Commonwealth of Pennsylvania ("the Commonwealth") alleges that defendants' use and handling of MTBE has contaminated, or threatens to contaminate groundwater within its jurisdiction. Familiarity with the underlying facts is presumed for the purposes of this Order.

Defendant Vitol S.A., Inc. now moves to dismiss for insufficient

service of process. Should that motion be denied, Vitol also requests, with the Commonwealth's consent,[1] that the Court dismiss counts III, V, and VI of the Amended Complaint consistent with this Court's decision dated July 2, 2015, which dismissed those counts as to similarly situated defendants.[2] For the following reasons the motion to dismiss for insufficient service of process is DENIED, and the motion to dismiss counts III, V, and VI of the Amended Complaint is GRANTED.

The initial Complaint in this action was filed on June 19, 2014, in Pennsylvania state court. Subsequently, the Commonwealth attempted to serve process on Vitol at an address in New York and received electronic confirmation of delivery on July 7, 2014.[3] The case was then removed to the Eastern District of Pennsylvania on July 17, 2014, and transferred to this MDL on August 18, 2014.[4]

Following the filing of the Amended Complaint on October 30, 2014,

---

[1] *See* Plaintiff Commonwealth of Pennsylvania's Opposition to Defendant Vitol SA's [sic] Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(5) and 12(b)(6) ("Pl. Mem.") at 1 n. 1.

[2] *In re MTBE Prods. Liab. Litig.*, No. 14 Civ. 6228, 2015 WL 4092326 (S.D.N.Y. July 2, 2015).

[3] Declaration of Barbara Driscoll, legal assistant to plaintiff's counsel, in Support of Plaintiff Commonwealth of Pennsylvania's Opposition to Vitol S.A.'s Motion to Dismiss ("Driscoll Decl.") ¶ 4.

[4] *See* Dkt. Nos. 1, 11.

the Commonwealth served its first set of interrogatories on defendants.[5] When Vitol did not respond to these interrogatories, the Commonwealth contacted Vitol and learned for the first time on August 18, 2015, that Vitol had never been served in this matter because Vitol no longer maintained an office at the New York address to which the Complaint was mailed.[6] Upon learning this, the Commonwealth served Vitol for the first time on October 14, 2015.[7]

## II. DISCUSSION

There is no dispute that the Commonwealth failed to properly serve Vitol within the 120-day time period permitted by Federal Rule of Procedure 4(m).[8] Rule 4(m) permits service outside this period if the plaintiff can demonstrate good cause for its failure to properly serve the defendant within 120

---

[5] Declaration of Bryan Barnhart, plaintiff's counsel, in Support of Plaintiff Commonwealth of Pennsylvania's Opposition to Vitol S.A.'s Motion to Dismiss ¶ 3.

[6] *See* Declaration of Peter Ligh, counsel for Vitol, in Support of Vitol's Motion to Dismiss ("Ligh Decl.") ¶ 7; Driscoll Decl. ¶ 5.

[7] Ligh Decl. ¶ 8; Driscoll Decl. ¶ 6. The adequacy of this service is not contested.

[8] After the Complaint was filed, the Rules were amended to shorten the time to serve process from 120 days to 90 days. I refer to the Rule in effect at the time the Complaint was filed. *See, e.g., Fowler v. City of New York*, No. 13 Civ. 2372, 2015 WL 9462097, at *3 n. 2 (E.D.N.Y. Dec. 23, 2015) (applying the 120-day limit).

3

days. The Commonwealth, however, has failed to proffer good cause for its failure to properly serve Vitol. It asserts, without further discussion, that it "exercised due diligence in attempting to serve Vitol"[9] when it mailed the Complaint to an office that Vitol had not occupied since at least 2006 and only confirmed receipt by an online package tracker.[10]

Even when a plaintiff has not demonstrated good cause for its failure to serve, a court may, in its discretion, allow service outside the 120-day time period.[11] In making this determination, courts typically consider four factors.

> (1) whether the applicable statute of limitations would bar the refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision.[12]

---

[9] Pl. Mem. at 4.

[10] Vitol does not deny that it previously occupied the New York office where the Commonwealth attempted to serve Vitol, but claims it has not had a "presence anywhere in the United States since 2006." Ex. C ("Email Correspondence") to Ligh Decl.

[11] See Zapata v. City of New York, 502 F.3d 192, 196 (2d Cir. 2007) ("We hold that district courts have discretion to grant extensions even in the absence of good cause.").

[12] Eastern Refractories Co. v. Forty Eight Insulations, Inc., 187 F.R.D. 503, 506 (S.D.N.Y. 1999).

