UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
IN RE: METHYL TERTIARY BUTYL                                 :
ETHER ("MTBE") PRODUCTS                                      :
LIABILITY LITIGATION                                         :   MEMORANDUM OPINION
------------------------------------------------------------ :   AND ORDER
                                                             :
This document relates to:                                    :   Master File No. 1:00-1898
                                                             :   MDL 1358 (SAS)
*New Jersey Dep't of Envtl. Prot. v. Atlantic*               :   M21-88
*Richfield Co.*, 08 Civ. 0312                                :
                                                             :
                                                             :
------------------------------------------------------------ X

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I.   INTRODUCTION

This is a consolidated multi-district litigation ("MDL") relating to contamination — actual or threatened — of groundwater from various defendants' use of the gasoline additive methyl tertiary butyl ether ("MTBE") and/or tertiary butyl alcohol, a product formed by the breakdown of MTBE in water. In this case, the New Jersey Department of Environmental Protection ("NJDEP"), the Commissioner of the NJDEP, and the Administrator of the New Jersey Spill Compensation Fund allege that defendants' use and handling of MTBE has contaminated, or threatened to contaminate groundwater at service stations, refineries, and terminals throughout New Jersey. Familiarity with the facts of this

case is presumed for the purposes of this Order.

Currently before the Court is plaintiffs' request for judicial approval of the Judicial Consent Order ("JCO"), which recites the terms of their settlement with Coastal Eagle Point Oil Company and El Paso Corporation (the "Coastal Defendants"). The JCO resolves all claims against the Coastal Defendants for twenty million dollars. In addition, the JCO is accompanied by a stipulation whereby plaintiffs agree "to reduce any judgment . . . [by] any portion of any judgment under the New Jersey Spill Compensation and Control Act . . . that is allocated by the fact finder in this action to Coastal based on its percentage of relative fault."[1] For the reasons stated below, plaintiffs' request is GRANTED.

## II. DISCUSSION

In the context of the New Jersey Spill Compensation and Control Act ("Spill Act") "[a] court will approve an agency's decision to settle as long as the settlement is 'fair, reasonable, and adequate.'"[2] The standard to be applied "is not whether the settlement is one which the court itself might have fashioned, or considers as ideal, but whether the proposed decree is fair, reasonable, and faithful

---

[1] Stipulation Related to Settlement with Coastal Eagle Point Oil Company and El Paso Corporation (n/k/a El Paso LLC) Only ¶ 1.

[2] *In re MTBE Prods. Liab. Litig.*, 33 F. Supp. 3d 259, 264 (S.D.N.Y. 2014) (quoting *Alves v. Main*, 559 Fed. App'x 151, 154 (3d Cir. 2014)).

to the objective of the governing statute."[3]

"In evaluating the fairness of a consent decree, a court should assess both procedural and substantive considerations."[4] "Procedural fairness requires that settlement negotiations take place at arm's length."[5] "Substantive fairness requires that the terms of the consent decree are based on 'comparative fault' and apportion liability 'according to rational estimates of the harm each party has caused.'"[6]

The proposed settlement is unopposed. The terms of the settlement were published in the *New Jersey Register*, and the New Jersey Department of Environmental Protection received only one comment to which it timely responded. The defendants in this case were also notified of the settlement and none objected to the proposed terms.

As previously noted by this Court, there is no serious concern that the

---

[3] *United States v. Cannons Eng'g Corp.*, 899 F.2d 79, 84 (1st Cir. 1990).

[4] *Id.*

[5] *Id.*

[6] *Id.* (quoting *United States v. SEPTA*, 235 F.3d 817, 823 (3d Cir. 2000)).

settlement negotiations here were not conducted at arm's length.[7] Furthermore, having reviewed the terms of the JCO and compared them to other settlements in this case, I conclude that the JCO – in conjunction with plaintiffs' stipulation – is substantively fair, reasonable, and consistent with the purpose of the Spill Act.

### III. CONCLUSION

For the foregoing reasons, plaintiffs' request is GRANTED.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:   New York, New York
         January 28, 2016

---

[7] *In re MTBE*, 33 F. Supp. 3d at 264 ("Non–Settling Defendants do not dispute the procedural fairness of the JCO, which was the product of six months of arms-length negotiation.").

4

- **Appearances** -

| | |
|---|---|
| **For Plaintiffs:** | **Liaison Counsel for Plaintiffs:** |

Leonard Z. Kaufmann, Esq.
Cohn, Lifland, Pearlman, Herrmann
& Knopf LLP
Park 80 West, Plaza One
Saddle Brook, NJ 07663
(201) 845-9600

Robin Greenwald, Esq.
Robert Gordon, Esq.
Weitz & Luxenberg, P.C.
180 Maiden Lane
New York, NY 10038
(212) 558-5500

John K. Dema, Esq.
Scott E. Kauff, Esq.
Law Offices of John K. Dema, P.C.
1236 Strand Street, Suite 103
Christiansted, VI 00820
(340) 773-6142

**Liaison Counsel for Defendants:**

James A. Pardo, Esq.
Lisa A. Gerson, Esq.
McDermott Will & Emery LLP
340 Madison Ave.
New York, NY 10017

Michael Axline, Esq.
Duane C. Miller, Esq.
Miller, Axline & Sawyer
1050 Fulton Ave., Suite 100
Sacramento, CA 95825
(916) 488-6688

Tyler E. Wren, Esq.
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19102
(215) 875-3098