```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/28/16
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| IN RE METHYL TERTIARY BUTYL ETHER ("MTBE") PRODUCTS LIABILITY LITIGATION | : |
| This document relates to: | : Master File No. 1:00-1898 MDL 1358 (SAS) M21-88 |
| New Jersey Department of Environmental Protection, et al. v. Atlantic Richfield Co., et al., 08 Civ. 00312 | : STIPULATION RELATED TO SETTLEMENT WITH COASTAL EAGLE POINT OIL COMPANY and EL PASO CORPORATION (n/k/a/ El Paso LLC) ONLY |

---

SHIRA A. SCHEINDLIN, U.S.D.J.:

WHEREAS Plaintiffs and defendants Coastal Eagle Point Oil Company and El Paso Corporation (n/k/a/ El Paso LLC) ("Coastal") entered into a settlement agreement (the "Coastal Settlement") that is being submitted to this Court for approval; and

WHEREAS certain non-settling defendants have previously objected to the settlement in this case between defendant CITGO Petroleum Corporation and Plaintiffs; and

WHEREAS the Court denied the motion to approve the settlement between CITGO Petroleum Corporation and Plaintiffs;

THEREFORE, in response to the Court's decision and the previous objections of the non-settling defendants, Plaintiffs stipulate and agree as follows:

1. Plaintiffs agree to reduce any judgment, and if necessary, agree not to seek to collect or to collect in this litigation, captioned *New Jersey Department of Environmental Protection v. Atlantic Richfield Co.*, MDL 1358, 08 Civ. 00312 (S.D.N.Y.), or in any subsequent judicial, administrative or other action that arises as a result of the claims asserted in this litigation, any portion of any judgment under the New Jersey Spill Compensation and Control Act, N.J.S.A. 58:10-23.11 to -23.24 ("Spill Act"), that is allocated by the fact finder in this action to Coastal based on its percentage of relative fault. Plaintiffs further agree that in any trial of this action, the trier of fact shall determine Coastal's percentage of relative fault for Spill Act claims in the same manner and in the same form of trial verdict as for common law claims and as for all other defendants, as if Coastal had remained a non-settling defendant.

2. Except as provided in paragraph 1 above, this Stipulation is strictly limited to the Coastal Settlement in this litigation and in no other way limits or reduces the liability of any responsible party.

3. This Stipulation is expressly contingent and effective only upon the approval by the Court of the Coastal Settlement.

| | |
|---|---|
| COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP | JOHN J. HOFFMAN ACTING ATTORNEY GENERAL OF NEW JERSEY |
| Special Counsel to the Attorney General | |
| BY: _____ Leonard Z. Kaufmann, A Member of the Firm DATE: 1/26/16 | BY: _____ Gwen Farley, Deputy Attorney General DATE: 1/22/16 |

SO ORDERED:

_____
HON. Shira A. Scheindlin, U.S.D.J.    jr
DATE: 1/28/16