```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/19/16
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IN RE METHYL TERTIARY BUTYL          :
ETHER ("MTBE") PRODUCTS LIABILITY
LITIGATION                           :     Master File No.
                                           1:00-1898
This document relates to:            :     MDL 1358 (SAS)
                                           M21-88
New Jersey Department of             :
Environmental Protection, et al.
v. Atlantic Richfield Co.,           :     STIPULATION RELATED TO
et al., 08 Civ. 00312                      SETTLEMENT    WITH    DUKE
                                     :     ENERGY    MERCHANTS    LLC
                                           ONLY

---

                                     :

SHIRA A. SCHEINDLIN, U.S.D.J.:


        WHEREAS Plaintiffs and defendant Duke Energy Merchants LLC

("Duke") entered into a settlement agreement (the "Duke

Settlement") that is being submitted to this Court for approval;

and

        WHEREAS certain non-settling defendants have previously

objected to the settlement in this case between defendant CITGO

Petroleum Corporation and Plaintiffs; and

        WHEREAS the Court denied the motion to approve the

settlement between CITGO Petroleum Corporation and Plaintiffs;

        THEREFORE, in response to the Court's decision and the

previous objections of the non-settling defendants, Plaintiffs

stipulate and agree as follows:

1.    Plaintiffs  agree  to  reduce  any  judgment,  and  if necessary,  agree  not  to  seek  to  collect  or  to  collect  in this  litigation,  captioned  *New  Jersey  Department  of Environmental  Protection  v.  Atlantic  Richfield  Co.*,  MDL 1358,  08  Civ.  00312  (S.D.N.Y.),  or  in  any  subsequent judicial,  administrative  or  other  action  that  arises  as  a result  of  the  claims  asserted  in  this  litigation,  any portion  of  any  judgment  under  the  New  Jersey  Spill Compensation  and  Control  Act,  N.J.S.A.  58:10-23.11  to  - 23.24  ("Spill  Act"),  that  is  allocated  by  the  fact  finder in  this  action  to  Duke  based  on  its  percentage  of  relative fault.  Plaintiffs  further  agree  that  in  any  trial  of  this action,  the  trier  of  fact  shall  determine  Duke's  percentage of  relative  fault  for  Spill  Act  claims  in  the  same  manner and  in  the  same  form  of  trial  verdict  as  for  common  law claims  and  as  for  all  other  defendants,  as  if  Duke  had remained  a  non-settling  defendant.

2.    Except  as  provided  in  paragraph  1  above,  this Stipulation  is  strictly  limited  to  the  Duke  Settlement  in this  litigation  and  in  no  other  way  limits  or  reduces  the liability  of  any  responsible  party.

3.    This  Stipulation  is  expressly  contingent  and  effective only  upon  the  approval  by  the  Court  of  the  Duke  Settlement.

COHN LIFLAND PEARLMAN
HERRMANN & KNOPF LLP

Special Counsel to the
Attorney General

BY: _____
    Leonard Z. Kaufmann,
    A Member of the Firm
    DATE: 2/1/16


JOHN J. HOFFMAN
ACTING ATTORNEY GENERAL
OF NEW JERSEY

BY: _____
    Gwen Farley,
    Deputy Attorney General
    DATE: 2/5/16


SO ORDERED:

_____
HON. Shira A. Scheindlin, U.S.D.J.
DATE: 2/19/16