

Boston  Brussels  Chicago  Dallas  Düsseldorf  Frankfurt  Houston  London  Los Angeles  Miami
Milan  Munich  New York  Orange County  Paris  Rome  Seoul  Silicon Valley  Washington, D.C.

Strategic alliance with MWE China Law Offices (Shanghai)

James A. Pardo
Attorney at Law
jpardo@mwe.com
+1 212 547 5353

February 26, 2016

BY ELECTRONIC MAIL & HAND DELIVERY

The Honorable Shira A. Scheindlin
United States District Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 1620
New York, New York  10007-1312

Re:  *In re MTBE Prods. Liab. Litig.*, **Master File No. 1:00-1898 (SAS), MDL No. 1358**

Dear Judge Scheindlin:

Defendants respectfully submit this letter in advance of the March 1, 2016 hearing.

**I.  *Commonwealth of Puerto Rico:* Suggestion of Partial Remand**

Until late this afternoon, Defendants believed that the major areas of dispute would be resolved and only a few issues remained.  However, an hour prior to filing Plaintiffs provided additional revisions on which they never previously sought to meet and confer.  Specifically, Plaintiffs now seek to delete footnotes 1 and 3 on the ground that they allegedly are "confusing."  To the contrary, these footnotes provide clarity regarding the selection of Trial Sites and the current status of Plaintiffs' claims.  Footnote 3, in particular, is nearly identical to that which was included in the *New Jersey* suggestion of remand, and clarifies the identity of the Defendants required to participate in the remanded Phase I proceedings.  There is no justification for removing from the suggestion of remand these accurate facts.

In addition, the parties were unable to resolve the following three issues through the meet-and-confer process. First, Defendants' proposed language includes the following phrase explaining the purpose of remand:  the Trial Sites are being "remanded to the District of Puerto Rico for further pretrial proceedings and a Phase I Trial."  *Defs.' Proposal*, at 1 (Ex. A).  Plaintiffs' proposed language – that the sites are being remanded for "further proceedings including a Phase I Trial" – is vague.  Defendants believe that including the term "pretrial proceedings" provides clarity for the parties and the Puerto Rico District Court.  *See also New*

The Honorable Shira A. Scheindlin
February 26, 2016
Page 2

*Jersey Suggestion to Remand*, Dkt # 4177 (specifying remand for "pretrial and trial proceedings").[1]

Second, the parties agree that reference to CMO 117 should be included.  CMO 117 set forth the claims Plaintiffs were pursuing at each Trial Site and the defendants against which such claims were being pursued.  However, Defendants also propose to include language recognizing that such claims were, in some cases, further limited by rulings, stipulations and orders entered after CMO 117.  *See Defs.' Proposal* at 2 ("Following these various stipulations, motion practice, and Court Orders, the remaining Phase I Trial Sites are [listing Trial Sites]," and the Phase I trial shall be consistent with CMO 117 "and with the Court's above-referenced summary judgment rulings.").  Plaintiffs' only justification for seeking to exclude these references is that they may try to seek appeal of certain orders.  Regardless of Plaintiffs' efforts, and their likelihood or unlikelihood of success, the transferee court should be aware that this Court issued rulings affecting the scope of the remanded claims.

Finally, Defendants' proposal includes language – also used in *New Jersey* – that discovery on the Phase I Trial Sites has been "substantially" completed.  This language was included in recognition of the fact that the parties, or at least Defendants, will want to exchange updated Trial Site detection data closer to the Phase I Trial and after remand. Plaintiffs have now indicated that they would object to such an exchange.  However, as this Court is aware, MTBE levels in groundwater change over time, and it is important that the evidence at trial presents a picture of real-world conditions.  At minimum, it will be for the District Court in Puerto Rico to decide whether this limited exchange of data should go forward.

For the foregoing reasons, Defendants respectfully request that their Suggestion to Remand be entered by the Court.

Sincerely,

*James A. Pardo*

James A. Pardo

cc:  All counsel of record by LNFS

---

[1] Alternatively, Defendants would accept language stating that the Trial Sites are being remanded "for all further proceedings, including additional pretrial, trial and post-trial proceedings."  The same language could be inserted at the bottom of page two.  Defendants proposed this language to Plaintiffs, but had not received a response at the time of filing.

