```
     G311mtbc
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x
 3   In re MTBE                                  00-CV-1898 (SAS)
 4                                               Conference
     ------------------------------x
 5                                               New York, N.Y.
                                                 March 1, 2016
 6                                               5:18 p.m.
 7   Before:
 8                     HON. SHIRA A. SCHEINDLIN,
 9                                           District Judge
10                          APPEARANCES
11   For Plaintiffs:
12   JOHN GILMOUR, ESQ.
13   For Defendants:
14   JAMES PARDO, ESQ. (Liaison)
     LISA GERSON, ESQ. (Liaison)
15   PETER CONDRON, ESQ. (Shell defendants)
     ALBENIZ COURET, ESQ. (Total Petroleum Puerto Rico Corp.)
16   DANIEL KRAININ, ESQ. (Sunoco defendants)
     ROBERT WILSON, ESQ. (Idemitsu Apollo Corporation)
17
18   For Defendants, Observing by Phone:
19   JAMES HARRIS, ESQ. (Petrobras)
     JEREMIAH ANDERSON, ESQ. (Chevron defendants)
20   ALEJANDRO CEPEDA DIAZ, ESQ. (Sol)
     PAMELA HANEBUTT, ESQ. (CITGO International Puerto Rico)
21   JESSICA FARLEY, ESQ. (ConocoPhillips Co., CP Chem PR Core)
22
23
24
25
```

```
 1              THE COURT:  Good afternoon, Mr. Gilmour?
 2              MR. GILMOUR:  Good afternoon, your Honor.
 3              THE COURT:  Good afternoon, Mr. Pardo.
 4              MR. PARDO:  Good afternoon.
 5              THE COURT:  Ms. Gerson?
 6              MS. GERSON:  Good afternoon.
 7              THE COURT:  Mr. Condron?
 8              MR. CONDRON:  Good afternoon.
 9              THE COURT:  Mr. Krainin?
10              MR. KRAININ:  Good afternoon.
11              THE COURT:  Mr. Couret?
12              MR. COURET:  Good afternoon.
13              THE COURT:  Mr. Wilson?
14              MR. WILSON:  Good afternoon.
15              THE COURT:  Okay.  Well, for those of you who are on
16   the phone, I explained to the others the late arrival was due
17   to a court ceremony in memory of Judge Patterson and it went
18   longer than expected.
19              Is there a Mr. Harris on the phone?
20              MR. HARRIS:  Yes, your Honor.
21              THE COURT:  Mr. Anderson?
22              MR. ANDERSON:  Good afternoon, your Honor.
23              THE COURT:  Mr. Diaz?  Is there a Mr. Diaz?  No.
24              MR. CEPEDA:  Yes.  Cepeda, yes.
25              THE COURT:  Yes.  Ms. Hanebutt?
```

1           MS. HANEBUTT:  Good afternoon.

2           THE COURT:  Ms. Farley?

3           MS. FARLEY:  Good afternoon, your Honor.

4           THE COURT:  And Mr. Bollar.  Is there a Mr. Bollar
5   still on the phone?  No.

6           Okay.  Getting right down to it, after this somewhat
7   lengthy delay, I have two letters here.  They're both dated
8   February 26th.  I don't think they respond to one another.  I
9   suspect they were submitted pretty much simultaneously.

10          MS. GERSON:  Your Honor, it may help to just clarify
11  one or two things in the letters that came in, and that's that
12  defendants are not opposing inclusion of Total 1012.  I just
13  wanted to explain, that's been resolved.

14          THE COURT:  That's good.  In any event, there are
15  these two letters.  There is a letter from Mr. Pardo on behalf
16  of defendants and there's a letter from Mr. Gilmour on behalf
17  of plaintiffs.  And the letters dispute the terms, the language
18  to be used in the suggestion of remand that both sides say is
19  the next step in the Puerto Rico litigation.

