IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: METHYL-TERTIARY BUTYL ETHER ("MTBE") PRODUCTS LIABILITY LITIGATION | MDL 1358<br>Master File C.A. No .1:00-1898 (SAS)<br>M21 - 88 |
| **This Document Relates to:**<br><br>*Commonwealth of Pennsylvania v. Exxon Mobil Corp., et al.*, No. 1:14-CIV-06228-SAS | |

<u>Case Management Order No. 120</u>
<u>(Application of Revised Confidentiality Order to</u>
<u>Production of Documents or Things Pursuant to API Subpoena)</u>

WHEREAS Plaintiff in the above-captioned action ("Plaintiff") has served a Rule 45 subpoena to the American Petroleum Institute ("API") for deposition testimony and the production of documents (hereinafter the "Subpoena"); and

WHEREAS the deposition testimony and documents sought in the API Subpoena may contain confidential information;

Therefore, it is hereby ORDERED that the provisions of the Revised Confidentiality Order entered by the Court on September 24, 2004 in *In Re MTBE Products Liability Litigation*, MDL No. 1358 ("RCO"), a true and correct copy of which is annexed hereto as Exhibit 1, regarding the production and disclosure of confidential documents, information or other things shall apply to the testimony, documents, information or other things produced or disclosed by API pursuant to the terms set forth below:

(1) Any testimony, documents, information or other things produced or disclosed by API pursuant to the Subpoena, including transcripts or other media recording of deposition testimony by API or its representatives, may be produced or disclosed with the Confidentiality

Designations set forth in the RCO (*i.e.*, "CONFIDENTIAL (per 2004 MDL 1358 Order)" or "CONFIDENTIAL MATERIALS (per 2004 MDL 1358 Order) -- FOR OUTSIDE COUNSEL ONLY") where those transcripts, documents, information or other things contain a trade secret or other confidential research, development, or commercially sensitive information to the fullest extent permitted under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure (collectively, "CONFIDENTIAL MATERIALS"); and

(2)   API is deemed to be a "party" for purposes of this Case Management Order only as that term is used in the RCO; and

(3)   API need not abide by those portions of the RCO relating to "Approved Copying Service[s]," provided that API and the Plaintiff make alternate, mutually agreeable arrangements for the copying of documents or things produced or disclosed pursuant to the Subpoena; and

(4)   Upon API and Plaintiff making alternate, mutually agreeable arrangements for the copying of documents or things produced or disclosed pursuant to the Subpoena, API need only produce one set of documents or things to Plaintiff's counsel; and

(5)   Nothing in this Order shall restrict or apply to the use, maintenance or handling of its own CONFIDENTIAL MATERIALS by API in its normal business operations; and

(6)   No party receiving CONFIDENTIAL MATERIALS that are PRODUCED OR DISCLOSED by API shall disclose those CONFIDENTIAL MATERIALS to any other PERSON, except as permitted by and in accordance with the RCO, this Order and for the purposes of this litigation only; and

(7)   To the extent the parties who receive CONFIDENTIAL MATERIALS are required by subpoenas or by law or order in other legal or administrative proceedings to provide copies of CONFIDENTIAL MATERIALS produced by API, the parties must provide notice

within 10 business days to API to permit API a reasonable opportunity to object to the disclosure of those CONFIDENTIAL MATERIALS; and

(8) For any challenge to and dispute about confidentiality under Section K of the RCO, in lieu of a motion for protective order by API, Plaintiff or Defendants shall have the burden to move to remove the Confidentiality Designations and compel production of Confidential Materials produced by API; and

(9) For any CONFIDENTIAL MATERIALS filed or to be filed under seal under Subsection a of Section L of the RCO, in lieu of a motion for a sealing order by API, Plaintiff or Defendants shall have the burden to move to file publically CONFIDENTIAL MATERIALS without seal; and

(10) The terms of this Order and the RCO with respect to any documents, information or other things produced or disclosed by API pursuant to the Subpoena shall be binding upon all parties to the above-captioned action and any other persons who have agreed to be bound by the RCO.

Dated: March 14, 2016
*New York, New York*

IT IS SO ORDERED:

_____
HONORABLE SHIRA A. SCHEINDLIN
United States District Court (S.D.N.Y.)