

Boston  Brussels  Chicago  Dallas  Düsseldorf  Frankfurt  Houston  London  Los Angeles  Miami
Milan  Munich  New York  Orange County  Paris  Rome  Seoul  Silicon Valley  Washington, D.C.

Strategic alliance with MWE China Law Offices (Shanghai)

James A. Pardo
Attorney at Law
jpardo@mwe.com
+1 212 547 5353

March 21, 2016

BY ELECTRONIC MAIL AND HAND DELIVERY

The Honorable Shira A. Scheindlin
United States District Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 1620
New York, New York  10007-1312

      Re:    Master File C.A. No. 1:00-1898 (SAS), M21-88, MDL No. 1358
                *Defendants' Pre-Conference Letter for March 29, 2016 Status Conference*

Dear Judge Scheindlin:

Defendants respectfully submit this letter in advance of the March 29 conference.

**DEFENDANTS' AGENDA ITEMS**

**I.**    *Pennsylvania*:  Request to Dismiss Newly Added ExxonMobil Entities

Plaintiff's Second Amended Complaint (SAC), filed in November 2015, added three new ExxonMobil "entities" – Exxon Company, U.S.A.; ExxonMobil Refining & Supply Company; and Mobil Oil Corporation (collectively, "New ExxonMobil Entities").  These new entities were in addition to existing defendants Exxon Mobil Corporation and ExxonMobil Oil Corporation.

In late December 2015, Plaintiff sent Requests to Waive Service to the New ExxonMobil Entities.  In response to those requests, ExxonMobil's counsel informed Plaintiff by telephone and follow-up letter of the following facts and, on that basis, requested that Plaintiff voluntarily dismiss the New ExxonMobil Entities so that the parties could avoid unnecessary motion practice:

- Exxon Company, U.S.A. and ExxonMobil Refining & Supply Company are unincorporated divisions of existing defendant Exxon Mobil Corporation (citing *e.g.*, *Puerto Rico II 7.1 Statement*, Case No. 1:14-cv-01014, Dkt. # 136); and

The Honorable Shira A. Scheindlin
March 21, 2016
Page 2

- "Mobil Oil Corporation" is the prior name of existing defendant ExxonMobil Oil Corporation (citing *e.g.*, *Def. ExxonMobil Oil Corp.'s Decl. in Resp. to CMOs 4 & 19*, at 3 ("Following the 1999 merger that created Exxon Mobil Corporation, MOC [Mobil Oil Corporation] changed its name to ExxonMobil Oil Corporation")).

*See Ltr. from J. Pardo to T. O'Reilly* (Jan. 8, 2016) (Ex. 1, at attachment A).

As has been explained to Plaintiff, because Exxon Company, U.S.A. and ExxonMobil Refining & Supply Company are unincorporated divisions, they lack capacity to sue or be sued. *See, e.g.*, *E.E.O.C. v. St. Francis Xavier Parochial Sch.*, 77 F. Supp. 2d 71, 75 (D.D.C. 1999) (discussing "line of precedent holding that unincorporated divisions of a corporation lack legal capacity to be sued"); *Greenbaum v. Handlesbanken*, 26 F. Supp. 2d 649, 654 (S.D.N.Y. 1998) ("unincorporated division of a corporation cannot be sued").  Furthermore, as even Plaintiff appears to recognize, Mobil Oil Corporation simply is the former name of current defendant ExxonMobil Oil Corporation.[1]

ExxonMobil has twice attempted to confer with Plaintiff on this issue since its initial January 8th letter, but has received no response.  *See* Ex. 1 & attachment A (Mar. 11, 2016 letter and attaching Jan. 27, 2016 email).[2]  In addition, since the November 2015 filing, the 120-day period permitted for service of process under Federal Rule of Civil Procedure 4(m) has expired.[3]  *See* Fed. R. Civ. P. 4(m) (the court may on its own dismiss the action without prejudice).  Therefore, both because the New ExxonMobil Entities lack capacity to be sued and because the time period for service has expired, the ExxonMobil defendants respectfully request that the Court dismiss the New ExxonMobil Entities with prejudice.

