
# McDermott Will & Emery

Boston  Brussels  Chicago  Düsseldorf  Frankfurt  Houston  London  Los Angeles  Miami
Milan  Munich  New York  Orange County  Paris  Rome  Seoul  Silicon Valley  Washington, D.C.

Strategic alliance with MWE China Law Offices (Shanghai)

James A. Pardo
Attorney at Law
jpardo@mwe.com
+1 212 547 5353

March 24, 2016

**BY HAND DELIVERY AND ELECTRONIC MAIL**

The Honorable Shira A. Scheindlin
United States District Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 1620
New York, New York  10007-1312

   Re: Master File C.A. No. 1:00-1898 (SAS) MDL No. 1358
      *Defendants' Preconference Reply Letter for March 29, 2016 Conference*

Dear Judge Scheindlin:

  Defendants respectfully submit this reply letter in advance of the March 29 conference.

## PLAINTIFFS' AGENDA ITEMS

**I.** ***New Jersey*** **- Phase II Discovery/Case Structure**

  As instructed by the Court, counsel have exchanged preliminary letters and conducted an initial meet-and-confer this week regarding Phase II discovery and case structure.

  Defendants' position remains that for Phase II discovery and case structure discussions to be meaningful, both sides must understand what remains of the case. This is, in part, the basis for the initial Phase II discovery negotiated by the parties, and ordered by the Court, at the last conference. To date, none of that initial discovery has been produced (let alone completed), although both sides are working towards having this done by the end of April.

  Defendants also believe that it is premature to pursue a modified discovery or case structure for Phase II because the Court's "focus site" approach – and the initial focus site trial – has not been completed yet. Plaintiffs' proposal (discussed briefly below) would simply discard Your Honor's approach. This, in Defendants' view, would be a mistake not only because the "focus site" process has not been brought to conclusion, but because Your Honor's process has *worked*.

The Honorable Shira A. Scheindlin
March 24, 2016
Page 2

Accordingly, although not yet fully developed because of the outstanding Phase II discovery, Defendants are leaning towards an "Enhanced Focus Site" approach that would place the remaining sites into three categories (the same ones used by Plaintiffs in connection with their CITGO settlement) that, in turn, could be subcategorized to focus on particular issues, fact patterns or other criteria of interest to the parties remaining in this case. From these categories/ subcategories a number of sites – likely a larger number than the 20 sites addressed in Phase I – would be selected for Phase II discovery and trial. This methodology echoes Your Honor's "focus site" approach that has worked well, but adds even more "focus" to the issues for Phase II which, we submit, promises to more efficiently move the remaining parties and claims towards resolution of the entire matter.

In contrast, Plaintiffs appear to be leaning towards a "statewide, statistical extrapolation" approach that looks nothing like what the Court and parties ever have done in this MDL. Plaintiffs so far have been unable (or unwilling) to provide more than a general outline of their approach, preventing any meaningful dialogue on how it would affect discovery, trial preparation or trial itself. However, based on what little we have heard so far, it is clear to Defendants that Plaintiffs' approach would raise significant Due Process concerns and increase – rather than reduce – the number of legal disputes, further complicating this lawsuit.

It is Defendants' understanding that discussions will continue between the parties. However, if these discussions do not lead to an agreement, and if Plaintiffs persist in their demand for an approach that would trample Defendants' fundamental Due Process rights, it seems clear to us that the issues of Phase II discovery and case structure will – much like *Suffolk County* years ago – require briefing and argument with the MDL Court. *See, e.g., June 18, 2015 Status Conf. Tr.* at 20:20-21:1 ("[E]ven if it [trial structure] was acceptable there [New Hampshire] ... you still have an argument here that it's a different case anyhow. So I understand you certainly don't want that issue to be decided without full briefing. I understand that.").

II.  *New Jersey* – **Phase I Remand Update**

Remand is complete and the matter is pending before Judge Wolfson.

III.  *Puerto Rico I* - **Phase II Discovery/Case Structure**

Even more so than *New Jersey*, Defendants believe that it is premature to discuss the Phase II case structure in *Puerto Rico I* as remand has just been completed; the initial trial has not taken place; and, most importantly, Your Honor has instructed the parties to begin limited site-specific discovery for the (relatively few, comparatively speaking) sites that remain in this case. Defendants propounded that discovery at the beginning of the month, and currently are conferring with Plaintiffs regarding their responses. Those discovery requests (totaling four, with a few subparts) are focused on the statute of limitations issues, which Plaintiffs have conceded are site-specific. Moreover, because Plaintiffs have stated that not all Defendants are alleged to be responsible for every site, the balance of Defendants' initial discovery is directed to establishing for which sites Plaintiffs will claim each Defendant allegedly is responsible.

The Honorable Shira A. Scheindlin
March 24, 2016
Page 3

Without this information, every Defendant will be burdened with having to address the statute of limitations (or, for the later-named Defendants, laches) at every site. Plaintiffs' responses to this very limited initial discovery will allow both sides to take a more focused approach in discussions about how the remainder of the case should proceed.

## DEFENDANTS' AGENDA ITEM

Defendants' only agenda item (which was ExxonMobil specific) has been resolved for now and, therefore, can be removed from the agenda for this conference.

Respectfully submitted,

*James A. Pardo*

James A. Pardo

cc: All Counsel of Record (by LNFS)
Plaintiffs' Counsel (by email)