

# WEITZ & LUXENBERG
A PROFESSIONAL CORPORATION
• LAW OFFICES •

700 BROADWAY • NEW YORK, NY 10003
TEL. 212-558-5500  FAX 212-344-5461
WWW.WEITZLUX.COM

February 11, 2016

**VIA HAND DELIVERY**
**& ELECTRONIC MAIL**

The Honorable Shira A. Scheindlin
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007-1312

     Re:   <u>MDL 1358 / MTBE – February 16, 2016 Status Conference</u>

Dear Judge Scheindlin:

     Plaintiffs respectfully submit this reply letter in advance of the scheduled February 16, 2016 Status Conference. We look forward to appearing before the Court on that date.

**Joint Agenda Item:** *Puerto Rico MTBE Litigation*
     <u>**Suggestion to Remand**</u>

     The Parties continue to meet and confer on the draft Joint Proposed Suggestion to Remand concerning the Phase I trial sites with the intent of being able to present something to the Court at the Case Management Conference or, if disagreement on certain issues remains, address those issues with the Court at that time.

**Plaintiff Agenda Item 1:** *Pennsylvania MTBE Litigation*
     <u>**Release Site Lists**</u>

     **Defendants Proposals for Standardizing MTBE Site Release**
     **Lists are Insufficient and Defeat the Purpose of the Exercise**

Honorable Shira A. Scheindlin
February 11, 2016
Page 2

At the time that CMO 119 was being discussed, defendants demanded that CMO 119 include a provision directing the Commonwealth to prepare a list of every site known to the Commonwealth where a release of MTBE had been detected, including a site identification number. CMO #119 at II.A. The Court ordered defendants to also prepare lists of sites known to them where a release of MTBE had been detected, including site identification numbers. CMO #119 at III.A.[1] The parties exchanged these lists on December 31, 2015.

Every underground storage tank site registered in Pennsylvania receives a seven-digit number that identifies the tanks at a facility. When the storage tank facility is first entered into DEP's eFACTS data base, it is also given a six-digit eFACTS number. The seven-digit number is used by DEP's storage tank program to track all events and information that occur at a site where the tank(s) is located. Thus, to track information related to the storage tank program, one would use the seven digit number. The six-digit eFACTS number is utilized by all other DEP programs and departments to identify the site. To get information concerning oversight or interactions with other DEP programs with respect to a site, one would use the six-digit eFACTS number. So, for example, if one wanted to know who owned the tank, one would use the seven-digit number. If one wanted to know what was being done to remediate the site, one would use the six-digit number. If one wanted to know whether MTBE had been detected at a site without any underground tanks (such as a terminal or a pipeline) one would also use the six-digit eFACTS number.

As explained in the Commonwealth's 72-Hour letter, both the six-digit and seven-digit site identification numbers are critical to locating MTBE-related information in the Department of Environmental Protection's (DEP) database and hard copy records.

The Commonwealth's MTBE site list included site identification numbers from DEP data bases. The defendants' MTBE site lists, however, had no consistency in site identification numbers. Many of those lists referenced only internal facility identification numbers, despite the fact that defendants either have, or can easily obtain, DEP site identification numbers.

Consistency in references to sites is critical to case management for a host of reasons. The Commonwealth proposed that each party revise its list to include both the seven digit tank identification number and the six digit eFACTS number. It is important that defendants themselves supply those numbers, so that defendants do not later dispute whether the numbers are accurate. Defendants should already have these numbers, since they often are the ones registering a tank or submitting reports to eFACTS. Even if defendants do not have the numbers, they can quickly and easily obtain those numbers from eFACTS (which is publically accessible and searchable) and use them in their lists.

---

[1] The Commonwealth notes that list of sites where MTBE has been detected will not include all sites where MTBE was released, because MTBE will have been released at a significant number of sites where no testing for MTBE occurred..

Honorable Shira A. Scheindlin
February 11, 2016
Page 3


Defendants are resisting providing these numbers for their sites. They are suggesting that the Commonwealth should provide the numbers for defendants' sites. Apart from the fact that these sites are defendants' sites and they have the obligation under CMO 119 to produce these lists, it is critical that defendants provide the numbers on their lists so there can be no dispute going forward that the numbers are in fact correct with respect to defendants' sites.

**Defendants' Agenda Item:** *New Jersey MTBE Litigation*
**Request to Update the NJDEP Hazardous Site Database Production**

The parties have been attempting to find a mutually agreeable time to meet and confer regarding Defendants' request for an update of the HazSites database and other discovery issues. The parties anticipate speaking tomorrow. The parties will report on the status of the discussions.

The District will address any additional points raised in Defendants' reply letter at the February 16, 2016 conference.

Respectfully submitted,

William A. Walsh
Weitz & Luxenberg, P.C.
700 Broadway
New York, New York 10003
(212) 558-5836