# EXHIBIT B



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation | Master File No. 1:00-1898<br>MDL 1358 (SAS): M21-88 |
| This Document Relates To:<br><br>*Commonwealth of Puerto Rico, et al. v. Shell Oil Co., et al.* No. 07 Civ. 10470 (SAS) | |

## DEFENDANTS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS REGARDING NON-TRIAL SITES

Pursuant to Federal Rules of Civil Procedure 26, 33 and 34, and per Court's instruction at the December 22, 2015 telephone conference, Defendants hereby propound the following interrogatories and requests for documents to the Commonwealth of Puerto Rico, et al., ("Plaintiffs"), to be answered under oath in the time allowable under the Federal Rules of Civil Procedure and the Rules of this Court, or such other reasonable time to be agreed to by the parties.

### INSTRUCTIONS

1. Each Interrogatory and Request for Production is to be fully and separately answered.

2. As to those Interrogatories consisting of a number of parts or sub-parts, a complete answer is required for each such part as if it were propounded as a separate Interrogatory. Should an objection to an Interrogatory be interposed, it should indicate the part of the Interrogatory to which it is directed.

3. With respect to each Interrogatory and Request for Production, if YOU are able to provide some, but not all, of the information requested, YOU must provide such information as YOU are able to provide and specifically identify the items or aspects as to which YOU do not have sufficient information to respond fully.

4. To the extent YOU lack sufficient information to provide a complete response for any Interrogatory, please provide whatever factual information YOU currently have that is responsive.

1

5. If YOU refuse to answer any Interrogatory or Request for Production, in whole or in part, YOU shall state the grounds for such refusal, including any claim of privilege or any other claim of immunity from disclosure, in sufficient detail to permit the Court to adjudicate the validity of the refusal. In addition, YOU shall IDENTIFY each Document and oral communication for which such a privilege is claimed in accordance with Local Civil Rule 26.2.

6. These instructions shall be deemed continuing so as to require supplemental answers if YOU obtain further information between the time the answers are served and the time of final judgment.

7. To the extent Plaintiffs rely on or reference any information or DOCUMENTS previously supplied in this litigation for purposes of responding to these Interrogatories or Requests for Production, Plaintiffs must IDENTIFY the precise responses or documents containing such information, including specific Bates Number(s) or Bates Range(s) where applicable. If Plaintiffs refer to data they previously produced, they must IDENTIFY the name and Bates Number(s) of the produced database that contains the referenced data, the corresponding field or table (if applicable) that contains the responsive information, and the date range(s) for which the referenced data has been produced.

8. The Interrogatories and Requests for Production that follow are addressed to Plaintiffs as parties to this action. Plaintiffs' answers and responses shall be based on information known to Plaintiffs, or within Plaintiffs' possession, custody, or control, whether it is based on Plaintiffs' personal knowledge or that of Plaintiffs' agents or attorneys, on or after January 1, 1979, unless a different time frame is specified in a request.

## DEFINITIONS

1. All definitions contained in Local Civil Rule 26.3 of the United States District Court for the Southern District of New York are incorporated by reference, unless otherwise stated.

2. "CASE MANAGER" shall mean the Environmental Quality Board ("EQB") employee(s) assigned to or responsible for inspecting a site and/or overseeing, supervising, managing, coordinating, monitoring or enforcing any investigations, or actions taken in response to any investigations, at a Site.

3. "COMMONWEALTH" shall mean the territory and waters comprising the Commonwealth of Puerto Rico.

4. "COMMUNICATION" shall mean the written or oral transmittal of information (in the form of facts, ideas, inquiries or otherwise).

5. "IDENTIFY" shall mean:

    a. With respect to a person, (i) his/her full name, (ii) employer, and (iii) job title;

    b. With respect to a company, (i) the entity's full name;

 c. With respect to a document, (i) the date of the document, (ii) a description or title, and (iii) the bates range; and

 d. With respect to an oral communication, (i) the date on which it occurred, (ii) the identify of each person present or involved, (iii) the place at which it occurred, including whether it took place in person, by telephone, or by some other means, and (iv) the substance of the oral communication.

6. "LABORATORY REPORT" shall include chromatograms and any other analytical data provided for quality assurance purposes.

