UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE METHYL TERTIARY BUTYL ETHER
("MTBE") PRODUCTS LIABILITY
LITIGATION

**This document relates to:**

*New Jersey Department of Environmental Protection, et al. v. Atlantic Richfield Co., et al.*,
No. 08 Civ. 00312

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/29/16

Master File No. 1:00-1898
MDL 1358 (SAS)
M21-88

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## CASE MANAGEMENT ORDER NO. 123

This CMO memorializes rulings made at the April 26, 2016 status conference, as well as other agreements reached by the Parties regarding preliminary discovery for Phase II of this case.

1) **MTBE DISCHARGE INFORMATION**: By May 2, 2016, each Defendant shall produce the MTBE discharge/detection site information that was previously agreed on and memorialized in the Parties' February 26, 2016, email exchange.

2) **EXCHANGE OF INITIAL DISCOVERY:**

    a) **By Plaintiffs:** By September 19, 2016, Plaintiffs shall:

        i) Supplement their prior productions of the following State databases, to the extent the database has been updated since its last production:

            (1) NJEMS

            (2) SDWIS (Safe Drinking Water Information System)

            (3) PWTA (Private Well Testing Act)

            (4) Potable Well Letters

1

    (5) Spill Fund

    (6) UST Fund

    (7) Public Funding Tracking

 b) **By Defendants**: By September 19, 2016, each Defendant shall produce the following information for each site identified on Plaintiffs' MTBE release site list as of April 13, 2010, to the extent each Defendant has such information within its possession, custody or control:

  i) The dates/time periods during which defendant owned the underground storage tanks;

  ii) The dates/time periods during which defendant operated the site;

  iii) The dates/time periods during which defendant supplied gasoline that may have contained MTBE to the site;

  iv) The dates/time periods during which defendant conducted environmental investigation and/or remediation;

  v) Any groundwater sampling data that relates to any sites on the Plaintiffs' MTBE release site list as of April 13, 2010, that has not already been produced in this action or is not included in the 2016 Hazsites database update. To the extent such data has been cumulatively collected or reported (*e.g.*, in a recent site report), production of such cumulative data shall suffice. To the extent such data is maintained in electronic format that allows users to sort or filter the data (such as Excel or Access), such data shall be produced in such format.

  vi) The regulatory status (NFA, RAO, or open/closed spill numbers);

  vii) Whether an LSRP has been assigned and, if so, the identity of the LSRP;

  viii) Any public or private well sampling associated with the site; and

  ix) Any sensitive receptors within ½ mile of the site, as identified in site-related reports.

**3)** **OTHER INITIAL DISCOVERY:** Plaintiffs or Defendants may serve any written discovery request it deems necessary (i) to effectuate production of the

2

information set forth in Section 2, above; (ii) to facilitate creation of the updated Master Site List required by Section 4, below; or (iii) to assist in the process of determining a discovery or trial procedure consistent with this Order. Any such discovery request shall be served so as to be timely responded to by no later than September 19, 2016.

4) **UPDATED MASTER SITE LIST:**

   (A) By October 14, 2016, Plaintiffs shall provide a list of all MTBE release sites that they wish to be included in the case. This list shall become the Master Release Sites List for this case. Plaintiffs may not add any additional sites to this Master Release Sites List after October 14, 2016, but may delete sites therefrom.

   (B) Although the Master Release Sites List is conclusive as to release sites, nothing in this CMO shall preclude Plaintiffs from pursuing claims for damages and injunctive relief for receptor sites, including but not limited to, private wells and public water systems. Furthermore, nothing in this CMO shall prevent Defendants from objecting to or opposing any such claims.

5) **STIPULATED SITE DISMISSALS**

   a) In light of Plaintiffs' settlement with a number of Defendants, the parties shall confer regarding sites for which all liability has been settled. Such sites shall be removed from the Master Site List.

   b) The parties shall additionally confer regarding sites (or categories of sites) that may be amenable to stipulated or voluntary resolution.

   c) Defendants Request: Nothing in this CMO shall preclude defendants from moving for summary judgment or partial summary judgment as to certain sites, group of sites, and/or claims, subject to a schedule set by the Court.

6) Within 30 days after October 14, 2016, the parties shall begin meeting and conferring to develop a proposed approach to any necessary additional Phase II discovery and Phase II trial structure consistent with CMO 124. As soon as is practicable thereafter, the Parties shall provide the Court with a joint proposed Case Management Order consistent with this Order. To the extent they cannot reach agreement, the Parties shall submit two competing proposed Case Management Orders.

SO ORDERED:

_____
Shira A. Scheindlin

3

U.S.D.J.

Dated: New York, New York
      April 29, 2016