McDERMOTT WILL & EMERY LLP
DATE   6-22-04
PETER JOHN SACRIPANTI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                                :
In re: Methyl Tertiary Butyl Ether              :
("MTBE") Products Liability Litigation          :
                                                :         **ORDER**
                                                :
This Document Relates To:   All Cases           :         MDL No. 1358 (SAS)
                                                :
                                                :
------------------------------------------------------X

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

  This multi-district litigation involves dozens of product liability cases, filed in nearly twenty states. The numerous plaintiffs, including states, cities, municipalities and entities, allege that more than one hundred defendants have contaminated or threaten to contaminate groundwater through manufacture, distribution, and sale of gasoline that contains methyl tertiary butyl ether ("MTBE"). Plaintiffs assert causes of action for conspiracy, public and private nuisance, design defect, defective product, failure to warn, negligence, and violations of various state business and environmental laws. Moreover, plaintiffs allege market share, concert of action and enterprise liability. Plaintiffs are suing more than one hundred defendants.

  Because of the number of parties involved, and the numerous state and federal laws implicated, these actions are far more complex than typical multi-



district litigations. Furthermore, the nature of the claims necessarily raise complicated scientific issues. Given the complexity of this case, no district or magistrate judge of this Court could resolve every pretrial matter that might arise from discovery, effectively and in a timely manner, and still pay adequate attention to the remainder of his or her docket. Overseeing the myriad discovery disputes that are sure to arise requires a staff of its own. Therefore, the parties have requested – and consented to – the appointment of a special discovery master.

Accordingly, I am appointing, pursuant to Federal Rule of Civil Procedure 53(a)(1)(A) and (a)(1)(C) (as amended effective December 1, 2003), after giving the parties notice and an opportunity to be heard (including the opportunity to recommend candidates), Kenneth E. Warner, Esq. to serve as Special Master, until further order of this Court. The Court has received an affidavit from Mr. Warner disclosing whether there are any grounds for disqualification under 28 U.S.C. § 455. The parties have consented, with the Court's approval, to waive any such grounds for disqualification. *See* Fed. R. Civ. P. 53(a)(2) and (b)(3). The Special Master's appointment is therefore effective immediately.

IT IS FURTHER ORDERED THAT:

1. The Special Master is directed "to proceed with all reasonable diligence" in the performance of his duties. Fed. R. Civ. P. 53(b)(2). To wit, Mr. Warner

is appointed to resolve such discovery disputes that may arise, and which have been specifically referred to him by the Court, including electronic discovery disputes, questions of privilege, work product, relevancy, scope, and burden.

2. In furtherance of his duties, the Special Master may communicate *ex parte* with the Court on any matter. The Special Master may not communicate *ex parte* with the parties (except to arrange scheduling matters) without the consent of all parties.

3. The Special Master shall preserve, as a record of his activities, all written submissions received from the parties, all written submissions sent to the parties, and any transcripts of hearings before the Special Master. The Special Master shall file with the Clerk of the Court such records upon the request of any party or the Court. The Special Master shall also file any order, report, or recommendation to the Court.

4. A party may file objections to – or a motion to adopt or modify – the Special Master's order, report, or recommendation no later than 20 days from the time that order, report, or recommendation is served. The party filing such objection or motion must also file the relevant record.

5. Any order, report, or recommendation of the Special Master on non-dispositive motions, unless it involves a finding of fact or conclusion of law,

will be deemed a ruling on a procedural matter. The Court will set aside a ruling on a procedural matter only where it is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636.

6. Barring a stipulation of the parties with the Court's consent setting some other standard of review, *see* Fed. R. Civ. P. 53(g)(3), the Court will decide *de novo* all objections to findings of fact or conclusions of law made or recommended by the Special Master.

7. The Special Master's compensation, as well as any costs and expenses, will be paid equally by the plaintiffs and defendants. Mr. Warner shall be compensated at a rate of $500 per hour. If the Special Master finds that he needs the assistance of any paralegal or lawyer in his office, that expense shall be billed by the Special Master at the ordinary rates for those people.

8. Finally, this Order may be amended at any time upon notice to the parties, and an opportunity to be heard.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:   New York, New York
         June 18, 2004

4