UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: METHYL TERTIARY BUTYL ETHER ("MTBE") PRODUCTS LIABILITY LITIGATION | Master File No.  1:00–1898<br>MDL  1358 (VSB)<br>M21-88 |
| This document relates only to:<br>*Orange County Water District v. Unocal, et al.,*<br>Case No. 04 Civ. 4968 | |

PLAINTIFF ORANGE COUNTY WATER DISTRICT'S MOTION TO REMAND
PHASE 1 CLAIMS AGAINST DEFENDANTS TEXACO REFINING AND
MARKETING, INC., EQUILON ENTERPRISES LLC, SHELL OIL COMPANY, D/B/A
SHELL OIL PRODUCTS US, ATLANTIC RICHFIELD COMPANY, F/K/A ARCO
PETROLEUM COMPANY, D/B/A ARCO PRODUCTS COMPANY A/K/A ARCO, BP
PRODUCTS NORTH AMERICA, INC., BP WEST COAST LLC

## I.   INTRODUCTION.

On June 12, 2017, the Second Circuit issued its opinion in *In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation*, 859 F.3d 178 (2nd Cir. 2017). That opinion found that settlements entered into in 2003 and 2005 between defendants Shell and BP and the Orange County, California District Attorney (OCDA) did not bar claims asserted against Shell and BP by the Orange County Water District. *Id.* at 185. On July 11, 2017, the Second Circuit denied Shell's and BP's petition for rehearing. Axline Decl., Ex. 1. On July 19, 2017, the Second Circuit issued a mandate transferring jurisdiction back to this Court for further proceedings. Axline Decl., Ex. 2.

Prior to the proceedings in the Second Circuit, this Court had determined, in CMO 116, that a number of "focus sites," including BP and Shell focus sites, were ready to be remanded to the transferor court for trial. Axline Decl., Ex. 3 (CMO 116). Most of the focus sites that were the subject of CMO 116, with the exception of the BP and Shell sites, were in fact transferred back to the transferor court by the Judicial Panel on Multidistrict Litigation ("JPML") on November 5, 2015. Axline Decl., Ex. 4. Trial has been assigned to the Honorable Cormac Carney in the Central District of California. On June 26, 2017, following the Second Circuit's ruling, and in anticipation of BP's and Shell's remand to the Central District, Judge Carney vacated the Phase 1 trial date against BP's and Shell's co-defendants. Axline Decl., Ex. 5. On July 18, 2017, Judge Carney vacated a briefing schedule in anticipation that the Shell and BP focus sites would soon be transferred back to the Central District for trial along with the other focus sites. Axline Decl., Ex. 6.

The District now respectfully requests that this Court issue a Suggestion of Remand to the

1

JPML with respect to the Shell and BP sites identified in CMO 116 that remain after dispositive motions. A proposed Suggestion, based on the Suggestion of Remand approved by the JPML for all other focus sites, is attached.

## II. BACKGROUND.

Early in this litigation, this Court entered an order directing the parties to identify bellwether, or "focus" sites that could be remanded to the transferor court for trial. See *In Re: Methyl Tertiary Butyl Ether ("Mtbe") Prod. Liab. Litigation*, 2015 WL 7758530 (S.D.N.Y. Dec. 1, 2015) at *2. At the conclusion of discovery, the parties, including Shell and BP, negotiated a comprehensive CMO identifying the final list of focus sites, claims and defendants to be tried in Phase I. Axline Decl., Ex. 3. CMO 116 confirmed that "[t]he parties have completed all discovery related to the stations previously identified by the parties as focus plume stations." *Id.* CMO 116 finalized "the stations and Defendants at each station against whom OCWD will assert causes of action at the focus plume trial and the causes of action that will be asserted" at trial in this matter. *Id.* Focus sites associated with Shell and BP were included in CMO 116. Axline Decl., Ex. 3 (CMO 116 Exhibit A, Service Station Matrix).

