**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| ---------------------------------------x | |
|---|---|
| In re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation : | **Master File No. 1:00-1898**<br>**MDL No. 1358 (VSB)**<br>**M21-88** |
| This Document Relates To:<br>*Orange County Water District v. Unocal Corporation, et al.*, Case No. 04 Civ. 4968 (VSB) : | The Honorable Vernon S. Broderick |
| ---------------------------------------x | |

**THE BP AND SHELL DEFENDANTS' OPPOSITION TO PLAINTIFF ORANGE COUNTY WATER DISTRICT'S "MOTION TO REMAND" PHASE I CLAIMS AND REQUEST FOR A SCHEDULING ORDER**

**TABLE OF CONTENTS**

**Page**

BACKGROUND ..........3

ARGUMENT ..........3

I. THE SECOND CIRCUIT'S OPINION SPECIFICALLY CONTEMPLATES ADDITIONAL RECORD DEVELOPMENT AND PROCEEDINGS ON THE PRIVITY ISSUE..........3

II. THIS COURT IS THE APPROPRIATE FORUM FOR ADDITIONAL PROCEEDINGS ON RES JUDICATA IN ACCORDANCE WITH THE SECOND CIRCUIT'S OPINION, BECAUSE ONLY THIS COURT HAS JURISDICTION OVER ALL CLAIMS THAT WOULD BE AFFECTED BY A RES JUDICATA RULING. ..........11

CONCLUSION..........12

# TABLE OF AUTHORITIES

**Pages**

## FEDERAL CASES

*Allen v. Bayer Corp.*,
460 F.3d 1217 (9th Cir. 2006) ....12

*E-Pass Techs., Inc. v. 3Com Corp.*,
343 F.3d 1364 (Fed. Cir. 2003)....5

*E-Pass Techs., Inc. v. 3Com Corp.*,
473 F.3d 1213 (Fed. Cir. 2007)....2, 5

*Knuth v. Erie-Crawford Dairy Coop. Ass'n*,
395 F.2d 420 (3d Cir. 1968)....5

*McAlister v. Essex Prop. Trust*,
504 F. Supp. 2d 903 (C.D. Cal. 2007) ....2

*In re MTBE Prods. Liab. Litig.*,
2015 U.S. Dist. LEXIS 162416 (S.D.N.Y. Dec. 1, 2015) ....3

*In re MTBE Prods. Liab. Litig.*,
279 F.R.D. 131 (S.D.N.Y. 2011) ....9

*In re MTBE Prods. Liab. Litig.*,
46 F. Supp. 3d 440 (S.D.N.Y. 2014)....3, 6

*In re MTBE Prods. Liab. Litig.*,
67 F. Supp. 3d 619 (S.D.N.Y. 2014)....6, 9

*U.S. ex rel. Oliver v. Philip Morris USA, Inc.*,
101 F. Supp. 3d 111 (D.D.C. 2015)....2, 4, 5

*Orange Cty. Water Dist. v. Texaco Ref. & Mktg., Inc.*,
859 F.3d 178 (2d Cir. 2017).... passim

*Orange Cty. Water Dist. v. Texaco Ref. & Mktg., Inc.*,
No. 15-3934-cv, slip op. (2d Cir. June 12, 2017) ....4

*Pekin v. Cty. of San Benito*,
2008 WL 440581 (N.D. Cal. Feb. 15, 2008) ....10

*U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*,
513 U.S. 18 (1994)....5

*In re Welding Fumes Prods. Liab. Litig.*,
2010 U.S. Dist. LEXIS 146067 (N.D. Ohio June 4, 2010)........................................1

**STATE CASES**

*Nguyen v. Superior Court*,
49 Cal. App. 4th 1781 (1996) ........................................................................10

*People v. Dawkins*,
195 Cal. App. 3d Supp. 1 (1987) .....................................................................2

*People v. Sims*,
32 Cal. 3d 468 (1982) ........................................................................................8

