UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |  |
|---|---|---|---|
| IN RE:  METHYL TERTIARY BUTYL ETHER ("MTBE") PRODUCTS LIABILITY LITIGATION | : | Master File No. MDL M21-88 | 1:00–1898 1358 (VSB) |
| This document relates only to: *Orange County Water District v. Unocal, et al.,* Case No. 04 Civ. 4968 | : : : : : : : : : : : | | |

**PLAINTIFF ORANGE COUNTY WATER DISTRICT'S REPLY IN SUPPORT OF MOTION TO REMAND PHASE 1 CLAIMS AGAINST DEFENDANTS TEXACO REFINING AND MARKETING, INC., EQUILON ENTERPRISES LLC, SHELL OIL COMPANY, D/B/A SHELL OIL PRODUCTS US, ATLANTIC RICHFIELD COMPANY, F/K/A ARCO PETROLEUM COMPANY, D/B/A ARCO PRODUCTS COMPANY A/K/A ARCO, BP PRODUCTS NORTH AMERICA, INC., BP WEST COAST LLC**

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

I.  INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.  BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

III.  ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    A.  The Second Circuit Has Already Considered And Rejected BP's And Shell's Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    B.  The Cases Cited By BP And Shell Are Not Applicable . . . . . . . . . . . . . . . . . . . . 6

    C.  BP And Shell Ignore Black Letter Law Concerning Reconsideration of Summary Judgment Motions. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    D.  Further Motions Regarding Res Judicata, If Any, Can Be Considered By The Trial Court in the Central District of California . . . . . . . . . . . . . . . . . . . . . . . 9

IV.  CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

i

## TABLE OF AUTHORITIES

**CASES**                                                                                           **PAGE**

*Awan v. United States Dep't of Justice*
       46 F. Supp. 3d 90 (D.D.C. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*E-Pass Techs., Inc. v. 3Com Corp.*
       473 F.3d 1213 (Fed. Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 6

*In Re In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation*
       859 F.3d 178 (2nd Cir. 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 5, 6, 9, 10

*Keystone Tobacco Co. v. U.S. Tobacco Co.*
       217 F.R.D. 235 (D.D.C. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Knuth v. Erie-Crawford Dairy Coop. Ass'n.*
       395 F.2d 420 (3rd Cir. 1968) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*
       523 U.S. 26 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. Krilich*
       948 F. Supp. 719,  (N.D. Ill. 1996), aff'd, 126 F.3d 1035 (7th Cir. 1997) . . . . . . . . . . 8

*U.S. Bancorp Mortg. Co. v. Bonner Mall P'Ship*
       513 U.S. 18 (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*U.S. ex rel. Oliver v. Philip Morris USA, Inc.*
       101 F.Supp.3d 111 ( D.D.C. 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

## STATUTES

28 U.S.C. § 1407 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

28 U.S.C.A. § 2106 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Cal. Civ. Proc. Code  § 731 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

## I.      **INTRODUCTION.**

BP and Shell argue that Orange County Water District's Motion to Remand Phase I

Claims should be denied or delayed because the Second Circuit intended this Court, and this

Court only, to entertain another res judicata summary judgement motion.  Since there is no such

language in the Second Circuit's opinion, BP and Shell ask the Court to infer the Second

Circuit's intent from the fact that the Second Circuit "vacated" rather than "reversed" the Court's

res judicata opinion, and remanded for "further proceedings."  Opp. Brief at 2.  "Further

proceedings," of course, would include remanding BP and Shell Phase I sites for trial in the

Central District of California, as the District has requested.  BP and Shell also argue that they

should be permitted to "develop evidence" in support of a second summary judgement motion on

res judicata.  Opp. Brief at 10.  These arguments are without merit, for the following reasons.

First, the Second Circuit unambiguously stated: "[w]e disagree with the district court's

conclusion that the District's suit against BP and Shell is barred by res judicata."  *In re Methyl*

*Tertiary Butyl Ether ("MTBE") Products Liability Litigation*, 859 F.3d 178, 184 (2nd Cir. 2017)

*(In Re MTBE)*.  This is not equivocal language.  If the Second Circuit had found that the Court

applied the wrong legal standard or failed to consider relevant evidence, that might be a reason

for re-visiting the res judicata ruling.  That is not what happened here.

