UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

In Re: Methyl Tertiary Butyl Ether
("MTBE") Products Liability Litigation

This document relates to:

*Orange County Water District v. Unocal, et al.*, Case No. 04 Civ. 4968 (VSB)

-------------------------------------------------------------X

Master File No. 1:00-1898
MDL 1358 (VSB)
M21-88

**MEMORANDUM & OPINION**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/13/17

Appearances:

Michael D. Axline
Tracey O'Reilly
Miller, Axline & Sawyer
Sacramento, California
*Counsel for Plaintiff Orange County Water District*

Matthew T. Heartney
Arnold & Porter Kaye Scholer LLP
Los Angeles, California

Stephanie B. Weirick
Arnold & Porter Kaye Scholer LLP
Washington, D.C.
*Counsel for Defendants Atlantic Richfield Company, BP Products North America Inc., and BP West Coast Products LLC*

Peter C. Condron
Crowell & Moring LLP
Washington, D.C.
*Counsel for Defendants Shell Oil Company, Equilon Enterprises LLC, and Texaco Refining and Marketing Inc., n/k/a TMR Company*

VERNON S. BRODERICK, United States District Judge:

    Before me is Plaintiff's motion requesting that I issue a suggestion of remand to the Judicial Panel on Multidistrict Litigation (the "Panel") so that the remaining proceedings in this case can be remanded to the United States District Court for the Central District of California

(the "Transferor Court"). (Doc. 4460.) Because I find that all consolidated pretrial proceedings are complete, Plaintiff's motion is GRANTED.

I. **Factual Background and Procedural History**[1]

This consolidated multidistrict litigation ("MDL") relates to the alleged contamination of groundwater from various defendants' use of the gasoline additive methyl tertiary butyl ether ("MTBE") and/or tertiary butyl alcohol ("TBA"), a product formed by the breakdown of MTBE in water. *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liability Litig.*, MDL 1358 (SAS), 2015 WL 7758530, at *1 (S.D.N.Y. Dec. 1, 2015). In this case within the MDL, Plaintiff Orange County Water District ("Plaintiff" or "OCWD"), which is charged with maintaining groundwater quality in Orange County, California, alleges that the use and handling of MTBE by various of the defendants, including Atlantic Richfield Company, BP Products North America Inc., and BP West Coast Products LLC ("BP"), Shell Oil Company, Equilon Enterprises LLC, and Texaco Refining and Marketing Inc. ("Shell") (collectively, "Defendants"), contaminated, or threatens to contaminate, groundwater within its jurisdiction. *Id.* Familiarity with the underlying facts is presumed for the purposes of this Memorandum & Opinion.[2]

Earlier in this litigation, Judge Shira Scheindlin[3] entered an Order directing the parties to identify certain bellwether, or "focus" sites that could be remanded to the Transferor Court for trial. *See id.* at *2. The parties, including BP and Shell, negotiated a case management order (the "CMO") that identified focus sites, claims, and defendants to be tried at a Phase I "focus

---

[1] The following factual summary is presented for background purposes only; I make no findings of fact and reach no conclusions of law in Part I of my decision.

[2] For a thorough recitation of the background facts, see *In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liability Litig.*, 379 F. Supp. 2d 348, 364–67 (S.D.N.Y. 2005).

[3] Judge Scheindlin presided over this case before it was reassigned to me on May 16, 2016.

2

plume trial." (CMO 2.)[4] The CMO indicated that "[t]he parties have completed all discovery related to the stations previously identified by the parties as focus plume stations." (*Id.* at 1.) The CMO identified the final list of "stations and [d]efendants at each station against whom OCWD will assert causes of action at the focus plume trial and the causes of action that will be asserted." (*Id.* at 2.) Focus sites associated with BP and Shell were included in the CMO. (CMO Ex. A.)

Following the adoption of the CMO, all defendants were permitted to submit dispositive motions. On September 16, 2014, Judge Scheindlin granted summary judgment in favor of Defendants and dismissed all claims against them based on res judicata, finding that consent judgments entered into in 2002 and 2005 between BP and Shell, respectively, and the Orange County District Attorney ("OCDA") barred OCWD's claims in this action.[5] *See In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liability Litig.*, MDL No. 1358 (SAS), 46 F. Supp. 3d 440 (S.D.N.Y. 2014). On December 1, 2015, Judge Scheindlin granted partial final judgment to Defendants pursuant to Federal Rule of Civil Procedure 54(b), *see MTBE Products Liability Litigation*, 2015 WL 7758530, at * 1, and OCWD appealed that judgment and the summary judgment decision to the Second Circuit Court of Appeals on December 3, 2015. On June 12, 2017, the Second Circuit vacated the res judicata decision and the Rule 54(b) partial judgment and remanded OCWD's action against BP and Shell to the Southern District of New York "for further proceedings consistent with [its] opinion." *See In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liability Litig.*, 859 F.3d 178, 188 (2d Cir. 2017) (the "Second Circuit

---

[4] "CMO" refers to Case Management Order #116, entered by this Court on July 15, 2014. (Doc. 4034.)

