UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| IN RE METHYL TERTIARY BUTYL ETHER ("MTBE") PRODUCTS LIABILITY LITIGATION :<br><br>This document relates to: :<br><br>New Jersey Department of Environmental Protection, et al. v. Atlantic Richfield Co., et al., :<br> : | Master File No. 1:00-1898<br>MDL 1358 (VSB)<br>Civil Action No. 08-Civ. 00312<br><br>STIPULATION RELATED TO SETTLEMENT as to BP AMERICA INC., BP AMOCO CHEMICAL COMPANY, BP CORPORATION NORTH AMERICA INC. (f/k/a BP AMOCO CORPORATION), BP PRODUCTS NORTH AMERICA INC., AND ATLANTIC RICHFIELD COMPANY ONLY |

---

VERNON S. BRODERICK, U.S.D.J.:

WHEREAS Plaintiffs and defendants BP America Inc., BP Amoco Chemical Company, BP Corporation North America Inc. (f/k/a BP Amoco Corporation), BP Products North America Inc., and Atlantic Richfield Company (collectively, "the BP Defendants") entered into a settlement agreement (the "BP Settlement") that is being submitted to this Court for approval; and

WHEREAS certain non-settling defendants have previously objected to the settlement in this case between defendant CITGO Petroleum Corporation and Plaintiffs; and

WHEREAS the Court denied the motion to approve the settlement between CITGO Petroleum Corporation and Plaintiffs;

THEREFORE, in response to the Court's decision and the previous objections of the non-settling defendants, Plaintiffs stipulate and agree as follows:

1. Plaintiffs agree to reduce any judgment, and if necessary, agree not to seek to collect or to collect in this litigation, captioned *New Jersey Department of Environmental Protection v. Atlantic Richfield Co.*, MDL 1358, 08 Civ. 00312 (S.D.N.Y.), or in any subsequent judicial, administrative or other action that arises as a result of the claims asserted in this litigation, any portion of any judgment under the New Jersey Spill Compensation and Control Act, N.J.S.A. 58:10-23.11 to -23.24 ("Spill Act"), that is allocated by the fact finder in this action to the BP Defendants based on their percentage of relative fault. Plaintiffs further agree that in any trial of this action, the trier of fact shall determine the BP Defendants' percentage of relative fault for Spill Act claims in the same manner and in the same form of trial verdict as for common law claims and as for all other defendants, as if the BP Defendants had remained a non-settling defendant.

2. Except as provided in paragraph 1 above, this Stipulation is strictly limited to the BP Settlement in this litigation and in no other way limits or reduces the liability of any responsible party.

3. This Stipulation is expressly contingent and effective only upon the approval by the Court of the BP Settlement.

COHN LIFLAND PEARLMAN
HERRMANN & KNOPF LLP

Special Counsel to the
Attorney General

BY: _____
Leonard Z. Kaufmann,
A Member of the Firm
DATE: 12-11-17

CHRISTOPHER S. PORRINO
ATTORNEY GENERAL OF NEW JERSEY

BY: _____
Gwen Farley,
Deputy Attorney General
DATE: 12-11-17

SO ORDERED:

_____
Vernon S. Broderick   12/22/2017
United States District Judge