Law Offices of

# MILLER & AXLINE

A Professional Corporation

DUANE C. MILLER                                    TRACEY L. O'REILLY
MICHAEL AXLINE                                     DANIEL BOONE
                                                   JUSTIN MASSEY
**APPLICATION GRANTED**                            BARNHART
**SO ORDERED** *[signature]*                       BLUM
**VERNON S. BRODERICK**                            MCGINLEY HAN
**U.S.D.J.** 12/20/2017

It is hereby ORDERED that this discovery dispute is referred

VIA ECF AND FEDEX                    to Chief Magistrate Judge Freeman.

The Honorable Vernon S. Broderick
United States District Court, Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007


Re: *In re Methyl Tertiary Butyl Ether (MTBE) Products Liability Litigation*, MDL 1358,
Master File C.A. No. 1:00-1898 (SAS), M21-88
This Document Relates to: *The Commonwealth of Pennsylvania v. Exxon Mobil Corp., et
al.*, Case No.: 14-Civ-06228
**Plaintiff's Request for Referral of Discovery Dispute to Magistrate**


Dear Judge Broderick:

Plaintiff Commonwealth of Pennsylvania ("Commonwealth") respectfully submits this
request for a referral of the Commonwealth's Motion for Protective Order to Chief Magistrate
Judge Freeman.   On December 7, 2017, the Court referred defendants' discovery motion
concerning Electronically Stored Information to Judge Freeman, and the Commonwealth would
request that its discovery motion also be referred as the two motions are related.

As stated in the Commonwealth's attached Motion for Protective Order (Ex. 1), defendants
have declared their intention to take more than 300 depositions of current and past Commonwealth
employees in a vast array of departments at a rate of 96 per year.   (Ex. 1 at p. 2.)   This is three
times more depositions of a plaintiff than defendants have taken in any other MTBE case over the
past 17 years.   Defendants refuse to provide any justification why the Commonwealth should bear
such a disproportionate discovery burden, or why in fact so many depositions are necessary.

The Commonwealth has already produced approximately 35 witnesses to date, nearly half
of the plaintiff witnesses ever deposed by defendants in any MTBE case.   Many of these
witnesses have had marginal involvement in MTBE.   The same is true for a large number of the
witnesses on defendants' future deposition lists.   In the meantime, no witnesses have been
produced by defendants in response to the Commonwealth's Pennsylvania specific deposition

The Honorable Vernon S. Broderick
December 7, 2017
Page 2

notices.   Indeed, defendants have produced very little beyond the readily available electronic data required by Case Management Order #119, and many have refused to produce Electronically Stored Information.

It is critical that the Commonwealth's discovery disputes also be referred to Judge Freeman so that the Chief Magistrate can understand the full scope of the problem and the nature of the discovery disputes between the parties.   The Commonwealth, therefore, respectfully requests that its attached Motion for Protective Order also be referred to Judge Freeman.

Respectfully submitted,

Tracey L. O'Reilly
Counsel for the Commonwealth

cc: All Counsel (via LNFS)

# EXHIBIT 1

Law Offices of

# MILLER & AXLINE

A Professional Corporation

DUANE C. MILLER
MICHAEL AXLINE

TRACEY L. O'REILLY
DANIEL BOONE
JUSTIN MASSEY
BRYAN BARNHART
DAVE E. BLUM
MOLLY MCGINLEY HAN

October 11, 2016

VIA ECF

The Honorable Vernon S. Broderick
United States District Court, Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

> Re: *In re Methyl Tertiary Butyl Ether (MTBE) Products Liability Litigation*, MDL 1358,
> Master File C.A. No. 1:00-1898 (SAS), M21-88
> This Document Relates to: *The Commonwealth of Pennsylvania v. Exxon Mobil Corp., et al.*, Case No.: 14-Civ-06228
> **Plaintiff's Motion for Protective Order re Individual Deposition Notices**

Dear Judge Broderick:

Pursuant to Local Rule 37 and Your Honor's Individual Rule 3, plaintiff Commonwealth of Pennsylvania ("Commonwealth") respectfully submits this letter regarding deposition scheduling. As Counsel was preparing this letter we received defendants' letter of today's date raising their own views of deposition scheduling, along with two additional issues. This letter addresses the deposition scheduling issue only and joins in defendants' request for a conference on that topic. Pursuant to Rule 3 the Commonwealth will respond to the additional issues raised by defendants' letter within the next three days.

