# EXHIBIT 1

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement And Release ("Settlement and Release") is made between Orange County Water District (the "District"), on the one hand, and ConocoPhillips Company, Phillips 66 and Tosco Corporation (hereinafter "ConocoPhillips"), regarding the settlement of all claims between them in the litigation captioned *Orange County Water District v. Unocal Corporation*, 03CC00176 (SAS) ("the Litigation"), as of the effective date set forth below. These parties are referred to herein collectively as the "Parties" and individually as a "Party."

### I. RECITALS

A.  On or about May 6, 2003, the District filed a complaint in Orange County Superior Court, entitled *Orange County Water District v. Unocal Corporation, et al.*, seeking money damages and declaratory relief against certain members of the oil industry ("Defendants") who allegedly manufactured, distributed, or transported gasoline containing methyl tertiary butyl ether ("MTBE") that was ultimately delivered to service stations within or near the boundaries of Orange County Water District. The District alleges that gasoline containing MTBE was released at certain gasoline station sites and contaminated and/or threatens to contaminate the soil, soil-vapor, surface water, and groundwater basin managed, owned, operated, used and/or protected by the District (the "Basin"). The District contends that such releases could have been prevented if Defendants, including ConocoPhillips, had provided adequate warnings and instructions regarding MTBE and its proper handling. Based on these allegations, the District asserted causes of action for products liability, negligence, trespass, nuisance, and violations of the Orange County Water District Act (the "OCWD Act"), seeking declaratory relief and damages for injuries the District claims to have suffered, in part, due to the actions and/or omissions of

#4346571.3

Exhibit 1 - Page 13

ConocoPhillips. ConocoPhillips denies the District's claims and all other material allegations asserted against them. The Litigation was removed to federal court and is currently pending as part of a nationwide multi-district litigation in the Southern District of New York, styled *In re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation*, MDL 1358, with bellwether sites remanded for trial in the Central District of California.[1]

    B.    ConocoPhillips and the District, without any admission of liability and solely to avoid the expense and burden of future litigation, now desire to settle all disputes between them arising from the Litigation, and all related Claims (as defined below) prior to any judgment or finding of liability and prior to all of the evidence being presented to the court or any appeals from any of the decisions or rulings rendered to this point in the Litigation. In entering into this Settlement and Release, no Party makes any admission of any fact, responsibility, fault, or liability.

## II. AGREEMENT

Based upon the Recitals set forth above and in consideration of the mutual promises and consideration hereinafter described, it is agreed as follows:

    1.    **Release by the District.**

    a.    The District represents that it is a special water agency created to maintain, replenish, and manage groundwater resources in the District and has the right to conduct investigations of the water quality in the District, to perform any necessary cleanup, abatement, or remedial work to prevent, abate, or contain any threatened or existing contamination or pollution of the surface or groundwaters in the District, and to recover its costs to perform any such activities. The District also represents that it has the right to litigate to

---

[1] While this Litigation was pending in Federal Court, the District filed First, Second and Third Amended Complaints.

protect groundwater resources within its boundaries. In the Litigation, the District is acting on its own behalf and within the full scope of its powers and authority under the OCWD Act to commence, maintain, and compromise any and all Claims (as defined below) related to the alleged interference with its water or water rights used or useful within the District, or alleged diminution of the quantity, quality or pollution or contamination of the water supply of the District that may endanger or damage the inhabitants, lands, or use of water in the District. West's Ann. Cal. Water Code App. §§ 40-2 and 40-8.

    b. The District, in its governmental and/or sovereign capacity, or otherwise (as contemplated under Sec. 2, paragraph 9 of the OCWD Act), including on behalf of itself, its Board of Directors and its predecessors, successors, agencies, commissions, departments, officers, employees, agents, officials, insurers, representatives and attorneys, and for the benefit of the District, hereby releases and forever discharges ConocoPhillips Company, Phillips 66, and Tosco Corporation, including all companies owned, operated or controlled by the released parties which sold or otherwise marketed gasoline products, successors-in-interest, predecessors-in-interest, parents, ultimate parent companies, and/or subsidiaries, together with all its current and former respective officers, employees, directors, shareholders, officials, agents, accountants, attorneys, insurance carriers and reinsurers (the "Released Parties"), of and from all Claims (as defined below). This release does not include liabilities of any Unocal entities arising from sales of gasoline products prior to the acquisition of Unocal by Tosco or its related companies.

    c. For purposes of this Settlement and Release,

    i. Except as provided in part II. 1. e. below, "Claims" means any and all demands, actions, causes of action, suits, rights, matters, liens, obligations, assessments, damages (including, without limitation, diminution-in-value, stigma, property damage, lost

