UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE METHYL TERTIARY BUTYL ETHER
("MTBE") PRODUCTS LIABILITY LITIGATION

This document relates to:

*Commonwealth of Pennsylvania, et al. v. Exxon
Mobil Corporation, et al.*, Case No. 1:14-cv-06228

Vernon S. Broderick, U.S.D.J.
Debra Freeman, U.S.M.J.

Master File No. 1:00-1898
MDL 1358 (VSB)
M21-88

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: *6/19/2018*

## [~~PROPOSED~~] CASE MANAGEMENT ORDER NO. 125

This case management order resolves the two pending motions referred by Judge

Broderick (Dkt. Nos. 332 and 340) and memorializes the parties' joint agreements on several

issues as directed by the Court in its Order dated March 2, 2018.

### Depositions:

1.     Witnesses the parties intend to depose shall be identified with sufficient advance

notice to provide the responding party with the opportunity to retrieve, review and produce the

witness's responsive non-privileged documents and ESI prior to the commencement of the

deposition.[1]

2.     The parties shall produce all non-privileged, non-objectionable, and responsive

documents and ESI corresponding to the deposition notice for that witness at least 10 business

days before the dates mutually accepted by the parties as the date of the deposition.

---

[1] ESI is defined to include Electronic Loose Files ("ELF"), such as emails and their attachments, discrete word processed documents (e.g., memoranda, correspondence), PDFs, and images. *See* CMO 119 § IV (defining ELF). All ESI shall be produced in the technical format specified in the attached Exhibit A, or such other format as the parties agree to in advance of production.

1

3 By June 29, 2018, Plaintiff shall provide dates for the nine (9) previously noticed depositions identified by defendants on April 5, 2018,[2] including certain Rule 30(b)(6) notices as recommended by the Court in its March 2, 2018, Order. Said depositions shall commence in July 2018 and be completed by November 28, 2018.

4. Defendants also identified to plaintiff on April 5, 2018 the next fifteen (15) witnesses to be deposed.[3] By July 31, 2018, Plaintiff shall propose two dates for each of these depositions, which shall commence in September 2018.

5. In order to make scheduling of depositions efficient, the party responding to the notice shall propose two available dates for each deponent. The parties shall work in good faith to accommodate schedules of the witness and the defending and taking attorneys.

6. Defendants may notice an additional 85 depositions in this action for non-site-specific discovery. If the defendants wish to take additional depositions exceeding the 85 deposition cap, and Plaintiff will not consent to the additional depositions, Defendants shall submit an application to this Court for its consideration with a showing of good cause. Depositions of third-parties that were originally noticed by Plaintiff and for which Defendants serve a cross-notice do not count against Defendants' cap.

---

[2] The nine (9) depositions are: Stephen Sinding, Patrick Bowling, Rhonda Manning, Douglas Cordelli, Brian Trowbridge, and the following 30(b)(6) notices: (i) PADEP's North-Central Region Personnel Regarding Operations, Policies and Practices; (ii) PADEP's Northeast Region Personnel Regarding Operations, Policies and Practices; and (iii) PADEP's Northwest Regional Personnel Regarding Operations, Policies and Practices and (iv) LUST Backlog Report.

[3] The next fifteen (15) depositions are Susan Kennedy, Mike Watson, Walter Payne, Patty Renwick, Craig Oleweiler, Wick Havens, David Crownover, Lisa Daniels, Amy Steiner, Steven Harmen, Jeffrey Gordon, Noreen Wagner, Barbara Sexton, Joseph Powers, and Ron Buchanan.

**Electronically Stored Information:**

7.    The parties shall produce all non-privileged, non-objectionable responsive ESI to discovery served in this action on a "rolling basis" as it is collected, processed and reviewed for privilege or objections.

**Mutual Disclosure Re ESI:**

8.    The parties shall make a good faith reasonable effort to disclose the protocols used to complete their prior production in the MDL, including their productions to date in this action. The parties shall include in their disclosures, to the best of their ability and to the extent that such information exists and is available, the following information:

a.    The custodians whose ESI was collected and searched with respect to MTBE litigation.

b.    Whether or not any servers were searched for ESI with respect to MTBE litigation;

c.    Whether or not any other resource was searched for ESI with respect to MTBE litigation, and generally describe that resource;

d.    Whether it used TAR (Technology Assisted Review) to identify ESI responsive to discovery served in this action; and

e.    Whether search terms were used to collect ESI responsive to discovery served in this action and the search terms used.

If any party determines in good faith that to comply with the above disclosures, or any portion thereof, is unduly burdensome or impossible for any reason, that party shall promptly meet and confer with the opposing party or parties in order to describe and explain such difficulty.

**Meet and Confer:**

9.     The disclosure required in Paragraph 8 shall be exchanged within 60 days after this Order is entered.

10.    If, based on the disclosure required in Paragraph 8, a party notifies another party that it believes its production protocol in this action may have been inadequate, the parties shall meet and confer promptly following such notification; if a party believes that there may be gaps in an MTBE production in a prior case, the receiving party may serve gap-filling discovery requests.

**General:**

11.    Nothing in this CMO shall limit the parties' ability to seek relevant, non-site-specific non-duplicative discovery except as expressly limited herein.

12.    All other non-site-specific depositions shall be noticed by the parties on a rolling basis and in a manner that reasonably allows all parties to meet their obligations under this CMO.

**Deadlines:**

13.    By August 16, 2018 Plaintiff shall complete its production of ESI (ELF, including Emails) for the deposition notices outstanding as of May 25, 2018.

14.    By November 1, 2018 Plaintiff shall complete its production of ESI (ELF, including Emails) responsive to written discovery served as of May 25, 2018.

15.    By April 30, 2019, Defendants shall serve any additional percipient or Rule 30(b)(6) deposition notices. The limitation on monthly deposition notices contained in CMO 121, Section I.A, shall be extended to 10 depositions per month for notices served between November 1, 2018 and April 30, 2019, inclusive.

16.     By June 14, 2019 Plaintiff shall complete its production of ESI (ELF, including

Emails) responsive to the deposition notices served pursuant to subparagraph 15.

17.     Non site-specific discovery shall be completed by November 30, 2019.

**IT IS SO ORDERED**

Dated: _6/19/18_

HON. DEBRA FREEMAN
United States Magistrate Judge