UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation<br><br>**This document relates to:**<br><br><br>*Commonwealth of Pennsylvania v. Exxon Mobil Corporation, et al.,*<br><br>Case No. 14-cv-06228 | Master File No. 1:00-1898 (VSB)<br><br>MDL 1358 |

## PLAINTIFF COMMONWEALTH OF PENNSYLVANIA'S MOTION TO REMAND

### I.      INTRODUCTION

This Motion asks the Court to issue a suggestion of remand to the Judicial Panel on Multidistrict Litigation ("**JPML**"), recommending that the Commonwealth of Pennsylvania's MTBE action be remanded for all purposes to the District Court for the Eastern District of Pennsylvania.

Pennsylvania's MTBE action should be remanded because "'everything that remains to be done is case-specific,'" and "remand will best serve the expeditious disposition of th[is] litigation." *In re MTBE*, 2017 WL 5468758, *2 (S.D.N.Y. 2017) (J. Broderick).  The JPML already has stopped transferring cases into the

MDL.  The JPML has found that "principal common discovery" in this MDL is complete, and the MDL Court's "many well-considered and useful rulings on procedural and substantive issues" can "guide pretrial proceedings" in MTBE actions which are outside of this MDL.  Declaration of Bryan Barnhart ("**Barnhart Decl.**"), Ex. 1 (JPML's Order Denying Transfer of *Short, et al. v. Amerada Hess Corporation, et al.* ("***Short***")) at 1, Ex. 2 (JPML's Order Denying Transfer of *State of Rhode Island v. Alon Refining Krotz Springs, et al.* ("***Rhode Island***")) at 2.

## II.   FACTS

Pennsylvania filed this case in the Court of Common Pleas for Philadelphia County on June 19, 2014.  Barnhart Decl. at Ex. 3 (Complaint).  All of Pennsylvania's causes of action arise under state law.  *See id.* at Ex. 4 (Second Amended Complaint.)  Pennsylvania only seeks remedies for injuries which occurred within the state.  *See id.*

Defendants removed this action to the District Court for the Eastern District of Pennsylvania pursuant to section 1503 of the Energy Policy Act of 2005.  On July 30, 2014, the JPML transferred the case to this MDL Court.  *See id.* at Ex. 5. On the date that Pennsylvania's MTBE action was transferred, more than twenty MTBE cases remained in the MDL.  *See id.* at ¶ 7.

Pennsylvania's operative complaint is its Second Amended Complaint, which it filed in November of 2015.  *See id.* at Ex. 4.  In January of 2016, various

2

defendants filed two motions to dismiss certain portions of Pennsylvania's Second

Amended Complaint. *See id.* at Exs. 6 and 7. To date, the Court has not ruled on

either motion.

While defendants' motions to dismiss have been pending, the JPML has

begun winding down this MDL. In October of 2016, the JPML issued an Order

Denying Transfer which announced that "transfer of new cases [into this MTBE

MDL] is no longer warranted:"

> MDL No. 1358 was centralized by the Panel 16 years ago in October 2000.
> The principal common discovery and a bellwether trial were completed by
> 2010, and the vast majority of actions have been resolved through
> settlement, dispositive motions, or remand to their transferor courts. Thus,
> the litigation is in a very advanced stage. In addition, only five actions
> remain in active litigation, and they have focused largely on site-specific
> issues. In these circumstances, movant's contention that [a new MTBE
> case] shares common factual issues with the few actions still pending in the
> MDL does not persuade us that transfer will promote the just and efficient
> conduct of the litigation.

*Id.*, Ex. 1 at 1.

In February of 2017, the JPML reaffirmed its determination that "'transfer of

new actions is not warranted,'" and denied transfer of a statewide MTBE case filed

by the State of Rhode Island:

> The work of the transferee court has reached an advanced stage, including
> many well-considered and useful rulings on procedural and substantive
> issues. The parties in [the new MTBE case] should be able to avail
> themselves of the documents and depositions accumulated under the
> transferee court's supervision of MDL No. 1358. Moreover, the transferee
> court's many rulings are available to the parties and the presiding judge in

[the new MTBE case] to guide pretrial proceedings. Thus, even absent transfer, many of the benefits of the MDL are available to the parties.

*Id.*, Ex. 2 at 2.

Now, the number of cases in this MDL has dwindled to five.[1] Four of these five actions have reached advanced stages – three have been partially remanded for "focus sites" trials. Barnhart Decl., ¶ 10.

Pennsylvania's MTBE case, in contrast, remains in its infancy. No defendant has filed an answer to the operative complaint. The Court has not addressed the merits of Pennsylvania's pending claims. The Court's Case Management Orders relate only to preliminary, non-site-specific discovery – there is no fact-discovery cut-off date, and there is no trial date. Barnhart Decl., ¶ 11.

