UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation<br><br>**This document relates to:**<br><br>*Commonwealth of Pennsylvania v. Exxon Mobil Corporation, et al.*,<br><br>Case No. 14-cv-06228 | Master File No. 1:00-1898 (VSB)<br><br>MDL 1358 |

### PLAINTIFF COMMONWEALTH OF PENNSYLVANIA'S REPLY IN SUPPORT OF MOTION TO REMAND

### I. INTRODUCTION

Defendants' opposition to Pennsylvania's motion to remand does not identify a single factual or legal issue that Pennsylvania's case shares with any of the other cases in this MDL. Pennsylvania's Complaint raises only state-law issues, and the history of this MDL's proceedings clearly demonstrates that it is much more efficient in such cases to have the trial judge manage discovery as well as trial. *See State of New Hampshire v. Exxon Mobil Corp*, 168 N.H. 211 (2015).

The many prior rulings by the MDL Court can be applied by the trial judge just as easily as by the MDL Court. As the JPML has noted, "principal common discovery" was completed long ago in the MDL, and all that remains in Pennsylvania's case is case-specific discovery. Declaration of Bryan Barnhart In Support of Plaintiff Commonwealth Of Pennsylvania's Motion To Remand ("**Barnhart Decl.**") at Ex. 1 at 1.

As explained in more detail below, retaining this case in the MDL for pretrial work-up will result only in inefficiency and duplication of effort between the MDL Court and the trial court. Remanding the case, on the other hand, will insure efficiency by allowing the court who will actually try the case to adopt a trial structure and to align discovery and pretrial proceedings with that trial structure.

## II.     Remand Will Not "Abdicate" This Court's Authority.

Defendants and the Commonwealth agree that where "remand is sought prior to the conclusion of pretrial proceedings, the transferee court and the [JPML] retain discretion to decide whether remand is appropriate." *In re Maxim Integrated Prod., Inc.* MDL No. 2354, No. 12-244, 2015 WL 1757779, at *3 (W.D. Pa. Apr. 17, 2015) (relied on by defendants at page four of their Opposition); *see also, e.g., In re Wilson*, 451 F.3d 161, 172 (3rd Cir. 2006) (relied on by defendants at page 7 of their Opposition).

Defendants, however, assert that Pennsylvania "asks the Court to abdicate the responsibility entrusted to it by the" JPML. *See* Defendants' Memorandum Of Law In Opposition To Plaintiff's Motion To Remand ("**Opp.**"), 4. This assertion misstates both the law and the Commonwealth's position. *See In re MTBE*, 2017 WL 5468758, *2 (J. Broderick); *see also* Plaintiff Commonwealth of Pennsylvania's Motion to Remand ("**Motion**"), 1. Defendants' assertion misstates the law because, although the JPML will give "great weight" to this Court's suggestion to remand Pennsylvania's action, the "ultimate authority for remanding an action" lies with the JPML itself. *In re MTBE*, 2017 WL 5468758 (S.D.N.Y. 2017), *2 (J. Broderick). Defendants' assertion misstates the Commonwealth's position because the Commonwealth has asked the Court to do precisely what the MDL system envisions for it – i.e., to suggest remand where, as here, ""everything that remains to be done is case-specific,"" and "'remand will best

2

serve the expeditious disposition of th[e] litigation.'" Motion at 1 (quoting *In re MTBE*, 2017 WL 5468758, *2 (J. Broderick)).

The exercise of judicial discretion requires a case-specific analysis. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany & Albany Cty. Bd. of Elections*, 522 F.3d 182, 186-187 (2d Cir. 2008). Here a case-specific analysis clearly supports remand.

### III. Remand Will Avoid Duplication Of Judicial Efforts.

Defendants concede that "'the multidistrict system is designed to avoid'" unnecessary "'duplication of efforts.'" Opp. at 11 (quoting *Cf. Hildes*, 2014 WL 1571330, *2 (S.D. Cal. 2014). Since this case presents only Pennsylvania-specific issues of law and fact, the only way to avoid duplication of judicial efforts here is for one Court to manage the entire case. *See* Opp. at 10 (requiring "multiple judges . . . to tackle" identical issues would be "hardly an efficient use of judicial resources").

Defendants assert there "are significant common issues that remain to be addressed in this MDL," but do not identify a single factual or legal issue Pennsylvania shares with any other case in this MDL. Opp. at 2. The history of this MDL demonstrates that statewide-MTBE actions which present only state-specific issues – such as Pennsylvania's action here – are resolved far more quickly and efficiently when discovery and pretrial proceedings are managed by the same court that will preside over the trial. *See New Hampshire*, 168 N.H. 211 (2015) (discussed *infra*).

