UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation

Master File No. 1:00 - 1898
MDL 1358
M21-88

**This Document Relates to:**

*New Jersey Department of Environmental Protection, et al. v. Atlantic Richfield Co., et al.*
No. 1:08-cv-00312

# NEW JERSEY PLAINTIFFS' MOTION TO REMAND

**I.     INTRODUCTION**

This Motion asks the Court to issue a suggestion of remand to the Judicial Panel on Multidistrict Litigation ("**JPML**"), recommending that the New Jersey plaintiffs' (collectively, "**New Jersey**") entire MTBE action be remanded for all purposes to the transferor court, the United States District Court for the District of New Jersey.

The JPML has found that "principal common discovery" in this MDL is complete, and the MDL Court's "many well-considered and useful rulings on procedural and substantive issues" can "guide pretrial proceedings" in MTBE actions "outside of this MDL." Declaration of Bryan Barnhart ("**Barnhart Decl.**"), Ex. 1 (JPML's Order Denying Transfer of *Short, et. al. v. Amerada Hess Corporation, et al.* ("*Short*")), at 1, Ex. 2 (JPML's Order Denying Transfer of *State of Rhode Island v. Alon Refining Krotz Springs, et al.* ("*Rhode Island*") at 2.

This Court already has ruled on most or all of the overarching legal issues that apply to New Jersey's causes of action. Any remaining discovery is unique to New Jersey and has little if any relevance to the MDL. Common sense and the history of this MDL's proceedings suggest that it will be much more efficient to have the trial judge manage the remaining New Jersey-specific discovery as well as trial. New Jersey's entire MTBE action should be remanded to the trial court.

**II.    FACTS**

New Jersey filed this MTBE action in Mercer County Superior Court on June 26, 2007. Barnhart Decl., Ex. 3 (Complaint). New Jersey alleges that dozens of petroleum-industry defendants caused MTBE contamination at more than 6,000 sites within the state. *See* Barnhart

1

Decl., Exs. 3, 4, 11. All of New Jersey's causes of action arise under state law. *See* Barnhart Decl., Ex. 4. New Jersey only seeks remedies for injuries that occurred within the state. *See id.*

Defendants removed this action to the United States District Court for the District of New Jersey in 2007 pursuant to section 1503 of the Energy Policy Act of 2005. Barnhart Decl., Ex. 5. On January 3, 2008, the JPML transferred the case to this MTBE MDL Court. Barnhart Decl., Ex. 6. On the date that New Jersey's MTBE action was transferred, more than 150 MTBE cases were in the MDL.

On March 11, 2010, this Court issued Case Management Order #60, which set forth a procedure for the parties in the New Jersey case to select a subset of trial sites on which fact and expert discovery would proceed. Barnhart Decl., Ex. 14. This procedure was designed not only to prepare the trial sites for trial, but also to resolve common pre-trial issues that were best addressed in the MDL. That goal now has been accomplished.

After five years of discovery and motion practice, this MDL Court resolved the significant outstanding non-site-specific legal and factual disputes in this case, and the trial sites were trial ready. *See*, *e.g.*, Barnhart Decl., Exs. 8-10.

In February 2015, this Court suggested that the JPML remand the trial sites to the transferor court, the United States District Court for the District of New Jersey. Barnhart Decl., Ex. 9. The JPML remanded the sites for trial in July 2015. Barnhart Decl., Ex. 7 (JPML Remand Order). When the United States District Court for the District of New Jersey took jurisdiction over the trial sites, it inherited this Court's site-specific and non-site-specific rulings. *See Allegheny Airlines, Inc. v. LeMay*, 448 F.2d 1341, 1345 (7th Cir. 1971). This MDL Court retained jurisdiction over the remaining 6,000-plus sites for "pretrial proceedings." Barnhart Decl., Ex. 9.

