# EXHIBIT 1

Case 1:00-cv-01898-VSB-VF   Document 4530-1   Filed 01/02/19   Page 2 of 8
Case 1:00-cv-01898-VSB   Document 4512-1   Filed 07/23/18   Page 2 of 8
Case MDL No. 1358   Document 489   Filed 10/03/16   Page 1 of 3

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: METHYL TERTIARY BUTYL ETHER ("MTBE")
PRODUCTS LIABILITY LITIGATION                                    MDL No. 1358

### ORDER DENYING TRANSFER

**Before the Panel:**[*] Defendants Exxon Mobil Corporation and ExxonMobil Oil Corporation (together, ExxonMobil) move under 28 U.S.C. 1407(c) for transfer of the action listed on Schedule A (*Short*) to the Southern District of New York for inclusion in MDL No. 1358. ExxonMobil represents that three co-defendants join in the motion.[1] Plaintiffs did not file a response.

After considering the argument of counsel, we deny the motion for transfer. MDL No. 1358 was centralized by the Panel 16 years ago in October 2000. The principal common discovery and a bellwether trial were completed by late 2010, and the vast majority of actions have been resolved through settlement, dispositive motions, or remand to their transferor courts. Thus, the litigation is at a very advanced stage. In addition, only five actions remain in active litigation, and they have focused largely on site-specific issues. In these circumstances, movant's contention that *Short* shares common factual issues with the few actions still pending in the MDL does not persuade us that transfer will promote the just and efficient conduct of the litigation.

The relative merits of transferring additional cases can change as the transferee court completes its primary tasks. *See In re: Bridgestone/Firestone, Inc., Tires Prods. Liab. Litig.*, 659 F. Supp. 2d 1371, 1372 (J.P.M.L. 2009). Whether continued inclusion of tag-along actions is appropriate, therefore, is based upon a review of the status of the MDL proceedings and an assessment of the relative merits of transferring additional cases. While movants are correct that, years ago, we determined that transfer of potential tag-along actions was warranted "to streamline discovery and motions practice in . . . new actions with the discovery and motions practice that have been completed [in the MDL],"[2] our current review of the record leads us to conclude that transfer of new actions is no longer warranted. Site-specific issues now predominate in the few actions remaining in this 16-year old MDL, and likely will predominate in the *Short* action, which concerns a single site in New Hampshire.

---

[*] Judge Ellen Segal Huvelle took no part in the decision of this matter.

[1] Shri Ganesh Corporation; Joseph Hart; and Petersborough Oil Company.

[2] *See* Transfer Order (*City of Manning, et al.*), Doc. No. 440, at 2 (J.P.M.L. Oct. 9, 2013).

Case 1:00-cv-01898-VSB-VF   Document 4530-1   Filed 01/02/19   Page 3 of 8
Case 1:00-cv-01898-VSB   Document 4512-1   Filed 07/23/18   Page 3 of 8
Case MDL No. 1358   Document 489   Filed 10/03/16   Page 2 of 3

-2-

We encourage the parties to voluntarily coordinate any overlapping discovery or pretrial motions raised by *Short*. Indeed, ExxonMobil has represented in filings opposing transfer of other actions that such informal coordination of related actions is practicable.[3]

IT IS THEREFORE ORDERED that the motion for transfer of the action listed on Schedule A is DENIED.

PANEL ON MULTIDISTRICT LITIGATION

*Sarah Vance*

Sarah S. Vance
Chair

Marjorie O. Rendell            Charles A. Breyer
Lewis A. Kaplan                R. David Proctor
Catherine D. Perry

---

[3] *See* Defs.' Mot. to Vacate CTO, Doc. No. 422, at 7-8 (J.P.M.L. Aug. 13, 2013).

Case 1:00-cv-01898-VSB-VF   Document 4530-1   Filed 01/02/19   Page 4 of 8
Case 1:00-cv-01898-VSB   Document 4512-1   Filed 07/23/18   Page 4 of 8
Case MDL No. 1358   Document 489   Filed 10/03/16   Page 3 of 3

IN RE: METHYL TERTIARY BUTYL ETHER ("MTBE")
PRODUCTS LIABILITY LITIGATION

MDL No. 1358

## SCHEDULE A

### District of New Hampshire

SHORT, ET AL. v. AMERADA HESS CORPORATION, ET AL., C.A. NO. 1:16-00204

# EXHIBIT 2

Case 1:00-cv-01898-VSB-VF   Document 4530-1   Filed 01/02/19   Page 6 of 8
Case 1:00-cv-01898-VSB   Document 4512-1   Filed 07/23/18   Page 6 of 8
Case MDL No. 1358   Document 533   Filed 02/02/17   Page 1 of 3

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: METHYL TERTIARY BUTYL ETHER ("MTBE")
PRODUCTS LIABILITY LITIGATION                                MDL No. 1358

### ORDER DENYING TRANSFER

**Before the Panel:**[*] Defendants Exxon Mobil Corporation, ExxonMobil Oil Corporation, and Mobil Corporation (together, ExxonMobil) move under 28 U.S.C. § 1407(c) for transfer of the action listed on Schedule A (*State of Rhode Island*) to the Southern District of New York for inclusion in MDL No. 1358. ExxonMobil represents that 21 co-defendants join in the motion.[1] Plaintiff State of Rhode Island supports transfer of the action.

