UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                              :
In Re: Methyl Tertiary Butyl Ether ("MTBE")  :  Master File No. 1:00-1898
Products Liability Litigation                :  MDL 1358
                                             :
This document relates to:                    :
                                             :  **OPINION & ORDER**
*Commonwealth of Pennsylvania v. Exxon*      :
*Mobil Corporation, et al.*, Case No. 14 Civ.:
6228 (VSB)                                   :
                                             :
-------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __1/7/2019__

Appearances:

Duane C. Miller
Michael D. Axline
Miller & Axline, P.C.
Sacramento, CA

Daniel Berger
Tyler E. Wren
Berger & Montague, P.C.
Philadelphia, PA

Stewart L. Cohen
Robert L. Pratter
Michael Coren
Cohen, Placitella & Roth, P.C.
Philadelphia, PA

James A. Donahue, III
Pennsylvania Office of Attorney General
Harrisburg, PA

M. Abbegael Giunta
Pennsylvania Governor's Office of General Counsel
Harrisburg, PA
*Counsel for Plaintiff Commonwealth of Pennsylvania*

James A. Pardo
Lisa A. Gerson
McDermott Will & Emery LLP
New York, NY

Anthony Bongiorno
McDermott Will & Emery LLP
Boston, MA
*Counsel for Defendants Exxon Mobil Corporation
and ExxonMobil Oil Corporation*

VERNON S. BRODERICK, United States District Judge:

Before me is Plaintiff's motion requesting that I issue a suggestion of remand to the Judicial Panel on Multidistrict Litigation (the "Panel") recommending that this action be remanded for all purposes to the United States District Court for the Eastern District of Pennsylvania (the "Transferor Court"). (Doc. 401.) Because Plaintiff has failed to demonstrate good cause to warrant remand, Plaintiff's motion is DENIED.

I. **Factual Background and Procedural History**[1]

This consolidated multidistrict litigation ("MDL") relates to the alleged contamination of groundwater from various defendants' use of the gasoline additive methyl tertiary butyl ether ("MTBE") and/or tertiary butyl alcohol, a product formed by the breakdown of MTBE in water. *See In re MTBE Prods. Liab. Litig.*, MDL No. 1358 (SAS), 2015 WL 7758530, at *1 (S.D.N.Y. Dec. 1, 2015). In this case, the Commonwealth of Pennsylvania alleges that Defendants' use and handling of MTBE has contaminated, or threatens to contaminate, groundwater within its jurisdiction. Familiarity with the underlying facts is presumed for the purposes of this Opinion & Order.[2]

On April 29, 2016, Judge Scheindlin[3] entered Case Management Order No. 121 ("CMO

---

[1] The following factual summary is presented for background purposes only; I make no findings of fact and reach no conclusions of law in Part I of my decision.

[2] A thorough recitation of the background facts related to this MDL is provided in United States District Court Judge Shira A. Scheindlin's decision *In re Methyl Tertiary Butyl Ether (MTBE) Products Liability Litigation*, 379 F. Supp. 2d 348, 364–67 (S.D.N.Y. 2005).

[3] Judge Scheindlin presided over this case before it was reassigned to me on May 16, 2016.

121") directing the parties to "engage in full non-site-specific discovery" and "to develop a process to select focus sites." (Doc. 291.) On June 19, 2018, Magistrate Judge Freeman, to whom this case has been referred for general pretrial matters including discovery, entered Case Management Order No. 125 ("CMO 125") which "memorializes the parties' joint agreements on several issues." (Doc. 397.) CMO 125 sets forth a schedule for the completion of certain discovery. In particular, CMO 125 provides that certain previously-noticed Federal Rule of Civil Procedure 30(b)(6) depositions shall be completed by November 28, 2018, Plaintiff's production of certain electronically stored information shall be completed by November 1, 2018, Defendants shall serve any additional Rule 30(b)(6) deposition notices by April 30, 2019, Plaintiff shall complete its production of ESI responsive to the additional Rule 30(b)(6) deposition notices by June 14, 2019, and all non-site-specific discovery shall be completed by November 30, 2019. (*See id.*)

