# Exhibit 1

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement And Release ("Settlement and Release") is made between the Orange County Water District (the "District"), on the one hand, and Chevron U.S.A. Inc., a Pennsylvania corporation, and Union Oil Company of California, a California corporation (together, the "Chevron U.S.A. Defendants"), on the other hand, regarding the settlement of all claims between them in the litigation captioned *Orange County Water District Unocal Corporation,* 8:03-cv-01742-CJC (ANx) (the "Litigation"), as of the effective date set forth below. These parties are referred to herein collectively as the "Parties" and individually as a "Party."

## I.  RECITALS

A.  On or about May 6, 2003, the District filed a complaint in Orange County Superior Court, entitled *Orange County Water District v. Unocal Corporation, et al.* seeking money damages and declaratory relief against certain members of the oil industry ("Defendants") who allegedly manufactured, distributed, transported, and/or sold gasoline containing methyl tertiary butyl ether ("MTBE") that was ultimately delivered to service stations within or near the boundaries of the District. The District alleges that gasoline containing MTBE was released from such gasoline station sites and contaminated and/or threatens to contaminate the soil, soil-vapor, surface water, and/or the groundwater basin managed, owned, operated, used, and/or protected by the District (the "Basin"). The District contends that Defendants, including the Chevron U.S.A. Defendants, should not have added MTBE to gasoline and that releases of gasoline with MTBE could have been prevented if Defendants, including the Chevron U.S.A. Defendants, had provided adequate warnings and instructions regarding MTBE and its proper handling and/or had properly installed and operated appropriate underground storage systems. The District also

1

alleges that Defendants, including the Chevron U.S.A. Defendants, failed to operate their service stations properly and failed to investigate and remediate releases of gasoline containing MTBE to the environment properly. The District also alleges TBA, which it contends is present as a gasoline constituent, an impurity in commercial grade MTBE, and a degradation or breakdown product of MTBE, contaminated and/or threatens to contaminate the soil, soil-vapor, surface water, and/or the Basin. Based on these allegations, the District asserted causes of action for products liability, negligence, trespass, nuisance, and violations of the Orange County Water District Act (the "OCWD Act"), seeking declaratory relief and damages for injuries the District claims to have suffered, in part, due to the actions and/or omissions of the Defendants, including the Chevron U.S.A. Defendants. The Chevron U.S.A. Defendants deny the District's claims and all other material allegations asserted against them. Defendants removed the Litigation to federal court, and it is currently pending as part of a nationwide multi-district litigation in the Southern District of New York, styled *In re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation*, MDL 1358, with a set of initial trial sites remanded for trial in the Central District of California.[1]

B.  The Chevron U.S.A. Defendants and the District, without any admission of liability and solely to avoid the expense and burden of future litigation, now desire to settle all disputes between them arising from the Litigation, and all related Claims (as defined below) prior to any judgment or finding of liability and prior to all of the evidence being presented to the court or any appeals from any of the decisions or rulings rendered to this point in the Litigation. In entering into this Settlement and Release, no Party makes any admission of any fact, responsibility, fault, or liability.

---

[1] While the Litigation was pending, the District filed First, Second, and Third Amended Complaints.

2

## II.     AGREEMENT

Based upon the Recitals set forth above and in consideration of the mutual promises and consideration hereinafter described, the Parties agree as follows:

### 1.      Release by the District.

a.      The District represents that it is a California special district created pursuant to the Orange County Water District Act ("OCWD Act"), California Chapter 924, Statutes of 1933, as amended, to maintain, replenish, and manage groundwater resources in the District and has the right to conduct investigations of the water quality in the District, to perform any necessary cleanup, abatement, or remedial work to prevent, abate, or contain any threatened or existing contamination or pollution of the surface or groundwaters in the District, and to recover its costs to perform any such activities. The District also represents that it has the right to litigate to protect groundwater resources within its boundaries. In the Litigation, the District is acting on its own behalf and within the full scope of its powers and authority under the OCWD Act to commence, maintain, and compromise any and all Claims (as defined below) related to the alleged interference with its water or water rights, alleged diminution of the quantity or quality of the water supply of the District, and/or alleged pollution or contamination of the water supply of the District that may endanger or damage the inhabitants, lands, or use of water in the District. West's Ann. Cal. Water Code App.§§ 40-2 and 40-8.

