UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation | Master File No. 1:00 - 1898<br>MDL 1358<br>M21-88 |

**This Document Relates to:**

*New Jersey Department of Environmental Protection, et al. v. Atlantic Richfield Co., et al.*
No. 1:08-cv-00312

# NEW JERSEY PLAINTIFFS' REPLY
# IN SUPPORT OF MOTION TO REMAND

## I. INTRODUCTION

One week after the New Jersey plaintiffs (collectively, "**New Jersey**") filed a Motion to Remand, this Court denied a Motion to Remand filed in the Commonwealth of Pennsylvania's MTBE case (ECF No. 4533). *In re MTBE*, No. 1:00-1898 & No. 14-CV-6228, 2019 WL 117302 (S.D.N.Y. Jan. 7, 2019). Defendants' opposition to New Jersey's present motion ("**Def. Opp.**") wrongly argues that this Court's decision on the Pennsylvania motion definitively resolves New Jersey's motion. But defendants ignore at least three fundamental differences in the posture of the two cases, which make present remand of the remainder of New Jersey's case both appropriate and consistent with this Court's Pennsylvania decision.

First, after 12 years in the MDL, this case is significantly more advanced than the four-year-old Pennsylvania case. The parties here have completed all discovery necessary for a Phase I trial (including general liability discovery) and the JPML, upon the recommendation of this Court, has in fact already remanded a portion of the case for a Phase I trial. Much of the discovery that took place in this Court during Phase I can be utilized in the transferor court following the remand requested here, as contemplated by the MDL structure.

The Pennsylvania case, on the other hand, is currently in the middle of Phase I discovery, which is being conducted under the oversight of Magistrate Judge Freeman. No discovery is ongoing in the MDL with respect to the New Jersey case. No magistrate judge has been assigned to the New Jersey case, and no case-management conferences have been held in the almost-four years since Phase I was remanded.

Second, the Honorable Freda Wolfson in the transferor court has gained significant experience with New Jersey's case during the almost-four years that the trial sites have been

1

pending before her following partial remand. In addition to holding status conferences and issuing several definitive opinions that impact both the bellwether trial and the statewide case, Judge Wolfson, through the use of mandatory mediation, has been able to resolve the entire case with respect to the majority of defendants, leaving only a handful of defendants in the case. Guided by the discovery already conducted in the MDL, the decisions that she already has rendered in this case, and the result of the Phase I trial that will be held under her auspices, Judge Wolfson is in the better position to guide the remainder of the case that eventually will be tried in her courtroom. This is especially true because most or all issues that remain in the New Jersey litigation are New Jersey specific.

Third, unlike in the Pennsylvania case, in the instant case, this Court has issued an order regarding final trial structure that provides all the guidance necessary for the transferor court to resolve the remainder of the case should remand be granted now.

## II. REMAND OF NEW JERSEY'S ENTIRE ACTION IS APPROPRIATE AND IS CONSISTENT WITH THIS COURT'S REMAND DECISION IN PENNSYLVANIA'S MTBE CASE

A full remand of the New Jersey MTBE litigation now would encourage the efficient resolution of what remains of this case. As this Court explained in its Pennsylvania opinion, "'[t]he transferee court should consider when remand will best serve the expeditious disposition of the litigation.'" *In re MTBE*, 2019 WL 117302 at *2 (quoting the Manual for Complex Litigation (Fourth) § 20.133 (2017)). This Court noted the appropriateness of remand "'should be guided in large part by whether one option is more likely to insure the maximum efficiency for all parties and the judiciary.'" *In re MTBE*, 2019 WL 117302 at *2 (quoting *In re State St. Bank & Tr. Fixed Income Funds Inv. Litig.*, 2011 WL 1046162 at *3-4).

2

In 2015, after managing the completion of general discovery, trial-site selection, and trial-site-specific discovery, this Court recommended that the JPML remand the Phase I trial-sites portion of this case to the District of New Jersey to complete Phase I pre-trial proceedings and a trial on the Phase I trial sites. The JPML followed the Court's suggestion and issued a remand order. Since that time, Judge Wolfson has been actively managing the litigation, including holding several case-management conferences and issuing substantive opinions on trial and statewide issues. *See, e.g., New Jersey Dept. of Environmental Protection v. Amerada Hess Corp.*, No. 3:15-CV-6468 (D. N.J. Apr. 22, 2018), ECF 140 & 141 (granting plaintiffs' motion for jury trial, in part); *see also Amerada Hess, 323 F.R.D. 213* (D.N.J. 2017) (denying defendants' motion in regarding burden of proof necessary to prove restoration damages). The parties on remand have fully briefed *Daubert* motions and Judge Wolfson held a hearing and received expert testimony relating to those *Daubert* motions. *See, generally*, No. 3:15-CV-6468, ECF Nos. 105-133, 147-148, and 153. Judge Wolfson also ordered mandatory mediation, which resulted in several major defendants settling, leaving only a handful of remaining defendants.[1]

This Court's recent Pennsylvania remand opinion noted: "'a key principle of the multi-district scheme involves the accrual of judicial expertise." *In re MTBE*, 2019 WL 117302 at *3. Here, following the partial remand of New Jersey's case to her court, Judge Wolfson has been presiding over the Phase I litigation for nearly four years and has accrued extensive expertise in the relevant factual and legal issues in this case. With this expertise, Judge Wolfson has no need

---

[1] Out of the original 53 defendants, only four defendant groups remain in this case: (1) ExxonMobil Corp.; (2) Gulf Oil and Cumberland Farms, Inc.; (3) Getty Properties Corp.; and (4) Lukoil Americas Corporation and related Lukoil entities, including Getty Petroleum Marketing, Inc. Total Petrochemicals & Refining Inc. (TPRI), a *de minimis* defendant, also remains.

