UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | | |
|---|---|---|
| IN RE METHYL TERTIARY BUTYL ETHER ("MTBE") PRODUCTS LIABILITY LITIGATION | : | Master File No. 1:00-1898 MDL 1358 (VSB) Civil Action No. 08-Civ. 00312 |
| This document relates to: | : | |
| New Jersey Department of Environmental Protection, et al. v. Atlantic Richfield Co., et al., | : : | STIPULATION RELATED TO SETTLEMENT as to GETTY PETROLEUM MARKETING, INC.; LUKOIL AMERICAS CORPORATION individually and as f/k/a, d/b/a and/or successor in liability to Getty Petroleum Marketing Inc., Lukoil North America LLC and/or Lukoil Oil Company; LUKOIL NORTH AMERICA LLC, individually and as f/k/a, d/b/a and/or successor in liability to Getty Petroleum Marketing, Inc., Lukoil Americas Corporation and/or OAO Lukoil; LUKOIL OIL COMPANY, a/k/a OAO Lukoil a/k/a Public Joint Stock Company Oil Company LUKOIL a/k/a/PJSC Oil Company Lukoil, individually and as f/k/a, d/b/a and/or successor in liability to Getty Petroleum Marketing Inc., Lukoil Americas Corporation and/or Lukoil North |

Case 1:09-cv-00322-VSB-DCF Document 584 Filed 03/27/20 Page 2 of 4

          America LLC; LUKOIL PAN
          AMERICAS, LLC ONLY

-------------------------------------- :

VERNON S. BRODERICK, U.S.D.J.:

      WHEREAS plaintiffs and defendants GETTY PETROLEUM MARKETING, INC. ("GPMI"), LUKOIL AMERICAS CORPORATION individually and as f/k/a, d/b/a and/or successor in liability to Getty Petroleum Marketing Inc., Lukoil North America LLC and/or Lukoil Oil Company; LUKOIL NORTH AMERICA LLC, individually and as f/k/a, d/b/a and/or successor in liability to Getty Petroleum Marketing, Inc., Lukoil Americas Corporation and/or OAO Lukoil; LUKOIL OIL COMPANY, a/k/a OAO Lukoil a/k/a Public Joint Stock Company Oil Company LUKOIL a/k/a/PJSC Oil Company Lukoil, individually and as f/k/a, d/b/a and/or successor in liability to Getty Petroleum Marketing Inc., Lukoil Americas Corporation and/or Lukoil North America LLC; and LUKOIL PAN AMERICAS, LLC entered into a settlement agreement (the "Lukoil/GPMI Settlement")[1] that is being submitted to this Court for approval; and

---

[1] The Parties agree that the entities are correctly identified in the Judicial Consent Order which is intended to include LUKOIL AMERICAS CORPORATION ("LAC"); LUKOIL NORTH AMERICA LLC ("LNA"); OAO LUKOIL ("OAO LUKOIL") n/k/a PUBLIC JOINT STOCK COMPANY OIL COMPANY LUKOIL ("PJSC LUKOIL"); and LUKOIL PAN AMERICAS, LLC ("LPA") (each of LAC, LNA, PJSC LUKOIL and LPA referred to hereinafter collectively as "the Lukoil Defendants").

WHEREAS certain non-settling defendants have previously objected to the settlement in this case between defendant CITGO Petroleum Corporation and plaintiffs; and

WHEREAS the Court denied the motion to approve the settlement between CITGO Petroleum Corporation and plaintiffs;

THEREFORE, in response to the Court's decision and the previous objections of the non-settling defendants, plaintiffs stipulate and agree as follows:

1. Plaintiffs agree to reduce any judgment, and if necessary, agree not to seek to collect or to collect in this litigation, captioned *New Jersey Department of Environmental Protection v. Atlantic Richfield Co.*, MDL 1358, 08 Civ. 00312 (S.D.N.Y.), or in any subsequent judicial, administrative or other action that arises as a result of the claims asserted in this litigation, any portion of any judgment under the New Jersey Spill Compensation and Control Act, N.J.S.A. 58:10-23.11 to -23.24 ("Spill Act"), that is allocated by the fact finder in this action to GPMI or the Lukoil Defendants based on their percentage of relative fault. Plaintiffs further agree that in any trial of this action, the trier of fact shall determine GPMI's and the Lukoil Defendants' percentage of relative fault for Spill Act claims in the same manner and in the same form of trial verdict as for common law claims

and as for all other defendants, as if GPMI and the Lukoil Defendants had remained non-settling defendants.

2. Except as provided in paragraph 1 above, this Stipulation is strictly limited to the Lukoil / GPMI Settlement in this litigation and in no other way limits or reduces the liability of any responsible party.

3. This Stipulation is expressly contingent and effective only upon the approval by the Court of the Lukoil /GPMI Settlement.

COHN LIFLAND PEARLMAN
HERRMANN & KNOPF LLP

Special Counsel to the
Attorney General

BY: _____
Leonard Z. Kaufmann,
A Member of the Firm
DATE: 2/27/2020

GURBIR S. GREWAL
ATTORNEY GENERAL OF NEW
JERSEY

BY: _____
Gwen Farley,
Deputy Attorney General
DATE: 2/27/2020

SO ORDERED:

_____
Vernon S. Broderick  3/27/2020
United States District Judge