|  |  |
|---|---|
| NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION; THE COMMISSIONER OF THE NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION; and THE ADMINISTRATOR OF THE NEW JERSEY SPILL COMPENSATION FUND,<br><br>Plaintiffs,<br><br>V.<br><br>ATLANTIC RICHFIELD CO., et al.,<br><br>Defendants. | UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK IN RE MTBE LITIGATION MASTER FILE No. 1:00-1898 MDL No. 1358 (VSB)<br><br>Civil Action No. 08 Civ. 00312<br><br>JUDICIAL CONSENT ORDER AS TO GETTY PETROLEUM MARKETING, INC.; LUKOIL AMERICAS CORPORATION individually and as f/k/a, d/b/a and/or successor in liability to Getty Petroleum Marketing Inc., Lukoil North America LLC and/or Lukoil Oil Company; LUKOIL NORTH AMERICA LLC, individually and as f/k/a, d/b/a and/or successor in liability to Getty Petroleum Marketing, Inc., Lukoil Americas Corporation and/or OAO Lukoil; LUKOIL OIL COMPANY, a/k/a OAO Lukoil a/k/a Public Joint Stock Company Oil Company LUKOIL a/k/a/PJSC Oil Company Lukoil, individually and as f/k/a, d/b/a and/or successor in liability to Getty Petroleum Marketing Inc., Lukoil Americas Corporation and/or Lukoil North America LLC; LUKOIL PAN AMERICAS, LLC ONLY |

This matter was opened to the Court by Gurbir S. Grewal, Attorney General of New Jersey, Deputy Attorney General Gwen Farley appearing, and Leonard Z. Kaufmann, Esq. of Cohn Lifland Pearlman

1

Herrmann & Knopf LLP, and Scott E. Kauff, Esq. of the Law Offices of John K. Dema, P.C., and Michael Axline, Esq. of Miller Axline P.C., and Tyler Wren, Esq. of Berger & Montague P.C., Special Counsel to the Attorney General, appearing, as attorneys for plaintiffs New Jersey Department of Environmental Protection ("DEP" or "Department") and the Commissioner of the New Jersey Department of Environmental Protection ("Commissioner"), in their named capacity, as parens patriae, and as trustee of the natural resources of New Jersey, and the Administrator of the New Jersey Spill Compensation Fund ("Administrator"), and Matthew G. Parisi, Esq. of Bleakley Platt & Schmidt, LLP representing defendant GETTY PETROLEUM MARKETING, INC. ("GPMI"); and Joseph L. Sorkin, Esq. of Akin Gump Strauss Hauer & Feld LLP representing defendants, as identified in the Fifth Amended Complaint,[1] LUKOIL AMERICAS CORPORATION individually and as f/k/a, d/b/a and/or successor in liability to Getty Petroleum Marketing Inc., Lukoil North America LLC and/or Lukoil Oil Company; LUKOIL NORTH AMERICA LLC, individually and as f/k/a, d/b/a and/or successor in liability to Getty Petroleum Marketing, Inc., Lukoil Americas Corporation

---

[1] The Parties agree that the entities represented by Akin Gump are correctly identified as and this Judicial Consent Order is intended to include LUKOIL AMERICAS CORPORATION ("LAC"); LUKOIL NORTH AMERICA LLC ("LNA"); OAO LUKOIL ("OAO LUKOIL") n/k/a PUBLIC JOINT STOCK COMPANY OIL COMPANY LUKOIL ("PJSC LUKOIL"); and LUKOIL PAN AMERICAS, LLC ("LPA") (each of LAC, LNA, PJSC LUKOIL and LPA referred to hereinafter collectively as "the Lukoil Defendants").

