liability and asserted various defenses to the allegations contained in the Complaint. GPMI and the Lukoil Defendants represent that they do not, as of the effective date of this JCO, utilize or knowingly distribute MTBE as an additive to gasoline in New Jersey.

L.      The Parties to this Judicial Consent Order ("JCO") recognize, and this Court by entering this JCO finds, that the Parties to this JCO have negotiated this JCO in good faith; that the implementation of this JCO will allow the Parties to this JCO to avoid continued, prolonged, and complicated litigation; and that this JCO is fair, reasonable, and in the public interest.

**THEREFORE**, with the consent of the Parties to this JCO, it is hereby **ORDERED and ADJUDGED**:

## II. JURISDICTION

1.      This case was removed to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1446(d) and the Energy Policy Act of 2005, 42 U.S.C. § 7545, et seq., which expressly authorized the removal of legal actions related to allegations involving MTBE contamination, and then assigned to the United States District Court for the Southern District of New York as part of the Multi-District Litigation. Part of the litigation was remanded to the United States District Court for the District of New Jersey.

2.      For purposes of approving and implementing this JCO, the Parties to this JCO waive all objections and defenses they may have to the jurisdiction of this Court and the United States District Court for the District of New Jersey over the Parties and this JCO. The Parties shall not challenge the jurisdiction of the United States District Court for the Southern District of New York or the United States District Court for the District of New Jersey to enforce this JCO against the parties to this JCO.

### III. PARTIES BOUND

3.      This JCO applies to, and is binding upon, the Plaintiffs and the named Settling Defendants, as defined below (each, a "Party" and collectively, the "Parties").

### IV. DEFINITIONS

4.      Unless otherwise expressly provided, terms used in this JCO that are defined in the Spill Act or in the regulations promulgated under the Spill Act, shall have their statutory or regulatory meaning. Whenever the terms listed below are used in this JCO, the following definitions shall apply:

"Damages" shall mean all damages caused by discharges of MTBE prior to the effective date of this JCO, whether or not known or suspected to exist by Plaintiffs, that at any time threaten or affect waters of New Jersey, including but not limited to natural resource damages, sought in the Complaint. "Damages" do not

7

include Settling Defendants' obligation to perform Remediation except for those matters expressly released or for which a covenant not to sue is granted in Paragraph 6(b) below. Damages also do not include Past Cleanup and Removal Costs or Future Cleanup and Removal Costs, except for those matters expressly released in Paragraph 6(b) below or for which a covenant not to sue is granted in Paragraph 6(b) below.

"Day" shall mean a calendar day unless expressly stated to be a Working Day. "Working Day" shall mean a day other than a Saturday, Sunday, or State holiday. In computing time under this JCO, where the last day would fall on a Saturday, Sunday, or State holiday, time shall run until the close of business of the next Working Day.

"Defendant's Site" means any site in New Jersey for which a Settling Defendant is in any way responsible for MTBE discharged at that site unless such responsibility is based solely upon a Settling Defendant's Upstream Activities.

"Future Cleanup and Removal Costs" shall mean all direct and indirect costs of any kind for any purpose the Plaintiffs incur on or after the effective date of this JCO, including oversight costs, with respect to MTBE that threatens or affects the waters of New Jersey for which GPMI or any of the Lukoil Defendants are responsible under any applicable federal or state statute, regulation or order.

"MTBE" shall mean methyl tertiary butyl ether, neat or as a part of gasoline or as a contaminant of other fuel, and the degradation byproducts of commercial grade MTBE, including tertiary butyl alcohol ("TBA"). In addition, MTBE shall include TBA when TBA is present in MTBE gasoline.

"Paragraph" shall mean a portion of this JCO identified by an Arabic numeral or an upper case letter.

"Past Cleanup and Removal Costs" shall mean all direct and indirect costs of any kind for any purpose the Plaintiffs incurred before the effective date of this JCO, including oversight costs, with respect to MTBE that threatens or affects the waters of New Jersey for which GPMI or any of the Lukoil Defendants are responsible under any applicable federal or state statute, regulation or order.

"Plaintiffs" shall mean plaintiffs DEP, the Commissioner, and the Administrator, including in their capacities as described in paragraphs 14 to 18 of the Complaint, and any successor department, agency or official. Plaintiffs hereby represent and warrant that they have the power and authority to enter into this Agreement.

"Remediation" shall mean compliance with the Administrative Requirements for the Remediation of Contaminated Sites, N.J.A.C. 7:26C, or any successor regulation, and all of the then-applicable remediation standards pursuant to N.J.S.A. 58:10B-12 and N.J.A.C. 7:26D, or any successor regulation. Remediation does not include

9

restoration to pre-discharge conditions (primary restoration) beyond what is necessary to comply with the applicable remediation standards pursuant to N.J.S.A. 58:10B-12 and N.J.A.C. 7:26D. Remediation also does not include any liability to comply with the Administrative Requirements for the Remediation of Contaminated Sites, N.J.A.C. 7:26C, or any successor regulation, and all of the then-applicable remediation standards pursuant to N.J.S.A. 58:10B-12 and N.J.A.C. 7:26D, or any successor regulation based solely upon Upstream Activities, and nothing herein shall be deemed an admission by Settling Defendants that such liability can be based on Upstream Activities.

"Section" shall mean a portion of this JCO identified by a roman numeral.

"Settling Defendants" means GPMI (including Plaintiffs' claims made against insurance policies under which GPMI was insured), LAC, LNA, PJSC LUKOIL, and LPA, and each of GPMI's and the Lukoil Defendants' related entities, as well as GPMI's and the Lukoil Defendants' parent companies, officers, directors, employees, predecessors, predecessors in interest, parents, successors, successors in interest and subsidiaries. No other party named as a defendant in the Fifth Amended Complaint shall be considered a related entity of GPMI or any of the Lukoil Defendants. Getty Properties Corp. and its related entities are specifically excluded from the definition of Settling Defendants