in this JCO to the extent that Getty Properties Corp. would be included in such definition.

"Upstream Activities" means the manufacture, refining, blending, sale, supply, distribution, exchange, transfer, purchase, trading, marketing, and/or branding of MTBE or gasoline with MTBE. Upstream Activities do not include a discharge of MTBE or gasoline with MTBE at or from a facility, as defined by N.J.A.C. 7:1E-1.6, in New Jersey that occurs at a time that the facility is owned, operated, or controlled by a Settling Defendant while the Settling Defendant is engaged in the manufacture, refining, blending, sale, supply, distribution, exchange, transfer, purchase, trading, marketing, and/or branding of MTBE or gasoline with MTBE.

V. SETTLING DEFENDANTS' COMMITMENTS

5. (a) Within fourteen (14) Days after the effective date of this JCO, GPMI and/or the Lukoil Defendants shall pay, or cause to be paid on their behalf, the Plaintiffs Twenty Two Million Dollars ($22,000,000.00) in full and complete satisfaction of Plaintiffs' claims that are released or for which a covenant not to sue is provided in Section VI of the JCO.

(b) The amount specified in Paragraph 5(a) above shall be paid by wire transfer pursuant to instructions provided by Plaintiffs. Notice of payment shall be emailed to: John Sacco, Director/State

Forester, New Jersey Department of Environmental Protection at John.Sacco@dep.nj.gov and to Gary Wolf, Section Chief, Environmental Enforcement Section, Division of Law, Department of Law and Public Safety at Gary.Wolf@law.njoag.gov or such other persons as Plaintiffs may designate.

## VI. PLAINTIFFS' COVENANTS AND RELEASES

6. (a) In consideration of, and upon receipt of, the payment required in Section V above, and except as otherwise provided in Section VII below, the Plaintiffs fully and forever release, covenant not to sue, and agree not to otherwise take judicial, administrative, or other action against the Settling Defendants pursuant to the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), the Spill Act, the Water Pollution Control Act, or any other statute or regulation for recovery of Damages, Past Cleanup and Removal Costs, injunctive relief sought in the Complaint, or attorneys' fees, consultants' and experts' fees, and other litigation costs sought in the Complaint for the sites identified by the Plaintiffs in NJMTBE-000-030608, attached hereto and incorporated herein by reference as Exhibit "A." The liability of any non-Settling Defendant is unaffected by this release and covenant not to sue except as set forth in the agreed stipulation, attached hereto as Exhibit "B." The foregoing release and covenant not to sue does not preclude

12

Plaintiffs from seeking:(i) equitable, including injunctive, relief sought in the Complaint related to Remediation, (ii) attorneys' fees, consultants' and experts' fees, and other litigation costs sought in the Complaint related to a particular Remediation and not generated in connection with the preparation of the Complaint or any of the proceedings in the Multi-District Litigation, or (iii) Remediation of any discharge at or from any Defendant's Site, provided the Settling Defendant's Remediation liability at such Defendant's Site is not based solely on its Upstream Activities.

(b) Notwithstanding any other provision of this JCO, in consideration of, and upon receipt of, the payment(s) required in Section V above, the Plaintiffs fully and forever release, covenant not to sue, and agree not to otherwise take judicial, administrative, or other action against the Settling Defendants for Plaintiffs' causes of action based upon Settling Defendants' alleged liability (i) under the common law with respect to MTBE discharges that threaten or affect the waters of New Jersey; (ii) in equity (except as reserved in Paragraphs 6(a), 10, 11, 21, 23, and 24) with respect to MTBE discharges that threaten or affect the waters of New Jersey; (iii) under theories of products liability with respect to MTBE discharges that threaten or affect the waters of New Jersey; or (iv) under any applicable federal or state statute, regulation or order where such liability is premised

13

upon Settling Defendants' Upstream Activities prior to the effective date of the JCO.

7. The covenants and releases contained in this Section VI shall take effect upon the Plaintiffs receiving the payment that GPMI and the Lukoil Defendants are required to make pursuant to Section V above, in full, and in compliance with the terms of this JCO.

8. The covenants and releases contained in this Section VI extend only to Settling Defendants and not to any other defendant, party, person, or entity.

9. The covenants and releases contained in this Section VI do not pertain to any matters other than those expressly stated.

## VII. PLAINTIFFS' RESERVATIONS

10. Except as set forth in Section VI, nothing in this JCO precludes Plaintiffs from taking judicial, administrative, or other action against any Settling Defendant to require that Settling Defendant to perform Remediation of any discharge at or from that Settling Defendant's Site.

11. The Plaintiffs reserve, and this JCO is without prejudice to, all rights against the Settling Defendants except those expressly released or for which there is a covenant not to sue in Section VI. This reservation of rights includes, but is not limited to, the following:

a. claims based on a Settling Defendant's failure to satisfy any term or provision of this JCO;

b. liability arising from any Settling Defendant being in any way responsible for any hazardous substance other than MTBE that is discharged into or threatens the waters and/or soils of New Jersey. To the extent MTBE is also present along with another hazardous substance(s) in the same location (*e.g.,* the same water and/or soil) and during the same time period, Settling Defendants shall receive the releases and covenants not to sue set forth in Section VI above for the other hazardous substance(s) coextensive in place and time with the MTBE, subject to the obligations and reservations in this Section VII and Section XI below, and subject to the potential obligation (if any) to perform restoration for substance(s) other than MTBE to pre-discharge conditions (primary restoration) but only if the restoration of the groundwater containing the MTBE would not have also restored the groundwater by removing such other hazardous substance(s) to pre-discharge concentration(s). Settling Defendants shall not be entitled to any release, covenant not to sue, or offset or reduction in liability or damages for any hazardous substance other than MTBE pursuant to this JCO where any

15