hazardous substance(s) other than MTBE are not in the same location (e.g., the same water and/or soil) during the same time period as the MTBE, except as provided by Paragraph 6(b), unless the restoration of the groundwater containing the MTBE also restores the groundwater by removing such other hazardous substance(s) to pre-discharge concentration(s);

c. liability for Future Cleanup and Removal Costs, except as released in Paragraph 6(b);

d. liability, except as released by Paragraph 6(b), for all claims paid in the three (3) years prior to the effective date of this JCO or in the future by the Spill Fund resulting from a discharge of MTBE at a site owned, operated, or controlled by a Settling Defendant at the time of the discharge that threatens or affects the waters of New Jersey, and for which a Settling Defendant is responsible under the statutes of New Jersey.

e. criminal liability; and

f. liability for any violation by a Settling Defendant of federal or state law that occurs after the effective date of this JCO.

VIII. <u>SETTLING DEFENDANTS' COVENANT</u>

12. The Settling Defendants covenant not to sue or assert any claim or cause of action against the Department, Administrator, or Commissioner, concerning the matters addressed in the Complaint and this JCO, with the exception of the enforcement of the terms of this JCO, unless a Settling Defendant is the subject of third party claims or causes of action for which the Department, Administrator, or Commissioner may be liable.

13. The Settling Defendants' covenant in Paragraph 12 above does not apply where the Plaintiffs sue or take judicial, administrative, criminal or other action against the Settling Defendants pursuant to Section VII above.

## IX. NO FINDINGS OR ADMISSIONS OF LIABILITY

14. Nothing contained in this JCO shall be considered an admission by the Settling Defendants, or a finding by the Plaintiffs or this Court, of any wrongdoing or liability on the Settling Defendants' part.

## X. EFFECT OF SETTLEMENT AND CONTRIBUTION PROTECTION

15. Nothing in this JCO shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this JCO. The preceding sentence shall not be construed to waive or nullify any rights that any person not a signatory to this JCO may have under applicable law.

17

16. Settling Defendants expressly reserve all rights, including, but not limited to, any right to indemnification and contribution, defenses, claims, demands, and causes of action that the Settling Defendants may have concerning any matter, transaction, or occurrence, whether or not arising out of the subject matter of the Complaint, against any person not a Party to this JCO.

17. When entered, this JCO shall constitute a judicially approved settlement within the meaning of N.J.S.A. 58:10-23.11f.a.(2)(b) and 42 U.S.C. § 9613(f)(2) and will resolve the liability of the Settling Defendants to the Plaintiffs for the purpose of providing contribution protection to the Settling Defendants from contribution actions under CERCLA, the Spill Act, the Joint Tortfeasors Contribution Law, N.J.S.A. 2A:53A-1 *et seq.*, the Comparative Negligence Act, N.J.S.A. 2A:15-5.1 to -5.8 or any other statute, regulation or common law principle related to the causes of action pleaded in the Complaint or matters addressed in this JCO. The Parties agree, and by entering this JCO this Court finds, the Settling Defendants are entitled, upon fully satisfying their payment obligation under this JCO, to protection from contribution actions pursuant to Sections 113(f)(2) of CERCLA, 42 U.S.C. §§ 9613(f)(2), the Spill Act, N.J.S.A. 58:10-23.11f.a.(2)(b), and any other statute, regulation, or common law principle that provides contribution rights against the Settling Defendants with regard to

the subject matter of the Complaint or matters addressed in this JCO.

18. In accordance with N.J.S.A. 58:10-23.11e2 the Plaintiffs published a copy of the draft JCO on Plaintiffs' website, published notice of this JCO in the New Jersey Register, and arranged for notice, as described in the following paragraph, to other parties in this case and to the other potentially responsible parties. Such notice included the following information:

    a.    the caption of this case;

    b.    the name of the Settling Defendants;

    c.    a summary of the terms of this JCO; and

    d.    that a copy of the draft JCO is available on DEP's website.

19. In fulfillment of N.J.S.A. 58:10-23.11e2 the Parties have provided written notice of this JCO to all other parties in the case and to other potentially responsible parties by:

    a. The Settling Defendants sending a letter to liaison defense counsel and serving a copy of such letter on counsel of record in the above captioned litigation via LexisNexis File and Serve; and

b. The Settling Defendants publishing notice in the following newspapers:

i. Asbury Park Press;

ii. Atlantic City Press;

iii. Bergen Record;

19

iv. Burlington County Times;

v. New Jersey Herald;

vi. South Jersey Times; and

vii. Star Ledger; and

c. The Plaintiffs distributing a copy of the New Jersey Register Notice via the Site Remediation Program's and the Office of Natural Resource Restoration's websites, which the public can access at http://nj.gov/dep/srp/legal/ and http://nj.gov/dep/nrr/settlements/index.html, respectively.

This notice is deemed compliant with the notice requirement of N.J.S.A. 58:10-23.11e2.

20. The Plaintiffs will submit this JCO to the Court for entry pursuant to Paragraph 35 below unless, as a result of the notice of this JCO pursuant to Paragraphs 18 and 19 above, the Plaintiffs receive information that discloses facts or considerations that indicate to Plaintiffs, in their sole discretion, that the JCO is inappropriate, improper, or inadequate.

21. In any subsequent administrative or judicial proceeding initiated by the Plaintiffs relating to gasoline contamination at sites covered by this JCO, the Settling Defendants shall not assert, and may not maintain, any defense or claim based upon the principles of the entire controversy doctrine and the argument that such matters should have been included in the above-captioned