UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE METHYL TERTIARY BUTYL ETHER ("MTBE") PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br><br>*Commonwealth of Pennsylvania, et al. v. Exxon Mobil Corporation, et al.*, Case No. 1:14-cv-06228 | Master File No. 1:00-1898<br>MDL 1358 (VSB)<br>M21-88 |

Vernon S. Broderick, U.S.D.J.
Debra Freeman, U.S.M.J

# [PROPOSED] CASE MANAGEMENT ORDER NO. 126    *DF*

**WHEREAS**, the parties are have been engaged in Non Site and Site Specific discovery and the Court has ordered that all fact and expert discovery be concluded by December 31, 2021.

**NOW THEREFORE IT IS ORDERED AS FOLLOWS:**

**I.    NON-SITE SPECIFIC DISCOVERY:**

A. Written Discovery

1. Defendants' responses to Plaintiff's 6th, 7th, 8th, 9th and 10th sets of Interrogatories and/or Requests for Production of Documents, and Insurance Defendants responses to the 1st Set of Interrogatories and Requests for production of Documents to Insurance Defendants, shall be served by December 15, 2020.

2. Responses to Non-Site Specific contention interrogatories shall be served by December 15, 2020.

1

 3. All other responses to any pending Non-Site Specific written discovery, shall be served by December 28, 2020.

 4. Prior to December 15, 2020, the parties shall meet and confer to identify measures, such as stipulations as to the authenticity and the admissibility of documents, including laboratory results, that can shorten deposition times.

 5. No further Non-Site Specific written discovery shall be served without leave of Court.

B. Depositions

 1. No further Non-Site Specific deposition notices shall be served without leave of Court.

 2. The depositions of Defendants 30 (b)(6) witnesses noticed by Plaintiff shall be completed on or before March 15, 2021. The following depositions are currently scheduled:

  a. American Refining Group (Supply/Knowledge/Warnings) 11/16/2020

  b. BP (Insurance Claims) - 11/16/2020

  c. Chevron (Supply) – 11/17/2020

  d. Citgo (Supply)/A Flagg – 12/09/2020

  e. Coastal Eagle & El Paso (Knowledge/Insurance Claims) – 03/01/2021

  f. Conoco Phillips (Supply/Insurance Claims) – 11/11/2020 & 11/12/2020

  g. Cumberland Farms (Supply/Knowledge/Warnings/Insurance Claims) – 12/07/2020

    h. George E Warren (Knowledge/Warnings)/ T Coar – 12/18/2020

    i. Getty Properties (Supply/Insurance Claims) – 12/21/2020

    j. Gulf Oil (Supply/Knowledge/Warnings/Insurance Claims) – 12/08/2020 & 12/09/2020

    k. Guttman (Supply/Knowledge/Warnings) – 12/04/2020

    l. Hartree (Supply/Knowledge/Warnings) – 11/30/2020

    m. Hess (Insurance Claims) – 11/18/2020

    n. KinderMorgan (Insurance Claims) – 03/01/2021

    o. Lukoil, et. al. (Supply/Knowledge/Warnings/8-28-20), (NOD/Insurance Claims) -12/01/2020, 12/02/2020 & 12/03/2020

    p. Marathon (Supply/Insurance Claims) – 11/19/2020 & 11/20/2020

    q. Nustar (Terminal Operations/Knowledge/Warnings) – 12/01/2020

    r. Pennzoil (Supply/Knowledge/Warnings) – 12/14/2020

    s. PPC (Terminal Operations/Knowledge/Warnings) – 12/10/2020 – 12/11/2020

    t. Shell (Insurance Claims) – 12/15/2020

    u. Sunoco (Insurance Claims) – 12/03/2020

    v. Total Petroleum (Supply) – 11/23/2020

    w. United Refining (Supply, part 2/ Knowledge/ Warnings/Insurance Claims) – 12/28/2020 & 12/29/2020

    x. Valero/Premcor (Supply/Insurance Claims) -12/22/2020

3. The depositions of percipient witnesses for Plaintiff noticed by Defendants shall be completed according to the following schedule:

    a. Donald Wagner- November 12, 2020

3

  b. Gretchen Leslie – December 2, 2020

  c. Dr. Nair- TBD

  d. Joel Bolstein – December 14, 2020

  e. Troy Conrad - December 15, 2020

  f. Craig Robertson – December 18, 2020

4. The depositions of Plaintiff's 30 (b)(6) representatives noticed by Defendants shall be completed according to the following schedule:

  a. Nov. 10, 2020 – Commonwealth's Knowledge of MTBE;

  b. Nov. 17, 2020 – Remediation & Public Health

  c. Nov. 19, 2020 – State Funding

  d. December 16, 2020 – Underground Storage Tanks

  e. December 21, 2020 – Complaint Tracking System

  f. December 22, 2020 – Air Quality

5. Additional Non-Site Specific depositions may be taken for good cause shown, including, but not limited to:

  a. Disclosure of relevant documents not produced in any prior productions;

  b. Identification of a person, not previously disclosed, who has personal knowledge of relevant, material facts.

6. A party may re-open a Non-Site Specific deposition based on new evidence revealed in any witnesses' testimony or a new document or documents not previously produced in the case.

