|  |  |  |
|---|---|---|
| NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION; THE COMMISSIONER OF THE NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION; and THE ADMINISTRATOR OF THE NEW JERSEY SPILL COMPENSATION FUND, | : : : : : : | UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK IN RE MTBE LITIGATION MASTER FILE No. 1:00-1898 MDL No. 1358 (VSB) |
| Plaintiffs, | : | Civil Action No. 08 Civ. 00312 |
| v. | : | JUDICIAL CONSENT ORDER AS TO DEFENDANT GETTY PROPERTIES CORP. ONLY |
| ATLANTIC RICHFIELD CO., et al., | : : | |
| Defendants. | : | |

This matter was opened to the Court by Gurbir S. Grewal, Attorney General of New Jersey, Deputy Attorney General Gwen Farley appearing, and Leonard Z. Kaufmann, Esq. of Cohn Lifland Pearlman Herrmann & Knopf LLP, and Scott E. Kauff, Esq. of the Law Offices of John K. Dema, P.C., and Michael Axline, Esq. of Miller Axline P.C., and Tyler Wren, Esq. of Berger & Montague P.C., Special Counsel to the Attorney General, appearing, as attorneys for plaintiffs New Jersey Department of Environmental Protection ("DEP" or "Department") and the Commissioner of the New Jersey Department of Environmental Protection ("Commissioner"), in their named capacity, as *parens patriae*, and as trustee of the natural resources of New Jersey, and the Administrator of the New Jersey Spill Compensation Fund ("Administrator"), and John McMeekin II,

Esq. and Susan Dean, Esq. of Rawle & Henderson LLP representing defendant GETTY PROPERTIES CORP. ("GPC"), and these Parties having amicably resolved their dispute before trial agree as follows:

## I.  BACKGROUND

A.     The Plaintiffs initiated this action on or around June 28, 2007 by filing a complaint against GPC and other defendants in the Superior Court of the State of New Jersey, Mercer County, Docket MER-L-1622-07, pursuant to the Spill Compensation and Control Act, N.J.S.A. 58:10-23.11 to -23.24 ("the Spill Act"), the Water Pollution Control Act, N.J.S.A. 58:10A-1 et seq., and the common law, including product liability claims. The matter was removed to the United States District Court for the District of New Jersey, and later assigned to the multi-district litigation in the United States District Court for the Southern District of New York, *In re Methyl Tertiary Butyl Ether ("MTBE") Multi-District Litigation*, MDL No. 1358 (SDNY) (VSB) ("Multi-District Litigation"). There was a remand of nineteen trial sites to the United States District Court for the District of New Jersey, *DEP v. Amerada Hess*, Civil Action No. 15-6468 (DNJ) (FLW)(LHG); the remainder of the case continues in the Multi-District Litigation in the Southern District of New York.

2

B.      The Plaintiffs filed amended complaints; the latest is the Fifth Amended Complaint, which was filed September 28, 2018 (the "Complaint").

C.      Plaintiffs, in their Complaint, seek past and future damages they have incurred and will incur as a result of alleged widespread contamination of the waters of New Jersey by MTBE.

D.      Plaintiffs, in their Complaint, seek past and future costs they have incurred and will incur as a result of alleged widespread contamination of the waters of New Jersey by MTBE.

E.      Plaintiffs, in their Complaint, seek injunctive relief concerning the remediation of MTBE discharges.

F.      Defendant GPC is a Delaware Corporation with its principal place of business at 2 Jericho Plaza, Suite 110, Jericho, New York.

G.      GPC filed responsive pleadings in which it denied liability and asserted various defenses to the allegations contained in the Complaint.  GPC represents that it does not, as of the Effective Date of this Judicial Consent Order ("JCO"), utilize or knowingly distribute gasoline in New Jersey, inclusive of MTBE as an additive to gasoline in New Jersey.

H.      The Parties to this JCO recognize, and this Court by entering this JCO finds, that the Parties to this JCO have negotiated this JCO in good faith; that the implementation of this JCO will allow the Parties to this JCO to avoid continued,

prolonged, and complicated litigation; and that this JCO is fair, reasonable, and in the public interest.

**THEREFORE**, with the consent of the Parties to this JCO, it is hereby **ORDERED and ADJUDGED**:

## II. JURISDICTION

1.     This case was removed to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1446(d) and the Energy Policy Act of 2005, 42 U.S.C. § 7545, et seq., which expressly authorized the removal of legal actions related to allegations involving MTBE contamination, and then assigned to the United States District Court for the Southern District of New York as part of the Multi-District Litigation. Part of the litigation was remanded to the United States District Court for the District of New Jersey.

2.     For purposes of approving and implementing this JCO, the Parties to this JCO waive all objections and defenses they may have to the jurisdiction over the Parties and this JCO of the United States District Court for the District of New Jersey or the United States District Court for the Southern District of New York to the extent that a particular case or claim was not previously remanded.  The Parties shall not challenge the jurisdiction of the United States District Court for the Southern District of New York

or the United States District Court for the District of New Jersey as appropriate to enforce this JCO against the parties to this JCO.

## III.  PARTIES BOUND

3.      This JCO applies to, and is binding upon, the Plaintiffs and the named Settling Defendant, as defined below (each, a "Party" and collectively, the "Parties").

## IV.  DEFINITIONS

4.      Unless otherwise expressly provided, terms used in this JCO that are defined in the Spill Act or in the regulations promulgated under the Spill Act shall have their statutory or regulatory meaning.  Whenever the terms listed below are used in this JCO, the following definitions shall apply:

"Damages" shall mean all damages caused by discharges of MTBE prior to the effective date of this JCO, whether or not known or suspected to exist by Plaintiffs, that at any time threaten or affect waters of New Jersey, including but not limited to damages sought in the Complaint.  "Damages" do not include Settling Defendant's obligation to perform Remediation except for those matters expressly released or for which a covenant not to sue is granted in Paragraph 6(b) below.  Damages also do not include Past Cleanup and Removal Costs or Future Cleanup and Removal Costs, except for those matters expressly released in Paragraph 6(b) below

or for which a covenant not to sue is granted in Paragraph 6(b) below.

"Day" shall mean a calendar day unless expressly stated to be a Working Day. "Working Day" shall mean a day other than a Saturday, Sunday, or State holiday. In computing time under this JCO, where the last day would fall on a Saturday, Sunday, or State holiday, time shall run until the close of business of the next Working Day.

"Defendant's Site" means any site in New Jersey for which the Settling Defendant is in any way responsible for MTBE discharged at that site unless such responsibility is based solely upon the Settling Defendant's Upstream Activities, if any.

"Future Cleanup and Removal Costs" shall mean all direct and indirect costs of any kind for any purpose the Plaintiffs incur on or after the effective date of this JCO, including oversight costs, with respect to remediation of MTBE that threatens or affects the waters of New Jersey for which GPC is responsible under any applicable federal or state statute, regulation or order, or the common law. For purposes of this JCO only, Future Cleanup and Removal Costs do not include natural resource damages.

"MTBE" shall mean methyl tertiary butyl ether, neat or as a part of gasoline or as a contaminant of other fuel, and the degradation byproducts of commercial grade MTBE, including

tertiary butyl alcohol ("TBA"). In addition, MTBE shall include TBA when TBA is present in MTBE gasoline.

"Paragraph" shall mean a portion of this JCO identified by an Arabic numeral or an upper-case letter.

"Past Cleanup and Removal Costs" shall mean all direct and indirect costs of any kind for any purpose the Plaintiffs incurred before the effective date of this JCO, including oversight costs, with respect to MTBE that threatens or affects the waters of New Jersey for which GPC is responsible under any applicable federal or state statute, regulation or order or the common law.

