### UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――

In Re: Methyl Tertiary Butyl Ether ("MTBE")        Master File No.: 1:00-1898
Products Liability Litigation                                   MDL No. 1358

―――――――――――――――――――――――――――

This document relates to:                                      **JURY TRIAL DEMANDED**

Commonwealth of Pennsylvania, etc. v. Exxon Mobil
Corporation, et al., No. 1:14-cv-06228-VSB

―――――――――――――――――――――――――――

### DEFENDANT GETTY PROPERTIES CORP.'S SECOND AMENDED MASTER ANSWER, CROSSCLAIMS AND AFFIRMATIVE DEFENSES

Pursuant to the Master Answer Agreement among the parties, and Case Management Order No. 6, Defendant Getty Properties Corp. (incorrectly designated as "Getty Properties Corporation") hereby files this Second Amended Master Answer to Plaintiff Commonwealth of Pennsylvania's Second Amended Complaint in MDL 1358, for which an Answer is presently required, as follows:

### I.   ANSWER REGARDING SELECT ALLEGATIONS

#### A.   Basic Defendant Information

Getty Properties Corp. (hereafter "Getty Properties") is a Delaware Corporation with its principal place of business at 292 Madison Ave., 9th Floor, New York, NY 10017-6318. Since February 1, 1997, Getty Properties has been in the business of owning and leasing (but not operating) gas station and convenience store properties, and up until approximately 2014, petroleum distribution terminals. Prior to February 1, 1997, Getty Properties was known as Getty Petroleum Corp. (known before July 1985 as Power Test Corp.) and was in the business of owning and leasing gas station and convenience store properties, as well as petroleum distribution terminals and purchasing in bulk, and distributing to dealer/lessees for retail sale,

motor fuels, including gasoline. Getty Properties never refined crude oil, owned refineries, or manufactured gasoline. Getty Properties never manufactured pure or neat MTBE and never blended gasoline with MTBE.

Effective February 1, 1997, Getty Properties transferred all assets and liabilities pertaining to its petroleum marketing and distribution business to Getty Petroleum Marketing, Inc. ("GPMI"), a separate, unaffiliated public company. This transaction included the transfer to GPMI of the petroleum marketing business and its operations and all business and financial records pertaining to the petroleum marketing and distribution business formerly conducted by Getty Properties. Accordingly, as of 1997, GPMI took ownership and control of all records/information/data pertaining to the blending, terminal storage, distribution and sale of gasoline and other fuels. Getty Properties never manufactured MTBE or refined gasoline containing MTBE. Further, neither Getty Properties nor any member of its subsidiaries and affiliates, has bought, sold, marketed or distributed gasoline since January 31, 1997.

By way of further response, Getty Properties specifically denies the allegations in paragraph 74 of the Second Amended Complaint that "GPMI was a wholly-owned subsidiary of Getty Petroleum Corporation [sic], also known as Getty Realty Corporation [sic]." Getty Properties Corp. (incorrectly identified as "Getty Properties Corporation") specifically denies that Defendant Getty Petroleum Marketing, Inc. was a wholly-owned subsidiary of Getty Properties Corp. from 1997 to 2000.  It is further specifically denied that Getty Properties Corp. is a successor in liability to Lukoil North America's or Getty Petroleum Marketing, Inc.  It is further specifically denied that the term "Getty" should be used in conjunction with Defendant GPMI and Defendant Getty Properties Corp., as these two entities are and always have been distinct, separate business entities. Further, Plaintiff's allegations as to Getty Realty Corp.

(incorrectly named by Plaintiff as Getty Realty Corporation") are without merit as Getty Realty Corp. is not a named defendant in this action.

**B.**      **Sale or Distribution of Gasoline with MTBE or TBA to States in Question**

Getty Properties admits that it, at certain times, purchased and distributed gasoline containing MTBE (for one or more time periods prior to January 31, 1997) to the Commonwealth of Pennsylvania.

**C.**      **Allegations Regarding Production of MTBE or TBA**

Getty Properties has never manufactured MTBE or TBA at any time.

**D.**      **Allegations Regarding Properties and Behavior of MTBE**

Getty Properties denies knowledge or information sufficient to form a belief regarding the properties and behavior of MTBE except Getty Properties admits, upon information and belief, that MTBE is an aliphatic ether that does not occur naturally. Getty Properties admits that there are various methods for the production of MTBE, and that one method of production is from methanol and isobutylene.

