UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In Re:  Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation* | Master File No. 1:00 – 1898<br>MDL 1358<br>M21-88 |
| **This Document Relates To:**<br><br>*Commonwealth of Pennsylvania, et al. v. Exxon Mobil Corp., et al.,*<br><br>No. 1:14-CV-06228-VSB-DCF | |

### DECLARATION OF ANATOLY MARTYNOV IN SUPPORT OF PJSC LUKOIL'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

I, Anatoly Martynov, hereby declare under penalty of perjury as follows:

1.  My name is Anatoly Martynov and I submit this declaration in support of the Motion to Dismiss filed by PJSC LUKOIL ("PJSC").  Unless otherwise stated, I make the following statements based upon my own personal knowledge.

2.  I am a native of Moscow, Russia, and I currently reside at the following address: 105043, Moscow, Pervomayskaya str., apart. 363.  I graduated from the People's Friendship University of Russia in Moscow, receiving the equivalent of a J.D. with highest honors in 2000 and an LL.M. in 2002.

3.  In February 2003, I joined OAO LUKOIL (renamed PJSC LUKOIL in July 2015) as a corporate attorney.  The focus of my work was on corporate structures and management system reform and other corporate and financial matters, including mergers and acquisitions, restructurings, debt offerings, and derivative transactions.

4. Since 2003, my professional responsibilities have included working with PJSC subsidiaries in the United States, specifically LUKOIL Americas Corporation ("LAC") and LAC's wholly-owned subsidiary, LUKOIL North America LLC ("LNA"), with respect to financial transactions and corporate restructurings. As a result, I am familiar with the major activities of those companies and their general managerial structures. For the same reason, I am also familiar with the general management of Getty Petroleum Marketing Inc. ("GPMI"), a wholly-owned subsidiary of LAC.

5. In 2010, I was appointed Head of International Litigation and Arbitration of PJSC, and in 2020, I took up the position of Head of International Legal Department. I continue to hold that position. In that role, my responsibilities include dispute resolution matters (my primary focus is on EU and U.S. litigation and international arbitrations, both institutional and ad hoc), anti-corruption issues, and internal investigations, and legal support for major international projects.

6. I understand for purposes of this Pennsylvania case, the relevant time period ended in 2006.

7. PJSC, headquartered in Moscow, Russia, is a publicly traded joint stock company organized under the laws of the Russian Federation. PJSC trades on the London Stock Exchange as well as stock exchanges in Russia.

8. PJSC is a holding company that is the ultimate parent of more than one hundred subsidiaries.

9. PJSC is not, and has never been, directly involved in the refining, distribution, or marketing of gasoline in the United States, including gasoline containing methyl tertiary butyl ether ("MTBE").

10. PJSC has never owned, operated, or leased a refinery, a petroleum product terminal, or service station in the United States.

11. No entity has ever supplied PJSC with gasoline in the United States, including gasoline containing MTBE. Nor has PJSC ever sold gasoline in the United States, including gasoline containing MTBE.

12. PJSC has never designed, set specifications for, manufactured, produced, distributed, sold, or purchased MTBE in the United States. Nor has it ever blended MTBE into gasoline in the United States.

13. PJSC has no employees, and conducts no operations, in the United States. All PJSC-affiliated operations in the United States are conducted through PJSC's indirect subsidiaries.

14. PJSC is not, and never has been, the direct parent company of GPMI, LAC, LNA, or LUKOIL Pan Americas, LLC ("LPA"). In fact, there are multiple entities in the corporate structure between PJSC and the American subsidiaries. PJSC owns 100 percent of LUKOIL INTERNATIONAL GmbH, an Austrian entity, which in turn owns 100 percent of both LAC and LITASCO SA, a Swiss entity. LITASCO SA owns 100 percent of LPA. As mentioned above, LAC owns 100 percent of LNA.

15. In 2001, LAC acquired GPMI, a publicly-traded company. GPMI remained an independent operating company after the acquisition as a wholly-owned subsidiary of LAC.

16. In February 2011, LAC sold its interest in GPMI to an unrelated third party.

17. PJSC's primary business address is in Moscow, Russia. It has never shared a business address or other mailing or telephone listing with LAC, LNA, LPA, or GPMI.

18. PJSC did not own the stock of any of its subsidiaries in the United States.

19. PJSC has its own board of directors and does not share officers with its subsidiaries in the United States.  None of PJSC's directors have ever been directors or officers of LAC, LNA, LPA, or GPMI.  Indeed, PJSC holds its own directors' meetings and reports to its own shareholders.

20. LAC, LNA, LPA, and GPMI each have their own board of directors, and each board of directors acts independently of PJSC.

21. PJSC maintains its own books and records, employs its own personnel, and forms its own contractual relationships.  PJSC's accounts were not and are not comingled with LAC, LNA, LPA, or GPMI.

22. PJSC limited its involvement with LAC, LNA, LPA, and GPMI to those activities typical of a parent holding company.  PJSC held occasional meetings in Moscow with executives from these and other subsidiary corporations to provide general oversight and management.

23. PJSC never controlled the day-to-day operations of LAC, LNA, LPA, or GPMI, including their budgeting, marketing, operating, personnel, or sales.

24. PJSC similarly never demanded that LAC, LNA, LPA, or GPMI seek its approval for the majority of their operations.

25. PJSC never asked any of LAC, LNA, LPA, or GPMI, or any of their executives, to act as its agent.  Accordingly, it never made an agreement to that effect, written or otherwise.

26. While PJSC provided management oversight, it never directed that LAC, LNA, LPA, or GPMI, or any of their executives, undertake any certain action.

27. PJSC vigorously disputes the allegations made by the Trustee in the course of the bankruptcy proceedings of GPMI. The claims were subject to highly-contested litigation, and were not adjudicated on their merits. Indeed, PJSC expressly disclaimed any liability for those claims in the settlement approved by the bankruptcy judge overseeing the GPMI proceedings.

Executed on September 29, 2021

By: _____
Anatoly Martynov