UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
                                                       :
In Re: Methyl Tertiary Butyl Ether ("MTBE")  :   Master File No. 1:00-1898
Products Liability Litigation                :   MDL 1358
                                                       :
This document relates to:                    :
                                                       :
                                                       :          **ORDER**
*Commonwealth of Pennsylvania et al. v. Exxon* :
*Mobil Corporation et al.*, No. 14-cv-6228-VSB :
                                                       :
-------------------------------------------------------X


VERNON S. BRODERICK, United States District Judge:

On October 27, 2021, upon a showing made by Plaintiff the Commonwealth of

Pennsylvania ("Pennsylvania"), a Clerk's Certificate of Default was entered against Defendant

American Refining Group, Inc. ("ARG") for failing "to file an answer to the Second Amended

Complaint within sixty (60) days of the Opinion & Order issued on August 2, 2021." (Doc. 750;

*see also* Doc. 662 (the Opinion & Order).) On November 2, 2021, ARG filed papers seeking to

vacate the Clerk's Certificate of Default. (Docs. 759–60.) Among other things, ARG argues that

it did not receive notice of the Opinion & Order and that its counsel's pro hac vice admission

"had expired or was no longer effective." (Doc. 760 ¶¶ 5–8.) As an exhibit, ARG filed a

"proposed answer to the Second Amended Complaint," (*id.* ¶ 14), which it intends to file if the

Clerk's Certificate of Default is vacated, (*see* Doc. 760-3.) Accordingly, it is hereby

ORDERED that Pennsylvania and ARG shall meet and confer in an attempt to reach

consensus on whether the Clerk's Certificate of Default should be vacated. It is further

ORDERED that by November 19, 2021, Pennsylvania and ARG shall jointly file either

(1) a proposed stipulation and order to vacate the Clerk's Certificate of Default; or (2) a joint

letter explaining each party's respective positions regarding the Clerk's Certificate of Default.

SO ORDERED.

Dated:      November 5, 2021
            New York, New York

VERNON S. BRODERICK
United States District Judge