UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation<br><br>**This document relates to:**<br><br>*Orange County Water District v. Unocal Corp., et al.,* Case No. 04 Civ. 4968 (VSB) | Master File No. 1:00-1898 (VSB)<br><br>MDL 1358 |

**VALERO DEFENDANTS' MEMORANDUM IN SUPPORT
OF JOINDER IN MOTION TO DISMISS FOR LACK OF PROSECUTION**

Nearly three years have passed since Plaintiff Orange County Water District ("OCWD") has taken any steps to pursue this case. The U.S. District Court for the Central District of California closed OCWD's case against Remanded Defendants in March 2019. C.D. Cal. Case No. 8:03-cv-01742, Dkt. No. 626. Since that date, OCWD has taken no action to litigate any remaining claims included in this multidistrict litigation ("MDL") against Non-Remanded Defendants Ultramar, Inc., Valero Refining Company-California, and Valero Marketing and Supply Company (collectively, "Valero") or Southern Counties Oil Co. ("Southern Counties")). In light of OCWD's inaction, Southern Counties has moved to dismiss OCWD's claims against it pursuant to Federal Rule of Civil Procedure 41(b). S.D.N.Y. Dkt. No. 520. The Valero Defendants now join Southern Counties' motion to dismiss. For all the reasons cited in Southern Counties' motion and accompanying documents, and for the reasons cited below and in the accompanying declaration, this Court should dismiss with prejudice any and all remaining claims against the Valero Defendants for lack of prosecution pursuant to Rule 41(b).

**I.    BACKGROUND**

OCWD brought this case in 2003 in California Superior Court.  The case was removed to the Central District of California and then transferred to this MDL. C.D. Cal. Dkt. No. 1;

S.D.N.Y. Dkt. No. 1. Under the direction of then-MDL Judge Scheindlin, claims related to "focus plume stations" were selected for the purpose of discovery and pretrial proceedings in this matter. In 2015 and 2017, at the suggestion of Judge Scheindlin and this Court, *see* S.D.N.Y Dkt. Nos. 460 and 496, the Judicial Panel on MDL issued orders remanding claims relating to the focus plume stations back to the Central District of California for additional pretrial and trial proceedings. S.D.N.Y Dkt. Nos. 464 and 497.

The focus plume trial began in January 2019 before U.S. District Court Judge Cormac J. Carney, and the remaining Remanded Defendants at the time of trial settled after opening statements. Shortly afterwards, OCWD filed Plaintiff's Motion to Allocate BP, ExxonMobil, Shell and Chevron Settlements ("Allocation Motion"). C.D. Cal. Dkt. No. 604.[1] The Non-Remanded Defendants appeared before Judge Carney in early 2019 for the limited purpose of opposing Plaintiff's Allocation Motion. C.D. Cal. Dkt. No. 621. On March 11, 2019, Judge Carney denied Plaintiff's Allocation Motion without prejudice. C.D. Cal. Dkt. No. 627. That same day, Judge Carney issued an order administratively closing the remanded action "subject to reopen if and when additional cases are remanded from the MDL Court." C.D. Cal. Dkt. No. 626. Since that order, OCWD has taken no steps to litigate its claims against the Valero Defendants and Southern Counties.[2] Anderson Decl. ¶¶ 10–11. Prior to February 2022 on the heels of Southern Counties' motion to dismiss, OCWD had not spoken with the Valero Defendants about this case since March 2019. Anderson Decl. ¶ 10. As a courtesy, counsel for

---

[1] The substance of the filings relating to Plaintiff's Motion to Allocate are not germane to the present motion, and thus have not been attached as exhibits. Of course, Defendants will provide them promptly upon the Court's request.

