UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation<br>**This document relates to:**<br><br>*Orange County Water District v. Unocal Corp., et al.*<br><br>Case No. 04 Civ. 4968 (VSB) | Master File No. 1:00-1898 (VSB)<br><br>MDL 1358 |

### DECLARATION OF ERIKA ANDERSON IN SUPPORT OF VALERO DEFENDANTS' JOINDER IN <u>MOTION TO DISMISS FOR LACK OF PROSECUTION</u>

I, Erika Anderson, declare as follows:

1. I am an attorney duly admitted to practice pro hac vice before this Court, and am counsel with Dowd Bennett LLP, attorneys of record for Defendants Ultramar, Inc., Valero Refining Company-California, and Valero Marketing and Supply Company (collectively "Valero Defendants") in the above-captioned matter. I have personal knowledge of the facts hereinafter set forth and if called as a witness I could and would testify competently to the following:

2. I am one of the attorneys responsible for managing the above-captioned case on behalf of the Valero Defendants.

3. Plaintiff Orange County Water District ("OCWD") brought this case in 2003 in California Superior Court. The case was removed to the U.S. District Court for the Central District of California (C.D. Cal. Case No. 8:03-cv-01742) and then transferred to a multi-district litigation ("MDL") proceeding in the U.S. District Court for the Southern District of New York in 2004 (S.D.N.Y. Case No. 04-cv-04968). OCWD named the Valero Defendants as a refiner defendant in this matter in 2003.

4.	Under the direction of then-MDL Judge Scheindlin, claims related to "focus plume stations" were selected for the purpose of discovery and pretrial proceedings in this matter. Plaintiff identified the Valero Defendants as defendants associated with some of the focus plume stations on the theory that the Valero Defendants supplied gasoline containing MTBE that was delivered to some of the focus plume stations.

5.	In 2014, defendants associated with the focus plume stations filed an Omnibus Motion for Summary Judgment. S.D.N.Y Dkt. No. 336. Among the arguments made in the summary judgment briefing was that Plaintiff could not proceed against the Valero Defendants for any focus plume station because Plaintiff lacked evidence of direct causation, *i.e.,* that the Valero Defendants were in the chain-of-title for product delivered to any focus plume station. In granting summary judgment in the Valero Defendants' favor, Judge Scheindlin ruled that OCWD lacked "'reasonably probable' evidence" that the Valero Defendants were in the chain-of-title for gasoline "delivered to *any* station at issue" and that Plaintiff could not proceed against the Valero Defendants under the alternative "commingled product theory" of liability because Plaintiff had "ample opportunity" to develop evidence to prove direct causation and "[f]or whatever reason, . . . failed to pursue such evidence."  S.D.N.Y Dkt. No. 438 at 25-27 (emphasis in original).

6.	In 2015 and 2017, at the suggestion of Judge Scheindlin and Your Honor (S.D.N.Y Dkt. Nos. 460 and 496), the Judicial Panel on Multidistrict Litigation issued orders remanding claims relating to the focus plume stations back to the United States District Court for the Central District of California for additional pretrial and trial proceedings. S.D.N.Y Dkt. Nos. 464 and 497.  As OCWD's claims against the Valero Defendants related to the focus plume

stations were dismissed prior to remand, the Valero Defendants were not part of the remanded proceedings. *Id.*

7. The focus plume trial began in January 2019 before United States District Court Judge Cormac J. Carney, and the remaining Remanded Defendants at the time of trial settled after opening statements. Shortly afterwards, OCWD filed Plaintiff's Motion to Allocate BP, ExxonMobil, Shell and Chevron Settlements ("Allocation Motion"). C.D. Cal. Dkt. No. 604.[1]

8. The Valero Defendants and the other Non-Remanded Defendants (Tesoro Corporation (v/n/a/ Tesoro Petroleum Corporation) and Tesoro Refining and Marketing Company LLC (collectively, "Tesoro"); CITGO Petroleum Corporation; USA Gasoline Corporation; and Southern Counties Oil Co.) appeared before Judge Carney in early 2019 for the limited purpose of opposing Plaintiff's Allocation Motion. C.D. Cal. Dkt. No. 621.

9. On March 11, 2019, Judge Carney denied Plaintiff's Allocation Motion without prejudice. C.D. Cal. Dkt. No. 627. That same day, Judge Carney issued a minute order to administratively close the case, "subject to reopen if and when additional cases are remanded from the MDL Court." C.D. Cal Dkt. No. 626.

10. The last action taken by Plaintiff in this Court was to request dismissal of a Remanded Defendant, which was granted by order entered on December 2, 2019, S.D.N.Y. Dkt. No. 513.

11. In the nearly three years that have elapsed since Judge Carney administratively closed the remanded portion of the case, counsel for OCWD has taken no action to pursue any purported non-focus plume claims against the Valero Defendants in this Court. Prior to February

---

[1] The substance of the filings relating to Plaintiff's Motion to Allocate are not germane to the present motion, and thus have not been attached as exhibits. Of course, Defendants will provide them promptly upon the Court's request.

2022, the last communication that I had with Plaintiff's counsel regarding this case was in or around March of 2019. In February 2022, emails were exchanged with Plaintiff's counsel regarding the Valero Defendants' intention to join Southern Counties Oil's Motion to Dismiss. The email exchange was followed by a call with Plaintiff to discuss the Motion and the proposed joinder. Thereafter, counsel for the Valero Defendants and Plaintiff met and conferred. Counsel for Plaintiff has repeatedly asked counsel for the Valero Defendants to delay filing this motion to allow for further discussions, and the Valero Defendants have continued to accommodate this request by delaying their filing. However, no such discussions have occurred. On March 1, 2022, counsel for the Valero Defendants stated it would file by 12:00 p.m. on March 3, 2022, if the Valero Defendants received no further communications from Plaintiff's counsel. No such communications occurred; moreover, communications to date have not obviated the need for this motion. Other than these February 2022 contacts, since March 2019, Plaintiff's counsel has not communicated with me or other counsel for the Valero Defendants regarding this case, and at no time has it made any attempt to advance its remaining claims, if any, against the Valero Defendants to my knowledge.

    I declare under penalty of perjury that the foregoing is true and correct. Executed at Boston, Massachusetts on the 3rd day of March, 2022.

_____
Erika Anderson

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the Declaration of Erika Anderson in Support of Valero Defendants' Joinder in Motion to Dismiss for Lack of Prosecution was served upon counsel for MDL, Plaintiff, and to all other counsel of record via CM/ECF on the 3rd day of March, 2022.

                                                       /s/ Erika M. Anderson