UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE METHYL TERTIARY BUTYL ETHER ("MTBE") PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br><br>*Commonwealth of Pennsylvania v. Exxon Mobil Corp., et al.*, No.: 1:14-cv-06228 | Master File No. 1:00-cv-1898<br>MDL 1358 (VSB) |

**MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION OF THE COMMONWEALTH OF PENNSYLVANIA AND THE SETTLING DEFENDANTS TO DISMISS WITH PREJUDICE THE COMMONWEALTH'S CLAIMS AGAINST THE SETTLING DEFENDANTS**

**I.     INTRODUCTION**

The Commonwealth of Pennsylvania ("Commonwealth") and LUKOIL Americas Corporation;[1] LUKOIL North America LLC; LUKOIL Pan Americas LLC; and PJSC LUKOIL (collectively the "Settling Defendants"), hereby submit this Memorandum of Law in Support of their Joint Motion pursuant to Fed. R. Civ. P. Rule 41(a)(2), or alternatively under Fed. R. Civ. P. Rule 15 or Rule 21,[2] to dismiss all claims against the Settling Defendants with prejudice (the "Joint Motion to Dismiss").

The Commonwealth previously settled with other Co-Defendants, and this Court has endorsed Orders of Dismissal dismissing those defendants pursuant either to Fed. R. Civ. P. Rule

---

[1] The allegations against LUKOIL Americas Corporation ("LAC") were previously dismissed when the Court granted LAC's motion to dismiss pursuant to Fed. R. Civ. P. Rule 12(b)(6) on August 2, 2021. *See* Opinion and Order (ECF No. 662). In an abundance of caution, LAC is being included here as one of the Settling Defendants because it is a party to the Settlement Agreement.

[2] *See Jerry Vogel Music Co. v. Edward B. Marks Music Corp.*, 1985 WL 3392, at *6, n.14 (S.D.N.Y. 1985) (citing *Broadway & Ninety-Sixth St. Realty Corp. v. Loew's Inc.*, 23 F.R.D. 9 (S.D.N.Y. 1958)) ("Where voluntary dismissal is sought against fewer than all defendants, it is not clear under which of the three rules it is proper to proceed … Since the considerations applicable in all four cases are [] substantially identical it is unnecessary to decide whether I am acting under Rule 15(a), Rule 21, Rule 41(a)(2) or none of them.").

1

41(a)(1)(A)(i) (Notices of Voluntary Dismissal) (ECF Nos. 378, 399 and 448) or Fed. R. Civ. P. Rule 41(a)(1)(A)(ii) (stipulation of dismissal by all parties) (ECF Nos. 837, 861, 876, 884, 893, 915 and 920.)

A Rule 41(a)(2) Motion to Dismiss is required here because answers and summary judgment motions have been filed, and one non-settling Co-Defendant (Getty Properties Corp. ("Getty")), has not provided its consent to the Settling Defendants' stipulation of dismissal, but also has not provided any objections. Getty has signed the last seven prior stipulations of dismissal for other settling Co-Defendants.[3]

**II.     Background**

A.  The Settlement Agreement

The Commonwealth and the Settling Defendants have executed a settlement agreement that, *inter alia*, releases all claims and causes of action that the Commonwealth asserted against the Settling Defendants in the Second Amended Complaint (the "Settlement Agreement"). *See* Declaration of Joseph L. Sorkin dated August 14, 2023 ("Sorkin Decl."), Ex. A. The Settlement Agreement further contains a *pro rata* release, which automatically reduces Plaintiff's damages against all non-settling Co-Defendants that are currently parties to this case (the "Non-Settling Defendants") to the extent of the Settling Defendants' apportioned liability. *See Baker v. ACandS*, 755 A.2d 664, 668 (Pa. 2000) ("Application of … a *pro rata* set-off would allow the non-settling tortfeasor to reduce the amount of money owed to the plaintiff in an amount equal to the settling defendant's apportioned share of the verdict."). The *pro rata* release fully insulates the Settling Defendants from any contribution claims by Non-Settling Defendants. *See Nat'l*

---

[3] Getty has not indicated it objects to the Settlement Agreement but has not provided its consent. Fed. R. Civ. P. Rule 41(a)(1)(A) requires the consent of all parties for a stipulation of dismissal to be self-effectuating if either answers or summary judgment motions have been filed.

