```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------- X
                                  :
IN RE: Methyl Tertiary Butyl      :
Ether ("MTBE") Products Liability :    Master File
Litigation                        :       No:
                                  :    1:00-1898
This Document Relates To:         :
Commonwealth of Pennsylvania v.   :    14cv6228 (DLC)
Exxon Mobil Corporation, et al.,  :
Case No. 1:14-cv-6228             :    OPINION AND
                                  :       ORDER
                                  :
--------------------------------- X
```

APPEARANCES:

For plaintiff Commonwealth of Pennsylvania:
James A. Donahue, III
Neil F. Mara
Pennsylvania Office of the Attorney General
Strawberry Square, 14th Floor
Harrisburg, PA 17120

Michael Axline
Tracey L. O'Reilly
Molly McGinley Han
Miller & Axline, P.C.
1050 Fulton Avenue, Suite 100
Sacramento, CA 95825

Stewart L. Cohen
Robert L. Pratter
Michael Coren
Eric S. Pasternack
Cohen, Placitella & Roth, P.C.
2001 Market Street, Suite 2900
Philadelphia, PA 19103

Yechiel Michael Twersky
Daniel Berger
Tyler E. Wren
Berger Montague PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103

For defendants Shell Oil Company, et al., and on behalf of
joining defendants[1]:
Peter C. Condron
Harmon L. Cooper
Ruben F. Reyna
Crowell & Moring LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004


DENISE COTE, District Judge:

The plaintiff Commonwealth of Pennsylvania ("Commonwealth")

moved on May 14, 2025 for reconsideration of the Opinion of

April 30.  In re: Methyl Tertiary Butyl Ether ("MTBE") Prods.

Liab. Litig., No. 14cv6228, 2025 WL 1270541 (S.D.N.Y. Apr. 30,

2025) ("April 30 Opinion").  In the alternative, the

Commonwealth moved for certification of the April 30 Opinion for

interlocutory appeal.  The April 30 Opinion granted the

defendants partial summary judgment on the Commonwealth's

request for the future costs of investigation of MTBE

contamination at certain Focus Sites.  The April 30 Opinion is

incorporated by reference, and familiarity with it is

assumed.  For the following reasons, the motion is denied.

---

[1] A list of joining defendants is attached to the defendants'
opposition to this motion, docketed at ECF No. 1100, Case No.
1:14-cv-6228.

## Discussion

The Commonwealth moves for reconsideration of the April 30 Opinion, and, in the alternative, to certify it for interlocutory appeal pursuant to 20 U.S.C. § 1292(b).  For the following reasons, the motion is denied in both respects.

I.  Motion for Reconsideration

The standard for granting a motion for reconsideration is "strict."  Cho v. Blackberry Ltd., 991 F.3d 155, 170 (2d Cir. 2021) (citation omitted).  A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple."  Analytical Survs., Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted).  "A party may . . . obtain relief only when the party identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  Cho, 991 F.3d at 170 (citation omitted).  "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  Id.  (citation omitted).

3

The Commonwealth grounds its motion in arguments that it raised prior to the April 30 Opinion but contends that reconsideration is necessary to address clear error.  Because the Commonwealth identifies no clear error, its motion is denied.

First, the Commonwealth suggests that the value of "plume delineation," or investigating the location or extent of underground contamination, was ignored or undervalued by the April 30 Opinion.  But the usefulness of delineation or investigation has little to do with whether the law requires the defendants to pay for it.  Avoiding summary judgment requires showing that a jury can find by a preponderance of the evidence that the plaintiff has suffered or will suffer nonspeculative damages caused by the defendants' conduct.  See Vinculum, Inc. v. Goli Techs., LLC, 310 A.3d 231, 254 (Pa. 2024).

The Commonwealth argues that the "fact of damages" is uncontested, because MTBE has been found at every Focus Site.  That may be true with respect to some of the categories of damages at issue in this case, but it is not true with respect to investigative costs.  Just because a plaintiff has suffered an injury does not mean it is entitled to any costs it says would be useful.  The Commonwealth here sought costs of investigating contamination to identify whether additional

4

restoration or remediation work may be needed.  But with respect
to the Focus Sites at issue, it could not show it was more
likely than not it would find any contamination requiring such
work at all.

