```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------- X
                                    :
                                    :
IN RE: Methyl Tertiary Butyl        :    Master File
Ether ("MTBE") Products Liability   :       No:
Litigation                          :    1:00-1898
                                    :
This Document Relates To:           :    14cv6228 (DLC)
Commonwealth of Pennsylvania v.     :
Exxon Mobil Corporation, et al.,    :    OPINION AND
Case No. 1:14-cv-6228               :       ORDER
                                    :
                                    :
----------------------------------- X
```

APPEARANCES:

For plaintiff Commonwealth of Pennsylvania:
James A. Donahue, III
Neil F. Mara
Pennsylvania Office of the Attorney General
Strawberry Square, 14th Floor
Harrisburg, PA 17120

Yechiel Michael Twersky
Daniel Berger
Tyler E. Wren
Berger & Montague, PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103

Eric S. Pasternack
Stewart L. Cohen
Robert L. Pratter
Michael Coren
Cohen, Placitella & Roth
2001 Market Street, Suite 2900
Philadelphia, PA 19103

Michael Axline
Tracey L. O'Reilly
Molly McGinley Han
Miller & Axline, P.C.
1050 Fulton Avenue, Suite 100
Sacramento, CA 95825

For defendants Exxon Mobil Corp., et al., and on behalf of moving defendants:
James A. Pardo
Lisa A. Gerson
Krista A. Reed
McDermott, Will & Emery LLP
One Vanderbilt Avenue
New York, NY 10017

DENISE COTE, District Judge:

This case is part of a consolidated multi-district litigation ("MDL") relating to the contamination of groundwater caused by releases of gasoline containing methyl tertiary butyl ether ("MTBE"). In this action, the Commonwealth of Pennsylvania ("Commonwealth") alleges that the defendants, which include dozens of gasoline manufacturers, distributors, and sellers, are liable for actual or threatened MTBE contamination in Pennsylvania's drinking water. Certain of the defendants in this MDL have moved for partial summary judgment regarding the Commonwealth's request for the future costs of testing and treatment at potable water wells near 55 release sites.[1] For the following reasons, the motion is granted.

---

[1] A list of moving defendants can be found in the attachment to the defendants' notice of this motion, docketed at ECF No. 995, Case No. 1:14-cv-6228. The footnotes of that notice include a list of the Focus Sites at issue in the motion.

2

**Background**

The following facts are taken from the documents submitted in connection with this motion. They are taken in the light most favorable to the plaintiff, as the non-moving party, unless otherwise noted.

MTBE was blended into gasoline from the 1980s to 2000s, at least in part to increase gasoline's octane level, which is meant to reduce tailpipe emissions of carbon monoxide. Gasoline containing MBTE was widely distributed in Pennsylvania for use in motor vehicles. MTBE can and did enter the environment through spills, leaks, and other releases of gasoline from various storage and delivery systems, such as underground storage tanks at gas stations. Compared to other ingredients of gasoline, MTBE does not easily adhere to soil particles and is highly soluble in water. Once in water, MTBE dissolves easily and moves through the ground quickly. As a result, it penetrates deeply into underground aquifers; this contamination can spread underground over great distances. Once contamination occurs, MTBE is difficult to remove and can make drinking water unfit for consumption, due to its foul taste and odor and potential adverse health effects.

A. This Lawsuit

The Commonwealth initiated this case in Pennsylvania state court on June 19, 2014. It was removed to the United States District Court for the Eastern District of Pennsylvania on July 17. On July 30, the United States Judicial Panel on Multidistrict Litigation ("Panel") transferred the case to this District for pretrial proceedings pursuant to 28 U.S.C. § 1407. On November 6, 2015, the Commonwealth filed its second amended complaint ("SAC"). The Commonwealth's remaining claim is for negligence. Among other damages, the Commonwealth seeks to recover future costs for the testing and treatment of drinking water wells near the site of MTBE releases.

Pursuant to a protocol overseen by the MDL Court, the parties identified 75 Focus Sites for discovery and the first trial in the litigation out of over 5,000 contaminated sites. Seventy-one Focus Sites remain at issue. Fifty-five of those Sites are the subject of this motion. With respect to 36 of those Sites, the plaintiff's expert, Anthony Brown, has concluded that MTBE contamination does not threaten nearby drinking water wells or has reached no opinion on whether it does. Consequently, the Commonwealth does not challenge the defendants' motion with respect to those Sites.

