UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION, et al.<br><br>*Plaintiffs,*<br><br>v.<br><br>AMERADA HESS CORPORATION, et al.,<br><br>*Defendants.* | Master File No. 1:00-1898 (DLC)<br>MDL 1358<br><br>Civil Action No. 1:08-cv-00312-DLC |

**WHEREAS**, on September 19, 2025 the Court ordered the parties to provide detailed proposals for the conduct of fact and expert discovery, and summary judgment practice in the second phase of this litigation ("Phase 2"); and

**WHEREAS**, the Court has considered the parties' proposal for Phase 2;

**NOW THEREFORE IT IS ORDERED AS FOLLOWS:**

I. **PRODUCTION OF INITIAL PHASE 2 SITE LIST**

   A. By November 7 2025, NJDEP will issue a letter to the Licensed Site Remediation Professional ("LSRP") requesting data and documents for all sites as set forth below. The Plaintiff shall provide Defendant with complete copies of all documents received from LSRPs promptly after receipt by Plaintiff.

   B. The parties shall exchange as soon as practicable, but no later than, January 30, 2026, all Site Files in their possession, custody or control for all sites currently in controversy. This production should be done on a rolling basis.

   C. For the sites that were never managed by an LSRP, the parties shall exchange their current site files for each site. Site file productions should occur on a rolling basis, and all site files shall be produced by January 30, 2026.

   D. For the sites where an LSRP has produced a final remediation document (e.g., Response Action Outcome ("RAO")), the parties shall exchange their current site files for each site. Site file productions should occur on a rolling basis, and all site files shall be produced by January 30, 2026. Additionally, the Plaintiff may request from the LSRP:

    1.    Data and information related to wells at or adjacent to the site;

    2.    Data and information indicating hydrogeologic conditions at the site;

    3.    Data and information indicating the concentrations and extent of MTBE contamination at and adjacent to the site;

    4.    Data and information related to performance monitoring at the site;

    5.    Data and information regarding all investigation and remediation activities that have occurred at the site since January 1, 2010;

    6.    Data and information regarding all future investigation and remediation currently planned at the site or off-site;

    7.    Data and information related to permits at the site.

E.    For the sites where an LSRP has never produced a final remediation document (e.g., Response Action Outcome ("RAO")), the parties shall exchange their current site files for each site. Site file productions should occur on a rolling basis, and all site files shall be produced by January 30, 2026. Additionally, the Plaintiff may request from the LSRP:

    1.    Data and information related to wells at or adjacent to the site;

    2.    Data and information indicating hydrogeologic conditions at the site;

    3.    Data and information indicating the concentrations and extent of MTBE contamination at and adjacent to the site;

    4.    Data and information related to performance monitoring at the site;

    5.    Data and information regarding all investigation and remediation activities that have occurred at the site since January 1, 2010;

    6.    Data and information regarding all future investigation and remediation currently planned at the site or off-site;

    7.    Data and information related to permits at the site.

F.    Plaintiff shall serve an "Initial Phase 2 Site List" by April 3, 2026, listing the sites for which Plaintiff intends to pursue claims for natural resource damages. The Initial Phase 2 Site List shall contain the following information for each site:

    1.    Name, Facility ID Number and/or the Program Interest ID (PI ID) site address, municipality and county for each site;

  2. To the extent reasonably available, the regulatory status of the sites (i.e., No Further Action Letter, Remedial Action Outcome, Classification Exception Area status, etc.);

  3. Date and concentration of the most recent maximum detection of MTBE in groundwater. Plaintiffs may supplement these data if new relevant data is obtained during discovery.

G. Following receipt of the Initial Phase 2 Site List, the parties shall confer regarding any sites that should be removed from the list considering the Court's prior rulings and any other basis on which the parties agree. Should disputes exist as to the removal of sites, the parties may submit such disputes to the Court by letter at any time.

H. The resulting site list following steps I.F and I.G, above, shall be the Phase 2 Site List. Thereafter, sites may be removed, but not added, to the Phase 2 Site List.

## II. SITE-SPECIFIC FACT DISCOVERY

A. At any time after March 6, 2026, the Parties may submit Interrogatories and Requests for Production of Documents relating to the Phase 2 Site List. The parties shall meet and confer as to the number of Interrogatories and Requests for Production of Documents.

B. The parties shall be permitted to serve site-specific requests for admissions and contention interrogatories no earlier than October 21, 2026. The parties shall meet and confer as to the number of requests for admissions and contention interrogatories.

C. Fact discovery shall close on November 20, 2026.

## III. SITE-SPECIFIC EXPERT DISCOVERY

A. On or before January 20, 2027, Plaintiffs shall serve site-specific expert reports for each of the sites on the Phase 2 Site List for which it will continue to pursue claims.

B. On or before March 26 [handwritten, replacing 27], 2027, Defendants shall serve site-specific expert reports following receipt of Plaintiff's site-specific expert reports. *dlc*

C. No rebuttal expert reports shall be permitted without leave of Court.

D. All expert reliance materials must be served within 10 days of service of the expert's report.

E. All expert discovery shall be completed by May 21 [handwritten, replacing 22], 2027. *dlc*

## IV. SUMMARY JUDGMENT AND OTHER SUBSTANTIVE MOTIONS

3

A. Following completion of fact ~~and expert~~ or discovery, the parties shall ~~promptly~~. *dlc*
   confer regarding any additional sites Plaintiff does not intend to bring to trial
   and/or that Defendants believe should be dismissed on summary judgment
   ("Summary Judgment Conferral").

B. At a date to be determined, but promptly after completion of the Summary *dlc*
   Judgment Conferral, the sites described in step IV.A and a proposed schedule for
   summary judgment motions on any remaining sites and/or claims shall be
   presented to the Court. *Any summary judgment motions are due 6/25/27.*

C. The schedule for summary judgment motions described in step IV.B. does not
   preclude any party from making partial motions for summary judgment earlier in
   the discovery process and/or from making other substantive motions, as
   appropriate. The parties shall meet and confer prior to the filing of any summary
   judgment motion.

D. Within 30 days following summary judgment decisions, the parties shall confer
   regarding whether sites remain for remand and, if so, identification of sites that
   will be remanded for trial. Notwithstanding any other provision of this Order, the
   parties reserve the right to move for remand at any time.

V. **MISCELLANEOUS**

A. The Parties reserve the right to request the Court for additional Focus Sites, if
   such approach would be instructive on substantive issues and/or increase the
   efficiency of discovery.

B. In the event that any of the dates outlined in this Order need to be modified, the
   Parties shall meet and confer and jointly, or separately seek Court approval.

C. *The parties shall meet with their mediator no less than every six months and advise the Court that they have done so.*

SO ORDERED.

*Denise Cote*
Denise L. Cote, U.S.D.J.

New York, New York
*October 10*, 2025

231141957 v1

4