USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___5/19/2026___

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X

ALYSSA CRUZ,

                        Plaintiff,

           -against-

HSBC BANK USA, N.A.,

                    Defendant.

------------------------------------------------------------------X

                             **26-CV-1582 (GHW) (KHP)**

                             **SCHEDULING ORDER**

**KATHARINE H. PARKER, United States Magistrate Judge:**

On May 19, 2026, the parties appeared for an Initial Case Management Conference. After review of the pleadings and consultation with the parties, the following Scheduling Order is entered pursuant to Rule 16 of the Federal Rules of Civil Procedure:

**Pleadings, Parties, and Motions.**  The Defendant shall have until **June 9, 2026**, to file its Motion to Dismiss; Plaintiff's Opposition or Amended Complaint shall be due by **July 9, 2026**; and if Plaintiff files an Opposition, Defendant shall file its Reply by **July 23, 2026**.  Plaintiff's Motion for Class Certification under Rule 23 is due by **October 15, 2026**; Defendant's Opposition is due by **November 12, 2026**; and any Reply is due by **November 25, 2026**.

**Discovery.**  The deadline to complete all discovery is **February 26, 2027**.  Parties are limited to **five depositions each,** and document requests are limited to **25 requests for each Party**.  Parties shall submit a joint status update by **June 18, 2026**.

**Discovery Disputes.**  The parties shall follow the Court's Individual Procedures with respect to any discovery disputes. *See* https://nysd.uscourts.gov/hon-katharine-h-parker.

**Rule 1 and Rule 26(b)(1).**  Counsel shall comply with Rule 1 and Rule 26(b)(1) in the conduct of discovery.

**Document Requests.**  Counsel shall be fully familiar with their obligations under Rules 34 and 26(g) and consider and discuss ways to ensure compliance and minimize disputes regarding overbreadth and specificity of requests and responses.  A failure to comply with this responsibility carries serious consequences.  Requests for any and all documents on a broad topic are presumptively improper.  Likewise, courts have held that an objection that does not appropriately explain its grounds is forfeited.  *See, e.g.*, *Wesley Corp. v. Zoom T.V. Prods., LLC*, No. 17-100212018, 2018 WL 372700, at *4 (E.D. Mich. Jan. 11, 2018); *Fischer v. Forrest*, No. 14 Civ. 01304 (PAE) (AJP), 2017 WL 773694 (S.D.N.Y. Feb. 28, 2017) ("[A]ny discovery response that does not comply with Rule 34's requirement to state objections with specificity (and to clearly indicate whether responsive material is being withheld on the basis of objection) will be deemed a waiver of all objections (except as to privilege).").

**Consent.**  The parties are reminded that they have the option to consent to conduct all proceedings, including a trial, before the undersigned pursuant to 28 U.S.C. § 636(c).  If all parties consent, they shall complete and file the Consent form available on the Court's website at http://nysd.uscourts.gov/file/forms/consent-to-proceed-before-us-magistrate-judge.  This Order is not meant to interfere in any way with the parties' absolute right to have dispositive motions and/or a trial before a United States District Judge, but is merely an attempt at preserving scarce judicial resources and reminding the parties of their option pursuant to 28 U.S.C. § 636(c).

**SO ORDERED.**

DATED:     New York, New York
            May 19, 2026

_____
KATHARINE H. PARKER
United States Magistrate Judge