4

I conclude an extension is warranted in this case. The instant motion is an obvious attempt by Vitol to gain the benefit of the statute of limitations if the Complaint were to be dismissed and the Commonwealth made to bring a new action against Vitol more than fifteen months after the original Complaint was filed. Vitol concedes it had notice of the Complaint, although it declines to specify the date it acquired such notice.[13] Nonetheless, attorneys representing Vitol, including the attorneys representing Vitol on this motion, appeared at MDL status conferences – as early as October 1, 2014 – where the Pennsylvania case was discussed.

Whether Vitol concealed the lack of service is at best neutral in this case. In consolidated proceedings such as this one, concealment takes on a different flavor where the defendant is already actively participating in the related litigation.[14] While Vitol's never affirmatively indicated that it had been served, its silence for over a year – despite knowing it had been named in the Complaint and

---

[13] *See* Defendant Vitol S.A., Inc.'s Memorandum of Law in Support of Its Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(5) and 12(b)(6) at 5.

[14] *See AIG Managed Mkt. Neutral Fund v. Askin Capital Mgmt., L.P.*, 197 F.R.D. 104, 110 (S.D.N.Y. 2000) ("This action is part of a complex litigation in which six cases have effectively been litigated as one. The AIG Plaintiffs aver that it was precisely because the cases were being litigated together that it made it more difficult for them to realize their mistake. Although this does not mean they had a reasonable excuse for the failure, this fact weighs slightly in their favor.").

5

despite being present in court with the Commonwealth numerous times – can be viewed as an attempt to build a case for dismissal for lack of service.[15] Taken together with the electronic confirmation that the Complaint was delivered to an office the Commonwealth thought to be occupied by Vitol, the Commonwealth was in essence lulled into believing it had effectively served Vitol.

Finally, Vitol would suffer little if any prejudice by being included in the case at this juncture. Vitol's participation in status conferences reveals that it was apprised not only of the filing of the case but of its ongoing progress, and the Commonwealth's consent to dismissing certain counts of the Amended Complaint undermines Vitol's claim of prejudice because it "has been deprived of opportunities to participate in motion practice."[16] Taken together, the factors weigh in favor of granting an extension.

## III. CONCLUSION

For the foregoing reasons Vitol's motion to dismiss for insufficient

---

[15] *See In re Bernard L. Madoff Inv. Sec. LLC*, No. 08 Civ. 01789, 2011 WL 6001092, at *3 (Bankr. S.D.N.Y. Nov. 30, 2011) (finding "[defendant's] failure to inform the [plaintiff] that he did not receive the Complaint by mail despite his attorneys' discovering it on PACER" weighed in favor of plaintiff for the concealment factor).

[16] Defendant Vitol S.A., Inc.'s Reply in Support of Its Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(5) and 12(b)(6) at 9. Vitol does not identify any other motions that it would have made or that it is precluded from making now.

service of process is DENIED, and the motion to dismiss counts III, V, and VI of the Amended Complaint is GRANTED.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:   New York, New York
         January 21, 2016

- Appearances -

**Liaison Counsel for Plaintiffs:**

Robin Greenwald, Esq.
Robert Gordon, Esq.
Weitz & Luxenberg, P.C.
180 Maiden Lane
New York, NY 10038
(212) 558-5500

**Counsel for the Commonwealth:**

James A. Donahue, III, Esq.
Pennsylvania Office of Attorney General
1435 Strawberry Square
Harrisburg, PA 17120
(717) 787-4530

Linda C. Barrett, Esq.
Pennsylvania Governor's Office of General Counsel
333 Market Street
Harrisburg, PA 17101
(717) 783-6563

Michael D. Axline, Esq.
Duane Miller, Esq.
Miller, Axline & Sawyer
1050 Fulton Avenue, Suite 100
Sacramento, CA 95825
(916) 488-6688

Daniel Berger, Esq.
Tyler E. Wren, Esq.
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19102
(215) 875-3098

Stewart L. Cohen, Esq.
Robert L. Pratter, Esq.
Michael Coren, Esq.
Cohen, Placitella & Roth
2001 Market Street, Suite 2900
Philadelphia, PA 19103
(215) 567-3500

**Liaison Counsel for Defendants:**

Lisa A. Gerson, Esq.
McDermott, Will & Emery, LLP (NY)
340 Madison Avenue
New York, NY 10017
(212) 547-5400

**Counsel for Vitol S.A., Inc.:**

Peter Ligh, Esq.
Meghana D. Shah, Esq.
Travis J. Mock, Esq.
Sutherland Asbil & Brennan LLP
1114 Avenue of the Americas
New York, NY 10036
(212) 389-5000