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In Re: Methyl Tertiary Butyl Ether ("MTBE")
Products Liability Litigation

**This Document Relates To:**

*Commonwealth of Puerto Rico, et al. v.
Shell Oil Co., et al.*

ORDER

Master File No. 1:00 - 1898
MDL 1358 (SAS)
M21-88

No. 07 Civ. 10470 (SAS)

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## (PROPOSED) SUGGESTION TO REMAND

On October 31, 2007, the Judicial Panel on Multidistrict Litigation transferred the case captioned *Commonwealth of Puerto Rico, et al. v. Shell Oil Co., et al.*, Case No. 07-cv-10470 (S.D.N.Y.); 07-cv-1505 (D.P.R.) (the "Action"), to this Court for coordinated and consolidated pretrial proceedings in MDL No. 1358. The Action involves alleged contamination of groundwater with methyl tertiary-butyl ether ("MTBE") at hundreds of sites in the Commonwealth of Puerto Rico.

This Court issued several Case Management Orders ("CMOs") and orders[1] that set forth a procedure for the parties to select a subset of those sites (the "Trial Sites") on which fact and expert discovery would be completed so that the Trial Sites could be remanded to the District of Puerto Rico for further pretrial proceedings and a Phase I Trial.

During discovery, a subset of the initially selected Trial Sites was dismissed without prejudice pursuant to CMO 109, and four Trial Sites were dismissed with prejudice by

---

[1] CMO 65, dated April 21, 2010; CMO 79, dated December 1, 2010; CMO 110, dated March 21, 2013; an unnumbered CMO, dated September 30, 2013; and directives issued at the January 20, 2012 and April 12, 2012 status conferences.

1

stipulation of the parties.[2]  Following these various stipulations, motion practice, and Court Orders, the remaining Phase I Trial Sites are:

- 86-0948 / Shell #003042 / Rd. #487 Villa Del Rey / Caguas
- 86-1075 / Esso CO-364 / Villa St. and the corner of Cementerio St. / Ponce
- 86-1232 / Esso CO-242 / Calle Antonio R. Barcelo #1 / Cayey
- 86-1825 / Texaco #800 / Carr. #133, Km. 0.8 / Ponce
- 91-0067 / Total 1012 / Central Ave. #263 / San Juan

CMO 117, dated September 15, 2014 (and attached), provides the causes of action Plaintiffs alleged at each Phase I Trial Site and the Defendants against which such causes of action were alleged.

The Court hereby finds that discovery on the Phase I Trial Sites has been substantially completed.  Furthermore, the Court has issued its rulings with respect to all summary judgment motions filed concerning the Phase I Trial Sites.  Accordingly, the Court hereby finds that the coordinated and consolidated pretrial proceedings have run their course with respect to claims related to the Phase I Trial Sites.

The Court therefore suggests that the Panel remand to the United States District Court for the District of Puerto Rico all Phase I Trial Sites identified above for all further proceedings, including additional pretrial and trial proceedings.  Such proceedings shall be consistent with CMO 117[3] and with the Court's above-referenced summary judgment rulings.

---

[2] The Trial Sites dismissed with prejudice by stipulation are: Maysonet Service Station (98-0080), Manati Municipal Garage (89-0156), Guayama Water Treatment Plant (E12004W), and the Chevron Phillips Chemical Puerto Rico Core LLC petrochemical facility in Guayama. *See Stipulated Order of Dismissal* (Sept. 24, 2014), Dkt. #462; *Stipulated Order of Dismissal* (July 16, 2014), Dkt. #434.

[3] Due to settlements, stipulations and rulings that occurred after entry of CMO 117, the only defendants whose liability, if any, will be determined at, and that are required to participate in,

As of this time this Court will retain jurisdiction over the remainder of the Action in order to conduct coordinated and consolidated pretrial proceedings.

SO ORDERED:

Dated: New York, New York

_____, 2016

_____

SHIRA A. SCHEINDLIN, U.S.D.J.

---

the remanded Phase I proceedings are:  Shell Company Puerto Rico Ltd., n/k/a Sol Puerto Rico Limited ("Sol"); Shell Western Supply & Trading, Ltd.; Chevron Phillips Chemical Puerto Rico Core LLC; ConocoPhillips Company; Esso Standard Oil Co. (Puerto Rico); Total Petroleum Puerto Rico Corp. and Chevron Puerto Rico, LLC, f/k/a Texaco Puerto Rico Inc.

3