20          So with one of those issues out of the way, the Total
21  site, I will confess that I only read these letters once and
22  figured I would just go through them again here.

23          So according to plaintiff's letter -- and I hope it's
24  the same as the defense letter -- the first topic is how to
25  phrase whether discovery is complete.  And defendants' proposed

1     language includes the phrase, "The trial sites are being
2     remanded to the District of Puerto Rico for further pretrial
3     proceedings and a Phase I trial."  And the plaintiff's proposed
4     language is that they're being remanded "for further
5     proceedings including a Phase I trial."  So the missing phrase
6     seems to be for further pretrial proceedings.
7              I don't really think that there's a need to argue.  I
8     will tell you what I think, and then if you feel you have to be
9     heard, so be it.
10             I don't see how the defendants can be anything but
11    right.  There's always further pretrial proceedings.  You can't
12    go to trial without pretrial proceedings.  There are endless
13    motions *in limine*, there are endless objections to exhibits
14    that can be made.  There's never a case that doesn't have
15    further pretrial proceedings.  If you feel that that opens the
16    door to permanent discovery, I understand your concern, but I
17    think that one has to trust that the judge understands what is
18    meant here, that classic discovery is finished but there are
19    times when one has to update something.  I gather it's
20    somewhere in this letter.  I think I read that the defendants
21    may have to update testing data or something, and because one
22    needs to have the most current version.  But there's always
23    pretrial matters, and if I were to have gotten every pretrial
24    matter out of the way to make it trial ready, I would have had
25    to do, as I said, all the motions *in limine* and all the

1    evidentiary objections, then say to a judge:  You're ready to

2    pick a jury.  Here's the package.  So I don't think the phrase

3    is dangerous, especially with this transcript.  The only thing

4    that I can leave open is that for example, the defendants may

5    exchange updated trial site detection data and I already

6    mentioned motions *in limine*.

7              You are?

8              MR. WILSON:  Robert Wilson for Idemitsu.

9              THE COURT:  What is it, Mr. Wilson?

10             MR. WILSON:  I'd like to raise a point about the

11   completion of discovery by Idemitsu.  As your Honor may recall,

12   back in December of 2013, your Honor granted summary judgment

13   to Idemitsu based on statute of limitations grounds, and in

14   reliance on that decision, Idemitsu did not participate in the

15   subsequent expert discovery and motion practice that pertained

16   to the Total 1012 site.  And we understand from the submissions

17   that plaintiffs intend to appeal the summary judgment that was

18   granted as to the Total 1012 site at some point.  If that

19   summary judgment is reversed, Idemitsu will be back into the

20   Total 1012 trial, and so we would like to undertake expert

21   discovery at that point.

22             THE COURT:  You mean postreversal by an appellate

23   court?  Life's too short for me to see two to three years in

24   the future.  When and if that happens, I'm sure you'll ask the

25   trial judge.  You'll explain the history you've just explained,

1    you'll say, we were suddenly successful in the First Circuit,
2    it took two years to be successful, we never participated in
3    expert discovery, please allow us to do so.  I'm sure the judge
4    will do the right thing at that time.  There's nothing for me
5    to say.  I want to just get the language of this down, and I
6    think the defense language covers the issue together with this
7    transcript.  I'd like to move on to the second issue.
8              MR. WILSON:  Thank you, your Honor.  We just want to
9    make sure there's nothing in the remand order that would
10   prevent us from doing that.  Thank you.
11             THE COURT:  What is it, Mr. Gilmour?
12             MR. GILMOUR:  Your Honor, if I may, the plaintiff's
13   concern was not the phrase "pretrial."  We concede that further
14   pretrial proceedings will have to happen.  The issue, as I told
15   defendant's counsel, is posttrial proceedings or during trial.
16   It's no mystery, your Honor, that we intend to seek review in
17   the First Circuit.  We are going to seek either a Rule 54(b)
18   judgment or postentry of judgment, posttrial.  That has been
19   the concern.
20             THE COURT:  Wait a minute.  What does that have to do
21   with the language of the phrase that I read into the record?
22   What would you change?
23             MR. GILMOUR:  I would add "posttrial proceedings" at
24   the end of that.
25             THE COURT:  But that's obvious.