Respectfully submitted,

*James A. Pardo*
James A. Pardo

cc:   Plaintiffs' Liaison Counsel (by email)
      All counsel of record (by LNFS)

---

[1] The caption of the SAC describes existing defendant ExxonMobil Oil Corporation as formerly known as or doing business as Mobil Oil Corporation.

[2] Also during this period, Plaintiff inexplicably served a second Request to Waive Service on Exxon Company, U.S.A.

[3] The time period permitted under Rule 4(m) was reduced from 120 days to 90 days effective December 1, 2015.  Because Plaintiff filed its second amended complaint on November 6, 2015, we refer to the old rule.

# EXHIBIT 1



Boston   Brussels   Chicago   Düsseldorf   Frankfurt   Houston   London   Los Angeles   Miami
Milan   Munich   New York   Orange County   Paris   Rome   Seoul   Silicon Valley   Washington, D.C.

Strategic alliance with MWE China Law Offices (Shanghai)

James A. Pardo
Attorney at Law
jpardo@mwe.com
+1 212 547 5353

March 11, 2016

**BY ELECTRONIC MAIL AND LNFS**

Tracey O'Reilly
Miller, Axline & Sawyer PC
1050 Fulton Avenue, Suite 100
Sacramento, CA 95825

Re:   *Commonwealth of Pennsylvania v. Exxon Mobil Corp., et al.* No. 1:14-cv-06228
      Second Amended Complaint Newly Added Defendants

Dear Tracey:

I am writing to follow up on my January 8 and 27 correspondences (copies at Exhibit A), as well as our prior conversation, concerning Plaintiff's addition of three "Exxon Mobil" entities (the "new Exxon Mobil entities") to the Second Amended Complaint ("SAC").

As you know, in November 2015, without leave of Court, Plaintiff added more than twenty new defendants to the SAC – including the new Exxon Mobil entities. In December 2015, Plaintiff sent Requests to Waive Service to the new Exxon Mobil entities. In response to those requests, my January 8 letter cited to declarations and to disclosure statements on file with the Court in MDL 1358 which demonstrate that the new Exxon Mobil entities are either unincorporated divisions of an existing defendant or simply the prior name of an existing defendant. Based on this information, when we last spoke I asked you to dismiss the new Exxon Mobil entities. You promised to consider my request.

Two months have passed since my request, and I have no response from you. Therefore, by this letter I am renewing my client's request for Plaintiff to voluntarily dismiss the new Exxon Mobil entities from this case, as there is no rationale or legal basis for their inclusion. *See, e.g.*, *E.E.O.C. v. St. Francis Xavier Parochial Sch.*, 77 F. Supp. 2d 71, 75 (D.D.C. 1999) (discussing "line of precedent holding that unincorporated divisions of a corporation lack legal capacity to be sued"); *Greenbaum v. Handlesbanken*, 26 F. Supp. 2d 649, 654 (S.D.N.Y. 1998) ("unincorporated division of a corporation cannot be sued").[1]

---

[1] In addition, the time permitted for service of process under Federal Rule of Civil Procedure 4(m) has expired.

U.S. practice conducted through McDermott Will & Emery LLP.

**340 Madison Avenue New York New York 10173-1922   Telephone: +1 212 547 5400   Facsimile: +1 212 547 5444   www.mwe.com**

Tracey O'Reilly, Esq.
March 11, 2016
Page 2

Finally, we would like to discuss why Plaintiff recently served a second Request to Waive Service on Exxon Company, U.S.A.

If I do not hear from you by March 18, I will have no choice but to take this matter up with the Court at the March 29 status conference.

Sincerely,

*James A. Pardo*

James A. Pardo

cc: Duane Miller, Esq. (by email)
    All counsel of record by LNFS

# EXHIBIT A



Boston  Brussels  Chicago  Düsseldorf  Frankfurt  Houston  London  Los Angeles  Miami
Milan  Munich  New York  Orange County  Paris  Rome  Seoul  Silicon Valley  Washington, D.C.