7. "MTBE" shall mean methyl tertiary-butyl ether and its natural degradation products, such as TBA.

8. "PLAINTIFFS," "YOU," and/or "YOUR" means the government of the Commonwealth of Puerto Rico, including all of its agencies and public authorities.

9. "RESPONSIBLE PARTY" shall mean the entity identified by the EQB as responsible at a Site for investigating the presence of constituents of gasoline in soil, groundwater or surface water and/or eliminating or reducing the concentration of such constituents.

10. "SITE" shall mean the release sites remaining in *Puerto Rico I*, as identified in the attached "Exhibit A," for which PLAINTIFFS seek legal or equitable relief, of any kind, in this litigation.

11. "SUPPLIER(S)" shall mean the party or parties in the chain of distribution of gasoline sold to the service station owner or operator at each SITE.

12. "TBA" shall mean tertiary-butyl alcohol.

13. "WRITTEN REPORT" shall mean the body, figures and/or summary tables of a report, but shall not include quality assurance or laboratory report appendices. *See In re MTBE Prods. Liab. Litig.*, Opinion & Order (Oct. 1, 2015), at 7-9 & n.32,

14. "UST" shall mean underground storage tanks and any appurtenant piping and dispensers.

## INTERROGATORIES

**INTERROGATORY NO. 1:** For each SITE, IDENTIFY the Defendant(s) against whom each cause of action is being asserted.

**RESPONSE:**


**INTERROGATORY NO. 2:** For each SITE, IDENTIFY the SUPPLIER or SUPPLIERS of gasoline containing MTBE to the SITE, and state the date range during which each such SUPPLIER was involved in the supply of gasoline containing MTBE to the SITE.

3

**RESPONSE:**

**INTERROGATORY NO. 3:** If YOU are unable, in whole or in part, to answer the preceding Interrogatory, for each SITE for which you could not provide an answer in the preceding Interrogatory, IDENTIFY what information and/or documents YOU would need from Defendants to enable YOU to answer the preceding interrogatory for the particular SITE.

**RESPONSE:**

**INTERROGATORY NO. 4:** For each SITE, state:

   a. The date YOU first received a WRITTEN REPORT or other COMMUNICATION discussing, describing, or recording the presence of MTBE in groundwater at the SITE at or above the Method Detection Limit, and IDENTIFY the WRITTEN REPORT or COMMUNICATION and the CASE MANAGER as of the IDENTIFIED date;

   b. The date YOU first received a LABORATORY REPORT recording or indicating the presence of MTBE in groundwater at the SITE at or above the Method Detection Limit, and IDENTIFY the LABORATORY REPORT and the CASE MANAGER as of the IDENTIFIED date;

   c. The date YOU first requested or directed the RESPONSIBLE PARTY to sample groundwater for MTBE and IDENTIFY the CASE MANAGER as of the IDENTIFIED date;

   d. If MTBE has not been detected in groundwater at the SITE, so state.

**RESPONSE:**

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:** All DOCUMENTS that support YOUR response to Interrogatory No. 2.

**REQUEST NO. 2:** All DOCUMENTS that support the dates IDENTIFIED in response to Interrogatory No. 4.

**REQUEST NO. 3:** All DOCUMENTS CONCERNING or describing EQB's procedures, policies or guidelines for reviewing, responding to, and/or approving WRITTEN REPORTS or LABORATORY REPORTS.

4

**REQUEST NO. 4:** All DOCUMENTS CONCERNING or describing EQB's procedures, policies, or guidelines for the submission of WRITTEN REPORTS or LABORATORY REPORTS to EQB.

Dated: New York, New York
March 4, 2016

By _____
James A. Pardo
Lisa A. Gerson

McDermott Will & Emery LLP
340 Madison Avenue
New York, New York 10173
(212) 547-5400
(212) 547-5444 (FAX)

*Attorneys for Exxon Mobil Corporation and Esso Standard Oil (Puerto Rico)*

To: All Counsel of Record by LNFS

5

**CERTIFICATE OF SERVICE**

I, Lisa Gerson, hereby certify that on March 4, 2016, I served the within DEFENDANTS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS REGARDING NON-TRIAL SITES on Plaintiffs' Liaison Counsel and Puerto Rico Plaintiffs' counsel, John Gilmour, Esq., by email and all counsel of record by Lexis Nexis File & Serve.