After CMO 116 was adopted, all defendants, including Shell and BP, were permitted to bring a final round of dispositive motions. With respect to all other defendants, the Court ultimately found "that the consolidated pretrial proceedings have run their course with respect to the claims related to the focus plume sites," and issued a Suggestion to Remand.[1] Axline Decl., Ex. 4. With respect to Shell and BP, however, the Court determined that the District's claims

---

[1] Due to rulings on the dispositive motions, the list of focus sites remanded to the Central District was narrower than the list of focus sites attached to CMO 116.

were barred by *res judicata*. *In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation*, 2015 WL 5051660, *4 (S.D.N.Y. 2015). The Court then granted final judgment to Shell and BP pursuant to FRCP Rule 54(b). *In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation*, 2015 WL 7758530, *1 (S.D.N.Y. 2015); *see also* Axline Decl., Ex. 7 (Dec. 3, 2015, Rule 54(b) Judgment).

On December 3, 2015, the District filed an appeal in the Second Circuit of the MDL Court's judgment in favor of Shell and BP. As noted above, on June 12, 2017, the Second Circuit Court of Appeals vacated the MDL Court's *res judicata* determination and the Rule 54(b) judgment. *In re MTBE, supra*, 859 F.3d 178 (2nd Cir. 2017). On July 11, 2017, the Second Circuit Court of Appeals denied defendants' petition for rehearing, and, on July 19, 2017, issued a mandate remanding the District's claims against Shell and BP to the Southern District of New York.

### III. ARGUMENT.

United States Code § 1407(a) provides that any "action . . . transferred [to a multidistrict litigation] shall be remanded . . . at or before the conclusion of . . . [coordinated or consolidated] pretrial proceedings. 28 U.S.C. § 1407(a). This Court already has determined – in CMO 116 – that BP's and Shell's "focus sites" are ready to be remanded to the transferor court for trial. Axline Decl., Ex. 3. The JPML, at this Court's Suggestion, has already remanded to the Central District of California the Phase I claims against all defendants except Shell and BP. This Court found, and the JPML agreed, "that the consolidated pretrial proceedings have run their course with respect to the claims related to the focus plume sites." Axline Decl. Ex. 4. In general, the resolution of pending dispositive motions is considered "a conclusion of pretrial proceedings,"

3

and the issuance of a remand to the originating court is appropriate. *In re: Cathode Ray Tube (CRT) Antitrust Litigation*, 2017 WL 1436412, *1 (U.S. JPML 2017).

Judge Carney in the Central District of California, following the Second Circuit's opinion, vacated trial and motion dates in anticipation that focus site claims against Shell and BP will be remanded for trial with the rest of the focus site claims. Axline Decl., Exs. 5 and 6.

### A. All Consolidated Pretrial Proceedings Have Been Completed With Respect to the Shell And BP Focus Sites.

Prior to the Second Circuit appeal, this Court acknowledged that "all that is left to decide before remanding this case to the Central District of California for trial is OCWD's instant motion, which asks the Court to include the BP and Shell Defendants in the Remand Order on the theory that the *Res Judicata* Opinion does not bar claims for *continuing* nuisance." *In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation*, 2015 WL 5051660, *1 (S.D.N.Y. 2015). The Court ultimately decided this issue against the District and issued a Rule 54(b) judgement in favor of Shell and BP. *In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation*, 2015 WL 7758530, *1 (S.D.N.Y. 2015); *see also* Axline Decl., Ex. 7 (Rule 54(b) Judgment). In doing so, however, the Court explicitly acknowledged: "[i]f the Second Circuit determines that this Court's *res judicata* Opinions are in error, the Judgment Defendants will be reinstated, and the California district court will likely have to hold a second trial . . ." *In re: Methyl Tertiary Butyl Ether ("MTBE") Prod. Liab. Litigation*, 2015 WL 7758530, at *3 (S.D.N.Y. Dec. 1, 2015).

As it turns out, the Second Circuit issued its opinion prior to trial on the already remanded focus sites, and the Shell and BP focus sites can now be tried in a single trial along

4

with the remaining focus sites, as CMO 116 originally contemplated.

The remanded defendants themselves have assumed that the Shell and BP defendants would be promptly remanded to the Central District of California and would be participating in the Phase I focus trial. Axline Decl., Ex. 8 (June 16, 2017, Notice of Opinion From The United States Court of Appeals for the Second Circuit ["Although there may be further proceedings related to the appeal, there are not expected to be any proceedings in the MDL Court after remand from the Second Circuit, other than issuance of a Suggestion of Remand of the District's claims against the Shell and BP Defendants to this Court."].)