*Zapata v. Dep't of Motor Vehicles*,
2 Cal. App. 4th 108 (1991) .........................................................................8, 9

**STATUTES, RULES AND REGULATIONS**

28 U.S.C. § 1447(c) ...............................................................................................1

Cal. Bus. & Prof. Code § 17204 ..........................................................................10

Cal. Civ. Proc. Code § 731 .................................................................................10

Cal. Civ. Proc. Code § 3480 ...............................................................................10

Cal. Fish & Game Code § 5650.1 .......................................................................10

Cal. Gov't Code § 16271(d) ..................................................................................7

Cal. Gov't Code § 56036 .......................................................................................7

Cal. Health & Safety Code § 25299.02...............................................................10

Fed. R. Civ. P. 60(b) ..............................................................................................9

Fed. R. Civ. P. 54(b) ..............................................................................................3

Defendants Atlantic Richfield Company, BP Products North America Inc., and BP West Coast Products LLC (the "BP Defendants"), and Shell Oil Company, Equilon Enterprises LLC, and Texaco Refining and Marketing Inc. (the "Shell Defendants"), submit this opposition to the motion filed by plaintiff Orange County Water District (the "District" or "OCWD") requesting this Court to issue a suggestion of remand to the Judicial Panel on Multidistrict Litigation ("JPML") for the BP and Shell Defendants' "Phase I Trial Sites."[1] The District's motion is premature and not consistent with the mandate and opinion issued by the U.S. Court of Appeals for the Second Circuit in this matter, *Orange County Water District v. Texaco Refining and Marketing, Inc.*, 859 F.3d 178 (2d Cir. 2017) (the "Opinion"). It should be denied.

The District erroneously claims that the Opinion "found that settlements entered into in 2003 [sic][2] and 2005 between defendants Shell and BP and the Orange County, California District Attorney (OCDA) did not bar claims asserted against Shell and BP by the [District]." OCWD Mot. at 1. The Opinion, which vacated but did not reverse a grant of summary judgment to the BP and Shell Defendants on res judicata grounds, did **not** find that the OCDA settlements

[1] The District did not comply with this Court's rule requiring a pre-motion letter and a pre-motion conference prior to seeking substantive relief. Hon. Vernon S. Broderick, *Individual Rules & Practices in Civil Cases* § 4.A (June 5, 2017). Although the District styles its pleading as a "motion to remand," it is not. Rather, it is a motion asking this Court to issue a suggestion of remand to the JPML. Only the JPML has authority to remand claims to a transferor court, as the District acknowledges. Pl. OCWD's Mot. to Remand Phase 1 Claims Against Defs. at 1 (filed July 25, 2017) ("OCWD Mot."); *see also In re Welding Fumes Prods. Liab. Litig.*, 2010 U.S. Dist. LEXIS 146067, at *34 n.14 (N.D. Ohio June 4, 2010) ("the [MDL] statute makes clear that it is the MDL Panel, and not this MDL transferee court, that remands a transferred case to the originating transferor court"). "Motions to remand" are exempt from the Court's pre-motion letter and pre-motion conference rule, but the Court no doubt intended that exception to apply to motions to remand removed cases back to state court, because those motions have strict time limits under 28 U.S.C. § 1447(c), and not to motions for issuance of a suggestion of remand to the JPML. The Court can deny the District's motion for this reason alone.

[2] The BP consent judgment with the Orange County District Attorney (the "OCDA") was entered in 2002, not 2003. 859 F.3d at 183.