Second, the Second Circuit explicitly rejected the argument BP and Shell now wish to

repeat on remand - that res judicata applies because the District and the Orange County District

Attorney (OCDA) are both "agents of the State government."[1]  BP and Shell cite the Second

---

[1]   *Compare* BP and Shell Second Circuit Response Brief, pgs 16 -17 (arguing the District
is an agent of the government and therefore in privity with OCDA) (Supp. Axline Decl. Ex. 1),
and BP and Shell Petition for Rehearing, pgs 8 -9 (arguing the District is a "special water

Circuit's statement that "the record before us does not establish that the District and OCDA are agents of the same government" and assert this reflects a "concern expressed by the Second Circuit . . . ." Opp. Brief at 7. This was not a "concern" of the Second Circuit at all. To the contrary, in the very next sentence (which BP and Shell omit) the Second Circuit stated: "[T]his question [whether the District and OCDA are agents of the same government] is not determinative." *In Re MTBE*, 859 F.3d 178, 186 (2nd Cir. 2017) (emphasis added.).

Third, as explained below, the cases cited by BP and Shell are inapposite. Those cases were all in the early stages of pleading, and the appellate courts in those cases found either that the record was incomplete at the time of the vacatur or expressly instructed the lower court to reconsider the relevant motion. *See, e.g., E-Pass Techs., Inc. v. 3Com Corp.*, 473 F.3d 1213, 1218 (Fed. Cir. 2007) (stating: "We could not have intended to foreclose a summary judgment of noninfringement because the record did not yet contain the evidence that the parties would put forward in support of their infringement and noninfringement contentions under the proper construction."). Here the record was fully developed and the Second Circuit did not direct (or even suggest) that this Court re-open discovery or re-visit the res judicata issue.

Fourth, as the District emphasized in its motion to remand, BP and Shell had eight years of discovery to develop evidence in support of their res judicata motion. Discovery closed in 2010. BP and Shell cite District draft budget reports from 2017-18 and 2015-16, as well as a recent District Press kit, as if this constituted "new information." Opp. Brief at 7-8. But prior

---

agency" and its interests "did not diverge from those of OCDA") (Supp. Axline Decl. Ex. 2) *with* BP and Shell Opposition to Remand, pg. 7 (arguing that BP and Shell should be allowed to develop a "record" that the District and OCDA are "agents of the same government." Supp. Axline Decl., Ex. 3.

budge reports containing identical language (stating that the District is a "Special District of the State of California") were provided to BP and Shell during discovery. *See, e.g.*, Supp. Axline Decl., Exs. 4, 5 and 6.  Even if this language was relevant (and the Second Circuit made clear that it is <u>not</u> relevant), it was provided to BP and Shell in discovery and is not "new."[2]

Finally, even if it was appropriate to re-visit the res judicata issue, the trial court in the Central District of California (Judge Carney) is perfectly capable of addressing the issue. BP's and Shell's argument that only this Court can consider such a motion is nonsense.  The motion applies to trial sites in the same way that it applies to every other site.  Res judicata either bars the District's claims against BP and Shell or it does not.  Any additional briefing on the res judicata issue can be folded into the pre-trial schedule that is currently on hold pending remand of the BP and Shell claims.

## II.   <u>BACKGROUND.</u>

BP and Shell had nearly a decade to conduct discovery in this matter, including discovery concerning the District's status.  BP and Shell submit draft District budget reports from 2015-18 as if these constitute "new" evidence that the District is a "special district." (*See* Heartney Decl. (Dckt. No. 4463) at Exs. 4, 5, and 7.)  Prior to the discovery cut off and prior to BP and Shell's

---

[2]  Throughout the briefing on BP's and Shell's res judicata motions, BP and Shell have consistently mis-represented that the District filed this case in the name of the "People of California." *See e.g.* Opp. Brief at n. 5.  This is simply false.  The District filed this case on behalf of itself and no one else.  BP and Shell cite the provision in Cal. Civ. Proc. Code § 731 which authorizes district attorneys, county counsel, and city attorneys to bring cases in the name of the "People of California," then note that one of the District's claims arises under § 731.  BP and Shell ignore the fact that § 731 <u>separately</u> authorizes private parties to bring public nuisance actions on their own behalf (as the District has done here). The District's complaint does not purport to be filed on behalf of the "People of California."  Since the District is not a district attorney, a county counsel, or a city attorney, it could not file on behalf of the "People of California" in any event.

initial res judicata motion, however, the District produced budget reports containing identical language. *See* Supp. Axline Decl., Exs. 4, 5 and 6. Like the budget reports BP and Shell submit with their motion, each of these earlier budget reports identifies the District as a "Special District of the State of California." Nothing prevented BP and Shell from pointing to this language in their initial motion and in their response to the appeal.