[5] On September 29, 2015, Judge Scheindlin issued a suggestion of remand with respect to all other Phase I defendants, noting that "the consolidated pretrial proceedings have run their course with respect to the claims related to the focus plume sites." (Doc. 4267.)

3

Decision").

## II. Legal Standard

The ultimate authority for remanding an action transferred for multidistrict litigation lies with the Panel itself. *See* 28 U.S.C. § 1407(a). Typically, the process is initiated when a transferee court recommends remand of an action to the transferor court by filing a suggestion of remand with the Panel. R.P.J.P.M.L. 10.1(b). While the Panel is generally "reluctant to order a remand absent the suggestion of the transferee judge," *id.* at 10.3(a), the Panel may also remand an action upon its own initiative or motion of any party, *id.* at 10.1(b). "In considering the question of remand, the Panel has consistently given great weight to the transferee judge's determination that remand of a particular action at a particular time is appropriate because the transferee judge, after all, supervises the day-to-day pretrial proceedings." *In re Baseball Bat Antitrust Litig.*, 112 F. Supp. 2d 1175, 1177 (J.P.M.L. 2000) (quoting *In re Holiday Magic Sec. & Antitrust Litig.*, 433 F. Supp. 1125, 1126 (J.P.M.L. 1977)); *see also In re Brand-Name Prescription Drugs Antitrust Litig.*, 264 F. Supp. 2d 1372, 1376 (J.P.M.L. 2003) ("A transferee judge's suggestion of remand to the Panel is an obvious indication that he has concluded that the game no longer is worth the candle (and, therefore, that he perceives his role under section 1407 to have ended)."). "In determining whether to issue a suggestion of remand to the Panel, the Court is guided by the standards for remand employed by the Panel." *In re State St. Bank & Tr. Co. Fixed Income Funds Inv. Litig.*, No. 08 Civ. 5440(RJH), 2011 WL 1046162, at *3–4 (S.D.N.Y. Mar. 22, 2011) (internal quotation marks omitted).

If "pretrial proceedings have run their course," the Panel is obligated to remand any pending cases to their originating courts, an obligation that is "impervious to judicial discretion." *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 34–35 (1997); *see also* 28

4

U.S.C. § 1407(a) (any action "transferred [to a multidistrict litigation] shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred"). When "everything that remains to be done is case-specific," it does not necessarily mean that "consolidated proceedings have concluded"; nevertheless, "the Panel has the discretion to remand a case" at this point. *In re Patenaude,* 210 F.3d 135, 145 (3d Cir. 2000); *see also In re FedEx Ground Package Sys., Inc. Emp't Practices Litig.,* No. 3:05-MD-527 RM, 2010 WL 415285, at *2 (N.D. Ind. Jan. 22, 2010) ("The plain language of section 1407 accords the Panel discretion to remand cases before the conclusion of pretrial proceedings, and courts routinely have read the statute in that flexible fashion." (quoting *In re Brand-Name Prescription Drugs Antitrust Litig.,* 264 F. Supp. 2d at 1375)). This is because "[i]t is not contemplated that a Section 1407 transferee judge will necessarily complete all pretrial proceedings in all actions transferred and assigned to him by the Panel, but rather that the transferee judge . . . will conduct the common pretrial proceedings . . . and any additional pretrial proceedings as he deems otherwise appropriate." *In re Evergreen Valley Project Litig.,* 435 F. Supp. 923, 924 (J.P.M.L. 1977); *see also In re Wilson,* 451 F.3d 161, 170 (3d Cir. 2006) ("[T]he test is not whether proceedings on issues common to all cases have concluded; it is whether the issues overlap, either with MDL cases that have already concluded or those currently pending.").

"The Court's discretion to suggest remand generally turns on the question of whether the case will benefit from further coordinated proceedings as part of the MDL." *In re Merrill Lynch Auction Rate Sec. Litig.,* No. 09 MD 2030(LAP), 2010 WL 2541227, at *2 (S.D.N.Y. June 11, 2010) (internal quotation marks omitted). "The transferee court should consider when remand will best serve the expeditious disposition of the litigation." Manual for Complex Litigation (Fourth) § 20.133 (2017). "Because the purpose of multidistrict litigation is for the convenience

5

of the parties and witnesses and to promote the just and efficient conduct of the cases, the decision of whether to suggest remand should be guided in large part by whether one option is more likely to insure the maximum efficiency for all parties and the judiciary." *In re State St. Bank & Tr. Co. Fixed Income Funds Inv. Litig.*, 2011 WL 1046162, at *3–4 (internal quotation marks omitted).