Currently, no defendant has filed an answer in this case, site specific discovery has not been authorized, the parties have not agreed to a discovery plan, and there are no case management deadlines in place. Defendants, nonetheless, insist that the Commonwealth must produce eight witnesses for deposition each month, and have been noticing in particular individual witnesses associated with the Department of Environmental Protection ("DEP"). Since June 2016, defendants have served twenty-nine deposition notices for various current and former DEP personnel, and intend to serve thirteen more for a total of at least forty-two individual depositions before the end of 2016. Since no answers have been filed and it is still relatively early in the discovery process, the volume and pace of defendants' depositions of the Commonwealth's public servants is entirely unwarranted. The substance of the depositions to date, moreover, indicates more of an interest in box-checking numbers of witnesses deposed than in co-operatively arranging for discovery of information truly relevant to the case.

The Honorable Vernon S. Broderick
Page 2
October 11, 2016

     Defendants' deposition notices are premature, contain overly broad document requests, and are not calculated to lead to relevant evidence. Defendants have not meaningfully met and conferred regarding the number and scope of these depositions, but have bombarded the Commonwealth with deposition notices and follow-up document demands.

### 1.      Defendants Deposition Notices Are Unfocused & Premature

     Defendants demanded that the last Case Management Order include a provision allowing them to take up to eight depositions per month. (Case Management Order #121.) The Commonwealth did not oppose this request on the understanding that "eight-per-month" would be a ceiling, not a floor. Defense counsel, however, recently proclaimed that "we must remain slaves to the "eight per month" plan or we'll fall behind and never be able to catch up." (Ex. 1, Oct. 4, 2016, Email from J. Pardo to T. Wren.) CMO # 121, however, does not require the parties to take eight depositions a month, it allows the parties to take eight depositions a month. If defendants are going to interpret this as a requirement, the Commonwealth respectfully requests that the CMO be updated in light of the actual needs and events in the case.

     No discovery cut-off has been set in this case, and no case managements deadlines have been imposed. Defendants insistence that they must complete eight depositions a month of Commonwealth witnesses, ninety-six per year, is not credible under these circumstances. Defendants' statements suggest that instead of seeking relevant discovery, defendants are merely trying to generate activity. Defendants have not claimed the need to take 96 depositions per year in any other MTBE matter to date.

     The notices served to date by defendants, moreover, suggest that defendants are either on a fishing expedition or are bent on punishing DEP for having filed this lawsuit. Defendants, for example, served deposition notices for at least five different individuals who have worked, or are currently working, in DEP's air quality division and for at least six different individuals who have worked, or are currently working, in DEP's water quality division. Defendants also sought depositions of individuals working in the Solid Waste and Oil & Gas divisions of DEP, neither of which oversee gasoline station releases. At the recent deposition of Kathleen Horvath defense counsel ended up truncating the deposition because he mistakenly believed that Ms. Horvath was involved with the underground storage tank program. (Ex. 2, Horvath Dep. (Sept. 20, 2016) at 47:7-13.)

     It simply is not credible that defendants need to depose so many individuals from within DEP, particularly since site-specific discovery has not yet been authorized and the overall approach to the case has not been determined. Defendants certainly do not need to depose every single witness who every worked on a gasoline station release site in DEP. Defendants should be required to narrow the focus of depositions to those that need to be taken now, with the understanding that further depositions can be scheduled once this matter moves to the next stage.

The Honorable Vernon S. Broderick
Page 3
October 11, 2016

**2.    Defendants Document Requests Are Overly Broad**

The deposition notices served by defendants broadly demand documents well beyond the possession and control of the individual witness. Defendants even ask each deponent to review all eighty-eight prior document requests served on the Commonwealth and produce any documents which might be responsive to those requests, notwithstanding an objections that the Commonwealth has interposed to those requests. The requests are worded so broadly that nearly every document which mentions MTBE or which the witness might recall in a deposition would be subject to production. In short, the overly broad nature of the document requests means that defendants can interpret them to require production of anything they want.

The Commonwealth sought to meet and confer with defendants concerning the breadth of these requests and reach agreement on the scope of the responsive search required. (Ex. 3, July 22, 2016, Letter from T. O'Reilly to A. Bongiorno.) Defendants, however, have simply proceeded with the depositions and then demanded that the depositions be held open for follow-up document production. In effect, defendants are utilizing the deposition notices as a stalking horse to conduct document discovery rather than meeting and conferring with the Commonwealth on the scope of prior productions. The Commonwealth has met and conferred extensively with defendants on the scope of document production in response to prior discovery requests, and has, to date, produced 829,265 documents (11,771,242 pages), including numerous documents in electronic format.

Unless the scope of the document requests are reasonably curtailed and depositions are postponed until document production disputes are resolved, defendants will seek endless depositions of each witness on the pretense that the Commonwealth has not produced every single document defendants contend is responsive.