-3-

#4346571.3

Exhibit 1 - Page 15

Case 1:00-cv-01898-VSB-VF   Document 4497-1   Filed 03/23/18   Page 5 of 14
Case 8:03-cv-01742-CJC-AN   Document 294-2   Filed 10/31/17   Page 5 of 14   Page ID
#:15262

enjoyment or use, lost profit, and punitive or exemplary damages), liabilities, investigation costs, remediation costs, restoration costs, remedies of any kind, other costs, losses, or expenses (including attorneys' fees and expert witness fees) of any kind or nature whatsoever (whether legal or equitable, past, present or future, ascertained or unascertained, known or unknown, suspected or unsuspected, whether based in tort, contract, or any local, state or federal law, common law, statute, ordinance, rule, or regulation, including but not limited to any direct claims, indemnification claims, and/or assigned claims), arising out of, relating to, or resulting from the conduct or alleged conduct that gave rise to the Litigation, including but not limited to: (i) actual or threatened soil, soil-vapor, groundwater, or surface water contamination within the Orange County Water District from Covered Substances (as defined below) manufactured, sold, marketed, stored, refined, supplied, distributed, exchanged by the Released Parties; (ii) the District's investigation remediation, or restoration of any such actual or threatened contamination, and any other action or response arising out of, relating to, or resulting from such actual or threatened contamination; (iii) any operations of the Released Parties within the Orange County Water District prior to the date of this Settlement and Release which allegedly contributed to any such actual or threatened groundwater contamination within the Orange County Water District from Covered Substances; (iv) any alleged failure by the Released Parties to clean up or remove any Covered Substances from groundwater, surface water, soil-vapor, or soil on, under, or near any release site; and (v) any liability, damages, fact or circumstance that has or could have been raised as part of the Litigation against the Released Parties concerning Covered Substances. The entirety of this paragraph applies to, but is not limited to, any groundwater, surface water, soil, soil vapor, aquifers, water resources, wells or other property

-4-

managed, owned, leased, operated and/or otherwise used, by the District, including later-acquired interests.

    ii. "Covered Substances" shall mean refined petroleum products including, but not limited to, gasoline and all components of these products as follows: (i) benzene, toluene, ethyl benzene and xylene; (ii) methyl tertiary butyl ether (MTBE), tertiary butyl alcohol (TBA), tertiary amyl methyl ether (TAME), diisopropyl ether (DIPE), and/or ethyl tertiary butyl ether; and (iii) any degradation products and/or by-products or impurities of a substance listed above.

  d. Apart from the Released Parties, the District is not releasing any other party to the Litigation or any person or entity not a party to the litigation, and the released Claims do not include any Claim by or against any other person or entity, including any other defendants in the Litigation and including (but not limited to) any other person or entity who manufactured, refined, distributed, sold and/or supplied gasoline to any facility located within the boundaries of the Orange County Water District, or that impacted waters flowing into the boundaries of the Orange County Water District.

  e. Notwithstanding any other provision herein, "Claims" do not include any claim based on a release of gasoline, or any constituent thereof, into the environment by the Released Parties occurring after the effective date of this Settlement and Release. "Claims" do, however, include any claim based on a release of Covered Substances occurring on or before the effective date of this Settlement and Release, whether known or unknown, regardless of the extent to which such release might have migrated in the environment, if at all. A release into the environment includes any release of gasoline or any constituent thereof into the air, soil, or water, or to the area surrounding the container in which the material was intended to be stored

-5-

located within the boundaries of the Orange County Water District or impacting waters flowing into the boundaries of the Orange County Water District.

2. **Consideration.**

As consideration for the foregoing releases, the Parties to this Settlement and Release shall do the following:

a. Within 10 business days following receipt of a copy of this Settlement and Release executed by the District, ConocoPhillips Defendants shall file with the court in the Litigation a motion for an order determining this settlement to be in good faith in accordance with sections 877 and 877.6 of the California Code of Civil Procedure. Alternatively, ConocoPhillips may make an Application for Order Determining Good Faith Settlement pursuant to Code of Civil Procedure section 877.6(a)(2).

b. Within 30 days of the date on which the court enters an order approving this Settlement and Release as a good faith settlement and confirming that the Released Parties are entitled to protection against contribution claims pursuant to California Code of Civil Procedure section 877.6, ConocoPhillips shall pay to the District the total sum of Four Million Eight Hundred Thousand Dollars ($4,800,000.00) (the "Settlement Payment"), by either (1) check payable to "Miller, Axline & Sawyer, A Professional Corporation, CA IOLTA Acct/Client Trust Account," 1050 Fulton Avenue, Suite 100, Sacramento, CA 95825, or (2) by wire transfer to the Miller & Axline Client Trust Account.

c. Within five business days of its receipt of the Settlement Payment from ConocoPhillips, the District shall dismiss the Litigation against ConocoPhillips with prejudice. All Parties to this Settlement and Release shall bear their own attorneys' fees, expenses and costs in connection with the Litigation.

d.  The District shall cooperate in securing court approval in the Litigation of the settlement between the parties as one made in good faith by filing appropriate papers with the court and/or appearing at any hearing(s) to consider those papers, if necessary.

e.  This Settlement and Release and the dismissal of the Litigation against ConocoPhillips with prejudice are supported by the mutual promises and covenants contained herein, which the Parties agree constitute good and valuable consideration.