## III.  ARGUMENT

Pennsylvania's MTBE action should be transferred out of this MDL for the same reason that the JPML decided not to transfer the *Short* and *Rhode Island* cases into the MDL – i.e., it will be more "just and efficient" to litigate this case as a stand-alone action than it would be to process it through the MDL.

---

[1] Two of these cases are intertwined actions by Puerto Rico. In 2007, Puerto Rico sued one group of defendants, alleging MTBE contamination at certain sites. By 2013, Puerto Rico had discovered additional MTBE contamination at different sites, so it brought a second action against an overlapping group of defendants, seeking remedies at the newly discovered contamination sites.

4

Like the MTBE actions at issue in *Short* and *Rhode Island*, Pennsylvania's

MTBE action was filed years after this MDL's "principal common discovery" was

complete.  Barnhart Decl., Ex. 1 at 1, Ex. 2 at 1, Ex. 3 at 1.  Like the *Short* and

*Rhode Island* actions, therefore, Pennsylvania's MTBE action always has focused

on case-specific issues.  Indeed, in its three-plus years in this MDL, Pennsylvania's

MTBE action has not generated a single decision that is transferrable to any other

case in this MDL.  *Id.* at ¶ 12.

It would not be efficient to require two separate courts to immerse

themselves in the same Pennsylvania-specific facts and law.  Because

Pennsylvania's MTBE action remains in an early procedural stage, remanding it

now will minimize duplication of judicial efforts.  After remand, the parties and the

court still can look to the MDL Court's "many rulings . . . to guide pretrial

proceedings," and can "avail themselves of the documents and depositions

accumulated under the [MDL Court's] supervision." *Id.*, Ex. 2 at 2.

A.   **A Suggestion Of Remand Is The Appropriate Next Step "'To Ensure The Maximum Efficiency For All Parties And The Judiciary.'"**

While "ultimate authority for remanding an action" lies with the JPML, "the

Panel has consistently given great weight to the transferee judge's determination

that remand of a particular action at a particular time is appropriate because" it

"will best serve the expeditious disposition of the litigation.'" *In re MTBE*, 2017

WL 5468758 at *2 (J. Broderick); *see also* 28 U.S.C. § 1407(a); *see also* R.P.J.P.M.L. 10.1-10.3. "'The Court's discretion to suggest remand generally turns on the question of whether the case will benefit from further coordinated proceedings as part of the MDL.'" *In re MTBE*, 2017 WL 5468758 at *2.

Remand is appropriate where overlapping issues of law and fact have been resolved, and "'everything that remains to be done is case-specific.'" *Id.* That is the case here. "Because the purpose of multidistrict litigation is for the convenience of the parties and witnesses and to promote the just and efficient conduct of the cases, the decision of whether to suggest remand should be guided in large part by whether one option is more likely to ensure the maximum efficiency for all parties and the judiciary.'" *Id.* That also is the case here.

## B.    Remanding Pennsylvania's MTBE Case Will "'Insure The Maximum Efficiency For All Parties And The Judiciary.'"

In this case, "the expeditious disposition of the litigation" and the "convenience of the parties and witnesses" will be best served by remanding Pennsylvania's MTBE action to the District Court for the Eastern District of Pennsylvania. *In re MTBE*, 2017 WL 5468758 at *2 (J. Broderick).

As the JPML found, case-specific issues now predominate in MTBE cases, and that certainly is true for Pennsylvania's case. Barnhart Decl., Ex. 1 at 1, Ex. 2 at 1. Pennsylvania brings state-law causes of action seeking remedies for

6

contamination of Pennsylvania's groundwater, caused by releases of MTBE inside
Pennsylvania.[2]  *Id.* at Ex. 4.

The common-issues phase of this MDL is mostly complete.  "[P]rincipal
common discovery" was completed in 2010.[3]  *Id.*, Ex. 1 at 1.  The MDL Court
already has issued more than 140 opinions on topics ranging from the jurisdiction
of federal courts to hear MTBE cases which were filed in state court, to the
preemptive authority of state and federal regulatory agencies, to the definition of
MTBE-caused "harm" for which plaintiffs can seek compensation.  *Id.* at ¶ 13; *see
also, e.g., In re MTBE*, 458 F.Supp.2d 149 (S.D.N.Y. 2006).  And the Second
Circuit has handed down at least four decisions, including a wide-ranging, 65-page
opinion which affirmed the verdict from a 2010 bellwether trial.  *See, e.g., In re
MTBE*, 725 F.3d 65 (2nd Cir. 2013).