#### A. Pennsylvania Law Will Govern Legal Disputes.

As the JPML has explained, this MDL is almost 20 years old.[1] Barnhart Decl., Ex. 1 at 1. This Court resolved all common legal issues years ago – only Pennsylvania-specific state-law

---

[1] Defendants assert (in bold type) that Pennsylvania's "***motion cites no authorities or precedent for any of its arguments.***" Opp. at 3; *but see* Opp. at 6 ("Plaintiff cites heavily from [this Court's] remand decision in *Orange County Water District*, MDL No. 1358 [] (S.D.N.Y. Nov. 3,

3

legal issues remain in this action.[2] *See id.*; *see also* Barnhart Decl., Ex. 3 at 1. Pennsylvania's state-law right to recover damages for "certain types of sites" or for injuries "to privately-owned drinking water wells" is irrelevant to the rights of New Jersey, Puerto Rico, or the Orange County Water District. Opp. at 2 and 10; *see also* Barnhart Decl., Ex. 3 (asserting only state-law causes of action seeking remedies for sites and wells in Pennsylvania).

Pennsylvania law also will determine the scope and existence of Pennsylvania's *parens patriae* authority, and Pennsylvania's state law will govern the parties' use of statistical evidence at trial – Pennsylvania's law on these topics will not resolve any issue in any other case in the MDL.[3] *See Com. SS Zoe Colocotroni*, 628 F.2d 652, 671-672 (1st Cir. 1980) (looking to Puerto Rico law to delineate the Commonwealth's *parens patrie* authority); *see also New Hampshire*,

---

2017). Pennsylvania's Motion, however, cites this Court's prior order granting the plaintiff's motion for remand in the *Orange County Water District*, federal appellate authority, and two on-point decisions by the JPML in this MDL. *See, e.g.,* Motion at 1-2 and 8. Defendants, in contrast, submit no evidence whatsoever to support their Opposition. Defendants also fail to meaningfully distinguish the two JPML decisions which support Pennsylvania's Motion. *See* Barnhart Decl., Exs. 1 and 2; *see also* Motion at 2-4.

[2] Defendants also assert that Pennsylvania "accuse[s] the Court of having not 'generated a single decision that is transferrable to any other case in this MDL.'" Opp. at 7, fn. 2. To the contrary, Pennsylvania's Motion specifically recognizes that this Court has issued "'many well-considered and useful rulings on procedural and substantive issues,'" all of which will continue to apply to Pennsylvania's action after remand. Motion at 3 and 8; *see also Allegheny Airlines, Inc. v. LeMay*, 448 F.2d 1341, 1345 (7th Cir. 1971) (transfer does not "vacate any of the proceedings taken in the cause before the change was granted"). None of those rulings, however, have been generated by Pennsylvania's action, which did not enter this MDL until four years after "principal common discovery and a bellwether trial were completed." Barnhart Decl., Ex. 1 at 1 and Ex. 3 at 1.

[3] In Puerto Rico's MTBE action, this Court already has held that Puerto Rico has *parens patriae* authority to seek damages from defendants under common law and general statutory provisions. *In re Methyl Tertiary Butyl Ether (MTBE) Prod. Liab. Litig.*, No. 1:00-1898, 2015 WL 898886, at *6 (S.D.N.Y. Mar. 2, 2015). Even if that ruling governed Pennsylvania's *parens patriae* authority – which it does not – this Court's ruling on the issue would be one of the decisions that will continue to apply to Pennsylvania's case after remand. *See Allegheny Airlines, v.* 448 F.2d at 1345.

4

168 N.H. at 299-302 (applying state law to affirm verdict against MTBE-gasoline manufacturers based on aggregate statistical evidence).

Of course, in any MDL, there always will be some overlap between the issues addressed by the transferee and transferor court. Tangential relevance, however, is not a basis for retention in an MDL of a case that is otherwise appropriate to remand. *See* Barnhart Decl., Ex. 1 at 1 (JPML holding that MTBE-gasoline manufacturers' contention that a new MTBE case "shares common factual issues with a few actions still pending in the MDL does not persuade us that transfer will promote the just and efficient conduct of the litigation.").

### B.     Only Pennsylvania-Specific Discovery Remains.

As the JPML has found (twice), this MDL's "principal common discovery [was] completed by 2010." Barnhart Decl. Exs. 1 and 2. Defendants appear to agree with the JPML's assessment of the MDL as a whole – they do not point to any new discovery that may occur in Pennsylvania's action which might prove relevant to any other case in the MDL. Defendants observe that non-site-specific discovery is ongoing in Pennsylvania's action, but the issue is not whether discovery in this case is occurring, but rather whether there is some reason why it should occur within the MDL, as opposed to the trial court – i.e., "whether the case will benefit from further coordinated proceedings as part of the MDL.'" *In re MTBE*, 2017 WL 5468758 at *2 (Broderick, J.). Defendants do not identify any such reason, and there is no such reason.