2

In June 2016, plaintiffs filed in this Court an Unopposed Motion for Leave to File a Fifth Amended Complaint, which added Lukoil North America LLC, Lukoil Pan Americas, LLC, and PJSC Lukoil as defendants in this action, and new allegations against existing defendants Lukoil Americas Corporation and Getty Petroleum Marketing Inc. *See* Barnhart Decl., Ex. 7. In September 2018, this Court granted plaintiffs' unopposed motion. Barnhart Decl., Ex. 15.

During the two-plus years that plaintiffs' unopposed motion remained pending, the JPML began winding down this MDL. In October 2016, the JPML issued an Order Denying Transfer of the *Short, et al. v. Amerada Hess Corporation, et al.* MTBE litigation (pending in New Hampshire District Court), that announced that "transfer of new cases [into this MTBE MDL] is no longer warranted:"

> MDL No. 1358 was centralized by the Panel 16 years ago in October 2000. The principal common discovery and a bellwether trial were completed by 2010, and the vast majority of actions have been resolved through settlement, dispositive motions, or remand to their transferor courts. Thus, the litigation is at a very advanced stage. In addition, only five actions remain in active litigation, and they have focused largely on site-specific issues. In these circumstances, movant's contention that [a new MTBE case] shares common factual issues with the few actions still pending in the MDL does not persuade us that transfer will promote the just and efficient conduct of the litigation.

Barnhart Decl., Ex. 1, 1.

In February 2017, the JPML reaffirmed its determination that "'transfer of new actions is not warranted,'" and denied transfer of a MTBE case filed by the State of Rhode Island:

> The work of the transferee court has reached an advanced state, including many well-considered and useful rulings on procedural and substantive issues. The parties in [the new MTBE case] should be able to avail themselves of the documents and depositions accumulated under the transferee court's supervision of MDL No. 1358. Moreover, the transferee court's many rulings are available to the parties and the presiding judge in [the new MTBE case] to guide pretrial proceedings. Thus, even absent transfer, many of the benefits of the MDL are available to the parties.

*Id.*, Ex. 2, 2.

The number of cases in this MDL now has dwindled to five. In the 43 months that have passed since the Trial Sites were remanded to the New Jersey District Court, this case has not produced a single ruling that is transferable to any other case in this MDL. No significant new discovery has occurred in this case – the 6,000-plus contaminated sites that remain in this MDL are no closer to trial than they were at the beginning of 2015.

Significant progress has occurred, in contrast, in the transferor New Jersey District Court. All but four of the defendants or defendant groups have settled plaintiffs' claims in their entirety.[1] In addition to being ordered to mediation, the parties engaged in supplemental fact and expert discovery, filed several pretrial motions, which the Court has ruled on, and filed Daubert motions that are scheduled for a hearing in January 2019.

## III.   ARGUMENT

New Jersey's entire MTBE action should be transferred out of this MDL for the same reason that the JPML decided not to transfer the *Short* and *Rhode Island* MTBE cases into the MDL -- it will be more "just and efficient" to litigate New Jersey's remaining claims in the trial court than it would be to process those claims through the MDL.   As this Court itself found when it transferred defendants in another MDL case (the Orange County Water District case) back to the transferor court for trial, "'everything that remains to be done is case-specific,'" and "remand will best serve the expeditious disposition of th[is] litigation." *In re MTBE*, 2017 WL 5468758, *2 (S.D.N.Y. 2017) (J. Broderick).

---

[1] The non-settling defendant groups are the Exxon group (ExxonMobil Corporation, ExxonMobil Oil Corporation, and Mobil Corporation), the Gulf group (Gulf Acquisition LLC, Gulf Oil Limited Partnership, and Cumberland Farms Inc.), Getty Properties Corporation, and the Lukoil Group (Lukoil Americas Corporation, the newly added Lukoil defendants, and Getty Petroleum Marketing Inc.).

This Court has resolved all material non-site-specific, non-state-specific disputes in this case. The parties have not yet begun discovery into the 6,000-plus contaminated sites in New Jersey that remain in the MDL. This Court's function is to "promote the just and efficient conduct of [MDL] cases" by resolving common issues.  *In re MTBE*, 2017 WL 5468758 at *2 (J. Broderick). It is not this Court's role to serve as the New Jersey trial court's discovery manager.