After considering the argument of counsel, we deny the motion for transfer. The Panel recently considered whether the continued inclusion of potential tag-along actions to MDL No. 1358 is appropriate, and determined that "transfer of new actions is no longer warranted." *See* Order Denying Transfer (*Short*), Doc. No. 489, at 1 (J.P.M.L. Oct. 3, 2016). As we explained:

> MDL No. 1358 was centralized by the Panel 16 years ago in October 2000. The principal common discovery and a bellwether trial were completed by late 2010, and the vast majority of actions have been resolved through settlement, dispositive motions, or remand to their transferor courts. Thus, the litigation is at a very advanced stage. In addition, only five actions remain in active litigation, and they have focused largely on site-specific issues.

*Id.* Thus, although *State of Rhode Island* unquestionably shares some factual and legal issues with the actions previously centralized in MDL No. 1358, transfer is not warranted to serve the just and

---

[*] Judge Ellen Segal Huvelle and Judge Catherine D. Perry took no part in the decision of this matter.

[1] Alon Refining Krotz Springs; Atlantic Richfield Company; BP Products North America; Coastal Eagle Point Oil Company; Equilon Enterprises LLC; Hess Corporation; Marathon Oil Company; Marathon Petroleum Company LP; Motiva Enterprises LLC; Paulsboro Refining Company, LLC; Shell Oil Company; Shell Oil Products Company LLC; Shell Petroleum, Inc.; Shell Trading (US) Company; Sunoco, Inc. (R&M); Total Petrochemical & Refining USA, Inc.; The Premcor Refining Group, Inc.; Ultramar Energy; Valero Energy Corporation; Valero Marketing and Supply Company; and Valero Refining-Texas, L.P.

Case 1:00-cv-01898-VSB-VF   Document 4530-1   Filed 01/02/19   Page 7 of 8
Case 1:00-cv-01898-VSB   Document 4512-1   Filed 07/23/18   Page 7 of 8
Case MDL No. 1358   Document 533   Filed 02/02/17   Page 2 of 3

-2-

efficient conduct of the litigation in *State of Rhode Island* or the actions remaining in the MDL.[2]

The relative merits of transferring additional cases can change as the transferee court completes its primary tasks. *See In re: Bridgestone/Firestone, Inc., Tires Prods. Liab. Litig.*, 659 F. Supp. 2d 1371,1372 (J.P.M.L. 2009). Whether continued inclusion of tag-along actions is appropriate, therefore, is based upon a review of the status of the MDL proceedings and an assessment of the relative merits of transferring additional cases. Our review of the transferee court record confirms our conclusion that transfer of new actions is not warranted. The work of the transferee court has reached an advanced stage, including many well-considered and useful rulings on procedural and substantive issues. The parties in *State of Rhode Island* should be able to avail themselves of the documents and depositions accumulated under the transferee court's supervision of MDL No. 1358. Moreover, the transferee court's many rulings are available to the parties and the presiding judge in *State of Rhode Island* to guide pretrial proceedings. Thus, even absent transfer, many of the benefits of the MDL are available to the parties.

IT IS THEREFORE ORDERED that the motion for transfer of the action listed on Schedule A is DENIED.

PANEL ON MULTIDISTRICT LITIGATION

Sarah Vance

Sarah S. Vance
Chair

Marjorie O. Rendell          Charles A. Breyer
Lewis A. Kaplan              R. David Proctor

---

[2] In addition, as movants acknowledge, "the *Rhode Island* action will involve different sites than those in the other statewide cases [in the MDL]," and the number of release and impact sites in the state may be in the "hundreds or thousands." *See* Defs.' Mem. in Support of Mot. for Transfer, Doc. 498, at 4, 6 (J.P.M.L. Nov. 22, 2016).

Case 1:00-cv-01898-VSB-VF   Document 4530-1   Filed 01/02/19   Page 8 of 8
Case 1:00-cv-01898-VSB   Document 4512-1   Filed 07/23/18   Page 8 of 8
Case MDL No. 1358   Document 533   Filed 02/02/17   Page 3 of 3

IN RE: METHYL TERTIARY BUTYL ETHER ("MTBE") PRODUCTS LIABILITY LITIGATION                MDL No. 1358

## SCHEDULE A

### District of Rhode Island

STATE OF RHODE ISLAND v. ALON REFINING KROTZ SPRINGS, ET AL., C.A. No. 1:16-00495