## II. **Legal Standard**

The ultimate authority for remanding an action transferred for multidistrict litigation lies with the Panel itself. *See* 28 U.S.C. § 1407(a). The remand process is typically initiated when a transferee court recommends remand of an action to the transferor court by filing a suggestion of remand with the Panel. R.P.J.P.M.L. 10.1(b). While the Panel is generally "reluctant to order a remand absent the suggestion of the transferee judge," *id.* at 10.3(a), the Panel may also remand an action upon its own initiative or motion of any party, *id.* at 10.1(b). "In considering the question of remand, the Panel has consistently given great weight to the transferee judge's determination that remand of a particular action at a particular time is appropriate because the transferee judge, after all, supervises the day-to-day pretrial proceedings." *In re Baseball Bat Antitrust Litig.*, 112 F. Supp. 2d 1175, 1177 (J.P.M.L. 2000) (quoting *In re Holiday Magic Sec.*

3

*& Antitrust Litig.*, 433 F. Supp. 1125, 1126 (J.P.M.L. 1977)); *see also In re Brand-Name Prescription Drugs Antitrust Litig.*, 264 F. Supp. 2d 1372, 1376 (J.P.M.L. 2003) ("A transferee judge's suggestion of remand to the Panel is an obvious indication that he has concluded that the game no longer is worth the candle (and, therefore, that he perceives his role under section 1407 to have ended)."). "In determining whether to issue a suggestion of remand to the Panel, the Court is guided by the standards for remand employed by the Panel." *In re State St. Bank & Tr. Co. Fixed Income Funds Inv. Litig.*, No. 08 Civ. 5440(RJH), 2011 WL 1046162, at *3–4 (S.D.N.Y. Mar. 22, 2011) (internal quotation marks omitted).

If "pretrial proceedings have run their course," the Panel is obligated to remand any pending cases to their originating courts, an obligation that is "impervious to judicial discretion." *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 34–35 (1997); *see also* 28 U.S.C. § 1407(a) (any action "transferred [to a multidistrict litigation] shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred"). When "everything that remains to be done is case-specific," it does not necessarily mean that "consolidated proceedings have concluded"; nevertheless, "the Panel has the discretion to remand a case" at that point. *In re Patenaude*, 210 F.3d 135, 145 (3d Cir. 2000); *see also In re FedEx Ground Package Sys., Inc. Emp't Practices Litig.*, No. 3:05-MD-527 RM, 2010 WL 415285, at *2 (N.D. Ind. Jan. 22, 2010) ("The plain language of section 1407 accords the Panel discretion to remand cases before the conclusion of pretrial proceedings, and courts routinely have read the statute in that flexible fashion." (quoting *In re Brand-Name Prescription Drugs Antitrust Litig.*, 264 F. Supp. 2d at 1375)). This is because "[i]t is not contemplated that a Section 1407 transferee judge will necessarily complete all pretrial proceedings in all actions transferred and assigned to him by the Panel, but rather that the transferee judge . . . will conduct

4

the common pretrial proceedings . . . and any additional pretrial proceedings as he deems otherwise appropriate." *In re Evergreen Valley Project Litig.*, 435 F. Supp. 923, 924 (J.P.M.L. 1977).

"The Court's discretion to suggest remand generally turns on the question of whether the case will benefit from further coordinated proceedings as part of the MDL." *In re Merrill Lynch Auction Rate Sec. Litig.*, No. 09 MD 2030(LAP), 2010 WL 2541227, at *2 (S.D.N.Y. June 11, 2010) (internal quotation marks omitted). "The transferee court should consider when remand will best serve the expeditious disposition of the litigation." Manual for Complex Litigation (Fourth) § 20.133 (2017). "Because the purpose of multidistrict litigation is for the convenience of the parties and witnesses and to promote the just and efficient conduct of the cases, the decision of whether to suggest remand should be guided in large part by whether one option is more likely to insure the maximum efficiency for all parties and the judiciary." *In re State St. Bank & Tr. Co. Fixed Income Funds Inv. Litig.*, 2011 WL 1046162, at *3–4 (internal quotation marks omitted).

### III.  Discussion

Plaintiff requests that I issue a suggestion of remand because "everything that remains to be done is case-specific, and remand will best serve the expeditious disposition of this litigation." (Pl.'s Mem. 1.)[4] Defendants contend that this Court should continue managing the case through common and site-specific discovery for selected focus sites and then remand the claims for those sites once they are ready for trial. (Defs.' Opp. 3.)[5]

---

[4] "Pl.'s Mem." refers to Plaintiff Commonwealth of Pennsylvania's Motion to Remand, filed on July 23, 2018. (Doc. 402.)

[5] "Defs.' Opp." refers to Defendants' Memorandum of Law in Opposition to Plaintiff's Motion to Remand, filed on August 6, 2018. (Doc. 404.)