b.      The District, in its governmental and/or sovereign capacity, or otherwise (as contemplated under Sec. 2, paragraph 9 of the OCWD Act), including on behalf of itself, its Board of Directors, and its predecessors, successors, agencies, commissions, departments, officers, employees, agents, officials, insurers, representatives, and attorneys, and for the benefit of the District, hereby releases and forever discharges the Chevron U.S.A. Defendants, including

all companies owned or operated by the Released Parties (defined below) which sold or otherwise marketed gasoline products or remediated and/or oversaw the remediation of gasoline release sites, their successors-in-interest, predecessors-in-interest, parents, ultimate parent companies, and/or subsidiaries and their affiliates, together with all their current and former respective officers, employees, directors, shareholders, officials, agents, accountants, attorneys, insurance carriers, and reinsurers (the "Released Parties"), of and from all Claims (as defined below). An "affiliate" or "affiliates" shall include any entity that is included or has been included in Chevron Corporation's or UNOCAL Corporation's consolidated federal tax returns or in which Chevron Corporation or UNOCAL Corporation own or owned, directly or indirectly, an interest greater than 50%.

   c. For purposes of this Settlement and Release,

    i. Except as provided in Paragraph II.1.e. below, "Claims" means any and all demands, actions, causes of action, suits, rights, matters, liens, obligations, assessments, damages (including, without limitation, diminution-in-value, stigma, property damage, lost enjoyment or use, lost profit, and punitive or exemplary damages), liabilities, investigation costs, remediation costs, restoration costs, remedies of any kind, other costs, losses, or expenses (including attorneys' fees, litigation costs, and expert witness fees) of any kind or nature whatsoever (whether legal or equitable, past, present, or future, ascertained or unascertained, known or unknown, suspected or unsuspected, whether based in tort, contract, any local, state, or federal law, common law, statute, ordinance, rule, or regulation, including but not limited to any direct, indemnification, and/or assigned claims), arising out of, relating to, or resulting from the conduct or alleged conduct that gave rise to the Litigation, including but not limited to: (i) actual or threatened soil, soil-

4

vapor, groundwater, or surface water contamination within the District from Covered Substances (as defined below) manufactured, sold, marketed, stored, refined, supplied, distributed, or exchanged by the Released Parties; (ii) the District's investigation, remediation, or restoration of any such actual or threatened contamination, and any other action or response arising out of, relating to, or resulting from such actual or threatened contamination; (iii) any operations of the Released Parties within the District prior to the date of this Settlement and Release which allegedly contributed to any such actual or threatened contamination within the District from Covered Substances; (iv) any alleged failure by the Released Parties to clean up or remove any Covered Substances from groundwater, surface water, soil-vapor, or soil on, under, or near any release site; (v) any liability, damages, fact, or circumstance that have or could have been raised as part of the Litigation against the Released Parties concerning Covered Substances; and (vi) any current or future claim of actual or threatened soil, soil-vapor, groundwater, or surface water contamination related to any gasoline station sites within the District's service area that sold, marketed, stored, supplied, or distributed gasoline manufactured, sold, marketed, stored, refined, supplied, distributed, or exchanged by the Released Parties. The entirety of this Paragraph applies to, but is not limited to, any groundwater, surface water, soil, soil vapor, aquifers, water resources, wells, or other property managed, owned, leased, operated, and/or otherwise used by the District, including later-acquired interests.