3

for any "learning curve" upon remand of the remaining case. *In re MTBE*, 2019 WL 117302 at *3 (citing *Wang v. Bear Sterns Cos., Inc.*, No. 11 Civ. 5643, 2013 WL 3479507 at *3 (S.D.N.Y. July 10, 2013) ("'If an action were remanded to the transferor court prior to the completion of pretrial proceedings, the recipient court would be required to make its own way up the same learning curve, resulting in just that duplication of efforts that the multidistrict system is designed to avoid."). Judge Wolfson is in the best position to continue the remainder of the case based on the experience and expertise she has developed over the last several years with the trial sites.

In ordering a subsequent single, Phase II trial, this Court recognized that "future discovery can be better focused with a defined structure for any future trials" and "[b]ecause the New Jersey and Puerto Rico I cases differ, the parties are not required to reach the same structure for a Phase II trial in each of those cases." CMO No. 124 at 2 (ECF No. 4431 (MDL)).

The structure of any future trial will be determined by the trial court. *See U. S. ex rel. Nelson v. Follette*, 430 F.2d 1055, 1059 (2d Cir. 1970), *cert. denied*, 401 U.S. 917 (1971) ("A trial judge exercises broad discretion in controlling the conduct of trial and the presentation of evidence."). Because Judge Wolfson will be the trial judge for the Phase II trial, she is in the best position to manage the case and determine the details of the Phase II discovery and trial. *See In re Baseball Bat Antitrust Litig.*, 112 F. Supp. 2d 1175, 1177 (J.P.M.L. 2000) (remanding to transferor court because the "remaining pretrial proceedings [ ] can best be managed [by] the transferor judge who, under the Supreme Court's ruling in *Lexecon, Inc. v. Milberg Weiss Bershad Hynes Lerach, et al.*, 523 U.S. 26, 118 S.Ct. 956, 140 L.Ed.2d 62 (1998), is the judge who must preside over any eventual [] trial.").

4

Indeed, remanding the remainder of this case to the court of origin now will *avoid* the "duplication of efforts that the multi-district system is designed to avoid." *In re MTBE*, 2019 WL 117302 at *3. Moreover, if the case remains in the MDL, rulings in this Court related to the trial structure could result in issuance of advisory opinions.[2] *See* Fed. R. Civ. Proc. R. 54(b) (pre-judgment orders "may be revised at any time" by trial judge).

Phase II of this litigation will rely heavily on New Jersey state law and such case-specific rulings are better left to the New Jersey transferor court. *In re State St. Bank & Tr. Co. Fixed Income Funds Inv. Litig.*, No. 08 CIV. 5440 RJH, 2011 WL 1046162, at *5 (S.D.N.Y. Mar. 22, 2011) (stating "the Court finds that 'case-specific rulings "are neither the purpose, nor the forte, of a court presiding over a multi-district litigation.... [T]he transferee court typically does not rule on cumbersome, case-specific legal issues.'" *In re Nuvaring Products Liability Litigation,* No. 4:08MD1964 RWS, 2009 WL 4825170, at *2 (E.D.Mo. Dec. 11, 2009) (quoting *In re Phenylpropanolamine Products Liability Litigation,* No. MDL 1407, 2004 WL 2034587, at *2 (W.D.Wash. Sept. 3, 2004))). Phase II of the case will focus on issues under New Jersey state law about collective liability, statistical evidence, products liability, the New Jersey Spill Compensation and Control Act, New Jersey's Water Pollution Control Act, and New Jersey common law. As there are no other New Jersey-based cases in the MDL, decisions regarding New Jersey-specific issues are not transferable to other cases in the MDL and retaining this case will potentially create, not avoid, duplication of efforts for this Court and for the District Court of

---

[2] As Judge Freeman recently noted in a discussion of trial structure for the Pennsylvania MTBE litigation: "What I don't want to do is, you know, put either myself or the District Judge on the case in this court in the position of giving you some sort of advisory opinion as to how a case will be tried." Hearing Tr. 61:9-12, Jan. 11, 2019 (relevant pages are Exhibit 1 hereto).

5

New Jersey.