and/or OAO Lukoil; LUKOIL OIL COMPANY, a/k/a OAO Lukoil a/k/a Public Joint Stock Company Oil Company LUKOIL a/k/a/PJSC Oil Company Lukoil, individually and as f/k/a, d/b/a and/or successor in liability to Getty Petroleum Marketing Inc., Lukoil Americas Corporation and/or Lukoil North America LLC; and LUKOIL PAN AMERICAS, LLC, and these Parties having amicably resolved their dispute before trial:

I.   BACKGROUND

A.      The Plaintiffs initiated this action on or around June 28, 2007 by filing a complaint against GPMI and LAC and other defendants in the Superior Court of the State of New Jersey, Mercer County, Docket MER-L-1622-07, pursuant to the Spill Compensation and Control Act, N.J.S.A. 58:10-23.11 to -23.24 ("the Spill Act"), the Water Pollution Control Act, N.J.S.A. 58:10A-1 to -20, and the common law. The matter was removed to the United States District Court for the District of New Jersey, and later assigned to the multi-district litigation in the United States District Court for the Southern District of New York, MDL No. 1358 (VSB) ("Multi-District Litigation"). There was a remand of nineteen trial sites to the United States District Court for the District of New Jersey, Civil Action No.: 15-6468 (FLW)(LHG); the remainder of the case continues in the Southern District of New York.

B.      The Plaintiffs filed amended complaints; the latest was the Fifth Amended Complaint, which included *inter alia* GPMI and

each of the Lukoil Defendants and was filed September 28, 2018 (the "Complaint").

C.      Plaintiffs, in their Complaint, seek past and future damages they have incurred and will incur as a result of alleged widespread contamination of the waters of New Jersey by MTBE.

D.      Plaintiffs, in their Complaint, seek past and future costs they have incurred and will incur as a result of alleged widespread contamination of the waters of New Jersey by MTBE.

E.      Plaintiffs, in their Complaint, seek injunctive relief concerning the remediation of MTBE discharges.

F.      Defendant GPMI was a Maryland corporation with its last principal place of business at 1500 Hempstead Turnpike, East Meadow, New York.  GPMI was incorporated in 1996 and began operations in March, 1997.  During the relevant time period, (i) from 1997 (when GPMI commenced business) until 2000, GPMI was a publicly-listed company on the New York Stock Exchange, and (ii) from 2000 until 2011, GPMI was a subsidiary of LAC. GPMI filed for bankruptcy in December, 2011 and has been fully liquidated. At all times relevant herein, policies of insurance naming and insuring GPMI were purchased, the appropriate premiums were paid and GPMI was entitled to a defense and indemnity, if any, pursuant to the terms, conditions and limitations of certain of these insurance policies for the claims brought in this action. Plaintiffs' claim against GPMI was already released during the GPMI bankruptcy

proceedings. Plaintiffs' claim against GPMI is limited to recoverable insurance proceeds.

G.      Defendant LAC is a Delaware corporation with its principal place of business at 505 Fifth Avenue, 9th Floor, New York, New York 11554. LAC is an indirect subsidiary of OAO LUKOIL. The Complaint alleges that LAC was formerly known as, did business as, and/or is the successor in liability to Defendants GPMI, LNA and Lukoil Oil Company.

H.      Defendant LNA is a Delaware corporation with its principal place of business at 505 Fifth Avenue, New York, New York 11554. LNA is a wholly-owned subsidiary of defendant LAC. The Complaint alleges that LNA was formerly known as, did business as and/or is the successor in liability to GPMI, LAC and/or OAO Lukoil.

I.      Defendant OAO LUKOIL is a Public  Joint Stock Company domiciled in Russia. OAO LUKOIL is now known as PJSC LUKOIL. The Complaint refers to OAO LUKOIL as Lukoil Oil Company.

J.      Defendant LPA is a Delaware limited liability company with its principal place of business at 1095 Avenue of the Americas, 3rd Floor, New York, New York 10036.

K.      GPMI and LAC filed responsive pleadings in which each denied liability and asserted various defenses to the allegations contained in the Complaint.  The other Lukoil Defendants would have filed responsive pleadings in which each would have denied