Case 1:14-cv-02898-SHR-DCF  Document 553-1  Filed 11/03/20  Page 4 of 9

II. **SITE SPECIFIC DISCOVERY:**

A. Written Discovery

1. Plaintiff shall respond to Defendants' First Set of Site Specific Discovery on a rolling basis. Plaintiff shall serve its first responses to Defendants' 1st Set of Site Specific Requests for Admission, by responding for no fewer than 10 of the Focus Sites, by November 16, 2020, and shall complete its responses by responding for the remaining Focus Sites by January 11, 2021.

2. The parties shall serve any Site Specific Interrogatories, Site Specific Requests for Production of Documents and/or Site Specific Requests for Admission no later than June 30, 2021.

3. The parties shall serve Site Specific Contention Interrogatories no later than November 19, 2021.

B. Depositions

1. Defendants and Plaintiff each shall be permitted to notice the deposition of one Rule 30 (b)(6) representative for each Focus Site and shall cooperate to identify witnesses who can testify as a Rule 30(b)(6) representative regarding more than one Focus Site.

2. In the event that a Rule 30 (b)(6) witness cannot address all of the designated issues set forth in the deposition notice, depositions of percipient witnesses may be taken for issues not adequately addressed by the Rule 30 (b)(6) witness.

3. The parties may subpoena Third Parties witnesses regarding Focus Sites

5

provided that counsel subpoenaing the witness:

   a. Provides opposing counsel with advance notice of the deposition; and,

   b. Provides copies of all documents produced by any Third Party witness to opposing counsel.

4. All Site Specific fact discovery shall be completed on or before July 30, 2021.

C. Site Matrix and 30 (b)(6) Deposition Protocol

1. The parties recognize the importance of a Site Matrix that can facilitate Focus Site and expert discovery, and are committed to developing such a Site Matrix. To that end, prior to December 15, 2020, the Parties shall meet and confer to discuss finalizing a Site Matrix for this case to present to the Court at the December 15, 2020 conference. If the parties cannot agree on the terms for a Site Matrix, the parties agree that the Site Matrix issue and any disputes will be presented to the Court at the December 15, 2020 conference.

2. The parties acknowledge that completing all Rule 30(b)(6) depositions efficiently will require counsel to invest time and effort into preparing each witness in compliance with the Federal Rules of Civil Procedure. To that end, the parties shall fully comply with Judge Scheindlin's Order, dated December 5, 2012, regarding the protocol for witnesses testifying in Rule 30 (b)(6) depositions in MDL 1358.

D. Experts

1. Early designation of all Non-Site and Site Specific experts, as well as a staggered schedule that provides for Non-Site Specific expert reports and depositions to begin before Site Specific expert discovery, will allow the parties sufficient time to complete all expert discovery by the end December 31, 2021.

2. The parties shall designate the identity of their experts and the general subjects of their opinions according to the following schedule:

    a. Non-Site Specific Experts

        1. Plaintiffs - February 16, 2021

        2. Defendants - March 16, 2021

    b. Site Specific Experts

        1. Plaintiffs - May 1, 2021

        2. Defendants - June 15, 2021

    * Either party may supplement or substitute their site-specific experts on or before July 30, 2021. If either party designates a supplemental or substitute site-specific expert after the deadline as set forth in this CMO, then the other party shall have 30 days from such supplemental or substitute designation to designate a responsive or rebuttal expert witness.

3. Non-Site Specific Expert Reports:

    a. March 1, 2021 – Plaintiff's Non-Site Specific experts reports due

    b. May 15, 2021 – Defendants' Non-Site Specific experts reports due

7

  c. July 1, 2021 – Plaintiff's Non-Site Specific experts rebuttal reports due

  d. July 1, 2021 – Non-Site Specific expert depositions may begin

4. Site Specific Expert Reports

  a. August 1, 2021 -- Plaintiff's Site Specific experts reports due

  b. September 15, 2021 – Defendants Site Specific experts reports due

  c. October 15, 2021 – Plaintiff's Site Specific experts rebuttal reports due

  d. October 15, 2021 – Site Specific expert depositions may begin

5. The parties shall designate Non-Site and Site Specific employee-experts pursuant to Rule 26(a)(2)(C) on the same dates to designate Non-Site and Site Specific experts in paragraph II. D. 2 above.

### III.   CMO 126 COMPLIANCE

A. Ten (10) days prior to each status conference that the Court may schedule, the parties shall jointly submit a report regarding the status of discovery and any outstanding issues. These reports shall be no longer than ten (10) single spaced pages. Three (3) days prior to each Conference the parties shall submit a joint rebuttal report with respect to any disputed issues. These rebuttal reports shall be no longer than five (5) single spaced pages.

B. The Court expects counsel to work cooperatively to resolve disputed discovery issues and minimize the number of such disputes brought to the Court. If, however, after meeting and conferring in good faith, the parties

       are not able to resolve a dispute regarding any discovery issue(s), they shall promptly bring the disputed issue(s) to the Court's attention in writing. If multiple disputes occur, the parties are encouraged to coordinate on the briefing of such disputes so that they may be brought to the Court's attention at one time or in a coordinated manner, preferably in conjunction with any scheduled status conference.

C. This Case Management Order does not prohibit the parties from agreeing to individual extensions or modifications of the dates identified above, provided, however, that each stage of discovery shall be completed as of the dates set forth herein.

                                        SO ORDERED.

                                        _____
                                        Hon. Debra Freeman
                                        U.S.M.J.

New York, New York

_____November 2_____, 2020

219650216v1