"Plaintiffs" shall mean plaintiffs DEP, the Commissioner, and the Administrator, including in their capacities as described in paragraphs 14 to 18 of the Complaint, and any successor department, agency or official. Plaintiffs hereby represent and warrant that they have the power and authority to enter into this Agreement.

"Remediation" shall mean compliance with the Administrative Requirements for the Remediation of Contaminated Sites, N.J.A.C. 7:26C, or any successor regulation, and all of the then-applicable remediation standards and requirements pursuant to N.J.S.A. 58:10B-1 et seq., N.J.A.C. 7:26D, and N.J.A.C. 7:26E, or any successor regulation. Remediation does not include restoration to pre-discharge conditions (primary restoration) beyond what is necessary to comply with the applicable remediation standards pursuant to N.J.S.A. 58:10B-12 and N.J.A.C. 7:26D. Remediation

7

also does not include any liability to comply with the Administrative Requirements for the Remediation of Contaminated Sites, N.J.A.C. 7:26C, or any successor regulation, and all of the then-applicable remediation standards pursuant to N.J.S.A. 58:10B-12 and N.J.A.C. 7:26D, or any successor regulation based solely upon Upstream Activities, and nothing herein shall be deemed an admission by Settling Defendant that such liability can be based on Upstream Activities.

"Section" shall mean a portion of this JCO identified by a roman numeral.

"Settling Defendant" means GPC. Settling Defendant shall also include GPC's parent companies, direct and indirect subsidiary companies, and its and their successors, past and present officers, directors, and employees (each, a "Related Entity"), but only to the extent that the alleged liability of any Related Entity is based on its status and in its capacity as a Related Entity, and not to the extent that the alleged liability of the Related Entity with respect to MTBE contamination arose independently of its status and capacity as a Related Entity of Settling Defendant. No other party named as a defendant in the Fifth Amended Complaint shall be considered a related entity of GPC.

"Upstream Activities" means the manufacture, refining, blending, sale, supply, distribution, exchange, transfer, purchase, trading, marketing, and/or branding of MTBE or gasoline

with MTBE. Upstream Activities do not include a discharge of MTBE or gasoline with MTBE at or from a facility, as defined by N.J.A.C. 7:1E-1.6, in New Jersey that occurs at a time that the facility is owned, operated, or controlled by Settling Defendant while the Settling Defendant is engaged in the manufacture, refining, blending, sale, supply, distribution, exchange, transfer, purchase, trading, marketing, and/or branding of MTBE or gasoline with MTBE.

## V.  SETTLING DEFENDANT'S COMMITMENTS

5.   (a) Within fourteen (14) Days after the effective date of this JCO, GPC shall pay, or cause to be paid on its behalf, to the Plaintiffs Thirteen Million Five Hundred Thousand Dollars ($13,500,000.00) (the "Settlement Payment") in full and complete satisfaction of Plaintiffs' claims that are released or for which a covenant not to sue is provided in Section VI of the JCO.

(b) The amount specified in Paragraph 5(a) above shall be paid by wire transfer pursuant to instructions provided by Plaintiffs. Notice of payment shall be emailed to: John Sacco, Director/State Forester, New Jersey Department of Environmental Protection at John.Sacco@dep.nj.gov; David E. Haymes, Administrator, Spill Compensation Fund, New Jersey Department of Environmental Protection at David.Haymes@dep.nj.gov and to Gary Wolf, Section Chief, Environmental Enforcement and Environmental Justice

9

Section, Division of Law, Department of Law and Public Safety at Gary.Wolf@law.njoag.gov or such other persons as Plaintiffs may designate.

(c) For purposes of the Internal identification requirement of Section 162(f)(2)(A)(ii) of the Revenue Code, 26 U.S.C. § 162(f)(2)(A)(ii), the Settlement Payment required of Getty Properties Corp. is required to come into compliance with law.

## VI. PLAINTIFFS' COVENANTS AND RELEASES

6. (a) In consideration of, and upon receipt of, the payment required in Section V above, and except as otherwise provided in Section VII below, the Plaintiffs fully and forever release, covenant not to sue, and agree not to otherwise take judicial, administrative, or other action against the Settling Defendant pursuant to the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), the Spill Act, the Water Pollution Control Act, or any other statute or regulation for recovery of Damages, Past Cleanup and Removal Costs, injunctive relief sought in the Complaint, or attorneys' fees, consultants' and experts' fees, and other litigation costs sought in the Complaint for the sites identified by the Plaintiffs in NJMTBE-000-030608, attached hereto and incorporated herein by reference as Exhibit "A." The liability of any non-Settling Defendant is unaffected by this release and covenant not to sue except as set

10

forth in the agreed stipulation, attached hereto as Exhibit "B." The foregoing release and covenant not to sue does not preclude Plaintiffs from seeking: (i) equitable, including injunctive, relief sought in the Complaint related to Remediation, (ii) attorneys' fees, consultants' and experts' fees, and other litigation costs sought in the Complaint related to a particular Remediation and not generated in connection with the preparation of the Complaint or any of the proceedings in the Multi-District Litigation, or (iii) Remediation of any discharge at or from any of Defendant's Sites, provided the Settling Defendant's Remediation liability at Defendant's Sites is not based solely on its Upstream Activities.

(b) Notwithstanding any other provision of this JCO, in consideration of, and upon receipt of, the payment(s) required in Section V above, the Plaintiffs fully and forever release, covenant not to sue, and agree not to otherwise take judicial, administrative, or other action against the Settling Defendant for Plaintiffs' causes of action based upon Settling Defendant's alleged liability (i) under the common law with respect to MTBE discharges that threaten or affect the waters of New Jersey; (ii) in equity (except as reserved in Paragraphs 6(a), 10, 11, 21, 23, and 24) with respect to MTBE discharges that threaten or affect the waters of New Jersey; (iii) under theories of products liability with respect to MTBE discharges that threaten or affect

the waters of New Jersey; or (iv) under any applicable federal or state statute, regulation or order where such liability is premised upon Upstream Activities prior to the effective date of the JCO.

7. The covenants and releases contained in this Section VI shall take effect upon the Plaintiffs receiving the payment that GPC is required to make pursuant to Section V above, in full, and in compliance with the terms of this JCO.

8. The covenants and releases contained in this Section VI extend only to Settling Defendant and not to any other defendant, party, person, or entity.

9. The covenants and releases contained in this Section VI do not pertain to any matters other than those expressly stated.

## VII.   PLAINTIFFS' RESERVATIONS

10. Except as set forth in Section VI, nothing in this JCO precludes Plaintiffs from taking judicial, administrative, or other action against Settling Defendant to require it to perform Remediation of any discharge at or from any of Defendant's Sites.