Getty Properties states that, upon information and belief, solubility and mobility are relative properties and that while MTBE and other ethers may be more soluble and mobile in water than certain gasoline components, such as the BTEX compounds, they are less soluble and mobile in water than other components sometimes blended into gasoline, such as ethanol. Getty Properties further states that MTBE's behavior in the environment -- and its behavior relative to BTEX -- is dependent on a variety of factors, including the nature or method of its release, the geological setting, and environmental and microbial factors.

Getty Properties states that, upon information and belief, while under certain conditions MTBE may biodegrade less readily than some other components of gasoline, MTBE has been found to naturally attenuate and biodegrade in numerous ways.

### E.    Allegations Regarding Properties and Behavior of TBA

Getty Properties denies knowledge or information sufficient to form a belief regarding the properties and behavior of TBA except it admits, upon information and belief, that TBA is the product of the hydrolysis of isobutylene and that TBA can be an intermediate product of MTBE biodegradation.

Getty Properties states that, upon information and belief, solubility and mobility are relative properties and that TBA is more soluble and mobile in water than certain gasoline components, such as the BTEX compounds.  Getty Properties further states that TBA's behavior in the environment -- and its behavior relative to BTEX -- is dependent on a variety of factors, including the nature or method of its release, the geological setting, and environmental and microbial factors.

### F.    Allegations Regarding Taste and Odor

Getty Properties denies knowledge or information sufficient to form a belief regarding allegations concerning taste and odor thresholds.  Getty Properties admits, upon information and belief, that individuals vary in their ability to detect the taste and odor of MTBE in water and that responsible federal and state regulatory agencies, including the Commonwealth of Pennsylvania, have considered and in fact adopted standards fully protective of MTBE taste and odor concerns.

### G.    Allegations Regarding Health Effects of MTBE

Getty Properties denies knowledge or information sufficient to form a belief regarding health effects of MTBE. MTBE has been studied publicly by scientists and government agencies

for more than 20 years, and plaintiff's allegations of dire human health concerns from MTBE are unsubstantiated. MTBE has never been reliably linked to cancer, and there is no consensus in the scientific field that it is carcinogenic. Getty Properties states that, upon information and belief, responsible federal and state regulatory agencies, including the Commonwealth of Pennsylvania, have considered and adopted standards to properly address any alleged health concerns related to MTBE.

**H.**      **Allegations Regarding Storage and Handling of Gasoline**

Upon information and belief, Getty Properties admits that, from time to time, despite best efforts, gasoline is sometimes released into the environment from underground storage tanks and other sources.  Upon information and belief, the oil and gas companies have spent hundreds of millions of dollars or more over the past 40 or more years to eliminate or reduce leaks, and to improve leak detection.  Getty Properties states that it believes that most adults understand that gasoline should be handled carefully and should not be spilled or discharged into the environment.

**I.**      **Allegations Regarding Production and Use of MTBE as a Cheap and Profitable Gasoline Additive**

Getty Properties never refined crude oil, owned refineries, or manufactured gasoline. Getty Properties never manufactured pure or neat MTBE and never blended gasoline with MTBE. Further, neither Getty Properties nor any member of its subsidiaries and affiliates, has bought, sold, marketed or distributed gasoline since January 31, 1997. At all relevant times, prior to January 31, 1997, ethanol was Getty Properties' oxygenate of choice and it promoted the sale of gasoline blended with ethanol. In fact, Getty Properties sued the States of New Jersey and New York to obtain waivers of the RFG requirements in order sell gasoline containing ethanol during the summer months in order avoid the purchase and sale of gasoline containing MTBE.

**J.**     **Allegations Regarding Participation In Industry Associations or Lobbying Activities**

Getty Properties denies plaintiff's claim that it somehow hid information about the chemical properties of ethers from plaintiff, or from the U.S. Government.  Getty Properties denies that it had any agreement with any other defendant to withhold from plaintiff or government regulators information concerning MTBE.

Getty Properties admits, upon information and belief, that prior to 1990, Congress was preparing to take action to address the nation's smog problem.  Getty Properties admits that federal government agencies were aware of MTBE's chemical characteristics in 1986 or earlier, and that the EPA held public meetings about MTBE in 1986.  Getty Properties admits that it, like the federal government, was aware of the Garrett and Moreau paper in or about 1986. Getty Properties was not a member of the American Petroleum Institute or Oxygen Fuels Association. Getty Properties admits that, upon information and belief, a Testing Consent Order was entered with EPA in or about 1988 by various major oil companies.