[2] The last action taken by OCWD in this Court was to request dismissal of a Remanded Defendant, which this Court granted by order entered on December 2, 2019. S.D.N.Y. Dkt. No. 513.

the Valero Defendants emailed OCWD's counsel on February 8, 2022, to advise them that the Valero Defendants intended to join Southern Counties' motion to dismiss. *Id.* at ¶ 11. At OCWD counsel's request, the parties held a telephone conference on February 11, 2011, at which time OCWD's counsel asked for additional time to provide its position as to the Valero Defendants. *Id.* Counsel for the Valero Defendants agreed to delay filing the joinder. *Id.* When OCWD's counsel emailed and asked for additional time on February 17, 2022, the Valero Defendants agreed as a courtesy to hold off on filing the joinder until February 23, 2022. *Id.* Since then, OCWD's counsel has asked the Valero Defendants several more times to hold off filing the motion to facilitate further communications. *Id.* Each time, the Valero Defendants have agreed to hold off filing the joinder. *Id.* However, no such discussions have occurred. On Tuesday, March 1, 2022, counsel for the Valero Defendants told counsel for OCWD it would file by 12:00 p.m. CST, March 3, 2022, if it did not hear anything further. *Id.* Counsel for OCWD did not further communicate with counsel for the Valero Defendants. Nor have any communications with OCWD's counsel to date obviated the need for this motion. *Id.*

## II.   ARGUMENT AND AUTHORITIES

Rule 41(b) empowers district courts to dismiss an action or individual claims due to the plaintiff's failure to prosecute. Fed. R. Civ. P. 41(b). Courts considering whether to dismiss claims for want of prosecution weigh the following five factors: (1) the duration of the plaintiff's failure to prosecute, (2) whether the plaintiff was on notice that its claims could be dismissed if it failed to pursue them, (3) any prejudice likely to result to defendants as a result of further delays, (4) the court's interest in effectively managing its docket balanced with the plaintiff's interest in a fair hearing, and (5) the consideration of less drastic sanctions. *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).

All five factors here weigh strongly in favor of dismissing OCWD's claims. First, OCWD has taken no action at all to pursue its remaining claims, if any, for nearly three years. The Second Circuit has held that even several months of inaction can support dismissal under Rule 41(b). *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42-43 (2d Cir. 1982); *see also Baptiste*, 768 F.3d at 217 (calling plaintiff's "delay of almost two years . . . excessive"). Second, as described in Defendant Southern Counties' memorandum in support of its motion to dismiss, OCWD has been on notice since March 2021 that its continuing failure to pursue its claims could result in a motion to dismiss for lack of prosecution. S.D.N.Y. Dkt. No. 521 at 4. Despite that warning, OCWD has taken no steps to litigate its claims.

Third, Plaintiff's unjustified and prolonged delay has prejudiced the Valero Defendants. Witness memories have likely faded and knowledgeable personnel have retired or are no longer available. It is unreasonable for the Valero Defendants to have to continue monitoring this docket. Plaintiff has had more than ample time to pursue its claims. More than seventeen years have elapsed since Plaintiff named the Valero Defendants as defendants. Anderson Decl. ¶ 3. Fourth, weighing the interests of this Court with the interests of the plaintiff, the Court should not be required to keep on its busy docket a case that OCWD plainly has no interest in pursuing. Finally, in light of the prejudice that OCWD's dilatory conduct has caused to Moving Defendants, no sanction other than dismissal is appropriate.

### III. CONCLUSION

For the foregoing reasons, the Valero Defendants respectfully join Southern Counties in requesting that the Court dismiss all claims against them with prejudice for lack of prosecution.

Dated:  March 3, 2022	Respectfully submitted,

DOWD BENNETT, LLP

By:   /s/ Erika Anderson
James F. Bennett
Erika M. Anderson
Kelly J.H. Murrie
7733 Forsyth Blvd., Suite 1900
St. Louis, Missouri 63105
Telephone: (314) 889-7300
Facsimile: (314) 863-2111
jbennett@dowdbennett.com
eanderson@dowdbennett.com
kmurrie@dowdbennett.com
*Admitted pro hac vice*

**Attorneys for Ultramar, Inc., Valero Refining Company-California, and Valero Marketing and Supply Company**

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of Valero Defendants' Memorandum in Support of Joinder in Motion to Dismiss for Lack of Prosecution was served upon counsel for MDL, Plaintiff, and to all other counsel of record via CM/ECF on the 3rd day of March, 2022.

                                                    /s/ Erika M. Anderson