*Liberty Life Ins. Co. v. Kling P'ship*, 504 A.2d 1273, 1279 (Pa. Super. Ct. 1983) (providing that *pro rata* release "destroyed [co-defendant's] right to institute a separate action for contribution"). Lastly, the Settlement Agreement expressly provides that the Settling Defendants' liability will be determined in the same manner and in the same form of trial verdict as if the Settling Defendants remained as Non-Settling Defendants.

> Specifically, the Settlement Agreement provides that:
>
>> "the *pro rata* reduction would allow any non-settling joint tortfeasors to reduce the amount of the Commonwealth's recoverable damages against them in an amount equal to any share that is apportioned to any Releasee(s) in a final judicial determination (whether by verdict, award, or judgement; including after appeal if a timely appeal is taken) as a joint tortfeasor with Releasee(s)".
>
> Sorkin Decl., Ex. A; Settlement Agreement at III.3.C. The Settlement Agreement further provides:
>
>> "The Commonwealth agrees that, in any trial of this action, the trier of fact shall determine Settling Defendants' or any other Releasees' percentage of relative fault for any and all claims in the same manner and in the same form of trial verdict as for all Non-Settling Defendants, as if the Settling Defendants or any other Releasee(s) had remained a Non-Settling Defendant".
>
> *Id.* at III.3.C.iv.

    B.  <u>Pre-Motion Conferencing</u>

The Settling Defendants have obtained the consent of all Non-Settling Defendants to stipulate to dismissal with prejudice of the Settling Defendants with the exception of Defendant Getty. Beginning in April 2023, the Settling Defendants reached out to all Non-Settling Defendants, including Getty, to notify them that the Commonwealth and the Settling Defendants had reached a settlement and to obtain consent to the proposed stipulation of dismissal. The Settling Defendants, as well as the Commonwealth, attempted to obtain consent from Getty to the Settling Defendants' proposed stipulation of dismissal, which included language identical to the prior stipulations of dismissal that Getty consented to.

As of the date of the Joint Motion to Dismiss, all Non-Settling Defendants except Getty have consented to the dismissal of the Settling Defendants. To date, Getty has not provided its consent but also has not indicated it objects to the Settlement Agreement.

### C. The Joint Motion to Dismiss

The Joint Motion to Dismiss seeks dismissal of Plaintiff's claims against the Settling Defendants. The Commonwealth has already released the Settling Defendants from all claims asserted against the Settling Defendants.

With the exception of Getty, no Co-Defendant has asserted any cross-claim against the Settling Defendants. Getty asserted an identical cross-claim for contribution and indemnity against all Co-Defendants on October 1, 2021, but voluntarily dismissed the cross-claims on November 19, 2021. (ECF No. 784). Accordingly, there are no cross-claims pending against the Settling Defendants.

### D. Rule 41 Dismissals Fulfilling Voluntary Settlement Agreements Are Routinely Granted

Where a Fed. R. Civ. P. 41(a)(2) dismissal request is made following a voluntary settlement agreement, such requests are routinely granted. *See Forest Serv. Emps. for Envtl. Ethics v. U.S. Forest Serv.*, No. 08-323 Erie, 2009 WL 1324154, at *3 (W.D. Pa. May 12, 2009) ("[t]he general rule of law ... is that settling parties retain the autonomy to fashion their own settlement terms free from the interference of the Court and non-settling parties.") (citations omitted); *see also Local No. 93 v. City of Cleveland*, 478 U.S. 501, 528-29 (1986) ("It has never been supposed that one party--whether an original party, a party that was joined later, or an intervenor--could preclude other parties from settling their own disputes and thereby withdrawing from litigation."). In circumstances where Non-Settling Defendants have not asserted any claims against the Settling Defendants, allowance of the Joint Motion to Dismiss

will not bar Non-Settling Defendants from bringing a future claim.[4]

Allowance of a Rule 41(a)(2) Motion to Dismiss following a voluntary settlement is favored because "the law encourages settlement…" *Bragg v. Robertson*, 54 F. Supp. 2d 653, 660 (S.D. W.Va. 1999) (allowing dismissal of certain parties and claims following settlement agreement); *see Preitz v. Am. Airlines, Inc.*, No. 11-44, 2017 WL 118092, at *1-2 (E.D. Pa. Jan. 11, 2017) ("One of the reasons settlement agreements are encouraged as a matter of public policy is that they lighten the increasing load of litigation faced by courts.") (citations omitted); *Forest Serv. Emps. for Envtl. Ethics*, 2009 WL 1324154 at *3 (allowing dismissal of settling defendants following voluntary settlement agreement).