Any disputed fact regarding whether proper delineation has
already occurred is not material.  Even assuming the plaintiff
is correct it has not, the Commonwealth cannot meet its burden
at trial to prove it will incur future costs to redress harm
caused by the defendants.  See Tarpon Bay Partners v. Zerez
Holdings Corp., 79 F.4th 206, 220 (2d Cir. 2023) ("A material
fact is one that would affect the outcome of the suit under the
governing law." (citation omitted)).  The plaintiff's brief
highlights one line from a lengthy paragraph detailing the
Commonwealth's lack of evidence, which mentioned that the
Pennsylvania Department of Environmental Protection ("DEP") did
not recommend further cleanup work at almost all (but not all)
of the Focus Sites at issue.  April 30 Opinion, 2025 WL 1270541,
at *3.  Far from identifying an oversight, this argument ignores
the remainder of the paragraph, which explains that the
plaintiff's own expert could not say that any further

restoration was needed at <u>any</u> of the Sites at issue -- a reading of the record the Commonwealth does not dispute.[2]

Next, the Commonwealth's motion incorrectly suggests the April 30 Opinion overlooked various cases -- none of which apply Pennsylvania common law to analogous facts -- supporting its position. <u>See</u> <u>April 30 Opinion</u>, 2025 WL 1270541, at *4. For one representative example, in <u>Kowall v. U.S. Steel Corp.</u>, 325 A.3d 802 (Pa. Super. Ct. 2024), the Pennsylvania Superior Court ruled that the Hazardous Sites Cleanup Act (HSCA) allowed an award of future investigative costs related to chemical contamination. <u>Id.</u> at 814. That decision was based on a careful analysis of the HSCA's text, which provides for strict liability for "costs of response" including for assessing damage to public health and the environment. <u>Id.</u> at 809, 814 (citing 35 Pa. Cons. Stat. §§ 6020.103, 6020.702(a)). But the HSCA does not apply here. <u>See</u> 35 Pa. Cons. Stat. § 6020.103 (excluding petroleum products and natural gas from the definition of

---

[2] The Commonwealth also asserts that the April 30 Opinion did not reconcile its ruling with the Opinion of May 6, 2024, which held that a Pennsylvania statue did not provide the defendants with immunity for certain Focus Sites. <u>In re: MTBE Prods. Liab. Litig.</u>, No. 14cv6228, 2024 WL 1994205, at *15 (S.D.N.Y. May 6, 2024). But a lack of immunity does not carry the plaintiff's affirmative burden of proof, as the April 30 Opinion explained. 2025 WL 1270541, at *4.

"hazardous substance"). <u>Kowall</u>'s reading of specific statutory text is inapplicable to the cause of action at issue here.

The Commonwealth's analogy to medical monitoring claims fares no better. Pennsylvania courts have held that costs of "medical monitoring may be compensable if the facts show that a claimant has been exposed to hazardous substances at a level sufficient to create a risk of future harm that can only be remedied by continued testing." <u>Mercer v. Active Radiator MPN, Inc.</u>, 317 A.3d 681, 705 (Pa. Commw. Ct. 2024). In other words, the medical monitoring cases have nothing to do with investigating the extent of a <u>past</u> injury, much less apply, as the plaintiff suggests, merely because an injury is internal and literally hidden from view. Here, the Commonwealth has identified no risk of future harm. Indeed, the use of MTBE in gasoline ended years before the inception of this case, which itself was more than a decade ago. Any contamination requiring cleanup exists now and has for a long time -- the plaintiff just does not have evidence of it, at least not that could establish its entitlement to investigate costs at identified Sites. Even shorn of its fact-specific context,[3] the medical monitoring

---

[3] <u>See, e.g.</u>, <u>Simmons v. Pacor, Inc.</u>, 674 A.2d 232, 239-40 (Pa. 1996) (allowing medical monitoring costs in cases involving diagnoses of "asymptomatic pleural thickening caused by occupational exposure to asbestos" while noting that awarding damages for increased risk is otherwise "contrary to the

caselaw cannot justify an award of costs for investigation of long-past releases.