4

Nineteen Sites remain at issue. For those Sites, Brown has concluded that additional data should be gathered to evaluate the risk of drinking water well contamination at those Sites. That opinion is based data regarding the MTBE contamination that resulted from storage system releases, as well as the proximity of drinking water wells to the location of the releases. Brown identified a well as proximate to a Focus Site if it was within a mile of the Site. With respect to the question whether "releases of contamination pose a threat to water wells proximate" to those 19 Sites, Brown opined that it was "possible" they did so or that the answer was "unknown." He explained that his use of the word "possible" referred to his inability to "say it is more than 50% likely to occur" due to the lack of data available to reach a clearer conclusion. "Unknown" meant that while it was possible there was a need for testing and treatment of the wells, there was insufficient data to reach a conclusion. Brown has offered no opinion on the costs of treating well contamination at those Sites if it were found with future testing.

B. Recent Proceedings and This Motion

Fact and expert discovery with respect to the Focus Sites was completed in late 2022. On February 26, the Panel reassigned the MDL to this Court. An Order of March 6 set a

briefing schedule for this motion and other motions for summary judgment. On March 21, 2025, the moving defendants filed for partial summary judgment as to damages for drinking water well testing and treatment costs. Four other motions for partial summary judgment were filed the same day. This motion was fully submitted on April 25.

## Discussion

The defendants move for summary judgment regarding any claim for future well testing and treatment costs at 55 Focus Sites. They contend that the Commonwealth cannot meet its burden to prove an injury with respect to drinking water well contamination near certain Focus Sites and that any claim for costs to conduct testing and treatment of those wells is speculative. Because Pennsylvania has not shown that it is entitled to recover damages to address possible nearby well contamination, the motion is granted.

The Commonwealth opposes the defendants' motion first by addressing its procedural propriety and then by addressing its substance. The following discussion takes those issues in turn.

I. Procedural Propriety of the Defendants' Motion

Before addressing the substance of the defendants' motion, the Commonwealth argues that it is procedurally improper because it addresses only one remedy or set of remedies with respect to

a subset of Focus Sites, rather than an entire claim or defense, and thus cannot result in a judgment. It argues that the defendants must wait to bring this motion as a motion in limine on the eve of trial. That argument is rejected.

Fed. R. Civ. P. 56(a) states that "A party may move for summary judgment, identifying each claim or defense -- or the part of each claim or defense -- on which summary judgment is sought." Various Advisory Committee notes make clear that a motion for partial summary judgment need not result in a final judgment. Fed. R. Civ. P. 56(d) advisory committee's note to the 1946 amendments (explaining that partial summary judgment "is not a final judgment" but "merely a pretrial adjudication that certain issues shall be deemed established for the trial of the case"); Fed. R. Civ. P. 56(a) advisory committee's note to the 2010 amendments ("The first sentence is added to make clear at the beginning that summary judgment may be requested not only as to an entire case but also as to a claim, defense, or part of a claim or defense.").

The plaintiff's argument about this motion's procedural propriety or timeliness is without merit. Rule 56 is not limited to summary judgment motions that encompass an entire claim or defense or that result in a final judgment. In fact, Rule 56 explicitly contemplates motions for summary judgment

7

resulting in the Court's mere treatment of a fact as established in the case before trial, without any judgment at all. Fed. R. Civ. P. 56(g). In this very case, the Court has on multiple occasions considered the merits of motions that addressed the scope of remedies and were styled as motions for partial summary judgment. See, e.g., In re: MTBE Prods Liab. Litig., No. 14cv6228, 2024 WL 1994205, at *2 (S.D.N.Y. May 6, 2024).

## II. Well Testing and Treatment Costs

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law." Choi v. Tower Rsch. Cap. LLC, 2 F.4th 10, 16 (2d Cir. 2021) (citation omitted). "[S]ummary judgment must be rejected if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Indem. Ins. Co. v. Unitrans Int'l Corp., 98 F.4th 73, 77 (2d Cir. 2024) (citation omitted). "The court's role with respect to such a motion is not to resolve disputed questions of fact but solely to determine whether, as to any material fact, there is a genuine issue to be tried." Moll v. Telesector Res. Grp., Inc., 94 F.4th 218, 227 (2d Cir. 2024) (citation omitted). "[R]eliance upon conclusory

statements or mere allegations" is insufficient to defeat the motion, however. Id. at 228 (citation omitted). Summary judgment will be granted if "after adequate time for discovery, the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Id. (citation omitted).