1             MS. GERSON:  And we agree.
2             THE COURT:  Completely obvious.  There are always
3    posttrial proceedings.
4             MR. GILMOUR:  Yes, your Honor, and that was our
5    response when they added pretrial.  Originally it was
6    proceedings, and when they added pretrial, we said, well,
7    that's obvious, and it's included in the proceedings, and the
8    response was no, we must have pretrial in the order.
9             MS. GERSON:  Your Honor, we're fine with posttrial
10   included, and it's in our letter.
11            THE COURT:  All right.  That seems to be resolved.
12   So, well, maybe there's only one other issue.  Because the
13   so-called second issue in the defense letter, does that relate
14   solely to the Total 1012 sites?  Mr. Pardo, you wrote the
15   letter.
16            MS. GERSON:  Your Honor, I'll take that.  Sorry.
17            THE COURT:  Okay.
18            MS. GERSON:  The second issue was, we believe that
19   there is a reference to CMO 117 in the remand order and both
20   parties agree to that.  We also believe that there should be
21   language recognizing that after CMO 117, there was a
22   stipulation, opinions by your Honor that affect the current
23   state of the case as it's being sent back.
24            THE COURT:  The defendant's proposal is following
25   these various stipulations, motion practice, and court orders,

1    "The main Phase I trials are."

2             MS. GERSON:  Actually, I don't know if that is as much
3    in dispute as the following.  It continues CMO -- that the
4    Phase I trial shall be consistent with CMO 117 and with the
5    Court's above-referenced summary judgment ruling.  I think that
6    might be more of the issue in dispute.  But we obviously think
7    that the district court and the panel should be aware that
8    postCMO 117, there were additional decisions.

9             THE COURT:  That's covered.  It says:  Following these
10   various stipulations, motion practice, and court orders.  What
11   else is my summary judgment opinion but a court order?

12            MS. GERSON:  Well, it's a little bit different only
13   because the second sentence comes later in the order and it
14   addresses parties as well as claims as trial sites.

15            THE COURT:  I'm not really following.

16            MS. GERSON:  Sorry.  If we look at the proposed order
17   attached to our letter -- and it's the very, very bottom of
18   page 2, which says that the proceedings, the remanded
19   proceedings, shall be consistent with CMO 117 and the
20   above-referenced summary judgment rulings.  And that is --

21            THE COURT:  Where is the other phrase about court
22   orders?

23            MS. GERSON:  It's two sentences, the very, very top of
24   page 2 and the very, very bottom of page 2.

25            THE COURT:  Well, such procedures shall be consistent

1     with CMO 117 and with all of the court's orders.
2              MS. GERSON:  That's what we're proposing, your Honor.
3              THE COURT:  I don't see the difference.  With all the
4     court's orders, includes my summary judgment opinion and now
5     that's clear from this transcript.
6              MR. GILMOUR:  Yes, your Honor, and to be clear, as
7     we've consistently said, we agree that your Honor's orders
8     modified the CMO 117 as they currently stand and that that is
9     the posture of the case right now.
10             THE COURT:  That's fine.  So "to be consistent with
11    CMO 117 and with all of the court's orders."  That's it.
12    Between that and this transcript, that certainly covers the
13    summary judgment.
14             Now we have the last topic, according to defendants'
15    letter.  Finally, defendants' proposal includes language that
16    was used in New Jersey, that discovery has been substantially
17    completed.
18             MS. GERSON:  I believe you addressed that, the
19    substantially completed discovery.  That related to
20    supplementing.
21             THE COURT:  So is there anything left?
22             MS. GERSON:  The only thing, your Honor, is actually
23    the first point in our letter, plaintiff told us on Friday they
24    wanted to delete out a couple of footnotes, particularly
25    footnote 3.  This was a footnote that was included similarly in

1     New Jersey and it basically states the defendant that -- for

2     which claims are remaining at the trial site, it clarifies we

3     believe which parties must participate in the trial.