Strategic alliance with MWE China Law Offices (Shanghai)

James A. Pardo
Attorney at Law
jpardo@mwe.com
+1 212 547 5353

January 8, 2016

**BY ELECTRONIC MAIL AND LNFS**

Tracey O'Reilly
Miller, Axline & Sawyer PC
1050 Fulton Avenue, Suite 100
Sacramento, CA 95825

Re:   *Commonwealth of Pennsylvania v. Exxon Mobil Corp., et al.* No. 1:14-cv-06228
       Second Amended Complaint Newly Added Defendants

Dear Tracey:

I am writing to follow up on our call of January 6, 2016 regarding the newly added "Exxon Mobil" entities. The Second Amended Complaint adds three such entities, specifically: **Exxon Company, U.S.A.**; **ExxonMobil Refining & Supply Company**; and **Mobil Oil Corporation** (collectively, "new entities"). The new entities are in addition to those included in the original complaint: **Exxon Mobil Corporation** and **ExxonMobil Oil Corporation**. Based on the below information, we are requesting that Plaintiff voluntarily dismiss the new entities.

First, Exxon Company, U.S.A. and ExxonMobil Refining & Supply Company are unincorporated divisions of existing defendant Exxon Mobil Corporation. *See, e.g.*, *Puerto Rico II 7.1 Statement* (at Ex. A).

Second, "Mobil Oil Corporation" is simply the prior name of existing defendant ExxonMobil Oil Corporation. *See, e.g.*, *Def. ExxonMobil Oil Corp.'s Decl. in Resp. to CMOs 4 & 19*, at 3 ("Following the 1999 merger that created Exxon Mobil Corporation, MOC [Mobil Oil Corporation] changed its name to ExxonMobil Oil Corporation").

Therefore, inclusion of Exxon Company, U.S.A.; ExxonMobil Refining & Supply Company; and Mobil Oil Corporation is duplicative and unnecessary, and we request that Plaintiff voluntarily dismiss the new entities from the Second Amended Complaint so that the parties can avoid unnecessary motion practice.

Please let us know if you have any questions.

Tracey O'Reilly, Esq.
Page 2


Sincerely,

*James A. Pardo*

James A. Pardo

cc:   Duane Miller, Esq. (by email)
      All counsel of record by LNFS

| | |
|---|---|
| **From:** | Gerson, Lisa |
| **To:** | "Tracey O"Reilly" |
| **Cc:** | "Duane Miller" (dmiller@toxictorts.org); "toxictorts@toxictorts.org"; Pardo, James (jpardo@mwe.com); Bongiorno, Anthony |
| **Subject:** | RE: PA: Ltr. from J. Pardo to T. O"Reilly re: Newly Added ExxonMobil Defendants |
| **Date:** | Wednesday, January 27, 2016 4:38:47 PM |

Tracey,

We are writing to follow up on our Jan. 8th letter regarding the ExxonMobil entities added to the Second Amended Complaint. We look forward to your response, and assume that Plaintiff will not expend costs on service before responding or reaching out to us.

Thank you,
Lisa

**Lisa A. Gerson**
Partner

**McDermott Will & Emery**

McDermott Will & Emery LLP | 340 Madison Avenue | New York, NY 10173-1922
Tel +1 212 547 5769 | Fax +1 646 224 8675

Biography | Website | vCard | E-mail | Twitter | LinkedIn | Blog

**Satara Richards,** Assistant to Lisa A. Gerson
Tel +1 212 547 5569

---

**From:** Gerson, Lisa
**Sent:** Friday, January 08, 2016 2:18 PM
**To:** 'Tracey O'Reilly'
**Cc:** 'Duane Miller' (dmiller@toxictorts.org); toxictorts@toxictorts.org; Pardo, James (jpardo@mwe.com); Bongiorno, Anthony
**Subject:** PA: Ltr. from J. Pardo to T. O'Reilly re: Newly Added ExxonMobil Defendants

Tracey,
Please see the attached letter following up on our call of earlier this week.

Thank you,
Lisa

**Lisa A. Gerson**
Partner

**McDermott Will & Emery**

McDermott Will & Emery LLP | 340 Madison Avenue | New York, NY 10173-1922
Tel +1 212 547 5769 | Fax +1 646 224 8675

Biography | Website | vCard | E-mail | Twitter | LinkedIn | Blog