*[signature]*
Lisa Gerson

EXHIBIT A

| Case Number | Owner | Facility Name | Address | City |
|---|---|---|---|---|
| 86-0126 | Caribbean Petroleum Corporation | Pepsi Cola Bottling Co.-5423000 | Calle Simon Madera #28 | San Juan |
| 86-0184 | Caribbean Petroleum Corporation | Gulf S/S #165 | Road 2, KM 129.2 Bo. Victoria Victoria Ward | Aguadilla |
| 86-0198 | Caribbean Petroleum Corporation | Gulf S/S #180 | Carr. #2, Salida Carr. 155 Salida Carr. 155 | Vega Baja |
| 86-0216 | Caribbean Petroleum Corporation | Gulf S/S #199 (antes #428) | Road 2, KM 14.2 Hato Tejas | Bayamon |
| 86-0296 | Caribbean Petroleum Corporation | Gulf S/S #089 | Rd. 721 KM. 0.2 Bo. Los Robles Bo. Los Robles | Aibonito |
| 86-0340 | Jorge Pagan | Pagan S/S (Ex Shell S/S #003859) | Rd. 2, KM 44.2 Barrio Cantera Cantera Ward | Manati |
| 86-0359 | Sol Puerto Limited | Shell S/S #003840 | Rd. 1, KM 52.4 Bo. Beatriz Beatriz Ward | Cayey |
| 86-0378 | Angel Luis Colon | Total 2169 (Ex Shell S/S #004031) | Ave. Barbosa Ward #1846 Calle Paris #243 | San Juan |
| 86-0393 | Danny Rivera | Arroyo S/S | Calle Morce #113 | Arroyo |
| 86-0403 | Elmer Medina Merced | Medina Service Station | Carr. 162, KM 5.1 BO. Pastor | Aibonito |
| 86-0405 | Texaco Puerto Rico Inc. | Texaco - William Alverio S/S #302 | Rd. 189, KM 1.7 | Caguas |
| 86-0411 | Jose Rodriguez Crespo | Gasolina Caribe | Munoz Rivera St. #20 | Patillas |
| 86-0599 | Sol Puerto Limited | Shell S/S #804916 | Autopista de Caguas Int. Rd. 1, KM 39.9 Autopista de Caguas | Caguas |
| 86-0608 | Dario Roman | Magnolia (Ex-Shell S/S #804436) | Principal Ave. Esq. 3 St. Magnolia Gardens Magnolia Gardens | Bayamon |
| 86-0611 | Texaco Puerto Rico Inc. | Texaco-Tomas Rodriguez #988 | Los Millones Ave. Esq. Hiram Gonzalez | Bayamon |
| 86-0622 | Sol Puerto Limited | Shell S/S #803960 | Rd. #924 Jardines de Humacao | Humacao |
| 86-0624 | Autoridad de Carreteras | Garage Madrid Jr., Inc. Shell #803952 | Rd. #189, KM 13.8 | Juncos |
| 86-0625 | Sol Puerto Limited | Shell S/S #804690 | Rd. 177, KM 2.2 Los Filtros Los Filtros | Guaynabo |
| 86-0627 | Sol Puerto Limited | Shell S/S #803995 | Rd. #3, KM 82.2 Ext Buxo Ext Buzo | Humacao |
| 86-0630 | Sol Puerto Limited | Shell S/S #804878 | Rd. 3, KM 19.5 | Canovanas |
| 86-0636 | Sol Puerto Limited | Shell S/S #804070 | Rd. 2, KM 149.3 Algarrobo Ward | Mayaguez |
| 86-0641 | Gilberto Colon Fierro | Campamento S/S | Rd. #149, KM 8.7 Int. Campamento Ward | Ciales |
| 86-0643 | Sony Rodriguez | La Mina S/S (Ex Shell 804541) | Rd. 159, KM 12.1 | Corozal |
| 86-0645 | Antonio de Jesus | Gel S/S ExBest (Ex Shell S/S #804401) | Rd. 2, KM 28.4 Espinosa Ward | Vega Alta |
| 86-0648 | Sol Puerto Limited | Shell S/S #804517 | Rd. 167, KM 9.6 | Bayamon |
| 86-0664 | Texaco Puerto Rico Inc. | Texaco Jose Hernandez #868 | Guadalupe St., Corner Salud Frente Plaza del Mercado | Ponce |
| 86-0667 | Victor Torres Perez | Huberas S/S | Rd. #376, KM 0.19 Lluveras Sector, Almacigo Bajo | Yauco |
| 86-0676 | Sol Puerto Limited | Shell S/S #804304 | Rd. 1, KM 121.5 Bo. Calzada Sector Mercedita Calzada Ward, Mercedita | Ponce |
| 86-0679 | Sol Puerto Limited | Shell S/S #804061 | Rd. #105, KM 0.3 Villa Angelica | Mayaguez |