This record demonstrates that, but for the *res judicata* determination, the District's claims against Shell and BP for the focus sites would have been remanded to the Central District of California along with the District's claims against the remaining defendants. The Second Circuit has now vacated the *res judicata* determination, denied the petition for rehearing and remanded these claims to this Court. The District's Phase I focus site claims against Shell and BP should now be remanded to the Central District of California so that Shell and BP can participate in the focus site trial.

### B. Shell and BP Should Not Be Allowed To Re-File Their Summary Judgment Motion.

Following issuance of the mandate by the Second Circuit, and in response to an inquiry from the District's counsel as to whether Shell and BP would be willing to stipulate to a remand of the Shell and BP focus sites, counsel for Shell and BP indicated a belief that they are entitled "to develop the record further regarding the privity issue" before the District's claims are remanded. Axline Decl., Ex. 9 (July 21, 2017, Email from P. Condron to M. Axline). This is

5

incorrect for several reasons.

First, as the Second Circuit noted, BP and Shell settled the claims brought by the OCDA in 2002 and 2005. *In re MTBE, supra*, 859 F.3d at 181. Although BP and Shell could have filed their motion as soon as the last settlement was entered in 2005, BP and Shell waited until 2014, nearly a decade later, and long after fact discovery had closed, to bring the summary judgment motion on their *res judicata* theory. BP and Shell had more than ample time during this period to develop an adequate "record" on which to base their motion. BP and Shell submitted extensive evidence surrounding the settlement process along with their motion, and none of that evidence was excluded.

Second, Shell and BP may only seek to "develop the record" if they can prove that there is newly discovered evidence which, "with reasonable diligence," could not have been discovered in time to include with their 2014 summary judgment motion. FRCP Rule 60(b). It has been more than a decade since BP and Shell settled with the OCDA. Shell and BP have had nearly a decade to conduct discovery and "develop" any necessary record. Shell and BP, having lost on appeal, should not be permitted a third bite at the *res judcata* apple.

Third, Shell's and BP's assertion that the Second Circuit's ruling gives them the right to "develop the record further" is contrary to the language of the opinion. The Second Circuit repeatedly identified distinct differences between the District and the OCDA, and relied on these differences to conclude that the District and the OCDA are not in privity.

- "On the other hand, it is clear that the District and the OCDA also have asserted interests in this case that diverge." *In re MTBE, supra*, 859 F.3d at 186.
- "[T]here is no dispute that the OCDA is not empowered to bring lawsuits on the

6

  District's behalf; or, conversely, that the District cannot do so on behalf of the OCDA." *Id.*

- "[T]here is no indication from the record that the OCDA shared in the District's distinct right to recover its costs to investigate and remediate groundwater contamination, a right the District Act confers exclusively on the District.' *Id.*

- "The OCDA explicitly represented in its complaints against BP and Shell that it did "not represent[ ] any water district or other municipality," and the Shell consent judgment specifically states that it was "not intend[ed] ... to legally bar, estop, release, alter, or supersede any investigation, action, order, request, demand or directive of ... the Orange County Water District," *Id.* at 186–87.

- "Finally, if this were not dispositive, the OCDA then stated on the record at the motion to intervene hearing that its claims were distinct from those of the District and that its lawsuit did not have "anything to do" with the District's suit in federal court. *Id. at* 187.

- "[W]e do not believe that the OCDA adequately protected the District's interests. The OCDA successfully opposed the District's attempt to intervene in the OCDA's suits. Neither settlement reimbursed the District's clean up costs or afforded it other compensation. The injunctive relief in the OCDA Consent Judgments has expired and the District alleges that MTBE plumes from BP and Shell stations continue to migrate toward the District's water production wells. These are interests unique to the District that were not adjudicated in the prior suits. Their existence means that the District's interests are not sufficiently

aligned with those of the OCDA." *Id.*

These factors would not be altered or changed by any further discovery or development of the record. Contrary to BP and Shell's assertions, the Second Circuit had a more than adequate record upon which to reach the conclusion that the Orange County Water District and the OCDA were not in privity for purposes of *res judicata*.