did not bar the District's claims. Rather, the Opinion held that, on the **current** record before it (859 F.3d at 185), the panel could not find privity – a necessary element of res judicata – between the District and the OCDA, and therefore it vacated the judgment and remanded this matter to this Court for "further proceedings consistent with this opinion." *Id.* at 188; *see also id.* at 181 ("Because, based on the record before us, we cannot conclude that the District and OCDA are in privity, we vacate the judgment and remand the [D]istrict's claims against BP and Shell to the Southern District of New York for further proceedings."). *See, e.g.*, *E-Pass Techs., Inc. v. 3Com Corp.*, 473 F.3d 1213, 1218 (Fed. Cir. 2007) (holding that prior opinion that "vacated the grant of summary judgment and remanded" for further proceedings before district court did not bar subsequent summary judgment motion on same ground) ("*E-Pass II*"); *U.S. ex rel. Oliver v. Philip Morris USA, Inc.*, 101 F. Supp. 3d 111, 119-20 (D.D.C. 2015) (same). Thus, the Opinion contemplates additional record development and proceedings on whether privity existed between the District and the OCDA – a pure legal issue to be decided by the Court under California law. *People v. Dawkins*, 195 Cal. App. 3d Supp. 1, 6 (1987); *McAlister v. Essex Prop. Trust*, 504 F. Supp. 2d 903, 912 (C.D. Cal. 2007). The BP and Shell Defendants seek precisely the further proceedings that the Opinion contemplated – no more, and no less.

Those "further proceedings" unquestionably should take place in this Court, which currently has jurisdiction over all the claims against the BP and Shell Defendants that the District asserts in this case, rather than in the Central District of California, which would only have jurisdiction over a handful of claims against the BP and Shell Defendants if the Phase I trial sites were to be remanded, and therefore could not provide complete relief. A proposed scheduling order, which would govern those further proceedings, including a renewed motion for summary

judgment, is attached as Exhibit 1 to the Declaration of Matthew T. Heartney in support of this Opposition (the "Heartney Declaration" or "Heartney Decl.").

## BACKGROUND

On September 16, 2014, Judge Scheindlin issued an opinion granting summary judgment in favor of the BP and Shell Defendants and dismissed all claims against them based on res judicata, finding that prior consent judgments entered into between the BP and Shell Defendants and the OCDA barred the District's claims in this action. *In re MTBE Prods. Liab. Litig.*, 46 F. Supp. 3d 440 (S.D.N.Y. 2014). Subsequently, Judge Scheindlin entered a Rule 54(b) final judgment on all claims against the BP and Shell Defendants. *In re MTBE Prods. Liab. Litig.*, 2015 U.S. Dist. LEXIS 162416 (S.D.N.Y. Dec. 1, 2015). The District appealed from that judgment. On June 12, 2017, the Second Circuit vacated the judgment, finding that "the current record does not support a finding of privity," a factor necessary to support the res judicata judgment. 859 F.3d at 185. The Second Circuit therefore "remand[ed] the District's action against BP and Shell to the Southern District of New York for further proceedings consistent with [its] opinion." *Id.* at 188. A mandate issued on July 19, 2017. The BP and Shell Defendants have until September 11, 2017, to decide whether to petition the U.S. Supreme Court for a writ of certiorari.

## ARGUMENT

### I. THE SECOND CIRCUIT'S OPINION SPECIFICALLY CONTEMPLATES ADDITIONAL RECORD DEVELOPMENT AND PROCEEDINGS ON THE PRIVITY ISSUE.

Following this Court's prior Suggestion To Remand in this case, dated September 29, 2015, the Multidistrict Panel remanded the District's claims relating to 16 service stations sites operated by four defendants to the Central District of California. Still pending before this Court

are scores of remaining station sites, some operated by defendants not included in the September 2015 Suggestion To Remand apart from BP and Shell.

The District argues that because certain of BP's and Shell's station sites likely would have been remanded to the Central District of California with the other defendants' "focus plume" sites had BP and Shell not been dismissed from the case through their res judicata motion, this Court should simply issue a suggestion of remand now that the Second Circuit vacated the grant of summary judgment. In doing so, the District ignores both the plain language of the Second Circuit's decision and the current posture of this case.