## III.   ARGUMENT.

As the District pointed out in its Motion, the Judicial Panel on Multidistrict Litigation (JPML) has already remanded for trial most of the "focus sites" that were the subject of pre-trial proceedings in this Court. *See* Axline Decl., Ex. 4 (filed with the District's Motion). The BP and Shell sites would also have been remanded but for this Court's res judicata ruling. Now that the Second Circuit has determined that res judicata does not apply to the BP and Shell sites, the BP and Shell sites should be remanded for trial along with the other remanded sites.

Judge Carney, has temporarily stayed proceedings in anticipation that the BP and Shell sites will be remanded. *See* Axline Decl., Exs. 5 and 6. BP's and Shell's efforts to delay remand of their sites by re-litigating in this Court the very issues they just lost in the Second Circuit are entirely without merit. Even if BP and Shell had legitimate arguments, there is no reason that those arguments could not be heard and decided by Judge Carney in the Central District of California.

### A.   The Second Circuit Has Already Considered And Rejected BP's And Shell's Argument.

Nothing in the Second Circuit's opinion suggests that the Second Circuit intended to allow additional discovery and motion practice of res judicata. To the contrary, the Second Circuit unequivocally stated: "[w]e disagree with the district court's conclusion that the

4

District's suit against BP and Shell is barred by res judicata." *In re MTBE, supra*, 859 F.3d 178,

184 (2nd Cir. 2017). It specifically determined that "it is clear that the District and the OCDA

also have asserted interests in this case that diverge," *(In re MTBE, supra*, at 186) and cited,

California appellate opinions for the same proposition. *Ibid.*

As noted above, the centerpiece of BP's and Shell's argument to the Second Circuit was

that the District and the OCDA are both "agents of the State government." BP and Shell cite the

Second Circuit's statement that "the record before us does not establish that the District and

OCDA are agents of the same government" and disingenuously assert this reflects a "concern

expressed by the Second Circuit" regarding the record on this subject. Opp. Brief at 7. In the

very next sentence, however, the Second Circuit stated: "[T]his question [whether the District

and OCDA are agents of the same government] is not determinative." *In re  MTBE, supra*, at

186 (2nd Cir.) (emphasis added.). This is a conclusion, not a "concern."

There is, of course, a more reasonable explanation for the Second Circuit's references to

the "current record" and "further proceedings." As is evident from the opinion, the Second

Circuit was aware that other focus sites were awaiting trial in California, and that further

proceedings involving the BP and Shell sites could take place "either in the Southern District of

New York or after any return of this action to the Central District of California." *In re MTBE,

supra,* 859 F.3d at 184 (2nd Cir.). This fact fully explains the Second Circuit's use of the phrases

"current record" and "further proceedings."

Finally, BP and Shell point to the fact that the Second Circuit "did not address three other

orders issued by this Court that the District raised on appeal," and "plainly differentiated between

the res judicata issue . . . and the other orders . . ." Opp. Brief at 6.[3]  The Second Circuit's
explicit recognition that the claims against other defendants had been remanded to the Central
District of California for trial (859 F.3d at 181), however, and its statement that the three orders
"can also be addressed on remand, either in the Southern District of New York or after any return
of the action to the Central District of California (859 F.3d at 184), support a conclusion that
references to the "current record" and "further proceedings" were an acknowledgment that
further proceedings would likely take place in the Central District of California.

**B.    The Cases Cited By BP And Shell Are Not Applicable.**

The cases cited by BP and Shell, unlike the instant case, were in the preliminary stages of
litigation at the time of reversal and vacatur and the appellate courts in these cases gave specific
direction to reconsider the motion that was the subject of the appeal.

In *E-Pass Techs., Inc. v. 3Com Corp.*, 473 F.3d 1213, (Fed. Cir. 2007), for example, the
Court of Appeals directed the district court on remand to reconsider summary judgment under a
new definition of a key term, even noting that the evidence necessary to fully adjudicate a
summary judgment motion was not yet in the record. *Id.*, at 1218.  ["We could not have intended
to foreclose a summary judgment of noninfringement because the record did not yet contain the
evidence that the parties would put forward in support of their infringement and noninfringement
contentions under the proper construction."].