### III. Discussion

OCWD requests that I issue a suggestion of remand because (1) all consolidated pretrial proceedings have been completed, (2) BP and Shell should not be permitted to re-file their summary judgment motion based on a claim of res judicata, and (3) any further motions or proceedings should be conducted in the Central District of California to avoid further delay. (*See* Pl.'s Mem. 4–9.)[6] Defendants contend that they are entitled to further develop the record regarding the issue of privity between OCWD and the OCDA related to their claim of res judicata before OCWD's claims are remanded to the Transferor Court. (Defs.' Opp. 1–3.)[7]

Consolidated pretrial proceedings in this matter are complete making remand to the Transferor Court appropriate. In the CMO, Judge Scheindlin determined that "[t]he parties have completed all discovery related to the stations previously identified by the parties as focus plume stations," including those affiliated with BP and Shell. (CMO 1.) The Suggestion to Remand the claims pertaining to all defendants other than BP and Shell noted that "the consolidated pretrial proceedings have run their course with respect to the claims related to the focus plume sites." (Doc. 4267.) The Panel adopted the suggestion and remanded the Phase I claims against

---

[6] "Pl.'s Mem." refers to Plaintiff Orange County Water District's Motion to Remand Phase 1 Claims Against Defendants Texaco Refining and Marketing, Inc., Equilon Enterprises LLC, Shell Oil Company, D/B/A Shell Oil Products US, Atlantic Richfield Company, F/K/A ARCO Petroleum Company, D/B/A ARCO Products Company A/K/A ARCO, BP Products North America, Inc., BP West Coast LLC. (Doc. 4460.)

[7] "Defs.' Opp." refers to Defendants' Opposition to Plaintiff Orange County Water District's Motion to Remand Phase I Claims and Request for a Scheduling Order. (Doc. 4462.)

all other defendants to the Transferor Court. (MDL No. 1358, Doc. 461.) Prior to the Second Circuit appeal, Judge Scheindlin once more acknowledged that "all that is left to decide before remanding this case to the Central District of California for trial is OCWD's instant motion." *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liability Litig.*, MDL No. 1358(SAS), 2015 WL 5051660, at *1 (S.D.N.Y. Aug. 26, 2015). In addition, in the Rule 54(b) Judgment, Judge Scheindlin explicitly acknowledged that "[i]f the Second Circuit determines that this Court's res judicata Opinions are in error, the Judgment Defendants will be reinstated, and the California district court will likely have to hold a second trial." *In re MTBE Prods. Liability Litig.*, 2015 WL 7758530, at *3. Defendants have not put forth any persuasive arguments that would justify disregarding Judge Scheindlin's pronouncements that, with the exception of OCWD's then pending motion requesting that Judge Scheindlin include the Defendants in her remand order on the theory that her res judicata opinion did not bar claims for continuing nuisance, all discovery and pretrial proceedings had been concluded. Indeed, I find no error in her logic and conclusions at the time she made the finding and Defendants' arguments do not alter that view.

As an initial matter, nothing on the face of the Second Circuit Decision indicates that the record should be further developed prior to remand. In fact, the Second Circuit unequivocally stated that "[w]e disagree with the district court's conclusion that [OCWD's] suit against BP and Shell is barred by res judicata." *In re MTBE Prods. Liability Litig.*, 859 F.3d at 184. As support for its conclusion, the Second Circuit cited *Orange County Water District v. Arnold Engineering Company*, 196 Cal. App. 4th 1110 (Cal. Ct. App. 2011), as lending "significant support to [OCWD's] argument that it does have interests distinct from those of the public or those of the OCDA." *In re MTBE Prods. Liability Litig.*, 859 F.3d at 186. In considering whether the interests of OCWD and the public were aligned for purposes of privity, the Second Circuit

found, among other things, that (1) "the OCDA [was] not empowered to bring lawsuits on [OCWD's] behalf" and vise versa, (2) nothing in the record indicated that the OCDA shared in OCWD's "distinct right to recover its costs to investigate and remediate groundwater contamination," and (3) the OCDA did not adequately protect OCWD's interests. *Id.* at 186–87. The Second Circuit held that the reasoning in *Orange County Water District*, 196 Cal. App. 4th 1110, and the factors that demonstrated that the interests of OCWD and the public were not aligned, prevented a finding of privity. *In re MTBE Prods. Liability Litig.*, 859 F.3d at 187. Ultimately, the Second Circuit stated that "we vacate the district court's grant of summary judgment on res judicata grounds and remand [OCWD's] action against BP and Shell to the Southern District of New York for further proceedings consistent with this opinion."[8] *Id.* at 188.