**3.    Conclusion.**

The Commonwealth respectfully seeks the Court's assistance to regulate this aspect of discovery. Specifically, the Commonwealth requests that the Court: (1) require defendants to meet and confer with the Commonwealth on an agreed upon limit to the scope of document requests, and (2) postpone further depositions until January 2017 to allow the parties to reach agreement on the scope of discovery in this case.

Respectfully submitted,

Tracey L. O'Reilly
Counsel for the Commonwealth

cc: All Counsel (via LNFS)

# Exhibit 1

| From: | Pardo, James |
|---|---|
| To: | Tyler Wren |
| Subject: | RE: Eberle, Gorog |
| Date: | Tuesday, October 4, 2016 4:40:59 PM |

Tyler – To be clear, I will extend this courtesy. That is not an issue – I will make it happen, regardless of whether you agree to my requests.

I am simply asking that you please push the production of materials. We typically have been receiving them less than 24 hours before the deposition, which really is unfair. With this adjournment, I am asking that you do your level best to stick with whatever production "schedule" you had in mind for the 13th and 14th and get us the documents on that schedule. If not Thursday, then Friday or Monday. I just don't want to be getting them a day or two before the deposition – that should not happen in any situation, but certainly not with an adjournment situation.

I will continue to push for the three other deponents because, while I know the Commonwealth has given us a substantial number so far, even more remain to be taken and we must remain slaves to the "eight per month" plan or we'll fall behind and never be able to catch up. I will push this issue, though, with someone else.

- Jim

**From:** Tyler Wren [mailto:twren@bm.net]
**Sent:** Tuesday, October 04, 2016 4:26 PM
**To:** Pardo, James
**Subject:** RE: Eberle, Gorog

Thanks for your understanding as to my situation.

As to the documents, I can assure you I am actively using my best efforts to assemble them and will produce them as soon as possible.

As to providing dates for three additional depositions in October, we are not prepared to do that at this point. As you know, the Commonwealth has already produced a number of witnesses for deposition and scheduled another substantial group of witnesses for later this month.

My request to move the depositions for one week is due to a personal conflict as we discussed. This is the first time we have asked to reschedule confirmed depositions. This is a matter of professional courtesy and I would expect your agreement to not be conditional.

Again, thanks.

Tyler Wren
**Berger&Montague,P.C.**

Exhibit 2

Kathleen G. Horvath, P.G.

1        UNITED STATES DISTRICT COURT
2        SOUTHERN DISTRICT OF NEW YORK
3                 -    -    -
4

        IN RE: METHYL TERTIARY  :   Master File
5       BUTYL ETHER ("MTBE")    :   No. 1:00-1898
        PRODUCTS LIABILITY       :   (SAS)
6       LITIGATION               :
                                 :
7       This Document Relates    :   MDL 1358
        to:                      :
8                                :
        Commonwealth of          :
9       Pennsylvania, etc. v.    :   Case No.
        Exxon Mobil              :   14-cv-06228
10      Corporation, et al.      :
11                 -    -    -
12           September 20, 2016
13                 -    -    -
14              Videotape deposition of
        KATHLEEN G. HORVATH, P.G., taken pursuant
        to notice, was held at the Crowne Plaza
15      Hotel, Grand Ballroom D, 23 South 2nd
        Street, Harrisburg, Pennsylvania,
16      beginning at 9:32 a.m., on the above
        date, before Kimberly A. Cahill, a
17      Federally Approved Registered Merit
        Reporter and Notary Public for the
18      Commonwealth of Pennsylvania.
19

                 -    -    -

20
21          GOLKOW TECHNOLOGIES, INC.
        877.370.3377 ph | 917.591.5672 fax
22              deps@golkow.com
23
24

Kathleen G. Horvath, P.G.

1          MR. BONGIORNO:  Folks on the

2     phone, we're hearing some sort of

3     music.  Can someone mute that?

4          I think they just did, thank

5     you.

6          (Pause.)

7          MR. BONGIORNO:  Let's take a

8     very short break.  I want to

9     reorganize now that I understand

10    that you don't focus on the tank

11    program, and this will actually

12    save us some time if you give me

13    five minutes.

14          MS. O'REILLY:  Absolutely.

15          MR. BONGIORNO:  Thank you.

16          THE VIDEO TECHNICIAN:  The

17    time is now 10:11 and we are going

18    off camera.

19          (A recess was taken from

20    10:11 a.m. to 10:23 a.m.)

21          THE VIDEO TECHNICIAN:  The

22    time is now 10:23 and we are back

23    on camera.