3.  **Waiver.**

With respect to, and subject to the terms of, the release contained in paragraph 1 above, the District expressly waives any rights or benefits available under section 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Each Party understands and acknowledges the significance and consequence of the specific waiver of section 1542 set forth above. Each Party acknowledges that its attorneys have explained to its authorized representatives the meaning and effect of section 1542 and the waiver thereof. Each Party understands fully the statutory language of section 1542 and, with this understanding, nevertheless elects to, and does, assume all risks for claims released under this Settlement and Release, known or unknown, heretofore and thereafter arising from the subject matter of the Litigation or of this Settlement and Release. Each Party fully understands that if the facts with respect to which this Settlement and Release is executed are found hereafter to be other than or different from the facts now believed by it to be true, it expressly accepts and

-7-

Case 1:00-cv-01898-VSB-VF   Document 4497-1   Filed 03/23/18   Page 9 of 14
Case 8:03-cv-01742-CJC-AN   Document 294-2   Filed 10/31/17   Page 9 of 14   Page ID
#:15266

assumes the risk of such possible difference in facts and agrees that this Settlement and Release shall be and remain effective notwithstanding such difference in facts.

**4.     Conditions Precedent.**

This Settlement and Release and all obligations of the Parties hereto are conditioned upon obtaining court approval of the settlement in the Litigation as a good faith settlement as that term is defined in California Code of Civil Procedure section 877.6.

**5.     No Admission.**

This Settlement and Release is a compromise of disputed claims as to which the Parties have not had an opportunity to present all evidence of their claims and defenses, nor have they had the opportunity to appeal any decisions or rulings rendered in the Litigation. This Settlement and Release fully and finally settles all Claims by the District against the Released Parties, and prevents any further actions by the District against the Released Parties in the Litigation. The Parties agree that in light of the expenses of further litigation, the uncertainty of any possible judgment and any appeals which might have been successful if pursued, the amount of monies paid should not be construed as anything other than the compromise of disputed liability. Neither the payment of any consideration hereunder nor anything contained in this Settlement and Release shall be interpreted or construed to be an admission on the part of, nor to the prejudice of, any person hereto. The Released Parties expressly deny any and all liability associated with or related to the Claims.

**6.     Authority to Sign; Indemnity.**

Each Party represents and warrants that the individual who executes this Settlement and Release on behalf of the corporation, city, district, governmental agency, partnership, joint venture, unincorporated association, or other entity has the appropriate

-8-

#4346571.3

Exhibit 1 - Page 20

authority of the officers, shareholders, members or Board of Directors of said entity to do so. In the event that the individual who executes this Settlement and Release did not have such authority on behalf of the corporation or governmental entity, then the Parties agree to defend, indemnify and hold harmless each other Party from any claim that such authority did not exist.

7.       **Final Settlement.**

The Parties understand and agree that this Settlement and Release shall act as a release of all future Claims whether such Claims are currently known, unknown, foreseen, or unforeseen. The Parties understand and acknowledge the significance and consequence of the specific waiver of California Civil Code section 1542 described above and hereby assume full responsibility for any injury, loss, damage or liability that may hereafter be incurred by reason of or related to the matters alleged in the Litigation or raised by said dispute or defined as Claims herein.

## GENERAL PROVISIONS

8.       **Entire Agreement; No Modification.**

Each Party individually and collectively declares and represents that no promises, inducements, or other agreements not expressly contained herein have been made with regard to the settlement of the Litigation; that this Settlement and Release contains the entire agreement between the Parties hereto with respect to the subject matter of the Litigation; and that the terms of this Settlement and Release are contractual and not recitals only. All prior agreements and understandings, oral agreements and writings regarding the matters set forth herein are expressly superseded hereby and are of no further force or effect. This Settlement and Release may not be altered, amended, or modified in any respect except by a writing duly executed by the Party to be charged.

### 9. Binding Effect.

This Settlement and Release shall inure to the benefit of each Party hereto and benefit thereby their predecessors, successors, subsidiaries, affiliates, officers, directors, and employees, past, present and future. The Court shall retain jurisdiction in the Southern District of New York Case No: 04 Civ. 04973 (SAS) to enforce the terms of this settlement.