Litigation of Pennsylvania's MTBE case, therefore, will focus on
Pennsylvania-specific issues.  It would not make sense to litigate those
Pennsylvania-specific issues before this MDL Court, and then again before

---

[2] Pennsylvania's state-law causes of action are: (1) Strict Product Liability Based
On Defective Design; (2) Strict Liability for Failure To Warn; (3) Public Nuisance;
(4) Negligence; (5) Trespass; (6) Violation of Pennsylvania Unfair Trade Practices
and Consumer Protection Law against certain defendants; (7) Violation of
Pennsylvania Unfair Trade Practices and Consumer Protection against certain other
defendants; (8) Unjust Enrichment; and (9) Violation of the Pennsylvania Storage
Tank and Spill Prevention Act.  Barnhart Decl. at Ex. 4.
[3] Of course, it may prove necessary at some point to update and supplement
Pennsylvania-specific aspects of the common-issues discovery.

Pennsylvania's Eastern District Court after remand. Instead, Pennsylvania's
MTBE action should be litigated entirely in Pennsylvania – where most of the
evidence is, where most of the witnesses live, and where this case will be tried.
*See In re MTBE*, 2017 WL 5468758 at *2 (J. Broderick) ("the purpose of
multidistrict litigation is for the convenience of the parties and witnesses and to
promote the just and efficient conduct of the cases").

Because Pennsylvania's MTBE case remains in an early procedural phase,
furthermore, remanding the case now will avoid duplication of efforts between this
Court and the Pennsylvania trial court. The parties will take with them the limited
discovery that they've completed under this Court's supervision. This Court's
preliminary-discovery orders will remain in force after remand. *See Allegheny
Airlines, Inc. v. LeMay*, 448 F.2d 1341, 1345 (7th Cir. 1971) (transfer "does not
deprive any party of a legal right" or "vacate any of the proceedings taken in the
cause before the change was granted").

Pennsylvania's Eastern District Court can resolve all pending motions,
including defendants' motions to dismiss. And this MDL Court's work on
common issues will be equally available to the parties in Pennsylvania as it is here.
*See* Barnhart Decl., Ex. 2 at 2. The parties and the Pennsylvania trial court "should
be able to avail themselves of the documents and depositions accumulated under
the transferee court's supervision in MDL No. 1358," and "the transferee's court's

many rulings [will be] available to the parties and the presiding judge in [Pennsylvania] to guide pretrial proceedings." *Id.*

## IV.    CONCLUSION

For all the reasons stated above, Pennsylvania's Motion To Remand should be granted.

| PENNSYLVANIA OFFICE OF ATTORNEY GENERAL | MILLER & AXLINE, P.C. |
|---|---|
| James A. Donahue, III<br>Executive Deputy Attorney General<br>Strawberry Square, 14th Floor<br>Harrisburg, Pennsylvania 17120<br>(717) 705-0418<br>Email: jdonahue@attorneygeneral.gov | Duane C. Miller<br>Michael D. Axline<br>Special Counsel to the<br>Commonwealth of Pennsylvania<br>1050 Fulton Ave., Suite 100<br>Sacramento, California 95825-4225<br>(916) 488-6688<br>Email: dmiller@toxictorts.org<br>        maxline@toxictorts.org |
| **PENNSYLVANIA GOVERNOR'S OFFICE OF GENERAL COUNSEL** | |
| M. Abbegael Giunta<br>Deputy General Counsel<br>333 Market Street, 17th Floor<br>Harrisburg, Pennsylvania 17101<br>(717) 787-9347<br>Email: magiunta@pa.gov | **BERGER & MONTAGUE, P.C.**<br>Daniel Berger<br>Tyler E. Wren<br>Special Counsel to the<br>Commonwealth of Pennsylvania<br>1622 Locust Street<br>Philadelphia, PA 19103<br>(215) 875-3000<br>Email: twren@bm.net |
| | **COHEN, PLACITELLA & ROTH, P.C.**<br>Stewart L. Cohen<br>Robert L. Pratter<br>Michael Coren |

|  | Special Counsel to the Commonwealth of Pennsylvania Two Commerce Square Suite 2900, 2001 Market Street Philadelphia, Pennsylvania 19103 (215) 567-3500 Email: scohen@cprlaw.com       RPratter@cprlaw.com       MCoren@cprlaw.com |
| --- | --- |

## PROOF OF SERVICE VIA FILE & SERVEXPRESS

*Commonwealth of Pennsylvania v. Exxon Mobil Corporation, et al.,*
United States District Court, Southern District of New York Case No. 14-cv-06228 (SAS)

     I, the undersigned, declare that I am, and was at the time of service of the paper(s) herein referred to, over the age of 18 years and not a party to this action.  My business address is 1050 Fulton Avenue, Suite 100, Sacramento, CA  95825-4225.

     On the date below, I served the following document on all counsel in this action electronically through File & ServeXpress:

## PLAINTIFF COMMONWEALTH OF PENNSYLVANIA'S  MOTION TO REMAND

     I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

     Executed on July 23, 2018, at Sacramento, California.

KATHY HERRON