Defendants wrongly accuse Pennsylvania of attacking the MDL's discovery process. *See, e.g.*, Opp. at 2-3. To be clear, Pennsylvania's Motion does not attack the MDL discovery process, or ask any Court to order that discovery be conducted in any particular way – neither the "the focus-site approach" nor defendants' "enhanced focus site" proposal are at issue here. *Id.* at 2 and 9. Rather, Pennsylvania contends that this action will be resolved more efficiently, and

5

with less duplication of judicial effort, if discovery and pretrial proceedings are managed by the same court which will preside over the trial. *See, e.g.*, Motion at 6 ("'the expeditious disposition of [this] litigation' and the 'convenience of the parties and witnesses' will be best served by remanding Pennsylvania's MTBE action to the District Court for the Eastern District of Pennsylvania." (quoting *In re MTBE*, 2017 WL 5468758 at *2 (J. Broderick).").

### C.   The Trial Court – And Not The MDL Court – Should Manage Discovery And Pretrial Proceedings For Pennsylvania's Action.

It will be most efficient to resolve the Pennsylvania-specific legal and discovery issues in this case in one District Court. After all, as defendants concede, it would be "hardly an efficient use of judicial resources" to require "multiple judges . . . to tackle" the same factual and legal issues. Opp. at 10.

The history of this MDL shows that, if Pennsylvania's action is not remanded to the trial court now, it is likely that there will be significant duplication of judicial efforts. Any state-law rulings by this Court, for example, would be subject to the trial court's power after remand to reconsider, modify, or even reverse those rulings. Fed. Rule Civ. Proc. R. 54(b).

In the *Orange County Water District* case, for example, defendants' strategy of "reducing the size of [MDL] cases" by filing "multiple potentially dispositive motions" in the MDL Court has resulted in substantial duplication of effort. Opp. at 3 and 10. In that case, the MDL Court spent eight years deciding issues involving California state law. Those decisions did reduce the number of sites and causes of action at issue at the time of remand. After remand, however, almost all of the MDL Court's case-reducing rulings were reversed by the trial court. *See, e.g.*,

6

"*Judge: MDL Court Applies "Incorrect Legal Standard; MTBE Negligence Claim Valid*", Lexis Legal News (Feb. 15, 2018).[4]

In addition, the trial court on remand has been forced to reopen discovery and delay the trial because the parties must prepare to try state-law claims excluded by the MDL Court. Today – more than fifteen years after the Orange County Water District filed its Complaint – the parties still have not gone to trial on a single cause of action at a single site.

The Orange County Water District's experience is consistent with that of the remaining plaintiffs who assert statewide-MTBE claims. New Jersey and Puerto Rico filed their Complaint in 2007, alleging MTBE releases at thousands of sites. Eleven years later, only a handful of sites have been remanded for trial, and no trial date has been assigned in either case. Pennsylvania filed suit in June of 2014. *See* Barnhart Decl., Ex. 3. To date, no defendant has even answered Pennsylvania's Complaint, there has not been a status conference for more than two years, and two motions to dismiss which were filed in January 2016 (31 months ago) remain unresolved.

New Hampshire – the only statewide-MTBE case resolved outside of the MDL – had a very different experience. *See State of New Hampshire v. Exxon Mobil Corp*, 168 N.H. 211 (2015). In 2003, the state brought state-law causes of action against MTBE-gasoline manufacturers, alleging injury at approximately 6,000 wells. *See id.* at 220 and 263. After defendants spent four years attempting unsuccessfully to move New Hampshire's case into this MDL, the New Hampshire state court began actively managing the case in November of 2007. *See In re MTBE*, 488 F.3d 112 (2nd Cir. 2007). The trial court adopted a trial structure, then structured discovery with the trial-structure in mind. *See also New Hampshire*, 168 N.H. at 299-

---

[4] https://www.lexislegalnews.com/articles/24372/judge-mdl-court-applied-incorrect-legal-standard-mtbe-negligence-claim-valid

7

302. In 2013 – just six years later – the trial court completed a trial of all of New Hampshire's claims for injury at all 6,000 wells. *Id.* at 220. New Hampshire's Supreme Court affirmed the trial court's judgment in 2015. *Id.* By consolidating authority to manage New Hampshire's MTBE action in the trial court, New Hampshire's state-court system conducted all discovery, all pretrial proceedings, the trial, and all appeals in less than eight years.

Here, as in New Hampshire, consolidating authority over Pennsylvania's action in the Eastern District of Pennsylvania will result in greater efficiency and quicker resolution. "[P]rincipal common discovery" is complete. *See* Barnhart Decl., Ex. 1 at 1. Substantive motion practice in Pennsylvania's case has not yet begun. *See* Opp. at 2. The parties are at an impasse about how to structure the trial, and therefore cannot agree about how to structure site-specific discovery. The structure of trial will be determined by the trial court. *U. S. ex rel. Nelson v. Follette*, 430 F.2d 1055, 1059 (2d Cir. 1970) ("A trial judge exercises broad discretion in controlling the conduct of trial and the presentation of evidence.").