The history of this MDL has shown, furthermore, that MTBE cases like what is left of New Jersey's here are resolved far more quickly and efficiently when the type of discovery remaining is managed by the trial court, because that court can tailor discovery to fit the structure of trial. In *State of New Hampshire v. Exxon Mobil Corp*, 168 N.H. 211, 220, 299-302 (2015), for example, the state court trial judge was able to bring the case to trial and try all claims, statewide, within six years of receiving the case from the MDL. Because the remainder of the New Jersey MTBE case involves thousands of sites throughout the State, and only four defendants or defendant groups remain in the case, the structure of the second phase of trial is critical to how the remaining discovery and pretrial proceedings should be managed.  The New Jersey District Court has already ruled on structure of trial and right to jury issues for the trial sites.  The New Jersey trial court is in the best position to manage the case going forward to tailor it to fit the structure of trial.

>   **A.   A Suggestion of Remand Is the Appropriate Next Step "'To Ensure the Maximum Efficiency for All Parties and the Judiciary'"**

While "ultimate authority for remanding an action" lies with the JPML, "the Panel has consistently given great weight to the transferee judge's determination that remand of a particular action at a particular time is appropriate because" it "will best serve the expeditious

5

disposition of the litigation." *In re MTBE*, 2017 WL 5468758 at *2 (J. Broderick); *see also* 28 U.S.C. § 1407(a); *see also* R.P.J.P.M.L. 10.1-10.3. "'The Court's discretion to suggest remand generally turns on the question of whether the case will benefit from further coordinated proceedings as part of the MDL.'" *In re MTBE*, 2017 WL 5468758 at *2.

Remand is appropriate where overlapping issues of law and fact have been resolved, and "'everything that remains to be done is case-specific.'" *Id.* That is the case here. The only portion of the New Jersey case that remains in the MDL is the adjudication of remaining sites in New Jersey. The trial being conducted in the New Jersey District Court will thoroughly inform that Court regarding site-specific issues and how to efficiently manage adjudication of the remaining case. All issues related to discovery and trial of the remaining sites will be specific to New Jersey and will not overlap with any other litigation in the MDL.

There may be instances where it would make sense for an MDL Court to retain a case despite the fact that the remaining issues are specific to that case, but this is not one of those instances. The fact that an MDL judge *can* make decisions related to state-specific issues does not mean that the MDL judge *must* or even *should* make those decisions. MDLs are established for the convenience of the parties and witnesses and to promote the just and efficient resolution of cases. The decision to issue a suggestion of remand should be guided by whether remand is more likely to ensure the maximum efficiency for all parties and the judiciary. There is simply no reason, legal or practical, to keep the New Jersey litigation in the MDL.

**B.     Remanding New Jersey's Entire MTBE Case Will Insure the Maximum Efficiency for All Parties and the Judiciary**

In this case, as in the Orange County Water District case where this Court remanded several defendants for trial, "the expeditious disposition of the litigation" and the "convenience

of the parties and witnesses" will be best served by remanding New Jersey's entire MTBE action to the New Jersey District Court. *In re MTBE*, 2017 WL 5468758 at *2 (J. Broderick).

As the JPML has found, case-specific issues now predominate in the MDL, and that certainly is true for New Jersey's case. Barnhart Decl., Ex. 1 at 1, Ex. 2 at 1. New Jersey brings state-law causes of action pursuing state-law remedies for contamination of New Jersey's groundwater, caused by discharges of MTBE inside New Jersey.[2] *See* Barnhart Decl., Ex. 4.

The common-issues phase of the MDL is essentially complete. "[P]rincipal common discovery" was completed in 2010. Barnhart Decl., Ex. 1 at 1. The MDL Court already has issued more than 140 opinions on topics ranging from the jurisdiction of federal courts to hear MTBE cases that were filed in state court, to the preemptive authority of state and federal regulatory agencies, to the definition of MTBE-caused "harm" for which plaintiffs can seek compensation. *See e.g.*, *In re MTBE*, 458 F.Supp.2d 149 (S.D.N.Y. 2006).