5

Once a matter is transferred and consolidated or coordinated by order of the Panel, an action can be remanded to its court of origin prior to the completion of pretrial proceedings "only upon a showing of good cause." *In re Integrated Res., Inc. Real Estate Ltd. P'ship Sec. Litig.*, 851 F. Supp. 556, 562 (S.D.N.Y. 1994) (quoting *In re S. Cent. States Bakery Prods. Antitrust Litig.*, 462 F. Supp. 388, 390 (J.P.M.L. 1978)). The party seeking remand bears the burden of establishing that remand is warranted. *Id.* Because this case is not trial-ready, I can only suggest remand if Plaintiff has carried its burden to demonstrate good cause. *See, e.g.*, *In re Maxim Integrated Prods., Inc.*, Misc. No. 12-244, 2015 WL 1757779, at *3 (W.D. Pa. Apr. 17, 2015).

Plaintiff proffers numerous arguments in support of remand, all of which are unavailing. First, Plaintiff argues that remand is appropriate because "principal common discovery was completed in 2010" and the common-issues phase of this MDL is mostly complete. (Pl.'s Mem. 7.) However, the Panel transferred this case on July 30, 2014, (*id.* at 2), approximately four years *after* the conclusion of principal common discovery. Because principal common discovery was already completed when this matter was transferred to this Court, Plaintiff's argument that remand is necessary because principal common discovery has concluded is unpersuasive. Furthermore, as Plaintiff notes, even if common discovery has concluded, "it may prove necessary at some point to update and supplement Pennsylvania-specific aspects of the common-issues discovery." (*Id.* at 7.)

Moreover, common, non-site discovery is underway in this case and is not scheduled to be completed until next year. (*See* CMO 125.) The parties have agreed to, and the Court has set, a schedule for discovery—including reciprocal non-site specific fact discovery, ESI productions, and depositions—that extends well into 2019 and contemplates the selection of focus sites for the purpose of conducting limited site-specific discovery prior to remand. (*See generally* CMO 121;

CMO 125.) Indeed, this is the procedure that has been implemented in the other remaining consolidated matters—the New Jersey, Puerto Rico, and Orange County Water District actions have all been partially remanded for focus-site trials but otherwise remain before this Court for consolidated pretrial proceedings. (*See* Defs.' Mem. 3–4.)[6]

Second, Plaintiff contends that remand would lead to efficiencies and the "expeditious disposition of the litigation." (Pl.'s Mem. 6.) However, Plaintiff offers no factual or legal support for this argument. To the contrary, "a key principle of the multi-district scheme involves the accrual of judicial expertise. It is a fundamental assumption of the multidistrict system that having only one court sort out the facts of complex and multi-faceted transactions and occurrences which have given rise to many competing legal claims well serves the goal of judicial economy." *In re Integrated Res., Inc.*, MDL No. 897, 1995 WL 234975, at *4 (S.D.N.Y. Apr. 21, 1995). "If an action were remanded to the transferor court prior to the completion of pretrial proceedings, the recipient court would be required to make its own way up the same learning curve, resulting in just that duplication of efforts that the multidistrict system is designed to avoid." *Wang v. Bear Stearns Cos., Inc.*, No. 11 Civ. 5643, 2013 WL 3479507, at *3 (S.D.N.Y. July 10, 2013) (internal quotation marks omitted). This Court has accrued significant familiarity with the relevant complex factual and legal issues involved in the MDL. In the course of approving numerous settlements and ruling on multiple dispositive motions, I—and Judge Scheindlin before she retired—have analyzed the different claims and issues involved in

---

[6] While Plaintiff relies heavily on my remand decision in the Orange County Water District matter, it does so selectively and ignores that only a part of that case was remanded. For example, Plaintiff cites that opinion for the proposition that remand is appropriate where "everything that remains to be done is case specific." (Pl.'s Mem. 6) (quoting *In re MTBE Prods. Liab. Litig.*, MDL No. 1358, 2017 WL 5468758, at *2 (S.D.N.Y. Nov. 13, 2017)). But the opinion goes on to state that even "[w]hen everything that remains to be done is case specific, it does not necessarily mean that consolidated proceedings have concluded." *In re MTBE Prods. Liab. Litig.*, 2017 WL 5468758, at *2 (internal quotation marks omitted). Indeed, in that decision I concluded that the non-remanded portion of the action would remain in the MDL "in order to conduct coordinated and consolidated pretrial proceedings." *See* Suggestion of Remand, No. 1:00-cv-01898-VSB, ECF No. 4471, at 2 (S.D.N.Y. Nov. 13, 2017).