        ii.     "Covered Substances" shall mean refined petroleum products including, but not limited to, gasoline and all components of these products as follows: (i) benzene, toluene, ethyl benzene and xylene; (ii) methyl tertiary butyl ether (MTBE), tertiary butyl alcohol (TBA), tertiary amyl methyl ether (TAME), diisopropyl ether (DIPE), and/or ethyl

5

tertiary butyl ether; and (iii) any degradation products and/or by-products or impurities of a substance listed above. Covered Substances does not include ethanol.

    d. Apart from the Released Parties, the District is not releasing any other party to the Litigation or any person or entity not a party to the Litigation, and the released Claims do not include any Claim by or against any other person or entity, including any other Defendants in the Litigation and including (but not limited to) any other person or entity who manufactured, refined, distributed, sold, and/or supplied gasoline to any facility located within the boundaries of the District, or that impacted waters flowing into the boundaries of the District.

    e. Notwithstanding any other provision herein, "Claims" do not include any claim based on a release of gasoline, or any constituent thereof, into the environment by the Released Parties occurring after the effective date of this Settlement and Release. "Claims" do, however, include any claim based on a release of Covered Substances occurring on or before the effective date of this Settlement and Release, whether known or unknown, regardless of the extent to which such release might have migrated in the environment, if at all. A release into the environment includes any release of gasoline or any constituent thereof (except ethanol) into the air, soil, or water, or to the area surrounding the container in which the material was intended to be stored located within the boundaries of the District or impacting waters flowing into the boundaries of the District.

  **2.** **Consideration.**

    As consideration for the foregoing releases, the Parties shall do the following:

    a. Within five (5) business days following receipt of a copy of this Settlement and Release executed by the District, the Chevron U.S.A. Defendants shall file with the courts in the Litigation motions for orders determining this settlement to be in good faith in

6

accordance with sections 877 and 877.6 of the California Code of Civil Procedure. Alternatively, the Chevron U.S.A. Defendants may make an Application for Order Determining Good Faith Settlement pursuant to Code of Civil Procedure section 877.6(a)(2).

    b. Within 15 days of the date on which the last court enters an order approving this Settlement and Release as a good faith settlement and confirming that the Released Parties are entitled to protection against contribution claims pursuant to California Code of Civil Procedure section 877.6, the Chevron U.S.A. Defendants shall pay to the District the total sum of eleven million dollars ($11,000,000.00) (the "Settlement Payment"), by either (1) check payable to "Miller & Axline, A Professional Corporation, CA IOLTA Acct/Client Trust Account," 1050 Fulton Avenue, Suite 100, Sacramento, CA 95825, or (2) wire transfer to the Miller & Axline Client Trust Account.

    c. Within five business days of its receipt of the Settlement Payment from the Chevron U.S.A. Defendants, the District shall dismiss the Litigation against the Chevron U.S.A. Defendants with prejudice. All Parties to this Settlement and Release shall bear their own attorneys' fees, expenses, and costs in connection with the Litigation.

    d. The District shall cooperate in securing court approval in the Litigation of the settlement between the Parties as one made in good faith by filing appropriate papers with the courts and/or appearing at any hearing(s) to consider those papers, if necessary.

    e. This Settlement and Release and the dismissal of the Litigation against the Chevron U.S.A. Defendants with prejudice are supported by the mutual promises and covenants contained herein, which the Parties agree constitute good and valuable consideration.

**3.**   **Waiver.**

With respect to, and subject to the terms of, the release contained in Paragraph II.1

7

above, the District expressly waives any rights or benefits available under section 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Each Party understands and acknowledges the significance and consequence of the specific waiver of section 1542 set forth above. Each Party acknowledges that its attorneys have explained to its authorized representatives the meaning and effect of section 1542 and the waiver thereof. Each Party understands fully the statutory language of section 1542 and, with this understanding, nevertheless elects to, and does, assume all risks for claims released under this Settlement and Release, known or unknown, heretofore and thereafter arising from the subject matter of the Litigation or of this Settlement and Release. Each Party fully understands that if the facts with respect to which this Settlement and Release is executed are found hereafter to be other than or different from the facts now believed by it to be true, it expressly accepts and assumes the risk of such possible difference in facts and agrees that this Settlement and Release shall be and remain effective notwithstanding such difference in facts.