Phase II of the case also will involve almost no common factual discovery with other pending cases in the MDL. In the Pennsylvania MTBE case, this Court decided a motion to remand for a case that is at a very different stage of litigation than this case. In fact, this Court noted the Pennsylvania defendants' contention that "this Court should continue managing the case through common and site-specific discovery for selected focus sites and then remand the claims for those sites once they are ready for trial." *In re MTBE*, 2019 WL 117302, at *2. In contrast, in this case, remand is appropriate now because the trial-site selection and discovery phases were completed years ago.

Although the MDL Court is intended to conduct "common pretrial proceedings" (*In re MTBE*, 2019 WL 117302 at *2), the pretrial proceedings that remain in this case are not "common." The only issue that defendants suggest is a "common" issue is the "alleged injury to privately owned drinking water wells." Defendants assert this is a common issue because it concerns "whether the sovereign plaintiffs have *parens patriae* standing and whether there is a cognizable injury to private wells." Def. Opp. at 7. This argument is not persuasive. First, to date, New Jersey only has presented expert testimony regarding natural resource damages for injuries to its own water resources and for the costs to restore such resources, not for injuries to private wells. Second, to the extent New Jersey may seek damages for injuries to privately owned drinking water wells in Phase II, this issue turns on New Jersey's Spill Act, New Jersey's Water Pollution Control Act, and New Jersey's public-trust and *parens patriae* doctrines; it does not turn on law common to other MDL cases. *See e.g.*, N.J.S.A. 58:10-23-11g and 11u (Spill Act creates liability for cost of restoring, repairing, or replacing real or personal property impacted by

6

discharge and for cost of restoration and replacement of natural resources); *see also* N.J.S.A. 58:10A-49.1.b (WPCA right of action to assess violator for costs incurred to correct adverse effects upon environmental quality or public health and to recover compensatory damages); *see also Howell Twp. v. Waste Disposal, Inc.*, 207 N.J. Super. 80, 91 (App. Div. 1986) (*parens patriae*); *see also In re Proposed Xanadu Redevelopment Project*, 402 N.J. Super. 607, 648 (App. Div. 2008) (public trust).

Defendants object to the timing of remand: "what matters now is that the focus site process that this Court carefully crafted years ago is just now entering its final stage (trial) in New Jersey, and should play out before remanding the remaining, or any portion of, the remaining sites." Def. Opp. at 1. Defendants provide no reason, however, why the residual case should not be remanded to the originating court now. Remand of the remaining case now will allow the originating court to structure next steps for the few remaining defendants and conserve the resources of the parties and the judiciary.

The decision of whether to suggest remand should be guided in large part by whether one option is more likely to provide "'maximum efficiency for all parties and the judiciary.'" *U.S. ex rel. Hockett v. Columbia/HCA Healthcare Corp.*, 498 F. Supp. 2d 25, 38 (D.D.C. 2007) (quoting *In re IBM Peripheral EDP Devices Antitrust Litig.*, 407 F. Supp. 254, 256 (J.P.M.L.1976).) The "fair and efficient administration" of this case at this advanced stage calls for remand – not retention – of the case in the MDL. Remand will "'eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.'" *See In re Merrill Lynch Auction Rate Sec. Litig.*, No. 09 CIV. 5043 (LAP), 2010 WL 2541227, at *2 (S.D.N.Y. June 11, 2010) (quoting *In re Heritage Bonds*

7

*Litig.,* 217 F. Supp. 2d 1369, 1370 (J.P.M.L. 2002) (citing 28 U.S.C. § 1407)).

### III. CONCLUSION

For all the reasons stated above, plaintiffs respectfully request that the Court grant their Motion to Remand.

Dated: January 28, 2019

Respectfully submitted,

GURBIR S. GREWAL
Attorney General of New Jersey

/s/   *GWEN FARLEY*

GWEN FARLEY
Deputy Attorney General
*Counsel for New Jersey Plaintiffs*
Hughes Justice Complex
25 Market Street
P.O. Box 093
Trenton, NJ 08625-0093
Telephone:   (609) 376-2761

Dated:   January 28, 2019

*/s/ MICHAEL AXLINE*

MICHAEL AXLINE
*Special Counsel for New Jersey Plaintiffs*
MILLER & AXLINE
A Professional Corporation
1050 Fulton Avenue, Suite 100
Sacramento, CA   95825-4225
Telephone:   (916) 488-6688
Facsimile:   (916) 488-4288

8

**PROOF OF SERVICE VIA LEXISNEXIS FILE & SERVE**
*New Jersey Department of Environmental Protection, et al. v. Atlantic Richfield Co., et al.*
United States District Court, Southern District of New York, Case No. 08 Civ. 00312 (SAS)
United States District Court, District of New Jersey, Civil Action No. 3:15-6468(FLW-LHG)

I, the undersigned, declare that I am, and was at the time of service of the paper(s) herein referred to, over the age of 18 years and not a party to this action. My business address is 1050 Fulton Avenue, Suite 100, Sacramento, CA 95825-4225.

On the date below, I served the following document on all counsel in this action electronically through LexisNexis File & Serve:

**NEW JERSEY PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO REMAND**

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on January 28, 2019, at Sacramento, California.

*/s/ Kathy Herron*
KATHY HERRON