11. The Plaintiffs reserve, and this JCO is without prejudice to, all rights against the Settling Defendant except those expressly released or for which there is a covenant not to sue in Section VI. This reservation of rights includes, but is not limited to, the following:

> a. claims based on Settling Defendant's failure to satisfy any term or provision of this JCO;

12

b. liability arising from Settling Defendant being in any way responsible for any hazardous substance other than MTBE that is discharged into or threatens the waters and/or soils of New Jersey. To the extent MTBE is also present along with another hazardous substance(s) in the same location (*e.g.,* the same water and/or soil) and during the same time period, Settling Defendant shall receive the releases and covenants not to sue set forth in Section VI above for the other hazardous substance(s) coextensive in place and time with the MTBE, subject to the obligations and reservations in this Section VII and Section XI below, and subject to the potential obligation (if any) to perform restoration for substance(s) other than MTBE to pre-discharge conditions (primary restoration) but only if the restoration of the groundwater containing the MTBE would not have also restored the groundwater by removing such other hazardous substance(s) to pre-discharge concentration(s). Settling Defendant shall not be entitled to any release, covenant not to sue, or offset or reduction in liability or damages for any hazardous substance other than MTBE pursuant to this JCO where any hazardous substance(s) other than MTBE are not in the same location (*e.g.,* not in the same water and/or soil)

during the same time period as the MTBE, except as provided by Paragraph 6(b), unless the restoration of the groundwater containing the MTBE also restores the groundwater by removing such other hazardous substance(s) to pre-discharge concentration(s).

c. liability for Future Cleanup and Removal Costs, except as released in Paragraph 6(b);

d. liability, except as released by Paragraph 6(b), for all claims paid in the three years prior to the Effective Date of this JCO or in the future by the Spill Compensation Fund resulting from a discharge of MTBE at a site owned, operated, or controlled by Settling Defendant at the time of the discharge that threatens or affects the waters of New Jersey, and for which Settling Defendant is responsible under the statutes or common law of New Jersey.

e. criminal liability; and

f. liability for any violation by Settling Defendant of federal, state or common law that occurs after the effective date of this JCO.

## VIII. SETTLING DEFENDANT'S COVENANT

12. The Settling Defendant covenants not to sue or assert any claim or cause of action against the Department, Administrator, or

14

Commissioner, concerning the matters addressed in the Complaint and this JCO, with the exception of the enforcement of the terms of this JCO, unless Settling Defendant is the subject of third party claims or causes of action for which the Department, Administrator, or Commissioner may be liable.

13.  The Settling Defendant's covenant in Paragraph 12 above does not apply where the Plaintiffs sue or take judicial, administrative, criminal or other action against the Settling Defendant pursuant to Section VII above.

## IX.  NO FINDINGS OR ADMISSIONS OF LIABILITY

14.  Nothing contained in this JCO shall be considered an admission by the Settling Defendant, or a finding by the Plaintiffs or this Court, of any wrongdoing or liability on the Settling Defendant's part.

## X.  EFFECT OF SETTLEMENT AND CONTRIBUTION PROTECTION

15.  Nothing in this JCO shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this JCO.  The preceding sentence shall not be construed to waive or nullify any rights that any person not a signatory to this JCO may have under applicable law.

16.  Settling Defendant expressly reserves all rights, including, but not limited to, any right to indemnification and contribution, defenses, claims, demands, and causes of action that the Settling

Defendant may have concerning any matter, transaction, or occurrence, whether or not arising out of the subject matter of the Complaint, against any person not a Party to this JCO except to the extent released in the separate JCO between Plaintiffs, GPC and the Third Party Defendants being submitted in the District of New Jersey contemporaneously with the submission of this JCO to this Court.

17.  When entered, this JCO shall constitute a judicially approved settlement within the meaning of N.J.S.A. 58:10-23.11f.a.(2)(b) and 42 U.S.C. § 9613(f)(2) and will resolve the liability of the Settling Defendant to the Plaintiffs for the purpose of providing contribution protection to the Settling Defendant from contribution actions under CERCLA, the Spill Act, the Joint Tortfeasors Contribution Law, N.J.S.A. 2A:53A-1 *et seq.*, the Comparative Negligence Act, N.J.S.A. 2A:15-5.1 to -5.8 or any other statute, regulation or common law principle related to the causes of action pleaded in the Complaint or matters addressed in this JCO. The Parties agree, and by entering this JCO this Court finds, the Settling Defendant is entitled, upon it fully satisfying its payment obligation under this JCO, to protection from contribution actions pursuant to Sections 113(f)(2) of CERCLA, 42 U.S.C. §§ 9613(f)(2), the Spill Act, N.J.S.A. 58:10-23.11f.a.(2)(b), and any other statute, regulation, or common law principle that provides contribution rights against the Settling Defendant with regard to

the subject matter of the Complaint or matters addressed in this JCO.

18. In accordance with N.J.S.A. 58:10-23.11e2 the Plaintiffs published a copy of the draft JCO on Plaintiffs' website, published notice of this JCO in the New Jersey Register, and arranged for notice and comment, as described in the following paragraph, to other parties in this case and to the other potentially responsible parties. Such notice included the following information:

a. the caption of this case;

b. the name of the Settling Defendant;

c. a summary of the terms of this JCO; and

d. that a copy of the draft JCO is available on DEP's website.

19. In fulfillment of N.J.S.A. 58:10-23.11e2 the Parties have provided written notice of this JCO to all other parties in the case and to other potentially responsible parties by:

a. The Settling Defendant sending a letter to liaison defense counsel and serving a copy of such letter on counsel of record in the above captioned litigation via LexisNexis File and Serve; and

b. The Settling Defendant publishing notice in the following newspapers:

i. Asbury Park Press;

ii. Atlantic City Press;

iii. Bergen Record;

iv. Burlington County Times;

v. New Jersey Herald;

vi. South Jersey Times; and

vii. Star Ledger; and

c. The Plaintiffs distributing a copy of the New Jersey Register Notice via the Site Remediation and Waste Management Program's and the Office of Natural Resource Restoration's websites, which the public can access at http://nj.gov/dep/srp/legal/ and http://nj.gov/dep/nrr/settlements/index.html, respectively.

This notice is deemed compliant with the notice requirement of N.J.S.A. 58:10-23.11e2.

20. The Plaintiffs will submit this JCO to the Court for entry pursuant to Paragraph 35 below unless, as a result of the notice of this JCO pursuant to Paragraphs 18 and 19 above, the Plaintiffs receive information that discloses facts or considerations that indicate to Plaintiffs, in their sole discretion, that the JCO is inappropriate, improper, or inadequate.

21. In any subsequent administrative or judicial proceeding initiated by the Plaintiffs relating to gasoline contamination at sites covered by this JCO, the Settling Defendant shall not assert, and may not maintain, any defense or claim based upon the principles of the entire controversy doctrine and the argument that such matters should have been included in the above-captioned

litigation; provided, however, that nothing in this Paragraph affects the enforceability of this JCO.

## XI. GENERAL PROVISIONS

22. Nothing in this JCO shall be deemed to constitute preauthorization of a claim against the Spill Compensation Fund within the meaning of N.J.S.A. 58:10-23.11k. or N.J.A.C. 7:1J.

23. To the extent required, all Remediation of hazardous substances performed by the Settling Defendant (if any) under State oversight (as opposed to federal oversight) shall be performed pursuant to the Site Remediation Reform Act, N.J.S.A. 58:10C-1 *et seq.*, and the accompanying regulations (e.g., using a Licensed Site Remediation Professional) notwithstanding N.J.S.A. 58:10C-27(e).

24. The Plaintiffs enter into this JCO pursuant to the police powers of the State of New Jersey for the enforcement of the laws of the State and the protection of the public health and safety and the environment. All obligations imposed upon the Settling Defendant by this JCO are continuing regulatory obligations pursuant to the police powers of the State of New Jersey.

25. No payment owed or made pursuant to this JCO is intended to constitute a debt, damage claim, penalty, or other claim that may be limited or discharged in a bankruptcy proceeding.

26. This JCO shall be governed and interpreted under the laws of the State of New Jersey.

27. If any provision of this JCO or the application thereof to any person or circumstance, to any extent, is held to be invalid or unenforceable, (a) the Parties hereto shall negotiate in good faith a valid and enforceable provision as similar in terms to such invalid or unenforceable provisions as may be possible and (b) the remainder of this JCO or the application of such provision to persons or circumstances other than those as to which it is held invalid or unenforceable, shall not be affected thereby and each provision of this JCO shall be valid and enforced to the fullest extent permitted by law.