In response to plaintiff's allegation that Congress adopted the Reformulated Gasoline (RFG) Program as part of the 1990 Amendments to the Clean Air Act "[a]s a result of tremendous lobbying efforts by the industry, including Defendants," Getty Properties states that, upon information and belief, many major oil companies in fact actively resisted the RFG Programs requirement of oxygen content levels.

**K.**     **Allegations Regarding Requirements and Effects of the 1990 Clean Air Act Amendments**

Getty Properties denies plaintiff's allegations regarding the 1990 Clean Air Act Amendments ("CAAA"), but admits, upon information and belief, that while the CAAA did not literally require use of MTBE as a gasoline additive, in practical terms the CAAA did compel

MTBE's use. Upon information and belief, EPA and Congress knew that the oxygen requirements of the Act could not and would not be met without MTBE's use.

Getty Properties denies knowledge or information regarding what U.S. refiners did regarding the use of octane enhancers such as ethanol and MTBE in response to the requirements of the CAAA. Upon information and belief, in 1990, with the amendments to the Clean Air Act, the federal government mandated an increase in the use of oxygenates (up to 2.7% oxygen content) to meet ambient carbon monoxide air requirements in winter gasoline in many cities (beginning in 1992). Upon information and belief, in 1995, various oxygenates were extended by regulation to year-round use for severe, non-attainment ozone areas in the United States. Upon information and belief, reformulated gasolines used since that time have sometimes contained between 10% and 15% MTBE, or up to 10% ethanol, to meet government mandates on oxygenate content.

Getty Properties denies that ethanol was available in sufficient supply to meet the demand for oxygenated gasoline in the RFG and oxyfuel regions when the Amendments requiring 2% oxygen content in year-round gasoline in areas using RFG became effective.

Getty Properties further states that several government agencies, including the Commonwealth of Pennsylvania, have concluded that MTBE has contributed substantially to reducing air pollution.

### L.    Allegations Regarding MTBE-Related Actions Taken By State or Federal Governmental Bodies

Upon information and belief, Getty Properties admits that in 2001, EPA provided advance notice of its intent to initiate a rulemaking pursuant to TSCA to eliminate or limit the use of MTBE as a fuel additive. Getty Properties admits that certain state legislatures or regulatory bodies passed laws or adopted regulations to limit or eliminate the use of MTBE in

gasoline, including the Commonwealth of Pennsylvania.  The details of such laws are a matter of public record and Getty Properties respectfully refers thereto.

**M.   Allegations Regarding Plaintiff's Claimed Inability To Identify Relevant Sources of Gasoline Leaks Or Spills Affecting a Given Site**

Getty Properties denies plaintiff's allegations that plaintiff is unable to identify relevant sources of gasoline leaks or spills. Gasoline leaks or spills, whether containing MTBE or not, are frequently traceable to a specific source, limited to the immediate geographic area of the source, and remediable.  In the vast majority of leak or spill incidents, a responsible party can be and is identified. Getty Properties denies that gasoline can never be traced from a contamination site to its terminal or refinery source.

**N.   Allegations Purporting To Quote or Summarize Documents**

Numerous paragraphs in the Second Amended Complaint purport to quote from or summarize documents, statutes and regulations.  These written materials speak for themselves. The documents, statutes and regulations referenced by plaintiff, which are not attached to the Second Amended Complaint, are the best evidence of their content and Getty Properties therefore denies plaintiff's attempts to summarize or characterize the contents of these written materials.

**O.   Allegations Regarding Defendants Unrelated To Getty Properties Corp.**

Getty Properties is without knowledge or information sufficient to form a belief as to the truth of the matters averred in the Second Amended Complaint regarding the specific statements, acts or omissions of defendants unrelated to Getty Properties.

**P.   Response to Particular Claims and Counts**

Counts III and V of the Second Amended Complaint were dismissed by Court Opinion and Orders dated July 2, 2015 and August 2, 2021 and therefore no response is required as to

these now dismissed claims. To the extent plaintiff avers that either or both of these causes of action are alive, Getty Properties denies all allegations contained in Counts III and V.

Counts VI and VII of the Second Amended Complaint were dismissed by Court Opinion and Order dated August 2, 2021; Counts VI and VII are/were directed to defendants other than Getty Properties and therefore to the extent any or all claims within these Counts are still alive no response is required by Getty Properties Corp.

Defendant Getty Properties Corp. was dismissed as an "Insurance Defendant" as defined in paragraph 123 of the Second Amended Complaint and Counts VIII and IX as to Getty Properties were dismissed pursuant to a Notice of Voluntary Dismissal filed by plaintiff and approved by the Court on January 8, 2016. Therefore no response to Counts VIII and IX is required.