The Settlement Agreement, and proposed Order of Dismissal, provide for the Settling Defendants to be on the verdict sheet so that the amount by which the verdict should be reduced to the benefit of Non-Settling Defendants can be identified by the finder of fact. Given that only the Commonwealth (who has released the Settling Defendants from all claims in the litigation and no longer wishes to pursue their claims) has asserted claims against the Settling Defendants, and that the Settlement Agreement and Order provide for an automatic reduction in the amount of the Settling Defendants' apportioned share, the Court should allow the Joint Motion to Dismiss. *See Kilbride Invs. Ltd. v. Cushman & Wakefield of Pa. Inc.*, No. 13-5195, 2019 WL 3713878, at *7 (E.D. Pa. Aug. 6, 2019) (ordering that settling defendant with *pro rata* release "shall be included on the verdict sheet for determination of liability and the amount of any pro rata reduction in any verdict for plaintiffs").

---

[4] The Settling Defendants maintain that any contribution or indemnity claim asserted against them in a subsequent action would be subject to summary judgment in favor of the Settling Defendants based upon, *inter alia*, the *pro rata* release set forth in the Settlement Agreement.

5

> E. <u>Non-Settling Defendants Will Not Be Prejudiced by Dismissal of the Settling Defendants</u>

Under settled law, the Court should allow a motion to dismiss settling defendants unless an opposing party can show that opposing party would suffer prejudice from the defendants' dismissal. *See, e.g.*, *Goldberg v. Meridor*, 81 F.R.D. 105, 112 (S.D.N.Y. 1979) ("Defendants have no 'vested right' to keep other defendants in the lawsuit, and a plaintiff's motion to drop a defendant should be granted unless the remaining defendants can demonstrate prejudice to them") (citations omitted). *See also SmithKline Beecham Corp. v. Pentech Pharm., Inc.*, 261 F. Supp. 2d 1002, 1006 (N.D. Ill. 2003) ("[T]he only reason that court action is required to allow a plaintiff to dismiss his case when not all defendants agree to the dismissal is that dismissal might injure another party to the suit … [T]he motion can be denied only if a party is hurt by dismissal … This principle … is inherent … in the structure of Rule 41(a)") (citations omitted).

Here, there is no prejudice to Non-Settling Defendants. There are no pending cross-claims against the Settling Defendants. Moreover, the Settlement Agreement provides for an automatic reduction of any judgment against Non-Settling Defendants for joint and several liability by the amount apportioned to the Settling Defendants.

Specifically, the Settlement Agreement provides that:

> "The Parties agree that this Settlement Agreement shall result in a *pro rata* share reduction of the Commonwealth's damages recoverable against any and all other joint tortfeasors to the extent provided under 42 Pa. C.S. § 8327, 42 Pa. C.S. § 7102(a.1)(4), or any other statute, regulation, or common law principle that provides contribution rights against the [Settling Defendants] concerning any matter, transaction or occurrence relating to the Litigation or Damages sought in the Litigation."

Sorkin Decl., Ex. A; Settlement Agreement at III.3.A.

6

Moreover, the Settlement Agreement provides a mechanism for Non-Settling Defendants to request that the trier of fact determine if the Settling Defendants are joint tortfeasors and, if so, the Settling Defendants' percentage of relative fault:

> "The Commonwealth agrees that, in any trial of this action, the trier of fact shall determine the Settling Defendants' or any other Releasees' percentage of relative fault for any and all claims in the same manner and in the same form of trial verdict as for all Non-Settling Defendants, as if the Settling Defendants or any other Releasee(s) had remained a Non-Settling Defendant…The Commonwealth agrees that Non-Settling Defendants have the right to submit jury instructions, or other pleadings, requesting that the trier of fact determine if the Settling Defendants are joint tortfeasors with Non-Settling Defendants participating in the trial and, if so, determine the Settling Defendants' percentage of relative fault."

*Id.* at III.3.C.iv.

Non-Settling Defendants cannot be prejudiced by the dismissal of the Settling Defendants because the Settlement Agreement provides that the Settling Defendants' liability shall be determined in the same manner as if the Settling Defendants had not settled. Additionally, the Settlement Agreement and proposed Dismissal Order provide that any award entered against joint tortfeasor Non-Settling Defendants will be automatically reduced in the amount of the share apportioned to the Settling Defendants at trial, regardless of how damages are apportioned against the Settling Defendants.