Finally, the plaintiff's attempt to distinguish a prior Opinion in another case within this MDL, which denied costs for future investigative costs, is repeated from its earlier briefing and again falls flat.  In re: MTBE Prods. Liab. Litig., No. 08cv312, 2014 WL 630636, at *3 (S.D.N.Y. Feb. 18, 2014) ("Ridgewood").  That the briefing in Ridgewood did not discuss "the independent value of plume delineation" is unimportant given the decision's explicit holding on investigative costs "where there is no evidence that restorative measures are necessary or will even be implemented."  Id. at *3.  More importantly, while Ridgewood is persuasive, the April 30 Opinion relied on plentiful Pennsylvania caselaw that "does not permit a damages award to be based on mere guesswork or speculation." Vinculum, Inc., 310 A.3d at 254 (citation omitted).

II.  Motion for Interlocutory Appeal

The Commonwealth moves in the alternative for certification of the April 30 Opinion for interlocutory appeal under 28 U.S.C.

_____

established jurisprudence of this Commonwealth.").  The plaintiff rightly does not contend it could prove the elements of a medical monitoring claim at trial.  See Pohl v. NGK Metals Corp., 936 A.2d 43, 49-50 (Pa. Super. Ct. 2007) (listing, among other elements not applicable here, proof that the "plaintiff has a significantly increased risk of contracting a serious latent disease").

§ 1292(b), which the defendants oppose.  That motion is also
denied.

Section 1292 is "a rare exception to the final judgment
rule that generally prohibits piecemeal appeals."  Koehler v.
Bank of Bermuda Ltd., 101 F.3d 863, 865 (2d Cir. 1996).  Section
1292(b) provides that

> When a district judge, in making in a civil action an
> order not otherwise appealable under this section,
> shall be of the opinion that such order involves a
> controlling question of law as to which there is
> substantial ground for difference of opinion and that
> an immediate appeal from the order may materially
> advance the ultimate termination of the litigation, he
> shall so state in writing in such order.  The Court of
> Appeals which would have jurisdiction of an appeal of
> such action may thereupon, in its discretion, permit
> an appeal to be taken from such order, if application
> is made to it within ten days after the entry of the
> order.

28 U.S.C. § 1292(b) (emphasis added).  Section 1292(b)
certification is "strictly limited because only exceptional
circumstances will justify a departure from the basic policy of
postponing appellate review until after the entry of a final
judgment."  Flor v. BOT Fin. Corp., 79 F.3d 281, 284 (2d Cir.
1996) (citation omitted).  The proponent of an interlocutory
appeal bears the burden of showing that all three of the
substantive criteria are met.  See Casey v. Long Island R.R.
Co., 406 F.3d 142, 146 (2d Cir. 2005).  For instance, the "use
of § 1292(b) is reserved for those cases where an intermediate

appeal may avoid protracted litigation." <u>Koehler</u>, 101 F.3d at 865-66.

The Commonwealth's motion to certify an interlocutory appeal is denied, as it has not demonstrated that the § 1292(b) factors are satisfied. It has not shown, among other things, that an interlocutory appeal is likely to "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

The present motion concerns one among many categories of costs that the plaintiff seeks to recover in this eleven-year-old case. The April 30 Opinion ruled on one of ten motions for partial summary judgment that the parties have filed. The Commonwealth does not argue that the disputed issues addressed by the April 30 Opinion bear on all or even some of those other motions. Besides stating that its motion satisfies this requirement in a conclusory manner, the Commonwealth offers no compelling reason why an interlocutory appeal, as opposed to an appeal after final judgment, would advance this case's resolution in any meaningful way.

## Conclusion

The Commonwealth's May 14, 2025 motion for reconsideration

and, in the alternative, for certification of an interlocutory

appeal is denied.

Dated:    New York, New York
          June 13, 2025

                                        _____
                                        DENISE COTE
                                        United States District Judge