Pennsylvania has alleged that the defendants negligently manufactured, distributed, promoted, and sold gas containing MTBE, which was ultimately released into the ground. It seeks damages in relevant part for testing drinking water wells within a mile of certain Focus Sites.

In Pennsylvania, the elements of negligence include duty, breach of that duty, "a causal connection between the conduct and the resulting injury," and "actual loss or damage to the plaintiff." Brewington v. City of Philadelphia, 199 A.3d 348, 355 (Pa. 2018). The plaintiff has a burden to prove these elements by a preponderance of the evidence. Walters v. UPMC Presbyterian Shadyside, 187 A.3d 214, 221 (Pa. 2018). "It is basic to tort law that an injury is an element to be proven." Kazatsky v. King David Mem. Park, Inc., 527 A.2d 988, 995 (Pa. 1987). And "the plaintiff bears the burden of proof to establish all damages." Mader v. Duquesne Light Co., 241 A.3d 600, 617 (Pa. 2020). "[T]he law does not permit a damages award

9

to be based on mere guesswork or speculation." Vinculum, Inc. v. Goli Techs., LLC, 310 A.3d 231, 254 (Pa. 2024) (citation omitted). "[S]peculative damages are not cognizable under Pennsylvania law" if "the uncertainty concerns the fact of damages, rather than the amount." Hickey v. Univ. of Pittsburgh, 81 F.4th 301, 316 (3d Cir. 2023) (emphasis omitted) (citation omitted).

Applying this law, an Opinion of April 30, 2025 granted a motion for partial summary judgment regarding the Commonwealth's attempt to recover costs for investigating Focus Sites where Brown could not say it was more likely than not that any further restoration or remediation work would be necessary. In re: MTBE Prods. Liab. Litig., No. 14cv6228, 2025 WL 1270541, at *3 (S.D.N.Y. Apr 30, 2025).[2] Because the plaintiff did not have evidence that could meet its burden to prove injury that would be redressed by future investigation costs, or any need for restoration work to which future investigation might contribute, it could raise no triable issue of fact bearing on its right to receive those costs. Id.

For essentially the same reason, the defendants have shown that they are entitled to summary judgment on the plaintiff's

---

[2] The Commonwealth's May 14, 2025 motion to reconsider that Opinion was denied by an Opinion of June 13.

10

demand for future testing of nearby wells. The plaintiff's expert has acknowledged he does not know whether there will be any need for treatment of the wells near the 19 Focus Sites, and the Commonwealth does not point to any other evidence it will present at trial to suggest it is entitled to these costs. There is no material disputed question of fact regarding drinking well testing or treatment for a jury to consider.

The Commonwealth emphasizes that Brown's testimony was based on evidence he had at the time he testified and that, with more data, he might be able to opine differently in the future about the wells' status. That may be true, but discovery is over. The question now is whether the parties have gathered evidence in discovery from which a jury might find that the plaintiff has met its burden of proof. The question is not whether the Commonwealth might do so at some point in the future.

The Commonwealth also argues that it is up to a jury to decide the extent of damages and cites caselaw for the rule that "a plaintiff in a personal injury action may introduce expert testimony to support a claim that he may suffer certain future harm as a result of a past injury." Martin v. Johns-Manville Corp., 494 A.2d 1088, 1093 (Pa. 1985) (plurality opinion). That law does not help the plaintiff. Not only is it not certain

11

that the Commonwealth will incur future damages as to the potable wells, but its expert cannot even say it is more likely than not that it will. "An item of damage claimed by a plaintiff can properly be submitted to the jury only where the burden of establishing damages by proper testimony has been met. The amount and items of pecuniary damage cannot be presumed but must be proved by the establishment of facts." <u>Cohen v. Albert Einstein Med. Ctr.</u>, 592 A.2d 720, 729 (Pa. Super. Ct. 1991) (citation omitted). Even if a lower bar of certainty is applied to the extent of future damages, as the plaintiff suggests, it has not shown that it can meet its burden to prove <u>any</u> damages are owed to address contamination in the adjacent wells.

## Conclusion

The moving defendants' March 21, 2025 motion for partial summary judgment as the Commonwealth's claim for future well testing and treatment costs is granted.

Dated:   New York, New York
         June 13, 2025

_____
DENISE COTE
United States District Judge