4              THE COURT:  You say "clarify the identity of the

5     defendants required to participate in the remanded Phase I

6     proceedings."  Where does the plaintiff's letter address this?

7              MR. GILMOUR:  Your Honor, we deleted the footnote.

8              THE COURT:  I know.  You must have written about it in

9     your letter, did you?

10             MR. GILMOUR:  No, your Honor, because I was not aware

11    that this was an issue.

12             If I may clarify, your Honor, this was raised for the

13    first time after defendants took a "take it or leave it" stance

14    on the Total 1012 site until this past Friday, which you may

15    remember, your Honor, was three days past the deadline you gave

16    us to advise the Court of whether we had made any progress, and

17    our letters were due that same afternoon.  Ms. Gerson called me

18    in the afternoon and said:  Do you want to discuss these

19    issues?  And I said of course.  I'm always open to discussion.

20    There was a discussion about Total 1012 which required me to

21    talk to another defense counsel and then get back to Ms. Gerson

22    in the middle of the afternoon, at which time she told me for

23    the first time ever that defendants no longer were opposed to

24    Total 1012 going back, and up until that point defendants had

25    refused to address any of this language because of all bore on

1    the Total 1012 site, from our perspective.  So to say that, you

2    know, we have laid behind the law or not addressed it is very

3    concerning, which some of the first language in their letter

4    says that we never --

5             THE COURT:  Well, I don't care about that.  I just

6    care about hammering out the language, signing the document,

7    and sending it out the door.  I don't really want to know who

8    is a good guy or bad guy or somewhere in between.  I just want

9    to finish.

10            So in footnote 3, which apparently clarifies the

11   identity of the defendants required to participate in the

12   remanded Phase I proceedings, what's the problem with it?

13            MR. GILMOUR:  It leaves out the dismissed defendants

14   for whom we are going to appeal, who need to go back with the

15   sites.

16            THE COURT:  Oh.  Only if you ever win on the appeal.

17            MR. GILMOUR:  And if those defendants want to

18   participate in the appeal, yes, your Honor, I agree.

19            THE COURT:  So now it says:  "Footnote 3.  Due to

20   settlements, stipulations, and rulings that occurred after

21   entry of CMO 117, the only defendants whose liability, if any,

22   will be determined at and that are required to participate in

23   the remanded Phase I proceedings are:"  I suppose at the end of

24   that, you could add a sentence, "If at any time there is a

25   reversal and other defendants who were dismissed are

1    reinstated, that will be addressed when and if it happens."
2             MR. GILMOUR:  Yes, your Honor, and I'm happy to work
3    toward the language.
4             THE COURT:  That's the language.  Get it out of the
5    transcript.  That's it.
6             MR. GILMOUR:  Yes, your Honor.
7             THE COURT:  If you need to preserve it, go ahead and
8    say it, but I think we're done.
9             MS. GERSON:  Thank you, your Honor.
10            THE COURT:  So please, finalize this order, I sign,
11   and you are off and running for a trial.  Maybe.
12            ALL COUNSEL:  Thank you, your Honor.
13            THE COURT:  Oh.  When can you get this submitted to
14   the Court, please?  I mean, with this transcript and these
15   rulings.
16            MR. PARDO:  Friday.
17            THE COURT:  I agree with you, Mr. Pardo.  Close of
18   business Friday.  Just write it up, and don't tell me you can't
19   agree on the language, because it's clear enough now.
20            All right?  Thank you.  Sorry for the delay.
21            ALL COUNSEL:  Thank you, your Honor.
22            (Adjourned)
23
24
25