# EXHIBIT C

Law Offices of
# MILLER & AXLINE
A Professional Corporation

DUANE C. MILLER
MICHAEL AXLINE

TRACEY L. O'REILLY
DANIEL BOONE
JUSTIN MASSEY
BRYAN BARNHART
DAVE E. BLUM
MOLLY MCGINLEY HAN

March 15, 2016

**VIA EMAIL AND LNF&S**

Lisa Gerson
McDermott Will & Emery
340 Madison Avenue
New York, NY 10173-1922

Re: *Commonwealth of Puerto Rico, et al. v. Shell Oil Company, et al., 07-CIV-10470*

Dear Lisa:

I write to initiate a meet and confer process regarding Defendants' First Set Of Interrogatories and Requests For Production Of Documents Regarding Non-Trial Sites in the above case.

As you know, at the December 22, 2015, hearing, Judge Scheindlin instructed defendants to coordinate a narrowly tailored discovery request on, as defense counsel Mr. Harris put it: "the very limited issue of limitations." December 22, 2015, TR at 16:24. Judge Scheindlin specifically stated at that hearing: "I didn't think we were talking about discovery on 400 sites. Because that is not the way we've been doing this case at all. Do the reinstated defendants anticipate site-specific discovery on 400 sites? . . . . MR. HARRIS. The answer is no, your Honor . . . ." TR at 4:3-5 to 5:10. Based on Mr. Harris' assurances that the discovery being sought was only with respect to the statute of limitations, Judge Scheindlin stated: "I think this discovery, what you call this very limited discovery [on statute of limitations], should go forward as to all defendants . . . ." TR at 18:1-3. As Judge Scheindlin then reaffirmed: "Obviously I'm not planning to have full site-specific discovery on 400 sites . . . ." TR at 5:24-25. Judge Scheindlin also confirmed: "the only question you'll want to know [is] . . . when is it alleged to have been known." TR 6:8-10.

Interrogatory No. 4 in defendants' March 4, 2016, discovery goes to the statute of limitations, but Interrogatories 1 - 3 go beyond "the very limited issue of limitations" that defendants assured the Court they were seeking and asks general causation questions about some 400 sites. The Commonwealth has several responses.

First, with respect to Interrogatory No. 4, while it is directed to the statute of limitations, it is not limited in scope in terms to the number of sites involved. Given the fact that this interrogatory would require the Commonwealth's review of hundreds of site files, the

Lisa Gerson
March 15, 2016
Page 2

---

Commonwealth will need substantially more than thirty days to respond. As Judge Scheindlin recognized: "The question is, how much work is that for plaintiff? How many hours, months, weeks will that take." TR at 17:19-21.

The scheduling of a response is further complicated by the fact that, as Judge Scheindlin also made clear, such discovery must be a two-way street. As Mr. Petit, counsel for the Commonwealth, stressed: "We're certainly going to want to take discovery on what the [defendants'] site files say." (TR at 12:9-10.) Your Interrogatory No. 3 specifically asks the Commonwealth what information the Commonwealth would need in order to respond to that interrogatory. That question, however, is also relevant to Interrogatory No. 4.

As a preliminary matter, to respond to Interrogatory No. 4 the Commonwealth would need from each defendant who has remediation files for stations in Puerto Rico the most recent remediation report for each site containing a summary of testing conducted at the site. These would need to be full copies of such reports as provided to defendants by their remediation consultants, and not simply copies of reports provided to EQB by defendants. As you know, defendants often did not report MTBE in groundwater at their sites to EQB, despite knowing that MTBE had been detected. Such reports also often contain information on additional releases subsequent to an initial release – information that is important to any statute of limitations analysis. The Commonwealth cannot properly respond to Interrogatory No. 4 without this information from defendants.