Statements by the Second Circuit concerning "the record" simply indicate that the facts in the record lead to only one conclusion, not that there may be additional, undiscovered, facts which would lead to a different conclusion.

### C.  Any Further Motions By Shell And BP Should Be Filed In The Central District of California So As to Not Further Delay Trial.

Although there is no basis for Shell and BP to re-file a summary judgment motion, or re-open the "record" regarding their *res judicata* claim, any attempt to do so should be filed in the Central District of California, rather than in this Court, so as to not further delay trial. Judge Carney has permitted other remanded parties to update the record with information developed subsequent to discovery cut off, and to file any necessary motions based upon such information. Axline Decl., Ex. 10.

Judge Carney also has been informed by the parties of the Second Circuit's decision and has vacated both a trial date and a motions schedule so that Shell and BP may have an opportunity to participate in all further proceedings. Axline Decl., Exs. 5 and 6. Shell's and BP's *res judicata* arguments are case specific and do not have broader implications or consequences within the MDL proceedings. In short, there is no reason to retain the focus site claims against Shell and BP in these MDL proceedings while the focus site claims against other

defendants are being scheduled for trial in the Central District. Doing so would only create confusion, inefficiency and further delay in a case that has already been pending for more than a decade.

## IV. CONCLUSION.

For the above reasons, the District respectfully requests that this Court adopt the proposed Suggestion of Remand that accompanies this motion, and ask the JPML to remand the District's Phase I focus sites and claims against the Shell and BP defendants to the Central District of California on the grounds that all pretrial and appellate proceedings concerning the Phase I stations have been completed.

Dated: July 25, 2017

Respectfully submitted,

MICHAEL D. AXLINE
Counsel for Orange County Water District

**[PROPOSED] SUGGESTION TO REMAND**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In Re: Methyl Tertiary Butyl Ether ("MTBE")
Products Liability Litigation

Master File No. 1:00-1898
MDL 1358 (SAS)
M21-88

This document relates to:

*Orange County Water District v. Unocal Corp., et al.*,
No. 04. Civ. 4968 (SAS)

## [PROPOSED] SUGGESTION TO REMAND

On May 6, 2003, Plaintiff Orange County Water District ("OCWD") filed its Complaint against Defendants in Orange County Superior Court, alleging that Defendants were liable for MTBE and TBA in the Orange County Water District's drinking water supplies. On June 16, 2004, the Judicial Panel on Multidistrict Litigation transferred this case to this Court for coordinated and consolidated pretrial proceedings in MDL No. 1358.

On November 5, 2015, pursuant to a Suggestion to Remand issued by this Court, the JPML issued a "Separation of Claims and Conditional Remand Order" remanding sixteen focus plume sites to the Transferor Court in the Central District of California for all further proceedings, including additional pretrial and trial proceedings.

On December 5, 2015, OCWD filed an appeal in the Second Circuit of an MDL Court judgment in favor of defendants Texaco Refining and Marketing, Inc., Equilon Enterprises LLC, Shell Oil Company, d/b/a Shell Oil Products US (collectively "Shell") and Atlantic Richfield Company, f/k/a Arco Petroleum Company, d/b/a Arco Products Company a/k/a Arco, BP Products North America, Inc., BP West Coast LLC (collectively Arco/BP), finding that the District's claims against these defendants were barred by the doctrine of *res judicata*.

On June 12, 2017, the Second Circuit vacated the MDL Court's res judicata determination and remanded OCWD's claims against defendants Arco/BP and Shell (collectively Defendants) to the Southern District of New York for further proceedings consistent with its opinion. On July 11, 2017, the Second Circuit Court of Appeals denied Defendants' petition for rehearing. On July 19, 2017, the Second Circuit issued a mandate transferring jurisdiction over OCWD's claims against Defendants to the Southern District of New York.

The parties have completed all discovery related to the Arco/BP and Shell focus sites identified in Exhibit A to Case Management Order #116.