The Second Circuit ordered the BP and Shell claims remanded to this Court for further proceedings consistent with that court's Opinion. That Opinion said, no fewer than four times, that it was *vacating* the res judicata ruling "based on the record before us." 859 F.3d at 181; *see also id.* at 185 ("the current record does not support a finding of privity"); *id.* at 186 ("the record before us does not establish that the District and the OCDA are agents of the same government"); *Orange Cty. Water Dist. v. Texaco Ref. & Mktg., Inc.*, No. 15-3934-cv, slip op. at 3 (2d Cir. June 12, 2017) ("we conclude that the record does not sufficiently establish that the Orange County District Attorney and the Orange County Water District were in privity") (Heartney Decl., Ex. 2).

Courts of appeals "vacate," rather than "reverse," a judgment when they find that it rests on insufficient or erroneous grounds which require further proceedings before the district court to resolve the matter at issue. *See, e.g., U.S. ex rel. Oliver*, 101 F. Supp. 3d at 119 ("[T]he Circuit did not reverse this Court's order dismissing for lack of subject matter jurisdiction, but rather *vacated the order and 'remanded for further proceedings consistent'* with its opinion. '[V]acatur "clears the path for future relitigation of the issues between the parties...."'" (quoting

*U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 22 (1994))); *Knuth v. Erie-Crawford Dairy Coop. Ass'n*, 395 F.2d 420, 429 (3d Cir. 1968) (directing that "the district court's judgment dismissing [class action allegations] be vacated rather than reversed" to "make ... clear" that further proceedings on these allegations would proceed following remand).

This rule is fully applicable to summary judgment orders of the kind at issue here. In *E-Pass Technologies, Inc. v. 3Com Corp.*, 343 F.3d 1364 (Fed. Cir. 2003) ("*E-Pass I*"), the Federal Circuit vacated and remanded the district court's order granting summary judgment based on patent non-infringement, finding that "issues of material fact remain in dispute." *Id.* at 1365. After further proceedings, including consideration of additional factual matters, the district court again granted summary judgment on the same issue. *E-Pass II*, 473 F.3d at 1217. On the subsequent appeal, plaintiff argued that this second summary judgment order "violated [the] mandate" in the prior appeal. *Id.* The Federal Circuit disagreed, explaining:

> [W]e vacated the grant of summary judgment and remanded to the district court for further proceedings. *By vacating, we signaled that, although the district court's prior decision rested on erroneous grounds, a proper claim construction might support a judgment* (summary or otherwise) *in favor of either party*, depending on the evidence and argument submitted to the district court on remand ....

*Id.* at 1218 (citation omitted; emphases added); *see also id.* ("the district court correctly concluded that it had the authority to entertain the defendants' motions for summary judgment on remand"). Similarly, in *United States ex rel. Oliver*, through proceedings following remand after an appeal in which summary judgment based on lack of subject matter jurisdiction was vacated, the district court considered new evidence submitted by both parties, and again granted summary judgment on the same ground. 101 F. Supp. 3d at 119-20.

The Second Circuit plainly anticipated "further proceedings" on the privity issue. Indeed, the Opinion specifically contemplates further proceedings in this Court, specifically remanding the BP and Shell claims for further proceedings "to the Southern District of New York." In contrast, the Second Circuit did not address three other orders issued by this Court that the District raised on its appeal. In discussing those three orders, the Second Circuit stated that they "can also be addressed on remand, **either** in the Southern District of New York **or** after any return of this action to the Central District of California." 859 F.3d at 184 (emphases added). The Second Circuit, therefore, plainly differentiated between the res judicata issue, which it remanded for further proceedings in this Court, and the other orders it did not address, which it determined could be decided either in this Court or, if necessary, in the Central District of California. The District entirely ignores this language.