---

[3]  The Second Circuit found that it lacked "jurisdiction" to consider "the prior three
orders" raised by the District on appeal because they were not "adequately" certified by the Rule
54(b) order. *In re MTBE, supra*, at 184, 187-188 (2nd Cir.) ["The District asks that we review
the district court's prior orders dismissing some of its claims against all defendants.  We lack
jurisdiction to do so."].

In *U.S. ex rel. Oliver v. Philip Morris USA, Inc.*, 101 F.Supp.3d 111 ( D.D.C. 2015), the appellate court left it to the district court to consider new evidence the defendant had attempted to introduce on appeal. *Id.* at 119-120. The appellate court also specifically instructed the district court on remand to reconsider alternative arguments on the summary judgment motion: "The district court did not evaluate whether Oliver had stated a claim; *we remand for the district court to consider that question in the first instance*." *Id.* at 44 (emphasis added). There is no similar language or direction in the Second Circuit's opinion in the instant case.

In *U.S. Bancorp Mortg. Co. v. Bonner Mall P'Ship*, 513 U.S. 18 (1994), the Court addressed the need for a party to obtain "vacatur" in order to prevent an ultimately moot decision from having a "preclusive effect." *Id.* at 22. BP and Shell omit a critical part of the quotation they cite: "We explained that vacatur 'clears the path for future relitigation of the issues between the parties and eliminates a judgment, review of which was prevented through happenstance.'" *Id.* at 22–23 (underline indicates omitted portion).

BP and Shell also selectively quote from *Knuth v. Erie-Crawford Dairy Coop. Ass'n*, 395 F.2d 420 (3rd Cir. 1968) to give the inaccurate impression that vacatur is an invitation for the parties to refile motions in the district court. In the full quotation, the *Knuth* court states: "[w]e wish to make it perfectly clear that we were not finally deciding the 'class action' issue." *Id.* at 499 (emphasis added). There is no such conditional language in the Second Circuit's opinion here. In addition, *Knuth* involved a judgment arising from a motion to dismiss plaintiff's complaint so no substantive pleadings or even discovery had yet occurred below.

When an appellate court "vacates" rather than "reverses" a decision, that does not mean the losing party is automatically entitled to re-litigate the issues addressed in the appellate

opinion.  Courts have found, in fact, that "vacate" and "reverse" have the same legal effect.

> In the legal sense, [reverse] has been defined as: 'To overthrow, <u>vacate</u>, set aside, make void, annul, repeal, or revoke; as, to reverse a judgment, sentence or decree of a lower court by an appellate court, or to change to the contrary or to a former condition.  To reverse a judgment means to overthrow it by contrary decision, make it void, undo or annul it for error.' *Black's* at 1319.  [further citation omitted] 'Vacate' has been defined as: 'To annul; to set aside; to cancel stop or rescind.  To render an act void; as to vacate an entry of record, or a judgment.' *Black's* at 1548.

*United States v. Krilich*, 948 F. Supp. 719, 724 (N.D. Ill. 1996), aff'd, 126 F.3d 1035 (7th Cir.

1997).  The statute describing forms of appellate court decisions similarly does not distinguish

between vacatur and reversal.  28 U.S.C.A. § 2106 ["The Supreme Court or any other court of

appellate jurisdiction may affirm, modify, vacate, set aside or reverse any judgment, decree, or

order of a court lawfully brought before it for review, and may remand the cause and direct the

entry of such appropriate judgment, decree, or order, or require such further proceedings to be

had as may be just under the circumstances."].

### C.     BP And Shell Ignore Black Letter Law Concerning Reconsideration of Summary Judgment Motions.

Although BP and Shell argue that the Federal Rules of Civil Procedure permit them to

file a second motion for summary judgement on the res judicata issue (Opp. Brief at 9), BP and

Shell offer no new facts or circumstances that would warrant such a motion.  "[T]he Court

generally will grant a motion for reconsideration of an interlocutory order 'only when the movant

demonstrates (1) an intervening change in the law; (2) the discovery of new evidence not

previously available; or (3) a clear error of law in the first order.'" *Keystone Tobacco Co. v. U.S.

Tobacco Co.*, 217 F.R.D. 235, 237 (D.D.C. 2003) [quoting In re: Vitamins Antitrust Litigation,

2000 U.S. Dist. LEXIS 11350, at *18].  "To determine whether "justice requires" reconsideration

[under Rule 54(b)], a court may consider, among other possible grounds, whether "a controlling or significant change in the law or facts has occurred since the submission of the issue to the court." *Awan v. United States Dep't of Justice*, 46 F. Supp. 3d 90, 92 (D.D.C. 2014).