The Second Circuit has repeatedly demonstrated its ability to provide explicit direction when it believes that further development of the record is necessary. *See, e.g., Myers v. Patterson*, 819 F.3d 625, 628 (2d Cir. 2016) (finding that on the current record the court could not affirm the district court's summary judgment ruling and vacating and remanding "for further expansion of the record"); *Jones v. City of New York*, 603 F. App'x 13, 14–15 (2d Cir. 2015) (summary order) (noting that "[i]n our view, the record should be further developed . . . before addressing the question of whether a material issue of fact remains" and vacating and remanding for further proceedings "consistent with this order"); *MacDonald v. Safir*, 206 F.3d 183, 190–91 (2d Cir. 2000) (opining that the record was not adequately developed to support the district court's ruling and stating that "[t]he basis for our remand is that there is not enough evidence in

---

[8] Defendants assert that because the Second Circuit stated numerous times that it was ruling "based on the record before us," further development of the record was anticipated by that court. (Defs.' Opp. 4.) I disagree based upon the Circuit's discussion of the privity issue outlined above, and decline to assume, without explicit direction, that the Second Circuit intended that the record be further developed here. The Second Circuit merely "remanded for further proceedings." Such proceedings would, of course, include a finding that consolidated pretrial proceedings have run their course and that a suggestion of remand is appropriate.

the record"). Here, the Second Circuit provided no indication that the record should be more fully developed; indeed, as discussed above, the decision itself suggests otherwise.[9]

The cases cited by Defendants in support of their position are inapposite and unpersuasive. Those cases, unlike this one, were in the preliminary stages of litigation at the time of reversal and vacatur and the appellate courts gave specific direction to the lower courts to reconsider the motions and facts at issue. *See E-Pass Techs., Inc. v. 3Com Corp.*, 473 F.3d 1213, 1218 (Fed. Cir. 2007) (appellate court explained that, in previous remand, it instructed district court to reconsider summary judgment under an alternative interpretation of a key term, and that the record did not yet contain the evidence necessary to resolve a summary judgment dispute); *U.S. ex rel. Oliver v. Philip Morris USA, Inc.*, 763 F.3d 36, 44 (D.C. Cir. 2014) (appellate court vacated grant of motion to dismiss for lack of subject matter jurisdiction and instructed district court to reconsider alternative arguments and evidence on remand); *Knuth v. Erie-Crawford Dairy Coop. Ass'n*, 395 F.2d 420, 429 (3d Cir. 1968) (on petition for rehearing en banc regarding vacatur and reversal of district court's grant of motion to dismiss, appellate court reaffirmed that it was not finally deciding specific issue but rather was directing the district court to do so). In the present case, the record was fully developed and the Second Circuit provided no language directing or suggesting that this Court reopen discovery or revisit the res judicata issue.

Finally, there is no reason to retain the focus site claims involving Defendants in this Court while the focus site claims against the remaining defendants are being scheduled for trial in the Transferor Court. Moreover, while this Court sees no basis for Defendants to re-file a

---

[9] I note, as did the Second Circuit, that BP and Shell settled the claims brought by the OCDA in 2002 and 2005; therefore, they had nearly a decade to conduct discovery and develop the record with regard to their res judicata theory. The Defendants have not provided a reason for their failure to develop the record in the intervening years or a compelling reason to reopen discovery.

summary judgment motion or further develop the record regarding their res judicata claim, any attempt to do so could be filed in the Transferor Court.[10] Indeed, Judge Carney, who is presiding over the matter in the Transferor Court, has permitted other remanded parties to update the record with information developed subsequent to discovery cut offs, and to file any necessary motions based upon such information. (*See, e.g.*, 8:03-cv-01742 (C.D. Cal.), Doc. 253.)

### IV. Conclusion

For the foregoing reasons, Plaintiff's motion is GRANTED. The Clerk of Court is respectfully directed to terminate the pending motion at Doc. 4460. A suggestion of remand accompanies this Memorandum & Opinion.

SO ORDERED.

Dated: November 13, 2017
New York, New York

Vernon S. Broderick
United States District Judge

---

[10] In addition to the summary judgment ruling, OCWD appealed three other orders to the Second Circuit. *In re MTBE Prods. Liability Litig.*, 859 F.3d at 184. Because Judge Scheindlin's Rule 54(b) Order did not certify the prior three orders for appeal, the Second Circuit found that it lacked jurisdiction to review them. *Id.* I agree with the Second Circuit that any future disputes pertaining to those orders can be addressed in the Central District of California. *See id.*