24          MR. BONGIORNO:  Thank you,

Kathleen G. Horvath, P.G.

```
 1
 2                    CERTIFICATE
 3
 4
 5          I HEREBY CERTIFY that the
       witness was duly sworn by me and that the
 6     deposition is a true record of the
       testimony given by the witness.
 7
            It was requested before
 8     completion of the deposition that the
       witness, KATHLEEN G. HORVATH, P.G., have
 9     the opportunity to read and sign the
       deposition transcript.
10
11
12
13     _____
       KIMBERLY A. CAHILL, a
14     Federally Approved Registered
       Merit Reporter and Notary Public
15     Dated:  September 22, 2016
16
17          (The foregoing certification
18     of this transcript does not apply to any
19     reproduction of the same by any means,
20     unless under the direct control and/or
21     supervision of the certifying reporter.)
22
23
24
```

Exhibit 3

Law Offices of

# MILLER & AXLINE

A Professional Corporation

DUANE C. MILLER
MICHAEL AXLINE

TRACEY L. O'REILLY
DANIEL BOONE
JUSTIN MASSEY
BRYAN BARNHART
DAVE E. BLUM
MOLLY MCGINLEY HAN

July 22, 2016

VIA U.S. MAIL AND LNFS

Anthony A. Bongiorno
McDermott Will & Emery
28 State Street
Boston, Massachusetts 02109

Re: *Commonwealth of Pennsylvania v. Exxon Mobil Corp., et al.*
Case No. 1:14-cv-06228-SAS
**Defendants' Deposition Notices to Department of Environmental Protection Personnel**

Dear Mr. Bongiorno:

I am writing on behalf of the Commonwealth of Pennsylvania (the "Commonwealth") to further meet and confer concerning the June 24, 2016, notices of deposition issued by various defendants for the following personnel associated with the Department of Environmental Protection (DEP): Thomas Canigiani, Robert Day-Lewis, Don Hegburg, Kathleen Horvath, Kathy Nagle, Eric Supey, Edward Tocci, and Brad Vanderhoof. I am also writing to confirm our understanding of the parties telephonic conference yesterday regarding the scope of the document requests contained in the individual deposition notices.

As we stated during the call yesterday, the document requests are worded so broadly that it could potentially require each witness to search all files within their regional DEP office. This would not only be unduly burdensome and unmanageable, but it would also be highly wasteful as it would result in identical searches being conducted by multiple witnesses, as well as duplicative of prior searches conducted in response to defendants' prior discovery requests.

Such a broad search could not, most certainly, be completed in thirty days. It has been, in fact, the practice in this matter to allow the parties sometimes as much as sixty or more days to complete document searches in response to such broad requests. As we discussed, therefore,

1050 Fulton Avenue, Suite 100, Sacramento, CA 95825-4225; Telephone: (916) 488-6688
Facsimile: (916) 488-4288; Email: toxictorts@toxictorts.org

Anthony A. Bongiorno
Page 2
July 22, 2016

with respect to collecting and producing documents in response to these deposition notices, witnesses will be asked to search their personal office and files for responsive information.

We also noted during our call that the parties, both the Commonwealth and defendants, are in the process of comprehensively gathering and producing Electronically Stored Information (ESI). In my prior letter concerning ESI, we noted that the Commonwealth had already produced a substantial amount of ESI in response to prior discovery requests, but we anticipate that the formal ESI process will be more comprehensive. (*See* July 13, 2016, Letter from T. O'Reilly to S. Geppert.) Again, given the overly broad nature of the requests, it is simply not possible to collect and review all ESI from each and every witness in thirty days. We will, nonetheless, make a reasonable effort to collect some ESI from these witnesses within the time frame requested by defendants.

As Mr. Miller advised you yesterday, based on the circumstances explained above, additional ESI and documents may be produced after the depositions are completed, and it will be the Commonwealth's position that defendants will not be entitled to second day of deposition solely on the grounds that additional ESI or documents were produced after the deposition.

The depositions of Eric Supey, Robert Day-Lewis, and Thomas Canigiani are confirmed for Thursday, July 28, Wednesday, August 3, and Thursday, August 4, respectively. We anticipate offering additional deposition dates early next week for the other witnesses.

Sincerely,

Tracey L. O'Reilly

cc: All Counsel (via LNFS)

## PROOF OF SERVICE VIA FILE & SERVEXPRESS

*Commonwealth of Pennsylvania* v. *Exxon Mobil Corporation, et al.,*
United States District Court, Southern District of New York Case No. 14-cv-06228

     I, the undersigned, declare that I am, and was at the time of service of the paper(s) herein referred to, over the age of 18 years and not a party to this action. My business address is 1050 Fulton Avenue, Suite 100, Sacramento, CA 95825-4225.

     On the date below, I served the following document on all counsel in this action electronically through File & Serve:

**PLAINTIFF'S MOTION FOR PROTECTIVE ORDER RE INDIVIDUAL DEPOSITION NOTICES**

     I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

     Executed on October 11, 2016, at Sacramento, California.

KAITLYN SHERER