ConocoPhillips represents and warrants that the undersigned has all requisite power to execute, bind, deliver, and perform this Settlement and Release on behalf of ConocoPhillips and that this Settlement and Release has been duly and validly executed and delivered by him as ConocoPhillips's corporate representative. ConocoPhillips further warrants that it will not challenge or contest the validity of this Settlement and Release and that it forever waives any defense to its validity, including any defense based on any claim the Settlement and Release is *ultra vires*, or otherwise void.

### 10. Further Documents.

To the extent any documents are required to be executed to effectuate this Settlement and Release, each Party hereto agrees to execute and deliver such other and further documents as may be required to carry out the terms of this Settlement and Release.

### 11. Further Actions.

To the extent any actions are required to be taken to effectuate this Settlement and Release, each Party hereto agrees to take said actions as may be required to carry out the terms of this Settlement and Release.

### 12. Representation.

Each Party hereto represents and acknowledges that each of them has been represented by counsel with respect to this Settlement and Release, and any and all matters

-10-

covered by or related to such Settlement and Release. Each Party hereto has been fully advised with respect to all rights which are affected by this Settlement and Release.

13.     **Voluntary and Knowing Release.**

Each Party signing this Settlement and Release represents and warrants that each of them: (i) read, knows and understands the contents hereof; (ii) has executed this Settlement and Release voluntarily; (iii) has not been influenced by any person or persons or attorney acting on behalf of any party; and (iv) understands that after signing this Settlement and Release, each Party cannot proceed against the others on account of any of the matters described herein.

14.     **Headings, Number and Gender.**

Headings are used herein for convenience only and shall have no force or effect in the interpretation or construction of this Settlement and Release. As used in this Settlement and Release, the singular shall include the plural, the masculine, the feminine and neutral genders.

15.     **Ownership of Claims; Indemnity.**

Each Party hereto represents that no other person or entity has or has had any interest in the Claims alleged in this action on behalf of the District; that they have the sole right and exclusive authority to execute this Settlement and Release and receive the consideration specified in this Settlement and Release; and that each Party has not sold, assigned, transferred, conveyed, or otherwise disposed of any Claims within the scope of this Settlement and Release. In the event that a Party has sold, assigned, transferred, or conveyed any of the Claims alleged in this action, that Party agrees to defend, indemnify, and hold harmless each other Party from any Claims brought by anyone or any entity established to have received ownership of such Claim by sale, assignment, transfer, or conveyance from the Party.

-11-

No payment owed or made pursuant to this Settlement Agreement is intended to constitute a debt, damage claim penalty or other claim that may be limited or discharged in a bankruptcy proceeding.

Nothing in this Settlement Agreement shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Settlement Agreement other than the Released Parties which are all intended third-party beneficiaries.

### 16. Payment of Attorneys' Fees and Court Costs.

Each Party hereto shall be responsible for the payment of its own court costs, attorneys' fees, and all other expenses, costs and fees in connection with the matters referred to in the Litigation and in this Settlement and Release.

### 17. Applicable Law.

This Settlement and Release shall be construed and interpreted in accordance with the laws of the State of California.

### 18. Severability.

If any provision or any part of any provision of this Settlement and Release is for any reason held to be invalid, unenforceable or contrary to any public policy, law, statute and/or ordinance, then the remainder of this Settlement and Release shall not be affected thereby and shall remain valid and fully enforceable.

### 19. Counterparts.

This Settlement and Release may be executed in counterparts, and all such executed counterparts shall constitute an agreement which shall be binding upon the Parties hereto, notwithstanding that the signatures of all Parties and Parties' designated representatives do not appear on the same page.

### 20. Admissibility of Agreement.

The Parties hereto expressly agree that this Settlement and Release is a protected communication under California Evidence Code section 1119; however, the same shall be admissible for the sole purpose of enforcing the terms thereof.

### 21. Attorneys' Fees and Costs to Enforce Agreement.

If any action is required to be taken by any Party to this Settlement and Release to enforce the terms hereof, the prevailing party in any such action shall be entitled to reasonable attorneys' fees and costs.

The Parties below named have executed this Settlement and Release as of the date and year appearing below adjacent to the signatures of the Parties. This Settlement and Release is effective as of the final date of the Parties' signatures below.

Dated: 10-11-17

ORANGE COUNTY WATER DISTRICT

By: _____
Its: GENERAL MANAGER

Dated: Oct 10, 2017

PHILLIPS 66 and as agent for
CONOCOPHILLIPS COMPANY.

By: Jay D. Churchill
Jay D. Churchill Senior Vice President
Health, Safety and Environment
Phillips 66

-13-

#4346571.3

Exhibit 1 - Page 25