To promote efficiency and avoid duplication of judicial efforts, the trial court in this case – like the trial court in New Hampshire – should be given the opportunity to manage discovery and pretrial proceedings with its chosen trial structure in mind.

## IV. The Trial Court And The Parties Will Continue To Enjoy The Benefit of MDL Rulings and Common Discovery After Remand.

The benefits of the many rulings issued by the MDL Court, as well as the common discovery that has occurred in the MDL Court, will not be lost on remand. The trial court and all parties will "be able to avail themselves of the documents and depositions accumulated under the [MDL] court's supervision." Barnhart Decl., Ex. 2 at 2. "Moreover, the [MDL] court's many rulings are available to the parties and the [trial judge] to guide pretrial proceedings." *Id.*

8

Defendants' assertion that Pennsylvania "proposes to entirely discard" the orders that govern this case is the opposite of what Pennsylvania actually asserted. Opp. at 3. This Court's rulings and orders will not be "discarded" after remand. Case Management Order 125 (Opp. at 1) will continue to govern "[r]eciprocal non-site specific discovery." *Allegheny Airlines*, 448 F.2d at 1345. Case Management Order 121's "directives" will remain in force (Opp. at 2), as will Special Master Warner's pretrial orders (Opp. at 8). *Id.* If a defendant feels that Pennsylvania has not complied with its discovery obligations, the trial court will have the power to compel compliance. *See* Fed. Rule Civ. Proc. R. 37. And Special Master Warner remains in private practice – if the parties and the trial court think that his experience and expertise will prove useful here (Opp. at 11, fn. 5), then the trial court will have the power to take advantage of his services. *See* Fed. Rule Civ. Proc. R. 53.

## V.   CONCLUSION

For all the reasons stated above, Pennsylvania's Motion To Remand should be granted.

| **PENNSYLVANIA OFFICE OF ATTORNEY GENERAL**<br><br>James A. Donahue, III<br>Executive Deputy Attorney General<br>Strawberry Square, 14th Floor<br>Harrisburg, Pennsylvania 17120<br>(717) 705-0418<br>Email: jdonahue@attorneygeneral.gov<br><br>**PENNSYLVANIA GOVERNOR'S OFFICE OF GENERAL COUNSEL**<br><br>M. Abbegael Giunta<br>Deputy General Counsel<br>333 Market Street, 17th Floor<br>Harrisburg, Pennsylvania 17101<br>(717) 787-9347<br>Email: magiunta@pa.gov | **MILLER & AXLINE, P.C.**<br>*Bryan Barnhart For*<br>*MICHAEL D. AXLINE*<br>Michael D. Axline<br>Duane C. Miller<br>Special Counsel to the<br>Commonwealth of Pennsylvania<br>1050 Fulton Ave., Suite 100<br>Sacramento, California 95825-4225<br>(916) 488-6688<br>Email: dmiller@toxictorts.org<br>         maxline@toxictorts.org<br><br>**BERGER & MONTAGUE, P.C.**<br>Daniel Berger<br>Tyler E. Wren<br>Special Counsel to the<br>Commonwealth of Pennsylvania<br>1622 Locust Street<br>Philadelphia, PA 19103 |

|  | (215) 875-3000<br>Email: twren@bm.net<br><br>**COHEN, PLACITELLA & ROTH, P.C.**<br>Stewart L. Cohen<br>Robert L. Pratter<br>Michael Coren<br>Special Counsel to the<br>Commonwealth of Pennsylvania<br>Two Commerce Square<br>Suite 2900, 2001 Market Street<br>Philadelphia, Pennsylvania 19103<br>(215) 567-3500<br>Email: scohen@cprlaw.com<br>       RPratter@cprlaw.com<br>       MCoren@cprlaw.com |
|---|---|

## PROOF OF SERVICE VIA FILE & SERVEXPRESS

*Commonwealth of Pennsylvania v. Exxon Mobil Corporation, et al.,*
United States District Court, Southern District of New York Case No. 14-cv-06228 (SAS)

    I, the undersigned, declare that I am, and was at the time of service of the paper(s) herein referred to, over the age of 18 years and not a party to this action. My business address is 1050 Fulton Avenue, Suite 100, Sacramento, CA 95825-4225.

    On the date below, I served the following document on all counsel in this action electronically through File & ServeXpress:

**PLAINTIFF COMMONWEALTH OF PENNSYLVANIA'S REPLY IN SUPPORT OF MOTION TO REMAND**

    I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

    Executed on August 13, 2018, at Sacramento, California.

_____
KATHY HERRON