The Second Circuit has handed down four MTBE decisions, including a wide-ranging, 56-page opinion that affirmed the verdict from a 2010 bellwether trial. *See*, *e.g.*, *In re MTBE*, 725 F.3d 65 (2nd Cir. 2013). The Second Circuit's and this MDL Court's work on common issues will be just as available to the parties in New Jersey as it is here. *See* Barnhart Decl., Ex. 2 at 2. The parties and the New Jersey trial court "should be able to avail themselves of the documents and depositions accumulated under the transferee court's supervision in MDL No. 1358," and "the transferee court's many rulings [will be] available to the parties and the presiding judge in [New Jersey] to guide pretrial proceedings." *See* Barnhart Decl., Ex. 2 at 2.

---

[2] New Jersey's state-law causes of action are: (1) strict products liability based on defective design and failure to warn; (2) strict liability under New Jersey's Spill Compensation and Control Act; (3) New Jersey's Water Pollution Control Act; (4) public nuisance; and (5) trespass.

Litigation of the remainder of New Jersey's MTBE case will focus on New Jersey-specific issues. It would not make sense to litigate those New Jersey-specific issues before this MDL Court, and then again before New Jersey's District Court after remand. Instead, New Jersey's remaining site-specific claims should be litigated entirely in New Jersey – where most of the evidence is, where most of the witnesses live, and where this case will be tried. Because discovery has not begun into the 6,000-plus contaminated sites that remain in this MDL, remanding the case now will avoid duplication of efforts between this Court and the New Jersey trial court.

The New Jersey law rulings that this Court already has issued will follow this action to the trial court on remand. *See, e.g.,* Barnhart Decl., 8 and 10; *see also Allegheny Airlines*, 448 F.2d at 1345. Rulings by this Court are, however, subject to the trial court's power after remand to reconsider, modify, or even reverse those rulings, and additional rulings therefore would present additional risk of duplication of judicial efforts. *See*, *e.g.*, Barnhart Decl., Exs. 16-17.

## IV.  CONCLUSION

For all the reasons stated above, New Jersey's Motion to Remand should be granted.

Dated: January 2, 2018                    Respectfully submitted,

                                                              GURBIR S. GREWAL
                                                              Attorney General of New Jersey

                                                              /s/   *GWEN FARLEY*
                                                              GWEN FARLEY
                                                              Deputy Attorney General
                                                              *Counsel for New Jersey Plaintiffs*
                                                              Hughes Justice Complex
                                                              25 Market Street
                                                              P.O. Box 093
                                                             Trenton, NJ 08625-0093
                                                             Telephone:   (609) 376-2761

Dated:   January 2, 2018

    */s/ MICHAEL AXLINE*
MICHAEL AXLINE
*Special Counsel for New Jersey Plaintiffs*
MILLER & AXLINE
A Professional Corporation
1050 Fulton Avenue, Suite 100
Sacramento, CA   95825-4225
Telephone:   (916) 488-6688
Facsimile:   (916) 488-4288

**PROOF OF SERVICE VIA LEXISNEXIS FILE & SERVE**
*New Jersey Department of Environmental Protection, et al. v. Atlantic Richfield Co., et al.*
United States District Court, Southern District of New York, Case No. 08 Civ. 00312 (SAS)
United States District Court, District of New Jersey, Civil Action No. 3:15-6468(FLW-LHG)

I, the undersigned, declare that I am, and was at the time of service of the paper(s) herein referred to, over the age of 18 years and not a party to this action. My business address is 1050 Fulton Avenue, Suite 100, Sacramento, CA 95825-4225.

On the date below, I served the following document on all counsel in this action electronically through LexisNexis File & Serve:

**NEW JERSEY PLAINTIFFS' MOTION TO REMAND**

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on January 2, 2019, at Sacramento, California.

_Kathy Herron_
KATHY HERRON