7

the various individual matters in this MDL. Likewise, Magistrate Judge Freeman has overseen extensive discovery throughout the duration of this individual matter and during the course of the MDL. As Plaintiff notes, the "MDL Court already has issued more than 140 opinions on topics ranging from the jurisdiction of federal courts to hear MTBE cases which were filed in state court, to the preemptive authority of state and federal regulatory agencies, to the definition of MTBE-caused 'harm' for which plaintiffs can seek compensation." (Pl.'s Mem. 7.) Numerous jurists in this Court have devoted significant time gaining familiarity with the cases and claims involved in this MDL and remand would likely result in a duplication of those efforts by requiring a new judge—Judge Harvey Bartle in the Eastern District of Pennsylvania—to familiarize himself with and manage a case that is not yet trial ready. Accordingly, retention of the instant action by this Court will serve the interests of "conserv[ing] the resources of the parties, their counsel and the judiciary" by preventing duplicative discovery and judicial effort, and avoiding inconsistent rulings. *In re Merrill Lynch*, 2010 WL 2541227, at *2 (internal quotation marks omitted).

Third, Plaintiff contends that remand is appropriate because the Panel has "begun winding down the MDL." (Pl.'s Mem. 3.) In support of this assertion, Plaintiff notes that the Panel has stopped adding new cases to the MDL and the number of cases remaining in the MDL has diminished. I find this argument meritless. Even where "virtually all the actions with which [a] case was consolidated have . . . been settled," remand is not required. *In re Integrated Res. Inc.*, 1995 WL 234975, at *4; *cf. In re Wilson*, 451 F.3d 161, 170 (3d Cir. 2006) ("[T]he test is not whether proceedings on issues common to all cases have concluded; it is whether the issues overlap, either with MDL cases that have already concluded or those currently pending."). "The mere fact that pretrial proceedings have been concluded in some or most of the transferred cases

does not justify remand of other cases initially transferred by the Panel. Even if the transferee court had disposed of all but one transferred case, the Panel may refuse to remand that single case to the transferor district because discovery still remained to be completed in that case." *Wang*, 2013 WL 3479507, at *3 (quoting David F. Herr, Multidistrict Litigation Manual § 10:7 (2012 ed.)); *see also In re CBS Color Tube Patent Litig*., 342 F. Supp. 1403, 1405 (J.P.M.L. 1972) (finding that it was not necessary to remand an action "in which discovery is not yet completed . . . simply because all other consolidated cases in the transferee court have been dismissed or terminated in some way"). Thus, the fact that the number of cases remaining in the MDL is dwindling, and that the Panel has decided not to add additional consolidated cases, are not alone sufficient to justify remand of this action.

Lastly, Plaintiff asserts that remand is proper because of the potential that the trial judge will have to duplicate some of this Court's "immer[sion] in the same Pennsylvania-specific facts and law." (Pl.'s Mem. 5.) However, such potential overlap "is inherent in any MDL proceeding," *In re Maxim*, 2015 WL 1757779, at *5; *cf. Hildes v. Arthur Andersen LLP*, No. 08-CV-0008 BEN (RBB), 2014 WL 1571330, at *4 (S.D. Cal. Apr. 16, 2014) ("[T]hat multidistrict litigation will be transferred back to the transferor court for trial after pretrial proceedings have taken place in the transferee court is foreseen by § 1407 [and] does not constitute good cause for remanding an action to the transferor court before the pretrial proceedings have concluded."), and may exist and/or occur regardless of when the case is remanded. This situation alone, therefore, cannot provide the required good cause to warrant remand of a case prior to the completion of pretrial proceedings. *See In re Maxim*, 2015 WL 1757779, at *5.

Accordingly, I find that Plaintiff has not shown that this case will no longer benefit from coordinated proceedings and has failed to meet its burden to demonstrate good cause why this

9

case should be remanded to the United States District Court for the Eastern District of Pennsylvania.

## IV. <u>Conclusion</u>

For the foregoing reasons, Plaintiff's motion is DENIED and I decline to suggest that the Panel remand this action at this time.

The Clerk of Court is respectfully directed to terminate the pending motion at Doc. 401.

SO ORDERED.

Dated: January 7, 2019
      New York, New York

_____
Vernon S. Broderick
United States District Judge