### 4. Conditions Precedent.

This Settlement and Release and all obligations of the Parties hereto are conditioned upon obtaining court approval of the settlement in the Litigation as a good faith settlement as that term is defined in California Code of Civil Procedure section 877.6.

### 5. No Admission.

This Settlement and Release is a compromise of disputed claims as to which the Parties have not had an opportunity to present all evidence of their claims and defenses, nor have

they had the opportunity to appeal any decisions or rulings rendered in the Litigation. This Settlement and Release fully and finally settles all Claims by the District against the Released Parties and prevents any further actions by the District against the Released Parties in the Litigation. The Parties agree that in recognition of the expenses of further litigation, the uncertainty of any possible judgment, and any appeals which might have been successful if pursued, the amount of monies paid should not be construed as anything other than the compromise of disputed Liability. Neither the payment of any consideration hereunder nor anything contained in this Settlement and Release shall be interpreted or construed to be an admission on the part of, nor to the prejudice of, any person hereto. The Released Parties expressly deny any and all liability associated with or related to the Claims.

**6.     Authority to Sign; Indemnity.**

Each Party represents and warrants that the individual who executes this Settlement and Release on behalf of the corporation, city, district, governmental agency, partnership, joint venture, unincorporated association, or other entity has the appropriate authority of the officers, shareholders, members, or board of directors of said entity to do so. In the event that the individual who executes this Settlement and Release did not have such authority on behalf of the corporation or governmental entity, then the Parties agree to defend, indemnify, and hold harmless each other Party from any claim that such authority did not exist.

**7.     Final Settlement.**

The Parties understand and agree that this Settlement and Release shall act as a release of all future Claims whether such Claims are currently known, unknown, foreseen, or unforeseen. The Parties understand and acknowledge the significance and consequence of the specific waiver of California Civil Code section 1542 described above and hereby assume full

responsibility for any injury, loss, damage, or liability that may hereafter be incurred by reason of or related to the matters alleged in the Litigation, raised by said dispute, or defined as Claims herein.

## GENERAL PROVISIONS

### 8. Entire Agreement; No Modification.

Each Party individually and collectively declares and represents that no promises, inducements, or other agreements not expressly contained herein have been made with regard to the settlement of the Litigation; that this Settlement and Release contains the entire agreement between the Parties hereto with respect to the subject matter of the Litigation; and that the terms of this Settlement and Release are contractual and not recitals only. All prior agreements, understandings, oral agreements, and writings regarding the matters set forth herein are expressly superseded hereby and are of no further force or effect. This Settlement and Release may not be altered, amended, or modified in any respect except by a writing duly executed by the Party to be charged.

### 9. Binding Effect.

This Settlement and Release shall inure to the benefit of the Parties hereto and the Released Parties, and shall benefit thereby their predecessors, successors, parents, subsidiaries, affiliates, officers, directors, and employees, past, present, and future. The court in the Central District of California, Case No: SACV 03-01742-CJC (ANx) shall retain jurisdiction to enforce the terms of this settlement.

The Chevron U.S.A. Defendants represent and warrant that the undersigned have all requisite power to execute, bind, deliver, and perform this Settlement and Release on behalf of the Released Parties and that this Settlement and Release has been duly and validly executed

and delivered by them as the Chevron U.S.A. Defendants' corporate representatives. The Chevron U.S.A. Defendants warrant that they will not challenge or contest the validity of this Settlement and Release and that they forever waive any defense to its validity, including any defense based on any claim the Settlement and Release is *ultra vires*, or otherwise void.