XII.  EFFECTIVE DATE

28. The Effective Date of this JCO shall be the date upon which this JCO is entered by the Court.


XIII.  RETENTION OF JURISDICTION

29. The United States District Court for the Southern District of New York retains jurisdiction over both the subject matter of this JCO and the Parties (except as to those specific focus site cases which were remanded to the United States District Court for the District of New Jersey) for the duration of the performance of the terms and provisions of this JCO for the purpose of enabling

any of the Parties to apply to the Court at any time for such further order, direction, and relief as may be necessary or appropriate for the construction or modification of this JCO, or to effectuate or enforce compliance with its terms.

## XIV. COOPERATION AND DOCUMENT RETENTION

30. The Settling Defendant agrees to make current employees available to testify at or prior to trial for this case only without the need to serve subpoenas so long as such employees are only asked to appear where they would otherwise be subject to a proper subpoena and Plaintiffs pay the costs of such employees' travel for the purpose of providing testimony. With respect to former employees, Settling Defendant agrees to use reasonable efforts to facilitate the appearance of such witnesses to testify at or prior to trial, so long as such former employees are only asked to appear where they would otherwise be subject to a proper subpoena, Plaintiffs pay the costs of such former employees' travel for the purpose of providing testimony, and the former employee consents to appear. The Settling Defendant will provide to Plaintiffs last known addresses of former employees that are not willing to voluntarily testify unless prohibited by law or contract from doing so.

31. The Settling Defendant shall comply with the provisions of the March 15, 2005 Order for Preservation of Documents entered in this matter for so long as required under the terms of that Order.

## XV.  MODIFICATION

32. This JCO may only be modified by written agreement between the Parties with approval by the Court and represents the entire integrated agreement between the Plaintiffs and the Settling Defendant, and supersedes all prior negotiations, representations or agreements, either written or oral.

33. Nothing in this JCO shall be deemed to alter the Court's power to enforce, supervise, or approve modifications to this JCO.

## XVI.  ENTRY OF THIS JCO

34. The Settling Defendant consents to the entry of this JCO without further notice after the comment period referenced in Paragraphs 18 and 19 above.

35. So long as Plaintiffs do not receive public comments that disclose facts or considerations that indicate to Plaintiffs, in their sole discretion, that the JCO is inappropriate, improper, or inadequate, upon conclusion of the Plaintiffs' review of any public comment(s) received as a result of the notice described in Paragraphs 18 and 19 above, the Plaintiffs shall promptly submit this JCO to the Court for entry.

36. If for any reason the Court should decline to approve this JCO in the form presented, this agreement is voidable at the sole discretion of any Party and the terms of the agreement may not be used as evidence in any litigation among the Parties or third parties.

37. Within thirty days of the Plaintiffs' receipt of payment as set forth in Section V above, Plaintiffs shall request that the Court dismiss this Complaint as to GPC with prejudice pursuant to Fed. R. Civ. P. 41(a)(2).

## XVII. SIGNATORIES/SERVICE

38. Each undersigned representative of Plaintiffs and Settling Defendant certifies that he or she is authorized to enter into the terms and conditions of this JCO, and to execute and legally bind such Party to this JCO.

39. This JCO may be signed and dated in any number of counterparts, each of which shall be an original, and such counterparts shall together be one and the same JCO.

40. Settling Defendant identifies in this paragraph an agent who is authorized to accept service of process by mail on their behalf with respect to all matters arising under or relating to this JCO. Settling Defendant agrees to accept service in this manner, and to waive the formal service requirements set forth in the New Jersey

Rules of Court or Federal Rules of Civil Procedure, including service of a summons.

For GPC:    John C. McMeekin II, Esquire
            Rawle & Henderson LLP
            Attorney for Getty Properties Corp.

41.  The Parties to this JCO agree that it was negotiated fairly between them at arms' length and that the final terms of this JCO shall be deemed to have been jointly and equally drafted by them, and that the provisions of this JCO therefore should not be construed against a Party to it on the grounds that the Party drafted or was more responsible for drafting the provision(s).


**SO ORDERED** this 17th day of December, 2020 ,        .

U.S.D.J.
                                    Vernon S. Broderick
                                    United States District Judge

NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION CONSENTS TO
THE FORM AND ENTRY OF THIS ORDER

*Intentionally omitted. Due to NJDEP signature by Commissioner see last page*

By: _____
David E. Haymes, Director
Division of Enforcement, Technical, and Financial Support


Dated: _____

24

Case 1:00-cv-01898-VSB Document 4560 Filed 12/03/20 Page 25 of 32

By: ______________________________
Raymond Bukowski, Assistant Commissioner
Natural & Historic Resources

Dated: ________________________

Intentionally omitted due to Commissioner signature. See last page

NEW JERSEY SPILL COMPENSATION FUND CONSENTS TO THE FORM AND ENTRY OF THIS ORDER

By: ____________________________________
David E. Haymes, Administrator
New Jersey Spill Compensation Fund

Dated: ________________________

Gurbir S. Grewal,
Attorney General of New Jersey
Attorney for Plaintiffs

By: _____________________________________
Gwen Farley
Deputy Attorney General

Dated: ________________________

By: _____
Raymond Bukowski, Assistant Commissioner
Natural & Historic Resources

Dated: _____


NEW JERSEY SPILL COMPENSATION FUND CONSENTS TO THE FORM AND ENTRY
OF THIS ORDER


By: _____
David E. Haymes, Administrator
New Jersey Spill Compensation Fund

Dated: _____

Gurbir S. Grewal,
Attorney General of New Jersey
Attorney for Plaintiffs

By: _____
Gwen Farley
Deputy Attorney General

Dated: 11/2/20

GETTY PROPERTIES CORP.   CONSENTS TO THE FORM AND ENTRY OF THIS
ORDER

By: _____

      Joshua Dicker, Esquire
      Executive Vice President
      Getty Properties Corp.

Dated: _____10-15-20_____

THE NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION AND THE
NEW JERSEY SPILL COMPENSATION FUND CONSENT TO THE FORM AND
ENTRY OF THIS ORDER

By: _Cathrine R. McCabe_

Catherine R. McCabe, Commissioner
New Jersey Department of Environmental
Protection, and Administrator
New Jersey Spill Compensation Fund