As to the remaining causes of action asserted in Counts I, II and IV, purporting to state particular common law or statutory claims, Getty Properties incorporates each paragraph of this Second Amended Master Answer as if fully restated therein and denies it is liable for any claims asserted in the Second Amended Complaint.

**Q.   Allegations Regarding Claimed Injuries or Damages**

Getty Properties is without knowledge or information sufficient to form a belief as to the truth of the matters averred in the Second Amended Complaint regarding specific incidents of alleged contamination.  Getty Properties believes publicly available documents will demonstrate that many or most of the wells at issue have not been impacted by MTBE, or have been impacted only at levels well below state action standards for MTBE.

With regard to alleged damages, the allegations require no further answer.  To the extent that further answer is deemed necessary, Getty Properties admits that plaintiff seeks the relief set

forth in the Second Amended Complaint, but denies that plaintiff is entitled to punitive damages or any other damages or relief.

## II.  CROSSCLAIMS FOR COMMON LAW CONTRIBUTION AND/OR INDEMNITY PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 13(g) <u>DIRECTED TO ALL CO-DEFENDANTS</u>

1.      Getty Properties incorporates by reference the preceding paragraphs of this Second Amended Master Answer as though the same were fully set forth at length herein.

2.      The losses and damages as alleged in Plaintiff's Second Amended Complaint, which same are specifically denied, were not caused by the conduct of Getty Properties and if Plaintiff suffered any alleged losses and/or damages as alleged, said losses and/or damages were caused by the negligence, carelessness and/or liability producing conduct of Co-Defendants, who are each solely liable to Plaintiff or jointly and/or severally liable to Plaintiff or liable over to Getty Properties.

3.      If Plaintiff is entitled to recovery as set forth in Plaintiff's Second Amended Complaint, which losses and/or damages are specifically denied, Co-Defendants in this action are each solely liable for Plaintiff's alleged damages, or jointly and severally liable to Plaintiff for any alleged losses and/or damages, for which Getty Properties may be found liable in the form of contribution or indemnity, with same being denied.

4.      If Plaintiff recovers any verdict against Getty Properties, and/or should Getty Properties be held responsible for contribution and/or indemnity, with same being denied, Getty Properties demands judgment in the amount of the verdict or full indemnity and contribution according to the law against Co-Defendants.

**WHEREFORE**, Defendant Getty Properties Corp. respectfully demands that judgment be entered in its favor and that Co-Defendants each be found solely liable to Plaintiff, jointly

and severally liable with Getty Properties Corp. and/or liable over to Getty Properties Corp. for indemnification, defense and/or contribution for the causes of action as set forth in Plaintiff's Second Amended Complaint. Getty Properties Corp. hereby demands judgment in its favor and against Plaintiff and all other Defendants on all claims and crossclaims.

## III.    RESERVATION OF RIGHT TO AMEND

Getty Properties reserves the right to amend this Second Amended Master Answer.

## IV.   AFFIRMATIVE DEFENSES

For its separate defenses to the Second Amended Complaint, Getty Properties states as follows:

1.    Plaintiff's claims are barred in whole or in part by the doctrine of federal preemption.

2.    At all relevant times, Getty Properties' actions and the products it sold, supplied or distributed, complied with and were undertaken pursuant to applicable federal, state, and local laws, rules, regulations and specifications.

3.    Plaintiff's claims are barred in whole or in part because federal, state and/or local authorities and agencies have mandated, directed, approved and/or ratified the alleged actions or omissions of Getty Properties.

4.    All acts and conduct of Getty Properties, as alleged in the Second Amended Complaint, conformed to and were pursuant to statutes, government regulations and industry standards, and were based upon the state of knowledge existing at all material times alleged in the Second Amended Complaint.

5.    The relief sought by plaintiff is, in whole or in part, within the particular expertise of and is being addressed by federal and state governments, and their relevant agencies, and thus

this Court should decline to exercise jurisdiction over this matter pursuant to the doctrine of primary jurisdiction.

6.      Plaintiff has failed to exhaust its administrative remedies.

7.      Plaintiff has a plain, common, adequate and speedy remedy at law.  The equitable causes of action alleged in the Second Amended Complaint are thus barred.

8.      Plaintiff is barred from seeking strict liability for design defect as any attempt to reexamine the mandatory cost-benefit analysis delegated to and performed by the EPA pursuant to its obligations under the Clean Air Act (CAA) would be impermissible given that Congress, through Section 211 of the CAA, authorized the EPA, and not the courts, to perform the cost-benefit analysis.