Even leaving aside that the provisions of the Settlement Agreement provide for an automatic reduction in the award against Non-Settling Defendants if the Settling Defendants are joint tortfeasors, if the Settlement Agreement does not fully entitle Non-Settling Defendants to an automatic reduction in the apportioned share of joint tortfeasor liability, the Order of Dismissal does not preclude Non-Settling Defendants from asserting contribution or indemnity

7

claims.[5] Absent a dismissal of any Co-Defendant's cross-claims (of which there are none), there can be no prejudice.

Finally, an unspecified desire to keep co-defendants in a case is not the kind of prejudice that warrants denial of a motion to dismiss. *See Broadway & Ninety-Sixth St.*, 23 F.R.D. at 11-12 ("Doubtless the position of the objecting defendants would be more favorable with the moving defendants as co-parties with them but I can think of no reason in law or justice why the moving defendants, having bought their peace from plaintiffs, should be required to continue as co-parties with the objecting defendants and for their sole benefit"); *Hawes v. Blast-Tek, Inc.*, No. 09-365, 2010 WL 2680778, at *2 (D. Minn. July 2, 2010) (allowing dismissal of settling defendant where non-settling defendant claimed prejudice based on "its concern that a jury will be unable to apportion liability between it and its co-Defendants…"); *Plasterer v. Hahn*, 103 F.R.D. 184, 186 (M.D. Pa. 1984) (finding no grounds to prevent dismissal of settling defendant where "even in the absence of [settling defendant] [non-settling defendants] can still avoid liability at trial by showing that [settling defendant] is responsible…").

### F. The Absence of a *Griffin* Release Is Not a Basis for Denying the Joint Motion to Dismiss

In *Griffin v. United States*, 500 F.2d 1059, 1072 (3d Cir. 1974), the court held that a release which allowed for a reduction of any judgment by the *pro rata* share of the settling defendant "whether or not the released party herein was in fact a joint tortfeasor" supported a *pro rata* reduction of a judgment entered against other parties sued for the same damages, even though the settlement was not reached in the same case in which judgment was entered. The *Griffin* court acknowledged that in Pennsylvania "in order to give effect to a 'pro rata share'

---

[5] To date (seven years after this lawsuit was commenced and after Answers have been filed), only one Co-Defendant has asserted cross-claims against any other Co-Defendant, and those cross-claims were dismissed shortly thereafter. (ECF Nos. 738, 766).

8

clause in a release, the joint tortfeasor status of the settling party must be judicially determined." *Id*. at 1071-72. The *Griffin* court held, however, that such a determination was not necessary when, as in *Griffin*, the settling defendant conceded joint tortfeasor status in advance. *Id.*

Pennsylvania law and *Griffin* both recognize the importance of facilitating settlement, so long as Non-Settling Defendants are not prejudiced. Requiring parties who wish to settle to first concede joint liability for this entire multi-site, multi-defendant, complex case, would ensure that no settlements will occur at all and harm all parties in the process. Neither Pennsylvania law nor *Griffin* requires that.

A *Griffin* Release is not the only way to avoid prejudice to Non-Settling Defendants. The release in the instant Settlement Agreement/Order of Dismissal, for example, provides for the inclusion of the Settling Defendants on the verdict sheet and for a determination of the Settling Defendants' apportioned share of liability by the finder of fact. *See Kilbride Invs. Ltd.*, 2019 WL3713878, at *7 (ordering that settling defendant with *pro rata* release "shall be included on the verdict sheet for determination of liability and the amount of any pro rata reduction in any verdict for plaintiffs"); *Gustine Uniontown Assocs. v. Anthony Crane Rental, Inc*., No. GD99-012166, 2009 Pa. Dist. & Cnty. Dec. LEXIS 765, at *4 (June 24, 2009) (providing that pursuit of claims to determine joint tortfeasor status of settling defendant is "accomplished by continuing to include the settling defendant in the caption and by including the settling defendant as a defendant on the jury verdict slip in order that the jury may determine the issues of joint or sole liability").

Plaintiff has agreed in the Settlement Agreement to reduce any judgment on a verdict in which the Settling Defendants are found to be jointly liable by the *pro rata* share allocated to the Settling Defendants on the verdict sheet. Pennsylvania's Comparative Negligence statute, 42 Pa.