As to defendants' Interrogatories 1-3 and requests for production of documents, this is precisely the type of broad discovery that Judge Scheindlin said she was not going to authorize with respect to 400 sites. Accordingly the Commonwealth will not be responding to this discovery until and unless a CMO governing Phase II has been discussed with and entered by the Court.

While the Commonwealth believes the parties should attempt to come up with a joint proposal with respect to a CMO governing Phase II discovery, that discovery needs to be realistic and capable of leading to an efficient resolution of the remainder of the case. Your co-counsel Mr. Pardo recently responded to a letter the Commonwealth sent on this topic, and suggested a meet and confer session to discuss the topic. The Commonwealth will be prepared to address the topic in more detail at that meet and confer session. We propose a meet and confer telephonic conference sometime after 2:00 EDT Tuesday, March 22 or at 11 AM EDT on Wednesday March 23.

Sincerely,

Michael Axline / KH

Michael Axline
Counsel for the
Commonwealth of Puerto Rico

Cc: All Counsel via LNF&S

# EXHIBIT D

# McDermott Will & Emery

Boston Brussels Chicago Düsseldorf Frankfurt Houston London Los Angeles Miami
Milan Munich New York Orange County Paris Rome Seoul Silicon Valley Washington, D.C.

Strategic alliance with MWE China Law Offices (Shanghai)

Lisa Gerson
Attorney at Law
lgerson@mwe.com
+1 212 547 5769

March 21, 2016

**BY ELECTRONIC MAIL AND LNFS**

Michael Axline, Esq.
Miller, Axline & Sawyer PC
1050 Fulton Avenue, Suite 100
Sacramento, CA 95825

Re:   *Commonwealth of Puerto Rico, et al. v. Shell Oil Co., et al.* No. 07-cv-10470
      Defendants' First Set of Interrogatories and Requests for Production of Documents
      Regarding Non-Trial Sites

Dear Mike:

I am writing in response to your March 15, 2016 letter regarding the above-referenced discovery set (the "Non-Trial Site Discovery"). We are, of course, willing to confer with you regarding the scope of the Non-Trial Site Discovery. However, any conversation must begin with a fair[1] and complete reading of the December 22, 2015 transcript.

Regarding the number of sites for which discovery is sought, you are correct that Judge Scheindlin initially commented that she did not expect discovery on 400 sites.[2] *Dec. 22, 2015 Hrg. Tr.* at 4:3-6. However, Her Honor then clarified this initial position in two important ways. First, Her Honor explained that she was "not planning to have **full** site-specific discovery on 400 sites" and – contrary to what your letter suggests – described "full" discovery as follows: "full discovery, you know, what substances are found and what the hydrogeologists say and all of that...." *Id.* at 5:24-6:3 (emphasis added); *see also id.* 6:11-14 ("and you're not going to be interested in direction of flow and all that kind of stuff"). Second, although the number of sites **initially** being discussed for discovery was some number less than 400, this was based on the fact that the discovery was being sought solely by the reinstated defendants (*i.e.*, Vitol, Peerless and Petrobras) and, therefore, likely to encompass only a subset of remaining sites. *Id.* at 6:7-8.

---

[1] For example, in one portion of your letter, you cite to the end of the transcript and then back to the beginning, when clearly the conversation – and Her Honor's opinions – had moved on from the initial discussion. *See M. Axline Ltr.* at 1.

[2] The actual number on which Defendants seek discovery is 354.

U.S. practice conducted through McDermott Will & Emery LLP.

340 Madison Avenue New York New York 10173-1922 Telephone: +1 212 547 5400 Facsimile: +1 212 547 5444 www.mwe.com

Michael Axline, Esq.
March 21, 2016
Page 2

But, as you know, Her Honor ultimately directed that **all** defendants participate in this next round of site-specific discovery. *Id.* at 18:1-4 ("I think this discovery, what you call this very limited discovery, should go forward as to all defendants"), 18:17-19:5 ("I'm saying it should be done for everybody...."). In so ordering participation by all Defendants, it is obvious that the Court moved off of its initial statement regarding the numerical scope of discovery.