The Court hereby finds that the consolidated pretrial proceedings have run their course with respect to the claims related to the Arco/BP and Shell focus plume sites. The Court therefore suggests that the Panel remand to the United States District Court for the Central District of California all remaining claims as to the Arco/BP and Shell focus plume sites for all further proceedings, including additional pretrial and trial proceedings. Attached as Exhibit 1 is the list of the remaining claims for relief and defendant at each Arco/BP and Shell focus plume site to be remanded for trial in this matter. All other claims for relief were either decided against the plaintiff or stipulated as dismissed on the terms set forth in the applicable stipulations, subject to the right to appeal, so no other claims or defendants remain at these sites for purposes of trial after remand. As of this time this Court will retain jurisdiction over the remainder of the Action (i.e., the non-focus plume sites) in order to conduct coordinated and consolidated pretrial proceedings.

DATE:                                                SO ORDERED:


_____
The Honorable Vernon S. Broderick

## **EXHIBIT A**

## EXHIBIT A

*Orange County Water District v. Unocal*
Focus Stations and Claims for Remand

| Plume # | Station Name and Address | Defendants | Claims Remaining |
|---|---|---|---|
| 1 | Arco #1887<br>16742 Beach Boulevard, Huntington Beach | Arco/BP | Continuing Nuisance<br>Declaratory Relief |
| 1 | Texaco #8520/Texaco #121608<br>8520 Warner Avenue, Fountain Valley | Texaco/Equilon | Continuing Nuisance<br>Declaratory Relief |
| 1 | Texaco #121681<br>9475 Warner Avenue, Fountain Valley | Texaco/Equilon | Continuing Nuisance<br>Declaratory Relief |
| 2 | Arco #61231<br>3201 Harbor Boulevard, Costa Mesa | Arco/BP | Continuing Nuisance<br>Declaratory Relief |
| 2 | Arco #1912<br>18480 Brookhurst Street, Fountain Valley | Arco/BP | Continuing Nuisance<br>Declaratory Relief |
| 2 | Thrifty #383<br>18520 Brookhurst Street, Fountain Valley | Arco/BP | Continuing Nuisance<br>Declaratory Relief |
| 3 | Arco #1905<br>18025 Magnolia Street, Fountain Valley | Arco/BP | Continuing Nuisance<br>Declaratory Relief |
| 8 | Arco #3085<br>3361 South Bristol Street, Santa Ana | Arco/BP | Continuing Nuisance<br>Declaratory Relief |
| 9 | Westminster Shell<br>5981 Westminster Avenue, Westminster | Shell/Equilon | Continuing Nuisance<br>Declaratory Relief |
| 9 | Thrifty #368<br>6311 Westminster Boulevard, Westminster | Arco/BP | Continuing Nuisance<br>Declaratory Relief |
| 63 | Arco #6036<br>13142 Goldenwest Street, Westminster | Arco/BP | Continuing Nuisance<br>Declaratory Relief |

*In Re Methyl Tertiary Butyl Ether (MTBE) Products Liability Litigation:*
*Orange County Water District v. Unocal Corp., et al.*, Case No. 04 Civ. 4968
U.S.D.C. Central District of CA Case No. SACV 8: 03-01742-CJC-ANx

## PROOF OF SERVICE VIA LEXISNEXIS FILE AND SERVE

I am a citizen of the United States and an employee in the County of Sacramento. I am over the age of eighteen (18) years and not a party to this action. My business address is Miller & Axline, 1050 Fulton Avenue, Suite, 100, Sacramento, California 95825.

On the date executed below, I electronically served the document(s) via LexisNexis File & Serve, described below, on the recipients designated on the Transaction Receipt located on the LexisNexis File & Serve website:

**PLAINTIFF ORANGE COUNTY WATER DISTRICT'S MOTION TO REMAND PHASE 1 CLAIMS AGAINST DEFENDANTS TEXACO REFINING AND MARKETING, INC., EQUILON ENTERPRISES LLC, SHELL OIL COMPANY, D/B/A SHELL OIL PRODUCTS US, ATLANTIC RICHFIELD COMPANY, F/K/A ARCO PETROLEUM COMPANY, D/B/A ARCO PRODUCTS COMPANY A/K/A ARCO, BP PRODUCTS NORTH AMERICA, INC., BP WEST COAST LLC**

I declare under penalty of perjury that true and correct copies of the above document(s) were served via LexisNexis File & Serve on July 25, 2017.

*Kathy Herron*
KATHY HERRON