The District seeks to make much of CMO 116, in which it claims Judge Scheindlin indicated that "BP's and Shell's 'focus sites' are ready to be remanded to the transferor court for trial." OCWD Mot. at 3. CMO 116 says nothing at all about remand and it did not terminate proceedings in this Court. Indeed, as the District acknowledges, additional proceedings took place in this MDL court after CMO 116 was entered, including the summary judgment briefing that resulted in the res judicata order, 46 F. Supp. 3d 440, as well as an additional order granting partial summary judgment and dismissing a substantial number of the District's claims. *In re MTBE Prods. Liab. Litig.*, 67 F. Supp. 3d 619 (S.D.N.Y. 2014). *See* OCWD Mot. at 2 & n.1. Importantly, it was not until after these additional summary judgment motions had been fully decided that Judge Scheindlin concluded that "the consolidated pretrial proceedings" before her had "run their course" as to the Phase I focus sites, making these sites ripe to include in her Suggestion To Remand.

But even if CMO 116 said what the District claims it does – and it does not – the District completely ignores the fact that when vacating Judge Scheindlin's order granting summary judgment on res judicata grounds, the Second Circuit merely found that the "**current** record" before it was not sufficient for a finding of privity – not that privity did not exist. 859 F.3d at 185 (emphasis added). Thus, the court ordered this matter remanded to this Court "for further proceedings consistent with [its] opinion." *Id.* at 188. The Second Circuit's Opinion would supersede any prior finding by this Court that the District's claims against BP and Shell were ready to be remanded to the Central District of California

And such "further proceedings" on privity are fully appropriate and will shed further light on the privity issue. For example, the Second Circuit vacated the judgment in part because it stated that "the record before us does not establish that the District and the OCDA are agents of the same government." *Id.* at 186. The BP and Shell Defendants, therefore, should be permitted to address this concern expressed by the Second Circuit, which likely was caused in no small part by misrepresentations by the District regarding its status as a "Special District of the State of California." In its Rule 56.1 statement, for example, the District expressly denied that it was a California "special district," which by California statute (Cal. Gov't Code §§ 16271(d), 56036) is defined to be an "agency of the state." *See* Pl. OCWD's Local R. 56.1 Statement at 3 ("The District is not a 'special district,' or 'state agency.'") (Heartney Decl., Ex. 3). The District's denial was unsupported by any evidence; instead, as Judge Scheindlin found, it was based on a "murky analysis of statutory schemes and legislative intent." 46 F. Supp. 3d at 451. It is also demonstrably untrue based on the District's own admissions in recent budgeting and other documents. In its 2017-18 Draft Budget, for example, the District explicitly admits it is a "Special District of the State of California." OCWD Budget Report FY 2017-18 (under "District

Vital Statistics," admitting that the District's "Form of Government" is a "Special District of the State of California") (Heartney Decl., Ex. 4); *see also* OCWD Draft Budget Report FY 2015-16 (same) (Heartney Decl., Ex. 5); OCWD Press Kit ("The Orange County Water District (OCWD; the District) is a **special district** formed in 1933 by an act of the California State Legislature.") (emphasis added) (Heartney Decl., Ex. 6). Indeed, among the District's stated goals for FY 2017-18 is to "[s]et OCWD apart from other special districts." OCWD Budget Report FY 2017-18 at 3-9 (Heartney Decl., Ex. 7). A 2011-12 report by an Orange County grand jury also identifies the District as one of many "special districts" located in Orange County in an aptly-named report. *"Let There Be Light": Dragging Special Districts From The Shadows* at 7, 10, 12-14 (Heartney Decl., Ex. 8).

The confusion engendered by the District's misrepresentation of its status and its unsupported denial undoubtedly played a role in the Second Circuit's determination that the record was insufficient to show that the District is an agency of the State of California.[3] California law provides that "'agents of the same government are in privity with each other, since they represent not their own rights but the right of the government.'" *People v. Sims*, 32 Cal. 3d 468, 487 (1982) (citations omitted); *Zapata v. Dep't of Motor Vehicles*, 2 Cal. App. 4th 108, 114 (1991) (DA's office and state agency in privity, because they "acted as agents of the same government" and "represented not their own rights but the right of the government" (quotations omitted)). As the court held in *Zapata*, where parties in successive lawsuits are agents of the same government, "**this relationship is sufficient in itself to establish privity."**

[3] Likely as a result of this confusion, the Second Circuit characterized the District in its opinion as a "public corporation." 859 F.3d at 181. There is no support for that statement anywhere in the record. Even the District never argued that it was a public corporation.