As demonstrated above, there is nothing "new" about the evidence submitted by BP and Shell with their opposition. BP and Shell have completely failed to meet their burden to establish a basis for reconsideration of the res judicata motion.

**D.      Further Motions Regarding Res Judicata, If Any, Can Be Considered By The Trial Court in the Central District of California.**

BP and Shell's assertion that only this Court can consider a renewed motion for summary judgment on the res judicata issue is incorrect for several reasons.

First, the Second Circuit stated that the orders which were the subject of the appeal could be "addressed on remand, <u>either</u> in the Southern District of New York <u>or</u> after any return of this action the Central District of California." *In re MTBE, supra*, 859 F.3d 178, 184 (2nd Cir. 2017) (emphasis added).

Second, Judge Carney has already authorized further dispositive motions prior to trial in this matter. Supp. Axline Decl., Ex. 7. Although BP and Shell argue that res judicata proceedings would be different than all other proceedings in the Central District of California because the res judicata issue has implications for non-trial sites (Opp. Brief at 11-12), <u>any</u> order issued on dispositive motions in the Central District will effect non-trial sites.

Judge Carney has already heard and adjudicated a number of motions that impact non-trial sites. Judge Carney, for example, denied a summary judgment motion on the scope of the District's claims and remedies. Supp. Axline Decl., Ex. 8. He also issued a substantive ruling on the admissibility under *Daubert* of testimony from a key expert for the District. Supp. Axline

Decl., Ex. 9.  He has considered and ruled upon fifteen motions *in limine* involving issues with case-wide implications.  In short, Judge Carney is very familiar with the issues in the case and has already made rulings which would apply case-wide.

Third, the issue of whether BP and Shell are protected by res judicata is not a "share[d] questions of fact . . . . arising out of allegations that defendants knew about and misrepresented the nature of MTBE resulting in drinking water contamination" which prompted the Judicial Panel on Multidistrict Litigation to transfer this action to the MDL Court in the first instance. Supp. Axline Decl., Ex. 10 at 2.

Indeed, the Second Circuit recognized that "California law governs our res judicata analysis." *In re MTBE, supra*, 859 F.3d 178, 184-185 (2nd Cir. 2017).  Judge Carney is in California.  As the Supreme Court has held, the multidistrict statute (28 U.S.C. § 1407) "not only authorizes the Panel to transfer for coordinated or consolidated pretrial proceedings, but obligates the Panel to remand any pending case to its originating court when, at the latest, those pretrial proceedings end." *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 27 (1998).

## IV.   CONCLUSION.

For the foregoing reasons, the District respectfully requests that the Court adopt the Proposed Suggestion of Remand attached to the District's Motion to Remand.

Dated: August 15, 2017                         Respectfully submitted,

MICHAEL D. AXLINE
TRACEY O'REILLY
Counsel for Orange County Water District

10

*In Re Methyl Tertiary Butyl Ether (MTBE) Products Liability Litigation:*
*Orange County Water District v. Unocal Corp., et al.*, Case No. 04 Civ. 4968

## PROOF OF SERVICE VIA LEXISNEXIS FILE AND SERVE

    I am a citizen of the United States and an employee in the County of Sacramento.  I am over the age of eighteen (18) years and not a party to this action.  My business address is Miller & Axline, 1050 Fulton Avenue, Suite, 100, Sacramento, California 95825.

    On the date executed below, I electronically served the document(s) via LexisNexis File & Serve, described below, on the recipients designated on the Transaction Receipt located on the LexisNexis File & Serve website:

**PLAINTIFF ORANGE COUNTY WATER DISTRICT'S REPLY IN SUPPORT OF MOTION TO REMAND PHASE 1 CLAIMS AGAINST DEFENDANTS TEXACO REFINING AND MARKETING, INC., EQUILON ENTERPRISES LLC, SHELL OIL COMPANY, D/B/A SHELL OIL PRODUCTS US, ATLANTIC RICHFIELD COMPANY, F/K/A ARCO PETROLEUM COMPANY, D/B/A ARCO PRODUCTS COMPANY A/K/A ARCO, BP PRODUCTS NORTH AMERICA, INC., BP WEST COAST LLC**

    I declare under penalty of perjury that true and correct copies of the above document(s) were served via LexisNexis File & Serve on August 15, 2017.

KATHY HERRON