### 10. Further Documents.

To the extent any documents are required to be executed to effectuate this Settlement and Release, each Party hereto agrees to execute and deliver such other and further documents as may be required to carry out the terms of this Settlement and Release.

### 11. Further Actions.

To the extent any actions are required to be taken to effectuate this Settlement and Release, each Party hereto agrees to take said actions as may be required to carry out the terms of this Settlement and Release.

### 12. Representation.

Each Party hereto represents and acknowledges that each of them has been represented by counsel with respect to this Settlement and Release and any and all matters covered by or related to such Settlement and Release. Each Party hereto has been fully advised with respect to all rights which are affected by this Settlement and Release.

### 13. Voluntary and Knowing Release.

Each Party signing this Settlement and Release represents and warrants that each of them: (i) read, knows, and understands the contents hereof; (ii) has executed this Settlement and Release voluntarily; (iii) has not been influenced by any person(s) or attorney acting on behalf of any Party; and (iv) understands that after signing this Settlement and Release, each Party cannot proceed against the others on account of any of the matters described herein.

### 14. Headings, Number, and Gender.

Headings are used herein for convenience only and shall have no force or effect in the interpretation or construction of this Settlement and Release. As used in this Settlement and Release, the singular shall include the plural and the masculine, feminine, and neutral genders.

### 15. Ownership of Claims; Indemnity.

Each Party hereto represents that no other person or entity has or has had any interest in the Claims alleged in this action on behalf of the District; that they have the sole right and exclusive authority to execute this Settlement and Release and receive the consideration specified in this Settlement and Release; and that each Party has not sold, assigned, transferred, conveyed, or otherwise disposed of any Claims within the scope of this Settlement and Release.

No payment owed or made pursuant to this Settlement and Release is intended to constitute a debt, damage claim penalty, or other claim that may be limited or discharged in a bankruptcy proceeding.

Nothing in this Settlement and Release shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Settlement and Release other than the Released Parties, which are all intended third-party beneficiaries.

### 16. Payment of Attorneys' Fees and Court Costs.

Each Party hereto shall be responsible for the payment of its own court costs, attorneys' fees, and all other expenses, costs, and fees in connection with the matters referred to in the Litigation and in this Settlement and Release.

### 17. Applicable Law.

This Settlement and Release shall be construed and interpreted in accordance with the laws of the State of California.

### 18. Severability.

If any provision or any part of any provision of this Settlement and Release is for any reason held to be invalid, unenforceable, or contrary to any public policy, law, statute, or ordinance, then the remainder of this Settlement and Release shall not be affected thereby and shall remain valid and fully enforceable.

### 19. Counterparts.

This Settlement and Release may be executed in counterparts, and all such executed counterparts shall constitute an agreement that shall be binding upon the Parties hereto, notwithstanding that the signatures of all Parties and Parties' designated representatives do not appear on the same page.

### 20. Attorneys' Fees and Costs to Enforce Agreement.

If any action is required to be taken by any Party to this Settlement and Release to enforce the terms hereof, the prevailing party in any such action shall be entitled to reasonable attorneys' fees and costs.

The Parties below named have executed this Settlement and Release as of the date and year appearing below adjacent to the signatures of the Parties. This Settlement and Release is effective as of the final date of the Parties' signatures below.

*[[Signatures on Following Page]]*

Dated: January 4, 2019      ORANGE COUNTY WATER DISTRICT

By: Vicente Sarmiento
Its: President

APPROVED AS TO FORM:

ORANGE COUNTY WATER DISTRICT

By: Michael R. Markus
Its: General Manager

General Counsel

Dated: January 4, 2019      CHEVRON U.S.A. INC., A PENNSYLVANIA CORPORATION

By: Kari H. Endries
Its: Vice President and Secretary

Dated: January 4, 2019      UNION OIL COMPANY OF CALIFORNIA, A CALIFORNIA CORPORATION

By: Kari H. Endries
Its: Vice President and Secretary

14