Dated: _November 24, 2020_

# EXHIBIT A

NEW JERSEY MTBE - PLAINTIFF'S REVISED SITE LIST

| | NJEMS SITE_ID | Former NJEMS SITE_ID | MOST RECENT SITE NAME | ADDRESS | CITY/LOCAL NAME | MUNICIPALITY | ZIP CODE | COUNTY |
|---|---|---|---|---|---|---|---|---|
| 1 | 43562 | | U HAUL CENTER | 1 ABSECON BLVD | ABSECON | ABSECON CITY | 08201 | ATLANTIC |
| 2 | 15386 | | SICO CO DIRECT SERVICE STATION #4/841 | 101 ABSECON BLVD & SHORE RD | ABSECON | ABSECON CITY | 08201 | ATLANTIC |
| 3 | 369012 | | 111 LENAPE LANE | 111 LENAPE LN | ABSECON | ABSECON CITY | 08201 | ATLANTIC |
| 4 | 15385 | | ABSECON SHELL SERVICE STATION | 228 ABSECON BLVD AKA RT 30 | ABSECON | ABSECON CITY | 08201 | ATLANTIC |
| 5 | 13528 | | SUNOCO SERVICE STATION #0004-59328 | 2 ABSECON BLVD & NEW YORK AVE | ABSECON | ABSECON CITY | 08201 | ATLANTIC |
| 6 | 15387 | | SAFETY BUS SERVICE | 205 ABSECON BLVD | ABSECON | ABSECON CITY | 08201 | ATLANTIC |
| 7 | 15504 | | SUNOCO SERVICE STATION #0004-6549 | 471 WHITEHORSE PK AKA RT 30 | ABSECON | ABSECON CITY | 08309 | ATLANTIC |
| 8 | 15567 | | TEXACO SERVICE STATION #10020 | 800 ABSECON BLVD | ABSECON | ABSECON CITY | 08232 | ATLANTIC |
| 9 | 51126 | | H & A TEXACO SERVICE STATION | ABSECON BLVD & NEW RD | ABSECON | ABSECON CITY | 08201 | ATLANTIC |
| 10 | 15384 | | EXXON SERVICE STATION #8/8951 | RT 9 & ABSECON BLVD AKA RT 30 W WHITEHORSE PK | ABSECON | ABSECON CITY | 08201 | ATLANTIC |
| 11 | 12781 | | SUNOCO SERVICE STATION | 101 111 ALBANY AVE & WINCHESTER AVE | ATLANTIC CITY | ATLANTIC CITY | 08201 | ATLANTIC |
| 12 | 93864 | | 103 MASSACHUSETTS AVENUE | 103 MASSACHUSETTS AVE | ATLANTIC CITY | ATLANTIC CITY | 08401 | ATLANTIC |
| 13 | 12786 | | ATLANTIC CITY SERVICE STATION | 1125 N ALBANY AVE | ATLANTIC CITY | ATLANTIC CITY | 08401 | ATLANTIC |
| 14 | 64859 | | 137 LIBERTY AVENUE | 137 LIBERTY AVE | ATLANTIC CITY | ATLANTIC CITY | 08400 | ATLANTIC |
| 15 | 65303 | | 189 NORTH IOWA AVENUE | 189 N IOWA AVE | ATLANTIC CITY | ATLANTIC CITY | 08401 | ATLANTIC |
| 16 | 171848 | | 1607 ATLANTIC AVENUE | 1607 ATLANTIC AVE | ATLANTIC CITY | ATLANTIC CITY | 08401 | ATLANTIC |
| 17 | 171941 | | 1612 ARCTIC AVENUE | 1612 ARCTIC AVE | ATLANTIC CITY | ATLANTIC CITY | 08401 | ATLANTIC |
| 18 | 486717 | 49552 | SPENCER GIFTS | 1701 ATLANTIC AVE | ATLANTIC CITY | ATLANTIC CITY | 08401 | ATLANTIC |
| 19 | 46513 | | ARCTIC AVENUE GULF SERVICE STATION #122665 | 1633 N ALBANY AND | ATLANTIC CITY | ATLANTIC CITY | 08201 | ATLANTIC |
| 20 | 65510 | | SOUTH JERSEY GAS CO | 1920 ARCTIC AVE | ATLANTIC CITY | ATLANTIC CITY | 08401 | ATLANTIC |
| 21 | 12778 | | TEXACO SERVICE STATION #140450/5334 | 2001 ATLANTIC AVE & MICHIGAN AVE | ATLANTIC CITY | ATLANTIC CITY | 08401 | ATLANTIC |
| 22 | 172849 | | THE SALVATION ARMY | 2140 ATLANTIC AVE AKA 2120 ATLANTIC AVE | ATLANTIC CITY | ATLANTIC CITY | 08401 | ATLANTIC |
| 23 | 12629 | | VINAS MOBIL SERVICE STATION #53970 | 22 S TEXAS AVE | ATLANTIC CITY | ATLANTIC CITY | 070640000 | ATLANTIC |
| 24 | 13818 | | VANS SUNOCO SERVICE STATION | 2402 ARCTIC AVE | ATLANTIC CITY | ATLANTIC CITY | 08400 | ATLANTIC |
| 25 | 56840 | | SOLTZ PAINT STORE | 2507 ATLANTIC AVE | ATLANTIC CITY | ATLANTIC CITY | 08401 | ATLANTIC |