9.      If it is determined that plaintiff or anyone on whose behalf plaintiff is allegedly suing, was injured, as set forth in the Second Amended Complaint, which Getty Properties denies, Getty Properties alleges that such hardship is outweighed by the convenience and public service rendered by Getty Properties' actions.

10.      Each purported cause of action asserted in the Second Amended Complaint is barred under the doctrine of primary assumption of risk in that the general public, by and through its elected representatives and their appointees, knew and understood the alleged risks of harm presented by the use of MTBE, if any, and elected nevertheless to proceed to require the use of gasoline oxygenates, to specifically permit the use of MTBE as a gasoline oxygenate, and in view of known limitations as to the availability of alternative gasoline oxygenates, in effect, mandated the use of MTBE as a gasoline oxygenate.

11.     To the extent that plaintiff has received or may receive the requested relief from a governmental agency, Getty Properties asserts its entitlement to an appropriate setoff or reduction of any judgment against it.

12.     The appropriate forum for plaintiff's claims is an administrative agency, and therefore all proceedings before this Court should be stayed pending administrative resolution of the issues.

13.     The claims set forth in the Second Amended Complaint fail, in whole or in part, based on the doctrine of election of remedies.

14.     Each purported cause of action asserted in the Second Amended Complaint as applied to Getty Properties is barred because the relief sought therein would pose unreasonable barriers and substantial burdens on interstate and/or international commerce in violation of the Commerce Clause of the United States Constitution and/or the North American Free Trade Agreement.

15.     The Second Amended Complaint fails to state a claim upon which relief may be granted and should, therefore, be dismissed pursuant Fed. R. Civ. P. 12(b)(6).

16.     Because plaintiff has not suffered any cognizable harm and has not incurred any present damages, there is no current case or controversy and thus, plaintiff's claims are not ripe for adjudication.

17.     Plaintiff suffered no losses or injuries that were proximately caused by Getty Properties.

18.     Getty Properties' conduct was not the cause in fact of any injuries alleged by plaintiff.

19.     Plaintiff has failed to state a cause of action for nuisance because it has neither alleged nor suffered any particularized injury.

20.     The Second Amended Complaint fails to state a claim in strict product liability for defective design and/or failure to warn as to Getty Properties for which relief may be granted.

21.     Plaintiff is not entitled to recover attorneys' fees as an element of relief.

22.     Plaintiff has failed to properly present any claim for attorneys' fees and may not recover such as a damages.

23.     The Second Amended Complaint fails to state a claim in negligence against Getty Properties for which relief may be granted.

24.     Because plaintiff has sued multiple parties, under multiple causes of action, with divisible damages, the claim for attorneys' fees must be proportioned between same.

25.     The claims set forth in the Second Amended Complaint are barred, in whole or in part, by the mootness doctrine.

26.     The Second Amended Complaint and each purported cause of action are barred, in whole or in part, by the defense of laches. Plaintiff's unreasonable and inexcusable delay in filing this action caused substantial prejudice to Getty Properties.

27.     The Second Amended Complaint and each purported cause of action contained therein are barred by the applicable provisions of the pertinent statutes of limitations.

28.     The Second Amended Complaint and each purported cause of action contained therein are barred by the applicable provisions of the pertinent statutes of repose.

29.     Plaintiff is estopped by its own conduct from asserting any of the purported claims alleged against Getty Properties in the Second Amended Complaint.

30.     Plaintiff has not investigated the cause of the alleged harm or attempted to identify the actual responsible party or parties.

31.     Plaintiff cannot establish the required predicates for each of its theories of collective liability, and therefore their defendant-identification burden remains.  In the event that the defendant-identification burden were shifted in the future, Getty Properties denies that it contributed to the contamination at issue.

32.     Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

33.     Plaintiff assumed the risk of all acts, injuries, and damages that plaintiff now asserts against Getty Properties.

34.     Getty Properties is entitled to total or partial indemnity from those individuals or entities who are responsible for plaintiff's injuries or damages, if any, in an amount in direct proportion to their relative culpability.

35.     Plaintiff lacks the capacity to sue.

36.     Plaintiff lacks standing to sue.

37.     Plaintiff's claims are barred because Getty Properties' conduct caused no physical impact to plaintiff's property.

38.     There is a defect or misjoinder of parties, in that plaintiff has failed to join indispensable or necessary parties.

39.     Plaintiff has failed to name the party or parties responsible for the alleged harm.

40.     The claims set forth in the Second Amended Complaint fail, in whole or in part, because of the failure to identify which defendant, if any, proximately caused the alleged harm.