9

C.S.A. § 7102, endorses precisely such an approach. It provides that "[f]or purposes of apportioning liability only, the question of liability of any defendant… who has entered into a release with the plaintiff with respect to the action and who is not a party shall be transmitted to the trier of fact upon appropriate requests and proofs by any party." 42 Pa. C.S.A. § 7102(a.2).

The Settlement Agreement not only does not prejudice Non-Settling Defendants – it puts Non-Settling Defendants (including Getty) in a better position than they would be if the Settling Defendants had not settled. If the Settling Defendants did not settle, at trial they would affirmatively contest their liability, their joint tortfeasor status and the amount of their apportioned share. Non-Settling Defendants are affirmatively benefitted by the Settlement. *See Forest Serv. Emps. for Envtl. Ethics*, 2009 WL 1324154, at *3 ("In evaluating whether a non-settling party is prejudiced by a proposed settlement in the Rule 41(a)(2) context, it is legal prejudice 'from the dismissal of the suit' that we consider…").

Both the facts and forms of proof in this case may well preclude applying joint liability in any event. In *In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*, 379 F. Supp. 2d 348, 377-78 (S.D.N.Y. 2005), for example, this Court adopted the "commingled product theory" to address proof difficulties presented by the way in which Defendants' MTBE gasoline products were transported, stored, and distributed.

The "commingled product" theory eases the Plaintiff's burden of establishing causation, but at a price. Any liability established by application of the commingled product theory must be several, and not joint. As Judge Scheindlin explained: "Under such a [commingled product] theory, defendants would be severally liable because joint and several liability is unjust where 'there [are] so large a number of actors, each of whom contribute[d] a relatively small and

10

insignificant part of the total harm, that the application of the rule [of joint and several liability] may cause disproportionate hardship to defendants." 379 F. Supp. 2d at 378 (citations omitted).

Here, any attempt by Non-Settling Defendants to force a "*Griffin* Release" requirement on the Settling Defendants would result in the very injustice that the Court sought to prevent when it adopted the commingled product theory.

### III. CONCLUSION

The Settling Defendants have "bought their peace" by settling with the Commonwealth after extended arms-length negotiations. The Settlement Agreement in no way prejudices any Non-Settling Defendants (including Getty). All Non-Settling Defendants except Getty have already stipulated to dismissal of the Settling Defendants. Accordingly, the Court should allow this Joint Motion and dismiss all claims against the Settling Defendants with prejudice. A Proposed Order is being filed simultaneously with this Joint Motion.

Date:  August 14, 2023

| Plaintiff,<br>Commonwealth of Pennsylvania,<br>By its attorneys,<br><br><br>/s/ *Michael Axline*<br>MILLER & AXLINE, P.C.<br><br>By: Michael Axline<br>Special Counsel to the<br>Commonwealth of Pennsylvania<br>1050 Fulton Avenue, Suite 100<br>Sacramento, California 95825-4225<br>(916) 488-6688<br>Email: maxline@milleraxline.com<br><br>BERGER MONTAGUE PC<br><br>By: /s/ Tyler E. Wren | Defendants,<br>LUKOIL Americas Corporation; LUKOIL North America LLC; LUKOIL Pan Americas LLC; and PJSC LUKOIL<br>By their attorneys,<br><br>/s/ *Joseph L. Sorkin*<br><br>By: Joseph L. Sorkin<br>Akin<br>One Bryant Park<br>New York, NY 10036-6745<br>(212) 872-7464<br>Email: jsorkin@akingump.com |
|---|---|

11

Daniel Berger, Esquire
Tyler E. Wren, Esquire
Yechiel M. Twersky, Esquire

Special Counsel to the
Commonwealth of Pennsylvania
1818 Market Street
Suite 3600
Philadelphia, Pennsylvania 19103
(215) 875-3000
Email: twren@bm.net
 danberger@bm.net

COHEN, PLACITELLA & ROTH, P.C.

By: /s/ Stewart L. Cohen
Stewart L. Cohen, Esquire
Robert L. Pratter, Esquire
Michael Coren, Esquire
Eric S. Pasternack, Esquire

Special Counsel to the
Commonwealth of Pennsylvania
Two Commerce Square
Suite 2900, 2001 Market St.
Philadelphia, Pennsylvania 19103
(215) 567-3500
Email: scohen@cprlaw.com