On topical scope, we believe the record also is clear. Your letter states that Interrogatories Nos. 1-3 go beyond what was envisioned by the Court. But, again, your citation to the record leaves out key statements by the Court demonstrating that two issues were on the table for the so-called "limited discovery": "it is limited to **which sites and when** did the Commonwealth know. That's all. Not full site discovery, as I started out saying earlier in this conference, **just the issue of which sites and when**." *Id.* at 18:8-12 (emphasis added).[3] Interrogatories Nos. 1 and 2 seek to answer the question of "which sites," and Interrogatory No. 3 recognizes – as did Her Honor – that Plaintiffs may not be able to answer that question for all sites at this time. *See id.* at 13:20-14:4.

Relatedly, you state that there is additional information the Commonwealth would need to answer Interrogatory No. 4 (which, as you concede, is directed to the statute of limitations issue). We disagree. Remediation files in Defendants' possession that are not also in the Commonwealth's possession (to the extent any such files exist)[4] are irrelevant to the issue of statute of limitations – which hinges on the **plaintiff's** knowledge and not that of any particular defendant. In fact, one of Plaintiffs' arguments in opposition to Defendants' statute of limitations summary judgment motion was that the prescription period did not run unless and until MTBE detections were reported to the Commonwealth. *See, e.g., Pls.' Opp.* at 3-4. Interrogatory No. 4 properly asks about facts in the Commonwealth's possession.

Finally, you state that the Commonwealth will need substantially more than 30 days to respond. *See M. Axline Ltr.* at 1-2. As stated on page one of the Non-Trial Site Discovery, Defendants are amenable to a longer response time. Indeed, the Court understood that this may not be a quick process, but was firm that certain discovery should occur while the parties awaited the Phase I Trial. *See id.* 17:21-23 ("I think this is getting to be a terribly old case and it should move forward even as they're awaiting the remand period"); 18:7-8 ("enough time has to be allowed for plaintiffs to produce that kind of information"). Please propose a reasonable time period for Plaintiff's response, and we will consider that proposal promptly.

---

[3] The "which sites" topic was elaborated on earlier in the conference. *See, e.g., id.* at 4:16-18 (MR. HARRIS: "We just want to know what sites are we connected to and as to those sites, tell us when you discovered MTBE"); *id.* at 6:7-8 (COURT: "They should identify, as to Vitol, Peerless, and Petrobras, which sites we are talking about, and then ... when is it alleged to have been known.")

[4] We note also that, earlier in this case, the Commonwealth issued an administrative order to owner/operator defendants and a set of document request to defendants to get just this information for "non-test" sites. *See Administrative Order*, Case No. OA-12-AG-021; *see also Plaintiffs' First Set of Interrogatories and Requests for Production of Documents Regarding Non-Test Sites.*

Michael Axline, Esq.
March 21, 2016
Page 3

\*\*\*

In sum, Defendants' Non-Trial Site Discovery is squarely within the scope of what Judge Scheindlin ordered at the December 22 teleconference. Accordingly, a blanket refusal to answer this discovery would be improper and in defiance of Her Honor's clear orders. As stated above, we are available to confer with Plaintiff about these issues, and have set aside Wednesday, March 23 at 11 am EST, as proposed in your letter.

Sincerely,

*Lisa A. Gerson*

Lisa A. Gerson

cc:   All counsel of record by LNFS

# EXHIBIT E

## Michael Axline

**From:** Michael Axline <maxline@toxictorts.org>
**Sent:** Thursday, April 07, 2016 2:24 PM
**To:** 'Pardo, James'
**Cc:** Miller & Axline (toxictorts@toxictorts.org)
**Subject:** RE: Puerto Rico Discovery

Jim

I tried to reach you by phone earlier today to discuss the below email and would still like to talk in person but in the meantime I have the following response to the email.

First, as you know, our view of what Judge Scheindlin authorized by way of discovery at the December hearing is different than defendants' view. We believe Judge Scheindlin authorized, and we intend to respond to, discovery involving the statute of limitations at non-trial sites in PR. That is the subject of interrogatory 4 in the March 4 discovery regarding non-trial sites. We intend to respond with respect to all sites in Exhibit A within the 90 days we requested, and we appreciate your willingness to grant that extension.