2 Cal. App. 4th at 114 (emphasis added). The BP and Shell Defendants should be afforded the opportunity to develop the record further on this issue and to probe the District's denial.

The other quotations that the District lifts from the Opinion merely list factors that the Second Circuit took into account in deciding to vacate Judge Scheindlin's order. Indeed, the court also found that "the District and the OCDA have significant overlapping interests in protecting Orange County's groundwater resources and that the harm the suits address and the relief sought are similar." 859 F.3d at 186. And although the District sought to emphasize its distinctive character based on the right of cost recovery it has under the Orange County Water District Act, this Court has already determined – twice – that the District did not incur any recoverable costs under that Act, resulting in the entry of summary judgment against it. *In re MTBE Prods. Liab. Litig*., 279 F.R.D. 131, 138 (S.D.N.Y. 2011); *In re MTBE Prods. Liab. Litig.*, 67 F. Supp. 3d at 630, 634.

The District's reliance on Fed. R. Civ. P. 60(b) to argue that no further proceedings should be permitted in this Court is puzzling. Rule 60(b) addresses the standard a party must meet for obtaining relief from a final judgment or order entered by a district court. Here, neither BP nor Shell is seeking relief from a final judgment or order of this Court. To the contrary, the final judgment that had been entered in this matter – in their favor – has now been vacated and the claims against them have been remanded to this Court for further proceedings. Thus, Rule 60(b) is irrelevant here, so there is no necessity for BP or Shell to point to "newly discovered evidence" to renew their motion on res judicata grounds (although the evidence cited above, amply demonstrating that the District misstated its status as a California "special district" when opposing BP's and Shell's motion for summary judgment, would certainly seem to qualify). The District, not surprisingly, provides no support or authority for why Rule 60(b) would apply to a

party seeking additional evidence or renewing a motion for summary judgment after a final judgment in that party's favor has been vacated.[4]

The BP and Shell Defendants should be permitted to develop the evidence showing that the District is, in fact, an agency of the State of California, and therefore an "agent of the same government" as the OCDA, which the Second Circuit recognized was "represent[ing] the People of California." 859 F.3d at 182.[5] Likewise, the BP and Shell Defendants should be afforded the opportunity to develop additional evidence pertaining to the alignment of interests between the District and the OCDA such that a finding of privity is appropriate. The BP and Shell Defendants believe this and other record development pertinent to the privity issue can be done in short order, likely on the order of 60 to 90 days. Provided that the District responds cooperatively to requests to authenticate certain documents recently obtained by the BP and Shell Defendants and, potentially, to a handful of requests for admissions or related discovery requests clarifying matters raised in the Second Circuit's Opinion, no additional discovery should be involved. Thereafter, the BP and Shell Defendants would renew their summary

[4] The District's claim that a renewed res judicata summary judgment motion would constitute a "third bite at the *res judicata* apple" (OCWD Mot. at 6) is also puzzling. BP and Shell filed a single, joint motion for summary judgment previously.

[5] *Cf.* Cal. Civ. Proc. Code § 731 ("[a] civil action may be brought in the name of the people of the State of California to abate a public nuisance, as defined in Section 3480 of the Civil Code, by the district attorney"); Cal. Fish & Game Code § 5650.1; Cal. Health & Safety Code § 25299.02; Cal. Bus. & Prof. Code § 17204. When pursuing claims "in the name of the People of the State of California," a district attorney acts on behalf of the State. *See Nguyen v. Superior Court*, 49 Cal. App. 4th 1781, 1787 (1996) (DA acts on behalf of state in abating public nuisance); *Pekin v. Cty. of San Benito*, 2008 WL 440581, at *6 (N.D. Cal. Feb. 15, 2008) (DA "acts as a state, not a county, official when prosecuting certain civil actions," including violation of Business and Professions Code).

judgment motion on res judicata grounds. A proposed scheduling order is attached as Exhibit 1 to the Heartney Declaration.