| 26 | 547546 | | 2517 ATLANTIC AVENUE | 2517 ATLANTIC AVE | ATLANTIC CITY | ATLANTIC CITY | 08401 | ATLANTIC |
| 27 | 89938 | | 262 CONNECTICUT AVENUE | 262 N CONNECTICUT AVE | ATLANTIC CITY | ATLANTIC CITY | 08401 | ATLANTIC |
| 28 | 171938 | | STOLI AUTO SUPPLY | 2818 ATLANTIC AVE | ATLANTIC CITY | ATLANTIC CITY | 08401 | ATLANTIC |
| 29 | 13821 | | 80 NORTH KENTUCKY AVENUE | 3131 KENTUCKY AVE | ATLANTIC CITY | ATLANTIC CITY | 08401 | ATLANTIC |
| 30 | 85751 | | CUMBERLAND FARMS INC GULF SERVICE STATION #2950 | 3114 ARCTIC AVE & MONTPELIER AVE | ATLANTIC CITY | ATLANTIC CITY | 08401 | ATLANTIC |
| 31 | 14505 | | BOYS & GIRLS CLUB OF ATLANTIC CITY | 317 PENNSYLVANIA AVE | ATLANTIC CITY | ATLANTIC CITY | 08401 | ATLANTIC |
| 32 | 23974 | | ATLANTIC CLUB CASINO HOTEL | 3400 BOARDWALK & BOSTON AVE | ATLANTIC CITY | ATLANTIC CITY | 08404 | ATLANTIC |
| 33 | 170974 | | PARKWAY AUTO SERVICE INC | 3609 VENTNOR AVE & ALBANY AVE | ATLANTIC CITY | ATLANTIC CITY | 08012 | ATLANTIC |
| 34 | 239905 | | CUMBERLAND FARMS GULF SERVICE STATION #29346 | 370 VENTNOR AVE | ATLANTIC CITY | ATLANTIC CITY | 08401 | ATLANTIC |
| 35 | 252546 | | TALAFERROS DAY CARE CENTER | 428 N TENNESSEE AVE | ATLANTIC CITY | ATLANTIC CITY | 08401 | ATLANTIC |
| 36 | 13534 | | ENGINES INC | 483 MASSACHUSETTS AVE | ATLANTIC CITY | ATLANTIC CITY | 08401 | ATLANTIC |
| 37 | 173388 | | TRUMP CASTLE ASSOC FRANK FARLEY STATE MARINA | 600 HURON AVE | ATLANTIC CITY | ATLANTIC CITY | 08401 | ATLANTIC |
| 38 | 124275 | | BUTLER AVIATION @ BADER FIELD AIRPORT | 600 N ALBANY AVE | ATLANTIC CITY | ATLANTIC CITY | 08401 | ATLANTIC |
| 39 | 202098 | | HARRAHS RESORT ATLANTIC CITY | 777 HARRAHS BLVD AKA 1725 BRIGANTINE BLVD | ATLANTIC CITY | ATLANTIC CITY | 08401 | ATLANTIC |
| 40 | 56542 | | SEASHORE FRUIT & PRODUCE | 800 NEW YORK AVE | ATLANTIC CITY | ATLANTIC CITY | 08404 | ATLANTIC |
| 41 | 17225 | | PING #2550 SERVICE STATION | 9 N ARKANSAS AVE | ATLANTIC CITY | ATLANTIC CITY | 08411 | ATLANTIC |
| 42 | 84288 | | 915 ATLANTIC AVE | 915 ATLANTIC AVE | ATLANTIC CITY | ATLANTIC CITY | 08401 | ATLANTIC |
| 43 | 65910 | | ATLANTIC CITY COAL GAS #2 | GEORGIA AVE & SUMMER AVE | ATLANTIC CITY | ATLANTIC CITY | 08401 | ATLANTIC |
| 44 | 47102 | | USDOD NAVAL RESERVE CENTER @ US COAST GUARD STATION | HURON AVE FT OF | ATLANTIC CITY | ATLANTIC CITY | 08401 | ATLANTIC |
| 45 | 81459 | | ATLANTIC CITY ELECTRIC CO | LEXINGTON AVE & CONNECTICUT AVE | ATLANTIC CITY | ATLANTIC CITY | 08401 | ATLANTIC |
| 46 | 55828 | | HURON NORTH REDEVELOPMENT | MASSACHUSETTS AVE & BRIGANTINE BLVD & HURON AVE | ATLANTIC CITY | ATLANTIC CITY | 08401 | ATLANTIC |
| 47 | 55920 | | NORTH RIVERSIDE DRIVE & PARK AVENUE | N RIVERSIDE DR & PARK AVE | BRIGANTINE | BRIGANTINE CITY | 08401 | ATLANTIC |
| 48 | 12805 | | BRIGANTINE GULF SERVICE STATION #122866 | 3401 ATLANTIC BRIGANTINE BLVD | BRIGANTINE | BRIGANTINE CITY | 08201 | ATLANTIC |
| 49 | 12802 | | FRIENDLY MANAGEMENT CO BRIGANTINE BEACH | 3600 ATLANTIC BRIGANTINE BLVD | BRIGANTINE | BRIGANTINE CITY | 082090000 | ATLANTIC |
| | 12754 | | ANDYS SHELL SERVICE STATION #138203 | 4012 ATLANTIC BRIGANTINE BLVD | BRIGANTINE | BRIGANTINE CITY | 08209 | ATLANTIC |