41.     Plaintiff's claimed injuries were caused in whole or in part by others, whose actions were not controlled by or related to Getty Properties.  Such actions are the superseding,

supervening and/or intervening cause of plaintiff's injuries and therefore plaintiff may not recover from Getty Properties as a matter of law.

42.     Plaintiff's claims must be dismissed because it has failed to identify the particular defendant that is responsible for the harms alleged by plaintiff.

43.     At no time did Getty Properties exercise control over the persons or entities responsible for actual or threatened releases of MTBE, if any, alleged in the Second Amended Complaint.   At all times, Getty Properties acted with due care with respect to any petroleum products used and took reasonable precautions against foreseeable acts or omissions of any such third parties and any foreseeable consequences.

44.     Getty Properties did not own, control or release any of the petroleum products that are alleged to have caused or threatened contamination of plaintiff's land, waters and/or wells.

45.     Any gasoline product sold, supplied and/or distributed for resale by Getty Properties was properly designed, formulated, prepared and otherwise not defective in any respect.

46.     To the extent required, Getty Properties provided proper warnings, information, and instructions relating to gasoline products it sold, supplied or distributed pursuant to generally recognized and prevailing standards in existence at the time.

47.     Getty Properties never manufactured or sold MTBE.

48.     Getty Properties never refined or blended gasoline with MTBE.

49.     Plaintiff has failed to allege that Getty Properties' alleged failure to provide an adequate warning proximately caused its injuries.

50.     Any gasoline product containing MTBE sold, supplied or distributed for resale by Getty Properties was not unreasonably dangerous when it was sold, supplied or distributed.

51.     Plaintiff's claims against Getty Properties are barred by the bulk supplier doctrine.

52     Getty Properties sold, supplied and/or distributed gasoline products to knowledgeable and sophisticated purchasers, and any injury alleged by plaintiff was caused by such purchasers' failure to observe known standards of care.

53.     Any injury, damage or loss sustained by the plaintiff was proximately caused by and/or contributed to by its own negligence, carelessness, and/or omissions.

54.     Plaintiff's claims are barred pursuant to the learned intermediary doctrine.  If any damages or injuries alleged in the Second Amended Complaint occurred because of leaks in the gasoline storage tanks and associated piping, Getty Properties is not liable for those damages and/or injuries because the gasoline storage tanks and associated piping, when manufactured and distributed, conformed to the then current state of scientific and industrial knowledge, and the tanks and associated piping were used for their intended purpose.

56.     Plaintiff's public nuisance claims should be dismissed because there were no acts or omissions by or on behalf of Getty Properties constituting an intentional, unreasonable interference with the plaintiff's interest in the use and enjoyment of its property.

57.     Plaintiff's public nuisance claims must be dismissed because plaintiff has failed to allege "special damages," an absolute prerequisite to the assertion of a public nuisance claim.

58.     Getty Properties alleges that it owed no duty of care to plaintiff in connection with the matters alleged in the Second Amended Complaint.

59.     The Second Amended Complaint fails to plead the elements of negligence claims with sufficient clarity, specificity, and particularity.

60.     Plaintiff's claims are barred to the extent the conduct complained of is protected by the First Amendment to the United States Constitution.

61.     The Second Amended Complaint and each cause of action contained therein are barred based on Getty Properties valid exercise of the right of petition to the federal government, state government(s), and/or their respective deliberative bodies and agencies.

62.     Plaintiff's claims are barred, in whole or in part, based on plaintiff's actual or constructive notice of reported spills or releases, if any, from publicly available records.

63.     There is no legal relationship upon which any duty could possibly be owed by Getty Properties to plaintiff, and therefore, plaintiff's causes of action fail as a matter of law.

64.     The injuries and damages, if any, alleged by plaintiff are caused in whole or in part to the presence of compounds other than MTBE (e.g., the BTEX compounds).   Under plaintiff's own legal theories, Getty Properties is not liable for damages caused by compounds other than MTBE. In the event liability is assessed against Getty Properties, such liability must be reduced where, and to the extent that, other compounds - about which plaintiff does not complain - contributed to the alleged injury.

65.     Getty Properties is not liable for contamination where chemical compounds other than MTBE exceed state action levels or standards, requiring cleanup or regardless of the presence of MTBE (particularly, but not exclusively, where MTBE is present below state action levels or standards).

66.     Any injury, damage or loss sustained by the plaintiff in connection with the subject matter of this action was not reasonably foreseeable.