Second, as I have discussed with you in meet and confer sessions, we need defendants' site specific maintenance and repair records for the non-trial sites in order to insure that the Commonwealth's response to your interrogatory 4 is as comprehensive as possible. Those records will help the Commonwealth determine the likelihood of additional releases within the statute at these sites. You asked that we put that into a formal discovery request and we have done so.

Third, as to interrogatories 1-3, our view is that those are on topics for which discovery has not yet been authorized. Nevertheless, the Commonwealth is at least as interested as defendants in developing as comprehensive a list as possible of the defendants who owned and/or supplied MTBE gasoline to the non-trial sites, and the times of such ownership and supply. That is why the Commonwealth, like the State of New Jersey, asked Judge Scheindlin at the March 29th status conference to direct the parties to develop such a list, and to have defendants stipulate to ownership and supply during periods where those facts are not seriously disputed.

If that can be accomplished within the next 90 days the Commonwealth would be delighted. As I am sure you are aware, however, the defendants have the bulk of the information necessary to develop such a list. Your interrogatory 3 asked what information the Commonwealth would need, and we will shortly be serving defendants with additional discovery with respect to such information. Our ability to respond within the next 90 days will depend in part upon the speed with which defendants are able to respond to the Commonwealth's discovery.

I can assure you that the Commonwealth, for its part, will continue to proceed expeditiously to develop a reliable and comprehensive list of defendants who owned and/or supplied non-trial site stations where MTBE was released in Puerto Rico, and will engage defendants, through the meet and confer process, in addition to formal discovery, in that effort. I expect this will be a topic of conversation at the April 29th status conference, and I hope we have the opportunity to meet and confer on the topic prior to that conference.

Mike

Miller & Axline / phone (916) 488-6688 / fax (916) 488-4288 This private communication may be confidential or privileged. If you are not the intended recipient, any disclosure, distribution, or use of information herein or attached is prohibited.

**From:** Pardo, James [mailto:jpardo@mwe.com]
**Sent:** Friday, April 01, 2016 1:31 PM
**To:** maxline@toxictorts.org
**Subject:** Puerto Rico Discovery

Mike,

I am writing to follow up on Defendants' First Set of Interrogatories and Requests for Production of Documents Regarding Non-Trial Sites in the *Puerto Rico* matter. As you know, under Rules 33 and 34, Plaintiff's responses would be due this Monday, April 4. You have asked for 90 days (June 4) to respond to this discovery. Defendants have discussed your request and are willing to consent to it, **provided** that Plaintiff agrees to **respond with a complete substantive response to the Interrogatory/Request as propounded.** To be clear, Defendants will not consent to such a lengthy extension if Plaintiff intends to simply object to an Interrogatory/Request (without providing a substantive response), to not respond substantively, or to re-write the Interrogatory/Request before answering (as you suggested on our recent call). Defendants should not have to wait 90 days to receive objections or non-responses.

So, and again to be clear, if Plaintiff intends to **not** completely and substantively answer a particular Request, we ask for Plaintiff's objections (and an explanation of why Plaintiff is not substantively responding) to that Request by April 11. For those Requests that Plaintiff intends to substantively answer, we can consent that the response date will be no later than June 4.

- Jim

**James A. Pardo**
Partner

# McDermott
# Will & Emery

McDermott Will & Emery LLP | 340 Madison Avenue | New York, NY 10173-1922
Tel +1 212 547 5353 | Mobile +1 203 249 5169 | Fax +1 212 547 5444

Biography | Website | vCard | E-mail | Twitter | LinkedIn | Blog

**Dara Gilmore,** Assistant to James A. Pardo
Tel 1 212 547 5784 | dgilmore@mwe.com

****************************************************************************************
This message is a PRIVILEGED AND CONFIDENTIAL communication. This message and all attachments are a private communication sent by a law firm and may be confidential or protected by privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information contained in or attached to this message is strictly prohibited. Please notify the sender of the delivery error by replying to this message, and then delete it from your system. Thank you.
****************************************************************************************

Please visit http://www.mwe.com/ for more information about our Firm.