## II. THIS COURT IS THE APPROPRIATE FORUM FOR ADDITIONAL PROCEEDINGS ON RES JUDICATA IN ACCORDANCE WITH THE SECOND CIRCUIT'S OPINION, BECAUSE ONLY THIS COURT HAS JURISDICTION OVER ALL CLAIMS THAT WOULD BE AFFECTED BY A RES JUDICATA RULING.

The District suggests that the res judicata issues left open for further proceedings by the Second Circuit's Opinion should be addressed by Judge Carney in the Central District of California. That is incorrect. The District acknowledges that only 11 sites at issue in this case would be appropriate for remand because those are the only sites that have been subject to full discovery in this matter. The res judicata ruling, however, affected dozens of additional BP and Shell sites that would remain here in the Southern District of New York following any remand. Any ruling Judge Carney made after remand necessarily would only apply to the 11 sites before him, and not to the overwhelming majority of sites that would still be before this Court.[6]

This Court currently has jurisdiction over all of the claims and sites at issue on the BP and Shell res judicata motion and, by conducting the further proceedings contemplated by the Second Circuit's Opinion, would be in a position to grant the BP and Shell Defendants the same relief provided by Judge Scheindlin after deciding their res judicata motion – a full judgment of dismissal. Splitting off 11 sites and sending them to Judge Carney to address the res judicata issue would be inefficient and impair judicial economy, as it would require both this Court and

[6] The Second Circuit erroneously believed that this Court had "transferred to the Central District of California all claims except those against BP and Shell." 859 F.3d at 180-81. In fact, only the District's claims pertaining to a handful of "focus plume" sites were transferred by the JPML, not this Court, back to the Central District of California. *See* Decl. of Michael Axline in Support of Pl. OCWD's Mot. to Remand Phase 1 Claims Against Defs., Ex. 4 (filed July 25, 2017).

the Central District of California to rule on the same matter. *See Allen v. Bayer Corp.*, 460 F.3d 1217, 1230-31 (9th Cir. 2006) (noting that when an MDL transfer occurs, "'the jurisdiction of the transferor court ceases and the transferee court has exclusive jurisdiction,'" and that "[a]fter an MDL action is remanded, the transferor court resumes exclusive jurisdiction over further proceedings") (citing Manual for Complex Litigation §§ 20.131, 20.133). It also could lead to conflicting results. Thus, contrary to the District's arguments, remanding the claims against BP and Shell, rather than allowing them to proceed in this Court in conformance with the Opinion, would "create confusion, inefficiency and further delay." OCWD Mot. at 9.[7]

## CONCLUSION

For all the foregoing reasons, the District's motion should be denied, and the Court should issue a scheduling order governing further proceedings on the res judicata issue in this Court.

Dated: August 8, 2017

Respectfully submitted,

/s/ Matthew T. Heartney

Matthew T. Heartney
ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa Street
Los Angeles, California 90017
Telephone: (213) 243-4000

Stephanie B. Weirick
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001
Telephone: (202) 942-5000

[7] The District's emphasis on what other defendants before the court in the Central District of California might have "assumed" or "expected" regarding further proceedings in this Court on the res judicata issue (OCWD Mot. at 5) is, of course, misguided and wholly irrelevant.

Attorneys for Defendants Atlantic Richfield Company, BP Products North America Inc., and BP West Coast Products LLC

Peter C. Condron
CROWELL & MORING LLP
1001 Pennsylvania Avenue NW
Washington, DC 20004
Telephone: (202) 624-2558

Attorney for Defendants Shell Oil Company, Equilon Enterprises LLC, and Texaco Refining and Marketing Inc., n/k/a TMR Company