10/14/2015

# NEW JERSEY MTBE - PLAINTIFF'S REVISED SITE LIST

| NJEMS SITE_ID | Former NJEMS SITE ID | MOST RECENT SITE NAME | ADDRESS | CITY / LOCAL NAME | MUNICIPALITY | ZIP CODE | COUNTY |
|---|---|---|---|---|---|---|---|
| 12755 | | JERSEY STATE MARINE | 601 BAYSHORE AVE | BRIGANTINE | BRIGANTINE CITY | 08203 | ATLANTIC |
| 124476 | | LASAMHANA HOTEL | 1400-1404 W BRIGANTINE AVE | BRIGANTINE CITY | BRIGANTINE CITY | 08203 | ATLANTIC |
| 74893 | | 3 SHERIDAN PLACE | 3 SHERIDAN PL | BRIGANTINE CITY | BRIGANTINE CITY | 08203 | ATLANTIC |
| 15738 | | TRADE WINDS SBOP | 701 HARDING HWY | BUENA BORO | BUENA BORO | 08310 | ATLANTIC |
| 12737 | | NJDOT BUENA ROAD MAINTENANCE YARD | 721 HARDING HWY S2014 OF RT 54 | BUENA | BUENA BORO | 08310 | ATLANTIC |
| 65425 | | VANCANT LOT @ 501 NORTH WEST BOULEVARD | 501 N WEST BLVD | BUENA | BUENA BORO | 08310 | ATLANTIC |
| 12740 | | SCIENTIFIC PRODUCTS INC/WILMAD GLASS DIV | 1002 HARDING HWY & OAK RD | BUENA VISTA TWP | BUENA VISTA TWP | 08310 | ATLANTIC |
| 57299 | | BUENA SUNOCO SERVICE STATION | 827 RT 54 | BUENA VISTA TWP | BUENA VISTA TWP | 08310 | ATLANTIC |
| 44421 | | FIVE POINTS SERVICE STATION @ FIVE POINTS | 5204 LANDIS AVE | BUENA VISTA TWP | BUENA VISTA TWP | 08360 | ATLANTIC |
| 449475 | 12742 | BACHAN PETROL | 756 HARDING HWY | BUENA VISTA TWP | BUENA VISTA TWP | 08360 | ATLANTIC |
| 22745 | | AMOCO SERVICE STATION @ VINELAND TRUCK STOP | 760 HARDING HWY & BLUE ANCHOR RD AKA RT 40 | BUENA VISTA TWP | BUENA VISTA TWP | 08310 | ATLANTIC |
| 58945 | | DELTONA DISCOUNT TIRES INC | 5790 BLACKHORSE PK & CARDIFF CIR | BUENA VISTA TWP | BUENA VISTA TWP | 08310 | ATLANTIC |
| 22720 | | MOBIL SERVICE STATION 857250 | BLACKHORSE PK & TILTON RD CARDIFF CIR | CARDIFF | EGG HARBOR TWP | 08232 | ATLANTIC |
| 44798 | | CORBIN CITY SD OF ED | 111 RT 50 | CORBIN CITY | CORBIN CITY | 08270 | ATLANTIC |
| 12728 | | DORSEYS OLD PLACE INC | 328 MAIN ST & RT 50 | CORBIN CITY | CORBIN CITY | 08270 | ATLANTIC |
| 15578 | | SUNOCO SERVICE STATION #6827-6479 | 1451 WHITEHORSE PK & ANTWERP AVE | EGG HARBOR | EGG HARBOR CITY | 08215 | ATLANTIC |
| 54631 | | LAMAN LOESCHE SUPPLY CO INC | 422 WHITEHORSE PK | EGG HARBOR | EGG HARBOR CITY | 08215 | ATLANTIC |
| 15725 | | EGG HARBOR CITY STATION | 600 WHITEHORSE PK & PHILADELPHIA AVE AKA RT 30 & PHILADELPHIA AVE | EGG HARBOR | EGG HARBOR CITY | 08215 | ATLANTIC |
| 15577 | | HERBS FOOD INC | 801 BREMEN AVE & DUISBER ST | EGG HARBOR | EGG HARBOR CITY | 08215 | ATLANTIC |
| 45985 | | CUMBERLAND FARMS INC#2593 | 827 WHITEHORSE PK | EGG HARBOR | EGG HARBOR CITY | 08215 | ATLANTIC |
| 12722 | | FERRARI OIL INC | 1020 WHITEHORSE PK | EGG HARBOR CITY | EGG HARBOR CITY | 08215 | ATLANTIC |
| 56245 | | RAYS SPORTS MARINE CENTRE | 1300 1308 WHITEHORSE PK | EGG HARBOR CITY | EGG HARBOR CITY | 08215 | ATLANTIC |
| 75344 | | 223 BUFFALO AVENUE | 223 BUFFALO AVE | EGG HARBOR CITY | EGG HARBOR CITY | 08215 | ATLANTIC |
| 64291 | | CITGO SERVICE STATION | 227 WHITEHORSE PK | EGG HARBOR CITY | EGG HARBOR CITY | 08215 | ATLANTIC |
| 84785 | | 327 WHITEHORSE PIKE | 327 WHITEHORSE PK LOT | EGG HARBOR CITY | EGG HARBOR CITY | 08215 | ATLANTIC |
| 147438 | | PEMBROKE CLOTHING | 801 ATLANTIC AVE | EGG HARBOR CITY | EGG HARBOR CITY | 08215 | ATLANTIC |
| 84985 | | SOUTH JERSEY GAS COMPANY EGG HARBOR CITY COAL GAS FORMER | ATLANTIC AVE & BUFFALO AVE 700 WHITEHORSE PK | EGG HARBOR CITY | EGG HARBOR CITY | 08215 | ATLANTIC |
| 12879 | | HESS SERVICE STATION #32244 | 1600 VERONA AVE FORMERLY 1258 BLACKHORSE PK | EGG HARBOR TWP | EGG HARBOR TWP | 08232 | ATLANTIC |
| 122669 | | BESTUCCI PROPERTY | 2943 OCEAN HEIGHTS AVE | EGG HARBOR TWP | EGG HARBOR TWP | 08234 | ATLANTIC |
| 12700 | | AREA SERVICE STATION | 2364 OCEAN HEIGHTS AVE & LEAF ST | EGG HARBOR TWP | EGG HARBOR TWP | 08234 | ATLANTIC |
| 18057 | | EGG HARBOR TWP SUNOCO SERVICE STATION | 2601 FIRE RD | EGG HARBOR TWP | EGG HARBOR TWP | 08234 | ATLANTIC |
| 12701 | | SUNOCO SERVICE STATION #0041-9551 | 2652 TILTON RD & 1900 BLCKHSE PK | EGG HARBOR TWP | EGG HARBOR TWP | 08330 | ATLANTIC |
| 12674 | | PMG #2205 SERVICE STATION | 3001 OCEAN HEIGHTS AVE & ZION RD | EGG HARBOR TWP | EGG HARBOR TWP | 08215 | ATLANTIC |
| 44888 | | NATIONAL HOME INSULATORS | 3564 FIRE RD | EGG HARBOR TWP | EGG HARBOR TWP | 08234 | ATLANTIC |
| 13865 | | NDMAVA AR NATIONAL GUARD 177TH FIGHTER GROUP @ ATLANTIC CITY INTNL AIRP | 400 LANGLY RD | EGG HARBOR TWP | EGG HARBOR TWP | 082349560/082349660 | ATLANTIC |
| 152728 | | DROMS CHILLS & SUBS | 402 ZION RD | EGG HARBOR TWP | EGG HARBOR TWP | 08234 | ATLANTIC |
| 12702 | | SUNOCO SERVICE STATION #0360-0702 | 6027 BLACKHORSE PK & TILTON RD | EGG HARBOR TWP | EGG HARBOR TWP | 08221 | ATLANTIC |
| 64328 | | AVALON MARBLE CO | 6084 REEGSA AVE | EGG HARBOR TWP | EGG HARBOR TWP | 08221 | ATLANTIC |
| 12708 | | LUKOIL SERVICE STATION #57725 | 6201 BLACKHORSE PK & MOORE AVE | EGG HARBOR TWP | EGG HARBOR TWP | 08232 | ATLANTIC |
| 354457 | | WEEDS TEXACO SERVICE STATION | 6223 BLACKHORSE PK | EGG HARBOR TWP | EGG HARBOR TWP | 08330 | ATLANTIC |
| 64353 | | WAWA FOOD MARKET #967 | 6578 BLACKHORSE PK | EGG HARBOR TWP | EGG HARBOR TWP | 08234 | ATLANTIC |
| 12988 | 15572 | CARDIFF RIGGINS SERVICE STATION | 6670 BLACKHORSE PK | EGG HARBOR TWP | EGG HARBOR TWP | 08234 | ATLANTIC |
| 30180 | | BENNETT CHEVROLET GEO INC | 6711 BLACKHORSE PK | EGG HARBOR TWP | EGG HARBOR TWP | 08221 | ATLANTIC |
| 12718 | | LUKOIL SERVICE STATION #57201 | 6753 BLACKHORSE PK & FIRE RD | EGG HARBOR TWP | EGG HARBOR TWP | 08232 | ATLANTIC |
| 12805 | | TILTON ROAD SUNOCO SERVICE STATION | 6861 TILTON RD & FIRE RD | EGG HARBOR TWP | EGG HARBOR TWP | 08234 | ATLANTIC |
| 224057 | | ELEGANCE DRY CLEANERS @ HEATHERCROFT SHOPPING CENTER | 6825 TILTON RD | EGG HARBOR TWP | EGG HARBOR TWP | 08234 | ATLANTIC |
| 107316 | | MCKINEY THOMAS | 7008 BLACKHORSE PK | EGG HARBOR TWP | EGG HARBOR TWP | 08234 | ATLANTIC |
| 64679 | | DELANCY AVENUE GROUNDWATER CONTAMINATION | DELANCY AVE | EGG HARBOR TWP | EGG HARBOR TWP | 08234 | ATLANTIC |
| 45282 | | BUTLER AVIATION INC @ ATLANTIC CITY INTNL AIRPORT | TILTON RD | EGG HARBOR TWP | EGG HARBOR TWP | 08232 | ATLANTIC |