67.     If it is determined that plaintiff or anyone on whose behalf plaintiff is allegedly suing, was injured, as set forth in the Second Amended Complaint, which Getty Properties denies, Getty Properties alleges that any award of damages shall be reduced in proportion to the percentage of fault attributable to the plaintiff.

68.     If it is determined that plaintiff or anyone on whose behalf plaintiff is allegedly suing, was injured, as set forth in the Second Amended Complaint, which Getty Properties denies, Getty Properties alleges that any award of damages shall be reduced in proportion to the percentage of fault attributable to third parties (including but not limited to persons or entities responsible for gasoline leaks or spills).

69.     The injuries alleged in the Second Amended Complaint, if any, may be reasonably apportioned among the defendants, as each defendants' alleged acts and omissions is divisible and distinct.

70.     Plaintiff has unreasonably failed to mitigate its damages, if any.

71.     To the extent that any party has settled or may settle in the future with plaintiff, Getty Properties asserts its entitlement to an appropriate credit or reduction of any judgment(s) against it.

72.     Plaintiff's claims for punitive damages violate the provisions of the U.S. Constitution, including but not limited to those provisions requiring due process of law and prohibiting excessive fines.

73.     Plaintiff's Second Amended Complaint fails to state a claim for punitive damages.

74.     Plaintiff's claims are barred, in whole or in part, by the doctrines of *res judicata* and collateral estoppel.

75.     The Second Amended Complaint and each purported cause of action are barred by the applicable provisions of the pertinent statutes of limitations, including but not limited to, 42 Pa. Cons. Stat. Ann. §5524.

76.     Getty Properties' conduct did not meet the minimum requirements of culpability with respect to each material element of the alleged offenses of public nuisance, and negligence

in order to be found liable according to the applicable provision of 18 Pa. Cons. Stat. Ann. §302, and, therefore, plaintiff's claims on these counts should be dismissed.

77.     Plaintiff's claims for public nuisance are barred because at all relevant times, neither Getty Properties nor the gasoline products it sold, supplied and/or distributed violated any orders or regulations adopted by the Pennsylvania Department of Environmental Resources.  35 Pa. Cons. Stat. Ann. § 691.503.

78.     Getty Properties is relieved of liability as to some or all of plaintiff's claims asserted in the Second Amended Complaint pursuant to the provisions set forth in Pennsylvania's Land Recycling and Environmental Remediation Standards Act, 35 P.S. §§6026.101, *et seq.* (Act 2) and all related regulations.

79.     Any and all claims asserted by Plaintiff regarding the sale, supply or distribution of gasoline product after 1997 fail as to Getty Properties as Getty Properties did not sell, supply or distribute gasoline product after January 31, 1997.

80.     Plaintiff lacks standing and/or the capacity to assert the causes of action and relief sought as set forth in the Second Amended Complaint.

81.      Plaintiff does not have standing to bring one or more of the purported causes of action, including in its *parens patriae* and/or trustee capacity.

82.     One or more of Plaintiff's claims is not ripe, including its claim for future damages.

83.     Getty Properties denies that MTBE and gasoline containing MTBE constitute defective products and/or that MTBE and gasoline containing MTBE were negligently stored, sold, supplied, distributed or handled by it. Even if Plaintiff could prove that MTBE and gasoline containing MTBE are defective products, or that MTBE and gasoline containing MTBE were

negligently stored, sold, supplied, distributed or handled by it, Plaintiff cannot recover damages against Getty Properties because Plaintiff is/was contributorily negligent.

84.     Plaintiff's claims for strict liability are barred because of the principles embodied in Section 402A of the Restatement (Second) of Torts and its comments, including to the extent that Plaintiff was not a user or consumer of the product at issue, and that Getty Properties did not manufacture gasoline containing MTBE or sell any product that was unreasonably dangerous beyond the contemplation of the ordinary consumer.

85.     Any storage of gasoline containing MTBE in the State was not abnormally dangerous and was an appropriate activity for the place where it was stored.

86.     Plaintiff's claim for design defect fails because Getty Properties did not manufacture MTBE, did not refine gasoline and did not blend or add MTBE to gasoline.

87.     Plaintiff's claim for design defect fails because gasoline containing MTBE worked as intended.

88.     The injuries and damages, if any, alleged by Plaintiff are caused in whole or in part by the presence of compounds other than MTBE.  Under Plaintiff's own legal theories, Getty Properties is not liable for damages caused by compounds other than MTBE.  In the event liability is assessed against Getty Properties, such liability must be reduced where, and to the extent that, other compounds - about which Plaintiff does not complain - contributed to the alleged injury.