10/24/2015

NEW JERSEY MTBE - PLAINTIFF'S REVISED SITE LIST

| | NJEMS SITE_ID | Former NJEMS SITE_ID | MOST RECENT SITE NAME | ADDRESS | CITY / LOCAL NAME | MUNICIPALITY | ZIP CODE | COUNTY |
|---|---|---|---|---|---|---|---|---|
| 99 | 49228 | | MOBIL SERVICE STATION #18744 | TILTON RD & FIRE RD | EGG HARBOR TWP | EGG HARBOR TWP | 08232 | ATLANTIC |
| 100 | 25925 | | ELWOOD CITGO STATION | 4523 WHITEHORSE PK & UNION AVE | ELWOOD | MULLICA TWP | 08217 | ATLANTIC |
| 101 | 15916 | | CONECTIV POWER INC PLEASANTVILLE OPERATIONS | 2542 FIRE RD OFF DELILAH RD | FARMINGTON | EGG HARBOR TWP | 08232 | ATLANTIC |
| 102 | 12884 | | AIRPORT CIRCLE SUNOCO SERVICE STATION | 6501 DELILAH RD & TILTON RD | FARMINGTON | EGG HARBOR TWP | 08234 | ATLANTIC |
| 103 | 14328 | | FOLSOM CITGO SERVICE STATION | 1411 BLACKHORSE PK | FOLSOM | FOLSOM BORO | 08037 | ATLANTIC |
| 104 | 34385 | | COLLINGS LAKE VALERO SERVICE STATION | 2 BLACKHORSE PK & CAINS MILL RD | FOLSOM | FOLSOM BORO | 08332 | ATLANTIC |
| 105 | 39357 | | LIBERTY SQUARE SHOPPING CENTER | 389 BLACKHORSE PK | FOLSOM | FOLSOM BORO | 08094 | ATLANTIC |
| 106 | 14334 | | POMONA HEATING & COOLING CORP | 185 S GENOA AVE | GALLOWAY TWP | GALLOWAY TWP | 08215 | ATLANTIC |
| 107 | 17155 | | KENNYS CLASSIC CARS | 212 WHITEHORSE PK AKA RT 30 | GALLOWAY TWP | GALLOWAY TWP | 08201 | ATLANTIC |
| 108 | 74044 | | NJ STATE POLICE ABSECON STATION | 244 WHITEHORSE PK E | GALLOWAY TWP | GALLOWAY TWP | 08215 | ATLANTIC |
| 109 | 12662 | | LENOIR GAS SERVICE STATION | 1 PROSPERITY | GALLOWAY TWP | GALLOWAY TWP | | ATLANTIC |
| 110 | 73778 | | POMONA DINER | 261 WHITEHORSE PK & 6TH AVE AKA RT 30 | GALLOWAY TWP | GALLOWAY TWP | 08201 | ATLANTIC |
| 111 | 36629 | | SHELL SERVICE STATION #115784 | 275 WHITEHORSE PK WHITEHORSE PK POMONA RD | GALLOWAY TWP | GALLOWAY TWP | 08215 | ATLANTIC |
| 112 | 21388 | | ABSECON MOBIL SERVICE STATION | 300 WHITEHORSE PK AKA RT 30 & 6TH | GALLOWAY TWP | GALLOWAY TWP | 08205 | ATLANTIC |
| 113 | 28040 | | PNR INC | 345 WHITEHORSE PK | GALLOWAY TWP | GALLOWAY TWP | 08205 | ATLANTIC |
| 114 | 42897 | | FIRST STUDENT INC | 699 WHITEHORSE PK E | GALLOWAY TWP | GALLOWAY TWP | 08215 | ATLANTIC |
| 115 | 12668 | | NJ TURNPIKE AUTH MAINTENANCE DISTRICT #2 | 790 WHITEHORSE PK & COLOSINE AVE AT 30 & COLOSINE AVE | GALLOWAY TWP | GALLOWAY TWP | 08213 | ATLANTIC |
| 116 | 21427 | | SUNOCO SERVICE STATION #0158-6589/7761 | GARDEN STATE PKWY MM 41 SINTERCHANGE 40 & 44 | GALLOWAY TWP | GALLOWAY TWP | 08205 | ATLANTIC |
| 117 | 214918 | | NJ HIGHWAY AUTH ATLANTIC CITY SERVICE AREA | GARDEN STATE PKWY MM 41.4 N | GALLOWAY TWP | GALLOWAY TWP | 08215 | ATLANTIC |
| 118 | 65939 | | GENOA AVENUE GROUNDWATER CONTAMINATION | GENOA AVE & COLOGNE PORT RD | GALLOWAY TWP | GALLOWAY TWP | 08215 | ATLANTIC |
| 119 | 64127 | | PINEHURST SECTION GROUNDWATER CONTAMINATION | VARIOUS LOCATIONS | GALLOWAY TWP | GALLOWAY TWP | 08205 | ATLANTIC |
| 120 | 12649 | | BLACKHORSE AMOCO SERVICE STATION | 4269 BLACKHORSE PK | GALLOWAY TWP | GALLOWAY TWP | 08023 | ATLANTIC |
| 121 | 47240 | | ATLANTIC BLUEBERRY CO | 7201 WEYMOUTH RD & RT 559 | GALLOWAY TWP | GALLOWAY TWP | 08330 | ATLANTIC |
| 122 | 12685 | | SUNOCO SERVICE STATION #0260-7908 @ FARLEY SERVICE PLAZA | ATLANTIC CITY EXPWY MM 21.4 | HAMILTON TWP | HAMILTON TWP | 08330 | ATLANTIC |
| 123 | 355915 | | FORD GROUNDWATER CONTAMINATION FORMER | 5470 HARDING HWY & JEFFERSON ST | HAMILTON TWP | HAMILTON TWP | 08037 | ATLANTIC |
| 124 | 12694 | | OCTAGON OIL | 605 12TH ST | HAMILTON TWP | HAMILTON TWP | 08330 | ATLANTIC |
| 125 | 209159 | | SOUTH JERSEY TRANSPORTATION AUTH MAINTENANCE FACILITY | 11 WHITEHORSE PK AKA RT 30 | HAMMONTON | HAMMONTON TOWN | 08037 | ATLANTIC |
| 126 | 14978 | | PETETTIS BODY SHOP | 2 LINE ST | HAMMONTON | HAMMONTON TOWN | 08037 | ATLANTIC |
| 127 | 15568 | | EXXON SERVICE STATION #32247 | 2 WHITEHORSE PK & BELLEVUE AVE AKA RT 30 & 54 | HAMMONTON | HAMMONTON TOWN | 08037 | ATLANTIC |
| 128 | 12590 | | HAMMONTON SHELL SERVICE STATION | 2 WHITEHORSE PK & 2ND ST AKA RT 30 & 206 | HAMMONTON | HAMMONTON TOWN | 08037 | ATLANTIC |
| 129 | 389007 | | MAZZAS FLOORING | 200 12TH ST | HAMMONTON | HAMMONTON TOWN | 08037 | ATLANTIC |
| 130 | 12617 | | ML RUBERTON CONSTRUCTION CO | 309 331 CHESTNUT ST REAR | HAMMONTON | HAMMONTON TOWN | 08037 | ATLANTIC |
| 131 | 12624 | | ROMAROS AMOCO SERVICE STATION | 350 RAILROAD AVE | HAMMONTON | HAMMONTON TOWN | 08037 | ATLANTIC |
| 132 | 14712 | | HAMMONTON CHEVROLET SERVICE STATION | 389 331 WHITEHORSE PK AKA RT 30 | HAMMONTON | HAMMONTON TOWN | 089370000 | ATLANTIC |
| 133 | 12654 | | HAMMONTON FUEL STOP WAWA#48 | 605 12TH ST | HAMMONTON | HAMMONTON TOWN | 08037 | ATLANTIC |
| 134 | 14529 | | GETTY SERVICE STATION #55815 | 725 12TH ST & CHEW RD | HAMMONTON | HAMMONTON TOWN | 08330 | ATLANTIC |
| 135 | 43616 | | HAMMONTON FUEL STOP WAWA#48 | 784 12TH ST & CHEW RD | HAMMONTON | HAMMONTON TOWN | 08037 | ATLANTIC |
| 136 | 12597 | | AL & RICKS SERVICE STATION | BEST GAS HAMMONTON | HAMMONTON | HAMMONTON TOWN | 08037 | ATLANTIC |
| 137 | 12616 | | A6WAY INC ENERGY PRODUCTS | 849 WHITEHORSE PK & AKA RT 30 FORMERLY 700 WHITEHORSE PK S | HAMMONTON | HAMMONTON TOWN | 08037 | ATLANTIC |
| 138 | 39274 | | BEST GAS HAMMONTON | 880 S WHITEHORSE PK AKA RT 30 | HAMMONTON | HAMMONTON TOWN | 08037 | ATLANTIC |
| 139 | 12599 | | PETES CITGO SERVICE STATION | 930 S WHITEHORSE PK AKA RT 30 | HAMMONTON | HAMMONTON TOWN | 08037 | ATLANTIC |
| 140 | 12603 | 55689 | HAMMONTON SUNOCO SERVICE STATION | 999 1001 S GRAND ST | HAMMONTON | HAMMONTON TOWN | 08037 | ATLANTIC |
| 141 | 12604 | | ATLANTIC COMMERCE CENTER | | HAMMONTON | HAMMONTON TOWN | 08037 | ATLANTIC |
| 142 | 12650 | | NDMAVA HAMMONTON ARMORY | 150 RAILROAD AVE | HAMMONTON | HAMMONTON TOWN | 08037 | ATLANTIC |
| 143 | 64128 | | LAKESHORE GARDENS 6RD WTR CONTAM | LAKESHORE DR & LAKEVIEW AVE | HAMMONTON | HAMMONTON TOWN | 08037 | ATLANTIC |
| 144 | 434831 | | 10 NORTH WHITEHORSE PIKE | 10 N WHITEHORSE PK | HAMMONTON | HAMMONTON TOWN | 08037 | ATLANTIC |
| 145 | 70390 | | 120 PLEASANT STREET | 120 PLEASANT ST | HAMMONTON | HAMMONTON TOWN | 08037 | ATLANTIC |
| 146 | 48394 | | HAMMONTON TOWN WAWA#4 | 12TH ST & LINCOLN ST | HAMMONTON | HAMMONTON TOWN | 08500 | ATLANTIC |
| 147 | 46816 | | PARKHURST FARM & GARDEN SUPPLY INC | 301 WHITEHORSE PK AKA RT 30 | HAMMONTON | HAMMONTON TOWN | 08037 | ATLANTIC |

10/14/2016