89.     Getty Properties is not liable for contamination where chemical compounds other than MTBE exceed state action levels or standards and require cleanup, regardless of the presence of MTBE.

90.     Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff seeks to impose liability and/or penalties on Getty Properties retroactively, or for conduct that was not actionable at the time it occurred.

91.     Getty Properties is entitled to total or partial indemnity from those individuals or entities who are responsible for Plaintiff's injuries or damages, if any, in an amount in direct proportion to their relative culpability.

92.     Certain of Plaintiff's claims are barred by prior settlements and/or releases.

93.     Getty Properties affirmatively claims, by way of recoupment or offset, the monetary or economic benefit that Getty Properties alleges Plaintiff obtained by the use of RFG gasoline, including but not limited to the air quality benefits obtained by Plaintiff and its residents.

94.     The Constitution of the Commonwealth of Pennsylvania does not support Plaintiff's allegations or causes of action asserted in the Second Amended Complaint.

95.     Plaintiff does not have authority to sue for civil penalties or civil recovery under Pennsylvania's environmental laws and regulations.

96.     Plaintiff's claim for natural resource damages are barred, in whole or in part, because Plaintiff does not own or have a trusteeship interest in the property and/or natural resources allegedly impacted.

97.     Plaintiff's statutory claims fail to the extent premised on manufacture, supply or distribution of gasoline containing MTBE, because the statutory scheme is intended to apply to underground storage tank facility owners or operators, or others who directly caused a discharge.

98.     Getty Properties cannot be liable for MTBE detected in soil and/or groundwater below applicable federal and/or state regulatory levels.

99.     Plaintiff is not entitled to punitive or exemplary damages on any cause of action or ground alleged in the Second Amended Complaint. Any award of punitive or exemplary damages would violate the due process and/or equal protection clauses of the Commonwealth of Pennsylvania's and United States Constitutions.

100.    The Second Amended Complaint is barred, in whole or in part, by the doctrine of equitable estoppel.

101.    Getty Properties incorporates by reference any appropriate affirmative defense, whether general or specific, asserted by other defendants in this MTBE MDL 1358.

102.    As allowed by the Federal Rules of Civil Procedure, and specifically Rule 15, Getty Properties reserves the right to move for leave to further amend or supplement this Second Amended Master Answer and Affirmative Defenses to assert any further defense that may become evident during the course of discovery or other proceedings in this case.

103.    The pleading of the affirmative defenses asserted above shall not be construed as an undertaking by Getty Properties of any burden that would otherwise be the responsibility of plaintiff.

WHEREFORE, Defendant Getty Properties Corp. denies that Plaintiff is entitled to any such relief as set forth in Plaintiff's Second Amended Complaint. Defendant Getty Properties Corp. respectfully requests that the Court enter judgment in its favor and that all of Plaintiff's claims and causes of action asserted against Getty Properties Corp. be dismissed with prejudice and grant such other and further relief as the Court deems just and proper.

**RAWLE & HENDERSON** LLP

By: _____

       John C. McMeekin II, Esquire
       Susan M. Dean, Esquire
       The Widener Building
       One South Penn Square
       Philadelphia, PA  19107
       Phone: 215-575-4324 (Phone)
       Fax: 215-563-2583 (Fax)
       E-mail: jmcmeekin@rawle.com
       E-mail: sdean@rawle.com

       *Attorneys for Defendants*
       *Getty Properties Corp.*

Dated:  October 1, 2021

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

_____

In Re: Methyl Tertiary Butyl Ether ("MTBE")          Master File No.: 1:00-1898
Products Liability Litigation                                 MDL No. 1358

_____

This document relates to:                                    **JURY TRIAL DEMANDED**

Commonwealth of Pennsylvania, etc. v. Exxon Mobil
Corporation, et al., No. 1:14-cv-06228-VSB

_____


     I, Susan M. Dean, hereby certify that on October 1, 2021, a true and correct copy of

Defendant Getty Properties Corp.'s Second Amended Master Answer, Cross Claims and

Affirmative Defenses, in the above captioned proceeding, we served upon all counsel of record

via LexisNexis File & Serve.


                            **RAWLE & HENDERSON** LLP


                            By: _____
                                Susan M. Dean, Esquire
                                The Widener Building
                                One South Penn Square
                                Philadelphia, PA  19107
                                Phone: 215-575-4200 (Phone)
                                Fax: 215-563-2583 (Fax)
                                E-mail: sdean@rawle.com


                                *Attorneys for Defendant*
                                *Getty Properties Corp.*


Dated:  October 1, 2021